# Exhibit P-2

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 210:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 1243 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 210:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 211:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1243

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 211:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 212:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 1977 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 213:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1977

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 214:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 1993 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 215:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1993

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 216:**

6       Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 1 to Carter Bryant's

8  deposition.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 216:**

10       In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including without limitation with respect to term

15  "INCORPORATED;" Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 217:**

20       Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 1 to Carter

22  Bryant's deposition.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

24       In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including without limitation with respect to term

1  "INCORPORATED;" Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **<u>REQUEST FOR ADMISSION NO. 218</u>:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 2 to Carter Bryant's

8  deposition.

9  **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 218</u>:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including without limitation with respect to term

15  "INCORPORATED;" Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **<u>REQUEST FOR ADMISSION NO. 219</u>:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 2 to Carter

22  Bryant's deposition.

23  **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 219</u>:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including without limitation with respect to term

1    "INCORPORATED;" Mattel may not have sufficient information in order to frame

2    a complete response, including because defendants have not provided necessary

3    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4    the subject of this Request may be the subject of expert opinion or testimony.

5    **<u>REQUEST FOR ADMISSION NO. 220</u>:**

6              Admit that CARTER BRYANT created the DESIGN

7    INCORPORATED in the document produced as Exhibit 3 to Carter Bryant's

8    deposition.

9    **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 220</u>:**

10             In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including without limitation with respect to term

15   "INCORPORATED;" Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **<u>REQUEST FOR ADMISSION NO. 221</u>:**

20             Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 3 to Carter

22   Bryant's deposition.

23   **<u>RESPONSE TO REQUEST FOR ADMISSION NO. 221</u>:**

24             In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including without limitation with respect to term

07209/2369755.1

-58-

1  "INCORPORATED;" Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.
5  **REQUEST FOR ADMISSION NO. 222:**
6         Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document bearing the Bates no. BRYANT 278 prior to
8  January 3, 1999 but after April 1998.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 222:**
10        In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.
19  **REQUEST FOR ADMISSION NO. 223:**
20        Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 278
22  after January 3, 1999.
23  **RESPONSE TO REQUEST FOR ADMISSION NO. 223:**
24        In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 224:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 704 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 224:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 225:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 704 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 225:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the Rules and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 226:**

6       Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document produced as Exhibit 706 to Janet Bryant's
8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 226:**

10      In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the Rules and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 227:**

20      Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document produced as Exhibit 706 to Janet
22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 227:**

24      In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 228:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 707 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 228:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 229:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 707 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 229:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 230:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 708 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 230:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 231:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 708 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 231:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1 "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 a complete response, including because defendants have not provided necessary

3 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4 the subject of this Request may be the subject of expert opinion or testimony.

5 **REQUEST FOR ADMISSION NO. 232:**

6       Admit that CARTER BRYANT created the DESIGN

7 INCORPORATED in the document produced as Exhibit 709 to Janet Bryant's

8 Deposition prior to January 3, 1999 but after April 1998.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 232:**

10      In addition to the foregoing general objections, which are incorporated

11 herein by reference, Mattel specifically objects to this Request on the grounds that

12 Carter Bryant did not properly serve this or any other Request for Admission under

13 the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

14 it is vague and ambiguous, including but not limited to with respect to the term

15 "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 a complete response, including because defendants have not provided necessary

17 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18 the subject of this Request may be the subject of expert opinion or testimony.

