# EXHIBIT A

Case 2:04-cv-09049-DOC-RNB  Document 2041-3  Filed 02/11/08  Page 2 of 134  Page ID
#:31220
Case 2:04-cv-09049-SGL-RNB  Document 1351  Filed 02/04/2008  Page 1 of 7

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
#### CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)              Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS

=================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                          Theresa Lanza
Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                        John Quinn
                                    Jon D. Corey

                                    ATTORNEY PRESENT FOR CARLOS
                                    GUSTAVO MACHADO GOMEZ:
ATTORNEYS PRESENT FOR MGA:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                             Initials of Deputy Clerk __jh
CIVIL -- GEN                          1      Time: 1/45

Exhibit __A__, P. __7__

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS
### (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit __A__, P. __8__

Case 2:04-cv-09049-DOC-RNB    Document 2041-3    Filed 02/11/08    Page 4 of 134    Page ID
#:12321
Case 2:04-cv-09049-SGL-RNB    Document 1293    Filed 02/04/2008    Page 3 of 7

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit A , P. 9

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

Exhibit _A_ , P. _10_

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

## MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk ___jh_____
Time: 1/45

# EXHIBIT B

## MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Breach of Contract against Bryant (MC 1, AC 5) (liability only) | • Copyright Infringement (AC 1) | • False Designation of Origin (UC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only) | • Damages (re: all Phase 1 claims) | • Unfair Competition (UC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only) | | • Dilution (UC 3) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | | • Unjust Enrichment (UC 4) |
| • Conversion against Bryant (MC 5; AC 11) (liability only) | | • RICO (AC 2) |
| • Conversion against MGA and Larian (re: Bratz; AC 11) (liability only) | | • Conspiracy to Violate Rico (AC 3) |
| • Intentional Interference with Contract (re: Bryant; AC 6) (liability only) | | • Misappropriation of Trade Secrets (AC 4) |
| • Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only) | | • Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6) |
| • Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only) | | • Breach of Fiduciary Duty (re: Machado; AC 7) |
| | | • Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8) |
| | | • Breach of Duty of Loyalty (re: Machado; AC 9) |
| | | • Aiding and Abetting Breach of |

Exhibit _B_ , P. _12_

-8-

/2147647.5

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Unfair Competition (re: bribery of Bryant; AC 12) (liability only)) <br><br> • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10) <br><br> • Conversion (non-Bratz; AC 11) <br><br> • Unfair Competition (except bribery of Bryant) (AC 12) <br><br> • Damages (re: all Phase Two claims) |

Exhibit _B_ , P. _13_

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

# EXHIBIT C

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.  CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:  CARTER BRYANT -v- MATTEL, INC.
AND CONSOLIDATED ACTIONS

====================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                          Theresa Lanza
Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                       John B. Quinn
                                    Brett Dylan Proctor
                                    Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:  MINUTE ORDER

As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)  The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)  The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)  The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk ___
CIVIL – GEN                          1             Time: 01/15

(608)

07/c2/c7

Exhibit __C__, P. __14__

regarding date of production of documents (docket #545); and

(4)     The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)     The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.


(1)     Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)     MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)     MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion fails far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

Exhibit _C_, P. _16_

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." <u>Sanders v. Circle K Corp.</u>, 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

<u>Alexander v. F.B.I.</u>, 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____

Time: 01/15

Exhibit _C_, P._17_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

    IT IS SO ORDERED.

Exhibit _C_, P. _18_

# EXHIBIT D

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407

5  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS, LLP
6  Times Square Tower
   7 Times Square
7  New York, New York 10036
   Telephone: (212) 326-2000
8  Facsimile: (212) 326-2061

9  Attorneys for Defendant-in-Intervention
   MGA Entertainment, Inc.

10

11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14

15

16  MATTEL, INC.,                    Case No. CV 04-09059 NM (RNBx)

17            Plaintiff,             MGA ENTERTAINMENT, INC.'S
                                     RESPONSES TO MATTEL, INC.'S
18        v.                         FIRST SET OF REQUESTS FOR
                                     PRODUCTION OF DOCUMENTS AND
19  CARTER BRYANT and MGA            TANGIBLE THINGS
    ENTERTAINMENT, INC.,
20
              Defendant and
21            Defendant-in-
              Intervention.
22

23  AND RELATED CROSS-CLAIMS

24

25

26

27

28
                                     MGA'S RESPONSE TO 1ST SET OF
    LA2:756234.3                      REQUEST FOR PRODUCTION OF
                                            DOCUMENTS

Exhibit  D  , P. 19

# PRELIMINARY STATEMENT

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

LA2:756234.3

1

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1 | to any such information and to supplement or amend these responses, which
2 | supplemental or amended response shall become the operative response.

3 | ## GENERAL OBJECTIONS

4 |     1.    MGA objects to each and every request on the ground that production
5 | at the date and time demanded will subject MGA to unwarranted oppression and undue
6 | burden and expenses. The time set for compliance is unduly burdensome, especially in
7 | light of the number of document requests, and the scope and volume of the material being
8 | sought. MGA intends to proceed expeditiously to collect the documents for production, if
9 | any, and will produce them at a date and time, and in such a manner, as may be mutually
10 | agreed by counsel for the parties.

11 |     2.    MGA objects to each request to the extent that it seeks information
12 | protected from discovery by the attorney-client privilege, work-product doctrine, right to
13 | privacy, or any other applicable privilege.

14 |     3.    MGA objects to each request to the extent that it seeks the disclosure
15 | of confidential, proprietary or trade-secret information. Should such documents be
16 | otherwise responsive and non-objectionable, MGA will produce such documents subject
17 | to the terms and conditions of the protective order governing this case.

18 |     4.    MGA objects to each request to the extent that it seeks documents in
19 | Mattel's own possession, custody or control or that are accessible to Mattel from public
20 | sources or from third parties.

21 |     5.    MGA objects to each request to the extent that it asks for documents
22 | that are not relevant to claims or defenses in this case.

23 |     6.    MGA objects to each and every request to the extent it purports to
24 | require MGA to search all documents and things within its possession, custody or control
25 | or within the possession, custody or control of any of MGA's current or former
26 | employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,
27 | divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other
28 | person acting on its behalf, pursuant to its authority or subject to its control, on the

     2

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_ , P. _21_

1  grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2  violates the right of privacy, and purports to require MGA to search for documents not

3  within its possession, custody or control.  MGA will make a reasonably diligent search for

4  responsive documents within its possession, custody or control.

5          7.    MGA objects to each and every request to the extent its seeks "all

6  documents" responsive to a certain category on the grounds that such request is overbroad

7  and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8  documents sufficient to provide Mattel with the information sought, following a

9  reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13          8.    MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15          9.    MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.  In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19          10.    MGA objects to the defined terms "You," "Your," "Mattel," and

20  "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21  ambiguous, and call for legal conclusions.

22          11.    MGA objects to the defined terms "Bratz" and "Angel" on the

23  grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24  legal conclusions.

25

26

27

28

LA2:756234.3

3

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit ___D___, P. ___22___

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and BRYANT, including without limitation all drafts thereof and all actual or proposed amendments, modifications and revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any agreement or contract between MGA and Bryant. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that REFER OR RELATE TO the performance of any agreement or contract between YOU and BRYANT.

Exhibit __D__, P. __23__

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to the performance of any agreement or contract between MGA and Bryant. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce documents evidencing Bryant's work on First Generation Bratz and the Angel project, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that REFER OR RELATE TO the agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it

LA2:756234.3

5

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

1  seeks confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of MGA. MGA also objects to this

3  request to the extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense or

5  common interest privilege, or other privilege. MGA also objects to this request to the

6  extent it seeks information the disclosure of which would implicate the rights of third

7  parties to protect private, confidential, proprietary or trade secret information. MGA also

8  objects to this request to the extent that it seeks documents not in MGA's possession,

9  custody or control.

10       Subject to the foregoing, MGA will produce all relevant and responsive non-

11  objectionable documents in its possession, custody or control, if any, that it is able to

12  locate following a reasonably diligent search.

13  **REQUEST FOR PRODUCTION NO. 4:**

14       All DOCUMENTS that REFER OR RELATE TO the Modification and

15  Clarification of the Agreement dated as of September 18, 2000 between YOU and

16  BRYANT, including without limitation all drafts thereof and any actual or proposed

17  modifications, amendments or revisions thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19       MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein. MGA also objects to this request to the extent that it seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence. MGA also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of MGA. MGA also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent it seeks information the disclosure of which would implicate the rights of third

LA2:756234.3

6

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   parties to protect private, confidential, proprietary or trade secret information.  MGA also
2   objects to this request to the extent that it seeks documents not in MGA's possession,
3   custody or control.

4         Subject to the foregoing, MGA will produce all relevant and responsive non-
5   objectionable documents in its possession, custody or control, if any, that it is able to
6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 5:**

8         All DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001
9   between YOU and BRYANT, including without limitation all drafts thereof and any
10  actual or proposed modifications, amendments or revisions thereto.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12        MGA incorporates by reference the above-stated general objections as if fully set
13  forth herein.  MGA also objects to this request to the extent that it seeks information not
14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the
15  discovery of admissible evidence.  MGA also objects to this request on the grounds that it
16  seeks confidential, proprietary or commercially sensitive information, the disclosure of
17  which would be inimical to the business interests of MGA.  MGA also objects to this
18  request to the extent it calls for the disclosure of attorney-client privileged information or
19  information protected from disclosure by the work-product doctrine, joint defense or
20  common interest privilege, or other privilege.  MGA also objects to this request to the
21  extent it seeks information the disclosure of which would implicate the rights of third
22  parties to protect private, confidential, proprietary or trade secret information.  MGA also
23  objects to this request to the extent that it seeks documents not in MGA's possession,
24  custody or control.

25        Subject to the foregoing, MGA will produce all relevant and responsive non-
26  objectionable documents in its possession, custody or control, if any, that it is able to
27  locate following a reasonably diligent search.

28

7

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   **REQUEST FOR PRODUCTION NO. 6:**

2       All DOCUMENTS prepared, created, received or transmitted (whether in whole or

3   in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also objects to this request to the extent that it seeks information not

7   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

8   discovery of admissible evidence. MGA also objects to this request on the grounds that it

9   seeks confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of MGA. MGA also objects to this

11  request to the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege. MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information. MGA also

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 7:**

22      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

23  including without limitation any freelance work or consulting services that BRYANT

24  performed for or with YOU or on YOUR behalf prior January 1, 2001 (regardless of when

25  any such DOCUMENT was prepared, created, received or transmitted, whether in whole

26  or in part).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28      MGA incorporates by reference the above-stated general objections as if fully set

8

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit D , P. 27

1   forth herein.  MGA also specifically objects to this request to the extent that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence.  MGA also objects to this request on the

4   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

5   that refer or relate to any work, activities or services that Bryant performed for or with

6   MGA or on its behalf.  MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense or

11  common interest privilege, or other privilege.  MGA also objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of third

13  parties to protect private, confidential, proprietary or trade secret information.  MGA also

14  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

15  determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

16  to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

17  request to the extent that it seeks documents not in MGA's possession, custody or control.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, evidencing Bryant's

20  work on First Generation Bratz and the Angel project, that it is able to locate following a

21  reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 8:**

23      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

24  including without limitation any freelance work or consulting services that Anna Rhee

25  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

26  when any such DOCUMENT was prepared, created, received or transmitted, whether in

27  whole or in part).

28

LA2:756234.3

9

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1. **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2.     MGA incorporates by reference the above-stated general objections as if fully set

3. forth herein.  MGA also specifically objects to this request to the extent that it seeks

4. information not relevant to the subject matter of this lawsuit or reasonably calculated to

5. lead to the discovery of admissible evidence.  MGA also objects to this request on the

6. ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7. that refer or relate to any work, activities or services that Anna Rhee performed for or

8. with MGA or on its behalf.  MGA also objects to this request to the extent it seeks

9. information the disclosure of which would implicate the rights of third parties to protect

10. private, confidential, proprietary or trade secret information.  MGA also objects to this

11. request on the grounds that it seeks confidential, proprietary or commercially sensitive

12. information, the disclosure of which would be inimical to the business interests of MGA.

13. MGA also objects to this request to the extent it calls for the disclosure of attorney-client

14. privileged information or information protected from disclosure by the work-product

15. doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

16. to this request on the grounds that it is vague and ambiguous in that MGA cannot

17. determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

18. to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

19. request to the extent that it seeks documents not in MGA's possession, custody or control.

20.     Subject to the foregoing, MGA will produce all relevant and responsive non-

21. objectionable documents in its possession, custody or control, if any, evidencing Anna

22. Rhee's work First Generation Bratz and the Angel project, that it is able to locate

23. following a reasonably diligent search.

24. **REQUEST FOR PRODUCTION NO. 9:**

25.     All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

26. including without limitation any freelance work or consulting services, that Veronica

27. Marlow performed for or with YOU or on YOUR behalf prior to January 1, 2001

28. (regardless of when any such DOCUMENT was prepared, created, received or

10

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit _D_ , P. _29_

1    transmitted, whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4    forth herein. MGA also specifically objects to this request to the extent that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably calculated to

6    lead to the discovery of admissible evidence. MGA also objects to this request on the

7    ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8    that refer or relate to any work, activities or services that Veronica Marlow performed for

9    or with MGA or on its behalf. MGA also objects to this request to the extent it seeks

10    information the disclosure of which would implicate the rights of third parties to protect

11    private, confidential, proprietary or trade secret information. MGA also objects to this

12    request on the grounds that it seeks confidential, proprietary or commercially sensitive

13    information, the disclosure of which would be inimical to the business interests of MGA.

14    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

15    privileged information or information protected from disclosure by the work-product

16    doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

17    to this request on the grounds that it is vague and ambiguous in that MGA cannot

18    determine what is meant by "activities" and "with YOU." MGA will interpret "activities"

19    to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

20    request to the extent that it seeks documents not in MGA's possession, custody or control.

21       Subject to the foregoing, MGA will produce all relevant and responsive non-

22    objectionable documents in its possession, custody or control, if any, evidencing Veronica

23    Marlow's work First Generation Bratz, that it is able to locate following a reasonably

24    diligent search.

25    **REQUEST FOR PRODUCTION NO. 10:**

26       All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

27    including without limitation any freelance work or consulting services, that Sarah Halpern

28    performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

LA2:756234.3

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 30

1   when any such DOCUMENT was prepared, created, received or transmitted, whether in

2   whole or in part).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4           MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein. MGA also specifically objects to this request to the extent that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence. MGA also objects to this request on the

8   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

9   that refer or relate to any work, activities or services that Sarah Halpern performed for or

10  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

11  information the disclosure of which would implicate the rights of third parties to protect

12  private, confidential, proprietary or trade secret information. MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request on the grounds that it is vague and ambiguous in that MGA cannot

19  determine what is meant by "activities" and "with." MGA will interpret "activities" to

20  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

21  request to the extent that it seeks documents not in MGA's possession, custody or control.

22          Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, evidencing Sarah

24  Halpern's work on First Generation Bratz, that it is able to locate following a reasonably

25  diligent search.

26  **REQUEST FOR PRODUCTION NO. 11:**

27          All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

28  including without limitation any freelance work or consulting services, that Jesse Ramirez

LA2:756234.3

12

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _31_

1   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

2   when any such DOCUMENT was prepared, created, received or transmitted, whether in

3   whole or in part).

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5   MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also specifically objects to this request to the extent that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably calculated to

8   lead to the discovery of admissible evidence. MGA also objects to this request on the

9   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

10  that refer or relate to any work, activities or services that Jesse Ramirez performed for or

11  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

12  information the disclosure of which would implicate the rights of third parties to protect

13  private, confidential, proprietary or trade secret information. MGA also objects to this

14  request on the grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of MGA.

16  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

17  privileged information or information protected from disclosure by the work-product

18  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

19  to this request on the grounds that it is vague and ambiguous in that MGA cannot

20  determine what is meant by "activities" and "with." MGA will interpret "activities" to

21  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23  Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, evidencing Jesse

25  Ramirez's work on First Generation Bratz dolls, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 12:**

28  All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

LA2:756234.3

13

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 32

1   including without limitation any freelance work or consulting services, that Margaret

2   Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for or

3   with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such

4   DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6        MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA also specifically objects to this request to the extent that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence.  MGA also objects to this request on the

10  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

11  that refer or relate to any work, activities or services that Margaret Leahy performed for or

12  with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information.  MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

20  to this request on the grounds that it is vague and ambiguous in that MGA cannot

21  determine what is meant by "activities" and "with."  MGA will interpret "activities" to

22  mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or control.

24       Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, evidencing Margaret

26  Leahy's work on First Generation Bratz, that it is able to locate following a reasonably

27  diligent search.

28

LA2:756234.3

14

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Elise Cloonan performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any work, activities or services that Elise Cloonan performed for or with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request on the grounds that it is vague and ambiguous in that MGA cannot determine what is meant by "activities" and "with." MGA will interpret "activities" to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, evidencing Elise Cloonan's work on First Generation Bratz, that it is able to locate following a reasonably

LA2:756234.3

15

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 34

1. diligent search.

2. **REQUEST FOR PRODUCTION NO. 14:**

3. All agreements and contracts between YOU and Anna Rhee, including without
4. limitation all drafts thereof and amendments, modifications and revisions thereto.

5. **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6. MGA incorporates by reference the above-stated general objections as if fully set
7. forth herein. MGA specifically objects to this request on the grounds that it seeks
8. information not relevant to the subject matter of this lawsuit or reasonably calculated to
9. lead to the discovery of admissible evidence. MGA also objects to this request on the
10. grounds that it seeks information in violation of the right of privacy. MGA also objects to
11. this request on the grounds that it seeks confidential, proprietary or commercially
12. sensitive information, the disclosure of which would be inimical to the business interests
13. of MGA. MGA also objects to this request to the extent it calls for the disclosure of
14. attorney-client privileged information or information protected from disclosure by the
15. work-product doctrine, joint defense or common interest privilege, or other privilege.
16. MGA also objects to this request to the extent that it seeks documents not in MGA's
17. possession, custody or control.

