1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 1

**EXHIBIT TO**:     **DECLARATION OF LARRY MCFARLAND IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 2 of 69   Page ID
#:31498
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 1 of 30

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13       Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14       vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | Hon. Stephen G. Larson |
| 16       Defendant. | NOTICE OF MOTION AND MOTION<br>OF MATTEL, INC. FOR LEAVE TO<br>TAKE ADDITIONAL DISCOVERY |
| 17 | AND OBJECTIONS TO DISCOVERY<br>MASTER ORDER OF SEPTEMBER |
| 18  AND CONSOLIDATED ACTIONS | 28, 2007; AND |
| 19 | MEMORANDUM OF POINTS AND<br>AUTHORITIES |
| 20 | |
| 21 | [Declaration of B. Dylan Proctor filed<br>concurrently] |
| 22 | Hearing Date:  January 7, 2008 |
| 23 | Time:            10:00 a.m.<br>Courtroom:    1 |
| 24 | **Phase 1:** |
| 25 | Discovery Cut-off:       January 28, 2008<br>Pre-trial Conference:   May 5, 2008 |
| 26 | Trial Date:                 May 27, 2008 |
| 27 | |
| 28 | Exhibit 1<br>Page ____ 4 |

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 3 of 69   Page ID
#:31499
Case 2:04-cv-09049-SGL-RNB     Document 1134     Filed 11/19/2007     Page 2 of 30

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon
3 | thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.
4 | Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will,
5 | and hereby does, move the Court, pursuant to <u>Federal Rule of Civil Procedure</u> 26(b)
6 | and the Court's February 12, 2007 Scheduling Order, for an order granting Mattel leave
7 | to take additional depositions, including <u>Rule</u> 30(b)(6) depositions of defendants MGA
8 | Entertainment, Inc., and MGAE de Mexico S.R.L. de C.V., beyond the current limit set
9 | by the Court and to serve additional interrogatories on defendants. Pursuant to 28
10 | U.S.C. § 636(b)(1), Mattel also seeks an additional 12 hours to depose Carter Bryant, in
11 | addition to the seven hours already permitted by Discovery Master Infante.

12 |      Mattel makes this Motion on the grounds that the breadth and complexity of this
13 | case warrant more than the 24 depositions and 50 interrogatories permitted by the
14 | Court's Scheduling Order. Mattel further makes this Motion on the grounds that, given
15 | Bryant's central role in the hundreds of products that MGA has sued upon in this case,
16 | and because both the parties and third-parties have produced many millions of pages of
17 | documents since Mr. Bryant's deposition in 2005, seven hours is not enough time to
18 | fully depose Mr. Bryant.

19 |      This Motion is based on this Notice of Motion and Motion, the accompanying
20 | Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed
21 | concurrently herewith, the records and files of this Court, and all other matters of which
22 | the Court may take judicial notice.

23

24

25

26

27

28

Exhibit 1
Page 5

-ii-

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 4 of 69   Page ID
#:31500
Case 2:04-cv-09049-SGL-RNB     Document 1134     Filed 11/19/2007     Page 3 of 30

1

## __Statement of Local Rule 7-3 Compliance__

2          The parties met and conferred pursuant to <u>Local Rule</u> 7-3 on October 3, 2007,

3   and times thereafter, but were not able to resolve this motion.

4

5   DATED: November 19, 2007          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
6

7

8                                     By_____
                                          Jon Corey
                                          Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1
Page ____ 6 ____

-iii-

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 5 of 69   Page ID
#:31501
Case 2:04-cv-09049-SGL-RNB   Document 1134   Filed 11/19/2007   Page 4 of 30

1

## <u>TABLE OF CONTENTS</u>

2
**Page**

3

PRELIMINARY STATEMENT ............................................................................. 1

4

STATEMENT OF FACTS ................................................................................... 3

5

ARGUMENT .................................................................................................... 6

6

I.    THE RULES CONTEMPLATE ADDITIONAL DISCOVERY ................... 6

7

    A.    Each Category of Claims Warrants More Depositions .......................... 8

8

        1.    The Bratz Claims Require Additional Depositions .................... 8

9

        2.    Mattel's Trade Secret and RICO Claims and MGA's Unfair
10            Competition Claims Require Additional Depositions ............... 12

11

    B.    Mattel Needs Additional Depositions Because the Integrity of
12        MGA's and Bryant's Preservation of Documents Is At Issue .............. 14

    C.    Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-
13        Duplicative Topics .......................................................................... 15

14

    D.    Mattel Meets The Requirements for Additional Discovery ................. 15

15

II.   THE COURT SHOULD GRANT LEAVE WITH RESPECT TO
16     MATTEL'S INTERROGATORIES .................................................... 16

III.  THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE
17     BRYANT DEPOSITION ............................................................... 20

18

CONCLUSION .............................................................................................. 25

19

20

21

22

23

24

25

26

27

28

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 6 of 69   Page ID
#:31502
Case 2:04-cv-09049-SGL-RNB     Document 1134     Filed 11/19/2007     Page 5 of 30

## TABLE OF AUTHORITIES

**Page**

### Cases

Andamiro v. Konami Amusement of Am.,
2001 WL 535667 (C.D. Cal. April 26, 2001) ......................................................... 8

Bahn v. NME Hosps., Inc.,
929 F.2d 1404 (9th Cir. 1991) ............................................................................... 22

Bromgard v. Montana,
2007 WL 1101179 (D. Mont. April 11, 2007) ............................................... 11, 18

Collaboration Prop. v. Polycom, Inc.,
224 F.R.D. 473 (N.D. Cal. 2004) ............................................................................ 8

Fresenius Med. Care Hldgs, Inc. v. Roxane Labs., Inc.,
2007 WL 764302  Proctor Dec., Ex. 43 ............................................................... 23

Rx USA Wholesale, Inc. v. McKesson Corp.,
2007 WL 1827335 (E.D.N.Y. June 25, 2007) ............................................. 7, 11, 19

Whittingham  v. Amherst Coll.,
163 F.R.D. 170 (D. Mass. 1995) .............................................................................. 7

### Statutes

Cal. Civ. Code § 3426.1 ................................................................................. 20

Fed. R. Civ. P. 26(b) ................................................................................... 8, 20

Fed. R. Civ. P. 30(a)(2)(A) ........................................................................... 7, 20

Fed. R. Civ. P. 33 .................................................................................... 7, 8, 20

Local Rule 7-3 ................................................................................................. 3

Fed. R. Civ. P. 30(b)(6) ......................................................................... 9, 14, 16, 17

Fed. R. Civ. P. 53(e) ........................................................................................ 21

Exhibit 1
Page

07209/2299353.1

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

3   In its Scheduling Order, the Court limited each side to 50 interrogatories and 24

4 fact depositions.  The Court recognized, however, that the case's complexity could

5 require additional depositions or interrogatories and invited motions for additional

6 discovery, if necessary:  "I don't want to say they are soft limits [on the number of

7 depositions], but they are limits which the Court would certainly understand or would

8 invite counsel to submit a motion to expand if there's reason to. But I just want to have

9 some parameters placed on this at the outset."   Likewise, with respect to the

10 interrogatory limit, the Court stated:   "[L]et's try and work within the confines of the

11 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if

12 there's a need for it."[1] Mattel respectfully submits that time has come.

13   Under the Federal Rules, leave to take additional discovery "shall be granted" to

14 the extent consistent with the principles set forth in Rule 26(b)(2).  Fed. R. Civ. P.

15 30(a)(2)(A) & 33(a).  The additional discovery Mattel seeks is appropriate under that

16 framework.  It is not duplicative of prior discovery, Mattel has not had an adequate

17 opportunity to take discovery on these matters, and the substantial benefits of discovery

18 on these central issues outweigh any burden.  MGA has identified many dozens of

19 witnesses with knowledge of the parties' claims or defenses. Mattel has sued MGA for

20 inducing several Mattel employees to misappropriate many thousands of pages of

21 documents containing Mattel trade secrets over an extended period of time.   For its

22 part, MGA has accused over 400 Mattel products of infringing the trade dress of more

23 than 200 MGA products.  As MGA has proclaimed, it will be seeking "billions" of

24 dollars from Mattel on its claims alone.  Additional depositions are warranted given the

25 breadth and complexity of the claims and defenses in this case and the stakes involved.

26

27   [1]   February 12, 2007 Scheduling Conference Tr. at 22:12-15 and 24:5-7, Exhibit 7 to the Declaration of B. Dylan Proctor, dated November 19, 2007 ("Proctor Dec.").

28

07209/2299353.1

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 8 of 69   Page ID
#:31504
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 7 of 30

1      To date, Mattel has taken 18 depositions, which leaves Mattel with six
2 remaining. Mattel has been able to take only one deposition on its counterclaims or
3 defenses to MGA's unfair competition claims, and as of yet, Mattel has been unable to
4 depose any of the individuals actively involved in the theft of Mattel's trade secrets.
5 The specific individuals who Mattel seeks to depose are identified below, along with
6 the justification for each. In addition, Mattel cannot obtain without the Court's leave
7 the corporate testimony of MGA or MGAE de Mexico on the facts related to either
8 MGA's unfair competition claims or Mattel's counterclaims. Mattel seeks leave to
9 serve the First Notice of Deposition of MGAE de Mexico, attached as Exhibit A, and
10 an additional Notice of Deposition of MGA, attached as Exhibit B, on those subjects.

11      Mattel also seeks leave to serve defendants with additional interrogatories.
12 Mattel has served interrogatories seeking MGA's contentions with respect to the
13 creation of Bratz and MGA's unfair competition claims. Mattel's proposed
14 interrogatories, which are attached as Exhibit C, seek information related to Mattel's
15 counterclaims and to MGA's claims against Mattel for alleged unfair competition, as
16 well as certain of defendants' defenses.[2]

17      Finally, Mattel seeks additional time to depose Mr. Bryant. Although Bryant was
18 deposed in 2004, since that time MGA and Bryant have produced millions of pages of
19 documents that they had long withheld until compelled by the Court, and the scope of
20 the claims in these consolidated cases has increased dramatically. Only after Bryant's
21 deposition occurred, MGA asserted its broad unfair competition claims against Mattel.
22 Only after Bryant's deposition occurred, Mattel asserted its counterclaims, including its
23 copyright infringement and RICO counterclaims, against Bryant and other defendants.
24 And, despite the fact that Mattel sought documents relating to the origins of Bratz

25

26    [2] Because defendants refuse to answer Mattel's previously served interrogatories based
on spurious claims that they exceed the 50 limit, Mattel seeks leave as to them to avoid
27 defendants' further quarreling over the counting of interrogatories and thereby obtain
obvious information about defendants' own contentions and other critical subjects.

28

Case 2:04-cv-09049-DOC-RNB Document 2042-3 Filed 02/11/08 Page 9 of 69 Page ID
#:31505
Case 2:04-cv-09049-SGL-RNB Document 1134 Filed 11/19/2007 Page 8 of 30

1  before Bryant's initial deposition, both MGA and Bryant were, unbeknownst to Mattel,
2  withholding such documents at the time of the deposition – this was discovered only
3  after multiple motions to compel brought by Mattel were granted. Judge Infante
4  recognized that Bryant is the "most knowledge witness with respect to virtually all of
5  the factual issues" and claims in these matters.[3] Judge Infante nevertheless gave Mattel
6  only seven additional hours for Bryant's deposition (on top of two hours previously
7  granted due to Bryant's and his counsel's improper conduct during the prior deposition).
8  That simply is not enough to depose Bryant on MGA's claims, Mattel's counterclaims
9  and all the newly produced evidence that post-dates the 2004 deposition. Mattel
10 therefore requests that this Court grant additional time of another 12 hours for a total of
11 21 additional hours to question Bryant.

12                                      **Statement of Facts**

13     Mattel's Original Complaint. Mattel filed its initial Complaint on April 27, 2004,
14 alleging that Carter Bryant breached his duties to Mattel by working with and assisting
15 a Mattel competitor, MGA, while he was employed by Mattel.[4] While at Mattel,
16 Bryant worked on the "Bratz" project.[5] On December 7, 2004, MGA filed an answer in
17 intervention claiming that the action put at issue MGA's rights to Bratz.[6]

18     MGA's Complaint. MGA filed a complaint against Mattel on April 13, 2005
19 alleging that Mattel engaged in "serial copycatting" of the Bratz dolls.[7] Mattel's action
20 and MGA's action were later consolidated along with a declaratory relief action filed by
21 Bryant, which was later dismissed.[8]

22     Mattel's Counterclaims. On November 19, 2006, Mattel moved for leave to
23 amend its complaint. The Court granted Mattel's motion, allowing Mattel's new claims

24     [3]  9/27/07 Hearing Tr. at 24:24-25:2, Proctor Dec., Ex 85.
25     [4]  Proctor Dec., Ex. 1.
       [5]  Id. ¶¶ 12-13.
26     [6]  Proctor Dec., Ex. 2.
27     [7]  Proctor Dec., Ex. 3.
       [8]  Minute Order Re Consolidation (June 19, 2006), Proctor Dec., Ex. 4.
28
                                                            Exhibit 1

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 10 of 69   Page ID
#:31506
Case 2:04-cv-09049-SGL-RNB     Document 1134     Filed 11/19/2007     Page 9 of 30

1   to be alleged as counterclaims to MGA's complaint.[9] Mattel filed its Second Amended

2   Answer and Counterclaims on July 12, 2007. Mattel's counterclaims against MGA

3   Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L.

