1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# <u>**EXHIBIT 4**</u>

**EXHIBIT TO:**     **DECLARATION OF LARRY MCFARLAND IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   Michael T. Zeller (Bar No. 196417)
    Jon D. Corey (Bar No. 185066)
3   Tania M. Krebs (Bar No. 227281)
    865 South Figueroa Street, 10th Floor
4   Los Angeles, California 90017-2543
    Tel.: (213) 443-3000
5   Fax: (213) 443-3100

6   Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware corporation,   ) Case No. CV 04-09059 NM (RNBx)

12                    Plaintiff,

13         v.                                 PLAINTIFF MATTEL, INC.'S
                                              OBJECTIONS AND RESPONSES
14  CARTER BRYANT, an individual             TO MGA'S FIRST SET OF
                                              INTERROGATORIES
15                    Defendant.

16

17  CARTER BRYANT, on behalf of himself,
    all present and former employees of
18  Mattel, Inc., and the general public,

19                    Counter-claimant,

20         v.

21  MATTEL, INC., a Delaware corporation,

22                    Counter-defendant.

23

24

25

26

27

28

            MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page _____ 70

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to receive requested discovery from defendants Carter Bryant and from defendant MGA Entertainment, Inc. ("MGA") with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's partial response to any of MGA's First Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other Interrogatory or discovery request.

## General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Interrogatories on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3.      Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, including

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

059/639421.2

Exhibit 4
Page ___71___

1 without limitation to defendants Carter Bryant and MGA Entertainment Inc.

2 ("MGA"), and seek the disclosure of information or documents that are in the

3 possession, custody and control of defendants or are publicly available and hence

4 equally available to all parties to this litigation.

5       4.     Mattel objects to the Interrogatories on the grounds that they

6 seek information that is neither relevant to the claims or defenses of any party to

7 the pending action nor reasonably calculated to lead to the discovery of admissible

8 evidence.

9       5.     Mattel objects to the Interrogatories on the grounds that they

10 are unduly burdensome and oppressive.

11       6.     Mattel objects to the Interrogatories on the grounds that they

12 seek the disclosure of information or documents in violation of the terms of

13 agreements or protective orders entered into with third parties, or in violation of

14 the privacy, contractual, or other rights of third parties.

15       7.     Mattel objects to the Interrogatories on the grounds that the

16 definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

17                        Specific and General Responses

18       Each of the following objections and responses to the Interrogatories

19 is expressly made subject to the above Preliminary Statement and General

20 Objections, all of which are incorporated in each of the following objections and

21 responses to specific Interrogatories.

22

23 <u>INTERROGATORY NO. 1</u>:

24       State all facts, with particularity, and IDENTIFY all DOCUMENTS

25 that support YOUR contention, if YOU so contend, that YOU have suffered harm

26 as a result of any act or omission of MGA.

27

28

09/639421.2

-3-

Exhibit 4

Page 72

1   RESPONSE TO INTERROGATORY NO. 1:

2         In addition to the general objections stated above, Mattel specifically

3   objects to this Interrogatory on the grounds that it is overbroad, oppressive and

4   harassing, including without limitation that the Interrogatory is not restricted to

5   claims in this suit and thus purports to require disclosure of matters that have no

6   bearing on and are not at issue in this suit.  Such matters will not be revealed or

7   addressed.  Mattel further objects to this Interrogatory as unreasonably

8   burdensome and overbroad in that it purports to require Mattel to summarize all

9   facts and identify all documents on this subject, including without limitation facts

10  that are known to or in the possession, custody and control of defendants and non-

11  parties, including non-parties associated with defendants.  Mattel further objects to

12  this interrogatory on the grounds that it is vague and ambiguous with regard to the

13  phrase "suffered harm as a result of any act or omission."  Mattel further objects to

14  this Interrogatory because defendant Bryant refuses to allow the completion of his

15  deposition and because defendant MGA refuses to produce any witness for

16  deposition.  Moreover, Bryant and MGA have refused for months, despite

17  Mattel's requests, to provide the originals of their drawings, including those that

18  they performed unauthorized destructive testing on, and thus continue to withhold

19  and conceal from Mattel information necessary for it to evaluate and take

20  discovery as to the drawings and thus has materially interfered with Mattel's

21  ability to ascertain the amount, nature or source of its damages.  Mattel further

22  objects to this Interrogatory on the grounds that it calls for the disclosure of

23  information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.

25        Mattel continues its factual investigation and currently has

26  outstanding discovery requests to Bryant and to MGA relevant to this

27  Interrogatory, including as to matters that are the subject of pending motions to

28  compel.  Mattel reserves the right to supplement this response and, consistent with

-4-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page _____ 73

1 │ its obligations under Federal Rule of Civil Procedure 26(e), Mattel will

2 │ supplement this response if Mattel receives additional responsive information.

3 │

4 │ INTERROGATORY NO. 2:

5 │           For each fact stated in response to Interrogatory No. 1, IDENTIFY all

6 │ PERSONS with knowledge of each fact.

7 │

8 │ RESPONSE TO INTERROGATORY NO. 2:

9 │           In addition to the general objections stated above, Mattel specifically

10 │ objects to this Interrogatory on the grounds that it is overbroad, oppressive and

11 │ harassing, including without limitation that the Interrogatory is not restricted to

12 │ claims in this suit and thus purports to require disclosure of matters that have no

13 │ bearing on and are not at issue in this suit. Such matters will not be revealed or

14 │ addressed. Mattel further objects to this Interrogatory as being overbroad and

15 │ unduly burdensome on the grounds that it seeks to identify all persons having

16 │ knowledge of any fact relevant to this subject. Such a request potentially seeks the

17 │ identification of a large number of MGA employees, vendors and contractors not

18 │ currently known to Mattel and is also information known to Bryant. Mattel further

19 │ objects to this Interrogatory on the grounds that it is premature in that it purports

20 │ to seek all facts relating to this subject at the outset of discovery in this action and

21 │ also seeks to circumvent the expert disclosure provisions of the Federal and Local

22 │ Rules. Mattel further objects to this Interrogatory on the grounds that it purports

23 │ to require Mattel to disclose the identity of consulting experts. The identity of any

24 │ such experts will not be disclosed. Mattel further objects to this Interrogatory

25 │ because defendant Bryant refuses to allow the completion of his deposition and

26 │ because defendant MGA refuses to produce any witness for deposition.

