# EXHIBIT 15

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
  Shane H. McKenzie (Bar No. 228978)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 NM (RNBx) |
| Plaintiff, | NOTICE OF DEPOSITION OF ISAAC LARIAN |
| v. | Date: January 4, 2005 |
| CARTER BRYANT, an individual, and DOES 1 through 10, inclusive, | Time: 9:30 a.m. |
| Defendants. | Location: 865 S. Figueroa Street 10th Floor Los Angeles, CA 90017 |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| Cross-Complainant, | |
| v. | |
| MATTEL, INC., a Delaware corporation, | |
| Cross-Defendant. | |

EXHIBIT 15 PAGE 54

07209/616304.1

NOTICE OF DEPOSITION OF ISAAC LARIAN

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on January 4, 2005, beginning at 9:30

3 | a.m., plaintiff and counter-defendant Mattel, Inc. ("Mattel") will take the

4 | deposition upon oral examination of Isaac Larian at the office of Quinn Emanuel

5 | Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles,

6 | CA 90017.

7      PLEASE TAKE FURTHER NOTICE that the deposition will take

8 | place before a duly authorized notary public or other officer authorized to

9 | administer oaths at depositions, and will continue from day to day, Sundays,

10 | Saturdays and legal holidays excepted, until completed.

11      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

12 | P. 30(b)(2), the deposition will be videotaped.

13

14 | DATED: December 15, 2004

15          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

16

17

18          By _____

19          Shane H. McKenzie
         Attorneys for Plaintiff and Counter-Defendant
         Mattel, Inc.

20

21

22

23

24

25

26

27

28

**EXHIBIT 15 PAGE 55**

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
                         ) SS

COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On December 15, 2004, I served the foregoing document described as **NOTICE OF DEPOSITION OF ISAAC LARIAN** on all interested parties in this action.

Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Dominic Messiha, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
FAX: 310-553-5583

[  ] By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[  ] **BY MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 15, 2004, at Los Angeles, California.

[  ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT 15 PAGE 56

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 1055 West Seventh Street, Los Angeles, CA 90017.

On **December 15, 2004**, I caused to be served by personal service the foregoing document(s) described as **Notice of Deposition of Isaac Larian** on all interested parties in this action.

[ X ]   By placing [  ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

**Diana M. Torres, Esq.**
**O'Melveny & Meyers**
400 So. Hope Street
Los Angeles, CA 90071
(213) 430-6407

[ X ]   **BY PERSONAL DELIVERY** I delivered such envelope by hand to the office of the addressee.

Executed on **December 15, 2004**, at Los Angeles, California.

[  ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Leandro Dimonriva

_____
Type or Print Name

_____
Signature

**EXHIBIT** 15 **PAGE** 57

# EXHIBIT 16

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 17

RECEIVED

SEP 2 1 2007
BRL 2:02 PM

1   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
2   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
3   Los Angeles, CA 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
6   400 South Hope Street
    Los Angeles, CA 90071-2899
7   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407

8

9   Attorneys for MGA Entertainment, Inc.,
    MGA Entertainment (HK) Limited, MGAE
10  de Mexico S.R.L. de C.V., and Isaac Larian

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

                      EASTERN DISTRICT

14  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
15                  Plaintiff,

16      v.                              MGA ENTERTAINMENT, INC.'S
                                        SUPPLEMENTAL DISCLOSURES
    MATTEL, INC., a Delaware            AND MGA ENTERTAINMENT (HK)
17  Corporation,                        LIMITED, MGAE DE MEXICO
                                        S.R.L. DE C.V., AND LARIAN'S
18                  Defendant.          INITIAL DISCLOSURES UNDER
                                        RULE 26(a)(1)
19

20  CONSOLIDATED WITH                   Judge: Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v.          Discovery Cut-Off:        March 3, 2008
    MATTEL, INC.

22

23

24

25

26

27                              EXHIBIT 17  PAGE 75

28

1      MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited

2  ("MGA Hong Kong"), MGAE de Mexico S.R.L. de C.V. ("MGA Mexico"), and

3  Isaac Larian ("Larian") (collectively the "MGA Parties") hereby submit the

4  following initial disclosures to Mattel, Inc. ("Mattel"), pursuant to Rule 26(a) of the

5  Federal Rules of Civil Procedure. The MGA Parties make these initial disclosures

6  based upon information reasonably available to them and reserve the right to

7  identify additional documents and witnesses hereafter, and otherwise to provide

8  supplemental disclosures as appropriate or necessary. To the extent prior initial

9  disclosures have been made by one or more of the MGA Parties, the instant

10  disclosures serve to incorporate and supplement any such prior disclosures.

11  **Witnesses**

12      The MGA Parties' initial disclosure of the identities of potential witnesses is

13  based solely upon such information discovered thus far, as well as the MGA

14  Parties' present analysis of the case, and shall not, in any way, be deemed to be a

15  representation that additional witnesses do not exist. Accordingly, this disclosure is

16  subject to the MGA Parties' identification of additional individuals with knowledge

17  of facts supporting any of the material allegations, claims or  in the Consolidated

18  Action. By indicating the general subject matter or information these individuals

19  may possess, the MGA Parties are in no way limiting their right to call any

20  individual listed herein to testify concerning other subjects.

21      Subject to the foregoing, individuals who will likely have discoverable

22  information relevant to the disputed facts alleged in the pleadings and the subject

23  matter of the information are as follows:

24      1.    Arnold Artavia. MGA believes that Mr. Artavia is a current

25  Mattel employee. Mr. Artavia was deposed on September 21, 2006 and possesses

26  the information set forth in his deposition testimony.

27      2.    Erika Ashbrook. MGA believes that Ms. Ashbrook is a current

28  Mattel employee. Ms. Ashbrook may possess information relevant to Mattel's

1   Senior VP Marketing and Design at Mattel. Mr. Kilpin may possess knowledge of

2   the announcement of Mattel's suit against Mr. Bryant, Mattel's serial copying of

3   MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and

4   advertising; Mattel's dilution of MGA's famous marks; and consumer confusion

5   between Mattel products and MGA products.

6          48.     Isaac Larian. Mr. Larian is MGA's President and Chief

7   Executive officer. Mr. Larian may possess information relevant to material

8   allegations in the Consolidated Action, including MGA's acquisition of rights to the

9   original "Bratz" drawings by Carter Bryant, some aspect or aspects of the creation,

10  design and development of the "Bratz" dolls, Mattel's serial copying of MGA's

11  products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz

12  Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little

13  Patient," and "Alien Racers"); Mattel's serial copying of MGA's distinctive trade

14  dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's

15  dilution of MGA's famous marks; Mattel's interference with MGA's advertising

16  efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees,

17  distributors, manufacturers, and former employees and freelancers; Mattel's

18  improper influence of standard-setting and industry organization; Mattel's

19  manipulation of MGA's retail displays; damages suffered by MGA as a result of

20  Mattel's conduct; and facts in support of MGA's defenses to Mattel's

21  counterclaims. Mr. Larian may be contacted through his counsel of record.

