Larry McFarland (Bar No. 129668)
Christian Dowell (Bar No. 241973)
KEATS, McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
Telephone:  (310) 248-3830
Facsimile:   (310) 860-0363
Email:   lmcfarland@kmwlaw.com
         cdowell@kmwlaw.com

Attorneys for AnaElise Cloonan,
Margaret Hatch-Leahy, Veronica Marlow,
and Sarah Halpern

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation;<br><br>Defendant.<br><br>AND RELATED ACTIONS. | Case No.: CV 04 – 09049 SGL (RNBx)<br>Consolidated with Case Nos.<br>CV 04-9059 and CV 05-2727<br><br>Hon. Edward Infante<br><br>OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF FEE AGREEMENTS AND PRIVILEGE LOGS FROM LEAHY, CLOONAN, HALPERN, AND MARLOW, AND FOR SANCTIONS<br><br>Hearing Date:   N/A<br>Time:           N/A<br>Place:          N/A |

Non-parties AnaElise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, and Sarah Halpern hereby respectfully submit this Opposition ("Opposition") to Mattel's Motion to Compel Production of Fee Agreements and Privilege Logs from Leahy, Cloonan, Halpern, and Marlow and for Sanctions ("Motion to Compel").

## I. INTRODUCTION

Mattel's Motion to Compel is based upon a previous holding by this Court with respect to the production of fee agreements between counsel and <u>parties to the case</u>, not non-parties. Counsel for non-parties Ms. Leahy, Ms. Cloonan, Ms. Marlow, and Ms. Halpern requested that Mattel confirm whether or not Mattel was taking the position that your Honor's order as to parties also applied to the non-party witnesses that Mattel was defending. Mattel has consistently refused to provide counsel with such confirmation. Therefore, Mattel cannot now equitably claim that the non-party witnesses, Leahy, Cloonan, Halpern, and Marlow, should be ordered to turn over their fee agreements. Most importantly though, the fee agreements are being requested in order to show bias on the part of the non-party witnesses, but this need has already been met. Mattel has asked the question directly to Ms. Marlow, Ms. Cloonan, and Ms. Leahy, who is paying their attorneys' fees and they have all stated they do not know.[1] And with regard to Ms. Halpern, Mattel is already aware of payments made by MGA for her representation in this case based on Ms. Tonnu's testimony.[2] If the purpose of obtaining the fee agreements is to show bias, then has this purpose not already been met through direct questioning of the witnesses? It has, and the request for the fee agreements is moot. As far as Mattel's request that privilege logs be produced, the purpose of producing a privilege log has also been met because Mattel is aware of the fee agreements and the reasons they are being withheld, thereby satisfying the requirements of Rule 26. These are the only privileged documents being withheld

---

[1] Declaration of Christian Dowell ("Dowell Decl."), Exhibit ("Exh.") 1.
[2] Dowell Decl., Exh. 2.

other than correspondence between counsel's clients and their attorneys. The production of a privilege log that would only identify the fee agreements and correspondence between the non-party witnesses and their attorneys is therefore unnecessary and unduly burdensome on these non-party witnesses. This is particularly true when these non-party witnesses have been burdened by the following motions in addition to this Motion to Compel: (1) Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents By Veronica Marlow, dated January 28, 2008; (2) Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents Margaret Hatch-Leahy And To Overrule Instructions Not To Answer; And For Sanctions, dated January 28, 2008; (3) Mattel's <u>Ex Parte</u> Application To (i) Compel Production of Electronic Media From Third-Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow Or (ii) In the Alternative, Modify The Scheduling Order, filed January 23, 2008; (4) Mattel's Motion for Leave to Obtain Discovery after the Discovery Cut-Off in Response to Subpoenas Served on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techo-Logic, Inc., People's Bank of the Ozarks and Washington Mutual Bank, dated January 28, 2008.

