KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S JOINDER IN MARGARET HATCH-LEAHY'S OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY, AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER, AND FOR SANCTIONS**<br><br>Date:       TBA<br>Time:       TBA<br>Dept:       Telephonic<br>Judge:      Hon. Edward Infante (Ret.)<br><br>Date Comp. Filed:  April 13, 2005<br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Carter Bryant hereby joins in non-party Margaret Hatch-Leahy's Opposition to Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy, and to Overrule Instructions Not to Answer, and for Sanctions. In addition, Bryant writes separately to oppose Mattel's unfounded request for sanctions against Bryant's counsel, Christa M. Anderson.

There is no basis in law or fact for awarding sanctions against Bryant's counsel. The Federal Rules do not require an attorney to refrain from making reasonable objections during the deposition. *See* Fed. R. Civ. P. (providing that sanctions are available only when an attorney "impedes, delays, or frustrates the fair examination of the deponent."). Objections that are "stated concisely in a nonargumentative and nonsuggestive manner" are entirely proper under the Federal Rules. *See* Fed. R. Civ. P. 30(c)(2). *See also id.*, advisory committee notes (General constraint is that "counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer.").

The objections of Bryant's counsel during the deposition were stated concisely, in a non-argumentative, non-suggestive manner.[1] *See* Fed. R. Civ. P. 30(c)(2). Bryant's counsel did not unnecessarily prolong the deposition or raise objections for improper purposes. In fact, in its lengthy motion to this Court, Mattel did not point to a single specific instance of objectionable or obstructionist conduct by Bryant's counsel.[2] Instead, Mattel cites fewer than a dozen specific instances in which Bryant's counsel objected during Ms. Hatch-Leahy's deposition. Not a single one of these objections was made in bad faith or for

---

[1] *See, e.g.*, Declaration of Alyse D. Bertenthal ("Bertenthal Decl.") (Feb. 12, 2008) ¶ 2, Ex. A (Deposition of Margaret Leahy (Dec. 12, 2007) ("Leahy Depo") Tr. at 97:18, 101:17, 103:24-25, 119:13-14, 128:23, 129:4, 206:24; 209:23, 267:19).

[2] Mattel generally asserts that "defendants' counsel" created delays and interrupted questioning. Mot. at 9. Mattel's suggestion that *Bryant's counsel* created such delays is completely unfounded. None of the cites Mattel offers in support of its allegation refer to improper objections or arguments from Bryant's counsel, Christa Anderson. *See id.* at 9, notes 42-43,45; *id.* at 18-38, notes 83-109; *id.* at 39, note 110.

1

410582.05

1   improper purposes.

2       Specifically, Mattel points to the following objections by Bryant's counsel:

3   (1) an objection to a question that was "vague and overbroad;"[3] (2) an objection to

4   a question that "mischaracterize[d] testimony;"[4] (3) an objection to two questions

5   that "lack[ed] foundation;[5] (4) an objection to a question that "call[ed] for expert

6   opinion testimony;"[6] (5) an objection to a question that "call[ed] for a legal

7   conclusion;"[7] (6) an objection to a question to which Ms. Hatch-Leahy's counsel

8   already had objected to;[8] and (7) an objection to a question that testified for the

9   witness as to a particular exhibit.[9]  Mattel also complains about three additional

10  statements: Bryant's counsel asked for copies of the exhibits placed before the

11  witness but which had not been provided to counsel for Hatch-Leahy and Bryant.[10]

12  At one point during the deposition, when it was unclear whether MGA's in-house

13  counsel should remain in the room, Bryant's counsel reminded Mr. Zeller that he

14  had not asked Mr. Holden to leave.[11]  Finally, after seven hours had passed,

15  Bryant's counsel reminded Mr. Zeller that he needed to wait for an official time

16

17  [3] Mot. at 21-22 (quoting Leahy Depo. Tr. at 103:19-104:3) (Bryant's counsel states: "Question is, also, vague and overbroad.").

18
19  [4] Mot. at 23 (quoting Leahy Depo. Tr. at 136:19-137:8) (Bryant's counsel states: "Mischaracterizes testimony.").

20  [5] Mot. at 29 (Leahy Depo. Tr. at 269:23-270:5) (Bryant's counsel states: "Lacks foundation."); id. at 31 (quoting Leahy Depo. Tr. at 280:17-281:12) (Bryant's counsel states "Objection. Lacks foundation.").

