QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION (1) TO STRIKE CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS, AND (2) TO STAY TIME FOR FILING ANY OPPOSITION THERETO PENDING REVIEW<br><br>**[Declaration of B. Dylan Proctor filed concurrently]**<br><br>Hearing Date:  TBA<br>Time:  TBA<br>Place:  TBA<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

07209/2384150.2

MATTEL'S EX PARTE APP. TO STRIKE BRYANT'S MOTION TO COMPEL DISCOVERY RESPONSES

Pursuant to the Federal Rules and Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* application seeking an order (1) striking as untimely Carter Bryant's Motion to Compel Responses to Discovery Requests, filed February 8, 2008; (2) ruling that Mattel need not file a substantive response to Bryant's untimely motion; and (3) staying the time for filing Mattel's opposition, pending review of the present *ex parte* application.

Mattel makes this application on the grounds that Bryant's motion to compel is untimely because it was filed past the January 28, 2008 Phase One discovery cut-off date established by the Court.

Pursuant to Local Rule 7-19, on February 11, 2008, counsel for Bryant, Matthew M. Werdegar, Keker & Van Nest, LLP (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111-1704) was given notice of this *ex parte* application, as were counsel for MGA, Timothy A. Miller, Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 415-984-6400; address: Four Embarcadero Center, San Francisco, CA 94111) and counsel for Carlos Gustavo Machado Gomez, Alexander H. Cote, Overland Borenstein Scheper & Kim LLP (telephone: 213-663-4655; address: 300 South Grande Avenue, Suite 2750, Los Angeles, CA 90071). Bryant has informed Mattel that he opposes this *ex parte* application.

1       This application is based on this Application, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor dated February 12, 2008, the pleadings and other papers on file in this action, such matters of which the Court may take judicial notice, and such further argument and evidence which may be presented at or before the hearing.

DATED: February 12, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

Preliminary Statement ................................................................................................1

Factual Background...................................................................................................2

Argument ...................................................................................................................4

I. THE COURT SHOULD STRIKE BRYANT'S MOTION TO COMPEL AS UNTIMELY AND RULE THAT MATTEL NEED NOT RESPOND TO IT............................................................................................4

    A. As A General Matter, Discovery Motions Filed After The Discovery Cut-Off Are Untimely ...........................................................4

    B. The Court Established January 28, 2008 As A Firm Deadline For Filing Phase One Discovery Motions In This Case...............................5

    C. Bryant's Motion To Compel Discovery Responses Was Not Timely Filed ...........................................................................................7

II. THE COURT SHOULD STAY THE TIME FOR FILING MATTEL'S OPPOSITION TO BRYANT'S MOTION TO COMPEL PENDING REVIEW OF THE PRESENT *EX PARTE* APPLICATION ...........................9

Conclusion ...............................................................................................................10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Air Line Pilots Ass'n v. Miller*,
   523 U.S. 866 (1998) ............................................................................................ 9

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th. Cir. 1962) .............................................................................. 9

*Johnson v. Mamoth Recreations, Inc.*,
   975 F.2d at 604 (9th Cir. 1992) ........................................................................... 4

*Landis v. North American Co.*,
   299 U.S. 248 (1936) ............................................................................................ 9

*Magnuson v. Video Yesteryear*,
   85 F.3d 1424 (9th Cir. 1996) ............................................................................... 3

*Ontiveros v. Kernan*,
   2007 WL. 2462086 (E.D. Cal. 2007) .............................................................. 4, 8

*Suntrust Bank v. Blue Water Fiber, L.P.*,
   210 F.R.D. 196 (E.D. Mich. 2002) ...................................................................... 4

*Willis v. New World Van Lines, Inc.*,
   123 F. Supp. 2d 380 (E.D. Mich. 2000) .............................................................. 5

## Statutes

Fed. R. Civ. P. 5 ......................................................................................................... 3

Fed. R. Civ. P. 16(b) ............................................................................................. 2, 4

Fed. R. Civ. P. 16(d) .................................................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Throughout the course of this litigation, defendants have flouted their discovery obligations to run down the discovery clock and prevent Mattel from obtaining information to which it is entitled. Indeed, for the past several weeks, defendants have stepped up these efforts to use the January 28, 2008 discovery cut-off for tactical advantage. At the same time, they have lambasted Mattel for purportedly trying to prolong discovery indefinitely, supposedly prejudicing their ability to prepare for trial.

