1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 5**

**EXHIBIT TO:**   DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF NON-PARTY MARGARET HATCH-LEAHY'S  OPPOSITION TO MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5     Los Angeles, California 90017-2543
      Telephone:   (213) 443-3000
6     Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12            Plaintiff,
                                          SECOND NOTICE OF DEPOSITION
13                                        OF MGA ENTERTAINMENT, INC.
                                          PURSUANT TO FEDERAL RULE OF
14       vs.                              CIVIL PROCEDURE 30(B)(6)

15  MATTEL, INC., a Delaware
    corporation,                          Discovery Cut-off:  None Set
16                                        Pre-trial Conference:  None Set
            Defendant.                    Trial Date:  None Set
17

18  _____

    AND CONSOLIDATED ACTIONS
19

20

21

22

23

24

25

26

27

28

Δ π EXHIBIT 452
Deponent Lockhart
Date 5/14/07 Rptr. Dwpre
WWW.DCPONOOK.COM

2-1

207/2048031.1

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT   5
PAGE   113

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on February 15, 2007 beginning on 9:30

3  a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant

4  MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges

5  LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R.

6  Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers,

7  directors, managing agents or other persons who consent to testify on its behalf

8  concerning each of the topics set forth in Exhibit A hereto.

9      PLEASE TAKE FURTHER NOTICE that the deposition will take place

10  before a duly authorized notary public or other officer authorized to administer oaths at

11  depositions, and will continue from day to day, Sundays, Saturdays and legal holidays

12  excepted, until completed.

13      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

14  P. 30(b)(2), the deposition will be videotaped.

15  DATED:  February 1, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
16

17

18          By  _Mike T. Zeller_____
                Michael T. Zeller
19              Attorneys for Mattel, Inc.

20

21

22

23

24

25

26

27

28

9/2048031.

452-2

-1-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT 5
PAGE 114

**Exhibit A**

4523

EXHIBIT __5__
PAGE __115__

<u>**EXHIBIT A**</u>

1.     "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also, previously or subsequently called) and any product or doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product or doll or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each EMBODIMENT of such doll or any portion thereof.  As used herein, "product or doll or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

4.     "DESIGN" or "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the

-2-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

452-4

EXHIBIT     5
PAGE     16

foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5. "EMBODIMENT" means any representation, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6. The DRAWINGS means those documents produced as Bates Nos. MGA000053-57, MGA000392-395, MGA000435-439, MGA000455-481 MGA004606, MGA004608, MGA004640, MGA005065, MGA006423-6426, MGA006432-6436, MGA006438-06440, MGA006442-6467, and SL00016-45.

7. "BASED ON" means copied or reproduced from, substantially similar to, based on or derived from in any manner, whether in whole or in part.

8. "CREATED" means produced, prepared, created, authored, conceived of or reduced to practice, whether in whole or in part and whether alone or jointly with others.

9. "IDENTIFY" or "IDENTITY" means the following:

(a)   With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)   With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present

-3-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

452-5

209/2048031.

EXHIBIT     5
PAGE     117

or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)     With reference to an EMBODIMENT, means the IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other individual who contributed in any manner to the EMBODIMENT; the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-dimensional resin sculpture, final three-dimensional wax sculpture, digitized file of final three-dimensional wax sculpture, two-dimensional design drawing on paper); each title or name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's creation or preparation; and the current location of the EMBODIMENT.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

12.     "DIGITAL INFORMATION" shall mean any information created or stored digitally, including but not limited to electronically, magnetically or optically.

13.     "SYSTEM" or "SYSTEMS" shall mean any computer or network of computers or other network devices that allow a two or more computers to share information and equipment, including but not limited to local area networks, wide area networks, storage area networks, client-server networks or peer-to-peer networks. The

-4-

452-b

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

209/2048031.

EXHIBIT   5

PAGE   18

use of the term "SYSTEM" or "SYSTEMS" shall also include the brand, model number, technical specifications, and capacities of the computers who are part of each such SYSTEM.

14.     "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

15.     "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

16.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and

209/2048031.

-5-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

452-7

EXHIBIT ____ 5 ____

PAGE ____ 112 ____

1    directors and any one else acting on its, his or her behalf, pursuant to its, his or her

2    authority or subject to its, his or her control.

3        17.    The singular form of a noun or pronoun includes within its meaning

4    the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine

5    form of a pronoun also includes within its meaning the feminine form of the pronoun so

6    used, and *vice versa*; the use of any tense of any verb includes also within its meaning

7    all other tenses of the verb so used, whenever such construction results in a broader

8    request for information; and "and" includes "or" and *vice versa*, whenever such

9    construction results in a broader disclosure of documents or information.

10                    **Topics of Examination**

11        1.    The origin, conception, creation, design, sculpting, development,

12    engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS

13    CREATED prior to June 30, 2001 (regardless of when or whether such was released in

14    any form to the public), including without limitation the timing thereof, the IDENTITY

15    of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved

16    therein, and the nature, extent and time period(s) of each such PERSON's involvement.

17        2.    The circumstances under which BRATZ or any BRATZ DESIGN

18    first came to YOUR attention, including without limitation the timing, method and

19    manner thereof and the IDENTITY of each PERSON with knowledge thereof.

20        3.    The identity of each doll, product, work or item produced,

21    developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR

22    behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

23        4.    To the extent not covered by Topic 3, each EMBODIMENT of any

24    doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

25        5.    The work, activities and/or services that BRYANT performed for or

26    with YOU or on YOUR behalf prior to June 30, 2001.

27

28

EXHIBIT    5
PAGE    20

1    6.   The origin, conception and creation of DESIGNS that BRYANT
2   CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever
3   claimed to have, any right, title or interest (whether in whole or in part).

4    7.   The identity of, and the design, development, sculpting,
5   development, engineering, rotocasting, modeling, prototyping and first sale of, any doll,
6   product, work or item that has been produced, developed, manufactured, licensed, sold
7   or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN
8   referenced in Topic 6.

9    8.   Each EMBODIMENT of BRATZ that was CREATED prior to June
10   30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was
11   CREATED prior to June 30, 2001.

12    9.   The DRAWINGS, including without limitation the authorship,
13   creation, dissemination and use thereof and the source, meaning, authenticity and
14   timing of any dates thereon.

15    10.   The IDENTITY of each vendor or third party who performed or
16   contributed, or who was considered, solicited, requested, proposed or contemplated by
17   YOU or BRYANT to perform or contribute, any activities, work or services in
18   connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR
19   COMMUNICATIONS therewith, and the nature, extent and timing of such activities,
20   work or services.

21    11.   The exhibition, or proposed, offered, contemplated or requested
22   exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30,
23   2001, including without limitation each instance in which BRATZ or any BRATZ
24   DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise
25   discussed with or communicated to, any retailer, wholesaler or distributor and the
26   DOCUMENTS that REFER OR RELATE thereto.

27    12.   The actual, proposed, requested or contemplated manufacture,
28   fabrication or tooling (including the production of molds) of BRATZ, including without

-7-                        452-9

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT    5
PAGE    121

1   limitation the timing thereof and the IDENTITY of each manufacturer and potential
2   manufacturer used, proposed or considered.

3         13.   COMMUNICATIONS prior to June 30, 2001 between YOU and
4   any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or
5   potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE
6   TO BRATZ or any BRATZ DESIGN.

7         14.   When and where BRATZ was first manufactured, shipped,
8   distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

9         15.   The licensing, including without limitation the proposed or
10  requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001,
11  including without limitation the timing thereof, the IDENTITY of each such licensee or
12  proposed or requested licensee and the product(s) or proposed product(s) involved.

13        16.   COMMUNICATIONS between YOU and BRYANT prior to
14  January 1, 2001, including without limitation the content, means and timing of such
15  COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and
16  the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

17        17.   COMMUNICATIONS that BRYANT made for YOU or on YOUR
18  behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior
19  to June 30, 2001.

20        18.   YOUR agreements and contracts with BRYANT, including without
21  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
22  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

23        19.   Each agreement or contract between YOU and any PERSON other
24  than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that
25  REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of
26  when such agreement or contract was negotiated or executed), including without
27  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
28  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

209/2048031.

-8-

452-10

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT ___5___
PAGE ___122___

20.    YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and agreements with, and his obligations to, MATTEL.

21.    YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

22.    The payment of money or anything of value by or for YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work, services or activities performed by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in connection with BRATZ or any BRATZ DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefor.

23.    The payment of royalties to, for or on behalf of BRYANT made by or for YOU or on YOUR behalf, including the timing, manner and amounts of such payments and the reasons therefor.

24.    Any indemnification and fee arrangement that YOU and/or BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

25.    YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

26.    YOUR net worth.

27.    The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

28.    COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

209/2048031.

-9-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

452-11

EXHIBIT   5
PAGE   23

29.     COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

30.     COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

31.     The IDENTITY of each PERSON who, at any time since January 1, 1998, has performed any work or services for, by or on behalf of YOU while such PERSON was employed by MATTEL, the nature and timing of each such PERSON's work or services and the amount(s) paid by YOU to each such PERSON.

32.     COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was prepared, authored or created by MATTEL that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

33.     The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

34.     Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

35.     COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

452-12

EXHIBIT __5__
PAGE __124__

1     36.    The source, meaning and authenticity of SL00013-14, including

2 without limitation the timing of its creation and the handwriting thereon.

3     37.    YOUR corporate structure since January 1, 1999, including without

4 limitation the relationship between MGA Entertainment, Inc. and any of its

5 predecessors, affiliates and subsidiaries.

