# Carter Bryant v. Mattel Inc.

Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
<u>Hon. Stephen G. Larson</u>

# **EXHIBIT 10**

**EXHIBIT TO:** DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF NON-PARTY MARGARET HATCH-LEAHY'S OPPOSITION TO MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS

# KEATS McFARLAND & WILSON LLP
## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

November 14, 2007

VIA FACSIMILE, E-MAIL and U.S. MAIL

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Dylan:

I am writing in response to your letter dated November 13, 2007, regarding Ms. Leahy's day planner.

Your letter sets forth two arguments with respect to why you believe that we must produce the planner in its entirety. First, that you need to review the relevant entries in context, and second, that "Mattel may require access to a copy of the original planner for the purpose of expert analysis." I will address each argument in turn.

With respect to your first argument, your partner, Ms. Wines, and I already met and conferred with respect to this issue and resolved it. The resolution was that we would make the entire planner available for review by an attorney from your firm who could review all the entries in context. Ms. Lewis conducted that review, including reviewing the entries in context, and we produced all of the pages that she requested (except for the MFCU pages which she asked us about and which we confirmed were not relevant). Therefore, this dispute is resolved. What now appears to be happening is that you do not like the resolution reached by your former partner, Ms. Wines.

In addition, there are compelling grounds to not allow Mattel to make a copy of the entire planner. Ms. Leahy worked as an independent contractor for toy companies that compete with Mattel, and Ms. Leahy has entered into confidentiality agreements with those companies. The planner contains notes regarding sculpts for some of those projects. In addition, Ms. Leahy believes that some of the sculpts that she worked on for the competing toy companies may not have been released to the public. Providing copies of this confidential information would be a breach of Ms. Leahy's confidentiality agreements with these competing toy companies.

EX____10____
PAGE__121__

B. Dylan Proctor, Esq.
November 14, 2007
Page 2

      With respect to the possible expert analysis, in your letter dated November 7, 2007, you state that "As you know, and as Judge Infante has ruled, the Federal Rules of Civil Procedure entitle Mattel access to <u>original</u> documents for this and other purposes" (emphasis added). In your letter dated November 13, 2007, you state that "Moreover, as we explained previously, Mattel also may require access to a <u>copy</u> of the original planner for the purpose of expert analysis." (emphasis added) I am, therefore, unclear as to what type of expert analysis you believe that you have a right to conduct, and whether you need an original or a copy to conduct such analysis. Moreover, you have failed to provide me with any facts that would support your right to conduct any expert analysis of the planner.

      I reiterate my offer for you or an attorney from your office to come to our office to review the day planner in person, but not with a photographer. Please let me know your position.

                                              Very truly yours,

                                              Larry W. McFarland
                                              Keats McFarland & Wilson LLP

LWM/jlt

   cc:    Thomas J. Nolan
           Michael Page

EXHIBIT 10
PAGE 192