QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | REPLY IN SUPPORT OF MOTION OF MATTEL, INC. TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED BY MGA, ISAAC LARIAN AND THIRD PARTY DAVID ROSENBAUM |

Hearing Date:      TBD
Time:              TBD
Place:             TBD

Phase 1
Discovery Cut-off:     January 28, 2008
Pre-trial Conference: May 5, 2008
Trial Date:            May 27, 2008

1    Mattel's motion is essentially unopposed.  Mattel's moving papers set

2  forth three independent reasons why MGA, Larian and Rosenbaum should produce

3  certain documents identified on their respective privilege logs—drafts of the MGA-

4  Bryant agreement and communications between MGA and Bryant.  First, the

5  documents are not attorney-client communications.  Second, they are not covered by

6  the work product doctrine.  And third, even if some of the documents identified on

7  Rosenbaum's log are privileged, MGA waived the privilege by asserting a "good

8  faith" affirmative defense.  Mattel subsequently withdrew its waiver argument.[1]

9  However, the Opposition makes no effort to rebut Mattel's first and second

10  arguments or to demonstrate any evidentiary basis for the asserted privileges.

11  Mattel's motion should be granted as to those documents.[2]

12    MGA and Larian suggest that Mattel's withdrawal of its waiver

13  argument "undermined" their ability to offer a "principled response."  How?  A

14  waiver argument only applies if the documents are privileged in the first instance.  If

15  MGA or Bryant had any legitimate basis for claiming privilege, then they were

16  required to provide evidence of the privilege before arguing that the privilege was

17  not waived.

18    Moreover, Mattel's argument that any claim of privilege was waived by

19  asserting the good faith defense was directed solely at documents on the *Rosenbaum*

20

21    [1]   Mattel has withdrawn without prejudice its argument that MGA waived any
22  applicable privilege by asserting a "good faith" defense.  Accordingly, Mattel no
    longer seeks to compel production of documents on Mr. Rosenbaum's privilege log
23  except for document number 18—a draft contract that is neither attorney-client
24  privileged nor work product.  Mattel's motion remains in effect as to MGA's and
    Larian's privilege logs.
25    [2] As set forth in Mattel's Motion , these are: (1) Entry No. 20 on MGA's
26  Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document
    Production; and (2) Entry Nos. 181, 234-235, 608, 726, 840, 864, 867, 874, 883,
27  886-897, 914-918, 1121-1132, 1137 and 1139 on Larian's January 23, 2008
28  Privilege Log; and (3) Entry No. 18 on Rosenbaum's Privilege Log.

-1-

1   privilege log—not to documents on the MGA or Larian logs.  See Notice of Motion

2   at 2:12-14; Motion at 7:12-9:17 (addressing only the Rosenbaum log and asking the

3   Court to "compel *Rosenbaum* to produce the documents") (emphasis added).  The

4   notion that by withdrawing that argument Mattel hampered defendants' ability to

5   articulate why MGA's or Larian's documents are privileged is nonsensical.  MGA

6   and Larian have not provided an evidentiary basis for concluding that a single

7   challenged entry on their respective privilege logs is privileged.  See United States

8   v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000) (burden is on the party asserting the

9   attorney-client privilege).  The only documents that MGA and Larian claim are

10  properly withheld are those on Rosenbaum's log which Mattel no longer seeks.  The

11  remaining documents must be produced.

12          Furthermore, as Mattel set forth in its opening papers, there is no basis

13  for concluding that any of the communications between Bryant (and his counsel)

14  and MGA (and its counsel) are privileged.  See Motion at 2:8-23.  MGA and Larian

15  do not dispute this in their Opposition.  Indeed, at the deposition of Bryant's

16  attorney, Anne Wang, MGA's counsel did not object to questions about Ms. Wang's

17  negotiations with MGA's counsel.  Apparently MGA and Larian now concede that

18  these communications are not privileged.  The Court should order them produced.

19          MGA and Larian also make no effort to defend their refusal to produce

20  drafts of the MGA-Bryant agreement.  Those drafts are not attorney-client

21  privileged, nor are they work product, as they were not prepared in anticipation of

22  litigation.  See Motion at 4:1-7:11.  They should be produced in unredacted form.

23          Finally, MGA and Larian make reference to filing a "supplemental

24  memorandum."  This is improper.  The time to oppose Mattel's motion has run.

25  Counsel for MGA and Larian did not request an extension of time to file an

26  opposition.  Instead, they elected to disregard Mattel's arguments and offered no

27  explanation, much less evidence, for why the documents contained on the MGA or

28

1   Larian logs are properly withheld.  The Court should order the challenged entries

2   identified herein produced immediately in unredacted form.

3                                    **Conclusion**

4            For the foregoing reasons, Mattel's motion to compel (as modified by

5   Mattel's withdrawal of its waiver argument) should be granted.

6

7   DATED:  February 12, 2008            QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
8

9                                          By/s/ B. Dylan Proctor
                                              B. Dylan Proctor
10                                            Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28