UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                              Date: February 11, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
======================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                                Pamela Cotton
           Courtroom Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR CARTER              ATTORNEYS PRESENT FOR MATTEL:
BRYANT: Christa Martine Anderson          John B. Quinn

ATTORNEYS PRESENT FOR MGA:
Thomas J. Nolan
Marcus R. Mumford

PROCEEDINGS:

    ORDER VACATING STAY

    ORDER OVERRULING MATTEL'S OBJECTION TO THE DISCOVERY MASTER'S JANUARY 11, 2008, ORDER

This matter was heard on February 11, 2008.

With the current motion, Mattel makes four requests for relief. At the hearing, it became clear that the first three requests for relief are moot in light of counsel's representations, and only the fourth request remains for the Court to resolve.

First, Mattel sought clarification and/or modification of the January 11 Order on the issue of whether it was required to give testimony, in the form of Rule 30(b)(6) witnesses, regarding materials produced in discovery that are designated as "Attorney Eyes Only." Counsel for MGA and Carter Bryant represented to the Court that, although they will seek testimony regarding materials designated as "Confidential," they will not seek testimony regarding the more closely guarded materials designated as "Attorney Eyes Only." Therefore, this request is **MOOT.**

Second, Mattel sought clarification that the January 11 Order did not require that they provide testimony as to its legal contentions. As became evident at the hearing, this request is also **MOOT.**

Third, it is similarly not contended that Mattel has been compelled to give testimony that is not relevant to any claim or defense. Therefore, this request is **MOOT.**

The remaining request for relief remains a source of dispute among the parties. The Discovery Master ordered that Mattel be limited to only one Rule 30(b)(6) witness per topic. As provided for by the stipulation of the parties, entered as this Court's Order, the Discovery Master's Orders are subject to the same standard of review as are the rulings of a magistrate judge. As to decisions on non-dispositive issues, the Court will therefore leave them undisturbed unless they are "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Rule 30(b)(6) expressly provides that more than one witness may be designated. See id. ("The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.") (emphasis added). Here, however, the Discovery Master, after recognizing this express provision, conveyed his clear intent that the limitation to one witness per topic be imposed as a sanction on Mattel for past discovery abuses. See Corey Decl. at 83 (transcript of January 3, 2008, hearing before Judge Infante). At the hearing, the Discovery Master ruled:

> Mattel shall produce no more than one competent witness on any one topic. Normally, you have discretion on that point to produce one or more witnesses. But I believe there's been an abuse here, de-facto not necessarily intentional. And therefore, my order says you shall produce no more than one competent witness on any topic.

Id. Therefore, the Court considers whether this is a permissible sanction.

The Discovery Master made the factual finding that Mattel had not "adequately prepared [previously designated Rule 30(b)(6)] witnesses in the spirit of Rule 30(b)(6) on behalf of the corporation." That factual finding is not challenged as clearly erroneous, and the Court does not find clear error based on the record before it.

The Court therefore considers whether the ruling is contrary to law. The previously designated Rule 30(b)(6) depositions took place pursuant to an order to compel such testimony. See Opp. at 1. Therefore, the powers conferred on the Discovery Master to remedy the failure to comply with the prior order is broad. Pursuant to Fed. R. Civ. P. 37(b)(2), where "a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including ordering that certain facts be deemed established, precluding evidence, striking pleadings, and dismissing the action. Id. Given these very broad powers, the

Court cannot find that the Discovery Master's Order that merely limits Mattel to one Rule 30(b)(6) witness per topic is contrary to law.

Because the challenged portion of the Discovery Master's Order is neither clearly erroneous nor contrary to law, the Court **OVERRULES** Mattel's objection thereto.

The stay imposed by the Court's February 4, 2008, Order is **VACATED**. Mattel shall make its Rule 30(b)(6) witnesses available for depositions within two weeks of the entry of this order.

IT IS SO ORDERED.