# Exhibit 1

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

January 30, 2008

**VIA FACSIMILE & U.S. MAIL**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   Mattel v. Bryant, et al.

Dear Jon:

      I am writing to confirm our conference of counsel today regarding Mattel's Second Supplemental Responses to Carter Bryant's First Set of Interrogatories.

      During our conference, you stated that Mattel intends to provide further supplemental responses to some, if not all, of Mr. Bryant's interrogatories. However, you did not specify a date by when Mattel would provide these responses. Please do so immediately.

      You also agreed during our conference to investigate whether any of Mattel's responses are, and/or will continue to be, limited by any of the objections Mattel has interposed to Mr. Bryant's interrogatories, including, but not limited to, Mattel's objections (i) that the interrogatories are "vague and ambiguous", (ii) that they call for information protected by the attorney-client privilege, the attorney work product doctrine and/or other unspecified privileges, and (iii) that they are unreasonably burdensome and overbroad in that they "purport[] to require Mattel to summarize all facts and identify all documents on th[e subject at issue], including without limitation facts that are known to or in the possession, custody and control of defendants and non-parties, including non-parties associated with defendants."

      With respect to the latter objection, I explained that Mattel has taken the position in pleadings filed before both Judge Infante and Judge Larson that a party is obligated to provide "all facts" supporting its contentions in response to contention interrogatories such as Mr. Bryant's, and that objections of the type interposed by Mattel are without merit. I further explained that Mattel's position on this issue therefore appeared to be inconsistent and self-serving, and that the parties needed to confer regarding a mutually-agreeable and applicable approach to responding to "all facts" contention interrogatories. You agreed to look into this

410369.01

Jon D. Corey, Esq.
January 30, 2008
Page 2

issue and to get back to me with further information regarding Mattel's position on Friday, February 1.

We also discussed the fact that Mattel has, with only a few exceptions, responded to each of Mr. Bryant's interrogatories, regardless of the specific subject matter of the interrogatory, with the same untailored omnibus response. I explained that responding in this manner was inappropriate and evasive, and that Mr. Bryant should not be forced to guess at which facts in Mattel's omnibus response Mattel believes support the particular contention at issue. You stated that you disagreed and that Mattel would continue to "err on the side of over inclusiveness" in its responses. However, we agreed to further discuss this issue on Friday.

Finally, at the end of our conference, you stated that it was Mattel's position that the time had passed for any motion to compel relating to Phase I discovery conducted prior to January 28, 2008. You stated that such motions had to be filed on or before January 28, 2008 to be timely. You cited comments that you believe Judge Larson made on the record at the January 7, 2008 hearing as the basis for Mattel's position. I note that you did not express this position to me when we mutually agreed to postpone our conference of counsel relating to Mattel's interrogatory responses from the week of January 21 to January 29. Needless to say, had you stated at that time that this was Mattel's position, Mr. Bryant would not have agreed to postpone his requested conference of counsel until after the Phase I discovery cut-off.

I look forward to speaking with you further about these issues at 10:00 a.m. on Friday, February 1, 2008.

Very truly yours,

Matthew Werdegar

MMW/mls

cc: Thomas J. Nolan
    Douglas Adler

410369.01