# Exhibit 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 6, 2008

VIA FACSIMILE AND U.S. MAIL

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center
San Francisco, CA 94111-4144

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re: Mattel v. Bryant et al.

Dear Counsel:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a conference of counsel regarding MGA's and Carter Bryant's Responses to Mattel's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, served on January 7, 2008.

Mattel's Amended Supplemental Interrogatory -- which Judge Larson ordered defendants to answer "without objection" -- asks defendants to "[s]tate the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and all DOCUMENTS that REFER OR RELATE TO those facts." While MGA and Bryant identify broad categories of responsive documents in their answers, they generally fail to identify these documents with specificity. This is improper.

The list of documents identified by MGA as referring or relating to the facts supporting its unclean hands defense is illustrative. MGA states:

> The following documents may be relevant to the foregoing: the products, trade dress, trademarks, themes, ideas, advertising and product packaging identified

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2374342.1

above; letters and emails to MGA from Euromic, Character Licensing and Marketing, Egmont, ConsumerQuest, Endemol, Kidz-Entertainment, Endemol U.K. plc, The Licensing Company, Rose Art Industries, ITC, Early Light, and Vivid Imagination; mails from consumers to MGA or Internet postings by consumers evidencing confusion between "Bratz" and "My Scene," articles in the press evidencing confusion between "Bratz" and "My Scene"; copies of web pages from eBay, La Papa, and Amazon; and a photograph of display of "Bratz" products at Target, which includes "My Scene" plush pet; emails to MGA from Toys 'R Us, Zellers, Woolworth UK, Margo Eldridge, JNH, Rosanna Ferrer, and J.P. Morgan; and press releases and articles with false information reported by Mattel; emails from Kelly Falco of NPD to MGA; emails from Nick Austin of Vivid U.K. to MGA; Mattel's press releases and communications with retailers and financial investors that improperly contain NPD data; Mattel's focus group studies and consumer research campaigns for MyScene products; documents regarding TIA's rules for the Toy-of-the-Year awards; correspondence between MGA's representatives and TIA; and correspondence between CARU and MGA representatives; documents produced by TIA in response to subpoena (TIA00001-00400); documents produced by CARU in response to subpoena; documents produced by NPD (NPD00001-00496).

This response is clearly insufficient to enable Mattel to locate the relevant documents and adequately prepare to rebut defendants' defenses. For example, MGA references various emails and letters in this response, but fails to identify the individuals who sent or received these communications, or the dates on which they were sent. Nor does MGA indicate whether these emails and letters have been produced in this litigation. MGA's responses as to its remaining affirmative defenses, and Bryant's responses, suffer from the same deficiencies.

MGA and Bryant are certainly well into the process of gathering and evaluating the facts and documents they will use to support their various positions. In fact, when it suits defendants to do so, they have identified documents with specificity, in other contexts. For example, in their recent Joint Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Mattel's Employee Agreements, defendants discussed and attached specific documents they believe support their contention that Bryant's Inventions Agreement with Mattel does not apply to copyright subject matter. Their failure to identify documents with specificity in response to Mattel's Amended Supplemental Interrogatory is by choice and part of their strategy to sandbag Mattel. Notably, defendants have not confirmed even that all documents on which they will rely have even been produced.

Please let us know when your clients are available for a conference of counsel. If we cannot resolve this matter, we intend to file a motion to enforce, and may seek sanctions. I look forward to hearing from you.

Best regards,

*B. Dylan Proctor /sn*

B. Dylan Proctor