KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>  Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION (1) TO STRIKE MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS, AND (2) TO STAY TIME FOR FILING ANY OPPOSITION THERETO PENDING REVIEW**<br><br>Date:  T.B.D.<br>Time:  T.B.D.<br><br>Judge:  Hon. Stephen G. Larson<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

411239.01

BRYANT'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION TO
STRIKE MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

## I. PRELIMINARY STATEMENT

*"[W]hich motions can and cannot be filed after the cutoff has to be assessed on a case by case basis in our view."*[1]

\* \* \*

Mattel claims that "both the Court and the parties to this action have long recognized" that January 28, 2008 was a "firm cut-off ... for the service of discovery motions." *Ex Parte* App., at 1. That is pure nonsense. Nothing in the Federal Rules of Civil Procedure, the Local Rules of the Central District, or this Court's scheduling orders establishes January 28, 2008 as a bright line cutoff for filing motions to compel. To the contrary, the case law—including the case law cited by Mattel in support its Application—is clear that the Federal Rules of Civil Procedure do not provide any deadline for filing a motion to compel and that courts look at a variety of factors to determine if a motion to compel is timely under the circumstances. Those factors include the length of time since the discovery deadline has expired, the length of time the moving party has known about the deficient discovery responses, whether dispositive motions have been filed, whether there is any prejudice to the party from which the discovery is being sought, and any disruption to the court's schedule. As discussed below, these factors all support a finding that Bryant's Motion to Compel Responses to Discovery Requests ("the Motion to Compel") is timely.

Furthermore, Carter Bryant never "recognized" January 28, 2008 to be the a "firm cut-off" for fling motions to compel, as Mattel claims, because it is not true. And Mattel first expressly articulated its claimed understanding that January 28 was the cutoff for motions *after* the cutoff had passed, and it was in Mattel's litigation interests to adopt that position. Indeed, since January 28, 2008, Mattel

---

[1] Declaration of Matthew M. Werdegar In Supp. of Bryant's Motion to Compel Responses to Discovery Requests ("Werdegar Decl. ISO Mot. to Compel"), Ex. U (letter dated Feb. 7, 2008 from counsel for Mattel, B. Dylan Proctor, to Mr. Werdegar).

1

BRYANT'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION TO STRIKE MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411239.01

itself has sought to meet and confer regarding Phase I discovery, threatening additional motion practice if its meet and confer demands are not met. Mattel's *Ex Parte* Application therefore should be seen for it is—a transparent attempt to further impede the discovery process and to hamstring Carter Bryant's ability to prepare for summary judgment and trial. Mattel's application is wrong on the law, misrepresents the relevant facts, and should be denied.[2]

## II. RELEVANT FACTUAL BACKGROUND

Mattel has pulled out every trick in the book in its all-out effort to avoid responding substantively to Carter Bryant's Second Set of Interrogatories (No. 20), First and Second Sets of Requests for Admission, and Fourth Set of Requests for Production (collectively, "the Discovery Requests"). The history of these requests, and Mattel's efforts to avoid responding substantively to them, is set forth in detail in Bryant's Memorandum of Points and Authorities in support of his Motion to Compel, which is incorporated herein by reference, and in the Declaration of Matthew M. Werdegar in Support of the Motion to Compel and exhibits attached thereto.

A summary of this is history is a follows: Bryant served the Discovery Requests on December 26, 2007, thirty-three days before the close of Phase I fact discovery. Werdegar Decl. ISO Mot. to Compel, ¶ 2; Exs. A-D. Mattel actually received the Discovery Requests on or before December 27, 2007. *Id.* ¶ 29, 33; Exs. U & V. A few days after Bryant served these requests, Mattel threatened to seek a protective order, claiming that certain of Bryant's requests for admission

---

[2] Mattel's use of the *ex parte* procedure to bring this issue to the Court's attention is also inappropriate and provides yet another basis for denying Mattel's *Ex Parte* Application. The Court has repeatedly admonished the parties that "*ex parte* applications are solely for extraordinary relief." *See, e.g.,* Standing Order dated Apr. 14, 2006 [Document 33], at 6 (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 833 F. Supp. 488 (C.D. Cal. 1995)). There is nothing "extraordinary" about the relief Mattel is seeking, and there is no reason that Mattel could not have raised its timeliness argument in the ordinary course of briefing its opposition to Bryant's Motion to Compel.

were unduly burdensome and Bryant's Interrogatory No. 20 was over the fifty interrogatory limited set by the Court. *Id.* ¶¶ 16-17; Exs. K-L. The parties thereafter met and conferred at length about those requests. *Id.* ¶ 18-20; Ex. M.

