# EXHIBIT E

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL · DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual, and DOES
1 through 10, inclusive

Case Number: [1]  CV 04-9059 NM (RNBx)

TO: Pacific Bell Telephone Company c/o CT Corporation, Registered Agent for Service of Process
818 West Seventh Street
Los Angeles, California 90017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Whitmont Legal Technologies, Inc. 19750 Vermont Avenue, Suite 230 Torrance, California 90501 | May 12, 2005 10:00 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant and Cross-Claimant, Carter Bryant | April 28, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
JOSHUA Z. FELDMAN, Esq., LITTLER MENDELSON 2049 Century Park East, 5th Floor, Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS

1. "TELEPHONE RECORDS" means every document, bill, or itemized statement referring or relating to customer/subscriber Mattel, Inc. ("Mattel") for the phone numbers listed below or any other documents that reflect the dates, times and durations of outgoing and incoming local and long distance calls and each number called and the number for each received call.

2. "DOCUMENT" means any "writing," or "recording" as defined in Federal Rules of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

3. "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, or indicating in any way.

4. "YOU" or "YOUR" means PACIFIC BELL TELEPHONE COMPANY and/or any other person or entity acting on its behalf.

5. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

### INSTRUCTIONS

1. YOU are to produce and permit inspection of all TELEPHONE RECORDS and other DOCUMENTS requested herein that are in your possession, custody or control to Whitmont Legal Technologies, Inc., 19750 Vermont Avenue, Suite 230, Torrance, CA 90501 by 10:00 a.m. on May 12, 2005.

2. YOU are required to identify any and all TELEPHONE RECORDS and other DOCUMENTS requested herein that have been destroyed or are no longer in YOUR possession, custody or control.

3. YOU are required to identify the source of all TELEPHONE RECORDS or other DOCUMENTS requested herein, and the person for whom, or department, division or office for which, such TELEPHONE RECORDS or other DOCUMENTS are maintained.

4. Each TELEPHONE RECORD or other DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the folder from which each such TELEPHONE RECORD or other DOCUMENT is taken shall be copied and attached to such TELEPHONE RECORD OR DOCUMENT.

5.    Each TELEPHONE RECORD or other DOCUMENT shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the categories in this request.

6.    For any information withheld on a claim that it is privileged or protected, YOU should identify each TELEPHONE RECORD or other DOCUMENT being withheld and specifically provide that privilege or protection that YOU claim precludes disclosure, the subject matter of the DOCUMENT, the date, author and addressees, and any additional facts on which YOU base YOUR claim of privilege or protection.

## REQUESTED DOCUMENTS

1.    All TELEPHONE RECORDS or other DOCUMENTS in YOUR possession for telephone numbers in the name of, and/or for the benefit of, and/or concerning customer/subscriber Mattel, Inc. for the period January 1, 1998 through the present. The TELEPHONE RECORDS or other DOCUMENTS sought include, but are not be limited to:

A.    Any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

B.      Each and every TELEPHONE RECORD or other DOCUMENT (including periodic bills and statements) regarding any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, Suite 500, Los Angeles, California 90067.

On April 28, 2005, I served the within document(s):

### CARTER BRYANT'S SUBPOENA IN A CIVIL CASE TO PACIFIC BELL TELEPHONE COMPANY

☒  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐  by personal service I caused such envelope to be delivered to **Corporate Legal Services** for delivery to the address below.

| | |
|---|---|
| John B. Quinn, Esq. | Diana M. Torres, Esq. |
| Michael T. Zeller, Esq. | O'Melveny & Myers LLP |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | 400 South Hope Street |
| 865 S. Figueroa Street, 10th Floor | Los Angeles, CA 90071-2899 |
| Los Angeles, CA 90017 | **Fax: (213) 430-6407** |
| **Fax: (213) 624.0643** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 28, 2005, at Los Angeles, California.

*Chele Moore*
_____
CHELE' MOORE

Los_Angeles:397643.2 028307.1010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

**(13) 628-6338**
1313 West 8th Street
Suite 310
Los Angeles, CA 90017

 **Janney & Janney**
attorney service, inc.

| FOR J&J USE ONLY |
|---|
| Date to Server |
| Server # |

IRS #95-3267524

1. TYPE INSTRUCTIONS COMPLETELY
2. ONE DEFENDANT OR WITNESS PER SLIP
3. GOLDENROD COPY IS YOUR FILE COPY
4. SUBMIT ORIGINAL AND OTHER COPIES

Firm: LITTLER MENDELSON
2049 CENTURY PARK EAST, 5TH FL.
LOS ANGELES, CA 90067

Date: 4-28-05
Court: USDC - Central
Case Number: CV 04-9059 NM
Case Title: Mattel (RNBx)
Documents(s): v. Bryant, etc.
2 copies - Subpoena in a
Civil Code

INVOICE L.A.   1092542

ROUTE #: 3
CLIENT ACCOUNT #: 527

☐ **RUSH or do today.**

Telephone: (310) 553-0308
Ext.
Attention of: Chele
File No.: 028307-1010
SERVE Pacific Bell Telephone Company
C/O CT Corporation

Special Instructions:
Do By Friday
4-29-05

(PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE)

Ⓐ RESIDENCE ADDRESS:

Ⓑ BUSINESS ADDRESS:
818 W. 7th St
Los Angeles, CA 90017
Corporate agent for service:
Hours worked:

HEARINGS:   SET FOR       AT        DEPT
DESCRIPTION:   AGE    HEIGHT    WEIGHT    RACE    SEX    EYES    HAIR

Atty Check Attached $ _____

MEMBER FIRM-CALIFORNIA ASSOCIATION OF PHOTOCOPIERS AND PROCESS SERVERS
AGENTS IN ALL PRINCIPAL CITIES THROUGHOUT CALIFORNIA        ATTORNEY COPY

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | FOR COURT USE ONLY |
|---|---|
| LITTLER MENDELSON<br>2049 CENTURY PARK EAST, 5TH FL.<br>LOS ANGELES, CA   90067<br>(310) 553-0308 | |

ATTORNEY FOR (Name):

NAME OF COURT AND ADDRESS:
UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
312 N SPRING ST. #G-8
LOS ANGELES, CA 90012-4793

PLAINTIFF/PETITIONER:
MATTEL

DEFENDANT/RESPONDENT:
BRYANT

| **PROOF OF SERVICE** | CASE NO.:<br>CV049059NM(RNBX) |
|---|---|

Hearing date:05/12/05        Time:10:00 AM        Dept./Div.:

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:

   SUBPOENA IN A CIVIL CASE

2. a. Party served:  PACIFIC BELL TELEPHONE COMPANY
   b. Person served: GEROME JONES
                     REGISTERED AGENT FOR SERVICE OF PROCESS
   c. Address:       818 W. 7TH STREET
                     LOS ANGELES, CA 90017

3. I served the party named in item 2
   a. by personally delivering the copies (1)on 04/28/05 at (2) 2:30 PM

4. Witness fees were not demanded or paid.

5. Person serving:
   MATTHEW JANNEY                    a.  Fee for service:     74.00
   JANNEY & JANNEY ATTORNEY SVCS.    d.  Registered California
   1313 W. 8TH STREET SUITE 310          process server (employee)
   LOS ANGELES, CA 90017             (2)  Registration No.: #140
   (213) 628-6338                    (3)  County:  LOS ANGELES

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Date: 04/29/05                Signature: _____

   Judicial Council Form, Rule 982
   1092542     pp1v2

**J&J Janney & Janney attorney service, inc.**
Document Prepared On Recycled Paper

1313 W. 8TH STREET SUITE 310
LOS ANGELES, CA 90017
**(213) 628-6338**
www.janneyandjanney.com                    -1-

S E R V I C E   R E P O R T

Our Invoice #-1092542       Server #-175            Route #-   3
   04/29/05

Bill to: 527   **LITTLER MENDELSON**           Your File # 028307-1010
                2049 CENTURY PARK EAST, 5TH FL.   Case # CV049059NM(RNBX)
                LOS ANGELES, CA  90067             Attn: CHELE

Case Title: MATTEL VS. BRYANT
Name(s):
PACIFIC BELL TELEPHONE COMPANY


Address: 818 W. 7TH STREET              LOS ANGELES, CA 90017
Document(s):
SUBPOENA IN A CIVIL CASE


-------------------------------REPORT-------------------------------------

Date & Time Served: 04/28/05  2:30    PM     Place Served: BUSINESS
Personal Service
    GEROME JONES
    REGISTERED AGENT FOR SERVICE OF PROCESS


Remarks:


| | | | |
|---|---|---|---|
| Service Fee: | 44.00 | Extra Service: | |
| Mileage: | | Back Pickup: | |
| Advance: | | Due Diligence: | |
| Special: | | Time: | |
| Investigations: | | Back Delivery: | |
| Outside Services: | | FedEx/Postage: | |
| Court Services: | | Document Prep: | |
| Check Charge: | | Recording: | |
| Rush Filing: | | Out of County/State: | |
| Notary: | | Declaration: | |
| Index: | | Fax: | |
| Data Base Retrieval: | | Next Day Filings: | |
| Rush Services: | 30.00 | Not Found Address: | |
| Rush Court Service: | | Incoming Fax Fee: | |
| Field Locate: | | Stake Out: | |
| Monthly Retainer: | | Priority/On Demand: | |

                TOTAL FEES CHARGED:$    74.00

        PLEASE INDICATE INVOICE NUMBER WITH REMITTANCE

                IRS #95-3267524




**Janney & Janney**
attorney service, inc.

www.janneyandjanney.com

**(213) 628-6338**

1313 W. 8TH STREET SUITE 310
LOS ANGELES, CA 90017

Document Prepared On Recycled Paper

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL ___ DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual, and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Pacific Bell Telephone Company c/o CT Corporation, Registered Agent for Service of Process
818 West Seventh Street
Los Angeles, California 90017

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Whitmont Legal Technologies, Inc. | May 12, 2005 |
| 19750 Vermont Avenue, Suite 230 | 10:00 A.M. |
| Torrance, California 90501 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant and Cross-Claimant, Carter Bryant | April 28, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
JOSHUA Z. FELDMAN, Esq., LITTLER MENDELSON 2049 Century Park East, 5th Floor,
Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**

**DEFINITIONS**

1. "TELEPHONE RECORDS" means every document, bill, or itemized statement referring or relating to customer/subscriber Mattel, Inc. ("Mattel") for the phone numbers listed below or any other documents that reflect the dates, times and durations of outgoing and incoming local and long distance calls and each number called and the number for each received call.

2. "DOCUMENT" means any "writing," or "recording" as defined in <u>Federal Rules of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

3. "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, or indicating in any way.

4. "YOU" or "YOUR" means PACIFIC BELL TELEPHONE COMPANY and/or any other person or entity acting on its behalf.

5. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

**INSTRUCTIONS**

1. YOU are to produce and permit inspection of all TELEPHONE RECORDS and other DOCUMENTS requested herein that are in your possession, custody or control to Whitmont Legal Technologies, Inc., 19750 Vermont Avenue, Suite 230, Torrance, CA 90501 by 10:00 a.m. on May 12, 2005.

2. YOU are required to identify any and all TELEPHONE RECORDS and other DOCUMENTS requested herein that have been destroyed or are no longer in YOUR possession, custody or control.

3. YOU are required to identify the source of all TELEPHONE RECORDS or other DOCUMENTS requested herein, and the person for whom, or department, division or office for which, such TELEPHONE RECORDS or other DOCUMENTS are maintained.

4. Each TELEPHONE RECORD or other DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the folder from which each such TELEPHONE RECORD or other DOCUMENT is taken shall be copied and attached to such TELEPHONE RECORD OR DOCUMENT.

5.     Each TELEPHONE RECORD or other DOCUMENT shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the categories in this request.

6.     For any information withheld on a claim that it is privileged or protected, YOU should identify each TELEPHONE RECORD or other DOCUMENT being withheld and specifically provide that privilege or protection that YOU claim precludes disclosure, the subject matter of the DOCUMENT, the date, author and addressees, and any additional facts on which YOU base YOUR claim of privilege or protection.

## REQUESTED DOCUMENTS

1.     All TELEPHONE RECORDS or other DOCUMENTS in YOUR possession for telephone numbers in the name of, and/or for the benefit of, and/or concerning customer/subscriber Mattel, Inc. for the period January 1, 1998 through the present. The TELEPHONE RECORDS or other DOCUMENTS sought include, but are not limited to:

A.     Any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

B.      Each and every TELEPHONE RECORD or other DOCUMENT (including periodic bills and statements) regarding any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

Los_Angeles:417592.1 028307.1010

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, Suite 500, Los Angeles, California 90067.

On April 28, 2005, I served the within document(s):

**CARTER BRYANT'S SUBPOENA IN A CIVIL CASE
TO PACIFIC BELL TELEPHONE COMPANY**

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personal service I caused such envelope to be delivered to **Corporate Legal Services** for delivery to the address below.

| | |
|---|---|
| John B. Quinn, Esq. | Diana M. Torres, Esq. |
| Michael T. Zeller, Esq. | O'Melveny & Myers LLP |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | 400 South Hope Street |
| 865 S. Figueroa Street, 10th Floor | Los Angeles, CA 90071-2899 |
| Los Angeles, CA 90017 | **Fax: (213) 430-6407** |
| **Fax: (213) 624.0643** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 28, 2005, at Los Angeles, California.

*Chele Moore*

CHELE' MOORE

Los_Angeles:397643.2 028307.1010

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308





First Class Mail

SIDLEY AUSTIN BROWN & WOOD LLP
555 WEST FIFTH STREET
LOS ANGELES, CALIFORNIA 90013

To

Douglas A. Wickham
Keith Jacoby Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107





AO 88 (Rev. 11/94) Subpoena in a Civil Cas

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, AN INDIVIDUAL, and DOES 1 through 10, inclusive

Case Number: [1] CV 04-9059 NM (RNBx)

TO:  Anna Rhee
     101 Avenue G
     Redondo Beach, CA 90277

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson - 2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107 (310) 553-0308 | March 10, 2005 11:00 A.M. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant, Carter Bryant | February 25, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Douglas Wickham, Esq. Littler Mendelson, PC
2049 Century Park East, 5th Floor, Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### Documents To Be Produced

I.    DEFINITIONS.

1.    "YOU" or "YOUR" means Anna Rhee, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.    "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "BRATZ" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "BRATZ" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

3.    "PRAYER ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "PRAYER ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "PRAYER ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.    "ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

5.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

7.    "REFERRING OR RELATING TO" means reflecting, identifying,

describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

       8.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## II.  INSTRUCTIONS.

       1.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

       2.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

       a.    The privilege or protection that you claim precludes disclosure;

       b.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

       c.    The date, author(s), addressee(s); and

       d.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

       3.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

       4.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

       5.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   DOCUMENTS TO BE PRODUCED.

1.   Any and all DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT in YOUR possession, custody or control.

2.   Any and all DOCUMENTS REFERRING OR RELATING TO BRATZ in YOUR possession, custody or control.

3.   Any and all DOCUMENTS REFERRING OR RELATING TO PRAYER ANGEL project in YOUR possession, custody or control.

4.   Any and all DOCUMENTS REFERRING OR RELATING TO ANGEL project in YOUR possession, custody or control.

5.   Any and all DOCUMENTS REFERRING OR RELATING TO MGA ENTERTAINMENT, INC. in YOUR possession, custody or control including but not limited to any work YOU performed for MGA, any contracts between YOU and MGA, any invoices pertaining to MGA work, any purchase orders from MGA, any descriptions of projects for MGA, any requisitions from MGA for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for MGA and any payments YOU received from MGA, and the timing of any work YOU performed for MGA.

6.   Any and all DOCUMENTS REFERRING OR RELATING TO MATTEL, INC. in YOUR possession, custody or control, including but not limited to any work YOU performed for Mattel, any contracts between YOU and Mattel, any invoices pertaining to Mattel work, any purchase orders from Mattel, any descriptions of projects for Mattel, any requisitions from Mattel for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for Mattel and any payments YOU received from Mattel, and the timing of any work YOU performed for Mattel.

7.   Any and all DOCUMENTS REFERRING OR RELATING TO the above captioned lawsuit.

8.   Any and all DOCUMENTS REFERRING OR RELATING TO communications regarding BRATZ, BRYANT, MGA and/or MATTEL.

9.   All telephone bills for your personal telephone(s) for the period from January 1, 1998 to the present.

10.   All telephone bills for your cellular telephone(s) for the period from January 1, 1998 to the present.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MESSENGER

I am employed by Corporate Legal Services in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1655 Beverly Blvd., Los Angeles, California 90026.  On February 28, 2005, I personally served:

### SUBPOENA IN A CIVIL CASE

by delivering copies thereof to:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Valerie E. Kincaid, Esq.
Berman, Mausner & Resser, A Law
Corporation
11601 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025-1742

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2005, at Los Angeles, California.



CIL PENSONNIS

Los_Angeles:372101.3 028307.1010

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

Carter Bryant

V.

Mattel, Inc. (and consolidated cases)

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV 04-09049 C.D. Cal.

TO:  Ogilvy & Mather Worldwide
     309 W. 49th Street
     New York, NY 10019

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A (attached)

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, P.C., 885 Third Avenue, 16th Floor, New York, NY, 10022 | 3/28/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Attorney for Carter Bryant* | 3/12/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alaya B. Meyers, Littler Mendelson, P.C., 1920 Main St., Suite 900, Irvine, CA 92612

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/06) Subpoena in a Civil Case

### PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| | DATE | SIGNATURE OF SERVER |
|---|---|---|
| | | |
| | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

As used in these Requests:

1.    "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

2.    "ALIEN RACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "Alien Racers."

3.    "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

4.    "CARU" means the Children's Advertising Review Unit of the Council of Better Business Bureaus, Inc. and any of its past or present principals, directors, officers, agents, employees, representatives, consultants, attorneys, entities and persons acting in joint-venture or partnership relationships and all others acting on its behalf.

5.    "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or

within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

  6.  "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, samples, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conferences, by telephone or otherwise.  The term

DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

7.     "LARIAN" means MGA's Chief Executive Officer, Isaac Larian.

8.     "MARKET RESEARCH" means any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

9.     "MATTEL" means Mattel, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MATTEL and any others acting on MATTEL'S behalf, pursuant to MATTEL'S authority or subject to MATTEL'S control.

10.     "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

11.     "MY SCENE" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "My Scene" trademark or trade dress.

12.     "POLLY POCKET" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever

been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Polly Pocket" trademark or trade dress.

13. "YOU" or "YOUR" refers to Ogilvy & Mather Worldwide and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

14. The singular form includes the plural, and vice versa.

15. The terms "any" and "all" are interchangeable.

16. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

17. The term "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1. YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control. A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the

DOCUMENT.

    2.    The responsive time period is January 1, 2001 to the present unless otherwise indicated.

    3.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated

    4.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each such DOCUMENT or portion of a DOCUMENT withheld:

    a.    The date the DOCUMENT was created;

    b.    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    c.    A general description of the subject matter of the DOCUMENT;

    d.    The basis of any claim of privilege; and

    e.    If work-product is asserted, the proceeding for which the DOCUMENT was created.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All COMMUNICATIONS with MATTEL REFERRING OR RELATING TO "BRATZ," MGA, LARIAN or any other person known to YOU to work or to have worked for MGA on "BRATZ" or "ALIEN RACERS," and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

**REQUEST NO. 2:**

All COMMUNICATIONS with CARU REFERRING OR RELATING TO "BRATZ", MGA, LARIAN, or any other person known to YOU to work or to have worked for MGA on "BRATZ" or "ALIEN RACERS," and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

**REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO any focus group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 4:**

All DOCUMENTS REFERRING OR RELATING TO any participant comments from any focus group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 5:**

All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH REFERRING OR RELATING TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 6:**

All DOCUMENTS REFERRING OR RELATING TO any evaluation, analysis, or assessment of advertisements for "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 7:**

All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE," "POLLY POCKET," "ACCELERACERS," or MATTEL, and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 8:**

All DOCUMENTS REFERRING OR RELATING TO any confusion between "MY SCENE" and "BRATZ" (including, without limitation, confusion among consumers, potential consumers, focus group participants, retailers, members of the press, or the media).

**REQUEST NO. 9:**

All DOCUMENTS REFERRING OR RELATING TO any confusion between "ACCELERACERS" and "ALIEN RACERS" (including, without limitation, confusion among consumers, potential consumers, focus group participants, retailers, members of the press, or the media).

**REQUEST NO. 10:**

All DOCUMENTS REFERRING OR RELATING TO any comparisons of "MY SCENE" with "BRATZ."

**REQUEST NO. 11:**

All DOCUMENTS REFERRING OR RELATING TO any comparisons of "ACCELERACERS" with "ALIEN RACERS."

**REQUEST NO. 12:**

All DOCUMENTS REFERRING OR RELATING TO proposed or actual advertisements for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 13:**

All DOCUMENTS REFERRING OR RELATING TO directives, suggestions, or instructions from MATTEL to create advertisements for "MY SCENE," "POLLY POCKETS" or "ACCELERACERS" products using elements that are similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or MGA products.

**REQUEST NO. 14:**

Copies of all advertisements for "BRATZ," "ALIEN RACERS," or MGA products that YOU consulted or reviewed to create advertisements for "MY SCENE." "POLLY POCKET," or "ACCELERACERS" products.

**REQUEST NO. 15:**

All COMMUNICATIONS with Margo Eldridge REFERRING OR RELATING TO "BRATZ", MGA, LARIAN, or any other person known to YOU to work or to have worked for MGA on "BRATZ" or "ALIEN RACERS," and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

NY1:1683498.1

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107.

On March 12, 2007, I served the within document(s):

SUBPOENA IN A CIVIL CASE

☒    This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:81814051.1 028307.1010

1.

Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Fax: (213) 443-3100
E-MAIL:
michaelzeller@quinnemanuel.com;
dylanproctor@quinnemanuel.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 12, 2007, at Los Angeles, California.

Maria Lozano

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:81814051.1 028307.1010

2.

PROOF OF SERVICE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107.

On March 12, 2007, I served the within document(s):

SUBPOENA IN A CIVIL CASE

☒    This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

| | |
|---|---|
| Patricia Glaser, Esq. | Diana M. Torres, Esq. |
| Christensen, Glaser, Fink, Jacobs, | James Jenal, Esq. |
| Weil & Shapiro, LLP | O'Melveny & Myers LLP |
| 10250 Constellation Boulevard | 400 S. Hope Street |
| 19th Floor | Los Angeles, CA 90071 |
| Los Angeles, CA 90067 | Fax: (213) 430-6407 |
| Fax : (310) 556-2920 | |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:81814051.1 028307.1010

3.

PROOF OF SERVICE

1        I am readily familiar with the firm's practice of collection and processing

2   correspondence for mailing and for shipping via overnight delivery service.  Under

3   that practice it would be deposited with the U.S. Postal Service or if an overnight

4   delivery service shipment, deposited in an overnight delivery service pick-up box or

5   office on the same day with postage or fees thereon fully prepaid in the ordinary

6   course of business.

7        I declare under penalty of perjury under the laws of the United States of

8   America that the above is true and correct.

9        Executed on March 12, 2007, at Los Angeles, California.

10

11

12                             Maria Lozano

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:81814051.1 028307.1010

4.

PROOF OF SERVICE

 

MESSAGE CONFIRMATION                    MAR-12-2007 11:35 AM MON

|  |  |
|---|---|
| FAX NUMBER | : 310 553 5583 |
| NAME | : LITTLER MENDELSON |

|  |  |  |
|---|---|---|
| NAME/NUMBER | : | 2#344#12134433100 |
| PAGE | : | 15 |
| START TIME | : | MAR-12-2007 11:31AM MON |
| ELAPSED TIME | : | 04'16" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |

## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

FACSIMILE COVER SHEET

March 12, 2007

| To: | Michael T. Zeller, Esq. | Fax: (213) 443-3100 | Phone: |
| | B. Dylan Proctor, Esq. | | |
| | Quinn Emanuel Urquhart Oliver & | | |
| | Hedges LLP | | |
| | | | |
| | Patricia Glaser, Esq. | (310) 556-2920 | |
| | Christensen, Glaser, Fink, Jacobs, | | |
| | Weil & Shapiro, LLP | | |
| | | | |
| | Diana M. Torres, Esq. | (213) 430-6407 | |
| | James Jenal, Esq. | | |
| | O'Melveny & Myers LLP | | |

MAR 12 '07 AM11:46

Fax #(s) verified before sending (initial):

From:   Maria Lozano on behalf of Alaya     Fax:   310.553.5583     Phone:  310.772.7202
B. Meyers

Length, including this cover letter:        Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code:   028307.1010   User Number:   7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490, www.littler.com

MESSAGE CONFIRMATION

MAR-12-2007 11:40 AM MON

|  |  |  |
|---|---|---|
| FAX NUMBER | : | 310 553 5583 |
| NAME | : | LITTLER MENDELSON |

|  |  |  |
|---|---|---|
| NAME/NUMBER | : | 2#013#13105562920 |
| PAGE | : | 15 |
| START TIME | : | MAR-12-2007 11:36AM MON |
| ELAPSED TIME | : | 04'34" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |



## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

FACSIMILE COVER SHEET

March 12, 2007

To: Michael T. Zeller, Esq.        Fax:  (213) 443-3100   Phone:
    B. Dylan Proctor, Esq.
    Quinn Emanuel Urquhart Oliver &
    Hedges LLP

    Patricia Glaser, Esq.                (310) 556-2920
    Christensen, Glaser, Fink, Jacobs,
    Weil & Shapiro, LLP.

    Diana M. Torres, Esq.                (213) 430-6407
    James Jenal, Esq.
    O'Melveny & Myers LLP

Fax #(s) verified before sending (initial):
From:   Maria Lozano on behalf of Alaya-      Fax:  310.553.5583   Phone:  310.772.7202
        B. Meyers

MAR 12'07 AM11:46

Length, including this cover letter:        Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:  028307.1010    User Number:  7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490, www.littler.com




## MESSAGE CONFIRMATION

### MAR-12-2007 11:46 AM MON

```
FAX NUMBER    :   310 553 5583
NAME          :   LITTLER MENDELSON
```

```
NAME/NUMBER   :   2#002#12134306407
PAGE          :   15
START TIME    :   MAR-12-2007 11:41AM MON
ELAPSED TIME  :   05'02"
MODE          :   STD ECM
RESULTS       :   [ O.K ]
```



## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

#### FACSIMILE COVER SHEET

March 12, 2007

To: Michael T. Zeller, Esq.          Fax:   (213) 443-3100   Phone:
    B. Dylan Proctor, Esq.
    Quinn Emanuel Urquhart Oliver &
    Hedges LLP

    Patricia Glaser, Esq.                   (310) 556-2920
    Christensen, Glaser, Fink, Jacobs,
    Weil & Shapiro, LLP

    Diana M. Torres, Esq.                   (213) 430-6407
    James Jenal, Esq.
    O'Melveny & Myers LLP

Fax #(s) verified before sending (initial):

From:   Maria Lozano on behalf of Alaya    Fax:  310.553.5583   Phone:  310.772.7202
        B. Meyers

MAR 12 '07 AM 11:46

Length, including this cover letter:       Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above.  This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.  Thank you.

Transmittal Completed: _____ am / pm    Client Code:  028307.1010   User Number:  7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490, www.littler.com



## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

March 12, 2007

To: Michael T. Zeller, Esq.            Fax:   (213) 443-3100   Phone:
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP

Patricia Glaser, Esq.                         (310) 556-2920
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP

Diana M. Torres, Esq.                         (213) 430-6407
James Jenal, Esq.
O'Melveny & Myers LLP

Fax #(s) verified before sending (initial):

From:   Maria Lozano on behalf of Alaya     Fax:   310.553.5583   Phone:   310.772.7202
        B. Meyers

Length, including this cover letter:           Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm     Client Code:   028307.1010     User Number: _7334_

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490, www.littler.com