1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  awaltonhadlock@kvn.com
   710 Sansome Street
8  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
9  Facsimile: (415) 397-7188

10 Attorneys for Plaintiff
   CARTER BRYANT

**BY FAX**

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15

16 CARTER BRYANT, an individual,         Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
17                          Plaintiff,   2727

18      v.                               **DISCOVERY MATTER**
                                         [To be heard by Discovery Master Hon.
19 MATTEL, INC. a Delaware               Edward Infante (Ret.)]
   Corporation,
20                                       **[PUBLIC REDACTED] SECOND
                            Defendant.   SUPPLEMENTAL DECLARATION
21                                       OF JOHN TRINIDAD IN SUPPORT
                                         OF CARTER BRYANT'S MOTION
22 CONSOLIDATED WITH MATTEL,             TO QUASH MATTEL INC.'S
   INC., v. BRYANT and MGA               SUBPOENA ISSUED TO PEOPLES
23 ENTERTAINMENT, INC. v.                BANK OF THE OZARKS OR IN
   MATTEL, INC.                          THE ALTERNATIVE FOR
24                                       PROTECTIVE ORDER**

25                                       Date:     TBD
                                         Time:     TBD
26
                                         Date Comp. Filed: April 13, 2005
27
                                         Discovery Cut-Off: Jan. 28, 2008
28                                       Pre-Trial Conference: May 5, 2008
                                         Trial Date: May 27, 2008

411228.01

**Portions of Exhibit D (documents bearing bates numbers BRYANT2 011157 to 011167) have been filed conditionally under seal.**

6.  Attached hereto as Exhibit E are true and correct copies of subpoenas served on Pacific Bell Telephone Company, Anna Rhee, and Ogilvy & Mather Worldwide and confirmation of delivery of these subpoenas to Quinn Emanuel.

7.  Attached hereto as Exhibit F is a true and correct copy of Mattel Inc.'s First Set of Request for the Production of Documents and Tangible Things to Carter Bryant, served on June 14, 2004.

8.  Attached hereto as Exhibit G are true and correct copies of excerpts from Carter Bryant's January 23, 2008 deposition transcript. **Exhibit G has been filed conditionally under seal.**

9.  Attached hereto as Exhibit H are true and correct copies of excerpts from Veronica Marlow's December 28, 2007 deposition transcript. **Exhibit H has been filed conditionally under seal.**

10.  Attached hereto as Exhibit I is a true and correct copy of Carter Bryant's Opposition to Mattel Inc.'s Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions, filed on February 7, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 13, 2008, at San Francisco, California.

JOHN TRINIDAD

[REDACTED] SECOND SUPP. DEC'L OF TRINIDAD IN SUPPORT OF BRYANT'S MOTION TO QUASH SUBPOENA ISSUED TO PEOPLES BANK OF THE OZARKS
CASE NO. CV 04-09049 SGL (RNBx)

411228.01

# EXHIBIT A

# EXHIBIT A CONDITIONALLY FILED UNDER SEAL


# PURSUANT TO PROTECTIVE ORDER

411159.01

# EXHIBIT B

411159.01



## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

March 2, 2007

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

**HAND DELIVERY**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's first supplemental document production.   This supplemental production is comprised of documents that are all marked *"CONFIDENTIAL - - ATTORNEY'S EYES ONLY"* and are Bates numbered BRYANT O1589 through 05099.

In addition, as we agreed this week (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time.   However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order.   In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s).   We truly appreciate your courtesy in this regard.

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82121859.2 028307.1010

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107 Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com



LITTLER MENDELSON

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

March 16, 2007

**VIA HAND DELIVERY**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Bryant v. Mattel**

Dear Mr. Zeller:

Pursuant to Discovery Master Infante's January 25, 2007 Order (as modified concerning the due dates for supplemental document productions), I have enclosed with this letter Carter Bryant's second supplemental document production. This supplemental production is comprised of documents that are all marked *"CONFIDENTIAL - - ATTORNEY'S EYES ONLY"* and are Bates numbered BRYANT 05100 through 17618. We also have enclosed a privilege log and Mr. Bryant's Verification regarding prior redactions to his telephone records.

In addition, as we agreed (and with you reserving all of your client's rights in this regard including its right to insist on conducting an inspection of the actual hard drive(s) or to have a third party do so), Carter Bryant's computer hard drive(s) need not be produced at this time. However, we have enclosed in the supplement production those documents that we could open on the hard drive(s), which contain material that may be responsive to Discovery Master Infante's order. In this regard, we erred on the side of over-inclusiveness rather than under-inclusiveness.

Moreover, for those documents/images on the drive(s) that contain highly private material, we will obtain and send to you information regarding the file types and the "last modified" or "saved" dates for such files, if such information is accessible from the drive(s). We truly appreciate your courtesy in this regard.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308 Fax: 310.553.5583 www.littler.com

Michael T. Zeller, Esq.
March 16, 2007
Page 2

After you have received and reviewed this letter and the enclosed supplemental production, please call me if you wish to discuss this matter further.

Sincerely,

Douglas A. Wickham

DAW:cdm
Enclosures

Firmwide:82192031.1 028307.1010

# EXHIBIT C

411159.01

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

REBEKAH PUNAK
RPUNAK@KVN.COM

January 18, 2008

**VIA PDF**

Jon D. Corey
Duane R. Lyons
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:  *Bryant v. Mattel*
     United States District Court, Central District of California
     Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)

Dear Mr. Corey:

Enclosed with this email, please find a copy of documents bearing bates numbers BRYANT2 008047 to 008078.  These documents are being produced in accordance with our stipulation regarding Mattel's subpoena of Foothill Business Services.  These documents have been marked as CONFIDENTIAL –ATTORNEY'S EYES ONLY pursuant to the January 4, 2005 Protective Order.  I will send the password to the ZIP file via email.

If you have any questions or comments, or if I can be of further assistance in any way, please do not hesitate to call.

Very truly yours,

Rebekah Punak

RP/lhl
Encl.
cc: Thomas J. Nolan

409632.01

# EXHIBIT C
# CONDITIONALLY FILED UNDER SEAL (EXCEPT COVER LETTER)

# PURSUANT TO PROTECTIVE ORDER

411159.01

# EXHIBIT D

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

REBEKAH PUNAK
RPUNAK@KVN.COM

January 23, 2008

**VIA PDF**

Jon D. Corey
Duane R. Lyons
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:  *Bryant v. Mattel*
United States District Court, Central District of California
Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)

Dear Mr. Corey:

Enclosed with this email, please find a copy of documents bearing bates numbers BRYANT2 011157 to BRYANT2 011167.  These documents are being produced in accordance with our stipulation regarding Mattel's subpoena of Foothill Business Services.  These documents have been marked as CONFIDENTIAL –ATTORNEY'S EYES ONLY pursuant to the January 4, 2005 Protective Order.  I will send the password to the ZIP file via email.

If you have any questions or comments, or if I can be of further assistance in any way, please do not hesitate to call.

Very truly yours,

Rebekah Punak

RP/lhl
Encl.
cc:  Thomas J. Nolan

409933.01

# EXHIBIT D
# CONDITIONALLY FILED UNDER SEAL  (EXCEPT COVER LETTER)


# PURSUANT TO PROTECTIVE ORDER

411159.01

# EXHIBIT E

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, an Individual, and DOES
1 through 10, inclusive

Case Number: [1] CV 04-9059 NM (RNBx)

TO:  Pacific Bell Telephone Company c/o CT Corporation, Registered Agent for Service of Process
     818 West Seventh Street
     Los Angeles, California 90017

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Whitmont Legal Technologies, Inc. | May 12, 2005 |
| 19750 Vermont Avenue, Suite 230 | 10:00 A.M. |
| Torrance, California 90501 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant and Cross-Claimant, Carter Bryant | April 28, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
JOSHUA Z. FELDMAN, Esq., LITTLER MENDELSON 2049 Century Park East, 5th Floor,
Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|

| SERVED | | | |
|---|---|---|---|

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
|---|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE | |
|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS

1.  "TELEPHONE RECORDS" means every document, bill, or itemized statement referring or relating to customer/subscriber Mattel, Inc. ("Mattel") for the phone numbers listed below or any other documents that reflect the dates, times and durations of outgoing and incoming local and long distance calls and each number called and the number for each received call.

2.  "DOCUMENT" means any "writing," or "recording" as defined in <u>Federal Rules of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

3.  "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, or indicating in any way.

4.  "YOU" or "YOUR" means PACIFIC BELL TELEPHONE COMPANY and/or any other person or entity acting on its behalf.

5.  Wherever used herein, the singular shall include the plural and the plural shall include the singular.

### INSTRUCTIONS

1.  YOU are to produce and permit inspection of all TELEPHONE RECORDS and other DOCUMENTS requested herein that are in your possession, custody or control to Whitmont Legal Technologies, Inc., 19750 Vermont Avenue, Suite 230, Torrance, CA 90501 by 10:00 a.m. on May 12, 2005.

2.  YOU are required to identify any and all TELEPHONE RECORDS and other DOCUMENTS requested herein that have been destroyed or are no longer in YOUR possession, custody or control.

3.  YOU are required to identify the source of all TELEPHONE RECORDS or other DOCUMENTS requested herein, and the person for whom, or department, division or office for which, such TELEPHONE RECORDS or other DOCUMENTS are maintained.

4.  Each TELEPHONE RECORD or other DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the folder from which each such TELEPHONE RECORD or other DOCUMENT is taken shall be copied and attached to such TELEPHONE RECORD OR DOCUMENT.

5.  Each TELEPHONE RECORD or other DOCUMENT shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the categories in this request.

6.  For any information withheld on a claim that it is privileged or protected, YOU should identify each TELEPHONE RECORD or other DOCUMENT being withheld and specifically provide that privilege or protection that YOU claim precludes disclosure, the subject matter of the DOCUMENT, the date, author and addressees, and any additional facts on which YOU base YOUR claim of privilege or protection.

## REQUESTED DOCUMENTS

1.  All TELEPHONE RECORDS or other DOCUMENTS in YOUR possession for telephone numbers in the name of, and/or for the benefit of, and/or concerning customer/subscriber Mattel, Inc. for the period January 1, 1998 through the present. The TELEPHONE RECORDS or other DOCUMENTS sought include, but are not be limited to:

A.  Any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

B.    Each and every TELEPHONE RECORD or other DOCUMENT (including periodic bills and statements) regarding any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, Suite 500, Los Angeles, California 90067.

On April 28, 2005, I served the within document(s):

**CARTER BRYANT'S SUBPOENA IN A CIVIL CASE TO PACIFIC BELL TELEPHONE COMPANY**

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to **Corporate Legal Services** for delivery to the address below.

| | |
|---|---|
| John B. Quinn, Esq. | Diana M. Torres, Esq. |
| Michael T. Zeller, Esq. | O'Melveny & Myers LLP |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | 400 South Hope Street |
| 865 S. Figueroa Street, 10th Floor | Los Angeles, CA 90071-2899 |
| Los Angeles, CA 90017 | **Fax: (213) 430-6407** |
| **Fax: (213) 624.0643** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 28, 2005, at Los Angeles, California.

*Chele Moore*

CHELE' MOORE

Los_Angeles:397643.2 028307.1010

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

PROOF OF SERVICE



**(13) 628-6338**
1313 West 8th Street
Suite 310
Los Angeles, CA 90017

# Janney & Janney
## attorney service, inc.

**FOR J&J USE ONLY**
Date to Server
Server #
IRS #95-3267524

1. TYPE INSTRUCTIONS COMPLETELY
2. ONE DEFENDANT OR WITNESS PER SLIP
3. GOLDENROD COPY IS YOUR FILE COPY
4. SUBMIT ORIGINAL AND OTHER COPIES

Firm: LITTLER MENDELSON
2049 CENTURY PARK EAST, 5TH FL.
LOS ANGELES, CA 90067

Date: 4-28-05
Court: USDC - Central
Case Number: CV 04-9059 NM
Case Title: Mattel (RNBx)
Documents(s): v. Bryant, et al

**INVOICE L.A.** 1092542

ROUTE #: 3
CLIENT ACCOUNT #: 527

2 Copies -
Subpoena in a
Civil Code

☐ **RUSH or do today.**
**Special Instructions:**
Do By Friday
4-29-05

Telephone: (310) 553-0308
Ext.
Attention of: Chele
File No.: 028307-1010

SERVE PAcific Bell Telephone Company
C/O CT Corporation

(PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE)

**(A) RESIDENCE ADDRESS:**

**(B) BUSINESS ADDRESS:**
818 W. 7th St
Los Angeles, CA 90017
Corporate agent for service:
Hours worked:

HEARINGS: SET FOR     AT          DEPT
DESCRIPTION: AGE   HEIGHT   WEIGHT   RACE   SEX   EYES   HAIR

Atty Check Attached $ _____

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | FOR COURT USE ONLY |
|---|---|
| LITTLER MENDELSON<br>2049 CENTURY PARK EAST, 5TH FL.<br>LOS ANGELES, CA  90067<br>(310) 553-0308 | |

ATTORNEY FOR (Name):

NAME OF COURT AND ADDRESS:
UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
312 N SPRING ST. #G-8
LOS ANGELES, CA 90012-4793

PLAINTIFF/PETITIONER:
MATTEL

DEFENDANT/RESPONDENT:
BRYANT

| **PROOF OF SERVICE** | CASE NO.:<br>CV049059NM(RNBX) |
|---|---|

Hearing date:05/12/05        Time:10:00 AM             Dept./Div.:

1.  At the time of service I was at least 18 years of age and not a party
    to this action, and I served copies of the:

        SUBPOENA IN A CIVIL CASE

2.  a. Party served:  PACIFIC BELL TELEPHONE COMPANY
    b. Person served: GEROME JONES
                      REGISTERED AGENT FOR SERVICE OF PROCESS
    c. Address:       818 W. 7TH STREET
                      LOS ANGELES, CA 90017

3.  I served the party named in item 2
    a. by personally delivering the copies (1)on 04/28/05 at (2) 2:30 PM

4.  Witness fees were not demanded or paid.

5.  Person serving:
    MATTHEW JANNEY                         a.  Fee for service:     74.00
    JANNEY & JANNEY ATTORNEY SVCS.         d.  Registered California
    1313 W. 8TH STREET SUITE 310               process server (employee)
    LOS ANGELES, CA 90017                      (2)  Registration No.: #140
    (213) 628-6338                             (3)  County:  LOS ANGELES

6.  I declare under penalty of perjury under the laws of the United States
    of America that the foregoing is true and correct.

        Date: 04/29/05               Signature: _____

        Judicial Council Form, Rule 982
        1092542      pplv2

**J**J  **Janney & Janney**
        attorney service, inc.
        Document Prepared On Recycled Paper

1313 W. 8TH STREET SUITE 310
LOS ANGELES, CA 90017
**(213) 628-6338**
www.janneyandjanney.com                                    -1-

## S E R V I C E   R E P O R T

Our Invoice #-1092542          Server #-175          Route #-   3
04/29/05

Bill to: 527      LITTLER MENDELSON            Your File # 028307-1010
                  2049 CENTURY PARK EAST, 5TH FL.    Case # CV049059NM(RNBX)
                  LOS ANGELES, CA  90067        Attn: CHELE

Case Title: MATTEL VS. BRYANT
Name(s):
PACIFIC BELL TELEPHONE COMPANY


Address: 818 W. 7TH STREET               LOS ANGELES, CA 90017
Document(s):
SUBPOENA IN A CIVIL CASE

-------------------------------------REPORT-------------------------------------
Date & Time Served: 04/28/05  2:30   PM    Place Served: BUSINESS
Personal Service
    GEROME JONES
    REGISTERED AGENT FOR SERVICE OF PROCESS

Remarks:


             Service Fee:     44.00        Extra Service:
                  Mileage:               Back Pickup:
                  Advance:             Due Diligence:
                  Special:                     Time:
            Investigations:            Back Delivery:
          Outside Services:            FedEx/Postage:
            Court Services:            Document Prep:
             Check Charge:                 Recording:
              Rush Filing:       Out of County/State:
                   Notary:              Declaration:
                    Index:                      Fax:
       Data Base Retrieval:          Next Day Filings:
            Rush Services:     30.00    Not Found Address:
        Rush Court Service:          Incoming Fax Fee:
             Field Locate:                Stake Out:
          Monthly Retainer:         Priority/On Demand:

             TOTAL FEES CHARGED:$    74.00

       PLEASE INDICATE INVOICE NUMBER WITH REMITTANCE

              IRS #95-3267524

                    **(213) 628-6338**

**Janney & Janney**
attorney service, inc.

www.janneyandjanney.com        1313 W. 8TH STREET SUITE 310
                               LOS ANGELES, CA 90017

Document Prepared On Recycled Paper

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, an Individual, and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO: Pacific Bell Telephone Company c/o CT Corporation, Registered Agent for Service of Process
818 West Seventh Street
Los Angeles, California 90017

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Whitmont Legal Technologies, Inc. | May 12, 2005 |
| 19750 Vermont Avenue, Suite 230 | 10:00 A.M. |
| Torrance, California 90501 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant and Cross-Claimant, Carter Bryant | April 28, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
JOSHUA Z. FELDMAN, Esq., LITTLER MENDELSON 2049 Century Park East, 5th Floor,
Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### DEFINITIONS

1.      "TELEPHONE RECORDS" means every document, bill, or itemized statement referring or relating to customer/subscriber Mattel, Inc. ("Mattel") for the phone numbers listed below or any other documents that reflect the dates, times and durations of outgoing and incoming local and long distance calls and each number called and the number for each received call.

2.      "DOCUMENT" means any "writing," or "recording" as defined in <u>Federal Rules of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

3.      "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, or indicating in any way.

4.      "YOU" or "YOUR" means PACIFIC BELL TELEPHONE COMPANY and/or any other person or entity acting on its behalf.

5.      Wherever used herein, the singular shall include the plural and the plural shall include the singular.

### INSTRUCTIONS

1.      YOU are to produce and permit inspection of all TELEPHONE RECORDS and other DOCUMENTS requested herein that are in your possession, custody or control to Whitmont Legal Technologies, Inc., 19750 Vermont Avenue, Suite 230, Torrance, CA 90501 by 10:00 a.m. on May 12, 2005.

2.      YOU are required to identify any and all TELEPHONE RECORDS and other DOCUMENTS requested herein that have been destroyed or are no longer in YOUR possession, custody or control.

3.      YOU are required to identify the source of all TELEPHONE RECORDS or other DOCUMENTS requested herein, and the person for whom, or department, division or office for which, such TELEPHONE RECORDS or other DOCUMENTS are maintained.

4.      Each TELEPHONE RECORD or other DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the folder from which each such TELEPHONE RECORD or other DOCUMENT is taken shall be copied and attached to such TELEPHONE RECORD OR DOCUMENT.

5.      Each TELEPHONE RECORD or other DOCUMENT shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the categories in this request.

6.      For any information withheld on a claim that it is privileged or protected, YOU should identify each TELEPHONE RECORD or other DOCUMENT being withheld and specifically provide that privilege or protection that YOU claim precludes disclosure, the subject matter of the DOCUMENT, the date, author and addresses, and any additional facts on which YOU base YOUR claim of privilege or protection.

### REQUESTED DOCUMENTS

1.      All TELEPHONE RECORDS or other DOCUMENTS in YOUR possession for telephone numbers in the name of, and/or for the benefit of, and/or concerning customer/subscriber Mattel, Inc. for the period January 1, 1998 through the present. The TELEPHONE RECORDS or other DOCUMENTS sought include, but are not limited to:

A.      Any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

B.     Each and every TELEPHONE RECORD or other DOCUMENT (including periodic bills and statements) regarding any and all telephone numbers and accounts for and/or in the name of Mattel, including but not limited to (310) 252-2000; (310) 252-6099; (310) 322-7149; (310) 322-0034; (310) 322-0144; (310) 322-0379; (310) 322-0724; (310) 322-0765; (310) 322-0791; (310) 322-0819; (310) 322-0877; (310) 322-1155; (310) 322-1484; (310) 322-1493; (310) 322-1636; (310) 322-1656; (310) 322-1730; (310) 322-1944; (310) 322-2063; (310) 322-2105; (310) 322-2469; (310) 322-2635; (310) 322-2946; (310) 322-3024; (310) 322-3234; (310) 322-3469; (310) 322-3506; (310) 322-3734; (310) 322-3959; (310) 322-3966; (310) 322-3968; (310) 322-3981; (310) 322-3991; (310) 322-4187; (310) 322-4681; (310) 322-4872; (310) 322-4979; (310) 322-5006; (310) 322-5707; (310) 322-5719; (310) 322-5782; (310) 322-5830; (310) 322-6164; (310) 322-6264; (310) 322-6364; (310) 322-6635; (310) 322-6672; (310) 322-6972; (310) 322-6974; (310) 322-7057; (310) 322-7149; (310) 322-7156; (310) 322-7225; (310) 322-7231; (310) 322-7319; (310) 322-7471; (310) 322-7476; (310) 322-7481; (310) 322-9046; (310) 322-9402; (310) 322-9570; (310) 322-9730; (310) 322-9895; (310) 322-9989; (310) 335-0085; (310) 335-0086; (310) 335-0087; (310) 335-0089; (310) 335-0091; (310) 335-0093; (310) 335-0094; (310) 335-0169; (310) 335-0173; (310) 335-0175; (310) 325-2391; (310) 325-2476; (310) 328-6314; (310) 535-4556; (310) 535-4577; (310) 568-0374; (310) 537-1708; (310) 537-0846; (310) 537-0860; (310) 537-0872; (310) 537-1421; (310) 537-1708; (310) 537-1727; (310) 537-1901; (310) 537-1902; (310) 537-1903; (310) 537-7371; (310) 568-0374; (323) 872-2349; (323) 872-0301; (323) 872-0302; (323) 872-0304; (323) 872-0305; (323) 872-0306; (323) 872-0917; (323) 872-1023; (323) 872-2349; (323) 872-2350; (323) 872-2351; (323) 872-2352; (323) 872-2353; (323) 872-2354; (323) 872-2356; (323) 872-2349; (323) 872-2357; (323) 872-2358; (323) 872-2829; (323) 872-2830; (323) 872-2831; (323) 872-2835; (323) 872-3036; (323) 872-3039; (714) 534-6580; (714) 534-0342; (714) 534-1842; (714) 534-1851; (714) 534-6580; (714) 534-6598; (714) 534-6599; (714) 534-8808; (714) 534-8835; and (714) 534-8857.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, Suite 500, Los Angeles, California 90067.

On April 28, 2005, I served the within document(s):

**CARTER BRYANT'S SUBPOENA IN A CIVIL CASE
TO PACIFIC BELL TELEPHONE COMPANY**

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to **Corporate Legal Services** for delivery to the address below.

| | |
|---|---|
| John B. Quinn, Esq. | Diana M. Torres, Esq. |
| Michael T. Zeller, Esq. | O'Melveny & Myers LLP |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | 400 South Hope Street |
| 865 S. Figueroa Street, 10th Floor | Los Angeles, CA 90071-2899 |
| Los Angeles, CA 90017 | **Fax: (213) 430-6407** |
| **Fax: (213) 624.0643** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 28, 2005, at Los Angeles, California.

*Chele Moore*

CHELE' MOORE

Los_Angeles:397643.2 028307.1010

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

PROOF OF SERVICE





First Class Mail

First Class Mail

SIDLEY AUSTIN BROWN & WOOD LLP
555 WEST FIFTH STREET
LOS ANGELES, CALIFORNIA 90013

To

Douglas A. Wickham
Keith Jacoby Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107





AO 88 (Rev. 11/94) Subpoena in a Civil Cas

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, AN INDIVIDUAL, and DOES
1 through 10, inclusive

Case Number: [1]  CV 04-9059 NM (RNBx)

TO:  Anna Rhee
     101 Avenue G
     Redondo Beach, CA 90277

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson - 2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107 (310) 553-0308 | March 10, 2005 11:00 A.M. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Defendant, Carter Bryant | February 25, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Douglas Wickham, Esq. Littler Mendelson, PC
2049 Century Park East, 5th Floor, Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>ATTACHMENT A</u>

<u>Documents To Be Produced</u>

I.   <u>DEFINITIONS.</u>

1.   "YOU" or "YOUR" means Anna Rhee, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.   "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "BRATZ" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "BRATZ" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

3.   "PRAYER ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "PRAYER ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "PRAYER ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.   "ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

5.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6.   "DOCUMENT" means any "writing" or "recording" as defined in <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

7.   "REFERRING OR RELATING TO" means reflecting, identifying,

describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

8.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.


## II.    INSTRUCTIONS.

1.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

2.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

a.    The privilege or protection that you claim precludes disclosure;

b.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

c.    The date, author(s), addressee(s); and

d.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

3.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

4.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

5.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   **DOCUMENTS TO BE PRODUCED.**

1.     Any and all DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT in YOUR possession, custody or control.

2.     Any and all DOCUMENTS REFERRING OR RELATING TO BRATZ in YOUR possession, custody or control.

3.     Any and all DOCUMENTS REFERRING OR RELATING TO PRAYER ANGEL project in YOUR possession, custody or control.

4.     Any and all DOCUMENTS REFERRING OR RELATING TO ANGEL project in YOUR possession, custody or control.

5.     Any and all DOCUMENTS REFERRING OR RELATING TO MGA ENTERTAINMENT, INC. in YOUR possession, custody or control including but not limited to any work YOU performed for MGA, any contracts between YOU and MGA, any invoices pertaining to MGA work, any purchase orders from MGA, any descriptions of projects for MGA, any requisitions from MGA for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for MGA and any payments YOU received from MGA, and the timing of any work YOU performed for MGA.

6.     Any and all DOCUMENTS REFERRING OR RELATING TO MATTEL, INC. in YOUR possession, custody or control, including but not limited to any work YOU performed for Mattel, any contracts between YOU and Mattel, any invoices pertaining to Mattel work, any purchase orders from Mattel, any descriptions of projects for Mattel, any requisitions from Mattel for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for Mattel and any payments YOU received from Mattel, and the timing of any work YOU performed for Mattel.

7.     Any and all DOCUMENTS REFERRING OR RELATING TO the above captioned lawsuit.

8.     Any and all DOCUMENTS REFERRING OR RELATING TO communications regarding BRATZ, BRYANT, MGA and/or MATTEL.

9.     All telephone bills for your personal telephone(s) for the period from January 1, 1998 to the present.

10.    All telephone bills for your cellular telephone(s) for the period from January 1, 1998 to the present.

### PROOF OF SERVICE BY MESSENGER

I am employed by Corporate Legal Services in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1655 Beverly Blvd., Los Angeles, California 90026. On February 28, 2005, I personally served:

### SUBPOENA IN A CIVIL CASE

by delivering copies thereof to:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Valerie E. Kincaid, Esq.
Berman, Mausner & Resser, A Law
Corporation
11601 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025-1742

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2005, at Los Angeles, California.

CR  PENSONNIE

Los_Angeles:372101.3 028307.1010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308




AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |

Carter Bryant

V.

Mattel, Inc. (and consolidated cases)

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   CV 04-09049  C.D. Cal.

TO:  Ogilvy & Mather Worldwide
309 W. 49th Street
New York, NY  10019

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A (attached)

| PLACE | DATE AND TIME |
| Littler Mendelson, P.C., 885 Third Avenue, 16th Floor, New York, NY, 10022 | 3/28/2007 9:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Carter Bryant | DATE   3/12/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alaya B. Meyers, Littler Mendelson, P.C., 1920 Main St., Suite 900, Irvine, CA 92612

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|

| | ADDRESS OF SERVER |
|---|---|

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**

**DEFINITIONS**

As used in these Requests:

1.      "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

2.      "ALIEN RACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "Alien Racers."

3.      "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

4.      "CARU" means the Children's Advertising Review Unit of the Council of Better Business Bureaus, Inc. and any of its past or present principals, directors, officers, agents, employees, representatives, consultants, attorneys, entities and persons acting in joint-venture or partnership relationships and all others acting on its behalf.

5.      "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or