within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

6.      "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, samples, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conferences, by telephone or otherwise.  The term

DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

7.  "LARIAN" means MGA's Chief Executive Officer, Isaac Larian.

8.  "MARKET RESEARCH" means any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

9.  "MATTEL" means Mattel, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MATTEL and any others acting on MATTEL'S behalf, pursuant to MATTEL'S authority or subject to MATTEL'S control.

10.  "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

11.  "MY SCENE" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "My Scene" trademark or trade dress.

12.  "POLLY POCKET" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever

been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Polly Pocket" trademark or trade dress.

13.    "YOU" or "YOUR" refers to Ogilvy & Mather Worldwide and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

14.    The singular form includes the plural, and vice versa.

15.    The terms "any" and "all" are interchangeable.

16.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

17.    The term "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1.    YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the

DOCUMENT.

2.    The responsive time period is January 1, 2001 to the present unless otherwise indicated.

3.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated

4.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each such DOCUMENT or portion of a DOCUMENT withheld:

    a.    The date the DOCUMENT was created;

    b.    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    c.    A general description of the subject matter of the DOCUMENT;

    d.    The basis of any claim of privilege; and

    e.    If work-product is asserted, the proceeding for which the DOCUMENT was created.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All COMMUNICATIONS with MATTEL REFERRING OR RELATING TO "BRATZ," MGA, LARIAN or any other person known to YOU to work or to have worked for MGA on "BRATZ" or "ALIEN RACERS," and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

**REQUEST NO. 2:**

All COMMUNICATIONS with CARU REFERRING OR RELATING TO "BRATZ", MGA, LARIAN, or any other person known to YOU to work or to have worked for MGA on "BRATZ" or "ALIEN RACERS," and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

**REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO any focus group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 4:**

All DOCUMENTS REFERRING OR RELATING TO any participant comments from any focus group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 5:**

All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH REFERRING OR RELATING TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 6:**

All DOCUMENTS REFERRING OR RELATING TO any evaluation, analysis, or assessment of advertisements for "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 7:**

All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE," "POLLY POCKET," "ACCELERACERS," or MATTEL, and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 8:**

All DOCUMENTS REFERRING OR RELATING TO any confusion between "MY SCENE" and "BRATZ" (including, without limitation, confusion among consumers, potential consumers, focus group participants, retailers, members of the press, or the media).

**REQUEST NO. 9:**

All DOCUMENTS REFERRING OR RELATING TO any confusion between "ACCELERACERS" and "ALIEN RACERS" (including, without limitation, confusion among consumers, potential consumers, focus group participants, retailers, members of the press, or the media).

**REQUEST NO. 10:**

All DOCUMENTS REFERRING OR RELATING TO any comparisons of "MY SCENE" with "BRATZ."

**REQUEST NO. 11:**

All DOCUMENTS REFERRING OR RELATING TO any comparisons of "ACCELERACERS" with "ALIEN RACERS."

**REQUEST NO. 12:**

All DOCUMENTS REFERRING OR RELATING TO proposed or actual advertisements for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

**REQUEST NO. 13:**

All DOCUMENTS REFERRING OR RELATING TO directives, suggestions, or instructions from MATTEL to create advertisements for "MY SCENE," "POLLY POCKETS" or "ACCELERACERS" products using elements that are similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or MGA products.

**REQUEST NO. 14:**

Copies of all advertisements for "BRATZ," "ALIEN RACERS," or MGA products that YOU consulted or reviewed to create advertisements for "MY SCENE." "POLLY POCKET," or "ACCELERACERS" products.

**REQUEST NO. 15:**

All COMMUNICATIONS with Margo Eldridge REFERRING OR RELATING TO "BRATZ", MGA, LARIAN, or any other person known to YOU to work or to have worked for MGA on "BRATZ" or "ALIEN RACERS," and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

NY1:1683498.1

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107.

On March 12, 2007, I served the within document(s):

SUBPOENA IN A CIVIL CASE

☒ This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Fax: (213) 443-3100
E-MAIL:
michaelzeller@quinnemanuel.com;
dylanproctor@quinnemanuel.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 12, 2007, at Los Angeles, California.

Maria Lozano

PROOF OF SERVICE

1

## PROOF OF SERVICE

2

3          I am a resident of the State of California, over the age of eighteen years,

4   and not a party to the within action. My business address is 2049 Century Park East,

5   5th Floor, Los Angeles, California 90067.3107.

6

7          On March 12, 2007, I served the within document(s):

8   SUBPOENA IN A CIVIL CASE

9   ☒   This document was transmitted by using a facsimile machine that
10        complies with California Rules of Court Rule 2003(3), telephone
         number 310.553.5583. The transmission was reported as complete and
11        without error.   The names and facsimile numbers of the person(s)
         served are as set forth below.

12

13   ☐   by placing a true copy of the document(s) listed above for collection
         and mailing following the firm's ordinary business practice in a sealed
14        envelope with postage thereon fully prepaid for deposit in the United
         States mail at Los Angeles, California addressed as set forth below. `

15

16   ☐   by depositing a true copy of the same enclosed in a sealed envelope,
         with delivery fees provided for, in an overnight delivery service pick
17        up box or office designated for overnight delivery, and addressed as set
         forth below.

18

19   ☐   by personal service I caused such envelope to be delivered to
20        **CORPORATE LEGAL SERVICES** for delivery to the address
         below.

21

22   Patricia Glaser, Esq.                    Diana M. Torres, Esq.
23   Christensen, Glaser, Fink, Jacobs,       James Jenal, Esq.
     Weil & Shapiro, LLP                      O'Melveny & Myers LLP
24   10250 Constellation Boulevard            400 S. Hope Street
25   19th Floor                               Los Angeles, CA 90071
     Los Angeles, CA 90067                    Fax: (213) 430-6407
26   Fax : (310) 556-2920

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0008

Firmwide:81814051.1 028307.1010                    3.

PROOF OF SERVICE

1    I am readily familiar with the firm's practice of collection and processing
2    correspondence for mailing and for shipping via overnight delivery service.  Under
3    that practice it would be deposited with the U.S. Postal Service or if an overnight
4    delivery service shipment, deposited in an overnight delivery service pick-up box or
5    office on the same day with postage or fees thereon fully prepaid in the ordinary
6    course of business.
7        I declare under penalty of perjury under the laws of the United States of
8    America that the above is true and correct.
9        Executed on March 12, 2007, at Los Angeles, California.

Maria Lozano

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:81814051.1 028307.1010

4.

PROOF OF SERVICE

 

**MESSAGE CONFIRMATION**                          MAR-12-2007 11:35 AM MON

FAX NUMBER    :    310 553 5583
NAME          :    LITTLER MENDELSON

NAME/NUMBER   :    2#344#12134433100
PAGE          :    15
START TIME    :    MAR-12-2007 11:31AM MON
ELAPSED TIME  :    04'16"
MODE          :    STD ECM
RESULTS       :       [ O.K ]

## LITTLER MENDELSON

A PROFESSIONAL CORPORATION

**FACSIMILE COVER SHEET**

March 12, 2007

| To: | Michael T. Zeller, Esq.<br>B. Dylan Proctor, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges LLP | Fax: | (213) 443-3100 | Phone: |
| | Patricia Glaser, Esq.<br>Christensen, Glaser, Fink, Jacobs,<br>Weil & Shapiro, LLP | | (310) 556-2920 | |
| | Diana M. Torres, Esq.<br>James Jenal, Esq.<br>O'Melveny & Myers LLP | | (213) 430-6407 | |

MAR 12 '07 AM11:46

Fax #(s) verified before sending (initial):

From:   Maria Lozano on behalf of Alaya          Fax:   310.553.5583     Phone:  310.772.7202
        B. Meyers

Length, including this cover letter:             Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code:  028307.1010   User Number:  7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA 94108.2693 Tel 415.433.1940 Fax 415.399.8490, www.littler.com




## MESSAGE CONFIRMATION

### MAR-12-2007 11:40 AM MON

| | | |
|---|---|---|
| FAX NUMBER | : | 310 553 5583 |
| NAME | : | LITTLER MENDELSON |

| | | |
|---|---|---|
| NAME/NUMBER | : | 2#013#13105562920 |
| PAGE | : | 15 |
| START TIME | : | MAR-12-2007 11:36AM MON |
| ELAPSED TIME | : | 04'34" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |

---

### LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

FACSIMILE COVER SHEET

March 12, 2007

| To: | Michael T. Zeller, Esq. | Fax: | (213) 443-3100 | Phone: |
| | B. Dylan Proctor, Esq. | | | |
| | Quinn Emanuel Urquhart Oliver & | | | |
| | Hedges LLP | | | |
| | | | | |
| | Patricia Glaser, Esq. | | (310) 556-2920 | |
| | Christensen, Glaser, Fink, Jacobs, | | | |
| | Weil & Shapiro, LLP. | | | |
| | | | | |
| | Diana M. Torres, Esq. | | (213) 430-6407 | |
| | James Jenal, Esq. | | | |
| | O'Melveny & Myers LLP | | | |

Fax #(s) verified before sending (initial):

From:   Maria Lozano on behalf of Alaya   Fax: 310.553.5583   Phone: 310.772.7202
        B. Meyers

Length, including this cover letter:        Pages

If you do not receive all pages, please call Sender's Phone Number.

MAR 12 '07 AM 11:46

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:   028307.1010   User Number:   7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA 94108.2693  Tel: 415.433.1940  Fax 415.399.8490, www.littler.com




**MESSAGE CONFIRMATION**

**MAR-12-2007 11:46 AM MON**

| | | |
|---|---|---|
| FAX NUMBER | : | 310 553 5583 |
| NAME | : | LITTLER MENDELSON |

| | | |
|---|---|---|
| NAME/NUMBER | : | 2#002#12134306407 |
| PAGE | : | 15 |
| START TIME | : | MAR-12-2007 11:41AM MON |
| ELAPSED TIME | : | 05'02" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |



**LITTLER MENDELSON**
A PROFESSIONAL CORPORATION

**FACSIMILE COVER SHEET**

March 12, 2007

| To: | Michael T. Zeller, Esq. | Fax: | (213) 443-3100 | Phone: |
|---|---|---|---|---|
| | B. Dylan Proctor, Esq. | | | |
| | Quinn Emanuel Urquhart Oliver & | | | |
| | Hedges LLP | | | |
| | | | | |
| | Patricia Glaser, Esq. | | (310) 556-2920 | |
| | Christensen, Glaser, Fink, Jacobs, | | | |
| | Weil & Shapiro, LLP | | | |
| | | | | |
| | Diana M. Torres, Esq. | | (213) 430-6407 | |
| | James Jenal, Esq. | | | |
| | O'Melveny & Myers LLP | | | |

Fax #(s) verified before sending (initial):

MAR 12 '07 AM 11:46

| From: | Maria Lozano on behalf of Alaya B. Meyers | Fax: | 310.553.5583 | Phone: | 310.772.7202 |
|---|---|---|---|---|---|

Length, including this cover letter: _____ Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: 028307.1010    User Number: 7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM
650 California Street, 20th Floor, San Francisco, CA 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490, www.littler.com



### LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

FACSIMILE COVER SHEET

March 12, 2007

To:   Michael T. Zeller, Esq.        Fax:   (213) 443-3100   Phone:
      B. Dylan Proctor, Esq.
      Quinn Emanuel Urquhart Oliver &
      Hedges LLP

      Patricia Glaser, Esq.                  (310) 556-2920
      Christensen, Glaser, Fink, Jacobs,
      Weil & Shapiro, LLP

      Diana M. Torres, Esq.                  (213) 430-6407
      James Jenal, Esq.
      O'Melveny & Myers LLP

Fax #(s) verified before sending (initial):

From:   Maria Lozano on behalf of Alaya    Fax:   310.553.5583   Phone:   310.772.7202
        B. Meyers

Length, including this cover letter:        Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:   028307.1010    User Number:   7334

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, CA 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490, www.littler.com

# EXHIBIT F

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11  MATTEL, INC., a Delaware            )   Case No. CV 04-3431 NM (RNBx)
12  corporation,                        )
                                        )   PLAINTIFF MATTEL, INC.'S
13             Plaintiff,               )   FIRST SET OF REQUESTS FOR
                                        )   THE PRODUCTION OF
14        v.                            )   DOCUMENTS AND TANGIBLE
                                        )   THINGS TO DEFENDANT
15  CARTER BRYANT, an individual; and   )   CARTER BRYANT
    DOES 1 through 10, inclusive,       )
16                                      )
               Defendants.             )
17                                      )

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff

2 Mattel, Inc. ("Mattel") hereby requests that defendant Carter Bryant produce the

3 following documents and tangible things within thirty days hereof at the offices of

4 Quinn Emanuel Urquhart Oliver & Hedges, LLP, located at 865 South Figueroa

5 Street, 10th Floor, Los Angeles, California 90017-2543. Defendant shall be obligated

6 to supplement responses to these requests at such times and to the extent required by

7 Rule 26(e) of the Federal Rules of Civil Procedure.

8

9                              Definitions

10

11    1.    "YOU" or "YOUR" means defendant Carter Bryant and any of his

12 current or former agents, representatives, attorneys, employees, predecessors-in-

13 interest and successors-in-interest, and any other PERSON acting on his behalf,

14 pursuant to his authority or subject to his control.

15    2.    "MGA" means MGA Entertainment, Inc., any of its current or

16 former employees, officers, directors, agents, representatives, attorneys, parents,

17 subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

18 and any other PERSON acting on its behalf, pursuant to its authority or subject to its

19 control.

20    3.    "BRATZ" means any doll or any portion thereof that is now or has

21 ever been known as, or sold or marketed under, the name "Bratz" (regardless of what

22 such doll is or has been also or previously called) or that is now or has ever been sold

23 or marketed as part of the "Bratz" line, and all prototypes, models, samples and

24 versions of such doll or any portion thereof.

25    4.    "REFER OR RELATE TO" means constituting, embodying,

26 containing, referring to, commenting on, evidencing, regarding, discussing,

27 describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

28 contradicting, negating, revoking or otherwise relating to in any manner.

5.   "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.   Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

7.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

1   memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or
2   other medium, including without limitation in written, audio or video form.

3           8.   "PERSON" or "PERSONS" means all natural persons,
4   partnerships, corporations, joint ventures and any kind of business, legal or public
5   entity or organization, as well as its, his or her agents, representatives, employees,
6   officers and directors and any one else acting on its, his or her behalf, pursuant to its,
7   his or her authority or subject to its, his or her control.

8           9.   The singular form of a noun or pronoun includes within its
9   meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
10  the masculine form of a pronoun also includes within its meaning the feminine form
11  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also
12  within its meaning all other tenses of the verb so used, whenever such construction
13  results in a broader request for information; and "and" includes "or" and *vice versa*,
14  whenever such construction results in a broader disclosure of documents or
15  information.

16
17          <u>Instructions</u>
18
19          A.   Unless otherwise specified, these requests call for DOCUMENTS
20  prepared on or after January 1, 1995 through the present.  Documents shall be
21  produced in their original file folders, or in lieu thereof, any writing on the file folder
22  from which each such document is taken shall be copied and appended to such
23  document and the person for whom or department, division, or office for which the
24  document or the file folder is maintained shall be identified.

25          B.   In the event that any document called for by these requests is to
26  be withheld on the basis of a claim of privilege or immunity from discovery, that
27  document is to be identified by stating (i) any addressor and addressee; (ii) any
28  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

1   and attachments or appendices; (iv) all persons to whom the document was

2   distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the

3   privilege or immunity asserted.

4           C.    In the event that any document called for by these requests has

5   been destroyed or discarded, that document is to be identified by stating: (i) any

6   addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date,

7   subject matter, number of pages, and attachments or appendices; (iv) all persons to

8   whom the document was distributed, shown, or explained; (v) the date of destruction

9   or discard, manner of destruction or discard, and reason for destruction or discard;

10  (vi) the persons who were authorized to carry out such destruction or discard; and

11  (vii) whether any copies of the document presently exist and, if so, the name of the

12  custodian of each copy.

13

14  <u>Requests for Production</u>

15

16  <u>REQUEST FOR PRODUCTION NO. 1</u>:

17          All DOCUMENTS that REFER OR RELATE TO any work or services

18  pertaining to dolls, doll accessories or toys that YOU performed for or on behalf of

19  any PERSON other than Mattel, Inc. during the time period(s) that YOU were

20  employed by Mattel, Inc.

21

22  <u>REQUEST FOR PRODUCTION NO. 2</u>:

23          All DOCUMENTS that REFER OR RELATE TO any agreement or

24  contract between YOU and any PERSON pertaining in any manner to any doll, doll

25  accessory or toy that was proposed, offered, discussed, negotiated or executed during

26  the time period(s) that YOU were employed by Mattel, Inc., including without

27  limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE

28  TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for any doll, doll accessory or toy that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Mattel, Inc.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that REFER OR RELATE TO any work or services YOU performed for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

MATTEL'S DOCUMENT REQUESTS

02284/588892.2

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to identify each and every PERSON for whom or on whose behalf YOU have performed any work or services, including without limitation any freelance work or consulting services, since January 1, 1995.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all COMMUNICATIONS pertaining thereto.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA during that time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and MGA, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU, whether alone or jointly with others, produced, created, authored, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. and that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice prior to October 21, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice after October 20, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to MGA.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice prior to October 21, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice after October 20, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 20:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc.

REQUEST FOR PRODUCTION NO. 21:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any of YOUR agreements or contracts with Mattel, Inc.

1    REQUEST FOR PRODUCTION NO. 22:

2         All COMMUNICATIONS between YOU and MGA that REFER OR

3    RELATE TO any work or services that YOU performed for or on behalf of Mattel,

4    Inc. or YOUR employment by Mattel, Inc.

5

6    REQUEST FOR PRODUCTION NO. 23:

7         All    DOCUMENTS    that    REFER    OR    RELATE    TO

8    COMMUNICATIONS between YOU and any officer, director, employee or

9    representative of Mattel, Inc. that REFER OR RELATE TO MGA or BRATZ.

10

11   REQUEST FOR PRODUCTION NO. 24:

12        All COMMUNICATIONS between YOU and any PERSON that REFER

13   OR RELATE TO BRATZ, including without limitation to any DESIGNS for

14   BRATZ, prior to October 21, 2000.

15

16   REQUEST FOR PRODUCTION NO. 25:

17        All    DOCUMENTS    that    REFER    OR    RELATE    TO

18   COMMUNICATIONS between YOU and MGA prior to October 21, 2000, including

19   without limitation all COMMUNICATIONS between YOU and MGA concerning

20   YOUR performing work or services for or on behalf of MGA.

21

22   REQUEST FOR PRODUCTION NO. 26:

23        All    DOCUMENTS    that    REFER    OR    RELATE    TO

24   COMMUNICATIONS between YOU and MGA after October 20, 2000.

25

26   REQUEST FOR PRODUCTION NO. 27:

27        All COMMUNICATIONS between YOU and any PERSON, including

28   without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

1  produced, created, authored, conceived of or reduced to practice, whether alone or
2  jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

3

4  **REQUEST FOR PRODUCTION NO. 28:**

5      All DOCUMENTS that REFER OR RELATE TO any payment of money
6  or consideration made to YOU or for YOUR benefit by any PERSON other than
7  Mattel, Inc., including without limitation by MGA, for work, activities or services
8  that YOU performed during the time period(s) that YOU were employed by Mattel,
9  Inc.

10

11  **REQUEST FOR PRODUCTION NO. 29:**

12      All DOCUMENTS that REFER OR RELATE TO any payment of money
13  or consideration made to YOU or for YOUR benefit by any PERSON other than
14  Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU
15  produced, created, authored, conceived of or reduced to practice, whether alone or
16  jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

17

18  **REQUEST FOR PRODUCTION NO. 30:**

19      All DOCUMENTS that REFER OR RELATE TO any payment of money
20  or consideration made to YOU or for YOUR benefit by MGA for services or work
21  that YOU performed for or on behalf of MGA during the time period(s) that YOU
22  were employed by Mattel, Inc.

23

24  **REQUEST FOR PRODUCTION NO. 31:**

25      All DOCUMENTS that REFER OR RELATE TO any payment of money
26  or consideration made to YOU or for YOUR benefit by MGA for services or work
27  that YOU performed for or on behalf of MGA prior to October 21, 2000.

28

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 35:

All of YOUR royalty statements from MGA.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS that REFER OR RELATE TO BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, engineering or sculpting of BRATZ.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ after October 20, 2000.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that REFER OR RELATE TO YOUR participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid for the license, sale, conveyance, assignment or transfer of any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid by any PERSON other Mattel, Inc. for the license, sale, conveyance, assignment or transfer of any right, title or interest in any DESIGN, including without limitation for any DESIGN for BRATZ, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services that YOU performed in connection with dolls, doll accessories or toys between April 30, 1998 and January 4, 1999.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or

1   reduced to practice, whether alone or jointly with others, between April 30, 1998 and

2   January 4, 1999.

3

4   REQUEST FOR PRODUCTION NO. 48:

5       All DOCUMENTS that REFER OR RELATE TO this action, including

6   without limitation all DOCUMENTS that REFER OR RELATE TO any

7   indemnification that YOU have sought, proposed, requested or obtained in

8   connection with the claims asserted in this action.

9

10  REQUEST FOR PRODUCTION NO. 49:

11      All DOCUMENTS that YOU obtained during the course of YOUR

12  employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or

13  toys.

14

15  REQUEST FOR PRODUCTION NO. 50:

16      All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

17  were prepared, authored or created by Mattel, Inc. or any officer, director, employee

18  or representative of Mattel, Inc., that YOU have ever provided to, shown, described

19  to, communicated to or disclosed in any manner to MGA.

20

21  REQUEST FOR PRODUCTION NO. 51:

22      All prototypes, models and samples that REFER OR RELATE TO

23  DESIGNS that YOU produced, created, authored, conceived of or reduced to

24  practice, whether alone or jointly with others, during the time period(s) that YOU

25  were employed by Mattel, Inc.

26

27

28

REQUEST FOR PRODUCTION NO. 52:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 53:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 54:

All prototypes, models, samples and tangible items that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS and all prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED: June 14, 2004

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By _Michael T. Zeller_
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 1055 W. 7th Street, Suite 250, Los Angeles, CA 90017.

On June 14, 2004, I served the foregoing document(s) described as **PLAINTIFF MATTEL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT CARTER BRYANT** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

[ ] By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth below on this date.

[X] **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on June 14, 2004, at Los Angeles, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Print Name                        Signature