QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION (1) TO STRIKE CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS, AND (2) TO STAY TIME FOR FILING ANY OPPOSITION THERETO PENDING REVIEW<br><br>**[Declarations of Jon D. Corey and Timothy L. Alger, and Supplemental Declaration of B. Dylan Proctor filed concurrently]**<br><br>Hearing Date:  TBA<br>Time:          TBA<br>Place:         TBA<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:   May 27, 2008 |

# TABLE OF CONTENTS

**Page**

Preliminary Statement .................................................................................................. 1

Argument ..................................................................................................................... 2

I. THE COURT SHOULD STRIKE BRYANT'S MOTION TO COMPEL AS UNTIMELY AND RULE THAT MATTEL NEED NOT RESPOND TO IT ................................................................................. 2

    A. Contrary To Bryant's Assertions, The Case Law Compels A Finding That Bryant's Motion Is Untimely .............................................. 2

    B. Bryant's Claim That He Was Not Aware That January 28, 2008 Was The Deadline For Filing Motions To Compel Is Disingenuous ................................................................................................ 7

        1. Mattel Told Defendants That Motions to Compel Were Due by the Discovery Cut-Off ............................................................. 8

        2. That the Parties Understood That Motions to Compel Were Due by the Discovery Cut-Off is Evidenced by their Numerous Stipulations, as well as by Defendants' Own Arguments ........................................................................................ 10

        3. Mattel's Statement That Motions Have to be "Assessed on a Case by Case Basis" is Not Inconsistent With Mattel's Position Here ..................................................................................... 13

II. THE COURT SHOULD STAY THE TIME FOR FILING ANY OPPOSITION TO BRYANT'S MOTION TO COMPEL .............................. 14

Conclusion ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## Cases

Blackboard, Inc. v. Desire2Learn, Inc.,
    2007 WL. 3389968 (E.D. Tex. 2007) ................................................................ 2

Days Inn Worldwide, Inc. v. Sonia Investments,
    237 F.R.D. 395 (N.D. Tex. 2005) ............................................... 2, 3, 4, 5, 6, 7

Ginett v. Federal Express Corp.,
    1998 WL. 777998, 166 F.3d 1213 (6th Cir. 1998) ............................................ 2

Johnson v. Mamoth Recreations, Inc.,
    975 F.2d at 604 (9th Cir. 1992) .......................................................................... 8

Northwest Territory Limited Partnership v. Omni Properties, Inc.,
    2006 WL. 3618215 (D. Colo. 2006) .................................................................. 2

Ontiveros v. Kernan,
    2007 WL. 2462086 (E.D. Cal. 2007) ................................................................. 2

Willis v. New World Van Lines, Inc.,
    123 F. Supp. 2d 380 (E.D. Mich. 2000) ............................................................. 2

## Statutes

Federal Rule of Civil Procedure 16(b) ................................................................. 2, 3

Federal Rule of Civil Procedure 37 ......................................................................... 2

**Preliminary Statement**

After not propounding any written discovery for two-and-a-half years, Bryant served overbroad Phase One discovery requests at the eleventh hour, filed a motion to compel after the close of Phase One discovery and now tries to force Mattel to file a substantive response to his broad, improper pleading by tomorrow.

The Opposition identifies various factors which Bryant contends support allowing his motion to be heard. A review of these factors simply reaffirms that Bryant's motion is untimely.

Further, Bryant's suggestions that Mattel did not articulate its belief that regular Phase One discovery motions were due by January 28, 2008 until after the discovery cut-off date, and that he was not otherwise cognizant of this fact, are not only irrelevant, they are untrue. Prior to the Court's Phase One discovery deadline, counsel for Mattel, Bryant and MGA *expressly* discussed the need for stipulations or orders extending the time to file particular Phase One motions to compel, *because January 28, 2008 was the deadline for such motions*. And the parties -- including Bryant -- entered into numerous such stipulations. The Opposition ignores this history. Moreover, defendants have themselves argued that Phase One motions to compel were due by the Phase One discovery cut-off date.

Bryant's motion to compel seeking Phase One discovery -- filed after the close of Phase One discovery -- is untimely and should be stricken. If the Court were to deem the filing timely, the Court should reject Bryant's unreasonable request that Mattel file its opposition to the motion to compel by February 15, 2008 (tomorrow), and instead stay the time for filing any such response pending review of Mattel's *Ex Parte* Application.

# Argument

## I. THE COURT SHOULD STRIKE BRYANT'S MOTION TO COMPEL AS UNTIMELY AND RULE THAT MATTEL NEED NOT RESPOND TO IT

### A. Contrary To Bryant's Assertions, The Case Law Compels A Finding That Bryant's Motion Is Untimely

Although Federal Rule of Civil Procedure 37, the rule governing motions to compel, does not establish a deadline for the filing of such motions, Rule 16(b) "provides that courts shall, in appropriate cases, issue scheduling orders limiting the time for joining parties and amending pleadings, filing motions, *completing discovery*, modifying the disclosure deadlines, trial matters, and any other appropriate matters." Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D. 395, 396 (N.D. Tex. 2005) (emphasis in original). As the cases cited by Bryant recognize, "courts generally look to the discovery deadline date in considering whether a motion to compel is timely." Northwest Territory Limited Partnership v. Omni Properties, Inc., 2006 WL 3618215, at *1 (D. Colo. 2006) (citing Days Inn, 237 F.R.D. at 397-98); Blackboard, Inc. v. Desire2Learn, Inc., 2007 WL 3389968, at *3 (E.D. Tex. 2007) (noting that while Rule 37 "does not establish any deadline for filing a motion to compel. . . . the court's Scheduling Order . . . arguably does. If so, the court surely has discretion to deny as untimely a motion to compel filed outside the discovery period"). Where a party moves to compel after the court-ordered discovery cut-off, "[a] district court may properly deny a motion to compel discovery." Willis v. New World Van Lines, Inc., 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (citing Ginett v. Federal Express Corp., 1998 WL 777998, 166 F.3d 1213 (6th Cir. 1998)); see also Ontiveros v. Kernan, 2007 WL 2462086, at *2 (E.D. Cal. 2007) ("The instant motions to compel were both filed after the discovery cut-off date and are, therefore, untimely.").

The Court initially set a discovery cut-off of October 22, 2007.[1] After the parties submitted a joint stipulation to continue the Phase One trial date and schedule in July 2007, the Court continued the discovery cut-off to January 14, 2008.[2] Then the Court further extended the Phase One discovery deadline to January 28, 2008 following the replacement of defendants' counsel.[3] The Court thereafter reaffirmed that January 28, 2008 was a firm deadline and the Discovery Master, at least as Mattel recalls it, made clear that motions to compel on underlying Phase One written discovery had to be filed by the discovery cut-off.[4] The parties all understood this, as shown in Mattel's *ex parte* application and below.[5]

Bryant relies on factors identified by the court in Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D. 395, 398 (N.D. Tex. 2005), to argue that his motion should be permitted.[6] These factors include "(1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) [sic] the age of the case, (8) any prejudice to the party from

---

[1] Court's Minute Order Re Scheduling Conference Pursuant to FRCP 16(b), dated February 12, 2007, attached as Exhibit 4 to the Declaration of B. Dylan Proctor, dated February 12, 2008 ("Proctor Dec.").
[2] Court's Minute Order Continuing Previously Scheduled Dates for Phase One, dated July 13, 2007, Proctor Dec., Exh. 6.
[3] Court's Minute Order Regarding Status Conference, dated October 31, 2007, Proctor Dec., Exh. 7.
[4] Proctor Dec., ¶ 24.
[5] Mattel's *Ex Parte* Application (1) to Strike Carter Bryant's Motion to Compel Responses to Discovery Requests, and (2) to Stay Time for Filing Any Opposition Thereto Pending Review, dated February 12, 2008, at 6-7.
[6] Bryant's Opposition to Mattel's *Ex Parte* Application (1) to Strike Carter Bryant's Motion to Compel Responses to Discovery Requests, and (2) to Stay Time for Filing Any Opposition Thereto Pending Review, dated February 13, 2008 ("Opposition"), at 5.

whom the late discovery was sought, and (9) disruption of the court's schedule." Days Inn, 237 F.R.D. at 398. Far from demonstrating that Bryant's motion should be allowed to proceed, these factors show the contrary.

*First*, Bryant suggests that his motion is "timely" because he filed it "only" eleven days after the Phase One discovery cut-off.[7] Bryant fails to mention that the Court in Days Inn -- the case on which he relies -- rejected a motion to compel as untimely because "it was filed *two weeks* after the expiration of the extended deadline *even though the discovery deadline ha[d] twice been extended*." Id. at 399 (emphasis added). Here, not only is the delay in filing (eleven days) comparable, but the discovery cut-off has likewise been extended on two separate occasions. The second extension was necessitated specifically by defendants -- by the withdrawal of defendants' prior counsel and replacement with new counsel. Because of (1) these extensions and (2) Bryant's decision to delay more than two-and-a-half years before serving his discovery (3) at the eleventh hour, he should not be permitted to further delay the close of discovery in this case.

*Second*, it is undisputed that Bryant knew as of December 31, 2007 -- the date on which Mattel's counsel contacted Bryant's counsel to request a meet and confer -- that Mattel substantively objected to his discovery requests, and that a motion to compel might be necessary.[8] As the Court in Days Inn, Bryant's

---

[7] Opposition at 5.

[8] Letter from B. Dylan Proctor to Michael Page and Thomas Nolan, dated December 31, 2007, Proctor Dec., Exh. 22. Further, Bryant's claim that he did not learn of Mattel's service objection until he received Mattel's objections and responses is a red herring. Opposition at 6. That Bryant was purportedly unaware of this particular objection has no bearing on the undisputed fact that shortly after Bryant served the requests, Mattel indicated its intent "to seek a protective order, claiming that certain of Bryant's requests for admission were unduly burdensome and Bryant Interrogatory No. 20 was over the fifty interrogatory limited [sic] set by the Court." (Opposition at 3). Bryant was on notice that a motion to compel might be needed.

authority, stated, "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." Id. (quoting Wells v. Sears Roebuck and Co., 203 F.R.D. 240, 241 (S.D. Miss. 2001)). Despite being on notice that such a motion might be required, Bryant nonetheless delayed.

*Third*, Bryant has provided no explanation for his failure to seek leave of Court or a stipulation to permit him to file his motion to compel after the cut-off date. This is particularly inexplicable because of the numerous stipulations the parties submitted to the Court seeking permission to do just that.[9] The Opposition wholly ignores these stipulations.

*Fourth*, dispositive motions have been scheduled in this case. A conference of counsel is scheduled for tomorrow to discuss summary judgment motions, which are due shortly.[10] Bryant argues that the impending summary judgment deadline is of no consequence, and that his motion should be allowed, because dispositive motions have not yet been filed.[11] But the Court in Days Inn indicated that courts should consider "whether dispositive motions *have been scheduled or* filed." Id. at 398. They have been here.

---

[9] See, e.g., Stipulation Re: the Deposition of Ron Brawer, dated January 28, 2008, Proctor Dec., Exh. 8; Stipulation Re: the Deposition of Farhad Larian, dated January 23, 2008, Proctor Dec., Exh. 9; Stipulation Regarding Extension of Time to Respond and Object to Requests for Admission, dated January 25, 2008, Proctor Dec., Exh. 10; Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, Proctor Dec., Exh. 11.

[10] See Letter from B. Dylan Proctor to Michael Page and Thomas Nolan, dated February 5, 2008, attached as Exhibit 2 to the Supplemental Declaration of B. Dylan Proctor, dated February 14, 2008 ("Supp. Proctor Dec."); Letter from Jason D. Russell to B. Dylan Proctor, dated February 11, 2008, Supp. Proctor Dec., Exh. 3.

[11] Opposition at 6-7.

*Fifth*, this lawsuit is nearly four years old.  Bryant had ample opportunity to propound his discovery requests.  Instead, he waited two-and-a-half years and only decided to serve them at the last minute, without explanation.  In doing so, Bryant was well aware that Mattel's responses would not be due until January 28, 2008, the final day of the Phase One discovery period (assuming they were due at all given that they were not properly served).  Bryant knew as of December 31, 2007 that Mattel substantively objected to his discovery requests.[12]  Days Inn is again instructive.  That court specifically identified the moving party's failure to explain his delay as a basis for denying the motion as untimely.  See 237 F.R.D. at 399 ("Keshav presents no explanation for this delay.").

*Sixth*, Bryant's assertion that Mattel will suffer no prejudice is incorrect.  As defendants have previously argued, "[i]n any litigation -- no matter how big or complex -- there comes a time when discovery must end and the parties and the court must devote their attention to preparing for a trial on the merits.  In this case, that time is January 28, 2008."[13]  Similarly, in opposition to Mattel's Motion to Compel MGA to Produce Communications Regarding this Action -- a motion that was timely filed -- defendants contended that "[h]ere, the timing of Mattel's belated motion is significant because the parties are in the process of preparing for Phase 1 trial, which is set to begin in May.  The Court recognized the importance of having the parties focus their attention on Phase 1 trial preparation by staying all Phase 2 discovery until after the Phase 1 trial.  MGA should not be forced to divert its attention away from trial preparation and waste precious time and money

---

[12]  Letter from B. Dylan Proctor to Michael Page and Thomas Nolan, dated December 31, 2007, Proctor Dec., Exh. 22.

[13]  MGA Defendants' Opposition to Mattel, Inc.'s *Ex Parte* Application to Enforce Court Orders Compelling Production of Tangible Items, dated January 25, 2008, at 1, Proctor Dec., Exh. 13.

responding to Mattel's overly broad and unduly burdensome document request."[14] Having made these arguments to the Court, Bryant cannot now in good faith argue that his untimely motion will not prejudice Mattel. The burden is especially great here, because Bryant's motion to compel addresses at least 370 discovery requests, including broad requests for admission, requests for production, and an interrogatory.

*Finally*, Bryant's claim that he seeks "critical" discovery[15] is not a valid basis for excusing his untimely motion. The decision in Days Inn is again instructive:

> Although [third-party plaintiff] argued that it had a strong need for the documents, which appear relevant, this factor has not generally been considered by the courts, and the alleged importance of the documents appears inconsistent with the delay in seeking the documents. After considering all of these factors, the Court concludes that permitting [third-party plaintiff] to proceed with his untimely motion is not justified.

237 F.R.D. at 399. The same is true here. Any claim by Bryant that he has a strong need for these discovery responses is undermined by his delay in seeking them.

**B.   Bryant's Claim That He Was Not Aware That January 28, 2008 Was The Deadline For Filing Motions To Compel Is Disingenuous**

The only other bases Bryant offers for allowing his motion to proceed are his claims that (1) Mattel "first expressly articulated its claimed understanding that January 28, 2008 was the cutoff for motions *after* the cutoff had passed;" and (2) Bryant "never 'recognized' January 28, 2008 to be the a [sic] 'firm cut-off' for fling [sic] motions to compel."[16] Bryant's obligation to comply with the Court's Scheduling Order and discovery cut-off is neither conditioned on Mattel providing

---

[14] MGA's Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel MGA to Produce Communications Regarding this Action, dated February 11, 2008, Supp. Proctor Dec., Exh. 4.
[15] Opposition at 7.
[16] Opposition at 1.

him notice of the deadline, nor on his "recognizing" the deadline as valid. A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." <u>Johnson v. Mamoth Recreations, Inc.</u>, 975 F.2d at 604, 610 (9th Cir. 1992). Bryant's claims that Mattel did not indicate that January 28, 2008 was the deadline for filing motions to compel, and that he was not otherwise aware of this fact, are incorrect, as shown below.

### 1. **Mattel Told Defendants That Motions to Compel Were Due by the Discovery Cut-Off**

Contrary to Bryant's assertion, Mattel told him that it was Mattel's view that regular motions to compel had to be filed by January 28, 2008 *prior* to the Phase One cut-off date.

On January 24, 2008, counsel for Mattel and counsel for Bryant met and conferred regarding Bryant's supplemental responses to Mattel's Requests for Admission Nos. 42-45.[17] At that conference and in subsequent e-mails, counsel for Bryant requested that the deadline for Bryant to serve his responses be extended to February 4, 2008 -- one week after the discovery cut-off.[18] Counsel for Mattel responded that if Bryant's supplemental responses could not be served until after the Court's cut-off, the parties would need to enter into a stipulation allowing Mattel to bring a possible motion to compel after that date, *because January 28, 2008 was the deadline for such motions*.[19] As a result, Bryant and Mattel stipulated on January 27, 2008 that Bryant would serve his promised supplemental responses by February 4, 2008, and that "Mattel shall have the right to file a motion directed to the sufficiency of Carter Bryant's responses to Request Nos. 42-45 of Mattel's Fifth Set of Requests for Admission within 10 days after service of Bryant's supplemental

---

[17] Supp. Proctor Dec., ¶ 2.
[18] Id.
[19] Id.

and/or amended responses."[20] Bryant's counsel was thus aware, *prior* to the discovery cut-off, that January 28, 2008 was a firm deadline for filing motions to compel, absent leave of Court or stipulation.

Mattel had similar discussions with MGA -- and the parties' expressed views were the same. For example, on January 14, 2008 counsel for Mattel met and conferred with counsel for MGA regarding MGA's Request for Production No. 472.[21] At that time, the parties discussed the need to schedule an additional conference of counsel regarding MGA's Sixth Set of Document Requests.[22] In discussing the timing of that conference, counsel for MGA inquired whether it was Mattel's position that only motions *fully briefed* by January 28, 2008 would be considered timely.[23] Thereafter, on January 16, Mattel informed MGA that its view -- consistent with the Discovery Master's comments at the January 3, 2008 hearing[24] -- was that motions had to be filed by January 28, 2008, but not necessarily fully briefed.[25] Counsel for MGA indicated that MGA *agreed* with this view.[26] In a January 25, 2008 e-mail to Mattel regarding these discussions, counsel for MGA recited his own "concern[] about the 1/28 deadline and its impact on any necessary motion to compel."[27]

On January 26, 2008, counsel for Mattel had a telephonic discussion with counsel for MGA, during which the parties discussed that January 28, 2008,

---

[20] Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, Proctor Dec., Exh. 11.
[21] Declaration of Timothy L. Alger, dated February 14, 2008 ("Alger Dec."), ¶ 2.
[22] Alger Dec., ¶ 3.
[23] Alger Dec., ¶ 4.
[24] Proctor Dec., ¶ 24.
[25] Alger Dec., ¶ 5.
[26] Id.
[27] Alger Dec., ¶ 6.

represented both the Phase One discovery cutoff and the date on which a number of discovery responses were due.[28] The parties recognized that, but for a stipulation or order extending the time to file, motions regarding such discovery would otherwise be due the same day of the responses.[29] Accordingly, counsel for MGA and Mattel discussed a possible stipulation to extend the time for filing motions addressing such responses.[30] Mattel then prepared a stipulation and forwarded it to counsel for MGA and Bryant.[31] The proposed stipulation stated that "the parties have agreed, subject to approval of the Court, that each of them shall have the right to make a motion directed to the sufficiency of the referenced discovery responses or to overrule objections asserted therein, *notwithstanding the Phase 1 Fact Discovery Cut-Off of January 28, 2008*, and that any such motion shall be filed and served no later than February 29, 2008."[32] This stipulation was never signed;[33] Mattel received no response at all.

### 2. That the Parties Understood That Motions to Compel Were Due by the Discovery Cut-Off is Evidenced by their Numerous Stipulations, as well as by Defendants' Own Arguments

That the parties -- *including Bryant* -- entered into numerous stipulations seeking the Court's permission to extend the filing deadlines for particular motions after the cut-off date is also clear evidence that defendants

---

[28] Declaration of Jon D. Corey, dated February 13, 2008 ("Corey Dec."), ¶ 2.
[29] Id.
[30] Id.
[31] Corey Dec., ¶ 3.
[32] Id.
[33] Id.

understood that regular motions to compel had to be filed by the Court's Phase One discovery deadline to be timely.[34]

As Mattel showed in its *Ex Parte* Application, the parties' January 25 stipulation not only granted Bryant additional time to serve his responses to specified Mattel discovery requests, but also provided that "[a]ny limitation on the time for Mattel to file a motion directed to the sufficiency of Bryant's responses to the Requests for Admission identified in Paragraph 1 will be extended by 10 calendar days."[35] Similarly, Bryant's and Mattel's January 27 stipulation provided that Bryant would serve promised supplemental responses by February 4, 2008, and that "Mattel shall have the right to file a motion directed to the sufficiency of Carter Bryant's responses to Request Nos. 42-45 of Mattel's Fifth Set of Requests for Admission within 10 days after service of Bryant's supplemental and/or amended responses."[36] Bryant also joined in a number of other stipulations that expressly provided that a "motion to compel . . . will be considered timely even if brought after the Phase I discovery cut-off date . . . ."[37] Bryant nowhere addresses these stipulations in his opposition. Bryant provides no explanation why he or the other

---

[34] See, e.g., Stipulation Re: the Deposition of Ron Brawer, dated January 28, 2008, Proctor Dec., Exh. 8; Stipulation Re: the Deposition of Farhad Larian, dated January 23, 2008, Proctor Dec., Exh. 9; Stipulation Regarding Extension of Time to Respond and Object to Requests for Admission, dated January 25, 2008, Proctor Dec., Exh. 10; Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, Proctor Dec., Exh. 11.

[35] Stipulation Regarding Extension of Time to Respond and Object to Requests for Admission, dated January 25, 2008, Proctor Dec., Exh. 10.

[36] Stipulation Regarding Extension of Time to Move to Compel Responses to Mattel, Inc.'s Fifth Set of Requests for Admission to Carter Bryant, dated January 27, 2008, Proctor Dec., Exh. 11.

[37] See, e.g., Stipulation Re: the Deposition of Ron Brawer, dated January 28, 2008, Proctor Dec., Exh. 8.; Stipulation Re: the Deposition of Farhad Larian, dated January 23, 2008, Proctor Dec., Exh. 9.

defendants would enter into stipulations extending the time for filing particular motions to compel beyond the Phase One discovery deadline, if they in fact believed that such motions could be filed after that date in any event.

Nor does Bryant respond to Mattel's showing that defendants have themselves repeatedly argued that the discovery cut-off date was the deadline for filing motions to compel Phase One written discovery. As Mattel pointed out in its Application, defendants recently objected in opposition to one Mattel motion that "instead of initiating a meet and confer at least five *days* before the discovery cut-off, as required by the Discovery Master Order, Mattel waited until five-and-a-half *hours* before close of business on the discovery cut-off date to demand an immediate meet and confer."[38] This argument presumes that Mattel's motion to compel had to be filed by the discovery cut-off (as opposed to five days after Mattel's request for a meet and confer). This again shows that defendants knew that discovery motions were due by January 28, 2008.

Defendants make a similar argument in MGA's and Bryant's Joint Motion to Compel Production of Improperly Withheld Mattel Documents Showing Mattel's Investigation of MGA and Carter Bryant prior to November 2003 and to Compel Production of All "NHB" Documents.[39] There, defendants (including Bryant) again argue that they had good cause to seek an expedited schedule and file their motion without a meet and confer (even though the five day period provided by the Discovery Master's Stipulation had not yet expired) because Mattel had

---

[38] MGA's Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel Production of Documents by MGA in response to Mattel's Fifth Set of Requests for Documents and Things to MGA, dated February 7, 2008, at 5, Proctor Dec., Exh. 12 (emphasis in original).

[39] MGA's and Bryant's Joint Motion to Compel Production of Improperly Withheld Mattel Documents Showing Mattel's Investigation of MGA and Carter Bryant prior to November 2003 and to Compel Production of All "NHB" Documents, dated January 28, 2008, Alger Dec., Exh. B.

requested a meet and confer date of January 28, 2008, and delay of the issue until the Phase One discovery deadline would purportedly prejudice defendants.[40] Again, this argument presumes that defendants' motion had to be filed on or before January 28, 2008 and therefore further demonstrates that -- contrary to Bryant's claims -- defendants were well aware that regular Phase One motions were due by the cut-off date.[41]

### 3. **Mattel's Statement That Motions Have to be "Assessed on a Case by Case Basis" is Not Inconsistent With Mattel's Position Here**

In his opposition, Bryant points to a letter Mattel sent in which counsel for Mattel stated: "As I made clear, which motions can and cannot be filed after the cutoff has to be assessed on a case by case basis in our view."[42] Bryant's claim that this statement is "in stark contrast to the position [Mattel] has staked out in its *Ex Parte* Application" is wholly without merit.[43]

Notably, Bryant omits the remainder of the relevant paragraph, which clarifies which types of motions may properly be filed after the close of Phase One discovery. The paragraph reads in full:

> On a separate matter, your characterization of what I said about the timeliness of motions to compel filed after the January 28, 2008 cutoff is inaccurate. As I made clear, which motions can or cannot be filed after the cutoff has to be assessed on a case by case basis in our view. Some motions, such as motions to enforce prior Orders or motions encompassed by a stipulation that permits it, clearly can be filed after

---

[40] Id. at 6-7.
[41] In a letter dated February 13, 2008, defendants noted that "any Phase 1 motions filed after January 28, 2008 are untimely and improper." See Letter from Jose Allen to B. Dylan Proctor, dated February 13, 2008, Proctor Dec., Exh. 7. It is thus clear that defendants are shifting their position as it fits their needs.
[42] Letter from B. Dylan Proctor to Matthew Werdegar, dated February 7, 2008, Supp. Proctor Dec., Exh. 5.
[43] Opposition at 4.

the cutoff. Others, such as the motions Bryant apparently now contemplates filing, cannot be.[44]

Of course motions to enforce prior Orders of the Court can be filed after the cut-off -- it would be fundamentally unjust for a party to ignore compliance with an Order, and then assert the cut-off as a defense. Mattel's statement that "motions encompassed by a stipulation" may be filed after the Phase One discovery deadline is entirely consistent with Mattel's position in its *Ex Parte* Application. As Mattel has shown, the parties -- including Bryant -- entered into these stipulations precisely because they recognized that absent such stipulations, motions to compel would otherwise be due on January 28, 2008.

It has consistently been Mattel's view that -- as the Discovery Master stated at the January 3, 2008 hearing[45] -- motions to compel underlying Phase One written discovery had to be filed on or before the date of the Phase One discovery cut-off.

## II. THE COURT SHOULD STAY THE TIME FOR FILING ANY OPPOSITION TO BRYANT'S MOTION TO COMPEL

In his opposition, Bryant asks the Discovery Master to order Mattel to file its opposition to his motion on Friday, February 15, 2008. Opposition at 9. This demand is unreasonable and should be rejected by the Court. *If* the Discovery Master decides that Bryant's motion to compel should be heard, notwithstanding its untimeliness, Mattel respectfully requests that the time for filing its response be stayed, and that the Discovery Master instead order that Mattel's opposition is not due until five Court days after resolution of Mattel's *Ex Parte* Application.

Mattel should not have to divert resources to respond to Bryant's untimely motion. Responding to this motion will be no small task -- 370 discovery

---

[44] Letter from B. Dylan Proctor to Matthew Werdegar, dated February 7, 2008, at 2, Supp. Proctor Dec., Exh. 5.
[45] Proctor Dec., ¶ 24.

requests, in four sets, need to be addressed. Bryant, by contrast, will suffer no prejudice if Mattel is afforded five additional days to file its substantive response -- particularly given that there are a number of properly-filed motions currently pending before the Discovery Master, which will need to be heard prior to Bryant's motion in any event. Additionally, Bryant's demand that Mattel file an immediate opposition is especially unfortunate in light of the numerous extensions that Mattel has given Bryant, including, most recently, an eight-day extension to file his opposition to Mattel's Motion to Compel MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian, and Carter Bryant to Respond to Mattel's First Set of Requests for Admission Propounded to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian.[46]

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court enter an order (1) striking Bryant's Motion to Compel Responses to Discovery Requests as untimely; (2) ruling that Mattel need not file a substantive response to Bryant's untimely motion; and (3) staying the time for filing Mattel's opposition to Bryant's untimely motion, pending review of Mattel's *ex parte* application.

DATED: February 14, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

---

[46] Supp. Proctor Dec., ¶ 7; Stipulation and [Proposed] Order Regarding Extension of Time to File Opposition to Mattel, Inc.'s Motion to Compel Carter Bryant to Respond to Mattel's First Set of Requests for Admission to Certain Defendants, Supp. Proctor Dec., Exh. 6.