# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                           Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR CARTER BRYANT: **Christa Martine Anderson** | ATTORNEYS PRESENT FOR MATTEL: **John B. Quinn and Michael T. Zeller** |
| ATTORNEYS PRESENT FOR MGA:<br>**Thomas J. Nolan**<br>**Carl A. Roth**<br>**Anna Park** | ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:<br>**Mark E. Overland** |
| ATTORNEY PRESENT FOR NON-PARTIES ANA ELISE CLOONAN, MARGARET HATCH-LEHY, AND VERONICA MARLOW: **Larry W. McFarland** | ATTORNEY PRESENT FOR NON-PARTY STERN & GOLDBERG: **Kien C. Tiet**<br><br>ATTORNEY PRESENT FOR NON-PARTY KAYE SCHOLER, LLP: **Bryant S. Delgadillo** |

PROCEEDINGS: **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

**ORDER GRANTING MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR SANCTIONS (DOCKET #1143)**

MINUTES FORM 90                              1                    Initials of Deputy Clerk: jh
CIVIL -- GEN                                                      Time: 1/30

EXHIBIT __1__

PAGE __2__

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

### MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

Case 2:04-cv-09049-DOC-RNB   Document 2186-3   Filed 02/15/08   Page 5 of 19   Page ID
#:33275
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 4 of 5

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

forth in their moving papers. The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl). To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___1___

PAGE ___6___

# EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 5**

```
 1                UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                      EASTERN DIVISION

 4                           - - -

 5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                           - - -

 7   CARTER BRYANT,                )
                                    )
 8                 PLAINTIFF,       )
                                    )
 9        VS.                       )   NO. ED CV 04-09049
                                    )   (LEAD LOW NUMBER)
10   MATTEL, INC.,                  )
                                    )
11                 DEFENDANT.       )
     _____)   BRYANT'S MOTION FOR
12   AND RELATED ACTIONS,           )   TERMINATING SANCTIONS
                                    )
13   _____)

14
            REPORTER'S TRANSCRIPT OF PROCEEDINGS
15
                   RIVERSIDE, CALIFORNIA
16
                  MONDAY, AUGUST 27, 2007
17
                         11:06 A.M.
18

19

20

21

22

23             THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
             RIVERSIDE, CALIFORNIA  92501
25                  (951) 274-0844
                CSR11457@SBCGLOBAL.NET
```

**CERTIFIED COPY**

EXHIBIT ___5___

AUGUST 27, 2007     PAGE  56         ED CV 04-9049

```
 1  MGA'S MEXICAN EMPLOYEES -- AND BY THE WAY, THOSE WOULD BE THE
 2  EMPLOYEES THAT THE MEXICAN COURT, JUST WITHIN THE LAST FEW
 3  DAYS, HAS ORDERED TO BE ARRESTED.
 4          MS. GLASER:  THIS IS MISREPRESENTATION.
 5          THE COURT:  MR. QUINN, THAT WAS NOT NECESSARY.                 03:09
 6  PLEASE.  WE DON'T NEED THAT.
 7          MR. QUINN:  ALL RIGHT.
 8          EXHIBIT C TO THE COMPLAINT, THE ATTACHED E-MAILS
 9  RELATING TO THOSE MGA MEXICAN EMPLOYEES' ACTIVITIES -- I DON'T
10  KNOW -- IT'S VERY HARD FOR US TO SIT HERE AND LISTEN -- WE          03:09
11  FILED A SUPPLEMENTAL DECLARATION.  ORDER AFTER ORDER AFTER
12  ORDER HAS BEEN ENTERED AGAINST MGA, COMPELLING DISCOVERY.
13  JUDGE INFANTE FOUND THAT THEY DELIBERATELY, WILLFULLY,
14  FLAGRANTLY VIOLATED HIS ORDER IN REFUSING TO PRODUCE A WITNESS
15  TO TESTIFY ON DOCUMENT PRESERVATION, AND WE HAVE TO SIT HERE         03:09
16  AND LISTEN TO THIS.  THIS IS NOW, AT THIS POINT, A WITCH-HUNT.
17  THEY MADE A MOTION FOR TERMINATING SANCTIONS.  THEY HAVE
18  ABSOLUTELY NO BASIS FOR THAT.
19          YOUR HONOR, IN MY VIEW, THIS MOTION SHOULD NEVER HAVE
20  BEEN BROUGHT.  THE COURT SAID, "WHY IS THIS BEFORE ME?"  WE         03:10
21  TOLD THEM, "YOU WANT THE TAPES, YOU CAN HAVE THE TAPES."  WE
22  TOLD THEM.
23          THE COURT:  AND YOU ARE PREPARED TO PROVIDE TO
24  COUNSEL THE CRITERIA THAT YOU'RE USING TO DETERMINE WHICH
25  REQUESTS GO TO THIS OUTSIDE VENDOR WHO'S ABLE TO --                  03:10
```

EXHIBIT 5

| | |
|---|---|
| 1 | **MR. QUINN:** BY THE WAY, THEY WON'T GIVE US ANY OF |
| 2 | THAT INFORMATION. |
| 3 | **MR. ZELLER:** I MEAN, WE'RE CERTAINLY HAPPY TO TALK |
| 4 | WITH THEM ABOUT THAT, YOUR HONOR. I THINK IT DOES HAVE TO BE A |
| 5 | TWO-WAY STREET IN TERMS OF WHAT THE PARTIES HAVE, IN DEPOSITION |
| 6 | SO FAR -- AND IT HAS BEEN ON BOTH SIDES -- HAVE SAID THAT THE |
| 7 | PARTICULAR SEARCH CRITERIA, THE THINGS THAT PEOPLE ARE TOLD, |
| 8 | THOSE ARE ATTORNEY-CLIENT COMMUNICATIONS AND, THEREFORE, |
| 9 | PRIVILEGED, OR IN SOME INSTANCES, WORK PRODUCT. SO THOSE |
| 10 | ISSUES NEED TO BE DISCUSSED BY THE PARTIES AND POTENTIALLY |
| 11 | RESOLVED. |
| 12 | BUT, YOU KNOW, I DON'T THINK IT'S FAIR THAT WE WOULD |
| 13 | HAVE TO SAY, 'HERE, WE'RE GOING TO GIVE THEM ALL OF THE |
| 14 | CRITERIA,' WITHOUT GETTING THAT IN RETURN. |
| 15 | **THE COURT:** I AGREE. IT'S GOING TO BE MUTUAL. |
| 16 | **MR. QUINN:** ESPECIALLY SINCE WE'VE OFFERED, YOUR |
| 17 | HONOR, TO GIVE THEM THE TAPES. THEY CAN RUN ANY CRITERIA THEY |
| 18 | WANT. |
| 19 | **MS. GLASER:** TWO THINGS: IT IS ENORMOUSLY EXPENSIVE |
| 20 | TO GO THROUGH THE ZEUS TAPES, AND THAT'S AN EXPENSE THAT |
| 21 | CLEARLY MATTEL SHOULD HAVE TO BEAR. |
| 22 | BUT THE OTHER THING: WE HAVEN'T SENT A DIRECTIVE |
| 23 | AROUND SAYING, 'PRESERVE THIS BUT NOT THIS.' WE'VE ASKED |
| 24 | EVERYBODY TO PRESERVE EVERYTHING. WE'RE NOT HIDING THAT. |
| 25 | THERE'S NO CRITERIA THAT'S OUT THERE. WE'VE ASKED THEM TO |

EXHIBIT 5

JULY 24, 2006 PAGE 58    ED CV 04-09049

1 PRESERVE EVERYTHING.

2 **THE COURT:** WHEN THE COURT SPEAKS ABOUT CRITERIA,
3 THERE IS A LOT ON THOSE ZEUS TAPES. MATTEL DOES A LOT MORE
4 THAN JUST MATTERS RELATED TO BRATZ, OR WHATEVER. THEY'VE GOT
5 BARBIE; THEY'VE GOT ALL KINDS OF DIFFERENT THINGS GOING THAT
6 ARE PRESUMABLY ON THESE ZEUS TAPES; SO THE CRITERIA THAT I'M
7 TALKING ABOUT IS WHAT CRITERIA ARE USED TO --

8 **MS. GLASER:** THAT'S IN CONNECTION WITH ZEUS.

9 **THE COURT:** RIGHT.

10 **MS. GLASER:** WITH RESPECT TO E-MAILS --

11 **THE COURT:** LET'S NOT MIX THESE THINGS.

12 **MS. GLASER:** -- WE'VE ASKED PEOPLE TO PRESERVE
13 EVERYTHING. THEY HAVE NOT ASKED THEM TO PRESERVE EVERYTHING.
14 THEY HAVE CRITERIA THAT WE ARE JUST LEARNING ABOUT TODAY.

15 **THE COURT:** AND I DON'T DISAGREE WITH THE PRACTICE OF
16 NOT PRESERVING EVERY E-MAIL. I DON'T THINK MATTEL HAS TO
17 PRESERVE EVERY E-MAIL THAT'S GENERATED BY MATTEL.

18 **MS. GLASER:** BUT, YOUR HONOR, THEY SHOULD HAVE TO,
19 AND WE ASKED THEM -- YOU KNOW WHAT? DON'T PRESERVE EVERY
20 E-MAIL. HOW ABOUT GIVING US THE LIST OF KEY PERSONNEL THAT ARE
21 WITNESSES THAT YOU'VE IDENTIFIED IN THIS CASE AS WITNESSES AND
22 PRESERVE THEIR E-MAIL FROM THE BEGINNING OF TIME?

23 THEY HAVEN'T EVEN DONE THAT.

24 AND WHEN WE PUSHED THEM ON THAT -- BECAUSE THE
25 INITIAL RESPONSE WAS, 'IT'S TOO EXPENSIVE, AND WE'LL CRASH THE

EXHIBIT 5

JULY 24, 2006 PAGE 59 ED CV 04-09049

Case 2:04-cv-09049-DOC-RNB Document 2186-3 Filed 02/15/08 Page 18 of 19 Page ID #:33288

119

| | |
|---|---|
| 1 | SYSTEM IF WE TRY TO PICK OUT CERTAIN PEOPLE.' |
| 2 | AND THEN WE LEARN FROM THEIR 30(B)(6) WITNESS, 'YES, |
| 3 | YOU CAN DO THAT, AND IT WON'T HARM THE SYSTEM. IT'S TIME |
| 4 | CONSUMING, BUT IT WON'T HARM THE SYSTEM.' |
| 5 | WE'RE NOT BEING TOLD THE SAME THING BY THEIR |
| 6 | PURPORTED REPRESENTED, PUSH-FORWARD, 30(B)(6) WITNESSES AND THE |
| 7 | LAWYERS. |
| 8 | THAT'S GOT TO STOP. |
| 9 | **THE COURT:** WHAT I WANT FROM BOTH PARTIES IS TWO |
| 10 | SINGULAR DECLARATIONS, UNDER PENALTY OF PERJURY, SETTING FORTH |
| 11 | EXACTLY THE PRESERVATION POLICIES. I WANT IT FROM MGA. I WANT |
| 12 | IT FROM MATTEL. AND I DON'T WANT TO JUST HEAR ABOUT 35 |
| 13 | WITNESSES. I WANT TO KNOW WHO THOSE 35 PEOPLE ARE. I DON'T |
| 14 | WANT TO HEAR JUST ABOUT 'WE WERE ASKED TO SAVE EVERYTHING,' |
| 15 | BECAUSE OBVIOUSLY, MGA IS NOT SAVING EVERY E-MAIL IN THEIR |
| 16 | ENTIRE COMPANY. YOU'VE GOT CRITERIA AS WELL. |
| 17 | **MS. GLASER:** (INAUDIBLE.) |
| 18 | **THE COURT:** YOU'RE SAVING EVERY E-MAIL? |
| 19 | FAIR ENOUGH. IF THAT'S WHAT YOU'RE DOING, THAT'S |
| 20 | WHAT YOU'RE DOING. |
| 21 | **MR. QUINN:** SO ARE WE, YOUR HONOR. ALL THE BACKUP |
| 22 | TAPES -- |
| 23 | **THE COURT:** NOW EVERYTHING IS BEING BACKED UP? |
| 24 | **MR. QUINN:** EVERY SINGLE ONE. |
| 25 | SO IF WE'RE GOING TO IDENTIFY THE PEOPLE WE SPOKE TO, |

EXHIBIT 5

JULY 24, 2006 PAGE 60   ED CV 04-09049

```
1   IS ACTUALLY GOING TO BE UNDER SEAL.
2        I'LL ISSUE A MINUTE ORDER DIRECTING FURTHER
3   PROCEEDINGS IN THIS MATTER, BUT BE WORKING ON THIS DECLARATION.
4        MS. GLASER:  THANK YOU, YOUR HONOR.
5        MR. QUINN:   THANK YOU, YOUR HONOR.           03:19
6        THE COURT:   GOOD DAY, COUNSEL.
7
8
9
10
11                       CERTIFICATE
12
13  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
14  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
15  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
16
17  [signature]                              9-5-07
    THERESA A. LANZA, CSR, RPR                 DATE
18  FEDERAL OFFICIAL COURT REPORTER
19
20
21
22
23
24
25           EXHIBIT  5
             PAGE   61
```

JULY 24, 2006                              ED CV 04-09049