QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>**[PUBLIC REDACTED]**<br>DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS<br><br>Date:    TBA<br>Time:    TBA<br>Place:   Telephonic<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.    I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel")  I make this declaration in support of Mattel's Motion To Compel A Complete Response To Mattel's Supplemental Interrogatory Re Test Projects.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of excerpts from the Deposition of Carter Bryant, dated November 4, 2004.

3.    Attached as Exhibit 2 is a true and correct copy of excerpts from the Deposition of Carter Bryant, dated November 5, 2004.

4.    Attached as Exhibit 3 is a true and correct copy of the Hearing Transcript, dated September 24, 2007.

5.    Attached as Exhibit 4 is a true and correct copy of MGA's Opposition to Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) And For Sanctions, dated July 31, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 15, 2008, at Los Angeles, California.

B. Dylan Proctor

07209/2389760.1

-1-

DECLARATION OF B. DYLAN PROCTOR

# CONFIDENTIAL
# THIS EXHIBIT FILED UNDER SEAL PURSUANT TO
# PROTECTIVE ORDER OF 1- 4 -2005

# EXHIBIT 1

# CONFIDENTIAL
# THIS EXHIBIT FILED UNDER SEAL PURSUANT TO
# PROTECTIVE ORDER OF 1- 4 -2005

# EXHIBIT 2

**EXHIBIT 3**

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                              )
            PLAINTIFF,        )
                              )
        V.                    )        NO. CV 04-9040 SGL
                              )            (RNBX)
MATTEL, INC., A DELAWARE      )
CORPORATION,                  )
                              )
            DEFENDANTS.       )
_____)
                              )
AND CONSOLIDATED ACTION(S)    )
_____)

# TRANSCRIPT OF TELEPHONIC PROCEEDINGS

## SEPTEMBER 24, 2007



**REPORTED BY:**
EMILY MCCARY
CSR NO. 7304
JOB NO. 07EM086

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT _3_ PAGE _13_

1    IT REQUESTED TO PERFORM A, QUOTE, "TEST PROJECT,"

2    END QUOTE, IN ADVANCE OF OR IN CONSIDERATION OF

3    EMPLOYMENT BY M.G.A. SINCE JANUARY 1ST, 1995.  AS

4    MATTEL'S COUNSEL EXPLAINED, M.G.A. DID INITIALLY

5    OBJECT TO THE PHRASE "TEST PROJECT" BECAUSE IT

6    WAS VAGUE AND UNDEFINED.  MATTEL REFUSED TO PIN

7    DOWN THE DEFINITION UNTIL IT FILED THIS MOTION.

8    NOW MATTEL DEFINES THE TERM AS, QUOTE, "HAVING AN

9    EMPLOYMENT PROSPECT CREATE ARTWORK AS PART OF THE

10   JOB INTERVIEW PROCESS," END QUOTE.

11             MATTEL ASSERTS THIS INFORMATION IS

12   RELEVANT TO REBUT MR. BRYANT'S TESTIMONY THAT HE

13   DID, QUOTE, "SORT OF A TRY-OUT KIND OF PROJECT

14   FOR M.G.A."  OKAY.  SO MR. BRYANT GAVE TESTIMONY

15   TO THAT EFFECT, ACCORDING TO MATTEL.  I THINK

16   IT'S HELPFUL TO STEP BACK FROM THAT TESTIMONY

17   AND -- AND VIEW IN CONTEXT THE NATURE OF THAT

18   TESTIMONY AND MATTEL'S EFFORTS TO REBUT IT.  THE

19   NOTION THAT AN INDEPENDENT CONTRACTOR SUCH AS

20   MR. BRYANT, WITH NO PRIOR HISTORY OF WORKING FOR

21   A COMPANY, WOULD BE REVIEWED ON A SMALLER PROJECT

22   BEFORE BEING GIVEN A LARGER PROJECT IS, IN MY

23   VIEW, COMPLETELY UNREMARKABLE.

24             IT WOULD BE AN EXCEPTIONAL INDUSTRY

25   WHERE THAT WAS NOT THE COMMON PRACTICE.  IT SEEMS

25

EXHIBIT __3__ PAGE _14_

```
1    THAT THIS DISCOVERY IS OF LITTLE, IF ANY,
2    BENEFIT.  YET IT WOULD BE VERY BURDENSOME AS IT
3    COVERS EVERY EMPLOYEE, EVERY EMPLOYEE OF A LARGE
4    INTERNATIONAL COMPANY FOR A PERIOD OF MORE THAN
5    TEN YEARS.  EVEN IF M.G.A.'S PRACTICE REGARDING
6    INDEPENDENT CONTRACTORS WAS RELEVANT, MATTEL IS
7    NOT EVEN SEEKING SUCH INFORMATION.  MATTEL IS
8    ASKING FOR THE IDENTITY OF PERSONS IN ADVANCE OF
9    OR IN CONSIDERATION OF EMPLOYMENT.  THE ISSUE
10   THAT MATTEL IS EXPLORING IS WHETHER M.G.A. HAD
11   EVER HAD ANYBODY DO ANY TEST ARTWORK BEFORE
12   EMPLOYING THE PERSON.
13           MR. BRYANT WAS RETAINED AS AN
14   INDEPENDENT CONTRACTOR.  MATTEL IS SEEKING WHAT
15   IS, ESSENTIALLY, AN APPLES AND ORANGES COMPARISON
16   IN ANY EVENT.  BUT THE MORE BASIC POINT IS
17   THAT -- IS THAT THIS IS AN ISSUE THAT -- WHERE
18   THE DISCOVERY WOULD BE OF LITTLE IF ANY BENEFIT
19   AT ALL, AND YET THE BURDEN THAT'S BEING IMPOSED
20   REQUIRING M.G.A. TO CANVAS ALL OF ITS EMPLOYEES
21   OVER THE LAST TEN YEARS TO SEE IF ANY OF THEM DID
22   ANY -- ANY ARTWORK OR SHOWED ANY ARTWORK OR SO ON
23   IN ADVANCE OF BEING EMPLOYED DOESN'T SEEM TO BE A
24   WORTHWHILE EXERCISE.  THERE ARE SO MANY OTHER
25   THINGS TO DO IN THIS LITIGATION.
```

26

EXHIBIT _3_ PAGE _15_

```
 1              IF THE COURT IS INCLINED TO ALLOW
 2    DISCOVERY INTO THIS AREA, AGAIN IT COULD BE DONE
 3    THROUGH AN INTERROGATORY.  WHAT MATTEL IS SEEKING
 4    IS FOR M.G.A. TO IDENTIFY THE PEOPLE.  WELL, I
 5    MEAN, IF THE ANSWER -- IF M.G.A. IS REQUIRED TO
 6    PROVIDE AN ANSWER, IT CAN BE SET FORTH IN AN
 7    INTERROGATORY RESPONSE.  WE WOULD SIMPLY LIST THE
 8    NAMES AND THE OTHER IDENTIFYING CHARACTERISTICS
 9    THAT MATTEL REQUESTS.  THERE'S NO REASON -- IT'S
10    ALMOST -- IT'S SILLY, I THINK, TO REQUIRE A
11    WITNESS TO STEP FORWARD AND SIMPLY HOLD A LIST
12    AND THEN READ THROUGH THE NAMES.
13              THAT'S -- THAT IS AN IMPROPER USE OF
14    THE 30(B)(6) PROCESS, AND I JUST CONTRAST THAT,
15    FOR EXAMPLE, YOUR HONOR, WITH WHAT I THINK IS
16    OFTEN AN APPROPRIATE USE OF THE 30(B)(6) PROCESS.
17    IT'S USED TO FIND OUT, FOR EXAMPLE, THE EFFORTS
18    THAT A COMPANY HAS TAKEN TO -- TO PRODUCE
19    DOCUMENTS.  YOU KNOW, AS YOU PUT UP A WITNESS,
20    THAT WITNESS CAN DESCRIBE THOSE EFFORTS:  THE
21    PEOPLE THAT WERE CONTACTED, WHAT INFORMATION WAS
22    PROVIDED, AND SO ON.  AND THAT'S AN APPROPRIATE
23    AND CUSTOMARY USE OF THE PROCESS.  BUT SIMPLY TO
24    IDENTIFY THE NAMES OF A LIST OF PEOPLE, I DON'T
25    THINK IS A -- THE WAY THAT -- OR THE USE OF THE
```

27

EXHIBIT _3_ PAGE _16_

```
 1    STATE OF CALIFORNIA        )
 2                               )  SS.
 3    COUNTY OF LOS ANGELES      )
 4
 5
 6        I, EMILY MCCARY, CERTIFIED SHORTHAND
 7    REPORTER, CERTIFICATE NO. 7584, FOR THE STATE OF
 8    CALIFORNIA, HEREBY CERTIFY;
 9        THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE
10    ME AT THE TIME AND PLACE THEREIN SET FORTH;
11        THE PROCEEDINGS WERE RECORDED
12    STENOGRAPHICALLY BY ME AND WERE THEREAFTER
13    TRANSCRIBED;
14        THE FOREGOING TRANSCRIPT IS A TRUE AND
15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO
16    TAKEN;
17        I FURTHER CERTIFY THAT I AM NEITHER COUNSEL
18    FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR
19    IN ANY WAY INTERESTED IN THE OUTCOME THEREOF;
20        IN WITNESS WHEREOF, I HAVE HEREUNTO
21    SUBSCRIBED MY NAME THIS 5TH OF OCTOBER, 2007,
22
23    _____
24
25
```

39

EXHIBIT _3_ PAGE _17_

# CONFIDENTIAL
# THIS EXHIBIT FILED UNDER SEAL
# PURSUANT TO
# PROTECTIVE ORDER OF 1- 4 -2005

# EXHIBIT 4