QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| AND CONSOLIDATED ACTIONS | REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO COMPEL MGA TO PRODUCE COMPELLED CALENDARS, AND FOR SANCTIONS |
| | Date:    TBA<br>Time:    TBA<br>Place:   TBA |
| | **Phase 1**<br>Discovery Cut-Off:     January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:              May 27, 2008 |

07209/2390663.1

**Preliminary Statement**

MGA does not dispute that this Court's Orders required it to produce calendars for those who worked on Bratz or communicated with Bryant prior to 2001.[1]   MGA argues that Mattel's motion is "moot" because MGA produced calendars "months ago." But what MGA previously produced were calendars for only three individuals.  Dozens more employees are known to have worked on Bratz or communicated with Bryant in 2000.

MGA also argues the motion is moot because recently it produced a few more calendars, which, according to MGA, "were largely blank, contained illegible entries or otherwise did not appear to refer or relate to Bratz or Bryant."[2] Notably, MGA does not allege that these calendars were "entirely" unresponsive. Pursuant to the May 15, 2007 Order, MGA cannot withhold portions of responsive documents on any grounds other than privilege or work-product doctrine, which MGA does not assert here. The calendars were ordered produced in un-redacted (*i.e.*, complete) form.  MGA was obligated to comply.

In any event, MGA still has not produced all calendars.  MGA admits that among the missing calendars are the Franklin Planners of important employees who worked on Bratz in 2000, such as Victoria O'Connor, Andreas Koch, and many others.  Contrary to MGA's representations, it also appears to have not produced

---

[1]   See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA dated May 15, 2007 ("May 15 Order") at 14:10-11, attached as Exhibit 8 to the January 28, 2008 Declaration of B. Dylan Proctor ("Proctor Dec."); see also July 2, 2007 Order at 2-4, Proctor Dec. Exh. 10.

[2]   See MGA Entertainment, Inc.'s Opposition to Mattel's Motion to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Calendars, and for Sanctions ("Opp."), at 1:17-19.

-1-

1  Outlook calendars for 2000 of Keri Brode, Leon Djiguerian, Edmond Lee and Paula
2  Garcia.[3]

3          Furthermore, even as to the few calendars MGA has produced to date,
4  the production is incomplete.  MGA still has not produced the complete version of
5  Isaac Larian's Outlook calendar for the year 2000.[4]  Thus, notwithstanding MGA's
6  efforts to evade judicial scrutiny of its misconduct and its violations of the Court's
7  Orders, Mattel's motion is anything but moot.

8          MGA should not be allowed to disregard the Court's Orders with
9  impunity.  The Court should again compel MGA to produce without further delay
10  all its compelled calendars in complete and un-redacted form.  It should also impose
11  sanctions on MGA for its willful disregard of the Court's Orders.

12                          **Argument**
13  I.   **MGA'S PARTIAL, BELATED COMPLIANCE WITH THE MAY 15,**
14       **2007 ORDER DOES NOT "MOOT" MATTEL'S MOTION**

15          MGA does not dispute that: (1) the Discovery Master's May 15, 2007
16  Order required MGA to produce all documents relating to Bratz or communications
17  with Bryant prior to 2001, including calendars, "in un-redacted form, except for
18  redactions that are justified by the attorney-client privilege or work-product
19  doctrine;"[5] or (2) the District Court rejected the entirety of MGA's challenge to the
20  May 15 Order, and ordered MGA to produce the compelled documents by July 31,
21  2007.[6]  MGA argues that Mattel's motion is "moot" because, "[m]onths ago, MGA
22  produced the calendar and planner entries that are responsive."[7]  MGA fails to

---

24  [3]   See Supplemental Declaration of Oleg Stolyar ("Supp. Stolyar Dec."), filed
25  concurrently herewith, ¶ 3.
26  [4]   See Opp. at 5, n. 1; see also Supp. Stolyar Dec. ¶ 5.
     [5]   Proctor Dec. Exh. 8.
27  [6]   See Proctor Dec. Exh. 10.
28  [7]   Opp. at 5:3-4.

1 mention that "months ago" it produced calendars for only three individuals.  The

2 bulk of MGA's calendar production came not "months ago," but only <u>after</u> this

3 Motion was filed.  Further, MGA does not dispute that it still has not produced

4 compelled calendars for many other individuals who worked on Bratz or

5 communicated with Bryant in 2000, and were employed by MGA.[8]  Thus, MGA has

6 still not complied with the Court's Orders.

7      MGA also claims that the motion is moot because it produced

8 thousands of additional pages of calendars and Franklin Planners <u>after</u> Mattel filed

9 this Motion.[9]  These were compelled many months ago.  Production in response to a

10 motion at a minimum entitles Mattel to sanctions.  <u>See</u>, <u>e.g.</u>, <u>In re</u>

11 <u>Phenylpropanolamine (PPA) Products Liability Litig.</u>, 460 F.3d 1217, 1236 (9th Cir.

12 2006) (failure to produce documents as ordered is sufficient prejudice for purposes

13 of ordering discovery sanctions, whether or not there is belated compliance); <u>In re</u>

14 <u>Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (same); <u>Payne v. Exxon Corp.</u>,

15 121 F.3d 503, 508 (9th Cir. 1997) (same).  "Last-minute tender of documents does

16 not cure the prejudice to opponents . . . The issue is not whether [defendants]

17 eventually obtained the information that they needed, or whether plaintiffs are now

18 willing to provide it, but whether plaintiffs' repeated failure to provide documents

19 and information in a timely fashion prejudiced the ability of [defendants] to prepare

20 their case for trial."  <u>Payne v. Exxon</u>, 121 F.3d at 508.  Here, as in these cases,

21 MGA's belated, incomplete production of some of its calendars does not cure or

22 excuse its willful failure to produce the compelled calendars by the Court-ordered

23 deadline, or obviate the prejudice to Mattel.

24      The <u>Federal Rules of Civil Procedure</u> likewise make clear that MGA

25 cannot avoid responsibility for prior discovery misconduct *via* a belated production.

26 _____

27 [8] <u>See</u> Opp. at 3:11-13; <u>see also</u> Proctor Dec. Exh. 4; Supp. Stolyar Dec. ¶ 4.

28 [9] <u>See</u> Opp. at 4:18-28.

1
2
3
4
5
6

> If the motion is granted or *if the disclosure or requested discovery is provided _after_ the motion was filed*, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

7
8
9
10

Rule 37(a)(4)(A) (emphasis added).  MGA, at best, provided some of the compelled discovery _after_ Mattel's motion was filed, and Mattel clearly made a good faith effort — including a month-long meet and confer process — to obtain the requested discovery without court action.[10]

11
12
13

## II.   MGA CANNOT REFUSE TO PRODUCE PORTIONS OF COMPELLED DOCUMENTS BY ARGUING THAT THEY ARE NON-RESPONSIVE

14
15
16
17
18
19
20
21
22
23
24

MGA argues that it did not violate the Court's Orders because the portions of calendars it recently produced were "largely blank," "contained illegible entires," or did not "refer or relate to Bratz or Bryant."[11]  First, the Court did _not_ give MGA the option not to comply if there were any blank pages, illegible entries or unrelated references. The Court ordered MGA to "produce all documents in un-redacted form, except for redactions that are justified by attorney-client privilege or work-product doctrine."[12]  Producing documents in un-redacted form obviously means to produce the complete document in un-redacted form, not just portions of it -- producing only portions is called redacting.  Thus, refusing to produce portions of documents on grounds other than privilege or work-product doctrine -- which MGA clearly did --  violated the May 15 Order.

25
26
27
28

---

[10]   See Motion at 5:3-6:11; see also Proctor Dec. Exhs. 1-5.
[11]   Opp. at 1:17-19.
[12]   Proctor Dec. Exh. 8.

07209/2390663.1

REPLY ISO MATTEL'S MOTION RE: CALENDARS

Second, by use of the phrase "largely" blank and "illegible" entries, MGA insinuates -- but notably does not actually state -- that the calendars are "entirely" blank or "entirely" illegible.   They are not entirely blank, illegible or unrelated.  For example:

- Larian's Outlook calendar for August 2000 helps narrow the date that Bryant was initially scheduled to meet with Larian regarding Bratz.  It shows that he was not in the United States from August 12 through August 27.[13]  Carter Bryant has testified that his first meeting with MGA took place "toward the end of August 2000," but that Larian was not present at that time because he was out of town.[14]  Accordingly, Larian's August 2000 Outlook calendar helps narrow the dates on which Bryant alleges to have first met with MGA regarding Bratz.

- Julie Chomo's December Franklin Planner entry for December 21, 2000 reflects her work on Bratz.[15]

- The portions of Larian's Outlook calendar for January to July 2000 reflect "product development" conference calls and meetings, "concept review" meetings, and "brainstorming" sessions for 2001 product lines that may shed light on MGA's development of Bratz in 2000.[16]

---

[13]   See Supp. Stolyar Dec. Exh. 6.
[14]   See Bryant Depo. Vol. I., at 9:25-10:14, 158:1-162:20, Supp. Stolyar Dec., Exh. 3.
[15]   Paula Garcia, MGA's Bratz product manager, has testified that MGA was working on digital photos of Bratz models that were to be used for the upcoming Hong Kong Toy Fair in late December 2000.  See Garcia Depo., Volume IV at 1291:11-1292:8, Supp. Stolyar Dec. Exh. 1.  MGA has admitted that Julie Chomo worked on Bratz in 2000, and one of Chomo's Franklin Planner entries for December 21, 2000 states, "Dolls - Digital Photos." See Supp. Stolyar Dec. Exh. 2.
[16]   Supp. Stolyar Dec., Exh. 4.

1    Third, MGA is making up excuses *ex post facto*.  It could not have

2  known whether the calendars it belatedly produced had blank pages or illegible

3  entries because it admits that it had not even looked for these documents until <u>after</u>

4  Mattel threatened to move to enforce.  For example, MGA's counsel has declared

5  that MGA began to search for the Franklin Planners of its employees who worked

6  on Bratz or communicated with Bryant in 2000 "<u>in response</u> to [Mattel's]

7  December 19, 2007 letter."[17]  Likewise, MGA only began to "investigate" whether

8  these employees used electronic Outlook calendars <u>after</u> the January 4, 2008 meet

9  and confer with Mattel.[18]

10  **III.    <u>MGA IS STILL NOT IN COMPLIANCE</u>**

11    In any event, MGA is still in violation of the Court's Orders.  MGA

12  claims that it has now, belatedly, completed its production of the compelled

13  calendars, but even this is not true.  In fact, it appears to be an attempt to mislead the

14  Court.  While MGA has now produced calendars of <u>some</u> individuals specifically

15  identified in Mattel's motion, it has failed to produce the compelled calendars of

16  many others.  For example, MGA has still not produced:

17  ● Franklin Planners of Paula Garcia, Cecilia Kwok, Franki Tsang,

18  Mercedeh Ward, Victoria O'Connor, Martin Hitch, Andreas Koch,

19  Dennis Medici, Jeremy Davis, Jonathan Buford, Stephen Lee, Samuel

20  Wong, Clementina Jarrin, Jennifer Maurus, Jessica Caiafa, Paul

21  Warner, Jackie Bielke, Marog Chazen, Jim Olmstead, Aileen Storer,

22

23

24  ───────────────

25  [17]   <u>See</u> Declaration of Andrew Temkin, dated February 7, 2008 ("Temkin Dec."),
¶ 1 (emphasis added).

26  [18]   <u>See</u> Proctor Dec. Exh. 2 ("You [MGA] stated that based on my

27  [December 19, 2007] letter you had investigated to date only the status of these
individuals' Franklin Planners <u>not</u> any other calendars which they may have had.")

28  (emphasis added).

1    Rebecca Harris, Edmond Lee, Kerri Brode, and Leon Djigurian for the
2    year 2000;[19]
3    ● Outlook calendars of Paula Garcia, Edmond Lee, Kerri Brode, Julie
4    Chomo and Leon Djigurian for the year 2000;[20] or
5    ● The complete version of Isaac Larian's Outlook calendar for the year
6    2000.[21]

7         MGA's conclusory claim that it searched for the Franklin Planners
8    referenced above, but could not locate them, is inadequate.  MGA fails to explain
9    which employees it contacted or which locations it searched, or whether it limited its
10   search due to cost concerns.[22]   Likewise, MGA's claim that it "searched for the
11   [complete] versions of [Larian's] electronic calendars, but they could not be
12   found,"[23] is not credible.  MGA does not explain why the pre-2001 calendars of
13   Isaac Larian, which include the key year 2000 time period, were "not available
14   electronically."[24]   MGA has represented that it "retain[s] all documents created

---

18   [19]  Supp. Stolyar Dec. ¶ 4.
19   [20]  MGA claims that it produced these calendars on February 6, 2008.  See Opp.
20   at 4:18-28.  However, none of these calendars appear to be included or were identified within MGA's production.  See Supp. Stolyar Dec. ¶ 3.
21   [21]  Supp. Stolyar Dec. ¶ 5.  Portions of the text of many entries in Larian's Outlook calendar for 2000 are cut off, making these calendar entries illegible.  For
22   example, the entries with portions of the text cut off include a February 24, 2000 entry of "Brainstorm: 2001 Pr," a March 13, 2000 entry of "Brainstorming for ne," a
23   March 27, 2000 entry of "Inventor to Demo Ne," and a March 30, 2000 entry of "2001 Line Review Me,"  among many others.  Cleary, all of the entries refer to new
24   products being developed by MGA in 2000 and could relate to Bratz.  Supp. Stolyar Dec. Exh. 4.  Mattel is entitled to examine these calendar entries in their complete,
25   un-redacted form.
26   [22]  See Declaration of Samir Khare, dated February 7, 2007 ("Khare Dec."), ¶ 3.
27   [23]  Opp. at 5, n. 1.
28   [24]  See Khare Dec. ¶ 3.

07209/2390663.1
-7-
REPLY ISO MATTEL'S MOTION RE: CALENDARS

1   electronically on [its] servers."[25]   If these calendars were deleted, that could
2   constitute spoliation by MGA.

3   **IV.   MGA'S FAILURE TO COMPLY WITH THE MAY 15 ORDER HAS**
4   **BEEN WILLFUL, AND IT SHOULD BE SANCTIONED**

5       **A.   MGA Admits That It Did Not Even Begin to Search for Calendars**
6       **Until Many Months After the Court-Ordered Deadline**

7           MGA asserts that it conducted a "reasonably diligent search" for and
8   produced all responsive calendars and planners "several months ago."  But what
9   MGA is now telling the Court is <u>not</u> what it said previously.  During the meet and
10  confer process MGA admitted that: (1) it began to search for the Franklin Planners
11  of its employees who worked on Bratz or communicated with Bryant in 2000 "<u>in</u>
12  <u>response</u> to [Mattel's] December 19, 2007 letter;"[26] and (2) it began to "investigate"
13  whether these employees used electronic Outlook calendars <u>after</u> the January 4,
14  2008 meet and confer with Mattel.[27]   In other words, MGA did not even begin to
15  search for responsive calendars until many months after the Court-ordered July 31,
16  2007 production deadline.

17      **B.   MGA Admits That It Was Still "Consider[ing]" Whether to**
18      **Produce Compelled Documents as Late as the Date of the**
19      **Discovery Cut-Off**

20          MGA asserts that Mattel is at fault for not stipulating to an extension
21  while MGA "consider[ed]" whether to produce the compelled documents.
22  However, the Court ordered MGA to produce the calendars in complete and un-

23

24  _____

25      [25]   Deposition of Kenneth Lockhart, dated June 14, 2007, at 76:24-25, Supp. Stolyar Dec. Exh. 5.
26      [26]   Temkin Dec. ¶ 1 (emphasis added).
27      [27]   Proctor Dec. Exh. 2 ("You [MGA] stated that based on my [December 19, 2007] letter you had investigated to date only the status of these individuals'
28  Franklin Planners not any other calendars which they may have had.").

1  redacted form no later than July 31, 2007.  The parties are expected to comply with

2  the Court's orders or move for reconsideration.  There was nothing for MGA to

3  "consider."  Further, the July 31 calendar-production date was the Court's deadline,

4  not Mattel's.  Accordingly, if MGA wanted an extension, it should have asked the

5  Court, not Mattel.

6      In any event, Mattel gave MGA notice of its intention to file this

7  Motion more than a month before it filed.[28]  In addition, Mattel sent MGA no fewer

8  than three letters, and participated in no fewer than five meet and confers to attempt

9  to obtain compliance prior to filing.[29]  MGA admits that, even as late as the date of

10 the discovery cut-off (the same day the Motion was due), it still had not agreed to

11 produce the compelled calendars.[30]  MGA still wanted "to consider it."[31]  It was only

12 after Mattel filed that MGA even partially complied with the May 15 Order.

13     **C.    Sanctions Are Warranted**

14     Sanctions are appropriate.  MGA argues that sanctions are not

15 warranted because it has already produced all the compelled documents.  However,

16 as discussed above: (1) this production came too late; and (2) in any case, MGA still

17 has not produced all the compelled calendars.  MGA's continued failure to comply

18 with the Court's Orders is sanctionable.

19

---

20  [28]  Proctor Dec. Exh. 1.

21  [29]  Proctor Dec. ¶¶ 2-6 & Exhs. 1-5.
    [30]  Temkin Dec. ¶ 7.

22  [31]  Temkin Dec. ¶ 7.  MGA's claim that Mattel's counsel stated he would get

23 back to MGA regarding its proposal to stipulate to an extension -- which would have
   given MGA further time to "consider" whether it would produce the compelled

24 calendars -- is incorrect.  The parties met and conferred regarding MGA's calendar
   production on the date of the Phase One discovery cut-off.  At that meet and confer,

25 Mattel asked whether MGA would produce the calendars compelled by the May 15,
   2007 Order.  MGA said that it would not.  MGA then proposed that the parties enter

26 into a stipulation to give MGA further time to "consider" whether it would produce
   the calendars.  Mattel responded that, unless MGA were willing to commit to

27 produce the compelled documents, such a stipulation would serve no purpose, as the
   parties have already met and conferred for more than a month and MGA has already

28 had many months to comply with the Court's Orders.  See Supp. Stolyar Dec. ¶ 2.

1

## **Conclusion**

2        For the foregoing reasons, Mattel's Motion should be granted in its entirety.

3

4    DATED:  February 15, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                                       By /s/ Dylan Proctor
7                                          B. Dylan Proctor
                                           Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28