QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

Hearing Date: TBA
Time: TBA
Place: TBA

**Phase 1**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: April 21, 2008
Trial Date: May 27, 2008

07209/2390951.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The MGA defendants do not dispute that Larian engaged in a pattern of communications with Mattel employees--e.g. Brawer, Machado, Brisbois--who went to work for MGA and happened to take Mattel information with them. The MGA defendants do not dispute that communications between Larian and Mattel employees are relevant and discoverable. The MGA defendants do not deny that Larian had post-2005 communications with Mattel employees. The MGA defendants do not dispute that the Order, by limiting Mattel's discovery of Larian's communications with Mattel employees to 2005, excludes relevant, responsive communications, e.g., Castilla. The MGA defendants do not dispute that the Discovery Master should amend the Order to include communications past 2005.

The only question is whether the Discovery Master should amend the Order to expanded the scope of Request No. 198 to include only communications between Larian and those Mattel employees that it knows about. Or, whether the Order should be expanded, as Rule 26 requires, to reflect Mattel's actual allegations that the MGA Defendants are engaging in an on-going, open-ended pattern of misconduct directed at Mattel, including Larian's communications with Mattel employees, that continues to this day.

## Argument

The MGA defendants' only response to Mattel's Motion is that Mattel can get Castilla-specific documents through March 2006. But the focus on Castilla is legerdemain intended to distract the Discovery Master from both the scope of Mattel's request--Larian communications with any Mattel employee--and Mattel's allegations that the MGA defendants, including Larian, are engaged in an ongoing,

open-ended conspiracy that includes the theft of Mattel's trade secrets.[1] Having alleged such a continuing, open-ended conspiracy, Mattel is entitled to discovery through the present, not just through 2005. See Gonzalez v. City of Fresno, 2007 WL 2781149, *4, *6 (E.D. Cal. September 21, 2007) (documents reflecting misconduct post-dating alleged torts were discoverable where plaintiff alleged a "continuing pattern of wrongful misconduct").[2]

The MGA defendants cite no authority supporting their argument that Mattel's discovery should be limited only to what Mattel has discovered and set forth in its interrogatory responses to date--namely Castilla's theft--as opposed to the claims pleaded in Mattel's counter-claims. Nor could they--the premise of notice pleading is that a party can take discovery to support it's claims. See, e.g., Roberts v. Acres, 495 F.2d 57, 58-59 (7th Cir. 1974) ("The complaint is designed to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action. The relevant facts may be determined by discovery . . . ."); In re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978) ("Under the liberal pleading requirements of the Federal Rules of Civil Procedure a complaint need contain only the most basic grounds upon which the court's jurisdiction is based and a short statement of the claim and the relief sought. Concomitantly liberal discovery rules permit parties to flesh out their respective claims, defenses, and counterclaims, in due course after issue has been joined.") (internal citations omitted); Elwonger v. Career Acad., Inc., 54 F.R.D. 514, 515 (E.D. Wis. 1972) ("[A] party is not required to set out in detail the facts upon which his claims are based. Such details

---

[1] Mattel Inc's Second Amended Answer in Case No. 05-2727, ¶¶ 89-93, Declaration of Scott B. Kidman dated October 11, 2007 ("Kidman Dec.") Exh. 3;
[2] Notably, the MGA defendants do not take issue with the scope of Mattel's counter-claims.

may be obtained through the use of the discovery techniques authorized by Rules 26-37.") (internal citations omitted).

Mattel continues to discover improper misconduct as discovery proceeds. At Veronica Marlow's deposition on December 28, 2007, for example, Mattel learned for the first time that three Mattel employees—Ana Cabrera, Beatrice Morales, and Maria Salazar—had been working on Bratz for years.[3] Under MGA's interpretation of Rule 26, Mattel would have never discovered their identity because Mattel did not already know about them (because their identities were successfully, but improperly, concealed for so long). Mattel, however, is not required to allege each act comprising MGA's scheme before it is entitled to discovery on such acts.

MGA spends much of its Opposition arguing that Mattel's requested expansion of the Order is duplicative of Mattel document requests. Not so. Request No. 198—the one at issue—seeks Larian's communications with any current Mattel employee. The purportedly duplicative requests are tailored to different documents. Requests Nos. 36-38 are limited to Mr. Castilla and Request Nos. 200-01 are limited to hiring and recruitment of Mattel employees. If, as MGA claims, the other requests are entirely duplicative of Request No. 198, then Larian should have no objection to the expansion that Mattel seeks. The MGA Defendants, however, refuse to agree that Request No. 198 should reach Larian's post - 2005 communications with Mattel employees. If Mattel exclusively relied on Request Nos. 26-28 and 200-01 as defendants suggest, then Mattel would not receive, for example, a summer 2006 e-mail message from Larian to a current Mattel

---

[3] The facts surrounding this discovery are set forth at length in Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents by Veronica Marlow, filed January 28, 2007 and currently pending before the Discovery Master.

employee—who is not being recruited—seeking Mattel trade secrets. Request No. 198 needs to be expanded to be congruent with Mattel's on-going conspiracy claims.

Finally, even if Mattel had not alleged continuing conduct by Larian and MGA, it would still be entitled to Larian's post-2005 communications with current Mattel employees through the present because such information is "reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Communications between Larian and Mattel employees in 2006 and 2007 would certainly be relevant to further demonstrate that Larian engaged in a pattern of contacts with Mattel employees who stole Mattel trade secrets, including Brawer, Machado, Trueba, Vargas and Brisbois,[4] and could be used to prove the specific allegations related to Mr. Castilla. Notably, MGA never asserts that communications through the present are not relevant. Their failure to state that they have produced all Larian communications with Mattel employees or to state that he had not post-2005 communications with Mattel employees suggest that the MGA defendants do have records of such communications that they are trying to avoid producing by limiting the Order to March, 2006.[5]

### Conclusion

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED: February 15, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
By
         /s/ Jon Corey
        Jon Corey
        Attorneys for Mattel, Inc.

---

[4] See Supp. Corey Dec. Exs. __-__.
[5] MGA's repeated reference to total number of documents produced in the case are irrelevant. A party is not relieved of its obligation to produce relevant documents merely because of it has produce a significant quantity of other documents of questionable relevance.