QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED |
| | [Supplemental Declaration of B. Dylan Proctor filed concurrently herewith] |
| | Date:   TBA<br>Time:   TBA<br>Place:  TBA |
| | **Phase I**<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2387935.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA attempts, in its opposition, to obscure its undisputed failure to meet its fundamental obligation to produce all non-privileged information in its compelled documents and adequate privilege logs.  It cannot do so.  MGA does not deny it is withholding non-privileged information in the thousands of compelled documents listed on its logs.  Mattel's motion should be granted, and MGA should be ordered to produce this information.

MGA primarily argues that Mattel's motion is unnecessary because MGA has "voluntarily" agreed to review and correct the numerous deficiencies in its productions and logs.  This argument misses the point.  By refusing to permit Mattel to independently assess or challenge these revised logs once they finally arrive (whenever that ends up happening), MGA unabashedly seeks to "run out the clock" on Mattel, leaving Mattel with no remedy when MGA continues to shirk its discovery obligations.  It was MGA's refusal to agree to a reasonable stipulation permitting Mattel to seek recourse, if necessary, after the cutoff that necessitated this motion.  But for the grant of the instant motion, Mattel may be left without remedy when MGA predictably fails to correct the deficiencies in the logs and its productions.

Nor are Mattel's concerns speculative or based on conjecture.  Conspicuously absent from MGA's opposition is any assertion that it actually has produced all non-privileged information in the documents it is withholding as privileged, as to even one of the many logs it has recently served.  In fact, the opposition itself confirms that MGA has not done so.  Nor, for that matter, does MGA even say it will do so in the future.  To the contrary, MGA offered (and offers again in its opposition) only to produce redacted documents where MGA unilaterally "determine[s]" it is "feasible" to do so.  That determination is not MGA's to make.  The documents and logs at issue here were ordered produced many months ago.

-1-

MGA's obligation was (and remains) to give Mattel all non-privileged information.  It obviously has not done so, including as to the logs prepared by its new counsel.

Moreover, MGA offers virtually no evidence to support its privilege claims.  To date, MGA has listed more than 10,000 documents on its privilege logs.  A great number of these involve communications exclusively between non-lawyers which have been withheld in their entirety.  This is all undisputed.  MGA has not offered any basis, or any evidence, to support these privilege claims.  Instead, it spends its opposition lambasting Mattel for pursuing these previously compelled, non-privileged documents.  This in no way meets MGA's burden.

MGA also claims that this motion is improper because Mattel has purportedly failed to meet and confer with respect to later privilege logs produced by MGA and Larian.  However, the parties met and conferred with respect to issues regarding privilege logs starting in early December and continuing for the next month and a half at great length. They did not discuss the November log entries at length only because MGA expressly refused to do so in response to Mattel's meet and confer letter.  However, MGA did confirm the consistency of its improper positions, indicating that it would take the same (improper) positions as to its later logs that it had taken on the prior ones.

## **Argument**

### I.    **MATTEL'S MOTION IS NECESSARY IN ORDER TO ENSURE THE ADEQUACY OF MGA'S COMPELLED PRODUCTIONS AND CORRESPONDING LOGS**

MGA and Larian have withheld *more than 10,000 documents* as purportedly privileged, to date.[1]  When Mattel moved for waiver in August 2007,

---

[1]   See September log (1132 entries), August log (2868 entries), November log (3427 entries), Proctor Decl., Exh. 15, 16, 17; January 25 log (2155 entries); January (footnote continued)

-2-

1   MGA had logged less than 100 documents—in the months since then, it has added at

2   least 100 times as many documents to the list of those it is withholding.  Mattel has

3   attempted to wade through those logs to determine which of those thousands of

4   documents are properly or improperly withheld, and which constitute evidence buried

5   in the depths of MGA's hundreds of pages of logs.  Mattel also sought to work

6   cooperatively with MGA, to avoid burdening the Court while still preserving its right

7   to obtain non-privileged information.  But MGA effectively told Mattel to pound

8   sand, saying it would give Mattel non-privileged portions of documents only when it

9   thought "appropriate" to do so, and refused to agree to any guidelines or to allow

10  Mattel to challenge its corrected productions and logs whenever they eventually

11  come.

12          A great number of the thousands of documents withheld by MGA are

13  communications made entirely between non-lawyers.[2]  This is undisputed.  Although

14  MGA now claims that it has taken "extraordinary" efforts to remedy its admittedly

15  improper practices, Mattel should not be prejudiced by these improper practices—it

16  was MGA's decision to withhold over 10,000 documents as privileged, in their

17  entirety, that forced it to undertake whatever "extraordinary" efforts it claims to be

18  making.  While MGA's argument is full of bluster and complaints regarding the

19  burden it "voluntarily" agreed to undertake, this burden was of its own creation.

20          More importantly, it is clear that MGA has yet to live up to its

21  commitments. Indeed, MGA's opposition makes this abundantly clear.  The few

22  concessions MGA makes show that, to this day, it continues to improperly withhold

23  documents that are not privileged.  For example, in its opposition MGA objects to

24  Mattel's challenge to a one entry, number 916 on the August log, claiming it was

25

26  28 log (734 entries); January 30 log (303 entries), Proctor Decl. to Mattel's
    Supplemental Mot., Ex. 1, 2, 3.

27      [2]  See Mot. at 6-7.

28

1   "properly withheld as privileged attorney-client communications because they reflect

2   legal advice that was conveyed by an attorney." (Opp. at 8 n.2.).  In the very next

3   sentence, however, MGA concedes that, in fact, it does not actually assert a claim of

4   privilege over this entry because it was a communication between Isaac Larian and

5   Dennis Medici, both non-lawyers. (Id.)  Much of MGA's argument proceeds in this

6   same fashion, arguing that its privilege assertions have been proper while at the same

7   time conceding that the specific documents challenged must be disclosed.[3]  Yet MGA

8   nevertheless insists that Mattel should be faulted for seeking these non-privileged

9   documents which it continues to withhold or for "raising serial complaints" about its

10  deficient logs.  Mattel has done so, and for good reason:  MGA is, without doubt,

11  withholding at least many hundreds of documents which are, in whole or in part, non-

12  privileged.

13          MGA's "voluntary" agreement to disclose "documents it determine[s]

14  could be feasibly redacted" *after* Mattel objected to the logs (and after the Court

15  ordered it, months ago, to produce the non-privileged documents it has been

16  withholding) does not make this motion "unnecessary."  If anything, it reiterates the

17  need for a Court Order expressly requiring the production of *all* non-privileged

18  information in its withheld documents—not just what MGA unilaterally decides is

19  "feasible" to produce—because, despite MGA's "voluntary" review of the logs, its

20  misconduct has not been remedied.  Even now MGA merely states it "expects" to

21  produce the non-privileged documents or portions of documents it has been

22  withholding in another month.  Opp. at 7.  Elsewhere, MGA says that by the end of

23  February it will only "begin" to produce the documents which it has long improperly

24

25

26

27  [3]   See, e.g., Opp. at 8 n.3, 9 n.4.

28

07209/2387935.1

-4-

1  withheld, and then only on a "rolling basis."[4]  That MGA nevertheless faults Mattel

2  for pursuing this information is surprising.

3         What little else MGA says (that is not mere bluster) is a non-sequitur.

4  Mattel expressed concern in its moving papers that MGA has improperly withheld

5  many non-lawyer communications in their entirety instead of redacting any specific

6  portions consisting of the privileged communication.  Missing the point entirely—

7  that communications not involving attorneys will likely have at least some portions

8  that are not privileged—MGA instead argues that just because emails are addressed

9  to non-lawyers does not mean they cannot include privileged communications.  Opp.

10  at 7.[5]  Regardless, the point is that such communications must at least be produced in

11  redacted form.  MGA has an obligation to provide Mattel with all compelled or

12  responsive, non-privileged information.  <u>Norco Windows, Inc. v. Hartford Financial</u>

13  <u>Services Group, Inc.</u>, 2005 WL 1353832, at *10 (D. Idaho 2005) (parties have a duty

14  to provide all material that is "responsive and non-privileged").  The Court has

15  ordered this.[6]  It has not done so.  It would be unfair to allow MGA's delay in

16

17      [4]  MGA's Opposition to Mattel's Motion to Compel Trademark Search Results,

18  dated February 7, 2008, at 3.

19      [5]  MGA then inexplicably cites to a case holding that communications from

20  employees *to counsel* are privileged.  <u>See</u> <u>Upjohn Co. v. United States</u>, 449 U.S. 383,

21  394 (1981) ("The communications at issue were made by Upjohn employees to counsel for Upjohn acting as such, at the direction of corporate superiors in order to

22  secure legal advice from counsel.").  The other case that MGA relies on, <u>Wrench LLC v. Taco Bell Corp.</u>, 212 F.R.D. 514 (W.D. Mich. 2002), holds that the attorney

23  client privilege extends to communications between non-lawyers only where the employees "need to know" the information.  <u>See also</u> <u>Verschoth v. Time Warner,</u>

24  <u>Inc.</u>, 2001 WL 28763 (S.D.N.Y. 2001), <u>adhered to as amended by</u>, 2001 WL 546630

25  (S.D.N.Y. 2001).  Here, there is no suggestion based on the descriptions provided by

26  MGA—and no evidence—that any privileged information was conveyed to employees because they "need[ed] to know" it.

27      [6]  See Mot. at 2.

28

07209/2387935.1

1  fulfilling its discovery obligations and its overbroad assertions of privilege as to

2  thousands of documents to prejudice Mattel, especially given MGA's poor track

3  record on this issue.

4  **II.     MGA HAS FAILED TO SUBSTANTIATE ITS PRIVILEGE CLAIMS**

5          As the party seeking to assert the attorney-client privilege, MGA bears

6  the burden of establishing that the privilege applies.  <u>United States v. Munoz</u>, 233 F.

7  3d 1117, 1128 (9th Cir. 2000) (burden is on the party asserting the attorney-client

8  privilege to establish all of its elements); <u>In re Grand Jury Investigation</u>, 974

9  F.2d 1068, 1070 (9th Cir. 1992).

10         MGA has not even attempted to meet that burden.  Indeed, MGA offers

11 virtually no evidence in support of its opposition.[7]  Even as to the handful of specific

12 documents MGA chooses to discuss, it has not met its burden.  For example, MGA

13 argues that it has properly withheld entry number 1058 on the August log because it

14 "clearly reflects a communication in which [a non-lawyer] reports to Isaac Larian and

15 Paula Treantafellas on advice that had been conveyed to her by MGA's counsel on the

16 registration of a trademark."  Opp. at 8.  But what the log actually shows is simply a

17 communication between non-lawyers.  MGA does not identify the lawyer in question

18 or give any indication that the entire communication consists of this unnamed

19 lawyer's advice.  Nor does MGA offer any supporting evidence.  Likewise, entry

20 number 2857 on the September log identifies an email "containing attorney-client

21 communications made for the purpose of rendering legal advice regarding potential

22 US trademark registration."  As Mattel points out in its moving papers, the subject

23 matter of this particular communication—the mark—is both not privileged and has

24 the potential to be highly relevant.  Mot. at 8:3-4.  Nowhere in its Opposition does

25 _____

26     [7]  Although it suggests, in a footnote, that it will submit the documents to the
   Court (Opp. at 8 n.1.), MGA refused this request when made by counsel.  See Supp.
27 Proctor Decl. ¶ 2.

28

07209/2387935.1

-6-

MATTEL'S REPLY ISO MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS
ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

1    MGA even argue, let alone show, that the mark itself is privileged (or non-

2    responsive), but still MGA adamantly refuses to provide that very basic information.

3    Indeed, MGA attempts to mislead the Court, suggesting that because *legal advice*

4    *about* a trademark search is privileged—which has always been undisputed—Mattel's

5    challenge to these documents is improper.  But the point here is again the same as it

6    has always been:  MGA is withholding non-privileged information—the name of the

7    mark itself.  It cannot be permitted to do so.[8]

8            MGA also argues that its privilege log descriptions are sufficient

9    because they generally identify the documents and the basis for the claim, and

10   "nothing more is required."  Opp. at 1:25-27.  MGA is wrong that "nothing more is

11   required."  When preparing a privilege log, it is "imperative that [a party] provide

12   adequate information to permit the Court to make its preliminary relevancy

13   determination".  See Best v. BSNF Ry. Co., 2008 WL 149137, *5 (E.D. Wash. 2008).

14   MGA clearly has not satisfied this obligation either.  As discussed in the motion and

15   Mattel's companion motions, MGA's log entries make it impossible to assess many of

16   its privilege assertions.  This appears to be the point of the entries, which generally do

17   nothing more than state a legal conclusion, and should also be remedied.  Mattel's

18

19   _____

20       [8]   MGA suggests that because it finally produced a redactions log related to the
         documents on its November log, Mattel's "assertion that MGA intends to withhold
21       documents in their entirety is false."  Opp. at 6.  But this ignores that there are more
         than 3400 entries on the November log alone which have not been produced in
22       redacted form.  See Allen Decl. Exh. 8.  Likewise, MGA touts that it produced
         redacted Larian documents and a redactions log in accordance with a stipulation, but
23       it does not mention that this stipulation was merely one in which Mattel agreed to
         extend MGA's Court-ordered deadline to comply.  See December 31, 2007 Order
24       Granting in Part and Denying in Part Mattel's Motion to Compel Documents by Isaac
         Larian.  Nor does this somehow show that, contrary to all the evidence, MGA is
25       satisfying its obligations.  That MGA may not have breached yet another discovery
26       obligation does not relieve it of other misconduct.
27

28

MATTEL'S REPLY ISO MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS
ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

1    point is again simple—it is entitled to non-privileged evidence, and to privilege log
2    entries that enable it to assess that matter.

3    **III.   MATTEL HAS ENGAGED IN PROPER MEET AND CONFERS WITH**
4    **RESPECT TO THE PRIVILEGE LOGS**

5              Finally, MGA claims that Mattel's motion should be rejected, and it
6    should be permitted to flout its obligations and the Court's orders with impunity
7    because Mattel purportedly failed to meet and confer with respect to the privilege
8    logs produced by MGA in November 2007 and January 2008.  This argument is
9    unfounded.  From the very outset of the meet and confer process, counsel for Mattel
10   has raised the same issues with respect to these privilege issues—among other things,
11   the improper stance that MGA's prior counsel had taken with regard to withholding
12   documents in their entirety, and MGA's continued assertion of that approach.

13             After several conferences, MGA eventually conceded that the approach
14   taken by MGA's prior counsel was problematic and agreed to review MGA's logs and
15   produce those documents that included non-privileged information, either in their
16   entirety or in redacted form.  At that time, MGA's present counsel indicated that this
17   problem was not present in the privilege logs which they had already produced, nor
18   would it be in those yet to be produced.  Proctor Decl. ¶¶ 3-4.  However, upon
19   subsequent review of MGA's November log, it became apparent that this
20   representation was inaccurate.  Proctor Decl. ¶ 9.  Based on the November log it
21   appeared that MGA had, despite its assurances to the contrary, continued to withhold
22   entire documents in the same manner as before, rather than produce them in redacted
23   form.

24             Accordingly, Mattel then raised these issues as to the November log in
25   the context of its ongoing meet and confer regarding MGA's other privilege logs.

26
27
28

07209/2387935.1

-8-

Proctor Decl. ¶¶ 9.[9]  But MGA then refused to meet and confer.  Instead, MGA stated that it would not discuss its recently produced log because it not been specifically addressed in Mattel's "initial letter" initiating the meet and confer process,  taking the unreasonable position that it would only discuss the November  log as part of a separately initiated meet and confer process.[10]  Further, even though the deadline to respond to Mattel's valid meet and confer request was up, MGA stated it would not even discuss the issues regarding its September and August logs until the following week.[11]  Although MGA eventually relented and agreed to discuss the matters set forth in Mattel's letter as to the earlier logs, MGA steadfastly refused to discuss the November log in detail.[12]  All it would say, in a subsequent conference, is that its positions regarding the November log would be substantially the same the positions it had already taken regarding to the August and September logs.  Supp. Proctor Decl. ¶ 4.[13]

MGA's suggestion that somehow Mattel has not properly engaged it in appropriate meet and confer is unfounded.  In any case, MGA's complaint is moot:

_____

[9]  See also January 11, 2008 letter from B. Dylan Proctor to Jose Allen, Proctor Decl., Exh. 18.

[10]  See January 17, 2008 letter from Jose Allen to B. Dylan Proctor, Supp. Proctor Decl., Exh. 1.

[11]  See id.; see also January 17, 2008 email from B. Dylan Proctor to Jose Allen, Supp, Proctor Decl., Exh. 2.

[12]  See January 17, 2008 letter from Jose Allen to B. Dylan Proctor, Supp. Proctor Decl., Exh. 3.

[13]  Again contrary to MGA's counsel's initial assurance during the meet and confer process, the logs which MGA produced in late January (after Mattel's motion had been filed) continued its practice of withholding in their entirety numerous communications between non-lawyers, among other things.  See Supplemental Memorandum in Support of Mattel's Motion to Compel, at 1-2.

1   the parties have been instructed to again meet and confer regarding the currently

2   pending motions (including this one), and Mattel intends to do so.

3                               **<u>Conclusion</u>**

4          For the foregoing reasons, Mattel respectfully requests that the Court

5   grant the instant motion and order that MGA and Larian to immediately (1) produce

6   all documents they have improperly withheld under a claim of privilege, either in

7   their entirety or in redacted form, and (2) provide amended privilege logs for any

8   documents or portions of documents they continue to withhold on a claim of privilege

9   to enable Mattel to assess their privilege claims and, if necessary, engage in follow-

10  up motion practice to obtain compliance.

11

12  DATED:  February 15, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
13

14                                     By B. Dylan Proctor /s/
                                          B. Dylan Proctor
15                                        Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28