1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100
8
9   Attorneys for Mattel, Inc.

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13

| | |
|---|---|
| 14  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| | Consolidated with |
| | Case No. CV 04-09059 |
| 15            Plaintiff, | Case No. CV 05-02727 |
| 16        vs. | **DISCOVERY MATTER** |
| 17  MATTEL, INC., a Delaware | **[To Be Heard by Discovery Master Hon.** |
| 18  corporation, | **Edward Infante (Ret.) Pursuant to the** |
| | **Court's Order of December 6, 2006]** |
| 19            Defendant. | [PUBLIC REDACTED] DECLARATION |
| 20 | OF JON D. COREY IN SUPPORT OF |
| | MATTEL, INC.'S REPLY BRIEF IN |
| | SUPPORT OF MOTION TO COMPEL |
| 21  AND CONSOLIDATED ACTIONS | PRODUCTION OF DOCUMENTS AND |
| | THINGS BY MGA ENTERTAINMENT, |
| 22 | INC. AND FOR AWARD OF |
| | MONETARY SANCTIONS |
| 23 | |
| 24 | Date:   TBA |
| | Time:   TBA |
| 25 | Place:  Telephonic |
| 26 | Discovery Cut-Off: January 28, 2008 |

27

28

1           I, Jon D. Corey, declare as follows:

2           1.     I am a member of the bar of the State of California and a partner

3 at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4 ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called

5 and sworn as a witness, I could and would testify competently thereto.

6           2.     Attached as Exhibit 1 is a true and correct copy of excerpts of

7 MGA Entertainment Inc.'s Fourth Supplemental Response to Interrogatory No. 1 of

8 Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair Competition, dated July

9 31, 2007. This response is marked "Attorney's Eyes Only."

10           3.     Attached as Exhibit 2 is a true and correct copy of excerpts of

11 MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories,

12 dated August 21, 2007. These responses are marked "Attorneys' Eyes Only."

13           4.     Attached as Exhibit 3 is a true and correct copy of excerpts of

14 the confidential deposition transcript of Nana Ashong, taken January 28, 2008.

15           5.     Attached as Exhibit 4 is a true and correct copy of the Expert

16 Report of Peter S. Menell, dated February 11, 2008. This report is marked

17 "Confidential – Attorneys Eyes Only."

18           6.     Attached as Exhibit 5 is a true and correct copy of the Expert

19 Report of Mary Bergstein, dated February 11, 2008. This report is marked

20 "Confidential – Attorneys Eyes Only."

21           7.     Attached as Exhibit 6 is a true and correct copy of the Expert

22 Report of Debora Middleton, dated February 11, 2008. This report is marked

23 "Confidential – Attorneys Eyes Only."

24           8.     Attached as Exhibit 7 is a true and correct copy of excerpts of the

25 Expert Report of Paul K. Meyer, dated February 11, 2008. This report is marked

26 "Confidential – Attorneys' Eyes Only."

27

28

-1-

1    9.    Attached as Exhibit 8 is a true and correct copy of excerpts of the
2  Expert Report of Dr. Erich Joachimsthaler, dated February 11, 2008.  This report is
3  marked "Confidential – Attorney's Eyes Only."

4    10.    Attached as Exhibit 9 is a true and correct copy of the Expert
5  Report of Robert Tonner, dated February 11, 2008.  This report is marked
6  "Confidential – Attorneys' Eyes Only."

7    11.    Attached as Exhibit 10 is a true and correct copy of Carter
8  Bryant Drawings from the Cityworld Litigation, produced by Defendants.

9    12.    Attached as Exhibit 11 is a true and correct copy of MGA's
10  Eighth Set of Requests for the Production of Documents and Things in Case No. 05-
11  2727, dated December 28, 2007.

12    13.    Attached as Exhibit 12 is a true and correct copy of excerpts of
13  the Confidential Deposition transcript of Martinez.

14    14.    Attached as Exhibit 13 is a true and correct copy of excerpts of
15  the Confidential Deposition transcript of Fontanella.

16    15.    Attached as Exhibit 14 is a true and correct copy of excerpts of
17  the Confidential Deposition transcript of Hoffman.

18    16.    Attached as Exhibit 15 is a true and correct copy of Carter
19  Bryant's Subpoena in a Civil Action to Anna Rhee, dated February 25, 2005.

20    17.    Attached as Exhibit 16 is a true and correct copy of Mattel, Inc.'s
21  Second Amended Answer and Counterclaims excluding Exhibit C.

22    I declare under penalty of perjury under the laws of the United States of
23  America that the foregoing is true and correct.

24    Executed this 15th day of February 2008, at Los Angeles, California.

25
26                               /s/   Jon D. Corey
                               Jon D. Corey
27                               Attorneys for Mattel, Inc.
28

# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 8

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO
PROTECTIVE ORDER**

EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 10



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

June 2000
Contract date : 9/18/2000

M 0001489



8/1998

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/5/00

M 0001490



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date· 9/15/00

M 0001491



© 8/1998

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date. 9/15/00

M 0001492



© 1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date   9/13/00

M 0001493



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date · 9/18/00

M 0001494



©

8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date  9/18/00

M 0001495



8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Conversion date   9/18/00

M 0001496



8/1998

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/18/00

M 0001497



©

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/15/00

M 0001498



All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date: 4/18/00

M 0001499



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO
Contract date   2/18/c.

M 0001500



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date: 9/18/00

M 0001501



DOLL PIECE COUNT*

HAIRSTYLE #1

LONG TEE

SHORT TEE

JEANS

SNEAKERS

HAIRSTYLE #2

MARY JANES

TOTAL PIECES*

- LONG SLEEVED TEE SHIRT
- CUFFED "JEANS"
- SHORT SLEEVED TEE SHIRT
- SKIRT
- POP-ON/OFF SNEAKERS
- POP-ON/OFF MARY JANES
- BACKPACK
- LONG HAIRSTYLE "WIG" (POP-ON/OFF)
- SHORT HAIRSTYLE "WIG" (POP-ON/OFF)
- DOLL BODY/HEAD

* DESIGN SUBJECT TO CHANGE

DRAWINGS NOT TO ACTUAL SIZE

M 0001502



BODY



JOINTED NECK, 0 SHOULDERS

POSSIBLE
TWIST
WAIST,
BELOW
BELLY
BUTTON

JOINTED 0
HIPS

SCULPTED
FINGERNAILS

NOT ACTUAL
SIZE

ACTUAL DOLL
HEIGHT (WITH HEAD)
APPX. 9½" - 10"

BASIC SHOE
SCULPT

M 0001503



To give Zoe a whole new look for night, change her short dark brown hairstyle to her long blonde hairdo (included), change her pants to a skirt (also included) and change her sneakers to platform sandals (you get those too!)

M 0001504



FACES
SAME HEAD BUT.
DIFF FACE PAINT

— NOT ACTUAL SIZE —

M 0001505

EXHIBIT 11

CALENDARED
RECEIVED

DEC 2 8 2007

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail:     rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14 CARTER BRYANT, an individual       ) CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15              Plaintiff,             ) Consolidated with Case No. 04-9059
                                       ) and Case No. 05-2727
16       v.                            )
                                       ) **MGA'S EIGHTH SET OF**
17 MATTEL, INC., a Delaware            ) **REQUESTS FOR THE**
   corporation                         ) **PRODUCTION OF**
18                                     ) **DOCUMENTS AND THINGS**
                Defendant.             ) **IN CASE NO. 05-2727**
19                                     )
                                       )
20                                     ) Honorable Stephen G. Larson
                                       ) Courtroom 1
21                                     )
   Consolidated with MATTEL, INC. v.   )
22 BRYANT and MGA                      )
   ENTERTAINMENT, INC. v.              )
23 MATTEL, INC.                        )
                                       )
24 ────────────────────────────────────

25 **PROPOUNDING PARTY:**    MGA ENTERTAINMENT, INC.

26 **RESPONDING PARTY:**     MATTEL, INC.

27 **SET NUMBER:**           EIGHT

28 **NOs.:**                 770-797

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on January 28, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.    "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2.    "ADVERTISING" means and refers to notice that is broadcast or published by MGA or any person, agent or representative acting on its behalf to the general public or any specific market segments for the purpose of attracting customers or supporters and includes material placed on the internet, at trade shows or at a point of sale.

3.    "ALLEGED COPYRIGHTED WORKS" means the copyrighted works alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

4.    "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS    NO. CV 05-2727 SGL (RNBx)

1

5.     "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

6.     "BRYANT" means Carter Bryant individually.

7.     "COLLECTIBLES GROUP" means "Barbie Collectibles" as understood by Lisa S. Freed in her deposition of May 3, 2007, referenced at 128:18-25.

8.     "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

9.     "CONFLICT OF INTEREST QUESTIONNAIRE" shall mean any form of employment agreement concerning, *inter alia*, relations, if any, between Mattel's employees, suppliers, and/or competition, whether known by the title "Conflict of Interest Questionnaire" or any other title, including without limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire" executed by BRYANT on or about January 4, 1999.

10.     "COUNTERCLAIMS" or "COUNTERCLAIM" means Mattel, Inc.'s Second Amended Answer and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional Interference

1 || with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting Breach of
2 || Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting Breach of
3 || Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13. Declaratory Relief
4 || filed July 12, 2007, in MGA v. Mattel, Inc., CV 05-02727, including any amendment
5 || or supplement thereto.

6      11.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of
7 || Civil Procedure 34, and shall be construed in the broadest sense to mean any and all
8 || writings, tangible things and property, of any kind, that are now or that have been in
9 || YOUR actual or constructive possession, custody or control, including, but not
10 || limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,
11 || punched, copied, recorded, transcribed, graphic or photographic matter of any kind
12 || or nature, in, through, or from which information may be embodied, translated,
13 || conveyed or stored, whether an original, a draft or copy, however produced or
14 || reproduced, whether sent or received or neither, including, but not limited to, notes,
15 || memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,
16 || inter- and intra-office COMMUNICATIONS, work papers, work sheets, work
17 || records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,
18 || estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,
19 || telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders,
20 || estimates, recordings, transcriptions of recordings, records, books, pamphlets,
21 || periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital
22 || recordings, television commercials, story boards, website or other spot
23 || advertisements, movies, movie trailers, prototypes, products, diaries, calendars,
24 || charts, drawings, sketches, messages, photographs and data contained in or
25 || accessible through any electronic data processing system, including, but not limited
26 || to, computer databases, data sheets, data processing cards, computer files and tapes,
27 || computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

28

1  mail, website and web pages and transcriptions thereof and all other

2  memorializations of any conversations, meetings and conference, by telephone or

3  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

4  such copy is not an identical duplicate of the original, whether because of deletions,

5  underlinings, showing of blind copies, initialing, signatures, receipt stamps,

6  comments, notations, differences in stationery or any other difference or

7  modification of any kind.

8      12.    "EMPLOYEE INVENTIONS AGREEMENT" shall mean any form of

9  Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions, (ii)

10  trade secrets and/or (iii) conflicts, whether known by the title "Employee

11  Confidential Information and Inventions Agreement" or any other title, including

12  without limitation the form of Employee Inventions Agreement entitled "Employee

13  Confidential Information and Inventions Agreement" executed by BRYANT on or

14  about January 4, 1999.

15      13.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

16      14.    "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

17  of its past or present officers, directors, employees, parents, subsidiaries, divisions,

18  affiliates, predecessors-in-interest, and joint venture partners.

19      15.    "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s

20  Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,

21  and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against

22  Bryant and MGA, dated January 5, 2007 and any supplemental or amendment

23  thereto.

24      16.    "MATTEL LITIGATION" shall mean the action now pending in the

25  U.S. District Court for the Central District of California (Eastern District),

26  consolidated under Case No. 04-9049 SGL (RNBx) before the Hon. Stephen Larson

27  and formerly <u>Mattel v. Bryant, Inc.</u>, first filed in Los Angeles County Superior Court;

28

1  Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all
2  counterclaims, cross-claims and defenses therein.

3      17.   "MGA" means MGA Entertainment, Inc. and any of its past or present
4  officers, directors, employees, parents, subsidiaries, divisions, affiliates,
5  predecessors-in-interest, and joint venture partners.

6      18.   "MGA LAWSUIT" means any lawsuit, litigation, arbitration or other
7  legal proceeding to which MGA is or was a party, excluding this ACTION.

8      19.   "MY SCENE" means and refers to each image, character, logo, doll,
9  fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or
10  any other thing that is or has ever been manufactured, marketed or sold by YOU, or
11  others under licensed by YOU, as part of a line of goods or merchandise commonly
12  known as, or sold and marketed under the name "My Scene."

13      20.   "MY SCENE DOLL" means any fashion doll that is or has ever been
14  distributed, marketed, sold or offered for sale under the name "My Scene" or as part
15  of the "My Scene" line, including separate themes.

16      21.   "MY SCENE LICENSE" means any license that REFERS OR
17  RELATES TO any MY SCENE PRODUCT.

18      22.   "MY SCENE PRODUCT" means any product, whether two-
19  dimensional or three-dimensional, and whether in tangible, digital, electronic or
20  other form: (i) that is or has ever been distributed, marketed or sold under the name
21  "My Scene" or as part of the "My Scene" line; (ii) that depicts, incorporates,
22  embodies, consists of or REFERS OR RELATES TO MY SCENE; and/or (iii) that
23  is or has ever been distributed, marketed or sold in any packaging that includes the
24  name "My Scene" or depicts, incorporates, embodies, consists of or REFERS OR
25  RELATES TO MY SCENE.

26      23.   "PERSON[S]" means any or all entities, including but not limited to,
27  any or all individuals, single proprietorships, associations, companies, firms,

28

1 | partnerships, joint ventures, corporations, employees or former employees, or any
2 | other business, governmental, or labor entity, and any divisions, departments, or
3 | other units thereof.

4 |     24.    "REFERRING OR RELATING TO" should be construed in the
5 | broadest possible sense to mean concerning, consisting of, referring to, relating to,
6 | describing, discussing, constituting, evidencing, containing, reflecting, mentioning,
7 | pertaining to, citing, summarizing, analyzing or bearing any logical or factual
8 | connection with the matter discussed.

9 |     25.    "RELEVANT TIME PERIOD" means the period from January 1, 1998
10 | through the present.

11 |     26.    "SKU #" means Stock Keeping Unit number.

12 |     27.    "S:\MATTEL" means MATTEL's file server(s) on which electronic
13 | files are kept, including, but not limited to, pathways such as
14 | file://S:\Mattel\Larian\Larian%202000-2002.htm.

15 |     28.    "THIS ACTION" refers to the MATTEL LITIGATION, including
16 | *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004
17 | and all cases consolidated or coordinated therewith.

18 |     29.    The singular form includes the plural, and vice versa.

19 |     30.    The terms "any" and "all" are interchangeable.

20 |     31.    The terms "and" and "or" shall be construed disjunctively and
21 | conjunctively, and each shall include the other whenever such dual construction will
22 | serve to bring within the scope of any Request, DOCUMENTS that would otherwise
23 | not be within its scope.

24 | **INSTRUCTIONS**

25 |     1.    YOU are instructed to produce all non-privileged DOCUMENTS in
26 | YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession,
27 | custody, or control" if it is in YOUR physical possession, or if, as a practical matter,

28 |

1 YOU have the ability, upon request, to obtain possession of the DOCUMENT or a

2 copy thereof from another person or entity who has physical possession of the

3 DOCUMENT.

4      2.    YOU are instructed to produce all non-privileged DOCUMENTS

5 responsive to these Requests to the extent YOU have not previously produced them

6 to MGA.

7      3.    If any DOCUMENT or category of DOCUMENTS is not produced in

8 full, please state with particularity the reason or reasons it is not being produced in

9 full.

10      4.    Each DOCUMENT is to be produced as it is kept in the usual course of

11 business, including all file folders, binders, notebooks, and other devices by which

12 such DOCUMENTS may be organized, separated, or identified.

13      5.    Each DOCUMENT maintained or stored electronically in native,

14 electronic format is to be produced with all relevant metadata intact and in an

15 appropriate and useable electronic manner.

16      6.    Unless otherwise noted, these Requests seek DOCUMENTS from

17 January 1, 1995, to the present.

18      7.    These Requests impose a continuing obligation subsequent to your

19 initial production to the full extent provided for in Rule 26(e) of the Federal Rules of

20 Civil Procedure.

21

22

23

24

25

26

27

28

## REQUESTS FOR PRODUCTION

**REQUEST NO. 770**

All EMPLOYEE INVENTIONS AGREEMENTS signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 771**

All CONFLICT OF INTEREST QUESTIONNAIRES signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 772**

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 773**

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or

1  alleged to be breached by any person identified in MATTEL'S INITIAL

2  DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

3  ACTION.

4

5

6  **REQUEST NO. 774**

7

8  The complete MATTEL personnel file for each PERSON identified in

9  MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any

10  interrogatory served in THIS ACTION.

11

12

13  **REQUEST NO. 775**

14  All dolls, models, molds, casts, samples, packaging, ADVERTISING,

15  photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or

16  relate to a BRATZ product or accessory.

17

18

19  **REQUEST NO. 776**

20  All DOCUMENTS REFERRING OR RELATING to any purchase or

21  acquisition by MATTEL of a BRATZ product or accessory, including but not limited

22  to, all invoices, receipts, and purchase orders.

23

24

25

26

27

28

**REQUEST NO. 777**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from Young & Rubicam Brands.

**REQUEST NO. 778**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from any branding, advertising, or marketing agency.

**REQUEST NO. 779**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the fall of 2003 in connection with MATTEL'S review and/or selection of an advertising agency for Mattel's MY SCENE brand.

**REQUEST NO. 780**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by any branding, advertising, or marketing agency to

1  MATTEL in connection with MATTEL'S review and/or selection of an advertising

2  agency for Mattel's MY SCENE brand.

3

4

5  **REQUEST NO. 781**

6      All litigation documents filed and/or served by any of the parties in <u>Mattel, Inc.</u>

7  <u>v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH &</u>

8  <u>Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division), including but

9  not limited to pleadings, motions, briefs, discovery responses, disclosures, and expert

10  reports.

11

12

13

14  **REQUEST NO. 782**

15      MATTEL'S trial presentation materials (including any and all demonstrative

16  exhibits) in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd,</u>

17  <u>Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery

18  Division), including but not limited to Mattel, Inc.'s trial exhibits or presentations

19  relating to similarities and/or differences between the various dolls at issue in said

20  litigation.

21

22

23  **REQUEST NO. 783**

24      Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to Bundle 6

25  Claimant's Disclosure" (M0097406- M0097408) in <u>Mattel, Inc. v. Woolbro</u>

26

27

28

1  (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG,

2  HC 03 CO 2684 (High Court of Justice, Chancery Division).

3

4

5  **REQUEST NO. 784**

6      All transcripts for each day and/or portion of a day of trial and/or analogous

7  proceeding before the court in Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-

8  Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG, HC 03 CO 2684 (High Court

9  of Justice, Chancery Division).

10

11

12  **REQUEST NO. 785**

13

14      One sample, including packaging, of each of the following dolls sold in

15  MATTEL'S MY SCENE line for each of the years 2001-2007:  Barbie, Madison,

16  Kennedy, Chelsea, Nolee, Kenzie, and Delancey.

17

18

19  **REQUEST NO. 786**

20      All DOCUMENTS REFERRING OR RELATING TO the Young and

21  Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE

22  or BRATZ brand.

23

24

25

26

27

28

**REQUEST NO. 787**

All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 114 of the deposition of Kumi Croom and the consumer research conducted by Mattel Worldwide Consumer Research group (or any third party) discussed beginning on page 132 of the deposition of Kumi Croom.

**REQUEST NO. 788**

All ad test reports (or other similar reports evaluating the efficacy of advertising) regarding any MY SCENE or BRATZ product, including but not limited to the ad test reports referenced on pages 118-129 of the deposition of Kumi Croom.

**REQUEST NO. 789**

All DOCUMENTS REFERRING OR RELATING TO any investigation or surveillance of MGA, BRATZ, Carter Bryant, any member of Carter Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne Galvano, or Richard Irmen, including but not limited to all investigative files, reports and summaries.

**REQUEST NO. 790**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the EMPLOYEE INVENTIONS AGREEMENT.

**REQUEST NO. 791**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the CONFLICT OF INTEREST QUESTIONNAIRE.

**REQUEST NO. 792**

All DOCUMENTS REFERRING OR RELATING TO any trademark search or trademark clearance concerning products ultimately offered for sale under the MY SCENE brand, including but not limited to any trademark search for "Bryant" or "Carter" or "Carter Bryant."

**REQUEST NO. 793**

All DOCUMENTS REFERRING OR RELATING TO any patent, trademark, or copyright application or registration concerning products ultimately offered for sale under the MY SCENE brand.

**REQUEST NO. 794**

All DOCUMENTS REFERRING OR RELATING TO any patent, trademark or copyright application or registration concerning any BRATZ product, including but not limited to the ALLEGED COPYRIGHTED WORKS.

**REQUEST NO. 795**

Copies of the deposit materials for the ALLEGED COPYRIGHTED WORKS.

**REQUEST NO. 796**

All DOCUMENTS REFERRING OR RELATING TO any ADVERTISING for any of MGA's BRATZ line of dolls or accessories that YOU contend infringe MATTEL's copyrights.

**REQUEST NO. 797**

All DOCUMENTS REFERRING OR RELATING TO any alleged misrepresentations by MGA or Isaac Larian or any alleged disparagement of YOUR company, goods, products or services as alleged in paragraphs 79 through 81 of YOUR COUNTERCLAIMS.

1

2

3    DATED:       December 28, 2007

4

5

6                                          SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM, LLP

7

8                                          _____

9                                          Robert J. Herrington

10

11                                         Attorneys for Counter-Defendants, MGA
                                           ENTERTAINMENT, INC., ISAAC LARIAN,
                                           MGA ENTERTAINMENT (HK) LIMITED,
12                                         AND MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 12

# LIVENOTE | **World Service**™

*A new perspective on court reporting.*

CALENDARED

## United States District Court
## Central Division of California

Deposition of

Liliana Martinez

May 20, 2005

## Mattel, Inc.,

## V.

## Carter Bryant, an individual
## and MGA Entertainment

ORIGINAL

A LiveNote World Service Transcript. Reported by CLSP, Network Deposition Services
LiveNote Inc. ● 221 Main Street, Suite # 1250, San Francisco, California 94105 ● 1-800-LIVENOTE

Martinez, Liliana 5/20/2005

1    Q.    When was that?

2    A.    I believe that was of '99.

3    Q.    Did anything in particular happen in or

4    around of '99 that led to your change in status?

5    A.    No.    There was a req opening.

6    Q.    Did your job title change in September of

7    1999?

8    A.    Yes.

9    Q.    What did it change to?

10   A.    I was a designer.

11   Q.    And what were your duties and

12   responsibilities at that time?

13   A.    Pretty much the same thing.    I just was

14   able to have my own projects as well, too, 'cause I

15   was still supporting.

16         MR. ZELLER:    If I can just interject for a

17   second, this is fine because it's background and

18   it's fairly straightforward, but you want to make

19   sure that she finishes the question before you begin

20   your answer.    It makes it easier on the court

21   reporter, too.

22         THE WITNESS:    Sorry.

23   Q.    BY MS. CENDALI:    What was your starting

24   salary at Mattel?

25   A.    I think 40,000 a year.

1    Q.   And just to be clear, was that when you

2  became in September 1999 a full-time employee?

3    A.   Yes.

4    Q.   When you were a temp, what were you paid?

5    A.   I was paid $15 an hour.

6    Q.   Did you do any trial projects for Mattel

7  prior to being hired?

8         MR. ZELLER:  Object.  The question is

9  vague.

10        THE WITNESS:  Can you rephrase the

11  question?

12   Q.   BY MS. CENDALI:  Sure.  Before you were

13  hired as a temp, did they ask you to do any try-out

14  projects before they hired you?

15   A.   No.

16   Q.   Who did you report to after you became a

17  full-time employee in September 1999?

18   A.   Debbie Meyer.

19   Q.   Were you in a particular group at Mattel?

20   A.   Debbie Meyer's group.

21   Q.   And what did that group work on?

22   A.   We worked on a variety of products.

23   Q.   Did you work on both Barbie and non-Barbie

24  products?

25   A.   Yes.

4    counsel, nor am I financially interested in the outcome

5    of this action.

6

7         IN WITNESS WHEREOF, I have subscribed my name

8    this 5th day of June          , 2005.

9

10

11    _Judith Schlussel_

12    JUDITH SCHLUSSEL, CSR No. 4307

13

14

15

16

17

18

19

20

EXHIBIT 13

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 14

**THIS EXHIBIT IS FILED UNDER SEALED PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 15

AO 88 (Rev. 11/94) Subpoena in a Civil Cas

Issued by the

# UNITED STATES DISTRICT COURT

<u>CENTRAL</u>   DISTRICT OF <u>CALIFORNIA</u>

FEB 2 3 2005

MATTEL, INC., A DELAWARE CORPORATION

### SUBPOENA IN A CIVIL CASE

v.

CARTER BRYANT, AN INDIVIDUAL, and DOES
1 through 10, inclusive

Case Number: [1]  CV 04-9059 NM (RNBx)

TO:  Anna Rhee
     101 Avenue G
     Redondo Beach, CA 90277

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

<u>See</u> Attachment "A"

| PLACE<br>Littler Mendelson - 2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107 (310) 553-0308 | DATE AND TIME<br>March 10, 2005<br>11:00 A.M. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant, Carter Bryant | DATE<br>February 25, 2005 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Douglas Wickham, Esq. Littler Mendelson, PC
2049 Century Park East, 5th Floor, Los Angeles, CA 90067 (310) 553-0308

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

CALENDARED

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## Documents To Be Produced

## I.   DEFINITIONS.

1.   "YOU" or "YOUR" means Anna Rhee, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.   "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "BRATZ" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "BRATZ" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

3.   "PRAYER ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "PRAYER ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "PRAYER ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.   "ANGEL" project means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

5.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

7.   "REFERRING OR RELATING TO" means reflecting, identifying,

describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

8. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

## II. INSTRUCTIONS.

1. YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

2. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

    a. The privilege or protection that you claim precludes disclosure;

    b. The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

    c. The date, author(s), addressee(s); and

    d. Any additional facts on which YOU would base YOUR claim of privilege or protection.

3. YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

4. YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

5. Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.   DOCUMENTS TO BE PRODUCED.

1.   Any and all DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT in YOUR possession, custody or control.

2.   Any and all DOCUMENTS REFERRING OR RELATING TO BRATZ in YOUR possession, custody or control.

3.   Any and all DOCUMENTS REFERRING OR RELATING TO PRAYER ANGEL project in YOUR possession, custody or control.

4.   Any and all DOCUMENTS REFERRING OR RELATING TO ANGEL project in YOUR possession, custody or control.

5.   Any and all DOCUMENTS REFERRING OR RELATING TO MGA ENTERTAINMENT, INC. in YOUR possession, custody or control including but not limited to any work YOU performed for MGA, any contracts between YOU and MGA, any invoices pertaining to MGA work, any purchase orders from MGA, any descriptions of projects for MGA, any requisitions from MGA for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for MGA and any payments YOU received from MGA, and the timing of any work YOU performed for MGA.

6.   Any and all DOCUMENTS REFERRING OR RELATING TO MATTEL, INC. in YOUR possession, custody or control, including but not limited to any work YOU performed for Mattel, any contracts between YOU and Mattel, any invoices pertaining to Mattel work, any purchase orders from Mattel, any descriptions of projects for Mattel, any requisitions from Mattel for work YOU performed, any photographs, sketches, drawings, copies or other replicas of any work YOU performed for Mattel and any payments YOU received from Mattel, and the timing of any work YOU performed for Mattel.

7.   Any and all DOCUMENTS REFERRING OR RELATING TO the above captioned lawsuit.

8.   Any and all DOCUMENTS REFERRING OR RELATING TO communications regarding BRATZ, BRYANT, MGA and/or MATTEL.

9.   All telephone bills for your personal telephone(s) for the period from January 1, 1998 to the present.

10.   All telephone bills for your cellular telephone(s) for the period from January 1, 1998 to the present.

1    **PROOF OF SERVICE BY MESSENGER**

2         I am employed by Corporate Legal Services in Los Angeles County, California. I am

3    over the age of eighteen years and not a party to the within-entitled action. My business address is

4    1655 Beverly Blvd., Los Angeles, California 90026. On February 28, 2005, I personally served:

5                          **SUBPOENA IN A CIVIL CASE**

6
         by delivering copies thereof to:
7

8        Michael T. Zeller, Esq.                    Diana M. Torres, Esq.
9        Quinn Emanuel Urquhart Oliver &            O'Melveny & Myers LLP
         Hedges LLP                                 400 South Hope Street
10       865 S. Figueroa Street, 10th Floor         Los Angeles, CA 90071-2899
         Los Angeles, CA 90017
11

12       Valerie E. Kincaid, Esq.
         Berman, Mausner & Resser, A Law
13       Corporation
         11601 Wilshire Boulevard, Suite 600
14       Los Angeles, CA 90025-1742

15         I declare under penalty of perjury under the laws of the State of California that the

16   above is true and correct.

17         Executed on February 28, 2005, at Los Angeles, California.

18

19

20                              CLL   PERSONNIS

21

22

23   Los_Angeles:372101.3 028307.1010

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

PROOF OF SERVICE