1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
                                           Consolidated with
13            Plaintiff,                    Case No. CV 04-09059
                                           Case No. CV 05-02727
14       vs.
                                           **DISCOVERY MATTER**
15
                                           **[To Be Heard by Discovery Master**
16  MATTEL, INC., a Delaware               **Hon. Edward Infante (Ret.) Pursuant**
    corporation,                           **to the Court's Order of December 6,**
17            Defendant.                   **2006]**

18  _____           MATTEL, INC.'S CONSOLIDATED
                                           SEPARATE STATEMENT IN
19  AND CONSOLIDATED ACTIONS              SUPPORT OF MOTION TO COMPEL
                                           PRODUCTION OF DOCUMENTS
20                                         AND THINGS BY MGA
                                           ENTERTAINMENT, INC. AND FOR
21                                         AWARD OF MONETARY
                                           SANCTIONS
22
                                           Date:   TBA
23                                         Time:   TBA
                                           Place:  Telephonic
24
                                           Discovery Cut-off:   January 28, 2008
25                                         Pre-trial Conference: May 5, 2008
                                           Trial Date:          May 27, 2008
26

27

28

# **TABLE OF CONTENTS**

**Page**

I.  MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO OTHER BRATZ-RELATED LAWSUITS AND CLAIMS BY MGA THAT OTHER DOLLS OR PRODUCTS INFRINGE BRATZ ................................................................ 1

  A.  Requests at Issue (Request Nos. 1 through 30) ..................................... 1

  B.  Definition of "Bratz Lawsuits" ............................................................. 49

  C.  Reasons Why Further Responses to Request Nos. 1 Through 30 Should Be Compelled ...................................................................... 51

  D.  MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 1 Through 30 ..................................................... 53

  E.  Mattel's Reply Regarding Request Nos. 1 Through 30 ...................... 57

II. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO ANY USE OR CONSIDERED USE OF THE TERM "JADE" ..................................................................................................... 60

  A.  Requests at Issue (Request No. 31) ...................................................... 60

  B.  Reasons Why Further Responses to Request No. 31 Should Be Compelled ................................................................................. 63

  C.  MGA Entertainment, Inc.'s Argument in Response Regarding Request No. 31 ........................................................................ 64

  D.  Mattel's Reply Regarding Request No. 31 .......................................... 65

III. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO SANDRA BILOTTO, THE SCULPTOR OF "PRAYER ANGELS" ..................................................... 65

  A.  Requests at Issue (Request Nos. 32 through 41) ................................ 65

  B.  Reasons Why Further Response to Request Nos. 32 Through 41 Should Be Compelled ............................................................. 83

  C.  MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 32 Through 41 ...................................................... 85

  D.  Mattel's Reply Regarding Request Nos. 32 Through 41 .................... 88

IV. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO COMMUNICATIONS WITH AND PAYMENTS TO PAULA GARCI ........................................................................................... 89

  A.  Requests at Issue (Request Nos. 42, 76 and 77) ................................ 89

B.  Reasons Why Further Response to Request Nos. 42, 76 and 77 Should Be Compelled ................................................................. 93

C.  MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 42, 76, and 77 .................................................. 94

D.  Mattel's Reply Regarding Request Nos. 42, 76 and 77 ...................... 96

V.  MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO THE DEVELOPMENT OF SCOOTER SAMANTHA ...... 98

A.  Requests at Issue (Request Nos. 43 Through 55) ................................ 98

B.  Reasons Why Further Response to Request Nos. 43 Through 55 Should Be Compelled ............................................................ 117

C.  MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 43 Through 55 ......................................... 118

D.  Mattel's Reply Regarding Request Nos. 43 Through 55 ................... 119

VI.  MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATED TO SCOT REYES AND THE DEVELOPMENT OF SPACE BABES ....................................................................... 120

A.  Requests at Issue (Request Nos. 56 Through 75) .............................. 120

B.  Reasons Why Further Response to Request Nos. 56 Through 75 Should Be Compelled ........................................................ 149

C.  MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 56 Through 75 ......................................... 150

D.  Mattel's Reply Regarding Request Nos. 56 Through 75 ................... 150

VII.  MGA SHOULD BE COMPELLED TO PRODUCE PERSONNEL AND VENDOR FILES ....................................................... 1502

A.  Requests at Issue (Request Nos. 78 Through 88) .............................. 152

B.  Reasons Why Further Response to Request Nos. 78 Through 88 Should Be Compelled ........................................................ 179

C.  MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 78 Through 88 ......................................... 181

D.  Mattel's Reply Regarding Request Nos. 78 Through 88 ................... 182

**I.    MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO OTHER BRATZ-RELATED LAWSUITS AND CLAIMS BY MGA THAT OTHER DOLLS OR PRODUCTS INFRINGE BRATZ**

**A.    Requests at Issue (Request Nos. 1 through 30)**

**REQUEST FOR PRODUCTION NO. 1:**

A sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how samples of each doll, product or other matter alleged or contended to have INFRINGE[D]

BRATZ in any THIRD-PARTY LAWSUIT could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order") at 9:17-20; see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order") at 21:5-7 (requests that require production of documents "merely mentioning] MGA and Bratz but that otherwise have no relevance to the claims and defenses in the suit" are impermissibly overbroad). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks information that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

## REQUEST FOR PRODUCTION NO. 2:

To the extent not produced in Response to Request No. 1, a sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and INFRINGES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how samples of each doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to this request on the grounds that the terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks information that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to

the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 3:**

All photographs, digital scans or other depictions of each and every doll, product or other matter, that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* photographs, digital scans or other depictions of each and every doll, product or

other matter alleged or contended to have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks information that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not produced in Response to Request No. 3, all photographs, digital scans or other depictions of each doll, product or other matter that, whether in whole or in part, YOU have ever alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and INFRINGES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* photographs, digital scans or other depictions of each doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure

1   of which would be inimical to the business interests of MGA.  Such information

2   may also be subject to protective orders governing other litigations thereby

3   precluding disclosure in response to this request.  MGA further objects to this

4   request as cumulative, duplicative, and unduly burdensome to the extent that it seeks

5   information previously requested by Mattel or produced by MGA in response to

6   Mattel's document requests.

7

8   **REQUEST FOR PRODUCTION NO. 5:**

9            DOCUMENTS sufficient to identify each doll, product or other matter

10  sold, offered for sale, manufactured, distributed, promoted or advertised by any

11  PERSON other than MATTEL that YOU have alleged or contended, whether in

12  whole or in part, INFRINGES BRATZ.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15           MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 15 (regarding Definitions), including without limitation

18  MGA's objection to the definition of the terms BRATZ and INFRINGES.  MGA

19  further objects to the request to the extent it seeks the production of documents that

20  are protected from disclosure under any applicable privilege, doctrine or immunity,

21  including without limitation the attorney-client privilege, the work product doctrine,

22  the right of privacy, and all other privileges recognized under the constitutional,

23  statutory or decisional law of the United States of America, the State of California

24  or any other applicable jurisdiction.  MGA further objects to this request on the

25  grounds that it is overly broad and unduly burdensome in that it seeks documents

26  not relevant to the claims or defenses in this action and not reasonably calculated to

27  lead to the discovery of admissible evidence.  Mattel has not demonstrated how each

28  doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ

could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the term "sufficient to identify" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that REFER OR RELATE TO any claim or contention by YOU (other than in this ACTION) that any doll, product or other matter, whether in whole or in part, that has been sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON INFRINGES BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, INFRINGES and REFER OR RELATE.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any claim or contention that any doll, product or other matter INFRINGES BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ, INFRINGES and REFER AND RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.  Such information may also be subject to protective orders

3  governing other litigations thereby precluding disclosure in response to this request.

4        MGA further objects to this request as cumulative, duplicative, and

5  unduly burdensome to the extent that it seeks documents previously requested by

6  Mattel or produced by MGA in response to Mattel's document requests, including,

7  but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

8  Requests for Documents and Things re Claims of Unfair Competition to MGA

9  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

10 Production of Documents and Tangible Things to MGA, and Request No. 182 from

11 Mattel's First Set of Requests for Documents and Things to Isaac Larian.

12

13 **REQUEST FOR PRODUCTION NO. 7:**

14        All COMMUNICATIONS, including without limitation cease and

15 desist letters, between YOU and any other PERSON that REFER OR RELATE TO

16 any claim or contention by YOU that any doll or product, whether in whole or in

17 part, sold, offered for sale, manufactured, distributed, promoted or advertised by

18 such PERSON INFRINGES BRATZ.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21        MGA incorporates by reference its General Response and General

22 Objections above, as though fully set forth herein and specifically incorporates

23 General Objection No. 15 (regarding Definitions), including without limitation

24 MGA's objection to the definition of the terms BRATZ, INFRINGES and REFER

25 OR RELATE TO.  MGA further objects to the request to the extent it seeks the

26 production of documents that are protected from disclosure under any applicable

27 privilege, doctrine or immunity, including without limitation the attorney-client

28 privilege, the work product doctrine, the right of privacy, and all other privileges

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  MGA

3  further objects to this request on the grounds that it is overly broad and unduly

4  burdensome in that it seeks documents not relevant to the claims or defenses in this

5  action and not reasonably calculated to lead to the discovery of admissible evidence.

6  Mattel has not demonstrated how *all* COMMUNICATIONS that REFER OR

7  RELATE TO any claim or contention that any doll or product INFRINGES BRATZ

8  could be relevant to the claims and defenses in this action.  The request is not

9  limited to the subject matter of this action and is thus impermissibly overbroad.  See

10  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

11  request as being overly broad and unduly burdensome on the grounds that it is not

12  limited in time or geographical scope.  MGA further objects to this request on the

13  grounds that the terms BRATZ, INFRINGES and REFER OR RELATE TO render

14  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

15  objects to the request to the extent that it seeks documents not in MGA's possession,

16  custody or control.  MGA further objects to the request to the extent it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of MGA.  Such information may

19  also be subject to protective orders governing other litigations thereby precluding

20  disclosure in response to this request.

21          MGA further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA in response to Mattel's document requests, including,

24  but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

25  Requests for Documents and Things re Claims of Unfair Competition to MGA

26  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

27  Production of Documents and Tangible Things to MGA, and Request No. 182 from

28  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

1   **REQUEST FOR PRODUCTION NO. 8:**

2          All complaints, statements of claim, counterclaims and answers in the

3   BRATZ LAWSUITS, including without limitation all amendments thereto.

4

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6          MGA incorporates by reference its General Response and General

7   Objections above, as though fully set forth herein and specifically incorporates

8   General Objection No. 15 (regarding Definitions), including without limitation

9   MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

10  objects to the request to the extent it seeks the production of documents that are

11  protected from disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California

15  or any other applicable jurisdiction.  MGA further objects to this request on the

16  grounds that it is overly broad and unduly burdensome in that it seeks documents

17  not relevant to the claims or defenses in this action and not reasonably calculated to

18  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

19  complaints, statements of claim, counterclaims and answers in the BRATZ

20  LAWSUITS could be relevant to the claims and defenses in this action.  The request

21  is not limited to the subject matter of this action and is thus impermissibly

22  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

23  objects to this request as being overly broad and unduly burdensome on the grounds

24  that it is not limited in time.  MGA further objects to this request on the grounds that

25  the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad

26  and unduly burdensome.  MGA further objects to the request to the extent that it

27  seeks documents that by reason of public filing, public distribution or otherwise are

28  already in Mattel's possession or are readily accessible to Mattel.  MGA further

1  objects to the request to the extent that it seeks documents not in MGA's possession,

2  custody or control.  MGA further objects to the request to the extent it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of MGA.  Such information may

5  also be subject to protective orders governing other litigations thereby precluding

6  disclosure in response to this request.

7        MGA further objects to this request as cumulative, duplicative, and

8  unduly burdensome to the extent that it seeks documents previously requested by

9  Mattel or produced by MGA in response to Mattel's document requests, including,

10  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

12  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13  Larian.

14

15  **REQUEST FOR PRODUCTION NO. 9:**

16        All witness lists and other disclosures of witness names or identities in

17  the BRATZ LAWSUITS, including without limitation all amendments thereto.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

20        MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 15 (regarding Definitions), including without limitation

23  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

24  objects to the request to the extent it seeks the production of documents that are

25  protected from disclosure under any applicable privilege, doctrine or immunity,

26  including without limitation the attorney-client privilege, the work product doctrine,

27  the right of privacy, and all other privileges recognized under the constitutional,

28  statutory or decisional law of the United States of America, the State of California

-13-

1   or any other applicable jurisdiction.  MGA further objects to this request on the

2   grounds that it is overly broad and unduly burdensome in that it seeks documents

3   not relevant to the claims or defenses in this action and not reasonably calculated to

4   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

5   witness lists and other disclosures of witness names or identities in the BRATZ

6   LAWSUITS could be relevant to the claims and defenses in this action.  The request

7   is not limited to the subject matter of this action and is thus impermissibly

8   overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

9   objects to this request as being overly broad and unduly burdensome on the grounds

10  that it is not limited in time.  MGA further objects to this request on the grounds that

11  the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad

12  and unduly burdensome.  MGA further objects to the request to the extent that it

13  seeks documents that by reason of public filing, public distribution or otherwise are

14  already in Mattel's possession or are readily accessible to Mattel.  MGA further

15  objects to the request to the extent that it seeks documents not in MGA's possession,

16  custody or control.  MGA further objects to the request to the extent it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of MGA.  Such information may

19  also be subject to protective orders governing other litigations thereby precluding

20  disclosure in response to this request.

21          MGA further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA in response to Mattel's document requests, including,

24  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

25  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

26  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

27  Larian.

28

**REQUEST FOR PRODUCTION NO. 10:**

All interrogatory responses by YOU or made on YOUR behalf in the BRATZ LAWSUITS, including without limitation all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* interrogatory responses in the BRATZ LAWSUITS could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it

seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 11:**

All transcripts of proceedings, including all trial and hearing transcripts, in the BRATZ LAWSUITS, including without limitation all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine,

1   the right of privacy, and all other privileges recognized under the constitutional,

2   statutory or decisional law of the United States of America, the State of California

3   or any other applicable jurisdiction.  MGA further objects to this request on the

4   grounds that it is overly broad and unduly burdensome in that it seeks documents

5   not relevant to the claims or defenses in this action and not reasonably calculated to

6   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

7   transcripts of proceedings in the BRATZ LAWSUITS could be relevant to the

8   claims and defenses in this action.  The request is not limited to the subject matter of

9   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20;

10  May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad

11  and unduly burdensome on the grounds that it is not limited in time.  MGA further

12  objects to this request on the grounds that the term BRATZ LAWSUITS renders the

13  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

14  objects to the request to the extent that it seeks documents that by reason of public

15  filing, public distribution or otherwise are already in Mattel's possession or are

16  readily accessible to Mattel.  MGA further objects to the request to the extent that it

17  seeks documents not in MGA's possession, custody or control.  MGA further objects

18  to the request to the extent it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of MGA.  Such information may also be subject to protective orders

21  governing other litigations thereby precluding disclosure in response to this request.

22  MGA further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.

24          MGA further objects to this request as cumulative, duplicative, and

25  unduly burdensome to the extent that it seeks documents previously requested by

26  Mattel or produced by MGA in response to Mattel's document requests, including,

27  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

28  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 12:**

     All transcripts of depositions given by or on behalf of YOU in the BRATZ LAWSUITS, including without limitation all amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

     MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* transcripts of depositions given by or on behalf of MGA in the BRATZ LAWSUITS could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and

unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 13:**

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ LAWSUITS, BRATZ and

REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* pleading and other DOCUMENTS filed, submitted or served by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ LAWSUITS, BRATZ and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

1    MGA further objects to this request as cumulative, duplicative, and

2    unduly burdensome to the extent that it seeks documents previously requested by

3    Mattel or produced by MGA in response to Mattel's document requests, including,

4    but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

5    Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

6    123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

7    Larian.

8

9    **REQUEST FOR PRODUCTION NO. 14:**

10    All pleadings and other DOCUMENTS filed, submitted or served by

11    YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product,

12    whether in whole or in part.

13

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15    MGA incorporates by reference its General Response and General

16    Objections above, as though fully set forth herein and specifically incorporates

17    General Objection No. 15 (regarding Definitions), including without limitation

18    MGA's objection to the definition of the terms BRATZ and BRATZ LAWSUITS.

19    MGA further objects to the request to the extent it seeks the production of

20    documents that are protected from disclosure under any applicable privilege,

21    doctrine or immunity, including without limitation the attorney-client privilege, the

22    work product doctrine, the right of privacy, and all other privileges recognized under

23    the constitutional, statutory or decisional law of the United States of America, the

24    State of California or any other applicable jurisdiction.  MGA further objects to this

25    request on the grounds that it is overly broad and unduly burdensome in that it seeks

26    documents not relevant to the claims or defenses in this action and not reasonably

27    calculated to lead to the discovery of admissible evidence.  Mattel has not

28    demonstrated how *all* pleadings and other DOCUMENTS filed, submitted or served

by MGA in the BRATZ LAWSUITS that compare BRATZ to any other doll or
product could be relevant to the claims and defenses in this action.  The request is
not limited to the subject matter of this action and is thus impermissibly overbroad.
<u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
request as being overly broad and unduly burdensome on the grounds that it is not
limited in time.  MGA further objects to this request on the grounds that the terms
BRATZ LAWSUITS and BRATZ render the request vague, ambiguous, overly
broad and unduly burdensome.  MGA further objects to the request to the extent that
it seeks documents that by reason of public filing, public distribution or otherwise
are already in Mattel's possession or are readily accessible to Mattel.  MGA further
objects to the request to the extent that it seeks documents not in MGA's possession,
custody or control.  MGA further objects to the request to the extent it seeks
confidential, proprietary or commercially sensitive information, the disclosure of
which would be inimical to the business interests of MGA.  Such information may
also be subject to protective orders governing other litigations thereby precluding
disclosure in response to this request.  MGA further objects to the request to the
extent it violates the privacy rights of third parties to their private, confidential,
proprietary or trade secret information.

       MGA further objects to this request as cumulative, duplicative, and
unduly burdensome to the extent that it seeks documents previously requested by
Mattel or produced by MGA in response to Mattel's document requests, including,
but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for
Production of Documents and Tangible Things to MGA, and Request Nos. 121, and
123-124 from Mattel's First Set of Requests for Documents and Things to Isaac
Larian.

**REQUEST FOR PRODUCTION NO. 15:**

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or features of any doll or other product, whether in whole or in part, INFRINGES BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and INFRINGES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* pleadings and other DOCUMENTS filed, submitted or served by MGA in the BRATZ LAWSUITS that claim, allege or assert that the appearance or features of any doll or other product INFRINGES BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms

1   BRATZ, BRATZ LAWSUITS and INFRINGES render the request vague,

2   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

3   request to the extent that it seeks documents that by reason of public filing, public

4   distribution or otherwise are already in Mattel's possession or are readily accessible

5   to Mattel.  MGA further objects to the request to the extent that it seeks documents

6   not in MGA's possession, custody or control.  MGA further objects to the request to

7   the extent it seeks confidential, proprietary or commercially sensitive information,

8   the disclosure of which would be inimical to the business interests of MGA.  Such

9   information may also be subject to protective orders governing other litigations

10  thereby precluding disclosure in response to this request.  MGA further objects to

11  the request to the extent it violates the privacy rights of third parties to their private,

12  confidential, proprietary or trade secret information.

13          MGA further objects to this request as cumulative, duplicative, and

14  unduly burdensome to the extent that it seeks documents previously requested by

15  Mattel or produced by MGA in response to Mattel's document requests, including,

16  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

17  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

18  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

19  Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

20  Documents and Things re Claims of Unfair Competition to MGA

21  Entertainment, Inc.

22

23  **REQUEST FOR PRODUCTION NO. 16:**

24          All demonstrative exhibits filed, submitted, introduced, displayed or

25  used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2          MGA incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection No. 15 (regarding Definitions), including without limitation

5  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

6  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

7  the production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  MGA

12  further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks tangible items not relevant to the claims or defenses in

14  this action and not reasonably calculated to lead to the discovery of admissible

15  evidence.  Mattel has not demonstrated how *all* demonstrative exhibits filed,

16  submitted, introduced, displayed or used by MGA in the BRATZ LAWSUITS that

17  REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in

18  this action.  The request is not limited to the subject matter of this action and is thus

19  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

20  MGA further objects to this request as being overly broad and unduly burdensome

21  on the grounds that it is not limited in time.  MGA further objects to this request on

22  the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE

23  TO render the request vague, ambiguous, overly broad and unduly burdensome.

24  MGA further objects to the term "demonstrative exhibits" as vague and ambiguous.

25  MGA further objects to the request to the extent that it seeks documents that by

26  reason of public filing, public distribution or otherwise are already in Mattel's

27  possession or are readily accessible to Mattel.  MGA further objects to the request to

28  the extent that it seeks tangible items not in MGA's possession, custody or control.

MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 17:**

All expert reports and expert disclosures filed, submitted or served by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  MGA

3  further objects to this request on the grounds that it is overly broad and unduly

4  burdensome in that it seeks documents not relevant to the claims or defenses in this

5  action and not reasonably calculated to lead to the discovery of admissible evidence.

6  Mattel has not demonstrated how *all* expert reports and expert disclosures filed,

7  submitted or served by MGA in the BRATZ LAWSUITS that REFER OR RELATE

8  TO BRATZ could be relevant to the claims and defenses in this action.  MGA

9  further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in time. The request is not limited to the subject matter

11  of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20;

12  May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the

13  terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the

14  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

15  objects to the request to the extent that it seeks documents that by reason of public

16  filing, public distribution or otherwise are already in Mattel's possession or are

17  readily accessible to Mattel.  MGA further objects to the request to the extent that it

18  seeks documents not in MGA's possession, custody or control.  MGA further objects

19  to the request to the extent it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of MGA.  Such information may also be subject to protective orders

22  governing other litigations thereby precluding disclosure in response to this request.

23  MGA further objects to the request to the extent it violates the privacy rights of third

24  parties to their private, confidential, proprietary or trade secret information.

25          MGA further objects to this request as cumulative, duplicative, and

26  unduly burdensome to the extent that it seeks documents previously requested by

27  Mattel or produced by MGA in response to Mattel's document requests, including,

28  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

1  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

2  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

3  Larian.

4

5  **REQUEST FOR PRODUCTION NO. 18:**

6          All subpoenas served in the BRATZ LAWSUITS that REFER OR

7  RELATE TO BRATZ.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10          MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection No. 15 (regarding Definitions), including without limitation

13  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

14  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

15  the production of documents that are protected from disclosure under any applicable

16  privilege, doctrine or immunity, including without limitation the attorney-client

17  privilege, the work product doctrine, the right of privacy, and all other privileges

18  recognized under the constitutional, statutory or decisional law of the United States

19  of America, the State of California or any other applicable jurisdiction.  MGA

20  further objects to this request on the grounds that it is overly broad and unduly

21  burdensome in that it seeks documents not relevant to the claims or defenses in this

22  action and not reasonably calculated to lead to the discovery of admissible evidence.

23  Mattel has not demonstrated how *all* subpoenas served in the BRATZ LAWSUITS

24  that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses

25  in this action.  MGA further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in time.  MGA further objects to

27  this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and

28  REFER OR RELATE TO render the request vague, ambiguous, overly broad and

1   unduly burdensome.  MGA further objects to the request to the extent that it seeks

2   documents that by reason of public filing, public distribution or otherwise are

3   already in Mattel's possession or are readily accessible to Mattel.  MGA further

4   objects to the request to the extent that it seeks documents not in MGA's possession,

5   custody or control.  MGA further objects to the request to the extent it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of

7   which would be inimical to the business interests of MGA.  Such information may

8   also be subject to protective orders governing other litigations thereby precluding

9   disclosure in response to this request.  MGA further objects to the request to the

10  extent it violates the privacy rights of third parties to their private, confidential,

11  proprietary or trade secret information.

12          MGA further objects to this request as cumulative, duplicative, and

13  unduly burdensome to the extent that it seeks documents previously requested by

14  Mattel or produced by MGA in response to Mattel's document requests, including,

15  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

16  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

17  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

18  Larian.

19

20  **REQUEST FOR PRODUCTION NO. 19:**

21          All DOCUMENTS produced pursuant to any subpoena in the BRATZ

22  LAWSUITS that REFER OR RELATE TO BRATZ.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

25          MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 15 (regarding Definitions), including without limitation

28  MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS produced pursuant to any subpoena in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

1    MGA further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA in response to Mattel's document requests, including,

4  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

5  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

6  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

7  Larian.

8

9  **REQUEST FOR PRODUCTION NO. 20:**

10    All DOCUMENTS produced or made available for inspection by YOU

11  in the BRATZ LAWSUITS.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

14    MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 15 (regarding Definitions), including without limitation

17  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

18  objects to the request to the extent it seeks the production of documents that are

19  protected from disclosure under any applicable privilege, doctrine or immunity,

20  including without limitation the attorney-client privilege, the work product doctrine,

21  the right of privacy, and all other privileges recognized under the constitutional,

22  statutory or decisional law of the United States of America, the State of California

23  or any other applicable jurisdiction.  MGA further objects to this request on the

24  grounds that it is overly broad and unduly burdensome in that it seeks documents

25  not relevant to the claims or defenses in this action and not reasonably calculated to

26  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

27  DOCUMENTS produced or made available for inspection by MGA in the BRATZ

28  LAWSUITS could be relevant to the claims and defenses in this action.  The request

is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No 21 or previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS produced or made available for inspection by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the claims and defenses in this action. This request "would . . . require production of documents that merely mention . . . Bratz but that otherwise have no relevance to the claims and defenses in the suit" and is thus impermissibly overbroad.  See May 22, 2007 at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to

1  the request to the extent it seeks confidential, proprietary or commercially sensitive

2  information, the disclosure of which would be inimical to the business interests of

3  MGA.  Such information may also be subject to protective orders governing other

4  litigations thereby precluding disclosure in response to this request.  MGA further

5  objects to the request to the extent it violates the privacy rights of third parties to

6  their private, confidential, proprietary or trade secret information.

7          MGA further objects to this request as cumulative, duplicative, and

8  unduly burdensome to the extent that it seeks documents requested pursuant to

9  Request No. 20 or previously requested by Mattel or produced by MGA in response

10 to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41

11 from Mattel's First Set of Requests for Production of Documents and Tangible

12 Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of

13 Requests for Documents and Things to Isaac Larian.

14

15 **REQUEST FOR PRODUCTION NO. 22:**

16          All DOCUMENTS produced or made available for inspection by YOU

17 in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without

18 limitation the finances or financial condition of MGA.

19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

21          MGA incorporates by reference its General Response and General

22 Objections above, as though fully set forth herein and specifically incorporates

23 General Objection No. 15 (regarding Definitions), including without limitation

24 MGA's objection to the definition of the terms BRATZ LAWSUITS and REFER

25 OR RELATE TO.  MGA further objects to the request to the extent it seeks the

26 production of documents that are protected from disclosure under any applicable

27 privilege, doctrine or immunity, including without limitation the attorney-client

28 privilege, the work product doctrine, the right of privacy, and all other privileges

-34-

1  recognized under the constitutional, statutory or decisional law of the United States

2  of America, the State of California or any other applicable jurisdiction.  MGA

3  further objects to this request on the grounds that it is overly broad and unduly

4  burdensome in that it seeks documents not relevant to the claims or defenses in this

5  action and not reasonably calculated to lead to the discovery of admissible evidence.

6  Mattel has not demonstrated how *all* DOCUMENTS produced or made available for

7  inspection by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO

8  MGA could be relevant to the claims and defenses in this action.  The request is not

9  limited to the subject matter of this action and is thus impermissibly overbroad.  See

10 Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

11 request as being overly broad and unduly burdensome on the grounds that it is not

12 limited in time.  MGA further objects to this request on the grounds that the terms

13 BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request

14 vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

15 the request to the extent that it seeks documents that by reason of public filing,

16 public distribution or otherwise are already in Mattel's possession or are readily

17 accessible to Mattel.  MGA further objects to the request to the extent that it seeks

18 documents not in MGA's possession, custody or control.  MGA further objects to

19 the request to the extent it seeks confidential, proprietary or commercially sensitive

20 information, the disclosure of which would be inimical to the business interests of

21 MGA.  Such information may also be subject to protective orders governing other

22 litigations thereby precluding disclosure in response to this request.  MGA further

23 objects to the request to the extent it violates the privacy rights of third parties to

24 their private, confidential, proprietary or trade secret information.

25         MGA further objects to this request as cumulative, duplicative, and

26 unduly burdensome to the extent that it seeks documents requested pursuant to

27 Request No 20 or previously requested by Mattel or produced by MGA in response

28 to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41

07209/2338254.2

-35-

1  from Mattel's First Set of Requests for Production of Documents and Tangible

2  Things to MGA, and Request Nos. 118, 121, 123-124, and 125 from Mattel's First

3  Set of Requests for Documents and Things to Isaac Larian, and Request Nos. 157

4  and 158-159 from Mattel, Inc.'s First Set of Requests for Documents and Things re

5  Claims of Unfair Competition to MGA Entertainment, Inc.

6

7  **REQUEST FOR PRODUCTION NO. 23:**

8            All Court orders, decisions and judgments in the BRATZ LAWSUITS.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

11            MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 15 (regarding Definitions), including without limitation

14  MGA's objection to the definition of the term BRATZ LAWSUITS.  MGA further

15  objects to the request to the extent it seeks the production of documents that are

16  protected from disclosure under any applicable privilege, doctrine or immunity,

17  including without limitation the attorney-client privilege, the work product doctrine,

18  the right of privacy, and all other privileges recognized under the constitutional,

19  statutory or decisional law of the United States of America, the State of California

20  or any other applicable jurisdiction.  MGA further objects to this request on the

21  grounds that it is overly broad and unduly burdensome in that it seeks documents

22  not relevant to the claims or defenses in this action and not reasonably calculated to

23  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

24  Court orders, decisions and judgments in the BRATZ LAWSUITS could be relevant

25  to the claims and defenses in this action.  The request is not limited to the subject

26  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

27  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

28  overly broad and unduly burdensome on the grounds that it is not limited in time.

1   MGA further objects to this request on the grounds that the term BRATZ

2   LAWSUITS renders the request vague, ambiguous, overly broad and unduly

3   burdensome.  MGA further objects to the request to the extent that it seeks

4   documents that by reason of public filing, public distribution or otherwise are

5   already in Mattel's possession or are readily accessible to Mattel.  MGA further

6   objects to the request to the extent that it seeks documents not in MGA's possession,

7   custody or control.  MGA further objects to the request to the extent it seeks

8   confidential, proprietary or commercially sensitive information, the disclosure of

9   which would be inimical to the business interests of MGA.  Such information may

10  also be subject to protective orders governing other litigations thereby precluding

11  disclosure in response to this request.

12          MGA further objects to this request as cumulative, duplicative, and

13  unduly burdensome to the extent that it seeks documents previously requested by

14  Mattel or produced by MGA in response to Mattel's document requests, including,

15  but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

16  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

17  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

18  Larian.

19

20  **REQUEST FOR PRODUCTION NO. 24:**

21          All Court orders, decisions and judgments in any THIRD-PARTY

22  LAWSUIT in which YOU have claimed, alleged or stated, in words or substance,

23  that any doll or product sold, offered for sale, manufactured, distributed, promoted

24  or advertised by any PERSON infringes, dilutes or is confusingly similar to

25  BRATZ.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and THIRD-PARTY LAWSUITS.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* Court orders, decisions and judgment in any THIRD-PARTY LAWSUIT in which MGA claimed, alleged or stated that any doll or product "infringes, dilutes or is confusingly similar to BRATZ" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the terms BRATZ and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent

that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not produced in response to any other Request for Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance, that any doll, product or other matter sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

MGA's objection to the definition of the term BRATZ.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS in which MGA claimed that any doll product or other matter "infringes, dilutes or is confusingly similar to BRATZ" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope.  MGA further objects to this request on the grounds that the term BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders-governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the

1  extent it violates the privacy rights of third parties to their private, confidential,

2  proprietary or trade secret information.

3     MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 5-12, 20, 45-47, and 123 from Mattel, Inc.'s First

7  Set of Requests for Documents and Things re Claims of Unfair Competition to

8  MGA Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

9  Production of Documents and Tangible Things to MGA, and Request Nos. 182 from

10  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

11

12  **REQUEST FOR PRODUCTION NO. 26:**

13     To the extent not produced in response to any other Request for

14  Production, all DOCUMENTS, including without limitation pleadings, in which

15  YOU have referenced or described YOUR alleged trade dress rights or potential

16  trade dress in BRATZ.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

19     MGA incorporates by reference its General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection No. 15 (regarding Definitions), including without limitation

22  MGA's objection to the definition of the terms BRATZ.  MGA further objects to the

23  request to the extent it seeks the production of documents that are protected from

24  disclosure under any applicable privilege, doctrine or immunity, including without

25  limitation the attorney-client privilege, the work product doctrine, the right of

26  privacy, and all other privileges recognized under the constitutional, statutory or

27  decisional law of the United States of America, the State of California or any other

28  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

1    overly broad and unduly burdensome in that it seeks documents not relevant to the

2    claims or defenses in this action and not reasonably calculated to lead to the

3    discovery of admissible evidence.  Mattel has not demonstrated how *all*

4    DOCUMENTS referencing MGA's alleged or potential trade dress in BRATZ could

5    be relevant to the claims and defenses in this action.  The request is not limited to

6    the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

7    Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

8    being overly broad and unduly burdensome on the grounds that it is not limited in

9    time or geographical scope.  MGA further objects to this request on the grounds that

10   the term BRATZ renders the request vague, ambiguous, overly broad and unduly

11   burdensome.  MGA further objects to the request to the extent that it seeks

12   documents that by reason of public filing, public distribution or otherwise are

13   already in Mattel's possession or are readily accessible to Mattel.  MGA further

14   objects to the request to the extent that it seeks documents not in MGA's possession,

15   custody or control.  MGA further objects to the request to the extent it seeks

16   confidential, proprietary or commercially sensitive information, the disclosure of

17   which would be inimical to the business interests of MGA.

18           MGA further objects to this request as cumulative, duplicative, and

19   unduly burdensome to the extent that it seeks documents previously requested by

20   Mattel or produced by MGA in response to Mattel's document requests, including,

21   but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

22   Requests for Documents and Things re Claims of Unfair Competition to MGA

23   Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

24   Production of Documents and Tangible Things to MGA, and Request No. 182 from

25   Mattel's First Set of Requests for Documents and Things to Isaac Larian.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 27:**

2           To the extent not produced in response to any other Request for

3  Production, all DOCUMENTS, including without limitation pleadings, in which

4  YOU have referenced or described YOUR alleged copyright rights or potential

5  copyright rights in BRATZ.

6

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

8           MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection No. 15 (regarding Definitions), including without limitation

11  MGA's objection to the definition of the terms BRATZ.  MGA further objects to the

12  request to the extent it seeks the production of documents that are protected from

13  disclosure under any applicable privilege, doctrine or immunity, including without

14  limitation the attorney-client privilege, the work product doctrine, the right of

15  privacy, and all other privileges recognized under the constitutional, statutory or

16  decisional law of the United States of America, the State of California or any other

17  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

18  overly broad and unduly burdensome in that it seeks documents not relevant to the

19  claims or defenses in this action and not reasonably calculated to lead to the

20  discovery of admissible evidence.  Mattel has not demonstrated how *all*

21  DOCUMENTS referencing MGA's alleged or potential copyright rights in BRATZ

22  could be relevant to the claims and defenses in this action.  The request is not

23  limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u>

24  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

25  request as being overly broad and unduly burdensome on the grounds that it is not

26  limited in time or geographical scope.  MGA further objects to this request on the

27  grounds that the term BRATZ renders the request vague, ambiguous, overly broad

28  and unduly burdensome.  MGA further objects to the request to the extent that it

-43-

1  seeks documents that by reason of public filing, public distribution or otherwise are

2  already in Mattel's possession or are readily accessible to Mattel.  MGA further

3  objects to the request to the extent that it seeks documents not in MGA's possession,

4  custody or control.  MGA further objects to the request to the extent it seeks

5  confidential, proprietary or commercially sensitive information, the disclosure of

6  which would be inimical to the business interests of MGA.  Such information may

7  also be subject to protective orders governing other litigations thereby precluding

8  disclosure in response to this request.

9          MGA further objects to this request as cumulative, duplicative, and

10  unduly burdensome to the extent that it seeks documents previously requested by

11  Mattel or produced by MGA in response to Mattel's document requests, including,

12  but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

13  Requests for Documents and Things re Claims of Unfair Competition to MGA

14  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

15  Production of Documents and Tangible Things to MGA, and Request No. 182 from

16  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

17

18  **REQUEST FOR PRODUCTION NO. 28:**

19          To the extent not produced in response to any other Request for

20  Production, all DOCUMENTS, including without limitation pleadings, in which

21  YOU have referenced or described YOUR alleged patent rights or potential patent

22  rights in BRATZ.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

25          MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 15 (regarding Definitions), including without limitation

28  MGA' s objection to the definition of the terms BRATZ.  MGA further objects to

1  the request to the extent it seeks the production of documents that are protected from

2  disclosure under any applicable privilege, doctrine or immunity, including without

3  limitation the attorney-client privilege, the work product doctrine, the right of

4  privacy, and all other privileges recognized under the constitutional, statutory or

5  decisional law of the United States of America, the State of California or any other

6  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

7  overly broad and unduly burdensome in that it seeks documents not relevant to the

8  claims or defenses in this action and not reasonably calculated to lead to the

9  discovery of admissible evidence.  Mattel has not demonstrated how *all*

10  DOCUMENTS referencing MGA's alleged or potential patent rights in BRATZ

11  could be relevant to the claims and defenses in this action.  The request is not

12  limited to the subject matter of this action and is thus impermissibly overbroad.  See

13  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

14  request as being overly broad and unduly burdensome on the grounds that it is not

15  limited in time or geographical scope.  MGA further objects to this request on the

16  grounds that the term BRATZ renders the request vague, ambiguous, overly broad

17  and unduly burdensome.  MGA further objects to the request to the extent that it

18  seeks documents that by reason of public filing, public distribution or otherwise are

19  already in Mattel's possession or are readily accessible to Mattel.  MGA further

20  objects to the request to the extent that it seeks documents not in MGA's possession,

21  custody or control.  MGA further objects to the request to the extent it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of

23  which would be inimical to the business interests of MGA.

24          MGA further objects to this request as cumulative, duplicative, and

25  unduly burdensome to the extent that it seeks documents previously requested by

26  Mattel or produced by MGA in response to Mattel's document requests, including,

27  but not limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

28  Requests for Documents and Things re Claims of Unfair Competition to MGA

1  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for
2  Production of Documents and Tangible Things to MGA, and Request No. 182 from
3  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

4

5  **REQUEST FOR PRODUCTION NO. 29:**

6        All DOCUMENTS that REFER OR RELATE TO any agreements
7  settling, resolving, compromising or otherwise disposing of the BRATZ
8  LAWSUITS.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

11        MGA incorporates by reference its General Response and General
12  Objections above, as though fully set forth herein and specifically incorporates
13  General Objection No. 15 (regarding Definitions), including without limitation
14  MGA's objection to the definition of the terms BRATZ LAWSUITS and REFER
15  OR RELATE TO.  MGA further objects to the request to the extent it seeks the
16  production of documents that are protected from disclosure under any applicable
17  privilege, doctrine or immunity, including without limitation the attorney-client
18  privilege, the work product doctrine, the right of privacy, and all other privileges
19  recognized under the constitutional, statutory or decisional law of the United States
20  of America, the State of California or any other applicable jurisdiction.  MGA
21  further objects to this request on the grounds that it is overly broad and unduly
22  burdensome in that it seeks documents not relevant to the claims or defenses in this
23  action and not reasonably calculated to lead to the discovery of admissible evidence.
24  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
25  any agreements settling, resolving, compromising or otherwise disposing of the
26  BRATZ LAWSUITS could be relevant to the claims and defenses in this action.
27  The request is not limited to the subject matter of this action and is thus
28  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ and REFER OR RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "agreements settling, resolving, compromising or otherwise disposing of" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be confidential and subject to protective orders governing other litigations or other non-disclosure or confidentiality agreements thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 125 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that REFER OR RELATE TO any agreements settling, resolving, compromising or otherwise disposing of any legal proceedings in which YOU have claimed that any product sold, offered for sale, manufactured,

1  distributed, promoted or advertised by such PERSON infringes, dilutes or is

2  confusingly similar to BRATZ.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

5           MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 15 (regarding Definitions), including without limitation

8  MGA's objection to the definition of the terms BRATZ and REFER OR RELATE

9  TO.  MGA further objects to the request to the extent it seeks the production of

10  documents that are protected from disclosure under any applicable privilege,

11  doctrine or immunity, including without limitation the attorney-client privilege, the

12  work product doctrine, the right of privacy, and all other privileges recognized under

13  the constitutional, statutory or decisional law of the United States of America, the

14  State of California or any other applicable jurisdiction.  MGA further objects to this

15  request on the grounds that it is overly broad and unduly burdensome in that it seeks

16  documents not relevant to the claims or defenses in this action and not reasonably

17  calculated to lead to the discovery of admissible evidence.  Mattel has not

18  demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any

19  agreements settling, resolving, compromising or otherwise disposing of any legal

20  proceedings in which MGA claimed any product "infringes, dilutes or is confusingly

21  similar" to BRATZ could be relevant to the claims and defenses in this action.  The

22  request is not limited to the subject matter of this action and is thus impermissibly

23  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further

24  objects to this request as being overly broad and unduly burdensome on the grounds

25  that it is not limited in time or geographic scope.  MGA further objects to this

26  request on the grounds that the terms BRATZ and REFER OR RELATE TO render

27  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

28  objects to the phrases "agreements settling, resolving, compromising or otherwise

disposing of" and "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations or other non-disclosure or confidentiality agreements thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**B.    Definition of "Bratz Lawsuits"**

"BRATZ LAWSUITS" is defined in Mattel's Third Requests as "any legal proceeding of any kind, including without limitation any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION that REFERS OR RELATES to BRATZ, including without limitation each of the following legal actions and each of their associated proceedings and appeals:

*MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*

*MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*

*MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v. Wealth Ocean Industrial Limited*

1         *MGA Entertainment Inc. v. Registrar of Companies & Yokon*

2 *International Limited & Wong Tat*

3         *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*

4 *Double Grand Corporation Limited*

5         *MGA Entertainment Inc. v. Hunglam Toys Company Limited*

6         *MGA Entertainment Inc. v. Union Top (HK) Company Limited*

7         *MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu*

8 *Wei Toys Company Limited*

9         *MGA Entertainment Inc. v. Linwell Industries Limited*

10         *MGA Entertainment Inc. v. Yokon International Limited; Golden City*

11 *Toys Company Limited; Wong Tat*

12         *MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited*

13 *and Xie Jun Yu trading as Tracy Industrial (H.K.) Company*

14         *Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)*

15 *Limited*

16         *ABC International Traders doing business as MGA Entertainment v.*

17 *Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring*

18         *Golden Bright Manufacturer Limited v. MGA Entertainment (HK)*

19 *Limited*

20         *MGA Entertainment (HK) Limited v. Leaves Industries Limited*

21         *Queentex Company Limited v. MGA Entertainment (HK) Limited*

22         *MGA Entertainment (HK) Limited v. Queentex Company Limited*

23         *ABC International Traders doing business as MGA Entertainment v.*

24 *Qualiman Industrial Company Ltd.*

25         *Golden Bright Manufacturer Limited v. Sunlight Electronic Toys*

26         *Larian v. Larian*

27         *MGA Entertainment v. Ubisoft Entertainment S.A.*

28         *MGA Entertainment v. Fun-4-All*

1           *McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC*

2 *International Traders*

3           *Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.*

4           *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*[1]

5

6   **C.**     **Reasons Why Further Responses to Request Nos. 1 Through 30**

7          **Should Be Compelled**

8

9         Request Nos. 1 through 30 seek (a) documents from other Bratz-related

10 lawsuits to which MGA is a party (the "Bratz Lawsuits"), and (b) documents and

11 tangible things related to claims and contentions by MGA that other dolls or

12 products infringe Bratz.  These documents are relevant to key issues in this lawsuit,

13 including the timing of the conception, creation, design and development of Bratz

14 and MGA's purported intellectual property rights in Bratz.  MGA's statements and

15 contentions against other litigants or potential litigants regarding these issues are

16 obviously relevant.  For example, MGA's statements in other Bratz-related lawsuits

17 constitute judicial admissions, and MGA may be estopped from making contentions

18 in this lawsuit contrary to those admissions.

19         The requested information will provide valuable information as to how

20 MGA has interpreted its purported rights over Bratz in the past.  For example,

21 Request Nos. 26 through 28 seek documents in which MGA has referenced or

22 described its alleged trade dress, copyright and patent rights in Bratz.  Mattel is

23 entitled to discover whether MGA's prior descriptions are inconsistent with

24 positions it has taken in this lawsuit.  MGA's refusal to produce any responsive

25 documents is especially unreasonable given that MGA itself previously demanded

26 _____

27    [1]  See Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

28 Entertainment, Inc. (Kidman Dec. Ex. 1), at 6-7.

1   documents regarding positions Mattel has taken in other legal proceedings as to

2   certain damages issues because "[p]ositions Mattel has taken in previous litigation

3   regarding [these issues] may undercut the positions Mattel is taking in this case and

4   are therefore directly relevant to these damages issue[s]."[2]

5           Moreover, documents filed and produced in connection with the Bratz

6   Lawsuits are relevant to this lawsuit.  MGA has admitted that the issue of the origins

7   of Bratz has been previously litigated in lawsuits between MGA and alleged

8   infringers and counterfeiters.[3]  The Discovery Master previously ordered MGA to

9   produce sworn statements and transcripts from other Bratz-related lawsuits.[4]

10  Request Nos. 8 through 24, 29 and 30 simply seek additional relevant documents

11  from the Bratz Lawsuits.  These requests are not overbroad.  They are reasonably

12  limited by Mattel's definition of Bratz Lawsuits, and several of the requests are

13  further limited to documents regarding specific subject matters.  See, e.g., Request

14  No. 14 (limiting request to pleadings and other documents filed in Bratz Lawsuits

15  that "compare Bratz to any other doll or product"); Request No. 17 (limiting request

16  to expert reports that refer or relate to Bratz).  These requests also are not unduly

17  burdensome.  Mattel listed approximately twenty-five specific lawsuits to which

18  MGA is or was a party and that Mattel believes relate to Bratz.  Files from these

19  lawsuits should be easily accessible to MGA.

20

21

22      [2]   See MGA's Sixth Set of Requests for the Production of Documents and Things
        in Case No. 05-2727, dated November 16, 2007 (Kidman Dec. Ex. 6), at 10-11

23      (Request Nos. 568, 569); Letter from Robert J. Herrington to Jon D. Corey and

24      B. Dylan Proctor, dated January 3, 2008 (Kidman Dec. Ex. 7), at 6.

        [3]   See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

25      Production of Documents and Interrogatory Answers, dated February 20, 2007

26      (Kidman Dec. Ex. 8), at 25.

        [4]  Discovery Master's Order Granting Mattel's Motion to Compel Production of

27      Documents and Interrogatory Responses by MGA, dated May 15, 2007 ("May 15,

28      2007 Discovery Master's Order") (Kidman Dec. Ex. 9), at 10.

Request Nos. 1 through 7 and 25 are also reasonably tailored to obtain relevant documents and things.  MGA's claims and contentions that other dolls and products infringe Bratz – and samples of other allegedly infringing products – are relevant to MGA's claims of infringement against Mattel.  Additionally, such information is relevant to rebut defendants' recent contention that the Bratz dolls at issue in this lawsuit are dissimilar to Bryant's Bratz drawings.[5]  Mattel is entitled to discover other dolls and products that MGA has asserted are similar to Bratz to show that Bryant's Bratz drawings are more similar to Bratz than these other accused items.

### D.   MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 1 Through 30

In Request Nos. 1 through 30, Mattel asks for virtually every scrap of paper relating to MGA's assertion of rights relating to Bratz and to 25 different litigations that Mattel terms the "BRATZ LAWSUITS."  The lawsuits, all of which were unrelated to this litigation, spanned more than seven years and involved more than 29 different parties.  (Temkin Decl., ¶ 6.)  For a variety of reasons, the Court should deny Mattel's motion to compel with respect to these requests.

First, Mattel has failed to demonstrate how the expansive requests hi its Third Set are properly tailored to seek relevant information.  The mere fact that Bratz was the subject of separate and unrelated litigation between the MGA Defendants and various third parties does not render every pleading, discovery response, order, exhibit or other document relating to such litigation relevant to this

---

[5] See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007 (Kidman Dec. Ex. 10), at 7, 9-12 (MGA's Supplemental Response to Interrogatory No. 42).

1  action.   In addition, Mattel's definition of "BRATZ LAWSUITS" includes

2  numerous cases that had nothing to do with Bratz.  (*Id.*)  Those cases include *Kin*

3  *Yat Industrial Co. Ltd. v. MGA Entertainment (HK) Ltd.; Golden Bright*

4  *Manufacturer Ltd. v. Sunlight Electronic Toys; MGA Entertainment Inc. and Elliot*

5  *Rudell trading as Rudell Design v. Wealth Ocean Industrial Ltd.; MGA*

6  *Entertainment (HK) Limited v. Leaves Industries Limited; Queentex Company*

7  *Limited v. MGA Entertainment (HK) Limited; and MGA Entertainment (HK)*

8  *Limited v. Queentex Company Limited. (Id.*)

9          Mattel's assertions as to the purported relevance of documents from

10  other litigation do not justify the expansive categories of documents requested.

11  Mattel contends that documents relating to other litigation are relevant to show what

12  positions MGA has previously taken regarding issues in this case such as the timing

13  of the creation of Bratz.  (Mot. at 6-8.) A review of Mattel's requests, however,

14  reveals that they encompass every category of document that could possibly pertain

15  to the 25 BRATZ LAWSUITS, regardless of whether such documents might

16  actually relate to pertinent issues in this case.  For example, Request No. 20 broadly

17  seeks "[a]11 DOCUMENTS produced or made available for inspection by YOU in

18  the BRATZ LAWSUITS." (Kidman Decl., Ex. 1 at Request No. 20.)  Similarly, in

19  other requests, Mattel demands all interrogatory responses, court orders, proceeding

20  transcripts, and other documents from the BRATZ LAWSUITS, without imposing

21  any subject matter restriction. (*See id.* at Request Nos. 9-11 & 23.)  Even as to those

22  requests that Mattel limits to documents that "REFER OR RELATE TO BRATZ,"

23  Mattel's limitation is one without substance since Mattel's expansive definition of

24  "REFER OR RELATE TO" effectively renders any document relating to a BRATZ

25  LAWSUIT a document that REFERS TO RELATES TO BRATZ.  Thus, despite

26  Mattel's claim that it is only seeking documents from other Bratz-related litigation

27  that reflect MGA's positions regarding issues being litigated in this case, Mattel's

28

1    document requests are plainly directed at much broader categories of documents,

2    sweeping in substantial amounts of irrelevant matter.

3         Mattel's assertion that MGA has made the same relevance arguments in

4    seeking documents from Mattel regarding its prior litigations is incorrect.  (Mot. at

5    6.)  The document requests for which MGA was attempting to obtain Mattel's

6    compliance stand in stark contrast to Mattel's Request Nos. 1 through 30 because

7    MGA's requests were limited strictly to actual legal positions taken by Mattel in

8    certain other litigation and did not request every piece of paper associated with 25

9    different lawsuits.  (*Compare* Kidman Decl., Ex. 6 at Request Nos. 568 & 569 with

10   Kidman Decl., Ex. 1 at Request Nos. I -30.)

11        In addition to seeking irrelevant matter, Mattel's requests are

12   unreasonably cumulative of other discovery because Mattel previously requested

13   and received from MGA numerous documents regarding MGA's other litigation

14   relating to Bratz, as well as MGA's assertion of rights relating to Bratz.  For

15   example, Request Nos. 37 and 38 of Mattel's First Set of Requests for Production to

16   MGA sought all sworn statements or testimony relating to Bratz.  (Temkin Decl.,

17   Ex. 7 at Requests 37 and 38.)  Similarly, Request Nos. 19 and 20 of Mattel's First

18   Set of Requests re Claims of Unfair Competition demanded that MGA produce all

19   documents relating to MGA' s rights, including intellectual property rights, to Bratz

20   and other MGA products.  (Temkin Decl., Ex. 8 at Requests 19 and 20)

21        In response to those and other prior requests by Mattel, MGA produced

22   thousands of documents pertaining to its rights to Bratz and its prior Bratz-related

23   litigations.  As of January 28, 2008, MGA had produced more than 20,000 pages of

24   documents relating to more than a dozen other lawsuits, including numerous sworn

25   statements and testimony.[6]  (Temkin Decl., ¶ 6.)

26   _____

27        [6]  MGA previously produced documents regarding the following litigations:  *Art
     Attacks Ink, LLC v. MGA Entertainment, Inc.; MGA Entertainment v. Fun 4 All;*

28        (footnote continued)

07209/2338254.2

-55-

Responding to Mattel's Request Nos. 1 through 30 also would impose an unnecessary and undue burden on MGA.  The 25 BRATZ LAWSUITS comprise approximately seven years of litigation, involve 29 parties and have resulted in the generation or production of many documents and files.  (*Id.*)  Mattel's assertion that files from these lawsuits should be easily accessible to MGA misses the point.  Even assuming that the files are accessible, Mattel's requests are so broad that they essentially cover every file that may exist.  Moreover, because Mattel's requests implicate 25 different litigations, vast amounts of responsive documents would be privileged and therefore would need to be identified and logged in connection with MGA's responses to Mattel's requests.  The extreme burden and cost to MGA of reviewing these documents for responsiveness and privilege, as well as preparing a privilege log covering seven years' worth of litigation documents from 25 separate lawsuits, far outweighs any marginal relevance that the documents related to these litigations might have, particularly given the substantial production of responsive documents that MGA has already made.

---

*MGA Entertainment v. Ubiso ; McDonald 's Corporation v. MGA Entertainment, Inc. f/k/a ABC International Traders; MGA Entertainment, Inc. v. Thomas Christopher Joseph Metson; Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.; MGA Entertainment, Inc. v. Multitoy, Inc., Yuan-Lan Liu, Jeff Wu dba TMC Toys, All Toys Imports, Inc., Susan Liu, T~oysDivision, Inc., Tom Liu, Does 1-20; MGA Entertainment Inc. v. Hunglam Toys Company Limited; Choy Kam Ying, Candy; Kwok Yin Kwan, May; Kwok Chin Hun; MGA Entertainment Inc. formerly known as ABC International Traders, Inc. doing business as MGA Entertainment v. To s & Trends (Hong Kong) Limited, Cityworld Limited, Jug Willi Kesselrin ; ABCy International Traders, Inc. doing business as MGA Entertainment v. Qualiman Industrial Company Limited; Prime Designs, Limited; MGA Entertainment Inc. & MGA Entertainment (H.K.) Limited v. Double Grand Corporation Limited; and MGA Entertainment Inc. v. Hujnglam Toys Company Limited; and Larian v. Larian.* (Temkin Decl., ¶ 6.)

Because Mattel's Request Nos. 1 through 30 are not reasonably tailored to seek relevant, non-cumulative documents, Mattel's motion to compel additional responsive documents must be denied.

### E.     Mattel's Reply Regarding Request Nos. 1 Through 30

Request Nos. 1 through 30 seek documents and things related to:  (1) other Bratz-related lawsuits to which MGA is or was a party ("Bratz Lawsuits"), (2) MGA's descriptions of its purported intellectual property rights in Bratz, and (3) claims by MGA that other dolls or products infringe Bratz.

Such documents are relevant on myriad issues that MGA itself has interjected into this case.  MGA has contended that (1) Bryant's Bratz drawings are not original and otherwise unprotectible by copyright; and (2) the Bratz dolls at issue in this lawsuit are *not* based on or substantially similar to Bryant's Bratz drawings.[7]  In fact, these assertions have been made repeatedly in MGA's recent expert reports.[8]  The apparent reason for MGA's arguments on this score is to assert at trial that even if Mattel owns the Bratz doll design drawings, the dolls do not infringe upon those drawings.

Based even on what Mattel has obtained so far from other Bratz Lawsuits to date, MGA has a track record of saying the opposite.  Thus, for

---

[7]  See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007 (Kidman Dec. Ex. 10), at 7, 9-12 (MGA's Supplemental Response to Interrogatory No. 42).

[8]  See, e.g., Expert Report of Peter S. Menell, dated February 11, 2008 ("Menell Report") (Exhibit 4 to the February 15, 2008 Declaration of Jon D. Corey ("Corey Dec.")); Expert Report of Mary Bergstein, dated February 11, 2008 (Corey Dec. Ex. 5); Expert Report of Debora Middleton, dated February 11, 2008 (Corey Dec. Ex. 6); Expert Report of Paul K. Meyer, dated February 11, 2008 (Corey Dec. Ex. 7), at 16.

1  example, in one prior infringement suit that MGA brought, it asserted that the

2  Bryant drawings were indeed protectible, that the Bratz dolls were based on the

3  drawings and that a third party's dolls were substantially similar to those drawings.[9]

4  All of this is in direct contradiction to MGA's recent positions in this case, and the

5  Court and the jury are entitled to compare other dolls that MGA has previously

6  claimed are substantially similar to Bratz in deciding whether the Bratz drawings are

7  substantially similar to the Bratz dolls.  Mattel is plainly entitled to know what other

8  instances MGA has made such inconsistent statements and representations to

9  Courts.

10          MGA focuses almost exclusively on issues related to the Bratz

11  Lawsuits in arguing that it should not be compelled to produce documents

12  responsive to Request Nos. 1 through 30.  For example, MGA claims that the Bratz

13  Lawsuits identified in Mattel's Third Requests are "unrelated to this litigation."

14  Opp. at 7.  But MGA's vague protests of relatedness are beside the point.  MGA

15  previously admitted that issues relating to the origins of Bratz have been previously

16  litigated in third-party lawsuits.[10]  And, even apart from its admission, MGA does

17  not dispute that its prior statements in other Bratz-related lawsuits constitute judicial

18  admissions, or that MGA may be collaterally or equitably estopped from making

19  contentions in this lawsuit contrary to those admissions.  Indeed, MGA itself has

20  insisted that Mattel produce its litigation documents relating to MY SCENE.[11]  Nor

21

22

23          [9]  See Carter Bryant drawings from Cityworld litigation (Corey Dec. Ex. 10).

           [10]  See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

24  Production of Documents and Interrogatory Answers, dated February 20, 2007
    (Kidman Dec. Ex. 8), at 25.

25          [11]  See MGA's Sixth Set of Requests for the Production of Documents and

26  Things in Case No. 05-2727, dated November 16, 2007 (Kidman Dec. Ex. 6), at 10-
    11 (Request Nos. 568, 569); MGA's Eighth Set of Requests for the Production of

27  Documents and Things in Case No. 05-2727, dated December 28, 2007 (Corey Dec.
    Ex. 11), at 11-12 (Request Nos. 781-784).

28

can it be reasonably disputed that MGA's statements in other litigation are directly relevant to rebutting and impeaching MGA's experts' claims on these issues in this case.  The documents should be produced.

MGA argues it should not be compelled to produce documents in response to Request Nos. 1 through 30 because it already "produced thousands of documents pertaining to its rights to Bratz and its prior Bratz-related litigations." Opp. at 9-10.  That MGA now claims to have produced some unidentified responsive documents stands in stark contrast to the repeated refusals to produce in its Opposition and its responses to these Requests.  Indeed, MGA never agreed to produce any documents in its responses to these requests, and certainly did not respond that it had already produced all, or even some, responsive documents.  To the extent MGA has already produced responsive documents, it need not re-produce them.  MGA also should not be permitted to avoid being compelled by simply asserting in opposition to Mattel's motion that some responsive documents have been produced.  It should ordered to produce any further responsive documents or represent in its actual responses that it has already done so.

Finally, MGA claims that it would be an "extreme burden" for MGA to review documents from the Bratz Lawsuits "for responsiveness and privilege." Opp. at 10.  Because it necessarily suggests that MGA has not even searched for documents on alleged burden grounds, this statement is inconsistent with its suggestions elsewhere that it already has produced the documents sought.  In any event, MGA's argument is meritless.  The Requests at issue seek categories of documents from the Bratz Lawsuits that obviously would <u>not</u> need to be reviewed for privilege such as pleadings, transcripts and expert reports.  These are all documents that are readily available to MGA or its counsel and not even arguably privileged.  Furthermore, MGA does not establish that the number of suits involving Bratz are so numerous or the files associated with them are so voluminous that reviewing and producing them would be unduly burdensome, especially in light of

their direct relevance to the factual claims and positions MGA now asserts in this case.

As set forth in Mattel's motion, Request Nos. 1 through 30 seek documents and things that are directly relevant to this lawsuit, and MGA should be compelled to produce responsive documents and things.

**II.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO ANY USE OR CONSIDERED USE OF THE TERM "JADE"**

    **A.   Requests at Issue (Request No. 31)**

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that REFER OR RELATE to any use or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter, including without limitation all trademark search report for "Jade."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional,

statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any use or considered, proposed or potential use of the term "Jade" in connection with any MGA doll, product or other matter could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the term "Jade" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA s objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any use or considered, proposed or potential use of the term "Jade " in connection with any MGA doll, product or other matter could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the term "Jade " as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the

extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce, non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that were created prior to January 1, 2001 and refer or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter.

### B.    Reasons Why Further Responses to Request No. 31 Should Be Compelled

Request No. 31 seeks documents related to the use or considered use of the term "Jade" in connection with any MGA doll or product.  These documents are relevant to the issue of when MGA allegedly developed and created Bratz since one of the original Bratz dolls was named Jade.  MGA acknowledged the relevance of this issue during the meet and confer, but has impermissibly attempted to limit its production to "documents created prior to January 1, 2001."  MGA's limitation is not appropriate since it would permit MGA to withhold relevant documents created after January 1, 2001 even if the documents specifically referenced the use or considered use of the term "Jade" prior to January 1, 2001.  Mattel is, however,

willing to limit Request No. 31 to responsive documents that refer or relate to the time period prior to December 31, 2001.

## C.   MGA Entertainment, Inc.'s Argument in Response Regarding Request No. 31

Mattel's Request No. 31 seeks all documents relating to the use of the term "Jade" in connection with any MGA doll or other product.  Effectively conceding that this request, as drafted, is overly broad, Mattel now asserts that it only seeks such documents for the period prior to December 31, 2001.  (Mot. at 8.) Notably, Mattel never made this offer during the parties' lengthy meet and confer process regarding the Third Set.  In any event, MGA already searched for and produced the resulting responsive documents for the period prior to January 1, 2001. (Temkin Decl., ¶ 3.)  Thus, the Court should deny Mattel's motion with respect to Request No. 31 because MGA has produced responsive documents and Mattel's revised version of the request is still overbroad.

Requiring MGA to produce additional responsive documents for the period of January 1, 2001 to December 31, 2001, is unnecessary because, by Mattel's own admission, the only purported relevance of these documents is "to the issue of when MGA allegedly developed and created Bratz since one of the original Bratz dolls was named Jade."  (Mot. at 8.)  There is no dispute that by 2001, Bratz had already been created and was being developed.  Thus, documents relating to the use of the term "Jade" in 2001 are irrelevant to the issue of when Bratz was created or first developed.

Because MGA has already produced responsive documents for the relevant time period, no further production should be ordered.

### D.    Mattel's Reply Regarding Request No. 31

Request No. 31 seeks documents related to the use or contemplated use of the term "Jade" in connection with MGA dolls or products.  MGA acknowledges that such documents are potentially relevant to the origins and development of Bratz (one of the original Bratz dolls was named "Jade"), but improperly attempts to limit its production to documents "<u>created</u> prior to January 1, 2001."  This limitation permits MGA to withhold relevant documents created after January 1, 2001 even if they specifically reference the use of the term "Jade" prior to January 1, 2001.  Moreover, a January 1, 2001 cut-off excludes too many potentially relevant documents.  The Bratz dolls did not go to  market until June 2001.  Thus, post-January 1, 2001 documents are relevant to issues related to the development of Bratz.  Mattel's proposed limitation of Request No. 31 is reasonable – MGA should be compelled to produce documents that refer or relate to the use or considered use of the term "Jade" prior to December 31, 2001.

### III.    MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS AND THINGS RELATED TO SANDRA BILOTTO, THE SCULPTOR OF "PRAYER ANGELS"

### A.    Requests at Issue (Request Nos. 32 through 41)

### REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE to when and the circumstances under which Sandra Bilotto first came to YOUR attention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA' s objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and the circumstances under which Sandra Bilotto first came to MGA's attention could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "came to YOUR attention" as vague and ambiguous.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

1 **REQUEST FOR PRODUCTION NO. 33:**

2        All DOCUMENTS that REFER OR RELATE to when and the

3 circumstances under which YOU first hired or engaged for any reason Sandra

4 Bilotto.

5

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

7        MGA incorporates by reference its General Response and General

8 Objections above, as though fully set forth herein and specifically incorporates

9 General Objection No. 15 (regarding Definitions), including without limitation

10 MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

11 further objects to the request to the extent it seeks the production of documents that

12 are protected from disclosure under any applicable privilege, doctrine or immunity,

13 including without limitation the attorney-client privilege, the work product doctrine,

14 the right of privacy, and all other privileges recognized under the constitutional,

15 statutory or decisional law of the United States of America, the State of California

16 or any other applicable jurisdiction.  MGA further objects to this request on the

17 grounds that it is overly broad and unduly burdensome in that it seeks documents

18 not relevant to the claims or defenses in this action and not reasonably calculated to

19 lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

20 DOCUMENTS that REFER OR RELATE TO when and the circumstances under

21 which MGA first hired or engaged for any reason Sandra Bilotto could be relevant

22 to the claims and defenses in this action.  The request is not limited to the subject

23 matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

24 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

25 overly broad and unduly burdensome on the grounds that it is not limited in time or

26 geographic scope.  MGA further objects to this request on the grounds that the term

27 REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

28 unduly burdensome.  MGA further objects to the phrase "hired or engaged for any

reason" as vague and ambiguous.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that REFER OR RELATE to the work or services that Sandra Bilotto provided to YOU in connection with her first engagement by YOU, including without limitation all invoices relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO the work or services that Sandra Bilotto provided to MGA in connection with her first engagement by MGA could be

relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work or services that Sandra Bilotto provided to MGA in connection with her first engagement by MGA" as vague and ambiguous.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that REFER OR RELATE to work or services provided by Sandra Bilotto to YOU prior to January 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

1   further objects to the request to the extent it seeks the production of documents that

2   are protected from disclosure under any applicable privilege, doctrine or immunity,

3   including without limitation the attorney-client privilege, the work product doctrine,

4   the right of privacy, and all other privileges recognized under the constitutional,

5   statutory or decisional law of the United States of America, the State of California

6   or any other applicable jurisdiction.  MGA further objects to this request on the

7   grounds that it is overly broad and unduly burdensome in that it seeks documents

8   not relevant to the claims or defenses in this action and not reasonably calculated to

9   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

10  DOCUMENTS that REFER OR RELATE TO "work or services provided by

11  Sandra Bilotto" to MGA prior to January 1, 2001 could be relevant to the claims and

12  defenses in this action.  The request is not limited to the subject matter of this action

13  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

14  at 21:5-7.  MGA further objects to this request on the grounds that the term REFER

15  OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the phrase "work or services provided by

17  Sandra Bilotto" as vague and ambiguous.  MGA further objects to the request to the

18  extent it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of MGA.  MGA

20  further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22         MGA further objects to this request as cumulative, duplicative, and

23  unduly burdensome to the extent that it seeks documents previously requested by

24  Mattel or produced by MGA in response to Mattel's document requests, including,

25  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

26  Documents and Things re Claims of Unfair Competition to MGA

27  Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

28  Documents and Things to Isaac Larian.

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

2              MGA incorporates by reference its General Response and General

3   Objections above, as though fully set forth herein and specifically incorporates

4   General Objection No. 15 (regarding Definitions), including without limitation

5   MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

6   further objects to the request to the extent it seeks the production of documents that

7   are protected from disclosure under any applicable privilege, doctrine or immunity,

8   including without limitation the attorney-client privilege, the work product doctrine,

9   the right of privacy, and all other privileges recognized under the constitutional,

10  statutory or decisional law of the United States of America, the State of California

11  or any other applicable jurisdiction.  MGA further objects to this request on the

12  grounds that it is overly broad and unduly burdensome in that it seeks documents

13  not relevant to the claims or defenses in this action and not reasonably calculated to

14  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

15  DOCUMENTS that REFER OR RELATE TO "work or services provided by

16  Sandra Bilotto" to MGA prior to January 1, 2001 could be relevant to the claims and

17  defenses in this action.  The request is not limited to the subject matter of this action

18  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

19  at 21:5-7.  MGA further objects to this request on the grounds that the term REFER

20  OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

21  burdensome.  MGA further objects to the phrase "work or services provided by

22  Sandra Bilotto " as vague and ambiguous.  MGA further objects to the request to the

23  extent it seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of MGA.  MGA

25  further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information.

27              MGA further objects to this request as cumulative, duplicative, and

28  unduly burdensome to the extent that it seeks documents previously requested by

1    Mattel or produced by MGA in response to Mattel's document requests, including,

2    but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

3    Documents and Things re Claims of Unfair Competition to MGA

4    Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

5    Documents and Things to Isaac Larian.

6              Subject to and without waiving the foregoing objections, MGA will

7    produce non-privileged documents in its possession, custody or control, if any, that

8    it is able to locate following a reasonably diligent search that refer or relate to work

9    or services provided by Sandra Bilotto on Prayer Angels to MGA prior to January 1,

10   2001.

11

12   **REQUEST FOR PRODUCTION NO. 36:**

13             All DOCUMENTS that REFER OR RELATE to work or services

14   provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

17             MGA incorporates by reference its General Response and General

18   Objections above, as though fully set forth herein and specifically incorporates

19   General Objection No. 15 (regarding Definitions), including without limitation

20   MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

21   further objects to the request to the extent it seeks the production of documents that

22   are protected from disclosure under any applicable privilege, doctrine or immunity,

23   including without limitation the attorney-client privilege, the work product doctrine,

24   the right of privacy, and all other privileges recognized under the constitutional,

25   statutory or decisional law of the United States of America, the State of California

26   or any other applicable jurisdiction.  MGA further objects to this request on the

27   grounds that it is overly broad and unduly burdensome in that it seeks documents

28   not relevant to the claims or defenses in this action and not reasonably calculated to

lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO "work or services provided by Sandra Bilotto to MATTEL" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work or services provided by Sandra Bilotto to MATTEL" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents known to and within the possession, custody and control of Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 37:**

All tangible items, including without limitation all head sculpts, prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions).  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or

decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* tangible items provided by Sandra Bilotto to MGA prior to January 1, 2001 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the phrase "all head sculpts, prototypes and models provided by Sandra Bilotto to MGA" is vague and ambiguous.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks items previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions).  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to

the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* tangible items provided by Sandra Bilotto to MGA prior to January 1, 2001 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the phrase "all head sculpts, prototypes and models provided by Sandra Bilotto to MGA" is vague and ambiguous.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks items previously requested by Mattel or produced by MGA in response to Mattel's document requests.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged tangible items provided by Sandra Bilotto to MGA prior to January 1, 2001, relating to Prayer Angels, including head sculpts, prototypes and models in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that REFER OR RELATE to YOUR knowledge of the work or services provided by Sandra Bilotto to MATTEL prior to January 1, 2001, regardless of when such knowledge was acquired.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO MGA's "knowledge of the work or services provided by Sandra Bilotto to MATTEL" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "knowledge of the work or services provided by Sandra Bilotto to MATTEL" as vague and ambiguous.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that REFER OR RELATE to payments made by YOU to Sandra Bilotto prior to January 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Sandra Bilotto prior to January 1, 2001 could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Sandra Bilotto prior to January 1, 2001 could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that refer or relate to payments made to Sandra Bilotto for work on Prayer Angels prior to January 1, 2001.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that REFER OR RELATE to payments made by YOU to Sandra Bilotto after January 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

1   MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

2   further objects to the request to the extent it seeks the production of documents that

3   are protected from disclosure under any applicable privilege, doctrine or immunity,

4   including without limitation the attorney-client privilege, the work product doctrine,

5   the right of privacy, and all other privileges recognized under the constitutional,

6   statutory or decisional law of the United States of America, the State of California

7   or any other applicable jurisdiction.  MGA further objects to this request on the

8   grounds that it is overly broad and unduly burdensome in that it seeks documents

9   not relevant to the claims or defenses in this action and not reasonably calculated to

10  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

11  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Sandra

12  Bilotto after January 1, 2001 could be relevant to the claims and defenses in this

13  action.  The request is not limited to the subject matter of this action and is thus

14  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

15  MGA further objects to this request on the grounds that the term REFER OR

16  RELATE TO renders the request vague, ambiguous, overly broad and unduly

17  burdensome.  MGA further objects to the request to the extent it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would be

19  inimical to the business interests of MGA.  MGA further objects to the request to the

20  extent it violates the privacy rights of third parties to their private, confidential,

21  proprietary or trade secret information.

22          MGA further objects to this request as cumulative, duplicative, and

23  unduly burdensome to the extent that it seeks documents previously requested by

24  Mattel or produced by MGA in response to Mattel's document requests, including,

25  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

26  Documents and Things re Claims of Unfair Competition to MGA

27  Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

28  Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS between Isaac Larian and Sandra Bilotto, including without limitation all such COMMUNICATIONS that REFER OR RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* COMMUNICATIONS between Isaac Larian and Sandra Bilotto could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms BRATZ and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA

1  further objects to the request to the extent it seeks confidential, proprietary or

2  commercially sensitive information, the disclosure of which would be inimical to

3  the business interests of MGA.  MGA further objects to the request to the extent it

4  violates the privacy rights of third parties to their private, confidential, proprietary or

5  trade secret information.  MGA further objects to this request as cumulative,

6  duplicative, and unduly burdensome to the extent that it seeks documents previously

7  requested by Mattel or produced by MGA in response to Mattel's document

8  requests.

9

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

11         MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 15 (regarding Definitions), including without limitation

14  MGA s objection to the definition of the terms BRATZ and REFER OR RELATE

15  TO.  MGA further objects to the request to the extent it seeks the production of

16  documents that are protected from disclosure under any applicable privilege,

17  doctrine or immunity, including without limitation the attorney-client privilege, the

18  work product doctrine, the right of privacy, and all other privileges recognized under

19  the constitutional, statutory or decisional law of the United States of America, the

20  State of California or any other applicable jurisdiction.  MGA further objects to this

21  request on the grounds that it is overly broad and unduly burdensome in that it seeks

22  documents not relevant to the claims or defenses in this action and not reasonably

23  calculated to lead to the discovery of admissible evidence.  Mattel has not

24  demonstrated how *all* COMMUNICATIONS between Isaac Larian and Sandra

25  Bilotto could be relevant to the claims and defenses in this action.  The request is

26  not limited to the subject matter of this action and is thus impermissibly overbroad.

27  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

28  request as being overly broad and unduly burdensome on the grounds that it is not

limited in time.  MGA further objects to this request on the grounds that the terms BRATZ and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel s document requests.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search that refer or relate, to communications between Isaac Larian and Sandra Bilotto prior to January 1, 2001 that refer and relate to Prayer Angels.

## B.   Reasons Why Further Response to Request Nos. 32 Through 41 Should Be Compelled

Request Nos. 32 through 41 seek documents and things related to Sandra Bilotto, a former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls.  MGA has placed Ms. Bilotto and Prayer Angels squarely at issue in this lawsuit.  Anna Rhee, one of MGA's vendors, testified that she performed work related to Bratz (described by Bryant as a secret project called "Angel") in the June-

1   October 2000 time frame (when Bryant was still employed by Mattel).[12]   MGA now

2   claims that Ms. Rhee's work during that period related to Prayer Angels, and not

3   Bratz (or Angel).  Documents regarding the timing and nature of Ms. Bilotto's work

4   for MGA and her communications with Isaac Larian regarding Mattel, Bryant and

5   Bratz will provide valuable information regarding the conception, design and

6   development of Prayer Angels and the timing thereof, and whether any of

7   Ms. Bilotto's work for MGA in that time period related to the secret project called

8   Angel.  For example, Request Nos. 35 and 37 seek documents and things regarding

9   Ms. Bilotto's work for MGA prior to January 1, 2001.  These requests are

10  reasonably tailored to obtain information regarding Ms. Bilotto's work for MGA

11  (including work on Prayer Angels or Angel) during the relevant time frame.

12          Discovery regarding Ms. Bilotto's work for MGA is also relevant to

13  Mattel's allegations regarding MGA's access to and theft of Mattel's confidential

14  information and trade secrets.  Ms. Bilotto performed extensive work for Mattel as a

15  vendor.  Documents related to Ms. Bilotto's work for MGA and the timing thereof

16  may provide further evidence of MGA's pattern of recruiting Mattel employees and

17  vendors and inducing them to divulge Mattel's trade secrets.  Request Nos. 36, 38

18  and 41 are reasonably tailored to obtain documents relevant to these issues,

19  including Ms. Bilotto's communications with Mr. Larian regarding Mattel and

20  Mattel products.

21          In its supplemental responses, MGA attempts to limit its production to

22  documents and things related to Prayer Angels only.  This limitation is too narrow

23  and would exclude highly relevant documents and things relating to, among other

24  things, Bratz and "Angel."  The requests are already sufficiently limited to a specific

25  individual (Ms. Bilotto) and in many instances, to a specific time period (prior to

26  _____

27      [12]  See, e.g., Confidential Transcript of Deposition of Anna Rhee, Volume I

28  (February 3, 2005) (Kidman Dec. Ex. 11), at 107:16-108:10, 112:14-113:2.

1  January 1, 2001).  Further limitation is not warranted.  As described above,

2  Ms. Bilotto's work for MGA related to other projects is relevant to the claims and

3  defenses in this lawsuit.

4          In addition, MGA has refused to produce documents to Request

5  Nos. 36, 38 and 41 based on its late-raised objection that those requests "relate to

6  issues that will be addressed in Phase II of the trial in this action."[13]  As an initial

7  matter, MGA cannot justify its refusal to produce responsive documents on the basis

8  of its "Phase II discovery" objection since it did not raise such an objection in its

9  responses and therefore waived it.  See Richmark Corp. v. Timber Falling

10  Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).  In any event, MGA cannot

11  justify such an objection.  Judge Larson and the Discovery Master have expressly

12  rejected MGA's attempts to phase discovery in this action.  MGA should be

13  compelled to produce relevant documents and things now, regardless of whether or

14  not MGA believes they relate to Phase II issues.

15

16  **C.**    **MGA Entertainment, Inc.'s Argument in Response Regarding**

17         **Request Nos. 32 Through 41**

18

19          In Request Nos. 32 through 41, Mattel demands a broad array of

20  documents relating to Sandra Bilotto, the sculptor of an MGA product called Prayer

21  Angels.  Mattel contends that these documents are relevant to show the timing of the

22  creation and development of Prayer Angels because there is an issue as to whether

23  an MGA vendor Anna Rhee worked on Bratz or Prayer Angels in the June-

24  October 2000 timeframe.  (Mot. at 9.) The Court should deny Mattel's Motion to

25

26  _____

27     [13]  See Letter from Andrew Temkin to Scott Kidman and B. Dylan Proctor,

28  dated January 9, 2008 (Kidman Dec. Ex. 5), at 5.

1   Compel with respect to these requests because they are overly broad and MGA has
2   already produced responsive documents.

3          First, no order to compel is warranted because MGA already searched
4   for and produced the resulting documents responsive to these requests for the period
5   prior to January 1, 2001 which is commensurate with the scope of purported
6   relevance articulated by Mattel.  (Temkin Decl., 3.)  In addition, in response to prior
7   document requests, MGA had already produced documents showing payments to
8   and invoices from Ms. Bilotto.  (Temkin Decl., ¶ *Id.*)

9          To the extent Mattel seeks additional documents responsive to Request
10   Nos. 32 through 41, Mattel's requests are overly broad and unduly burdensome
11   because they are not limited to the proper subject matter or time frame.  Although
12   Mattel asserts that it only seeks documents relating to Ms. Bilotto's work on Prayer
13   Angels to help determine what Ms. Rhee was working on during the June-
14   October 2000 timeframe, Mattel's requests demand much broader categories of
15   documents.  None of the requests, for example, is limited to Ms. Bilotto's work on
16   Prayer Angels.  In addition, several requests are not limited to the period prior to
17   January 1, 2001.  (Kidman Decl., Ex. 1 Request Nos. 32-34 & 41.) All of the
18   requests also begin with the phrase "[a]ll documents" or a similarly broad phrase,
19   even when it is clear that "all documents" are grossly excessive.  For example,
20   Request Nos. 32 through 34 seek all documents relating to when Ms. Billoto was
21   first hired.  If Mattel had made even a modest effort to tailor its requests, it could
22   have simply requested documents sufficient to show when she was first hired.

23          Mattel's claim that Ms. Rhee or anyone else at MGA worked on Bratz
24   in the June-October 2000 timeframe under the "codename" "Angel" is unfounded.
25   (Mot. at 9.) Contemporaneous documents plainly show that MGA used the term
26   "Angel" to refer to Prayer Angels, not Bratz.  (*See* Temkin Decl., Ex. 9 (July 7, 2000
27   email message with subject "angel photos" and attached photographs of Prayer
28   Angel Dolls); Ex. 10 (October 18, 2000 email message with photograph attached

titled "Angles _old_new.jpg" depicting Prayer Angel dolls).)  MGA never referred
to Bratz using the name "Angel" or any other "codename."  (See Temkin Decl.,
Ex. 11 at 185:9-14 (stating that Bratz was never known by a codename); Ex. 12 at
118:10-19 (stating that MGA did not use a codename for Bratz); Ex. 13 at 383:16-
384:19 (stating that that Anna Rhee did not work on Bratz until the "end of the year
2000.").)

       Mattel's Motion to Compel should be denied with respect to Request
Nos. 36, 38 and 41 for the additional reason that they relate to issues that will be
addressed in Phase 2 of this action.  As the Court held in its January 7, 2008 order
and reiterated at a February 4, 2008 hearing, all Phase 2 discovery is presently
stayed.  (Temkin Decl., Ex. 4 at 4 ("Phase 2 discovery is STAYED until further
order of the Court.  The Court will address Phase 2 discovery, motions, pretrial, and
trial dates after the conclusion of Phase 1 of the trial.")  Accordingly, Mattel's
motion with regard to these requests is premature and should not be considered at
this time.

       Mattel does not dispute that Request Nos. 36, 38 and 41 concern Phase
2.  Rather, it merely argues that MGA did not raise the objection in its original
responses and objections to the Third Set.  However, because MGA served its initial
responses and objections before the Court stayed Phase 2 discovery, MGA could not
have raised the issue at that time.

       Because Mattel's requests relating to Ms. Bilotto are overly broad,
unduly burdensome and cumulative, and in view of MGA's production of responsive
documents, the Discovery Master should deny Mattel's Motion to Compel.[14]

---

[14]  With regard to requests relating to Phase 2 issues, the Discovery Master
should deny the motion without prejudice, preserving both parties' arguments
regarding such requests, and should direct the parties to meet and confer again about
the requests after Phase 2 discovery resumes.

1

## D.   Mattel's Reply Regarding Request Nos. 32 Through 41

2

3          Request Nos. 32 through 41 seek documents and things relating to

4  Sandra Bilotto, the sculptor of "Prayer Angels."  MGA contends that it should not be

5  compelled to produce additional documents because "MGA already searched for

6  and produced resulting documents responsive to these requests for the period prior

7  to January 1, 2001 . . . ."  Opp. at 12.  Once again, this assertion is belied by MGA's

8  responses to these requests.  In reality, MGA agreed to produce a limited universe of

9  documents in response to only four of the ten requests related to Ms. Bilotto.  MGA

10  never agreed to produce any documents at all in response to the remaining requests

11  (Request Nos. 32-34, 36, 38, 40).  And as to the four requests for which MGA

12  supplemented its responses, MGA limited any production of documents to

13  documents relating to Ms. Bilotto's work on "Prayer Angels" only.

14          MGA's limitation is not warranted and would exclude highly relevant

15  documents and things relating to, for example, 2000 and 2001 work related to Bratz

16  or "Angel."  As set forth in Mattel's motion to compel, these requests are already

17  sufficiently limited to one individual (Ms. Bilotto) and in many instances, to a

18  specific time period (prior to January 1, 2001).  MGA itself placed Ms. Bilotto and

19  Prayer Angels at issue in this lawsuit when it claimed that Anna Rhee (who testified

20  that she worked on Bratz under the code name "Angel" while Bryant was still

21  employed by Mattel) was really working on Prayer Angels, and not Bratz.  Nana

22  Ashong, a former MGA employee, recently testified that "Angel" was also a specific

23  reference or code referring to the "Cloe" character when Bratz was under

24  development.[15]  Responsive documents are obviously relevant to this issue.  MGA

25

26  ────────────

27  [15]   See Confidential Transcript of Deposition of Nana Ashong (January 28, 2008) (Exhibit 3 to the February 15, 2008 Declaration of Jon D. Corey ("Corey Dec.")), at 210:7-211:8, 212:22-214:18.

28

1   cannot avoid producing responsive documents based on its contention that Ms. Rhee

2   never really worked on Bratz during the June-October 2000 time frame.  Ms. Rhee

3   testified that she did, and, if anything, the fact that this is in dispute underscores the

4   importance of further discovery on this point.

5

6   **IV.    MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS**

7   **RELATING TO COMMUNICATIONS WITH AND PAYMENTS TO**

8   **PAULA GARCIA**

9

10          **A.    Requests at Issue (Request Nos. 42, 76 and 77)**

11

12  **REQUEST FOR PRODUCTION NO. 42:**

13          All COMMUNICATIONS between Isaac Larian and Paula Garcia,

14  including without limitation all such COMMUNICATIONS that REFER OR

15  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

18          MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 15 (regarding Definitions), including without limitation

21  MGA's objection to the definition of the terms BRATZ and REFER OR RELATE

22  TO.  MGA further objects to the request to the extent it seeks the production of

23  documents that are protected from disclosure under any applicable privilege,

24  doctrine or immunity, including without limitation the attorney-client privilege, the

25  work product doctrine, the right of privacy, and all other privileges recognized under

26  the constitutional, statutory or decisional law of the United States of America, the

27  State of California or any other applicable jurisdiction.  MGA further objects to this

28  request on the grounds that it is overly broad and unduly burdensome in that it seeks

documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* COMMUNICATIONS between Isaac Larian and Paula Garcia could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms BRATZ and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 168 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS that REFER OR RELATE to payments made by YOU to Paula Garcia prior to January 1, 2002.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

2           MGA incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection No. 15 (regarding Definitions), including without limitation

5  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

6  further objects to the request to the extent it seeks the production of documents that

7  are protected from disclosure under any applicable privilege, doctrine or immunity,

8  including without limitation the attorney-client privilege, the work product doctrine,

9  the right of privacy, and all other privileges recognized under the constitutional,

10 statutory or decisional law of the United States of America, the State of California

11 or any other applicable jurisdiction.  MGA further objects to this request on the

12 grounds that it is overly broad and unduly burdensome in that it seeks documents

13 not relevant to the claims or defenses in this action and not reasonably calculated to

14 lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

15 DOCUMENTS that REFER OR RELATE TO payments made by MGA to Paula

16 Garcia prior to January 1, 2002 could be relevant to the claims and defenses in this

17 action.  The request is not limited to the subject matter of this action and is thus

18 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

19 MGA further objects to this request as being overly broad and unduly burdensome

20 on the grounds that it is not limited in time.  MGA further objects to this request on

21 the grounds that the term REFER OR RELATE TO renders the request vague,

22 ambiguous, overly broad and unduly burdensome.  MGA further objects to the

23 request to the extent it seeks confidential, proprietary or commercially sensitive

24 information, the disclosure of which would be inimical to the business interests of

25 MGA.  MGA further objects to the request to the extent it violates the privacy rights

26 of third parties to their private, confidential, proprietary or trade secret information.

27           MGA further objects to this request as cumulative, duplicative, and

28 unduly burdensome to the extent that it seeks documents requested pursuant to

1  Request No. 77 or previously requested by Mattel or produced by MGA in response

2  to Mattel's document requests, including, but not limited to:  Request Nos. 59, 60,

3  137 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of

4  Unfair Competition to MGA Entertainment, Inc., and Request Nos. 200 and 201

5  from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

6

7  **REQUEST FOR PRODUCTION NO. 77:**

8         All DOCUMENTS that REFER OR RELATE to any payments made

9  by YOU to Paula Garcia, including without limitation any and all bonuses and

10  incentive payments made by YOU to Paula Garcia.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

13         MGA incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein. and specifically incorporates

15  General Objection No. 15 (regarding Definitions), including without limitation

16  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

17  further objects to the request to the extent it seeks the production of documents that

18  are protected from disclosure under any applicable privilege, doctrine or immunity,

19  including without limitation the attorney-client privilege, the work product doctrine,

20  the right of privacy, and all other privileges recognized under the constitutional,

21  statutory or decisional law of the United States of America, the State of California

22  or any other applicable jurisdiction.  MGA further objects to this request on the

23  grounds that it is overly broad and unduly burdensome in that it seeks documents

24  not relevant to the claims or defenses in this action and not reasonably calculated to

25  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

26  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Paula

27  Garcia could be relevant to the claims and defenses in this action.  The request is not

28  limited to the subject matter of this action and is thus impermissibly overbroad.  See

Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No. 76 or previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 59, 60, 137 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request Nos. 200 and 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**B.**    **Reasons Why Further Response to Request Nos. 42, 76 and 77 Should Be Compelled**

Request Nos. 42, 76 and 77 seek communications between Isaac Larian and Paula Garcia and documents regarding MGA's payments to Ms. Garcia.  These documents are relevant to a central issue in this case – the timing of the conception, creation, and development of Bratz.  Ms. Garcia was MGA's Bratz project manager. Prior to that, Ms. Garcia was employed by Mattel.  Responsive documents could show that Ms. Garcia was working with MGA or sharing Mattel's confidential information with MGA while she was still employed by Mattel.  The Discovery Master previously ordered Mr. Bryant to produce documents regarding payments

and bonuses from MGA and several categories of communications with MGA for this very reason.[16]  During the meet and confer, Mattel agreed to limit Request No. 42 to communications between Mr. Larian and Ms. Garcia relating to Mattel, any Mattel doll or product, Carter Bryant and Bratz,[17] which more than sufficiently limits the subject matter of the request.

These documents are also relevant because Ms. Garcia is a key witness in this lawsuit.  Evidence regarding MGA's payments to Ms. Garcia is relevant to issues of credibility and bias.  The Discovery Master previously ordered MGA to provide testimony regarding its payments to Mr. Larian because "payments . . . may also show possible bias and be used for impeachment purposes."[18]

MGA should be compelled to produce documents responsive to Request Nos. 42, 76 and 77.

### C.   MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 42, 76, and 77

Mattel's Motion to Compel should also be denied with respect to its three requests for documents relating to payments from MGA to Paula Garcia and communications between Mr. Larian and her.

Request Nos. 76 and 77 seek "[a]11 DOCUMENTS that REFER OR RELATE TO" any payments by MGA to Ms. Garcia.  (Kidman Decl., Ex. 1 at 24.)

---

[16]   Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007 ("January 25, 2007 Discovery Master's Order") (Kidman Dec. Ex. 12), at 13-16.

[17]   Kidman Dec. ¶ 7.

[18]   Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 (Kidman Dec. Ex. 13), at 11-12.

1   Mattel contends that "[e]vidence regarding MGA's payments to Ms. Garcia is
2   relevant to issues of credibility and bias." (Mot. at 11.)  MGA, however, has already
3   produced documents sufficient to show what payments MGA has made to
4   Ms. Garcia.  (Temkin Decl., ¶ 3.) Mattel therefore has all the "evidence" it needs
5   regarding MGA's payments to Ms. Garcia and does not also need every other piece
6   of paper that makes any reference or relates in any way to such payments.
7   Tellingly, Mattel offers no explanation as to why all those documents are relevant or
8   necessary.

9        Mattel also seeks all communications between Mr. Larian and
10  Ms. Garcia regarding Mattel, any Mattel doll or product, Carter Bryant or Bratz.
11  (Kidman Decl., Ex. 1 at 18 (Request No. 42); Mot. at 11.) Mattel asserts that such
12  documents are relevant to the timing of the creation of Bratz and whether
13  Ms. Garcia, a former Mattel employee, had shared confidential Mattel information
14  with MGA while she was still employed by Mattel.  (Mot. at 11.)

15       Mattel's document request, however, is not properly tailored to seek
16  only the documents that Mattel claims to be seeking in its Motion to Compel.
17  Rather, the request seeks every communication between Ms. Garcia and Mr. Larian
18  at any time.  Recent communications between Ms. Garcia and Mr. Larian, and even
19  communications dating back several years, are unlikely to evidence when Bratz was
20  created or whether Ms. Garcia shared confidential Mattel information with MGA
21  while she was a Mattel employee.  Similarly, requesting all communications
22  regarding Mattel and any Mattel product is not reasonably limited since it would
23  undoubtedly sweep in communications that have nothing to do with information that
24  Ms. Garcia may have acquired in the course of her employment with Mattel.

25       In addition, Mattel's request is improper at this time because Mattel
26  admittedly seeks communications between Ms. Garcia and Mr. Larian in connection
27  with its trade secret theft allegations–a Phase 2 issue.  Thus, the Court's orders

28

staying Phase 2 discovery provide an additional basis for denying Mattel's motion with respect to this request.

Request No. 42 is also unreasonably cumulative of other discovery Mattel has already obtained.  MGA has produced to Mattel more than 40,000 pages of documents relating to Ms. Garcia, including communications between her and Mr. Larian.  (Temkin Decl., ¶ 3.)  Over the past three years, Mattel has also obtained vast amounts of discovery from the MGA Defendants regarding communications and other documents relating to Bratz, Mr. Bryant and Mattel.  Mattel has served the MGA Defendants with hundreds of document requests covering these subjects and has received in response to its requests more than three million pages of responsive documents.  (Temkin Decl., ¶ 3; *see also* Temkin Decl., Ex. 7 (Mattel's First Set of Requests for Production to MGA) at Request No. 32 ("ALL DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.") and Request No. 33 ("ALL DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part).").)

Given the clear overbreadth of Mattel's requests and MGA's prior production of responsive documents, the Court should deny Mattel's Motion to Compel.

### D. <u>Mattel's Reply Regarding Request Nos. 42, 76 and 77</u>

Request Nos. 42 (as limited by Mattel during the meet and confer), 76 and 77 seek certain communications between Isaac Larian and Paula Garcia and documents regarding MGA's payments to Ms. Garcia.  Responsive documents are obviously relevant – Ms. Garcia was MGA's Bratz project manager and is a key witness in this lawsuit.  MGA claims it should not be compelled to produce

1  responsive documents because it "has produced . . . more than 40,000 pages of

2  documents relating to Ms. Garcia" and "already produced documents sufficient to

3  show what payments MGA has made to Ms. Garcia."  Opp. at 14-15.  Once again,

4  however, MGA's responses to the requests at issue do not support these assertions.

5  MGA did not agree to produce any documents responsive to these requests, nor did

6  it respond that all responsive documents, or documents "sufficient to show"

7  payments, have already been produced.  Accordingly, MGA should be compelled to

8  produce all documents responsive to Request Nos. 42, 76 and 77.

9         It also bears noting that MGA's own discovery has repeatedly sought

10  all manner of information about witness's finances.  At depositions, for example,

11  MGA has asked Mattel witnesses how much they make (or made) at Mattel[19] and

12  even their retirement plans.[20]  And, in the case of Anna Rhee, MGA sought records

13  of payments made by any party to her.[21]  MGA likewise should be ordered to fully

14  disclose what it has paid to one of the central witnesses in this case.

15

16

17

18

19

20

21

22

23  _____

24  [19]  See Transcript of Deposition of Liliana Martinez, taken May 20, 2005 (Corey

25  Dec. Ex. 12), at 17:23-18:5; Confidential Transcript of Deposition of Adrienne
    Fontanella, taken January 16, 2008 (Corey Dec. Ex. 13), at 48:17-49:16.

26  [20]  See Confidential Transcript of Deposition of Hoi Hoffman-Briggs, taken
    January 21, 2008 (Corey Dec. Ex. 14), at 101:12-20.

27  [21]   See Bryant's Subpoena in a Civil Case to Anna Rhee, dated February 25,

28  2005 (Corey Dec. Ex. 15) (Request Nos. 5, 6).

## V. MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING TO THE DEVELOPMENT OF SCOOTER SAMANTHA

### A. Requests at Issue (Request Nos. 43 Through 55)

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that REFER OR RELATE TO when and under what circumstances SCOOTER SAMANTHA was first conceived of, including without limitation all such DOCUMENTS that identify the PERSON who conceived of SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the phrase "first conceived of." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and under what circumstances

SCOOTER SAMANTHA was "first conceived of' could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> Magistrate Judge Infante's April 19, 2007 Order ("April 19 Order") at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, sculpting, tooling, production and manufacture of SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and manufacture" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO "the conception, creation, design, development, sculpting, tooling, production and manufacture of SCOOTER SAMANTHA" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overboard where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or

otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 45:**

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State

of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

        MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 46:**

All prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague,

ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 47:**

All prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SHANNEN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO SCOOTER SHANNEN.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly

broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* prototypes, models, samples and tangible items that REFER OR RELATE TO SAMANTHA SHANNEN line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SCOOTER SHANNEN and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184-185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

## REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA as it was first presented to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA "as it was first presented to" MGA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "as it was first presented" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to

1   the extent that it seeks documents not in MGA's possession, custody or control.

2   MGA further objects to the request to the extent it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to

4   the business interests of MGA.

5        MGA further objects to this request as cumulative, duplicative, and

6   unduly burdensome to the extent that it seeks documents previously requested by

7   Mattel or produced by MGA in response to Mattel's document requests, including,

8   but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

9   for Documents and Things re Claims of Unfair Competition to MGA

10  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

11  Documents and Things to Isaac Larian.

12

13  **REQUEST FOR PRODUCTION NO. 49:**

14        All DOCUMENTS that REFER OR RELATE TO SCOOTER

15  SAMANTHA prior to January 1, 2002.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

18        MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 15 (regarding Definitions), including without limitation

21  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

22  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

23  the production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA

28  further objects to this request on the grounds that it is overly broad and unduly

burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS that REFER OR RELATE TO SCOOTER SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

1  (regardless of when such DOCUMENT was created, drafted, generated, sent,

2  received or transmitted).

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

5          MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 15 (regarding Definitions), including without limitation

8  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

9  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

10  the production of documents that are protected from disclosure under any applicable

11  privilege, doctrine or immunity, including without limitation the attorney-client

12  privilege, the work product doctrine, the right of privacy, and all other privileges

13  recognized under the constitutional, statutory or decisional law of the United States

14  of America, the State of California or any other applicable jurisdiction.  MGA

15  further objects to this request on the grounds that it is overly broad and unduly

16  burdensome in that it seeks documents not relevant to the claims or defenses in this

17  action and not reasonably calculated to lead to the discovery of admissible evidence.

18  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

19  SCOOTER SAMANTHA and REFER OR RELATE to the time period prior to

20  January 1, 2002 could be relevant to the claims and defenses in this action.  The

21  request is not limited to the subject matter of this action and is thus impermissibly

22  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

23  Order at 5:26-7:5 (discovery request overbroad where complaint does not even

24  reference the product).  MGA further objects to this request on the grounds that the

25  terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request

26  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

27  the request to the extent that it seeks documents that by reason of public filing,

28  public distribution or otherwise are already in Mattel's possession or are readily

accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents responsive to Request No. 49, and previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with or role in SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA

1   further objects to this request on the grounds that it is overly broad and unduly

2   burdensome in that it seeks documents not relevant to the claims or defenses in this

3   action and not reasonably calculated to lead to the discovery of admissible evidence.

4   Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

5   Paula Garcia's work in connection with or role in SCOOTER SAMANTHA could

6   be relevant to the claims and defenses in this action.  The request is not limited to

7   the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

8   Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5

9   (discovery request overbroad where complaint does not even reference the product).

10  MGA further objects to this request as being overly broad and unduly burdensome

11  on the grounds that it is not limited in time.  MGA further objects to this request on

12  the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO

13  renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

14  further objects to the phrase "work in connection with or role in" as vague and

15  ambiguous.  MGA further objects to the request to the extent that it seeks documents

16  not in MGA's possession, custody or control.  MGA further objects to the request to

17  the extent it seeks confidential, proprietary or commercially sensitive information,

18  the disclosure of which would be inimical to the business interests of MGA.

19          MGA further objects to this request as cumulative, duplicative, and

20  unduly burdensome to the extent that it seeks documents previously requested by

21  Mattel or produced by MGA in response to Mattel's document requests, including,

22  but not limited to:  Request No. 168 from Mattel's First Set of Requests for

23  Documents and Things to Isaac Larian.

24

25  **REQUEST FOR PRODUCTION NO. 52:**

26          All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

27  in connection with or role in SCOOTER SAMANTHA.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

MGA incorporates by reference its General Response and General
Objections above, as though fully set forth herein and specifically incorporates
General Objection No. 15 (regarding Definitions), including without limitation
MGA's objection to the definition of the terms SCOOTER SAMANTHA and
REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks
the production of documents that are protected from disclosure under any applicable
privilege, doctrine or immunity, including without limitation the attorney-client
privilege, the work product doctrine, the right of privacy, and all other privileges
recognized under the constitutional, statutory or decisional law of the United States
of America, the State of California or any other applicable jurisdiction.  MGA
further objects to this request on the grounds that it is overly broad and unduly
burdensome in that it seeks documents not relevant to the claims or defenses in this
action and not reasonably calculated to lead to the discovery of admissible evidence.
Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO
Isaac Larian's work in connection with or role in SCOOTER SAMANTHA could be
relevant to the claims and defenses in this action.  The request is not limited to the
subject matter of this action and is thus impermissibly overbroad.  See Aug. 13
Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5
(discovery request overbroad where complaint does not even reference the product).
MGA further objects to this request as being overly broad and unduly burdensome
on the grounds that it is not limited in time.  MGA further objects to this request on
the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO
renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA
further objects to the phrase "work in connection with or role in" as vague and
ambiguous.  MGA further objects to the request to the extent that it seeks documents
not in MGA's possession, custody or control.  MGA further objects to the request to
the extent it seeks confidential, proprietary or commercially sensitive information,

1  the disclosure of which would be inimical to the business interests of MGA.  MGA

2  further objects to this request as cumulative, duplicative, and unduly burdensome to

3  the extent that it seeks documents previously requested by Mattel or produced by

4  MGA in response to Mattel's document requests.

5

6  **REQUEST FOR PRODUCTION NO. 53:**

7            DOCUMENTS sufficient to show the first manufacture date of each

8  and every SCOOTER SAMANTHA product.

9

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

11           MGA incorporates by reference its General Response and General

12 Objections above, as though fully set forth herein and specifically incorporates

13 General Objection No. 15 (regarding Definitions), including without limitation

14 MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA

15 further objects to the request to the extent it seeks the production of documents that

16 are protected from disclosure under any applicable privilege, doctrine or immunity,

17 including without limitation the attorney-client privilege, the work product doctrine,

18 the right of privacy, and all other privileges recognized under the constitutional,

19 statutory or decisional law of the United States of America, the State of California

20 or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

21 to show" as vague and ambiguous.  MGA further objects to this request on the

22 grounds that it is overly broad and unduly burdensome in that it seeks documents

23 not relevant to the claims or defenses in this action and not reasonably calculated to

24 lead to the discovery of admissible evidence.  Mattel has not demonstrated how

25 DOCUMENTS "sufficient to show" the first manufacture date of *each and every*

26 SCOOTER SAMANTHA product could be relevant to the claims and defenses in

27 this action.  The request is not limited to the subject matter of this action and is thus

28 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

07209/2338254.2

-113-

see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the term SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in geographic scope.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS sufficient to show the first ship date of each and every SCOOTER SAMANTHA product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

MGA's objection to the definition of the term SCOOTER SAMANTHA. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the phrase "sufficient to show" as vague and ambiguous. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship date of *each and every* SCOOTER SAMANTHA product could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in geographic scope. MGA further objects to this request on the grounds that the term SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations thereby precluding

1  disclosure in response to this request.  MGA further objects to the request to the

2  extent it violates the privacy rights of third parties to their private, confidential,

3  proprietary or trade secret information.

4           MGA further objects to this request as cumulative, duplicative, and

5  unduly burdensome to the extent that it seeks documents previously requested by

6  Mattel or produced by MGA in response to Mattel's document requests, including,

7  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

8  for Documents and Things re Claims of Unfair Competition to MGA

9  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

10  Documents and Things to Isaac Larian.

11

12  **REQUEST FOR PRODUCTION NO. 55:**

13           DOCUMENTS sufficient to show YOUR revenues from SCOOTER

14  SAMANTHA.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

17           MGA incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 15 (regarding Definitions), including without limitation

20  MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA

21  further objects to the request to the extent it seeks the production of documents that

22  are protected from disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California

26  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

27  to show" as vague and ambiguous.  MGA further objects to this request on the

28  grounds that it is overly broad and unduly burdensome in that it seeks documents

1  not relevant to the claims or defenses in this action and not reasonably calculated to

2  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

3  DOCUMENTS "sufficient to show" MGA's revenues from SCOOTER

4  SAMANTHA could be relevant to the claims and defenses in this action.  The

5  request is not limited to the subject matter of this action and is thus impermissibly

6  overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

7  Order at 5:26-7:5 (discovery request overbroad where complaint does not even

8  reference the product).  MGA further objects to this request as being overly broad

9  and unduly burdensome on the grounds that it is not limited in time or geographic

10  scope.  MGA further objects to this request on the grounds that the term SCOOTER

11  SAMANTHA renders the request vague, ambiguous, overly broad and unduly

12  burdensome.  MGA further objects to the request to the extent it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would be

14  inimical to the business interests of MGA.

15        MGA further objects to this request as cumulative, duplicative, and

16  unduly burdensome to the extent that it seeks documents previously requested by

17  Mattel or produced by MGA in response to Mattel's document requests, including,

18  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

19  for Documents and Things re Claims of Unfair Competition to MGA

20  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

21  Documents and Things to Isaac Larian.

22

23    **B.    Reasons Why Further Response to Request Nos. 43 Through 55**

24        **Should Be Compelled**

25

26        Request Nos. 43 through 55 seek documents and things related to the

27  conception, design and development of MGA's Scooter Samantha products.  This

28  information is relevant to Mattel's claim in this lawsuit that MGA has engaged in a

1  pattern of stealing Mattel's trade secrets.  Mattel specifically alleges that Scooter

2  Samantha is the product of MGA's theft of Mattel's Scooter Shannen.[22]  And the

3  Discovery Master previously recognized that "[a]ny proof of trade secret theft is

4  also relevant to Mattel's defenses against MGA's unfair competition claims."[23]  The

5  origins and development of Scooter Samantha are therefore at issue in this lawsuit.

6  Requests 43 through 55 are narrowly tailored to lead to the discovery of admissible

7  evidence on that issue.  For example, Request No. 43 seeks documents related to

8  "when and under what circumstances Scooter Samantha was first conceived of," and

9  Request Nos. 53 and 54 seeks documents sufficient to show the first manufacture

10  and ship dates of Scooter Samantha products.

11

12  **C.**     **MGA Entertainment, Inc.'s Argument in Response Regarding**

13        **Request Nos. 43 Through 55**

14

15        The Discovery Master should deny Mattel's Motion to Compel with

16  respect to Request Nos. 43 through 55 because these requests relate to Phase 2 of

17  this case.  Request Nos. 43 through 55 seek various documents and things relating to

18  MGA's Scooter Samantha product.  Mattel contends that "[t]his information is

19  relevant to Mattel's claim in this lawsuit that MGA has engaged in a pattern of

20  stealing Mattel's trade secrets."  (Mot. at 12)  There is no question that Mattel's trade

21  secret claim is a Phase 2 issue.

22        Pursuant to the Court's January 7, 2008 and February 4, 2008 orders, all

23  Phase 2 discovery is presently stayed.  (Temkin Decl., Ex. 4 at 4 ("Phase 2

24  discovery is STAYED until further order of the Court.  The Court will address

25  ─────────────────

26  [22]  See Mattel's Supplemental Responses to MGA's First Set of Special
    Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 44 (Mattel's
27  Supplemental Response to Special Interrogatory No. 1).
    [23]  January 25, 2007 Discovery Master's (Kidman Dec. Ex. 12), at 14.
28

1  Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1

2  of the trial.")  Accordingly, Mattel's motion with respect to these requests is

3  premature and should not be considered at this time.

4

5         **D.**    **Mattel's Reply Regarding Request Nos. 43 Through 55**

6

7         Request Nos. 43 through 55 seek documents and things related to

8  MGA's Scooter Samantha products.  Mattel alleges that MGA took internal Mattel

9  information from Mattel's Scooter Shannen project to create and develop Scooter

10  Samantha.[24]  MGA argues in its Opposition that these requests "should not be

11  considered at this time" because they relate to Phase 2 issues.  Opp. at 16.  MGA

12  does not rely on any of its objections to these Requests in opposition to Mattel's

13  motion.  Accordingly, those objections should be overruled, and MGA should be

14  compelled to produce documents responsive to Request Nos. 43 through 55.

15         Nor is it correct that these issues relate to just Phase 2 discovery.  As

16  the Court has ruled, mixed Phase 1 and Phase 2 discovery is <u>not</u> stayed.[25]  The

17  discovery about Scooter Samantha's conception, design and development *in 2000* is

18  sought for purposes of challenging MGA's product development timeline regarding

19  Bratz -- which, in stark contrast to the approximately year-long process it took for

20  other products such as Scooter Samantha, MGA claims lasted only a matter of a few

21  weeks before Bratz was shown at Hong Kong Toy Fair.   The Scooter Samantha

22  documents are also sought to impeach Paula Garcia's testimony about her

23  involvement in MGA's product conception, design and development *during 2000.*

24

25  ───────────────

26    [24] <u>See</u> Mattel's Supplemental Responses to MGA's First Set of Special
Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 44 (Mattel's

27  Supplemental Response to Special Interrogatory No. 1).

28    [25]  February 4, 2008 Order at 3 (Temkin Dec. Ex. 4).

1   That is the time period directly at issue in Phase 1 and is clearly relevant to Phase 1

2   trial.

3

4

5   **VI.   MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS**

6   **RELATED TO SCOT REYES AND THE DEVELOPMENT OF SPACE**

7   **BABES**

8

9       **A.    Requests at Issue (Request Nos. 56 Through 75)**

10

11  **REQUEST FOR PRODUCTION NO. 56:**

12          All DOCUMENTS that REFER OR RELATE TO when and under

13  what circumstances SPACE BABES was first conceived of, including without

14  limitation all such DOCUMENTS that identify the PERSON who conceived of

15  SPACE BABES.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

18          MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 15 (regarding Definitions), including without limitation

21  MGA's objection to the definition of the terms SPACE BABES and REFER OR

22  RELATE TO.  MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA

28  further objects to the phrase "first conceived of" as vague and ambiguous.  MGA

1  further objects to this request on the grounds that it is overly broad and unduly

2  burdensome in that it seeks documents not relevant to the claims or defenses in this

3  action and not reasonably calculated to lead to the discovery of admissible evidence.

4  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

5  when and under what circumstances SPACE BABES was first conceived of could

6  be relevant to the claims and defenses in this action.  The request is not limited to

7  the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

8  Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5

9  (discovery request overbroad where complaint does not even reference the product).

10  MGA further objects to this request as being overly broad and unduly burdensome

11  on the grounds that it is not limited in time.  MGA further objects to this request on

12  the grounds that the terms SPACE BABES and REFER OR RELATE TO renders

13  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

14  objects to the request to the extent that it seeks documents that by reason of public

15  filing, public distribution or otherwise are already in Mattel's possession or are

16  readily accessible to Mattel.  MGA further objects to the request to the extent that it

17  seeks documents not in MGA's possession, custody or control.  MGA further objects

18  to the request to the extent it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of MGA.

21          MGA further objects to this request as cumulative, duplicative, and

22  unduly burdensome to the extent that it seeks documents previously requested by

23  Mattel or produced by MGA in response to Mattel's document requests, including,

24  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

25  for Documents and Things re Claims of Unfair Competition to MGA

26  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

27  Documents and Things to Isaac Larian.

28

1   **REQUEST FOR PRODUCTION NO. 57:**

2          All DOCUMENTS that REFER OR RELATE TO the conception,

3   creation, design, development, sculpting, tooling, production and manufacture of

4   SPACE BABES.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

7          MGA incorporates by reference its General Response and General

8   Objections above, as though fully set forth herein and specifically incorporates

9   General Objection No. 15 (regarding Definitions), including without limitation

10  MGA's objection to the definition of the terms SPACE BABES and REFER OR

11  RELATE TO.  MGA further objects to the request to the extent it seeks the

12  production of documents that are protected from disclosure under any applicable

13  privilege, doctrine or immunity, including without limitation the attorney-client

14  privilege, the work product doctrine, the right of privacy, and all other privileges

15  recognized under the constitutional, statutory or decisional law of the United States

16  of America, the State of California or any other applicable jurisdiction.  MGA

17  further objects to this request on the grounds that it is overly broad and unduly

18  burdensome in that it seeks documents not relevant to the claims or defenses in this

19  action and not reasonably calculated to lead to the discovery of admissible evidence.

20  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

21  "the conception, creation, design, development, sculpting, tooling, production and

22  manufacture of SPACE BABES" could be relevant to the claims and defenses in this

23  action.  The request is not limited to the subject matter of this action and is thus

24  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

25  see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

26  does not even reference the product).  MGA further objects to this request as being

27  overly broad and unduly burdensome on the grounds that it is not limited in time.

28  MGA further objects to this request on the grounds that the terms SPACE BABES

and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and manufacture" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 58:**

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES. MGA further

1  objects to the request to the extent it seeks the production of tangible items that are

2  protected from disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California

6  or any other applicable jurisdiction.  MGA further objects to this request on the

7  grounds that it is overly broad and unduly burdensome in that it seeks tangible items

8  not relevant to the claims or defenses in this action and not reasonably calculated to

9  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

10  samples of each doll or other product that has been sold under the name SPACE

11  BABES or as part of the SPACE BABES line could be relevant to the claims and

12  defenses in this action.  The request is not limited to the subject matter of this action

13  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

14  at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

15  complaint does not even reference the product).  MGA further objects to this request

16  as being overly broad and unduly burdensome on the grounds that it is not limited in

17  time or geographic scope.  MGA further objects to this request on the grounds that

18  the terms SPACE BABES and REFER OR RELATE TO renders the request vague,

19  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

20  request to the extent that it seeks documents that by reason of public filing, public

21  distribution or otherwise are already in Mattel's possession or are readily accessible

22  to Mattel.  MGA further objects to the request to the extent that it seeks documents

23  not in MGA's possession, custody or control.  MGA further objects to the request to

24  the extent it seeks confidential, proprietary or commercially sensitive information,

25  the disclosure of which would be inimical to the business interests of MGA.

26          MGA further objects to this request as cumulative, duplicative, and

27  unduly burdensome to the extent that it seeks documents previously requested by

28  Mattel or produced by MGA in response to Mattel's document requests, including,

1  but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of
2  Requests for Documents and Things to Isaac Larian.

3

4  **REQUEST FOR PRODUCTION NO. 59:**

5          All prototypes, models, samples and tangible items that REFER OR
6  RELATE TO SPACE BABES.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9          MGA incorporates by reference its General Response and General
10  Objections above, as though fully set forth herein and specifically incorporates
11  General Objection No. 15 (regarding Definitions), including without limitation
12  MGA's objection to the definition of the terms REFER OR RELATE TO SPACE
13  BABES.  MGA further objects to the request to the extent it seeks the production of
14  tangible items that are protected from disclosure under any applicable privilege,
15  doctrine or immunity, including without limitation the attorney-client privilege, the
16  work product doctrine, the right of privacy, and all other privileges recognized under
17  the constitutional, statutory or decisional law of the United States of America, the
18  State of California or any other applicable jurisdiction.  MGA further objects to this
19  request on the grounds that it is overly broad and unduly burdensome in that it seeks
20  tangible items not relevant to the claims or defenses in this action and not
21  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has
22  not demonstrated how *all* prototypes, models, samples and tangible items that
23  REFER OR RELATE TO SPACE BABES line could be relevant to the claims and
24  defenses in this action.  The request is not limited to the subject matter of this action
25  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; see also May 22 Order
26  at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where
27  complaint does not even reference the product).  MGA further objects to this request
28  as being overly broad and unduly burdensome on the grounds that it is not limited in

1   time or geographic scope.  MGA further objects to this request on the grounds that

2   the terms SPACE BABES and REFER OR RELATE TO renders the request vague,

3   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4   phrase "prototypes, models, samples and tangible items" as vague and ambiguous.

5   MGA further objects to the request to the extent that it seeks documents not in

6   MGA's possession, custody or control.  MGA further objects to the request to the

7   extent it seeks confidential, proprietary or commercially sensitive information, the

8   disclosure of which would be inimical to the business interests of MGA.

9          MGA further objects to this request as cumulative, duplicative, and

10  unduly burdensome to the extent that it seeks documents previously requested by

11  Mattel or produced by MGA in response to Mattel's document requests, including,

12  but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of

13  Requests for Documents and Things to Isaac Larian.

14

15  **REQUEST FOR PRODUCTION NO. 60:**

16          All DOCUMENTS that REFER OR RELATE TO SPACE BABES as

17  it was first presented to YOU.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

20          MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 15 (regarding Definitions), including without limitation

23  MGA's objection to the definition of the terms SPACE BABES and REFER OR

24  RELATE TO.  MGA further objects to the request to the extent it seeks the

25  production of documents that are protected from disclosure under any applicable

26  privilege, doctrine or immunity, including without limitation the attorney-client

27  privilege, the work product doctrine, the right of privacy, and all other privileges

28  recognized under the constitutional, statutory or decisional law of the United States

of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SPACE BABES "as it was first presented to" MGA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "as it was first presented" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to January 1, 2005.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

2              MGA incorporates by reference its General Response and General

3    Objections above, as though fully set forth herein and specifically incorporates

4    General Objection No. 15 (regarding Definitions), including without limitation

5    MGA's objection to the definition of the terms SPACE BABES and REFER OR

6    RELATE TO.  MGA further objects to the request to the extent it seeks the

7    production of documents that are protected from disclosure under any applicable

8    privilege, doctrine or immunity, including without limitation the attorney-client

9    privilege, the work product doctrine, the right of privacy, and all other privileges

10   recognized under the constitutional, statutory or decisional law of the United States

11   of America, the State of California or any other applicable jurisdiction.  MGA

12   further objects to this request on the grounds that it is overly broad and unduly

13   burdensome in that it seeks documents not relevant to the claims or defenses in this

14   action and not reasonably calculated to lead to the discovery of admissible evidence.

15   Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

16   SPACE BABES prior to January 1, 2005 could be relevant to the claims and

17   defenses in this action.  The request is not limited to the subject matter of this action

18   and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

19   at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

20   complaint does not even reference the product).  MGA further objects to this request

21   on the grounds that the terms SPACE BABES and REFER OR RELATE TO

22   renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

23   further objects to the request to the extent that it seeks documents that by reason of

24   public filing, public distribution or otherwise are already in Mattel's possession or

25   are readily accessible to Mattel.  MGA further objects to the request to the extent

26   that it seeks documents not in MGA's possession, custody or control.  MGA further

27   objects to the request to the extent it seeks confidential, proprietary or commercially

28

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.

3     MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7  for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

9  Documents and Things to Isaac Larian.

10

11  **REQUEST FOR PRODUCTION NO. 62:**

12     All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

13  in connection with or role in SPACE BABES.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

16     MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 15 (regarding Definitions), including without limitation

19  MGA's objection to the definition of the terms SPACE BABES and REFER OR

20  RELATE TO.  MGA further objects to the request to the extent it seeks the

21  production of documents that are protected from disclosure under any applicable

22  privilege, doctrine or immunity, including without limitation the attorney-client

23  privilege, the work product doctrine, the right of privacy, and all other privileges

24  recognized under the constitutional, statutory or decisional law of the United States

25  of America, the State of California or any other applicable jurisdiction.  MGA

26  further objects to this request on the grounds that it is overly broad and unduly

27  burdensome in that it seeks documents not relevant to the claims or defenses in this

28  action and not reasonably calculated to lead to the discovery of admissible evidence.

1  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

2  Paula Garcia's work in connection with or role in SPACE BABES could be relevant

3  to the claims and defenses in this action.  The request is not limited to the subject

4  matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at

5  9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery

6  request overbroad where complaint does not even reference the product).  MGA

7  further objects to this request as being overly broad and unduly burdensome on the

8  grounds that it is not limited in time.  MGA further objects to this request on the

9  grounds that the terms SPACE BABES and REFER OR RELATE TO renders the

10  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

11  objects to the phrase "work in connection with or role in" as vague and ambiguous.

12  MGA further objects to the request to the extent that it seeks documents not in

13  MGA's possession, custody or control.  MGA further objects to the request to the

14  extent it seeks confidential, proprietary or commercially sensitive information, the

15  disclosure of which would be inimical to the business interests of MGA.

16       MGA further objects to this request as cumulative, duplicative, and

17  unduly burdensome to the extent that it seeks documents previously requested by

18  Mattel or produced by MGA in response to Mattel's document requests, including,

19  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

20  for Documents and Things re Claims of Unfair Competition to MGA

21  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

22  Documents and Things to Isaac Larian.

23

24  **REQUEST FOR PRODUCTION NO. 63:**

25       All DESIGNS conceived of, made, produced or created, whether in

26  whole or in part, by Scot Reyes in connection with SPACE BABES.

27

28

07209/2338254.2

-130-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms DESIGNS and SPACE BABES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DESIGNS conceived of, made, produced or created by Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms DESIGN and SPACE BABES render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "conceived of, made, produced or created" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA' s possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.

3          MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7  for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc.

9

10 **REQUEST FOR PRODUCTION NO. 64:**

11          All DOCUMENTS that REFER OR RELATE TO DESIGNS

12 conceived of, made, produced or created, whether in whole or in part, by Scot Reyes

13 in connection with SPACE BABES.

14

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

16          MGA incorporates by reference its General Response and General

17 Objections above, as though fully set forth herein and specifically incorporates

18 General Objection No. 15 (regarding Definitions), including without limitation

19 MGA's objection to the definition of the terms DESIGN, SPACE BABES and

20 REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

21 the production of documents that are protected from disclosure under any applicable

22 privilege, doctrine or immunity, including without limitation the attorney-client

23 privilege, the work product doctrine, the right of privacy, and all other privileges

24 recognized under the constitutional, statutory or decisional law of the United States

25 of America, the State of California or any other applicable jurisdiction.  MGA

26 further objects to this request on the grounds that it is overly broad and unduly

27 burdensome in that it seeks documents not relevant to the claims or defenses in this

28 action and not reasonably calculated to lead to the discovery of admissible evidence.

Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO DESIGNS "conceived of, made, produced or created" by Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms DESIGN, SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "conceived of, made, produced or created" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2         MGA incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection No. 15 (regarding Definitions), including without limitation

5  MGA's objection to the definition of the terms SPACE BABES and REFER OR

6  RELATE TO.  MGA further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction.  MGA

12  further objects to this request on the grounds that it is overly broad and unduly

13  burdensome in that it seeks documents not relevant to the claims or defenses in this

14  action and not reasonably calculated to lead to the discovery of admissible evidence.

15  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

16  Scot Reyes' work in connection with or role in SPACE BABES could be relevant to

17  the claims and defenses in this action.  The request is not limited to the subject

18  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

19  9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

20  request overbroad where complaint does not even reference the product).  MGA

21  further objects to this request as being overly broad and unduly burdensome on the

22  grounds that it is not limited in time.  MGA further objects to this request on the

23  grounds that the terms SPACE BABES and REFER OR RELATE TO renders the

24  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

25  objects to the phrase "work in connection with or role in" as vague and ambiguous.

26  MGA further objects to the request to the extent that it seeks documents not in

27  MGA's possession, custody or control.  MGA further objects to the request to the

28

1   extent it seeks confidential, proprietary or commercially sensitive information, the

2   disclosure of which would be inimical to the business interests of MGA.

3         MGA further objects to this request as cumulative, duplicative, and

4   unduly burdensome to the extent that it seeks documents previously requested by

5   Mattel or produced by MGA in response to Mattel's document requests, including,

6   but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7   for Documents and Things re Claims of Unfair Competition to MGA

8   Entertainment, Inc.

9

10   **REQUEST FOR PRODUCTION NO. 66:**

11         All actual or proposed contracts and agreements between YOU and

12   Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

13   limitation all drafts thereof.

14

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

16         MGA incorporates by reference its General Response and General

17   Objections above, as though fully set forth herein and specifically incorporates

18   General Objection No. 15 (regarding Definitions), including without limitation

19   MGA' s objection to the definition of the terms SPACE BABES and REFER OR

20   RELATE TO.  MGA further objects to the request to the extent it seeks the

21   production of documents that are protected from disclosure under any applicable

22   privilege, doctrine or immunity, including without limitation the attorney-client

23   privilege, the work product doctrine, the right of privacy, and all other privileges

24   recognized under the constitutional, statutory or decisional law of the United States

25   of America, the State of California or any other applicable jurisdiction.  MGA

26   further objects to this request on the grounds that it is overly broad and unduly

27   burdensome in that it seeks documents not relevant to the claims or defenses in this

28   action and not reasonably calculated to lead to the discovery of admissible evidence.

Mattel has not demonstrated how *all* actual or proposed contracts and agreements between MGA and Scot Reyes that REFER OR RELATE TO SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot Reyes for or in connection with SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO and SPACE BABES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms REFER OR RELATE TO and SPACE BABES render the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

1    MGA further objects to this request as cumulative, duplicative, and
2  unduly burdensome to the extent that it seeks documents requested pursuant to
3  Request No. 68 or previously requested by Mattel or produced by MGA in response
4  to Mattel's document requests.

5

6  **REQUEST FOR PRODUCTION NO. 68:**

7    All DOCUMENTS that REFER OR RELATE TO payments by YOU
8  to Scot Reyes.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

11    MGA incorporates by reference its General Response and General
12  Objections above, as though fully set forth herein and specifically incorporates
13  General Objection No. 15 (regarding Definitions), including without limitation
14  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA
15  further objects to the request to the extent it seeks the production of documents that
16  are protected from disclosure under any applicable privilege, doctrine or immunity,
17  including without limitation the attorney-client privilege, the work product doctrine,
18  the right of privacy, and all other privileges recognized under the constitutional,
19  statutory or decisional law of the United States of America, the State of California
20  or any other applicable jurisdiction.  MGA further objects to this request on the
21  grounds that it is overly broad and unduly burdensome in that it seeks documents
22  not relevant to the claims or defenses in this action and not reasonably calculated to
23  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*
24  DOCUMENTS that REFER OR RELATE TO payments made by MGA to Scot
25  Reyes could be relevant to the claims and defenses in this action.  The request is not
26  limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u>
27  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this
28  request as being overly broad and unduly burdensome on the grounds that it is not

1   limited in time.  MGA further objects to this request on the grounds that the term

2   REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

3   unduly burdensome.  MGA further objects to the request to the extent it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of

5   which would be inimical to the business interests of MGA.  MGA further objects to

6   the request to the extent it violates the privacy rights of third parties to their private,

7   confidential, proprietary or trade secret information.

8           MGA further objects to this request as cumulative, duplicative, and

9   unduly burdensome to the extent that it seeks documents requested pursuant to

10  Request No. 67 or previously requested by Mattel or produced by MGA in response

11  to Mattel's document requests.

12

13  **REQUEST FOR PRODUCTION NO. 69:**

14          All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

15  in connection with or role in SPACE BABES.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

18          MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 15 (regarding Definitions), including without limitation

21  MGA's objection to the definition of the terms SPACE BABES and REFER OR

22  RELATE TO.  MGA further objects to the request to the extent it seeks the

23  production of documents that are protected from disclosure under any applicable

24  privilege, doctrine or immunity, including without limitation the attorney-client

25  privilege, the work product doctrine, the right of privacy, and all other privileges

26  recognized under the constitutional, statutory or decisional law of the United States

27  of America, the State of California or any other applicable jurisdiction.  MGA

28  further objects to this request on the grounds that the terms SPACE BABES and

REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to show the first manufacture date of each and every SPACE BABES product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation

1  MGA's objection to the definition of the term SPACE BABES.  MGA further

2  objects to the request to the extent it seeks the production of documents that are

3  protected from disclosure under any applicable privilege, doctrine or immunity,

4  including without limitation the attorney-client privilege, the work product doctrine,

5  the right of privacy, and all other privileges recognized under the constitutional,

6  statutory or decisional law of the United States of America, the State of California

7  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

8  to show" as vague and ambiguous.  MGA further objects to this request on the

9  grounds that it is overly broad and unduly burdensome in that it seeks documents

10 not relevant to the claims or defenses in this action and not reasonably calculated to

11 lead to the discovery of admissible evidence.  Mattel has not demonstrated how

12 DOCUMENTS "sufficient to show" the first manufacture date of *each and every*

13 SPACE BABES product could be relevant to the claims and defenses in this action.

14 The request is not limited to the subject matter of this action and is thus

15 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

16 see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

17 does not even reference the product).  MGA further objects to this request as being

18 overly broad and unduly burdensome on the grounds that it is not limited in time or

19 geographic scope.  MGA further objects to this request on the grounds that the term

20 SPACE BABES renders the request vague, ambiguous, overly broad and unduly

21 burdensome.  MGA further objects to the request to the extent that it seeks

22 documents that by reason of public filing, public distribution or otherwise are

23 already in Mattel's possession or are readily accessible to Mattel.  MGA further

24 objects to the request to the extent that it seeks documents not in MGA's possession,

25 custody or control.  MGA further objects to the request to the extent it seeks

26 confidential, proprietary or commercially sensitive information, the disclosure of

27 which would be inimical to the business interests of MGA.

28

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the first ship date of each and every SPACE BABES product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship date of *each and every* SPACE BABES product could be relevant to the claims and defenses in this action.  The

request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term SPACE BABES renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS sufficient to show YOUR revenues from SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

1  General Objection No. 15 (regarding Definitions), including without limitation
2  MGA's objection to the definition of the term SPACE BABES.  MGA further
3  objects to the request to the extent it seeks the production of documents that are
4  protected from disclosure under any applicable privilege, doctrine or immunity,
5  including without limitation the attorney-client privilege, the work product doctrine,
6  the right of privacy, and all other privileges recognized under the constitutional,
7  statutory or decisional law of the United States of America, the State of California
8  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient
9  to show" as vague and ambiguous.  MGA further objects to this request on the
10 grounds that it is overly broad and unduly burdensome in that it seeks documents
11 not relevant to the claims or defenses in this action and not reasonably calculated to
12 lead to the discovery of admissible evidence.  Mattel has not demonstrated how
13 DOCUMENTS "sufficient to show" MGA's revenues from SPACE BABES could
14 be relevant to the claims and defenses in this action.  The request is not limited to
15 the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13
16 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5
17 (discovery request overbroad where complaint does not even reference the product).
18 MGA further objects to this request as being overly broad and unduly burdensome
19 on the grounds that it is not limited in time or geographic scope.  MGA further
20 objects to this request on the grounds that the term SPACE BABES renders the
21 request vague, ambiguous, overly broad and unduly burdensome.  MGA further
22 objects to the request to the extent it seeks confidential, proprietary or commercially
23 sensitive information, the disclosure of which would be inimical to the business
24 interests of MGA.  Such information may also be subject to protective orders
25 governing other litigations thereby precluding disclosure in response to this request.
26         MGA further objects to this request as cumulative, duplicative, and
27 unduly burdensome to the extent that it seeks documents previously requested by
28 Mattel or produced by MGA in response to Mattel's document requests, including,

but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS that REFER OR RELATE TO any DESIGN offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by YOU from Scot Reyes or made, created, produced or conceived of, whether in whole or in party, by Scot Reyes on YOUR behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms DESIGN and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that the terms DESIGN, and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "offered, submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created, produced or conceived of by Scot Reyes" as vague and ambiguous.  MGA further objects to

this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO *any* DESIGN offered, submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created, produced or conceived of by Scot Reyes on behalf of MGA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 74:**

All COMMUNICATIONS between YOU and Scot Reyes that REFER OR RELATE TO MATTEL or any MATTEL doll or product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that

are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and Scot Reyes that REFER OR RELATE TO MATTEL or any MATTEL doll or product could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 138 and 140 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 116 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS that REFER OR RELATE TO MATTEL documents or information provided, shown or otherwise disclosed to YOU by Scot Reyes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO MATTEL documents or information provided, shown or otherwise disclosed, to MGA by Scot Reyes could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase " provided, shown or otherwise

disclosed" as vague and ambiguous.  MGA further objects to the request to the
extent that it seeks documents not in MGA's possession, custody or control.  MGA
further objects to the request to the extent it seeks confidential, proprietary or
commercially sensitive information, the disclosure of which would be inimical to
the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and
unduly burdensome to the extent that it seeks documents previously requested by
Mattel or produced by MGA in response to Mattel's document requests, including,
but not limited to:  Request Nos. 116, 198, and 221 from Mattel's First Set of
Requests for Documents and Things to Isaac Larian, and Request Nos. 42, 137, 140,
and 160 from Mattel, Inc.'s First Set of Requests for Documents and Things re
Claims of Unfair Competition to MGA Entertainment, Inc.

## B.   Reasons Why Further Response to Request Nos. 56 Through 75 Should Be Compelled

Request Nos. 56 through 75 seek documents and things related to the
conception, design and development of Space Babes and to Scot Reyes, a former
Mattel employee.  This information is relevant for the same reasons as Scooter
Samantha because Mattel believes Space Babes is yet another example of MGA's
theft of Mattel's trade secrets and confidential information.  In addition, responsive
documents and things are relevant to Mattel's allegations that MGA has repeatedly
induced Mattel employees to steal Mattel's confidential information and take it to
MGA.  Mattel believes (and alleges) that Mr. Reyes was such a Mattel employee.[26]

---

[26]  See Mattel's Supplemental Responses to MGA's First Set of Special
Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 92 (indicating
that Mr. Reyes has knowledge regarding MGA's access to and theft of Mattel trade
secrets).

These issues go to Mattel's defenses to MGA's unfair competition claim, as well as Mattel's RICO claims.  Mr. Reyes' involvement in the conception of Space Babes and his communications with Mr. Larian regarding Mattel and Mattel products are relevant to these claims.

**C.**     **MGA Entertainment, Inc.'s Argument in Response Regarding Request Nos. 56 Through 75**

Mattel's Motion to Compel as to Request Nos. 56 through 75–which seek documents and things relating to Space Babes, an unreleased MGA product, and Scot Reyes, a former Mattel employee–also should be denied because these requests relate to Phase 2 issues.  Mattel contends that documents responsive to these requests are relevant "to Mattel's defenses to MGA's unfair competition claim, as well as Mattel's RICO claims."  (Mot. at 13.)  As with Mattel's trade secret claim, all of these claims are Phase 2 issues.  Accordingly, based on the Court's orders staying Phase 2 discovery, Mattel's motion with respect to these requests is premature and should not be considered at this time.

**D.**     **Mattel's Reply Regarding Request Nos. 56 Through 75**

Request Nos. 56 through 75 seek documents and things related to Space Babes and Scot Reyes, a former Mattel employee.  Space Babes is yet another example of MGA's theft of Mattel's trade secrets and confidential information.  MGA argues that these requests "should not be considered at this time" because they relate to Phase 2 issues.  Opp. at 18.  Because MGA does not rely on any of its objections to these Requests in opposition to Mattel's motion, those objections should be overruled, and MGA compelled to produce documents responsive to Request Nos. 56 through 75.

1        MGA should also be compelled to produce these documents now.

2   While they relate in part to Phase 2, they relate to issues that MGA itself claims

3   relate to Phase 1 and therefore are not subject to the stay.  For example, Scot Reyes

4   was a Mattel employee at various times, and the documents MGA has produced

5   suggest that there may have been overlap between his involvement with MGA on

6   the Space Babes project and his Mattel employment.  Obviously, evidence of an

7   additional Mattel employee working for MGA while still with Mattel would be

8   relevant to a host of issues, including to MGA's intent and knowledge in connection

9   with Bryant and others who MGA had perform service and paid while they were

10  Mattel employees.  As another example, MGA's own expert reports attempt to

11  portray the success of MGA's Bratz line not to Bryant's designs, but instead to

12  MGA's "innovation."[27]  But what MGA characterizations as "innovation" was, in

13  fact, its theft of massive amounts of Mattel trade secrets over a several year period.[28]

14  And, theft is itself relevant not only to refuting MGA's own allegedly Phase 1

15  arguments, but also shows that the thefts were not the result of inadvertence or an

16  isolated mistake, but intentional.

---

[27]  See Menell Report (Corey Dec. Ex. 4); Expert Reporter of Robert Tonner,
dated February 11, 2008 (Corey Dec. Ex. 9).
[28]  See Mattel, Inc.'s Second Amended Answer and Counterclaims (Corey Dec.
Ex. 16).

## VII.   MGA SHOULD BE COMPELLED TO PRODUCE PERSONNEL AND VENDOR FILES

### A.   Requests at Issue (Request Nos. 78 Through 88)

**REQUEST FOR PRODUCTION NO. 78:**

All personnel and vendor files for Maureen Mullen (formerly Chianese).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all personnel and vendor files for Maureen Mullen could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 69 and 143 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

## **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all personnel and vendor files for Maureen Mullen could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual s fundamental right of

privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel s document requests, including, but not limited to:  Request Nos. 69 and 143 from Mattel s First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents from Maureen Mullen 's (née Chianese) personnel or vendor file that refer or relate to work or services provided by Ms. Mullen on Bratz prior to January 1, 2001, if any, in its possession, custody or control that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 79:**

All personnel and vendor files for Scot Reyes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without

1 limitation the attorney-client privilege, the work product doctrine, the right of

2 privacy, and all other privileges recognized under the constitutional, statutory or

3 decisional law of the United States of America, the State of California or any other

4 applicable jurisdiction.  MGA further objects to this request on the grounds that it is

5 vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

6 further objects to this request on the grounds that it is overly broad and unduly

7 burdensome in that it seeks documents not relevant to the claims or defenses in this

8 action and not reasonably calculated to lead to the discovery of admissible evidence.

9 Mattel has not demonstrated how *all* personnel and vendor files for Scot Reyes

10 could be relevant to the claims and defenses in this action, let alone established that

11 the relevancy of these documents outweighs the individual's fundamental right of

12 privacy.  the request is not limited to the subject matter of this action and requires

13 disclosure of private, confidential documents that are not relevant to this action, and

14 is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

15 21:5-7.  MGA further objects to this request as being overly broad and unduly

16 burdensome on the grounds that it is not limited in time.  MGA further objects to the

17 request to the extent it seeks confidential, proprietary or commercially sensitive

18 information, the disclosure of which would be inimical to the business interests of

19 MGA.  MGA further objects to the request to the extent it violates the privacy rights

20 of third parties to their private, confidential, proprietary or trade secret information.

21        MGA further objects to this request as cumulative, duplicative, and

22 unduly burdensome to the extent that it seeks documents previously requested by

23 Mattel or produced by MGA in response to Mattel's document requests.

24

25 ## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

26        MGA incorporates by reference its General Response and General

27 Objections above, as though fully set forth herein.  MGA further objects to the

28 request to the extent it seeks the production of documents that are protected from

disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Scot Reyes could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual s fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel s document requests.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents from Scot Reyes' personnel or vendor file that refer or relate to work or services provided by Mr. Reyes on Bratz prior to

1   January 1, 2001, if any, in its possession custody or control that it is able to locate

2   following a reasonably diligent search.

3

4   **REQUEST FOR PRODUCTION NO. 80:**

5        All personnel and vendor files for Sandra Bilotto.

6

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

8        MGA incorporates by reference its General Response and General

9   Objections above, as though fully set forth herein.  MGA further objects to the

10  request to the extent it seeks the production of documents that are protected from

11  disclosure under any applicable privilege, doctrine or immunity, including without

12  limitation the attorney-client privilege, the work product doctrine, the right of

13  privacy, and all other privileges recognized under the constitutional, statutory or

14  decisional law of the United States of America, the State of California or any other

15  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

16  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

17  further objects to this request on the grounds that it is overly broad and unduly

18  burdensome in that it seeks documents not relevant to the claims or defenses in this

19  action and not reasonably calculated to lead to the discovery of admissible evidence.

20  Mattel has not demonstrated how *all* personnel and vendor files for Sandra Bilotto

21  could be relevant to the claims and defenses in this action, let alone established that

22  the relevancy of these documents outweighs the individual's fundamental right of

23  privacy.  The request is not limited to the subject matter of this action and requires

24  disclosure of private, confidential documents that are not relevant to this action, and

25  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

26  21:5-7.  MGA further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  MGA further objects to the

28  request to the extent it seeks confidential, proprietary or commercially sensitive

1  information, the disclosure of which would be inimical to the business interests of

2  MGA.  MGA further objects to the request to the extent it violates the privacy rights

3  of third parties to their private, confidential, proprietary or trade secret information.

4  Such information may also be subject to protective orders governing other

5  litigations thereby precluding disclosure in response to this request.

6           MGA further objects to this request as cumulative, duplicative, and

7  unduly burdensome to the extent that it seeks documents previously requested by

8  Mattel or produced by MGA in response to Mattel's document requests, including,

9  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

10  Documents and Things re Claims of Unfair Competition to MGA

11  Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for

12  Documents and Things to Isaac Larian.

13

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

15           MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein.  MGA further objects to the

17  request to the extent it seeks the production of documents that are protected from

18  disclosure under any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the work product doctrine, the right of

20  privacy, and all other privileges recognized under the constitutional, statutory or

21  decisional law of the United States of America, the State of California or any other

22  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

23  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

24  further objects to this request on the grounds that it is overly broad and unduly

25  burdensome in that it seeks documents not relevant to the claims or defenses in this

26  action and not reasonably calculated to lead to the discovery of admissible evidence.

27  Mattel has not demonstrated how *all* personnel and vendor files for Sandra Bilotto

28  could be relevant to the claims and defenses in this action, let alone established that

1  the relevancy of these documents outweighs the individual s fundamental right of
2  privacy.  The request is not limited to the subject matter of this action and requires
3  disclosure of private, confidential documents that are not relevant to this action, and
4  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at
5  21:5-7.  MGA further objects to this request as being overly broad and unduly
6  burdensome on the grounds that it is not limited in time.  MGA further objects to the
7  request to the extent it seeks confidential, proprietary or commercially sensitive
8  information, the disclosure of which would be inimical to the business interests of
9  MGA.  MGA further objects to the request to the extent it violates the privacy rights
10  of third parties to their private, confidential, proprietary or trade secret information.
11  Such information may also be subject to protective orders governing other
12  litigations thereby precluding disclosure in response to this request.

13          MGA further objects to this request as cumulative, duplicative, and
14  unduly burdensome to the extent that it seeks documents previously requested by
15  Mattel or produced by MGA in response to Mattel s document requests, including,
16  but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for
17  Documents and Things re Claims of Unfair Competition to MGA
18  Entertainment, Inc., and Request No. 201 from Mattel s First Set of Requests for
19  Documents and Things to Isaac Larian.

20          Subject to and without waiving the foregoing objections, MGA will
21  produce non-privileged documents from Sandra Bilotto's personnel or vendor file
22  that refer or relate to work or services provided by Ms. Bilotto on Bratz prior to
23  January 1, 2001, if any, in its possession, custody or control that it is able to locate
24  following a reasonably diligent search.

25

26  **REQUEST FOR PRODUCTION NO. 81:**

27          All personnel and vendor files for Steve Linker.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Steve Linker could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 73, 74, and 96 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Steve Linker could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive

1    information, the disclosure of which would be inimical to the business interests of

2    MGA.  MGA further objects to the request to the extent it violates the privacy rights

3    of third parties to their private, confidential, proprietary or trade secret information.

4    Such information may also be subject to protective orders governing other

5    litigations thereby precluding disclosure in response to this request.

6           MGA further objects to this request as cumulative, duplicative, and

7    unduly burdensome to the extent that it seeks documents previously requested by

8    Mattel or produced by MGA in response to Mattel's document requests, including,

9    but not limited to:  Request Nos. 73, 74, and 96 from Mattel's First Set of Requests

10   for Documents and Things to Isaac Larian.

11          Subject to and without waiving the foregoing objections, MGA will

12   produce non-privileged documents from Steve Linker's personnel or vendor file that

13   refer or relate to work or services provided by Mr. Linker on Bratz prior to

14   January 1, 2001, if any, in its possession, custody or control that it is able to locate

15   following a reasonably diligent search.

16

17   **REQUEST FOR PRODUCTION NO. 82:**

18          All personnel and vendor files for Veronica Marlow.

19

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

21          MGA incorporates by reference its General Response and General

22   Objections above, as though fully set forth herein.  MGA further objects to the

23   request to the extent it seeks the production of documents that are protected from

24   disclosure under any applicable privilege, doctrine or immunity, including without

25   limitation the attorney-client privilege, the work product doctrine, the right of

26   privacy, and all other privileges recognized under the constitutional, statutory or

27   decisional law of the United States of America, the State of California or any other

28   applicable jurisdiction.  MGA further objects to this request on the grounds that it is

1    vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

2    further objects to this request on the grounds that it is overly broad and unduly

3    burdensome in that it seeks documents not relevant to the claims or defenses in this

4    action and not reasonably calculated to lead to the discovery of admissible evidence.

5    Mattel has not demonstrated how *all* personnel and vendor files for Veronica

6    Marlow could be relevant to the claims and defenses in this action, let alone

7    established that the relevancy of these documents outweighs the individual's

8    fundamental right of privacy.  The request is not limited to the subject matter of this

9    action and requires disclosure of private, confidential documents that are not

10   relevant to this action, and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at

11   9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

12   overly broad and unduly burdensome on the grounds that it is not limited in time.

13   MGA further objects to the request to the extent it seeks confidential, proprietary or

14   commercially sensitive information, the disclosure of which would be inimical to

15   the business interests of MGA.  MGA further objects to the request to the extent it

16   violates the privacy rights of third parties to their private, confidential, proprietary or

17   trade secret information.  Such information may also be subject to protective orders

18   governing other litigations thereby precluding disclosure in response to this request.

19          MGA further objects to this request as cumulative, duplicative, and

20   unduly burdensome to the extent that it seeks documents previously requested by

21   Mattel or produced by MGA in response to Mattel's document requests, including,

22   but not limited to:  Request Nos. 9, 16, 17, 72, and 76 from Mattel's First Set of

23   Requests for Production of Documents and Tangible Things to MGA, and Request

24   Nos. 64, 83, 84, 111, 160, 164, and 171 from Mattel's First Set of Requests for

25   Documents and Things to Isaac Larian.

26

27

28

07209/2338254.2

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

2       MGA incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein.  MGA further objects to the

4  request to the extent it seeks the production of documents that are protected from

5  disclosure under any applicable privilege, doctrine or immunity, including without

6  limitation the attorney-client privilege, the work product doctrine, the right of

7  privacy, and all other privileges recognized under the constitutional, statutory or

8  decisional law of the United States of America, the State of California or any other

9  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

10  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

11  further objects to this request on the grounds that it is overly broad and unduly

12  burdensome in that it seeks documents not relevant to the claims or defenses in this

13  action and not reasonably calculated to lead to the discovery of admissible evidence.

14  Mattel has not demonstrated how *all* personnel and vendor files for Veronica

15  Marlow could be relevant to the claims and defenses in this action, let alone

16  established that the relevancy of these documents outweighs the individual's

17  fundamental right of privacy.  The request is not limited to the subject matter of this

18  action and requires disclosure of private, confidential documents that are not

19  relevant to this action, and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at

20  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

21  overly broad and unduly burdensome on the grounds that it is not limited in time.

22  MGA further objects to the request to the extent it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of MGA.  MGA further objects to the request to the extent it

25  violates the privacy rights of third parties to their private, confidential, proprietary or

26  trade secret information.  Such information may also be subject to protective orders

27  governing other litigations thereby precluding disclosure in response to this request.

28

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 9, 16, 17, 72, and 76 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request Nos. 64, 83, 84, 111, 160, 164, and 171 from Mattel s First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents from Veronica Marlow's personnel or vendor file that refer or relate to work or services provided by Ms. Marlow on Bratz prior to January 1, 2001, if any, in its possession, custody or control that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 83:**

All personnel and vendor files for Peter Marlow.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this

action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Peter Marlow could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is

1  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

2  further objects to this request on the grounds that it is overly broad and unduly

3  burdensome in that it seeks documents not relevant to the claims or defenses in this

4  action and not reasonably calculated to lead to the discovery of admissible evidence.

5  Mattel has not demonstrated how *all* personnel and vendor files for Peter Marlow

6  could be relevant to the claims and defenses in this action, let alone established that

7  the relevancy of these documents outweighs the individual's fundamental right of

8  privacy.  The request is not limited to the subject matter of this action and requires

9  disclosure of private, confidential documents that are not relevant to this action, and

10  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

11  21:5-7.  MGA further objects to this request as being overly broad and unduly

12  burdensome on the grounds that it is not limited in time.  MGA further objects to the

13  request to the extent it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of

15  MGA.  MGA further objects to the request to the extent it violates the privacy rights

16  of third parties to their private, confidential, proprietary or trade secret information.

17  Such information may also be subject to protective orders governing other

18  litigations thereby precluding disclosure in response to this request.  MGA further

19  objects to this request as cumulative, duplicative, and unduly burdensome to the

20  extent that it seeks documents previously requested by Mattel or produced by MGA

21  in response to Mattel's document requests.

22         Subject to and without waiving the foregoing objections, MGA will

23  produce non-privileged documents from Peter Marlow's personnel or vendor file

24  that refer or relate to work or services provided by Mr. Marlow on Bratz prior to

25  January 1, 2001, if any, in its possession, custody or control that it is able to locate

26  following a reasonably diligent search.

27

28

**REQUEST FOR PRODUCTION NO. 84:**

All personnel and vendor files for Wendy Ragsdale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Wendy Ragsdale could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

1  Such information may also be subject to protective orders governing other

2  litigations thereby precluding disclosure in response to this request.

3           MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 71, 110, and 144 from Mattel's First Set of

7  Requests for Documents and Things to Isaac Larian.

8

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

10           MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein.  MGA further objects to the

12  request to the extent it seeks the production of documents that are protected from

13  disclosure under any applicable privilege, doctrine or immunity, including without

14  limitation the attorney-client privilege, the work product doctrine, the right of

15  privacy, and all other privileges recognized under the constitutional, statutory or

16  decisional law of the United States of America, the State of California or any other

17  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

18  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

19  further objects to this request on the grounds that it is overly broad and unduly

20  burdensome in that it seeks documents not relevant to the claims or defenses in this

21  action and not reasonably calculated to lead to the discovery of admissible evidence.

22  Mattel has not demonstrated how *all* personnel and vendor files for Wendy Ragsdale

23  could be relevant to the claims and defenses in this action, let alone established that

24  the relevancy of these documents outweighs the individual's fundamental right of

25  privacy.  The request is not limited to the subject matter of this action and requires

26  disclosure of private, confidential documents that are not relevant to this action, and

27  is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

28  21:5-7.  MGA further objects to this request as being overly broad and unduly

burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 71, 110, and 144 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

Subject to and without waiving the foregoing objections, MGA will produce non-privileged documents from Wendy Ragsdale's personnel or vendor file that refer or relate to work or services provided by Ms. Ragsdale on Bratz prior to January 1, 2001, if any, in its possession, custody or control that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 85:**

All personnel and vendor files for Billy Ragsdale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or

decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Billy Ragsdale could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 70, 109, and 145 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for Billy Ragsdale could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

1    MGA further objects to this request as cumulative, duplicative, and

2   unduly burdensome to the extent that it seeks documents previously requested by

3   Mattel or produced by MGA in response to Mattel's document requests, including,

4   but not limited to:  Request Nos. 70, 109, and 145 from Mattel's First Set of

5   Requests for Documents and Things to Isaac Larian.

6    Subject to and without waiving the foregoing objections, MGA will

7   produce non-privileged documents from Billy Ragsdale's personnel or vendor file

8   that refer or relate to work or services provided by Mr. Ragsdale on Bratz prior to

9   January 1, 2001, if any, in its possession, custody or control that it is able to locate

10  following a reasonably diligent search.

11

12  **REQUEST FOR PRODUCTION NO. 86:**

13    All personnel and vendor files for Sarah Halpern.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

16    MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein.  MGA further objects to the

18  request to the extent it seeks the production of documents that are protected from

19  disclosure under any applicable privilege, doctrine or immunity, including without

20  limitation the attorney-client privilege, the work product doctrine, the right of

21  privacy, and all other privileges recognized under the constitutional, statutory or

22  decisional law of the United States of America, the State of California or any other

23  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

24  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

25  further objects to this request on the grounds that it is overly broad and unduly

26  burdensome in that it seeks documents not relevant to the claims or defenses in this

27  action and not reasonably calculated to lead to the discovery of admissible evidence.

28  Mattel has not demonstrated how *all* personnel and vendor files for Sarah Halpern

could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other

applicable jurisdiction.  MGA further objects to this request on the grounds that it is

vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

further objects to this request on the grounds that it is overly broad and unduly

burdensome in that it seeks documents not relevant to the claims or defenses in this

action and not reasonably calculated to lead to the discovery of admissible evidence.

Mattel has not demonstrated how *all* personnel and vendor files for Sarah Halpern

could be relevant to the claims and defenses in this action, let alone established that

the relevancy of these documents outweighs the individual's fundamental right of

privacy.  The request is not limited to the subject matter of this action and requires

disclosure of private, confidential documents that are not relevant to this action, and

is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

21:5-7.  MGA further objects to this request as being overly broad and unduly

burdensome on the grounds that it is not limited in time.  MGA further objects to the

request to the extent it seeks confidential, proprietary or commercially sensitive

information, the disclosure of which would be inimical to the business interests of

MGA.  MGA further objects to the request to the extent it violates the privacy rights

of third parties to their private, confidential, proprietary or trade secret information.

Such information may also be subject to protective orders governing other

litigations thereby precluding disclosure in response to this request.

       MGA further objects to this request as cumulative, duplicative, and

unduly burdensome to the extent that it seeks documents previously requested by

Mattel or produced by MGA in response to Mattel's document requests, including,

but not limited to:  Request No. 60 from Mattel, Inc.'s First Set of Requests for

Documents and Things re Claims of Unfair Competition to MGA

Entertainment, Inc.

       Subject to and without waiving the foregoing objections, MGA will

produce non-privileged documents from Sarah Halpern's personnel or vendor file

that refer or relate to work or services provided by Ms. Halpern on Bratz prior to

1  January 1, 2001, if any, in its possession, custody or control that it is able to locate

2  following a reasonably diligent search.

3

4  **REQUEST FOR PRODUCTION NO. 87:**

5        To the extent not produced in response to any other Request for

6  Production, all personnel and vendor files for each person identified in Exhibit 664

7  (bearing Bates numbers MGA 0868630-31).

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

10       MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein.  MGA further objects to the

12  request to the extent it seeks the production of documents that are protected from

13  disclosure under any applicable privilege, doctrine or immunity, including without

14  limitation the attorney-client privilege, the work product doctrine, the right of

15  privacy, and all other privileges recognized under the constitutional, statutory or

16  decisional law of the United States of America, the State of California or any other

17  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

18  vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

19  further objects to this request on the grounds that it is overly broad and unduly

20  burdensome in that it seeks documents not relevant to the claims or defenses in this

21  action and not reasonably calculated to lead to the discovery of admissible evidence.

22  Mattel has not demonstrated how *all* personnel and vendor files for each person

23  identified in Exhibit 664 could be relevant to the claims and defenses in this action,

24  let alone established that the relevancy of these documents outweighs the

25  individual's fundamental right of privacy.  MGA further objects to the request as

26  oppressive, unduly burdensome and harassing given the number of individuals listed

27  in Exhibit 664.  The request is not limited to the subject matter of this action and

28  requires disclosure of private, confidential documents that are not relevant to this

action, and is thus impermissibly overbroad. <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 88:**

To the extent not produced in response to any other Request for Production, all personnel and vendor files for each person who has worked as an employee of or vendor for YOU and who also has been at any time an employee of or vendor for MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is

vague and ambiguous in its use of the terms "personnel and vendor files."  MGA

further objects to this request on the grounds that it is overly broad and unduly

burdensome in that it seeks documents not relevant to the claims or defenses in this

action and not reasonably calculated to lead to the discovery of admissible evidence.

Mattel has not demonstrated how all personnel and vendor files for each person who

has worked as an employee of or vendor for MGA and who also has been at any

time an employee of or vendor for MATTEL could be relevant to the claims and

defenses in this action, let alone established that the relevancy of these documents

outweighs the individual's fundamental right of privacy.  MGA further objects to the

request as vague and ambiguous, oppressive, unduly burdensome and harassing

given the number of individuals who may worked as an employee or vendor for both

MGA and Mattel in their lifetime.  The request is not limited to the subject matter of

this action and requires disclosure of private, confidential documents that are not

relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at

9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

overly broad and unduly burdensome on the grounds that it is not limited in time.

MGA further objects to the request to the extent that it seeks documents not in

MGA's possession, custody or control.  MGA further objects to the request to the

extent it seeks confidential, proprietary or commercially sensitive information, the

disclosure of which would be inimical to the business interests of MGA.  MGA

further objects to the request to the extent it violates the privacy rights of third

parties to their private, confidential, proprietary or trade secret information. Such

information may also be subject to protective orders governing other litigations

thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and

unduly burdensome to the extent that it seeks documents previously requested by

Mattel or produced by MGA in response to Mattel's document requests, including,

but not limited to:  Request Nos. 79-89 from Mattel's First Set of Requests for

1   Production of Documents and Tangible Things to MGA, and Request No. 60 from

2   Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

3   Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First

4   Set of Requests for Documents and Things to Isaac Larian.

6   **B.    Reasons Why Further Response to Request Nos. 78 Through 88**

7   **Should Be Compelled**

9   Request Nos. 78 through 88 seek personnel and vendor files for

10  individuals who were involved in the development of Bratz and/or previously

11  employed by Mattel.  Request Nos. 78 through 86 seek files for Sandra Bilotto,

12  Maureen Mullen, Scot Reyes, Steve Linker, Veronica Marlow, Peter Marlow,

13  Wendy Ragsdale, Billy Ragsdale and Sarah Halpern.  These individuals were

14  involved in the development of Bratz or Prayer Angels, or other alleged trade secret

15  thefts by MGA (e.g., Mr. Reyes).  Mattel has identified almost all of these

16  individuals in discovery as having knowledge regarding the conception, creation and

17  development of Bratz and the timing thereof and/or MGA's access to and/or theft of

18  Mattel's intellectual property and trade secrets.[29]

19  MGA's personnel and vendor files for these individuals will

20  undoubtedly contain documents relevant to the conception, design and development

21  of Bratz and the timing thereof.  The Discovery Master previously ordered MGA to

22  produce personnel files for that very reason.[30]  MGA acknowledged the relevance of

[29]  See Mattel's Supplemental Responses to MGA's First Set of Special
Interrogatories, dated December 7, 2007 (Kidman Dec. Ex. 14), at 67-69, 71-73, 79,
92 (Mattel's Supplemental Response to Special Interrogatory No. 2).

[30]  See May 15, 2007 Discovery Master's Order (Kidman Dec. Ex. 9), at 9, 11,
n.4 ("[Isaac Larian's] personnel file may have documents relevant to Bratz, and
therefore should be produced.").

1  this information when it previously agreed to produce personnel and vendor files for

2  other individuals involved in the development of Bratz.[31]

3         In its supplemental responses to Request Nos. 78 through 86, MGA

4  attempts to limit its production from these personnel and vendor files to documents

5  that refer or relate to work on Bratz prior to January 1, 2001 only.  This limitation is

6  too narrow and would exclude highly relevant documents and things relating to,

7  among other things, Prayer Angels, "Angel" and other alleged trade secret thefts

8  The requests are already sufficiently limited to specific named individuals.

9         Moreover, with respect to individuals who worked for Mattel prior to

10  working for MGA (e.g., Request No. 87 and 88), personnel files may provide

11  information relevant to Mattel's allegations that MGA has engaged in a pattern of

12  stealing Mattel's trade secrets and confidential information by targeting and

13  recruiting current and former Mattel employees.  This goes to the unfair competition

14  claims in this action, as well as Mattel's RICO claims.

15         MGA cannot justify its refusal to produce documents responsive to

16  Request Nos. 87 and 88 based on its late-raised objection that they relate to Phase II

17  issues and should be deferred.  Discovery in this lawsuit has not been phased, and

18  Judge Larson and the Discovery Master have ordered that relevant discovery go

19  forward now.  Moreover, MGA should not be permitted to withhold responsive

20  personnel and vendor files based upon privacy or confidentiality issues.  As

21  recognized by the Discovery Master when granting Mattel's motion to compel

22  Mr. Larian's personnel file, the Protective Order in this action is sufficient to

23

24

25

26

27  [31]  See MGA Entertainment Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things, dated April 13, 2005

28  (Kidman Dec. Ex. 15) at 71-78.

1  alleviate such concerns.[32]  MGA should be compelled to produce responsive

2  personnel and vendor files.

3

4  **C.     MGA Entertainment, Inc.'s Argument in Response Regarding**

5  **Request Nos. 78 Through 88**

6

7       In Requests Nos. 78 through 88, Mattel seeks personnel and vendor

8  files for more than 120 persons.  Request Nos. 78 through 86 seek such files for

9  Maureen Mullen (nee Chianese), Scot Reyes, Sandra Bilotto, Steve Linker,

10  Veronica Marlow, Peter Marlow, Wendy Ragsdale, Billy Ragsdale and Sarah

11  Halpern.  Request Nos. 87 and 88 seek such files for every MGA employee or

12  vendor who ever worked for Mattel.  The Discovery Master should deny Mattel's

13  Motion to Compel as to these requests because most of the documents sought relate

14  to Phase 2 issues and, as to the documents relating to Phase 1 issues, MGA agreed to

15  search for and, to the extent found, produced responsive documents.

16       In response to prior document requests served by Mattel, MGA has

17  already produced tens of thousands of pages of documents relating to all of the

18  MGA personnel and vendors identified in Request Nos. 78 through 86.  (Temkin

19  Decl., ¶ 3.)  Additionally, in connection with the parties' meet and confer regarding

20  the Third Set, MGA agreed to search for and, to the extent found, produced non-

21  privileged documents from the personnel and vendor files of the individuals

22  identified in Request Nos. 78 through 86 to the extent such documents related to

23  work that the individuals performed relating to Bratz prior to January 1, 2001.

24  (Kidman Decl., Ex. 4 at 132-54; Ex. 5 at 6.)

25       Mattel contends that MGA's limitation is too narrow and excludes

26  documents that may be relevant to MGA's alleged access to and/or theft of Mattel's

27  _____

28  [32]  See May 15, 2007 Discovery Master's Order (Kidman Dec. Ex. 9), at 11, n.4.

1   intellectual property and trade secrets.  (Mot. at 13-14.) Mattel's assertion is without

2   merit.  MGA has properly limited its responses to Request Nos. 78 through 86 to

3   documents bearing on Phase 1 issues.  MGA's limitation is also reasonable given

4   that Mattel explicitly states that it seeks discovery from the personnel and vendors

5   identified in these requests because they "hav[e] knowledge regarding the

6   conception, creation, and development of Bratz and the timing thereof ..."  (Mot. at

7   13).  Documents that may pertain to Mattel's trade secret theft allegations concern

8   issues to be litigated in Phase 2 of this case.  Accordingly, in addition to their

9   numerous other defects, Mattel's requests for such documents are improper at this

10  time in view of the Court's order staying Phase 2 discovery.

11          With respect to Request Nos. 87 and 88, the Discovery Master should

12  deny Mattel's motion because these requests relate to Phase 2 issues.  The requests

13  seek the personnel and vendor files for 114 persons that Mattel claims have

14  performed work for both MGA and Mattel.  Mattel asserts that it seeks these files

15  because they „may provide information relevant to Mattel's allegations that MGA

16  has engaged in a pattern of stealing Mattel's trade secrets and confidential

17  information ....  This goes to the unfair competition claims in this action, as well as

18  Mattel's RICO claims."  (Mot. at 14.)  Thus, as conceded by Mattel, these requests

19  relate solely to Phase 2 issues.  Accordingly, Mattel's motion with respect to these

20  requests is premature and should not be considered at this time.

21

22          **D.**      **Mattel's Reply Regarding Request Nos. 78 Through 88**

23

24          Notably, MGA previously agreed to produce without restriction – and

25  the Discovery Master previously ordered MGA to produce without restriction –

26

27

28

1    personnel and vendor files for individuals involved in the development of Bratz.[33]

2    MGA acknowledges that the individual personnel and vendor files Mattel seeks in

3    Request Nos. 78 through 86 are relevant.  It nevertheless improperly attempts to

4    limit its production to only those documents "that refer or relate to work or services

5    provided . . . on Bratz prior to January 1, 2001."

6                This limitation is far too narrow and indeed is one of the same

7    arbitrary, under-inclusive date restrictions the Discovery Master has already

8    rejected.  For example, the January 1, 2001 cut-off excludes potentially relevant

9    documents regarding the development of Bratz in 2001.  (As discussed above, the

10    first wave of Bratz dolls did not go to market until June 2001.)  And the limitation to

11    documents relating to work on Bratz only excludes highly relevant documents and

12    things relating to Prayer Angels and "Angel."  Request Nos. 78 through 86 are

13    already sufficiently limited to specific named individuals that Mattel and MGA[34]

14    have identified as having relevant information and involvement.

15                Moreover, with respect to Request Nos. 87 and 88 (files for former

16    Mattel employees), MGA argues only that these requests are "premature" because

17    they relate to Phase 2 issues.  Opp. at 18.  MGA does not rely on any of its

18    objections in opposition to this motion.  Accordingly, those objections should be

19    overruled, and MGA should be compelled to produce documents responsive to

20    Request Nos. 87 and 88.  Nor is there any basis for MGA's argument that such

21

22    _____

23    [33]  See MGA Entertainment Inc.'s Responses to Mattel, Inc.'s First Set of
       Requests for Production of Documents and Tangible Things, dated April 13, 2005

24    (Kidman Dec. Ex. 15), at 71-78; May 15, 2007 Discovery Master's Order (Kidman
       Dec. Ex. 9), at 9, 11 n.4.

25    [34]  See MGA Entertainment, Inc.'s Fourth Supplemental Response to
       Interrogatory No. 1 of Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair

26    Competition, dated July 31, 2007 (Corey Dec. Ex. 1), at 7, 10, 12-13; MGA's Third

27    Supplemental Responses to Mattel's Second Set of Interrogatories, dated August 21,

28    2007 (Corey Dec. Ex. 2), at 4-6.

information Phase 2 and thus may be withheld until after Phase 1 trial.  The entirety of the Bratz line is directly at issue in Phase 1, including in MGA's own expert reports,[35] and MGA should not be allowed to withhold directly relevant evidence any longer and disadvantage Mattel at Phase 1 trial.

Moreover, with respect to Request Nos. 87 and 88 (files for former Mattel employees), MGA argues only that these requests are "premature" because they relate to Phase 2 issues.  Opp. at 18.  MGA does not rely on its objections in opposition to this motion.  Accordingly, those objections should be overruled, and MGA should be compelled to produce documents responsive to Request Nos. 87 and 88, with compliance stayed pending Phase 2 discovery.

DATED:  February 15, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  /s/ Jon D. Corey
   Jon D. Corey
   Attorneys for Mattel, Inc

---

[35]  See Expert Report of Dr. Erich Joachimsthaler, dated February 11, 2008 (Corey Dec. Ex. 8).

07209/2338254.2