# EXHIBIT A

**From:** Michael Page

**Sent:** Tuesday, February 19, 2008 11:28 AM

**To:** Melissa Grant

**Cc:** BRATZ-KVN

**Subject:** Reply brief

We have received your reply brief, filed Friday evening, concerning Mr. Bryant's computers.  The email to Ms. Chan, copied to us, purports to include supporting evidence and proposed order, but in fact has eight identical copies of your brief, each with a different filename.  Could you provide us with correct copies?

# EXHIBIT B

| From: | Janice L.Trayes [Jtrayes@kmwlaw.com] |
|---|---|
| Sent: | Wednesday, February 13, 2008 4:31 AM |
| To: | Christa Anderson; Matthew Werdegar; Michael Page; John E. Trinidad |
| Subject: | FW: Bryant v. Mattel |
| Attachments: | Marlow's Opposition to Motion to Compel Testimony and Documents.pdf; Application to File Under Seal.pdf; Proposed Order to File Under Seal.pdf; Notice of Manual Filing of App. to File Under Seal and Proposed Order.pdf; Notice of Manual Filing of Dowell Dec. iso Marlow's Opp to Mot to Compel.pdf; Notice of Manual Filing of Marlow's Opp to Mot to Compel.pdf; Proof of Service (of documents filed under seal).pdf; Declaration of C. Dowell in Support of Marlow's Opposition to Motion to Compel Testimony and Documents.pdf |

Counsel, please find attached Veronica Marlow's Opposition to the Motion to Compel and related e-filed documents.  Please be advised that the exhibits to Mr. Dowell's deposition are substantial, and will follow in several subsequent emails.  Please advise me should you have difficulty opening any of these documents.

Regards,
Janice Trayes

Janice Trayes / Keats McFarland & Wilson LLP / 9720 Wilshire Blvd. PH Suite / Beverly Hills, CA  90212 / Ph: (310) 777-3747 / Fax: (310) 860-0363 / e-mail: **jtrayes@kmwlaw.com**

---

**From:** Janice L.Trayes
**Sent:** Wednesday, February 13, 2008 2:15 AM
**To:** 'schan@jamsadr.com'
**Cc:** Christian C. Dowell; Larry W. McFarland
**Subject:** RE: Bryant v. Mattel

(email no. 1)

Ms. Chan, I am forwarding you copies of the following documents via many emails; we will also FedEx to your attention hard copies of these documents for arrival on Thursday, February 14, 2008:

1.   NON-PARTY VERONICA MARLOW'S OPPOSITION TO MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS [FILED UNDER SEAL]

2.   DECLARATION OF CHRISTIAN DOWELL IN SUPPORT OF NON-PARTY VERONICA MARLOW'S OPPOSITION TO MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS [WITH EXHIBITS]

3.   APPLICATION TO FILE UNDER SEAL, AND PROPOSED ORDER

4.   NOTICES OF MANUEL FILINGS

5.   PROOF OF SERVICE

Please do not hesitate to contact me should you have any difficulty opening the attached documents.

Regards,

Janice Trayes
310-777-3747

Janice Trayes / Keats McFarland & Wilson LLP / 9720 Wilshire Blvd. PH Suite / Beverly Hills, CA  90212 / Ph: (310) 777-3747 / Fax: (310) 860-0363 / e-mail: **jtrayes@kmwlaw.com**

# EXHIBIT C

02-13-2008   11:03   From-QUINN EMA         2134433100         T-806   P.002/002   F-688

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 13, 2008

VIA FACSIMILE AND U.S. MAIL

Larry W. McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212

Re:   Mattel v. Bryant, Motion to Compel Additional Deposition Testimony and Production of Documents by Veronica Marlow

Dear Counsel:

In view of the late filing of Marlow's Opposition to Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents, which was due to be filed and served yesterday, but which Mattel did not receive until 4:00 a.m. this morning, Mattel is entitled to an additional day to file its reply. Mattel's reply will therefore be filed and served Wednesday, February 20, 2008.

Very truly yours,

James J. Webster (CSN)

James J. Webster

JJW:csn
07209/2388355.1

cc:   Thomas J. Nolan, Esq.
      Mark E. Overland, Esq.
      Michael H. Page, Esq.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2388355.1

# EXHIBIT D

**Michael Page**

| | |
|---|---|
| From: | Michael T Zeller [michaelzeller@quinnemanuel.com] |
| Sent: | Wednesday, February 13, 2008 8:23 PM |
| To: | Michael Page; Diane Hutnyan; 'thomas.nolan@skadden.com'; 'TMILLER@skadden.com'; 'moverland@obsklaw.com'; Matthew Werdegar |
| Cc: | Dylan Proctor; Jon Corey; Andrea Hoeven |
| Subject: | Re: Stipulation re Bill Flynn's expert report |

You've spent more time arguing over this than signing the simple stipulation we've proposed would've taken.  This involves a Court imposed deadline, and there are cases that say the parties cannot alter such matters without Court approval. Judge Infante has also ruled that such agreements are not enforceable absent a signed stipulation.  You know all of this.

We will proceed with our ex parte and explain why to the Court. Please let us know whether MGA or Bryant will be opposing or if we can tell the Court that it is unopposed.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Michael Page <MPage@KVN.com>
To: Michael T Zeller; Diane Hutnyan; thomas.nolan@skadden.com <thomas.nolan@skadden.com>; TMILLER@skadden.com <TMILLER@skadden.com>; moverland@obsklaw.com <moverland@obsklaw.com>; Matthew Werdegar <MWerdegar@kvn.com>
Cc: Dylan Proctor; Jon Corey; Andrea Hoeven
Sent: Wed Feb 13 20:14:47 2008
Subject: Re: Stipulation re Bill Flynn's expert report

We don't, quite frankly.  Moreover, we are tired of the pattern of being required to enter stips and orders, only to have them cited back to us as evidence of our intransigence. Each time we agreed to a depo date, you insisted on a stip and order, and then told the court "none of their witnesses have ever appeared for depo without being ordered to."

You asked for the routine courtesy of overlooking the entirely understandable lateness of an expert report (albeit phrased, in the initial request, as "sign this stip or we will move ex parte").  I immediately, and without any quid pro quo, said yes.  Of course it's fine with us, it would be absurd to say no (but see your recent response when a brief was filed at 4 am instead of midnight).   Nolan has also agreed, also in writing. That should be the end of the matter:  clearly, given written acknowledgement, we cannot turn to the court and seek to exclude Mr. Flynn's testimony on that basis, even if we were foolish enough to try.

1

----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Michael Page; Diane Hutnyan <dianehutnyan@quinnemanuel.com>;
'thomas.nolan@skadden.com' <thomas.nolan@skadden.com>; 'TMILLER@skadden.com'
<TMILLER@skadden.com>; 'moverland@obsklaw.com' <moverland@obsklaw.com>; Matthew Werdegar
Cc: Dylan Proctor <dylanproctor@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>;
Andrea Hoeven <andreahoeven@quinnemanuel.com>
Sent: Wed Feb 13 20:05:19 2008
Subject: Re: Stipulation re Bill Flynn's expert report

Mike, the deadline is set forth in an Order, so we think it requires the Court's blessing.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Michael Page <MPage@KVN.com>
To: Diane Hutnyan; thomas.nolan@skadden.com <thomas.nolan@skadden.com>;
tmiller@skadden.com <tmiller@skadden.com>; moverland@obsklaw.com <moverland@obsklaw.com>;
Matthew Werdegar <MWerdegar@kvn.com>
Cc: Michael T Zeller; Dylan Proctor; Jon Corey; Andrea Hoeven
Sent: Wed Feb 13 20:00:09 2008
Subject: Re: Stipulation re Bill Flynn's expert report

I have no idea what you are talking about.  I faxed you a letter this afternoon stating
that we will not object to Mr. Flynn's report or testimony on the ground that it was late.
Mr. Nolan also agreed by letter.  That is all you need.  Did you not receive my letter?

----- Original Message -----
From: Diane Hutnyan <dianehutnyan@quinnemanuel.com>
To: 'thomas.nolan@skadden.com' <thomas.nolan@skadden.com>; 'tmiller@skadden.com'
<tmiller@skadden.com>; 'moverland@obsklaw.com' <moverland@obsklaw.com>; Michael Page;
Matthew Werdegar
Cc: Michael T Zeller <michaelzeller@quinnemanuel.com>; Dylan Proctor
<dylanproctor@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; Andrea Hoeven
<andreahoeven@quinnemanuel.com>
Sent: Wed Feb 13 19:40:20 2008
Subject: FW: Stipulation re Bill Flynn's expert report

Dear Counsel,

None of you have agreed to sign the stipulation, and two of you have not even responded to
my request.  Please let me know right away if you will sign.

If you do not agree, I will file an ex parte application tomorrow to get the extension.

I look forward to hearing from you.

From: Diane Hutnyan
Sent: Tuesday, February 12, 2008 8:10 PM
To: 'thomas.nolan@skadden.com'; 'tmiller@skadden.com'; 'moverland@obsklaw.com';
'MPage@KVN.com'; 'MWerdegar@kvn.com'
Cc: Michael T Zeller; Dylan Proctor; Jon Corey; Andrea Hoeven
Subject: Stipulation re Bill Flynn's expert report


Gentlemen:

Please see attached proposed stipulation and order.

If you find it acceptable, please sign and return for filing tomorrow.

Thank you.


Diane Cafferata Hutnyan, Esq.
quinn emanuel urquhart oliver & hedges llp
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3666
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dianehutnyan@quinnemanuel.com <mailto:udianehutnyan@quinnemanuel.com>
Web:  www.quinnemanuel.com <http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT E

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   710 Sansome Street
6  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
7  Facsimile:  (415) 397-7188

8  Attorneys for Plaintiff
   CARTER BRYANT
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
                        Plaintiff,         2727
15

16      v.                                 **DECLARATION OF CARTER
                                           BRYANT IN RESPONSE TO
17  MATTEL, INC. a Delaware                COURT'S REQUEST FOR
    Corporation,                           INFORMATION REGARDING
18                                         DOCUMENT PRESERVATION**
                        Defendant.
19                                         Dept:      Courtroom 1
                                           Judge:     Hon. Stephen G. Larson
20  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA                Date Comp. Filed:  April 13, 2005
21  ENTERTAINMENT, INC. v.
    MATTEL, INC.                           Discovery Cut-Off:  Jan. 28, 2008
22                                         Pre-Trial Conference:  May 5, 2008
                                           Trial Date:  May 27, 2008
23

24

25

26

27

28

1    I, CARTER BRYANT, declare and state that:

2    1.    I am an individual residing in Missouri, and a party to this litigation.

3  All of the facts set forth herein are known to me personally, except for those stated

4  on information and belief, and, if called as a witness, I could and would testify

5  competently thereto.

6    2.    I submit this declaration in response to the Court's January 8, 2008

7  Order that I provide "a factual description of [my] preservation efforts, policies,

8  customs, and/or practices with respect to potentially discoverable documents

9  related to the present litigation."

10    3.    Since the outset of this litigation, I have sought to retain everything in

11  my possession that relates to Bratz, my employment by Mattel, and my work as an

12  independent contractor for MGA.  I have repeatedly made all of my documents and

13  physical items available to my counsel, and have turned over to counsel everything

14  that is conceivably relevant to this lawsuit.  I understand my obligation to preserve

15  all relevant evidence, and have not to my knowledge discarded, destroyed, or

16  disposed of any relevant evidence.

17    4.    Specifically, my counsel and their consultants have on at least five

18  separate occasions traveled to my home and office (which is located at my home)

19  in Springfield, Missouri to examine and collect documents and exhibits.

20    5.    On May 18 and 19th, 2004, attorney Robert Millman of Littler,

21  Mendelson, along others, spent two days collecting documents at my home and

22  office, and transported those documents to California.  Those documents included

23  all of my hardcopies of contracts, agreements, correspondence, and the like

24  relating to my employment at Mattel and my work with MGA.  All of those

25  materials had been stored at my home prior to that time, and have remained in the

26  possession of my attorneys (initially Littler Mendelson and later Keker & Van

27  Nest) since May 19, 2004.

28    6.    On July 11 and 12, 2005, Dominic Messiha and Lena Sims of Littler

1  Mendelson again visited my home/office to collect all Bratz-related and Mattel-

2  related artwork and objects, which they transported to California.  All of those

3  materials had been stored at my home prior to that time, and have remained in the

4  possession of my attorneys (initially Littler Mendelson and later Keker & Van

5  Nest) since July 12, 2005.

6       7.     On March 3, 4, and 5, 2007, Diba Rastigar of Littler Mendelson

7  visited my home/office to collect drawings, correspondence, and physical objects

8  related to my work on later Bratz dolls and accessories, in order to respond to

9  subsequent discovery requests and orders.  All of those materials had been stored

10  at my home prior to that time, and have remained in the possession of my attorneys

11  (initially Littler Mendelson and later Keker & Van Nest) since March 5, 2007.

12       8.     On January 2 and 3, 2008, Audrey Walton-Hadlock of Keker & Van

13  Nest visited my home and office and conducted another search for any responsive

14  objects and documents.  That search included a thorough search of my workshop

15  and office for any addition or new physical objects and drawings created since the

16  prior collections, as well as a search of my paper files and computers for any

17  responsive documents, correspondence, and email.  All of those materials were

18  shipped to counsel's offices in California on January 4, 2008, and remain in the

19  possession of Keker & Van Nest.

20       9.     Prior to the outset of this lawsuit, I owned two personal computers

21  which I used in connection with my work with MGA.  One was an HP Pavilion

22  desktop computer which I acquired on October 21, 2000.  I used this computer

23  until sometime in mid-2002, after which it sat unused at my home.  In October

24  2003, my niece Brooke was attending college, and her computer died.  I gave her

25  the old HP Pavilion computer.

26       10.    In late 2001 or early 2002, I purchased a Compaq Presario 2700

27  laptop computer, which both I and my partner Richard Irmen used.

28       11.    On July 24, 2004, at the direction of my counsel, a technician from

2

DECLARATION OF CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

409252.01

1   CoreFacts visited my home/office for the purposed of taking complete forensic
2   images of my computers.  We borrowed the HP Pavilion back from Brooke
3   Gilbert, took a forensic image of its contents, and then returned it to her.
4   CoreFacts also took a forensic image of the Compaq laptop.  My counsel (initially
5   Littler Mendelson and later Keker & Van Nest) thereafter took possession of the
6   laptop.

7          12.    On March 8, 2007, technicians from AON collected and took forensic
8   images of three computers I had used since the imaging in July, 2004, and
9   provided those images to my counsel (initially Littler Mendelson and later Keker
10  & Van Nest).

11         13.    I do not have any computers, files, materials, or other documents or
12  things, at any location, that have not been provided to counsel for inspection.

13         14.    I am informed and believe that all of my files from the former firm of
14  Pretty & Schroeder, which represented me in the past, were provided to and
15  reviewed by my former counsel Littler & Mendelson.

16         15.    I am informed and believe that all of my files and documents that
17  were in the possession of Littler & Mendelson have been transferred to my current
18  counsel Keker & Van Nest.

19         I declare under penalty of perjury under the laws of the United States that
20  the foregoing is true and correct and that this declaration was executed on
21  January 14, 2008, at Springfield, Missouri.

22

23

24                                         CARTER BRYANT

25

26

27

28

# EXHIBIT F

1                  UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
2                       EASTERN DIVISION

3

4   CARTER BRYANT, an individual,

5           Plaintiff,

6       vs.                     No. C04-09049 SGL (RNBx)
                                Consolidated with
7   MATTEL INC., a              No. CV 04-09059
    Delaware Corporation,            CV 05-2727

8
            Defendant.
9

10  _____

12  AND CONSOLIDATED ACTIONS.
    _____

13

14

15          Deposition of CARTER BRYANT, Volume 4, taken

16  on behalf of Mattel, Inc., at 50 California Street,

17  22nd Floor, San Francisco, California, beginning at

18  12:05 p.m. and ending at 3:33 p.m., on Wednesday,

19  January 23, 2008, before JODI L. BOSETTI, Certified

20  Shorthand Reporter No. 11316.

21

22

23

24

25

                                                        730

```
 1    APPEARANCES:
 2
 3    For Mattel Corporation:
 4            QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
              BY:  JOHN QUINN
 5                   BRIDGET A. HAULER
                     MICHAEL T. ZELLER
 6            Attorneys at Law
              865 S. Figueroa Street, 10th Floor
 7            Los Angeles, California 90017-2543
              (213) 443-3000
 8
 9    For Carter Bryant:
10            KEKER & VAN NEST LLP
              BY:  MATTHEW M. WERDEGAR
11                   REBEKAH PUNAK
              Attorneys at Law
12            710 Sansome Street
              San Francisco, California 94111-1704
13            (415) 391-5400
14
      For MGA Corporation:
15
              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
16            BY:  MICHELLE M. CAMPANA
              Attorney at Law
17            Four Times Square
              New York 10036-6522
18            (212) 735-3000
19
      Videographer:
20
              RAY TYLER
21            SARNOFF COURT REPORTERS AND LEGAL
              TECHNOLOGIES
22            450 Sansome Street, Suite 1550,
              San Francisco, California 94111
23            (415) 274-9977
24
25
```

731

12:20 1    by "access."

12:20 2    BY MR. QUINN:

12:20 3        Q    Well, were you ever -- were you ever living

12:20 4    with your niece --

12:20 5        A    No.

12:20 6        Q    -- under the same roof?

12:20 7        A    No.

12:20 8        Q    Do you know of anyone who has used that

12:20 9    computer, that desktop that you gave to your niece,

12:20 10   other than your niece, since you gave it to her?

12:20 11       MR. WERDEGAR:  Objection.  Lacks foundation,

12:20 12   calls for speculation.

12:20 13       THE WITNESS:  I wouldn't have any idea.

12:20 14   BY MR. QUINN:

12:20 15       Q    Do you know whether the hard drive on that

12:21 16   desktop computer was ever imaged?

12:21 17       A    Yes.

12:21 18       Q    When was that done?

12:21 19       A    That was done, I think, roughly May of 2004.

12:21 20   It was right after the lawsuit was filed.

12:21 21       Q    And how do you know that that was done?

12:21 22       A    The computer was borrowed back from my niece

12:21 23   and the lawyers came in and brought somebody in to

12:21 24   sweep the computer, take an image of it.

12:21 25       Q    Were you present when that was done?

747

12:21 1          A    Yes.

12:21 2          Q    And where was it that that was done?

12:21 3          A    It was done in my home.

12:21 4          Q    And who was it who went and got the computer

12:21 5    from your niece and took it to your home?

12:21 6          A    I don't remember exactly.

12:21 7          Q    Well, somehow the computer got from your

12:21 8    niece to your home, the attorneys came with some

12:22 9    technical people and they imaged the computer at that

12:22 10   time; is that true?

12:22 11         A    Yes.

12:22 12         Q    And that was done in your presence?

12:22 13         A    I was home at the time it was done.  I didn't

12:22 14   watch the whole proceeding.

12:22 15         Q    What happened to the desktop computer after

12:22 16   the attorneys made an image of it?

12:22 17         A    It was then returned to my niece.

12:22 18         Q    And has it been in your niece's possession

12:22 19   since then?

12:22 20         A    I don't know if she still has it or not, but

12:22 21   to the best of my knowledge it's still in her

12:22 22   possession.

12:22 23         Q    Do you know of anyone who has had possession

12:22 24   or access to that computer, other than your niece,

12:22 25   since the computer was imaged?

748

1            I, the undersigned, a Certified Shorthand

2 Reporter of the State of California, do hereby certify:

3            That the foregoing proceedings were taken

4 before me at the time and place herein set forth; that

5 any witnesses in the foregoing proceedings, prior to

6 testifying, were duly sworn; that a record of the

7 proceedings was made by me using machine shorthand

8 which was thereafter transcribed under my direction;

9 that the foregoing transcript is a true record of the

10 testimony given.

11            Further, that if the foregoing pertains to

12 the original transcript of a deposition in a Federal

13 Case, before completion of the proceedings, review of

14 the transcript [   ] was [X] was not requested.

15            I further certify I am neither financially

16 interested in the action nor a relative or employee

17 of any attorney or party to this action.

18            IN WITNESS WHEREOF, I have this date

19 subscribed my name.

20

21 Dated:     JAN 3 0 2008 _____

22

23                         _____

24                  JODI L. BOSETTI

                    CSR No. 11316

25

# EXHIBIT G

```
 1                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
 2                        EASTERN DIVISION

 3

 4      CARTER BRYANT, an individual,

 5                    Plaintiff,

 6         vs.                    No.  CV04-9049 SGL (RNBx)

 7      MATTEL, INC., a Delaware
        corporation,
 8
                      Defendants.
 9

10

11      _____

12      AND CONSOLIDATED ACTIONS.
        _____
13

14

15            VIDEOTAPED DEPOSITION OF RICHARD IRMEN,

16      taken on behalf of Plaintiff, at Keker & Van Nest,

17      710 Sansome Street, San Francisco, California

18      beginning at 9:36 a.m. and ending at 7:18 p.m., on

19      Friday, September 28, 2007, before Monica

20      Lepe-Georg, Certified Shorthand Reporter No. 11976

21

22

23

24

25
```

                                                              2

```
 1    APPEARANCES:

 2    For the Plaintiff:

 3            KEKER & VAN NEST
              Attorneys at Law
 4            710 Sansome Street
              San Francisco, California 94111-1704
 5            BY:  CHRISTA MARTINE ANDERSON, ESQ.
              415.391.5400
 6            E-mail:  canderson@kvn.com

 7    For the Defendants:

 8            QUINN EMANUEL URQUHART OLIVER & HEDGES
              Attorneys at Law
 9            865 S. Figueroa Street
              10th Floor
10            Los Angeles, California 90017
              BY:  MICHAEL T. ZELLER, ESQ.
11                 BRIDGET A. HAULER, ESQ.
              213.624.7707
12            E-mail:  michaelzeller@quinnemanuel.com
                       bridgethauler@quinnemanuel.com
13
      Also present:
14
              VINCENT SPANIER, Videographer
15

16

17

18

19

20

21

22

23

24

25
```

3

1    BY MR. ZELLER:

18:31:54  2        Q.  Do you know what was done in connection

3    with tracking down that computer?

4            MS. ANDERSON:  Objection.  Instruct the

5    witness not to answer to the extent it calls for

6    attorney-client privileged communication, otherwise

7    you may answer.

8            THE WITNESS:  I do not know.

9            MR. ZELLER:  Let me try a couple specific

10   things to see if this is something you were aware

11   of.

18:32:17  12       Q.  Are you aware of whether or not the desktop

13   computer was imaged in the summer of 2004?

14           MS. ANDERSON:  Same objection.  Same

15   instruction.

16           THE WITNESS:  I believe it was, yes.

17   BY MR. ZELLER:

18:32:35  18       Q.  And how did that come to your attention?

19           MS. ANDERSON:  Again, caution the witness

20   not to reveal attorney-client privileged

21   communication.

22           THE WITNESS:  Somebody told me it had been.

23   BY MR. ZELLER:

18:32:53  24       Q.  Were you present when it was done?

18:32:55  25       A.  I'm not sure.

298

|          |    |                                                    |
|----------|----|----------------------------------------------------|
| 18:32:56 | 1  | Q.  Do you know who was present?                   |
|          | 2  | MS. ANDERSON:  Calls for speculation.              |
|          | 3  | THE WITNESS:  The computer guy doing it.  I        |
|          | 4  | don't remember who was there.                      |
|          | 5  | BY MR. ZELLER:                                      |
| 18:33:10 | 6  | Q.  Was that done over at Brooke Gilbert's          |
|          | 7  | house or at your house?                             |
|          | 8  | MS. ANDERSON:  Lacks foundation.                   |
|          | 9  | THE WITNESS:  I don't remember.  I know            |
|          | 10 | that that computer and others were imaged.  I      |
|          | 11 | remember having to meet the representative or      |
|          | 12 | whoever came out to do it.  I don't even remember  |
|          | 13 | which computer was done where.  I just know it was |
|          | 14 | done.                                              |
|          | 15 | BY MR. ZELLER:                                      |
| 18:33:37 | 16 | Q.  Is it fair to say that the computers that      |
|          | 17 | were imaged, that you're aware of, were imaged at  |
|          | 18 | your house?                                         |
|          | 19 | MS. ANDERSON:  Lacks foundation.                   |
|          | 20 | Mischaracterizes his testimony.                    |
|          | 21 | THE WITNESS:  Possibly.  Excuse me.                |
|          | 22 | BY MR. ZELLER:                                      |
| 18:33:52 | 23 | Q.  Let me try something more specific.            |
|          | 24 | Did you ever go over to Brooke Gilbert's           |
|          | 25 | house in connection with the imaging of the desktop |

299

1    computer?

18:34:02  2        A.   No.   I believe that they were done at our

3    house, but I'm not 100 percent sure on that one.

18:34:08  4        Q.   Is that something that Carter was involved

5    in?

6             MS. ANDERSON:   Vague and lacks foundation.

7             THE WITNESS:   I -- I don't remember if he

8    was even in town at that time.

9    BY MR. ZELLER:

18:34:26  10       Q.   Is there any specific person who you could

11   identify by name who was involved in that?

12            MS. ANDERSON:   Vague.

13            THE WITNESS:   No.

14   BY MR. ZELLER:

18:34:39  15       Q.   After the desktop computer was imaged,

16   where did it go next?

17            MS. ANDERSON:   That question calls for

18   speculation.   Lacks foundation and may call for

19   attorney-client privileged communications as to

20   which I instruct you not to answer.

21            THE WITNESS:   I don't know.

22   BY MR. ZELLER:

18:35:04  23       Q.   Do you have any knowledge as to where the

24   desktop computer has been since the time that it was

25   imaged in the summer of 2004 up until, as you

300

1          I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10  testimony given.

11         Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [   ] was [ X ] was not requested.

15         I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated: _____ OCT 12 2007 _____

22

23                        MONICA LEPE-GEORG

24                        CSR No. 11976

25

# EXHIBIT H

1

<pre>
1                UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
2                     EASTERN DIVISION

3      CARTER BRYANT, an
       individual,
4
                      Plaintiff,
5                                    CASE NUMBER:
       vs.                           CV 04-9049 SGL (RNBx)
6
       MATTEL, INC., a Delaware      Consolidated with
7      corporation,                  Case No. CV 04-09059
                                     Case No. CV 05-02727
8                     Defendant.
       _____
9      AND CONSOLIDATED CASES             COPY

10

11

12        VIDEOTAPED DEPOSITION OF MS. BROOKE GILBERT,

13     produced, sworn, and examined on Tuesday,

14     July 24, 2007, at 9:30 a.m. of that day,

15     at Renaissance Inn, 1303 East Kingsley Street,

16     in the City of Springfield, County of Greene,

17     and State of Missouri, before me,

18     Debbi J. Sonntag, RPR, CCR, in the

19     above-captioned cause; taken on behalf of the

20     Defendants.

21

22

23
                     FOR THE RECORD, LLC
24             2042-B South Brentwood, Suite 115
                  Springfield, Missouri 65804
25                     (417) 881-1186
</pre>

2

1                        A P P E A R A N C E S

2      For Plaintiff:      MR. MICHAEL H. PAGE
                           KEKER & VAN NEST, LLP
3                          710 Sansome Street
                           San Francisco, California 94111
4                          (415) 391-5400

5      For Defendant       MS. SUSAN L. WINES
       Mattel, Inc.:       QUINN EMANUEL
6                          865 South Figueroa Street
                           10th Floor
7                          Los Angeles, California 90017
                           (213) 443-3193

8

       For Defendant       MS. JENNIFER GLAD
9      MGA:                O'MELVENY & MYERS, LLP
                           400 South Hope Street
10                         Los Angeles, California 90071
                           (213) 430-6000

11

       Videotaped by:      Mr. Jeff Gilmore
12                         Repeat Performance
                           3534 East Sunshine
13                         Suite J
                           Springfield, Missouri 65809
14                         (417) 882-9262

15

16

17

18

19

20

21

22

23

24

25

38

1           for?

2    A.     To play her games.

3    Q.     Like Tigger?

4    A.     Like Tigger.   Reader Rabbit I'm sure.

5    Q.     Once you obtained possession of the

6           Carter Bryant computer in November 2003, did

7           Mr. Bryant at any point after that have access

8           to the computer?

9    A.     No.

10   Q.     Did he, to your knowledge, at any point after

11          November 2003 use the computer?

12   A.     No.

13   Q.     Do you know Richard Irmen?

14   A.     Yes.

15   Q.     Who's Richard Irmen?

16   A.     He's Carter's partner.

17   Q.     Did Mr. Irmen, to your knowledge, after

18          November 2003 when you took possession of the

19          computer have access to the computer?

20   A.     Yes.

21   Q.     Can you please describe what sort of access

22          Mr. Irmen had to the computer?

23   A.     He asked me to bring the computer over to them

24          at their Virginia property so it could have an

25          image taken of it.

39

```
 1              MR. PAGE:  For the record, Virginia's a
 2         street, not a state.
 3              MS. WINES:  Thank you
 4              MR. PAGE:  It's also a state, but she's
 5         talking about the street.
 6    Q.   (By Ms. Wines) Is this street in Missouri?
 7    A.   It's in Springfield.  We name the houses by the
 8         street.  It makes it easier when you have
 9         multiple.
10              MR. PAGE:  A problem I've never had to
11         grapple with.
12    A.   Yeah, I don't either.
13    Q.   (By Ms. Wines) I don't think I ever will.  How
14         did he -- how did this come about?  Did he call
15         you on the phone and what did he say to you
16         about this?
17    A.   He called me and said, "Could you please bring
18         the computer over?"
19    Q.   When was that?
20    A.   I can't recall the exact date right now, but it
21         was whenever the image was taken for the lawsuit
22         purposes.
23    Q.   Do you remember the year?
24    A.   I think it was '04.
25    Q.   '04?
```

40

1   A.   Uh-huh.

2              MR. PAGE:  If you want, I could make a

3        representation on when it was.

4              MS. WINES:  If you would, please.

5              MR. PAGE:  It was in July '04.

6   Q.   (By Ms. Wines) Everything happens around your

7        birthday.

8   A.   I know.

9   Q.   So what happened after he called -- Mr. Irmen

10       called you and asked you to bring the computer

11       over to the Virginia Street property?

12  A.   I took it over, and he called me three days

13       later and said, "You can come get it."

14  Q.   Did you have any knowledge of how the image was

15       being made?

16  A.   No.

17  Q.   Or that was simply what Mr. Irmen had told you

18       he needed the computer back for?

19  A.   He just said he needed it to get an image of

20       what was on the hard drive.

21  Q.   Did he tell you that it was for purposes of this

22       lawsuit?

23  A.   I don't think so.

24  Q.   Have you drawn that conclusion?

25  A.   Yes.

58

REPORTER'S CERTIFICATE

STATE OF MISSOURI   )
                    )ss
COUNTY OF CHRISTIAN)

         I, DEBBI J. SONNTAG, Registered
Professional Reporter and Certified Court
Reporter, do hereby certify that the witness was
duly sworn by me; that the facts stated by me in
the caption hereof are true; that the said
witness did make the above and foregoing answers
in response to questions propounded as shown;
that I did, in stenotype, report said
proceedings; and that the above and foregoing
typewritten pages contain a full, true, and
correct transcription of my shorthand notes
taken on such occasion; that said deposition is
now herewith returned.

         I further certify that I am neither
attorney for, nor counsel for, nor related to,
nor employed by any of the parties to the action
in which this deposition was taken; and,
further, that I am not a relative or employee of
any attorney or counsel employed by the parties
hereto, or financially interested in the action.


                    _Debbi J. Sonntag_____
                    DEBBI J. SONNTAG, RPR, CCR


**FOR THE RECORD, LLC**
**2042-B South Brentwood, Suite 115**
**Springfield, Missouri 65804**
**(417) 881-1186**