KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S *AMENDED* MOTION TO STRIKE MATTEL INC.'S *AMENDED* REPLY IN SUPPORT OF MOTION FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS**<br><br>Date:     TBA<br>Time:    TBA<br><br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

1  Yesterday, February 19, 2008, Carter Bryant moved to strike Mattel's late-
2  filed reply brief. That motion had three bases: that the brief was late-filed, that it
3  impermissibly introduced new evidence on reply, and that it directly and
4  deliberately contradicted the evidence on which it purported to rely.[1]

5  Less than an hour after Bryant's motion to strike was filed, Mattel filed and
6  served an "amended" Reply brief, purporting simply to be fixing a "technical
7  glitch" encountered in filing its original brief. That brief, however, is nothing of
8  the sort. Instead, it is a new, even later reply brief, by a different attorney, filed
9  without leave of court and without explanation.[2]

10  Mattel's attempt to sneak a different pleading by this Court did not end with
11  its false claim of a "technical glitch." Mattel further misleads this Court by
12  **backdating** its February 19 brief to February 15. This is nothing short of a false
13  representation to the Court, and should not be countenanced.

14  Mattel's reply was due February 12, 2008. It was filed February 19, and
15  fraudulently backdated to February 15. It must be stricken.

17  Dated: February 20, 2008                           KEKER & VAN NEST, LLP

20                                                    By: /s/ Michael H. Page
                                                          MICHAEL H. PAGE
21                                                        Attorney for Plaintiff
                                                          CARTER BRYANT

---

[1] Rather than repeat those arguments, we attach that brief hereto.

[2] As we noted in our original motion to strike, Mattel's Reply falsely attributes a finding of spoliation to its expert, when that expert's report reaches a contrary conclusion. Mattel's "amended" reply, rather than correct that falsehood, moves it up to the first paragraph of its brief.

# ATTACHMENT

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>　　　　　　　Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY IN SUPPORT OF MOTION FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS OR ALTERNATIVELY, FOR LEAVE TO FILE A SURREPLY**<br><br>Date:　　TBA<br>Time:　　TBA<br><br>Date Comp. Filed:  April 13, 2005<br>Discovery Cut-Off:  Jan. 28, 2008<br>Trial Date:  May 27, 2008 |

411491.01

BRYANT'S MOT. TO STRIKE REPLY ISO MOTION FOR AN ORDER ENFORCING COURT'S JAN. 25, '07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2008 [or] at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by Judge Infante, Carter Bryant will, and hereby does, move the Court:

(1)    for an order striking Mattel Inc.'s Reply in Support of Motion Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Hard Drives and for Sanctions; or, alternatively,

(2)    for an order permitting Bryant leave to file a surreply to Mattel Inc.'s Reply in Support of Motion Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Hard Drives and for Sanctions.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael H. Page filed concurrently herewith, the record and files of this Court, and all other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel's Reply Brief must be stricken for three independent reasons.

First, and most simply, it was not timely filed. Bryant's opposition brief was filed and served, as required by the Discovery Master Order, on February 7, 2008. Thus Mattel's Reply brief was due by not later than February 12, 2008.[1] Mattel, however, did not file its brief until February 15, 2008.[2] On that basis alone, the brief must be stricken. Moreover, Mattel made no effort to seek an extension of time, and Mattel itself has recently repeatedly taken the position that deadlines in this case are to be rigidly enforced.[3] For example, third party Veronica Marlow recently efiled an opposition brief and related documents that was due by midnight two hours late, at 2:15 A.M.[4] In response, Mattel announced that it was automatically entitled to a full extra day to reply.[5] Similarly, Mattel has recently sought ex parte relief to strike Bryant's Motion to Compel Mattel to respond to hundreds of discovery requests it has simply ignored, based on Mattel's (incorrect) view that the motion was filed a few days late.[6] What is sauce for the goose . . . .

Second, Mattel's reply impermissibly seeks to introduce factual information withheld from its opening brief, in hopes that it can sneak its mischaracterizations

---

[1] See Stipulation for Appointment of Discovery Master and Order dated December 5, 2006.

[2] The efiling, which was copied to counsel for Mr. Bryant, purports to include supporting evidence and a proposed order, but in fact had eight identical copies of the reply brief, each with a different filename. Although Mr. Bryant's counsel requested that counsel for Mattel forward the exhibits to its Reply, it has not done so as of the time of this filing. See Declaration of Michael H. Page in Support of Motion to Strike Mattel Inc.' Reply in Support of Mattel Inc.'s Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drive and for Sanctions (Feb.19, 2008) ("Page Decl.") ¶ 2, Ex. A (email from Page to Grant dated February 19, 2008)).

[3] See e.g., Page Decl. ¶ 5, Ex. D (emails from counsel for Bryant to counsel for Mattel, Inc. regarding proposed stipulation).

[4] Page Decl. ¶ 3, Ex. B (email from Trayes to Anderson, Werdegar, Page and Trinidad dated February 12, 2008 (forwarding email from Trayes to Chan with attached Opposition to Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents)).

[5] Page Decl. ¶ 4, Ex. C (Letter from Webster to McFarland dated February 13, 2008).

[6] Ex Parte Application to Strike Motion to Compel Responses to Discovery Requests and for Stay of Time to File Any Opposition Thereto Pending Review dated February 12, 2008 (Dkt. No. 2080.

1 past the Court with no rebuttal from Bryant. That information—the contents of
2 Bryant's two original computers—has been in Mattel's possession since at least
3 August 2007. Indeed, Mattel chose to present some information concerning the
4 contents of that computer in its opening brief,[7] while withholding other data from
5 the same computer.

6       And third, Mattel's reply brief misstates, apparently deliberately, its own
7 expert's evidence on which it purports to rely. That misstatement goes to the heart
8 of Mattel's unfounded allegations of spoliation. Mattel's brief alleges that, as a
9 result of the automatic operation of Evidence Eliminator on Bryant's laptop in July
10 2004, "9,400 files and/or folders" were forever deleted.[8] A powerful allegation, if
11 true. But Mattel's own expert, on which Mattel purports to rely for this claim, says
12 no such thing: in fact, he says quite the opposite. As Mattel's expert correctly
13 describes, Evidence Eliminator in its default configuration does not erase **files**, but
14 rather simply obfuscates the **names** of files or folders that **previously** have been
15 deleted, at whatever time, and for whatever reason, legitimate or otherwise.

16       Mattel's expert's testimony is that on July 12, 2004 "9400+ **filenames**
17 and/or folder **names** were overwritten as well as an **undetermined** amount of data
18 on the drive."[9] Similarly, on July 14, 2004 "There is insufficient data to determine
19 if **any** files were deleted."[10] In other words, Mattel takes an expert report that says
20 there is no evidence that ANY files were deleted and cites it as evidence that
21 **thousands** of files were deliberately erased.[11]

---

[7] Motion for an Order Enforcing Court's January 25, 2007 Court Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions dated January 28, 2008 at p. 10.

[8] Reply Memorandum in Support of Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions dated February 15, 2008 ("Reply").

[9] *See* Supplemental Declaration of Melissa Grant dated February 15, 2008 ("Suppl. Grant Decl."), Ex. 3 (Forensic Analysis Report 1 of Mark J. Menz dated February 10, 2008 ("Menz Report 1") at p. 1) (emphasis added)).

[10] *Id.* (emphasis added).

[11] Mattel similarly misleads the court by accusing Bryant of destroying evidence by creating a

3

BRYANT'S MOT. TO STRIKE REPLY ISO MOTION FOR AN ORDER ENFORCING COURT'S JAN. 25, '07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

411491.01

This Court cannot allow such repeated, cavalier, and deliberate distortion of the record. It is particularly inappropriate when submitted on reply, in hopes that it will sail by unquestioned and uncorrected. Mattel's reply brief should be stricken as untimely, as impermissibly submitting new evidence that was available at the time of Mattel's opening brief, and as contrary to Mattel's own supporting evidence.[12]

Dated: February 19, 2008

KEKER & VAN NEST, LLP

By: /s/ Michael H. Page
MICHAEL H. PAGE
Attorney for Plaintiff
CARTER BRYANT

---

new **user** directory on his desktop in April, 2004. Reply at 8. Why is this misleading? Because, as Mattel knows full well from multiple sources, Bryant did not even own that computer at that time. He had given it to his niece the previous fall, and retrieved it from her in July 2004 only long enough to voluntarily create the image of its contents upon which Mattel now relies. Page Decl. ¶ 6, Ex. E (Decl. of Carter Bryant in Response to Court's Request for Information Regarding Document Preservation ¶ 5 dated January 14, 2008; *id.* ¶ 7, Ex. F (Deposition of Carter Bryant Vol. 4 dated January 23, 2008) (Tr. at 747:15-748:17)); *id.* ¶ 8, Ex. G (Deposition of Richard Irmen dated September 28, 2007 (Tr. at 298:12-300:3); *id.* ¶ 9, Ex. H (Deposition of Brooke Gilbert dated July 24, 2007 (Tr. at 38:17-40:20)).

[12] In the alternative, this Court should permit Bryant leave to file a surreply so that he can address the evidence presented after he filed his opposition memorandum.