KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>　　　　　　Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY IN SUPPORT OF MOTION FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS OR ALTERNATIVELY, FOR LEAVE TO FILE A SURREPLY**<br><br>Date:　　TBA<br>Time:　　TBA<br><br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

411491.01

BRYANT'S MOT. TO STRIKE REPLY ISO MOTION FOR AN ORDER ENFORCING COURT'S JAN. 25, '07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

1

2      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on _____, 2008 [or] at a

4 telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that

5 will occur at a time to be determined by Judge Infante, Carter Bryant will, and

6 hereby does, move the Court:

7      (1)   for an order striking Mattel Inc.'s Reply in Support of Motion

8 Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Hard

9 Drives and for Sanctions; or, alternatively,

10      (2)   for an order permitting Bryant leave to file a surreply to Mattel Inc.'s

11 Reply in Support of Motion Enforcing Court's January 25, 2007 Order Compelling

12 Bryant to Produce Hard Drives and for Sanctions.

13

14      This Motion is based on this Notice of Motion and Motion, the

15 accompanying Memorandum of Points and Authorities, the Declaration of Michael

16 H. Page filed concurrently herewith, the record and files of this Court, and all other

17 matters of which the Court may take judicial notice.

411491.01

1

BRYANT'S MOT. TO STRIKE REPLY ISO MOTION FOR AN ORDER ENFORCING COURT'S JAN. 25, '07
ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel's Reply Brief must be stricken for three independent reasons.

First, and most simply, it was not timely filed. Bryant's opposition brief was filed and served, as required by the Discovery Master Order, on February 7, 2008. Thus Mattel's Reply brief was due by not later than February 12, 2008.[1] Mattel, however, did not file its brief until February 15, 2008.[2] On that basis alone, the brief must be stricken. Moreover, Mattel made no effort to seek an extension of time, and Mattel itself has recently repeatedly taken the position that deadlines in this case are to be rigidly enforced.[3] For example, third party Veronica Marlow recently efiled an opposition brief and related documents that was due by midnight two hours late, at 2:15 A.M.[4] In response, Mattel announced that it was automatically entitled to a full extra day to reply.[5] Similarly, Mattel has recently sought ex parte relief to strike Bryant's Motion to Compel Mattel to respond to hundreds of discovery requests it has simply ignored, based on Mattel's (incorrect) view that the motion was filed a few days late.[6] What is sauce for the goose . . . .

Second, Mattel's reply impermissibly seeks to introduce factual information withheld from its opening brief, in hopes that it can sneak its mischaracterizations

---

[1] See Stipulation for Appointment of Discovery Master and Order dated December 5, 2006.

[2] The efiling, which was copied to counsel for Mr. Bryant, purports to include supporting evidence and a proposed order, but in fact had eight identical copies of the reply brief, each with a different filename. Although Mr. Bryant's counsel requested that counsel for Mattel forward the exhibits to its Reply, it has not done so as of the time of this filing. See Declaration of Michael H. Page in Support of Motion to Strike Mattel Inc.' Reply in Support of Mattel Inc.'s Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drive and for Sanctions (Feb.19, 2008) ("Page Decl.") ¶ 2, Ex. A (email from Page to Grant dated February 19, 2008)).

[3] See e.g., Page Decl. ¶ 5, Ex. D (emails from counsel for Bryant to counsel for Mattel, Inc. regarding proposed stipulation).

[4] Page Decl. ¶ 3, Ex. B (email from Trayes to Anderson, Werdegar, Page and Trinidad dated February 12, 2008 (forwarding email from Trayes to Chan with attached Opposition to Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents)).

[5] Page Decl. ¶ 4, Ex. C (Letter from Webster to McFarland dated February 13, 2008).

[6] Ex Parte Application to Strike Motion to Compel Responses to Discovery Requests and for Stay of Time to File Any Opposition Thereto Pending Review dated February 12, 2008 (Dkt. No. 2080.

2

BRYANT'S MOT. TO STRIKE REPLY ISO MOTION FOR AN ORDER ENFORCING COURT'S JAN. 25, '07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

411491.01

past the Court with no rebuttal from Bryant. That information—the contents of Bryant's two original computers—has been in Mattel's possession since at least August 2007. Indeed, Mattel chose to present some information concerning the contents of that computer in its opening brief,[7] while withholding other data from the same computer.

And third, Mattel's reply brief misstates, apparently deliberately, its own expert's evidence on which it purports to rely. That misstatement goes to the heart of Mattel's unfounded allegations of spoliation. Mattel's brief alleges that, as a result of the automatic operation of Evidence Eliminator on Bryant's laptop in July 2004, "9,400 files and/or folders" were forever deleted.[8] A powerful allegation, if true. But Mattel's own expert, on which Mattel purports to rely for this claim, says no such thing: in fact, he says quite the opposite. As Mattel's expert correctly describes, Evidence Eliminator in its default configuration does not erase **files**, but rather simply obfuscates the **names** of files or folders that **previously** have been deleted, at whatever time, and for whatever reason, legitimate or otherwise.

Mattel's expert's testimony is that on July 12, 2004 "9400+ **filenames** and/or folder **names** were overwritten as well as an **undetermined** amount of data on the drive."[9] Similarly, on July 14, 2004 "There is insufficient data to determine if **any** files were deleted."[10] In other words, Mattel takes an expert report that says there is no evidence that ANY files were deleted and cites it as evidence that **thousands** of files were deliberately erased.[11]

---

[7] Motion for an Order Enforcing Court's January 25, 2007 Court Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions dated January 28, 2008 at p. 10.

[8] Reply Memorandum in Support of Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions dated February 15, 2008 ("Reply").

[9] *See* Supplemental Declaration of Melissa Grant dated February 15, 2008 ("Suppl. Grant Decl."), Ex. 3 (Forensic Analysis Report 1 of Mark J. Menz dated February 10, 2008 ("Menz Report 1") at p. 1) (emphasis added)).

[10] *Id.* (emphasis added).

[11] Mattel similarly misleads the court by accusing Bryant of destroying evidence by creating a

3

BRYANT'S MOT. TO STRIKE REPLY ISO MOTION FOR AN ORDER ENFORCING COURT'S JAN. 25, '07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

411491.01

   This Court cannot allow such repeated, cavalier, and deliberate distortion of the record. It is particularly inappropriate when submitted on reply, in hopes that it will sail by unquestioned and uncorrected. Mattel's reply brief should be stricken as untimely, as impermissibly submitting new evidence that was available at the time of Mattel's opening brief, and as contrary to Mattel's own supporting evidence.[12]

Dated: February 19, 2008                                KEKER & VAN NEST, LLP


                                                        By: /s/ Michael H. Page
                                                            MICHAEL H. PAGE
                                                            Attorney for Plaintiff
                                                            CARTER BRYANT

---

new **user** directory on his desktop in April, 2004. Reply at 8. Why is this misleading? Because, as Mattel knows full well from multiple sources, Bryant did not even own that computer at that time. He had given it to his niece the previous fall, and retrieved it from her in July 2004 only long enough to voluntarily create the image of its contents upon which Mattel now relies. Page Decl. ¶ 6, Ex. E (Decl. of Carter Bryant in Response to Court's Request for Information Regarding Document Preservation ¶ 5 dated January 14, 2008; id. ¶ 7, Ex. F (Deposition of Carter Bryant Vol. 4 dated January 23, 2008) (Tr. at 747:15-748:17)); id. ¶ 8, Ex. G (Deposition of Richard Irmen dated September 28, 2007 (Tr. at 298:12-300:3); id. ¶ 9, Ex. H (Deposition of Brooke Gilbert dated July 24, 2007 (Tr. at 38:17-40:20)).

[12] In the alternative, this Court should permit Bryant leave to file a surreply so that he can address the evidence presented after he filed his opposition memorandum.