Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-33, 36-40, 42, 45 AND 47 BY CARTER BRYANT** |

## I. INTRODUCTION

On December 13, 2007, Mattel, Inc. ("Mattel") submitted a Motion to Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant ("Bryant"). On December 17, 2007, Bryant served supplemental responses, and on December 20, 2007, Bryant submitted an opposition brief. Mattel submitted a reply on December 27, 2007. On January 28, 2008, Bryant served second supplemental responses, which he later submitted to the court on February 6, 2008.

The matter was heard on February 11, 2008.

Mattel contends that all of the interrogatories at issue are relevant to central issues in the case and that Bryant's interrogatory responses are deficient. Mattel contends that Bryant's responses include unsubstantiated boilerplate objections that should all be overruled. In particular, Mattel contends that Bryant's "unduly burdensome" objection to all interrogatories asking him to state "all facts" is meritless because such contention interrogatories are commonly used to elucidate facts regarding a party's contentions, and numerous courts have held them proper. Mattel also emphasizes that "[t]his is a high stakes litigation for all parties, and Bryant is a defendant and central figure in it." Mattel's Motion at p.3. Further, Mattel contends that Bryant is willfully refusing to provide complete responses to the interrogatories at issue, and therefore Mattel seeks $3,000 in sanctions.

Bryant contends that Mattel's motion is moot because he served supplemental responses to all of the interrogatories except for the one that he contends is clearly objectionable. Alternatively, Bryant contends that the motion is premature because it was filed before Mattel ever received, much less analyzed or sought to meet and confer regarding, his supplemental responses. Bryant requests that the court deny the motion as premature, without regard to the substance of the motion, and sanction Mattel in the amount of $3,000 for failing to meet and confer regarding his supplemental responses.

On the merits of the motion, Bryant contends that his objections should not be overruled *en masse*, as requested by Mattel, because the interrogatories are defective in many respects and his objections to them are specific and proper. In particular, Bryant contends that the interrogatories requiring him to "state all facts" regarding his contentions are overbroad and unduly burdensome.

## II. STANDARDS

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

Rule 33 of the Federal Rules of Civil Procedure allows a party to propound interrogatories and requires the responding party to furnish such information as is available to the party after conducting a reasonable inquiry. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Fed.R.Civ.P. 33(b)(4).

### III. DISCUSSION

A. Interrogatories About the Identity of Bratz Inventions (Nos. 27, 28 and 29)

Interrogatory Nos. 27-29 request information relating to Bratz inventions created during three different time periods, specifically before, during and after Bryant's employment with Mattel. Mattel's motion to compel further responses to Interrogatory Nos. 27-29 is denied

because the interrogatories are overbroad and unduly burdensome. Among other things, the definition of "Bratz Invention" is extremely broad, encompassing numerous intellectual property concepts. Mattel has not shown how each and every concept imbedded in its multi-faceted definition of "Bratz Invention" is relevant to interpreting the term "invention" for purposes of enforcing the "Employee Confidential Information and Inventions Agreement," signed by Bryant. The breadth and undue burden of Interrogatory Nos. 27-29 are also compounded by the fact that Mattel is employing an extremely broad definition of "Bratz Invention" in a contention interrogatory seeking all facts supporting Bryant's contentions, the identities of all persons knowledgeable, and all supporting documents.

In any event, Bryant's second supplemental responses are adequate under the circumstances. Faced with overbroad and unduly burdensome interrogatories, Bryant provides facts supporting the contentions identified in the interrogatories, identifies persons with knowledge of those facts, and identifies the principal documents or categories of documents that support each contention. See e.g. Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006). For example, in response to Interrogatory No. 27, Bryant sets forth his contention that the conception and/or reduction to practice of any "invention," as that term is defined in utility patent law and/or the "Inventions Agreement," occurred before January 1999 and/or after October 20, 2000. With respect to design patents, Bryant contends that in or about August 1998, inspired by images he was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the appearance of teenagers he observed at the time, as well as other images in the public domain, he conceived of an idea for a line of dolls he named Bratz and sketched a series of drawings to illustrate his idea. Bryant's second supplemental response to Interrogatory No. 27 also includes his contention that to the extent his idea contained elements covered by design patent law, no such invention was "reduced to practice" until after October 20, 2000. Further, Bryant contends that his idea did not fall within the scope of the term "invention" as used in the "Inventions Agreement."

Bryant also identifies portions of his deposition testimony by page and line number that are relevant to Interrogatory No. 27. Bryant also identifies numerous individuals having

knowledge of the facts supporting his contentions, and describes documents and/or identifies documents by bates number that are relevant to his contentions.

On balance, the burden of responding further to Interrogatory Nos. 27-29, as written, outweighs the likely benefit of the interrogatories, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

B. Interrogatory About the Identity of Bryant's Bank Accounts (No. 39)

Interrogatory No. 39 asks Bryant to identify his bank and other financial institution accounts. Mattel's motion to compel a further response to Interrogatory No. 39 is denied. The interrogatory is overbroad, requiring account information for any account, no matter under whose name or whose benefit, that in any way mentions Bryant or reflects his existence. The interrogatory also implicates Bryant's (and others) privacy interests, without reasonable justification. Mattel attempts to justify Interrogatory No. 39 as seeking information relevant to a host of issues, including Mattel's claims for commercial bribery and other allegedly tortious conduct, the timing of Bryant's first involvement with MGA, bias and punitive damages. The interrogatory, however, is not reasonably tailored to seek such information, and goes far beyond what is relevant. Furthermore, to the extent Interrogatory No. 39 seeks relevant information, that information is readily available through alternative less intrusive sources. For example, Bryant represents that he has produced and will continue to produce his royalty statements from MGA. Mattel has also had the opportunity to depose Bryant and MGA, and to obtain relevant financial information from MGA. In light of the financial information Mattel has already obtained and will continue to receive, Interrogatory No. 39 is unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

C. Interrogatory about Bryant's Profits from Bratz (No. 45)

Interrogatory No. 45 asks Bryant to identify each "Bratz Product" that has been sold by him or his licensees, and for each "Bratz Product," state (a) the number of units of each "Bratz Product" sold; (b) the gross and net revenue received by Bryant from such sales; (c) all costs

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

incurred in connection with each "Bratz Product"; and (d) Bryant's gross and net profits from each "Bratz Product." Mattel's motion to compel a further response to Interrogatory No. 45 is denied because Bryant is in substantial compliance with Rule 33. In his second supplemental response, Bryant states that he has not sold any "Bratz Product" as that term is commonly defined and understood or as it is specially defined by Mattel in connection with this interrogatory. Bryant explains that pursuant to a contract he executed in October 2000, he transferred rights to his idea for a line of dolls he had named Bratz to MGA Entertainment, Inc. Bryant also identifies the contract by bates number, and explains that he is entitled to receive royalties on the sales of any MGA products developed by MGA on which Bryant has provided his consulting services. Further, Bryant represents that he has produced or will produce documents sufficient to show the total royalties he received pursuant to his contract with MGA, and identifies numerous responsive documents produced to date by bates number. To require any further response to Interrogatory No. 45 would be unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

D. Contention Interrogatories (Nos. 30-33, 36-38 and 42)

Interrogatory Nos. 30-33, 36-38 and 42 seek facts relating to several issues in this case, including Bryant's contentions, if any, regarding the priority of Mattel's rights in Bratz vis-à-vis MGA; the validity and enforceability of Bryant's Inventions Agreement with Mattel; Mattel's alleged entitlement to injunctive relief; Mattel's alleged entitlement to punitive or exemplary damages; whether Bryant acted with an innocent statement of mind; and whether the Bratz dolls are not based on designs Bryant created during his Mattel employment.

Mattel's motion to compel further responses to Interrogatory Nos. 30-33, 36-38 and 42 is denied. Bryant is in substantial compliance with Rule 33, Fed.R.Civ.P., having set forth sufficient facts, identified persons with knowledge, and identified documents to support his contentions. For example, in his second supplemental response to Interrogatory No. 33, Bryant incorporates by reference his responses to Interrogatory Nos. 27-29, and responds further that hypothetically assuming that he assigned rights to inventions related to Bratz pursuant to the "Invention

Agreement," MGA would have superior rights in the Bratz dolls because: (1) there were no "inventions" related to Bratz covered by the "Inventions Agreement" during the period of Bryant's employment with Mattel; (2) the Bratz dolls that were first marketed by MGA in 2001 were neither substantially similar to, nor a copy of, nor derivative of, any Bratz invention that hypothetically could have been assigned to Mattel pursuant to the "Inventions Agreement"; and (3) Mattel is precluded from enforcing any rights it may have had to any Bratz inventions due to laches, the statute of limitations, unclean hands, estoppel, waiver and consent. Bryant also identifies all persons and documents identified by MGA in its responses to this interrogatory and interrogatories on related subject matter. To require any further information would be unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

E. Interrogatories About Bryant's Searches for Documents (40 and 47)

Mattel has propounded two interrogatories to Bryant about his searches for documents and storage devices containing evidence of early work on Bratz. Mattel's motion to compel further responses to Interrogatory Nos. 40 and 47 is denied because Bryant is in substantial compliance with Rule 33, Fed.R.Civ.P. In his supplemental responses, Bryant provides responsive information about an HP desktop computer and a Compaq Presario Laptop. Bryant also identifies portions of his deposition testimony by page and line number where he discusses the use of a computer at his parents' home and his occasional use of Elise Cloonan's computer.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion to compel further responses to interrogatories by Carter Bryant is denied. The parties' respective requests for sanctions are denied. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: February 20, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 20, 2008, I served the attached ORDER DENYING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-33, 36-40, 42, 45 AND 47 BY CARTER BRYANT in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on February 20, 2008, at San Francisco, California.

_/s/ Sandra Chan_
Sandra Chan