1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017–2543
    Telephone: (213) 443–3000
7   Facsimile: (213) 443–3100

8   Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04–9049 SGL (RNBx)

13              Plaintiff,               Consolidated with
                                         Case No. CV 04–09059
14       vs.                             Case No. CV 05–02727

15                                       **DISCOVERY MATTER**

16  MATTEL, INC., a Delaware             **[To Be Heard By Discovery Master
    corporation,                         Hon. Edward Infante (Ret.) Pursuant
17              Defendant.               To The Court's Order Of December
18                                       6, 2006]**

19  ───────────────────────────         **[PUBLIC REDACTED]**
    AND CONSOLIDATED ACTIONS            SUPPLEMENTAL DECLARATION OF
20                                       MELISSA GRANT IN SUPPORT OF
                                         MOTION OF MATTEL, INC. FOR AN
21                                       ORDER ENFORCING COURT'S
                                         JANUARY 25, 2007 ORDER
22                                       COMPELLING BRYANT TO
                                         PRODUCE COMPUTER HARD
23                                       DRIVES AND FOR SANCTIONS

24                                       Hearing Date: TBA
                                         Time: TBA
25                                       Place: TBA

26                                       **Phase I**
                                         Discovery Cut–off: January 28, 2008
27                                       Pre–trial Conference: May 5, 2008
                                         Trial Date: May 27, 2008
28

07209/2391265.1

# DECLARATION OF MELISSA GRANT

I, Melissa Grant, declare as follows:

1.     I am a member of the bars of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached as Exhibit 1 is a true and correct copy of Mattel's Notice of Motion and Motion to Compel Production of Documents by Carter Bryant, filed on January 4, 2007.

3.     Attached as Exhibit 2 is a true and correct copy of Mattel's Proprietary Information Checkout, signed by Carter Bryant on October 19, 2000.

4.     Attached as Exhibit 3 is a true and correct copy of the Forensic Analysis Report 1 by Mark J. Menz, dated February 10, 2008.

5.     Attached as Exhibit 4 is a true and correct copy of the Forensic Analysis Report 2 by Mark J. Menz, dated February 10, 2008.

6.     Attached as Exhibit 5 is a true and correct copy of a Detailed Screen Image of Bryant's "My Documents" Folder from his Desktop. I cross-referenced the information on the Detailed Screen Image with the information on screen image attached as Exhibit O to the Declaration of Michael H. Page in Support of Carter Bryant's Opposition to Mattel, Inc.'s Motion for an Order to Enforce the January 25, 2007 Compelling Bryant to Produce Hard Drives and for Sanctions. I determined that of the 143 filenames and/or folders listed on Exhibit O only one was created in 2000 and only eight were created in 2001.

7.     A review of Carter Bryant's document productions reveals that Bryant has produced only a handful of e-mail messages relating to Bratz from the crucial period of 2000 to 2001, and even fewer from equally crucial period of 2002 to 2005. Attached as Exhibit 6 are true and correct copies of those e-mail messages.

07209/2391265.1

1    8.    MGA and various third parties have produced to Mattel e-mail

2  messages that Bryant exchanged with them.  Bryant, however, has not produced

3  those e-mail messages in any form.  Attached as Exhibit 7 are true and correct

4  copies of a selection of those e-mail messages produced by MGA and third parties

5  witnesses to Mattel dated from 2000 through 2001.

6    9.    Attached as Exhibit 8 is a true and correct copy of excerpts of the

7  deposition of Brooke Gilbert, taken on July 24, 2007.

8    10.    Attached as Exhibit 9 is a true and correct copy the Minute Order

9  Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional

10  Discovery, entered on January 7, 2008.

11    11.    Attached as Exhibit 10 is a true and correct copy of the Order

12  Granting in Part and Denying in Part Mattel's Motion to Compel Production of

13  Documents by Isaac Larian; Denying Request for Sanctions, entered December 31,

14  2007.

15    I declare under penalty of perjury under the laws of the United States of

16  America that the foregoing is true and correct.

17

18    Executed this 15th day of February, 2008, at Los Angeles, California.

19

20

21    Melissa Grant

22

23

24

25

26

27

28

-3-

# EXHIBIT 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff and Cross-
     Defendant Mattel, Inc.

8

**CONFORMED**

2007 JAN -4 PM 3: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

**FILED**

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13           Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14   vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>16  corporation, | **DISCOVERY MATTER** |
| | **[To Be Heard By Discovery Master<br>Hon. Edward Infante (Ret.) Pursuant<br>To The Court's Order Of December<br>6, 2006]** |
| 17           Defendant. | |
| 18 | |
| 19  AND CONSOLIDATED ACTIONS | NOTICE OF MOTION AND MOTION<br>OF PLAINTIFF MATTEL, INC. TO<br>COMPEL PRODUCTION OF |
| 20 | DOCUMENTS BY CARTER<br>BRYANT |
| 21 | |
| 22 | Hearing Date: TBA<br>Time: TBA<br>Place: TBA |
| 23 | |
| 24 | Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |
| 25 | |
| 26 | |
| 27 | |
| 28 | EXHIBIT __ PAGE 4 |

37209/1994835.5

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a telephonic conference before

3  Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be

4  determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

5  move the Court:

6          (1) to compel Defendant Carter Bryant to produce all documents that

7  are responsive to Mattel's First Set of Requests for Production, including, without

8  limitation, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

9  35, 36, 37, 40, 41, 42, 43, 45, 46, 48, 49, 51, 53, 54, and 55, regarding which

10  Requests Bryant makes clear in his Responses that he is withholding responsive

11  documents,

12          (2) to compel Bryant to produce all redacted documents in un-redacted

13  form; serve a complete privilege log; produce the hard drives of computers in his

14  possession, custody or control for forensic imaging; and complete his production by

15  producing missing attachments, fax cover pages and the like; and

16          (3) for an award of sanctions against Bryant in the amount of

17  $7,805.00, which represents a portion of the costs incurred by Mattel in bringing this

18  Motion.

19          This Motion is made pursuant to Federal Rules of Civil Procedure 34

20  and 37 on the grounds that Mattel's Requests seek discoverable information and

21  Bryant's objections lack merit.

22          This motion shall be heard by the Honorable Edward Infante,

23  Discovery Master. As the Discovery Master directed at the December 19, 2006

24  telephonic scheduling conference, the parties met and conferred regarding this

25  motion on December 28, 2006. The parties also met and conferred regarding this

26  motion on prior occasions since June 2006 and thereafter.

27

28

EXHIBIT 1 PAGE 5

1           This Motion is based on this Notice of Motion and Motion, the

2    accompanying Memorandum of Points and Authorities, Separate Statement filed

3    concurrently herewith, the Declaration of Michael T. Zeller filed concurrently

4    herewith, the records and files of this Court, and all other matters of which the Court

5    may take judicial notice.

6

7    DATED:  January 3, 2007          QUINN EMANUEL URQUHART OLIVER &
                       HEDGES, LLP

8

9                          By_____

10                           John B. Quinn
                             Attorneys for Plaintiff and Cross-Defendant
11                           Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  l  PAGE 6

1

## <u>TABLE OF CONTENTS</u>

2 <u>**Page**</u>

3

4 MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

5 PRELIMINARY STATEMENT ............................................................................... 1

6 BACKGROUND ..................................................................................................... 2

7 SUMMARY OF ARGUMENT................................................................................ 6

8 CONCLUSION...................................................................................................... 11

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __ PAGE 7

iii

1

# TABLE OF AUTHORITIES

2 **Page**

3

## Cases

4

5  *Mattel, Inc. v. Bryant,*
    441 F. Supp. 2d 1081 (C.D. Cal. 2005)..................................................................1

6

## Statutes

7

8  Federal Rules of Civil Procedure 34 ....................................................................2

   47 U.S.C. § 227(d)(1)(B)......................................................................................10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __1__ PAGE 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Nearly two and a half years after Mattel served the document requests at issue in this motion, and after Bryant agreed during a meet and confer held in Judge Block's chambers to produce most of the documents at issue (to forestall a hearing on this motion), Bryant still has not produced highly relevant documents. This is straightforward obstructionism, a tactic Bryant has employed from the beginning of this case in 2004. Bryant's responses to Mattel's document requests are indefensible. Further, in some cases Bryant has not produced even what he agreed to produce.

Bryant's own statements show how misguided his responses are. When Mattel first filed a version of this motion in January 2005 (which was never adjudicated because of a discovery stay and then Bryant's broken promises to produce documents), Bryant took the position in his opposition that Mattel's motion lacked merit because it was not clear at that time that the rights to "Bratz" were at stake. At the same time, Bryant expressly acknowledged that he would "reconsider" his objections and that "Mattel might be entitled to obtain discovery" of at least some of the documents at issue in this motion "simply by admitting . . . that the damages it seeks in its lawsuit against Bryant satisfy the jurisdictional requirements of this Court."[1] That is all now undisputed. The Court has observed both that, "[a]t its heart this case asks the question:  Who owns the rights to the Bratz dolls," and that there is federal jurisdiction.[2]  Thus, the ostensible justification for Bryant's

---

[1]   Un-redacted Joint Stipulation Re Mattel's Motion to Compel Production of Documents dated January 4, 2005 ("Joint Stipulation"), at 5:3-8, 19:1-4, attached as Exhibit 1 to the Declaration of Michael T. Zeller filed concurrently herewith.
[2]   Order Denying Motion for Appointment of Expert Witnesses ("Expert Witnesses Order") at 11:1-2, Zeller Dec. Exh. 2; see Mattel, Inc. v. Bryant, 441 F. (footnote continued)

EXHIBIT 1 PAGE 9

1  responses no longer exists.  Nonetheless, Bryant continues to refuse to produce his
2  documents.

3         This is not a motion where the parties might genuinely disagree on
4  debatable issues.  To the contrary, the documents that Bryant has refused to produce
5  include things like (1) Bratz designs and doll prototypes created while Bryant was
6  employed by Mattel, which go to the heart of the case, and (2) confidential Mattel
7  materials that Bryant disclosed to third parties in violation of his employment
8  agreements, which constitute direct evidence of liability.  Even as to these *obviously*
9  discoverable documents, Bryant stonewalled in his responses and served only
10 objections.[3]

11        Mattel respectfully requests that the Discovery Master order Bryant to
12 supplement his responses and produce all responsive documents.  Mattel further
13 requests that the Discovery Master impose sanctions upon Bryant to deter similar
14 obstructionism in the future.

## Background

16
17 Mattel's Requests for Production and Bryant's Responses.  Mattel
   served the requests for production at issue in this motion more than two and a half
18 years ago, on June 14, 2004.[4]  In his responses, Bryant offers only objections to
19 more than a dozen of Mattel's requests.[5]  As to most others, Bryant imposes artificial
20 limitations (based on documents' dates of creation, for example) in an attempt to
21

22 Supp. 2d 1081, 1094 (C.D. Cal. 2005) (the Court recognizing that "the rights to the
   Bratz were and are in controversy" in the this case).
23 [3]  See Bryant's Responses to Mattel's Requests for Production ("Responses")
24 Nos. 43, 51, 53, Zeller Dec. Exh. 3.
25 [4]  Mattel's First Set of Requests for Production dated June 14, 2004
   ("Requests"), Zeller Dec. Exh. 4.
26 [5]  Responses, Zeller Dec. ¶ 4 & Exh. 3.
27
28

1 limit the scope of his production.[6]  Overall, Bryant has produced less than 1,600

2 pages of documents to date.[7]  Bryant has never amended his responses.[8]

3      **Mattel's Initial Efforts to Meet and Confer.**  After Bryant first served

4 his objections and produced the limited documents he did produce, Mattel

5 repeatedly attempted to persuade Bryant to cure the deficiencies in his production

6 and responses informally.[9]  As discussed in further detail in the accompanying

7 declaration, those attempts all failed.[10]  Mattel moved to compel in January 2005.[11]

8 However, that motion was not heard before the Court stayed all discovery pending

9 resolution of an appeal to the Ninth Circuit presenting subject matter jurisdiction

10 issues.[12]

11      **Mattel's Subsequent Efforts to Meet and Confer.**  On June 20, 2006,

12 after the discovery stay was lifted, the parties met and conferred in Magistrate Judge

13 Block's courtroom to discuss outstanding discovery issues that predated the stay.[13]

14 During the meet and confer, the parties were able to achieve apparent agreement on

15 the bulk of this motion — agreeing to categories of documents Bryant would

16 produce and the general timeframe in which he would do so.[14]  The parties informed

17 Judge Block they would submit a stipulation and order.[15]

18            ——————————

[6]  Id.

[7]  Zeller Dec. ¶ 15.  Bryant originally produced approximately 900 pages on August 12, 2004, supplemented with an additional 200 pages on October 14, 2004, and supplemented again with approximately 450 more pages on November 1, 2004. Id.

[8]  Zeller Dec. ¶ 32.

[9]  Zeller Dec. ¶¶ 32-42, Exhs. 34-45.

[10]  Id.

[11]  Joint Stip., Zeller Dec. Exh. 1; Zeller Dec. ¶ 37.

[12]  Order Staying Discovery, Exhibit 20 to Declaration of B. Dylan Proctor, filed concurrently with Mattel's Statement of the Case; Zeller Dec. ¶ 37.

[13]  Zeller Dec. ¶ 38.

[14]  Minutes dated June 20, 2006, Zeller Dec. Exh. 6.

[15]  Id.

EXHIBIT **1** PAGE 11

-3-

1          Three days after the conference in Judge Block's chambers, counsel for

2    Mattel sent counsel for Bryant a draft stipulation and proposed order memorializing

3    the parties' agreement reached in chambers.[16]  Mattel received no response and,

4    therefore, sent a follow-up letter a week later, on June 30, 2006.[17]  Bryant's counsel

5    promised via e-mail on July 3, 2006 to review the stipulation and order on that same

6    day.[18]  Nonetheless, as of July 7, Mattel still had not received a substantive

7    response.[19]  When Bryant's counsel finally sent his proposed revisions to the

8    stipulation, the revisions were inconsistent with the parties' agreement reached

9    weeks earlier in Judge Block's chambers.[20]

10         Over the next three months, Mattel diligently attempted to persuade

11   Bryant to honor his agreement.[21]  However, instead of that, Bryant added additional

12   demands that guaranteed the parties would not be able to reach agreement without

13   judicial intervention.[22]  Most notably, Bryant demanded that Mattel waive its right

14   to all further discovery in connection with its Requests in return for Bryant's

15   signature on the stipulation.[23]

16         As the Discovery Master directed on the telephonic conference held

17   before the holidays, Mattel attempted once again to persuade Bryant to cure the

18   deficiencies in his production without judicial intervention at a meet and confer on

19   December 28, 2006.[24]  However, Bryant's counsel indicated that Bryant would not

20   produce "one iota" more than what was listed in the last draft stipulation circulated

21

22   [16]  Zeller Dec. ¶ 39 and Exh. 39.

23   [17]  Zeller Dec. ¶ 39 and Exh. 38.
     [18]  Zeller Dec. ¶ 39 and Exhs. 40 & 41.

24   [19]  Zeller Dec. ¶ 39 and Exh. 42.
     [20]  Zeller Dec. ¶ 40 and Exh. 43.

25   [21]  Zeller Dec. ¶ 40.
     [22]  Id.

26   [23]  Zeller Dec. ¶ 40 and Exh. 44.

27   [24]  Zeller Dec. ¶ 42.

28

EXHIBIT ___ PAGE 12

1  between the parties, which did not address most of the problems with Bryant's
2  production, and would not produce *any* additional documents unless Mattel agreed
3  to waive its right to pursue all other withheld documents and other issues presented
4  by this motion.[25]

5        Bryant's Pattern of Discovery Abuse. Bryant's stonewalling on his
6  documents is far from isolated. To the contrary, Bryant and MGA have stonewalled
7  Mattel's efforts to obtain discovery into the full scope of defendants' liability and
8  damages since this case began. Among many other things, Bryant evaded
9  deposition for over four months.[26] At one point, to avoid a motion to compel,
10  Bryant's counsel even gave their "word as attorneys" that he would sit for deposition
11  on a date certain in August 2004, only to unilaterally renege at the last minute.[27]
12  Even after that, it also took two Court orders compelling Bryant's deposition before
13  he appeared.[28] Similarly, MGA refused to permit Isaac Larian — MGA's CEO, and
14  a named defendant in Mattel's Proposed Amended Complaint — to be deposed. It
15  took two Court orders and the imposition of sanctions before Mr. Larian appeared
16  for deposition.[29] Moreover, these are the only two witnesses defendants have
17  produced for deposition to date, despite repeated efforts by Mattel to obtain further
18  depositions of their witnesses as discussed with the Discovery Master during the
19  December 19, 2006 teleconference. Notwithstanding MGA's counsel's promises
20  during that teleconference that MGA would provide proposed dates for the
21  depositions, MGA still has not provided any.

22
23  [25]  Id.
    [26]  Zeller Dec. ¶¶43-55, Exhs. 13, 46-55.
24  [27]  Zeller Dec. ¶¶ 47-49, Exhs. 50 & 51.
    [28]  Zeller Dec. Exh. 13.
25  [29]  Zeller Dec. Exh. 12.
26
27
28

EXHIBIT __1__ PAGE 13

## Summary of Argument

In the Separate Statement filed concurrently herewith, Mattel sets forth the specific Requests for Production and Responses at issue verbatim and its arguments as to each. However, even a cursory review of Bryant's Responses and production shows that Mattel is entitled to relief.

In his Responses, Bryant served only objections, without agreeing to produce *any* responsive documents, in response to the following the categories of requested documents, among others:

- Documents relating to Bratz designs created by Bryant while employed by Mattel.[30]

- Doll prototypes created by Bryant while working for Mattel.[31]

- Documents that refer to the conception, creation or development of Bratz.[32]

- Mattel-related documents that Bryant disclosed to MGA.[33]

- Communications between Bryant and MGA that relate to Mattel or Mattel employees.[34]

- Documents showing what dolls Bryant was exposed to while working at Mattel.[35]

---

[30] Mattel's Request for Production No. 43 & Bryant's Response, Zeller Dec., Exhs. 3 & 4; see also Mattel, Inc.'s Separate Statement In Support Of Mattel, Inc.'s Motion to Compel ("Sep. Statement") at 20.
[31] Mattel's Request for Production No. 53 & Bryant's Response, Zeller Dec., Exhs. 3 & 4; see also Sep. Statement at 20-21.
[32] Mattel's Request for Production No. 37 & Bryant's Response, Zeller Dec., Exhs. 3 & 4; see also Sep. Statement at 16-17.
[33] Mattel's Request for Production No. 51 & Bryant's Response, Zeller Dec., Exhs. 3 & 4; see also Sep. Statement at 47-48.
[34] Mattel's Request for Production No. 20 & Bryant's Response, Zeller Dec., Exhs. 3 & 4; see also Sep. Statement at 42-43.

1  Thus, Bryant has withheld documents that would constitute direct evidence of his

2  liability and would reveal works rightfully owned by Mattel pursuant to the

3  Inventions Agreement between Mattel and Bryant.[36]

4        As to other categories of documents, Bryant has agreed to produce

5  some documents but has imposed unjustified limitations.  For example:

6    •    Bryant refuses to produce any responsive documents that were created
          after this suit was filed in April 2004.[37]

8    •    Bryant refuses to produce any communications with MGA "created"
          after the end of his Mattel employment.[38]

10   •    Bryant limits his production of Bratz-related documents to designs that,
          in Bryant's view, "resulted in" the first line of Bratz dolls released in
11        June 2001.[39]

12
     •    Bryant has not produced known contracts between him and MGA and
13        refuses to produce non-privileged communications relating to those
          contracts.[40]
14

15   •    Bryant has withheld all but one category of financial documents
          relating to his earnings from his work for MGA.[41]
16

17        Finally, even where Bryant has produced documents, his production is

18  inadequate for a number of reasons:

---

[35]   Mattel's Request for Production No. 49 & Bryant's Response, Zeller Dec.,
Exhs. 3 & 4; <u>see also</u> Sep. Statement at 48-49.
[36]   Proctor Dec. Exh. 1.
[37]   Responses at 2:5-7, Zeller Dec., Exh. 3.
[38]   Mattel's Request for Production No. 27 & Bryant's Response, Zeller Dec.,
Exhs. 3 & 4; <u>see also</u> Sep. Statement at 44.
[39]   Mattel's Request for Production No. 12 & Bryant's Response, Zeller Dec.,
Exhs. 3 & 4; <u>see also</u> Sep. Statement at 14-15.
[40]   E.g., Mattel's Request for Production No. 2 & Bryant's Response, Zeller Dec.,
Exhs. 3 & 4; <u>see also</u> Sep. Statement at 1-2.
[41]   Mattel's Request for Production No. 29 & Bryant's Response, Zeller Dec.,
Exhs. 3 & 4; <u>see also</u> Sep. Statement at 28-29.

EXHIBIT __1__ PAGE 15

- Many documents produced by Bryant, such as the selected financial documents he has produced, are so heavily redacted they are useless.[42]

- Bryant has produced faxed documents that are missing fax header information, including the sending and receiving parties. This information is required by law. 47 U.S.C. § 227(d)(1)(B). As the Court has recognized, there is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center to conceal that Bryant was working with MGA during his Mattel employment, and "the testimony . . . that MGA altered the fax header for other documents related to BRATZ from the same time period leads to an obvious inference that other documents where spaces on other fax headers are absent suffered a similar fate."[43]

- Bryant failed to produce e-mails and other electronic documents that are known to exist relating to his work on Bratz and for MGA.[44]

- Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he sued during the relevant time period.[45]

- Although Bryant produced a privilege log, it lists only four documents and is facially incomplete.[46]

There is no justification for any of this. In fact, the only justifications offered by Bryant to date demonstrably lack merit. When Mattel first moved to compel in January 2005, Bryant offered two grounds to support his objections, both based on Mattel's ostensible "position on what is in controversy in this lawsuit."[47]

First, Bryant argued that his objections were justified because Mattel had stated that it did not know at that time (in the absence of discovery) whether the rights to Bratz were at stake in this case.[48] Bryant explained that, "so long as Mattel

---

[42] Zeller Dec., ¶ 19 Exh. 18.
[43] Expert Witnesses Order at 7:4-9:9, 17:2-18:14, Zeller Dec., Exh. 2.
[44] E.g., Zeller Dec., Exhs. 20 & 21.
[45] Zeller Dec., ¶ 27.
[46] Zeller Dec., Exh. 5.
[47] Joint Stip. at 7:15-16, Zeller Dec. Exh. 1.
[48] Id. at 4-7.

EXHIBIT 1    PAGE 16

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BRYANT

1  consistently asserts that federal jurisdiction does not exist," then in his view "the
2  wide ranging discovery Mattel seeks is unrelated to the claims asserted in the
3  action."[49]  However, Bryant acknowledged that, "if the lawsuit's injunctive relief
4  claims seek to invalidate Bryant's right to license the 'Bratz' concept to MGA, then
5  . . . certain overbreadth objections raised by Bryant in the discovery responses
6  would be reconsidered."[50]  In fact, Bryant represented that "[o]nce Mattel
7  acknowledges the fact that it seeks all of Bryant's earnings, . . . Bryant will
8  reconsider his objection to the production of non-privileged, responsive documents
9  that are within his possession, custody or control."[51]  There is no dispute now that
10  the rights to Bratz are at issue in this suit.  There is also no dispute that "all of
11  Bryant's earnings" are at issue.  Yet Bryant still refuses to produce his documents.

12       Second, Bryant misconstrued Mattel's claims in his portion of the Joint
13  Stipulation as limited to a one month period of time, and used that misconstruction
14  to limit the scope of his production.  According to Bryant,

15       Mattel's professed theory of this case is that Bryant breached his
16       employee agreements with Mattel by allegedly working for Mattel and
            MGA at the same time for approximately one month.  Thus, only work
17       performed prior to joining Mattel or prepared in connection with his
18       interviews with MGA (all of which have been produced to the extent
            they remain in Bryant's possession, custody and control), and
19       thereafter, to the extent it relates to the [first line of] "Bratz" dolls, has
            any bearing on this lawsuit.[52]
20
21       . . . .

22  _____
        [49]  Id. at 5:7-10.
23      [50]  Id. at 5:3-7.

24
        [51]  Id. at 19:14-21.
25      [52]  Id. at 36:14-20.

26

27

28
                                                    EXHIBIT __1__ PAGE 17

07209/1994835.5
                                        -9-
                MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BRYANT

1
2
3
4
5
6

> Although this lawsuit only involves issues regarding work that Bryant may have performed for MGA during the fall of 2000, Mattel has propounded impermissibly overbroad discovery requests . . . .[53]

> . . . .

> Mattel is clearly only entitled to documents related to the brief period of alleged overlap, during which Mattel contends Bryant was serving two masters.[54]

7  However, there is evidence Bryant was working on Bratz and with MGA more than

8  just one month before he left Mattel. Under the Inventions Agreement and the law,

9  Mattel owns all Bratz doll and other designs and works created by Bryant *at any*

10 *time* during his Mattel employment—not just during the period in which Bryant now

11 admits to secretly working for MGA—as well as all derivatives of those works

12 (regardless of when they were produced).[55]  Moreover, Bryant's attempt to withhold

13 relevant documents ignores that MGA's claims have independently put at issue work

14 on Bratz that Bryant (and anyone else) performed.  Bryant's refusal to produce

15 documents relating to work he performed while employed by Mattel but prior to "his

16 interviews with MGA" is unjustifiable.

17        Bryant's concessions during the parties' meet and confer also show that

18 his objections lack merit.  While Bryant never agreed to sign the stipulations

19 prepared by Mattel, he did agree in principle during the meet and confer process to

20 produce the following categories of withheld documents, thus acknowledging they

21 are discoverable:

22
23

- All written agreements relating to work he performed for MGA prior to June 30, 2001, and all amendments to such agreements.

24
25
26
27
28

---

[53] Id. at 71:27-72:2.
[54] Id. at 38:20-22.
[55] Proctor Dec. Exh. 1.

EXHIBIT 1  PAGE 18

07209/1994835.5

1

• Any relevant documents found as a result of a reasonable search,
2     including forensic analysis, of the hard drive of the computer Bryant
      says he has located that he used during the relevant time period.

3

4     • All documents, irrespective of the dates on which the documents were
        created, and including records of payments and documents relating to

5     the filing of patent, copyright and trademark applications, relating to
      (1) work on Bratz prior to January 1, 2001, (2) work Bryant performed

6     with, for or on behalf of MGA after January 1, 2001 relating to the

7     release of the first generation of Bratz dolls, and (3) any payments

8     received by Bryant for work he performed with, for or on behalf of
      MGA while Bryant was employed by Mattel.

9

10    • All documents and tangible things Bryant obtained from Mattel during
      the course of his employment at Mattel.[56]

11    Notwithstanding his concessions, Bryant still refuses to produce these documents.[57]

12

13                                      **Conclusion**

14            Mattel has done everything in its power to avoid further motion

15    practice on Bryant's document production issues.  However, Bryant's stonewalling

16    calls for judicial intervention.  For the foregoing reasons and those set forth in the

17    Separate Statement filed concurrently herewith, the Discovery Master should

18    compel Bryant to produce all documents that are responsive to Mattel's First Set of

19    Requests for Production, including, without limitation, Request Nos. 2, 9, 11, 12,

20    13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 42, 43, 45, 46, 48,

21    49, 51, 53, 54, and 55.  In addition, the Discovery Master should order Bryant to:

22            (1)    produce all redacted documents in un-redacted form, except for

23    redactions that are justified by the attorney-client privilege or work product doctrine,

24            (2)    serve a complete privilege log,

25

26    _____
      [56]   Zeller Dec. ¶ 41, Exh. 45.
27    [57]   Zeller Dec. ¶ 42.

28

1    (3)   produce the hard drives of his computers for forensic imaging, and

2    (4)   complete his production by producing missing attachments, fax cover

3          pages and all other missing responsive documents.

4

5        Finally, Mattel also respectfully requests that the Discovery Master

6 award sanctions in the amount of $7,805.00, which represents a portion of the costs

7 incurred by Mattel in bringing this Motion.

8 DATED: January 3, 2007        QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

9

10               By _John Quinn /BQ_____

11                 John B. Quinn
                 Attorneys for Plaintiff and Cross-Defendant

12                 Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __ PAGE 20

07209/1994835.5

-12-

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY BRYANT

# EXHIBIT 2

# THIS DOCUMENT HAS BEEN MARKED CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

# EXHIBIT 3

# THIS DOCUMENT HAS BEEN MARKED CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

# EXHIBIT 4

# THIS DOCUMENT HAS BEEN MARKED CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

# EXHIBIT 5

EXHIBIT 5 PAGE 99

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|------|----------|-----------|-------------|---------------|--------------|--------------|
| boyz new accessories | | | | 6/28/2002 | 06/28/02 03:26:28PM | 06/28/02 03:26:30PM |
| Cameron-HTart | | | | 7/11/2002 | 07/11/02 04:50:36PM | 07/11/02 04:50:38PM |
| Dylan-striperibbon-final | | | | 7/6/2002 | 07/06/02 12:01:46AM | 07/06/02 12:01:48AM |
| easter doll accessories | | | | 6/28/2002 | 06/28/02 03:26:26PM | 06/28/02 03:26:28PM |
| EasterPM | | | | 7/9/2002 | 07/09/02 09:32:30PM | 07/09/02 09:32:32PM |
| I Can Read | | | | 4/24/2004 | 04/24/04 11:50:02AM | 04/24/04 11:50:04AM |
| Learning Creations | | | | 11/13/2003 | 11/13/03 03:04:44PM | 11/13/03 03:04:46PM |
| ▓▓▓▓▓ | | | | | | |
| Reader Rabbit | | | | 11/13/2003 | 11/13/03 03:00:22PM | 11/13/03 03:00:24PM |
| Reader Rabbit Math 6-9 | | | | 5/2/2004 | 05/02/04 07:16:48PM | 05/02/04 07:16:50PM |
| roundbandbracelets | | | | 7/12/2002 | 07/12/02 11:10:40AM | 07/12/02 11:10:42AM |
| RRK Balloon Town | | | | 11/13/2003 | 11/13/03 03:00:22PM | 11/13/03 03:00:24PM |
| slumber party faces | | | | 7/9/2002 | 07/09/02 09:32:32PM | 07/09/02 09:32:34PM |
| SPlanet torsos and set | | | | 7/12/2002 | 07/12/02 11:10:40AM | 07/12/02 11:10:42AM |
| The Learning Company | | | | 11/13/2003 | 11/13/03 03:00:22PM | 11/13/03 03:00:24PM |
| Users | | | | 5/2/2004 | 05/02/04 07:16:48PM | 05/02/04 07:16:50PM |
| Valentine hose | | | | 7/10/2002 | 07/10/02 11:40:14AM | 07/10/02 11:40:16AM |
| Valentine's doll accessory | | | | 6/28/2002 | 06/28/02 03:26:28PM | 06/28/02 03:26:30PM |
| GLOBALS.DAT | DAT | Data ASCII / Binary | Code\Library | 6/5/2004 | 04/24/04 11:50:02AM | 04/24/04 11:50:40AM |
| GLOBALS.DAT | DAT | Data ASCII / Binary | Code\Library | 6/5/2004 | 11/13/03 03:04:44PM | 11/13/03 03:05:34PM |
| Math6-9.dat | dat | Data ASCII / Binary | Code\Library | 6/5/2004 | 05/02/04 07:17:20PM | 05/03/04 05:45:28PM |
| USER0.DAT | DAT | Data ASCII / Binary | Code\Library | 6/5/2004 | 11/13/03 03:04:44PM | 11/13/03 03:06:20PM |
| USER0P15.dat | dat | Data ASCII / Binary | Code\Library | 6/5/2004 | 11/13/03 03:06:16PM | 11/13/03 03:06:18PM |
| USER1.DAT | DAT | Data ASCII / Binary | Code\Library | 6/5/2004 | 05/02/04 07:17:20PM | 05/03/04 06:22:32PM |
| user1.dat | dat | Data ASCII / Binary | Code\Library | 6/5/2004 | 04/24/04 11:50:40AM | 04/24/04 02:10:32PM |
| USERS.DAT | DAT | Data ASCII / Binary | Code\Library | 6/5/2004 | 11/13/03 03:04:44PM | 11/13/03 03:05:34PM |
| USERS.DAT | DAT | Data ASCII / Binary | Code\Library | 6/5/2004 | 04/24/04 11:50:02AM | 04/24/04 11:50:40AM |
| Thumbs.db | db | Paradox Database | Database | 6/28/2004 | 10/31/00 08:11:04PM | 04/28/04 08:44:24PM |
| ▓▓▓▓▓ | | | | | | |
| custom.dic | dic | Dictionary | Windows | 6/5/2004 | 11/05/03 10:19:12PM | 11/05/03 10:19:14PM |
| ▓Carter Bryant-Veronica Marlow Studio▓ | ▓doc▓ | Word Document | Document | 6/5/2004 | 05/14/01 06:06:10PM | 05/14/01 06:06:16PM |
| com.doc | doc | Word Document | Document | 6/5/2004 | 10/21/03 02:22:34PM | 10/21/03 02:22:36PM |
| Easter-contentlist.doc | doc | Word Document | Document | 6/5/2004 | 05/30/02 05:48:12PM | 05/30/02 05:48:18PM |
| fasa.doc | doc | Word Document | Document | 6/13/2004 | 06/13/04 09:39:56PM | 06/13/04 09:39:58PM |
| newproduct-WinterBreakBratz.dc | doc | Word Document | Document | 6/5/2004 | 02/27/02 09:05:12AM | 02/27/02 09:05:16AM |

2388826_1.XLS

EXHIBIT 5 PAGE 100

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|------|----------|-----------|-------------|---------------|--------------|--------------|
| revised-sugar-planet.doc | doc | Word Document | Document | 6/5/2004 | 05/23/01 04:26:12PM | 05/23/01 04:26:18PM |
| slumber-facedeorinstruction.doc | doc | Word Document | Document | 6/5/2004 | 07/01/02 11:58:38AM | 07/01/02 11:58:42AM |
| Top100Namesfor2001.doc | doc | Word Document | Document | 6/5/2004 | 01/03/02 04:54:36PM | 01/03/02 04:54:40PM |
| skywalk8(rainbow).gif | gif | GIF | Picture | 6/5/2004 | 02/25/01 02:28:12PM | 02/25/01 02:28:10PM |
| Desktop.ini | ini | Initialization | Windows | 7/13/2004 | | 03/02/04 09:01:44PM |
| A Beautiful Girl~Une Belle Fille.jpg | jpg | JPEG | Picture | 6/5/2004 | 05/08/04 12:19:12AM | 01/27/01 12:49:24PM |
| beachfabriccopy.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/22/02 03:10:00PM | 07/22/02 03:11:54PM |
| boyz new acc. 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 09:20:24PM | 07/09/02 09:21:16PM |
| boyz new shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/12/02 06:40:44PM | 07/12/02 06:40:46PM |
| boyz new shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/12/02 06:42:22PM | 07/12/02 06:42:24PM |
| boyz new shoe 3.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/12/02 06:44:16PM | 07/12/02 06:44:18PM |
| boyz new shoe 4.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/12/02 06:45:46PM | 07/12/02 06:45:48PM |
| brrrr...(snow)6.jpg | jpg | JPEG | Picture | 6/5/2004 | 02/15/01 06:56:22PM | 02/15/01 07:00:58PM |
| bscadetblueL.jpg | jpg | JPEG | Picture | 7/12/2004 | 04/28/04 08:42:28PM | 04/28/04 08:32:42PM |
| c1_1_b.jpg | jpg | JPEG | Picture | 7/12/2004 | 04/28/04 08:40:26PM | 04/28/04 08:40:00PM |
| cameronbracelet6-26a.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| cameronbracelet6-26b.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| cameronnecklace6-26a.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| chick shirt.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/29/02 03:07:02PM | 07/29/02 03:07:04PM |
| Cloe shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:10:12AM | 07/09/02 11:10:14AM |
| Cloe shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:11:42AM | 07/09/02 11:11:44AM |
| colored SP-arctic-purseOpen.jpg | jpg | JPEG | Picture | 6/5/2004 | 04/19/02 06:02:50PM | 04/19/02 06:05:16PM |
| colored SP-mermaid-purse-open | jpg | JPEG | Picture | 6/5/2004 | 04/19/02 06:08:08PM | 04/19/02 06:09:54PM |
| dd_1_b.jpg | jpg | JPEG | Picture | 6/28/2004 | 04/28/04 08:41:36PM | 04/28/04 08:41:22PM |
| DustininIraq.jpg | jpg | JPEG | Picture | 6/28/2004 | 04/07/04 07:08:12PM | 04/07/04 07:08:02PM |
| DustininIraq_Snow!.jpg | jpg | JPEG | Picture | 6/28/2004 | 04/07/04 07:09:38PM | 04/07/04 07:09:28PM |
| dylanbracelet6-26.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| dylanglasses6-26a.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| dylanglasses6-26b.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| dylannecklace6-26.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| dylannecklace6-26b.JPG | JPG | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:10AM | 06/28/02 12:00:10AM |
| Easter shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:33:42AM | 07/09/02 11:33:44AM |
| Easter shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:35:06AM | 07/09/02 11:35:08AM |
| easter-beadneaklace2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |

EXHIBIT 5   PAGE 101

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|---|---|---|---|---|---|---|
| easter-beadnecklace1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-beltbucklemedallion.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-bracelet1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-bracelet2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-eggshapenecklace1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-eggshapenecklace2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-hairclipbunny1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-hairclipbunny2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-hairclipbunny3.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-neaklacechick2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-necklacechick1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-necklaceegg1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-necklaceegg2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| easter-necklaceegg3.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| EasterPM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 04:41:18AM | 07/09/02 04:41:18AM |
| f8_1_b.jpg | jpg | JPEG | Picture | 6/28/2004 | 04/28/04 08:43:38PM | 04/28/04 08:36:46PM |
| fashion pack beach shoe.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 03:16:56PM | 07/09/02 03:16:58PM |
| fashion pack date shoe.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 03:24:10PM | 07/09/02 03:24:12PM |
| fashion pack shopping shoe.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 03:22:48PM | 07/09/02 03:22:50PM |
| flockslippers.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/17/02 07:50:46PM | 06/17/02 07:52:00PM |
| ███████████████████ | | | | | | |
| isa2.jpg | jpg | JPEG | Picture | 6/28/2004 | 11/30/03 06:50:20PM | 11/30/03 06:50:16PM |
| isabella wallpaper.jpg | jpg | JPEG | Picture | 6/28/2004 | 01/13/04 07:17:50PM | 01/13/04 07:17:24PM |
| Jade shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:07:08AM | 07/09/02 11:07:10AM |
| Jade shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:08:32AM | 07/09/02 11:08:34AM |
| Meygan shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:03:46AM | 07/09/02 11:03:48AM |
| meygan shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:05:18AM | 07/09/02 11:05:20AM |
| ████████████████████ | ████ | ████ | ████ | 6/5/2004 | ███████████████ | ███████████████ |
| Mvc-082f.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/12/02 12:00:12AM | 07/12/02 12:00:12AM |
| Mvc-091f.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/12/02 12:00:12AM | 07/12/02 12:00:12AM |
| Mvc-105f.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/12/02 12:00:12AM | 07/12/02 12:00:12AM |
| MVC-150F.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/10/02 12:01:30AM | 07/10/02 12:01:30AM |
| MVC-151F.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/10/02 12:01:30AM | 07/10/02 12:01:30AM |
| MVC-152F.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/10/02 12:01:30AM | 07/10/02 12:01:30AM |
| Mvc-368f.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/10/02 11:09:28AM | 07/10/02 11:09:50AM |
| roundbandbracelets.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/12/02 12:00:16AM | 07/12/02 12:00:16AM |

2388826_1.XLS

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|---|---|---|---|---|---|---|
| roundbandbraceletsb.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/12/02 12:00:16AM | 07/12/02 12:00:16AM |
| roundbracelet.JPG | JPG | JPEG | Picture | 6/5/2004 | 07/12/02 12:00:16AM | 07/12/02 12:00:16AM |
| Sasha shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 10:53:06AM | 07/09/02 10:53:08AM |
| Sasha shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 10:54:52AM | 07/09/02 10:54:54AM |
| Shed in Field.jpg | jpg | JPEG | Picture | 6/28/2004 | | 06/16/00 12:26:22PM |
| Slumber-CloePM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 12:00:06AM | 07/09/02 12:00:06AM |
| Slumber-JadePM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 12:00:06AM | 07/09/02 12:00:06AM |
| Slumber-MeyganPM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 12:00:06AM | 07/09/02 12:00:06AM |
| Slumber-SashaPM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 12:00:06AM | 07/09/02 12:00:06AM |
| Slumber-YasminPM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 12:00:06AM | 07/09/02 12:00:06AM |
| SP fall 2003 concepts 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 04/12/02 01:57:26PM | 04/12/02 01:57:28PM |
| SP fall 2003 concepts 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 04/12/02 01:59:56PM | 04/12/02 01:59:56PM |
| SP-mermaid--purse-.jpg | jpg | JPEG | Picture | 6/5/2004 | 04/19/02 06:12:42PM | 04/19/02 06:14:22PM |
| Strut-Meygan.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/02/02 11:13:56PM | 07/02/02 11:15:10PM |
| sugar planet headbands.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/03/02 11:14:26AM | 07/03/02 11:14:28AM |
| Sugar Planet silk flower.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/26/02 04:38:32PM | 07/26/02 04:38:58PM |
| SUGARARCTIC CHARACTER [ | jpg | JPEG | Picture | 6/5/2004 | 06/25/02 11:44:08PM | 06/25/02 11:44:10PM |
| SUGARARCTIC PURSE DOLL.j | jpg | JPEG | Picture | 6/5/2004 | 06/25/02 11:42:16PM | 06/25/02 11:42:18PM |
| SUGARMERMAIDCHARACTER. | jpg | JPEG | Picture | 6/5/2004 | 06/25/02 11:47:40PM | 06/25/02 11:47:42PM |
| SUGARMERMAIDPURSEDOLL. | jpg | JPEG | Picture | 6/5/2004 | 06/25/02 11:48:48PM | 06/25/02 11:48:50PM |
| SUGARTROPIC CHARACTER.jj | jpg | JPEG | Picture | 6/5/2004 | 06/25/02 11:45:24PM | 06/25/02 11:45:26PM |
| SUGARTROPIC PURSE DOLL.j | jpg | JPEG | Picture | 6/5/2004 | 06/25/02 11:46:36PM | 06/25/02 11:46:38PM |
| TheStorm.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/29/02 05:39:20PM | 06/29/02 05:39:42PM |
| Valentine shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:30:40AM | 07/09/02 11:30:42AM |
| Valentine shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 11:32:14AM | 07/09/02 11:32:16AM |
| valentine-bobbypin1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-bobbypin2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-bracelet1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-bracelet2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-earing1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-earing2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-earingstud1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-earingstud2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-hairclip1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |

EXHIBIT 5   PAGE 102

2388826_1.XLS

PAGE 103

EXHIBIT 5

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|------|----------|-----------|-------------|---------------|--------------|--------------|
| valentine-hairclip2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-headband1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-headband2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-headband3.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-heartbuckle1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-heartbuckle2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-neaklace3.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-necklace1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| valentine-necklace1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-necklace2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-necklace4.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 11:54:16AM | 06/28/02 11:54:16AM |
| valentine-necklace4.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| Valentine-purse1.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| valentine-purse2.jpg | jpg | JPEG | Picture | 6/5/2004 | 06/28/02 12:00:40AM | 06/28/02 12:00:40AM |
| ValentinesPM.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 04:41:18AM | 07/09/02 04:41:18AM |
| Vanessa_s_Thinking_chair.jpg | jpg | JPEG | Picture | 6/28/2004 | 11/30/03 06:53:56PM | 11/30/03 06:53:52PM |
| Yasmin shoe 1.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 10:57:42AM | 07/09/02 10:57:44AM |
| Yasmin shoe 2.jpg | jpg | JPEG | Picture | 6/5/2004 | 07/09/02 10:59:06AM | 07/09/02 10:59:08AM |
| My Money.mny | mny | MS Money Accounl | Mail | | 6/5/2004 11/09/03 08:39:44AM | 11/09/03 08:39:46AM |
| asiangrl2.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/17/02 10:21:14PM | 05/17/02 10:21:20PM |
| beach-fabricart.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/26/02 04:04:20PM | 07/26/02 04:10:54PM |
| Cameron-HTart.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/11/02 11:46:44AM | 07/11/02 11:46:44AM |
| cats3.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/18/02 03:54:04PM | 05/18/02 03:54:52PM |
| Chick-silverfoilarts.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/29/02 02:52:54PM | 07/29/02 02:53:54PM |
| childdeath.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 04/22/04 08:04:10PM | 04/22/04 08:04:12PM |
| cloe_wing_repeat.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/20/02 12:33:02AM | 05/20/02 12:33:52AM |
| ducksrepeat.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/17/02 10:21:32PM | 05/17/02 10:22:36PM |
| Dylan-00HTart.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/11/02 11:46:44AM | 07/11/02 11:46:44AM |
| Dylan-striperibbon-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/05/02 12:00:24AM | 07/05/02 12:00:24AM |
| Easter-chickHT-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/29/02 05:00:44PM | 07/29/02 05:00:44PM |
| finalhawaiianprint.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/19/02 08:23:02PM | 06/19/02 08:32:48PM |
| fleurspray.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/19/02 02:48:10PM | 05/19/02 02:52:52PM |
| flower_background.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/17/02 10:28:30AM | 05/17/02 10:29:58AM |
| frogrepeat.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/17/02 10:23:06PM | 05/17/02 10:24:06PM |

2388826_1.XLS

EXHIBIT 5 — PAGE 104

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|---|---|---|---|---|---|---|
| hawaiianprint-corectsize.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/20/02 10:28:06PM | 06/20/02 10:39:40PM |
| Jade-boltHT-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/08/02 01:45:04PM | 07/08/02 01:45:42PM |
| Jade-stripes-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/14/02 03:00:04PM | 06/14/02 03:00:36PM |
| Jade-stripes-finalenlarge30%.pdl | pdf | Adobe PDF | Document | | 06/15/02 12:22:28PM | 07/15/02 12:23:02PM |
| Jade-thunderHT-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/05/02 12:00:24AM | 07/05/02 12:00:24AM |
| Jade-thunderHT-final2.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/08/02 10:25:36PM | 07/08/02 10:26:16PM |
| monkeyrepeat.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 05/20/02 12:31:48AM | 05/20/02 12:32:50AM |
| StruttinCloe-flowerdie.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/17/02 04:38:26PM | 06/17/02 04:39:04PM |
| StruttinJade-fabart-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/15/02 12:11:42AM | 06/15/02 12:12:38AM |
| StruttinJade-fabarts.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/14/02 04:53:16PM | 06/14/02 04:54:08PM |
| StruttinYas-fabarts-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/18/02 12:42:50PM | 06/18/02 12:43:30PM |
| StruttinYas-Sashafabricarts.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/18/02 06:56:30PM | 06/18/02 06:57:14PM |
| StruttinYasmin-fabricarts.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 06/17/02 07:45:26PM | 06/17/02 07:46:14PM |
| Treedecal-final.pdf | pdf | Adobe PDF | Document | 6/5/2004 | 07/26/02 03:48:12PM | 07/26/02 03:48:48PM |
| beachfabric.psd | psd | Adobe PhotoShop | Picture | 6/5/2004 | 07/22/02 09:31:18PM | 07/22/02 09:48:54PM |
| 15Distressedcopy2.tif | tif | TIFF Image | Picture | 6/5/2004 | 07/14/02 08:39:22PM | 07/14/02 08:41:38PM |
| farm.tif | tif | TIFF Image | Picture | 6/5/2004 | 02/12/04 07:39:58PM | 02/12/04 07:40:00PM |
| _NTITLED.TXT | TXT | Text | Document | 4/22/2004 | 04/22/04 03:11:20PM | 04/22/04 03:11:22PM |
| cd.txt | txt | Text | Document | 6/5/2004 | 04/22/04 08:38:56PM | 04/22/04 08:38:58PM |
| tdp.txt | txt | Text | Document | 6/5/2004 | 03/15/04 08:19:40PM | 03/15/04 08:19:42PM |
| Untitled.txt | txt | Text | Document | 6/5/2004 | 04/22/04 03:11:20PM | 04/22/04 03:11:22PM |
| buget.wks | wks | Lotus / MS Works | Document\Spr | 6/5/2004 | 02/02/04 06:02:20PM | 04/29/04 10:54:00PM |
| schedule.wks | wks | Lotus / MS Works | Document\Spr | 6/5/2004 | 01/01/04 12:47:32PM | 01/01/04 12:47:32PM |
| vanessacc.wks | wks | Lotus / MS Works | Document\Spr | 6/5/2004 | 11/05/03 10:27:42PM | 01/01/04 12:53:46PM |
| winterbuget.wks | wks | Lotus / MS Works | Document\Spr | 6/5/2004 | 11/09/03 09:59:48AM | 11/24/03 11:28:06PM |
| clrpant100.wps | wps | MS Works | Document | 6/5/2004 | 11/30/03 06:25:06PM | 11/30/03 06:25:08PM |
| discriptivepap.wps | wps | MS Works | Document | 6/5/2004 | 02/16/04 10:54:18PM | 02/16/04 10:54:20PM |
| dr.wps | wps | MS Works | Document | 6/5/2004 | 03/16/04 04:12:34PM | 03/16/04 04:12:36PM |
| eng101pap1.wps | wps | MS Works | Document | 6/5/2004 | 02/03/04 11:49:34AM | 02/03/04 11:49:36AM |
| household task list.wps | wps | MS Works | Document | 6/5/2004 | 03/25/02 08:53:54PM | 03/25/02 08:53:56PM |
| ids.wps | wps | MS Works | Document | 6/5/2004 | 11/09/03 10:44:34PM | 11/09/03 10:44:36PM |
| idsd.wps | wps | MS Works | Document | 6/5/2004 | 12/01/03 12:13:16AM | 12/01/03 12:13:18AM |
| phone list.wps | wps | MS Works | Document | 6/5/2004 | 11/03/00 10:49:28PM | 11/10/00 06:02:32PM |
| reaction4.wps | wps | MS Works | Document | 6/28/2004 | 10/26/03 10:05:54PM | 10/26/03 10:09:48PM |
| researchpapant.wps | wps | MS Works | Document | 6/5/2004 | 11/29/03 12:10:44AM | 04/27/04 12:24:26PM |
| researchpapeng101.wps | wps | MS Works | Document | 6/5/2004 | 04/27/04 12:46:02PM | 04/27/04 12:46:04PM |

2388826_1.XLS

6 of 8

EXHIBIT 5 PAGE 105

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|---|---|---|---|---|---|---|
| Struttin' RNG changes.wps | wps | MS Works | Document | 6/5/2004 | 07/12/02 11:40:52AM | 07/12/02 11:46:14AM |
| Fall03PrelimLineUp1c.xls | xls | MS Excel Spreadsh | Document\Spr | 6/5/2004 | 07/17/02 09:27:36PM | 07/17/02 09:28:06PM |
| Struttinaccessorieslist.xls | xls | MS Excel Spreadsh | Document\Spr | 6/5/2004 | 07/12/02 12:00:16AM | 07/12/02 12:00:16AM |
| TLCUsers.xml | xml | | | 7/3/2004 | 11/13/03 03:02:26PM | 05/23/04 05:07:58PM |
| User01GK.xml | xml | | | 7/3/2004 | 11/13/03 03:02:26PM | 07/03/04 06:02:02PM |
| User02GK.xml | xml | | | 6/5/2004 | 11/15/03 08:07:02PM | 11/15/03 08:42:54PM |
| User03GK.xml | xml | | | 6/5/2004 | 12/12/03 02:22:30PM | 12/12/03 02:37:34PM |
| User04GK.xml | xml | | | 6/5/2004 | 12/29/03 06:16:20PM | 05/23/04 05:06:18PM |
| User05GK.xml | xml | | | 6/5/2004 | 12/31/03 09:57:14AM | 12/31/03 11:07:34AM |
| User06GK.xml | xml | | | 6/5/2004 | 12/31/03 11:07:34AM | 02/04/04 06:44:04PM |
| User07GK.xml | xml | | | 6/5/2004 | 02/04/04 06:46:38PM | 02/04/04 06:53:20PM |
| User08GK.xml | xml | | | 6/5/2004 | 01/19/04 02:04:32PM | 01/19/04 02:18:30PM |
| User09GK.xml | xml | | | 6/5/2004 | 02/11/04 07:16:52PM | 02/11/04 07:17:16PM |
| User10GK.xml | xml | | | 6/5/2004 | 02/20/04 08:21:32PM | 02/20/04 08:46:12PM |
| User11GK.xml | xml | | | 5/23/2004 | 05/23/04 05:07:12PM | 05/23/04 05:07:50PM |
| 3D lil bratz stuff.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 04/30/02 05:01:30PM | 04/30/02 05:06:12PM |
| BALLJOINT5-17A.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 05/17/02 05:36:12PM | 05/17/02 05:36:52PM |
| BeachPartyJake.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/20/02 10:20:14PM | 06/20/02 10:22:18PM |
| boyz accessories.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 02/05/02 08:38:48AM | 02/05/02 08:39:10AM |
| boyz new accessories.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/28/02 02:05:50PM | 06/28/02 02:06:00PM |
| bratz furniture.zip | zip | ZIP Compressed | Archive | 6/28/2004 | 04/30/02 05:17:08PM | 04/30/02 05:34:28PM |
| Cameron-HTart.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/11/02 04:39:44PM | 07/11/02 04:41:16PM |
| Carrycase-sketch1.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 04/04/02 07:28:30PM | 04/04/02 07:30:42PM |
| CloeRG.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 12/19/01 11:09:52AM | 12/19/01 11:12:12AM |
| Dylan-striperibbon-final.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/05/02 11:39:52PM | 07/05/02 11:41:12PM |
| easter doll accessories.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/28/02 02:38:02PM | 06/28/02 02:46:04PM |
| EasterPM.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/09/02 09:24:38PM | 07/09/02 09:24:58PM |
| fallfashion.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 10/14/01 02:29:04PM | 10/14/01 02:30:40PM |
| Hawaii2.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/25/02 09:44:24AM | 06/25/02 09:45:20AM |
| Jade-catHT-final.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/21/02 09:48:58PM | 06/21/02 09:51:40PM |
| meygan-DP.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/19/02 05:40:20PM | 06/19/02 05:55:08PM |
| pets.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/08/02 05:04:12PM | 06/08/02 05:05:16PM |
| roundbandbracelets.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/12/02 11:07:20AM | 07/12/02 11:08:18AM |
| slumber party 3d accessories.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/19/02 11:57:32AM | 06/19/02 12:03:44PM |
| slumber party faces.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/09/02 09:23:34PM | 07/09/02 09:24:24PM |
| SPlanet torsos and set.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/12/02 11:01:36AM | 07/12/02 11:02:32AM |

2388826_1.XLS

| Name | File Ext | File Type | File Categc | Last Accessed | File Created | Last Written |
|------|----------|-----------|-------------|---------------|--------------|--------------|
| SPpurse.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 05/27/02 10:36:06AM | 05/27/02 10:47:26AM |
| spring shoe styles.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/18/02 11:17:18PM | 06/18/02 11:18:38PM |
| Sugargirl.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 04/30/02 09:04:54PM | 04/30/02 09:07:36PM |
| Valentine hose.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 07/10/02 11:27:54AM | 07/10/02 11:29:22AM |
| Valentine's doll accessory.zip | zip | ZIP Compressed | Archive | 6/5/2004 | 06/28/02 02:23:58PM | 06/28/02 02:33:50PM |

EXHIBIT 5 PAGE 106

**EXHIBIT 6**

# THIS DOCUMENT HAS BEEN MARKED CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

# EXHIBIT 7

# THIS DOCUMENT HAS BEEN MARKED CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

# EXHIBIT 8

# THIS DOCUMENT HAS BEEN MARKED CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

# EXHIBIT 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: January 7, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC.<br>AND CONSOLIDATED ACTIONS | |

=================================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes
Courtroom Deputy Clerk

Theresa Lanza
Court Reporter

ATTORNEYS PRESENT FOR CARTER
BRYANT: **Christa Martine Anderson**

ATTORNEYS PRESENT FOR MATTEL:
**John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:
**Thomas J. Nolan**
**Carl A. Roth**
**Anna Park**

ATTORNEY PRESENT FOR CARLOS
GUSTAVO MACHADO GOMEZ:
**Mark E. Overland**

ATTORNEY PRESENT FOR NON-
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND
VERONICA MARLOW: **Larry W.**
**McFarland**

ATTORNEY PRESENT FOR NON-PARTY
STERN & GOLDBERG: **Kien C. Tiet**

ATTORNEY PRESENT FOR NON-PARTY
KAYE SCHOLER, LLP: **Bryant S. Delgadillo**

PROCEEDINGS: **ORDER GRANTING IN PART AND DENYING IN PART**
**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
**DISCOVERY (DOCKET #1134)**

**ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
**ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
**SANCTIONS (DOCKET #1143)**

EXHIBIT 9 PAGE 226

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART.** Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

| MINUTES FORM 90 | | Initials of Deputy Clerk: jh |
|---|---|---|
| CIVIL -- GEN | 2 | Time: 1/30 |

EXHIBIT *1* PAGE 227

discovery caused by numerous discovery disputes and a Court-imposed stay
requested by MGA upon substitution of counsel. Specifically, the Court grants
Mattel's request to take the individual depositions relating to the Bratz claims (set
forth in the moving papers at 9-11) and relating to the trade secret and RICO claims
(set forth in the moving papers at 13). Mattel may serve the notices of deposition
and propound the interrogatories attached to the moving papers as Exs. A - C.
Additionally, the parties must answer Mattel's previously propounded interrogatories
to which the sole objection raised was that those interrogatories exceeded the
allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase
1 and Phase 2, believing that such an action is fraught with the potential of
unnecessarily compounding discovery disputes in a case already predisposed to
such disputes. Nevertheless, in light of the additional discovery permitted by this
Order, and to the extent that counsel for the parties who are asserting or defending
against claims to be tried in Phase 2 of the trial are in agreement, the Court will
consider a stipulation of those parties that designates certain depositions as "Phase
2" depositions that may be conducted during the month of February, if counsel can
assure the Court that such depositions can be so conducted without altering the
Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the
Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that
seeks additional time in which to depose Carter Bryant. The Court cannot say that
the Discovery Master's order allowing an additional nine hours to depose Carter
Bryant is contrary to law based on the Discovery Master's unchallenged factual
findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007
## AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties."
No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of
Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead
on conclusory language. Machado must file an affidavit that complies with the

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL – GEN                          3                   Time: 1/30

EXHIBIT $\underline{\mathcal{1}}$ PAGE 228

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

| MINUTES FORM 90 | | Initials of Deputy Clerk: jh |
|---|---|---|
| CIVIL -- GEN | 4 | Time: 1/30 |

EXHIBIT 7 PAGE 229

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                                             5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT _7_ PAGE 230

# EXHIBIT 10

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
   CARTER BRYANT, an individual,
13
           Plaintiff,
14
       v.                                   Consolidated with
15                                          Case No. CV 04-09059
   MATTEL, INC., a Delaware corporation,    Case No. CV 05-2727
16
           Defendant.                       **ORDER GRANTING IN PART AND**
17                                          **DENYING IN PART MATTEL'S**
                                            **MOTION TO COMPEL PRODUCTION**
18                                          **OF DOCUMENTS BY ISAAC LARIAN;**
                                            **DENYING REQUEST FOR**
19                                          **SANCTIONS**

20 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and
21 MGA ENTERTAINMENT, INC. v. MATTEL,
   INC.
22

23
                           I. INTRODUCTION
24
           On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production
25
   of Documents by Isaac Larian and for Award of Monetary Sanctions." Specifically, Mattel seeks
26
   an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First
27
   Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,
28
   Bryant v. Mattel, Inc.,                                                                    1
   CV-04-09049 SGL (RNBx)

                           12-31            EXHIBIT 10 PAGE 230

1    15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199,

2    207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents

3    withheld based on any claimed privilege. Mattel also seeks an award of sanctions against Larian

4    in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing

5    this motion. Larian submitted an opposition on December 5, 2007.[1] Mattel submitted a reply on

6    December 10, 2007. The matter was heard on December 14, 2007. Having considered the

7    motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in

8    part and denied in part, and the request for sanctions is denied.

### II. BACKGROUND

9        On June 13, 2007, Mattel propounded its First Set of Requests for Production of

10   Documents and Things to Larian, the CEO and majority owner of MGA. On August 6, 2007,

11   Larian filed his initial responses and objections. The parties met and conferred, and on September

12   25, 2007, Larian served supplemental responses and objections.

13       Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the

14   276 Requests. The parties met and conferred further, and Larian ultimately agreed to provide

15   further responses to 55 of the disputed 87 Requests. Specifically, Larian agreed to supplement his

16   responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-

17   76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that

18   have not previously been produced." MGA's Opposition at pp. 1-2.

19       The remaining 32 Requests at issue can be grouped into ten categories: (1) personal

20   financial data; (2) communications with Mattel employees; (3) statements to the media; (4)

21   telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market

22   research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's

23   arbitration; and (10) MGA Hong Kong and MGA Mexico.

24   //

25

26   _____

     [1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should
     not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim
27   statement of Mattel's position. The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve
     Mattel's motion on the merits.

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                                                    2

EXHIBIT 10 PAGE 231

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

1    he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2    to documents from his so-called "personal files."  See Opposition at 2:2-3.

3        Mattel's counsel "never agreed that Larian could limit his response to the above requests

4    to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5    response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6    Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7    Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8    parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9    points out, it "would create a situation by which responsive and highly relevant documents might

10   never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11   Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12   Market Research for Products Not at Issue:  Request Nos. 79-81

13       In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14   Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15   his supplemental response, Larian agrees to produce the following documents, subject to his

16   general objections:

17       Larian will produce all documents within his possession, custody, or control that
         relate to focus groups for "MGA contested products" and "Mattel contested
18       products," as those terms are defined in Mattel's First Requests for Production
         regarding Claims of Unfair Competition, if any, and that have not already been
19       produced, that he discovers in the course of his reasonable search and diligent
         inquiry, and to which no privilege or other protection applies, including without
20       limitation, the attorney-client privilege or attorney's work product doctrine.

21

22   Mattel's Consolidated Separate Statement at pp. 20-21.

23       In Request No. 80, Mattel seeks all documents relating to any services or work performed

24   by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25   videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26   Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27   the request and to which no privilege or other protection applies.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    4

EXHIBIT 10 PAGE 233

1     In Request No. 81, Mattel seeks all documents relating to Alaska Momma. In his

2    supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3    Angel or Bryant that are responsive to the request and to which no privilege or other protection

4    applies.

5     Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6    information. More specifically, Mattel contends that Request No. 79 seeks documents that bear

7    directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8    and Mattel's defense thereto. Mattel contends that the requested documents may demonstrate that

9    MGA is guilty of copying Mattel's Barbie and My Scene products.

10     Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome. As an

11    example, Larian points to Request No. 80, which requests all documents relating to any services

12    or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13    and defenses in the action or any of the products at issue. Larian similarly contends that Request

14    Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

     defense in this case.

15     Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16    is granted. The request is reasonably limited in subject matter to Bratz and Angel. The requested

17    documents are relevant to several issues in the case, including the origin, conception and creation

18    of Bratz. The requested documents are also relevant to the unfair competition claims. Larian's

19    supplemental response to Request No. 79 is unduly restrictive. Among other things, the

20    definitions of "contested MGA products" encompass only those products that provide a basis for

21    any claim by MGA against Mattel, and not claims by Mattel against MGA.

22     Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23    80-81 is denied. These requests, as drafted, are clearly overbroad because they have no

24    reasonable limitations on subject matter or time. In particular, the requests are directed to L.A.

25    Focus and Alaska Momma without regard to whether the services or work the companies

26    provided has any relation to any product at issue.

27     Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 10 PAGE 234

documents related to the products at issue: Bratz and Angel. In Mattel's view, Larian's supplemental response is too narrow and "may result in the exclusion of highly relevant documents because the project, concept or design that is the subject of the focus group is deemed not to relate to something then known as Bratz or Angel." However, Larian acknowledges that these types of hypothetical documents would still fall within the narrower scope of production proposed in his supplemental response.

Mattel also contends that it is entitled to all of the requested documents called for by Request No. 80 because they are relevant to credibility and bias, particularly if the documents show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A. Focus used. It is, however, not apparent how deviations from standard procedures would impact credibility or bias.

As to Request No. 81, Mattel contends that the documents showing the relationship between Larian or MGA and Alaska Momma are relevant, even if they do not themselves specifically relate to Bratz, Angel or Bryant. Mattel contends that communications from Larian or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's and Bryant's stories about how and when they came to be introduced. Mattel also contends that documents showing other dealings between Larian or MGA and Alaska Momma are relevant to the issues of bias and credibility. Mattel's supposition about the types of documents that might exist does not justify the type of far-reaching request it has propounded. Request No. 81 is also not limited by either subject matter or time.

Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in accordance with his supplemental responses.

Bryant's Attorney and Niece: Request Nos. 113-115

In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne Wang, a lawyer who represented Bryant in his contract negotiations with MGA. In Request No. 114, Mattel seeks all documents, including without limitation all communications, between

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 10 PAGE 235

1   Larian or MGA and Anne Wang. In Request No. 115, Mattel seeks documents relating to Brooke

2   Gilbert, Bryant's niece. In his supplemental responses, Larian agrees to produce documents

3   relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4   other protection applies. Thus, the only issue is whether Larian should be required to produce

5   responsive documents that do not relate to Bratz, Angel or Bryant.

6       Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7   and conception of Bratz and the timing thereof. Mattel also contends that the documents may

8   disclose relevant information regarding Mattel's claims for breach of contract and inducing

9   breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

10  contractual obligations with Mattel. Mattel also contends that Larian has failed to carry his

    burden of demonstrating that the requests are overly burdensome.

11      Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

12  are inadequate because the limitations on scope may eliminate otherwise relevant documents that

13  do not specifically refer to Bratz, Angel or Bryant. For example, Mattel contends that

14  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

15  Bryant may be relevant to the issues of credibility and bias.

16      Mattel contends that Request No. 115 seeks documents that are relevant to determine

17  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

18  that had been installed and run on the hard drive. Bryant claims to have given his computer to his

19  niece. Mattel also contends that the requested documents are relevant to the issues of credibility

20  and bias. Further, Mattel contends that Larian's supplemental response to Request No. 115 is

21  inadequate, because evidence of any communication between Larian and his niece, regardless of

22  subject matter, is significant.

23      Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

24  because they lack any subject matter or time constraints. Further, Larian contends that the

25  requests constitute an improper fishing expedition and necessarily sweep in documents that are

26  not relevant to any claim or defense.

27  //

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                              7

EXHIBIT 10 PAGE 236

1    Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The

2  requests are overbroad because they are not focused on relevant subject matter and are untethered

3  to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,

4  Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility

5  is too remote to justify the breadth of Mattel's requests.

6    Larian's supplemental responses are sufficient to provide Mattel with relevant and

7  responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in

8  accordance with his supplemental responses.

9

10  The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125

11    In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and

12  suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all

13  documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad

14  Larian against Larian, including without limitation all declarations, affidavits, transcripts, video

15  and/or audio recordings and sworn testimony given by any person in such suit or arbitration

16  proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,

17  resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad

18  Larian. In his supplemental responses, Larian agrees to produce all documents referring or

19  relating to Bratz that are responsive to the requests and to which no privilege or other protection

20  applies.

21    Mattel contends that the court has already ruled that the arbitration proceedings between

22  Larian and his brother are relevant because they involve, among other matters, the conception and

23  creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit

24  the requests to the exclusion of potentially relevant documents. For example, Mattel contends

25  that documents that relate to the business, activities and plans of MGA in early 2000 are relevant

26  to the timing of the development of Bratz, whether or not they specifically refer to Bratz.

27  Mattel also contends that the requested documents are relevant to the value of the Bratz brand and

28  the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        8

EXHIBIT 10  PAGE 237

1   example, profits from the sale and licensing of Bratz and other information that would impeach
2   Larian's testimony that he has not made any profits from Bratz.  Further, Mattel contends that the
3   requested documents may lead to evidence of the assessments or valuations of the net worth or
4   value of MGA or Larian, regardless of any reference to Bratz specifically.  Mattel also contends
5   that settlement documents may contain information that bears on the merit of Farhad Larian's
6   claims and the value of Bratz.  Mattel also claims that the requested documents are relevant to
7   motive, intent, bias and credibility.

8           Larian contends the instant requests are overbroad and unduly burdensome.  Further,
9   Larian contends that the relationship of the requested documents to any of the claims or defenses
10  in the present action is questionable, and the existence of such documents is conjectural.
    Moreover, Larian contends that many of the categories of documents of interest to Mattel are
11  already the subject of other requests.  Larian also contends that Request Nos. 123-125 impose an
12  undue burden because of the protective orders in place that strictly limit the use of any documents
13  from an arbitration and suit between Larian and his brother.  Larian represents that he is currently
14  working with Mattel and his brother in an attempt to achieve suitable modifications to the orders
15  that are agreeable to all parties.

16          Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is
17  denied.  The requests are clearly overbroad in calling for all documents from the arbitrations and
18  suits between Larian and his brother, without any subject matter limitations.  Furthermore, these
19  requests are unduly burdensome to the extent they require production of documents that do not
20  refer or relate to Bratz.  Such documents have marginal relevance, at best, to the claims and
21  defenses in the case.

22          Larian's supplemental responses to Request Nos. 123 -125 are sufficient.  Larian's
23  agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will
24  enable Mattel to obtain documents relevant to the claims and defenses in the case, including many
25  of the categories of documents of interest to Mattel.  For example, under Larian's proposed
26  limitation, documents that relate to the business, activities and plans of MGA in 2000 that also
27  refer or relate to Bratz must be produced.  Documents relating to the value of the Bratz brand are

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                    9

                                EXHIBIT __10__ PAGE _238_

1  also within the scope of Larian's proposed limitation and would have to be produced. Documents

2  relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be

3  produced. Further, Larian's proposed limitation does not necessarily foreclose discovery

4  regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to

5  MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue

6  projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian

7  shall produce documents responsive to Request Nos. 123-125 in accordance with his

8  supplemental responses.

9

   Telephone Records: Request Nos. 178-181

10
        In Request No. 178, Mattel seeks all documents relating to, including without limitation
11
   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period
12
   from January 1, 1998 through January 1, 2001. Larian objects to this request.

13
        In Request No. 179, Mattel seeks all documents relating to, including without limitation
14
   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period
15
   from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental
16
   responses, Larian agrees to produce documents responsive to Request No. 179. In response to
17
   this motion, however, Larian contends that he should be permitted to produce documents
18
   responsive to Request No. 179 in redacted form as discussed more fully below.

19        In Request No. 180, Mattel seeks all documents relating to, including without limitation

20  phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

21  from April 1, 2004 through June 1, 2004. Larian objects to this request.

22        In Request No. 181, Mattel seeks all documents relating to, including without limitation

23  phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf

24  at any time. In his supplemental response, Larian agrees to produce all documents pertaining to

25  communications made prior to January 1, 2001 that are responsive to the request and to which no

26  privilege or other protection applies.

27  //

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

                                                                          10

EXHIBIT 10 PAGE 239

1          Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2     communications with Bryant and other Mattel employees while such employees may still have

3     been employed by Mattel and before Larian claims to have known about Bratz.  Similarly, Mattel

4     contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5     Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6     to steal Mattel trade secrets.

7          Further, Mattel contends that the requested documents regarding telephone records are

8     relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9     communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10    they show communications with current and former Mattel employees, including Machado,

11    Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12    Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses.  With respect to

13    burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14    records in redacted form, and further, that the protective order in place is sufficient to protect

      Larian's privacy concerns.

15         Larian contends that the requests regarding telephone records are overbroad, completely

16    unbounded as to subject matter, and necessarily sweep in private information that is completely

17    irrelevant to any of the claims or defenses in the case.  Larian also points out that the court

18    previously considered similar requests served on Bryant and allowed production of redacted

19    copies of telephone records as long as Bryant provided a signed verification that none of his

20    redactions related to Bratz, MGA or any other project he worked on for MGA.  Specifically,

21    Bryant was permitted to produce redacted phone records as long as he provided a "signed

22    verification that none of the telephone records that were redacted relate or refer in any way to

23    MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24    Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25    of Documents by Bryant).  Larian contends that he should be permitted to redact responsive

26    documents consistent with the court's prior order.  During the meet and confer, Larian offered to

27    provide redacted records and a signed verification that none of the redacted information was

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 10 PAGE 240

1  | relevant to the case, but Mattel did not respond to the offer.

2  |     Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3  | relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied.  The

4  | request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5  | private information that is completely irrelevant to the case.  Larian should not be subjected to

6  | such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7  | the request to the communications, claims, and defenses identified above.

8  |     In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9  | for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10 | (Bratz and/or Angel).  Accordingly, Larian shall abide by his agreement to comply with Request

11 | No. 179, as stated in his supplemental response.  Larian's proposal to produce responsive

12 | documents in redacted form is appropriate to address his privacy concerns.  More specifically,

13 | Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14 | provides a signed verification that none of the redacted material refers or relates in any way to

15 | MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

   | or that are otherwise relevant to the case.

16 |     Mattel's motion to compel documents responsive to Request No. 180 (documents relating

17 | to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted.  Request No. 180

18 | is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

19 | employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets.  See

20 | Mattel's Second Amended Answer and Counterclaims, ¶¶37-54.  Larian may produce documents

21 | responsive to Request No. 180 in redacted form as specified above with respect to Request No.

22 | 179.

23 |     Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

24 | is overbroad as written because it has no time limits.  In his supplemental response, Larian agrees

25 | to produce communications prior to January 1, 2001 that are responsive to the request.  Larian's

26 | proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

27 | without imposing an undue burden.  Accordingly, Larian shall produce documents responsive to

28 |

EXHIBIT 10 PAGE 241

1  Request No. 181 consistent with his supplemental response, and may produce such documents in

2  redacted form as specified above with respect to Request No. 179.

3

4  Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5      In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6  and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7  Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8  to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9  Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

   regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie
10
   products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.
11
   Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may
12
   also contain admissions regarding the origin and conception of Bratz and statements relevant to
13
   damages.

14      Larian contends that the requests are overbroad and unduly burdensome, particularly

15  because several of the requests seek publicly available information.  Further, Larian points out

16  that the court has already considered and rejected as overbroad a nearly identical request served

17  on MGA that called for all documents relating to any communications by MGA with any news

18  organization regarding the contested MGA products or the contested Mattel products.  Larian

19  contends that the same reasoning applies to the instant requests.

20      Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21  199 is denied.  Although several of the requests encompass potentially relevant documents, the

22  requests are overbroad and encompass documents that have little to no relevance to the claims and

23  defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24  sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25  Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26  or damages.

27  //

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                          13

EXHIBIT 10 PAGE 242

1   Furthermore, many of these overbroad requests seek publicly available information that is

2   readily accessible to Mattel for which Larian should not be burdened. To the extent the requested

3   documents and information are not publicly available, such documents and information are

4   marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.

5   In either case, the burden and expense of searching for and producing responsive documents are

6   unjustified.

7

8   Communications With Mattel Employees: Request No. 198

9   In Request No. 198, Mattel seeks all communications between Larian and any individual

10  while the individual was employed by Mattel. Mattel contends that this request is directly

11  relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported

    burden of production.

12  Larian contends that the request is overbroad and unduly burdensome because it is

13  unrestricted as to time and subject matter. Larian also points out that the court has previously

14  found a similar request overbroad. Larian further contends that employees in the toy industry are

15  likely to maintain contacts with other toy manufacturers, and that a large corporation such as

16  Mattel is likely to have a high number of employees communicating with MGA or its officers,

17  which makes the request more unduly burdensome and unreasonable than it appears on its face.

18  Unlike other requests regarding communications, Request No. 198 is reasonably tailored

19  to the specific and numerous allegations in the case regarding alleged trade secret theft. Although

20  the request is not limited by subject matter, it is limited in other respects to seek relevant

21  documents without imposing an undue burden. The request is limited to communications

22  between Larian (and not MGA or persons acting on his behalf) and individuals employed at

23  Mattel. The request is also limited to only those communications that took place while the

24  individuals were employed at Mattel.

25  Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's

26  allegations of trade secret theft. The alleged trade secret theft began with Bryant's conduct in

27  1999 and continued to 2005. Accordingly, Larian shall produce documents responsive to Request

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT 10 PAGE 243

1   No. 198 that are limited to the time frame 1999 to 2005.

2

3   Personal Financial Data: Request Nos. 207-209 and 269

4       In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5   or financial institutions and other banking relationships since January 1, 1999. In Request No.

6   208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7   income for each year from 1999 to the present. In Request No. 209, Mattel seeks Larian's federal

8   and state tax returns for each year from 1999 to the present. In Request No. 269, Mattel seeks

9   documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10  1999 to the present.

11      Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12  information showing the timing of payments to Bryant and others, which in turn is relevant to the

13  timing of the development of Bratz and issues of credibility. Mattel contends that Request Nos.

14  208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15  condition, which in turn is relevant to damages. Further, Mattel contends that it is entitled to

16  information regarding the sources of Larian's income to determine whether they are attributable

    to the alleged misconduct and thus subject to disgorgement.

17      Larian contends that the requested personal financial information is not relevant to the

18  claims or defenses at issue. More specifically, Larian contends that neither the names of his

19  banks nor his gross income have any bearing upon either compensatory or punitive damages or

20  Mattel's claim for disgorgement of profits. Larian further contends that there is no support for

21  Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

22      Larian also contends that all three of the requests overlap substantially with requests

23  Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

24  burden posed by these requests to him. Further, Larian contends that the court has previously

25  found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

26  no reason why the same result should not apply here.

27      Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted. The

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                        15

EXHIBIT 10 PAGE 244

1  requests are reasonably calculated to lead to the discovery of admissible evidence relevant to
2  several issues in the case.  For example, the requested information is likely to lead to information
3  regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of
4  the creation of Bratz.  The requested information is also likely to show Larian's income and net
5  worth, which are relevant to damages.  Further, Larian has failed to establish that the requests are
6  unduly burdensome.  Although Mattel has sought and obtained broad discovery of financial
7  information from MGA, Mattel is also entitled to seek financial information directly from Larian.

8  Mattel's motion is denied as to Request No. 209, provided that Larian complies with
9  Request Nos. 207, 208 and 269.  In light of the discovery of financial information ordered herein
10  and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax
11  returns.

12  Storage Devices:  Request Nos. 222 and 224

13  In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating
14  to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive,
15  delete or modify digital information relating to Bratz, Angel, or Bryant.  Mattel contends that a
16  request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in
17  electronic form.  Mattel also contends that Rule 34 permits a party to obtain and test computer
18  hard drives and other storage devices.

19  Larian contends that the requests are overbroad, unduly burdensome, duplicative, and
20  ignore his privilege and privacy interests.  Larian also objects to an inspection of his actual hard
21  drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which
22  states that the amendment of Rule 34 relating to "electronically stored information is not meant to
23  create a routine right of direct access to a party's electronic information system."  See
24  Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes.  Larian contends that there is no justification for
25  an inspection of his electronic devices because there is no allegation that he improperly deleted
26  documents.

27  Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

EXHIBIT 10 PAGE 245

1   With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to
2   authorize the routine production of a party's electronic devices. Mattel attempts to justify
3   Request No. 222 by pointing to various instances of alleged destruction of evidence. See Mattel's
4   Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer
5   laptops; "wiping" information from the hard drives of Larian's computer laptops every six
6   months; redacting "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and
7   destructive testing of Bryant's original Bratz drawings). However, Mattel fails to explain how
8   these alleged instances of evidence destruction justify Request No. 222, other than to assert that it
9   has a right to inspect Larian's storage devices to ensure that relevant information has not been
10  deleted or permanently destroyed. Mattel's stated purpose suggests instead that Mattel is
11  launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal
12  Rules of Civil Procedure. See e.g. Rivera v. NIBCO, Inc., supra. Furthermore, Mattel's stated
13  purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.
14  Among other things, Request No. 222 encompasses every storage device that Larian has used to
15  copy digital information relating to Bratz. Mattel does not need every CD and DVD containing
    copies of Bratz-related video and audio content, but that is what the request seeks.

16      Request No. 222 is also duplicative because it requests information that is sought in
17  numerous other requests served on Larian as well as MGA. Mattel has served hundreds of
18  requests for documents and communications relating to Bratz, Angel, and Bryant. To comply
19  with the requests, Larian was required to search for documents in both hard-copy and electronic
20  form. Under the circumstances, it is unnecessary for Larian to also produce the requested storage
21  devices.

22      Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims
23  and defenses in the case, and therefore do not justify the burden of production on Larian.

24

25  Bryant's Storage Devices: Request Nos. 225, 227 and 228

26      In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents
27  relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

28
    Bryant v. Mattel, Inc.,                                                                    17
    CV-04-09049 SGL (RNBx)

EXHIBIT _10_ PAGE _246_

1    receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2           Larian contends that the requests are improperly directed to him because he does not have

3    personal possession of Bryant's hard drive or storage devices, or other information about those

4    devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5    requests are overbroad and unduly burdensome for the reasons discussed above in connection

6    with Request Nos. 222 and 224.

7           Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8    denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9

10   MGA Hong Kong and MGA Mexico:  Request Nos. 272 and 273

11          In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

12   Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

13   Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

     produce documents sufficient to show the ownership of these entities.

14          Mattel contends that the requests seek information relevant to refute MGA Mexico's

15   personal jurisdiction defense, and which bear on whether the acts of Larian and others are

16   attributable to the entities. Mattel also contends that Larian's (or MGA's ) ownership interest in

17   these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

18   inadequate because it would allow Larian to withhold contradictory information and conceal the

19   true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

20   the ownership of these entities at times when different allegedly wrongful acts took place and to

21   determine if the ownership structure changed as a means of concealing assets or concealing the

22   payments of commercial bribes.

23          Larian contends that these requests should not be made to him, but to the entities

24   themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

25   Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

26   served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

27   burdensome, and that at most, he should only have to produce a list of owners.

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                          18

EXHIBIT 10 PAGE 247

1      Mattel contends that Larian cannot avoid his duty to respond to these requests simply by

2  saying that the information is obtainable from another source.  Further, Mattel contends that

3  Larian has failed to establish that the requests are unduly burdensome.

4      Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied

5  pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable

6  from another source that is more convenient, less burdensome, or less expensive, namely MGA

7  Mexico and MGA Hong Kong.  The requests are also overbroad and unduly burdensome.

8                           IV. CONCLUSION

9      For the reasons set forth above, it is hereby ordered as follows:

10      1.     At meet and confer sessions held after the filing of this motion, Larian agreed to

produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-

146, 213, 221 and 223.  Accordingly, Larian shall produce, without limitation, all non-privileged

documents that are responsive to these Requests.

      2.     With respect to the remaining requests that are at issue in this motion, Larian shall:

          A.     produce, without limitation, all non-privileged documents that are

responsive to Request Nos.  79, 180, 198 (for the time period 1999-2005), 207, 208 and

269; and

          B.     produce, in accordance with his supplemental responses, non-privileged

documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and

209.

          C.     Larian may produce documents responsive to Request Nos. 179, 180 and

181 in redacted form as provided herein.

          D.     Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199,

209, 222, 224, 225, 227, 228, 272 and 273.

      3.     Larian shall produce all non-privileged documents that are required by this Order

that are in his possession, custody or control and that have not already been produced no later

than January 11, 2008.

      4.     Larian shall produce a privilege log no later than January 15, 2008.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

19

EXHIBIT 10 PAGE 248

1      5.      Mattel's request for sanctions is denied.

2      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3   Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5   Dated: December 31, 2007

                                            HON. EDWARD A. INFANTE (Ret.)
6                                                  Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _10_ PAGE _249_

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 2, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT _10_ PAGE _250_

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 1/3/2008 at 10:45 AM PST and filed on
1/3/2008
**Case Name:**       Carter Bryant v. Mattel Inc
**Case Number:**     2:04-cv-9049
**Filer:**           Mattel Inc
**Document Number:** 1439

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by
Isaac Larian; Denying Request for Sanctions filed by Defendant Mattel Inc re: MOTION to Compel
[1092] (Proctor, Brett)

### 2:04-cv-9049 Notice has been electronically mailed to:

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Emil W Herich    eherich@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

EXHIBIT **10** PAGE **251**

Mark E Overland     moverland@obsklaw.com

Michael H Page     mhp@kvn.com

Brett Dylan Proctor     dylanproctor@quinnemanuel.com

John B Quinn     johnquinn@quinnemanuel.com

David C Scheper     dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad     jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock     awaltonhadlock@kvn.com

Matthew M Werdegar     mmv@kvn.com

Michael T Zeller     michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Larian Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/3/2008] [FileNumber=5143390-0]
[5a2187944fc1d22750aedb257eb3d8e53a9b8728f71d46135a28ece1a78d4d01e2732
dde016f334ddcc72b8e691c63a2605761dac19ba72309568688b0698f2c]]

EXHIBIT _10_ PAGE _252_

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>DECLARATION OF STEPHEN HAUSS IN SUPPORT OF MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; AND (3) FOR SANCTIONS<br><br>Date: January 3, 2008<br>Time: 1:30 p.m.<br>Place: JAMS<br>Two Embarcadero Center<br>Suite 1500<br>San Francisco, California<br><br>Phase I:<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2337891.1

12-31

HAUSS DECLARATION

EXHIBIT 10 PAGE 253

1            **DECLARATION OF STEPHEN HAUSS**

2         I, Stephen Hauss, declare as follows:

3         1.    I am a member of the bar of the State of California and an

4 associate of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel,

5 Inc. ("Mattel"). Unless otherwise noted, I make this declaration of personal,

6 firsthand knowledge, and if called and sworn as a witness, I could and would testify

7 competently thereto.

8         2.    I am informed and believe that to date, MGA Entertainment,

9 Inc., and Carter Bryant have served at least 1231 requests for the production of

10 documents and things, and at least 1258 requests for admission, on Mattel, as well

11 as more than the 50 interrogatories allowed by the Court. I am also informed and

12 believe that to date, MGA and Bryant have propounded at least 142 Rule 30(b)(6)

13 topics upon Mattel, whereas Mattel has propounded far fewer Rule 30(b)(6) topics

14 on MGA.

15

16         I declare under penalty of perjury under the laws of the United States of

17 America that the foregoing is true and correct.

18         Executed on December 31, 2007, at Los Angeles, California.

19

20

21                       Stephen Hauss

22

23

24

25

26

27

28

07209/2337891.1

-2-

EXHIBIT 10 PAGE 254

1

### PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street,

3  Suite 206, Los Angeles, California 90026.

4      On February 15, 2008, I served true copies of the following document(s) described as **SUPPLEMENTAL DECLARATION OF MELISSA GRANT IN SUPPORT OF MOTION**

5  **OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND**

6  **FOR SANCTIONS** on the parties in this action as follows:

7

### SEE ATTACHED LIST

8

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)

9  being served.

10

      I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct.

12      Executed on February 15, 2008, at Los Angeles, California.

13

14                           _____

                              NOW LEGAL -- Dave Quintana

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2366738.1

PROOF OF SERVICE

1

SERVICE LIST

2   Thomas J. Nolan                          John W. Keker
    **Skadden, Arps, Slate,**                Michael H. Page
3     **Meagher & Flom, LLP**               Christa M. Anderson
    300 South Grand Ave., Ste. 3400          **Keker & Van Nest, LLP**
4   Los Angeles, California 90071            710 Sansome Street
    TEL: (213) 687-5000                      San Francisco, California 94111
5   FAX: (213) 687-5600                      TEL: (415) 391-5400
    **tnolan@skadden.com**                   FAX: (415) 397-7188
6                                            **jkeker@kvn.com**
                                             **mhp@kvn.com**
7

8   Mark E. Overland, Esq.
    David E. Scheper, Esq.
9   Alexander H. Cote, Esq.
    **Overland Borenstein Scheper & Kim, LLP**
10  300 South Grand Avenue
    Suite 2750
11  Los Angeles, California 90071-3144
    TEL: (213) 613-4655
12  FAX: (213) 613-4656
    **moverland@obsklaw.com**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE