KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br>[To be heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE I DISCOVERY CUT-OFF**<br><br>Date: tba<br>Time: tba<br>Place: Telephonic<br><br>Date Comp. Filed: April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

411601.01

# I. PRELIMINARY STATEMENT

Carter Bryant opposes Mattel's attempt to extend the discovery cut-off date in order to obtain documents from an invalid subpoena issued to Peoples Bank of the Ozarks. The story of the Peoples Bank subpoena is rife with examples of Mattel dragging its feet, violating the Federal Rules, and deliberately attempting to sandbag Carter Bryant in an effort to gain access to his personal financial information.

Mattel does not have "good cause" to request the extension of the discovery cut-off, and any such extension would validate and excuse Mattel's needless delays and violation of the Federal Rules. Mattel waited until ten days before the discovery cut-off date to serve Peoples Bank with the subpoena at issue. Nothing prevented Mattel from serving this subpoena far earlier in this litigation, as Mattel has known that Bryant was a Peoples Bank customer since at least September 2007. Trinidad Decl., ¶2; *id.*, Ex. A (September 28, 2007 Deposition of Richard Irmen). Moreover, as is well documented in Bryant's Motion to Quash the Peoples Bank Subpoena, filed January 28, 2008, Mattel concedes that it violated Federal Rule of Civil Procedure 45 by failing to provide Bryant with notice of the subpoenas until one week after it was served. Mattel's delay resulted in Bryant having *less than one business day* to move to quash or object before the subpoena's date of compliance. *Id.*, ¶¶ 3-4; *id.*, Ex. B (Notice of Subpoena). To grant Mattel's request would reward it for its own delay and for its admitted violation of the Federal Rules.

In addition, the Peoples Bank subpoena is invalid because it is overly broad and requests production that would be overly duplicative and cumulative. Mattel misleadingly describes the discovery they seek as "limited." The requests to Peoples Bank of the Ozarks alone calls for the production of every single scrap of paper that refers or relates to Carter Bryant or Carter Bryant Enterprises. For example, Mattel demands: "All DOCUMENTS REFERRING OR RELATING

TO CARTER BRYANT from January 1, 1999 to the present, inclusive." Grant Decl., Ex. 8 Request 2. Mattel has placed no limitations at all in its subpoena requests, failing yet again to narrowly tailor its overly broad requests. Moreover, Mattel's claim that the Peoples Bank request is somehow relevant to show payments form MGA to Bryant provides no support for granting an extension of the discovery cut-off. Bryant has produced royalty statements detailing the date and amount of payments from MGA through 2007, and 1099-Miscellaneous Income forms also providing the full amount of payments from MGA. The Peoples Bank subpoena, therefore, is nothing more than a demonstration of Mattel's continued scorched earth discovery practices.

Based on the following reasons, Bryant respectfully requests that the Discovery Master DENY Mattel's Motion for Leave to Obtain Discovery After the Phase I Discovery Cut-Off, at least as it pertains to Peoples Bank.

## II. FACTUAL BACKGROUND

**A. Mattel delayed in providing notice and aggressively sought compliance with the subpoena before Bryant would have a chance to object.**

The procedural history relating to Mattel's subpoena to Peoples Bank is set forth in detail in Bryant's Motion to Quash, filed January 28, 2008, and supporting papers which Bryant incorporates by reference. A summary of the relevant facts is as follows:

On January 18, 2008, Mattel served Peoples Bank with a subpoena demanding that compliance be completed by 9:00 a.m. on Monday, January 28, 2008 – the Phase I discovery cut-off date. Grant Decl. Ex. 8.[1] The subpoena ordered Peoples Bank to produce a broad range of documents, including:

---

[1] Despite Mattel's claim that the subpoena was served on January 21, 2008 (*See* Mot. at 5), the proof of service on the subpoena clearly shows that Peoples Bank was served on January 18. Either way, Mattel has conceded a violation of the prior notice requirements of Rule 45.

411601.01

2
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE
TO OBTAIN DISCOVERY AFTER THE PHASE I DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

- All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT ENTERPRISES from January 1, 1999 to the present, inclusive;

- All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT from January 1, 1999 to the present, inclusive;

- All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns CARTER BRYANT ENTERPRISES or CARTER BRYANT, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

*Id.* at Requests 1, 2, 4.

Over the course of the next week, Mattel engaged in a furious attempt to secure Bryant's bank records from Peoples Bank *before* Bryant would have a chance to object. *See* Trinidad Decl., Ex. C at 142, 144-45, 154, 155 (Grant Decl. In Opp. to Mot. to Quash). Mattel made sure of that by failing to provide Bryant or any of the other parties with notice of the subpoena until Friday, January 25 – *less than one full business day before the date of compliance. See id.* ¶¶ 3-4.

On Friday, January 25, Mattel had substantive conversations with Peoples Bank, in which the Bank stated that "bank personnel [had] worked long & hard to provide the documents that you requested," but that it needed additional time to collect documents due to a "mechanical failure." *Id.*, Ex. C at 142. That same evening, at 9:22 p.m., only a few hours after first giving notice of the subpoena and the day before the Phase 1 discovery cut-off, Mattel requested that the parties stipulate to an extension of time (past the discovery cut-off) for compliance with

the subpoena, and set a Sunday 3:00 p.m. deadline to respond. *Id.* at 143. Mattel omitted any reference to its conversations with the Bank in this correspondence. *Id.* Later that night, at 11:12 p.m., counsel for Mattel sent an email to Peoples Bank, requesting "that the bank send [Mattel] on Monday, January 28, the responsive documents it ha[d] already collected." *Id.* at 144-45.

Mattel's feverish attempts to secure the documents before Bryant could move to quash continued over the weekend of January 26 and 27. Peoples Bank advised Mattel that the bank president had been informed of Mattel's request to pick-up materials on Monday morning, and that Mattel would know prior to the start of business Pacific Standard time if the requested same day production was possible. *Id.*, Ex. C at ¶9; *id.* at 154-55.

Sure enough, before the start of business on January 28, *less than one business day after providing notice to Bryant,* Mattel and Peoples Bank agreed to arrange same day production of the documents. *Id.*, Ex. C at ¶ 10; *id.* at 155-56. Before Mattel could cart away those documents, however, counsel for Bryant sent letters to both Mattel and Peoples Bank, making clear his objections to Mattel's sweeping document requests and his intention to file a motion to quash. Trinidad Dec. Exs. D, E. The letter to Peoples Bank stated:

> [We] presently intend to file a motion to quash [Mattel's] subpoena. Pending the resolution of the motion, we write to inform you that People's Bank [sic] of the Ozarks does not have Mr. Bryant or Mr. Irmen's permission to produce the materials requested in the subpoena and we seek to confirm that People's Bank [sic], absent that permission, will not produce any responsive documents unless and until there is a final order requiring such a production. (emphasis in original).

Thereafter, the bank informed Mattel that they would not be producing documents absent an agreement of the parties or a court order,[2] and Bryant filed his Motion to

---

[2] Mattel makes no mention of the Bank's statement that it would not produce absent a court order or agreement of the parties in its Motion, but misleadingly states that "People's Bank [sic] of the Ozarks ha[s] agreed to comply with the subpoena[]...." Notice of Mot. at 2; *see also* Mot. at 5 (failing to mention Bank's

4

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE I DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

411601.01

Quash. Trinidad Decl., Ex. C at 157. Only by working over the weekend and notifying the Bank and Mattel of its objections prior to the start of business on Monday morning was Bryant able to prevent the improper production of his private bank records.

### III. ARGUMENT

**A. Mattel lack of diligence in serving and noticing the Peoples Bank Subpoena pursuant to the Federal Rules are sufficient grounds to deny the motion.**

The purpose of the a Rule 16(b) scheduling order is to "stimulate litigants to narrow the areas of inquiry an advocacy to those they believe are truly relevant and material. ... Litigants are forced to establish discovery priorities and thus to do the most important work first." 1983 Advisory Committee Notes (internal citations omitted). Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Mattel now claims that it has "good cause" to modify the scheduling order because it acted "diligently" in serving the Peoples Bank subpoena. Mot. at 2. The story of Mattel's diligence is pure fiction, and its Motion should be denied. *Zivkuvic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (internal citation omitted).

Mattel dragged its feet in issuing, serving, and providing notice of the subpoena, and its lack of diligence provides ample support for denying the Motion. Mattel has been aware of the Phase I discovery deadline for many months, yet waited until 10 days before the (extended) January 28 cut-off date to serve the subpoena. Mattel waited until the eleventh hour to seek this discovery, even though Mattel has known about Bryant's relationship with Peoples Bank since at

---

statement of noncompliance).

5
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE
TO OBTAIN DISCOVERY AFTER THE PHASE I DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

411601.01

least September 2007. Trinidad Decl., Ex. A. Mattel's dawdling continued throughout January 2008. Counsel for Mattel signed the subpoena and presumably issued it on Tuesday, January 15, 2008, yet Mattel took three days to serve Peoples Bank. Grant Decl. Ex. 8. Mattel finally served Peoples Bank on January 18, ten days before the discovery cut-off.

Moreover, after serving Peoples Bank, Mattel inexcusably delayed in providing notice of the subpoena to Bryant by **one full week**. Trinidad Decl., ¶¶3-4. Mattel's actions amount to a violation of Fed. R. of Civ. P. 45(b)(1), which requires prior notice of subpoena *duces tecum* before the subpoena is served. Courts have quashed subpoenas when the serving party failed to provide prior notice. *See, e.g., Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). Mattel's lackadaisical attitude towards the Federal Rules and its excessive delay in providing notice, therefore, render the subpoena procedurally invalid.

In sum, Mattel's claim of diligence is simply unsupported by the facts. The Court should not now grant Mattel more time to receive discovery pursuant to a procedurally invalid subpoena that it failed to prioritize and chose to pursue only at the 11th hour.

**B.    Good cause does not exist for the production of documents from Peoples Bank, which are not only irrelevant, but would be duplicative and cumulative of other discovery, and which are in response to overly broad requests.**

Although relevance alone does not justify extending the discovery cut-off,[3] Mattel's claim of relevance also does not hold water. According to Mattel, the documents sought from Peoples Bank are relevant to "the timing of the creation of Bratz and the potential bias of Bryant and will show the amount and dates of

---

[3] *See generally Geiserman v. MacDonald*, 893 F.2d 787, 791-92 (5th Cir. 1990) (upholding district court's decision to exclude late filed expert witness designation despite assumption that testimony was "significant" and "important" to party's case).

6
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE I DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

411601.01

1 payments made by MGA and/or Isaac Larian to Bryant." Mot. at 5. Mattel
2 provides no further information on how Bryant's personal bank records would
3 have any impact on these issues, nor does Mattel even attempt to argue that such
4 requests are not duplicative or cumulative of other discovery in this case.

Bryant has provided a significant amount of financial information detailing the amount and dates of payments from MGA. By claiming they now need access to Bryant's Peoples Bank records, Mattel ignores the wealth of financial information produced by Bryant. For example, in March 2007, Bryant produced all then-available royalty statements, showing payments he received form MGA in unredacted form. Second Supp. Trinidad Decl. In Support of Mot. to Quash Peoples Bank Subpoena, at Exs. A, B.[4] Bryant subsequently supplemented this production, and Mattel now has in its possession all royalty statements from 2001 through 2007. *See id.*, Ex. A. In addition, Bryant produced more financial documents on January 18 and 23, 2008 in response to the agreement struck regarding the Foothills subpoena. *Id.*, at Exs. C, D. These productions included:

- Statements of Carter Bryant's Net Worth;
- Carter Bryant's 1099-Misc Income forms showing payments form MGA Entertainment from 2000-2006;
- Income statements from Carter Bryant Enterprises;

Mattel, therefore, has more than enough information to show any payments of money or consideration made to him by MGA. Any additional financial information that Peoples Bank could provide in response to the subpoena would be either irrelevant or duplicative of material previously produced.

Furthermore, the production of documents responsive to such overly broad request as "ALL DOCUMENTS REFERRING OR RELATING TO CARTER

---

[4] For the Court's convenience, we are enclosing a courtesy hard copy of the Second Supplemental Trinidad Declaration In Support of Bryant's Motion to Quash the Peoples Bank Subpoena along with this Motion.

BRYANT" would likely sweep in a multitude of irrelevant documents.[5] Grant Decl. Ex. 8 at Request 2. Notably, the Discovery Master recently ruled that an interrogatory propounded by Mattel asking Bryant to identify his bank accounts and other financial institution accounts was "overbroad, requiring account information for any account, no matter under whose name or whose benefit, that in any way mentions Bryant or reflects his existence." Trinidad Decl., Ex. F at 5 (Feb. 20, 2008 Order Denying Mattel's Motion to Compel Responses to Interrogatories). The Discovery Master also concluded that this interrogatory "implicates Bryant's (and others) privacy interests, without reasonable justification. *See id.* Mattel's Peoples Bank subpoena is no different, and should be quashed for all the same reasons. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (quashing subpoena issued by Mattel and Quinn Emanuel for making "'[n]o attempt . . . to try to tailor the information request to the immediate needs of the case.'") (quotations and citations omitted).

     In short, there is no need to extend the discovery cut-off for Mattel to gain access to documents that show payments from MGA to Bryant: they already have them.

**C.  Mattel's actions in connection with the Peoples Bank subpoena should not be rewarded by an extension of the discovery cut-off date.**

     Nor should Mattel be reward for its underhanded behavior in trying to secure Bryant's personal financial information. Mattel provides no excuse for notifying Bryant of the subpoena less than one business day before its date of compliance, leaving only one logical conclusion: that Mattel deliberately limited Bryant's ability to move to quash or object to the subpoena.

     In addition, after serving Bryant with notice on a Friday, Mattel worked

---

[5] Courts have generally found such requests to be over broad. *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923 (N.D. Ill. 2003).

doggedly over the weekend to try to gain access to Bryant's financial information, before Bryant could have reasonably expected to have objected or moved to quash. Mattel had substantive conversations with the bank but failed to mention that fact in their January 25 request to Bryant's counsel for an extension of time. *See* Trinidad Decl., Ex. C at 142, 144-45, 154-56. Mattel's own communications with Peoples Bank show that they were attempting to arrange a pick-up of documents before the start of business PST on Monday, January 28, and that Peoples Bank refused to comply once Bryant made his objections known. *Id.* at 157.

## IV. CONCLUSION

For the foregoing reasons, Bryant respectfully requests that the Discovery Master DENY Mattel's Motion for Leave to Obtain Discovery After the Phase I Discovery Cutoff In Response to the Peoples Bank Subpoena and that it GRANT Bryant's related, pending Motion to Quash that subpoena.

Dated: February 20, 2008                KEKER & VAN NEST, LLP

By: /s/ John Trinidad
JOHN TRINIDAD
Attorneys for Plaintiff
CARTER BRYANT