# EXHIBIT C

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 |         Plaintiff,

14 |     vs.

15 | MATTEL, INC., a Delaware

16 | corporation,

17 |         Defendant.

18 | AND CONSOLIDATED

19 | ACTIONS

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**[PUBLIC REDACTED]
DECLARATION OF MELISSA GRANT IN
SUPPORT OF MATTEL, INC.'S
OPPOSITION TO CARTER BRYANT'S
MOTION TO QUASH MATTEL, INC.'S
SUBPOENA ISSUED TO PEOPLE'S BANK
OF THE OZARKS OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE
ORDER**

**DISCOVERY MATTER**

**[To Be Heard By Discovery Master
Hon. Edward Infante (Ret.) Pursuant To The
Court's Order Of December 6, 2006]**

Hearing Date:  TBA
Time:          TBA
Courtroom:     TBA

**Phase 1:**
Discovery Cut-off:      January 28, 2008
Pre-trial Conference:   May 5, 2008
Trial Date:             May 27, 2008

07209/2380763.1

**DECLARATION OF MELISSA GRANT**

I, Melissa Grant, declare as follows:

1.      I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit A is a true and correct copy of MGA's Complaint in this matter, filed April 13, 2007.

3.      Attached as Exhibit B is a true and correct copy of Mattel's Second Amended Answer and Counterclaims excluding Exhibit C.

4.      Attached as Exhibit C is a true and correct copy of Mattel's subpoena *duces tecum*  served on People's Bank of the Ozarks (the "Bank") on January 21, 2008 and the notice thereof.

**The Bank's Statement of Compliance Without Objection and Request for Additional Time**

5.      On Friday, January 25, 2008, I received a telephone call from Alison Holmes of the Bank advising me that the Bank will comply with Mattel's subpoena.  Ms. Holmes said that the Bank had already collected almost all the responsive documents (consisting of a stack of paper two feet high) but that some of the older records had to be retrieved from microfilm.  Ms. Holmes also said that because of technical problems the Bank needed additional time to retrieve and produce the records on microfilm.  Later that day, I received two e-mails from James Bowles, the attorney for the Bank reiterating what Ms. Holmes had told me regarding their difficulty in retrieving the microfilm documents, and requesting 14 additional days from January 28, 2008 (the return date on the subpoena) to produce those documents.  Attached as Exhibit D are true and correct copies of the e-mail messages from James Bowles.   Subsequently, Ms. Holmes and Mr.

07209/2380763.1

1    Bowles advised me that the documents the Bank had assembled and was ready to

2    produce on January 28, 2008 (the return date of the subpoena) consisted of

3    responsive documents spanning from October 2002 to the present.  They also

4    advised that the documents to be retrieved from microfilm consisted of records

5    from February 2002 through September 2002.

6            6.      Later that day, I sent an e-mail message to opposing counsel for

7    MGA, Carter Bryant ("Bryant"), Isaac Larian ("Larian"), and Carlos Gustavo

8    Machado Gomez ("Machado") requesting that they stipulate to extend the

9    deadline for the Bank to produce documents responsive to Mattel's subpoena from

10   January 28, 2008 to February 11, 2008, without prejudice as to Mattel's right to

11   move to compel after the Phase 1 discovery cut-off in the event that the bank's

12   responses were insufficient.  Mattel advised opposing counsel that if they would

13   not agree to the stipulation, Mattel would file a motion seeking leave for

14   additional time.  Attached as Exhibit E is a true and correct copy of my January

15   25, 2008 e-mail message.

16           7.      In the evening of January 25, 2008, I sent a e-mail message to

17   Mr. Bowles advising him that Mattel had no objection to the Bank's request for 14

18   additional days to produce all documents responsive to the subpoena, but

19   requested that the Bank produce the documents it had already assembled on the

20   subpoena return date of Monday, January 20, 2008.  To facilitate production, I

21   offered to arrange for Federal Express to pick the documents from the Bank.  I

22   asked Mr. Bowles to let me know whether that was acceptable.  Attached as

23   Exhibit F is a true and correct copy of my e-mail message to Mr. Bowles.

24           8.      As of January 27, 2008, neither Bryant's counsel nor MGA's

25   counsel had responded to my January 25, 2008 e-mail message requested that the

26   parties stipulate to additional time for the Bank's production.  Because opposing

27   counsel had agreed to stipulate to a similar extension proposed by Mattel on

28   January 27, 2008 regarding a subpoena *duces tecum* served on Wachovia Bank, I

-3-
GRANT DECLARATION IN OPPOSITION TO BRYANT'S MOTION
TO QUASH PEOPLE'S BANK OF OZARKS SUBPOENA

1  sent a second e-mail message to Bryant's counsel and other opposing counsel

2  asking them if they would agree to the proposed stipulation regarding People's

3  Bank of the Ozarks. Attached as Exhibit G is a true and correct copy of my e-

4  mail message dated January 27, 2008. Less than five minutes later, I received an

5  e-mail message from Bryant's counsel, Michael Page, stating in full: "No, we will

6  not agree." Bryant's counsel gave no reason for their refusal to so stipulate.

7  Attached as Exhibit H is a true and correct copy of the e-mail message from Mr.

8  Page.

9          9.      By e-mail message dated January 26, 2008, Mr. Bowles advised

10  me that he would check with the Bank president and let me know Monday morning

11  whether Mattel could pick-up the responsive documents already assembled by the

12  Bank on the return date of January 28, 2008. Attached as Exhibit I is a true and

13  correct copy of Mr. Bowles' e-mail message.

14          10.     On Monday, January 28, 2008 at 8:18 a.m., I received another e-

15  mail message from Mr. Bowles stating that Mattel could arrange with Ms. Holmes

16  to pick up the responsive documents already assembled later that day. Less than

17  two hours later, before any pick-up arrangements were made, I received an e-mail

18  message from Mr. Bowles, advising that the Bank had received notification of an

19  unspecified "attempt to quash the subpoena" and that therefore production was "on

20  hold." Approximately three hours later, I received another e-mail from Mr.

21  Bowles, which read: "We now have a threatening letter from John Trinidad

22  regarding the subpoena. He is moving to quash, accordingly, we are going to hold

23  off until we get a court order or the parties come to an agreement." As a result, no

24  documents responsive to the subpoena have been produced to Mattel by People's

25  Bank of the Ozarks. Attached collectively as Exhibit J are true and correct copies of

26  Mr. Bowles' three e-mail messages to me dated January 28, 2008.

27          11.     At 9:08 a.m. on January 28, 2008, I received by e-mail a letter

28  from John Trinidad, Bryant's counsel, asserting that the subpoena was invalid and

Case 2:04-cv-09049-DOC-RNB   Document 2314-4   Filed 02/20/08   Page 6 of 52   Page ID
#:34989
Case 2:04-cv-09049-SGL-RNB   Document 2016-2   Filed 02/08/2008   Page 5 of 15

1   advising that Bryant would file a motion to quash or for a protective order "should

2   Mattel not withdraw its subpoena." Attached as Exhibit K is a true and correct

3   copy of Mr. Trinidad's January 28, 2008 e-mail message and letter. Mattel would

4   not agree to do so because the subpoena is valid and seeks relevant and

5   discoverable documents that Bryant has failed to produce despite promises and his

6   agreement to do so.

7        12.   Notwithstanding Bryant's argument to the contrary, Bryant has

8   not been prejudiced in any way by the lack of "prior notice" of the subpoena. To

9   the contrary, Bryant improperly advised the Bank that the subpoena was invalid

10  and threatened that Bank if it produced documents responsive to Mattel. As a

11  result of that action and the Motion to Quash, the Bank has not produced <u>any</u>

12  documents to Mattel in response to the subpoena despite its ability to do so.

13

14                    **Foothill Business Services Document Production**

15       13.   On December 11, 2007, Mattel issued a subpoena to Foothill

16  Business Services ("Foothill"), Bryant's accountants, seeking relevant financial

17  information relating to Bryant and Carter Bryant Enterprises, which it amended on

18  December 18, 2007 ("Foothill Subpoena"). Attached as Exhibit L is a true and

19  correct copy of the Foothill Subpoena.

20       14.   Bryant's counsel objected to the Subpoena and advised Mattel

21  that Bryant intended to file a motion to quash or for a protective order if Mattel did

22  not withdraw it. Over the course of the next month, counsel met and conferred by

23  telephone, e-mail message, and letter regarding Bryant's objections to the Foothill

24  Subpoena. Attached collectively as Exhibit M are true and correct copies of the

25  meet and confer communications.

26       15.   By later dated January 11, 2008, to my colleague Jon D. Corey

27  from Mathew Werdegar, counsel for Bryant, Bryant agreed to gather from Foothill

28  and produce to Mattel the following documents:

07209/2380763.1

1          a.     All available profit and loss income statements for Carter Bryant

2   Enterprises ("CBE");

3          b.     Documents sufficient to show all payments to Bryant from MGA

4   and/or Isaac Larian;

5          c.     Documents sufficient to show all payments to Veronica Marlow

6   from Bryant or CBE;

7          d.     Documents sufficient to show Bryant's net worth;

8          e.     Documents sufficient to identify any witness or witnesses'

9   counsel to whom Bryant has made any payments for fees, costs, or expenses

10  incurred by that witness in connection with the present litigation and the amount

11  paid, if any, to or on behalf of such witness;

12          f.     Foothill's document retention policy, if it has one; and

13          g.     Documents constituting communications between Bryant and

14  Foothill substantively related Bratz.

15  Attached as Exhibit N is a true and correct copy of Mr. Werdegar's January 11,

16  2008 letter.

17          16.    On January 23, 2008—five days before the Phase 1 discovery

18  cut-off—Bryant purported to produce by e-mail "documents in accordance with our

19  stipulation regarding Mattel's subpoena of Foothill Business Services." However,

20  the Foothill production consisted of only 10 documents:  two CBE income

21  statements from 2003, four CBE quarterly income statements from 2006, four CBE

22  quarterly incomes statements from 2007, and ledger of payments to Veronica

23  Marlow in 2006 and 2007 only.  Attached collectively as Exhibit O are true and

24  correct copies of Bryant's January 23, 2008 Foothill production.

25

26

27

28

07209/2380763.1

1

## Bryant Has Not Provided Mattel with "Prior Notice" of Subpoenas Before Serving Them to Third Parties

2

3          17.      Bryant has served at least six subpoenas on third parties in this

4    action.  They include subpoenas to Anna Rhee, Verizon California, SBC, Pacific

5    Bell Telephone Co., Steven Linker, and Ogilvy and Mather Worldwide.  A review

6    of the documents served on Mattel related to those subpoenas shows that Bryant

7    never provided Mattel with "prior notice" of those subpoenas before serving them

8    on the third parties.

9

10         I declare under penalty of perjury under the laws of the United States

11   that the foregoing is true and correct.

12         Executed this 7th day of February, 2008, at Los Angeles, California.

13

14                                          Melissa Grant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2380763.1

GRANT DECLARATION IN OPPOSITION TO BRYANT'S MOTION
TO QUASH PEOPLE'S BANK OF OZARKS SUBPOENA

**Exhibit C**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
2 |   (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
5 |   (timalger@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 |              UNITED STATES DISTRICT COURT

11 |            CENTRAL DISTRICT OF CALIFORNIA

12 |                   EASTERN DIVISION

13 | CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14 |              Plaintiff,              Consolidated with Case Nos. CV 04-
                                         9059 and CV 05-2727
15 |      v.
                                         NOTICE OF SUBPOENA ISSUED TO
16 | MATTEL, INC., a Delaware            PEOPLE'S BANK OF THE OZARKS
   Corporation,
17 |                                     
              Defendant,                 Phase 1:
18 |                                     Discovery Cut-off:      January 28, 2008
                                         Pre-trial Conference:   April 21, 2008
19 |                                     Trial Date:             May 27, 2008

20 | AND CONSOLIDATED CASES

21 |

22 |

23 |

24 |

25 |

26 |

27 |                                          EXHIBIT __C__ PAGE __128__

28 |

07209/2352678.1

1-22

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

2  <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1,

3  requesting the production of specified documents to the following:

4        1)      People's Bank of the Ozarks, 305 W. Mt. Vernon, Nixa, MO 65714.

5

6  DATED: January 22, 2008           QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8                                     By _____
9                                         Melissa Grant
                                          Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    EXHIBIT __C__ PAGE _129_

28

07209/2352678.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1]  Cal C.D.CV 04-9049 SGL (RNBx consolidated with cases CV 04-9059 and CV 05-2727 Central District of CA

TO:  People's Bank of the Ozarks
     305 W. Mt. Vernon
     Nixa, MO 65714

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 28, 2008 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant  Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___C___  PAGE ___130___

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/18/2008 | 305 West Mt. Vernon<br>Nixa, MO 65714 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Kim Campbell, Branch Manager,<br>People's Bank of the Ozarks | Personal<br>(Served 1-18-08 at 2:06 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gary K. Wells | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/21/2008_____
DATE

_[signature]_
SIGNATURE OF SERVER

c/o Now Legal Service, 1301 W. 2nd St., Los Angeles,
ADDRESS OF SERVER

CA 90026, (213) 482-1567, Reg. Springfield, MO

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___C___ PAGE ___131___

<u>ATTACHMENT A</u>

<u>Documents To Be Produced</u>

1.    <u>DEFINITIONS.</u>

i.    "YOU" or "YOUR" means Peoples Bank of the Ozarks, and all of YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

ii.    "CARTER BRYANT ENTERPRISES" means any corporation, partnership or other entity which has an ACCOUNT or ACCOUNTS with YOU for which CARTER BRYANT is an authorized signer or has signatory authority over its ACCOUNTS, and any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation, "CARTER BRYANT ENTERPRISES" shall include any partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization owned or operated by or otherwise affiliated with Carter Bryant, as well as their agents, representatives, employees, officers and directors and any one else acting on their behalf, pursuant to their authority, or subject to their control.

iii.    "CARTER BRYANT" means the individual named Carter Bryant, Social Security No. 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, date of birth 10/1/1968, and any of his current or former employees, agents or representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), including any trustees acting for his benefit, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

iv.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

v.    "PERSON" or "PERSONS" means all natural persons,

07209/2293434.1

EXHIBIT _C_ PAGE _132_

partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

vi.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

vii.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

viii.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ix.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

2.    INSTRUCTIONS.

a.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

EXHIBIT _C_ PAGE _133_

(1)     The privilege or protection that you claim precludes
disclosure;

(2)     The subject matter of the DOCUMENT (without
revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR
claim of privilege or protection.

c.     YOU are required to identify any and all DOCUMENTS sought
by this document request that have been destroyed.

d.     YOU are required to identify the source of all DOCUMENTS
produced, and the person for whom, or department, division or office for which,
such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder,
or in lieu thereof, any writing on the file folder from which each such
DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.     <u>DOCUMENTS TO BE PRODUCED.</u>

(1)     All DOCUMENTS REFERRING OR RELATING TO CARTER
BRYANT ENTERPRISES from January 1, 1999 to the present, inclusive.

(2)     All DOCUMENTS REFERRING OR RELATING TO CARTER
BRYANT from January 1, 1999 to the present, inclusive.

(3)     All DOCUMENTS REFERRING OR RELATING TO the
ACCOUNT maintained by YOU numbered 300368180, including but not limited
to statements, monthly statements, annual statements, daily transaction history
reports, monthly transaction history reports, deposit reports, deposit slips, canceled
checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING
TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

07209/2293434.1

EXHIBIT ___C___ PAGE 134

(4)   All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns CARTER BRYANT ENTERPRISES or CARTER BRYANT, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(5)   DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning CARTER BRYANT ENTERPRISES or CARTER BRYANT between January 1, 1999 and the present, inclusive.

(6)   All DOCUMENTS showing or relating to any account(s) held by CARTER BRYANT ENTERPRISES or CARTER BRYANT or any account(s) for which CARTER BRYANT ENTERPRISES or CARTER BRYANT has signatory authority at any other financial institution.

EXHIBIT __C__ PAGE __135__

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff and Cross-
    Defendant Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12                            EASTERN DIVISION

13   CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
     individual,
14                                  Consolidated with Case Nos. CV 04-09059
                 Plaintiff,         and CV 05-02727
15
          vs.                       **PROOF OF SERVICE**
16
     MATTEL, INC., a Delaware
17   corporation,

18               Defendant.

19
     AND CONSOLIDATED
20   ACTIONS

21

22

23

24

25

26

27

28                                  EXHIBIT ___C___ PAGE __136__

                                                    PROOF OF SERVICE

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

On January 25, 2008, I served true copies of the following document(s) described :

1)   **NOTICE OF SUBPOENA ISSUED TO KENNETH R. BAILY, CPA**

2)   **NOTICE OF SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS**

3)   **NOTICE OF SUBPOENA ISSUED TO WASHINGTON MUTUAL BANK**

4)   **NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION**

5)   **NOTICE OF SUBPOENA ISSUED TO DEWBERRY CESIGNER HOLDINGS, INC.**

on the parties in this action as follows:

### SEE ATTACHED LIST

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 25, 2008, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2366738.1

EXHIBIT _C_ PAGE _137_

1

### SERVICE LIST

2

| | |
|---|---|
| Thomas J. Nolan | John W. Keker |
| **Skadden, Arps, Slate, Meagher & Flom , LLP** | Michael H. Page |
| 300 South Grand Ave., Ste. 3400 | Christa M. Anderson |
| Los Angeles, California 90071 | **Keker & Van Nest, LLP** |
| TEL: (213) 687-5000 | 710 Sansome Street |
| FAX: (213) 687-5600 | San Francisco, CA 94111 |
| tnolan@skadden.com | TEL: (415) 391-5400 |
| | FAX: (415) 397-7188 |
| | jkeker@kvn.com |
| | mhp@kvn.com |

3

4

5

6

7

8    Mark E. Overland, Esq.
     David E. Scheper, Esq.

9    Alexander H. Cote, Esq.
     **Overland Borenstein Scheper & Kim, LLP**

10   300 South Grand Avenue
     Suite 2750

11   Los Angeles, CA 90071-3144
     TEL: (213) 613-4655

12   FAX: (213) 613-4656

13   **moverland@obsklaw.com**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2366733.1

-2-

EXHIBIT _C_ PAGE _138_

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4      On January 25, 2008, I served true copies of the following document(s) described as:

5      1)      **NOTICE OF SUBPOENA ISSUED TO KENNETH R. BAILY, CPA**

6      2)      **NOTICE OF SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS**

7      3)      **NOTICE OF SUBPOENA ISSUED TO WASHINGTON MUTUAL BANK**

8      4)      **NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION**

9      5)      **NOTICE OF SUBPOENA ISSUED TO DEWBERRY CESIGNER HOLDINGS, INC.**

10

      on the parties in this action as follows:

11

## SEE ATTACHED LIST

12

13

14   **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from lucilleclavel@quinnemanuel.com on January 25, 2008, by transmitting a PDF format copy of such

15   document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported

16   as complete and without error.

17      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18      Executed on January 25, 2008, at Los Angeles, California.

19

20                          *Lucille Clavel*

21                          LUCILLE CLAVEL

22

23

24

25

26

27

28

07209/2366736.1

EXHIBIT ___C___ PAGE __140__

SERVICE LIST

Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom ,**
**LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, California 90071
TEL: (213) 687-5000
FAX: (213) 687-5600
tnolan@skadden.com
miller@skadden.com

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van  Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
TEL: (415) 391-5400
FAX: (415) 397-7188
jkeker@kvn.com
mhp@kvn.com

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
TEL: (213) 613-4655
FAX: (213) 613-4656
moverland@obsklaw.com

07209/2366736.1

-2-

EXHIBIT ___C___ PAGE ___141___

**Exhibit D**

**Melissa Grant**

| | |
|---|---|
| **From:** | James Bowles [jlbowles.atty@gmail.com] |
| **Sent:** | Friday, January 25, 2008 1:42 PM |
| **To:** | Melissa Grant |
| **Cc:** | aholmes@peoplesbanking.com |
| **Subject:** | Re: Peoples bank subpoena |

Peoples Bank will agree to a stipulation to provide its documents within a 14 day extension from Jan. 28

On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:

---------- Forwarded message ----------
From: **James Bowles** <jlbowles.atty@gmail.com>
Date: Jan 25, 2008 3:24 PM
Subject: Peoples bank subpoena
To: melissa.grant@quinnemanuel.com
Cc: aholmes@peoplesbanking.com

Ms. Grant,
    I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
    Jim Bowles

EXHIBIT __D__ PAGE __142__

1/28/2008

**Exhibit E**

# Melissa Grant

| | |
|---|---|
| From: | Melissa Grant |
| Sent: | Friday, January 25, 2008 9:22 PM |
| To: | Paul.Eckles@skadden.com; Thomas Nolan; CAnderson@KVN.com; Jkeker@kvn.com; Mwerdeger@KVN.com; Timothy.Miller@skadden.com; Kenneth.Plevan@skadden.com; MPage@KVN.com; Alexander H. Cote (acote@obsklaw.com); Mark E. Overland (moverland@obsklaw.com); David C. Scheper (dscheper@obsklaw.com) |
| Cc: | John Gordon; Michael T Zeller; Dylan Proctor; Jon Corey |
| Subject: | Mattel v. Bryant |

Counsel,

I am writing to request that you stipulate to extend the deadline for the Peoples Bank of the Ozarks to produce documents responsive to Mattel's subpoena from January 28, 2008 to February 11, 2008, without prejudice as to Mattel's right to move to compel after the discovery cut-off in the event that the bank's response is insufficient.

Please let me know if you will agree to so stipulate by 3:00 p.m. on Sunday, January 27. If you will not agree, we will file a motion for additional time on Monday, January 28.

Thank you for prompt attention to this matter.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

EXHIBIT E PAGE 143

**Exhibit F**

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Friday, January 25, 2008 11:12 PM |
| **To:** | 'James Bowles' |
| **Cc:** | 'aholmes@peoplesbanking.com'; John Gordon; Michael T Zeller; Dylan Proctor; Jon Corey |
| **Subject:** | RE: Peoples bank subpoena |

Mr. Bowles,

As we discussed, Mattel agrees to provide your client, the Peoples Bank of the Osarks, with an additional 14 days to produce all documents responsive to the subpoena, without prejudice as to Mattel's right to move to compel further responses. We ask, however, that the bank send us on Monday, January 28, the responsive documents it has already collected. To facilitate the production, we can arrange for federal express to pick them up from Ms. Holmes on Monday.

Please let me know by the end of the weekend if that is acceptable. If it is, I will contact Ms. Holmes at the bank Monday morning to confirm the pick up.

Thank you for your cooperation.

Melissa Grant

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** James Bowles [mailto:jlbowles.atty@gmail.com]
**Sent:** Friday, January 25, 2008 1:42 PM
**To:** Melissa Grant
**Cc:** aholmes@peoplesbanking.com
**Subject:** Re: Peoples bank subpoena

EXHIBIT _F_ PAGE _144_

Peoples Bank will agree to a stipulation to provide its documents within a 14 day extension from Jan. 28

On 1/25/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:

---------- Forwarded message ----------
From: **James Bowles** <jlbowles.atty@gmail.com>
Date: Jan 25, 2008 3:24 PM
Subject: Peoples bank subpoena
To: melissa.grant@quinnemanuel.com
Cc: aholmes@peoplesbanking.com

Ms. Grant,
    I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
    Jim Bowles

EXHIBIT F   PAGE 145

**Exhibit G**

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Sunday, January 27, 2008 11:12 AM |
| **To:** | 'lmcfarland@kmwlaw.com'; 'Park, Amy S'; 'acote@obsklaw.com'; 'Eckles, Paul M (NYC)'; 'Nolan, Thomas J (LAC)'; 'Plevan, Kenneth A (NYC)'; 'Miller, Timothy A (SFC)'; 'mpage@kvn.com'; 'jkeker@kvn.com'; 'canderson@kvn.com'; 'moverland@obsklaw.com'; 'dscheper@obsklaw.com' |
| **Cc:** | Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; David Quinto; Christopher Price; Melissa Grant |
| **Subject:** | RE: Mattel v. Bryant |

**Tracking:**

| Recipient | Read |
|---|---|
| 'lmcfarland@kmwlaw.com' | |
| 'Park, Amy S' | |
| 'acote@obsklaw.com' | |
| 'Eckles, Paul M (NYC)' | |
| 'Nolan, Thomas J (LAC)' | |
| 'Plevan, Kenneth A (NYC)' | |
| 'Miller, Timothy A (SFC)' | |
| 'mpage@kvn.com' | |
| 'jkeker@kvn.com' | |
| 'canderson@kvn.com' | |
| 'moverland@obsklaw.com' | |
| 'dscheper@obsklaw.com' | |
| Michael T Zeller | |
| Jon Corey | Read: 1/27/2008 11:26 AM |
| John Gordon | Read: 1/27/2008 11:18 AM |
| Dylan Proctor | Read: 1/27/2008 11:16 AM |
| David Quinto | |
| Christopher Price | |
| Melissa Grant | |
| Tiffany Garcia | |
| Aaron Bloomfield | |

Dear Mr. McFarland:

We previously asked that you accept service on behalf Peter Marlow, but you refused. Since then, we have attempted nearly a dozen times to serve Mr. Marlow as an individual with a deposition subpoena and with document subpoenas as the designated agent for Veronica Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc. Mr. Marlow appears to be out of town. In light of the Phase 1 discovery cut-off and the January 7, 2008 Order, we ask again whether you will extend us the professional courtesy of accepting service on Mr. Marlow's behalf. Alternatively, we ask that you and the other defendants stipulate to additional time to complete this discovery. Specifically, the stipulation would set February 11, 2008 as the deadline to depose Mr. Marlow and as the return date for document subpoenas on Marlow's three companies, and set February 25, 2008 as the deadline to move to compel further responses.

EXHIBIT __G__ PAGE __146__

Please let us know by 9:00 a.m. Monday, January 28 if you will agree to accept service on behalf of Mr. Marlow both as an individual and as the designated agent for the Marlow's three companies, or whether you will agree to the proposed stipulation. If you will not agree, we file the requisite motion.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----

**From:** Park, Amy S [mailto:Amy.Park@skadden.com]
**Sent:** Sunday, January 27, 2008 8:57 AM
**To:** Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
**Subject:** Re: Mattel v. Bryant

That's fine. I will get you a draft stip later today.


*****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************************

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S (PAL); acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon <johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com <mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 07:29:42 2008
Subject: Re: Mattel v. Bryant

Amy,

EXHIBIT __G__ PAGE __147__

1/28/2008

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for offering to prepare the stipulation.
Melissa

------ Original Message ------
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC) <Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com <mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant

Dear Melissa,
We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into Aprill while the parties are preparing for trial.  I suggest 7 days after the responses are served.  Please let me know if you are agreeable to this.  If so, I will send you over a proposed stip.
Thank you.
Amy


Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the recent document subpoena.  We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday.  If you will not agree, we will file the requisite motion Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


*****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally

EXHIBIT __G__ PAGE __148__

privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***********************************************

_____
*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***********************************************


_____
*********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***********************************************

EXHIBIT __G__ PAGE __149__

**Exhibit H**

Case 2:04-cv-09049-DOC-RNB   Document 2314-4   Filed 02/20/08   Page 36 of 52   Page ID
#:35019
Case 2:04-cv-09049-SGL-RNB      Document 2016-6      Filed 02/08/2008      Page 28 of 79

## Melissa Grant

| | |
|---|---|
| **From:** | Michael Page [MPage@KVN.com] |
| **Sent:** | Sunday, January 27, 2008 8:44 PM |
| **To:** | Melissa Grant; John Keker; Christa Anderson |
| **Cc:** | Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor |
| **Subject:** | Re: Mattel v. Bryant |

No, we will not agree.

------ Original Message ------
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Michael Page; John Keker; Christa Anderson
Cc: Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Sun Jan 27 20:40:45 2008
Subject: RE: Mattel v. Bryant

Michael,

We note the you agreed to the stipulation extending the deadline for Wachovia to respond the second subpoena.  Will you
also agree to a similar stipulation that we proposed for Peoples Bank of the Ozarks, which has requested additional time as
well?

Please let us know if we must proceed with a motion for an order extending the return date on the Peoples Bank subpoena.

Thanks

Melissa

From: Michael Page [mailto:MPage@KVN.com]
Sent: Sunday, January 27, 2008 2:46 PM
To: Melissa Grant; Amy.Park@skadden.com; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan
Proctor; Paul.Eckles@skadden.com; Thomas.Nolan@skadden.com; Kenneth.Plevan@skadden.com;
Timothy.Miller@skadden.com; John Keker; Christa Anderson; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: Re: Mattel v. Bryant

Fine with us.

------ Original Message ------
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S <Amy.Park@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller
<michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC)
<Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; Michael Page; John Keker;
Christa Anderson; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com
<dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 14:26:47 2008
Subject: RE: Mattel v. Bryant

EXHIBIT  H  PAGE  150

Amy, there is one change we request be made: in the second Whereas paragraph, please insert "Phase 1" before "discovery cut-off" I've attached a redline so there's no confusion.

Thanks

Melissa

---

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Sunday, January 27, 2008 1:51 PM
To: Park, Amy S (PAL); Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant

Hi all,
Re-circulating the draft stip to correct an inadvertent omission in the last draft. Please let me know if this is acceptable.
Thanks.
Amy

From: Park, Amy S (PAL)
Sent: Sunday, January 27, 2008 1:28 PM
To: 'Melissa Grant'; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant

Counsel,
I am attaching the draft stip regarding the subpoenas to Wachovia. Please share your comments ASAP and let me know if we have permission to sign for you.
Thanks,
Amy

---

From: Melissa Grant [mailto:melissagrant@quinnemanuel.com]
Sent: Sunday, January 27, 2008 4:30 AM
To: Park, Amy S (PAL); acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Cc: Melissa Grant
Subject: Re: Mattel v. Bryant

Amy,

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for offering to prepare the stipulation.
Melissa

—— Original Message ——
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey:

EXHIBIT __H__   PAGE __151__

1/28/2008

(NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC) <Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com <mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant

Dear Melissa,
We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into April while the parties are preparing for trial.  I suggest 7 days after the responses are served.  Please let me know if you are agreeable to this.  If so, I will send you over a proposed stip.
Thank you.
Amy

Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the recent document subpoena.  We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday.  If you will not agree, we will file the requisite motion Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail: melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


***********************************************


This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
***********************************************

EXHIBIT __H__ PAGE __152__

*************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

---------------------------------------------------
*************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. *************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

EXHIBIT __H__   PAGE __153__

1/28/2008

**Exhibit I**

**From:**    James Bowles [jlbowles.atty@gmail.com]

**Sent:**    Saturday, January 26, 2008 9:25 AM

**To:**    Melissa Grant

**Subject:** Re: Peoples bank subpoena

I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.

On 1/25/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:
Ms. Grant,
    I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
    Jim Bowles

EXHIBIT _I_ PAGE _154_

**Exhibit J**

**From:**    James Bowles [jlbowles.atty@gmail.com]

**Sent:**    Monday, January 28, 2008 8:18 AM

**To:**      Melissa Grant

**Subject:** Re: Peoples bank subpoena

There should be no problem with you having what has been found picked up at Peoples Bank. Feel free to call Allison to coordinate @ 417-724-5043.

On 1/26/08, **Melissa Grant** <melissagrant@quinnemanuel.com> wrote:

> Ok thanks.
>
> —— Original Message ——
> From: James Bowles <jlbowles.atty@gmail.com>
> To: Melissa Grant
> Sent: Sat Jan 26 09:24:52 2008
> Subject: Re: Peoples bank subpoena
>
> I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.
>
>> On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:
>>
>>> Ms. Grant,
>>>     I am the attorney for Peoples Bank in Nixa, Mo. The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high. We would request 14 more days from Monday, Jan. 28.
>>>     Jim Bowles

EXHIBIT ___J___ PAGE 155

| | |
|---|---|
| **From:** | James Bowles [jlbowles.atty@gmail.com] |
| **Sent:** | Monday, January 28, 2008 9:47 AM |
| **To:** | Melissa Grant |
| **Cc:** | aholmes@peoplesbanking.com |
| **Subject:** | Re: Peoples bank subpoena |

In the last 30 minutes the bank received something attempting to quash the subpoena.  I have not seen it yet.  For now this is on hold & I'll get back with you. If you know anything about this, please advise.

On 1/28/08, **Melissa Grant** <melissagrant@quinnemanuel.com> wrote:

> Great. Much appreciated. I'll call Alison
> Melissa
>
>
> ----- Original Message -----
> From: James Bowles <jlbowles.atty@gmail.com>
> To: Melissa Grant
> Sent: Mon Jan 28 08:18:23 2008
> Subject: Re: Peoples bank subpoena
>
> There should be no problem with you having what has been found picked up at Peoples Bank.  Feel free to call Allison to coordinate @ 417-724-5043.
>
>
> On 1/26/08, Melissa Grant <melissagrant@quinnemanuel.com> wrote:
>
>> Ok thanks.
>>
>> ----- Original Message -----
>> From: James Bowles <jlbowles.atty@gmail.com>
>> To: Melissa Grant
>> Sent: Sat Jan 26 09:24:52 2008
>> Subject: Re: Peoples bank subpoena
>>
>>
>> I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.
>>
>>
>> On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:
>>
>>> Ms. Grant,
>>>     I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline.  the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
>>>     Jim Bowles

EXHIBIT __J__ PAGE _156_

Case 2:04-cv-09049-DOC-RNB   Document 2314-4   Filed 02/20/08   Page 45 of 52   Page ID #:35028
- Page 1 of 2
Case 2:04-cv-09049-SGL-RNB   Document 2016-6   Filed 02/08/2008   Page 37 of 79

## Aaron Bloomfield

| | |
|---|---|
| **From:** | James Bowles [jlbowles.atty@gmail.com] |
| **Sent:** | Monday, January 28, 2008 12:42 PM |
| **To:** | Melissa Grant |
| **Subject:** | Re: Peoples bank subpoena |

We now have a threatening letter from John Trinidad regarding the subpoena. He is moving to quash, accordingly, we are going to hold off until we get a court order or the parties come to an agreement.

On 1/28/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:
> In the last 30 minutes the bank received something attempting to quash the subpoena. I have not seen it yet. For now this is on hold & I'll get back with you. If you know anything about this, please advise.

> On 1/28/08, **Melissa Grant** <melissagrant@quinnemanuel.com> wrote:
>> Great. Much appreciated. I'll call Alison
>> Melissa
>>
>>
>> ----- Original Message -----
>> From: James Bowles <jlbowles.atty@gmail.com>
>> To: Melissa Grant
>> Sent: Mon Jan 28 08:18:23 2008
>> Subject: Re: Peoples bank subpoena
>>
>> There should be no problem with you having what has been found picked up at Peoples Bank. Feel free to call Allison to coordinate @ 417-724-5043.
>>
>> On 1/26/08, Melissa Grant <melissagrant@quinnemanuel.com> wrote:
>>> Ok thanks.
>>>
>>> ----- Original Message -----
>>> From: James Bowles <jlbowles.atty@gmail.com>
>>> To: Melissa Grant
>>> Sent: Sat Jan 26 09:24:52 2008
>>> Subject: Re: Peoples bank subpoena
>>>
>>>
>>> I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.
>>>
>>> On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:
>>>> Ms. Grant,
>>>>     I am the attorney for Peoples Bank in Nixa, Mo. The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high. We would request 14 more days from Monday, Jan. 28.
>>>>     Jim Bowles

EXHIBIT __J__   PAGE __157__

**Exhibit K**

## Melissa Grant

| | |
|---|---|
| **From:** | John E. Trinidad [JTrinidad@kvn.com] |
| **Sent:** | Monday, January 28, 2008 9:08 AM |
| **To:** | Melissa Grant |
| **Cc:** | tnolan@skadden.com; acote@obsklaw.com |
| **Subject:** | FW: Melissa Grant |
| **Attachments:** | SFOEC01-Exchange-01282008-090539.pdf |

Please see attached correspondence

<<SFOEC01-Exchange-01282008-090539.pdf>>

EXHIBIT __K__ PAGE __158__

01/28/2008 08:58 FAX 4153077132            KEKER & VAN NEST            ☒002/003

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOHN E. TRINIDAD
JTRINIDAD@KVN.COM

January 28, 2008

**VIA PDF, FACSIMILE & FED EX**

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:     Bryant v. Mattel, Inc. and Consolidated Cases

Dear Ms. Grant:

I am writing in regards to Mattel's Notice of Subpoena Issued to People's Bank of the Ozarks, which was sent by your office to us for the first time on Friday, January 25, 2008.  The notice appears to have been erroneously dated January 22, 2008.  We also note that the subpoena itself was signed and presumably served on January 15, 2008.

The subpoena is invalid for failing to comply with Fed. R. Civ. P. 45(b)(1) which requires notice to parties before service of a subpoena calling for the production of documents. That failure is all the more egregious given the discovery cut-off in this case.  Moreover, this subpoena is invalid because it is overbroad, seeks documents irrelevant to the lawsuit, and seeks to invade Mr. Bryant's privacy rights.

We seek to schedule a meet-and-confer on this subject immediately.  Given that the subpoena calls for production of such material by 9:00AM on January 28, 2008 and is in flagrant

410129.01

EXHIBIT __K__ PAGE _159_

01·28/2008 08:58 FAX 4153977168       KEKER & VAN NEST       ☒003/003

Melissa Grant
January 28, 2008
Page 2

violation of the notice requirements of Fed. R. Civ. P. 45, we currently intend to file a motion for a protective order and to quash should Mattel not withdraw its subpoena.

Sincerely,

*John E. Trinidad /js*

John E. Trinidad

JET

cc:     Thomas J. Nolan
        Alexander H. Cote

410129.01

EXHIBIT __K__ PAGE _160_

The attached fax was received from 4153977188 on 1/28/2008 at 8:59:19 AM

JobID: 081698

EXHIBIT ___K___ PAGE _161_

01/28/2008 08:57 FAX 4153077188          KEKER & VAN NEST                    ☑001/003

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

### January 28, 2008

| To | Telephone | Facsimile |
|---|---|---|
| Melissa Grant<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP | 213/443-3000 | 213/443-3100 |
| Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom | 213/687-5000 | 213/687-5600 |
| Alexander H. Cote<br>Overland Borenstein Scheper & Kim LLP | (213) 613-4655 | (213) 613-4656 |

| From | Telephone | Code |
|---|---|---|
| John E. Trinidad | 415/ 391-5400 | 6647/jselby |

Re    Bryant v. Mattel:  (ED) 2:04-cv-09049-SGL-RNB

### Number of Pages (Including Cover): 3

## COMMENTS

Please see attached.

Operator _____                                Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION,
## PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

393005.01

EXHIBIT __K__ PAGE __162__

**Exhibit L**