**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# FILED UNDER SEAL

# EXHIBIT 3

**EXHIBIT TO:**   **DECLARATION OF LARRY W. MCFARLAND IN SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 4**

**EXHIBIT TO:**    **DECLARATION OF LARRY W. MCFARLAND IN
SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO
SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT,
SARAH HALPERN, AND PETER MARLOW**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 | Plaintiff,

14 | vs.

15 | MATTEL, INC., a Delaware corporation,

16 |

17 | Defendant.

18 | AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)
Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

Hon. Stephen G. Larson

MATTEL, INC.'S *EX PARTE* APPLICATION TO (1) COMPEL DEPOSITIONS OF ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE SCHEDULING ORDER; AND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

[Declaration of B. Dylan Proctor filed concurrently herewith]

Hearing Date: November 16, 2007
Time: 10:00 a.m.
Place: Courtroom 1

Discovery Cut-Off: January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date: May 27, 2008

EXHIBIT __4__

PAGE __59__

07209/2296082.1

MATTEL'S *EX PARTE* APPLICATION

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will, and hereby does,

3  respectfully apply *ex parte*, pursuant to <u>Local Rule</u> 7-19 and <u>Fed. R. Civ. P.</u> 30, for

4  an order (1) compelling Elise Cloonan, Margaret Hatch-Leahy and Veronica

5  Marlow to appear for deposition on or before December 7, 2007, or (2) in the

6  alternative, modifying the Court's Scheduling Order to extend Mattel's time to take

7  follow-up discovery based on the witnesses' testimony until two months after their

8  depositions are completed.

9       This *ex parte* application is made on the grounds that these key witnesses --

10  who are affiliated with MGA and represented by MGA's counsel -- have crucial

11  knowledge about the origins of Bratz and the timing of its creation and

12  development, including during the time periods when defendant Carter Bryant was

13  working for Mattel.  These witnesses cancelled their scheduled depositions as a

14  result of the recent stay obtained by MGA.  Now they are refusing to appear for

15  deposition within a reasonable period of time, despite repeated requests from Mattel.

16  If these witnesses are not compelled to appear for deposition no later than

17  December 7, 2007 and the Court does not modify the Scheduling Order to permit

18  follow-up discovery when these witnesses finally appear, Mattel will be prejudiced

19  by not having sufficient time to complete its discovery prior to the January 28, 2008

20  discovery cut-off date.  Mattel would be irreparably prejudiced if this motion were

21  heard according to regularly noticed motion procedures because it would not be able

22  to complete discovery it is indisputably entitled to prior to the currently scheduled

23  discovery deadlines.

24       This application is based on this Application, the accompanying

25  Memorandum of Points and Authorities, the concurrently filed declaration of B.

26  Dylan Proctor, and all pleadings and papers on file with the Court in this action.

27

28

EXHIBIT  4

PAGE  60

07209/2296082.1

-1-

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 5 of 52   Page ID
#:35196
Case 2:04-cv-09049-SGL-RNB   Document 1497   Filed 11/15/2007   Page 3 of 15

1      Pursuant to <u>Local Rule</u> 7-19.1, counsel for Mattel gave notice of this

2  application to counsel for all other parties and the witnesses *via* telephone and letter

3  on November 14-15, 2007.[1]

4      Counsel for Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow is

5  Larry McFarland of Keats McFarland & Wilson LLP (telephone: 310-248-3830;

6  address: 9720 Wilshire Blvd., Beverly Hills, CA 90212).  Mr. McFarland has stated

7  that his clients will oppose this application.[2]

8      Counsel for Carter Bryant is Michael Page of Keker & Van Nest, LLP

9  (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111).

10  Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de

11  Mexico and Isaac Larian is Thomas J. Nolan of Skadden, Arps, Slate, Meagher &

12  Flom LLP (telephone: 213-687-5000; address: 300 S. Grand Ave., Los Angeles, CA

13  90071).  Counsel for Gustavo Machado Gomez is Alexander Cote of Overland

14  Borenstein Scheper & Kim, LLP (telephone: 213-613-4655; address: 300 South

15  Grand Avenue, Suite 2750, Los Angeles, CA 90071).  Each of the foregoing was

16  notified of this application.  Mr. Nolan has stated that his clients will oppose this

17  application.  Mattel does not have knowledge of the positions of Mr. Bryant and Mr.

18  Machado with respect to it.[3]

19

20  DATED:  November 15, 2007     QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

21

22                     By <u>/s/ Dylan Proctor</u>

23                       B. Dylan Proctor
                       Attorneys for Plaintiff

24                       Mattel, Inc.

25    [1]  Declaration of B. Dylan Proctor, filed concurrently herewith ("Proctor Dec."),

26  ¶¶ 2-3.
    [2]  Proctor Dec. ¶ 2.

27    [3]  Proctor Dec. ¶ 3.

28

EXHIBIT 4

PAGE 61

MATTEL'S *EX PARTE* APPLICATION

1

# TABLE OF CONTENTS

2                                                                                    **Page**

3

4   PRELIMINARY STATEMENT ................................................................. 1

5   STATEMENT OF FACTS ..................................................................... 3

6   ARGUMENT ..................................................................................... 7

7   I.      THE COURT SHOULD COMPEL THE DEPOSITIONS .............................. 7

8           A.      These Are All Crucial Witnesses .......................................... 7

9           B.      Mattel Will Be Severely Prejudiced If The Depositions Of These
                    Witnesses Do Not Promptly Go Forward ................................. 8

10  CONCLUSION ................................................................................ 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT    4

PAGE    62

07209/2296082.1

-i-

MATTEL'S *EX PARTE* APPLICATION

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 7 of 52   Page ID
#:35188
Case 2:04-cv-09049-SGL-RNB   Document 1117   Filed 11/15/2007   Page 5 of 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

While seeking a stay of this case because of MGA's substitution of counsel, MGA assured the Court that "MGA certainly did not entertain the substitution of counsel for any purpose of delay or to cause prejudice to anybody."[4]  Intended or not, that is becoming its effect.  Mattel respectfully requests the Court's assistance to avoid serious, and irreparable, prejudice from the stay obtained by MGA.

Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan are each crucial witnesses who are affiliated with Bryant and MGA and are represented by MGA's counsel.  Each of them has unique knowledge about matters that go to the heart of this case, including the origins of Bratz and its timing.  By defendants' account, Veronica Marlow introduced Bryant to MGA.  Mattel has now learned -- from discovery which MGA and Bryant had long withheld until compelled to produce it, despite its obvious relevance -- that defendants have paid Ms. Marlow millions of dollars as a supposed finder's fee for her role in the Bratz project.  Ms. Hatch-Leahy worked on the Bratz doll sculpt, including when Carter Bryant was still employed by Mattel, billing her services to MGA.  Ms. Cloonan, also a former Mattel employee, assisted Bryant in his Bratz pitch to MGA while both Bryant and Ms. Cloonan were employed by Mattel.

Regrettably, these defendant-affiliated witnesses are following defendants' now-familiar playbook to obstruct discovery, including by first delaying their depositions with promises to appear (while claiming unavailability for lengthy periods) and then canceling as the promised dates approach.  Indeed, defendants have followed this pattern with every one of their key witnesses and ultimately

---

[4]  Transcript of the October 15, 2007 Status Conference, at 12:3-5, attached as Exhibit 2 to the concurrently filed Proctor Declaration ("Proctor Dec.").

EXHIBIT ___4___

PAGE ___63___

1 refused to produce them for deposition until ordered to do so, sometimes multiple

2 times.[5]

3     Mattel has been actively seeking to schedule the depositions of Ms. Marlow,

4 Ms. Hatch-Leahy and Ms. Cloonan since early June — for almost six months.  Mattel

5 offered to take the depositions at any time in July, but their counsel — who also has

6 been MGA's counsel for years and is himself a witness in this case — claimed they

7 were unavailable until September.  When the agreed time-range approached,  they

8 failed to appear.  After still more delays, and shortly before MGA applied for a stay,

9 these witnesses proposed, and Mattel confirmed, dates in late October for Ms. Leahy

10 and early November for Ms. Marlow and Ms. Cloonan.  Once MGA obtained a stay,

11 however, the witnesses then cancelled the scheduled depositions.  When Mattel

12 asked for replacement dates, Ms. Leahy and Ms. Cloonan refused to appear until

13 mid-December -- another month from now -- and, despite her central importance,

14 Ms. Marlow refused to appear until mid-January of next year -- another two months

15 from now and only two weeks prior to the discovery cut-off.  Equally troubling,

16 each of these witnesses has refused to stipulate or bind themselves in any

17 meaningful way to actually appear even on those belated dates, despite Mattel's

18 requests.

19     Mattel should not be prejudiced as a result of the actions of MGA and its

20 affiliated witnesses.  Mattel needs to depose these key witnesses with adequate time

21 left before the fact discovery cutoff so that it can take whatever follow-up discovery

22

23     [5] This has included named defendants Carter Bryant, Isaac Larian and MGA as well as Paula Garcia, MGA's Bratz project manager from the start.  Bryant and

24 Larian would not appear until they were *twice* ordered by the Court and, in the case of Larian, until sanctions were imposed.  And, confirming that defendants continue

25 to engage in this tactic of refusing to provide even the most obvious discovery

26 unless ordered to do so, another MGA executive who is a named defendant, Gustavo

27 Machado, is currently refusing to sit for deposition despite his earlier promises, so Mattel will have to file a motion to obtain his testimony as well.

28

EXHIBIT 4
PAGE 64

-2-

MATTEL'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS

Case 2:04-cv-09049-DOC-RNB    Document 2330-4    Filed 02/22/08    Page 9 of 52    Page ID
#:35199
Case 2:04-cv-09049-SGL-RNB      Document 1197      Filed 11/15/2007      Page 7 of 15

1    is needed.  Absent relief from the Court, Mattel will be denied its right to do so.

2    The Court should order these witnesses to appear for deposition no later than

3    December 7, 2007.  In the alternative, Mattel requests that the Court modify the

4    Scheduling Order to extend Mattel's time to take any follow-up discovery based on

5    the testimony of these witnesses to two months after the last of their depositions.

6                                   **Statement of Facts**

7         <u>The Witnesses Delay for Months.</u>  Mattel first requested a deposition date for

8    Ms. Cloonan on June 1, 2007, seeking to schedule her deposition during the first

9    half of July 2007.[6]  Mattel received no response and again requested dates for her

10   deposition on June 7, 2007.[7]  That same day, Mattel also requested July deposition

11   dates for Ms. Hatch-Leahy and Ms. Marlow.[8]  The parties met and conferred on

12   June 15 and 21, 2007, and the witnesses' counsel represented that Ms. Cloonan was

13   unavailable until early September because of pregnancy and that he would provide

14   specific dates for her and the others.[9]  In a June 28, 2007 letter, counsel again

15   promised to ask his clients regarding possible deposition dates.[10]  Despite follow-up

16   by Mattel seeking to schedule the depositions, including through several messages

17   left with the witnesses' counsel,[11] counsel did not respond.  Mattel then sent a

18   follow-up letter on September 4, 2007, again asking for dates and offering to depose

19   the witnesses on <u>any</u> day in September.[12]

20

21

22

23      [6]   Proctor Dec. Exh. 3.
24      [7]   Proctor Dec. Exh. 4.
25      [8]   Proctor Dec. Exh. 4.
        [9]   Proctor Dec. Exh. 5.
26      [10]  Proctor Dec. Exh. 6.
27      [11]  Proctor Dec. Exh. 7.
28      [12]  Proctor Dec. Exh. 7.

EXHIBIT ____4____

PAGE ___65___

-3-

MATTEL'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 10 of 52   Page ID
#:35191
Case 2:04-cv-09049-SGL-RNB   Document 1117   Filed 11/15/2007   Page 8 of 15

1     The witnesses' counsel responded on September 7, again representing that he
2  would contact his clients regarding possible deposition dates.[13]  Mattel also offered
3  to schedule the depositions for <u>any</u> date prior to October 26, 2007.[14]  Counsel agreed
4  to provide Mattel with dates for all three witnesses on September 17,[15] but then
5  failed to do so.[16]  Mattel followed up on September 18 and 19[17] and reiterated that it
6  would be willing to depose each of these witnesses on <u>any</u> date prior to
7  October 26.[18]  The witnesses' counsel then stated on September 20 that he was still
8  trying to get available dates.[19]

9     Finally, on September 21, the witnesses' counsel offered an October 24, 2007
10  deposition date for Ms. Marlow and a November 14, 2007 deposition date for
11  Ms. Cloonan — more than two months later than the original early-September
12  deposition date promised.[20]  Counsel also represented that he "was continuing to
13  work with Ms. Leahy with respect to an available deposition date."[21]  Mattel
14  responded on September 21, 2007, accepting Ms. Marlow's deposition date but
15  rejecting Ms. Cloonan's proposed November 14 date as too late.[22]  Mattel also
16  informed counsel that his continued failure to provide Mattel with any dates for
17  Ms. Leahy was unacceptable, and that if he failed to provide deposition dates for

---

[13]  Proctor Dec. Exh. 8.
[14]  Proctor Dec. Exh. 9.
[15]  Proctor Dec. Exh. 9.
[16]  Proctor Dec. Exh. 10.
[17]  Proctor Dec. Exh. 10.
[18]  Proctor Dec. Exh. 10.
[19]  Proctor Dec. Exh. 11.
[20]  Proctor Dec. Exh. 12.
[21]  Proctor Dec. Exh. 12.
[22]  Proctor Dec. Exh. 13.

EXHIBIT____4____

PAGE____66____

07209/2296082.1

-4-

MATTEL'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 11 of 52   Page ID
#:25192
Case 2:04-cv-09049-SGL-RNB   Document 1447   Filed 11/15/2007   Page 9 of 15

1  Leahy and Cloonan within the previously discussed time-range (*i.e.*, prior to
2  October 26, 2007), Mattel would have no choice but to move to compel.[23]

3       The witnesses' counsel responded on September 28, 2007 — less than two
4  weeks before MGA sought a stay from the Court — and offered October 30 and
5  November 14 deposition dates for Ms. Leahy and Ms. Cloonan, respectively.[24]  He
6  also asked to move Ms. Marlow's deposition date to November 6, 2007.[25]  Though
7  all of the offered dates were months later than those initially sought and promised,
8  Mattel offered to accept these dates on the condition that deponents enter into a
9  confirming stipulation to prevent any last-minute cancellations.[26]  Counsel refused
10  to enter into this stipulation.[27]

11       <u>Counsel Cancels the Depositions Based on the Stay Orders.</u>   Shortly
12  thereafter, MGA revealed to the Court and Mattel that it was substituting counsel
13  and, on October 15, 2007, the Court approved the substitution and entered the first
14  stay until October 31, 2007 at MGA's request.[28]  On October 31, 2007, the Court
15  extended the stay until November 14, 2007.[29]  During the October 15 conference,
16  MGA's counsel assured the Court that "MGA certainly did not entertain the
17  substitution of counsel for any purpose of delay or to cause prejudice to anybody."[30]

18       The day after the October 15 Stay Order, the witnesses' counsel informed
19  Mattel that the deposition of Ms. Leahy, scheduled for October 30, 2007, would not

---

21  [23]  Proctor Dec. Exh. 13.
22  [24]  Proctor Dec. Exh. 14.
23  [25]  Id.
     [26]  Proctor Dec. Exh. 15.
24  [27]  Proctor Dec. Exh. 16.
25  [28]  Proctor Dec. Exh. 17.  Specifically, the Court stayed all proceedings and
     discovery during that time, but allowed the parties to "continue to produce paper
26  discovery" and "to serve discovery requests." Id.
27  [29]  Proctor Dec. Exh. 18.
     [30]  Proctor Dec. Exh. 2.
28

EXHIBIT___4___
PAGE___61___

-5-

Case 2:04-cv-09049-DOC-RNB    Document 2330-4    Filed 02/22/08    Page 12 of 52    Page ID
#:35193
Case 2:04-cv-09049-SGL-RNB    Document 1117    Filed 11/15/2007    Page 10 of 15

1    go forward based on that Order.[31]    That same day, Mattel asked counsel to provide

2    new deposition dates for Ms. Leahy.[32]    In response, counsel promised to "coordinate

3    with [] Ms. Leahy in order to schedule new deposition dates, and inform [Mattel]

4    thereafter."[33]    After receiving no further response, Mattel followed up and again

5    asked for deposition dates for Ms. Leahy.[34]    Counsel then informed Mattel that, in

6    light of the October 15 Stay Order, "it makes sense to wait to set [Leahy's]

7    deposition date[] until after we know whether the Court continues the stay, and if so,

8    for how long."[35]    The day after the October 31 Stay Order, the witnesses' counsel

9    wrote to say that the depositions of Veronica Marlow and Elise Cloonan, scheduled

10    for November, also would not go forward.[36]

11        Mattel informed counsel that because the discovery cut-off was less than three

12    months away, the rescheduling of these witnesses' depositions needed to be done

13    promptly.[37]    Counsel responded five days later that he would check on his clients'

14    availability.[38]    On November 9, 2007, counsel represented that he would need

15    further time to determine their availability.[39]    Finally, on November 12, 2007,

16    counsel offered December 12, 2007, December 14, 2007 and January 9, 2008 as

17    deposition dates for Ms. Leahy, Ms. Cloonan and Ms. Marlow, respectively.[40]

18        The next day, Mattel responded that these dates — the earliest of which is

19    more than a month away — are unacceptably late and would prejudice Mattel's

20

21    [31]    Proctor Dec. Exh. 19.
22    [32]    Proctor Dec. Exh. 20.
23    [33]    Proctor Dec. Exh. 21.
      [34]    Proctor Dec. Exh. 22.
24    [35]    Proctor Dec. Exh. 23.
25    [36]    Proctor Dec. Exh. 24.
      [37]    Proctor Dec. Exh. 25.
26    [38]    Proctor Dec. Exh. 26.
27    [39]    Proctor Dec. Exh. 27.
      [40]    Proctor Dec. Exh. 28.
28

EXHIBIT 4

PAGE 68

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 13 of 52   Page ID
#:35194
Case 2:04-cv-09049-SGL-RNB   Document 1117   Filed 11/15/2007   Page 11 of 15

1 ability to take follow-up discovery, particularly given counsel's refusal to stipulate
2 even to these late dates.[41]   The parties discussed the matter the day after that, on
3 November 14, 2007.  The witnesses' counsel confirmed that he would not offer any
4 earlier deposition dates, although he offered no reason why the witnesses could not
5 appear sooner.[42]   He also reiterated that he would not stipulate that the witnesses
6 would actually appear on even the offered dates.[43]

7 **Argument**

8 **I.    THE COURT SHOULD COMPEL THE DEPOSITIONS**

9 　　　**A.    These Are All Crucial Witnesses**

10 　　　It is beyond dispute that Ms. Cloonan, Ms. Leahy and Ms. Marlow possess
11 discoverable information.  Indeed, each is a key witness and has been identified by
12 MGA as "possess[ing] information relevant to the conception, creation, design and
13 development of 'Bratz.'"[44]

14 　　　More specifically, Ms. Marlow was originally employed at Mattel, where she
15 got to know Bryant, and then began to work for MGA around April 2000.[45]  Paula
16 Garcia, MGA's Bratz project manager, has testified that it was Veronica Marlow
17 who first brought Bryant to MGA's attention and that she was present at Bryant's
18 pitch meeting for Bratz with MGA,[46] which occurred when he was employed by
19 Mattel even by defendants' account.  Testimony and documents have revealed that

20
21
22

---

23 [41]   Proctor Dec. Exh. 29.
 [42]   Proctor Dec. Exhs. 1, 30.
24 [43]   Id.
 [44]   MGA's Rule 26(a) Disclosures ¶¶ 4-6, Proctor Dec. Exh. 31.
25 [45]   Deposition Transcript of Paula Garcia, dated May 24, 2007 ("Garcia Depo."),
26 at 237:8-13, Proctor Dec. Exh. 32
27 [46]   Garcia Depo, at 186:19-187:16; 242:19-243:17; 264:21-266:20; 270:22-271:1,
 Proctor Dec. Exh. 32.
28

EXHIBIT 4
PAGE 69

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 14 of 52   Page ID
#:35195
Case 2:04-cv-09049-SGL-RNB   Document 1117   Filed 11/15/2007   Page 12 of 15

1   Bryant and MGA have paid Ms. Marlow millions of dollars as a supposed "finder's

2   fee."[47]

3       Ms. Leahy was a Mattel employee until September 2000.[48]   Bryant solicited

4   Ms. Hatch-Leahy to sculpt the Bratz dolls and introduced her to MGA while he was

5   still employed by Mattel.[49]   Leahy created the first Bratz sculpt and, according to

6   Ms. Garcia, was the sole person to work on the Bratz sculptures in the key time-

7   period of 2000.[50]   She also worked on Bratz samples exhibited at the Hong Kong

8   Toy Fair in January 2001 and the New York Toy Fair in February 2001.[51]

9       Elise Cloonan was Bryant's roommate in 1999-2000 and worked with him at

10  Mattel.[52]   She also worked on the Mattel "Toon Teens" project in 1999 that Bryant

11  borrowed from to create Bratz which, among other evidence, refutes his claim to

12  have created Bratz earlier, in 1998, during a brief hiatus from Mattel.[53]   While both

13  she and Bryant were Mattel employees, Ms. Cloonan also prepared portions of the

14  written Bratz pitch materials that Bryant presented to MGA.[54]

15      **B.     Mattel Will Be Severely Prejudiced If The Depositions Of These**

16      **Witnesses Do Not Promptly Go Forward**

17      Mattel is entitled to obtain these crucial witnesses' testimony, which Mattel

18  anticipates will have material bearing on the Phase One trial, with sufficient time to

19  propound and obtain follow-up discovery.  The Phase One discovery cut-off is now

20  _____

21  [47]   Proctor Dec. Exh. 33, Deposition Tr. of Richard Irmen, dated September 28,
    2007 ("Irmen Depo."), at 270:20-271:7; Proctor Dec. Exh. 36.

22  [48]   Proctor Dec. Exh. 44.

23  [49]   Proctor Dex. Exh. 34, Deposition Tr. of Carter Bryant, Vol. I, dated ("Bryant
    Depo."), dated November 4, 2004 at 70:24-71:12.

24  [50]   Garcia Depo., at 255:1-17, 629:5-18, Proctor Dec. Exh. 32.

25  [51]   Garcia Depo., at 481:20-482:1; 489:5-11, Proctor Dec. Exh. 32

26  [52]   Proctor Dec. Exh. 35, Deposition Tr. of Anna Rhee, dated February 3, 2005
    ("Rhee Depo."), at 50:10-51:2, 78:24-79:12, 81:16-19; Irmen Depo. at 9:17-12:8.

27  [53]   Proctor Dec. Exh. 34 , Bryant Depo. at 254:17-257:15.

28  [54]   Proctor Dec. Exh. 34, Bryant Depo Tr., Vol. II, 289:22-292:25.

EXHIBIT ____4____

1    less than two-and-a-half months away.  Nevertheless, the witnesses' counsel still

2    refuses to provide Mattel with reasonable deposition dates for them -- a tactic that

3    will prejudice Mattel as a result of the stay obtained by MGA.  Mattel simply cannot

4    afford to wait until the dates offered by counsel for these depositions, particularly

5    the January 2008 date offered for Ms. Marlow.  Their refusals to provide key

6    testimony in this case threaten not only to prejudice Mattel's rights, but to

7    undermine the truth-finding function of this Court.

8         Moreover, neither the Court nor Mattel has any assurance that the witnesses

9    will even appear on the belated dates that have been offered.  To the contrary,

10   despite Mattel's requests, the witnesses' counsel has refused to stipulate that they

11   will appear.  This has the earmarks of MGA's and Bryant's all-too-familiar pattern of

12   obstructionism that has included promises to appear for deposition, only to be

13   followed by delays and last-minute cancellations and then, ultimately, by flat

14   refusals to testify until ordered.  For example:

15        •    After Bryant's counsel convinced Mattel not to file a motion to compel

16             based on their "word as attorneys" that Bryant would appear on a

17             specific date, Bryant's counsel reneged two business days before the

18             scheduled deposition and Bryant refused to appear.[55]  Then, it took two

19             Court Orders to force Bryant to attend deposition.[56]

20        •    Likewise, it took two Court Orders compelling Larian to sit for

21             deposition (the second being necessary because Larian refused to obey

22

23

24

_____

25   [55]  See Declaration of Michael T. Zeller in Support of Mattel's Motion to

26   Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated

27   February 1, 2007, ¶¶ 5-8, Exhs. 5, 6.

     [56]  See id., ¶¶ 9-13, Exhs. 7-11.

28

EXHIBIT  4

PAGE  71

1    the first Order), as well as the imposition of sanctions, before Larian

2    finally appeared.[57]

3    •    After numerous promises to produce Paula Garcia for deposition, MGA

4         unilaterally cancelled her deposition as its scheduled March 2007 date

5         approached.[58]  MGA subsequently offered a new date for her

6         deposition, but cancelled her deposition again just a few days prior to

7         that date and then refused to produce her at all.[59]  It then took two

8         Court Orders to obtain her complete testimony with respect to the

9         Bryant case.[60]  MGA also followed the same pattern of last-minute

10        cancellations with its other designated <u>Rule</u> 30(b)(6) witnesses and

11        ultimately had to be ordered to provide them as well.

12   Nor can defendants blame their prior counsel for all of this, given that they continue

13   to play out this same tactic even now.  Gustavo Machado is an MGA executive and

14   a named defendant in this case.  Despite his initial promises to appear, Mr. Machado

15   now refuses to sit for deposition.[61]  Thus, Mattel will have to file yet another motion

16   to obtain discovery that it is obviously entitled to.

17

18   _____

19   [57]    <u>See</u> Declaration of Michael T. Zeller in Support of Mattel's Reply in Support
20   of *Ex Parte* Application to Reschedule the Hearing Date on Defendants' Motion to
     Dismiss Mattel's Amended Answer and Counterclaims and Defendants' Objections
21   to Discovery Master's March 7, 2007 Order, dated May 9, 2007, ¶¶ 4-8, Exhs. 1-3.
     [58]    <u>See</u> Declaration of Michael T. Zeller in Support of Mattel's Motion to
22   Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6) and
23   for Sanctions, dated April 13, 2007, Exh. 16.
     [59]    <u>Id.</u> ¶ 36.
24   [60]    <u>See</u> Order Granting Mattel's Motion to Compel MGA to Produce Witnesses
25   for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Order Granting
     Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual
26   Capacity and as a 30(b)(6) Designee, dated August 14, 2007, Proctor Dec. Exhs. 42-
27   43.
     [61]    Proctor Dec. Exhs. 37-38.
28

EXHIBIT ___4___

PAGE ___72___

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 17 of 52   Page ID
#:35108
Case 2:04-cv-09049-SGL-RNB   Document 51-H7   Filed 11/15/2007   Page 15 of 15

1     Given these delay tactics, an order compelling the witnesses' depositions is

2 required to avoid yet more delay.  Mattel is already being prejudiced by the stay

3 sought and obtained by MGA.  To avoid further prejudice, the Court should order

4 these witnesses to appear for deposition no later than December 7, 2007.  In the

5 alternative, the Court should modify the Scheduling Order so as to extend Mattel's

6 time to take discovery based on the testimony of these witnesses to two months after

7 their depositions are completed.

**Conclusion**

9     Mattel respectfully requests that the Court grant its *ex parte* application.

11 DATED:  November 15, 2007     QUINN EMANUEL URQUHART OLIVER &
                          HEDGES, LLP

                        By /s/ Dylan Proctor
                         B. Dylan Proctor
                         Attorneys for Plaintiff
                         Mattel, Inc.

EXHIBIT 4

PAGE 13

07209/2296082.1

-11-

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 5**

**EXHIBIT TO:**     **DECLARATION OF LARRY W. MCFARLAND IN SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

Case 2:04-cv-09049-DOC-RNB    Document 2330-4    Filed 02/22/08    Page 19 of 52    Page ID
#:35200
Case 2:04-cv-09049-SGL-RNB    Document 1683    Filed 01/23/2008    Page 1 of 17

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

| | |
|---|---|
| 11 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with |
| 12     Plaintiff, | Case No. CV 04-09059 Case No. CV 05-02727 |
| 13     vs. | Hon. Stephen G. Larson |
| 14 MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S *EX PARTE* APPLICATION TO (1) COMPEL |
| 15     Defendant. | PRODUCTION OF ELECTRONIC MEDIA FROM THIRD-PARTIES |
| 16 | ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA |
| 17 AND CONSOLIDATED ACTIONS | MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE |
| 18 | SCHEDULING ORDER; AND |
| 19 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| 20 | THEREOF |
| 21 | [Declaration of Christopher Tayback, Application to File Under Seal and |
| 22 | [Proposed] Order filed concurrently herewith] |
| 23 | |
| 24 | Hearing Date: Not Applicable Time: Not Applicable |
| 25 | **Phase 1:** |
| 26 | Discovery Cut-Off: January 28, 2008 Pre-Trial Conference: May 5, 2008 |
| 27 | Trial Date: May 27, 2008 |
| 28 | |

EXHIBIT  5

PAGE  74

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 20 of 52   Page ID
#:35205
Case 2:04-cv-09049-SGL-RNB   Document 1583   Filed 01/23/2008   Page 2 of 17

1       Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply

2   *ex parte*, pursuant to <u>Local Rule</u> 7-19 and <u>Fed. R. Civ. P.</u> 45, for an order

3   (1) compelling the production of certain electronic media in the possession, custody

4   and control of key third-party witnesses Elise Cloonan, Margaret Hatch-Leahy and

5   Veronica Marlow for expert examination by January 30, 2008; or (2) in the

6   alternative, modifying the Court's Scheduling Order to extend Mattel's time to

7   produce expert reports until 30 days after production of such electronic media upon

8   resolution of this matter as a regularly noticed motion to compel.

9       Mattel makes this *ex parte* application on the grounds that these

10  witnesses -- who this Court previously has recognized as being key witnesses, who

11  are affiliated with MGA and who are represented by counsel retained by MGA --

12  have in their possession, custody and control electronic media that contains evidence

13  about the origins of Bratz and the timing of its creation and development, including

14  during the time periods when defendant Carter Bryant was working for Mattel.

15  These electronic media include a "Zip disk" labeled "Bratz" and the witnesses'

16  computer hard drives.  Recent discovery shows these electronic media contain

17  evidence which has not been produced and which counsel for these key witnesses

18  has refused to make available for Mattel's expert examination.  Efforts at reaching

19  an agreement with counsel to produce such electronic media have failed.

20      If the evidence is not produced sufficiently in advance of the date that

21  expert reports are due (February 11, 2008), Mattel will be prejudiced by its inability

22  to obtain such discovery in time to have it analyzed by a computer expert.

23  Accordingly, Mattel would be irreparably prejudiced if this application were heard

24  according to regularly noticed motion procedures because Mattel would not be able

25  to complete discovery to which it is indisputably entitled prior to the currently

26  scheduled discovery deadlines.

27      This application is based on this Application, the accompanying

28  Memorandum of Points and Authorities, the concurrently filed Declaration of

EXHIBIT 5

PAGE 75

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 21 of 52   Page ID
#:25203
Case 2:04-cv-09049-SGL-RNB   Document 1983   Filed 01/23/2008   Page 3 of 17

1  Christopher Tayback, the accompanying application to file certain exhibits to that

2  declaration under seal, the [Proposed] Order and all pleadings and papers on file

3  with the Court in this action.

4           Pursuant to <u>Local Rule</u> 7-19.1, counsel for Mattel gave notice of this

5  application to counsel for all other parties and the witnesses on January 17 and 23,

6  2008.[1]

7           Counsel for Elise Cloonan, Margaret Hatch-Leahy and Veronica

8  Marlow is Larry McFarland of Keats McFarland & Wilson LLP (telephone: 310-

9  248-3830; address: 9720 Wilshire Blvd., Beverly Hills, CA 90212).  Mr. McFarland

10  has stated that his clients will oppose this application.[2]  Counsel for Carter Bryant is

11  Michael Page of Keker & Van Nest, LLP (telephone: 415-391-5400; address: 710

12  Sansome Street, San Francisco, CA 94111). Counsel for MGA Entertainment, Inc.,

13  MGA Entertainment (HK) Ltd., MGAE de Mexico and Isaac Larian is Thomas J.

14  Nolan of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000;

15  address: 300 S. Grand Ave., Los Angeles, CA 90071).  Counsel for Gustavo

16  Machado Gomez is Alexander Cote of Overland Borenstein Scheper & Kim, LLP

17  (telephone: 213-613-4655; address: 300 South Grand Avenue, Suite 2750,

18  Los Angeles, CA 90071).  Counsel for MGA, Bryant and Machado have not

19  informed counsel for Mattel whether they intend to oppose this application.[3]

20

21  DATED:  January 23, 2008      QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP

22

23                      By /s/ B. Dylan Proctor

24                         B. Dylan Proctor
                         Attorneys for Mattel, Inc.

25  ——————————————————
   [1]  Declaration of Christopher Tayback, filed concurrently herewith ("Tayback

26  Dec."), ¶¶ 2-3.
   [2]  Tayback Dec. ¶ 2.

27   [3]  Tayback Dec. ¶ 3.

28

EXHIBIT 5

PAGE 76

1

# TABLE OF CONTENTS

2                                                                                      <u>Page</u>

3

4  PRELIMINARY STATEMENT ............................................................................. 1

5  STATEMENT OF FACTS ................................................................................... 4

6  ARGUMENT ....................................................................................................... 8

7  I.    MATTEL IS ENTITLED TO WITNESS' HARD DRIVES AND THE
       ZIP DISK LABELED "BRATZ" ................................................................... 8

8  II.   NO PRIVACY INTEREST EXISTS TO PREVENT PRODUCTION
9        OF RELEVANT DOCUMENTS ................................................................... 9

10 III.  MATTEL WILL BE SEVERELY PREJUDICED IF DEPRIVED OF
       THE OPPORTUNITY TO HAVE THESE ELECTRONIC MEDIA
11     EXAMINED BY A FORENSIC COMPUTER EXPERT ............................ 11

12 CONCLUSION .................................................................................................... 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 5

PAGE 77

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 23 of 52   Page ID
#:35204
Case 2:04-cv-09049-SGL-RNB   Document 1583   Filed 01/23/2008   Page 5 of 17

# TABLE OF AUTHORITIES

**Page**

## Cases

*Gohler v. Wood,*
    162 F.R.D. 691 (D. Ut. 1995) ................................................................ 11

*Humphreys v. Regents of Univ. of Cal.,*
    2006 WL. 335275 (N.D. Cal. 2006) ......................................................... 9

*Keith H. v. Long Beach Unified School District,*
    228 F.R.D. 652 (C.D. Cal. 2005) ........................................................... 10

*Kucala Enterprises, Ltd. v. Auto Wax Co., Inc.,*
    2003 WL. 21230605 (N.D. Ill. 2003) ....................................................... 9

*Oakes v. Halvorsen Marine Ltd.,*
    179 F.R.D. 281 (C.D. Cal. 1998) ........................................................... 10

*Playboy Enterprises, Inc. v. Welles,*
    60 F. Supp. 2d 1050 (S.D. Cal. 1999) ...................................................... 8

*Reyes v. Red Gold, Inc.,*
    2006 WL. 2729412 (S.D. Tex. 2006) ...................................................... 10

*Simon Property Group L.P. v. mySimon, Inc.,*
    194 F.R.D. 639 (S.D. Ind. 2000) .......................................................... 8, 9

*Superior Consultant Co. v. Bailey,*
    2000 WL. 1279161 (E.D. Mich. 2000) ...................................................... 9

## Statutes

Fed. R. Civ. P. 34 .................................................................................. 8

Fed. R. Civ. P. 45 .................................................................................. 8

Federal Rule of Evidence 501 ..................................................................... 9

Local Rule 7-19 ................................................................................. 1, 2

EXHIBIT  5

PAGE  78

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 24 of 52   Page ID
#:35298
Case 2:04-cv-09049-SGL-RNB   Document 1983   Filed 01/23/2008   Page 6 of 17

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan first refused to appear for deposition; only after Mattel brought a motion to compel did they agree to appear. Now they refuse to turn over electronic evidence of the creation and development of Bratz, including a Zip disk clearly labeled "Bratz." Mattel again seeks an order to compel.

Ms. Marlow, Ms. Hatch-Leahy and Ms. Cloonan are each crucial witnesses who are affiliated with Bryant and MGA, who worked with Bryant to create and develop Bratz, and who are represented by counsel retained by MGA. As this Court has already recognized, each of them has unique knowledge that goes to the heart of this case, including the origins and design of Bratz:

- Veronica Marlow allegedly introduced Carter Bryant and MGA to one another and worked on Bratz fashions from the beginning through at least 2005. Bryant has paid her millions of dollars as an ostensible "finder's fee" to bring him and MGA together, and for its part MGA paid Marlow a substantial amount of money in connection with Bratz. At her deposition on December 28, 2007, Marlow testified that at least three more Mattel employees -- Maria Salazar, Ana Isabela Cabrera and Beatriz Morales -- worked on Bratz while they were employed by Mattel, and did so for years. Neither Bryant nor MGA had revealed this, despite prior Mattel discovery requests directed to that very issue. To the contrary, they both gave responses that were clearly misleading as to the three Mattel employees in question.

- Elise Cloonan was Bryant's roommate while both worked at Mattel in 1999 and 2000. Cloonan testified she searched for documents related to this case, located a Zip disk with the word "Bratz" written on it. She gave it to her lawyer -- who also represents MGA -- *in 2005.*

EXHIBIT 5

PAGE 79

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 25 of 52   Page ID
#:35206
Case 2:04-cv-09049-SGL-RNB   Document 1583   Filed 01/23/2008   Page 7 of 17

1    Cloonan did not create the Zip disk and does not know what is on it.

2    Bryant testified that Cloonan's home computer was used to create the

3    Bratz materials Bryant used to pitch Bratz to MGA in September 2000,

4    while he was employed by Mattel.  Cloonan testified that she had

5    located the hard drive for that computer.

6    •    Margaret Hatch-Leahy sculpted Bratz.  She also was a Mattel

7    employee until September 5, 2000.  Leahy too has at least one

8    computer hard drive that is likely to contain documents, including a

9    digital Bratz sculpture file, that has not been produced in this case.

10   Counsel for these witnesses flatly refuses to produce plainly relevant

11   electronic data.  He refuses to: (1) produce for Mattel's inspection the plainly

12   relevant "Bratz" Zip disk; (2) produce or even search for graphical files on the

13   "Bratz" Zip disk or on any of the witnesses' hard drives; (3) allow any inspection of

14   or conduct any search of Marlow's hard drives; or (4) allow any inspection of

15   Cloonan's hard drive that would shed light on whether, as Bryant testified, it was

16   used to create his alleged "Bratz" pitch.

17   To the extent that he has articulated any basis at all, counsel for these

18   witnesses justifies his stonewalling because the computer data in the possession of

19   Ms. Cloonan and Ms. Hatch-Leahy was given to a third-party expert who has run

20   only certain "key word" searches on their contents.  In September 2007 -- prior to

21   the depositions of these witnesses -- to accommodate the stated concerns of these

22   parties' lawyer, Mattel agreed that *initial* searches of those computer hard drives

23   could be done by keyword searches and thereafter responsive documents produced.

24   The protocol, however (which never applied to Ms. Marlow's computer hard drive),

25   *specifically allowed* Mattel to seek the order it seeks here:  to obtain original data

26   and drives for analysis.  The witnesses' testimony revealed that such key word

27   searches fail to identify relevant responsive evidence.  For example, key word

28   searches do not capture "graphical" files, which are likely contained on each media.

EXHIBIT   5
PAGE   80

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 26 of 52   Page ID
#:35293
Case 2:04-cv-09049-SGL-RNB   Document 1583   Filed 01/23/2008   Page 8 of 17

1   Similarly, the key word search terms themselves do not take into account the new

2   names of Bryant's co-conspirators, only discovered by Mattel on December 28,

3   2007, including Pedro Salazar, Maria Salazar, Ana Isabela Cabrera, and Beatriz

4   Morales.  Further, the keyword searches do not capture the evidence that arises from

5   the *absence* of documents on the computer hard drives, specifically the absence of

6   documents that these same witnesses testified at deposition should have been

7   located on their respective hard drives but which were not, for some reason,

8   produced.  Only a forensic computer examination can determine whether these

9   witnesses were testifying truthfully or not, whether such documents were present

10   and were deleted, and if so, when.

11          Even more troubling, Mattel recently learned that, among the electronic

12   media being held by the independent expert, Ms. Cloonan had given her counsel *in*

13   *2005* a "Zip disk" labeled "Bratz."  Ms. Cloonan -- Bryant's roommate during the

14   relevant time period -- testified that the disk was not hers and she has no knowledge

15   of its contents.  In plain violation of his obligations, however, counsel for the

16   witnesses did not even produce a copy of the "Bratz" label or otherwise reveal that it

17   was so labeled.  Instead, over two years later, he turned it over to an independent

18   expert without any mention to Mattel or the expert of this highly salient fact.  As far

19   as Mattel can tell, counsel's sole basis for refusing to turn over graphical files or

20   allow Mattel's experts to image or inspect the disk is that it supposedly would

21   violate Ms. Cloonan's privacy rights.  That argument is frivolous.  Given that she

22   testified she did not create the disk and has no knowledge of it, Ms. Cloonan can

23   have no privacy interest in it whatsoever.  Furthermore, federal law is well settled

24   that privacy is not a legitimate ground for refusal to produce relevant discovery,

25   especially where, as here, there is a protective order in place ensuring its

26   confidentiality.

27          Mattel should not be prejudiced as a result of the actions of MGA and

28   its affiliated witnesses.  Mattel needs to receive relevant, responsive electronic data

EXHIBIT   5
PAGE   81

1   from these key witnesses with adequate time to allow a forensic computer expert to

2   examine them and prepare a report.  Absent prompt relief from the Court, Mattel

3   will be denied its right to do so.  The Court should order these witnesses to produce

4   images of their hard drives and the Zip disk labeled "Bratz" no later than January 30,

5   2008.  In the alternative, if this matter must proceed on regular notice, Mattel

6   requests that the Court modify the Scheduling Order to extend Mattel's time to

7   conduct expert examination of such items and produce a report from its expert

8   regarding that analysis to 30 days after the receipt of such items.

9

10                          **Statement of Facts**

11          <u>Marlow.</u>  Veronica Marlow met Carter Bryant in or about 1996 while

12   they both worked at Mattel.[4]  She later left Mattel to became a freelance designer

13   and began performing freelance work for MGA in or about April of May of 2000.[5]

14   Both Ms. Marlow and Paula Garcia, MGA's Bratz project manager, have testified

15   that it was Veronica Marlow who first brought Bryant to MGA's attention and that

16   Ms. Marlow was present at Bryant's pitch meeting for Bratz with MGA,[6] which

17   even by defendants' account occurred when he was employed by Mattel.  Testimony

18   and documents have revealed that Bryant and MGA have paid Ms. Marlow millions

19   of dollars as a supposed "finder's fee."[7]

20

21

22

23       [4]   Deposition Tr. of Veronica Marlow, dated December 28, 2007 ("Marlow
     Depo."), at 18:1-10. [Tayback Dec. Exh 1]

24       [5]   <u>Id.</u> at 37:14-18.

25       [6]   <u>Id.</u> at 115:10-122:3; Deposition Tr. of Paula Garcia, Vol. 1 ("Garcia Depo."),
     dated May 24, 2007, at 186:19-187:16; 242:19-243:17; 264:21-266:20; 270:22-

26   271:1. [Tayback Dec. Exh. 2]

27       [7]   Deposition Tr. of Richard Irmen, dated September 28, 2007 ("Irmen Depo."),
     at 270:20-271:7 [Tayback Dec. Exh 3].

28                                                        EXHIBIT   5

                                                         PAGE   82

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 28 of 52   Page ID
                                    #:35208
Case 2:04-cv-09049-SGL-RNB     Document 1583     Filed 01/23/2008     Page 10 of 17

1        <u>Leahy</u>. Margaret Hatch-Leahy was a Mattel employee until September

2  2000.[8]  Bryant solicited Ms. Hatch-Leahy to sculpt the Bratz dolls and introduced

3  her to MGA while he was still employed by Mattel.[9]  Leahy created the first Bratz

4  sculpt and, according to Ms. Garcia, was the sole person to work on the first Bratz

5  sculptures in the key time-period of 2000.[10]  She also worked on the first Bratz

6  samples exhibited at the Hong Kong Toy Fair in January 2001 and the New York

7  Toy Fair in February 2001.[11]  In addition, Ms. Leahy admitted for the first time at

8  her deposition last month that she worked for Mattel competitors while working for

9  Mattel in knowing violation of her employment agreements.[12]

10       <u>Cloonan</u>. Elise Cloonan was Bryant's roommate in 1999-2000 and

11  worked with him at Mattel.[13]  She also worked on the Mattel "Toon Teens" project

12  in 1999 that Bryant borrowed from to create Bratz.[14]  Bryant testified that Ms.

13  Cloonan prepared portions of the written Bratz pitch materials that Bryant presented

14  to MGA while both she and Bryant were Mattel employees.[15]

15       <u>Document Subpoenas to Each of the Witnesses.</u> Mattel served

16  subpoenas for deposition and documents on each of these witnesses in April 2005--

17  nearly three years ago. After literally years of delay--including motions to compel--

18

19

---

20  [8]  Tayback Dec. Exh. 5 [Leahy's Application for Employment]

21  [9]  Deposition Tr. of Carter Bryant, Vol. I, dated ("Bryant Depo."), dated
November 4, 2004 at 70:24-71:13. [Tayback Dec. Exh. 6]

22  [10]  Garcia Depo., at 255:1-17; 629:5-18.

23  [11]  <u>Id</u>. at 481:20-482:1; 489:5-11.

    [12]  Deposition Tr. of Margaret Hatch-Leahy ("Hatch-Leahy Depo."), dated

24  December 12, 2007, at 180:1-181:18. [Tayback Dec. Exh. 7]

25  [13]  Deposition Tr. of Anna Rhee, dated February 3, 2005 ("Rhee Depo."), at
50:10-51:2, 78:24-79:12, 81:16-19 [Tayback Dec. Exh. 8]; Irmen Depo. at 9:17-

26  12:8.

27  [14]  Bryant Depo. at 254:17-257:15.

    [15]  Bryant Depo, Vol. II, 289:22-292:25.  [Tayback Dec. Exh. 6]

28

EXHIBIT 5

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 29 of 52   Page ID
#:35210#
Case 2:04-cv-09049-SGL-RNB   Document 1303   Filed 01/23/2008   Page 11 of 17

1   these witnesses produced electronic documents to Mattel in the late 2007, shortly

2   before their depositions, which were finally taken in December 2007.[16]

3            The Document "Protocol" For Searching and Producing Responsive

4   Electronic Documents.  Part of the delay was Mattel's effort to address in good faith

5   the objection of the witness' counsel to Mattel examining these computers in their

6   entirety.  In the Fall of 2007, the parties agreed on a protocol for an independent

7   expert to run certain "key word" search terms on the computer data in the possession

8   of Ms. Cloonan and Ms. Hatch-Leahy, produce identified documents to the witness'

9   counsel, who would in turn review them for privilege and produce non-privileged,

10   identified documents.[17]  To the extent that counsel produced documents, they were

11   largely produced shortly before the witnesses' depositions.  No documents were

12   withheld as privileged, yet no graphical computer files and no documents relating to

13   the work done by the newly identified co-conspirators were produced.  Notably, the

14   protocol to which the parties agreed specifically stated that it did not "foreclose

15   Mattel from seeking production and inspection of any matter, including without

16   limitation the original date, drives or documents."[18]

17            The Witnesses' Depositions and Other Recent Discovery.  On

18   December 28, 2007, in the deposition of Veronica Marlow, Mattel learned the

19

20   [16]   Tayback Dec. Exhs.10-12 [subpoenas to Marlow, Hatch-Leahy and Cloonan
21   ]; Tayback Dec. Exh. 13 [correspondence reflecting production dated December 17,
     2007].
22   [17]   Tayback Dec. Exh. 14 [September 13-27, 2007 letter agreement between
23   Susan Wines and Larry McFarland re computers belonging to Ms. Cloonan] and
     Exh. 15 [October 4, 2007 letter from Larry McFarland to Michael Zeller re
24   extension of September protocol to computers belonging to Margaret Hatch-Leahy].
25            This protocol was never applied to Ms. Marlow's computer.  Thus, Ms.
     Marlow's computer has never been "key word" searched and presently is, to Mattel's
26   knowledge, in Ms. Marlow's physical possession rather than in the possession of an
     independent expert.
27   [18]   Tayback Dec., Exh. 14.

28                                                    EXHIBIT   5
                                                       PAGE   84

20147/2362326.1

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 30 of 52   Page ID
#:35233
Case 2:04-cv-09049-SGL-RNB   Document 1583   Filed 01/23/2008   Page 12 of 17

1  identity of several additional co-conspirators of Bryant in his development of Bratz.

2  These included Pedro Salazar, Maria Salazar, Ana Isabela Cabrera, and Beatriz

3  Morales.[19]  Although Mattel had propounded discovery to MGA and Bryant aimed

4  at precisely this issue, they had not identified these people as assisting in the

5  creation of Bratz.[20]  Obviously, the identity of these participants--discovered well

6  after the "key word" searches of the computer data at issue--were not searched for.

7          Ms. Cloonan testified at deposition on December 14, 2007, and

8  admitted then that she could have used the computer she had when she lived with

9  Carter Bryant to prepare graphics for Bryant.[21]  She also testified that Bryant

10 himself used her computer[22] -- the same computer that she ultimately gave to her

11 lawyers and which is now with the independent expert, but which has never been

12 searched for responsive graphical files.[23]  Further, she identified a "Zip disk" in her

13 possession which is labeled "Bratz," and which she claims to have no knowledge of

14 what it contains.[24]  Notably, although Ms. Cloonan testified that she gave this disk

15 to her attorney in 2005, in response to Mattel's subpoena for documents, it was not

16 until her deposition in December 2007--over two years later--that Mattel learned

17 that the disk is itself labeled "Bratz."[25]

18          Efforts To Reach Agreement on a Revised Protocol.  Given the clear

19 deficiencies of these witnesses' production of relevant documents from these

20 electronic media, Mattel sought to meet and confer with their counsel about

21 ─────────────────────
   [19]   Marlow Depo. at 286:1-290:13, 302:5-303:8, and 306:14-308:1.
22 [20]   Tayback Dec. Exh. 16 [Mattel's Interrogatory No. 5 to MGA and Responses
23 and Supplemental Responses of MGA thereto] and Exh. 17 [Mattel's Interrogatory
   No. 4 to Bryant and Responses and Supplemental Responses of Bryant thereto].
24 [21]   Deposition Tr. of Elise Cloonan ("Cloonan Depo.") dated December 14, 2007
25 at 128:2-12.  [Tayback Dec. Exh. 9]
   [22]   Id. at 129:11-12.
26 [23]   Id. at 128:16-129:3.
27 [24]   Id. at 246:24-249:9.

28

EXHIBIT   5

PAGE   95

20147/2362326.1

Case 2:04-cv-09049-DOC-RNB    Document 2330-4    Filed 02/22/08    Page 31 of 52    Page ID
#:35212
Case 2:04-cv-09049-SGL-RNB    Document 1563    Filed 01/23/2008    Page 13 of 17

1    alternative ways to ensure that relevant evidence was made available to Mattel.

2    Counsel for the witnesses' rejected all alternatives proposed by Mattel.[26]

3                                                  **Argument**

4    **I.    MATTEL IS ENTITLED TO WITNESS' HARD DRIVES AND THE**

5          **ZIP DISK LABELED "BRATZ"**

6                Ms. Cloonan, Ms. Hatch-Leahy and Ms. Marlow are key witnesses.

7    MGA identified each as "possess[ing] information relevant to the conception,

8    creation, design and development of 'Bratz.'"[27]  Each has computer data, or a Zip

9    disk, that contains evidence relevant to the origin, creation and development of

10   Bratz.  Just as important, however, is what evidence is *no longer* on those drives.

11               The 2006 Committee Notes to Federal Rule of Civil Procedure 45,

12   recognize that "electronically stored information, as defined in Rule 34(a), can also

13   be sought by subpoena."  Indeed, under Federal Rule of Civil Procedure 34(a), the

14   term "documents" includes documents stored in electronic form.  See Playboy

15   Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); Fed. R. Civ.

16   P. 34, adv. comm. note.  Mattel's subpoenas to Marlow, Hatch-Leahy and Cloonan

17   also defined "documents" to include electronic data and documents.[28]  Even if the

18   relevant materials on their computers have been deleted, the hard drives must be

19   produced because *deleted records* are discoverable.  See Simon Property Group L.P.

20   v. mySimon, Inc., 194 F.R.D. 639, 640-41 (S.D. Ind. 2000) (holding that plaintiff

21   was entitled to attempt to recover deleted computer files from computers used by

22   employees of the defendant to develop evidence supporting its claims); Playboy

23   Enterprises, 60 F. Supp. 2d at 1054-55 (ordering a computer expert to make a mirror

24   _____

25   [25]    Cloonan Depo at 263:6-15.
     [26]    Tayback Dec. ¶ 21, Exh. 19 [email to Larry McFarland dated January 9,
26   2007].
     [27]    MGA's Rule 26(a) Disclosures ¶¶ 4-6.  [Tayback Dec. Exh. 20]
27   [28]    Tayback Dec. Exhs. 10, 11, 12.
28                                                              EXHIBIT    5

                                                              PAGE    86

Case 2:04-cv-09049-DOC-RNB   Document 2330-4   Filed 02/22/08   Page 32 of 52   Page ID
#:35213
Case 2:04-cv-09049-SGL-RNB   Document 1583   Filed 01/23/2008   Page 14 of 17

1   image of defendant's hard drive to search for emails deleted by defendant); <u>Kucala</u>

2   <u>Enterprises, Ltd. v. Auto Wax Co., Inc.</u>, 2003 WL 21230605, at *4, fn. 5 (N.D. Ill.

3   2003) ("Emails and other electronic documents are discoverable, as are deleted

4   documents still located in a computer's hard drive.").  Mattel is entitled to inspect

5   these hard drives to determine whether the computers contain additional responsive

6   documents, as the evidence suggests they do.  The fact that these computers are the

7   witnesses' personal computers does not make them immune from production.

8   Courts routinely permit inspection of home computers.  <u>See</u> <u>Simon Property Group</u>

9   <u>L.P.</u>, 194 F.R.D. at 640-41 (holding that plaintiff in trademark case was entitled to

10   attempt to recover deleted computer files from computers used by employees of the

11   defendant - whether such computers were at home or at work - to develop evidence

12   supporting its claims); <u>Superior Consultant Co. v. Bailey</u>, 2000 WL 1279161, at *13

13   (E.D. Mich. 2000) (ordering defendants to "create and produce to defense counsel a

14   backup file of defendant Bailey's laptop computer, and a backup file of any personal

15   computer hard-drive to which defendant Bailey has had access at any time.").  Such

16   an inspection is particularly appropriate where, as here, the computers were used for

17   business as well as personal purposes.  Indeed, with respect the Zip disk labeled

18   "Bratz", there is no argument whatsoever that it should not be produced to Mattel--

19   Cloonan testified at deposition that it is likely not even hers and she claimed to have

20   no knowledge of what is even on it.

21   **II.   <u>NO PRIVACY INTEREST EXISTS TO PREVENT PRODUCTION OF</u>**

22   **<u>RELEVANT DOCUMENTS</u>**

23          To the extent counsel for these witnesses claims that a review of their

24   hard drives and Zip disk would invade their privacy rights, such an objection is

25   misplaced.  In general, federal law does not recognize a right to privacy that entitles

26   a party to withhold documents.  <u>See</u> <u>Humphreys v. Regents of Univ. of Cal.</u>, 2006

27   WL 335275, *1 (N.D. Cal. 2006) (under <u>Federal Rule of Evidence</u> 501, "federal law

28   determines the evidentiary privileges that apply," and "there is no federal analog to

EXHIBIT   5

PAGE   87

1    documents--have been safely designated by these witnesses already).[29]  Such a

2    designation obviates any privacy concerns.  See, e.g., Gohler v. Wood, 162 F.R.D.

3    691, 697 (D. Ut. 1995) ("Because the protective order limits disclosure of

4    confidential material to those who are necessarily involved in the case, and these

5    parties may use this information only for purposes of litigating this case, excluding

6    any business purpose, the court concludes Deloitte's confidentiality concerns have

7    been addressed adequately.").

8    **III.    MATTEL WILL BE SEVERELY PREJUDICED IF DEPRIVED OF**

9    **THE OPPORTUNITY TO HAVE THESE ELECTRONIC MEDIA**

10   **EXAMINED BY A FORENSIC COMPUTER EXPERT**

11          The current deadline for the disclosure of expert reports is February 11,

12   2008.  To have any consultant meaningfully review and analyze the computer hard

13   drives and the Zip disk and to produce a timely report, the witnesses' media must be

14   provided to Mattel immediately.  Just as important, however, is the sheer fact that

15   Mattel is entitled to relevant, responsive evidence about the creation, origin and

16   development of Bratz.  These witnesses are clearly, and improperly, withholding

17   such evidence.

18          Given this delay in producing these items to begin with -- nearly three

19   years from the issuance of the subpoena -- an order compelling the production of the

20   requested electronic data is warranted.  In the alternative, the Court should modify

21   the Scheduling Order to extend Mattel's time to conduct a forensic computer review

22   of the requested items and prepare a proper expert report regarding such analysis--an

23   amount of time likely to be 30 days from the date of Mattel's receipt of the items.

24

25   _____

26   [29]   Tayback Dec. Exh. 18 [October 26, 2007 letter from counsel for Ms. Cloonan
     stating that he was producing certain non-privileged, personal, non-responsive

27   documents that had been identified by the "key word" search, but acknowledging
     that such documents were protected by the existing protective order].

28

EXHIBIT    5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Conclusion**

Mattel respectfully requests that the Court grant its *ex parte* application.

DATED:  January 23, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ B. Dylan Proctor
    B. Dylan Proctor
    Attorneys for Mattel, Inc.

20147/2362326.1

EXHIBIT   5

PAGE   90

-12-

MATTEL'S *EX PARTE* APPLICATION

**Carter Bryant v. Mattel Inc.**

Case No.: CV 04 – 09049 SGL (RNBx)

Consolidated with Case Nos.

CV 04-9059 and CV 05-2727

Hon. Stephen G. Larson

# **EXHIBIT 6**

**EXHIBIT TO:**   **DECLARATION OF LARRY W. MCFARLAND IN SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
  | johnquinn@quinnemanuel.com
  | James J. Webster (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California  90017-2543
  | Telephone:  (213) 443-3000
7 | Facsimile:  (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14 Plaintiff, | Consolidated with |
| | Case No. CV 04-09059 |
| 15 vs. | Case No. CV 05-02727 |
| 16 MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 17 | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| Defendant. | |
| 18 | |
| 19 AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS BY VERONICA MARLOW; AND |
| 20 | |
| 21 | |
| 22 | |
| 23 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 24 | |
| 25 | Date:   TBA |
| | Time:   TBA |
| | Place:  Telephonic |
| 26 | |
| 27 | **Phase 1** |
| | Discovery Cut-off:        January 28, 2008 |
| | Pre-trial Conference:     April 21, 2008 |
| 28 | Trial Date:               May 27, 2008 |

EXHIBIT ___6___

MATTEL'S MOTION TO COMPEL MARLOW DEPOSITION

1  TO  THIRD-PARTY  VERONICA  MARLOW,  ALL  PARTIES  AND  THEIR

2  ATTORNEYS OF RECORD:

3        PLEASE  TAKE  NOTICE  that,  at  a  telephonic  conference  before

4  Discovery Master Hon. Edward Infante (Ret.) which will occur on a date and time to

5  be set by Judge Infante, Mattel, Inc. will, and hereby does, move the Court, pursuant

6  to <u>Federal Rules of Civil Procedure</u> 30(b)(6), 30(d), 34, and 37, to compel Veronica

7  Marlow  to  appear  for  further  deposition  testimony,  and  to  produce  documents  in

8  unredacted form.

9        This Motion is made on the grounds that Mattel is entitled to additional

10  deposition  time  with  Ms.  Marlow  because  there  are  major  relevant  subjects

11  remaining  on  which  Mattel  needs  to  examine  her.   Those  subjects  include  new

12  information regarding wrongful conduct by Marlow which had previously been

13  concealed from Mattel, as well as subjects that Mattel had insufficient time to cover

14  in the 7 hours and 34 minutes of examination conducted thus far as a result of its

15  investigation into that new information.  In addition, Ms. Marlow tactically withheld

16  documents  relevant  to  her  deposition  until  the  very  day  of  her  deposition  and

17  therefore thwarted Mattel's ability to question Ms. Marlow about them.

18        In addition, Ms. Marlow has produced documents in redacted form, and

19  then, after agreeing to produce all documents in unredacted form, failed to do so for

20  certain critical documents.

21        This Motion  is based on this Notice of Motion and Motion, the

22  accompanying Memorandum of Points and Authorities, the Declaration of James J.

23  Webster filed concurrently herewith, the records and files of this Court, and all other

24  matters of which the Court may take judicial notice.

25

26

27

28

EXHIBIT___6___

PAGE___92___

7209/2369078.1

-i-

1

## <u>Statement of Rule 37-1 Compliance</u>

2      The parties met and conferred regarding this motion on January 4,

3   2008, and times thereafter.

4

5   DATED: January 28, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
6

7                                    By /s/ James J. Webster
8                                       James J. Webster
                                        Attorneys for Plaintiff
9                                       Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7209/2369078.1

EXHIBIT    6
PAGE    93

-ii-

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................. 2

    A.    Mattel's Efforts to Depose Marlow ........................................................ 2

    B.    Marlow Is A Key Witness ....................................................................... 3

    C.    Marlow Testified That Additional Mattel Employees Worked On The Bratz Product Line. ....................................................................... 4

    D.    Marlow Produced Key Documents On The Day Of The Deposition. ............................................................................................. 5

    E.    Mattel Has Yet To Obtain Access To Marlow's Computers And Hard Drives. ......................................................................................... 6

    F.    The Parties Have Met and Conferred .................................................... 7

ARGUMENT ...................................................................................................... 7

I.    THE DISCOVERY MASTER SHOULD ORDER MARLOW TO PROVIDE ADDITIONAL DEPOSITION TESTIMONY .............................. 7

    A.    Marlow Is A Key Witness In The Bryant Case. ................................... 8

    B.    Marlow Is A Key Witness On MGA's Counterclaims ......................... 10

    C.    Marlow Withheld Relevant Documents Without Justification ............. 11

II.    MARLOW SHOULD BE ORDERED TO PRODUCE UNREDACTED DOCUMENTS AS PROMISED ......................................... 11

CONCLUSION ................................................................................................... 13

EXHIBIT __6__

PAGE __94__

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Veronica Marlow is a key witness, as was recognized by Judge Larson on Mattel's *ex parte* application to set a date for her deposition. Marlow introduced Bryant to MGA, was present at his first pitch to MGA, and has since received millions of dollars from MGA as a finder's fee. Marlow is one of the few people to whom Mr. Bryant claims he showed his Bratz works prior to presenting them to MGA. Marlow was also involved with the development of Bratz from its inception through at least 2005.

On December 28, 2007, Mattel conducted 7 hours and 34 minutes of examination of Veronica Marlow. In that time, Marlow made a stunning revelation. Until then, MGA and Bryant had disclosed Bryant as the only Mattel employee who secretly worked on Bratz and received payments from MGA while employed by Mattel. Marlow revealed at her deposition that three more Mattel employees had secretly worked on Bratz -- and that they did so for five years. Not only had defendants failed to disclose these obviously relevant facts, but payments to these Mattel employees were made under false names to conceal them.

Further, as other MGA and MGA-affiliated witnesses have routinely done, Marlow withheld documents until the day of the deposition, despite the fact that she was served with the subpoena requiring production in 2005. At the deposition itself she produced, among other documents, a low quality copy of a never before disclosed contract between Marlow and MGA. MGA and Marlow had no legitimate basis for withholding the documents at all, let alone until the last minute so that Mattel had no time to review them.

Marlow also produced documents with redactions, some of which relate to the work Mattel employees did on the Bratz dolls. Despite an agreement to provide all redacted documents in unredacted form, Ms. Marlow has never produced

EXHIBIT 6
PAGE 15

1  unredacted versions of these documents.  Mattel is entitled to an order requiring Ms.

2  Marlow to produce these documents unredacted, as well as a legible copy of the

3  contract, and for additional time to meaningfully question her on these documents.

4

5  <u>**Statement of Facts**</u>

6

7  **A.    <u>Mattel's Efforts to Depose Marlow</u>**

8        Mattel first sought deposition dates from Marlow's counsel on June 7,

9  2007.[1]  After months of delays, counsel finally agreed to a date of October 24,

10  2007.[2]  Before the deposition could be held, however, the Court granted a stay to

11  accommodate MGA's new counsel.[3]  Marlow, who is also represented by MGA's

12  counsel, cancelled the scheduled deposition based on the stays obtained by MGA.[4]

13        The stay expired on November 14, 2007.[5]  Mattel then sought a new

14  date for the deposition, but the earliest date counsel would provide was January 9,

15  2008, less than three weeks before the expiration of Phase 1 discovery.  Mattel

16  moved *ex parte* to move this deposition forward, based on the fact that Mattel would

17  be prejudiced because it would have no time to conduct follow-up discovery.  At

18  Judge Larson's direction, the issue was resolved by Ms. Marlow's counsel's

19  representation on the record that she would appear for deposition on December 28,

20  2007.  In hearing the *ex parte* motion to compel Marlow's deposition, Judge Larson

21  _____

22  [1]  Facsimile from Susan Wines to Larry McFarland, dated June 7, 2007, attached
    as Exhibit 1 to the concurrently filed Declaration of James J. Webster ("Webster
23  Dec.").

24  [2]  Facsimile from Larry McFarland to Susan Wines dated September 21, 2007,
    Webster Dec., Exh. 2; facsimile from Susan Wines to Larry McFarland, dated
25  September 21, 2007, Webster Dec., Exh. 3.

26  [3]  Order dated October 15, 2007, Webster Dec., Exh. 4.

    [4]  Facsimile from Larry McFarland to Michael Zeller dated October 16, 2007,
27  Webster Dec., Exh. 5.

28  [5]  Order dated October 31, 2007, Webster Dec., Exh. 6.

EXHIBIT  6

PAGE  96

7209/2369078.1

MATTEL'S MOTION TO COMPEL MARLOW DEPOSITION

1 made clear that he understood that there would likely be a need for follow-up
2 discovery.

3          Given this history that Mr. Quinn refers to, I understand
4          his concern about waiting until January 7th, without
5          having some assurance that he's going to be able to get any
6          follow-up discovery that he thinks he may need. And I'm
7          also convinced, from reading the papers -- I understand the
8          type of follow-up discovery that he may need.[6]

9     **B.**    **Marlow Is A Key Witness**

10          Marlow worked for Mattel from January 1996 to approximately 2000,[7]
11 and had worked with Bryant while he was still employed by Mattel. She is also one
12 of a handful of people to whom defendant Carter Bryant says he showed his Bratz
13 illustrations prior to presenting them to MGA.[8] Marlow worked on Bratz for MGA
14 from 2000 through 2005.[9] Marlow therefore has specific knowledge of MGA's
15 product line.

16          Further, she is allegedly the individual who introduced Bryant to MGA
17 and was involved with Bratz at MGA from its inception.[10] Ms. Marlow's own
18 invoices reflect that she performed 169 hours of work on Bratz for MGA prior to the
19 time Bryant left Mattel in October 2000, and worked with Bryant to design the
20 fashions and hairstyles for the first Bratz dolls.[11] She was also one of the few people

21

22
---

23   [6] Transcript of Proceedings dated November 20, 2007, at 7:13-18, Webster Dec., Exh. 7.
24   [7] Transcript of the Deposition of Veronica Marlow dated December 28, 2007 ("Marlow Depo. Tr.") at 21:25-22:4; 28:17-29:3, Webster Dec., Exh. 9.
25   [8] Transcript of the Deposition of Carter Bryant dated November 4, 2004
26 ("Bryant Depo. Tr.") at 46:22-47:8, Webster Dec., Exh. 8.
27   [9] Marlow Depo. Tr. at 37:14-18, 106:11-14, 107:22-108:4.
  [10] Id. at 106:11-14, 115:10-122:3.
28   [11] Webster Dec., Exh. 10.

EXHIBIT   6
PAGE   97

7209/2369078.1

-3-

MATTEL'S MOTION TO COMPEL MARLOW DEPOSITION

1  who prepared the Bratz dolls used at the Hong Kong Toy Fair just two and a half

2  months after Bryant left Mattel.[12]   In addition, she was one of two designers in

3  June 2000 who worked on an allegedly separate MGA doll project code-named

4  "Angel"[13] -- which another witness testified actually referred to Bratz.[14]   Marlow

5  also worked on multiple Bratz products through 2005, including with the newly

6  revealed Mattel employees.[15]   Many of these products are relevant to MGA's claims

7  as well as Mattel's claims.

        **C.**   **Marlow Testified That Additional Mattel Employees Worked On The Bratz Product Line.**

10       At deposition, Marlow revealed that beginning in 2000 and continuing

11  for five years, three additional Mattel employees -- Ana Isabel Cabrera, Beatriz

12  Morales, and Maria Salazar -- worked on Bratz while employed by Mattel.[16]

13  Marlow left Mattel's employment in June 2000.   She then engaged Mattel

14  employees Ana Cabrera, Beatrice Morales, and Maria Salazar to work for her for

15  MGA's benefit on Bratz.[17]

16       Like Bryant, Cabrera, Morales, and Salazar all signed agreements

17  assigning Mattel all rights to intellectual property they created while employed by

18  Mattel.[18]   Accordingly, their work provides an independent basis for Mattel's claims

19  of ownership in Bratz.   Further, in connection with MGA's claims for unfair

20  competition against Mattel based on MGA's purported ownership of Bratz products,

21  Mattel is entitled to conduct meaningful discovery as to whether it has a defense to

22

---

23    [12]   Marlow Depo. Tr. at 361:19-23, Webster Dec., Exh. 9.

24    [13]   Marlow Depo. Tr. at 383:24-384:2, Webster Dec., Exh. 9.

  [14]   E.g., Transcript of the Deposition of Anna Rhee dated February 3, 2005

25  ("Rhee Depo. Tr.") at 107:16-108:12, 132:22-134:18, Webster Dec., Exh. 11.

26    [15]   Marlow Depo. Tr. at 307:8-308:1, Webster Dec., Exh. 9.

  [16]   Marlow Depo. Tr. at 306:14-308:1, 363:15-365:17, Webster Dec., Exh. 9.

27    [17]   Marlow Depo. Tr. at 306:14-308:1, 363:15-365:17, Webster Dec., Exh. 9.

28    [18]   Webster Dec., Exhs. 12-14.

1 MGA's claims based on Mattel's ownership of such "Bratz" products. Finally, the

2 payments to these employees may constitute instances or acts of commercial bribery

3 that are predicate acts for Mattel's RICO claims in this action.

### D.   Marlow Produced Key Documents On The Day Of The Deposition.

5     Frustrating Mattel's preparation for the deposition, Marlow produced

6 some documents on the day of the deposition that consisted primarily of very dark

7 photographs of paper documents. These pages could not be copied, and thus could

8 not be used as exhibits.[19]  Included among them was a confidentiality agreement

9 between Marlow and MGA that had not been previously produced.[20]  (The pages of

10 the contract were faxed to Mattel the day before the deposition, but because they

11 were dark photographic images, they were entirely black when faxed.[21])  Mattel

12 asked counsel for a legible copy of the document at the deposition, but did not

13 receive one.[22]  Since then, Mattel has renewed its request in writing but neither

14 Marlow or MGA has responded or provided a legible copy of this belatedly revealed

15 contract.[23]

16     Marlow's earlier productions were similarly inadequate. Marlow has

17 provided numerous redacted documents throughout her production without

18 providing any justification for the redactions.[24]  Among these redacted documents

19 were several time records for Ana Cabrera, one of the Mattel employees who

20

21

22

---

[19]   Webster Dec., ¶ 19.

23 [20]   Webster Dec., ¶ 19.

[21]   Webster Dec., ¶ 18.

24 [22]   Webster Dec., ¶ 20.

25 [23]   Email from Michael Zeller to Larry McFarland dated January 4, 2008,

26 Webster Dec., Exh. 15.

[24]   Letter from B. Dylan Proctor to Larry McFarland, dated November 15, 2007,

27 Webster Dec., Exh. 16; Letter from B. Dylan Proctor to Larry McFarland, dated

28 November 28, 2007, Webster Dec., Exh. 17.

EXHIBIT ___6___

PAGE ___99___

MATTEL'S MOTION TO COMPEL MARLOW DEPOSITION

07209/2369078.1

1  worked on the Bratz dolls.[25]  Mattel met and conferred with Marlow's counsel in

2  December of 2007, and he promised that Marlow and his other clients would

3  "produce to you unredacted copies of all of the documents that we have produced

4  other than Ms. Leahy's planner."[26]  Though Marlow produced some unredacted

5  documents, she never did so for Cabrera's time sheets, among other documents.[27]

6       **E.**    **Mattel Has Yet To Obtain Access To Marlow's Computers And**

7                **Hard Drives.**

8         Ms. Marlow's counsel previously represented to Mattel that she did not

9  have any computer hard drives which she used for Bratz work.[28]  However, at her

10  deposition, Ms. Marlow testified that she has several computers, that she used at

11  least two of these computers for work-related e-mails, and at least one of these

12  computers to generate Bratz-related invoices for work done during 2000.[29]

13         Marlow was obliged to make these computers available for inspection

14  pursuant to a subpoena Mattel served on her nearly three years ago.[30]  Mattel was

15  unaware of the existence of these computers until it took Marlow's deposition, one

16  month before the close of discovery.  Mattel has since requested that the hard drives

17  be provided immediately to Mattel for imaging and analysis.[31]  Mattel has met and

18  conferred on this issue and is separately seeking an Order from Judge Larson

19  allowing Mattel to take forensic images of Ms. Marlow's drives.

20

21  ———————————————

22  [25]  E.g., Webster Dec., Exh. 18.

22  [26]  Letter from Larry McFarland to B. Dylan Proctor, dated December 3, 2007,

23  Webster Dec., Exh. 19.

23  [27]  Letter from James Webster to Larry McFarland, dated January 25, 2008,

24  Webster Dec., Exh. 20.

24  [28]  Letter from B. Dylan Proctor to Larry McFarland, dated January 2, 2008,

25  Webster Dec., Exh. 21.

26  [29]  Id.; Marlow Depo. Tr. at 15:10-17:22; 322:19-323:1, Webster Dec., Exh. 9.

26  [30]  Subpoena to Veronica Marlow dated March 16, 2005, Webster Dec., Exh. 22.

27  [31]  Letter from B. Dylan Proctor to Larry McFarland, dated January 2, 2008,

28  Webster Dec., Exh. 21.

EXHIBIT ___6___

PAGE ___100___

7209/2369078.1

**F.    The Parties Have Met and Conferred**

On January 4, 2008, Mattel sent a letter to Marlow's counsel requesting a meet and confer prior to filing this motion and outlining its reasons for needing additional deposition time.[32]  Marlow's counsel responded on January 16, 2008 and refused to produce her for any additional time.[33]

**Argument**

**I.    THE DISCOVERY MASTER SHOULD ORDER MARLOW TO PROVIDE ADDITIONAL DEPOSITION TESTIMONY.**

Mattel has made the requisite showing to obtain additional time to examine Ms. Marlow at deposition.  See Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").  Parties are usually expected to work together to determine a fair time limit for depositions:  "It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need to resort to the court . . . Preoccupation with timing is to be avoided." Condit v. Dunne, 225 F.R.D. 100, 112 (S.D.N.Y. 2004) (citing the 2000 Advisory Committee notes to Fed. R. Civ. P. 30(d)).

As set forth above, Mattel has been allowed only some 7 hours and 34 minutes to depose Ms. Marlow.  This was clearly not enough time to cover Marlow's extensive personal knowledge regarding the origins of Bratz.  In addition, Marlow's last-minute production of documents, and the critical revelations in the

[32]  Email from Michael Zeller to Larry McFarland dated January 4, 2008, Webster Dec., Exh. 15.
[33]  Letter from Larry McFarland to B. Dylan Proctor dated January 16, 2008, Webster Dec., Exh. 23.

EXHIBIT __6__

PAGE __101__

1  deposition itself made follow-up questioning essential.  MGA's and Marlow's refusal
2  to allow further questioning, coupled with their continued failure to produce clear
3  and unredacted documents, have necessitated this motion.

4  **A.  Marlow Is A Key Witness In The Bryant Case.**

5  Marlow is one of the key witnesses in the Bryant case, and was pivotal
6  in Bryant's initial contacts with MGA.  She has received millions of dollars in
7  alleged finder's fees from Bryant for introducing him to MGA.[34]  According to
8  Marlow's own testimony and documents: she was one of the first people to whom
9  Bryant showed his original Bratz drawings;[35] was involved with Bratz since before
10  the initial pitch to MGA;[36] worked approximately 169 hours on Bratz even before
11  Bryant left Mattel in October 2000;[37] was one of no more than five people involved
12  in transforming Bryant's Bratz concept into a three-dimensional sculpt;[38] and
13  worked on the fashions worn by the Bratz dolls.[39]  The only individuals who have
14  profited more from Bratz are Larian and Bryant.

15  In addition, as she revealed for the first time in her deposition, Marlow
16  has unique knowledge relating to the additional Mattel employees who worked on,
17  and were paid for, Bratz while still employed by Mattel.  Mattel is entitled discovery
18  into the details of the Bratz products that these Mattel employees worked on while
19  employed by Mattel.  It appears that there were at least fifty such products.[40]

20
21

22  [34]  Marlow Depo. Tr. at 113:10-114:3, Webster Dec., Exh. 9.
23  [35]  Marlow Depo. Tr. at 106:11-14, 115:10-122:3, Webster Dec., Exh. 9; see also Bryant Depo. Tr. at 46:22-47:8, Webster Dec., Exh. 8.
24  [36]  Marlow Depo. Tr. at 106:11-14, 115:10-122:3, Webster Dec., Exh. 9.
     [37]  Webster Dec., Exh. 10.
25  [38]  Marlow Depo. Tr. at 236:4-23, Webster Dec., Exh. 9; see also Deposition
26  Transcript of Margaret Leahy dated December 12, 2007 ("Leahy Depo. Tr.") at
27  221:17-223:21, Webster Dec., Exh. 24.
     [39]  Marlow Depo. Tr. at 327:24-329:7, Webster Dec., Exh. 9.
28  [40]  Webster Dec., ¶ 31.

EXHIBIT  6
PAGE  102

1         The fact that Mattel employees were so used was withheld by

2    Defendants, and Mattel has only learned of these facts at the first session of

3    Marlow's deposition.  Indeed, Defendants gave false, blanket denials under oath in

4    response to specific discovery questions seeking identification of Mattel employees

5    who worked on Bratz or for MGA.[41]  Thus, for example, Carter Bryant denied being

6    aware of any other Mattel employee working for MGA while he or she was

7    employed by Mattel.[42]  MGA's Rule 30(b)(6) designee on this topic, Lisa Tonnu,

8    identified no one as having performed work or services for MGA while also

9    employed by Mattel at any time since 1998.[43]  MGA's interrogatory responses

10   entirely failed to name either Ms. Cabrera or Ms. Morales as ever having worked on

11   Bratz and claimed that Ms. Salazar, who subsequently became an MGA employee,

12   did not work on Bratz until more than two years after she left Mattel.[44]

13        Marlow also has critical knowledge regarding the origins, creation,

14   design and development of Bratz.  Marlow can provide evidence that Bryant was

15   working on Bratz as early as June 2000.  Anna Rhee, the face painter of Bratz,

16   testified that the she first painted faces for MGA in June 2000.[45]  Rhee testified that

17   her work was on Bratz and done at Bryant's direction, but that she was directed to

18   write "Angel" on the invoice she submitted to MGA for the work she performed.[46]

19

20   ────────────────

21   [41]  See e.g., Bryant Depo. Tr. at 286:25-287:5, Webster Dec., Exh. 8; Tonnu
Depo. Tr. at 301:2-17, Webster Dec., Exh. 29; MGA's Supplemental Responses to

22   Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 64-70,
Webster Dec., Exh. 30.

23   [42]  Bryant Depo. Tr. at 286:25-287:5, Webster Dec., Exh. 8.

24   [43]  Tonnu Depo. Tr. at 301:2-17, Webster Dec., Exh. 20.

25   [44]  MGA's Supplemental Responses to Mattel's Revised Third Set of
Interrogatories at 64-70, Webster Dec., Exh. 30.

26   [45]  Rhee Depo. Tr. at 107:16-108:12, 121:25-122:11, 132:22-134:18, 228:22-
229:4, Webster Dec., Exh. 11.

27   [46]  Rhee Depo. Tr. at 107:16-108:12, 121:25-122:11, 132:22-134:18, 228:22-

28   229:4, Webster Dec., Exh. 11.

EXHIBIT   6

PAGE   103

1    MGA and Bryant have contended that Anna Rhee is mistaken, and that

2  she was instead working on the supposedly separate "Prayer Angels" project in

3  June 2000. So far, in purported corroboration of MGA's position, three witnesses

4  have given three different accounts of who delivered what to Rhee for painting.

5  MGA employee Kerri Brode claims that she personally had Prayer Angels heads

6  messengered or fedexed to Rhee's house.[47]   Paula Garcia acknowledged that the

7  Prayer Angels head did not exist in June of 2000, but stated that either she or

8  Mercedeh Ward personally delivered a "Cabbage Patch Kid" head (a Mattel

9  product) to Rhee's house, so Rhee could paint that face as a place-holder.[48]  Finally,

10  Marlow testified that <u>she</u> was the one who personally hand-delivered a Prayer Angel

11  head to Rhee's house for her to paint.[49]  Finally, Mattel deserves an opportunity to

12  examine Marlow on these conflicting accounts relating to a crucial factual issue in

13  this case.

14  **B.    Marlow Is A Key Witness On MGA's Counterclaims**

15    Marlow's testimony is also essential to Mattel's defenses to MGA's

16  counterclaims.  Marlow has revealed that yet more Mattel employees worked on

17  Bratz products until at least 2005.  Mattel's written agreements with those

18  employees assign the rights in such works to Mattel, which would defeat MGA's

19  claims to own the products on which MGA has sued Mattel.  Establishing the facts

20  necessary for this defense requires a product by product review, and an

21  understanding of contributions which Mattel employees made to the creation of each

22  product at issue.  Mattel is entitled to more time to complete Ms. Marlow's

23  deposition for this reason as well.

24

25    [47]  Transcript of Deposition of Kerri Brode dated August 15, 2007 ("Brode

26  Depo. Tr.") at 27:2-30:1, Webster Dec., Exh. 25.

27    [48]  Transcript of Deposition of Paula Garcia dated May 25, 2007, at 376:15-23, Webster Dec., Exh. 26.

28    [49]  Marlow Depo. Tr. at 384:6-10, Webster Dec., Exh. 9.   EXHIBIT___6___

PAGE ___104___

### C.   Marlow Withheld Relevant Documents Without Justification

As set forth above, Marlow withheld documents until the day of the deposition.   Mattel had insufficient time to conduct a thorough review of the documents and question her on them.   Among them was a contract between Marlow and MGA that had never been produced in this action.   An illegible photograph of the contract was produced, preventing Mattel from copying it and thus using it as an exhibit at the deposition.[50]   Although MGA faxed the contract to Mattel the night before the deposition, the fax was also illegible.[51]   Mattel has requested a proper copy of this contract and other produced documents, but to no avail.   Mattel is entitled to a legible copy of the documents, and to question Marlow on them at her continued deposition.

### II.   MARLOW SHOULD BE ORDERED TO PRODUCE UNREDACTED DOCUMENTS AS PROMISED

Marlow has produced many documents in redacted form.   Despite promising to produced unredacted copies, she has failed to do so. Among these are time records related to the work done by Ana Cabrera on the Bratz dolls while she was a Mattel employee.   This is key evidence that will show the specific dolls Cabrera worked on, and dates when she did so.

Marlow has previously asserted that redactions were necessary to mask information regarding irrelevant products, but such confidentiality concerns are fully addressed in the Protective Order.   If necessary, Marlow can designate documents as "Confidential—Attorney's Eyes Only."   Indeed, the Discovery Master has previously ruled that documents should be produced in unredacted form for this very reason.   "The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant . . . . Accordingly, Bryant is ordered to

---

[50]   Webster Dec., ¶ 19.
[51]   Webster Dec., ¶ 18.

EXHIBIT    6
PAGE    105

1  produce, without redactions all non-privileged documents responsive to [the

2  Requests at issue]."[52] See also In re Heritage Bond Litigation, 2004 WL 1970058 at

3  *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank

4  records and related financial statements are adequately protected by the protective

5  order, and are not sufficient to prevent production in this matter"); A. Farber and

6  Partners, Inc. v. Garber, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006) ("plaintiff's need

7  for defendant Garber's financial documents outweighs defendant Garber's claim of

8  privacy, especially when the 'impact' of the disclosure of the information can be

9  protected by a 'carefully drafted' protective order"); Yund v. Covington Foods, Inc.,

10  193 F.R.D. 582, 584 (S.D. Ind. 2000); Gohler v. Wood, 162 F.R.D. 691, 697 (D.

11  Utah 1995) ("Because the protective order limits disclosure of confidential material

12  to those who are necessarily involved in the case, and these parties may use this

13  information only for purposes of litigating this case, excluding any business

14  purpose, the court concludes Deloitte's confidentiality concerns have been addressed

15  adequately.").

16        Finally, aside from redactions, it is not clear if Marlow's production is

17  complete.  The records provided relating to work done by Cabrera, Morales, and

18  Salazar on the Bratz dolls, with a single exception, conclude in 2002.  Marlow's

19  testimony is that these Mattel employees worked on Bratz dolls for her until 2005.

20  Marlow should be ordered to produce any other responsive documents related to

21  these three employees or to any work performed by or any payments made to Mattel

22  employees.

23

24

25  [52]  Order Granting Mattel's Motion to Compel Documents, dated January 25,

26  2007, at 14, Webster Dec., Exh. 27; see also Order Granting Mattel's Motion to

27  Compel Production of Documents and Interrogatory Responses by MGA, dated
    May 15, 2007, at 11, n. 4, Webster Dec., Exh. 28 ("The protective order is sufficient

28  to alleviate Mr. Isaac Larian's privacy concerns.").

EXHIBIT __6__

PAGE __106__

## Conclusion

For the foregoing reasons, the Court should allow Mattel at least 14 additional hours to examine Ms. Marlow.  She should also be ordered to produce all documents in legible and unredacted form, including any documents relating to her use of Mattel employees for the benefit of MGA at any time.

DATED:  January 28, 2007  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ James J. Webster
   James J. Webster
   Attorneys for Plaintiff
   Mattel, Inc.

EXHIBIT 6
PAGE 107