**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# EXHIBIT 8

**EXHIBIT TO:**   **DECLARATION OF LARRY W. MCFARLAND IN SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF FEE AGREEMENTS AND PRIVILEGE LOGS FROM LEAHY, CLOONAN, HALPERN AND MARLOW, AND FOR SANCTIONS; AND |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of Jennifer E. Lewis filed concurrently herewith] |
| | Hearing Date:  TBA<br>Time:  TBA<br>Place:  TBA |
| | Phase I:<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

EXHIBIT ___8___
PAGE ___159___

1  TO THIRD PARTIES MARGARET HATCH-LEAHY, VERONICA MARLOW,

2  ELISE CLOONAN, SARAH HALPERN AND ALL PARTIES AND THEIR

3  ATTORNEYS OF RECORD:

4          PLEASE TAKE NOTICE that, at a hearing to be held before Discovery

5  Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be

6  determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

7  move the Court:

8          (1)    to compel Margaret Hatch-Leahy ("Leahy"), Veronica Marlow

9  ("Marlow"), Elise Cloonan ("Cloonan") and Sarah Halpern ("Halpern") to produce

10  documents relating to their fee agreements with MGA;

11          (2)    to compel Leahy, Marlow, Cloonan and Halpern to produce all

12  documents withheld on privilege grounds for failure to assert the privilege or, in the

13  alternative, to produce privilege logs of documents withheld on the basis of

14  privilege; and

15          (3)    for an award of sanctions against Leahy, Marlow, Cloonan and

16  Halpern in the amount of $3,500, which represents a portion of the costs incurred by

17  Mattel in bringing this Motion.

18          This Motion is made pursuant to Federal Rules of Civil Procedure 45

19  and 37 on the grounds that (1) Mattel is entitled to documents relating to these

20  witnesses' fee agreements with MGA and (2) the witnesses refuse to specifically

21  assert any claimed privilege.

22          This Motion is based on this Notice of Motion and Motion, the

23  accompanying Memorandum of Points and Authorities, the Declaration of Jennifer

24  E. Lewis filed concurrently herewith, the records and files of this Court, and all

25  other matters of which the Court may take judicial notice.

26          Pursuant to the Stipulation and Order Appointing a Discovery Master

27  in this action, Marlow, Leahy, Cloonan and Halpern have five Court days to respond

28  to this motion.

EXHIBIT ___8___

PAGE ___60___

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

1

## Statement of Rule 37-1 Compliance

2

3        The parties met and conferred regarding this motion on June 22, 2007,

4   and numerous times thereafter.

5

6   DATED:  January 28, 2008        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

7

8                          By
                                    Timothy L. Alger
9                                   Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___8___

PAGE ___161___

J7209/2369092.1

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. i

Preliminary Statement ......................................................................................... 1

Background ........................................................................................................... 1

I.  LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE
COMPELLED TO PRODUCE PRIVILEGE LOGS ............................................. 5

II.  LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE
COMPELLED TO PRODUCE FEE AGREEMENTS AND RELATED
DOCUMENTS .................................................................................................. 6

    A.  The Existence of Fee Agreements Is Relevant to Show Bias ................. 7

    B.  The Witnesses' Fee Agreements are not Privileged .............................. 8

        1.  Federal Privilege Law Applies In This Case ................................ 8

        2.  Marlow, Halpern, Cloonan and Leahy's Fee Agreements
are not Privileged ......................................................................... 10

III.  LEAHY, MARLOW, CLOONAN AND HALPERN SHOULD BE
SANCTIONED ................................................................................................. 11

Conclusion ........................................................................................................... 12

EXHIBIT ___8___

PAGE _____162___

07209/2369092.1

1

# TABLE OF AUTHORITIES

2

3                                                                                   **Page**

4

<u>Cases</u>

5

A. Farber and Partners, Inc. v. Garber,
6    234 F.R.D. 186 (C.D. Cal. 2006) ............................................................. 11

7    Agster v. Maricopa County,
     422 F.3d 836 (9th Cir. 2005) .................................................................... 9
8
     Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,
9        408 F.3d 1142 (9th Cir. 2005) ................................................................. 6

10   Cable & Computer Technology, Inc. v. Lockheed Sanders, Inc.,
         175 F.R.D. 646 (C.D. Cal. 1997) ............................................................ 8
11
     Clarke v. American Commerce Natl. Bank,
12       974 F.2d 127 (9th Cir. 1992) .................................................................. 10

13   In re Coan, No. C 06-80350,
         2007 WL. 128010 (N.D. Cal. Jan. 12, 2007) .......................................... 11
14
     Corvello v. New England Gas Co., Inc.,
15       243 F.R.D. 28 (D. R.I. 2007) ............................................................... 5, 6

16   Folb v. Motion Picture Indus. Pension & Health Plans,
         16 F. Supp. 2d 1164 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000) ........ 9
17
     In re Grand Jury Subpoenas,
18       803 F.2d 493 (9th Cir. 1986) ................................................................. 10

19   Hogan v. Robinson,
         2006 WL. 1049979 (E.D. Cal. 2006) ........................................................ 9
20
     In re Imperial Corp. Of America,
21       174 F.R.D. 475 (S.D. Cal. 1997) .............................................................. 6

22   Marquis v. Chrysler Corp.,
         577 F.2d 624 (9th Cir. 1978) ................................................................. 11
23
     Martinez v. City of Fresno,
24       2006 WL. 3762050 (E.D. Cal. 2006) ........................................................ 5

25   Religious Tech. Ctr. v. Wollersheim,
         971 F.2d 364 (9th Cir. 1992) .................................................................. 9
26
     U.S. v. Landon,
27       2006 WL. 3377894 (N.D. Cal. 2006) ....................................................... 10

28

EXHIBIT___8_____

PAGE ___163____

07209/2369092.1

-ii-

U.S. v. Zolin,
   491 U.S. 554 (1989) ................................................................ 9

United States v. Abel,
   469 U.S. 45 (1984) ................................................................ 8

United States v. Blackman,
   72 F.3d 1418 (9th Cir. 1995) ................................................ 10

**Statutes**

Fed. R. Civ. P. 37(a)(4) .......................................................... 11

Fed. R. Civ. P. 45 .................................................................... 1

Fed. R. Civ. P. 45(d)(2)(A) ...................................................... 5

Fed. R. Evid. 501 .................................................................... 9

**Miscellaneous**

23 Charles A. Wright & Kenneth W. Graham, Jr., <u>Federal Practice And Procedure:</u>
   <u>Evidence</u> § 5434 at 862 (1980) ............................................ 9

Wright & Miller, Federal Practice & Procedure:
   Federal Rules of Evidence § 6095 ........................................ 8

EXHIBIT  8

PAGE  164

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Margaret Hatch-Leahy, Veronica Marlow, Elise Cloonan and Sarah Halpern are all important third party witnesses who have knowledge of the origins of Bratz and who are represented by Larry McFarland, MGA's counsel. Mattel has been requesting that these witnesses produce their fee and/or indemnity agreements with MGA since early June 2007. Nevertheless, and despite the fact that Mattel has told them numerous times that the Court has already found such documents to be relevant to bias and credibility, Leahy, Marlow, Cloonan and Halpern continue to refuse to produce any fee agreements or related communications to Mattel or even to confirm whether or not such fee agreements exist.

Moreover, these witnesses have all refused to produce privilege logs of documents they are withholding, either on a document by document basis or otherwise. Third parties are required to produce privilege logs under the Federal Rules. Starting in June 2007, Mattel requested privilege logs from these individuals on numerous occasions, but they continue to refuse to provide them.

Mattel respectfully requests that the Discovery Master order Leahy, Marlow, Cloonan and Halpern to produce all documents relating to fee and/or indemnity agreements with MGA. Mattel also requests that the Court order them to produce any documents they are withholding on privilege grounds or, in the alternative, privilege logs of any documents they are withholding.

### Background

Leahy, Marlow, Cloonan and Halpern are each critical percipient witnesses with knowledge about the origins of Bratz, as MGA recognizes in its Rule

EXHIBIT____8____

PAGE____165____

07209/2369092.1

1    26(a) disclosures.[1]  Mattel first served subpoenas to produce documents on Leahy,

2    Marlow and Halpern on March 14 and March 15, 2005, and on Cloonan on May 12,

3    2005.[2]

4           <u>The Witnesses' Refusal to Produce Fee Agreements</u>.  Mattel's

5    subpoenas request the production of all documents referring or relating to any

6    agreements or contracts relating to Bratz between the subpoenaed individuals and

7    any other individual or entity as well as all documents relating to this litigation.[3]

8    Clearly fee agreements and related documents should be produced under one or both

9    of these requests.  Though almost three years have passed since Mattel first

10    requested these documents, and the witnesses do not deny that responsive

11    documents exist, none of them has produced a single document relating to fee

12    arrangements between themselves and MGA.

13           Since June 2007, Mattel has repeatedly tried to obtain information as to

14    fee agreements from Leahy, Marlow, Cloonan and Halpern.  On June 25, 2007,

15    Mattel requested confirmation from Larry McFarland, an MGA lawyer who

16    represents these witnesses, regarding whether or not they had entered into fee

17    agreements, written or otherwise, with MGA.[4]  In a June 28, 2007 letter to Mattel,

18    Mr. McFarland replied that it was his intention to review the orders of the Discovery

19    Master and relevant case law regarding third party retainer agreements before

20

21    _____

22    [1]  MGA's Amended and Supplemental Rule 26(a) Disclosures, dated May 16,

23    2005, at 2-3, attached as Exhibit 1, to the Declaration of Jennifer E. Lewis ("Lewis Dec.") filed concurrently.

24    [2]  Mattel's Subpoenas on Leahy, Marlow, Cloonan and Halpern, Lewis Dec.,

25    Exhs. 2-5.

     [3]  <u>Id.</u>

26    [4]  Letter from Susan Wines to Larry McFarland, dated June 25, 2007, Lewis

27    Dec., Exh. 6.  Mattel also pointed out in this letter that Judge Infante had already found fee agreements relevant to bias and credibility.

28                             EXHIBIT _____ <u>8</u>

                                ___ <u>166</u>

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

1 replying.[5]  However, he did not reply.  Mattel followed up, including by letter on

2 November 15, 2007, again requesting confirmation regarding whether any of the

3 witnesses had fee agreements with MGA and requesting production of such fee

4 agreements, if they existed.[6]  By letter dated November 21, 2007, the witnesses

5 confirmed their position that Mattel's request for their fee agreements with MGA

6 sought privileged information and, therefore, would not be produced.[7]  Mattel

7 reminded the witnesses that the Discovery Master has already found fee agreements

8 to be relevant to bias and credibility and not privileged, and attached Orders to this

9 effect.[8]  But the witnesses stated that the Discovery Master's Orders did not apply to

10 them as third parties and that they still considered fee agreements privileged

11 information.[9]  Mattel made several additional attempts to obtain this information

12 without motion practice, but the witnesses have not provided it.[10]

13      The Witnesses' Refusal to Provide Privilege Logs.  Mattel first

14 requested privilege logs from the witnesses on June 1, 2007.[11]  This request was

15 ignored in a response letter sent to Mattel on June 22, 2007.[12]  Mattel sent a follow-

16

_____

17 [5]  Letter from McFarland to Wines, dated June 28, 2007, Lewis Dec., Exh. 7.

18 [6]  Letter from Dylan Proctor to McFarland dated November 15, 2007, Lewis

19 Dec., Exh. 8.
[7]  Letter from McFarland to Proctor dated November 21, 2007, Lewis Dec., Exh.

20 9.

21 [8]  Letter from Proctor to McFarland dated November 28, 2007, Lewis Dec., Exh.
10.

22 [9]  Letter from McFarland to Proctor dated December 3, 2007, Lewis Dec., Exh.

23 11.
[10]  See Letter from Proctor to McFarland dated December 6, 2007, Lewis Dec.,

24 Exh. 12; Letter from McFarland to Proctor dated December 18, 2007, Lewis Dec.,

25 Exh. 13; Letter from Proctor to McFarland dated January 10, 2008, Lewis Dec.,
Exh. 14; Letter from Proctor to McFarland dated January 11, 2008, Lewis Dec.,

26 Exh. 15.

27 [11]  Letter from Wines to McFarland dated June 1, 2007, Lewis Dec., Exh. 16.
[12]  Letter from McFarland to Wines dated June 22, 2007, Lewis Dec., Exh. 17.

28

07209/2369092.1

EXHIBIT  8

-3-
PAGE  167

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

1   up letter on November 15, 2007, noting that Mattel had still not received privilege

2   logs for any of the witnesses.[13]   In a letter dated December 3, 2007, Mr. McFarland

3   stated that he had "never before" been required to produce a privilege log as

4   extensive as the one Mattel was requesting.[14]   However, he did not agree to produce

5   any type of privilege logs at all.[15]   On December 6, 2007, Mattel sent a letter to the

6   witnesses reminding them that third parties are required to produce privilege logs

7   under the <u>Federal Rules</u> and requesting that the overdue privilege logs be produced

8   as soon as possible.[16]   The witnesses obliquely responded that they would only

9   consider Mattel's request after Mattel told them whether Mattel had produced a

10   "similar" privilege log.[17]

11              In order to minimize any claimed burden and as an attempted

12   compromise, Mattel offered on several occasions to accept narrowed privilege logs

13   that do not log, on a document-by-document basis, communications that (1) are

14   exclusively between Marlow, Cloonan, Leahy or Halpern, on the one hand, and

15   McFarland or other attorneys at his firm, on the other hand, (2) were sent on or after

16   January 1, 2006, (3) were not copied or addressed to other parties or third parties

17   and (4) do not relate to fee or indemnification matters.[18]   In a meeting of counsel on

18

19

20   _____

21   [13]   Letter from Proctor to McFarland dated November 15, 2007, Lewis Dec.,
      Exh. 8.

22   [14]   Letter from McFarland to Proctor dated December 3, 2007, Lewis Dec., Exh.

23   11.
      [15]   <u>Id.</u>

24   [16]   Letter from Proctor to McFarland dated December 6, 2007, Lewis Dec., Exh.

25   12.
      [17]   Letter from McFarland to Proctor dated December 18, 2007, Lewis Dec.,

26   Exh. 13.

27   [18]   Letter from Proctor to McFarland dated December 6, 2007, Lewis Dec., Exh.
      12; Letter from Proctor to McFarland dated January 10, 2008, Lewis Dec., Exh. 14.

28                                                        EXHIBIT ___8___

1  January 11, 2008, the witnesses rejected Mattel's proposal.[19]  Mattel once again

2  requested that these witnesses produce a privilege log on January 23, 2008,[20] and

3  once again the witnesses refused to produce any privilege logs.[21]

## Argument

5  **I.   LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE**

6     **COMPELLED TO PRODUCE PRIVILEGE LOGS**

7         Leahy, Cloonan, Halpern and Marlow have not produced privilege logs

8  for any of their withheld documents, including documents they are withholding

9  relating to key time periods in the case.  Third parties are required to produce

10  privilege logs under the Federal Rules.  See Federal Rule of Civil Procedure

11  45(d)(2)(A) ("When information subject to a subpoena is withheld on a claim that it

12  is privileged . . ., the claim shall be made expressly and shall be supported by a

13  description of the nature of the documents, communications, or things not produced

14  that is sufficient to enable the demanding party to contest the claim").  The

15  "universally accepted means" of claiming that requested documents are privileged is

16  the production of a document-by-document privilege log.  See Corvello v. New

17  England Gas Co., Inc., 243 F.R.D. 28, 33 (D. R.I. 2007) (discussing requirement in

18  the context of Rule 45); Martinez v. City of Fresno, 2006 WL 3762050, at *6 (E.D.

19  Cal. 2006) (over-generalized descriptions that fail to adequately identify specific

20  documents are insufficient in a privilege log).  Marlow, Cloonan, Halpern and

21  Leahy's failure to produce privilege logs is clearly improper under the Federal

22  Rules.  Indeed, the Discovery Master has already ruled as much as to other third

---

24   [19]  Letter from Proctor to McFarland dated January 11, 2008, Lewis Dec., Exh.
25  15.
26   [20]  Letter from Proctor to McFarland dated January 23, 2008, Lewis Dec., Exh.
18.
27   [21]  Letter from McFarland to Proctor dated January 27, 2008, Lewis Dec., Exh.
28  19.

EXHIBIT    8

PAGE    169

1  parties, even when they claimed that a privilege log was unduly burdensome

2  because of the large volume of documents involved -- a claim that these witnesses

3  have never made.[22]

4          The witnesses' willful refusal to specifically assert any claim of

5  privilege as to documents they are withholding, despite Mattel's repeated requests

6  and attempts to confer on the issue, constitutes a waiver of any such privilege as to

7  the documents at issue.  Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court

8  for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district's

9  court's holding that party waived privilege objections by failing to provide privilege

10  log within thirty days of serving its responses);  In re Imperial Corp. Of America,

11  174 F.R.D. 475, 477 (S.D. Cal. 1997) (waiver rule for failure to provide privilege

12  log applies to subpoenas to third parties, such as law firms that represent party).  At

13  a minimum, the Discovery Master should compel Leahy, Marlow, Cloonan and

14  Halpern to produce document-by-document privilege logs that identify all claims of

15  privilege.  Gail v. New England Gas Co., Inc., 243 F.R.D. 28, 33 (D. R.I. 2007)

16  ("universally accepted" means of claiming that requested documents are privileged

17  is the production of a privilege log; discussing requirement for Rule 45 and

18  requiring a document-by-document log).

19  **II.     LEAHY, CLOONAN, HALPERN AND MARLOW SHOULD BE**

20  **COMPELLED TO PRODUCE FEE AGREEMENTS AND RELATED**

21  **DOCUMENTS**

22          Mattel's subpoenas include document requests that require the

23  production of fee and/or indemnity agreements between the witnesses and MGA.[23]

24  _____

25  [22]   Order Re Mattel's Motions to Compel Farhad Larian, Kaye Scholer and Stern

26  & Goldberg to Produce Documents, dated January 25, 2008, Lewis Dec., Exh. 20

27  (requiring Farhad Larian and Kaye Scholer to produce document-by-document

   privilege logs).

28

EXHIBIT   8

PAGE   170

1  The Court has already compelled both Bryant and Larian to produce documents in
2  response to comparable requests.[24]  Nevertheless, the witnesses have not provided
3  responsive documents.  They should be ordered to do so.

4       **A.**   <u>**The Existence of Fee Agreements Is Relevant to Show Bias**</u>

5             Whether or not Leahy, Marlow, Cloonan and Halpern have fee
6  agreements with MGA is relevant to their credibility and bias as percipient
7  witnesses in this action.  These witnesses possess critical information about the early
8  development of Bratz.

9             Leahy was a Mattel employee until approximately September 5, 2000.[25]
10  While Bryant was still employed by Mattel, (and while Leahy apparently was as
11  well) Bryant solicited Leahy to sculpt the Bratz dolls and introduced her to MGA.[26]
12  Indeed, according to Leahy, <u>she</u> -- and not Bryant -- was the creator of the
13  "appearance" of Bratz.[27]  Marlow was originally employed at Mattel, where she got
14  to know Bryant, and then began to do work for MGA around April 2000.[28]  Paula
15  Garcia, MGA Bratz project manager, has testified that it was Veronica Marlow who
16  first brought Bryant to the attention of MGA and arranged a meeting between him
17  and MGA, and that she was present at the first meeting between Bryant and MGA

---

18  
19    [23]  Mattel's Subpoenas on Leahy, Marlow, Cloonan and Halpern, Lewis Dec., Exhs. 2-5.
20    [24]  Order Granting Mattel's Motion to Compel Production of Documents, dated
21  January 25, 2007, Lewis Dec., Exh. 21; Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying
22  Request for Sanctions, dated December 31, 2007, Lewis Dec., Exh. 22.
23    [25]  Margaret Leahy's MGA Application For Employment, dated February 14, 2005, Lewis Dec., Exh. 23, at 16:17-19.
24    [26]  Deposition Tr. of Carter Bryant, Vol. I, dated November 4, 2004 at 68:22-
25  71:13, Lewis Dec., Exh. 24.
26    [27]  Deposition Tr. of Margaret Leahy, dated December 12, 2007, at 275:2-10, Lewis Dec., Exh. 25.
27    [28]  Deposition Tr. of Paula Garcia, Vol. I, dated May 24, 2007, at 237:8-13, Lewis Dec., Exh. 26.
28  

EXHIBIT____8____

PAGE____171____

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOGS

1    and helped Bryant make his Bratz pitch to MGA.[29]   Halpern worked on graphics and

2    trims for the first Bratz dolls.[30]   Cloonan was also Bryant's roommate in 1999-

3    2000.[31]   While both she and Bryant were Mattel employees, Ms. Cloonan also

4    prepared portions of the written Bratz pitch materials that Bryant presented to

5    MGA.[32]

6            The existence or non-existence of fee agreements between MGA and

7    these witnesses will shed light on possible bias on the part of these crucial

8    witnesses.  Information is relevant and discoverable if it relates to "the credibility of

9    any witness." Cable & Computer Technology, Inc. v. Lockheed Sanders, Inc.,

10   175 F.R.D. 646, 650 (C.D. Cal. 1997).  Evidence of bias is also relevant and

11   discoverable.  United States v. Abel, 469 U.S. 45, 50-51 (1984); see also Wright &

12   Miller, Federal Practice & Procedure: Federal Rules of Evidence § 6095 (bias is a

13   "particularly favored basis for attacking credibility.").  Mattel is entitled to the

14   production of these witnesses' fee agreements with MGA, if any, because the

15   existence of such agreements may be used to show bias.

16       **B.**     **The Witnesses' Fee Agreements are not Privileged**

17            **1.**     **Federal Privilege Law Applies In This Case**

18            Federal privilege law applies in this case.  "Where there are federal

19   question claims and pendent state law claims present, the federal law of privilege

20   applies." Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005); see

21   _____

22   [29]  Id. at 186:19-187:16; 242:19-243:17; 264:21-266:20; 270:22-271:1, Lewis
     Dec., Exh. 26.
23   [30]  MGA's Third Supplemental Responses to Mattel's Second Set of
24   Interrogatories, at 4:27-5:2, dated August 21, 2007, Lewis Dec., Exh. 27.
     [31]  Deposition Tr. of Anna Rhee, dated February 3, 2005, at 50:10-51:2, 78:24-
25   79:12, 81:16-19, Lewis Dec., Exh. 28; Deposition Tr. of Richard Irmen, dated
26   September 28, 2007, at 9:17-12:8, Lewis Dec., Exh. 29.
     [32]  Deposition Tr. of Carter Bryant, Vol. II, dated November 5, 2004, at 289:22-
27   292:25, Lewis Dec., Exh. 24.

28

EXHIBIT   8

PAGE   172

07209/2369092.1

-8-

1  Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n.10 (9th Cir. 1992)

2  (refusing to apply California litigation privilege in copyright action with pendent

3  state law claims); Folb v. Motion Picture Indus. Pension & Health Plans,

4  16 F. Supp. 2d 1164, 1169-70 (C.D. Cal. 1998) (stating that federal common law of

5  privileges governs both federal and pendent state law claims in federal question

6  cases), aff'd, 216 F.3d 1082 (9th Cir. 2000); U.S. v. Zolin, 491 U.S. 554, 562 (1989)

7  ("Questions of privilege that arise in the course of the adjudication of federal rights

8  are 'governed by the principles of the common law as they may be interpreted by the

9  courts of the United States in the light of reason and experience.'"); see also Fed. R.

10  Evid. 501.

11        Here, Mattel has brought federal copyright infringement and RICO

12  claims against both Bryant and MGA.  In addition, MGA has brought federal claims

13  against Mattel.  The information Mattel seeks regarding bias on the part of Marlow,

14  Halpern, Leahy and Cloonan is relevant to the entire litigation, including the federal

15  claims.  Therefore, federal privilege law applies.  See 23 Charles A. Wright &

16  Kenneth W. Graham, Jr., Federal Practice And Procedure: Evidence § 5434 at 862

17  (1980) ("courts should always follow the federal rule when the same evidence is

18  relevant to both a state and federal claim.").  Indeed, even if the information were

19  not relevant to any federal claims (which it is), federal privilege law would still

20  apply.  "[F]ederal law of privilege is paramount in federal question cases 'even if the

21  witness-testimony is relevant to a pendent state law count which may be controlled

22  by a contrary state law privilege.'"  Folb, 16 F. Supp. 2d at 1169; see Hogan v.

23  Robinson, 2006 WL 1049979, at *2 (E.D. Cal. 2006) ("In federal question cases

24  where pendent state claims are raised the federal common law of privileges should

25  govern all claims of privilege raised in the litigation.").

26

27

28

EXHIBIT___8___

PAGE___173___

07209/2369092.1

-9-

2.   **Marlow, Halpern, Cloonan and Leahy's Fee Agreements are not Privileged**

Fee agreements are not privileged under Ninth Circuit law. See United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege"); Clarke v. American Commerce Natl. Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."); In re Grand Jury Subpoenas, 803 F.2d 493, 499 (9th Cir. 1986) (reversing order quashing a subpoena and requiring attorneys to identify third parties paying their fees); U.S. v. Landon, 2006 WL 3377894, at *2 (N.D. Cal. 2006) ("The attorney-client privilege does not protect communications such as fee arrangements that do not convey the substance of confidential professional communications."). Under these authorities, agreements relating to the payment of legal fees in this case clearly are not privileged.

Furthermore, this Court has repeatedly found fee and indemnity agreements to be relevant to bias and credibility, and non-privileged. See Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4; Order Re Motions Heard on June 11, 2007, dated June 27, 2007, at 33-34. Cloonan, Marlow, Leahy and Halpern should be compelled to produce their fee and/or indemnity agreements with MGA and all related communications.

EXHIBIT ___8___

PAGE ___174___

-10-

## III.   LEAHY, MARLOW, CLOONAN AND HALPERN SHOULD BE SANCTIONED

Under the Federal Rules, a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4). Federal Rule 37(a)(4) was designed "to discourage unnecessary involvement of the court in discovery." Marquis v. Chrysler Corp., 577 F.2d 624, 641 (9th Cir. 1978).

As a result of unreasonable conduct by Leahy, Marlow, Halpern and Cloonan, court intervention is now required where none should be necessary. Mattel has repeatedly provided these witnesses with Orders from this Court holding that fee agreements are not privileged and are relevant to bias and credibility, but they still refused to produce their fee agreements. They also failed to produce privilege logs, which are clearly required under the Federal Rules. Mattel is therefore entitled to at least a portion of its attorneys' fees in connection with this motion. See In re Coan, No. C 06-80350, 2007 WL 128010, at *6 (N.D. Cal. Jan. 12, 2007) (granting motion to compel compliance with subpoenas under Rule 45 and awarding sanctions); A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 194 (C.D. Cal. 2006) (awarding attorneys' fees for failure to produce requested documents). Mattel therefore requests that Leahy, Marlow, Halpern and Cloonan and their counsel be ordered to pay $3500 as partial reimbursement for the fees Mattel has incurred on this Motion.[33]

---

[33]   See Lewis Dec., ¶ 31.

EXHIBIT  8

PAGE  175

## Conclusion

For the foregoing reasons, Mattel's motion should be granted in its entirety.

DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Timothy L. Alger
Attorneys for Mattel, Inc.

EXHIBIT ____8____
PAGE ____176____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# __EXHIBIT 9__

**EXHIBIT TO:**   **DECLARATION OF LARRY W. MCFARLAND IN SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL

(310) 777-3750

WRITER'S EMAIL

lmcfarland@kmwlaw.com

www.kmwlaw.com

October 26, 2007

VIA FACSIMILE, E-MAIL, AND U.S. MAIL

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Michael,

Pursuant to our agreed upon protocol for inspection of the computer hard drives of Margaret Leahy, Elise Cloonan, and Sarah Halpern, we have reviewed the Bates stamped documents received from Data Chasers, Inc. for privilege.

Our review did not reveal any documents which should be withheld for privilege. However, due to the manner in which the search terms were applied to each hard drive, many non-responsive documents were pulled by Data Chasers, Inc. For example, it appears as though each hard drive was searched using the particular owner's name, which inadvertently pulled many non-responsive documents containing personal emails that are not relevant to this case. For example, Ms. Cloonan's computer was searched for documents that contained her name. The result is that none of the documents located by the expert on Ms. Cloonan's computer relate in any way to the case.

Pursuant to the protocol, Data Chasers, Inc. will be providing you with all the documents and data, including the native files. I believe that after your review, you will agree that many of the documents are non-responsive and should be removed from the production accordingly. Please contact me to discuss this matter as soon as you have had a chance to review the documents. Please note though that all of these documents should be classified as **CONFIDENTIAL – ATTORNEYS' EYES ONLY**.

Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/ccd
cc: Rick Albee

EXHIBIT___9___
PAGE___177___

**Carter Bryant v. Mattel Inc.**
Case No.: CV 04 – 09049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727
Hon. Stephen G. Larson

# **EXHIBIT 10**

**EXHIBIT TO:**   **DECLARATION OF LARRY W. MCFARLAND IN SUPPORT OF SUR-REPLY IN RESPONSE TO ORDER TO SHOW CAUSE OF LARRY MCFARLAND, LUCY ARANT, SARAH HALPERN, AND PETER MARLOW**

quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 2, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:   <u>Bryant v. Mattel, Inc.</u>

Dear Larry:

I am writing in response to your letters of October 26, 2007 and November 1, 2007, regarding the scheduling of the depositions of your clients, Veronica Marlow, Margaret Hatch Leahy and Elise Cloonan.

As you know, Mattel has been actively seeking to schedule the depositions of these key witnesses since June 2007 — for about five months. After months of back and forth, you finally offered dates in late October for Ms. Leahy's and Ms. Halpern's depositions and in early November for Ms. Marlow's and Ms. Cloonan's depositions.

As a result of the stay Orders obtained by MGA, these depositions had to be continued. Their prompt rescheduling is an urgent matter, and Mattel needs to depose these individuals as soon as possible. Even as extended by the Court, the Phase 1 fact discovery cutoff is less than three months away. Mattel anticipates the testimony of these key witnesses will likely result in the need for further discovery. Accordingly, please provide available dates in the last half of November for Ms. Leahy and Ms. Marlow and dates by early December for Ms. Cloonan. Given the already considerable delay and that the we have met and conferred already, should you fail to provide us with such dates by November 9, 2007, we will file a motion to compel and may seek sanctions.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___10___

PAGE _02_  _178_

Also, you have demanded in prior correspondence that Mattel provide you with the Attorneys' Eyes Only designated documents that Mattel plans to use during the depositions of your clients, and grant permission to show these documents to your clients. We do not understand the basis for this request to Mattel. Mattel obviously is not in a position to grant your clients permission to view documents designated as Attorneys' Eyes Only by your other client, MGA. Moreover, pursuant to paragraph 6(c) of the Protective Order, Attorneys' Eyes Only documents can be disclosed under proper circumstances to "the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY." Thus, there is no need for Mattel to provide you with permission to show such documents to your clients prior to their depositions — your clients can review documents they have sent or received in any case. Nor, in any event, is Mattel willing to provide your third-party clients with a roadmap of its examinations in the manner you demand.

I look forward to hearing from you promptly as to when these depositions will proceed.

Very truly yours,

Dylan Proctor D.S

B. Dylan Proctor

07975/2284301 1

2

EXHIBIT 10

PAGE 03 179