QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL THE DEPOSITIONS OF MATTHEW BOUSQUETTE AND TINA PATEL<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

DECLARATION OF B. DYLAN PROCTOR

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.      I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel")  I make this declaration in support of Mattel's Opposition to MGA Defendants' *Ex Parte* Application to Compel the Depositions of Matthew Bousquette and Tina Patel.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      On February 15, 2008, I met and conferred with Jason Russell, counsel for MGA, and others regarding Mattel's contemplated motion for summary judgment. At that time, Mattel contemplated moving for partial summary judgment on the MGA parties' unclean hands defense insofar as it relates to Phase One. Attached as Exhibit 1 is a true and correct copy of a letter I sent to counsel for Bryant and MGA, dated February 5, 2008, requesting a conference of counsel regarding Mattel's Phase One Motion for Partial Summary Judgment.  Attached as Exhibit 2 is a true and correct copy of Mr. Russell's response to me, dated February 11, 2008.

3.      During our call, Mr. Russell advised me that he thought it likely that MGA would be withdrawing that defense as to Phase One. He acknowledged that, if it was going to stay in the Phase 1, then MGA owed Mattel "a bunch of discovery" on it. Later that day, the MGA parties filed a notice of withdrawal of the defense as to Phase One.  Attached as Exhibit 3 is a true and correct copy of MGA's Notice of Withdrawal of Unclean Hands Affirmative Defense as it Pertains to Phase 1, dated February 15, 2008.

4.      In a letter dated December 11, 2007, a true and correct copy of which is attached as Exhibit 4, counsel for Mattel discussed MGA's counsel's representation that MGA's document production in this case was "substantially complete."  Since

that date, MGA has produced more than 430,960 pages of documents.  Moreover, Mattel has numerous motions to enforce the Court's Orders granting discovery and motions to compel discovery pending as of the present date.

5.     Attached as Exhibit 5 is a true and correct copy of Mattel, Inc.'s *Ex Parte* Application: (1) to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc. (Pursuant to Rule 30(b)(6), and MGAE de Mexico (Pursuant to Rule 30(b)(6)) and (2) for Leave to Take Depositions in February 2008, dated January 28, 2008.

6.     Attached as Exhibit 6 is a true and correct copy of the Court's January 7, 2008 Order.

7.     Attached as Exhibit 7 is a true and correct copy of the Court's July 2, 2007 Minute Order.

8.     Attached as Exhibit 8 is a true and correct copy of Mattel's Memorandum Regarding Trial Structure, dated June 20, 2007.

9.     Attached as Exhibit 9 is a true and correct copy of relevant excerpts from the February 4, 2008 Hearing Transcript.

10.     Attached as Exhibit 10 is a true and correct copy of the Court's February 4, 2008 Minute Order.

11.     Attached as Exhibit 11 is a true and correct copy of Mattel's Second Amended Answer and Counterclaims, dated July 12, 2007, excluding Exhibit C.

12.     Attached as Exhibit 12 is a true and correct copy of MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Larian's Initial Disclosures under Rule 26(a)(1), at p. 2, dated December 21, 2007.

13.     Attached as Exhibit 13 is a true and correct copy of the Amended Answer and Affirmative Defenses of MGA Entertainment, Inc., MGA Entertainment (HK) Ltd. and MGAE de Mexico S.R.L. de C.V. to Mattel's Second Amended Answer and Counterclaims, dated September 19, 2007.

07209/2411382.2

DECLARATION OF B. DYLAN PROCTOR

14.     Attached as Exhibit 14 is a true and correct copy of relevant excerpts from the February 13, 2007 Hearing Transcript.

15.     Attached as Exhibit 15 is a true and correct copy of MGA's Complaint in Case No. 05-02727, dated April 13, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2008, at Los Angeles, California.

/s/ B. Dylan Proctor

_____
B. Dylan Proctor

-3-

DECLARATION OF B. DYLAN PROCTOR

**EXHIBIT 1**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 5, 2008

VIA EMAIL AND U.S. MAIL

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:    Mattel, Inc. v. Bryant, et al.

Dear Counsel:

Pursuant to Local Rule 7-3, we write to request a conference of counsel regarding Mattel's anticipated Phase 1 motion for summary judgment.  Mattel anticipates that the motion will raise the following issues:

**The Inventions Agreement Is Enforceable, and Encompasses All Doll Ideas and Designs That Bryant Conceived or Created While Employed By Mattel**

Mattel will seek to dispose of any remaining challenges to the enforceability or interpretation of the Inventions Agreement ("Agreement").  Defendants' characterization of the Agreement as a "contract of adhesion" proves nothing, and the Court has previously ruled it is enforceable.  *See, e.g., Perdue v. Crocker National Bank*, 38 Cal. 3d 913, 925 (1985).  Similarly, defendants' contention that the Inventions Agreement does not encompass copyright subject matter and/or ideas is without merit and simply misreads the Agreement.  Under the Agreement, Mattel owns all doll ideas and/or designs conceived or created by Bryant while in Mattel's employ.

**Defendants' Affirmative Defenses of Estoppel, Waiver, Consent and Acquiescence Fail**

Mattel will seek a ruling that Defendants' other defenses to the enforceability of the Agreement also fail.  The defense that Mattel waived (or is estopped, or consented, or acquiesced or has unclean hands) by allegedly not prosecuting misconduct similar to Bryant's fails both as a matter

EXHIBIT _____

**quinn emanuel urquhart oliver & hedges, llp**

PAGE _____

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

of law and on the facts. Under the Copyright Act and in common law, a failure to prosecute rights against a third party is not probative of intent to waive rights against a defendant. *See, e.g., Paramount Pictures Corp. v. Carol Publishing Group*, 11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998) ("Extending the doctrine of estoppel so that a defendant may rely on a plaintiff's conduct toward another party is both unsupported by law and pernicious as a matter of policy."); *Emerson Electric Co. v. Rogers*, 418 F.3d 841, 844-845 (8th Cir. 2005).

Moreover, these defenses are not supported by the evidence. To establish its affirmative defenses, defendants bear the burden of proving that Mattel intentionally relinquished known rights after full knowledge of all the facts. Because no reasonable trier of fact could find that Mattel intentionally relinquished its rights to the Bratz franchise after full knowledge of defendants' misconduct, Mattel is entitled to summary judgment on these defenses.

## Bryant Is Liable for Breach of Fiduciary Duty and The Duty of Loyalty, and Breach of Contract, and MGA Is Liable for Aiding and Abetting These Breaches

Mattel will seek a finding of liability for Mattel's claims and counterclaims for breach of contract, breach of fiduciary duty, and breach of the duty of loyalty against Bryant and a finding of liability against MGA Entertainment, Inc. and Isaac Larian for Mattel's claims for aiding and abetting breaches of duty of loyalty and breach of fiduciary duty. Under California law every employee owes a duty of undivided loyalty to his employer, and may not take any action that is adverse to his employer. *See, e.g., Stokes v. Dole Nut Co.*, 41 Cal. App. 4th 285, 295 (1995). "Where a person is employed to design improvements to the product of his employer, or to design new products for his employer, and he does so, he may not use the results of such work for his own benefit and particularly not to the detriment of his employer." *Daniel Orifice Fitting Co. v. Whalen,* 198 Cal. App. 2d 791, 797 (1962). Bryant also owed Mattel a fiduciary duty because the Agreement imposes on him a position of trust, and because Mattel granted Bryant access to highly confidential information, among other reasons. *See, e.g., Stevens v. Marco*, 147 Cal.App. 2d 357 (1956) (fiduciary relationship existed because one party confidentially entrusted another with "a new and valuable idea"); *Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1581 (1994) ("Confidential and fiduciary relations are, in law, synonymous, and may be said to exist whenever trust and confidence is reposed by one person in the integrity and fidelity of another.")

Discovery has uncovered extensive evidence of Bryant's disloyalty. Bryant worked for MGA (and was paid by MGA) while employed by Mattel. Bryant secretly entered into a contract with MGA that required him to provide design services to MGA on a "top priority" basis while employed by Mattel. Bryant worked on a line of dolls while employed by Mattel and did not disclose that work to Mattel. These are clear breaches of Bryant's duties to Mattel.

MGA and Isaac Larian knew that Bryant was a Mattel employee when they first met with him. They also knew or should have known that Bryant had pre-existing obligations to Mattel, including a duty to assign to Mattel all designs created while employed there. This and other evidence amply support a finding of aiding and abetting liability.

EXHIBIT _____

PAGE _____

**Defendants' Affirmative Defenses of Unclean Hands Fail As To Phase 1 Claims and Counterclaims**

Defendants' unclean defense fails as to all Phase 1 claims and counterclaims because the alleged improper conduct that forms the basis for the MGA defendants' unclean hands defense has nothing to do with the claims in Phase 1. Further, the alleged defense is unsupported by evidence.

**Defendants' Statute of Limitations and Laches Affirmative Defenses Fail**

The Court has rejected defendants' statute of limitations and laches defenses in the past. Mattel will seek a ruling rejecting these defenses. The shortest pertinent statute of limitations is two years. *See, e.g.,* Cal. Code of Civ. Proc. § 339(1). Because Mattel filed suit less than two years after its claims accrued and its Phase 1 counterclaims relate back, its claims are timely.

The defense of laches also fails. "Laches is not available as a defense to an action at law." *Abbott v. City of Los Angeles*, 50 Cal. 2d 438, 462 (1958). Moreover, defendants have not been prejudiced by any alleged delay. Even after Mattel brought suit, they proceeded with developing and producing the infringing Bratz dolls. *See, e.g., Russell v. Price*, 612 F.2d 1123, 1126 (9th Cir. 1979) ("Defendants at no time changed their film distribution activities in reliance on [Plaintiff's] conduct. Defendants cite no case in which a false sense of security alone has been enough to bar an otherwise proper claim."); *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 942 (7th Cir. 1989) (no detrimental reliance where the defendant commenced marketing of infringing works prior to learning of the plaintiff's claim). Mattel did not unreasonably delay filing suit.

**Defendants' *Bona Fide* Purchaser, Good Faith and 17 U.S.C. § 205(d) Affirmative Defenses Fail**

Defendants assert that Section 205(d) of the Copyright Act bars Mattel's claim for copyright infringement, and also assert a variety of other "good faith" defenses. These defenses lack merit. MGA has admitted that it did not record its purported assignment from Bryant, rendering any claim to priority under Section 205 invalid. Moreover, the facts show that MGA has not acted in good faith, and, without more, good faith is not a defense to Mattel's copyright infringement claim.

**Mattel Owns Drawings Bryant Created While Employed by Mattel**

Mattel also intends to seek a finding that specific drawings which Bryant indisputably created while employed by Mattel are owned by Mattel under the Inventions Agreement.

* * *

3

EXHIBIT _____

PAGE _____

In addition to these substantive issues, we also wish to invite a discussion the length of the motion papers, and the appropriate briefing schedule. We look forward to discussing these matters with you. Please let us know your availability.

Very truly yours,

B. Dylan Proctor
07209/2378698.3

4

EXHIBIT _____

**EXHIBIT 2**

**RECEIVED**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP    FEB 1 3 2008

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5328
EMAIL ADDRESS
JRUSSELL@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 11, 2008

**VIA FACSIMILE & U.S. MAIL**

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

RE:    *Mattel, Inc. v. Bryant*

Dear Dylan:

We received your letter of February 5, 2008 requesting a conference of counsel regarding Mattel's Phase 1 motion for summary judgment. I have spoken with Mr. Bryant's counsel and MGA and Mr. Bryant likewise request a conference of counsel to discuss MGA's and Mr. Bryant's Phase 1 summary judgment motions, which will raise many of the issues raised in Mattel's letter. In light of pending discovery and expert reports, neither MGA nor Mr. Bryant are prepared yet to provide a summary of issues in any detail. However, we will be in a position to meet and confer on these issues by the end of the week and propose that counsel set the conference for Friday, February 15, 2007, at a time and place that are mutually convenient to all counsel. At that same meeting, we would like to discuss the briefing schedule and whether any party or parties believe that they will need additional pages on the briefs. Please let us know your availability for Friday.

Sincerely,

Jason D. Russell

EXHIBIT _____

PAGE _____

**EXHIBIT 3**

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

KENNETH PLEVAN (admitted *pro hac vice*)
(kplevan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10046
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE 1 |
| v. | |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE I

EXHIBIT _____

PAGE _____

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the MGA Parties hereby withdraw their affirmative defense based on unclean hands as it pertains to Phase 1 of this action.  The MGA Parties will assert unclean hands as an affirmative defense only in connection with Phase 2 of this action.


DATED:  February 15, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan
Attorney for MGA Entertainment, Inc.

EXHIBIT _____

PAGE _____

**EXHIBIT 4**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 11, 2007

**FACSIMILE AND U.S. MAIL**

Marcus Mumford, Esq.
Skadden Arps Slate Meagher & Flom, LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:   Mattel v. Bryant

Dear Marcus:

I write in response to your December 10, 2007 letter sent after the close of business. I write specifically to correct the false statements that I have previously corrected and that I have repeatedly corrected, but with which you persist.

First, Adrienne Fontanella, Matt Bousequette, Tina Patel and Ivy Ross are not Mattel employees, but third parties. My firm represents them, but I never represented at the November 16 meeting of counsel or at any other time that they are reasonably available at times unilaterally dictated by MGA. They are not.

Second, Mattel never agreed to produce any witness on the dates dictated by MGA. You and I discussed this at length at a meeting of counsel last Thursday. At that conference of counsel, I unequivocally stated that Mattel had requested a range of dates when MGA would be available to take Ms. Fontanella's deposition, and you provided dates which provided almost no notice for her. Indeed, you were told at our meeting of counsel on November 21, 2007 that Ms. Fontanella was available through only the first part of December and then not until January so you needed to advise us promptly if MGA would be in a position to take her deposition in December. You failed to do so. Mattel is working to find a date for her, and will let you know as soon as we have an available date.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2320353.1

**EXHIBIT _____**

**PAGE _____**

Third, Mattel never agreed to produce Mr. Bousquette before MGA made the representation -- required by Judge Infante -- that its unfair competition document production is substantially complete. Quite the opposite was true. We reminded you and your colleagues of this at the November 21, 2007 conference as well. MGA has known of this requirement for almost a month, but was willing to make that representation for the first time yesterday. Now that it has been willing to do so, Mattel will seek a date from Mr. Bousequette. Please be advised, however, that such a date will not be in December. Nor is there any requirement that it be in December because Mr. Bousequette, to Mattel's knowledge, does not have knowledge relating to the claims at issue in Phase 1. Rather, a deposition for Mr. Bousquette will likely be after the close of Phase 1 discovery so, as you explained in your November 29, 2007 letter, the parties can concentrate on Phase 1 discovery.

Fourth, Ms. Ross, as I advised you on November 16, 2007, is available for deposition on January 17, 2008 as both Mattel's designee and individually. As a third-party she will not, as Judge Infante has already provided direction on, be deposed twice. The scheduling of this date has nothing to do with Mattel's willingness or unwillingness to produce Ms. Ross. Ms. Ross is a senior executive at a third-party. January 17th is the date that she is available for deposition. Indeed, we had offered Ms. Ross for multiple dates in the past that MGA elected not to take.

Fifth, as you and I discussed last Thursday, the parties have a dispute over the scope of the topics as to which Mattel contemplated designating Mr. de Anda. You and I agreed that the deposition of Mr. de Anda, as an individual, not as a Mattel designee, would go forward on December 19. At this time and until Judge Infante rules on the scope of the Topics in dispute, Mattel will not make Mr. de Anda a designee. Of course, if MGA is willing to reconsider its rejection of Mattel's proposals to properly narrow the Topics, we can revisit that issue.

Sixth, Mattel served supplemental responses to MGA's First Set of Interrogatories last week. Mattel will serve supplemental responses to Bryant's First Set of Interrogatories by tomorrow. The delay in serving these responses was because Mattel was reviewing, and continues to review the documents produced by MGA, including documents that for various technical reasons (including those for which MGA was responsible for) were not accessible to us. Notably, Mattel's supplemental responses far exceed the cursory "supplemental" responses that your firm has recently provided and which were the subject of a meeting of counsel yesterday, at which MGA did not agree to provide remotely complete responses to Mattel's interrogatories.

Finally, Mattel has not engaged in a pattern of delay. To the contrary, as reflected in your letter, Mattel has provided or has agreed to provide for deposition before the close of Phase 1 discovery the witnesses who MGA has identified who possess information related to Phase 1 claims—a request that you yourself made. Rather, MGA, not Mattel, has engaged in a repeated pattern of delay and disruption, as reflected most recently by MGA's failure to comply with its representations that it would address Mattel's complaints about the deficiencies in MGA's interrogatory responses. This is consistent with MGA's conduct that both before and after it retained your firm to represent it, and continues to this day.

EXHIBIT _____

PAGE _____

We can either cooperate in the scheduling of depositions, as Mattel has been and MGA has not (notably we do not have dates for the continuance of Mr. Larian's deposition which Mattel has repeatedly requested), or you can run to Judge Infante.  Please be advised, however, that Mattel will oppose MGA's application and will serve its own ex parte application seeking a date for the continuance of Mr. Larian's deposition, Bryant's deposition, Farhad Larian's deposition and the other depositions that we have requested dates for at the same time.

If you have any questions regarding the foregoing, please do not hesitate to call.


Best regards,

Jon Corey

Jon Corey

cc: Christa Anderson

EXHIBIT _____

PAGE _____

**EXHIBIT 5**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION: (1) TO COMPEL DEPOSITIONS OF DAPHNE GRONICH, JOE TIONGCO, MARIANA TRUEBA, PABLO VARGAS, MGA ENTERTAINMENT, INC. (PURSUANT TO RULE 30(B)(6), AND MGAE DE MEXICO (PURSUANT TO 30(B)(6) AND (2) FOR LEAVE TO TAKE DEPOSITIONS IN FEBRUARY 2008; OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR A MOTION SEEKING THE FOREGOING RELIEF; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing Date:  N/A<br>Time: N/A<br>Courtroom:  N/A<br><br>[Declarations of Jon D. Corey, Timothy Alger, |

EXHIBIT ____

PAGE _____

MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

1

Scott B. Kidman, Brian Shore, Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Christopher E. Price filed concurrently]

2

3

**Phase 1:**
Discovery Cut-off:        January 28, 2008
Pre-trial Conference:    May 5, 2008
Trial Date:                   May 27, 2008

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____

PAGE _____

07209/2362187.4

2

MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

1            Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply

2    *ex parte*, pursuant to <u>Local Rule</u> 7-19 and <u>Fed. R. Civ. P.</u> 37, for an order

3    (1) granting Mattel leave to take the depositions of witnesses whose testimony is

4    relevant to Phase 2 issues on or before February 29, 2008, and (2) compelling Joe

5    Tiongco, Daphne Gronich, Mariana Trueba, Pablo Vargas, MGA

6    Entertainment, Inc., and MGAE de Mexico, to appear for deposition on or before

7    February 29, 2008; or, in the alternative, for an order shortening time to hear a

8    motion seeking such relief. Mattel brings this motion before this Court, and not

9    before the Discovery Master, because Mattel is seeking to compel compliance with

10   this Court's January 7, 2008 Order granting leave to depose certain witnesses.[1]

11           This application is made on the grounds that--as the Court has already

12   recognized--the witnesses have crucial knowledge concerning the parties' claims

13   and the depositions can be conducted in February without affecting the Court's

14   pretrial schedule for Phase 1 of the trial, set to commence May 27, 2008. Additional

15   time is required to conduct this discovery because the MGA parties frustrated

16   Mattel's ability to subpoena certain of MGA's employees, moved to quash

17   deposition subpoenas directed to other witnesses, refused to produce two properly

18   subpoenaed witnesses for deposition, and failed or refused to stipulate to allow third

19   parties who could not appear for deposition on or before January 28, 2008, to appear

20   thereafter. Mattel would be severely prejudiced if this matter were heard according

21   to regularly noticed motion procedures because it would not be able to complete

22   discovery to which it is indisputably entitled.

23           The parties have met and conferred regarding these issues and have

24   been unable to resolve their differences.[2]

25   

---

26   [1]   The Order explained that the Court seeks to resolve the parties' deposition issues "in the most expeditious manner possible."

27   [2]   Declaration of Jon D. Corey ("Corey Dec."), ¶¶ 5, 7, 9-13, 17, 20, 24; Exhs. 4, 5, 8, 9, 10, 15, 21, 23 to the Corey Dec. All exhibits are to the Corey Dec. unless otherwise stated. Declaration of Christopher E. Price ("Price Dec."), ¶¶ 10-11.

28   

EXHIBIT _____

3

PAGE _____

MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

1    This application is based on this Application, the accompanying
2    Memorandum of Points and Authorities, the concurrently filed declarations of
3    Jon D. Corey, Timothy Alger, Scott Kidman, Christopher E. Price, Brian Shore,
4    Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Fred
5    Lowe and all pleadings and papers on file with the Court in this action.

6    Pursuant to <u>Local Rule</u> 7-19.1, counsel for Mattel gave notice of this
7    application to counsel for all other parties and the witnesses via telephone and letter
8    on January 27, 2008.

9    Counsel for Carter Bryant is Michael Page of Keker & Van Nest, LLP
10   (telephone: 415-391-5400; address:  710 Sansome Street, San
11   Francisco, CA 94111).  Mr. Bryant opposes the ex parte application.

12

13   Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,
14   MGAE de Mexico and Isaac Larian is Thomas J. Nolan of Skadden,
15   Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address:
16   300 S. Grand Ave., Los Angeles, CA 90071).  The MGA defendants
17   oppose the ex parte application.

18

19   Counsel for Gustavo Machado Gomez is Alexander Cote of Overland
20   Borenstein Scheper & Kim, LLP (telephone: 213-613-4655; address:
21   300 South Grand Avenue, Suite 2750, Los Angeles, CA 90071).

22

23   Larry McFarland of Keats McFarland & Wilson LLP was also provided
24   notice of this application by e-mail and letter  (telephone:  310-248-
25   3830; address:  9720 Wilshire Boulevard, Penthouse Suite, Beverly
26   Hills, California 90212).

27

28

EXHIBIT _____

1        Each of the foregoing was notified of this application.  Counsel for

2   MGA and Carter Bryant stated that their clients opposed the application, but did not

3   state whether they wished to be heard.  Mattel does not have knowledge of the

4   positions of Mr. Machado or Mr. McFarland with respect to it.

5

6   DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8                                     By  /s/  Jon D. Corey
9                                        Jon D. Corey
                                         Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    EXHIBIT _____

                                      PAGE _____

                    MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................ 1

STATEMENT OF FACTS ..................................................................... 2

ARGUMENT ..................................................................................... 5

I.   MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN DEPOSITIONS IN FEBRUARY ............................................................. 5

   A.   Several Witnesses Stated that They Could Not Appear Until After the Discovery Cutoff Date ..................................................... 5

   B.   Despite Mattel's Diligent Efforts, Some Important Witnesses Have Not Yet Been Served ........................................................ 6

   C.   Mattel Has Moved to Obtain a Letter Rogatory to Take the Deposition of MGA Employee Jeanine Brisbois ............................. 9

   D.   Mattel Needs Additional Time to Serve Other Foreign Witnesses ........ 9

   E.   Mattel Has Moved to Compel the Deposition of Carlos Gustavo Machado Gomez ..................................................................... 9

II.  THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES IN FEBRUARY. ................................................................................. 11

CONCLUSION ................................................................................. 14

EXHIBIT _____

PAGE _____

-i-

07209/2362187.4

# TABLE OF AUTHORITIES

**Page**

## Cases

Founding Church of Scientology of Washington, D.C. v. Webster,
  802 F.2d 1448 (D.C. Cir. 1986) ................................................................ 13

In re Honda American Motor Co.,
  168 F.R.D. 535 (D. Md. 1996) ................................................................ 13

Reed Paper Co. v. Procter & Gamble Distributing Co.,
  144 F.R.D. 2 (D. Me. 1992) ................................................................ 12

Rubio v. General Tire and Rubber Co.,
  18 F.R.D. 51 (S.D.N.Y. 1955) ................................................................ 12

Sugarhill Records Ltd. v. Motown Record Corp.,
  105 F.R.D. 166 (S.D.N.Y. 1985) ................................................................ 13

## Statutes

Fed. R. Civ. P.
  Rule 26(a)(1) ................................................................ 6
  Rule 30 ................................................................ 12
  Rule 30(b)(6) ................................................................ 2, 13

EXHIBIT _____

PAGE _____

07209/2362187.4

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel makes this application because MGA has frustrated and obstructed Mattel's efforts to take the depositions that the Court allowed in its January 7, 2008 Order. On January 7, 2008, the Court granted Mattel leave to take over 40 specifically identified depositions beyond the 24 permitted in the Scheduling Order. But they had to be taken by January 28, 2008.

So far this month, Mattel has taken and defended over 30 days of deposition. Because Mattel was prevented from completing the depositions of persons who were either properly subpoenaed or who are subject to the Court's January 7 order, Mattel seeks leave to depose all such persons during February 2008. The depositions that Mattel now seeks to conduct in February will not interfere with the Court's Phase 1 schedule.

The depositions that the Court ordered, but that Mattel could not complete before January 28, 2008, fall into three categories:

1) Properly served third-parties who were not available before January 28, and as to whom MGA refused to stipulate to taking their depositions in February; including without limitation, Joyce Ng, Rachel Harris, Andrea Koch, Gentle Giant Studios, Amy Myers, Christensen Glaser, and Kami Gilmour;

2) Witnesses subject to the January 7 Order, including Larry McFarland (who is himself counsel for some witnesses), who appear to be avoiding service. Despite Mattel's diligent efforts, they have not been served. MGA forced Mattel to serve other witnesses although MGA represented in its disclosures that they could be contacted through MGA's counsel, but then refused to accept service on their behalf and withheld the witnesses' contact information; and,

EXHIBIT ____

PAGE ____

1

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1          3) Witnesses whose deposition notices and subpoenas MGA has asked

2  Judge Infante to quash, including the following deponents subject to the

3  January 7 Order:  Daphne Gronich, Joe Tiongco, Wachovia Corporation,

4  Moss Adams, MGA (pursuant to Rule 30(b)(6)), and MGAE de Mexico

5  (pursuant to Rule 30(b)(6)).

6        Accordingly, Mattel seeks to compel the attendance Daphne Gronich,

7  Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, and MGAE de

8  Mexico and seeks leave to depose on or before February 29, 2008 all witnesses

9  already served with subpoenas or subject to the Court's January 7, 2008 Order

10  whose testimony is relevant to Phase 2 issues.

11

12                    **Statement of Facts**

13

14      <u>The Court Grants Leave to Take Additional Depositions</u>.  On

15  November 19, 2007, Mattel moved for leave to take additional discovery.  On

16  January 7, 2008, the Court issued an Order Granting in Part and Denying in Part

17  Mattel's Motion for Leave to Take Additional Discovery.  The Court concluded that

18  "Mattel has shown good cause to grant additional discovery given the complexity of

19  this case, the number of parties, recent developments related to the substitution of

20  counsel, the concerns regarding retention and spoliation of evidence, and the delay

21  in receiving paper discovery caused by numerous discovery requests and a Court-

22  imposed stay requested by MGA upon substitution of counsel."[3]  As a result, the

23  Court granted Mattel leave to take the depositions of all the witnesses identified in

24  Mattel's motion.[4]  The Court denied Mattel's motion only to the extent that Mattel

25  sought to conduct a further deposition of Carter Bryant.[5]

26  ———————————————

27    [3]  Exh. 3, at 2-3 [January 7, 2008 Order] to the Declaration of Jon D. Corey ("Corey Dec."). All exhibits are attached to the Corey Dec. unless otherwise stated.
    [4]  <u>Id</u>., at 2-3.

28    [5]  <u>Id</u>.              EXHIBIT ____

                                 2    PAGE ____

1    The Order compelled counsel to "coordinate their schedules with those

2  of the deponents" and further required that the depositions be held by January 28,

3  2008.[6]  Since the date of the Order, the parties have taken or defended over 30

4  depositions.  Evidently anticipating that some witnesses might not find it convenient

5  to be deposed prior to January 28 and that the parties might have difficulty

6  scheduling such a large number of depositions to occur by then, the Court created an

7  exception:

> [I]n light of the additional discovery permitted by this
> Order, and to the extent that counsel for the parties who
> are asserting or defending against claims to be tried in
> Phase 2 of the trial are in agreement, the Court will
> consider a stipulation of those parties that designates
> certain  Depositions as "Phase 2" depositions that may be
> conducted during the month of February, if counsel can
> assure the Court that such depositions can be so conducted
> without altering the Court's pretrial schedule regarding
> Phase 1.

14    <u>Mattel's Efforts to Serve the Additional Witnesses</u>.  After Mattel

15  received the January 7, 2008 Order, it immediately began working to serve notices

16  and subpoenas on the relevant witnesses.  MGA hampered those efforts.  MGA

17  refused to accept service subpoenas or notices on behalf of many employees, even

18  claiming that its vice-presidents, directors, and managers were not officers, directors

19  or managing agents and thus needed to be served with subpoenas.  MGA did so even

20  though its disclosures stated that these same witnesses "may be contacted through

21  MGA's counsel of record."[7]  Those witnesses included Shirin Salemnia, Mariana

22  Trueba, Janine Brisbois, and Pablo Vargas.[8]  Based on MGA's supplemental

23  disclosures and the positions of the witnesses with MGA, Mattel served notices of

EXHIBIT _____

PAGE _____

---

[6]  <u>Id.</u>, at 5.

[7]  Corey Dec., ¶ 5; Exh. 6 [MGA's Supplemental Initial Disclosures].

[8]  Exh. 6 [MGA's Supplemental Initial Disclosures].

07209/2362187.4

1  deposition.[9]  However, with some exceptions MGA refused to accept service of

2  deposition subpoenas or notices on their behalf.[10]

3          Not only was Mattel forced to find addresses -- some previously

4  withheld by MGA on the grounds that MGA was the proper point of contact -- for

5  over 20 witnesses, but working under a compressed schedule it had to attempt to

6  personally serve subpoenas on over 30 witnesses across the country.  Various of the

7  witnesses, despite numerous attempts to serve them, have not yet been served.[11]

8          <u>Mattel Has Already Deposed Many of the Witnesses Subject to the</u>

9  <u>January 7 Order.</u>  Despite the challenges posted by the compressed schedule Mattel

10  has deposed many of the witnesses the Court granted it leave to conduct in its

11  January 7, 2008 Order, including, Margaret Leahy, Veronica Marlow, Elise

12  Cloonan, Jesse Ramirez, Jeane Galvano, Susan A. Kuemmerle, Nana Ashong,

13  Kickapoo High School, Anne Wang, David Rosenbaum, Mitchell Kamarck, LA

14  Focus, Nic Contreras, and Dan Cooney.

15          At the same time, Mattel has cooperated fully with MGA in producing

16  Mattel witnesses for deposition.  With but one exception, Mattel has produced all

17  witnesses MGA has sought.  The only exception is Evelyn Viohl, who gave birth

18  last week.

19

20

21

22

23

24                                      EXHIBIT _____

25                                      PAGE _____

---

26  [9]  Exhs. T through Y to the Price Dec.; Exhs. 16 and 17 to the Corey Dec.

27  [10]  Corey Dec., ¶ 5; Exhs. 4 and 5.

28  [11]  Price Decl., ¶¶ 2, 16; Declarations of Brian Shore, Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, and Kenneth Wright.

1

## Argument

2

3  I.    **MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN**

4        **DEPOSITIONS IN FEBRUARY**

5              Although Mattel has diligently attempted to take over 40 depositions

6  within a two-and-a-half week period, some third-party witnesses were unable to

7  appear for deposition before January 28, but have agreed to appear in February.  The

8  testimony of these witnesses will not affect the Court's pretrial schedule for the

9  Phase 1 trial, set to commence May 27, 2008.  The opposing parties, although

10  repeatedly asked, refused to stipulate that these depositions could occur in February.

11  For these reasons, the Court should grant Mattel leave to take additional depositions

12  in February 2008.

13        A.    **Several Witnesses Stated that They Could Not Appear Until After**

14              **the Discovery Cutoff Date**

15              Several third-party witnesses, after being served with deposition

16  subpoenas, informed Mattel that they could not appear for their depositions by

17  January 28, but requested accommodation of their schedules.  These witnesses

18  include:

19        •   Jorge Castilla;[12]

20        •   Joyce Ng;[13]

21        •   Gentle Giant Studios;[14]

22        •   Wachovia Corporation;[15]

23        •   Moss Adams;[16]

24  _____

25  [12]  Corey Dec., ¶ 8(b).
    [13]  Declaration of Scott Kidman, ¶ 2.

26  [14]  Declaration of Timothy Alger, ¶ 2.
    [15]  Corey Dec., ¶ 8(c).  Wachovia Corporation is also a subject of MGA's Motion

27  to Quash.
    [16]  Corey Dec., ¶ 8(d).  Moss Adams is also a subject of MGA's Motion to

28  Quash.                                                 EXHIBIT _____

07209/2362187.4

                                            PAGE _____

                                      5

1  • Andreas Koch;[17]

2  • Christensen Glaser;[18]

3  • Amy Myers;[19]

4  • Rachel Harris;[20] and,

5  • Kami Gilmour.[21]

6       To accommodate the third-parties, Mattel asked MGA, Machado

7  Gomez, and Bryant to stipulate that the depositions of the above persons could

8  proceed in February 2008.  They either refused to do so or did not respond.[22]

9  Accordingly, the Court should grant Mattel leave to conduct these depositions in

10 February 2008.[23]

11     **B.**   **<u>Despite Mattel's Diligent Efforts, Some Important Witnesses Have</u>**

12        **<u>Not Yet Been Served</u>**

13      Despite attempting to serve deposition notices and schedule over 40

14 depositions within 19 days, Mattel has been unable to arrange the deposition of

15 some witnesses.

16      In many instances, MGA delayed and impaired Mattel's efforts to

17 arrange depositions.  As discussed above, despite identifying many of these same

18 witnesses in its initial disclosures, MGA refused to provide witnesses' addresses and

19 telephone numbers as required by <u>Fed. R. Civ. P.</u> 26(a)(1).  Instead, MGA stated

20 that they could be contacted through MGA's counsel.  However, when Mattel

21 requested that MGA accept service of deposition subpoenas for witnesses identified

22

23 [17] Corey Dec., ¶ 8(a); Price Dec., ¶ 7.
   [18] Price Dec., ¶ 6.
24 [19] Corey Dec., ¶ 8(f) .
   [20] Price Dec., ¶ 14.
25 [21] Corey Dec., ¶ 8(e).
   [22] Corey Dec., ¶ 9; Exhs. 8, 9, and 10.
26 [23] MGA did stipulate that Moss Adams and Wachovia depositions will go
27 forward after the Discovery Master rules on document motions that affect the
   documents available for those depositions.  MGA then moved to quash the
28 deposition subpoenas served on them.         EXHIBIT _____

1   in MGA's initial disclosures, MGA refused.  As a result, Mattel was forced to

2   attempt to discover their addresses (often finding several possible addresses for a

3   given witness).[24]

4          Even after obtaining address information, some witnesses have proven

5   elusive and appear to be avoiding service.  For example, Mattel requested that Larry

6   McFarland accept service on behalf of himself and his clients.[25]  After failing to

7   respond for four days, he refused and Mattel began attempting to personally serve

8   Mr. McFarland and his clients.[26]  The process server made six attempts to serve

9   Lucy Arant at her home and work place, including waiting for her for hours.[27]  The

10  process server made several attempts to serve Sarah Halpern and spoke with her

11  husband, who claimed she "comes and goes a lot."[28]  Another process server also

12  waited for four hours to attempt service, without success.[29]  Notably, Mr. McFarland

13  himself has also been elusive.  The process server has made at least four attempts to

14  serve him.[30]  Although his receptionist said that he was out of the office for an

15  indeterminate period of time, he has been active in writing and sending letters to

16  counsel for Mattel.[31]  Mattel recently asked Mr. McFarland when it could arrange

17  for service at a time convenient to him.  He has not responded.[32]

18         Mattel has continued its efforts to serve these witnesses.

---

[24]  Price Dec., ¶ 2.
[25]  Larry McFarland's deposition was ordered by the Court, as well as those of two of his clients:  Lucy Arant and Sarah Halpern, both former MGA employees. Sarah Halpern was identified as a witness by MGA, but MGA failed to provide her address and phone number.  Instead, MGA stated that she could be contacted through her attorney, Larry McFarland.  Exh. 6 [MGA's Supplemental Initial Disclosures].
[26]  Price Dec., ¶¶ 3-5 and Exhs. A and E attached thereto.
[27]  Declaration of Ryan Jarez ¶¶ 2-3.
[28]  Declaration of Kenneth Wright, dated January 28, 2008, ¶¶ 2-3.
[29]  Declaration of Brian Shore, ¶ 3.
[30]  Declaration of Miguel Leyva ¶¶ 2-5.
[31]  Price Dec., ¶ 4, and Exhs. B, C, and D, thereto.        EXHIBIT _____
[32]  Price Dec., ¶ 5, and Exh. E thereto.

PAGE _____

1   Other important witnesses who have not yet been served despite

2   Mattel's attempts to do so include:

3          • Shirin Salemnia.  There have been at least seven attempts to serve her

4   at her residence, without success.[33]

5          • Ricardo Abundis.  Attempts to serve him at his residential address

6   have been unsuccessful.  Mr. Abundis's mother, who lives at the same address,

7   claims that he moved to Arkansas but refused to provide an address.[34]  However,

8   Mr. Abundis called counsel for Mattel the morning of January 28, 2008, leaving his

9   telephone number and city of residence.[35]

10          • Peter Marlow.  There have been at least ten attempts to serve

11   Mr. Marlow at his residence, including hours of waiting.[36]

12          • Mercedeh Ward.  According to her husband, Ms. Ward is out of the

13   country, but will return in February 2008.[37]

14          • Carol Witschell.  The first process server erroneously reported her

15   served.  Since then, Mattel has worked to discover her current address.[38]

16          • Jeff Weiss.  There have been at least three attempts to serve

17   Mr. Weiss at the only address on record for him.  During one attempt, Mr. Weiss'

18   mother agreed to accept service of the documents on his behalf, but then tried to

19   give them back after calling Mr. Weiss.[39]

20          Mattel has not had sufficient time to secure the depositions of these

21   witnesses.  However, with the field of witnesses narrowed and Mattel's efforts

22   continuing, many if not all of these depositions could be conducted in     .

---

[33]   Declaration of Miguel Leyva, ¶¶ 4-6.

[34]   Declaration of Rudy Flores.

[35]   Price Dec., ¶ 13.

[36]   Declaration of Rudy Flores Re: Attempting Service; Declaration of Donald Wallace Re: Attempting Service.

[37]   Price Dec., ¶ 16.

[38]   Price Dec., ¶ 9.

[39]   Declaration of Scott Snowden.

EXHIBIT _____

PAGE _____

February 2008. The importance of these witnesses has already been acknowledged by the Court and no prejudice to the parties or the Court's Phase 1 trial schedule will arise if Mattel is granted leave to take their depositions in February 2008.

**C.     Mattel Has Moved to Obtain a Letter Rogatory to Take the Deposition of MGA Employee Jeanine Brisbois**

MGA has failed to produce Jeanine Brisbois for deposition. As a result, Mattel has filed a motion to obtain a letter rogatory to take her deposition in Canada, where she is a resident.[40] Mattel therefore requests leave to secure the letter rogatory and conduct the deposition as soon as permitted by Canadian courts.

**D.     Mattel Needs Additional Time to Serve Other Foreign Witnesses**

Mattel has been searching for current addresses for three foreign witnesses that it seeks to depose: Stephen Lee, Cecilia Kwock, and Eric Yip. They are believed to be residents of Hong Kong and Mattel requests additional time to locate them and arrange for service.

**E.     Mattel Has Moved to Compel the Deposition of Carlos Gustavo Machado Gomez**

Carlos Gustavo Machado Gomez is a party to this lawsuit who has refused to sit for deposition. Mattel began seeking deposition dates from Machado on June 4, 2007. On September 3, 2007, James Spertus, then counsel for Machado, confirmed that October 26, 2007, was an "acceptable date" for Machado's deposition. However, after Mr. Spertus withdrew as counsel, Machado's new counsel, Alexander Cote, contacted Mattel to discuss, among other things, Machado's pending deposition. Although he confirmed that Machado's deposition would proceed, Mr. Cote told Mattel that the deposition could not take place on

---

[40]   Corey Dec., ¶ 7.

EXHIBIT _____

PAGE _____

07209/2362187.4

1  October 26, 2007, because of restrictions on Machado's ability to travel to and from

2  Mexico resulting from his criminal indictment in Mexico.[41]

3       Mattel again asked for deposition dates.[42]  Mr. Cote told Mattel that

4  Machado was restricted from leaving Mexico.  In response, Mattel offered to take

5  the deposition in Mexico.  Mr. Cote refused to offer any possible deposition dates.

6  Mattel then filed its Motion to Compel the Deposition of Carlos Gustavo Machado

7  Gomez on November 13, 2007.[43]

8       On December 6, 2007, Mr. Cote offered to make Machado available for

9  deposition on January 15, 2008, in Mexico City.  Mattel agreed and sent an

10  Amended Notice of Deposition for that date.  Mr. Cote thereafter requested that

11  Mattel continue the hearing on the motion to compel because Machado's deposition

12  was purportedly set and he had a conflict on the scheduled hearing date.  Mattel did

13  so and the hearing was continued to February 8, 2008.

14       On January 13, 2008, Amy Park, counsel for MGA, informed Mattel

15  that Machado's deposition would have to be cancelled.  Her claimed justification

16  was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a

17  sentencing hearing in the "Reyes" case.  Ms. Park further wrote that Mr. Machado's

18  deposition would need to proceed after the Phase 1 trial.  Shortly thereafter,

19  Mr. Cote, who the prior afternoon had represented to the Discovery Master's case

20  manager that the deposition would go forward, wrote that "Mr. Machado will not be

21  appearing on the 15th.  Accordingly, the deposition will not be going forward."

22       MGA's and Machado's cancellation of his agreed upon deposition date

23  is contrary to the Court's January 7, 2008 Order, which states that "all counsel are

24

25

26

27  [41] Id., ¶ 10.

   [42] Id., ¶ 11.

28  [43] Id.

EXHIBIT _____

PAGE _____

07209/2362187.4

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1   expected to coordinate their schedules with those of the deponents such that the

2   depositions are held prior to the discovery cut off date of January 28, 2008."[44]

3   **II.   THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE**

4   **TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO**

5   **VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES IN**

6   **FEBRUARY.**

7          In its January 7, 2008 Order, the Court found that Mattel had good

8   cause to take the depositions of over 40 witnesses and granted it leave to do so.

9   Among the depositions specifically ordered by the Court were those of Joe Tiongco,

10  Daphne Gronich, MGA (pursuant to a Fourth Notice of Deposition) and MGAE de

11  Mexico.

12         Joe Tiongco and Daphne Gronich are MGA witnesses identified by

13  Mattel as having information related to document retention, preservation, collection,

14  and spoliation.  MGA has moved to quash their depositions and argues the Court did

15  not grant Mattel leave to depose either Tiongo or Gronich.[45]  MGA is wrong.  In

16  Mattel, Inc.'s Motion for Leave to Take Additional Discovery, Mattel stated that "it

17  seeks to depose" Joe Tiongco and Daphne Gronich because of concerns over

18  "MGA's and Bryant's preservation and production of evidence."[46]  Although the

19  Court's order granting Mattel's motion did not refer to Tiongco and Gronich by

20  name or page number, they are clearly encompassed by it.  The Court allowed

21  additional depositions, finding that Mattel had shown good cause for additional

22  discovery because of "the concerns regarding retention and spoliation of

23  evidence."[47]  Notably, Tiongco and Gronich were the only two witnesses identified

24  in Mattel's motion as having knowledge relevant to that issue.  Further, the Court

25  ─────────────────────

26  [44]  Exh. 3, at 5 [January 7, 2008 Order].

27  [45]  Exh. 15.

    [46]  Exh. 2 at 14:5-17 [Motion for Leave to Take Additional Discovery].

28  [47]  Exh. 3, at 2 [January 7, 2008 Order].

EXHIBIT _____

PAGE _____

1  "GRANTED" Mattel's motion, denying only Mattel's request that it be granted

2  additional time to depose to Carter Bryant.[48]  Accordingly, these depositions should

3  proceed at the earliest opportunity.

4          Pablo Vargas and Mariana Trueba are the Director of Sales of MGAE

5  de Mexico and the Director of Marketing, Girls Division, of MGAE de Mexico,

6  respectively.[49]  They were served with deposition notices on January 10, 2008,

7  setting their depositions for January 24, 2008.[50]  Neither witness appeared.  The

8  MGA defendants contend that neither the "Director of Marketing" nor the "Director

9  of Sales" is a "managing agent" and were therefore required to be personally served

10  with deposition subpoenas.[51]

11          That assertion is meritless.  The courts use a three-prong test to

12  determine who is a "managing agent" for the purposes of Fed. R. Civ. P. Rule 30:

13          First, the employee should be "a person invested by the
          corporation with general powers to exercise his judgment
14          and discretion dealing with corporate matters.

15          Second, the employee should be a person who "could be
          depended upon to carry out his employer's direction to
16          give testimony at the demand of a party engaged in
          litigation with the employer."
17
          Third, the employee should be a person who can be
18          expected to identify himself with the interest of the
          corporation rather than with those of the other parties.
19

20  *Reed Paper Co. v. Procter & Gamble Distributing Co.*, 144 F.R.D. 2, 4 (D. Me.

21  1992), quoting *Rubio v. General Tire and Rubber Co.*, 18 F.R.D. 51, 56 (S.D.N.Y.

22  1955) (citing cases).  Of the three factors, "[t]he 'paramount test' is whether the

23  individual can be expected to identify with corporation's interest as opposed to an

24  ─────────────────────
     [48]  Exh. 3, at 2-3 [January 7, 2008 Order].
25   [49]  Exh. 22 [March 20, 2007 Offer Letter from MGAE de Mexico to Mariana
26  Trueba Almada]; Exh. 21 [March 20, 2007 Offer Letter from MGAE de Mexico to
     Pablo Vargas].
27   [50]  Corey Dec., ¶ 17; Exhs. 16 and 17.
28   [51]  Corey Dec. ¶ 17; Exhs. 4 and 5.

EXHIBIT ____

PAGE ____

12

1  adversary's." *In re Honda American Motor Co.*, 168 F.R.D. 535, 541 (D. Md.
2  1996).

3         Any "doubt[s] about an individual's status as a 'managing agent,' at the
4  pre-trial discovery stage, are resolved in favor of the examining party. *In re Honda*
5  *American Motor Co.* at 540, citing *Founding Church of Scientology of Washington,*
6  *D.C. v. Webster,* 802 F.2d 1448, 1452 n.4 (D.C. Cir. 1986); *Sugarhill Records*
7  *Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("I am to
8  resolve close questions regarding the status of an employee as 'managing agent' in
9  favor of the examining party since the issue of whether the witness' testimony can
10 be used as a statement by the defendant still remains to be resolved at trial.") (citing
11 cases).

12        Here, the Directors of Sales and Marketing are, by virtue of their
13 positions, invested by the MGAE de Mexico with powers to exercise judgment and
14 discretion in dealing with corporate matters within their areas of responsibility.
15 Further, they can clearly be depended upon to carry out their employer's direction to
16 give testimony upon its demand.  They are alleged to have acted in concert with the
17 MGA defendants in plotting to steal and stealing Mattel's trade secrets in Mexico.
18 And, of "paramount" importance, they can clearly be expected to identify with the
19 interests of MGAE de Mexico rather than with those of Mattel.  For the foregoing
20 reasons, the Court should order Mr. Vargas and Ms. Trueba to appear for deposition
21 in Los Angeles in February 2008.

22        In its January 7, 2008 Order, the Court granted Mattel leave to serve a
23 Rule 30(b)(6) deposition notice on MGA Entertainment and a Rule 30(b)(6)
24 deposition notice on MGAE de Mexico.[52]  Those notices were attached to Mattel's
25 Motion for Leave to Take Additional Discovery.  Although MGA and MGAE de
26 Mexico opposed Mattel's motion, they never argued that Mattel did not have good

27 ─────────────────
28 [52]  Exh. 3, at 3 [January 7, 2008 Order].

EXHIBIT ____

PAGE ____

13

1  cause to obtain testimony on the topics in those notices, which were incorporated by

2  reference into the Court's order:  "Mattel may serve the notices of deposition and

3  propound the interrogatories attached to the moving papers as Exs. A - C."[53]

4  Nevertheless, MGA and MGAE de Mexico have failed to produce witnesses on the

5  vast majority of those topics.[54]  They filed a motion for protective order with Judge

6  Infante seeking relief from the topics that the Court approved.

7          The importance of these witnesses is indisputable.  The Court has

8  ordered that their depositions be taken.  MGA's refusal to produce any of these

9  witnesses is a blatant refusal to comply with the Court's Order.

10

11                          **<u>Conclusion</u>**

12

13          For the foregoing reasons, the Court should compel the attendance of

14  Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment,

15  and MGAE de Mexico at deposition and should grant Mattel leave to depose on or

16  before February 29, 2008, all witnesses already served with subpoenas or subject to

17  the Court's January 7, 2008 Order whose testimony is relevant to Phase 2 issues.  In

18  the alternative, the Court should issue an order shortening time to hear a motion

19  seeking the foregoing relief on February 4, 2008.

20

21  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
22

23

24                                     By  /s/  Jon D. Corey
                                          Jon D. Corey
25                                        Attorneys for Mattel, Inc.

26

27  _____
    [53]  Exh. 3, at 3 [January 7, 2008 order]; Exh. 2 [Motion for Leave to Amend].
28  [54]  Corey Dec., ¶ 20.                      EXHIBIT ____

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
===============================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

       Jim Holmes                              Theresa Lanza
       Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**  **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:            ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                   GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                      **Mark E. Overland**
**Anna Park**
                                      ATTORNEY PRESENT FOR NON-PARTY
                                      STERN & GOLDBERG: **Kien C. Tiet**
ATTORNEY PRESENT FOR NON-
PARTIES ANA ELISE CLOONAN,            ATTORNEY PRESENT FOR NON-PARTY
MARGARET HATCH-LEHY, AND              KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
VERONICA MARLOW: **Larry W.**
**McFarland**


PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART**
               **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
               **DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
               **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
               **SANCTIONS (DOCKET #1143)**

MINUTES FORM 90                                  Initials of Deputy Clerk: jh
CIVIL -- GEN                    1                Time: 1/30

EXHIBIT _____

PAGE _____

Case 2:04-cv-09049-DOC-RNB   Document 2335-2   Filed 02/22/08   Page 43 of 75   Page ID
#:55915
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 2 of 5

**ORDER GRANTING MATTEL'S MOTION CLARIFYING
COURT'S ORDER APPOINTING DISCOVERY MASTER
(DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA
DEFENDANTS' EX PARTE APPLICATION TO COMPEL
DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008. The Court rules as set forth
below.

To the extent that this Order decides issues more properly decided by the
Discovery Master and/or preempts issues currently pending before the Discovery
Master, it does so only to resolve those issues in the most expeditious manner
possible. As the Court's order appointing the Discovery Master requires, any and all
discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY
### (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and
propound additional interrogatories are granted to the extent they are consistent with
Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a)
(interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is
unreasonably cumulative or duplicative; where it can be obtained from a more
convenient, less burdensome, or less expensive source; where a party has already
had ample opportunity to obtain information from discovery; where the burden or the
expense of the requested discovery outweighs its likely benefit, taking into account
the factors of the parties' resources, the importance of the issues at stake, and the
importance of the requested discovery in resolving these issues. Fed. R. Civ. P.
26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good
cause to grant additional discovery given the complexity of this case, the number of
parties, recent developments related to the substitution of counsel, the concerns
regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN                              2                    Initials of Deputy Clerk: jh
                                                              Time: 1/30

EXHIBIT _____

PAGE _____

Case 2:04-cv-09049-DOC-RNB   Document 2335-2   Filed 02/22/08   Page 44 of 75   Page ID
#:35826
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 3 of 5

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel.  Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13).  Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C.  Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant.  The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**.  The Court's order clearly applied to "all parties."  No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language.  Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT _____

PAGE _____

Case 2:04-cv-09049-DOC-RNB   Document 2335-2   Filed 02/22/08   Page 45 of 75   Page ID
#:35321
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 4 of 5

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER
## APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

| MINUTES FORM 90 | | Initials of Deputy Clerk: jh |
| CIVIL -- GEN | 4 | Time: 1/30 |

EXHIBIT _____

PAGE _____

Case 2:04-cv-09049-DOC-RNB   Document 2335-2   Filed 02/22/08   Page 46 of 75   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 5 of 5
#:55521

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT _____

PAGE _____

**EXHIBIT 7**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS

===============================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                          Theresa Lanza
Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                       John B. Quinn
                                    Brett Dylan Proctor
                                    Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER



ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION       BY DEPUTY

DOCKETED ON CM
JUL - 5 2007
BY _____ 164

As set forth more fully herein, the Court hereby makes the following ruling regarding matters
heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's
       May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                          Initials of Deputy Clerk _Jh_
CIVIL – GEN                      1                        Time: 01/15

EXHIBIT _____

PAGE _____

regarding date of production of documents (docket #545); and

(4)     The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)     The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.


(1)     Motion re Trial Structure (docket #462)

        Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

        Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)     MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)     MGA's Ex Parte Application regarding date of production of documents (docket #545).

        The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

        The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

        The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

        MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____

PAGE _____

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____

PAGE _____

later than two weeks after that date.  Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above.  The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above.  The application is **DENIED** in all other respects.

(4)   MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).  "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted).  Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____

PAGE _____

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT ____

PAGE _____

**EXHIBIT 8**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Plaintiff
    Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13
    CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
14                                        Consolidated with
                Plaintiff,               Case No. CV 04-09059
15                                        Case No. CV 05-02727
           vs.
16                                       Honorable Stephen G. Larson
    MATTEL, INC., a Delaware
17  corporation,                         MATTEL'S MEMORANDUM
                                         REGARDING TRIAL STRUCTURE
18              Defendant.
                                         Date:   TBA
19  ─────────────────────────            Time:   TBA
                                         Place:  TBA
20  AND CONSOLIDATED ACTIONS

21                                       **Phase 1**
                                         Discovery Cut-Off:   October 22, 2007
22                                       Pre-Trial Conference: January 14, 2008
                                         Trial Date:          February 12, 2008
23
                                         **Phase 2**
24                                       Discovery Cut-Off:   March 3, 2008
                                         Pre-Trial Conference: June 2, 2008
25                                       Trial Date:          July 1, 2008

26

27                                       EXHIBIT _____

28                                       PAGE _____
                                                      CV| 20| 07

07209/2147647.5

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

CONFORMED COPY

1    At the June 11, 2007, hearing, the Court was clear that it was not

2 inclined to change its existing order regarding the phasing of the trial. This would

3 leave the original <u>Mattel v. Carter Bryant</u> complaint as Phase One and MGA's unfair

4 competition claims, along with Mattel's amended claims, in Phase Two. Mattel has

5 previously apprised the Court of the reasons it believes this structure is not optimal,

6 including the following:

7

8    •    The Court has stated its intention to resolve "Bratz ownership" issues in

9         Phase One; however, Bratz ownership was not as squarely addressed in

10         the original complaint as it is in the claims now structured as

11         counterclaims (which were drafted with the benefit of discovery).

12         Indeed, while encompassed by the original complaint's allegations,

13         "Bratz" is nowhere explicitly named in the original complaint.

14    •    The present structure would have almost entirely overlapping claims

15         arising out of Bryant's conduct while employed by Mattel in both

16         phases of the trial: a claim for breach for fiduciary duty against Bryant

17         in both phases, a claim for breach of contract against Bryant in both

18         phases, etc. In addition, all the associated aiding and abetting claims

19         (e.g., aiding and abetting breach of fiduciary duty, etc.) would be in

20         Phase Two. This will require adducing the same evidence and

21         producing the same witnesses twice. Defendants agree with Mattel that

22         this would be inefficient.

23    •    MGA intervened in the action on the original complaint and

24         accordingly presumably expects to be permitted to fully participate in

25         opening statements, examination of witnesses and closing arguments in

26         Phase One, even though none of the claims against it will be explicitly

27         tried in Phase One. In other words, Mattel will be required to contend

28         with MGA in Phase One, but will not be able to assert <u>pending</u> claims

07209/2147647.5

EXHIBIT _____        -1-

PAGE _____

1    it has against MGA arising from the very same Bryant/MGA conduct

2    that is the subject of Phase One.

3        If the Court is inclined to reconsider, Mattel respectfully submits that

4    the most satisfactory way to divide the claims is between (1) claims arising out of

5    Bryant's activities while employed by Mattel (in Phase One) and (2) all other claims

6    (in Phase Two). This is what Mattel had proposed in its motion, heard June 11,

7    2007, ruling on which was deferred because of the proposal that MGA and Bryant

8    put forward at the hearing.

9        If the Court is not disposed to the proposal set forth in Mattel's motion,

10   Mattel offers the following two alternatives. One is a modification of defendants'

11   proposal submitted to the Court on June 11. The other -- Mattel respectfully

12   submits -- is the minimum modification necessary to the existing order to

13   accomplish the Court's stated objective of resolving "Bratz ownership" issues in

14   Phase One.

15

16   Modification of Defendants' Proposal

17       Defendants' proposal is the same as what Mattel had proposed in its

18   motion, with two differences. Defendants' proposal, like Mattel's, recognizes that

19   Mattel's amended claims arising out of Bryant's activities while employed by Mattel

20   overlap substantially with--or indeed are merely restatements of--Mattel's claims in

21   the original complaint. Like Mattel, defendants propose that all these claims be

22   tried together in Phase One.[1]

23       The two differences between Mattel's proposal and defendants' is that

24   defendants propose to try the copyright infringement claims and damages issues in

25   Phase One. This represents a reversal in position on defendants' part. Defendants

26   had previously argued that it was not practical to try all copyright infringement

27   ───────────────
     [1]  Defendants' proposal is set forth in the Powerpoint slide they presented at the

28   June 11 hearing.

EXHIBIT ____

PAGE ____

07209/2147647.5

-2-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1  claims in Phase One because doing so would require individually assessing

2  infringement issues with respect to over 200 products.  As MGA stated in its last

3  brief on the subject:

4      Mattel's Phase Two copyright infringement claims against

5      MGA, MGA Hong Kong, Isaac Larian and Bryant

6      (Counterclaim 1) relate to *hundreds* of products that MGA

7      created and released between 2001 and 2007, long *after*

8      Bryant left Mattel.  Trial of those claims will require a jury

9      to analyze each product to determine whether it is even a

10     derivative work of Bryant's original drawings.  Those

11     issues are entirely separate and distinct from the narrow

12     issue of whether Bryant or Mattel own [sic] Bryant's

13     original drawings.[2]

14 Mattel agrees that deferring resolution of copyright issues may avoid this

15 burdensome assessment of 200 products.  If the issue of ownership of Bratz works

16 created by Bryant while he was employed at Mattel is resolved against Mattel, then

17 it will likely never be necessary to get into the copyright infringement issues.

18     Defendants had likewise previously urged that damages issues should

19 not be tried in Phase One.  This is because, as MGA argued, "[t]here are countless

20 'Bratz' products, as well as dozens of different themes used to market the 'Bratz'

21 dolls, each of which would need to be individually analyzed in order to calculate the

22 profits attributable to each and to apportion damages appropriately."[3]  Mattel

23 submits that defendants' stated concern is legitimate, and applies both to Mattel's

24 copyright infringement claim and the state law claims that are already in Phase One.

25 That is because Mattel's claim for breach of fiduciary duty, for example, permits

26

27   [2]  See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One at 3:12-19 (italics in original).

28   [3]  Id. at 8:8-11 (addressing copyright claim).

EXHIBIT _____    -3-

07209/2147647.5

1  disgorgement of profits as a remedy.  See, e.g., Harris Trust and Sav. Bank v.

2  Salomon Smith Barney, Inc., 530 U.S. 238, 250-251 (2000) (when legal title to

3  property passes to another through breach of fiduciary duty, the victim may seek a

4  disgorgement of any profits derived therefrom); Parke v. First Reliance Standard

5  Life Ins. Co., 368 F.3d 999, 1008 (8th Cir. 2004) ("a defendant who owes a

6  fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching

7  that duty").  A state law disgorgement of profits analysis may substantially overlap

8  in proof with copyright infringement damages.  For both, proof of damages will

9  likely involve individual assessment of numerous derivative works.  Ownership can

10  be addressed and resolved without wading into this minutia.

11           Accordingly, Mattel proposes that defendants' current proposal be

12  adopted by the Court with the modification that copyright infringement and

13  damages issues be bifurcated within Phase One, consistent with defendants' original

14  position.  In other words, Phase One would address all claims arising out of Bryant's

15  conduct while he was employed by Mattel, but copyright infringement and damages

16  issues would be bifurcated and reached only if there were findings against

17  defendants in the first part of the Phase One trial.  Phase Two would address claims

18  arising from the acts of unfair competition asserted by MGA against Mattel and

19  trade secret theft asserted by Mattel against MGA, occurring after, and unrelated to,

20  Bryant's employment with Mattel.

21

22  Minimum Modification

23           In the alternative, Mattel respectfully submits that to resolve "Bratz

24  ownership" issues in Phase One the Court should, at a minimum, make two

25  modifications.  First, it should import into Phase One Mattel's declaratory relief

26  claim relating to Bratz ownership.  In the original complaint, there is no explicit

27  reference to Bratz and ownership of Bratz.  Although the facts alleged in the original

28  complaint encompass those relating to Bratz ownership, that issue is specifically

1  addressed only in the amended claims. Mattel has a declaratory relief claim

2  squarely addressing ownership of Bratz. That claim presently appears as a

3  counterclaim in Phase Two. It belongs in Phase One, insofar as it relates to

4  ownership of the Bratz works created by Bryant while employed by Mattel.

5         Second, damages should be moved to Phase Two. If Mattel introduces

6  evidence in Phase One of defendants' profits and obtains a damage award on its state

7  law claims against Bryant, defendants may argue that the first jury's award of

8  disgorgement precludes Mattel from seeking any separate award for copyright

9  infringement damages in Phase Two under some claim splitting theory because both

10  sets of claims permit awards of defendants' ill-gotten profits and gains. The parties

11  agree that state law and copyright damages issues substantially overlap. All

12  damages issues should be dealt with in one proceeding. If any of these damages

13  issues are to be tried in Phase Two, all should be tried in Phase Two.

14        At the June 11, 2007 hearing, Bryant argued that his right to trial by

15  jury precludes the Court from trying liability and damages to separate juries. That is

16  simply incorrect. See Arthur Young & Co. v. U. S. Dist. Court, 549 F.2d 686, 692-

17  693 (9th Cir. 1977) (holding that liability and damages may be tried to separate

18  juries); Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc., 2001 WL 501354,

19  at *3 (C.D. Cal. 2001) (holding that the plaintiff "is not entitled to a unitary jury,"

20  and that "even if a second jury were to be empaneled, [plaintiff's] Seventh

21  Amendment rights would not be implicated"); Butler v. Home Depot, Inc., 1996 WL

22  421436, at *6 (N.D. Cal. 1996) (rejecting defendant's argument "that bifurcation of

23  liability and damages would violate its Seventh Amendment right to a fair trial,

24  because different juries would be deciding essentially the same issues," and holding

25  that "[a]s evidenced by the numerous cases across the country that have addressed

26  this issue, the Seventh Amendment does not mandate that all phases of the litigation

27  be heard by the same jury"); see also 9 Fed. Practice & Procedure § 2391 ("Is there a

28

EXHIBIT _____

1   violation of the constitutional provision if issues are submitted independently to

2   separate juries?  The answer rather clearly must be in the negative.").

3           The Seventh Amendment does not preclude the Court from trying

4   liability and damages issues to separate juries.[4]

5

6   DATED:  June 20, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
7

8                                   By _John Quinn_ O.S.
9                                      John B. Quinn
                                       Attorneys for Plaintiff
10                                     Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [4]   Charts of Mattel's proposals, listing the claims that would be tried in each

28   Phase, are included in the Appendix that follows.

07209/2147647.5

EXHIBIT _____

PAGE _____

-6-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

**Appendix**

**CURRENT STRUCTURE**

| **Phase 1 Trial** | **Phase 2 Trial** |
|---|---|
| • Breach of Contract against Bryant (MC 1)[5] | • Copyright Infringement (AC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2) | • RICO (AC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3) | • Conspiracy to Violate RICO (AC 3) |
| • Unjust Enrichment against Bryant (MC 4) | • Misappropriation of Trade Secrets (AC 4) |
| • Conversion against Bryant (MC 5) | • Breach of Contract (AC 5) |
| | • Intentional Interference with Contract (AC 6) |
| | • Breach of Fiduciary Duty (AC 7) |
| | • Aiding and Abetting Breach of Fiduciary Duty (AC 8) |
| | • Breach of Duty of Loyalty (AC 9) |
| | • Aiding and Abetting Breach of Duty of Loyalty (AC 10) |
| | • Conversion (AC 11) |
| | • Unfair Competition (AC 12) |
| | • Declaratory Relief (AC 13) |
| | • False Designation of Origin (UC 1) |
| | • Unfair Competition (UC 2) |
| | • Dilution (UC 3) |
| | • Unjust Enrichment (UC 4) |

---

[5] MC = Mattel's Claims in *Mattel v. Bryant*
AC = Mattel's Counterclaims in *MGA v. Mattel*
UC = MGA's Claims in *MGA v. Mattel*

EXHIBIT _____

PAGE _____

07209/2147647.5

## MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Breach of Contract against Bryant (MC 1, AC 5) (liability only) | • Copyright Infringement (AC 1) | • False Designation of Origin (UC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only) | • Damages (re: all Phase 1 claims) | • Unfair Competition (UC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only) | | • Dilution (UC 3) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | | • Unjust Enrichment (UC 4) |
| • Conversion against Bryant (MC 5; AC 11) (liability only) | | • RICO (AC 2) |
| • Conversion against MGA and Larian (re: Bratz; AC 11) (liability only) | | • Conspiracy to Violate Rico (AC 3) |
| • Intentional Interference with Contract (re: Bryant; AC 6) (liability only) | | • Misappropriation of Trade Secrets (AC 4) |
| • Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only) | | • Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6) |
| • Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only) | | • Breach of Fiduciary Duty (re: Machado; AC 7) |
| | | • Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8) |
| | | • Breach of Duty of Loyalty (re: Machado; AC 9) |
| | | • Aiding and Abetting Breach of |

EXHIBIT _____

PAGE _____

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Unfair Competition (re: bribery of Bryant; AC 12) (liability only)) <br><br> • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10) <br><br> • Conversion (non-Bratz; AC 11) <br><br> • Unfair Competition (except bribery of Bryant) (AC 12) <br><br> • Damages (re: all Phase Two claims) |

EXHIBIT _____

PAGE _____

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

07209/2147647.5

## MATTEL'S SUGGESTED MINIMUM MODIFICATION

| Phase 1 Trial | Phase 2 Trial |
|---|---|
| • Breach of Contract against Bryant (MC 1) (liability only) | • Copyright Infringement (AC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2) (liability only) | • RICO (AC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3) (liability only) | • Conspiracy to Violate RICO (AC 3) |
| | • Misappropriation of Trade Secrets (AC 4) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | • Breach of Contract (AC 5) |
| • Conversion against Bryant (MC 5) (liability only) | • Intentional Interference with Contract (AC 6) |
| • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | • Breach of Fiduciary Duty (AC 7) |
| | • Aiding and Abetting Breach of Fiduciary Duty (AC 8) |
| | • Breach of Duty of Loyalty (AC 9) |
| | • Aiding and Abetting Breach of Duty of Loyalty (AC 10) |
| | • Conversion (AC 11) |
| | • Unfair Competition (AC 12) |
| | • Declaratory Relief (except ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) |
| | • False Designation of Origin (UC 1) |
| | • Unfair Competition (UC 2) |
| | • Dilution (UC 3) |
| | • Unjust Enrichment (UC 4) |
| | • Damages (re: Phase One and Phase Two claims) |

EXHIBIT _____

PAGE _____

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 20, 2007, I served true copies of the following document(s) described as **MATTEL'S MEMORANDUM REGARDING TRIAL STRUCTURE** on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres | Patricia Glaser, Esq. |
| O'Melveny & Myers, LLP | Christensen, Glaser, Fink, Jacobs, Weil & |
| 400 S Hope Street | Shapiro, LLP |
| Los Angeles, CA 90071 | 10250 Constellation Blvd., 19th Floor |
| Personal Service | Los Angeles, CA 90067 |
| | Personal Service |

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111
FedEx

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 20, 2007, at Los Angeles, California.

Wanda Taylor

Dave Quintana, Now Messenger

EXHIBIT _____

PAGE _____

**EXHIBIT 9**

<table>
1                              
</table>

1           UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3             EASTERN DIVISION

4               - - -

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6            - - -

**CERTIFIED COPY**

7  CARTER BRYANT, ET. AL.,       )

8              PLAINTIFFS,  )

9        VS.           )  NO. ED CV 04-09049

                          )  (LEAD LOW NUMBER)

10  MATTEL, INC., ET. AL.,      )

11             DEFENDANTS.  )  EX-PARTE APPLICATIONS

                          )  RE:  DISCOVERY

12  AND CONSOLIDATED ACTIONS,  )

                          )

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16        RIVERSIDE, CALIFORNIA

17      MONDAY, FEBRUARY 4, 2008

18         10:15 A.M.

19

20

21

22

23      THERESA A. LANZA, RPR, CSR

       FEDERAL OFFICIAL COURT REPORTER

24      3470 12TH STREET, RM. 134

       RIVERSIDE, CALIFORNIA  92501

25        951-274-0844

       CSR11457@SBCGLOBAL.NET

```
 1   APPEARANCES:

 2   ON BEHALF OF CARTER BRYANT:

 3                           KEKER & VAN NEST
                             BY:  MICHAEL PAGE
 4                           710 SANSOME STREET
                             SAN FRANCISCO, CALIFORNIA  94111-1704
 5                           415-391-5400

 6
     ON BEHALF OF MATTEL:
 7
                             QUINN EMANUEL
 8                           BY:  JOHN QUINN
                             BY:  JON COREY
 9                           865 S. FIGUEROA STREET,
                             10TH FLOOR
10                           LOS ANGELES, CALIFORNIA  90017
                             213-624-7707
11

12   ON BEHALF OF MGA ENTERTAINMENT:

13                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                             BY:  THOMAS J. NOLAN
14                           BY:  CARL ALAN ROTH
                             BY:  ROBERT JAMES HERRINGTON
15                           300 SOUTH GRAND AVENUE
                             LOS ANGELES, CALIFORNIA  90071-3144
16                           213-687-5000

17
     ON BEHALF OF GUSTAVO MACHADO:
18
                             OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                           BY:  ALEXANDER H. COTE
                             300 SOUTH GRAND AVENUE
20                           SUITE 2750
                             LOS ANGELES, CALIFORNIA  90071
21                           213-613-4660

22
     ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                             KEATS MCFARLAND & WILSON LLP
24                           BY:  LARRY W. MCFARLAND
                             9720 WILSHIRE BOULEVARD
25                           BEVERLY HILLS, CA  90212
                             310-777-3750
```

1    **APPEARANCES CONTINUED:**

2

    ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:

3
                          CHRISTENSEN, GLASER, FINK, JACOBS,
4                          WEIL & SHAPIRO, LLP
                          BY:  SCOTT E. GIZER
5                          10250 CONSTELLATION BOULEVARD
                          LOS ANGELES, CA  90067
6                          310-553-3000

7

    ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:

8
                          ALLRED, MAROKO & GOLDBERG
9                          BY:  RAMIT MIZRAHI
                          6300 WILSHIRE BOULEVARD,
10                         SUITE 1500
                          LOS ANGELES, CA  90048
11                         323-653-6530

12

    ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:

13
                          BAUTE & TIDUS LLP
14                         BY:  HENRY H. GONZALEZ
                          777 S. FIGUEROA STREET,
15                         SUITE 4900
                          LOS ANGELES, CA  90017
16                         213-630-5000

17

    ON BEHALF OF WACHOVIA:

18
                          DAVIS POLK & WARDWELL
19                         BY:  NEAL A. POTISCHMAN
                          1600 EL CAMINO REAL
20                         MENLO PARK, CA  94025
                          650-752-2000

21

22   ON BEHALF OF KAMI GILMOR:

23
                          BUCHALTER NEMER
24                         BY:  JOHN PATRICK PETRULLO
                          1000 WILSHIRE BOULEVARD,
                          SUITE 1500
25                         LOS ANGELES, CA  90017-2457
                          213-891-0700

FEBRUARY 4, 2008                      ED CV 04-9059-SGL

1   TRIED TO ARTICULATE THIS IN MY JANUARY ORDER -- WAS THAT I DID

2   NOT WANT TO HAVE DISCOVERY BOGGED DOWN BY DISPUTES OVER WHETHER

3   OR NOT A PARTICULAR WITNESS'S OR DEPONENT'S TESTIMONY WAS PHASE

4   ONE DISCOVERY OR PHASE TWO DISCOVERY.  SO I THOUGHT IT MADE

5   SENSE, TO THE EXTENT THAT YOU WERE DOING A PHASE ONE                 10:2(

6   DEPOSITION, IF THAT WITNESS HAD INFORMATION RELATED TO PHASE

7   TWO, THAT YOU GATHER THAT AT THE SAME TIME.

8          THAT IS NOT TO SUGGEST THAT SOMEHOW ALL PHASE TWO

9   DISCOVERY WAS TO BE COMPLETED BY JANUARY 28TH.  SO IN MY ORDER

10  THAT I WILL ISSUE TODAY, I WILL BASICALLY, I SUPPOSE, GRANT        10:2(

11  MR. MACHADO-GOMEZ'S EX-PARTE APPLICATION, TO CLARIFY THE ORDER

12  THAT THE COURT NEVER INTENDED FOR PHASE TWO DISCOVERY TO BE

13  COMPLETED BY JANUARY 28TH.

14         IN REFLECTING ON THIS, THOUGH, AND REFLECTING ON

15  WHERE WE ARE IN THE DISCOVERY -- AND, I SUPPOSE, TO KIND OF       10:21

16  GIVE YOU A PREVIEW AS TO WHERE I'M GOING WITH SOME OF THESE

17  OTHER APPLICATIONS -- THERE'S NO QUESTION THAT THE COURT WANTS

18  TO MAKE SURE ALL OF THE DISCOVERY THAT IT HAS ORDERED TO BE

19  CONDUCTED FOR PHASE ONE BE CONDUCTED AND COMPLETED.  AND I

20  CERTAINLY INTEND TO GIVE LEAVE TO BOTH PARTIES TO COMPLETE         10:21

21  WHATEVER DISCOVERY WAS ORDERED BEFORE THE DISCOVERY CUTOFF DATE

22  WITH REGARD TO PHASE ONE.

23         IT'S ALSO CLEAR TO ME, AT THIS TIME, IT MIGHT MAKE A

24  LOT OF SENSE TO STAY OR STOP PHASE TWO DISCOVERY UNTIL THE

25  PHASE ONE TRIAL IS COMPLETED.  HAVING READ THROUGH A NUMBER OF     10:21

FEBRUARY 4, 2008                    ED CV 04-9059-SGL

1  DEPOSITIONS WHICH YOU'VE JUST ADDRESSED HERE, BUT I FIRST

2  WANTED SOMEONE TO RESPOND FROM MATTEL TO THE COURT'S -- I'M

3  STILL ON MACHADO-GOMEZ'S EX-PARTE APPLICATION.

4      DO YOU HAVE A POSITION WITH RESPECT TO THE COURT'S

5  SUGGESTION THAT WE DELAY THE PHASE TWO DEPONENTS, OR                    10:33

6  DEPOSITIONS, UNTIL AFTER THE PHASE ONE TRIAL, KEEPING IN MIND,

7  YOU ARE NOT -- THE COURT WILL ENSURE THAT YOU ARE NOT

8  COMPROMISING ANY OF THE LEAVE THAT'S BEEN AFFORDED TO YOU TO

9  TAKE ANY OF THESE DEPOSITIONS.  IT'S JUST SIMPLY A MATTER OF

10  TIMING.                                                               10:34

11      **MR. QUINN:**  I UNDERSTAND.

12      PRINCIPALLY, YOUR HONOR, I THINK THAT'S SOMETHING

13  THAT WE CAN SUPPORT.

14      **THE COURT:**  DO YOU THINK THAT YOU COULD IDENTIFY,

15  WITHOUT TOO MUCH DISPUTATION, DEPOSITIONS THAT ARE PHASE TWO?          10:34

16      THAT'S WHY I WAS ASKING YOU BEFORE -- YOU SEEM TO BE

17  ABLE TO.

18      **MR. QUINN:**  WE WOULD CERTAINLY, YOUR HONOR, ENDEAVOR

19  TO DO THAT.  HOPE BLOOMS ETERNAL, AND I WOULD HOPE THAT WE

20  COULD DO THAT.                                                        10:34

21      JUST TWO ISSUES.  ONE IS, ON SOME OF THESE, THERE

22  REALLY IS SOME LEAD TIME.  WE NEED TO TAKE A DEPOSITION IN

23  ORDER TO FIND OUT WHO THE THIRD PARTIES ARE; WHAT YOUR PHONE

24  NUMBER WAS, WHERE YOUR BANKING WAS; THAT ALL TAKES SOME TIME,

25  TO SERVE THOSE THIRD-PARTY SUBPOENAS.                                 10:34

1  DEPOSE.  HE'S PHASE TWO.  HE'S A PARTY TO THIS CASE.  WE'VE

2  BEEN TRYING TO DEPOSE HIM SINCE JUNE.  WE HAD SEVERAL DAYS.

3  HIS LAWYER, AFTER GIVING US DATES, CANCELLING, GIVING US DATES,

4  CANCELLING, GAVE US A DATE IN JANUARY; AND MGA CANCELLED IT.

5  WE FINALLY GOT A DATE.                                      10:35

6           HE NOW SAYS HE WILL APPEAR ON FEBRUARY 27TH.  AND

7  GIVEN THE LONG ROAD THAT WE'VE HAD TO GO TO GET TO THIS POINT,

8  THAT'S ONE THAT WE REALLY WOULD LIKE TO DO.

9           **THE COURT:**  WELL, CERTAINLY, MR. MACHADO-GOMEZ IS

10  GOING TO SIT FOR HIS DEPOSITION.  IF HE HAS TO SIT FOR IT IN   10:36

11  THIS COURTROOM, HE'S GOING TO SIT FOR HIS DEPOSITION IN THIS

12  CASE.  THAT'S NOT A QUESTION.  THE QUESTION IS TIMING.

13           IS THERE ANY REASON WHY HE HAS TO SIT FOR HIS

14  DEPOSITION BEFORE THE PHASE ONE TRIAL?

15           **MR. QUINN:**  NO.                                 10:36

16           **THE COURT:**  OKAY.

17           I UNDERSTAND THE PROBLEM.  IF YOU CONTINUE TO HAVE

18  THOSE PROBLEMS, WE CAN ADDRESS THAT, BUT I WANT TO --

19           DOES ANYONE ELSE WISH TO ADDRESS THE COURT ON ITS

20  RESOLUTION TO THIS FIRST EX-PARTE APPLICATION AND THE PROPOSAL  10:36

21  TO PLACE PHASE TWO DEPOSITIONS, BASICALLY A STAY ON THAT, AT

22  THIS POINT, FOR EXCLUSIVE PHASE TWO DEPOSITIONS?

23           I REALLY HOPE THERE'S NOT GOING TO BE ANY

24  MISUNDERSTANDING OR NEED FOR CLARIFICATION AS TO WHAT I MEAN BY

25  THAT.  I'M TALKING ABOUT WITNESSES LIKE MR. MACHADO-GOMEZ, WHO,  10:36

FEBRUARY 4, 2008                    ED CV 04-9059-SGL

1   FROM MY UNDERSTANDING OF WHAT HE HAS TO SAY AND WHAT HE

2   CONTRIBUTES TO THIS, IS REALLY A PHASE TWO WITNESS.

3        MR. NOLAN:   YOUR HONOR, ON BEHALF OF MGA AND

4   ISAAC LARIAN, WE DO NOT DISPUTE THAT APPROACH.   THAT IS

5   ACTUALLY HOW WE INTERPRETED THE COURT'S ORDER WHEN IT WAS

6   ISSUED ON JANUARY 7TH.   SOME OF THE DIFFICULTY THAT WE'VE HAD

7   IN THIS CASE HAS BEEN TRYING TO GET ALL SIDES TO AGREE TO IT.

8        I'M NOT GOING TO GO INTO THE OTHER ISSUES RIGHT NOW.

9   I AGREE WITH RESPECT TO MR. MACHADO.   BUT I DO WANT TO SAY

10  SOMETHING ABOUT ONE THING.

11       TO THE EXTENT THAT WE WERE CALLED OUT FOR CANCELLING

12  MR. MACHADO'S DEPOSITION, I THINK THE PAPERS MADE IT QUITE

13  CLEAR THAT JACK DICANIO, WHO WAS ASSIGNED TO HANDLE THE MATTER,

14  WAS HANDLING A SENTENCING.   WE COMMUNICATED THAT TO COUNSEL.

15  AND FOR ANY SIDE IN THIS CASE TO TAKE ISSUE WITH CANCELLING

16  DEPOSITIONS UNILATERALLY, THEY SHOULD BE REMINDED ABOUT THE OLD

17  ADAGE, 'PEOPLE WHO LIVE IN GLASS HOUSES SHOULDN'T THROW ROCKS,'

18  BECAUSE I COULD GO ON AND ON ABOUT THE NUMBER OF CANCELLATIONS

19  AND THE --

20       THE COURT:   THERE'S NO NEED TO DO THAT, COUNSEL.   I

21  APPRECIATE THE SENTIMENT.

22       IS THERE ANYONE ELSE WHO WISHES TO BE HEARD ON THIS

23  ASPECT THAT I'M SUGGESTING RIGHT NOW?

24       MR. COTE:   WE TOTALLY AGREE WITH YOUR HONOR'S

25  SUGGESTION.   I THINK THAT'S THE RIGHT WAY TO SPLIT IT UP.

10:37
10:37
10:37
10:37
10:38

34

1    I UNDERSTAND THERE'S CHALLENGES TO THOSE SERVICES,

2    THERE'S CHALLENGES TO THOSE NOTICES; THAT NEEDS TO BE BROUGHT

3    TO JUDGE INFANTE; AND THEN, IF NECESSARY, APPEALED TO THIS

4    COURT.  BUT AT THE END OF THE DAY, THE ONLY LIMITATION I'M

5    PUTTING ON WHAT'S BEING CONSIDERED BY JUDGE INFANTE AND WHAT          10:56

6    WILL BE CONSIDERED BY THIS COURT OVER THE COURSE OF THE NEXT

7    TWO MONTHS IS THAT WE'RE JUST GOING TO LOOK AT PHASE ONE

8    ISSUES.

9         MR. NOLAN:  RIGHT.

10        AND I APOLOGIZE, YOUR HONOR.  I WASN'T TRYING TO BE          10:56

11   CLEVER AND GET -- BUT YOUR COMMENTS DO INVITE THIS FOLLOW-UP:

12        WHAT I AM SAYING IS THAT THE MOTIONS THAT ARE BEFORE

13   JUDGE INFANTE, WITH RESPECT TO WHETHER OR NOT TWO-DAY NOTICE IS

14   APPROPRIATE IN JANUARY, IS AN ISSUE TO BE DECIDED BY

15   JUDGE INFANTE.  WE RESERVE THE RIGHT TO TAKE AN APPEAL TO          10:56

16   YOUR HONOR, DEPENDING ON WHO WINS OR LOSES THAT ISSUE.  THAT'S

17   ALL I WAS TRYING TO SAY.

18        THE COURT:  THAT'S FINE.

19        MR. NOLAN:  SO I UNDERSTOOD THAT CATEGORY APPLIES TO

20   THOSE PEOPLE.          10:57

21        THE COURT:  AND I'M SURE JUDGE INFANTE WILL CONSIDER

22   THAT IN LIGHT OF THE TOTALITY OF THE CIRCUMSTANCES AND HE WILL

23   ISSUE WHATEVER ORDER HE BELIEVES IS APPROPRIATE; AND THE LOSING

24   SIDE CAN APPEAL TO THIS COURT.

25        MR. NOLAN:  BY THE WAY, ON ONE PIECE OF NEWS, WE WERE          10:57

35

1   ABLE TO, IN CERTAIN INSTANCES, STIPULATE WITH RESPECT TO

2   DEPOSITIONS.  IN FACT, THE DEPOSITION OF FRED LARIAN IS GOING

3   ON TODAY; AND WE'VE AGREED THAT IT WOULD STILL APPLY TO PHASE

4   ONE.

5          SO THERE WERE INSTANCES WHERE WE BELIEVED IT WAS          10:57

6   APPROPRIATE AND NOBODY WAS TRYING TO SHOVE PHASE TWO INTO PHASE

7   ONE.  WE'VE WORKED THOSE DIFFERENCES OUT.

8          I WANT TO TURN NOW TO WHAT I WOULD DESCRIBE AS THE

9   CATEGORY OF THREE:  MS. MORALES, MS. CABRERA; AND THE LAST ONE

10  IS SALAZAR.                                                     10:57

11         **THE COURT:**  AND MEL WOODS.

12         **MR. NOLAN:**  AND MEL WOODS IS IN THIS CATEGORY.

13         **THE COURT:**  RIGHT.

14         **MR. NOLAN:**  NOW, THERE IS NO DISPUTE THAT EACH ONE OF

15  THESE PEOPLE WERE KNOWN TO MATTEL, CERTAINLY BY THEIR OWN        10:57

16  ADMISSION, AS OF DECEMBER 28TH.  THEY WERE KNOWN AT THE TIME OF

17  THE JANUARY 7TH HEARING.  MATTEL DOES NOT CHOOSE AT THAT TIME

18  TO INCLUDE THEM IN THE LIST, DOES NOT REQUEST AND DOES NOT

19  ACCELERATE THE REQUEST, IF THEY DECIDED TO TAKE THESE

20  DEPOSITIONS.                                                    10:58

21         AS WE LAY OUT IN THE PAPER, IN A PRETTY SORRY AND, WE

22  THINK, VERY SAD SET OF CIRCUMSTANCES, TRAGIC, TO BE HONEST WITH

23  YOU, YOUR HONOR, NOW --

24         **THE COURT:**  ADMITTEDLY, I HAVEN'T READ THE REPLY TO

25  THAT, BUT AS YOU LAY IT OUT, IT WAS UNUSUAL, IF NOTHING ELSE.    10:58