1   transcript.

2          87.     Various present or former employees and contractors of MGA

3   are potential witnesses, including, but not limited to, those listed on MGA's Fourth

4   Supplemental Response to Interrogatory No. 1 of Mattel's First Set of

5   Interrogatories Re: Claims of Unfair Competition. Such current employees of

6   MGA may be contacted through MGA's counsel of record. MGA is currently

7   unable to identify the specific witnesses and information such witnesses may

8   possess.

9         88.     Various present or former employees and contractors of Mattel

10   as well as its various present or former suppliers, licensees, distributors and

11   merchandisers are potential witnesses. The identities, whereabouts and relevant

12   knowledge of such potential witnesses are best known by Mattel.

13       MGA reserves the right to further supplement its disclosures to identify

14   additional witnesses as they, or their relevance, become apparent or as otherwise

15   necessary or appropriate.

16   **Documents**

17       The MGA Parties' document identification to date is based solely upon such

18   information and documents that have been discovered thus far, as well as the MGA

19   Parties' present analysis of the case, and shall not in any way be deemed to be a

20   representation that additional documents do not exist. Accordingly, the MGA

21   Parties reserve the right to amend this disclosure pursuant to Rule 26(e) if

22   additional documents are identified. Furthermore, the MGA Parties reserve the

23   right to supplement or modify the disclosure based on information or documents

24   subsequently identified as pertinent to disputed facts. To the extent that one or

25   more of the MGA Parties already has identified documents pursuant to Rule 26(a),

26   the documents identified herein serve to supplement such prior disclosures.

27       Subject to the foregoing, and subject to, as applicable, the designations of

28   confidentiality which have or may be made pursuant to the terms and provisions of

EXHIBIT _____     - 16 -     MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
PAGE _____                   DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1  the Stipulated Protective Order governing the disclosure of confidential material in

2  this case, the MGA Parties identify the following documents:

3          1.     Documents showing how long each of MGA's contested

4  "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products

5  have been sold to the public.

6          2.     Documents showing where each of MGA's contested "Bratz,"

7  "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products are

8  available and/or have been sold to the public.

9          3.     Advertisements for MGA's contested "Bratz," "Mommy's

10  Little," "4-Ever Best Friends," and "Alien Racers" products.

11          4.     Promotional materials, in-store displays, and point of purchase

12  displays for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends,"

13  and "Alien Racers" products.

14          5.     Documents showing the nature, scope and extent of MGA's

15  advertising program nationwide for MGA's contested "Bratz," "Mommy's Little,"

16  "4-Ever Best Friends," and "Alien Racers" products, including without limitation

17  advertising expenditures.

18          6.     Marketing documents and sales data for MGA's contested

19  "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

20          7.     Samples of MGA products and packaging that Mattel has

21  infringed.

22          8.     Copies of the commercials that Mattel has infringed.

23          9.     Documents showing Mattel's infringing products, packaging,

24  commercials and themes.

25          10.     Press regarding MGA's contested "Bratz," "Mommy's Little,"

26  "4-Ever Best Friends," and "Alien Racers" products.

27          11.     Market research concerning MGA's contested "Bratz,"

28  "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

EXHIBIT _____          - 17 -          MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

PAGE _____

1    12.    Documents showing actual confusion between MGA's products

2    and Mattel's products.

3    13.    Documents showing that Mattel was aware of MGA's contested

4    "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products,

5    themes and/or advertising and knowingly imitated or copied them.

6    14.    Documents showing the creation, design and development of

7    MGA's first generation of "Bratz" dolls.

8    15.    Documents showing the creation and design of the Contested

9    Products, including "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien

10   Racers" products.

11   16.    Documents showing the hiring and employment practices and

12   policies of Mattel, including but not limited to contracts employees are asked to

13   sign.

14   17.    Documents demonstrating Carter Bryant's inspiration for his

15   drawings he brought to MGA.

16   18.    Examples of Carter Bryant's non-Bratz artwork.

17   19.    Documents showing the sales and market share of Barbie dolls

18   over the last 10 years.

19   20.    Documents reflecting or evidencing Mattel's interference with

20   MGA's advertising efforts; Mattel's threats to and intimidation of retailers,

21   suppliers, licensees, distributors, manufacturers, and former employees and

22   freelancers; Mattel's improper influence of standard-setting and industry

23   organization; Mattel's manipulation of MGA's retail displays; Mattel's knowledge

24   of Bryant's involvement with Bratz and its investigation of MGA and its

25   executives, employees and freelance vendors; other aspects of Mattel's unclean

26   hands; and the damages suffered by MGA as a result of Mattel's conduct.

27   21.    MGA's admonitions to personnel hired from competitors,

28   including Mattel.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

22. MGA's pre-hire communications with Ron Brawer.

23. MGA's pre-hire communications with Gustavo Machado, Pablo Vargas and Mariana Trueba.

24. MGA's pre-hire communications with Janine Brisbois.

25. MGA's pre-hire communications with Jorge Castilla.

26. Documents showing publicly available sales and marketing data for Mattel and other toy companies.

27. Documents showing MGA's efforts to expand sales and marketing in Mexico.

28. Other documents not yet in MGA's possession, custody or control but believed to be in possession of or under the custody or control of Mattel, as described in MGA's various requests for production of documents and things and/or third party subpoenas.

**Damages**

MGA seeks damages arising out of Mattel's acts of false designation of origin or affiliation, dilution, and unfair competition and unfair business practices. MGA seeks disgorgement of all profits derived by Mattel for its acts of false designation of origin or affiliation, dilution, and unfair competition and unfair business practices. MGA seeks costs, expenses, and reasonable attorneys' fees in prosecuting this action. MGA seeks punitive and/or exemplary damages as a result of Mattel's willful and malicious conduct to the extent allowable by law.

MGA is unable to calculate the amount of damages at this time because discovery has not yet been completed and such calculation may require the services of an expert witness.

**Insurance**

The required disclosure regarding insurance is presently inapplicable.

1

2     Dated:      September 2l 2007              O'MELVENY & MYERS LLP

3

4                                              By:

5                                              Attorneys for MGA Entertainment, Inc.,
                                               MGA Entertainment (HK) Limited,
6                                              MGAE de Mexico S.R.L. de C.V., and
                                               Isaac Larian
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____                  - 20 -

PAGE _____

# PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

> Michael T. Zeller, Esq.
> Timothy Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 19th Floor
> Los Angeles, CA 90017
>> michaelzeller@quinnemanuel.com
>> talger@quinnemanuel.com
> *(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

EXHIBIT _____

PAGE _____

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Postal Service in accordance with the firm's ordinary business practices, as

2   addressed below:

3

4   James W. Spertus, Esq.              Michael H. Page, Esq.
    Law Offices of James W. Spertus     Keker & Van Nest LLP
5   12100 Wilshire Boulevard, Suite 620  710 Sansome Street
    Los Angeles, CA  90025             San Francisco, CA  94111
6

7   (Attorneys for Carlos Gustavo       (Attorneys for Carter Bryant)
    Machado Gomez)
8

9   Patricia Glaser, Esq.
    Christensen, Glaser, Fink, Jacobs,
10  Weil & Shapiro, LLP
11  10250 Constellation Blvd., 19th Floor
    Los Angeles, CA  90067
12

13  (Attorneys for MGA)

14

15          I declare under penalty of perjury that the foregoing is true and

16  correct.  Executed at Los Angeles, California, this 21st day of September,

17  2007.

18

19

20                                              Marie G. Lewis

21

22

23

24

25

26

27

28

EXHIBIT ____

PAGE ____

- 2 -

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 13**

1   DALE M. CENDALI (admitted pro hac vice)
    DIANA M. TORRES (S.B. #162284)
2   MARC F. FEINSTEIN (S.B. #158901)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   Email: dtorres@omm.com

6   PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK
7   JACOBS, WEIL & SHAPIRO LLP
    10250 Constellation Boulevard, 19ᵗʰ Floor
8   Los Angeles, California 90067
    Telephone:   (310) 553-3000
9   Facsimile:   (310) 556-2920
    Email: pglaser@chrisglase.com

10

11  Attorneys for Counter-defendants MGA
    Entertainment, Inc., Isaac Larian, MGA
12  Entertainment (HK) Limited, and MGAE de
    Mexico S.R.L. de C.V.

13

14

15                 **UNITED STATES DISTRICT COURT**

16                 **CENTRAL DISTRICT OF CALIFORNIA**

17                      **EASTERN DIVISION**

18  CARTER BRYANT, an individual,        Case No. CV 05-2727 SGL (RNBx)
                                         (Consolidated with CV 04-09049 and
19                Plaintiff,             CV 04-9059)

20        v.                            **AMENDED ANSWER AND
                                        AFFIRMATIVE DEFENSES OF
21  MATTEL, INC., a Delaware Corporation, MGA ENTERTAINMENT INC.,
                                        MGA ENTERTAINMENT (HK)
22                Defendant             LIMITED, AND MGAE DE
                                        MEXICO S.R.L. DE C.V. TO
23                                      MATTEL, INC.'S SECOND
                                        AMENDED ANSWER AND
24                                      COUNTERCLAIMS**

25

26  CONSOLIDATED WITH                   Judge:      Hon. Stephen G. Larson
                                        Courtroom:  1
27  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.
28  MATTEL, INC.

EXHIBIT _____

PAGE _____

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA
2    Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively
3    the "MGA Defendants") hereby answer, for themselves alone, the Second
4    Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:
5    As a preliminary matter, Mattel's use of headings throughout its
6    counterclaims is improper, and therefore no response to Mattel's headings is
7    required.  If any response is required, MGA Defendants deny all allegations
8    contained in Mattel's headings.

9    ## RESPONSES

10   1.    MGA Defendants deny the allegations set forth in paragraph 1.
11   2.    MGA Defendants deny the allegations set forth in paragraph 2.
12   3.    MGA Defendants admit that MGA decided to expand into
13   Mexico in or about 2004, and deny the remaining allegations set forth in paragraph
14   3.
15   4.    MGA Defendants deny the allegations set forth in paragraph 4.
16   5.    MGA Defendants deny the allegations set forth in paragraph 5.
17   6.    MGA Defendants admit that the Court has federal question
18   jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§
19   101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the
20   Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.
21   7.    MGA Defendants admit that venue is proper in this District for
22   Mattel's claims based on conduct alleged to have occurred within this District and
23   deny that venue is proper in this District for acts alleged to have occurred in
24   Mexico, Canada, Hong Kong, or other places outside of this District.
25   8.    MGA Defendants admit the allegations set forth in paragraph 8.
26   9.    MGA Defendants admit the allegations set forth in the first and
27   second sentences of paragraph 9, and deny the remaining allegations set forth in
28   paragraph 9.

10. MGA Defendants admit the allegations set forth in paragraph 10.

11. MGA Defendants admit the allegations set forth in the first sentence of paragraph 11, and deny the remaining allegations set forth in paragraph 11.

12. MGA Defendants admit the allegations set forth in paragraph 12.

13. MGA Defendants admit the allegations set forth in the first sentence of paragraph 13, and deny the remaining allegations set forth in paragraph 13.

14. MGA Defendants admit the allegations set forth in paragraph 14.

15. Paragraph 15 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in paragraph 15.

16. MGA Defendants admit the allegations set forth in the first sentence of paragraph 16. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 16, and on that basis, deny the remaining allegations set forth in paragraph 16.

17. MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 17, and on that basis, deny the allegations set forth in paragraph 17.

18. MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 18, and on that basis, deny the allegations set forth in paragraph 18.

19. MGA Defendants admit that MGA is a toy manufacturer, that MGA began as a consumer electronics business and expanded into the toy business with licenses to sell handheld electronic games, and later expanded its business by

1  launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2  paragraph 19.

3       20.    MGA Defendants deny the allegations set forth in paragraph 20.

4       21.    MGA Defendants admit that Carter Bryant is a former employee

5  of Mattel, and state that they are without sufficient knowledge to admit or deny the

6  remaining allegations set forth in paragraph 21, and on that basis, deny the

7  remaining allegations set forth in paragraph 21.

8       22.    MGA Defendants are without sufficient knowledge to admit or

9  deny the allegations set forth in paragraph 22, and on that basis, deny the

10  allegations set forth in paragraph 22.

11       23.    MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 23, and on that basis, deny the

13  allegations set forth in paragraph 23.

14       24.    MGA Defendants are without sufficient knowledge to admit or

15  deny the allegations set forth in paragraph 24, and on that basis, deny the

16  allegations set forth in paragraph 24.

17       25.    MGA Defendants are without sufficient knowledge to admit or

18  deny the allegations set forth in paragraph 25, and on that basis, deny the

19  allegations set forth in paragraph 25.

20       26.    MGA Defendants deny the allegations set forth in paragraph 26.

21       27.    MGA Defendants deny the allegations set forth in paragraph 27.

22       28.    MGA Defendants deny the allegations set forth in paragraph 28.

23       29.    MGA Defendants deny the allegations set forth in paragraph 29.

24       30.    MGA Defendants admit that after MGA made the decision to

25  proceed with the manufacture of the Bratz dolls, MGA employees communicated

26  with employees of MGA Entertainment (HK) Limited on subjects including the

27  manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

1    sentence of paragraph 30.  MGA Defendants admit the second sentence of

2    paragraph 30.

3              31.    MGA Defendants admit that samples of the four original Bratz

4    dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5    remaining allegations set forth in paragraph 31.

6              32.    MGA Defendants admit that MGA and its subsidiaries have

7    distributed and sold Bratz and Bratz-related products in many countries throughout

8    the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9    MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10   $500 million, that MGA and its subsidiaries continue to market, sell and license

11   Bratz and intend to continue to do so, and deny the remaining allegations set forth

12   in paragraph 32.

13             33.    MGA Defendants deny the allegations set forth in paragraph 33.

14             34.    MGA Defendants deny the allegations set forth in paragraph 34.

15             35.    MGA Defendants deny the allegations set forth in paragraph 35.

16             36.    MGA Defendants admit that Bryant had an agreement with

17   MGA, state that the terms of the agreement speak for themselves, and deny the

18   remaining allegations set forth in paragraph 36.

19             37.    MGA Defendants admit that in or about late 2003 or early 2004,

20   MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to

21   conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22   Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23   paragraph 37.

24             38.    MGA Defendants admit that Carlos Gustavo Machado Gomez

25   was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26   was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27   Machado had access to some nonpublic business information of Mattel Mexico, and

28   state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2                              - 5 -                    EXHIBIT _____

PAGE

1    allegations set forth in paragraph 38, and on that basis, deny the remaining
2    allegations set forth in paragraph 38.

3         39.    MGA Defendants admit that Mariana Trueba Almada was a
4    Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had
5    access to some nonpublic business information of Mattel Mexico, and state that
6    they are without sufficient knowledge to admit or deny the remaining allegations
7    set forth in paragraph 39, and on that basis, deny the remaining allegations set forth
8    in paragraph 39.

9         40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade
10   Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel
11   Mexico from March 2001 until April 19, 2004, admit that Vargas had access to
12   some nonpublic business information of Mattel Mexico, and state that they are
13   without sufficient knowledge to admit or deny the remaining allegations set forth in
14   paragraph 40, and on that basis, deny the remaining allegations set forth in
15   paragraph 40.

16        41.    MGA Defendants admit that in or about early 2004, Machado,
17   Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba
18   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not
19   identify their new employer to Mattel Mexico, admit that Machado, Trueba and
20   Vargas were offered and accepted employment with MGAE de Mexico, and deny
21   the remaining allegations set forth in paragraph 41.

22        42.    MGA Defendants admit that MGA personnel communicated by
23   telephone with Machado and Vargas prior to their Mattel resignations, admit that
24   MGA personnel, including Isaac Larian, communicated by e-mail with Machado
25   and Vargas concerning terms of employment through an America Online e-mail
26   account with the address <plot04@aol.com>, and deny the remaining allegations
27   set forth in paragraph 42.
28

LA2:841935.2                    - 6 -             EXHIBIT _____

                                                  PAGE _____

1      43.    MGA Defendants admit that in or about March 2004, Machado,

2    Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April

3    2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed

4    with MGA personnel, including Larian, employment at MGAE de Mexico, state

5    that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the

6    remaining allegations set forth in paragraph 43.

7      44.    MGA Defendants are without sufficient knowledge to admit or

8    deny the allegations set forth in paragraph 44, and on that basis, deny the

9    allegations set forth in paragraph 44.

10      45.    MGA Defendants are without sufficient knowledge to admit or

11    deny the allegations set forth in paragraph 45, and on that basis, deny the

12    allegations set forth in paragraph 45.

13      46.    MGA Defendants are without sufficient knowledge to admit or

14    deny the allegations set forth in paragraph 46, and on that basis, deny the

15    allegations set forth in paragraph 46.

16      47.    MGA Defendants are without sufficient knowledge to admit or

17    deny the allegation set forth in the third sentence of paragraph 47, and on that basis,

18    deny these allegations, and deny the remaining allegations set forth in paragraph 47.

19      48.    MGA Defendants deny the allegations set forth in paragraph 48.

20      49.    MGA Defendants deny the allegations set forth in paragraph 49.

21      50.    MGA Defendants are without sufficient knowledge to admit or

22    deny the allegation that MGA publicized a claim that, in 2005, it had increased its

23    Mexican market share by 90% over the prior year, and on that basis, deny this

24    allegation, and deny the remaining allegations set forth in paragraph 50.

25      51.    MGA Defendants deny the allegations set forth in paragraph 51.

26      52.    MGA Defendants deny the allegations set forth in paragraph 52.

27      53.    MGA Defendants admit that on October 27, 2005, Mexican

28    authorities searched MGAE de Mexico and seized certain documents, and state that

EXHIBIT _____

PAGE

1  they are without sufficient knowledge to admit or deny the remaining allegations

2  set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3  in paragraph 53.

4       54.     MGA Defendants admit that Machado was transferred from

5  MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6  resides in the County of Los Angeles, and deny the remaining allegations set forth

7  in paragraph 54.

8       55.     MGA Defendants admit the allegations set forth in the first

9  sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary. To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20       56.     MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary. To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26       57.     MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

1   statement of Mattel's legal position, to which no response is necessary.  To the

2   extent a response is required, MGA Defendants deny the remaining allegations set

3   forth in the first sentence of paragraph 57.  MGA Defendants admit that in his

4   executive position, Brawer was provided access to certain nonpublic Mattel

5   information.

6       58.   MGA Defendants admit the allegations set forth in the first

7   sentence of paragraph 58.  MGA Defendants deny the allegations set forth in the

8   second sentence of paragraph 58.  MGA Defendants are without sufficient

9   knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10  on that basis, deny the remaining allegations set forth in paragraph 58.

11      59.   MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 59, and on that basis, deny the

13  allegations set forth in paragraph 59.

14      60.   MGA Defendants admit that in April 2004, Mattel made Brawer

15  a Senior Vice President/General Manager, and state that they are without sufficient

16  knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17  on that basis, deny the remaining allegations set forth in paragraph 60.

18      61.   MGA Defendants admit that in May 2004, Brawer began

19  performing General Manager duties, working with one of Mattel's major retail

20  customer accounts, and state that they are without sufficient knowledge to admit or

21  deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22  remaining allegations set forth in paragraph 61.

23      62.   MGA Defendants admit the allegations set forth in the first

24  sentence of paragraph 62.  MGA Defendants admit that as Brawer left, he carried a

25  large cardboard box, and deny the remaining allegations set forth in the second

26  sentence of paragraph 62.  MGA Defendants state that they are without sufficient

27  knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28  on that basis, deny the remaining allegations set forth in paragraph 62.

EXHIBIT _____

PAGE _____

63.   MGA Defendants admit the allegations set forth in paragraph 63.

64.   MGA Defendants admit that on September 20, 2004, Mattel hand-delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 64.

65.   MGA Defendants admit that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer stated that he had not signed the Code of Conduct, and deny the remaining allegations set forth in paragraph 65.

66.   MGA Defendants admit that on October 1, 2004, Brawer's last day of employment with Mattel, Mattel delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 66.

67.   MGA Defendants admit that Brawer became MGA's Executive Vice President of Sales and Marketing, admit that he was responsible for sales worldwide, admit that he had and continues to have responsibility for MGA's accounts with some of the same retailers that he worked with while at Mattel, and deny the remaining allegations set forth in paragraph 67.

68.   MGA Defendants admit that Brawer stated during his exit interview that he had returned all confidential proprietary information to Mattel, state that he did not provide copies of information from his personal contacts file, and deny the remaining allegations set forth in paragraph 68.

69.   MGA Defendants admit that since leaving Mattel, Brawer has had contacts with certain Mattel employees, both by telephone and electronic mail, and deny the remaining allegations set forth in paragraph 69.

70.   MGA Defendants deny the allegations set forth in paragraph 70.

EXHIBIT _____

71.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.   MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.   MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.   MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

EXHIBIT _____

PAGE _____

77.     MGA Defendants admit that MGA has hired at least 25 employees directly from Mattel's United States operations in the past few years, and deny the remaining allegations set forth in paragraph 77.

78.     MGA Defendants deny the allegations set forth in the first sentence of paragraph 78.  MGA Defendants admit that Larian has sent email messages to a "Bratz News" distribution list, admit that the recipients of e-mail messages sent to the "Bratz News" distribution list includes members of the media as well as representatives of customers of both MGA and Mattel, and deny the remaining allegations set forth in paragraph 78.

79.     MGA Defendants admit that on May 12, 2006, Larian sent an email message to the "Bratz News" distribution list that included a reference to the new My Scene product with real gems, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 79, and on that basis, deny the remaining allegations set forth in paragraph 79.

80.     MGA Defendants admit that Larian told one retailer that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, at a time when Larian had a good faith belief that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, and deny the remaining allegations set forth in paragraph 80.

81.     MGA Defendants deny the allegation set forth in paragraph 81.

82.     MGA Defendants repeat their responses contained in paragraphs 1 through 81 of this Answer and incorporate them by reference as though fully and completely set forth herein.

83.     MGA Defendants deny the allegations set forth in paragraph 83.

84.     MGA Defendants deny the allegations set forth in paragraph 84.

85.     MGA Defendants deny the allegations set forth in paragraph 85.

86.     MGA Defendants deny the allegations set forth in paragraph 86.

87.     MGA Defendants deny the allegations set forth in paragraph 87.

LA2:841935.2

- 12 -

EXHIBIT _____

PAGE _____

1      88.    MGA Defendants repeat their responses contained in paragraphs

2  1 through 87 of this Answer and incorporate them by reference as though fully and

3  completely set forth herein.

4      89.    MGA Defendants deny the allegations set forth in paragraph 89.

5      90.    MGA Defendants deny the allegations set forth in paragraph 90.

6      91.    MGA Defendants deny the allegations set forth in paragraph 91.

7      92.    MGA Defendants deny the allegations set forth in paragraph 92.

8      93.    MGA Defendants deny the allegations set forth in paragraph 93.

9      94.    MGA Defendants deny the allegations set forth in paragraph 94.

10     95.    MGA Defendants deny the allegations set forth in paragraph 95.

11     96.    MGA Defendants deny the allegations set forth in paragraph 96.

12     97.    MGA Defendants deny the allegations set forth in paragraph 97.

13     98.    MGA Defendants repeat their responses contained in paragraphs

14  1 through 97 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16     99.    MGA Defendants deny the allegations set forth in paragraph 99.

17     100.   MGA Defendants deny the allegations set forth in paragraph

18  100.

19     101.   MGA Defendants deny the allegations set forth in paragraph

20  101.

21     102.   MGA Defendants deny the allegations set forth in paragraph

22  102.

23     103.   MGA Defendants deny the allegations set forth in paragraph

24  103.

25     104.   MGA Defendants deny the allegations set forth in paragraph

26  104.

27     105.   MGA Defendants deny the allegations set forth in paragraph

28  105.

EXHIBIT _____

PAGE _____



106.   MGA Defendants repeat their responses contained in paragraphs 1 through 105 of this Answer and incorporate them by reference as though fully and completely set forth herein.

107.   MGA Defendants deny the allegations set forth in paragraph 107.

108.   MGA Defendants deny the allegations set forth in paragraph 108.

109.   MGA Defendants deny the allegations set forth in paragraph 109.

110.   MGA Defendants deny the allegations set forth in paragraph 110.

111.   MGA Defendants deny the allegations set forth in paragraph 111.

112.   MGA Defendants deny the allegations set forth in paragraph 112.

113.   MGA Defendants deny the allegations set forth in paragraph 113.

114.   MGA Defendants deny the allegations set forth in paragraph 114.

115.   MGA Defendants deny the allegations set forth in paragraph 115.

116.   MGA Defendants repeat their responses contained in paragraphs 1 through 115 of this Answer and incorporate them by reference as though fully and completely set forth herein.

117.   MGA Defendants deny the remaining allegations set forth in paragraph 117.

118.   MGA Defendants deny the allegations set forth in paragraph 118.

LA2:841935.2

- 14 -

EXHIBIT _____

PAGE _____



119.  MGA Defendants deny the allegations set forth in paragraph 119.

120.  MGA Defendants deny the allegations set forth in paragraph 120.

121.  MGA Defendants deny the allegations set forth in paragraph 121.

122.  MGA Defendants repeat their responses contained in paragraphs 1 through 121 of this Answer and incorporate them by reference as though fully and completely set forth herein.

123.  MGA Defendants deny the allegations set forth in paragraph 123.

124.  MGA Defendants deny the allegations set forth in paragraph 124.

125.  MGA Defendants deny the allegations set forth in paragraph 125.

126.  MGA Defendants deny the allegations set forth in paragraph 126.

127.  MGA Defendants deny the allegations set forth in paragraph 127.

128.  MGA Defendants deny the allegations set forth in paragraph 128.

129.  MGA Defendants repeat their responses contained in paragraphs 1 through 128 of this Answer and incorporate them by reference as though fully and completely set forth herein.

130.  The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the first and fifth sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

LA2:841935.2

- 15 -

1    admit or deny the remaining allegations set forth in paragraph 130, and on that

2    basis, deny the remaining allegations set forth in paragraph 130.

3            131.   MGA Defendants deny the allegations set forth in paragraph

4    131.

5            132.   MGA Defendants deny the allegations set forth in paragraph

6    132.

7            133.   MGA Defendants deny the allegations set forth in paragraph

8    133.

9            134.   MGA Defendants deny the allegations set forth in paragraph

10   134.

11           135.   MGA Defendants deny the allegations set forth in paragraph

12   135.

13           136.   MGA Defendants repeat their responses contained in paragraphs

14   1 through 135 of this Answer and incorporate them by reference as though fully and

15   completely set forth herein.

16           137.   MGA Defendants deny the allegations set forth in paragraph

17   137.

18           138.   MGA Defendants deny the allegations set forth in paragraph

19   138.

20           139.   MGA Defendants deny the allegations set forth in paragraph

21   139.

22           140.   MGA Defendants deny the allegations set forth in paragraph

23   140.

24           141.   MGA Defendants deny the allegations set forth in paragraph

25   141.

26           142.   MGA Defendants repeat their responses contained in paragraphs

27   1 through 141 of this Answer and incorporate them by reference as though fully and

28   completely set forth herein.

LA2:841935.2                          - 16 -          EXHIBIT _____

                                                      PAGE

1          143.   Paragraph 143 is a statement of Mattel's legal position, to which

2   no response is necessary. To the extent a response is required, MGA Defendants

3   deny the allegations set forth in the paragraph 143.

4          144.   MGA Defendants deny the allegations set forth in paragraph

5   144.

6          145.   MGA Defendants deny the allegations set forth in paragraph

7   145.

8          146.   MGA Defendants deny the allegations set forth in paragraph

9   146.

10          147.   MGA Defendants deny the allegations set forth in paragraph

11   147.

12          148.   MGA Defendants deny the allegations set forth in paragraph

13   148.

14          149.   MGA Defendants repeat their responses contained in paragraphs

15   1 through 148 of this Answer and incorporate them by reference as though fully and

16   completely set forth herein.

17          150.   MGA Defendants deny the allegations set forth in paragraph

18   150.

19          151.   MGA Defendants deny the allegations set forth in paragraph

20   151.

21          152.   MGA Defendants deny the allegations set forth in paragraph

22   152.

23          153.   MGA Defendants deny the allegations set forth in paragraph

24   153.

25          154.   MGA Defendants deny the allegations set forth in paragraph

26   154.

27

28

EXHIBIT _____

1        155.   MGA Defendants repeat their responses contained in paragraphs

2    1 through 154 of this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4        156.   MGA Defendants deny the allegations set forth in paragraph

5    156.

6        157.   MGA Defendants deny the allegations set forth in paragraph

7    157.

8        158.   MGA Defendants deny the allegations set forth in paragraph

9    158.

10       159.   MGA Defendants deny the allegations set forth in paragraph

11   159.

12       160.   MGA Defendants deny the allegations set forth in paragraph

13   160.

14       161.   MGA Defendants deny the allegations set forth in paragraph

15   161.

16       162.   MGA Defendants deny the allegations set forth in paragraph

17   162.

18       163.   MGA Defendants repeat their responses contained in paragraphs

19   1 through 162 of this Answer and incorporate them by reference as though fully and

20   completely set forth herein.

21       164.   MGA Defendants deny the allegations set forth in paragraph

22   164.

23       165.   MGA Defendants deny the allegations set forth in paragraph

24   165.

25       166.   MGA Defendants deny the allegations set forth in paragraph

26   166.

27

28

EXHIBIT ____

____

1    167.   MGA Defendants repeat their responses contained in paragraphs

2    1 through 166 f this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4    168.   MGA Defendants deny the allegations set forth in paragraph

5    168.

6    169.   Paragraph 169 is a statement of Mattel's legal position, to which

7    no response is necessary.  To the extent a response is required, MGA Defendants

8    deny the allegations set forth in the paragraph 169.

9    170.   Paragraph 170 is a statement of Mattel's legal position, to which

10   no response is necessary.  To the extent a response is required, MGA Defendants

11   deny the allegations set forth in the paragraph 170.

12                           **AFFIRMATIVE DEFENSES**

13          Without admitting any wrongful conduct on the part of MGA Defendants or

14   any Counter-Defendant, and without admitting that Mattel suffered any loss,

15   damage, or injury, MGA Defendants allege the following affirmative defenses to

16   the Counterclaims.  By designating the following as affirmative defenses, MGA

17   Defendants do not in any way waive or limit any defenses which are or may be

18   raised by their denials, allegations, and averments set forth herein.  MGA

19   Defendants also do not, by alleging any affirmative defense, admit that Mattel does

20   not have the burden of proof for any or all facts underlying any of those defenses.

21   These defenses are pled in the alternative, and are raised to preserve the rights of

22   MGA Defendants to assert such defenses, and are without prejudice to their ability

23   to raise other and further defenses.

24                      **FIRST AFFIRMATIVE DEFENSE**

25                        (Failure to State a Claim)

26          Mattel's counterclaims fail to state a claim against MGA Defendants upon

27   which relief can be granted.

28

LA2:841935.2                         - 19 -                EXHIBIT _____

                                                          PAGE _____

# SECOND AFFIRMATIVE DEFENSE

## (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

EXHIBIT _____

PAGE _____

1  pretense in order to interrogate them about Bratz and this litigation; Mattel's

2  coercing its employees to accept restrictive covenants (right before a massive

3  layoff) and non-compete clauses and other efforts to prevent prospective MGA

4  employees from accepting offers of employment; Mattel's delay in suing Carter

5  Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6  case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7  public and retailers; and Mattel's taking all measures to conceal its bad acts,

8  including the willful non-retention and destruction of documents.  Additionally,

9  Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10  going to perform work for a Mattel competitor.  Mattel began investigating Bryant

11  and MGA Defendants, including Bryant's role in the creation and development of

12  Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring

13  suit, all the while allowing MGA Defendants to spend years developing their

14  business and invest tens of millions of dollars developing the Bratz products and

15  building the Bratz brand.  These averments are made on information and belief

16  except where MGA Defendants have knowledge thereof.

17  **THIRD AFFIRMATIVE DEFENSE**

18  (Laches)

19       Mattel's counterclaims are barred by the equitable doctrine of laches

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002 and thereafter

24  continued its investigation into Bryant's role in the creation and development of

25  Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26  Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27  Bratz from Mattel and sold it to MGA Defendants.  Nonetheless, Mattel waited

28  years to bring suit, all the while allowing MGA Defendants to spend years

EXHIBIT ____

PAGE ____

1   developing their business and invest tens of millions of dollars developing the Bratz

2   products and building the Bratz brand.

3   ### FOURTH AFFIRMATIVE DEFENSE

4   ### (Statute of Limitations)

5       Mattel's counterclaims are barred by the applicable statutes of limitations,

6   including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

7   of Civil Procedure §§ 337, 339, 343 and 338(c).

8   ### FIFTH AFFIRMATIVE DEFENSE

9   ### (*Bona Fide* Purchaser for Value)

10      Mattel cannot maintain its counterclaims against MGA Defendants because

11  MGA Defendants paid valuable consideration for Bryant's assignment of his rights

12  in the original Bratz drawings to MGA Defendants, and MGA Defendants acted

13  with a good faith belief that Bryant owned the rights to his original Bratz drawings

14  and that his assignment of such rights to MGA Defendants was valid and

15  permissible.

16  ### SIXTH AFFIRMATIVE DEFENSE

17  ### (17 U.S.C. § 205(d))

18      Mattel cannot maintain its counterclaims against MGA Defendants because,

19  among other things, MGA Defendants acted with a good faith belief that Bryant

20  owned the rights to his original Bratz drawings and that his assignment of such

21  rights to MGA Defendants was valid and permissible.

22  ### SEVENTH AFFIRMATIVE DEFENSE

23  ### (Information Readily Ascertainable)

24      MGA Defendants cannot be liable, either on their own account or by

25  association with other defendants, for misappropriation of information that was

26  readily ascertainable by proper means at the time of the alleged acquisition or use.

27  Such information includes, but is not limited to, the identity of suppliers,

28

LA2:841935.2    - 22 -    EXHIBIT _____

PAGE _____

1  manufacturers, distributors and retailers; contact information for the same; and

2  sales, marketing and media data.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

5  Mattel's damages, if any, were not caused by MGA Defendants and are not

6  attributable to any acts or omissions of MGA Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9  Mattel's counterclaims are barred in whole or in part by the equitable

10  doctrine of estoppel because, among other things, Mattel believed from the time

11  that Carter Bryant left Mattel's employ that he was going to perform work for a

12  Mattel competitor. Mattel began investigating Bryant and MGA Defendants,

13  including Bryant's role in the creation and development of Bratz, at least as early as

14  March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing

15  MGA Defendants to spend years developing their business and invest tens of

16  millions of dollars developing the Bratz products and building the Bratz brand.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

19  Mattel's counterclaims are barred in whole or in part by acquiescence

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor. Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002. Nonetheless,

24  Mattel waited years to bring suit, all the while allowing MGA Defendants to spend

25  years developing their business and invest tens of millions of dollars developing the

26  Bratz products and building the Bratz brand. Additionally, Mattel tolerated and

27  condoned conduct by other employees similar to the alleged conduct by Bryant and

28  others on which Mattel bases its claims.

EXHIBIT _____

PAGE

1 | **ELEVENTH AFFIRMATIVE DEFENSE**

2 | (Failure to Mitigate)

3 | MGA Defendants deny that Mattel suffered any damages, but even if it did,

4 | Mattel failed to take reasonable steps to mitigate those purported damages.

5 | **TWELFTH AFFIRMATIVE DEFENSE**

6 | (No Statutory Damages or Attorneys' Fees)

7 | Mattel is barred from recovering statutory damages and/or attorneys' fees

8 | because it failed to register the copyrights that are purportedly at issue within the

9 | time required by 17 U.S.C. § 412.

10 | **THIRTEENTH AFFIRMATIVE DEFENSE**

11 | (Waiver)

12 | Mattel's counterclaims are barred in whole or in part by waiver because,

13 | among other things, Mattel believed from the time that Carter Bryant left Mattel's

14 | employ that he was going to perform work for a Mattel competitor.  Mattel began

15 | investigating Bryant and MGA Defendants, including Bryant's role in the creation

16 | and development of Bratz, at least as early as March 2002.  Nonetheless, Mattel

17 | waited years to bring suit, all the while allowing MGA Defendants to spend years

18 | developing their business and invest tens of millions of dollars developing the Bratz

19 | products and building the Bratz brand.

20 | **FOURTEENTH AFFIRMATIVE DEFENSE**

21 | (Abandonment)

22 | Mattel has abandoned any interest it may have had in the alleged copyrighted

23 | works.

24 | **FIFTEENTH AFFIRMATIVE DEFENSE**

25 | (*De Minimus* Use)

26 | MGA Defendants deny that Mattel owns any copyright interest in the alleged

27 | works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

28 |

1  aspect of a Mattel copyrighted work, such use would be *de minimus* and non-
2  infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

Mattel's counterclaims are barred in whole or in part because the MGA Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

MGA Defendants hereby adopt and incorporate by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such

LA2:841935.2

EXHIBIT _____

PAGE _____

1   affirmative defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

MGA Defendants have insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  MGA Defendants reserve the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

a.    that the Counterclaims be dismissed with prejudice;

b.    that judgment be entered in favor of counter-defendants and against counterclaimant;

c.    that counter-defendants recover their costs and attorneys' fees; and

d.    that the Court award such other and further relief as is just and proper.

Dated:  September 19, 2007

O'MELVENY & MYERS LLP

_____
Marc F. Feinstein
Attorneys for Counter-defendants
MGA Entertainment, Inc., Isaac Larian,
MGA Entertainment (HK) Limited, and
MGAE de Mexico S.R.L. de C.V.

LA2:841935.2                                    - 26 -

EXHIBIT _____
PAGE

**PROOF OF SERVICE**

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899.  On September 19, 2007, I served the within document(s):

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

☒   by causing to be personally served the document(s) listed above to the person(s) listed below.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Patricia Glaser, Esq.                     Michael H. Page, Esq.
Christensen, Glaser, Fink, Jacobs,        Keker & Van Nest LLP
Weil & Shapiro, LLP                       710 Sansome Street
10250 Constellation Blvd.,                San Francisco, CA 94111
19th Floor
Los Angeles, CA 90067

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

LA2:817525.2

EXHIBIT _____

PAGE _____

1    I declare under penalty of perjury under the laws of the United States that the

2    above is true and correct.

3        Executed on September 19, 2007, at Los Angeles, California.

4

5    _____

         Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

**EXHIBIT 14**

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,   )
                                )
                PLAINTIFF,       )
                                )
        V.                       )      NO.  CV 04-9040 SGL (RNBX)
                                )      (CONSOLIDATED WITH
MATTEL, INC., A DELAWARE          )      CASE NO. 04-9059 AND
CORPORATION,                     )      CASE NO. 05-27271)
                DEFENDANT.       )
————————————————————————         )
                                )
AND CONSOLIDATED ACTION(S).       )
————————————————————————         )

# TRANSCRIPT OF
# TELEPHONIC PROCEEDINGS

# FEBRUARY 13, 2007



REPORTED BY:
ANGELA DUPRE
CSR NO.  7804
JOB NO. 07AD019

700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT _____

PAGE _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,)
                             )
          PLAINTIFF,         )
                             )
     VS.                     )CASE NO.
                             )
MATTEL, INC., A DELAWARE     )CV 04-9049 SGL (RNBX)
CORPORATION,                 )[CONSOLIDATED WITH
                             )CASE NO. 04-9059 AND
          DEFENDANT.         )CASE NO. 05-2727]
                             )
_____)
                             )
AND CONSOLIDATED ACTION(S).  )
_____)


          TRANSCRIPT OF TELEPHONIC

          PROCEEDINGS, TAKEN BEFORE

          HON. EDWARD A. INFANTE, AT

          865 SOUTH FIGUEROA STREET, LOS

          ANGELES, CALIFORNIA, COMMENCING

          AT 8:13 A.M., MONDAY,

          FEBRUARY 13, 2007, BEFORE ANGELA

          DUPRE, CSR 7804.

EXHIBIT _____

PAGE _____

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR CARTER BRYANT:

 4       LITTLER MENDELSON
         BY:  KEITH A. JACOBY, ESQ.

 5       2049 CENTURY PARK EAST
         FIFTH FLOOR

 6       LOS ANGELES, CALIFORNIA 90067-3107
         (310) 553-0308

 7       (TELEPHONICALLY)

 8

 9   FOR MATTEL, INC.:

10       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
         BY:  MICHAEL T. ZELLER, ESQ.

11            TIMOTHY ALGER, ESQ.
         865 SOUTH FIGUEROA STREET

12       TENTH FLOOR
         LOS ANGELES, CALIFORNIA 90017-2543

13       (213) 624-7707

14

15   FOR MGA ENTERTAINMENT, INC.:

16       O'MELVENY & MYERS, LLP
         BY:  JAMES JENAL, ESQ.

17       400 SOUTH HOPE STREET
         LOS ANGELES, CALIFORNIA 90071-2899

18       (213) 430-6000
         (TELEPHONICALLY)

19

20

     ALSO PRESENT:

21

         HON. EDWARD A. INFANTE

22       (TELEPHONICALLY)

23

24

25
```

EXHIBIT

3

1   THIS MESSY CASE ARE TO RULE ON THE DISCOVERY

2   REQUESTS THAT HAVE BEEN SERVED.  DISCOVERY

3   ESSENTIALLY HAS OVERRUN RULE 26 IN THIS CASE.  AND

4   I THINK THERE WILL BE A BETTER RECORD AT THE END OF

5   THE DAY IF THE SPECIAL MASTER, AND ULTIMATELY THE

6   COURT, RULES ON DISCOVERY DISPUTES WHERE THE

7   VEHICLES ARE THE DISCOVERY REQUESTS UNDER RULES 34

8   AND 33 THAT HAVE BEEN SERVED.

9          AND, FOR THAT REASON, I'M DENYING THE

10  MOTION TO COMPEL INITIAL DISCLOSURES, AND I'M

11  DENYING THE REQUEST FOR PROTECTIVE ORDER BARRING

12  DEPOSITIONS UNTIL MGA COMPLETES ITS DISCLOSURES.

13  THE MOTION IS DENIED, EVEN THOUGH YOU ARE QUITE

14  CORRECT IN YOUR CRITICISMS AND ANALYSIS OF MGA'S

15  PERFORMANCE UNDER RULE 26(A).

16         NOTHING IN MY ORDER HERE EXCUSES MGA OF

17  ITS OBLIGATIONS TO SUPPLEMENT ITS DISCLOSURES AT

18  APPROPRIATE INTERVALS, IN ACCORDANCE WITH RULE

19  26(E)(1), FEDERAL RULES OF CIVIL PROCEDURE.

20         SO THE MOTION IS DENIED.  I'M ISSUING A

21  WRITTEN ORDER.  YOU'LL HAVE IT BY THE CLOSE OF

22  BUSINESS TODAY.

23         ANY QUESTIONS?

24      MR. ZELLER:  YES, YOUR HONOR.  IT'S MIKE ZELLER

25  FOR MATTEL.

                                                    33

1    IF I MAY JUST INQUIRE ABOUT A PRACTICAL

2    ISSUE ON THIS, WHICH IS -- YOU KNOW, AS MR. JENAL

3    HAS INDICATED, THEY WANT TO DEPOSE OUR FORMER

4    PRESIDENT, MATT BOUSQUETTE.   WE DON'T HAVE ANY OF

5    THEIR DOCUMENTS.   IT'S -- IT'S PROBLEMATIC FOR US

6    TO, IN THIS CASE -- AND, OF COURSE, THE COURT HAS

7    SEEN THEIR COMPLAINT, WHICH IS REALLY ALL WE HAVE

8    IN TERMS OF WHAT ARE THE PARAMETERS OF THE CASE,

9    WHAT ARE THEIR ALLEGATIONS.

10    I SHOULD CORRECT IT.   WE OBVIOUSLY HAVE

11    THEIR INTERROGATORY RESPONSES, BUT WE DON'T HAVE

12    DOCUMENTS.   AND SO IT'S SOMEWHAT, JUST AS A

13    PRACTICAL MATTER, DIFFICULT TO HAVE SOMEONE DEPOSED

14    UNDER THOSE CIRCUMSTANCES.

15    JUDGE INFANTE:   I THINK THE DEPOSITION SHOULD

16    NOT TAKE PLACE UNTIL THE DOCUMENT DISCOVERY IS

17    SUBSTANTIALLY COMPLETED, WITH RESPECT TO THAT

18    WITNESS.

19    MR. ZELLER:   I WOULD APPRECIATE THAT, YOUR

20    HONOR.

21    JUDGE INFANTE:   BUT THAT'S ALL I'M GOING TO SAY

22    AT THIS POINT.

23    OKAY.   I'LL ISSUE MY ORDER, AND YOU

24    SHOULD HAVE IT BY THE END OF TODAY.

25    THANK YOU, VERY MUCH.

34

EXHIBIT _____

PAGE _____

**EXHIBIT 15**

1   DALE M. CENDALI
    (of counsel, not admitted in California)
2   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
3   O'MELVENY & MYERS LLP
    400 South Hope Street
4   Los Angeles, CA 90071-2899
    Telephone:  (213) 430-6000
5   Facsimile:  (213) 430-6407
    email:      dtorres@omm.com
6
7   PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, MILLER, FINK,
8   JACOBS, GLASER, WEIL &
    SHAPIRO LLP
9   10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA 90067
    Telephone:  (310) 553-3000
10  Facsimile:  (310) 556-2920

11  Attorneys for Plaintiff
    MGA Entertainment, Inc.
12

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16  MGA ENTERTAINMENT, INC.,          Case No.

17              Plaintiff,            **COMPLAINT FOR FALSE**
                                      **DESIGNATION OF ORIGIN,**
18      v.                            **AFFILIATION, ASSOCIATION OR**
                                      **SPONSORSHIP (15 U.S.C. § 1125**
19  MATTEL, INC., a Delaware          **(a)); UNFAIR COMPETITION (15**
    Corporation, and DOES 1-10,       **U.S.C. § 1125 (a), Cal. Bus. & Prof.**
20                                    **Code § 17200 et seq. and California**
                                      **Common Law); DILUTION (15**
21              Defendants.           **U.S.C. § 1125 (c), Cal. Bus. & Prof**
                                      **Code § 14330 and California Common**
22                                    **Law); AND UNJUST ENRICHMENT**

23                                    **DEMAND FOR JURY TRIAL**

24

25

26

27

28

EXHIBIT _____

PAGE _____

1    Plaintiff MGA Entertainment, Inc. for its complaint against

2    Defendants Mattel, Inc. and DOES 1-10 alleges and avers as follows:

3

4    **PARTIES**

5    1.    Plaintiff MGA Entertainment, Inc. ("MGA") is a California

6    corporation organized and existing under the laws of the State of California, with a

7    principal place of business in Van Nuys, California.

8    2.    MGA is informed and believes, and based thereon alleges, that

9    Defendant Mattel, Inc. ("Mattel") is a Delaware corporation with a principal place

10   of business in El Segundo, California.

11   3.    MGA is ignorant of the true names and capacities of the defendants

12   sued herein under the fictitious names DOES 1 through 10 inclusive. MGA will

13   seek leave of court to amend this complaint to allege such names and capacities

14   when they are ascertained. MGA is informed and believes, and based thereon

15   alleges, that each of the fictitiously named DOE defendants is responsible in some

16   manner for the wrongful conduct alleged herein. MGA further alleges that each

17   defendant acted in concert with, as agent or representative for, or at the request or

18   on behalf of another or Mattel. Each charging allegation contained herein is,

19   therefore, also hereby alleged against each fictitiously named DOE defendant.

20

21   **JURISDICTION AND VENUE**

22   4.    Through this action MGA asserts claims against Mattel arising under

23   the Lanham Act, 15 U.S.C. Sections 1125 (a) and (c), California Business and

24   Professions Code Sections 17200 *et seq.*, California Business and Professions Code

25   Section 14330 and California common law. This Court has original subject matter

26   jurisdiction over MGA's federal claims pursuant to 15 U.S.C. Sections 1116 and

27   1121, 28 U.S.C. Section 1338(a), and 28 U.S.C. Section 1331, and supplemental

28

1

**EXHIBIT** ____

**PAGE** _____