THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400/Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**REPLY IN SUPPORT OF MGA DEFENDANTS'** ***EX PARTE*** **APPLICATION TO COMPEL THE DEPOSITIONS OF MATTHEW BOUSQUETTE AND TINA PATEL**<br><br>Honorable Stephen G. Larson<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 1 |
| AND CONSOLIDATED ACTIONS | |

## REPLY

MGA's *ex parte* application presents a simple question: *should Matt Bousquette and Tina Patel be deposed during the Phase I portion of this case?* They should. These depositions were properly noticed before the January 28, 2008 deadline, agreed to by Mattel, scheduled in February for the convenience of the witnesses, and both witnesses have knowledge relating to issues arising in Phase I of this case. Accordingly, under this Court's February 4, 2008 Order, both should sit for deposition now.

Mattel's Opposition fails to contest MGA's showing that Mr. Bousquette and Ms. Patel have knowledge regarding key Phase I issues. Mr. Bousquette has information regarding the proper interpretation of Mattel's Employee Inventions Agreement (the key document at issue in this case) and why, in early 2004, Mattel felt it necessary to modify and expand this Agreement at nearly the same time it was filing suit against Mr. Bryant.[1] Mr. Bousquette also has key knowledge regarding why Mattel waited so long to file this litigation – a subject that is central to MGA's laches and statute of limitations defenses.[2] In addition, both Mr. Bousquette and Ms. Patel received and, may have been involved in creating, key research reports and presentations that are central to the Phase I damages issue in this case of how to properly apportion any damages awarded for copyright infringement.[3] Indeed, Ms. Patel's name is specifically identified in one of the key presentations discussed by the experts who conducted MGA's lead apportionment study.[4]

---

[1] MGA's *Ex Parte* Application To Compel The Depositions of Matthew Bousquette and Tina Patel (hereinafter "MGA's *Ex Parte* Application") at 3; *see also Montrose Chemical Corp. v. Monstrose Ins. Co.*, 10 Cal. 4th 645, 670-71 (1995) (drafting history is relevant to interpreting standard form contracts).

[2] MGA's *Ex Parte* Application at 3-5.

[3] The centrality of research reports in this case is confirmed by Mattel's expert, Carol Scott, who repeatedly cites these reports in her purported expert declaration. *See* Carol A. Scott Expert Report at 4-8.

[4] Herrington Decl., Ex. 20: My Scene. My City. My Style. My Scene. Competitive Overview (August 27, 2003) (M0072014-00720600) at 2046.

---

Unable to dispute that Matt Bousquette and Tina Patel have critical knowledge regarding Phase I issues, Mattel resorts to distortion in an effort to avoid these depositions:

**First**, Mattel asserts that the Court cannot grant this application because Mr. Bousquette is a third party witness. This is wrong. Mattel's counsel, Quinn Emanuel, has indicated they represent Mr. Bousquette, and they have accepted service on this behalf. Any suggestion that Mr. Bousquette is not under Mattel's control is demonstrably false. In a recent filing with the SEC, Mattel disclosed that it has a "consulting agreement" with Mr. Bousquette under which Mattel pays him $750,000 in exchange for his cooperation in litigation and other proceedings.[5] Moreover, MGA's application is directed at *Mattel's* obstructionist conduct – not Mr. Bousquette. The witness has never indicated that he is unwilling to sit for a deposition. It is Mattel that has strung MGA along, first delaying the deposition, then scheduling it, and then canceling it.[6] The Court should put an end to Mattel's game playing and order that Mr. Bousquette's deposition proceed immediately.

**Second**, Mattel distorts the Discovery Master's statements regarding document production and Mr. Bousquette's deposition. More than a year ago, in February 2007, Mattel's counsel raised the concern that they did not yet have any substantial document production from MGA, and they asked that Mr. Bousquette's deposition not proceed until documents were received. In response, the Discovery Master stated, "I think the deposition should not proceed until document discovery is substantially completed, *with respect to that witness*."[7] Since February 2007, MGA has produced millions of pages of documents, and in a letter dated December 10, 2007, MGA's counsel confirmed that its unfair competition document production

---

[5] Supp. Herrington Decl., Ex. 1: Mattel 8-K filing at 2-3 (filed December 28, 2005).
[6] MGA's *Ex Parte* Application at 7-10.
[7] Proctor Decl., Ex. 14 at 34:15-18.

1  was substantially complete.[8] Mattel's counsel sent a letter the next day noting this, and informing MGA's counsel that it would obtain a deposition date for Mr. Bousquette.[9] The other discovery Mattel identifies, including its reference to document production by MGA de Mexico regarding *Mattel's* trade secrets and RICO claims, has nothing to do with Mr. Bousquette, and Mattel has not shown otherwise. In short, MGA's document production "with respect to [Mr. Bousquette]" is substantially complete, Mattel has acknowledged this fact, and Mr. Bousquette's deposition should proceed immediately.

**Third**, Mattel asserts that MGA is seeking to interject Phase II issues into the Phase I trial. Again, Mattel's assertions are nonsense. Mattel asked this Court to include its purported claim for copyright infringement as part of the Phase I trial. One of the key issues in the copyright infringement claim will be, assuming Mattel can prove ownership and infringement (dubious propositions given the state of the record), the extent to which any profits earned by MGA are attributable to the copyrightable works Mattel claims to own, or whether those profits are attributable to other factors.[10] MGA's experts have conducted studies establishing that only a portion of the profits from Bratz sales could be properly attributed to the copyrights Mattel claims to own. Mr. Bousquette and Ms. Patel received and appear to have been involved in preparing several reports that are at the center of these apportionment studies. These reports, supported by monthly focus groups and the results of which it appears were reported to both Bousquette and Patel, reflect Mattel's understanding that the underlying design of the doll was only partly

---

[8] Herrington Decl., Ex.21: Letter from Marcus Mumford to Jon Corey, dated December 10, 2007.

[9] Supp. Herrington Decl, Ex. 2: Letter from Jon Corey to Marcus Mumford, dated December 11, 2007.

[10] *Mackie v. Rieser*, 296 F.3d 909, 914 (9th Cir. 2002) ("In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.").

1. responsible for Bratz's commercial success. As these reports repeatedly emphasized, that success was largely a result of MGA's superior execution, marketing, packaging, as well as the dolls' fashions, accessories and the themes associated with the dolls. In short, Bousquette and Patel are key Phase I witnesses.[11]

Mattel's argument that if MGA is permitted to depose Bousquette and Patel, it must be permitted to open an entirely new round of Phase II discovery is absurd, and simply another attempt to delay the Phase I trial. Mattel specifically asked this Court to have its trade secrets claim tried as part of Phase II – not Phase I. Mattel will have the opportunity to prove, during Phase II, that it suffered harm as a result of alleged trade secret violations. Those trade secret issues have nothing to do with a proper apportionment of *copyright* infringement damages, which is a discrete issue to be tried in Phase I.

## CONCLUSION

Mattel's Opposition confirms that its motive is delay. MGA has been trying to take the depositions of Bousquette and Patel since last year.[12] Patel was scheduled in January 2008, but Mattel unilaterally cancelled it without explanation.[13] MGA attempted to reschedule these depositions before January 28, and Mattel represented that the witnesses could not be produced until February because of their schedules.[14]

---

[11] Herrington Decl., Ex. 8: Barbie 2004 Marketing Plan (M0284970-995) at 971, 976; Herrington Decl., Ex. 9: March 12, 2004 Mattel Board Meeting Minutes (M0737414-439) at 421; Herrington Decl., Ex. 10: 2004 Marketing Plan Update (M0079848-855) at 850, 853; Herrington Decl., Ex. 11: Kilpin Depo. 238:6-251:3; Herrington Decl., Ex. 12: 2005 Barbie Spring Line Review (M0079731-M0079758) at 732-35; Herrington Decl., Ex. 13: Wall Street Journal Article (M0199111-115) at 111; Herrington Decl., Ex. 16: Email Re: Meeting with Matthew Bousquette (M 0094669-94671); Herrington Decl. Ex. 18: Farr Depo. 220:25-221:7; Herrington Decl, Ex. 20: My Scene. My City. My Style. My Scene. Competitive Overview (August 27, 2003) (M 0072014-00720600) at 2025.
[12] MGA Defendants' *Ex Parte* Application at 7-10.
[13] Herrington Decl., Ex. 24: Letter from Michael Zeller to Timothy Miller and Michael Page, dated January 3, 2008.
[14] Herrington Decl., Ex. 23: Letter from Jon Corey to Thomas J. Nolan and Michael Page, dated January 2, 2008; Declaration of Paul M. Eckles, ¶ 2.

At the hearing on February 4, 2008, Mattel had the opportunity to address these depositions, but it chose to wait until February 11, just four days before the date agreed upon for Bousquette's deposition, to cancel yet again.[15] The only basis for canceling was Mattel's assertion that Bousquette and Patel are not Phase I witnesses,[16] which, as shown above, is wrong. Accordingly, MGA respectfully requests that the Court grant its *ex parte* application, that Mr. Bousquette and Ms. Patel be produced for depositions within 10 days of the Court's order, and sanction Mattel for its bad faith conduct.

DATED: February 24, 2008        Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas Nolan (ADO)
Thomas J. Nolan
Attorney for MGA Entertainment, Inc.

---

[15] Herrington Decl., Ex. 27: Letter from Michael Zeller to Michael Page and Thomas Nolan, dated February 11, 2008.

[16] *Id.*