THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail:   tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email:       rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico S.R.L. de C.V., and Isaac Larian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**<br><br>**[Declaration of Philip W. Marsh filed concurrently herewith]**<br><br>Date:  TBD<br>Time:  TBD<br>Place: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) on a date and at a time to be determined, MGA will, and hereby does, move the Court:

(1)    for an order striking Mattel, Inc's Reply Memorandum in Support of Its Motion for Reconsideration of Portions of Discovery Master's December 31, 2007 Order; or, alternatively,

(2)    for an order permitting the MGA Defendants to file a surreply to Mattel, Inc's Reply Memorandum in Support of Its Motion for Reconsideration of Portions of Discovery Master's December 31, 2007 Order.

This Motion is made on the grounds that Mattel's Reply was filed late without leave of Court, an extension, or even so much as an explanation regarding the Reply's untimely filing.  Moreover, since all of Mattel's arguments in its Reply relate to Phase 2 discovery, and Phase 2 discovery has been stayed by the Court indefinitely, Mattel's Reply (which seeks an order compelling discovery based on allegations related to Phase 2) is improper and should be stricken.  In the event the Court does not strike Mattel's untimely Reply, MGA should be granted leave to file a surreply to address the Court's dispositive, intervening February 4, 2007 Minute Order that stayed all Phase 2 discovery and rendered both Mattel's Motion for Reconsideration and Reply (which seek discovery for Phase 2 counterclaims), improper and moot unless and until the Court lifts its stay of Phase 2 discovery.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Philip W. Marsh filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Mattel's Reply brief must be stricken as both untimely and substantively improper.  It is untimely because it was filed more than two weeks late.  It is improper because it relates only to Phase 2 discovery, which has been stayed indefinitely by the Court.

If Mattel's Reply is not stricken, MGA should be granted leave as contemplated under Local Rule 7-10 to file a surreply to address the dispositive and intervening February 4, 2008 Minute Order of the Court, which indefinitely stayed all Phase 2 discovery—the *only* discovery sought by Mattel's Motion for Reconsideration or its Reply.

## II.   ARGUMENT

### A.   Mattel's Reply Should be Stricken as Untimely.

First and foremost, Mattel's Reply Brief is untimely and should be stricken for this reason alone.  MGA's Opposition brief was timely filed and served on January 24, 2008—within five court days of Mattel's Motion for Reconsideration, as required by the Stipulation and Order for Appointment of a Discovery Master ("Discovery Master Order").[1]  Mattel's Reply, on the other hand, was filed and served on February 15, 2008[2]—more than two weeks beyond the January 29, 2008 deadline to file its Reply under the Discovery Master Order.[3]

Mattel has provided no explanation for delaying more than two weeks filing its Reply.  Mattel also did not seek an extension of the Reply's due date from the Court or seek any stipulation from MGA to extend the filing deadline for the Reply,[4]

---

[1] Declaration of Philip W. Marsh ("Marsh Decl."), Ex. A at ¶ 5.

[2] Marsh Decl., Ex. B.

[3] Marsh Decl., Ex. A at ¶ 5 ("Any reply brief or letter brief shall be served within three court days from the date of service of a formal opposition or response.")

[4] Marsh Decl. ¶ 2.

despite the fact that MGA has liberally agreed to such stipulations in the past.  Indeed, Mattel's Reply papers themselves are also devoid of any explanation whatsoever for its unnecessary delay.

The Court should not countenance such a delay, particularly where, as here, it prejudicially interferes with the MGA's attempts to proceed with expert work and expert rebuttal work pursuant to the Court's scheduling order, as well as other preparations for trial.  The Court should strike Mattel's Reply because of Mattel's unexplained and prejudicial delay.

### B.   Mattel's Reply Should be Stricken as Improperly Related to Phase 2 Discovery Issues.

In addition to being untimely, Mattel's Reply is subtantively improper because it relates to Phase 2 discovery, which was recently stayed indefinitely by the Court.[5]

Despite waiting to file its Reply until nearly two weeks after the Court's February 4, 2008 Minute Order had indefinitely stayed all Phase 2 discovery, Mattel's Reply advances only now-irrelevant Phase 2 related arguments in support of its Reply, citing (1) alleged theft of Mattel's trade secrets;[6] (2) alleged improper conduct of Mattel employees;[7] and (3) further alleged theft of trade secrets.[8]  The first and last arguments relate to Mattel's claims of trade secret misappropriation, which are Phase 2 issues.[9]  It is unclear exactly how argument number two is relevant to the case, since Mattel appears to be accusing its own employees of breaching their contracts with Mattel.  But by referring to this as "MGA's scheme,"[10] it seems likely that Mattel

---

[5] Marsh Decl., Ex. C at ¶ (4) ("All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.")

[6] Marsh Decl., Ex. B at 1:22-2:1.

[7] *Id*. at 3:3-10.

[8] *Id*. at 4:3-11.

[9] *See* Marsh Decl. ¶¶ 4, 5 & Exs. D, E (identifying "Misappropriation of Trade Secrets" as issue for Phase 2 Trial).

[10] Reply at 3:10.

2

MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER

1   believes MGA somehow interfered with their contracts, which would also be a Phase
2   2 issue.[11]

3       Mattel knew that its Reply related only to Phase 2 discovery, and (because of
4   its delay in filing its Reply) knew that Phase 2 discovery had been stayed indefinitely
5   *before* it filed its Reply.  Hence, Mattel never should have burdened the Court or
6   MGA with its irrelevant Reply.  Because MGA has been forced to respond to Mattel's
7   irrelevant Phase 2 arguments, MGA has been prejudiced by Mattel's improper Phase
8   2 Reply.

9       Mattel should not be permitted to benefit by taking an extra two weeks to file
10  its Reply, but especially not while turning a blind eye to the developments during
11  those two weeks (like the stay of Phase 2 discovery).  Because Mattel's Reply relates
12  exclusively to Phase 2 discovery issues, its Reply should be stricken as improper,
13  particularly because Mattel knew that discovery on those issues had been stayed and
14  are not properly raised at this time.

15  **C.   Alternatively, MGA Should be Granted Leave to File a Surreply to Address the Court's Dispositive Intervening Order.**

16      If the Court does not strike Mattel's Reply Brief, MGA should be granted leave
17  to file a surreply to address the Court's intervening Minute Order, which disposes of
18  Mattel's Motion for Reconsideration.

19      Phase 2 discovery is stayed.  Judge Larson issued a Minute Order dated
20  February 4, 2008, which stayed Phase 2 discovery until further order of the Court.[12]
21  Because that Order came after MGA filed and served its Opposition on January 24,
22  2008, and because Mattel's Motion and Reply both relate *only* to Phase 2 discovery
23  issues, the Court should grant MGA leave to file a surreply to address this intervening,
24
25
26  _____
    [11] *See* Marsh Decl., Ex. D (identifying "Intentional Interference of Contract" as an issue for Phase 2 Trial).
27  [12] Marsh Decl., Ex. C at ¶ (4).
28

1  dispositive event. [13]

2      The Court's stay of Phase 2 discovery is dispositive with respect to this motion

3  because both the Reply and the Motion for Reconsideration raise only Phase 2 related

4  arguments.  As discussed above, the Reply raises only arguments related to Mattel's

5  Phase 2 trade secret misappropriation claims and possibly its interference with

6  contract claims.

7      Additionally, Mattel's Motion for Reconsideration also relates *only* to Phase 2

8  discovery, where Mattel argues that the information sought by the request at issue

9  (Request No. 198) relates to: (1) Mattel's RICO claims;[14] and (2) Mattel's trade secret

10  misappropriation claims.[15]  Both of these are unquestionably Phase 2 issues.[16]

11      Accordingly, if the court does not strike Mattel's Reply, MGA should be

12  granted leave to file a surreply to address the dispositive, intervening decision by this

13  Court to stay Phase 2 discovery—an issue Mattel was well aware of, but failed to

14  raise, when it filed its Reply.

15  ## III.   **CONCLUSION**

16      The Court should strike Mattel's untimely and improper Reply.  Alternatively,

17  the Court should grant MGA leave to file a surreply to address the dispositive effect

18  of this Court's intervening stay of Phase 2 discovery on this Phase 2 Motion and

19  Reply.

---

20  [13] In addition to this reason, Mattel has also raised new arguments for the first

21  time in its reply that MGA should have a full and fair opportunity to address.  For example, Mattel raises new arguments with respect to three Mattel employees, of

22  which it was aware by at least December 28, 2007.  *See* Reply at 3:4-6.  Nevertheless, despite Mattel knowing about the facts it now raises in its Reply well before the

23  Motion for Reconsideration was filed, Mattel chose not to raise that argument until its Reply, and MGA should be afforded an opportunity to respond.  *Toomey v. Nextel*

24  *Commc'ns, Inc.*, No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793, at *2 (N.D. Cal. Sept. 23, 2004).

25  [14] Mot. for Recon. at 1:7-11; 3:13-19; 6:6-7:7.

26  [15] Mot. for Recon. at 1:11-16; 2:8-11; 3:20-4:22; 5:21-6:5.

27  [16] *See* Marsh Decl., Ex. D (identifying "RICO" and "Misappropriation of Trade Secrets" as issues for Phase 2 Trial).

28

4

MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER

1  DATED:  February 25, 2008

2                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
3

4                                    By:  _____/s/_____
5                                          Raoul D. Kennedy

6                                    Attorneys for Counter-Defendants
                                     MGA ENTERTAINMENT, INC.,
7                                    ISAAC LARIAN, MGA ENTERTAINMENT
                                     (HK) LIMITED, and MGAE de MEXICO
8                                    S.R.L. de C.V.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER