# EXHIBIT A

12-08-2006 02:56pm From-QUINN EMANUEL 2136240643 T-707 P.003/010 F-346

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemnauel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

[Additional counsel listed on following page]

Send

ORIGINAL

LODGED

FILED

2006 DEC -6 PM 4:39

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, Plaintiff, v. MATTEL, INC., a Delaware corporation, Defendant. | Case No. CV 04-09049 SGL (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND ~~[PROPOSED]~~ ORDER Discovery Cutoff Date: Not Set Trial Date: Not Set |

DEC - 7 2006

EXHIBIT A
PAGE 3

LITTLER MENDELSON
Robert F. Millman (Bar No. 062152)
Douglas A. Wickham (Bar No. 127268)
Keith A. Jacoby (Bar No. 150233)
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Telephone: (310) 553-0308
Facsimile: (310) 553-5583

Attorneys for Carter Bryant

O'MELVENY & MYERS LLP
Diana M. Torres (Bar No. 162284)
400 S. Hope Street
Los Angeles, California 90017
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

O'MELVENY & MYERS LLP
Dale Cendali
Times Square Tower
7 Times Square
New York, NY 10036

CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
Patricia Glaser (Bar No. 55668)
10250 Constellation Boulevard - 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for MGA Entertainment, Inc.

EXHIBIT A
PAGE 4

WHEREAS, the parties are in agreement that a discovery master should be appointed in this matter to resolve any discovery disputes and to minimize the burden on the Court; and

WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante (Ret.), and he has agreed to serve as a discovery master in this matter;

NOW, THEREFORE, to facilitate the fair and efficient completion of pre-trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment, Inc., by and through their respective counsel of record, hereby stipulate and agree as follows:

1. The Discovery Master shall be appointed to assure and provide cost-effective discovery and to minimize the burden of discovery disputes upon the Court. Any and all discovery motions and other discovery disputes in the above captioned action shall be decided by a master ("Discovery Master") pursuant to Federal Rule of Civil Procedure 53. Any motions currently pending before Magistrate Judge Block shall be transferred to the Discovery Master. The moving party shall provide to the Discovery Master all papers associated with each pending motion.

2. The Discovery Master shall be Hon. Edward A. Infante (Ret.). His business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA 94111.

3. Judge Infante shall serve as the Discovery Master until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law. If at any time he becomes unable to serve as the Discovery Master, the parties shall confer to present an alternative agreed-upon designee to the Court. In the event that the parties cannot agree to an alternate designee, then the Court shall appoint a Discovery Master.

4. The Discovery Master shall have the authority to set the date, time, and place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT A
PAGE 5

preside over hearings (whether telephonic or in-person); to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Master; to conduct telephonic conferences to resolve discovery disputes arising during depositions; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and recommendations, as appropriate.

5. All discovery disputes shall be resolved by motion (except those arising during a deposition which the Discovery Master determines can be resolved by telephonic conference during the deposition). The moving party shall first identify each dispute, state the relief sought, and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute. If the dispute has not been resolved within five court days after such service, the moving party may seek relief from the Discovery Master by formal motion or letter brief, at the moving party's option. The opposing party shall have five court days from the date of service of the motion or letter brief to submit a formal opposition or response. Any reply brief or letter brief shall be served within three court days from the date of service of a formal opposition or response. The hearing on the motion shall take place within five court days of the service of any reply brief or letter unless (a) the parties agree to another hearing date or agree that no hearing is necessary; (b) the Discovery Master determines that no hearing is necessary; or (c) the Discovery Master is not available, in which case the hearing shall take place on the Discovery Master's first available date. The foregoing shall not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from seeking the Discovery Master's immediate resolution of a dispute or resolution of a dispute upon shortened time upon a showing of good cause why a party would be

prejudiced absent prompt resolution. Service of any document by fax or electronic mail prior to 6:00 p.m. shall constitute service on that day.

6. The Discovery Master's orders resolving discovery disputes, reports, or recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a Magistrate Judge of the United States District Court. The Discovery Master shall file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve the parties within five court days of his/her decision on a matter.

7. A court reporter shall transcribe any hearing or other proceeding before the Discovery Master.

8. The cost of any proceeding before the Discovery Master, including the fees of the Discovery Master, the fees of court reporters who transcribe hearings or other proceedings before the Discovery Master, and the fees of any other person necessary to the efficient administration of the proceeding before the Discovery Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment, Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure, the Discovery Master Orders otherwise. By agreeing to share costs among the parties, no party waives its right to seek recovery or reimbursement for such costs from any other party.

9. The Discovery Master shall be compensated according to his regular hourly rate of $750.

10. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery Master shall proceed with all reasonable diligence.

11. Based on an affidavit filed by Hon. Edward A. Infante pursuant to 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not aware that he has a relationship to the parties, to counsel, to the action, or to the Court that would require disqualification of a judge under 28 U.S.C. § 455, and based thereon the parties expressly waive any ground for disqualification disclosed therein of Hon. Edward A. Infante to serve as master in these proceedings.

12. The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13. The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14. The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

15. All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 29, 2006

O'MELVENY & MYERS LLP

By: [signature]
Diana Torres
Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006

LITTLER MENDELSON

By: [signature]
Douglas A. Wickham
Attorneys for Carter Bryant

12-08-2006 03:00pm From-QUINN EMANUEL 2136240643 T-707 P.009/010 F-346

Dated: ~~November~~ December 4, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

**ORDER**

The foregoing Stipulation for Appointment of a Discovery Master is SO ORDERED as modified.

Dated: 12-6-06.

S. G. Larson
Hon. Stephen G. Larson
United States District Court Judge

**CONSENT OF DISCOVERY MASTER**

If appointed by the Court, I, the undersigned, consent to serve as Discovery Master in the above referenced proceeding consistent with this Order.

Dated: 12-5-06

Edward A. Infante
Hon. Edward A. Infante (Ret.)

-7-

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

EXHIBIT A
PAGE 9

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

**Keith A. Jacoby, Esq.**
**Douglas Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

**Diana M. Torres, Esq.**
**O'Melveney & Meyers**
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
**Fax: 213-430-6407**

[ ] By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[X] **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ] **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

[signature]
Signature

# EXHIBIT B

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09039
Case No. CV 05-02727

MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER

Hearing Date: TBA
Time: TBA
Place: TBA

**Phase 1**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: April 21, 2008
Trial Date: May 27, 2008

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The MGA defendants do not dispute that Larian engaged in a pattern of communications with Mattel employees--e.g. Brawer, Machado, Brisbois--who went to work for MGA and happened to take Mattel information with them. The MGA defendants do not dispute that communications between Larian and Mattel employees are relevant and discoverable. The MGA defendants do not deny that Larian had post-2005 communications with Mattel employees. The MGA defendants do not dispute that the Order, by limiting Mattel's discovery of Larian's communications with Mattel employees to 2005, excludes relevant, responsive communications, e.g., Castilla. The MGA defendants do not dispute that the Discovery Master should amend the Order to include communications past 2005.

The only question is whether the Discovery Master should amend the Order to expanded the scope of Request No. 198 to include only communications between Larian and those Mattel employees that it knows about. Or, whether the Order should be expanded, as Rule 26 requires, to reflect Mattel's actual allegations that the MGA Defendants are engaging in an on-going, open-ended pattern of misconduct directed at Mattel, including Larian's communications with Mattel employees, that continues to this day.

### Argument

The MGA defendants' only response to Mattel's Motion is that Mattel can get Castilla-specific documents through March 2006. But the focus on Castilla is legerdemain intended to distract the Discovery Master from both the scope of Mattel's request--Larian communications with any Mattel employee--and Mattel's allegations that the MGA defendants, including Larian, are engaged in an ongoing,

EXHIBIT B
PAGE 12

open-ended conspiracy that includes the theft of Mattel's trade secrets.[1] Having alleged such a continuing, open-ended conspiracy, Mattel is entitled to discovery through the present, not just through 2005. See Gonzalez v. City of Fresno, 2007 WL 2781149, *4, *6 (E.D. Cal. September 21, 2007) (documents reflecting misconduct post-dating alleged torts were discoverable where plaintiff alleged a "continuing pattern of wrongful misconduct").[2]

The MGA defendants cite no authority supporting their argument that Mattel's discovery should be limited only to what Mattel has discovered and set forth in its interrogatory responses to date--namely Castilla's theft--as opposed to the claims pleaded in Mattel's counter-claims. Nor could they--the premise of notice pleading is that a party can take discovery to support it's claims. See, e.g., Roberts v. Acres, 495 F.2d 57, 58-59 (7th Cir. 1974) ("The complaint is designed to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action. The relevant facts may be determined by discovery . . . ."); In re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978) ("Under the liberal pleading requirements of the Federal Rules of Civil Procedure a complaint need contain only the most basic grounds upon which the court's jurisdiction is based and a short statement of the claim and the relief sought. Concomitantly liberal discovery rules permit parties to flesh out their respective claims, defenses, and counterclaims, in due course after issue has been joined.") (internal citations omitted); Elwonger v. Career Acad., Inc., 54 F.R.D. 514, 515 (E.D. Wis. 1972) ("[A] party is not required to set out in detail the facts upon which his claims are based. Such details

---

[1] Mattel Inc's Second Amended Answer in Case No. 05-2727, ¶¶ 89-93, Declaration of Scott B. Kidman dated October 11, 2007 ("Kidman Dec.") Exh. 3;

[2] Notably, the MGA defendants do not take issue with the scope of Mattel's counter-claims.

may be obtained through the use of the discovery techniques authorized by Rules 26-37.") (internal citations omitted).

Mattel continues to discover improper misconduct as discovery proceeds. At Veronica Marlow's deposition on December 28, 2007, for example, Mattel learned for the first time that three Mattel employees—Ana Cabrera, Beatrice Morales, and Maria Salazar—had been working on Bratz for years.[3] Under MGA's interpretation of Rule 26, Mattel would have never discovered their identity because Mattel did not already know about them (because their identities were successfully, but improperly, concealed for so long). Mattel, however, is not required to allege each act comprising MGA's scheme before it is entitled to discovery on such acts.

MGA spends much of its Opposition arguing that Mattel's requested expansion of the Order is duplicative of Mattel document requests. Not so. Request No. 198—the one at issue—seeks Larian's communications with any current Mattel employee. The purportedly duplicative requests are tailored to different documents. Requests Nos. 36-38 are limited to Mr. Castilla and Request Nos. 200-01 are limited to hiring and recruitment of Mattel employees. If, as MGA claims, the other requests are entirely duplicative of Request No. 198, then Larian should have no objection to the expansion that Mattel seeks. The MGA Defendants, however, refuse to agree that Request No. 198 should reach Larian's post - 2005 communications with Mattel employees. If Mattel exclusively relied on Request Nos. 26-28 and 200-01 as defendants suggest, then Mattel would not receive, for example, a summer 2006 e-mail message from Larian to a current Mattel

---

[3] The facts surrounding this discovery are set forth at length in Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents by Veronica Marlow, filed January 28, 2007 and currently pending before the Discovery Master.

employee—who is not being recruited—seeking Mattel trade secrets. Request No. 198 needs to be expanded to be congruent with Mattel's on-going conspiracy claims.

Finally, even if Mattel had not alleged continuing conduct by Larian and MGA, it would still be entitled to Larian's post-2005 communications with current Mattel employees through the present because such information is "reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Communications between Larian and Mattel employees in 2006 and 2007 would certainly be relevant to further demonstrate that Larian engaged in a pattern of contacts with Mattel employees who stole Mattel trade secrets, including Brawer, Machado, Trueba, Vargas and Brisbois,[4] and could be used to prove the specific allegations related to Mr. Castilla. Notably, MGA never asserts that communications through the present are not relevant. Their failure to state that they have produced all Larian communications with Mattel employees or to state that he had not post-2005 communications with Mattel employees suggest that the MGA defendants do have records of such communications that they are trying to avoid producing by limiting the Order to March, 2006.[5]

**Conclusion**

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED: February 15, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
By

/s/ Jon Corey
Jon Corey
Attorneys for Mattel, Inc.

---

[4] See Supp. Corey Dec. Exs. __-__.
[5] MGA's repeated reference to total number of documents produced in the case are irrelevant. A party is not relieved of its obligation to produce relevant documents merely because of it has produce a significant quantity of other documents of questionable relevance.

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No. CV 04-09049 SGL(RNBx) Date: February 4, 2008
Title: CARTER BRYANT -v- MATTEL, INC.
AND CONSOLIDATED ACTIONS

===========================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes
Courtroom Deputy Clerk

Theresa Lanza
Court Reporter

ATTORNEYS PRESENT FOR CARTER BRYANT:

Michael Page

ATTORNEYS PRESENT FOR MATTEL:

John Quinn
Jon D. Corey

ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:

ATTORNEYS PRESENT FOR MGA:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1) The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2) The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3) Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4) All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5) As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6) To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7) The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8) The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9) At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

**MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)**

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

**MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)**

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

**MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)**

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

**MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)**

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx) **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| ✓ | ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)** |
| Name: Ambassador Pierre-Richard Prosper | |
| Firm: | |
| Address *(include suite or floor)*: P.O. Box 581103 | |
| Salt Lake City, UT 84158 | |
| | |
| *E-mail: Prosper.Pierre@Arentfox.com | |
| *Fax No.: | |

* For CIVIL cases only

| | |
|---|---|
| | ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| | |
| | |
| | |
| | |

**Initials of Deputy Clerk** jh

EXHIBIT C
PAGE 21

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx) **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| ✓ | ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)** |
| Name: Hon. Edward A. Infante (Ret.) | |
| Firm: | |
| Address (*include suite or floor*): Two Embarcadero | |
| Center, Suite 1500, San Francisco, CA 94111 | |
| | |
| *E-mail: | |
| *Fax No.: | |

* For CIVIL cases only

| | |
|---|---|
| | ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| | |
| | |
| | |
| | |

**Initials of Deputy Clerk** jh

EXHIBIT C
PAGE 22

# EXHIBIT D

**MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**

**Phase 1(a) Trial**

- Breach of Contract against Bryant (MC 1, AC 5) (liability only)
- Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only)
- Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only)
- Unjust Enrichment against Bryant (MC 4) (liability only)
- Conversion against Bryant (MC 5; AC 11) (liability only)
- Conversion against MGA and Larian (re: Bratz; AC 11) (liability only)
- Intentional Interference with Contract (re: Bryant; AC 6) (liability only)
- Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only)
- Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only)

**Phase 1(b) Trial**

- Copyright Infringement (AC 1)
- Damages (re: all Phase 1 claims)

**Phase 2 Trial**

- False Designation of Origin (UC 1)
- Unfair Competition (UC 2)
- Dilution (UC 3)
- Unjust Enrichment (UC 4)
- RICO (AC 2)
- Conspiracy to Violate Rico (AC 3)
- Misappropriation of Trade Secrets (AC 4)
- Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6)
- Breach of Fiduciary Duty (re: Machado; AC 7)
- Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8)
- Breach of Duty of Loyalty (re: Machado; AC 9)
- Aiding and Abetting Breach of

EXHIBIT D
PAGE 23

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Unfair Competition (re: bribery of Bryant; AC 12) (liability only))<br>• Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10)<br>• Conversion (non-Bratz; AC 11)<br>• Unfair Competition (except bribery of Bryant) (AC 12)<br>• Damages (re: all Phase Two claims) |

# EXHIBIT E

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No. CV 04-09049 SGL(RNBx) Date: July 2, 2007

Title: CARTER BRYANT -v- MATTEL, INC.
AND CONSOLIDATED ACTIONS

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes
Courtroom Deputy Clerk

Theresa Lanza
Court Reporter

ATTORNEYS PRESENT FOR CARTER BRYANT:

John W. Keker

ATTORNEYS PRESENT FOR MATTEL:

John B. Quinn
Brett Dylan Proctor
Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

DOCKETED ON CM
JUL - 5 2007
BY 164

PROCEEDINGS: MINUTE ORDER

As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1) The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2) The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3) The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90
CIVIL – GEN

Initials of Deputy Clerk jh
Time: 01/15

(608)

07/02/07

EXHIBIT E
PAGE 25

regarding date of production of documents (docket #545); and

(4) The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5) The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1) Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2) MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3) MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4) MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters ***known or reasonably available*** to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5) Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.