1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| 13 | vs. | |
| 14 | MATTEL, INC., a Delaware corporation, | **[PUBLIC REDACTED] SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S NOTICE OF NON-OPPOSITION BY CARTER BRYANT TO MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY ON THE MGA DEFENDANTS' UNCLEAN HANDS AFFIRMATIVE DEFENSE; AND RESPONSE TO THE MGA DEFENDANTS' PRELIMINARY RESPONSE TO MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY ON THE MGA DEFENDANTS' UNCLEAN HANDS AFFIRMATIVE DEFENSE** |
| 15 | Defendant. | |
| 16 | | |
| 17 | AND CONSOLIDATED CASES | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | Hearing Date: March 3, 2008 |
| 24 | | Time: 10:00 a.m. |
| | | Courtroom: 1 |
| 25 | | **Phase 1:** |
| 26 | | Discovery Cut-off: January 28, 2008 |
| | | Pre-trial Conference: May 5, 2008 |
| 27 | | Trial Date: May 27, 2008 |
| 28 | | |

SUPPLEMENTAL DECLARATION OF JON D. COREY

1  SUPPLEMENTAL DECLARATION OF JON D. COREY

2  I, Jon D. Corey, declare as follows:

3  1.  I am a member of the bars of the State of California and the

4  District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver &

5  Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this supplemental

6  declaration in support of Mattel, Inc.'s Notice Of Non-Opposition by Carter Bryant

7  To Mattel, Inc.'s Motion For Leave To Take Additional Discovery On The MGA

8  Defendants' Unclean Hands Affirmative Defense; and Response To The MGA

9  Defendants' Preliminary Response To Mattel, Inc.'s Motion For Leave To Take

10  Additional Discovery On The MGA Defendants' Unclean Hands Affirmative

11  Defense. I make this declaration of personal, firsthand knowledge, and if called and

12  sworn as a witness, I could and would testify competently thereto.

13  2.  Attached as Exhibit 1 is a true and correct copy of MGA's Notice

14  of Withdrawal of Unclean Hands Defense As It Pertains to Phase 1, dated February

15  15, 2008.

16  3.  Attached as Exhibit 2 is a true and correct copy of the Court's

17  Minute Order dated February 4, 2008.

18  4.  Attached as Exhibit 3 is a true and correct copy of excerpts of the

19  Amended Answer and Affirmative Defenses of MGA Entertainment, Inc., MGA

20  Entertainment (HK) Limited, MGAE de Mexico S.R.L de CV to Mattel, Inc.'s

21  Second Amended Answer and Counterclaims, dated September 19, 2007.

22  5.  Attached as Exhibit 4 is a true and correct copy of excerpts of

23  Carter Bryant's Reply to Mattel's Counterclaims, dated August 13, 2007.

24  /

25  /

26  /

27

28

07975/2413564.1

1        6.     Attached as Exhibit 5 is a true and correct copy of excerpts of

2 Carter Bryant's Responses to Mattel, Inc.'s Amended Supplemental Interrogatory

3 Regarding Defendants' Affirmative Defenses, dated January 7, 2007.

4        I declare under penalty of perjury under the laws of the United States of

5 America that the foregoing is true and correct.

6        Executed on February 25, 2008 at Los Angeles, California.

Jon D. Corey

SUPPLEMENTAL DECLARATION OF JON D. COREY

07975/2413564.1

# EXHIBIT 1

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

KENNETH PLEVAN (admitted *pro hac vice*)
(kplevan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10046
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE 1 |

MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE I

EXHIBIT 1

PAGE 4

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the MGA Parties hereby withdraw their affirmative defense based on unclean hands as it pertains to Phase 1 of this action. The MGA Parties will assert unclean hands as an affirmative defense only in connection with Phase 2 of this action.

DATED:  February 15, 2008

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

                              By: _____
                                 Thomas J. Nolan
                                 Attorney for MGA Entertainment, Inc.

EXHIBIT _1_

PAGE _5_

# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: February 4, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

=======================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                           Theresa Lanza
Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR CARTER         ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                         John Quinn
                                     Jon D. Corey

                                     ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:           GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                    Initials of Deputy Clerk ___jh___
CIVIL -- GEN                  1    Time: 1/45

EXHIBIT ___2___

PAGE ___6___

Case 2:04-cv-09049-SGL-RNB    Document 1931    Filed 02/~+/2008    Page 2 of 7

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL – GEN                                    2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____2_____

PAGE _____7_____

Case 2:04-cv-09049-SGL-RNB    Document 1931    Filed 02/04/2008    Page 3 of 7

McFarland, who represents certain third-party witnesses. Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition. A
written response to this OSC must be filed no later than February 11, 2008. Other
parties may file written replies no later than February 19, 2008. The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the
        convenience of the witnesses or pursuant to the stipulation of the parties and/or
        witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be
        related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be
        presented in the first instance to the Discovery Master. The fact that the Discovery
        Master's ruling might impact upon the Court's scheduling order does not relieve the
        parties of following this procedure. For instance, motions to compel, motions to
        quash, or motions challenging service as to existing discovery requests shall be
        brought before the Discovery Master. So, too, must objections based on
        burdensomeness, relevancy, or privilege. In general, and on the matters touched
        upon herein, the Court expresses no opinion as to these issues, and instead leaves
        those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's
        January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
        deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
        Phase 2), said deposition may proceed subject to the challenges set forth in the
        previous paragraph. To the extent that the depositions are related to Phase 2, they
        are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the
        Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of
        Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
        relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08
        Order as follows:

                Delete: <Specifically, the Court grants Mattel's request to take the
                individual depositions relating to the Bratz claims (set forth in the
                moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90                                      Initials of Deputy Clerk ___jh_____
CIVIL -- GEN                          3              Time: 1/45

                                                     EXHIBIT ____2____
                                                     PAGE ____8____

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE
## JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
## ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
## COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL — GEN                                    4

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____2_____

PAGE _____9_____

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT ___2____

PAGE ___10___

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| Atty Stlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |
| Clerk of Court | |

| | |
|---|---|
| Death Penalty H/C (Law Clerks) | ✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
| Dep In Chg E Div | |
| Dep In Chg So Div | Name: Ambassador Pierre-Richard Prosper |
| Federal Public Defender | Firm: |
| Fiscal Section | Address (include suite or floor): P.O. Box 581103 |
| Intake Section, Criminal LA | Salt Lake City, UT  84158 |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | *E-mail: Prosper.Pierre@Arentfox.com |
| PIA Clerk - Los Angeles (PIALA) | *Fax No.: |
| PIA Clerk - Riverside (PIAED) | * For CIVIL cases only |
| PIA Clerk - Santa Ana (PIASA) | *JUDGE / MAGISTRATE JUDGE (list below):* |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

**Initials of Deputy Clerk** jh

EXHIBIT _____2_____

PAGE _____11_____

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |
| Clerk of Court | |

| | |
|---|---|
| Death Penalty H/C (Law Clerks) | ✓  **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
| Dep In Chg E Div | |
| Dep In Chg So Div | Name: Hon. Edward A. Infante (Ret.) |
| Federal Public Defender | Firm: |
| Fiscal Section | Address (include suite or floor): Two Embarcadero |
| Intake Section, Criminal LA | Center, Suite 1500, San Francisco, CA  94111 |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | *E-mail: |
| PIA Clerk - Los Angeles (PIALA) | *Fax No.: |
| PIA Clerk - Riverside (PIAED) | * For CIVIL cases only |
| PIA Clerk - Santa Ana (PIASA) | **JUDGE / MAGISTRATE JUDGE (list below):** |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

Initials of Deputy Clerk  jh

EXHIBIT ___2___

PAGE ___12___

# EXHIBIT 3

DALE M. CENDALI (*admitted pro hac vice*)
DIANA M. TORRES (S.B. #162284)
MARC F. FEINSTEIN (S.B. #158901)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Counter-defendants MGA
Entertainment, Inc., Isaac Larian, MGA
Entertainment (HK) Limited, and MGAE de
Mexico S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant | Case No. CV 05-2727 SGL (RNBx)<br>(Consolidated with CV 04-09049 and CV 04-9059)<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Judge:      Hon. Stephen G. Larson<br>Courtroom: 1 |

EXHIBIT ___3___

PAGE ___13___

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA
2    Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively
3    the "MGA Defendants") hereby answer, for themselves alone, the Second
4    Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:
5    As a preliminary matter, Mattel's use of headings throughout its
6    counterclaims is improper, and therefore no response to Mattel's headings is
7    required. If any response is required, MGA Defendants deny all allegations
8    contained in Mattel's headings.
9    **RESPONSES**
10    1.    MGA Defendants deny the allegations set forth in paragraph 1.
11    2.    MGA Defendants deny the allegations set forth in paragraph 2.
12    3.    MGA Defendants admit that MGA decided to expand into
13    Mexico in or about 2004, and deny the remaining allegations set forth in paragraph
14    3.
15    4.    MGA Defendants deny the allegations set forth in paragraph 4.
16    5.    MGA Defendants deny the allegations set forth in paragraph 5.
17    6.    MGA Defendants admit that the Court has federal question
18    jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§
19    101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the
20    Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.
21    7.    MGA Defendants admit that venue is proper in this District for
22    Mattel's claims based on conduct alleged to have occurred within this District and
23    deny that venue is proper in this District for acts alleged to have occurred in
24    Mexico, Canada, Hong Kong, or other places outside of this District.
25    8.    MGA Defendants admit the allegations set forth in paragraph 8.
26    9.    MGA Defendants admit the allegations set forth in the first and
27    second sentences of paragraph 9, and deny the remaining allegations set forth in
28    paragraph 9.

EXHIBIT ___3___

PAGE ___14___

LA2:841935.2

- 2 -

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean
hands and wrongful acts. This affirmative defense is based, in part, on Mattel's
efforts to undermine MGA's business and to "kill" Bratz at any cost which include,
but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress,
copy MGA's products, packaging, themes, and advertising (including for Mattel
products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and
Little Mommy products, to name a few), and engage in other acts of unfair
competition against MGA as alleged in MGA's complaint against Mattel; Mattel's
efforts to create negative publicity or press about MGA, MGA products, Bryant,
Larian, or MGA employees; Mattel's efforts to fund or commission market research
or studies that portray Bratz or MGA products negatively; Mattel's efforts to
interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's
efforts to include negative references to MGA or Bratz on Mattel's "We Believe in
Girls" website; Mattel's efforts or intent to interfere with business dealings or
contractual relations between MGA and Smoby Group; Mattel's influencing
Nickelodeon to reject MGA advertisements or to limit time slots for
advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring,
"spying on" or gaining knowledge of MGA's trade secrets, non-public information,
non-public activities, unreleased products, and product development; gaining
access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,
merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully
obtaining MGA's costs and sales information through Mattel-employed category
managers at retailers; Mattel's inducing non-party customers to breach
confidentiality agreements with MGA and divulge non-public information about
MGA's unreleased products; Mattel's covertly investigating MGA, its officers and
employees, and their family members; Mattel's contacting persons under false

EXHIBIT ___3___

PAGE ___15___

1    pretense in order to interrogate them about Bratz and this litigation; Mattel's

2    coercing its employees to accept restrictive covenants (right before a massive

3    layoff) and non-compete clauses and other efforts to prevent prospective MGA

4    employees from accepting offers of employment; Mattel's delay in suing Carter

5    Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6    case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7    public and retailers; and Mattel's taking all measures to conceal its bad acts,

8    including the willful non-retention and destruction of documents.  Additionally,

9    Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10   going to perform work for a Mattel competitor.  Mattel began investigating Bryant

11   and MGA Defendants, including Bryant's role in the creation and development of

12   Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring

13   suit, all the while allowing MGA Defendants to spend years developing their

14   business and invest tens of millions of dollars developing the Bratz products and

15   building the Bratz brand.  These averments are made on information and belief

16   except where MGA Defendants have knowledge thereof.

17                          **THIRD AFFIRMATIVE DEFENSE**

18                                    (Laches)

19        Mattel's counterclaims are barred by the equitable doctrine of laches

20   because, among other things, Mattel believed from the time that Carter Bryant left

21   Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22   began investigating Bryant and MGA Defendants, including Bryant's role in the

23   creation and development of Bratz, at least as early as March 2002 and thereafter

24   continued its investigation into Bryant's role in the creation and development of

25   Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26   Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27   Bratz from Mattel and sold it to MGA Defendants.  Nonetheless, Mattel waited

28   years to bring suit, all the while allowing MGA Defendants to spend years

EXHIBIT __3__

PAGE __16__

1  aspect of a Mattel copyrighted work, such use would be *de minimus* and non-

2  infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

5  MGA Defendants deny that Mattel owns any copyright interest in the alleged

6  works, but even if it did, any liability would be eliminated or greatly diminished by

7  the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

10  Mattel's counterclaims are barred in whole or in part on the grounds that the

11  acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

14  Mattel's counterclaims are barred in whole or in part because the MGA

15  Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

18  Mattel's counterclaims are barred in whole or in part on the grounds that to

19  the extent any person committed an unlawful or tortious act, the person lacked

20  authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

23  Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

26  MGA Defendants hereby adopt and incorporate by reference any and all

27  other affirmative defenses that have been or will be asserted by any other defendant

28  (including Bryant) in this litigation to the extent that defendants may share in such

EXHIBIT ___3___

PAGE ___17___

1   affirmative defenses.

2   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3   ### (Undiscovered Defenses)

4   MGA Defendants have insufficient knowledge or information upon which to

5   form a belief as to whether additional defenses are available. MGA Defendants

6   reserve the right to assert any further or additional defenses upon receiving more

7   complete information regarding the matters alleged in the Counterclaims, through

8   discovery or otherwise.

9

10   WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12      a.      that the Counterclaims be dismissed with prejudice;

13      b.      that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15      c.      that counter-defendants recover their costs and attorneys' fees; and

16      d.      that the Court award such other and further relief as is just and proper.

17

18   Dated: September 19, 2007          O'MELVENY & MYERS LLP

19

20                                             Marc F. Feinstein
                                        Attorneys for Counter-defendants
21                                      MGA Entertainment, Inc., Isaac Larian,
                                        MGA Entertainment (HK) Limited, and
22                                      MGAE de Mexico S.R.L. de C.V.

23

24

25

26

27

28

LA2:841935.2

EXHIBIT ___3___

PAGE ___18___

1

## PROOF OF SERVICE

2

I, Karen A. Nakatsu, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On September 19, 2007, I served the within document(s):

4

5
6
7

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

8

[X]    by causing to be personally served the document(s) listed above to the person(s) listed below.

9

10
11
12
13

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

14

[X]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15
16
17

18

19
20
21

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

22

23
24

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

25

26

27

28

LA2:817525.2

EXHIBIT _____ 3

PAGE _____ 19

1          I declare under penalty of perjury under the laws of the United States that the
2    above is true and correct.

3          Executed on September 19, 2007, at Los Angeles, California.

4

5                                    _Karen A. Nakatsu_
                                            Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___3___

PAGE ___20___

**EXHIBIT 4**

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC. a Delaware Corporation,

Defendant.

CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

Case No. CV 04-09049 SGL (RNBx)
(consolidated with CV 04-9059 & 05-2727

**CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

Dept:     Courtroom 1
Judge:    Hon. Stephen G. Larson

Discovery Cut-Off: Jan. 14, 2008
Pre-Trial Conference: April 7, 2008
Trial Date: April 29, 2008

Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-claims, set forth in Mattel's Second Amended Answer and Counterclaims, as follows:

As a preliminary matter, Bryant notes that many of Mattel's allegations implicitly include false premises or assumptions. Bryant's denial of any allegation

EXHIBIT 4
PAGE 21

1
CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

1   should be construed as a denial of both the allegation itself, and any of the

2   allegation's underlying, unsupported assumptions.

3         Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4   place of factual allegations that Mattel claimed to protest in responding to MGA's

5   claims against it. Bryant denies all allegations not specifically admitted, including

6   Mattel's argument and innuendo. Where Bryant admits any portion of an

7   allegation, Bryant admits only the specific facts admitted, and denies all of

8   Mattel's accompanying characterizations, conclusions, and speculation contained

9   in that allegation or in Mattel's counterclaims as a whole.

10         Bryant also submits that Mattel's use of headings throughout its

11   counterclaims is improper, and that therefore no response to Mattel's headings is

12   required. If any response is required, Bryant denies all allegations contained in

13   Mattel's headings.

14         Finally, Bryant notes that many of the allegations in this complaint allege

15   nothing relating Bryant. Although Bryant recognizes that he is nonetheless

16   required to answer them, Bryant lacks any knowledge or information concerning

17   these allegations. In denying these allegations based on his lack of knowledge and

18   information regarding alleged events not involving him, as with all his other

19   denials, Bryant also denies Mattel's negative characterizations and innuendo about

20   all of the alleged events, including any events or facts that may in fact have

21   occurred (such as, for example, MGA's hiring of certain individuals previously

22   employed by Mattel).

23         <u>**Responses**</u>

24       1.    Bryant denies the allegations of this paragraph.

25       2.    Bryant admits that he conceived, created and developed Bratz designs,

26   that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27   improperly sought to register copyrights for certain Bratz designs. Bryant denies

28   all remaining allegations of this paragraph.

**EXHIBIT** _____4_____

1    3.    Bryant denies that MGA engaged in illegal conduct in entering the

2    agreement with Bryant. Bryant lacks knowledge or information sufficient to form

3    a belief as to the truth of the remaining allegations of this paragraph, and on that

4    basis denies them.

5    4.    Bryant lacks knowledge or information sufficient to form a belief as

6    to the truth of the allegations of this paragraph, and on that basis denies them.

7    5.    Bryant denies the allegations of this paragraph.

8    6.    Bryant admits that Mattel purports to seek relief under 17 U.S.C. § §

9    101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28

10   U.S.C. § 1367 for its purported state law claims. Bryant admits that the Court has

11   jurisdiction to hear claims against Bryant, based on those allegations, but denies

12   that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.

13   Bryant lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of this paragraph regarding other defendants, and on that basis

15   denies them.

16   7.    Bryant admits that venue is proper in this District as to claims against

17   Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its

18   alleged claims. Bryant lacks knowledge or information sufficient to form a belief

19   as to the truth of the allegations of this paragraph regarding other defendants, and

20   on that basis denies them.

21   8.    Bryant admits the allegation of this paragraph.

22   9.    Bryant admits the allegations of the first and second sentences of this

23   paragraph. Bryant denies the remaining allegations of this paragraph.

24   10.   Bryant admits the allegations of this paragraph.

25   11.   Bryant lacks knowledge or information sufficient to form a belief as

26   to the truth of the allegations of this paragraph, and on that basis denies them.

27   12.   Bryant lacks knowledge or information sufficient to form a belief as

28   to the truth of the allegations of this paragraph, and on that basis denies them.

3

**EXHIBIT** 4

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

**PAGE** 23

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Failure to State a Claim)

Mattel's counterclaims, and each claim for relief, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.

### Seventh Affirmative Defense (Statute of Limitations)

Mattel's counterclaims, and each claim for relief, are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 337, 339, 343, and 338(c).

EXHIBIT 4

PAGE 24

1            **Seventeenth Affirmative Defense (Res Judicata)**

2            Mattel's counterclaims are barred in whole or in part by the doctrine of res

3    judicata.

4            **Eighteenth Affirmative Defense (Lack of Ownership)**

5            Mattel is neither the legal nor beneficial owner in the copyrights purportedly

6    at issue.

7            **Nineteenth Affirmative Defense (Copyright Invalidity)**

8            Mattel's purported copyrights are invalid.

9    **Twentieth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

10           Mattel is barred from recovering statutory damages and/or attorneys' fees

11   because it failed to register the copyrights that are purportedly at issue within the

12   time required by 17 U.S.C. § 412.

13           **Twenty-first Affirmative Defense (Innocent Infringement)**

14           If Bryant infringed any copyright interest held by Mattel (which Bryant

15   denies), he did so without knowledge or intent.

16   **Twenty-Second Affirmative Defense (Joinder in Defenses of Co-Defendants)**

17           Bryant hereby adopts and incorporates by this reference any and all other

18   affirmative defenses that have been or will be asserted by any other defendant

19   (including MGA) in this litigation to the extent that defendants may share in such

20   affirmative defenses.

21

22           Bryant has not knowingly and intentionally waived any applicable

23   affirmative defense and reserves the right to raise additional affirmative defenses

24   as they become known to him through discovery in this litigation. In stating the

25   above affirmative defenses, Bryant also does not in any way waive or limit any

26   defenses raised by its denials of Mattel's allegations above. Bryant further

27   reserves the right to amend his answer and/or affirmative defenses accordingly

28   and/or to delete affirmative defenses that he determines during later discovery are

1   PROOF OF SERVICE

2       I am employed in the City and County of San Francisco, State of California
3   in the office of a member of the bar of this court at whose direction the following
    service was made. I am over the age of eighteen years and not a party to the within
4   action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San
5   Francisco, California 94111.

6   On August 13, 2007, I served the following document(s):

7              CARTER BRYANT'S REPLY TO MATTEL'S
8                     COUNTERCLAIMS

9                 DEMAND FOR JURY TRIAL

10  by FEDERAL EXPRESS, by placing a true and correct copy in a sealed envelope
11  addressed as shown below. I am readily familiar with the practice of Keker & Van
    Nest, LLP for correspondence for delivery by FedEx Corporation. According to
12  that practice, items are retrieved daily by a FedEx Corporation employee for
13  overnight delivery.

14  John B. Quinn                           Diana M. Torres
15  Michael T. Zeller                       O'Melveny & Myers, LLP
    Quinn Emanuel Urquhart Oliver &         400 S. Hope Street
16  Hedges, LLP                             Los Angeles, CA 90071
17  865 South Figueroa Street, 10th Floor   Tel:  213/430-6000
    Los Angeles, CA 90017-2543              Fax:  213/430-6407
18  Tel:  213/443-3000                      dtorres@omm.com
19  Fax:  213/443-3100
    johnquinn@quinnemanuel.com
20  michaelzeller@quinnemanuel.com
21
    Patricia L. Glaser
22  Christensen Glaser Fink Jacobs Weil &
23  Shapiro
    10250 Constellation Blvd., 19th Floor
24  Los Angeles, CA 90067
25  Tel:  310/553-3000
    Fax:  310/556-2920
26  pglaser@chrisglase.com
27
        Executed on August 13, 2007, at San Francisco, California.
28

EXHIBIT 4

1        I declare under penalty of perjury under the laws of the State of California
2    that the above is true and correct.

3

4                                      _Julie Selby_
                                    JULIE A. SELBY
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          EXHIBIT ____4____

27                                          PAGE ____27____

28

395645.01                              PROOF OF SERVICE
                                    CASE NO. CV 04-09049 SGL (RNBx)

# EXHIBIT 5

**CONFIDENTIAL**

**THIS EXHIBIT FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER OF 1-04-2005**