UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

| | |
|---|---|
| Case No.   CV 04-09049 SGL(RNBx) | Date:  February 25, 2008 |
| Title:   CARTER BRYANT -v- MATTEL, INC. AND CONSOLIDATED ACTIONS | |

========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Jim Holmes | Anne Kielwasser |
| Courtroom Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR CARTER BRYANT: | ATTORNEYS PRESENT FOR MATTEL: |
|---|---|
| | John Quinn |
| | Jon D. Corey |
| ATTORNEYS PRESENT FOR MGA: | ATTORNEY PRESENT FOR THIRD-PARTY WITNESSES: |
| Thomas J.  Nolan | Larry McFarland |
| Carl A. Roth | |

PROCEEDINGS:   **ORDER GRANTING MOTION OBJECTING TO PORTIONS OF THE DISCOVERY MASTER'S DECEMBER 31, 2007, ORDER RE HARD DRIVES**

**ORDER DISCHARGING ORDER TO SHOW CAUSE ON CONDITIONS**

**ORDER STRIKING EX PARTE APPLICATION**

These matters were heard on February 25, 2008.

As set forth in the concurrently filed order, the Court **GRANTS** Mattel's motion objecting to portions of the Discovery Master's December 31, 2007, Order regarding hard drives.

As set forth on the record, the Court orders that counsel Larry McFarland be deemed timely served with a notice for his deposition and that he serve notices of deposition on his clients, Lucy Arant, Sarah Halpern, and Peter Marlow.  Neither Mr. McFarland nor his clients may object to the

| | | |
|---|---|---|
| MINUTES FORM 90 | | Initials of Deputy Clerk __jh_____ |
| CIVIL -- GEN | 1 | Time: 00/35 |

taking of their depositions on the basis of notice, service, or timeliness, but may assert any other objections they may have thereto and may seek any appropriate protective orders from the Discovery Master.  Subject to these conditions, the Court **DISCHARGES** the order to show cause.

As for the final item, the Court **STRIKES** the ex parte application to compel the depositions of Matthew Bousquette and Tina Patel, for two reasons.  First, the entire application and all exhibits thereto were filed under seal without the requisite showing of the necessity of filing it under seal.  Putting aside for consideration on another day the much broader issue of the necessity of filing under seal the narrower category of all documents designated under the protective order as "Confidential" and/or "Attorneys Eyes Only", there is no possible justification for filing the present ex parte application under seal.  Secondly, and importantly, the present ex parte application ignores the Court's previous orders that discovery matters must be presented in the first instance to the Discovery Master.  It is **STRICKEN** for that reason.

**IT IS SO ORDERED.**