KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF CARTER BRYANT'S STATEMENT REGARDING MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY**<br><br>Date: March 3, 2008<br>Time:<br>Dept: Courtroom 1<br>Judge: Hon. Stephen G. Larson<br><br>**Phase I:**<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

WERDEGAR DECLARATION IN SUPPORT OF CARTER BRYANT'S STATEMENT REGARDING MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY
CASE NO. CV 04-09049 SGL (RNBx)

412190.01

I, MATTHEW WERDEGAR, declare and state that:

1. I am an attorney licensed to practice law in the State of California and am a member of the law firm of Keker & Van Nest LLP, located at 710 Sansome Street, San Francisco, California 94111, counsel for plaintiff Carter Bryant in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. On February 25, 2008, I spoke with B. Dylan Proctor of Quinn Emanuel, counsel to Mattel. During this conversation, Mr. Proctor requested, for the first time, a clarification regarding Carter Bryant's unclean hands affirmative defense. Specifically, Mr. Proctor asked me to provide some clarification as to what parts of the unclean hands affirmative defense Bryant was asserting during Phase I.

3. Attached hereto as Exhibit A is a true and correct copy of a February 27, 2008 letter from me to Dylan Proctor regarding, in part, Bryant's unclean hands affirmative defense.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on February 27, 2008, at San Francisco, California.

/s/ Matthew Werdegar
MATTHEW WERDEGAR

1

WERDEGAR DECLARATION IN SUPPORT OF CARTER BRYANT'S STATEMENT REGARDING MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY
CASE NO. CV 04-09049 SGL (RNBx)

412190.01

# EXHIBIT A

LAW OFFICES
# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

February 27, 2008

**VIA FACSIMILE & U.S. MAIL**

B. Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:   Mattel v. Bryant, et al.

Dear Dylan:

      I am writing to follow-up on our telephonic conference on February 25, 2008 regarding Cater Bryant's response to Mattel's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses.

      As we discussed, Mr. Bryant believes that the time has now passed for Mattel to file any motion to compel or enforce with respect to this discovery response. Mr. Bryant served his response to this interrogatory on January 7, 2008, nearly seven weeks ago. Mattel thus was on notice of any alleged deficiencies in Mr. Bryant's response three weeks before the close of Phase I discovery, and it easily could have brought a motion to compel before the discovery cut-off had it acted diligently. However, Mattel elected to wait more than a month after receiving Mr. Bryant's response, and nine days after the Phase I discovery cut-off, before seeking to meet and confer regarding this response. Moreover, Mattel waited another full week after Mr. Bryant stated he was prepared to meet and confer before seeking to schedule that conference. In light of this time line, and the lack of diligence on Mattel's part that this time line illustrates, any motion Mattel may now seek to file plainly would be untimely under the *Days Inn Worldwide, Inc. v. Sonia Investments* factors, *see* 237 F.R.D. 395, 398 (N.D. Tex. 2006), and the reasoning of the Discovery Master's February 25, 2008 Order.

      Second, as we also discussed, Mr. Bryant believes that his response to Mattel's Amended Supplemental Interrogatory is substantively sufficient and in full compliance with Federal Rule of Civil Procedure 33. As I noted, the Discovery Master recently has ruled that it is appropriate for a responding party to "IDENTIFY" documents by categories, especially in response to broadly-framed contention interrogatories such as Mattel's Amended Supplemental

412198.01

B. Dylan Proctor, Esq.
February 27, 2008
Page 2

Interrogatory, and that a list of bates numbered documents is not required. *See generally* Order dated Feb. 20, 2008 & Order dated Feb. 15, 2008.

Finally, you asked (for the first time) that Mr. Bryant clarify the scope of his Phase I unclean hands affirmative defense. Although Mr. Bryant is under no obligation to do so, as Mattel's Amended Supplemental Interrogatory was directed at defendants' affirmative defenses for both Phases I and II, Mr. Bryant hereby voluntarily provides the following clarifying information in an effort to avoid a needless motion for summary judgment on this issue by Mattel: Mr. Bryant does not intend to assert all of the facts and contentions set forth in the "unclean hands" portion of his response to Mattel's Amended Supplemental Interrogatory in support of his unclean hands defense during the Phase I trial in this case, as some of those facts and contentions relate exclusively to Phase II. Specifically, Mr. Bryant does not intend to assert or rely upon the contentions and facts set forth at page 8, line 5 through page 28, line 7, and page 28, lines 11 through 14 of Mr. Bryant's response to Mattel's Amended Supplemental Interrogatory. Mr. Bryant reserves all of his rights to rely upon all of the facts and contentions set forth in the balance of his response to Mattel's Amended Supplemental Interrogatory, as well as any additional supporting facts relating to those facts and contentions, any and all facts that further analysis or discovery may reveal are also relevant to those facts and contentions, and any and all facts that have yet to be disclosed in discovery. In this regard, I note that Mattel has yet to provide critical discovery relevant to Mr. Bryant's Phase I unclean hands defense, despite Court orders that it do so, and other critical discovery is the subject of pending motions to compel filed by Mr. Bryant and/or MGA.

Very truly yours,

Matthew Werdegar

MMW/mls

cc via facsimile:
    Thomas J. Nolan
    Paul M. Eckles
    Alexander Cote

412198.01