1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9           UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11              EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | | Consolidated with |
| 14 | Plaintiff, | Case No. CV 04-09059 |
| | | Case No. CV 05-02727 |
| 15 | vs. | |
| 16 | MATTEL, INC., a Delaware corporation, | **[PUBLIC REDACTED] DECLARATION OF MELISSA GRANT IN SUPPORT OF MATTEL, INC.'S REPLY** |
| 17 | Defendant. | **REGARDING MATTEL'S MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER** |
| 18 | | **THE PHASE 1 DISCOVERY CUT-OFF IN REPOSE TO A SUBPOENA SERVED ON** |
| 19 | AND CONSOLIDATED ACTIONS | **PEOPLE'S BANK OF THE OZARKS** |
| 20 | | **DISCOVERY MATTER** |
| 21 | | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The** |
| 22 | | **Court's Order Of December 6, 2006]** |
| 23 | | Hearing Date:  TBA |
| 24 | | Time:            TBA |
| | | Courtroom:      TBA |
| 25 | | **Phase 1:** |
| 26 | | Discovery Cut-off:      January 28, 2008 |
| | | Pre-trial Conference:  May 5, 2008 |
| 27 | | Trial Date:            May 27, 2008 |
| 28 | | |

## DECLARATION OF MELISSA GRANT

I, Melissa Grant, declare as follows:

1.    I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit A is a true and correct copy of MGA's Complaint in this matter, filed April 13, 2007.

3.    Attached as Exhibit B is a true and correct copy of Mattel's Second Amended Answer and Counterclaims excluding Exhibit C.

4.    Attached as Exhibit C is a true and correct copy of Mattel's subpoena *duces tecum* served on People's Bank of the Ozarks (the "Bank") on January 21, 2008 and the notice thereof.

### The Bank's Statement of Compliance Without Objection and Request for Additional Time

5.    On Friday, January 25, 2008, I received a telephone call from Alison Holmes of the Bank advising me that the Bank would comply with Mattel's subpoena. Ms. Holmes said that the Bank had already collected almost all the responsive documents (consisting of a stack of paper two feet high) but that some of the older records had to be retrieved from microfilm. Ms. Holmes also said that because of technical problems, the Bank needed additional time to retrieve and produce the records on microfilm. Later that day, I received two e-mails from James Bowles, the attorney for the Bank, reiterating what Ms. Holmes had told me regarding their difficulty in retrieving the microfilm documents, and requesting 14 additional days from January 28, 2008 (the return date on the subpoena) to produce those documents. Attached as Exhibit D are true and correct copies of the e-mail messages from James Bowles. Subsequently, Ms.

07209/2413666.207209/14
13666.1

-2-

1  Holmes and Mr. Bowles informed me that the documents the Bank had assembled

2  and was ready to produce on January 28, 2008 (the return date of the subpoena)

3  consisted of responsive documents spanning the period October 2002 to the

4  present. They also said that the documents to be retrieved from microfilm

5  consisted of records from February 2002 through September 2002.

6      6.      Later that day, I sent an e-mail message to opposing counsel for

7  MGA, Carter Bryant ("Bryant"), Isaac Larian ("Larian"), and Carlos Gustavo

8  Machado Gomez ("Machado") requesting that they stipulate to extend the

9  deadline for the Bank to produce documents responsive to Mattel's subpoena from

10  January 28, 2008 to February 11, 2008, without prejudice to Mattel's right to

11  move to compel after the Phase 1 discovery cut-off in the event that the bank's

12  responses were insufficient. I informed counsel that if they would not agree to the

13  stipulation, Mattel would file a motion seeking leave for additional time.

14  Attached as Exhibit E is a true and correct copy of my January 25, 2008 e-mail

15  message.

16      7.      On the evening of January 25, 2008, I sent an e-mail message to

17  Mr. Bowles (the Bank's counsel) advising him that Mattel had no objection to the

18  Bank's request for 14 additional days to produce all documents responsive to the

19  subpoena, but requested that the Bank produce the documents it had already

20  assembled on the subpoena return date of Monday, January 28, 2008. To

21  facilitate production, I offered to arrange for Federal Express to pick the

22  documents from the Bank. I asked Mr. Bowles to let me know whether that was

23  acceptable. Attached as Exhibit F is a true and correct copy of my e-mail message

24  to Mr. Bowles.

25      8.      As of January 27, 2008, neither Bryant's counsel nor MGA's

26  counsel had responded to my January 25, 2008 e-mail message requesting that the

27  parties stipulate to additional time for the Bank's production. Because opposing

28  counsel had agreed to stipulate to a similar extension proposed by Mattel on

07209/2413666.207209/4
13666.1

-3-

1    January 27, 2008 regarding a subpoena *duces tecum* served on Wachovia Bank, I

2    sent a second e-mail message to Bryant's counsel and other opposing counsel

3    asking them if they would agree to the proposed stipulation regarding People's

4    Bank of the Ozarks. Attached as Exhibit G is a true and correct copy of my e-

5    mail message dated January 27, 2008. Less than five minutes later, I received an

6    e-mail message from Bryant's counsel, Michael Page, stating in full: "No, we will

7    not agree." Bryant's counsel gave no reason for their refusal to so stipulate.

8    Attached as Exhibit H is a true and correct copy of the e-mail message from Mr.

9    Page.

10       9.    By e-mail message dated January 26, 2008, Mr. Bowles told me

11   that he would check with the Bank president and let me know Monday morning

12   whether Mattel could pick up on the return date of January 28, 2008 the responsive

13   documents already assembled by the Bank. Attached as Exhibit I is a true and

14   correct copy of Mr. Bowles' e-mail message.

15       10.   On Monday, January 28, 2008 at 8:18 a.m., I received another e-

16   mail message from Mr. Bowles stating that Mattel could arrange with Ms. Holmes

17   to pick up the responsive documents already assembled later that day. Less than

18   two hours later, before any pick-up arrangements were made, I received an e-mail

19   message from Mr. Bowles, informing me that the Bank had received notification of

20   an unspecified "attempt to quash the subpoena" and that therefore production was

21   "on hold." Approximately three hours later, I received another e-mail from Mr.

22   Bowles, which read: "We now have a threatening letter from John Trinidad

23   regarding the subpoena. He is moving to quash, accordingly, we are going to hold

24   off until we get a court order or the parties come to an agreement." As a result, no

25   documents responsive to the subpoena have been produced to Mattel by People's

26   Bank of the Ozarks. Attached collectively as Exhibit J are true and correct copies of

27   Mr. Bowles' three e-mail messages to me dated January 28, 2008.

28

1    11.    At 9:08 a.m. on January 28, 2008, I received by e-mail a letter

2  from John Trinidad, Bryant's counsel, asserting that the subpoena was invalid and

3  advising that Bryant would file a motion to quash or for a protective order "should

4  Mattel not withdraw its subpoena." Attached as Exhibit K is a true and correct

5  copy of Mr. Trinidad's January 28, 2008 e-mail message and letter. Mattel would

6  not agree to do so because the subpoena is valid and seeks relevant and

7  discoverable documents that Bryant has failed to produce despite promises and his

8  agreement to do so.

9    12.    I am unaware of any prejudice that Bryant has suffered by the

10  lack of "prior notice" of the subpoena. On the other hand, Bryant or his counsel

11  appear to have advised the Bank that the subpoena was invalid and "threatened"

12  the Bank, implicitly or explicitly, if it produced documents responsive to Mattel.

13  As a result of that action and the Motion to Quash, the Bank has not produced any

14  documents to Mattel in response to the subpoena despite the Bank's ability and

15  previous willingness to do so.

16

17                    **Foothill Business Services Document Production**

18    13.    On December 11, 2007, Mattel issued a subpoena to Foothill

19  Business Services ("Foothill"), Bryant's accountants, seeking relevant financial

20  information relating to Bryant and Carter Bryant Enterprises; Mattel amended the

21  subpoena on December 18, 2007 ("Foothill Subpoena"). Attached as Exhibit L is a

22  true and correct copy of the Foothill Subpoena.

23    14.    Bryant's counsel objected to the Subpoena and advised Mattel

24  that Bryant intended to file a motion to quash or for a protective order if Mattel did

25  not withdraw it. Over the course of the next month, counsel met and conferred by

26  telephone, e-mail message, and letter regarding Bryant's objections to the Foothill

27  Subpoena. Attached collectively as Exhibit  M are true and correct copies of the

28  meet and confer communications.

07209/2413666.207209/
13666.1

1      15.   By letter dated January 11, 2008, to my colleague Jon D. Corey,
2   from Mathew Werdegar, counsel for Bryant, Bryant agreed to gather from Foothill
3   and produce to Mattel the following documents:

4      a.   All available profit and loss income statements for Carter Bryant
5   Enterprises ("CBE");

6      b.   Documents sufficient to show all payments to Bryant from MGA
7   and/or Isaac Larian;

8      c.   Documents sufficient to show all payments to Veronica Marlow
9   from Bryant or CBE;

10      d.   Documents sufficient to show Bryant's net worth;

11      e.   Documents sufficient to identify any witness or witnesses'
12   counsel to whom Bryant has made any payments for fees, costs, or expenses
13   incurred by that witness in connection with the present litigation and the amount
14   paid, if any, to or on behalf of such witness;

15      f.   Foothill's document retention policy, if it has one; and

16      g.   Documents constituting communications between Bryant and
17   Foothill substantively related to Bratz.

18   Attached as Exhibit N is a true and correct copy of Mr. Werdegar's January 11,
19   2008 letter.

20      16.   On January 23, 2008—five days before the Phase 1 discovery
21   cut-off—Bryant purported to produce by e-mail "documents in accordance with our
22   stipulation regarding Mattel's subpoena of Foothill Business Services." However,
23   the Foothill production consisted of only 11 documents: two CBE income
24   statements from 2003, four CBE quarterly income statements from 2006, four CBE
25   quarterly incomes statements from 2007, and a ledger of payments to Veronica
26   Marlow in 2006 and 2007 only. Attached collectively as Exhibit O are true and
27   correct copies of Bryant's January 23, 2008 Foothill production.

28

1  ## Bryant Has Not Provided Mattel with "Prior Notice" of Subpoenas Before Serving Them to Third Parties

2

3      17.    Bryant has served at least six subpoenas on third parties in this

4  action.  They include subpoenas to Anna Rhee, Verizon California, SBC, Pacific

5  Bell Telephone Co., Steven Linker, and Ogilvy and Mather Worldwide, all of which

6  requested the production of specified documents.  A review of the documents served

7  on Mattel related to those subpoenas shows that Bryant never provided Mattel with

8  "prior notice" of those subpoenas before serving them on the third parties.

9

10      I declare under penalty of perjury under the laws of the United States

11  that the foregoing is true and correct.

12      Executed this 28th day of February, 2008, at Los Angeles, California.

13

14                              _____/S/_____
                                Melissa Grant
15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2413666.207209/14
13666.1

-7-