**Exhibit C**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14               Plaintiff,              Consolidated with Case Nos. CV 04-
                                         9059 and CV 05-2727
15        v.
                                         NOTICE OF SUBPOENA ISSUED TO
16  MATTEL, INC., a Delaware             PEOPLE'S BANK OF THE OZARKS
    Corporation,
17                                       Phase 1:
                 Defendant,              Discovery Cut-off:    January 28, 2008
18                                       Pre-trial Conference: April 21, 2008
                                         Trial Date:           May 27, 2008
19

20  AND CONSOLIDATED CASES

21

22

23

24

25

26

27                                       EXHIBIT __C__ PAGE _128_

28

07209/2352678.1                          1-22

NOTICE OF SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS.

1       PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

2 <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1,

3 requesting the production of specified documents to the following:

4      1)     People's Bank of the Ozarks, 305 W. Mt. Vernon, Nixa, MO 65714.

5

6 DATED: January 22, 2008       QUINN EMANUEL URQUHART OLIVER &amp;
                                           HEDGES, LLP

7

8                                 By_____

9                                    Melissa Grant
                                   Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          EXHIBIT __C__ PAGE _129_

28

07209/2352678.1

-2-

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

__WESTERN__ DISTRICT OF __MISSOURI__

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  Cal C.D.CV 04-9049 SGL (RNBx consolidated with cases CV 04-9059 and CV 05-2727
Central District of CA

TO:  People's Bank of the Ozarks
305 W. Mt. Vernon
Nixa, MO 65714

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | January 28, 2008 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Melissa Grant / Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT __C__  PAGE __130__

AO88 (Rev. 12/06) Subpoena in a Civil Case

| | PROOF OF SERVICE | | |
|---|---|---|---|
| | DATE | PLACE | |
| SERVED | 1/18/2008 | 305 West Mt. Vernon Nixa, MO 65714 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Kim Campbell, Branch Manager, People's Bank of the Ozarks | Personal (Served 1-18-08 at 2:06 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gary K. Wells | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/21/2008___
                    DATE

_____
SIGNATURE OF SERVER

c/o Now Legal Service, 1301 W. 2nd St., Los Angeles,
ADDRESS OF SERVER

CA 90026, (213) 482-1567, Reg. Springfield, MO

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___C___ PAGE ___131___

## ATTACHMENT A

### Documents To Be Produced

1.     DEFINITIONS.

i.     "YOU" or "YOUR" means Peoples Bank of the Ozarks, and all
of YOUR parents, subsidiaries, divisions, affiliates or affiliated entities, past or
present employees, agents, representatives, consultants, independent contractors,
any predecessors or successors in interest, and any other PERSON acting on
YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

ii.     "CARTER BRYANT ENTERPRISES" means any corporation,
partnership or other entity which has an ACCOUNT or ACCOUNTS with YOU
for which CARTER BRYANT is an authorized signer or has signatory authority
over its ACCOUNTS, and any of its current or former employees, officers,
directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
affiliates, predecessors-in-interest and successors-in-interest, and any other
PERSON acting on its behalf, pursuant to its authority or subject to its control.
Without any limitation, "CARTER BRYANT ENTERPRISES" shall include any
partnerships, corporations, joint ventures, and any kind of business, legal, or public
entity or organization owned or operated by or otherwise affiliated with Carter
Bryant, as well as their agents, representatives, employees, officers and directors
and any one else acting on their behalf, pursuant to their authority, or subject to
their control.

iii.     "CARTER BRYANT" means the individual named Carter
Bryant, Social Security No. 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, date of birth 10/1/1968, and any of his
current or former employees, agents or representatives, attorneys, accountants,
vendors, consultants, independent contractors, predecessors-in-interest and
successors-in-interest, relatives (whether by blood or marriage), including any
trustees acting for his benefit, and any other PERSON acting on his behalf,
pursuant to his authority or subject to his control.

iv.     "ACCOUNT" or "ACCOUNTS" means any account of any
type, including but not limited to any checking account, savings account, deposit
account, credit card account, line of credit account, charge account, and any other
account of any other type.

v.     "PERSON" or "PERSONS" means all natural persons,

07209/2293434.1

EXHIBIT _C_ PAGE _132_

partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

vi.     "DOCUMENT" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

vii.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

viii.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ix.     Wherever used herein, the singular shall include the plural and the plural shall include the singular.


2.     <u>INSTRUCTIONS.</u>

a.     YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

07209/2293434.1

EXHIBIT __C__ PAGE 133

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)     The date, author(s), addressee(s); and

(4)     Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

## 3.     DOCUMENTS TO BE PRODUCED.

(1)     All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT ENTERPRISES from January 1, 1999 to the present, inclusive.

(2)     All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT from January 1, 1999 to the present, inclusive.

(3)     All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 300368180, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

EXHIBIT __C__ PAGE 134

(4)    All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns CARTER BRYANT ENTERPRISES or CARTER BRYANT, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

(5)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning CARTER BRYANT ENTERPRISES or CARTER BRYANT between January 1, 1999 and the present, inclusive.

(6)    All DOCUMENTS showing or relating to any account(s) held by CARTER BRYANT ENTERPRISES or CARTER BRYANT or any account(s) for which CARTER BRYANT ENTERPRISES or CARTER BRYANT has signatory authority at any other financial institution.

EXHIBIT ___C___ PAGE 135

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an          CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                             Consolidated with Case Nos. CV 04-09059
              Plaintiff,       and CV 05-02727
15
       vs.                     **PROOF OF SERVICE**
16
    MATTEL, INC., a Delaware
17  corporation,

18            Defendant.

19
    AND CONSOLIDATED
20  ACTIONS

21

22

23

24

25

26

27
                             EXHIBIT __C__ PAGE __136__
28

                                              PROOF OF SERVICE

1

## PROOF OF SERVICE

2
3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

4

On January 25, 2008, I served true copies of the following document(s) described :

5

1)      **NOTICE OF SUBPOENA ISSUED TO KENNETH R. BAILY, CPA**

6

2)      **NOTICE OF SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS**

7

3)      **NOTICE OF SUBPOENA ISSUED TO WASHINGTON MUTUAL BANK**

8

4)      **NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION**

9

5)      **NOTICE OF SUBPOENA ISSUED TO DEWBERRY CESIGNER HOLDINGS, INC.**

10

on the parties in this action as follows:

11

### SEE ATTACHED LIST

12
13
14

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

15
16

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

Executed on January 25, 2008, at Los Angeles, California.

18
19

NOW LEGAL -- Dave Quintana

20
21
22
23
24
25
26
27
28

07209/2366738.1

EXHIBIT __C__ PAGE __137__

1

**SERVICE LIST**

2

Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom ,**
3  **LLP**
300 South Grand Ave., Ste. 3400
4  Los Angeles, California 90071
TEL: (213) 687-5000
5  FAX: (213) 687-5600
**tnolan@skadden.com**
6

7

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
TEL: (415) 391-5400
FAX: (415) 397-7188
**jkeker@kvn.com**
**mhp@kvn.com**

8  Mark E. Overland, Esq.
David E. Scheper, Esq.
9  Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
10  300 South Grand Avenue
Suite 2750
11  Los Angeles, CA 90071-3144
TEL: (213) 613-4655
12  FAX: (213) 613-4656
**moverland@obsklaw.com**.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _C_ PAGE _138_

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4       On January 25, 2008, I served true copies of the following document(s) described as:

5   1)      **NOTICE OF SUBPOENA ISSUED TO KENNETH R. BAILY, CPA**

6   2)      **NOTICE OF SUBPOENA ISSUED TO PEOPLE'S BANK OF THE OZARKS**

7   3)      **NOTICE OF SUBPOENA ISSUED TO WASHINGTON MUTUAL BANK**

8   4)      **NOTICE OF SUBPOENA ISSUED TO WACHOVIA CORPORATION**

9   5)      **NOTICE OF SUBPOENA ISSUED TO DEWBERRY CESIGNER HOLDINGS, INC.**

10      on the parties in this action as follows:

11                          **SEE ATTACHED LIST**

12

13

14  **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from lucilleclavel@quinnemanuel.com on January 25, 2008, by transmitting a PDF format copy of such

15  document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported

16  as complete and without error.

17      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18      Executed on January 25, 2008, at Los Angeles, California.

19

20                                  *Lucille Clavel*

21                                  LUCILLE CLAVEL

22

23

24

25

26

27

28

072092366736.1

EXHIBIT _C_ PAGE _140_

| | |
|---|---|
| 1 | **SERVICE LIST** |

Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom ,
LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, California 90071
TEL: (213) 687-5000
FAX: (213) 687-5600
tnolan@skadden.com
miller@skadden.com

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
TEL: (415) 391-5400
FAX: (415) 397-7188
jkeker@kvn.com
mhp@kvn.com

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
TEL: (213) 613-4655
FAX: (213) 613-4656
moverland@obsklaw.com

**EXHIBIT _C_ PAGE _141_**

07209/2366736.1

-2-

**Exhibit D**

## Melissa Grant

| | |
|---|---|
| **From:** | James Bowles [jlbowles.atty@gmail.com] |
| **Sent:** | Friday, January 25, 2008 1:42 PM |
| **To:** | Melissa Grant |
| **Cc:** | aholmes@peoplesbanking.com |
| **Subject:** | Re: Peoples bank subpoena |

Peoples Bank will agree to a stipulation to provide its documents within a 14 day extension from Jan. 28

On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:

---------- Forwarded message ----------
From: **James Bowles** <jlbowles.atty@gmail.com>
Date: Jan 25, 2008 3:24 PM
Subject: Peoples bank subpoena
To: melissa.grant@quinnemanuel.com
Cc: aholmes@peoplesbanking.com

Ms. Grant,

    I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
    Jim Bowles

EXHIBIT __D__ PAGE __142__

**Exhibit E**

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Friday, January 25, 2008 9:22 PM |
| **To:** | Paul.Eckles@skadden.com; Thomas Nolan; CAnderson@KVN.com; Jkeker@kvn.com; Mwerdeger@KVN.com; Timothy.Miller@skadden.com; Kenneth.Plevan@skadden.com; MPage@KVN.com; Alexander H. Cote (acote@obsklaw.com); Mark E. Overland (moverland@obsklaw.com); David C. Scheper (dscheper@obsklaw.com) |
| **Cc:** | John Gordon; Michael T Zeller; Dylan Proctor; Jon Corey |
| **Subject:** | Mattel v. Bryant |

Counsel,

I am writing to request that you stipulate to extend the deadline for the Peoples Bank of the Ozarks to produce documents responsive to Mattel's subpoena from January 28, 2008 to February 11, 2008, without prejudice as to Mattel's right to move to compel after the discovery cut-off in the event that the bank's response is insufficient.

Please let me know if you will agree to so stipulate by 3:00 p.m. on Sunday, January 27. If you will not agree, we will file a motion for additional time on Monday, January 28.

Thank you for prompt attention to this matter.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

EXHIBIT __E__ PAGE _143_

**Exhibit F**

**From:** Melissa Grant

**Sent:** Friday, January 25, 2008 11:12 PM

**To:** 'James Bowles'

**Cc:** 'aholmes@peoplesbanking.com'; John Gordon; Michael T Zeller; Dylan Proctor; Jon Corey

**Subject:** RE: Peoples bank subpoena

Mr. Bowles,

As we discussed, Mattel agrees to provide your client, the Peoples Bank of the Osarks, with an additional 14 days to produce all documents responsive to the subpoena, without prejudice as to Mattel's right to move to compel further responses. We ask, however, that the bank send us on Monday, January 28, the responsive documents it has already collected. To facilitate the production, we can arrange for federal express to pick them up from Ms. Holmes on Monday.

Please let me know by the end of the weekend if that is acceptable. If it is, I will contact Ms. Holmes at the bank Monday morning to confirm the pick up.

Thank you for your cooperation.

Melissa Grant

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** James Bowles [mailto:jlbowles.atty@gmail.com]
**Sent:** Friday, January 25, 2008 1:42 PM
**To:** Melissa Grant
**Cc:** aholmes@peoplesbanking.com
**Subject:** Re: Peoples bank subpoena

EXHIBIT __F__ PAGE __144__

Peoples Bank will agree to a stipulation to provide its documents within a 14 day extension from Jan. 28

On 1/25/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:

---------- Forwarded message ----------
From: **James Bowles** <jlbowles.atty@gmail.com>
Date: Jan 25, 2008 3:24 PM
Subject: Peoples bank subpoena
To: melissa.grant@quinnemanuel.com
Cc: aholmes@peoplesbanking.com

Ms. Grant,
    I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high.  We would request 14 more days from Monday, Jan. 28.
    Jim Bowles

EXHIBIT F  PAGE 145

**Exhibit G**

**Melissa Grant**

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Sunday, January 27, 2008 11:12 AM |
| **To:** | 'lmcfarland@kmwlaw.com'; 'Park, Amy S'; 'acote@obsklaw.com'; 'Eckles, Paul M (NYC)'; 'Nolan, Thomas J (LAC)'; 'Plevan, Kenneth A (NYC)'; 'Miller, Timothy A (SFC)'; 'mpage@kvn.com'; 'jkeker@kvn.com'; 'canderson@kvn.com'; 'moverland@obsklaw.com'; 'dscheper@obsklaw.com' |
| **Cc:** | Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; David Quinto; Christopher Price; Melissa Grant |
| **Subject:** | RE: Mattel v. Bryant |

| Tracking: | Recipient | Read |
|---|---|---|
| | 'lmcfarland@kmwlaw.com' | |
| | 'Park, Amy S' | |
| | 'acote@obsklaw.com' | |
| | 'Eckles, Paul M (NYC)' | |
| | 'Nolan, Thomas J (LAC)' | |
| | 'Plevan, Kenneth A (NYC)' | |
| | 'Miller, Timothy A (SFC)' | |
| | 'mpage@kvn.com' | |
| | 'jkeker@kvn.com' | |
| | 'canderson@kvn.com' | |
| | 'moverland@obsklaw.com' | |
| | 'dscheper@obsklaw.com' | |
| | Michael T Zeller | |
| | Jon Corey | Read: 1/27/2008 11:26 AM |
| | John Gordon | Read: 1/27/2008 11:18 AM |
| | Dylan Proctor | Read: 1/27/2008 11:16 AM |
| | David Quinto | |
| | Christopher Price | |
| | Melissa Grant | |
| | Tiffany Garcia | |
| | Aaron Bloomfield | |

Dear Mr. McFarland:

We previously asked that you accept service on behalf Peter Marlow, but you refused. Since then, we have attempted nearly a dozen times to serve Mr. Marlow as an individual with a deposition subpoena and with document subpoenas as the designated agent for Veronica Marlow, Inc., Doll Bag, Inc., and Marlow Techno-Logic, Inc. Mr. Marlow appears to be out of town. In light of the Phase 1 discovery cut-off and the January 7, 2008 Order, we ask again whether you will extend us the professional courtesy of accepting service on Mr. Marlow's behalf.   Alternatively, we ask that you and the other defendants stipulate to additional time to complete this discovery. Specifically, the stipulation would set February 11, 2008 as the deadline to depose Mr. Marlow and as the return date for document subpoenas on Marlow's three companies, and set February 25, 2008 as the deadline to move to compel further responses.

EXHIBIT __G__ PAGE __146__

Please let us know by 9:00 a.m. Monday, January 28 if you will agree to accept service on behalf of Mr. Marlow both as an individual and as the designated agent for the Marlow's three companies, or whether you will agree to the proposed stipulation. If you will not agree, we file the requisite motion.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Park, Amy S [mailto:Amy.Park@skadden.com]
**Sent:** Sunday, January 27, 2008 8:57 AM
**To:** Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
**Subject:** Re: Mattel v. Bryant

That's fine. I will get you a draft stip later today.

****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************

—— Original Message ——
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S (PAL); acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon <johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com <mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 07:29:42 2008
Subject: Re: Mattel v. Bryant

Amy,

EXHIBIT __G__ PAGE __147__

1/28/2008

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for offering to prepare the stipulation.
Melissa

----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC) <Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com <mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant

Dear Melissa,
We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into April while the parties are preparing for trial.  I suggest 7 days after the responses are served.  Please let me know if you are agreeable to this.  If so, I will send you over a proposed stip.
Thank you.
Amy

Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the recent document subpoena.  We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday.  If you will not agree, we will file the requisite motion Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*********************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally

1/28/2008

privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

************************************************ To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ************************************************
************************************************ This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

************************************************ To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ************************************************
************************************************. This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ************************************************

EXHIBIT __G__ PAGE __149__

**Exhibit H**

## Melissa Grant

**From:** Michael Page [MPage@KVN.com]
**Sent:** Sunday, January 27, 2008 8:44 PM
**To:** Melissa Grant; John Keker; Christa Anderson
**Cc:** Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor
**Subject:** Re: Mattel v. Bryant

No, we will not agree.

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Michael Page; John Keker; Christa Anderson
Cc: Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Sun Jan 27 20:40:45 2008
Subject: RE: Mattel v. Bryant

Michael,

We note the you agreed to the stipulation extending the deadline for Wachovia to respond the second subpoena.  Will you also agree to a similar stipulation that we proposed for Peoples Bank of the Ozarks, which has requested additional time as well?

Please let us know if we must proceed with a motion for an order extending the return date on the Peoples Bank subpoena.

Thanks

Melissa

----

From: Michael Page [mailto:MPage@KVN.com]
Sent: Sunday, January 27, 2008 2:46 PM
To: Melissa Grant; Amy.Park@skadden.com; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan
Proctor; Paul.Eckles@skadden.com; Thomas.Nolan@skadden.com; Kenneth.Plevan@skadden.com;
Timothy.Miller@skadden.com; John Keker; Christa Anderson; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: Re: Mattel v. Bryant

Fine with us.

----- Original Message -----
From: Melissa Grant <melissagrant@quinnemanuel.com>
To: Park, Amy S <Amy.Park@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller
<michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; John Gordon
<johngordon@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Eckles, Paul M (NYC)
<Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; Michael Page; John Keker;
Christa Anderson; moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com
<dscheper@obsklaw.com>
Cc: Melissa Grant <melissagrant@quinnemanuel.com>
Sent: Sun Jan 27 14:26:47 2008
Subject: RE: Mattel v. Bryant

EXHIBIT __H__ PAGE _150_

1/28/2008

Amy, there is one change we request be made:  in the second Whereas paragraph, please insert "Phase 1" before "discovery cut-off"  I've attached a redline so there's no confusion.

Thanks

Melissa

---

From: Park, Amy S [mailto:Amy.Park@skadden.com]
Sent: Sunday, January 27, 2008 1:51 PM
To: Park, Amy S (PAL); Melissa Grant; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant

Hi all,
Re-circulating the draft stip to correct an inadvertent omission in the last draft.  Please let me know if this is acceptable.
Thanks.
Amy

---

From: Park, Amy S (PAL)
Sent: Sunday, January 27, 2008 1:28 PM
To: 'Melissa Grant'; acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Subject: RE: Mattel v. Bryant

Counsel,
I am attaching the draft stip regarding the subpoenas to Wachovia.  Please share your comments ASAP and let me know if we have permission to sign for you.
Thanks,
Amy

---

From: Melissa Grant [mailto:melissagrant@quinnemanuel.com]
Sent: Sunday, January 27, 2008 4:30 AM
To: Park, Amy S (PAL); acote@obsklaw.com; Michael T Zeller; Jon Corey; John Gordon; Dylan Proctor; Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Plevan, Kenneth A (NYC); Miller, Timothy A (SFC); mpage@kvn.com; jkeker@kvn.com; canderson@kvn.com; moverland@obsklaw.com; dscheper@obsklaw.com
Cc: Melissa Grant
Subject: Re: Mattel v. Bryant

Amy,

Your counterproposal is fine with one exception, we would like 10 days to file a motion to compel if necessary. Thanks for offering to prepare the stipulation.
Melissa

----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: acote@obsklaw.com <acote@obsklaw.com>; Michael T Zeller; Jon Corey:

EXHIBIT __H__   PAGE __151__

1/28/2008

(NYC) <Paul.Eckles@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; mpage@kvn.com
<mpage@kvn.com>; jkeker@kvn.com <jkeker@kvn.com>; canderson@kvn.com <canderson@kvn.com>;
moverland@obsklaw.com <moverland@obsklaw.com>; dscheper@obsklaw.com <dscheper@obsklaw.com>; Melissa Grant
Sent: Sat Jan 26 19:47:55 2008
Subject: Mattel v. Bryant

Dear Melissa,

We agree in principle with your proposal below, but the stip should make clear that (1) both Wachovia's and MGA's
responses to the new document subpoena are stayed until 7 days after Judge Infante rules on the pending motion to quash the
previous document subpoena, (2) Wachovia's responses to the deposition subpoena are stayed until 7 days after Judge
Infante rules on MGA's pending motion to quash that subpoena, and (3) we need to set a deadline by which any motions in
respect of MGA's or Wachovia's responses must be filed so that we do not have motion practice occurring into April while
the parties are preparing for trial.  I suggest 7 days after the responses are served. Please let me know if you are agreeable to
this.  If so, I will send you over a proposed stip.
Thank you.
Amy


Counsel,

In light of the pending motion to quash the prior Wachovia deposition subpoena, Wachovia's counsel has asked that
Wachovia have until 7 days after the Court's ruling on the pending motion to respond to both the deposition subpoena and the
recent document subpoena.  We are writing to request that you stipulate to Wachovia's requested extension and Mattel's right
to move to compel if necessary based on Wachovia's responses.

Please let us know if you will so stipulate by 5:00 p.m. Sunday.  If you will not agree, we will file the requisite motion
Monday, January 28.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  melissagrant@quinnemanuel.com <mailto:melissagrant@quinnemanuel.com>
Web:  www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above.  This message may be an attorney-client communication and/or work product and as such is privileged and
confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.


************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information.  If you are not the intended recipient of this email, you are hereby notified any
dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited.  If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

EXHIBIT  H  PAGE 152

**************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. **************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ****************************************************

**************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. **************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ****************************************************

EXHIBIT __H__ PAGE 153

**Exhibit I**

**From:**    James Bowles [jlbowles.atty@gmail.com]

**Sent:**    Saturday, January 26, 2008 9:25 AM

**To:**      Melissa Grant

**Subject:** Re: Peoples bank subpoena

I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.

On 1/25/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:

  Ms. Grant,

  I am the attorney for Peoples Bank in Nixa, Mo. The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high. We would request 14 more days from Monday, Jan. 28.

  Jim Bowles

EXHIBIT __I__ PAGE 154

**Exhibit J**

**From:** James Bowles [jlbowles.atty@gmail.com]

**Sent:** Monday, January 28, 2008 8:18 AM

**To:** Melissa Grant

**Subject:** Re: Peoples bank subpoena

There should be no problem with you having what has been found picked up at Peoples Bank. Feel free to call Allison to coordinate @ 417-724-5043.

On 1/26/08, **Melissa Grant** <melissagrant@quinnemanuel.com> wrote:

Ok thanks.

----- Original Message -----
From: James Bowles <jlbowles.atty@gmail.com>
To: Melissa Grant
Sent: Sat Jan 26 09:24:52 2008
Subject: Re: Peoples bank subpoena

I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.

On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:

Ms. Grant,
I am the attorney for Peoples Bank in Nixa, Mo. The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high. We would request 14 more days from Monday, Jan. 28.
Jim Bowles

EXHIBIT ___J___ PAGE _155_

**From:** James Bowles [jlbowles.atty@gmail.com]

**Sent:** Monday, January 28, 2008 9:47 AM

**To:** Melissa Grant

**Cc:** aholmes@peoplesbanking.com

**Subject:** Re: Peoples bank subpoena

In the last 30 minutes the bank received something attempting to quash the subpoena. I have not seen it yet. For now this is on hold & I'll get back with you. If you know anything about this, please advise.

On 1/28/08, **Melissa Grant** <melissagrant@quinnemanuel.com> wrote:

> Great. Much appreciated. I'll call Alison
> Melissa
>
>
> ----- Original Message -----
> From: James Bowles <jlbowles.atty@gmail.com>
> To: Melissa Grant
> Sent: Mon Jan 28 08:18:23 2008
> Subject: Re: Peoples bank subpoena
>
> There should be no problem with you having what has been found picked up at Peoples Bank. Feel free to call Allison to coordinate @ 417-724-5043.
>
>
> On 1/26/08, Melissa Grant <melissagrant@quinnemanuel.com> wrote:
>
> > Ok thanks.
> >
> > ----- Original Message -----
> > From: James Bowles <jlbowles.atty@gmail.com>
> > To: Melissa Grant
> > Sent: Sat Jan 26 09:24:52 2008
> > Subject: Re: Peoples bank subpoena
> >
> >
> > I have forwarded your request to the bank president, but we will not be able to respond until Monday morning. You should have our response by the time you get to work due to the time difference.
> >
> >
> > On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:
> >
> > > Ms. Grant,
> > >      I am the attorney for Peoples Bank in Nixa, Mo. The bank personnel have worked long & hard to provide the documents that you requested but due to a mechanical failure, cannot make the deadline. the stack of paper is now 24" high. We would request 14 more days from Monday, Jan. 28.
> > >      Jim Bowles

EXHIBIT __J__ PAGE __156__

**Aaron Bloomfield**

**From:**    James Bowles [jlbowles.atty@gmail.com]

**Sent:**    Monday, January 28, 2008 12:42 PM

**To:**      Melissa Grant

**Subject:** Re: Peoples bank subpoena

We now have a threatening letter from John Trinidad regarding the subpoena. He is moving to quash,
accordingly, we are going to hold off until we get a court order or the parties come to an agreement.

On 1/28/08, **James Bowles** <jlbowles.atty@gmail.com> wrote:
In the last 30 minutes the bank received something attempting to quash the subpoena. I have not seen
it yet. For now this is on hold & I'll get back with you. If you know anything about this, please
advise.

On 1/28/08, **Melissa Grant** <melissagrant@quinnemanuel.com> wrote:

Great. Much appreciated. I'll call Alison
Melissa

—— Original Message ——
From: James Bowles <jlbowles.atty@gmail.com>
To: Melissa Grant
Sent: Mon Jan 28 08:18:23 2008
Subject: Re: Peoples bank subpoena

There should be no problem with you having what has been found picked up at Peoples Bank.  Feel free to call Allison
to coordinate @ 417-724-5043.

On 1/26/08, Melissa Grant <melissagrant@quinnemanuel.com> wrote:

Ok thanks.

—— Original Message ——
From: James Bowles <jlbowles.atty@gmail.com>
To: Melissa Grant
Sent: Sat Jan 26 09:24:52 2008
Subject: Re: Peoples bank subpoena

I have forwarded your request to the bank president, but we will not be able to respond until Monday morning.
You should have our response by the time you get to work due to the time difference.

On 1/25/08, James Bowles <jlbowles.atty@gmail.com> wrote:

Ms. Grant,
      I am the attorney for Peoples Bank in Nixa, Mo.  The bank personnel have worked long & hard to provide
the documents that you requested but due to a mechanical failure, cannot make the deadline.  the stack of paper is now
24" high.  We would request 14 more days from Monday, Jan. 28.
      Jim Bowles

EXHIBIT __J__  PAGE _157_

2/6/2008

**Exhibit K**

**Melissa Grant**

| | |
|---|---|
| **From:** | John E. Trinidad [JTrinidad@kvn.com] |
| **Sent:** | Monday, January 28, 2008 9:08 AM |
| **To:** | Melissa Grant |
| **Cc:** | tnolan@skadden.com; acote@obsklaw.com |
| **Subject:** | FW: Melissa Grant |
| **Attachments:** | SFOEC01-Exchange-01282008-090539.pdf |

Please see attached correspondence

<<SFOEC01-Exchange-01282008-090539.pdf>>

EXHIBIT __K__ PAGE __158__

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOHN E. TRINIDAD
JTRINIDAD@KVN.COM

January 28, 2008

**VIA PDF, FACSIMILE & FED EX**

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges,
LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:     Bryant v. Mattel, Inc. and Consolidated Cases

Dear Ms. Grant:

I am writing in regards to Mattel's Notice of Subpoena Issued to People's Bank of the
Ozarks, which was sent by your office to us for the first time on Friday, January 25, 2008.  The
notice appears to have been erroneously dated January 22, 2008.  We also note that the subpoena
itself was signed and presumably served on January 15, 2008.

The subpoena is invalid for failing to comply with Fed. R. Civ. P. 45(b)(1) which
requires notice to parties before service of a subpoena calling for the production of documents.
That failure is all the more egregious given the discovery cut-off in this case.  Moreover, this
subpoena is invalid because it is overbroad, seeks documents irrelevant to the lawsuit, and seeks
to invade Mr. Bryant's privacy rights.

We seek to schedule a meet-and-confer on this subject immediately.  Given that the
subpoena calls for production of such material by 9:00AM on January 28, 2008 and is in flagrant

410128.01

EXHIBIT __K__ PAGE _159_

01/23/2008 08:58 FAX 4153977160          KEKER & VAN NEST                          ☑003/003

Melissa Grant
January 28, 2008
Page 2


violation of the notice requirements of Fed. R. Civ. P. 45, we currently intend to file a motion for a protective order and to quash should Mattel not withdraw its subpoena.

                              Sincerely,

                              *John E. Trinidad*/js

                              John E. Trinidad

JET

cc:     Thomas J. Nolan
        Alexander H. Cote

410129.01

EXHIBIT __K__ PAGE _160_

The attached fax was received from 4153977188 on 1/28/2008 at 8:59:19 AM

JobID: 081698

EXHIBIT __K__ PAGE _161_

LAW OFFICES
# KEKER & VAN NEST
. LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

### January 28, 2008

| To | Telephone | Facsimile |
|---|---|---|
| Melissa Grant<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP | 213/443-3000 | 213/443-3100 |
| Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom | 213/687-5000 | 213/687-5600 |
| Alexander H. Cote<br>Overland Borenstein Scheper & Kim LLP | (213) 613-4655 | (213) 613-4656 |

| From | Telephone | Code |
|---|---|---|
| John E. Trinidad | 415/ 391-5400 | 6647/jselby |

Re     Bryant v. Mattel:  (ED) 2:04-cv-09049-SGL-RNB

### Number of Pages (Including Cover): 3

### COMMENTS

Please see attached.

Operator _____                              Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

393005.01

EXHIBIT __K__ PAGE __162__

**Exhibit L**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| v. | NOTICE OF SUBPOENA ISSUED TO THE FOOTHILL BUSINESS SERVICES |
| MATTEL, INC., a Delaware Corporation, | |
| Defendant, | **Phase 1:** |
| | Discovery Cut-off: January 28, 2008 |
| | Pre-trial Conference: May 5, 2008 |
| | Trial Date: May 27, 2008 |
| AND CONSOLIDATED CASES. | |

EXHIBIT L PAGE 163

07209/2328805.1

13-18

NOTICE OF SUBPOENA ISSUED TO FOOTHILL BUSINESS SERVICES

1    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

2 <u>Civil Procedure,</u> Mattel, Inc., has issued a subpoena attached as Exhibit 1,

3 requesting the production of specified documents to the following:

4    1)    Foothill Business Services, 1840 W Avenue N8, Palmdale, CA 93551-

5 2264.

6

7 DATED: December 18, 2007        QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
8

9                                 By $\overline{\text{Jon D. Corey/jpc}}$

10                                   Jon D. Corey
                                     Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                       EXHIBIT __L__ PAGE __164__

28

✎ AO88 (Rev. 12/06) Subpoena in a Civil

### Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

## SUBPOENA IN A CIVIL CASE

Case Number: [1]  CV 04-9059 NM  (RNBx)

TO: Foothill Business Services
    1840 W Avenue N8
    Palmdale CA 93551-2264

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP<br>865 South Figueroa, 10th Floor<br>Los Angeles, California | January 7, 2007<br>10 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon D. Corey* (signature)<br>Jon D. Corey | December 18, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP.  865 South Figueroa
St., Los Angeles, CA 90017, 213-443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT __L__ PAGE __165__

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT __L__ PAGE __166__

## ATTACHMENT A

### Documents To Be Produced

1.  **DEFINITIONS.**

a.   "YOU" or "YOUR" means Foothill Business Services, current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

b.   "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control, including without limitation the Isaac Larian Annuity Trust and the Isaac and Angela Larian Trust.

c.   "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

d.   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

e.   "CARTER BRYANT ENTERPRISES" means Carter Bryant Enterprises, any of its current or former employees, officers, directors, agents,

07209/2314309.2

1

EXHIBIT __L__ PAGE __167__

representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

f.      "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

g.      "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

h.      "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

i.      "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, COMMUNICATIONS, facsimiles, electronic mail, records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all

07209/2314309.2

2

copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

j.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

k.     "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

l.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of DOCUMENTS or information.

2.   INSTRUCTIONS.

a.     YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)     The privilege or protection that you claim precludes disclosure;

(2)     The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

07209/2314309.2

3

EXHIBIT __L__ PAGE __169__

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    DOCUMENTS TO BE PRODUCED.

(1)    All DOCUMENTS relating to CARTER BRYANT ENTERPRISES, including without limitation accounting records, profit and loss statements, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(2)    All DOCUMENTS relating to BRYANT, including without limitation accounting records, profit and loss statements, W-2s, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro formas, budgets, account information and account statements, from the period beginning January 1, 1999 to the present.

(3)    All DOCUMENTS evidencing, showing or relating to payments or transfers of value from ISAAC LARIAN to BRYANT.

(4)    All DOCUMENTS evidencing, showing or relating to payments or transfers of value from ISAAC LARIAN to CARTER BRYANT ENTERPRISES.

(5)    All DOCUMENTS evidencing, showing or relating to payments or transfers of value from MGA to BRYANT.

07209/2314309.2

4

EXHIBIT __L__ PAGE _170_

(6)    All DOCUMENTS evidencing, showing or relating to payments or transfers of value from MGA to CARTER BRYANT ENTERPRISES.

(7)    All DOCUMENTS evidencing, showing or relating to payments or transfers of value between BRYANT and CARTER BRYANT ENTERPRISES.

(8)    To the extent not included in your production responsive to Request Nos. 1-7, DOCUMENTS sufficient to indicate BRYANT's net worth.

(9)    To the extent not included in your production responsive to Request Nos. 1-8, DOCUMENTS sufficient to indicate CARTER BRYANT ENTERPRISE'S net worth.

(10)    All DOCUMENTS relating to BRATZ that YOU obtained from BRYANT or otherwise since January 1, 1999.

(11)    All DOCUMENTS relating to the MATTEL ACTION.

(12)    DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 11.

(13)    DOCUMENTS sufficient to identify any other PERSON who has served as CARTER BRYANT ENTERPRISES' auditor(s) or accountant(s) since January 1, 1999.

(14)    DOCUMENTS sufficient to identify any other PERSON who has served as BRYANT's auditor(s) or accountant(s) since January 1, 1999.

EXHIBIT __L__ PAGE __171__

1 **PROOF OF SERVICE**

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4    On December 18, 2007, I served true copies of the following document(s) described as

5 **NOTICE OF SUBPOENA ISSUED TO THE FOOTHILL BUSINESS SERVICES**

6 on the parties in this action as follows:

7    Thomas J. Nolan, Esq.                    Mark E. Overland, Esq.
     Carl Roth, Esq.                          David C. Scheper, Esq.
8    **Skadden, Arps, Slate, Meagher**         Alexander H. Cote, Esq.
     **& Flom LLP**                            **Overland Borenstein Scheper**
9    300 S. Grand Ave., STE 3400              **& Kim, LLP**
     Los Angeles, CA 90071                    300 South Grand Avenue, Suite 2750
10                                            Los Angeles, CA 90071

11

12 **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal

13 Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)

14 addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

15 business practices.

16

17    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18
       Executed on December 18, 2007, at Los Angeles, California.
19

20

21                                    Lorraine Robles

22

23

24

25

26

27

28

                                    EXHIBIT _L_ PAGE _172_

07209/2328919.1

1   **PROOF OF SERVICE**

2   I am employed in the County of Los Angeles, State of California. I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5   On December 18, 2007, I served true copies of the following documents

6   described as:

7   **NOTICE OF SUBPOENA ISSUED TO THE FOOTHILL BUSINESS SERVICES**

8   on the parties in this action as follows:

9   John W. Keker, Esq.

10   Michael H. Page, Esq.
     Christina M. Anderson, Esq.

11   **Keker & Van Nest, LLP**
     710 Sansome Street

12   San Francisco, CA 94111

13   [√]   **BY FEDEX:** I deposited such document(s) in a box or other facility

14   regularly maintained by FedEx, or delivered such document(s) to a courier or driver

15   authorized by FedEx to receive documents, in sealed envelope(s) or package(s)

16   designated by FedEx with delivery fees paid or provided for, addressed to the

17   person(s) being served.

18   Executed on December 18, 2007, at Los Angeles, California.

19

20   _Jaumi Robs_

21   Lorraine Robles

22

23

24

25

26

27   EXHIBIT __L__ PAGE __173__

28

**Exhibit M**

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

December 14, 2007

**VIA PDF AND U.S. MAIL**

Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St.
Los Angeles, CA 90017

Re:   *Bryant v. Mattel*
      United States District Court, Central District of California
      Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)

Dear Mr. Alban:

　　　We have recently learned that Mattel issued a subpoena to Foothill Business Services. The subpoena is invalid for multiple reasons, including failing to comply with the notice requirements of Fed. R. Civ. P. 45(b)(1), failing to comply with the rules regarding (at least) California's consumer provisions, and violating and attempting to circumvent Judge Infante's previous ruling on the subject of Mr. Bryant's tax returns. Moreover, this subpoena is invalid because it is overbroad, seeks documents irrelevant to the lawsuit, and seeks to invade Mr. Bryant's and Mr. Irmen's privacy rights.

　　　We seek to schedule a meet-and-confer on this subject immediately as we presently intend to file a motion for a protective order and to quash should Mattel not withdraw its subpoena. Further, we seek to reach an agreement with your office on a briefing schedule for such a motion and seek agreement that the subpoenaed party is not under an obligation to produce documents responsive to the subpoena unless and until ordered to do so following resolution of said motion. The briefing schedule we propose is as follows: opening brief on December 28, 2007, with the opposition and reply dates following the normal rules governing proceedings before Judge Infante.

　　　Please advise immediately as to dates for meeting and conferring, and also advise us immediately if you will not agree to either the proposed briefing schedule or the proposed holding in abeyance of any production obligation pending resolution of that motion.

408080.02

EXHIBIT ___M___ PAGE __174__

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

December 21, 2007

**VIA PDF AND U.S. MAIL**

Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St.
Los Angeles, CA 90017

Re:  *Bryant v. Mattel*
United States District Court, Central District of California
Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)

Dear Mr. Corey:

I am writing in regards to the amended subpoena that Mattel issued to Foothill Business Services on December 18, 2007. The amended subpoena fails to remedy many of the problems that existed in the initial subpoena Mattel issued to Foothill Business Services on December 11, 2007, and is therefore invalid. Specifically, the amended subpoena violates and attempts to circumvent Judge Infante's previous ruling on the subject of Mr. Bryant's tax returns, is overbroad, seeks documents irrelevant to the lawsuit, and seeks to invade Mr. Bryant's and Mr. Irmen's privacy rights.

We would like to arrange a time to meet-and-confer on this subject immediately as we presently intend to file a motion for a protective order and to quash the subpoena. Further, we seek to reach an agreement with your office on a briefing schedule for such a motion and seek agreement that the subpoenaed party is not under an obligation to produce documents responsive to the subpoena unless and until ordered to do so following resolution of said motion. The briefing schedule we propose is as follows: opening brief on January 7, 2008, with the opposition and reply dates following the normal rules governing proceedings before Judge Infante.

Please advise immediately as to dates for meeting and conferring, and also advise us immediately if you will not agree to either the proposed briefing schedule or the proposed holding in abeyance of any production obligation pending resolution of that motion.

Very truly yours,

Christa Anderson/RP

Christa M. Anderson

CMA/lhl

408404.01

EXHIBIT __M__ PAGE __175__

**quinnemanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 27, 2007

<u>VIA E-MAIL & FACSIMILE</u>
(415) 397-7188

Christa M. Anderson
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:    <u>Bryant v. Mattel</u>

Dear Ms. Anderson:

This letter responds to your December 21, 2007 letter regarding Mattel's subpoena on Foothill Business Services. We are generally available to meet and confer. Please let me know when you are available.

The revised subpoena on Foothill removed the portions of the Requests asking for Carter Bryant's tax returns. Mattel does not seek Bryant's tax returns and there is no obligation on Foothill's part to produce them.

To make the conference of counsel more productive, please let us know (i) if it is Bryant's position that Foothill has no responsive documents, (ii) if Bryant plans to assert objections for all responsive documents, (iii) when Bryant plans to serve objections to the requested documents, and (iv) the basis of Bryant's contemplated motion for protective order and/or motion to quash. Mattel's requests are relevant as to damages in this action. As you know, Foothill is also able to use the Protective Order in this action to address privacy concerns you or Foothill may have.

We are agreeable to a date of January 7, 2007 for Bryant to file his contemplated motion(s). We request a two-day extension to file an opposition. We will agree that Foothill need not produce

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
... ... | 4345 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2336063.1

EXHIBIT __M__   PAGE __176__

responsive documents until any motion to quash or motion for protective order is denied or denied in part, at which point please confirm that Foothill can and will produce responsive documents.

Best regards,

Jon D. Corey
07209/2336063.1

EXHIBIT __M__  PAGE __177__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     December 27, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Christa M. Anderson<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |

**FROM:**     Jon D. Corey

**RE:**     Bryant v. Mattel, Case No. CV 04-9049 SGL

**MESSAGE:**



| 07209/2237445.1 | | | | |
|---|---|---|---|---|
| **CLIENT #** | **7209** | **ROUTE/<br>RETURN TO:** | **Lorraine Robles – 4th Fl.** | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| **OPERATOR:** | | | **CONFIRMED?**  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT ___M___ PAGE ___178___

Confirmation Report — Memory Send

Page          : 001
Date & Time: 12-27-2007   11:24
Line 1        : 2134433100
Line 2        :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 996 |
| Date | : | 12-27  11:22 |
| To | : | ☎76706#7209#14153977188 |
| Number of pages | : | 003 |
| Start time | : | 12-27  11:22 |
| End time | : | 12-27  11:24 |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 996 | *** SEND SUCCESSFUL *** |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA. 90017
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA. 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA. 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:    December 27, 2007                NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Christa M. Anderson<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |

FROM:   Jon D. Corey

RE:     Bryant v. Mattel, Case No. CV 04-9049 SGL

MESSAGE:

07209/2337443.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Lorraine Robles – 4th Fl. | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __M__   PAGE __179__

LAW OFFICES
# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

December 27, 2007

**VIA FACSIMILE & U.S. MAIL**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:     Mattel v. Bryant, et al.

Dear Jon:

I am writing in response to your letter of today's date to Christa Anderson regarding Mattel's subpoena to Foothill Business Services ("Foothill").

First, thank you for agreeing (1) to January 7, 2008 as the date by which Carter Bryant will file his contemplated motion to quash Mattel's subpoena and/or for a protective order and (2) that Foothill need not produce responsive documents until Mr. Bryant's motion is adjudicated. As for Mattel's opposition to Mr. Bryant's motion, we will agree to the two day extension requested in your letter.

Second, counsel for Mr. Bryant is available to meet and confer regarding the Foothill subpoena either the morning of December 31, 2007 or anytime on January 2, 2008.

Third, with respect to the bases for Mr. Bryant's contemplated motion to quash and/or for a protective order, Mattel's amended subpoena is improper in numerous respects, notwithstanding your representation that it does not seek Mr. Bryant's actual tax returns. Specifically, Mattel's subpoena is overbroad, unreasonably duplicative of other discovery, seeks documents irrelevant to the lawsuit, and seeks to invade Mr. Bryant's and Mr. Irmen's privacy rights. The subpoena is abusively drawn and seeks documents and information that already have been produced by Mr. Bryant and/or should properly be sought directly from Mr. Bryant, rather than from a third-party, in violation of Federal Rule of Civil Procedure 45(c) and Rule 26 (b)(2)(c). Mattel appears to have made no effort to tailor the subpoena to the immediate needs of this litigation or to account for the extensive discovery on the topics covered by the subpoena that already has been conducted. *Cf. Mattel, Inc. v. Walking Mountains Prod.*, 353 F.3d 792 (9th Cir. 2003). Moreover, the subpoena seeks documents and information about non-parties to this litigation, including in particular Richard Irmen, in violation of their privacy rights.

408533.01

EXHIBIT __M__ PAGE __180__

Jon D. Corey, Esq.
December 27, 2007
Page 2

Additionally, it appears to us that Mattel may not have effectuated service of the subpoena on Foothill in a manner consistent with the Federal Rules of Civil Procedure. It also appears to us that Mattel has failed to comply with the notice requirements of Federal Rule of Civil Procedure 45(b)(1). Please confirm whether or not Mattel believes that service of the subpoena has in fact been effectuated and, if so, when and how service was accomplished. Obviously, the timing of any objections that Mr. Bryant may serve in response to the subpoena depends on whether the subpoena has in fact been served on Foothill. *See* Fed. R. Civ. P. 45(c)(2)(B).

Very truly yours,

Matthew Werdegar

MMW/mls

cc:    Thomas J. Nolan

EXHIBIT __M__ PAGE _181_

408533.01

12/27/2007 15:57 FAX 4153977~ ~          KEKER & VAN NEST                    ☑001/003

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

### December 27, 2007

| To | Telephone | Facsimile |
|---|---|---|
| Jon D. Corey | 213/443-3000 | 213/443-3100 |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | | |
| | | |
| Thomas J. Nolan | 213/687-5000 | 213/687-5600 |
| Skadden Arps Slate Meagher & Flom | | |

| From | Telephone | Code |
|---|---|---|
| Matthew M. Werdegar | 415/ 391-5400 | 6647/mls |

Re    Bryant v. Mattel:  (ED) 2:04-cv-09049-SGL-RNB

### Number of Pages (Including Cover): 3

## COMMENTS

Please see attached.

Operator _____          Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service.  Thank you.

393005.01

EXHIBIT  M  PAGE 182

**From:**  Matthew Werdegar [MWerdegar@kvn.com]
**Sent:**  Friday, January 04, 2008 3:33 PM
**To:**  Jon Corey
**Subject:** RE: Bryant v. Mattel

Jon,

I am available to meet and confer at 4pm today or Monday morning.  However, given that the current due date
for Bryant's motion to quash is Monday, it will be difficult to both meet and confer with you and finalize our motion
in the short remaining time frame.  Consequently, I am requesting that you agree to a two day extension of the
deadline for Bryant to file his motion to quash, to January 9.  As you know from yesterday's hearing, the motion
will not be heard until February 8 in any event, so the two extra days will not prejudice Mattel and may result in a
resolution, or substantially narrowing, of the parties' dispute.  Please let me know if you agree to this extension
and, if so, whether you would like to meet and confer at 4pm or Monday morning.

Regards,

## Matthew M. Werdegar

710 Sansome Street
San Francisco, CA 94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Friday, January 04, 2008 1:37 PM
**To:** Matthew Werdegar
**Subject:** Bryant v. Mattel

Matt,

I just was your email of December 27 regarding the subpoena on Foothill Business Services.  Are you available to
discuss this after 3:00 p.m. today to see if we can reach an agreement on the scope of the subpoena.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

EXHIBIT __M__  PAGE __183__

| From: | Matthew Werdegar [MWerdegar@kvn.com] |
|---|---|
| Sent: | Monday, January 07, 2008 11:53 AM |
| To: | Jon Corey |
| Subject: | Mattel v. Bryant et al. |

Jon,

I am writing to confirm the agreement we reached today extending Carter Bryant's deadline to file a motion to quash Mattel's subpoena to Foothills Business Services and/or for a protective order limiting the scope of Mattel's subpoena from Wednesday, January 9, to Monday, January 14, in order to give the parties time to further meet and confer regarding the subpoena.

Please let me know immediately if your understanding of our agreement differs in any material respect.

Regards,

Matthew M. Werdegar

710 Sansome Street
San Francisco, CA 94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

EXHIBIT __M__ PAGE __184__

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 7, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>
**(415) 391-5400**

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111

Re:     <u>Bryant v. Mattel</u>

Dear Matt:

I write to confirm our meeting of counsel regarding Mattel's subpoena to Foothill Business Services.

With respect to Topic Nos. 1, 2, 8 and 9, you agreed to supplement Bryant's production relating to Carter Bryant's profit and loss and income statements and to check to determine whether there are other periodic statements created by Foothill, including balance sheets and cash flow statements. I made this request because a starting point for a net worth calculation would appear on the balance sheet, not the income or profit and loss statements. You said that you would consider providing me with information related to Carter Bryant Enterprises, when I explained that a portion of Carter Bryant's net worth is the value of his interest in Carter Bryant Enterprises. You said that you would need to check to determine what documents you would produce related to Carter Bryant's net worth to see if that information was captured. Separately, Mattel requested projections, including pro formas and budgets, of future expected payments from MGA or any other source. I explained that these are relevant to calculating net worth. I further explained that Mattel believes that it is entitled to Carter Bryant Enterprises financial information because it is the immediate recipient of all royalty payments that Carter Bryant receives from MGA and Mattel is entitled to obtain the benefit of those royalty payments under its disgorgement remedy.

EXHIBIT __M__ PAGE __185__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

With respect to Topic Nos. 3 through 8, you agreed to produce, actually to supplement, Bryant's production to show any transfers of value from MGA and/or Isaac Larian, on the one hand, and Carter Bryant and/or Carter Bryant Enterprises, on the other hand. You said that you did not know but would not expect there to be direct transfers from MGA and/or Isaac Larian to Carter Bryant Enterprises, but would produce documents sufficient to show them if they existed. You also agreed to produce documents sufficient to show the transfer of value from Carter Bryant to Carter Bryant Enterprises.

With respect to Topic No. 10, I clarified that Mattel seeks substantive communications regarding Bratz between Foothill and Bryant or documents substantively related to Bratz, not the type of ministerial communications that occur between an accountant and its client such as estimated tax calculations, etc. You said that you would consider Mattel's proposed narrowing.

With respect to Topic No. 11, I clarified that Mattel seeks documents that refer or relate to the action itself and that Mattel did not take the view that everything that Carter Bryant has done since creating Bratz relates to the action. Responsive documents include, but are not limited to , payments made to witnesses or witnesses' counsel and correspondence, cancelled checks, ledger entries related thereto. Judge Infante, I explained, has previously ruled that payments to witnesses go to bias and are relevant. I said that I would consider whether Mattel is entitled to correspondence, payments, etc. related to Bryant's payments of his own legal fees.

With respect to Topic Nos. 12, 13 and 14, you agreed to provide documents responsive to those requests, save for an objection that you believed that identifying accountants and auditors going back to 1999 went too far, but that you did not believe that Bryant had auditors/accountants other than Foothill during that time.

Although we did not agree on a time by which the additional documents would be produced, we agreed to speak again on Thursday morning, January 10, 2008. If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D. Corey

JDC:jdc
07209/2343152.1

EXHIBIT __M__ PAGE __186__

LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

January 11, 2008

**VIA FACSIMILE & U.S. MAIL**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   Mattel v. Bryant, et al.

Dear Jon:

I am writing to confirm our conference of counsel yesterday, January 10th, regarding Mattel's subpoena to Foothill Business Services.

During our conference, I explained that in exchange for withdrawing the subpoena to Foothills Business Services, Mr. Bryant would agree to gather from Foothill Business Services and produce to Mattel the following:

- All available profit and loss/ income statements for Carter Bryant Enterprises;

- Documents sufficient to show all payments to Mr. Bryant from MGA and/or Isaac Larian;

- Documents sufficient to show all payments to Veronica Marlow from Mr. Bryant or Carter Bryant Enterprises;

- Documents sufficient to show Mr. Bryant's net worth;

- Documents sufficient to identify any witness or witness's counsel to whom Mr. Bryant has made any payments for fees, costs, or expenses incurred by that witness in connection with the present litigation and the amount paid, if any, to or on behalf of such witness;

EXHIBIT __M__ PAGE __187__

Jon D. Corey, Esq.
January 11, 2008
Page 2

- Foothill Business Service's document retention policy, if they have one; and

- Documents constituting communications between Mr. Bryant and Foothill Business Services substantively related to Bratz, if any exist (consistent with your letter of January 7, 2008, such communications do not include ministerial communications that occur between an accountant and its client, such as estimated tax calculations, etc.). Note, however, that it is my understanding, which I will confirm, that no such documents exist.

We will endeavor to provide Mattel with these documents as soon as possible. It is our expectation that we could provide all of these documents by January 18, 2008. However, we are still working to gather these materials, so it is possible that some of them could take longer to produce.

You indicated that you thought that the foregoing offer would be acceptable to Mattel. However, you stated that you wanted to speak with your accounting consultants before committing to accept Mr. Bryant's proposal. In order to give you the time necessary to consider the proposal, we agreed that any motion to quash Mattel's subpoena and/or for a protective order limiting its scope would not need to be filed by Mr. Bryant until Friday, January 18, 2008.

If your understanding of our agreement to extend the deadline for Mr. Bryant to file his motion to quash and/or for a protective order differs in any material respect, please let me know immediately.

I look forward to hearing back from you regarding Mr. Bryant's proposal.

Very truly yours,

Matthew Werdegar

MMW/mls

cc:    Amy S. Park

409201.01

EXHIBIT ___M___ PAGE ___188___

**From:**   Jon Corey

**Sent:**   Wednesday, January 16, 2008 6:29 PM

**To:**   Matthew Werdegar

**Cc:**   Christa Anderson; MPage@KVN.com; Michael T Zeller; Bridget Hauler

**Subject:** RE: Mattel v. Bryant et al.

Matt,

Sorry for the delay in getting back to you. We have an agreement based on the categories set forth in your January 11, 2008 letter, subject to two caveats. I thought that you had agreed to produce profit and loss/income statements for Bryant as well as Carter Bryant Enterprises. Please include those as well. Second, this is subject to the commitment to produce these documents by January 18, 2008 so we have time to review them prior to Mr. Bryant's deposition.

Please let me know if this is agreeable.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Wednesday, January 16, 2008 5:22 PM
**To:** Jon Corey
**Subject:** RE: Mattel v. Bryant et al.

Any word? Just as a reminder, I will be out of the office, with limited, if any, email access, tomorrow through next Monday. Consequently, if you wish to further meet and confer about this issue, I will be unavailable until after the current deadline to file our motion to quash has passed. I believe it would be far more efficient for you and I to conclude the meet and confer on this issue, since we both know what has been discussed already. However, if necessary, you can contact Christa Anderson or Mike Page in my absence. If you still need time to consider Bryant's compromise offer, that's fine, but I would then request an additional extension to file the motion to quash.

EXHIBIT __M__ PAGE __189__

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, January 16, 2008 1:25 PM
**To:** Matthew Werdegar
**Subject:** RE: Mattel v. Bryant el al.

Matt,

I should have a firm decision in an hour or two.


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017 .
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.




**From:** Matthew Werdegar [mailto:MWerdegar@kvn.com]
**Sent:** Wednesday, January 16, 2008 1:09 PM
**To:** Jon Corey
**Subject:** RE: Mattel v. Bryant el al.

Jon,

Any further thoughts on this?  If you need more time to evaluate my proposal, can we agree to again extend the deadline for Bryant to file a motion to quash.  I want to give you the time you need to make your decision, but I don't want to be jammed on my motion, if it turns out to be necessary.

**From:**  Matthew Werdegar
**Sent:**  Tuesday, January 15, 2008 2:23 PM
**To:**  Jon Corey
**Subject:**  Mattel v. Bryant el al.

Dear Jon:

Please let me know when you will be in a position to definitively respond to Carter Bryant's proposal, which we discussed last week and which is also summarized in my letter to you of January 11, regarding Mattel's subpoena to Foothills Business Services.

EXHIBIT __M__ PAGE __190__

I will be out of the office, and may be out of email contact, on Thursday and Friday, so I would very much like to resolve this issue today or tomorrow, if possible.

Regards,

<< OLE Object: Picture (Metafile) >>

EXHIBIT __M__ PAGE __191__