**Exhibit N**

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

January 11, 2008

**VIA FACSIMILE & U.S. MAIL**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   Mattel v. Bryant, et al.

Dear Jon:

I am writing to confirm our conference of counsel yesterday, January 10th, regarding Mattel's subpoena to Foothill Business Services.

During our conference, I explained that in exchange for withdrawing the subpoena to Foothills Business Services, Mr. Bryant would agree to gather from Foothill Business Services and produce to Mattel the following:

- All available profit and loss/ income statements for Carter Bryant Enterprises;

- Documents sufficient to show all payments to Mr. Bryant from MGA and/or Isaac Larian;

- Documents sufficient to show all payments to Veronica Marlow from Mr. Bryant or Carter Bryant Enterprises;

- Documents sufficient to show Mr. Bryant's net worth;

- Documents sufficient to identify any witness or witness's counsel to whom Mr. Bryant has made any payments for fees, costs, or expenses incurred by that witness in connection with the present litigation and the amount paid, if any, to or on behalf of such witness;

409201.01

EXHIBIT N  PAGE 192

Jon D. Corey, Esq.
January 11, 2008
Page 2

- Foothill Business Service's document retention policy, if they have one; and

- Documents constituting communications between Mr. Bryant and Foothill Business Services substantively related to Bratz, if any exist (consistent with your letter of January 7, 2008, such communications do not include ministerial communications that occur between an accountant and its client, such as estimated tax calculations, etc.). Note, however, that it is my understanding, which I will confirm, that no such documents exist.

We will endeavor to provide Mattel with these documents as soon as possible. It is our expectation that we could provide all of these documents by January 18, 2008. However, we are still working to gather these materials, so it is possible that some of them could take longer to produce.

You indicated that you thought that the foregoing offer would be acceptable to Mattel. However, you stated that you wanted to speak with your accounting consultants before committing to accept Mr. Bryant's proposal. In order to give you the time necessary to consider the proposal, we agreed that any motion to quash Mattel's subpoena and/or for a protective order limiting its scope would not need to be filed by Mr. Bryant until Friday, January 18, 2008.

If your understanding of our agreement to extend the deadline for Mr. Bryant to file his motion to quash and/or for a protective order differs in any material respect, please let me know immediately.

I look forward to hearing back from you regarding Mr. Bryant's proposal.

Very truly yours,

Matthew Werdegar

MMW/mls

cc:    Amy S. Park

EXHIBIT __N__ PAGE _193_

# Exhibit O

# THIS DOCUMENT HAS BEEN MARKED <u>CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER</u> AND IS THEREFORE SUBMITTED HEREWITH SEPARATELY UNDER SEAL.

EXHIBIT ___0___

PAGE ___194___

# Exhibit P

CONFORMED COPY

FILED

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
415-774-2611
415-982-5287 (fax)

2007 JAN 26 PM 12: 25

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS** |

## I. INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of

Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter

Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a

reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

---

[1] Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in
accordance with Rule 53 of the Federal Rules of Civil Procedure.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT ___P___  1-26

PAGE ___195___

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel

Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly

lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made

commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of

Bratz dolls now rival Mattel's Barbie doll.

### A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed

suit against its former employee Bryant in state court asserting claims for breach of contract,

breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel

employed Bryant as a product designer from September 1995 through April 1998, and from

January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee

Confidential Information and Inventions Agreement which required him not to engage in any

employment or business other than for Mattel, or invest or assist in any manner any business

competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel

all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his

employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that

he had not worked for any of Mattel's competitors in the prior twelve months and had not

engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of

any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for

a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT _P_

PAGE _196_

provide product design services on a "top priority" basis.[2] The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA. Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel. In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction). Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA. The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls. In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls. In August of 2004, the district court remanded the action.

B. Bryant's Cross-complaint

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement. Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2] Bryant has already produced his agreement with MGA. Therefore, the existence of the agreement does not appear to be in dispute.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __P__

PAGE __197__

C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking
federal question and diversity jurisdiction. Bryant asserted that Mattel's complaint presented a
federal question because events occurring since the first removal and remand demonstrated that
Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by
the Copyright Act. Bryant also contended that there was diversity jurisdiction because he and
Mattel were citizens of different states and the amount in controversy exceeded the $75,000
jurisdictional limit because the rights to the Bratz dolls were at stake. After the second notice of
removal, MGA intervened as a defendant pursuant to a stipulation and order.

D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint
in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's
copyrights in a project known as "Toon Teens."

E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition
claims. MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and
other Bratz products, Bratz television commercials, and Bratz packaging.

F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant. In March of 2005, the
district court issued an order denying the motion to remand and certifying the order for
interlocutory review. Mattel filed an appeal, and the district court stayed discovery in May of
2005. Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district
court ruling. After the stay was lifted the district court consolidated all three actions for all
purposes. There is no scheduling order currently in place.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _P_

PAGE _198_

### G.   Court Dismisses Bryant's Cross-claims and Declaratory Relief Action

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted.  The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

### H.   Mattel's Counterclaims against MGA

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes.  For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA.  Mattel also sought leave to add a copyright infringement claim.  Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727.  The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

### I.   Mattel's Requests for Production of Documents

Mattel served the requests for production of documents at issue in this motion on June 14, 2004.  Bryant served objections and responses on July 16, 2004.  The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005.  That motion, however,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __P__

PAGE __199__

was not heard before the district court stayed all discovery pending resolution of Mattel's appeal
to the Ninth Circuit on subject matter jurisdiction issues.

After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at
the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to
compel. The parties informed the court that they would submit a stipulation and order. See
Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel
Production of Documents, counsel will be submitting a stipulation and order which will be
dispositive of all the issues in dispute.").

Over the next several months, the parties exchanged draft stipulations and orders to
memorialize the parties' meet and confer session, but were unable to reach final agreement
because Bryant insisted upon including the following sentence in the stipulation: "The stipulation
resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn." Bryant's
Opposition at 1:18-20. By including this sentence, Bryant intended to prevent further law and
motion regarding the requests at issue in Mattel's original motion to compel. Id. at 1:21-23.
From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel
waive its right to all further discovery in connection with its requests. Mattel proposed the
following provision as an alternative:

> Except as, and only as set forth in the terms of Paragraph One above, nothing in
> this Stipulation shall preclude or limit Mattel from seeking further discovery on
> any matter, including as to matter on which the parties could not reach complete
> agreement, or preclude or limit any right of Bryant to object or resist to such
> discovery.

Bryant's Opposition at 7:5-11. Apparently Mattel's alternative language was
unacceptable to Bryant. At the direction of the Discovery Master, the parties met and
conferred again in late December 2006, but to no avail.

Despite the parties' inability to reach final agreement, Bryant produced approximately

EXHIBIT __P__

PAGE __200__

1,600 pages of documents to date. Mattel contends, however, that the production is inadequate

and consistent with a pattern of stonewalling.[3] Accordingly, Mattel filed the instant motion to

compel responsive documents, which includes a request for sanctions in the amount of $7,805.

J. Mattel's Motion to Compel Production of Documents

Mattel's motion has three parts. First, Mattel seeks an order compelling Bryant to produce

the following categories of requested documents: (a) documents relating to Bratz designs created

by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for

Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-

related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA

that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was

exposed to while working at Mattel. Mattel's Motion at 6. Mattel asserts that these categories of

documents are relevant to establish Bryant's liability and would reveal works rightfully owned by

Mattel.

Second, as to other categories of documents which Bryant has agreed to produce, Mattel

contends that Bryant has imposed unjustified limitations. According to Mattel, Bryant will not

produce any responsive documents that were created after the suit was filed; Bryant will not

produce any communications with MGA "created" after the end of his Mattel employment;

Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view,

"resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known

contracts between him and MGA and refuses to produce non-privileged communications relating

to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3] According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear.
Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed. Mattel again obtained a
court order compelling the deposition and sanctions. To date, only Bryant and Larian have been deposed.

EXHIBIT __P__

PAGE __201__

his earnings from his work for MGA. Mattel's Motion at 7. Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

### K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel. He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004. Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims. Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter. See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies."). Accordingly, in the summer and fall of 2004, he produced the following categories of documents: documents evidencing the artwork used to create the "First Generation" of Bratz dolls – the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

---

[4]   There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center.  MGA denies the accusation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and hundreds of three dimensional doll parts and toy accessories that came into his possession over the years, including a prototype of the First Generation "Jade" doll.

Bryant generally agrees with Mattel's description of the meet and confer session held at the courthouse on June 20, 2006 and the parties' exchange of draft stipulations.  According to Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led to agreement on the following points: (a) Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client privilege with respect to communications with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way waive the privilege with respect to litigation counsel; (c) Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the date of creation; (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents; (e) Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log; and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

EXHIBIT ___P___

PAGE ___203___

requests and that the stipulation controlled to the extent they were inconsistent. Bryant's Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process and asks the Discovery Master to order the disposition of this motion in a manner consistent with the parties' draft stipulation. If the draft stipulation is not adopted, Bryant fears the parties will have no incentive to compromise in the future. Bryant's Opposition at 1:24-2:3. Bryant also asks the Discovery Master to order Mattel not to revisit any of the requests that were the subject of Mattel's original motion to compel or the instant motion to compel. Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects. In particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to Mattel employees. Bryant also asserts that Mattel is not entitled to unredacted personal phone records and financial information because these records are protected by privacy rights. Lastly, Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit was filed.

### III. DISCUSSION

A. The Parties Did Not Reach a Stipulation to Resolve the Instant Motion

The parties' extensive submissions make it clear that the parties did not resolve the issues raised in the instant motion. The parties met and conferred extensively and in good faith, reaching compromises on virtually all categories of documents in dispute. Despite their efforts, however, the parties were ultimately unable to execute a binding stipulation because they were unable to agree on any provision to govern Mattel's future right to pursue additional discovery from Bryant. It is clear that the parties deemed it necessary to include such a provision in the draft stipulation in order to protect their respective positions. Because the parties did not execute a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

EXHIBIT ___P___

PAGE ___204___

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

B. Rule 26 of the Federal Rules of Civil Procedure

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

C. Mattel's Requests for Production

Request Nos. 2, 13, 48: Documents Relating to Bryant's Agreements with MGA

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements. Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT ___P___

PAGE ___205___

agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c) documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action.

The Discovery Master finds that the withheld documents are relevant to Mattel's claims. Among other things, the withheld documents could establish the timing, nature and scope of Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages. In addition, the withheld documents could be used for impeachment purposes. Further, documents relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate bias and lack of credibility. Bryant has failed to establish that the requested discovery is barred by Rule 26(b)(2), Fed.R.Civ.P. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 2, 13, and 48.

Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55: Documents Relating to Bratz's Development and Other Projects that Bryant Worked on for MGA

Mattel seeks documents relating to the Bratz project and any other projects Bryant worked on for MGA. Bryant produced documents relating only to the First Generation Bratz dolls. Bryant is prepared to produce additional documents relating to work he performed for MGA prior to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant breached his employee agreement by allegedly performing services for Mattel and MGA at the same time. Bryant objects to the requests to the extent they seek any additional documents on relevancy and overbreadth grounds.

The Discovery Master finds that Mattel's requests seek relevant information and are not overbroad. The lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

EXHIBIT ____ P
PAGE ____ 206

employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's confidential and proprietary information, not just information relating to the Bratz dolls released in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz works – works that are allegedly owned by Mattel because they were created while Bryant was employed by Mattel – through his ongoing conduct of reproducing and creating derivative works. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46:  Documents Relating to Bryant's Payments from MGA

Mattel seeks documents relating to Bryant's payments from MGA. Bryant acknowledges that Mattel is entitled to know how much money Bryant has earned from MGA, and represents that he has produced, in redacted form, all royalty statements he has received related to the First Generation Bratz dolls and his 2000 contract with MGA. Bryant asserts that his redactions are justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product, which information Bryant believes constitutes MGA's trade secret information. Bryant also objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the returns. Bryant's Opposition at 29:21-27.

The Discovery Master finds that documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims. First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel seeks to recover all benefits Bryant received as a result of his alleged violations of duties to Mattel. Payments to Bryant from MGA and others might be traceable to work Bryant performed while employed by Mattel, regardless of

13

EXHIBIT____P___

PAGE____207___

when the payments were actually made. Such payments might also lead to evidence to support Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.

Second, the payments are relevant to Mattel's recently added claim for copyright infringement. Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the Bratz drawings and works by copying and preparing derivative works from those works. Under the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual damages. 17 U.S.C. §504(b). The works that potentially infringe Mattel's copyrights, therefore, include all Bratz doll products that MGA released to the market. For this reason, and for reasons already discussed in the previous subsection, Bryant's limited production of documents relating to only the First Generation of Bratz dolls is inadequate.

Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel. Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims.

Lastly, the breakdown of gross royalty payments may be required to prove actual causation of damages.

The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant. Among other things, the protective order provides protection for confidential trade secret information. It has two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential – Attorney's Eyes Only." The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose.

Accordingly, Bryant is ordered to produce, without redactions, all non-privileged documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46. Bryant,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT ___P___

PAGE ___208___

however, is not required to produce tax returns, provided that he otherwise fully complies with these requests as ordered.

Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA

Mattel seeks production of Bratz-related communications and communications with MGA. More specifically, Mattel seeks production of four categories of documents Bryant has refused to produce: (1) communications between Bryant and MGA or third parties that explicitly relate to designs Bryant created while employed by Mattel; (2) communications between Bryant and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment; and (4) communications between Bryant and MGA that post-date Bryant's Mattel employment. Bryant contends that the discovery requests for communications between Bryant and MGA are overbroad. Bryant asserts that there are many former Mattel employees and friends of his who have privacy rights that would be impinged upon if he were to disclose his communications. Bryant also asserts that he has his own confidentiality interest regarding any information that he shared with MGA. In particular, he objects to Mattel's discovery requests to the extent they would require him to reveal the identity of current Mattel employees seeking employment with MGA or Bryant.

The Discovery Master finds that Mattel's requests for all communications between Bryant and MGA unquestionably seek information relevant to Mattel's claims: they will reveal what Mattel information Bryant shared with MGA, if any, and when. The protective order is sufficient to address Bryant's confidentiality concerns. It allows parties to designate as "Confidential" private information about current or former employees, contractors or vendors (including employee, contractor and personnel records). Therefore, Bryant is ordered to produce all non-

privileged documents responsive to Request Nos. 20, 23, 27, and 28.  However, Bryant may

continue to redact his telephone records, and shall provide a signed verification that none of the

telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project

that Bryant worked on, with, for, or on behalf of MGA.  Telephone calls that do not relate or refer

in any way to MGA or Bratz are irrelevant.

     Request Nos. 49, 51:  Mattel-Related Documents

     Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them.

Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

     Request No. 9:  Documents re Registrations and Applications for Registrations

     Lastly, in Request No. 9 Mattel seeks production of documents registrations and

registrations and applications for registration.  Bryant deems the motion moot with respect to

Request No. 9 because he agrees to produce any patent, copyright and trademark applications,

registrations or other non-privileged documents in his possession, custody or control that

constitute or relate to such applications and registrations obtained or applied in connection with

(1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation

Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA

during the term of Bryant's employment with Mattel.

     As discussed previously, the Discovery Master finds that the First Generation Bratz

limitation is improper.  Therefore, Bryant is ordered to produce all non-privileged documents

responsive to Request No. 9.

### IV. CONCLUSION

     For the reasons set forth above, the Discovery Master orders as follows:

     1. Mattel's motion to compel production of documents responsive to its First Set of

Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED. However, Bryant need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.

2. Bryant shall produce all redacted documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine or his telephone records pursuant to the terms of this Order.

3. Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5), Fed.R.Civ.P.

4. Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his computers for forensic imaging.

5. Bryant shall complete his production by producing missing attachments, fax cover pages and all other missing responsive documents.

6. Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

7. Bryant shall comply with this Order no later than February 23, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

IT IS SO ORDERED.

Dated: January 25, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjakian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT ___P___

PAGE___212___

# Exhibit Q

288

1    A.   THINK.  NO, I DON'T RECALL.
2    Q.   HOW IS IT YOU -- YOU CAME TO HIRE HER ON?
3    A.   I CALLED AND ASK HER IF SHE WILL BE
4    INTERESTED IN HELPING ME OUT.
5    Q.   DID YOU GET HER NAME FROM SOMEONE?
6    A.   NO.  FROM HER.  I -- I KNEW HER FROM MATTEL
7    WHEN I WORK AT MATTEL.
8    Q.   I SEE.  SO MS. CABRERA WAS AT -- WAS AT
9    MATTEL AT SOME POINT?
10   A.   YES.
11   Q.   DO YOU HAVE A GENERAL UNDERSTANDING AS TO
12   WHAT SHE DID AT MATTEL?
13   A.   SHE'S A SEAMSTRESS.
14   Q.   AND I TAKE IT YOU CALLED HER UP TO -- TO
15   GET HER ONTO THE PROJECT?
16   A.   YES.
17   Q.   WAS SHE STILL AT MATTEL AT THAT TIME?
18   A.   YES.
19   Q.   DID YOU CALL HER AT MATTEL OR DID -- DID
20   YOU CALL HER AT HOME?
21   A.   AT HOME.  I -- I -- SHE'S MY FRIEND, SO I
22   HAD HER PHONE -- HOME PHONE NUMBER.
23   Q.   SO YOU CALLED HER AT HOME AND ASKED HER TO
24   WORK ON BRATZ?
25   A.   YES.

289

1    MR. MCFARLAND:  OBJECTION, MISSTATES HER
2    TESTIMONY.
3    THE WITNESS:  I DIDN'T SAY TO WORK ON
4    BRATZ.  I ASK -- I TOLD HER I HAD SOME WORK, IF SHE
5    WAS WILLING TO HELP ME.
6    BY MR. ZELLER:
7    Q.   AND DID SHE IN FACT DO WORK ON THE BRATZ
8    PROJECT?
9    A.   YES, SHE DID.
10   Q.   WHAT DID SHE DO?
11   A.   SHE WOULD SEW THE OUTFITS.
12   Q.   HOW LONG DID SHE WORK ON THE BRATZ PROJECT
13   FOR YOU?
14   A.   SHE WORKED FROM THAT PERIOD UNTIL THEY --
15   UNTIL I STOPPED WORKING FOR BRATZ.
16   Q.   I SEE.  SO THE -- THE WHOLE TIME PERIOD YOU
17   WERE DOING WORK FOR M.G.A. ON BRATZ, YOU HAD HER
18   DOING WORK FOR YOU?
19   A.   YES.
20   Q.   THAT WAS ON THE BRATZ PROJECT?
21   A.   THAT'S CORRECT.
22   Q.   DID YOU EVER TELL HER IT WAS THE BRATZ
23   PROJECT?
24   A.   NO, I DID NOT AT FIRST.
25   Q.   WELL, WHEN I SAY "EVER," I MEANT EVER.

EXHIBIT ___Q___

PAGE ___213___   **Page 288 - 289**

306

1    Q.    DID SHE EVER EXPRESS ANY CONCERN THAT

2    MATTEL WOULD FIND OUT?

3    A.    NO.   THAT SHE WAS WORKING ON THE BRATZ?

4    Q.    RIGHT.

5    A.    NO.

6    Q.    WERE YOU EVER CONCERNED ABOUT THAT?

7    A.    NO.

8    Q.    SO IF I UNDERSTAND YOU CORRECTLY, YOU DON'T

9    SEE ANYTHING WRONG WITH A MATTEL EMPLOYEE WORKING ON

10   THE BRATZ FASHIONS; IS THAT TRUE?

11   A.    YEAH, THAT'S TRUE.

12   Q.    NOTHING TROUBLING AT ALL ABOUT IT TO YOU?

13   A.    NO.

14   Q.    HOW MANY PEOPLE HAVE YOU HAD DO WORK FOR

15   YOU WHILE THEY WERE EMPLOYED BY MATTEL WHEN YOU WERE

16   NOT A MATTEL EMPLOYEE?

17   A.    I HAD ISABELLE CABRERA AND LATER ON

18   BEATRICE MORALES.

19   Q.    AND WHAT DID YOU HAVE HER WORK ON?

20   A.    ON BRATZ.

21   Q.    AND WHAT WAS YOUR GENERAL UNDERSTANDING OF

22   WHAT IT IS THAT BEATRICE MORALES DID AT MATTEL?

23   A.    SHE'S ALSO A SEAMSTRESS, AND ISABELLE'S

24   FRIEND AND -- AND WE NEEDED HELP, AND ISABEL

25   SUGGESTED TO INVITE BEATRICE TO COME AND HELP US.

EXHIBIT ___Q___

PAGE ___214___          Page 306

307

308

```
1    Q.   WERE YOU INTRODUCED TO MS. MORALES THROUGH
2    ISABEL, OR DID YOU KNOW HER INDEPENDENTLY?
3    A.   I WAS INTRODUCED TO MS. MORALES THROUGH
4    ISABEL.
5    Q.   I'M SORRY, I DIDN'T CATCH THAT.
6    A.   I WAS INTRODUCED TO MRS. MORALES THROUGH
7    ISABEL.
8    Q.   AND DID MS. MORALES WORK ON BRATZ FASHIONS
9    AS WELL?
10   A.   YES.
11   Q.   AND WHAT TIME PERIOD DID SHE DO THAT?
12   A.   IT WAS A YEAR OR SO AFTER THE BRATZ CAME
13   OUT.
14        YOU HAVE THE DATES, BY THE WAY, YOU HAVE
15   HER SIGNED RECEIPTS AND TIME SHEET AND THAT ALL,
16   SO...
17   Q.   I TAKE IT THESE ARE ALL DOCUMENTS YOU GAVE
18   TO YOUR COUNSEL?
19   A.   YES.
20   Q.   YOU HAD MENTIONED THAT MS. MORALES WORKED
21   ON THE BRATZ FASHIONS A YEAR OR SO AFTER THE BRATZ
22   FIRST CAME OUT?
23   A.   YES.
24   Q.   AND FOR HOW LONG DID SHE WORK ON THE BRATZ
25   FASHIONS?
```

```
1    A.   UNTIL I QUIT.  UNTIL I QUIT BRATZ.
2    Q.   WHERE IS IT THAT MS. MORALES LIVES?
3    A.   IT'S HAWTHORNE, THAT AREA.  I'M --
4    Q.   I'M SORRY WHERE?
5    A.   HAWTHORNE.
6    Q.   HAWTHORNE?
7    A.   I BELIEVE IT IS HAWTHORNE.  IT'S AROUND
8    THAT NEIGHBORHOOD.
9    Q.   OTHER THAN MS. CABRERA AND MS. MORALES WHO
10   YOU HAVE DISCUSSED SO FAR, ARE THERE ANY OTHER
11   PERSONS WHO YOU HIRED ON TO DO WORK FOR YOU WHILE
12   THEY WERE MATTEL EMPLOYEES AND YOU WERE NOT WORKING
13   FOR MATTEL?
14   A.   NO.
15   Q.   SO THOSE ARE THE TWO?
16   A.   YEAH.
17   Q.   THE ONLY TWO?
18   A.   YES.
19   Q.   HAVE YOU DISCUSSED THIS LAWSUIT WITH
20   MS. CABRERA?
21   A.   NO.
22   Q.   HAVE --
23   A.   EXCEPT THAT AFTER I KNEW THAT I WAS GOING
24   TO HAVE THIS DEPOSITION I TOLD HER, I WARNED HER,
25   LOOK, YOUR NAME IS GOING TO COME UP, I GAVE TO MY
```

EXHIBIT ___ 𝜑 _____

1      A.   YES.

2      Q.   ON ALL FOUR OF THEM?

3      A.   YES, ALL FOUR OF THEM.

4      Q.   DID YOU DO THE -- THE WORK ON THESE WIGS

5   YOURSELF, OR DID YOU HAVE SOMEONE HELP?

6      A.   I DID THEM MYSELF.

7      Q.   IN FACT, LET ME ASK YOU THIS MORE

8   GENERALLY.   YOU'VE OBVIOUSLY TOLD ME SO FAR ABOUT

9   PEDRO SALAZAR, ANA ISABEL CABRERA, AND BEATRICE

10   MORALES --

11      A.   UH-HUH.

12      Q.   -- AS HELPING YOU OR DOING WORK FOR YOU ON

13   THE BRATZ PROJECT; RIGHT?

14      A.   RIGHT.

15      Q.   IS THERE ANYONE ELSE WHO YOU HAD WORK FOR

16   YOU ON THE BRATZ PROJECT?

17      A.   I'M -- I'M GLAD YOU MENTIONED THAT, BECAUSE

18   I FAILED TO TELL YOU THAT PEDRO SALAZAR'S WIFE,

19   MARIA ELENA SALAZAR, ALSO WORK ON SOME OF THESE

20   FASHION, BECAUSE SHE WAS HELPING HER HUSBAND, AND AT

21   THE TIME SHE WAS WORKING FOR MATTEL.

22      Q.   MARIA SALAZAR WAS?

23      A.   YEAH, MARIA ELENA SALAZAR.

24      Q.   OH, I'M SORRY, MARIA ELENA?

25      A.   ELENA, YEAH.   IT'S WEIRD YOU SAY MARIA

EXHIBIT ___Q___

PAGE ___214___

# Exhibit R

the year 2000?

A No.

Q Are you familiar with the phrase "passion for fashion"?

A Yes.

Q Do you know anything about the origin of that phrase?

A That came from one of MGA's employees.

Q You didn't have anything to do with the realization of that --

A No.

Q -- phrase?

MR. WICKHAM: Objection, foundation, calls for speculation.

MR. QUINN: I don't know who would know if he doesn't.

Q (By Mr. Quinn) Did you --

MS. CENDALI: Well, there are a lot of people.

Q (By Mr. Quinn) So would you work -- while you were employed by Mattel, did you work for any other Mattel competitor?

MS. CENDALI: Objection, mischaracterizes his testimony.

A Other than the things that I've already described about doing for MGA, no.

Q (By Mr. Quinn) Are you aware of any Mattel employees

besides yourself who worked for MGA while employed by Mattel?

MR. WICKHAM: Objection, mischaracterizes the witness's testimony.

A I am not.

Q (By Mr. Quinn) Before signing your contract with MGA, did you do any research or investigation or due diligence regarding MGA?

MR. WICKHAM: Objection, asked and answered.

A What do you mean by "due diligence"?

Q (By Mr. Quinn) Oh, it's one of these legalisms that we lapse into. Basically I'm just trying to find out whether you did any investigation to find out more about the company or tried to find out who they were, what their history is, what their reputation was, what they did, any kind of investigation to learn about the company. That's what I mean.

MS. CENDALI: Objection to form.

A I don't believe that I did, no.

Q (By Mr. Quinn) Okay. Suppose we'll look at some documents.

A Okay.

Q Could you identify for us the MJ -- MGA employee who came up with the phrase "passion for fashion"?

A I believe his name is Charles O'Connor.

EXHIBIT R

**Exhibit S**

301

1  PAYMENT FOR A MINUTE.  OKAY?

2          AS MGA'S DESIGNEE, AS YOU SIT HERE TODAY,

3  DO YOU KNOW WHETHER ANY PERSON HAS AT ANY TIME SINCE

4  1998 PERFORMED WORK OR SERVICES FOR MGA WHILE THAT

5  PERSON WAS A MATTEL EMPLOYEE?

6      A.  NO.

7      Q.  OKAY.  AND YOU DON'T KNOW WHETHER

8  MR. BRYANT PROVIDED WORK OR SERVICES TO MGA WHILE HE

9  WAS A MATTEL EMPLOYEE?

10     A.  NO.

11     Q.  OKAY.  DID YOU SPEAK WITH ANY OF THE

12  FORMER MATTEL EMPLOYEES WHO WERE WORKING AT MGA AND

13  ASK THEM WHETHER THEY HAD PROVIDED WORK OR SERVICES

14  FOR MGA WHILE THEY WERE MATTEL EMPLOYEES?

15     A.  NO.

16     Q.  DO YOU KNOW IF COUNSEL HAS DONE THAT?

17     A.  NO.

18         MR. COREY:  COUNSEL, I THINK WE'RE

19  ENTITLED TO A WITNESS WHO CAN ANSWER THOSE

20  QUESTIONS.  WILL MGA BE PRODUCING SUCH A WITNESS?

21         MS. MORGENTHALER LEVER:  I THINK WE'VE

22  PROVIDED A WITNESS THAT RESPONDED TO YOUR TOPIC.

23         MR. COREY:  WELL, SHE RESPONDED TO THE

24  TOPIC BASED ON VERY NARROW AND INADEQUATE

25  PREPARATION.

EXHIBIT ___S___

PAGE ___248___

**Exhibit T**

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   JAMES P. JENAL (S.B. # 180190)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   Email:     jjenal@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK, JACOBS,
7   WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA 90067
    Telephone: (310) 553-3000
9   Facsimile: (310) 557-9815

10  Attorneys for MGA ENTERTAINMENT (HK)
    LTD.
11

RECEIVED
JUL 09 2007
LEA 5:(

12                 UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14

15  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-2727)
16              Plaintiff,

17        v.                             MGA ENTERTAINMENT (HK)
                                         LTD.'S OBJECTIONS AND
18  MATTEL, INC., a Delaware             RESPONSES TO MATTEL'S THIRD
    Corporation,                         SET OF INTERROGATORIES
19
                Defendant.
20

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
23

24

25  PROPOUNDING PARTY:     MATTEL, INC.

26  RESPONDING PARTY:      MGA ENTERTAINMENT (HK) LTD.

27  SET NUMBER:            THREE

28                                          EXHIBIT ___T___

2|9
C7|09|07

## PRELIMINARY STATEMENT

MGA Entertainment (HK) Ltd., ("MGA (HK)") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA (HK) makes its response to these interrogatories based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA (HK) will respond to each interrogatory as it understands and interprets each interrogatory. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any interrogatory that differs from that of MGA (HK), MGA (HK) reserves the right to supplement its objections and responses.

By making these responses, MGA (HK) does not concede that any of the information sought by these interrogatories is relevant or discoverable. MGA (HK) makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the information provided in response to these interrogatories; (b) the right to object to the use of the information provided in response to the interrogatories in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other interrogatories or further discovery into any of the subject matters addressed in these interrogatories or the responses thereto.

MGA (HK) shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA (HK) reserves the right, as set forth in the Protective Order governing this case, to correct the record with regard to any such

1

EXHIBIT ____ 1

PAGE ____ 220

1   information and to supplement or amend these responses, which supplemental or
2   amended response shall become the operative response.

### GENERAL OBJECTIONS

5       1.    MGA (HK) objects to each interrogatory to the extent that it seeks
6   information protected from discovery by the attorney-client privilege, work-product
7   doctrine, right to privacy, or any other applicable privilege.

8       2.    MGA (HK) objects to each interrogatory to the extent that it seeks
9   the disclosure of confidential, proprietary or trade-secret information. MGA (HK)
10   may provide some such information subject to the terms and conditions of the
11   protective order governing this case.

12       3.    MGA (HK) objects to each interrogatory to the extent that it seeks
13   information that is accessible to Mattel from public sources, from third parties, or
14   from materials produced or to be produced to Mattel by MGA (HK), MGA
15   Entertainment, Inc., or Carter Bryant.

16       4.    MGA (HK) objects to these interrogatories to the extent that they
17   may unfairly seek to restrict the facts on which MGA (HK) may rely at trial.
18   Discovery has not been completed and MGA (HK) is not yet in possession of all the
19   facts and documents upon which MGA (HK) expects to rely. All of the responses
20   submitted herewith are tendered to Mattel with the reservation that the responses are
21   submitted without limiting the evidence on which MGA (HK) may rely to support the
22   contentions and defenses that MGA (HK) may assert at the trial of this action and to
23   rebut or impeach the contentions, assertions and evidence that Mattel may present.
24   MGA (HK) reserves the right to supplement or amend these responses at a future date.

25       5.    MGA (HK) objects to each interrogatory to the extent that it seeks
26   information that will be the subject of expert witness testimony and that is therefore
27   premature.

28       6.    MGA (HK) objects to each interrogatory on the ground that Mattel

2

1  has exceeded the total number of interrogatories allowed pursuant to the District

2  Court's Scheduling Order, dated February 12, 2007.

3         7.    MGA (HK) objects to Mattel's definitions of "MGA," "YOU,"

4  "YOUR," "AFFILIATES," "BRYANT," "PERSON" or "PERSONS," "BRATZ,"

5  "IDENTIFY," "IDENTITY," "ANGEL," "BRATZ INVENTION," "BRATZ

6  PRODUCT," "DESIGN" or "DESIGNS," "SOLD," "SELL" and "SALE" as

7  overbroad and unduly burdensome, vague and ambiguous and on the grounds that the

8  definitions call for legal conclusions.

9         8.    MGA (HK) objects to Mattel's definitions of "any" and "REFER

10 OR RELATE TO" on the grounds and to the extent they are overbroad and unduly

11 burdensome and/or vague and ambiguous in the context of the interrogatories as

12 written and as those interrogatories would be plainly understood absent Mattel's

13 definitions.

14        9.    MGA (HK) objects to Mattel's definition of "INVENTIONS

15 AGREEMENT," "STORAGE DEVICE" and "DIGITAL INFORMATION" on the

16 grounds that the definitions are overbroad, vague and ambiguous.

17        10.   To the extent MGA (HK) responds to an interrogatory, it dos so

18 without waiving or intending to waive but rather, on the contrary, preserving and

19 intending to preserve, its contention that anything Mr. Bryant did on weekends,

20 evenings, vacation and any other time outside ordinary business hours was not done

21 while he was working for Mattel.  MGA (HK)'s response may not be taken as an

22 admission that the information it provides in its response in any way reflects or

23 evidences work performed by Mr. Bryant while he was working for Mattel or that

24 MGA (HK) adopts or agrees with any fact or legal conclusion assumed, presumed or

25 contained in Mattel's interrogatory.

26

27

28

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 12:**

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 12:**

MGA (HK) incorporates by reference the above-stated general objections as if fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the grounds that it is compound in seeking MGA (HK) to (1) identify "each and every BRATZ INVENTION" created prior to January 4, 1999, (2) "state all facts" that support MGA (HK)'s contention that the "BRATZ INVENTION" was created prior to January 4, 1999, (3) "identify all persons with knowledge of such facts," and (4) identify "all documents" which refer or relate to such facts, and is, in reality, not one but multiple interrogatories. MGA (HK) further objects to this interrogatory on the ground that Mattel has exceeded the total number of interrogatories allowed pursuant to the District Court's Scheduling Order, dated February 12, 2007. MGA (HK) also specifically objects to this interrogatory on the grounds that it is unduly burdensome and oppressive in requiring MGA (HK) to identify "each and every BRATZ INVENTION" created prior to January 4, 1999, and to state "all facts," identify "all persons" and identify "all documents" supporting MGA (HK)'s contention that the "BRATZ INVENTION" was created prior to January 4, 1999. Such an interrogatory would unreasonably require MGA (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK) also objects to this interrogatory to the extent it requests MGA (HK) to identify "all documents which refer or relate to" MGA (HK)'s response and "all persons with knowledge of such facts" in this response as overbroad

4

1   and premature as discovery is still ongoing and thus MGA (HK) cannot identify all

2   documents that will support its responses or persons who have knowledge of the facts

3   at this time. MGA (HK) also objects to this interrogatory to the extent that it calls for

4   a legal conclusion. MGA (HK) also objects to this interrogatory on the grounds that it

5   seeks information that is not in the possession, custody or control of MGA (HK).

6          Based on the foregoing objections, MGA (HK) will not respond to this

7   interrogatory.

8

9   **INTERROGATORY NO. 13:**

10          IDENTIFY each and every BRATZ INVENTION YOU contend was

11   CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

12   for each BRATZ INVENTION so identified state all FACTS that support YOUR

13   contention that such BRATZ INVENTION (or aspects or portions thereof) was

14   CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

15   PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

16   RELATE TO such facts.

17   **RESPONSE TO INTERROGATORY NO. 13:**

18          MGA (HK) incorporates by reference the above-stated general objections as if

19   fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

20   grounds that it is compound in seeking MGA (HK) to (1) identify "each and every

21   BRATZ INVENTION" created after October 19, 2000 and before June 1, 2001, (2)

22   "state all facts" that support MGA (HK)'s contention that the "BRATZ INVENTION"

23   was created during this time, (3) "identify all persons with knowledge of such facts,"

24   and (4) identify "all documents" which refer or relate to such facts, and is, in reality,

25   not one but multiple interrogatories. MGA (HK) further objects to this interrogatory

26   on the ground that Mattel has exceeded the total number of interrogatories allowed

27   pursuant to the District Court's Scheduling Order, dated February 12, 2007. MGA

28   (HK) also specifically objects to this interrogatory on the grounds that it is unduly

5

1    burdensome and oppressive in requiring MGA (HK) to identify "each and every

2    BRATZ INVENTION" created after October 19, 2000 and before June 1, 2001, and to

3    state "all facts," identify "all persons" and identify "all documents" supporting MGA

4    (HK)'s contention that the "BRATZ INVENTION" was created after October 19,

5    2000 and before June 1, 2001. Such an interrogatory would unreasonably require

6    MGA (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK)

7    also objects to this interrogatory to the extent it requests MGA (HK) to identify "all

8    documents which refer or relate to" MGA (HK)'s response and "all persons with

9    knowledge of such facts" in this response as overbroad and premature as discovery is

10    still ongoing and thus MGA (HK) cannot identify all documents that will support its

11    responses or persons who have knowledge of the facts at this time. MGA (HK) also

12    objects to this interrogatory to the extent that it calls for a legal conclusion. MGA

13    (HK) also objects to this interrogatory on the grounds that it seeks information that is

14    not in the possession, custody or control of MGA (HK).

15      Based on the foregoing objections, MGA (HK) will not respond to this

16    interrogatory.

17

18    **INTERROGATORY NO. 14:**

19      IDENTIFY each and every BRATZ INVENTION that was CREATED, in

20    whole or in part, after January 3, 1999 and before October 21, 2000, and for each

21    BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

22    the timing of the creation of such BRATZ INVENTION and IDENTIFY all

23    PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

24    RELATE TO such facts.

25    **RESPONSE TO INTERROGATORY NO. 14:**

26      MGA (HK) incorporates by reference the above-stated general objections as if

27    fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

28    grounds that it is compound in seeking MGA (HK) to (1) identify "each and every

<div align="center">6</div>

1  BRATZ INVENTION" created after January 3, 1999 and before October 21, 2000, (2)

2  "state all facts" that refer or relate to the timing of the creation of the "BRATZ

3  INVENTION," (3) "identify all persons with knowledge of such facts," and (4)

4  identify "all documents" which refer or relate to such facts, and is, in reality, not one

5  but multiple interrogatories. MGA (HK) further objects to this interrogatory on the

6  ground that Mattel has exceeded the total number of interrogatories allowed pursuant

7  to the District Court's Scheduling Order, dated February 12, 2007. MGA (HK) also

8  specifically objects to this interrogatory on the grounds that it is unduly burdensome

9  and oppressive in requiring MGA (HK) to identify "each and every BRATZ

10  INVENTION" created after January 3, 1999 and before October 21, 2000, to state "all

11  facts" that refer or relate to the timing of the creation of the "BRATZ INVENTION,"

12  to identify "all persons" with knowledge of such facts and "all documents" which

13  refer or relate to such facts. Such an interrogatory would unreasonably require MGA

14  (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK) also

15  objects to this interrogatory to the extent it requests MGA (HK) to identify "all

16  documents which refer or relate to" MGA (HK)'s response and "all persons with

17  knowledge of such facts" in this response as overbroad and premature as discovery is

18  still ongoing and thus MGA (HK) cannot identify all documents that will support its

19  responses or persons who have knowledge of the facts at this time. MGA (HK) also

20  objects to this interrogatory to the extent that it calls for a legal conclusion. MGA

21  (HK) also objects to this interrogatory on the grounds that it seeks information that is

22  not in the possession, custody or control of MGA (HK).

23       Based on the foregoing objections, MGA (HK) will not respond to this

24  interrogatory.

25

26  **INTERROGATORY NO. 15:**

27       State all facts that support YOUR contention, if YOU so contend, that,

28  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

7

EXHIBIT ____ T

PAGE  226

1  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

2  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

3  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

4  REFER OR RELATE TO such facts.

5  **RESPONSE TO INTERROGATORY NO. 15:**

6      MGA (HK) incorporates by reference the above-stated general objections as if

7  fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

8  grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

9  MGA (HK)'s contention, if it so contends, that MGA (HK) is entitled to priority over

10  and/or has superior rights to MATTEL in the "BRATZ INVENTION," (2) identify

11  "all persons with knowledge of such facts," and (3) identify "all documents" that refer

12  or relate to such facts, and is, in reality, not one but multiple interrogatories. MGA

13  (HK) further objects to this interrogatory on the ground that Mattel has exceeded the

14  total number of interrogatories allowed pursuant to the District Court's Scheduling

15  Order, dated February 12, 2007. MGA (HK) also specifically objects to this

16  interrogatory on the grounds that it is unduly burdensome and oppressive in requiring

17  MGA (HK) to state "all facts," identify "all persons" with knowledge of such facts

18  and "all documents" which refer or relate to such facts. Such an interrogatory would

19  unreasonably require MGA (HK) to state, in writing, a potentially immense multitude

20  of facts. MGA (HK) also objects to this interrogatory to the extent it requests MGA

21  (HK) to identify "all documents which refer or relate to" MGA (HK)'s response and

22  "all persons with knowledge of such facts" in this response as overbroad and

23  premature as discovery is still ongoing and thus MGA (HK) cannot identify all

24  documents that will support its responses or persons who have knowledge of the facts

25  at this time. MGA (HK) also objects to this interrogatory to the extent that it calls for

26  a legal conclusion. MGA (HK) also objects to this interrogatory on the grounds that it

27  seeks information that is not in the possession, custody or control of MGA (HK).

28  MGA (HK) further objects to this interrogatory to the extent it seeks information

8

EXHIBIT ____I____

PAGE ____227____

1   protected from disclosure by the attorney-client privilege, work product doctrine, the

2   joint defense privilege or common interest privilege.

3       Based on the foregoing objections, MGA (HK) will not respond to this

4   interrogatory.

5   **INTERROGATORY NO. 16:**

6       State all facts that support YOUR contention, if YOU so contend, that the

7   INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

8   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

9   RELATE TO such facts.

10   **RESPONSE TO INTERROGATORY NO. 16:**

11       MGA (HK) incorporates by reference the above-stated general objections as if

12   fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

13   grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

14   MGA (HK)'s contention, if it so contends, that the "INVENTIONS AGREEMENT"

15   is not valid and enforceable, (2) identify "all persons with knowledge of such facts,"

16   and (3) identify "all documents" that refer or relate to such facts, and is, in reality, not

17   one but multiple interrogatories. MGA (HK) further objects to this interrogatory on

18   the ground that Mattel has exceeded the total number of interrogatories allowed

19   pursuant to the District Court's Scheduling Order, dated February 12, 2007. MGA

20   (HK) also specifically objects to this interrogatory on the grounds that it is unduly

21   burdensome and oppressive in requiring MGA (HK) to state "all facts," identify "all

22   persons" with knowledge of such facts and "all documents" which refer or relate to

23   such facts. Such an interrogatory would unreasonably require MGA (HK) to state, in

24   writing, a potentially immense multitude of facts. MGA (HK) also objects to this

25   interrogatory to the extent it requests MGA (HK) to identify "all documents which

26   refer or relate to" MGA (HK)'s response and "all persons with knowledge of such

27   facts" in this response as overbroad and premature as discovery is still ongoing and

28   thus MGA (HK) cannot identify all documents that will support its responses or

EXHIBIT \_\_\_\_ I

PAGE \_\_\_\_ 228

1   persons who have knowledge of the facts at this time. MGA (HK) also objects to this

2   interrogatory to the extent that it calls for a legal conclusion. MGA (HK) also objects

3   to this interrogatory on the grounds that it seeks information that is not in the

4   possession, custody or control of MGA (HK). MGA (HK) further objects to this

5   interrogatory to the extent it seeks information protected from disclosure by the

6   attorney-client privilege, work product doctrine, the joint defense privilege or

7   common interest privilege.

8        Based on the foregoing objections, MGA (HK) will not respond to this

9   interrogatory.

10

11  **INTERROGATORY NO. 17:**

12       State all facts that support YOUR contention, if YOU so contend, that one or

13  more of MATTEL's claims against YOU in THIS ACTION is barred, in whole or in

14  part, by a statute of limitations and/or laches, and IDENTIFY all PERSONS with

15  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

16  facts.

17  **RESPONSE TO INTERROGATORY NO. 17:**

18       MGA (HK) incorporates by reference the above-stated general objections as if

19  fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

20  grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

21  MGA (HK)'s contention, if it so contends, that Mattel's claims against MGA (HK) in

22  this action are barred by the statute of limitations *or* the doctrine of laches, (2) identify

23  "all persons with knowledge of such facts," and (3) identify "all documents" that refer

24  or relate to such facts, and is, in reality, not one but multiple interrogatories. MGA

25  (HK) further objects to this interrogatory on the ground that Mattel has exceeded the

26  total number of interrogatories allowed pursuant to the District Court's Scheduling

27  Order, dated February 12, 2007. MGA (HK) also specifically objects to this

28  interrogatory on the grounds that it is unduly burdensome and oppressive in requiring

10

1    MGA (HK) to state "all facts," identify "all persons" with knowledge of such facts

2    and "all documents" which refer or relate to such facts. Such an interrogatory would

3    unreasonably require MGA (HK) to state, in writing, a potentially immense multitude

4    of facts. MGA (HK) also objects to this interrogatory to the extent it requests MGA

5    (HK) to identify "all documents which refer or relate to" MGA (HK)'s response and

6    "all persons with knowledge of such facts" in this response as overbroad and

7    premature as discovery is still ongoing and thus MGA (HK) cannot identify all

8    documents that will support its responses or persons who have knowledge of the facts

9    at this time. MGA (HK) also objects to this interrogatory to the extent that it calls for

10   a legal conclusion. MGA (HK) also objects to this interrogatory on the grounds that it

11   seeks information that is not in the possession, custody or control of MGA (HK).

12   MGA (HK) further objects to this interrogatory to the extent it seeks information

13   protected from disclosure by the attorney-client privilege, work product doctrine, the

14   joint defense privilege or common interest privilege.

15        Based on the foregoing objections, MGA (HK) will not respond to this

16   interrogatory.

17

18   **INTERROGATORY NO. 18:**

19        State all facts that support YOUR contention, if YOU so contend, that one or

20   more of MATTEL's claims against YOU in THIS ACTION is barred by the doctrines

21   of unclean hands, estoppel, waiver, or consent, and IDENTIFY all PERSONS with

22   knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

23   facts.

24   **RESPONSE TO INTERROGATORY NO. 18:**

25        MGA (HK) incorporates by reference the above-stated general objections as if

26   fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

27   grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

28   MGA (HK)'s contention, if it so contends, that Mattel's claims against MGA (HK) in

11

1  this action are barred by the doctrines of unclean hands *or* estoppel, *or* waiver *or*

2  consent, (2) identify "all persons with knowledge of such facts," and (3) identify "all

3  documents" that refer or relate to such facts, and is, in reality, not one but multiple

4  interrogatories.  MGA (HK) further objects to this interrogatory on the ground that

5  Mattel has exceeded the total number of interrogatories allowed pursuant to the

6  District Court's Scheduling Order, dated February 12, 2007.  MGA (HK) also

7  specifically objects to this interrogatory on the grounds that it is unduly burdensome

8  and oppressive in requiring MGA (HK) to state "all facts," identify "all persons" with

9  knowledge of such facts and "all documents" which refer or relate to such facts.  Such

10  an interrogatory would unreasonably require MGA (HK) to state, in writing, a

11  potentially immense multitude of facts.  MGA (HK) also objects to this interrogatory

12  to the extent it requests MGA (HK) to identify "all documents which refer or relate

13  to" MGA (HK)'s response and "all persons with knowledge of such facts" in this

14  response as overbroad and premature as discovery is still ongoing and thus MGA

15  (HK) cannot identify all documents that will support its responses or persons who

16  have knowledge of the facts at this time.  MGA (HK) also objects to this interrogatory

17  to the extent that it calls for a legal conclusion.  MGA (HK) also objects to this

18  interrogatory on the grounds that it seeks information that is not in the possession,

19  custody or control of MGA (HK).  MGA (HK) further objects to this interrogatory to

20  the extent it seeks information protected from disclosure by the attorney-client

21  privilege, work product doctrine, the joint defense privilege or common interest

22  privilege.

23  Based on the foregoing objections, MGA (HK) will not respond to this

24  interrogatory.

25

26  **INTERROGATORY NO. 19:**

27  State all facts that support YOUR contention, if YOU so contend, that

28  MATTEL is not or would not be entitled to injunctive relief as requested in its

.12

1    COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

2    MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

3    with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

4    such facts.

5    **RESPONSE TO INTERROGATORY NO. 19:**

6        MGA (HK) incorporates by reference the above-stated general objections as if

7    fully set forth herein.  MGA (HK) also specifically objects to this interrogatory on the

8    grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

9    MGA (HK)'s contention, if it so contends, that Mattel is not or would not be entitled

10   to injunctive relief if it is ultimately determined that Mattel owns one or more

11   "BRATZ INVENTIONS," (2) identify "all persons with knowledge of such facts,"

12   and (3) identify "all documents" that refer or relate to such facts, and is, in reality, not

13   one but multiple interrogatories.  MGA (HK) further objects to this interrogatory on

14   the ground that Mattel has exceeded the total number of interrogatories allowed

15   pursuant to the District Court's Scheduling Order, dated February 12, 2007.  MGA

16   (HK) also specifically objects to this interrogatory on the grounds that it is unduly

17   burdensome and oppressive in requiring MGA (HK) to state "all facts," identify "all

18   persons" with knowledge of such facts and "all documents" which refer or relate to

19   such facts.  Such an interrogatory would unreasonably require MGA (HK) to state, in

20   writing, a potentially immense multitude of facts.  MGA (HK) also objects to this

21   interrogatory to the extent it requests MGA (HK) to identify "all documents which

22   refer or relate to" MGA (HK)'s response and "all persons with knowledge of such

23   facts" in this response as overbroad and premature as discovery is still ongoing and

24   thus MGA (HK) cannot identify all documents that will support its responses or

25   persons who have knowledge of the facts at this time.  MGA (HK) also objects to this

26   interrogatory to the extent that it calls for a legal conclusion.  MGA (HK) also objects

27   to this interrogatory on the grounds that it seeks information that is not in the

28   possession, custody or control of MGA (HK).  MGA (HK) further objects to this

13

EXHIBIT ____T____

PAGE ___232___

1   interrogatory to the extent it seeks information protected from disclosure by the

2   attorney-client privilege, work product doctrine, the joint defense privilege or

3   common interest privilege.

4   Based on the foregoing objections, MGA (HK) will not respond to this

5   interrogatory.

6

7   **INTERROGATORY NO. 20:**

8   State all facts that support YOUR contention, if YOU so contend, that

9   MATTEL is not entitled to an award of punitive or exemplary damages against YOU,

10   and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

11   that REFER OR RELATE TO such facts.

12   **RESPONSE TO INTERROGATORY NO. 20:**

13   MGA (HK) incorporates by reference the above-stated general objections as if

14   fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

15   grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

16   MGA (HK)'s contention, if it so contends, that Mattel is not entitled to an award of

17   punitive *or* exemplary damages against MGA (HK), (2) identify "all persons with

18   knowledge of such facts," and (3) identify "all documents" that refer or relate to such

19   facts, and is, in reality, not one but multiple interrogatories. MGA (HK) further

20   objects to this interrogatory on the ground that Mattel has exceeded the total number

21   of interrogatories allowed pursuant to the District Court's Scheduling Order, dated

22   February 12, 2007. MGA (HK) also specifically objects to this interrogatory on the

23   grounds that it is unduly burdensome and oppressive in requiring MGA (HK) to state

24   "all facts," identify "all persons" with knowledge of such facts and "all documents"

25   which refer or relate to such facts. Such an interrogatory would unreasonably require

26   MGA (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK)

27   also objects to this interrogatory to the extent it requests MGA (HK) to identify "all

28   documents which refer or relate to" MGA (HK)'s response and "all persons with

14

1  knowledge of such facts" in this response as overbroad and premature as discovery is

2  still ongoing and thus MGA (HK) cannot identify all documents that will support its

3  responses or persons who have knowledge of the facts at this time. MGA (HK) also

4  objects to this interrogatory to the extent that it calls for a legal conclusion. MGA

5  (HK) also objects to this interrogatory on the grounds that it seeks information that is

6  not in the possession, custody or control of MGA (HK). MGA (HK) further objects to

7  this interrogatory to the extent it seeks information protected from disclosure by the

8  attorney-client privilege, work product doctrine, the joint defense privilege or

9  common interest privilege.

10  Based on the foregoing objections, MGA (HK) will not respond to this

11  interrogatory.

12

13  **INTERROGATORY NO. 21:**

14  State all facts that support YOUR contention, if YOU so contend, that YOU did

15  not intentionally interfere with the INVENTIONS AGREEMENT or any other

16  agreement or contract between MATTEL and BRYANT, or aid or abet any breach of

17  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL, when BRYANT

18  purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ or

19  when BRYANT performed work or services with or for MGA while BRYANT was

20  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

21  and all DOCUMENTS that REFER OR RELATE TO such facts.

22  **RESPONSE TO INTERROGATORY NO. 21:**

23  MGA (HK) incorporates by reference the above-stated general objections as if

24  fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

25  grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

26  MGA (HK)'s contention, if it so contends, that MGA (HK) did not intentionally

27  interfere with the "INVENTIONS AGREEMENT" between Mattel and Bryant *or* any

28  other agreement *or* contract between MATTEL and BRYANT," *or* aid and abet any

15

MGA ENTERTAINMENT (HK) LTD.'s OBJECTIONS AND RESPONSES TO
MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT ____ _I_

PAGE ____ 234

1   breach of fiduciary duty *or* duty of loyalty purportedly owed by Bryant to Mattel

2   when Bryant transferred his rights in Bratz to MGA *or* when Bryant performed work

3   or services for MGA, (2) identify "all persons with knowledge of such facts," and (3)

4   identify "all documents" that refer or relate to such facts," and is, in reality, not one

5   but multiple interrogatories. MGA (HK) further objects to this interrogatory on the

6   ground that Mattel has exceeded the total number of interrogatories allowed pursuant

7   to the District Court's Scheduling Order, dated February 12, 2007. MGA (HK) also

8   specifically objects to this interrogatory on the grounds that it is unduly burdensome

9   and oppressive in requiring MGA (HK) to state "all facts," identify "all persons" with

10   knowledge of such facts and "all documents" which refer or relate to such facts. Such

11   an interrogatory would unreasonably require MGA (HK) to state, in writing, a

12   potentially immense multitude of facts. MGA (HK) also objects to this interrogatory

13   to the extent it requests MGA (HK) to identify "all documents which refer or relate

14   to" MGA (HK)'s response and "all persons with knowledge of such facts" in this

15   response as overbroad and premature as discovery is still ongoing and thus MGA

16   (HK) cannot identify all documents that will support its responses or persons who

17   have knowledge of the facts at this time. MGA (HK) also objects to this interrogatory

18   to the extent that it calls for a legal conclusion. MGA (HK) also objects to this

19   interrogatory on the grounds that it seeks information that is not in the possession,

20   custody or control of MGA (HK). MGA (HK) further objects to this interrogatory to

21   the extent it seeks information protected from disclosure by the attorney-client

22   privilege, work product doctrine, the joint defense privilege or common interest

23   privilege.

24       Based on the foregoing objections, MGA (HK) will not respond to this

25   interrogatory.

26

27   **INTERROGATORY NO. 22:**

28       State all facts that support YOUR contention, if YOU so contend, that YOU

16

1   acted with an innocent state of mind or reasonably believed that MATTEL did not

2   own any rights in any BRATZ INVENTION when BRYANT purported to

3   TRANSFER and MGA purported to ACQUIRE rights to BRATZ or when BRYANT

4   performed work or services with or for MGA while BRYANT was employed by

5   MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all

6   DOCUMENTS that REFER OR RELATE TO such facts.

7   **RESPONSE TO INTERROGATORY NO. 22:**

8       MGA (HK) incorporates by reference the above-stated general objections as if

9   fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

10  grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

11  MGA (HK)'s contention, if it so contends, that MGA (HK) "acted with an innocent

12  state of mind or reasonably believed" that Mattel did not own any rights in any

13  "BRATZ INVENTION" when Bryant performed any work or services with or for

14  MGA while Bryant was employed by Mattel, (2) identify "all persons with knowledge

15  of such facts," and (3) identify "all documents" that refer or relate to such facts," and

16  is, in reality, not one but multiple interrogatories. MGA (HK) further objects to this

17  interrogatory on the ground that Mattel has exceeded the total number of

18  interrogatories allowed pursuant to the District Court's Scheduling Order, dated

19  February 12, 2007. MGA (HK) also specifically objects to this interrogatory on the

20  grounds that it is unduly burdensome and oppressive in requiring MGA (HK) to state

21  "all facts," identify "all persons" with knowledge of such facts and "all documents"

22  which refer or relate to such facts. Such an interrogatory would unreasonably require

23  MGA (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK)

24  also objects to this interrogatory to the extent it requests MGA (HK) to identify "all

25  documents which refer or relate to" MGA (HK)'s response and "all persons with

26  knowledge of such facts" in this response as overbroad and premature as discovery is

27  still ongoing and thus MGA (HK) cannot identify all documents that will support its

28  responses or persons who have knowledge of the facts at this time. MGA (HK) also

17

EXHIBIT ___T___

PAGE ___236___

1   objects to this interrogatory to the extent that it calls for a legal conclusion. MGA

2   (HK) also objects to this interrogatory on the grounds that it seeks information that is

3   not in the possession, custody or control of MGA (HK). MGA (HK) further objects to

4   this interrogatory to the extent it seeks information protected from disclosure by the

5   attorney-client privilege, work product doctrine, the joint defense privilege or

6   common interest privilege.

7         Based on the foregoing objections, MGA (HK) will not respond to this

8   interrogatory.

9

10  **INTERROGATORY NO. 23:**

11        State all facts that support YOUR contention, if YOU so contend, that

12  BRYANT did not breach the INVENTIONS AGREEMENT or BRYANT's duty of

13  loyalty or fiduciary duties to MATTEL when BRYANT purported to TRANSFER

14  rights to BRATZ to MGA or performed work or services with or for MGA while

15  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

16  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

17  facts.

18  **RESPONSE TO INTERROGATORY NO. 23:**

19        MGA (HK) incorporates by reference the above-stated general objections as if

20  fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

21  grounds that it is compound in seeking MGA (HK) to (1) state "all facts" that support

22  MGA (HK)'s contention, if it so contends, that Bryant did not breach the

23  "INVENTIONS AGREEMENT" *or* his duty of loyalty *or* fiduciary duties to Mattel

24  when Bryant transferred his rights in Bratz to MGA *or* performed work or services

25  with or for MGA while Bryant was employed by Mattel, (2) identify "all persons with

26  knowledge of such facts," and (3) identify "all documents" that refer or relate to such

27  facts," and is, in reality, not one but multiple interrogatories. MGA (HK) further

28  objects to this interrogatory on the ground that Mattel has exceeded the total number

18

EXHIBIT _____ T

PAGE _____ 237

1    of interrogatories allowed pursuant to the District Court's Scheduling Order, dated

2    February 12, 2007. MGA (HK) also specifically objects to this interrogatory on the

3    grounds that it is unduly burdensome and oppressive in requiring MGA (HK) to state

4    "all facts," identify "all persons" with knowledge of such facts and "all documents"

5    which refer or relate to such facts. Such an interrogatory would unreasonably require

6    MGA (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK)

7    also objects to this interrogatory to the extent it requests MGA (HK) to identify "all

8    documents which refer or relate to" MGA (HK)'s response and "all persons with

9    knowledge of such facts" in this response as overbroad and premature as discovery is

10   still ongoing and thus MGA (HK) cannot identify all documents that will support its

11   responses or persons who have knowledge of the facts at this time. MGA (HK) also

12   objects to this interrogatory to the extent that it calls for a legal conclusion. MGA

13   (HK) also objects to this interrogatory on the grounds that it seeks information that is

14   not in the possession, custody or control of MGA (HK). MGA (HK) further objects to

15   this interrogatory to the extent it seeks information protected from disclosure by the

16   attorney-client privilege, work product doctrine, the joint defense privilege or

17   common interest privilege.

18       Based on the foregoing objections, MGA (HK) will not respond to this

19   interrogatory.

20

21   **INTERROGATORY NO. 24:**

22       IDENTIFY each and every bank or financial institution account that REFERS

23   OR RELATES TO LARIAN, including accounts in LARIAN's name or for

24   LARIAN's benefit, since January 1, 1999.

25   **RESPONSE TO INTERROGATORY NO. 24:**

26       MGA (HK) incorporates by reference the above-stated general objections as if

27   fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

28   grounds that it is overbroad and unduly burdensome, and seeks information not

<div align="center">19</div>

1   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

2   discovery of admissible evidence. MGA (HK) also objects to this interrogatory on the

3   grounds that it seeks information in violation of the privacy rights of third parties.

4   MGA (HK) further objects to this interrogatory on the ground that Mattel has

5   exceeded the total number of interrogatories allowed pursuant to the District Court's

6   Scheduling Order, dated February 12, 2007. MGA (HK) also objects to this

7   interrogatory on the grounds that it seeks information that is not in the possession,

8   custody or control of MGA (HK).

9        Based on the foregoing objections, MGA (HK) will not respond to this

10  interrogatory.

11

12  **INTERROGATORY NO. 25:**

13       IDENTIFY each and every STORAGE DEVICE that YOU have used for any

14  purpose which contains or contained DIGITAL INFORMATION that REFERS OR

15  RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

16  **RESPONSE TO INTERROGATORY NO. 25:**

17       MGA (HK) incorporates by reference the above-stated general objections as if

18  fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

19  grounds that it is compound in that it seeks information about both Bratz and Prayer

20  Angels, which are two different line of products. MGA (HK) also objects to this

21  interrogatory on the grounds that it is overbroad and unduly burdensome, and seeks

22  information not relevant to the subject matter of this lawsuit or reasonably calculated

23  to lead to the discovery of admissible evidence. MGA (HK) further objects to this

24  interrogatory on the ground that Mattel has exceeded the total number of

25  interrogatories allowed pursuant to the District Court's Scheduling Order, dated

26  February 12, 2007.

27       Based on the foregoing objections, MGA (HK) will not respond to this

28  interrogatory.

<center>20</center>

EXHIBIT ____ T ____

PAGE ____ 239

1

2  **INTERROGATORY NO. 26:**

3     IDENTIFY all PERSONS who at any time have been employed by or under

4  contract with MATTEL who are now or have been employed by or under contract

5  with YOU since January 1, 1999, and, for each such PERSON, state his or her name,

6  date of hire or effective date of contract, the date on which YOU first had contact with

7  such PERSON regarding potential employment or contracting, the date(s) on which

8  such PERSON was interviewed for possible employment or contracting, each title (if

9  any) such PERSON has held while employed by or under contract with YOU, and the

10 date of termination (if applicable).

11 **RESPONSE TO INTERROGATORY NO. 26:**

12    MGA (HK) incorporates by reference the above-stated general objections as if

13 fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

14 grounds that it is compound in that it requests that MGA (HK) identify (1)"all

15 persons" employed by Mattel who have been or are currently employed by MGA

16 (HK) since January 1, 1999, (2) the dates of such employment, (3) the dates of first

17 contact with such persons, (4) the dates of any interviews, (5) the titles the person held

18 while employed with MGA (HK), and (6) the date of termination. MGA (HK) further

19 objects to this interrogatory on the grounds that it is overbroad and unduly

20 burdensome, and seeks information not relevant to the subject matter of this lawsuit or

21 reasonably calculated to lead to the discovery of admissible evidence. MGA (HK)

22 also objects to this interrogatory on the grounds that it seeks information that Mattel

23 can obtain with more convenience, less burden and less expense using other methods

24 of discovery. MGA (HK) also objects to this interrogatory on the grounds that it

25 seeks information that is uniquely or better known to Mattel. MGA (HK) also objects

26 to this interrogatory on the grounds that it seeks information in violation of the rights

27 of third parties. MGA (HK) further objects to this interrogatory on the ground that

28 Mattel has exceeded the total number of interrogatories allowed pursuant to the

MGA ENTERTAINMENT (HK) LTD.'s OBJECTIONS AND RESPONSES TO
MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT ___*T*___

PAGE ___*240*___

1    District Court's Scheduling Order, dated February 12, 2007.

2       Based on the foregoing objections, MGA (HK) will not respond to this

3    interrogatory.

4

5    **INTERROGATORY NO. 27:**

6       For each concept, design, product, product packaging or other matter that YOU

7    contend MATTEL copied or infringed, including but not limited to those identified in

8    MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair

9    Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to

10    such Interrogatory), state (a) the date that each such concept, design, product, product

11    packaging or other matter was conceived, and (b) the date that each such concept,

12    design, product, product packaging or other matter was first fixed in any tangible

13    medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

14    and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

15    **RESPONSE TO INTERROGATORY NO. 27:**

16       MGA (HK) incorporates by reference the above-stated general objections as if

17    fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

18    grounds that it is compound in seeking MGA (HK) to (1) state the date that each

19    concept, design, product, product packaging or other matter that MGA (HK) contends

20    Mattel copied or infringed was conceived, (2) the date that each such concept, design,

21    product, product packaging or other matter was first fixed in any tangible medium of

22    expression, (3) identify "all persons with knowledge of such facts," and (4) identify

23    "all documents" that refer or relate to such facts," and is, in reality, not one but

24    multiple interrogatories. Such an interrogatory would unreasonably require MGA

25    (HK) to state, in writing, a potentially immense multitude of facts. MGA (HK) also

26    objects to this interrogatory to the extent it requests MGA (HK) to identify "all

27    documents which refer or relate to" MGA (HK)'s response and "all persons with

28    knowledge of such facts" in this response as overbroad and premature as discovery is

1  still ongoing and thus MGA (HK) cannot identify all documents that will support its

2  responses or persons who have knowledge of the facts at this time.  MGA (HK) also

3  specifically objects to this interrogatory on the grounds that it is overbroad and unduly

4  burdensome.  MGA (HK) further objects to this interrogatory on the ground that

5  Mattel has exceeded the total number of interrogatories allowed pursuant to the

6  District Court's Scheduling Order, dated February 12, 2007.  MGA (HK) also objects

7  to this interrogatory on the grounds that it seeks information that may be the subject of

8  expert witness analysis and testimony and is premature and on the grounds that there

9  are no exceptional circumstances justifying the requesting of such information at this

10  stage in discovery.  MGA (HK) further objects to this interrogatory on the grounds

11  that it is vague and ambiguous as MGA (HK) has not asserted any claims against

12  Mattel in this action.

13       Based on the foregoing objections, MGA (HK) will not respond to this

14  interrogatory.

15

16  **INTERROGATORY NO. 28:**

17       For each concept, design, product, product packaging or other matter that YOU

18  contend MATTEL copied or infringed, including but not limited to those identified in

19  MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair

20  Competition, Response to Interrogatory No. 2 (and any Supplemental Responses to

21  such Interrogatory), describe, fully and separately, each and every concept, design,

22  product, product packaging or other matter of or by MATTEL that YOU contend is a

23  copy of or infringes YOUR alleged concept(s), design(s), product(s), product

24  packaging or other matter.  Your answer should describe the Mattel concept, design,

25  product, product packaging or other matter with specificity and in detail (including

26  without limitation by product name, product number, SKU, or bar code number), and

27  specify those elements or attributes of YOUR claimed concept, design, product,

28  product packaging or other matter that YOU contend were copied or infringed by

23

1    MATTEL.

2    **RESPONSE TO INTERROGATORY NO. 28:**

3          MGA (HK) incorporates by reference the above-stated general objections as if

4    fully set forth herein.  MGA (HK) also specifically objects to this interrogatory on the

5    grounds that it is compound, overbroad and unduly burdensome.  MGA (HK) further

6    objects to this interrogatory on the ground that Mattel has exceeded the total number

7    of interrogatories allowed pursuant to the District Court's Scheduling Order, dated

8    February 12, 2007.  MGA (HK) also objects to this interrogatory on the grounds that it

9    seeks information that Mattel can obtain with more convenience, less burden and less

10   expense using other methods of discovery.  MGA (HK) also objects to this

11   interrogatory on the grounds that it seeks information that is uniquely or better known

12   to Mattel.  MGA (HK) further objects to this interrogatory on the grounds that it calls

13   for a legal conclusion.  MGA (HK) also objects to this interrogatory on the grounds

14   that it seeks information not in the possession, custody or control of MGA (HK).

15   MGA (HK) also objects to this interrogatory on the grounds that it seeks information

16   that may be the subject of expert witness analysis and testimony and is premature and

17   on the grounds that there are no exceptional circumstances justifying the requesting of

18   such information at this stage in discovery.  MGA (HK) further objects to this

19   interrogatory on the grounds that it is vague and ambiguous as MGA (HK) has not

20   asserted any claims against Mattel in this action.

21          Based on the foregoing objections, MGA (HK) will not respond to this

22   interrogatory.

23

24   **INTERROGATORY NO. 29:**

25          For each trade dress for which YOU claim protectable trade dress rights in this

26   ACTION, describe, fully and separately, each and every element that makes up the

27   claimed trade dress.

28

                                                24

                    MGA ENTERTAINMENT (HK) LTD.'s OBJECTIONS AND RESPONSES TO
                    MATTEL'S THIRD SET OF INTERROGATORIES    EXHIBIT _____ T

                                                          PAGE _____ 243

1    **RESPONSE TO INTERROGATORY NO. 29:**

2         MGA (HK) incorporates by reference the above-stated general objections as if

3    fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

4    grounds that it is compound, overbroad and unduly burdensome. Such an

5    interrogatory would unreasonably require MGA (HK) to state, in writing, a potentially

6    immense multitude of facts. MGA (HK) further objects to this interrogatory on the

7    ground that Mattel has exceeded the total number of interrogatories allowed pursuant

8    to the District Court's Scheduling Order, dated February 12, 2007. MGA (HK)

9    further objects to this interrogatory on the grounds that it calls for a legal conclusion.

10   MGA (HK) also objects to this interrogatory on the grounds that it seeks information

11   that may be the subject of expert witness analysis and testimony and is premature and

12   on the grounds that there are no exceptional circumstances justifying the requesting of

13   such information at this stage in discovery. MGA (HK) further objects to this

14   interrogatory to the extent it seeks information protected from disclosure by the

15   attorney-client privilege, work product doctrine, the joint defense privilege or

16   common interest privilege. MGA (HK) further objects to this interrogatory on the

17   grounds that it is vague and ambiguous as MGA (HK) has not asserted any claims

18   against Mattel in this action.

19        Based on the foregoing objections, MGA (HK) will not respond to this

20   interrogatory.

21

22   **INTERROGATORY NO. 30:**

23        IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR

24   licensees and, as to each such BRATZ PRODUCT, state fully and separately (a) the

25   number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

26   licensees, (b) the revenue received by YOU from such SALES of each such BRATZ

27   PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ

28   PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR

25

MGA ENTERTAINMENT (HK) LTD.'s OBJECTIONS AND RESPONSES TO
MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT _____ _T_

PAGE _____ _244_

1  gross and net profits from each such BRATZ PRODUCT.

2  **RESPONSE TO INTERROGATORY NO. 30:**

3      MGA (HK) incorporates by reference the above-stated general objections as if

4  fully set forth herein. MGA (HK) also specifically objects to this interrogatory on the

5  grounds that it is compound in that it requests that MGA (HK) identify *every* Bratz

6  product ever sold, the number of units for each such product, the revenue received

7  from the sales of such products, costs incurred, and gross and net profits from the sale

8  of each such product. Such a request seeks information on hundreds of Bratz products

9  and is overbroad and unduly burdensome. Additionally, such an interrogatory would

10 unreasonably require MGA (HK) to state, in writing, a potentially immense multitude

11 of facts. MGA (HK) further objects to this interrogatory on the ground that Mattel has

12 exceeded the total number of interrogatories allowed pursuant to the District Court's

13 Scheduling Order, dated February 12, 2007. MGA (HK) also objects to this

14 interrogatory on the grounds that it seeks information not in the possession, custody or

15 control of MGA (HK). MGA (HK) further objects to this interrogatory on the

16 grounds that it seeks information in violation of the privacy rights of third parties.

17 MGA (HK) also objects to this interrogatory on the grounds that it seeks information

18 that may be the subject of expert witness analysis and testimony and is premature and

19 on the grounds that there are no exceptional circumstances justifying the requesting of

20 such information at this stage in discovery.

21      Based on the foregoing objections, MGA (HK) will not respond to this

22 interrogatory.

23      AS TO OBJECTIONS ONLY:

24

25 Dated: July 9, 2007                    O'MELVENY & MYERS LLP

26

27                                        James P. Jenal

28                                        Attorneys for MGA Entertainment (HK)
                                          Ltd.

26

MGA ENTERTAINMENT (HK) LTD.'s OBJECTIONS AND RESPONSES TO
MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT ___T___

PAGE ___245___