# Exhibit 1

**MATTEL V. BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 1. | Board of Directors Meeting Minutes | March 12, 2004 | -- | | Discussion of potential litigation matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 2. | Board of Directors Meeting Minutes | April 26, 2004 | -- | | Discussion of potential litigation matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 3. | Handwritten Notes | August 10, 2004 | Michael Moore | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 4. | Email with handwritten notes and calendar attachment | August 10, 2004 | Michael Moore | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 5. | Handwritten Notes | August 9, 2004 | Michael Moore | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 6. | Handwritten Notes | August 2, 2004 | Michael Moore | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |

Page 1 of 13

2064397_2.XLS

**EXHIBIT** _1_

**PAGE** _8_

MATTEL V. ▢TER BRYANT
AND CONSO▢DATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 7. | Handwritten Notes | July 25, 2004 | Michael Moore | ─ | Attorney notes regarding attorney client meeting. | Attorney Client Privilege<br><br>Attorney Work Product |
| 8. | Mattel In-House Legal Document | 2001 | Product Legal Administration | ─ | Document regarding product licensing | Attorney Client Privilege<br><br>Attorney Work Product |
| 9. | Licensor Approval Form | June 13, 2000 | Jennifer Klausner | Bruce Brown | Document regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |
| 10. | Licensor Approval Form | June 13, 2000 | Jennifer Klausner | Marty Garcia | Document regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |
| 11. | Licensor Approval Form | June 13, 2000 | Elisabeth Edwards | Jennifer Klausner | Document regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |
| 12. | Attorney Notes | November 20, 2003 | Michael Moore | ─ | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |

Page 2 of 13

2064397_2.XLS

EXHIBIT _____
PAGE _____ 9

MATTEL V.    ?TER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 13. | Attorney Notes | November 19, 2003 | Michael Moore | -- | Handwritten notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 14. | Attorney Notes | November 18, 2003 | Michael Moore | -- | Handwritten notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 15. | Attorney Notes | November 18, 2003 | Michael Moore | -- | Handwritten notes regarding Cityworld call. | Attorney Client Privilege<br><br>Attorney Work Product |
| 16. | Memorandum | September 26, 2003 | Adelle Jones | Michael Moore | Memorandum containing attorney work product regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 17. | Attorney Notes | September 18, 2003 | Michael Moore | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 18. | Email | May 11, 2000 | Stephanie Ayala | Liz Arriola | Email regarding legal and licensing issues. | Attorney Client Privilege<br><br>Attorney Work Product |

2064397_2.XLS

EXHIBIT

PAGE

**MATTEL V. ?TER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 19. | Email | January 18, 2000 | Jennifer Klausner | Mina Mirkazemi Christina Tomiyama Liz Arriola Melanie Chabra Pam Roberts | Email regarding licensor approval. | Attorney Client Privilege Attorney Work Product |
| 20. | Email | May 10, 2000 | Jennifer Klausner | Deborah Ava cc: Mark Donham Mary Ellen Trimble Joann Green Ron Langsdorf Stephanie Ayala Liz Arriola Anna Ziss Patton | Email regarding packaging. | Attorney Client Privilege Attorney Work Product |

2064097_2.XLS

EXHIBIT _____ (

PAGE _____ \ (

**MATTEL V.   RTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 21. | Email | May 10, 2000 | Jennifer Klausner | Deborah Ava<br><br>cc: Mark Donham<br>Mary Ellen Trimble<br>Joann Green<br>Ron Langsdorf<br>Stephanie Ayala<br>Liz Arriola<br>Anna Ziss<br>Patton | Email regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| | Email | May 10, 2000 | Deborah Ava | Jennifer Klausner<br><br>cc: Mark Donham<br>Mary Ellen Trimble<br>Joann Green<br>Ron Langsdorf<br>Stephanie Ayala<br>Liz Arriola<br>Anna Ziss<br>Patton | | |
| 22. | Email | November 11, 2003 | Richelle Savage | Michael Zeller<br><br>cc: Michael Moore | Email regarding letters from Cityworld (attached letters produced). | Attorney Client Privilege<br><br>Attorney Work Product |

Page 5 of 13

2064097_2.XLS

EXHIBIT ___1___

PAGE ___12___

MATTEL V.   RTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 23. | Redacted Document <br><br> M 0012680-M 0012696 | January 7, 1995 - December 30, 1995 | -- | -- | Contractor List - Budget Center #, Total Billed, Budget Center Sub-total, contractor name/title redacted. | Attorney Client Privilege (and also non-responsive) |
| 24. | Redacted Document <br><br> M013842-M013847 | June 11, 1996 <br><br> June 11, 1996 | Bill Bertini <br><br> Cathy A. Takemura | Cathy A. Takemura <br><br> Wendy Chisam - Planning | Email regarding legal and licensing issues / Legal advice redacted. | Attorney Client Privilege <br><br> Attorney Work Product |
| 25. | Redacted Document <br><br> M014357 | June 28, 2000 | Human Resources | Hastey Sullivan | Memo regarding salary increase / Salary data redacted. | Third-Party Privacy <br><br> Non-responsive |
| 26. | Redacted Document <br><br> M014358 | August 3, 1998 | Human Resources | Hastey Sullivan | Memo regarding salary increase / Salary data redacted. | Third-Party Privacy <br><br> Non-responsive |
| 27. | Typed Notes | Undated | Karen Ewing | -- | Counsel comments on draft press release and attorney handwritten notes. | Attorney Client Privilege <br><br> Attorney Work Product |
| 28. | Email | | Karen Ewing | Sally Dail | Email string containing counsel's comments on draft advertising copy. | Attorney Client Privilege <br><br> Attorney Work Product |

2064897_2.XLS

EXHIBIT ___1___

PAGE ___13___

MATTEL V.   ᴿTER BRYANT
AND CONSOᴸⁱDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 29. | Email (Redacted) M0074400 | Undated | De Anda, Richard | Kaye, Alan | Communication regarding former employee / Excerpts reflecting opinion of legal counsel redacted. | Attorney Client Privilege<br><br>Attorney Work Product |
| 30. | Email | April 28, 2003 | Shuttleworth, Tiffany J | Meyer, Cynthia B | Email string containing communication with legal counsel regarding My Scene video. | Attorney Client Privilege<br><br>Attorney Work Product |
| 31. | Legal Markings Document | May 5, 2003 | Product Legal Administration | -- | Prepared by legal counsel regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 32. | Email (Redacted) M0074518 | July 16, 2003 | Park, Cassidy L. | Moore, Michael | Communication with legal counsel regarding former employee / Communication with legal counsel redacted. | Attorney Client Privilege |
| 33. | Facsimile with Attachments | July 30, 2003 | Iser, Lawrence Y. (counsel at Greenberg Glusker) | De Anda, Richard | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 34. | Email | August 4, 2003 | Nelson, Lisa | Fisther, Yvonne Hooks, Brian | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 35. | Email | September 8, 2003 | De Anda, Richard | Moore, Michael | Communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |

EXHIBIT    1

PAGE    14

2064497_2.XLS

MATTEL V.   ?TER BRYANT
AND CONSC..IDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 36. | Advertising Review Form | October 24, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Patel, Tina | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 37. | Advertising Review Form | December 5, 2003 | International & Regulatory Law Group | Luk, Isaac | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 38. | Advertising Review Form | December 11, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 39. | Advertising Review Form | December 16, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 40. | Email with Attachments | December 16, 2003 | Fisher, Yvonne | Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Haag, Debbie Gomez, Jean Kuchem, Kara | Communication by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 41. | Email | January 12, 2004 | Leavitt, Margaret-Ann | Fisher, Yvonne | Email string containing communication with legal counsel regarding advertising. | Attorney Client Privilege |

Page 8 of 13

2064397_2.XLS

**EXHIBIT** 1

**PAGE** 15

MATTEL V.   \TER BRYANT
AND CONSOL DATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 42. | Affidavit | January 14, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 43. | Affidavit | January 14, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 44. | Email | January 14, 2004 | Leavitt, Margaret-Ann | Sutherland, Jessica Fisher, Yvonne | Email string containing communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 45. | Memo | January 17, 2004 | Leavitt, Margaret-Ann | Pailet-Bruck, Lisa | Communication containing advice from legal counsel on advertising. | Attorney Client Privilege |
| 46. | Memo | January 17, 2004 | Leavitt, Margaret-Ann | Pailet-Bruck, Lisa | Communication containing advice from legal counsel on advertising. | Attorney Client Privilege |
| 47. | Email | January 29, 2004 | Fisher, Yvonne | Welch, Merie Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Cabasso, Marian Hanahan, Jeanne Haag, Debbie Gomez, Jean Kuchem, Kara | Email string containing communication by legal counsel regarding advertising. | Attorney Client Privilege |
| 48. | Affidavit | February 2, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 49. | Advertising Review Form | April 28, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege  Attorney Work Product |

20643P7_2.XLS

EXHIBIT  /
PAGE  / 6

MATTEL V.   ?TER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 50. | Investigative Log (Redacted) M0074405 | June 17, 2003 - May 10, 2004 | De Anda, Richard | -- | Investigative Log / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege |
| 51. | Chronological Record (Redacted) M0074372 | March 15, 2002 - June 21, 2004 | De Anda, Richard | -- | Chronological Record / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege Attorney Work Product |
| 52. | Email with Attachments | August 30, 2004 | Neumann, Jeanette | Tonche, Lila | Communication with and documents prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 53. | Advertising Review Form | August 31, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchern, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 54. | Advertising Review Form | August 31, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchern, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 55. | Advertising Review Form | September 10, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchern, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |

Page 10 of 13

2064397_2.XLS

EXHIBIT 1
PAGE 17

MATTEL V.   RTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 56. | Advertising Review Form | September 10, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 57. | Investigative Log (Redacted)<br><br>M0074945 | September 20, 2004 | De Anda, Richard | --- | Investigative Log / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege<br><br>Attorney Work Product |
| 58. | Advertising Review Form | October 5, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 59. | Memo with Attachments | October 28, 2004 | Neumann, Jeanette | Tonche, Lila | Communication with and documents prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 60. | Advertising Review Form | October 28, 2004 | International & Regulatory Law Group | Luk, Isaac | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 61. | Email | November 3, 2004 | Tonche, Lila | McCarthy, Lori | Communication by legal counsel regarding commercials. | Attorney Client Privilege |

EXHIBIT 1
PAGE 18

20643P7_2.XLS

Page 11 of 13

MATTEL V.   ?TER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 62. | Typed Notes | November 5, 2004 | International & Regulatory Law Group | -- | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 63. | Email | October 28, 2005 | Thomas, Jill | De Anda, Richard | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 64. | Email | October 28, 2005 | Zeller, Michael T. | Thomas, Jill<br>De Anda, Richard<br>O'Connor, Brian | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 65. | Email | October 28, 2005 | Zeller, Michael T. | Thomas, Jill<br>De Anda, Richard<br>O'Connor, Brian | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 66. | Email | November 3, 2005 | Thomas, Jill | De Anda, Richard<br>O'Connor, Brian | Communication by legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 67. | Email | November 7, 2005 | De Anda, Richard | Ravelo, Oany | Communication reflecting communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |

Page 12 of 13

2064497_2.XLS

EXHIBIT ___1___

PAGE ___19___

**MATTEL V.   RTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

FEBRUARY 23, 2007

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 68. | Letter | November 8, 2005 | Ristuccia, Alphonse V. | Zeller, Michael T. | Communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |
| 69. | Letter | November 22, 2005 | Ristuccia, Alphonse V. | Krebs, Tania | Communication with legal counsel regarding former employee. | Attorney Client Privilege<br><br>Attorney Work Product |

Page 13 of 13

EXHIBIT ___1___

PAGE ___20___

2064397_2.XLS

# Exhibit 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3223

WRITER'S INTERNET ADDRESS
timalger@quinnemanuel.com

June 20, 2007

VIA FACSIMILE AND U.S. MAIL

Diana M. Torres, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111

Re:   Mattel, Inc. v. MGA Entertainment, Inc.

Dear Counsel:

Mattel inadvertently produced to MGA and Carter Bryant documents protected by the attorney-client and work product privileges. The documents bear the following Bates numbers: M 0075006, M 0075009-10, M 0075013, M 0075090, M 0075139-40, M 0075212, M 0075227, and M 0075229-30. In addition, a portion of M 0074372 was inadvertently not redacted. Pursuant to Section 13 of the Stipulated Protective Order, please promptly return to Mattel the original documents that Mattel produced to you and any and all paper copies that you have made of the documents. Further, please destroy any and all electronic copies of the documents that you have created. When you return the documents, please certify that you have included all paper copies of the documents in your possession and that you have destroyed all electronic copies. After receiving the documents from you, Mattel will immediately produce a replacement copy of M 0074372 that has been properly redacted. Mattel also will provide to you a revised privilege log identifying the aforementioned documents.

By letter of June 11, 2007, Mattel also requested that you return a document bearing Bates Nos. M 0075233-44 because it was inadvertently produced. We received a letter from Laura Heffley of O'Melveny & Myers on June 12, 2007, returning the original document and one duplicate, and certifying that all electronic copies were destroyed. We have not received a response from counsel for Bryant. By this letter, Mattel requests again that Bryant promptly return to Mattel

**EXHIBIT** _____2_____

**PAGE** _____2'_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 535 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Diana M. Torres, Esq.
Michael H. Page, Esq.
June 20, 2007
Page 2

the original document (along with those identified in the paragraph above) and all paper copies, and destroy any and all electronic copies.

Finally, we received a letter from Chris Nguyen of O'Melveny & Myers on June 15, 2007, requesting the return of MGA 0016989-90 and MGA 0016328-30. We will be forwarding those documents to you tomorrow, along with the appropriate certification of destruction.

Thank you for your cooperation. Please let me know if you have any questions.

Very truly yours,

Timothy L. Alger

EXHIBIT 2

PAGE 22

# Exhibit 3



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware
Corporation,

                    Plaintiff,

          v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                    Defendants.

CARTER BRYANT, on behalf of
himself, all present and former
employees of Mattel, Inc., and the
general public,

                    Counter-Claimant,

          v.

MATTEL, INC., a Delaware
Corporation,

                    Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE
ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

EXHIBIT __3__

PAGE __23__

07272/625581.2

PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

EXHIBIT ___3___

PAGE ___242-___

07272/625581.2

PROTECTIVE ORDER

1         (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4         (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8         (4)    Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12        WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18                     <u>SCOPE OF THIS ORDER</u>

19

20        1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23         (a)    through discovery;

24         (b)    in any pleading, document or other writing; or

25         (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

EXHIBIT ___3___

PAGE ___25___  -3-

                                                    PROTECTIVE ORDER

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     Documents or Things.     "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

EXHIBIT __3__

PAGE __26__ -4-

PROTECTIVE ORDER

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

EXHIBIT __3__

PAGE ____27____ -5-

PROTECTIVE ORDER

1    A Party or nonparty also may make the above-referenced designation of
2    confidentiality in writing and within fourteen (14) calendar days of the receipt
3    by said Party or nonparty of the transcript of said testimony. In that event, said
4    portion of the transcript will be treated as "CONFIDENTIAL" or
5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6    this Protective Order, except that it will not be separately bound. If, during the
7    course of deposition testimony, any Party or nonparty reasonably believes that
8    the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10   other than those persons entitled to receive such information pursuant to
11   paragraphs 5 and 6 hereof shall be excluded from the room in which the
12   deposition testimony is given.    Unless previously designated as
13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14   all transcripts of deposition testimony and any related exhibits, and all
15   information adduced in deposition, shall, in their entirety, be treated as
16   "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17   the transcript by counsel for the designating Party or nonparty. The Party or
18   nonparty designating the testimony or information as "CONFIDENTIAL" or
19   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20   (14) calendar day period described above, specifically designate information
21   contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23   designated as such, by notifying all Parties in writing of the portions of the
24   transcript or exhibit which contains such information. Each Party shall attach
25   a copy of such written statement to the face page of the transcript or exhibit
26   and to each copy in its or his possession, custody or control. Thereafter, these
27   portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

EXHIBIT ___3___

PAGE____2𝟧___-6-

PROTECTIVE ORDER

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

EXHIBIT ___3___

1    be fully subject to this Protective Order. No Party shall incur liability for any
2    disclosures made prior to notice of such designation, except to the extent that
3    any such disclosures occurred prior to the seven (7) day period described above
4    or prior to such other time periods as are provided by this Protective Order,
5    including without limitation such time periods as are provided in Paragraph
6    3(c) above.

7

8    RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

9

10       4.    Any Litigation Materials produced or disclosed in this Action,
11   whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --
12   ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such
13   information for purposes of litigation and not for any other purpose, including
14   without limitation for any business or trade purpose. As used herein, the term
15   "litigation" shall mean preparation for, participation in and prosecution and defense
16   of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in
17   connection with any mediation or other alternative dispute resolution procedure that
18   this or any other court may order or that the Parties may agree to.

19       5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by
20   the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be
21   disclosed to any person other than:

22           (a)    the attorneys for the Parties and their partners, shareholders,
23   associates, document clerks and paralegals who are necessary to assist such
24   attorneys;

25           (b)    secretaries, stenographers and other office or clerical
26   personnel employed by said attorneys and who are necessary to assist such
27   attorneys;

28

EXHIBIT __3__

PAGE __2O-8-__

PROTECTIVE ORDER

(c)   a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)   such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)   independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)   non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

EXHIBIT __3__

PAGE __22__ -10-

PROTECTIVE ORDER

1            (g)    professional court reporters engaged to transcribe

2    deposition testimony, professional videographers engaged to videotape

3    deposition testimony and translators.

4           7.    None of the following is bound by or obligated under this Order

5    in any respect and specifically are not bound or obligated to treat information

6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7    ONLY" in any particular manner: The Court hearing this Action (including the Court

8    having jurisdiction of any appeal), Court personnel, court reporters working for the

9    Court, translators working for the Court, or any jury impaneled in this Action.

10          8.    Other than those identified in Paragraph 7 above, each person to

11   whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13   Protective Order and agree to be bound by it before disclosure to such persons of any

14   such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15   not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17   certified that they have read this Protective Order and have manifested their assent

18   to be bound thereby by signing a copy of the Assurance of Compliance attached

19   hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20   it shall not be necessary for that person to sign a separate Assurance of Compliance

21   each time that person is subsequently given access to confidential material. Any

22   person who signed an Assurance of Compliance in connection with the Stipulation

23   for Protection of Confidential Information and Protective Order filed September 16,

24   2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26   shall, by virtue of his or her prior signature, be deemed to have signed the attached

27   Assurance of Compliance.

28

EXHIBIT __3__

PAGE __33__  -11-

PROTECTIVE ORDER

1       9.    The failure of any Party to object to the designation of

2 information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

3 ONLY" shall not be deemed an admission that such information qualifies for such

4 designation.

5       10.   If any Party wishes to have any information, document or

6 testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

7 EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from

8 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the

9 Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.

10 If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either

11 Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the

12 matter in accordance with the Local Rules. Unless and until this Court enters an

13 Order changing the designation of the information, it shall be afforded the treatment

14 prescribed in this Protective Order for its designation.

15      11.   Nothing contained in this Protective Order shall restrict or prevent

16 any Party or nonparty from disclosing or otherwise using its or his own Litigation

17 Materials which that Party or nonparty produces or discloses in this action.

18      12.   The inadvertent or unintentional disclosure by a producing Party

19 or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

20 ONLY" Litigation Materials during the course of this litigation, regardless of whether

21 the information was so designated at the time of disclosure, shall not be deemed a

22 waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either

23 as to the specific information disclosed or as to any other information relating thereto

24 or on the same or related subject matter. Counsel for the Parties and/or nonparties

25 shall in any event, to the extent possible, upon discovery of inadvertent error,

26 cooperate to restore the confidentiality of the "CONFIDENTIAL" or

27 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently

28 or unintentionally disclosed.

EXHIBIT __2__

PAGE __34__  -12-

PROTECTIVE ORDER

1    13.    If a Party or nonparty through inadvertence produces or provides
2   discovery that it, he or she believes is subject to a claim of attorney-client privilege
3   or work product immunity, the producing Party or nonparty may give written notice
4   to the receiving Party that the document is subject to a claim of attorney-client
5   privilege or work product immunity and request that the document be returned to the
6   producing Party or nonparty.  The receiving Party shall promptly return to the
7   producing Party or nonparty the inadvertedly disclosed document and all copies of
8   such document. Return of the document by the receiving Party shall not constitute
9   an admission or concession, or permit any inference, that the returned document is,
10  in fact, properly subject to a claim of attorney-client privilege or work product
11  immunity, nor shall it foreclose any Party from moving the Court for an Order that
12  such document has been improperly designated or should be producible for reasons
13  other than a waiver caused by the inadvertent production.

14    14.    Nothing contained in this Protective Order shall affect the right
15  of any Party or nonparty to make any objection, claim any privilege, or otherwise
16  contest any request for production of documents, interrogatory, request for admission,
17  or question at a deposition or to seek further relief or protective orders from the Court
18  in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>.
19  Nothing in this Protective Order shall constitute an admission or waiver of any claim
20  or defense by any Party.

21

22         <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

23

24    15.    Except when the filing under seal is otherwise authorized by
25  statute or federal rule, the Parties shall seek the Court's prior approval for the filing
26  under seal of pleadings and other documents containing properly designated
27  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
28  information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

EXHIBIT ___

PAGE ___25___

07272/625581.2                                   -13-

PROTECTIVE ORDER

1   Rule may be amended from time to time. Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15              THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17              16.   If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT ____3____

07272/625581.2

PAGE ____36____   -14-

PROTECTIVE ORDER

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2  material.

## DISCOVERY FROM NONPARTIES

6      17.    Discovery of nonparties may involve receipt of information,
7  documents, things or testimony which include or contain "CONFIDENTIAL" or
8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A
9  nonparty producing such material in this case may designate as "CONFIDENTIAL"
10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11 produces in the same manner provided for in this Protective Order with respect to
12 material furnished by or on behalf of the Parties.  Any Party may also designate as
13 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14 materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16 Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17 nonparty has also so designated.  In addition, a nonparty may also designate as
18 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19 materials or information produced by a Party that constitute "CONFIDENTIAL" or
20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21 nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22 producing Party has also so designated.  In either such an event, the designation
23 providing for the greater level of protection for the material information shall control,
24 subject to Paragraph 10 of this Protective Order.  Nonparty materials designated
25 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26 nonparty or Party shall be governed by the terms of this Protective Order.

EXHIBIT ___3___

PAGE ___37___     -15-

07272/625581.2                                                    PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the

2 | rules of the Court.

3 |

4 | **IT IS SO STIPULATED.**

5 |

6 | DATED: December 22, 2004          QUINN EMANUEL URQUHART
   |                                   OLIVER & HEDGES, LLP
7 |

8 |
   |                                   By _____
9 |                                      Jon Corey
   |                                      Attorneys for Plaintiff
10 |                                     Mattel, Inc.

11 |
   | DATED: December ___, 2004          LITTLER MENDELSON
12 |

13 |                                    By _____
   |                                       Douglas A. Wickham
14 |                                      Attorneys for Defendant
   |                                      Carter Bryant
15 |

16 | DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17 |

18 |                                    By _____
   |                                       Diana M. Torres
   |                                      Attorneys for Interventor-Defendant
19 |                                     MGA Entertainment, Inc.

20 |

21 |        **IT IS SO ORDERED.**

22 |

23 | DATED: ___1/4/05___

24 |                                        ROBERT N. BLOCK
   |                                    THE HONORABLE ROBERT N. BLOCK
   |                                     United States Magistrate Judge
25 |

26 |

27 |

28 |

EXHIBIT   3

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3
4       IT IS SO STIPULATED.
5
6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
7                                     OLIVER & HEDGES, LLP
8
9                                     By_____
                                        Jon Corey
10                                      Attorneys for Plaintiff
                                        Mattel, Inc.
11
12  DATED: December 2/, 2004          LITTLER MENDELSON
13                                     By_____
14                                      Douglas A. Wickham
                                        Attorneys for Defendant
15                                      Carter Bryant
16  DATED: December ___, 2004         O'MELVENY & MEYERS, LLP
17
18                                     By_____
                                        Diana M. Torres
19                                      Attorneys for Intervenor-Defendant
                                        MGA Entertainment, Inc.
20
21      IT IS SO ORDERED.
22
23  DATED: _____
24                                     THE HONORABLE ROBERT N. BLOCK
25                                     United States Magistrate Judge
26
27
28

07272/625581.2                         -17-
                                                      PROTECTIVE ORDER

EXHIBIT 3

PAGE 40

1    Stipulation and Protective Order pursuant to a motion brought in accordance with the

2    rules of the Court.

3

4        **IT IS SO STIPULATED.**

5

6    DATED: December ___, 2004        QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
7

8

9                                     By
                                         Jon Corey
10                                       Attorneys for Plaintiff
                                         Mattel, Inc.
11

12   DATED: December ___, 2004        LITTLER MENDELSON

13                                    By
                                         Douglas A. Wickham
14                                       Attorneys for Defendant
                                         Carter Bryant
15

16   DATED: December ___, 2004        O'MELVENY & MEYERS, LLP

17

18                                    By
                                         Diana M. Torres
19                                       Attorneys for Intervenor-Defendant
                                         MGA Entertainment, Inc.
20

21        **IT IS SO ORDERED.**

22

23   DATED: _____

24                                    THE HONORABLE ROBERT N. BLOCK
                                      United States Magistrate Judge
25

26

27

28

07272/625581.2                        -17-
                                                              PROTECTIVE ORDER

EXHIBIT ___3___

PAGE ___41___

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

EXHIBIT ___

PAGE ___

07272/625581.2

PROTECTIVE ORDER

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA     )
COUNTY OF LOS ANGELES   )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

EXHIBIT 3

PAGE 43

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Diana M. Torres, Esq.
O'Melveney & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA 30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

EXHIBIT 3

PAGE 44

# Exhibit 4

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MICHAEL H. PAGE
MPAGE@KVN.COM

June 25, 2007

**VIA FACSIMILE**

Timothy L. Alger
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:   *Mattel, Inc. v. MGA Entertainment, Inc.*

Dear Tim:

I returned to my office Friday to find your letter of Wednesday evening regarding inadvertently produced documents. The majority of those documents appear to relate to matters between Mattel and MGA (specifically, the investigation regarding Mr. Brawer), and while we therefore express no opinion as to whether they are either privileged or inadvertently produced, we will happily destroy or return them.

We must, however, decline your request as to one document, M0074372. As you may not be aware, this particular, one-page document is already the subject of current motion practice concerning the propriety of the existing redactions to it. Having (1) reviewed it initially for the purpose of redacting it, (2) met and conferred over the propriety of those redactions, (3) fully briefed the question whether the redacted portion is in fact privileged, and (4) submitted the unredacted document to Judge Infante over a month ago, it seems quite a bit too late to claim inadvertence. Moreover, the document has been used as an exhibit in at least one deposition without objection. Finally, having reviewed the document, I fail to see what additional portions of the document could possibly be subject to privilege in the first instance.

We will, however, agree not to disseminate that document further pending Judge Infante's ruling on its status, and are happy to consider any further argument you may have on this issue.

Very truly yours,

Michael H. Page

MHP/nsn
cc:   James P. Jenal

397056.01

EXHIBIT _____4_____

PAGE _____45_____

MATCOR022641

# Exhibit 5

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3223

WRITER'S INTERNET ADDRESS
timalger@quinnemanuel.com

June 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111

Re:     Mattel, Inc. v. MGA Entertainment, Inc.

Dear Michael:

We received your letter of June 25, 2007, relating to Mattel's request for the return of inadvertently produced documents that are protected by attorney-client privilege and the work product doctrine.

On January 4, 2005, Magistrate Judge Robert N. Block entered a Stipulated Protective Order that states, at paragraph 13:

> If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 355 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2424
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-3336

07975/2152980.1

Michael H. Page, Esq.
June 26, 2007
Page 2

This provision *requires* return of documents requested by the producing party, and does not give the receiving party the discretion to "decline" such a request. This provision also precludes any argument by Bryant that the inadvertent disclosure constituted waiver. Failure to return a requested document is a violation of a court order.

Accordingly, Mattel again requests the immediate return of documents bearing the following Bates numbers: M 0074372, M 0075006, M 0075009-10, M 0075013, M 0075090, M 0075139-40, M 0075212, M 0075227, and M 0075229-30. Further, Mattel again requests that you destroy any and all electronic copies of the documents that you have created. When you return the documents, please certify that you have included all paper copies of the documents in your possession and that you have destroyed all electronic copies. After receiving the documents and certification from you, Mattel will immediately produce a replacement copy of M 0074372 that has been properly redacted, as discussed in my letter of June 20, 2007.

Thank you for your cooperation. Please let me know if you have any questions.

Very truly yours,

Timothy L. Alger

cc: Diana M. Torres, Esq.

EXHIBIT 5

PAGE 47

# Exhibit 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3223

WRITER'S INTERNET ADDRESS
timalger@quinnemanuel.com

July 20, 2007

**VIA FACSIMILE AND U.S. MAIL**

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California  94111

Re:    Mattel, Inc. v. MGA Entertainment, Inc.

Dear Mike:

On June 20, 2007, Mattel requested the return of certain documents that are protected by the attorney-client privilege and work product doctrine.  Among them was M 0074372, which inadvertently was not redacted to remove a reference to client communications with counsel and description of work performed by Mattel security at the direction of counsel.  John Trinidad of your office certified that the other documents were destroyed, but you declined in a letter dated June 25, 2007 to return M 0074372.  We met-and-conferred (along with Jim Jenal, representing MGA), on July 11, 2007.  You expressed the position that while the document might have been inadvertently produced, Mattel's delay in seeking its return and redaction was a subsequent waiver that made Section 13 of the Stipulated Protective Order inapplicable.  We also discussed Mattel's proposed redaction and an alternative redaction proposed by you.

We have considered the matter and remain of the view that return of the document at Mattel's request, so it can be properly redacted, is *required* by Section 13.  Please return the document, and certify the destruction of all copies, and we will provide you with a new copy of M 0074372 with appropriate redactions.  Alternatively, provide us with legal authority supporting defendants' position, which we will consider.  We request either the return of the document and the certification of destruction, or the authority supporting your position, within seven days.

EXHIBIT _____6_____

PAGE _____48_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Michael H. Page, Esq.
July 20, 2007
Page 2

We look forward to hearing from you.

Very truly yours,

Timothy L. Alger

cc:   James P. Jenal, Esq.

EXHIBIT _____ 6 _____

PAGE _____ 49 _____

# Exhibit 7

RECEIVED

JUL 0 9 2007

# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

OUR FILE NUMBER
527436-8

WRITER'S DIRECT DIAL
(213) 430-6284

WRITER'S E-MAIL ADDRESS
dhurwitz@omm.com

July 6, 2007

## VIA U.S. MAIL

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, CA 90017

Re:   *Bryant v. Mattel, Inc.* Case No. CV04-09049 SGL (RNBx)
(consolidated with CV 04-9059 & 05-2727)

Dear Tim:

Pursuant to your letter request of June 20, 2007, enclosed are documents Bates numbered M0074372; M0075006; M0075009-10; M0075013; M0075090; M0075139-40; M0075212; M0075227; and M00755229-30 which we are returning to you pursuant to Paragraph 13 of the Stipulated Protective Order. By returning these documents, MGA does not admit or concede that any of these documents are properly subject to a claim of attorney-client privilege or work product immunity, or that Mattel has not waived any such claim. This same proviso applies to our prior return of document Bates numbered M0075233-44.

We will have to confirm at a later date that we have returned or destroyed all paper and electronic copies of these documents as we are searching our files to retrieve all copies.

In addition, following up on our meet and confer concerning the subpoena *duces tecum* on Lambda Investigations, please confirm in writing that all work performed by Lambda for Mattel on any of the topics specified in the subpoena was done at the direction of counsel.

Very truly yours,

David I. Hurwitz
for O'MELVENY & MYERS LLP

Enclosures
cc: Michael Page, Esq. (w/o enclosures)
LA2:835095.1

EXHIBIT ___γ___

PAGE ___50___

# Exhibit 8

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6                          UNITED STATES DISTRICT COURT

7                          CENTRAL DISTRICT OF CALIFORNIA

8                                  EASTERN DIVISION

9

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12            Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15            Defendant.                   **ORDER RE IN CAMERA REVIEW OF
                                           GLOBAL SECURITY FILES**
16

17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22                              I. INTRODUCTION

23      On May 15, 2007, Mattel, Inc. ("Mattel") submitted for *in camera* review fourteen

24  documents from Mattel's Global Security files that were redacted or withheld from production on

25  the grounds of the attorney-client privilege and the work product doctrine.  Mattel also submitted

26  a privilege log and the declaration of Richard De Anda in support of its claims of privilege.

27  Having reviewed the documents, privilege log and declaration of Mr. De Anda, Mattel's claims of

28  Bryant v. Mattel, Inc.,                                                        1
    CV-04-09049 SGL (RNBx)

                                    EXHIBIT _____8_____

                                    PAGE _____51_____

1    privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69,

2    and overruled as to privilege log entries 32 and 50..

3                                      II. DISCUSSION

4    A. Claims Based Upon Work Product Doctrine

5           Although Mattel withheld the disputed documents based upon both the attorney-client

6    privilege and work product doctrine, Mr. De Anda's declaration addresses only the elements of

7    the attorney-client privilege.  He does not assert that any of the fourteen documents in dispute

8    were prepared in anticipation of litigation.  Decl. of Mr. De Anda at ¶7.  Therefore the claims of

9    privilege based upon the work product doctrine are overruled as to all of the fourteen documents

10   in dispute.

11   B. Claims Based Upon Attorney-Client Privilege

12          Mattel claims that each of the fourteen documents at issue is protected by the attorney-

13   client privilege.  The attorney-client privilege protects an attorney's communication of legal

14   advice to his client, as well as the client's communication of information to the attorney "to

15   enable him to give sound and informed advice."  Upjohn Co. v. United States, 449 U.S. 383, 390

16   (1981).  The protection extends only to communications; however, it does not extend to the facts

17   underlying privileged communications.  Id. at 395-96.  The Ninth Circuit has described the

18   elements of the attorney-client privilege as follows: "(1) When legal advice of any kind is sought

19   (2) from a professional legal adviser in his or her capacity as such, (3) the communications

20   relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance,

21   permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the

22   protection be waived."  United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002).  The party

23   asserting the privilege has the burden of establishing that the privilege applies to a particular

24   document or set of documents.  In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir.

25   1992).

26          When a party withholds information otherwise discoverable under the Federal Rules of

27   Civil Procedure by claiming that it is privileged or subject to protection as trial preparation

28   material, "the party shall make the claim expressly and shall describe the nature of the documents,

EXHIBIT _____ 8

PAGE _____ 52

2

communications, or things not produced or disclosed in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the applicability of

the privilege or protection." Fed.R.Civ.P. 26(b)(5).

Mr. De Anda states in his declaration that  privilege log entries 29, 33, 35, 50, 51, 57, 63,

64, 65, 66, and 67 "constituted or recorded confidential communications between me and either

in-house counsel for Mattel or outside counsel for Mattel in which counsel conveyed to me legal

advice." Decl. of Mr. De Anda at ¶7.  A review of the documents confirms Mr. De Anda's

representations as to all of these privilege log entries, except entry 50.  Privilege log entry 50 is an

"investigative log," which Mattel produced in redacted form. The portion that has been redacted

consists of a one line entry which indicates that Mr. De Anda may have had a meeting with

certain individuals at Mattel, including Mattel's in-house counsel.  The one line entry does not

contain the substance of any communication whatsoever, much less the substance of a

confidential attorney-client privileged communication.  Accordingly, Mattel's claims of attorney-

client privilege are sustained as to privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, and 67,

and overruled as to privilege log entry 50.

Mr. De Anda states in his declaration that the e-mail identified as privilege log entry 32

"was a confidential communication between Mr. Cassidy Park, a Mattel employee, and in-house

counsel for Mattel." Decl. of Mr. De Anda at ¶7.  Mattel produced privilege log entry 32 in

redacted form.  The redacted portion consists of a single line, "FYI, attached is Mercedeh's

resume." Mattel has failed to establish that this single line of text is a confidential attorney-client

communication for the purpose of giving or receiving legal advice.  Therefore, Mattel's claim of

privilege is overruled as to privilege log entry 32.

The last two documents in dispute are privilege log entries 68 and 69.  Mr. De Anda states

in his declaration that entries 68 and 69 "are communications from a private investigator to

outside counsel for Mattel relating to work that investigator performed at counsel's request."

Decl. of Mr. De Anda at ¶7.  There are circumstances under which communications between a

client's attorney and a third party who assists the attorney in rendering legal advice are protected

by the attorney-client privilege.  See e.g. U.S. v. Kovel, 296 F.2d 918 (2nd Cir. 1961).  It appears

EXHIBIT _____ 8

PAGE _____ 53

3

1  these transmittal letters were communications made for the purpose of giving legal advice.

2  Therefore, Mattel's claims of privilege are sustained as to privilege log entries 68 and 69.

3  <center>IV. CONCLUSION</center>

4       For the reasons set forth above, Mattel's claims of work product are overruled as to all of

5  the fourteen documents in dispute.  Mattel's claims of attorney-client privilege are sustained as to

6  privilege log entries 29, 33, 35, 51, 57, 63, 64, 65, 66, 67, 68, and 69, and overruled as to

7  privilege log entries 32 and 50.  Mattel shall produce privilege log entries 32 and 50 without

8  redactions within ten 10 days.

9       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

10  Master, Mattel shall file this Order with the Clerk of Court forthwith.

11

12  Dated: July _10_, 2007

13                            HON. EDWARD A. INFANTE (Ret.)
                            Discovery Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___8___

PAGE ___54___

4

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on July 11, 2007,
I served the attached ORDER RE IN CAMERA REVIEW OF GLOBAL SECURITY FILES
in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on July 11, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___8___

PAGE ___55___

# Exhibit 9



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | | SHANGHAI |
| HONG KONG | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

August 1, 2007

**VIA FACSIMILE AND MAIL**

Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, California 90017

OUR FILE NUMBER
527436-4

WRITER'S DIRECT DIAL
(213) 430-7274

WRITER'S E-MAIL ADDRESS
mfeinstein@omm.com

Re:   *Mattel v. Bryant -- Inadvertently Produced Documents*

Dear Tim:

I am writing to request a meet and confer regarding MGA's contemplated motion to compel Mattel to re-produce certain investigation documents that Mattel claims are privileged and further claims were inadvertently produced on February 23, 2007.

In three separate letters dated June 11, June 20, and July 18, 2007, Mattel requested that MGA return[1] the following documents pursuant to section 13 of the Stipulated Protective Order: M0074372, M0074477, M0074478, M0075006, M0075009, M0075010, M0075013, M0075090, M0075139, M0075140, M0075212, M0075227, M0075229, M0075230, and M0075233-M0075244. Mattel claims that these documents are protected by the attorney-client and/or work product privileges and were inadvertently produced.

MGA disputes Mattel's privilege claims as to each of the above documents. Even if the documents were initially privileged, MGA asserts that Mattel waived such protection. The circumstances of Mattel's production of these documents and belated recall of them shows that Mattel's production of the documents was not inadvertent and that the documents were either not privileged or the privilege was waived. Mattel produced this group of documents only after MGA had moved to compel the production of Mattel's investigative file, notwithstanding that Mattel had the right to withhold and did withhold documents based on a privilege assertion.

After the original production, Mattel agreed to remove the "Attorneys' Eyes Only" designation from these documents without objecting that the documents were privileged and making a request for their return. As to one of the documents, M0074372, Mattel failed to assert a privilege claim when that document was filed with the Discovery Master and the Court in

---

[1] In your letter of June 20, you requested that we return M0074372 because it was inadvertently not redacted, and stated that "Mattel will immediately produce a replacement copy of M0074372 that has been properly redacted."

EXHIBIT ___9___

PAGE ___56___

O'MELVENY & MYERS LLP
Timothy Alger, Esq., August 1, 2007 - Page 2

support of MGA's Motion to Compel, and failed again to object when the same document was used as an exhibit in the deposition of Alan Kaye.

MGA anticipates filing a motion to compel the production of all of these documents, including the original redacted version of M0074372. Accordingly, MGA requests a meet and confer to review each of the above documents and to discuss Mattel's basis for asserting either the attorney-client privilege, the work product privilege, or both, and to discuss issues relating to Mattel's waiver of the privilege.

We request that at the meet and confer, Mattel be prepared to address the following questions related to the proposed motion: who was involved in the privilege review of these documents? How were the documents produced inadvertently as Mattel contends? Why did Mattel raise no issue with the production when documents surfaced at various points as mentioned above? What specific events led Mattel to request that the documents be returned?

Please let us know when Mattel is available to meet and confer within the time required by the Discovery Master Stipulation.

Sincerely,

*Marc Feinstein*

Marc Feinstein
of O'MELVENY & MYERS LLP

cc:    David Hurwitz
       Yvonne Garcia

EXHIBIT _____9_____

PAGE _____57_____

# Exhibit 10

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL· (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 17, 2007

## VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

I write regarding document M 0074372 (Item No. 51 on Mattel's privilege log), which was initially produced by Mattel on February 23, 2007 (in redacted form) but later returned to Mattel under the "claw back" provision of the Stipulated Protective Order so that additional redactions could be made.  By letter dated June 20, 2007, Mattel promised to "immediately produce a replacement of [this document]" after it had been "properly redacted."  Without conceding that any additional redaction would be proper, we ask that you fulfill your agreement and re-produce this document immediately, as we are unable to locate it in our files.

Please let me know if you have any questions concerning the above.

Sincerely,

Marcus R. Mumford

cc:  Christa M. Anderson

EXHIBIT ____10____

PAGE ____58____

# Exhibit 11

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# Exhibit 12

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# Exhibit 13

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# Exhibit 14

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# Exhibit 15

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# Exhibit 16

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# Exhibit 17

Feb-04-2008  05:16pm   From-SASMF                                    2136875800              T-445   P.002/003   F-040

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

February 4, 2008

**VIA FACSIMILE**

Timothy L. Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

RE:    *Mattel, Inc. v. Bryant*

Dear Timothy:

I write in response to your January 31, 2008 letter concerning document M0073472. Before responding in substance, I must address the circumstances surrounding what you've described as MGA's purportedly improper use of that document.

On December 17, 2007, I sent a letter to Jon Corey indicating that we were unable to locate any further-redacted version of M0073472 that Mattel was going to re-produce. Your firm never responded to my letter and indeed has since acknowledged that the status of the document and the additional redactions you made to it may have been "a little bit unclear." (*See* Simoneau Tr. at 99;17-105:20 (rough).)

On December 19, 2007, MGA deposed Richard De Anda, Mattel's Vice President of Global Security and Investigations. Mr. Corey and Mattel in-house counsel Jill Thomas were representing Mr. De Anda and Mattel. At the deposition, MGA introduced M0073472 as part of a larger exhibit that had previously been introduced into evidence at the deposition of Alan Kaye. Neither Mr. Corey nor Ms. Thomas objected to our use of the document. Concerning the "7/22/03" entry that you redacted in the most recent iteration of the document, Mr. De Anda testified that he wrote the entry, it concerned research of Bryant's address, and Jill Thomas was present at his deposition. (De Anda Tr. at 313:10-314:4.)

EXHIBIT  17

PAGE  301

Feb-04-2008  05:16pm   From-SASMF                                    2136875600              T-445   P:003/003   F-040

Timothy L. Alger, Esq.
February 4, 2008
Page 2

Given these facts, as well as those documented by Michael Page of Keker & Van Nest by letter dated June 25, 2007 and by Marc Feinstein of O'Melvany & Myers on August 1, 2007, we believe any privilege with respect to the newly redacted potion of M0073472 has been waived. We consequently ask you to reconsider your request that we replace all versions of M0073472 with the version attached to your January 31, 2008 letter.

To the extent that you do not reconsider your request, please inform me of your availability to meet and confer regarding the propriety of the redactions that you made in the version of M0073472 attached to your letter, as they do not reflect those made by Mattel on the record at the deposition of Robert Simoneau.

I look forward to your prompt response.

Sincerely,

Marcus R. Mumford

cc: Michael H. Page, Esq.
    Mark E. Overland, Esq.

EXHIBIT 17

PAGE 302

# Exhibit 18

**Timothy Alger**

| | |
|---|---|
| **From:** | Timothy Alger |
| **Sent:** | Wednesday, February 20, 2008 11:57 AM |
| **To:** | 'Mumford, Marcus R' |
| **Subject:** | Document M 0073472 |

Marcus,

Thank you for your letter of February 4, which responded to my letter of January 31, 2008. My letter requested that we meet-and-confer under the discovery master stipulation, but you did not respond to that, and you instead requested that I reconsider my request for the return of M 0073472. Please let me know when we can meet-and-confer in anticipation of a motion to compel by Mattel. I propose that we meet and confer tomorrow afternoon, after counsel complete the conference re pending motions ordered by Judge Infante, or set something up for Friday morning.

Tim

EXHIBIT _____ 19

PAGE _____ 303

2/27/2008

# Exhibit 19

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER