QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>DECLARATION OF JILL THOMAS IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA AND CARTER BRYANT TO RETURN PRIVILEGED DOCUMENT AND FOR PROTECTIVE ORDER<br><br>Date: T.B.D.<br>Time: T.B.D.<br>Place: T.B.D.<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

DECLARATION OF JILL THOMAS

# DECLARATION OF JILL THOMAS

I, Jill Thomas, declare as follows:

1. I make this declaration in support of Mattel Inc.'s Motion to Compel MGA and Carter Bryant to Return Privileged Document and for Protective Order. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I have been a Mattel employee since 1996. I am currently Assistant General Counsel in Mattel, Inc.'s Law Department.

3. By making this declaration, as Mattel's legal counsel, I hereby expressly reserve all rights, duties and privileges on behalf of Mattel and myself under the applicable law of California and federal law, including, but not limited to, California Evidence Code sections 950 – 962, Federal Rule of Evidence 501 and California Business Professions Code section 6068(e), which requires that I "maintain inviolate the confidence, and at every peril to [me], to preserve the secrets of [my] client."

4. Submitted to the Discovery Master under separate cover, for *in camera* review, is a true and correct copy of a redacted document bearing Bates No. M 0074372 (the "Document").

5. A true and correct copy of the Document with a privileged entry dated "7/22/03" redacted is attached to the Declaration of Timothy L. Alger.

6. I understand that Richard de Anda, Vice President of Mattel's Global Security and Investigations Department, prepared the Document. The Document includes an entry dated "7/22/03" that I understand Mr. de Anda made after I spoke with him on or about that date. To provide legal advice to Mattel, I, acting solely in my legal capacity, not in a business capacity, instructed Mr. de Anda to obtain certain factual information for me in connection with a pending litigation, Gunther Wahl Productions, Inc. v. Mattel, Inc., Case No. BC 269746. Mr. de Anda's "7/22/03" entry memorializes the task that I gave to him.

7.   Carter Bryant is a former Mattel employee. He was not in the employ of Mattel in July 2003, when I spoke with Mr. de Anda. He was a witness in the <u>Gunther Wahl</u> litigation and testified in a deposition on or about September 9, 2003. Mr. de Anda created the "7/22/03" entry after the commencement of the <u>Gunther Wahl</u> litigation. I had no business reason to request Mr. de Anda to collect the factual information and Mr. de Anda had no business reason to create the "7/22/03" entry.

         8.   The Document was maintained in confidence in Mattel's Global Security and Investigations Department, and was not disclosed to any person other than lawyers representing Mattel until the Document was inadvertently produced in an unredacted state in this litigation, as part of a production of many thousands of other documents. Mattel has not intentionally waived, or intended to waive, at any time either the attorney-client privilege or attorney work-product protection with respect to the "7/22/03" entry in the Document.

         9.   The Document, in an only partially redacted state, was used as an exhibit during the deposition of Mr. de Anda on December 19, 2007. I attended that deposition. I was aware that the Document had been subject of a demand by Mattel for its return following inadvertent production, and that counsel for the parties had discussed further redactions to the Document as a possible resolution of the matter. However, I did not know whether or, if so, how the issue had been concluded, and for that reason I did not speak up during the deposition.

         I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

         Executed on February 22, 2008, at Los Angeles County, California.

                                                    _____
                                                    Jill Thomas