1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000 / Facsimile: (213) 687-5600
   E-mail:     tnolan@skadden.com
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, 38th Floor
6  San Francisco, California 94111-5974
   Telephone: (415) 984-6400 / Facsimile: (415) 984-2698
7  E-mail:     rkennedy@skadden.com

8  Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA
9  Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. De C.V.,
10 and ISAAC LARIAN

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14 CARTER BRYANT, an            )  CASE NO. CV 04-9049 SGL (RNBx)
   individual                  )
15                             )  Consolidated with Case No. 04-9059
                  Plaintiff,   )  and Case No. 05-2727
16                             )
        v.                     )  **DISCOVERY MATTER**
17                             )
   MATTEL, INC., a Delaware     )  **[To be heard by Discovery Master Hon.**
18 corporation                 )  **Edward A. Infante (Ret.)]**
                               )
19                Defendant.   )  **MGA ENTERTAINMENT, INC.'S**
   _____)  **MEMORANDUM OF POINTS AND**
20 Consolidated with MATTEL,   )  **AUTHORITIES IN OPPOSITION TO**
   INC. v. BRYANT and MGA      )  **MATTEL, INC.'S SUPPLEMENTAL**
21 ENTERTAINMENT, INC. v.      )  **MOTIONS TO COMPEL (1) PRODUCTION**
   MATTEL, INC.                )  **OF PREVIOUSLY WITHHELD**
22                             )  **DOCUMENTS ONLY PORTIONS OF**
                               )  **WHICH ARE ALLEGEDLY PRIVILEGED,**
23 _____)  **(2) PRODUCTION OF DOCUMENTS**
                                  **REFLECTING TRADEMARK SEARCH**
24                                **RESULTS AND OTHER FACTUAL**
                                  **INFORMATION AND (3) PRODUCTION**
25                                **OF DOCUMENTS WITHHELD UNDER A**
                                  **CLAIM OF "COMMON INTEREST"**
26                                **EXCEPTION**

27                                Hearing Date: March 10, 2008
                                  Time:         8:30 a.m.
28                                Place:        Telephonic

---

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

MEMORANDUM OF POINTS AND AUTHORITIES ........................................1

I.     PRELIMINARY STATEMENT ....................................................................1

II.    STATEMENT OF FACTS ..........................................................................4

III.   ARGUMENT................................................................................................7

     A.    Mattel's Categorical Objections to MGA's Privilege Logs Are Improper ..........................................................................................7

     B.    Mattel's Supplemental Motion to Compel Previously Withheld Documents Should Be Denied .......................................................8

     C.    Mattel's Supplemental Motion for Order Compelling Production of Trademark Search Results, Date of First Use Information and Other "Factual" Data Is Without Merit................................................9

     D.    Mattel's Supplemental Motion to Compel Production of Third Party Communications Withheld Under a Claim of Common Interest Should Be Denied ...............................................................12

     E.    Mattel's Supplemental Motions to Compel Should Be Denied Because Mattel Failed to Engage in a Proper Meet and Confer Before Filing the Motions ...............................................................13

IV.   CONCLUSION .........................................................................................14

**MEMORANDUM OF POINTS AND AUTHORITIES**

Counter-defendant MGA Entertainment, Inc. ("MGA") respectfully submits this opposition to the following "supplemental" motions filed by Mattel: (A) Supplemental Notice of Motion and Memorandum in Support of Mattel, Inc.'s Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged ("Supp. Motion Re Previously Withheld Documents"); (B) Supplemental Notice of Motion and Memorandum in Support of Mattel, Inc.'s Motion for Order Compelling Production of Withheld MGA (1) Trademark Search Results, (2) Date of First Use Information, and (3) Factual Data Communicated for the Purpose of Filing Trademark or Other Intellectual Property Applications ("Supp. Motion Re Trademark Search Results"); and (C) Supplemental Notice of Motion and Memorandum in Support of Mattel, Inc.'s Motion Compelling Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege ("Supp. Motion Re Third Party Communications") (collectively, "supplemental motions"), each filed on February 5, 2008.

## I.   PRELIMINARY STATEMENT

Nearly two weeks after filing its initial Motions to Compel regarding privilege logs that were produced by MGA in August and September 2007, and one week after the Phase I fact discovery cut-off, Mattel purported to file three new "supplemental motions" raising for the first time issues regarding hundreds of new documents on privilege logs produced by MGA on January 25, 28 and 30, 2008 (the "January privilege logs").  Mattel complains that these logs have the "same deficiencies" as the logs previously produced by MGA and that MGA should be ordered to produce various categories of documents listed on the logs.  Mattel apparently believes that its supplemental motions "relate back" to its previously filed motions to compel and

1  therefore are not governed by the January 28, 2008 Phase I discovery cutoff

2  deadline.[1]

3           Mattel's motions should be denied for three reasons.

4           First, as is the case with Mattel's pending motions to compel, Mattel

5  improperly seeks a generic ruling that whole categories of documents are not

6  privileged.[2]  However, the Discovery Master has previously noted that privilege

7  claims cannot be resolved in the abstract but must take into account all the

8  surrounding facts and circumstances.  (Declaration of José R. Allen in Support of

9  MGA's Memoranda of Points and Authorities in Opposition to Mattel's Motions to

10 Compel (1) Previously Withheld Documents, (2) Documents Protected by the

11 Common Interest Privilege and (3) Documents Containing Trademark and Other

12 "Factual" Data ("Allen Decl.") ¶ 20, Ex. 16 (Tr. of Jan. 3, 2008 Hearing at 53:17-

13 54:2).)  This evaluation requires a particularized review of each of the documents at

14 issue and cannot be performed on a generic basis as Mattel has attempted to do.

15 Therefore, Mattel's attempt to obtain an abstract ruling on MGA's privilege claims

16 should be rejected.

17          Second, Mattel's complaints about the January privilege logs are without merit.

18 With regard to Mattel's assertion that MGA has improperly withheld documents in

19 their entirety that should have been produced in redacted form, the fact is that MGA

20

21 [1]      The Local Rules of the Central District of California have no provision for the
22 filing of "supplemental" motions and therefore it is questionable whether Mattel's
   motions are properly before the Court.  In addition, as discussed below, Mattel did
23 not meet and confer with MGA before filing its supplemental motions, in violation
   of Local Rule 37-7 and the Stipulation for Appointment of a Discovery Master and
24 Order.  In light of the Discovery Master's order that the parties meet and confer over
   all pending motions, and in the hope that some of the disputes between the parties
25 might be resolved or narrowed as a result of the meet and confer, MGA decided it
   made sense to wait until the conclusion of the Court-ordered conference to file its
26 opposition to the supplemental motions.  Unfortunately, the parties were unable to
   resolve their differences at the meet and confer conference and MGA has therefore
27 filed this opposition.
   [2]      Both Mattel's original and supplemental motions briefly discuss cherry-picked
28 examples of the documents at issue and then merely refer to hundreds of additional
   documents with "similar deficiencies" in footnotes without any further discussion.

1   has produced two separate logs for its October productions – one listing documents
2   that have been withheld in their entirety and the second listing documents produced
3   in redacted form.  MGA has also produced, and continues to produce, documents in
4   whole or redacted form from its January 2008 privilege logs.  In connection with
5   MGA's document productions in October 2007 alone, MGA produced almost 1,200
6   documents to Mattel in redacted form.  That is in addition to approximately fifty
7   documents produced in redacted form in February 2008.  In fact, more than one
8   hundred of the documents Mattel alleges in its supplemental motions that MGA
9   withheld in their entirety have already been produced to Mattel in redacted form or
10  will be produced in redacted form, while others will be produced in their entirety.
11  Therefore, Mattel's claim that MGA has indiscriminately withheld documents in their
12  entirety is false.

13          Mattel's complaint that MGA has improperly withheld documents that pertain
14  to trademark search results and requests, date of first use information and factual
15  data communicated to counsel for the purpose of trademark applications is also
16  misplaced.  As explained in MGA's opposition to Mattel's original motion to compel,
17  the fact that certain information embodied within those communications may later be
18  disclosed to others does not destroy the privilege.  (MGA's Opposition to Motion of
19  Mattel, Inc. for Order Compelling Production of Withheld MGA:  (1) Trademark
20  Search Results; (2) Date of First Use Information; and (3) Factual Data
21  Communicated for the Purpose of Filing Trademark or Other Intellectual Property
22  Applications ("MGA's Opp. to Motion Re Trademark Search Results") at 1:25-2:2,
23  5:19-6:10.)  The entries on the January privilege logs all involve documents
24  reflecting confidential communications between MGA and its attorneys regarding
25  legal advice concerning trademark and other intellectual property matters.  As such,
26  those documents are privileged attorney-client communications and MGA properly
27  withheld them from production.

28

1    With regard to Mattel's argument that MGA waived any applicable privileges

2 by disclosing privileged communications to third parties, the law is clear that no such

3 waiver occurs when the communication is disclosed to a third party with whom the

4 disclosing party shares a common interest.  The documents listed on the January

5 privilege logs, which reflect communications with third parties, all fall under the

6 common interest exception to the waiver doctrine.  Therefore, MGA properly

7 withheld them from production.

8    Third, Mattel's supplemental motions should be denied because Mattel failed

9 to meet and confer with MGA before seeking relief from this Court.  Mattel made no

10 attempt to meet and confer with respect to the contents of the January privilege logs

11 *before* filing its motions.  Although the parties did meet and confer *after* Mattel filed

12 its motions, as ordered by the Discovery Master, that meeting did not cure Mattel's

13 initial failure to meet and confer because the specific documents on the January

14 privilege logs that are at issue were not discussed at the conference.  Rather, Mattel's

15 counsel merely reiterated its view that the January privilege logs suffered from the

16 same deficiencies as the earlier logs that were prepared by MGA.  If Mattel had

17 engaged in a proper meet and confer with MGA before filing its motion, Mattel

18 would have realized that many of the issues raised in its latest motions could have

19 been narrowed or eliminated from dispute.

20    One final point merits comment.  Mattel nowhere explains in its original

21 motions to compel or its most recent supplemental motions precisely what

22 information Mattel expects to glean from the 1,300-plus documents it seeks to

23 compel.  In the absence of any showing that the information sought is truly essential

24 to Mattel's preparation for the Phase I trial, one can justifiably conclude that this

25 entire endeavor is just a "make work" exercise.

26 II.   **STATEMENT OF FACTS**

27    As discussed in MGA's previously-filed oppositions to Mattel's motions to

28 compel, Mattel and MGA met and conferred regarding MGA's August and

September privilege logs beginning on December 7, 2007.  (Proctor Declaration in Support of Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged ("Proctor Decl.") ¶ 11, Ex. 1.)  On December 24, 2007, MGA agreed to undertake a massive effort to review all 4,000 entries on the August and September 2007 logs that had been prepared by MGA's prior counsel.  MGA also agreed to produce revised logs that would indicate which documents were being produced in redacted form and which were being withheld in their entirety.  (Proctor Decl. ¶ 14, Ex. 4.)

On November 15, 2007 and January 15, 23, 25 and 28, 2008, MGA's new counsel prepared additional logs covering documents that had been produced to Mattel in October 2007 and January 2008.  With regard to the October productions, MGA's new counsel produced two separate sets of logs, one for documents that had been withheld in their entirety and another for documents that had been produced in redacted form.  Documents from the January 2008 production were also produced in redacted form where appropriate. [3]

On January 11, 2008, almost two months after the initial November log had been produced, and in the midst of discussions regarding the August and September logs, Mattel raised for the first time concerns about the documents listed on the November log.  (Proctor Decl. ¶ 18, Ex. 8.)  On January 16, 2008 Mattel sent yet another letter complaining about the entries on the January 15 log.  (Allen Decl. ¶ 8, Ex. 5.)  On Saturday January 19, 2008, Mattel sent a further letter requesting that MGA confirm that it had produced all privilege logs and requested to meet and confer regarding that issue.  (Declaration of Richard J. Zuromski, Jr. in Support of MGA's Opposition to Mattel's Supplemental Motions to Compel (1) Previously Withheld Documents, (2) Documents Containing Trademark and Other "Factual"

---

[3]    MGA produced an additional privilege log on January 30, 2008, covering documents that had been withheld from a production by Kaye, Scholer, Isaac Larian's prior counsel.  Where appropriate, Kaye, Scholer produced documents to Mattel in their entirety or in redacted form.

1  Data, and (3) Documents Protected by the Common Interest Privilege ("Zuromski

2  Decl.") ¶ 2, Ex. 1.)  On January 24 MGA responded to Mattel's complaints about the

3  January 15 privilege log and offered to meet and confer regarding that log.  However,

4  Mattel did not take MGA's counsel up on this offer before filing its motion to compel.

5  (Allen Decl. ¶ 9.)  MGA also responded to Mattel's January 19 letter on January 25,

6  2008 and again sought to meet and confer with Mattel.  MGA's letter again elicited

7  no response from Mattel.

8        On February 5, 2008, Mattel filed its supplemental motions raising for the first

9  time concerns about the privilege logs produced by MGA on January 25,[4] 28 and 30,

10  2008.  Mattel's supplemental motions identify approximately one thousand entries on

11  the January privilege logs that it has called into question.[5]  In fact, the number of

12  entries questioned by Mattel in its supplemental motions more than *triples* the

13  number challenged in its original motions.

14        Mattel did not meet and confer with MGA with regard to these newly-

15  identified documents *before* filing its supplemental motions.  Instead, late in the

16  evening of February 6 – the day *after* Mattel filed its supplemental motions – Mattel

17  sent a letter to MGA regarding the January privilege logs attempting to meet and

18  confer regarding those logs.  (Zuromski Decl. ¶ 3, Ex. 2.)  MGA replied to Mattel's

19  request on February 13, but again received no response from Mattel regarding

20  MGA's request to meet and confer.  (Zuromski Decl. ¶ 4, Ex. 3.)

21        On February 20, 2008, the parties met and conferred regarding the

22  supplemental motions pursuant to the Discovery Master's February 11, 2008 order.

23  (Zuromski Decl. ¶ 6.)  At the conference Mattel's counsel reiterated their position

24  that entries on the January privilege logs suffered from the same deficiencies as those

25  on the August, September and November logs.  (Zuromski Decl. ¶¶ 7-9.)  Because

26  _____

[4]        The January 25 log is an update of the January 23 log.  Thus, all numbering on
27  the January 25 log supersedes the document numbers on the January 23 log.

[5]        This is, of course, *in addition to* the 300-plus entries Mattel complains of in its
28  original motions to compel.

1   Mattel refused to consider any position other than the extreme stance taken in their
2   original motions to compel (as clearly evidenced in their reply briefing), the parties
3   have not had meaningful discussions about the entries to date.  (Zuromski Decl. ¶ 12.)
4   This stands in sharp contrast to the extensive discussions the parties engaged in with
5   regard to the August and September logs, which, among other things, resulted in
6   MGA's agreement to create revised logs, withdraw its claim for privilege as to
7   specific documents, and produce documents in whole or redacted form.

8   **III.   ARGUMENT**

9       **A.   Mattel's Categorical Objections to MGA's Privilege Logs Are**
10          **Improper**

11          In each of its three supplemental motions, Mattel mounts a categorical attack
12   on the entries on MGA's January privilege logs.  After singling out a handful of
13   "exemplar" entries on the logs, Mattel launches into abstract and speculative
14   arguments regarding MGA's privilege claims and at the conclusion of its arguments
15   Mattel broadly asks the Court to order MGA to produce entire categories of
16   documents.

17          For example, in Mattel's Supplemental Motion to Compel Production of
18   Previously Withheld Documents Only Portions of Which Are Privileged, Mattel asks
19   the Court to compel MGA to "produce all documents they have improperly withheld
20   under a claim of privilege, either in their entirety or in redacted form . . . " (Supp.
21   Motion Re Withheld Documents at 3:9-11.)  Similarly, in its Motion to Compel
22   Production of (1) Trademark Search Results, (2) Date of First Use Information, and
23   (3) Factual Data Communicated for the Purpose of Filing Trademark or Other
24   Intellectual Property Applications, Mattel asks the Court to compel all withheld
25   documents falling within each of the foregoing categories.  (Supp. Motion Re
26   Trademark Search Results at 4:14-17, 5:1-2.)  Mattel's Supplemental Motion to
27   Compel Production of Third Party Communications Withheld Under the "Common
28   Interest" Privilege is in the same vein.  It, too, requests the Court to find that "MGA

1  has waived the attorney-client privilege through the affirmative disclosure of the
2  communications to outside parties, and order all such communications which have
3  been improperly withheld, including but not limited to the examples cited herein and
4  in Mattel's Motion to Compel, to be produced in their entirety."  (Supp. Motion Re
5  Third Party Communications at 2:6-10.)

6       Instead of engaging in a particularized analysis of the bases for MGA's
7  privilege claims, Mattel merely speculates about the contents of various documents
8  listed on the January privilege logs and argues that they are not privileged.[6]  This is
9  improper.  As the Discovery Master has previously noted, it is important to "go back
10 to fundamentals and examine each and every element of the attorney/client
11 privilege . . . "  (Tr. of Jan. 3, 2008 Hearing at 53:19.)  *See also Conner Peripherals,*
12 *Inc. v Western Digital Corp.*, No. C 93-20117 RMW/EAI, 1993 U.S. Dist. LEXIS
13 20149, at *5 (N.D. Cal. June 8, 1993).  Mattel has failed to demonstrate in any
14 particularized fashion that MGA's privilege claims are not well taken.  Therefore,
15 Mattel's scattershot attack on the logs must fail.

16  **B.   Mattel's Supplemental Motion to Compel Previously Withheld**
        **Documents Should Be Denied**
17

18       Mattel persists in its complaint that MGA's present counsel "continues . . . the
19 same inappropriate approach of withholding documents in their entirety rather than
20 producing them in redacted form."  (Supp. Motion Re Previously Withheld
21 Documents at 1:18-20.)  In support of this allegation, Mattel singles out entry
22 number 31 on the January 25 log as a prime example of a document that MGA
23 improperly withheld in its entirety.  Mattel goes on to list in footnotes over four
24

---

25  [6]    *See, e.g.*, Supp. Motion Re Previously Withheld Documents at 2:5-6 ("these
        communications <u>likely</u> contain substantial portions which are not privileged")
26  (emphasis added); Supp. Motion Re Trademark Search Results at 4:6-11 ("Such data
        is <u>likely</u> found in the withheld documents described as attorney spreadsheets
27  regarding trademark applications . . . .  Such data is also <u>likely</u> found in the withheld
        documents described as communications to or from the Patent and Trademark Office
28  regarding MGA's trademarks") (emphasis added).

1 hundred additional documents that it speculates have been improperly withheld in

2 their entirety.

3     Mattel's allegations are without merit.  The one example Mattel provides in the

4 text of its supplemental motion proves MGA's point.  Although the top e-mail in the

5 chain of entry 31 on the January 25 log is between non-lawyers (MGA's CEO and

6 then COO), the chain forwards legal advice provided by MGA's intellectual property

7 counsel for discussion by various MGA employees.  This communication is

8 privileged regardless of whether or not, as Mattel claims, "the sheer number of

9 entries withheld, coupled with MGA's practice of withholding the communications

10 in their entirety, is troubling" to Mattel.  (Supp. Motion Re Previously Withheld

11 Documents at 3:3-4.)  The fact is that the entries must be looked at individually and

12 not in the abstract as Mattel seeks.  Based on its re-review of the almost four hundred

13 entries listed in footnotes 4 and 5 of Mattel's supplemental motion, MGA has

14 determined that several of the documents were produced or will be produced to

15 Mattel in redacted form.[7]

16
17 **C.    Mattel's Supplemental Motion for Order Compelling Production of Trademark Search Results, Date of First Use Information and Other "Factual" Data Is Without Merit**

18     Mattel argues that MGA should be compelled to produce documents that

19 contain non-privileged "facts," such as trademark search results and requests, date of

20 first use information, or other factual data communicated to MGA's counsel for the

21 purpose of filing trademark and other intellectual property applications.  (Supp.

22 Motion Re Trademark Search Results at 1-4.)  After pointing to a few entries on the

23 January privilege logs that Mattel holds up as examples of documents that contain

24 non-privileged information, Mattel proceeds to speculate that several hundred

25

26 ────────────────────

[7]     MGA has reviewed the almost four hundred entries in Mattel's footnotes to
27 this supplemental motion.  Approximately one hundred have been or will be produced in redacted form, another fifteen will be produced in their entirety, and
28 MGA is currently re-evaluating its privilege claims on an additional eighty documents.

1   additional entries on the logs (which it relegates to footnotes) "likely" contain

2   trademark search results or date of first use information.  (*Id.* at 3 & nn.2-12.)  In

3   Mattel's view, because such information eventually may be disclosed to the Patent

4   and Trademark Office, any communications with counsel regarding these matters

5   prior to disclosure is not privileged.

6          As MGA pointed out in its opposition to Mattel's original motion, Mattel has

7   misstated the governing law.  (MGA's Opp. Motion Re Trademark Search Results at

8   1:25-2:2, 5:19-6:10.)  The touchstone for the attorney-client privilege is whether

9   there is a confidential communication between a lawyer and his client for the

10  purpose of rendering legal advice.  The fact that some aspect of the communication

11  may later be disclosed to others does not destroy the privilege. (*Id.*)

12         MGA properly withheld from production documents that reflected

13  communications between the company and its counsel for the purpose of rendering

14  legal advice to MGA with regard to trademark and other intellectual property matters.

15  As set forth in the declaration of Samir Khare, prior to the actual filing of a final

16  application with the Patent and Trademark Office or similar organizations in other

17  countries, MGA treats all communications with counsel regarding such matters

18  confidentially.  (Declaration Of Samir Khare in Support of MGA Entertainment,

19  Inc.'s Memoranda of Points and Authorities in Opposition to Mattel, Inc.'s Motions

20  to Compel (1) Documents Protected by the Common Interest Privilege and (2)

21  Documents Containing Trademark and Other "Factual" Data ¶¶ 9-12.)  Therefore,

22  these communications are protected by the attorney-client privilege.

23         The documents cited in Mattel's supplemental motion do nothing to advance

24  its position.  Entry number 141 on MGA's January 28, 2008 privilege log most

25  directly addresses the problem with Mattel's interpretation of the law.  This entry is

26  properly described as an "[e]mail chain requesting and rendering advice regarding

27  trademark searches" because it is a communication from MGA's trademark counsel

28  rendering her advice regarding the searches she performed, not a mere recitation of

1  the searches themselves.  According to Mattel's interpretation, this document would

2  have to be produced in redacted form whenever (regardless of the location) the

3  communication stated "the trademark search resulted in X," even if that same

4  sentence went on to provide legal advice regarding that specific result.  (Zuromski

5  Decl. ¶ 8.)  If Mattel's interpretation is correct, Mattel will be receiving hundreds of

6  documents showing one un-redacted sentence "the trademark search resulted in X"

7  surrounded by redacted material.  Nothing in the case law supports such a senseless

8  result.

9       Mattel's supplemental brief poses several other examples of the documents it

10  seeks that are similarly off-point.[8]  Specifically, entry number 187 on the January 28,

11  2008 log was produced in redacted form on February 8, 2008.  Further, entry number

12  238 on the January 30, 2008 privilege log was properly withheld as an internal report

13  regarding MGA's trademark infringement issues and is protected by the attorney

14  work product doctrine.

15       Mattel also argues that certain entries on MGA's privilege logs are "likely" to

16  contain non-privileged information.  (Supp. Motion Re Trademark Search Results at

17  3:7.)  As MGA demonstrated in its opposition to Mattel's motion, draft trademark

18  applications are properly withheld as privileged.  Mattel also assumes that certain

19  documents on MGA's privilege logs are "clearly not privileged" because they were

20  created by or submitted to the patent and trademark office.  Mattel's statements could

21  not be further from the truth.  The entries Mattel lists as "exemplars" do not contain

22  the information Mattel assumes may be contained in those documents.  For example,

23  entries 159-163, 996, 998, 1000, 1002, 1004, 1014, 1016, and 1906-1915 on MGA's

24  January 25, 2008 privilege log are exactly as described:  preliminary draft

25  applications that are still under consideration by the parties.  These documents are

26

27  [8]       After further review of the documents identified by Mattel, MGA will produce
entry numbers 90-91, 290-291 and 301 on the January 30, 2008 privilege log and

28  entry number 789 on the January 25, 2008 privilege log in whole or redacted form.

1  not public and were never intended to be public.  Indeed, such applications are

2  subject to change until they are final and filed with the Patent and Trademark

3  Office.[9]

4  **D.    Mattel's Supplemental Motion to Compel Production of Third Party Communications Withheld Under a Claim of Common Interest Should Be Denied**

5

6        Mattel continues to speculate that so-called "third party communications" are

7  not privileged per se or do not fall within the common interest exception to the

8  waiver doctrine.  (Supp. Motion Re Third Party Communications at 1-2.)  At the

9  parties' February 20, 2008 meet and confer, Mattel reiterated its view that regardless

10  of the context of the communication between MGA and a third party such as Bandai,

11  any disclosure of the communication to the third party waives any applicable

12  privilege.  (Zuromski Decl. ¶ 9.)  Mattel is wrong.  As MGA explained in its

13  opposition to Mattel's original motions, third parties such as Bandai have had a

14  number of different relationships with MGA.  Just because Bandai may have acted in

15  the capacity as a distributor of MGA's products does not prevent Bandai from having

16  other relationships with MGA to which the common interest exception would apply.

17  Mattel's attempt to pigeonhole Bandai into one relationship with MGA therefore

18  should be rejected.[10]

19        Further, of the sixty-plus documents Mattel lists in the footnotes of its

20  supplemental brief, some do not even involve third parties.  (*See* January 30 log

21  entries 41, 130, 217 and 221.)  In fact, some involve communications with local

22  counsel in foreign countries.  (*See* January 30 log entries 223, 227, 230, 281, 285 and

23  _____

[9]    Mattel takes issue with an additional five hundred documents in its
24  supplemental motion that it claims are "vaguely described" as communications
relating to trademark registration issues.  MGA's descriptions are right on point and
25  reflect the continuing battles MGA faces world-wide to protect its marks.  Of the
documents Mattel identifies, MGA is re-evaluating its claim of privilege for
26  approximately one hundred entries on its January privilege logs.  Approximately
twenty of the documents Mattel lists have already been or will be produced in
27  redacted form.

[10]    The one example Mattel provides in the text of its supplemental motion (entry
28  number 630 on the January 25, 2008 privilege log) will be produced in redacted form.

287.)  Nevertheless, MGA is re-evaluating its privilege claims for approximately thirty of the documents identified by Mattel.

**E.    Mattel's Supplemental Motions to Compel Should Be Denied Because Mattel Failed to Engage in a Proper Meet and Confer Before Filing the Motions**

Mattel's supplemental motions illustrate the consequences of failing to meet and confer before burdening the Court with motions to compel.  If Mattel had taken the time to engage in a proper meet and confer, it would have realized that many of the documents that it claims MGA had withheld in their entirety had, in fact, been produced to Mattel in redacted form or that MGA intended to produce in the near future.  In addition, if Mattel had identified the specific entries on the January logs about which it had concerns before filing its motions, MGA would have been able to review the documents in question and determine whether to stand by its claim of privilege.  This would have narrowed the disputes between the parties.

Instead, Mattel rushed to file its motions to compel, leaving to this Court the burden of potentially wading through nearly a thousand documents in order to meaningfully evaluate the merits of Mattel's challenges to MGA's privilege claims. This was precisely the sort of burden that Local Rule 37-1 was designed to reduce. Mattel's failure to comply with Local Rule 37-1 and paragraph 5 of the Stipulation for Appointment of a Discovery Master is sufficient by itself to justify denial of Mattel's motions.

**IV.    CONCLUSION**

      Mattel has burdened the Court with three more unnecessary supplemental motions.  Given the serial nature of the complaints that Mattel has raised with regard to each of MGA's privilege logs, it appears that Mattel is more interested in forcing MGA to divert resources to skirmishing over privilege logs rather than in discovering evidence that is essential to the claims to be tried during Phase I of the trial.  Therefore, the Court should deny the supplemental motions to compel.

DATED:  February 29, 2008        Respectfully submitted,

                                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


                                  By: _____/s/ Raoul D. Kennedy_____
                                        RAOUL D. KENNEDY

                                Attorneys for Counter-Defendants
                                MGA ENTERTAINMENT, INC., MGA
                                ENTERTAINMENT (HK) LIMITED,
                                MGAE DE MEXICO, S.R.L. De C.V.,
                                and ISAAC LARIAN