THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000 / Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400 / Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**DECLARATION OF RICHARD J. ZUROMSKI, JR. IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S SUPPLEMENTAL MOTIONS TO COMPEL (1) PREVIOUSLY WITHHELD DOCUMENTS (2) DOCUMENTS CONTAINING TRADEMARK AND OTHER "FACTUAL" DATA, AND (3) DOCUMENTS PROTECTED BY THE COMMON INTEREST PRIVILEGE**<br><br>Hearing Date: March 10, 2008<br>Time: 8:30 a.m.<br>Place: Telephonic |

DECL. OF RICHARD J. ZUROMSKI, JR. IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S SUPPLEMENTAL MOTIONS

I, Richard J. Zuromski, Jr., declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and an associate of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGA Mexico") and Isaac Larian in this action. Except where otherwise noted, I have personal knowledge of the facts set forth below and could competently testify thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of a letter dated January 19, 2008, from Dylan Proctor to Amy Park.

3. Attached hereto as Exhibit 2 is a true and correct copy of a letter dated February 6, 2008, from Dylan Proctor to José Allen.

4. Attached hereto as Exhibit 3 is a true and correct copy of a letter dated February 13, 2008, from José Allen to Dylan Proctor.

5. Attached hereto as Exhibit 4 is a true and correct copy of a letter dated February 26, 2008, from Jon Corey to Raoul Kennedy. This letter contains Mattel's purported description of the parties' Court-ordered meet and confer efforts. Mattel's discussion of the motions at issue in this declaration begins on page 15, paragraph 29 of the letter.

6. Per the Discovery Master's February 11, 2008 order, on February 20, 2008, I met with Dylan Proctor at the offices of Quinn Emanuel in Los Angeles to meet and confer regarding the following motions (and their respective supplements) filed by Mattel: (A) Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, (B) Motion of Mattel, Inc. for Order Compelling Production of Withheld MGA: (1) Trademark Search Results, (2) Date of First Use Information, and (3) Factual Information for the Purpose of Filing Trademark or Other Intellectual Property Applications and (C) Motion Compelling Production of Third Party Communications Improperly

-1-

Withheld Under a Claim of "Common Interest" Privilege (collectively, "Motions to Compel").

7. At the commencement of the February 20 meeting, Mr. Proctor stated Mattel's position that all of the documents sought in their Motions to Compel related to Phase I of this matter, regardless of the date of the document, because of the possibility that the document may have some information on the origins of Bratz. I expressed MGA's disagreement with Mattel's position because it was highly unlikely that non-privileged documents created after the public date of first use of Bratz had any relevance to the "origins of Bratz" and that the documents sought by Mattel were by and large created after that date. Mr. Proctor disagreed and stated that Mattel would not agree to limit its Motions to Compel to documents that were clearly related to Phase I. Mr. Proctor did state, however, that Mattel was willing to accept any revised privilege logs prepared by MGA on a rolling basis.

8. Mr. Proctor reiterated Mattel's position that so-called "trademark search requests and results" (as opposed to trademark search *reports*) were *per se* not privileged, regardless of how the results or requests were communicated between attorney and client. Thus, Mr. Proctor stated that the position Mattel took in its Motions to Compel had not changed. Specifically, it was Mattel's position that if an attorney for MGA sends the results of a trademark search in a communication to MGA which then goes on to provide legal advice about those results, the one sentence of the communication describing the results should be produced and the remainder of the communication should be redacted, as appropriate. I expressed MGA's disagreement with this position, particularly where the results and advice are intertwined in the communication, because it would be difficult if not impossible to distinguish and produce the "results" alone in redacted form. I also expressed that MGA's position was the same regarding the "date of first use" and any other "factual" information that would be part of a privileged communication. Mr. Proctor offered no compromise to Mattel's position.

9. Mr. Proctor also reiterated Mattel's position that MGA had improperly withheld documents under a claim of "common interest" and that Mattel's moving papers were sufficient to explain their position without further discussion. I explained MGA's position that third party communications can be properly withheld if the parties have a common interest. Specifically, I explained that the relationship between MGA and third parties such as Bandai (as discussed in the Declaration of Samir Khare) would, in specific instances, rise to the level of common interest necessary to prevent a waiver of privilege. Notwithstanding the new information presented, Mattel offered no other information or compromise and continued to disagree with MGA's position.

10. I expressed MGA's position that Mattel's "supplemental" motions to their Motions to Compel were untimely because they were filed after the January 28, 2008 fact discovery cut-off – a position I pointed out that Mattel had taken with respect to motions filed by Carter Bryant – and that Mattel failed to meet and confer regarding the logs discussed in their "supplemental" motions before filing such motions. I also stated that Mattel never responded to MGA's February 13, 2008 offer to meet and confer over the documents in the "supplemental" motions. Mr. Proctor stated that Mattel disagreed with MGA's position.

11. Finally, I informed Mr. Proctor that MGA had committed to re-review all four thousand entries on the August 14, 2007 and September 5, 2007 privilege logs prepared by MGA's prior counsel and that MGA would be producing those revised logs on a rolling basis beginning at the end of February 2008. I informed Mr. Proctor that MGA did not intend undertake the tremendous burden of conducting a similar review of any of the logs produced in November 2007 or January 2008 because Mattel's contention was incorrect that MGA was withholding documents that could be produced in redacted form. I informed Mr. Proctor that MGA had in fact produced documents in redacted form in January and February 2008.

-3-

DECL. OF RICHARD J. ZUROMSKI, JR. IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S SUPPLEMENTAL MOTIONS

12. During the course of our discussion, it became evident that Mattel was wedded to the positions it took in its Motions to Compel, specifically those positions related to the production of so-called "trademark search results and other factual information" as well as "information disclosed to third parties" for which MGA claims the common interest exception to the doctrine of waiver applies. Because of Mattel's unwavering position, it was apparent that a document-by-document review of the documents listed in the November and January logs which Mattel complains of in its Motions to Compel would not have been productive. I did not state, however, that MGA would be unwilling to engage in such a document by document review with Mattel as it has done in the past. In fact, it is MGA's position that MGA remains willing to engage in such a review of the documents in Mattel's "supplemental" motions, as it has done with regard to the documents on the August and September privilege logs that are the subject of Mattel's original motions to compel. Furthermore, in preparing MGA's opposition to Mattel's supplemental motions, MGA has re-reviewed all of the documents that have been identified in those motions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of February, 2008, in San Francisco, California.

*/s/ Richard J. Zuromski, Jr.*
Richard J. Zuromski, Jr.

-4-