1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
7 | Facsimile:   (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP |
| Defendant. | |
| AND CONSOLIDATED CASES | |

For the Discovery Master's convenience, Mattel, Inc. respectfully submits the following Separate Statement In Support of its Motion to Compel Deposition And Production Of Documents Of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP.  This Separate Statement applies to Mattel's Deposition Topics:

**PUBLIC REDACTED**

# **DEPOSITION TOPICS**

## TOPIC NO. 1

Any contract or agreement between MGA and BRYANT, amendments thereto, drafts thereof, and COMMUNICATIONS related thereto.

## RESPONSE TO TOPIC NO. 1

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not

**REDACTED**

1  crucial to the preparation of the case.; and (12) exceeds the number of allowable

2  depositions as ordered by Judge Larson on January 7, 2008.

3  <u>REASON WHY MATTEL'S TOPIC IS PROPER:</u>

4        The Bryant/MGA Agreement, and any related agreements, purporting

5  to assign the right to Bratz ("Agreement") lie at the center of Mattel's allegations

6  against Bryant and MGA regarding Bratz.  The Agreement sets forth Bryant's

7  purported transfer of the rights to Bratz to MGA.  Mattel's Counterclaims further

8  allege that defendants tampered the Agreement in order to conceal that Mattel was

9  the true owner of Bratz, that a version of the Agreement with the true date of the

10  contract revealed Bryant's violation of his agreements with Mattel, and that

11  defendants' tampering of the Agreement constitutes a predicate act under RICO.[1]  It

12  is not surprising that the Discovery Master has ruled on more than one occasion that

13  documents related to the Agreement are relevant and discoverable.[2]

14

15

16

17

18

19        This places Christensen Glaser in a

20  unique position to answer questions and produce documents regarding a central

21  question in the case: whether Larian tampered a critical document in order to

22  conceal the true ownership of Bratz.

23

24        Information about Larian's spoliation of a version of the Agreement is

25  relevant in and of itself.  Federal Courts allow negative factual inferences when they

26  _____

27  [1]  *See* Mot. § I(A).

28

**REDACTED**

-3-

1   find evidence of spoliation.  <u>See, e.g.</u>, <u>In re Napster, Inc. Copyright Litigation</u>, 462

2   F. Supp. 2d 1060 (N.D. Cal. 2006).

3           None of Christensen Glaser's objections have merit:

4           (1) Boilerplate burden objections, with no assertion of how a request is

5   burdensome, are not sufficient for Christensen Glaser to show burden.  <u>Goodman v.</u>

6   <u>U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966); <u>Oakes v. Halvorsen Marine Ltd.,</u>

7   179 F.R.D. 281, 283 (C.D. Cal. 1998); <u>A. Farber & Partners, Inc. v. Garber,</u>

8   234 F.R.D. 186, 188 (C.D. Cal. 2006); <u>Flatow v. The Islamic Republic of Iran,</u>

9   202 F.R.D. 35, 36 (D.D.C. 2001); <u>Northrop Corp. v. McDonnell Douglas Corp.,</u>

10   751 F.2d 395, 403 (D.C. Cir. 1984).  "As an initial matter, general or boilerplate

11   objections such as 'overly burdensome and harassing' are improper—especially

12   when a party fails to submit any evidentiary declaration supporting such objections."

13   <u>A. Farber</u>, 234 F.R.D. at 188, citing <u>Paulsen v. Case Corp.</u>, 168 F.R.D. 285, 289

14   (C.D. Cal. 1996).  As the Fifth Circuit has explained, objections that document

15   requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to

16   meet the objecting party's burden to explain why the challenged discovery requests

17   are objectionable.  <u>See</u> <u>McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,</u>

18   894 F.2d 1482, 1485 (5th Cir. 1990).

19           (2) Mattel seeks only documents within Christensen Glaser's

20   possession, custody or control.

21           (3) Mattel does not seek legitimately privileged information, where

22   MGA and Larian have not impliedly waived that privilege.  However, the majority

23   of the information Mattel seeks here is not privileged.

24           First, Mattel's Request is expressly limited to documents created prior

25   to April 27, 2004, when this action commenced.

26

27   [2]  *Id.*

28   **REDACTED**

1    Second, communications between MGA and Larian or their counsel, on
2  the one hand, and Bryant or his counsel, on the other, are not privileged. This
3  applies to the Agreement and all drafts thereof that were exchanged between MGA
4  and Bryant and/or between their counsel.   Unocal Corp. v. U.S., 2005 WL 3736952,
5  at *3 (N.D.Cal. 2005) (documents shared with a third party are not protected by the
6  attorney-client privilege); Softview Computer Prods. Corp. v. Haworth, Inc., 2000
7  WL 351411, at *15 (S.D.N.Y. 2000) ("Drafts of documents prepared by an attorney
8  for transmission to third parties are protected by the attorney-client privilege only
9  where the draft document contains confidential information communicated by the
10  client to the attorney that is maintained in confidence.") (emphasis added).

11    Third, information Christensen Glaser created during the contract
12  negotiations, even if it did not share it with Bryant, is not privileged if it was not
13  created in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); Matter of
14  Fischel, 557 F.2d 209, 212 (9th Cir. 1977); United States v. Torf, 357 F.3d 900, 908
15  (9th Cir. 2004) ("anticipation of litigation" has been defined in the Ninth Circuit as
16  preparation of a document "because of the prospect of litigation').

17

18  ¡

19  ·

20  ·

21  .

22  .

23    Given his affirmative assertions, Larian
24  cannot now cloak himself with the attorney-client privilege to prevent a Mattel from
25  seeking information from Christensen Glaser, who can provide definitive proof on
26  the veracity of Larian's contradicted testimony.  This is particularly true given
27  Christensen Glaser's unique knowledge and possession of the critical document(s) in
28  this respect. Chevron Corp. v. Pennzoil Corp., 974 F.2d 1156, 1162 (9th Cir. 1992);

REDACTED

1  Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1418-20 (11th Cir.

2  1994), cert denied, 513 U.S. 1110 (1995). By "assert[ing] claims the opposing party

3  cannot adequately dispute unless it has access to the privilege materials," Bittaker v.

4  Woodford, 331 F.3d 715, 719 (9th Cir. 2003), MGA and Larian waived the

5  privilege. Because the waived privilege belongs to MGA and Larian, of course,

6  Christensen cannot assert the privilege either.

7          (4)    The Protective Order in this action allows Christensen Glaser to

8  rely on it to protect proprietary or trade secret information.

9          (5)    See Reason under Paragraph (1) above. Further, this Request is

10  expressly limited as to time. The MGA/Bryant agreement was signed and

11  purportedly negotiated in 2000, and Mattel does not seek documents created after

12  April 27, 2004.

13          (6)    See introductory reason paragraph above. Further, boilerplate

14  relevancy objections, without setting forth any explanation or argument why the

15  requested documents are not relevant, are improper. See Surfvivor Media, Inc. v.

16  Survivor Products, 46 F.3d 625, 635 (9th Cir. 2005).

17          (8)    The Protective Order in this action allows Christensen Glaser to

18  rely on it to protect any right to privacy concerns that it may have. The Discovery

19  Master has ruled that the Protective Order adequately protects privacy concerns.[3]

20          (9)    See Reason under Paragraph (1) above. Christensen Glaser has

21  made no effort to have Mattel clarify this Request, if it truly finds it vague.

22          (10)    There is no settlement negotiations privilege for purposes of

23  discovery. Fed. R. Evid. 408, Matsushita Electric Industrial Co., Ltd. v. Mediatek,

24  Inc., 2007 WL 963975, at *2-3 (N.D. Cal.). It is only an admissibility rule.

25

26

27  [3]  Albán Dec., Exh. 19 at 11.

28

**REDACTED**

1       (11)  The *Larian v. Larian* protective orders have already been

2 modified by the parties so as to already allow production of any documents

3 protected by the *Larian v. Larian* arbitration protective order.  The parties have also

4 signed the modification of the *Larian v. Larian* litigation protective order, and the

5 Los Angeles Superior Court will have a status conference on final approval of this

6 modification on March 5, 2008.

7       (12)  This Request complies with *Shelton v. American Motors*, 805

8 F.2d 1323 (8th Cir. 1986).  (i)

9 I

10

11

12

13

14

15

16

17       (ii) *See* introductory Reason and Reason under paragraph (3)

18 above—

19

20

21       Furthermore, Christensen Glaser is not litigation counsel

22 in this action, as they withdrew on August 27, 2007.[4]  Any of their work product not

23 done in anticipation of litigation is not privileged, as stated above; (iii) given the

24 direct relevance of the Agreement to specific Mattel allegations and Larian's

25 tampering thereof, this information is critical to the development of Mattel's case.

26

27   [4] *Id.*, Exh. 21.

28 **REDACTED**

-7-

1 | TOPIC NO. 2

2        Any proposed, requested or offered contracts or agreements between

3 | MGA or ISAAC LARIAN, on one hand, and BRYANT, on the other hand; drafts

4 | thereof; and COMMUNICATIONS related thereto.

5 | RESPONSE TO TOPIC NO. 2

6        Christensen Glaser incorporates by reference each and every General

7 | Objection set forth above as though fully set forth herein.  Christensen Glaser

8 | further objects specifically to Topic No. 2 on the following grounds: (1) overly

9 | broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

10 | oppressive; (2) seeks information not within Christensen Glaser's possession,

11 | custody or control, and/or documents that are in the possessions, custody or control

12 | of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

13 | client privilege, and/or attorney-work product doctrine or any other applicable

14 | privilege or immunity; (4) seeks disclosure of facts that contain sensitive

15 | confidential and proprietary business information and/or constitute trade secret

16 | information; (5) seeks information that is neither relevant to the subject matter of the

17 | pending proceeding, nor reasonably calculated to lead to the discovery of admissible

18 | evidence; (6) seeks information readily accessible to Mattel from other sources or

19 | are otherwise publicly available; (8) seeks information which violates Christensen

20 | Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

21 | ambiguous and unintelligible; (10) seeks information in violation of the settlement

22 | negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*

23 | *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

24 | including his January 9, 2008 order, regarding service of subpoenas on former

25 | counsel, in that the information can be obtained by other means and from elsewhere,

26 | the information is not clearly relevant and is privileged, and the information is not

27 | crucial to the preparation of the case.; and (12) exceeds the number of allowable

28 | depositions as ordered by Judge Larson on January 7, 2008. **REDACTED**

1  REASON WHY MATTEL'S TOPIC IS PROPER:

2          *See* Reasons Topic No. 1 above.  This Topic is separately relevant

3  because MGA and Bryant may have entered into or contemplated entering into other

4  Agreements with respect to Bratz.  This includes any contemplated or actual

5  agreements conceived in the process of MGA and Larian's entering in to the

6  Agreement with Bryant.

7

8  TOPIC NO. 3

9          The origins, reduction to practice, conception, creation or development,

10  or the timing of conception, creation, development or reduction to practice of

11  BRATZ and BRATZ WORK and COMMUNICATIONS related thereto.

12  RESPONSE TO TOPIC NO. 3

13          Christensen Glaser incorporates by reference each and every General

14  Objection set forth above as though fully set forth herein.  Christensen Glaser

15  further objects specifically to Topic No. 3 on the following grounds: (1) overly

16  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

17  oppressive; (2) seeks information not within Christensen Glaser's possession,

18  custody or control, and/or documents that are in the possessions, custody or control

19  of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

20  client privilege, and/or attorney-work product doctrine or any other applicable

21  privilege or immunity; (4) seeks disclosure of facts that contain sensitive

22  confidential and proprietary business information and/or constitute trade secret

23  information; (5) seeks information that is neither relevant to the subject matter of the

24  pending proceeding, nor reasonably calculated to lead to the discovery of admissible

25  evidence; (6) seeks information readily accessible to Mattel from other sources or

26  are otherwise publicly available; (8) seeks information which violates Christensen

27  Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

28  ambiguous and unintelligible; (10) seeks information in violation of the settlement

**REDACTED**

-9-

1    negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*

2    *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

3    including his January 9, 2008 order, regarding service of subpoenas on former

4    counsel, in that the information can be obtained by other means and from elsewhere,

5    the information is not clearly relevant and is privileged, and the information is not

6    crucial to the preparation of the case.; and (12) exceeds the number of allowable

7    depositions as ordered by Judge Larson on January 7, 2008.

8    REASON WHY MATTEL'S TOPIC IS PROPER:

9         *See* Reasons for Topic No. 1 above.

10

11   TOPIC NO. 5

12        Contracts or agreements between MATTEL and any PERSON other

13   than BRYANT that REFERS OR RELATES TO the ownership, or putative or

14   potential ownership, of inventions, designs, works or ideas that you received,

15   reviewed or transmitted prior to April 27, 2004.

16   RESPONSE TO TOPIC NO. 5

17        Christensen Glaser incorporates by reference each and every General

18   Objection set forth above as though fully set forth herein.  Christensen Glaser

19   further objects specifically to Topic No. 5 on the following grounds: (1) overly

20   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

21   oppressive; (2) seeks information not within Christensen Glaser's possession,

22   custody or control, and/or documents that are in the possessions, custody or control

23   of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

24   client privilege, and/or attorney-work product doctrine or any other applicable

25   privilege or immunity; (4) seeks disclosure of facts that contain sensitive

26   confidential and proprietary business information and/or constitute trade secret

27   information; (5) seeks information that is neither relevant to the subject matter of the

28   pending proceeding, nor reasonably calculated to lead to the discovery of admissible

**REDACTED**

1  evidence; (6) seeks information readily accessible to Mattel from other sources or
2  are otherwise publicly available; (8) seeks information which violates Christensen
3  Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,
4  ambiguous and unintelligible; (10) seeks information in violation of the settlement
5  negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*
6  *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
7  including his January 9, 2008 order, regarding service of subpoenas on former
8  counsel, in that the information can be obtained by other means and from elsewhere,
9  the information is not clearly relevant and is privileged, and the information is not
10  crucial to the preparation of the case.; and (12) exceeds the number of allowable
11  depositions as ordered by Judge Larson on January 7, 2008.

12  REASON WHY MATTEL'S TOPIC IS PROPER:

13        *See* Reasons for Topic No. 1 above.  This Topic seeks information
14  about Christensen Glaser's personal knowledge and possession of documents that
15  belong to Mattel, and thus this Requests seeks non-privileged information.

16
17
18
19                          Offensive use of attorney-client
20  communications prevents MGA and Larian, and thereby Christensen Glaser, from
21  relying on the attorney-client privilege defensively.

22
23                          Mattel has a right to explore this
24  inconsistency as to Christensen Glaser knowledge on this issue.

25
26  ───────────────
27    [5] *Id.*, Exh. 2.
28    [6] *Id.*

**REDACTED**

1  TOPIC NO. 7

2          The ownership, or putative or potential ownership, of inventions,

3  designs, works or ideas created, conceived or reduced to practice by BRYANT

4  while he was employed by MATTEL.

5  RESPONSE TO TOPIC NO. 7

6          Christensen Glaser incorporates by reference each and every General

7  Objection set forth above as though fully set forth herein. Christensen Glaser

8  further objects specifically to Topic No. 7 on the following grounds: (1) overly

9  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

10  oppressive; (2) seeks information not within Christensen Glaser's possession,

11  custody or control, and/or documents that are in the possessions, custody or control

12  of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

13  client privilege, and/or attorney-work product doctrine or any other applicable

14  privilege or immunity; (4) seeks disclosure of facts that contain sensitive

15  confidential and proprietary business information and/or constitute trade secret

16  information; (5) seeks information that is neither relevant to the subject matter of the

17  pending proceeding, nor reasonably calculated to lead to the discovery of admissible

18  evidence; (6) seeks information readily accessible to Mattel from other sources or

19  are otherwise publicly available; (8) seeks information which violates Christensen

20  Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

21  ambiguous and unintelligible; (10) seeks information in violation of the settlement

22  negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*

23  *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

24  including his January 9, 2008 order, regarding service of subpoenas on former

25  counsel, in that the information can be obtained by other means and from elsewhere,

26  the information is not clearly relevant and is privileged, and the information is not

27  crucial to the preparation of the case.; and (12) exceeds the number of allowable

28  depositions as ordered by Judge Larson on January 7, 2008. **REDACTED**

1 | REASON WHY MATTEL'S TOPIC IS PROPER:

2 | *See* Reasons for Topic No. 1 above.

3

4 | TOPIC NO. 8

5 | The DOCUMENTS that FARHAD LARIAN showed to MATTEL.

6 | RESPONSE TO TOPIC NO. 8

7 | Christensen Glaser incorporates by reference each and every General

8 | Objection set forth above as though fully set forth herein. Christensen Glaser

9 | further objects specifically to Topic No. 8 on the following grounds: (1) overly

10 | broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

11 | oppressive; (2) seeks information not within Christensen Glaser's possession,

12 | custody or control, and/or documents that are in the possessions, custody or control

13 | of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

14 | client privilege, and/or attorney-work product doctrine or any other applicable

15 | privilege or immunity; (4) seeks disclosure of facts that contain sensitive

16 | confidential and proprietary business information and/or constitute trade secret

17 | information; (5) seeks information that is neither relevant to the subject matter of the

18 | pending proceeding, nor reasonably calculated to lead to the discovery of admissible

19 | evidence; (6) seeks information readily accessible to Mattel from other sources or

20 | are otherwise publicly available; (8) seeks information which violates Christensen

21 | Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

22 | ambiguous and unintelligible; (10) seeks information in violation of the settlement

23 | negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*

24 | *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

25 | including his January 9, 2008 order, regarding service of subpoenas on former

26 | counsel, in that the information can be obtained by other means and from elsewhere,

27 | the information is not clearly relevant and is privileged, and the information is not

28 | **REDACTED**

1  crucial to the preparation of the case.; and (12) exceeds the number of allowable

2  depositions as ordered by Judge Larson on January 7, 2008.

3  REASON WHY MATTEL'S TOPIC IS PROPER:

4         *See* Reasons for Topic No. 1 above.  This Topic  seeks documents

5  relevant to (i)

6                                                        and (ii) Mattel's defense of MGA's threat, via

7  Christensen Glaser's July 2007 letter to Quinn Emanuel, to disqualify Quinn

8  Emanuel for inspecting these documents.[8]  The documents on their face also relate

9  to Bratz.

10        Among Christensen Glaser's reasons for threatening to disqualify

11  Quinn Emanuel, Ms. Gizer cites Farhad Larian as still being a paid consultant of

12  MGA at the time Quinn Emanuel inspects the documents.[9]  MGA thus admits to a

13  working relationship between MGA and Farhad Larian in November 2005.  MGA

14  and its counsel, then, also had an obligation to instruct its paid consultant and former

15  45% owner and director (who was also simultaneously suing Isaac Larian with

16  similar allegations as Mattel's regarding the origins of Bratz), to preserve such

17  documents.  MGA claims to have done so much with its employees and other key

18  witnesses in this case.  Mattel is entitled to know, and Christensen Glaser cannot

19  shield MGA with a waived privileged objection, why Farhad Larian was excluded

20  from MGA's preservation instructions to persons in its payroll and key witnesses in

21  this litigation.  This is particularly true in light of the undisputed fact that MGA's

22  counsel knew that Farhad Larian had evidence highly relevant to this litigation at

23

24

25

_____

26  [7]  *Id.*, Exh. 7 at 46-57.

27  [8]  *Id.*, Exh. 6.

28  [9]  *Id.*

**REDACTED**

07209/2419664.1

SEPARATE STATEMENT OF RESPONSES TO RESPONSE AND OBJECTIONS TO SUBPOENA (TOPICS)

1  least as early as August 2005, and wrote a letter to Mr. Larian specifically

2  referencing such information.[10]

3        For Objection No. (3) and (12), these communications are on their face

4  not privileged.  The specific documents Mattel seeks consist of communications

5  among non-attorneys and business records that attorneys did not create in

6  anticipation of litigation.

7        For Objection No. (12),

8                                             Christensen

9  Glaser, Mr. Larian's current attorney and MGA's former attorney, notably does not

10  state in its Objections that they do not have possession of these documents.

11

12  TOPIC NO. 9

13        COMMUNICATIONS between MGA OR YOU, on the one hand, and

14  any MATTEL employee.

15  RESPONSE TO TOPIC NO. 9

16        Christensen Glaser incorporates by reference each and every General

17  Objection set forth above as though fully set forth herein.  Christensen Glaser

18  further objects specifically to Topic No. 9 on the following grounds: (1) overly

19  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

20  oppressive; (2) seeks information not within Christensen Glaser's possession,

21  custody or control, and/or documents that are in the possessions, custody or control

22  of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

23  client privilege, and/or attorney-work product doctrine or any other applicable

24  privilege or immunity; (4) seeks disclosure of facts that contain sensitive

25  confidential and proprietary business information and/or constitute trade secret

26  _____

27    [10]  *Id.*, Exh. 8.

28

**REDACTED**

-15-

1  information; (5) seeks information that is neither relevant to the subject matter of the

2  pending proceeding, nor reasonably calculated to lead to the discovery of admissible

3  evidence; (6) seeks information readily accessible to Mattel from other sources or

4  are otherwise publicly available; (8) seeks information which violates Christensen

5  Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

6  ambiguous and unintelligible; (10) seeks information in violation of the settlement

7  negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*

8  *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

9  including his January 9, 2008 order, regarding service of subpoenas on former

10 counsel, in that the information can be obtained by other means and from elsewhere,

11 the information is not clearly relevant and is privileged, and the information is not

12 crucial to the preparation of the case.; and (12) exceeds the number of allowable

13 depositions as ordered by Judge Larson on January 7, 2008.

14 REASON WHY MATTEL'S TOPIC IS PROPER:

15           *See* Reasons for Topic No. 1 above.

16           This Topic is relevant to Mattel's defense of MGA's threat to disqualify

17 Quinn Emanuel as its counsel. The Request seeks information about improper

18 conduct on the part of Christensen Glaser with respect to this threat.

19           As to Objection No. (3) and (12), unauthorized surveillance cannot be

20 shielded by work product or privilege. Chapman & Cole v. Itel Container Int'l.

21 B.V., 865 F.2d 676, 686 (5th Cir. 1989).

22           As to Objection No. (12), documents related to surveillance and

23 recordings at the instruction of Christensen Glaser will be in the unique possession

24 of Christensen Glaser.

25

26

27  [11]  *Id.*, Exh. 7 at 56:9-57:5

28

**REDACTED**

1   TOPIC NO. 10

2           Any surveillance or recording, including without limitation any tape or
3   video recording, made by or at the direction of YOU or MGA of any officer,
4   director or employee of MATTEL or MATTEL's counsel (excluding recordings
5   made by duly authorized Court reporters of sworn testimony taken in THIS
6   ACTION).

7   RESPONSE TO TOPIC NO. 10

8           Christensen Glaser incorporates by reference each and every General
9   Objection set forth above as though fully set forth herein.  Christensen Glaser
10  further objects specifically to Topic No. 10 on the following grounds: (1) overly
11  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or
12  oppressive; (2) seeks information not within Christensen Glaser's possession,
13  custody or control, and/or documents that are in the possessions, custody or control
14  of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-
15  client privilege, and/or attorney-work product doctrine or any other applicable
16  privilege or immunity; (4) seeks disclosure of facts that contain sensitive
17  confidential and proprietary business information and/or constitute trade secret
18  information; (5) seeks information that is neither relevant to the subject matter of the
19  pending proceeding, nor reasonably calculated to lead to the discovery of admissible
20  evidence; (6) seeks information readily accessible to Mattel from other sources or
21  are otherwise publicly available; (8) seeks information which violates Christensen
22  Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,
23  ambiguous and unintelligible; (10) seeks information in violation of the settlement
24  negotiations privilege; (11) fails, to comply with the requirements of *Shelton v.*
25  *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
26  including his January 9, 2008 order, regarding service of subpoenas on former
27  counsel, in that the information can be obtained by other means and from elsewhere,
28  the information is not clearly relevant and is privileged, and the information is not

**REDACTED**

-17-

1   crucial to the preparation of the case.; and (12) exceeds the number of allowable

2   depositions as ordered by Judge Larson on January 7, 2008.

3   REASON WHY MATTEL'S TOPIC IS PROPER:

4             *See* Reasons for Topic No. 1 above.

5             This Request is relevant to Mattel's defense of MGA's threat to

6   disqualify Quinn Emanuel as its counsel.  The Request seeks information about

7   improper conduct on the part of Christensen Glaser with respect to this threat.

8             As to Objection No. (3) and (12), unauthorized surveillance cannot be

9   shielded by work product or privilege.  Chapman & Cole v. Itel Container Int'l.

10  B.V., 865 F.2d 676, 686 (5th Cir. 1989).

11            As to Objection No. (12), documents related to surveillance and

12  recordings at the instruction of Christensen Glaser will be in the unique possession

13  of Christensen Glaser.

14

15  TOPIC NO. 11

16            COMMUNICATIONS REFERRING OR RELATING TO BRYANT,

17  BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS

18  ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret

19  Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah

20  Halpern, Jesse Ramirez, Anna Rhee, Ana Cabrera, Beatriz Morales and/or Maria

21  Salazar.

22  RESPONSE TO TOPIC NO. 11

23            Christensen Glaser incorporates by reference each and every General

24  Objection set forth above as though fully set forth herein.  Christensen Glaser

25  further objects specifically to Topic No. 11 on the following grounds: (1) overly

26  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

27  oppressive; (2) seeks information not within Christensen Glaser's possession,

28  custody or control, and/or documents that are in the possessions, custody or control

**REDACTED**

1 | of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-
2 | client privilege, and/or attorney-work product doctrine or any other applicable
3 | privilege or immunity; (4) seeks disclosure of facts that contain sensitive
4 | confidential and proprietary business information and/or constitute trade secret
5 | information; (5) seeks information that is neither relevant to the subject matter of the
6 | pending proceeding, nor reasonably calculated to lead to the discovery of admissible
7 | evidence; (6) seeks information readily accessible to Mattel from other sources or
8 | are otherwise publicly available; (8) seeks information which violates Christensen
9 | Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,
10 | ambiguous and unintelligible; (10) seeks information in violation of the settlement
11 | negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*
12 | *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
13 | including his January 9, 2008 order, regarding service of subpoenas on former
14 | counsel, in that the information can be obtained by other means and from elsewhere,
15 | the information is not clearly relevant and is privileged, and the information is not
16 | crucial to the preparation of the case.; and (12) exceeds the number of allowable
17 | depositions as ordered by Judge Larson on January 7, 2008.

18 | REASON WHY MATTEL'S TOPIC IS PROPER:

19 | *See* Reasons for Topic No. 1 above. The witnesses listed in this Topic
20 | are all witnesses with knowledge about the origins, conception and/or early
21 | development of Bratz.

22 | In addition, in seeking communications involving Farhad Larian, this
23 | Request also seeks information uniquely in Christensen Glaser's possession related
24 | to documents

**REDACTED**

1

2

3

4          Ms. Gronich, MGA's in-

5  house counsel, described its outside counsel (*i.e.*, Christensen Glaser and O'Melveny

6  & Meyers) as being involved in MGA's document preservation efforts for this

7  litigation.[14]  Christensen Glaser later became Farhad Larian's attorney to handle

8  Mattel's subpoena in this litigation.  For the same reasons set forth in Mattel's

9  Reasons for Request No. 1, paragraph (3) above, Ninth Circuit law does not allow a

10  party to shield evidence of its at-best negligent efforts to preserve documents under

11  the guise of attorney-client privilege, particularly when that party has affirmatively

12  asserted that it has complied with its document preservation obligations, as MGA

13  has done here.  Judge Larson put spoliation squarely at issue in this litigation by

14  requiring the parties to present affirmative evidence of its document preservation of

15  evidence.  Spoliation of evidence is directly relevant as it allows for negative factual

16  inferences if such facts do not exist because of the spoliation. See, e.g., In re

17  Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060 (N.D. Cal. 2006).

18

19  TOPIC NO. 12

20          Any fee or indemnification agreements REFERRING OR RELATING

21  TO this ACTION or any MATTEL claim.

22  RESPONSE TO TOPIC NO. 12

23          Christensen Glaser incorporates by reference each and every General

24  Objection set forth above as though fully set forth herein.  Christensen Glaser

25  _____

26  [12]  *See* Mot., Background § 2.

27  [13]  Albán Dec., Exh. 7 at 170:10-174:5.

28  [14]  *Id.*, Exh. 9.

**REDACTED**

1   further objects specifically to Topic No. 12 on the following grounds: (1) overly

2   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

3   oppressive; (2) seeks information not within Christensen Glaser's possession,

4   custody or control, and/or documents that are in the possessions, custody or control

5   of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-

6   client privilege, and/or attorney-work product doctrine or any other applicable

7   privilege or immunity; (4) seeks disclosure of facts that contain sensitive

8   confidential and proprietary business information and/or constitute trade secret

9   information; (5) seeks information that is neither relevant to the subject matter of the

10   pending proceeding, nor reasonably calculated to lead to the discovery of admissible

11   evidence; (6) seeks information readily accessible to Mattel from other sources or

12   are otherwise publicly available; (8) seeks information which violates Christensen

13   Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

14   ambiguous and unintelligible; (10) seeks information in violation of the settlement

15   negotiations privilege; (11) fails to comply with the requirements of *Shelton v.*

16   *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

17   including his January 9, 2008 order, regarding service of subpoenas on former

18   counsel, in that the information can be obtained by other means and from elsewhere,

19   the information is not clearly relevant and is privileged, and the information is not

20   crucial to the preparation of the case.; and (12) exceeds the number of allowable

21   depositions as ordered by Judge Larson on January 7, 2008.

22   REASON WHY MATTEL'S TOPIC IS PROPER:

23             *See* Reasons Topic No. 1 above.

24             As to the relevance of this particular Topic, it is well-settled law, and

25   the Discovery Master has already ruled, that payments from MGA or Larian to

26   Farhad Larian and Bryant are relevant and discoverable.

27

28                                        **REDACTED**

1    As to Objection Nos. (3) and (12), payment information between MGA,
2  on the one hand, and Bryant or Farhad Larian, on the other, with respect to this
3  litigation, are not privileged communications.

4    As to Objection Nos. (12), as MGA's attorneys during which such
5  payments were made, Christensen Glaser likely uniquely possesses responsive
6  documents to this Request. Bryant and Farhad Larian have also obstructed
7  discovery on this issue.

8

9  TOPIC NO. 13

10    The DOCUMENT that Victoria O'Connor of MGA testified she sent
11  YOU in 2000 and including without limitation any iteration, version or draft thereof,
12  and all COMMUNICATIONS with BRYANT relating thereto.

13  RESPONSE TO TOPIC NO. 13

14    Christensen Glaser incorporates by reference each and every General
15  Objection set forth above as though fully set forth herein. Christensen Glaser
16  further objects specifically to Topic No. 13 on the following grounds: (1) overly
17  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or
18  oppressive; (2) seeks information not within Christensen Glaser's possession,
19  custody or control, and/or documents that are in the possessions, custody or control
20  of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-
21  client privilege, and/or attorney-work product doctrine or any other applicable
22  privilege or immunity; (4) seeks disclosure of facts that contain sensitive
23  confidential and proprietary business information and/or constitute trade secret
24  information; (5) seeks information that is neither relevant to the subject matter of the
25  pending proceeding, nor reasonably calculated to lead to the discovery of admissible
26  evidence; (6) seeks information readily accessible to Mattel from other sources or
27  are otherwise publicly available; (8) seeks information which violates Christensen
28  Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague,

REDACTED

1  ambiguous and unintelligible; (10) seeks information in violation of the settlement

2  negotiations privilege; and (11) fails to comply with the requirements of *Shelton v.*

3  *American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

4  including his January 9, 2008 order, regarding service of subpoenas on former

5  counsel, in that the information can be obtained by other means and from elsewhere,

6  the information is not clearly relevant and is privileged, and the information is not

7  crucial to the preparation of the case.

8  <u>REASON WHY MATTEL'S TOPIC IS PROPER:</u>

9       *See* Reasons for Topic No. 1 above.

10

11

12  DATED: February 29, 2008       QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP

13

14                               By_____

15                                 Jon D. Corey
                               Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28  REDACTED