1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5 |   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 |                 UNITED STATES DISTRICT COURT

11 |                 CENTRAL DISTRICT OF CALIFORNIA

12 |                         EASTERN DIVISION

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 14 | Plaintiff, | Consolidated with |
| 15 | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16 | MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S SEPARATE<br>STATEMENT IN SUPPORT OF |
| 17 | | MOTION TO COMPEL<br>PRODUCTION OF DOCUMENTS OF |
| 18 | Defendant. | CHRISTENSEN, GLASER, FINK,<br>JACOBS, WEIL & SHAPIRO, LLP |
| 19 | AND CONSOLIDATED CASES | |

20 |

21 |

22 |         For the Discovery Master's convenience, Mattel, Inc. respectfully

23 | submits the following Separate Statement In Support of its Motion to Compel

24 | Deposition And Production Of Documents Of Christensen, Glaser, Fink, Jacobs,

25 | Weil & Shapiro, LLP. This Separate Statement applies to Mattel's Requests for

26 | Production:

                         **PUBLIC REDACTED**

27 |

28 |

07209/2419515.1

## **Requests for Production**

**REQUEST FOR PRODUCTION NO. 1**

ALL DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE to the BRYANT/MGA AGREEMENT, including without limitation such agreement (or version thereof) that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to request for production No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information and documents not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of other parties, including the parties in this action; (3) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks production of voluminous records without sufficient limitations as to time; (6) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks documents which violate Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

**REDACTED**

1 | violation of the settlement negotiations privilege; (11) seeks production of
2 | documents prohibited from disclosure by the protective orders issued in this
3 | ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
4 | Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the
5 | requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and
6 | Judge Infante's prior orders, including his January 9, 2008 order, regarding service
7 | of subpoenas on former counsel, in that the information can be obtained by other
8 | means and from elsewhere, the information is not clearly relevant and is privileged,
9 | and the information is not crucial to the preparation of the case.
10 | REASON WHY MATTEL'S RESPONSE IS PROPER:
11 | The Bryant/MGA Agreement purporting to assign the right to Bratz
12 | ("Agreement") lies at the center of Mattel's allegations against Bryant and MGA
13 | regarding Bratz. The Agreement sets forth Bryant's purported transfer of the rights
14 | to Bratz to MGA. Mattel's Counterclaims further allege that defendants tampered
15 | the Agreement in order to conceal that Mattel was the true owner of Bratz, that a
16 | version of the Agreement with the true date of the contract revealed Bryant's
17 | violation of his agreements with Mattel, and that defendants' tampering of the
18 | Agreement constitutes a predicate act under RICO.[1]  It is not surprising that the
19 | Discovery Master has ruled on more than one occasion that documents related to the
20 | Agreement are relevant and discoverable.[2]

21
22
23
24
25
26

27 | [1]  *See* Mot. § I(A).

28 | **REDACTED**

07209/2419515.1

1      This places Christensen Glaser in a
2  unique position to answer questions and produce documents regarding a central
3  question in the case: whether Larian tampered a critical document in order to
4  conceal the true ownership of Bratz.

5

6      Information about Larian's spoliation of a version of the Agreement is
7  relevant in and of itself. Federal Courts allow negative factual inferences when they
8  find evidence of spoliation. See, e.g., In re Napster, Inc. Copyright Litigation, 462
9  F. Supp. 2d 1060 (N.D. Cal. 2006).

10      None of Christensen Glaser's objections have merit:

11      (1) Boilerplate burden objections, with no assertion of how a request is
12  burdensome, are not sufficient for Christensen Glaser to show burden. Goodman v.
13  U.S., 369 F.2d 166, 169 (9th Cir. 1966); Oakes v. Halvorsen Marine Ltd.,
14  179 F.R.D. 281, 283 (C.D. Cal. 1998); A. Farber & Partners, Inc. v. Garber,
15  234 F.R.D. 186, 188 (C.D. Cal. 2006); Flatow v. The Islamic Republic of Iran,
16  202 F.R.D. 35, 36 (D.D.C. 2001); Northrop Corp. v. McDonnell Douglas Corp.,
17  751 F.2d 395, 403 (D.C. Cir. 1984). "As an initial matter, general or boilerplate
18  objections such as 'overly burdensome and harassing' are improper—especially
19  when a party fails to submit any evidentiary declaration supporting such objections."
20  A. Farber, 234 F.R.D. at 188, citing Paulsen v. Case Corp., 168 F.R.D. 285, 289
21  (C.D. Cal. 1996). As the Fifth Circuit has explained, objections that document
22  requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to
23  meet the objecting party's burden to explain why the challenged discovery requests
24  are objectionable. See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,
25  894 F.2d 1482, 1485 (5th Cir. 1990).

26

27  [2] *Id.*                                     **REDACTED**

28

1      (2) Mattel seeks only documents within Christensen Glaser's

2  possession, custody or control.

3      (3) Mattel does not seek legitimately privileged information, where

4  MGA and Larian have not impliedly waived that privilege.  However, the majority

5  of the information Mattel seeks here is not privileged.

6      First, Mattel's Request is expressly limited to documents created prior

7  to April 27, 2004, when this action commenced.

8      Second, communications between MGA and Larian or their counsel, on

9  the one hand, and Bryant or his counsel, on the other, are not privileged.  This

10  applies to the Agreement and all drafts thereof that were exchanged between MGA

11  and Bryant and/or between their counsel.  Unocal Corp. v. U.S., 2005 WL 3736952,

12  at *3 (N.D.Cal. 2005) (documents shared with a third party are not protected by the

13  attorney-client privilege); Softview Computer Prods. Corp. v. Haworth, Inc., 2000

14  WL 351411, at *15 (S.D.N.Y. 2000) ("Drafts of documents prepared by an attorney

15  for transmission to third parties are protected by the attorney-client privilege only

16  where the draft document contains confidential information communicated by the

17  client to the attorney that is maintained in confidence.") (emphasis added).

18      Third, information Christensen Glaser created during the contract

19  negotiations, even if it did not share it with Bryant, is not privileged if it was not

20  created in anticipation of litigation or for trial.  Fed. R. Civ. P. 26(b)(3); Matter of

21  Fischel, 557 F.2d 209, 212 (9th Cir. 1977); United States v. Torf, 357 F.3d 900, 908

22  (9th Cir. 2004) ("anticipation of litigation" has been defined in the Ninth Circuit as

23  preparation of a document "because of the prospect of litigation').

24

25

26

27

28

**REDACTED**

1

2      Given his affirmative assertions, Larian

3   cannot now cloak himself with the attorney-client privilege to prevent a Mattel from

4   seeking information from Christensen Glaser, who can provide definitive proof on

5   the veracity of Larian's contradicted testimony. This is particularly true given

6   Christensen Glaser's unique knowledge and possession of the critical document(s) in

7   this respect. Chevron Corp. v. Pennzoil Corp., 974 F.2d 1156, 1162 (9th Cir. 1992);

8   Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1418-20 (11th Cir.

9   1994), cert denied, 513 U.S. 1110 (1995). By "assert[ing] claims the opposing party

10  cannot adequately dispute unless it has access to the privilege materials," Bittaker v.

11  Woodford, 331 F.3d 715, 719 (9th Cir. 2003), MGA and Larian waived the

12  privilege. Because the waived privilege belongs to MGA and Larian, of course,

13  Christensen cannot assert the privilege either.

14      (4)   The Protective Order in this action allows Christensen Glaser to

15  rely on it to protect proprietary or trade secret information.

16      (5)   *See* Reason under Paragraph (1) above. Further, this Request *is*

17  expressly limited as to time. The MGA/Bryant agreement was signed and

18  purportedly negotiated in 2000, and Mattel does not seek documents created after

19  April 27, 2004.

20      (6)   *See* introductory reason paragraph above. Further, boilerplate

21  relevancy objections, without setting forth any explanation or argument why the

22  requested documents are not relevant, are improper. *See* Surfvivor Media, Inc. v.

23  Survivor Products, 46 F.3d 625, 635 (9th Cir. 2005).

24      (7)   Christensen Glaser has unique knowledge and possession of a

25  version of the Agreement that goes to a central issue in this case: whether Larian

26  tampered the Agreement before sending it to Glaser in order to conceal that Bryant

27  had faxed it from Mattel.

28

**REDACTED**

1

2

3

4

5      (8)    The Protective Order in this action allows Christensen Glaser to

6  rely on it to protect any right to privacy concerns that it may have.  The Discovery

7  Master has ruled that the Protective Order adequately protects privacy concerns.[3]

8      (9)    *See* Reason under Paragraph (1) above.  Christensen Glaser has

9  made no effort to have Mattel clarify this Request, if it truly finds it vague.

10     (10)   There is no settlement negotiations privilege for purposes of

11  discovery.  Fed. R. Evid. 408, Matsushita Electric Industrial Co., Ltd. v. Mediatek,

12  Inc., 2007 WL 963975, at *2-3 (N.D. Cal.).  It is only an admissibility rule.

13     (11)   The *Larian v. Larian* protective orders have already been

14  modified by the parties so as to already allow production of any documents

15  protected by the *Larian v. Larian* arbitration protective order.  The parties have also

16  signed the modification of the *Larian v. Larian* litigation protective order, and the

17  Los Angeles Superior Court will have a status conference on final approval of this

18  modification on March 5, 2008.

19     (12)   This Request complies with *Shelton v. American Motors*, 805

20  F.2d 1323 (8th Cir. 1986).  (i) *See* Reason under paragraph (7) above—Christensen

21  Glaser possesses unique information with respect to this request;  (ii) *See*

22  introductory Reason and Reason under paragraph (3) above—any versions of the

23  Agreement Christensen Glaser possesses are either not privileged because they were

24  shared with Bryant,

25

26

27  [3]  Albán Dec., Exh. 19 at 11.

28

**REDACTED**

1   Furthermore, Christensen Glaser is not litigation counsel in this action, as they

2   withdrew on August 27, 2007.[4]  Any of their work product not done in anticipation

3   of litigation is not privileged, as stated above.

4

5   REQUEST FOR PRODUCTION NO. 2

6          To the extent not produced in response to Request No. 1, all contracts

7   or agreements; or proposed, requested or offered contracts or agreements, between

8   MGA and BRYANT and all other DOCUMENTS generated, created, prepared or

9   transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE

10   thereto.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 2

12          Christensen Glaser incorporates by reference each and every General

13   Objection set forth above as though fully set forth herein.  Christensen Glaser

14   further objects specifically to request for production No. 2 on the following grounds:

15   (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome

16   and/or oppressive; (2) seeks information and documents not within Christensen

17   Glaser's possession, custody or control, and/or documents that are in the

18   possessions, custody or control of other parties, including the parties in this action;

19   (3) seeks disclosure of facts and documents protected by or subject to the attorney-

20   client privilege, and/or attorney-work product doctrine or any other applicable

21   privilege or immunity; (4) seeks disclosure of facts and documents that contain

22   sensitive confidential and proprietary business information and/or constitute trade

23   secret information; (5) seeks production of voluminous records without sufficient

24   limitations as to time; (6) seeks information that is neither relevant to the subject

25   matter of the pending proceeding, nor reasonably calculated to lead to the discovery

26

27   [4]  *Id.*, Exh. 21.

28                                                        **REDACTED**

1  of admissible evidence; (7) seeks information and documents readily accessible to

2  Mattel from other sources or are otherwise publicly available; (8) seeks documents

3  which violate Christensen Glaser's right to privacy and/or the right to privacy of a

4  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

5  violation of the settlement negotiations privilege; (11) seeks production of

6  documents prohibited from disclosure by the protective orders issued in this

7  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

8  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

9  requirements of Shelton v. American Motors, 805 F.2d 1323 (8th Cir. 1986) and

10  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

11  of subpoenas on former counsel, in that the information can be obtained by other

12  means and from elsewhere, the information is not clearly relevant and is privileged,

13  and the information is not crucial to the preparation of the case.

14  REASON WHY MATTEL'S RESPONSE IS PROPER:

15       See Reasons for Request No. 1 above.  This Request is separately

16  relevant because MGA and Bryant may have entered into or contemplated entering

17  into other Agreements with respect to Bratz.  This includes any contemplated or

18  actual agreements conceived in the process of MGA and Larian's entering in to the

19  Agreement with Bryant.

20

21  REQUEST FOR PRODUCTION NO. 3

22       All DOCUMENTS generated, created, prepared or transmitted in

23  whole or part prior to April 27, 2004 that REFER OR RELATE TO BRYANT's

24  employment by, or any contracts or agreements with, MATTEL, including without

25  limitation to the INVENTIONS AGREEMENT, and all COMMUNICATIONS with

26  BRYANT relating thereto.

27

28                                      **REDACTED**

RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to request for production No. 3 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information and documents not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of other parties, including the parties in this action; (3) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks production of voluminous records without sufficient limitations as to time; (6) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks documents which violate Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in violation of the settlement negotiations privilege; (11) seeks production of documents prohibited from disclosure by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case. **REDACTED**

1  REASON WHY MATTEL'S RESPONSE IS PROPER:

2  *See* Reasons for Request No. 1 above. This Request seeks information

3  about Christensen Glaser's personal knowledge and possession of documents that

4  belong to Mattel, and thus this Requests seeks non-privileged information.

5

6

7

8  Offensive use of attorney-client

9  communications prevents MGA and Larian, and thereby Christensen Glaser, from

10  relying on the attorney-client privilege defensively.

11

12

13

14

15  REQUEST FOR PRODUCTION NO. 4

16  All DOCUMENTS generated, created, prepared or transmitted in

17  whole or part prior to April 27, 2004 that REFER OR RELATE TO BRATZ or any

18  BRATZ WORK and REFER OR RELATE TO the time period prior to December

19  31, 2001.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 4

21  Christensen Glaser incorporates by reference each and every General

22  Objection set forth above as though fully set forth herein. Christensen Glaser

23  further objects specifically to request for production No. 4 on the following grounds:

24  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome

25  and/or oppressive; (2) seeks information and documents not within Christensen

26  _____

27  [5] *Id.,* Exh. 2.

28  **REDACTED**

07209/2419515.1

-11-

1   Glaser's possession, custody or control, and/or documents that are in the

2   possessions, custody or control of other parties, including the parties in this action;

3   (3) seeks disclosure of facts and documents protected by or subject to the attorney-

4   client privilege, and/or attorney-work product doctrine or any other applicable

5   privilege or immunity; (4) seeks disclosure of facts and documents that contain

6   sensitive confidential and proprietary business information and/or constitute trade

7   secret information; (5) seeks production of voluminous records without sufficient

8   limitations as to time; (6) seeks information that is neither relevant to the subject

9   matter of the pending proceeding, nor reasonably calculated to lead to the discovery

10  of admissible evidence; (7) seeks information and documents readily accessible to

11  Mattel from other sources or are otherwise publicly available; (8) seeks documents

12  which violate Christensen Glaser's right to privacy and/or the right to privacy of a

13  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

14  violation of the settlement negotiations privilege; (11) seeks production of

15  documents prohibited from disclosure by the protective orders issued in this

16  ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

17  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

18  requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and

19  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

20  of subpoenas on former counsel, in that the information can be obtained by other

21  means and from elsewhere, the information is not clearly relevant and is privileged,

22  and the information is not crucial to the preparation of the case.

23  <u>REASON WHY MATTEL'S RESPONSE IS PROPER:</u>

24          *See* Reasons for Request No. 1 above.  The time limitation to this

25  Request—documents relating to Bratz prior to December 31, 2001—limits the scope

26

27      [6]  *Id.*

28

**REDACTED**

1  of this Request to information squarely relevant to the time period when Bratz was
2  originated, conceived, and its early development and marketing.  The Requests
3  encompasses substantial non-privileged information, as such information would
4  have had to come initially from Bryant.

5

6  REQUEST FOR PRODUCTION NO. 5

7          To the extent not produced in response to any other Request, all
8  DOCUMENTS generated, created, prepared or transmitted in whole or part prior to
9  April 27, 2004 that REFER OR RELATE TO BRYANT and that REFER OR
10 RELATE TO the time period prior to December 31, 2001.

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 5

12         Christensen Glaser incorporates by reference each and every General
13 Objection set forth above as though fully set forth herein.  Christensen Glaser
14 further objects specifically to request for production No. 5 on the following grounds:
15 (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome
16 and/or oppressive; (2) seeks information and documents not within Christensen
17 Glaser's possession, custody or control, and/or documents that are in the
18 possessions, custody or control of other parties, including the parties in this action;
19 (3) seeks disclosure of facts and documents protected by or subject to the attorney-
20 client privilege, and/or attorney-work product doctrine or any other applicable
21 privilege or immunity; (4) seeks disclosure of facts and documents that contain
22 sensitive confidential and proprietary business information and/or constitute trade
23 secret information; (5) seeks production of voluminous records without sufficient
24 limitations as to time; (6) seeks information that is neither relevant to the subject
25 matter of the pending proceeding, nor reasonably calculated to lead to the discovery
26 of admissible evidence; (7) seeks information and documents readily accessible to
27 Mattel from other sources or are otherwise publicly available; (8) seeks documents
28 which violate Christensen Glaser's right to privacy and/or the right to privacy of a

REDACTED

1  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

2  violation of the settlement negotiations privilege; (11) seeks production of

3  documents prohibited from disclosure by the protective orders issued in this

4  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

5  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

6  requirements of Shelton v. American Motors, 805 F.2d 1323 (8th Cir. 1986) and

7  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

8  of subpoenas on former counsel, in that the information can be obtained by other

9  means and from elsewhere, the information is not clearly relevant and is privileged,

10  and the information is not crucial to the preparation of the case.

11  REASON WHY MATTEL'S RESPONSE IS PROPER:

12       See Reasons for Request No. 4 above.

13

14  REQUEST FOR PRODUCTION NO. 6

15       All DOCUMENTS that were generated, created, prepared or

16  transmitted in whole or part prior to April 27, 2004 and that REFER OR RELATE

17  TO the origins, reduction to practice, conception, creation or development, or the

18  timing of conception, creation, development or reduction to practice, of BRATZ or

19  any BRATZ WORK, including without limitation any COMMUNICATIONS

20  between YOU and BRYANT relating thereto and any investigations, analysis or

21  inquiry performed by any PERSON in connection therewith.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 6

23       Christensen Glaser incorporates by reference each and every General

24  Objection set forth above as though fully set forth herein.  Christensen Glaser

25  further objects specifically to request for production No. 6 on the following grounds:

26  (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome

27  and/or oppressive; (2) seeks information and documents not within Christensen

28  Glaser's possession, custody or control, and/or documents that are **REDACTED**

-14-

SEPARATE STATEMENT OF RESPONSES TO RESPONSE AND OBJECTIONS TO SUBPOENA (REQUESTS)

1 possessions, custody or control of other parties, including the parties in this action;
2 (3) seeks disclosure of facts and documents protected by or subject to the attorney-
3 client privilege, and/or attorney-work product doctrine or any other applicable
4 privilege or immunity; (4) seeks disclosure of facts and documents that contain
5 sensitive confidential and proprietary business information and/or constitute trade
6 secret information; (5) seeks production of voluminous records without sufficient
7 limitations as to time; (6) seeks information that is neither relevant to the subject
8 matter of the pending proceeding, nor reasonably calculated to lead to the discovery
9 of admissible evidence; (7) seeks information and documents readily accessible to
10 Mattel from other sources or are otherwise publicly available; (8) seeks documents
11 which violate Christensen Glaser's right to privacy and/or the right to privacy of a
12 third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in
13 violation of the settlement negotiations privilege; (11) seeks production of
14 documents prohibited from disclosure by the protective orders issued in this
15 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
16 Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the
17 requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and
18 Judge Infante's prior orders, including his January 9, 2008 order, regarding service
19 of subpoenas on former counsel, in that the information can be obtained by other
20 means and from elsewhere, the information is not clearly relevant and is privileged,
21 and the information is not crucial to the preparation of the case.
22 REASON WHY MATTEL'S RESPONSE IS PROPER:
23      *See* Reasons for Request No. 1 above.
24
25 REQUEST FOR PRODUCTION NO. 8
26      All contracts or agreements between MATTEL and any PERSON other
27 than BRYANT that REFERS OR RELATES TO the ownership, or putative or
28 potential ownership, of inventions, designs, works or ideas and that YOU sent or

**REDACTED**

07209/2419515.1

-15-

1 | transmitted to, received from, or shared with MGA or that MGA sent or transmitted
2 | to, received from, or shared with YOU, prior to April 27, 2004.

3 | RESPONSE TO REQUEST FOR PRODUCTION NO. 8

4 |       Christensen Glaser incorporates by reference each and every General
5 | Objection set forth above as though fully set forth herein.  Christensen Glaser
6 | further objects specifically to request for production No. 8 on the following grounds:
7 | (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome
8 | and/or oppressive; (2) seeks information and documents not within Christensen
9 | Glaser's possession, custody or control, and/or documents that are in the
10 | possessions, custody or control of other parties, including the parties in this action;
11 | (3) seeks disclosure of facts and documents protected by or subject to the attorney-
12 | client privilege, and/or attorney-work product doctrine or any other applicable
13 | privilege or immunity; (4) seeks disclosure of facts and documents that contain
14 | sensitive confidential and proprietary business information and/or constitute trade
15 | secret information; (5) seeks production of voluminous records without sufficient
16 | limitations as to time; (6) seeks information that is neither relevant to the subject
17 | matter of the pending proceeding, nor reasonably calculated to lead to the discovery
18 | of admissible evidence; (7) seeks information and documents readily accessible to
19 | Mattel from other sources or are otherwise publicly available; (8) seeks documents
20 | which violate Christensen Glaser's right to privacy and/or the right to privacy of a
21 | third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in
22 | violation of the settlement negotiations privilege; (11) seeks production of
23 | documents prohibited from disclosure by the protective orders issued in this
24 | ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
25 | Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the
26 | requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and
27 | Judge Infante's prior orders, including his January 9, 2008 order, regarding service
28 | of subpoenas on former counsel, in that the information can be obtained by other

07209/2419515.1

-16-

**REDACTED**

1    means and from elsewhere, the information is not clearly relevant and is privileged,

2    and the information is not crucial to the preparation of the case.

3    REASON WHY MATTEL'S RESPONSE IS PROPER:

4            *See* Reasons for Request No. 3 above.

5

6    REQUEST FOR PRODUCTION NO. 10

7            All COMMUNICATIONS transmitted by YOU or received by YOU

8    prior to April 27, 2004 REFERRING OR RELATING TO the ownership, or

9    putative or potential ownership, of inventions, designs, works or ideas created,

10   conceived or reduced to practice by BRYANT while he was employed by

11   MATTEL.

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 10

13           Christensen Glaser incorporates by reference each and every General

14   Objection set forth above as though fully set forth herein. Christensen Glaser

15   further objects specifically to request for production No. 10 on the following

16   grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,

17   burdensome and/or oppressive; (2) seeks information and documents not within

18   Christensen Glaser's possession, custody or control, and/or documents that are in the

19   possessions, custody or control of other parties, including the parties in this action;

20   (3) seeks disclosure of facts and documents protected by or subject to the attorney-

21   client privilege, and/or attorney-work product doctrine or any other applicable

22   privilege or immunity; (4) seeks disclosure of facts and documents that contain

23   sensitive confidential and proprietary business information and/or constitute trade

24   secret information; (5) seeks production of voluminous records without sufficient

25   limitations as to time; (6) seeks information that is neither relevant to the subject

26   matter of the pending proceeding, nor reasonably calculated to lead to the discovery

27   of admissible evidence; (7) seeks information and documents readily accessible to

28   Mattel from other sources or are otherwise publicly available; (8) seeks documents

**REDACTED**

-17-

1  which violate Christensen Glaser's right to privacy and/or the right to privacy of a

2  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

3  violation of the settlement negotiations privilege; (11) seeks production of

4  documents prohibited from disclosure by the protective orders issued in this

5  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

6  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

7  requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and

8  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

9  of subpoenas on former counsel, in that the information can be obtained by other

10  means and from elsewhere, the information is not clearly relevant and is privileged,

11  and the information is not crucial to the preparation of the case.

12  REASON WHY MATTEL'S RESPONSE IS PROPER:

13  *See* Reasons for Request No. 1 above.

14

15  REQUEST FOR PRODUCTION NO. 11

16  All DOCUMENTS, including without limitation

17  COMMUNICATIONS between YOU and any BRYANT, REFERRING OR

18  RELATING TO statements, assertions, claims or suggestions that BRYANT

19  conceived, created, worked on, reduced to practice, modified or improved BRATZ

20  or any BRATZ WORK between January 4, 1999 and October 20, 2000, including

21  without limitation any denials or refutations, whether in whole or in part, of any

22  such statements, assertions, claims or suggestions.

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 11

24  Christensen Glaser incorporates by reference each and every General

25  Objection set forth above as though fully set forth herein. Christensen Glaser

26  further objects specifically to request for production No. 11 on the following

27  grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,

28  burdensome and/or oppressive; (2) seeks information and documents not within

07209/2419515.1

**REDACTED**

-18-

1   Christensen Glaser's possession, custody or control, and/or documents that are in the

2   possessions, custody or control of other parties, including the parties in this action;

3   (3) seeks disclosure of facts and documents protected by or subject to the attorney-

4   client privilege, and/or attorney-work product doctrine or any other applicable

5   privilege or immunity; (4) seeks disclosure of facts and documents that contain

6   sensitive confidential and proprietary business information and/or constitute trade

7   secret information; (5) seeks production of voluminous records without sufficient

8   limitations as to time; (6) seeks information that is neither relevant to the subject

9   matter of the pending proceeding, nor reasonably calculated to lead to the discovery

10  of admissible evidence; (7) seeks information and documents readily accessible to

11  Mattel from other sources or are otherwise publicly available; (8) seeks documents

12  which violate Christensen Glaser's right to privacy and/or the right to privacy of a

13  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

14  violation of the settlement negotiations privilege; (11) seeks production of

15  documents prohibited from disclosure by the protective orders issued in this

16  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

17  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

18  requirements of Shelton v. American Motors, 805 F.2d 1323 (8th Cir. 1986) and

19  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

20  of subpoenas on former counsel, in that the information can be obtained by other

21  means and from elsewhere, the information is not clearly relevant and is privileged,

22  and the information is not crucial to the preparation of the case.

23  REASON WHY MATTEL'S RESPONSE IS PROPER:

24          See Reasons for Request No. 1 above.

25

26  REQUEST FOR PRODUCTION NO. 12

27          All COMMUNICATIONS REFERRING OR RELATING TO

28  BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or

**REDACTED**

1 | THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as
2 | Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan,
3 | Sarah Halpern, Jesse Ramirez and/or Anna Rhee.

4 | RESPONSE TO REQUEST FOR PRODUCTION NO. 12

5 |      Christensen Glaser incorporates by reference each and every General
6 | Objection set forth above as though fully set forth herein.  Christensen Glaser
7 | further objects specifically to request for production No. 12 on the following
8 | grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
9 | burdensome and/or oppressive; (2) seeks information and documents not within
10 | Christensen Glaser's possession, custody or control, and/or documents that are in the
11 | possessions, custody or control of other parties, including the parties in this action;
12 | (3) seeks disclosure of facts and documents protected by or subject to the attorney-
13 | client privilege, and/or attorney-work product doctrine or any other applicable
14 | privilege or immunity; (4) seeks disclosure of facts and documents that contain
15 | sensitive confidential and proprietary business information and/or constitute trade
16 | secret information; (5) seeks production of voluminous records without limitations
17 | as to time; (6) seeks information that is neither relevant to the subject matter of the
18 | pending proceeding, nor reasonably calculated to lead to the discovery of admissible
19 | evidence; (7) seeks information and documents readily accessible to Mattel from
20 | other sources or are otherwise publicly available; (8) seeks documents which violate
21 | Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)
22 | is vague, ambiguous and unintelligible; (10) seeks documents in violation of the
23 | settlement negotiations privilege; (11) seeks production of documents prohibited
24 | from disclosure by the protective orders issued in this ACTION, Larian v. Larian,
25 | Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS
26 | Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*
27 | *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
28 | including his January 9, 2008 order, regarding service of subpoenas on former

07209/2419515.1

-20-

**REDACTED**

1   counsel, in that the information can be obtained by other means and from elsewhere,

2   the information is not clearly relevant and is privileged, and the information is  not

3   crucial to the preparation of the case.

4   <u>REASON WHY MATTEL'S RESPONSE IS PROPER:</u>

5          *See* Reasons for Request No. 1 above.  The witnesses listed in this

6   Request are all witnesses with knowledge about the origins, conception and/or early

7   development of Bratz.

8          In addition, in seeking communications involving Farhad Larian,  this

9   Request also seeks information uniquely in Christensen Glaser's possession related

10  to documents

11

12

13

14  :

15          Ms. Gronich, MGA's in-

16  house counsel, described its outside counsel (*i.e.*, Christensen Glaser and O'Melveny

17  & Meyers) as being involved in MGA's document preservation efforts for this

18  litigation.[9]  Christensen Glaser later became Farhad Larian's attorney to handle

19  Mattel's subpoena in this litigation.  For the same reasons set forth in Mattel's

20  Reasons for Request No. 1, paragraph (3) above, Ninth Circuit law does not allow a

21  party to shield evidence of its at-best negligent efforts to preserve documents under

22  the guise of attorney-client privilege, particularly when that party has affirmatively

23  asserted that it has complied with its document preservation obligations, as MGA

24  has done here.  Judge Larson put spoliation squarely at issue in this litigation by

25  _____

26  [7]  *See* Mot., Background § 2.

27  [8]  Albán Dec., Exh. 7 at 170:10-174:5.

28  [9]  *Id.*, Exh. 9.

**REDACTED**

1  requiring the parties to present affirmative evidence of its document preservation of
2  evidence.  Spoliation of evidence is directly relevant as it allows for negative factual
3  inferences if such facts do not exist because of the spoliation. See, e.g., In re
4  Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060 (N.D. Cal. 2006).
5
6  REQUEST FOR PRODUCTION NO. 13
7          All COMMUNICATIONS REFERRING OR RELATING TO
8  BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or
9  THIS ACTION to or from Ana Cabrera, Beatriz Morales and/or Maria Salazar.
10 RESPONSE TO REQUEST FOR PRODUCTION NO. 13
11         Christensen Glaser incorporates by reference each and every General
12 Objection set forth above as though fully set forth herein.  Christensen Glaser
13 further objects specifically to request for production No. 13 on the following
14 grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
15 burdensome and/or oppressive; (2) seeks information and documents not within
16 Christensen Glaser's possession, custody or control, and/or documents that are in the
17 possessions, custody or control of other parties, including the parties in this action;
18 (3) seeks disclosure of facts and documents protected by or subject to the attorney-
19 client privilege, and/or attorney-work product doctrine or any other applicable
20 privilege or immunity; (4) seeks disclosure of facts and documents that contain
21 sensitive confidential and proprietary business information and/or constitute trade
22 secret information; (5) seeks production of voluminous records without limitations
23 as to time; (6) seeks information that is neither relevant to the subject matter of the
24 pending proceeding, nor reasonably calculated to lead to the discovery of admissible
25 evidence; (7) seeks information and documents readily accessible to Mattel from
26 other sources or are otherwise publicly available; (8) seeks documents which violate
27 Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)
28 is vague, ambiguous and unintelligible; (10) seeks documents in violation of the

-22-
REDACTED

1  settlement negotiations privilege; (11) seeks production of documents prohibited

2  from disclosure by the protective orders issued in this ACTION, Larian v. Larian,

3  Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS

4  Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*

5  *v. American Motors*, 805 F.2d 1323 (8`h Cir. 1986) and Judge Infante's prior orders,

6  including his January 9, 2008 order, regarding service of subpoenas on former

7  counsel, in that the information can be obtained by other means and from elsewhere,

8  the information is not clearly relevant and is privileged, and the information is not

9  crucial to the preparation of the case.

10  REASON WHY MATTEL'S RESPONSE IS PROPER:

11         *See* Reasons for Request No. 12 above.

12

13  REQUEST FOR PRODUCTION NO. 14

14         To the extent not produced in response to any other Request, all

15  COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any

16  BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or

17  from any MATTEL employee while such person was employed by MATTEL.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 14

19         Christensen Glaser incorporates by reference each and every General

20  Objection set forth above as though fully set forth herein.  Christensen Glaser

21  further objects specifically to request for production No. 14 on the following

22  grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,

23  burdensome and/or oppressive; (2) seeks information and documents not within

24  Christensen Glaser's possession, custody or control, and/or documents that are in the

25  possessions, custody or control of other parties, including the parties in this action;

26  (3) seeks disclosure of facts and documents protected by or subject to the attorney-

27  client privilege, and/or attorney-work product doctrine or any other applicable

28  privilege or immunity; (4) seeks disclosure of facts and documents that contain

**REDACTED**

07209/2419515.1                                    -23-

1 sensitive confidential and proprietary business information and/or constitute trade
2 secret information; (5) seeks production of voluminous records without limitations
3 as to time; (6) seeks information that is neither relevant to the subject matter of the
4 pending proceeding, nor reasonably calculated to lead to the discovery of admissible
5 evidence; (7) seeks information and documents readily accessible to Mattel from
6 other sources or are otherwise publicly available; (8) seeks documents which violate
7 Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)
8 is vague, ambiguous and unintelligible; (10) seeks documents in violation of the
9 settlement negotiations privilege; (11) seeks production of documents prohibited
10 from disclosure by the protective orders issued in this ACTION, Larian v. Larian,
11 Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS
12 Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*
13 *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
14 including his January 9, 2008 order, regarding service of subpoenas on former
15 counsel, in that the information can be obtained by other means and from elsewhere,
16 the information is not clearly relevant and is privileged, and the information is not
17 crucial to the preparation of the case.

18 REASON WHY MATTEL'S RESPONSE IS PROPER:

19     *See* Reasons for Request No. 12 above.  In addition as to Objection
20 Number (3), this Request on its face only asks for non-privileged communications in
21 Christensen Glaser's possession *to or from Mattel employees*.

22

23 REQUEST FOR PRODUCTION NO. 15

24     All DOCUMENTS that REFER OR RELATE TO any indemnification
25 that BRYANT or FARHAD LARIAN has sought, proposed, requested or obtained
26 from MGA or that MGA has sought, proposed, requested or obtained from
27 BRYANT or FARHAD LARIAN.

28                                    **REDACTED**

1 | RESPONSE TO REQUEST FOR PRODUCTION NO. 15

2            Christensen Glaser incorporates by reference each and every General
3 | Objection set forth above as though fully set forth herein.  Christensen Glaser
4 | further objects specifically to request for production No. 15 on the following
5 | grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
6 | burdensome and/or oppressive; (2) seeks information and documents not within
7 | Christensen Glaser's possession, custody or control, and/or documents that are in the
8 | possessions, custody or control of other parties, including the parties in this action;
9 | (3) seeks disclosure of facts and documents protected by or subject to the attorney-
10 | client privilege, and/or attorney-work product doctrine or any other applicable
11 | privilege or immunity; (4) seeks disclosure of facts and documents that contain
12 | sensitive confidential and proprietary business information and/or constitute trade
13 | secret information; (5) seeks production of voluminous records without limitations
14 | as to time; (6) seeks information that is neither relevant to the subject matter of the
15 | pending proceeding, nor reasonably calculated to lead to the discovery of admissible
16 | evidence; (7) seeks information and documents readily accessible to Mattel from
17 | other sources or are otherwise publicly available; (8) seeks documents which violate
18 | Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)
19 | is vague, ambiguous and unintelligible; (10) seeks documents in violation of the
20 | settlement negotiations privilege; (11) seeks production of documents prohibited
21 | from disclosure by the protective orders issued in this ACTION, Larian v. Larian,
22 | Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS
23 | Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*
24 | *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
25 | including his January 9, 2008 order, regarding service of subpoenas on former
26 | counsel, in that the information can be obtained by other means and from elsewhere,
27 | the information is not clearly relevant and is privileged, and the information is not
28 | crucial to the preparation of the case.

1 | REASON WHY MATTEL'S RESPONSE IS PROPER:

2 |     *See* Reasons for Request No. 1 above.  In addition:

3 |     As to the relevance of this particular Request, it is well-settled law, and
4 | the Discovery Master has already ruled, that payments from MGA or Larian to
5 | Farhad Larian and Bryant are relevant and discoverable.

6 |     As to Objection Nos. (3) and (12), payment information between MGA,
7 | on the one hand, and Bryant or Farhad Larian, on the other, with respect to this
8 | litigation, are not privileged communications.

9 |     As to Objection Nos. (7) and (12), as MGA's attorneys during which
10 | such payments were made, Christensen Glaser likely uniquely possesses responsive
11 | documents to this Request.  Bryant and Farhad Larian have also obstructed
12 | discovery on this issue.

13 |

14 | REQUEST FOR PRODUCTION NO. 16

15 |     Any fee or indemnification agreements REFERRING OR RELATING
16 | TO this ACTION or any MATTEL claim, including without limitation by or with
17 | BRYANT, MGA or FARHAD LARIAN, including but not limited to all drafts
18 | thereof and COMMUNICATIONS RELATED thereto.

19 | RESPONSE TO REQUEST FOR PRODUCTION NO. 16

20 |     Christensen Glaser incorporates by reference each and every General
21 | Objection set forth above as though fully set forth herein.  Christensen Glaser
22 | further objects specifically to request for production No. 16 on the following
23 | grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
24 | burdensome and/or oppressive; (2) seeks information and documents not within
25 | Christensen Glaser's possession, custody or control, and/or documents that are in the
26 | possessions, custody or control of other parties, including the parties in this action;
27 | (3) seeks disclosure of facts and documents protected by or subject to the attorney-
28 | client privilege, and/or attorney-work product doctrine or any other applicable

1  privilege or immunity; (4) seeks disclosure of facts and documents that contain

2  sensitive confidential and proprietary business information and/or constitute trade

3  secret information; (5) seeks production of voluminous records without sufficient

4  limitations as to time; (6) seeks information that is neither relevant to the subject

5  matter of the pending proceeding, nor reasonably calculated to lead to the discovery

6  of admissible evidence; (7) seeks information and documents readily accessible to

7  Mattel from other sources or are otherwise publicly available; (8) seeks documents

8  which violate Christensen Glaser's right to privacy and/or the right to privacy of a

9  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

10  violation of the settlement negotiations privilege; (11) seeks production of

11  documents prohibited from disclosure by the protective orders issued in this

12  ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

13  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

14  requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and

15  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

16  of subpoenas on former counsel, in that the information can be obtained by other

17  means and from elsewhere, the information is not clearly relevant and is privileged,

18  and the information is not crucial to the preparation of the case.

19  <u>REASON WHY MATTEL'S RESPONSE IS PROPER:</u>

20  　　　　　*See* Reasons for Request No. 15 above.

21

22  <u>REQUEST FOR PRODUCTION NO. 17</u>

23  　　　　　All DOCUMENTS that FARHAD LARIAN showed MATTEL at any

24  time since January 1, 1999, including all such DOCUMENTS that he showed

25  MATTEL in connection with this ACTION, including without limitation each of the

26  following:

27  　　　　　(a)　　The MGA email dated November 16, 2000 that summarizes "last

28  week's meeting" with K-Mart and references BRATZ.　　**REDACTED**

1          (b)    FARHAD LARIAN's email to ISAAC LARIAN dated
2    November 22, 2000 mentioning prices for a "Bratz Fashion Pack."
3          (c)    The November 22, 2000 chart describing changes to the Bratz
4    Doll Assortment and Bratz Holiday doll.
5          (d)    FARHAD LARIAN's August 19, 2005 email to Scott Bachrach
6    (at scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and
7    MGA concerning BRATZ, as well associated COMMUNICATIONS.
8          (e)    FARHAD LARIAN's August 22, 2005 email to Colleen
9    O'Higgins asking about BRYANT and BRATZ, as well as associated
10   COMMUNICATIONS.
11         (f)    The COMMUNICATIONS with Bin Ton, Michael Lingg and
12   Jennifer Maurus regarding BRATZ, including without limitation those relating to
13   actual and/or draft declaration(s) by the foregoing regarding BRATZ.
14         (g)    The December 21, 2000 email from ISAAC LARIAN to Paul
15   Warner, with copies to Dennis Medici and FARHAD LARIAN, that mentions FRU
16   purchases for products including BRATZ.
17         (h)    FARHAD LARIAN's August 1, 2005 email to Victoria
18   O'Connor regarding BRATZ licensees, as well as associated COMMUNICATIONS.
19         (i)    FARHAD LARIAN's August 1, 2005 email chain with
20   employees at dng.com asking about BRATZ, as well as associated
21   COMMUNICATIONS.
22         (j)    The August 7, 2005 email from Mark Fragel responding to
23   questions regarding BRATZ materials shown to Paulette Prim in November 2000.
24         (k)    FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN
25   that states ISAAC LARIAN had instructed FARHAD LARIAN to withhold original
26   documents that had been located in connection with the Fireman's Fund case and "to
27   tell him [an MGA attorney] we could not find the originals."
28

**REDACTED**

1    (l)    The document entitled "Analysis of Design, Packaging & Mock-
2 Up Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11,
3 2000 email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

4    (m)    The August 14, 2000 ISAAC LARIAN email to Medici, Warner
5 and FARHAD LARIAN that references cost tracking software used by MATTEL
6 that ISAAC LARIAN says he learned about from interviewing MATTEL
7 employees.

8    (n)    The emails between ISAAC LARIAN and Jahangir Makabi
9 requesting that Mr. Makabi sign an affidavit that he lost his original stock
10 certificates despite Mr. Makabi's protestation that he never had any such certificates,
11 as well as associated COMMUNICATIONS.

12    (o)    The January 31, 2001 email from ISAAC LARIAN to All in
13 Marketing and Product Development, Medici and Didi Brown asserting that he
14 (ISAAC LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying
15 in substance that he ever said anything that cannot be confirmed by a writing.

16    (p)    The November 15, 2000 Paula Treantafelles email to FARHAD
17 LARIAN that says MGA will be selling a BRATZ backpack and states that a design
18 for it is attached.

19 RESPONSE TO REQUEST FOR PRODUCTION NO. 17

20    Christensen Glaser incorporates by reference each and every General
21 Objection set forth above as though fully set forth herein.  Christensen Glaser
22 further objects specifically to request for production No. 17 on the following
23 grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
24 burdensome and/or oppressive; (2) seeks information and documents not within
25 Christensen Glaser's possession, custody or control, and/or documents that are in the
26 possessions, custody or control of other parties, including the parties in this action;
27 (3) seeks disclosure of facts and documents protected by or subject to the attorney-
28 client privilege, and/or attorney-work product doctrine or any other applicable

REDACTED

1   privilege or immunity; (4) seeks disclosure of facts and documents that contain

2   sensitive confidential and proprietary business information and/or constitute trade

3   secret information; (5) seeks production of voluminous records without sufficient

4   limitations as to time; (6) seeks information that is neither relevant to the subject

5   matter of the pending proceeding, nor reasonably calculated to lead to the discovery

6   of admissible evidence; (7) seeks information and documents readily accessible to

7   Mattel from other sources or are otherwise publicly available; (8) seeks documents

8   which violate Christensen Glaser's right to privacy and/or the right to privacy of a

9   third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

10   violation of the settlement negotiations privilege; (11) seeks production of

11   documents prohibited from disclosure by the protective orders issued in this

12   ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

13   Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

14   requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and

15   Judge Infante's prior orders, including his January 9, 2008 order, regarding service

16   of subpoenas on former counsel, in that the information can be obtained by other

17   means and from elsewhere, the information is not clearly relevant and is privileged,

18   and the information is not crucial to the preparation of the case.

19   REASON WHY MATTEL'S RESPONSE IS PROPER:

20           *See* Reasons for Request Nos. 1 & 12 above.  In addition:

21           This Request seeks documents relevant to

22

23   and (ii) Mattel's defense of MGA's threat, via Christensen Glaser's July 2007 letter

24

25

26

27       [10]   *Id.*, Exh. 7 at 46-57.

28                                                              **REDACTED**

SEPARATE STATEMENT OF RESPONSES TO RESPONSE AND OBJECTIONS TO SUBPOENA (REQUESTS)

1  to Quinn Emanuel, to disqualify Quinn Emanuel for inspecting these documents.[11]

2  The documents on their face also relate to Bratz.

3          Among Christensen Glaser's reasons for threatening to disqualify

4  Quinn Emanuel, Ms. Gizer cites Farhad Larian as still being a paid consultant of

5  MGA at the time Quinn Emanuel inspects the documents.[12]  MGA thus admits to a

6  working relationship between MGA and Farhad Larian in November 2005.  MGA

7  and its counsel, then, also had an obligation to instruct its paid consultant and former

8  45% owner and director (who was also simultaneously suing Isaac Larian with

9  similar allegations as Mattel's regarding the origins of Bratz), to preserve such

10  documents.  MGA claims to have done so much with its employees and other key

11  witnesses in this case.  Mattel is entitled to know, and Christensen Glaser cannot

12  shield MGA with a waived privileged objection, why Farhad Larian was excluded

13  from MGA's preservation instructions to persons in its payroll and key witnesses in

14  this litigation.  This is particularly true in light of the undisputed fact that MGA's

15  counsel knew that Farhad Larian had evidence highly relevant to this litigation at

16  least as early as August 2005, and wrote a letter to Mr. Larian specifically

17  referencing such information.[13]

18          For Objection No. (3) and (12), these communications are on their face

19  not privileged.  The specific documents Mattel seeks consist of communications

20  among non-attorneys and business records that attorneys did not create in

21  anticipation of litigation.

22          For Objection Nos. (7) and

23          so Mattel cannot obtain such documents from him.  Christensen

24  

25    [11]  *Id.*, Exh. 6.

26    [12]  *Id.*

27    [13]  *Id.*, Exh. 8.

  [14]  *Id.*, Exh. 7 at 56:9-57:5

28  **REDACTED**

1   Glaser, Mr. Larian's current attorney and MGA's former attorney, notably does not
2   state in its Objections that they do not have possession of these documents.

3

4   REQUEST FOR PRODUCTION NO. 18

5           All DOCUMENTS that REFER OR RELATED to any surveillance or
6   recording, including without limitation any tape or video recording, made by or at
7   the direction of YOU or MGA of any officer, director or employee of MATTEL or
8   MATIEL's counsel (excluding recordings made by duly authorized Court reporters
9   of sworn testimony taken in THIS ACTION).

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 18

11          Christensen Glaser incorporates by reference each and every General
12  Objection set forth above as though fully set forth herein.  Christensen Glaser
13  further objects specifically to request for production No. 18 on the following
14  grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
15  burdensome and/or oppressive; (2) seeks information and documents not within
16  Christensen Glaser's possession, custody or control, and/or documents that are in the
17  possessions, custody or control of other parties, including the parties in this action;
18  (3) seeks disclosure of facts and documents protected by or subject to the attorney-
19  client privilege, and/or attorney-work product doctrine or any other applicable
20  privilege or immunity; (4) seeks disclosure of facts and documents that contain
21  sensitive confidential and proprietary business information and/or constitute trade
22  secret information; (5) seeks production of voluminous records without limitations
23  as to time; (6) seeks information that is neither relevant to the subject matter of the
24  pending proceeding, nor reasonably calculated to lead to the discovery of admissible
25  evidence; (7) seeks information and documents readily accessible to Mattel from
26  other sources or are otherwise publicly available; (8) seeks documents which violate
27  Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)
28  is vague, ambiguous and unintelligible; (10) seeks documents in violation of the

07209/2419515.1

REDACTED

-32-

1 settlement negotiations privilege; (11) seeks production of documents prohibited

2 from disclosure by the protective orders issued in this ACTION, Larian v. Larian,

3 Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS

4 Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*

5 *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

6 including his January 9, 2008 order, regarding service of subpoenas on former

7 counsel, in that the information can be obtained by other means and from elsewhere,

8 the information is not clearly relevant and is privileged, and the information is not

9 crucial to the preparation of the case.

10 REASON WHY MATTEL'S RESPONSE IS PROPER:

11       *See* Reasons for Request No. 1 above.  In addition:

12       This Request is relevant to Mattel's defense of MGA's threat to

13 disqualify Quinn Emanuel as its counsel.  The Request seeks information about

14 improper conduct on the part of Christensen Glaser with respect to this threat.

15       As to Objection No. (3) and (12), unauthorized surveillance cannot be

16 shielded by work product or privilege.  Chapman & Cole v. Itel Container Int'l.

17 B.V., 865 F.2d 676, 686 (5th Cir. 1989).

18       As to Objection No. (7) and (12), documents related to surveillance and

19 recordings at the instruction of Christensen Glaser will be in the unique possession

20 of Christensen Glaser.

21

22 REQUEST FOR PRODUCTION NO. 19

23       All DOCUMENTS RELATING TO the payment, offering or

24 promising of money or anything of value by MGA and/or YOU to any PERSON

25 who was at the time employed by or worked for MATTEL.

26 RESPONSE TO REQUEST FOR PRODUCTION NO. 19

27       Christensen Glaser incorporates by reference each and every General

28 Objection set forth above as though fully set forth herein.  Christensen Glaser

REDACTED

SEPARATE STATEMENT OF RESPONSES TO RESPONSE AND OBJECTIONS TO SUBPOENA (REQUESTS)

1 │ further objects specifically to request for production No. 19 on the following
2 │ grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,
3 │ burdensome and/or oppressive; (2) seeks information and documents not within
4 │ Christensen Glaser's possession, custody or control, and/or documents that are in the
5 │ possessions, custody or control of other parties, including the parties in this action;
6 │ (3) seeks disclosure of facts and documents protected by or subject to the attorney-
7 │ client privilege, and/or attorney-work product doctrine or any other applicable
8 │ privilege or immunity; (4) seeks disclosure of facts and documents that contain
9 │ sensitive confidential and proprietary business information and/or constitute trade
10 │ secret information; (5) seeks production of voluminous records without limitations
11 │ as to time; (6) seeks information that is neither relevant to the subject matter of the
12 │ pending proceeding, nor reasonably calculated to lead to the discovery of admissible
13 │ evidence; (7) seeks information and documents readily accessible to Mattel from
14 │ other sources or are otherwise publicly available; (8) seeks documents which violate
15 │ Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)
16 │ is vague, ambiguous and unintelligible; (10) seeks documents in violation of the
17 │ settlement negotiations privilege; (11) seeks production of documents prohibited
18 │ from disclosure by the protective orders issued in this ACTION, Larian v. Larian,
19 │ Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS
20 │ Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*
21 │ *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,
22 │ including his January 9, 2008 order, regarding service of subpoenas on former
23 │ counsel, in that the information can be obtained by other means and from elsewhere,
24 │ the information is not clearly relevant and is privileged, and the information is not
25 │ crucial to the preparation of the case.
26 │ REASON WHY MATTEL'S RESPONSE IS PROPER:
27 │ *See* Reasons for Request Nos. 1 and 15 above. In addition:
28 │

**REDACTED**

-34-

1    The crux of Mattel's trade secret theft allegations against MGA involve

2 payments from MGA to Mattel employees to induce them to steal Mattel trade

3 secrets for the benefit of MGA.[15] This Request on its face is limited to documents

4 related to such information.

5    For Objection Nos. (3) and (12), the majority of such documents would

6 reflect communications between MGA, on the one-hand, and persons that have no

7 attorney-client relationship with MGA.

8    For Objection Nos. (7) and (12), Mattel seeks relevant, non-privileged

9 documents uniquely in the possession of Christensen Glaser.

10

11 REQUEST FOR PRODUCTION NO. 20

12    All DOCUMENTS RELATING TO the payment, offering or

13 promising of money or anything of value by MGA to FARHAD LARIAN

14 (excluding any gifts with a value of less than $500) at any time since January 1,

15 1999.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 20

17    Christensen Glaser incorporates by reference each and every General

18 Objection set forth above as though fully set forth herein.  Christensen Glaser

19 further objects specifically to request for production No. 20 on the following

20 grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,

21 burdensome and/or oppressive; (2) seeks information and documents not within

22 Christensen Glaser's possession, custody or control, and/or documents that are in the

23 possessions, custody or control of other parties, including the parties in this action;

24 (3) seeks disclosure of facts and documents protected by or subject to the attorney-

25 client privilege, and/or attorney-work product doctrine or any other applicable

26

27 [15] *See* Mot., Argument § I(C).

28

**REDACTED**

1  privilege or immunity; (4) seeks disclosure of facts and documents that contain

2  sensitive confidential and proprietary business information and/or constitute trade

3  secret information; (5) seeks production of voluminous records without sufficient

4  limitations as to time; (6) seeks information that is neither relevant to the subject

5  matter of the pending proceeding, nor reasonably calculated to lead to the discovery

6  of admissible evidence; (7) seeks information and documents readily accessible to

7  Mattel from other sources or are otherwise publicly available; (8) seeks documents

8  which violate Christensen Glaser's right to privacy and/or the right to privacy of a

9  third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in

10  violation of the settlement negotiations privilege; (11) seeks production of

11  documents prohibited from disclosure by the protective orders issued in this

12  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

13  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the

14  requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and

15  Judge Infante's prior orders, including his January 9, 2008 order, regarding service

16  of subpoenas on former counsel, in that the information can be obtained by other

17  means and from elsewhere, the information is not clearly relevant and is privileged,

18  and the information is not crucial to the preparation of the case.

19  REASON WHY MATTEL'S RESPONSE IS PROPER:

20      *See* Reasons for Request Nos. 1 and 15 above.

21

22  REQUEST FOR PRODUCTION NO. 21

23      All DOCUMENTS REFERRING OR RELATING TO the destruction

24  or loss of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 21

26      Christensen Glaser incorporates by reference each and every General

27  Objection set forth above as though fully set forth herein.  Christensen Glaser

28  further objects specifically to request for production No. 21 on the following

**REDACTED**

1  grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,

2  burdensome and/or oppressive; (2) seeks information and documents not within

3  Christensen Glaser's possession, custody or control, and/or documents that are in the

4  possessions, custody or control of other parties, including the parties in this action;

5  (3) seeks disclosure of facts and documents protected by or subject to the attorney-

6  client privilege, and/or attorney-work product doctrine or any other applicable

7  privilege or immunity; (4) seeks disclosure of facts and documents that contain

8  sensitive confidential and proprietary business information and/or constitute trade

9  secret information; (5) seeks production of voluminous records without limitations

10  as to time; (6) seeks information that is neither relevant to the subject matter of the

11  pending proceeding, nor reasonably calculated to lead to the discovery of admissible

12  evidence; (7) seeks information and documents readily accessible to Mattel from

13  other sources or are otherwise publicly available; (8) seeks documents which violate

14  Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)

15  is vague, ambiguous and unintelligible; (10) seeks documents in violation of the

16  settlement negotiations privilege; (11) seeks production of documents prohibited

17  from disclosure by the protective orders issued in this ACTION, Larian v. Larian,

18  Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS

19  Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*

20  *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

21  including his January 9, 2008 order, regarding service of subpoenas on former

22  counsel, in that the information can be obtained by other means and from elsewhere,

23  the information is not clearly relevant and is privileged, and the information is not

24  crucial to the preparation of the case.

25  REASON WHY MATTEL'S RESPONSE IS PROPER:

26  *See* Reasons for Request Nos. 1, 13 and 17 above.

27

28  **REDACTED**

1  REQUEST FOR PRODUCTION NO. 22

2          Any instruction or COMMUNICATION from any PERSON, including

3  without limitation BRYANT, MGA or FARHAD LARIAN, with respect to the

4  retention, preservation, collection, search, transmittal, transfer or destruction of any

5  DOCUMENT sought by or the subject of Request Nos. 1 through 20.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 22

7          Christensen Glaser incorporates by reference each and every General

8  Objection set forth above as though fully set forth herein.  Christensen Glaser

9  further objects specifically to request for production No. 22 on the following

10 grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing,

11 burdensome and/or oppressive; (2) seeks information and documents not within

12 Christensen Glaser's possession, custody or control, and/or documents that are in the

13 possessions, custody or control of other parties, including the parties in this action;

14 (3) seeks disclosure of facts and documents protected by or subject to the attorney-

15 client privilege, and/or attorney-work product doctrine or any other applicable

16 privilege or immunity; (4) seeks disclosure of facts and documents that contain

17 sensitive confidential and proprietary business information and/or constitute trade

18 secret information; (5) seeks production of voluminous records without limitations

19 as to time; (6) seeks information that is neither relevant to the subject matter of the

20 pending proceeding, nor reasonably calculated to lead to the discovery of admissible

21 evidence; (7) seeks information and documents readily accessible to Mattel from

22 other sources or are otherwise publicly available; (8) seeks documents which violate

23 Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9)

24 is vague, ambiguous and unintelligible; (10) seeks documents in violation of the

25 settlement negotiations privilege; (11) seeks production of documents prohibited

26 from disclosure by the protective orders issued in this ACTION, Larian v. Larian,

27 Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS

28 Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton*

REDACTED

1 | *v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders,

2 | including his January 9, 2008 order, regarding service of subpoenas on former

3 | counsel, in that the information can be obtained by other means and from elsewhere,

4 | the information is not clearly relevant and is privileged, and the information is not

5 | crucial to the preparation of the case.

6 | REASON WHY MATTEL'S RESPONSE IS PROPER:

7 | *See* Reasons for Request Nos. 1, 13 and 17 above.

8

9

10

11 | DATED:  February 29, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12

13 | By_____

14 | Jon D. Corey
Attorneys for Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | REDACTED

07209/2419515.1

-39-