1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13   Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14   vs. | |
| 15   MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| 16   Defendant. | DECLARATION OF JUAN PABLO ALBÁN IN SUPPORT OF MATTEL, |
| 17   | INC.'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF |
| 18   AND CONSOLIDATED ACTIONS | DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & |
| 19   | SHAPIRO, LLP |
| 20   | |
| 21   | Hearing Date:     TBA |
| 22   | Time:             TBA Place:            Telephonic Hearing |
| 23   | **Phase 1** |
| 24   | Discovery Cut-Off:   January 28, 2008 Pre-Trial Conference: May 5, 2008 |
| 25   | Trial Date:          May 27, 2008 |
| 26   | |
| 27   | **PUBLIC REDACTED** |

28

## DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1.    I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit 1 are true and correct copies of relevant excerpts from the deposition transcript of Victoria O'Connor dated December 6, 2004.

3.    Attached as Exhibit 2 are true and correct copies of relevant excerpts from the deposition transcript of Isaac Larian dated July 18, 2006.

4.    Attached as Exhibit 3 is true and correct copy of a letter from Alisa Morgenthaler-Lever to Michael T. Zeller dated September 21, 2007.

5.    Attached as Exhibit 4 is a true and correct copy of a Request for Approval of Substitution of Attorney and Order dated October 12, 2007.

6.    Attached as Exhibit 5 is a true and correct copy of a Consulting Agreement entered into between Farhad Larian and MGA Entertainment, Inc. (under its former name) dated January 1, 2001.

7.    Attached as Exhibit 6 is a true and correct copy of a letter from Patricia Glaser to John B. Quinn dated July 5, 2007.

8.    Attached as Exhibit 7 are true and correct copies of relevant excerpts from the deposition transcript of Farhad Larian dated February 4, 2008.

9.    Attached as Exhibit 8 is a true and correct copy of a letter from José Allen to me dated February 26, 2008.

10.    Attached as Exhibit 9 is a true and correct copy of a Declaration of Daphne Gronich dated September 10, 2007.

11.    Attached as Exhibit 10 is a true and correct copy of Farhad Larian's Supplemental Reponses to Mattel's Subpoena dated December 12, 2007.

1          12.    Attached as Exhibit 11 is a true and correct copy of a letter from

2  Ms. Lever to me dated February 22, 2007.

3          13.    Attached as Exhibit 12 is a true and correct copy of a January 7,

4  2008 Order of the Court in this action.

5          14.    Attached as Exhibit 13 is a true and correct copy of a subpoena

6  Mattel served on Christensen, Glaser, Fink, Jacobs, Weil & Shapiro dated January

7  18, 2008.

8          15.    Attached as Exhibit 14 is a true and correct copy of Christensen

9  Glaser's Response to Mattel's Subpoena dated January 28, 2008.

10         16.    Attached as Exhibit 15 is a true and correct copy of a letter from

11  Scott Gizer to Christopher Price dated January 24, 2008.

12         17.    Attached as Exhibit 16 is a true and correct copy of a February 4,

13  2008 Order of the Court in this action.

14         18.    Attached as Exhibit 17 is a true and correct copy of a letter from

15  Mr. Price to Ms. Lever dated February 27, 2008.

16         19.    Attached as Exhibit 18 is a true and correct copy of Mattel's

17  Second Amended Answers and Counterclaims in this action dated July 12, 2007.

18         20.    Attached as Exhibit 19 is a true and correct copy of an Order of

19  the Discovery Master in this action dated January 25, 2007.

20         21.    Attached as Exhibit 20 is a true and correct copy of an Order of

21  the Discovery Master in this action dated May 15, 2007.

22         22.    Attached as Exhibit 21 is a true and correct copy of an Order of

23  the Court in this action dated August 27, 2007.

24         23.    Attached as Exhibit 22 is a true and correct copy of an Order of

25  the Discovery Master in this action dated January 25, 2007.

26

27

28

1    I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3    Executed on February 29, 2008, at Los Angeles, California.
4
5    _____
6    Juan Pablo Albán
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 2

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 3

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 282-6287
EMAIL: AMORGENTHALER@CHRISGLASE.COM

September 21, 2007

TT MERITAS LAW FIRMS WORLDWIDE

**VIA MESSENGER**

Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

     Re:    Carter Bryant v. Mattel, Inc.

Dear Mr. Zeller:

     Attached is Farhad Larian's response and objections to the subpoena served on him in the above-referenced action. As I previously advised you, Mr. Larian has advised me that due to his family obligations, including his father's illness and wife's pregnancy, he will need an extension until at least November 1, 2007 to allow him sufficient time to search for responsive and relevant documents with a corresponding extension of the date which you unilaterally set for his deposition (e.g., two weeks after the date of the document production). You have indicated that this schedule is not acceptable to you. However, your opinion is not reasonable given that Mr. Larian is a third party who should not be required to comply with your overly broad and abusively drawn subpoena in a time period which is not reasonably sufficient to allow him to comply without being unreasonably burdened. The improper burden you have imposed upon Mr. Larian is compounded by the fact that you have failed to offer him any compensation, although you should have, for the substantial expense which will be incurred in connection with Mr. Larian's compliance with your improper subpoena.

     Please do not hesitate to contact me if you have questions or comments regarding the attached response and objections.

Very truly yours,

*Alisa Morgenthaler Lever*

Alisa Morgenthaler Lever
of CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

AML/eb
cc:    Patricia L. Glaser, Esq.
       Amman Khan, Esq.

605516.1

EXHIBIT _____3_____

PAGE _____37_____

# EXHIBIT 4



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile:  (213) 687-5600          **Priority**
4  E-mail: tnolan@skadden.com          **Send**
                                        **Enter**
5  Attorneys for Counter-Defendants,   **Closed**
   MGA ENTERTAINMENT, INC.,            **JS-5/JS-6**
6  ISAAC LARIAN, MGA                   **JS-2/JS-3**
   ENTERTAINMENT (HK) LIMITED,         **Scan Only**
7  AND MGAE de MEXICO S.R.L. de
   C.V.

FILED
CLERK, U.S. DISTRICT COURT

OCT 12 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

LODGED
ORIGINAL

                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

BY FAX

13  CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                        )
14            Plaintiff,                )  Consolidated with Case No. 04-9059
                                        )  and Case No. 05-2727
15       v.                             )
                                        )  REQUEST FOR APPROVAL OF
16  MATTEL, INC., a Delaware            )  SUBSTITUTION OF ATTORNEY
    corporation                         )  AND [PROPOSED] ORDER
17                                      )
             Defendant.                 )  Honorable Stephen G. Larson
18                                      )  Courtroom 1
                                        )
19  Consolidated with MATTEL, INC. v.   )
    BRYANT and MGA                      )
20  ENTERTAINMENT, INC. v.              )
    MATTEL, INC.                        )
21                                      )

22

23

24                                        DOCKETED ON CM

25                                          OCT 15 2007     045

26

27

28       10-12

                                                      1083

1    MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA

2    ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.,

3    counter-defendants, hereby request the Court approve the substitution of Skadden,

4    Arps, Slate, Meagher & Flom, LLP as attorneys of record in place and stead of

5    O'Melveny & Myers and Christensen Glaser Fink Jacobs Weil & Shapiro.

6    DATED: October 11, 2007

7                                    By:

8                                          MGA ENTERTAINMENT, INC., ISAAC
                                           LARIAN, MGA ENTERTAINMENT (HK)
9                                          LIMITED, AND MGAE de MEXICO
                                           S.R.L. de C.V.
10

11        I have given proper notice pursuant to Local Rule 83-2.9 and further consent

12   to the above substitution.

13

14   DATED: October 11, 2007
                                       O'MELVENY & MYERS
15

16                                     By:

17   DATED: October 11, 2007
                                       CHRISTENSEN GLASER FINK JACOBS WEIL
18                                     & SHAPIRO

19
                                       By:
20

21        I am duly admitted to practice in this District pursuant to Local Rule 83.2.

22

23   DATED: October 11, 2007
                                       SKADDEN, ARPS, SLATE, MEAGHER &
24                                     FLOM, LLP

25                                     By:
                                              Thomas J. Nolan
26                                     Attorneys for Counter-Defendants, MGA
                                       ENTERTAINMENT, INC., ISAAC LARIAN,
27                                     MGA ENTERTAINMENT (HK) LIMITED,
                                       AND MGAE de MEXICO S.R.L. de C.V.
28

                                       1
       REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY AND [PROPOSED] ORDER

                        EXHIBIT _____ 4

                  PAGE _____ 39

**[PROPOSED] ORDER**

The Court hereby orders that the request of MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V., counter-defendants, to substitute Skadden, Arps, Slate, Meagher & Flom, LLP, who is Retained Counsel, 300 South Grand Avenue, 34th Floor, Los Angeles, California 90071, email tnolan@skadden.com, telephone number (213) 687-5250, fax number (213) 621-5250, state bar number 066992, as attorney of record in place and stead of O'Melveny & Myers and Christensen Glaser Fink Jacobs Weil & Shapiro is hereby:

[X]   **GRANTED**          [ ]   **DENIED**

DATED:   *10-12-0*, 2007

_____

HONORABLE STEPHEN G. LARSON

Submitted by:

DATED:  October 11, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:  _____

Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

2

EXHIBIT _____4_____

PAGE _____40_____

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **October 12, 2007,** I served the foregoing documents described as:

### REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY AND [PROPOSED] ORDER

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒      **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

☒      **(VIA FACSIMILE)** By transmitting the document listed above to the fax numbers on the attached service list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on October 12, 2007 at Los Angeles, California.

Becky Isomoto
PRINT NAME                    SIGNATURE

EXHIBIT          4

PAGE          41

*Carter Bryant vs. Mattel, Inc.*
CV 04-9049 SGL (RNBx)
Consolidated with CV 04-09059 and CV 05-02727

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

*Attorneys for Mattel, Inc.*

Diana M. Torres, Esq.
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
(213) 430-6407 (Fax)

*Attorneys of Record for MGA
Entertainment, Inc.*

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)391-5400
(415) 397-7188 (Fax)

*Attorneys for Carter Bryant*

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs, Weil
& Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
(310) 556-2920 (Fax)

*Attorneys of Record for MGA
Entertainment, Inc.*

2

EXHIBIT 4
PAGE 42

# EXHIBIT 5

## CONSULTING AGREEMENT

This Consulting Agreement is entered into this $\underline{1}$ day of $\overline{JAN}$ _____,

2001, by and between ABC International Traders Inc., a California corporation

("Company") and Farhad Larian ("Consultant")

WHEREAS, CONSULTANT was a former shareholder, Director and employee of

COMPANY

WHEREAS, COMPANY desires to have CONSULTANT perform certain services on

behalf of COMPANY as an Independent Contractor.

NOW, THEREFORE, for valuable consideration, it is hereby agreed by the

parties hereto as follows

1. **TERM**

The term of this Agreement shall be for a period of five years,

commencing January 1, 2001 and terminating December 31, 2005, unless earlier

terminated as provided hereinafter.

2. **SERVICES**

(a) CONSULTANT agrees to provide and make himself available

to perform general administrative services, at the request of COMPANY, and/or

otherwise make himself available to COMPANY for consultation by telephone, for

a total period of time not more than ten hours per month, during the normal

1

FL 6515

EXHIBIT ___ 5

PAGE ___ 43

business hours of COMPANY

(b)   COMPANY hereby acknowledges that during the term of this Agreement, CONSULTANT may engage in any other business or professional activity provided that such activity does not directly compete with the business of COMPANY within Los Angeles County, California, and the performance of such activity does not interfere with his present work as a consultant for COMPANY

(c)   CONSULTANT hereby acknowledges that he is being employed as an Independent Contractor to render the services described herein and that CONSULTANT shall be solely responsible for any Federal and State Income Tax withholding or Estimated Tax Payments that CONSULTANT may be required to file, and/or pay

3.   COMPENSATION

For all services rendered by CONSULTANT under this Agreement, COMPANY shall pay to CONSULTANT the sum of $7,500 00 per month payable on the first day of each month of the term hereof

4.   TERMINATION

This Agreement may be terminated by either party for cause or for breach by the other party of any provision contained in this Agreement COMPANY may not terminate CONSULTANT for a breach of this Agreement until COMPANY has furnished CONSULTANT with written notice of the breach contended by COMPANY and CONSULTANT fails to cure said breach within ten (10) days of receipt of said notice.

After five years from the date hereof but not before, this Agreement may be terminated by COMPANY upon payment in full of the promissory note given by Isaac Larian to CONSULTANT as part of the purchase of CONSULTANT'S shares of COMPANY.

2

FL 6516

EXHIBIT 5

PAGE 44

This Agreement may be terminated by CONSULTANT, at any time, without cause, upon giving COMPANY thirty (30) days prior written notice

5    TRADE SECRETS

CONSULTANT acknowledges and represents that the sources of COMPANY's services, techniques, methods, products, manufacturing techniques, manufacturing requirements, pricing, customer lists and vendor lists are a trade secret and the property of COMPANY    It is agreed that all such data is confidential and that it shall not be disclosed, directly or indirectly, or used by CONSULTANT in any way, except on behalf of COMPANY, either during the term of this Agreement or at any time thereafter

6    NOTICES

Any notice required or permitted to be given under this Agreement shall be sufficient if in writing and if sent by registered mail to the principal office of COMPANY or personal residence of CONSULTANT

7.    COUNTERPARTS

The within Agreement may be executed in duplicate counterparts and each such signed duplicate counterpart shall be deemed to be an original

8.    TITLES AND CONSTRUCTION

The titles of the paragraphs in this Agreement are set forth for convenience only. This Agreement shall not be construed or interpreted for or against either of the parties hereto by reason of its draftsmanship by either party.

9.    ASSIGNMENT

The rights, benefits, duties and obligations of COMPANY and CONSULTANT under this Agreement may not be assigned without the express written permission of the other.

3

FL 6517

EXHIBIT ___5___

PAGE ___45___

10    ARBITRATION

Any controversy between the parties arising out of this Agreement shall be submitted to Morad Zarabi who shall serve as sole arbitrator with respect to said disputes    If Morad Zarabi is unable to so act, Kambiz Zarabi is appointed arbitrator    Either arbitrator can select another person or entity to serve as arbitrator, either currently or prospectively, if neither of the above two named arbitrators are available to so serve.  The decision of the arbitrator shall be final and binding upon both parties

11.    ATTORNEYS' FEES

If any action or any other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which they may be entitled

12    ENTIRE AGREEMENT

(a)    This Agreement constitutes the entire Agreement between the parties and contains all of the agreement between the parties with respect to the subject matter hereof; this Agreement supersedes any and all other agreements, either oral or in writing, between parties hereto with respect to the subject matter hereof.

(b)    No change or modification of this Agreement shall be valid unless the same be in writing and signed by the person or party to be charged.

13.    GOVERNING LAW

This Agreement shall be subject to and governed by the laws of the State of California.

4

EXHIBIT    5

PAGE    46

FL 6518

DATED. _JON 1_____, 2001

COMPANY·                              CONSULTANT:

ABC INTERNATIONAL TRADERS INC.

                                     _Farhad Larian_

By· _____               FARHAD LARIAN
    Isaac Larian, President

5

EXHIBIT _____ 5
PAGE _____ 47

FL 6519

# EXHIBIT 6

RECEIVED

JUL 1 0 2007

LAW OFFICES

## CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
310-282.6217
EMAIL: PGLASER@CHRISGLASE.COM

July 5, 2007

Ⅲ MERITAS LAW FIRMS WORLDWIDE

## VIA FACSIMILE AND U.S. MAIL

John B. Quinn
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

      Re:   MGA Entertainment v. Mattel

Dear John:

      This is in response to your letter of May 29, 2007 concerning your law firm's improper and unethical communications with Fred Larian and Fred Larian's counsel in 2005, the circumstances of which have only recently come to our client's attention.

      Our client has determined that in the fall of 2005, members of your law firm met with Fred Larian and/or his attorney, Robert Wilson, and spent **two days** reviewing numerous confidential and privileged documents of MGA Entertainment, Inc. ("MGA") which were in Fred Larian's possession, including documents which are relevant to the pending litigation between MGA and Mattel, and documents which are covered by the protective order in this litigation.  As you know, Fred Larian is the brother of Isaac Larian, MGA's Chairman and Chief Executive Officer, and was Isaac Larian's business colleague for over 20 years.  The business relationship of the Larian brothers encompassed the ownership and operation of various ventures and businesses over many years, including ABC International Traders, Inc. (now called MGA and MGA Entertainment (HK), Ltd.).  The Larian brothers each owned 45% of the stock in MGA until 2000; another family member owned the remaining 10% of the company's shares.  Fred Larian served as MGA's Executive Vice President and Treasurer until 2000, served on the company's Board of Directors until 2002 (including during the time period which is relevant to this litigation) and acted as a paid consultant for the company until December 31, 2005 (including during the time period in which members of your law firm engaged in communications with him).

      In these capacities, Fred Larian was involved in numerous privileged and confidential matters at the company, including providing litigation consulting services for the company and being privy to an extensive amount of privileged attorney-client communications, as well as high level, confidential business matters.  Further, Fred Larian was provided with or had access to an

500006 v2

EXHIBIT    6

PAGE    48

John B. Quinn, Esq.
July 5, 2007
Page 2

extensive number of privileged and confidential company documents, including documents
which are relevant to this litigation. In this regard, Fred Larian was copied on numerous
privileged and confidential communications which are uniquely relevant to this litigation, such
as numerous communications related to the development and initial sales of the "Bratz"
products. As you know, in 2005, Fred Larian was in possession of numerous confidential MGA
documents, including privileged documents, and was precluded from disclosing MGA's trade
secrets and confidential information pursuant to a confidentiality agreement which he had
previously entered into with the company.

During your communications with Fred Larian and his counsel, members of your law
firm requested and reviewed privileged and confidential information of MGA which is relevant
to this action, including documents which are subject to the protective order herein, a copy of
which is attached. Your letter dated November 28, 2005 to Robert Wilson, Fred Larian's then
counsel ("November 28, 2005 Letter"), demonstrates this. In particular, the November 28, 2005
Letter states that your firm was aware (e.g., apparently from your discussions with Fred Larian
and/or his counsel) that Fred Larian was in possession of certain general categories of documents
from MGA, some of which necessarily included privileged communications, and requested that
Fred Larian provide you with such documents as well as 18 other specific categories of
documents which were described as "relevant to Mattel's litigation." A copy of your firm's
November 28, 2005 Letter also is attached.

Your actions apparently were designed to induce Fred Larian to breach his fiduciary
duties to MGA, including inducing a breach of his confidentiality agreement with MGA, *and to
improperly obtain documents subject to the protective order herein without complying with such
order*. You also violated your ethical obligations, including but not limited to, Rule 4.2 of the
ABA Model Rules of Professional Conduct ("Rule 4.2") ("…[A] lawyer shall not communicate
about the subject of the representation with a party the lawyer knows to be represented by
another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is
authorized by law to do so") and Canon 9 of the ABA Code of Professional Responsibility
("Canon 9") ("A lawyer should avoid even the appearance of professional impropriety").

Case law prohibits counsel from seeking privileged information from former employees
of an adverse party and specifies the imposition of serious remedies for engaging in such
conduct. E.g., American Protection Insurance Co. v. MGM Grand Hotel-Las Vegas, Inc., 1986
WL 57464, *1, 6, 7 (D. Nev. 1986) (a violation of ethical rules and disqualification resulted
where attorney had ex parte contact with a former officer of adverse party who remained a
consultant for the adverse party and was privy to confidential information related to the
litigation); In re Data General Corp. Antitrust Litigation, 1986 U.S. Dist. LEXIS 21923, *10
(N.D. Cal. 1986) (counsel precluded from interviewing and hiring former employees of adverse
party because employees' knowledge of privileged information of adverse party was
intermingled with knowledge that might have been unprotected); Butler v. Biocore Medical
Technologies, Inc., 348 F.3d 1163, 1169-72 (10th Cir. 2003) (counsel violated Canon 9 and other
ethical rules by contacting former employee of adverse party who possessed confidential



John B. Quinn, Esq.
July 5, 2007
Page 3

information; court stated that access to privileged information of adverse party may be grounds
to disqualify an attorney); Rentclub, Inc. v. Transamerica Rental Finance Corp., 811 F. Supp.
651, 657-58 (M.D. Fl. 1992) (court disqualified counsel who hired as consultant former officer
of adverse party who was privy to adverse party's confidential and proprietary information,
noting ex parte contact with former employees of adverse party should be barred to prevent
disclosure of any inadvertent confidential communications).

For example, in Kaiser v. American Telephone & Telegraph, 2002 U.S. Dist. LEXIS
25758, *30-32 (D. Ariz. 2002), the court disqualified and imposed sanctions on plaintiff's
counsel for seeking information relevant to plaintiff's lawsuit from a former employee of
defendant after holding that counsel violated Rule 4.2. Recognizing that the majority of cases
prohibit inquiry into any confidential or privileged information possessed by an adverse party's
former employee, the court concluded that "[i]f a former employee occupie[s] a high ranking
position such that his or her exposure to confidential or privileged information may be
assumed, or occupie[s] a position giving rise to a plaintiff's claims, then no *ex parte* contact
should be permitted absent notice to the former employer." Id. at *19-20 (emphasis in
original). The court in Kaiser further explained as follows: "The interest of the corporation in
protecting information - especially privileged information - acquired by an employee during
the course of employment from disclosure to an opponent in litigation remains after the
employee leaves the corporation....[A]t least with respect to former highly-placed former
employees, such as former officers and directors of the corporation, the potential for the release
of such information makes the corporation's interest paramount to the plaintiff's interest in ex
parte contact." Id. at *20-21.

Fred Larian is the very type of highly-placed former employee with whom ex parte
contact is disallowed, as instructed by the Kaiser court, as it can be assumed that he was privy
to confidential and privileged information of MGA. Indeed, Fred Larian was a paid consultant
for MGA at the time of the subject communications, and in this capacity, he had been involved
with high-level issues at the company, including certain litigation matters. Thus, the holding in
Kaiser provides that your conduct in contacting Fred Larian and seeking confidential and
privileged information of MGA from him violates your ethical duties and entitles MGA to
appropriate relief, including your disqualification and sanctions.

Given the egregious nature of your misconduct and the prejudice to MGA, we intend to
bring your actions to the attention of the Court and seek all appropriate remedies. In the interim,
we demand that you stipulate to (1) return all documents which you obtained from Fred Larian
and/or his counsel and all notes from your meetings with Fred Larian and/or his counsel; (2)
refrain from introducing or using in any fashion any documents or information obtained from
Fred Larian or his counsel or derived from information or documents obtained from Fred Larian;
(3) cease any further contact with Fred Larian or any of his counsel; and (4) compensate MGA
for its attorneys' fees and costs in investigating this matter. We will give you until July 19, 2007
to respond to our requested stipulation before we bring your actions to the attention of the Court
and seek all appropriate remedies. Some of the remedies we shall seek will include the

EXHIBIT _____ 6

PAGE       50

John B. Quinn, Esq.
July 5, 2007
Page 4

following, among others: an order seeking to disqualify your law firm as counsel for Mattel herein; an order excluding any evidence you obtained from Fred Larian; an adverse inference instruction to the jury based on your misconduct; an order precluding you from further communication with Fred Larian; an order prohibiting you from filing documents containing or referring to any information or documents obtained from Fred Larian or derived from information or documents obtained from Fred Larian; and an order for monetary sanctions against your law firm for the costs incurred by MGA in investigating this matter and seeking such remedies.

Nothing contained herein shall be deemed as a waiver of any of our client's rights and remedies, at law or in equity, all of which are hereby expressly reserved and preserved.

Very truly yours,

Patricia L. Glaser
of CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

PLG/eb
cc:     Daphne Gronich, Esq.
        Craig Holden, Esq.
        Dale Cendali, Esq.

EXHIBIT _____ 6
               51

# EXHIBIT 7

# REDACTED


# SUBJECT TO


# PROTECTIVE ORDER

# EXHIBIT 8

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984·6400
FAX: (415) 984·2698
http://www.skadden.com

DIRECT DIAL
(4 1 5) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

February 26, 2008

Via Email & Facsimile
Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

> RE:   Carter Bryant v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx)
>        (consolidated with Case Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Alban:

I write in response to your letter dated February 19, 2008 regarding the alleged failure of MGA, Isaac Larian, and Farhad Larian to produce documents from the Larian v. Larian arbitration. Your most recent letter raises new issues about the production that were not mentioned in your two previous letters on this topic. I will only address the points that pertain directly to MGA and Isaac Larian.

As I stated in my letter to you dated February 14, 2008, MGA and Isaac Larian already have produced approximately 1,084 documents totaling over 8,000 pages from the Larian v. Larian arbitration. Therefore, I must reject any suggestion that MGA and Isaac Larian have not fulfilled their discovery obligations in this regard.

Your assertion that MGA and Isaac Larian were required to produce an August 19, 2005, letter from Daphne Gronich because it relates to the retention, preservation or destruction of documents is incorrect. The letter in question, which was addressed to Mark Kremer, Farhad Larian's then counsel, focused on MGA's concern that Farhad Larian had been using a confidential list of home telephone numbers of MGA employees that he had obtained while working at MGA to call current and former MGA employees in an attempt to gather information about the development of Bratz. Ms. Gronich asked Mr. Kremer to instruct Farhad Larian to cease all such contacts and to return to MGA all employee contact information or other materials that he may have taken from MGA. In Mr. Kremer's response to Ms. Gronich's letter ( a copy of which you apparently have), he denied that Farhad Larian had a confidential list of home telephone numbers of MGA's current or former employees. Although MGA and Isaac Larian are

EXHIBIT _____8_____

PAGE _____119_____

Juan Pablo Alban, Esq.
February 26, 2008
Page 2


under no obligation to produce Ms. Gronich's letter, I have decided to do so in the interest of resolving this matter.

You next complain that MGA and Farhad Larian have not produced an email dated May 24, 2000 from Farhad Larian to Isaac Larian regarding the alleged withholding of certain documents in an unrelated case. The email has nothing to do with Bratz or the pending litigation. Therefore, it is not responsive to the document requests to MGA and Isaac Larian. The notion that the email has some bearing on MGA's document preservation policies and that it provides circumstantial evidence that Farhad Larian's alleged destruction of documents was intentional and was with the complicity of Isaac Larian is without merit. As you well know, Farhad Larian testified at his deposition that he made the decision on his own to discard certain material from the Larian arbitration shortly after the arbitration ended. In light of his clear and unequivocal testimony, the attempt to obtain an email pertaining to an unrelated case is nothing more than a fishing expedition. Accordingly, the May 2000 email will not be produced.

With regard to the production of signed declarations that were obtained by Farhad Larian in connection with the Larian arbitration, we are not aware of the existence of any responsive declarations that have not been produced.

Finally, you assert that documents falling under the protective order entered in the Larian v. Larian suit are still being withheld. As you may be aware, in a letter dated January 18, 2008 from Andrew Tempkin to Scott Kidman of your firm, we advised that MGA and Isaac Larian had produced responsive documents that may be covered by the protective order in the Superior Court action in anticipation of the Court's approval of the stipulation. Therefore, I do not understand the basis for your complaint with regard to those documents as it relates to MGA and Isaac Larian. With regard to the status of the Superior Court's approval of the stipulation to modify the protective order, I have been informed that the Court has scheduled a status conference on March 5 in Department 31 at 8:30 A.M. to address the matter.

I trust that the foregoing has now resolved all issues relating to the Larian production. If you have any remaining questions or concerns, please do not hesitate to call me.

Very truly yours,

José R. Allen

cc:     Alisa Morgenthaler-Lever

EXHIBIT        8
PAGE        120

# EXHIBIT 9

RECEIVED

SEP 1 0 2007

1    DALE M. CENDALI (admitted *pro hac vice*)
     dcendali@omm.com
2    DIANA M. TORRES (S.B. #162284)
     dtorres@omm.com
3    JAMES P. JENAL (S.B. # 180190)
     jjenal@omm.com
4    O'MELVENY & MYERS LLP
     400 South Hope Street
5    Los Angeles, CA 90071-2899
     Telephone: (213) 430-6000
6    Facsimile: (213) 430-6407

7    PATRICIA GLASER (S.B. #55668)
     CHRISTENSEN, GLASER, FINK,
8    JACOBS, WEIL & SHAPIRO, LLP
     10250 Constellation Boulevard, 19th Floor
9    Los Angeles, CA 90067
     Telephone: (310) 553-3000
10   Facsimile: (310) 557-9815

11   Attorneys for MGA Entertainment, Inc.

12          UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA

14

15   CARTER BRYANT, an individual,     Case No. CV 04-09049 SGL (RNBx)
                                  (consolidated with CV 04-9059 & 05-
16          Plaintiff,          2727)

17        v.

18   MATTEL, INC., a Delaware       **DECLARATION OF DAPHNE**
     Corporation,                  **GRONICH IN RESPONSE TO**
19                                    **COURT'S REQUEST FOR**
             Defendant.         **INFORMATION REGARDING**
20                                    **DOCUMENT PRESERVATION**

21

22                                   Discovery Cut-off: March 3, 2008
                                  Pre-trial Conference: June 2, 2008
23                                   Trial Date: July 1, 2008

24                                   Judge: Hon. Stephen G. Larson

25

26

27

28

LA2:841480.1

EXHIBIT 9
PAGE 121

GRONICH DECL
CV 04-09049 SGL (RNBX)

1    I, Daphne Gronich, declare and state as follows:

2        1.    I am General Counsel for MGA Entertainment, Inc. ("MGA")

3    and a resident of the state of California. All of the facts set forth herein are known

4    to me personally, except for those stated on information and belief and if called as a

5    witness, I could and would testify competently thereto.

6

**Document Preservation Communications**

7

8        2.    I have been MGA's General Counsel since December, 2003, and

9    have had oversight responsibility for MGA's legal response to this litigation since

10   its inception.    Shortly after Mattel sued Carter Bryant in April 2004, even though

11   MGA had not been named as a defendant in that suit, I communicated to MGA

12   employees that Mattel had filed suit against Carter Bryant alleging that he had

13   breached his employment agreement with Mattel. I advised MGA's employees that

14   MGA might at some point become involved in the litigation, and that it would be

15   prudent for MGA to preserve all documents that might be potentially relevant to the

16   claims at issue in the litigation. In addition to these initial communications, both I

17   and my colleague, Rich Daniels, one of MGA's other in-house attorneys, repeated

18   that advisement at numerous one-on-one and group meetings (including those held

19   in Isaac Larian's office at MGA's former location on Schoenborn Avenue in North

20   Hills) involving senior executives, creative staff members, sales and administration

21   staff and others including IT personnel. These communications took place

22   throughout the late-Spring and Summer of 2004.

23       3.    In addition to those communications, the legal department began

24   locating and collecting documents and materials that might be relevant to the

25   lawsuit against Mr. Bryant. In that regard we were aided by the company's

26   previous efforts to collect certain documents and materials related to the origin and

27   initial development of "Bratz," due to MGA's involvement in prior, unrelated

28   litigation (that did not challenge MGA's ownership of "Bratz"). As a result, we

LA2:841480.1                        - 1 -                    GRONICH DECL
                                                             CV 04-09049 SGL (RNBX)

EXHIBIT _____ **9**

PAGE _____ **122**

1   were able to preserve potentially relevant documents and materials from MGA's

2   employees in California and its related company in Hong Kong, including Isaac

3   Larian, Paula Treantafelles (now Garcia), Dave Malacrida, Victoria O'Connor,

4   Becky Harris, Charles O'Connor, Aileen Storer, Mercedeh Ward, Marcy George,

5   Shirin Salemnia, Edmond Lee, Dennis Soai, Stephen Lee, Samuel Wong, Cecilia

6   Kwok and Franki Tsang.

7          4.     In addition to the communications described above, in the weeks

8   following the filing of Mattel's lawsuit against Carter Bryant, both I and Rich

9   Daniels and/or our outside counsel, spoke with and/or confirmed that MGA had the

10  documents of key potential witnesses, including Isaac Larian, Paula Garcia,

11  Victoria O'Connor, Charles O'Connor, Aileen Storer, Mercedeh Ward, Marcy

12  George, Dennis Soai, Shirin Salemnia, and Dave Malacrida.   During those

13  conversations, we again personally directed MGA's potential witnesses to preserve

14  their potentially relevant documents.

15         5.     As a result of those discussions, MGA's potential witnesses

16  were given express direction by myself, Mr. Daniels, or MGA's outside counsel to

17  preserve their relevant paper documents and to assist, as necessary, MGA's IT

18  department in preserving their emails and electronic documents. We also directed

19  the IT department to segregate and preserve emails from MGA employees who had

20  since left the company, which former employees included some who had also been

21  previously employed by Mattel prior to working for MGA.

22         6.     In the years since the litigation began, I have sent out reminder

23  emails to MGA's employees reminding them of their continuing obligation to

24  preserve documents potentially relevant to this litigation, including reminder emails

25  that I sent to all MGA employees on April 14, 2005, December 5, 2006, and July 5,

26  2007.  In addition, other members of the legal department routinely advise the staff

27  members with whom they work to retain relevant documents. For example, Sam

28  Khare, an MGA in-house lawyer who works closely with the product design teams,

LA2:841480.1                          - 2 -                        GRONICH DECL
                                                                   CV 04-09049 SGL (RNBX)

EXHIBIT _____

PAGE _____ 123

1   routinely reminds people in the design groups to retain documents.

2         7.   After we became aware of Mattel's claims against MGA, on

3   December 5, 2006 I sent an email to all MGA employees reminding them of their

4   ongoing obligations regarding Mattel's suit against Carter Bryant and informing

5   them of the nature of the new claims against MGA, including the allegation of trade

6   secret theft. I reminded MGA's employees of MGA's policy that its employees

7   must not bring with them to MGA the property or confidential or proprietary

8   information of their former employers, and instructed them to preserve all

9   documents and materials relevant to these new claims as well.

10         8.   In addition to that communication, we also began collecting and

11   segregating the documents of all former Mattel employees, including those who

12   were no longer employed by MGA.

13         9.   While MGA is ready and willing to produce its communications

14   for the Court's review, I have been informed by MGA's outside counsel that Mattel

15   has taken the position that "it cannot agree" that MGA's production of those

16   communications would not constitute a waiver of the attorney-client privilege.

17   Attached hereto as **Exhibit 1** is a true and correct copy of a letter from Mattel's

18   counsel, Jon Corey, to MGA's outside counsel, Bill Charron, asserting that

19   position. If the Court wishes to see such communications and agrees with MGA

20   that such production would not constitute a waiver of the attorney-client privilege,

21   MGA will produce its communications within 24 hours of receiving the Court's

22   guidance.

23

**Paper Document Preservation**

24

25         10.   MGA does not now, and never has had a policy to routinely

26   destroy paper documents. In particular, since this litigation began, MGA has

27   expressly retained paper files in the Creative Departments, character art files,

28   vendor files, executive files and others.

LA2:841480.1
            - 3 -
                              GRONICH DECL.
                           CV 04-09049 SGL (RNBX)

**Email Preservation**

11.    Since before 2004, MGA has used Microsoft's Exchange email system and the Outlook email client to provide email support to the company. MGA does not have, and never has had, a policy to auto-delete emails; to the contrary, employees are advised to retain work-related emails. I am informed by our IT staff that employees may, and often do, create email storage files (known as "pst" files) to which they can move emails from their mailbox on the Exchange server. MGA's practice is to preserve those pst files, and it has done so.

12.    MGA's process for preserving those emails has become more automated over time as our IT department has grown in its sophistication to meet the needs of the company, particularly as MGA itself has grown and expanded. I am informed that in January of 2000, MGA only had around eighty employees, whereas by January of 2004 that number had grown to 196 and by January of 2007 it was approximately 900 domestically and 670 internationally, including subsidiaries.

13.    In 2004, when an employee would leave the company, the IT department copied the pst files from the employee's computer and burned them onto CDs that were then retained by the IT department. I am informed that in September 2005, the system was improved so that instead of having to copy those pst files onto CDs, the IT department was then able to preserve those pst files on a network server.

14.    Emails in the departing employee's mailbox on our Exchange server are retained on the Exchange server. The IT department's network administrators change the access permissions on that employee's mailbox so that only the administrators can access it. In that way, those emails are retained and can be accessed when necessary with proper authorization.

15.    In the past year, an even more automated process was put in place to preserve and manage email. In January 2007, the IT department began



1   using a system known as "Archive One" which I am informed automatically

2   archives emails older than 90 days once a user's mailbox exceeds a set size

3   threshold. In this way, access to older emails is retained, but the size of the user's

4   mailbox files on our Exchange server is controlled.

5        16.   MGA's Exchange email server is also backed up on a nightly

6   basis as a means of disaster recovery. Historically those backup tapes had been

7   rotated on a 90-day cycle. However, because we have no policy of auto-deleting

8   emails and because we preserve the mailboxes (and pst files) of former employees,

9   unless an employee violates MGA's policies, and the legal department's express

10  and repeated directives to preserve email, no email would be lost by recycling those

11  backup tapes.

12

13  **Other Electronic Document Preservation**

14        17.   Employees are encouraged to store other electronic documents

15  (such as Word documents or Excel spreadsheets) on a shared network file server.

16  Some employees may also save electronic documents in the "My Documents"

17  folder on their computer. As was the case for emails saved to local pst files, going

18  back to 2004, if an employee left the company the contents of the My Documents

19  folder was also copied onto CDs and preserved. Again, when the system evolved in

20  September of 2005, the My Documents folder was preserved onto a network server.

21  Since March of this year, the entire hard drive itself is preserved by the IT

22  department.

23        18.   In addition to those preservation methods when an employee

24  would leave the company, files saved to the shared network file server would be

25  retained indefinitely and protected by nightly backups. I am informed that since

26  this litigation began in April 2004, MGA has not suffered any server failures that

27  resulted in the loss of data.

28        19.   In April of this year, another automated capability was brought

LA2:841480.1                              - 5 -                        GRONICH DECL
                                                                 CV 04-09049 SGL (RNBX)



EXHIBIT ___9___

PAGE ___124___

1   online.   MGA has now installed an automated process that daily copies the

2   contents of the My Documents folder and any pst files that are saved in the user's

3   "Exchange" folder to a network file server.

4        20.      Within days of learning of Mattel's intent to bring claims

5   against MGA, MGA made, and retains to this day, a complete backup of all of its

6   servers.

7

8   **Preservation of Data from Isaac Larian's Computer**

9        21.      I am informed by our IT department that there are always two

10  laptop computers assigned to Mr. Larian – the computer that he is actively using,

11  and a second, "mirrored" spare computer.  Whenever Mr. Larian docks his

12  computer into the MGA network, any changes that have been made to the files on

13  his computer are automatically "mirrored" or copied to the spare.  In that way, any

14  potential data loss is minimized.

15       22.      I am also informed by our IT department that when Mr. Larian

16  needs to replace his laptop, the IT department starts with the mirrored spare.  If the

17  hard drive on Mr. Larian's old laptop is still operable, they make sure that the files

18  on the mirrored spare contain the most up-to-date information that can be read from

19  the old hard drive.  When all of that data has been copied onto the spare, it is

20  provided to Mr. Larian and a new laptop becomes the mirrored spare.

21       23.      Personal computers at MGA frequently contain a great deal of

22  MGA's confidential and trade secret information – and this is especially true for

23  Mr. Larian's laptop.  I am informed by our IT department that prior to instituting

24  the present policy of retaining computer hard drives, whenever a computer that Mr.

25  Larian had been using was to be retired from his use – whether due to damage or

26  simply the need to provide newer technology – the hard drive was backed up to one

27  of the IT department's archive servers so as to preserve the data that was on the

28  hard drive in a secure location.  Once the data had been safely preserved, the IT

LA2:841480.1                                    - 6 -                       GRONICH DECL
                                                                    CV 04-09049 SGL (RNBX)

EXHIBIT  **9**

PAGE  **121**

1    department then reformatted the hard drive in such a way that the confidential and

2    trade secret data was no longer present on the hard drive. Thus, although the hard

3    drive had been "wiped" before being put back into service or disposed of, none of

4    the data had been lost to MGA as it remained preserved on one of the IT

5    department's archive servers. Today, we would simply retain the hard drive from

6    Mr. Larian.

7

8    **Other Corporate Data Preservation**

9        24.    In 2004, MGA used an enterprise accounting package known as

10   Great Plains. In January 2006, MGA converted to a newer system known as

11   Axapta and after that time, all new business transactions were processed on the

12   Axapta system. However, MGA has retained the Great Plains system and I am

13   informed that no data was lost in the conversion. Accordingly, MGA is able to

14   retrieve transaction data as needed going back to at least 1998.

15

16       I declare under penalty of perjury under the laws of the United States

17   that the foregoing is true and correct.

18       Executed this 10th day of September, 2007, at Van Nuys, California.

19

20                                              Daphne Gronich

21

22

23

24

25

26

27

28

LA2:841480.1                                              - 7 -                    GRONICH DECL
                                                                          CV 04-09049 SGL (RNBX)

EXHIBIT    9

PAGE    128

# EXHIBIT 10



ORIGINAL RECEIVED

DEC 1 7 2007

Patricia Glaser, State Bar No. 55668
Alisa Morgenthaler Lever, State Bar No. 146940
Amman A. Khan, State Bar No. 196217
CHRISTENSEN, GLASER, FINK, JACOBS,
  WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Non-Party Farhad Larian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 & CV 05-2727 |
| v. | **SUPPLEMENTAL RESPONSE AND OBJECTIONS TO SUBPOENA SERVED ON NON-PARTY FARHAD LARIAN** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

611929.2

12-12

EXHIBIT 10

PAGE 129

1    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, FARHAD

2    LARIAN ("Larian"), hereby responds to the Subpoena in a Civil Case ("Subpoena")

3    issued by Mattel, Inc. ("Mattel").

4    Larian objects to the Subpoena, including the notice of deposition and each

5    individual request for production of documents therein, on the following grounds:

6    **OBJECTIONS TO NOTICE OF DEPOSITION AND GENERAL**

7    **OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

8    **1.    Privileged and Protected Material**

9    Larian objects to the Subpoena and each and every request for production

10    therein on the grounds and to the extent they call for testimony and the production of

11    documents that contain  information protected from disclosure pursuant to the

12    attorney-client privilege, attorney work-product doctrine, or the joint

13    defense/common interest privilege.

14    **2.    Arbitral Immunity or Privilege**

15    Larian objects to the Subpoena and each and every request for production

16    therein on the grounds and to the extent they call for testimony and the production of

17    documents that contain information protected from disclosure pursuant to the arbitral

18    immunity doctrine or privilege.

19    **3.    Proprietary or Confidential Information**

20    Larian objects to the Subpoena and each and every request for production

21    therein on the grounds and to the extent they call for testimony and the production of

22    documents that contain proprietary or confidential information or trade secrets,

23    disclosure of which would be prejudicial to Larian and/or the person or persons who

24    provided the information to Larian.  Larian will not produce such documents absent

25    an appropriate protective order.

26    **4.    Third Party Privacy Rights**

27    Larian objects to the Subpoena and each and every request for production

28    therein on the grounds and to the extent they call for testimony and the production of

611929.2

EXHIBIT ____ 2 ____ 10

PAGE ____ 170

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  documents that contain confidential and private information of clients, employees, or

2  of other third parties, or the joint confidential information of Larian and a third party.

3  Larian will not produce such documents until the client, employee, or other third

4  party has been notified of such requests and the client, employee, or the third party

5  has consented to the production of the documents requested.

6  **5.    Relevance**

7        Larian objects to the Subpoena and each and every request for production

8  therein on the grounds and to the extent they call for testimony and the production of

9  documents that are neither relevant to the subject matter of the pending proceedings,

10 nor reasonably calculated to lead to the discovery of admissible evidence.

11 **6.    Vagueness and Ambiguity**

12       Larian objects to the Subpoena and each and every request for production

13 therein on the grounds and to the extent they are vague or ambiguous, or both, and, as

14 such, would require Larian to speculate as to the meaning of the request for

15 production.

16 **7.    Documents Otherwise Available**

17       Larian objects to the Subpoena and each and every request for production

18 therein on the grounds and to the extent they call for testimony and the production of

19 documents that are readily accessible to Mattel or are in publicly available material,

20 the public record, or Mattel's files, having been produced by parties in this litigation.

21 **8.    Burdensome, Overly Broad, Duplicative, Unreasonably Cumulative,**

22 **Harassing and/or Oppressive**

23       Larian objects to the Subpoena and each and every request for production

24 therein on the grounds and to the extent they are burdensome, overly broad,

25 duplicative, unreasonably cumulative, harassing and/or oppressive in that the

26 Subpoena requires Larian to: a) appear at a deposition and produce documents

27 without a reasonable period of time to comply; b) produce documents that are in

28 Mattel's possession; c) produce documents not within Larian's possession, custody,

611929.2

EXHIBIT _____ 10 _____ 3 _____

PAGE _____ 131 _____

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1   or control; d) produce documents that are in the possession, custody or control of

2   third parties; and e) produce documents without limitations as to time or scope.

3        Larian further objects to the Subpoena, including all definitions, and to each

4   individual request for production of documents therein, to the extent the Subpoena

5   ask for "all" documents, thereby causing the Subpoena to: (a) be overly broad, (b) be

6   burdensome and oppressive, (c) seek information that is neither relevant to the subject

7   matter of this action, nor reasonably calculated to lead to the discovery of admissible

8   evidence, and (d) seek documents protected by the attorney/client and attorney work

9   product privileges.

10   **9.   Relevant Time Period**

11        Larian objects to the Subpoena and each and every request for production

12   therein on the grounds and to the extent they seek testimony and the production of

13   documents without any limit as to time period.

14   **10.   Duplication**

15        Larian objects to the Subpoena and each and every request for production

16   therein on the grounds and to the extent they are duplicative of other request for

17   production propounded therein, or request documents that have already been

18   produced by other parties.

19   **11.   Untimely**

20        Larian objects to the Subpoena and each and every request for production

21   therein on the grounds and to the extent they are untimely and fail to give Larian a

22   reasonable amount of time to comply.

23   **12.   Improper Notice**

24        Larian objects to the Subpoena and each and every request for production

25   therein on the grounds and to the extent they violate Federal Rules of Civil Procedure,

26   Rule 45(b)(1) in that Mattel failed to give prior notice of any commanded production

27   of documents on each party in the manner prescribed by Rule 5(b).

28

611929.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

**13.  Right to Privacy**

Larian objects to the Subpoena and each and every request for production therein on the grounds and to the extent they seek disclosure of facts and documents that would result in the disclosure of information in violation of privacy rights of individuals under Article 1, Section 1 of the California Constitution, or any other constitutional, statutory, or common law right of privacy of any person.

**14.  Documents Precluded From Production by Protective Orders**

Larian objects to the Subpoena and each and every request for production therein on the ground and to the extent they seek testimony and the production of documents prohibited from disclosure by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

**15.  Reasonable Compensation**

Larian objects to the Subpoena and each and every request for production therein on the grounds that no arrangement has been made for reasonable compensation to Larian for the necessary expense which shall be incurred by him in complying with the Subpoena.

**SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST NO. 1:**

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any and all lawsuits and arbitration proceedings between YOU and ISAAC LARIAN, including without limitation all video and/or sound recordings, transcripts, exhibits, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such arbitration proceedings.

**RESPONSE NO. 1:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request

611929.2



5

1  for production No. 1 on the following grounds: (1) overly broad, duplicative,
2  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
3  arbitral immunity and/or privilege; (3) seeks information and documents not within
4  Larian's possession, custody or control, and/or documents that are in the possessions,
5  custody or control of third parties; (4) seeks disclosure of facts and documents
6  protected by or subject to the attorney-client privilege, and/or attorney-work product
7  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
8  and documents that contain sensitive confidential and proprietary business
9  information and/or constitute trade secret information; (6) seeks production of
10  voluminous records without limitations as to time; (7) seeks information that is
11  neither relevant to the subject matter of the pending proceeding, nor reasonably
12  calculated to lead to the discovery of admissible evidence; (8) seeks information and
13  documents readily accessible to Mattel from other sources or are otherwise publicly
14  available; (9) seeks documents which violate Larian's right to privacy and/or the right
15  to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks
16  documents prohibited from production by the protective orders issued in this
17  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
18  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents in
19  violation of the settlement negotiations privilege.
20  **SUPPLEMENTAL RESPONSE NO. 1:**
21      Larian incorporates by reference each and every General Objection set forth
22  above as though fully set forth herein. Larian further objects specifically to request
23  for production No. 1 on the following grounds: (1) overly broad, duplicative,
24  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
25  arbitral immunity and/or privilege; (3) seeks information and documents not within
26  Larian's possession, custody or control, and/or documents that are in the possessions,
27  custody or control of third parties; (4) seeks disclosure of facts and documents
28  protected by or subject to the attorney-client privilege, and/or attorney-work product

6

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1   doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

2   and documents that contain sensitive confidential and proprietary business

3   information and/or constitute trade secret information; (6) seeks production of

4   voluminous records without limitations as to time; (7) seeks information that is

5   neither relevant to the subject matter of the pending proceeding, nor reasonably

6   calculated to lead to the discovery of admissible evidence; (8) seeks information and

7   documents readily accessible to Mattel from other sources or are otherwise publicly

8   available; (9) seeks documents which violate Larian's right to privacy and/or the right

9   to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks

10  documents prohibited from production by the protective orders issued in this

11  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

12  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents in

13  violation of the settlement negotiations privilege.

14          Nevertheless, subject to and without waiver of or prejudice to the foregoing

15  objections, including the General Objections, Larian will produce all pleadings from

16  Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301371 and BC 329501,

17  Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant, non-privileged

18  DOCUMENTS from these matters that relate to Bratz, including its origin, Carter

19  Bryant or Mattel.

20

21  **REQUEST NO. 2:**

22          All DOCUMENTS, including without limitation any and all pleadings, briefs,

23  decisions, orders, correspondence and other COMMUNICATIONS, created,

24  reviewed, transmitted or received by YOU in connection with any lawsuit or

25  arbitration proceedings, including without limitation any pre-arbitration and post-

26  arbitration proceedings, or any other dispute between YOU and ISAAC LARIAN.

27

28

611929.2

7

1 **RESPONSE NO. 2:**

2    Larian incorporates by reference each and every General Objection set forth

3 above as though fully set forth herein. Larian further objects specifically to request

4 for production No. 2 on the following grounds: (1) overly broad, duplicative,

5 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

6 arbitral immunity and/or privilege; (3) seeks information and documents not within

7 Larian's possession, custody or control, and/or documents that are in the possessions,

8 custody or control of third parties; (4) seeks disclosure of facts and documents

9 protected by or subject to the attorney-client privilege, and/or attorney-work product

10 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

11 and documents that contain sensitive confidential and proprietary business

12 information and/or constitute trade secret information; (6) seeks production of

13 voluminous records without limitations as to time; (7) seeks information that is

14 neither relevant to the subject matter of the pending proceeding, nor reasonably

15 calculated to lead to the discovery of admissible evidence; (8) seeks information and

16 documents readily accessible to Mattel from other sources or are otherwise publicly

17 available; (9) seeks documents which violate Larian's right to privacy and/or the right

18 to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks

19 documents prohibited from production by the protective orders issued in this

20 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

21 Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which

22 violate the settlement negotiations privilege.

23 **SUPPLEMENTAL RESPONSE NO. 2:**

24    Larian incorporates by reference each and every General Objection set forth

25 above as though fully set forth herein. Larian further objects specifically to request

26 for production No. 2 on the following grounds: (1) overly broad, duplicative,

27 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

28 arbitral immunity and/or privilege; (3) seeks information and documents not within

611925.2

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 Constellation Boulevard
NINETEENTH FLOOR
Los Angeles, California 90067
(310) 553-3000

 

8.

1  Larian's possession, custody or control, and/or documents that are in the possessions,

2  custody or control of third parties; (4) seeks disclosure of facts and documents

3  protected by or subject to the attorney-client privilege, and/or attorney-work product

4  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

5  and documents that contain sensitive confidential and proprietary business

6  information and/or constitute trade secret information; (6) seeks production of

7  voluminous records without limitations as to time; (7) seeks information that is

8  neither relevant to the subject matter of the pending proceeding, nor reasonably

9  calculated to lead to the discovery of admissible evidence; (8) seeks information and

10  documents readily accessible to Mattel from other sources or are otherwise publicly

11  available; (9) seeks documents which violate Larian's right to privacy and/or the right

12  to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks

13  documents prohibited from production by the protective orders issued in this

14  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

15  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which

16  violate the settlement negotiations privilege.

17       Nevertheless, subject to and without waiver of or prejudice to the foregoing

18  objections, including the General Objections, Larian will produce all pleadings from

19  Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301371 and BC 329501,

20  Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant, non-privileged

21  DOCUMENTS from these matters that relate to Bratz, including its origin, Carter

22  Bryant or Mattel.

23

24  **REQUEST NO. 3:**

25       All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any

26  contract or agreement, or any proposed, offered or requested contract or agreement,

27  between YOU and/or any of YOUR FAMILY MEMBER, on the one hand, and

28  ISAAC LARIAN, any FAMILY MEMBER of ISAAC LARIAN and/or MGA, on the

1  other hand, at any time since January 1, 1999, including without limitation any and all
2  actual, proposed, offered or requested amendments or modifications thereto, and
3  including without limitation: (a) the Agreement for Sale of Stock, entered into on or
4  around December 4, 2000, between YOU and ISAAC LARIAN, (b) the Agreement to
5  Arbitrate and Selection of Arbitrator, entered into on or about September 28, 2000,
6  between YOU and ISAAC LARIAN, (c) any and all employment and consulting
7  agreements, (d) any and all settlements, resolutions or compromises of any kind, and
8  (e) any and all fee or indemnification agreements.

9  **RESPONSE NO. 3:**

10      Larian incorporates by reference each and every General Objection set forth
11  above as though fully set forth herein. Larian further objects specifically to request
12  for production No. 3 on the following grounds: (1) overly broad, duplicative,
13  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
14  arbitral immunity and/or privilege; (3) seeks information and documents not within
15  Larian's possession, custody or control, and/or documents that are in the possessions,
16  custody or control of third parties; (4) seeks disclosure of facts and documents
17  protected by or subject to the attorney-client privilege, and/or attorney-work product
18  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
19  and documents that contain sensitive confidential and proprietary business
20  information and/or constitute trade secret information; (6) seeks production of
21  voluminous records without limitations as to time; (7) seeks information that is
22  neither relevant to the subject matter of the pending proceeding, nor reasonably
23  calculated to lead to the discovery of admissible evidence; (8) seeks information and
24  documents readily accessible to Mattel from other sources or are otherwise publicly
25  available; (9) seeks documents which violate Larian's right to privacy and/or the right
26  to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks
27  documents prohibited from production by the protective orders issued in this
28  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

611929.2

EXHIBIT __**10**__ _____ 10

PAGE __**134**__

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
**CV 04-09049 SGL (RNBx)**

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which

2  violate the settlement negotiations privilege.

3  **SUPPLEMENTAL RESPONSE NO. 3:**

4      Larian incorporates by reference each and every General Objection set forth

5  above as though fully set forth herein. Larian further objects specifically to request

6  for production No. 3 on the following grounds: (1) overly broad, duplicative,

7  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

8  arbitral immunity and/or privilege; (3) seeks information and documents not within

9  Larian's possession, custody or control, and/or documents that are in the possessions,

10 custody or control of third parties; (4) seeks disclosure of facts and documents

11 protected by or subject to the attorney-client privilege, and/or attorney-work product

12 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

13 and documents that contain sensitive confidential and proprietary business

14 information and/or constitute trade secret information; (6) seeks production of

15 voluminous records without limitations as to time; (7) seeks information that is

16 neither relevant to the subject matter of the pending proceeding, nor reasonably

17 calculated to lead to the discovery of admissible evidence; (8) seeks information and

18 documents readily accessible to Mattel from other sources or are otherwise publicly

19 available; (9) seeks documents which violate Larian's right to privacy and/or the right

20 to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks

21 documents prohibited from production by the protective orders issued in this

22 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

23 Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which

24 violate the settlement negotiations privilege.

25      Nevertheless, subject to and without waiver of or prejudice to the foregoing

26 objections, including the General Objections, Larian will produce the Agreement for

27 Sale of Stock between himself and Isaac Larian, the Agreement to Arbitrate and

28 Selection of Arbitrator, a redacted copy of the retainer agreement between Larian and

611928.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP, any

2 settlement agreement between Larian and Isaac Larian or MGA since January 1, 1999

3 and any employment or consulting agreement between Larian and Isaac Larian or

4 MGA since January 1, 1999.

5

6 **REQUEST NO. 4:**

7      All DOCUMENTS, including all COMMUNICATIONS, RELATING TO Los

8 Angeles Superior Court Case No. BC 303171 brought by YOU against ISAAC

9 LARIAN and/or any related proceedings, including any appeal thereof, and including

10 without limitation all video and/or sound recordings, transcripts, exhibits, pleadings,

11 briefs, memoranda, witness statements, declarations, affidavits and sworn testimony

12 given by any PERSON in connection with such suit and/or related proceedings and/or

13 any appeal related to such lawsuit.

14 **RESPONSE NO. 4:**

15      Larian incorporates by reference each and every General Objection set forth

16 above as though fully set forth herein. Larian further objects specifically to request

17 for production No. 4 on the following grounds: (1) overly broad, duplicative,

18 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

19 arbitral immunity and/or privilege; (3) seeks information and documents not within

20 Larian's possession, custody or control, and/or documents that are in the possessions,

21 custody or control of third parties; (4) seeks disclosure of facts and documents

22 protected by or subject to the attorney-client privilege, and/or attorney-work product

23 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

24 and documents that contain sensitive confidential and proprietary business

25 information and/or constitute trade secret information; (6) seeks production of

26 voluminous records without limitations as to time; (7) seeks information that is

27 neither relevant to the subject matter of the pending proceeding, nor reasonably

28 calculated to lead to the discovery of admissible evidence; (8) seeks information and

611923.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  documents readily accessible to Mattel from other sources or are otherwise publicly

2  available; (9) seeks documents which violate Larian's right to privacy and/or the right

3  to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks

4  documents prohibited from production by the protective orders issued in this

5  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

6  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which

7  violate the settlement negotiations privilege.

8  **SUPPLEMENTAL RESPONSE NO. 4:**

9      Larian incorporates by reference each and every General Objection set forth

10  above as though fully set forth herein. Larian further objects specifically to request

11  for production No. 4 on the following grounds: (1) overly broad, duplicative,

12  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

13  arbitral immunity and/or privilege; (3) seeks information and documents not within

14  Larian's possession, custody or control, and/or documents that are in the possessions,

15  custody or control of third parties; (4) seeks disclosure of facts and documents

16  protected by or subject to the attorney-client privilege, and/or attorney-work product

17  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

18  and documents that contain sensitive confidential and proprietary business

19  information and/or constitute trade secret information; (6) seeks production of

20  voluminous records without limitations as to time; (7) seeks information that is

21  neither relevant to the subject matter of the pending proceeding, nor reasonably

22  calculated to lead to the discovery of admissible evidence; (8) seeks information and

23  documents readily accessible to Mattel from other sources or are otherwise publicly

24  available; (9) seeks documents which violate Larian's right to privacy and/or the right

25  to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks

26  documents prohibited from production by the protective orders issued in this

27  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

28

611928.2

EXHIBIT  **10**
PAGE  **141**

13.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which
2  violate the settlement negotiations privilege.

3      Nevertheless, subject to and without waiver of or prejudice to the foregoing
4  objections, including the General Objections, Larian will produce all pleadings from
5  Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301371 and BC 329501,
6  Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant, non-privileged
7  DOCUMENTS from these matters that relate to Bratz, including its origin, Carter
8  Bryant or Mattel.

9

10 **REQUEST NO. 5:**

11     All DOCUMENTS RELATING TO BRYANT, including without limitation
12 his agreement with MGA dated "as of" September 18, 2000, his work on BRATZ and
13 his employment by MATTEL.

14 **RESPONSE NO. 5:**

15     Larian incorporates by reference each and every General Objection set forth
16 above as though fully set forth herein. Larian further objects specifically to request
17 for production No. 5 on the following grounds: (1) overly broad, duplicative,
18 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
19 arbitral immunity and/or privilege; (3) seeks information and documents not within
20 Larian's possession, custody or control, and/or documents that are in the possessions,
21 custody or control of third parties; (4) seeks disclosure of facts and documents
22 protected by or subject to the attorney-client privilege, and/or attorney-work product
23 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
24 and documents that contain sensitive confidential and proprietary business
25 information and/or constitute trade secret information; (6) seeks production of
26 voluminous records without limitations as to time; (7) seeks information that is
27 neither relevant to the subject matter of the pending proceeding, nor reasonably
28 calculated to lead to the discovery of admissible evidence; (8) seeks information and

611928.2



14

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   documents readily accessible to Mattel from other sources or are otherwise publicly
2   available; (9) seeks documents which violate Larian's right to privacy and/or the right
3   to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks
4   documents prohibited from production by the protective orders issued in this
5   ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
6   Larian v. Larian, ADRS Case No. 05-2096-ABH.

7        Nevertheless, subject to and without waiver of or prejudice to the foregoing
8   objections, including the General Objections, Larian will produce relevant, non-
9   privileged documents responsive to this request for production, if any, which are in
10  his possession, custody or control.

11

12  **REQUEST NO. 6:**

13       All DOCUMENTS RELATING TO BRATZ that discuss, concern or reference
14  the time period prior to January 1, 2002, regardless of when such DOCUMENT was
15  generated, created, received or transmitted.

16  **RESPONSE NO. 6:**

17       Larian incorporates by reference each and every General Objection set forth
18  above as though fully set forth herein. Larian further objects specifically to request
19  for production No. 6 on the following grounds: (1) overly broad, duplicative,
20  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
21  arbitral immunity and/or privilege; (3) seeks information and documents not within
22  Larian's possession, custody or control, and/or documents that are in the possessions,
23  custody or control of third parties; (4) seeks disclosure of facts and documents
24  protected by or subject to the attorney-client privilege, and/or attorney-work product
25  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
26  and documents that contain sensitive confidential and proprietary business
27  information and/or constitute trade secret information; (6) seeks production of
28  voluminous records without limitations as to time; (7) seeks information that is

611929.2

15

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  neither relevant to the subject matter of the pending proceeding, nor reasonably
2  calculated to lead to the discovery of admissible evidence; (8) seeks information and
3  documents readily accessible to Mattel from other sources or are otherwise publicly
4  available; (9) seeks documents which violate Larian's right to privacy and/or the right
5  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks
6  documents prohibited from production by the protective orders issued in this
7  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
8  Larian v. Larian, ADRS Case No. 05-2096-ABH.

9      Nevertheless, subject to and without waiver of or prejudice to the foregoing
10  objections, including the General Objections, Larian will produce relevant, non-
11  privileged documents responsive to this request for production, if any, which are in
12  his possession, custody or control.

13

14  **REQUEST NO. 7:**

15      All DOCUMENTS RELATING TO the creation, conception, development,
16  design or origins of BRATZ, including without limitation all statements by ISAAC
17  LARIAN, BRYANT or any other PERSON relating thereto at any time.

18  **RESPONSE NO. 7:**

19      Larian incorporates by reference each and every General Objection set forth
20  above as though fully set forth herein.  Larian further objects specifically to request
21  for production No. 7 on the following grounds: (1) overly broad, duplicative,
22  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
23  arbitral immunity and/or privilege; (3) seeks information and documents not within
24  Larian's possession, custody or control, and/or documents that are in the possessions,
25  custody or control of third parties; (4) seeks disclosure of facts and documents
26  protected by or subject to the attorney-client privilege, and/or attorney-work product
27  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
28  and documents that contain sensitive confidential and proprietary business

611929.21

1   information and/or constitute trade secret information; (6) seeks production of

2   voluminous records without limitations as to time; (7) seeks information that is

3   neither relevant to the subject matter of the pending proceeding, nor reasonably

4   calculated to lead to the discovery of admissible evidence; (8) seeks information and

5   documents readily accessible to Mattel from other sources or are otherwise publicly

6   available; (9) seeks documents which violate Larian's right to privacy and/or the right

7   to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

8   documents prohibited from production by the protective orders issued in this

9   ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

10  Larian v. Larian, ADRS Case No. 05-2096-ABH.

11       Nevertheless, subject to and without waiver of or prejudice to the foregoing

12  objections, including the General Objections, Larian will produce relevant, non-

13  privileged documents responsive to this request for production, if any, which are in

14  his possession, custody or control.

15

16  **REQUEST NO. 8:**

17       All COMMUNICATIONS to or from YOU RELATING TO BRATZ,

18  including without limitation to or from ISAAC LARIAN, MORAD ZARABI, MGA,

19  BRYANT, Veronica Marlow, Mercedeh Ward, Margaret Hatch (also known as

20  Margaret Leahy and/or Margaret Hatch-Leahy) and/or Anna Rhee, and including

21  without limitation all diaries, notes, calendars, logs, phone records, letters and other

22  DOCUMENTS relating thereto.

23  **RESPONSE NO. 8:**

24       Larian incorporates by reference each and every General Objection set forth

25  above as though fully set forth herein. Larian further objects specifically to request

26  for production No. 8 on the following grounds: (1) overly broad, duplicative,

27  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

28  arbitral immunity and/or privilege; (3) seeks information and documents not within

611929.2

EXHIBIT **16**   17

PAGE **145**

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  Larian's possession, custody or control, and/or documents that are in the possessions,

2  custody or control of third parties; (4) seeks disclosure of facts and documents

3  protected by or subject to the attorney-client privilege, and/or attorney-work product

4  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

5  and documents that contain sensitive confidential and proprietary business

6  information and/or constitute trade secret information; (6) seeks production of

7  voluminous records without limitations as to time; (7) seeks information that is

8  neither relevant to the subject matter of the pending proceeding, nor reasonably

9  calculated to lead to the discovery of admissible evidence; (8) seeks information and

10  documents readily accessible to Mattel from other sources or are otherwise publicly

11  available; (9) seeks documents which violate Larian's right to privacy and/or the right

12  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

13  documents prohibited from production by the protective orders issued in this

14  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

15  Larian v. Larian, ADRS Case No. 05-2096-ABH.

16  **SUPPLEMENTAL RESPONSE NO. 8:**

17      Larian incorporates by reference each and every General Objection set forth

18  above as though fully set forth herein. Larian further objects specifically to request

19  for production No. 8 on the following grounds: (1) overly broad, duplicative,

20  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

21  arbitral immunity and/or privilege; (3) seeks information and documents not within

22  Larian's possession, custody or control, and/or documents that are in the possessions,

23  custody or control of third parties; (4) seeks disclosure of facts and documents

24  protected by or subject to the attorney-client privilege, and/or attorney-work product

25  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

26  and documents that contain sensitive confidential and proprietary business

27  information and/or constitute trade secret information; (6) seeks production of

28  voluminous records without limitations as to time; (7) seeks information that is

611928.2

18

1   neither relevant to the subject matter of the pending proceeding, nor reasonably

2   calculated to lead to the discovery of admissible evidence; (8) seeks information and

3   documents readily accessible to Mattel from other sources or are otherwise publicly

4   available; (9) seeks documents which violate Larian's right to privacy and/or the right

5   to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

6   documents prohibited from production by the protective orders issued in this

7   ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

8   Larian v. Larian, ADRS Case No. 05-2096-ABH.

9       Nevertheless, subject to and without waiver of or prejudice to the foregoing

10  objections, including the General Objections, Larian will produce relevant, non-

11  privileged documents responsive to this request for production, if any, which are in

12  his possession, custody or control.

13

14  **REQUEST NO. 9:**

15      All planners and calendars, including without limitation any Franklin planner

16  or Outlook calendar, used by YOU, ISAAC LARIAN or any other PERSON at MGA

17  RELATING TO the time period between January 1, 1998 and December 31, 2002,

18  inclusive.

19  **RESPONSE NO. 9:**

20      Larian incorporates by reference each and every General Objection set forth

21  above as though fully set forth herein. Larian further objects specifically to request

22  for production No. 9 on the following grounds: (1) overly broad, duplicative,

23  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

24  arbitral immunity and/or privilege; (3) seeks information and documents not within

25  Larian's possession, custody or control, and/or documents that are in the possessions,

26  custody or control of third parties; (4) seeks disclosure of facts and documents

27  protected by or subject to the attorney-client privilege, and/or attorney-work product

28  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

611928.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  and documents that contain sensitive confidential and proprietary business

2  information and/or constitute trade secret information; (6) seeks production of

3  voluminous records without limitations as to time; (7) seeks information that is

4  neither relevant to the subject matter of the pending proceeding, nor reasonably

5  calculated to lead to the discovery of admissible evidence; (8) seeks information and

6  documents readily accessible to Mattel from other sources or are otherwise publicly

7  available; (9) seeks documents which violate Larian's right to privacy and/or the right

8  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

9  **SUPPLEMENTAL RESPONSE NO. 9:**

10  Larian incorporates by reference each and every General Objection set forth

11  above as though fully set forth herein. Larian further objects specifically to request

12  for production No. 9 on the following grounds: (1) overly broad, duplicative,

13  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

14  arbitral immunity and/or privilege; (3) seeks information and documents not within

15  Larian's possession, custody or control, and/or documents that are in the possessions,

16  custody or control of third parties; (4) seeks disclosure of facts and documents

17  protected by or subject to the attorney-client privilege, and/or attorney-work product

18  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

19  and documents that contain sensitive confidential and proprietary business

20  information and/or constitute trade secret information; (6) seeks production of

21  voluminous records without limitations as to time; (7) seeks information that is

22  neither relevant to the subject matter of the pending proceeding, nor reasonably

23  calculated to lead to the discovery of admissible evidence; (8) seeks information and

24  documents readily accessible to Mattel from other sources or are otherwise publicly

25  available; (9) seeks documents which violate Larian's right to privacy and/or the right

26  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

27  Nevertheless, subject to and without waiver of or prejudice to the foregoing

28  objections, including the General Objections, Larian will produce relevant, non-

611928.2

**10**

**148**

20

1  privileged documents responsive to this request for production, if any, which are in

2  his possession, custody or control.

3  **REQUEST NO. 10:**

4      All DOCUMENTS RELATING TO the timing of any meetings between YOU

5  and anyone at MGA regarding BRATZ, including but not limited to any planners,

6  calendars, or other meeting records.

7  **RESPONSE NO. 10**

8      Larian incorporates by reference each and every General Objection set forth

9  above as though fully set forth herein. Larian further objects specifically to request

10  for production No. 10 on the following grounds: (1) overly broad, duplicative,

11  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

12  arbitral immunity and/or privilege; (3) seeks information and documents not within

13  Larian's possession, custody or control, and/or documents that are in the possessions,

14  custody or control of third parties; (4) seeks disclosure of facts and documents

15  protected by or subject to the attorney-client privilege, and/or attorney-work product

16  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

17  and documents that contain sensitive confidential and proprietary business

18  information and/or constitute trade secret information; (6) seeks production of

19  voluminous records without limitations as to time; (7) seeks information that is

20  neither relevant to the subject matter of the pending proceeding, nor reasonably

21  calculated to lead to the discovery of admissible evidence; (8) seeks information and

22  documents readily accessible to Mattel from other sources or are otherwise publicly

23  available; (9) seeks documents which violate Larian's right to privacy and/or the right

24  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

25      Nevertheless, subject to and without waiver of or prejudice to the foregoing

26  objections, including the General Objections, Larian will produce relevant, non-

27  privileged documents responsive to this request for production, if any, which are in

28  his possession, custody or control.

611929.2

EXHIBIT ___10___   21

PAGE ___149___

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

**REQUEST NO. 11:**

All DOCUMENTS that REFER OR RELATE to any ownership rights or interest in BRATZ.

**RESPONSE NO. 11:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 11 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce relevant, non-privileged documents responsive to this request for production, if any, which are in his possession, custody or control.

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

**REQUEST NO. 12:**

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any actual, proposed, contemplated, considered or potential copyright, patent or any other application or registration RELATING TO BRATZ.

**RESPONSE NO. 12:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 12 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce relevant, non-

611929.2



EXHIBIT

-23-

\5\

1  privileged documents responsive to this request for production, if any, which are in

2  his possession, custody or control.

3

4  **REQUEST NO. 13:**

5      All DOCUMENTS RELATING TO ANGEL.

6  **RESPONSE NO. 13:**

7      Larian incorporates by reference each and every General Objection set forth

8  above as though fully set forth herein.  Larian further objects specifically to request

9  for production No. 13 on the following grounds: (1) overly broad, duplicative,

10  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

11  arbitral immunity and/or privilege; (3) seeks information and documents not within

12  Larian's possession, custody or control, and/or documents that are in the possessions,

13  custody or control of third parties; (4) seeks disclosure of facts and documents

14  protected by or subject to the attorney-client privilege, and/or attorney-work product

15  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

16  and documents that contain sensitive confidential and proprietary business

17  information and/or constitute trade secret information; (6) seeks production of

18  voluminous records without limitations as to time; (7) seeks information that is

19  neither relevant to the subject matter of the pending proceeding, nor reasonably

20  calculated to lead to the discovery of admissible evidence; (8) seeks information and

21  documents readily accessible to Mattel from other sources or are otherwise publicly

22  available; (9) seeks documents which violate Larian's right to privacy and/or the right

23  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

24  documents prohibited from production by the protective orders issued in this

25  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

26  Larian v. Larian, ADRS Case No. 05-2096-ABH.

27      Nevertheless, subject to and without waiver of or prejudice to the foregoing

28  objections, including the General Objections, Larian will produce relevant, non-

611929.2

10

152

24

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   privileged documents responsive to this request for production, if any, which are in

2   his possession, custody or control.

3

4   **REQUEST NO. 14:**

5       All DOCUMENTS RELATING TO PRAYER ANGELS.

6   **RESPONSE NO. 14:**

7       Larian incorporates by reference each and every General Objection set forth

8   above as though fully set forth herein.  Larian further objects specifically to request

9   for production No. 14 on the following grounds: (1) overly broad, duplicative,

10  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

11  arbitral immunity and/or privilege; (3) seeks information and documents not within

12  Larian's possession, custody or control, and/or documents that are in the possessions,

13  custody or control of third parties; (4) seeks disclosure of facts and documents

14  protected by or subject to the attorney-client privilege, and/or attorney-work product

15  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

16  and documents that contain sensitive confidential and proprietary business

17  information and/or constitute trade secret information; (6) seeks production of

18  voluminous records without limitations as to time; (7) seeks information that is

19  neither relevant to the subject matter of the pending proceeding, nor reasonably

20  calculated to lead to the discovery of admissible evidence; (8) seeks information and

21  documents readily accessible to Mattel from other sources or are otherwise publicly

22  available; (9) seeks documents which violate Larian's right to privacy and/or the right

23  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

24  documents prohibited from production by the protective orders issued in this

25  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

26  Larian v. Larian, ADRS Case No. 05-2096-ABH.

27      Nevertheless, subject to and without waiver of or prejudice to the foregoing

28  objections, including the General Objections, Larian will produce relevant, non-

611929.2

**10**

25

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

**153**

1   privileged documents responsive to this request for production, if any, which are in
2   his possession, custody or control.

3

4   **REQUEST NO. 15:**

5       All DOCUMENTS RELATING TO Elise Cloonan or any of her FAMILY
6   MEMBERS, including without [sic] all COMMUNICATIONS to or from her
7   RELATING TO BRYANT, MATTEL, BRATZ, ISAAC LARIAN, and/or MGA, and
8   including without limitation all diaries, notes, calendars, logs, phone records, letters
9   and other DOCUMENTS RELATING TO such COMMUNICATIONS.

10  **RESPONSE NO. 15:**

11      Larian incorporates by reference each and every General Objection set forth
12  above as though fully set forth herein. Larian further objects specifically to request
13  for production No. 15 on the following grounds: (1) overly broad, duplicative,
14  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
15  arbitral immunity and/or privilege; (3) seeks information and documents not within
16  Larian's possession, custody or control, and/or documents that are in the possessions,
17  custody or control of third parties; (4) seeks disclosure of facts and documents
18  protected by or subject to the attorney-client privilege, and/or attorney-work product
19  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
20  and documents that contain sensitive confidential and proprietary business
21  information and/or constitute trade secret information; (6) seeks production of
22  voluminous records without limitations as to time; (7) seeks information that is
23  neither relevant to the subject matter of the pending proceeding, nor reasonably
24  calculated to lead to the discovery of admissible evidence; (8) seeks information and
25  documents readily accessible to Mattel from other sources or are otherwise publicly
26  available; (9) seeks documents which violate Larian's right to privacy and/or the right
27  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks
28  documents prohibited from production by the protective orders issued in this

611929.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

2  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 15**:

4      Larian incorporates by reference each and every General Objection set forth

5  above as though fully set forth herein.  Larian further objects specifically to request

6  for production No. 15 on the following grounds: (1) overly broad, duplicative,

7  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

8  arbitral immunity and/or privilege; (3) seeks information and documents not within

9  Larian's possession, custody or control, and/or documents that are in the possessions,

10  custody or control of third parties; (4) seeks disclosure of facts and documents

11  protected by or subject to the attorney-client privilege, and/or attorney-work product

12  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

13  and documents that contain sensitive confidential and proprietary business

14  information and/or constitute trade secret information; (6) seeks production of

15  voluminous records without limitations as to time; (7) seeks information that is

16  neither relevant to the subject matter of the pending proceeding, nor reasonably

17  calculated to lead to the discovery of admissible evidence; (8) seeks information and

18  documents readily accessible to Mattel from other sources or are otherwise publicly

19  available; (9) seeks documents which violate Larian's right to privacy and/or the right

20  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

21  documents prohibited from production by the protective orders issued in this

22  ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

23  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

24      Nevertheless, subject to and without waiver of or prejudice to the foregoing

25  objections, including the General Objections, Larian responds that he does not have

26  any non-privileged documents which are responsive to this request for production in

27  his possession, custody or control.

28

611928.2

27

**REQUEST NO. 16:**

All DOCUMENTS RELATING TO Los Angeles Superior Court Case No. BC 329501 filed by YOU against ISAAC LARIAN, MORAD ZARABI and Kambiz Zarabi, and/or any related proceedings and/or any appeal of such lawsuit, including without limitation all video and/or sound recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such suit and/or related proceedings and/or any appeal related to such lawsuit.

**RESPONSE NO. 16:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 16 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

EXHIBIT 10
156

28

SUPPLEMENTAL RESPONSE TO SUBPOENA SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1   Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which
2   violate the settlement negotiations privilege.
3   **SUPPLEMENTAL RESPONSE NO. 16:**

4         Larian incorporates by reference each and every General Objection set forth
5   above as though fully set forth herein. Larian further objects specifically to request
6   for production No. 16 on the following grounds: (1) overly broad, duplicative,
7   unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
8   arbitral immunity and/or privilege; (3) seeks information and documents not within
9   Larian's possession, custody or control, and/or documents that are in the possessions,
10  custody or control of third parties; (4) seeks disclosure of facts and documents
11  protected by or subject to the attorney-client privilege, and/or attorney-work product
12  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
13  and documents that contain sensitive confidential and proprietary business
14  information and/or constitute trade secret information; (6) seeks production of
15  voluminous records without limitations as to time; (7) seeks information that is
16  neither relevant to the subject matter of the pending proceeding, nor reasonably
17  calculated to lead to the discovery of admissible evidence; (8) seeks information and
18  documents readily accessible to Mattel from other sources or are otherwise publicly
19  available; (9) seeks documents which violate Larian's right to privacy and/or the right
20  to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11) seeks
21  documents prohibited from production by the protective orders issued in this
22  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
23  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which
24  violate the settlement negotiations privilege.

25        Nevertheless, subject to and without waiver of or prejudice to the foregoing
26  objections, including the General Objections, Larian will produce all pleadings from
27  Larian v. Larian, Los Angeles Superior Court Case Nos. BC 301371 and BC 329501,
28  Larian v. Larian, ADRS Case No. 05-2096-ABH, and relevant, non-privileged

611929.2

29

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  DOCUMENTS from these matters that relate to Bratz, including its origin, Carter
2  Bryant or Mattel.

3

4  **REQUEST NO. 17:**

5      All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any
6  financial appraisal of MGA and/or BRATZ, including without limitation any
7  appraisal or appraisals performed by ERNEST DUTCHER and any instructions given
8  to ERNEST DUTCHER regarding such appraisal or appraisals.

9  **RESPONSE NO. 17:**

10      Larian incorporates by reference each and every General Objection set forth
11  above as though fully set forth herein.  Larian further objects specifically to request
12  for production No. 17 on the following grounds: (1) overly broad, duplicative,
13  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
14  arbitral immunity and/or privilege; (3) seeks information and documents not within
15  Larian's possession, custody or control, and/or documents that are in the possessions,
16  custody or control of third parties; (4) seeks disclosure of facts and documents
17  protected by or subject to the attorney-client privilege, and/or attorney-work product
18  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
19  and documents that contain sensitive confidential and proprietary business
20  information and/or constitute trade secret information; (6) seeks production of
21  voluminous records without limitations as to time; (7) seeks information that is
22  neither relevant to the subject matter of the pending proceeding, nor reasonably
23  calculated to lead to the discovery of admissible evidence; (8) seeks information and
24  documents readily accessible to Mattel from other sources or are otherwise publicly
25  available; (9) seeks documents which violate Larian's right to privacy and/or the right
26  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (10) seeks
27  documents prohibited from production by the protective orders issued in this

28

611928.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

2  Larian v. Larian, ADRS Case No. 05-2096-ABH.

3  **SUPPLEMENTAL RESPONSE NO. 17:**

4      Larian incorporates by reference each and every General Objection set forth

5  above as though fully set forth herein. Larian further objects specifically to request

6  for production No. 17 on the following grounds: (1) overly broad, duplicative,

7  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

8  arbitral immunity and/or privilege; (3) seeks information and documents not within

9  Larian's possession, custody or control, and/or documents that are in the possessions,

10 custody or control of third parties; (4) seeks disclosure of facts and documents

11 protected by or subject to the attorney-client privilege, and/or attorney-work product

12 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

13 and documents that contain sensitive confidential and proprietary business

14 information and/or constitute trade secret information; (6) seeks production of

15 voluminous records without limitations as to time; (7) seeks information that is

16 neither relevant to the subject matter of the pending proceeding, nor reasonably

17 calculated to lead to the discovery of admissible evidence; (8) seeks information and

18 documents readily accessible to Mattel from other sources or are otherwise publicly

19 available; (9) seeks documents which violate Larian's right to privacy and/or the right

20 to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (10) seeks

21 documents prohibited from production by the protective orders issued in this

22 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

23 Larian v. Larian, ADRS Case No. 05-2096-ABH.

24      Nevertheless, subject to and without waiver of or prejudice to the foregoing

25 objections, including the General Objections, Larian will produce relevant, non-

26 privileged documents responsive to this request for production, if any, which are in

27 his possession, custody or control and are not covered by any of the protective orders

28

611598.21

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

EXHIBIT 10
159

1  issued in <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

2  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

3

4  **REQUEST NO. 18:**

5  All DOCUMENTS RELATING TO any financial or other information

6  considered, relied upon or used in any manner to conduct any valuation or appraisal

7  of MGA and/or BRATZ, including without limitation for the time period from 1999

8  to 2001.

9  **RESPONSE NO. 18:**

10  Larian incorporates by reference each and every General Objection set forth

11  above as though fully set forth herein. Larian further objects specifically to request

12  for production No. 18 on the following grounds: (1) overly broad, duplicative,

13  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

14  arbitral immunity and/or privilege; (3) seeks information and documents not within

15  Larian's possession, custody or control, and/or documents that are in the possessions,

16  custody or control of third parties; (4) seeks disclosure of facts and documents

17  protected by or subject to the attorney-client privilege, and/or attorney-work product

18  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

19  and documents that contain sensitive confidential and proprietary business

20  information and/or constitute trade secret information; (6) seeks production of

21  voluminous records without limitations as to time; (7) seeks information that is

22  neither relevant to the subject matter of the pending proceeding, nor reasonably

23  calculated to lead to the discovery of admissible evidence; (8) seeks information and

24  documents readily accessible to Mattel from other sources or are otherwise publicly

25  available; (9) seeks documents which violate Larian's right to privacy and/or the right

26  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

27  documents prohibited from production by the protective orders issued in this

28

611928.2

32

1  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

2  Larian v. Larian, ADRS Case No. 05-2096-ABH.

3  **SUPPLEMENTAL RESPONSE NO. 18:**

4       Larian incorporates by reference each and every General Objection set forth

5  above as though fully set forth herein. Larian further objects specifically to request

6  for production No. 18 on the following grounds: (1) overly broad, duplicative,

7  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

8  arbitral immunity and/or privilege; (3) seeks information and documents not within

9  Larian's possession, custody or control, and/or documents that are in the possessions,

10  custody or control of third parties; (4) seeks disclosure of facts and documents

11  protected by or subject to the attorney-client privilege, and/or attorney-work product

12  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

13  and documents that contain sensitive confidential and proprietary business

14  information and/or constitute trade secret information; (6) seeks production of

15  voluminous records without limitations as to time; (7) seeks information that is

16  neither relevant to the subject matter of the pending proceeding, nor reasonably

17  calculated to lead to the discovery of admissible evidence; (8) seeks information and

18  documents readily accessible to Mattel from other sources or are otherwise publicly

19  available; (9) seeks documents which violate Larian's right to privacy and/or the right

20  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

21  documents prohibited from production by the protective orders issued in this

22  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

23  Larian v. Larian, ADRS Case No. 05-2096-ABH.

24       Nevertheless, subject to and without waiver of or prejudice to the foregoing

25  objections, including the General Objections, Larian will produce relevant, non-

26  privileged documents responsive to this request for production, if any, which are in

27  his possession, custody or control and are not covered by any of the protective orders

28

611928.2

33

1   issued in <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

2   <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

3

4   **REQUEST NO. 19:**

5       All DOCUMENTS RELATING TO the value of MGA and/or BRATZ at any

6   time since January 1, 1999.

7   **RESPONSE NO. 19:**

8       Larian incorporates by reference each and every General Objection set forth

9   above as though fully set forth herein. Larian further objects specifically to request

10  for production No. 19 on the following grounds: (1) overly broad, duplicative,

11  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

12  arbitral immunity and/or privilege; (3) seeks information and documents not within

13  Larian's possession, custody or control, and/or documents that are in the possessions,

14  custody or control of third parties; (4) seeks disclosure of facts and documents

15  protected by or subject to the attorney-client privilege, and/or attorney-work product

16  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

17  and documents that contain sensitive confidential and proprietary business

18  information and/or constitute trade secret information; (6) seeks production of

19  voluminous records without limitations as to time; (7) seeks information that is

20  neither relevant to the subject matter of the pending proceeding, nor reasonably

21  calculated to lead to the discovery of admissible evidence; (8) seeks information and

22  documents readily accessible to Mattel from other sources or are otherwise publicly

23  available; (9) seeks documents which violate Larian's right to privacy and/or the right

24  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

25  documents prohibited from production by the protective orders issued in this

26  ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

27  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

28

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
**CV 04-09049 SGL (RNBx)**

**SUPPLEMENTAL RESPONSE NO. 19:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 19 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce relevant, non-privileged documents responsive to this request for production, if any, which are in his possession, custody or control and are not covered by any of the protective orders issued in Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

611928.2

EXHIBIT 10

35

PAGE 163

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**REQUEST NO. 20:**

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO allegations that ISAAC LARIAN concealed from YOU and/or MORAD ZARABI facts relating to BRATZ and/or BRYANT.

**RESPONSE NO. 20:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 20 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

**SUPPLEMENTAL RESPONSE NO. 20:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request

611929.2

36

1   for production No. 20 on the following grounds: (1) overly broad, duplicative,

2   unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

3   arbitral immunity and/or privilege; (3) seeks information and documents not within

4   Larian's possession, custody or control, and/or documents that are in the possessions,

5   custody or control of third parties; (4) seeks disclosure of facts and documents

6   protected by or subject to the attorney-client privilege, and/or attorney-work product

7   doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

8   and documents that contain sensitive confidential and proprietary business

9   information and/or constitute trade secret information; (6) seeks production of

10  voluminous records without limitations as to time; (7) seeks information that is

11  neither relevant to the subject matter of the pending proceeding, nor reasonably

12  calculated to lead to the discovery of admissible evidence; (8) seeks information and

13  documents readily accessible to Mattel from other sources or are otherwise publicly

14  available; (9) seeks documents which violate Larian's right to privacy and/or the right

15  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

16  documents prohibited from production by the protective orders issued in this

17  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

18  Larian v. Larian, ADRS Case No. 05-2096-ABH.

19       Nevertheless, subject to and without waiver of or prejudice to the foregoing

20  objections, including the General Objections, Larian will produce relevant, non-

21  privileged documents responsive to this request for production, if any, which are in

22  his possession, custody or control.

23  **REQUEST NO. 21:**

24       All DOCUMENTS, including all COMMUNICATIONS, RELATING TO the

25  meeting on or around January 26, 2003 between YOU, MORAD ZARABI, ISAAC

26  LARIAN, and Mike Shenasafar, including without limitation all video and/or sound

27  recordings and notes relating thereto.

28

611928.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

**RESPONSE NO. 21:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 21 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 21 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions,

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  custody or control of third parties; (4) seeks disclosure of facts and documents

2  protected by or subject to the attorney-client privilege, and/or attorney-work product

3  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

4  and documents that contain sensitive confidential and proprietary business

5  information and/or constitute trade secret information; (6) seeks production of

6  voluminous records without limitations as to time; (7) seeks information that is

7  neither relevant to the subject matter of the pending proceeding, nor reasonably

8  calculated to lead to the discovery of admissible evidence; (8) seeks information and

9  documents readily accessible to Mattel from other sources or are otherwise publicly

10 available; (9) seeks documents which violate Larian's right to privacy and/or the right

11 to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

12 documents prohibited from production by the protective orders issued in this

13 ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

14 <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

15          Nevertheless, subject to and without waiver of or prejudice to the foregoing

16 objections, including the General Objections, Larian will produce relevant, non-

17 privileged documents responsive to this request for production, if any, which are in

18 his possession, custody or control.

19

20 **REQUEST NO. 22:**

21          DOCUMENTS sufficient to identify any and all appraisers, accountants and

22 consultants who participated or were involved in any lawsuit or arbitration, including

23 pre-arbitration proceedings, or any other dispute between YOU and ISAAC LARIAN

24 RELATING TO MGA or BRATZ.

25 **RESPONSE NO. 22:**

26          Larian incorporates by reference each and every General Objection set forth

27 above as though fully set forth herein. Larian further objects specifically to request

28 for production No. 22 on the following grounds: (1) overly broad, duplicative,

611920.2

1  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

2  arbitral immunity and/or privilege; (3) seeks information and documents not within

3  Larian's possession, custody or control, and/or documents that are in the possessions,

4  custody or control of third parties; (4) seeks disclosure of facts and documents

5  protected by or subject to the attorney-client privilege, and/or attorney-work product

6  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

7  and documents that contain sensitive confidential and proprietary business

8  information and/or constitute trade secret information; (6) seeks production of

9  voluminous records without limitations as to time; (7) seeks information that is

10 neither relevant to the subject matter of the pending proceeding, nor reasonably

11 calculated to lead to the discovery of admissible evidence; (8) seeks information and

12 documents readily accessible to Mattel from other sources or are otherwise publicly

13 available; (9) seeks documents which violate Larian's right to privacy and/or the right

14 to privacy of a third party; (10) seeks documents which violate the settlement

15 negotiations privilege; (11) is vague, ambiguous and unintelligible; and (12) seeks

16 documents prohibited from production by the protective orders issued in this

17 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

18 Larian v. Larian, ADRS Case No. 05-2096-ABH.

19 **SUPPLEMENTAL RESPONSE NO. 22:**

20      Larian incorporates by reference each and every General Objection set forth

21 above as though fully set forth herein. Larian further objects specifically to request

22 for production No. 22 on the following grounds: (1) overly broad, duplicative,

23 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

24 arbitral immunity and/or privilege; (3) seeks information and documents not within

25 Larian's possession, custody or control, and/or documents that are in the possessions,

26 custody or control of third parties; (4) seeks disclosure of facts and documents

27 protected by or subject to the attorney-client privilege, and/or attorney-work product

28 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

611929.2

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   and documents that contain sensitive confidential and proprietary business

2   information and/or constitute trade secret information; (6) seeks production of

3   voluminous records without limitations as to time; (7) seeks information that is

4   neither relevant to the subject matter of the pending proceeding, nor reasonably

5   calculated to lead to the discovery of admissible evidence; (8) seeks information and

6   documents readily accessible to Mattel from other sources or are otherwise publicly

7   available; (9) seeks documents which violate Larian's right to privacy and/or the right

8   to privacy of a third party; (10) seeks documents which violate the settlement

9   negotiations privilege; (11) is vague, ambiguous and unintelligible; and (12) seeks

10   documents prohibited from production by the protective orders issued in this

11   ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

12   <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

13          Nevertheless, subject to and without waiver of or prejudice to the foregoing

14   objections, including the General Objections, Larian will produce relevant, non-

15   privileged documents responsive to this request for production, if any, which are in

16   his possession, custody or control.

17

18   **REQUEST NO. 23:**

19          All DOCUMENTS RELATING TO any and all payments of money or

20   transfers of anything of value that ISAAC LARIAN, his FAMILY MEMBERS and/or

21   MGA have made, have offered or have proposed, promised or agreed to make, to or

22   for the benefit of YOU or YOUR FAMILY MEMBERS at any time from January 1,

23   1999 through the present.

24   **RESPONSE NO. 23:**

25          Larian incorporates by reference each and every General Objection set forth

26   above as though fully set forth herein. Larian further objects specifically to request

27   for production No. 23 on the following grounds: (1) overly broad, duplicative,

28   unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

611923.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  arbitral immunity and/or privilege; (3) seeks information and documents not within

2  Larian's possession, custody or control, and/or documents that are in the possessions,

3  custody or control of third parties; (4) seeks disclosure of facts and documents

4  protected by or subject to the attorney-client privilege, and/or attorney-work product

5  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

6  and documents that contain sensitive confidential and proprietary business

7  information and/or constitute trade secret information; (6) seeks production of

8  voluminous records without limitations as to time; (7) seeks information that is

9  neither relevant to the subject matter of the pending proceeding, nor reasonably

10  calculated to lead to the discovery of admissible evidence; (8) seeks information and

11  documents readily accessible to Mattel from other sources or are otherwise publicly

12  available; (9) seeks documents which violate Larian's right to privacy and/or the right

13  to privacy of a third party; (10) seeks documents which violate the settlement

14  negotiations privilege; (11) is vague, ambiguous and unintelligible; (12) seeks

15  documents prohibited from production by the protective orders issued in this

16  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

17  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (13) seeks documents which

18  violate the settlement negotiations privilege.

19  **SUPPLEMENTAL RESPONSE NO. 23:**

20      Larian incorporates by reference each and every General Objection set forth

21  above as though fully set forth herein. Larian further objects specifically to request

22  for production No. 23 on the following grounds: (1) overly broad, duplicative,

23  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

24  arbitral immunity and/or privilege; (3) seeks information and documents not within

25  Larian's possession, custody or control, and/or documents that are in the possessions,

26  custody or control of third parties; (4) seeks disclosure of facts and documents

27  protected by or subject to the attorney-client privilege, and/or attorney-work product

28  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

611929.2

42

1  and documents that contain sensitive confidential and proprietary business

2  information and/or constitute trade secret information; (6) seeks production of

3  voluminous records without limitations as to time; (7) seeks information that is

4  neither relevant to the subject matter of the pending proceeding, nor reasonably

5  calculated to lead to the discovery of admissible evidence; (8) seeks information and

6  documents readily accessible to Mattel from other sources or are otherwise publicly

7  available; (9) seeks documents which violate Larian's right to privacy and/or the right

8  to privacy of a third party; (10) seeks documents which violate the settlement

9  negotiations privilege; (11) is vague, ambiguous and unintelligible; (12) seeks

10 documents prohibited from production by the protective orders issued in this

11 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

12 Larian v. Larian, ADRS Case No. 05-2096-ABH; and (13) seeks documents which

13 violate the settlement negotiations privilege.

14     Nevertheless, subject to and without waiver of or prejudice to the foregoing

15 objections, including the General Objections, Larian will produce a redacted copy of

16 the retainer agreement between himself and Christensen, Glaser, Fink, Jacobs, Weil &

17 Shapiro, LLP.

18

19 **REQUEST NO. 24:**

20     All DOCUMENTS RELATING TO any and all payments of money or

21 transfers of anything of value that any PERSON has made, has offered or has

22 proposed, promised or agreed to make, to or for the benefit of YOU or YOUR

23 FAMILY MEMBERS and that was related in any way to BRATZ, BRYANT, MGA

24 or this ACTION at any time from January 1, 1999 through the present.

25 **RESPONSE NO. 24:**

26     Larian incorporates by reference each and every General Objection set forth

27 above as though fully set forth herein. Larian further objects specifically to request

28 for production No. 24 on the following grounds: (1) overly broad, duplicative,

EXHIBIT 10
PAGE 171

43

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)