1  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

2  arbitral immunity and/or privilege; (3) seeks information and documents not within

3  Larian's possession, custody or control, and/or documents that are in the possessions,

4  custody or control of third parties; (4) seeks disclosure of facts and documents

5  protected by or subject to the attorney-client privilege, and/or attorney-work product

6  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

7  and documents that contain sensitive confidential and proprietary business

8  information and/or constitute trade secret information; (6) seeks production of

9  voluminous records without limitations as to time; (7) seeks information that is

10  neither relevant to the subject matter of the pending proceeding, nor reasonably

11  calculated to lead to the discovery of admissible evidence; (8) seeks information and

12  documents readily accessible to Mattel from other sources or are otherwise publicly

13  available; (9) seeks documents which violate Larian's right to privacy and/or the right

14  to privacy of a third party; (10) seeks documents which violate the settlement

15  negotiations privilege; (11) is vague, ambiguous and unintelligible; (12) seeks

16  documents prohibited from production by the protective orders issued in this

17  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

18  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (13) seeks documents which

19  violate the settlement negotiations privilege.

20  **SUPPLEMENTAL RESPONSE NO. 24:**

21  Larian incorporates by reference each and every General Objection set forth

22  above as though fully set forth herein. Larian further objects specifically to request

23  for production No. 24 on the following grounds: (1) overly broad, duplicative,

24  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

25  arbitral immunity and/or privilege; (3) seeks information and documents not within

26  Larian's possession, custody or control, and/or documents that are in the possessions,

27  custody or control of third parties; (4) seeks disclosure of facts and documents

28  protected by or subject to the attorney-client privilege, and/or attorney-work product

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

EXHIBIT ___10___

PAGE ___172___

1   doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

2   and documents that contain sensitive confidential and proprietary business

3   information and/or constitute trade secret information; (6) seeks production of

4   voluminous records without limitations as to time; (7) seeks information that is

5   neither relevant to the subject matter of the pending proceeding, nor reasonably

6   calculated to lead to the discovery of admissible evidence; (8) seeks information and

7   documents readily accessible to Mattel from other sources or are otherwise publicly

8   available; (9) seeks documents which violate Larian's right to privacy and/or the right

9   to privacy of a third party; (10) seeks documents which violate the settlement

10  negotiations privilege; (11) is vague, ambiguous and unintelligible; (12) seeks

11  documents prohibited from production by the protective orders issued in this

12  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

13  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (13) seeks documents which

14  violate the settlement negotiations privilege.

15       Nevertheless, subject to and without waiver of or prejudice to the foregoing

16  objections, including the General Objections, Larian will produce a redacted copy of

17  the retainer agreement between himself and Christensen, Glaser, Fink, Jacobs, Weil &

18  Shapiro, LLP.

19

20  **REQUEST NO. 25:**

21       All DOCUMENTS RELATING TO this ACTION, including all

22  COMMUNICATIONS relating thereto.

23  **RESPONSE NO. 25:**

24       Larian incorporates by reference each and every General Objection set forth

25  above as though fully set forth herein. Larian further objects specifically to request

26  for production No. 25 on the following grounds: (1) overly broad, duplicative,

27  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

28  arbitral immunity and/or privilege; (3) seeks information and documents not within

611929.2

10
173

45

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  Larian's possession, custody or control, and/or documents that are in the possessions,

2  custody or control of third parties; (4) seeks disclosure of facts and documents

3  protected by or subject to the attorney-client privilege, and/or attorney-work product

4  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

5  and documents that contain sensitive confidential and proprietary business

6  information and/or constitute trade secret information; (6) seeks production of

7  voluminous records without limitations as to time; (7) seeks information that is

8  neither relevant to the subject matter of the pending proceeding, nor reasonably

9  calculated to lead to the discovery of admissible evidence; (8) seeks information and

10 documents readily accessible to Mattel from other sources or are otherwise publicly

11 available; (9) seeks documents which violate Larian's right to privacy and/or the right

12 to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

13 documents prohibited from production by the protective orders issued in this

14 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

15 Larian v. Larian, ADRS Case No. 05-2096-ABH.

16 **SUPPLEMENTAL RESPONSE NO. 25:**

17      Larian incorporates by reference each and every General Objection set forth

18 above as though fully set forth herein.  Larian further objects specifically to request

19 for production No. 25 on the following grounds: (1) overly broad, duplicative,

20 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

21 arbitral immunity and/or privilege; (3) seeks information and documents not within

22 Larian's possession, custody or control, and/or documents that are in the possessions,

23 custody or control of third parties; (4) seeks disclosure of facts and documents

24 protected by or subject to the attorney-client privilege, and/or attorney-work product

25 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

26 and documents that contain sensitive confidential and proprietary business

27 information and/or constitute trade secret information; (6) seeks production of

28 voluminous records without limitations as to time; (7) seeks information that is

611929.2

1  neither relevant to the subject matter of the pending proceeding, nor reasonably

2  calculated to lead to the discovery of admissible evidence; (8) seeks information and

3  documents readily accessible to Mattel from other sources or are otherwise publicly

4  available; (9) seeks documents which violate Larian's right to privacy and/or the right

5  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

6  documents prohibited from production by the protective orders issued in this

7  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

8  Larian v. Larian, ADRS Case No. 05-2096-ABH.

9        Nevertheless, subject to and without waiver of or prejudice to the foregoing

10  objections, including the General Objections, Larian will produce relevant, non-

11  privileged documents responsive to this request for production, if any, which are in

12  his possession, custody or control.

13

14  **REQUEST NO. 26:**

15        All COMMUNICATIONS between YOU and MATTEL since January 1, 1999,

16  and all DOCUMENTS relating thereto.

17  **RESPONSE NO. 26:**

18        Larian incorporates by reference each and every General Objection set forth

19  above as though fully set forth herein. Larian further objects specifically to request

20  for production No. 26 on the following grounds: (1) overly broad, duplicative,

21  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

22  arbitral immunity and/or privilege; (3) seeks information and documents not within

23  Larian's possession, custody or control, and/or documents that are in the possessions,

24  custody or control of third parties; (4) seeks disclosure of facts and documents

25  protected by or subject to the attorney-client privilege, and/or attorney-work product

26  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

27  and documents that contain sensitive confidential and proprietary business

28  information and/or constitute trade secret information; (6) seeks production of

611929.2

47

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1    voluminous records without limitations as to time; (7) seeks information that is

2    neither relevant to the subject matter of the pending proceeding, nor reasonably

3    calculated to lead to the discovery of admissible evidence; (8) seeks information and

4    documents readily accessible to Mattel from other sources or are otherwise publicly

5    available; (9) seeks documents which violate Larian's right to privacy and/or the right

6    to privacy of a third party; (10) seeks documents which violate the settlement

7    negotiations privilege; (11) is vague, ambiguous and unintelligible; and (12) seeks

8    documents prohibited from production by the protective orders issued in this

9    ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

10   Larian v. Larian, ADRS Case No. 05-2096-ABH.

11        Nevertheless, subject to and without waiver of or prejudice to the foregoing

12   objections, including the General Objections, Larian will produce relevant, non-

13   privileged documents responsive to this request for production, if any, which are in

14   his possession, custody or control.

15

16   **REQUEST NO. 27:**

17        All DOCUMENTS that YOU showed MATTEL at any time since January 1,

18   1999, including all such DOCUMENTS that YOU showed MATTEL in connection

19   with this ACTION, including without limitation each of the following:

20        (a)    The MGA email dated November 16, 2000 that summarizes "last week's

21   meeting" with K-Mart and references BRATZ.

22        (b)    YOUR email to ISAAC LARIAN dated November 22, 2000 mentioning

23   prices for a "Bratz Fashion Pack."

24        (c)    November 22, 2000 chart describing changes to the Bratz Doll

25   Assortment and Bratz Holiday doll.

26        (d)    YOUR August 19, 2005 email to Scott Bachrach (at scottbac@aol.com)

27   inquiring about the first contact between Mr. Bachrach and MGA concerning BRATZ,

28   as well as associated COMMUNICATIONS.

611929.2

48

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    (e)    YOUR August 22, 2005 email to Colleen O'Higgins asking about

2  BRYANT and BRATZ, as well as associated COMMUNICATIONS.

3    (f)    The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer

4  Maurus regarding BRATZ, including without limitation those relating to actual and/or

5  draft declaration(s) by the foregoing regarding BRATZ.

6    (g)    The December 21, 2000 email from ISAAC LARIAN to Paul Warner,

7  with copies to Dennis Medici and YOU, that mentions TRU purchases for products

8  including BRATZ.

9    (h)    YOUR August 1, 2005 email to Victoria O'Connor regarding Bratz

10  licensees, as well as associated COMMUNICATIONS.

11    (i)    YOUR August 1, 2005 email chain with employees at dng.com asking

12  about BRATZ, as well as associated COMMUNICATIONS.

13    (j)    The August 7, 2005 email from Mark Fragel responding to questions

14  regarding BRATZ materials shown to Paulette Prim in November 2000.

15    (k)    YOUR May 24, 2000 email to ISAAC LARIAN that states ISAAC

16  LARIAN had instructed YOU to withhold original documents that had been located in

17  connection with the Fireman's Fund case and "to tell him [an MGA attorney] we

18  could not find the originals."

19    (l)    The document entitled "Analysis of Design, Packaging & Mock-Up

20  Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11, 2000

21  email from Dennis Medici to ISAAC LARIAN and YOU.

22    (m)    The August 14, 2000 ISAAC LARIAN email to Medici, Warner and

23  YOU that references cost tracking software used by MATTEL that ISAAC LARIAN

24  says he learned about from interviewing MATTEL employees.

25    (n)    The emails between ISAAC LARIAN and Jahangir Makabi requesting

26  that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr.

27  Makabi's protestation that he never had any such certificates, as well as associated

28  COMMUNICATIONS.

611929.2

10        49        SUPPLEMENTAL RESPONSE TO SUBPOENA
                     SERVED ON NON-PARTY FARHAD LARIAN
                     CV 04-09049 SGL (RNBx)

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    (o)    The January 31, 2001 email from ISAAC LARIAN to All in Marketing
2  and Product Development, Medici and Didi Brown asserting that he (ISAAC
3  LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying in
4  substance that he ever said anything that cannot be confirmed by a writing.

5    (p)    The November 15, 2000 Paula Treantafelles email to YOU that says
6  MGA will be selling a BRATZ backpack and states that a design for it is attached.

7  **RESPONSE NO. 27:**

8    Larian incorporates by reference each and every General Objection set forth
9  above as though fully set forth herein. Larian further objects specifically to request
10  for production No. 27 on the following grounds: (1) overly broad, duplicative,
11  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
12  arbitral immunity and/or privilege; (3) seeks information and documents not within
13  Larian's possession, custody or control, and/or documents that are in the possessions,
14  custody or control of third parties; (4) seeks disclosure of facts and documents
15  protected by or subject to the attorney-client privilege, and/or attorney-work product
16  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
17  and documents that contain sensitive confidential and proprietary business
18  information and/or constitute trade secret information; (6) seeks production of
19  voluminous records without limitations as to time; (7) seeks information that is
20  neither relevant to the subject matter of the pending proceeding, nor reasonably
21  calculated to lead to the discovery of admissible evidence; (8) seeks information and
22  documents readily accessible to Mattel from other sources or are otherwise publicly
23  available; (9) seeks documents which violate Larian's right to privacy and/or the right
24  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks
25  documents prohibited from production by the protective orders issued in this
26  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
27  Larian v. Larian, ADRS Case No. 05-2096-ABH.

28
611929.2

EXHIBIT 10

PAGE 178

50

1   Nevertheless, subject to and without waiver of or prejudice to the foregoing

2 objections, including the General Objections, Larian will produce relevant, non-

3 privileged documents responsive to this request for production, if any, which are in

4 his possession, custody or control.

5

6 **REQUEST NO. 28:**

7   All DOCUMENTS that MATTEL provided to YOU and/or for YOUR review

8 since January 1, 1999.

9 **RESPONSE NO. 28:**

10   Larian incorporates by reference each and every General Objection set forth

11 above as though fully set forth herein. Larian further objects specifically to request

12 for production No. 28 on the following grounds: (1) overly broad, duplicative,

13 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

14 arbitral immunity and/or privilege; (3) seeks information and documents not within

15 Larian's possession, custody or control, and/or documents that are in the possessions,

16 custody or control of third parties; (4) seeks disclosure of facts and documents

17 protected by or subject to the attorney-client privilege, and/or attorney-work product

18 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

19 and documents that contain sensitive confidential and proprietary business

20 information and/or constitute trade secret information; (6) seeks production of

21 voluminous records without limitations as to time; (7) seeks information that is

22 neither relevant to the subject matter of the pending proceeding, nor reasonably

23 calculated to lead to the discovery of admissible evidence; and (8) seeks information

24 and documents readily accessible to Mattel from other sources or are otherwise

25 publicly available.

26   Nevertheless, subject to and without waiver of or prejudice to the foregoing

27 objections, including the General Objections, Larian will produce relevant, non-

28

611929.2

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  privileged documents responsive to this request for production, if any, which are in
2  his possession, custody or control.

3

4  **REQUEST NO. 29:**

5      All DOCUMENTS RELATING TO the payment, offering or promising of
6  money or anything of value by ISAAC LARIAN, MGA and/or YOU to any PERSON
7  who was at the time employed by or worked for MATTEL.

8  **RESPONSE NO. 29:**

9      Larian incorporates by reference each and every General Objection set forth
10  above as though fully set forth herein. Larian further objects specifically to request
11  for production No. 29 on the following grounds: (1) overly broad, duplicative,
12  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
13  arbitral immunity and/or privilege; (3) seeks information and documents not within
14  Larian's possession, custody or control, and/or documents that are in the possessions,
15  custody or control of third parties; (4) seeks disclosure of facts and documents
16  protected by or subject to the attorney-client privilege, and/or attorney-work product
17  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
18  and documents that contain sensitive confidential and proprietary business
19  information and/or constitute trade secret information; (6) seeks production of
20  voluminous records without limitations as to time; (7) seeks information that is
21  neither relevant to the subject matter of the pending proceeding, nor reasonably
22  calculated to lead to the discovery of admissible evidence; (8) seeks information and
23  documents readily accessible to Mattel from other sources or are otherwise publicly
24  available; (9) seeks documents which violate Larian's right to privacy and/or the right
25  to privacy of a third party; (10) seeks documents which violate the settlement
26  negotiations privilege; (11) is vague, ambiguous and unintelligible; and (12) seeks
27  documents prohibited from production by the protective orders issued in this

28
611929.2

52

1  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
2  Larian v. Larian, ADRS Case No. 05-2096-ABH.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 29**:

4       Larian incorporates by reference each and every General Objection set forth
5  above as though fully set forth herein. Larian further objects specifically to request
6  for production No. 29 on the following grounds: (1) overly broad, duplicative,
7  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
8  arbitral immunity and/or privilege; (3) seeks information and documents not within
9  Larian's possession, custody or control, and/or documents that are in the possessions,
10 custody or control of third parties; (4) seeks disclosure of facts and documents
11 protected by or subject to the attorney-client privilege, and/or attorney-work product
12 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
13 and documents that contain sensitive confidential and proprietary business
14 information and/or constitute trade secret information; (6) seeks production of
15 voluminous records without limitations as to time; (7) seeks information that is
16 neither relevant to the subject matter of the pending proceeding, nor reasonably
17 calculated to lead to the discovery of admissible evidence; (8) seeks information and
18 documents readily accessible to Mattel from other sources or are otherwise publicly
19 available; (9) seeks documents which violate Larian's right to privacy and/or the right
20 to privacy of a third party; (10) seeks documents which violate the settlement
21 negotiations privilege; (11) is vague, ambiguous and unintelligible; and (12) seeks
22 documents prohibited from production by the protective orders issued in this
23 ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
24 Larian v. Larian, ADRS Case No. 05-2096-ABH.

25      Nevertheless, subject to and without waiver of or prejudice to the foregoing
26 objections, including the General Objections, Larian will produce relevant, non-
27 privileged documents responsive to this request for production, if any, which are in
28 his possession, custody or control.

611929.2

10

181

53

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

**REQUEST NO. 30:**

DOCUMENTS sufficient to show each title and position that YOU have or have ever held with MGA and the nature and extent of any ownership interest of any kind that YOU have or have ever had in MGA, including without limitation DOCUMENTS showing the start and, if applicable, end dates with respect to each such title, position or ownership interest.

**RESPONSE NO. 30:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 30 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

SUPPLEMENTAL RESPONSE TO SUBPOENA SERVED ON NON-PARTY FARHAD LARIAN CV 04-09049 SGL (RNBx)

611929.2

## SUPPLEMENTAL RESPONSE NO. 30:

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 30 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian will produce relevant, non-privileged documents responsive to this request for production, if any, which are in his possession, custody or control.

10

183

55

1  **REQUEST NO. 31:**

2      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR, ISAAC

3  LARIAN's and/or MGA's receipt, reproduction, copying, storage, transmission,

4  transfer, retention, destruction, deletion or use of any MATTEL line list or other

5  DOCUMENT prepared by MATTEL identifying MATTEL products in the planning,

6  design or development phase.

7  **RESPONSE NO. 31:**

8      Larian incorporates by reference each and every General Objection set forth

9  above as though fully set forth herein. Larian further objects specifically to request

10 for production No. 31 on the following grounds: (1) overly broad, duplicative,

11 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

12 arbitral immunity and/or privilege; (3) seeks information and documents not within

13 Larian's possession, custody or control, and/or documents that are in the possessions,

14 custody or control of third parties; (4) seeks disclosure of facts and documents

15 protected by or subject to the attorney-client privilege, and/or attorney-work product

16 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

17 and documents that contain sensitive confidential and proprietary business

18 information and/or constitute trade secret information; (6) seeks production of

19 voluminous records without limitations as to time; (7) seeks information that is

20 neither relevant to the subject matter of the pending proceeding, nor reasonably

21 calculated to lead to the discovery of admissible evidence; (8) seeks information and

22 documents readily accessible to Mattel from other sources or are otherwise publicly

23 available; (9) seeks documents which violate Larian's right to privacy and/or the right

24 to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

25 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

26     Larian incorporates by reference each and every General Objection set forth

27 above as though fully set forth herein. Larian further objects specifically to request

28 for production No. 31 on the following grounds: (1) overly broad, duplicative,

611929.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

10

184

1  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

2  arbitral immunity and/or privilege; (3) seeks information and documents not within

3  Larian's possession, custody or control, and/or documents that are in the possessions,

4  custody or control of third parties; (4) seeks disclosure of facts and documents

5  protected by or subject to the attorney-client privilege, and/or attorney-work product

6  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

7  and documents that contain sensitive confidential and proprietary business

8  information and/or constitute trade secret information; (6) seeks production of

9  voluminous records without limitations as to time; (7) seeks information that is

10  neither relevant to the subject matter of the pending proceeding, nor reasonably

11  calculated to lead to the discovery of admissible evidence; (8) seeks information and

12  documents readily accessible to Mattel from other sources or are otherwise publicly

13  available; (9) seeks documents which violate Larian's right to privacy and/or the right

14  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

15  　　　Nevertheless, subject to and without waiver of or prejudice to the foregoing

16  objections, including the General Objections, Larian responds that he does not have

17  any non-privileged documents which are responsive to this request for production in

18  his possession, custody or control.

19  **REQUEST NO. 32:**

20  　　　All DOCUMENTS, since January 1, 1999, RELATING TO YOUR, ISAAC

21  LARIAN's and/or MGA's receipt, reproduction, copying, storage, transmission,

22  transfer, retention, destruction, deletion or use of any DOCUMENTS, including but

23  not limited to any compilation of information, that was prepared, made, created,

24  generated, assembled or compiled by or for MATTEL and that was not publicly

25  available at the time of YOUR, ISAAC LARIAN's and/or MGA's receipt of such

26  DOCUMENT.

27

28

611929.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

10

185

**RESPONSE NO. 32:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 32 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 32**:

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 32 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions,

611929.2

10

186

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  custody or control of third parties; (4) seeks disclosure of facts and documents

2  protected by or subject to the attorney-client privilege, and/or attorney-work product

3  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

4  and documents that contain sensitive confidential and proprietary business

5  information and/or constitute trade secret information; (6) seeks production of

6  voluminous records without limitations as to time; (7) seeks information that is

7  neither relevant to the subject matter of the pending proceeding, nor reasonably

8  calculated to lead to the discovery of admissible evidence; (8) seeks information and

9  documents readily accessible to Mattel from other sources or are otherwise publicly

10  available; (9) seeks documents which violate Larian's right to privacy and/or the right

11  to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks

12  documents prohibited from production by the protective orders issued in this

13  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

14  Larian v. Larian, ADRS Case No. 05-2096-ABH.

15      Nevertheless, subject to and without waiver of or prejudice to the foregoing

16  objections, including the General Objections, Larian responds that he does not have

17  any non-privileged documents which are responsive to this request for production in

18  his possession, custody or control.

19

20  **REQUEST NO. 33:**

21      All DOCUMENTS RELATING TO the hiring, engagement, or retention by

22  YOU, ISAAC LARIAN and/or MGA of any current or former MATTEL employee or

23  contractor since January 1, 1999, including but not limited to all employment

24  agreements and agreements RELATING TO confidentiality or the invention,

25  authorship, or ownership of any concept or product.

26  **RESPONSE NO. 33:**

27      Larian incorporates by reference each and every General Objection set forth

28  above as though fully set forth herein. Larian further objects specifically to request

611925.21

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  for production No. 33 on the following grounds: (1) overly broad, duplicative,

2  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

3  arbitral immunity and/or privilege; (3) seeks information and documents not within

4  Larian's possession, custody or control, and/or documents that are in the possessions,

5  custody or control of third parties; (4) seeks disclosure of facts and documents

6  protected by or subject to the attorney-client privilege, and/or attorney-work product

7  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

8  and documents that contain sensitive confidential and proprietary business

9  information and/or constitute trade secret information; (6) seeks production of

10  voluminous records without limitations as to time; (7) seeks information that is

11  neither relevant to the subject matter of the pending proceeding, nor reasonably

12  calculated to lead to the discovery of admissible evidence; (8) seeks information and

13  documents readily accessible to Mattel from other sources or are otherwise publicly

14  available; (9) seeks documents which violate Larian's right to privacy and/or the right

15  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

17       Larian incorporates by reference each and every General Objection set forth

18  above as though fully set forth herein.  Larian further objects specifically to request

19  for production No. 33 on the following grounds: (1) overly broad, duplicative,

20  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

21  arbitral immunity and/or privilege; (3) seeks information and documents not within

22  Larian's possession, custody or control, and/or documents that are in the possessions,

23  custody or control of third parties; (4) seeks disclosure of facts and documents

24  protected by or subject to the attorney-client privilege, and/or attorney-work product

25  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

26  and documents that contain sensitive confidential and proprietary business

27  information and/or constitute trade secret information; (6) seeks production of

28  voluminous records without limitations as to time; (7) seeks information that is

611929.2

60

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

10

188

1  neither relevant to the subject matter of the pending proceeding, nor reasonably
2  calculated to lead to the discovery of admissible evidence; (8) seeks information and
3  documents readily accessible to Mattel from other sources or are otherwise publicly
4  available; (9) seeks documents which violate Larian's right to privacy and/or the right
5  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

6      Nevertheless, subject to and without waiver of or prejudice to the foregoing
7  objections, including the General Objections, Larian will produce relevant, non-
8  privileged documents responsive to this request for production, if any, which are in
9  his possession, custody or control.

10

11 **REQUEST NO. 34:**

12      All DOCUMENTS RELATING TO any effort by YOU, ISAAC LARIAN
13  and/or MGA to recruit employees or contractors who have been or are employed by
14  or who have worked for MATTEL since January 1, 1999.

15 **RESPONSE NO. 34:**

16      Larian incorporates by reference each and every General Objection set forth
17  above as though fully set forth herein. Larian further objects specifically to request
18  for production No. 34 on the following grounds: (1) overly broad, duplicative,
19  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
20  arbitral immunity and/or privilege; (3) seeks information and documents not within
21  Larian's possession, custody or control, and/or documents that are in the possessions,
22  custody or control of third parties; (4) seeks disclosure of facts and documents
23  protected by or subject to the attorney-client privilege, and/or attorney-work product
24  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
25  and documents that contain sensitive confidential and proprietary business
26  information and/or constitute trade secret information; (6) seeks production of
27  voluminous records without limitations as to time; (7) seeks information that is
28  neither relevant to the subject matter of the pending proceeding, nor reasonably

611929.2

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

10

189

1  calculated to lead to the discovery of admissible evidence; (8) seeks information and

2  documents readily accessible to Mattel from other sources or are otherwise publicly

3  available; (9) seeks documents which violate Larian's right to privacy and/or the right

4  to privacy of a third party; (10) is vague, ambiguous and unintelligible.

5  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

6       Larian incorporates by reference each and every General Objection set forth

7  above as though fully set forth herein. Larian further objects specifically to request

8  for production No. 34 on the following grounds: (1) overly broad, duplicative,

9  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

10  arbitral immunity and/or privilege; (3) seeks information and documents not within

11  Larian's possession, custody or control, and/or documents that are in the possessions,

12  custody or control of third parties; (4) seeks disclosure of facts and documents

13  protected by or subject to the attorney-client privilege, and/or attorney-work product

14  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

15  and documents that contain sensitive confidential and proprietary business

16  information and/or constitute trade secret information; (6) seeks production of

17  voluminous records without limitations as to time; (7) seeks information that is

18  neither relevant to the subject matter of the pending proceeding, nor reasonably

19  calculated to lead to the discovery of admissible evidence; (8) seeks information and

20  documents readily accessible to Mattel from other sources or are otherwise publicly

21  available; (9) seeks documents which violate Larian's right to privacy and/or the right

22  to privacy of a third party; (10) is vague, ambiguous and unintelligible.

23       Nevertheless, subject to and without waiver of or prejudice to the foregoing

24  objections, including the General Objections, Larian responds that he does not have

25  any non-privileged documents which are responsive to this request for production in

26  his possession, custody or control.

27

28

611929.2

10

170

62

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**REQUEST NO. 35:**

All DOCUMENTS, since January 1, 1999, RELATING TO YOUR, ISAAC LARIAN's and/or MGA's knowledge of any MATTEL product prior to the time that such product had been announced or disclosed by MATTEL to retailers or the public.

**RESPONSE NO. 35:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 35 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 35 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within

611929.2

1  Larian's possession, custody or control, and/or documents that are in the possessions,
2  custody or control of third parties; (4) seeks disclosure of facts and documents
3  protected by or subject to the attorney-client privilege, and/or attorney-work product
4  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
5  and documents that contain sensitive confidential and proprietary business
6  information and/or constitute trade secret information; (6) seeks production of
7  voluminous records without limitations as to time; (7) seeks information that is
8  neither relevant to the subject matter of the pending proceeding, nor reasonably
9  calculated to lead to the discovery of admissible evidence; (8) seeks information and
10 documents readily accessible to Mattel from other sources or are otherwise publicly
11 available; (9) seeks documents which violate Larian's right to privacy and/or the right
12 to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

13      Nevertheless, subject to and without waiver of or prejudice to the foregoing
14 objections, including the General Objections, Larian responds that he does not have
15 any non-privileged documents which are responsive to this request for production in
16 his possession, custody or control.

17

18 **REQUEST NO. 36:**

19      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR, ISAAC
20 LARIAN's and/or MGA's knowledge of any DESIGN created by, on behalf of, or at
21 the behest of MATTEL, or created by any PERSON employed by or under contract
22 with MATTEL at the time of the DESIGN's creation, that was not manufactured for
23 sale or placed into the retail market.

24 **RESPONSE NO. 36:**

25      Larian incorporates by reference each and every General Objection set forth
26 above as though fully set forth herein. Larian further objects specifically to request
27 for production No. 36 on the following grounds: (1) overly broad, duplicative,
28 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

611929.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1  arbitral immunity and/or privilege; (3) seeks information and documents not within

2  Larian's possession, custody or control, and/or documents that are in the possessions,

3  custody or control of third parties; (4) seeks disclosure of facts and documents

4  protected by or subject to the attorney-client privilege, and/or attorney-work product

5  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

6  and documents that contain sensitive confidential and proprietary business

7  information and/or constitute trade secret information; (6) seeks production of

8  voluminous records without limitations as to time; (7) seeks information that is

9  neither relevant to the subject matter of the pending proceeding, nor reasonably

10  calculated to lead to the discovery of admissible evidence; (8) seeks information and

11  documents readily accessible to Mattel from other sources or are otherwise publicly

12  available; (9) seeks documents which violate Larian's right to privacy and/or the right

13  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 36**:

15      Larian incorporates by reference each and every General Objection set forth

16  above as though fully set forth herein. Larian further objects specifically to request

17  for production No. 36 on the following grounds: (1) overly broad, duplicative,

18  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

19  arbitral immunity and/or privilege; (3) seeks information and documents not within

20  Larian's possession, custody or control, and/or documents that are in the possessions,

21  custody or control of third parties; (4) seeks disclosure of facts and documents

22  protected by or subject to the attorney-client privilege, and/or attorney-work product

23  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

24  and documents that contain sensitive confidential and proprietary business

25  information and/or constitute trade secret information; (6) seeks production of

26  voluminous records without limitations as to time; (7) seeks information that is

27  neither relevant to the subject matter of the pending proceeding, nor reasonably

28  calculated to lead to the discovery of admissible evidence; (8) seeks information and

611929.2

**10**

**193**

65

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1 | documents readily accessible to Mattel from other sources or are otherwise publicly
2 | available; (9) seeks documents which violate Larian's right to privacy and/or the right
3 | to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

4 | Nevertheless, subject to and without waiver of or prejudice to the foregoing
5 | objections, including the General Objections, Larian responds that he does not have
6 | any non-privileged documents which are responsive to this request for production in
7 | his possession, custody or control.

8 |

9 | **REQUEST NO. 37:**

10 | All DOCUMENTS, since January 1, 1999, RELATING TO YOUR, ISAAC
11 | LARIAN's and/or MGA's knowledge of MATTEL's employment or inventions
12 | agreements.

13 | **RESPONSE NO. 37:**

14 | Larian incorporates by reference each and every General Objection set forth
15 | above as though fully set forth herein. Larian further objects specifically to request
16 | for production No. 37 on the following grounds: (1) overly broad, duplicative,
17 | unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
18 | arbitral immunity and/or privilege; (3) seeks information and documents not within
19 | Larian's possession, custody or control, and/or documents that are in the possessions,
20 | custody or control of third parties; (4) seeks disclosure of facts and documents
21 | protected by or subject to the attorney-client privilege, and/or attorney-work product
22 | doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
23 | and documents that contain sensitive confidential and proprietary business
24 | information and/or constitute trade secret information; (6) seeks production of
25 | voluminous records without limitations as to time; (7) seeks information that is
26 | neither relevant to the subject matter of the pending proceeding, nor reasonably
27 | calculated to lead to the discovery of admissible evidence; (8) seeks information and
28 | documents readily accessible to Mattel from other sources or are otherwise publicly

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

611929.2

EXHIBIT **10**

PAGE **194**

66

available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 37 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

Nevertheless, subject to and without waiver of or prejudice to the foregoing objections, including the General Objections, Larian responds that he does not have any non-privileged documents which are responsive to this request for production in his possession, custody or control.

**REQUEST NO. 38:**

YOUR computer hard drives RELATING TO the time period from January 1, 1999 through December 31, 2002, inclusive.

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

## RESPONSE NO. 38:

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 38 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein.  Larian further objects specifically to request for production No. 38 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

611929.2

68

1  and documents that contain sensitive confidential and proprietary business
2  information and/or constitute trade secret information; (6) seeks production of
3  voluminous records without limitations as to time; (7) seeks information that is
4  neither relevant to the subject matter of the pending proceeding, nor reasonably
5  calculated to lead to the discovery of admissible evidence; (8) seeks information and
6  documents readily accessible to Mattel from other sources or are otherwise publicly
7  available; (9) seeks documents which violate Larian's right to privacy and/or the right
8  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

9  Nevertheless, subject to and without waiver of or prejudice to the foregoing
10 objections, including the General Objections, Larian responds that he does not have
11 any of the requested computer hard drives in his possession, custody or control.

12

13 **REQUEST NO. 39:**

14 All DOCUMENTS RELATING TO any instruction by YOU, ISAAC
15 LARIAN or MGA to destroy or withhold any DOCUMENT since January 1, 1998,
16 including without limitation in connection with any lawsuit.

17 **RESPONSE NO. 39:**

18 Larian incorporates by reference each and every General Objection set forth
19 above as though fully set forth herein. Larian further objects specifically to request
20 for production No. 39 on the following grounds: (1) overly broad, duplicative,
21 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
22 arbitral immunity and/or privilege; (3) seeks information and documents not within
23 Larian's possession, custody or control, and/or documents that are in the possessions,
24 custody or control of third parties; (4) seeks disclosure of facts and documents
25 protected by or subject to the attorney-client privilege, and/or attorney-work product
26 doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
27 and documents that contain sensitive confidential and proprietary business
28 information and/or constitute trade secret information; (6) seeks production of

611928.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

EXHIBIT __10__
PAGE __197__

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
(310) 553-3000

1   voluminous records without limitations as to time; (7) seeks information that is
2   neither relevant to the subject matter of the pending proceeding, nor reasonably
3   calculated to lead to the discovery of admissible evidence; (8) seeks information and
4   documents readily accessible to Mattel from other sources or are otherwise publicly
5   available; (9) seeks documents which violate Larian's right to privacy and/or the right
6   to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

8   Larian incorporates by reference each and every General Objection set forth
9   above as though fully set forth herein. Larian further objects specifically to request
10  for production No. 39 on the following grounds: (1) overly broad, duplicative,
11  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
12  arbitral immunity and/or privilege; (3) seeks information and documents not within
13  Larian's possession, custody or control, and/or documents that are in the possessions,
14  custody or control of third parties; (4) seeks disclosure of facts and documents
15  protected by or subject to the attorney-client privilege, and/or attorney-work product
16  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts
17  and documents that contain sensitive confidential and proprietary business
18  information and/or constitute trade secret information; (6) seeks production of
19  voluminous records without limitations as to time; (7) seeks information that is
20  neither relevant to the subject matter of the pending proceeding, nor reasonably
21  calculated to lead to the discovery of admissible evidence; (8) seeks information and
22  documents readily accessible to Mattel from other sources or are otherwise publicly
23  available; (9) seeks documents which violate Larian's right to privacy and/or the right
24  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

25  Nevertheless, subject to and without waiver of or prejudice to the foregoing
26  objections, including the General Objections, Larian responds that he does not have
27  any non-privileged documents relating to any instruction that he received from Isaac

28
611928.2

SUPPLEMENTAL RESPONSE TO SUBPOENA
SERVED ON NON-PARTY FARHAD LARIAN
CV 04-09049 SGL (RNBx)

1   Larian or MGA to destroy or withhold any document in connection with any lawsuit

2   since January 1, 1998.

3

4   **REQUEST NO. 40:**

5       All DOCUMENTS, including all COMMUNICATIONS, RELATING TO the

6   preservation, retention or destruction of any DOCUMENT or DOCUMENTS that are

7   sought by or the subject of Request Nos. 1 through 39, inclusive.

8   **RESPONSE NO. 40:**

9       Larian incorporates by reference each and every General Objection set forth

10  above as though fully set forth herein. Larian further objects specifically to request

11  for production No. 40 on the following grounds: (1) overly broad, duplicative,

12  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

13  arbitral immunity and/or privilege; (3) seeks information and documents not within

14  Larian's possession, custody or control, and/or documents that are in the possessions,

15  custody or control of third parties; (4) seeks disclosure of facts and documents

16  protected by or subject to the attorney-client privilege, and/or attorney-work product

17  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

18  and documents that contain sensitive confidential and proprietary business

19  information and/or constitute trade secret information; (6) seeks production of

20  voluminous records without limitations as to time; (7) seeks information that is

21  neither relevant to the subject matter of the pending proceeding, nor reasonably

22  calculated to lead to the discovery of admissible evidence; (8) seeks information and

23  documents readily accessible to Mattel from other sources or are otherwise publicly

24  available; (9) seeks documents which violate Larian's right to privacy and/or the right

25  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

27      Larian incorporates by reference each and every General Objection set forth

28  above as though fully set forth herein. Larian further objects specifically to request

611928.2

EXHIBIT **10**

199

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  for production No. 40 on the following grounds: (1) overly broad, duplicative,

2  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

3  arbitral immunity and/or privilege; (3) seeks information and documents not within

4  Larian's possession, custody or control, and/or documents that are in the possessions,

5  custody or control of third parties; (4) seeks disclosure of facts and documents

6  protected by or subject to the attorney-client privilege, and/or attorney-work product

7  doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts

8  and documents that contain sensitive confidential and proprietary business

9  information and/or constitute trade secret information; (6) seeks production of

10  voluminous records without limitations as to time; (7) seeks information that is

11  neither relevant to the subject matter of the pending proceeding, nor reasonably

12  calculated to lead to the discovery of admissible evidence; (8) seeks information and

13  documents readily accessible to Mattel from other sources or are otherwise publicly

14  available; (9) seeks documents which violate Larian's right to privacy and/or the right

15  to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

16  Nevertheless, subject to and without waiver of or prejudice to the foregoing

17  objections, including the General Objections, Larian responds that he does not have

18  any non-privileged documents which are responsive to this request for production in

19  his possession, custody or control.

20

21  **REQUEST NO. 41:**

22  DOCUMENTS sufficient to IDENTIFY since January 1, 1999 through the

23  present (a) each account with any bank or financial institution that YOU have or have

24  had, or that YOU have or have had any legal or beneficial interest in; (b) each

25  telephone subscription service account that YOU have or have had, or that YOU use

26  or have used; and (c) each email account that YOU have or have had, or that YOU

27  use or have used.

28

611929.2

72

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**RESPONSE NO. 41:**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 41 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; and (10) is vague, ambiguous and unintelligible

Dated:  December 12, 2007

Patricia L. Glaser
Alisa Morgenthaler Lever
Amman A. Khan
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

By: _Alisa Morgenthaler Lever_
Alisa Morgenthaler Lever
Attorneys for Non-Party Farhad Larian

1 <u>**PROOF OF SERVICE**</u>

2 STATE OF CALIFORNIA
  COUNTY OF LOS ANGELES

3

4   I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

5

   On December 12, 2007, I served the foregoing document(s) described as:

6

**SUPPLEMENTAL RESPONSE AND OBJECTIONS TO SUBPOENA**
7 **SERVED ON NON-PARTY FARHAD LARIAN**

8 on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

9

John B. Quinn, Esq.
10 Michael T. Zeller, Esq.
   Juan Pablo Alban, Esq.
11 Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
12 QUINN EMANUEL URQUHARD
   OLIVER & HEDGES, LLP
13 865 S. Figueroa St., 10th Floor
   Los Angeles, CA 90017
14 Fax No.: (213) 443-3100
   Email: johnquinn@quinnemanuel.com
15       michaelzeller@quinnemanuel.com
         juanpabloalban@quinnemanuel.com
16       joncorey@quinnemanuel.com
         timalger@quinnemanuel.com

17

18 [X]        (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same
19            day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served,
20            shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this
21            affidavit.

22 [ ]        (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

23

24 [X]        (BY E-MAIL) I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

25 Executed this 12th day of December, 2007, at Los Angeles, California.

26   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

27

28                                                     ERIKA M. BARBOUR

EXHIBIT 10
PAGE 202

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1                               **PROOF OF SERVICE**

STATE OF CALIFORNIA

2   COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard,

4   Nineteenth Floor, Los Angeles, California 90067.

5          On December 12, 2007, I served the foregoing document(s) described as: **SUPPLEMENTAL RESPONSE AND OBJECTIONS TO SUBPOENA SERVED ON NON-**

6   **PARTY FARHAD LARIAN**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope

7   addressed as follows:

8   John W. Keker, Esq.

Michael H. Page, Esq.

9   Christa M. Anderson, Esq.

KEKER & VAN NEST LLP

10   710 Sansome Street

San Francisco, CA 94111

11   E-mail:jkeker@kvn.com

12   James W. Spertus, Esq.

Leah C. Gershon, Esq.

13   LAW OFFICES OF JAMES W. SPERTUS

12100 Wilshire Blvd., Suite 620

14   Los Angeles, CA 90025

15   E-mail:jim@spertuslaw.com

16   Thomas J. Nolan, Esq.

Amy Park, Esq.

17   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

300 South Grand Avenue, Suite 3400

18   Los Angeles, CA 90071

E-mail: tnolan@skadden.com

19        apark@skadden.com

20

   ☒         (BY MAIL) I am readily familiar with the business practice for collection and

21                  processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same

22                  day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served,

23                  shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this

24                  affidavit.

25    ☒         (BY E-MAIL) I caused such documents to be delivered via electronic transmission

to the offices of the addressee(s) at the e-mail addresses listed.

26      Executed this 12th day of December, at Los Angeles, California.

        I declare under penalty of perjury under the laws of the State of California that the above is

27   true and correct.

28                                ERIKA M. BARBOUR

EXHIBIT 16

PAGE 203

# EXHIBIT 11

- 02-22-08    04:04pm    From-CHRISTENSEN GLASER    310-556-2920    T-592    P.002/008    F-842

LAW OFFICES

## CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 853-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 282-6287
EMAIL: AMORGENTHALER@CHRISOLA$E.COM

February 22, 2008

☰ MERITAS LAW FIRMS WORLDWIDE

### VIA FACSIMILE AND U.S. MAIL

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver
  & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

   Re: Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Juan Pablo:

   This is in response to your letter of February 19, 2008 as it pertains to Farhad Larian.

   Your assertion that Farhad Larian is withholding documents that he promised to produce or non-privileged documents on improper claims of privilege is wholly without merit as is your renewed assertion that Mr. Larian had an obligation to preserve documents for Mattel. In this regard, your assertion that Mr. Larian's role as an independent contractor or consultant somehow imposed document preservation obligations upon him which may have pertained to MGA is unfounded (especially since MGA and Farhad became estranged sometime in 2002 at which time Mr. Larian stopped performing consulting work for MGA). Moreover, Mr. Larian did not testify that Daphne Gronich "apparently was aware that Mr. Larian possessed Bratz-related documents." To the contrary, Mark Kremer's letter of September 7, 2005 which responded to Ms. Gronich's letter states that Mr. Larian did not possess any trade secret information concerning the development of the Bratz dolls (Bates Nos. FL 0274-0277).

   Furthermore, Mr. Larian does not have in his possession, custody or control any of the documents which you assert he has failed to produce. First, Mr. Larian does not have in his possession, custody or control the letter Ms. Gronich wrote on August 19, 2005 to Mr. Kremer requesting, among other things, that Mr. Larian return any MGA documents nor is there any evidence that this letter "specifically discuss[ed] Mr. Larian's handling of Bratz-related documents," as you assert. Second, Mr. Larian does not have in his possession, custody or control an email purportedly dated on or around May 24, 2007 from Mr. Larian to Isaac Larian which you claim states that "Isaac Larian instructed [Mr. Larian] to withhold from MGA's counsel the original of documents that have been located in the *Fireman's Fund* case." Similarly, your assertion that the May 24, 2000 email (which you claim was in existence) is

618751v1

EXHIBIT   11

PAGE   264

Juan Pablo Alban, Esq.
February 22, 2008
Page 2

"circumstantial evidence that Mr. Larian's destruction of evidence in this case was . . .with the
complicity of Isaac Larian," is ludicrous. To the contrary, Mr. Larian testified that he discarded
certain materials related to the *Larian v. Larian* arbitration within a few days after the arbitration
on his own initiative and without assistance from anyone except perhaps his housekeeper and
that he did not discuss his decision to discard such materials with anyone at MGA or Isaac
Larian at any time. Mr. Larian also testified as to the reasons why he decided to discard such
material. None of these reasons involved the wishes or desires of Isaac Larian. Third, Mr.
Larian does not have in his possession, custody or control any signed declaration or affidavits
relating to Bratz. Thus, Mr. Larian did not withhold any signed declarations.

Mr. Larian responds as follows to your concerns regarding the following documents or
categories of documents set forth on his privilege log:

1.  "Documents not written or received by attorneys but which Mr. Larian represents
    were prepared 'at the direction of counsel.'" These documents were properly
    included on Mr. Larian's privilege log. Mr. Larian has absolutely no obligation
    to provide Mattel with evidence that the communications were written at the
    direction of counsel and requiring the same would be burdensome and
    unreasonable for a third party. Nevertheless in a good faith effort to resolve this
    issue, Mr. Larian is willing to produce these documents designated as
    "Attorneys' Eyes Only" under the protective order in this action if Mattel
    stipulates in writing that such production will not result in any waiver of the
    attorney-client or work product privileges possessed by Mr. Larian, MGA, Isaac
    Larian, or any former or current attorney for Mr. Larian, MGA or Isaac Larian.

2.  "Non-privileged documents whose description says they have handwritten notes
    on them, such as the February 14, 2000 email between Fred Larian and Ellis
    Stern." The February 14, 2000 email from Fred Larian to Ellis Stern is a
    privileged document in its totality. Mr. Stern was an attorney for MGA and such
    correspondence was sent to Mr. Larian in his capacity as a consultant for MGA.
    In addition, the handwritten notes were made by Mr. Larian during the course of
    a meeting with Mr. Stern, and thus, also are privileged.

    With respect to the additional documents set forth on the privilege log, it would
    be tremendously burdensome and unreasonable to require Mr. Larian to redact the
    privileged handwritten notes because they are set forth on numerous pages of the
    documents. Moreover, in most cases, it would not be feasible to redact such notes
    because such redactions would render illegible the wording on such documents.
    In sum, given that the vast majority of the subject documents have already been
    produced to Mattel, the balance clearly tips in favor of withholding the documents
    and against imposing on Mr. Larian, a third party, the burdensome and expensive
    task of redacting the extensive handwritten notes. However, in a good faith effort
    to resolve this issue, we are willing to determine whether it is possible to redact

618751v1

EXHIBIT _____**11**_____

PAGE _____**205**_____

Juan Pablo Alban, Esq.
February 22, 2008
Page 3

the handwritten notes from any document set forth in Mr. Larian's privilege log which would be non-privileged in the absence of the handwritten notes which you represent in writing that Mattel has not received in any form from another source.

3.  "April 18, 2001 email from Martin Hitch to Fred Larian, Isaac Larian and Dennis Medici regarding trademark registration in Europe for Bratz." Mr. Larian is willing to produce this document designated as "Attorneys' Eyes Only" under the protective order in this action. A copy of the document is attached hereto.

4.  "April 30, 2001 Emails from Nana Ashong to Fred Larian regarding trademark registration of Bratz." There are three emails. One of the emails consists of information which was communicated to Ms. Ashong by attorney Lucy Arant. While virtually all of the language set forth on the email sets forth privileged information which was communicated to Ms. Ashong by Ms. Arant, Mr. Larian is willing to produce this document in redacted form and marked "Attorneys' Eyes Only" under the protective order herein as long as Mattel is willing to stipulate in writing that such production will not result in any waiver of the attorney-client or work product privileges possessed by Mr. Larian, MGA or Isaac Larian or any prior or current attorney for Mr. Larian, MGA or Isaac Larian. Mr. Larian is willing to produce the other two emails on the same basis.

5.  "February 2004 draft Declaration of Victoria O'Connor." Contrary to your assertion, Mr. Larian never testified that he shared the draft declaration which is set forth on Mr. Larian's privilege log with Ms. O'Connor. Rather, Mr. Larian testified that it is possible that he may have shared certain draft declarations with the declarants, including the declaration for Ms. O'Connor. In fact, Mr. Larian believes he may have read certain portions of one version of a draft declaration to Ms. O'Connor over the telephone but that he never provided any draft declaration to her. Such communication does not destroy the privileged nature of this document.

The work product privilege is not waived except by a disclosure which is wholly inconsistent with the purpose of the privilege. E.g., Laguna Beach County Water Dist. v. Superior Court, 124 Cal.App. 4th 1453, 1459, 22 Cal. Rptr. 3d 387 (2004), citing, Oxy Resources California v. Superior Court, 150 Cal.App. 4th 874, 891, 9 Cal. Rptr. 3d 621 (2004). Disclosure operates as a waiver only when otherwise protected information is divulged to a third party who has no interest in maintaining the confidentiality of a significant part of the work product. Id. Such disclosure clearly did not take place here. Rather, any disclosure by Mr. Larian to Ms. O'Connor of the draft declaration which was included on Mr. Larian's privilege log was done for the purpose of finalizing the declaration and assisting Mr. Larian and his counsel with trial and arbitration preparation, the purpose for which Mr. Larian's lawyer was consulted. Similarly, Ms. O'Connor had an

618751v1

11

206

02-22-08    04.05pm   From-CHRISTENSEN GLASER                    310-556-2920           T-002   P.005/006   F-042

Juan Pablo Alban, Esq.
February 22, 2008
Page 4

interest to maintain the confidentiality of the draft declaration. Thus, the draft
declaration is privileged and properly included on Mr. Larian's privilege log. Mr.
Larian does not have in his possession, custody or control any other draft
declarations related to the *Larian v. Larian* matter.

6.  "April 28, 2004 letter from Jason Sickler to Karl J. Schulze." Karl Schulze was a
consultant to Jason Sickler, an attorney with Howard Smith, counsel for Mr.
Larian. Since Mr. Schulze was never designated as an expert witness in the
*Larian v. Larian* matter, the letter is privileged and properly included on Mr.
Larian's privilege log.

7.  "June 23, 2004 faxed cop[y] of a letter date[d] June 10, 2004 between Ellis Stern
and Larry Feldman." This letter was properly set forth on Mr. Larian's privilege
log because it contains handwritten notes which are privileged. In a good faith
effort to resolve this issue, Mr. Larian is willing to redact the handwritten notes
and produce the letter as long as Mattel stipulates in writing that there is no
waiver of the attorney-client or work product privileges possessed by Mr. Larian,
MGA or Isaac Larian or any current or former attorney for Mr. Larian, MGA or
Isaac Larian.

8.  "July 7, 2004 letters from Mr. Feldman to Mr. Stern regarding documents
produced by Zarabi and National Business Appraisers." This letter was properly
included on Mr. Larian's privilege log because it contains handwritten notes
which are privileged. Nevertheless, in a good faith effort to resolve this issue,
Mr. Larian is willing to produce a redacted copy of the letter as long as Mattel
stipulates in writing that there is no waiver of the attorney-client or work product
privileges possessed by Mr. Larian, MGA or Isaac Larian or any prior or current
attorney for Mr. Larian, MGA or Isaac Larian.

9.  "January 13, 2005 Email from Fred Larian to Mike Shenassafar regarding
comments on declaration." This document was properly included on Mr.
Larian's privilege log. The email from Fred Larian to Mike Shenassafar is
embedded within an email from Ronald Despues, an employee with Conkle &
Olesten, counsel for Mr. Larian.

10.  "Undated Email from Bill Conkle to amratzlaff1@aol.com." This document
was properly included on Mr. Larian's privilege log. Amratzlaff1@aol.com is
the email address for Allison M. Ratzlaff, an attorney for Conkle & Olesten,
counsel for Mr. Larian. Thus, this communication is clearly privileged.

618751v1

EXHIBIT 11

201

'02 22 08   04:05pm   From CHRISTENSEN GLASER          310-556-2920        T-592   P.006/000   F-942

Juan Pablo Alban, Esq.
February 22, 2008
Page 5

Regarding your inquiry concerning documents which are being withheld pending the resolution of the modification of the protective orders in *Larian v. Larian*, Mr. Larian is withholding any document which he agreed to produce in response to Mattel's subpoena which has been Bates-stamped "MZ" or "ED." As stated previously, Mr. Larian is willing to produce these documents once the protective orders are properly modified to allow such production.

I trust that the foregoing is sufficient to resolve your concerns. Please let me know if you are willing to enter into the stipulations requested above or if you have questions regarding the foregoing or have additional concerns regarding Mr. Larian's production in response to Mattel's subpoena.

Very truly yours,

Alisa Morgenthaler Lever
of CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

AML/eb
cc:   Patricia L. Glaser, Esq.
      Jose Allen, sq. (via facsimile)
      Scott Gizer, Esq.
      Bryant Delgadillo, Esq. (via facsimile)

618751v1

11
208

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 12

Case 2:04-cv-09049-SGL-RNB Document 1504 Filed 01/07/2008 Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                          Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==============================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

             Jim Holmes                              Theresa Lanza
             Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER             ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**         **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:               ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                          GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                             **Mark E. Overland**
**Anna Park**

ATTORNEY PRESENT FOR NON-                ATTORNEY PRESENT FOR NON-PARTY
PARTIES ANA ELISE CLOONAN,               STERN & GOLDBERG: **Kien C. Tiet**
MARGARET HATCH-LEHY, AND
VERONICA MARLOW: **Larry W.**                ATTORNEY PRESENT FOR NON-PARTY
**McFarland**                                KAYE SCHOLER, LLP: **Bryant S. Delgadillo**

PROCEEDINGS:    **ORDER GRANTING IN PART AND DENYING IN PART**
                **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
                **DISCOVERY (DOCKET #1134)**

                **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
                **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
                **SANCTIONS  (DOCKET #1143)**

EXHIBIT _____ 12
PAGE _____ 212

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90                                                     Initials of Deputy Clerk: jh
CIVIL -- GEN                                    2                    Time: 1/30

EXHIBIT      12
PAGE         213

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

### MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

MINUTES FORM 90                                              Initials of Deputy Clerk: jh
CIVIL -- GEN                          3                       Time: 1/30



Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED.** The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

EXHIBIT **12**
**215**

forth in their moving papers. The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl). To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___12___
___246___

# EXHIBIT 13

AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL      DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)

Consolidated with cases CV 49-9059 and CV50-2727

TO:  Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard -19th Floor
Los Angeles, CA 90067

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition the above case. Testimony will be recorded by stenographer and videographer. Topics of testimony are set forth in Exhibit B.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 28, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | 9:00 am |

[x]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT B

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 28, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey    Attorney for Mattel, Inc. | January 18, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

13

218

# EXHIBIT A

13

219

ATTACHMENT A

Documents To Be Produced

I.    DEFINITIONS.

1.    "YOU" or "YOUR" means Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including but not limited to Patricia Glaser, Esq.

2.    "BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the generality of the foregoing, "MGA" includes "LARIAN."

4.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

5.    "ISAAC LARIAN" means Isaac Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without limiting the generality of the foregoing, "ISAAC LARIAN" includes any trusts held in the name of or for the benefit of Isaac Larian or of which Isaac Larian is a trustee.

13

220

6. "FARHAD LARIAN" means Farhad Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without limiting the generality of the foregoing, "FARHAD LARIAN" includes any trusts held in the name of or for the benefit of Farhad Larian or of which Farhad Larian is a trustee.

7. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the subpoena requests.

8. "BRATZ WORK" or "BRATZ WORKS" means any representation of BRATZ, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including any DESIGN REFERRING OR RELATING TO BRATZ, in whole or in part.

9. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10. "BRYANT/MGA AGREEMENT" means the agreement related to BRATZ between MGA and BRYANT titled "MGA Consulting Agreement,"

ATTACHMENT A

EXHIBIT **13**

PAGE **221**

dated as of September 18, 2000, and purportedly executed on or about October 4, 2000.

11. "INVENTIONS AGREEMENT" means the Confidential Information and Inventions Agreement between MATTEL and BRYANT signed by BRYANT on or about January 4, 1999 and produced in this action by MATTEL as M0001596, or any other version of such January 4, 1999 agreement.

12. "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel, Inc. v. Bryant*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

13. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

14. "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

15. "REFER OR RELATE TO" or "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

16. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

13

222

ATTACHMENT A

17. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II.   INSTRUCTIONS.

A.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

1.   The privilege or protection that you claim precludes disclosure;

2.   The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

3.   The date, author(s), addressee(s); and

4.   Any additional facts on which YOU would base YOUR claim of privilege or protection.

C.   YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

D.   YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

E.   Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

EXHIBIT

13

223

ATTACHMENT A

PAGE

III.    DOCUMENTS TO BE PRODUCED.

1.     ALL DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE to the BRYANT/MGA AGREEMENT, including without limitation such agreement (or version thereof) that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

2.     To the extent not produced in response to Request No. 1, all contracts or agreements, or proposed, requested or offered contracts or agreements, between MGA and BRYANT and all other DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE thereto.

3.     All DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE TO BRYANT's employment by, or any contracts or agreements with, MATTEL, including without limitation to the INVENTIONS AGREEMENT, and all COMMUNICATIONS with BRYANT relating thereto.

4.     All DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE TO BRATZ or any BRATZ WORK and REFER OR RELATE TO the time period prior to December 31, 2001.

5.     To the extent not produced in response to any other Request, all DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE TO BRYANT and that REFER OR RELATE TO the time period prior to December 31, 2001.

6.     All DOCUMENTS that were generated, created, prepared or transmitted in whole or part prior to April 27, 2004 and that REFER OR RELATE TO the origins, reduction to practice, conception, creation or development, or the timing of conception, creation, development or reduction to practice, of BRATZ or any BRATZ WORK, including without limitation any COMMUNICATIONS between YOU and BRYANT relating thereto and any investigations, analysis or inquiry performed by any PERSON in connection therewith.

**13**

224

7.     All opinion letters provided, transmitted or otherwise shared with MGA prior to April 27, 2004 REFERRING OR RELATING TO BRYANT, the origins, reduction to practice, conception or creation of BRATZ or any BRATZ WORK or the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

8.     All contracts or agreements between MATTEL and any PERSON other than BRYANT that REFERS OR RELATES TO the ownership, or putative or potential ownership, of inventions, designs, works or ideas and that YOU sent or transmitted to, received from, or shared with MGA or that MGA sent or transmitted to, received from, or shared with YOU, prior to April 27, 2004.

9.     All DOCUMENTS, including but not limited to opinion letters, that REFER OR RELATE TO the ownership, or putative or potential, ownership of inventions, designs, works or ideas created, made, conceived or reduced to practice by BRYANT while employed by MATTEL.

10.    All COMMUNICATIONS transmitted by YOU or received by YOU prior to April 27, 2004 REFERRING OR RELATING TO the ownership, or putative or potential ownership, of inventions, designs, works or ideas created, conceived or reduced to practice by BRYANT while he was employed by MATTEL.

11.    All DOCUMENTS, including without limitation COMMUNICATIONS between YOU and any BRYANT, REFERRING OR RELATING TO statements, assertions, claims or suggestions that BRYANT conceived, created, worked on, reduced to practice, modified or improved BRATZ or any BRATZ WORK between January 4, 1999 and October 20, 2000, including without limitation any denials or refutations, whether in whole or in part, of any such statements, assertions, claims or suggestions.

12.    All COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse Ramirez and/or Anna Rhee.

13.    All COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Ana Cabrera, Beatriz Morales and/or Maria Salazar.

07209/2240909.2                           - 6 -

13

225

14.     To the extent not produced in response to any other Request, all COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from any MATTEL employee while such person was employed by MATTEL.

15.     All DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT or FARHAD LARIAN has sought, proposed, requested or obtained from MGA or that MGA has sought, proposed, requested or obtained from BRYANT or FARHAD LARIAN.

16.     Any fee or indemnification agreements REFERRING OR RELATING TO this ACTION or any MATTEL claim, including without limitation by or with BRYANT, MGA or FARHAD LARIAN, including but not limited to all drafts thereof and COMMUNICATIONS RELATED thereto.

17.     All DOCUMENTS that FARHAD LARIAN showed MATTEL at any time since January 1, 1999, including all such DOCUMENTS that he showed MATTEL in connection with this ACTION, including without limitation each of the following:

(a)     The MGA email dated November 16, 2000 that summarizes "last week's meeting" with K-Mart and references BRATZ.

(b)     FARHAD LARIAN's email to ISAAC LARIAN dated November 22, 2000 mentioning prices for a "Bratz Fashion Pack."

(c)     The November 22, 2000 chart describing changes to the Bratz Doll Assortment and Bratz Holiday doll.

(d)     FARHAD LARIAN's August 19, 2005 email to Scott Bachrach (at scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and MGA concerning BRATZ, as well associated COMMUNICATIONS.

(e)     FARHAD LARIAN's August 22, 2005 email to Colleen O'Higgins asking about BRYANT and BRATZ, as well as associated COMMUNICATIONS.

(f)     The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer Maurus regarding BRATZ, including without limitation those relating to

13

226

ATTACHMENT A

actual and/or draft declaration(s) by the foregoing regarding BRATZ.

(g)     The December 21, 2000 email from ISAAC LARIAN to Paul Warner, with copies to Dennis Medici and FARHAD LARIAN, that mentions TRU purchases for products including BRATZ.

(h)     FARHAD LARIAN's August 1, 2005 email to Victoria O'Connor regarding BRATZ licensees, as well as associated COMMUNICATIONS.

(i)     FARHAD LARIAN's August 1, 2005 email chain with employees at dng.com asking about BRATZ, as well as associated COMMUNICATIONS.

(j)     The August 7, 2005 email from Mark Fragel responding to questions regarding BRATZ materials shown to Paulette Prim in November 2000.

(k)     FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN that states ISAAC LARIAN had instructed FARHAD LARIAN to withhold original documents that had been located in connection with the Fireman's Fund case and "to tell him [an MGA attorney] we could not find the originals."

(l)     The document entitled "Analysis of Design, Packaging & Mock-Up Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11, 2000 email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

(m)     The August 14, 2000 ISAAC LARIAN email to Medici, Warner and FARHAD LARIAN that references cost tracking software used by MATTEL that ISAAC LARIAN says he learned about from interviewing MATTEL employees.

(n)     The emails between ISAAC LARIAN and Jahangir Makabi requesting that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr. Makabi's protestation that he never had any such certificates, as well as associated COMMUNICATIONS.

(o)     The January 31, 2001 email from ISAAC LARIAN to All in Marketing and Product Development, Medici and Didi Brown asserting that he (ISAAC LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying in substance that he ever said anything that cannot be confirmed by a writing.

- 8 -

EXHIBIT 13

PAGE 227

(p)    The November 15, 2000 Paula Treantafelles email to FARHAD LARIAN that says MGA will be selling a BRATZ backpack and states that a design for it is attached.

18.    All DOCUMENTS that REFER OR RELATE to any surveillance or recording, including without limitation any tape or video recording, made by or at the direction of YOU or MGA of any officer, director or employee of MATTEL or MATTEL's counsel (excluding recordings made by duly authorized Court reporters of sworn testimony taken in THIS ACTION).

19.    All DOCUMENTS RELATING TO the payment, offering or promising of money or anything of value by MGA and/or YOU to any PERSON who was at the time employed by or worked for MATTEL.

20.    All DOCUMENTS RELATING TO the payment, offering or promising of money or anything of value by MGA to FARHAD LARIAN (excluding any gifts with a value of less than $500) at any time since January 1, 1999.

21.    All DOCUMENTS REFERRING OR RELATING TO the destruction or loss of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

22.    Any instruction or COMMUNICATION from any PERSON, including without limitation BRYANT, MGA or FARHAD LARIAN, with respect to the retention, preservation, collection, search, transmittal, transfer or destruction of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

ATTACHMENT A

13

228

# EXHIBIT B

EXHIBIT    13
PAGE        229

Attachment B

Topics of Testimony

I.   DEFINITIONS.

1.   "YOU" or "YOUR" means Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including but not limited to Patricia Glaser, Esq.

2.   "BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.   "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the generality of the foregoing, "MGA" includes "LARIAN."

4.   "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

5.   "ISAAC LARIAN" means Isaac Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without limiting the generality of the foregoing, "ISAAC LARIAN" includes any trusts held in the name of or for the benefit of Isaac Larian or of which Isaac Larian is a trustee.

6.   "FARHAD LARIAN" means Farhad Larian and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control. Without limiting the generality of the foregoing,

07209/2361191.1

EXHIBIT 13

PAGE 230

"FARHAD LARIAN" includes any trusts held in the name of or for the benefit of Farhad Larian or of which Farhad Larian is a trustee.

7. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the subpoena requests.

8. "BRATZ WORK" or "BRATZ WORKS" means any representation of BRATZ, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including any DESIGN REFERRING OR RELATING TO BRATZ, in whole or in part.

9. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

10. "BRYANT/MGA AGREEMENT" means the agreement related to BRATZ between MGA and BRYANT titled "MGA Consulting Agreement," dated as of September 18, 2000, and purportedly executed on or about October 4, 2000.

11. "INVENTIONS AGREEMENT" means the Confidential Information and Inventions Agreement between MATTEL and BRYANT signed

EXHIBIT 13

PAGE 231

by BRYANT on or about January 4, 1999 and produced in this action by MATTEL as M0001596, or any other version of such January 4, 1999 agreement.

12. "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel, Inc. v. Bryant*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

13. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

14. "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

15. "REFER OR RELATE TO" or "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

16. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

17. Wherever used herein, the singular shall include the plural and the plural shall include the singular.

EXHIBIT 13

232

II.    SPECIFIC TOPICS

1.    Any contract or agreement between MGA and BRYANT, amendments thereto, drafts thereof, and COMMUNICATIONS related thereto.

2.    Any proposed, requested or offered contracts or agreements between MGA or ISAAC LARIAN, on one hand, and BRYANT, on the other hand; drafts thereof; and COMMUNICATIONS related thereto.

3.    The origins, reduction to practice, conception, creation or development, or the timing of conception, creation, development or reduction to practice of BRATZ and BRATZ WORK and COMMUNICATIONS related thereto.

4.    Opinion letters provided, transmitted or otherwise shared with MGA prior to April 27, 2004 REFERRING OR RELATING TO BRYANT, the origins, reduction to practice, conception or creation of BRATZ or any BRATZ WORK or the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

5.    Contracts or agreements between MATTEL and any PERSON other than BRYANT that REFERS OR RELATES TO the ownership, or putative or potential ownership, of inventions, designs, works or ideas that you received, reviewed or transmitted prior to April 27, 2004.

6.    Opinion letters or other DOCUMENTS that REFER OR RELATE TO the ownership, or putative or potential, ownership of inventions, designs, works or ideas created, made, conceived or reduced to practice by BRYANT while employed by MATTEL.

7.    The ownership, or putative or potential ownership, of inventions, designs, works or ideas created, conceived or reduced to practice by BRYANT while he was employed by MATTEL.

8.    The DOCUMENTS that FARHAD LARIAN showed to MATTEL.

9.    COMMUNICATIONS between MGA OR YOU, on the one hand, and any MATTEL employee.

10.    Any surveillance or recording, including without limitation any tape or video recording, made by or at the direction of YOU or MGA of any officer, director or employee of MATTEL or MATTEL's counsel (excluding recordings

EXHIBIT    13

PAGE    233

made by duly authorized Court reporters of sworn testimony taken in THIS ACTION).

11.    COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse Ramirez, Anna Rhee, Ana Cabrera, Beatriz Morales and/or Maria Salazar.

12.    Any fee or indemnification agreements REFERRING OR RELATING TO this ACTION or any MATTEL claim.

13.    The DOCUMENT that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

14.    Any investigation, analysis, due diligence or research that YOU conducted, were asked to conduct, was conducted under your supervision or at YOUR request that REFERS OR RELATES TO BRYANT; MATTEL; the origins, reduction to practice, conception or creation of BRATZ or any BRATZ WORK; or the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

EXHIBIT    13

234