# EXHIBIT 14

RECEIVED

JAN 2 8 2008

1  Patricia Glaser, State Bar No. 55668
   Alisa Morgenthaler Lever, State Bar No. 146940
2  Scott E. Gizer, State Bar No. 229162
   CHRISTENSEN, GLASER, FINK, JACOBS,
3    WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 553-3000
5  Facsimile:  (310) 556-2920

6  Attorneys for Non-Party Christensen, Glaser, Fink,
   Jacobs, Weil & Shapiro, LLP

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  CARTER BRYANT, an individual          )  CASE NO. CV 04-09049 SGL (RNBx)
                                          )
12              Plaintiff,                )  Consolidated with Case Nos.
                                          )  CV 04-9059 & CV 05-2727
13      v.                                )
                                          )  **RESPONSE AND OBJECTIONS TO**
14  MATTEL, INC., a Delaware              )  **SUBPOENA SERVED ON NON-**
    corporation                           )  **PARTY CHRISTENSEN, GLASER,**
15                                        )  **FINK, JACOBS, WEIL & SHAPIRO,**
                Defendant.                )  **LLP**
16                                        )
                                          )
17  AND CONSOLIDATED ACTIONS             )
                                          )
18                                        )

19

20

21

22

23

24

25

26              EXHIBIT ____14____

27              PAGE ____235____

28

615616v1                    1-28
        RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

1   Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party

2   CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

3   ("Christensen Glaser"), hereby responds to the Subpoena in a Civil Case

4   ("Subpoena") issued by Mattel, Inc. ("Mattel").

5   　　Christensen Glaser objects to the Subpoena, including the notice of deposition

6   and each individual request for production of documents therein, on the following

7   grounds:

8   **OBJECTIONS TO NOTICE OF DEPOSITION AND GENERAL**

9   **OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

10  **1.    Privileged and Protected Material**

11  　　Christensen Glaser objects to the Subpoena and each and every request for

12  production therein on the grounds and to the extent they call for testimony and the

13  production of documents that contain  information protected from disclosure pursuant

14  to the attorney-client privilege, attorney work-product doctrine, or the joint

15  defense/common interest privilege.

16  **2.    Proprietary or Confidential Information**

17  　　Christensen Glaser objects to the Subpoena and each and every request for

18  production therein on the grounds and to the extent they call for testimony and the

19  production of documents that contain proprietary or confidential information or trade

20  secrets, disclosure of which would be prejudicial to Christensen Glaser and/or the

21  person or persons who provided the information to Christensen Glaser.  Christensen

22  Glaser will not produce such documents absent an appropriate protective order.

23  **3.    Third Party Privacy Rights**

24  　　Christensen Glaser objects to the Subpoena and each and every request for

25  production therein on the grounds and to the extent they call for testimony and the

26  production of documents that contain confidential and private information of clients,

27  employees, or of other third parties, or the joint confidential information of

28  Christensen Glaser and a third party.  Christensen Glaser will not produce such

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

615616v1

1

1 documents until the client, employee, or other third party has been notified of such

2 requests and the client, employee, or the third party has consented to the production of

3 the documents requested.

4 **4.    Relevance**

5      Christensen Glaser objects to the Subpoena and each and every request for

6 production therein on the grounds and to the extent they call for testimony and the

7 production of documents that are neither relevant to the subject matter of the pending

8 proceedings, nor reasonably calculated to lead to the discovery of admissible

9 evidence.

10 **5.    Vagueness and Ambiguity**

11      Christensen Glaser objects to the Subpoena and each and every request for

12 production therein on the grounds and to the extent they are vague or ambiguous, or

13 both, and, as such, would require Christensen Glaser to speculate as to the meaning of

14 the request for production.

15 **6.    Documents Otherwise Available**

16      Christensen Glaser objects to the Subpoena and each and every request for

17 production therein on the grounds and to the extent they call for testimony and the

18 production of documents that are readily accessible to Mattel or are in publicly

19 available material, the public record, or Mattel's files, having been produced by

20 parties in this litigation.

21 **7.    Burdensome, Overly Broad, Duplicative, Unreasonably Cumulative,**

22 **Harassing and/or Oppressive**

23      Christensen Glaser objects to the Subpoena and each and every request for

24 production therein on the grounds and to the extent they are burdensome, overly

25 broad, duplicative, unreasonably cumulative, harassing and/or oppressive in that the

26 Subpoena requires Christensen Glaser to: a) appear at a deposition and produce

27 documents without a reasonable period of time to comply; b) produce documents that

28 are in Mattel's possession; c) produce documents not within Christensen Glaser's

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

2

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

EXHIBIT

PAGE    231

1   possession, custody, or control; d) produce documents that are in the possession,
2   custody or control of third parties; and e) produce documents without limitations as to
3   time or scope.

4       Christensen Glaser further objects to the Subpoena, including all definitions,
5   and to each individual request for production of documents therein, to the extent the
6   Subpoena ask for "all" documents, thereby causing the Subpoena to: (a) be overly
7   broad, (b) be burdensome and oppressive, (c) seek information that is neither relevant
8   to the subject matter of this action, nor reasonably calculated to lead to the discovery
9   of admissible evidence, and (d) seek documents protected by the attorney/client and
10  attorney work product privileges.

11  **8.**    **Relevant Time Period**

12      Christensen Glaser objects to the Subpoena and each and every request for
13  production therein on the grounds and to the extent they seek testimony and the
14  production of documents without any limit as to time period.

15  **9.**    **Duplication**

16      Christensen Glaser objects to the Subpoena and each and every request for
17  production therein on the grounds and to the extent they are duplicative of other
18  request for production propounded therein, or request documents that have already
19  been produced by other parties.

20  **10.**    **Untimely**

21      Christensen Glaser objects to the Subpoena and each and every request for
22  production therein on the grounds and to the extent they are untimely and fail to give
23  Christensen Glaser a reasonable amount of time to comply.

24  **11.**    **Improper Notice**

25      Christensen Glaser objects to the Subpoena and each and every request for
26  production therein on the grounds and to the extent they violate Federal Rules of Civil
27  Procedure, Rule 45(b)(1) in that Mattel failed to give prior notice of any commanded
28  production of documents on each party in the manner prescribed by Rule 5(b).

615616v1

**12. Right to Privacy**

Christensen Glaser objects to the Subpoena and each and every request for production therein on the grounds and to the extent they seek disclosure of facts and documents that would result in the disclosure of information in violation of privacy rights of individuals under Article 1, Section 1 of the California Constitution, or any other constitutional, statutory, or common law right of privacy of any person.

**13. Documents Precluded From Production by Protective Orders**

Christensen Glaser objects to the Subpoena and each and every request for production therein on the ground and to the extent they seek testimony and the production of documents prohibited from disclosure by the protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

**14. Reasonable Compensation**

Christensen Glaser objects to the Subpoena and each and every request for production therein on the grounds that no arrangement has been made for reasonable compensation to Christensen Glaser for the necessary expense which shall be incurred by him in complying with the Subpoena.

**15. Exceeds Allowable Discovery**

Christensen Glaser objects to the Subpoena and each and every deposition topic on the grounds that it exceeds the number of allowable depositions ordered by Judge Larson.

**SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

ALL DOCUMENTS generated, created, prepared or transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE to the BRYANT/MGA AGREEMENT, including without limitation such agreement (or version thereof) that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without

EXHIBIT  14

DAGE 234

1 | limitation any iteration, version or draft thereof, and all COMMUNICATIONS with
2 | BRYANT relating thereto.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

4 | Christensen Glaser incorporates by reference each and every General Objection
5 | set forth above as though fully set forth herein. Christensen Glaser further objects
6 | specifically to request for production No. 1 on the following grounds: (1) overly
7 | broad, duplicative, unreasonably cumulative, harassing, burdensome and/or
8 | oppressive; (2) seeks information and documents not within Christensen Glaser's
9 | possession, custody or control, and/or documents that are in the possessions, custody
10 | or control of other parties, including the parties in this action; (3) seeks disclosure of
11 | facts and documents protected by or subject to the attorney-client privilege, and/or
12 | attorney-work product doctrine or any other applicable privilege or immunity; (4)
13 | seeks disclosure of facts and documents that contain sensitive confidential and
14 | proprietary business information and/or constitute trade secret information; (5) seeks
15 | production of voluminous records without sufficient limitations as to time; (6) seeks
16 | information that is neither relevant to the subject matter of the pending proceeding,
17 | nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks
18 | information and documents readily accessible to Mattel from other sources or are
19 | otherwise publicly available; (8) seeks documents which violate Christensen Glaser's
20 | right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous
21 | and unintelligible; (10) seeks documents in violation of the settlement negotiations
22 | privilege; (11) seeks production of documents prohibited from disclosure by the
23 | protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior
24 | Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;
25 | and (12) fails to comply with the requirements of Shelton v. American Motors, 805
26 | F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,
27 | 2008 order, regarding service of subpoenas on former counsel, in that the information
28 | can be obtained by other means and from elsewhere, the information is not clearly

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  relevant and is privileged, and the information is not crucial to the preparation of the

2  case.

3  **REQUEST FOR PRODUCTION NO. 2**

4      To the extent not produced in response to Request No. 1, all contracts or

5  agreements; or proposed, requested or offered contracts or agreements, between MGA

6  and BRYANT and all other DOCUMENTS generated, created, prepared or

7  transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE thereto.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

9      Christensen Glaser incorporates by reference each and every General Objection

10  set forth above as though fully set forth herein.  Christensen Glaser further objects

11  specifically to request for production No. 2 on the following grounds: (1) overly

12  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

13  oppressive; (2) seeks information and documents not within Christensen Glaser's

14  possession, custody or control, and/or documents that are in the possessions, custody

15  or control of other parties, including the parties in this action; (3) seeks disclosure of

16  facts and documents protected by or subject to the attorney-client privilege, and/or

17  attorney-work product doctrine or any other applicable privilege or immunity; (4)

18  seeks disclosure of facts and documents that contain sensitive confidential and

19  proprietary business information and/or constitute trade secret information; (5) seeks

20  production of voluminous records without sufficient limitations as to time; (6) seeks

21  information that is neither relevant to the subject matter of the pending proceeding,

22  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

23  information and documents readily accessible to Mattel from other sources or are

24  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

25  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

26  and unintelligible; (10) seeks documents in violation of the settlement negotiations

27  privilege; (11) seeks production of documents prohibited from disclosure by the

28  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT ___

1  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

2  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

3  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

4  2008 order, regarding service of subpoenas on former counsel, in that the information

5  can be obtained by other means and from elsewhere, the information is not clearly

6  relevant and is privileged, and the information is not crucial to the preparation of the

7  case.

8  **REQUEST FOR PRODUCTION NO. 3**

9  All DOCUMENTS generated, created, prepared or transmitted in whole or part

10  prior to April 27, 2004 that REFER OR RELATE TO BRYANT's employment by, or

11  any contracts or agreements with, MATTEL, including without limitation to the

12  INVENTIONS AGREEMENT, and all COMMUNICATIONS with BRYANT

13  relating thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

15  Christensen Glaser incorporates by reference each and every General Objection

16  set forth above as though fully set forth herein.  Christensen Glaser further objects

17  specifically to request for production No. 3 on the following grounds: (1) overly

18  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

19  oppressive; (2) seeks information and documents not within Christensen Glaser's

20  possession, custody or control, and/or documents that are in the possessions, custody

21  or control of other parties, including the parties in this action; (3) seeks disclosure of

22  facts and documents protected by or subject to the attorney-client privilege, and/or

23  attorney-work product doctrine or any other applicable privilege or immunity; (4)

24  seeks disclosure of facts and documents that contain sensitive confidential and

25  proprietary business information and/or constitute trade secret information; (5) seeks

26  production of voluminous records without sufficient limitations as to time; (6) seeks

27  information that is neither relevant to the subject matter of the pending proceeding,

28  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

LAW OFFICES

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

615616v1

7

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

EXHIBIT ___

PAGE ___

1 information and documents readily accessible to Mattel from other sources or are

2 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

3 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

4 and unintelligible; (10) seeks documents in violation of the settlement negotiations

5 privilege; (11) seeks production of documents prohibited from disclosure by the

6 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

7 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

8 and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

9 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

10 2008 order, regarding service of subpoenas on former counsel, in that the information

11 can be obtained by other means and from elsewhere, the information is not clearly

12 relevant and is privileged, and the information is not crucial to the preparation of the

13 case.

14 **REQUEST FOR PRODUCTION NO. 4**

15      All DOCUMENTS generated, created, prepared or transmitted in whole or part

16 prior to April 27, 2004 that REFER OR RELATE TO BRATZ or any BRATZ

17 WORK and REFER OR RELATE TO the time period prior to December 31, 2001.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

19      Christensen Glaser incorporates by reference each and every General Objection

20 set forth above as though fully set forth herein. Christensen Glaser further objects

21 specifically to request for production No. 4 on the following grounds: (1) overly

22 broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

23 oppressive; (2) seeks information and documents not within Christensen Glaser's

24 possession, custody or control, and/or documents that are in the possessions, custody

25 or control of other parties, including the parties in this action; (3) seeks disclosure of

26 facts and documents protected by or subject to the attorney-client privilege, and/or

27 attorney-work product doctrine or any other applicable privilege or immunity; (4)

28 seeks disclosure of facts and documents that contain sensitive confidential and

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT __14__

PAGE __243__

1 proprietary business information and/or constitute trade secret information; (5) seeks

2 production of voluminous records without sufficient limitations as to time; (6) seeks

3 information that is neither relevant to the subject matter of the pending proceeding,

4 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

5 information and documents readily accessible to Mattel from other sources or are

6 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

7 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

8 and unintelligible; (10) seeks documents in violation of the settlement negotiations

9 privilege; (11) seeks production of documents prohibited from disclosure by the

10 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

11 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

12 and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

13 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

14 2008 order, regarding service of subpoenas on former counsel, in that the information

15 can be obtained by other means and from elsewhere, the information is not clearly

16 relevant and is privileged, and the information is not crucial to the preparation of the

17 case.

18 **REQUEST FOR PRODUCTION NO. 5**

19     To the extent not produced in response to any other Request, all

20 DOCUMENTS generated, created, prepared or transmitted in whole or part prior to

21 April 27, 2004 that REFER OR RELATE TO BRYANT and that REFER OR

22 RELATE TO the time period prior to December 31, 2001.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

24     Christensen Glaser incorporates by reference each and every General Objection

25 set forth above as though fully set forth herein. Christensen Glaser further objects

26 specifically to request for production No. 5 on the following grounds: (1) overly

27 broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

28 oppressive; (2) seeks information and documents not within Christensen Glaser's

EXHIBIT

PAGE

1  possession, custody or control, and/or documents that are in the possessions, custody
2  or control of other parties, including the parties in this action; (3) seeks disclosure of
3  facts and documents protected by or subject to the attorney-client privilege, and/or
4  attorney-work product doctrine or any other applicable privilege or immunity; (4)
5  seeks disclosure of facts and documents that contain sensitive confidential and
6  proprietary business information and/or constitute trade secret information; (5) seeks
7  production of voluminous records without sufficient limitations as to time; (6) seeks
8  information that is neither relevant to the subject matter of the pending proceeding,
9  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks
10  information and documents readily accessible to Mattel from other sources or are
11  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's
12  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous
13  and unintelligible; (10) seeks documents in violation of the settlement negotiations
14  privilege; (11) seeks production of documents prohibited from disclosure by the
15  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior
16  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;
17  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805
18  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,
19  2008 order, regarding service of subpoenas on former counsel, in that the information
20  can be obtained by other means and from elsewhere, the information is not clearly
21  relevant and is privileged, and the information is not crucial to the preparation of the
22  case.

23  **REQUEST FOR PRODUCTION NO. 6**

24       All DOCUMENTS that were generated, created, prepared or transmitted in
25  whole or part prior to April 27, 2004 and that REFER OR RELATE TO the origins,
26  reduction to practice, conception, creation or development, or the timing of
27  conception, creation, development or reduction to practice, of BRATZ or any BRATZ
28  WORK, including without limitation any COMMUNICATIONS between YOU and

1  BRYANT relating thereto and any investigations, analysis or inquiry performed by

2  any PERSON in connection therewith.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

4        Christensen Glaser incorporates by reference each and every General Objection

5  set forth above as though fully set forth herein. Christensen Glaser further objects

6  specifically to request for production No. 6 on the following grounds: (1) overly

7  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

8  oppressive; (2) seeks information and documents not within Christensen Glaser's

9  possession, custody or control, and/or documents that are in the possessions, custody

10  or control of other parties, including the parties in this action; (3) seeks disclosure of

11  facts and documents protected by or subject to the attorney-client privilege, and/or

12  attorney-work product doctrine or any other applicable privilege or immunity; (4)

13  seeks disclosure of facts and documents that contain sensitive confidential and

14  proprietary business information and/or constitute trade secret information; (5) seeks

15  production of voluminous records without sufficient limitations as to time; (6) seeks

16  information that is neither relevant to the subject matter of the pending proceeding,

17  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

18  information and documents readily accessible to Mattel from other sources or are

19  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

20  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

21  and unintelligible; (10) seeks documents in violation of the settlement negotiations

22  privilege; (11) seeks production of documents prohibited from disclosure by the

23  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

24  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

25  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

26  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

27  2008 order, regarding service of subpoenas on former counsel, in that the information

28  can be obtained by other means and from elsewhere, the information is not clearly

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT ____

PAGE ____

1  relevant and is privileged, and the information is not crucial to the preparation of the

2  case.

3  **REQUEST FOR PRODUCTION NO. 7**

4      All opinion letters provided, transmitted or otherwise shared with MGA prior

5  to April 27, 2004 REFERRING OR RELATING TO BRYANT, the origins, reduction

6  to practice, conception or creation of BRATZ or any BRATZ WORK or the

7  ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

9      Christensen Glaser incorporates by reference each and every General Objection

10  set forth above as though fully set forth herein.  Christensen Glaser further objects

11  specifically to request for production No. 7 on the following grounds: (1) overly

12  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

13  oppressive; (2) seeks information and documents not within Christensen Glaser's

14  possession, custody or control, and/or documents that are in the possessions, custody

15  or control of other parties, including the parties in this action; (3) seeks disclosure of

16  facts and documents protected by or subject to the attorney-client privilege, and/or

17  attorney-work product doctrine or any other applicable privilege or immunity; (4)

18  seeks disclosure of facts and documents that contain sensitive confidential and

19  proprietary business information and/or constitute trade secret information; (5) seeks

20  production of voluminous records without sufficient limitations as to time; (6) seeks

21  information that is neither relevant to the subject matter of the pending proceeding,

22  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

23  information and documents readily accessible to Mattel from other sources or are

24  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

25  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

26  and unintelligible; (10) seeks documents in violation of the settlement negotiations

27  privilege; (11) seeks production of documents prohibited from disclosure by the

28  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10880 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

615616v1

1  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

2  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

3  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

4  2008 order, regarding service of subpoenas on former counsel, in that the information

5  can be obtained by other means and from elsewhere, the information is not clearly

6  relevant and is privileged, and the information is not crucial to the preparation of the

7  case.

8  **REQUEST FOR PRODUCTION NO. 8**

9       All contracts or agreements between MATTEL and any PERSON other than

10  BRYANT that REFERS OR RELATES TO the ownership, or putative or potential

11  ownership, of inventions, designs, works or ideas and that YOU sent or transmitted

12  to, received from, or shared with MGA or that MGA sent or transmitted to, received

13  from, or shared with YOU, prior to April 27, 2004.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

15       Christensen Glaser incorporates by reference each and every General Objection

16  set forth above as though fully set forth herein. Christensen Glaser further objects

17  specifically to request for production No. 8 on the following grounds: (1) overly

18  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

19  oppressive; (2) seeks information and documents not within Christensen Glaser's

20  possession, custody or control, and/or documents that are in the possessions, custody

21  or control of other parties, including the parties in this action; (3) seeks disclosure of

22  facts and documents protected by or subject to the attorney-client privilege, and/or

23  attorney-work product doctrine or any other applicable privilege or immunity; (4)

24  seeks disclosure of facts and documents that contain sensitive confidential and

25  proprietary business information and/or constitute trade secret information; (5) seeks

26  production of voluminous records without sufficient limitations as to time; (6) seeks

27  information that is neither relevant to the subject matter of the pending proceeding,

28  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

EXHIBIT

PAGE

1  information and documents readily accessible to Mattel from other sources or are

2  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

3  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

4  and unintelligible; (10) seeks documents in violation of the settlement negotiations

5  privilege; (11) seeks production of documents prohibited from disclosure by the

6  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

7  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

8  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

9  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

10  2008 order, regarding service of subpoenas on former counsel, in that the information

11  can be obtained by other means and from elsewhere, the information is not clearly

12  relevant and is privileged, and the information is not crucial to the preparation of the

13  case.

14  **REQUEST FOR PRODUCTION NO. 9**

15      All DOCUMENTS, including but not limited to opinion letters, that REFER

16  OR RELATE TO the ownership, or putative or potential, ownership of inventions,

17  designs, works or ideas created, made, conceived or reduced to practice by BRYANT

18  while employed by MATTEL.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

20      Christensen Glaser incorporates by reference each and every General Objection

21  set forth above as though fully set forth herein.  Christensen Glaser further objects

22  specifically to request for production No. 9 on the following grounds: (1) overly

23  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

24  oppressive; (2) seeks information and documents not within Christensen Glaser's

25  possession, custody or control, and/or documents that are in the possessions, custody

26  or control of other parties, including the parties in this action; (3) seeks disclosure of

27  facts and documents protected by or subject to the attorney-client privilege, and/or

28  attorney-work product doctrine or any other applicable privilege or immunity; (4)

EXHIBIT _____
PAGE _____

1   seeks disclosure of facts and documents that contain sensitive confidential and
2   proprietary business information and/or constitute trade secret information; (5) seeks
3   production of voluminous records without sufficient limitations as to time; (6) seeks
4   information that is neither relevant to the subject matter of the pending proceeding,
5   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks
6   information and documents readily accessible to Mattel from other sources or are
7   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's
8   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous
9   and unintelligible; (10) seeks documents in violation of the settlement negotiations
10  privilege; (11) seeks production of documents prohibited from disclosure by the
11  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior
12  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;
13  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805
14  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,
15  2008 order, regarding service of subpoenas on former counsel, in that the information
16  can be obtained by other means and from elsewhere, the information is not clearly
17  relevant and is privileged, and the information is not crucial to the preparation of the
18  case.

19  **REQUEST FOR PRODUCTION NO. 10**

20      All COMMUNICATIONS transmitted by YOU or received by YOU prior to
21  April 27, 2004 REFERRING OR RELATING TO the ownership, or putative or
22  potential ownership, of inventions, designs, works or ideas created, conceived or
23  reduced to practice by BRYANT while he was employed by MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

25      Christensen Glaser incorporates by reference each and every General Objection
26  set forth above as though fully set forth herein.  Christensen Glaser further objects
27  specifically to request for production No. 10 on the following grounds: (1) overly
28  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

615616v1

15
RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

EXHIBIT
PAGE

1  oppressive; (2) seeks information and documents not within Christensen Glaser's
2  possession, custody or control, and/or documents that are in the possessions, custody
3  or control of other parties, including the parties in this action; (3) seeks disclosure of
4  facts and documents protected by or subject to the attorney-client privilege, and/or
5  attorney-work product doctrine or any other applicable privilege or immunity; (4)
6  seeks disclosure of facts and documents that contain sensitive confidential and
7  proprietary business information and/or constitute trade secret information; (5) seeks
8  production of voluminous records without sufficient limitations as to time; (6) seeks
9  information that is neither relevant to the subject matter of the pending proceeding,
10 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks
11 information and documents readily accessible to Mattel from other sources or are
12 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's
13 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous
14 and unintelligible; (10) seeks documents in violation of the settlement negotiations
15 privilege; (11) seeks production of documents prohibited from disclosure by the
16 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior
17 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;
18 and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805
19 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,
20 2008 order, regarding service of subpoenas on former counsel, in that the information
21 can be obtained by other means and from elsewhere, the information is not clearly
22 relevant and is privileged, and the information is not crucial to the preparation of the
23 case.

24 **REQUEST FOR PRODUCTION NO. 11**

25      All DOCUMENTS, including without limitation COMMUNICATIONS
26 between YOU and any BRYANT, REFERRING OR RELATING TO statements,
27 assertions, claims or suggestions that BRYANT conceived, created, worked on,
28 reduced to practice, modified or improved BRATZ or any BRATZ WORK between

EXHIBIT _____
PAGE _____

1  January 4, 1999 and October 20, 2000, including without limitation any denials or

2  refutations, whether in whole or in part, of any such statements, assertions, claims or

3  suggestions.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

5  Christensen Glaser incorporates by reference each and every General Objection

6  set forth above as though fully set forth herein. Christensen Glaser further objects

7  specifically to request for production No. 11 on the following grounds: (1) overly

8  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

9  oppressive; (2) seeks information and documents not within Christensen Glaser's

10  possession, custody or control, and/or documents that are in the possessions, custody

11  or control of other parties, including the parties in this action; (3) seeks disclosure of

12  facts and documents protected by or subject to the attorney-client privilege, and/or

13  attorney-work product doctrine or any other applicable privilege or immunity; (4)

14  seeks disclosure of facts and documents that contain sensitive confidential and

15  proprietary business information and/or constitute trade secret information; (5) seeks

16  production of voluminous records without sufficient limitations as to time; (6) seeks

17  information that is neither relevant to the subject matter of the pending proceeding,

18  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

19  information and documents readily accessible to Mattel from other sources or are

20  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

21  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

22  and unintelligible; (10) seeks documents in violation of the settlement negotiations

23  privilege; (11) seeks production of documents prohibited from disclosure by the

24  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

25  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

26  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

27  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

28  2008 order, regarding service of subpoenas on former counsel, in that the information

EXHIBIT ____

PAGE ____

1   can be obtained by other means and from elsewhere, the information is not clearly

2   relevant and is privileged, and the information is not crucial to the preparation of the

3   case.

4   **REQUEST FOR PRODUCTION NO. 12**

5   All COMMUNICATIONS REFERRING OR RELATING TO BRYANT,

6   BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS

7   ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret

8   Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah

9   Halpern, Jesse Ramirez and/or Anna Rhee.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

11   Christensen Glaser incorporates by reference each and every General Objection

12   set forth above as though fully set forth herein.  Christensen Glaser further objects

13   specifically to request for production No. 12 on the following grounds: (1) overly

14   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

15   oppressive; (2) seeks information and documents not within Christensen Glaser's

16   possession, custody or control, and/or documents that are in the possessions, custody

17   or control of other parties, including the parties in this action; (3) seeks disclosure of

18   facts and documents protected by or subject to the attorney-client privilege, and/or

19   attorney-work product doctrine or any other applicable privilege or immunity; (4)

20   seeks disclosure of facts and documents that contain sensitive confidential and

21   proprietary business information and/or constitute trade secret information; (5) seeks

22   production of voluminous records without limitations as to time; (6) seeks

23   information that is neither relevant to the subject matter of the pending proceeding,

24   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

25   information and documents readily accessible to Mattel from other sources or are

26   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

27   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

28   and unintelligible; (10) seeks documents in violation of the settlement negotiations

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   privilege; (11) seeks production of documents prohibited from disclosure by the

2   protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

3   Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

4   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

5   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

6   2008 order, regarding service of subpoenas on former counsel, in that the information

7   can be obtained by other means and from elsewhere, the information is not clearly

8   relevant and is privileged, and the information is not crucial to the preparation of the

9   case.

10   **REQUEST FOR PRODUCTION NO. 13**

11        All COMMUNICATIONS REFERRING OR RELATING TO BRYANT,

12   BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS

13   ACTION to or from Ana Cabrera, Beatriz Morales and/or Maria Salazar.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

15        Christensen Glaser incorporates by reference each and every General Objection

16   set forth above as though fully set forth herein.  Christensen Glaser further objects

17   specifically to request for production No. 13 on the following grounds: (1) overly

18   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

19   oppressive; (2) seeks information and documents not within Christensen Glaser's

20   possession, custody or control, and/or documents that are in the possessions, custody

21   or control of other parties, including the parties in this action; (3) seeks disclosure of

22   facts and documents protected by or subject to the attorney-client privilege, and/or

23   attorney-work product doctrine or any other applicable privilege or immunity; (4)

24   seeks disclosure of facts and documents that contain sensitive confidential and

25   proprietary business information and/or constitute trade secret information; (5) seeks

26   production of voluminous records without limitations as to time; (6) seeks

27   information that is neither relevant to the subject matter of the pending proceeding,

28   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT _____ 615616v1

19

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

PAGE

1  information and documents readily accessible to Mattel from other sources or are

2  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

3  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

4  and unintelligible; (10) seeks documents in violation of the settlement negotiations

5  privilege; (11) seeks production of documents prohibited from disclosure by the

6  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

7  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

8  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

9  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

10  2008 order, regarding service of subpoenas on former counsel, in that the information

11  can be obtained by other means and from elsewhere, the information is not clearly

12  relevant and is privileged, and the information is not crucial to the preparation of the

13  case.

14  **REQUEST FOR PRODUCTION NO. 14**

15      To the extent not produced in response to any other Request, all

16  COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any

17  BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from

18  any MATTEL employee while such person was employed by MATTEL.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

20      Christensen Glaser incorporates by reference each and every General Objection

21  set forth above as though fully set forth herein.  Christensen Glaser further objects

22  specifically to request for production No. 14 on the following grounds: (1) overly

23  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

24  oppressive; (2) seeks information and documents not within Christensen Glaser's

25  possession, custody or control, and/or documents that are in the possessions, custody

26  or control of other parties, including the parties in this action; (3) seeks disclosure of

27  facts and documents protected by or subject to the attorney-client privilege, and/or

28  attorney-work product doctrine or any other applicable privilege or immunity; (4)

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT _____

PAGE _____

1   seeks disclosure of facts and documents that contain sensitive confidential and

2   proprietary business information and/or constitute trade secret information; (5) seeks

3   production of voluminous records without limitations as to time; (6) seeks

4   information that is neither relevant to the subject matter of the pending proceeding,

5   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

6   information and documents readily accessible to Mattel from other sources or are

7   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

8   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

9   and unintelligible; (10) seeks documents in violation of the settlement negotiations

10  privilege; (11) seeks production of documents prohibited from disclosure by the

11  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

12  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

13  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

14  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

15  2008 order, regarding service of subpoenas on former counsel, in that the information

16  can be obtained by other means and from elsewhere, the information is not clearly

17  relevant and is privileged, and the information is not crucial to the preparation of the

18  case.

19  **REQUEST FOR PRODUCTION NO. 15**

20      All DOCUMENTS that REFER OR RELATE TO any indemnification that

21  BRYANT or FARHAD LARIAN has sought, proposed, requested or obtained from

22  MGA or that MGA has sought, proposed, requested or obtained from BRYANT or

23  FARHAD LARIAN.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

25      Christensen Glaser incorporates by reference each and every General Objection

26  set forth above as though fully set forth herein.  Christensen Glaser further objects

27  specifically to request for production No. 15 on the following grounds: (1) overly

28  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

EXHIBIT _____
PAGE _____

1  oppressive; (2) seeks information and documents not within Christensen Glaser's

2  possession, custody or control, and/or documents that are in the possessions, custody

3  or control of other parties, including the parties in this action; (3) seeks disclosure of

4  facts and documents protected by or subject to the attorney-client privilege, and/or

5  attorney-work product doctrine or any other applicable privilege or immunity; (4)

6  seeks disclosure of facts and documents that contain sensitive confidential and

7  proprietary business information and/or constitute trade secret information; (5) seeks

8  production of voluminous records without limitations as to time; (6) seeks

9  information that is neither relevant to the subject matter of the pending proceeding,

10  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

11  information and documents readily accessible to Mattel from other sources or are

12  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

13  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

14  and unintelligible; (10) seeks documents in violation of the settlement negotiations

15  privilege; (11) seeks production of documents prohibited from disclosure by the

16  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

17  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

18  and (12) fails to comply with the requirements of Shelton v. American Motors, 805

19  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

20  2008 order, regarding service of subpoenas on former counsel, in that the information

21  can be obtained by other means and from elsewhere, the information is not clearly

22  relevant and is privileged, and the information is not crucial to the preparation of the

23  case.

24  **REQUEST FOR PRODUCTION NO. 16**

25      Any fee or indemnification agreements REFERRING OR RELATING TO this

26  ACTION or any MATTEL claim, including without limitation by or with BRYANT,

27  MGA or FARHAD LARIAN, including but not limited to all drafts thereof and

28  COMMUNICATIONS RELATED thereto.

615616v1

EXHIBIT

PAGE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to request for production No. 16 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information and documents not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of other parties, including the parties in this action; (3) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks production of voluminous records without sufficient limitations as to time; (6) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks documents which violate Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in violation of the settlement negotiations privilege; (11) seeks production of documents prohibited from disclosure by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.

1  **REQUEST FOR PRODUCTION NO. 17**

2     All DOCUMENTS that FARHAD LARIAN showed MATTEL at any time

3  since January 1, 1999, including all such DOCUMENTS that he showed MATTEL in

4  connection with this ACTION, including without limitation each of the following:

5     (a)   The MGA email dated November 16, 2000 that summarizes "last week's

6  meeting" with K-Mart and references BRATZ.

7     (b)   FARHAD LARIAN's email to ISAAC LARIAN dated November 22,

8  2000 mentioning prices for a "Bratz Fashion Pack."

9     (c)   The November 22, 2000 chart describing changes to the Bratz Doll

10  Assortment and Bratz Holiday doll.

11     (d)   FARHAD LARIAN's August 19, 2005 email to Scott Bachrach (at

12  scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and MGA

13  concerning BRATZ, as well associated COMMUNICATIONS.

14     (e)   FARHAD LARIAN's August 22, 2005 email to Colleen O'Higgins

15  asking about BRYANT and BRATZ, as well as associated COMMUNICATIONS.

16     (f)   The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer

17  Maurus regarding BRATZ, including without limitation those relating to actual and/or

18  draft declaration(s) by the foregoing regarding BRATZ.

19     (g)   The December 21, 2000 email from ISAAC LARIAN to Paul Warner,

20  with copies to Dennis Medici and FARHAD LARIAN, that mentions FRU purchases

21  for products including BRATZ.

22     (h)   FARHAD LARIAN's August 1, 2005 email to Victoria O'Connor

23  regarding BRATZ licensees, as well as associated COMMUNICATIONS.

24     (i)   FARHAD LARIAN's August 1, 2005 email chain with employees at

25  dng.com asking about BRATZ, as well as associated COMMUNICATIONS.

26     (j)   The August 7, 2005 email from Mark Fragel responding to questions

27  regarding BRATZ materials shown to Paulette Prim in November 2000.

28

615616v1

24

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

1  (k) FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN that states

2  ISAAC LARIAN had instructed FARHAD LARIAN to withhold original documents

3  that had been located in connection with the Fireman's Fund case and "to tell him [an

4  MGA attorney] we could not find the originals."

5  (1) The document entitled "Analysis of Design, Packaging & Mock-Up

6  Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11, 2000

7  email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

8  (m)  The August 14, 2000 ISAAC LARIAN email to Medici, Warner and

9  FARHAD LARIAN that references cost tracking software used by MATTEL that

10  ISAAC LARIAN says he learned about from interviewing MATTEL employees.

11  (n)  The emails between ISAAC LARIAN and Jahangir Makabi requesting

12  that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr.

13  Makabi's protestation that he never had any such certificates, as well as associated

14  COMMUNICATIONS.

15  (o) The January 31, 2001 email from ISAAC LARIAN to All in Marketing and

16  Product Development, Medici and Didi Brown asserting that he (ISAAC LARIAN)

17  had been purportedly diagnosed with "Alzheimer's" and denying in substance that he

18  ever said anything that cannot be confirmed by a writing.

19  (p) The November 15, 2000 Paula Treantafelles email to FARHAD LARIAN

20  that says MGA will be selling a BRATZ backpack and states that a design for it is

21  attached.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

23  Christensen Glaser incorporates by reference each and every General Objection

24  set forth above as though fully set forth herein.  Christensen Glaser further objects

25  specifically to request for production No. 17 on the following grounds: (1) overly

26  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

27  oppressive; (2) seeks information and documents not within Christensen Glaser's

28  possession, custody or control, and/or documents that are in the possessions, custody

1    or control of other parties, including the parties in this action; (3) seeks disclosure of

2    facts and documents protected by or subject to the attorney-client privilege, and/or

3    attorney-work product doctrine or any other applicable privilege or immunity; (4)

4    seeks disclosure of facts and documents that contain sensitive confidential and

5    proprietary business information and/or constitute trade secret information; (5) seeks

6    production of voluminous records without sufficient limitations as to time; (6) seeks

7    information that is neither relevant to the subject matter of the pending proceeding,

8    nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

9    information and documents readily accessible to Mattel from other sources or are

10   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

11   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

12   and unintelligible; (10) seeks documents in violation of the settlement negotiations

13   privilege; (11) seeks production of documents prohibited from disclosure by the

14   protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

15   Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

16   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

17   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

18   2008 order, regarding service of subpoenas on former counsel, in that the information

19   can be obtained by other means and from elsewhere, the information is not clearly

20   relevant and is privileged, and the information is not crucial to the preparation of the

21   case.

22   **REQUEST FOR PRODUCTION NO. 18**

23       All DOCUMENTS that REFER OR RELATED to any surveillance or

24   recording, including without limitation any tape or video recording, made by or at the

25   direction of YOU or MGA of any officer, director or employee of MATTEL or

26   MATIEL's counsel (excluding recordings made by duly authorized Court reporters of

27   sworn testimony taken in THIS ACTION).

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

2     Christensen Glaser incorporates by reference each and every General Objection

3 set forth above as though fully set forth herein. Christensen Glaser further objects

4 specifically to request for production No. 18 on the following grounds: (1) overly

5 broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

6 oppressive; (2) seeks information and documents not within Christensen Glaser's

7 possession, custody or control, and/or documents that are in the possessions, custody

8 or control of other parties, including the parties in this action; (3) seeks disclosure of

9 facts and documents protected by or subject to the attorney-client privilege, and/or

10 attorney-work product doctrine or any other applicable privilege or immunity; (4)

11 seeks disclosure of facts and documents that contain sensitive confidential and

12 proprietary business information and/or constitute trade secret information; (5) seeks

13 production of voluminous records without limitations as to time; (6) seeks

14 information that is neither relevant to the subject matter of the pending proceeding,

15 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

16 information and documents readily accessible to Mattel from other sources or are

17 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

18 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

19 and unintelligible; (10) seeks documents in violation of the settlement negotiations

20 privilege; (11) seeks production of documents prohibited from disclosure by the

21 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

22 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

23 and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

24 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

25 2008 order, regarding service of subpoenas on former counsel, in that the information

26 can be obtained by other means and from elsewhere, the information is not clearly

27 relevant and is privileged, and the information is not crucial to the preparation of the

28 case.

615616v1

1 **REQUEST FOR PRODUCTION NO. 19**

2     All DOCUMENTS RELATING TO the payment, offering or promising of

3 money or anything of value by MGA and/or YOU to any PERSON who was at the

4 time employed by or worked for MAT'1EL.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

6     Christensen Glaser incorporates by reference each and every General Objection

7 set forth above as though fully set forth herein. Christensen Glaser further objects

8 specifically to request for production No. 19 on the following grounds: (1) overly

9 broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

10 oppressive; (2) seeks information and documents not within Christensen Glaser's

11 possession, custody or control, and/or documents that are in the possessions, custody

12 or control of other parties, including the parties in this action; (3) seeks disclosure of

13 facts and documents protected by or subject to the attorney-client privilege, and/or

14 attorney-work product doctrine or any other applicable privilege or immunity; (4)

15 seeks disclosure of facts and documents that contain sensitive confidential and

16 proprietary business information and/or constitute trade secret information; (5) seeks

17 production of voluminous records without limitations as to time; (6) seeks

18 information that is neither relevant to the subject matter of the pending proceeding,

19 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

20 information and documents readily accessible to Mattel from other sources or are

21 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

22 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

23 and unintelligible; (10) seeks documents in violation of the settlement negotiations

24 privilege; (11) seeks production of documents prohibited from disclosure by the

25 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

26 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

27 and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

28 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

615616v1

EXHIBIT ____

PAGE ____

1  2008 order, regarding service of subpoenas on former counsel, in that the information

2  can be obtained by other means and from elsewhere, the information is not clearly

3  relevant and is privileged, and the information is not crucial to the preparation of the

4  case.

5  **REQUEST FOR PRODUCTION NO. 20**

6      All DOCUMENTS RELATING TO the payment, offering or promising of

7  money or anything of value by MGA to FARHAD LARIAN (excluding any gifts

8  with a value of less than $500) at any time since January 1, 1999.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

10     Christensen Glaser incorporates by reference each and every General Objection

11 set forth above as though fully set forth herein. Christensen Glaser further objects

12 specifically to request for production No. 20 on the following grounds: (1) overly

13 broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

14 oppressive; (2) seeks information and documents not within Christensen Glaser's

15 possession, custody or control, and/or documents that are in the possessions, custody

16 or control of other parties, including the parties in this action; (3) seeks disclosure of

17 facts and documents protected by or subject to the attorney-client privilege, and/or

18 attorney-work product doctrine or any other applicable privilege or immunity; (4)

19 seeks disclosure of facts and documents that contain sensitive confidential and

20 proprietary business information and/or constitute trade secret information; (5) seeks

21 production of voluminous records without sufficient limitations as to time; (6) seeks

22 information that is neither relevant to the subject matter of the pending proceeding,

23 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

24 information and documents readily accessible to Mattel from other sources or are

25 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

26 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

27 and unintelligible; (10) seeks documents in violation of the settlement negotiations

28 privilege; (11) seeks production of documents prohibited from disclosure by the

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

615616v1

29

EXHIBIT _____

PAGE _____

1   protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

2   Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

3   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

4   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

5   2008 order, regarding service of subpoenas on former counsel, in that the information

6   can be obtained by other means and from elsewhere, the information is not clearly

7   relevant and is privileged, and the information is not crucial to the preparation of the

8   case.

9   **REQUEST FOR PRODUCTION NO. 21**

10      All DOCUMENTS REFERRING OR RELATING TO the destruction or loss

11   of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

13      Christensen Glaser incorporates by reference each and every General Objection

14   set forth above as though fully set forth herein.  Christensen Glaser further objects

15   specifically to request for production No. 21 on the following grounds: (1) overly

16   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

17   oppressive; (2) seeks information and documents not within Christensen Glaser's

18   possession, custody or control, and/or documents that are in the possessions, custody

19   or control of other parties, including the parties in this action; (3) seeks disclosure of

20   facts and documents protected by or subject to the attorney-client privilege, and/or

21   attorney-work product doctrine or any other applicable privilege or immunity; (4)

22   seeks disclosure of facts and documents that contain sensitive confidential and

23   proprietary business information and/or constitute trade secret information; (5) seeks

24   production of voluminous records without limitations as to time; (6) seeks

25   information that is neither relevant to the subject matter of the pending proceeding,

26   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

27   information and documents readily accessible to Mattel from other sources or are

28   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT ___
PAGE ___

1   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

2   and unintelligible; (10) seeks documents in violation of the settlement negotiations

3   privilege; (11) seeks production of documents prohibited from disclosure by the

4   protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

5   Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

6   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

7   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

8   2008 order, regarding service of subpoenas on former counsel, in that the information

9   can be obtained by other means and from elsewhere, the information is not clearly

10  relevant and is privileged, and the information is not crucial to the preparation of the

11  case.

12  **REQUEST FOR PRODUCTION NO. 22**

13       Any instruction or COMMUNICATION from any PERSON, including without

14  limitation BRYANT, MGA or FARHAD LARIAN, with respect to the retention,

15  preservation, collection, search, transmittal, transfer or destruction of any

16  DOCUMENT sought by or the subject of Request Nos. 1 through 20.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

18       Christensen Glaser incorporates by reference each and every General Objection

19  set forth above as though fully set forth herein.  Christensen Glaser further objects

20  specifically to request for production No. 22 on the following grounds: (1) overly

21  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

22  oppressive; (2) seeks information and documents not within Christensen Glaser's

23  possession, custody or control, and/or documents that are in the possessions, custody

24  or control of other parties, including the parties in this action; (3) seeks disclosure of

25  facts and documents protected by or subject to the attorney-client privilege, and/or

26  attorney-work product doctrine or any other applicable privilege or immunity; (4)

27  seeks disclosure of facts and documents that contain sensitive confidential and

28  proprietary business information and/or constitute trade secret information; (5) seeks

EXHIBIT _____ 615616v1 |4

PAGE _____ 246

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 production of voluminous records without limitations as to time; (6) seeks

2 information that is neither relevant to the subject matter of the pending proceeding,

3 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

4 information and documents readily accessible to Mattel from other sources or are

5 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

6 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

7 and unintelligible; (10) seeks documents in violation of the settlement negotiations

8 privilege; (11) seeks production of documents prohibited from disclosure by the

9 protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

10 Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

11 and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

12 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

13 2008 order, regarding service of subpoenas on former counsel, in that the information

14 can be obtained by other means and from elsewhere, the information is not clearly

15 relevant and is privileged, and the information is not crucial to the preparation of the

16 case.

17 **OBJECTIONS TO DEPOSITION TOPICS**

18 **TOPIC NO. 1**

19     Any contract or agreement between MGA and. BRYANT, amendments

20 thereto, drafts thereof, and COMMUNICATIONS related thereto.

21 **RESPONSE TO TOPIC NO. 1**

22     Christensen Glaser incorporates by reference each and every General Objection

23 set forth above as though fully set forth herein. Christensen Glaser further objects

24 specifically to Topic No. 1 on the following grounds: (1) overly broad, duplicative,

25 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

26 information not within Christensen Glaser's possession, custody or control, and/or

27 documents that are in the possessions, custody or control of third parties; (3) seeks

28 disclosure of facts protected by or subject to the attorney-client privilege, and/or

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT

PAGE

1  attorney-work product doctrine or any other applicable privilege or immunity; (4)

2  seeks disclosure of facts that contain sensitive confidential and proprietary business

3  information and/or constitute trade secret information; (5) seeks information that is

4  neither relevant to the subject matter of the pending proceeding, nor reasonably

5  calculated to lead to the discovery of admissible evidence; (6) seeks information

6  readily accessible to Mattel from other sources or are otherwise publicly available; (8)

7  seeks information which violates Christensen Glaser's right to privacy and/or the

8  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

9  information in violation of the settlement negotiations privilege; (11) fails to comply

10 with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

11 and Judge Infante's prior orders, including his January 9, 2008 order, regarding

12 service of subpoenas on former counsel, in that the information can be obtained by

13 other means and from elsewhere, the information is not clearly relevant and is

14 privileged, and the information is not crucial to the preparation of the case.; and (12)

15 exceeds the number of allowable depositions as ordered by Judge Larson on January

16 7, 2008.

17 **TOPIC NO. 2**

18      Any proposed, requested or offered contracts or agreements between MGA or

19 ISAAC LARIAN, on one hand, and BRYANT, on the other hand; drafts thereof; and

20 COMMUNICATIONS related thereto.

21 **RESPONSE TO TOPIC NO. 2**

22      Christensen Glaser incorporates by reference each and every General Objection

23 set forth above as though fully set forth herein.  Christensen Glaser further objects

24 specifically to Topic No. 2 on the following grounds: (1) overly broad, duplicative,

25 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

26 information not within Christensen Glaser's possession, custody or control, and/or

27 documents that are in the possessions, custody or control of third parties; (3) seeks

28 disclosure of facts protected by or subject to the attorney-client privilege, and/or

615616v1

33

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

EXHIBIT

PAGE

1  attorney-work product doctrine or any other applicable privilege or immunity; (4)
2  seeks disclosure of facts that contain sensitive confidential and proprietary business
3  information and/or constitute trade secret information; (5) seeks information that is
4  neither relevant to the subject matter of the pending proceeding, nor reasonably
5  calculated to lead to the discovery of admissible evidence; (6) seeks information
6  readily accessible to Mattel from other sources or are otherwise publicly available; (8)
7  seeks information which violates Christensen Glaser's right to privacy and/or the
8  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks
9  information in violation of the settlement negotiations privilege; (11) fails to comply
10  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)
11  and Judge Infante's prior orders, including his January 9, 2008 order, regarding
12  service of subpoenas on former counsel, in that the information can be obtained by
13  other means and from elsewhere, the information is not clearly relevant and is
14  privileged, and the information is not crucial to the preparation of the case.; and (12)
15  exceeds the number of allowable depositions as ordered by Judge Larson on January
16  7, 2008.

17  **TOPIC NO. 3**

18      The origins, reduction to practice, conception, creation or development, or the
19  timing of conception, creation, development or reduction to practice of BRATZ and
20  BRATZ WORK and COMMUNICATIONS related thereto.

21  **RESPONSE TO TOPIC NO. 3**

22      Christensen Glaser incorporates by reference each and every General Objection
23  set forth above as though fully set forth herein.  Christensen Glaser further objects
24  specifically to Topic No. 3 on the following grounds: (1) overly broad, duplicative,
25  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks
26  information not within Christensen Glaser's possession, custody or control, and/or
27  documents that are in the possessions, custody or control of third parties; (3) seeks
28  disclosure of facts protected by or subject to the attorney-client privilege, and/or

615616v1

34

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

EXHIBIT ___ 14

PAGE 269

1 attorney-work product doctrine or any other applicable privilege or immunity; (4)
2 seeks disclosure of facts that contain sensitive confidential and proprietary business
3 information and/or constitute trade secret information; (5) seeks information that is
4 neither relevant to the subject matter of the pending proceeding, nor reasonably
5 calculated to lead to the discovery of admissible evidence; (6) seeks information
6 readily accessible to Mattel from other sources or are otherwise publicly available; (8)
7 seeks information which violates Christensen Glaser's right to privacy and/or the
8 right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks
9 information in violation of the settlement negotiations privilege; (11) fails to comply
10 with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)
11 and Judge Infante's prior orders, including his January 9, 2008 order, regarding
12 service of subpoenas on former counsel, in that the information can be obtained by
13 other means and from elsewhere, the information is not clearly relevant and is
14 privileged, and the information is not crucial to the preparation of the case.; and (12)
15 exceeds the number of allowable depositions as ordered by Judge Larson on January
16 7, 2008.

17 **TOPIC NO. 4**

18     Opinion letters provided, transmitted or otherwise shared with MGA prior to
19 April 27, 2004 REFERRING OR RELATING TO BRYANT, the origins, reduction to
20 practice, conception or creation of BRATZ or any BRATZ WORK or the ownership
21 of any right, title or interest in or to BRATZ or any BRATZ WORK.

22 **RESPONSE TO TOPIC NO. 4**

23     Christensen Glaser incorporates by reference each and every General Objection
24 set forth above as though fully set forth herein.  Christensen Glaser further objects
25 specifically to Topic No. 4 on the following grounds: (1) overly broad, duplicative,
26 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks
27 information not within Christensen Glaser's possession, custody or control, and/or
28 documents that are in the possessions, custody or control of third parties; (3) seeks

EXHIBIT

PAGE

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  disclosure of facts protected by or subject to the attorney-client privilege, and/or

2  attorney-work product doctrine or any other applicable privilege or immunity; (4)

3  seeks disclosure of facts that contain sensitive confidential and proprietary business

4  information and/or constitute trade secret information; (5) seeks information that is

5  neither relevant to the subject matter of the pending proceeding, nor reasonably

6  calculated to lead to the discovery of admissible evidence; (6) seeks information

7  readily accessible to Mattel from other sources or are otherwise publicly available; (8)

8  seeks information which violates Christensen Glaser's right to privacy and/or the

9  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

10  information in violation of the settlement negotiations privilege; (11) fails to comply

11  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

12  and Judge Infante's prior orders, including his January 9, 2008 order, regarding

13  service of subpoenas on former counsel, in that the information can be obtained by

14  other means and from elsewhere, the information is not clearly relevant and is

15  privileged, and the information is not crucial to the preparation of the case.; and (12)

16  exceeds the number of allowable depositions as ordered by Judge Larson on January

17  7, 2008.

18  **TOPIC NO. 5**

19      Contracts or agreements between MATTEL and any PERSON other than

20  BRYANT that REFERS OR RELATES TO the ownership, or putative or potential

21  ownership, of inventions, designs, works or ideas that you received, reviewed or

22  transmitted prior to April 27, 2004.

23  **RESPONSE TO TOPIC NO. 5**

24      Christensen Glaser incorporates by reference each and every General Objection

25  set forth above as though fully set forth herein.  Christensen Glaser further objects

26  specifically to Topic No. 5 on the following grounds: (1) overly broad, duplicative,

27  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

28  information not within Christensen Glaser's possession, custody or control, and/or

1  documents that are in the possessions, custody or control of third parties; (3) seeks
2  disclosure of facts protected by or subject to the attorney-client privilege, and/or
3  attorney-work product doctrine or any other applicable privilege or immunity; (4)
4  seeks disclosure of facts that contain sensitive confidential and proprietary business
5  information and/or constitute trade secret information; (5) seeks information that is
6  neither relevant to the subject matter of the pending proceeding, nor reasonably
7  calculated to lead to the discovery of admissible evidence; (6) seeks information
8  readily accessible to Mattel from other sources or are otherwise publicly available; (8)
9  seeks information which violates Christensen Glaser's right to privacy and/or the
10 right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks
11 information in violation of the settlement negotiations privilege; (11) fails to comply
12 with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)
13 and Judge Infante's prior orders, including his January 9, 2008 order, regarding
14 service of subpoenas on former counsel, in that the information can be obtained by
15 other means and from elsewhere, the information is not clearly relevant and is
16 privileged, and the information is not crucial to the preparation of the case.; and (12)
17 exceeds the number of allowable depositions as ordered by Judge Larson on January
18 7, 2008.

19 **TOPIC NO. 6**

20      Opinion letters or other DOCUMENTS that REFER OR RELATE TO the
21 ownership, or putative or potential, ownership of inventions, designs, works or ideas
22 created, made, conceived or reduced to practice by BRYANT while employed by
23 MATTEL.

24

25 **RESPONSE TO TOPIC NO. 6**

26      Christensen Glaser incorporates by reference each and every General Objection
27 set forth above as though fully set forth herein.  Christensen Glaser further objects
28 specifically to Topic No. 6 on the following grounds: (1) overly broad, duplicative,

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT
PAGE

1  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

2  information not within Christensen Glaser's possession, custody or control, and/or

3  documents that are in the possessions, custody or control of third parties; (3) seeks

4  disclosure of facts protected by or subject to the attorney-client privilege, and/or

5  attorney-work product doctrine or any other applicable privilege or immunity; (4)

6  seeks disclosure of facts that contain sensitive confidential and proprietary business

7  information and/or constitute trade secret information; (5) seeks information that is

8  neither relevant to the subject matter of the pending proceeding, nor reasonably

9  calculated to lead to the discovery of admissible evidence; (6) seeks information

10  readily accessible to Mattel from other sources or are otherwise publicly available; (8)

11  seeks information which violates Christensen Glaser's right to privacy and/or the

12  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

13  information in violation of the settlement negotiations privilege; (11) fails to comply

14  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

15  and Judge Infante's prior orders, including his January 9, 2008 order, regarding

16  service of subpoenas on former counsel, in that the information can be obtained by

17  other means and from elsewhere, the information is not clearly relevant and is

18  privileged, and the information is not crucial to the preparation of the case.; and (12)

19  exceeds the number of allowable depositions as ordered by Judge Larson on January

20  7, 2008.

21  **TOPIC NO. 7**

22      The ownership, or putative or potential ownership, of inventions, designs,

23  works or ideas created, conceived or reduced to practice by BRYANT while he was

24  employed by MATTEL.

25  **RESPONSE TO TOPIC NO. 7**

26      Christensen Glaser incorporates by reference each and every General Objection

27  set forth above as though fully set forth herein.  Christensen Glaser further objects

28  specifically to Topic No. 7 on the following grounds: (1) overly broad, duplicative,

EXHIBIT ____ 14
PAGE ____ 213

1  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

2  information not within Christensen Glaser's possession, custody or control, and/or

3  documents that are in the possessions, custody or control of third parties; (3) seeks

4  disclosure of facts protected by or subject to the attorney-client privilege, and/or

5  attorney-work product doctrine or any other applicable privilege or immunity; (4)

6  seeks disclosure of facts that contain sensitive confidential and proprietary business

7  information and/or constitute trade secret information; (5) seeks information that is

8  neither relevant to the subject matter of the pending proceeding, nor reasonably

9  calculated to lead to the discovery of admissible evidence; (6) seeks information

10 readily accessible to Mattel from other sources or are otherwise publicly available; (8)

11 seeks information which violates Christensen Glaser's right to privacy and/or the

12 right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

13 information in violation of the settlement negotiations privilege; (11) fails to comply

14 with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

15 and Judge Infante's prior orders, including his January 9, 2008 order, regarding

16 service of subpoenas on former counsel, in that the information can be obtained by

17 other means and from elsewhere, the information is not clearly relevant and is

18 privileged, and the information is not crucial to the preparation of the case.; and (12)

19 exceeds the number of allowable depositions as ordered by Judge Larson on January

20 7, 2008.

21 **TOPIC NO. 8**

22     The DOCUMENTS that FARHAD LARIAN showed to MATTEL.

23 **RESPONSE TO TOPIC NO. 8**

24     Christensen Glaser incorporates by reference each and every General Objection

25 set forth above as though fully set forth herein.  Christensen Glaser further objects

26 specifically to Topic No. 8 on the following grounds: (1) overly broad, duplicative,

27 unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

28 information not within Christensen Glaser's possession, custody or control, and/or

RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

EXHIBIT ___14___

PAGE ___274___

615616v1

1  documents that are in the possessions, custody or control of third parties; (3) seeks

2  disclosure of facts protected by or subject to the attorney-client privilege, and/or

3  attorney-work product doctrine or any other applicable privilege or immunity; (4)

4  seeks disclosure of facts that contain sensitive confidential and proprietary business

5  information and/or constitute trade secret information; (5) seeks information that is

6  neither relevant to the subject matter of the pending proceeding, nor reasonably

7  calculated to lead to the discovery of admissible evidence; (6) seeks information

8  readily accessible to Mattel from other sources or are otherwise publicly available; (8)

9  seeks information which violates Christensen Glaser's right to privacy and/or the

10  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

11  information in violation of the settlement negotiations privilege; (11) fails to comply

12  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

13  and Judge Infante's prior orders, including his January 9, 2008 order, regarding

14  service of subpoenas on former counsel, in that the information can be obtained by

15  other means and from elsewhere, the information is not clearly relevant and is

16  privileged, and the information is not crucial to the preparation of the case.; and (12)

17  exceeds the number of allowable depositions as ordered by Judge Larson on January

18  7, 2008.

19  **TOPIC NO. 9**

20      COMMUNICATIONS between MGA OR YOU, on the one hand, and any

21  MATTEL employee.

22  **RESPONSE TO TOPIC NO. 9**

23      Christensen Glaser incorporates by reference each and every General Objection

24  set forth above as though fully set forth herein.  Christensen Glaser further objects

25  specifically to Topic No. 9 on the following grounds: (1) overly broad, duplicative,

26  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

27  information not within Christensen Glaser's possession, custody or control, and/or

28  documents that are in the possessions, custody or control of third parties; (3) seeks

EXHIBIT _____ 615616v1

PAGE _____

1  disclosure of facts protected by or subject to the attorney-client privilege, and/or

2  attorney-work product doctrine or any other applicable privilege or immunity; (4)

3  seeks disclosure of facts that contain sensitive confidential and proprietary business

4  information and/or constitute trade secret information; (5) seeks information that is

5  neither relevant to the subject matter of the pending proceeding, nor reasonably

6  calculated to lead to the discovery of admissible evidence; (6) seeks information

7  readily accessible to Mattel from other sources or are otherwise publicly available; (8)

8  seeks information which violates Christensen Glaser's right to privacy and/or the

9  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

10  information in violation of the settlement negotiations privilege; (11) fails to comply

11  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

12  and Judge Infante's prior orders, including his January 9, 2008 order, regarding

13  service of subpoenas on former counsel, in that the information can be obtained by

14  other means and from elsewhere, the information is not clearly relevant and is

15  privileged, and the information is not crucial to the preparation of the case.; and (12)

16  exceeds the number of allowable depositions as ordered by Judge Larson on January

17  7, 2008.

18  **TOPIC NO. 10**

19      Any surveillance or recording, including without limitation any tape or video

20  recording, made by or at the direction of YOU or MGA of any officer, director or

21  employee of MATTEL or MATTEL's counsel (excluding recordings made by duly

22  authorized Court reporters of sworn testimony taken in THIS ACTION).

23  **RESPONSE TO TOPIC NO. 10**

24      Christensen Glaser incorporates by reference each and every General Objection

25  set forth above as though fully set forth herein. Christensen Glaser further objects

26  specifically to Topic No. 10 on the following grounds: (1) overly broad, duplicative,

27  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

28  information not within Christensen Glaser's possession, custody or control, and/or

1   documents that are in the possessions, custody or control of third parties; (3) seeks

2   disclosure of facts protected by or subject to the attorney-client privilege, and/or

3   attorney-work product doctrine or any other applicable privilege or immunity; (4)

4   seeks disclosure of facts that contain sensitive confidential and proprietary business

5   information and/or constitute trade secret information; (5) seeks information that is

6   neither relevant to the subject matter of the pending proceeding, nor reasonably

7   calculated to lead to the discovery of admissible evidence; (6) seeks information

8   readily accessible to Mattel from other sources or are otherwise publicly available; (8)

9   seeks information which violates Christensen Glaser's right to privacy and/or the

10  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

11  information in violation of the settlement negotiations privilege; (11) fails to comply

12  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

13  and Judge Infante's prior orders, including his January 9, 2008 order, regarding

14  service of subpoenas on former counsel, in that the information can be obtained by

15  other means and from elsewhere, the information is not clearly relevant and is

16  privileged, and the information is not crucial to the preparation of the case.; and (12)

17  exceeds the number of allowable depositions as ordered by Judge Larson on January

18  7, 2008.

19  **REQUEST FOR PRODUCTION NO. 11**

20          COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ,

21  any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or

22  from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or

23  Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse

24  Ramirez, Anna Rhee, Ana Cabrera, Beatriz Morales and/or Maria Salazar.

25  **RESPONSE TO TOPIC NO. 11**

26          Christensen Glaser incorporates by reference each and every General Objection

27  set forth above as though fully set forth herein.  Christensen Glaser further objects

28  specifically to Topic No. 11 on the following grounds: (1) overly broad, duplicative,

1   unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

2   information not within Christensen Glaser's possession, custody or control, and/or

3   documents that are in the possessions, custody or control of third parties; (3) seeks

4   disclosure of facts protected by or subject to the attorney-client privilege, and/or

5   attorney-work product doctrine or any other applicable privilege or immunity; (4)

6   seeks disclosure of facts that contain sensitive confidential and proprietary business

7   information and/or constitute trade secret information; (5) seeks information that is

8   neither relevant to the subject matter of the pending proceeding, nor reasonably

9   calculated to lead to the discovery of admissible evidence; (6) seeks information

10   readily accessible to Mattel from other sources or are otherwise publicly available; (8)

11   seeks information which violates Christensen Glaser's right to privacy and/or the

12   right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

13   information in violation of the settlement negotiations privilege; (11) fails to comply

14   with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

15   and Judge Infante's prior orders, including his January 9, 2008 order, regarding

16   service of subpoenas on former counsel, in that the information can be obtained by

17   other means and from elsewhere, the information is not clearly relevant and is

18   privileged, and the information is not crucial to the preparation of the case.; and (12)

19   exceeds the number of allowable depositions as ordered by Judge Larson on January

20   7, 2008.

21   **TOPIC NO. 12**

22        Any fee or indemnification agreements REFERRING OR RELATING TO this

23   ACTION or any MATTEL claim.

24   **RESPONSE TO TOPIC NO. 12**

25        Christensen Glaser incorporates by reference each and every General Objection

26   set forth above as though fully set forth herein. Christensen Glaser further objects

27   specifically to Topic No. 12 on the following grounds: (1) overly broad, duplicative,

28   unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

1   information not within Christensen Glaser's possession, custody or control, and/or
2   documents that are in the possessions, custody or control of third parties; (3) seeks
3   disclosure of facts protected by or subject to the attorney-client privilege, and/or
4   attorney-work product doctrine or any other applicable privilege or immunity; (4)
5   seeks disclosure of facts that contain sensitive confidential and proprietary business
6   information and/or constitute trade secret information; (5) seeks information that is
7   neither relevant to the subject matter of the pending proceeding, nor reasonably
8   calculated to lead to the discovery of admissible evidence; (6) seeks information
9   readily accessible to Mattel from other sources or are otherwise publicly available; (8)
10  seeks information which violates Christensen Glaser's right to privacy and/or the
11  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks
12  information in violation of the settlement negotiations privilege; (11) fails to comply
13  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)
14  and Judge Infante's prior orders, including his January 9, 2008 order, regarding
15  service of subpoenas on former counsel, in that the information can be obtained by
16  other means and from elsewhere, the information is not clearly relevant and is
17  privileged, and the information is not crucial to the preparation of the case.; and (12)
18  exceeds the number of allowable depositions as ordered by Judge Larson on January
19  7, 2008.

20  **TOPIC NO. 13**

21       The DOCUMENT that Victoria O'Connor of MGA testified she sent YOU in
22  2000 and including without limitation any iteration, version or draft thereof, and all
23  COMMUNICATIONS with BRYANT relating thereto.

24  **RESPONSE TO TOPIC NO. 13**

25       Christensen Glaser incorporates by reference each and every General Objection
26  set forth above as though fully set forth herein.  Christensen Glaser further objects
27  specifically to Topic No. 13 on the following grounds: (1) overly broad, duplicative,
28  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

1  information not within Christensen Glaser's possession, custody or control, and/or

2  documents that are in the possessions, custody or control of third parties; (3) seeks

3  disclosure of facts protected by or subject to the attorney-client privilege, and/or

4  attorney-work product doctrine or any other applicable privilege or immunity; (4)

5  seeks disclosure of facts that contain sensitive confidential and proprietary business

6  information and/or constitute trade secret information; (5) seeks information that is

7  neither relevant to the subject matter of the pending proceeding, nor reasonably

8  calculated to lead to the discovery of admissible evidence; (6) seeks information

9  readily accessible to Mattel from other sources or are otherwise publicly available; (8)

10  seeks information which violates Christensen Glaser's right to privacy and/or the

11  right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks

12  information in violation of the settlement negotiations privilege; and (11) fails to

13  comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir.

14  1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding

15  service of subpoenas on former counsel, in that the information can be obtained by

16  other means and from elsewhere, the information is not clearly relevant and is

17  privileged, and the information is not crucial to the preparation of the case.

18  **TOPIC NO. 14**

19       Any investigation, analysis, due diligence or research that YOU conducted,

20  were asked to conduct, was conducted under your supervision or at YOUR request

21  that REFERS OR RELATES TO BRYANT; MATTEL; the origins, reduction to

22  practice, conception or creation of BRATZ or any BRATZ WORK; or the ownership

23  of any right, title or interest in or to BRATZ or any BRATZ WORK.

24  **RESPONSE TO TOPIC NO. 14**

25       Christensen Glaser incorporates by reference each and every General Objection

26  set forth above as though fully set forth herein.  Christensen Glaser further objects

27  specifically to Topic No. 14 on the following grounds: (1) overly broad, duplicative,

28  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 information not within Christensen Glaser's possession, custody or control, and/or
2 documents that are in the possessions, custody or control of third parties; (3) seeks
3 disclosure of facts protected by or subject to the attorney-client privilege, and/or
4 attorney-work product doctrine or any other applicable privilege or immunity; (4)
5 seeks disclosure of facts that contain sensitive confidential and proprietary business
6 information and/or constitute trade secret information; (5) seeks information that is
7 neither relevant to the subject matter of the pending proceeding, nor reasonably
8 calculated to lead to the discovery of admissible evidence; (6) seeks information
9 readily accessible to Mattel from other sources or are otherwise publicly available; (8)
10 seeks information which violates Christensen Glaser's right to privacy and/or the
11 right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks
12 information in violation of the settlement negotiations privilege; (11) fails to comply
13 with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)
14 and Judge Infante's prior orders, including his January 9, 2008 order, regarding
15 service of subpoenas on former counsel, in that the information can be obtained by
16 other means and from elsewhere, the information is not clearly relevant and is
17 privileged, and the information is not crucial to the preparation of the case.; and (12)
18 exceeds the number of allowable depositions as ordered by Judge Larson on January
19 7, 2008.

20

21 Dated:  January 28, 2008

Patricia Glaser
22 Alisa Morgenthaler Lever
Scott E. Gizer
23 CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

24

By:
25 Scott E. Gizer
Attorneys for Non-Party Christensen, Glaser,
26 Fink, Jacobs, Weil & Shapiro, LLP

27

28

615616v1

EXHIBIT ___
PAGE ___

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On January 28, 2008, I served the foregoing document(s) described as: **RESPONSE AND OBJECTIONS TO SUBPOENA SERVED ON NON-PARTY CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

☒     (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐     (BY E-MAIL) I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

Executed this 28th day of January, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ADELE JOHNSON-DAVIS

605587-1

EXHIBIT 14
PAGE 282

SERVICE LIST

Jose Allen, Esq.
Amy Park, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
Four Embarcadero center
Suite 3800
San Francisco, California 94111


John B. Quinn, Esq.
Michael T. Zeller, Esq.
Juan Pablo Alban, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
QUINN EMANUEL URQUHARD
  OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Fax No.: (213) 443-3100

EXHIBIT 14
PAGE 283

# EXHIBIT 15

01-24-08   03:47pm   From-CHRISTENSEN GLASER                310-556-2920          T-460   P.001/003   F-148

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
῁Γ MERITAS LAW FIRMS WORLDWIDE

**FAX TRANSMISSION**

TELEPHONE NO.: (310) 553-3000
FACSIMILE NO.:  (310) 556-2920

FROM:   **Scott Gizer**

Number of Pages:
(Including this page)

DATE:   **January 24, 2008**

Client Reference No.:

| TO: | FAX NO.: | CONFIRMATION NO: |
|-----|----------|------------------|
| Christopher Price | (213) 443-3100 | |
| Jose R. Allen | (888) 329-1260 | |
| Amy Park | (888) 329-6334 | |
| Thomas Nolan | (213) 621-5250 | |

**Sender's Comments:**

**If you have received this Transmission in error, please call:  (310) 553-3000 and mail it to the above address.  Thank you.**

NOTE:  THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.  THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL.  THANK YOU.

EXHIBIT ___15___

PAGE ___284___

01-24-08   03:47pm   From-CHRISTENSEN GLASER                310-556-2820         T-460   P.002/003   F-148

LAW OFFICES

## CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 558-7852
EMAIL: SGIZER@CHRISGLASE.COM

January 24, 2008

Ⱳ MERITAS LAW FIRMS WORLDWIDE

### VIA FACSIMILE AND U.S. MAIL

Christopher E. Price, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

> Re:   Subpoena to Non-Party Christensen, Glaser, Fink, Jacobs, Weil & Shapiro
> Carter Bryant v. Mattel, Inc. (and consolidated cases)
> Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Price:

As a follow-up to our conversation of January 23, 2008, we have reviewed Mattel's Subpoena to Christensen Glaser as well as Judge Larson's Order in regards to Mattel's motion for leave to take additional depositions. The subpoena is improper insofar as it is, among other things, overbroad, harassing, and seeks documents that are privileged or publicly available. For these reasons, we will be asserting objections to it.

Further, contrary to your assertion, Judge Larson's order does not authorize the scope of the subpoena served on Christensen Glaser. Judge Larson only allowed Mattel to notice a deposition of Christensen Glaser on the limited subject matter contained in Topic 13 without violating the limitation imposed on discovery in this action. Accordingly, all topics other than Topic 13, violate Judge Larson's order.

With respect to Topic 13, Judge Larson's order does not address whether a subpoena on this topic would be proper, just that the deposition limit would not apply to it. As phrased, Topic 13 seeks exclusively attorney-client communications. Victoria O'Connor was an employee of MGA at the time, and as such, all communications with between her and Christensen Glaser are privileged. Thus, it is unclear what information can be obtained through this deposition without violating the attorney-client privilege.

Regarding the document requests to Christensen Glaser, as you know, Judge Infante has expressed his opinion time and time again about the restrictions on subpoenaing former counsel. Specifically, as to Mattel's subpoena to Littler Mendelson (Bryant's former counsel), on January 3, 2008 Judge Infante stated that he agreed that "Courts should be very careful and very cautious in allowing parties to depose [or subpoena] opposing parties' lawyers, even former lawyers."

615697

EXHIBIT ____15____

PAGE ____295____

Christopher E. Price, Esq.
January 24, 2008
Page 2

Referring to *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986), which Mattel's subpoena must comply with, Judge Infante stated (1) that he "agree[d] with the principles of *Shelton* that there should be essentially no other means to obtain the information from elsewhere [in order to serve subpoenas on former counsel];" (2) "that the information must be clearly relevant and not privileged;" and (3) "that the information should be crucial to the preparation of the case." Judge Infante reiterated his opinion again on January 16, 2008 regarding Mattel's subpoena to Kaye Scholer for documents from Larian v. Larian.

Nonetheless, Mattel continues to ignore Judge Infante's opinions and warnings as evidenced by the improper subpoena served on Christensen Glaser. Mattel served a horribly overbroad subpoena that is not tailored in anyway to the principles expressed by Judge Infante and the Court in *Shelton*. The information requested through the document requests, and the deposition topics, can be obtained through MGA or public resources, and to the extent it cannot be obtained from MGA or public resources, the information is privileged. In short, all of the documents Mattel has requested from Christensen Glaser fall into three categories: (1) documents that are publicly available such as pleadings; (2) documents that Christensen Glaser received from MGA, which Mattel can also get from MGA; and (3) documents created by Christensen Glaser, which are protected by the attorney-client and attorney-work product privileges. Therefore, the subpoena served on Christensen Glaser is clearly improper.

We will be serving Christensen Glaser's written objections to Mattel's subpoena pursuant to the FRCP. If you wish to meet and confer with us about any portion of Mattel's subpoena, we are willing to discuss it with you.

Very truly yours,

Scott E. Gizer
for CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

SEG

cc:   Patricia Glaser
      Alisa Morgenthaler Lever
      Thomas Nolan
      Amy Park
      Jose Allen

EXHIBIT ____15____

PAGE ____286____

# EXHIBIT 16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                            Theresa Lanza
          Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR CARTER           ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                           John Quinn
                                       Jon D. Corey

                                       ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:             GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                    Initials of Deputy Clerk __jh_
CIVIL -- GEN                                        Time: 1/45
                              1

EXHIBIT ____16____

PAGE ____281____

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS**
**(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1) The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2) The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT  16
PAGE  288

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

EXHIBIT ____ 16
PAGE ____ 269

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

16
290

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT      16
PAGE         291

## NOTICE PARTY SERVICE LIST

Case No.   CV 04-09049 SGL(RNBx)   Case Title   Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |
| Clerk of Court | |

| | |
|---|---|
| Death Penalty H/C (Law Clerks) | ✓   **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
| Dep In Chg E Div | |
| Dep In Chg So Div | Name: Ambassador Pierre-Richard Prosper |
| Federal Public Defender | Firm: |
| Fiscal Section | Address (include suite or floor): P.O. Box 581103 |
| Intake Section, Criminal LA | Salt Lake City, UT  84158 |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | *E-mail: Prosper.Pierre@Arentfox.com |
| PIA Clerk - Los Angeles (PIALA) | *Fax No.: |
| PIA Clerk - Riverside (PIAED) | * For CIVIL cases only |
| PIA Clerk - Santa Ana (PIASA) | ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |

Initials of Deputy Clerk jh

| |
|---|
| Statistics Clerk |

G-75  (03/07)                         NOTICE PARTY SERVICE LIST

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)    **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(include suite or floor):* Two Embarcadero

Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

293

# EXHIBIT 17

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>NEW YORK<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td><td>LOS ANGELES<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td><td>SAN FRANCISCO<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td></tr>
<tr><td>TOKYO<br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, Tokyo 107-0052, Japan<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712</td><td></td><td>SILICON VALLEY<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td></tr>
</table>

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 27, 2008                **NUMBER OF PAGES, INCLUDING COVER: 8**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alisa Morgenthaler-Lever<br>Christensen Glaser Kink Jacobs Weil & Shapiro | (310) 248-3830 | (310) 860-0363 |

**FROM:**   Christopher E. Price

**RE:**   Mattel v. MGA Entertainment

**MESSAGE:**

FEB 2 7 2008

---

07209/2416602.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Kelly Velazquez | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

PAGE

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 27, 2008

**VIA FACSIMILE AND U.S. MAIL**

Alisa Morgenthaler-Lever, Esq.
Scott E. Gizer, Esq.
Christensen Glaser Kink Jacobs Weil &
Shapiro, LLP
10250 Constellation Blvd.
Nineteenth Floor
Los Angeles, CA 90067

Re:    Mattel, Inc. v. MGA Entertainment, Inc.

Dear Mr. Gizer:

On January 18, 2008, Mattel served a deposition subpoena on Christensen Glaser. Although the Court granted Mattel leave to depose Christensen Glaser in its January 7, 2008 Order, Christensen Glaser objected to the subpoena as improper. Most recently, Christensen Glaser argued to Judge Larson on February 4, 2008, that all but one of the topics attached to the subpoena were improper because they were not authorized by his January 7 Order. In his February 4, 2008 Order, Judge Larson rejected Christensen Glaser's argument and noted that "unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter." A copy of the Court's February 4, 2008 Order is attached for your convenience.

Since the Court denied its request, Christensen Glaser has failed to move to quash or for a protective order. Has it withdrawn its objections in light of the Court's February 4, 2008 Order? If so, please provide dates for the deposition. If not, Mattel requests a meeting of counsel to

EXHIBIT      **17**

PAGE      **295**

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2416319.1

meet and confer about Christensen Glaser's objections.  Should Christensen Glaser not agree to appear, Mattel will move to overrule its objections, compel the deposition, and for sanctions.

Very truly yours,

Christopher E. Price

07209/2416319.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                          Theresa Lanza
            Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                          John Quinn
                                      Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:            GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                Initials of Deputy Clerk __jh_
CIVIL -- GEN                    1              Time: 1/45

EXHIBIT       17
PAGE          297

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)     The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)     The Phase 1 discovery deadline has expired.  Any Phase 1 discovery not properly served on or before this deadline may not now be pursued.  Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues.  Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

EXHIBIT    17
PAGE    298

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3) Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4) All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5) As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6) To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7) The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN                                3

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___ 17
PAGE ___ 299

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take
the individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11), relating to the trade secret and RICO claims
(set forth in the moving papers at 13), and relating to document
preservation (set forth in the moving papers at 14 (Joe Tiongco and
Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over
        and above the previously allocated 24 depositions per side. Nevertheless, as to all
        other depositions, how to "count" the previously allocated depositions is left to the
        discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that
        its January 7, 2008, ruling granted leave to depose it on only one issue. That is not
        the case, and the request is DENIED. Mattel has been granted relief from the
        numerical limitations that previously restricted its ability to depose those individuals
        and entities addressed by the Court's January 7, 2008, Order, including its ability to
        depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master
        upon proper presentation of the issue to him, Mattel may depose Christensen,
        Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE
### JANUARY 7, 2008, ORDER (DOCKET # 1504)

        This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further
order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates
after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
### ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

        This application is DENIED. This matter must be addressed in the first instance by the
Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
### COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

        This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to
arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to
Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those
tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___ 17
PAGE ___ 300

arrangements for inspection in both Hong Kong and the PRC.  Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

## MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __17__
PAGE __301__

02/27/2008 15:45 FAX   12134433100          QEUOH-LAO-2                          @001

```
                        *********************
                  ***   TX REPORT    ***
                        *********************


        TRANSMISSION OK

        TX/RX NO               0276
        RECIPIENT ADDRESS      9414#007209#13108600363#
        DESTINATION ID
        ST, TIME               02/27 15:43
        TIME USE               01'45
        PAGES SENT             8
        RESULT                 OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**      February 27, 2008                    **NUMBER OF PAGES, INCLUDING COVER: 8**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alisa Morgenthaler-Lever Christensen Glaser Kink Jacobs Weil & Shapiro | (310) 248-3830 | (310) 860-0363 |

**FROM:**      Christopher E. Price

**RE:**        Mattel v. MGA Entertainment

**MESSAGE:**

EXHIBIT  17

362