QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>[PUBLIC REDACTED] REPLY IN SUPPORT OF MOTION OF MATTEL, INC. TO COMPEL DEPOSITION OF MGA ENTERTAINMENT (HK) LIMITED AND FOR SANCTIONS<br><br>[Supplemental Declaration of Bridget A. Hauler filed concurrently herewith]<br><br>Hearing Date:  TBD<br>Time:            TBD<br>Place:           TBD<br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:              May 27, 2008 |

07209/2383998.2

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ............................................................................................. 2

I.  MGA HONG KONG DOES NOT DISPUTE THAT IT NEVER OBJECTED TO THE RULE 30(B)(6) TOPICS IN MATTEL'S DEPOSITION NOTICE ......................................................................... 2

II.  OTHER DISCOVERY IS NOT A SUBSTITUTE FOR AN MGA HONG KONG RULE 30(B)(6) DESIGNEE ....................................... 5

    A.  MGA Hong Kong Does Not Dispute That It Has Unique Knowledge Regarding The Early Development Of Bratz .............. 5

    B.  Interrogatories Are Not A Substitute For A 30(b)(6) Deposition ......... 8

III.  MATTEL NEEDS ADDITIONAL TIME TO FAIRLY EXAMINE MGA HONG KONG'S DESIGNEE ........................................ 9

    A.  Time Constraints Limited Mattel's Ability To Fully Depose Mr. Lee On Certain Topics And Prohibited Mattel From Deposing Mr. Lee On Other Topics At All ................................. 9

    B.  MGA Hong Kong Has Not Explained How This Could Be Covered In Less Than Three Additional Days .................................. 11

        1.  MGA Hong Kong's Proposal Of 5 Hours For 15 Topics Is Inadequate .................................................................. 11

        2.  MGA Hong Kong Is Not Entitled To The Benefit Of An Offer To Compromise It Rejected .......................................... 12

    C.  Mattel Will Be Severely Prejudiced If It Does Not Obtain Additional Testimony On The Noticed Topics ................................ 12

IV.  THE COURT SHOULD OVERRULE MGA HONG KONG'S COUNSEL'S IMPROPER INSTRUCTIONS NOT TO ANSWER AND SPEAKING OBJECTIONS ........................................ 13

        1.  MGA Hong Kong's Claim That These Communications Were Inadvertently Left Off Their Privilege Logs Is Unsupported By The Facts ............................................. 13

        2.  That The Instructions Not To Answer Relate To A Request That MGA Hong Kong Believes Relates To Phase 2 Is Not A Reason For The Court To Avoid Addressing It Now .................................................................. 13

-i-

V.   THE BURDEN ON MR. LEE CANNOT BE PROPERLY USED BY MGA AS A BASIS FOR LIMITING MATTEL'S RIGHTFUL DISCOVERY .................................................................................. 14

    A.   Mattel Should Not Be Penalized For MGA Hong Kong's Choice To Designate Only One Witness For All 61 Topics ............................ 14

    B.   MGA Hong Kong Is A Party And Should Be Held To The Same Discovery Standards As Other Parties ................................... 15

VI.  MATTEL'S REQUEST FOR SANCTIONS IS APPROPRIATE AND SHOULD BE GRANTED .................................................................. 15

CONCLUSION ...................................................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## Cases

Bendt v. G.D. Searle & Co.,
1990 WL. 299926 (D. Minn. 1990) ...................................................................9

Ierardi v. Lorillard, Inc.,
1991 WL. 158911 (E.D. Pa. 1991)....................................................................9

Lance, Inc. v. Ginsburg,
32 F.R.D. 51 (E.D.Pa.1962)...........................................................................3

Lehnert v. Ferris Faculty Ass'n-MEA-NEA,
556 F. Supp. 316 (D. C. Mich. 1983)...............................................................3

Marker v. Union Fidelity Life Ins. Co.,
125 F.R.D. 121 (M.D.N.C. 1989)....................................................................8

Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,
93 F.R.D. 62 (D.P.R. 1981) ...........................................................................8

Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.,
137 F.R.D. 267 (D. Neb. 1989).......................................................................3

Richmark Corp. v. Timber Falling Consultants,
959 F.2d 1468 (9th Cir.), cert. denied, 506 U.S. 948 (1992) ...............................4

Security Ins. Co. of Hartford v. Trustmark Ins. Co.,
218 F.R.D. 29 (D.Conn. 2003)........................................................................9

Taylor v. Shaw,
2007 WL. 710186 (D. Nev., 2007) ..................................................................3

## Statutes

Fed. R. Civ. P.
Rule 26(a)(5) ...............................................................................................8
Rule 26(d) ...................................................................................................8
Rule 30(b)(6) .........................................................................3, 5, 6, 7, 8, 9, 10
Rule 30(d)(2) .............................................................................................12

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA Hong Kong never objected to the appropriateness or breadth of any of the 61 topics of examination listed in Mattel's deposition notice.  They did not do so when Mattel served its notice more than eight months ago, nor when MGA Hong Kong produced Mr. Lee four months ago nor during the multi-month meet and confer process.

Similarly, nowhere in the 34-page opposition or 83-page separate statement does MGA dispute--or even address--that MGA's own witnesses have testified that MGA Hong Kong is in possession of knowledge not known by MGA. Nonetheless, MGA Hong Kong has evaded providing such discovery by providing only one designee, Edmond Lee, on all 61 topics.

Ironically, MGA Hong Kong attempts to excuse Mr. Lee's lack of preparation on the ground that MGA Hong Kong cannot adequately prepare one witness to testify on all 61 topics.  This is a burden entirely of MGA Hong Kong's own making.  MGA Hong Kong chose to designate just one individual on all of these topics.  Mattel at no point has contended that Mr. Lee alone--or that any one individual--must testify on all 61 topics. All Mattel asks is that whoever is designated on a topic be the most knowledgeable and appear for sufficient time for Mattel to fully examine the designee(s).

In addition, MGA opposes the motion by asserting that interrogatories are a substitute for a Rule 30(b)(6) deposition.  Surely that is not the case for most if not all of these topics, otherwise Rule 30(b)(6) would be dead letter.  And interrogatory answers are prepared by counsel and do not permit immediate follow up.  A party is entitled to both: interrogatory answers and deposition answers.

MGA also opposes the motion because a different witness, Paula Garcia, testified for four days.  Notably, Ms. Garcia was only noticed on approximately 20 topics, and yet the Court recognized that Mattel was entitled to

-1-

four full days of testimony from Ms. Garcia.  Here, Mr. Lee was designated on three times as many topics--and needed an interpreter--and yet only appeared for two days of testimony.  It would have been impossible to cover all of these important topics in two days under the best of circumstances.

Finally, Mr. Lee admitted that the sum total of his knowledge of many topics was to speak to counsel and read some documents shown to him by counsel. On some topics, Mr. Lee admitted he had not even done that.  MGA Hong Kong's counsel also improperly instructed Mr. Lee not to answer questions on the basis of privilege even though Mr. Lee could not recall a lawyer even being present.

Mattel, therefore, respectfully requests that the Court compel MGA Hong Kong to produce a designee for three more days of testimony on the topics in Mattel's Notice of MGA Hong Kong, overrule instructions not to answer, and impose sanctions because MGA Hong Kong's actions were not substantially justified.

## **Argument**

### **I.   MGA HONG KONG DOES NOT DISPUTE THAT IT NEVER OBJECTED TO THE RULE 30(B)(6) TOPICS IN MATTEL'S DEPOSITION NOTICE**

MGA Hong Kong does not dispute it was properly served with <u>Rule</u> 30(b)(6) notice and that a witness was designated on every topic without objection. Nonetheless, MGA argues its <u>Rule</u> 30(b)(6) witness need not finish the deposition-- or even be prepared to testify as to certain topics--because MGA now claims the topics are improper.

First, Judge Infante has already found the topics noticed in Mattel's 30(b)(6) deposition notice to MGA Hong Kong to be properly discoverable in the context of other Rule 30(b)(6) depositions.[1]

There is nothing over broad about seeking information about the facts underlying contentions or defenses.  As the court explained in <u>Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.</u> 137 F.R.D. 267 (D. Neb. 1989):  "With the substitution of notice pleading for fact pleading, it is only through searching discovery that one party will be able to meet the case of his adversary. There is, then, no doubt of the plaintiff's right to seek from his opponent the facts upon which he relied in making his pleading allegations."  137 F.R.D. at 281, *quoting* <u>Lance, Inc. v. Ginsburg</u>, 32 F.R.D. 51 (E.D.Pa.1962).  Rule 30(b)(6) does not forbid a deposition topic from being burdensome, merely *unduly* burdensome.  <u>Taylor v. Shaw</u>, 2007 WL 710186 (D. Nev., 2007) ("The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.").  The more complicated and important the litigation is, the more burdensome <u>Rule</u> 30(b)(6) topics are permitted to be. <u>Lehnert v. Ferris Faculty Ass'n-MEA-NEA</u>, 556 F.Supp. 316, 318 (D. C. Mich. 1983) ("[T]he extent of a discovery burden that a party must justifiably bear is

---

[1]   Order Granting Mattel's Motion to Compel 30(b)(6) Witnesses, dated May 16, 2007 ("May 16 Order"), Declaration of Bridget A. Hauler in Support of Mattel, Inc.'s Motion to Compel the Deposition of MGA Entertainment (HK) Limited ("Hauler Dec."), dated January 28, 2008, Exh. 3; Order Granting in Part Mattel's Motion to Enforce the Court's May 16, 2007 Order and for Sanctions, dated August 14, 2007, Hauler Dec., Exh. 4; Order Granting Mattel's Motion for Additional Time to Depose Paula Garcia, dated August 14, 2007 ("August 14 Order for Additional Time"), Hauler Dec., Exh. 5; Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and to Compel; To Overrule Purportedly Improper Instructions; and For Sanctions, dated January 8, 2008, Hauler Dec., Exh. 6.

1  measured by the nature, importance, and complexity of the inquiry involved in a
2  given case.")

3          Second, MGA Hong Kong's argument that Mattel's topics are too broad
4  and are identical to topics that Mattel has already questioned MGA about amount to
5  nothing more than belated objections to Mattel's deposition notice and, for this
6  reason, should be dismissed.  MGA Hong Kong does not dispute that it never
7  objected to the appropriateness or breadth of any of the topics when Mattel served
8  its deposition notice more than eight months ago.[2]  MGA Hong Kong also did not
9  object to any of the topics when it produced Mr. Lee for questioning four months
10 ago, nor did it object during the multi-month meet and confer process.  Yet now,
11 MGA Hong Kong attempts to raise multiple objections to the notice by claiming
12 that Mattel is not entitled to more time to examine Mr. Lee.  This is grossly
13 improper as MGA Hong Kong was obligated to serve any such objections months
14 ago.  Fed. R. Civ. P.; Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,
15 1473 (9th Cir.) (stating that "failure to object to discovery requests within the time
16 required constitutes a waiver of any objection."), cert. denied, 506 U.S. 948 (1992).

17         Furthermore, the objections MGA Hong makes here are not ones it
18 made before flying Mr. Lee here from China.  If Mr. Lee truly is inconvenienced by
19 multiple days of testimony and MGA Hong Kong truly believes the topics noticed
20 are inappropriate, common sense would suggest they would have raised these
21 objections in advance of Mr. Lee's deposition, not after Mattel asked for additional
22 time.

---

27  [2]  See MGA Entertainment (HK) Limited's Opposition to Mattel, Inc.'s Motion
28 to Compel Deposition and for Sanctions ("Opposition") at 4-5.

## II.   OTHER DISCOVERY IS NOT A SUBSTITUTE FOR AN MGA HONG KONG RULE 30(B)(6) DESIGNEE

### A.   MGA Hong Kong Does Not Dispute That It Has Unique Knowledge Regarding The Early Development Of Bratz

MGA Hong Kong argues repeatedly that Mattel does not need additional testimony from a Rule 30(b)(6) witness from MGA Hong Kong because other witnesses have testified regarding similar topics.  However, nowhere in the 34-page opposition or 83-page Response to Mattel's Separate Statement does MGA address the fact that MGA's own witnesses have testified that MGA Hong Kong is in possession of knowledge not known by MGA.  As noted in the moving papers, key individuals involved in Bratz development in the United States, including Isaac Larian and Paula Garcia, have already testified that their own knowledge of Bratz manufacturing is limited because MGA Hong Kong was the entity responsible for this function.[3]  Others have testified that MGA Hong Kong has unique responsibilities in areas such as inventory and maintaining its information technology infrastructure.[4]  MGA Hong Kong's undisputed possession of unique knowledge shows how critical it is that Mattel be able to complete its examination of Mr. Lee.

MGA Hong Kong makes much of the fact that MGA witnesses have testified for many hours in response to different Rule 30(b)(6) notices.  Notably, MGA Hong Kong fails to mention that the testimony of these designees was

[3]   See Deposition Transcript of Paula Garcia, Vol. 3 ("Garcia Tr. Vol. 3"), dated October 9, 2007, at 736:13-22, 910:21-912:6, 475:5-476:6, 620:24-621:17, Hauler Dec., Exh. 34; see also Deposition Transcript of Isaac Larian ("Larian Tr."), dated July 18, 2006, at 131:21-132:2, 151:8-19, Hauler Dec., Exh. 37.

[4]   See Deposition Transcript of Rebecca Harris ("Harris Tr."), dated July 20, 2007, at 12:22-13:18, 87:15-88:7, 116:15-118:11, 121:18-123:4, Hauler Dec., Exh. 35; see also Deposition Transcript of Kenneth Lockhart, Vol. 1 ("Lockhart Tr. Vol. 1"), dated June 14, 2007, at 24:9-25:22, Hauler Dec., Exh. 36.

1  likewise incomplete and Mattel repeatedly had to obtain orders for them to reappear

2  for deposition because they were inadequately prepared to testify the first time.[5]  As

3  an example, Paula Garcia was produced for four days but only because the Court

4  twice compelled her to appear.[6]

5           In any event, the testimony of others was not adequate.  For example,

6  Rebecca Harris, one of MGA's Rule 30(b)(6) designees, could not answer questions

7  regarding manufacturing milestones achieved for Bratz by December 2000 and

8  testified that MGA Hong Kong would have this information.  The status of Bratz

9  manufacturing by December 2000 speaks to critical issues regarding the design and

10  development of Bratz because the manufacturer could not begin tooling until MGA

11  largely finalized design of the doll.  Ms. Harris testified as follows,



---

5    See Court's Order Granting Mattel's Motion to Compel 30(b)(6) Witnesses ("May 16 Order"), dated May 16, 2007, Hauler Dec., Exh. 3; see also Court's Order Granting in Part Mattel's Motion to Enforce the Court's May 16, 2007 Order and for Sanctions ("August 14 Order to Enforce"), dated August 14, 2007, Hauler Dec., Exh. 4; Court's Order Granting Mattel's Motion for Additional Time to Depose Paula Garcia ("August 14 Order for Additional Time"), dated August 14, 2007, Hauler Dec., Exh. 5; Court's Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and to Compel; To Overrule Purportedly Improper Instructions; and For Sanctions ("January 8 Order"), dated January 8, 2008, Hauler Dec., Exh. 6.

6    See May 16 Order, Hauler Dec., Exh. 3; see also August 14 Order for Additional Time, Hauler Dec., Exh. 5.

1

2

3

4

5

6

7

8

9

10

11

12

13



14        MGA Hong Kong also points to the fact that Mattel deposed Sarah

15  Chui, another MGA Hong Kong employee, as a reason for denying Mattel's motion.

16  Besides the fact that the deposition of one individual does not preclude Mattel from

17  deposing another individual, the deposition of Sarah Chui in her individual capacity

18  does not preclude Mattel from deposing a <u>Rule</u> 30(b)(6) designee from MGA Hong

19  Kong.  In addition, Ms. Chui's limited testimony does not moot the need for

20  additional information.  Ms. Chui testified that she had no involvement with Bratz

21  dolls in the year 2000, with the exception of preparatory work for showroom

22  decoration for the 2001 Hong Kong Toy Fair sometime in 2000.[8]  Ms. Chui

23  admitted to the extremely limited nature of her involvement in the 2000 Toy Fair

24  and that she had no recollection of what products were displayed at the Toy Fair, nor

25  _____

26        [7]   <u>See</u> Deposition Transcript of Rebecca Harris, Vol. 2 ("Harris Tr. Vol. 2"),
    dated January 22, 2008 at 440:12-441:23, Supp. Hauler Dec., Exh. 3.

27        [8]   Deposition Transcript of Mei Wah ("Sarah") Chui ("Chui Tr."), dated

28  September 28, 2007, at 38:13-21, 42:6-25, 43:1-7, 47:2-5, Miller Dec., Exh. 10.

1  people's reactions to products.[9]  Further, Ms. Chui had no information regarding the

2  transformation process from character art to the actual doll samples or regarding

3  who manufactured the three-dimensional head.[10]  A corporation is required to

4  educate its 30(b)(6) designee with the corporation's knowledge.  <u>Federal Rule of

5  Civil Procedure</u> 30(b)(6).  Therefore, MGA Hong Kong's designee should have a

6  greater wealth of knowledge than any one employee of MGA Hong Kong would

7  otherwise have.

8  **B.     <u>Interrogatories Are Not A Substitute For A 30(b)(6) Deposition</u>**

9  As the Court already found in its May 16, 2007 Order, the <u>Federal

10  Rules of Civil Procedure</u> make clear that the various methods of discovery are

11  cumulative, as opposed to alternative or mutually exclusive.  <u>Rule</u> 26(d) provides

12  that "methods of discovery may be used in any sequence," and <u>Rule</u> 26(a)(5) states

13  that a party "may obtain discovery by one or more" of the available methods

14  specified in the efficient discovery of facts.  <u>Mitsui & Co. (U.S.A.), Inc. v. Puerto

15  Rico Water Resources Authority</u>, 93 F.R.D. 62, 65 (D.P.R. 1981) (citing Advisory

16  Committee Note to <u>Rule</u> 30(b)(6)).  Thus, MGA Hong Kong's attempt to relegate

17  Mattel to interrogatories is unacceptable.

18  Furthermore, courts have repeatedly rejected the argument that

19  interrogatories are an adequate substitute for deposition testimony.  "Nothing in the

20  <u>Federal Rules of Civil Procedure</u> gives a party the right to not respond or

21  inadequately respond to a <u>Rule</u> 30(b)(6) deposition notice . . . and elect to supply the

22  answers in a written response to an interrogatory.  An attempt to so limit a <u>Rule</u>

23  30(b)(6) deposition is not warranted.  Because of its nature, the deposition process

24  provides a means to obtain more complete information and is, therefore, favored."

25  <u>Marker v. Union Fidelity Life Ins. Co.</u>, 125 F.R.D. 121, 126 (M.D.N.C. 1989).  <u>See

26  _____

27  [9]   Chui Tr. at 184:21-25 and 185:2-25, Miller Dec., Exh. 10.

28  [10]   Chui Tr. at 96:23-25, 97:1-9, 111:13-16, Miller Dec., Exh. 10.

1 also Ierardi v. Lorillard, Inc., 1991 WL 158911 at *1 (E.D. Pa. 1991) (answers to

2 interrogatories "are an inadequate substitute" for deposition testimony pursuant to

3 Rule 30(b)(6)); Bendt v. G.D. Searle & Co., 1990 WL 299926 at *1 (D. Minn. 1990)

4 ("Interrogatories are not substitutes for depositions, and are not per se more efficient

5 or economical.").

6 　　　　　In addition, nothing prevents Mattel from electing to use Rule 30(b)(6)

7 deposition instead of contention interrogatories.  Security Ins. Co. of Hartford v.

8 Trustmark Ins. Co., 218 F.R.D. 29, 34 (D.Conn. 2003) ("It is of no consequence that

9 contention interrogatories may be the more appropriate route to obtain the

10 information as nothing precludes a deposition either in lieu of or in conjunction with

11 such interrogatories.").  Thus, MGA's attempt to limit Mattel to some other method

12 of discovery is unacceptable.

13 　　　　　Furthermore, Mattel had not even obtained much of the discovery

14 pointed to by MGA Hong Kong as duplicative when it first noticed MGA Hong

15 Kong's 30(b)(6) deposition.  The fact that Mattel made use of other discovery tactics

16 while MGA Hong Kong delayed to obtain information critical to its case should not

17 be used against Mattel.  Denying Mattel this discovery on this basis is tantamount to

18 rewarding MGA for its delay tactics and should not be condoned.

19 **III.   MATTEL NEEDS ADDITIONAL TIME TO FAIRLY EXAMINE MGA**

20 **　　　HONG KONG'S DESIGNEE**

21 　　**A.   Time Constraints Limited Mattel's Ability To Fully Depose**

22 　　　　　**Mr. Lee On Certain Topics And Prohibited Mattel From Deposing**

23 　　　　　**Mr. Lee On Other Topics At All**

24 　　　　　As Mr. Lee only appeared for two days of testimony and required the

25 assistance of a translator, Mattel could not reasonably have examined him on 61

26 topics even if no other irregularities had occurred at Mr. Lee's deposition.  Mattel is

27 plainly entitled to additional time to obtain complete testimony on these topics.  In

28 fact, MGA Hong Kong's Separate Statement acknowledges that Mattel did not have

1    time to fully address all 61 topics and that Mattel did not have time to touch on

2    some topics at all.[11]

3              MGA's past designees on similar topics also illustrate how insufficient

4    two days of testimony is to cover the wide-ranging topics in Mattel's Notice of

5    MGA Hong Kong.  For instance, the Discovery Master ordered Paula Garcia,

6    MGA's designee on approximately 24 topics in the First and Second Notices of

7    MGA, to appear for four full days of deposition testimony.[12]  Here, Mr. Lee was

8    noticed on three times as many topics as Ms. Garcia, needed an interpreter and yet

9    only appeared for two days of testimony.  Mattel clearly requires more time to

10   complete its examination of Mr. Lee on all 61 topics on which MGA Hong Kong

11   designated him.

12             Furthermore, Mr. Lee was unprepared to testify on a number of topics

13   on which he was designated as detailed in Mattel's moving papers.  It is no defense

14   to MGA Hong Kong's failure to prepare its designee for MGA Hong Kong to claim

15   that Mr. Lee is the most knowledgeable employee left at MGA Hong Kong.  MGA

16   Hong Kong is obligated to educate its designee with the corporation's knowledge on

17   each topic, not just to select an employee with the most personal knowledge of the

18   noticed topics.  Fed. R. Civ. P. 30(b)(6).  Mattel is entitled to a designee that is fully

19   prepared to testify on the topics on which he is designated.

20

21

22

23

24

25   _____

26   [11]   See, e.g., MGA Hong Kong's Response to Mattel's Separate Statement, dated
     February 7, 2008 at Topic No. 9.

27   [12]   See May 16 Order, Hauler Dec., Exh. 3, see also August 14 Order For
28   Additional Time, Hauler Dec., Exh. 5.

**B.**    **MGA Hong Kong Has Not Explained How This Could Be Covered In Less Than Three Additional Days**

**1.**    **MGA Hong Kong's Proposal Of 5 Hours For 15 Topics Is Inadequate**

MGA Hong Kong's offer to produce Mr. Lee to testify on 15 topics for a total of 5 hours is absurd. MGA Hong Kong puts forth no legal authority for its proposed solution and has not even identified which 15 topics would be chosen because, as MGA Hong Kong acknowledges in its Separate Statement, Mattel was unable to examine Mr. Lee on a more than 15 topics.

MGA Hong Kong also suggests that certain topics should be considered closed. The Court has previously found that finding some topics "closed out" and others "open" is unworkable. In the Court's Order granting Mattel more time to depose Ms. Garcia, the Court acknowledged that such a solution was unworkable.[13] That is similarly true here, when Mr. Lee is noticed on such a large number of topics. In addition, as Mattel pointed out to MGA Hong Kong during the meet and confer process, Mattel's examination of Mr. Lee on any given topics was necessarily limited by the fact that Mattel had only 14 hours to cover 61 topics. Due to the time constraints imposed by MGA Hong Kong, of the few topics about which Mattel was able to start inquiring, they were covered, by necessity, somewhat superficially and, therefore, it is not appropriate to consider any topics "closed." In addition, defining the parameters of a "closed" topic with sufficient clarity is impossible. See Motion at 22-23.

Furthermore, Mr. Lee may provide additional testimony at his continued deposition that necessitates asking reasonable follow-up questions that may fall into topics that Mattel previously believed "closed." Mattel does not intend to re-ask Mr. Lee questions he has already answered. But there is no authority

---

[13]    August 14 Order for Additional Time, Hauler Dec., Exh. 5.

1  under the <u>Rules</u>, and MGA Hong Kong has cited none, that permits MGA to deem a

2  topic "closed" so as to allow it the unilateral authority to restrict Mattel's discovery.

### 2.   <u>MGA Hong Kong Is Not Entitled To The Benefit Of An Offer To Compromise It Rejected</u>

5  MGA Hong Kong makes much of the fact that Mattel is asking for 3

6  additional days when it proposed during the meet and confer process two days of

7  additional time for Mr. Lee's testimony.  Mattel offered a compromise in an effort to

8  avoid motion practice, as anyone meeting and conferring in good faith would.  But

9  MGA Hong Kong rejected it.  A rejected offer in the meet and confer process cannot

10  be used against a party; otherwise there is no incentive for the other party to resolve

11  the dispute.  This case illustrates MGA Hong Kong's abuse of the meet and confer

12  process.  It refused to agree to two days believing that if it forced a motion to

13  compel it would be no worse than the two day offer.  No party would ever agree to

14  an offer during the meet and confer process if it could do no worse by rejecting it;

15  under MGA Hong Kong's logic, a motion only has upside.  To avoid law and

16  motion, Mattel had been willing to squeeze into a too small shoe.  It was, and is,

17  entitled to the right size and MGA Hong Kong is not entitled to the benefit of an

18  offer it rejected.  Accordingly, Mattel has requested the Court grant Mattel leave for

19  three additional days of examination, which are necessary for Mattel to complete its

20  examination.  <u>See</u> <u>Fed. R. Civ. P.</u> 30(d)(2) (the Court "must allow additional

21  time . . . if needed for a fair examination of the deponent or if the deponent or

22  another person, or other circumstance, impedes or delays the examination.").

### C.   <u>Mattel Will Be Severely Prejudiced If It Does Not Obtain Additional Testimony On The Noticed Topics</u>

25  MGA Hong Kong seems to suggest that because Mattel has not

26  described with particularity how it will be prejudiced if it does not obtain testimony

27  on these topics that means Mattel will not be prejudiced.  Mattel did not go into

28  detail because it is obvious how Mattel could be prejudiced if it is unable to finish

1   examining Mr. Lee on all 61 topics.  Denying Mattel the opportunity to fully

2   examine MGA Hong Kong on these topics prejudices Mattel because Mattel could

3   be surprised at trial to the extent someone from MGA Hong Kong testifies

4   concerning facts that Mattel did not have the opportunity to examine Mr. Lee on.

5   This is particularly true where the relevant facts are unique to MGA Hong Kong

6   and, therefore, Mattel cannot obtain testimony on the topics by questioning any

7   other source.

8   **IV.   THE COURT SHOULD OVERRULE MGA HONG KONG'S**

9   **COUNSEL'S IMPROPER INSTRUCTIONS NOT TO ANSWER AND**

10   **SPEAKING OBJECTIONS**

11   **1.   MGA Hong Kong's Claim That These Communications**

12   **Were Inadvertently Left Off Their Privilege Logs Is**

13   **Unsupported By The Facts**

14   MGA Hong Kong claims the instructions not to answer given by

15   counsel were proper because the communications at issue were with attorneys and

16   the only reason the communications did not appear on their privilege logs at the time

17   Mattel's motion was filed was because they were inadvertently left off the log.

18   However, MGA Hong Kong acknowledges that it has still not logged these

19   communications despite having promised to include these communications on its

20   privilege log three months ago.  See Opposition at 27:3-6.

21   **2.   That The Instructions Not To Answer Relate To A Request**

22   **That MGA Hong Kong Believes Relates To Phase 2 Is Not A**

23   **Reason For The Court To Avoid Addressing It Now**

24   The Court should address whether or not counsel's instructions not to

25   answer were appropriate now.  Even if MGA Hong Kong is correct and the

26   questions at issue relate to topics that could be the subject of Phase 2 discovery, the

27   Court should, at a minimum, enter an order granting this motion, even if compliance

28   is stayed pending lifting of the Phase 2 discovery stay (although Mattel does not

1 believe that solution is ideal for the reasons laid out below).  Re-litigation of this

2 issue after it has already been fully briefed is inefficient.

3            Furthermore, requiring Mr. Lee to appear now for continued deposition

4 and to reappear at some later date if these instructions are found improper once

5 Phase 2 discovery commences will only inconvenience Mr. Lee.  Waiting to decide

6 this issue and potentially making Mr. Lee appear yet another time is wholly

7 inconsistent with MGA's position that producing Mr. Lee on multiple occasions is

8 onerous and burdensome.  The Court should, therefore, rule on this issue at the

9 present time and require Mr. Lee to answer questions on these topics at the same

10 time he is deposed on the other deposition topics.

11 **V.      THE BURDEN ON MR. LEE CANNOT BE PROPERLY USED BY**

12 **MGA AS A BASIS FOR LIMITING MATTEL'S RIGHTFUL**

13 **DISCOVERY**

14   **A.      Mattel Should Not Be Penalized For MGA Hong Kong's Choice To**

15   **Designate Only One Witness For All 61 Topics**

16            MGA Hong Kong repeatedly references the inconvenience to Mr. Lee

17 if he is ordered to appear for additional time.  That Mr. Lee is now inconvenienced

18 by the need for additional days of testimony is a problem of MGA Hong Kong's

19 own making.  MGA Hong Kong chose to designate only one witness to testify on all

20 61 topics.  MGA Hong Kong could have designated an additional witness if it was

21 worried the burden of multiple days of testimony would be too great for one

22 witness.

23            In addition, MGA Hong Kong justifies Mr. Lee's failure to know

24 crucial information on the grounds that one witness cannot be expected to know this

25 amount of information.  However, MGA Hong Kong could also have designated an

26 additional witness to remedy this problem.  Put simply, Mattel should not be

27 penalized for MGA Hong Kong's election to designate only one witness on 61 many

28 topics.  Further, MGA Hong Kong's concern for Mr. Lee's convenience rings false

1   given that it has taken the position that Mr. Lee should appear now on some of the

2   topics on which he is designated and return many months later to address the rest of

3   the topics on which he is designated.  Thus, MGA Hong Kong should produce him

4   for three more days on all topics at this point.  Requiring Mr. Lee to testify

5   regarding 15 topics now and other topics relating to Phase 2 later just adds to the

6   inconvenience this deposition will cause Mr. Lee.

7   **B.    MGA Hong Kong Is A Party And Should Be Held To The Same**

8   **Discovery Standards As Other Parties**

9   MGA Hong Kong's arguments regarding the burden additional

10  deposition testimony will impose on Mr. Lee are unavailing.  MGA Hong Kong is a

11  named party in this action.  MGA Hong Kong is, therefore, subject to the Court's

12  jurisdiction and to discovery requests served by parties in this action.  MGA Hong

13  Kong is not a third party for which the Court must be particularly wary of

14  excessively burdening.  The fact that Mr. Lee has to fly from China has no bearing

15  on this motion.  MGA Hong Kong elected to engage in business in this district.

16  Having made that election, it cannot now complain that litigating in this district is

17  burdensome.  MGA Hong Kong's distance from the Court in which this action is

18  pending does not exempt it from being subject to discovery to the same extent as

19  other parties to this action.

20  **VI.   MATTEL'S REQUEST FOR SANCTIONS IS APPROPRIATE AND**

21  **SHOULD BE GRANTED**

22  MGA Hong Kong's refusal to allow sufficient time for full and

23  complete testimony is unreasonable on its face, because of the large number of

24  topics on which Mr. Lee is designated and because a translator was required.  MGA

25  Hong Kong's only justification for producing Mr. Lee for such a short time is to cite

26  the usual 7 hour rule for depositions.  But this is not the usual case.  There are

27  numerous, appropriate topics on which Mr. Lee is designated.  Moreover, Mr. Lee

28  was unprepared to testify on a number of topics.  Furthermore, MGA Hong Kong's

counsel obstructed the deposition with his unjustified instructions not to answer. Finally, MGA Hong Kong's position is unreasonable in light of the fact that it produced 3,300 pages of documents responsive to topics on which Mr. Lee was designated and which MGA was obligated by Court Order to have produced well before Mr. Lee's deposition.  MGA Hong Kong's argument that it could not have acted in bad faith because Mattel's deposition notice did not ask for the production of documents is foolish at best.  The Court ordered these documents to be produced months before Mr. Lee's deposition and MGA Hong Kong knew these documents were documents about which Mattel would want to question Mr. Lee.  Therefore, MGA Hong Kong was acting in bad faith when it failed to produce these documents until after Mr. Lee's deposition had already began.  Sanctions are also appropriate here because MGA Hong Kong's behavior with respect to Mr. Lee's deposition is consistent with a larger pattern of obstructionism and delay in which the MGA Defendants and their counsel have engaged.  Mattel respectfully requests that the Discovery Master order MGA to reimburse Mattel for a portion of the fees it incurred in having to bring this motion, in the amount of $4,010.00.[14]

**Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court grant its motion to compel three days of additional testimony, overrule instructions not to answer and impose sanctions.

DATED:  February 15, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                     By /s/ B. Dylan Proctor
                                        B. Dylan Proctor
                                        Attorneys for Mattel, Inc.

---

[14]  Hauler Dec. ¶ 49.