KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC. a Delaware Corporation, <br><br> Defendant. <br><br> CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727 <br><br> **DISCOVERY MATTER** <br> [To be heard by Discovery Master Hon. Edward Infante (Ret.)] <br><br> **CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF** <br><br> Date: TBA <br> Time: TBA <br> Place: TBA <br><br> Date Comp. Filed: April 13, 2005 <br><br> Discovery Cut-Off: Jan. 28, 2008 <br> Pre-Trial Conference: May 5, 2008 <br> Trial Date: May 27, 2008 |

412478.02

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY ISO MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

## NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____, 2008 [or] at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by Judge Infante, Carter Bryant will, and hereby does, move the Court for an order striking Mattel Inc.'s Reply in Support of Motion For Leave to Obtain Discovery After the Phase 1 Discovery Cut-off in Response to Subpoena Served on Peoples Bank of the Ozarks.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities filed concurrently herewith, the record and files of this Court, and all other matters of which the Court may take judicial notice.

Dated: March 3, 2008                    KEKER & VAN NEST, LLP

By: /s/ Matthew Werdegar
MATTHEW WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT

1

CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY ISO MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

412478.02

## MEMORANDUM OF POINTS AND AUTHORITIES

For the second time in less than two weeks, Mattel has filed an untimely reply brief which impermissibly seeks to introduce inaccurate "factual" information withheld from its opening brief.[1] Mattel's unsanctioned and abusive practice must end, and Mattel's Reply In Support of its Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-off in Response to a Subpoena Served on People's Bank of the Ozarks ("Mattel's Reply") (Docket No. 2367) must be stricken.

First, Mattel failed to file a timely reply. Mattel first noticed this motion before the Discovery Master after business hours on February 12, 2008. Bryant filed a timely opposition brief to the motion on February 20.[2] Accordingly, Mattel's rely brief was due no later than February 25, but Mattel did not file its reply until three days later – on February 28. On that basis alone, the brief should be stricken. *See* C.D. Cal. LR 7-12 ("The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.") ; *cf. Moore v. La Habra Relocations, Inc.,* 501 F. Supp. 2d 1278, 1279 (C.D. Cal. 2007) ("[P]ursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file a timely opposition as consent to granting the motion.").

In addition, Mattel impermissibly seeks to raise new arguments for the first time on reply. *See Stewart v. Wachowski,* No. CV 03-2873 MMM, 2004 WL 2980783, at *11 (C.D. Cal. Sep. 28, 2004) ("Courts decline to consider arguments

---

[1] *See* Bryant's February 19, 2008 Motion to Strike Mattel Inc.'s Reply (Docket No. 2282)

[2] *See* Stipulation for Appointment of Discovery Maser and Order (Dec. 5, 2006). Under the December 5, 2006 Stipulation and Order, the opposing party has "five court days from the date of service" to submit a formal opposition or response. February 18 was a court holiday, and therefore, Bryant's opposition was due on February 20, not February 19.

that are raised for the first time in reply."); *Whiteway v. FedEx Kinkos Office & Print Services, Inc.*, No. C 05-2320 SBA, 2007 WL 4531783, at *3 (N.D.Cal.) (N.D.Cal. Dec. 17, 2007) (holding same). Specifically, Mattel argues for the first time on reply that on January 25, 2007 "the Discovery Master ordered Bryant to produce the financial records sought" through the Peoples Bank subpoena, and that Bryant has failed to comply with that Order. Reply at 2. There is no reason that Mattel could not have raised this purported basis for its Motion in its opening brief, so that Bryant could have the opportunity to rebut it.

More importantly, the factual premise of this new argument is simply false. Nowhere in the January 25 Order does the Discovery Master order the production of *all* of Bryant's bank records, which is exactly what Mattel seeks in its subpoena to Peoples Bank. *See* Grant Decl., Exh. P (January 25 Order). Rather, the underlying motion to the January 25 Order simply sought "documents relating to Bryant's payments from MGA." *Id*. at 13. Moreover, Mattel is wrong that by January 2008 Bryant had "fail[ed] to produce" these document. *See* Reply at 1-2. As made clear in Bryant's Motion to Quash Mattel Inc.'s Subpoena Issued to Peoples Bank of the Ozarks ("Bryant's Motion to Quash") (Docket No. 1726 and supporting paper), Bryant has complied with the January 25 order by producing non-redacted royalty statements and other documents detailing the payments he has received from the MGA entities. *See* Bryant's Reply In Support of Motion to Quash (Docket No. 2143) at 7 n.6. Most of these royalty statements were produced in March 2007, and Bryant has consistently supplemented that production. *See id.*

Mattel makes other inaccurate factual arguments in its reply that are nowhere to be found in its opening brief. This is most likely the result of Mattel's decision to regurgitate its Opposition to Bryant's Motion to Quash, rather than address the legal issues presented in its Motion for Leave. Bryant does not respond to each of these assertions here, but incorporates by reference his Reply Brief In

3
CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY ISO MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

412478.02

Support of his Motion to Quash the Peoples Bank Subpoena (Docket No. 2143).

For the above reasons, Mattel's Reply should be stricken.

Dated: March 3, 2008

Respectfully submitted,

KEKER & VAN NEST, LLP

By: /s/ Matthew Werdegar
MATTHEW WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT

4
CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY ISO
MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

412478.02

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On March 3, 2008, I served the following document(s):

**CARTER BRYANT'S NOTICE OF MOTION AND MOTION TO STRIKE MATTEL INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; and

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Hon. Edward A. Infante
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Tel:   415/774-2649
Fax:  415/982-5287
Email:      schan@jamsadr.com

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:  213/443-3100
Email:
      johnquinn@quinnemanuel.com
Email:
      michaelzeller@quinnemanuel.com

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

396176.01

| | |
|---|---|
| 1  Thomas J. Nolan | Alexander H. Cote |
| 2  Skadden Arps Slate Meagher & Flom | Overland Borenstein Scheper & Kim LLP |
| 3  300 South Grand Avenue, Suite 3400 | 300 S. Grand Avenue, Suite 2750 |
| 4  Los Angeles, CA 90071-3144 | Los Angeles, California 90071 |
| 5  Tel: 213/687-5000 | Tel: 213/613-4660 |
| 6  Fax: 213/687-5600 | Fax: 213/613-4656 |
|    Email: tnolan@skadden.com | Email: acote@obsklaw.com |

Executed on March 3, 2008, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Julie A. Selby*
Julie A. Selby