1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:       tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:       rkennedy@skadden.com

9  Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**NOTICE OF MOTION AND MOTION OF MGA PARTIES FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008, ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES**<br><br>**Date: TBD**<br>**Time: TBD**<br>**Place: JAMS**<br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:                   May 27, 2008 |

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGA Mexico") and Isaac Larian (collectively, the "MGA Parties") hereby move the Court for an order clarifying it's February 15, 2008, Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties (the "February 15, 2008, Order") to confirm that any obligation under the Court's February 15, 2008, Order to provide supplemental responses to interrogatories that seek discovery regarding Phase 2 issues is stayed by operation of the February 4, 2008, Minute Order of the Honorable Stephen Larson in this action staying Phase 2 discovery.  In particular, the MGA Parties seek an order confirming that (i) any obligation of the MGA Parties under the February 15, 2008, Order to respond to Interrogatories Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed by Judge Larson's February 4, 2008, Minute Order on the ground that these interrogatories seek Phase 2 discovery, and (ii) any obligation of MGA Mexico under the February 15, 2008, Order to provide supplemental interrogatory responses is stayed by operation of Judge Larson's February 4, 2008, Minute Order on the ground that discovery directed to MGA Mexcio, which was formed in April 2004, constitutes Phase 2 discovery.

This Motion is based upon this Notice of Motion and accompanying memorandum of points and authorities; the accompanying Declaration of Timothy A. Miller filed concurrently herewith; the records and files of this Court; and any other matter of which the Court may take judicial notice.  Discovery Master Hon. Edward Infante (Ret.) will preside over the hearing on this Motion, which will occur on a date and at a time and manner to be determined by the Discovery Master.

<u>Statement of Rule 37-1 Compliance</u>.  Counsel for the MGA Parties met and conferred with counsel for Mattel on February 25, 27 and 29, 2008, but were unable to reach agreement on the issue addressed in this motion.  (Miller Decl. ¶¶ 11-13 and Exs. J & K.)

DATED:  March 3, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:     /s/ Raoul D. Kennedy
        RAOUL D. KENNEDY

Attorneys for Cross-Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On February 15, 2008, this Court issued its Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties[1] (the "February 15, 2008, Order").  In that order, the Court denied Mattel's motion to compel, in part, and compelled the MGA Parties to provide supplemental responses to Interrogatories Nos. 38, 40, 41 (as limited by the Court), 43-44, and 47.  (February 15, 2008, Order at 10-12, 18-20, Miller Decl. Ex. C.)  The MGA Parties respectfully request that the Court clarify its February 15, 2008, Order to make clear that (i) any obligation of the MGA Parties under the February 15, 2008, Order to respond to Interrogatories Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed by Judge Larson's February 4, 2008, Minute Order staying Phase 2 discovery, and (ii) any obligation of MGA Mexico under the February 15, 2008, Order to provide supplemental interrogatory responses is also stayed because discovery directed to MGA Mexcio, which was formed in April 2004, constitutes Phase 2 discovery.

## PERTINENT FACTUAL BACKGROUND

On December 20, 2007 Mattel filed its Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 By the MGA Parties (the "Motion to Compel").  The Motion to Compel was fully briefed by January 7, 2008.  (Miller Decl. ¶ 2.)

On February 4, 2008, Judge Larson issued a Minute Order which provided, in part, that:  "All discovery related to Phase 2 . . . is STAYED until further order of the Court."  (Feb. 4, 2008, Minute Order at 3, ¶ 4, Miller Decl. Ex. A.)

At a February 25, 2008, hearing, Judge Larson reconfirmed his commitment to the stay of Phase 2 discovery:

---

[1] The "MGA Parties" are MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian.

> MR. COREY, IF I LIFT THE STAY ON PHASE TWO DISCOVERY, I CAN'T IMAGINE WHAT THAT WOULD DO. I MEAN, POOR JUDGE INFANTE. I JUST COULDN'T DO THAT TO HIM. I JUST COULDN'T. THAT WOULD DERAIL THIS LITIGATION. BASED ON HOW -- AND I'M NOT POINTING ANY FINGERS HERE, THIS IS JUST ACROSS THE BOARD -- HOW DISCOVERY HAS BEEN CONDUCTED, THE MILLIONS OF DOCUMENTS; THE, I DON'T KNOW, UNTOLD NUMBER OF DEPOSITIONS AND THE INTERROGATORIES AND RFA'S; TO LIFT STAY TWO DISCOVERY DURING THIS CRITICAL PERIOD AS WE'RE TRYING TO DO THE MOTIONS, THE PRETRIAL ORDERS, AND GET READY FOR THE FIRST TRIAL IN MAY, WHICH IS GOING FORWARD IN MAY, TO START IN ON FULL SCALE PHASE TWO DISCOVERY, THAT'S UNFATHOMABLE.

(Reporter's Tr. of Proceedings, Feb. 25, 2008, at 30:7-19, Miller Decl. Ex. D).

Meanwhile, on February 11, 2008, this Court held a hearing on the Motion to Compel along with 10 other pending motions. (Miller Decl. ¶ 4.) At the February 11, 2008, hearing, counsel for the MGA Parties informed the Court of the stay of Phase 2 discovery:

> ON A PROCEDURAL FRONT ALSO, ON FEBRUARY 4, JUDGE LARSON CLARIFIED, AND THAT CLARIFICATION WAS NEEDED, THAT PHASE II DISCOVERY IS BIFURCATED. AND I SUBMIT, AT LEAST AS TO QUESTIONS 43, 44, 48, 49, 50, ARE CLEARLY ALL PHASE II, AND THERE MAY BE PORTIONS OF SOME OF THE OTHERS THAT ARE AS WELL.

(Telephonic Tr. of Proceedings, Feb. 11, 2008, at 34:6-12, Miller Decl. Ex. B.)

As mentioned above, on February 15, 2008, this Court issued its Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties. That order does not expressly address the effect of Judge Larson's stay of Phase 2 discovery.

As discussed in more detail below, Interrogatory Nos. 41 (except with respect to Carter Bryant), 43 and 44 seek discovery related to Phase 2 and, therefore, any further obligation to respond to those interrogatories has been stayed by Judge Larson. Interrogatory No. 41 seeks information about former Mattel employees

-2-

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

hired by MGA to support Mattel's claims of trade secret misappropriation, and Interrogatories Nos. 43-44 relate to MGA's Phase 2 claims of copying and infringement by Mattel. The February 15, 2008, Order also compels additional responses from MGA Mexico. That entity did not come into existence until April 2004 and thus all claims against that entity relate to Phase 2.

As Mattel argued in a recent filing, Judge Larson "clarified what was in Phase 1 and Phase 2 in [his] July 2, 2007 Minute Order." (Mattel Inc.'s Opp'n to MGA Defendants' Ex Parte Application to Compel the Depositions of Matthew Bousquette and Tina Patel at 9:7-8, Miller Decl. Ex. E.) Mattel quoted the following passage from Judge Larson's order:

> Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

(July 2, 2007 Minute Order at 2, Miller Decl. Ex. F.)

The information sought by Mattel in Interrogatory Nos. 41 (except with respect to Carter Bryant), 43 and 44 has nothing to do with Carter Bryant's employment with Mattel or the ownership of Carter Bryant's Bratz drawings. Mattel named MGA Mexico as a defendant in its counterclaims of trade secret misappropriation, clearly a Phase 2 claim. Accordingly, the MGA Parties respectfully request an order clarifying the February 15, 2008, Order to make clear that any obligation of the MGA Parties' under that order to supplement their responses to Interrogatory Nos. 41 (except with respect to Carter Bryant) and 43-44, and MGA Mexico's obligation to further respond to any of Mattel's interrogatories, is stayed pursuant Judge Larson's February 4, 2008, Minute Order.

# ARGUMENT

## I. THE COURT SHOULD CLARIFY ITS FEBRUARY 15, 2008, ORDER TO CONFIRM THAT ANY OBLIGATION IN THAT ORDER TO PROVIDE DISCOVERY RELATED TO PHASE 2 IS STAYED UNDER JUDGE LARSON'S FEBRUARY 4, 2008, MINUTE ORDER

The MGA Parties respectfully submit that Interrogatories Nos. 41 (except with respect to Carter Bryant), 43 and 44, and all interrogatories to the extent they are directed to MGA Mexico, relate to Phase 2 and, therefore, any further response to those interrogatories has been stayed by Judge Larson.

### A.   Interrogatory No. 41

Interrogatory No. 41 seeks information concerning MGA's hiring of former Mattel employees, as follows:

> IDENTIFY all PERSONS who at any time have been employed by or under contract with MATTEL who are now or have been employed by or under contract with YOU since January 1, 1999, and, for each such PERSON, state his or her name, date of hire or effective date of contract, the date on which YOU first had contact with such PERSON regarding potential employment or contracting, the date(s) on which such PERSON was interviewed for possible employment or contracting, each title (if any) such PERSON has held while employed by or under contract with YOU, and the date of termination (if applicable).

Prior to the stay of Phase 2 discovery, the MGA Parties provided "a list of well over a hundred individuals with their position title and employment dates." (Feb. 15, 2008, Order at 10:13-14, Miller Decl. Ex. C.) The Court compelled supplemental responses to this interrogatory, in part, ordering the MGA Parties to "provide the interview dates for each of the individuals identified in their supplemental responses." (*Id.* at 11:1-2, Miller Decl. Ex. C.)

The Court based it order compelling further response to Interrogatory No. 41 on its conclusion that "[t]he interview dates are potentially relevant to Mattel's claim that the MGA parties induced former Mattel employees to abscond with Mattel's trade secrets." (*Id.* at 11:2-3, Miller Decl. Ex. C.) With the exception of Mattel's

claims that MGA misappropriated Bratz when it acquired Bratz from Carter Bryant, Mattel's claims of trade secret theft through the hiring of former Mattel employees relate to Phase 2 in that they relate to Mattel's counterclaims against the MGA Parties for trade secret misappropriation. (*See* July 2, 2007, Minute Order at 2 (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.) Therefore, any further response to Interrogatory No. 41 (other than with respect to Carter Bryant) is stayed under Judge Larson's February 4, 2008, Minute Order. (The MGA Parties will provide the ordered supplemental response with respect to Carter Bryant.)

### B.   Interrogatories 43 and 44.

As the Court summarized in its February 15, 2008, Order, "Interrogatory Nos. 43 and 44 request dates on which each 'concept, design, product, product packaging or other matter that [the MGA Parties] contend Mattel copied or infringed' was (1) 'conceived' and (2) 'first fixed in any tangible medium of expression' . . . ." (Feb. 15, 2008, Order at 11:8-11, Miller Decl. Ex. C.)[2]  Thus, by definition,

---

[2]   Interrogatories Nos. 43 and 44 read, in full, as follows:

For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other matter was conceived, and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other

(*cont'd*)

Interrogatories Nos. 43 and 44 relate to Phase 2 because they relate to MGA's claims of copying or infringement against Mattel. (*See* MGA's Complaint for False Designation of Origin, Affiliation, Associate or Sponsorship (15 U.S.C. § 1125(a)); Unfair Competition (15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200 *et seq*. and California Common Law); Dilution (15 U.S.C. § 1125(c), Cal. Bus. & Prof. Code § 14330 and California Common Law); and Unjust Enrichment, at 10-26, Miller Decl. Ex. H.) Judge Larson deferred all of MGA's affirmative claims against Mattel to Phase 2. (July 2, 2007, Minute Order at 2 (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.) Therefore, any further response to Interrogatory Nos. 43 and 44, which relate solely to MGA's claims against Mattel, is stayed under Judge Larson's February 4, 2008, Minute Order.

### C. Interrogatories to MGA Mexico

Mattel does not contend that MGA Mexico was involved in the acquisition or early development of Bratz, nor could it. MGA Mexico was not formed until April 2004, and thus was not in existence when MGA acquired Bratz in 2000 and launched the first generation of Bratz in 2001. (Mattel's Counterclaim ¶ 37, Miller Decl. Ex. I.) Mattel claims that MGA Mexico misappropriated Mattel trade secrets through the hiring of former Mattel employees in Mexico. (*Id.*) Claims related to MGA Mexico have nothing to do with the ownership of Carter Bryant's original Bratz drawings. Mattel's claims of trade secret misappropriation with respect to the formation of MGA Mexico have been deferred to Phase 2. (July 2, 2007, Minute Order at 2 (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of

---

(*cont'd from previous page*)
matter was first fixed in any tangible medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

(Mattel's Amended Fourth Set of Interrogatories, Miller Decl. Ex. L.)

Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.)  Thus, discovery directed to MGA Mexico is stayed.

## CONCLUSION

For the foregoing reasons, the MGA Parties respectfully request the Court to clarify its February 15, 2008, Order to make clear that the MGA Parties' obligation to supplement their responses to Interrogatory Nos. 41 (except with respect to Carter Bryant) and 43-44, and MGA Mexico's obligation to supplement any of the interrogatories directed to it, is stayed until further order of Judge Larson lifting his stay on Phase 2 discovery.

DATED: March 3, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Raoul D. Kennedy
RAOUL D. KENNEDY

Attorneys for Cross-Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN