QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA PARTIES; AND (2) FEBRUARY 20, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY CARTER BRYANT; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Notice of Lodging and Declaration of B. Dylan Proctor filed concurrently]<br><br>Hearing Date:      March 24, 2008<br>Time:                  10:00 a.m.<br>Place:                 Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-off:      January 28, 2008<br>Pre-trial Conference:   April 21, 2008<br>Trial Date:               May 27, 2008 |

07209/2420393.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 24, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of (1) the Discovery Master's February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties; and (2) the Discovery Master's February 20, 2008 Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant.

This Motion is made pursuant to Federal Rules of Civil Procedure 72(a) on the grounds that the Discovery Master's Orders were clearly erroneous and contrary to law in its rulings denying Mattel's motions to compel the MGA parties to provide responses to Interrogatory Nos. 27-39, 41 and 46-50 and to compel Carter Bryant to provide responses to Interrogatory Nos. 27-33, 36-39, 42 and 47.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the Notice of Lodging filed concurrently herewith, and all other matters of which the Court may take judicial notice.

## **Statement of Rule 7-3 Compliance**

The parties met and conferred regarding this motion on February 26, 2008, and dates thereafter.

DATED:  March 3, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND.................................................................................... 4

ARGUMENT ........................................................................................................... 6

I.  THE DISCOVERY MASTER'S ORDERS ARE CLEARLY
    ERRONEOUS OR CONTRARY TO LAW AS TO
    INTERROGATORY NOS. 27-29 BECAUSE DEFENDANTS
    IMPROPERLY LIMIT THEIR RESPONSES TO PATENTS ......................... 7

II. THE DISCOVERY MASTER'S ORDERS AS TO INTERROGATORY
    NO. 39 ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW ........... 10

    A.  The Discovery Master's Order Denying Mattel's Motion to
        Compel the MGA Parties to Provide Responses to Interrogatory
        No. 39 Is Clearly Erroneous.................................................................. 11

    B.  The Discovery Master's Order Denying Mattel's Motion to
        Compel Carter Bryant to Provide a Response to Interrogatory No.
        39 Is Clearly Erroneous......................................................................... 13

III. THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY
     NO. 41 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW................ 15

IV.  THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY
     NO. 46 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW................ 17

V.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY
     NOS. 48-50 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ........ 19

VI.  THE DISCOVERY MASTER'S ORDER AS TO BRYANT'S
     RESPONSE TO INTERROGATORY NO. 47 IS CLEARLY
     ERRONEOUS OR CONTRARY TO LAW.................................................... 20

VII. THE DISCOVERY MASTER'S ORDERS ARE CLEARLY
     ERRONEOUS OR CONTRARY TO LAW BECAUSE THEY DO NOT
     REQUIRE DEFENDANTS TO SPECIFICALLY IDENTIFY
     DOCUMENTS ............................................................................................. 23

i

1

CONCLUSION.......................................................................................................... 25

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

4

## **CASES**

5

A. Farber and Partners, Inc. v. Garber,
   234 F.R.D. 186 (C.D. Cal. 2006) ...................................................... 14

6

7

Clean Earth Remediation and Const. Serv's, Inc. v. American Intern,
   245 F.R.D. 137 (S.D.N.Y. 2007)......................................................24

8

In re Heritage Bond Litigation,
   2004 WL 1970058 (C.D. Cal. July 23, 2004) ................................... 14

9

10

In re Katrina Canal Breaches Consolidated Litig.,
   2007 WL 1959193 (E.D. La. 2007) .................................................. 16

11

Johnson v. Kraft Foods North America, Inc.,
   236 F.R.D. 535 (D. Kan. 2006)........................................................25

12

13

King v. Georgia Power Co.,
   50 F.R.D. 134 (N.D. Ga. 1970) ........................................................ 16

14

15

Miller v. Federal Express Corp.,
   186 F.R.D. 376 (W.D. Tenn. 1999)...................................................24

16

Morgan v. Woessner,
   997 F.2d 1244 (9th Cir. 1993) .......................................................... 13

17

18

Schaap v. Executive Indus., Inc.,
   130 F.R.D. 384 (N.D. Ill. 1990) ......................................................20

19

Seff v. General Outdoor Advertising Co.,
   11 F.R.D. 597 (N.D. Ohio 1951)....................................................... 16

20

21

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
   2000 WL 307470, at *4 (C.D. Cal. 2000).......................................... 13

22

Ukiah Automotive Investments v. Mitsubishi Motors of North America,
   2006 WL 1348562 (N.D. Cal. May 17, 2006) ...................................24

23

24

Ultratech, Inc. v. Tamarach Scientific Co.,
   2005 WL 40074 (N.D. Cal. Jan 05, 2005) ........................................24

25

VNA Plus, Inc. v. Apria Healthcare Group, Inc.,
   1999 WL 386949 (D. Kan 1999) ......................................................24

26

27

Wright v. Touhy,
   2003 WL 22439864, at *4 (N.D. Ill. 2003).........................................8

28

1

## **STATUTES**

2   Cal. Penal Code § 641.3 ............................................................. 12

3   Fed R. Civ. P. 26(b)(2) ............................................................. 16

4   Fed. R. Civ. P. 26(b)(1) ............................................................. 18

5   Fed. R. Civ. P. 33(d) ............................................................. 24

6   Fed. R. Civ. Proc. 72(a) ............................................................. 6

7

8

## **OTHER AUTHORITIES**

9   California Rule of Professional Conduct 3-700(c) ....................................... 18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Discovery Master's February 15, 2008 and February 20, 2008 Orders deny Mattel discovery of critical information.  In response to interrogatories seeking information plainly relevant to the claims and defenses in this case, Defendants have responded either by providing no answers or by providing incomplete and evasive answers.  Mattel is entitled to complete responses consistent with the <u>Federal Rules of Civil Procedure</u>.  The Discovery Master's Orders denying Mattel such responses are clearly erroneous and/or contrary to law and should be overruled.

First, Defendants have failed to provide any legitimate response to interrogatories Mattel first served nine months ago seeking the identification of Bratz inventions created during critical time periods -- during Bryant's employment with Mattel, and the periods immediately prior to and after.  Knowing precisely which Bratz designs and other inventions Defendants contend were created before or just after Bryant worked at Mattel, and which they admit were created while Bryant was employed by Mattel, is obviously crucial information.  Yet in their responses, Defendants identify no Bratz inventions at all, instead limiting their responses to a definition of "inventions" "as used in patent law," which conflicts with the definition in Mattel's interrogatories and is simply bizarre since this is not a patent case.  The Discovery Master failed to address that improper limitation in finding Defendants' non-responses "adequate."

Second, Defendants refuse to identify the financial accounts they have maintained since January 1, 1999.  The Discovery Master previously compelled Isaac Larian to provide nearly identical information, recognizing that it is relevant to net worth and also "likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz."  Yet, the Discovery Master found that to compel MGA and Bryant to provide similar information would be duplicative and cumulative.  Not so.  MGA and Bryant have

-1-

1  only produced limited financial information.  The identity of MGA's and Bryant's

2  accounts, which may be the only accounts that reflect payments to Bryant or other

3  witnesses, or payments to other Mattel employees while employed by Mattel, are not

4  duplicative of the identity of Larian's accounts.

5       Third, MGA refuses to provide the date it first contacted former Mattel

6  employees who now work for MGA or have worked for MGA since January 1, 1999.

7  The Discovery Master recognized that such information was "clearly relevant to

8  Mattel's claims" and "conspicuously absent from the MGA parties' response," yet

9  nevertheless denied Mattel the information, finding that to compel it would pose an

10  undue burden.  MGA, however, failed to make any showing of burden at all.  Mattel

11  is entitled to the information, which is central to Mattel's claims that MGA poached

12  Mattel employees and encouraged them to abscond with Mattel's trade secrets.

13       Fourth, MGA refuses to provide any information regarding the facts

14  surrounding its dispute with its former counsel.  The Discovery Master found that

15  Mattel's interrogatory seeking that information was overbroad because it seeks facts

16  regarding "any and all" disputes.  But Mattel's interrogatory was narrowly tailored to

17  only those disputes relating to this case.  The Discovery Master also held that the

18  information was protected by the attorney-client privilege.  That finding ignores that

19  Mattel expressly carved out of its interrogatory "communications which are protected

20  by the attorney-client privilege."  In any event, the underlying facts are not privileged.

21  Indeed, MGA has already publicly discussed some facts regarding the dispute,

22  showing they are not privileged.

23       Fifth, MGA has failed to identify basic information regarding its trade dress

24  claims against Mattel.  Mattel's interrogatories ask MGA to identify the trade dress

25  that MGA contends Mattel has infringed.  Mattel also asks MGA to specifically

26  identify allegedly infringing Mattel products.  Mattel needs this information in order

27  to adequately prepare its defense.  Yet, MGA has provided only general responses,

28  without identifying specific trade dress or allegedly infringing products.  Even MGA

-2-

recognizes that its responses are inadequate; it represented to the Discovery Master that it would supplement them in connection with Phase 2 discovery. Notwithstanding MGA's admission, the Discovery Master ruled that MGA's responses were "in substantial compliance," thus depriving Mattel of information critical to its defense.

Sixth, Bryant refuses to provide an adequate response to Mattel's interrogatory seeking the sources of information from which Bryant searched for and/or collected key documents in this case -- documents that relate to Bratz and the period prior to February 28, 2001.  Although the Discovery Master recognized the importance of this information and compelled MGA to provide a complete response, the Discovery Master found Bryant's response adequate even though Bryant provided only a broad, useless description of where he searched for documents.  Mattel is entitled to a complete, detailed response that will serve the purpose of the interrogatory -- to enable Mattel to test Bryant's production.  That is especially important here, where Bryant has misrepresented his document collection and production efforts and there is substantial evidence that Bryant has spoliated evidence.

Last, as the Discovery Master has previously held, in responding to interrogatories that seek the identification of documents, Defendants are required to specifically identify the documents by Bates number where possible.  Defendants have failed to identify documents by Bates number in nearly all of their responses. Mattel raised this issue before the Discovery Master.  Despite the Discovery Master's previous ruling on the issue, his February 15, 2008 and February 20, 2008 Orders do not require Defendants to identify documents with specificity.  They are thus clearly erroneous and contrary to the very law the Discovery Master has previously cited.

The Court should overrule the Discovery Master's Orders in part, and compel (1) the MGA parties to provide further responses to Interrogatory Nos. 27-39, 41 and 46-50, and (2) Carter Bryant to provide further responses to Interrogatory Nos. 27-33, 36-39, 42 and 47.

## **Factual Background**

**Mattel's Interrogatories and Defendants' Responses.**  Between September 21, 2007 and October 25, 2007, Mattel served five sets of interrogatories on defendants Carter Bryant ("Bryant") and MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de C.V., Isaac Larian and Carlos Gustavo Machado Gomez (collectively "MGA" or "the MGA parties").[1]  Those five sets of interrogatories ask each of the defendants the same 24 questions (Interrogatory Nos. 27-50).[2]  These interrogatories were re-served after a number of them were previously served in June 2007;[3] by Order dated September 5, 2007, the Discovery Master instructed Mattel to re-serve the interrogatories with his guidance on numerosity and counting issues.[4]

Defendants' initial responses to these interrogatories consisted almost entirely of objections.[5]  On December 13, 2007, Mattel filed a motion to compel Carter Bryant to provide further responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and

---

[1]   See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, attached as Exhibit 1 to the concurrently filed Declaration of B. Dylan Proctor, dated March 3, 2007 ("March 3 Proctor Dec."); Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, March 3 Proctor Dec., Exh. 2; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3; Mattel's Sixth Set of Interrogatories, dated October 23, 2007, attached as Exhibit 11 to the Declaration of B. Dylan Proctor, dated December 20, 2007, Notice of Lodging, Exh. 4 ("December 20 Proctor Dec."); Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor Dec., Exh. 4.

[2]   Id.

[3]   See Mattel's Third Set of Interrogatories, dated June 7, 2007, December 20 Proctor Dec., Exh. 34.

[4]   See Order Granting Joint Motion for Protective Order, dated September 5, 2007, at pp. 4-5, December 20 Proctor Dec., Exh. 33.

[5]   See MGA Parties' Responses and Objections to Mattel's Revised Third Set of Interrogatories, December 20 Proctor Dec., Exhs. 13, 21-24; MGA Parties' Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, December 20 Proctor Dec., Exhs. 14, 25-28;  MGA Parties' Responses and Objections to Mattel's Fifth Set of Interrogatories, December 20 Proctor Dec., Exhs. 15-18; MGA Parties' Responses and Objections to Mattel's Seventh Set of Interrogatories, December 20 Proctor Dec., Exhs. 20, 29-32; Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, attached as Exhibit 5 to the Declaration of B. Dylan Proctor, dated December 13, 2007, Notice of Lodging, Exh. 2 ("December 13 Proctor Dec."); Bryant's Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, dated November 15, 2007, December 13 Proctor Dec., Exh. 6; Bryant's Responses and Objections to Mattel's Fifth Set of Interrogatories, dated November 21, 2007, December 13 Proctor Dec., Exh. 7.

47.[6]  One week later, Mattel filed a motion to compel the MGA parties to provide further responses to Interrogatory Nos. 27-44 and 46-50.[7]

After Mattel filed its motions to compel, Defendants supplemented their responses.  Carter Bryant supplemented certain of his responses on December 17, 2007 and again on January 28, 2008.[8]  The MGA parties supplemented certain of their responses on January 7, 2008 and again on January 28, 2008.[9]  However, many of Defendants' responses remain deficient, consisting either of no answer, or incomplete and evasive answers.

The Discovery Master's Orders.  On February 11, 2008, the parties had an approximately one-hour hearing before the Discovery Master at which both of Mattel's motions to compel were addressed along with five other discovery motions.[10]  On February 15, 2008, the Discovery Master entered an Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44

---

[6]  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-33, 36-40, 42, 45 and 47) by Carter Bryant, dated December 13, 2007, Notice of Lodging, Exh. 1.

[7]  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 20, 2007, Notice of Lodging, Exh. 3.

[8]  See Supplemental Werdegar Declaration in Support of Carter Bryant's Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories, dated February 6, 2008, Notice of Lodging, Exh. 17 ("Supp. Werdegar Dec."), ¶ 4; Bryant's Second Supplemental Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5; Bryant's Second Supplemental Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 6; Bryant's Second Supplemental Responses and Objections to Mattel's Fifth Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 7.

[9]  See Supplemental Declaration of Timothy A. Miller in Support of MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated February 8, 2008, Notice of Lodging, Exh. 1 ("Supp. Miller Dec."), ¶ 2; MGA Parties' Third Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 8 and Supp. Miller Dec., Exhs. 1, 5, 7, 9; MGA Parties' Third Supplemental Responses to Mattel's Amended Fourth Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 9 and Supp. Miller Dec., Exhs. 3, 6, 8, 10.

[10]  Transcript of February 11, 2008 Hearing before Discovery Master, March 3 Proctor Dec., Exh. 10.

1  and 46-50 by the MGA Parties.[11]  In that Order, the Discovery Master denied Mattel's

2  motion to compel as to Interrogatory Nos. 27-29, 39, 41 (in part), 46 and 48-50.[12]  On

3  February 20, 2008, the Discovery Master entered an Order Denying Mattel's Motion

4  to Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter

5  Bryant.[13]

6          The Parties' Meet and Confer.  On February 25, 2008, Mattel wrote to counsel

7  for MGA seeking to meet and confer regarding Mattel's intended appeal of portions

8  of the Discovery Master's February 15, 2008 Order.[14]  The parties met and conferred

9  on February 29, 2008, but were unable to come to an agreement regarding Mattel's

10  intended appeal.[15]

11          On February 27, 2008, Mattel wrote to counsel for Carter Bryant seeking to

12  meet and confer regarding Mattel's intended appeal of portions of the Discovery

13  Master's February 20, 2008 Order.[16]  On February 28, 2008, counsel for Carter Bryant

14  responded to Mattel's letter, reiterating Bryant's position and stating that further meet

15  and confer did not seem necessary.[17]

16                                    **Argument**

17          By the stipulation and court order appointing a Discovery Master, the

18  Discovery Master's rulings are treated like those of a magistrate judge.  Such rulings

19  should be overruled if they are "clearly erroneous or [] contrary to law." Fed. R. Civ.

20  Proc. 72(a).

21

---

22  [11]   Order Granting in Part and Denying in Part Mattel's Motion to Compel
Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
23  February 15, 2008, March 3 Proctor Dec., Exh. 11 ("February 15 Order").
       [12]   Id.
24  [13]   Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos.
27-33, 36-40, 42, 45 and 47 by Carter Bryant, dated February 20, 2008, March 3
25  Proctor Dec., Exh. 12 ("February 20 Order").
       [14]   Letter from Proctor to Miller, dated February 25, 2008, March 3 Proctor Dec.,
26  Exh. 13.
       [15]   March 3 Proctor Dec., ¶ 14.
27  [16]   Letter from Proctor to Werdegar, dated February 27, 2008, March 3 Proctor
Dec., Exh. 14.
28  [17]   Letter from Werdegar to Proctor, dated February 28, 2008, March 3 Proctor
Dec., Exh. 15.

I.   **THE DISCOVERY MASTER'S ORDERS ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW AS TO INTERROGATORY NOS. 27-29 BECAUSE DEFENDANTS IMPROPERLY LIMIT THEIR RESPONSES TO PATENTS**

The Discovery Master based his denial of Mattel's motion to compel both the MGA parties and Bryant to provide responses to Interrogatory Nos. 27-29 on the grounds that the interrogatories are "overbroad and unduly burdensome," and that Mattel has not justified its definition of "Bratz Invention," which "encompass[es] numerous intellectual property concepts."[18]  The Discovery Master found that the MGA parties' and Bryant's responses were thus "adequate under the circumstances."[19] That finding is clearly erroneous.

Interrogatory Nos. 27-29 seek the identity of Bratz inventions created during key time periods -- during Bryant's employment at Mattel and shortly prior to or after Bryant's employment at Mattel.[20]  This information is critical to Mattel's claims.

---

[18]  February 15 Order, at pp. 8-9; February 20 Order, at pp. 3-4.
[19]  Id.
[20]  Interrogatory Nos. 27-29 read as follows:

 Interrogatory No. 27:  IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999 and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

 Interrogatory No. 28:  IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

 Interrogatory No. 29:  IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

(footnote continued)

1   Whether Bryant invented Bratz while employed by Mattel, and thereby assigned the

2   rights to Bratz to Mattel pursuant to the terms of the Inventions Agreement, is at the

3   heart of this case.  In order for Mattel to prepare for trial, it must know Defendants'

4   positions regarding precisely which Bratz works were created or conceived during

5   these critical periods of time, as well as the facts supporting those positions.  See,

6   e.g., Wright v. Touhy, 2003 WL 22439864, at *4 (N.D. Ill. 2003) (the Federal Rules

7   "are designed to promote liberal discovery in an effort to narrow the issues for trial

8   and to prevent unfair surprise").

9        Defendants' responses provide no such information.  The MGA parties and

10  Bryant identified *no* Bratz inventions, unilaterally narrowing the scope of their

11  responses to their own definition of "invention," which they both limit to "as the term

12  is used in utility patent law" and "[w]ith respect to design patents."[21]  That limitation

13  makes no sense and cannot be "adequate."  This is not a patent case and Mattel did

14  not ask patent law interrogatories.

15       The reason for Defendants' arbitrary limitation is clear.  By limiting the

16  definition of "invention" to patents, Defendants avoid identifying key intellectual

17  property at issue in this case, including copyrightable Bratz works that Bryant created

18  while employed by Mattel.  Defendants have made clear they intend to argue that the

19  Inventions Agreement applies only to patents and not other types of inventions, such

20  as copyrightable designs.  Mattel disagrees with that position.  While Defendants are

21  free to argue at summary judgment that only patents are subject to the Inventions

22  Agreement, that position does not preclude Mattel from discovery regarding *other*

23  Bratz inventions created or conceived during the limited time periods at issue, like

24  copyrightable works and ideas.  That information is critical.  Indeed, the identity of

25  _____

26  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3
    Proctor Dec., Exh. 1.

27  [21]   MGA's Third Supplemental Responses to Mattel's Revised Third Set of
    Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 8; Bryant's
    Second Supplemental Responses and Objections to Mattel's Revised Third Set of

28  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5.

1   those Bratz inventions could, in and of itself, prove liability as to a number of

2   Mattel's claims.  The Discovery Master's finding that Defendants' responses, limited

3   to patents, were "adequate" precludes discovery of this plainly critical information

4   and is thus clearly erroneous or contrary to law.

5          The Discovery Master's finding that the definition of "BRATZ INVENTION"

6   is overbroad is also clearly erroneous.[22]  Mattel's definition is necessarily

7   comprehensive because Defendants endlessly play games with definitions in

8   discovery.  For example, in response to a Mattel request for admission regarding

9   whether MGA believed it was lawful to market "BRATZ" at the time it entered into

10  its September 2000 agreement with Bryant, MGA repeatedly objected that "the term

11  'BRATZ' is vague and ambiguous and, as defined by Mattel, renders the RFA

12  nonsensical as no BRATZ then existed,"[23] based on MGA's contention that "Bratz"

13  just refers to "Bratz dolls," which had not yet been created.  However, Mattel had

14  defined the term "Bratz" more broadly, and indeed stated expressly in its definition

15  that "the term 'BRATZ' does not and shall not require that there be a doll existing at

16  _____

17  [22]   The definitions of "BRATZ INVENTION" and "DESIGN" provided by Mattel are comprehensive, but straightforward:

18  
19          "BRATZ INVENTION" means any representation, idea, concept, work, process, procedure, plan, improvement, design, or other development, whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ, including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ."

20  
21          "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

22  
23  
24  
25  

26  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at p. 4, March 3 Proctor Dec., Exh. 1.

27  [23]   See MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Fifth Set of Requests for Admission, dated August 22, 2007, at pp. 3-6, attached as Exhibit 3 to the Supplemental Declaration of B. Dylan Proctor, dated January 7, 2008, Notice

28  of Lodging, Exh. 13 ("January 7 Proctor Dec.").

1  the time of the event . . . that is the subject of, or otherwise relevant or responsive to

2  the Requests."[24]

3      Defendants' responses here demonstrate the same evasiveness and highlight the

4  reason the definition of "Bratz Invention" must be broad and comprehensive; if it

5  were not, and indeed even though it is, Defendants arbitrarily limit the scope of

6  "inventions" to patents.  That limitation allows Defendants to shield from discovery

7  the identity of countless inventions that Mattel believes are subject to the Inventions

8  Agreement and are thus Mattel property.  Mattel's definition is tailored to obtain the

9  identification of all Bratz creations or conceptions that Mattel believes are subject to

10  the Inventions Agreement and therefore Mattel's property -- information to which

11  Mattel is entitled.

12  **II.    THE DISCOVERY MASTER'S ORDERS AS TO INTERROGATORY**

13  **NO. 39 ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW**

14      Interrogatory No. 39 asks the MGA parties and Bryant to identify financial

15  accounts they have maintained since January 1, 1999.[25]  Defendants provided no

16  response at all.  Nevertheless, the Discovery Master denied Mattel's motion to compel

17  responses to this interrogatory as to both the MGA parties and Bryant.  The

18  Discovery Master's rulings are clearly erroneous or contrary to law.

19

20

21

22

23

24

---

25  [24]   Mattel, Inc.'s Fifth Set of Requests for Admission to MGA Entertainment, Inc.,
26  dated June 8, 2007, at p. 2, January 7 Proctor Dec., Exh. 4.
    [25]   Interrogatory No. 39 asks Defendants to "IDENTIFY each and every bank or
    financial institution account that REFERS OR RELATES TO YOU, including
27  accounts in YOUR name or for YOUR benefit, since January 1, 1999."  Mattel's
    Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor
28  Dec., Exh. 1.

A.    **The Discovery Master's Order Denying Mattel's Motion to Compel the MGA Parties to Provide Responses to Interrogatory No. 39 Is Clearly Erroneous**

With respect to the MGA parties, the Discovery Master found that "the financial information sought is cumulative of other discovery already sought and obtained by Mattel."[26]  That is incorrect.

It is undisputed that the identity of financial accounts maintained by MGA are relevant.  In fact, the Discovery Master previously compelled Isaac Larian to produce documents in response to a document request nearly identical to the interrogatory at issue here.[27]  In compelling Larian to produce documents sufficient to identify each of his bank accounts, financial institutions or other banking relationships since January 1, 1999, the Discovery Master held that "the requested information is likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz.  The requested information is also likely to show Larian's income and net worth, which are relevant to damages."[28]  The same is true here.  It is not cumulative or duplicative to obtain the same type of information from MGA.  Larian's accounts provide no evidence of MGA's net worth or evidence of payments made to Bryant from MGA accounts.  For the same reason the Discovery Master compelled Larian to produce documents sufficient to identify his accounts, the MGA parties should be compelled to identify their financial accounts.

Moreover, to the extent the Discovery Master based his ruling on the limited financial information already produced by MGA, the Discovery Master's ruling is also clearly erroneous.  The limited financial information MGA has produced is

---

[26]  February 15 Order, at p. 14.
[27]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007, at pp. 15-16, March 3 Proctor Dec., Exh. 16.
[28]  Id.

1   clearly insufficient.  For example, the only payments to Bryant -- evidence relevant to
2   show the timing of the creation Bratz -- that MGA has acknowledged providing are
3   "[d]ocuments showing royalty payments to Carter Bryant."[29]  But all payments,
4   whether royalty payments or otherwise, are plainly relevant, especially payments that
5   predate the Bryant/MGA contract.

6        Moreover, the information requested may lead to direct evidence of liability
7   regarding Mattel's allegations of commercial bribery against MGA and Larian, which
8   are explicitly alleged as predicate acts for Mattel's RICO claims.[30]  Payments to
9   Mattel employees, including Carter Bryant and others, during the course of their
10  Mattel employment, would themselves establish commercial bribery and other
11  tortious conduct that are the subject of Mattel's claims, but MGA has failed to provide
12  such information.  See Cal. Penal Code § 641.3 (stating that any employee who
13  "solicits, accepts, or agrees to accept money or any thing of value from a person other
14  than his employer" without the employer's knowledge and in exchange for using his
15  position to benefit that other person is guilty of commercial bribery).  Mattel recently
16  learned of three additional Mattel employees who worked on Bratz while employed
17  by Mattel for years.[31]  Mattel is entitled to discovery that could show payments made
18  by MGA or Bryant to those individuals.  The Discovery Master's Order did not
19  address the clear relevance of payments to those other than Bryant.

---

[29]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 31, 2007, at pp. 10-11, Notice of Lodging, Exh. 10.
[30]   Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, ¶¶ 94-97, Prayers ¶ 12, December 20 Proctor Dec., Exh. 41.
[31]   See Deposition of Veronica Marlow at 306:8-25, 363:15-21, January 7 Proctor Dec., Exh. 11.

**B.**     **The Discovery Master's Order Denying Mattel's Motion to Compel Carter Bryant to Provide a Response to Interrogatory No. 39 Is Clearly Erroneous**

The Discovery Master also denied Mattel's motion to compel Carter Bryant to respond to Interrogatory No. 39.  That ruling was also clearly erroneous and contrary to law.

First, the Discovery Master found the interrogatory to be overbroad.[32]  But, as described in Section II.B above, the Discovery Master compelled Isaac Larian to produce documents in response to a document request nearly identical to Interrogatory No. 39.[33]  Mattel is likewise entitled to the identity of Bryant's accounts.  Those accounts are relevant to show, among other things, payments from MGA and/or Larian to Bryant, payments by Bryant to others related to Bratz, and Bryant's net worth.  That information is directly relevant to the timing of the creation of Bratz (secret payments to Bryant in 1999 or early 2000 would obviously be telling), Mattel's commercial bribery claim, bias and damages.  Mattel has punitive damages claims against Bryant.[34]  In assessing punitive damages, the jury is entitled to consider Bryant's net worth.  See, e.g., U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL 307470, at *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages").  Indeed, under California law Mattel is required to introduce evidence of Bryant's financial condition to obtain an award of punitive damages against him.  See Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir. 1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).

---

[32]  February 20 Order, at p. 5.
[33]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007, at pp. 15-16, March 3 Proctor Dec., Exh. 16.
[34]  Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, Prayers ¶ 12, December 13 Proctor Dec., Exh. 22.

Second, the Discovery Master found that the interrogatory "implicates Bryant's (and others) privacy interests, without reasonable justification."[35]  However, the Discovery Master's decision failed to address the fact that the protective order in this case adequately prevents the use of confidential information outside of this litigation. That protection sufficiently addresses any privacy concerns, as the Discovery Master himself has previously found.[36]  See, e.g., A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006) ("Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted . . . *Here, plaintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order.*") (citing In re Heritage Bond Litigation, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004) ("Any privacy concerns Kasirer defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter").  In any case, Mattel is not asking that Bryant identify or produce a vast quantity of sensitive financial records.  It is asking only that he identify the institutions and accounts since January 1, 1999 that refer or relate to him.

Last, the Discovery Master found that "to the extent Interrogatory No. 39 seeks relevant information, that information is readily available through alternative less intrusive sources."[37]  Not so.  It is hard to imagine what source other than an interrogatory to Bryant could be less intrusive in obtaining the identity of Bryant's accounts, and no alternatives have been identified.  The Discovery Master's Order denying Mattel this critical information is clearly erroneous or contrary to law.

---

[35]  February 20 Order, at p. 5.
[36]  Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at p. 14, December 20 Proctor Dec., Exh. 54.
[37]  February 20 Order, at p. 5.

## III.    <u>THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY NO. 41 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW</u>

Interrogatory No. 41 seeks the identity of former Mattel employees who are now or have been employed by MGA since January 1, 1999, including the date of hire or effective date of contract, date of interview and the first date of contact with MGA regarding potential employment or contracting.[38]  The Discovery Master recognized that the date of interview and first contact "is clearly relevant to Mattel's claims" but "conspicuously absent from the MGA parties' response."[39]  Yet, the Discovery Master held that MGA need provide only the interview date, and could conceal the earlier first date of contact for each individual identified.[40]  That decision is clearly erroneous or contrary to law.

The date on which MGA first contacted former Mattel employees regarding potential employment or contracting is critical evidence relevant to Mattel's claims that MGA has, while poaching Mattel's employees, also induced them to abscond with Mattel's trade secrets.[41]  The dates of first contact could show that Mattel employees were involved with MGA for lengthy periods of time while still employed by Mattel, in breach of their duties to Mattel.  That could lead to admissible evidence of commercial bribery, among other things.  Date of first contact information could

---

[38]    Interrogatory No. 41 reads as follows:

IDENTIFY all PERSONS who at any time have been employed by or under contract with MATTEL who are now or have been employed by or under contract with YOU since January 1, 1999, and, for each such PERSON, state his or her name, date of hire or effective date of contract, the date on which YOU first had contact with such PERSON regarding potential employment or contracting, the date(s) on which such PERSON was interviewed for possible employment or contracting, each title (if any) such PERSON has held while employed by or under contract with YOU, and the date of termination (if applicable).

Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor Dec., Exh. 1.

[39]    February 15 Order, at p. 10.

[40]    Id. at p. 11.

[41]    See Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, December 20 Proctor Dec., Exh. 41.

-15-

also show when MGA first had access to sensitive Mattel trade secret information in the possession of those Mattel employees who left for MGA.  That showing is critical because, as the Court has previously observed, one of Mattel's defenses and responses to MGA's erroneous infringement and copying contentions is that MGA stole its "innovations" from Mattel.[42]  Mattel is entitled to learn precisely when MGA first contacted the employees it poached from Mattel to discover when it first had access to Mattel's information.

The Discovery Master's finding that "the burden of producing such information outweighs its likely benefit"[43] is not supported by the record.  MGA made no showing before the Discovery Master that providing the date of first contact would pose any burden at all.[44]  Even were MGA able to show a burden, the critical information sought and the amount in controversy clearly justifies any work responding fully will require.   See, e.g., Fed R. Civ. P. 26(b)(2); In re Katrina Canal Breaches Consolidated Litig., 2007 WL 1959193, at *6 (E.D. La. 2007) (overruling "overly burdensome" objection and granting discovery request because "[a]lthough the responsive materials are undoubtedly voluminous, considering the amount in controversy, the parties' resources and the vital importance of these materials to the litigation . . . the benefits of production outweigh the burden or expense of production"); King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to

---

[42]   Order Regarding Mattel's Motion for Leave to Amend, dated January 12, 2007, at pp. 19-20, December 20 Proctor Dec., Exh. 57.
[43]   February 15 Order, at p. 11.
[44]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 31, 2007, at pp. 31-33, Notice of Lodging, Exh. 10.

-16-

1   plaintiff clearly outweighed any annoyance or expense involved in disclosure by

2   defendant).

### IV.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY NO. 46 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW

5       The Discovery Master's denial of Mattel's motion to compel the MGA parties

6   to respond to Interrogatory No. 46 is also clearly erroneous or contrary to law.

7   Interrogatory No. 46 seeks the facts regarding MGA's dispute with its former counsel

8   related to this action.[45]  Those facts are not privileged and are reasonably likely to

9   lead to admissible evidence.

10      The Discovery Master found the interrogatory to be "overbroad in seeking

11  information about 'any and all disputes' with former counsel, regardless of whether

12  such disputes relate to a claim or defense in the case."[46]  Yet, Mattel limited the

13  interrogatory to disputes "relating to THIS ACTION."[47]  And, given the

14  circumstances surrounding the withdrawal of O'Melveny & Myers, MGA's former

15  counsel, it is reasonably likely that the dispute between MGA and its former counsel

16  was related to a claim or defense in this case.  In its application to the Court regarding

17  its withdrawal, the O'Melveny firm cited <u>California Rule of Professional Conduct</u> 3-

18

19

---

20      [45]  Interrogatory No. 46 reads as follows:

21          Without disclosing the content of communications which are protected by the
            attorney-client privilege, state fully and in detail all facts which REFER OR
22          RELATE TO any dispute relating to THIS ACTION between, on the one
            hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,
23          O'MELVENY and/or CHRISTENSEN, including but not limited to any and
            all disputes which were or have been asserted as a basis for, or which
24          underlie, contributed to or were a factor in, the withdrawal, termination and/or
            substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in
25          this ACTION, and IDENTIFY all PERSONS with knowledge of such facts
            and all DOCUMENTS that REFER OR RELATE TO such facts.

26  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec.,
    Exh. 3.
27      [46]  February 15 Order, at p. 22.
        [47]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor
28  Dec., Exh. 3.

1  700(c) as a basis for its withdrawal.[48]  Although it did not identify which of the

2  eleven prongs of that section applied, a number would relate directly to the claims

3  and defenses in this case.  As one example, if O'Melveny attempted to withdraw

4  because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed] that

5  the members pursue a course of conduct that is illegal or that is prohibited under

6  these rules or the State Bar Act," such information would be both non-privileged and

7  highly relevant to Mattel's case.

8         The Discovery Master's finding that there "is no evidence . . . to substantiate"

9  that MGA's dispute with its counsel is relevant[49] puts the cart before the horse.

10  Mattel does not have substantial *evidence* of what the dispute was about because that

11  information is exclusively within MGA's possession.  But the information Mattel now

12  seeks will show this.  Mattel's interrogatory is certainly reasonably calculated to lead

13  to the discovery of admissible evidence, which is all that is required.  See Fed. R.

14  Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged,

15  that is relevant to the claim or defense of any party. . . .  Relevant information need

16  not be admissible at trial if the discovery appears reasonably calculated to lead to the

17  discovery of admissible evidence.").

18         The Discovery Master also found the interrogatory "objectionable because it

19  intrudes upon MGA's relationship with former counsel, and thus necessarily intrudes

20  upon the protections afforded by the attorney-client privilege and work product

21  doctrine."[50]  That ignores that Mattel limited the interrogatory solely to the

22  underlying facts and expressly requested a response that "[did not disclose] the

23  content of communications which are protected by the attorney-client privilege."[51]

---

24

25  [48]  *Ex Parte* Application of O'Melveny & Myers LLP for Order Shortening Time for Hearing its Motion to Withdraw and Requiring *In Camera* Inspection of

26  Supporting Documents, dated October 8, 2007, at p. 1, December 20 Proctor Dec., Exh. 51.

27  [49]  February 20 Order, at p. 21.
    [50]  Id., at p. 22.

28  [51]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3.

1  Indeed, MGA has made public statements regarding some facts underlying its dispute

2  with its former counsel.[52]  Therefore, non-privileged facts regarding the dispute

3  necessarily exist, or MGA has disclosed otherwise privileged information regarding

4  the dispute and thereby waived the privilege.  In either case, Mattel is entitled to a

5  response detailing the facts of MGA's dispute with former counsel.

6  **V.    THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY**

7  **NOS. 48-50 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

8          Interrogatory Nos. 48-50 ask MGA to identify (1) each trade dress that is

9  subject of MGA's claims, defenses or allegations, (2) each Mattel product that MGA

10  claims infringes that trade dress, and (3) all facts that support MGA's contention that

11  the trade dress that is the subject of its claims is protectible.[53]  In response to these

12  requests, the MGA parties described only general categories of allegedly protected

13  trade dress and allegedly infringing products.[54]  The MGA parties failed to identify

14  all the particular trade dress they claim is at issue or all the particular Mattel products

15

16      [52]   Article entitled Behind the Scenes, Bratz Doll Case Heats Up, published on

17  Law.com on November 11, 2007, December 20 Proctor Dec., Exh. 53.
     [53]    Interrogatory Nos. 48-50 read as follows:

18       Interrogatory No. 48:  Separately IDENTIFY each trade dress that YOU

19  contend MATTEL has copied, infringed or diluted or that is otherwise the
     subject of YOUR claims, defenses or allegations in THIS ACTION.

20       Interrogatory No. 49:  For each trade dress identified in response to

21  Interrogatory No. 48, separately and fully IDENTIFY each and every
     MATTEL product, packaging or other matter that YOU contend copies,

22  infringes or dilutes such trade dress, including without limitation by describing
     fully and separately, for each such MATTEL product, packaging or other

23  matter, each and every element of the claimed trade dress that YOU contend
     MATTEL has copied, infringed or diluted.

24       Interrogatory No. 50:  For each trade dress identified in response to

25  Interrogatory No. 48, separately and completely IDENTIFY all facts that
     support YOUR contention that such trade dress is protectible, all

26  DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS
     with knowledge of the foregoing.

27  Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor
     Dec., Exh. 4.

28      [54]   MGA Parties' Responses and Objections to Mattel's Seventh Set of
     Interrogatories, December 20 Proctor Dec., Exhs. 20, 29-32.

1  they claim infringe that trade dress.[55]  Indeed, recognizing this, MGA represented to

2  the Discovery Master that it would "supplement these responses in the course of

3  Phase 2 discovery."[56]  In spite of the admission that its responses were not complete,

4  the Discovery Master found the responses to be "in substantial compliance with Rule

5  33,"[57] effectively granting MGA license to sandbag Mattel with "new" infringement

6  contentions whenever it chooses.  That finding is clearly erroneous or contrary to law.

7  See, e.g., Schaap v. Executive Indus., Inc., 130 F.R.D. 384-88 (N.D. Ill. 1990)

8  (compelling responses to interrogatories seeking factual bases for contentions

9  because "for the litigation to proceed fairly and effectively, there must be mutual

10  access to all relevant facts.").

11      Without the identity of the specific trade dress MGA claims supports its

12  claims, Mattel cannot prepare its defense.  The same is true with the identity of the

13  specific Mattel products that MGA alleges infringe MGA's trade dress.  Mattel is

14  entitled to discovery of these MGA contentions.  MGA's responses describing its

15  contentions in general terms are insufficient.

16  ## VI.   THE DISCOVERY MASTER'S ORDER AS TO BRYANT'S RESPONSE

17  ## TO INTERROGATORY NO. 47 IS CLEARLY ERRONEOUS OR

18  ## CONTRARY TO LAW

19      The Discovery Master denied Mattel's motion to compel Carter Bryant to

20  provide responses to Interrogatory No. 47.  That interrogatory asks Bryant to identify

21  the sources of information from which he collected documents in this action that both

22  refer or relate to Bratz and refer or relate to the time period prior to February 28,

23  2001.[58]  It is undisputed that Interrogatory No. 47 seeks highly relevant information.

24

25  [55]  Id.
26  [56]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
    Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated
    December 31, 2007, at p. 30, Notice of Lodging, Exh. 10.
27  [57]  February 15 Order, at p. 13.
    [58]  Interrogatory No. 47 reads as follows:
28
    (footnote continued)

1  Indeed, the Discovery Master compelled the MGA parties to provide responses to the

2  same interrogatory, finding it "narrowly tailored to a key subject, namely early Bratz

3  documents and other information."[59]  For the same reason Bryant should be

4  compelled to produce further responses.  The Discovery Master's denial of Mattel's

5  motion to compel further responses is clearly erroneous or contrary to law.

6         The Discovery Master held that Bryant's supplemental response to

7  Interrogatory No. 47 is "in substantial compliance with Rule 33."[60]  The Discovery

8  Master specifically identified Bryant's provision of "responsive information about an

9  HP desktop computer and a Compaq Presario Laptop" and identification of "portions

10 of [Bryant's] testimony by page and line number where he discusses the use of a

11 computer at his parents' home and his occasional use of Elise Cloonan's computer" as

12 a sufficient response.[61]  However, that information was responsive to Interrogatory

13 No. 40, which asked for the identity of every storage device used by Bryant that

14 contained information related to Bratz prior to January 1, 2002.[62]  The Discovery

15 Master's written Order does not address why Bryant's response to Interrogatory No.

16 47 is purportedly proper.[63]

17        It is not.  Bryant's response merely provides generalized information regarding

18 where he looked for information.  He does not identify the source of information for

19 any particular documents and does not identify, for example, which sources he

20

21

22        IDENTIFY each and every SOURCE OF INFORMATION from which YOU
23 have COLLECTED DOCUMENTS in THIS ACTION that REFER OR
   RELATE TO BRATZ and that also REFER OR RELATE TO the time period
   prior to February 28, 2001 (regardless of when such DOCUMENT was, in
24 whole or part, created, drafted, generated, sent, received or transmitted).

25 Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec.,
   Exh. 3.
   [59]
26    [60]  February 15 Order, at p. 20.
      [61]  February 20 Order, at p. 7.
27    [62]  Id.
       Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
   March 3 Proctor Dec., Exh. 1.
28    [63]  February 20 Order, at p. 7.

-21-

1   searched for early Bratz documents but did not find any.[64]  His responses therefore do

2   not allow Mattel to test the sufficiency of Bryant's searches and production, which is

3   the point of the interrogatory.  By identifying the source of this information, Mattel

4   will be able to discover what sources Bryant has examined to produce the key

5   documents in this case, and perhaps more important, the sources Bryant has ***not***

6   examined.

7           That discovery is particularly important here, because Bryant has repeatedly

8   misrepresented his efforts to collect documents from his computers and there is

9   substantial evidence of spoliation.[65]  For example, early in this litigation Bryant and

10  his counsel repeatedly represented that Bryant had possession of a single desktop

11  computer that he had purchased the day after he resigned from Mattel.  Bryant

12  claimed to have searched for responsive documents on that desktop and said there

13  were none.[66]  After Mattel finally obtained access to that desktop, however, it learned

14  Bryant ran a program called "Evidence Eliminatory" on the drive.[67]  Years later

15  Bryant admitted to having imaged the hard drive of a laptop computer early in the

16  case as well.[68]  When Mattel finally received the hard drive of Bryant's laptop, Mattel

17  learned that "Evidence Eliminator" had been run on it both two days before it was

18  imaged by Bryant's counsel and on the same day its was imaged by Bryant's counsel,

19

20

21

22  ――――――――――――――
[64]   Bryant's Second Supplemental Responses and Objections to Mattel's Revised

23  Third Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5.
[65]   See, e.g., Mattel's Motion Objecting to Portions of Discovery Master's

24  December 31, 2007 Order Regarding Hard Drives, dated January 16, 2008, at pp. 2-6, March 3 Proctor Dec., Exh. 17.
[66]   See, e.g., Letter from Jacoby to Quinn, dated November 1, 2004, at p. 2,

25  attached as Exhibit 1 to the Declaration of Scott B. Kidman, dated January 16, 2007, March 3 Proctor Dec., Exh. 18 ("Kidman Dec.").
[67]   See Forensic Analysis Report No. 2 by Mark Menz, dated February 10, 2008,

26  March 3 Proctor Dec., Exh. 21.
[68]   Letter from Zeller to Wickham, dated April 6, 2007, Kidman Dec., Exh. 15.

27

28

07209/2420393.1

-22-

1  after this lawsuit was filed.[69]  "Evidence Eliminator" deleted more than 9,400 files

2  from Bryant's laptop the first time it was run alone.[70]

3       Given this history, it is particularly important that Mattel obtain detailed

4  information regarding where Bryant searched for key documents, and where they

5  could and could not be found, not simply the general, incomplete descriptions he has

6  provided.  The Discovery Master's ruling denying Mattel further information is

7  clearly erroneous or contrary to law.

8  **VII.   THE DISCOVERY MASTER'S ORDERS ARE CLEARLY**

9       **ERRONEOUS OR CONTRARY TO LAW BECAUSE THEY DO NOT**

10       **REQUIRE DEFENDANTS TO SPECIFICALLY IDENTIFY**

11       **DOCUMENTS**

12       Nearly all the interrogatories at issue in Mattel's motions to compel seek the

13  identification of documents relating to the particular interrogatory.[71]  Mattel's

14  interrogatories define "IDENTIFY" with respect to documents as "to describe each

15  DOCUMENT by Bates number."[72]  Defendants' responses fail to do so.

16       In its papers before the Discovery Master and at the hearing on its motions to

17  compel, Mattel raised Defendants' failure to identify specific documents in response

18  to any of the interrogatories at issue.[73]  Although the Discovery Master's Orders

19

20

21

22  [69]  See Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008, March 3 Proctor Dec., Exh. 20.

23  [70]  Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008, March 3 Proctor Dec., Exh. 20.

24  [71]  See Interrogatory Nos. 27-38, 42, 46-47 and 50; Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor Dec., Exh. 1; Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, March 3 Proctor Dec., Exh. 2; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3; Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor Dec., Exh. 4.

25

26  [72]  Id.

27  [73]  See, e.g., Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 20, 2007, at p. 17, Notice of Lodging, Exh. 3; February 11, 2008 Hearing Transcript, at 31:14-18, March 3 Proctor Dec., Exh. 10.

28

-23-

acknowledge that Mattel raised the issue, the Orders do not compel Defendants to specifically identify documents and do not otherwise address the subject.[74]

As the Discovery Master has previously held, interrogatory responses must identify any referenced documents specifically and in detail, either by Bates numbers or through a sufficiently detailed description that allows the interrogating party to ascertain which specific documents are being referenced.  Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated April 17, 2007 at p. 6, March 3 Proctor Dec., Exh. 22 ("MGA is required, but has failed, to provide sufficient detail to permit Mattel to locate and to identify, as readily as can MGA, the records from which the answers may be ascertained. . . To comply with Rule 33(d), Fed.R.Civ.P., MGA should, if possible, provide Bates numbers for the invoices") (citing Ultratech, Inc. v. Tamarach Scientific Co., 2005 WL 40074 (N.D. Cal. Jan 05, 2005) (No. C 03-3235 CRB JL)); see also Ukiah Automotive Investments v. Mitsubishi Motors of North America, 2006 WL 1348562 at *1 (N.D. Cal. May 17, 2006) (plaintiff's response to interrogatory, which requested identification of all documents that support plaintiff's calculation of damages, was insufficient where plaintiff merely referenced its financial statements and records and did not identify the documents by Bates-number or file number); Clean Earth Remediation and Const. Serv's, Inc. v. American Intern, 245 F.R.D. 137, 140 (S.D.N.Y. 2007) (plaintiff's interrogatory response which referenced "correspondence demonstrating same in the form of numerous letters and e-mails between and among [plaintiff] and Defendants" did not adequately identify the documents and required supplemental response); Miller v. Federal Express Corp., 186 F.R.D. 376, 385 (W.D. Tenn. 1999) ("[t]he responding party must specify the documents from which the answer may be derived with sufficient detail to permit the requesting party to locate it"); VNA Plus, Inc. v. Apria Healthcare Group, Inc., 1999 WL 386949, at *5 (D. Kan 1999) (party may not

---

[74]   February 15 Order, at p. 4.

1   "simply refer generically" to documents produced in interrogatory response); <u>Johnson</u>

2   <u>v. Kraft Foods North America, Inc.</u>, 236 F.R.D. 535, 545 (D. Kan. 2006) ("A party

3   may answer an interrogatory by referring another party to documents attached to the

4   responsive pleadings or to documents previously produced or disclosed.  With that

5   said, the reference shall be in sufficient detail to permit the interrogating party to

6   locate and to identify, as readily as can the party served, the records from which the

7   answer may be ascertained.").

8       Consistent with the Discovery Master's previous ruling and the law cited by the

9   Discovery Master, the MGA parties and Bryant should be required to identify

10   documents with sufficient particularity.  Specifically, MGA should be required to

11   specifically identify documents in response to Interrogatory Nos. 27-38, 46-47 and

12   50, and Bryant should be required to specifically identify documents in response to

13   Interrogatory Nos. 27-33, 36-38, 42 and 47.  The Discovery Master's ruling that

14   Defendants need not do so is contrary to law.

15                     **<u>Conclusion</u>**

16       For the foregoing reasons, Mattel respectfully requests that the Discovery

17   Master's February 15, 2008 and February 20, 2008 Orders be overruled and that (1)

18   the MGA parties be ordered to provide full and complete responses to Interrogatory

19   Nos. 27-29, 39, 41, 46 and 48-50, (2) Carter Bryant be ordered to provide full and

20   complete responses to Interrogatory Nos. 27-29, 39 and 47, (3) the MGA parties be

21   ordered to identify documents with specificity (including by Bates number) in

22   response to Interrogatory Nos. 27-38, 46-47 and 50, and (4) Carter Bryant be ordered

23   to identify documents with specificity (including by Bates number) in response to

24   Interrogatory Nos. 27-33, 36-38, 42 and 47.

25   DATED:  March 3, 2008         QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP

26

27                           By /s/ B. Dylan Proctor

28                             B. Dylan Proctor
                            Attorneys for Mattel, Inc.