QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>[PUBLIC REDACTED] DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA PARTIES; AND (2) FEBRUARY 20, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY CARTER BRYANT<br><br>Hearing Date:  March 24, 2008<br>Time:           10:00 a.m.<br>Place:          Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  April 21, 2008<br>Trial Date:            May 27, 2008 |

07209/2421736.1

PROCTOR DECLARATION

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.      I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007.

3.      Attached hereto as Exhibit 2 is a true and correct copy of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007.

4.      Attached hereto as Exhibit 3 is a true and correct copy of Mattel, Inc.'s Fifth Set of Interrogatories, dated October 19, 2007.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Mattel, Inc.'s Seventh Set of Interrogatories, dated October 25, 2007.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Carter Bryant's Second Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories, dated January 28, 2008.

7.      Attached hereto as Exhibit 6 is a true and correct copy of Carter Bryant's Second Supplemental Responses to Mattel, Inc.'s Revised Fourth Set of Interrogatories, dated January 28, 2008.

8.      Attached hereto as Exhibit 7 is a true and correct copy of Carter Bryant's Second Supplemental Responses to Mattel, Inc.'s Fifth Set of Interrogatories, dated January 28, 2008.

9.      Attached hereto as Exhibit 8 is a true and correct copy of MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories, dated January 28, 2008.

10.     Attached hereto as Exhibit 9 is a true and correct copy of MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated January 28, 2008.

11.     Attached hereto as Exhibit 10 is a true and correct copy of the Telephonic Transcript of Proceedings before the Discovery Master, dated February 11, 2008.

12.     Attached hereto as Exhibit 11 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008.

13.     Attached hereto as Exhibit 12 is a true and correct copy of the Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, dated February 20, 2008.

14.     On February 25, 2008, I sent a letter to Timothy Miller, counsel for the MGA parties, requesting a meet and confer regarding Mattel's intended appeal of portions of the Discovery Master's February 15, 2008 Order.  Attached hereto as Exhibit 13 is a true and correct copy of that letter.  On February 29, 2008, Mr. Miller and I met and conferred by telephone regarding, among other things, Mattel's intended appeal of portions of the Discovery Master's February 15, 2008 Order.  The parties were not able to reach any resolution regarding Mattel's appeal.

15.     On February 27, 2008, I sent a letter to Matthew Werdegar, counsel for Carter Bryant, requesting a meet and confer regarding Mattel's intended appeal of portions of the Discovery Master's February 20, 2008 Order.  Attached hereto as Exhibit 14 is a true and correct copy of that letter.

16.     On February 28, 2008, Mr. Werdegar responded to my February 27, 2008 letter.  Attached hereto as Exhibit 15 is a true and correct copy of Mr. Werdegar letter to me.

07209/2418157.1

- 2 -

17.     Attached hereto as Exhibit 16 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007.

18.     Attached hereto as Exhibit 17 is a true and correct copy of Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated January 16, 2008.

19.     Attached hereto as Exhibit 18 is a true and correct copy of the Declaration of Scott B. Kidman in Support of Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated January 16, 2008.

20.     On February 28, 2008, I responded to Mr. Werdegar's letter of earlier in the day. Attached hereto as Exhibit 19 is a true and correct copy of that letter.

21.     Attached hereto as Exhibit 20 is a true and correct copy of Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008.

22.     Attached hereto as Exhibit 21 is a true and correct copy of Forensic Analysis Report No. 2 by Mark Menz, dated February 10, 2008.

23.     Attached hereto as Exhibit 22 is a true and correct copy of the Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated April 17, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2008, at Los Angeles, California.

B. Dylan Proctor

EXHIBIT 1

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5 |   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7 | Facsimile:  (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 |   Plaintiff,

14 |   vs.

15 | MATTEL, INC., a Delaware corporation,

16 |   Defendant.

17 |

18 | AND CONSOLIDATED ACTIONS

19 |

20 |

21 |

22 | PROPOUNDING PARTY:

23 | RESPONDING PARTIES:

24 |

25 |

26 |

27 | SET NO.:

28 |

---

CASE NO. CV 04-09049 SGL (RNBx)

Consolidated with Case Nos. CV 04-9059 and CV 05-2727

MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES

Discovery Cut-off: January 14, 2008
Pre-trial Conference: April 7, 2008
Trial Date: April 29, 2008

Discovery Cutoff:  March 3, 2008
Final Pretrial Conf.:  June 2, 2008
Trial Date:  July 1, 2008

PROPOUNDING PARTY:     Mattel, Inc.

RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.:     THREE

EXHIBIT 1

PAGE 4

9-21-07

07209/2229699.1

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.

2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3    Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4    Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5    individually answer the following Interrogatories separately and fully, in writing and

6    under oath, within 30 days after service hereof.  The Responding Parties shall be

7    obligated to supplement their responses to the Interrogatories at such times and to

8    the extent required by the Federal Rules of Civil Procedure.

9

10                          **Definitions**

11    1.    "YOU" and "YOUR" mean each of the Responding Parties.

12    2.    "BRYANT" means Carter Bryant individually.

13    3.    "LARIAN" means Isaac Larian individually.

14    4.    "MGA" means MGA Entertainment, Inc., any of its current or

15    former employees, officers, directors, agents, representatives, attorneys, experts,

16    divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17    other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18    Without limiting the foregoing, "MGA" includes the entities known as ABC

19    International Traders or ABC International Traders, Inc.  For purposes of the these

20    Interrogatories, "MGA" does not include BRYANT.

21    5.    "MATTEL" means Mattel, Inc., its current employees, officers,

22    directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23    AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24    PERSON acting on its behalf, pursuant to its authority or subject to its control.

25    6.    "AFFILIATES" means any and all corporations, proprietorships,

26    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27    indirectly, in whole or in part, own or control, are under common ownership or

28    control with, or are owned or controlled by a PERSON, party or entity, including

1   without limitation each parent, subsidiary and joint venture of such PERSON, party

2   or entity.

3          7.    "PERSON" or "PERSONS" means all natural persons,

4   partnerships, corporations, joint ventures and any kind of business, legal or public

5   entity or organization, as well as its, his or her agents, representatives, employees,

6   officers and directors and any one else acting on its, his or her behalf, pursuant to

7   its, his or her authority or subject to its, his or her control.

8          8.    "DESIGN" or "DESIGNS" means any and all representations,

9   whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17         9.    "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith. Without limiting the generality of the

EXHIBIT 

PAGE

-3-

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5       10.   "BRATZ INVENTION" means any representation, idea,

6  concept, work, process, procedure, plan, improvement, design or other development,

7  whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,

8  including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9       11.   "SOLD," "SELL" or "SALE" means to distribute, market,

10 license, sell, offer to sell, or convey or transfer in any way for compensation.

11      12.   "BRATZ DOLL" means any doll that is or has ever been SOLD

12 that REFERS OR RELATES TO BRATZ.

13      13.   "BRATZ MOVIE" means any motion picture or film that is or

14 has ever been SOLD that REFERS OR RELATES TO BRATZ.

15      14.   "BRATZ TELEVISION SHOW" means any production

16 exhibited on television that is or has ever been SOLD that REFERS OR RELATES

17 TO BRATZ.

18      15.   "BRATZ PRODUCT" means any product, whether two-

19 dimensional or three-dimensional, and whether in tangible, digital, electronic or

20 other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

21 RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

22 MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

23 product that is or has ever been SOLD in any packaging that includes the name

24 "Bratz" or REFERS OR RELATES TO BRATZ.

25      16.   "ANGEL" refers to those projects, products, dolls or DESIGNS,

26 sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are

27 the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-

28 20, MGA000724-28 and MGA000734. Without limiting the generality of the

1 | foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2 | discovery requests, the term "ANGEL" does not require that there be a doll existing
3 | at the time of the event, incident or occurrence that is the subject of, or otherwise
4 | relevant or responsive to, the Interrogatories.

5 |        17.   "ACQUIRE" means to acquire, obtain, have vested in, enter into
6 | agreement for, buy, purchase, and/or procure in any way, or purport to do any of the
7 | same.

8 |        18.   "TRANSFER" means to sell, license, give away, vest in or
9 | transfer in any way, or purport to do any of the same.

10 |        19.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
11 | "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
12 | Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
13 | limited to, all writings and records of every type and description including, but not
14 | limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
15 | electronic mail ("e-mail"), records of telephone conversations, handwritten and
16 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
17 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
18 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
19 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
20 | checks and every other device or medium by which or through which information of
21 | any type is transmitted, recorded or preserved.  Without any limitation on the
22 | foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
23 | from the original or other versions of the DOCUMENT, including, but not limited
24 | to, all drafts and all copies of such drafts or originals containing initials, comments,
25 | notations, insertions, corrections, marginal notes, amendments or any other variation
26 | of any kind.

27 |        20.   "REFER OR RELATE TO" a given subject matter means relate
28 | to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

**EXHIBIT** /

**PAGE** 6

-5-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1    identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2    contradict, or in any way pertain to that subject matter, either directly or indirectly.

3           21.   "CREATED" means created, produced, prepared, authored,

4    improved, developed, altered, conceived of or reduced to practice, whether in whole

5    or in part, and whether alone or jointly with others.

6           22.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7    04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8    therewith.

9           23.   "INVENTIONS AGREEMENT" means the Confidential

10   Information and Inventions Agreement signed by BRYANT on or about January 4,

11   1999 and produced in this action by MATTEL as M0001596, or any other version

12   of such January 4, 1999 agreement.

13          24.   "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14   04-9059 SGL (RNBx), filed on April 27, 2004.

15          25.   "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended

16   Answer in Case No. 05-2727 and Counterclaims, filed on July 12, 2007.

17          26.   "DIGITAL INFORMATION" means any information created or

18   stored digitally, including but not limited to electronically, magnetically or optically.

19          27.   "STORAGE DEVICE" means any computer hard drive,

20   memory, USB device, tape, storage array or any other device or medium that allows

21   a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22   copy, retain, store or maintain DIGITAL INFORMATION.

23          28.   "IDENTIFY" or "IDENTITY" means the following:

24            (a)   with reference to an individual or individuals, means to

25   state, fully and separately as to each, such individual's full name, any known

26   business title, current or last known business affiliation, current or last known

27   residential address, current or last known business address, current or last known

28   relationship to MGA, and current or last known telephone number.

**EXHIBIT** /

PAGE _9_

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1            (b)    with reference to an entity or entities, means to state, fully

2    and separately as to each, such entity's full name, state (or country) of incorporation

3    or organization, present or last known address, and present or last known telephone

4    number.

5            (c)    with reference to a BRATZ INVENTION or BRATZ

6    INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7    any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8    if no such DOCUMENT has been produced, a full and complete description of the

9    BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10   BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11   the BRATZ INVENTION as well as of each other individual who contributed in any

12   manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13   INVENTION, if any (*e.g.*, preliminary three-dimensional resin sculpture, final

14   three-dimensional wax sculpture, digitized file of final three-dimensional wax

15   sculpture, two-dimensional design drawing on paper); the title or name of the

16   BRATZ INVENTION, if any; the version, modification, revision or iteration

17   number of the BRATZ INVENTION, if any; the current location of the original of

18   the BRATZ INVENTION; the first day and last day on which the BRATZ

19   INVENTION was CREATED; and whether the entire invention was CREATED

20   during the period of time listed in the Interrogatory and, if not, which aspects or

21   portions of the BRATZ INVENTION were CREATED during that period of time,

22   which were CREATED earlier, and which were CREATED later.

23           (d)    with reference to a STORAGE DEVICE, means to state,

24   fully and separately as to each, the individual(s) that use or have used the

25   STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26   exists (including the IDENTITY of the PERSON who possesses the STORAGE

27   DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28   of; the type of STORAGE DEVICE (*e.g.*, hard drive, USB drive, etc.); whether the

07209/2229699.1

**EXHIBIT** /

**PAGE** 10

-7-

1  STORAGE DEVICE has ever been copied or imaged and, if so, the current location
2  of each copy or image of the STORAGE DEVICE that has been made (including the
3  IDENTITY of the PERSONS who possess such copies or images) and the date(s) on
4  which such copies or images were made; the manufacturer name, brand, model
5  name, model number and serial number of the STORAGE DEVICE; and the
6  technical specifications and capacities of such STORAGE DEVICE.

7          (e)    with reference to a bank or financial institution account or
8  accounts, means to state, fully and separately as to each account, the name of the
9  bank or financial institution, the location and/or branch of the bank or financial
10  institution, the account number, the name in which the account is or was held, and
11  the time period during which the account is or was open.

12          (f)    with reference to a BRATZ PRODUCT, means to state,
13  fully and separately as to each, the full name of the product; the number of the
14  product; the SKU of the product; any other applicable designation of the product
15  useful for identification; the period of time during which the product was, has been
16  or will be SOLD; and the IDENTITY of each PERSON who has licensed from
17  YOU the right to SELL such BRATZ PRODUCT.

18          (g)    with reference to any other DOCUMENT or
19  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the
20  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
21  respect to each such DOCUMENT, to provide a complete description of it such that
22  it may be the subject of a request for the production of documents, including by
23  stating the date, identity of the author, addressee(s), signatories, parties, or other
24  PERSONS identified therein, its present location or custodian and a description of
25  its contents.

26          29.    "Any" as used in these interrogatories includes the word "all,"
27  and the word "all" as used in these interrogatories includes the word "any."

28

07209/2229699.1

EXHIBIT __1__

PAGE __81__

-8-

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

30.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A.    When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

## Interrogatories

INTERROGATORY NO. 27:

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

07209/2229699.1

EXHIBIT ___1___

PAGE ___8/2___

-9-

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

**INTERROGATORY NO. 28:**

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**INTERROGATORY NO. 29:**

IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**INTERROGATORY NO. 30:**

State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 31:**

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all


-10-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
2  RELATE TO such facts.

3

4  INTERROGATORY NO. 32:

5           State all facts that support YOUR contention, if YOU so contend, that
6  MATTEL is not or would not be entitled to injunctive relief as requested in its
7  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
8  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all
9  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
10  RELATE TO such facts.

11

12  INTERROGATORY NO. 33:

13          State all facts that support YOUR contention, if YOU so contend, that
14  MATTEL is not entitled to an award of punitive or exemplary damages against
15  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
16  DOCUMENTS that REFER OR RELATE TO such facts.

17

18  INTERROGATORY NO. 34:

19          State all facts that support YOUR contention, if YOU so contend, that
20  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
21  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
22  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
23  DOCUMENTS that REFER OR RELATE TO such facts.

24

25  INTERROGATORY NO. 35:

26          State all facts that support YOUR contention, if YOU so contend, that
27  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by
28  BRYANT to MATTEL when BRYANT performed work or services with or for

07209/2229699.1

EXHIBIT  /

PAGE  /4

-11-

1   MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

2   with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

3   such facts.

4

5   <u>INTERROGATORY NO. 36:</u>

6          State all facts that support YOUR contention, if YOU so contend, that

7   YOU acted with an innocent state of mind or reasonably believed that MATTEL did

8   not own any rights in any BRATZ INVENTION when BRYANT purported to

9   TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

10  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

11  RELATE TO such facts.

12

13  <u>INTERROGATORY NO. 37:</u>

14         State all facts that support YOUR contention, if YOU so contend, that

15  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

16  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

17  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

18  such facts.

19

20  <u>INTERROGATORY NO. 38:</u>

21         State all facts that support YOUR contention, if YOU so contend, that

22  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to

23  MATTEL when BRYANT performed work or services with or for MGA while

24  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

25  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

26  facts.

27  EXHIBIT __/__

28  PAGE /5

1  INTERROGATORY NO. 39:

2        IDENTIFY each and every bank or financial institution account that

3  REFERS OR RELATES TO YOU, including accounts in YOUR name or for

4  YOUR benefit, since January 1, 1999.

5

6  INTERROGATORY NO. 40:

7        IDENTIFY each and every STORAGE DEVICE that YOU have used

8  for any purpose which contains or contained DIGITAL INFORMATION that

9  REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10

11  INTERROGATORY NO. 41:

12        IDENTIFY all PERSONS who at any time have been employed by or

13  under contract with MATTEL who are now or have been employed by or under

14  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

15  her name, date of hire or effective date of contract, the date on which YOU first had

16  contact with such PERSON regarding potential employment or contracting, the

17  date(s) on which such PERSON was interviewed for possible employment or

18  contracting, each title (if any) such PERSON has held while employed by or under

19  contract with YOU, and the date of termination (if applicable).

20

21  DATED:  September 21, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
22

23                                 By_____

24                                    B. Dylan Proctor
                                      Attorneys for Plaintiff
25                                    Mattel, Inc.

26

27

28  EXHIBIT 1

    PAGE 13

    07209/2229699.1

    -13-

    MATTEL'S REVISED THIRD SET OF INTERROGATORIES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On September 21, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071
*Attorneys for MGA ENTERTAINMENT, INC.*

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
*Attorneys for Carter Bryant*

Patricia Glaser, Esq.
**Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
*Attorney for MGA Entertainment*

James Spertus
**Law Offices of James W. Spertus**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

EXHIBIT _/_

07209/2229579.1    PAGE _17_

EXHIBIT 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| Defendant. | [Amended Only to Delete Former Interrogatory No. 45] |
| AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |
| | Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:     Mattel, Inc.

RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

Bryant, MGA Entertainment (HK) Limited, MGAE

de Mexico S.R.L. de C.V., and Carlos Gustavo

Machado Gomez

SET NO.:     FOUR

EXHIBIT _2_

PAGE _18_

07209/2254170.1

10-23

MATTEL'S FOURTH SET OF INTERROGATORIES

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof.  The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## **Definitions**

1.     "YOU" and "YOUR" mean each of the Responding Parties.

2.     "BRYANT" means Carter Bryant individually.

3.     "LARIAN" means Isaac Larian individually.

4.     "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc.  For purposes of the these Interrogatories, "MGA" does not include BRYANT.

5.     "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.     "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including

07209/2254170.1

EXHIBIT 2

PAGE 19

-2-

MATTEL'S FOURTH SET OF INTERROGATORIES

1   without limitation each parent, subsidiary and joint venture of such PERSON, party

2   or entity.

3          7.      "PERSON" or "PERSONS" means all natural persons,

4   partnerships, corporations, joint ventures and any kind of business, legal or public

5   entity or organization, as well as its, his or her agents, representatives, employees,

6   officers and directors and any one else acting on its, his or her behalf, pursuant to

7   its, his or her authority or subject to its, his or her control.

8          8.      "DESIGN" or "DESIGNS" means any and all representations,

9   whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17         9.      "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith. Without limiting the generality of the

foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

10.   "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

11.   "BRATZ DOLL" means any doll that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

12.   "BRATZ PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, that is or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any product that is or has ever been SOLD in any packaging that includes the name "Bratz" or REFERS OR RELATES TO BRATZ.

13.   "BRATZ MOVIE" means any motion picture or film that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

14.   "BRATZ TELEVISION SHOW" means any production exhibited on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

15.   "BASED ON" means substantially similar to, a copy of or a derivative of.

16.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and

07209/2254170.1

EXHIBIT _2_

PAGE _21_

-4-

MATTEL'S FOURTH SET OF INTERROGATORIES

1   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2   and summaries of meetings, voice recordings, pictures, photographs, drawings,
3   computer cards, tapes, discs, printouts and records of all types, studies, instruction
4   manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5   checks and every other device or medium by which or through which information of
6   any type is transmitted, recorded or preserved.  Without any limitation on the
7   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8   from the original or other versions of the DOCUMENT, including, but not limited
9   to, all drafts and all copies of such drafts or originals containing initials, comments,
10  notations, insertions, corrections, marginal notes, amendments or any other variation
11  of any kind.

12          17.     "REFER OR RELATE TO" a given subject matter means relate
13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16          18.     "IDENTIFY" or "IDENTITY" means the following:
17              (a)     with reference to an individual or individuals, means to
18  state, fully and separately as to each, such individual's full name, any known
19  business title, current or last known business affiliation, current or last known
20  residential address, current or last known business address, current or last known
21  relationship to MGA, and current or last known telephone number.
22              (b)     with reference to an entity or entities, means to state, fully
23  and separately as to each, such entity's full name, state (or country) of incorporation
24  or organization, present or last known address, and present or last known telephone
25  number.
26              (c)     with reference to a BRATZ PRODUCT, means to state,
27  fully and separately as to each, the full name of the product; the number of the
28  product; the SKU of the product; any other applicable designation of the product

07209/2254170.1

EXHIBIT _L_

PAGE _252_

-5-

MATTEL'S FOURTH SET OF INTERROGATORIES

1  useful for identification; the period of time during which the product was, has been

2  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

3  YOU the right to SELL such BRATZ PRODUCT.

4          (d)    with reference to any other DOCUMENT or

5  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

6  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

7  respect to each such DOCUMENT, to provide a complete description of it such that

8  it may be the subject of a request for the production of documents, including by

9  stating the date, identity of the author, addressee(s), signatories, parties, or other

10  PERSONS identified therein, its present location or custodian and a description of

11  its contents.

12          19.    "Any" as used in these interrogatories includes the word "all,"

13  and the word "all" as used in these interrogatories includes the word "any."

14          20.    The singular form of a noun or pronoun includes within its

15  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

16  the masculine form of a pronoun also includes within its meaning the feminine form

17  of the pronoun so used, and vice versa; the use of any tense of any verb includes

18  also within its meaning all other tenses of the verb so used, whenever such

19  construction results in a broader request for information; and "and" includes "or"

20  and vice versa, whenever such construction results in a broader disclosure of

21  documents or information.

22

23                        **Instructions**

24          A.    When an interrogatory requests that YOU provide information,

25  YOU are required to supply all information known by or available to YOU or

26  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

27  If YOU cannot completely answer the interrogatory after making diligent efforts to

28  do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1

EXHIBIT ___2___

PAGE ___23___

-6-

MATTEL'S FOURTH SET OF INTERROGATORIES

1 | interrogatory; identify every PERSON involved in such efforts; and state the

2 | additional information YOU need, if any, to respond completely to the interrogatory.

3

4 | **Interrogatories**

5

6 | INTERROGATORY NO. 42:

7 | State all facts that support YOUR contention, if YOU so contend, that

8 | any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9 | on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10 | such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12 | INTERROGATORY NO. 43:

13 | For each concept, design, product, product packaging or other matter

14 | that YOU contend MATTEL copied or infringed, including but not limited to those

15 | identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17 | Supplemental Responses to such Interrogatory), state the date that each such

18 | concept, design, product, product packaging or other matter was conceived, and

19 | IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20 | OR RELATE TO, the foregoing.

21

22 | INTERROGATORY NO. 44:

23 | For each concept, design, product, product packaging or other matter

24 | that YOU contend MATTEL copied or infringed, including but not limited to those

25 | identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27 | Supplemental Responses to such Interrogatory), state the date that each such

28 | concept, design, product, product packaging or other matter was first fixed in any

07209/2254170.1

EXHIBIT _2_

PAGE _24_

-7-

MATTEL'S FOURTH SET OF INTERROGATORIES

1  tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2  knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5  DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                    By  B. Dylan Proctor

8                                        B. Dylan Proctor
                                         Attorneys for Plaintiff
9                                        Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  EXHIBIT 2

07209/2254170.1       PAGE 24                    -8-

MATTEL'S FOURTH SET OF INTERROGATORIES

1

### PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4        On October 23, 2007, I served true copies of the following document(s) described as

5   1.      MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES
             [Amended Only to Delete Former Interrogatory No. 45]
6

7        on the parties in this action as follows:

8   Thomas Nolan, Esq.                          Mark E. Overland, Esq.
    **SKADDEN ARPS SLATE MEAGHER**              David C. Scheper, Esq.
    **& FLOM, LLP**                             Alexander H. Cote
9   300 South Grand Avenue, Suite 3400          **OVERLAND BORENSTEIN**
    Los Angeles, CA 90071                       **SCHEPER & KIM LLP**
10                                              300 South Grand Avenue, Suite 2750
                                                Los Angeles, CA 90071-3144
11

12

13

14  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
    being served.

15       I declare that I am employed in the office of a member of the bar of this Court at whose
    direction the service was made.
16

17       Executed on October 23, 2007, at Los Angeles, California.

18

19                                              NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28         EXHIBIT _2_

           PAGE _26_                    -1-

07209/2263102.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.    **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
      **[Amended Only to Delete Former Interrogatory No. 45]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

EXHIBIT 2

PAGE 27

07209/2241940.1

-1-

EXHIBIT 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S FIFTH SET OF INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | Discovery Cut-off: January 14, 2008 Pre-trial Conference:  April 7, 2008 |
| Defendant. | Trial Date:  April 29, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 Trial Date: July 1, 2008 |

PROPOUNDING PARTY:        Mattel, Inc.

RESPONDING PARTIES:        MGA Entertainment, Inc., Isaac Larian, Carter

Bryant, MGA Entertainment (HK) Limited, MGAE

de Mexico S.R.L. de C.V., and Carlos Gustavo

Machado Gomez

SET NO.:                        FIVE

EXHIBIT 3

PAGE 28

10-19

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof.  The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure.</u>

## Definitions

1.      "YOU" and "YOUR" mean each of the Responding Parties.

2.      "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES (including without limitation defendants MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.  Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc.  For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3.      "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.      "O'MELVENY" means the law firm of O'Melveny & Myers, LLP, and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

07209/2259967.1

EXHIBIT _3_

PAGE _29_

-2-

MATTEL'S FIFTH SET OF INTERROGATORIES

5.      "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.      "BRYANT" means Carter Bryant individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

7.      "LARIAN" means Isaac Larian individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8.      "MACHADO" means Carlos Gustavo Machado Gomez, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9.      "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

10.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

EXHIBIT _3_

PAGE _30_

-3-

MATTEL'S FIFTH SET OF INTERROGATORIES

1     11.   "BRATZ" means any project, product, doll or DESIGN ever known

2    by that name (whether in whole or in part and regardless of what such project, product

3    or doll is or has been also, previously or subsequently called) and any product, doll or

4    DESIGN or any portion thereof that is now or has ever been known as, or sold or

5    marketed under, the name or term "Bratz" (whether in whole or in part and regardless

6    of what such product, doll or DESIGN or portion thereof is or has been also, previously

7    or subsequently called) or that is now or has ever been sold or marketed as part of the

8    "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

9    portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

10   includes without limitation any names, fashions, accessories, artwork, packaging or any

11   other works, materials, matters or items included or associated therewith.   Without

12   limiting the generality of the foregoing, and contrary to MGA's recent assertions in

13   connection with other Mattel discovery requests, the term "BRATZ" does not and shall

14   not require that there be a doll existing at the time of the event, incident or occurrence

15   that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

16       12.   "DESIGN" or "DESIGNS" means any and all representations,

17   whether two-dimensional or three-dimensional, and whether in tangible, digital,

18   electronic or other form, including but not limited to all works, designs, artwork,

19   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

20   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

21   practice, developments, inventions and/or improvements, as well as all other items,

22   things and DOCUMENTS in which any of the foregoing are or have been

23   expressed, embodied, contained, fixed or reflected in any manner, whether in whole

24   or in part.

25       13.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

26   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

27   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited

28   to, all writings and records of every type and description including, but not limited to,

07209/2259967.1

EXHIBIT 3

PAGE 31

-4-

1 contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
2 ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
3 any kind, statements, reports, minutes, recordings, transcripts and summaries of
4 meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
5 discs, printouts and records of all types, studies, instruction manuals, policy manuals
6 and statements, books, pamphlets, invoices, canceled checks and every other device or
7 medium by which or through which information of any type is transmitted, recorded or
8 preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall
9 include all copies that differ in any respect from the original or other versions of the
10 DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
11 originals containing initials, comments, notations, insertions, corrections, marginal
12 notes, amendments or any other variation of any kind.

13      14.   "COMMUNICATION" or "COMMUNICATIONS" means and
14 includes any disclosure, transfer or exchange of information between two or more
15 PERSONS, whether orally or in writing, including without limitation, any conversation
16 or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
17 telex, telecopier, electronic mail, or any other electronic or other medium, including
18 without limitation in written, audio or video form.

19      15.   "REFER OR RELATE TO" a given subject matter means relate to,
20 refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
21 state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
22 or in any way pertain to that subject matter, either directly or indirectly.

23      16.   "DIGITAL INFORMATION" means any information created or
24 stored digitally, including but not limited to electronically, magnetically or optically.

25      17.   "STORAGE DEVICE" means any computer hard drive,
26 memory, USB device, tape, storage array or any other device or medium that allows
27 a user, whether permanently, temporarily or otherwise, to create, generate, transmit,
28 copy, retain, store or maintain DIGITAL INFORMATION.

EXHIBIT _5_

PAGE _32_

-5-

MATTEL'S FIFTH SET OF INTERROGATORIES

1        18.   "SOURCE OF INFORMATION" means any medium containing

2  DOCUMENTS or other information, whether in paper, electronic or other form,

3  including but not limited to any STORAGE DEVICE, file, file cabinet or other any

4  other source of information or DOCUMENTS.

5        19.   "COLLECT;" "COLLECTED" or "COLLECTION," with reference

6  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

7  analyze or in any other way collect or review or attempt to collect or review such

8  DOCUMENTS in connection with YOUR search for, review of and/or production of

9  DOCUMENTS in this ACTION.

10       20.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

11  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

12  therewith.

13       21.   "IDENTIFY" or "IDENTITY" means the following:

14         (a)   with reference to an individual or individuals, means to state,

15  fully and separately as to each, such individual's full name, any known business title,

16  current or last known business affiliation, current or last known residential address,

17  current or last known business address, current or last known relationship to MGA, and

18  current or last known telephone number.

19         (b)   with reference to an entity or entities, means to state, fully and

20  separately as to each, such entity's full name, state (or country) of incorporation or

21  organization, present or last known address, and present or last known telephone

22  number.

23         (c)   with reference to a SOURCE OF INFORMATION, means

24  to describe and state, fully and separately as to each, the SOURCE OF

25  INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION

26  and differentiate each such SOURCE OF INFORMATION from all other SOURCES

27  OF INFORMATION, including without limitation by stating its nature (e.g., USB

28  drive, computer hard drive, file cabinet, etc.), and any unique identifier information

EXHIBIT _3_

PAGE _33_

-6-

1  (such as hard drive serial number); the physical location(s), including full address

2  information and full identifying computer network drive information if applicable, of

3  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

4  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

5  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

6  IDENTITY of each natural person or individual who is, was or has been associated

7  with each such SOURCE OF INFORMATION; the date(s) on which YOU

8  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

9  connection with this ACTION; whether, at the time of YOUR COLLECTION of

10  DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF

11  INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO

12  BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any

13  DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE

14  OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ

15  and that also REFER OR RELATE TO the time period prior to February 28, 2001

16  (regardless of when such DOCUMENT was, in whole or part, created, drafted,

17  generated, sent, received or transmitted).

18          (d)     with reference to any other DOCUMENT or DOCUMENTS,

19  means to describe each DOCUMENT by Bates number.   In the event that a

20  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

21  such DOCUMENT, to provide a complete description of it such that it may be the

22  subject of a request for the production of documents, including by stating the date,

23  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

24  therein, its present location or custodian and a description of its contents.

25         22.    "Any" as used in these interrogatories includes the word "all," and

26  the word "all" as used in these interrogatories includes the word "any."

27         23.    The singular form of a noun or pronoun includes within its meaning

28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

EXHIBIT 3

PAGE 34

-7-

1   form of a pronoun also includes within its meaning the feminine form of the pronoun so

2   used, and vice versa; the use of any tense of any verb includes also within its meaning

3   all other tenses of the verb so used, whenever such construction results in a broader

4   request for information; and "and" includes "or" and vice versa, whenever such

5   construction results in a broader disclosure of documents or information.

6

7   <u>**Instructions**</u>

8

9            A.     When    an    interrogatory    requests    disclosure    of    a

10  COMMUNICATION or other information as to which YOU claim any privilege or

11  protection as a ground for nondisclosure, identify each PERSON who participated in or

12  had knowledge of the COMMUNICATION or other information and provide the

13  following:

14            (i)    the privilege or protection that YOU claim precludes disclosure;

15            (ii)   the subject matter of the COMMUNICATION or information

16                   (without revealing the content as to which the privilege is claimed);

17                   and

18            (iii)  any additional facts or grounds on which YOU base YOUR claim

19                   of privilege or protection.

20            B.     When an interrogatory requests that YOU provide information,

21  YOU are required to supply all information known by or available to YOU or

22  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

23  If YOU cannot completely answer the interrogatory after making diligent efforts to

24  do so, please so state.  Then describe in detail all efforts made to answer the

25  interrogatory; identify every PERSON involved in such efforts; and state the

26  additional information YOU need, if any, to respond completely to the interrogatory.

27

28  EXHIBIT 3

PAGE 35

07209/2259967.1

-8-

MATTEL'S FIFTH SET OF INTERROGATORIES

1

## Interrogatories

2

3  INTERROGATORY NO. 46:

4          Without disclosing the content of communications which are protected by

5  the attorney-client privilege, state fully and in detail all facts which REFER OR

6  RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA,

7  LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or

8  CHRISTENSEN, including but not limited to any and all disputes which were or have

9  been asserted as a basis for, or which underlie, contributed to or were a factor in, the

10 withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN

11 as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of

12 such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

13

14 INTERROGATORY NO. 47:

15          IDENTIFY each and every SOURCE OF INFORMATION from which

16 YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE

17 TO BRATZ and that also REFER OR RELATE TO the time period prior to February

18 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted,

19 generated, sent, received or transmitted).

20

21

22 DATED: October 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24                                By B. Dylan Proctor

25                                   B. Dylan Proctor
                                     Attorneys for Plaintiff
26                                   Mattel, Inc.

27  EXHIBIT 3

28  PAGE 36

07209/2259967.1

-9-

**PROOF OF SERVICE**

     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

     On October 19, 2007, I served true copies of the following document(s) described as

1.     **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

     on the parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq.<br>**SKADDEN ARPS SLATE MEAGHER**<br>**& FLOM, LLP**<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote<br>**OVERLAND BORENSTEIN**<br>**SCHEPER & KIM LLP**<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071-3144 |

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on October 19, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

EXHIBIT 3

PAGE 37

07209/2261472.1

-1-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

EXHIBIT 3

PAGE 38

07209/2261482.1

EXHIBIT 4

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:    (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12 CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13            Plaintiff,                 Consolidated with Case Nos. CV 04-
                                         9059 and CV 05-2727
14       vs.
                                         MATTEL, INC.'S SEVENTH SET OF
15 MATTEL, INC., a Delaware             INTERROGATORIES
   corporation,
16                                       Discovery Cut-off: January 14, 2008
            Defendant.                   Pre-trial Conference: April 7, 2008
17                                       Trial Date: April 29, 2008

18 AND CONSOLIDATED ACTIONS             Discovery Cutoff:  March 3, 2008
                                         Final Pretrial Conf.: June 2, 2008
19                                       Trial Date:  July 1, 2008

20

21

22 PROPOUNDING PARTY:      Mattel, Inc.

23 RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

24                         Bryant, MGA Entertainment (HK) Limited, MGAE

25                         de Mexico S.R.L. de C.V., and Carlos Gustavo

26                         Machado Gomez

27 SET NO. EXHIBIT 14      SEVENTH

28    PAGE 39

07209/2264383.1

10-25

MATTEL'S SEVENTH SET OF INTERROGATORIES

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,

3  MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos

4  Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer

5  the following Interrogatories separately and fully, in writing and under oath, within 30

6  days after service hereof.  The Responding Parties shall be obligated to supplement

7  their responses to the Interrogatories at such times and to the extent required by the

8  <u>Federal Rules of Civil Procedure</u>.

9

10    **Definitions**

11    1.    "YOU" and "YOUR" mean each of the Responding Parties.

12    2.    "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15  Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17  authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

18  entities known as ABC International Traders or ABC International Traders, Inc.  For

19  purposes of the these Interrogatories, "MGA" does not include BRYANT.

20    3.    "MATTEL" means Mattel, Inc., its current employees, officers,

21  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

22  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23  PERSON acting on its behalf, pursuant to its authority or subject to its control.

24    4.    "AFFILIATES" means any and all corporations, proprietorships,

25  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

26  indirectly, in whole or in part, own or control, are under common ownership or control

27  with, or are owned or controlled by a PERSON, party or entity, including without

28  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

07209/2264383.107209/2
63218.1

EXHIBIT 7

PAGE 40

-2-

MATTEL'S SEVENTH SET OF INTERROGATORIES

1    5.    "PERSON" or "PERSONS" means all natural persons, partnerships,
2  corporations, joint ventures and any kind of business, legal or public entity or
3  organization, as well as its, his or her agents, representatives, employees, officers and
4  directors and any one else acting on its, his or her behalf, pursuant to its, his or her
5  authority or subject to its, his or her control.

6    6.    "SOLD," "SELL" or "SALE" means to distribute, market, license,
7  sell, offer to sell, or convey or transfer in any way for compensation.

8    7.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-
9  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated
10  therewith.

11    8.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
12  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
13  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited
14  to, all writings and records of every type and description including, but not limited to,
15  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
16  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
17  any kind, statements, reports, minutes, recordings, transcripts and summaries of
18  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
19  discs, printouts and records of all types, studies, instruction manuals, policy manuals
20  and statements, books, pamphlets, invoices, canceled checks and every other device or
21  medium by which or through which information of any type is transmitted, recorded or
22  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall
23  include all copies that differ in any respect from the original or other versions of the
24  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
25  originals containing initials, comments, notations, insertions, corrections, marginal
26  notes, amendments or any other variation of any kind.

27    9.    "REFER OR RELATE TO" a given subject matter means relate to,
28  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

EXHIBIT 4

PAGE 41

07209/2264383.107209/22
63218.1

-3-

MATTEL'S SEVENTH SET OF INTERROGATORIES

1   state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

2   or in any way pertain to that subject matter, either directly or indirectly.

3          10.    "IDENTIFY" or "IDENTITY" means the following:

4                 (a)    with reference to an individual or individuals, means to state,

5   fully and separately as to each, such individual's full name, any known business title,

6   current or last known business affiliation, current or last known residential address,

7   current or last known business address, current or last known relationship to MGA, and

8   current or last known telephone number.

9                 (b)    with reference to an entity or entities, means to state, fully and

10  separately as to each, such entity's full name, state (or country) of incorporation or

11  organization, present or last known address, and present or last known telephone

12  number.

13                (c)    with reference to a product or packaging, means to state, fully

14  and separately as to each, the full name of the product or, in the case of packaging, the

15  product or item with which the packaging is used; the SKU number or any other

16  applicable unique identifier or designation of the product or, in the case of packaging,

17  the product or item with which the packaging is used; the time period during which the

18  product was, has been or will be SOLD or, in the case of product packaging, the time

19  period during which the product packaging was, has been or will be used; and the

20  IDENTITY of each PERSON who has licensed from YOU the right to SELL such

21  product or, in the case of product packaging, the IDENTITY of the PERSON who has

22  licensed from YOU the right to use the packaging or to SELL the products with which

23  the packaging is used.

24                (d)    with reference to any other DOCUMENT or DOCUMENTS,

25  means to describe each DOCUMENT by Bates number.   In the event that a

26  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

27  such DOCUMENT, to provide a complete description of it such that it may be the

28  subject of a request for the production of documents, including by stating the date,

07209/2264383.107209/22
63218.1

EXHIBIT 4                                    -4-

PAGE 42

1  identity of the author, addressee(s), signatories, parties, or other PERSONS identified
2  therein, its present location or custodian and a description of its contents.

3        (e)    with reference to a trade dress, means to describe, fully and
4  separately, each and every element that makes up the claimed trade dress and to
5  IDENTIFY each and every product or product packaging SOLD by YOU or YOUR
6  licensees that embodies, uses or employs the claimed trade dress.

7        (f)    with reference to the protectibility of a trade dress, means to
8  state, fully and separately, all facts that support YOUR contention that such trade dress
9  is inherently distinctive or has acquired secondary meaning and that such trade dress is
10  famous if YOU so contend that such trade dress is famous; the date that YOU contend
11  such trade dress acquired secondary meaning and, if YOU contend the trade dress is
12  famous, the date on which YOU contend that it became famous; all facts that support
13  YOUR contention that such trade dress is not functional; and, if YOU are relying on
14  advertising to establish secondary meaning or fame, the dollar amounts, by year, spent
15  by YOU or anyone acting on YOUR behalf on advertising that features such trade
16  dress.

17      11.    "Any" as used in these interrogatories includes the word "all," and
18  the word "all" as used in these interrogatories includes the word "any."

19      12.    The singular form of a noun or pronoun includes within its meaning
20  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
21  form of a pronoun also includes within its meaning the feminine form of the pronoun so
22  used, and vice versa; the use of any tense of any verb includes also within its meaning
23  all other tenses of the verb so used, whenever such construction results in a broader
24  request for information; and "and" includes "or" and vice versa, whenever such
25  construction results in a broader disclosure of documents or information.

26  EXHIBIT 4
27  PAGE 43
28

07209/2264383.107209/22
63218.1

-5-

MATTEL'S SEVENTH SET OF INTERROGATORIES

**Instructions**

A.    When an interrogatory requests disclosure of a COMMUNICATION or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the COMMUNICATION or other information and provide the following:

        (i)    the privilege or protection that YOU claim precludes disclosure;

        (ii)    the subject matter of the COMMUNICATION or information (without revealing the content as to which the privilege is claimed); and

        (iii)    any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B.    When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

EXHIBIT 4

PAGE 44

## **Interrogatories**

**INTERROGATORY NO. 48:**

Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

**INTERROGATORY NO. 49:**

For each trade dress identified in response to Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress, including without limitation by describing fully and separately, for each such MATTEL product, packaging or other matter, each and every element of the claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.

**INTERROGATORY NO. 50:**

For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.

DATED:  October 25, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

EXHIBIT _4_

PAGE _45_

-7-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 25, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES** on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

EXHIBIT _4_

PAGE _46_

07209/2263102.1                     -1-

EXHIBIT 5

EXHIBIT FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER

EXHIBIT 6

EXHIBIT FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER

EXHIBIT 7

EXHIBIT FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER

EXHIBIT 8

EXHIBIT FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER

EXHIBIT 9

EXHIBIT FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER