QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER<br><br>[Declaration of Jon Corey filed concurrently]<br><br>Hearing Date:     TBD<br>Time:               TBD<br>Place:              TBD<br><br>**Phase 1**<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:             May 27, 2008 |

07209/2419728.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Apparently recognizing that Mattel's Motion for Reconsideration is unassailable on the merits, MGA now seeks to strike Mattel's reply in support of that Motion.  MGA's desperate effort to avoid reconsideration of the Order strongly suggests that Mr. Larian had, any may continue to have, relevant and discoverable communications with Mattel employees after 2005.

The MGA defendants' primary argument was that Mattel's reply brief was untimely.  After MGA served the motion to strike, Mattel reminded MGA that it agreed that Mattel's reply was not due until February 15, 2008, the date Mattel filed it.  MGA subsequently withdrew its motion on the ground of untimeliness.  *See* MGA's Notice of Partial Withdrawal of Motion to Strike, filed February 29, 2008.

MGA's other argument—which has no place in a motion to strike—is that Mattel's reply should be stricken because it relates to Phase 2 discovery.  Mattel, of course, understands that Judge Larson stayed discovery that is *exclusively* Phase 2.  But that is no ground to strike Mattel's reply for two reasons.

First, MGA cites no authority to support the notion that the Discovery Master should strike a reply, or any brief, simply because it refers to a subsequent phase of litigation or, in part, to stayed discovery.  See Student Loan Mktg. Ass'n v. Hanes, 181 F.R.D. 629, 632 (S.D. Cal. 1998) ("Motions to strike are disfavored and are rarely granted."); Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc., 904 F. Supp. 500, 504 (E.D. Va. 1995) (motion to strike was improper vehicle for challenging reply brief and "even a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted").  Judge Larson's order did not preclude the parties from referencing Phase 2-related issues in briefs.

Second, Larian's post-2005 communications are not necessarily limited to Phase 2.  The December 31, 2007 Order may cover some Phase 2 claims and defenses, but there is no reason to believe that documents produced would *only* be

-1-

relevant to Phase 2.  Mattel's reply points out that it has only recently discovered that three Mattel employees have been working on Bratz for years.[1] Communications between Larian and Mattel employees generated after 2005 may well disclose other improprieties relating to Carter Bryant's disloyalty or the timing of the creation of Bratz.  Or, it is more likely that the communications will prove that MGA's claimed contributions to Bratz that MGA intends to rely upon to reduce Mattel's claimed damages *in Phase 1*, were stolen from Mattel.  MGA has designated as a Phase 1 expert Erich Joachimsthaler, whose report sets forth his opinion of how MGA's branding and marketing efforts contributed to the success of Bratz.  Paul Meyer, MGA's damages expert, relies on Joachimsthaler's report to opine that Mattel's Phase 1 damages should be reduced by dramatically.[2] Obviously, if Larian obtained information from Mattel employees that MGA used to promote, develop, market and advertise Bratz, as Mattel has alleged, then MGA cannot rely on that stolen information to reduce Mattel's claimed damages in Phase 1, as it seeks to do.

Of course, MGA's motion to strike is pretextual.  MGA knows that there is no legitimate basis for striking the reply.  The Motion is actually an improper surreply, intended to permit MGA to assert it's argument that Mattel should not be permitted to obtain the requested documents until Phase 2 discovery restarts.[3]  The Court should ignore MGA's transparent attempt to circumvent the

---

[1]  MGA, in a footnote, claims that referring to this discovery constitutes making a new argument on reply.  *See* MGA's Motion at 4, fn. 13.  Hardly.  Mattel's primary point in its moving papers was that the Complaint alleges a continuing scheme.  Using an example to illustrate that Mattel continues to discover facts supporting its allegations does not constitute making a new argument.

[2]  Corey Dec. Ex. A (excerpt from the Meyer report).

[3]  Indeed, Mattel could move to strike MGA's Motion to Strike on that basis, but will not further waste the Discovery Master's time with this foolishness.

1  rules, and should also deny the requested "alternate" relief, leave to file another

2  surreply.

3          For the foregoing reasons, Mattel respectfully requests that MGA's

4  motion to strike and for leave to file a surreply be denied.

5

6  DATED:  March 3, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                                 By_/s/  Jon Corey_____
                                     Jon Corey
9                                    Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2419728.1

-3-
MATTEL'S OPPOSITION TO MGA'S MOTION TO STRIKE MATTEL'S REPLY ISO MOTION FOR
RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER