QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>REPLY TO AMENDED OPPOSITION TO MOTION OF MATTEL, INC. TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED BY MGA, ISAAC LARIAN AND THIRD PARTY DAVID ROSENBAUM<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          TBD<br><br>Phase 1<br>Discovery Cut-off:     January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:            May 27, 2008 |

**Preliminary Statement**

Three weeks after its opposition was due, MGA has now filed an "amended" opposition to Mattel's motion to compel the production of documents improperly withheld as privileged by MGA, Isaac Larian and David Rosenbaum. MGA offers no principled explanation for its belated filing. Moreover, even with more than a month to provide an evidentiary basis for its privilege assertions, MGA, Larian and Rosenbaum are unable to do so for the privilege log entries Mattel has challenged. They should be compelled to produce the underlying documents for those entries immediately.

Since Mattel filed its motion, Mattel has withdrawn without prejudice its contention that MGA and Larian waived the privilege by asserting their good faith. As set forth in Mattel's original reply, this took a number of the documents currently at issue off the table. Moreover, MGA, recognizing that many of the documents it was withholding are clearly not privileged, produced a number of the documents previously at issue a few days ago.

The only category of documents still at issue are draft agreements and other documents containing attorney notes, which were not made in anticipation of litigation. The law is clear that where such documents have not been communicated between an attorney and client they are not privileged. MGA cites no authority to the contrary. At the same time, MGA fails to show that the attorney notes at issue were ever communicated. For example, MGA continues to withhold copies of David Rosenbaum's notes on a fax he received from Carter Bryant enclosing Bryant's Mattel offer letter, in which Bryant noted he was "unable to look into this much further . . . without risking suspicion." Rosenbaum's *thoughts* upon receipt of that fax from Bryant, as reflected in his notes, are not privileged. Indeed, Rosenbaum *already testified* at his deposition about his thoughts upon receipt of that fax. MGA properly did not object to that questioning on the grounds of attorney-client privilege. Just as Mattel was entitled to testimony regarding Rosenbaum's

thoughts upon receipt of Bryant's fax, it is entitled to the contemporaneous notes that reflect those thoughts. The same is true with the numerous other documents containing non-communicated attorney notes that MGA, Larian and/or Rosenbaum are withholding.

## Procedural Background

On January 28, 2008, Mattel filed its motion to compel the production of documents improperly withheld as privileged by MGA, Isaac Larian and David Rosenbaum. Mattel's motion addressed three categories of documents MGA, Larian and/or Rosenbaum were withholding as privileged: (1) draft agreements and other documents containing attorney notes, (2) communications between MGA and its attorney on the one hand, and Bryant and his attorney on the other, and (3) documents for which Mattel contended MGA and Larian had waived the privilege by asserting their "good faith."

Before MGA filed its reply to Mattel's motion, Mattel withdrew without prejudice its claim that MGA and Larian had waived the privilege by asserting the defense of good faith, leaving only categories one and two at issue.[1] MGA then filed a reply on February 7, 2008, suggesting it could not substantively respond even as to categories one and two because Mattel's category three argument had been withdrawn.[2] As Mattel pointed out in its reply, that suggestion is nonsensical.[3]

---

[1] Because Mattel has withdrawn its claim of waiver of privilege, it no longer seeks production of the following documents in connection with this motion: Entry Nos. 1-17, 19-26 and 55-68 on David Rosenbaum's Privilege Log.

[2] Memorandum of Points and Authorities in Opposition to Motion of Mattel, Inc. to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third Party David Rosenbaum, dated February 7, 2008, at pp. 1-2.

On February 28, 2008, weeks later, MGA and Larian then filed their "amended" reply and a day later produced a number of previously withheld documents, disclaiming their assertion of privilege as to the challenged entries that consisted of communications between MGA and/or its attorney and Bryant and/or his attorney (category two).[4] However, MGA, Larian and Rosenbaum continue to refuse to produce a number of documents challenged by Mattel. With limited exception, those documents are apparently draft agreements or other documents containing attorney notes. Thus, only category one now remains at issue. Specifically, the entries that remain at issue are (1) Entry No. 20 on the Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production, (2) Entry Nos. 864, 874, 887-891 and 1121-1125 on Isaac Larian's January 23, 2008 Privilege Log, and (3) Entry No. 18 on David Rosenbaum's Privilege Log.[5]

---

[3] Reply in Support of Motion of Mattel, Inc. to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third Party David Rosenbaum, dated February 12, 2008, at p. 1.

[4] MGA and Larian have agreed to produce the following documents: Entry Nos. 608, 726, 840, 867, 883, 886, 892-897, 914-918, 1126-1132, 1137, 1139 on Isaac Larian's January 23, 2008 Privilege Log.

[5] According to MGA, Entry No. 18 on David Rosenbaum's Privilege Log, Entry No. 20 on the Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production and Entry No. 864 on Isaac Larian's January 23, 2008 Privilege Log are identical drafts of the MGA/Bryant agreement containing Rosenbaum's notes. Entry Nos. 874, 887-891, 1121-1125 on Isaac Larian's January 23, 2008 Privilege Log are apparently individual pages of that agreement with Rosenbaum's notes.

## Argument

### I. MGA, LARIAN AND ROSENBAUM SHOULD BE COMPELLED TO PRODUCE DRAFT AGREEMENTS AND OTHER DOCUMENTS WITH ATTORNEY NOTES

It is well settled that the party asserting the attorney-client privilege bears the burden of establishing that the privilege applies. <u>United States v. Munoz</u>, 233 F.3d 1117, 1128 (9th Cir. 2000) (burden is on the party asserting the attorney-client privilege to establish all of its elements). On their second try, MGA, Larian and Rosenbaum still fail to meet that burden regarding the vast majority of challenged entries on their logs.

As Mattel showed in its motion, an "attorneys' notes and personal musings do not constitute 'communications,' are not privileged, and must be produced." <u>In re Gabapentin Patent Litigation</u>, 214 F.R.D. 178, 187 (D. N.J. 2003). Here, MGA, Larian and Rosenbaum have failed to show that the attorney notes contained on the documents they continue to withhold constitute anything more than non-communicated notes.

MGA submits two declarations in support of its privilege assertions. With respect to the documents currently at issue, the declaration of Isaac Larian merely establishes that he and MGA had an attorney-client relationship with David Rosenbaum.[6] This obviously does not meet MGA's burden.

---

[6] Declaration of Isaac Larian in Support of Amended Opposition to Motion of Mattel, Inc. to Compel Production of Documents Withheld as Privileged by MGA, Isaac Larian and Third Party David Rosenbaum, dated February 27, 2008 ("Larian Dec."), ¶ 4. Larian's Declaration does demonstrate that the notes on Entry Nos. 181, 234 and 235 were made by him and contain questions he asked his attorney Larry Russ "for the purpose of obtaining legal representation and advice." <u>Id.</u>, ¶ 1. Mattel hereby withdraws without prejudice its motion as to those documents.

|   |   |
|---|---|
| 1 | David Rosenbaum's declaration also fails to establish that the |
| 2 | documents at issue are privileged. He states that all the notes on Entry Nos. 864, |
| 3 | 874, 887-891, 1121, 1123-1125 on the Larian Privilege Log and Entry No. 18 on the |
| 4 | Rosenbaum Privilege Log are his "hand-written notations either in preparation for |
| 5 | conversations with [his] clients wherein I made recommendations to them |
| 6 | concerning changes and modifications to the drafts or made the notations as a result |
| 7 | of the conversations I had with my client to reflect their decisions or inquiries. In |
| 8 | short, all of the hand-written notations were made for the purpose of rendering legal |
| 9 | advice or assisting me in the rendering of legal advice."[7] That description is |
| 10 | insufficient to show that the documents are privileged. |
| 11 | Notes made by an attorney for the purposes of assisting in rendering |
| 12 | legal advice are not privileged if not communicated where disclosure will not reveal |
| 13 | confidential communications. See American Natl. Bank and Trust Co. of |
| 14 | Chicago v. AXA Client Solutions, 2002 WL 1058776, at *2 (N.D.Ill. 2002) |
| 15 | (dismissing assertion of attorney-client privilege because handwritten notes at issue |
| 16 | were never communicated by counsel to client and disclosure would not reveal any |
| 17 | confidential communication that was made for the purpose of obtaining legal |
| 18 | advice); United States v. Osborn, 409 F. Supp. 406, 411 (D. Or. 1975) ("absent any |
| 19 | showing that . . . notes reflect a communication between attorney and client" they |
| 20 | are not privileged), rev'd on other grounds, 561 F.2d 1334 (9th Cir. 1977). MGA |
| 21 | cites no authority to the contrary. Nor does it claim the documents with notes it is |
| 22 | withholding were ever communicated between attorney and client; as Mattel stated |

---

[7] Declaration of David S. Rosenbaum in Support of Opposition to Motion of Mattel, Inc. to Compel Production of Documents Withheld as Privileged by MGA, Isaac Larian and Third-Party David Rosenbaum, dated February 26, 2008 ("Rosenbaum Dec."), ¶¶ 4-5.

in its motion, MGA and Rosenbaum conceded during the meet and confer that they were not.[8]

Nor does MGA show that disclosing the notes would reveal confidential communications. The mere fact that Rosenbaum made the notes "*either in preparation for conversations with [his] clients wherein [he] made recommendations to them concerning changes and modifications to the drafts or made the notations as a result of the conversations [he] had with [his] client to reflect their decisions or inquiries*" shows nothing.[9] At least as a general rule, and without more, notes Mr. Rosenbaum made to himself to prepare for conversations with MGA simply are not privileged.

An example illustrates this. Apparently on September 14, 2000, before the Bryant/MGA agreement was signed, Bryant faxed to Rosenbaum his offer letter from Mattel, which referenced his Inventions Agreement with Mattel, with a cover letter stating that he was "unable to look into this much further . . . without risking suspicion."[10] This fax was sent from Mattel, using the BARBIE COLLECTIBLES fax machine.[11] Rosenbaum apparently made notes to himself on the cover of this fax when he received it, and MGA has now produced the fax with Rosenbaum's notes redacted.[12]

---

[8] Declaration of B. Dylan Proctor in Support of Motion of Mattel, Inc. to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third Party David Rosenbaum, dated January 28, 2008 ("Proctor Dec."), ¶ 3.

[9] Rosenbaum Dec., ¶ 5.

[10] See Documents produced as Bates numbers MGA 3866042 - MGA 386058 attached as Exhibit 1 to the concurrently filed Supplemental Declaration of B. Dylan Proctor ("Supp. Proctor Dec.").

[11] Id.

[12] Id.

Those notes merely reflect what Rosenbaum's *thoughts* were upon receipt of the fax, and are not privileged. MGA has offered no authority for the proposition that what a transactional attorney thinks, and jots down, upon receipt of a document from an opposing party is privileged. It is not. In re Gabapentin Patent Litigation, 214 F.R.D. 178, 187 (D. N.J. 2003) ("attorneys' notes and personal musings do not constitute 'communications,' are not privileged, and must be produced."). And yet that is plainly what is being withheld.

In fact, Rosenbaum was questioned at deposition about his thoughts upon receiving the September 14, 2000 fax from Bryant.[13] MGA did not object that the testimony was protected by the attorney-client privilege or instruct not to answer. Instead, with respect to Bryant's statement that Bryant was "unable to look into this much further . . . without risking suspicion," Rosenbaum was allowed to testify that "other than there was a timing issue of when he was planning on leaving, I don't have any other -- didn't form any other opinions."[14] Yet MGA now attempts to shield the documents that will show what Rosenbaum actually thought when he received the fax -- his contemporaneous notes to himself. Thus, MGA is attempting to use the privilege as both sword and shield in a very direct way, which is not permitted. See Chevron Corp. v. Pennzoil Corp., 974 F.2d 1156, 1162 (9th Cir. 1992) ("[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield.") (citation omitted). Mattel is entitled to the notes Rosenbaum took at the time he received the fax to determine whether they corroborate or impeach Rosenbaum's testimony.

---

[13] Transcript of Deposition of David Rosenbaum at 103:2 - 105:20, Supp. Proctor Dec., Exh. 2.

[14] Transcript of Deposition of David Rosenbaum at 105:8 - 105:16, Supp. Proctor Dec., Exh. 2.

## II. MGA'S AMENDED OPPOSITION IS UNTIMELY

MGA filed its "amended" opposition to Mattel's motion more than three weeks after its opposition was due. In its timely filed original opposition MGA and Larian claimed that Mattel's withdrawal of its waiver argument "undermined" their ability to offer a "principled response." That makes no sense. Mattel's privilege waiver argument was distinct from its claims that other withheld documents were not protected by the privilege in the first place. MGA and Larian have still failed to provide a reasoned explanation for their failure to timely file a proper opposition to Mattel's motion.

Mattel does not now seek to strike MGA's "amended" opposition or declarations here, and believes they should be considered on the merits. However, Mattel submits the Court should consider this when considering defendants' efforts to strike Mattel's papers as purportedly untimely.

### Conclusion

For the foregoing reasons, Mattel's motion to compel should be granted and (1) MGA should be compelled to produce an unredacted copy of Entry No. 20 on its Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production, (2) Isaac Larian should be compelled to produce unredacted copies of Entry Nos. 864, 874, 887-891 and 1121-1125 on Isaac Larian's January 23, 2008 Privilege Log, and (3) David Rosenbaum should be compelled to produce an unredacted copy of Entry No. 20 on his privilege log.

DATED: March 4, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Dylan Proctor /BDS
B. Dylan Proctor
Attorneys for Mattel, Inc.