QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>OPPOSITION TO BRYANT'S MOTION TO STRIKE MATTEL'S AMENDED REPLY MEMORANDUM IN SUPPORT OF MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS<br><br>[Declaration of Melissa Grant filed concurrently herewith]<br><br>Hearing Date:  March 10, 2008<br>Time:  8:30 a.m.<br>Place:  Telephonic<br><br>**Phase I**<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

07209/2422167.1

OPPOSITION TO BRYANT'S MOTION TO STRIKE AMENDED REPLY

**Preliminary Statement**

In a desperate attempt to divert the Discovery Master's attention from the merits of Mattel's Motion and the overwhelming evidence of Bryant's spoliation of crucial electronic evidence, Bryant has moved to strike Mattel's Reply Memorandum in Support of Motion of Mattel, Inc. for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Product Computer Hard Drives and for Sanctions ("Reply Brief"). But Bryant's motion is without merit.

Mattel timely and properly filed and served its Reply Brief. In fact, Mattel filed its Reply Brief on February 15, 2008 in accordance with the briefing schedule agreed to by Bryant's counsel.

Bryant's claim that Mattel improperly withheld "factual information" from its opening brief is simply wrong. The "factual information" at issue was not known until Mattel's forensic computer expert completed his analysis of Bryant's Desktop and Laptop and filed his reports on February 11, 2008—the date on which expert disclosures were due. Mattel's Reply Brief also accurately presented its expert's findings. Mattel's expert determined that Bryant used Evidence Eliminator to irretrievably delete files and data from both his Laptop and his Desktop. Bryant erased 9400+ files from his Laptop and an undetermined amount of data from both his Laptop and his Desktop. Bryant's attempt to obfuscate this incontrovertible evidence of spoliation by playing word games is baseless.

Bryant's Amended Motion to Strike is nothing more than a veiled attempt to mislead and confuse in the apparent hope that the Discovery Master will not consider the merits of Mattel's Motion and the overwhelming evidence properly filed in support of it. The Discovery Master should not be fooled.

**Argument**

**I.    MATTEL'S REPLY BRIEF WAS TIMELY FILED**

Bryant claims that Mattel's Reply Brief should be stricken as untimely. He is wrong. In fact, this appears to be an attempt to mislead the Court. Mattel timely filed its Reply Brief on Friday, February 15, 2008 *in accordance with the briefing schedule that Bryant's counsel expressly proposed*. By e-mail message dated January 30, 2008, Bryant's counsel proposed that "oppositions will be due on [February] 7th and replies on [February] 15th" for all pending discovery motions that were *not* set for hearing on February 11, 2008.[1] Mattel agreed to Bryant's briefing schedule.[2] Mattel's Motion was **not** set for hearing on February 11, 2008. Thus, Mattel's Reply Brief was due on February 15, 2008. The date on which it was filed.[3]

---

[1]   Declaration of Melissa Grant ("Grant Dec."), Exh. 1([January 30, 2008 e-mail exchange between Michael Page (Bryant's counsel) and Jon Corey (Mattel's Counsel).

[2]   Id.

[3]   Bryant claims in footnote 2 of his Motion that Mattel did not attach the supporting declaration and proposed order to its February 15, 2008 electronic filing of the Reply Brief. Mot. at 2. As the e-mail cover message accompanying the electronic filing of the Reply Brief shows, Mattel intended to attach the supporting declaration and proposed order to the electronic filing and believed it had done so. See e-mail dated February 15, 2008 sent by Mattel's counsel to the Discovery Master, attached as Exhibit 2 to the Grant Dec.

In an e-mail message sent at 11:28 a.m. on February 19, 2008 to Mattel's counsel, Bryant's counsel told Mattel's counsel that the supporting papers were not attached and requested that Mattel re-send them. See e-mail dated February 19, 2008 from Bryant's counsel to Mattel's counsel, attached as Exhibit 3 to the Grant Dec. Mattel's counsel then immediately discovered that, although the supporting papers were correctly identified by filename on the February 15, 2008 e-mail messages accompanying the filing, a technical glitch had caused eight copies of the Reply Brief to be sent under file names of the supporting papers. By e-mail message sent at 11:29 a.m., Mattel's counsel replied that "we will correct that." See e-mail message dated February 19, 2008 from Mattel's counsel to Bryant's counsel, attached as Exhibit 4 to the Grant Dec. Later that day, in a series of three e-mail messages, on which all counsel—including Bryant's counsel—were copied, Mattel sent via e-mail its Amended Reply Brief and re-sent the supporting papers. See e-
(footnote continued)

Moreover, Mattel's Reply Brief could not possibly be late because Bryant's Opposition—and his Motion to Strike and Amended Motion to Strike—was not properly served. Bryant served his Opposition by federal express and by e-mail. Neither means of service is permitted under Rule 5(b) of the Federal Rule of Civil Procedure. Service by electronic means is permitted only "if the person has consented in writing." Fed. R. Civ. P. 5(b)(2)(E). In this case Mattel has not consented in writing to electronic service. See also December 6, 2006 Stipulation for Appointment of Discovery Master; and Order (providing that reply briefs "shall be served within three court days from the date of service of a formal opposition or response," and service is determined by Rule 5).[4]

## II. MATTEL'S REPLY BRIEF PROPERLY PRESENTED THE FEBRUARY 10, 2008 FINDINGS OF ITS FORENSIC COMPUTER EXPERT

Bryant argues that Mattel "impermissibly seeks to introduce factual information withheld from its opening brief." In its Reply Brief, Mattel presented incontrovertible evidence of Bryant's spoliation of electronic information from his Desktop and his Laptop. Mattel was in a position to present that evidence *for the first time* on February 10, 2008, when Mattel's forensic computer expert, Mark. J. Menz, completed his analysis of Bryant's Desktop and Laptop and his expert reports.[5] Initial expert disclosures were not due until February 11, 2008. Thus, Mattel did not withhold

---

mail messages dated February 19, 2008 (between 5:40 p.m. and 5:47 p.m.) from Mattel's Counsel to the Discovery Master and all counsel, collectively attached as Exhibit 5 to the Grant Dec.

[4] Attached as Exhibit 11 to Grant Dec.

[5] See Forensic Analysis Report 1 of Mark J. Menz [Re Bryant's Laptop], dated Feb. 10, 2008 ("Menz Report 1"), attached as Exh. 3 to the Supplemental Declaration of Melissa Grant ("Supp. Grant Dec."), dated February 15, 2008; Forensic Analysis Report 2 of Mark J. Menz [Re Bryant's Desktop], dated Feb. 10, 2008, ("Menz Report 2"), attached as Exh. 4 to Supp. Grant Dec.

evidence from its moving papers. To the contrary, the evidence—which required expert testimony—had not been discovered yet.

That evidence is no surprise. Bryant himself testified that he had used Evidence Eliminator on his Desktop and Laptop and that as a result an unknown amount of data was deleted from the drives.[6] For Bryant to suggest that he is prejudiced because he did not know the "factual information" regarding his use of Evidence Eliminator on his hard drives strains credulity.

### III. MATTEL'S REPLY BRIEF ACCURATELY PRESENTS THE EVIDENCE OF SPOLIATION FOUND BY ITS FORENSIC COMPUTER EXPERT

Bryant inaccurately claims that Mattel's Reply Brief "misstates" its own expert evidence.

Mattel's expert determined that that Bryant ran Evidence Eliminator on his Laptop on July 12, 2004. "At this time at least 9400+ filenames and/or folder names were overwritten as well as an undetermined amount of data on the drive."[7] Bryant also ran Evidence Eliminator on his Desktop on July 13, 2004,[8] at which time "an undetermined amount of data was overwritten."[9] And Bryant changed "the basic configuration of the program" and ran it again on his Laptop on July 14, 2004—the same day that the drive was imaged.[10]

---

[6] Bryant Deposition [rough] 10:10-11:6, attached as Exhibit 26 to the Declaration of Melissa Grant filed in support of and concurrently with Mattel's Motion.
[7] Menz Report 1 at 1, 13.
[8] Forensic Analysis Report 2 by Mark J. Menz, dated Feb. 10, 2008 ("Menz Report 2"), at 1, 13; Supp. Grant Dec., Exh. 4.
[9] Id.
[10] Menz Report 1 at 1, 14.

Included in Mattel's expert reports are the Evidence Eliminator "README" and Help files found on Bryant's Laptop and Desktop.[11] According to the README files, by deleting file names from a drive's directory, the file entries themselves are "securely eliminated."[12] According to the Help File, "If you use this program even in its basic setting (a single overwrite of Zero's) the target data is practically destroyed. Forensic Analysis software like EnCase . . . a standard tool of the trade used by law-enforcement [and the tool used by Bryant's counsel to image Bryant's Desktop and Laptop[13]], and others, *simply cannot recover the data.*"[14] Indeed, in his detailed findings regarding both the Laptop and Desktop, Mattel's expert stated that Evidence Eliminator is software that "has always been used as a tool to wipe data, so it cannot be recovered."[15] Thus, running Evidence Eliminator on a drive effectively and irretrievably deletes files and data from that drive.

Bryant's claim that "Evidence Eliminator in its "basic setting" or default configuration does not erase files, but simply obfuscates the names of files or folders that previously have been deleted" completely misses the point. Mot. at 3. By eliminating or "overwriting" the filename, Evidence Eliminator makes it impossible to "recover the data." The result is the files and data are lost forever.

Moreover, Mattel's expert did not find that Bryant used the program in its "basic setting" or default configuration. In fact, he never used those words at all. To the contrary, Mattel's expert found that Bryant had used Evidence Eliminator on his Laptop to irretrievably "eliminate" more than 9400+ filenames and/or folder names and

---

[11] Menz Report 1 at 12-28; Menz Report 2 at 22-28.
[12] Id. at 27.
[13] Menz Report 1 at 2, Supp. Grant Dec. Exh. 3; Menz Report 2 at 2, Supp. Grant Dec. Exh. 4.
[14] Id. at 30.
[15] Menz Report 1 at 15 (Details Finding 5), Supp. Grant Dec. Exh. 3; Menz Report 2 at 15 (Details Finding 4), Supp. Grant Dec. Exh. 4

to "overwrite" or delete an undetermined amount of data on July 12, 2004.[16] And found that Bryant had changed the configuration of the program and ran it again on July 14, 2004.[17] Mattel's expert also found that Bryant ran the program again on his Desktop on July 13, 2004, resulting in an "undetermined amount of data on the drive [being] overwritten" and thus lost forever.[18] Thus, Bryant's claim that Mattel's expert found "no evidence that any files were deleted" rings true only if "deleted" is not synonymous with "overwritten, "eliminated," and impossible to "recover the data."

### IV. MATTEL PROPERLY AMENDED ITS REPLY BRIEF[19]

In his Amended Motion to Strike, Bryant argues that Mattel "attempt[ed] to sneak in a different pleading" by making "false claims of a 'technical glitch,'" and purportedly filed the Amended Reply Brief to "fix a 'technical glitch' encountered in filing its original [reply] brief." Amend Mot. at 1. Bryant is incorrect.

Mattel did not suggest in any way that its Amended Reply Brief was filed to "fix" a "technical glitch encountered in filing its [reply] original brief,'" as Bryant contends Amended Mot. at 1. Mattel filed the Amended Reply Brief because the version of the brief timely filed on February 15, 2008 was not the final one. If Mattel needs leave of the Discovery Master to file an amended brief, Mattel so requests it.[20] Mattel promptly and properly filed and served by hand its Amended Reply Brief on

---

[16] Menz Report 1 at 13 (Detail Finding 3).
[17] Id. at 14 (Detail Finding 4).
[18] Menz Report 2 at 13 (Detail Finding 2).
[19] Bryant attempts to ascribe malicious intent to the fact that the date appearing on the signature line of the Amended Reply Brief was February 15, 2008, instead of February 19, 2008. This was an inadvertent typographical error. More importantly, the Reply Brief was timely filed on February 15, 2008 as discussed above, and the Amended Reply Brief was filed and served on February 19, 2008.
[20] Mattel notes that if leave of the Discovery Master is required, then Bryant also should have sought leave to file his Amended Motion to Strike.

1  February 19, 2008—the Tuesday after the three-day holiday weekend.[21] Mattel filed
2  the Amended Reply Brief and re-sent the supporting declaration and exhibits in a series
3  of e-mail messages sent between 5:40 and 5:47 p.m.[22] Approximately two hours later,
4  MGA's counsel requested that Mattel re-send the Amended Reply Brief because a
5  technical glitch resulted in a copy of the Amended Proof of Service being attached
6  under the file name of the Amended Reply Brief.[23] Three minutes later, Mattel's
7  counsel replied and re-sent the Amended Reply Brief to MGA's counsel.[24] Four
8  minutes after that, in an abundance of caution Mattel's counsel also re-sent the
9  Amended Reply Brief to the Discovery Master and all counsel, stating that "[d]ue to a
10 technical glitch, the Amended Reply sent earlier may not have been attached."[25]

11         Despite Bryant's contrary suggestion, the "technical glitch" that occurred
12 in connection with the original filing related only to the supporting papers that Mattel
13 filed and served concurrently with its Reply Brief—not the brief itself, the arguments
14 asserted in it, or the nature and substance of the evidence submitted in support thereof.
15 Hours before Mattel filed its Amended Reply Brief on February 19, 2008, Bryant
16 requested that Mattel re-send him those supporting papers.[26] As a result of Bryant's
17 request, Mattel discovered that, although the supporting papers were correctly identified
18 by filename on the e-mail message accompanying the February 15, 2008 electronic
19 filing of Mattel's Reply Brief, a technical glitch caused eight copies of the Reply Brief
20 to be sent under the file names of the supporting papers. One minute after receiving

---

[21] See e-mail messages dated February 19, 2008 (5:40-5:47 p.m.) from Mattel's counsel to the Discovery Master and all counsel; Grant Dec., Exh. 5.
[22] Id.; see supra n. 2.
[23] See e-mail message dated February 19, 2008 (7:02 p.m.) from MGA's counsel to Mattel's counsel, attached as Exhibit 6 to the Grant Dec.
[24] See e-mail message dated February 19, 2008 (7:05 p.m.) from Mattel's counsel to MGA's counsel, attached as Exhibit 7 to the Grant Dec.
[25] See e-mail message dated February 19, 2008 (7:09 p.m.) from Mattel's counsel to the Discovery Master, attached as Exhibit 8 to the Grant Dec.
[26] See Exh. 4, Grant Dec.

Bryant's request, Mattel's counsel replied that "we will correct that"[27] – a fact that Bryant fails to point out in his Amended Motion to Strike. In response to Bryant's request, when Mattel electronically filed its Amended Reply Brief later that day, Mattel also re-sent to the Discovery Master and all counsel electronic copies of the supporting papers that Mattel had filed and served on February 15, 2008.

Thus, Bryant—not Mattel—has made "false claims" regarding the circumstances surrounding the filing of Mattel's original Reply Brief and its Amended Reply Brief. His claims are little more than a veiled attempt to mislead and confuse in the apparent hope that the Discovery Master will not consider the merits of Mattel's Motion and the overwhelming evidence properly filed in support of it. The Discovery Master should not be fooled.

## V. BRYANT MISREPRESENTS THE EVIDENCE RELATING TO HIS ACCESS TO THE DESKTOP AT THE END OF APRIL 2004

As set forth in Mattel's Reply Brief, Mattel's forensic computer expert determined that a "new USER registry" was created on Bryant's Desktop on or about April 28, 2004—the day after Mattel filed its original complaint and the day before Bryant was served.[28] "This is significant because it is in the registry that configuration data as well as information on mapped drives, attached USB thumb drives, installed software and automatic processes are stored. Creating a new USER registry file could overwrite the old file and effectively erase any prior data preventing recovery of that data."[29] Bryant contends that he could not have created the new USER Registry because "Bryant did not even own that computer at that time. He had given it to his niece the previous fall, and retrieved it from her in July 2004 only." Mot. at 4 n.11. But the evidence is not so clear.

---

[27] See Exh. 5, Grant Dec.
[28] Menz Report 2 at 1, Supp. Grant Dec, Exh. 4.
[29] Id.

Although Bryant gave the Desktop to his niece, Brooke Gilbert, in the fall of 2003, Bryant's partner Richard Irmen testified that he and Bryant frequently visited Ms. Gilbert's home thereafter.[30] And thus, they had access to the Desktop; which Ms. Gilbert confirmed in her testimony.[31] Mr. Irmen testified that he did not use the Desktop on such visits, but he did not know whether Bryant or any one else had used the Desktop during this period of time.[32] Bryant cites Ms. Gilbert's testimony to support his contention that he did not have access to the Desktop until July 2004. Mot. at 4 n.2. But that was not Ms. Gilbert's testimony. The only reference to July 2004 made during Ms. Gilbert's testimony is a representation by Bryant's counsel that the Desktop was imaged in July 2004.[33] Ms. Gilbert also testified that the only significant change she made to the Desktop was in June 2006, when she reformatted it so that one of her employees could use it.[34]

Thus, the only purported "evidence" supporting Bryant's claim that he—or someone acting on his behalf—did not have access or use the Desktop between November 2003 and July 2004 is Bryant's own self-serving statement in his Preservation Affidavit. Mot. at 4 n.11. But, as Mattel's moving papers and Reply Brief make clear, the discrepancies between Bryant's Preservation Affidavit and his deposition testimony regarding his hard drives remain unabated. Am. Reply Br. at 13-14. Interestingly, his own deposition testimony that Bryant cites in support of his claim actually states that the Desktop was retrieved and imaged "right after the lawsuit was

---

[30] Richard Irmen Deposition 301:7-302-17, dated September 28, 2007, attached as Exhibit 9 to Grant Dec.
[31] Brook Gilbert Deposition, 38:17-20, dated July 24, 2007, attached as Exhibit 10 to Grant Dec.
[32] Id.
[33] Id.
[34] Id. at 30:22-38:8.

filed," which Bryant believed "was roughly May 2004."[35] That is precisely when the "new USER registry" was created—on or about April 28, 2004.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master deny Bryant's Motion to Strike in its entirety.

DATED:  March 3, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/
    Jon D. Corey
    Attorneys for Mattel, Inc.

---

[35] Bryant Deposition [rough] 747:19-24, attached as Exh. G to Declaration of Michael H. Page in support of the motion to strike, filed on February 19, 2008.

07209/2422167.1
-10-
OPPOSITION TO BRYANT'S MOTION TO STRIKE AMENDED REPLY