1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9
                    UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                         EASTERN DIVISION
12

| | |
|---|---|
| CARTER BRYANT, an individual, Plaintiff, vs. MATTEL, INC., a Delaware corporation, Defendant. AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 SGL (RNBx) Consolidated with : Case No. CV 04–09059; Case No. CV 05–02727 **DISCOVERY MATTER** **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** [PUBLIC REDACTED] DECLARATION OF MELISSA GRANT IN SUPPORT OF OPPOSITION TO BRYANT'S MOTION TO STRIKE MATTEL'S AMENDED REPLY MEMORANDUM IN SUPPORT OF MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS |

Hearing Date:   March 10, 2008
Time:           8:30 a.m.
Place:          Telephonic

**CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**PHASE 1**
Discovery Cut–off: January 28, 2008
Pre–trial Conference: May 5, 2008
Trial Date: May 27, 2008

07209/2422321.1

1

## DECLARATION OF MELISSA GRANT

2

I, Melissa Grant, declare as follows:

3       1.    I am a member of the bars of the State of California and an

4 associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff

5 and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal,

6 firsthand knowledge and, if called and sworn as a witness, I could and would testify

7 competently thereto.

8       2.    Attached as Exhibit 1 is a true and correct copy of a January 30,

9 2008 e-mail exchange between Michael Page, Bryant's counsel, and Jon Corey,

10 Mattel's counsel.

11       3.    Attached as Exhibit 2 is a true and correct copy of an e-mail

12 message sent by Mattel's counsel to the Discovery Master, copying all counsel,

13 accompanying the filing of Mattel's Reply Brief and supporting papers, dated

14 February 15, 2008.

15       4.    Attached as Exhibit 3 is a true and correct copy of an e-mail

16 message sent from Bryant's counsel to Mattel's counsel, dated February 19, 2008.

17       5.    Attached as Exhibit 4 is a true and correct copy of an e-mail

18 message sent from Mattel's counsel to Bryant's counsel, dated February 19, 2008.

19       6.    Collectively attached as Exhibit 5 are true and correct copies of a

20 series of three e-mail messages from Mattel's counsel to the Discovery Master,

21 copying all counsel, accompanying the filing of the Amended Reply Brief, dated

22 February 19, 2008 (5:40 – 5:47 p.m.).

23       7.    Attached as Exhibit 6 is a true and correct copy of an e-mail

24 message from MGA's counsel to Mattel's counsel dated February 19, 2008 (7:02

25 p.m.).

26       8.    Attached as Exhibit 7 is a true and correct copy of an e-mail

27 message from Mattel's counsel to MGA's counsel dated February 19, 2008 (7:05

28 p.m.).

-2-

DECLARATION OF MELISSA GRANT

1            9.     Attached as Exhibit 8 is a true and correct copy of an e-mail

2    message from Mattel's counsel to the Discovery Master dated February 19, 2008

3    (7:09 p.m.).

4            10.    Attached as Exhibit 9 is a true and correct copy of the relevant

5    portions of the deposition transcript of Richard Irmen dated September 28, 2007.

6            11.    Attached as Exhibit 10 is a true and correct copy of the relevant

7    portions of the deposition transcript of Brooke Gilbert dated July 24, 2007.

8            12.    Attached as Exhibit 11 is a true and correct copy of the

9    Stipulation For Appointment of a Discovery Master; and Order filed December 6,

10   2006.

11

12           I declare under penalty of perjury under the laws of the United States of

13   America that the foregoing is true and correct.

14

15           Executed this 4th day of March, 2008, at Los Angeles, California.

16

17                                 _____

18                                 Melissa Grant

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

**Tiffany Garcia**

**From:**  Jon Corey

**Sent:**  Wednesday, January 30, 2008 9:02 PM

**To:**  Michael Page

**Subject:** RE: Infante motions

Yes, that is agreeable to Mattel. I will circulate a stipulation tomorrow morning.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as
such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Michael Page [mailto:MPage@KVN.com]
**Sent:** Wednesday, January 30, 2008 4:30 PM
**To:** Jon Corey
**Subject:** Infante motions

I understand from the Skadden folks that you have agreed that, for pending Infante motions that are not on
calendar the 11th, oppositions will be due on the 7th and replies on the 15th. Can you confirm that this is the
case, and applies to any motions regarding Bryant as well? Those dates are fine with us.


EXHIBIT ____1____

PAGE ____4____

1/31/2008

**Exhibit 2**

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Friday, February 15, 2008 6:27 PM |
| **To:** | 'SChan@JAMSADR.com' |
| **Cc:** | 'Mark E. Overland (moverland@obsklaw.com)'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'tnoland@skadden.com'; 'tmiller@skadden.com'; Michael T Zeller; Dylan Proctor; Jon Corey; Timothy Alger |
| **Subject:** | Mattel's Reply in Support of Motion for Order Enforcing January 25, 2007 Order Compelling Bryant to Produce Hard Drives and for Sanctions |
| **Attachments:** | Reply Memorandum in Support of Motion.pdf; Grant Supplemental Decl Exhibit 3 pp 22-59.pdf; Grant Supplemental Decl Exhibits 1-2 pp 6-21.pdf; Grant Supplemental Decl Exhibits 4-5 pp 60-106.pdf; Grant Supplemental Decl Exhibits 6 (1of2) pp 107-155.pdf; Grant Supplemental Decl Exhibits 6 (2of2) pp 156-206.pdf; Grant Supplemental Decl Exhibits 7-9 pp 207-230.pdf; Proposed Order.pdf |

Dear Ms. Chan:

Attached please find PDFs of (1) Reply Memorandum in Support of Mattel, Inc.'s Motion for an Order to Enforce January 25, 2007 Compelling Bryant to Produce Hard Drives and for Sanctions; (2) the Supplemental Declaration of Melissa Grant in Support; (3) [Proposed] Order; and (4) Proof of Service. The hard copies are being sent to Judge Infante by Federal Express, and opposing counsel are being served separately by hand or US Mail.

Please let me know if you have any questions.

Thank you.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ____2____

PAGE ____5____

3/3/2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
   (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:  (213) 443–3000
Facsimile:  (213) 443–3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> _____ <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04–09059 <br> Case No. CV 05–02727 <br><br> **DISCOVERY MATTER** <br><br> **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** <br><br> REPLY MEMORANDUM IN SUPPORT OF MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS <br><br> [Supplemental Declaration of Melissa Grant filed concurrently herewith] <br><br> Hearing Date:    TBA <br> Time:              TBA <br> Place:             TBA <br><br> **Phase I** <br> Discovery Cut–off:    January 28, 2008 <br> Pre–trial Conference:  May 5, 2008 <br> Trial Date:            May 27, 2008 |

07209/2389184.1

EXHIBIT ____2____

PAGE ____6____

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................. 1

ARGUMENT ............................................................................................ 2

I. JUDGE LARSEN HAS ORDERED THAT MATTEL IS ENTITLED TO DISCOVER EVIDENCE OF SPOLIATION ............................................. 2

II. THE JANUARY 25, 2007 ORDER COMPELLED BRYANT TO PRODUCE ALL HIS HARD DRIVES ............................................................ 3

    A. The Order Is Not Limited to Bryant's Desktop and Laptop Computers ............................................................................ 3

    B. The Order Is Not Limited to Pre-2004 Hard Drives ...................... 4

    C. The 2004 and 2007 Computers Fall Within the Ambit of the Discovery Master's Express Findings of Relevance ...................... 5

III. THE EVIDENCE OF BRYANT'S SPOLIATION OF RELEVANT, DISCOVERABLE INFORMATION IS OVERWHELMING ........................ 7

    A. Bryant Willfully and Intentionally Destroyed Electronic Evidence ......................................................................... 7

    B. Bryant's Duty to Preserve Bratz-Related Documents Arose the Day He Left Mattel .................................................... 11

IV. THE INCONSISTENCIES IN BRYANT'S STORY REMAIN UNABATED ............................................................................... 12

V. BRYANT'S PRIVACY CONCERNS ARE FRIVOLOUS ......................... 13

VI. BRYANT SHOULD BE SANCTIONED ............................................ 13

CONCLUSION ....................................................................................... 13

EXHIBIT _2_

PAGE _7_

07209/2389184.1

-i-

# TABLE OF AUTHORITIES

**Page**

## Cases

Claredi Corp. v. SeeBeyond Technology Corp.,
2007 WL. 735018 (E.D. Mo. 2007) ........................................................................ 10

Frees, Inc. v. McMillan,
2007 WL. 184889 (W.D. La. 2007) ........................................................................ 10

Gonzalez v. City of Fresno,
2007 WL. 2781149 (E.D. Cal. 2007) ....................................................................... 5

In re Krause,
367 B.R. 740 (D. Kan. 2007) ........................................................... 8, 9, 10, 11

Kucala Enterprises, LTD. v. Auto Wax Co., Inc.,
2003 WL. 21230605 (N.D. Ill. 2003)........................................................ 7, 8, 10

Richmark Corp. v. Timber Falling Consultants,
959 F.2d 1468 (9th Cir. 1992)................................................................................. 6

## Statutes

Fed. R. Civ. P.
Rule 26(b)(1) ............................................................................................................ 5
Rule 34..................................................................................................................... 3

EXHIBIT ___2___

PAGE___8___

07209/2389184.1

-ii-

## Preliminary Statement

On January 7, 2008, Judge Larson "conclude[d] that Mattel has shown good cause to grant additional discovery given . . . the concerns regarding retention and spoliation of evidence."[1] Since then, those concerns have only grown. Carter Bryant's Opposition Memorandum disingenuously asks "if Mr. Bryant *didn't* use Evidence Eliminator to destroy evidence, why . . . is that data missing?"[2] Bryant then declares falsely that "[t]he simple answer is that there is no missing data."[3] In fact, Mattel has now learned that Bryant used the Evidence Eliminator Program twice, once two days before it was imaged and once the day it was imaged, with the result that 9,400 files and/or folders were forever deleted.[4]

MGA does not challenge the above facts, nor does it dispute that (i) Mattel has never been permitted to see images of or inspect five other computers that (ii) Bryant used in connection with Bratz work. Its only argument is that Bryant purportedly did not use those computers during what Bryant considers the "relevant time period." Bryant should be ordered to stop hiding the ball and produce the evidence he has been repeatedly ordered to produce.

Accordingly, Mattel respectfully requests that the Discovery Master order Bryant to comply immediately with the January 25, 2007 Order by producing **all** hard drives and forensic images in his or his counsel's possession, including the hard drives from his 2004 and 2007 Computers. Mattel further submits that Bryant's willful and flagrant refusal to comply with the January 25, 2007 warrants sanctions, including the prospective sanctions sought by Mattel's Motion.

---

[1]   January 7, 2008 Order at 2, Supplemental Grant Declaration of Melissa Grant ("Supp. Grant Dec."), Exh. 9.
[2]   Carter Bryant's Opposition to Mattel Inc's Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions dated February 7, 2008 (Opp. Mem.) at 6:13-14.
[3]   Id. at 14-15.
[4]   Forensic Analysis Report 1 of Mark J. Menz dated February 10, 2008; Supp. Grant Dec., Exh. 3.

17209/2389184.1

-1-

REPLY ISO MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE THREE COMPUTER HARD DRIVES

EXHIBIT 2

PAGE 9

1

2

3   I.    **JUDGE LARSEN HAS ORDERED THAT MATTEL IS ENTITLED TO**

4         **DISCOVER EVIDENCE OF SPOLIATION**

5              The Discovery Master's December 31, 2007 Order denying Mattel's

6   motion seeking permission to inspect the hard drives of Isaac Larian's computers

7   recited that Mattel sought to "ensure that relevant information *has not* been deleted or

8   permanently destroyed."[5] (Emphasis added.) The Discovery Master evidently believed

9   that Mattel sought to discover information that *remained in existence* on the hard drives

10  and therefore sought to conduct "a fishing expedition in pursuit of new claims."[6]  In

11  fact, the opposite was the case.  In seeking to examine Larian's and Bryant's computers,

12  Mattel is seeking to discover evidence of spoliation by an analysis of what is *not* on the

13  drives, when the information was deleted, and how.  Because Bryant has used the

14  "Evidence Eliminator" program, it is not possible to recover the information that Bryant

15  deleted.  It is possible, however, to determine what files and folders were eliminated.

16  Such evidence is clearly relevant to Mattel's existing claims.  Spoliation is an element

17  of Mattel's RICO claim and evidence of spoliation would support an evidentiary

18  inference of intent and guilty knowledge on defendants' part.

19             Judge Larson has recognized that evidence of spoliation is pertinent to

20  existing issues in this case.  On January 7, 2008, he compelled MGA to produce two

21  additional witnesses to testify concerning MGA's efforts to preserve evidence.  In

22  doing so, he considered whether (i) the discovery Mattel sought was "unreasonably

23  cumulative or duplicative"; (ii) it could be "obtained from a more convenient, less

24  burdensome, or less expensive source"; and (iii) the "burden or the expense of the

25  requested discovery outweigh[ed] its likely benefit, taking into account the factors of

26

27  ---
    [5] December 31, 2007 Order at 17; Supp. Grant Dec., Exh. 10. **EXHIBIT** ___2___

28  [6] Id.                                                        **PAGE** ___10___

07209/2389184.1

-2-

REPLY ISO MATTEL'S MOTION RE: BRYANT'S FAILURE TO
PRODUCE THREE COMPUTER HARD DRIVES

1 │ the parties' resources, the importance of the issues at stake, and the importance of the
2 │ requested discovery in resolving these issues." After considering those factors, Judge
3 │ Larson ruled that:

> Considering the standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, *the concerns regarding retention and spoliation of evidence*, and the delay in receiving paper discovery caused by numerous discovery disputes in a Court-imposed stay requested by MGA upon substitution of counsel.' (Emphasis added.)

Mattel is, therefore, entitled to discovery evidence of spoliation.

## II.   THE JANUARY 25, 2007 ORDER COMPELLED BRYANT TO PRODUCE ALL HIS HARD DRIVES

### A.   The Order Is Not Limited to Bryant's Desktop and Laptop Computers[8]

Bryant claims that the January 25, 2007 Order required him to produce the Desktop and Laptop only. He is wrong. The Order is unambiguous: "Pursuant to Rule 34, Fed. R. Civ.P., *Bryant shall produce the hard drives of his computers for forensic imaging . . . no later than February 23, 2007.*"[9] It is not limited to any specific Bryant computers or hard drives.

Nor did Mattel's underlying motion limit the relief sought, as Bryant contends.[10] While noting that it "was aware of" only the Desktop and Laptop—given

---

[7]   January 7, 2008 Order at 2; Supp. Grant Dec., Exh. 9.

[8]   Bryant's Opp. Mem. refers to the computer as the "2002 Computer." In fact, Bryant testified in November 2004 that he purchased the Laptop in November 2001. Bryant Deposition at 247:25-248:2, Grant Dec., Exh. 5.

[9]   January 25, 2007 Order, at 17, Grant Dec., Exh. 1 (emphasis added).

[10]   Opp. Mem. at 2:6-7 & n 3. Bryant cites as purported support for this statement "Mot. at 11," but fails to state which Mattel motion the citation refers to. The language quoted and the page cited, however, indicates that the motion cited (footnote continued)

EXHIBIT ___2___

PAGE ___11___

-3-

1  Bryant's then-testimony and disclosures—Mattel did *not* limit the relief sought in its

2  2007 Motion (or its 2005 Motion) to those drives.[11] To the contrary, Mattel sought an

3  order compelling Bryant to produce, among other things, "the hard drives of his

4  computers for forensic imaging," without limitation.[12] In fact, it was Bryant who

5  sought to limit his discovery obligations "to the computers referenced in his

6  deposition."[13] In issuing the January 25, 2007 Order, the Discovery Master granted

7  Mattel the broad relief it sought with respect to production of Bryant's hard drives and

8  implicitly rejected Bryant's attempt to limit his discovery obligation in that regard.

9

10      **B.    The Order Is Not Limited to Pre-2004 Hard Drives**

11              Bryant's claim that the scope of the January 25, 2007 Order must be

12  limited to the period January 1, 1995, to September 14, 2004, because Mattel's 2007

13  Motion was purportedly "expressly limited" to that time period is simply wrong. The

14  Order contains no temporal limit. Further, the "relevant time frame" for the underlying

15  document requests was not "January 1, 1995 to the date of those requests,

16  September 14, 2004," as Bryant claims.[14]

17

18  was the Notice of Motion and Motion of Plaintiff Mattel, Inc. to Compel Production

19  of Documents by Carter Bryant, filed on January 4, 2007 ("Mattel's 2007 Motion"),
    Supp. Grant Dec., Exh. 1.

20      [11]   Joint Stipulation at 58:9–10, Grant Dec., Exh. 7; Mattel's 2007 Separate

21  Statement at 58:12-13, Grant Dec., Exh. 11.

22      [12]   Mattel's 2007 Motion at 12:1; Supp. Grant Dec., Exh. 1.
        [13]   January 25, 2007 Order, at 9:18-19 (during the meet and confer process,

23  Bryant agreed to, among other things, "make a diligent search for all computers
    referenced in his deposition and search them for responsive documents").

24      [14]   Opp. at 3 n.6. How Bryant arrived at the date of September 14, 2004, is a

25  mystery. Mattel served its requests on June 14, 2004, and Bryant served his
    objections and responses on July 16, 2004. January 25 2007 Order, at 5:26-29,

26  Grant Dec., Exh. 1. In the definition sections, Mattel stated "[u]nless otherwise

27  specified, these requests call for DOCUMENTS prepared on or after January 1,
    1995 through the present." Page Dec. ¶ 4, Ex. C, at 3:19-20. The Discovery Master

28  (footnote continued)

07209/2389184.1

1    In any event, a court may order the production of documents beyond the

2  temporal scope of the underlying discovery requests. <u>See</u> <u>Gonzalez v. City of Fresno</u>,

3  2007 WL 2781149, at *5 (E.D. Cal. 2007) (slip op.) (holding magistrate judge did not

4  clearly err by compelling discovery beyond the temporal scope of plaintiffs' document

5  requests.  Indeed, "[f]or good cause, the court may order discovery of any matter

6  relevant to the subject matter involved in the action."  <u>Fed. R. Civ. P.</u> 26(b)(1).

7  "Relevant information need not be admissible at the trial if the discovery appears

8  reasonably calculated to lead to the discovery of admissible evidence."  <u>Id.</u>  Here, the

9  relevance of Bryant's 2004 and 2007 Computers is indisputable.

10

11    **C.    <u>The 2004 and 2007 Computers Fall Within the Ambit of the</u>**

12        **<u>Discovery Master's Express Findings of Relevance</u>**

13    Mattel brought the underlying motion to compel in January 2007 in part

14  because Bryant (a) refused to produce any responsive documents created after the suit

15  was filed in April 2004 and any communications—including e-mail messages—with

16

17  granted Mattel's motion to compel as to documents requests for which the
   "specified" time period was "after October 20, 2000."  For example:
18

19    REQUEST FOR PRODUCTION NO. 12: All DOCUMENTS that
       REFER OR RELATE TO work or services, including without
20     limitation any freelance work or consulting services, that YOU
       performed for or on behalf of MGA after October 20, 2000.
21

22    REQUEST FOR PRODUCTION NO. 19: All DOCUMENTS that
       REFER OR RELATE TO DESIGNS that YOU created, authored,
23     produced, conceived of or reduced to practice after October 20, 2000 as
       purported "works-made-for-hire" (whether in whole or in part) for or
24     on behalf of MGA.
25

26    REQUEST FOR PRODUCTION NO. 32: All DOCUMENTS that
       REFER OR RELATE TO any payment of money or consideration
27     made to YOU or for YOUR benefit by MGA for services or work that
       YOU performed for or on behalf of MGA after October 20, 2000.
28

07209/2389184.1

**EXHIBIT** ___2___                                        -5-

**PAGE** ___13___

1  MGA created after he left Mattel's employ on October 20, 2000; and (b) insisted the
2  only Bratz-related documents he had to produce were those related to First Generation
3  Bratz dolls or to work he performed for MGA prior to June 30, 2001 when the First
4  Generation Bratz dolls were released.[15]  The Discovery Master expressly rejected
5  Bryant's positions and found "[t]he lawsuit is much broader than the First Generation
6  Bratz dolls issued [o]n June 30, 2001."[16]  Indeed, as shown in Mattel's moving papers,
7  the Discovery Master and the Court have previously ruled that materials and evidence
8  related to Bryant's designs, work for MGA (or others), "ongoing conduct," and
9  communications with MGA and others is "unquestionably relevant" to Mattel's claims
10 and defenses in Phase 1 and Phase 2.[17]  This is so whether Bryant's designs and work
11 relate to a Bratz doll released in or after June 2001, or to unreleased products.[18]

12      Thus, Bryant's assertion that "the relevant events in this case occurred
13 from 1998 to 2001" and therefore the Desktop and Laptop are his only "arguably
14 relevant" computers is unfounded.[19]  So to his suggestion that the 2004 and 2007
15 Computers—which he recently testified to using to perform Bratz-related work and

16

17

18      [15]  January 25, 2007 Order, at 7:17-8:2, Grant Dec., Exh. 1.
19      [16]  Id. at 12:27-29.
20      [17]  Id. at 12-15; see also Order Modifying Protective Order, dated May 15, 2007,
       at 6-8; Order Granting Mattel's Motion Compel Production of Documents and
21      Interrogatory Responses, dated May 15, 2007, at 9; Stipulation to Modify Protective
       Order; and Order Thereon, dated May 15, 2007 (collectively "the May 15, 2007
22      Orders"), Grant Dec., Exh. 30. Minute Order, dated July 2, 2007, at 3-4, Grant
23      Dec., Exh. 24. Even if the Discovery Master and Court had not previously ruled on
       this issue, Bryant waived the right to object to the January 25, 2007 Order on the
24      ground that unreleased products are not relevant by failing to raise this issue in
25      opposition Mattel's 2005 and 2007 motions to compel. See, e.g., Richmark Corp. v.
       Timber Falling Consultants, 959 F.2d 1468 (9th Cir. 1992).
26      [18]  May 15, 2007 Orders, Grant Dec., Exh. 30; July 2, 2007 Order, Grant Dec.,
27      Exh. 24; January 25, 2007 Order, Grant Dec. Exh. 1.    EXHIBIT ___2___
28      [19]  Opp. Mem. at 4:11-12.

                                                              PAGE ___14___
07209/2389184.1                            -6-
                            REPLY ISO MATTEL'S MOTION RE: BRYANT'S FAILURE TO
                            PRODUCE THREE COMPUTER HARD DRIVES

1    used to communicate with MGA concerning such work[20]—"could not possibly" be

2    subject to the January 25, 2007 Order.[21]

3

4    **III.**    **THE EVIDENCE OF BRYANT'S SPOLIATION OF RELEVANT,**

5         **DISCOVERABLE INFORMATION IS OVERWHELMING**

6

7         **A.**    **Bryant Willfully and Intentionally Destroyed Electronic Evidence**

8           Notwithstanding his self-serving assertions to the contrary, the evidence of

9    Bryant's spoliation of relevant and discoverable electronically stored information on his

10    Desktop and Laptop is incontrovertible.

11           Bryant does not dispute that he refused to produce his Desktop for nearly

12    four months after January 25, 2007.[22] It took five more months for Bryant to produce

13    his Laptop.[23] When Mattel inspected those drives, it discovered that a software

14    program called "Evidence Eliminator" had been installed on them in 2002.[24] As the

15    court noted in Kucala Enterprises, LTD. v. Auto Wax Co., Inc., 2003 WL 21230605,

16    at *2 (N.D. Ill. 2003), the manufacturer of the Evidence Eliminator software promotes

17    the software as "data destruction technology." It "touts its product as 'protection . . .'

18    that will 'defeat EnCase and other Forensic Analysis equipment . . .' Evidence

19    Eliminator will delete or 'clean' computer hard drives of 'deadly evidence' that may

20    have been deleted by the user, but still remain embedded in the computer's memory.'"

21          Three weeks ago, Bryant admitted for the first time to installing "Evidence

22    Eliminator" on his Desktop and Laptop.[25] He also admitted that by using Evidence

23

24   ————————————————————

25   [20]  Bryant Deposition 23:9-45:6; 25:2-16, Grant Dec., Exh. 26.

    [21]  Id. at 4:9.

26   [22]  Mot. 7-8.

    [23]  Id.

27   [24]  Grant Dec. ¶ 28, Exh. 25.

    [25]  Bryant Deposition [Rough] 10:10-11:6; Grant Dec., Exh. 26.

28

**EXHIBIT** 2

**PAGE** 15

-7-

1  Eliminator," data was deleted from his hard drives.[26] But Bryant claimed not to know
2  what data was eliminated.[27] He also claimed that the only reason he used the program
3  was to make his Desktop and Laptop "run smoother"[28]—a claim he repeats in his
4  Opposition.[29] That claim is simply not credible. "Any reasonable person can deduce, if
5  not from the name of the product itself, then by reading the website, that Evidence
6  Eliminator is a produce used to circumvent discovery." Kucala, 2003 WL 21230605,
7  at *2 (holding that the use of Evidence Eliminator to "clean" a hard drive to be willful
8  destruction of electronic evidence warranting sanctions) *quoted with approval in* In re
9  Krause, 367 B.R. 740, 771 (D. Kan. 2007) (finding debtor's use of the "Ghostsurf"
10 software, nominally an internet security program but designed to wipe out and
11 permanently eradicate files, violated his duty to preserve electronic evidence and
12 constituted willful and intentional spoliation warranting sanction of entry of partial
13 default judgment and contempt).

14          Bryant breached his duty to preserve Bratz-related electronic evidence on
15 or about April 28, 2004—the day after Mattel filed its original complaint and the day
16 before Bryant was served.[30] On that day, Bryant created a "new USER registry" on his
17 Desktop.[31] "This is significant because it is in the registry that configuration data as
18 well as information on mapped drives, attached USB thumb drives, installed software
19 and automatic processes are stored. Creating a new USER registry file could overwrite
20 the old file and effectively erase any prior data preventing recovery of that data."[32]

21          The evidence also shows that Bryant ran Evidence Eliminator on his
22 Laptop on July 12, 2004. "At this time at least 9400+ filenames and/or folder names

23
24  [26] Id.
    [27] Id.
25  [28] Id. at 6:17-10:9; 12:18-13:20.
    [29] Opp. at 5.
26  [30] January 25, 2007 Order, Grant Dec., Exh. 1.
    [31] Menz Report 1, Supp. Grant Dec., Exh. 3; see also January 25, 2007 Order,
27  Grant Dec. Exh. 1.
    [32] Id.

EXHIBIT _2_

PAGE _16_

1   were overwritten as well as an undetermined amount of data on the drive."[33] He also

2   ran Evidence Eliminator on his Desktop on July 13, 2004,[34] at which time "an

3   undetermined amount of data was overwritten."[35]   And he interacted with the

4   configuration of the program and ran it again on his Laptop on July 14, 2004.[36]

5           The timing of Bryant's destruction of electronic data is particularly

6   significant. Bryant ran Evidence Eliminator on his drives a month *after* he was served

7   with Mattel's discovery requests *and either the same day or two days before Bryant's*

8   *counsel created the forensic images of the drives*.[37]   Such conduct is clear evidence of

9   willful and intentional spoliation. See, e.g. In re Krause, 367 B.R. 740, 768-772 (D.

10   Kan. 2007).

11           In his Opposition, Bryant points to an image of his Desktop's "My

12   Documents" folder purportedly produced "long ago" as alleged proof that no data from

13   the critical time period of 2000 and 2001 is missing.[38]  Bryant must have hoped that

14   Mattel and the Discovery Master would simply accept his self-serving description as

15   correct, because the image he points to lists only the names of files, not their creation or

16   edit dates.[39]  The evidence actually shows that of the 142 filenames and/or folders

17   listed, *only one was created in 2000 and just eight were created in 2001.*[40]

18           Furthermore, Bryant has produced only a handful of e-mail messages

19   related to Bratz and his communications with MGA or others from 2000 to 2001, and

20   even fewer e-mail messages from 2002 through 2005.[41]  MGA and various third parties

21

22     [33]  Menz Report 1 at 1, 13.
    [34]  Forensic Analysis Report 2 by Mark J. Menz, dated Feb. 10, 2008 ("Menz

23   Report 2"), at 1, 13; Supp. Grant Dec., Exh. 4.
    [35]  Id.

24     [36]  Menz Report 1 at 1, 14.
    [37]  Id.

25     [38]  Opp. at 7:2-3; Page Dec. ¶ 16, Exh. O.
    [39]  Page Dec., Exh. O.

26     [40]  Supp. Grant Dec, ¶ 6, Exh. 5 (Detailed Screen Image of Bryant's Desktop

27   "My Documents" Folder).
    [41]  Id. at ¶ 7, Exh. 6 (E-mail messages produced by Bryant from 2000 through

28   2005).

EXHIBIT ___2___

PAGE ___17___

-9-

1  have produced e-mail messages that Bryant exchanged with them.[42] But Bryant has not
2  produced them in any form.[43]

3  　　　"A party cannot, by his own self-serving statements, deny the other party
4  access to potentially relevant information." Frees, Inc. v. McMillan, 2007 WL 184889,
5  at *1-*2 (W.D. La. 2007) (rejecting defendant's argument that he should not be
6  compelled to produce two computers simply because he purchased them two years after
7  his alleged misappropriation of plaintiff's trade secrets); see also Claredi Corp. v.
8  SeeBeyond Technology Corp., 2007 WL 735018, at *2 (E.D. Mo. 2007) (slip op.)
9  (rejecting defendant's mere assertion that its failure to produce communications and
10 certain agreements caused "no harm because none of the documents that [it] failed to
11 produce were material documents"). The Federal Rules of Civil Procedure simply do
12 *not* "grant a party the ability to independently determine which documents it believes
13 are material and produce only those documents." Id.

14 　　　The fact is that no one will ever know what was on those computers before
15 Bryant deleted more than 9,400+ filenames and/or folders from his Laptop and an
16 unknown number of files and/or folders from his Desktop. In such circumstances, "the
17 possibility that relevant documents were included in [such a] mass deletion is
18 something [a] Court cannot overlook." Kucala, 2003 WL 21230605, at *5 -*6 (N.D.
19 Ill. 2003) (so stating where there was no evidence that Evidence Eliminator actually
20 deleted relevant information, but there was evidence that over 14,000 files had been
21 deleted by running the program). Cf. In re Krause, 267 B.R. at 769 (inferring that lost
22 electronic evidence was relevant where the e-mail messages that were produced
23 showed the debtor used his computers as a "nerve center" for the business interests at
24 issue in the adversary proceeding).

25

26 　[42]  Id. at ¶ 8, Exh. 7 (E-mail messages produced by MGA and others from 2000
27 through 2001).
28 　[43]  Id.

07209/2389184.1

EXHIBIT ____2____
　　　　　　　　　　　　　-10-
PAGE ____18____

## B.   Bryant's Duty to Preserve Bratz-Related Documents Arose the Day He Left Mattel

Bryant does not dispute that his Desktop and Laptop contained relevant Bratz-related documents.   Instead, he argues—as Kucala did—that Mattel has no evidence that he destroyed, or failed to preserve, any relevant evidence from his drives.[44]   But Bryant—just like Kucala—is plain wrong.

Bryant installed Evidence Eliminator on his Desktop and Laptop in 2002. Bryant bitterly argues that at the time "he was  under no obligation to preserve **any** evidence, and would have been free to toss his own computers into the sea if he chose" because "the lawsuit was not filed until nearly two years later."[45]   Not so.   Bryant was contractually obligated to preserve evidence.

From the day he left Mattel, Bryant knew that Bratz-related documents and electronic communications stored on any of his hard drives might belong to Mattel. Bryant had assigned to Mattel all rights, title, and interest in the "inventions" that he conceived or created during his employment.[46]   Thus, when he left, Bryant had an obligation to preserve any designs or inventions he had conceived or created during his employment and "to do all acts necessary to secure patent protection" for Mattel for any Bratz-related "inventions" because they belonged to Mattel.[47]   Nevertheless, on

---

[44]   Id. at 6-7.

[45]   Id. at 6:5-8.

[46]   Id. at 2.

[47]   Mattel's Proprietary Information Checkout, signed by Carter Bryant on October 19, 2000; Supp. Grant Dec., Exh. 2. Pursuant to the Proprietary Information Checkout form, Bryant reaffirmed that any and all designs, inventions, ideas, or improvements that he made or conceived at any time during his employment with Mattel was the "exclusive property" ("Proprietary Subject Matter") of Mattel. Id. He also agreed, among other things, "to make full and prompt disclosure in writing" to Mattel of all such Proprietary Subject Matter and, at Mattel's request, "to provide additional information to more fully define the specific structure of the disclosed subject matter and to present support documents evidencing [his] conception and development of the subject matter." Id.

EXHIBIT ____2____

PAGE ____19____

-11-

1   September 18, 2000, when Bryant was still employed by Mattel, he entered into an
2   agreement with MGA that required him to provide MGA with design services for
3   Bratz.[48]   In such circumstances, for Bryant to assert that he had no obligation to
4   preserve Mattel's Bratz-related documents is baseless.   Destroying them would
5   wrongfully deprive Mattel of its property.

6

7   **IV.   THE INCONSISTENCIES IN BRYANT'S STORY REMAIN**
8        **UNABATED**

9            Bryant claims his January 15, 2008 Preservation Affidavit and his
10  January 2008 deposition testimony "are both identical and correct."[49]   His claim is
11  specious.

12           As set forth in Mattel's moving papers, Bryant testified that since 2000, he
13  has owned and used at least *seven computers* to do Bratz-related work and to
14  communicate with MGA and others about that work.   They include the Desktop and
15  Laptop discussed above; *two additional* computers purchased in 2004; and *three*
16  *additional* computers purchased in 2007.[50]   Bryant's Preservation Affidavit refers *to*
17  *only five computers:* the Desktop and Laptop and "three computers [he] had used since
18  the imaging [of the Desktop and Laptop] in July, 2004."[51]   Bryant also testified that in
19  2005 his counsel made forensic images of the two 2004 Computers and kept possession
20  of those drives.[52]   Neither Bryant's Preservation Affidavit nor his Opposition refer
21  anywhere to the *two* 2004 computers or their 2005 forensic images.   There is simply no
22  way to reconcile Bryant's Preservation Affidavit with his January 2008 deposition
23  testimony.

24  _____
     [48]   Id. at 3.
25   [49]   Opp. at 8:7-8.
     [50]   Mot. at 11:14-12:8.
26   [51]   Declaration of Carter Bryant in Response to Court's Request for Information
27  Regarding Document Preservation, filed January 15, 2008; Grant Dec., Exh. 27.
28

07209/2389184.1

EXHIBIT __2__

PAGE __20__

-12-

## V.   BRYANT'S PRIVACY CONCERNS ARE FRIVOLOUS

By this Motion, Mattel seeks production of the two 2004 Computers and their 2005 forensic images. Mattel also seeks production of the three 2007 Computers, their 2007 full forensic images, and their 2008 partial images. The relevance of those drives is indisputable.   Nevertheless, Bryant argues that their production would constitute an "outrageous" invasion of his privacy, breach his attorney-client privilege, and disclose highly confidential and current design work to Mattel. Bryant's argument is frivolous.

Mattel is not seeking disclosure of privileged communications, and Bryant knows it. Moreover, the Discovery Master and the Court has already ruled that the operative three-tier protective order fully protects Bryant's privacy interests as well as defendants' proprietary interests in current design work and unreleased products.[53]

## VI.   BRYANT SHOULD BE SANCTIONED

Bryant's Opposition demonstrates yet again that Bryant's failure to comply with the January 25, 2007 is willful and flagrant. Enough is enough. Bryant has not and cannot offer any valid justification for refusing to comply with the January 25, 2007 Order, let alone a substantial justification for doing so.

Sanctions are needed here as a deterrent. This is so particularly in light of the overwhelming evidence of spoliation and Bryant's baseless yet persistent refusal to comply with the January 25, 2007, even after the close of Phase 1 discovery.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master order Bryant to: (1) produce within five calendar days all his 2004 and 2007

---

[52]   Bryant Deposition [Rough[ 21:24-28:18; Grant Dec., Exh. 26.
[53]   January 25, 2007 Order, at 15, Grant Dec., Exh. 1; May 15, 2007 Orders, Grant Dec., Exh. 30; July 2, 2007 Minute Order, Grant Dec., Exh. 24.

07209/2389184.1

EXHIBIT ___2___

PAGE ___21___

-13-

1  computer hard drives for forensic examination and the forensic images in his counsel's
2  possession of those drives in compliance with the January 25, 2007 Order, along with
3  any other drives Bryant used for Bratz that are in his possession, custody, or control.
4  Mattel also respectfully requests that the Discovery Master award sanctions in the
5  amount of $3,500 to reimburse Mattel for at least part of its attorney's fees; and impose
6  prospective sanctions of $5,000 per day until such time as Bryant fully complies with
7  the January 25, 2007 Order.

8

9  DATED: February 15, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

10

11                                   By
12                                      David Quinto
                                        Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          EXHIBIT   2

27                                          PAGE    22

28

)7209/2389184.1

-14-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

On February 15, 2008, I served true copies of the following document(s) described as **REPLY MEMORANDUM IN SUPPORT OF MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS** on the parties in this action as follows:

## SEE ATTACHED LIST

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 15, 2008, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

EXHIBIT ___2___

PAGE ___23___

07309/2366738.1

PROOF OF SERVICE

1

## SERVICE LIST

2

Thomas J. Nolan
**Skadden, Arps, Slate,**
3   **Meagher & Flom, LLP**
300 South Grand Ave., Ste. 3400
4   Los Angeles, California 90071
TEL: (213) 687-5000
5   FAX: (213) 687-5600
**tnolan@skadden.com**
6

7

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, California 94111
TEL: (415) 391-5400
FAX: (415) 397-7188
**jkeker@kvn.com**
**mhp@kvn.com**

8   Mark E. Overland, Esq.
David E. Scheper, Esq.
9   Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
10  300 South Grand Avenue
Suite 2750
11  Los Angeles, California 90071-3144
TEL: (213) 613-4655
12  FAX: (213) 613-4656
**moverland@obsklaw.com**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _2_

PAGE _24_

07309/2366738.1

-2-

PROOF OF SERVICE

**Exhibit 3**

**Melissa Grant**

**From:**     Michael Page [MPage@KVN.com]

**Sent:**     Tuesday, February 19, 2008 11:28 AM

**To:**       Melissa Grant

**Cc:**       BRATZ-KVN

**Subject:** Reply brief

We have received your reply brief, filed Friday evening, concerning Mr. Bryant's computers. The email to Ms. Chan, copied to us, purports to include supporting evidence and proposed order, but in fact has eight identical copies of your brief, each with a different filename. Could you provide us with correct copies?

EXHIBIT ___3___

PAGE ___25___

**Exhibit 4**

## Melissa Grant

**From:** Melissa Grant

**Sent:** Tuesday, February 19, 2008 11:29 AM

**To:** 'Michael Page'

**Cc:** 'BRATZ-KVN'

**Subject:** RE: Reply brief

We will correct that.

---

**From:** Michael Page [mailto:MPage@KVN.com]
**Sent:** Tuesday, February 19, 2008 11:28 AM
**To:** Melissa Grant
**Cc:** BRATZ-KVN
**Subject:** Reply brief

We have received your reply brief, filed Friday evening, concerning Mr. Bryant's computers. The email to Ms. Chan, copied to us, purports to include supporting evidence and proposed order, but in fact has eight identical copies of your brief, each with a different filename. Could you provide us with correct copies?

EXHIBIT _4_

PAGE _26_

3/3/2008

**Exhibit 5**

**Melissa Grant**

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Tuesday, February 19, 2008 5:40 PM |
| **To:** | 'Sandra Chan' |
| **Cc:** | 'mpage@kvn.com'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'tnoland@skadden.com'; 'tmiller@skadden.com'; 'moverland@obsklaw.com'; Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger |
| **Subject:** | Mattel v. Bryant |
| **Attachments:** | Proposed Order.pdf; Amended Reply.pdf; Suppl Decl of Melissa Grant through Exh 1-4 (pg 1-98).pdf |

Dear Ms. Chan:

Attached is Mattel's Amended Reply Memorandum in Support of Mattel, Inc.'s Motion for An Order Enforcing the January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and For Sanctions ("Amended Reply"), replacing the Reply Memorandum that was filed on Friday 15, 2007. I am re-sending electronic copies of the supporting declaration and [Proposed] Order, along with an Amended Proof of Service. Mattel personally served hard copies of the Amended Reply and the supporting papers on Judge Infante this afternoon, as well as on opposing counsel. Because of the size of the attachments, I will send them in a three separate emails. This is the first of the three emails.

If you have any questions, please let me know.

Thank you.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT **5**

PAGE **27**

3/3/2008

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Tuesday, February 19, 2008 5:45 PM |
| **To:** | 'Sandra Chan' |
| **Cc:** | 'mpage@kvn.com'; 'thomas.nolan@skadden.com'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'tmiller@skadden.com'; 'moverland@obsklaw.com'; Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger |
| **Subject:** | Mattel v. Bryant |

**Attachments:** Suppl Decl of Melissa Grant through Exhs 5 -6 (pgs 99-206).pdf

This is the 2nd email of 3 emails relating to Mattel's Amended Reply in Support of Mattel, Inc.'s Motion to Enforce January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions.

EXHIBIT __5__

PAGE __28__

3/3/2008

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Tuesday, February 19, 2008 5:47 PM |
| **To:** | 'Sandra Chan' |
| **Cc:** | 'mpage@kvn.com'; 'thomas.nolan@skadden.com'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'tmiller@skadden.com'; 'moverland@obsklaw.com'; Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger |
| **Subject:** | Mattel v. Bryant |

**Attachments:** Amended Proof of Service.pdf; Suppl Decl of Melissa Grant through Exhs 7 - 10 (pg 207-257) (2).pdf

This is the 3rd email of 3 relating to Mattel's Amended Reply in Support of Mattel, Inc.'s Motion to Enforce January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions.

EXHIBIT __5__

PAGE __29__

3/3/2008

**Exhibit 6**

## Melissa Grant

| | |
|---|---|
| **From:** | Harden, Susan M [Susan.Harden@skadden.com] |
| **Sent:** | Tuesday, February 19, 2008 7:02 PM |
| **To:** | Melissa Grant |
| **Cc:** | Miller, Timothy A (SFC) |
| **Subject:** | FW: Mattel v. Bryant |
| **Attachments:** | Proposed Order.pdf; Amended Reply.pdf; Suppl Decl of Melissa Grant through Exh 1-4 (pg 1-98).pdf |

Melissa,

The document attached as "Amended Reply" is the Amended Proof of Service, which was sent twice. Could you please send the Amended Reply as referenced below?

Thank you.

**Susan M. Harden**
Case Manager
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue | Los Angeles | California | 90071-3144
T: 213.687.5403 | F: 213.621.5403
sharden@skadden.com

Skadden

**From:** melissagrant@quinnemanuel.com [mailto:melissagrant@quinnemanuel.com]
**Sent:** Tuesday, February 19, 2008 5:40 PM
**To:** 'Sandra Chan'
**Cc:** 'mpage@kvn.com'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'tnoland@skadden.com'; Miller, Timothy A (SFC); 'moverland@obsklaw.com'; Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger
**Subject:** Mattel v. Bryant

Dear Ms. Chan:

Attached is Mattel's Amended Reply Memorandum in Support of Mattel, Inc.'s Motion for An Order Enforcing the January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and For Sanctions ("Amended Reply"), replacing the Reply Memorandum that was filed on Friday 15, 2007. I am re-sending electronic copies of the supporting declaration and [Proposed] Order, along with an Amended Proof of Service. Mattel personally served hard copies of the Amended Reply and the supporting papers on Judge Infante this afternoon, as well as on opposing counsel. Because of the size of the attachments, I will send them in a three separate emails. This is the first of the three emails.

If you have any questions, please let me know.

Thank you.

Melissa Grant

EXHIBIT ___6___

PAGE ___30___

3/4/2008

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

--------------------------------------------------------------------------------
**************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ****************************************************

EXHIBIT __6__

PAGE __31__

3/4/2008

**Exhibit 7**

## Melissa Grant

| | |
|---|---|
| **From:** | Melissa Grant |
| **Sent:** | Tuesday, February 19, 2008 7:05 PM |
| **To:** | 'Harden, Susan M' |
| **Cc:** | 'Miller, Timothy A (SFC)' |
| **Subject:** | RE: Mattel v. Bryant |
| **Attachments:** | Amended Reply.pdf |

Here you go.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Harden, Susan M [mailto:Susan.Harden@skadden.com]
**Sent:** Tuesday, February 19, 2008 7:02 PM
**To:** Melissa Grant
**Cc:** Miller, Timothy A (SFC)
**Subject:** FW: Mattel v. Bryant

Melissa,

The document attached as "Amended Reply" is the Amended Proof of Service, which was sent twice. Could you please send the Amended Reply as referenced below?

Thank you.

**Susan M. Harden**
Case Manager
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue | Los Angeles | California | 90071-3144
T: 213.687.5403 | F: 213.621.5403
sharden@skadden.com

Skadden

EXHIBIT __7__

PAGE ___32___

3/3/2008

**Exhibit 8**

## Melissa Grant

| From: | Melissa Grant |
|---|---|
| Sent: | Tuesday, February 19, 2008 7:09 PM |
| To: | 'Sandra Chan' |
| Cc: | 'mpage@kvn.com'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'thomas.nolan@skadden.com'; 'tmiller@skadden.com'; 'moverland@obsklaw.com'; Michael .T Zeller; Jon Corey; Dylan Proctor; Timothy Alger |
| Subject: | RE: Mattel v. Bryant |

**Attachments:** Amended Reply.pdf

Ms. Chan,

Due to a technical glitch, the Amended Reply sent earlier may not have been attached. In an abundance of caution, I am resending it. As noted in prior email, Mattel personally served hard copies of the Amended Reply and supporting papers on Judge Infante and opposing counsel earlier today.

If you have any questions, please let me know.

Melissa Grant


Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: melissagrant@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Melissa Grant
**Sent:** Tuesday, February 19, 2008 5:40 PM
**To:** 'Sandra Chan'
**Cc:** 'mpage@kvn.com'; 'Jkeker@kvn.com'; 'mhp@kvn.com'; 'tnoland@skadden.com'; 'tmiller@skadden.com'; 'moverland@obsklaw.com'; Michael T Zeller; Jon Corey; Dylan Proctor; Timothy Alger
**Subject:** Mattel v. Bryant

Dear Ms. Chan:

EXHIBIT __8__

PAGE __33__

3/3/2008

Attached is Mattel's Amended Reply Memorandum in Support of Mattel, Inc.'s Motion for An
Order Enforcing the January 25, 2007 Order Compelling Bryant to Produce Computer Hard
Drives and For Sanctions ("Amended Reply"), replacing the Reply Memorandum that was filed
on Friday 15, 2007. I am re-sending electronic copies of the supporting declaration and
[Proposed] Order, along with an Amended Proof of Service. Mattel personally served hard
copies of the Amended Reply and the supporting papers on Judge Infante this afternoon, as
well as on opposing counsel. Because of the size of the attachments, I will send them in a
three separate emails. This is the first of the three emails.

If you have any questions, please let me know.

Thank you.

Melissa Grant
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3191
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  melissagrant@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as
such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT  8

PAGE  34

**Exhibit 9**

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

**Exhibit 10**

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

**Exhibit 11**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100
7  Attorneys for Mattel, Inc.
8  [Additional counsel listed on following page]
9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,       )  Case No. CV 04-09049 SGL (RNBx)
                                        )
13                   Plaintiff,          )  Consolidated with
                                        )  Case No. CV 04-09059
14        v.                             )  Case No. CV 05-02727
                                        )
15  MATTEL, INC., a Delaware            )  STIPULATION FOR APPOINTMENT
    corporation,                        )  OF A DISCOVERY MASTER; AND
16                                       )
                     Defendant.          )  [PROPOSED] ORDER
17                                       )
                                        )  Discovery Cutoff Date: Not Set
18                                          Trial Date: Not Set

19

20

21

22

23

24

25

26        EXHIBIT ___11____

27        PAGE ___69___

28

1   LITTLER MENDELSON
        Robert F. Millman (Bar No. 062152)
2       Douglas A. Wickham (Bar No. 127268)
        Keith A. Jacoby (Bar No. 150233)
3   2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
4   Telephone:  (310) 553-0308
    Facsimile:  (310) 553-5583
5
    Attorneys for Carter Bryant
6
    O'MELVENY & MYERS LLP
7       Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
8   Los Angeles, California 90017
    Telephone:  (213) 430-6000
9   Facsimile:  (213) 430-6407

10  O'MELVENY & MYERS LLP
        Dale Cendali
11  Times Square Tower
    7 Times Square
12  New York, NY 10036

13  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
        Patricia Glaser (Bar No. 55668)
14  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15  Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
16
    Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26
                        EXHIBIT ____11____
27
                        PAGE ____70____
28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

- 2 -

1    WHEREAS, the parties are in agreement that a discovery master should be
2    appointed in this matter to resolve any discovery disputes and to minimize the
3    burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5    (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7    trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8    Inc., by and through their respective counsel of record, hereby stipulate and agree as
9    follows:

10   1.    The Discovery Master shall be appointed to assure and provide cost-
11   effective discovery and to minimize the burden of discovery disputes upon the
12   Court. Any and all discovery motions and other discovery disputes in the above
13   captioned action shall be decided by a master ("Discovery Master") pursuant to
14   Federal Rule of Civil Procedure 53. Any motions currently pending before
15   Magistrate Judge Block shall be transferred to the Discovery Master. The moving
16   party shall provide to the Discovery Master all papers associated with each pending
17   motion.

18   2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His
19   business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20   94111.

21   3.    Judge Infante shall serve as the Discovery Master until all issues herein
22   have been finally disposed of or determined, or until he shall withdraw in
23   accordance with applicable law. If at any time he becomes unable to serve as the
24   Discovery Master, the parties shall confer to present an alternative agreed-upon
25   designee to the Court. In the event that the parties cannot agree to an alternate
26   designee, then the Court shall appoint a Discovery Master.

27   4.    The Discovery Master shall have the authority to set the date, time, and
28   place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT ____11____

PAGE ____71____          -3-

1 preside over hearings (whether telephonic or in-person); to take evidence in
2 connection with discovery disputes; to issue orders resolving discovery motions
3 submitted to the Discovery Master; to conduct telephonic conferences to resolve
4 discovery disputes arising during depositions; to issue orders awarding non-
5 contempt sanctions, including, without limitation, the award of attorney's fees, as
6 provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7 recommendations, as appropriate.

8       5.     All discovery disputes shall be resolved by motion (except those arising
9 during a deposition which the Discovery Master determines can be resolved by
10 telephonic conference during the deposition). The moving party shall first identify
11 each dispute, state the relief sought, and identify the authority supporting the
12 requested relief in a meet and confer letter that shall be served on all parties by
13 facsimile or electronic mail. The parties shall have five court days from the date of
14 service of that letter to conduct an in-person conference to attempt to resolve the
15 dispute. If the dispute has not been resolved within five court days after such
16 service, the moving party may seek relief from the Discovery Master by formal
17 motion or letter brief, at the moving party's option. The opposing party shall have
18 five court days from the date of service of the motion or letter brief to submit a
19 formal opposition or response. Any reply brief or letter brief shall be served within
20 three court days from the date of service of a formal opposition or response. The
21 hearing on the motion shall take place within five court days of the service of any
22 reply brief or letter unless (a) the parties agree to another hearing date or agree that
23 no hearing is necessary; (b) the Discovery Master determines that no hearing is
24 necessary; or (c) the Discovery Master is not available, in which case the hearing
25 shall take place on the Discovery Master's first available date. The foregoing shall
26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28 dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT    11

PAGE    72

- 4 -

1 prejudiced absent prompt resolution. Service of any document by fax or electronic
2 mail prior to 6:00 p.m. shall constitute service on that day.

3      6.     The Discovery Master's orders resolving discovery disputes, reports, or
4 recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5 Magistrate Judge of the United States District Court. The Discovery Master shall
6 file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7 the parties within five court days of his/her decision on a matter.

8      7.     A court reporter shall transcribe any hearing or other proceeding before
9 the Discovery Master.

10      8.     The cost of any proceeding before the Discovery Master, including the
11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12 other proceedings before the Discovery Master, and the fees of any other person
13 necessary to the efficient administration of the proceeding before the Discovery
14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16 the Discovery Master Orders otherwise. By agreeing to share costs among the
17 parties, no party waives its right to seek recovery or reimbursement for such costs
18 from any other party.

19      9.     The Discovery Master shall be compensated according to his regular
20 hourly rate of $750.

21      10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22 Master shall proceed with all reasonable diligence.

23      11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25 aware that he has a relationship to the parties, to counsel, to the action, or to the
26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27 based thereon the parties expressly waive any ground for disqualification disclosed
28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT   **11**

PAGE   **13**

- 5 -

1    12.    The Discovery Master shall not have ex parte communications with ~~the~~
2 ~~Court,~~ a party or counsel.

3    13.    The Discovery Master shall preserve and maintain all documents and
4 materials submitted by the parties as well as all orders, reports, and
5 recommendations issued by the Discovery Master. These documents, materials,
6 orders, reports and recommendations shall be the record of the Discovery Master's
7 activities, and shall be maintained in chronological order until the Discovery Master
8 is informed by the parties that all issues herein have been finally disposed of and
9 determined.

10    14.    The Discovery Master is hereby authorized to receive and consider
11 information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-
12 ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective
13 Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

14    15.    All third parties subject to discovery requests or deposition in this
15 litigation shall be bound by the terms of this Stipulation and Order.

16

17 Dated: November 22, 2006              O'MELVENY & MYERS LLP

18

19                                      By:
20                                         Diana Torres
                                           Attorneys for MGA Entertainment, Inc.
21

22 Dated: November 29, 2006             LITTLER MENDELSON

23

24                                      By:
25                                         Douglas A. Wickham
                                           Attorneys for Carter Bryant
26

27

28

                                        STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                           MASTER AND [PROPOSED] ORDER
                        - 6 -

EXHIBIT _____11_____

PAGE _____74_____

1 | Dated: ~~November~~ December 4, 2006      QUINN EMANUEL URQUHART
                                                   OLIVER & HEDGES, LLP

2

3                                         By: _Jon D. Corey_____

4                                              Jon D. Corey
                                             Attorneys for Mattel, Inc.

5

6                               **ORDER**

7       The foregoing Stipulation for Appointment of a Discovery Master is SO

8 ORDERED *as modified.*

9

10 Dated: _12-6-06_.                        _S. G. Larsen_____

11                                 Hon. Stephen G. Larson
                                United States District Court Judge

12

13

14                        **CONSENT OF DISCOVERY MASTER**

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery

16 Master in the above referenced proceeding consistent with this Order.

17

18 Dated: _12-5-06_                       _Edward A. Infante_____
                                Hon. Edward A. Infante (Ret.)

19

20

21

22

23

24

25

26

27

28

                                          STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                                MASTER AND [PROPOSED] ORDER

EXHIBIT _11_

PAGE _75_

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

**Keith A. Jacoby, Esq.**              **Diana M. Torres, Esq.**
**Douglas Wickham, Esq.**             **O'Melveney & Meyers**
**Littler Mendelson**                 400 S. Hope Street
**A Professional Corporation**        Los Angeles, CA 90071
2049 Century Park East, 5th Floor     Phone: 213-430-6000
Los Angeles, California 90067-3107    **Fax: 213-430-6407**
Phone: 310-553-0308
**Fax: 310-553-5583**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

Signature

EXHIBIT ___11___

PAGE ___76___