QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS<br><br>Date:   March 10, 2008<br>Time:   8:30 a.m.<br>Place:  Telephonic<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

# SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel")  I make this supplemental declaration in support of Mattel, Inc.'s Opposition to Bryant's Motion To Compel Responses To Discovery Requests.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. The Bryant document requests at issue in this motion ("Bryant Requests") are almost entirely duplicative of prior requests seeking the same documents.  MGA alone has served twelve (12) sets of Requests for Production in this matter, making approximately 1,000 requests, many of them overlapping.  The Bryant Requests in large part simply restate demands to which Mattel already has responded over and over again.  Moreover, much of the discovery sought in the Bryant Requests has already been the subject of motions before the Court, resulting in some instances in rulings rejecting or limiting the discovery.

3. On September 12, 2007, Mattel was ordered to produce, among other things, documents concerning Mattel's interpretation of its inventions agreements and conflict of interest questionnaire, documents concerning Mattel's decision to sue Carter Bryant, documents concerning Bryant's work while at Mattel, documents concerning Bryant's work or involvement with Bratz and for MGA, documents relating to the facts giving rise to this litigation, and documents supporting Mattel's allegations in its complaint.  Attached as Exhibit 1 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Supplement Responses and Produce Documents Responsive to First Set of Requests for Production of Documents and Things; Denying Requests for Sanctions, dated September 12, 2007 ("September Order").  Mattel has produced

many thousands of pages of documents responsive to MGA and Bryant's Requests and in compliance with the September Order and other orders of the Court.

4. On February 20, 2008, the Discovery Master modified the September Order by limiting Mattel's production obligations relating to certain of the Requests to "documents that relate or would relate to persons employed by Mattel in the El Segundo Design Center at any time between January 1, 1995 and April 28, 2005 who were or would have been required to sign Mattel's Employee Confidential Information and Inventions Agreement or Conflict of Interest Questionnaire, or any version of the same, or otherwise came in contact with Mattel's confidential information." Attached as Exhibit 2 is a true and correct copy of the Court's Order granting in part Mattel's Renewed Motion for Reconsideration of the September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel Production of Documents, dated February 20, 2008.

5. The repetitive nature of the document requests served by Defendants can only be illustrated with the requests themselves, so they are attached to this Declaration. Rather than filling gaps at the final stages of the litigation, Bryant chose in his Fourth Set of Requests to ask yet again for the same documents.

6. Attached as Exhibit 3 is a true and correct copy of MGA's First Set of Requests for the Production of Documents and Things, dated January 31, 2004, with the proof of service reflecting service on January 31, 2005 ("First Set (A)").

7. Attached as Exhibit 4 is a true and correct copy of MGA's First Set of Requests for the Production of Documents and Things, dated November 22, 2006 ("First Set (B)").

8. Attached as Exhibit 5 is a true and correct copy of MGA's Second Set of Requests for the Production of Documents and Things, dated April 13, 2005 ("Second Set (A)").

9. Attached as Exhibit 6 is a true and correct copy of MGA's Second Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated March 27, 2007 ("Second Set (B)").

10. Attached as Exhibit 7 is a true and correct copy of MGA's Third Set of Requests for the Production of Documents and Things, dated February 14, 2007 ("Third Set (A)").

11. Attached as Exhibit 8 is a true and correct copy of MGA's Third Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated March 27, 2007 ("Third Set (B)").

12. Attached as Exhibit 9 is a true and correct copy of MGA's Fourth Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated June 6, 2007 ("Fourth Set").

13. Attached as Exhibit 10 is a true and correct copy of MGA's Fifth Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated August 3, 2007 ("Fifth Set").

14. Attached as Exhibit 11 is a true and correct copy of MGA's Sixth Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated November 16, 2007 ("Sixth Set").

15. Attached as Exhibit 12 is a true and correct copy of MGA's Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated November 29, 2007 ("Seventh Set (A)").

16. Attached as Exhibit 13 is a true and correct copy of MGA's Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated December 21, 2007 ("Seventh Set (B)").

17. Attached as Exhibit 14 is a true and correct copy of MGA's Eighth Set of Requests for the Production of Documents and Things in Case No. 05-2727, dated December 28, 2007 ("Eighth Set").

-3-
SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

18. Attached as Exhibit 15 is a true and correct copy of Carter Bryant's Fourth Set of Requests for Production to Mattel, Inc., dated December 26, 2007.

19. Below is a non-exclusive list and comparison of Bryant's Requests for Production that are at issue in this motion and MGA's multitude of prior Requests for Production. The comparison just gives a taste of the overlap:

| **CARTER BRYANT'S REQUESTS FOR PRODUCTION**[1] | **MGA'S REQUESTS FOR PRODUCTION** |
|---|---|
| REQUEST FOR PRODUCTION NO. 10:<br><br>DOCUMENTS sufficient to show the date on which MATTEL hired outside counsel to represent MATTEL with respect to any litigation or potential litigation concerning BRYANT or BRATZ. (This request is not limited by the time period limitation set forth in the instruction). | REQUEST FOR PRODUCTION NO. 531:[2]<br><br>DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection with this ACTION, including, but not limited to, a copy of the fee agreement or retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges LLP.<br><br>See also, e.g., MGA's Requests for Production No. 530.[3] |

---

[1] Attached hereto as Exhibit 15.
[2] Fifth Set, Exh. 10.
[3] Fifth Set, Exh. 10.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS constituting or REFERRING OR RELATING TO any fee agreement between MATTEL and any witnesses in this case.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 19 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that BRYANT misappropriated any MATTEL trade secrets.

REQUEST FOR PRODUCTION NO. 97:[4]

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATION between MATTEL and any person consulted regarding any fact or issue relating to this lawsuit, including, without limitation, any experts, investigators, or witnesses, excluding privileged COMMUNICATIONS with or on behalf of counsel for MATTEL.

REQUEST FOR PRODUCTION NO. 220:[5]

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

---

[4] First Set (B), Exh. 4.
[5] First Set (A), Exh. 3.

REQUEST FOR PRODUCTION NO. 286:[6]

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor."

REQUEST FOR PRODUCTION NO. 181:[7]

All DOCUMENTS constituting, evidencing, referring to or reflecting BRYANT's work at MATTEL, including the projects he worked on.

REQUEST FOR PRODUCTION NO. 180:[8]

All DOCUMENTS mentioning, referring or relating to BRYANT including, but not limited to, BRYANT's personnel

---

[6] Id.
[7] Id.
[8] Id.
[9] First Set (B), Exh. 4.
[10] Second Set (B), Exh. 6.
[11] Third Set (A), Exh. 7.
[12] Third Set (B), Exh. 8.
[13] Sixth Set, Exh. 11.

| | |
|---|---|
| | file and all DOCUMENTS on MATTEL's Zeus computer system that mention BRYANT.<br><br>See also, e.g., MGA's Requests for Production Nos. 22, 23, 24, 25, 26, 27, 46, 77, 78, 79, 82, 85, 95, 96, 97, 106, 107, 108, 109, 110, 111, 112, 114, 115[9]; 5, 6, 7, 8 -43, 48, 72, 80, 90, 113, 122, 130, 131, 138, 156, 157, 158, 162, 165, 166, 167, 172, 173, 174, 182, 183, 184, 185, 186, 187, 188, 190-200, 217, 219, 220, 221, 249, 250, 251, 252, 253, 257, 259, 260, 261, 262, 269, 270, 271, 280, 296, 307, 302-303, 306-307, 329-330; 117, 123, 126, 127, 128, 129, 135, 174, 181;[10] 351;[11] 291, 292[12]; 548.[13] |
| REQUEST FOR PRODUCTION NO. 23:<br><br>All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 21 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that BRYANT "wrongfully converted Mattel's property by removing Trade Secret Materials [as that term is used in MATTEL's Second Amended Answer and Counterclaims] in electronic and paper form from | REQUEST FOR PRODUCTION NO. 220:[14]<br><br>All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.<br><br>REQUEST FOR PRODUCTION NO. |

---

[14]   First Set (A), Exh. 3.

| | | |
|---|---|---|
| 1 | Mattel's offices." | 286:[15] |
| 2 | | All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor." |
| 9 | | REQUEST FOR PRODUCTION NO. 181:[16] |
| 11 | | All DOCUMENTS constituting, evidencing, referring to or reflecting BRYANT's work at MATTEL, including the projects he worked on. |
| 16 | | REQUEST FOR PRODUCTION NO. 180:[17] |
| 18 | | All DOCUMENTS mentioning, referring or relating to BRYANT including, but not limited to, BRYANT's personnel file and all DOCUMENTS |

---

[15] Id.
[16] Id.
[17] Id.
[18] First Set (B), Exh. 4.
[19] Second Set (B), Exh. 6.
[20] Third Set (A), Exh. 7.
[21] Third Set (B), Exh. 8.
[22] Sixth Set, Exh. 11.

SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

| | |
|---|---|
| | on MATTEL's Zeus computer system that mention BRYANT. |
| | See also, e.g., MGA's Requests for Production Nos. 22, 23, 24, 25, 26, 27, 46, 77, 78, 79, 82, 85, 95, 96, 97, 106, 107, 108, 109, 110, 111, 112, 114, 115[18]; 5, 6, 7, 8 -43, 48, 72, 80, 90, 113, 122, 130, 131, 138, 156, 157, 158, 162, 165, 166, 167, 172, 173, 174, 182, 183, 184, 185, 186, 187, 188, 190-200, 217, 219, 220, 221, 249, 250, 251, 252, 253, 257, 259, 260, 261, 262, 269, 270, 271, 280, 296, 307, 302-303, 306-307, 329-330; 117, 123, 126, 127, 128, 129, 135, 174, 181;[19] 351;[20] 291, 292[21]; 548.[22] |
| **REQUEST FOR PRODUCTION NO. 26:** | **REQUEST FOR PRODUCTION NO. 740:**[23] |
| All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 69 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that if CARTER BRYANT had disclosed his idea for a line of fashion dolls which he named Bratz to MATTEL prior to October 20, 2000, MATTEL would have taken steps to commercially exploit the idea. | All DOCUMENTS REFERRING OR RELATING TO any research or investigation by YOU to determine the estimated value of original drawings, designs or ideas for any toy, including, but not limited to, fashion dolls owned or licensed by MATTEL, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of all products based on those original drawings, designs |

---

[23]  Seventh Set(A), Exh. 12.

|   |   |
|---|---|
| 1 | or ideas. |
| 2 | REQUEST FOR PRODUCTION NO. 741:[24] |

All DOCUMENTS REFERRING OR RELATING TO any decision made by YOU not to sell, grant, or license to any PERSON the rights to any toy design or idea, including, but not limited to, fashion dolls that YOU did not intend to exploit or develop.

See also e.g., MGA's Requests for Production Nos. 742.[25]

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 98 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that the "Conflict of Interest Questionnaire" produced by MATTEL in this litigation as document M0001621 requests the disclosure of

REQUEST FOR PRODUCTION NO. 544:[26]

Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL.

REQUEST FOR PRODUCTION NO. 546:[27]

All DOCUMENTS concerning each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was

---

[24] Id.
[25] Id.
[26] Sixth Set, Exh. 11.
[27] Id.

any ideas, designs or inventions that CARTER BRYANT may have developed while not employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 100 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that the "Conflict of Interest Questionnaire" produced by MATTEL in this litigation as document M0001621

breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations.

See also, e.g., MGA's Requests for Production Nos. 281, 282, 284, 285; 545, 547.[28]

**REQUEST FOR PRODUCTION NO. 544:**[29]

Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL.

**REQUEST FOR PRODUCTION NO. 546:**[30]

All DOCUMENTS concerning each instance in which any provision of a

---

[28] Id.
[29] Id.
[30] Id.

-11-
SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

| | | |
|---|---|---|
| 1 | requests the disclosure of any ideas, designs or inventions that CARTER BRYANT may have developed while not employed by MATTEL. | CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations.<br><br>See also, e.g., MGA's Requests for Production Nos. 281, 282, 284, 285; 545, 547.[31] |

REQUEST FOR PRODUCTION NO. 29:

    All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 106 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by MATTEL to disclose any

REQUEST FOR PRODUCTION NO. 132:[32]

    All DOCUMENTS REFERRING OR RELATING TO any contract BRYANT had with MATTEL.

REQUEST NO. 543:[33]

    All DOCUMENTS concerning each instance in

---

[31] Id.
[32] Second Set (B), Exh. 6.
[33] Sixth Set, Exh. 11.

| | |
|---|---|
| ideas, designs, or inventions that he may have developed while not employed by MATTEL at the time that BRYANT resumed his employment with MATTEL in January 1999. | which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations. |

See also, e.g., MGA's Requests for Production Nos. 541. [34]

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 108 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by

REQUEST FOR PRODUCTION NO. 544:[35]

Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL.

REQUEST FOR PRODUCTION NO. 546:[36]

---

[34] Id.
[35] Id.
[36] Id.

-13-
SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

|  |  |
|---|---|
| MATTEL to disclose any ideas, designs, or inventions that he may have developed while not employed by MATTEL at the time that BRYANT resumed his employment with MATTEL in January 1999. | All DOCUMENTS concerning each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations. |

See also, e.g., 281, 282, 284, 285; 545, 547, 573[37]

REQUEST FOR PRODUCTION NO. 31:

    All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 110 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by MATTEL to disclose any

REQUEST FOR PRODUCTION NO. 544:[38]

    Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL.

REQUEST FOR PRODUCTION NO. 546:[39]

    All DOCUMENTS

---

[37] Id.
[38] Id.
[39] Sixth Set, Exh. 11.

-14-
SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

| | |
|---|---|
| ideas, designs, or inventions that he may have developed while not employed by MATTEL. | concerning each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations. |
| | See also, e.g., 281, 282, 284, 285; 545, 547, 573[40] |
| REQUEST FOR PRODUCTION NO. 32: | REQUEST FOR PRODUCTION NO. 544:[41] |
| All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 112 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by | Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL.

REQUEST FOR PRODUCTION NO. 546:[42] |

---

[40] Id.
[41] Id.
[42] Id.

| | |
|---|---|
| MATTEL to disclose any ideas, designs, or inventions that he may have developed while not employed by MATTEL. | All DOCUMENTS concerning each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations. |

See also, e.g., 281, 282, 284, 285; 545, 547, 573[43]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 5, 2008, at Los Angeles, California.

/S/ B. Dylan Proctor
_____
B. Dylan Proctor

---

[43] Id.