1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California  94111
     Telephone:    (415) 774-2611
4    Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                           EASTERN DIVISION

10

11   CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12              Plaintiff,

13        v.                                Consolidated with
                                            Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                  ORDER GRANTING IN PART AND
                                            DENYING IN PART MGA'S MOTION
16                                          TO COMPEL MATTEL TO
                                            SUPPLEMENT RESPONSES AND
17                                          PRODUCE DOCUMENTS
                                            RESPONSIVE TO FIRST SET OF
18                                          REQUESTS FOR PRODUCTION OF
                                            DOCUMENTS AND THINGS;
19                                          DENYING REQUEST FOR
                                            SANCTIONS
20

21   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
22   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
23

24

25

26

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____19_____

1

1

## I. INTRODUCTION

2      On July 3, 2007, MGA Entertainment, Inc. ("MGA") submitted its "Motion to Compel

3  Mattel, Inc. ("Mattel") to Supplement its Responses and Produce Documents Responsive to

4  MGA's First Set of Requests for the Production of Documents and Things dated January 31,

5  2005" (the "Requests") in the Mattel v. Bryant case.  On July 16, 2007, Mattel submitted an

6  opposition brief and served its Second Supplemental Responses to MGA's Requests.  On July 26,

7  2007, MGA submitted a reply brief.[1]  The matter was heard on September 11, 2007.  Having

8  considered the motion papers and the comments of counsel at the hearing, MGA's motion to

9  compel is granted in part and denied in part, and the request for sanctions is denied.

10

## II. BACKGROUND

11      On January 31, 2005, MGA propounded its Requests, which consisted of 332 separate

12  requests for, *inter alia*, (a) documents relating to Bryant, his employment, the property MGA

13  allegedly misappropriated, and Mattel's decision to sue; (b) documents generally concerning the

14  agreements Mattel alleges Bryant breached and the fiduciary duties of similarly situated Mattel

15  employees; (c) MGA's Bratz dolls, including comparisons to Mattel products and evidence that

16  Bryant created, developed, or reduced the Bratz idea to practice during his employment with

17  Mattel; and (d) documents relating to allegations in Mattel's complaint, including damages.  Burr

18  Decl., Ex. 1.  Mattel served its responses on March 3, 2005, which consisted entirely of

19  objections.  Burr Decl., Ex. 2.  Most notably, Mattel objected to many of the Requests as

20  duplicative of requests that Bryant had previously propounded and to which Mattel had already

21  responded to by stating it would produce documents.

22

23

24  _____

[1] After MGA filed its reply brief, Mattel filed several "supplemental declarations" in support of its
25  Opposition to MGA's motion to compel, which it contends addressed several arguments raised for the first time in
    MGA's reply brief.  On August 22, 2007, MGA submitted a letter brief requesting that the supplemental declarations
26  be stricken and not considered.  The next day, Mattel submitted a letter brief asserting that the request to strike should
    be denied on procedural and substantive grounds, and in the alternative, requesting leave to file the "supplemental
27  declarations."  MGA's request to strike the "supplemental declarations" is denied, and Mattel's request for leave to
    file the "supplemental declarations" is granted.

28

EXHIBIT _____ 1

PAGE _____ 20

2

1    Thereafter, the case was stayed while one of the parties pursued an interlocutory appeal.

2    When the stay was lifted, the parties met and conferred regarding the Requests.  Although they

3    were not able to resolve all of their disputes, Mattel apparently confirmed to MGA that it "had

4    already produced documents and would continue to produce documents on the subjects that

5    duplicated Bryant's requests in a manner that was consistent with Mattel's earlier responses."

6    Mattel's Opposition at p.9.  In January of 2007, Mattel served supplemental responses to 48

7    Requests ("Supplemental Responses").  Burr Decl., Ex. 3.

8    MGA and Mattel met and conferred again on March 27, 2007.  Mattel reiterated that

9    MGA's Requests were duplicative of Bryant's requests.  Mattel also contended that MGA's

10   Requests were duplicative of other MGA requests served on November 22, 2006.  A few days

11   later, MGA sent a follow-up letter to Mattel identifying the Requests it contended were not

12   duplicative of other requests.  Burr Decl., Ex. 5.  MGA also sent another letter asking Mattel to

13   confirm whether it would supplement its responses and proposing that Mattel provide such

14   responses by April 10, 2007.  When no response was received, on July 3, 2007, MGA filed the

15   instant motion to compel Mattel to supplement its responses to the Requests.

16   MGA contends that Mattel's boilerplate objections, including objections based upon

17   relevance, overbreadth and burden, "vague and ambiguous," and/or "duplicative" are all improper

18   because Mattel has failed to provide any explanation for its objections, much less any evidentiary

19   support for its objections.  In addition, MGA contends that Mattel has failed to substantiate its

20   objection that certain Requests are purportedly "duplicative" of other requests.  Lastly, MGA

21   contends that Mattel has failed to fulfill its obligation to supplement its responses to the Requests

22   with sufficient information for MGA to determine exactly which documents exist, do not exist,

23   have been produced, or otherwise will not be produced.  MGA contends that without the required

24   supplementation, it lacks any means to ascertain the state of Mattel's discovery compliance.

25   Therefore, MGA seeks a court order overruling each of Mattel's objections and compelling

26   Mattel to supplement its responses and produce any remaining documents responsive to MGA's

27   Requests.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____ 1 _____

PAGE _____ 21 _____

1    On July 16, 2007, Mattel submitted its opposition to the instant motion, its Second

2    Supplemental Responses to MGA's Requests, and its Corrected Second Supplemental Responses

3    to MGA's Requests (hereinafter collectively referred to as "Second Supplemental Responses").

4    Mattel contends that MGA filed the instant motion without completing the meet and confer

5    process and without identifying which responses are purportedly deficient.  Mattel contends that

6    in any event, there is no genuine dispute as to many of the Requests that are the subject of MGA's

7    motion to compel.  Mattel contends that during the meet and confer process, Mattel told MGA

8    that it had already produced documents and would continue to produce documents on the subjects

9    that duplicated Bryant's requests in a manner that was consistent with Mattel's earlier responses.

10   Mattel represents that it has been producing documents it can locate after a reasonable search, and

11   that its Second Supplemental Responses confirm which documents it has been producing in

12   response to 45 out of the 72 Requests at issue.  Mattel also represents that it has produced in

13   excess of 100,000 pages of documents and has offered to make vast quantities of electronic data

14   available for review, inspection, and copying, including electronic data from Mattel's Zeus

15   computer system tapes.  As to the remaining Requests at issue, Mattel stands by its objections that

16   they are overbroad and unduly burdensome.

17        In its reply brief, MGA acknowledges Mattel's Second Supplemental Responses, but

18   contends that they remain inadequate for several reasons.  First, MGA contends that Mattel

19   persists in its objections even for those Requests to which Mattel has agreed to produce

20   responsive documents.  In particular, MGA takes issue with Mattel's continuing objection that the

21   Requests are "duplicative" of other requests propounded by Bryant or MGA.  Therefore, MGA

22   seeks a court order overruling each of Mattel's purportedly baseless objections.  Second, MGA

23   contends that Mattel continues to refuse to collect and produce documents in response to 28

24   Requests that are clearly relevant to the claims and defenses in the case.  Third, MGA contends

25   that Mattel improperly refuses to conduct a "reasonable search for documents," including a search

26   of its Zeus file server and backup tapes of the Zeus server.  MGA's Reply at p.2.  Therefore,

27   MGA seeks an order compelling Mattel to search the Zeus file server and backup tapes for

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____22_____

4

1  responsive documents at Mattel's expense. Finally, MGA anticipates that Mattel will withhold

2  responsive documents as long as possible to prejudice MGA's ability to prepare for depositions

3  and trial, and therefore should be ordered to complete its production forthwith.

4  III. STANDARDS

5       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

6  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

7  party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

8  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

9  Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P.

10  26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

11  condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins.

12  Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note

13  to Amendments Effective December 1, 2000) (Congress's changes in the language of Rule 26(c),

14  substituting the words "claim or defense" for the phrase "subject matter involved in the pending

15  action," were intended to prevent discovery that swept far beyond the claims and defenses of the

16  parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to

17  develop new claims or defenses.).

18       Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

19  extent of use of the discovery methods if the court determines that "(i) the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

21  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

22  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

23  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

24  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

25  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

26  26(b)(2).

27  //

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT _____ 1 _____

PAGE _____ 23 _____

5

1

**IV. DISCUSSION**

2

1. Requests Concerning Bryant, Bryant's Employment, and Mattel's Decision to Sue Bryant

3

    **a. Requests seeking documents relating to Mattel's decision to sue Bryant and the timing thereof, any Mattel decision not to sue Bryant, and any Mattel decision as to the litigation against MGA or involving Bratz (Nos. 172-174, 188 and 190)**

4

5

6

    In Request Nos. 172-174, MGA seeks documents related to Mattel's Board of Directors'

7

resolution to litigate regarding Bryant, MGA or Bratz.  In Request Nos. 188 and 190, MGA seeks

8

all documents related to "any decision [to sue or not to sue] Bryant."

9

    MGA contends that documents responsive to Request Nos. 172-174, 188, and 190 are

10

relevant to Bryant's and MGA's defenses based upon the statute of limitations, laches, waiver,

11

and mitigation of damages.  MGA contends that during the meet and confer process, Mattel

12

agreed to produce documents responsive to Request Nos. 172-174 and 188, however, the

13

documents have not been produced.

14

    Mattel represents that it has already produced the Board of Directors meeting minutes that

15

are responsive to Request Nos. 172-174, and that other meeting minutes that have been withheld

16

or redacted for privilege have been placed on a privilege log.  Mattel's Opposition at p.32.  Mattel

17

objects to Request Nos. 188 and 190 on the grounds that they seek information protected by the

18

attorney-client privilege and/or the work product doctrine.  Moreover, Mattel contends that the

19

documents are irrelevant, asserting that Mattel's reasons for suing Bryant have no bearing on the

20

merits of Mattel's claims or MGA's defenses thereto.  Nevertheless, Mattel acknowledges that

21

documents responsive to Request Nos. 188 and 190 might be relevant to MGA's statute of

22

limitations and laches defenses.  Mattel contends, however, that it has "already agreed to produce

23

documents related to the first time Mattel became aware that Bryant was involved with the

24

creation of Bratz" (Mattel's Opposition at p.33), and that these documents are far more relevant

25

than documents responsive to Request Nos. 188 and 190.

26

    In its reply, MGA contends that contrary to Mattel's representations, it has not produced

27

non-privileged documents responsive to Request Nos. 172-174.  To ensure production, MGA's

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____24_____

6

1   motion is granted as to Request Nos. 172-174.  Any responsive documents withheld on the basis

2   of a privilege must be identified on a privilege log.

3        Like Request Nos. 172-174, Request Nos. 188 and 190 seek documents that are relevant to

4   MGA's defenses, including the statute of limitations and laches because the documents might

5   establish when Mattel first considered taking legal action against Bryant.  That Mattel believes it

6   has produced documents that are more relevant to MGA's and Bryant's defenses (regarding when

7   Mattel became of aware of Bryant's involvement with the creation of Bratz) does not excuse

8   Mattel from complying with Request Nos. 188 and 190.  If responsive documents are protected by

9   the attorney-client privilege or work product doctrine, Mattel must identify such documents on a

10  privilege log.  MGA's motion is granted as to Request Nos. 188 and 190.

11            **b. Requests seeking documents pertaining to Bryant's work at Mattel, *e.g.*, the
          terms of his employment, job duties and responsibilities; his work at Mattel,**
12        **including the projects he worked on, days and hours worked, with time and
          data entries; phone records; and vacation absence records (Nos. 180-183 and**
13        **258)**

14       In Request No. 180, MGA seeks all documents mentioning, referring or relating to Bryant,

15  including but not limited to Bryant's personnel file and all documents on Mattel's Zeus computer

16  system that mention Bryant.  In Request No. 181, MGA seeks all documents constituting,

17  evidencing, referring to, or reflecting Bryant's work at Mattel, including the projects worked

18  on.  In Request No. 182, MGA seeks all documents "evidencing the days and hours Bryant

19  worked for Mattel, including all time entries and data on Mattel's 'P2' computer system, and all

20  records reflecting the days and hours Bryant was on vacation or leave of absence."  In Request

21  No. 183, MGA seeks all documents "reflecting records of all phone calls Bryant placed and

22  received and all facsimiles Bryant sent and received during his employment at Mattel."  In

23  Request No. 258, MGA seeks all documents relating to Bryant's employment including, without

24  limitation, documents reflecting the period and conditions of the employment, the terms of the

25  employment, and his job duties and responsibilities.

26       MGA contends that Request Nos. 180-183 and 258 seek information that is clearly

27  relevant to support or refute Mattel's claims, and that Mattel has improperly refused to produce

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 1 _____                    7

PAGE _____ 25 _____

1  responsive documents based upon an array of objections.  MGA acknowledges, however, that

2  Mattel has produced Bryant's personnel file, telephone records through September 2000 and some

3  additional responsive documents.  Despite this production, MGA continues to seek phone records

4  from October 2000, when Bryant was still working at Mattel.

5       Mattel's Second Supplemental Responses confirm that it will produce documents

6  responsive to all of the Requests in this category except Request No. 180.  MGA's motion is

7  granted as to Request Nos. 181-183 and 258 to establish a deadline for completing production.

8       With respect to Request No. 180, Mattel represents that it has "repeatedly offered to make

9  Zeus backup tapes, and other electronic data, available to MGA on mutually agreeable terms."

10  Mattel's Opposition at p.23.  Further, Mattel contends that pursuant to Rule 26(b)(2)(B),

11  Fed.R.Civ.P., it is not required to search its Zeus file server data and backup tapes because such

12  an endeavor would be unduly burdensome and costly.  Mattel explains that its Zeus system is an

13  immense computer system consisting of 50 terabytes of electronic files that is largely used by

14  Mattel designers and engineers and overwhelmingly consists of graphical files whose content

15  cannot be searched by keywords.  Mattel's Opposition at p.20.  Further, Mattel represents that it

16  does not have the necessary hardware to restore or search the Zeus backup tapes.  Mattel's

17  Opposition at p.25, n. 98.

18       In its reply brief, MGA counters that Mattel has mischaracterized its Zeus system.

19  According to MGA, Mattel's 30(b)(6) witness, Julia Marine, testified that Zeus' directory

20  structure is organized with top-level folders and various levels of subfolders; that individual

21  Mattel employees are each given a home folder and can create subfolders; and that when an

22  employee leaves the company, the folders set up by that employee are not deleted by Mattel's IT

23  department.  MGA's Reply at p.9.  Therefore, MGA believes it is possible to search the Zeus

24  server for responsive documents by simply locating the folders of relevant departments and

25  employees.  Furthermore, MGA suspects that Mattel should be able to conduct a keyword search

26  of file names, even if the contents of the files consist of graphical images.

27       MGA also contends that Mattel has failed to satisfy its burden of showing that a search of

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____ 1 _____

PAGE _____ 26 _____

8

1    its backup tapes for the Zeus server would be unduly burdensome.  Although MGA acknowledges

2    Mattel's representation that it does not have the hardware for searching the backup tapes, MGA

3    contends that Mattel "does not identify any unreasonable cost associated with such a review."

4    MGA's Reply at p.10.

5         Mattel has failed to make the requisite showing that the information on the Zeus system

6    and backup tapes "is not reasonably accessible because of undue burden or cost." Fed.R.Civ.P.

7    26(b)(2)(B).  MGA has suggested a few reasonable methods for searching the Zeus system based

8    upon the deposition testimony of Julia Marine.  For example, Mattel could search its system for

9    folders of relevant departments and employees.  Mattel could apply a keyword search to locate

10   file names for potentially responsive documents.[2]  Further, Mattel has not attempted to quantify

11   the burden and expense of obtaining the necessary hardware to restore or search the backup tapes,

12   whether in terms of time, financial costs, labor, or otherwise.[3]  Therefore, MGA's motion is

13   granted as to Request No. 180.[4]

14        **c. Documents relating to Bryant's involvement with work on Bratz or for**
          **MGA, and relating to any activities of Bryant other than his work for Mattel**
15        **(Nos. 186-187, 260)**

16        MGA contends that Request Nos. 186-187 and 260 seek documents relevant to Mattel's

17   claims against Bryant and Bryant's defenses thereto.  MGA contends that Mattel has improperly

18

19   _____

20   [2]  Indeed, in its supplemental submissions, Mattel clarifies that it has conducted searches for Zeus file names by keyword. Supp. Zeller Decl. at ¶3.

21   [3]  Rather, the information Mattel has provided suggests that searching the backup tapes is not unduly

22   burdensome.  In a declaration filed after the reply brief, counsel for Mattel, Mr. Zeller, represents that "vendors retained by Mattel's counsel, as well as other electronic discovery vendors I am familiar with, have the hardware and

23   other data needed to read the Zeus backup tapes and in fact can read them." Mattel's Notice of Lodging Regarding Mattel's Opposition to MGA's Motion to Compel, Ex. 2, ¶14.  Further, Mr. Zeller states, "[a]s Mattel's 30(b)(6)

24   designee Julia Marine also confirmed, one simply needs to buy the tape drives to read these tapes [citation omitted], which Mattel's vendors have done." Id.

25   [4]  The parties have a general disagreement over whether Mattel has an obligation to search the Zeus system

26   and backup tapes for documents responsive to all of MGA's Requests, not just Request No. 180.  See MGA's Reply at pp. 18-20.  As explained above, Mattel has failed to carry its burden of proving that searching the Zeus system and

27   backup tapes is unduly burdensome or costly.  Therefore, to the extent MGA's motion to compel is granted as to other Requests herein, Mattel shall conduct a reasonable search of the Zeus system and backup tapes to locate

28   responsive documents.

1  refused to produce any responsive documents based upon an array of boilerplate objections.

2  Nevertheless, MGA acknowledges that Mattel "has produced several documents that appear to be

3  responsive." MGA's Motion at p.13. MGA seeks an order overruling Mattel's objections and

4  compelling Mattel to supplement its responses and produce any remaining responsive documents.

5        Mattel's Second Supplemental Responses confirm that it will produce responsive

6  documents. More specifically, in response to Request Nos. 186-187 and 260, Mattel stated, in

7  pertinent part that "[s]ubject to and without waiving the foregoing general and specific objections,

8  Mattel will produce such responsive, non-privileged documents that are in Mattel's possession,

9  custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable

10  inquiry, to the extent not previously produced." Supp. Zeller Dec., Ex. 4. MGA is entitled to a

11  court order to establish a deadline for production. MGA's motion is granted as to Request Nos.

12  186-187 and 260.

13        **d. Documents in Mattel's possession that were exchanged between Bryant and Anne Wang, and between Bryant and MGA (Nos. 270-271)**

14

15        In Request Nos. 270-271, MGA seeks production of documents in Mattel's possession

16  that were exchanged between Bryant and Anne Wang, and between Bryant and MGA. Mattel's

17  Second Supplemental Responses confirm that it will produce responsive documents. MGA is

18  entitled to a court order to establish a deadline for completing production. MGA's motion is

19  granted as to Request Nos. 270-271.

20        **e. Communications and documents referring to communications with various specified individuals concerning Bratz, Bryant's work for MGA, or relating to this litigation, the facts and circumstances giving rise to it, or Bryant's alleged misconduct (Request Nos. 224-249)**

21

22

23        In Request Nos. 224-249, MGA seeks communications with a host of individuals that

24  refer or relate to the Bratz Concept, the First Bratz Dolls or Bryant's work for MGA, or that refer

25  or relate to this litigation, the facts and circumstances giving rise to this litigation, or Bryant's

26  alleged misconduct, and all documents that refer or relate to such communications. For example,

27  Request No. 224 requires production of "[a]ll communications and all documents constituting,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT** _____ 1 _____

**PAGE** _____ 28 _____

10

1   mentioning, describing, discussing, referring or relating to all communications with Anna Rhee

2   that refer or relate to the Bratz concept, the First Bratz dolls or Bryant's work for MGA." Zeller

3   Decl., Ex. 8.

4       MGA contends that the requested documents are relevant to Mattel's claims that Bryant

5   converted, used, sold, assigned or transferred property that Mattel supposedly owns.  Further,

6   MGA contends that the requested documents are relevant to Bryant's defenses based on the

7   statute of limitations, laches, and waiver because the documents could show when Mattel first

8   became aware of Bryant's relationship with MGA.  MGA also contends that these Requests are

9   "self-limiting to subject matters of direct relevance to this litigation." MGA's Reply at p.8.

10      Mattel's Second Supplemental Responses confirm that it will produce responsive

11  documents, with two qualifications.  First, Mattel agrees to search for and produce only

12  documents that pertain to matters at issue, and not just because they reference MGA.  Mattel's

13  Opposition at p.34.  Second, Mattel agrees to produce the communications with the various

14  individuals identified in the Requests, but not all documents referring or relating to all

15  communications.  Id.

16      Request Nos. 224-249 seek information relevant to the claims and defenses in the case.

17  They are limited to communications with certain key individuals (Anna Rhee, Margaret Leahy,

18  Margaret Leahy's husband, Victoria O'Connor, Ramona Prince, Lilly Martinez, Ron Longsdorff,

19  Matt Bosquette, Adrienne Fontanella, Tim Kilpin, Sujata Luther, Alan Kaye, and Veronica

20  Marlowe), as well as limited in subject matter.  Documents relating to the communications are

21  also relevant to the claims and defenses in the case, and Mattel has failed to establish that the

22  burden of producing responsive documents outweighs their likely benefit under Rule 26(b)(2),

23  Fed.R.Civ.P.  MGA's motion is granted as to Request Nos. 224-249.

24      **f. Hard drives and backup data for all computers used by Bryant while employed by Mattel (Request No. 268)**

25

26      In Request No. 268, MGA seeks "[a]ll hard drives and back-up data, no matter how

27  stored, for all computers used by Bryant while employed by Mattel, to the extent such drives and

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____29_____

11

1  back-up data contain data made or accessed by, sent to or received by Bryant." Supp. Zeller

2  Decl., Ex. 4.

3      Mattel contends that issues regarding Bryant's Mattel computer "have long been settled."

4  Mattel's Opposition at p.16.  Mattel explains that Bryant claimed at his deposition that he was

5  "computer illiterate," that he had never created any files on any Mattel computers, and that he did

6  not use them for his design work.  Id. Further, Mattel represents that when Bryant requested such

7  hard drives, Mattel told him that it would produce any hard drives for computers used by Bryant

8  while at Mattel that could be located.  Id.  Mattel asserts that it has yet to identify a computer

9  Bryant has used, and that Bryant and MGA have not offered any meaningful information that

10  would assist Mattel in locating one.  Mattel represents that Bryant's computer will be produced if

11  and when it is located.

12      Mattel's Second Supplemental Responses confirm that Mattel will produce Bryant's

13  computer if and when it is located.  MGA's motion is granted as to Request No. 268 to ensure

14  Mattel's compliance if and when Bryant's computer is located.

15  2. Documents concerning the agreements that Mattel alleges were breached by Bryant and the
    fiduciary duties of persons employed by Mattel in the same or similar capacity as Bryant

16

17        **a. Documents from 1997 to the present relating to Mattel's form "Employee
    Confidential Information and Inventions Agreement" and "Conflict of
    Interest Questionnaire," and negotiations with any employee or prospective
    employee concerning those agreements (Nos. 281-282 and 284-285)**

18

19

20      In Request Nos. 281 and 284, MGA seeks all versions of Mattel's form "Employee

21  Confidential Information and Inventions Agreement" and Mattel's form "Conflict of Interest

22  Questionnaire," and all documents referring or relating to these agreements, including documents

23  related to any negotiations regarding these agreements and Mattel's enforcement of such

24  agreements.  In Request Nos. 282 and 285, MGA seeks all documents referring or relating to

25  negotiations regarding these agreements.

26      MGA contends that the documents it seeks are central to Mattel's claim that Bryant

27  breached the two agreements and Bryant's defenses thereto, including Bryant's contention that

28

1   the agreements are unenforceable as contracts of adhesion, unconscionable and violate California

2   law.  MGA contends that the manner in which Mattel negotiates, interprets, enforces and applies

3   the terms of the two contracts is highly relevant.

4          Mattel represents that it has produced all iterations of the two agreements, including

5   examples of each version of the agreements that Mattel has used since 1995.  Mattel, however,

6   objects to Request Nos. 281-282 and 284-285 as overbroad to the extent MGA seeks all

7   documents "mentioning, discussing, describing, referring or relating to" such agreements and any

8   and all documents involving negotiations concerning these agreements.  Mattel contends that any

9   benefits of producing these additional documents are far outweighed by the cost of production.

10  Mattel further contends that the production is unjustified because Mattel has already produced a

11  Rule 30(b)(6) witness to testify regarding the two agreements.  According to Mattel, MGA and

12  Bryant asked Mattel's designee how often the agreements changed, the process, if any, by which

13  an employee negotiated the terms of an agreement, and whether signing the agreement was a

14  condition of employment.  In addition, Mattel represents that both MGA and Bryant have

15  questioned several designers and other employees about the circumstances under which each

16  signed his or her agreements and whether or not each understood his or her agreements.

17         In its reply brief, MGA represents that it offered to narrow Request Nos. 281-282 and 284-

18  285 during the meet and confer to the following categories of documents:

19         *All documents relating to any form "Employee Confidential Information and Inventions
           Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between
20         Mattel and Bryant;

21         *All documents relating to any discussions or negotiations between Mattel and anyone
           regarding the terms and conditions of any version of either of those agreements; and
22
23         *All documents relating to any instance in which Mattel has taken any action whatsoever
           to enforce against anyone the same terms of any such agreement that Mattel alleges
           Bryant violated.
24

25  MGA's Reply at p. 16.  Apparently, MGA's motion to compel is directed to only the three subsets

26  of responsive documents described above, and not the Requests as originally written.  As

27  narrowed, Request Nos. 281-282 and 284-285 seek documents relevant to the claims and defenses

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT** _____ 1 _____

PAGE _____ 31 _____

13

1  in the case, which Mattel implicitly conceded by producing various iterations of the two

2  agreements.  As narrowed, the Requests are not overbroad or unduly burdensome because they no

3  longer call for production of documents "mentioning, discussing, describing, referring or relating

4  to" the two agreements and any and all documents involving negotiations concerning these

5  agreements.  That MGA has already deposed a few witnesses regarding the two agreements does

6  not preclude MGA from obtaining documentary evidence on the same subject.  Therefore,

7  MGA's motion is granted as to Request Nos. 281-282 and 284-285, as narrowed by MGA.

8            **b. Documents created after January 4, 1999, concerning the activities of any**
           **Mattel employee in connection with the creation of any property, doll or toy**

9             **for anyone other than Mattel; Mattel's employment policies/contracts**
           **governing the extent to which a part-time or temporary employee may work**

10             **for himself or other companies while also employed by Mattel (Nos. 262-267)**

11      In Request Nos. 262-263, MGA seeks all documents created after January 4, 1999 that

12  evidence, relate or refer to any activities of any current or former Mattel employee performed,

13  while such person was employed by Mattel, in connection with the conception, creation, design or

14  development of any intellectual property, doll, or toy done for or at the request of any company,

15  entity, or person other than Mattel.  In Request Nos. 264-265, MGA seeks all documents that

16  constitute, describe, mention, refer or relate to Mattel's policy regarding part-time or temporary

17  employment at Mattel.  In Request Nos. 266-267, MGA seeks all documents that constitute,

18  describe, mention, refer, or relate to Mattel's policy regarding part-time or temporary employment

19  at Mattel including, without limitation, all documents, agreements, and contracts that describe,

20  discuss, govern, control, regulate, or limit how and to what extent a person employed part-time at

21  Mattel is allowed, or not allowed, to work for himself or herself or other companies or entities,

22  including MGA, while employed by Mattel.

23      MGA contends that Bryant worked for Mattel on a part-time basis in 1998, and that

24  Request Nos. 262-267 seek relevant documents concerning Mattel's employment policies for

25  part-time and temporary employees, including any restrictions on their abilities to work elsewhere

26  while employed by Mattel.  MGA contends that the requested documents are directly relevant to

27  Mattel's breach of contract claims against Bryant and Bryant's defenses thereto, and therefore all

28  

EXHIBIT _____ 1

PAGE _____ 32

14

1  responsive documents should be produced.

2      Mattel represents that it has produced various iterations of agreements and policies applied

3  to part-time and temporary Mattel employees. Mattel contends, however, that each of the

4  Requests in this category is overbroad to the extent they seek any additional documents. For

5  example, Mattel contends that the Requests are broad enough to encompass documents

6  concerning subjects such as health benefits and vacation leave that have no conceivable bearing

7  on the case. Further, Mattel contends that the burden of searching for all responsive documents is

8  outweighed by the marginal benefits of the responsive documents. In fact, Mattel contends that

9  the requested documents are not relevant at all because Bryant claims to have conceived Bratz

10  after he was a part-time employee. Mattel's Opposition at p.30.

11      Request Nos. 262 and 263 are overbroad. As written, these requests would potentially

12  require Mattel to review documents relating to all of its many thousands of current and former

13  employees in order to find evidence that an employee conceived, created, designed or developed

14  any intellectual property or doll or toy for at the request of any company or person other than

15  Mattel. Even if Mattel succeeded in finding such documents, the burden and expense of

16  conducting such a search outweigh the likely benefit of the documents. Therefore, MGA's

17  motion is denied as to Request Nos. 262 and 263.

18      In its reply brief, MGA agrees to narrow the remaining Requests in this category as

19  follows:

20      Request No. 264: DOCUMENTS sufficient to identify all iterations of MATTEL'S
   policy regarding part-time employment at MATTEL.

21

22      Request No. 265: DOCUMENTS sufficient to identify all iterations of MATTEL'S
   policy regarding temporary employment at MATTEL.

23      Request No. 266: All DOCUMENTS, including agreements and contracts, that describe,
   discuss, govern, control, regulate or limit how and to what extent a person employed part-

24  time at MATTEL is allowed, or not allowed, to work for him or herself or other
   companies or entities, including MGA, while employed by MATTEL.

25

26      Request No. 267: All DOCUMENTS, including agreements and contracts, that describe,
   discuss, govern, control, regulate or limit how and to what extent a person employed part-

27  time at MATTEL is allowed, or not allowed, to work for him or herself or other
   companies or entities, including MGA, while employed by MATTEL.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT** _____/_____

**PAGE** _____33_____

15

1   MGA's Reply brief at p. 15.  As rewritten, these requests target documents that are relevant to

2   Mattel's breach of contract claims against Bryant and Bryant's defenses thereto.  MGA

3   anticipates that Mattel could argue at trial that Bryant conceived of Bratz while he was a part-time

4   employee.  The documents MGA now seeks through its narrowed requests are relevant to

5   establish Mattel's policies and contracts for part-time and temporary employment.  Nor are the

6   Requests unduly burdensome, taking into account the needs of the case, the amount in

7   controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

8   importance of the requested documents in resolving the issues.  MGA's motion is granted as to

9   Request Nos. 264-267 as rewritten in MGA's reply brief.

10  <u>3. Documents concerning Bratz and the purported Mattel property that forms the basis of its claims</u>

11

12

13          **a. Documents concerning Bratz including any documents relating to the similarities or differences between Bratz and any Mattel property or any property created by a Mattel employee that it contends served as a source or origin for any Bratz concept or product (Nos. 259, 261, and 269)**

14

15

16          In Request No. 259, MGA seeks production of all documents that evidence, describe,

17  mention, refer, or relate to the similarity of any artwork created by any Mattel employee,

18  including but not limited to Bryant, prior to October 20, 2000, to Bratz.  In Request No. 261,

19  MGA seeks all documents created after January 4, 1999 that evidence, relate or refer to any

20  activities of any current or former Mattel employee performed in connection with the conception,

21  creation, design, or development of Bratz or Bratz intellectual property.  In Request No. 269,

22  MGA seeks all documents that constitute, evidence, describe, depict, refer or relate to any artwork

23  or other work product by Mattel that it contends Bryant used in connection with his creation of

24  anything for MGA, including without limitation, Bratz or Bratz intellectual property.

25          MGA contends that Request Nos. 259, 261, and 269 seek documents that are directly

26  relevant to Mattel's claims that Bryant converted, used, sold, assigned, or transferred property that

27  Mattel claims it owns; damages and causation; and Bryant's defenses, including those based on

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____34_____

16

1   statute of limitations, laches, waiver, and unclean hands.

2       Mattel's Second Supplemental Responses confirm that it will produce responsive

3   documents. More specifically, Mattel represents that it will produce the "prior art that lead to

4   Bratz." Mattel's Opposition at p.36. Mattel objects, however, to producing documents that do

5   not constitute "prior art," such as marketing, sales planning, engineering, electronics, and

6   programming of the voices of Mattel's Diva Starz line.

7       In its reply brief, MGA confirms that it is only seeking documents relating to the original

8   artwork or work product that Mattel claims Bryant copied, and is not seeking all documents

9   relating to the Diva Starz line. With this clarification, MGA's motion is granted as to Request

10  Nos. 259, 261, and 269.

11      **b. Documents discussing or mentioning Isaac Larian, Paula Treantafelles, or**
    **Mercedeh Ward, authored between June 2000 and October 2001 that**
12      **concern, support, or refute Mattel's contentions in this litigation (Nos. 44-46)**

13      In Request Nos. 44-46, MGA seeks all documents discussing or mentioning Isaac Larian,

14  Paula Treantafelles, or Mercedeh Ward authored between June 2000 and October 2001. Mr.

15  Larian is the President and CEO of MGA, and Ms. Treantafelles and Ms. Ward are former Mattel

16  employees who went to work for MGA and later helped develop the Bratz line. During the meet

17  and confer process, MGA agreed to limit Request Nos. 44-46 to documents that "concern, support

18  or refute Mattel's contentions in this litigation."

19      MGA contends that the requested documents are, at the very least, relevant to MGA's

20  statute of limitations and laches defenses. Further, MGA contends that Request Nos. 44-46 are

21  limited in scope to only documents authored between June 2000 and October 2001 and

22  concerning Mattel's contentions in this litigation. MGA therefore seeks an order compelling

23  Mattel to supplement its responses and produce responsive documents.

24      Mattel acknowledges that MGA offered to limit Request Nos. 44-46 to only documents

25  related to the current litigation, but construes MGA's current motion to compel as seeking

26  compliance with the Requests as originally written. Mattel contends that Request Nos. 44-46, as

27  originally written, are overbroad because there are no limitations on subject matter.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ____1____

PAGE ____35____

17

1       MGA's motion papers make clear that it is not seeking compliance with Request Nos. 44-

2   46 as originally written.  Instead, MGA stands by its offer during the meet and confer process to

3   limit the Requests to documents that "concern, support or refute Mattel's contentions in this

4   litigation."  MGA's Motion at p. 19.  As narrowed by MGA, Request Nos. 44-46 seek documents

5   relevant to the claims and defenses in the case and are limited in subject matter as well as in

6   temporal scope.  MGA's motion is granted as to Request Nos. 44-46.

7

8   **4. Documents concerning specific allegations set forth in Mattel's complaint and demands for**

   **related documents**

9

10          **a. Documents supporting, refuting or evidencing specific allegations set forth**
          **in Mattel's complaint (Nos. 296, 302-303, 306-307, and 329-330)**

11

12      In these Requests, MGA seeks documents supporting, refuting, or evidencing specific

13  allegations in Mattel's complaint, including, among other things, documents related to (a)

14  Mattel's claims that the Employment Agreement and Conflict Questionnaire are valid,

15  enforceable contracts; (b) Mattel's allegations of damages and harm; and (c) Mattel's allegation

16  that Bryant "used and diverted" Mattel resources and opportunities.  MGA also seeks documents

17  depicting the intellectual property allegedly owned by Mattel and relating to ownership of that

18  property.

19      Mattel's Second Supplemental Responses confirm that it agrees to produce responsive,

20  non-privileged documents.  MGA's motion is granted as to Request Nos. 296, 302-303, 306-307,

21  329-330.

22          **b. Documents evidencing whether persons who are or were employed by**
          **Mattel in the same or similar capacity as Bryant are or were subject to the**

23            **same duties and responsibilities that Bryant was allegedly subject to, as**
          **alleged in Mattel's complaint (Nos. 309, 311, 313, 315, 317, 320, 323)**

24

25      In these Requests, MGA seeks all documents evidencing that persons who are or were

26  employed by Mattel in the same or similar capacity as Bryant: hold or held positions of trust and

27  confidence with Mattel (No. 309); had or have access to Mattel's proprietary and confidential

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____36_____

18

1   information (No. 311); were or are entrusted with Mattel's proprietary and confidential

2   information (No. 313); supervised or supervise the work of others (No. 315); exercised or

3   exercise discretion in their job assignments and duties (No. 317); worked or work independently

4   in their job assignments and duties (No. 320); and represented or represent Mattel in its dealings

5   with third parties (No. 323).

6          MGA contends that these Requests are directly relevant to Mattel's allegations in the

7   complaint that Bryant held a position of trust, had access to and was entrusted with Mattel's

8   proprietary and confidential information, supervised the work of others, exercised discretion and

9   worked independently for many of his job assignments and duties, and represented Mattel in its

10  dealings with third parties.  Further, MGA contends that documents pertaining to Mattel's

11  employees other than Bryant are likely to lead to admissible evidence relating to whether Mattel

12  ordinarily views employees in Bryant's position as fiduciaries.

13         Mattel represents that it has already agreed to produce responsive documents insofar as

14  Bryant is concerned.  Mattel, however, objects to the Requests as overbroad and unduly

15  burdensome to the extent they require production of documents pertaining to other persons who

16  are or were employed "in the same or similar capacity as Bryant," which Mattel interprets to

17  mean all of its "designers."  Mattel represents that in El Segundo, it currently employs over 320

18  individuals for the Barbie line alone, not including former employees or designers on other dolls

19  or toys.  Given the size of Mattel's work force, Mattel contends that the burden of production far

20  outweighs any marginal relevance of the responsive documents.

21         In its reply brief, MGA contends that Mattel's objections are based upon a strained

22  interpretation of the phrase "same or similar capacity as Bryant."  In MGA's view, Bryant was a

23  "low-level, salaried employee" at Mattel.  MGA's Reply at p.17.  MGA, however, does not offer

24  an alternative definition for persons employed in the "same or similar capacity as Bryant,"

25  arguing instead that only Mattel is capable of identifying a narrower group of employees.

26         MGA's motion is denied as to this last category of Requests.  The Requests are overbroad

27  and MGA has not offered to narrow the scope of the Requests to a reasonable number of Mattel

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____37_____

19

employees.

## V. CONCLUSION

For the reasons set forth above, it is hereby ordered as follows:

1.    Mattel's objections, except as to privilege, are overruled.

2.    Mattel shall produce all non-privileged responsive documents, to the extent they have not already been produced, for the following Requests: Nos. 44-46 (as narrowed by MGA), 172-174, 180-183, 186-188, 190, 224-249, 258-261, 264-267 (as narrowed by MGA), 268-271, 281-282 (as narrowed by MGA), 284-285 (as narrowed by MGA), 296, 302-303, 306-307, and 329-330.  If no additional non-privileged responsive documents exist, Mattel shall provide such confirmation in writing as to each request.

3.    Mattel shall conduct a reasonable search for documents responsive to the Requests identified above, including a search for responsive documents in the Zeus server and back-up tapes.[5]

4.    Mattel shall complete its production of all non-privileged responsive documents in accordance with this Order no later than September 28, 2007.

5.    MGA's motion to compel is denied as to Request Nos. 262-263, 309, 311, 313, 315, 317, 320 and 323.

6.    MGA's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: September 12, 2007

_Edward A. Infante_

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

---

[5] The parties shall further meet and confer to establish parameters for conducting a reasonable search of the Zeus system and backup tapes.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

20

EXHIBIT _____1_____

PAGE _____38_____

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 12, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO SUPPLEMENT RESPONSES AND PRODUCE DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 12, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _____1_____

PAGE _____39_____

Case 2:04-cv-09049-DOC-RNB   Document 2479-2   Filed 03/05/08   Page 22 of 110   Page ID
#:38384
Case 2:04-cv-09049-SGL-RNB    Document 2309    Filed 02/20/2008    Page 1 of 3

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]**<br><br>[PROPOSED] ORDER GRANTING IN PART MATTEL'S RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT _____ 2 _____

PAGE _____ 40 _____

07209/2393380.1

2 20 08

[PROPOSED] ORDER

1         Having received Mattel's Renewed Motion For Reconsideration Of The

2 September 12, 2007 Order Granting In Part And Denying In Part MGA's Motion To

3 Compel Production Of Documents (the "Motion"), and having considered the

4 Motion and all papers in support and opposition thereto, as well as the argument of

5 counsel on February 11, 2008, the Court hereby rules as follows:

6         That portion of the September 12, 2007 Order ("Order") that granted

7 MGA's motion to compel as to Request Nos. 281-282 and 284-285, as narrowed by

8 MGA, is modified and limited to those documents that relate or would relate to

9 persons employed by Mattel in the El Segundo Design Center at any time between

10 January 1, 1995 and April 28, 2005 who were or would have been required to sign

11 Mattel's Employee Confidential Information and Inventions Agreement or Conflict

12 of Interest Questionnaire, or any version of the same, or otherwise came in contact

13 with Mattel's confidential information.

14         Mattel shall comply with the Order, as modified herein, by March 3,

15 2008.

16         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment

17 of a Discovery Master, Mattel shall file this Order with the Clerk of the Court

18 forthwith.

19         IT IS SO ORDERED.

20

21

22

23 DATED: February 20, 2008      By

24                      Hon. Edward A. Infante (Ret.)
                     Special Discovery Master

25

26

27                  EXHIBIT ___2___

28                  PAGE ___41___

07209/2393380.1

-1-

[PROPOSED] ORDER

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 20, 2008, I served the attached ORDER GRANTING IN PART MATTEL'S RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on February 20, 2008, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT _____2_____

PAGE _____42_____

JAN 3 1 2005

DIANA M. TORRES (S.B. #162284)
PAULA E. AMBROSINI (S.B. # 193126)
ALICIA C. MEYER (S.B. #230189)
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant-in-Intervention,
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, | Case No. CV04-9059 NM (RNBx) |
| Plaintiff, | **MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| v. | |
| CARTER BRYANT, an individual, and MGA ENTERTAINMENT, INC., a California Corporation | Date Filed: April 27, 2004 |
| Defendant and Defendant-in-Intervention. | Discovery cut-off: None |

PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

RESPONDING PARTY:    MATTEL, INC.

SET NO.    ONE

EXHIBIT _____3_____

PAGE _____43_____

MGA'S FIRST SET OF DOCUMENT REQUESTS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant-in-intervention MGA Entertainment, Inc. ("MGA") requests that plaintiff Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 10:00 a.m. on March 2, 2005, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## INSTRUCTIONS

1.      YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.      If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3.      Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4.      If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

EXHIBIT _____3_____                    1          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____44_____

1      (a)    The place, approximate date, and manner of recording, creating or

2             otherwise preparing the DOCUMENT;

3      (b)    The names and organization position, if any, of each author,

4             sender, and recipient of the DOCUMENT;

5      (c)    A general description of the subject matter of the DOCUMENT;

6      (d)    The basis of any claim of privilege; and

7      (e)    If work-product is asserted, the proceeding for which the

8             DOCUMENT was created.

9      5.    For any DOCUMENT or category of DOCUMENTS that was, but no

10  longer is, in YOUR possession, custody or control, please describe each such

11  DOCUMENT as completely as possible and provide the following information:

12      (a)    The reason the DOCUMENT is no longer in YOUR possession,

13             custody or control;

14      (b)    The person or entity, if any, who has possession, custody or control

15             or, if unknown, so state;

16      (c)    If the DOCUMENT was destroyed or otherwise disposed of, state

17             (i) the manner of disposal (*i.e.* destruction, loss, discarding or other

18             means of disposal); (ii) the date of disposal; (iii) the reason for

19             disposal; (iv) the person authorizing disposal; (v) the person

20             disposing of the DOCUMENT; and (vi) the name and address of

21             the most recent custodian of the DOCUMENT

22      6.    These Requests impose a continuing obligation subsequent to your initial

23  production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil

24  Procedure.

25

26

27

28

## DEFINITIONS

As used in these Requests:

1.    "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "LIL' BRATZ," "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ.

2.    "BRATZ CONCEPT" means and refers to each "BRATZ"-related image, drawing, picture, sculpt, mold, prototype and any other form of artwork predating the FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972; 01014; and 01116-01118.

3.    "FIRST BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and consisting of the following:  "Bratz Cloe", SKU 248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU 248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU 248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance Fashion", SKU 248682.

4.    "BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of

EXHIBIT _____3_____

PAGE _____46_____

MGA'S FIRST SET OF DOCUMENT REQUESTS

1   goods or merchandise commonly known as, or sold and marketed under the "Bratz"

2   trademark or trade dress excluding the "FIRST BRATZ DOLLS", "LIL' BRATZ,"

3   "BRATZ PETZ," and "BRATZ BABYZ" and including, without limitation, the

4   styling head commonly known as or sold and marketed as the "Bratz Funky Fashion

5   Make Over" styling head, and specifically including, without limitation, the images,

6   characters, dolls, playsets and other products and toys called or referred to as, or

7   named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin",

8   "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan", "Koby",

9   "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin",

10  "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz Boyz", "Funk 'n'

11  Glow", "Funky Fashion Makeover", "Holiday Bratz – Sweetheart", "Holiday Bratz –

12  Spring Fling", "Holiday Bratz – Independence Dance", "Slumber Party", "Strut It",

13  "Spring Break", "Formal Funk", "Bratz Boyz Formal Funk", "Wintertime

14  Wonderland", "Style It!", "Funky Fashion Makeover", "Funk Out!", "Sun-Kissed

15  Summer", "Girls Nite Out!", "Wild Life Safari", and any other released, or yet to be

16  released, BRATZ named character or product theme.

17      5.    "BRATZ PACK" means and refers to any collection, compilation or

18  grouping of two or more images, characters or dolls that are or have ever been

19  manufactured, marketed or sold by MGA, or others under license, as part of a line of

20  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

21  trademark or trade dress including, without limitation, the collection, compilation or

22  grouping of four female images, characters or dolls individually named, called or

23  referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and "Bratz Yasmin" and any

24  other similar collection, compilation or grouping of two or more images, characters or

25  dolls, male or female, and specifically including, without limitation, the images,

26  characters and dolls called or referred to as, or named or marketed in association with

27  the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna",

28

EXHIBIT _____3_____   4        MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____47_____

1   "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia",

2   "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", and any other released, or yet

3   to be released, BRATZ character.

4       6.   "LIL' BRATZ" means and refers to each image, character, logo, doll,

5   toy, accessory, product, packaging or other thing or matter that is or has ever been

6   manufactured, marketed or sold by MGA, or others under license, as part of a line of

7   goods or merchandise commonly known as, or sold and marketed under the "Bratz"

8   trademark or trade dress and commonly labeled, called, referred to, named or

9   identified as "LIL' BRATZ", and specifically including, without limitation, the

10  images, characters, dolls, playsets and other products and toys called or referred to as,

11  or named or marketed in association with the names "Cloe", "Yasmin", "Sasha",

12  "Jade", "Ailani", "Nazalia", "Talia", "Zada", "Lil' Boyz", "Cameron", "Dylan",

13  "Eitan", "Koby", "Mikko", "Colin", "Deavon", "Lakin", "Lil' Bratz Slumber Party",

14  "Lil' Bratz Tote", "Lil' Bratz Spring Break", "Lil Bratz Dancefloor Funk", "Lil' Boyz

15  Dancefloor Funk", and any other released, or yet to be released, LIL' BRATZ

16  character or product theme.

17      7.   "BRATZ PETZ" means and refers to each image, character, logo, doll,

18  toy, accessory, product, packaging or other thing or matter that is or has ever been

19  manufactured, marketed or sold by MGA, or others under license, as part of a line of

20  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

21  trademark or trade dress and commonly labeled, called, referred to, named or

22  identified as "BRATZ PETZ", and specifically including, without limitation, the

23  images, characters and toys called or referred to as, or named or marketed in

24  association with the names, "Bratz Catz", "Brigitte", "Jolie", "Kendall", "Daphne",

25  "Bratz Petz Tokyo Catz", "Kyoto", "Cho", "Nami", "Yukiko", "Bratz Petz Foxz",

26  "Carly", "Reilly", "Shayna", "Bree", "Bratz Petz Dogz", "Shae", "Kali", "Pilar",

27

28

EXHIBIT _____3_____   5       MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____48_____

"Abby", and any other released, or yet to be released, BRATZ PETZ character or product theme.

8.    "BRATZ BABYZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and commonly labeled, called, referred to, named or identified as "BRATZ BABYZ", and specifically including, without limitation, the images, characters and dolls called or referred to as, or named or marketed in association with the names, "Cloe", "Sasha", "Jade," "Yasmin", and any other released, or yet to be released, BRATZ BABYZ character or product theme.

9.    "BRATZ BOYZ" means and refers to each male image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and commonly labeled, called, referred to, named or identified as "BRATZ BOYZ", and specifically including, without limitation, the images characters, dolls, playsets and other products and toys called or referred to as, or named or marketed in association with the names "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Mikko", "Colin", "Deavon", "Lakin", "Bratz Boyz Formal Funk", "Boyz Funk Out!", "Boyz Sun-Kissed Summer", and any other released, or yet to be released BRATZ BOYZ character or product theme.

10.    "BRATZ INTELLECTUAL PROPERTY" means all intellectual and industrial property rights in and to BRATZ including, without limitation, all copyrights, patents, trademarks, industrial designs, trade secrets, contract and licensing rights, design rights, moral rights and trade dress rights, in any country of the world.

EXHIBIT _____ 3 _____

PAGE _____ 49

6

MGA'S FIRST SET OF DOCUMENT REQUESTS

11.   "BRYANT" means defendant Carter Bryant.

12.   "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

13.   "COMPLAINT" means and refers to the Complaint filed by Mattel Inc. in this matter on April 27, 2004 and now designated as Case No. CV 04-9059 NM (RNBx) in the United States District Court for the Central District of California.

14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital

EXHIBIT _____ 3 _____     7

PAGE _____ 50 _____

MGA'S FIRST SET OF DOCUMENT REQUESTS

recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

15.   "MARKET RESEARCH" means any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

16.   "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

17.   "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA

EXHIBIT _____ 3 _____          8          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____ 51 _____

1    and any others acting on MGA's behalf, pursuant to its authority or subject to its

2    control.

3        18.   "MGA PRODUCTS" means any and all products offered for sale by

4    MGA Entertainment, Inc., other than BRATZ, including, without limitation, "4-Ever

5    Best Friends" and "Alien Racers".

6        19.   The singular form includes the plural, and vice versa.

7        20.   The terms "any" and "all" are interchangeable.

8        21.   The terms "and" and "or" shall be construed disjunctively and

9    conjunctively, and each shall include the other whenever such dual construction will

10    serve to bring within the scope of any Request, DOCUMENTS that would otherwise

11    not be within its scope.

12        22.   As used herein, the terms "relating to" and "referring to" should each be

13    construed in the broadest possible sense to mean concerning, consisting of, referring

14    to, describing, discussing, constituting, evidencing, containing, reflecting,

15    mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or

16    factual connection with the matter discussed.

17

18    **REQUESTS FOR PRODUCTION**

19    **REQUEST NO. 1.:**

20        All DOCUMENTS mentioning, referring or relating to BRATZ

21    INTELLECTUAL PROPERTY.

22    **REQUEST NO. 2.:**

23

24        All DOCUMENTS mentioning, referring or relating to the BRATZ CONCEPT.

25    **REQUEST NO. 3.:**

26        All DOCUMENTS mentioning, referring or relating to the FIRST BRATZ

27    DOLLS.

28

EXHIBIT _____3_____    9    MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____52_____

**REQUEST NO. 4.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of the FIRST BRATZ DOLLS.

**REQUEST NO. 5.:**

All DOCUMENTS mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 6.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 7.:**

All DOCUMENTS mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 8.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

EXHIBIT _____3_____

PAGE _____53_____

10

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 9.:**

All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**REQUEST NO. 10.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**REQUEST NO. 11.:**

All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**REQUEST NO. 12.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**REQUEST NO. 13.:**

All DOCUMENTS mentioning, referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of

EXHIBIT ___3___    11

PAGE ___54___

MGA'S FIRST SET OF DOCUMENT REQUESTS

1  YOUR recovery or damages in this case, any right or interest in, revenues or profits

2  from, or lost profits or other damages caused by BRATZ BABYZ.

3  **REQUEST NO. 14.:**

4

5      All DOCUMENTS mentioning, referring or relating to the conception, creation,

6  design, development or reduction to practice of the BRATZ BABYZ, if YOU seek in

7  this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR

8  recovery or damages in this case, any right or interest in, revenues or profits from, or

9  lost profits or other damages caused by BRATZ BABYZ.

10  **REQUEST NO. 15.:**

11      All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ, if YOU

12  seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR

13  recovery or damages in this case, any right or interest in, revenues or profits from, or

14  lost profits or other damages caused by BRATZ BOYZ.

15  **REQUEST NO. 16.:**

16

17      All DOCUMENTS mentioning, referring or relating to the conception, creation,

18  design, development or reduction to practice of BRATZ BOYZ, if YOU seek in this

19  case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or

20  damages in this case, any right or interest in, revenues or profits from, or lost profits

21  or other damages caused by BRATZ BOYZ.

22  **REQUEST NO. 17.:**

23      All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

24  PROPERTY that YOU have given or shown to any person working on or involved in

25  product conception, creation, design or development at or for MATTEL.

26

27

28

12

EXHIBIT _____ 3

PAGE _____ 55

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 18.:**

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL.

**REQUEST NO. 19.:**

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL.

**REQUEST NO. 20.:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 21.:**

All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 22.:**

All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given or shown to any person working on or involved in product conception, creation,

EXHIBIT _____3_____      13      MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____56_____

1   design or development at or for MATTEL, if YOU seek in this case to enjoin the sale

2   of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any

3   right or interest in, revenues or profits from, or lost profits or other damages caused by

4   LIL' BRATZ.

5   **REQUEST NO. 23.:**

6

7      All DOCUMENTS referring or relating to BRATZ PETZ that YOU have given

8   or shown to any person working on or involved in product conception, creation,

9   design or development at or for MATTEL, if YOU seek in this case to enjoin the sale

10   of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any

11   right or interest in, revenues or profits from, or lost profits or other damages caused by

12   BRATZ PETZ.

13   **REQUEST NO. 24.:**

14      All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have

15   given or shown to any person working on or involved in product conception, creation,

16   design or development at or for MATTEL, if YOU seek in this case to enjoin the sale

17   of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case,

18   any right or interest in, revenues or profits from, or lost profits or other damages

19   caused by BRATZ BABYZ.

20   **REQUEST NO. 25.:**

21

22      All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have given

23   or shown to any person working on or involved in product conception, creation,

24   design or development at or for MATTEL, if YOU seek in this case to enjoin the sale

25   of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case,

26   any right or interest in, revenues or profits from, or lost profits or other damages

27   caused by BRATZ BOYZ.

28

EXHIBIT _____3_____    14    MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____57_____

**REQUEST NO. 26.:**

All DOCUMENTS referring or relating to BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

**REQUEST NO. 27.:**

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

**REQUEST NO. 28.:**

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

**REQUEST NO. 29.:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 30.:**

All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or

EXHIBIT _____3_____

PAGE _____58_____

15

1    damages in this case, any right or interest in, revenues or profits from, or lost profits

2    or other damages caused by BRATZ DOLLS.

3    **REQUEST NO. 31.:**

4

5        All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given

6    or shown to any person working on or involved in the conception, creation, design or

7    development of any fashion doll, other than "Barbie," if YOU seek in this case to

8    enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in

9    this case, any right or interest in, revenues or profits from, or lost profits or other

10   damages caused by LIL' BRATZ.

11   **REQUEST NO. 32.:**

12       All DOCUMENTS referring or relating to BRATZ PETZ that YOU have given

13   or shown to any person working on or involved in the conception, creation, design or

14   development of any plush toy, if YOU seek in this case to enjoin the sale of BRATZ

15   PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or

16   interest in, revenues or profits from, or lost profits or other damages caused by

17   BRATZ PETZ.

18   **REQUEST NO. 33.:**

19

20       All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have

21   given or shown to any person working on or involved in product conception, creation,

22   design or development of any fashion doll, if YOU seek in this case to enjoin the sale

23   of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case,

24   any right or interest in, revenues or profits from, or lost profits or other damages

25   caused by BRATZ BABYZ.

26   **REQUEST NO. 34.:**

27       All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have given

28   or shown to any person working on or involved in product conception, creation,

EXHIBIT _____3_____          16          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____59_____

1  design or development of any fashion doll, other than "Barbie," if YOU seek in this

2  case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or

3  damages in this case, any right or interest in, revenues or profits from, or lost profits

4  or other damages caused by BRATZ BOYZ.

5  **REQUEST NO. 35.:**

6

7      All DOCUMENTS mentioning, referring or relating to the conception, creation,

8  design or development of BRATZ INTELLECTUAL PROPERTY that YOU have

9  given or shown to any third party.

10  **REQUEST NO. 36.:**

11      All DOCUMENTS mentioning, referring or relating to the conception, creation,

12  design or development of the BRATZ CONCEPT that YOU have given or shown to

13  any third party.

14  **REQUEST NO. 37.:**

15

16      All DOCUMENTS mentioning, referring or relating to the conception, creation,

17  design or development of the FIRST BRATZ DOLLS that YOU have given or shown

18  to any third party.

19  **REQUEST NO. 38.:**

20      All DOCUMENTS mentioning, referring or relating to the conception, creation,

21  design or development of BRATZ DOLLS that YOU have given or shown to any

22  third party, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as

23  any part of YOUR recovery or damages in this case, any right or interest in, revenues

24  or profits from, or lost profits or other damages caused by BRATZ DOLLS.

25  **REQUEST NO. 39.:**

26

27      All DOCUMENTS mentioning, referring or relating to the conception, creation,

28  design or development of the BRATZ PACK that YOU have given or shown to any

EXHIBIT _____3_____

PAGE _____60_____

17

MGA'S FIRST SET OF DOCUMENT REQUESTS

1  third party, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek,

2  as any part of YOUR recovery or damages in this case, any right or interest in,

3  revenues or profits from, or lost profits or other damages caused by the BRATZ

4  PACK.

5  **REQUEST NO. 40.:**

6

7      All DOCUMENTS mentioning, referring or relating to the conception, creation,

8  design or development of LIL' BRATZ that YOU have given or shown to any third

9  party, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part

10  of YOUR recovery or damages in this case, any right or interest in, revenues or profits

11  from, or lost profits or other damages caused by LIL' BRATZ.

12  **REQUEST NO. 41.:**

13      All DOCUMENTS mentioning, referring or relating to the conception, creation,

14  design or development of BRATZ PETZ that YOU have given or shown to any third

15  party, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any

16  part of YOUR recovery or damages in this case, any right or interest in, revenues or

17  profits from, or lost profits or other damages caused by BRATZ PETZ.

18  **REQUEST NO. 42.:**

19

20      All DOCUMENTS mentioning, referring or relating to the conception, creation,

21  design or development of BRATZ BABYZ that YOU have given or shown to any

22  third party, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as

23  any part of YOUR recovery or damages in this case, any right or interest in, revenues

24  or profits from, or lost profits or other damages caused by BRATZ BABYZ.

25  **REQUEST NO. 43.:**

26      All DOCUMENTS mentioning, referring or relating to the conception, creation,

27  design or development of BRATZ BOYZ that YOU have given or shown to any third

28  party, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any

EXHIBIT _____3_____                18          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____61_____

1   part of YOUR recovery or damages in this case, any right or interest in, revenues or

2   profits from, or lost profits or other damages caused by BRATZ BOYZ.

3   **REQUEST NO. 44.:**

4

5       All DOCUMENTS discussing or mentioning Isaac Larian, authored between

6   June 2000 and October 2001.

7   **REQUEST NO. 45.:**

8       All DOCUMENTS discussing or mentioning Paula Treantafellas, authored

9   between June 2000 and October 2001.

10   **REQUEST NO. 46.:**

11

12       All DOCUMENTS discussing or mentioning Mercedah Ward, authored

13   between June 2000 and October 2001.

14   **REQUEST NO. 47.:**

15       All DOCUMENTS discussing or mentioning BRATZ, authored between June

16   2000 and October 2001.

17   **REQUEST NO. 48.:**

18

19       All DOCUMENTS discussing or mentioning BRATZ INTELLECTUAL

20   PROPERTY.

21   **REQUEST NO. 49.:**

22       All DOCUMENTS discussing, mentioning, referring or relating to any

23   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

24   or negatively impact Isaac Larian in any way, including, without limitation, his

25   reputation, income, revenue, business interests and relationships, which were

26   communicated to the public, retailers, the press, consumers, advertisers, media buyer

27   representatives, cable or broadcast television executives, the NPD Group, the Toy

28   Industry Association, any United States governmental unit or agency, any toy industry

EXHIBIT _____3_____   19   MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____62_____

organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards,

**REQUEST NO. 50.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact MGA in any way, including, without limitation, its reputation, income, revenue, business interests and relationships, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards,

**REQUEST NO. 51.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization,

EXHIBIT _____3_____    20

PAGE _____63_____

MGA'S FIRST SET OF DOCUMENT REQUESTS

1  company, agency, entity or person involved in commercial or product safety

2  evaluation, ratings or awards.

3  **REQUEST NO. 52.:**

4

5      All DOCUMENTS discussing, mentioning, referring or relating to any

6  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

7  or negatively impact the commercial success of the FIRST BRATZ DOLLS in any

8  way, including, without limitation, the reputation, sales, popularity, price and

9  availability of the FIRST BRATZ DOLLS which were communicated to the public,

10  retailers, the press, consumers, advertisers, media buyer representatives, cable or

11  broadcast television executives, the NPD Group, the Toy Industry Association, any

12  United States governmental unit or agency, any toy industry organization whether

13  foreign, domestic or international, any manufacturing or children's safety compliance

14  or watchdog organization, and any organization, company, agency, entity or person

15  involved in commercial or product safety evaluation, ratings or awards.

16  **REQUEST NO. 53.:**

17      All DOCUMENTS discussing, mentioning, referring or relating to any

18  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

19  or negatively impact the commercial success of BRATZ DOLLS in any way,

20  including, without limitation, the reputation, sales, popularity, price and availability of

21  BRATZ DOLLS which were communicated to the public, retailers, the press,

22  consumers, advertisers, media buyer representatives, cable or broadcast television

23  executives, the NPD Group, the Toy Industry Association, any United States

24  governmental unit or agency, any toy industry organization whether foreign, domestic

25  or international, any manufacturing or children's safety compliance or watchdog

26  organization, and any organization, company, agency, entity or person involved in

27  commercial or product safety evaluation, ratings or awards.

28

EXHIBIT _____3_____   ·21   MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____64_____

**REQUEST NO. 54.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of the BRATZ PACK in any way, including, without limitation, the reputation, sales, popularity, price and availability of the BRATZ PACK, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 55.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to injure, interfere with, harm or negatively impact the commercial success of LIL' BRATZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of LIL' BRATZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

EXHIBIT ___3___

PAGE ___65___

22

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 56.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ PETZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ PETZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 57.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ BABYZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ BABYZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 58.:**

All DOCUMENTS discussing, mentioning, referring or relating to any

EXHIBIT _____3_____          23          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____64_____

1    MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

2    or negatively impact the commercial success of BRATZ BOYZ in any way, including,

3    without limitation, the reputation, sales, popularity, price and availability of BRATZ

4    BOYZ, which were communicated to the public, retailers, the press, consumers,

5    advertisers, media buyer representatives, cable or broadcast television executives, the

6    NPD Group, the Toy Industry Association, any United States governmental unit or

7    agency, any toy industry organization whether foreign, domestic or international, any

8    manufacturing or children's safety compliance or watchdog organization, and any

9    organization, company, agency, entity or person involved in commercial or product

10   safety evaluation, ratings or awards.

11   **REQUEST NO. 59.:**

12

13   All DOCUMENTS discussing, mentioning, referring or relating to any

14   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

15   or negatively impact the commercial success of any MGA PRODUCT in any way,

16   including, without limitation, any such product's reputation, sales, popularity, price

17   and availability, which were communicated to the public, retailers, the press,

18   consumers, advertisers, media buyer representatives, cable or broadcast television

19   executives, the NPD Group, the Toy Industry Association, any United States

20   governmental unit or agency, any toy industry organization whether foreign, domestic

21   or international, any manufacturing or children's safety compliance or watchdog

22   organization, and any organization, company, agency, entity or person involved in

23   commercial or product safety evaluation, ratings or awards.

24   **REQUEST NO. 60.:**

25   All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

26   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

27   the public, retailers, the press, consumers, advertisers, media buyer representatives,

28   cable or broadcast television executives, the NPD Group, the Toy Industry

**EXHIBIT** _____ 3

**PAGE** _____ 67

24                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

## REQUEST NO. 61.:

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette , Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the BRATZ CONCEPT.

## REQUEST NO. 62.:

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the FIRST BRATZ DOLLS.

25

EXHIBIT _____ 3

**REQUEST NO. 63.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ DOLLS.

**REQUEST NO. 64.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the BRATZ PACK.

**REQUEST NO. 65.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry

EXHIBIT _____3_____

PAGE_____69_____          26          MGA'S FIRST SET OF DOCUMENT REQUESTS

1   organization whether foreign, domestic or international, any manufacturing or

2   children's safety compliance or watchdog organization, and any organization,

3   company, agency, entity or person involved in commercial or product safety

4   evaluation, ratings or awards mentioning, referring or relating to LIL' BRATZ.

5   **REQUEST NO. 66.:**

6

7   All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

8   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

9   the public, retailers, the press, consumers, advertisers, media buyer representatives,

10  cable or broadcast television executives, the NPD Group, the Toy Industry

11  Association, any United States governmental unit or agency, any toy industry

12  organization whether foreign, domestic or international, any manufacturing or

13  children's safety compliance or watchdog organization, and any organization,

14  company, agency, entity or person involved in commercial or product safety

15  evaluation, ratings or awards mentioning, referring or relating to BRATZ PETZ.

16  **REQUEST NO. 67.:**

17  All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

18  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or jerry Cleary to the

19  public, retailers, the press, consumers, advertisers, media buyer representatives, cable

20  or broadcast television executives, the NPD Group, the Toy Industry Association, any

21  United States governmental unit or agency, any toy industry organization whether

22  foreign, domestic or international, any manufacturing or children's safety compliance

23  or watchdog organization, and any organization, company, agency, entity or person

24  involved in commercial or product safety evaluation, ratings or awards mentioning,

25  referring or relating to BRATZ BABYZ.

26

27

28

EXHIBIT _____3_____

PAGE _____70_____

27

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 68.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ BOYZ.

**REQUEST NO. 69.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate, emulate, duplicate or mimic BRATZ.

**REQUEST NO. 70.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate, emulate, duplicate or mimic any MGA PRODUCT with which BRYANT had any involvement.

**REQUEST NO. 71.:**

All DOCUMENTS mentioning, discussing, referring or relating to any BRATZ ITEM, which is dated or was authored or created before the date that the BRATZ ITEM was first offered for sale in retail stores to the general public.

EXHIBIT _____3_____

PAGE _____71_____

28

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 72.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ CONCEPT on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the BRATZ CONCEPT.

**REQUEST NO. 73.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the FIRST BRATZ DOLLS on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the FIRST BRATZ DOLLS.

**REQUEST NO. 74.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ DOLLS on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ DOLLS.

**REQUEST NO. 75.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ PACK on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the BRATZ PACK.

EXHIBIT _____3_____          29          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____72_____

**REQUEST NO. 76.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between LIL' BRATZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for LIL' BRATZ.

**REQUEST NO. 77.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ PETZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ PETZ.

**REQUEST NO. 78.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BABYZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ BABYZ.

**REQUEST NO. 79.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BOYZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ BOYZ.

EXHIBIT _____ 3 _____

PAGE _____ 73 _____

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 80.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between any MGA PRODUCT on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for any MGA PRODUCT.

**REQUEST NO. 81.:**

All DOCUMENTS quantifying, calculating, estimating, referring to, or relating to the damage or harm YOU have purportedly suffered as a result of BRYANT's alleged conduct including, without limitation, all DOCUMENTS evidencing the cause, nature, extent, and amount or value of any unjust enrichment, lost revenues, lost profits, lost sales, price erosion, lost or converted property, consequential and incidental damage, information or intellectual property provided to any competitor, benefit obtained by any competitor, lost opportunity, lost advantage, lost benefit, and any other form of alleged harm.

**REQUEST NO. 82.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of "Toon Teens" and any related or derivative works, including, without limitation, DOCUMENTS commissioning, assigning, contracting for, or otherwise requesting work on or assistance with the conception, creation, design, development or reduction to practice of said work(s).

**REQUEST NO. 83.:**

All DOCUMENTS constituting contracts, licenses, assignments or conveyances involving, referring or relating to "Toon Teens" and any derivative works.

31

EXHIBIT _____3_____

PAGE _____74_____

1
2

**REQUEST NO. 84.:**

3   All COMMUNICATIONS exchanged between YOU on the one hand and the
4   U.S. Patent and Trademark Office or U.S. Copyright Office on the other referring or
5   relating to "Toon Teens" and any related or derivative works including, without
6   limitation, applications, registrations, amendments, office actions and correspondence
7   and all DOCUMENTS mentioning, referring or relating to such
8   COMMUNICATIONS.

9   **REQUEST NO. 85.:**

10   All DOCUMENTS constituting, mentioning, referring to, or relating to any
11   decision to apply for, register for, file, amend, withdraw, or abandon any trademark,
12   service mark, trade dress, or copyright application or registration for "Toon Teens"
13   and any derivative works.

14   **REQUEST NO. 86.:**

15
16   All DOCUMENTS constituting, modeling, showing, demonstrating, depicting,
17   or describing "Toon Teens" and any derivative works including, without limitation,
18   photographs, visual reproductions, drawings, sketches, models, molds, prototypes and
19   any type of three dimensional image, including all original molds, models and
20   prototypes.

21   **REQUEST NO. 87.:**

22   All DOCUMENTS that name or are otherwise sufficient to identify the
23   individuals who worked on or were involved in any way with the conception, creation,
24   design and development of the "Toon Teens" idea, concept or products and any
25   related or derivative works.

26   **REQUEST NO. 88.:**

27
28   All DOCUMENTS that name or are otherwise sufficient to identify the

EXHIBIT _____3_____          32          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____75_____

1  individuals who worked on or were involved in any way in the plans for creating,
2  designing, developing and marketing "Toon Teens," including individuals who
3  worked on or were involved in any way in (1) deciding to create, design, develop or
4  market "Toon Teens" and (2) deciding to stop or abandon the design, development or
5  marketing of "Toon Teens".

6  **REQUEST NO. 89.:**

7
8      All DOCUMENTS mentioning, discussing, referring or relating to all of the
9  facts and circumstances leading up to, surrounding or any way connected with the
10  development, marketing and abandonment of "Toon Teens" including, without
11  limitation, the reasons for and factors influencing the creation, design, development
12  and marketing of "Toon Teens," and the reasons for and factors influencing the
13  cessation or abandonment of the design, development or marketing of "Toon Teens".

14  **REQUEST NO. 90.:**

15     All DOCUMENTS evidencing that BRYANT had access to "Toon Teens," at
16  any stage of creation, concept, design or development.

17  **REQUEST NO. 91.:**
18
19     All DOCUMENTS referring or relating to BRATZ INTELLECTUAL
20  PROPERTY that YOU have given or shown to any person who worked on or was
21  involved in the conception, creation, design or development of "Toon Teens".

22  **REQUEST NO. 92.:**

23     All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU
24  have given or shown to any person who worked on or was involved in the conception,
25  creation, design or development of "Toon Teens".

26

27

28

EXHIBIT _____ 3 _____   33

PAGE _____ 76

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 93.:**

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 94.:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 95.:**

All DOCUMENTS referring or relating to the BRATZ BOYZ that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 96.:**

All DOCUMENTS used or referred to in creating and designing "Toon Teens," including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of "Toon Teens".

**REQUEST NO. 97.:**

All DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon "Toon Teens," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 98.:**

All DOCUMENTS expressing, mentioning, discussing, referring or relating to any actual, alleged or perceived connection between BRYANT, BRATZ, BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon Teens" on the

EXHIBIT _____3_____          34          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____77_____

other, including any actual, alleged or perceived similarities between BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA PRODUCT and "Toon Teens" and any actual, alleged or perceived, copying, conversion, theft of ideas and theft of trade secrets by BRYANT.

**REQUEST NO. 99.:**

All DOCUMENTS expressing, mentioning, discussing, referring or relating to any actual, alleged or perceived connection between BRYANT, BRATZ, BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon Teens" on the other, including any actual, alleged or perceived similarities between BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA PRODUCT and "Toon Teens" and any actual, alleged or perceived, copying, conversion, theft of ideas and theft of trade secrets by MGA.

**REQUEST NO. 100.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ CONCEPT on the one hand and "Toon Teens" on the other.

**REQUEST NO. 101.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the FIRST BRATZ DOLLS on the one hand and "Toon Teens" on the other.

**REQUEST NO. 102.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ DOLLS on the one hand and "Toon Teens" on the other, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or

EXHIBIT _____3_____

PAGE _____78_____

35

MGA'S FIRST SET OF DOCUMENT REQUESTS

1   damages in this case, any right or interest in, revenues or profits from, or lost profits

2   or other damages caused by BRATZ DOLLS.

3   **REQUEST NO. 103.:**

4

5       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

6   mentioning, referring to, or relating to the similarities or differences between the

7   BRATZ PACK on the one hand and "Toon Teens" on the other, if YOU seek in this

8   case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery

9   or damages in this case, any right or interest in, revenues or profits from, or lost

10  profits or other damages caused by the BRATZ PACK.

11  **REQUEST NO. 104.:**

12      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

13  mentioning, referring to, or relating to the similarities or differences between LIL'

14  BRATZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to

15  enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in

16  this case, any right or interest in, revenues or profits from, or lost profits or other

17  damages caused by LIL' BRATZ.

18  **REQUEST NO. 105.:**

19

20      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

21  mentioning, referring to, or relating to the similarities or differences between BRATZ

22  PETZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to

23  enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages

24  in this case, any right or interest in, revenues or profits from, or lost profits or other

25  damages caused by BRATZ PETZ.

26  **REQUEST NO. 106.:**

27      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

28  mentioning, referring to, or relating to the similarities or differences between BRATZ

EXHIBIT _____3_____       36       MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____79_____

1    BABYZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to

2    enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or

3    damages in this case, any right or interest in, revenues or profits from, or lost profits

4    or other damages caused by BRATZ BABYZ.

5    **REQUEST NO. 107.:**

6

7        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

8    mentioning, referring to, or relating to the similarities or differences between BRATZ

9    BOYZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to

10   enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages

11   in this case, any right or interest in, revenues or profits from, or lost profits or other

12   damages caused by BRATZ BOYZ.

13   **REQUEST NO. 108.:**

14       If YOU contend that BRATZ has impacted or affected YOUR design,

15   development, marketing, sales, profits or revenue from "Toon Teens," or anything

16   developed or derived from "Toon Teens," as part of YOUR damages in this case, all

17   DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating

18   to or calculating that impact or affect.

19   **REQUEST NO. 109.:**

20

21       If YOU contend that BRATZ has impacted or affected YOUR sales, profits or

22   revenue from, or development of, "Toon Teens" or any product developed or derived

23   from "Toon Teens" as part of YOUR damages in this case, all DOCUMENTS

24   evidencing, demonstrating, discussing, mentioning, referring to or relating to such

25   product's creation, design, development, sales and marketing and all MARKET

26   RESEARCH and all sales and market analyses referring or relating to any such

27   product.

28

EXHIBIT _____3_____     37     MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____80_____

**REQUEST NO. 110.:**

All DOCUMENTS evidencing, referring to or relating to whether and how "Toon Teens" was ever used or utilized in any way by BRYANT or MGA in the creation, design, derivation or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, BRATZ.

**REQUEST NO. 111.:**

All DOCUMENTS evidencing, referring to or relating to whether and how "Toon Teens" was ever used or utilized in any way by YOU in the creation, design, derivation or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, "My Scene".

**REQUEST NO. 112.:**

All DOCUMENTS evidencing, referring or relating to whether BRATZ or BRATZ INTELLECTUAL PROPERTY was ever used or utilized in any way by YOU in the creation, design or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, "My Scene."

**REQUEST NO. 113.:**

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "My Scene" idea, concept or products.

**REQUEST NO. 114.:**

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of "My Scene."

EXHIBIT _____3_____        38        MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____81_____

**REQUEST NO. 115.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 116.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "My Scene," including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "My Scene".

**REQUEST NO. 117.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "My Scene," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 118.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly reports regarding "My Scene".

EXHIBIT _____3_____      39      MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____82_____

**REQUEST NO. 119.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "My Scene," including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of any "My Scene" product.

**REQUEST NO. 120.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "My Scene," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 121.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "My Scene" on the other.

**REQUEST NO. 122.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "My Scene" styling head idea, concept or products.

**REQUEST NO. 123.:**

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person

EXHIBIT _____3_____        40        MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____83_____

working on or involved in the conception, creation, design or development of the "My Scene" styling head.

**REQUEST NO. 124.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 125.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to the "My Scene" styling head including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to the "My Scene" styling head.

**REQUEST NO. 126.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop the "My Scene" styling head including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 127.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly report relating to the "My Scene" styling head.

EXHIBIT _____3_____

PAGE _____84_____

41          MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 128.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing the "My Scene" styling head including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of the "My Scene" styling head.

**REQUEST NO. 129.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon the "My Scene" styling head including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 130.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and the "My Scene" styling head on the other.

**REQUEST NO. 131.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of the "Diva Starz" idea, concept or products.

EXHIBIT _____3_____          42          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____85_____

**REQUEST NO. 132.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 133.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Diva Starz," including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "Diva Starz".

**REQUEST NO. 134.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "Diva Starz," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 135.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly report relating to "Diva Starz".

EXHIBIT _____3_____     43          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____86_____

**REQUEST NO. 136.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "Diva Starz" including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of "Diva Starz".

**REQUEST NO. 137.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon the "Diva Starz" including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 138.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "Diva Starz" on the other.

**REQUEST NO. 139.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes "Diva Starz," all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Diva Starz" on the other.

EXHIBIT ___3___      44      MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE ___87___

**REQUEST NO. 140.:**

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Flavas" idea, concept or products.

**REQUEST NO. 141.:**

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of "Flavas".

**REQUEST NO. 142.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 143.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Flavas" including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "Flavas".

**REQUEST NO. 144.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's

EXHIBIT _____3_____    45      MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____88_____

1  decision to create, design or develop "Flavas" including, without limitation, the

2  reasons for and factors influencing its decision.

3  **REQUEST NO. 145.:**

4

5      If YOU contend that BRATZ has impacted or affected YOUR sales, profits or

6  revenue from "Flavas" as part of YOUR damages in this case, all NPD

7  DOCUMENTS relied on for press statements and quarterly report relating to "Flavas".

8  **REQUEST NO. 146.:**

9      If YOU contend that BRATZ has impacted or affected YOUR sales, profits or

10  revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS used

11  or referred to in creating and designing "Flavas" including, without limitation, all

12  DOCUMENTS that served as artistic inspiration for any aspect, feature or element of

13  "Flavas".

14  **REQUEST NO. 147.:**

15

16      If YOU contend that BRATZ has impacted or affected YOUR sales, profits or

17  revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS,

18  including MARKET RESEARCH, referring or relating to, or influencing MATTEL's

19  decision to create, design, develop or abandon the "Flavas" including, without

20  limitation, the reasons for and factors influencing its decision.

21  **REQUEST NO. 148.:**

22      If YOU contend that BRATZ has impacted or affected YOUR sales, profits or

23  revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS

24  evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or

25  relating to the similarities or differences between BRATZ on the one hand and

26  "Flavas" on the other.

27

28

EXHIBIT _____3_____     46     MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____89_____

**REQUEST NO. 149.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the sales and marketing of "Barbie" since the introduction of BRATZ.

**REQUEST NO. 150.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 151.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Barbie" sales trends and marketing including, without limitation, all MARKET RESEARCH and all sales and market analyses referring or relating to "Barbie".

**REQUEST NO. 152.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to such "Barbie" doll or toy including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to such toy.

EXHIBIT _____3_____          47          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____90_____

**REQUEST NO. 153.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or  modify such "Barbie" doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 154.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing such doll or toy including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of such doll or toy.

**REQUEST NO. 155.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 156.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and such doll or toy on the other.

EXHIBIT _____ 3 _____

PAGE _____ 91 _____

48

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 157.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "Barbie" on the other.

**REQUEST NO. 158.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of any such doll or toy.

**REQUEST NO. 159.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 160.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to such doll or toy including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to such toy.

EXHIBIT _____3_____

PAGE _____92_____

49                                          MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 161.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or modify such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 162.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing such doll or toy including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of such doll or toy.

**REQUEST NO. 163.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 164.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and such doll or toy on the other.

EXHIBIT _____3_____

PAGE _____93_____

50                    MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 165.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes any intellectual property owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and such intellectual property on the other.

**REQUEST NO. 166.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes any idea, concept, design or product owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to such product and the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and such product on the other.

**REQUEST NO. 167.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Funky Tweenz" on the other.

**REQUEST NO. 168.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of any fashion doll at or for MATTEL, other than "Barbie," since 1995.

**REQUEST NO. 169.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals

EXHIBIT _____ 3 _____

PAGE _____ 94 _____

51

MGA'S FIRST SET OF DOCUMENT REQUESTS

1    who worked on or were involved in any way with the marketing of any fashion doll at

2    or for MATTEL, other than "Barbie," since 1995.

3    **REQUEST NO. 170.:**

4

5         All DOCUMENTS discussing, mentioning, relating or referring to MATTEL's

6    target market and marketing strategy for its lines of fashion doll before "BRATZ"

7    became commercially available in the summer of 2001, going back to 1995, and

8    MATTEL's target market and marketing strategy for its lines of fashion dolls after

9    "BRATZ" became commercially available in the summer of 2001 to the present.

10   **REQUEST NO. 171.:**

11        All DOCUMENTS discussing, mentioning, relating or referring to any decision

12   or resolution of MATTEL's Board of Directors relating to MATTEL's target market

13   and marketing strategy for its lines of fashion doll before "BRATZ" became

14   commercially available in the summer of 2001, going back to 1995, and MATTEL's

15   target market and marketing strategy for its lines of fashion dolls after "BRATZ"

16   became commercially available in the summer of 2001 to the present.

17   **REQUEST NO. 172.:**

18

19        All DOCUMENTS discussing, mentioning, relating or referring to any decision

20   or resolution of MATTEL's Board of Directors relating to litigation against

21   BRYANT.

22   **REQUEST NO. 173.:**

23        All DOCUMENTS discussing, mentioning, relating or referring to any decision

24   or resolution of MATTEL's Board of Directors relating to litigation against MGA.

25

26

27

28

EXHIBIT _____3_____                    52          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____95·_____

**REQUEST NO. 174.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation involving BRATZ.

**REQUEST NO. 175.:**

All DOCUMENTS constituting, discussing, mentioning, relating or referring to MARKET RESEARCH relating to "BRATZ".

**REQUEST NO. 176.:**

All DOCUMENTS sent to or received from the NPD Group discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

**REQUEST NO. 177.:**

All DOCUMENTS sent to or received from CARU discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**REQUEST NO. 178.:**

All DOCUMENTS sent to or received from TIA discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**REQUEST NO. 179.:**

All DOCUMENTS sent to or received from Warner Brothers discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

EXHIBIT _____3_____   53        MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____96_____

**REQUEST NO. 180.:**

All DOCUMENTS mentioning, referring or relating to BRYANT including, but not limited to, BRYANT's personnel file and all DOCUMENTS on MATTEL's Zeus computer system that mention BRYANT.

**REQUEST NO. 181.:**

All DOCUMENTS constituting, evidencing, referring to or reflecting BRYANT's work at MATTEL, including the projects he worked on.

**REQUEST NO. 182.:**

All DOCUMENTS evidencing the days and hours BRYANT worked for MATTEL, including all time entries and data on MATTEL's "P2" computer system, and all records reflecting the days and hours BRYANT was on vacation or leave of absence.

**REQUEST NO. 183.:**

All DOCUMENTS constituting, consisting of, comprising or reflecting records of all phone calls BRYANT placed and received and all facsimiles BRYANT sent and received during his employment at MATTEL, including, specifically, without limitation, all phone logs, phone records and facsimile transmittals and facsimile records evidencing all phone calls and facsimiles BRYANT placed or received in September and October 2000.

**REQUEST NO. 184.:**

All DOCUMENTS evidencing, showing, demonstrating, depicting, describing, constituting, mentioning, referring to, or relating to any good sold, marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter used by MGA, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU.

EXHIBIT _____3_____

PAGE _____97_____

54

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 185.:**

All DOCUMENTS constituting, mentioning, referring to, or relating to YOUR discovery of, and any efforts made by YOU to discover, the source, author, designer, creator, and owner of any good sold marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU, including that date of any such discovery and discovery efforts.

**REQUEST NO. 186.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 187.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 188.:**

All DOCUMENTS mentioning, referring to, or relating to YOUR decision to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 189.:**

All DOCUMENTS mentioning, referring to, or relating to any consideration given by MATTEL to acquiring MGA.

EXHIBIT _____3_____

PAGE _____98_____

55

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 190.:**

All DOCUMENTS mentioning, referring to, or relating to any decision not to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 191.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, work on, and connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 192.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 193.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or reflecting YOUR efforts to investigate BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 194.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or

EXHIBIT _____ 3 _____        56        MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____ 99 _____

1  reflecting YOUR efforts to investigate the nature and scope of BRYANT's

2  involvement with, work on, or connection to the conception, design, creation or

3  development of BRATZ.

4  **REQUEST NO. 195.:**

5

6    All DOCUMENTS evidencing, supporting, documenting or relating to the

7  reasons why YOU did not file a lawsuit against BRYANT sooner than the date of

8  YOUR original complaint including, without limitation, all non-privileged

9  DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature and

10  scope of BRYANT's involvement with, work on, or connection to the conception,

11  design, creation or development of BRATZ INTELLECTUAL PROPERTY.

12  **REQUEST NO. 196.:**

13    All DOCUMENTS mentioning, referring to, or relating to this lawsuit including,

14  without limitation, COMMUNICATIONS with third parties and the press about this

15  lawsuit or that mention, refer to, or relate to this lawsuit.

16  **REQUEST NO. 197.:**

17

18    All COMMUNICATIONS between YOU and MGA.

19  **REQUEST NO. 198.:**

20    All COMMUNICATIONS between YOU and Isaac Larian.

21  **REQUEST NO. 199.:**

22

23    All COMMUNICATIONS between YOU and BRYANT.

24  **REQUEST NO. 200.:**

25    All COMMUNICATIONS between YOU and any third party mentioning,

26  referring or relating to BRYANT.

27

28

EXHIBIT _____ 3 _____    57    MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____ 100

**REQUEST NO. 201.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 202.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the BRATZ CONCEPT.

**REQUEST NO. 203.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the FIRST BRATZ DOLLS.

**REQUEST NO. 204.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 205.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 206.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any

EXHIBIT _____3_____

PAGE _____101_____

58                    MGA'S FIRST SET OF DOCUMENT REQUESTS

1  right or interest in, revenues or profits from, or lost profits or other damages caused by

2  LIL' BRATZ.

3  **REQUEST NO. 207.:**

4
5       All COMMUNICATIONS between YOU and any third party mentioning,

6  referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of

7  BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any

8  right or interest in, revenues or profits from, or lost profits or other damages caused by

9  BRATZ PETZ.

10  **REQUEST NO. 208.:**

11      All COMMUNICATIONS between YOU and any third party mentioning,

12  referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of

13  BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any

14  right or interest in, revenues or profits from, or lost profits or other damages caused by

15  BRATZ BABYZ.

16  **REQUEST NO. 209.:**

17
18      All COMMUNICATIONS between YOU and any third party mentioning,

19  referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale of

20  BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any

21  right or interest in, revenues or profits from, or lost profits or other damages caused by

22  BRATZ BOYZ.

23  **REQUEST NO. 210.:**

24      All COMMUNICATIONS between YOU and any third party mentioning,

25  referring or relating to "Funky Tweenz".

26
27
28

EXHIBIT _____3_____          59          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____102_____

**REQUEST NO. 211.:**

All DOCUMENTS, including pleadings, deposition transcripts, declarations and other matter generated in the course of any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 212.:**

All COMMUNICATIONS mentioning, referring to, or relating to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 213.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and Danny K. H. Yu, Paul K. C. Chan or any person at, employed by, working for or under the direction of the law firms of Danny K. H. Yu & Co. and Simon C. W. Yung & Co. on the other, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding o which MGA is or was a party.

**REQUEST NO. 214.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and Toys & Trends (Hong Kong) Limited, Cityworld Limited, or Jurg Willi Kesselring on the other, or any person acting on their behalf or at their direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

EXHIBIT ___3___

PAGE ___103___

60

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 215.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any person or entity adverse to MGA, including any person at, employed by, working for or under the direction of the law firms representing clients adverse to MGA, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 216.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any principal of any entities or persons adverse to MGA on the other, or any person acting on their behalf or at their direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 217.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any third-party on the other, referring or relating to this lawsuit, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 218.:**

All COMMUNICATIONS sent to or received from any party to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was party, or any agent or representative of such party, including such party's attorney.

EXHIBIT ___3___

PAGE ___104___

61

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 219.:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, referring to, or relating to any COMMUNICATION, between YOU on the one hand, and any person consulted or interviewed regarding any fact or issue relating to this lawsuit, including, without limitation, any experts, investigators, or witnesses.

**REQUEST NO. 220.:**

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 221.:**

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that MGA copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 222.:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing, discussing, referring or relating to any investigation performed by YOU in response to any COMMUNICATION YOU may have received from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 223.:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing, discussing, referring or relating to any investigation performed by YOU in response to

EXHIBIT _____3_____

PAGE _____105_____

MGA'S FIRST SET OF DOCUMENT REQUESTS

1   any COMMUNICATION YOU may have received from any source expressing,

2   suggesting or implying that MGA copied or used any idea, design or intellectual

3   property owned by MATTEL in connection with the conception, design or

4   development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

5   **REQUEST NO. 224.:**

6

7       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

8   describing discussing, referring or relating to all COMMUNICATIONS with Anna

9   Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or

10   BRYANT's work for MGA.

11   **REQUEST NO. 225.:**

12       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

13   describing discussing, referring or relating to all COMMUNICATIONS with Anna

14   Rhee that refer or relate to this litigation, the facts and circumstances giving rise to

15   this litigation, or BRYANT's alleged misconduct.

16   **REQUEST NO. 226.:**

17

18       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

19   describing discussing, referring or relating to all COMMUNICATIONS with

20   Margaret Leahy  that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

21   DOLLS or BRYANT's work for MGA.

22   **REQUEST NO. 227.:**

23       All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning,

24   describing discussing, referring or relating to all COMMUNICATIONS with

25   Margaret Leahy that refer or relate to this litigation, the facts and circumstances giving

26   rise to this litigation, or BRYANT's alleged misconduct.

27

28

EXHIBIT _____3_____

PAGE _____106._____

63

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 228.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 229.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 230.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 231.:**

All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 232.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

EXHIBIT _____3_____

PAGE _____107_____

64                    MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 233.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ramona Prince that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 234.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Lilly Martinez that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 235.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Lilly Martinez that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 236.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ron Longsdorff that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 237.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ron Longsdorff that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

EXHIBIT _____3_____

PAGE _____108_____

65                MGA'S FIRST SET OF DOCUMENT REQUESTS

1  **REQUEST NO. 238.:**

2      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

3  describing discussing, referring or relating to all COMMUNICATIONS with Matt

4  Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS

5  or BRYANT's work for MGA.

6  **REQUEST NO. 239.:**

7

8      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

9  describing discussing, referring or relating to all COMMUNICATIONS with Matt

10 Bousquette that refer or relate to this litigation, the facts and circumstances giving rise

11 to this litigation, or BRYANT's alleged misconduct.

12 **REQUEST NO. 240.:**

13     All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

14 describing discussing, referring or relating to all COMMUNICATIONS with

15 Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

16 DOLLS or BRYANT's work for MGA.

17 **REQUEST NO. 241.:**

18

19     All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

20 describing discussing, referring or relating to all COMMUNICATIONS with

21 Adrienne Fontanella that refer or relate to this litigation, the facts and circumstances

22 giving rise to this litigation, or BRYANT's alleged misconduct.

23 **REQUEST NO. 242.:**

24     All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

25 describing discussing, referring or relating to all COMMUNICATIONS with Tim

26 Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or

27 BRYANT's work for MGA.

28

EXHIBIT _____ 3 _____       66       MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____ 109 _____

**REQUEST NO. 243.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Tim Kilpin that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 244.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 245.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 246.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 247.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

EXHIBIT _____3_____     67          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____110_____

**REQUEST NO. 248.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 249.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 250.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor  that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 251.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 252.:**

All DOCUMENTS and COMMUNICATIONS constituting, discussing, mentioning, describing, referring or relating to the August 5, 2002 anonymous letter

EXHIBIT _____3_____

PAGE _____///_____

68          MGA'S FIRST SET OF DOCUMENT REQUESTS

1  sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial

2  number M 13841.

3  **REQUEST NO. 253.:**

4

5        All DOCUMENTS and COMMUNICATIONS constituting, discussing,

6  mentioning, describing, referring or relating to any investigation of or follow-up

7  regarding the August 5, 2002 anonymous letter sent to Robert Eckert produced in this

8  litigation by MATTEL bearing Bates serial number M 13841.

9  **REQUEST NO. 254.:**

10        All DOCUMENTS, such as organizational charts, describing, depicting, or

11  relating to the corporate structure, chain-of-command, and reporting structure of

12  MATTEL since 1997, and DOCUMENTS sufficient to IDENTIFY its past and

13  present officers and directors since 1997.

14  **REQUEST NO. 255.:**

15

16        All DOCUMENTS, such as organizational charts, describing, depicting, or

17  relating to BRYANT's place in the corporate structure, chain-of-command, and

18  reporting structure of MATTEL since 1997.

19  **REQUEST NO. 256.:**

20        DOCUMENTS sufficient to show BRYANT's immediate supervisors and all

21  co-workers in BRYANT's department during the periods of BRYANT's employment

22  with MATTEL.

23  **REQUEST NO. 257.:**

24

25        All DOCUMENTS including, without limitation, YOUR corporate resolutions,

26  and minutes of all meetings of YOUR directors or shareholders in which this lawsuit,

27  BRATZ INTELLECTUAL PROPERTY, the BRATZ CONCEPT, or BRYANT was

28  discussed.

EXHIBIT _____3_____

PAGE _____112_____

69                    MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 258.:**

All DOCUMENTS relating to Bryant's employment including, without limitation, DOCUMENTS reflecting the period and conditions of the employment, the terms of the employment, and his job duties and responsibilities.

**REQUEST NO. 259.:**

All DOCUMENTS that evidence, describe, mention, refer or relate to the similarity of any art work created by any MATTEL employee, including but not limited to BRYANT, prior to October 20, 2000, to BRATZ.

**REQUEST NO. 260.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of BRYANT other than his work for MATTEL.

**REQUEST NO. 261.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed in connection with the conception, creation, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 262.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such person was employed by MATTEL, in connection with the conception, creation, design or development of any intellectual property done for or at the request of any company, entity or person other than MATTEL.

**REQUEST NO. 263.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such

EXHIBIT _____3_____          70          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____113_____

1   person was employed by MATTEL, in connection with the conception, creation,

2   design or development of any doll or toy done for or at the request of any company,

3   entity or person other than MATTEL.

4   **REQUEST NO. 264.:**

5

6       All DOCUMENTS that constitute, describe, mention, refer or relate to

7   MATTEL's policy regarding part-time employment at MATTEL.

8   **REQUEST NO. 265.:**

9       All DOCUMENTS that constitute, describe, mention, refer or relate to

10   MATTEL's policy regarding temporary employment at MATTEL.

11   **REQUEST NO. 266.:**

12

13       All DOCUMENTS that constitute, describe, mention, refer or relate to

14   MATTEL's policy regarding part-time employment at MATTEL including, without

15   limitation, all DOCUMENTS, including agreements and contracts, that describe,

16   discuss, govern, control, regulate or limit how and to what extent a person employed

17   part-time at MATTEL is allowed, or not allowed, to work for him or herself or other

18   companies or entities, including MGA, while employed by MATTEL.

19   **REQUEST NO. 267.:**

20       All DOCUMENTS that constitute, describe, mention, refer or relate to

21   MATTEL's policy regarding temporary employment at MATTEL including, without

22   limitation, all DOCUMENTS, including agreements and contracts, that describe,

23   discuss, govern, control, regulate or limit how and to what extent a person employed

24   part-time at MATTEL is allowed, or not allowed, to work for him or herself or other

25   companies or entities, including MGA, while employed by MATTEL.

26

27

28

EXHIBIT _____3_____          71          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____114_____

**REQUEST NO. 268.:**

All hard drives and back-up data, no matter how stored, for all computers used by BRYANT while employed by MATTEL, to the extent such drives and back-up data contain data made or accessed by, sent to or received by BRYANT.

**REQUEST NO. 269.:**

All DOCUMENTS that constitute, evidence, describe, depict, refer or relate to any art work or other work product done by YOU that YOU contend BRYANT utilized or used in connection with his creation of anything for MGA, including, without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 270.:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession that were exchanged between BRYANT and Anne Wang.

**REQUEST NO. 271.:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession that were exchanged between BRYANT and MGA.

**REQUEST NO. 272.:**

All non-privileged DOCUMENTS and COMMUNICATIONS mentioning, discussing, referring or relating to the "product licensing" and "Licensor Approval Form" that is described at entries numbers 8, 9, 10 and 11 on Mattel's privilege log including, without limitation, the Licensor Approval Form.

**REQUEST NO. 273.:**

All non-privileged DOCUMENTS and COMMUNICATIONS constituting, mentioning, discussing, referring or relating to the "packaging" described at entries numbers 20 and 21 on Mattel's privilege log.

EXHIBIT _____ 3 _____   72      MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE ____ 115

1

**REQUEST NO. 274.:**

2

3       All DOCUMENTS referring or relating to the creation, design, development,

4    actual sale, proposed sale, actual marketing, proposed marketing, patent, trademark,

5    trade dress, copyright or other intellectual property rights in, to or of the feet, shoes or

6    skates of the "Barbie" on roller skates or roller-blades that is disclosed in the

        documents that MATTEL produced in this action.

7

**REQUEST NO. 275.:**

8

9       All DOCUMENTS evidencing whether and how BRYANT had access to, knew

10   of, saw, or worked on the creation, design or development of the feet, shoes or skates

11   of the "Barbie" on roller skates or roller blades that is disclosed in the documents that

12   MATTEL produced in this action.

13

**REQUEST NO. 276.:**

14

15      All DOCUMENTS evidencing whether the "Barbie" on roller skates or roller

16   blades that is disclosed in the documents that MATTEL produced in this action was

        ever marketed or sold.

17

**REQUEST NO. 277.:**

18

19      All DOCUMENTS mentioning, discussing, referring or relating to the July 18,

20   2003 Wall Street Journal article in which MATTEL employees and ex-employees are

21   said to be quoted or paraphrased.

22

**REQUEST NO. 278.:**

23

24      All DOCUMENTS naming or otherwise identifying the persons interviewed for

25   the July 18, 2003 Wall Street Journal article in which MATTEL employees and ex-

        employees are said to be quoted or paraphrased.

26

27

28

EXHIBIT _____ 3

PAGE _____ 114

73    MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 279.:**

All DOCUMENTS received from any third-party in response to any subpoena in this case including, without limitation, Empire Bank, the Mattel Federal Credit Union, Alaska Momma, LA Focus and any SBC entity.

**REQUEST NO. 280.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from September 1995 through April 1998, and then again from January 1999 through October 2000, as a product designer at Mattel's design center in El Segundo, California."

**REQUEST NO. 281.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to MATTEL's form "Employee Confidential Information and Inventions Agreement" mentioned in paragraph 10 of the COMPLAINT, its terms and conditions, the interpretation of its terms and conditions, and the enforcement of its terms and conditions, including, without limitation, all draft and final versions and iterations of the Agreement, all DOCUMENTS referring or relating to any discussions or negotiations between MATTEL and anyone regarding the terms or conditions of any version of the Agreement, and all DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to any instance in which MATTEL has taken any action whatsoever to enforce any term of any version of the Agreement against anyone, including by litigation, arbitration, formal or informal notice, or any other form of action.

74                  MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT _____3_____

PAGE _____117_____

**REQUEST NO. 282.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to any negotiations between MATTEL and any employee or prospective employee regarding or concerning any term of MATTEL's form "Employee Confidential Information and Inventions Agreement."

**REQUEST NO. 283.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential Information and Inventions Agreement "upon starting his second term of employment by Mattel, and as a condition of and in consideration for his employment."

**REQUEST NO. 284.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to MATTEL's form "Conflict of Interest Questionnaire" mentioned in paragraph 11 of the COMPLAINT, its terms and the interpretation of its terms, and the enforcement of its terms and conditions, including, without limitation, all draft and final versions and iterations of the Questionnaire, all DOCUMENTS referring or relating to any discussions or negotiations between MATTEL and anyone regarding the terms of any version of the Questionnaire, and all DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to any instance in which MATTEL has taken any action whatsoever against anyone based on any term of or disclosure provided by way of the Questionnaire, including by litigation, arbitration, formal or informal notice, or any other form of action.

**REQUEST NO. 285.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to any negotiations between MATTEL and

EXHIBIT _____3_____

PAGE _____118_____

75                    MGA'S FIRST SET OF DOCUMENT REQUESTS

1   any employee or prospective employee regarding or concerning any term of

2   MATTEL's form "Conflict of Interest Questionnaire."

3   **REQUEST NO. 286.:**

4

5   All DOCUMENTS supporting, refuting, or evidencing the allegation in

6   paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned that

7   Bryant had secretly aided, assisted and worked for a Mattel competitor."

8   **REQUEST NO. 287.:**

9   All DOCUMENTS supporting, refuting, or evidencing the allegation in

10   paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel,

11   Bryant and the other defendants converted, misappropriated and misused Mattel

12   property and resources," and the allegation that the "property and resources" were

13   "converted, misappropriate and misused" for "the benefit of, and to aid and assist,

14   Bryant personally and Mattel's competitor."

15   **REQUEST NO. 288.:**

16

17   All DOCUMENTS supporting, refuting, or evidencing the allegation in

18   paragraph 13 of the COMPLAINT that "Bryant" made "affirmative

19   misrepresentations to Mattel management upon his departure from Mattel, including,

20   without limitation, all DOCUMENTS constituting, mentioning, discussing,

21   describing, referring or relating to the alleged misrepresentations and all

22   DOCUMENTS evidencing what the alleged misrepresentations were, when they were

23   made and to whom they were made.

24   **REQUEST NO. 289.:**

25   All DOCUMENTS constituting, evidencing, referring or relating to any exit

26   interview in which BRYANT participated.

27

28

EXHIBIT _____3_____          76          MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____119_____

**REQUEST NO. 290.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that Bryant had worked for the competitor while still employed by Mattel until late November 2003."

**REQUEST NO. 291.:**

All DOCUMENTS evidencing how, when and under what circumstances Mattel received "through an unrelated legal action, a copy of Bryant's agreement with the competitor," as alleged in paragraph 13 of the COMPLAINT.

**REQUEST NO. 292.:**

All DOCUMENTS mentioning, referring or relating to the "unrelated legal action" described in paragraph 13 of the COMPLAINT.

**REQUEST NO. 293.:**

All DOCUMENTS that YOU received "through" the "unrelated legal action" described in paragraph 13 of the COMPLAINT including, without limitation, the "copy of Bryant's agreement with the competitor."

**REQUEST NO. 294.:**

All DOCUMENTS, including, without limitation, all contracts, agreements and drafts, that YOU or YOUR attorneys have exchanged with, between or among any person or entity that is a party to the "unrelated legal action" described in paragraph 13 of the COMPLAINT, or their counsel.

**REQUEST NO. 295.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation that

EXHIBIT _____3_____

PAGE _____120_____

77          MGA'S FIRST SET OF DOCUMENT REQUESTS

"other defendants have unlawfully aided and abetted his violation of such duties," and the allegation that "each of the defendants has been unjustly enriched and engaged in acts of conversion."

**REQUEST NO. 296.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 17 of the COMPLAINT that the "Employment Agreement and the Conflict Questionnaire are valid, enforceable contracts.".

**REQUEST NO. 297.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 17 of the COMPLAINT that "Mattel has performed each and every term and condition of the Employment Agreement and Conflict Questionnaire required to be performed by Mattel."

**REQUEST NO. 298.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future continue to suffer damages."

**REQUEST NO. 299.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "amounts paid by the competitor to Bryant during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 300.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "amounts paid by the competitor to Bryant as result of the work he performed for the competitor during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT _____ 3 _____

PAGE _____ 121 _____

**REQUEST NO. 301.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of information and intellectual property owned by Mattel which Bryant provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 302.:**

All DOCUMENTS constituting, evidencing, describing, showing or depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 303.:**

All patents, copyright registrations, and trademark registrations covering or relating to the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship and inventorship including, without limitation, any assignments or licenses for or to the alleged property.

**REQUEST NO. 304.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant during the time he was employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 305.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant as a result of the work he performed for the competitor during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

EXHIBIT _____3_____

PAGE _____122_____

79                              MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 306.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable injury to Mattel."

**REQUEST NO. 307.:**

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature, extent and substance of the "irreparable injury" alleged in paragraph 20 of the COMPLAINT.

**REQUEST NO. 308.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that "Bryant held a position of trust and confidence with Mattel."

**REQUEST NO. 309.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT hold or held positions of trust and confidence with MATTEL.

**REQUEST NO. 310.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's proprietary and confidential information."

**REQUEST NO. 311.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT had or have access to MATTEL's proprietary and confidential information.

EXHIBIT _____3_____       80       MGA'S FIRST SET OF DOCUMENT REQUESTS

PAGE _____123_____

**REQUEST NO. 312.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 229 of the COMPLAINT that "Bryant. . . was entrusted with Mattel's proprietary and confidential information."

**REQUEST NO. 313.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT were or are entrusted with MATTEL's proprietary and confidential information.

**REQUEST NO. 314.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "supervised the work of others.

**REQUEST NO. 315.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT supervised or supervise the work of others.

**REQUEST NO. 316.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of his job assignments and duties."

**REQUEST NO. 317.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT exercised or exercise discretion in their job assignments and duties.

EXHIBIT _____3_____

PAGE _____124_____

81          MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 318.:**

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature and scope of Bryant's "job assignments and duties" as alleged in paragraph 22 of the COMPLAINT.

**REQUEST NO. 319.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "worked independently in many of his job assignments and duties."

**REQUEST NO. 320.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT worked or work independently in their job assignments and duties.

**REQUEST NO. 321.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings with third parties."

**REQUEST NO. 322.:**

All DOCUMENTS evidencing all instances in which BRYANT represented MATTEL in any dealing with any third party.

**REQUEST NO. 323.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT represented or represent MATTEL in its dealings with third parties.

EXHIBIT _____3_____

PAGE _____125_____

82        MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 324.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his employment with Mattel, was an agent of Mattel," including, without limitation, all DOCUMENTS evidencing, describing, discussing, mentioning, referring or relating to the nature and scope of the alleged agency.

**REQUEST NO. 325.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct and proximate result of defendants' wrongful conduct."

**REQUEST NO. 326.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and oppression."

**REQUEST NO. 327.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel property, resources and opportunities for the benefit of, and to aid and assist, themselves."

**REQUEST NO. 328.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel property" mentioned in paragraph 36 of the COMPLAINT.

EXHIBIT _____3_____

PAGE _____124_____

83          MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 329.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel . . . resources" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 330.:**

All DOCUMENTS identifying, evidencing or describing the "used and diverted . . . opportunities" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 331.:**

All DOCUMENTS estimating, calculating, determining or evidencing the amount by which "Defendants have been unjustly enriched" as alleged in paragraph 36 of the COMPLAINT.

**REQUEST NO. 332.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing, depicting, discussing, mentioning, referring and relating to the "ideas, concepts, rights designs, proprietary information, and other intellectual property and intangible property created by Bryant" alleged to be the "property of Mattel" in paragraph 41 of the COMPLAINT.

Dated: January 31, 2004

DIANA M. TORRES
PAULA E. AMBROSINI
ALICIA C. MEYER
O'MELVENY & MYERS LLP

Paula E. Ambrosini,
Attorneys for MGA Entertainment, Inc.

EXHIBIT ____3____

PAGE ____127____

84                    MGA'S FIRST SET OF DOCUMENT REQUESTS

1

**PROOF OF SERVICE**

2

I, Suzanne I. Jimenez, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On January 31, 2005, I served the within document:

4

5

**MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

6

7

⊠

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

8

9

10

11

⊠

by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

12

13

14

15

Michael T. Zeller                    **VIA HAND-DELIVERY**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

16

17

18

19

Keith Jacoby                         **VIA REGULAR MAIL**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

20

21

22

23

24

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

25

26

Executed on January 31, 2005, at Los Angeles, California.

27

28

Suzanne I. Jimenez

EXHIBIT _____3_____

PAGE _____128_____