19 **REQUEST FOR ADMISSION NO. 233:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21 DESIGN INCORPORATED in the document produced as Exhibit 709 to Janet

22 Bryant's deposition after January 3, 1999.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 233:**

24      In addition to the foregoing general objections, which are incorporated

25 herein by reference, Mattel specifically objects to this Request on the grounds that

26 Carter Bryant did not properly serve this or any other Request for Admission under

27 the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

28 it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the Rules and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.
5  **REQUEST FOR ADMISSION NO. 234:**
6          Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document produced as Exhibit 710 to Janet Bryant's
8  Deposition prior to January 3, 1999 but after April 1998.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 234:**
10         In addition to the foregoing general objections, which are incorporated
11 herein by reference, Mattel specifically objects to this Request on the grounds that
12 Carter Bryant did not properly serve this or any other Request for Admission under
13 the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;
14 it is vague and ambiguous, including but not limited to with respect to the term
15 "INCORPORATED"; Mattel may not have sufficient information in order to frame
16 a complete response, including because defendants have not provided necessary
17 discovery and have concealed facts, in violation of the Rules and Court Orders; and
18 the subject of this Request may be the subject of expert opinion or testimony.
19 **REQUEST FOR ADMISSION NO. 235:**
20         Admit that YOU do not contend that CARTER BRYANT created the
21 DESIGN INCORPORATED in the document produced as Exhibit 710 to Janet
22 Bryant's deposition after January 3, 1999.
23 **RESPONSE TO REQUEST FOR ADMISSION NO. 235:**
24         In addition to the foregoing general objections, which are incorporated
25 herein by reference, Mattel specifically objects to this Request on the grounds that
26 Carter Bryant did not properly serve this or any other Request for Admission under
27 the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;
28 it is vague and ambiguous, including but not limited to with respect to the term

1 "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 a complete response, including because defendants have not provided necessary

3 discovery and have concealed facts, in violation of the Rules and Court Orders; and

4 the subject of this Request may be the subject of expert opinion or testimony.

5 **REQUEST FOR ADMISSION NO. 236:**

6      Admit that CARTER BRYANT created the DESIGN

7 INCORPORATED in the document produced as Exhibit 711 to Janet Bryant's

8 Deposition prior to January 3, 1999 but after April 1998.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 236:**

10      In addition to the foregoing general objections, which are incorporated

11 herein by reference, Mattel specifically objects to this Request on the grounds that

12 Carter Bryant did not properly serve this or any other Request for Admission under

13 the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14 it is vague and ambiguous, including but not limited to with respect to the term

15 "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 a complete response, including because defendants have not provided necessary

17 discovery and have concealed facts, in violation of the Rules and Court Orders; and

18 the subject of this Request may be the subject of expert opinion or testimony.

19 **REQUEST FOR ADMISSION NO. 237:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21 DESIGN INCORPORATED in the document produced as Exhibit 711 to Janet

22 Bryant's deposition after January 3, 1999.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 237:**

24      In addition to the foregoing general objections, which are incorporated

25 herein by reference, Mattel specifically objects to this Request on the grounds that

26 Carter Bryant did not properly serve this or any other Request for Admission under

27 the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28 it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 238:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 712 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 238:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 239:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 712 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 239:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 240:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 713 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 240:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 241:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 713 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 241:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1 | "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 | a complete response, including because defendants have not provided necessary

3 | discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4 | the subject of this Request may be the subject of expert opinion or testimony.

5 | **REQUEST FOR ADMISSION NO. 242:**

6 | Admit that CARTER BRYANT created the DESIGN

7 | INCORPORATED in the document produced as Exhibit 733 to Janet Bryant's

8 | Deposition prior to January 3, 1999 but after April 1998.

9 | **RESPONSE TO REQUEST FOR ADMISSION NO. 242:**

10 | In addition to the foregoing general objections, which are incorporated

11 | herein by reference, Mattel specifically objects to this Request on the grounds that

12 | Carter Bryant did not properly serve this or any other Request for Admission under

13 | the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14 | it is vague and ambiguous, including but not limited to with respect to the term

15 | "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 | a complete response, including because defendants have not provided necessary

17 | discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18 | the subject of this Request may be the subject of expert opinion or testimony.

19 | **REQUEST FOR ADMISSION NO. 243:**

20 | Admit that YOU do not contend that CARTER BRYANT created the

21 | DESIGN INCORPORATED in the document produced as Exhibit 733 to Janet

22 | Bryant's deposition after January 3, 1999.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 243:**

24 | In addition to the foregoing general objections, which are incorporated

25 | herein by reference, Mattel specifically objects to this Request on the grounds that

26 | Carter Bryant did not properly serve this or any other Request for Admission under

27 | the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28 | it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 244:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 734 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 244:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 245:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 734 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 245:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1    "INCORPORATED"; Mattel may not have sufficient information in order to frame

2    a complete response, including because defendants have not provided necessary

3    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4    the subject of this Request may be the subject of expert opinion or testimony.

5    **REQUEST FOR ADMISSION NO. 246:**

6        Admit that CARTER BRYANT created the DESIGN

7    INCORPORATED in the document produced as Exhibit 735 to Janet Bryant's

8    Deposition prior to January 3, 1999 but after April 1998.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 246:**

10       In addition to the foregoing general objections, which are incorporated

11    herein by reference, Mattel specifically objects to this Request on the grounds that

12    Carter Bryant did not properly serve this or any other Request for Admission under

13    the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

14    it is vague and ambiguous, including but not limited to with respect to the term

15    "INCORPORATED"; Mattel may not have sufficient information in order to frame

16    a complete response, including because defendants have not provided necessary

17    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18    the subject of this Request may be the subject of expert opinion or testimony.

19    **REQUEST FOR ADMISSION NO. 247:**

20       Admit that YOU do not contend that CARPER BRYANT created the

21    DESIGN INCORPORATED in the document produced as Exhibit 735 to Janet

22    Bryant's deposition after January 3, 1999.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 247:**

24       In addition to the foregoing general objections, which are incorporated

25    herein by reference, Mattel specifically objects to this Request on the grounds that

26    Carter Bryant did not properly serve this or any other Request for Admission under

27    the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

28    it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 248:**

6            Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 736 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 248:**

10            In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 249:**

20            Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 736 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 249:**

24            In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 250:**

6            Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 737 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 250:**

10           In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 251:**

20           Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 737 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 251:**

24           In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 252:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 738 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 252:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 253:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 738 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 253:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 254:**

6  　　　　Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 739 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 254:**

10  　　　　In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 255:**

20  　　　　Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN: INCORPORATED in the document produced as Exhibit 739 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 255:**

24  　　　　In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-75-
RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 256:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 740 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 256:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 257:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 740 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 257:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 258:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 741 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 258:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 259:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 741 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 259:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 260:**

6       Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 743 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 260:**

10       In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 261:**

20       Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 743 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 261:**

24       In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.
5  **REQUEST FOR ADMISSION NO. 262:**
6          Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document produced as Exhibit 747 to Janet Bryant's
8  Deposition prior to January 3, 1999 but after April 1998.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 262:**
10         In addition to the foregoing general objections, which are incorporated
11 herein by reference, Mattel specifically objects to this Request on the grounds that
12 Carter Bryant did not properly serve this or any other Request for Admission under
13 the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14 it is vague and ambiguous, including but not limited to with respect to the term
15 "INCORPORATED"; Mattel may not have sufficient information in order to frame
16 a complete response, including because defendants have not provided necessary
17 discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18 the subject of this Request may be the subject of expert opinion or testimony.
19 **REQUEST FOR ADMISSION NO. 263:**
20         Admit that YOU do not contend that CARTER BRYANT created the
21 DESIGN INCORPORATED in the document produced as Exhibit 747 to Janet
22 Bryant's deposition after January 3, 1999.
23 **RESPONSE TO REQUEST FOR ADMISSION NO. 263:**
24         In addition to the foregoing general objections, which are incorporated
25 herein by reference, Mattel specifically objects to this Request on the grounds that
26 Carter Bryant did not properly serve this or any other Request for Admission under
27 the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28 it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 264:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 748 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 264:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 265:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 748 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 265:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1    "INCORPORATED"; Mattel may not have sufficient information in order to frame

2    a complete response, including because defendants have not provided necessary

3    discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4    the subject of this Request may be the subject of expert opinion or testimony.

5    **REQUEST FOR ADMISSION NO. 266:**

6           Admit that CARTER BRYANT created the DESIGN

7    INCORPORATED in the document produced as Exhibit 749 to Janet Bryant's

8    Deposition prior to January 3, 1999 but after April 1998.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 266:**

10          In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 267:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 749 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 267:**

24          In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-81-

RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 268:**

6          Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document produced as Exhibit 751 to Janet Bryant's
8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 268:**

10          In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 269:**

20          Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document produced as Exhibit 751 to Janet
22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 269:**

24          In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.
5  **REQUEST FOR ADMISSION NO. 270:**
6            Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document produced as Exhibit 752 to Janet Bryant's
8  Deposition prior to January 3, 1999 but after April 1998.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 270:**
10            In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.
19  **REQUEST FOR ADMISSION NO. 271:**
20            Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document produced as Exhibit 752 to Janet
22  Bryant's deposition after January 3, 1999.
23  **RESPONSE TO REQUEST FOR ADMISSION NO. 271:**
24            In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1 | "INCORPORATED"; Mattel may not have sufficient information in order to frame

2 | a complete response, including because defendants have not provided necessary

3 | discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4 | the subject of this Request may be the subject of expert opinion or testimony.

5 | **REQUEST FOR ADMISSION NO. 272:**

6 | Admit that CARTER BRYANT created the DESIGN

7 | INCORPORATED in the document produced as Exhibit 753 to Janet Bryant's

8 | Deposition prior to January 3, 1999 but after April 1998.

9 | **RESPONSE TO REQUEST FOR ADMISSION NO. 272:**

10 | In addition to the foregoing general objections, which are incorporated

11 | herein by reference, Mattel specifically objects to this Request on the grounds that

12 | Carter Bryant did not properly serve this or any other Request for Admission under

13 | the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14 | it is vague and ambiguous, including but not limited to with respect to the term

15 | "INCORPORATED"; Mattel may not have sufficient information in order to frame

16 | a complete response, including because defendants have not provided necessary

17 | discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18 | the subject of this Request may be the subject of expert opinion or testimony.

19 | **REQUEST FOR ADMISSION NO. 273:**

20 | Admit that YOU do not contend that CARTER BRYANT created the

21 | DESIGN INCORPORATED in the document produced as Exhibit 753 to Janet

22 | Bryant's deposition after January 3, 1999.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 273:**

24 | In addition to the foregoing general objections, which are incorporated

25 | herein by reference, Mattel specifically objects to this Request on the grounds that

26 | Carter Bryant did not properly serve this or any other Request for Admission under

27 | the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28 | it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 274:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 754 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 274:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 275:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 754 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 275:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 276:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 755 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 276:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 277:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 755 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 277:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-86-
RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 278:**

6       Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 756 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 278:**

10      In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 279:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 756 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 279:**

24      In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-87-

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 280:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 757 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 280:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 281:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 757 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 281:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 282:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 758 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 282:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 283:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 758 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 283:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 284:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 759 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 284:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 285:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 759 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 285:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 286:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 760 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 286:**

10         In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 287:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 760 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 287:**

24         In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 288:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 763 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 288:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 289:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 763 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 289:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 290:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 764 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 290:**

10          In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 291:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 764 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 291:**

24          In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.
5  **REQUEST FOR ADMISSION NO. 292:**
6       Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document produced as Exhibit 765 to Janet Bryant's
8  Deposition prior to January 3, 1999 but after April 1998.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 292:**
10      In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.
19  **REQUEST FOR ADMISSION NO. 293:**
20      Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document produced as Exhibit 765 to Janet
22  Bryant's deposition after January 3, 1999.
23  **RESPONSE TO REQUEST FOR ADMISSION NO. 293:**
24      In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 294:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 766 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 294:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 295:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 766 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 295:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 296:**

6         Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 774 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 296:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 297:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 774 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 297:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

-96-

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 298:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 775 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 298:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 299:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 775 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 299:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-97-

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 300:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 776 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 300:**

10         In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 301:**

20         Admit that YOU do not contend that CARTER BRYANT Created the

21   DESIGN INCORPORATED in the document produced as Exhibit 776 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 301:**

24         In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure,</u> and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 302:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 777 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 302:**

10         In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 303:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 777 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 303:**

24         In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 304:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 778 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 304:**

10          In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 305:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 778 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 305:**

24          In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 306:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 779 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 306:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 307:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 779 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 307:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 308:**

6      Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 781 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 308:**

10      In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 309:**

20      Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 781 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 309:**

24      In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 310:**

6          Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document produced as Exhibit 786 to Janet Bryant's

8  Deposition prior to January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 310:**

10         In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 311:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 786 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 311:**

24         In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 312:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 791 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 312:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 313:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 791 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 313:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 314:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 792 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 314:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 315:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 792 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 315:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 316:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 793 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 316:**

10         In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 317:**

20         Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 793 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 317:**

24         In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

07209/2369755.1

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the Rules and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 318:**

6          Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 794 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 318:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 319:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document produced as Exhibit 794 to Janet

22  Bryant's deposition after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 319:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 320:**

6            Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document produced as Exhibit 795 to Janet Bryant's

8   Deposition prior to January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 320:**

10            In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 321:**

20            Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document produced as Exhibit 795 to Janet

22   Bryant's deposition after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 321:**

24            In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame

2  a complete response, including because defendants have not provided necessary

3  discovery and have concealed facts, in violation of the Rules and Court Orders; and

4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 322:**

6        Admit that CARTER BRYANT created the DESIGN

7  INCORPORATED in the document bearing the Bates no. BRYANT 341 prior to

8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 322:**

10        In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the Rules and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 323:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 341

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 323:**

24        In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 324:**

6         Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 972 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 324:**

10        In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 325:**

20        Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 972

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 325:**

24        In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 326:**

6           Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 1014 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 326:**

10          In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that

12  Carter Bryant did not properly serve this or any other Request for Admission under

13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14  it is vague and ambiguous, including but not limited to with respect to the term

15  "INCORPORATED"; Mattel may not have sufficient information in order to frame

16  a complete response, including because defendants have not provided necessary

17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 327:**

20          Admit that YOU do not contend that CARTER BRYANT created the

21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1014

22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 327:**

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel specifically objects to this Request on the grounds that

26  Carter Bryant did not properly serve this or any other Request for Admission under

27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28  it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the Rules and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.
5  **REQUEST FOR ADMISSION NO. 328:**
6         Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document bearing the Bates no. BRYANT 1116 prior to
8  January 3, 1999 but after April 1998.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 328:**
10        In addition to the foregoing general objections, which are incorporated
11 herein by reference, Mattel specifically objects to this Request on the grounds that
12 Carter Bryant did not properly serve this or any other Request for Admission under
13 the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;
14 it is vague and ambiguous, including but not limited to with respect to the term
15. "INCORPORATED"; Mattel may not have sufficient information in order to frame
16 a complete response, including because defendants have not provided necessary
17 discovery and have concealed facts, in violation of the Rules and Court Orders; and
18 the subject of this Request may be the subject of expert opinion or testimony.
19 **REQUEST FOR ADMISSION NO. 329:**
20        Admit that YOU do not contend that CARTER BRYANT created the
21 DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1116
22 after January 3, 1999.
23 **RESPONSE TO REQUEST FOR ADMISSION NO. 329:**
24        In addition to the foregoing general objections, which are incorporated
25 herein by reference, Mattel specifically objects to this Request on the grounds that
26 Carter Bryant did not properly serve this or any other Request for Admission under
27 the Rules of Civil Procedure, and Mattel therefore has no obligation to respond to it;
28 it is vague and ambiguous, including but not limited to with respect to the term

07209/2369755.1

-112-
RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5   **REQUEST FOR ADMISSION NO. 330:**

6            Admit that CARTER BRYANT created the DESIGN

7   INCORPORATED in the document bearing the Bates no. BRYANT 1117 prior to

8   January 3, 1999 but after April 1998.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 330:**

10            In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that

12   Carter Bryant did not properly serve this or any other Request for Admission under

13   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

14   it is vague and ambiguous, including but not limited to with respect to the term

15   "INCORPORATED"; Mattel may not have sufficient information in order to frame

16   a complete response, including because defendants have not provided necessary

17   discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and

18   the subject of this Request may be the subject of expert opinion or testimony.

19   **REQUEST FOR ADMISSION NO. 331:**

20            Admit that YOU do not contend that CARTER BRYANT created the

21   DESIGN INCORPORATED in the document bearing the Bates No. BRYANT 1117

22   after January 3, 1999.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 331:**

24            In addition to the foregoing general objections, which are incorporated

25   herein by reference, Mattel specifically objects to this Request on the grounds that

26   Carter Bryant did not properly serve this or any other Request for Admission under

27   the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;

28   it is vague and ambiguous, including but not limited to with respect to the term

1  "INCORPORATED"; Mattel may not have sufficient information in order to frame
2  a complete response, including because defendants have not provided necessary
3  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
4  the subject of this Request may be the subject of expert opinion or testimony.

5  **REQUEST FOR ADMISSION NO. 332:**

6        Admit that CARTER BRYANT created the DESIGN
7  INCORPORATED in the document bearing the Bates no. BRYANT 1118 prior to
8  January 3, 1999 but after April 1998.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 332:**

10        In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that
12  Carter Bryant did not properly serve this or any other Request for Admission under
13  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
14  it is vague and ambiguous, including but not limited to with respect to the term
15  "INCORPORATED"; Mattel may not have sufficient information in order to frame
16  a complete response, including because defendants have not provided necessary
17  discovery and have concealed facts, in violation of the <u>Rules</u> and Court Orders; and
18  the subject of this Request may be the subject of expert opinion or testimony.

19  **REQUEST FOR ADMISSION NO. 333:**

20        Admit that YOU do not contend that CARTER BRYANT created the
21  DESIGN INCORPORATED in the document bearing the Bates no. BRYANT 1118
22  after January 3, 1999.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 333:**

24        In addition to the foregoing general objections, which are incorporated
25  herein by reference, Mattel specifically objects to this Request on the grounds that
26  Carter Bryant did not properly serve this or any other Request for Admission under
27  the <u>Rules of Civil Procedure</u>, and Mattel therefore has no obligation to respond to it;
28  it is vague and ambiguous, including but not limited to with respect to the term

-114-

1   "INCORPORATED"; Mattel may not have sufficient information in order to frame

2   a complete response, including because defendants have not provided necessary

3   discovery and have concealed facts, in violation of the Rules and Court Orders; and

4   the subject of this Request may be the subject of expert opinion or testimony.

5

6   DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8                                     By
                                        B. Dylan Proctor
9                                       Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2369755.1

-115-

RESPONSES TO BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 28, 2008, I served true copies of the following document(s) described as

**RESPONSES OF MATTEL, INC. TO CARTER BRYANT'S SECOND SET OF REQUESTS FOR ADMISSION**

on the parties in this action as follows:

Thomas J. Nolan, Esq.                          John W. Keker, Esq.
Carl Roth, Esq.                                Michael H. Page, Esq.
**Skadden, Arps, Slate, Meagher**             Christina M. Anderson, Esq.
 **& Flom LLP**                               **Keker & Van Nest, LLP**
300 S. Grand Ave., STE 3400                    710 Sansome St.
Los Angeles, CA 90071                          San Francisco, CA 94111

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper**
 **& Kim, LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

_____
Lorraine Robles

07209/2319836.1