18. Subject to the foregoing, MGA will produce nonprivileged agreements and
19. contracts in its possession, custody or control, if any, between MGA and Anna Rhee
20. relating to work performed prior to January 1, 2001, that it is able to locate following a
21. reasonably diligent search.

22. **REQUEST FOR PRODUCTION NO. 15:**

23. All DOCUMENTS that REFER OR RELATE TO any agreement or contract
24. between YOU and Anna Rhee, including without limitation all COMMUNICATIONS
25. that REFER OR RELATE thereto.

26. **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27. MGA incorporates by reference the above-stated general objections as if fully set
28. forth herein. MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3

16

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   information not relevant to the subject matter of this lawsuit or reasonably calculated to

2   lead to the discovery of admissible evidence.  MGA also objects to this request on the

3   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

4   MGA also objects to this request on the grounds that it seeks information in violation of

5   the right of privacy.  MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which

7   would be inimical to the business interests of MGA.  MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.  MGA also objects to this request to the

11  extent that it seeks documents not in MGA's possession, custody or control.

12      Subject to the foregoing, MGA will produce nonprivileged documents and

13  communications in its possession, custody or control, relating to any agreements and

14  contracts between MGA and Anna Rhee for work performed prior to January 1, 2001, if

15  any, that it is able to locate following a reasonably diligent search.

16  **REQUEST FOR PRODUCTION NO. 16:**

17      All agreements and contracts between YOU and Veronica Marlow, including

18  without limitation all drafts thereof and amendments, modifications and revisions thereto.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20      MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein.  MGA specifically objects to this request on the grounds that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably calculated to

23  lead to the discovery of admissible evidence. MGA also objects to this request on the

24  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business interests

27  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by the

17

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit D , P. 36

1    work-product doctrine, joint defense or common interest privilege, or other privilege.

2    MGA also objects to this request to the extent that it seeks documents not in MGA's

3    possession, custody or control.

4         Subject to the foregoing, MGA will produce nonprivileged agreements and

5    contracts in its possession, custody or control, between MGA and Veronica Marlow

6    relating to work performed prior to January 1, 2001, if any, that it is able to locate

7    following a reasonably diligent search.

8    **REQUEST FOR PRODUCTION NO. 17:**

9         All DOCUMENTS that REFER OR RELATE TO any agreement or contract

10   between YOU and Veronica Marlow, including without limitation all

11   COMMUNICATIONS that REFER OR RELATE thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13        MGA incorporates by reference the above-stated general objections as if fully set

14   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably calculated to

16   lead to the discovery of admissible evidence.  MGA also objects to this request on the

17   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

18   MGA also objects to this request on the grounds that it seeks information in violation of

19   the right of privacy.  MGA also objects to this request on the grounds that it seeks

20   confidential, proprietary or commercially sensitive information, the disclosure of which

21   would be inimical to the business interests of MGA.  MGA also objects to this request to

22   the extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense or

24   common interest privilege, or other privilege.  MGA also objects to this request to the

25   extent that it seeks documents not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce nonprivileged documents and

27   communications in its possession, custody or control, relating to any agreements and

28   contracts between MGA and Veronica Marlow for work performed prior to January 1,

18

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit ___D___ , P. __37__

1    2001, if any, that it is able to locate following a reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 18:**

3        All agreements and contracts between YOU and Margaret Hatch (also known as

4    Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts

5    thereof and amendments, modifications and revisions thereto.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7        MGA incorporates by reference the above-stated general objections as if fully set

8    forth herein. MGA specifically objects to this request on the grounds that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably calculated to

10   lead to the discovery of admissible evidence. MGA also objects to this request on the

11   grounds that it seeks information in violation of the right of privacy. MGA also objects to

12   this request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the business interests

14   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

15   attorney-client privileged information or information protected from disclosure by the

16   work-product doctrine, joint defense or common interest privilege, or other privilege.

17   MGA also objects to this request to the extent that it seeks documents not in MGA's

18   possession, custody or control.

19       Subject to the foregoing, MGA will produce nonprivileged agreements and

20   contracts in its possession, custody or control, between MGA and Margaret Leahy relating

21   to work performed prior to January 1, 2001, if any, that it is able to locate following a

22   reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 19:**

24       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

25   between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret

26   Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR

27   RELATE thereto.

28

                         19            MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce nonprivileged documents and communications in its possession, custody or control, relating to any agreements and contracts between MGA and Margaret Leahy for work performed prior to January 1, 2001, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 20:**

All agreements and contracts between YOU and Sarah Halpern, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit  D  , P.  37

1  sensitive information, the disclosure of which would be inimical to the business interests

2  of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3  attorney-client privileged information or information protected from disclosure by the

4  work-product doctrine, joint defense or common interest privilege, or other privilege.

5  MGA also objects to this request to the extent that it seeks documents not in MGA's

6  possession, custody or control.

7        Subject to the foregoing, MGA will produce nonprivileged agreements and

8  contracts in its possession, custody or control, between MGA and Sarah Halpern relating

9  to work performed prior to January 1, 2001, if any, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 21:**

12        All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13  between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS

14  that REFER OR RELATE thereto.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16        MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence. MGA also objects to this request on the

20  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21  MGA also objects to this request on the grounds that it seeks information in violation of

22  the right of privacy. MGA also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of which

24  would be inimical to the business interests of MGA. MGA also objects to this request to

25  the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3

21

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P._40_

1       Subject to the foregoing, MGA will produce nonprivileged documents and

2   communications in its possession, custody or control, relating to any agreements and

3   contracts between MGA and Sarah Halpern for work performed prior to January 1, 2001,

4   if any, that it is able to locate following a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 22:**

6       All agreements and contracts between YOU and Jesse Ramirez, including without

7   limitation all drafts thereof and amendments, modifications and revisions thereto.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein.  MGA specifically objects to this request on the grounds that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence. MGA also objects to this request on the

13  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

14  this request on the grounds that it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business interests

16  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

17  attorney-client privileged information or information protected from disclosure by the

18  work-product doctrine, joint defense or common interest privilege, or other privilege.

19  MGA also objects to this request to the extent that it seeks documents not in MGA's

20  possession, custody or control.

21      Subject to the foregoing, MGA will produce nonprivileged agreements and

22  contracts in its possession, custody or control, between MGA and Jesse Ramirez relating

23  to work performed prior to January 1, 2001, if any, that it is able to locate following a

24  reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 23:**

26      All DOCUMENTS that REFER OR RELATE TO any agreement or contract

27  between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS

28  that REFER OR RELATE thereto.

LA2:756234.3

22

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _41_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

1. 
2.     MGA incorporates by reference the above-stated general objections as if fully set
3. forth herein.  MGA also specifically objects to this request on the grounds that it seeks
4. information not relevant to the subject matter of this lawsuit or reasonably calculated to
5. lead to the discovery of admissible evidence.  MGA also objects to this request on the
6. grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.
7. MGA also objects to this request on the grounds that it seeks information in violation of
8. the right of privacy.  MGA also objects to this request on the grounds that it seeks
9. confidential, proprietary or commercially sensitive information, the disclosure of which
10. would be inimical to the business interests of MGA.  MGA also objects to this request to
11. the extent it calls for the disclosure of attorney-client privileged information or
12. information protected from disclosure by the work-product doctrine, joint defense or
13. common interest privilege, or other privilege.  MGA also objects to this request to the
14. extent that it seeks documents not in MGA's possession, custody or control.

15.     Subject to the foregoing, MGA will produce nonprivileged documents and
16. communications in its possession, custody or control, relating to any agreements and
17. contracts between MGA and Jesse Ramirez for work performed prior to January 1, 2001,
18. if any, that it is able to locate following a reasonably diligent search.

19. **REQUEST FOR PRODUCTION NO. 24:**

20.     All agreements and contracts between YOU and Elise Cloonan, including without
21. limitation all drafts thereof and amendments, modifications and revisions thereto.

22. **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23.     MGA incorporates by reference the above-stated general objections as if fully set
24. forth herein.  MGA specifically objects to this request on the grounds that it seeks
25. information not relevant to the subject matter of this lawsuit or reasonably calculated to
26. lead to the discovery of admissible evidence. MGA also objects to this request on the
27. grounds that it seeks information in violation of the right of privacy.  MGA also objects to
28. this request on the grounds that it seeks confidential, proprietary or commercially

Exhibit _D_, P. _42_

1   sensitive information, the disclosure of which would be inimical to the business interests

2   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3   attorney-client privileged information or information protected from disclosure by the

4   work-product doctrine, joint defense or common interest privilege, or other privilege.

5   MGA also objects to this request to the extent that it seeks documents not in MGA's

6   possession, custody or control.

7          Subject to the foregoing, MGA will produce nonprivileged agreements and

8   contracts in its possession, custody or control, between MGA and Elise Cloonan relating

9   to work performed prior to January 1, 2001, if any, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 25:**

12         All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13  between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS

14  that REFER OR RELATE thereto.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16         MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence. MGA also objects to this request on the

20  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21  MGA also objects to this request on the grounds that it seeks information in violation of

22  the right of privacy. MGA also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of which

24  would be inimical to the business interests of MGA. MGA also objects to this request to

25  the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

24

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit __D__, P. __43__

1       Subject to the foregoing, MGA will produce nonprivileged documents and

2 communications in its possession, custody or control, relating to any agreements and

3 contracts between MGA and Elise Cloonan for work performed prior to January 1, 2001,

4 if any, that it is able to locate following a reasonably diligent search.

5 **REQUEST FOR PRODUCTION NO. 26:**

6       All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT

7 produced, prepared, created, authored, conceived of or reduced to practice, whether alone

8 or jointly with others, prior to January 1, 2001.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10       MGA incorporates by reference the above-stated general objections as if fully set

11 forth herein. MGA also specifically objects to this request to the extent it seeks

12 information not relevant or reasonably calculated to lead to the discovery of admissible

13 evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

14 limitation, in seeking documents relating to DESIGNS not in issue in this action, and in

15 that it reaches back into time indefinitely and, thus, for example, calls for documents

16 referring or relating to DESIGNS Bryant might have conceived of in his childhood and

17 that have nothing whatsoever to do with this action. MGA also objects to this request to

18 the extent it seeks information the disclosure of which would implicate the rights of third

19 parties to protect private, confidential, proprietary or trade secret information. MGA also

20 objects to this request on the grounds that it seeks confidential, proprietary or

21 commercially sensitive information, the disclosure of which would be inimical to the

22 business interests of MGA. MGA also objects to this request to the extent it calls for the

23 disclosure of attorney-client privileged information or information protected from

24 disclosure by the work-product doctrine, joint defense or common interest privilege, or

25 other privilege. MGA also objects to this request to the extent that it seeks documents not

26 in MGA's possession, custody or control.

27

28

LA2:756234.3

25

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit **D** , P. **44**

1        Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 27:**

5        All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

6   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

7   BRYANT, whether alone or jointly with others, in which YOU have purported at any time

8   to purchase, acquire or own any right, title or interest (whether in whole or in part).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein. MGA also specifically objects to this request to the extent it seeks

12   information not relevant or reasonably calculated to lead to the discovery of admissible

13   evidence and is, thus, overbroad, including, without limitation, seeking documents

14   relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

15   January 1, 2001 by BRYANT, and is therefore not limited to those DESIGNS that may be

16   at issue in this litigation. MGA also objects to this request to the extent it seeks

17   information the disclosure of which would implicate the rights of third parties to protect

18   private, confidential, proprietary or trade secret information. MGA also objects to this

19   request on the grounds that it seeks confidential, proprietary or commercially sensitive

20   information, the disclosure of which would be inimical to the business interests of MGA.

21   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

22   privileged information or information protected from disclosure by the work-product

23   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

24   to this request to the extent that it seeks documents not in MGA's possession, custody or

25   control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

26

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_ , P. _45_

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice prior to January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, including, without limitation, seeking documents relating to any DESIGNS created, authored, conceived of or reduced to practice prior to January 1, 2001 by Margaret Leahy, and is therefore not limited to those DESIGNS that may be at issue in this litigation. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS, including without limitation all COMMUNICATIONS

27

LA2:756234.3

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   between YOU and any PERSON, that REFER OR RELATE TO any agreement or

2   contract between BRYANT and Mattel, Inc.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

4         MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein. MGA also specifically objects to this request to the extent it seeks

6   information the disclosure of which would implicate the rights of third parties to protect

7   private, confidential, proprietary or trade secret information. MGA also objects to this

8   request to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10   common interest privilege, or other privilege. MGA also objects to this request to the

11   extent that it seeks documents not in MGA's possession, custody or control.

12         Subject to the foregoing, MGA will produce all relevant and responsive non-

13   objectionable documents in its possession, custody or control, if any, that it is able to

14   locate following a reasonably diligent search.

15   **REQUEST FOR PRODUCTION NO. 30:**

16         All DOCUMENTS, including without limitation all COMMUNICATIONS

17   between YOU and any PERSON, that REFER OR RELATE TO any agreement or

18   contract between Margaret Hatch (also known as Margaret Leahy and/or Margaret

19   Hatch-Leahy) and Mattel, Inc.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21         MGA incorporates by reference the above-stated general objections as if fully set

22   forth herein. MGA also specifically objects to this request to the extent it seeks

23   information the disclosure of which would implicate the rights of third parties to protect

24   private, confidential, proprietary or trade secret information. MGA also objects to this

25   request to the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege. MGA also objects to this request to the

28   extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1       Subject to the foregoing, MGA will produce all relevant and responsive non-

2  objectionable documents in its possession, custody or control, if any, that it is able to

3  locate following a reasonably diligent search.

4  **REQUEST FOR PRODUCTION NO. 31:**

5       All COMMUNICATIONS between YOU and BRYANT that REFER OR

6  RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel,

7  Inc.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence.  MGA also objects to this request on the

13  grounds that it is unlimited in time and subject matter and is, thus, overbroad, unduly

14  burdensome and oppressive, including, without limitation, in calling for communications

15  exchanged between any person at MGA and Bryant on any subject matter relating or

16  referring in any way to Mattel.  MGA also objects to this request on the grounds that it is

17  overbroad, without limitation, in potentially extending to communications that any of

18  MGA's employees, agents or representatives may have exchanged with Bryant that refer

19  or relate to Mattel or any of its officers, directors, employees, or representatives,

20  regardless of whether any such person was employed by Mattel at the time of the

21  communication, and which communication may be unrelated in any way to the subject

22  matter of this lawsuit, MGA, MGA's business or may, indeed, have occurred when none

23  of the parties to the communications worked for or on behalf of MGA.  MGA also objects

24  to this request to the extent it seeks information the disclosure of which would implicate

25  the rights of third parties to protect private, confidential, proprietary or trade secret

26  information.  MGA also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the business interests of MGA.  MGA also objects to this request to the extent

LA2:756234.3

29

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   it calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, the joint defense or common

3   interest privilege, or other privilege.

4       Subject to the foregoing, MGA will produce all relevant responsive non-

5   objectionable documents, if any, in its possession, custody or control, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 32:**

8       All DOCUMENTS prepared, written, transmitted or received (whether in whole or

9   in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12   forth herein. MGA also specifically objects to this request on the grounds that it seeks

13   confidential, proprietary, or commercially sensitive information, the disclosure of which

14   would be inimical to the business interests of MGA. MGA also objects to this request to

15   the extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work product doctrine, joint defense or

17   common interest privilege, or other privilege.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 33:**

22       All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR

23   RELATE TO any time prior to January 1, 2001 (regardless of when such document was

24   prepared, written, transmitted or received, whether in whole or in part).

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26       MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request on the grounds that it seeks

28   confidential, proprietary, or commercially sensitive information, the disclosure of which

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit D , P. 47

1   would be inimical to the business interests of MGA.  MGA also specifically objects to this

2   request on the grounds that it seeks information not relevant to the subject matter of this

3   lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA

4   further objects to this request in the grounds that it is vague, ambiguous and unintelligible,

5   particularly in its use of the phrase "that refer or relate to Bratz that refer or relate to any

6   time . . ."  MGA also objects to this request to the extent it calls for the disclosure of

7   attorney-client privileged information or information protected from disclosure by the

8   work product doctrine, joint defense or common interest privilege, or other privilege.

9        Subject to the foregoing, to the extent MGA is able to understand this request,

10   MGA will produce all relevant and responsive non-objectionable documents in its

11   possession, custody or control, if any, that it is able to locate following a reasonably

12   diligent search.

13   **REQUEST FOR PRODUCTION NO. 34:**

14        All DOCUMENTS prepared, written, transmitted or received (whether in whole or

15   in part) prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

17        MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably calculated to

20   lead to the discovery of admissible evidence and is, thus, overbroad including, without

21   limitation, in that it seeks documents referring or relating to MGA products not at issue in

22   this lawsuit.  MGA also objects to this request on the grounds that it seeks confidential,

23   proprietary, or commercially sensitive information, the disclosure of which would be

24   inimical to the business interests of MGA.  MGA also objects to this request to the extent

25   it calls for the disclosure of attorney-client privileged information or information

26   protected from disclosure by the work product doctrine, joint defense or common interest

27   privilege, or other privilege.

28

31

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

1   Subject to the foregoing, MGA will produce all documents in its possession,

2   custody or control, if any, that refer or relate to the Angel project that were prepared,

3   written, transmitted or received prior to January 1, 2001, that it is able to locate following

4   a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 35:**

6   All DOCUMENTS that REFER OR RELATE TO ANGEL that REFER OR

7   RELATE TO any time prior to January 1, 2001 (regardless of when such document was

8   prepared, written, transmitted or received, whether in whole or in part).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10   MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein. MGA also specifically objects to this request on the grounds that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably calculated to

13   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14   and oppressive, including, without limitation, in that it seeks documents referring or

15   relating to MGA products not at issue in this lawsuit. MGA also objects to this request on

16   the grounds that it seeks confidential, proprietary, or commercially sensitive information,

17   the disclosure of which would be inimical to the business interests of MGA. MGA further

18   objects to this request in the grounds that it is vague, ambiguous and unintelligible,

19   particularly in its use of the phrase "that refer or relate to Angel that refer or relate to any

20   time . . ." MGA also objects to this request to the extent it calls for the disclosure of

21   attorney-client privileged information or information protected from disclosure by the

22   work product doctrine, joint defense or common interest privilege, or other privilege.

23   Subject to the foregoing, to the extent MGA is able to understand this request,

24   MGA will produce all documents in its possession, custody or control, if any, that refer or

25   relate to the Angel project prior to January 1, 2001, that it is able to locate following a

26   reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 36:**

28   All DOCUMENTS that REFER OR RELATE TO the origin(s), conception or

32

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit D, P. 51

1  creation of BRATZ, including without limitation all DOCUMENTS that REFER OR

2  RELATE TO the timing of, and the method and manner in which, BRATZ first came to

3  YOUR attention.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5      MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein. MGA also specifically objects to this request on the grounds that it seeks

7  confidential, proprietary, or commercially sensitive information, the disclosure of which

8  would be inimical to the business interests of MGA. MGA also objects to this request on

9  the grounds that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

11  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

12  it seeks documents referring or relating to Bratz beyond the first four characters and first

13  generation of dolls. MGA also objects to this request to the extent it seeks documents not

14  within MGA's possession, custody or control. MGA also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work product doctrine, joint defense or common interest

17  privilege, or other privilege.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody, or control, if any, that refer or relate to

20  the origin(s), conception or creation of First Generation Bratz, that it is able to locate

21  following a reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 37:**

23      All declarations, affidavits and other sworn written statements of any other type or

24  form by YOU that REFER OR RELATE TO BRATZ (other than those previously filed

25  and served in this action).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27      MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein. MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3

33

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _52_

1  information not relevant to the subject matter of this lawsuit or reasonably calculated to

2  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

3  and oppressive including, without limitation, in calling for all declarations, affidavits and

4  other sworn written statements that refer or relate to Bratz but not otherwise limited as to

5  subject matter, and not limited in any way as to time.  MGA also objects to this request on

6  the grounds that it seeks information that is already known to Mattel and/or is a matter of

7  public record and/or is equally available to Mattel, and is, therefore, unduly burdensome

8  and oppressive.  MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA.  MGA also objects to this request to

11  the extent that it may seek documents the disclosure of which is or may  be governed by

12  court orders.  MGA also objects to this request to the extent it seeks information the

13  disclosure of which would implicate the rights of third parties to protect private,

14  confidential, proprietary or trade secret information.  MGA also objects to this request to

15  the extent it may seek documents the disclosure of which is or may be protected by

16  contract or agreement.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

19  other privilege.

20         Subject to the foregoing, MGA will not produce documents in response to this

21  request.

22  **REQUEST FOR PRODUCTION NO. 38:**

23         All transcripts and video and/or audio recordings of statements made by YOU

24  under oath, including without limitation all deposition transcripts, trial transcripts and

25  arbitration transcripts, that REFER OR RELATE TO BRATZ (other than those taken in

26  this action when Mattel, Inc.'s counsel was in attendance).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28         MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

34

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

4   and oppressive including, without limitation, in calling for all transcripts and video and/or

5   audio recordings of statements made by MGA under oath, including without limitation all

6   deposition transcripts, trial transcripts and arbitration transcripts refer or relate to Bratz

7   but not otherwise limited as to subject matter, and not limited in any way as to time.

8   MGA also objects to this request on the grounds that it seeks information that is already

9   known to Mattel and/or is a matter of public record and/or is equally available to Mattel,

10   and is, therefore, unduly burdensome and oppressive.  MGA also objects to this request on

11   the grounds that it seeks confidential, proprietary or commercially sensitive information,

12   the disclosure of which would be inimical to the business interests of MGA.  MGA also

13   objects to this request to the extent that it may seek documents the disclosure of which is

14   or may be governed by court orders.  MGA also objects to this request to the extent it

15   seeks information the disclosure of which would implicate the rights of third parties to

16   protect private, confidential, proprietary or trade secret information.  MGA also objects to

17   this request to the extent it may seek documents the disclosure of which is or may be

18   protected by contract or agreement.  MGA also objects to this request to the extent it calls

19   for the disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

21   other privilege.

22        Subject to the foregoing, MGA will not produce documents in response to this

23   request.

24   **REQUEST FOR PRODUCTION NO. 39:**

25        All declarations, affidavits and other sworn written statements of any other type or

26   form by any PERSON that REFER OR RELATE TO ANGEL (other than those

27   previously filed and served in this action).

28

LA2:756234.3

35

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence in that it seeks information relating to MGA products not at issue in this litigation.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all declarations, affidavits and other sworn written statements that refer or relate to Angel, and is not otherwise limited as to subject matter, and not limited in any way as to time.  MGA also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent that it may seek documents the disclosure of which is or may  be governed by court orders.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, the joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial

LA2:756234.3

36

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 55

1   transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than

2   those taken in this action when Mattel, Inc.'s counsel was in attendance).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

4       MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein. MGA also specifically objects to this request on the grounds that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence in that it seeks information relating to MGA

8   products not at issue in this litigation. MGA also objects to this request on the grounds

9   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

10   calling for all transcripts and video and/or audio recordings of statements made by any

11   person under oath, including without limitation all deposition transcripts, trial transcripts

12   and arbitration transcripts refer or relate to Angel but not otherwise limited as to subject

13   matter, and not limited in any way as to time. MGA also objects to this request to the

14   extent that it seeks documents not in MGA's possession, custody or control. MGA also

15   objects to this request on the grounds that it seeks information that is already known to

16   Mattel and/or is a matter of public record and/or is equally available to Mattel, and is,

17   therefore, unduly burdensome and oppressive. MGA also objects to this request on the

18   grounds that it seeks confidential, proprietary or commercially sensitive information, the

19   disclosure of which would be inimical to the business interests of MGA. MGA also

20   objects to this request to the extent that it may seek documents the disclosure of which is

21   or may be governed by court orders. MGA also objects to this request to the extent it

22   seeks information the disclosure of which would implicate the rights of third parties to

23   protect private, confidential, proprietary or trade secret information. MGA also objects to

24   this request to the extent it may seek documents the disclosure of which is or may be

25   protected by contract or agreement. MGA also objects to this request to the extent it calls

26   for the disclosure of attorney-client privileged information or information protected from

27   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

28   other privilege.

LA2:756234.3

37

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _56_

1    Subject to the foregoing, MGA will not produce documents in response to this

2    request.

3    **REQUEST FOR PRODUCTION NO. 41:**

4    All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed,

5    submitted and served in the suit and/or arbitration proceedings brought by Farhad Larian

6    against Isaac Larian, including without limitation all declarations, affidavits and sworn

7    testimony given by any PERSON in such suit or arbitration proceedings.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence including, without limitation, in that is seeks

13   documents filed in litigation and/or arbitration proceedings that have nothing to do with

14   the subject matter of this litigation. MGA further objects to this request on that ground

15   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

16   calling for all documents that refer or relate to Bratz and/or Angel submitted and served in

17   the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian.

18   MGA also objects to this request on the grounds that it seeks information not relevant to

19   the subject matter of this lawsuit or reasonably calculated to lead to the discovery of

20   admissible evidence in that it seeks information about an MGA product not at issue in this

21   litigation. MGA also objects to this request on the grounds that it seeks information that

22   is already known to Mattel and/or is a matter of public record and/or is equally available

23   to Mattel, and is thus unduly burdensome and oppressive. MGA also objects to this

24   request to the extent that it seeks documents not in MGA's possession, custody or control.

25   MGA also objects to this request on the grounds that it seeks confidential, proprietary or

26   commercially sensitive information, the disclosure of which would be inimical to the

27   business interests of MGA. MGA also objects to this request to the extent that it may seek

28   documents the disclosure of which is or may be governed by court orders. MGA also

LA2:756234.3

38

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit __D__, P. 57

1  objects to this request to the extent it seeks information the disclosure of which would

2  implicate the rights of third parties to protect private, confidential, proprietary or trade

3  secret information. MGA also objects to this request to the extent it may seek documents

4  the disclosure of which is or may be protected by contract or agreement. MGA also

5  objects to this request to the extent it calls for the disclosure of attorney-client privileged

6  information or information protected from disclosure by the work-product doctrine, the

7  joint defense or common interest privilege, or other privilege.

8      Subject to the foregoing, MGA will not produce documents in response to this

9  request.

10  **REQUEST FOR PRODUCTION NO. 42:**

11      All DOCUMENTS that REFER OR RELATE TO any payment made to or on

12  behalf of BRYANT prior to October 21, 2000 or for work or services performed by

13  BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15      MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein. MGA also specifically objects to this request to the extent that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably calculated to

18  lead to the discovery of admissible evidence, and is therefore overbroad, including,

19  without limitation, in that it asks for documents that refer or relate to "any payment made .

20  . . *on behalf of* Bryant" without regard to what such payment might relate to. MGA also

21  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22  determine what is meant by "payments made . . . on behalf of" Bryant. MGA also objects

23  to this request to the extent it seeks information the disclosure of which would implicate

24  the rights of third parties to protect private, confidential, proprietary or trade secret

25  information. MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA. MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

39

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 58

1  protected from disclosure by the work-product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      Subject to the foregoing, MGA will produce documents in its possession, custody

4  or control, if any, that refer or relate to payments made by MGA to Bryant for work

5  performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

6  locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 43:**

8      All DOCUMENTS that REFER OR RELATE TO any payment made to or on

9  behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior

10  October 21, 2000, regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

12      MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also specifically objects to this request to the extent it seeks

14  information not relevant or reasonably calculated to lead to the discovery of admissible

15  evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

16  limitation, in seeking documents relating to DESIGNS not in issue in this action.  MGA

17  also objects to this request on the grounds that it is vague and ambiguous in that MGA

18  cannot determine what is meant by "payments made . . . on behalf of" Bryant.  MGA also

19  objects to this request to the extent it seeks information the disclosure of which would

20  implicate the rights of third parties to protect private, confidential, proprietary or trade

21  secret information.  MGA also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of which

23  would be inimical to the business interests of MGA.  MGA also objects to this request to

24  the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege.

27      Subject to the foregoing, MGA will produce documents in its possession, custody

28  or control, if any, that refer or relate to payments made by MGA to Bryant for work

LA2:756234.3

40

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 59

1   performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

2   locate following a reasonably diligent search.

3   **REQUEST FOR PRODUCTION NO. 44:**

4       All DOCUMENTS that REFER OR RELATE TO invoices submitted by

5   BRYANT to YOU prior to January 31, 2001.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7       MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein. MGA also objects to this request to the extent that it seeks information not

9   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence. MGA also objects to this request on the grounds that it

11  seeks confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the business interests of MGA. MGA also objects to this

13  request to the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege. MGA also objects to this request to the

16  extent it seeks information the disclosure of which would implicate the rights of third

17  parties to protect private, confidential, proprietary or trade secret information.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 45:**

22      All of YOUR royalty statements to or for BRYANT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein. MGA also objects to this request to the extent that it seeks information not

26  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27  discovery of admissible evidence, and is thus overbroad, including without limitation, in

28  that is it not limited as to time of the royalty statements or the product or services to which

LA2:756234.3

41

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit __D__, P. __60__

1  those royalty statements relate.  MGA also objects to this request on the grounds that it is

2  vague and ambiguous, particularly in that MGA cannot determine what is meant by

3  "royalty statements . . . for BRYANT."  MGA also objects to this request on the grounds

4  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

5  of which would be inimical to the business interests of MGA.  MGA also objects to this

6  request to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense or

8  common interest privilege, or other privilege.  MGA also objects to this request to the

9  extent it seeks information the disclosure of which would implicate the rights of third

10  parties to protect private, confidential, proprietary or trade secret information.

11      Subject to the foregoing, MGA will produce documents sufficient to show all

12  royalties MGA paid to Bryant derived from sales of First Generation Bratz dolls.

13  **REQUEST FOR PRODUCTION NO. 46:**

14      All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

15  conception, creation, design, development, sculpting, tooling, production or manufacture

16  of BRATZ.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18      MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

20  confidential, proprietary, or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA.  MGA also objects to this request on

22  the grounds that it seeks information not relevant to the subject matter of this lawsuit or

23  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

24  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

25  it seeks documents referring or relating to Bratz beyond the first four characters and first

26  generation of dolls.  MGA also objects to this request to the extent it seeks documents not

27  within MGA's possession, custody or control.  MGA also objects to this request to the

28  extent it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

42

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _61_

1    protected from disclosure by the work product doctrine, joint defense or common interest

2    privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all documents in its possession,

4    custody or control, if any, that refer or relate to Bryant's participation in the conception,

5    creation, design, development, sculpting, tooling, production or manufacture of the first

6    generation of Bratz dolls, that it is able to locate following a reasonably diligent search.

7    **REQUEST FOR PRODUCTION NO. 47:**

8        All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

9    conception, creation, design, development, sculpting, tooling, production or manufacture

10   of ANGEL.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12       MGA incorporates by reference the above-stated general objections as if fully set

13   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

14   information not relevant to the subject matter of this lawsuit or reasonably calculated to

15   lead to the discovery of admissible evidence including, without limitation, in that is seeks

16   information related to an MGA product not at issue in this lawsuit.  MGA also objects to

17   this request on the grounds that it seeks confidential, proprietary or commercially

18   sensitive information, the disclosure of which would be inimical to the business interests

19   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

20   attorney-client privileged information or information protected from disclosure by the

21   work-product doctrine, joint defense or common interest privilege, or other privilege.

22       Subject to the foregoing, MGA will produce all relevant and responsive non-

23   objectionable documents in its possession, custody or control, if any, that it is able to

24   locate following a reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 48:**

26       All non-privileged COMMUNICATIONS between YOU and any PERSON that

27   REFER OR RELATE TO this action.

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit D , P. 62

1  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 48</u>:

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence, including, without limitation, in that it would

6  extend to any communication between anyone at MGA and any other person referring or

7  relating in any way to a wide variety of matter that could potentially be construed as

8  "relating" to this litigation, without regard to whether such communications are at all

9  relevant to any claim or defense at issue herein.  MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

11  require MGA diligently to identify every communication that any of its hundreds of

12  employees may have had with any other person referring or relating to this action.  MGA

13  also objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive in that it is not in any way limited as to the persons involved in the

15  communications or as to time.  MGA also objects to this request on the grounds that it

16  seeks information in violation of the right of privacy.  MGA also objects to this request on

17  the grounds that it seeks confidential, proprietary or commercially sensitive information,

18  the disclosure of which would be inimical to the business interests of MGA.  MGA also

19  objects to this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine, joint

21  defense or common interest privilege, or other privilege.

22      Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  <u>REQUEST FOR PRODUCTION NO. 49</u>:

25      All DOCUMENTS that REFER OR RELATE TO any indemnification that

26  BRYANT has sought, proposed, requested or obtained in connection with this action.

27  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 49</u>:

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

44

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P.  63

1   forth herein. MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence. MGA also objects to this request on the

4   grounds that it seeks information in violation of the right of privacy. MGA also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business interests

7   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

8   attorney-client privileged information or information protected from disclosure by the

9   work-product doctrine, joint defense or common interest privilege, or other privilege.

10          Subject to the foregoing, MGA will not produce documents in response to this

11   request.

12   **REQUEST FOR PRODUCTION NO. 50:**

13          All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU

14   have sought, proposed, requested or obtained in connection with this action.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

16          MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it seeks information in violation of the right of privacy. MGA also objects to

21   this request on the grounds that it seeks confidential, proprietary or commercially

22   sensitive information, the disclosure of which would be inimical to the business interests

23   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

24   attorney-client privileged information or information protected from disclosure by the

25   work-product doctrine, joint defense or common interest privilege, or other privilege.

26          Subject to the foregoing, MGA will not produce documents in response to this

27   request.

28

LA2:756234.3

45

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 51:**

2         All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

3    BRATZ (including without limitation any model, prototype or sample thereof) prior to

4    June 1, 2001.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

6         MGA incorporates by reference the above-stated general objections as if fully set

7    forth herein.  MGA specifically objects to this request to the extent it seeks information

8    the disclosure of which would implicate the rights of third parties to protect private,

9    confidential, proprietary or trade secret information.  MGA also objects to this request on

10   the grounds that it seeks confidential, proprietary or commercially sensitive information,

11   the disclosure of which would be inimical to the business interests of MGA.  MGA also

12   objects to this request to the extent it calls for the disclosure of attorney-client privileged

13   information or information protected from disclosure by the work-product doctrine, joint

14   defense or common interest privilege, or other privilege.

15        Subject to the foregoing, MGA will produce all relevant and responsive non-

16   objectionable documents in its possession, custody or control, if any, that it is able to

17   locate following a reasonably diligent search.

18   **REQUEST FOR PRODUCTION NO. 52:**

19        All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

20   ANGEL (including without limitation any model, prototype or sample thereof).

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22        MGA incorporates by reference the above-stated general objections as if fully set

23   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably calculated to

25   lead to the discovery of admissible evidence including, without limitation, in that it seeks

26   information related to an MGA product not at issue in this lawsuit.  MGA also objects to

27   this request on the grounds that it is overbroad in that is it not limited as to time.  MGA

28   also objects to this request to the extent it seeks information the disclosure of which would

LA2:756234.3

46

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _65_

1   implicate the rights of third parties to protect private, confidential, proprietary or trade

2   secret information. MGA also objects to this request on the grounds that it seeks

3   confidential, proprietary or commercially sensitive information, the disclosure of which

4   would be inimical to the business interests of MGA. MGA also objects to this request to

5   the extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense or

7   common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all documents in its possession,

9   custody or control, if any, that refer or relate to sculpts of Angel created prior to January

10  1, 2001, that it is able to locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 53:**

12       All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication,

13  preparation and production of each and every mold for BRATZ (including without

14  limitation any model, prototype or sample thereof) prior to June 1, 2001, including

15  without limitation all orders, purchase orders and invoices relating thereto.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17       MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA specifically objects to this request to the extent it seeks information

19  the disclosure of which would implicate the rights of third parties to protect private,

20  confidential, proprietary or trade secret information. MGA also objects to this request on

21  the grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the business interests of MGA. MGA also

23  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

24  determine what is meant by "mold . . . (including without limitation any model, prototype

25  or sample thereof)". MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege.

LA2:756234.3

47

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 54:**

5   DOCUMENTS sufficient to show when any mold for ANGEL (including without

6   limitation for any model, prototype or sample thereof) was first ordered, procured,

7   fabricated, prepared and produced.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

9   MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein. MGA also specifically objects to this request on the grounds that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence including, without limitation, in that is seeks

13  information related to an MGA product not at issue in this lawsuit. MGA also objects to

14  this request on the grounds that it is overbroad in that is it not limited as to time. MGA

15  also objects to this request to the extent it seeks information the disclosure of which would

16  implicate the rights of third parties to protect private, confidential, proprietary or trade

17  secret information. MGA also objects to this request on the grounds that it seeks

18  confidential, proprietary or commercially sensitive information, the disclosure of which

19  would be inimical to the business interests of MGA. MGA also objects to this request on

20  the grounds that it is vague and ambiguous in that MGA cannot determine what is meant

21  by "mold . . . (including without limitation any model, prototype or sample thereof)".

22  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege.

25  Subject to the foregoing, MGA will produce documents, if any, showing when any

26  mold for Angel was first ordered, procured, fabricated, prepared and produced.

27  **REQUEST FOR PRODUCTION NO. 55:**

28  All DOCUMENTS that REFER OR RELATE TO the exhibition or proposed,

48

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit ___D___, P. __67__

1  offered or requested exhibition, of BRATZ (including without limitation any model,

2  prototype or sample thereof) to any third party prior to June 1, 2001.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

4      MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein. MGA also specifically objects to this request on the grounds that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably calculated to

7  lead to the discovery of admissible evidence, including, without limitation, in that it

8  potentially extends to every communication having to do with, for example, any Toy Fair

9  to which MGA brought, or considered bringing, Bratz during the stated time frame, and is,

10  thus, also overbroad, unduly burdensome and oppressive. MGA also objects to this

11  request on the grounds that it is vague and ambiguous in that MGA cannot determine what

12  is meant by "exhibition." MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information. MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege.

20      Subject to the foregoing, MGA will produce documents sufficient to identify each

21  exhibition of Bratz to any third party prior to January 1, 2001.

22  **REQUEST FOR PRODUCTION NO. 56:**

23      DOCUMENTS sufficient to show when any mold for ANGEL (including without

24  limitation any model, prototype or sample thereof) was first exhibited to any third party.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26      MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein. MGA also specifically objects to this request on the grounds that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably calculated to

LA2:756234.3

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 68

1  lead to the discovery of admissible evidence including, without limitation, in that is seeks

2  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

3  this request on the grounds that it is vague and ambiguous in that MGA cannot determine

4  what is meant by "mold . . . (including without limitation any model, prototype or sample

5  thereof)".  MGA also objects to this request to the extent it seeks information the

6  disclosure of which would implicate the rights of third parties to protect private,

7  confidential, proprietary or trade secret information.  MGA also objects to this request on

8  the grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA also

10  objects to this request to the extent it calls for the disclosure of attorney-client privileged

11  information or information protected from disclosure by the work-product doctrine, joint

12  defense or common interest privilege, or other privilege.

13       Subject to the foregoing, MGA will produce documents, if any, in its possession,

14  custody or control, that identify when the Angel product was first exhibited to any party

15  not affiliated with MGA (whether in final or prototype form).

16  **REQUEST FOR PRODUCTION NO. 57:**

17       DOCUMENTS sufficient to show when and where BRATZ (including without

18  limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

19  distributor and/or retailer.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21       MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably calculated to

24  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

25  and oppressive, including, without limitation, to the extent it seeks documents referring or

26  relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

27  objects to this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or trade

LA2:756234.3

50

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 69

1  secret information. MGA also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of which

3  would be inimical to the business interests of MGA. MGA also objects to this request to

4  the extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense or

6  common interest privilege, or other privilege.

7  Subject to the foregoing, MGA will produce documents in its possession, custody

8  or control, if any, that show when and where the first generation of Bratz dolls was first

9  marketed to any wholesaler, distributor and/or retailer, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 58:**

12  DOCUMENTS sufficient to show when and where ANGEL (including without

13  limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

14  distributor and/or retailer.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

16  MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence including, without limitation, in that is seeks

20  information related to an MGA product not at issue in this lawsuit. MGA also objects to

21  this request to the extent it seeks information the disclosure of which would implicate the

22  rights of third parties to protect private, confidential, proprietary or trade secret

23  information. MGA also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would be

25  inimical to the business interests of MGA. MGA also objects to this request to the extent

26  it calls for the disclosure of attorney-client privileged information or information

27  protected from disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.

LA2:756234.3

51

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _70_

1   Subject to the foregoing, MGA will produce documents in its possession, custody

2   or control, if any, that show when and where Angel was first marketed to any wholesaler,

3   distributor and/or retailer, that it is able to locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 59:**

5   DOCUMENTS sufficient to show when and where BRATZ (including without

6   limitation any model, prototype or sample thereof) was first offered for sale to any

7   wholesaler, distributor and/or retailer.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9   MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also objects to this request on the grounds that it seeks information not

11   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12   discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

13   oppressive, including, without limitation, to the extent it seeks documents referring or

14   relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

15   objects to this request to the extent it seeks information the disclosure of which would

16   implicate the rights of third parties to protect private, confidential, proprietary or trade

17   secret information.  MGA also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of which

19   would be inimical to the business interests of MGA.  MGA also objects to this request to

20   the extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense or

22   common interest privilege, or other privilege.

23   Subject to the foregoing, MGA will produce documents in its possession, custody

24   or control, if any, that show when and where the first generation of Bratz dolls was first

25   offered for sale to any wholesaler, distributor and/or retailer, that it is able to locate

26   following a reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 60:**

28   DOCUMENTS sufficient to show when and where ANGEL (including without

52

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit  D , P. 71

1    limitation any model, prototype or sample thereof) was first offered for sale by YOU to

2    any wholesaler, distributor and/or retailer.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

4        MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein. MGA also specifically objects to this request on the grounds that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence including, without limitation, in that is seeks

8    information related to an MGA product not at issue in this lawsuit. MGA also objects to

9    this request to the extent it seeks information the disclosure of which would implicate the

10    rights of third parties to protect private, confidential, proprietary or trade secret

11    information. MGA also objects to this request on the grounds that it seeks confidential,

12    proprietary or commercially sensitive information, the disclosure of which would be

13    inimical to the business interests of MGA. MGA also objects to this request to the extent

14    it calls for the disclosure of attorney-client privileged information or information

15    protected from disclosure by the work-product doctrine, joint defense or common interest

16    privilege, or other privilege.

17        Subject to the foregoing, MGA will produce documents in its possession, custody

18    or control, if any, that show when and where Angel was first offered for same to any

19    wholesaler, distributor and/or retailer, that it is able to locate following a reasonably

20    diligent search.

21    **REQUEST FOR PRODUCTION NO. 61:**

22        DOCUMENTS sufficient to show when and where BRATZ was first shipped,

23    distributed and sold.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25        MGA incorporates by reference the above-stated general objections as if fully set

26    forth herein. MGA also specifically objects to this request on the grounds that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably calculated to

28    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

LA2:756234.3

53

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit ___D___, P. _72_

1   and oppressive, including, without limitation, to the extent it seeks documents referring or

2   relating to Bratz beyond the first four characters and first generation of dolls. MGA also

3   objects to this request to the extent it seeks information the disclosure of which would

4   implicate the rights of third parties to protect private, confidential, proprietary or trade

5   secret information. MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which

7   would be inimical to the business interests of MGA. MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10   common interest privilege, or other privilege.

11        Subject to the foregoing, MGA will produce documents in its possession, custody

12   or control, if any, that show when the first generation of Bratz dolls was first shipped,

13   distributed and sold, that it is able to locate following a reasonably diligent search.

14   **REQUEST FOR PRODUCTION NO. 62:**

15        DOCUMENTS sufficient to show when and where ANGEL was first shipped,

16   distributed and sold.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18        MGA incorporates by reference the above-stated general objections as if fully set

19   forth herein. MGA also specifically objects to this request on the grounds that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably calculated to

21   lead to the discovery of admissible evidence including, without limitation, in that is seeks

22   information related to an MGA product not at issue in this lawsuit. MGA also objects to

23   this request to the extent it seeks information the disclosure of which would implicate the

24   rights of third parties to protect private, confidential, proprietary or trade secret

25   information. MGA also objects to this request on the grounds that it seeks confidential,

26   proprietary or commercially sensitive information, the disclosure of which would be

27   inimical to the business interests of MGA. MGA also objects to this request to the extent

28   it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                     54          MGA'S RESPONSE TO 1ST SET OF
                                             REQUEST FOR PRODUCTION OF
                                             DOCUMENTS

Exhibit   D  , P. 73

1 protected from disclosure by the work-product doctrine, joint defense or common interest

2 privilege, or other privilege.

3   Subject to the foregoing, MGA will produce documents in its possession, custody

4 or control, if any, that show when and where Angel was first shipped, distributed and sold,

5 that it is able to locate following a reasonably diligent search.

6 **REQUEST FOR PRODUCTION NO. 63:**

7   ALL DOCUMENTS that REFER OR RELATE TO licensing, including without

8 limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

10   MGA incorporates by reference the above-stated general objections as if fully set

11 forth herein. MGA also specifically objects to this request on the grounds that it seeks

12 information not relevant to the subject matter of this lawsuit or reasonably calculated to

13 lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14 and oppressive, including, without limitation, to the extent it seeks all documents referring

15 or relating to any kind of licensing related to Bratz, including for example, licensing

16 relating to Bratz beyond the first four characters and first generation of dolls, and/or types

17 of licensing not at issue in this litigation such as trademark licensing. MGA also objects

18 to this request on the grounds that it seeks information in violation of the right of privacy.

19 MGA also objects to this request to the extent it seeks information the disclosure of which

20 would implicate the rights of third parties to protect private, confidential, proprietary or

21 trade secret information. MGA also objects to this request on the grounds that it seeks

22 confidential, proprietary or commercially sensitive information, the disclosure of which

23 would be inimical to the business interests of MGA. MGA also objects to this request to

24 the extent it calls for the disclosure of attorney-client privileged information or

25 information protected from disclosure by the work-product doctrine, joint defense or

26 common interest privilege, or other privilege. MGA also objects to this request to the

27 extent it seeks documents not within MGA's possession, custody or control.

28   Subject to the foregoing, MGA will produce documents in its possession, custody

LA2:756234.3

Exhibit _D_ , P. _74_

1  or control, if any, referring or relating to MGA's licensing of the first generation of Bratz

2  character art and to MGA's license, if any, to other intellectual property rights to the first

3  generation of Bratz prior to December 31, 2001, that it is able to locate following a

4  reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 64:**

6      All COMMUNICATIONS between YOU and any manufacturer, or any

7  contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ

8  prior to June 1, 2001.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

10      MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein. MGA also specifically objects to this request on the grounds that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably calculated to

13  lead to the discovery of admissible evidence. MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information. MGA also

16  objects to this request on the grounds that it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to the

18  business interests of MGA. MGA also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest privilege, or

21  other privilege.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 65:**

26      DOCUMENTS sufficient to identify when YOU first contacted any manufacturer,

27  or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

28

LA2:756234.3

56

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_ , P. _75_

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein. MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence including, without limitation, in that it seeks

6  information related to an MGA product not at issue in this lawsuit, and in that the

7  manufacturer of Angel has nothing whatsoever to do with Bryant, Mattel, or this lawsuit.

8  MGA also objects to this request to the extent it seeks information the disclosure of which

9  would implicate the rights of third parties to protect private, confidential, proprietary or

10  trade secret information. MGA also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of which

12  would be inimical to the business interests of MGA. MGA also objects to this request to

13  the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege.

16      Subject to the foregoing, MGA will not produce documents in response to this

17  request.

18  **REQUEST FOR PRODUCTION NO. 66:**

19      All COMMUNICATIONS between YOU and any PERSON that REFER OR

20  RELATE TO the distribution or proposed or potential distribution of BRATZ prior to

21  June 1, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein. MGA also objects to this request on the grounds that it seeks information not

25  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

26  discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

27  oppressive, including, without limitation, to the extent it seeks documents referring or

28  relating to Bratz beyond the first four characters and first generation of dolls. MGA also

LA2:756234.3

57

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 76

1    objects to this request to the extent it seeks information the disclosure of which would

2    implicate the rights of third parties to protect private, confidential, proprietary or trade

3    secret information. MGA also objects to this request on the grounds that it seeks

4    confidential, proprietary or commercially sensitive information, the disclosure of which

5    would be inimical to the business interests of MGA. MGA also objects to this request to

6    the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense or

8    common interest privilege, or other privilege.

9         Subject to the foregoing, MGA will produce documents in its possession, custody

10   or control, if any, that show when and where first generation Bratz dolls were first

11   marketed to any wholesaler, distributor and/or retailer.

12   **REQUEST FOR PRODUCTION NO. 67:**

13        All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd.

14   prior to June 1, 2001.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

16        MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it is

18   overbroad and unduly burdensome, including, without limitation, in that it seeks all

19   communications between MGA and Universal Commerce Corp., without regard to subject

20   matter, and extends back in time indefinitely. MGA also objects to this request to the

21   extent it seeks information the disclosure of which would implicate the rights of third

22   parties to protect private, confidential, proprietary or trade secret information. MGA also

23   objects to this request on the grounds that it seeks confidential, proprietary or

24   commercially sensitive information, the disclosure of which would be inimical to the

25   business interests of MGA. MGA also objects to this request to the extent it calls for the

26   disclosure of attorney-client privileged information or information protected from

27   disclosure by the work-product doctrine, joint defense or common interest privilege, or

28   other privilege. MGA also objects to the extent this request seeks documents not in

LA2:756234.3                    58                MGA'S RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                  DOCUMENTS

Exhibit D , P. 77

1   MGA's possession, custody or control.

2   Subject to the foregoing, MGA will produce communications in its possession,

3   custody or control, if any, between MGA and Universal Commerce Corp., Ltd, relating to

4   the design, development or manufacture of the first generation of Bratz dolls, that it is

5   able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 68:**

7   All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were

8   prepared, authored or created by Mattel, Inc. or any officer, director, employee or

9   representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to,

10   communicated to or disclosed in any manner to YOU.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

12   MGA incorporates by reference the above-stated general objections as if fully set

13   forth herein. MGA also specifically objects to this request on the grounds that it is

14   overbroad and unduly burdensome, and seeks information not relevant to the subject

15   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

16   evidence, including, without limitation, in that it seeks all documents that refer or relate to

17   Mattel and is not otherwise limited as to subject matter or time. MGA also objects to this

18   request on the grounds that it is overbroad, without limitation, in potentially extending to

19   any document that refers or relates to Mattel that Bryant showed to anybody who now

20   works for MGA, even if Bryant showed the document to such person before one or either

21   of them began work for MGA, and, indeed, while Bryant and such person both worked for

22   Mattel, and without regard to whether such person has or had anything to do with the

23   subject matter of this lawsuit. MGA also objects to this request to the extent it seeks

24   information the disclosure of which would implicate the rights of third parties to protect

25   private, confidential, proprietary or trade secret information. MGA also objects to this

26   request on the grounds that it seeks information in violation of the right of privacy. MGA

27   also objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to the

LA2:756234.3

59

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit __D__, P. __78__

1  business interests of MGA. MGA also objects to this request to the extent it calls for the

2  disclosure of attorney-client privileged information or information protected from

3  disclosure by the work-product doctrine, joint defense or common interest privilege, or

4  other privilege. MGA also objects to the extent this request seeks documents not in

5  MGA's possession, custody or control.

6      Subject to the foregoing, MGA will produce all relevant and responsive non-

7  objectionable documents in its possession, custody or control, if any, that it is able to

8  locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 69:**

10     All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001,

11  including without limitation all diaries, notes, calendars, logs, phone records and letters,

12  that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

13  COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

15     MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein. MGA also specifically objects to this request on the grounds that it is

17  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

18  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

19  admissible evidence, including, without limitation, in that it seeks all communications

20  between MGA and Bryant and is not otherwise limited as to subject matter. MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome and

22  oppressive, without limitation, in potentially extending to communications that Bryant

23  may have had with any of MGA's hundreds of employees, agents or representatives, and

24  regardless of whether any such communication is related in any way to the subject matter

25  of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the

26  grounds that it seeks information in violation of the right of privacy. MGA also objects to

27  this request to the extent it seeks information the disclosure of which would implicate the

28  rights of third parties to protect private, confidential, proprietary or trade secret

LA2:756234.3

60

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P. _79_

1  information. MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA. MGA also objects to this request to the extent

4  it calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege. MGA also objects to the extent this request seeks documents

7  not in MGA's possession, custody or control.

8      Subject to the foregoing, MGA will produce all relevant and responsive non-

9  objectionable documents in its possession, custody or control, if any, that it is able to

10  locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 70:**

12      All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR

13  RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without

14  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record

15  or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

17      MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA also specifically objects to this request on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence, including, without limitation, in that it seeks communications that

22  any of MGA's hundreds of employees, agents or representatives may have exchanged at

23  any time with Elise Cloonan that refer or relate to Bryant, Mattel (or any of its officers,

24  directors, employees, or representatives – regardless of whether such person was

25  employed by Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

26  whether any such communication is related in any way to the subject matter of this

27  lawsuit. MGA also objects to this request as overbroad in that it is unlimited as to time.

28  MGA also objects to this request on the grounds that it seeks information in violation of

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit _D_, P. _80_

1.  the right of privacy.  MGA also objects to this request to the extent it seeks information

2.  the disclosure of which would implicate the rights of third parties to protect private,

3.  confidential, proprietary or trade secret information.  MGA also objects to this request on

4.  the grounds that it seeks confidential, proprietary or commercially sensitive information,

5.  the disclosure of which would be inimical to the business interests of MGA.  MGA also

6.  objects to this request to the extent it calls for the disclosure of attorney-client privileged

7.  information or information protected from disclosure by the work-product doctrine, joint

8.  defense or common interest privilege, or other privilege.  MGA also objects to the extent

9.  this request seeks documents not in MGA's possession, custody or control.

10.  Subject to the foregoing, MGA will produce all relevant and responsive non-

11.  objectionable communications in its possession, custody or control, if any, between MGA

12.  and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

13.  reasonably diligent search.

14.  **REQUEST FOR PRODUCTION NO. 71:**

15.  All COMMUNICATIONS between YOU and Elise Cloonan prior to June 11,

16.  2002, including without limitation all diaries, notes, calendars, logs, phone records and

17.  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

18.  such COMMUNICATIONS.

19.  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

20.  MGA incorporates by reference the above-stated general objections as if fully set

21.  forth herein.  MGA also specifically objects to this request on the grounds that it is

22.  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

23.  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

24.  admissible evidence, including, without limitation, in that it seeks all communications

25.  between MGA and Elise Cloonan and is not otherwise limited as to subject matter.  MGA

26.  also objects to this request on the grounds that it is overbroad, unduly burdensome and

27.  oppressive, without limitation, in potentially extending to communications that Elise

28.  Cloonan may have had with any of MGA's hundreds of employees, agents or

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P.  81

1   representatives, and regardless of whether any such communication is related in any way

2   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy.  MGA

4   also objects to this request to the extent it seeks information the disclosure of which would

5   implicate the rights of third parties to protect private, confidential, proprietary or trade

6   secret information.  MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege.  MGA also objects to the extent this request

12   seeks documents not in MGA's possession, custody or control.

13        Subject to the foregoing, MGA will produce all relevant and responsive non-

14   objectionable communications in its possession, custody or control, if any, between MGA

15   and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

16   reasonably diligent search.

17   **REQUEST FOR PRODUCTION NO. 72:**

18        All COMMUNICATIONS between YOU and Veronica Marlow prior to January 1,

19   2001, including without limitation all diaries, notes, calendars, logs, phone records and

20   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

21   such COMMUNICATIONS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

23        MGA incorporates by reference the above-stated general objections as if fully set

24   forth herein.  MGA also specifically objects to this request on the grounds that it is

25   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

26   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

27   admissible evidence, including, without limitation, in that it seeks all communications

28   between MGA and Veronica Marlow and is not otherwise limited as to subject matter.

LA2:756234.3

63

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

2    and oppressive, without limitation, in potentially extending to communications that

3    Veronica Marlow may have had with any of MGA's hundreds of employees, agents or

4    representatives, and regardless of whether any such communication is related in any way

5    to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

6    request on the grounds that it seeks information in violation of the right of privacy. MGA

7    also objects to this request to the extent it seeks information the disclosure of which would

8    implicate the rights of third parties to protect private, confidential, proprietary or trade

9    secret information. MGA also objects to this request on the grounds that it seeks

10   confidential, proprietary or commercially sensitive information, the disclosure of which

11   would be inimical to the business interests of MGA. MGA also objects to this request to

12   the extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense or

14   common interest privilege, or other privilege. MGA also objects to the extent this request

15   seeks documents not in MGA's possession, custody or control.

16       Subject to the foregoing, MGA will produce all relevant and responsive non-

17   objectionable communications in its possession, custody or control, if any, between MGA

18   and Veronica Marlow, dated prior to January 1, 2001, that it is able to locate following a

19   reasonably diligent search.

20   **REQUEST FOR PRODUCTION NO. 73:**

21       All COMMUNICATIONS between YOU and Mercedeh Ward prior to November

22   6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and

23   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

24   such COMMUNICATIONS.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

26       MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request on the grounds that it is

28   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

Exhibit _D_ , P. _83_

1    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

2    admissible evidence, including, without limitation, in that it seeks all communications

3    between MGA and Mercedeh Ward and is not otherwise limited as to subject matter.

4    MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

5    and oppressive, without limitation, in potentially extending to communications that

6    Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or

7    representatives, and regardless of whether any such communication is related in any way

8    to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

9    request on the grounds that it seeks information in violation of the right of privacy.  MGA

10   also objects to this request to the extent it seeks information the disclosure of which would

11   implicate the rights of third parties to protect private, confidential, proprietary or trade

12   secret information.  MGA also objects to this request on the grounds that it seeks

13   confidential, proprietary or commercially sensitive information, the disclosure of which

14   would be inimical to the business interests of MGA.  MGA also objects to this request to

15   the extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work-product doctrine, joint defense or

17   common interest privilege, or other privilege.  MGA also objects to the extent this request

18   seeks documents not in MGA's possession, custody or control.

19          Subject to the foregoing, MGA will produce all relevant and responsive non-

20   objectionable communications in its possession, custody or control, if any, between MGA

21   and Mercedeh Ward, dated prior to November 6, 2000, that it is able to locate following a

22   reasonably diligent search. .

23   **REQUEST FOR PRODUCTION NO. 74:**

24          All COMMUNICATIONS between YOU and Margaret Hatch (also known as

25   Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001, including

26   without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

27   record or memorialize or otherwise REFER OR RELATE TO any such

28   COMMUNICATIONS.

LA2:756234.3

65

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all communications between MGA and Margaret Leahy and is not otherwise limited as to subject matter. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, without limitation, in potentially extending to communications that Margaret Leahy may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to the extent this request seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable communications in its possession, custody or control, if any, between MGA and Margaret Leahy, dated prior to January 1, 2001, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 75:**

All COMMUNICATIONS between YOU and Anna Rhee prior to January 1, 2001,

66

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

LA2:756234.3

Exhibit _D_, P. _85_

1  including without limitation all diaries, notes, calendars, logs, phone records and letters,

2  that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

3  COMMUNICATIONS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein. MGA also specifically objects to this request on the grounds that it is

7  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9  admissible evidence, including, without limitation, in that it seeks all communications

10  between MGA and Anna Rhee and is not otherwise limited as to subject matter. MGA

11  also objects to this request on the grounds that it is overbroad, unduly burdensome and

12  oppressive, without limitation, in potentially extending to communications that Anna

13  Rhee may have had with any of MGA's hundreds of employees, agents or representatives,

14  and regardless of whether any such communication is related in any way to the subject

15  matter of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the

16  grounds that it seeks information in violation the right of privacy. MGA also objects to

17  this request to the extent it seeks information the disclosure of which would implicate the

18  rights of third parties to protect private, confidential, proprietary or trade secret

19  information. MGA also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the business interests of MGA. MGA also objects to this request to the extent

22  it calls for the disclosure of attorney-client privileged information or information

23  protected from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege. MGA also objects to the extent this request seeks documents

25  not in MGA's possession, custody or control.

26       Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable communications in its possession, custody or control, if any, between MGA

28  and Anna Rhee, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3

67

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 86

1   reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 76:**

3       All COMMUNICATIONS between Veronica Marlow and Anna Rhee prior to

4   January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone

5   records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE

6   TO any such COMMUNICATIONS.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein. MGA also specifically objects to this request on the grounds that it is

10   overbroad and unduly burdensome, and seeks information not relevant to the subject

11   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12   evidence, including, without limitation, in that it seeks all communications between

13   Veronica Marlow and Anna Rhee and is not otherwise limited as to subject matter. MGA

14   also objects to this request on the grounds that it seeks information in violation of the right

15   of privacy. MGA also objects to this request to the extent it seeks information the

16   disclosure of which would implicate the rights of third parties to protect private,

17   confidential, proprietary or trade secret information. MGA also objects to this request on

18   the grounds that it seeks confidential, proprietary or commercially sensitive information,

19   the disclosure of which would be inimical to the business interests of MGA. MGA also

20   objects to this request to the extent it calls for the disclosure of attorney-client privileged

21   information or information protected from disclosure by the work-product doctrine, joint

22   defense or common interest privilege, or other privilege. MGA also objects to the extent

23   this request seeks documents not in MGA's possession, custody or control.

24       Subject to the foregoing, MGA will produce all relevant and responsive non-

25   objectionable documents in its possession, custody or control, if any, that it is able to

26   locate following a reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 77:**

28       All COMMUNICATIONS between YOU and Sarah Halpern prior to January 1,

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 87

1   2001, including without limitation all diaries, notes, calendars, logs, phone records and

2   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

3   such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein.  MGA also specifically objects to this request on the grounds that it is

7   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9   admissible evidence, including, without limitation, in that it seeks all communications

10   between MGA and Sarah Halpern and is not otherwise limited as to subject matter.  MGA

11   also objects to this request on the grounds that it is overbroad, unduly burdensome and

12   oppressive, without limitation, in potentially extending to communications that Sarah

13   Halpern may have had with any of MGA's hundreds of employees, agents or

14   representatives, and regardless of whether any such communication is related in any way

15   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

16   request on the grounds that it seeks information in violation of the right of privacy.  MGA

17   also objects to this request to the extent it seeks information the disclosure of which would

18   implicate the rights of third parties to protect private, confidential, proprietary or trade

19   secret information.  MGA also objects to this request on the grounds that it seeks

20   confidential, proprietary or commercially sensitive information, the disclosure of which

21   would be inimical to the business interests of MGA.  MGA also objects to this request to

22   the extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense or

24   common interest privilege, or other privilege.  MGA also objects to the extent this request

25   seeks documents not in MGA's possession, custody or control.

26       Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable communications in its possession, custody or control, if any, between MGA

28   and Sarah Halpern, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3

69

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 88

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 78:**

3        All COMMUNICATIONS between YOU and Jesse Ramirez prior to January 1,

4    2001, including without limitation all diaries, notes, calendars, logs, phone records and

5    letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

6    such COMMUNICATIONS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

8        MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request on the grounds that it is

10    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

11    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

12    admissible evidence, including, without limitation, in that it seeks all communications

13    between MGA and Jesse Ramirez and is not otherwise limited as to subject matter. MGA

14    also objects to this request on the grounds that it is overbroad, unduly burdensome and

15    oppressive, without limitation, in potentially extending to communications that Jesse

16    Ramirez may have had with any of MGA's hundreds of employees, agents or

17    representatives, and regardless of whether any such communication is related in any way

18    to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

19    request on the grounds that it seeks information in violation of the right of privacy. MGA

20    also objects to this request to the extent it seeks information the disclosure of which would

21    implicate the rights of third parties to protect private, confidential, proprietary or trade

22    secret information. MGA also objects to this request on the grounds that it seeks

23    confidential, proprietary or commercially sensitive information, the disclosure of which

24    would be inimical to the business interests of MGA. MGA also objects to this request to

25    the extent it calls for the disclosure of attorney-client privileged information or

26    information protected from disclosure by the work-product doctrine, joint defense or

27    common interest privilege, or other privilege. MGA also objects to the extent this request

28    seeks documents not in MGA's possession, custody or control.

Exhibit _D_ , P. _89_

1       Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable communications in its possession, custody or control, if any, between MGA

3   and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4   reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 79:**

6       Any personnel or vendor file that YOU have created or maintained concerning

7   BRYANT.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein.  MGA also specifically objects to this request on the grounds that it is

11  overbroad and unduly burdensome, and seeks information not relevant to the subject

12  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13  evidence, including, without limitation, in that it seeks any personnel or vendor file

14  concerning Bryant created or maintained by MGA and is not otherwise limited as to

15  subject matter or time.  MGA also objects to this request on the grounds that it is vague

16  and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

17  objects to this request on the grounds that it seeks information in violation the right of

18  privacy.  MGA also objects to this request to the extent it seeks information the disclosure

19  of which would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information.  MGA also objects to this request on the grounds

21  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22  of which would be inimical to the business interests of MGA.  MGA also objects to this

23  request to the extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense or

25  common interest privilege, or other privilege.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable documents in its possession, custody or control, if any, that it is able to

28  locate following a reasonably diligent search.

LA2:756234.3

71

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit _D_, P._90_

**REQUEST FOR PRODUCTION NO. 80:**

   Any personnel file that YOU have created or maintained concerning Paula Treantafellas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

   MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks any personnel file concerning Paula Treantafellas created or maintained by MGA and is not otherwise limited as to subject matter or time. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

   Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 81:**

   Any personnel file that YOU have created or maintained concerning Mercedeh Ward.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

   MGA incorporates by reference the above-stated general objections as if fully set

72

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit D , P. 91

1  forth herein. MGA also specifically objects to this request on the grounds that it is

2  overbroad and unduly burdensome, and seeks information not relevant to the subject

3  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4  evidence, including, without limitation, in that it seeks any personnel file concerning

5  Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6  matter or time. MGA also objects to this request on the grounds that it seeks information

7  in violation of the right of privacy. MGA also objects to this request to the extent it seeks

8  information the disclosure of which would implicate the rights of third parties to protect

9  private, confidential, proprietary or trade secret information. MGA also objects to this

10  request on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of MGA.

12  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-product

14  doctrine, joint defense or common interest privilege, or other privilege.

15        Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 82:**

19        Any personnel or vendor file that YOU have created or maintained concerning

20  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22        MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein. MGA also specifically objects to this request on the grounds that it is

24  overbroad and unduly burdensome, and seeks information not relevant to the subject

25  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26  evidence, including, without limitation, in that it seeks any personnel or vendor file

27  concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28  as to subject matter or time. MGA also objects to this request on the grounds that it is

73

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit __D__, P. __92__

1   vague and ambiguous in that MGA cannot determine what is meant by "vendor file."

2   MGA also objects to this request on the grounds that it seeks information in violation of

3   the right of privacy. MGA also objects to this request to the extent it seeks information

4   the disclosure of which would implicate the rights of third parties to protect private,

5   confidential, proprietary or trade secret information. MGA also objects to this request on

6   the grounds that it seeks confidential, proprietary or commercially sensitive information,

7   the disclosure of which would be inimical to the business interests of MGA. MGA also

8   objects to this request to the extent it calls for the disclosure of attorney-client privileged

9   information or information protected from disclosure by the work-product doctrine, joint

10   defense or common interest privilege, or other privilege.

11       Subject to the foregoing, MGA will produce all relevant and responsive non-

12   objectionable documents in its possession, custody or control, if any, that it is able to

13   locate following a reasonably diligent search..

14   **REQUEST FOR PRODUCTION NO. 83:**

15       Any personnel or vendor file that YOU have created or maintained concerning

16   Veronica Marlow

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

18       MGA incorporates by reference the above-stated general objections as if fully set

19   forth herein. MGA also specifically objects to this request on the grounds that it is

20   overbroad and unduly burdensome, and seeks information not relevant to the subject

21   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

22   evidence, including, without limitation, in that it seeks any personnel or vendor file

23   concerning Veronica Marlow created or maintained by MGA and is not otherwise limited

24   as to subject matter or time. MGA also objects to this request on the grounds that it is

25   vague and ambiguous in that MGA cannot determine what is meant by "vendor file."

26   MGA also objects to this request on the grounds that it seeks information in violation of

27   the right of privacy. MGA also objects to this request to the extent it seeks information

28   the disclosure of which would implicate the rights of third parties to protect private,

LA2:756234.3                74                MGA'S RESPONSE TO 1ST SET OF
                                              REQUEST FOR PRODUCTION OF
                                              DOCUMENTS

Exhibit  D , P.  93

1  confidential, proprietary or trade secret information. MGA also objects to this request on

2  the grounds that it seeks confidential, proprietary or commercially sensitive information,

3  the disclosure of which would be inimical to the business interests of MGA. MGA also

4  objects to this request to the extent it calls for the disclosure of attorney-client privileged

5  information or information protected from disclosure by the work-product doctrine, joint

6  defense or common interest privilege, or other privilege.

7      Subject to the foregoing, MGA will produce all relevant and responsive non-

8  objectionable documents in its possession, custody or control, if any, that it is able to

9  locate following a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 84:**

11      Any personnel or vendor file that YOU have created or maintained concerning

12  Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14      MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it is

16  overbroad and unduly burdensome, and seeks information not relevant to the subject

17  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence, including, without limitation, in that it seeks any personnel or vendor file

19  concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20  subject matter or time. MGA also objects to this request on the grounds that it is vague

21  and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

22  objects to this request on the grounds that it seeks information in violation of the right of

23  privacy. MGA also objects to this request to the extent it seeks information the disclosure

24  of which would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information. MGA also objects to this request on the grounds

26  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27  of which would be inimical to the business interests of MGA. MGA also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3

75

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents in its possession, custody or control, if any, that it is able to

5   locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 85:**

7        Any personnel or vendor file that YOU have created or maintained concerning

8   Jesse Ramirez.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10       MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein.  MGA also specifically objects to this request on the grounds that it is

12  overbroad and unduly burdensome, and seeks information not relevant to the subject

13  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14  evidence, including, without limitation, in that it seeks any personnel or vendor file

15  concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16  to subject matter or time.  MGA also objects to this request on the grounds that it is vague

17  and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

18  objects to this request on the grounds that it seeks information in violation of the right of

19  privacy.  MGA also objects to this request to the extent it seeks information the disclosure

20  of which would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information.  MGA also objects to this request on the grounds

22  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23  of which would be inimical to the business interests of MGA.  MGA also objects to this

24  request to the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege.

27

28

76

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit __D__ , P. __95__

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 86:**

5    Any personnel file that YOU have created or maintained concerning Shirin

6    Salemnia.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8    MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request on the grounds that it is

10    overbroad and unduly burdensome, and seeks information not relevant to the subject

11    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12    evidence, including, without limitation, in that it seeks any personnel file concerning

13    Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject

14    matter or time. MGA also objects to this request on the grounds that it seeks information

15    in violation of the right of privacy. MGA also objects to this request to the extent it seeks

16    information the disclosure of which would implicate the rights of third parties to protect

17    private, confidential, proprietary or trade secret information. MGA also objects to this

18    request on the grounds that it seeks confidential, proprietary or commercially sensitive

19    information, the disclosure of which would be inimical to the business interests of MGA.

20    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21    privileged information or information protected from disclosure by the work-product

22    doctrine, joint defense or common interest privilege, or other privilege.

23    Subject to the foregoing, MGA will produce all relevant and responsive non-

24    objectionable documents in its possession, custody or control, if any, that it is able to

25    locate following a reasonably diligent search.

26    **REQUEST FOR PRODUCTION NO. 87:**

27    Any personnel file that YOU have created or maintained concerning Victoria

28    O'Connor.

LA2:756234.3

77

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit D , P. 96

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks any personnel file concerning Victoria O'Connor created or maintained by MGA and is not otherwise limited as to subject matter or time. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 88:

Any personnel file that YOU have created or maintained concerning Farhad Larian.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks any personnel file concerning

78

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

LA2:756234.3

Exhibit _D_, P. _97_

1   Farhad Larian created or maintained by MGA and is not otherwise limited as to subject

2   matter or time. MGA also objects to this request on the grounds that it seeks information

3   in violation of the right of privacy. MGA also objects to this request to the extent it seeks

4   information the disclosure of which would implicate the rights of third parties to protect

5   private, confidential, proprietary or trade secret information. MGA also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of MGA.

8   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

9   privileged information or information protected from disclosure by the work-product

10  doctrine, joint defense or common interest privilege, or other privilege.

11         Subject to the foregoing, MGA will not produce documents in response to this

12  request.

13  **REQUEST FOR PRODUCTION NO. 89:**

14         All telephone records for MGA Entertainment Inc. for the time period from

15  January 1, 1998 through January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

17         MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA also specifically objects to this request on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence, including, without limitation, in that it seeks all telephone records

22  for MGA entertainment, without limitation as to who placed the call or who was called,

23  thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

24  MGA called in the referenced time period, and the length and frequency of those calls.

25  MGA also objects to this request on the grounds that it is overbroad in that it asks for

26  phone records beginning in January, 1998. MGA also objects to this request on the

27  grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

28  that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

LA2:756234.3

79

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 98

1    order.  Requiring MGA to respond to this request before the motion regarding Mattel's

2    subpoena to Verizon is settled would be premature, unduly burdensome and oppressive.

3    MGA also objects to this request on the grounds that it seeks information in violation of

4    the right of privacy.  MGA also objects to this request on the grounds that it seeks

5    confidential, proprietary or commercially sensitive information, the disclosure of which

6    would be inimical to the business interests of MGA.

7           Subject to the foregoing, MGA will not produce documents in response to this

8    request.

9    **REQUEST FOR PRODUCTION NO. 90:**

10          All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11   other application or registration for BRATZ DESIGNS, including without limitation all

12   COMMUNICATIONS pertaining thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

14          MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably calculated to

17   lead to the discovery of admissible evidence and is, thus, overbroad, including, without

18   limitation, in that it seeks all documents relating to any copyright, patent, trademark, or

19   other application for registration of BRATZ DESIGNS not at issue in this litigation,

20   which may include dozens—potentially hundreds—of products.  MGA also objects to this

21   request on the grounds that it seeks information not relevant to the subject matter of this

22   lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is,

23   thus, overbroad, unduly burdensome and oppressive, including, without limitation, to the

24   extent it seeks documents referring or relating to Bratz beyond the first four characters and

25   first generation of dolls.  MGA also objects to this request on the grounds that it seeks

26   confidential, proprietary or commercially sensitive information, the disclosure of which

27   would be inimical to the business interests of MGA.  MGA also objects to this request to

28   the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3                                       80                        MGA'S RESPONSE TO 1ST SET OF
                                                                             REQUEST FOR PRODUCTION OF
                                                                             DOCUMENTS

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege. MGA also objects to this request on the

3   grounds that it seeks information that is already known to Mattel and/or is a matter of

4   public record.

5          Subject to the foregoing, MGA will produce all relevant and responsive non-

6   objectionable documents in its possession, custody or control, if any, referring or relating

7   to copyrights of the first generation of Bratz character art and dolls, that it is able to locate

8   following a reasonably diligent search.

9   **REQUEST FOR PRODUCTION NO. 91:**

10         All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11  other application or registration for ANGEL DESIGNS, including without limitation all

12  COMMUNICATIONS pertaining thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14         MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence including, without limitation, in that is seeks

18  information related to an MGA product not at issue in this lawsuit, and that registrations

19  for ANGEL DESIGNS have nothing whatsoever to do with Bryant, Mattel, or this

20  lawsuit. MGA also objects to this request on the grounds that it seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence and is, thus, overbroad, including, without limitation, in

23  that it seeks all documents relating to any copyright, patent, or other application for

24  registration of ANGEL DESIGNS. MGA also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to protect

26  private, confidential, proprietary or trade secret information. MGA also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of MGA.

LA2:756234.3

81

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

2   privileged information or information protected from disclosure by the work-product

3   doctrine, joint defense or common interest privilege, or other privilege.

4        Subject to the foregoing, MGA will not produce documents in response to this

5   request.

6   **REQUEST FOR PRODUCTION NO. 92:**

7        All DOCUMENTS that REFER OR RELATE TO any testing of or sampling from

8   any DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including

9   without limitation any such testing or sampling in connection with any ink, paper or

10   chemical analysis to date any such DOCUMENTS and including without limitation all

11   results and reports relating thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

13        MGA incorporates by reference the above-stated general objections as if fully set

14   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably calculated to

16   lead to the discovery of admissible evidence.  MGA also objects to this request to the

17   extent that it seeks documents not within MGA's possession, custody or control.  MGA

18   also objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to the

20   business interests of MGA.  MGA also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest privilege, or

23   other privilege.

24        Subject to the foregoing, MGA will not produce documents in response to this

25   request.

26   **REQUEST FOR PRODUCTION NO. 93:**

27        An electronic copy of each DOCUMENT that YOU have produced in this action,

28   or that is responsive to these Requests, that is or was created, prepared, generated,

82

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

LA2:756234.3

Exhibit __D__, P. _101_

1   maintained or transmitted in digital form.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

5   burdensome and oppressive, particularly as to the expense associated with producing to

6   Mattel in electronic form documents that MGA has already produced, or will produce in

7   response to these requests, in another form.

8       Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10   **REQUEST FOR PRODUCTION NO. 94:**

11       The metadata for each DOCUMENT that YOU have produced in this action, or

12   that is responsive to these Requests, that is or was created, prepared, generated,

13   maintained or transmitted in digital form.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

17   burdensome and oppressive, particularly as to the expense associated with producing

18   metadata to Mattel for each digital document that MGA has already produced, or will

19   produce in response to these requests, if any.  MGA also objects to this request to the

20   extent it calls for the disclosure of attorney-client privileged information or information

21   protected from disclosure by the work-product doctrine, joint defense or common interest

22   privilege, or other privilege.

23       Subject to the foregoing, MGA will not produce documents in response to this

24   request.

25   **REQUEST FOR PRODUCTION NO. 95:**

26       All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any

27   facts underlying YOUR Affirmative Defenses in this action.

28

LA2:756234.3

83

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit  D , P. 102

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request on the grounds that it is overbroad and unduly burdensome in that it calls for all documents that support, refute or otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA also objects to this request on the grounds that it calls for legal conclusions.  MGA also objects to this request on the grounds that it seeks information in Mattel's possession and/or in the public record, and/or equally available to Mattel.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that support its affirmative defenses, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 96:**

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA specifically objects to this request to the extent that it seeks tangible items not within MGA's possession, custody or control.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information

84

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Exhibit _D_ , P. _103_

1  protected from disclosure by the work product doctrine, joint defense or common interest
2  privilege, or other privilege.

3      Subject to the foregoing, MGA will produce all relevant and responsive non-
4  objectionable tangible items in its possession, custody or control, if any, that it is able to
5  locate following a reasonably diligent search.

6  **REQUEST FOR PRODUCTION NO. 97:**

7      All doll heads, sculpts, prototypes, models, samples and tangible items that were
8  created, prepared or made, whether in whole or in part, prior to January 1, 2001 that
9  REFER OR RELATE TO ANGEL.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

11      MGA incorporates by reference the above-stated general objections as if fully set
12  forth herein. MGA specifically objects to this request on the grounds that it seeks
13  information not relevant to the subject matter of this lawsuit or reasonably calculated to
14  lead to the discovery of admissible evidence and is, thus, overbroad including, without
15  limitation, in that it seeks tangible items referring or relating to MGA products not at issue
16  in this lawsuit. MGA also objects to this request on the grounds that it seeks tangible
17  items not within MGA's possession, custody or control. MGA also objects to this request
18  to the extent it seeks information the disclosure of which would implicate the rights of
19  third parties to protect private, confidential, proprietary or trade secret information. MGA
20  also specifically objects to this request on the grounds that it seeks confidential,
21  proprietary, or commercially sensitive information, the disclosure of which would be
22  inimical to the business interests of MGA. MGA also objects to this request to the extent
23  it calls for the disclosure of attorney-client privileged information or information
24  protected from disclosure by the work product doctrine, joint defense or common interest
25  privilege, or other privilege.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-
27  objectionable tangible items in its possession, custody or control, if any, that it is able to
28  locate following a reasonably diligent search.

LA2:756234.3

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Exhibit D , P. 104

**REQUEST FOR PRODUCTION NO. 98:**

All doll heads, sculpts, prototypes, models, samples and tangible items that Anna Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad including, without limitation, to the extent that is seeks tangible items relating to products not at issue in this lawsuit. MGA also objects to this request on the grounds that it seeks tangible items not within MGA's possession, custody or control. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable tangible items in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 99:**

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

LA2:756234.3

86

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad including, without limitation, in that it seeks tangible items relating to DESIGNS for dolls, doll accessories or toys that are not at issue in this lawsuit, and in that it reaches back into time indefinitely and, thus, for example, calls for documents referring or relating to DESIGNS Bryant might have conceived of in his childhood and that have nothing whatsoever to do with this action. MGA also objects to this request on the grounds that it seeks tangible items not within MGA's possession, custody or control. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable tangible items in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 100:**

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

MGA incorporates by reference the above-stated general objections as if fully set

87

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

LA2:756234.3

Exhibit D, P. 106

1     forth herein.  MGA also specifically objects to this request on the grounds that it is

2     overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3     or otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA

4     also objects to this request on the grounds that it calls for legal conclusions.  MGA also

5     objects to this request to the extent it calls for the disclosure of attorney-client privileged

6     information or information protected from disclosure by the work-product doctrine, joint

7     defense or common interest privilege, or other privilege.

8         Subject to the foregoing, MGA will produce all relevant and responsive non-

9     objectionable documents in its possession, custody or control, if any, that support its

10    affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13          AS TO OBJECTIONS ONLY:

14

15    Dated: April _13_, 2005

16                 DIANA M. TORRES
                    PAULA E. AMBROSINI

17                 O'MELVENY & MYERS LLP

18

19                 By: _Paula E. Ambrosini_
                       Paula E. Ambrosini

20                 Attorneys for Defendant-in-Intervention
                MGA Entertainment, Inc.

21

22

23

24

25

26

27

28

LA2:756234.3

                     88         MGA'S RESPONSE TO 1ST SET OF
                                   REQUEST FOR PRODUCTION OF
                                         DOCUMENTS

## PROOF OF SERVICE

I, Jennifer R. Szoke, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On April 13, 2005, I served the within document:

**MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

[X] by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith Jacoby (by mail only)
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

Michael T. Zeller (by fax and mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 13, 2005, at Los Angeles, California.

Jennifer R. Szoke

LA2:758376.1

Exhibit __D__, P. __108__

# EXHIBIT E

**ORIGINAL**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5    Timothy L. Alger (Bar No. 160303)
     (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
7  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Cross-Defendant
9  Mattel, Inc.

10                 UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

13  CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                                 Consolidated with
                 Plaintiff,        Case No. CV 04-09059
15                                 Case No. CV 05-02727
          vs.
16                                 **DISCOVERY MATTER**
    MATTEL, INC., a Delaware
17  corporation,                   **[To Be Heard By Discovery Master Hon.
                                   Edward Infante (Ret.) Pursuant To The Court's
18               Defendant.        Order Of December 6, 2006]**

19  ─────────────────────────      MATTEL, INC.'S NOTICE OF MOTION AND
    AND CONSOLIDATED               MOTION TO COMPEL PRODUCTION OF
20  ACTIONS                        DOCUMENTS AND INTERROGATORY
                                   ANSWERS BY MGA ENTERTAINMENT, INC.;
21
                                   AND MEMORANDUM OF POINTS AND
22                                 AUTHORITIES

23                                 [Separate Statement and Declaration of Michael T.
                                   Zeller filed concurrently herewith]
24
                                   Hearing Date: TBA
25                                 Time: TBA
                                   Place: TBA
26
                                   Discovery Cut-off: None Set
27                                 Pre-trial Conference: None Set
                                   Trial Date: None Set
28

07209/2046181.3

                                        MATTEL, INC.'S MOTION TO COMPEL

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |          PLEASE TAKE NOTICE that at a telephonic conference before

3 | Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4 | to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5 | does, move the Court:

6 |          (1) to compel MGA Entertainment, Inc. ("MGA") to produce

7 | documents responsive to Mattel Request Nos. 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 26, 27,

8 | 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 45, 46, 49, 50, 51, 53, 55, 57, 59, 61, 63,

9 | 64, 66, 67, 69, 70, 88, 90, 91, 92, 96, 97, 98, 99, 100, including all documents,

10 | regardless of date of creation, relating to the origins of Bratz and the design,

11 | development and marketing of Bratz prior to June 31, 2001;

12 |          (2) to compel MGA to produce all redacted documents in un-redacted

13 | form; serve a complete privilege log; and complete its production by producing

14 | missing attachments, fax cover pages and the like;

15 |          (3) to compel MGA to answer fully and completely Mattel

16 | Interrogatories Nos. 5-11; and

17 |          (3) for an award of sanctions against MGA in the amount of $6,700.00,

18 | which represents a portion of the costs incurred by Mattel in bringing this Motion.

19 |          This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34

20 | and 37 on the grounds that Mattel's Requests seek discoverable information and

21 | MGA's objections lack merit.

22 |          This motion shall be heard by the Honorable Edward Infante,

23 | Discovery Master. The parties met and conferred regarding this motion on August 8

24 | and 16, 2006 and on January 26, 2007.

25 |

26 |

27 |

28 |

i

Exhibit _6_, P. _110_

1        This Motion is based on this Notice of Motion and Motion, the

2  accompanying Memorandum of Points and Authorities, the Declaration of

3  Michael T. Zeller filed concurrently herewith, the Separate Statement filed

4  concurrently herewith, the records and files of this Court, and all other matters of

5  which the Court may take judicial notice.

6

7  DATED:  February 2, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

8

9                                   By _____

10                                      Michael T. Zeller
                                     Attorneys for Plaintiff and Cross-Defendant

11                                      Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Exhibit _E_ , P. _111_

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

Preliminary Statement ............................................................................. 1

Argument ................................................................................................ 3

I.    MGA's Production Is Incomplete And Unintelligible. .................................. 3

II.   MGA Has Engaged In A Practice Of Failing To Produce Responsive Documents Until Mattel Discovers Such Documents From Other Sources. ........................................................................................ 7

III.  MGA's Refusal To Produce Any Documents From Its Hong Kong Subsidiary Is Contrary To Law. .............................................................. 11

IV.  MGA's Failure To Produce Prior Testimony Regarding Bratz Frustrates Mattel's Ability To Gather Evidence And Identify Witnesses. ...................... 13

V.   MGA's Failure To Provide Full And Complete Answers To Mattel's Interrogatories Relating To The Origins Of Bratz Frustrates Mattel's Ability To Gather Evidence And Identify Witnesses. ..................................... 15

VI.  MGA Should Be Sanctioned. ....................................................................... 18

Exhibit _E_ , P. _112_

# TABLE OF AUTHORITIES

**Page**

### Cases

In re ATM Fee Antitrust Litigation,
  233 F.R.D. 542 (N.D. Cal. 2005) ................................................................ 12

Bohannon v. Honda Motor Co., Ltd., et al.,
  127 F.R.D. 536 (D. Kan. 1989) .................................................................. 14

Braley v. Campbell,
  832 F.2d 1504 (10th Cir. 1987) .................................................................. 19

Davis v. Fendler,
  650 F.2d 1154 (9th Cir. 1981) .................................................................... 16

Hyde & Drath v. Baker,
  24 F.3d 1162 (9th Cir. 1994) ...................................................................... 19

Miller v. Federal Express Corp.,
  186 F.R.D. 376 (W.D. Tenn. 1999) ............................................................ 17

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995) ...................................................................... 19

Richmark Corp. v. Timber Falling Consultants,
  959 F.2d 1468 (9th Cir.), cert. denied, 506 U.S. 948 (1992) ..................... 16

U.S. v. Internaitonal Union of Petroleum and Industrial Workers,
  870 F.2d 1450 (9th Cir. 1989) .................................................................... 12

VNA Plus, Inc. v. Apria Healthcare Group, Inc.,
  1999 WL 386949 (D. Kan. 1999) ............................................................... 17

### Statutes

28 U.S.C. § 1927 ............................................................................................. 19

Fed. R. Civ. P. 33(b)(3) ................................................................................. 16

Fed. R. Civ. P. 33(b)(6) ................................................................................. 7

Fed. R. Civ. P. 33(d) ...................................................................................... 17

Fed. R. Civ. P. 34 ............................................................................................ i

Fed. R. Civ. P. 37(a)(4) ................................................................................. 19

Exhibit _E_, P. _113_

1

## Miscellaneous

2

Moore's Federal Practice § 33.174[2]..................................................................... 16

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

Exhibit _E_, P. _114_

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc. ("Mattel") seeks to compel defendant MGA Entertainment, Inc. ("MGA") to produce all documents—regardless of their date of creation—relating to the origin, conception, design and development of Bratz and to fully answer Mattel's Interrogatories on those subjects. As the Discovery Master observed in his recent Order granting Mattel's motion to compel against defendant Carter Bryant, "at the heart of this lawsuit is a dispute over the rights to the 'Bratz' dolls."[1] The Order makes clear that documents relating to the origin, design and development of Bratz are thus discoverable.

MGA, however, continues to withhold information on these subjects and, despite Mattel's repeated requests, has failed to cure the deficiencies in MGA's production. To date, Mattel has produced nearly 60,000 pages of documents. In contrast, MGA has produced a few thousand pages.[2] Not only are certain categories of critical documents relating to Bratz absent from MGA's production,[3] but what little MGA has produced is itself deficient. Among other things, MGA's production includes pages that are replete with redactions, often to the point where all or most of the entire page is blank except for the Bates number, "Attorneys' Eyes Only" and "Redacted" stamps put on them by attorneys.[4] The net result of these multiple deficiencies is to render MGA's production both woefully incomplete and

[1] Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 2, attached as Exhibit 1 to the Declaration of Michael T. Zeller, dated February 1, 2007 and filed concurrently herewith ("Zeller Dec.").

[2] Zeller Dec., ¶ 3.

[3] For instance, MGA has not produced any internal documents from its Hong Kong office, even though it was involved in the development of Bratz. See Zeller Dec., Exh. 7.

[4] See e.g., sample pages from MGA's production, Zeller Dec., Exhs. 2-6.

Exhibit _E_, P. _115_

1  unintelligible, and MGA has failed to produce clearly relevant documents regarding

2  the origin, conception, design and development of Bratz.  MGA's failure to comply

3  with its discovery obligations also extends to its incomplete or non-existent answers

4  to Mattel's Interrogatories seeking basic information about these same subjects.

5  These facts alone justify granting Mattel's Motion to Compel.  However, these

6  deficiencies are even more disturbing in light of MGA's pattern of not producing

7  critical documents or identifying witnesses involved with Bratz until Mattel

8  independently discovers such documents from another source or such witnesses

9  come forward.

10         MGA also has no legitimate excuse for its stonewalling here.  MGA's

11  arguments attempting to justify its incomplete and heavily redacted production, such

12  as its artificial "First Generation Bratz" distinction, are virtually identical to the

13  positions that Bryant had asserted in his refusals to produce relevant Bratz

14  documents and that the Discovery Master had rejected in his Order granting Mattel's

15  Motion to Compel against Bryant.  Although MGA at one point stated that it would

16  reconsider its positions in light of that Order, MGA nevertheless opted to persist in

17  its failures and refusals.   MGA should be compelled to produce responsive

18  documents without redactions (except to protect attorney-client privilege or attorney

19  work product and are reflected on a privilege log) responsive to Mattel's document

20  requests and to fully and completely answer Mattel's Interrogatories.

21         MGA's (and Bryant's) pattern of obstructionism notwithstanding,

22  Mattel has uncovered evidence confirming that (1) Bryant designed Bratz while

23  employed by Mattel; (2) Bryant used Mattel resources to design Bratz; (3) MGA

24  contracted with Bryant to obtain the rights to Bratz knowing that Bryant was

25  employed by Mattel; and (4) MGA paid Bryant for work performed on Bratz while

26

27

28

-2-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Exhibit _E_, P. _116_

1 he was still employed by Mattel.[5]  Furthermore, Mattel has uncovered evidence of,
2 and is asserting claims for, trade secret theft, copyright infringement and acts of
3 unfair competition by defendants.[6]   MGA's incomplete production and its
4 inadequate Interrogatory answers jeopardize Mattel's ability to pursue its rights and
5 to defend itself against MGA's own claims -- claims for which MGA recently
6 announced it would be seeking "billions" of dollars in damages.[7]  Mattel respectfully
7 requests that the Discovery Master grant this motion in its entirety, including by
8 ordering MGA to produce all non-privileged documents relating to the origin,
9 conception, design and development of Bratz, and to fully answer Mattel's
10 Interrogatories.

11

12                              **Argument**

13 I.    **MGA's Production Is Incomplete And Unintelligible.**

14            MGA's production contains numerous inappropriate redactions that do
15 not appear to be based on privilege, such that more than half of MGA's production
16 consists of pages that are _entirely_ redacted.[8]  Pages with text are frequently so
17 heavily redacted as to be unintelligible.  For instance, multiple emails produced by
18 MGA have everything but the "To," "From" and "Subject" header information
19 redacted.[9]  Other pages include illegible text or images and/or have text or other

20

21    _____

22    [5]   Mattel's Amended Answer and Cross-Complaint in _MGA v. Mattel, Inc._, Case
23 No. CV 05-2727 SGL (RNBx) (the "Unfair Competition Case") at ¶¶ 26-27, Zeller
   Dec., Exh. 8.
24    [6]   Id. at ¶¶ 37-54.
25    [7]   "Nightline" transcript at 5, Zeller Dec., Exh. 56.  MGA Complaint at ¶ 101-
   125, Zeller Dec., Exh. 9.  Moreover, MGA's Complaint states on its face that it
26 seeks "tens of millions" of dollars from Mattel.  Id. at Prayer ¶ 2.
    [8]   See, e.g. Entirely redacted pages from MGA's production, Zeller Dec., Exh. 2.
27    [9]   See, e.g. Heavily redacted emails from MGA's production Zeller Dec., Exh. 3.
28

Exhibit _6_ , P. _117_

1 information cut-off.[10]   Other pages reference attachments to emails and other
2 documents, but the attachments are missing.[11]  In addition, invoices are produced for
3 which no corresponding check stubs, purchase orders or requisitions were
4 produced.[12]  In some cases, the identifying information necessary to match invoices
5 with other financial documents may have been redacted.  Many other pages are even
6 redacted in their entirety.[13]

7           MGA's justifications for its heavy-handed redactions are almost
8 identical to the ones that Bryant had asserted and that were rejected by the
9 Discovery Master in his Order Granting Mattel's Motion to Compel Production of
10 Documents of Bryant.  For instance, like Bryant, MGA has withheld information
11 and documents relating to any Bratz product other than "First Generation" Bratz—
12 an artificial, and illogical, limitation which the Discovery Master rejected.[14]
13 Further, MGA imposed a "First Generation" Bratz limitation with regards to royalty
14 statements from MGA to Bryant, producing heavily redacted statements that show
15 only Bryant's earnings on the "First Generation" Bratz. This limitation, too, was one
16 rejected by the Discovery Master in his Order.[15]  Like Bryant, MGA also stood on
17 its refusal to produce evidence relating to agreements between MGA and Bryant,
18 including their fee arrangements.  The Discovery Master similarly rejected this
19 limitation on discovery, noting that such agreements go to issues of liability, bias
20 and lack of credibility.[16]

21 _____

22   [10]  See, e.g., Cut-off and illegible pages from MGA's production, Zeller Dec.,
23 Exh. 4.
       [11]  See, e.g., Email with missing attachment from MGA's production, Zeller
24 Dec., Exh. 5.
       [12]  See, e.g., Invoice from MGA's production, Zeller Dec., Exh. 6.
25   [13]  See, e.g., Zeller Dec, Exh. 2.
26   [14]  See Discovery Master's Order at 12-13, Zeller Dec., Exh. 1.
       [15]  Id. at 13-14.
27   [16]  Id. at 12.

28

Exhibit _E_ , P. _118_

Consistent with the Discovery Master's Order, and because they seek clearly discoverable information, MGA should be compelled to produce the following categories of documents:

- Documents referring or relating to Bryant's agreements with MGA, including communications exchanged by the parties and drafts of the agreements;[17]

- Documents referring or relating to agreements discussed or negotiated by Bryant and MGA while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel;[18]

- Documents referring or relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action;[19]

- All documents relating to works created or services provided by Bryant to MGA during his Mattel employment, regardless of whether they resulted in a Bratz doll released in June of 2001;[20]

- All non-privileged documents referring or relating to designs that Bryant created, authored, produced, conceived of or reduced to practice after October 20, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA;[21]

- All documents referring or relating to the conception, creation, design, development, engineering or sculpting of Bratz;[22]

---

[17] <u>Id.</u> at 12.
[18] <u>Id.</u> at 12.
[19] <u>Id.</u> at 12.
[20] <u>Id.</u> at 12-13.
[21] <u>Id.</u> at 12-13.
[22] <u>Id.</u> at 12-13.

- All non-privileged documents referring or relating to work, activities or services that Bryant performed concerning Bratz after October 20, 2000;[23]

- All non-privileged documents referring or relating to Bryant's participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of Bratz;[24]

- All prototypes, models, samples and tangibles referring or relating to designs for dolls, doll accessories or toys that Bryant produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for MGA;[25]

- All documents relating to Bryant's payments from MGA, including all royalty statements in unredacted form;[26]

- All communications between Bryant and MGA or third parties that relate to designs Bryant created while employed by Mattel;[27]

- All communications between Bryant and MGA that relate to Mattel employees;[28]

- All communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment;[29]

---

[23] Id. at 12-13.
[24] Id. at 12-13.
[25] Id. at 12-13.
[26] Id. at 13-14.
[27] Id. at 15-16.
[28] Id. at 15-16.
[29] Id. at 15-16.

Exhibit  5 , P. 120

- All non-privileged communications between Bryant and MGA that post-date Bryant's Mattel employment;[30] and

- All non-privileged documents referring or relating to any copyright, patent or any other application or registration for designs that Bryant produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all communications pertaining thereto.[31]

An Order is necessary to ensure that MGA can no longer use artificial distinctions to cherry-pick what documents it chooses to produce and which documents it chooses to withhold from Mattel and to ensure that what MGA produces is produced in unredacted from (unless it is to protect privilege and is reflected on a privilege log).

## II.  MGA Has Engaged In A Practice Of Failing To Produce Responsive Documents Until Mattel Discovers Such Documents From Other Sources.

On multiple occasions, MGA has failed to produce responsive documents until after a third party produces them. For example, Anna Rhee, an MGA vendor, produced documents in January 2005 pursuant to subpoena and testified at her deposition that invoices she submitted to MGA in June 2000 were invoices for Bratz face-painting.[32] Subsequently, MGA produced the invoices in

---

[30]  Id. at 15-16.

[31]  Id. at 16.

[32]  Deposition of Anna Rhee ("Rhee Deposition"), dated January 7, 2005, at 105:2-110:9, Zeller Dec., Exh. 10; Rhee Invoice, Zeller Dec., Exh. 11. A more detailed account of matters pertaining to Ms. Rhee's testimony and documents is included in Mattel's motion to compel with respect to MGA's Rule 30(b)(6) witness, Kerri Brode.

Exhibit _E_, P. _121_

1  question and their alleged internal backup.[33]  In September 2006, another third-party
2  witness, Steven Linker, produced design drawings, emails and other documents
3  relating to Bratz that Linker had received *from or exchanged with MGA and*
4  *Bryant* before Bryant left Mattel.[34]   Neither MGA nor Bryant had produced
5  previously many of these documents.

6            Linker's testimony and the documents he produced, including emails
7  and other documents relating to Bratz that pre-dated Bryant's departure from Mattel
8  and that had not been produced by MGA or Bryant, established that the Bratz
9  project was much further along before Bryant left Mattel than MGA and Bryant had
10  claimed.   For example, before Linker's testimony, MGA had produced an email
11  relating to Bratz development that Linker's design partner, Liz Hogan, had sent to
12  MGA on October 23, 2000, a date which was conveniently after Bryant left Mattel.
13  MGA, however, had not produced the earlier emails—those pre-dating Bryant's last
14  day of employment at Mattel—that Hogan had exchanged with MGA on that very
15  same subject.[35]  Mattel obtained those only when Linker produced them pursuant to
16  subpoena.   These were not the only documents that MGA withheld.   Among
17  Linker's production was a key design drawing for the three-dimensional Bratz
18  dolls—a drawing Bryant previously testified at his deposition that he had not created
19  until November 2000 after he had left Mattel.[36]   Linker's testimony and the

20

21  [33]   See, e.g., Rhee Invoice from MGA's Production, Zeller Dec., Exh. 12.
22  [34]   Deposition of Steven Linker ("Linker Deposition"), dated September 13,
    2006, at 56:21-59:23, 66:7-67:9, 76:22-78:23, 80:16-91:5, Zeller Dec., Exh. 13;
23  Hogan emails, Zeller Dec., Exh. 14; packet produced by Steve Linker that he
24  received from MGA on October 19, 2000 that includes a Bratz design drawing by
    Carter Bryant, Bates No. SL00044, Zeller Dec., Exh. 15.
25  [35]   Hogan email from MGA's Production, Zeller Dec., Exh. 16.
26  [36]   Deposition of Carter Bryant ("Bryant Deposition") at 350:16-350:25, 351:15-
    353:13, 527:17-528:20, Zeller Dec., Exh. 17; Bratz design drawing by Carter
27  Bryant, Zeller Dec., Exh. 18.

28

Exhibit  5 , P.  122

1  documents he produced, however, prove that MGA itself gave that same design
2  drawing (as well as other Bratz development documents) to Linker at a meeting with
3  MGA on October 19, 2000, <u>before</u> Bryant left Mattel.[37]  It was only after Linker's
4  deposition and MGA's glaring omissions had been revealed that MGA then
5  produced documents referencing the October 19, 2000 meeting between Linker and
6  MGA that Linker had testified.[38]

7           Although MGA produced a few documents referencing the October 19,
8  2000 meeting with Linker, and did so only after MGA's failure to produce highly
9  material documents was exposed, MGA still has not produced any drafts,
10  communications or similar documents relating to the materials that MGA gave
11  Linker before Bryant left Mattel.  Those materials, which include finished design,
12  marketing and pricing documents for Bratz, undoubtedly did not emerge from thin
13  air in full-blown fashion.  In fact, Hogan's emails show that the packaging team
14  needed detailed information about the Bratz doll products—size, piece-count, price,
15  etc.—before she and Linker could provide a quote for Bratz packaging work to
16  MGA.[39]  Yet, to this day, MGA has not produced documents or drafts showing how
17  or when the Bratz products reflected in the MGA materials that Linker produced
18  were designed, or how or when the retail prices, the product piece counts, the
19  information developed to describe each doll, and the prices for the dolls and
20  fashions that are listed in the materials were determined.

21           Further highlighting the point, there is, overall, an enormous disparity
22  between the extensive work that Mattel is now learning was done on Bratz
23  development before Bryant left Mattel and the minimalistic source documentation

24

25      [37]   Linker Deposition at 77:6-78:23, Zeller Dec., Exh. 13; Bratz design drawing
26  by Carter Bryant produced by Steve Linker, Zeller Dec., Exh. 15.
        [38]   Day Planner Pages, Zeller Dec., Exh. 19.
27      [39]   Hogan emails, Zeller Dec., Exh. 14.

28

Exhibit _6_, P. _123_

1 that MGA has produced for it.   Just two days before Linker's deposition in

2 September 2006, MGA produced for the first time bare bones invoices showing that

3 one vendor alone had already billed at least 169 hours for Bratz work she performed

4 before Bryant left Mattel.[40]   Although this and other evidence thus strongly suggests

5 that extensive Bratz design and development was underway before Bryant left

6 Mattel, many categories of documents and communications that undoubtedly were

7 created as a matter of course reflecting the particulars of all this activity (and likely

8 also showing additional Bratz activity) have not been produced by MGA and

9 Bryant.

10          Mattel has reason to believe other responsive documents are being

11 withheld as well.  MGA is obligated to produce bank records in its possession,

12 custody or control relating to products at issue in this case per a subpoena served on

13 Union Bank of California and an agreement the parties reached relating to those

14 records on June 20, 2006.[41]   Pursuant to this agreement, MGA produced certain

15 cancelled checks from Union Bank.[42]   However, Mattel's request was broader than

16 simply cancelled checks, encompassing signature cards, bank statements and deposit

17 slips.[43]   In addition, relevant and responsive checks appear not to have been

18 produced.  Cancelled checks from the Union Bank records and calendar entries from

19 a recent MGA production on January 4, 2007 identify David Dees as being a design

20

21          [40]   See Marlow invoices produced by MGA, Zeller Dec., Exh. 20.

22          [41]   Per the parties' agreement, MGA's counsel took possession of the documents

23 produced by Union Bank pursuant to the subpoena; MGA then was to produce any
   documents relating to products at issue in the litigation and to produce documents

24 relating to particular vendors at Mattel's request.  See Zeller Dec., ¶ 23; see also
   Subpoena of Union Bank of California, Zeller Dec., Exh. 21.

25          [42]   See, e.g., Cancelled checks produced by Union Bank, Zeller Dec., Exh. 22.

26          [43]   See Attachment A to Subpoena of Union Bank of California, Zeller Dec.,
   Exh. 21; see also Dees Invoices from Union Bank's production, Zeller Dec., Exh.

27 22.

28

Exhibit _E_, P. _124_

1    vendor who billed an extensive amount of work on Bratz—$4,000 worth as of

2    February 2001 and another $7,015 by mid May 2001.[44] Nonetheless, Mattel has not

3    received other documents showing the design work that he did on the project before

4    then. MGA was obligated under Mattel's Requests to provide documents relating to

5    Dees, a vendor who worked on Bratz during the relevant time period. Moreover,

6    per the parties' agreement relating to the Union Bank records, Mattel can request

7    documents for a specific vendor by name; however, Mattel should not be forced to

8    guess which vendors performed work on Bratz.

9         Mattel cannot be expected to receive only those MGA documents it

10   happens to obtain from third parties who have responsive documents—particularly

11   given that MGA and Bryant also had failed to identify third parties who have

12   relevant knowledge and documents, such as Linker, in their Interrogatory

13   responses.[45] MGA should be compelled to produce all documents—regardless of

14   date of creation—relating to the origin, creation, conception, design and

15   development of Bratz.

16

17   **III.**    **MGA's Refusal To Produce Any Documents From Its Hong Kong**

18         **Subsidiary Is Contrary To Law.**

19         MGA's Hong Kong office, MGA Entertainment (HK) Limited ("MGA

20   Hong Kong"), played a key role in Bratz and has documents and things responsive

21   to Mattel's document requests. MGA, however, refuses to produce documents or

22   things from MGA Hong Kong, and instead has limited its production to only

23

24

25   [44]   Id.; see also Day planner pages, Zeller Dec., Exh. 23.

26   [45]   See MGA's Response to Mattel's Interrogatory Nos. 5 & 6, Zeller Dec., Exh. 25; see also Mattel's Separate Statement In Support Of Mattel's Motion To Compel,

27   dated February 1, 2007 and filed concurrently herewith, ("Separate Statement") at 60:16-60:26.

28

-11-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Exhibit _E_, P. _125_

communications between MGA in the U.S. and MGA Hong Kong.[46]   MGA maintains that MGA Hong Kong is a separate company not located within the jurisdiction of the United States and that documents and things located there are not under MGA's "possession, custody or control."   However, MGA Hong Kong is controlled by MGA and its central purpose is to implement parent MGA's policy. Therefore, MGA has "legal control" over MGA Hong Kong and should be compelled to produce any documents in its Hong Kong subsidiary's possession, custody or control.  See In re ATM Fee Antitrust Litigation, 233 F.R.D. 542, 544 (N.D. Cal. 2005) (where the court ordered a company to produce any documents in its wholly-owned subsidiary's custody that were responsive to the plaintiffs' requests for production of documents as well as answer any interrogatories related to information within the possession of the subsidiary).

Like MGA, the defendant in ATM conceded that its subsidiary had responsive documents, but it contended that because the subsidiary was a "separate legal entity," the defendant company did not have control over the documents. Id. at 545.  The ATM court rejected this argument, instead applying the "legal control standard" for a parent's obligation to produce documents in the possession and custody of a subsidiary. Id. at 545 (internal cites omitted).  A parent company has "legal control" of its subsidiary if it has "the legal right to obtain documents upon demand" and not simply the defendant's practical ability to obtain the documents requested.  See U.S. v. Internaitonal Union of Petroleum and Industrial Workers, 870 F.2d 1450, 1463 (9th Cir. 1989).

Even based upon MGA's limited, heavily sanitized production, it is clear that MGA exercises legal control over MGA Hong Kong.  There are numerous emails in which MGA's CEO Isaac Larian gives specific direction to MGA Hong

---

[46]   Zeller Dec., Exh. 7.

-12-

Exhibit _E_ , P. _126_

1  Kong about everything from personnel issues in Hong Kong to more general
2  manufacturing and sales issues.[47]  In addition, Mr. Larian and Jahangir Makabi, both
3  of whom are MGA officers, are the sole directors of MGA Hong Kong.  Bryant also
4  personally visited and worked at MGA Hong Kong in the Fall of 2000 to work on
5  Bratz.[48]  Obtaining discovery from MGA Hong Kong is critical because MGA Hong
6  Kong was intimately involved with the production of Bratz in 2000 and early 2001;
7  thus it unquestionably has internal documents and things that can shed light on this
8  critical, and contested, time period.  Further, in its Interrogatory responses, MGA
9  identifies only five people in the United States and then "various people then
10  employed in Hong Kong" as being involved in the conception, origin, creation, etc.
11  of the first embodiments of Bratz.[49]  On the one hand, MGA states that it is not
12  obligated to produce responsive documents from MGA Hong Kong in response to
13  the Requests; simultaneously, MGA states that it does not have to identify by name
14  individuals in Hong Kong who worked on Bratz in response to the Interrogatories
15  because their identities can be determined from the documents.  Neither argument
16  taken alone has merit, but together they certainly must fail.

17

18  **IV.   MGA's Failure To Produce Prior Testimony Regarding Bratz Frustrates**
19  **Mattel's Ability To Gather Evidence And Identify Witnesses.**

20           Initially, MGA categorically refused to produce any declarations,
21  affidavits or other sworn written statements of any type by MGA that referred or
22  related to Bratz or Angel—the name that Rhee testified she was told to use on her

23

24

25  [47]  See Larian email produced by MGA, Zeller Dec., Exhs. 26.
26  [48]  See Bryant Deposition at 489:12-490:9, Zeller Dec., Exh. 17.
27  [49]  See MGA's Response to Mattel's Interrogatory No. 5, Zeller Dec., Exh. 25;
     see also Separate Statement at 60:11-61:20.

28

1    early invoices for Bratz.[50]   Similarly, MGA categorically refused to produce any
2    transcripts or video and/or audio recordings of statements made by MGA under oath
3    that referred or related to Bratz or Angel.[51]   MGA also refused to produce any
4    documents that referred or related to Bratz or Angel that were filed, submitted and
5    served in the suit and/or arbitration proceedings brought by Farhad Larian—a
6    former MGA executive and Isaac Larian's brother.[52]   MGA maintained that such
7    documents were not relevant to the subject matter of the lawsuit or reasonably
8    calculated to lead to the discovery of admissible evidence.[53]

9           This argument is without merit.  Any statements of fact made by MGA
10   in other sworn testimony relating to the timing, origins, and creation of Bratz or
11   Angel are relevant to this case in myriad ways, including for purposes of identifying
12   additional witnesses, establishing admissions of fact and impeachment through prior
13   statements.  See Bohannon v. Honda Motor Co., Ltd., et al., 127 F.R.D. 536, 540 (D.
14   Kan. 1989) ("The transcripts of deposition testimony given and approved by
15   employees of [defendant]...are discoverable statements.")   The prior sworn
16   statements by MGA that Mattel has been able to obtain through a third party—but
17   that were never produced by MGA—revealed that (1) Bratz was first exhibited in
18   the fall of 2000 and (2) key Bratz design drawings that Bryant had testified in this

19
20
21
22

23   [50]   Zeller Dec., Exh. 7.
24   [51]   Id.
25   [52]   Id.  Farhad Larian brought suit against his brother because Farhad claimed
     that Isaac had concealed the development of Bratz beginning in early 2000 from
26   Farhad in order to buy Farhad's share of the company at a reduced price.  Thus
27   materials in the case would be directly relevant to the origins and timing of Bratz.
     [53]   Id.
28

Exhibit _E_, P. _128_

1  case were created in 1998 were, in fact, created in 2000.[54]  Both of these facts are

2  obviously highly relevant to the present suit.

3          Over the course of the parties' meet and confers, MGA stated that it

4  would explore the possibility of producing such testimony and sworn statements if

5  Mattel agreed to produce testimony regarding products such as Flavas.[55]  However,

6  such products are at best only tangentially related to this suit.  While Mattel may be

7  amenable to producing such materials, Mattel should not have to barter to get

8  discovery to which it is clearly entitled and has long sought.   Such testimony

9  relating to Bratz is particularly important because the early development of Bratz is

10  highly contested in this case and MGA has made conflicting public statements over

11  the years regarding the origins of Bratz—attributing Bratz to everyone from Larian's

12  son to Larian himself to the result of some sort of doll design contest.[56]

13

14  **V.    MGA's Failure To Provide Full And Complete Answers To Mattel's**

15        **Interrogatories Relating To The Origins Of Bratz Frustrates Mattel's**

16        **Ability To Gather Evidence And Identify Witnesses.**

17          The deficiencies in MGA's production are magnified by the equally

18  serious shortcomings in MGA's responses to Mattel's Interrogatories relating to the

19  origins of Bratz.[57]

20

21

22

23  [54]  See Larian affidavit, Zeller Dec., Exh. 27;  see also Lee Shiu Cheung affidavit and Exhibit LSC-3 to the affidavit, Zeller Dec., Exh. 28.

24  [55]  Torres Letter, Zeller Dec., Exh. 36.

25  [56]  See, e.g., Zeller Dec., Exh. 29.

     [57]  See Mattel, Inc.'s Second Set of Interrogatories to Defendant MGA

26  Entertainment, Inc. (the "Interrogatories"), Zeller Dec., Exh. 24; MGA's Response to

     Mattel's Second Set of Interrogatories (the "Interrogatory Responses"), Zeller Dec.,

27  Exh. 25.

28

Exhibit __E__ , P. __129__

As an initial matter, MGA failed to serve a response to Mattel's Second Set of Interrogatories within the 30 days required by <u>Rule</u> 33(b)(3).[58]  By failing to serve a timely response (or timely objection), MGA has waived all objections. "Any ground not stated in a timely objection is waived . . . ." <u>Federal Rule of Civil Procedure</u> 33(b)(4).   Any objection not made within 30 days of service of an interrogatory is waived unless the responding party seeks an extension of time to answer or object. <u>Id.</u>; see Moore's Federal Practice § 33.174[2]; <u>Davis v. Fendler,</u> 650 F.2d 1154, 1160 (9th Cir. 1981) (holding that untimely service of response to interrogatories waives objections); <u>Richmark Corp. v. Timber Falling Consultants,</u> 959 F.2d 1468, 1473 (9th Cir.) (stating that "failure to object to discovery requests within the time required constitutes a waiver of any objection."), <u>cert. denied,</u> 506 U.S. 948 (1992).   Because MGA failed to provide full and complete responses (without objection), Mattel may move the Court to order MGA to do so. <u>See, e.g.,</u> <u>Richmark Corp.,</u> 959 F.2d at 1473.

Furthermore, MGA's responses to Mattel's Second Set of Interrogatories were, and remain, substantively deficient. Indeed, MGA's responses to many of the Interrogatories simply consist of improper objections without any substantive response. For example, the instructions to Mattel's Interrogatories direct

---

[58]   MGA's unverified Responses to Mattel's Second Set of Interrogatories were faxed, without proof of service, at approximately 10:30 p.m. on May 30, 2006—six days after they were due. Mattel personally served its Second Set of Interrogatories to Defendant MGA Entertainment, Inc. on April 28, 2005. Pursuant to <u>Federal Rule of Civil Procedure</u> 33(b)(3), MGA had thirty (30) days to respond to Mattel's interrogatories. Judge Manella issued an order staying proceedings on May 20, 2005. At the time of the stay, seven days remained for MGA to respond to Mattel's Second Set of Interrogatories. Judge Larson issued an order lifting the stay on May 17, 2006. Accordingly, taking the stay into account, MGA's responses were due no later than May 24, 2006. <u>See</u> Zeller Dec., Exh. 30; <u>see also</u> Court's Order Staying Discovery in <u>Mattel, Inc. v. Bryant</u>; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, dated May 20, 2005, Zeller Dec., Exh. 31.

-16-
MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Exhibit  E , P. 130

1 MGA to provide particulars about responsive individuals such as each individual's
2 name, address, telephone number and relationship to MGA.[59]  MGA completely
3 disregarded this.  Interrogatory No. 5 asked MGA to identify each person who was
4 involved in the creation, design and development of Bratz.  In response, MGA
5 named a few individuals who were known already in this litigation, in addition to
6 wholly unspecified "various people then employed in Hong Kong, the names of
7 whom are contained in documents previously produced by MGA."

8       MGA's responses violate Fed. R. Civ. P. 33(d).  Rule 33(d) requires
9 MGA to identify referenced documents specifically and in detail, either by their
10 Bates numbers or else through a sufficiently detailed description of them to allow
11 Mattel to ascertain which specific documents are being referenced.  See, e.g., Miller
12 v. Federal Express Corp., 186 F.R.D. 376, 385 (W.D. Tenn. 1999) (holding that,
13 under Rule 33(d), "[t]he responding party must specify the documents from which
14 the answer may be derived with sufficient detail to permit the requesting party to
15 locate it" and compelling party to identify such documents "by Bates numbers the
16 documents" being referenced); VNA Plus, Inc. v. Apria Healthcare Group, Inc.,
17 1999 WL 386949, at *5 (D. Kan. 1999) (party may not "simply refer generically" to
18 documents produced in interrogatory response).  This deficiency is present in
19 MGA's response to Interrogatory No. 6 as well.  MGA's vague, generalized
20 reference to a heavily redacted, incomplete production also compounds the
21 shortcomings of an already deficient answer.  The particular information requested
22 in Mattel's instruction is exactly the type of information—among other
23 information—that MGA redacted in its production or have explicitly stated it is
24 withholding, such as the MGA Hong Kong documents.

25
26
27    [59] See Interrogatories at 4:1-5:5, Zeller Dec, Exh. 24.
28

-17-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Exhibit _E_, P. _131_

1     Moreover, MGA simply objects to Interrogatory Nos. 7-9 and 11
2  without providing any substantive response. As noted above, these objections were
3  waived by MGA's failure to timely respond to the Interrogatories. Even if the
4  objections were timely, MGA's objections don't hold water. Interrogatories 7 and 8
5  seek critical evidence that goes to the heart of this case—the earliest representations
6  of Bratz and the project known as "Angel." As the Discovery Master has noted, the
7  rights to Bratz are at issue in this case.[60] Further, MGA contests Anna Rhee's
8  testimony that work she performed work in June 2000 on Bratz, contending that
9  Rhee actually worked on a different project identified as "Angel" or "Prayer Angels"
10  at that time. Interrogatory No. 9 asks MGA to identify each sworn statement that
11  refers or relates to the origins and creation of Bratz. As with the evidence sought by
12  Interrogatory Nos. 7 and 8, this information is critical to this case. Finally,
13  Interrogatory No. 11 asks MGA to identify phone numbers for its CEO Isaac Larian.
14  Given Mr. Larian's personal involvement in Bratz, this information may bear on the
15  defendants' story regarding the timing of Bratz. Without the numbers, Mattel cannot
16  check for them against phone records. MGA has no basis for withholding any of
17  this information and, therefore, should be compelled to provide full and complete
18  answers to the Interrogatories in question.

19

20  **VI.   MGA Should Be Sanctioned.**

21     Under the <u>Federal Rules</u>, a party bringing a motion to compel is entitled
22  to the "reasonable expenses incurred in making the motion, including attorney's fees,
23  unless the court finds that the motion was filed without the movant's first making a
24  good faith effort to obtain the disclosure or discovery without court action, or that
25  the opposing party's nondisclosure, response or objection was substantially justified,

26  _____

27  [60]   Discovery Master's Order at 2, Zeller Dec., Exh. 1.

28

-18-

Exhibit  E , P. 132

1 | or that other circumstances make an award of expenses unjust." <u>Fed. R. Civ. P.</u>
2 | <u>37</u>(a)(4).  The burden of establishing substantial justification is on the party being
3 | sanctioned.    <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).
4 | Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides
5 | that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably
6 | and vexatiously may be required by the court to satisfy personally the excess costs,
7 | expenses, and attorneys' fees reasonably incurred because of such conduct."
8 | Sanctions under this section are appropriate "for conduct that, viewed objectively,
9 | manifests either intentional or reckless disregard of the attorney's duties to the
10 | court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995), citing <u>Braley v.</u>
11 | <u>Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987).

12 |      Sanctions are called for here.  MGA cannot offer any legitimate excuse
13 | for its repeated failure to produce clearly responsive documents and fully answer
14 | Interrogatories on matters that go to core issues in this case.  MGA has asserted
15 | numerous objections that have no basis in law or fact.  MGA has withheld, and
16 | continues to withhold, indisputably relevant information.  MGA has redacted vast
17 | portions of documents, stripping them of salient information, and rendering them
18 | unintelligible.    And MGA has produced documents that are demonstrably
19 | incomplete, including faxed communications that omit crucial information.  Most
20 | troubling, MGA has been caught hiding the ball: failing to produce highly relevant
21 | MGA documents until after Mattel discovers the documents via third parties.
22 | MGA's actions are contrary to its obligations and imperil the truth-seeking function
23 | of the Court.

24 |      Throughout the meet and confer process, MGA claimed it would
25 | remedy the deficiencies with its production, but never actually took any action to do
26 |
27 |
28 |

1    so.[61]  When Mattel again approached MGA after the holidays to obtain compliance

2    in the hopes of avoiding motion practice, MGA promised that it would rectify some

3    unspecified problems with the May 2005 production, but then still did not do so.

4    When queried as to its intent, during a meet and confer on January 26, 2007, all

5    MGA would commit to was making superficial changes to its production, such as

6    correcting illegible text and cut-offs, rather than addressing the production's

7    substantive defects.[62]  Although MGA represented at that time that it would review

8    the Discovery Master's recent Order compelling Bryant's production to determine

9    whether or not MGA would reconsider any of its positions and that it would let

10    Mattel know by January 30, that date came and went without further response by

11    MGA.[63]

12          MGA's stratagems are the definition of unreasonable and vexatious,

13    and MGA and its counsel should be sanctioned for the fees and costs Mattel has

14    been forced to expend as a result of its evasions in connection with its document

15    production and Interrogatory responses.  Mattel therefore requests that MGA be

16    ordered to pay $4,700.00 as partial reimbursement for the fees and costs that Mattel

17    has incurred on this Motion.[64]

18

19

20

21

22

23

24

---

25    [61] See Zeller Dec., ¶ 34, Exh. 32-43.

26    [62] See Zeller Dec., Exhs. 42 & 43.

27    [63] See Zeller Dec. Exh. 43.

     [64] See Zeller Dec., ¶ 57.

28

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

Exhibit _E_, P. 134

1

2                              **Conclusion**

3          In light of the myriad deficiencies in MGA's production, Mattel

4   respectfully requests that MGA be compelled to fully answer Mattel's

5   Interrogatories and to produce all documents responsive to Mattel's document

6   requests, including, most importantly, those relating to the origin, conception,

7   design and development of Bratz.

8

9   DATED: February 2, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
10

11                                   By
12                                      Michael T. Zeller
                                     Attorneys for Plaintiff and Cross-Defendant
13                                   Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit _E_, P. _135_