4   de C.V. include claims for copyright infringement, violation of RICO, conspiracy to

5   violate RICO, misappropriation of trade secrets, intentional interference with contract,

6   aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of

7   loyalty, conversion and unfair competition.[10] MGA's current amended answer to

8   Mattel's counterclaims asserts twenty-two affirmative defenses.[11]

9       Scheduling Conference. At the February 12, 2007, and as reflected in a Minute

10  Order, the Court limited depositions to 24 per side and interrogatories to 50 per side.[12]

11  The Court recognized that the parties might need more depositions or interrogatories:

12          I don't want to say they are soft limits [on the number of
13          depositions], but they are limits which the Court would
            certainly understand or would invite counsel to submit a
14          motion to expand if there's reason to. But I just want to have
            some parameters placed on this at the outset.
15
            . . .
16          [L]et's try and work within the confines of the 50
17          interrogatories, and if you need more, again, the Court is
            going to be forthcoming, if there's a need for it.[13]
18

19      Mattel's Interrogatories. To date, Mattel has propounded 50 interrogatories.[14] In

20  June 2007, Mattel propounded 19 interrogatories on MGA, MGA Hong Kong, Larian

21  _____

22      [9]  1/11/07 Order Re Mattel's Motion for Leave to Amend, Proctor Dec., Ex. 5.
        [10] See Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims,
23  dated July 12, 2007 ("Mattel's Counterclaims"), Proctor Dec., Ex. 16.
        [11] See MGA's Amended Answer and Affirmative Defenses ("MGA's Amended
24  Answer"), Proctor Dec., Ex. 46. MGA had filed its original answer on August 13, 2007.
25  Proctor Dec., Ex. 17. After meeting and conferring, MGA acknowledged deficiencies in
    its defenses and served its amended answer on September 19, 2007.
26      [12] 2/12/07 Scheduling Order, at 1, Proctor Dec., Ex. 6.
        [13] 2/12/07 Scheduling Conference Tr., at 22:12-15 and 24:5-7, Proctor Dec., Ex. 7.
27      [14] See Proctor Dec., Exs. 8-12, 15, 64-68.
28                                                          Exhibit 1

1  and Bryant, seeking information about Bratz development, their affirmative defenses to
2  Mattel's claims, defendants' contentions regarding unfair competition claims and
3  MGA's benefit from Bratz.[15]  Defendants claimed they exceeded the interrogatory limit,
4  and on September 5, 2007, Judge Infante ruled that identical interrogatories served on
5  multiple parties, as well as interrogatories asking defendants to "state all facts"
6  supporting a particular contention, "identify all persons with knowledge of such facts,"
7  and "identify all documents" relevant to such facts, would each count as only one
8  interrogatory.[16]  However, an interrogatory asking a party to state facts supporting
9  different affirmative defenses would count as a different interrogatory per defense.[17]  In
10 accordance with that ruling, on September 21, 2007, Mattel served revised sets of
11 fifteen interrogatories.[18]  Defendants nevertheless still refuse to substantively answer
12 these interrogatories, including because they allegedly exceed the number permitted.[19]

13      <u>Mattel Depositions.</u>  To date, Mattel has taken 18 depositions.  Mattel has had
14 good cause for each of those depositions.  They include:

- Carter Bryant – defendant
- Victoria O'Connor – former MGA executive with knowledge of MGA's and Larian's spoliation of evidence
- Jaqueline Prince – witness allegedly supporting Bryant's Bratz creation story
- Isaac Larian – defendant
- Steve Linker – third party with knowledge of work on Bratz before Bryant left Mattel
- Paula Garcia – Bratz project manager from the start who worked on Bratz with Bryant before he left Mattel
- Brooke Gilbert – Bryant's niece with knowledge of Bryant's computer on which Bryant installed and used "Evidence Eliminator"

---

[15]  Proctor Dec., Ex. 13.
[16]  9/5/07 Order Re Mattel's Interrogatories, at 5-6, Proctor Dec., Ex. 14.
[17]  <u>See id.</u> at 7.
[18]  Proctor Dec., Ex. 45.
[19]  <u>See</u> Proctor Dec., Exs. 73-74.

Exhibit 1

Page ___13___

- Kerri Brode – MGA employee with knowledge of Bryant's work on Bratz while at Mattel

- Dave Malacrida – MGA public relations employee with knowledge regarding early Bratz design and marketing

- Janet Bryant – Bryant's mother and relied upon by Bryant to establish alleged date of Bratz creation

- Thomas Bryant – Bryant's father and relied upon by Bryant to establish alleged date of Bratz creation

- Sarah Chui – worked on Bratz in 2000 for MGA Hong Kong

- Richard Irmen – Bryant's partner and relied upon by Bryant to establish alleged date of Bratz creation

- Maureen Tkacik – *Wall Street Journal* reporter to whom Larian stated, in an interview, that he chose Mr. Bryant's idea for the Bratz over several others after holding "a sort of fashion-doll design contest in late 1999" -- a time during which Bryant was employed by Mattel and months before MGA and Bryant now say they first were introduced

- MGA Entertainment, Inc. – defendant

- MGA Entertainment (HK) Limited – defendant

- Schyler Bacon – MGA employee who recruited Mattel employees who stole trade secrets

- Denise O'Neal – *Chicago Sun Times* reporter to whom Larian made prior inconsistent statements, including that MGA's creative team decided to use the "Brats" name but to change the "s" to a "z"

## **Argument**

### I.   **THE RULES CONTEMPLATE ADDITIONAL DISCOVERY**

The <u>Federal Rules</u> require that a party obtain leave before serving interrogatories or taking depositions beyond the limits established by the Court.  <u>See</u> <u>Fed. R. Civ. P.</u> 33(a) (interrogatories); <u>id.</u> 30(a)(2)(A) (depositions).  The purpose of these limits is to allow the Court to "maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery".  <u>Rx USA Wholesale, Inc. v. McKesson Corp.</u>, 2007 WL 1827335, at *2-3 (E.D.N.Y. June 25, 2007) (quoting <u>Whittingham v. Amherst Coll.</u>, 163 F.R.D. 170, 171-72 (D. Mass. 1995)).  The limits, however, are not intended to "prevent needed discovery," and courts have "broad[] discretion" to allow

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 13 of 69   Page ID
#:31509
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 12 of 30

1   additional discovery "based on the complexity" of the case at hand. Notes of the

2   Advisory Committee (1993) to <u>Fed. R. Civ. P.</u> 26(b) & 33. Leave to take additional

3   discovery "shall be granted" to the extent consistent with the principles set forth in <u>Rule</u>

4   26(b)(2). <u>Fed. R. Civ. P.</u> 30(a)(2)(A), & 33(a). Courts permit additional interrogatories

5   or depositions after considering whether:

> (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has [had] ample opportunity obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues.

12  <u>Andamiro v. Konami Amusement of Am.</u>, 2001 WL 535667, at *2 (C.D. Cal. April

13  26, 2001) (depositions); <u>see also</u> <u>Collaboration Prop. v. Polycom, Inc.</u>, 224 F.R.D.

14  473, 475 (N.D. Cal. 2004) (interrogatories).

15  ## II.   MATTEL SHOULD BE GRANTED ADDITIONAL DEPOSITIONS

16  Mattel should be permitted to take more than 24 depositions in these

17  consolidated cases. This action contains three broad categories of significant claims,

18  each of which necessitates additional depositions: Mattel's Bratz-related claims,

19  MGA's unfair competition claims, and Mattel's trade secret theft and RICO claims.

20  MGA's supplemental initial disclosures identified 86 witnesses with knowledge of

21  MGA's claims and defenses, 62 of whom are not Mattel employees.[20]  Mattel's

22  supplemental disclosures contain nearly double the number of witnesses with

23  knowledge, only 43 of whom are Mattel employees.[21]  Based on the million-and-a-half

24  pages that MGA has recently produced, Mattel is preparing third supplemental

---

[20]   <u>See</u> MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007, at 1-16, Proctor Dec., Ex. 18.

[21]   <u>See</u> Proctor Dec., Ex. 19, at 3-19.

Exhibit 1
Page ____ 15

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 14 of 69   Page ID
#:31510
Case 2:04-cv-09049-SGL-RNB   Document 1134   Filed 11/19/2007   Page 13 of 30

1  disclosures which will name additional witnesses.  Mattel can rely on <u>Rule</u> 30(b)(6) to

2  obtain some information, but Mattel cannot effectively prosecute or defend these cases

3  with only 24 depositions.

4          **A.    Each Category of Claims Warrants More Depositions**

5                  **1.    The Bratz Claims Require Additional Depositions**

6          The number of witnesses involved with the creation of Bratz or with knowledge

7  of Bryant's purported story about when he created – and the inconsistent stories that

8  MGA spun in the media – justify additional depositions.  For example, Bryant claims

9  that he created Bratz when he was not a Mattel employee.[22]  He initially identified three

10  people who he claimed could corroborate this story:  Tom and Janet Bryant (his

11  parents) and Richard Irmen (his partner).  Bryant's mother for the first time in this case

12  recently identified a fourth:  her friend, Jeanne Galvano.  Bryant will introduce their

13  testimony to vouch for his story, so Mattel obviously needs and is entitled to depose

14  them.  Similarly, Isaac Larian has repeatedly made conflicting, inconsistent statements

15  about Bratz's creation to the press, among others.[23]  Mattel thus far has deposed two of

16  the journalists who wrote those stories – depositions where Mattel's questioning lasted

17  far less than an hour.  Bryant's "alibi" witnesses and the reporters alone use up one-third

18  of Mattel's originally allotted 24 depositions.

19          In addition, at the time of the Scheduling Order, Bryant and MGA had said only

20  a handful of people worked directly on Bratz prior to 2002:  Bryant, Anna Rhee,

21  Mercedeh Ward, Margaret Leahy, Paula Garcia and unidentified people in Hong

22  Kong.[24]  In a recent supplemental interrogatory response, MGA identified 11 more

23  people who worked on the first Bratz dolls, including Sarah Halpern, Veronica Marlow,

24

25    [22]   Bryant Dep. Tr. at 140:9-141:8, Proctor Dec., Ex. 20.
      [23]   Proctor Dec., Ex. 21.
26    [24]   <u>See</u> Bryant's Objections and Responses to Second Set of Interrogatories
27  Propounded by Mattel, Inc., at 4, Proctor Dec., Ex. 22; MGA's Response to Mattel's
    Second Set of Interrogatories, at 4:17-20, Proctor Dec., Ex. 23.
28
                                            Exhibit 1
07209/2299353.1                           Page ___\b___
                                   -8-

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 15 of 69   Page ID
#:31511
Case 2:04-cv-09049-SGL-RNB      Document 1134     Filed 11/19/2007     Page 14 of 30

1  Cecilia Kwok, David Dees, Stephen Tarmichael, Edmond Lee, Franki Tsang, Samuel
2  Wong, Stephen Lee, William Ragsdale and Wendy Ragsdale (and Mattel now knows
3  that even this list is incomplete).[25]  This list does not include anyone involved in early
4  sales, marketing, product testing or advertising of Bratz.

5      When a deponent possesses unique information, courts generally grant leave for
6  additional depositions because they do not undermine the key purpose of the limits –
7  preventing duplicative discovery. See, e.g., Bromgard v. Montana, 2007 WL 1101179,
8  at *2 (D. Mont. April 11, 2007).  Courts deny additional depositions when deponents
9  are likely to have common, interchangeable information.  And, even in such instances,
10  courts may allow a limited number or sequential depositions to proceed.  See, e.g., Rx
11  USA, 2007 WL 1827335, at *3 (allowing additional deposition testimony on one but
12  not both individuals with generalized information).

13      Here, Mattel seeks depositions of witnesses who each have specific, unique
14  personal knowledge of the Bratz claims as well as about other claims in the case.  All of
15  them are third parties:

16      • Sarah Halpern – worked on the patterns for the first Bratz dolls

17      • Margaret Leahy – sculpted the first Bratz dolls and 4-Ever Best Friends

18      • Veronica Marlow – worked on the first Bratz doll fashions as well on
19        products at issue in MGA's claims

20      • Elise Cloonan – worked with Bryant on his Bratz pitch to MGA while both
         were employed by Mattel

21      • Jesse Ramirez – worked on molds for Bratz

22      • Jeanne Galvano – alleged witness Bryant's mother recently claimed can
23        verify facts relating to Bratz's creation

24      • Stephen Lee – Managing Director of MGA Hong Kong during development
         of Bratz and other products at issue

25  _____
26  [25]   MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories, at
    4:1-6:3, Proctor Dec., Ex. 24; see Linker Dep. Tr. at 59:22-64:9, Proctor Dec., Ex. 25
27  (testifying that Paula (Treantafelles) Garcia and Bryant approached him and his partner,
    Liz Hogan, before Bryant left Mattel to work on Bratz).
28

Exhibit 1
Page ___17___

- Cecilia Kwok – MGA Hong Kong employee principally involved with first Bratz dolls

- Farhad Larian – brother of Isaac Larian, who sued Isaac Larian and alleged, inter alia, that MGA was working on Bratz by early 2000 (months before MGA and Bryant claim to have met) when he was a part owner of MGA[26]

- Certain as yet unidentified attorneys who represented parties to disputes between Isaac Larian and Farhad Larian in which the creation of and value of Bratz was at issue

- Sandra Bilotto – sculptor who worked on Prayer Angel dolls at issue[27]

- Anne Wang – represented Bryant in negotiations with MGA while he was a Mattel employee that led to the agreement dated "as of September 18, 2000"[28]

- David Rosenbaum – represented MGA in negotiations with Bryant's first agreement with MGA[29]

- Christensen Glaser LLP – firm to which Victoria O'Connor faxed the MGA/Bryant agreement that Isaac Larian had ordered her to alter[30]

- Lucy Arant – lawyer with knowledge of MGA's first use of Bratz

- Mitchell Kamarck – former MGA counsel who responsible for patent applications, including those in which Isaac Larian had claimed to be the inventor of Bratz features that Bryant has since testified he created[31]

- Carol Witschell – lawyer who worked on MGA trademark applications and other trademark matters at issue

- Nana Ashong – former MGA employee who stated Bratz was created during Bryant's employment by Mattel[32]

- Larry McFarland – wrote MGA copyright registrations that stated the Bratz dolls were created during 2000 and that, after this suit was filed, MGA claimed were incorrect

- Eric Yip – MGA Hong Kong Sales Administrator in 2000 and 2001, when Bratz were created and first shipped to Bandai in Spain[33]

---

[26]  See Larian Dep. Tr. at 159:17-160:14, Proctor Dec. Ex. 54.
[27]  Brode Dep. Tr. at 303:9-316:16, Proctor Dec. Ex. 55; Dep. Exhs. 607, 608, 609, Proctor Dec., Ex. 56.
[28]  See Bryant Tr. at 39:6-42:18, Proctor Dec. Ex. 60.
[29]  See O'Connor Dep. Tr. at 94:1-95:21, Proctor Dec., Ex. 61.
[30]  See O'Connor Tr. 17:3-19:19, Proctor Dec., Ex 75.
[31]  See Armstrong Dep. Tr. at 10:7-12, 26:16-23, 244:18-21, Proctor Dec. Ex. 62.
[32]  See Brode Tr. at 87:13-88:11, Proctor Dec., Ex. 55.
[33]  See Harris Dep. Tr. at 121:16-122:17, Proctor Dec. Ex. 63.

Exhibit 1

Page _____ 18

- Gentle Giant Studios – created relevant moldings and casts while Bryant was still employed at Mattel[34]

- Christopher Palmeri – *Business Week* reporter who wrote that Larian purportedly "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers"[35]

- Jeff Weiss – *San Fernando Valley Business Journal* reporter who quoted another inconsistent Larian statement concerning the origin of Bratz[36]

- Kickapoo High School – where Bryant allegedly found inspiration for Bratz and author of documents refuting that claim

- LA Focus – conducted Bratz focus groups, including focus groups that MGA denies occured

- Joyce Ng – independent contractor who moderated Bratz focus groups

- Rachel Harris – former MGA employee who worked on initial Bratz packaging as well as on other packaging which MGA's claims rest on

- Peter Marlow – spouse of Veronica Marlow who negotiated millions of dollars in payments for Bratz from Bryant on her behalf

- Andreas Koch – former MGA manager who has knowledge of Bryant's initial contacts with MGA

- Kami Gillmour – former Mattel and MGA employee who has knowledge regarding Paula Garcia's employment with MGA, confidential information taken from Mattel and MGA's projects at issue

- Mercedeh Ward – engineer on initial Bratz dolls and author of emails reflecting the use of Mattel property in its creation

- Moss Adams – accounting firm with knowledge of MGA's profits and distributions thereof to Larian (who owns 90% of MGA's shares)

- Wachovia Bank – bank identified as being involved in early Bratz financing and knowledgeable about MGA's net worth or value

- Amy Myers – formerly with MGA and has knowledge of Prayer Angels project that MGA has raised as a defense

- Two or three parties MGA sued for infringement of Bratz and whose identities are not yet known to Mattel – they will have knowledge of the dolls and other properties MGA has sued on in the past, which is relevant to refuting MGA's current claims that earlier iterations of Bratz products look nothing like subsequent iteration of Bratz products

---

[34] See Proctor Dec., Ex 72.
[35] Proctor Dec. Ex. 52.
[36] Proctor Dec. Ex. 53.

Exhibit 1
Page ___19___

-11-

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 18 of 69   Page ID
#:31514
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 17 of 30

1      Further, many of these same witnesses are also knowledgeable as to MGA's
2  claims of unfair competition and Mattel's trade secret and RICO claims, as they
3  continued to work with MGA in later years. For example, MGA has already identified
4  Halpern, Kwok, Leahy, Marlow, Lee, Ward and Yip as individuals involved with the
5  products at issue.[37] Likewise, Ramirez continued working on molds for subsequent
6  Bratz dolls through at least 2005,[38] while   Kamarck,[39] Witschell,[40] Arant, and
7  McFarland[41] were involved in subsequent Bratz-related intellectual property matters.
8  As such, testimony from these witnesses is essential for both phases of trial.

9                  **2.    Mattel's Trade Secret and RICO Claims and MGA's Unfair**
10                       **Competition Claims Require Additional Depositions**

11      Mattel has sued MGA for misappropriating Mattel trade secrets and RICO
12  violations by, among other things, stealing thousands of pages of Mattel confidential
13  information in the United States, Canada and Mexico.[42] Mattel identified Ron Brawer,
14  Janine Brisbois, Gustavo Machado, Mariana Trueba Almada and Pablo Vargas as
15  individuals who misappropriated Mattel trade secrets. The only person Mattel has been
16  able to depose on its counterclaims is Ms. Bacon, who coordinated MGA's recruiting of

17
18
19
20  _____

21  [37]   See MGA's Fourth Supp. Response to Interrogatory No. 1 of Mattel's First Set of
    Interrogatories Re Claims of Unfair Competition, at 10-12, 18, 19, Proctor Dec., Ex. 27.
22  [38]   See, e.g., Proctor Dec., Ex. 69 (showing various Bratz-related work in 2005).
    [39]   See, e.g., Armstrong Tr. 26:5-23, Proctor Dec., Ex. 62 (discussing involvement in
23  Bratz-related patent applications through 2004).
    [40]   See, e.g., Proctor Dec., Ex. 70 (discussing involvement with Bratz registrations).
24  [41]   See, e.g., Proctor Dec., Ex. 71 (discussing involvement with Bratz licensing).
25  [42]   Mattel's Counterclaims ¶¶ 37-54, 70-76, Proctor Dec., Ex 16.

26
27
28                                           Exhibit 1
07209/2299353.1                              Page _____ 20
                                  -12-

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 19 of 69   Page ID
#:31515
Case 2:04-cv-09049-SGL-RNB   Document 1134   Filed 11/19/2007   Page 18 of 30

1  Mattel employees.[43]   Accordingly, Mattel seeks leave to take the depositions of the
2  following witnesses on such claims:[44]

3  • Ron Brawer – has knowledge of stolen Mattel trade secrets in the U.S.
4  • Janine Brisbois – former Mattel employee who stole Mattel trade secrets
5  • Gustavo Machado – former Mattel employee who stole Mattel trade secrets
6  • Mariana Trueba – former Mattel employee who stole Mattel trade secrets
7  • Pablo Vargas – former Mattel employee who stole Mattel trade secrets
8  • Ricardo Abundis – has knowledge of stolen Mattel trade secrets in Mexico
9  • Jorge Castilla – believed to have stolen Mattel trade secrets in the U.S.
10 • Nic Contreras – believed to have knowledge of stolen Mattel trade secrets
11 • Dan Cooney – believed to have knowledge of stolen Mattel trade secrets
12 • Susan Kuemmerle – believed to have knowledge regarding stolen Mattel
13   trade secrets in Mexico
14 • Shirin Salemnia – believed to have knowledge of stolen Mattel trade secrets
15 • MGAE de Mexico – defendant to trade secret theft and RICO claims
16 • MGA Entertainment, Inc. – defendant

17   Further, MGA has accused Mattel of trade dress infringement and dilution and
18 unfair competition in connection with more than 440 products.[45]  MGA has identified

19

20 [43] Bacon Dep. Tr. at 12:12-13, 51:22-52:17, 86:8-12, and 114:19-116:9, Proctor Dec.,
21 Ex. 28. And even with respect to Ms. Bacon's deposition, MGA attempted to prevent her
   from testifying on the grounds that Mattel had not noticed her deposition individually, but
22 only as a Rule 30(b)(6) designee. See Proctor Dec., Ex. 29.
   [44] These are those who Mattel has identified to date. Mattel anticipates that there may
23 be more who will need to be deposed in connection with MGA's unfair competition claims
   and Mattel's counterclaims because (a) it continues to review the over one-and-a-half
24 million pages of documents that MGA produced in the past month and (b) MGA, to date,
25 has failed to identify how it anticipates defending Mattel's counterclaims or which
   documents or witnesses it will rely upon to do so, including by its ongoing failures to
26 answer Mattel contention interrogatories related to its defenses to Mattel's counterclaims.
   [45] MGA's Supp. Response to Interrogatory No. 2 Of Mattel, Inc.'s First Set of
27 Interrogatories Re Claims of Unfair Competition, at 5-19, Proctor Dec., Ex. 26.
28

07209/2299353.1

-13-

Exhibit 1
Page 21

1 117 witnesses with knowledge of the creation or promotion of those products,[46]
2 including many of the persons listed above. Mattel has taken the depositions of only
3 six of those 117 named individuals, and has not yet been able to depose two of them,
4 Bryant or Larian, regarding the unfair competition allegations.

**B.   Mattel Needs Additional Depositions Because the Integrity of MGA's and Bryant's Preservation of Documents Is At Issue**

7       Mattel also is entitled to inquire about MGA's and Bryant's preservation and
8 production of evidence. For example, as MGA's designee on document preservation
9 testified, MGA had only obtained off-site documents as of the summer of 2007 and had
10 searched none of these documents for responsive documents, even though the Court
11 had ordered MGA to produce them and MGA had previously represented that its
12 production was complete.[47] Further, MGA's designee on MGA's electronic document
13 preservation and collection testified that MGA's only search of such information was a
14 single search of Isaac Larian's e-mails in 2005, nothing more.[48] MGA's designee
15 repeatedly testified that Joe Tiongco, who Mattel seeks to depose, has more
16 knowledge.[49] In the same vein, Mattel seeks to depose Daphne Gronich, who provided
17 the preservation declaration on MGA's behalf.[50] In addition, there are serious issues
18 about Bryant's hard drives, including because of Bryant's prior counsel's conflicting
19 representations about their collection and preservation – and indeed even their
20 existence. Mattel therefore seeks testimony on these subjects.[51] Bryant's belated
21 revelation that he installed and used the "Evidence Eliminator" program on these drives

[46] MGA's Fourth Supp. Resp. Unfair Comp. No. 1, at 5-16, Proctor Dec., Ex. 27.
[47] 9/24/07 Stip. and Order, Proctor Dec., Ex. 30; Tonnu Dep. Tr. at 612:13-612:15, 620:14-621:21, Proctor Dec., Ex. 31; 8/13/07 Order, at 14:18-22, Proctor Dec., Ex. 32.
[48] See Lockhart Deposition Tr. at 265:1-11, Proctor Dec., Ex. 33.
[49] Id. at 116:2-14, 150:25-151:5, 158:10-15. 258:17-259:9, 265:1-11, 266:12-267:5.
[50] See Dec. of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated September 10, 2007, Proctor Dec., Ex. 34.
[51] Notice of Deposition of Littler Mendelson Pursuant to Federal Rule of Procedure 30(b)(6), dated September 6, 2007, Proctor Dec., Ex. 35.

Exhibit 1
Page   22

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 21 of 69   Page ID
#:31517
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 20 of 30

1 || underscores all the more the legitimacy of full and fair discovery into the integrity of

2 || his drives.

3           **C.     Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative**

4                 **Topics**

5           MGA objected, and the Discovery Master has ruled, that a corporate party who

6 || has been deposed pursuant to a <u>Rule</u> 30(b)(6) notice cannot be deposed pursuant to a

7 || subsequent notice absent Court leave.[52]  Mattel has not propounded a <u>Rule</u> 30(b)(6)

8 || Notice of Deposition on MGA or MGAE de Mexico related to either MGA's unfair

9 || competition claims or Mattel's counterclaims.  Mattel's Notices of Deposition—

10 || attached as Exhibits A and B—contain topics of testimony which relate to those

11 || claims.[53]  Mattel has not previously served any <u>Rule</u> 30(b)(6) Notice on MGAE de

12 || Mexico at all, and the topics in the additional Notice to MGA are not duplicative of

13 || those in Mattel's prior Notices to MGA.[54]  Mattel respectfully submits that it should be

14 || granted leave to proceed with those depositions.

15           **D.     Mattel Meets The Requirements for Additional Discovery**

16           When a deponent possess unique information, courts will generally allow leave

17 || for additional depositions because they do not undermine the key purpose of the

18 _____

19     [52]   9/25/07 Order Re Mattel's Motion to Compel MGA to Produce Witnesses Pursuant
to Third Notice of Deposition Under 30(b)(6), Proctor Dec., Ex. 36.

20     [53]   <u>See</u> Exhibits A & B.  Mattel's Fourth Notice of Deposition is far less than
burdensome compared to MGA's recently served Notice of Deposition, which contains

21 more than 80 topics, each of which has many sub-parts.  <u>See</u> MGA Entertainment, Inc.'s
Notice of Deposition of Mattel, dated September 5, 2007, Proctor Dec., Ex. 40.

22     [54]   Mattel's First Notice of Deposition was narrowly tailored to obtain information

23 related to MGA's contentions that Bryant and Anna Rhee had worked on Prayer Angels,
not Bratz, while Bryant employed by Mattel.  Proctor Dec., Ex. 37.  Mattel's Second

24 Notice sought information related to Bratz, including Bratz revenues, costs and profits, and

25 evidence preservation and collection.  Proctor Dec., Ex. 38.  Mattel's Third Notice sought
follow-up information on matters that had arisen in discovery, including with respect to

26 specific electronic evidence, specific individuals who worked on the first Bratz dolls,

27 payments made to witnesses or parties, and statements to reporters related to Bratz's
creation and inspiration.  Proctor Dec., Ex. 39.

28

07209/2299353.1

Exhibit 1
Page _____ 23

-15-

Case 2:04-cv-09049-DOC-RNB  Document 2042-3  Filed 02/11/08  Page 22 of 69  Page ID
#:31518
Case 2:04-cv-09049-SGL-RNB    Document 1134    Filed 11/19/2007    Page 21 of 30

1  limits—preventing duplicative discovery. See, e.g., Bromgard, 2007 WL 1101179, at
2  *2 (D. Mont. April 11, 2007).  As explained above, Mattel seeks depositions of
3  individuals who each have specific, unique knowledge of the underlying events.

4      Without additional depositions, Mattel cannot discover the full extent of MGA's
5  wrongdoing or adequately prepare to defend against MGA's claims.  Mattel seeks a
6  declaration of ownership of Bratz works that Bryant created during his Mattel
7  employment and their derivatives – property that MGA and Bryant have claimed are
8  worth hundreds of millions of dollars and perhaps more.  Mattel has accused MGA of
9  stealing thousands of pages of Mattel's most valuable trade secrets, including product
10  lines, and strategic plans.  MGA has accused Mattel of infringing hundreds of MGA
11  products, alleging "billions" of dollars in damages.  In light of the magnitude of this
12  case, the burden or additional expense of these depositions pales in comparison to
13  Mattel's need to fully prepare to try this case.  As set forth above, the depositions that
14  Mattel seeks by this motion are not collateral, but go to the heart of its claims and
15  defenses.  See, e.g., Rx USA, 2007 WL 1827335, at *2-3 (additional depositions
16  warranted in a dispute between large corporations, given the complexity of the issues
17  and the parties' resources).

18  **III.  THE COURT SHOULD GRANT LEAVE WITH RESPECT TO**
19  **MATTEL'S INTERROGATORIES**

20      Two categories of interrogatories are involved here:  first, Mattel's proposed
21  additional interrogatories that it seeks leave to serve; and, second, interrogatories which
22  Mattel has already served on defendants.

23      **A.  Mattel Should Be Allowed To Propound Additional Interrogatories**
24      Mattel seeks leave to propound additional interrogatories related to MGA's unfair
25  competition claims and Mattel's counterclaims, and MGA's evidence collection and
26  preservation.  To properly prepare for trial, Mattel seeks leave to serve interrogatories
27  requiring defendants to identify the facts, documents and witnesses it will use to prove
28  its claims, defenses and damages.  Mattel's proposed interrogatories thus seek to

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 23 of 69   Page ID
#:31519
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 22 of 30

1 | identify which specific Mattel designs or products defendants allege infringe on
2 | defendants' designs[55] and trade dress[56] and the facts supporting those legal claims.[57]
3 | Additionally, Mattel seeks to determine defendants' position regarding their
4 | misappropriation of Mattel documents, including whether defendants contend that no
5 | such documents were obtained improperly,[58] that the information contained therein has
6 | no value as a trade secret,[59] that the information had been publicly disclosed,[60] that
7 | defendants did not use or disclose such information,[61] that any such disclosure neither
8 | benefited defendants nor harmed Mattel,[62] and that defendants have a right to possess,
9 | use or disclose any such documents in their possession.[63]  These are essential elements
10 | of the trade secret theft claim.  <u>See</u> <u>Cal. Civ. Code</u> § 3426.1.  Finally, Mattel seeks
11 | information related to MGA's efforts to collect and preserve evidence relevant or
12 | potentially relevant to this action.[64]

13 | The proposed interrogatories are consistent with the factors set out in <u>Rule</u> 26(b)
14 | and should be permitted.  They seek disclosure of specific relevant facts regarding
15 | topics which have not been the subject of prior interrogatories.  The majority of Mattel's
16 | prior interrogatories focused on issues related to creation and ownership of Bratz.[65]
17 | Only Mattel's set of interrogatories relating to MGA's unfair competition claims could

18
19

20 | [55] <u>See</u> Mattel's Proposed Interrogatory No. 51.
[56] <u>See</u> Mattel's Proposed Interrogatory No. 52.
21 | [57] <u>See</u> Mattel's Proposed Interrogatories Nos. 53, 54, 55.
[58] <u>See</u> Mattel's Proposed Interrogatory No. 56.
22 | [59] <u>See</u> Mattel's Proposed Interrogatory No. 57.
[60] <u>See</u> Mattel's Proposed Interrogatory No. 58.
23 | [61] <u>See</u> Mattel's Proposed Interrogatory No. 59.
24 | [62] <u>See</u> Mattel's Proposed Interrogatory No. 60.
[63] <u>See</u> Mattel's Proposed Interrogatory No. 61.
25 | [64] <u>See</u> Mattel's Proposed Interrogatories Nos. 63-64.
26 | [65] <u>See</u> First Set to Bryant, Proctor Dec., Ex 8; First Set to MGA, Proctor Dec., Ex. 9;
27 | Second Set to Bryant, Proctor Dec., Ex. 11; Second Set to MGA, Proctor Dec., Ex. 10; Third Set Revised, Proctor Dec., Ex. 45.

28 | Exhibit 1
Page _____ 25

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 24 of 69   Page ID
#:31520
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 23 of 30

1  conceivably overlap with the proposed interrogatories.[66] However, the interrogatories

2  already propounded focused on issues distinct from the proposed interrogatories—

3  specifically, facts relating to MGA employees involved with certain MGA products,[67]

4  MGA's alleged injuries,[68] MGA's allegations regarding Mattel's conduct with certain

5  third-parties in the industry[69] and MGA's allegations of product confusion.[70] These are

6  not duplicated in the interrogatories which Mattel is proposing.

7       Finally, the benefits of the proposed interrogatories outweigh any added burden,

8  as these type of facts are properly revealed through interrogatories, and the information

9  sought by the interrogatories will advance this litigation and avoid surprise at trial.

10      **B.**    **The Court Should Grant Leave With Respect To Mattel's**

11         **Outstanding Interrogatories That Defendants Will Not Answer**

12      To date, Mattel has served 50 interrogatories on the defendants. Yet, by

13  objecting to some of those previously served interrogatories served as being compound,

14  defendants refuse to answer on the purported ground that they exceed the Court's

15  limit.[71] Although defendants are wrong, the Court should eliminate further delay and

16  quarreling by defendants by simply granting Mattel leave to serve them regardless of

17  how they are counted.

18      Mattel has been seeking answers to these basic interrogatories for over five

19  months now. To justify their wholesale refusal to answer them, defendants claimed

20  they exceeded the Court's limit on the number of interrogatories. Mattel moved to

21  compel, defendants moved for a protective order, and in a September 5, 2007 Order

22  Judge Infante provided guidance on the counting of the interrogatories. Mattel then

23  _____

24  [66] See First Set Re Unfair Comp., Proctor Dec., Ex. 12.
[67] See id. No. 1.

25  [68] See id. No. 4.
[69] See id. Nos. 5, 8, 9, and 10.

26  [70] See id. No. 7.

27  [71] See Bryant's Objections to Revised Third Set, Proctor Dec., Ex. 73; Bryant's
Objections to Amended Fourth Set, Proctor Dec., Ex. 74.

28

07209/2299353.1

Exhibit 1

Page _____ 26

-18-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1  propounded revised interrogatories that were consistent with the Discovery Master's
2  Order.

3      Defendants nevertheless claim, once again, that Mattel exceeds its 50 allotted
4  interrogatories. Not only is this without merit,[72] but it is clear that defendants rehash
5  this objection for no other reason than to obstruct. Bryant refuses to answer any
6  interrogatory past No. 27 because "Mattel has propounded more than 50
7  interrogatories."[73] And, even the minimal answers he gave to others amply confirms
8  that he continues to stonewall on even basic discovery in this case. MGA makes
9  essentially the same objection.[74] Accordingly, through nothing more than creatively

10 _____

11      [72] The essence of the defendants' objection is that Mattel's revised interrogatories are
   compound interrogatories because they improperly require them to respond to individual
12 interrogatories with "different and distinct facts." See Bryant's Objections to Revised
   Third Set, at 18; Bryant's Objections to Amended Fourth Set, at 4. For example,
13 defendants frivolously object to having to identify both the name of a product and its
   corresponding product number. But Judge Infante ruled on this matter, explaining that
14 interrogatories "'containing subparts directed at eliciting details concerning [a] common
   theme should be considered a single question,'" while interrogatories on "discrete issues"
15 should be treated as multiple interrogatories. Order re Mattel's Interrogs., at 5 (quoting 8A
   Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)); see also id. at 7.
16 The scope of Mattel's revised interrogatories is no different than those which Judge Infante
   ruled were permissible, as in both instances the "subparts are related and directed to the
17 underlying details of a specifically identified" subject. See id. Judge Infante specifically
18 observed that under the Advisory Committee notes, interrogatories which required distinct
   factual answers relating to the same subject—e.g., the time, place, persons present, and
19 contents of a particular communication—should be treated as a single interrogatory. See
20 id. Mattel's revised interrogatories are not compound, and defendants' arguments to the
   contrary are groundless: the fact that an interrogatory answer requires *different facts* does
21 not convert it into a compound interrogatory on *different issues*.
22      [73] Bryant's Objections to Revised Third Set, at 7. Bryant then makes the same
23 objection to the remaining 23 interrogatories.
        [74] See MGA's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 76; MGA (HK)
24 Ltd.'s Objections to Revised Third Set, at 17, Proctor Dec., Ex. 77; MGAE de Mexico's
25 Objections to Revised Third Set, at 8, Proctor Dec., Ex. 78; Larian's Objections to Revised
   Third, at 8, Proctor Dec., Ex. 79; MGA's Objections Amended Fourth Set, at 7, Proctor
26 Dec., Ex. 80; MGA (HK) Ltd.'S Objections to Amended Fourth Set, at 7-8, Proctor Dec.,
   Ex. 81; MGAE de Mexico's Objections to Amended Fourth Set, at 8, Proctor Dec., Ex. 82;
27 Larian's Objections to Amended Fourth Set, at 7, Proctor Dec., Ex. 83.

28

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 26 of 69   Page ID
#:31522
Case 2:04-cv-09049-SGL-RNB   Document 1134   Filed 11/19/2007   Page 25 of 30

1  counting a few interrogatories as a multitude, defendants manufacture grounds to delay

2  yet more and refuse obviously appropriate discovery.  To the extent that defendants

3  have substantive objections to specific interrogatories, these issues may be properly

4  heard before the Discovery Master. But defendants should not be permitted to serially

5  raise the same objection to a few specific interrogatories in order to delay for yet more

6  months in responding to the bulk of Mattel's interrogatories.  Mattel requests that this

7  Court cut through this issue by granting Mattel leave, to the extent needed, to serve

8  each of the interrogatories that have been served to date regardless of how they are

9  counted.

10  **IV.    THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE**

11  **BRYANT DEPOSITION**

12      On September 28, 2007, the Discovery Master issued an Order Granting in Part

13  Mattel's Motion for Additional Time to Depose Carter Bryant for All Purposes,

14  granting Mattel seven additional hours to depose Bryant (in addition to 2 hours

15  previously granted based on counsel's dozens of improper instructions not to answer at

16  the Bryant deposition), but denying Mattel the 21 hours that it sought.[75]  Mattel

17  respectfully submits that the facts, as determined by the Discovery Master, justify far

18  more than seven additional hours, and the Court should grant additional time.

19      Mattel does not contest the Discovery Master's factual findings in any way.  To

20  the contrary, the underlying factual findings were plainly correct.  As Judge Infante

21  noted, Mattel's deposition of Bryant in 2004 took place before MGA even brought its

22  unfair competition claims and before Mattel filed its counterclaims, and Mattel had no

23  opportunity to depose Bryant on either.[76]  Thus, as Judge Infante justifiably found:

24          •    The new claims and defenses that were added to the case after Bryant's
                 deposition justify additional deposition time. . . . Without question,

25  ────────────────────

26  [75]    Order Granting in Part Mattel's Motion for Additional Time to Depose Carter
        Bryant for All Purposes (Sept. 28, 2007) ("Order re Additional Time"), at 8:7-13, Proctor

27  Dec., Ex. 43.
        [76]   Id. at 5:2-10.

28                                          Exhibit 1
                                            Page ___28___

                   MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 27 of 69   Page ID
#:31523
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 26 of 30

1    Bryant is a critical witness regarding MGA's unfair competition claims
     and Mattel has not had an opportunity to depose him on such claims.[77]

2

3    •    In addition, Mattel filed a counterclaim against Bryant, MGA, and
          other defendants in 2007, asserting thirteen different claims . . . .
          Bryant filed an answer asserting over twenty affirmative defenses.

4         Mattel has not had an opportunity to depose Bryant on any of these
          claims or defenses.[78]

5

6    •    Bryant is the central figure in this litigation and arguably the most
          important witness *for virtually every claim in the case.* No other
          witness in the case has his depth and breadth of relevant information.[79]

7

8         Bryant and MGA cannot dispute any of this.  In interrogatory responses, MGA

9    lists Bryant as a person directly involved with and knowledgeable about the allegedly

10   infringed MGA products that MGA has put at issue.[80]  MGA's responses to Mattel's

11   interrogatories also state that the <u>entire</u> Bratz line is the subject of MGA's claims, and

12   an MGA witness has declared that there are more than 200 Bratz products.[81]  Moreover,

13   Paula Garcia, MGA's Vice President of Product Design and Development, has declared

14   that she and  Bryant are "the *only* people who know what the concept is and who see

15   the early product drawings" with respect to many Bratz products.[82]  That is particularly

16   important because many of both Mattel's *and* MGA's claims will turn on the source and

17   timing of these products at issue.  As the Court knows, Mattel's defenses to MGA's

18   infringement claims rest, in part, on the fact that it was MGA which stole and copied

19   Mattel products through its trade secret thefts.  Testimony on the origins of those MGA

20   products and when they were created is indispensable.

21

22   [77]   <u>Id.</u> at 5:4-5.
     [78]   <u>Id.</u> at 5:6-10.

23   [79]   <u>Id.</u> at 5:15-17 (emphasis added).
     [80]   MGA's Responses to Mattel's First Set of Interrogatories Re Claims of Unfair

24   Competition, dated January 19, 2007, Response No. 1, at 6:9, Proctor Dec., Ex. 57.

25   [81]   <u>See</u> Declaration of Patricia Perrier in Support of MGA's Opposition to Mattel's
     Motion to Try All Claims Related to Bratz Ownership in Phase One, dated May 25, 2007,

26   at ¶ 2, Proctor Dec., Ex. 58; MGA Sup. Resp. Unfair Comp. No. 2, Proctor Dec., Ex. 26.

27   [82]   Declaration of Paula Garcia in Support of MGA's Opposition to Mattel's Motion to
     Compel, dated February 9, 2007, ¶ 6 (emphasis in original), Proctor Dec., Ex. 59.

28
                                                              Exhibit 1
07209/2299353.1                                               Page ___29___
                                        -21-

1   Bryant is also obviously a crucial witness on Mattel's copyright infringement,
2   RICO and other counterclaims, which raise a host of new issues Bryant has not been
3   deposed on. According to MGA, Mattel's copyright infringement claim against Bryant
4   alone relates to "*hundreds* of products."[83]   Bryant was also personally involved, either
5   as sender or recipient, in approximately 100 of the predicate acts of mail and wire fraud
6   alleged by Mattel. [84]  Mattel is entitled to question Bryant about these and all the other
7   issues presented for the first time by Mattel's counterclaims and Bryant's answer.

8       Moreover, as Judge Infante found, "new evidence justifies additional time to
9   depose Bryant."[85]   Judge Infante noted that Bryant's deposition took place before "98
10  percent of Bryant's and MGA's collective document production took place"[86] – and that
11  did not even reflect the more than a million-and-a-half pages, that MGA has produced
12  in recent weeks.[87]  In truth, *99.9%* of defendants' production in this case has occurred
13  only after Bryant's 2004 deposition.  Thus, Mattel has had no opportunity to examine
14  Bryant on the vast bulk of the evidence, whether relevant to new claims or the original
15  ones.  This includes, for example:

16      •   Bryant's fee agreements with MGA, which reflect that MGA is paying
17          Bryant's legal fees at its discretion, and which were withheld by Bryant
            even in the face of prior court orders;

18      •   Bratz design drawings produced by Bryant for the first time this year,
19          only after being ordered, which bear handwritten dates of September
            19, 1999, at time when Bryant was employed by Mattel;

20      •   Bryant's desktop hard drive, which reveals his use of "Evidence
21          Eliminator" software, which was not produced until compelled this
            year.

22  ―――――――――――
    [83]   See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz
23  Ownership in Phase One at 3:12-19.
    [84]   See Mattel's Second Amended Answer & Counterclaims, Exhibit C.
24  [85]   Order re Additional Time at 5:20 (font altered), Proctor Dec., Ex. 43.
    [86]   Id. at 5:24-27, Proctor Dec., Ex. 43.  Notably, Judge Infante calculated the 98
25  percent number based on MGA's production of 157,000 pages of documents as of the close
26  of briefing in late August.  Since that time MGA has produced over a million-and-a-half
    pages of documents.  See Proctor Dec. ¶ 45.
27  [87]   See Proctor Dec. ¶ 45.

28                                                    Exhibit 1
                                                      Page _____ 30
              MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

Case 2:04-cv-09049-DOC-RNB    Document 2042-3    Filed 02/11/08    Page 29 of 69    Page ID
#:31525
Case 2:04-cv-09049-SGL-RNB    Document 1134    Filed 11/19/2007    Page 28 of 30

1       •     Original Bratz drawings, which Bryant did not make available for
                 inspection until this summer, after being ordered to do so,
2                 notwithstanding his promise that he would produce such documents at
                 the 2004 deposition.

3
       •     A fax from Bryant to David Rosenbaum, outside counsel for MGA,
4                 dated September 14, 2000, wherein Bryant stated that he could not ask
                 Mattel's Human Resources any more questions about his contract with
5                 Mattel "without risking suspicion."

6       •     October 10, 2000 e-mails between Isaac Larian, Victoria O'Connor and
                 Paula Garcia (formerly Treantafelles), reflecting that Bryant worked on
7                 Bratz with MGA "on average about 4 hours a day," starting at least six
                 weeks before he left Mattel.

8
       •     Invoices showing that Veronica Marlow, a key third party, billed MGA
9                 for 169 hours of development services on Bratz that were performed
                 before Bryant left Mattel.

10
    The list of new evidence that was requested by Mattel before Bryant's deposition but
11
first produced by defendants only later literally goes on and on. As Judge Infante
12
ruled, "a witness may be re-deposed with respect to . . . new developments" in a
13
case, including new documents such as these, as well as new claims.[88]
14
        Despite his factual findings, Judge Infante ruled that Mattel is only entitled to an
15
additional seven hours of deposition.  Previously Judge Infante had gave Mattel two
16
additional hours as a result of the improper instructions and objections by counsel at
17
Bryant's deposition.[89]  So, under Judge Infante's ruling, Mattel has been limited to only
18
seven hours to depose Bryant – the "most important witness for virtually every claim in
19
the case"[90] – on MGA's claims, Mattel's counterclaims, the hundreds of MGA and
20
Mattel products now at issue about which Bryant has unique knowledge, and the vast
21
amounts of recently produced new evidence.  This is unfair.  The ruling that Mattel be
22

23

24    [88]   Order re Additional Time at 4:20-24 (quoting Fresenius Med. Care Hldgs. Inc. v.
25  Roxane Labs., Inc., 2007 WL 764302 (S.D. Ohio 2007)), Proctor Dec., Ex. 43.
     [89]   Order re Additional Time at 7:24-25, Proctor Dec., Ex. 43; see Order Granting In
26  Part And Denying In Part Mattel's Motion To Overrule Instructions Not To Answer During
  The Deposition Of Carter Bryant (March 7, 2007), Proctor Dec., Ex. 44.
27    [90]   Id. at 5:15-17.

28
                                        Exhibit 1

Case 2:04-cv-09049-DOC-RNB   Document 2042-3   Filed 02/11/08   Page 30 of 69   Page ID
#:31526
Case 2:04-cv-09049-SGL-RNB      Document 1134      Filed 11/19/2007      Page 29 of 30

1  granted only seven additional hours is clearly erroneous given Bryant's singular

2  importance, the magnitude of this case and the tectonic shift of claims.

3      Also, based on <u>Rule</u> 30's "presumptive one day, seven-hour limitation on

4  depositions," Judge Infante awarded Mattel a total of 7 hours to depose Bryant on all of

5  MGA's claims and all of Mattel's counterclaims.[91] It is simply impossible to conduct a

6  deposition on those claims – which had not even been filed when Bryant was first

7  deposed – in that amount of time. Judge Infante apparently awarded Mattel no

8  additional time based on new evidence, even though 99.9% of defendants' production

9  has taken place since the 2004 deposition. That effectively punishes Mattel for

10 defendants' discovery misconduct. Mattel requested defendants' documents before the

11 deposition took place; defendants withheld them at their own peril, not at Mattel's.[92]

12 Mattel is entitled to a fair amount of time to depose the key witness in the case on the

13 new claims and evidence he has not been deposed on. The Court should afford that,

14 and grant Mattel a total of 21 hours for the deposition.[93]

15

16

17  [91]  <u>Id.</u> at 8:10-13.

    [92]  <u>See, e.g.</u>, <u>Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc.</u>, 2007
18  WL 764302, at *2 (S.D. Ohio 2007) (originally cited by Bryant to Judge Infante) (allowing
    second deposition because defendant failed to produce requested documents prior to first
19  deposition); <u>Robins v. Scholastic Book Fairs</u>, 928 F. Supp. 1027, 1036 (D. Or. 1996) ("the
    second set of depositions of these individuals was necessary because they had to be
20  questioned about additional documents that Defendant produced after the first set of
    depositions"); <u>Ritchie v. U.S.</u>, 2004 WL 1161171, at *3 (N.D. Cal. 2004) ("when further
21  evidence linking [witness to the project in dispute] subsequently came to light this court
    permitted plaintiff to depose [the witness] a second time").
22
    [93]  In the alternative, the Court should excercise its discretion to enlarge Mattel's time
23  to depose Bryant. The Court previously extended MGA's deadlines to produce documents
    that it was compelled to produce even though Judge Infante had specifically *rejected*
24  MGA's request for additional time to comply and despite MGA's failure to show there was
    any error in that ruling. Here, there can be no dispute that the Court has the right to ensure
25  that the parties receive fair discovery, proportionate to the magnitude and complexity of
    the case, and that trial in this matter is conducted without undue surprises which will cause
26  prejudice and waste the time of the Court and the jury.
27

28
                                                              Exhibit 1

1

## __Conclusion__

2      For the foregoing reasons, Mattel respectfully requests that the Court grant

3 Mattel's motion for leave.

4 DATED:  November 19, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
5

6                                       By Jon Corey /s/
7                                          Jon Corey
                                           Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1
Page ___33___

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 2**

**EXHIBIT TO**:     **DECLARATION OF LARRY MCFARLAND IN
SUPPORT OF RESPONSE TO ORDER TO SHOW
CAUSE OF LARRY MCFARLAND, LUCY ARANT,
SARAH HALPERN, AND PETER MARLOW**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
~~UNITED STATES COPYRIGHT OFFICE~~

**VA 1-218-489**

EFFECTIVE DATE OF REGISTRATION

**DEC 2 2 2003**
Month       Day       Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

## 1

**Title of This Work ▼**

BRATZ Group Drawing

**NATURE OF THIS WORK ▼** See instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical  serial  or collection  give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼       Number ▼       Issue Date ▼       On Pages ▼

## 2

**NAME OF AUTHOR ▼**

a. Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼       Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___ U S A ___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes  see detailed instructions

**NOTE**
'er the law author of work made for hire  is generally the employer  not the employee (see instruc tional)  For any part of this work that was made for hire check  Yes  in the space provided  give the employer (or other person for whom the work was prepared) as  Author  of that part  and leave the space for dates of birth and death blank

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

b. **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼       Year Died ▼

**Was this contribution to the work a work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes  see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

## 3

a **Year in Which Creation of This Work Was Completed**  1998
This information must be given Year in all cases

b **Date and Nation of First Publication of This Particular Work**
Complete this information Month  February   Day  12   Year  2001
ONLY if this work has been published  U.S.A.   Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

See instructions before completing this space

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2  give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

*(right column, vertical text: DO NOT WRITE HERE OFFICE USE ONLY)*

APPLICATION RECEIVED
**DEC 2 2 2003**
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
**DEC 2 2 2003**
FUNDS RECEIVED

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse s de of this page
See detailed instructions   Sign the form at l ne 8

DO NOT WRITE HERE
Page 1 of ___ ages

Exhibit 2
Page  34

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |

| CORRESPONDENCE | FOR |
| Yes | COPYRIGHT |
| | OFFICE |
| | USE |
| | ONLY |

## DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is  Yes  why is another registration being sought  (Check appropriate box ) ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes  give  **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation

a  **Preexisting Material**  Identify any preexisting work or works that this work is based on or incorporates ▼

b  **Material Added to This Work**  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**

a  See instructions before completing this space

b

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account.

Name ▼          Account Number ▼

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

Area code and daytime telephone number          (310 ) 248 3830          Fax number          ( 310 ) 860 0363

Email    lmcfarland@kmwlaw com

**7**

a

b

**CERTIFICATION**  I the undersigned hereby certify that I am the

check only one ▶    ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   MGA Entertainment  Inc
                                       Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland          Date  December 16  2003

Handwritten signature (X) ▼

X _____

| Certificate will be mailed in window envelope to this address | Name ▼ |
| | Larry W  McFarland  Keats  McFarland & Wilson  LLP |
| | Number/Street/Apt ▼ |
| | 9720 Wilshire Boulevard  Penthouse Suite |
| | City/State/ZIP ▼ |
| | Beverly Hills  California  90212 |

YOU MUST
Complete all necessary spaces
Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1  Application form
2  Nonrefundable filing fee in check or money order payable to Register of Copyrights
3  Deposit material

Fee in effect as of July 1  2002 is check b

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington  D C  20559-6000

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev June 2002—20 000   Web Rev June 2002   ♻ Printed on recycled paper

Exhibit 2
Page ___35___

US Government Printing Office 2000 461 113/20 021

8/1996



Exhibit 2
Page ____36____

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form CA**
For Supplementary Registration
**UNITED STATES COPYRIGHT OFFICE**

REGI~~~~~~ ~~~~~~

**VA 1-301-528**

#U000013015281

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|----|-----|----|-----|----|-----|----|-----|-----|

**EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION**

*March 28 2005*
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

## A

Title of Work ▼
**BRATZ Group Drawing**

| Registration Number of the Basic Registration ▼ | Year of Basic Registration ▼ |
|---|---|
| VA 1-218-489 | 2003 |

| Name(s) of Author(s) ▼ | Name(s) of Copyright Claimant(s) ▼ |
|---|---|
| Carter Bryant | MGA Entertainment, Inc. |

## B

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number _____ **3b** _____    Line Heading or Description **Date of Publication**

Incorrect Information as It Appears in Basic Registration ▼

February 12, 2001

Corrected Information ▼

at least as early as May 21, 2001

Explanation of Correction ▼

## C

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____    Line Heading or Description _____

Amplified Information and Explanation of Information ▼

---

**MORE ON BACK ▶**    • Complete all applicable spaces (D-G) on the reverse side of this page
• See detailed instructions    • Sign the form at Space F

**DO NOT WRITE HERE**
Page 1 of __**2**__ pages

Exhibit 2
Page _**37**_

FORM CA RECEIVED                                    FORM CA

MAR 28 2005
FUNDS RECEIVED DATE

EXAMINED BY _____              FOR
                                         COPYRIGHT
CORRESPONDENCE ☒                         OFFICE
                                         USE
REFERENCE TO THIS REGISTRATION ADDED TO  ONLY
BASIC REGISTRATION ☒YES ☐ NO

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

Continuation of ☐ Part B or ☐ Part C                          **D**

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York   10036
Phone (212 ) 819-8200 _____ Fax (212 ) 354-8113 _____ Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the  (Check only one)
☐ author          ☐ owner of exclusive right(s)
☐ other copyright claimant  ☒ duly authorized agent of  **MGA Entertainment Inc.**
                              Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼  Carol A. Witschel                Date ▼  March 24, 2005

Handwritten signature (X) ▼  *Carol A Witschel*

Certificate       Name ▼  Carol A. Witschel - White & Case LLP
will be
mailed in         Number/Street/Apt ▼
window                1155 Avenue of the Americas
envelope          City/State/ZIP ▼
to this               New York, New York   10036
address

YOU MUST:
• Complete all necessary spaces
• Sign your application in Space F
SEND ALL ELEMENTS IN THE SAME PACKAGE:
1  Application form
2  Nonrefundable filing fee in check or money order payable to Register of Copyrights
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue  S.E.
Washington D C  20559-6000

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2,500

Rev July 2002—20 000  Web Rev July 2002   Printed on recycled paper                      U S Government Printing Office  2002-491-423/50 009

Exhibit 2
Page _____ 38

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1−218−490



EFFECTIVE DATE OF REGISTRATION

**DEC 2 2 2003**

Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

## 1

**Title of This Work ▼**

CLOE Drawing

**NATURE OF THIS WORK ▼** See instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

## 2

**NOTE**

Under the law, the author of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** **NAME OF AUTHOR ▼**

Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country

OR { Citizen of ___USA___
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?      ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture      ☐ Map            ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph     ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country

OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?      ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture      ☐ Map            ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph     ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed**
1998
This information must be given in all cases.

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month February   Day 12   Year 2001
U.S.A.
Nation

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 2 2 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

Exhibit 2
Page ___39___

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box ) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first applicant on submitted by this author as copyright claimant
c ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes  give  **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

**6**
**a**
See instructions
before completing
this space

b **Material Added to This Work** Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
**Name** ▼                                                       **Account Number** ▼

**7**
**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland   Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

**b**

Area code and daytime telephone number      ( 310 ) 248 3830          Fax number      ( 310  ) 860 0363
Email   lmcfarland@kmwlaw com

**CERTIFICATION\*** I  the undersigned  hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
                                    Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland                                                      Date  December 16  2003

Handwritten signature (X) ▼
X

**9**

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W  McFarland   Keats  McFarland & Wilson  LLP
Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite
City/State/ZIP ▼
Beverly Hills  California  90212

• Complete all necessary spaces
• Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money
   order payable to Register of Copyrights
3 Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington D C  20559-6000

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the appli
with the application  shall be fined not more than $2 500

Rev June 2002—20 000   Web Rev June 2002   ⊛ Printed on recycled paper

Exhibit 2
Page   40

U S Government Printing Office  2000-461 113/20 021



8/1998

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Exhibit 2
Page _____ 41

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

**VA 1 – 301 – 531**

TX │ TXU │ PA │ PAU │ VA │ VAU │ SR │ SRU │ RE

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month   Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

## A

Title of Work ▼

**Cloe Drawing**

Registration Number of the Basic Registration ▼

**VA 1-218-490**

Year of Basic Registration ▼

**2003**

Name(s) of Author(s) ▼

Carter Bryant

Name(s) of Copyright Claimant(s) ▼

MGA Entertainment, Inc

## B

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number **3b**          Line Heading or Description **Date of Publication**

Incorrect Information as It Appears in Basic Registration ▼

February 12, 2001

Corrected Information ▼

at least as early as May 21, 2001

Explanation of Correction ▼

## C

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number                    Line Heading or Description

Amplified Information and Explanation of Information ▼

Exhibit 2

Page ___ 42

MORE ON BACK ▶ • Complete all applicable spaces (D-G) on the reverse side of this page
• See detailed instructions.   • Sign the form at Space F.
DO NOT WRITE HERE
Page 1 of ___ 2 pages

FORM CA RECEIVED

MAR 2 8 2005

FUNDS RECEIVED DATE

EXAMINED BY

CORRESPONDENCE☑

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☑YES ☐NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Correspondence Give name and address to which correspondence about this application should be sent

Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212)  819-8200          Fax ( 212)  354-8113          Email  cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name_____

Account Number_____

Certification* I, the undersigned, hereby certify that I am the  (Check only one)

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ duly authorized agent of   MGA Entertainment Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼ Carol A. Witschel                              Date ▼ March 24, 2005

Handwritten signature (X) ▼ *Carol A. Witschel*

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼ Carol A. Witschel - White & Case LLP

Number/Street/Apt ▼ 1155 Avenue of the Americas

City/State/ZIP ▼ New York, New York  10036

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Rev July 2002—20,000   Web Rev July 2002   Printed on recycled paper

Government Printing Office 2002-491 423/80 009

Exhibit 2
Page 43

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-487

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

EFFECTIVE DATE OF REGISTRATION

**DEC 2 2 2003**

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼

JADE Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution  If this work was published as a contribution to a periodical  serial  or collection  give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

**a**  NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  U S A
Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is Yes  see detailed instructions

Nature of Authorship  Check appropriate box(es)  See instructions
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**b**  Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes  see detailed instructions

Nature of Authorship  Check appropriate box(es)  See instructions
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a**  Year in Which Creation of This Work Was
Completed   1998
This information must be given
Year  in all cases

**b**  Date and Nation of First Publication of This Particular Work
Complete this information  Month  February   Day  12   Year  2001
ONLY if this work has been published
U.S.A.                                        Nation

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment  Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

Transfer  If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2  give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 2 2 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions        Sign the form at line 8

DO NOT WRITE HERE
Page 1 of         pages

Exhibit 2
Page    44

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| | CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?

☐ Yes ☑ No If your answer is Yes why is another registration being sought? (Check appropriate box ) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is Yes give **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work complete only 6b for a compilation

a **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

a

See instructions before completing this space

b **Material Added to This Work** Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account

Name ▼          **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland Keats McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills California 90212

b

Area code and daytime telephone number   (310 ) 248 3830          Fax number   ( 310 ) 860 0363

Email   lmcfarland@kmwlaw com

**CERTIFICATION** I the undersigned hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment Inc

**8**

Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Larry W McFarland                                        Date   December 16 2003

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W McFarland Keats McFarland & Wilson LLP | YOU MUST Complete all necessary spaces Sign your application in space 8 SEND ALL 3 ELEMENTS IN THE SAME PACKAGE |
|---|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard Penthouse Suite | 1 Application form 2 Nonrefundable filing fee in check or money order payable to Register of Copyrights 3 Deposit material |
| | City/State/ZIP ▼ Beverly Hills California 90212 | MAIL TO Library of Congress Copyright Office 101 Independence Avenue S E Washington D C 20559-6000 |

**9**

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the appl... ...ded for by section 409 in any w tten stateme t filed n connect on with the application shall be fined not more than $2 500

Re June 2002—20 000 Web Re June 2002 @ P ted on recycled p per          U S Government Printing Office 2000 461 113/20 021

Exhibit 2
Page 45



Exhibit 2
Page _____46_____

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-301-529

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005

Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼
Jade Drawing

Registration Number of the Basic Registration ▼
VA 1-218-487

Year of Basic Registration ▼
2003

Name(s) of Author(s) ▼
Carter Bryant

Name(s) of Copyright Claimant(s) ▼
MGA Entertainment, Inc

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number    3b    Line Reading or Description    Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

February 12, 2001

Corrected Information ▼

at least as early as May 21, 2001

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____    Line Heading or Description _____

Amplified Information and Explanation of Information ▼

Exhibit 2
Page ____ 47

FORM CA

FORM CA RECEIVED

MAR 28 2005

FUNDS RECEIVED DATE

EXAMINED BY

CORRESPONDENCE ☒

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☒ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**
Continuation of ☐ Part B or ☐ Part C

D

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York   10036
Phone ( 212 ) 819-8200        Fax ( 212 ) 354-8113        Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name
Account Number   A 5 013

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author    ☐ owner of exclusive right(s)    MGA Entertainment Inc.
☐ other copyright claimant  ☒ duly authorized agent of
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼ Carol A. Witschel        Date ▼ March 24, 2005

Handwritten signature (X) ▼

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼ Carol A. Witschel - White & Case LLP
Number/Street/Apt ▼ 1155 Avenue of the Americas
City/State/ZIP ▼ New York, New York   10036

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, SE
Washington, D.C. 20559-6000

17 USC §506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Rev July 2002—20,000  Web Rev July 2002  Printed on recycled paper

Exhibit 2
Page 48

U.S. Government Printing Office 2002-491-423/00,009

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE
R  **VA 1-218-488**



EFFECTIVE DATE OF REGISTRATION

DEC 22 2003

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼

SASHA Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution  If this work was published as a contribution to a periodical  serial  or collection  give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**

**NOTE**

Under the law the author of a  work made for hire  is generally the employer not the employee (see instruc tions)  For any part of this work that was made for hire check  Yes  in the space provided give the employer (or other person for whom the work was prepared) as  Author of that part and leave the space for dates of birth and death blank

**a** NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author s Nationality or Domicile
Name of Country
OR Citizen of    USA
Domiciled in

Was This Author s Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes  see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire ?
☐ Yes
☐ No

Author s Nationality or Domicile
Name of Country
OR Citizen of
Domiciled in

Was This Author s Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes  see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was
Completed   1998   This information must be given Year  in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published   Month  February   Day  12   Year  2001
U.S.A.   Nation

---

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment  Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2  give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5 9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of    pages

Exhibit 2
Page 49



| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box) ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

a   See instructions before completing this space

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                                          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland   Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number      (310 ) 248 3830                    Fax number      (310 ) 860 0363

Email   lmcfarland@kmwlaw com

**CERTIFICATION*** I the undersigned  hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland                                                Date  December 16  2003

Handwritten signature (X) ▼
X

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W  McFarland   Keats McFarland & Wilson  LLP | |
|---|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite | |
| | City/State/ZIP ▼ Beverly Hills  California  90212 | |

**9**

YOU MUST
Complete all necessary spaces
Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material
MAIL TO
Library of Congress
Copyright Office
101 Independence A enue  S E
Washington  D C  20559 6000

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact  n the appl
with the application  shall be fined not more than $2 500

Rev  June 2002—20 000  Web Rev  June 2002  ♻ Printed on recycled paper

Exhibit 2
Page  50

J S Government Printing Office  2000-461 113/20 021



Exhibit 2
Page ___ 51 ___

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1—301—530**



| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**

Title of Work ▼

Sasha Drawing

Registration Number of the Basic Registration ▼

VA 1-218-488

Year of Basic Registration ▼

2003

Name(s) of Author(s) ▼

Carter Bryant

Name(s) of Copyright Claimant(s) ▼

MGA Entertainment, Inc

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number   **3b**         Line Heading or Description   Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

February 12, 2001

Corrected Information ▼

at least as early as May 21, 2001

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number                  Line Heading or Description

Amplified Information and Explanation of Information ▼

Exhibit 2
Page _____ 52

MORE ON BACK ▶  • Complete all applicable spaces (D-G) on the reverse side of this page
• See detailed instructions    • Sign the form at Space F

DO NOT WRITE HERE
Page 1 of __ pages

FORM CA RECEIVED                                                    FORM CA

MAR 28 2005

FUNDS RECEIVED DATE

EXAMINED BY                                                        FOR
                                                                   COPYRIGHT
CORRESPONDENCE                                                     OFFICE
                                                                   USE
REFERENCE TO THIS REGISTRATION ADDED TO                            ONLY
BASIC REGISTRATION  ☑ YES ☐ NO

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212 )  819-8200         Fax ( 212 )  354-8113          Email  cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account
Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the  (Check only one)
☐ author                    ☐ owner of exclusive right(s)
☐ other copyright claimant  ☑ duly authorized agent of   MGA Entertainment Inc.
                                          Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼  Carol A. Witschel                        Date ▼  March 24, 2005

Handwritten signature (X) ▼   Carol A Witschel

Certificate      Name ▼
will be          Carol A. Witschel - White & Case LLP
mailed in
window           Number/Street/Apt ▼
envelope         1155 Avenue of the Americas
to this
address          City/State/ZIP ▼
                 New York, New York  10036

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or
   money order payable to Register of
   Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue S.E.
Washington D.C. 20559-6000

17 U.S.C. § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America






# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-491**



EFFECTIVE DATE OF REGISTRATION

DEC 2 2 2003

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

## 1

Title of This Work ▼

YASMIN Drawing

NATURE OF THIS WORK ▼ See Instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

## 2

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**a**

NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire"
☐ Yes
☑ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of   U S A
{ Domiciled in

Was This Author s Contribution to the Work
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes see detailed instructions

Nature of Authorship Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire
☐ Yes
☐ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of
{ Domiciled in

Was This Author s Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes see detailed instructions

Nature of Authorship Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

## 3

**a** Year in Which Creation of This Work Was Completed   1998   Year in all cases   This information must be given

**b** Date and Nation of First Publication of This Particular Work Complete this information ONLY if this work has been published   Month February   Day 12   Year 2001   U.S.A.   Nation

## 4

See Instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc 16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 2 2 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse side of this page   See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

Exhibit 2
Page 54

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box )  ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes  give  **Previous Registration Number** ▼                    **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation

a  **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates  ▼

**a**  See instructions before completing this space

b  **Material Added to This Work** Give a brief  general statement of the material that has been added to this work and in which copyright is claimed  ▼

**b**

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

**Name** ▼                         **Account Number** ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland   Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

Area code and daytime telephone number     (310 ) 248 3830                    Fax number     ( 310 ) 860 0363

Email   lmcfarland@kmwlaw com

**b**

**7**

**CERTIFICATION\*** I the undersigned  hereby certify that I am the

check only one ▶

☐ author
☐ other  copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc

Name of author or other copyright claimant  o  owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland                                  Date   December 16  2003

Handwritten signature (X) ▼

X _____

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address | Name ▼<br>Larry W  McFarland   Keats McFarland & Wilson  LLP | **YOU MUST**<br>Complete all necessary spaces<br>Sign your application in space 8 |
|---|---|---|
| | Number/Street/Apt ▼<br>9720 Wilshire Boulevard  Penthouse Suite | SEND ALL 3 ELEMENTS<br>IN THE SAME PACKAGE<br>1 Application form<br>2 Nonrefundable filing fee in check or money<br>order payable to Register of Copyrights<br>3 Deposit material |
| | City/State/ZIP ▼<br>Beverly Hills  California  90212 | MAIL TO<br>Library of Congress<br>Copyright Office<br>101 Independence Avenue  S E<br>Washington  D C  20559-6000 |

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact  n t
with the application  shall be fined not more than $2 500                           by section 409  or in any written statement filed in connection

Rev June 2002—20 000   Web Rev June 2002   ♻ Printed on recycled paper

Exhibit 2

Page _55_

U S Government Printing Office  2000-461 113/20 021



8/1998

Exhibit 2
Page ___56___

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America



Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REF

VA 1–301–532

TX TXU PA PAU VA VAU SR SRU RE

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**

Title of Work ▼
Yasmin Drawing

Registration Number of the Basic Registration ▼
VA 1-218-491

Year of Basic Registration ▼
2003

Name(s) of Author(s) ▼
Carter Bryant

Name(s) of Copyright Claimant(s) ▼
MGA Entertainment, Inc

**B**

Location and Nature of Incorrect Information in Basic Registration ▼
Line Number ___3b___     Line Heading or Description  Date of Publication
Incorrect Information as It Appears in Basic Registration ▼

February 12, 2001

Corrected Information ▼

at least as early as May 21, 2001

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number _____     Line Heading or Description _____
Amplified Information and Explanation of Information ▼

Exhibit 2
Page ___57___

MORE ON BACK ▶  • Complete all applicable spaces (D-G) on the reverse side of this page
• See detailed instructions    • Sign the form at Space F

DO NOT WRITE HERE
Page 1 of 2 pages

FORM CA RECEIVED

**MAR 28 2005**

FUNDS RECEIVED DATE

EXAMINED BY

CORRESPONDENCE ☒

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION   ☒ YES ☐ NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

Continuation of ☐ Part B or ☐ Part C

**D**

Correspondence Give name and address to which correspondence about this application should be sent

Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York   10036
Phone ( 212)  819-8200          Fax ( 212)  354-8113          Email cwitschel@whitecase.com

Deposit Account: If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the  (Check only one)

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ duly authorized agent of   MGA Entertainment Inc.
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼   Carol A. Witschel          Date ▼   March 24, 2005

Handwritten signature (X) ▼

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼   Carol A. Witschel – White & Case LLP
Number/Street/Apt ▼   1155 Avenue of the Americas
City/State/ZIP ▼   New York, New York  10036

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL ELEMENTS
IN THE SAME PACKAGE:
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. July 2002—20 000   Web Rev. July 2002   Printed on recycled paper

Exhibit 2
Page   58

U.S. Government Printing Office 2002-491-423/60 009



# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts

**VA 1-233-273**

EFFECTIVE DATE OF REGISTRATION

MAR 01 2004

---

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1** Title of This Work ▼

BRATZ Purse Style Guide

NATURE OF THIS WORK ▼ See instructions

Text Illustrations

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2** NAME OF AUTHOR ▼
**a** MGA Entertainment Inc

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire
☑ Yes
☐ No

Author's Nationality or Domicile Name of Country
OR{ Citizen of
Domiciled in    USA

Was This Author a Contribution to the Work
Anonymous ☐ Yes ☑ No
Pseudonymous ☐ Yes ☑ No

NOTE Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Nature of Authorship Check appropriate box(es) See instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2 Dimensional artwork    ☐ Photograph    ☑ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire
☐ Yes
☐ No

Author's Nationality or Domicile Name of Country
OR{ Citizen of
Domiciled in

Was This Author a Contribution to the Work
Anonymous ☐ Yes ☐ No
Pseudonymous ☐ Yes ☐ No

Nature of Authorship Check appropriate box(es) See instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3 a** Year in Which Creation of This Work Was Completed    2002    This information must be given Year in all cases

**b** Date and Nation of First Publication of This Particular Work at least as early as    Month October    Day 14,    Year 2002    United States of America Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc
16730 Schoenborn Street North Hills California 91343

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

APPLICATION RECEIVED
MAR - 1 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR - 1 2004

FUNDS RECEIVED

MORE ON BACK ▶ Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions Sign the form at line 8

DO NOT WRITE HERE
Page 1 of _____ pages

Exhibit 2
Page 59

| EXAMINED BY | FORM VA |
|---|---|
| CHECKED BY | |
| CORRESPONDENCE ☐ Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is  Yes   why is another registration being  sought? (Check appropriate box) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this  author a  copyright claimant

c ☐ This  a changed version of the work as  shown by  pa  e 6 on this  application

If your answer is  Yes  give  **Previous Registration Number** ▼         **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both spac  6a and 6b for a derivative  work  complet  only 6b for a compilation

a **Preexisting Material** Identify  y preexisting work or work  that this work is based on or  corporate ▼

Preexisting artwork including Reg  Nos  VA 1 218-487  VA 1 218 488  VA 1 218 489  VA 1 218-490  VA 1 218 491  VA 1 090 287  VA 1 090 288  VA 1 090 289 and VA 1 090 290  and other prior character artwork

b **Material Added to This Work** C  e a brief general  statement of the material that has  been added to this  work and in which copyright i  claimed ▼

New illustrations and text

**6**

a
See instructions before completing this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Depos it Account  establ shed in the Cop right Office  give name and number of Account

Name ▼                                     **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name  and address to which correspondence  about this  application  should be  ent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California 90212

Area code and daytime telephone number  ( 310 ) 248 3830                    Fax number  ( 310 ) 860 0363

Email  lmcfarland@kmwlaw com

b

**CERTIFICATION**  I  the undersigned  hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   MGA Entertainment  Inc
Name of author or other copyright claimant  or owner of excl  si e right(s) ▲

of the work identified in this applic ation and that the statements made by me in this applic ation are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland                                     Date  February 27 2004

Handwritten signature (X) ▼

X

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W  McFarland  Keats McFarland & Wilson LLP |
|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite |
| | City/State/ZIP ▼ Beverly Hills  California 90212 |

YOU MUST
Complete all necessary spaces
Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1 Application form
2 Nonrefundable filing fee  n check or money order  payable to Register of Copyrights
3 Deposit mate al
MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington D C 20559-6000

**9**

17 U S C §506(e)  Any person who knowingly makes a false representation of a material fact in the  application  shall be fined not more than $2 500

Exhibit 2
Page  60



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |
|---|---|---|---|---|---|---|---|---|

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Title of Work ▼
**BRATZ PURSE STYLE GUIDE**

Registration Number of the Basic Registration ▼
VA 1-233-273

Year of Basic Registration ▼
March 1, 2004

Name(s) of Author(s) ▼
MGA Entertainment, Inc.

Name(s) of Copyright Claimant(s) ▼
MGA Entertainment, Inc.

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number _____ Line Heading or Description _____

Incorrect Information as It Appears in Basic Registration ▼


Corrected Information ▼


Explanation of Correction ▼


Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number 6a _____ Line Heading or Description Derivative Work or Compilation

Amplified Information and Explanation of Information ▼

Additional Registration numbers to be added:

VA 1-301-528, VA 1-301-529, VA 1-301-530 VA 1-301-531, VA 1-301-532; VA 1-301-535, VA 1-301-533, VA 1-301-534, VA 1-301-536; VA 1-301-554, VA 1-301-552, VA 1-301-553 and VA 1-301-555. (These additional registrations are listed here as they were obtained after VA 1-233-273 issued on March 1, 2004.)

**MORE ON BACK ▶**   • Complete all applicable spaces (D-G) on the reverse side of this page.
• See detailed instructions.   • Sign the form at Space F.

**DO NOT WRITE HERE**
Page 1 of_____ pages

Exhibit 2
Page _____ 61

| | FORM CA |
|---|---|
| FORM CA RECEIVED | |

FUNDS RECEIVED DATE

| EXAMINED BY | FOR |
|---|---|
| | COPYRIGHT |
| CORRESPONDENCE ❑ | OFFICE |
| | USE |
| REFERENCE TO THIS REGISTRATION ADDED TO | ONLY |
| BASIC REGISTRATION   ❑ YES ❑ NO | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

Continuation of: ❑ Part B *or* ❑ Part C

**Correspondence:** Give name and address to which correspondence about this application should be sent.

Sam Khare, MGA Entertainment, Inc.
16380 Roscoe Boulevard
Van Nuys, CA  91406

Phone ( 818 ) 894-2525 _____ Fax ( 818 ) 895-0771 _____ Email _____

**Deposit Account:** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name  MGA Entertainment, Inc.

Account Number  DA 92613

**Certification\*** I, the undersigned, hereby certify that I am the: (Check only one)
❑ author    ❑ owner of exclusive right(s)
❑ other copyright claimant  ☑ duly authorized agent of   MGA Entertainment, Inc.
                                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼  SAM KHARE                          Date ▼  July 30, 2007

Handwritten signature (X) ▼

| Certificate will be mailed in window envelope to this address: | Name ▼  IP Department, MGA Entertainment, Inc. |
|---|---|
| | Number/Street/Apt ▼  16380 Roscoe Boulevard |
| | City/State/ZIP ▼  Van Nuys, CA  91406 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in Space F
**SEND ALL ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000

\*17 *USC* §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA–Full   Rev: 07/2006   Print: 07/2006 — **,000   Printed on recycled paper                          U.S. Government Printing Office: 2006-••••••/••.•••

Exhibit 2
Page _____ 60

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 3**

**EXHIBIT TO**:     **DECLARATION OF LARRY MCFARLAND IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

Sent by: quinn,emanuel          12136240643;          06/28/04  4:44PM; JetFax #339;Page 3/9

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-3431 NM (RNBx) |
| Plaintiff, | |
| v. | MATTEL, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26 |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | Hon. Nora Manella |

MATTEL'S INITIAL DISCLOSURES

Exhibit 3
Page _____ 63

1         Pursuant to Fed. R. Civ. P. 26(a)(1), plaintiff Mattel, Inc. ("Mattel")

2    hereby makes the following initial disclosures to defendant Carter Bryant:

3

4    I.    Witnesses

5

6         In accordance with Fed. R. Civ. P. 26(a)(1)(A), Mattel states that, based

7    on the information currently known to it, at least the following persons (exclusive of

8    expert witnesses, attorneys, and their support staff) have knowledge of facts that

9    Mattel may use to support its material allegations in its Complaint:

10

11         1.    Carter Bryant.

12

13         2.    Isaac Larian, MGA Entertainment, Inc., 16730 Schoenborn Street,

14    North Hills, CA 91343-6122.

15

16         3.    Ivy Ross, c/o Mattel, Inc., 333 Continental Blvd., El Segundo,

17    California.

18

19         4.    Jill Nordquist, Mattel, Inc., 333 Continental Blvd., El Segundo,

20    California.

21

22         5.    Maureen Tafoya, Mattel, Inc., 333 Continental Blvd., El Segundo,

23    California.

24

25         The above witnesses who are employed by Mattel, Inc. or identified c/o

26    Mattel, Inc. may be contacted through Mattel's counsel, Quinn Emanuel Urquhart

27    Oliver & Hedges, LLP.

28

-2-

Exhibit 3
Page _____ 64

1        Mattel's investigation of this matter is not yet complete.  In particular,
2   Mattel anticipates that other third parties, including without limitation persons
3   currently or formerly employed by or associated with MGA Entertainment, Inc., may
4   have percipient knowledge, but cannot identify such persons without discovery.
5   Mattel also believes that the information concerning the identity of such persons is
6   in the possession of, and is known to, defendant and his counsel.  Mattel will, and
7   reserves the right to, identify additional individuals with such knowledge as such
8   persons become known to Mattel or the information they possess becomes relevant.
9   In addition, Mattel understands that defendant intends to file counterclaims, but does
10  not yet know the nature or bases for such counterclaims.  Mattel therefore also
11  reserves the right to identify such additional witnesses concerning such counterclaims
12  once they become known to Mattel and to the extent that such disclosure is required
13  by the Rules.

14

15  II.    Documents

16

17       In accordance with Fed. R. Civ. P. 26(a)(1)(B), Mattel discloses the
18  following categories of documents and tangible things in its custody or control that
19  it may use to support the material allegations of its Complaint:

20

21       1.     Defendant's agreements with Mattel.

22

23       2.     Defendant's Mattel personnel file.

24

25       3.     Records concerning the compensation that defendant received
26  from Mattel.

27

28

-3-

Exhibit 3
Page _____ 65

1       4.    Documents evidencing defendant's work for and aid and
2  assistance to MGA Entertainment while defendant was employed by Mattel,
3  including defendant's contract with MGA Entertainment dated "as of" September 17,
4  2000 and telephone records.

5

6       5.    Certain design drawings, declarations and/or affidavits and other
7  materials relating to "Bratz."

8

9       Mattel considers some documents identified above to be confidential,
10  proprietary or otherwise protected and will make them available for inspection and
11  copying only subject to a suitable protective order. Counsel for the parties agreed in
12  principle that a protective order in this case was appropriate at the Rule 26(f)
13  conference held on June 14, 2004. Mattel provided defendant's counsel with a draft
14  of a proposed protective order on June 17, 2004, but to date has received no
15  substantive response from defendant's counsel. In addition, Mattel's investigation of
16  this matter is not yet complete. Mattel will disclose additional documents and/or
17  tangible things when they become known or relevant. Mattel also believes that
18  additional categories of documents and/or tangible things, and information
19  concerning such additional documents and/or tangible things, are known to, and/or
20  in the possession of, defendant and his counsel. Further, Mattel understands that
21  defendant intends to file counterclaims, but does not yet know the nature or bases for
22  such counterclaims. Mattel therefore also reserves the right to identify such
23  additional documents and/or tangible items concerning such counterclaims once they
24  become known to Mattel and to the extent that such disclosure is required by the
25  Rules.

26

27

28

-4-

Exhibit 3
Page ___66___

III.   Computation of Damages

In accordance with Fed. R. Civ. P. 26(a)(1)(C), Mattel states:

Mattel has not yet computed damages because no discovery has yet been obtained, including in particular discovery necessary to compute damages that is uniquely in the possession of defendant and third parties.  At a minimum, Mattel's damages computation will include without limitation the following: monies paid to defendant by any Mattel competitor during his period of disloyalty and/or as a result of defendant's misconduct; disgorgement of any other benefit, or its value, or its proceeds, derived or obtained by defendant as a result of his disloyalty, his breach of contract and other actionable misconduct and/or as a result of work that he performed for any Mattel competitor during his Mattel employment; any profits and the value of any other benefits that defendant's co-conspirators' derived or obtained as a result of defendant's disloyalty and other misconduct; the value of Mattel assets, resources, opportunities and/or property, including intellectual property, that defendant and his co-conspirators converted, diverted from Mattel and/or otherwise improperly used or usurped; the value of information and intellectual property owned by Mattel which defendant provided to any Mattel competitor in violation of his obligations to Mattel; compensation paid by Mattel to defendant during defendant's period of disloyalty; the costs of maintaining this action and attorney's fees; and punitive damages for defendant's willful and fraudulent conduct.

All non-privileged documents and other materials upon which Mattel's damages are based and are within Mattel's possession, custody or control will be made available to defendant for inspection and copying as they are obtained or created, pursuant to the Federal Rules of Civil Procedure and other applicable rules.

-5-

Exhibit 3
Page    67

Sent by: quinn,emanuel                12136240643;            08/28/04  4:45PM; JetFax #339;Page 8/9

1 | IV.    Insurance Agreements

2

3          In accordance with Fed. R. Civ. P. 26(a)(1)(D), Mattel states that it is not

4  aware of any applicable insurance policy.

5

6          Counsel for Mattel certify that, to the best of their knowledge,

7  information and belief, formed after an inquiry that is reasonable under the

8  circumstances, this disclosure is complete and correct as of the date indicated below.

9  However, counsel reserves the right to supplement or amend this disclosure as

10  additional information becomes available, through discovery or otherwise.

11

12  DATED: June 28, 2004

                                QUINN EMANUEL URQUHART
13                              OLIVER & HEDGES, LLP

14
                                By
15                                  Michael T. Zeller
                                    Attorneys for Plaintiff
16                                  Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

-6-

MATTEL'S INITIAL DISCLOSURES

Exhibit 3
Page ___ 68

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2  STATE OF CALIFORNIA )
   COUNTY OF LOS ANGELES )

3

4      I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5

6      On June 28, 2004, I served the foregoing document described as MATTEL INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26 on all interested parties in this action.

7                  **Robert F. Millman, Esq.**
                   **Douglas A. Wickham, Esq.**
                   **Littler Mendelson**

8                  **A Professional Corporation**
                 **2049 Century Park East, 5th Floor**

9               **Los Angeles, California 90067-3107**
                  **Phone: 310-553-0308**

10                   **Fax: 310-553-5583**

11 [ ]  By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

12 [X ]  **BY MAIL**

13 [ ]  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

14

15 [ ]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal

16     service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is

17     presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18 [ ]  **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

19

20 [X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

21 [ ]  **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on June 28, 2004, at Los Angeles, California.

23 [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25 Maria Albert

26 Print Name                     Signature

27

28

Exhibit 3
Page _____ 69