27 │ Moreover, defendants have refused for months, despite Mattel's requests, to

28 │ provide the originals of their drawings, including those that they performed

04/639421.2

Exhibit 4
Page ___74___

1  unauthorized destructive testing on, and thus continue to withhold and conceal

2  from Mattel information necessary for it to evaluate and take discovery as to the

3  drawings and thus has materially interfered with Mattel's ability to ascertain the

4  amount, nature or source of its damages.  Mattel further objects to this

5  Interrogatory on the grounds that it calls for the disclosure of information subject

6  to the attorney-client privilege, the attorney work-product doctrine and other

7  applicable privileges.

8              Mattel continues its factual investigation and currently has

9  outstanding discovery requests to Bryant and to MGA relevant to this

10  Interrogatory, including as to matters that are the subject of pending motions to

11  compel.  Mattel reserves the right to supplement this response and, consistent with

12  its obligations under <u>Federal Rule of Civil Procedure</u> 26(e), Mattel will

13  supplement this response if Mattel receives additional responsive information.

14

15  <u>INTERROGATORY NO. 3:</u>

16              State, with particularity, the nature, amount, cause and calculation of

17  every item of YOUR alleged damages, including, without limitation, general,

18  actual and statutory damages, restitution, disgorgement of unlawful profits, lost

19  profits, lost payments, lost revenues, lost monies, lost royalties or license fees,

20  reputational harm, lost relationships, lost business opportunities, interest,

21  attorneys' fees, costs, expenses, and any other form of injury or damage or

22  quantifiable remedy that YOU seek to recover in this lawsuit.

23

24  <u>RESPONSE TO INTERROGATORY NO. 3:</u>

25              In addition to the general objections stated above, Mattel specifically

26  objects to this Interrogatory on the grounds that it calls for the disclosure of

27  information subject to the attorney-client privilege, the attorney work-product

28  doctrine and other applicable privileges.  Mattel further objects to this

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page 75

1  Interrogatory as unreasonably burdensome and overbroad in that it purports to
2  require Mattel to summarize all facts on this subject, including without limitation
3  facts that are known to or in the possession, custody and control of defendants and
4  non-parties, including non-parties associated with defendants. Mattel further
5  objects to this Interrogatory because defendant Bryant refuses to allow the
6  completion of his deposition and because defendant MGA refuses to produce any
7  witness for deposition. Moreover, defendants have refused for months, despite
8  Mattel's requests, to provide the originals of their drawings, including those that
9  they performed unauthorized destructive testing on, and thus continue to withhold
10  and conceal from Mattel information necessary for it to evaluate and take
11  discovery as to the drawings and thus has materially interfered with Mattel's
12  ability to ascertain the amount, nature or source of its damages. and thus has
13  materially interfered with Mattel's ability to ascertain the amount, nature or source
14  of its damages. Mattel further objects to this Interrogatory on the grounds that it is
15  premature in that it purports to seek to all facts relating to this subject at the outset
16  of discovery in this action and also seeks to circumvent the expert disclosure
17  provisions of the Federal and Local Rules.
18       Subject to and without waiving the foregoing general and specific
19  objections, Mattel responds as follows:
20       Mattel has not yet computed the exact amount of its damages because
21  the facts necessary to make those calculations are uniquely in the possession of
22  Bryant, MGA and third parties, which have refused to provide that information in
23  discovery. Such information is currently being sought from Bryant and MGA,
24  including by way of pending motions to compel. Once Mattel receives the
25  necessary information, it will compute the exact amount of its damages it suffered
26  and continues to suffer which will include, at a minimum and without limitation,
27  the following: (a) monies paid to Bryant by any Mattel competitor, including
28  without limitation, defendant MGA, during his period of disloyalty; (b) monies

-7-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page ___76___

1  paid to Bryant by any Mattel competitor, including without limitation, defendant
2  MGA, as a result of Bryant's misconduct; (c) disgorgement of any benefit, or its
3  value, or its proceeds, derived or obtained by Bryant as a result of his disloyalty,
4  his breach of contract and other misconduct or as a result of work that he
5  performed for any Mattel competitor, including without limitation MGA, during
6  his Mattel employment; (d) the value of Mattel assets, resources, opportunities
7  and/or property, including intellectual property, that Bryant converted, diverted
8  from Mattel or otherwise improperly used or usurped; (e) the value of confidential,
9  proprietary or trade secret information and intellectual property owned by Mattel
10 that Bryant provided to any Mattel competitor in violation of his obligations to
11 Mattel; (f) compensation paid by Mattel to Bryant during Bryant's period of
12 disloyalty; (g) any profits and the value of any other benefits that others acting in
13 concert with Bryant derived or obtained as a result of Bryant's disloyalty and other
14 misconduct; (h) the lost profits that Mattel suffered as a result of Bryant's
15 misconduct; (i) exemplary damages to which Mattel is entitled as a result of
16 Bryant's oppressive, fraudulent and malicious conduct; and (j) all other damages
17 and relief sought in Mattel's Complaint.

18         By way of further answer, pursuant to Federal Rule of Civil
19 Procedure 33(d), Mattel has produced responsive, non-privileged documents and
20 tangible items in its possession, custody or control from which the answer to this
21 Interrogatory may be derived.

22         By way of further answer, this topic may be the subject of expert
23 testimony, which will be disclosed in the manner, and at the time, required for
24 expert disclosures pursuant to the Federal and Local Rules.

25         Mattel continues its factual investigation and currently has
26 outstanding discovery requests to Bryant and to MGA, as well as motions to
27 compel Bryant and MGA to disclose information relevant to this subject. Mattel
28 reserves the right to supplement this response and, consistent with its obligations

Exhibit 4
Page ___77___

1   under Federal Rule of Civil Procedure 26(e), Mattel will supplement this response

2   if Mattel receives additional responsive information.

3

4   INTERROGATORY NO. 4:

5           State all facts, with particularity, and IDENTIFY all DOCUMENTS

6   that support YOUR contention, if YOU so contend, that YOU are entitled to

7   exemplary damages, attorneys' fees and costs.

8

9   RESPONSE TO INTERROGATORY NO. 4:

10          In addition to the general objections stated above, Mattel specifically

11  objects to this Interrogatory on the grounds that it is overbroad, oppressive and

12  harassing, including without limitation that the Interrogatory is not restricted to

13  claims in this suit and thus purports to require disclosure of matters that have no

14  bearing on and are not at issue in this suit.  Such matters will not be revealed or

15  addressed.  Mattel further objects to this Interrogatory on the grounds that it calls

16  for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Mattel further

18  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

19  purports to require Mattel to summarize all facts on this subject, including without

20  limitation facts that are known to or in the possession, custody and control of

21  defendants and non-parties, including non-parties associated with defendants.

22  Mattel further objects to this Interrogatory on the grounds that it is premature in

23  that it purports to seek to all facts relating to this subject at the outset of discovery

24  in this action and also seeks to circumvent the expert disclosure provisions of the

25  Federal and Local Rules.  Mattel further objects to this Interrogatory because

26  defendant Bryant refuses to allow the completion of his deposition and because

27  defendant MGA refuses to produce any witness for deposition.  Moreover,

28  defendants have refused for months, despite Mattel's requests, to provide the

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

04/639421.2

Exhibit 4
Page ___78

1   originals of their drawings, including those that they performed unauthorized

2   destructive testing on, and thus continue to withhold and conceal from Mattel

3   information necessary for it to evaluate and take discovery as to the drawings and

4   thus have materially interfered with Mattel's ability to ascertain the nature, amount

5   and extent of its damages, which are relevant to exemplary damages.

6          Subject to and without waiving the foregoing general and specific

7   objections, Mattel responds as follows:

8          Exemplary damages are available for the breach of an obligation not

9   arising from contract, where it is proven by clear and convincing evidence that the

10  defendant has been guilty of oppression, fraud, or malice, pursuant to California

11  Civil Code § 3294. As alleged in the Complaint, Carter Bryant breached

12  obligations to Mattel not arising from contract, including without limitation by

13  knowingly aiding, assisting and working with a Mattel competitor during the term

14  of his Mattel employment. Moreover, Bryant misrepresented that he was leaving

15  his employment with Mattel to pursue non-competitive business interests. At the

16  time that Bryant made that misrepresentation, he knew that the statement was

17  false. He also knew at the time that he made that misrepresentation that he had

18  engaged in business activities that were competitive with Mattel, which he failed

19  to disclose. Moreover, Bryant and MGA have concealed and intentionally

20  spoliated evidence in an effort to conceal the true nature, timing and extent of their

21  unlawful behavior. These will be the subject of further discovery and appropriate

22  motions.

23         By way of further answer, pursuant to Federal Rule of Civil

24  Procedure 33(d), Mattel has produced responsive, non-privileged documents and

25  tangible items in its possession, custody or control from which the answer to this

26  Interrogatory may be derived.

27

28

04/639421.2

-10-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page ____ 79

1    By way of further answer, this topic may be the subject of expert

2  testimony, which will be disclosed in the manner, and at the time, required for

3  expert disclosures pursuant to the <u>Federal</u> and <u>Local Rules</u>.

4    Mattel continues its factual investigation and currently has

5  outstanding discovery requests to Bryant and to MGA. Mattel reserves the right to

6  supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

7  <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

8  additional responsive information.

9

10  <u>INTERROGATORY NO. 5:</u>

11    State all facts, with particularity, and IDENTIFY all DOCUMENTS

12  that YOU contend prove, directly or circumstantially, that MGA copied YOUR

13  PROPERTY, including, without limitation, "Toon Teens".

14

15  <u>RESPONSE TO INTERROGATORY NO. 5:</u>

16    In addition to the general objections stated above, Mattel specifically

17  objects to this Interrogatory on the grounds that it is overbroad, unduly

18  burdensome, oppressive and harassing, including without limitation that the

19  Interrogatory is not restricted to claims in this suit and thus purports to require

20  disclosure of matters that have no bearing on and are not at issue in this suit. Such

21  matters will not be revealed or addressed. Mattel further objects to this

22  Interrogatory as unreasonably burdensome and overbroad in that it purports to

23  require Mattel to identify all facts and documents relating to this subject. Mattel

24  further objects to this interrogatory on the grounds that it is vague and ambiguous

25  with regard to the phrase "YOUR PROPERTY." Moreover, the Request is vague

26  and ambiguous in its use of "copied" in this context, including in particular

27  because defendant fails to specify whether it is a reference to a copyright

28  infringement term of art or whether it is being given some other meaning, and its

639421.2

*Exhibit 4*
*Page* 80

1  use of "some element" in this context, including in particular because it is unclear

2  whether the Request intends to include matters that may be used as evidence. The

3  Request is further vague and ambiguous in its use of "Toon Teens," including in

4  particular whether it is referring to drawings, prototypes, photographs, ideas,

5  concepts or any other specified matter in connection with that project. Mattel

6  further objects to this Interrogatory on the grounds that it calls for information that

7  is neither relevant to the claims or defenses of any party to the pending action nor

8  reasonably calculated to lead to the discovery of admissible evidence. Mattel

9  further objects to this Interrogatory because defendant Bryant refuses to allow the

10  completion of his deposition and because defendant MGA refuses to produce any

11  witness for deposition. Moreover, defendants have refused for months, despite

12  Mattel's requests, to provide the originals of their drawings, including those that

13  they performed unauthorized destructive testing on, and thus continue to withhold

14  and conceal from Mattel information necessary for it to evaluate and take

15  discovery as to the drawings. Mattel further objects to this Interrogatory on the

16  grounds that it calls for the disclosure of information subject to the attorney-client

17  privilege, the attorney work-product doctrine and other applicable privileges.

18         Subject to and without waiving the foregoing general and specific

19  objections, Mattel responds as follows: Mattel has not asserted copyright

20  infringement claims against Bryant in this action.

21         Mattel continues its factual investigation and currently has

22  outstanding discovery requests to Bryant and to MGA. Mattel reserves the right to

23  supplement this response and, consistent with its obligations under Federal Rule of

24  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

25  additional responsive information.

26

27

28

Exhibit 4
Page    81

1 | INTERROGATORY NO. 6:

2 |         IDENTIFY each COMMUNICATION that YOU have ever made,

3 | received, or participated in that referred to, mentioned, or concerned this lawsuit.

4 |

5 | RESPONSE TO INTERROGATORY NO. 6:

6 |         In addition to the general objections stated above, Mattel specifically

7 | objects to this Interrogatory on the grounds that it calls for the disclosure of

8 | information subject to the attorney-client privilege, the attorney work-product

9 | doctrine and other applicable privileges. Mattel further objects to this

10 | Interrogatory as unreasonably burdensome, overbroad and harassing in that it

11 | purports to require Mattel to summarize all communications "ever made, received,

12 | or participated in that referred to, mentioned, or concerned this lawsuit," without

13 | limitation as to time and thus as encompassing, and purporting to require

14 | disclosure of, all the written, oral and other "communications" that Mattel's

15 | lawyers have on this matter, including with the Courts and even defendants'

16 | counsel. Mattel further objects to this interrogatory on the grounds that it is vague

17 | and ambiguous with regard to the phrase "referred to, mentioned, or concerned

18 | this lawsuit." Mattel further objects to this Interrogatory on the grounds that it

19 | calls for information that is neither relevant to any claim or defense of any party to

20 | the pending action nor reasonably calculated to lead to the discovery of admissible

21 | evidence.

22 |

23 | INTERROGATORY NO. 7:

24 |         IDENTIFY all PERSONS interviewed for the July 18, 2003 *Wall*

25 | *Street Journal* article.

26 |

27 |

28 |

**-13-**

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page   82

1  RESPONSE TO INTERROGATORY NO. 7:

2           In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome and

4  overbroad in that it purports to require Mattel to gather and summarize all facts on

5  this subject, including without limitation facts that are known to or in the

6  possession, custody and control of defendants and non-parties, including the *Wall*

7  *Street Journal* staff. Mattel further objects to the Interrogatory as purporting to

8  seek information not known to and not readily ascertainable by Mattel. Mattel

9  further objects to this Interrogatory on the grounds that it calls for information that

10  is neither relevant to the claims or defenses of any party to the pending action, nor

11  reasonably calculated to lead to the discovery of admissible evidence.

12           Subject to and without waiving the foregoing general and specific

13  objections, Mattel responds as follows:

14           The July 18, 2003 *Wall Street Journal* article was not prepared by

15  Mattel. Further, Mattel does not know where the *Journal* obtained its information.

16  It states on its face those named sources who were quoted in the article, including

17  Isaac Larian of MGA. As to the anonymous source(s)--who, according to the

18  article, had not worked for Mattel in more than two years at the time of

19  publication--Mattel does not know their identity or identities.

20           Mattel continues its factual investigation and currently has

21  outstanding discovery requests to Bryant and to MGA. Mattel reserves the right to

22  supplement this response and, consistent with its obligations under Federal Rule of

23  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

24  additional responsive information.

25

26

27

28

39421.2

-14-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page ____83____

1  INTERROGATORY NO. 8:

2          Describe, with particularity, each error contained in the July 18, 2003

3  *Wall Street Journal* article by explaining why and in what way each fact is

4  incorrect.

5

6  RESPONSE TO INTERROGATORY NO. 8:

7          In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that it is overbroad, unduly

9  burdensome and harassing, and not reasonably calculated to lead to the discovery

10 of admissible evidence, in that the article discusses several subjects, including

11 subjects that have no conceivable bearing on this suit.  Mattel further objects to

12 this Interrogatory in that it calls for the disclosure of information subject to the

13 attorney-client privilege, the attorney work-product doctrine and other applicable

14 privileges.  Mattel further objects to this Interrogatory as unreasonably

15 burdensome and overbroad in that it purports to require Mattel to summarize all

16 facts on this subject, including without limitation facts that are known to or in the

17 possession, custody and control of defendants and non-parties, including non-

18 parties associated with defendants and the *Wall Street Journal* reporting staff.

19 Mattel further objects to this Interrogatory on the grounds that it calls for

20 information that is neither relevant to a claim or defense of any party to the

21 pending action nor reasonably calculated to lead to the discovery of admissible

22 evidence.

23         Mattel continues its factual investigation and currently has

24 outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to

25 supplement this response and, consistent with its obligations under Federal Rule of

26 Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

27 additional responsive information.

28

09/639421.2

-15-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page 84

1  INTERROGATORY NO. 9:

2           State, with particularity, when and how MATTEL first learned of

3  BRATZ.

4

5  RESPONSE TO INTERROGATORY NO. 9:

6           In addition to the general objections stated above, Mattel specifically

7  objects to this Interrogatory as unreasonably burdensome, overbroad and

8  incomprehensible in that it defines "Mattel" to include "past . . . employees,"

9  including but not limited to defendant Carter Bryant and a number of other former

10 Mattel employees who worked with Carter Bryant to design and develop Bratz

11 after each had been a Mattel employee and who, at that time, had no relationship

12 with Mattel that would have required those persons to disclose to Mattel the

13 development of the Bratz dolls. Mattel further objects to this interrogatory on the

14 grounds that it is vague and ambiguous with regard to the phrase "first learned of

15 BRATZ." Mattel further objects to this Interrogatory on the grounds that it calls

16 for information that is neither relevant to the claims or defenses of any party to the

17 pending action nor reasonably calculated to lead to the discovery of admissible

18 evidence. Mattel further objects to this Interrogatory on the grounds that it calls

19 for the disclosure of information subject to the attorney-client privilege, the

20 attorney work-product doctrine and other applicable privileges.

21           Subject to and without waiving the foregoing general and specific

22 objections, Mattel responds as follows:

23           Excluding from this response defendant Carter Bryant and those

24 former Mattel employees who worked with defendant Carter Bryant to design and

25 develop Bratz, a Mattel representative first saw the Bratz dolls at the time or after

26 MGA released them on the market in Spain.

27           Mattel continues its factual investigation and currently has

28 outstanding discovery requests to Bryant and to MGA. Mattel reserves the right to

Exhibit 4
Page  85

1 supplement this response and, consistent with its obligations under <u>Federal Rule of</u>
2 <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives
3 additional responsive information.
4
5 <u>INTERROGATORY NO. 10</u>:
6     State, with particularity, when and how MATTEL first learned that
7 BRYANT performed work for MGA.
8
9 <u>RESPONSE TO INTERROGATORY NO. 10</u>:
10     In addition to the general objections stated above, Mattel specifically
11 objects to this Interrogatory as unreasonably burdensome, overbroad and
12 incomprehensible in that it defines "Mattel" to include "past . . . employees,"
13 including but not limited to defendant Carter Bryant and a number of other former
14 Mattel employees who worked with Carter Bryant to design and develop Bratz
15 after each had been a Mattel employee and who, at that time, had no relationship
16 with Mattel that would have required those persons to disclose to Mattel the
17 development of the Bratz dolls. Mattel further objects to this interrogatory on the
18 grounds that it is vague and ambiguous with regard to the phrase "first learned that
19 BRYANT performed work for MGA." Mattel further objects to this Interrogatory
20 on the grounds that it calls for information that is neither relevant to the claims or
21 defenses of any party to the pending action nor reasonably calculated to lead to the
22 discovery of admissible evidence. Mattel further objects to this Interrogatory on
23 the grounds that it calls for the disclosure of information subject to the attorney-
24 client privilege, the attorney work-product doctrine and other applicable
25 privileges.
26     Subject to and without waiving the foregoing general and specific
27 objections, Mattel responds as follows:
28

05639421.2

Exhibit 4
Page   86

1    Excluding from this response defendant Carter Bryant and those
2 former Mattel employees who worked with defendant Carter Bryant to design and
3 develop Bratz, Mattel states as follows:  Bryant and MGA acted to conceal,
4 including by Bryant's affirmative misrepresentations to Mattel during his Mattel
5 employment, Bryant's involvement with Bratz.  To Mattel's knowledge, Bryant
6 was first confirmed as the Bratz designer in the July 18, 2003 *Wall Street Journal*
7 article, in which Isaac Larian also indicated that Bryant had been involved in some
8 manner with MGA in or about "late 1999."
9    Subsequently, in November 2003, Mattel obtained a copy of a
10 contract between defendant Carter Bryant and defendant MGA.  That contract--
11 which Bryant and MGA had entered into while Bryant was employed by Mattel--
12 required Bryant to provide design services to MGA on a "top priority" basis, in
13 conflict with his then-existing obligations to Mattel.  It also purported to grant
14 MGA ownership of works produced by Bryant both before and after the
15 agreement's effective date, in further contravention of his obligations to Mattel.
16 Through this agreement, Mattel concluded that Bryant--while being employed and
17 paid by Mattel for his exclusive services as a designer--also worked as a designer
18 for a Mattel competitor, MGA.
19    Answering further, this fact was confirmed for the first time by
20 Bryant at his deposition in November 2004, which took place only after Bryant
21 had refused to be deposed for months and only after the Court entered two Orders
22 compelling him to testify.  At that time, he acknowledged that he worked on the
23 "Bratz" project and an ostensibly separate project that defendants purport to call
24 "Angel" during the time of his Mattel employment.
25    Answering further, pursuant to Federal Rule of Civil Procedure 33(d),
26 Mattel has produced responsive, non-privileged documents and tangible items in
27 its possession, custody or control from which the answer to this Interrogatory may
28 be derived.

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page ___87

1    Mattel continues its factual investigation and currently has
2    outstanding discovery requests to Bryant and to MGA. Mattel reserves the right to
3    supplement this response and, consistent with its obligations under Federal Rule of
4    Civil Procedure 26(e), Mattel will supplement this response if Mattel receives
5    additional responsive information.

6

7    INTERROGATORY NO. 11:

8        State, with particularity, when and how MATTEL first learned that
9    BRYANT conceived of the BRATZ CONCEPT.

10

11   RESPONSE TO INTERROGATORY NO. 11:

12       In addition to the general objections stated above, Mattel specifically
13   objects to this Interrogatory on the grounds that it calls for the disclosure of
14   information subject to the attorney-client privilege, the attorney work-product
15   doctrine and other applicable privileges. Mattel further objects to this
16   Interrogatory as unreasonably burdensome and overbroad in that it purports to
17   require Mattel to summarize all facts on this subject, including without limitation
18   facts that are known to or in the possession, custody and control of defendants and
19   non-parties, including non-parties associated with defendants. Mattel further
20   objects to this interrogatory on the grounds that it is vague and ambiguous with
21   regard to the phrase "first learned that BRYANT conceived of the BRATZ
22   CONCEPT." Mattel further objects to this interrogatory on the grounds that it is
23   unreasonably burdensome and overbroad in that it defines "Mattel" to include
24   "past . . . employees," including but not limited to defendant Carter Bryant and a
25   number of other former Mattel employees who worked with Carter Bryant to
26   design and develop Bratz after each had been a Mattel employee and who, at that
27   time, had no relationship with Mattel that would have required those persons to
28   disclose to Mattel the development of the Bratz dolls. Mattel further objects to

639421.2

-19-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 4
Page _____ 88

1  this Interrogatory on the grounds that it calls for information that is neither

2  relevant to the claims or defenses of any party to the pending action nor

3  reasonably calculated to lead to the discovery of admissible evidence. Mattel

4  further objects to this Interrogatory because defendant Bryant refuses to allow the

5  completion of his deposition and because defendant MGA refuses to produce any

6  witness for deposition. Moreover, defendants have refused for months, despite

7  Mattel's requests, to provide the originals of their drawings, including those that

8  they performed unauthorized destructive testing on, and thus continue to withhold

9  and conceal from Mattel information necessary for it to evaluate and take

10  discovery as to the drawings and thus to respond to this Interrogatory.

11       Mattel continues its factual investigation and currently has

12  outstanding discovery requests to Bryant and to MGA, including as to matters that

13  are the subject of pending motions to compel. Mattel reserves the right to

14  supplement this response and, consistent with its obligations under Federal Rule of

15  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

16  additional responsive information.

17

18  DATED: March 7, 2005

19                              QUINN EMANUEL URQUHART
                                OLIVER & HEDGES, LLP
20

21                              By
                                   Michael T. Zeller
22                                 Attorneys for Plaintiff and Counter-
                                   Defendant Mattel, Inc.
23

24

25

26

27

28

689421.2

-20-

Exhibit 4
Page    89

Mar 07 05 11:27p                                    213 688 9301                    P.17

1013A(3) CCP Revised 5/1/88

1   **STATE OF CALIFORNIA )**
    **COUNTY OF LOS ANGELES )**
2
        I am employed in the county of Los Angeles State of California. I am over the age of 18
3   and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
    Los Angeles, CA 90012.
4
        On March 7, 2005, I served the foregoing document described as **PLAINTIFF**
5   **MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA'S FIRST SET OF**
    **INTERROGATORIES** on all interested parties in this action.
6
7   **Robert F. Millman, Esq.**                    **Diana M. Torres, Esq.**
    **Douglas A. Wickham, Esq.**                   **O'Melveny & Meyers**
    **Keith A. Jacoby, Esq.**                      400 S. Hope Street
8   **Littler Mendelson**                          Los Angeles, CA 90071
    **A Professional Corporation**                 Phone: 213-430-6000
9   2049 Century Park East, 5th Floor              **Fax: 213-430-6407**
    Los Angeles, California 90067-3107
10  Phone: 310-553-0308
    **Fax: 310-553-5583**
11

12

13  [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
          as follows:
14  [x]   **BY MAIL**

15  [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed
          with postage thereon fully prepaid.
16
    [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing
17        correspondence for mailing. Under that practice it would be deposited with U.S. postal
          service on that same day with postage thereon fully prepaid at Los Angeles, California in the
18        ordinary course of business, I am aware that on motion of the party served, service is
          presumed invalid if postal cancellation date or postage meter date is more than one day after
19        date of deposit for mailing in affidavit.

20  [x]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
          set forth above on this date.
21  []    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22  Executed on March 7, 2005, at Los Angeles, California.

23  [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
          above is true and correct.
24
25  [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
          whose direction the service was made.

26  Tania Krebs
    Print Name                              Signature
27

28

Exhibit 4
Page _____ 90

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 5

**EXHIBIT TO:**   **DECLARATION OF LARRY MCFARLAND IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    Attorneys for Plaintiff
6   Mattel, Inc.

7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  MATTEL, INC., a Delaware corporation,   )   CASE NO. CV 04-9059 NM (RNBx)
                        Plaintiff,           )
13                                           )
              v.                             )   MATTEL, INC.'S
14                                           )   SUPPLEMENTAL INITIAL
    CARTER BRYANT, an individual, and        )   DISCLOSURES PURSUANT TO
15  DOES 1 through 10, inclusive,            )   RULE 26
                        Defendants.          )
16  _____ )

17  CARTER BRYANT, on behalf of himself,     )
    all present and former employees of      )
18  Mattel, Inc., and the general public,    )
                                             )
19                  Counter-Claimant,        )
                                             )
20            v.                             )
                                             )
21  MATTEL, INC., a Delaware corporation,    )
                                             )
22                  Counter-Defendant.       )

23

24

25

26

27

28

07209/652980.1

          MATTEL'S SUPPLEMENTAL INITIAL DISCLOSURES

Exhibit 5
Page ___91___

Pursuant to Fed. R. Civ. P. 26(a)(1), plaintiff Mattel, Inc. ("Mattel") hereby provides the following supplemental initial disclosures to defendant Carter Bryant and defendant-in-intervention MGA Entertainment, Inc. ("MGA") (collectively Bryant and MGA shall be referred to as "defendants"):

I.    Witnesses

In accordance with Fed. R. Civ. P. 26(a)(1)(A), Mattel states that, based on the information currently known to it, at least the following persons (exclusive of expert witnesses, attorneys, and their support staff) have knowledge of facts that Mattel may use to support its claims and defenses to Bryant's counter-claims that survive the pending motion to dismiss (if any):

1.    Carter Bryant.  Projects Bryant worked on for competitors while employed by Mattel and Bryant's breach of obligations to Mattel.

2.    Isaac Larian, MGA Entertainment, Inc., 16730 Schoenborn Street, North Hills, CA 91343-6122.  Bryant's work on projects for MGA while employed by Mattel, Bryant's breach of obligations to Mattel and MGA's efforts to conceal same.

3.    Ivy Ross, c/o Mattel, Inc., 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

4.    Jill Nordquist, c/o Mattel, Inc., 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

Exhibit 5
Page _____

5.      Maureen Tafoya, c/o Mattel, Inc., 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

6.      Alan Kaye, Mattel, Inc., c/o 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

7.      Lily Martinez, Mattel, Inc., c/o 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

8.      Cassidy Park, c/o Mattel, Inc., 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

9.      Ann Driskill, c/o Mattel, Inc., 333 Continental Blvd., El Segundo, California.  Carter Bryant's breach of obligations to Mattel.

10.      Jacqueline Prince, 300 Timber Laurel Lane, Lawrenceville, Georgia 30043.  Chronology of Bryant's work on projects for a competitor while employed by Mattel and Bryant's breach of obligations to Mattel.

11.      Margaret Hatch-Leahy, 1824 Braeburn Road, Altadena, California 91001.  Chronology of Bryant's work on projects for a competitor while employed by Mattel and Bryant's breach of obligations to Mattel.

12.      Veronica Marlow, 12250 Woodley, Granada Hills, California 91344.  Chronology of Bryant's work on projects for a competitor while employed by Mattel.

Exhibit 5
Page _____ 93

1       13.     Jesse Ramirez, 538 Maryann Drive, Redondo Beach, California

2  90278.  Chronology of Bryant's work on projects for a competitor while employed

3  by Mattel.

4

5       14.     Sarah Halpern, 1418 Hillcrest Avenue, Glendale, California

6  91202.  Chronology of Bryant's work on projects for a competitor while employed

7  by Mattel and Bryant's breach of obligations to Mattel.

8

9       15.     Paula Treantafelles, MGA Entertainment, Inc., 16730

10  Schoenborn Street, North Hills, CA 91343-6122.  Chronology of Bryant's work on

11  projects for a competitor while employed by Mattel.

12

13       16.     Mercedeh Ward, MGA Entertainment, Inc., 16730 Schoenborn

14  Street, North Hills, CA 91343-6122.  Chronology of Bryant's work on projects for

15  a competitor while employed by Mattel and Bryant's breach of obligations to

16  Mattel.

17

18       17.     Elise Cloonan, 1219 W. 160th Street, Gardena, California

19  90247.  Chronology of Bryant's work on projects for a competitor while employed

20  by Mattel and Bryant's breach of obligations to Mattel.

21

22       18.     Anna Rhee, 101 Avenue G, Redondo Beach, CA 90277.

23  Chronology of Bryant's work on projects for a competitor while employed by

24  Mattel and Bryant's breach of obligations to Mattel.

25

26       19.     Victoria O'Connor, Warner Bros. Consumer Products, 4001

27  West Olive Ave., 3rd Floor, Burbank, CA 91505.  Chronology of Bryant's work on

28

-3-

MATTEL'S SUPPLEMENTAL INITIAL DISCLOSURES

Exhibit 5
Page _____ 94

1   projects for a competitor while employed by Mattel and MGA's efforts to conceal

2   same.

3

4          20.    Farhad Larian, 160 Delfern Drive, Los Angeles, California

5   90077. Chronology of development of Bratz.

6

7          21.    Morad Zarabi, Felina Lingerie, Chairman and President, 721

8   No. Bedford Drive, Beverly Hills, California 91311. Chronology of development

9   of Bratz.

10

11         22.    Don Howarth, Howarth & Smith, 800 Wilshire Boulevard,

12   Suite 750, Los Angeles, California 90017. Chronology of development of Bratz.

13

14         23.    Joel N. Klevins, Fogel, Feldman, Ostrov, Ringler & Klevins,

15   1620 26th Street, Suite 100 South, Santa Monica, California 90404-4040.

16   Chronology of development of Bratz.

17

18         24.    Joyce Ng, Karrenbrock & Joyce Associates, 848 Radcliffe

19   Avenue, Pacific Palisades, California 90272. Chronology of Bryant's work on

20   projects for a competitor while employed by Mattel.

21

22         25.    Wendy Feinberg, L.A. Focus, 17337 Ventura Boulevard, Suite

23   301, Encino, California 91316. Chronology of Bryant's work on projects for a

24   competitor while employed by Mattel.

25

26         26.    Cynthia Pierce, Union Bank, 5855 Topanga Canyon Boulevard,

27   Woodland Hills, California 91367. Payment from MGA to Carter Bryant.

28

Exhibit 5
Page ____ 95

1        27.    Sandy Yamamoto, Mattel, Inc., 333 Continental Blvd., El

2   Segundo, California.  Misrepresentations to Mattel that Carter Bryant made during

3   his exit interview.

4

5        The above witnesses who are employed by Mattel, Inc. or identified

6   c/o Mattel, Inc. may be contacted through Mattel's counsel, Quinn Emanuel

7   Urquhart Oliver & Hedges, LLP.

8

9        Mattel's investigation of this matter is not yet complete nor has Mattel

10   concluded its discovery in this matter.  In particular, Mattel anticipates that other

11   third parties, including without limitation persons currently or formerly employed

12   by or associated with MGA Entertainment, Inc. and/or Bryant may have percipient

13   knowledge, but Mattel cannot identify such persons without further discovery.

14   Mattel reserves the right to identify additional individuals with such knowledge as

15   such persons become known to Mattel or the information they possess becomes

16   relevant to Mattel's claims or Bryant's counter-claims that survive the pending

17   motion to dismiss (if any).

18

19   II.    Documents

20

21        In accordance with <u>Fed. R. Civ. P.</u> 26(a)(1)(B), Mattel discloses the

22   following categories of documents and tangible things in its custody or control

23   that Mattel may use to support its claims and defenses to Bryant's counter-claims

24   that survive the pending motion to dismiss (if any):

25

26        1.    Carter Bryant's agreements with Mattel.

27

28        2.    Carty Bryant's Mattel personnel file.

07209/652980.1

-5-

MATTEL'S SUPPLEMENTAL INITIAL DISCLOSURES



Exhibit 5

Page _____ 96

1             3.     Records concerning the compensation that Bryant received

2  from Mattel.

3

4             4.     Documents evidencing Bryant's work for and aid and assistance

5  to defendant in intervention MGA Entertainment while defendant Bryant was

6  employed by Mattel, including but not limited to, Carter Bryant's contract with

7  MGA Entertainment dated "as of" September 18, 2000.

8

9             5.     Telephone records of communications between defendant

10  Bryant and defendant-in-intervention MGA Entertainment while defendant Bryant

11  was employed by Mattel.

12

13           6.     Certain design drawings, declarations and/or affidavits and

14  other materials relating to "Bratz."

15

16           7.     Documents evidencing defendant-in-intervention MGA

17  Entertainment's efforts to conceal communications with defendant Carter Bryant

18  while he was employed by Mattel.

19

20           8.     Documents evidencing defendant-in-intervention MGA

21  Entertainment's efforts to conceal the fact that defendant Bryant worked for it

22  while he was employed by Mattel

23

24           9.     Documents evidencing defendant-in-intervention MGA

25  Entertainment's payments made to defendant Bryant while he was employed by

26  Mattel.

27

28

-6-

MATTEL'S SUPPLEMENTAL INITIAL DISCLOSURES

Exhibit 5
Page _____ 97

1   Mattel considers some documents identified above to be confidential,
2   proprietary or otherwise protected and will make them available for inspection and
3   copying subject to the operative protective order. In addition, Mattel's
4   investigation of this matter is not yet complete. Mattel will disclose additional
5   documents and/or tangible things when they become known or relevant to its
6   claims and defenses to Bryant's counter-claims that survive the pending motion to
7   dismiss (if any). Mattel also believes that additional categories of documents
8   and/or tangible things, and information concerning such additional documents
9   and/or tangible things, are known to, and/or in the possession of, defendant and
10  his counsel.

11

12  III.   Computation of Damages

13

14   In accordance with <u>Fed. R. Civ. P.</u> 26(a)(1)(C), Mattel states:

15

16   Mattel has not yet computed damages because no discovery has yet
17  been obtained, including in particular discovery necessary to compute damages
18  that is uniquely in the possession of defendant and third parties. Mattel has sought
19  this discovery from defendants and third-parties (to the extent applicable).
20  Defendants, in particular, have refused to comply with their obligations and
21  produce documents necessary for Mattel to calculate any claim of damages. As of
22  the date of these supplemental initial disclosures, Mattel's motions to compel the
23  production of this information are pending. Once Mattel has possession of
24  information and/or other documents sufficient to calculate its damages, then
25  Mattel will provide supplemental initial disclosures.

26

27   At a minimum, Mattel's damages computation will include without
28  limitation the following: monies paid to Bryant by any Mattel competitor during

07209/652980.1

-7-

MATTEL'S SUPPLEMENTAL INITIAL DISCLOSURES

Exhibit 5
Page _____ 98

his period of disloyalty and/or as a result of his misconduct; disgorgement of any other benefit, or its value, or its proceeds, derived or obtained by Bryant as a result of his disloyalty, his breach of contract and other actionable misconduct and/or as a result of work that he performed for any Mattel competitor during his Mattel employment; any profits and the value of any other benefits that Bryant's co-conspirators' derived or obtained as a result of his disloyalty and other misconduct; the value of Mattel assets, resources, opportunities and/or property, including intellectual property, that Bryant and his co-conspirators converted, diverted from Mattel and/or otherwise improperly used or usurped; the value of information and intellectual property owned by Mattel which Bryant provided to any Mattel competitor in violation of his obligations to Mattel; compensation paid by Mattel to Bryant during his period of disloyalty; the costs of maintaining this action and attorney's fees; and punitive damages for his willful and fraudulent conduct.

All non-privileged documents and other materials upon which Mattel's damages are based and are within Mattel's possession, custody or control will be made available to defendant for inspection and copying as they are obtained or created, pursuant to the Federal Rules of Civil Procedure and other applicable rules.

IV.    Insurance Agreements

In accordance with Fed. R. Civ. P. 26(a)(1)(D), Mattel states that it is not aware of any applicable insurance policy.

Counsel for Mattel certify that, to the best of their knowledge, information and belief, formed after an inquiry that is reasonable under the

Exhibit 5
Page ___99___

1  circumstances, this disclosure is complete and correct as of the date indicated

2  below.  Mattel's investigation into this matter is continuing and discovery

3  continues and is not complete.  Mattel, therefore, reserves the right to supplement

4  or amend this disclosure as additional information becomes available, through

5  discovery or otherwise.

6

7  DATED:  May 16, 2005

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By _____
Jon D. Corey
Attorneys for Plaintiff
Mattel, Inc.

-9-

MATTEL'S SUPPLEMENTAL INITIAL DISCLOSURES

Exhibit 5
Page _____ 100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# FILED UNDER SEAL* * *PUBLIC REDACTED

# EXHIBIT 6

**EXHIBIT TO:**   **DECLARATION OF LARRY MCFARLAND IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# <u>FILED UNDER SEAL* * *PUBLIC REDACTED</u>

# <u>EXHIBIT 7</u>

**EXHIBIT TO:**     **DECLARATION OF LARRY MCFARLAND IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**