22         49.     Margaret (Hatch) Leahy: Ms. Leahy is a former freelancer and

23  employee of MGA. She possesses information relevant to some aspect or aspects

24  of the sculpting of the first generation of "Bratz" dolls, and samples, prototypes and

25  prior iterations thereof. Ms. Leahy also may possess information relevant to some

26  aspect or aspects of the sculpting of the "4-Ever Best Friends" dolls, the "Bratz

27  Winter Wonderland" and "Bratz Formal Funk" themes, "Prayer Angels," and the

28  "Mommy's Little Patient" doll. Ms. Leahy may be contacted through her counsel

- 9 -

EXHIBIT 17   PAGE 77

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1

2  Dated:      September 2_ 2007         O'MELVENY & MYERS LLP

3                                        By:

4                                        Attorneys for MGA Entertainment, Inc.,
5                                        MGA Entertainment (HK) Limited,
                                         MGAE de Mexico S.R.L. de C.V.,  and
6                                        Isaac Larian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 20 -

EXHIBIT 17  PAGE 78

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

## PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017
michaelzeller@quinnemanuel.com
talger@quinnemanuel.com
*(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

EXHIBIT 17 PAGE 79

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Postal Service in accordance with the firm's ordinary business practices, as

2    addressed below:

3

4    James W. Spertus, Esq.                    Michael H. Page, Esq.
     Law Offices of James W. Spertus           Keker & Van Nest LLP
5    12100 Wilshire Boulevard, Suite 620       710 Sansome Street
     Los Angeles, CA  90025                    San Francisco, CA  94111
6

7    (Attorneys for Carlos Gustavo             (Attorneys for Carter Bryant)
     Machado Gomez)
8

9    Patricia Glaser, Esq.
     Christensen, Glaser, Fink, Jacobs,
10   Weil & Shapiro, LLP
     10250 Constellation Blvd., 19th Floor
11   Los Angeles, CA  90067

12
13   (Attorneys for MGA)

14

15          I declare under penalty of perjury that the foregoing is true and

16   correct.  Executed at Los Angeles, California, this 21st day of September,

17   2007.

18

19

20                                                    Marie G. Lewis

21

22

23

24

25

26

27

28

EXHIBIT 17  PAGE 83

PROOF OF SERVICE
CASE NO: CV 04-9049 SGL (RNBX)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    DALE M. CENDALI (admitted pro hac vice)
6   O'MELVENY & MYERS, LLP
    Times Square Tower
7   7 Times Square
    New York, New York 10036
8   Telephone: (212)326-2000
    Facsimile: (212)326-2061
9
    Attorneys for Defendant-in-Intervention
10  MGA Entertainment, Inc.

11

12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

| 16 | MATTEL, INC., | Case No. CV 04-09059 NM (RNBx) |
| 17 | Plaintiff, | **DISCOVERY MATTER** |
| 18 | v. | **MGA'S SUPPLEMENTAL MEMORANDUM OF POINTS AND** |
| 19 | CARTER BRYANT and MGA | **AUTHORITIES IN OPPOSITION TO** |
| 20 | ENTERTAINMENT, INC., | **MATTEL'S MOTION TO COMPEL THE DEPOSITION OF ISAAC LARIAN** |
| 21 | Defendant and Defendant-in-Intervention. | Judge: Hon. Robert N. Block |
| 22 | | Date:     April 5, 2005 |
| 23 | | Time:     9:30 a.m.  Courtroom: 540 |
| 24 | | |
| 25 | | Discovery Cut Off:     TBD  Pretrial Conference:   TBD  Trial:     TBD |
| 26 | | |
| 27 | AND RELATED CROSS-CLAIMS | |
| 28 | | |

EXHIBIT 19 PAGE 105    3·22

1    Defendant-in-Intervention, MGA Entertainment, Inc. ("MGA") files this
2    brief Memorandum in supplement to the Joint Stipulation filed in connection with
3    Mattel's Motion to Compel the Deposition of MGA's President and Chief
4    Executive Officer, Isaac Larian, to address matters raised by the Declarations and
5    Exhibits that Mattel filed in support of its Motion.  Specifically, in Mattel's portion
6    of the Joint Stipulation at page 21, note 38, Mattel cited an "Exhibit 13."  Mattel
7    represented in the Joint Stipulation that this exhibit contained examples of material
8    that supposedly "make clear" that "Mr. Larian was personally involved in the Bratz
9    projects and has made statements regarding the timing of the project's
10   development." (Joint Stip. at 21.)  MGA, however, was unable to respond to this
11   representation in MGA's portion of the Joint Stipulation because Mattel did not and
12   will not provide MGA with *any* of the Declarations or Exhibits that Mattel cites and
13   relies on in its portions of Joint Stipulations, including this one, until after the Joint
14   Stipulation, Declarations and Exhibits are filed.

15       Hence, MGA had no chance to respond to Mattel's reliance on the "Exhibit
16   13" material as supposed support for Mattel's position.  Indeed, Mattel did not even
17   give MGA a hint about what Exhibit 13 might contain, leaving MGA to try to
18   decipher what it might be, based solely on an obtuse parenthetical in which Mattel
19   described Exhibit 13 as "(collecting additional examples)." (Joint Stip. at 21 n. 38.)
20   Now that MGA has finally seen the material, it is apparent that none of these
21   supposed "examples" support Mattel's request to depose Mr. Larian at all.
22   Unfortunately, MGA was not able to point this out in the Joint Stipulation because
23   of Mattel's practice of withholding such information until after filing, and must file
24   this additional briefing to do so and to further emphasize why Mattel's practice of
25   serving incomplete Joint Stipulations and withholding Declarations and Exhibits
26   should be sanctioned.
27
28

1                          MGA'S SUPP. MEMO RE MATTEL'S
                           MOTION TO COMPEL LARIAN DEPO
                           CV 04-09059 NM (RNBX)

EXHIBIT 19 PAGE 106

1       It turns out that the mysterious Exhibit 13 consists of a variety of news

2   articles regarding "Bratz" and "Barbie." Certain passages, to which Mattel's

3   attorneys apparently were most interested in drawing attention, are marked; they

4   consist of purported quotes from Mr. Larian. According to Mattel, this material

5   somehow helps it meet its burden of proving that Mr. Larian has unique and

6   superior discoverable information such that Mattel should be permitted to depose

7   Mr. Larian. It does not.

8       These are the purported quotes from Mr. Larian that Mattel itself has marked:

9        • "Like they say in business school – no risk, no reward."

10       • "The buyer said, 'Build me a Barbie-beater and we'll buy it.'

11        Done, I thought. I thought of my own kids, the games they liked

12        to play, the clothes they like to wear, what they actually looked

13        like, and within a year we had Bratz on the shelves."

14       • "Bratz are not all blonde and busty like Barbie."

15       • "I decided to make Bratz multicultural. A Mexican child thinks

16        her Bratz is Mexican, a Brazilian child thinks her Bratz is

17        Brazilian. The multiculturalism is their magic."

18       • "At first we thought no one is going to buy a doll named Bratz."

19       • "But in focus groups, girls really liked it. It meant everything

20        that Barbie is not."

21       • "We didn't even look at Barbie."

22       • "Barbie was old."

23      Why any of this provides a basis for an "apex" deposition defies

24  comprehension. None of this shows that Mr. Larian possesses any unique or

25  superior discoverable knowledge that Mattel needs to probe Mr. Larian about in a

26  deposition. *See, e.g., Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D.

27  Ala. 1991); *see also Liberty Mutual Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1282,

28  1287 (1992). Indeed, seeing how far Mattel has to stretch to even try to justify its

<div align="center">2</div>

MGA'S SUPP. MEMO RE MATTEL'S
MOTION TO COMPEL LARIAN DEPO
CV 04-09059 NM (RNBX)

<div align="center">EXHIBIT 19 PAGE 107</div>

1   requests only shows that it has no legitimate basis for deposing Mr. Larian.[1]  For

2   this, and the reasons stated in MGA's position in the Joint Stipulation, Mattel's

3   motion should be denied.

4

5        Dated:        March 22, 2005

6                                          DIANA M. TORRES
                                          PAULA E. AMBROSINI
7                                          ALICIA C. MEYER
                                          O'MELVENY & MYERS LLP
8

9                                          By: _Paula E. Cen_
10                                              Paula E. Ambrosini

11                                          Attorneys for Defendant-in-Intervention
                                          MGA Entertainment, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28   [1] Under any circumstance, these issues can, and should, first be probed, if necessary, with
     other witnesses.

                              3        MGA'S SUPP. MEMO RE MATTEL'S
                                       MOTION TO COMPEL LARIAN DEPO
                                       CV 04-09059 NM (RNBX)

EXHIBIT 19  PAGE 108

1

## PROOF OF SERVICE

2

      I, Suzanne I. Jimenez, declare that I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On March 22, 2005, I served the within document:

3

4

5

### MGA'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL THE DEPOSITION OF ISAAC LARIAN

6

7
  ☒  by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407.

8

9
  ☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

10

11

12
  ☐  by placing a true and correct copy thereof, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the next business day to the person(s) listed below, and placing the envelope for collection today by the overnight courier in accordance with the firm's ordinary business practices.

13

14
  ☒  by placing a true and correct copy thereof, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for personal delivery the same business day to the person(s) listed below, and placing the envelope for collection today by the courier in accordance with the firm's ordinary business practices.

15

16

17

18

19

20

21

| | |
|---|---|
| Michael T. Zeller, Esq. | Douglas A. Wickham, Esq. |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | Keith A. Jacoby, Esq. |
| 865 South Figueroa Street, 10th Floor | Littler Mendelson |
| Los Angeles, California 90017-2543 | A Professional Corporation |
| Tel: (213) 443-3000 | 2049 Century Park East, 5th Floor |
| Fax: (213) 624-0643 or (213) 443-3100 | Los Angeles, CA 90067-3107 |
| | Tel: (310) 553-0308 |
| **VIA HAND-DELIVERY** | Fax: (310) 553-5583 |
| | **VIA FACSIMILE** |

22

23

24

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.

25

      Executed on March 22, 2005, at Los Angeles, California.

26

27

*Suzanne J. Jimenez*
Suzanne I. Jimenez

28

LA2:747498.1

**EXHIBIT** 19 **PAGE** 109

# EXHIBIT 20

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 21

WestLaw

122466 ABCNIGHTLINE (No Page)

Page 1

12/23/06 ABC Nightline (Pg. Unavail, Online)
2006 WLNR 28619583

ABC Nightline
Copyright 2006 American Broadcasting Company

December 23, 2006

NIGHTLINE

(HOST: ABC Nightline) [AIRDATE: 12/23/06] [DATELINE: 23:35] [LENGTH: MEDIUM]
[CITY: NEW YORK, NY USA] [TYPE: REPORTING]

REPORT:

SEGMENT:

CHARACTER: NIGHTLINE

CHARACTER: BREAK IN THE STOREROOM

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 24 PAGE 116

EXHIBIT B PAGE 164

Page 2

12/23/05 ABCWBDTLINE (No Flag)

RECORDED: JOHN ANDREW
PROGRAM LOCATION: LOS ANGELES, CA USA

TOPIC:

COMPANY: MATTEL, MONEY, MEDICAL, RADIO GAMES OF AMERICA, CHUCK SCURLOCK

*(the body of this transcript is too faded and degraded to read reliably)*

EXHIBIT 21 PAGE 117

* 2007 Diamond/Bank. No Claim to Orig. US Gov. Works.

EXHIBIT 8   PAGE 170

BRATZ ARGUMENTS (No Page)

ISAAC LARIAN (CEO) RA: I think now they look beautiful. I've gotten to like them.

JOHN BRENNAN (ABC NEWS) (Voiceover): Last year's $2 billion in sales can make many things beautiful. Larian now says Bratz has a 40% market share and is the number two doll in the US market. Number two for sure. Larian claims his Bratz girls are benefiting from the Lucky plastic mask of number one. That would be Barbie.

JOHN BRENNAN (ABC NEWS) (Off-camera): What's wrong with Barbie?

ISAAC LARIAN (CEO): It's time for her to retire. She's been around for too long.

JOHN BRENNAN (ABC NEWS) (Voiceover): And you want to help Barbie retire?

ISAAC LARIAN (CEO): Yes, I would help her retire. I would throw a party for her.

CHUCK SCARBOROUGH (BRATZ WNBC PERSONAL NATURE - GIRLS DIVERSION): Isn't welcome to throw a party for Barbie any time he wants, but it won't be a nationwide party. She has been and still remains the number one fashion doll in the industry.

JOHN BRENNAN (ABC NEWS) (Voiceover): Meet Chuck Scarborough, a number Mattel executive and former high school principal turned litigant. His product is the long-legged goblet wacky dolls with almond shaped eyebrows. Conceived in 1989, Barbie has been an item. Barbie 3 and 40-years-old owns a Barbie doll.

CHUCK SCARBOROUGH (BRATZ WNBC PERSONAL NATURE - GIRLS DIVERSION): Now, we're traveling through the world of fairytopia.

JOHN BRENNAN (ABC NEWS) (Voiceover): Scarborough doesn't like to talk about Barbie. Let alone the fact that they might pose a challenge.

JOHN BRENNAN (ABC NEWS): (Off-camera) How was it, do you think, this happens a story?

CHUCK SCARBOROUGH (BRATZ WNBC PERSONAL NATURE - GIRLS DIVERSION): I think a lot of people, like to talk about the yesterday and the leadership positions. I think at the end of the day it's really about making more out of something than there really is.

JOHN BRENNAN (ABC NEWS) (Voiceover): But last year, Barbie sight have started to show her age. Sales dropped 13%, just as Bratz were getting white hot.

JOHN BRENNAN (ABC NEWS) (Off-camera): Is Barbie in danger?

CHUCK SCARBOROUGH (BRATZ WNBC PERSONAL NATURE - GIRLS DIVERSION): Not in the least. Barbie has been reinvented a hit nine years, but Barbie is not impressed. He says he has the key to too. A multinational doll with you enjoy money attitude girls want these days.

© 2007 ...... Club to Bear others/Weeks

EXHIBIT 8 PAGE 171

EXHIBIT 21 PAGE 112

Page 4

IMAGE ABOMINATIONS (4th Page)

ISAAC LARIAN (CEO): The kids look at Bratz dolls and they think they are teenagers. And we ask them how old do you think Bratz dolls are? They say they are teenagers. And when they look at Barbie doll they think it's old too.

JOHN NGUYEN (DEC MEMO): (Off-camera) They think now when they look at Barbie doll?

CHUCK BURGESS (Barbie VICE PRESIDENT DESIGN - GROSS EXPOSURE): What I would suggest and say to that is, first of all if all inside, for some girls, Barbie's kids of their wishes, I would think of nothing better. The most important job a woman can have is many ways is being a mom.

JOHN NGUYEN (DEC MEMO): (Voiceover) There is no mistaking a Bratz doll for a mom.

JOHN NGUYEN (DEC MEMO): (Off-camera) I look at that Bratz doll. She's wearing, you know, the longest skirt top, she's got the regular, she's got the lashes, I mean, you know, people have compared them to street walkers. They look a little, you know, trashy.

ISAAC LARIAN (CEO): They don't look trashy to me. Not this is - I think trashy is in the eye of the beholder. When we show these to the little girls, and we have done that year and year, everybody said they're beautiful. They never say they look like a streetwalker.

JOHN NGUYEN (DEC MEMO): (Voiceover) Barbie is clearly going for a different image. What image, you ask?

CHUCK BURGESS (Barbie VICE PRESIDENT DESIGN - GROSS EXPOSURE): First and foremost, I would say the Barbie doll is truly based on some great values for little girls, the courage, imagination, imaginative play.

JOHN NGUYEN (DEC MEMO): (Voiceover) Whatever this means exactly, Barbie is famous for keeping between like Doctor Barbie and astronaut Barbie. The Bratz dolls? Well, they film...

CLOTHED WOMENICE (SINGER): Shopping.

JOHN NGUYEN (DEC MEMO): (Voiceover) This is their motto.

ISAAC LARIAN (CEO): The girls with the passion for fashion.

JOHN NGUYEN (DEC MEMO): (Off-camera) The girls with the passion for fashion.

ISAAC LARIAN (CEO): Right.

JOHN NGUYEN (DEC MEMO): (Off-camera) Bratz's clot about?

ISAAC LARIAN (CEO): They have good fashion. It's okay to look good. It's okay, who said that you have to, who said that girls don't have to look good?

# 5567 Timeout/test. No claim to delq. US Gov. Works.

EXHIBIT 8 PAGE 172

EXHIBIT 8 PAGE 119

JOHN BERMAN (ABC NEWS): (Off-camera) And Barbie doesn't look good? I could tell you, there are a lot of people who think Barbie looks good.

ISAAC LARIAN (CEO: I don't know. The consumers who are buying Bratz doll don't think Barbie is good.

JOHN BERMAN (ABC NEWS): (Voiceover) If all this is true why hasn't Bratz yet overtaken Barbie as number one? According to Larian...

ISAAC LARIAN (CEO: We would have beaten them up this year and year before if they had not engaged in, what I call, really unfair competition.

JOHN BERMAN (ABC NEWS): (Off-camera) Really unfair competition? Those are fighting words.

ISAAC LARIAN (CEO: They are fighting words.

JOHN BERMAN (ABC NEWS): (Voiceover) The Barbie-Bratz battle has moved beyond the Barbie dream house to the courthouse. Round one. Mattel filed a lawsuit alleging that the designer of the Bratz concept came up with the idea when he was working at Mattel. Round two, Isaac Larian sued back saying that Mattel tried to corner the market on doll hair, and more seriously that Mattel ripped off the Bratz concept for a new line of Barbie dolls. The MyScene dolls.

JOHN BERMAN (ABC NEWS): (Off-camera) This is, the MyScene Barbies are what has, to some extent, they're in the center of a little bit of a controversy now because Bratz says these look just like their dolls.

CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION): Okay.

JOHN BERMAN (ABC NEWS): (Off-camera) I mean, don't you see the resemblance between MyScene Barbie and the Bratz doll?

CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION): What we see is an evolution to the Barbie brand. And again, the Barbie brand is made up of dolls that target girls of every age because it's really an evolution of where the Barbie doll has been with a little bit more animated look, but not necessarily something that's been inspired by the competition at all.

JOHN BERMAN (ABC NEWS): (Voiceover) The cases are still pending, but both companies say they are confident they will win the legal battle, though they say it differently.

CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION): I'm not really gonna talk about the legal piece of this. I have all the confidence in the world that the justice system and that, that our attorneys can work through these issues.

ISAAC LARIAN (CEO: When we're done with Mattel, we will get them for billions of dollars, not only for this, but for defamation.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

0223/06 ABCNIGHTLINE (No Page)                                        Page 5

JOHN BERMAN (ABC NEWS): (Voiceover)  Who will prevail in this doll brawl?  It's one thing to be hot.  Brats are hot, but another to be iconic.

ISAAC LARIAN (CEO: We're gonna become number one.  I promise you that.

CHUCK SCOTTON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION): I can't speak to his guarantee.  What I can speak to is I believe that Barbie will continue to be the number fashion doll around the globe.

JOHN BERMAN (ABC NEWS): (Off-camera)  We're talking about dolls.  I mean, shouldn't everyone be able to play nice?

ISAAC LARIAN (CEO: They have gotten away too much with bullying everybody around.  And somebody has to stand up to them.  I will.

JOHN BERMAN (ABC NEWS): (Off-camera)  So you're gonna fight them on the schoolyard?

ISAAC LARIAN (CEO: I'm gonna fight, I'm gonna, not in the school schoolyard.  I'm gonna fight them in the courthouse.

JOHN BERMAN (ABC NEWS): (Off-camera)  And with this thing?

ISAAC LARIAN (CEO: With this thing and many other things.  But all 100% the old American fashion way.

JOHN BERMAN (ABC NEWS): (Voiceover)  Merry Christmas.  I'm John Berman for 'Nightline' in Los Angeles.

MARTIN BASHIR (ABC NEWS): (Off-camera)  The doll wars in a store near you.

GRAPHICS: ROAD TO BETHLEHEM

MARTIN BASHIR (ABC NEWS): (Voiceover)  And just ahead on 'Nightline,' retracing the journey that has inspired millions for centuries.  In the footsteps of Joseph and Mary.

GRAPHICS: STOCKING FELLAS

MARTIN BASHIR (ABC NEWS): (Voiceover)  And stocking fellas.  One store's solution to the challenge of buying lingerie.  It's a 'Sign of the times.'

ANNOUNCER: ABC News 'Nightline,' brought to you by...

COMMERCIAL BREAK

REPORTER: WILF DINNICK
REPORTER LOCATION: NAZARETH, ISRAEL

TOPIC:

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 21 PAGE 121                    EXHIBIT 8 PAGE 174

EXHIBIT 21 PAGE 122

EXHIBIT 8 PAGE 175

© 2007 Thomas/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 21 PAGE 123

EXHIBIT 8 PAGE 76

LYING/ABCDEFGHIJK (No Pug)

Pag 9

**KIRT MINNICK (ABC MUMS): (Voiceover)** But in our trip, we met at least one historian who believes Joseph and Mary's journey never happened. The gospel according to Luke says the couple made the trip to Bethlehem for a Roman census, but historians now know there was no census at the time.

**EDWARD OKOME BURNEY-O'Connor (MOVIE MINNICK):** I have no problem with the divinity of Christ. I have no problem with his birth in Bethlehem. It's just the subject little kits that bothers, storytellers, felt inclined to add. Those, we see legitimately question.

**KIRT MINNICK (ABC MUMS): (Voiceover)** He also believes, like many other historians, the couple already lived in Bethlehem and went to Nazareth later to look for work. She didn't fail time to enrage home. In the Church of the Nativity, in this small spot where it's believed Mary gave birth to Jesus. For him faithful, a miracle, after such a grueling journey.

**EDWARD OKOME BURNEY-O'Connor (MOVIE MINNICK):** It's an extremely good yarn, and that's why it has survived because people prefer good yarns to the truth.

**KIRT MINNICK (ABC MUMS): (Voiceover)** And it is a good story. And for us, as amazing journey, While Minnick for "nighttime" in Bethlehem.

**MARTIN BASHIR (ABC MUMS): (Off-camera)** The Christmas journey then and now. And then we come back. Santa's little helpers like you've never seen them before. It's a "sign of the times."

GRAPHICS: SIGN OF THE TIMES

COMMERCIAL BREAK

ANNOUNCER: "Nightline" continues from New York City with Martin Bashir.

REPORTING: ERIK BRY
REPORTING EDITOR/HERE: JASMIN, RICHARD

TOPIC:

CORRECT: EDWARDS, STOCKING STUFF, MESH AND RIBBON, KIDS

**MARTIN BASHIR (ABC MUMS): (Off-camera)** It seems like the perfect gift, the sexy little outfit for the one he love this Christmas. If only it were that simple. According to experts, men may simply be clueless at choosing lingerie. So now, a department store in Bethlehem is employing Santa's little helpers to guide men away from any lingerie land mines and, according to ABC's Nick Watt, it's a "sign of the times."

**NICK BERRY (REPORTER TEXAS): (Inaudible)** Nice, actually. You guys doing okay? Finding everything you need? Yeah?

CUSTOMER (MALE): Yeah, we're fine.

* 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 8   PAGE 177

EXHIBIT 21   PAGE 124

LIVING ARCHITECTURE (One Page)

Page 18

CUSTOMER (FEMALE): Fine, thank you.

CUSTOMER (MALE): thank you, sir.

MATT BARRY (STOCKING FEMALE): Give me a shout if you need any more help.

MATT BARRY (ABC MOMS): (Voiceover) Here at Bratz and Saturn they noticed a lot of lingerie returned by women after Christmas. The problem? Men were buying it.

MATT BARRY (STOCKING FEMALE): We were given all sorts of training about the styles of bra and what function it performs in terms pushing it together or lifting up, or squashing it down.

MATT BARRY (STOCKING FEMALE): there we are.

MATT BARRY (ABC MOMS): (Voiceover) Two hundred stocking fellas were sent out to help heaplace handbands.

MATT BARRY (STOCKING FEMALE): that's quite aport.

CUSTOMER (MALE): uh-hum.

MATT BARRY (STOCKING FEMALE): Okay?

CUSTOMER (MALE): No.

MATT BARRY (STOCKING FEMALE): You know, if the guys are wandering around not really know what they're doing, or kind of skirting around the outside too afraid to step in.

MATT BARRY (ABC MOMS): (Voiceover) No helps this enthusiastic.

MATT BARRY (ABC MOMS): (Off-camera) Do you always buy underwear for Christmas?

CUSTOMER (MALE): No.

MATT BARRY (ABC MOMS): (Off-camera) So why this year?

CUSTOMER (MALE): Because I've run out of ideas.

MATT BARRY (STOCKING FEMALE): Yeah.

MATT BARRY (ABC MOMS): (Voiceover) We helps the clueless.

MATT BARRY (STOCKING FEMALE): What color are you looking for?

CUSTOMER (MALE): Well...

* 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 8 PAGE 178

EXHIBIT 24 PAGE 125

LIZZIE ARCHITECTURE (No Tag)

RICK MATY (ONE SHOT): (Voiceover) We even helps them why think they have before.

RICK MATY (ONE SHOT): (Off-camera) Do you have the right size?

CUSTOMER (MALE): I have the right size, yeah.

RICK MATY (ONE SHOT): (Off-camera) Color?

CUSTOMER (MALE): Well, color is my -- my choice really, actually.

RICK MATY (BROCADE FIELD): Regularly, the presence of another man in the department will put them at ease.

RICK MATY (ONE SHOT): (Off-camera) Now, this is, like, an upscale bigbrand boutique where they have a very different philosophy. Here they only employ women.

TANIKA DEVINE (MANAGER): I would say 75% of my customers are men.

RICK MATY (ONE SHOT): (Off-camera) Are men?

TANIKA DEVINE (MANAGER): Are men. Male.

RICK MATY (ONE SHOT): (Voiceover) Meta, like somebody (um).

TANIKA DEVINE (MANAGER): Do you know what she likes? Do you know what color?

CUSTOMER (MALE): Color, yeah, yeah.

TANIKA DEVINE (MANAGER): Size?

CUSTOMER (MALE): Size, yeah. I think, it's a must if you - you have to know your about the size.

RICK MATY (ONE SHOT): (Voiceover) But even at Myla, some men aren't quite so sure.

TANIKA DEVINE (Speaker): Do they're like tidily, or, I mean; as a woman, you know, female working here, we have real time in and out, she-is your size, that size are you?

RICK MATY (Speaker): (Voiceover) No, there's one bunch of a female assistant but it's not hella tending.

RICK MATY (any name): (Off-camera) And how do you put them at ease?

TANIKA DEVINE (Manager, Smiling: "Hello, how are you today? Talk about the weather."

EXHIBIT 21 PAGE 1206

EXHIBIT 8 PAGE 179

EXHIBIT 2 PAGE 127

EXHIBIT 3 PAGE 182

12/23/06 ABCNIGHTLINE (No Page)                                    Page 13

----- INDEX REFERENCES -----

COMPANY: MATTEL INC; ABC NEWS; WXYZ F C; XEACH TRADE AND MONITORING; ABC

INDUSTRY: (TV (1TV15); Underwear (1UR06); Entertainment (1EN04); Gen Y Entertainment (1EN04); TV Programming (1TV25); Games & Toys (1EA05); Gen Y TV (1EA35); Apparel (1AX19); Consumer Products & Services (1CO62); Children's Apparel (1CH40); Apparel & Textiles (1AX30))

REGION: (Americas (1AM92); North America (1NO35); Mediterranean (1ME20); Middle East (1MI23); USA (1US73); Palestine (1PA37); New York (1NE72); Israel (1IS14); Arab States (1AR46))

Language: EN

OTHER INDEXING: (MARTIN BASHIR (ABC NEWS); MARTIN BASHIR (ABC NEWS); MARTIN BASHIR (ABC NEWS); MATT BASIR (STOCKING FELLA); ANNOUNCER; MARTIN BASHIR (ABC NEWS); JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC News); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC News); JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); JOHN BRYSON (ABC NEWS); CHRISON VOITHON (GROUP); JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; CHUCK SCOTHON (SENIOR VICE PRESIDENT MATTEL - GIRLS DIVISION); JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); ISAAC LARIAN (CEO; JOHN BRYSON (ABC NEWS); MARTIN BASHIR (ABC NEWS); MARTIN BASHIR (ABC NEWS); MARTIN BASHIR (ABC NEWS); ANNOUNCER; MARTIN BASHIR (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); STEPHEN EVANS (PRESIDENT); WILF DIMMICK (ABC NEWS); ISRAELI SECURITY PERSONNEL (MISC); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); WILF DIMMICK (ABC NEWS); STEPHEN JEROME MUNDY-O'CONNOR (ECILE RODANIEN); WILF DIMMICK (ABC NEWS); EDWARDED JEROME MUNDY-O'CONNOR (ECILE RODANIEN); WILF DIMMICK (ABC NEWS); MARTIN BASHIR (ABC NEWS); ANNOUNCER; MARTIN BASHIR (ABC NEWS); MATT BASIR (STOCKING FELLA); CUSTOMER (MALE); CUSTOMER (FEMALE); CUSTOMER (MALE); MATT BASIR (STOCKING FELLA); NICK MATT (ABC

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 21 PAGE 128

EXHIBIT 8 PAGE 181

NEWS); MATT NEELY (STOCKING FELLA); MATT NEELY (STOCKING FELLA); NICK WATT (ABC NEWS); MATT NEELY (STOCKING FELLA); CUSTOMER (MALE); MATT NEELY (STOCKING FELLA); CUSTOMER (MALE); MATT NEELY (STOCKING FELLA); NICK WATT (ABC NEWS); NICK WATT (ABC NEWS); CUSTOMER (MALE); NICK WATT (ABC NEWS); CUSTOMER (MALE); MATT NEELY (STOCKING FELLA); NICK WATT (ABC NEWS); MATT NEELY (STOCKING FELLA); CUSTOMER (MALE); NICK WATT (ABC NEWS); NICK WATT (ABC NEWS); CUSTOMER (MALE); NICK WATT (ABC NEWS); CUSTOMER (MALE); MATT NEELY (STOCKING FELLA); NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; CUSTOMER (MALE); TAMARA DAVIES (MANAGER; CUSTOMER (MALE); NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; NICK WATT (ABC NEWS); NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; NICK WATT (ABC NEWS); TAMARA DAVIES (MANAGER; NICK WATT (ABC NEWS); NICK WATT (ABC NEWS); [illegible] (ACTOR); TAMARA DAVIES (MANAGER; MATT NEELY (STOCKING FELLA); NICK WATT (ABC NEWS); MATT NEELY (STOCKING FELLA); NICK WATT (ABC NEWS); MARTIN BASHIR (ABC NEWS); MARTIN BASHIR (ABC NEWS)) (ABC; ABC NEWS; BASHIR; [illegible]; [illegible]; [illegible]; [illegible]; CHRISTMAS; CHRISTMAS JOURNEY; CHUCK; CONTENT; CONTENT: BARBIE; CONTENT: CHRISTMAS; CONTENT: [illegible]; CYNTHIA MCFADDEN TERRY MORAN; DISNEY; DIVISION; DOLLHOUSE; FANTASY; FELLAS; GRAPHICS; GRAPHICS: [illegible]; GRAPHICS: CHRISTMAS; GRAPHICS: FANTASY; GRAPHICS: [illegible]; [illegible]; ISAAC; [illegible]; [illegible]; JOURNEY; [illegible]; [illegible]; MARTIN BASHIR; [illegible] GRAPHICS: STOCKING; MATT; MATTEL; NICK; NIGHTLINE; NIGHTLINE: [illegible]; [illegible]; [illegible]; STOCKING; TAMARA; TERRY MORAN; TOPIC; USA) (Astronaut Barbie; Barbie; Barbies; BRATZ; BRATZ DOLL WARS; Cynthia McFadden; Doctor Barbie; Finding; Hey; [illegible]; Isaac Larian; JOHN [illegible]; [illegible]; Largely; Larian; Mary; Matt Neely; MyScene Barbie; [illegible]; [illegible]; Steve [illegible])

Word Count: 5025
12/23/06 ARCNIGHTLINE (No Page)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 21 PAGE 129

EXHIBIT 8 PAGE 182

8/6/07 Trib. Nwr. (Unspecified Pa.) (Pg. Unavail. Online)
2007 WLNR 15082391

Chicago Tribune Review
Copyright 2007 Tribune-Review Publishing Co.

August 6, 2007

'Bratz' movie creates doll debate

The Associated Press

NEW YORK -- The Bratz universe was becoming atony as usual last week at the Toys
"R" Us flagship store in Manhattan, kids busy to decay, little girls bussed about
shelves lined with the Bratz posey dolls with huge heads, pinch lips to put
together in dmess, and bared, toned undersides.

There are sure to choose from Sasha Baby, Bratz Kidz Yasmin sister, Sanha
Kidz Bratz Spokesman 3, Bratz Sharb, the bonus or curise, plane clothe, the
video game. "I love it!" one girl cried, actually fawning for joy, "Look at all
the makeup!"

While for the Bratz lovers -- young girls who mesmerize reviews made, are the
huge audience for the new 'Bratz' movie. They simply can do a more wholesome
look to Yasmin, Jade, Sasha and Cloe, the main characters behind the jillion-dollar
global franchise.

Then there are the movie haters (but not all) parents, who may
that film or not film, the Bratz doll makeup is troubling; friendship may not look
hot what's really important is to be chic and, above all, sexy.

Two dolls seem to inspire as much opinion as the Bratz, created in 2001 by Isaac
Larian of MGA Entertainment Inc. The biography is littered with references to the
dolls as kurts or products. The American Psychological Association put issue the
not earlier this year, pointing out Bratz in a harsher report on the commodification of
girls. It's no wonder, when dolls designed specifically for 4- to 8-year-olds are
associated with an objectified adult sexuality.

Some parents, alarmed by the sexy clothing and geeky looks, simply ban the dolls.
"We don't allow them in the house," says Helen Lynde, of Manhattan, N.J. Yet it's
the makeup, the look, the whole feeling about them. There are already though regulars.

• 2007 Thomson/West. No claim to Orig. US Govt. Works.

EXHIBIT ____ PAGE 120

EXHIBIT ___ 8 __ PAGE 189

EXHIBIT 2&

PAGE 131

EXHIBIT 8   PAGE 184

EXHIBIT 8 PAGE 185

EXHIBIT PAGE 122

8/6/07 BMX-THOMREV (No Page)                                   Page 4


Bratz Kidz; Bratz Shrek; Bratz Spiderman; CDs; Cloe; DVDs; Hannah Sixten; Halena Leeds; Kylan; Lamb; Lauren Dominic; Sands; Magic Hair; Mary Ann Savage; Nonethelows; Sharon Lamb; Vera Dias;

Word Count: 1121
8/6/07 BMX-THOMREV (No Page)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT ___8___ PAGE _180_

EXHIBIT _24_ PAGE _133_

* 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 21   PAGE 134

EXHIBIT 8   PAGE 187

RGW/NWDAY196

Page 2

with an objectified adult sexuality.

These young doll owners may not recognize their beloved Yasmin, Cloe, Sasha and Jade when they sit down in the theater. The film gives the Bratz a complete makeover that takes them from nightclub vampire to flirty schoolgirls.

Like the dolls, the film characters are four BFFs (that's "best friends forever," but you hear them) who are ethnically diverse but share a passion for fashion. Basically, "explained" out oddly, the subversive "bad-ness" then it done to dip seemingly prime upon the Bratz first comic: the imagination of young girls in late 2001, and by the end of 2005, Bratz products had topped $2 billion in global sales. They are especially popular in England and Australia.

In elementary schools you see either a Bratz girl or a Barbie girl. You'll find even girls who own nothing, of course, but very few who claim allegiance to both camps. They are just too different, and, besides, their movements aren't interchangeable.

There's plenty of bad blood between Mattel Inc., the maker of the venerable Barbie collection, and MGA Entertainment Inc., too, which makes the Bratz. There have been lawsuits and a suit; and as you have cut into Barbie's pigeonholed legendary, and the rivalry vis for the hearts of girls with insatiable social wise, fashion accessories, video games, hip gear, cartoons on TWO, playhouse and CD players.

Barbie is country-club white (although she has plenty of diverse Barbie pals), while the Bratz are in the urban girl-hood of a neighborhood, this makes it easy to accept that consumers are divided along race lines, and, although that certainly is part of it, the assumption doesn't hold up all that well. There are far too many the parents or elders who are secretly buying the toys, if they were born in the hip-hop era, they are likely to consider the boys to be sure versions of the MTV images of blacks, Latinos or Purple, would artists they play in their own on the way to work. Barbie, meanwhile, is so not hip-hop.

Racing street cred

The problem presented by Bratz: The Bratz in that even legalists may wonder if their sassy and urban issues are ridding a bit toward the White, suburban Barbie ethos.

To keep the separation firm clear, the filmmakers decided early on that a mastermind character gutsy and had to be the villain in the world. The honey in the film is a student-body president immaculate, who is glamorous blond, affluent, haughty and in possession of both malicious plans, to take the school and a perceived popularity model (show) Bratz.

And: Bad has a unique point of view on this contemporary valley of the teddie. He hid minus in a toy designer and executive of toys in the items and 1900s, and he worked on the Barbie line for a time, by the end of that decade, by was heading

* 2007 Newsday/Wash. My claim to Cnly. US Now. Works.

EXHIBIT 21 PAGE 185

EXHIBIT 8   PAGE 186

Page 3

Marvel Enterprises, New Arts) has his own production company, and he has been the driving force behind 'Bratz: The Movie.'

"The question in movies is that they make fun belong to me now," Reed said, "and who had six years of performing about her. But then, the world changed. Participation is democratized, not everyone is going to look like the cover of the fashion magazine."

Reed said that "the Bratz are the K-Pop for girls, an attitude to the struggle together the establishment and the outsiders' tension that are key in the story of the teenage experience.

"The first thing I see is them was diversity," Reed said, "I really liked the idea that they had a Latino girl, an Asian girl, an African-American girl and a lily-white kid. They show that your color is not going to set up your path in life. And I think that works because, seeing kids, it's knowing love and more of 'em would for a change.'"

The screenplay is already being written for a sequel to movie; the Movie," and he is picking up a venture that would adapt the property for a Broadway musical. Reed also said a line of Bratz dolls will kick-in products would be launched based on the film's imagery, story and love-story characters.

"I wanted a movie with the kind of kids it would want my daughter's friends to be like," Reed said, "they ended up being the kind of people I would want as my daughter."

----- INDEX REFERENCES -----

COMPANY: MATTEL INC; (MAT); MATTEL WORLDWIDE; EL WRETCHED; TOYS R US INC; (TOYS R US; Z AND R HOLDING; INC; MGA ENTERTAINMENT INC; REDACTED

PRODUCT: (Entertainment (IMDB)); Consumer Products & Services (IENSO)); Games &
Toys (ARREX))

Language: EN

OTHER INDEXING: (AMERICAN INTERNATIONAL ASSOCIATION); REDACTED; BRATZ; CBS DVD;
DIGI; MARVEL INC; MGA; MGA ENTERTAINMENT INC; MTV; Simply Three MESH; TOYS R;
VARIOUS) (Brad; Avi Reed; Reddie; Clint; Redacted; Hillary Duff; Quentin Allum;
McDonald; Meredith; Melanie Tiger Best; Fran Mamacean; Skin LaBeoun)
(REDACTED)

KEYWORD; COVER-MOVIE

EDITION; ALL morning

Word Count; 1235
8/5/07 INDUST BMA
END OF DOCUMENT

* 2007 Thomson/West. No Claim to Orig. US Gov. Works.

EXHIBIT 21 PAGE 134

EXHIBIT 8 PAGE 189

# EXHIBIT 22

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | NOTICE OF MOTION AND MOTION OF PLAINTIFF MATTEL, INC. TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING THE DEPOSITION OF CARTER BRYANT, TO COMPEL BRYANT TO ANSWER THOSE QUESTIONS, AND FOR SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | Date:    TBA<br>Time:    TBA<br>Place:   TBA |
| | Discovery Cut-Off: None Set<br>Pre-Trial Conference: None Set<br>Trial Date:   None Set |

EXHIBIT 22 PAGE 137

2·1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that, at a telephonic conference before

3    Discovery Master Hon. Edward Infante (Ret.), that will occur on a date and at a time

4    to be set by Judge Infante, Mattel, Inc. will, and hereby does, move the Court,

5    pursuant to Federal Rules of Civil Procedure 30(d)(3) and 37, for an order

6    overruling Carter Bryant's counsel's improper instructions not to answer during

7    Bryant's deposition, to compel Bryant to answer those questions, and for sanctions

8    against Bryant and MGA. This Motion is made on the grounds that Bryant's counsel

9    did not have a proper basis for his instructions not to answer; and, together with

10   Bryant's counsel's lengthy speaking objections, interruptions of Bryant in the middle

11   of his answers, taking Bryant out of the room in the middle of deposition, and

12   unilaterally terminating the deposition, Bryant's counsel prevented a fair

13   examination and unreasonably delayed the deposition. MGA's counsel engaged in

14   similar, improper conduct.

15          This motion shall be heard by the Honorable Edward Infante,

16   Discovery Master. The parties met and conferred on February 18, 2005, and times

17   thereafter regarding the issues set forth in this motion.

18          This Motion is based on this Notice of Motion and Motion, the

19   accompanying Memorandum of Points and Authorities, the Declaration of Michael

20   T. Zeller filed concurrently herewith, the Separate Statement filed concurrently

21   herewith, the [Proposed] Order filed concurrently herewith, the records and files of

22   this Court, and all other matters of which the Court may take judicial notice.

23

24   DATED: February 1, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
25

26
                                    By
27                                     Michael T. Zeller
                                       Attorneys for Plaintiff and Cross-Defendant
28                                     Mattel, Inc.

EXHIBIT 22 PAGE 138

209/2045960.5

1    Bryant to answer questions about his review of his agreements with Mattel.  See
2    Baxter Travenol Labs., Inc. v. Abbott Labs, 117 F.R.D. 119 (N.D. Ill. 1987) (failure
3    to make a timely and specific objection waives any objection based on privilege);
4    Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-11 (1st Cir. 1991).

5              **4.    Whether Bryant Spoke To Counsel During Recesses.**

6              Simple "yes" or "no" question about whether Bryant spoke to anyone,
7    and to whom, during a recess, do not ask for the substance of any attorney-client
8    communication.  Nevertheless, Bryant's counsel instructed him not to answer these
9    questions, including in contexts where Bryant's counsel had interrupted the
10   deposition to take Bryant out of the room with a question pending.[53]

11     **B.    Bryant's Counsel Asserted A Joint Defense Privilege Where None**
12           **Exists.**

13             The "joint defense privilege" requires that (1) communications were
14   made in the course of a joint defense effort; (2) the statements were designed to
15   further the joint defense effort; and (3) the privilege has not been waived.  Durkin v.
16   Shields (In Re Imperial Corp. of Am.), 167 F.R.D. 447, 455 (S.D. Cal.1995);
17   Matter of Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 126
18   (3d Cir. 1986).  The burden rests with Bryant to establish a joint defense privilege.
19   Munoz, 233 F.3d  at 1128.

20             Despite this burden, Bryant's counsel instructed Bryant not to answer
21   even simple, non-privileged questions of whether or not he had ever entered into or
22   seen a joint defense agreement between him and MGA.[54]  Further, as with Bryant's
23   counsel's abuse of the attorney-client privilege, most joint defense assertions came
24   after questions that did not ask to reveal the substance of attorney-client
25
26
27   [53]  See supra note 12 and accompanying text.
     [54]  See supra notes 13, 14 and accompanying text.
28
     **EXHIBIT  22  PAGE 139**

209/2045960.5

1 | communications, such as whether MGA is paying for Bryant's litigation costs.[55]  See
2 | United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a general rule,
3 | client identity and the nature of the fee arrangement between attorney and client are
4 | not protected from disclosure by the attorney-client privilege"); Clarke v. American
5 | Commerce Natl. Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have
6 | recognized that the identity of the client, the amount of the fee, the identification of
7 | payment by case file name, and the general purpose of the work performed are
8 | usually not protected from disclosure by the attorney-client privilege."); In re Grand
9 | Jury Subpoenas, 803 F.2d 493, 499 (9th Cir. 1986) (reversing order quashing a
10 | subpoena and requiring attorneys to identify third parties paying their fees).  Only
11 | where disclosure of client identity "would convey information tantamount to a
12 | confidential communication" is such information even arguably privileged
13 | (Blackman, 72 F.3d at 1425), and that is obviously not the case here.
14 |        If no basis for an attorney-client privilege exists in the first place, then
15 | the joint defense privilege is inapplicable.  Waller v. Fin. Corp., 828 F.2d 579, 583
16 | n.7 (9th Cir. 1987).  Even if Mr. Bryant's instructions had a basis for an attorney-
17 | client privilege, however, there is no evidence of a joint defense relationship
18 | between Bryant and MGA in the record.  To the contrary, Bryant testified that he
19 | understood that MGA's counsel does not represent his interests.[56]  He also
20 | understood that he promised MGA that he owned the rights to "Bratz,"[57] which
21 | creates a conflict between MGA and Bryant on a critical issue in this litigation.
22 | Bryant could not therefore withhold information shared between him and MGA's
23 | counsel.[58]
24 |
25 | [55] Id.
26 | [56] Zeller Decl., Ex. 12 (Bryant Depo.) at 18:20 - 19:21.
27 | [57] Id. at 22:6-18.
28 | [58] Id. at 269:14-270:1

EXHIBIT 22 PAGE 140

-22-

1  deposition. This behavior justifies sanctions under <u>Rule</u> 30(d)(3), including costs

2  incurred necessary to obtain this Order. <u>Id.; see also</u> <u>Nacional De Credito v. Bank</u>

3  <u>of America N.T. & S.A.</u>, 11 F.R.D. 497, 499 (N.D. Cal. 1951) (reasonable expenses

4  to obtain order awarded after improper refusals to answer questions at deposition);

5  <u>Nutmeg Ins. Co. v. Atwell, Vogel & Sterling</u>, 120 F.R.D. 504 (W.D. La. 1988)

6  (same where counsel improperly and unilaterally directed party's employee not to

7  answer questions on privilege grounds).

8                                   <u>Conclusion</u>

9          For the foregoing reasons, Mattel respectfully requests the Court to

10  (1) overrule each of the instructions set forth in table format in the Proposed Order

11  filed concurrently herewith, and (2) award Mattel sanctions in the amount of $5,500

12  to recover reasonable expenses to first compel Bryant's deposition and then obtain

13  the relief sought herein.[71]

14

15  DATED:  February 1, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
16

17                                 By _____
18                                     Michael T. Zeller
                                       Attorneys for Plaintiff and Cross-Defendant
19                                     Mattel, Inc.

20

21

22

23

24

25

26

27    [71]  <u>Id.</u>, ¶ 18.

28    EXHIBIT 22  PAGE 141

MATTEL'S MOTION TO COMPEL RE BRYANT DEPOSITION

# EXHIBIT 23

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 24

COPY

FILED

2007 MAR -7  PM 3:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:     (415) 774-2611
4   Facsimile:      (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                            EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12            Plaintiff,

13       v.                                 Consolidated with
                                            Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15            Defendant.                    ORDER GRANTING IN PART AND
                                            DENYING IN PART MATTEL'S
16                                          MOTION TO OVERRULE
                                            INSTRUCTIONS NOT TO ANSWER
17                                          DURING THE DEPOSITION OF
                                            CARTER BRYANT
18

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23

24        Having considered Mattel, Inc.'s Motion To Overrule Instructions Not To Answer During

25  the Deposition of Carter Bryant, to Compel Bryant To Answer Those Questions, and for

26  Sanctions, and all other papers filed in opposition to or in connection therewith, and finding good

27  cause therefore,

28

    Bryant v. Mattel, Inc.,                                                         1
    CV-04-09049 SGL (RNBx)

EXHIBIT 24  PAGE 146

3-7

1        IT IS HEREBY ORDERED that

2        1.      Each of the instructions not to answer a deposition question marked as

3   "Overruled" in Attachment "A" hereto is hereby overruled and Carter Bryant is ordered to answer

4   those questions and reasonable follow up questions at further deposition;

5        2.      The deposition to answer said questions is limited to two hours;

6        3.      Carter Bryant and counsel shall comply fully with Rule 30 of the Federal Rules of

7   Civil Procedure;

8        4.      Counsel's instructions not to answer questions were, to a large extent, without

9   substantial justification.  However, in lieu of monetary sanctions, Carter Bryant shall appear in

10  Los Angeles for the resumption of his deposition;

11       5.      The parties shall meet and confer to determine the scheduling of Carter Bryant's

12  deposition; and

13       6.      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

14  Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

15

16  Dated: March 7, 2007

17                                          HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 24 PAGE 147

2

**Exhibit A**

EXHIBIT 24 PAGE 148

## ATTACHMENT "A"

## INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE BRYANT DEPOSITION

## I. INSTRUCTIONS BASED ON THE ATTORNEY-CLIENT PRIVILEGE

|      | PAGE/LINE    | ALLEGED BASES FOR INSTRUCTION | RULING |
|------|--------------|-------------------------------|--------|
| 1.   | 17:21-18:8   | Attorney/client privilege     | Overruled |
| 2.   | 22:6-22:18   | Attorney/client privilege     | Overruled |
| 3.   | 36:25-37:22  | Attorney/client privilege Lacks foundation Calls for speculation | Overruled |
| 4.   | 37:23-38:1   | Attorney/client privilege     | Overruled |
| 5.   | 38:2-38:9    | Attorney/client privilege     | Overruled |
| 6.   | 38:10-38:14  | Attorney/client privilege     | Overruled |
| 7.   | 41:2-42:18   | Attorney/client privilege     | Overruled |
| 8.   | 63:21-64:11  | Attorney/client privilege     | Overruled |
| 9.   | 64:12-64:16  | Attorney/client privilege Joint Defense Privilege Harassing | Overruled |
| 10.  | 100:16-101:18| Attorney/client privilege     | Sustained because Bryant gave a complete response later. |
| 11.  | 124:4-124:24 | Attorney/client privilege     | Overruled |
| 12.  | 125:7-125:11 | Attorney/client privilege     | Overruled |
| 13.  | 125:12-126:9 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 14.  | 126:10-126:19| Attorney/client privilege Attorney work product doctrine | Overruled |
| 15.  | 126:20-127:1 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 16.  | 127:2-127:5  | Attorney/client privilege Attorney work product doctrine | Overruled |
| 17.  | 127:6-130:2  | Attorney/client privilege Attorney work product doctrine | Overruled |
| 18.  | 138:24-139:11| Attorney/client privilege Harassing Burdensome | Sustained because Bryant gave a complete response later. |
| 19.  | 184:17-190:1 | Attorney/client privilege     | Overruled |
| 20.  | 186:3-187:10 | Attorney/client privilege     | Withdrawn from Mattel's motion. |
| 21.  | 204:16-205:15| Attorney/client privilege     | Overruled |
| 22.  | 215:13-216:8 | Attorney/client privilege     | Overruled |
| 23.  | 250:22-252:3 | Attorney/client privilege     | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)


EXHIBIT 24 PAGE 149

3

| 24. | 450:11-451:19 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 25. | 471:2-473:7 | Attorney/client privilege | Overruled |
| 26. | 476:9-476:24 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 27. | 478:1-478:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 28. | 478:22-480:7 | Potential Attorney/client privilege | Overruled |
| 29. | 481:14-482:1 | Attorney/client privilege Joint defense privilege | Sustained because Bryant gave an adequate response. |
| 30. | 622:10-622:23 | Attorney/client privilege | Overruled |
| 31. | 623:14-624:6 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 32. | 624:7-624:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 33. | 640:15-641:6 | Attorney/client privilege | Overruled |
| 34. | 641:20-642:5 | Attorney/client privilege | Overruled |
| 35. | 642:22-643:5 | Attorney/client privilege | Overruled |
| 36. | 650:2-654:13 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 37. | 654:14-654:25 | Attorney/client privilege Asked and Answered Badgering | Overruled |

## II. INSTRUCTIONS BASED ON THE JOINT DEFENSE PRIVILEGE

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 38. | 18:15-18:19 | Attorney/client privilege Joint defense privilege | Overruled |
| 39. | 18:20-19:21 | Attorney/client privilege Joint defense privilege | Overruled |
| 40. | 19:22-20:1 | Attorney/client privilege Joint defense privilege | Overruled |
| 41. | 20:2-20:21 | Attorney/client privilege Joint defense privilege | Overruled |
| 42. | 20:22-21:2 | Attorney/client privilege Joint defense privilege | Overruled |
| 43. | 21:8-21:12 | Attorney/client privilege Joint defense privilege | Overruled |
| 44. | 53:9-53:13 | Attorney/client privilege Joint defense privilege | Overruled |

| 45. | 59:2-59:9 | Attorney/client privilege Attorney work product doctrine re Any communication with MGA General Counsel or people in the General Counsel's office | Overruled |
|-----|-----------|---|---|
| 46. | 59:10-59:17 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 47. | 60:1-60:13 | Attorney/client privilege Joint defense privilege | Overruled |
| 48. | 60:14-61:1 | Attorney/client privilege Joint defense privilege | Overruled |
| 49. | 99:12-99:22 | Attorney/client privilege Joint defense privilege | Overruled |
| 50. | 269:14-270:1 | Attorney/client privilege Joint defense privilege | Overruled |

## III. INSTRUCTIONS BASED ON NON-PRIVILEGE OBJECTIONS

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|-----|-----------|---|---|
| 51. | 24:13-24:19 | Asked and answered Harassing Burdensome | Sustained because Bryant gave an adequate response earlier. |
| 52. | 45:25-46:9 | Privacy | Overruled |
| 53. | 111:21-113:12 | Witness' response on the record would be a guess | Sustained |
| 54. | 130:3-130:9 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 55. | 130:10-130:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 56. | 205:16-205:21 | Asked and answered Burdensome Harassing | Overruled |
| 57. | 249:7-249:13 | Confidentiality | Overruled |
| 58. | 249:14-249:19 | Confidentiality | Overruled |
| 59. | 253:9-253:17 | Asked and answered Harassing | Overruled |
| 60. | 445:17-447:22 | Mischaracterization of witness' testimony Asked and answered | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 24 PAGE 151

| 61. | 447:23-450:10 | Lacks foundation Speculative Asked and answered | Sustained because Bryant gave an adequate response earlier. |
|---|---|---|---|
| 62. | 565:18-566:3 | Calls for a legal conclusion Lack of foundation Speculative Ambiguous | Overruled |
| 63. | 566:12-566:25 | Lacks foundation Calls for a legal conclusion | Overruled |
| 64. | 598:7-599:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 65. | 599:14-600:7 | Asked and answered Badgering the Witness Harassing | Sustained because Bryant gave an adequate response earlier. |
| 66. | 641:7-641:18 | Asked and answered Badgering the witness Harassing | Sustained because Bryant gave an adequate response earlier. |
| 67. | 05:21-706:10 | Proper subject of expert testimony Foundation Not having done any accounting | Overruled |

IT IS SO ORDERED.

Dated: March 7, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 24 PAGE 152

6

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 7, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING THE DEPOSITION OF CARTER BRYANT in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloafban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 7, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT 24 PAGE 153