## II.   ARGUMENT

### A.   There are no Grounds to Compel the Production of Fee Agreements by the Non-Party Witnesses.

Mattel by this motion seeks to compel production of fee agreements between non-parties and their attorneys. While Mattel's position might have superficial appeal in that this Court has previously ruled that fee agreements between counsel and <u>parties to the case</u> must be produced, this principle should not apply to third parties, whose agreements should be protected from discovery by California law. Even under federal law, third party fee agreements should be protected from discovery due to the undue burden of the intrusion into the third parties' attorney-client privilege, particularly where, as here, the information sought has already been provided elsewhere, and

Mattel refuses to acknowledge or represent that it has or will make available similar information of its own.

In letters to counsel requesting the production of fee agreements, Mattel's counsel repeatedly stated that such fee agreements have already been found to be relevant to bias and credibility and non-privileged.[3] The orders cited by Mattel, however, do not involve any third parties. See Order Granting Mattel's Motion to Compel Production of Documents, Jan. 25, 2007 at 12 (addressing fee and indemnity agreements between MGA and Bryant); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, May 15, 2007, at 10 (addressing MGA's agreements with Bryant).[4]

Indeed, it is far from clear that fee agreements between counsel and witnesses who are not parties to the case are discoverable. California law unequivocally protects fee agreements as confidential communications subject to the attorney-client privilege. See Cal. Bus. & Prof. Code § 6149 ("A written fee contract shall be deemed to be a confidential communication within the meaning of [Cal. Bus. & Prof. Code § 6068(e)] and of [Cal. Evid. Code § 952]."). Unlike the parties to the case, the third party witnesses at issue here are only under the federal court's jurisdiction pursuant to its subpoena power. Those third parties' agreements with their counsel should therefore be governed by California law, and should therefore be privileged.

Even if the Court were to determine that federal law governs third parties' agreements with counsel, those agreements are not necessarily discoverable under the Federal Rules. As your honor has recognized, the restrictions on discovery are particularly important with respect to non-parties:

> Rather, Rule 26(b)(2), Fed.R.Civ.P., requires the court to restrict or prevent discovery if (i) the discovery is unreasonably cumulative or

---

[3] Dowell Decl., Ex. 3.
[4] Dowell Decl., Ex. 4.

- 3 -  OPPOSITION TO MOTION TO COMPEL

duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  These restrictions are particularly important to consider where the discovery requests are directed at a non-party.  See Moon v. SCP Pool Corp., 232 F.R.D. 633, 638 (C.D. Cal. 2005) (citing Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 649 (9th Cir. 1980) (discovery should be "more limited to protect third parties from harassment, inconvenience, or disclosure of confidential information.").[5]

In addition, Federal Rule of Civil Procedure 45(c)(1) provides that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  The Rule 45 "undue burden" standard requires district courts supervising discovery to be sensitive to the burden imposed on third parties.  See Watts v. Securities and Exchange Comm'n, 482 F.3d 501, 509 (D.C. Cir. 2007); Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in Rule 45 inquiry); Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999); Dow Chem. Co. v. Allen, 672 F.2d 1262, 1277 (7th Cir. 1982) ("[A] a court may properly give account to the third-party status of those from whom

---

[5] Dowell Decl., Exh. 5. [Order Re Mattel's Motions to Compel Farhad Larian, Kaye Scholer and Stern & Goldbert to Produce Documents ("January 25 Order") at 11.].

production is sought in determining whether compliance would constitute an undue burden."); S.E.C. v. Seahawk Deep Ocean Tech., Inc., 166 F.R.D. 268, 269 (D. Conn. 1996) ("The court may consider a movant's status when weighing the burdens imposed…."); Solarex Corp. v. Arco Solar, Inc., 121 F.R.D. 163, 179 (E.D.N.Y. 1988) ("Of significance … in balancing the competing hardships, is the Society's status as a nonparty to this litigation.  Under the authorities, this factor is significant in determining whether compliance with a discovery demand would constitute an undue burden.").  Given that production of the fee agreements here would amount to an invasion of what is ordinarily considered a privileged communication, see Cal. Bus. & Prof. Code § 6149, compelling production of the agreements would certainly constitute an "unwanted burden thrust upon non-parties," concern over which is entitled to special weight under both Rule 26 and Rule 45.

Despite the legal ground for withholding these privileged agreements, counsel for the third parties offered to produce them if Mattel would represent that its third party agreements are similarly discoverable and if Mattel would acknowledge that it has produced all such fee agreements.  Mattel refuses to do so.  See McFarland Letter, Dec. 18, 2007 (questioning Mattel's refusal to produce third party fee agreements); Proctor Letter, January 11, 2008 (acknowledging McFarland's offer to make third party fee agreements available if Mattel agrees to also make its agreements with third parties available, and reiterating that "Mattel is discussing this matter with MGA's counsel concurrently."); McFarland Letter, Jan. 27, 2008 (reiterating McFarland's proposal and that Mattel has yet to make clear its interpretation of Judge Infante's orders with respect to retainer letters for non-parties).[6]  That Mattel refuses to make such simple and straightforward acknowledgements at this late stage of discovery constitutes sufficient grounds to deny the Motion.

---

[6] Dowell Decl., Exh. 6.

- 5 - OPPOSITION TO MOTION TO COMPEL

Not only is Mattel's attempt to compel production of third party privileged documents unfounded, it is also redundant, because counsel for these third parties has already allowed Ms. Leahy, Ms. Cloonan, and Ms. Marlow to testify about fee arrangements during their depositions.[7] And with regard to Ms. Halpern, Mattel has received testimony from another source, Ms. Tonnu, to the fact that MGA has paid legal fees for Ms. Halpern.[8] See Federal Rule of Civil Procedure 26(b)(2)(c) (requiring courts to consider, in relation to the question of undue burden, whether the discovery is unreasonably cumulative or duplicative). Given that Ms. Leahy, Ms. Cloonan, and Ms. Marlow have all testified with respect to who is paying for their legal fees, and Ms. Tonnu has testified regarding Ms. Halpern's legal fees, this request is cumulative and duplicative.

### B. Mattel's Request that the Non-Party Witnesses Produce Privilege Logs is Moot.

With respect to Mattel's claim that Ms. Leahy, Ms. Cloonan, Ms. Marlow, and Ms. Halpern should be compelled to produce privilege logs, the purpose of a privilege log has been completely fulfilled, which is to make Mattel aware of any documents that Ms. Leahy, Ms. Cloonan, Ms. Marlow, and Ms. Halpern are withholding based upon privilege. Rule 26 states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must … (i) expressly make the claim … and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed" that "will enable other parties to assess the claim." Fed. R. Civ. Proc. 26 (b)(5)(A). Counsel for Ms. Leahy, Ms. Cloonan, Ms. Marlow, and Ms. Halpern has explained in multiple letters that the retainer agreements between their clients and their attorneys, as well as all correspondence between their clients and their attorneys, are

---

[7] Dowell Decl., Exh. 1.
[8] Dowell Decl., Exh. 2.

privileged and are being withheld, as well as the basis for the privilege.[9]  Therefore, pursuant to Rule 26, the purpose of any privilege log has already been met.  At this point, it would be unduly burdensome and completely unnecessary to require that Ms. Leahy, Ms. Cloonan, Ms. Marlow, and Ms. Halpern produce privilege logs because they would only identify the retainer agreements and correspondence between the non-party witnesses and their attorneys.

## IV. CONCLUSION

For the foregoing reasons, Non-parties AnaElise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, and Sarah Halpern respectfully request that the Court deny Mattel's Motion to Compel, including Mattel's request for sanctions.

Dated: February 12, 2008              KEATS MCFARLAND & WILSON LLP

/s/
Christian C. Dowell, Esq.
Attorneys for AnaElise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, and Sarah Halpern

---

[9] Dowell Decl. Exh. 6.