21
22  [6] Mot. at 16 n. 78 (citing Leahy Depo. Tr. at 275:15-276:13) and 30 (quoting Leahy Depo Tr. at 275:15-24) (Bryant's counsel states: "Objection. Foundation. Calls for expert opinion testimony to some extent as well.").

23  [7] Mot. at 34 (quoting Leahy Depo. Tr. at 301:21-303:18) (Bryant's counsel states: "Calls for a legal conclusion.").

24
25  [8] Mot. at 35 (quoting Leahy Depo. Tr. at 301:21-303:18) (Bryant's counsel states: "Same objections.').

26  [9] Mot. at 39, note 110 (citing Leahy Depo. Tr. at 299:23-301:4) (Bryant's counsel states: "Move to strike the testimony of counsel as to what this is head.").

27  [10] Mot. at 39, note 110 (citing Leahy Depo. Tr. at 123:16-124:19); id. (citing Leahy Depo Tr. at 214:19-219:3).

28  [11] Mot. at 18 n. 82 (citing Leahy Depo Tr. at 119:4-120:4).

410582.05

from the videographer before asking another question.[12] As the transcript shows, counsel's objections were proper, concise, and in complete compliance with Federal Rule of Civil Procedure 30(c)(2).

Although "[f]ederal courts have the inherent power to sanction litigants to prevent abuse of the judicial process," *Qualcomm, Inc. v. Broadcom, Corp.*, No. 05-CV-1958-B, 2008 WL 66932, *8 (S.D. Cal. Jan. 7, 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991)), the court should not exercise this power absent a showing that the attorney has exercised "'willful disobedience of a court order ... [or] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at *8 (quoting *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)). *See also Peterson v. BMI Refractories*, 124 F.3d 1386, 1395-96 (11th Cir. 1997) (Sanctions under 28 U.S.C. § 1927 are "penal in nature" and will only be awarded where the attorney engages in unreasonable and vexatious conduct that multiplies the proceedings). As explained above, Mattel does not—and cannot—point to any conduct by Bryant's counsel that evidences bad faith or vexatious conduct.

Notably, counsel for Mattel, Mr. Zeller, wasted an inordinate amount of time arguing with Ms. Hatch-Leahy's attorney, as well as counsel for MGA and Mr. Bryant. For example, in response to a simple request from Bryant's counsel to repeat the bates numbers of the exhibits that he was showing to the witness (because counsel for MGA and Bryant did not have copies of the documentary exhibit being shown to the witness), Mr. Zeller sniped: "The Court Reporter needs to do it. I don't—if you would be following the deposition, counsel, you would see that they're not additional photographs of these things because they're provided by the witness's counsel. I don't have extra copies of those."[13] Because Mattel's counsel refused to simply read the bates numbers off the exhibit about which he was questioning the witness, Bryant's counsel thereafter had to request

---

[12] Mot. at 38 (quoting Leahy Depo. Tr. at 309:4-310:2).

[13] Bertenthal Decl. ¶ 2, Ex. A (Leahy Depo. Tr. at 216:4-13)

that the Court Reporter read the bates numbers off the exhibit.[14] Indeed, this was not the only instance of such conduct.  The record will reflect that Mr. Zeller persistently chose to initiate these kinds of unprofessional and unproductive exchanges with opposing counsel.[15] Mr. Zeller's pattern of obstructionism took up far more time during the deposition than all of Ms. Anderson's objections combined.

In sum, the objections of Bryant's counsel were proper and concise, as required under Federal Rule of Civil Procedure 30(c)(2).[16]  Mattel has not shown that Bryant's counsel acted in bad faith during any part of the deposition of Ms. Hatch-Leahy.  Accordingly, for the reasons stated in this Opposition, and the Opposition by non-party Margaret Hatch-Leahy, this Court should not only deny Mattel's Motion to Compel but also specifically deny the requested sanctions against Bryant's counsel.

Dated:  February 12, 2008                         KEKER & VAN NEST, LLP

By: _____ /AB

Christa M. Anderson
Attorney for Plaintiff
CARTER BRYANT

---

[14] Bertenthal Decl. ¶ 2, Ex. A (Leahy Depo. Tr. at 217:5-19).

[15] *See, e.g.*, Bertenthal Decl. ¶ 2, Ex. A (Leahy Depo. Tr. at 32:18-34:12; 74:13-76:7; 216:24-219:2; 214:19-215:16, 261:9-263:11).

[16] *See, e.g.*, Bertenthal Decl. ¶ 2, Ex. A (Leahy Depo. Tr. at 97:18, 101:17, 103:24-25, 119:13-14, 128:23, 129:4, 206:24; 209:23, 267:19).

# ATTACHMENT

# [PROPOSED ORDER]

1 │ KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
2 │ jkeker@kvn.com
MICHAEL H. PAGE - #154913
3 │ mpage@kvn.com
CHRISTA M. ANDERSON - #184325
4 │ canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
5 │ mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
6 │ jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
7 │ awaltonhadlock@kvn.com
710 Sansome Street
8 │ San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
9 │ Facsimile:  (415) 397-7188

10 │ Attorneys for Plaintiff
CARTER BRYANT

11 │

12 │ UNITED STATES DISTRICT COURT

13 │ CENTRAL DISTRICT OF CALIFORNIA

14 │ EASTERN DIVISION

15 │

16 │ CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
(consolidated with CV 04-9059 & 05-
2727)

17 │                       Plaintiff,

18 │       v.                             **DISCOVERY MATTER**

19 │ MATTEL, INC. a Delaware               [To Be Heard by Discovery Master Hon.
Corporation,                          Edward Infante (Ret.)]

20 │                       Defendant.

21 │                                      **[PROPOSED] ORDER DENYING
MATTEL INC.'S MOTION TO
COMPEL FURTHER DEPOSITION**

22 │ CONSOLIDATED WITH                     **OF MARGARET HATCH-LEAHY,
AND TO OVERRULE**
MATTEL, INC., v. BRYANT and            **INSTRUCTIONS NOT TO ANSWER,**

23 │ MGA ENTERTAINMENT, INC. v.            **AND FOR SANCTIONS**
MATTEL, INC.

24 │                                      Date:     TBA
Time:     TBA
25 │                                      Date Comp. Filed:  April 13, 2005
Discovery Cut-Off:  Jan. 28, 2008
26 │                                      Trial Date:  May 27, 2008

27 │

28 │

[PROPOSED] ORDER DENYING MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF
MARGARET HATCH-LEAHY, AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER, AND FOR
SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

411079.01

1

## [PROPOSED] ORDER

2       The Court has carefully considered the parties' submissions concerning

3   Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy, and to

4   Overrule Instructions Not to Answer, and for Sanctions.  Mattel has had sufficient

5   time to depose Ms. Hatch-Leahy and no further time is necessary.  Counsel for Ms.

6   Hatch-Leahy and Mr. Bryant did not unreasonably delay or impede the deposition

7   and sanctions are not warranted on that basis. Accordingly, Mattel's motion is

8   DENIED.

9

10       IT IS SO ORDERED.

11  Dated:

12

13                                    By:_____
                                         HON. EDWARD A. INFANTE
14                                       Discovery Master

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

411079.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On February 12, 2008, I served the following document(s):

**CARTER BRYANT'S JOINDER IN MARGARET HATCH-LEAHY'S OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY, AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER, AND FOR SANCTIONS;**

**[PROPOSED] ORDER DENYING MATTEL INC.'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY, AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER, AND FOR SANCTIONS**

**[PUBLIC REDACTED] DECLARATION OF ALYSE D. BERTENTHAL IN SUPPORT OF JOINDER IN MARGARET HATCH-LEAHY'S OPPOSITION TO MATTEL INC.'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY, AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER, AND FOR SANCTIONS**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery;

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

1  Hon. Edward A. Infante

2  JAMS
   Two Embarcadero Center, Suite

3  1500

4  San Francisco, CA 94111
   Tel:   415/774-2649

5  Fax:  415/982-5287

6  Email:      schan@jamsadr.com

7

8

9

10 Thomas J. Nolan
   Skadden Arps Slate Meagher &

11 Flom

12 300 South Grand Avenue, Suite
   3400

13 Los Angeles, CA 90071-3144

14 Tel:   213/687-5000
   Fax:  213/687-5600

15 Email: tnolan@skadden.com

16

17     Executed on February 12, 2008, at San Francisco, California.

18 I declare under penalty of perjury under the laws of the State of California that the
   above is true and correct.

19

20

21                                    KAY SHIDA

22

23

24

25

26

27

28

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges,
LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Tel:   213/443-3000
Fax:  213/443-3100
Email:
      johnquinn@quinnemanuel.com
Email:
      michaelzeller@quinnemanuel.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:   213/613-4660
Fax:  213/613-4656
Email :     acote@obsklaw.com

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)