Now, with the cut-off date come and gone, defendant Carter Bryant has done an about-face and treats the Court's discovery deadline as if it does not apply at all. He suggests that he is free to bring a motion to compel discovery responses whenever he wants, even after the close of discovery, so long as the underlying requests were served before the deadline. This contention is without merit.

As both the Court and the parties to this action have long recognized, the Court established January 28, 2008 as a firm cut-off, not only for the service of additional Phase One discovery requests, but also for the filing of Phase One discovery motions. Bryant's motion to compel seeking Phase One discovery -- filed after the close of Phase One discovery -- is untimely and should be stricken by the Court.[1]

---

[1] Additionally, the Court should stay the time for filing Mattel's opposition to Bryant's motion, pending review of the present application. With dispositive motion practice and trial fast approaching, Mattel should not have to expend its resources responding to Bryant's untimely filing.

**Factual Background**

The Court's Scheduling Orders.  On February 12, 2007, the Court held a scheduling conference pursuant to Federal Rule of Civil Procedure 16(b).[2]  At that conference, the Court set a schedule of trial and pretrial dates, including a discovery cut-off of October 22, 2007.[3]  In July 2007, after the Court decided the structure of Phase One and Phase Two claims for trial, the parties submitted a joint stipulation to continue the Phase One trial date and schedule.[4]  After reviewing the parties' stipulation, the Court continued the trial date and schedule for Phase One, including an extension of the Phase One fact discovery cut-off to January 14, 2008.[5]  On October 31, 2007, the Court further extended the Phase One discovery deadline to January 28, 2008 following the withdrawal of MGA's prior counsel and replacement with new counsel.[6]

Bryant's Discovery Requests and His Untimely Motion to Compel.  After choosing not to serve any written discovery on Mattel since May 4, 2005 -- for over two-and-a-half years -- defendant Carter Bryant purported to serve four sets of far-flung Phase One discovery requests on Mattel on December 26, 2007, including his First and Second Sets of Requests for Admissions, Second Set of Interrogatories, and Fourth Set of Requests for Production.[7]  Bryant failed, however, to properly

---

[2]  Court's Minute Order Re Scheduling Conference Pursuant to FRCP 16(b), dated February 12, 2007, attached as Exhibit 4 to the Declaration of B. Dylan Proctor, dated February 12, 2008 ("Proctor Dec.").
[3]  Id.
[4]  See Stipulation to Continue Phase One Trial Date and Schedule, dated July 13, 2007, Proctor Dec., Exh. 5.
[5]  Court's Minute Order Continuing Previously Scheduled Dates for Phase One, dated July 13, 2007, Proctor Dec., Exh. 6.
[6]  Id.
[7]  Bryant's Second Set of Interrogatories, Proctor Dec., Exh. 16; Bryant's First Set of Requests for Admission, Proctor Dec., Exh. 14; Bryant's Second Set of
    (footnote continued)

1  serve these requests on Mattel, as he served them only by Federal Express and
2  electronic mail -- neither of which is a valid form of service under the <u>Federal Rules</u>.
3  <u>See</u> <u>Fed. R. Civ. P.</u> 5; <u>see</u> <u>Magnuson v. Video Yesteryear</u>, 85 F.3d 1424, 1429-31
4  (9th Cir. 1996).

5       Following Bryant's purported service of these requests, Mattel
6  contacted Bryant on December 31, 2007 to request a conference of counsel
7  regarding several objections Mattel had to Bryant's improper requests for
8  admission.[8]  Mattel also sought a meet and confer regarding certain objections to
9  Bryant's Second Set of Interrogatories on January 3, 2008.[9]  The parties met and
10 conferred on these deficient discovery requests on a number of occasions in January
11 2008.[10]  Nevertheless, despite Bryant's awareness that Mattel objected to his
12 requests on several grounds and that Mattel's responses were not due until the final
13 day of the Phase One discovery period, Bryant made no effort to seek a stipulation
14 or leave of court permitting him to file a motion to compel beyond the discovery
15 deadline.

16      Mattel served objections and responses to most of Bryant's discovery
17 requests on January 28, 2008.[11]  The parties met and conferred on February 6,
18 2008.[12]  Bryant then belatedly moved to compel responses to his discovery requests
19 on February 8, 2008 -- more than a week after the close of Phase One discovery in

---

Requests for Admission, Proctor Dec., Exh. 15; Bryant's Fourth Set of Requests for Production, Proctor Dec., Exh. 17.
[8] Letter from B. Dylan Proctor to Michael Page and Thomas Nolan, dated December 31, 2007, Proctor Dec., Exh. 22.
[9] Letter from B. Dylan Proctor to Michael Page and Thomas Nolan, dated January 3, 2008, Proctor Dec., Exh. 23.
[10] Werdegar Dec., ¶ 18.
[11] Proctor Dec., ¶ 18.
[12] <u>Id.</u>

this case.[13]  Bryant concedes in his motion that his discovery all relates to Phase One.[14]

Bryant has indicated that he opposes the present *ex parte* application.[15] Additionally, Bryant stated his view that Mattel's use of the *ex parte* process to challenge his untimely motion is improper, and that Mattel should instead raise its timeliness in an opposition to the motion.[16] Mattel responded that it disagreed that it should have to substantively respond to the improper pleading, but proposed that the parties stipulate that (1) Mattel would file a preliminary opposition addressing the timeliness issue and (2) Mattel's time to substantively respond on other grounds would be deferred until the Discovery Master ruled on the timeliness issue.[17] Bryant rejected this proposal.[18]

## Argument

### I. THE COURT SHOULD STRIKE BRYANT'S MOTION TO COMPEL AS UNTIMELY AND RULE THAT MATTEL NEED NOT RESPOND TO IT

#### A. As A General Matter, Discovery Motions Filed After The Discovery Cut-Off Are Untimely

Federal Rule of Civil Procedure 16(b) requires that the District Court enter a pretrial scheduling order to establish deadlines for, among other things, the completion of discovery and filing of motions. The schedule may be modified "only

---

[13] Bryant's Motion to Compel Responses to Discovery Requests, dated February 8, 2008, Proctor Dec., Exh. 21.
[14] Id. at 3.
[15] E-mail from Matthew Werdegar to B. Dylan Proctor, dated February 12, 2008, Proctor Dec., Exh. 2.
[16] Id.
[17] E-mail from B. Dylan Proctor to Matthew Werdegar, dated February 12, 2008, Proctor Dec., Exh. 2.
[18] E-mail from B. Dylan Proctor to Matthew Werdegar, dated February 12, 2008, Proctor Dec., Exh. 3.

for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson v. Mamoth Recreations, Inc., 975 F.2d at 604, 610 (9th Cir. 1992). As such, courts regularly reject as untimely motions to compel filed after the close of discovery. See, e.g., Ontiveros v. Kernan, 2007 WL 2462086, at *2 (E.D. Cal. 2007) ("The instant motions to compel were both filed after the discovery cut-off date and are, therefore, untimely."); Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 200 (E.D. Mich. 2002) ("In numerous cases, courts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party.") (collecting cases); Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) ("A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery.") (citing Ginett v. Federal Express Corp., 1998 WL 777998, 166 F.3d 1213 (6th Cir. 1998)).

**B.  The Court Established January 28, 2008 As A Firm Deadline For Filing Phase One Discovery Motions In This Case**

Judge Larson has repeatedly confirmed that he considered January 28, 2008 to be a firm deadline for the close of Phase One discovery.[19] The Discovery Master also reaffirmed at a prior hearing that, although Phase One motions could be

---

[19] See, e.g., Transcript of February 4, 2008 Hearing, at 55:4-11, Proctor Dec., Exh. 24.

heard after the cut-off, motions to compel on underlying Phase One written discovery had to be filed by the Court's discovery cut-off.[20]

This was no secret -- the parties all understood it. It was precisely for this reason that the parties -- *including Bryant* -- entered into numerous stipulations seeking the Court's permission to extend the filing deadlines for particular motions after the cut-off date.[21] For example, the parties' Stipulation Regarding Extension of Time to Respond and Object to Requests for Admission, dated January 25, 2008, not only granted Bryant additional time to serve his responses to specified Mattel discovery requests, but also provided that "[a]ny limitation on the time for Mattel to file a motion directed to the sufficiency of Bryant's responses to the Requests for Admission identified in Paragraph 1 will be extended by 10 calendar days."[22] Similarly, Bryant's and Mattel's Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, provided that Bryant would serve promised supplemental responses by February 4, 2008, and that "Mattel shall have the right to file a motion directed to the sufficiency of Carter Bryant's responses to Request Nos. 42-45 of Mattel's Fifth Set of Requests for Admission within 10 days after service of

---

[20] Proctor Dec., ¶ 24.
[21] See, e.g., Stipulation Re: the Deposition of Ron Brawer, dated January 28, 2008, Proctor Dec., Exh. 8; Stipulation Re: the Deposition of Farhad Larian, dated January 23, 2008, Proctor Dec., Exh. 9; Stipulation Regarding Extension of Time to Respond and Object to Requests for Admission, dated January 25, 2008, Proctor Dec., Exh. 10; Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, Proctor Dec., Exh. 11.
[22] Stipulation Regarding Extension of Time to Respond and Object to Requests for Admission, dated January 25, 2008, Proctor Dec., Exh. 10.

Bryant's supplemental and/or amended responses."[23] Bryant also joined in a number of other stipulations that expressly provided that a "motion to compel . . . will be considered timely even if brought after the Phase I discovery cut-off date . . . ."[24] By Bryant's errant logic on this motion, however, all of this was unnecessary.

That the parties all knew that discovery motions were due by the discovery cut-off date is further evidenced by defendants' argument in opposition to Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things to MGA. There, defendants complain that "instead of initiating a meet and confer at least five *days* before the discovery cut-off, as required by the Discovery Master Order, Mattel waited until five-and-a-half *hours* before close of business on the discovery cut-off date to demand an immediate meet and confer."[25] This argument, which presumes that Mattel's motion to compel had to be filed by the discovery cut-off (as opposed to five days after Mattel's request for a meet and confer), shows that defendants knew that discovery motions were due by January 28, 2008. Bryant should not be permitted to advocate a contrary position here.

C. **Bryant's Motion To Compel Discovery Responses Was Not Timely Filed**

Notwithstanding the Court's and the parties' recognition that any Phase One discovery motions had to be filed by the January 28, 2008 cut-off, Bryant has

---

[23] Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, Proctor Dec., Exh. 11.

[24] See, e.g., Stipulation Re: the Deposition of Ron Brawer, dated January 28, 2008, Proctor Dec., Exh. 8.; Stipulation Re: the Deposition of Farhad Larian, dated January 23, 2008, Proctor Dec., Exh. 9.

[25] MGA's Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel Production of Documents by MGA in response to Mattel's Fifth Set of Requests for Documents and Things to MGA, dated February 7, 2008, at 5, Proctor Dec., Exh. 12 (emphasis in original).

1 nonetheless attempted to bring an untimely motion to compel on a multitude of discovery requests after the expiration of the Court-imposed deadline. This is improper.

As defendants have themselves urged, "[i]n any litigation -- no matter how big or complex -- there comes a time when discovery must end and the parties and the court must devote their attention to preparing for a trial on the merits. In this case, that time is January 28, 2008."[26] Bryant now attempts to turn this sentiment on its head by adopting the apparent position -- although he scrupulously avoids the untimeliness of his motion in his papers -- that a motion to compel can be filed at *any* time, so long as the underlying discovery request was timely served before the close of discovery. That is contrary to law and contrary to defendants' own prior positions. By Bryant's apparent reasoning, there is **no** deadline for filing Phase One discovery motions and such motions can never be considered untimely, even if filed in the midst of trial, provided the discovery was timely served. The Court should not endorse such a distortion of the discovery rules. Contrary to Bryant's assertions, he was required to file his discovery motion on or before January 28, 2008, or else obtain leave or a stipulation to do so after that date.

Nor does Bryant have any excuse for his failure to meet the deadline. Over the past four years, Bryant was free to propound his discovery requests at any time. Instead, he opted to serve them at the eleventh hour. In doing so, Bryant was well-aware that Mattel's responses would not be due until January 28, 2008, the final day of the Phase One discovery period (assuming they were due at all given that they were not properly served). Moreover, Bryant knew as of December 31, 2007 -- the date on which Mattel's counsel contacted Bryant's counsel to request a meet and

---

[26] MGA Defendants' Opposition to Mattel, Inc.'s *Ex Parte* Application to Enforce Court Orders Compelling Production of Tangible Items, dated January 25, 2008, at 1, Proctor Dec., Exh. 13.

confer -- that Mattel substantively objected to his discovery requests.[27] Bryant was thus on notice that the need to file a motion to compel might arise, but nonetheless sat on his rights. He did so at his own peril.

Bryant's procrastination in serving Phase One discovery and his disregard for the Court-ordered discovery cut-off should not be condoned. Nor should Mattel suffer the prejudice of having to divert its resources to rebut Bryant's improper motion. The Court should issue an order providing that Mattel need not provide a substantive response to his improper pleading. See, e.g., Ontiveros, 2007 WL 2462086, at *2 ("The instant motions to compel were both filed after the discovery cut-off date and are, therefore, untimely.")

## II. THE COURT SHOULD STAY THE TIME FOR FILING MATTEL'S OPPOSITION TO BRYANT'S MOTION TO COMPEL PENDING REVIEW OF THE PRESENT *EX PARTE* APPLICATION

Mattel also requests that the Court stay the time for filing Mattel's opposition to Bryant's motion to compel pending review of the present *ex parte* application. Absent such a stay, Mattel would be forced to expend its resources preparing a response to Bryant's untimely motion. Given the multitude of *properly* filed motions currently pending before both the Discovery Master and Judge Larson, the prejudice to Mattel from such a result is clear. Mattel should not have to spend its resources responding to this belated pleading.

Thus, there is good cause for a stay of the time to file Mattel's opposition to Bryant's motion. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 880 n. 6 (1998) (citing Landis v. North American Co., 299

---

[27] Letter from B. Dylan Proctor to Michael Page and Thomas Nolan, dated December 31, 2007, Proctor Dec., Exh. 22.

U.S. 248 (1936)). In determining whether to grant such a stay, the Court is to weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th. Cir. 1962). Here, Mattel's interest in not spending its resources on responding to an improperly filed motion plainly outweighs any interest Bryant may have in avoiding whatever minimal delay will be associated with the Discovery Master's review of this application.

## Conclusion

For all of the foregoing reasons, Mattel respectfully requests that the Court grant an order (1) striking Bryant's Motion to Compel Responses to Discovery Requests as untimely; (2) ruling that Mattel need not file a substantive response to Bryant's untimely motion; and (3) staying the time for filing Mattel's opposition to Bryant's untimely motion, pending review of the present *ex parte* application.

DATED: February 12, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.