6     38.    The retention or destruction policies, procedures and practices for

7 YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO

8 BRATZ since January 1, 1999, including without limitation the retention or destruction

9 of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,

10 modified or upgraded and (b) when PERSONS leave YOUR employ.

11     39.    The preservation, collection, destruction, removal, transfer, loss or

12 impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection

13 with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

14     40.    The preservation, collection, destruction, removal, transfer, loss or

15 impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,

16 1999 that REFER OR RELATE TO MATTEL (including without limitation to any

17 MATTEL product, plan or information) that YOU received in any manner from any

18 PERSON who was at the time an employee of MATTEL or who had previously been

19 an employee of MATTEL.

20     41.    The testing of or sampling from DOCUMENTS that REFER OR

21 RELATE TO BRATZ or BRYANT, including without limitation such testing or

22 sampling in connection with any ink, paper or chemical analysis performed or

23 attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

24 thereto and all results and reports relating thereto.

25     42.    YOUR DIGITAL INFORMATION data backup policies, practices

26 and procedures from January 1, 1999 to the present, including without limitation the

27 location and specifications of any media used to preserve YOUR DIGITAL

28

452-13

-11-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT   5
PAGE   125

1   INFORMATION and the software, if any, used to preserve YOUR DIGITAL
2   INFORMATION.

3        43.   The DIGITAL INFORMATION SYSTEMS and the application
4   software that YOU have used since January 1, 1999 that REFER OR RELATE TO
5   design, development, planning, inventory, manufacturing, sales, shipping and
6   accounting, including without limitation the common or shared storage for such
7   DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL
8   INFORMATION SYSTEMS, and any changes, modifications or upgrades to such
9   DIGITAL INFORMATION SYSTEMS or application software.

10        44.   The IDENTITY of PERSONS, including without limitation
11   vendors, who since January 1, 1999 have been responsible for or supported YOUR
12   DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of
13   such PERSON who serviced or provided hardware for YOUR DIGITAL
14   INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL
15   INFORMATION, including but not limited to internet service providers, and provided
16   analytical, training or implementation services with respect to YOUR DIGITAL
17   INFORMATION SYSTEMS.

18        45.   The electronic messaging SYSTEMS used by YOUR employees
19   within the scope of their employment between January 1, 1999 and the present,
20   including but not limited to electronic mail, instant messenger, telephone or voice-mail,
21   and the routing of such electronic messages to, from or within MGA.

22        46.   YOUR policies, practices and procedures regarding the use of
23   transportable media that contain or are capable of containing DIGITAL
24   INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB
25   drives, portable hard drives, digital cameras and personal digital assistants.

26
27
28

452-14

-12-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT ___5___
PAGE ___126___

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
2 | Michael T. Zeller (Bar No. 196417)
Jon D. Corey (Bar No. 185066)
3 | Shane H. McKenzie (Bar No. 228978)
865 South Figueroa Street, 10th Floor
4 | Los Angeles, California 90017-2543
Tel.: (213) 443-3000
5 | Fax:  (213) 443-3100

6 | Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

7

8 |                 UNITED STATES DISTRICT COURT

9 |                 CENTRAL DISTRICT OF CALIFORNIA

10

11 | MATTEL, INC., a Delaware            )  Case No. CV 04-09059 NM (RNBx)
corporation,                        )
12 |                                     )  NOTICE OF DEPOSITION OF
                Plaintiff,          )  MGA ENTERTAINMENT INC.
13 |                                     )  PURSUANT TO FEDERAL RULE
         v.                         )  OF CIVIL PROCEDURE 30(B)(6)
14 |                                     )
CARTER BRYANT, an individual, and )
15 | DOES 1 through 10, inclusive,       )  Date:      March 1, 2005
                                    )  Time:      9:30 a.m.
16 |                Defendants.          )  Location:  865 S. Figueroa Street
                                    )             10th Floor
17 | _____  )             Los Angeles, CA 90017
                                    )
18 | CARTER BRYANT, on behalf of        )
himself, all present and former     )
19 | employees of Mattel, Inc., and the )
general public,                     )
20 |                                     )
                Cross-Complainant, )
21 |                                     )
         v.                         )
22 |                                     )
MATTEL, INC., a Delaware            )
23 | corporation,                        )
                                    )
24 |                Cross-Defendant.     )
_____  )
25

26

27

28

07209/637198.1

                                         NOTICE OF DEPOSITION OF MGA

EXHIBIT    5
PAGE    127

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on March 1, 2005, beginning at 9:30

3   a.m., plaintiff and counter-defendant Mattel, Inc. ("Mattel") will take the

4   deposition upon oral examination of defendant MGA Entertainment Inc. the

5   offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street,

6   10th Floor, Los Angeles, CA 90017.  Pursuant to <u>Fed. R. Civ. P.</u> 30(b)(6), MGA

7   Entertainment Inc. shall designate one or more officers, directors, managing agents

8   or other persons who consent to testify on its behalf concerning each of the topics

9   set forth in Exhibit A hereto.

10         PLEASE TAKE FURTHER NOTICE that the deposition will take

11   place before a duly authorized notary public or other officer authorized to

12   administer oaths at depositions, and will continue from day to day, Sundays,

13   Saturdays and legal holidays excepted, until completed.

14         PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

15   <u>P.</u> 30(b)(2), the deposition will be videotaped.

16

17   DATED: February 16, 2005      QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
18

19

20                                By _____
                                    Michael T. Zeller
21                                  Attorneys for Plaintiff and Counter-Defendant
                                    Mattel, Inc.
22

23

24

25

26

27

28

                                    -2-

                                              NOTICE OF DEPOSITION OF MGA



EXHIBIT 5
PAGE 28

# EXHIBIT A

## Definitions

1.    "YOU" or "YOUR" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.    The "MGA PROJECTS" refers to those projects, sometimes called "Angel Faces" and/or "Prayer Angels," that are the subject of MGA000706-08, MGA000710-12,   MGA000714-16,   MGA000718-20,   MGA000724-28   and MGA000734.

3.    The "SUBJECT DOCUMENTS" means each of the following: MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-26, MGA000724-28 and MGA000734.

4.    "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

5.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

NOTICE OF DEPOSITION OF MGA

EXHIBIT    5
PAGE    29

1  discs, printouts and records of all types, studies, instruction manuals, policy manuals
2  and statements, books, pamphlets, invoices, canceled checks and every other device
3  or medium by which or through which information of any type is transmitted,
4  recorded or preserved.   Without any limitation on the foregoing, the term
5  "DOCUMENT" shall include all copies that differ in any respect from the original or
6  other versions of the DOCUMENT, including, but not limited to, all drafts and all
7  copies of such drafts or originals containing initials, comments, notations, insertions,
8  corrections, marginal notes, amendments or any other variation of any kind.
9        6.   "PERSON" or "PERSONS" means all natural persons,
10 partnerships, corporations, joint ventures and any kind of business, legal or public
11 entity or organization, as well as its, his or her agents, representatives, employees,
12 officers and directors and any one else acting on its, his or her behalf, pursuant to its,
13 his or her authority or subject to its, his or her control.
14       7.   The singular form of a noun or pronoun includes within its
15 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
16 the masculine form of a pronoun also includes within its meaning the feminine form
17 of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also
18 within its meaning all other tenses of the verb so used, whenever such construction
19 results in a broader request for information; and "and" includes "or" and *vice versa*,
20 whenever such construction results in a broader disclosure of documents or
21 information.
22
23                 **Topics for Testimony**
24
25       1.   The identity of each PERSON involved in the MGA PROJECTS,
26 and the nature and time period(s) of each such PERSON's involvement therein.
27       2.   The conception, design and development of the MGA PROJECTS,
28 including without limitation the chronology thereof.

NOTICE OF DEPOSITION OF MGA

EXHIBIT   5
PAGE   30

1    3.    The identity of, and the design, development and first sale of, any
2  products resulting from the MGA PROJECTS.

3    4.    The source, meaning and authenticity of the SUBJECT
4  DOCUMENTS, including of YOUR handwritten notations thereon.

5    5.    The identity of any computer or computer system by or from
6  which the SUBJECT DOCUMENTS were created or generated or in which they have
7  been maintained, and the identity of the computer programming or software used in
8  connection therewith.

9    6.    The identity of DOCUMENTS and tangible items that REFER OR
10  RELATE TO the MGA PROJECTS.

11    7.    The identity, source and current location of each head that was
12  provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21,
13  2000.

14    8.    The identity of each PERSON involved in the conception, design,
15  development, production, sculpting, rotocasting, molding, modeling or prototyping
16  of each head that was provided by, for or on behalf of YOU to Anna Rhee for
17  painting prior to October 21, 2000.

18
19
20
21
22
23
24
25
26
27
28

EXHIBIT    5
PAGE    31

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  CARTER BRYANT, an individual,         CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
13                                        Case No. CV 05-02727
        vs.
14                                        FOURTH NOTICE OF DEPOSITION
15  MATTEL, INC., a Delaware corporation, OF MGA ENTERTAINMENT, INC.
                                          PURSUANT TO FEDERAL RULE OF
16              Defendant.                CIVIL PROCEDURE 30(B)(6)

17

18  AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26

27

28

J7209/2254636.1

                                    FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT  5
PAGE  32

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on January 23, 2008, beginning at 9:30 a.m.

3  Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant

4  MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges

5  LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R.

6  Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers,

7  directors, managing agents or other persons who consent to testify on its behalf

8  concerning each of the topics set forth in Exhibit A hereto.

9          PLEASE TAKE FURTHER NOTICE that the deposition will take place

10  before a duly authorized notary public or other officer authorized to administer oaths at

11  depositions, and will continue from day to day, Sundays, Saturdays and legal holidays

12  excepted, until completed.

13          PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

14  P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

15  Livenote or other technology for real-time transcription of the testimony.

16

17  DATED: January 9, 2008         QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP

18

19                                 By _____
                                      Michael T. Zeller
20                                    Attorneys for Mattel, Inc.

21

22

23

24

25

26

27

28

07209/2254636.1                              -1-
                                    FOURTH NOTICE OF DEPOSITION OF MGA



EXHIBIT 5
PAGE 33

## EXHIBIT A

1.     "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.     "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence

07209/2254636.1

-2-

EXHIBIT 5
PAGE 34



1  that is the subject of, or otherwise relevant or responsive to, the Topics of Examination

2  herein.

3     5.   "DESIGN" or "DESIGNS" means any and all representations,

4  whether two-dimensional or three-dimensional, and whether in tangible, digital,

5  electronic or other form, including but not limited to all works, designs, artwork,

6  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

7  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

8  practice, developments, inventions and/or improvements, as well as all other items,

9  things and DOCUMENTS in which any of the foregoing are or have been expressed,

10  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11     6.   "THE BRATZ PITCH MATERIALS" means each and every

12  BRATZ WORK which was displayed, shown, provided, or offered to YOU on or

13  before the date on which YOU executed the BRYANT/MGA AGREEMENT.

14     7.   "BRYANT/MGA AGREEMENT" means the written agreement

15  between CARTER BRYANT and MGA dated as of September 18, 2000, produced as

16  BRYANT 00794-00799, and any other version or versions thereof.

17     8.   "CREATE OR IMPROVE" or "CREATED OR IMPROVED," in

18  the context of a BRATZ WORK or BRATZ WORKS, means to create, improve,

19  develop, modify, alter, conceive, reduce to practice, or otherwise work on the BRATZ

20  WORK or BRATZ WORKS.

21     9.   "IDENTIFY" or "IDENTITY" means the following:

22        (a)   With reference to an individual, means such individual's

23  name, current or last known business title, current or last known business affiliation,

24  current or last known relationship to YOU, current or last known residential and

25  business address, and current or last known telephone number.

26        (b)   With reference to an entity or governmental organization,

27  means such entity's or organization's name, present or last-known address, and present

28

07209/2254636.1

-3-

FOURTH NOTICE OF DEPOSITION OF MGA


EXHIBIT 5
PAGE 35

1  or last-known telephone number and the IDENTITY of each individual who has served

2  or participated as a contact for or on behalf of such entity or organization.

3        (c)    With reference to an account with a bank or financial

4  institution, means the name and address of the bank or financial institution, the account

5  number(s) for or otherwise associated with such account and the name of each holder,

6  including without limitation each beneficial holder, of each such account.

7        (d)    With reference to a STORAGE DEVICE, means the

8  manufacturer name, brand, model name and number, serial number and all other

9  manufacturer identifiers, and the technical specifications and capacities of such

10  STORAGE DEVICE.

11       10.    "DIGITAL INFORMATION" means any information created or

12  stored digitally, including but not limited to electronically, magnetically or optically.

13       11.    "STORAGE DEVICE" means any computer hard drive, memory,

14  USB device, tape, storage array or any other device or medium that allows a user,

15  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

16  retain, store or maintain DIGITAL INFORMATION.

17       12.    "GLASER LETTER" means the letter sent from Patricia L. Glaser

18  to John B. Quinn, dated July 5, 2007.

19       13.    "RELATING TO" or "REFER OR RELATE TO" means

20  constituting, embodying, containing, referring to, commenting on, evidencing,

21  regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to,

22  concerning, supporting, contradicting, negating, revoking or otherwise relating to in

23  any manner.

24       14.    "COMMUNICATION," in the plural as well as the singular, means

25  any transmittal and/or receipt of information, whether such was oral or written, and

26  whether such was by chance, prearranged, formal or informal, and specifically includes,

27  but is not limited to, conversations in person, telephone conversations, electronic mail

28  (including instant messages and text messages), voicemail, letters, memoranda,



EXHIBIT   5

PAGE   36

1  statements, media releases, magazine and newspaper articles, and video and audio

2  transmissions.

3      15.   "EMBODIMENT" means any representation of the identified

4  product or its retail packaging, whether two-dimensional or three-dimensional, and

5  whether in tangible, digital, electronic or other form, including but not limited to all

6  works, designs, artwork, sketches, drawings, illustrations, representations, depictions,

7  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

8  reductions to practice, developments, inventions and/or improvements, as well as all

9  other items, things and DOCUMENTS in which any of the foregoing are or have been

10  expressed, embodied, contained, fixed or reflected in any manner, whether in whole or

11  in part.

12      16.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as

13  those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and

14  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings

15  and records of every type and description including, but not limited to, contracts,

16  agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"),

17  records of telephone conversations, handwritten and typewritten notes of any kind,

18  statements, reports, minutes, recordings, transcripts and summaries of meetings, voice

19  recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and

20  records of all types, studies, instruction manuals, policy manuals and statements, books,

21  pamphlets, invoices, canceled checks and every other device or medium by which or

22  through which information of any type is transmitted, recorded or preserved.  Without

23  any limitation on the foregoing, the term "DOCUMENT" shall include all copies that

24  differ in any respect from the original or other versions of the DOCUMENT, including,

25  but not limited to, all drafts and all copies of such drafts or originals containing initials,

26  comments, notations, insertions, corrections, marginal notes, amendments or any other

27  variation of any kind.

28



17.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

18.   "CONTESTED MGA PRODUCTS" means the CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any other doll, product, toy, packaging, advertisement or other matter that, in whole or in part, provides a basis for any claim or defense by YOU against MATTEL.

19.   "CONTESTED BRATZ DOLLS PRODUCTS" means any of the following that provides a basis for any claim by YOU against MATTEL:  (i) any EMBODIMENT or project ever known by the name "Bratz" or any derivative thereof (whether in whole or in part and regardless of what such EMBODIMENT or project is or has been also, previously or subsequently called) and any doll or any portion thereof that is now or has ever been known as, or sold, offered for sale, licensed, offered for license or marketed under, the name or term "Bratz" or any derivative thereof (whether in whole or in part and regardless of what such doll is or has been also, previously or subsequently called), and all prototypes, models, samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU distribute under the name "Bratz" or any derivative thereof; and/or (iii) any and all other goods, product packaging, advertisements, promotional materials or other thing or item or material manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped, imported, exported, licensed, offered for license, sold or offered for sale by YOU or on YOUR behalf under the name "Bratz" or any derivative thereof.


EXHIBIT   5
PAGE   38

1        20.    "CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD"

2  means any of the following that provides a basis for any claim by YOU against

3  MATTEL: (i) any EMBODIMENT or project ever known by the name "Bratz Funky

4  Fashion Makeover Head" or any derivative thereof (whether in whole or in part and

5  regardless of what such EMBODIMENT or project is or has been also, previously or

6  subsequently called) and any styling head or any portion thereof that is now or has ever

7  been known as, or sold, offered for sale, licensed, offered for license or marketed under,

8  the name or term "Bratz" or any derivative thereof (whether in whole or in part and

9  regardless of what such styling head is or has been also, previously or subsequently

10  called), and all prototypes, models, samples and versions of such EMBODIMENT,

11  styling head or any portion thereof; (ii) any accessory that YOU distribute under the

12  name "Bratz Funky Fashion Makeover Head" or any derivative thereof; and/or (iii) any

13  and all other goods, product packaging, advertisements, promotional materials or other

14  thing or item or material manufactured, produced, printed, ordered, marketed,

15  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

16  offered for license, sold or offered for sale by YOU or on YOUR behalf under the name

17  "Bratz Funky Fashion Makeover Head" or any derivative thereof.

18        21.    "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means any

19  of the following that provides a basis for any claim by YOU against MATTEL: (i) any

20  EMBODIMENT or project ever known by the name "4-ever Best Friends" or any

21  derivative thereof (whether in whole or in part and regardless of what such

22  EMBODIMENT or project is or has been also, previously or subsequently called) and

23  any doll or any portion thereof that is now or has ever been known as, or sold, offered

24  for sale, licensed, offered for license or marketed under, the name or term "4-ever Best

25  Friends" or any derivative thereof (whether in whole or in part and regardless of what

26  such doll is or has been also, previously or subsequently called), and all prototypes,

27  models, samples and versions of such EMBODIMENT, doll or any portion thereof;

28  (ii) any playset and accessory that YOU distribute under the name "4-ever Best


EXHIBIT 5
PAGE 132

1 Friends" or any derivative thereof; and/or (iii) any and all other goods, product
2 packaging, advertisements, promotional materials or other thing or item or material
3 manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
4 distributed, shipped, imported, exported, licensed, offered for license, sold or offered
5 for sale by YOU or on YOUR behalf under the name "4-ever Best Friends" or any
6 derivative thereof.

7      22.    "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS" means
8 any of the following that provides a basis for any claim by YOU against MATTEL:
9 (i) any EMBODIMENT or project ever known by the name "Mommy's Little Patient"
10 or similar name or any derivative thereof (whether in whole or in part and regardless of
11 what such EMBODIMENT or project is or has been also, previously or subsequently
12 called) and any doll or any portion thereof that is now or has ever been known as, or
13 sold, offered for sale, licensed, offered for license or marketed under, the name or term
14 "Mommy's Little Patient" or similar name or any derivative thereof (whether in whole
15 or in part and regardless of what such doll is or has been also, previously or
16 subsequently called), and all prototypes, models, samples and versions of such
17 EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU
18 distribute under the name "Mommy's Little Patient" or similar name or any derivative
19 thereof; and/or (iii) any and all other goods, product packaging, advertisements,
20 promotional materials or other thing or item or material manufactured, produced,
21 printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
22 imported, exported, licensed, offered for license, sold or offered for sale by YOU or on
23 YOUR behalf under the name "Mommy's Little Patient" or similar name or any
24 derivative thereof.

25      23.    "CONTESTED ALIENRACERS PRODUCTS" means any of the
26 following that provides a basis for any claim by YOU against MATTEL:  (i) any
27 EMBODIMENT or project ever known by the name "Alienracers" or any derivative
28 thereof (whether in whole or in part and regardless of what such EMBODIMENT or



1  project is or has been also, previously or subsequently called) and any toy vehicle,
2  character, or any portion thereof that is now or has ever been known as, or sold, offered
3  for sale, licensed, offered for license or marketed under, the name or term "Alienracers"
4  or any derivative thereof (whether in whole or in part and regardless of what such toy is
5  or has been also, previously or subsequently called), and all prototypes, models,
6  samples and versions of such EMBODIMENT, toy vehicle, character, or any portion
7  thereof; (ii) any playset and accessory that YOU distribute under the name
8  "Alienracers" or any derivative thereof; and/or (iii) any and all other goods, product
9  packaging, advertisements, promotional materials or other thing or item or material
10  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
11  distributed, shipped, imported, exported, licensed, offered for license, sold or offered
12  for sale by YOU or on YOUR behalf under the name "Alienracers" or any derivative
13  thereof.

14      24.    "CONTESTED MATTEL PRODUCTS" means the CONTESTED
15  MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED MATTEL MY
16  SCENE PETS PRODUCTS, the CONTESTED MATTEL MY SCENE STYLING
17  HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the CONTESTED
18  MATTEL LITTLE MOMMY DOLL PRODUCTS, and the CONTESTED MATTEL
19  ACCELERACERS PRODUCTS, and any other MATTEL doll, product, toy,
20  packaging, advertisement or other matter that, in whole or in part, provides a basis for
21  any claim or defense by YOU against MATTEL.

22      25.    "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"
23  means any of the following that provides a basis for any claim by YOU against
24  MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene" or
25  any derivative thereof (whether in whole or in part and regardless of what such
26  EMBODIMENT or project is or has been also, previously or subsequently called) and
27  any doll or any portion thereof that is now or has ever been known as, or sold, offered
28  for sale, licensed, offered for license or marketed under, the name or term "My Scene".


EXHIBIT ___5___
PAGE ___141___

1 | or any derivative thereof (whether in whole or in part and regardless of what such doll
2 | is or has been also, previously or subsequently called), and all prototypes, models,
3 | samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
4 | playset and accessory that MATTEL distributes under the name "My Scene" or any
5 | derivative thereof; and/or (iii) any and all other goods, product packaging,
6 | advertisements, promotional materials or other thing or item or material manufactured,
7 | produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,
8 | shipped, imported, exported, licensed, offered for license, sold or offered for sale by
9 | MATTEL under the name "My Scene" or any derivative thereof.

10 |      26.   "CONTESTED MATTEL MY SCENE PETS PRODUCTS" means
11 | any of the following that provides a basis for any claim by YOU against MATTEL:
12 | (i) any EMBODIMENT or project ever known by the name "My Scene Pets" or any
13 | derivative thereof (whether in whole or in part and regardless of what such
14 | EMBODIMENT or project is or has been also, previously or subsequently called) and
15 | any toy pet or any portion thereof that is now or has ever been known as, or sold,
16 | offered for sale, licensed, offered for license or marketed under, the name or term "My
17 | Scene" or any derivative thereof (whether in whole or in part and regardless of what
18 | such toy pet is or has been also, previously or subsequently called), and all prototypes,
19 | models, samples and versions of such EMBODIMENT, toy pet or any portion thereof;
20 | (ii) any playset and accessory that MATTEL distributes under the name "My Scene
21 | Pets" or any derivative thereof; and/or (iii) any and all other goods, product packaging,
22 | advertisements, promotional materials or other thing or item or material manufactured,
23 | produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,
24 | shipped, imported, exported, licensed, offered for license, sold or offered for

25 |      27.   "CONTESTED MATTEL MY SCENE STYLING HEAD" means
26 | any of the following that provides a basis for any claim by YOU against MATTEL:
27 | (i) any EMBODIMENT or project ever known by the name "My Scene Styling Head"
28 | or any derivative thereof (whether in whole or in part and regardless of what such

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT   S
PAGE   142

1   EMBODIMENT or project is or has been also, previously or subsequently called) and

2   any styling head or any portion thereof that is now or has ever been known as, or sold,

3   offered for sale, licensed, offered for license or marketed under, the name or term "My

4   Scene" or any derivative thereof (whether in whole or in part and regardless of what

5   such styling head is or has been also, previously or subsequently called), and all

6   prototypes, models, samples and versions of such EMBODIMENT, styling head or any

7   portion thereof; (ii) any accessory that MATTEL distributes under the name "My Scene

8   Styling Head" or any derivative thereof; and/or (iii) any and all other goods, product

9   packaging, advertisements, promotional materials or other thing or item or material

10   manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,

11   distributed, shipped, imported, exported, licensed, offered for license, sold or offered

12   for sale by MATTEL under the name "My Scene Styling Head" or any derivative

13   thereof.

14          28.   "CONTESTED MATTEL WEE-3 PRODUCTS" means any of the

15   following that provides a basis for any claim by YOU against MATTEL:  (i) any

16   EMBODIMENT or project ever known by the name "Wee-3" or any derivative thereof

17   (whether in whole or in part and regardless of what such EMBODIMENT or project is

18   or has been also, previously or subsequently called) and any doll or any portion thereof

19   that is now or has ever been known as, or sold, offered for sale, licensed, offered for

20   license or marketed under, the name or term "Wee-3" or any derivative thereof

21   (whether in whole or in part and regardless of what such doll is or has been also,

22   previously or subsequently called), and all prototypes, models, samples and versions of

23   such EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that

24   MATTEL distributes under the name "Wee-3" or any derivative thereof; and/or (iii) any

25   and all other goods, product packaging, advertisements, promotional materials or other

26   thing or item or material manufactured, produced, printed, ordered, marketed,

27   advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

28


EXHIBIT   5
PAGE   143

1  offered for license, sold or offered for sale by MATTEL under the name "Wee-3" or

2  any derivative thereof.

3      29.    "CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS"

4  means any of the following that provides a basis for any claim by YOU against

5  MATTEL:  (i) any EMBODIMENT or project ever known by the name "Little

6  Mommy" or any derivative thereof (whether in whole or in part and regardless of what

7  such EMBODIMENT or project is or has been also, previously or subsequently called)

8  and any doll or any portion thereof that is now or has ever been known as, or sold,

9  offered for sale, licensed, offered for license or marketed under, the name or term

10  "Little Mommy" or any derivative thereof (whether in whole or in part and regardless

11  of what such doll is or has been also, previously or subsequently called), and all

12  prototypes, models, samples and versions of such EMBODIMENT, doll or any portion

13  thereof; (ii) any playset and accessory that MATTEL distributes under the name "Little

14  Mommy" or any derivative thereof; and/or (iii) any and all other goods, product

15  packaging, advertisements, promotional materials or other thing or item or material

16  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,

17  distributed, shipped, imported, exported, licensed, offered for license, sold or offered

18  for sale by MATTEL under the name "Little Mommy" or any derivative thereof.

19      30.    "CONTESTED MATTEL ACCELERACERS PRODUCTS" means

20  any of the following that provides a basis for any claim by YOU against MATTEL:

21  (i) any EMBODIMENT or project ever known by the name "AcceleRacers" or any

22  derivative thereof (whether in whole or in part and regardless of what such

23  EMBODIMENT or project is or has been also, previously or subsequently called) and

24  any toy vehicle, character, or any portion thereof that is now or has ever been known as,

25  or sold, offered for sale, licensed, offered for license or marketed under, the name or

26  term "AcceleRacers" or any derivative thereof (whether in whole or in part and

27  regardless of what such toy is or has been also, previously or subsequently called), and

28  all prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

EXHIBIT    5
PAGE    144

1 | character, or any portion thereof; (ii) any playset and accessory that MATTEL
2 | distributes under the name "AcceleRacers" or any derivative thereof ; and/or (iii) any
3 | and all other goods, product packaging, advertisements, promotional materials or other
4 | thing or item or material manufactured, produced, printed, ordered, marketed,
5 | advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,
6 | offered for license, sold or offered for sale by MATTEL under the name
7 | "AcceleRacers" or any derivative thereof.

8 |      31.   "FORMER MATTEL EMPLOYEES" means any former Mattel
9 | employee who left MATTEL to join YOU, including but not limited to Janine Brisbois,
10 | Ron Brawer, Jorge Castilla, Nic Contreras, Dan Cooney, Carlos Gustavo Machado,
11 | Mariana Trueba Almada, Pablo Vargas San Jose and Shirin Salemnia.

12 |      32.   "COMPLAINT" means the Complaint for False Designation of
13 | Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair
14 | Competition (15 U.S.C. § 1125(a)); <u>Cal. Bus. & Prof. Code</u> § 17200 et seq. and
15 | California Common Law); Dilution (15 U.S.C. § 1125(c), <u>Cal Bus. & Prof. Code</u>
16 | § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or
17 | about April 13, 2005.

18 |      33.   The singular form of a noun or pronoun includes within its meaning
19 | the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine
20 | form of a pronoun also includes within its meaning the feminine form of the pronoun so
21 | used, and *vice versa*; the use of any tense of any verb includes also within its meaning
22 | all other tenses of the verb so used, whenever such construction results in a broader
23 | request for information; and "and" includes "or" and *vice versa*, whenever such
24 | construction results in a broader disclosure of documents or information.

25 |
26 |          **Topics of Examination**
27 |      1.   The invention; creation, origin, conception, authorship, design and
28 | development of the CONTESTED MGA PRODUCTS, including without limitation the

07209/2254636.1

-13-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT 5
PAGE 145



1  circumstances under which and the date(s) on which each occurred and the IDENTITY
2  and role(s) of each PERSON involved.

3        2.    Any revisions, modifications or changes made to any of the
4  CONTESTED MGA PRODUCTS, including without limitation any proposed
5  alternatives, modifications or changes (whether or not implemented) to such
6  CONTESTED MGA PRODUCTS, the date(s) on which such revisions, modifications
7  or changes were made or proposed and the reasons for their implementation or non-
8  implementation.

9        3.    The development of YOUR 2005 product line, including the
10  IDENTITY of each PERSON who participated in the decision making leading up to
11  YOUR 2005 product line and any changes or modifications thereto, and the invention,
12  creation, origin, conception, authorship, design, development, manufacture, distribution
13  and sale of products therein.

14        4.    The development of YOUR 2006 product line, including the
15  IDENTITY of each PERSON who participated in the decision making leading up to
16  YOUR 2005 product line and any changes or modifications thereto, and the invention,
17  creation, origin, conception, authorship, design, development, manufacture, distribution
18  and sale of products therein.

19        5.    The   content,   meaning,   authenticity   and   source   of
20  COMMUNICATIONS, advertisements, and/or promotional statements that provide a
21  basis for any claim by YOU against MATTEL.

22        6.    COMMUNICATIONS between YOU and any PERSON, including
23  without limitation any retailer or distributor, that REFER OR RELATE TO the
24  CONTESTED MATTEL PRODUCTS.

25        7.    The first date of manufacture, shipment and availability for
26  distribution and retail sale of each of the CONTESTED MGA PRODUCTS.

27

28

07209/2254636.1

-14-

FOURTH NOTICE OF DEPOSITION OF MGA



EXHIBIT ___ 5

PAGE ___ 146

8. The first date that each of the CONTESTED MGA PRODUCTS was shown to any PERSON not employed by MGA, whether in concept, prototype, or finished form, and the IDENTITY of each PERSON involved therein.

9. The sculptures, including all preliminary sculptures and all versions of such sculptures, made, produced or prepared in connection with the CONTESTED BRATZ DOLLS PRODUCTS.

10. The tooling and manufacture of any of the CONTESTED MGA PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.

11. The marketing, advertising, promotion and licensing of the CONTESTED MGA PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans, sales forecasts, strategies, surveys and analyses and including the identity of the channels in which such have been or are disseminated or distributed.

12. The ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

13. Any copyright, patent, design right or any other registration or application for registration of the CONTESTED MGA PRODUCTS, including but not limited to all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits, correspondence, notes and other DOCUMENTS relating thereto.

14. The display, exhibition, publication, circulation, or other dissemination of the CONTESTED MGA PRODUCTS to distributors, retailers, licensees, the media, or the public, including but not limited to toy and trade shows and conventions and the date(s) on which such occurred.

07209/2254636.1

-15-

EXHIBIT 5
PAGE 147

1        15.   YOUR expenditures in advertising or promoting the CONTESTED

2  MGA PRODUCTS, including by year and by medium.

3        16.   Any contracts or licenses entered into, negotiated, proposed, or

4  requested RELATING TO any of the CONTESTED MGA PRODUCTS.

5        17.   The target market or potential target market, and the demographics

6  of any actual, potential or prospective consumers, customers, purchasers or licensees of

7  the CONTESTED MGA PRODUCTS.

8        18.   The number of units of the CONTESTED MGA PRODUCTS

9  manufactured, produced, ordered, stored in inventory, imported, exported, shipped,

10  sold, or offered for sale by any PERSON, including but not limited to YOU.

11       19.   YOUR revenues, costs and profits for each of the CONTESTED

12  MGA PRODUCTS, including but not limited to YOUR per-unit cost, and YOUR gross,

13  incremental and net profits for each of the CONTESTED MGA PRODUCTS.

14       20.   Any complaints or dissatisfaction concerning the CONTESTED

15  MGA PRODUCTS, including but not limited to the returns of, or the number of or rate

16  of defects for, such products.

17       21.   Any potential or actual confusion, any potential or actual mistake or

18  any potential or actual deception of any PERSON as to the origin, affiliation,

19  sponsorship or association of the CONTESTED MGA PRODUCTS or CONTESTED

20  MATTEL PRODUCTS that YOU are aware of, including but not limited to all studies,

21  surveys, interviews, reports and COMMUNICATIONS regarding any such confusion,

22  mistake or deception.

23       22.   Any potential or actual confusion, any potential or actual mistake or

24  any potential or actual deception of any PERSON as to the origin, affiliation,

25  sponsorship or association of the CONTESTED MATTEL PRODUCTS that you are

26  aware of, including but not limited to all studies, surveys, interviews, reports and

27  COMMUNICATIONS regarding any such confusion, mistake or deception.

28

FOURTH NOTICE OF DEPOSITION OF MGA



EXHIBIT 5
PAGE 48

23.    Any consumer studies, reports, surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS, included but not limited to YOUR knowledge of the reasons why consumers purchase any of the CONTESTED MGA PRODUCTS or any of the CONTESTED MATTEL PRODUCTS.

24.    Marketing studies, marketing plans, sales plans, sales forecasts, strategies and analyses that REFER OR RELATE TO THE CONTESTED MATTEL PRODUCTS.

25.    MATTEL's alleged copying, infringement or dilution of the CONTESTED MGA PRODUCTS or any claimed EMBODIMENT thereof.

26.    To the extent not disclosed in response to any other Topic, all other facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof.

27.    COMMUNICATIONS between YOU and MATTEL RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

28.    Any damage, loss, injury or unjust enrichment that YOU claim has been sustained by reason of any act or omission by MATTEL, including but not limited to any alleged lost profits, lost sales, lost royalty, lost opportunity, lost license, revenue, price erosion, or consequential or incidental damage, including but not limited to the causation for any such alleged unjust enrichment, damage, loss, or injury and the amounts of all such damage, loss, injury or unjust enrichment.

29.    When, and under what circumstances, YOU became aware that Mattel had created, designed, developed, sold, offered for sale or licensed the CONTESTED MATTEL PRODUCTS.

30.    The copying, reproduction or use of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf since January 1, 1999.

0720972254636.1

-17-

FOURTH NOTICE OF DEPOSITION OF MGA


EXHIBIT ___ 8 ___
PAGE ___ 142 ___

1    31.   Any similarity or dissimilarity between any of the CONTESTED

2 MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

3    32.   The hiring, engagement, or retention by YOU of any current or

4 former MATTEL employee or contractor since January 1, 1999, including but not

5 limited to the terms of all employment agreements and agreements RELATING TO

6 confidentiality or the invention, authorship, or ownership of any concept or product.

7    33.   YOUR receipt, reproduction, copying, storage, transmission,

8 transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or

9 information, including but not limited to any compilation of information, that was

10 prepared, made, created, generated, assembled or compiled by or for MATTEL and that

11 was not publicly available at the time of YOUR receipt of such DOCUMENT, data

12 and/or information.

13    34.   YOUR knowledge of any MATTEL product prior to the time that

14 such product had been announced or disclosed by MATTEL to retailers or the public,

15 including but not limited to the CONTESTED MATTEL PRODUCTS.

16    35.   YOUR receipt, reproduction, copying, storage, transmission,

17 transfer, retention, destruction, deletion or use of any MATTEL line list or other

18 DOCUMENT prepared by MATTEL identifying MATTEL products in the planning,

19 design or development phase.

20    36.   The search and seizure of DOCUMENTS by Mexican authorities

21 from MGA's office in Mexico City, Mexico, and all COMMUNICATIONS that

22 REFER OR RELATE thereto.

23    37.   All payments of money or any item of value made by YOU, directly

24 or indirectly, or offered, proposed, promised, requested or solicited by or from YOU,

25 directly or indirectly, in connection criminal proceedings or potential or prospective

26 criminal proceedings against YOU or any of YOUR employees, including without

27 limitation Gustavo Machado, and including without limitation YOUR payment or

28 reimbursement of legal fees for or on behalf of any PERSON.

EXHIBIT     5
PAGE     150

38.     COMMUNICATIONS between YOU and any PERSON RELATING TO the resignation or departure of any FORMER MATTEL EMPLOYEES from Mattel.

39.     The compensation, money or any other item of value paid to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, by YOU.

40.     The identity of DOCUMENTS RELATING TO any MATTEL product or plan that any FORMER MATTEL EMPLOYEE provide or disclosed to or shared with YOU, directly or indirectly.

41.     COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

42.     The content, authenticity, accuracy and meaning of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE.

43.     COMMUNICATIONS between YOU and Pablo Vargas San Jose prior to April 20, 2004.

44.     COMMUNICATIONS between YOU and Janine Brisbois prior to September 27, 2005.

45.     COMMUNICATIONS between YOU and Ron Brawer prior to October 2, 2004.

46.     COMMUNICATIONS between YOU and Carlos Gustavo Machado Gomez ("Machado") prior to April 20, 2004.

47.     COMMUNICATIONS between YOU and Mariana Trueba Almada ("Trueba") prior to April 20, 2004.

-19-

FOURTH NOTICE OF DEPOSITION OF MGA

07209/2254636.1


EXHIBIT 5
PAGE ISI

1      48.   The existence or extent of competition or substitution between any
2 of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL
3 PRODUCTS.

4      49.   The factual basis for YOUR claim that any of the CONTESTED
5 MGA PRODUCTS have acquired secondary meaning or are famous.

6      50.   The factual basis for YOUR claim that any of MATTEL's actions
7 have caused actual dilution.

8      51.   Mattel's alleged intimidation, coercion or threats to retailers,
9 licensees, suppliers and others in the industry."

10     52.   The factual basis for YOUR claim that Mattel "serially imitated and
11 copy-catted [*sic*] the look of MGA products, trade dress, trademarks, themes, ideas,
12 advertising and packaging."

13     53.   The basis for YOUR claim that the Bratz dolls launched in 2001
14 were "unique and distinctive."

15     54.   The identification of YOUR alleged trade dress in connection with
16 the CONTESTED MGA PRODUCTS, including without limitation with respect to
17 "themes," and the factual bases for YOUR claim that YOU have any legally protected
18 interest in such trade dress.

19     55.   The factual basis for YOUR allegation that advertising executives
20 have expressed concern about "Bratz" and Mattel's "My Scene," what concerns they
21 expressed and the IDENTITY of each such executive.

22     56.   The factual basis for YOUR allegation that the press confused
23 YOUR products with MATTEL products and "has taken notice" of alleged confusion
24 between "Bratz" and "My Scene."

25     57.   All COMMUNICATIONS relating to customers who have allegedly
26 contacted YOU to purchase Mattel's "My Scene" dolls or any of the CONTESTED
27 MATTEL PRODUCTS.

28



EXHIBIT  5
PAGE  52

58. The factual basis for YOUR claim that MATTEL has infringed, diluted or otherwise violated any trade dress that YOU contend YOU own in the CONTESTED MGA PRODUCTS.

59. The factual basis for YOUR claim that MATTEL has engaged in "strong-arm tactics, and other illegitimate, unfair and anti-competitive means."

60. COMMUNICATIONS between YOU and any PERSON RELATING TO the departure from MATTEL of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

61. COMMUNICATIONS between YOU and any PERSON RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

62. COMMUNICATIONS between YOU and any current or FORMER MATTEL EMPLOYEE or MATTEL or contractor RELATING TO the ownership of any idea, concept, design, or product.

63. COMMUNICATIONS between YOU and any PERSON RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MATTEL employee or contractor.

64. Mattel's alleged "warnings," "threats" or "intimidation" that are the subject of YOUR claims, including but not limited to all COMMUNICATIONS with any present or former licensees of MATTEL and any present or former distributors and retailers of MGA and MATTEL products.

65. MATTEL's alleged responsibility for "shortage of doll hair in October 2002."

66. MATTEL's alleged "manipulation of the retail market," including by its alleged tampering with MGA's retail displays.

67. MATTEL's alleged false statements about YOU or YOUR business practices.

072092'23636.1.

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___5___
PAGE ___53___


1    68.   MATTEL's alleged violation of any rules or restrictions relating to
2   data provided to subscribers by NPD or any other wrongful conduct relating to NPD.
3    69.   COMMUNICATIONS between YOU and NPD, other than periodic
4   reports transmitted by NPD or information made available to YOU by NPD, between
5   January 1, 2000 and the present.
6    70.   YOUR contracts and agreements with NPD since January 1, 1999,
7   including without limitation any allegation by NPD that YOU were or have been in
8   breach or violation thereof.
9    71.   The status of YOUR NPD subscription between January 1, 1999 and
10   the present.
11    72.   MATTEL's alleged inducement of CARU to place onerous
12   restrictions on MGA advertisements, and require MGA to amend aspects of
13   commercials that have gone unchallenged in other parties' commercials.
14    73.   COMMUNICATIONS between YOU and CARU between
15   January 1, 2000 and the present RELATING TO MATTEL, ANY CONTESTED MGA
16   PRODUCTS, ANY CONTESTED MATTEL PRODUCTS or any other subject or
17   matter that YOU are relying upon in this ACTION.
18    74.   MATTEL's allegedly improper influence with or within TIA,
19   including but not limited to the procedures for and manner in which the Toy of the Year
20   was selected for 2003.
21    75.   YOUR COMMUNICATIONS with TIA RELATING TO Toy of the
22   Year since January 1, 2000 or any other subject or matter on which YOU base any
23   claim.
24    76.   MATTEL's purported power, influence and intimidation to threaten
25   retailers, suppliers, licensees, distributors, manufacturers and industry bodies so as to
26   limit or prevent MGA from doing business.
27    77.   MATTEL's alleged intimidation of or threats against MGA's current
28   and potential employees.

0720907/2254636.1                                 -22-
                                       FOURTH NOTICE OF DEPOSITION OF MGA


EXHIBIT      5
PAGE      154

1      78.   YOUR monthly, quarterly and annual financial reports, including

2  financial statements (both audited and unaudited) for the years 1998 through the

3  present, inclusive.

4      79.   The identity of DOCUMENTS that YOU have reason to believe

5  were created by or originated from MATTEL (excluding MATTEL products that YOU

6  purchased at retail) at any time since January 1, 1998.

7      80.   The destruction of any DOCUMENT RELATING TO the

8  CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

9      81.   COMMUNICATIONS with, or inquiry or investigation by, any

10  government entity, industry organization, safety compliance, or consumer organization

11  RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL

12  PRODUCTS.

13      82.   YOUR understanding or belief of whether the BRYANT/MGA

14  AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and

15  COMMUNICATIONS related thereto.

16      83.   The public perception of the CONTESTED MGA PRODUCTS,

17  including without limitation with respect to the appropriateness or suitability of Bratz

18  for children.

19      84.   The factual basis for YOUR alleged belief that YOU had the right to

20  market products developed as a result of the BRYANT/MGA AGREEMENT and to the

21  lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the

22  execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and

23  COMMUNICATIONS YOU so relied upon when YOU entered into the agreement.

24      85.   The factual basis for YOUR contention that YOU believed at the

25  time YOU entered into the BRYANT/MGA AGREEMENT that it would be lawful for

26  YOU to acquire THE BRATZ PITCH MATERIALS from BRYANT, and the

27  DOCUMENTS and COMMUNICATIONS YOU so relied upon at the time YOU

28  entered into the BRYANT/MGA AGREEMENT.

EXHIBIT 5
PAGE 155



1      86.    YOUR belief or non-belief that BRYANT created or improved any

2 of THE BRATZ PITCH MATERIALS while employed by MATTEL, and the

3 DOCUMENTS and COMMUNICATIONS YOU so relied upon.

4      87.    Any investigation or inquiry YOU conducted to confirm the timing

5 of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including

6 but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto.

7      88.    The factual bases for YOUR affirmative defenses.

8      89.    The IDENTITY of all DOCUMENTS that were in the possession of

9 Farhad Larian that YOU claim were reviewed by Quinn Emanuel Urquhart Oliver &

10 Hedges LLP at any time prior to January 1, 2007.

11      90.    The factual bases for YOUR allegations in the GLASER LETTER,

12 including YOUR allegation that DOCUMENTS in the possession of Farhad Larian and

13 reviewed by Quinn Emanuel Urquhart Oliver & Hedges LLP were purportedly

14 privileged and confidential.

15      91.    Any services Farhad Larian has provided to YOU since January 1,

16 2005, including any litigation consulting services.

17      92.    The IDENTITY of DOCUMENTS that Farhad Larian was provided

18 with or had access to, including YOUR allegedly privileged and confidential

19 DOCUMENTS, since January 1, 2001.

20      93.    The terms of any contracts or agreements, including any

21 confidentiality agreements, between YOU and Farhad Larian.

22      94.    The identity of each doll, accessory, product, work or item

23 produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or

24 on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative

25 of any BRATZ DESIGN.

26      95.    Except for deposition testimony provided in this ACTION, the

27 testimony, transcripts, declarations, affidavits and other sworn written statements of any

28 other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO

-24-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT ___5___

PAGE ___156___



1   BRATZ and that REFER OR RELATE TO the time period prior to June 30, 2001
2   (regardless of when such testimony or sworn statement was taken, given, signed, made
3   or filed).

4           96.     The authenticity, content, timing, meaning, and truth and accuracy
5   of YOUR COMMUNICATIONS with any PERSON, including without limitation any
6   retailer and the media, that REFER OR RELATE TO the National Labor Committee
7   dated December 21, 2006 entitled "Made in China: The Sweatshop Behind the Bratz"
8   or the Hau Tai K4 factory.

9           97.     The identity of each doll, product, packaging or other matter that
10  YOU have accused of infringing, diluting or otherwise violating YOUR purported
11  rights in any of the CONTESTED MGA PRODUCTS, the IDENTITY of each
12  manufacturer of each doll, product, packaging or other matter and the specific aspects
13  of each such doll, product, packaging or other matter that YOU have claimed was
14  confusingly or substantially similar to any of the CONTESTED MGA PRODUCTS.

15          98.     The identity, and outcome and resolution, of each lawsuit that YOU
16  have brought or cease and desist letter YOU have sent each doll, product, packaging or
17  other matter that YOU have accused of infringing, diluting or otherwise violating
18  YOUR purported rights in any of the CONTESTED MGA PRODUCTS.

19          99.     The job responsibilities of each FORMER MATTEL EMPLOYEE
20  in the first six months after each joined MGA.

21          100.    YOUR scheduling, planning, inventory, shipping, distribution or
22  forecasting software since January 1, 2005, including but not limited to any and all
23  changes, improvements, acquisitions, upgrades and purchases.

24          101.    DOCUMENTS created by each of the FORMER MATTEL
25  EMPLOYEES in the first six months after each joined MGA.

26          102.    The make-up, source, calculation and purpose of the amounts
27  presented in MGA documents Bates-numbered MGA 0101018-21 (Exhibit 661) and
28  MGA 08185789 (Exhibit 662).



EXHIBIT   5
PAGE   157

1
## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5  California 90026.

6    On January 9, 2008, I served true copies of the following documents

7  described as:

8   **1. FOURTH NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

9

10  **2. NOTICE OF DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

11  on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for** *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for** *Carlos Gustavo Machado Gomez* |

21    [√]   **[PERSONAL]** by personally delivering the document listed above to

22    the person(s) at the address(es) set forth above.

23

24

25

26

27

28

07209/2347166

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE


EXHIBIT 5
PAGE 158

1   I declare that I am employed in the office of a member of the bar of this court at

2   whose direction the service was made

3       Executed on January 9, 2008, at Los Angeles, California.

4

5

6            David Quintana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ____5____

PAGE ____159____

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 9, 2008, I served true copies of the following documents described as:

**1. FOURTH NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

**2. NOTICE OF DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

on the parties in this action as follows:

| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |
|---|---|

[√]    **[MAIL]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

07209/2347166.

EXHIBIT    5

PAGE    160

1       I declare that I am employed in the office of a member of the bar of this court

2 at whose direction the service was made

3       Executed on January 9, 2008, at Los Angeles, California.

4

5

6                       Tiffany Garcia

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 5

PAGE 161

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
  | (johnquinn@quinnemanuel.com)
3 | Michael T. Zeller (Bar No. 196417)
  | (michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
  | (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
  | Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
  | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 |                   UNITED STATES DISTRICT COURT

10 |                 CENTRAL DISTRICT OF CALIFORNIA

11 |                         EASTERN DIVISION

12 | CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

         Plaintiff,

13 |                                        NOTICE OF DEPOSITION OF MGA
                                           ENTERTAINMENT (HK) LIMITED
14 |       vs.                             PURSUANT TO FEDERAL RULE OF
                                           CIVIL PROCEDURE 30(B)(6)
15 | MATTEL, INC., a Delaware
   | corporation,                          Discovery Cut-Off: October 22, 2007
16 |                                        Pre-Trial Conference: January 14, 2008
           Defendant.                      Trial Date: February 12, 2008
17 |

18 |
   | AND CONSOLIDATED ACTIONS
19 |

20

21

22

23

24

25

26

27

28

SERVED ON US BY MAIL
6-4-07

209/2048031.1

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT  5
PAGE  162

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

　　　　PLEASE TAKE NOTICE that on June 21, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment (HK) Limited at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment (HK) Limited shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

　　　　PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

　　　　PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED:  June 4, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  _Mike T. Z—_
Michael T. Zeller
Attorneys for Mattel, Inc.

209/2048031.

-1-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED

EXHIBIT   5
PAGE   63

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1.    "YOU," "YOUR" or "MGA" means MGA Entertainment (HK) Limited, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.    "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.    "BRATZ" means any project, product or doll ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product or doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product or doll or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each EMBODIMENT of such doll or any portion thereof. As used herein, "product or doll or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

209/2048031.

-2-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED



EXHIBIT    5
PAGE    164

4.    "DESIGN" or "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.    "EMBODIMENT" means any representation, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.    The DRAWINGS means those documents produced as Bates Nos. MGA000053-57,    MGA000392-395,    MGA000435-439,    MGA000455-481 MGA004606,  MGA004608,  MGA004640,  MGA005065,  MGA006423-6426, MGA006432-6436, MGA006438-06440, MGA006442-6467, and SL00016-45.

7.    "ANGEL" refers to those projects, products or dolls, sometimes called "Angel Faces" and/or "Prayer Angels," that are the subject of MGA000706-08, MGA000710-12,    MGA000714-16,    MGA000718-20,    MGA000724-28    and MGA000734. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

109/2048031.



EXHIBIT    5
PAGE    165

8.    The "ANGEL DOCUMENTS" means each of the following: MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-26, MGA000724-28 and MGA000734.

9.    "BASED ON" means copied or reproduced from, substantially similar to, based on or derived from in any manner, whether in whole or in part.

10.    "CREATED" means produced, prepared, created, authored, conceived of or reduced to practice, whether in whole or in part and whether alone or jointly with others.

11.    "IDENTIFY" or "IDENTITY" means the following:

(a)    With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)    With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)    With reference to an EMBODIMENT, means the IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other individual who contributed in any manner to the EMBODIMENT; the form, material and medium of the EMBODIMENT (e.g., preliminary three-dimensional resin sculpture, final three-dimensional wax sculpture, digitized file of final three-dimensional wax sculpture, two-dimensional design drawing on paper); each title or name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's creation or preparation; and the current location of the EMBODIMENT.

12.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more

-4-

509/2048031.

EXHIBIT ___5___
PAGE ___166___

PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13.     "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

14.     "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

15.     "SYSTEM" or "SYSTEMS" means any computer or network of computers or other network devices that allow a two or more computers to share information and equipment, including but not limited to local area networks, wide area networks, storage area networks, client-server networks or peer-to-peer networks. The use of the term "SYSTEM" or "SYSTEMS" also includes the brand, model number, technical specifications, and capacities of the computers who are part of each such SYSTEM.

16.     "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

17.     "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the <u>Federal Rules of Civil Procedure</u> and Rule 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind,

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED

109/2048031.


EXHIBIT 5
PAGE 167

statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

18.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

19.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

### Topics of Examination

1.    The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY

09/2048031.

-6-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED



1  of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved

2  therein, and the nature, extent and time period(s) of each such PERSON's involvement.

3      2.    The circumstances under which BRATZ or any BRATZ DESIGN

4  first came to YOUR attention, including without limitation the timing, method and

5  manner thereof and the IDENTITY of each PERSON with knowledge thereof.

6      3.    The identity of each doll, product, work or item produced,

7  developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR

8  behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

9      4.    To the extent not covered by Topic 3, each EMBODIMENT of any

10  doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

11      5.    The work, activities and/or services that BRYANT performed for or

12  with YOU or on YOUR behalf prior to June 30, 2001.

13      6.    The origin, conception and creation of DESIGNS that BRYANT

14  CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever

15  claimed to have, any right, title or interest (whether in whole or in part).

16      7.    The identity of, and the design, development, sculpting,

17  development, engineering, rotocasting, modeling, prototyping and first sale of, any doll,

18  product, work or item that has been produced, developed, manufactured, licensed, sold

19  or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN

20  referenced in Topic 6.

21      8.    Each EMBODIMENT of BRATZ that was CREATED prior to June

22  30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was

23  CREATED prior to June 30, 2001.

24      9.    The DRAWINGS, including without limitation the authorship,

25  creation, dissemination and use thereof and the source, meaning, authenticity and

26  timing of any dates thereon.

27      10.   The email produced by MGA in this ACTION as MGA

28  MGA000422, including without limitation the IDENTITY, current and last known



EXHIBIT 5
PAGE 69

1  location, disposition and use of the DOCUMENTS and tangible items that are
2  referenced in such email.

3          11.    The email and attachment produced by MGA in this ACTION as
4  MGA000007-MGA000009, including without limitation the IDENTITY, current and
5  last known location, disposition and use of each sculpt referenced in and depicted by
6  such email and attachment.

7          12.    The showing of BRATZ at Hong Kong Toy Fair in January 2001,
8  including without limitation the IDENTITY and whereabouts of DOCUMENTS
9  (including photographs and videotapes) and tangible items that REFER OR RELATE
10  TO such toy fair.

11         13.    The showing of BRATZ at Tokyo Toy Fair in February 2001,
12  including without limitation the IDENTITY and whereabouts of DOCUMENTS
13  (including photographs and videotapes) and tangible items that REFER OR RELATE
14  TO such toy fair.

15         14.    The IDENTITY of each vendor or third party who performed or
16  contributed, or who was considered, solicited, requested, proposed or contemplated by
17  YOU or BRYANT to perform or contribute, any activities, work or services in
18  connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR
19  COMMUNICATIONS therewith, and the nature, extent and timing of such activities,
20  work or services.

21         15.    The exhibition, or proposed, offered, contemplated or requested
22  exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30,
23  2001, including without limitation each instance in which BRATZ or any BRATZ
24  DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise
25  discussed with or communicated to, any retailer, wholesaler or distributor and the
26  DOCUMENTS that REFER OR RELATE thereto.

27         16.    The actual, proposed, requested or contemplated manufacture,
28  fabrication or tooling (including the production of molds) of BRATZ, including without


EXHIBIT    5
PAGE    170

1 │ limitation the timing thereof and the IDENTITY of each manufacturer and potential
2 │ manufacturer used, proposed or considered.

3 │          17.    COMMUNICATIONS prior to June 30, 2001 between YOU and
4 │ any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or
5 │ potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE
6 │ TO BRATZ or any BRATZ DESIGN.

7 │          18.    When and where BRATZ was first manufactured, shipped,
8 │ distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

9 │          19.    The licensing, including without limitation the proposed or
10 │ requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001,
11 │ including without limitation the timing thereof, the IDENTITY of each such licensee or
12 │ proposed or requested licensee and the product(s) or proposed product(s) involved.

13 │          20.    COMMUNICATIONS between YOU and BRYANT prior to
14 │ January 1, 2001, including without limitation the content, means and timing of such
15 │ COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and
16 │ the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

17 │          21.    COMMUNICATIONS that BRYANT made for YOU or on YOUR
18 │ behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior
19 │ to June 30, 2001.

20 │          22.    YOUR agreements and contracts with BRYANT, including without
21 │ limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
22 │ REFER OR RELATE thereto, and any actual or proposed amendments thereto.

23 │          23.    Each agreement or contract between YOU and any PERSON other
24 │ than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that
25 │ REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of
26 │ when such agreement or contract was negotiated or executed), including without
27 │ limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
28 │ REFER OR RELATE thereto, and any actual or proposed amendments thereto.

809/2048031.



1      24.   YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts
2 and agreements with, and his obligations to, MATTEL.

3      25.   YOUR knowledge of, and access to, non-public MATTEL DIVA
4 STARZ project information and DESIGNS prior to June 30, 2001.

5      26.   The payment of money or anything of value by or for YOU or on
6 YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work,
7 services or activities performed by BRYANT prior to January 1, 2001 (regardless of
8 when such payment was actually made), (b) for DESIGNS CREATED by BRYANT
9 prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in
10 connection with BRATZ or any BRATZ DESIGN at any time, including without
11 limitation the timing, manner and amount(s) thereof and the reasons therefor.

12      27.   Any indemnification and fee arrangement that YOU and/or
13 BRYANT has sought, proposed, requested or obtained in connection with this
14 ACTION.

15      28.   YOUR revenues and profits from BRATZ, including without
16 limitation YOUR gross and net profits, and YOUR costs associated therewith.

17      29.   YOUR net worth.

18      30.   The payment of money or anything of value that YOU have made or
19 offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought
20 or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s)
21 and reasons therefor.

22      31.   COMMUNICATIONS between YOU and Elise Cloonan that
23 REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including
24 without limitation the IDENTITY of DOCUMENTS that REFER OR RELATE TO
25 such COMMUNICATIONS.

26      32.   COMMUNICATIONS made by, for or on behalf of YOU, whether
27 directly or indirectly, with Anna Rhee, including without limitation since February
28 2005 (but not including any such COMMUNICATIONS with her legal counsel).

-10-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED


EXHIBIT S
PAGE 172

1    33.    COMMUNICATIONS between YOU and Veronica Marlow,
2  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah
3  Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO
4  BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all
5  DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

6    34.    The IDENTITY of each PERSON who, at any time since January 1,
7  1998, has performed any work or services for, by or on behalf of YOU while such
8  PERSON was employed by MATTEL, the nature and timing of each such PERSON's
9  work or services and the amount(s) paid by YOU to each such PERSON.

10    35.    COMMUNICATIONS between YOU and BRYANT that REFER
11  OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was
12  prepared, authored or created by MATTEL that BRYANT has ever provided to, shown,
13  described to, communicated to or disclosed in any manner to YOU.

14    36.    The applications for registration and the registrations for copyright,
15  patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ
16  DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT,
17  including without limitation COMMUNICATIONS pertaining thereto.

18    37.    Other than those previously filed and served in this ACTION or in
19  which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,
20  transcripts, declarations, affidavits and other sworn written statements of any other type
21  by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ
22  THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of
23  when such testimony or sworn statement was taken, given, signed, made or filed).

24    38.    COMMUNICATIONS between YOU and Universal Commerce
25  Corp., Ltd. prior to June 30, 2001.

26    39.    The source, meaning and authenticity of SL00013-14, including
27  without limitation the timing of its creation and the handwriting thereon.

28

109/2048031.


EXHIBIT    5
PAGE    173

1      40.    YOUR corporate structure since January 1, 1999, including without

2  limitation YOUR relationship with MGA Entertainment, Inc., and the IDENTITY of

3  YOUR officers, directors, shareholders and employees since January 1, 1999.

4      41.    The retention or destruction policies, procedures and practices for

5  YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO

6  BRATZ since January 1, 1999, including without limitation the retention or destruction

7  of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,

8  modified or upgraded and (b) when PERSONS leave YOUR employ.

9      42.    The preservation, collection, destruction, removal, transfer, loss or

10  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection

11  with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

12      43.    The preservation, collection, destruction, removal, transfer, loss or

13  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,

14  1999 that REFER OR RELATE TO MATTEL (including without limitation to any

15  MATTEL product, plan or information) that YOU received in any manner from any

16  PERSON who was at the time an employee of MATTEL or who had previously been

17  an employee of MATTEL.

18      44.    The testing of or sampling from DOCUMENTS that REFER OR

19  RELATE TO BRATZ or BRYANT, including without limitation such testing or

20  sampling in connection with any ink, paper or chemical analysis performed or

21  attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

22  thereto and all results and reports relating thereto.

23      45.    YOUR DIGITAL INFORMATION data backup policies, practices

24  and procedures from January 1, 1999 to the present, including without limitation the

25  location and specifications of any media used to preserve YOUR DIGITAL

26  INFORMATION and the software, if any, used to preserve YOUR DIGITAL

27  INFORMATION.

28


EXHIBIT   5
PAGE   174

46.   The DIGITAL INFORMATION SYSTEMS and the application software that YOU have used since January 1, 1999 that REFER OR RELATE TO design, development, planning, inventory, manufacturing, sales, shipping and accounting, including without limitation the common or shared storage for such DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL INFORMATION SYSTEMS, and any changes, modifications or upgrades to such DIGITAL INFORMATION SYSTEMS or application software.

47.   The IDENTITY of PERSONS, including without limitation vendors, who since January 1, 1999 have been responsible for or supported YOUR DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of such PERSON who serviced or provided hardware for YOUR DIGITAL INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL INFORMATION, including but not limited to internet service providers, and provided analytical, training or implementation services with respect to YOUR DIGITAL INFORMATION SYSTEMS.

48.   The electronic messaging SYSTEMS used by YOUR employees within the scope of their employment between January 1, 1999 and the present, including but not limited to electronic mail, instant messenger, telephone or voice-mail, and the routing of such electronic messages to, from or within MGA.

49.   YOUR policies, practices and procedures regarding the use of transportable media that contain or are capable of containing DIGITAL INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB drives, portable hard drives, digital cameras and personal digital assistants.

50.   The identity of each PERSON involved in ANGEL, and the nature and time period(s) of each such PERSON's involvement therein.

51.   The conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of ANGEL, including without limitation the chronology thereof.

309/2048031.



1       52.   The identity of, and the design, development and first sale of, any
2  products resulting from ANGEL.

3       53.   The source, meaning and authenticity of the ANGEL
4  DOCUMENTS, including of the handwritten notations thereon.

5       54.   The identity of any computer or computer system by or from which
6  the ANGEL DOCUMENTS were created or generated or in which they have been
7  maintained, and the identity of the computer programming or software used in
8  connection therewith.

9       55.   The identity of DOCUMENTS and tangible items that REFER OR
10  RELATE TO ANGEL.

11       56.   YOUR COMMUNICATIONS that REFER OR RELATE TO
12  ANGEL, including without limitation with MGA Entertainment, Inc., prior to
13  December 31, 2001.

14       57.   The identity, source and current location of each head that was
15  provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21,
16  2000.

17       58.   The identity of each PERSON involved in the conception, design,
18  development, production, sculpting, rotocasting, molding, modeling or prototyping of
19  each head that was provided by, for or on behalf of YOU to Anna Rhee for painting
20  prior to October 21, 2000.

21       59.   To the extent not covered by any other Topic, the roles, involvement
22  and activities of Stephen Lee, Cecelia Kwok, Franki Tsang, Victor Lee, Victor
23  Raymond Fung, CY Ho, Eric Yip, Jimmy Cheng and Samuel Wong in connection with
24  BRATZ and/or ANGEL prior to December 31, 2001, including without limitation the
25  timing of such roles, involvement and activities.

26       60.   To the extent not covered by any other Topic, the IDENTITY,
27  current and last known location, and disposition of DOCUMENTS that REFER OR
28  RELATE TO BRATZ and/or ANGEL that were, prior to December 31, 2001, created,

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED


EXHIBIT  5
PAGE  176

1  generated, sent and/or received by YOU, including without limitation by Stephen Lee,

2  Cecelia Kwok, Franki Tsang, Victor Lee, Eric Yip, Victor Raymond Fung, CY Ho,

3  Jimmy Cheng and/or Samuel Wong.

4      61.    YOUR relationship with Stephen Lee since April 1, 2004, including

5  without limitation any agreements or contracts between YOU and/or MGA

6  Entertainment, Inc., on the one hand, and Stephen Lee, on the other hand.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

209/2048031.

-15-

EXHIBIT   5

PAGE   177