Recognizing that its burden and other objections were unlikely to succeed, Mattel next decided to switch tactics and object at the last minute to all of Bryant's requests as improperly served under Federal Rule of Civil Procedure 5(b). Werdegar Decl. ISO Mot. to Compel, ¶ 21; Exs N-Q. Mattel asserted this objection, despite repeatedly accepting service from Bryant via Federal Express and email, and despite never raising any service objection during the parties' extended conferences of counsel regarding the Discovery Requests. *See generally* Mem. P&A ISO Mot. Compel, at 3-5; Werdegar Decl. ISO Mot. to Compel, ¶¶ 7-20; Exs. K-M.

As soon as Bryant received Mattel's discovery responses, which did not arrive in Bryant's counsel's office until January 30, 2008, Bryant requested a conference of counsel to discuss Mattel's surprise service objection. Werdegar Decl. ISO Mot. to Compel, ¶¶ 21, 26; Ex. R. Mattel did not respond to this request for four full days. *Id.* ¶¶ 27-28: Ex. S. As soon as the parties had finally met and conferred, as required by Local Rule 37-1 and Paragraph 5 of the Stipulation for Appointment of a Discovery Master and Order (and it was clear that Mattel would not agree to respond to Bryant's requests for admission or requests for production under any circumstances), Bryant filed his Motion to Compel. Bryant filed the Motion to Compel nine days after he received Mattel's responses, and the very same day that the parties concluded their required meet and confer efforts. *Id.* ¶ 29; Exs. T-U, W-X.

Now, apparently recognizing that its "gottcha" service objection is without merit and is likely to fail, Mattel has filed an *Ex Parte* Application seeking to strike Bryant's Motion to Compel as untimely and seeking to stay the time for filing its opposition to the motion. Mattel first expressed to Bryant its position that motions

3

BRYANT'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION TO STRIKE MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411239.01

to compel had to be filed on or before January 28th to be timely on January 30, 2008—in connection with a meet and confer involving different discovery responses by Mattel—*after* the purported cutoff had passed. Declaration of Matthew M. Werdegar in Opp. to Mattel's *Ex Parte* Appl. ("Werdegar *Ex Parte* Opp. Decl."), ¶ 2; Ex. 1. Mattel first asserted this position with respect to the Discovery Requests at issue in Bryant's Motion to Compel on February 6, 2008. And even then, Mattel stated: "As I made clear, *which motions can and cannot be filed after the cutoff has to be assessed on a case by case basis in our view.*" Werdegar Decl. ISO Mot. to Compel. Ex. U (emphasis added). Consistent this statement, and in stark contrast to the position it has staked out in its *Ex Parte* Application, Mattel wrote to counsel for Bryant and MGA later that same day, belatedly seeking to meet and confer regarding certain discovery responses served by Bryant on January 7, 2008—three weeks before the close of discovery. In this correspondence, Mattel threatened "to file a motion to enforce, and may seek sanctions." Werdegar *Ex Parte Opp.* Decl. Ex. 2. Apparently, it is Mattel's position that the purported motion cutoff of January 28, 2008 is a one-way cutoff that only applies to Bryant and MGA.

### III. ARGUMENT

Notwithstanding Mattel's strident claims to the contrary, the close of discovery does *not* establish a bright line cutoff for filing motions to compel: "The Federal Rules of Civil Procedure do not provide any deadline for filing a motion to compel." *Northwest Territory Ltd. P'ship. v. Omni Properties, Inc.*, Nos. 05-cv-MJW-PAC, 05-cv-02409-JMW-PAC, 2006 WL 3618215, at *1 (D. Colo. Dec. 11, 2006); *accord Blackboard, Inc. v. Desire2Learn, Inc.*, No. 9:06-cv-0155-RHC, 2007 WL 3389968, at *3 (E.D. Tex. Nov. 14, 2007); *see also Suntrust Bank v. Blue Water Fiber, L.P.*, 201 F.R.D. 196, 199 (E.D. Mich. 2002) ("there is no authority that automatically precludes the filing of a motion to compel after the close of discovery") (case cited by Mattel). Indeed, Mattel itself has correctly

asserted, when it suits its interests to do so, that the timeliness of a motion to compel *"has to be assessed on a case by case basis."* Werdegar Decl. ISO Mot. to Compel, Ex. U.

Courts evaluate whether a motion to compel is timely on a case by case basis, based upon a variety of factors including: (1) the length of time since the expiration of the deadline, (2) the length of time the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought; and (8) any disruption of the court's schedule. *Days Inn Worldwide, Inc. v. Sonia Inv.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (collecting cases); *see also Northwest Territory*, 2007 WL 3618215, at * 1 (citing *Days Inn* and holding same); *Blackboard Inc.*, 2007 WL 33989968, at * 3 (same).

These factors strongly support a finding that Bryant's Motion to Compel is timely.[3] *First*, Bryant filed his Motion to Compel only eleven days after the close of discovery, and nine days after he received Mattel's responses. Indeed, Bryant could not have filed his motion any sooner without violating the Local Rule 37-1 and the Stipulation for Appointment of a Discovery Master and Order, which require parties to meet and confer before filing a motion to compel. In contrast, the cases cited by Mattel all involved far longer delays. For example, in *Suntrust Bank v. Blue Water Fiber, L.P.*, the Court found that Suntrust's motion to compel was

---

[3] Much of Mattel's argument in its *Ex Parte* Application is directed not at Bryant, but at a strawman of Mattel's own creation. Without citation to any correspondence between the parties, or anything else, Mattel claims that Bryant's position is that "there is no deadline for filing Phase One discovery motions and such motions can never be considered untimely, even if filed in the midst of trial, provided the discovery was timely served." *Ex Parte* App., at 8. Bryant has never made such an argument, and does not now. Rather, Bryant's position, consistent with the great weight of the authorities addressing the issue and Mattel's own statements during parties' conferences of counsel, is that there is no bright line cutoff for filing motions to compel, and that the timeliness of such motions must be considered on a case by case basis in light of the *Days Inn Worldwide* factors.

5

untimely because Suntrust waited until "[a]fter dispositive motions were filed ... approximately *18 months after discovery had closed*" to file its motion. 210 F.R.D. at 199 (emphasis added). Similarly, in *Willis v. New World Van Lines, Inc.*, the court found plaintiffs' motion to compel untimely because plaintiffs had waived "four motions after the close of discovery and just five days before the hearing on [defendant's] motion for summary judgment." 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000). In contrast, in *Blackboard*, a case Mattel fails to cite, the court found the plaintiff's motion to compel to be timely because—like Bryant's—it was filed "less than two weeks after the discovery period closed." 2007 WL 3398968, at *3; *accord Eley v. Herman*, No. 1:04 cv-00416, 2006 WL 276741, at *3 (N.D. Ind. Feb. 2, 2006) (finding motion to compel filed one month after close of discovery, but before summary judgment motions were filed, to be timely).

*Second*, Bryant only learned that Mattel intended to serve blanket objections to his discovery requests on January 30, 2008, when he received Mattel's responses. Prior to that time, Bryant had been led to believe that Mattel would be responding substantively to a substantial number of the Discovery Requests. And, as discussed already, as soon as Bryant learned of Mattel's objections and deficient responses, Bryant commenced the required meet and confer process and filed his Motion to Compel as soon as that process was completed. Thus, Bryant in no way delayed in filing his Motion. *Cf. Suntrust Bank*, 210 F.R.D. at 200 (holding that motion to compel was untimely, *inter alia*, because "the moving party had all the information it needed to timely file the discovery motion"). To the extent there was any delay, it was a result of Mattel keeping its service objection secret and then refusing to meet and confer for five days after Bryant initially requested a conference of counsel.

*Third*, although dispositive motions have been scheduled in this case, they have not yet been filed, and they will not be filed for another four weeks. Consequently, the present situation is unlike the cases cited by Mattel, where the

moving party filed its motion to compel after summary judgment motions already had been filed. *Cf. Suntrust Bank,* 210 F.R.D. at 199 (motion filed after summary judgment motions were filed); *Willis,* 123 F. Supp. 2d at 401 (motion filed "just five days before" hearing on summary judgment motions). For the same reason, requiring Mattel to file its opposition to Bryant's Motion to Compel (and requiring Mattel to respond substantively to the critical discovery requests that are the subject of that motion) will not disrupt the Court's schedule. Requiring Mattel to respond to Bryant's Discovery Requests will in no way require postponing either summary judgment briefing or trial. Mattel's claims to the contrary are disingenuous, given that Mattel is currently seeking leave to conduct vast amounts of additional Phase I discovery, including more than sixteen additional depositions, which inevitably will have a much greater impact on the current case schedule than responding to Bryant's straightforward written discovery requests.

*Finally,* Mattel will not be prejudiced by permitting Bryant's Motion to Compel to be heard. Mattel has known about Bryant's discovery requests for *seven weeks*. Instead of devoting its time and energies to thinking up every possible way it could avoid responding to these requests, Mattel could simply have provided substantive responses so that both Bryant and Mattel could move on to other issues. Bryant's requests are highly relevant, very important, and straightforward. For the most part, they simply ask Mattel about its contentions and the support for them. *See generally,* Mem. of P&A ISO Mot. to Compel, at 10-20 (discussing the Discovery Requests); Werdegar Decl. ISO Mot. to Compel; Exs. A-D. At this late stage, Mattel surely know what, if any, support it has for its contentions, so there should be little burden to responding. In contrast, Bryant will be profoundly prejudiced if Mattel is permitted to escape its discovery obligations through its various "gotcha" procedural arguments.

Outside of the few cases its cites (none of which support its bright line cutoff argument, but rather confirm Bryant's interpretation of the law), the only support

7
BRYANT'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION TO
STRIKE MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411239.01

1  that Mattel is able to muster for its position is an alleged comment made by the
2  Discovery Master off the record at the January 3, 2008 motion hearing, and certain
3  comments made by the Court at a February 4, 2008 hearing, which Mattel takes
4  out of context. *See Ex Parte* App., at 5-6. As to the first of these, counsel for
5  Bryant remembers the Discovery Master's comments differently. Counsel for
6  Bryant believes that the Discovery Master—in the context of scheduling the next
7  discovery hearing, which the Discovery Master indicated could not take place until
8  February (*i.e.*, after the Phase I cutoff)—commented that the discovery cutoff did
9  not prevent the parties from briefing and arguing, and the Discovery Master from
10 deciding, Phase I discovery disputes after the cutoff. Werdegar *Ex Parte* Opp.
11 Decl., ¶ 5.

12       As for the Court's comments at the February 4 hearing, the Court simply
13 stated that in order for depositions to be timely, the witnesses had to be subpoenaed
14 and the depositions had to be properly noticed before January 28, 2008. If they
15 were, then the Court stated that the depositions could occur after January 28th. The
16 issue of motions to compel was not before the Court at the February 4 hearing, and
17 the Court made no comment regarding the timeliness of such motions. *See* Proctor
18 Decl., Ex. 24. Mattel's effort to twist the Court's comments into a hard and fast
19 statement regarding discovery motion practice simply underscores the lack of
20 support for its position.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8

BRYANT'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION TO
STRIKE MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS
CASE NO. CV 04-09049 SGL (RNBx)

411239.01

## IV. CONCLUSION

For all the foregoing reasons, the Court should deny Mattel's *Ex Parte* Application in its entirety and should order Mattel to file its opposition to Bryant's motion on Friday, February 15, 2008, its due date under Paragraph 5 of the Stipulation for Appointment of a Discovery Master and Order.

Respectfully submitted,

Dated: February 13, 2008        KEKER & VAN NEST, LLP

By: /s/ Matthew Werdegar
MATTHEW M. WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT