DIANA M. TORRES (S.B. #162284)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., a Delaware Corporation, and DOES 1-10, Defendants. | Case No. CV 04-09049 SGL (RNBx) <br><br> **MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____4____

PAGE ____129____

11-22

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | ONE |
| 4 | NOS. | 1-115 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all documents and tangible things described, in accordance with the Definitions and Instructions set forth below, on December 22, 2006, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

**DEFINITIONS**

As used in these Requests:

1.    "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK," "LIL' BRATZ," "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ."

2.    "BRATZ CONCEPT" means and refers to each "BRATZ"-related image, drawing, picture, sculpt, mold, prototype and any other form of artwork predating the FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's testimony and produced by Mr. Bryant in *Mattel v. Bryant,* now part of consolidated Case No. CV 04-09049 SGL (RNBx), bearing Bates serial numbers

- 1 -

EXHIBIT _____4_____

PAGE _____130_____

1    Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216;

2    00218; 00341; 00972; 01014; and 01116-01118.

3       3.    "FIRST BRATZ DOLLS" means and refers to each image, character,

4    logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

5    ever been manufactured, marketed or sold by MGA, or others under license, as part

6    of a line of goods or merchandise commonly known as, or sold and marketed under

7    the "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe,"

8    SKU 248521; "Bratz Cloe," SKU 248538; "Bratz Jade," SKU 248545; "Bratz

9    Sasha," SKU 248552; "Bratz Yasmin," SKU 248569; "Bratz Pajama Power

10    Fashion," SKU 248576; "Bratz Study Hall Fashion," SKU 248583; and "Bratz

11    Dynamite Dance Fashion," SKU 248682.

12       4.    "BRATZ DOLLS" means and refers to each image, character, logo,

13    doll, toy, accessory, product, packaging or other thing or matter that is or has ever

14    been manufactured, marketed or sold by MGA, or others under license, as part of a

15    line of goods or merchandise commonly known as, or sold and marketed under the

16    "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS," "LIL'

17    BRATZ," "BRATZ PETZ," and "BRATZ BABYZ" and including, without

18    limitation, the styling head commonly known as or sold and marketed as the "Bratz

19    Funky Fashion Make Over" styling head, and specifically including, without

20    limitation, the images, characters, dolls, playsets and other products and toys called

21    or referred to as, or named or marketed in association with the names "Cloe,"

22    "Jade," "Sasha," "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron,"

23    "Dylan," "Eitan," "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada,"

24    "Mikko," "Colin," "Deavon," "Lakin," "Flaunt It," "Beach Party," "Micro

25    Bratz," "Xpress It," "Bratz Boyz," "Funk 'n' Glow," "Funky Fashion Makeover,"

26    "Holiday Bratz – Sweetheart," "Holiday Bratz – Spring Fling," "Holiday Bratz –

27    Independence Dance," "Slumber Party," "Strut It," "Spring Break," "Formal

28    Funk," "Bratz Boyz Formal Funk," "Wintertime Wonderland," "Style It!," "Funk

- 2 -       MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT   4

PAGE   131

Out!," "Sun-Kissed Summer," "Girls Nite Out!," "Wild Life Safari," "Forever Diamondz," "Rock Angelz," "Genie Magic," "Ice Champions," "Bratz Rodeo," "Bratz Play Sportz," "Bratz Boyz Play Sportz," "Bratz Baby Sitter," "Bratz Princess," "Bratz Boyz Prince," "Bratz Boyz Twiinz," "Bratz Class," "Bratz Costume Party," "Bratz Fit It!," "Bratz Holiday Trinity," "Bratz Passion 4 Fashion" and any other released, or yet to be released, BRATZ named character or product theme.

     5.    "BRATZ PACK" means and refers to any collection, compilation or grouping of two or more images, characters or dolls that are or have ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including, without limitation, the collection, compilation or grouping of four female images, characters or dolls individually named, called or referred to as "Bratz Cloe," "Bratz Jade," "Bratz Sasha," and "Bratz Yasmin" and any other similar collection, compilation or grouping of two or more images, characters or dolls, male or female, and specifically including, without limitation, the images, characters and dolls called or referred to as, or named or marketed in association with the names "Cloe," "Jade," "Sasha," "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron," "Dylan," "Eitan," "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada," "Mikko," "Colin," "Deavon," "Lakin," "Alek," "Zack," "Sharidan," "Bebe," "Roxxi," "Vinessa," "Maribel," "Lilee," "Katia," "Phoebe," "Leah," "Kiani," "Lilani," "Lana," "Alicia," "Krysta," "Lela," "Rina," "Sorya," "and any other released, or yet to be released, "BRATZ" character.

     6.    "LIL' BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the

- 3 -

MGA'S FIRST SET OF REQUESTS FOR THE<br/>PRODUCTION OF DOCUMENTS AND THINGS



EXHIBIT _____

PAGE _____ 132

1  "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

2  or identified as "LIL' BRATZ," and specifically including, without limitation, the

3  images, characters, dolls, playsets and other products and toys called or referred to

4  as, or named or marketed in association with the names "Cloe," "Yasmin,"

5  "Sasha," "Jade," "Ailani," "Nazalia," "Talia," "Zada," "Lil' Boyz," "Cameron,"

6  "Dylan," "Eitan," "Koby," "Mikko," "Colin," "Deavon," "Lakin," "Lil' Bratz

7  Slumber Party," "Lil' Bratz Tote," "Lil' Bratz Spring Break," "Lil Bratz

8  Dancefloor Funk," "Lil' Boyz Dancefloor Funk," and any other released, or yet to

9  be released, LIL' BRATZ character or product theme.

10       7.    "BRATZ PETZ" means and refers to each image, character, logo, doll,

11  toy, accessory, product, packaging or other thing or matter that is or has ever been

12  manufactured, marketed or sold by MGA, or others under license, as part of a line

13  of goods or merchandise commonly known as, or sold and marketed under the

14  "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

15  or identified as "BRATZ PETZ," and specifically including, without limitation, the

16  images, characters and toys called or referred to as, or named or marketed in

17  association with the names, "Bratz Petz Catz," "Brigitte," "Jolie," "Kendall,"

18  "Daphne," "Bratz Petz Tokyo Catz," "Kyoto," "Cho," "Nami," "Yukiko," "Bratz

19  Petz Foxz," "Carly," "Reilly," "Shayna," "Bree," "Bratz Petz Dogz," "Shae,"

20  "Kali," "Pilar," "Abby," and any other released, or yet to be released, BRATZ

21  PETZ character or product theme.

22       8.    "BRATZ BABYZ" means and refers to each image, character, logo,

23  doll, toy, accessory, product, packaging or other thing or matter that is or has ever

24  been manufactured, marketed or sold by MGA, or others under license, as part of a

25  line of goods or merchandise commonly known as, or sold and marketed under the

26  "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

27  or identified as "BRATZ BABYZ," and specifically including, without limitation,

28  the images, characters and dolls called or referred to as, or named or marketed in

- 4 -                    MGA'S FIRST SET OF REQUESTS FOR THE
                        PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____4____

PAGE ____183____

1  association with the names, "Cloe," "Sasha," "Jade," "Yasmin," and any other

2  released, or yet to be released, BRATZ BABYZ character or product theme.

3      9.   "BRATZ BOYZ" means and refers to each male image, character,

4  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

5  ever been manufactured, marketed or sold by MGA, or others under license, as part

6  of a line of goods or merchandise commonly known as, or sold and marketed under

7  the "Bratz" trademark or trade dress and commonly labeled, called, referred to,

8  named or identified as "BRATZ BOYZ," and specifically including, without

9  limitation, the images characters, dolls, playsets and other products and toys called

10  or referred to as, or named or marketed in association with the names "Cameron,"

11  "Dylan," "Eitan," "Koby," "Cade," "Mikko," "Colin," "Deavon," "Lakin,"

12  "Alek," "Zack," "Bratz Boyz Formal Funk," "Boyz Funk Out!," "Boyz Sun-

13  Kissed Summer," "Bratz Boyz Twiinz," "Bratz Boyz Prince," "Bratz Boyz Sportz

14  and any other released, or yet to be released BRATZ BOYZ character or product

15  theme.

16      10.   "BRYANT" means Carter Bryant.

17      11.   "COMMUNICATION[S]" means any transmission of information

18  from one person or entity to another, including, without limitation, by personal

19  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

20  that encompasses information relating in any way to communications to, from or

21  within a business or corporate entity is hereby designated to mean, and should be

22  construed to include, all communications by and between representatives,

23  employees, agents or servants of the business or corporate entity.

24      12.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

25  Civil Procedure 34, and shall be construed in the broadest sense to mean any and

26  all writings, tangible things and property, of any kind, that are now or that have

27  been in YOUR actual or constructive possession, custody or control, including, but

28  not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

- 5 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS



EXHIBIT ___4___

PAGE ___134___

1  punched, copied, recorded, transcribed, graphic or photographic matter of any kind
2  or nature, in, through, or from which information may be embodied, translated,
3  conveyed or stored, whether an original, a draft or copy, however produced or
4  reproduced, whether sent or received or neither, including, but not limited to,
5  notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,
6  reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,
7  work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost
8  sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase
9  orders, telephone records, telegrams, telexes, literature, invoices, contracts,
10 purchase orders, estimates, recordings, transcriptions of recordings, records,
11 books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,
12 video, audio and digital recordings, television commercials, story boards, website
13 or other spot advertisements, movies, movie trailers, prototypes, products, diaries,
14 calendars, charts, drawings, sketches, messages, photographs and data contained in
15 or accessible through any electronic data processing system, including, but not
16 limited to, computer databases, data sheets, data processing cards, computer files
17 and tapes, computer disks, CD-ROMs, computer meta-data, microfilm,
18 microfiche, electronic mail, website and web pages and transcriptions thereof and
19 all other memorializations of any conversations, meetings and conference, by
20 telephone or otherwise.  The term DOCUMENT also means every copy of a
21 DOCUMENT, where such copy is not an identical duplicate of the original,
22 whether because of deletions, underlinings, showing of blind copies, initialing,
23 signatures, receipt stamps, comments, notations, differences in stationery or any
24 other difference or modification of any kind.

25     13.   "MARKET RESEARCH" means any type of research, study, survey
26 or analysis of consumers or potential consumers of a product or potential product
27 including, without limitation, focus groups, consumer surveys, market analyses,
28 behavioral analyses and consumer research.

- 6 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____4____

PAGE ____135____

14. "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

15. "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

16. "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

17. "MGA PRODUCTS" means any and all products offered for sale by MGA Entertainment, Inc. including, without limitation, "Bratz," "4-Ever Best Friends," "Alien Racers," and "Miuchiz."

18. "MY SCENE" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by Mattel, or others under license by Mattel, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "My Scene."

19. "COMPLAINT" means the complaint filed April 13, 2005 in *MGA Entertainment, Inc. v. Mattel, Inc.*, CV 05-02727.

20. "ANSWER" means the answer filed May 13, 2005 in *MGA Entertainment, Inc. v. Mattel, Inc.*, CV 05-02727.

21. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers

- 7 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___136___

1   and directors and any one else acting on its, his or her behalf, pursuant to its, his or

2   her authority or subject to its, his or her control.

3       22.   "REFERRING OR RELATING TO" should be construed in the

4   broadest possible sense to mean concerning, consisting of, referring to, relating to,

5   describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

6   pertaining to, citing, summarizing, analyzing or bearing any logical or factual

7   connection with the matter requested or described.

8       23.   The singular form includes the plural, and vice versa.

9       24.   The terms "any" and "all" are interchangeable.

10      25.   The terms "and" and "or" shall be construed disjunctively and

11  conjunctively, and each shall include the other whenever such dual construction

12  will serve to bring within the scope of any interrogatory, information that would

13  otherwise not be within its scope.

14               **INSTRUCTIONS**

15      1.   YOU are instructed to produce all non-privileged DOCUMENTS in

16  YOUR possession, custody or control.  A document is in YOUR "possession,

17  custody, or control" if it is in YOUR physical possession, or if, as a practical

18  matter, YOU have the right, upon request, to obtain possession of the DOCUMENT

19  or a copy thereof from another person or entity who has physical possession of the

20  DOCUMENT.

21      2.   If any DOCUMENT or category of DOCUMENTS is not produced in

22  full, please state with particularity the reason or reasons it is not being produced in

23  full, and describe, to the best of YOUR knowledge, information and belief, and

24  with as much particularity as possible, the DOCUMENT or portions of the

25  DOCUMENT that are not being produced.

26      3.   Each DOCUMENT is to be produced as it is kept in the usual course

27  of business, including all file folders, binders, notebooks, and other devices by

28  which such DOCUMENTS may be organized or separated.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___137___

4. If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

    (a) The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b) The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c) A general description of the subject matter of the DOCUMENT;

    (d) The basis of any claim of privilege; and

    (e) If work-product is asserted, the proceeding for which the DOCUMENT was created.

5. For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a) The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b) The person or entity, if any, who has possession, custody or control or, if unknown, so state;

    (c) If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.* destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

6. These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

- 9 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____4____

PAGE ____138____

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "MY SCENE" including, without limitation, the purpose for which "MY SCENE" products were created.

**REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO the initial design and development of "MY SCENE" dolls as identified in paragraph 34 of the COMPLAINT, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos.

**REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO the initial design and development of the doll YOU refer to as "a Mattel doll character called BARBIE" as asserted in paragraph 25 of YOUR ANSWER responding to paragraph 34 of the COMPLAINT, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos.

**REQUEST NO. 4:**

All DOCUMENTS REFERRING OR RELATING TO consideration being given to changing the appearance, including but not limited to DOCUMENTS REFERRING OR RELATING TO sculpts, face paint, and eye design, of the "MY SCENE" dolls, as identified in paragraph 34 of the COMPLAINT, to the appearance as identified in paragraphs 37-40 of the COMPLAINT.

**REQUEST NO. 5:**

Photographs or pictures sufficient to illustrate every variation or version of "MY SCENE" dolls ever released as a commercial product, including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts.

- 10 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___139___

**REQUEST NO. 6:**

Photographs or pictures sufficient to illustrate every variation or version of "MY SCENE" dolls considered by YOU but never released as a commercial product, including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts.

**REQUEST NO. 7:**

All DOCUMENTS REFERRING OR RELATING TO changes to "MY SCENE" from the appearance as identified in paragraph 34 of the COMPLAINT to the appearance as identified in paragraphs 37-40 of the COMPLAINT including, without limitation, the sculpt, face paint plans or designs, eye designs, ideas, and drafts.

**REQUEST NO. 8:**

All DOCUMENTS which support YOUR assertions in paragraphs 27 and 30 of YOUR ANSWER regarding dolls identified in paragraphs 37 and 40 of the COMPLAINT.

**REQUEST NO. 9:**

All DOCUMENTS which support YOUR assertions in paragraphs 28 and 29 of YOUR ANSWER regarding eye designs identified in paragraphs 38 and 39 of the COMPLAINT.

**REQUEST NO. 10:**

All DOCUMENTS REFERRING OR RELATING TO the design, development, themes, conception or creation of the packaging or artwork of "MY SCENE" including without limitation, the motivation, purpose, or inspiration for the packaging or artwork.

**REQUEST NO. 11:**

All DOCUMENTS REFERRING OR RELATING TO the development of the product design trade dress or packaging trade dress of "MY SCENE," including but not limited to the total image, design and appearance of the "MY SCENE"

- 11 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 4

PAGE 140

1  product, as well as features of the "MY SCENE" product such as size, shape, color,
2  color combinations, texture or graphics, or anything else MATTEL considers to be
3  its proprietary trade dress of "MY SCENE," and any changes thereto.

4  **REQUEST NO. 12:**

5      DOCUMENTS sufficient to show any position MATTEL has taken with
6  respect to its claimed trade dress in connection with any "MY SCENE" product,
7  including but not limited to internal COMMUNICATIONS, COMMUNICATIONS
8  with third parties, trademark applications and related DOCUMENTS, filings in
9  judicial proceedings or regulatory filings.

10  **REQUEST NO. 13:**

11      All DOCUMENTS REFERRING OR RELATING TO any MARKET
12  RESEARCH, projections or plans pertaining to the release of "MY SCENE" to the
13  market.

14  **REQUEST NO. 14:**

15      All DOCUMENTS REFERRING OR RELATING TO the creation or
16  development of the "Chillin' Out!," "Night on the Town," "Jammin' in Jamaica,"
17  "Guava Gulch Tiki Lounge," "Sound Lounge," and "My Bling Bling" (including
18  without limitation "My Bling Bling with Real Gem" and "My Bling Bling with
19  Real Diamond") themes including but not limited to DOCUMENTS showing when
20  and how they were first conceived and any awareness by MATTEL of similar or
21  proposed MGA themes.

22  **REQUEST NO. 15:**

23      All DOCUMENTS REFERRING OR RELATING TO the timing or plans
24  for release of the "MY SCENE" themes "Chillin' Out!," "Night on the Town,"
25  "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and "My
26  Bling Bling" (including without limitation "My Bling Bling with Real Gem" and
27  "My Bling Bling with Real Diamond").

28

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____141_____

1   **REQUEST NO. 16:**

2   All DOCUMENTS REFERRING OR RELATING TO the "BRATZ" themes

3   including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz Rodeo,"

4   "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky Fashion

5   Makeover," "Wintertime Wonderland," and "Sun Kissed Summer" before they

6   were advertised or otherwise made publicly available.

7   **REQUEST NO. 17:**

8   All DOCUMENTS REFERRING OR RELATING TO "BRATZ," or

9   showing any awareness by MATTEL of "BRATZ," prior to the January 2001 Hong

10   Kong toy fair.

11   **REQUEST NO. 18:**

12   All DOCUMENTS REFERRING OR RELATING TO any "BRATZ"

13   product or theme as an inspiration or factor in the development of any "MY

14   SCENE" product.

15   **REQUEST NO. 19:**

16   All DOCUMENTS REFERRING OR RELATING TO the packaging of

17   "BRATZ, including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz

18   Rode," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky

19   Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer."

20   **REQUEST NO. 20:**

21   All DOCUMENTS REFERRING OR RELATING TO any similarity or

22   dissimilarity between "BRATZ" and "MY SCENE" packaging, including without

23   limitation, advertising (including commercials), color schemes, product display,

24   shape, and the transparent style of packaging.

25   **REQUEST NO. 21:**

26   All DOCUMENTS REFERRING OR RELATING TO any similarity or

27   dissimilarity between "BRATZ" and "MY SCENE," including without limitation,

28   themes, accessories, clothing, and shoes.

- 13 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 4

PAGE 142

**REQUEST NO. 22:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "BRATZ" and "MY SCENE" dolls, including without limitation, feet, hair, removable heads, face paint, eye design, head size, body proportions, and any other physical attributes.

**REQUEST NO. 23:**

All DOCUMENTS REFERRING OR RELATING TO whether the appearance of "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**REQUEST NO. 24:**

All DOCUMENTS REFERRING OR RELATING TO whether the appearance of "BRATZ" copies, replicates, or in any way imitates the appearance of "MY SCENE."

**REQUEST NO. 25:**

All DOCUMENTS REFERRING OR RELATING TO whether "MY SCENE" infringes or potentially infringes the copyrights, trademarks, or trade dress of "BRATZ."

**REQUEST NO. 26:**

All DOCUMENTS REFERRING OR RELATING TO whether "BRATZ" infringes or potentially infringes the copyrights, trademarks, or trade dress of "MY SCENE."

**REQUEST NO. 27:**

All DOCUMENTS REFERRING OR RELATING TO actual or potential consumer confusion between any "MY SCENE" product and any "BRATZ" product.

**REQUEST NO. 28:**

All MATTEL product catalogs, sell sheets and product information sheets that include "MY SCENE" products, from 2001 to the present.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____9_____

PAGE _____143_____

**REQUEST NO. 29:**

DOCUMENTS sufficient to show all iterations of the www.myscene.com, www.myscene.everythinggirl.com, or http://myscene.everythinggirl.com websites.

**REQUEST NO. 30:**

All DOCUMENTS REFERRING OR RELATING TO any exhibition, or proposed, offered or requested exhibition, of "BRATZ" prior to its release to the public.

**REQUEST NO. 31:**

All DOCUMENTS REFERRING OR RELATING TO whether MATTEL had access to any exhibits, displays or show rooms containing any of MGA's "BRATZ" lines prior to its release to the public.

**REQUEST NO. 32:**

All COMMUNICATIONS between YOU and YOUR sales personnel REFERRING OR RELATING TO any alteration, manipulation or change of displays or retail spacing of MGA's PRODUCTS.

**REQUEST NO. 33:**

All COMMUNICATIONS between YOU and any merchandiser REFERRING OR RELATING TO any alteration, manipulation or change of displays or retail spacing of MGA's PRODUCTS.

**REQUEST NO. 34:**

All COMMUNICATIONS between YOU and NPD Group, Inc., including NPD Funworld, ("NPD Funworld") REFERRING OR RELATING TO MGA's subscription to NPD Funworld data, including but not limited to the termination thereof.

**REQUEST NO. 35:**

All COMMUNICATIONS between YOU and NPD Funworld REFERRING OR RELATING TO any alleged misuse of NPD Funworld data by MGA.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___144___

**REQUEST NO. 36:**

All COMMUNICATIONS between YOU and NPD Funworld REFERRING OR RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but not limited to COMMUNICATIONS as alleged in paragraphs 85 and 86 of the COMPLAINT.

**REQUEST NO. 37:**

All COMMUNICATIONS between YOU and the Children's Advertising Review Unit REFERRING OR RELATING TO MGA's advertisements, commercials, amendments to MGA commercials, or MGA's website, including but not limited to restrictions placed or suggested to be placed on any of the foregoing.

**REQUEST NO. 38:**

All COMMUNICATIONS between YOU and the Children's Advertising Review Unit REFERRING OR RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the COMPLAINT.

**REQUEST NO. 39:**

All DOCUMENTS supporting YOUR assertion of "MGA's violations of the Children's Advertising Review Unit standards" as set forth in paragraph 80 of YOUR ANSWER.

**REQUEST NO. 40:**

All COMMUNICATIONS between YOU and the Toy Industry Association REFERRING OR RELATING TO the voting procedure or rules pertaining to the People's Choice Toy of the Year Award from 2001 to the present.

**REQUEST NO. 41:**

All COMMUNICATIONS between Neil Friedman and anyone REFERRING OR RELATING TO the voting procedure or rules pertaining to the People's Choice Toy of the Year Award from 2001 to the present as alleged in paragraph 94 of the COMPLAINT.

- 16 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT __4__

PAGE __145__

**REQUEST NO. 42:**

All COMMUNICATIONS between YOU and the Toy Industry Association REFERRING OR RELATING TO MGA's sponsorship of the "Kids' Choice Awards" as alleged in paragraph 97 of the COMPLAINT.

**REQUEST NO. 43:**

All DOCUMENTS REFERRING OR RELATING TO any attempt by MATTEL to price "MY SCENE" below "BRATZ" generally or to price any "MY SCENE" product below the price of any corresponding "BRATZ" product.

**REQUEST NO. 44:**

All DOCUMENTS REFERRING OR RELATING TO any attempt by MATTEL to limit the availability or supply of doll hair to MGA or any competitors, at any time since June 2001 as alleged in paragraph 78 of the COMPLAINT.

**REQUEST NO. 45:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's purchase of doll hair, at any time since June 2001.

**REQUEST NO. 46:**

All meeting minutes of YOUR Board of Directors meetings REFERRING OR RELATING TO MGA, LARIAN, BRYANT, or "BRATZ."

**REQUEST NO. 47:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any buyers, merchandisers, general merchandise managers or retailers world wide REFERRING OR RELATING TO whether MGA was giving another United States retailer below-market pricing, or whether MGA was discontinuing one of its lines as alleged in paragraph 79 of the COMPLAINT world wide.

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___146___

**REQUEST NO. 48:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any buyers, merchandisers, general merchandise managers or retailers world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 49:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any suppliers (including but not limited to MATTEL suppliers) world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 50:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any licensees or potential licensees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 51:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any public relations firms world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ 4

PAGE _____ 147

**REQUEST NO. 52:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any member of the press world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 53:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any current MGA employees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 54:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any former MGA employees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 55:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between MATTEL and any former MATTEL employees world wide REFERRING OR RELATING TO "BRATZ," LARIAN or MGA, regarding the origins, design, development, product launch, sales, promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 56:**

All DOCUMENTS REFERRING OR RELATING TO any business dealings between any licensee, supplier, manufacturer, retailer, distributor or merchandiser world wide and MGA.

- 19 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____

PAGE _____ 148

**REQUEST NO. 57:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's business dealings with any licensee, supplier, manufacturer, retailer, distributor or merchandiser world wide to the extent that the DOCUMENT refers, explicitly or implicitly, to the business dealings between that licensee, supplier, manufacturer, retailer, distributor or merchandiser and MGA.

**REQUEST NO. 58:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's business dealings with any licensee, supplier, manufacturer, retailer, distributor or merchandiser world wide to the extent that the DOCUMENT refers, explicitly or implicitly, to the business dealings of that licensee, supplier, manufacturer, retailer, distributor or merchandiser that involve, in any way, "BRATZ" or any MGA PRODUCT world wide.

**REQUEST NO. 59:**

All DOCUMENTS REFERRING OR RELATING TO any interference with or inhibition of the licensing or potential licensing of MGA's products (including but not limited to "BRATZ") world wide or REFERRING OR RELATING TO any limitations or restrictions on any licensee's ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other MGA products world wide.

**REQUEST NO. 60:**

All DOCUMENTS REFERRING OR RELATING TO any third party's licensing or potential licensing of MGA PRODUCTS world wide, or REFERRING OR RELATING TO any licensee's ability to purchase, promote, advertise, develop, design or sell MGA PRODUCTS world wide.

**REQUEST NO. 61:**

All COMMUNICATIONS between YOU and any retailer, sales person or merchandiser world wide REFERRING OR RELATING TO the allocation of shelf space, altering of retail displays, or placement of "BRATZ" in retail stores,

- 20 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____149_____

1   including but not limited to COMMUNICATIONS concerning the placement of

2   "BRATZ" relative to "MY SCENE" products world wide.

3   **REQUEST NO. 62:**

4       All DOCUMENTS, including but not limited to COMMUNICATIONS,

5   REFERRING OR RELATING TO any interference with or inhibition of the sales

6   or potential sales of MGA's products (including but not limited to "BRATZ") or

7   REFERRING OR RELATING TO any limitations or restrictions on any retailer's

8   ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other

9   MGA products world wide.

10  **REQUEST NO. 63:**

11      All DOCUMENTS, including but not limited to COMMUNICATIONS,

12  REFERRING OR RELATING TO any contracts, licenses or agreements between

13  MATTEL and any third party world wide that place any limitations, prohibitions or

14  restriction on that third party's ability to license, manufacture, promote, distribute

15  or sell any MGA products or to supply materials or services to MGA world wide.

16  **REQUEST NO. 64:**

17      All DOCUMENTS, including but not limited to COMMUNICATIONS,

18  REFERRING OR RELATING TO any third party's agreement or decision not to

19  license, manufacture, promote, distribute or sell any MGA products, or supply

20  materials or services to MGA world wide.

21  **REQUEST NO. 65:**

22      All DOCUMENTS, including but not limited to COMMUNICATIONS,

23  REFERRING OR RELATING TO any third party's agreement or decision to limit,

24  restrict, curtail or reduce its license, manufacture, promotion, distribution or sales of

25  any MGA products, or its supply of materials or services to MGA world wide.

26  **REQUEST NO. 66:**

27      All DOCUMENTS, including but not limited to COMMUNICATIONS,

28  REFERRING OR RELATING TO any interference with or inhibition of the supply

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____150_____

1  of goods or services, or the potential supply of goods or services, to MGA or

2  REFERRING OR RELATING TO any limitations or restrictions on any supplier's

3  ability to do business with MGA world wide.

4  **REQUEST NO. 67:**

5      All DOCUMENTS, including but not limited to COMMUNICATIONS,

6  REFERRING OR RELATING TO any interference with or inhibition of the

7  distribution or potential distribution of MGA's products (including but not limited

8  to "BRATZ") or REFERRING OR RELATING TO any limitations or restrictions

9  on any distributor's ability to purchase, promote, advertise, develop, design, or sell

10  "BRATZ" or other MGA products world wide.

11  **REQUEST NO. 68:**

12      All commercials referenced in paragraph 47 of YOUR ANSWER.

13  **REQUEST NO. 69:**

14      All television commercials for "MY SCENE" and DOCUMENTS sufficient

15  to identify all personnel involved in the creation of those commercials.

16  **REQUEST NO. 70:**

17      All studies, analyses, presentations or investigations, including internal

18  studies, analyses, presentations or investigations, REFERRING OR RELATING

19  TO actual or potential market competition between "MY SCENE" and "BRATZ."

20  **REQUEST NO. 71:**

21      All internal studies, analyses, presentations or investigations REFERRING

22  OR RELATING TO the overall market shares and market position of "MY

23  SCENE" and "Barbie", from 2001 to the present.

24  **REQUEST NO. 72:**

25      All studies, analyses, presentations or investigations of the target audience,

26  age groups, market share, or projections for "MY SCENE."

27

28

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____151_____

**REQUEST NO. 73:**

All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for "BRATZ."

**REQUEST NO. 74:**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO "MY SCENE."

**REQUEST NO. 75:**

All DOCUMENTS REFERRING OR RELATING TO whether MATTEL is funding, contributing to, or reimbursing the fees, costs or expenses incurred in connection with any lawsuit involving MGA, to which MATTEL is not a party.

**REQUEST NO. 76:**

All DOCUMENTS REFERRING OR RELATING TO the quality or reputation of "MY SCENE" including, without limitation, accolades or awards for "MY SCENE."

**REQUEST NO. 77:**

All DOCUMENTS REFERRING OR RELATING TO any evaluation, criticism or comparison of "MY SCENE," including in relation to "BRATZ" by any third party.

**REQUEST NO. 78:**

All DOCUMENTS REFERRING OR RELATING TO any evaluation, criticism or comparison of "BRATZ," including in relation to "MY SCENE."

**REQUEST NO. 79:**

All DOCUMENTS evidencing confusion between "BRATZ" and "MY SCENE," including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products or reference to one party's products have been made in lieu of the other party's products.

- 23 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___152___

**REQUEST NO. 80:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel with responsibility, at any time since January 2001, for marketing or MARKET RESEARCH, REFERRING OR RELATING TO "MY SCENE."

**REQUEST NO. 81:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel with responsibility for "MY SCENE" sales, promotions, marketing, packaging, advertising (including but not limited to television commercials), development or design, including without limitation internal departments, teams or organizations with responsibility for any specific retailer, licensee or others in the industry.

**REQUEST NO. 82:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel comprising the primary team that worked on the design and development of the original "MY SCENE" products as identified in paragraph 34 of the COMPLAINT.

**REQUEST NO. 83:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel comprising the primary team that worked on the design and development of the more recent "MY SCENE" products as identified in paragraphs 37 and 38 of the COMPLAINT.

**REQUEST NO. 84:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current MATTEL personnel comprising the primary team currently working on the design and development of "MY SCENE" products.

- 24 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ 4 _____

PAGE _____ 153 _____

**REQUEST NO. 85:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all former MATTEL personnel who were ever a member of the primary team that worked on the design and development of "MY SCENE" products.

**REQUEST NO. 86:**

DOCUMENTS sufficient to describe fully MATTEL's document retention policies (including its policies with respect to the retention or destruction of physical documents, physical objects, samples or specimens, electronic mail and other electronic documents) in effect at any time since January 2001.

**REQUEST NO. 87:**

DOCUMENTS sufficient to describe fully MATTEL's actions to preserve DOCUMENTS in response to the COMPLAINT and the document retention letter from Diana M. Torres, Esq. to Robert Normile, Esq. dated April 16, 2005.

**REQUEST NO. 88:**

DOCUMENTS sufficient to identify all DOCUMENTS REFERRING OR RELATING TO "MY SCENE," "BRATZ," MGA or LARIAN that have been destroyed or discarded since April 16, 2005.

**REQUEST NO. 89:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS with or among third parties concerning this litigation, the allegations in the COMPLAINT, Mattel's responses to or views on the allegations in the COMPLAINT or any alleged improper conduct by MATTEL.

**REQUEST NO. 90:**

All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of "MY SCENE" including, without limitation, MARKET RESEARCH.

- 25 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____154_____

**REQUEST NO. 91:**

All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of MGA's "BRATZ" including, without limitation, MARKET RESEARCH.

**REQUEST NO. 92:**

All "New Toy Status Reports" for "MY SCENE."

**REQUEST NO. 93:**

DOCUMENTS sufficient to indicate when a project number was first assigned to "MY SCENE."

**REQUEST NO. 94:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATION between MATTEL and any participant in any MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE," MGA or "BRATZ."

**REQUEST NO. 95:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS that pertain in any way, explicitly or implicitly, to "BRATZ" between LARIAN, BRYANT, Paula Garcia (a.k.a. Paula Treantafelles), Mercedeh Ward, Victoria O'Connor, or anyone with an email address in the form of _____@mgae.com, on the one hand, and any of the following, on the other hand:

    a)    Ivy Ross

    b)    Lily Martinez

    c)    Cassidy Park

    d)    Margaret Leahy (a.k.a. Margaret Hatch or Margaret Hatch Leahy)

    e)    Elise Cloonan

    f)    Anna Rhee

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____155_____

1        g)    any PERSON formerly or currently employed by MATTEL in

2    marketing, sales, design, or development

3        h)    any PERSON who provided services to MATTEL on a contract or

4    temporary basis in marketing, sales, design, or development

5        i)    any shareholders, directors or officers of MATTEL.

6    **REQUEST NO. 96:**

7        All DOCUMENTS REFERRING OR RELATING TO this lawsuit

8    including, without limitation, COMMUNICATIONS REFERRING OR

9    RELATING TO this lawsuit from any MATTEL executive, anyone that worked on

10    "MY SCENE," or anyone at MATTEL with responsibility for communications

11    with NPD Funworld, Children's Advertising Review Unit, or the Toy Industry

12    Association.

13    **REQUEST NO. 97:**

14        All DOCUMENTS REFERRING OR RELATING TO any

15    COMMUNICATION between MATTEL and any person consulted regarding any

16    fact or issue relating to this lawsuit, including, without limitation, any experts,

17    investigators, or witnesses, excluding privileged COMMUNICATIONS with or on

18    behalf of counsel for MATTEL.

19    **REQUEST NO. 98:**

20        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

21    RELATING TO any COMMUNICATIONS, between YOU on the one hand and

22    any employee, officer, director, agent, representative, or counsel for any competitor

23    of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or

24    other litigation involving the parties hereto or their employees.

25    **REQUEST NO. 99:**

26        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

27    RELATING TO any COMMUNICATIONS, between YOU on the one hand and

28    any employee, officer, director, agent, representative, or counsel for any licensee or

- 27 -

MGA'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____154_____

distributor of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or other litigation involving the parties hereto or their employees.

**REQUEST NO. 100:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any competitor of MGA REFERRING OR RELATING TO claims by MGA against MATTEL, or claims by MATTEL against MGA or its employees.

**REQUEST NO. 101:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any licensee or distributor of MGA REFERRING OR RELATING TO claims by MGA against MATTEL, or claims by MATTEL against MGA or its employees.

**REQUEST NO. 102:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for Nickelodeon REFERRING OR RELATING TO MGA, "BRATZ," or LARIAN.

**REQUEST NO. 103:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for Cartoon Network REFERRING OR RELATING TO MGA, "BRATZ," or LARIAN.

**REQUEST NO. 104:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for 4Kids

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___4___

PAGE ___157___

1  Entertainment, Inc. REFERRING OR RELATING TO MGA, "BRATZ," or

2  LARIAN.

3  **REQUEST NO. 105:**

4      All DOCUMENTS received in response to any requests made by YOU at

5  any time relating to this litigation, other than those produced by BRYANT OR

6  MGA.

7  **REQUEST NO. 106:**

8      All DOCUMENTS tending to support or refute MATTEL's claims, if any,

9  that "BRATZ" copies, replicates, or in any way imitates the appearance of "MY

10  SCENE" or any other MATTEL product.

11  **REQUEST NO. 107:**

12      All COMMUNICATIONS between YOU and any retailer REFERRING OR

13  RELATING TO whether "BRATZ" copies, replicates, or in any way imitates the

14  appearance of "MY SCENE" or any other MATTEL product.

15  **REQUEST NO. 108:**

16      All COMMUNICATIONS between YOU and any retailer REFERRING OR

17  RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates

18  the appearance of "BRATZ."

19  **REQUEST NO. 109:**

20      All COMMUNICATIONS between YOU and any customer REFERRING

21  OR RELATING TO whether "MY SCENE" copies, replicates, or in any way

22  imitates the appearance of "BRATZ."

23  **REQUEST NO. 110:**

24      All COMMUNICATIONS between YOU and any member of the press

25  REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

26  any way imitates the appearance of "BRATZ."

27

28

- 29 -                   MGA'S FIRST SET OF REQUESTS FOR THE
                        PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____4_____

PAGE _____158_____

**REQUEST NO. 111:**

All COMMUNICATIONS between YOU and any supplier REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**REQUEST NO. 112:**

All COMMUNICATIONS between YOU and any other third party REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ".

**REQUEST NO. 113:**

Documents sufficient to identify those persons, by name and title, for the time period from October 1998 through the end of December 2000, associated with the originating telephone numbers contained in the documents produced by YOU in *Mattel v. Bryant*, now part of consolidated Case No. CV 04-09049 SGL (RNBx), with Bates numbers M0001825-M0012534.

**REQUEST NO. 114:**

All DOCUMENTS tending to support or refute any of the denials, allegations or statements in YOUR ANSWER, not produced in response to another Request.

**REQUEST NO. 115:**

All DOCUMENTS tending to support or refute YOUR affirmative defenses to the COMPLAINT, not produced in response to another Request.

Dated: November 22, 2006          O'MELVENY & MYERS LLP

James P. Jenal
Attorneys for MGA Entertainment, Inc.

- 30 -

MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ 4

PAGE _____ 159

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On November 22, 2006, I served the within document(s):

**MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

[x]   by causing to be personally served the document(s) listed above to the person(s) listed below.

John Quinn, Esq.
Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

[x]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Keith A. Jacoby, Esq. | Patricia Glaser, Esq. |
| Littler Mendelson, P.C. | Christensen, Glaser, Fink, Jacobs, |
| 2049 Century Park East, | Weil & Shapiro, LLP |
| Fifth Floor | 10250 Constellation Blvd., |
| Los Angeles, CA 90067 | 19th Floor |
| | Los Angeles, CA 90067 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 22, 2006, at Los Angeles, California.

*Karen A. Nakatsu*
Karen A. Nakatsu

LA2:817525.1

EXHIBIT _____ 9

PAGE _____ 160

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. # 193126)
2  ALICIA C. MEYER (S.B. #230189)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: dtorres@omm.com

6  DALE M. CENDALI (admitted pro hac vice)
   O'MELVENY & MYERS, LLP
7  Times Square Tower
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile: (212) 326-2061

10 Attorneys for Defendant-in-Intervention,
   MGA Entertainment, Inc.

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 MATTEL, INC., a Delaware              Case No.  CV04-9059 NM (RNBx)
   Corporation,
16                                       **MGA'S SECOND SET OF
                                         REQUESTS FOR THE
17                    Plaintiff,         PRODUCTION OF DOCUMENTS
                                         AND THINGS**
18        v.

19 CARTER BRYANT, an individual,        Date Filed:      April 27, 2004
   and MGA ENTERTAINMENT,
20 INC., a California Corporation,      Discovery cut-off:   None

21 Defendant and Defendant-in-
   Intervention.
22

23 AND RELATED
   COUNTERCLAIMS
24

25 PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.
26
   RESPONDING PARTY:      MATTEL, INC.
27
   SET NO.                TWO
28

LA2:753260.3      EXHIBIT ___5___          MGA'S SECOND SET OF REQUESTS FOR THE
                                           PRODUCTION OF DOCUMENTS AND THINGS

                  PAGE ___161___

RECEIVED
APR 1 3 2005

4.15

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant-in-intervention MGA Entertainment, Inc. ("MGA") requests that plaintiff Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 10:00 a.m. on May 13, 2005, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## INSTRUCTIONS

1.      YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.      If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3.      Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4.      If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

LA2:753260.3                                     - 1 -          MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____5_____

PAGE _____162_____

1        (a)   The place, approximate date, and manner of recording, creating

2            or otherwise preparing the DOCUMENT;

3        (b)   The names and organization position, if any, of each author,

4            sender, and recipient of the DOCUMENT;

5        (c)   A general description of the subject matter of the DOCUMENT;

6        (d)   The basis of any claim of privilege; and

7        (e)   If work-product is asserted, the proceeding for which the

8            DOCUMENT was created.

9     5.   For any DOCUMENT or category of DOCUMENTS that was, but no

10  longer is, in YOUR possession, custody or control, please describe each such

11  DOCUMENT as completely as possible and provide the following information:

12       (a)   The reason the DOCUMENT is no longer in YOUR possession,

13           custody or control;

14       (b)   The person or entity, if any, who has possession, custody or

15           control or, if unknown, so state;

16       (c)   If the DOCUMENT was destroyed or otherwise disposed of,

17           state (i) the manner of disposal (*i.e.* destruction, loss, discarding

18           or other means of disposal); (ii) the date of disposal; (iii) the

19           reason for disposal; (iv) the person authorizing disposal; (v) the

20           person disposing of the DOCUMENT; and (vi) the name and

21           address of the most recent custodian of the DOCUMENT

22     6.   These Requests impose a continuing obligation subsequent to your

23  initial production to the full extent provided for in Rule 26(e) of the Federal Rules

24  of Civil Procedure.

25

26

27

28

LA2:753260.3

EXHIBIT    5      - 2 -

PAGE    163

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

**DEFINITIONS**

As used in these Requests:

1.    "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "Lil' Bratz," "Bratz Petz," "Bratz Babyz," and "Bratz Boyz."

2.    "BRATZ CONCEPT" means and refers to each "BRATZ"-related image, drawing, picture, sculpt, mold, prototype and any other form of artwork predating the FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972; 01014; and 01116-01118.

3.    "FIRST BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe", SKU 248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU 248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU 248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance Fashion", SKU 248682.

4.    "BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____5_____

PAGE _____164_____

1   "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS", "Lil'

2   Bratz," "Bratz Petz," and "Bratz Babyz" and including, without limitation, the

3   styling head commonly known as or sold and marketed as the "Bratz Funky

4   Fashion Make Over" styling head, and specifically including, without limitation,

5   the images, characters, dolls, playsets and other products and toys called or referred

6   to as, or named or marketed in association with the names "Cloe", "Jade", "Sasha",

7   "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan",

8   "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin",

9   "Deavon", "Lakin", "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz

10  Boyz", "Funk 'n' Glow", "Funky Fashion Makeover", "Holiday Bratz –

11  Sweetheart", "Holiday Bratz – Spring Fling", "Holiday Bratz – Independence

12  Dance", "Slumber Party", "Strut It", "Spring Break", "Formal Funk", "Bratz Boyz

13  Formal Funk", "Wintertime Wonderland", "Style It!", "Funky Fashion Makeover",

14  "Funk Out!", "Sun-Kissed Summer", "Girls Nite Out!", "Wild Life Safari", and any

15  other released, or yet to be released, BRATZ named character or product theme.

16      5.    "BRATZ PACK" means and refers to any collection, compilation or

17  grouping of two or more images, characters or dolls that are or have ever been

18  manufactured, marketed or sold by MGA, or others under license, as part of a line

19  of goods or merchandise commonly known as, or sold and marketed under the

20  "Bratz" trademark or trade dress including, without limitation, the collection,

21  compilation or grouping of four female images, characters or dolls individually

22  named, called or referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and

23  "Bratz Yasmin" and any other similar collection, compilation or grouping of two or

24  more images, characters or dolls, male or female, and specifically including,

25  without limitation, the images, characters and dolls called or referred to as, or

26  named or marketed in association with the names "Cloe", "Jade", "Sasha",

27  "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan",

28  "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin",

- 4 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 5

PAGE 165

1   "Deavon", "Lakin", and any other released, or yet to be released, BRATZ character.

2       6.    "BRATZ INTELLECTUAL PROPERTY" means all intellectual and

3   industrial property rights in and to BRATZ including, without limitation, all

4   copyrights, patents, trademarks, industrial designs, trade secrets, contract and

5   licensing rights, design rights, moral rights and trade dress rights, in any country of

6   the world.

7       7.    "BRYANT" means defendant Carter Bryant.

8       8.    "COMMUNICATION[S]" means any transmission of information

9   from one person or entity to another, including, without limitation, by personal

10   meeting, conversation, letter, telephone, facsimile or electronic mail. Each request

11   that encompasses information relating in any way to communications to, from or

12   within a business or corporate entity is hereby designated to mean, and should be

13   construed to include, all communications by and between representatives,

14   employees, agents or servants of the business or corporate entity.

15       9.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

16   Civil Procedure 24, and shall be construed in the broadest sense to mean any and all

17   writings, tangible things and property, of any kind, that are now or that have been in

18   YOUR actual or constructive possession, custody or control, including, but not

19   limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

20   punched, copied, recorded, transcribed, graphic or photographic matter of any kind

21   or nature, in, through, or from which information may be embodied, translated,

22   conveyed or stored, whether an original, a draft or copy, however produced or

23   reproduced, whether sent or received or neither, including, but not limited to, notes,

24   memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

25   inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

26   records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

27   estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

28   telephone records, telegrams, telexes, literature, invoices, contracts, purchase

1   orders, estimates, recordings, transcriptions of recordings, records, books,

2   pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

3   and digital recordings, television commercials, story boards, website or other spot

4   advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

5   charts, drawings, sketches, messages, photographs and data contained in or

6   accessible through any electronic data processing system, including, but not limited

7   to, computer databases, data sheets, data processing cards, computer files and tapes,

8   computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

9   mail, website and web pages and transcriptions thereof and all other

10  memorializations of any conversations, meetings and conference, by telephone or

11  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

12  where such copy is not an identical duplicate of the original, whether because of

13  deletions, underlinings, showing of blind copies, initialing, signatures, receipt

14  stamps, comments, notations, differences in stationery or any other difference or

15  modification of any kind.

16      10.   "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff

17  MATTEL, Inc. and any of its past or present officers, directors, agents, employees,

18  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

19  predecessors-in-interest and successors-in-interest, entities and persons acting in

20  joint venture or partnership relationships with YOU and any others acting on

21  YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

22      11.   "MGA" means MGA Entertainment, Inc. and any of its past or present

23  officers, directors, agents, employees, representatives, consultants, attorneys,

24  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

25  in-interest, entities and persons acting in joint venture or partnership relationships

26  with MGA and any others acting on MGA's behalf, pursuant to its authority or

27  subject to its control.

28      12.   "PRAYER ANGELS" means any doll manufactured, marketed, or sold

LA2:753260.3                              - 6 -        MGA'S SECOND SET OF REQUESTS FOR THE
                                                       PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___5___

PAGE _____167_____

1   by MGA, or others under license by MGA, or any portion thereof that is now or has

2   ever been known as, or sold or marketed under, the name "PRAYER ANGEL"

3   (regardless of what such doll is or has been also or previously called) or that is now

4   or has ever been sold or marketed as part of the "PRAYER ANGEL" line, and all

5   prototypes, models, samples and versions of such doll or any portion thereof.

6       13.   The singular form includes the plural, and vice versa.

7       14.   The terms "any" and "all" are interchangeable.

8       15.   The terms "and" and "or" shall be construed disjunctively and

9   conjunctively, and each shall include the other whenever such dual construction

10  will serve to bring within the scope of any Request, DOCUMENTS that would

11  otherwise not be within its scope.

12      16.   As used herein, the terms "relating to" and "referring to" should each

13  be construed in the broadest possible sense to mean concerning, consisting of,

14  referring to, describing, discussing, constituting, evidencing, containing, reflecting,

15  mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or

16  factual connection with the matter discussed.

17

18  ## REQUESTS FOR PRODUCTION

19  **REQUEST NO. 333:**

20      All DOCUMENTS mentioning, referring or relating to the development or

21  release by MGA of PRAYER ANGELS.

22  **REQUEST NO. 334:**

23      All DOCUMENTS mentioning, referring or relating to any dolls developed

24  or produced by MGA and called or referred to therein as "Angel" or "Angels."

25  **REQUEST NO. 335:**

26      All DOCUMENTS mentioning, referring or relating to work Anna Rhee

27  performed for MGA including but not limited to any contracts between MGA and

28  Anna Rhee, the performance of any contracts between MGA and Anna Rhee, any

LA2:753260.3                                    - 7 -        MGA'S SECOND SET OF REQUESTS FOR THE
                                                            PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____5____

PAGE ____168____

1  invoices pertaining to work done by Anna Rhee for MGA, any purchase orders

2  pertaining to work done by Anna Rhee for MGA, any descriptions of projects for

3  MGA pertaining to work done by Anna Rhee for MGA, any photographs, sketches,

4  drawings, copies or other replicas or tangible things of any work Anna Rhee

5  performed for MGA, any payments Anna Rhee received from MGA and the timing

6  of any work Anna Rhee performed for MGA, to the extent that such documents

7  have not already been produced in this litigation.

8  **REQUEST NO. 336:**

9      All DOCUMENTS mentioning, referring or relating to work Anna Rhee

10  performed for YOU including but not limited to any contracts between YOU and

11  Anna Rhee, the performance of any contracts between YOU and Anna Rhee, any

12  invoices pertaining to work done by Anna Rhee for YOU, any purchase orders

13  pertaining to work done by Anna Rhee for YOU, any descriptions of projects for

14  YOU pertaining to work done by Anna Rhee for YOU, any photographs, sketches,

15  drawings, copies or other replicas or tangible things of any work Anna Rhee

16  performed for YOU, any payments Anna Rhee received from YOU and the timing

17  of any work Anna Rhee performed for YOU.

18  **REQUEST NO. 337:**

19      All DOCUMENTS sufficient to show the name of any project Anna Rhee

20  has worked on in the past and the amount paid to her per month since January 1,

21  2000.

22  **REQUEST NO. 338:**

23      All DOCUMENTS that YOU have received from Anna Rhee that refer or

24  relate to "BRATZ," PRAYER ANGELS, any project referred to as "Angel" or

25  "Angels," MGA, Isaac Larian, BRYANT or Paula Treantefelles Garcia, other than

26  those documents that Anna Rhee has already produced in this litigation.

27  **REQUEST NO. 339:**

28      All DOCUMENTS that YOU have received from Anna Rhee that refer or

LA2:753260.3                                      - 8 -          MGA'S SECOND SET OF REQUESTS FOR THE
                                                                 PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ S _____

PAGE _____ 169 _____

1   relate to this litigation, the facts and circumstances giving rise to this litigation, or

2   BRYANT's alleged misconduct, other than those documents that Anna Rhee has

3   already produced in this litigation.

4   **REQUEST NO. 340:**

5       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

6   describing, discussing, referring or relating to all COMMUNICATIONS with Anna

7   Rhee that refer or relate to "BRATZ," other than those documents that Anna Rhee

8   has already produced in this litigation.

9   **REQUEST NO. 341:**

10       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

11   describing, discussing, referring or relating to all COMMUNICATIONS with Anna

12   Rhee that refer or relate to PRAYER ANGELS or any project referred to as

13   "Angel" or "Angels," other than those documents that Anna Rhee has already

14   produced in this litigation.

15   **REQUEST NO. 342:**

16       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

17   describing, discussing, referring or relating to all COMMUNICATIONS with Anna

18   Rhee that refer or relate to MGA, Isaac Larian, BRYANT or Paula Treantefelles

19   Garcia.

20   **REQUEST NO. 343:**

21       All COMMUNICATIONS between YOU, including YOUR inside and

22   outside counsel, on the one hand and counsel for Anna Rhee on the other, and all

23   DOCUMENTS constituting, mentioning, describing, discussing, referring or

24   relating to such COMMUNICATIONS.

25   **REQUEST NO. 344:**

26       All DOCUMENTS mentioning, referring or relating to any agreement or

27   contract between YOU, including YOUR inside and outside counsel, and Anna

28   Rhee, including any drafts thereof.

**REQUEST NO. 345:**

All DOCUMENTS mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and counsel for Anna Rhee, including any drafts thereof.

**REQUEST NO. 346:**

All DOCUMENTS constituting, mentioning, describing or referring to COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and Anna Rhee.

**REQUEST NO. 347:**

All documents constituting, mentioning, describing or referring to COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and counsel for Anna Rhee.

**REQUEST NO. 348:**

All telephone bills in YOUR possession, custody or control for any telephone(s), including home and cellular telephones, belonging to or assigned to Anna Rhee for the time period from January 1, 1998 to January 1, 2000.

**REQUEST NO. 349:**

All telephone bills in YOUR possession, custody or control for any telephone(s), including home and cellular telephones, belonging to or assigned to Anna Rhee for the time period from January 1, 2004 to the present.

EXHIBIT _____5_____

PAGE _____171_____

1  **REQUEST NO. 350:**

2      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

3  describing, discussing, referring or relating to all COMMUNICATIONS with the

4  United States Copyright Office in connection with the registration of "Toon Teens."

5

6

7      Dated:      April 13, 2005

8                                  DIANA M. TORRES
                                   PAULA E. AMBROSINI
                                   ALICIA C. MEYER
9                                  O'MELVENY & MYERS LLP

10

11

12                                 Alicia C. Meyer
                                   Attorneys for MGA Entertainment, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:753260.3                    - 11 -        MGA'S SECOND SET OF REQUESTS FOR THE
                                              PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____5_____

PAGE _____172_____

# PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 1533 Wilshire Blvd., Los Angeles, CA 90017, and which has been employed by a member of the bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within action. On April 13, 2005, I personally served the following:

## MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

by delivering a copy thereof to the office of the following, and either handing the copy to the person named below or leaving it with the receptionist or other person having charge of the office thereof:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA  90017-2543

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 13, 2005, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

EXHIBIT _____5_____

PAGE _____173_____

RECEIVED

MAR 2 7 2007

CALENDARED

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. #180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407
    Email: dtorres@omm.com
5
    DALE M. CENDALI (admitted pro hac vice)
6   JOHANNA SCHMITT (admitted pro hac vice)
    O'MELVENY & MYERS LLP
7   Times Square Tower
    7 Times Square
8   New York, New York 10036
    Telephone: (212) 326-2000
9   Facsimile: (212) 326-2061
    Email: dcendali@omm.com
10
    PATRICIA GLASER (S.B. # 55668)
11  CHRISTENSEN, GLASER, FINK,
    JACOBS, WEIL & SHAPIRO LLP
12  10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA 90067
13  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
14  Email: pglaser@chrisglase.com

15  Attorneys for Plaintiff
    MGA Entertainment, Inc.
16

17

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20                   EASTERN DIVISION

21  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (Consolidated with CV 04-9059 and
22                Plaintiff,               CV 05-2727)

23       v.
                                           MGA'S SECOND SET OF
24  MATTEL, INC., a Delaware Corporation,  REQUESTS FOR THE
                                           PRODUCTION OF
25               Defendant                 DOCUMENTS AND THINGS IN
                                           CASE NO. 05-2727
26  CONSOLIDATED WITH

27  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.
28  MATTEL, INC.

EXHIBIT _____ 6

PAGE _____ 174

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

PROPOUNDING PARTY:      MGA ENTERTAINMENT, INC.

RESPONDING PARTY:       MATTEL, INC.

SET NO.                 TWO

NOS.                    116-181

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all documents and tangible things described, in accordance with the Definitions and Instructions set forth below, on Thursday, April 26, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.      "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

2.      "BRYANT" means Carter Bryant.

3.      "MACHADO" means Carlos Gustavo Machado Gomez.

4.      "TRUEBA" means Mariana Trueba Alamada.

5.      "VARGAS" means Pablo Vargas San Jose.

6.      "BRAWER" means Ron Brawer.

7.      "BRISBOIS" means Janine Brisbois.

8.      "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys,

EXHIBIT _____ 6 _____   - 1 -

PAGE _____ 175 _____

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

1  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

2  in-interest, entities and persons acting in joint venture or partnership relationships

3  with MGA and any others acting on MGA's behalf, pursuant to its authority or

4  subject to its control.

5        9.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

6        10.    "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of

7  its past or present officers, directors, agents, employees, representatives,

8  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

9  interest and successors-in-interest, entities and persons acting in joint venture or

10  partnership relationships with YOU and any others acting on YOUR behalf,

11  pursuant to YOUR authority or subject to YOUR control.

12        11.    "COMMUNICATION[S]" means any transmission of information

13  from one person or entity to another, including, without limitation, by personal

14  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

15  that encompasses information relating in any way to communications to, from or

16  within a business or corporate entity is hereby designated to mean, and should be

17  construed to include, all communications by and between representatives,

18  employees, agents or servants of the business or corporate entity.

19        12.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

20  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

21  writings, tangible things and property, of any kind, that are now or that have been in

22  YOUR actual or constructive possession, custody or control, including, but not

23  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

24  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

25  or nature, in, through, or from which information may be embodied, translated,

26  conveyed or stored, whether an original, a draft or copy, however produced or

27  reproduced, whether sent or received or neither, including, but not limited to, notes,

28  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

EXHIBIT _____ 6

PAGE _____ 176

- 2 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1    inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

2    records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

3    estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

4    telephone records, telegrams, telexes, literature, invoices, contracts, purchase

5    orders, estimates, recordings, transcriptions of recordings, records, books,

6    pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

7    and digital recordings, television commercials, story boards, website or other spot

8    advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

9    charts, drawings, sketches, messages, photographs and data contained in or

10    accessible through any electronic data processing system, including, but not limited

11    to, computer databases, data sheets, data processing cards, computer files and tapes,

12    computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

13    mail, website and web pages and transcriptions thereof and all other

14    memorializations of any conversations, meetings and conferences, by telephone or

15    otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

16    where such copy is not an identical duplicate of the original, whether because of

17    deletions, underlinings, showing of blind copies, initialing, signatures, receipt

18    stamps, comments, notations, differences in stationery or any other difference or

19    modification of any kind.

20        13.    "MARKET RESEARCH" means any type of research, study, survey

21    or analysis of consumers or potential consumers of a product or potential product

22    including, without limitation, focus groups, consumer surveys, market analyses,

23    behavioral analyses and consumer research.

24        14.    "INVESTIGATIVE REPORT[S]" means any type of DOCUMENT

25    REFERRING OR RELATING TO an investigation, examination, research, study,

26    survey or analysis into the truth of the matter conducted by any employees, any

27    contractors or any third parties.

28

EXHIBIT _____ 6                          - 3 -        MGA'S SECOND SET OF REQUESTS FOR THE
                                                        PRODUCTION OF DOCUMENTS AND THINGS
                                                        IN CASE NO. 05-2727
PAGE _____ 177

1       15.   "MGA PRODUCTS" means any and all products offered for sale by

2    MGA Entertainment, Inc. including, without limitation, "Bratz," "4-Ever Best

3    Friends," "Alien Racers," and "Mommy's Little Patient."

4       16.   "MY SCENE MY BLING BLING" means and refers to each image,

5    character, logo, doll, toy, accessory, product, packaging or other thing or matter that

6    is or has ever been manufactured, marketed or sold by MATTEL, or others under

7    license by MATTEL, as part of a line of goods or merchandise commonly known

8    as, or sold and marketed under the name, "My Scene My Bling Bling."

9       17.   "COMPLAINT" means the complaint filed April 13, 2005 in *MGA*

10   *Entertainment, Inc. v. Mattel, Inc.*, CV 05-02727.

11      18.   "ANSWER" means the answer filed May 13, 2005 in *MGA*

12   *Entertainment, Inc. v. Mattel, Inc.*, CV 05-02727.

13      19.   "AMENDED ANSWER" means line 1, page 3 to line 3, page 27 of

14   *Mattel, Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims for: 1.*

15   *Copyright Infringement; 2. Violation of the Racketeer Influenced and Corrupt*

16   *Organizations Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt*

17   *Organizations Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6.*

18   *Intentional Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and*

19   *Abetting Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and*

20   *Abetting Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and*

21   *13. Declaratory Relief* filed January 12, 2007 in *Carter Bryant v. Mattel, Inc.*, CV

22   04-09049.

23      20.   "COUNTERCLAIM[S]" means line 4, page 27 to page 74 of *Mattel,*

24   *Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims for: 1. Copyright*

25   *Infringement; 2. Violation of the Racketeer Influenced and Corrupt Organizations*

26   *Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations*

27   *Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional*

28   *Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting*

EXHIBIT    6

PAGE _____ 178

1    *Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting*

2    *Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13.*

3    *Declaratory Relief* filed January 12, 2007 in *Carter Bryant v. Mattel, Inc.*, CV 04-

4    09049.

5        21.    "PERSON" or "PERSONS" means all natural persons, partnerships,

6    corporations, joint ventures and any kind of business, legal or public entity or

7    organization, as well as its, his or her agents, representatives, employees, officers

8    and directors and anyone else acting on its, his or her behalf, pursuant to its, his or

9    her authority or subject to its, his or her control.

10        22.    "REFERRING OR RELATING TO" should be construed in the

11   broadest possible sense to mean concerning, consisting of, referring to, relating to,

12   describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

13   pertaining to, citing, summarizing, analyzing or bearing any logical or factual

14   connection with the matter requested or described.

15        23.    The singular form includes the plural and vice versa.

16        24.    The terms "any" and "all" are interchangeable.

17        25.    The terms "and" and "or" shall be construed disjunctively and

18   conjunctively, and each shall include the other whenever such dual construction

19   will serve to bring within the scope of any request, information that would

20   otherwise not be within its scope.

21                              **INSTRUCTIONS**

22        1.    YOU are instructed to produce all non-privileged DOCUMENTS in

23   YOUR possession, custody or control.  A document is in YOUR "possession,

24   custody, or control" if it is in YOUR physical possession, or if, as a practical

25   matter, YOU have the right, upon request, to obtain possession of the DOCUMENT

26   or a copy thereof from another person or entity who has physical possession of the

27   DOCUMENT.

28

EXHIBIT _____ 6 _____        - 5 -        MGA'S SECOND SET OF REQUESTS FOR THE
                                            PRODUCTION OF DOCUMENTS AND THINGS
PAGE _____ 179 _____                      IN CASE NO. 05-2727

2.     If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4.     If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)   The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)   The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)   A general description of the subject matter of the DOCUMENT;

    (d)   The basis of any claim of privilege; and

    (e)   If work-product is asserted, the proceeding for which the DOCUMENT was created.

5.     For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a)   The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b)   The person or entity, if any, who has possession, custody or control or, if unknown, so state;

EXHIBIT _____ 6

PAGE _____ 180

- 6 -

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

(c)    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.* destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

6.    These Requests impose a continuing obligation subsequent to YOUR initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 116:

All DOCUMENTS REFERRING OR RELATING TO the quality and substance of the work done while working for MATTEL by any the following former MATTEL employees:

- Carter Bryant,
- Carlos Gustova Machado Gomez,
- Mariana Trueba Almada,
- Pablo Vargas San Jose,
- Ron Brawer, and
- Janine Brisbois,

including but not limited to personnel files, performance reviews, contracts, job descriptions, and interviews.

### REQUEST NO. 117:

All DOCUMENTS containing COMMUNICATIONS regarding the resignations of the following former MATTEL employees:

- Carter Bryant,
- Carlos Gustova Machado Gomez,

EXHIBIT _____ 6 _____          - 7 -          MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

PAGE _____ 181 _____

1          - Mariana Trueba Almada,

2          - Pablo Vargas San Jose,

3          - Ron Brawer, and

4          - Janine Brisbois.

5     **REQUEST NO. 118:**

6          All DOCUMENTS REFERRING OR RELATING TO copyrights registered

7     to MATTEL REFERRING OR RELATING TO BRATZ designs as referred to in

8     paragraph 2 of YOUR COUNTERCLAIMS, including but not limited to

9     DOCUMENTS made in preparation of the registrations and COMMUNICATIONS

10    with the United States Copyright Office concerning the registrations.

11    **REQUEST NO. 119:**

12         All DOCUMENTS that tend to support or refute YOUR claim to copyrights

13    registered to MATTEL REFERRING OR RELATING TO BRATZ designs.

14    **REQUEST NO. 120:**

15         All DOCUMENTS REFERRING OR RELATING TO attempts by

16    MATTEL to copyright BRATZ designs, including but not limited to

17    DOCUMENTS made in preparation of the registrations and COMMUNICATIONS

18    with the United States Copyright Office concerning the registrations.

19    **REQUEST NO. 121:**

20         All DOCUMENTS REFERRING OR RELATING TO Copyright

21    Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-

22    378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-

23    657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271

24    and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS,

25    including but not limited to DOCUMENTS made in preparation of the registrations

26    and COMMUNICATIONS with the United States Copyright Office concerning the

27    registrations.

28

EXHIBIT _____ 6 _____          - 8 -          MGA'S SECOND SET OF REQUESTS FOR THE
                                                  PRODUCTION OF DOCUMENTS AND THINGS
PAGE _____ 182 _____                          IN CASE NO. 05-2727

**REQUEST NO. 122:**

All DOCUMENTS that tend to support or refute YOUR claim to Copyright Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271 and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS.

**REQUEST NO. 123:**

All DOCUMENTS that tend to support or refute YOUR assertions in paragraph 26 of YOUR COUNTERCLAIMS regarding BRYANT's alleged work with other MATTEL employees and contractors to design and develop BRATZ, including but not limited to sculpts, models, plans or designs, associated clothing, and accessories.

**REQUEST NO. 124:**

All DOCUMENTS that tend to support or refute YOUR assertion in paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged enlistment of other MATTEL employees to perform work on BRATZ, including but not limited to emails, memoranda, notes, and recordings.

**REQUEST NO. 125:**

DOCUMENTS sufficient to identify by name and title the employees that BRYANT allegedly enlisted to perform work on BRATZ while BRYANT was still a MATTEL employee.

**REQUEST NO. 126:**

All DOCUMENTS that tend to support or refute YOUR assertion in paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged actions which led others to believe that work on BRATZ design or development was for MATTEL, including but not limited to emails, memoranda, notes, and recordings.

EXHIBIT ___6___

PAGE ___183___

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

**REQUEST NO. 127:**

DOCUMENTS sufficient to identify by name and title the employees that BRYANT led to believe that work done on BRATZ design or development was for MATTEL.

**REQUEST NO. 128:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion that MATTEL employees who allegedly worked on BRATZ design or development were led to believe that they were performing work on a project for MATTEL.

**REQUEST NO. 129:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 28 of YOUR COUNTERCLAIMS that BRYANT made affirmative misrepresentations to MATTEL management and employees, including but not limited to emails, memoranda, notes, and recordings.

**REQUEST NO. 130:**

DOCUMENTS sufficient to identify by name and title the members of management and employees to whom BRYANT allegedly made misrepresentations while employed at MATTEL.

**REQUEST NO. 131:**

All DOCUMENTS REFERRING OR RELATING TO the state of BRATZ design at the time BRYANT left MATTEL on October 20, 2000, including but not limited to sculpts, models, plans or designs, associated clothing, and accessories.

**REQUEST NO. 132:**

All DOCUMENTS REFERRING OR RELATING TO any contract BRYANT had with MATTEL.

**REQUEST NO. 133:**

All DOCUMENTS REFERRING OR RELATING TO whether any contracts or agreements that BRYANT, MACHADO, VARGAS, TRUEBA, BRAWER, or BRISBOIS had with MATTEL were legal, binding or enforceable.

EXHIBIT ___6___

PAGE ___184___

- 10 -

**REQUEST NO. 134:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 30 of YOUR COUNTERCLAIMS that MGA Entertainment (HK) Limited has maintained regular and continuous contacts with persons in the County of Los Angeles.

**REQUEST NO. 135:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertions in paragraph 35 of YOUR COUNTERCLAIMS regarding BRYANT's alleged acts of concealment, such as tampering or defacing documents, including but not limited to the tampered or defaced documents, reports by employees or third parties, and recordings and DOCUMENTS sufficient to identify the employees or third parties with knowledge of the alleged acts of concealment.

**REQUEST NO. 136:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 41 of YOUR COUNTERCLAIMS regarding alleged copying, taking, accessing or modification of proprietary MATTEL documents by MACHADO, TRUEBA AND VARGAS, including but not limited to INVESTIGATIVE REPORTS.

**REQUEST NO. 137:**

DOCUMENTS sufficient to identify by name and title PERSONS with knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

**REQUEST NO. 138:**

DOCUMENTS sufficient to identify by name and title PERSONS the supervisors of MACHADO, TRUEBA AND VARGAS.

**REQUEST NO. 139:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 41 of YOUR COUNTERCLAIMS regarding statements by MACHADO,

EXHIBIT _____ 6

PAGE _____ 185

- 11 -

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

1   TRUEBA AND VARGAS concerning their resignations and concerning the

2   identity of their future employer.

3   **REQUEST NO. 140:**

4         All DOCUMENTS REFERRING OR RELATING TO the resignations of

5   MACHADO, TRUEBA AND VARGAS from MATTEL, including but not limited

6   to COMMUNICATIONS REFERRING OR RELATING TO the circumstances

7   surrounding the resignations of MACHADO, TRUEBA AND VARGAS and the

8   reasons for the resignations of MACHADO, TRUEBA AND VARGAS.

9   **REQUEST NO. 141:**

10        All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

11  paragraphs 44, 48 and 49 of YOUR COUNTERCLAIMS that MACHADO took

12  MATTEL confidential and proprietary information, including but not limited to the

13  DOCUMENTS MACHADO allegedly copied, took, accessed or modified,

14  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

15  the instruments used in the alleged copying, taking, accessing or modification.

16  **REQUEST NO. 142:**

17        All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

18  paragraphs 45, 48 and 49 of YOUR COUNTERCLAIMS that VARGAS took

19  MATTEL confidential and proprietary information, including but not limited to the

20  DOCUMENTS VARGAS allegedly copied, took, accessed or modified,

21  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

22  the instruments used in the alleged copying, taking, accessing or modification.

23  **REQUEST NO. 143:**

24        All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

25  paragraphs 46, 48 and 49 of YOUR COUNTERCLAIMS that TRUEBA took

26  MATTEL confidential and proprietary information, including but not limited to the

27  DOCUMENTS TRUEBA allegedly copied, took, accessed or modified,

28

EXHIBIT _____ 6                    - 12 -        MGA'S SECOND SET OF REQUESTS FOR THE
                                                   PRODUCTION OF DOCUMENTS AND THINGS
                                                        IN CASE NO. 05-2727
PAGE _____ 186

1   INVESTIGATIVE REPORTS of the incident, computer records of the incident and

2   the instruments used in the alleged copying, taking, accessing or modification.

3   **REQUEST NO. 144:**

4     All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

5   paragraph 47 of YOUR COUNTERCLAIMS that TRUEBA took steps to increase

6   her access to MATTEL's confidential information, including but not limited to any

7   meeting attendance records around the time of TRUEBA's resignation, any records

8   of available meetings and the subject matter of the meetings, any records of

9   TRUEBA's alleged contact with MATTEL employees or MATTEL contractors to

10  receive confidential information, and any records of what TRUEBA did with

11  MATTEL's confidential information.

12  **REQUEST NO. 145:**

13    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

14  paragraph 51 of YOUR COUNTERCLAIMS that MACHADO, VARGAS AND

15  TRUEBA attempted to conceal their alleged theft of MATTEL's proprietary

16  information, INVESTIGATIVE REPORTS of the incidents, computer records of

17  the incidents and the instruments used in the incidents.

18  **REQUEST NO. 146:**

19    All DOCUMENTS REFERRING OR RELATING TO the events described

20  in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification

21  of Mexican authorities about the alleged theft of MATTEL's trade secret and

22  confidential information, including but not limited to affidavits, declarations,

23  complaints, and evidence filed with the Mexican authorities.

24  **REQUEST NO. 147:**

25    All DOCUMENTS REFERRING OR RELATING TO the events described

26  in paragraph 53 of YOUR COUNTERCLAIMS regarding the seizure at the

27  facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican

28  authorities, including but not limited to the search warrant, any report of the

1  seizure, any report regarding the materials seized, any determination by the

2  Mexican authorities regarding the materials seized, and any DOCUMENTS from

3  the facilities of MGAE de Mexico, S.R.L. de C.V., which were taken during the

4  seizure.

5  **REQUEST NO. 148:**

6      All DOCUMENTS REFERRING OR RELATING TO MATTEL's

7  involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L.

8  de C.V. in Mexico City by Mexican authorities.

9  **REQUEST NO. 149:**

10      All DOCUMENTS REFERRING OR RELATING TO whether the items

11  seized by Mexican authorities from the facilities of MGAE de Mexico, S.R.L. de

12  C.V. in Mexico City belonged to MATTEL.

13  **REQUEST NO. 150:**

14      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15  paragraph 59 of YOUR COUNTERCLAIMS regarding BRAWER's response to a

16  survey from President of MATTEL Brands, Matt Bousquette, including but not

17  limited to the DOCUMENT containing the survey that was sent to BRAWER, the

18  DOCUMENT containing BRAWER's alleged response, and any compilation of

19  survey responses.

20  **REQUEST NO. 151:**

21      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

22  paragraph 62 of YOUR COUNTERCLAIMS regarding BRAWER's alleged

23  instruction to his assistant to print MATTEL's 2004 Sales Plan for one of

24  MATTEL's significant customers, including but not limited to the DOCUMENT

25  the assistant was instructed to print, any DOCUMENT containing BRAWER's

26  instruction, and any calendar of meetings that BRAWER was scheduled to attend or

27  was allowed to attend regarding the customer connected to the sales plan referenced

28  in paragraph 62 of YOUR COUNTERCLAIMS.

EXHIBIT _____ 6 _____

PAGE _____ 188 _____

- 14 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**REQUEST NO. 152:**

DOCUMENTS sufficient to identify the significant customer connected to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

**REQUEST NO. 153:**

All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained public information.

**REQUEST NO. 154:**

All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

**REQUEST NO. 155:**

All DOCUMENTS REFERRING OR RELATING TO BRAWER's MATTEL exit interview, including but not limited to reports, memoranda, notes, and recordings from or RELATING TO the exit interview.

**REQUEST NO. 156:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 69 of YOUR COUNTERCLAIMS regarding BRAWER's alleged contact with MATTEL employees after his resignation from MATTEL, including but not limited to reports, memoranda, notes, and recordings of or by MATTEL employees regarding the alleged contact with BRAWER.

**REQUEST NO. 157:**

DOCUMENTS sufficient to identify by name, title and telephone number MATTEL employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged in paragraph 69 of YOUR COUNTERCLAIMS.

EXHIBIT _____ 6

PAGE _____ 189

- 15 -

1  **REQUEST NO. 158:**

2      All DOCUMENTS REFERRING OR RELATING TO BRISBOIS'

3  MATTEL exit interview, including but not limited to reports, memoranda, notes,

4  and recordings from or RELATING TO the exit interview.

5  **REQUEST NO. 159:**

6      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

7  paragraph 74 of YOUR COUNTERCLAIMS regarding BRISBOIS' alleged

8  copying, taking, accessing or modification of MATTEL confidential and

9  proprietary information, including but not limited to the DOCUMENTS BRISBOIS

10  allegedly copied, took, accessed or modified, INVESTIGATIVE REPORTS of the

11  incident, computer records of the incident and the instruments used in the alleged

12  copying, taking, accessing or modification.

13  **REQUEST NO. 160:**

14      All DOCUMENTS REFERRING OR RELATING TO the events alleged in

15  paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's notification of

16  Canadian law enforcement authorities about BRISBOIS' alleged theft of

17  MATTEL's trade secret and confidential information, including but not limited to

18  affidavits, declarations, complaints, and evidence filed with the Canadian law

19  enforcement authorities.

20  **REQUEST NO. 161:**

21      All DOCUMENTS REFERRING OR RELATING TO the events alleged in

22  paragraph 75 of YOUR COUNTERCLAIMS regarding the seizure by Canadian

23  law enforcement authorities of a thumb drive from BRISBOIS, including but not

24  limited to the search warrant, any report of the seizure, any report regarding the

25  materials seized, any determination by the Canadian law enforcement authorities

26  regarding the materials seized, and any DOCUMENTS taken during the seizure.

27

28

EXHIBIT _____ 6

PAGE _____ 190

- 16 -

**REQUEST NO. 162:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

**REQUEST NO. 163:**

All DOCUMENTS REFERRING OR RELATING TO what was contained on the thumb drive that the Canadian law enforcement authorities seized from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

**REQUEST NO. 164:**

All DOCUMENTS REFERRING OR RELATING TO whether the DOCUMENTS contained on the thumb drive that the Canadian law enforcement authorities seized from BRISBOIS, mentioned in paragraph 75 of YOUR COUNTERCLAIMS, belong or belonged to MATTEL.

**REQUEST NO. 165:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 75 of YOUR COUNTERCLAIMS regarding BRISBOIS' access or modification of DOCUMENTS on the thumb drive seized by Canadian law enforcement authorities, including but not limited to the DOCUMENTS BRISBOIS allegedly access and modified, INVESTIGATIVE REPORTS of the BRISBOIS' access and modification of the DOCUMENTS, computer records of the alleged access and modification and the instruments used in the alleged access and modification.

**REQUEST NO. 166:**

All DOCUMENTS REFERRING OR RELATING TO or contained in the personnel files of the 25 former MATTEL employees from MATTEL's United States operations referenced in paragraph 77 of YOUR COUNTERCLAIMS, including but not limited to performance reviews, contracts, job descriptions, and interviews.

EXHIBIT _____6_____

PAGE _____191_____

- 17 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**REQUEST NO. 167:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 77 of YOUR COUNTERCLAIMS regarding the alleged copying, taking, accessing or modification of MATTEL confidential and proprietary information by former MATTEL employees that subsequently became MGA employees, including but not limited to the DOCUMENTS allegedly copied, taken, accessed or modified by former MATTEL employees that subsequently became MGA employees, INVESTIGATIVE REPORTS of these incidents, computer records of these incidents and the instruments used in the alleged copying, taking, accessing or modification.

**REQUEST NO. 168:**

All DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS with any third party regarding MY SCENE MY BLING BLING product with real gems, including but not limited to advertisements, announcements, memoranda, conversations, offers for sale, and purchase orders, including but not limited to any such COMMUNICATIONS made before May 12, 2006.

**REQUEST NO. 169:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 80 of YOUR COUNTERCLAIMS regarding misrepresentations that LARIAN made to retailers concerning MY SCENE MY BLING BLING.

**REQUEST NO. 170:**

All DOCUMENT REFERRING OR RELATING TO COMMUNICATIONS LARIAN had with third parties concerning any and all products made, sold or offered for sale by MATTEL.

**REQUEST NO. 171:**

All DOCUMENTS, including but not limited to COMMUNICATIONS, REFERRING OR RELATING TO any third party's decision not to buy, license,

EXHIBIT _____ 9

PAGE _____ 192

- 18 -

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

1  manufacture, promote, distribute or sell MY SCENE MY BLING BLING,

2  including but not limited to MY SCENE MY BLING BLING with real gems.

3  **REQUEST NO. 172:**

4      All DOCUMENTS REFERRING OR RELATING TO harm to MATTEL

5  caused by MGA's alleged use of MATTEL's property and trade secrets, including

6  but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and

7  memoranda.

8  **REQUEST NO. 173:**

9      All DOCUMENTS REFERRING OR RELATING TO damages suffered by

10  MATTEL due to MGA's alleged infringement of MATTEL's copyrights, including

11  but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and

12  memoranda concerning actual damages.

13  **REQUEST NO. 174:**

14      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15  paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged

16  racketeering activity for the purpose of executing and attempting to execute a

17  scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

18  **REQUEST NO. 175:**

19      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

20  paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful

21  conduct for the purpose of executing and attempting to execute a scheme to

22  improperly defraud MATTEL and steal its trade secret.

23  **REQUEST NO. 176:**

24      All DOCUMENTS REFERRING OR RELATING TO how access to

25  MATTEL'S confidential information is controlled, including but not limited to

26  DOCUMENTS CONTAINING MATTEL's policy with respect to confidential

27  information, sign-in and sign-out sheets for access to confidential information, logs

28

EXHIBIT _____ 6

PAGE _____ 193

- 19 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1   of PERSONS who access confidential information, and procedures for accessing

2   confidential information.

3   **REQUEST NO. 177:**

4        All DOCUMENTS REFERRING OR RELATING TO the steps and

5   procedures that MATTEL takes to keep MATTEL's confidential information

6   confidential.

7   **REQUEST NO. 178:**

8        All DOCUMENTS REFERRING OR RELATING TO any investigation,

9   surveillance, inspection, inquiry, survey or analysis into the activities, including but

10  not limited to electronic and computer related activities, alleged in YOUR

11  COUNTERCLAIMS.

12  **REQUEST NO. 179:**

13       DOCUMENTS sufficient to identify which MATTEL employees have access

14  to confidential or proprietary MATTEL information.

15  **REQUEST NO. 180:**

16       All DOCUMENTS REFERRING OR RELATING TO changes to store

17  layouts or displays for Mattel products in relation to MGA products from January 1,

18  2001 to the present.

19  **REQUEST NO. 181:**

20       All DOCUMENTS tending to support or refute any of the allegations or

21  statements in YOUR COUNTERCLAIMS, not produced in response to another

22  Request.

23

24       Dated:  March 27, 2007            O'MELVENY & MYERS LLP

25

26                                         _Belephin Glad_

27                                         B. Jennifer Glad
                                           Attorney for MGA Entertainment, Inc.

28

EXHIBIT _____ 6

PAGE _____ 194

- 20 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1

## PROOF OF SERVICE

2          I, C. Kelley Canning, declare:

3          I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4  California 90071-2899. On March 27, 2007, I served the within document(s):

5  **MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
   AND THINGS IN CASE NO. 05-2727**
6

7          ☒          by causing to be personally served the document(s) listed above to the person(s)
                      listed below.
8
           Michael T. Zeller, Esq.
9          Timothy Alger, Esq.
           Quinn Emanuel Urquhart Oliver & Hedges, LLP
10         865 South Figueroa Street, 10th Floor
           Los Angeles, CA 90017
11
           ☒          by placing the document(s) listed above in a sealed envelope with postage thereon
12                    fully prepaid, in the United States mail at Los Angeles, California addressed as set
                      forth below. I am readily familiar with the firm's practice of collecting and
13                    processing correspondence for mailing. Under that practice it would be deposited
                      with the U.S. Postal Service on that same day with postage thereon fully prepaid
14                    in the ordinary course of business. I am aware that on motion of the party served,
                      service is presumed invalid if the postal cancellation date or postage meter date is
15                    more than one day after date of deposit for mailing in affidavit.

16
           Keith A. Jacoby, Esq.                     Patricia Glaser, Esq.
17         Littler Mendelson, P.C.                   Christensen, Glaser, Fink, Jacobs,
           2049 Century Park East,                   Weil & Shapiro, LLP
18         Fifth Floor                               10250 Constellation Blvd.,
           Los Angeles, CA 90067                     19th Floor
19                                                   Los Angeles, CA 90067

20
           I declare under penalty of perjury under the laws of the United States that the
21  above is true and correct.

22         Executed on March 27, 2007, at Los Angeles, California.

23

24                                      _C. Kelley Canning_
25                                              C. Kelley Canning
26  LA2:826706

27

28
    EXHIBIT _____4_____

    PAGE _____195_____          - 21 -          MGA'S SECOND SET OF REQUESTS FOR
                                                  THE PRODUCTION OF DOCUMENTS AND
                                                  THINGS IN CASE NO. 05-2727

1  ### PROOF OF PERSONAL SERVICE

2  I am a citizen of the United States and employed in the County of Los

3  Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd

4  Street, Suite 705, Los Angeles, CA 90012.  I am over the age of eighteen years and not a

5  party to the within action.  On March 27, 2007, I personally served the following:

6  **MGA'S SECOND SET OF REQUESTS FOR THE**
   **PRODUCTION OF DOCUMENTS AND THINGS IN**
7  **CASE NO. 05-2727**

8  by delivering a copy thereof to the office of the following, and either handing the copy to

9  or leaving it with the _____ of the office thereof:

10

11  ### Service List

12  **Michael T. Zeller, Esq.**
    **Timothy Alger, Esq.**
13  **QUINN EMANUEL URQUHART**
    **OLIVER & HEDGES, LLP**
14  **865 Figueroa Street, 10th Floor**
15  **Los Angeles, California  90017**

16

17  I declare under penalty of perjury under the laws of the United States that

18  the above is true and correct.  Executed on March 27, 2007, at Los Angeles, California.

19

20  SIGNATURE: _____

21  PRINTED NAME: _____

22  LA2:826708

23

24

25

26

27

28

EXHIBIT _____

PAGE _____                    - 22 -          MGA'S SECOND SET OF REQUESTS FOR THE
                                               PRODUCTION OF DOCUMENTS AND THINGS
                                               IN CASE NO. 05-2727

1  DALE M. CENDALI  (admitted pro hac vice)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. #180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: dtorres@omm.com

6  PATRICIA GLASER (S.B. # 55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA  90067
   Telephone:  (310) 553-3000
9  Facsimile:   (310) 556-2920
   Email: pglaser@chrisglase.com

10
   Attorneys for Defendant-in-Intervention,
11 MGA Entertainment, Inc.

12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14

15 MATTEL, INC., a Delaware          Case No.  CV04-9059 NM (RNBx)
   Corporation,
16                                   MGA'S THIRD SET OF REQUESTS
                                     FOR THE PRODUCTION OF
17                    Plaintiff,     DOCUMENTS AND THINGS

18        v.
                                     Date Filed:       April 27, 2004
19 CARTER BRYANT, an individual,
   and MGA ENTERTAINMENT,            Discovery cut-off:  October 22, 2007
20 INC., a California Corporation,

21 Defendant and Defendant-in-
   Intervention.
22

23 AND RELATED
   COUNTERCLAIMS
24

25 PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

26 RESPONDING PARTY:      MATTEL, INC.

27 SET NO.                THREE

28   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

LA2:823582.1                          MGA'S THIRD SET OF REQUESTS FOR THE
                                      PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ 7

PAGE _____ 197

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant-in-intervention MGA Entertainment, Inc. ("MGA") requests that plaintiff Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 10:00 a.m. on March 16, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.     "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK," "LIL' BRATZ," "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ."

2.     "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

12.     "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind

EXHIBIT _____7_____

PAGE _____194_____

- 1 -
LA2:823582.1

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1   or nature, in, through, or from which information may be embodied, translated,

2   conveyed or stored, whether an original, a draft or copy, however produced or

3   reproduced, whether sent or received or neither, including, but not limited to,

4   notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

5   reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

6   work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

7   sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

8   orders, telephone records, telegrams, telexes, literature, invoices, contracts,

9   purchase orders, estimates, recordings, transcriptions of recordings, records,

10  books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

11  video, audio and digital recordings, television commercials, story boards, website

12  or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

13  calendars, charts, drawings, sketches, messages, photographs and data contained in

14  or accessible through any electronic data processing system, including, but not

15  limited to, computer databases, data sheets, data processing cards, computer files

16  and tapes, computer disks, CD-ROMs, computer meta-data, microfilm,

17  microfiche, electronic mail, website and web pages and transcriptions thereof and

18  all other memorializations of any conversations, meetings and conference, by

19  telephone or otherwise.  The term DOCUMENT also means every copy of a

20  DOCUMENT, where such copy is not an identical duplicate of the original,

21  whether because of deletions, underlinings, showing of blind copies, initialing,

22  signatures, receipt stamps, comments, notations, differences in stationery or any

23  other difference or modification of any kind.

24      13.   "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of its

25  past or present officers, directors, agents, employees, representatives, consultants,

26  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

27  successors-in-interest, entities and persons acting in joint venture or partnership

28

1   relationships with YOU and any others acting on YOUR behalf, pursuant to

2   YOUR authority or subject to YOUR control.

3        14.   "MGA" means MGA Entertainment, Inc. and any of its past or present

4   officers, directors, agents, employees, representatives, consultants, attorneys,

5   parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

6   in-interest, entities and persons acting in joint venture or partnership relationships

7   with MGA and any others acting on MGA's behalf, pursuant to its authority or

8   subject to its control.

9        17.   "DIVA STARZ" means and refers to each image, character, logo, doll,

10   toy, accessory, product, packaging or other thing or matter that is or has ever been

11   manufactured, marketed or sold by Mattel, or others under license by Mattel, as part

12   of a line of goods or merchandise commonly known as, or sold and marketed under

13   the name, "Diva Starz."

14        19.   "REFERRING OR RELATING TO" should be construed in the

15   broadest possible sense to mean concerning, consisting of, referring to, relating to,

16   describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

17   pertaining to, citing, summarizing, analyzing or bearing any logical or factual

18   connection with the matter requested or described.

19        20.   The singular form includes the plural, and vice versa.

20        21.   The terms "any" and "all" are interchangeable.

21        22.   The terms "and" and "or" shall be construed disjunctively and

22   conjunctively, and each shall include the other whenever such dual construction

23   will serve to bring within the scope of any interrogatory, information that would

24   otherwise not be within its scope.

25                       **INSTRUCTIONS**

26        1.   YOU are instructed to produce all non-privileged DOCUMENTS in

27   YOUR possession, custody or control.  A document is in YOUR "possession,

28   custody, or control" if it is in YOUR physical possession, or if, as a practical

**EXHIBIT** ___7___      - 3 -      MGA'S SECOND SET OF REQUESTS FOR THE
                      LA2:823582.1      PRODUCTION OF DOCUMENTS AND THINGS

**PAGE** ___200___

1    matter, YOU have the right, upon request, to obtain possession of the DOCUMENT

2    or a copy thereof from another person or entity who has physical possession of the

3    DOCUMENT.

4        2.    If any DOCUMENT or category of DOCUMENTS is not produced in

5    full, please state with particularity the reason or reasons it is not being produced in

6    full, and describe, to the best of YOUR knowledge, information and belief, and

7    with as much particularity as possible, the DOCUMENT or portions of the

8    DOCUMENT that are not being produced.

9        3.    Each DOCUMENT is to be produced as it is kept in the usual course

10   of business, including all file folders, binders, notebooks, and other devices by

11   which such DOCUMENTS may be organized or separated.

12       4.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on

13   grounds that it is protected from discovery by the attorney-client privilege, work

14   product doctrine, or other privilege, please set forth for each DOCUMENT or

15   portion of a DOCUMENT withheld:

16       (a)    The place, approximate date, and manner of recording, creating

17           or otherwise preparing the DOCUMENT;

18       (b)    The names and organization position, if any, of each author,

19           sender, and recipient of the DOCUMENT;

20       (c)    A general description of the subject matter of the DOCUMENT;

21       (d)    The basis of any claim of privilege; and

22       (e)    If work-product is asserted, the proceeding for which the

23           DOCUMENT was created.

24       5.    For any DOCUMENT or category of DOCUMENTS that was, but no

25   longer is, in YOUR possession, custody or control, please describe each such

26   DOCUMENT as completely as possible and provide the following information:

27       (a)    The reason the DOCUMENT is no longer in YOUR possession,

28           custody or control;

EXHIBIT ___7___

PAGE ___201___

- 4 -
LA2:823582.1

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

(b) The person or entity, if any, who has possession, custody or control or, if unknown, so state;

(c) If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.* destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

6. These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 351:

All drawings, designs, prototypes or other documents that MATTEL contends that MGA, or anyone who has worked for MGA in any capacity, including but not limited to, BRYANT, Paula Treantafelles aka Paula Garcia, Mercedeh Ward, and Margaret Leahy, has seen or had access to concerning DIVA STARZ or any other project that MATTEL contends is relevant to any claim in Case No. 04-9057 or its claims for ownership or infringement of any rights related to BRATZ.

### REQUEST NO. 352:

All statements known to MATTEL, including statements made in the course of litigation or other legal proceeding, made by any person concerning the creation, origin, design or development of DIVA STARZ or any other project that MATTEL contends is relevant to any claim in Case No. 04-9057 or its claims for ownership or infringement of any rights related to BRATZ.

### REQUEST NO. 353:

Any personnel file, and all DOCUMENTS REFERRING OR RELATING

-5-
LA2:823582.1

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____7_____

PAGE _____202_____

1    TO same, maintained by MATTEL for Paula Treantafelles aka Paula Garcia.

2    **REQUEST NO. 354:**

3         Any personnel file, and all DOCUMENTS REFERRING OR RELATING

4    TO same, maintained by MATTEL for Mercedeh Ward, including any evaluations

5    of her performance.

6    **REQUEST NO. 355:**

7         Any personnel file, and all DOCUMENTS REFERRING OR RELATING

8    TO same, maintained by MATTEL for Margaret Leahy, including any evaluations

9    of her performance.

10   **REQUEST NO. 355:**

11        Any personnel file, and all DOCUMENTS REFERRING OR RELATING

12   TO same, maintained by MATTEL for Maureen Mullen, including any evaluations

13   of her performance.

14   **REQUEST NO. 355:**

15        Any vendor file, and all DOCUMENTS REFERRING OR RELATING TO

16   same, maintained by MATTEL for Margaret Leahy, including any evaluations of

17   her performance.

18   **REQUEST NO. 356:**

19        Any personnel or vendor file, and all DOCUMENTS REFERRING OR

20   RELATING TO same, maintained by MATTEL for Maureen Mullen, including

21   any evaluations of her performance.

22   **REQUEST NO. 354:**

23        Any personnel file, and all DOCUMENTS REFERRING OR RELATING

24   TO same, maintained by MATTEL for Anna Rhee, including any evaluations of her

25   performance.

26   **REQUEST NO. 354:**

27        Any vendor file, and all DOCUMENTS REFERRING OR RELATING TO

28   same, maintained by MATTEL for Anna Rhee, including any evaluations of her

EXHIBIT _____ 7          - 6 -          MGA'S SECOND SET OF REQUESTS FOR THE
                           LA2:823582.1   PRODUCTION OF DOCUMENTS AND THINGS

PAGE _____ 203

1    performance.

2    **<u>REQUEST NO. 354:</u>**

3        DOCUMENTS sufficient to show payments by MATTEL to Anna Rhee, on

4    a monthly (or, if not available, quarterly) basis since January 1, 2003.

5

6

       Dated:  February 14, 2007        O'MELVENY & MYERS LLP

7

8

9                                   Diana M. Torres

10                         Attorneys for MGA Entertainment, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___7___          - 7 -        MGA'S SECOND SET OF REQUESTS FOR THE

PAGE ___204___     LA2:823582.1     PRODUCTION OF DOCUMENTS AND THINGS

1

PROOF OF SERVICE

2      I, Mila D. Sucgang, declare:

3      I am a resident of the State of California and over the age of eighteen

4  years, and not a party to the within action; my business address is 400 South Hope

5  Street, Los Angeles, California  90071-2899.  On February 14, 2007, I served the
   within document:

6

7  **MGA'S THIRD SET OF REQUESTS FOR THE
   PRODUCTION OF DOCUMENTS AND THINGS**

8      ☒    by causing to be personally served the document(s) listed above to the
            person(s) listed below.
9

10     Michael T. Zeller, Esq.
       Quinn Emanuel Urquhart Oliver & Hedges, LLP
11     865 South Figueroa Street, 10th Floor
       Los Angeles, CA 90017

12

13     I declare under penalty of perjury under the laws of the United States
   that the above is true and correct.

14

15     Executed on February 14, 2007, at Los Angeles, California.

16

17                                   Mila D. Sucgang

18

19

20

21

22

23

24

25

26

27

28

LA2:820508.1

EXHIBIT  7

PAGE  205

PROOF OF SERVICE

RECEIVED

MAR 2 7 2007

CALENDARED

DIANA M. TORRES (S.B. #162284)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (*admitted pro hac vice*)
JOHANNA SCHMITT (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(Consolidated with CV 04-9059 and CV 05-2727)<br><br>**MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |

EXHIBIT 8

PAGE 206

| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
|---|---|---|
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | THREE |
| 4 | NOS. | 182-383 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all documents and tangible things described, in accordance with the Definitions and Instructions set forth below, on Thursday, April 26, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

**DEFINITIONS**

As used in these Requests:

1.    "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

2.    "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

EXHIBIT _____ 8 _____

PAGE _____ 207 _____

- 1 -

MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

3.   **"COMMUNICATION[S]"** means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

4.   **"DOCUMENT[S]"** incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes,

EXHIBIT _____ **8** _____          - 2 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                                  PRODUCTION OF DOCUMENTS AND THINGS
PAGE _____ **208** _____                              IN CASE NO. 05-2727

1   computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

2   mail, website and web pages and transcriptions thereof and all other

3   memorializations of any conversations, meetings and conferences, by telephone or

4   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

5   where such copy is not an identical duplicate of the original, whether because of

6   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

7   stamps, comments, notations, differences in stationery or any other difference or

8   modification of any kind.

9          5.     "MATTEL'S INITIAL DISCLOSURES" means *Mattel, Inc.'s*

10  *Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,*

11  *and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims*

12  *Against Bryant and MGA*, dated January 5, 2007.

13         6.     "REFERRING OR RELATING TO" should be construed in the

14  broadest possible sense to mean concerning, consisting of, referring to, relating to,

15  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

16  pertaining to, citing, summarizing, analyzing or bearing any logical or factual

17  connection with the matter requested or described.

18         7.     The singular form includes the plural and vice versa.

19         8.     The terms "any" and "all" are interchangeable.

20         9.     The terms "and" and "or" shall be construed disjunctively and

21  conjunctively, and each shall include the other whenever such dual construction

22  will serve to bring within the scope of any request, information that would

23  otherwise not be within its scope.

## INSTRUCTIONS

24

25         1.     YOU are instructed to produce all non-privileged DOCUMENTS in

26  YOUR possession, custody or control.  A document is in YOUR "possession,

27  custody, or control" if it is in YOUR physical possession, or if, as a practical

28  matter, YOU have the right, upon request, to obtain possession of the DOCUMENT

EXHIBIT _____8_____                    - 3 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                                         PRODUCTION OF DOCUMENTS AND THINGS
PAGE _____209_____                                     IN CASE NO. 05-2727

1  or a copy thereof from another person or entity who has physical possession of the

2  DOCUMENT.

3      2.    If any DOCUMENT or category of DOCUMENTS is not produced in

4  full, please state with particularity the reason or reasons it is not being produced in

5  full, and describe, to the best of YOUR knowledge, information and belief, and

6  with as much particularity as possible, the DOCUMENT or portions of the

7  DOCUMENT that are not being produced.

8      3.    Each DOCUMENT is to be produced as it is kept in the usual course

9  of business, including all file folders, binders, notebooks, and other devices by

10  which such DOCUMENTS may be organized or separated.

11      4.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on

12  grounds that it is protected from discovery by the attorney-client privilege, work

13  product doctrine, or other privilege, please set forth for each DOCUMENT or

14  portion of a DOCUMENT withheld:

15      (a)    The place, approximate date, and manner of recording, creating

16          or otherwise preparing the DOCUMENT;

17      (b)    The names and organization position, if any, of each author,

18          sender, and recipient of the DOCUMENT;

19      (c)    A general description of the subject matter of the DOCUMENT;

20      (d)    The basis of any claim of privilege; and

21      (e)    If work-product is asserted, the proceeding for which the

22          DOCUMENT was created.

23      5.    For any DOCUMENT or category of DOCUMENTS that was, but no

24  longer is, in YOUR possession, custody or control, please describe each such

25  DOCUMENT as completely as possible and provide the following information:

26      (a)    The reason the DOCUMENT is no longer in YOUR possession,

27          custody or control;

28

EXHIBIT   6

- 4 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

PAGE   210

1          (b)    The person or entity, if any, who has possession, custody or

2                control or, if unknown, so state;

3          (c)    If the DOCUMENT was destroyed or otherwise disposed of,

4                state (i) the manner of disposal (*i.e.* destruction, loss, discarding

5                or other means of disposal); (ii) the date of disposal; (iii) the

6                reason for disposal; (iv) the person authorizing disposal; (v) the

7                person disposing of the DOCUMENT; and (vi) the name and

8                address of the most recent custodian of the DOCUMENT.

9      6.    These Requests impose a continuing obligation subsequent to YOUR

10  initial production to the full extent provided for in Rule 26(e) of the Federal Rules

11  of Civil Procedure.

12                     **REQUESTS FOR PRODUCTION**

13  **REQUEST NO. 182:**

14      All DOCUMENTS REFERRING OR RELATING TO Ricardo Abundis's

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18  **REQUEST NO. 183:**

19      All DOCUMENTS REFERRING OR RELATING TO Lourdes Aguilar's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23  **REQUEST NO. 184:**

24      All DOCUMENTS REFERRING OR RELATING TO Mariana Trueba

25  Almada's alleged knowledge of "MGA's theft of Mattel's intellectual property and

26  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

27  DISCLOSURES.

28

EXHIBIT _____**8**_____

PAGE _____**211**_____

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1    **REQUEST NO. 185:**

2         All DOCUMENTS REFERRING OR RELATING TO Jules Andres's

3    alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

4    secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

5    **REQUEST NO. 186:**

6         All DOCUMENTS in Jules Andres's possession or control REFERRING OR

7    RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

8    property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

9    **REQUEST NO. 187:**

10        All DOCUMENTS REFERRING OR RELATING TO Russell Arons's

11   alleged knowledge of "[t]he development and ownership of intellectual property at

12   issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13   **REQUEST NO. 188:**

14        All DOCUMENTS in Russell Arons's possession or control REFERRING

15   OR RELATING TO his alleged knowledge of "[t]he development and ownership of

16   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

17   **REQUEST NO. 189:**

18        All DOCUMENTS REFERRING OR RELATING TO Terry Bartlett's

19   alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with

20   TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

21   **REQUEST NO. 190:**

22        All DOCUMENTS REFERRING OR RELATING TO Eve Karen Laskaris

23   Bennett's alleged knowledge of "MGA's access to Mattel's intellectual property

24   and trade secrets" and "MGA business practices," as alleged in MATTEL'S

25   INITIAL DISCLOSURES.

26   **REQUEST NO. 191:**

27        All DOCUMENTS REFERRING OR RELATING TO Nancy Bennett's

28   alleged knowledge of "[t]he development and ownership of intellectual property at

EXHIBIT _____ 8

PAGE _____ 212

- 6 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

2  **REQUEST NO. 192:**

3     All DOCUMENTS in Nancy Bennett's possession or control REFERRING

4  OR RELATING TO her alleged knowledge of "[t]he development and ownership

5  of intellectual property at issue," as alleged in MATTEL'S INITIAL

6  DISCLOSURES.

7  **REQUEST NO. 193:**

8     All DOCUMENTS REFERRING OR RELATING TO Molly Benz's alleged

9  knowledge of "[t]he development and ownership of intellectual property at issue,"

10  as alleged in MATTEL'S INITIAL DISCLOSURES.

11  **REQUEST NO. 194:**

12     All DOCUMENTS in Molly Benz's possession or control REFERRING OR

13  RELATING TO her alleged knowledge of "[t]he development and ownership of

14  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

15  **REQUEST NO. 195:**

16     All DOCUMENTS REFERRING OR RELATING TO Jason Bergerson's

17  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

18  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

19  **REQUEST NO. 196:**

20     All DOCUMENTS REFERRING OR RELATING TO John Bloodworth's

21  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

22  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

23  DISCLOSURES.

24  **REQUEST NO. 197:**

25     All DOCUMENTS REFERRING OR RELATING TO Kevin Bloomfield's

26  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

27  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

28  DISCLOSURES.

EXHIBIT _____ 6

PAGE _____ 213

- 7 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1   **REQUEST NO. 198:**

2      All DOCUMENTS REFERRING OR RELATING TO Matt Bousquette's

3   alleged knowledge of "Mattel's business operations and the development and

4   ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

5   DISCLOSURES.

6   **REQUEST NO. 199:**

7      All DOCUMENTS in Matt Bousquette's possession or control REFERRING

8   OR RELATING TO his alleged knowledge of "Mattel's business operations and

9   the development and ownership of intellectual property at issue," as alleged in

10  MATTEL'S INITIAL DISCLOSURES.

11  **REQUEST NO. 200:**

12     All DOCUMENTS REFERRING OR RELATING TO Ron Brawer's alleged

13  knowledge of "MGA's theft of Mattel's intellectual property and trade secrets" and

14  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

15  **REQUEST NO. 201:**

16     All DOCUMENTS REFERRING OR RELATING TO Janine Brisbois's

17  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

18  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

19  DISCLOSURES.

20  **REQUEST NO. 202:**

21     All DOCUMENTS REFERRING OR RELATING TO Carter Bryant's

22  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

23  or for MGA during his Mattel employment," "Bryant's breach of obligations to

24  Mattel," "MGA's theft of Mattel's intellectual property and trade secrets" and

25  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

26  **REQUEST NO. 203:**

27     All DOCUMENTS REFERRING OR RELATING TO Sarah Buzby's

28  alleged knowledge of "[t]he development and ownership of intellectual property at

EXHIBIT ____ ˠ____          - 8 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                           PRODUCTION OF DOCUMENTS AND THINGS
PAGE ____ 214____                          IN CASE NO. 05-2727

1  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

2  **REQUEST NO. 204:**

3      All DOCUMENTS in Sarah Buzby's possession or control REFERRING OR

4  RELATING TO her alleged knowledge of "[t]he development and ownership of

5  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

6  **REQUEST NO. 205:**

7      All DOCUMENTS REFERRING OR RELATING TO Juan Carlos Virrueta

8  Carnacho's alleged knowledge of "MGA's access to Mattel's intellectual property

9  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

10  INITIAL DISCLOSURES.

11  **REQUEST NO. 206:**

12      All DOCUMENTS REFERRING OR RELATING TO Kathy Casey's

13  alleged knowledge of "Mattel's business operations and the development and

14  ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

15  DISCLOSURES.

16  **REQUEST NO. 207:**

17      All DOCUMENTS in Kathy Casey's possession or control REFERRING OR

18  RELATING TO her alleged knowledge of "Mattel's business operations and the

19  development and ownership of intellectual property at issue," as alleged in

20  MATTEL'S INITIAL DISCLOSURES.

21  **REQUEST NO. 208:**

22      All DOCUMENTS REFERRING OR RELATING TO Jorge Castilla's

23  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

24  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

25  DISCLOSURES.

26  **REQUEST NO. 209:**

27      All DOCUMENTS REFERRING OR RELATING TO Jimmy Cheng's

28  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

EXHIBIT ____8____

PAGE ____215____

- 9 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1   or for MGA during his Mattel employment" and "MGA business practices," as

2   alleged in MATTEL'S INITIAL DISCLOSURES.

3   **REQUEST NO. 210:**

4       All DOCUMENTS REFERRING OR RELATING TO Steve Quoc Cheng's

5   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

6   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

7   DISCLOSURES.

8   **REQUEST NO. 211:**

9       All DOCUMENTS REFERRING OR RELATING TO Maureen Mullen

10   Chianese's alleged knowledge of "[t]he development and ownership of intellectual

11   property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

12   **REQUEST NO. 212:**

13       All DOCUMENTS REFERRING OR RELATING TO Ok Soo Choi's

14   alleged knowledge of "[t]he development and ownership of intellectual property at

15   issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

16   **REQUEST NO. 213:**

17       All DOCUMENTS in Ok Soo Choi's possession or control REFERRING OR

18   RELATING TO his or her alleged knowledge of "[t]he development and ownership

19   of intellectual property at issue," as alleged in MATTEL'S INITIAL

20   DISCLOSURES.

21   **REQUEST NO. 214:**

22       All DOCUMENTS REFERRING OR RELATING TO Fabienne Chonavel's

23   alleged knowledge of "[t]he development of Bratz and MGA's access to Mattel's

24   intellectual property and trade secrets" and "MGA business practices," as alleged in

25   MATTEL'S INITIAL DISCLOSURES.

26   **REQUEST NO. 215:**

27       All DOCUMENTS REFERRING OR RELATING TO Larry Clayton's

28   alleged knowledge of "[t]he development and ownership of intellectual property at

EXHIBIT ___8___    - 10 -    MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

PAGE ___216___

1  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

2  **REQUEST NO. 216:**

3  All DOCUMENTS in Larry Clayton's possession or control REFERRING

4  OR RELATING TO his alleged knowledge of "[t]he development and ownership of

5  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

6  **REQUEST NO. 217:**

7  All DOCUMENTS REFERRING OR RELATING TO Elise Cloonan's

8  alleged knowledge of "[d]esign and development of Bratz and Bryant's work for

9  MGA during his employment by Mattel," "Bryant's breach of obligations to

10  Mattel," "the development and ownership of intellectual property at issue," and

11  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

12  **REQUEST NO. 218:**

13  All DOCUMENTS REFERRING OR RELATING TO Gary Cogland's

14  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

15  or for MGA during his Mattel employment" and "MGA business practices," as

16  alleged in MATTEL'S INITIAL DISCLOSURES.

17  **REQUEST NO. 219:**

18  All DOCUMENTS REFERRING OR RELATING TO Nick Armando

19  Contreras's alleged knowledge of "MGA's access to Mattel's intellectual property

20  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

21  INITIAL DISCLOSURES.

22  **REQUEST NO. 220:**

23  All DOCUMENTS REFERRING OR RELATING TO Daniel Cooney's

24  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

25  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27  **REQUEST NO. 221:**

28  All DOCUMENTS REFERRING OR RELATING TO Stephanie Cota's

EXHIBIT ___8___

PAGE ___217___

- 11 -

1  alleged knowledge of "[t]he development and ownership of intellectual property at

2  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **REQUEST NO. 222:**

4     All DOCUMENTS in Stephanie Cota's possession or control REFERRING

5  OR RELATING TO her alleged knowledge of "[t]he development and ownership

6  of intellectual property at issue," as alleged in MATTEL'S INITIAL

7  DISCLOSURES.

8  **REQUEST NO. 223:**

9     All DOCUMENTS REFERRING OR RELATING TO David Dees's alleged

10  knowledge of "[t]he development of Bratz," as alleged in MATTEL'S INITIAL

11  DISCLOSURES.

12  **REQUEST NO. 224:**

13     All DOCUMENTS REFERRING OR RELATING TO Alan Dennis's

14  alleged knowledge of "[t]he development and ownership of intellectual property at

15  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

16  **REQUEST NO. 225:**

17     All DOCUMENTS in Alan Dennis's possession or control REFERRING OR

18  RELATING TO his alleged knowledge of "[t]he development and ownership of

19  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

20  **REQUEST NO. 226:**

21     All DOCUMENTS REFERRING OR RELATING TO Luis H. Domingo's

22  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

23  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

24  DISCLOSURES.

25  **REQUEST NO. 227:**

26     All DOCUMENTS REFERRING OR RELATING TO Ann Driskill's

27  alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged

28  in MATTEL'S INITIAL DISCLOSURES.

- 12 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

EXHIBIT ___8___

PAGE ___218___

1    **REQUEST NO. 228:**

2        All DOCUMENTS in Ann Driskill's possession or control REFERRING OR

3    RELATING TO her alleged knowledge of "Carter Bryant's breach of obligations to

4    Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

5    **REQUEST NO. 229:**

6        All DOCUMENTS REFERRING OR RELATING TO Ian Dyer's alleged

7    knowledge of "[t]he development and ownership of intellectual property at issue,"

8    as alleged in MATTEL'S INITIAL DISCLOSURES.

9    **REQUEST NO. 230:**

10       All DOCUMENTS in Ian Dyer's possession or control REFERRING OR

11   RELATING TO his alleged knowledge of "[t]he development and ownership of

12   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13   **REQUEST NO. 231:**

14       All DOCUMENTS REFERRING OR RELATING TO Robert Eckert's

15   alleged knowledge of "Mattel's business operations and the development and

16   ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

17   DISCLOSURES.

18   **REQUEST NO. 232:**

19       All DOCUMENTS in Robert Eckert's possession or control REFERRING

20   OR RELATING TO his alleged knowledge of "Mattel's business operations and

21   the development and ownership of intellectual property at issue," as alleged in

22   MATTEL'S INITIAL DISCLOSURES.

23   **REQUEST NO. 233:**

24       All DOCUMENTS REFERRING OR RELATING TO Jaime Elias's alleged

25   knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

26   alleged in MATTEL'S INITIAL DISCLOSURES.

27   **REQUEST NO. 234:**

28       All DOCUMENTS in Jaime Elias's possession or control REFERRING OR

EXHIBIT ____**F**____          - 13 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                               PRODUCTION OF DOCUMENTS AND THINGS
PAGE ____**219**____                           IN CASE NO. 05-2727

1    RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

2    property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

3    **REQUEST NO. 235:**

4         All DOCUMENTS REFERRING OR RELATING TO Wendy Feinberg's

5    alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

6    or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

7    DISCLOSURES.

8    **REQUEST NO. 236:**

9         All DOCUMENTS REFERRING OR RELATING TO Joseph B. Feldman's

10   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

11   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

12   DISCLOSURES.

13   **REQUEST NO. 237:**

14        All DOCUMENTS REFERRING OR RELATING TO Yeira Fierro's alleged

15   knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

16   alleged in MATTEL'S INITIAL DISCLOSURES.

17   **REQUEST NO. 238:**

18        All DOCUMENTS in Yeira Fierro's possession or control REFERRING OR

19   RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

20   property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

21   **REQUEST NO. 239:**

22        All DOCUMENTS REFERRING OR RELATING TO Neil Friedman's

23   alleged knowledge of "Mattel's business operations and the development and

24   ownership of intellectual property at issue" and "TIA and Toy of the Year," as

25   alleged in MATTEL'S INITIAL DISCLOSURES.

26   **REQUEST NO. 240:**

27        All DOCUMENTS in Neil Friedman's possession or control REFERRING

28   OR RELATING TO his alleged knowledge of "Mattel's business operations and

EXHIBIT _____ _f_                  - 14 -        MGA'S THIRD SET OF REQUESTS FOR THE
                                                 PRODUCTION OF DOCUMENTS AND THINGS
PAGE _____ 220                                   IN CASE NO. 05-2727

1  the development and ownership of intellectual property at issue" and "TIA and Toy

2  of the Year," as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **REQUEST NO. 241:**

4      All DOCUMENTS REFERRING OR RELATING TO Mia Maria Garcia's

5  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

6  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

7  DISCLOSURES.

8  **REQUEST NO. 242:**

9      All DOCUMENTS REFERRING OR RELATING TO Kami Gillmour-

10  Bryant's alleged knowledge of "MGA's access to Mattel's intellectual property and

11  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

12  DISCLOSURES.

13  **REQUEST NO. 243:**

14      All DOCUMENTS REFERRING OR RELATING TO Dana Goldstein's

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18  **REQUEST NO. 244:**

19      All DOCUMENTS REFERRING OR RELATING TO Carlos Gustavo

20  Machado Gomez's alleged knowledge of "MGA's theft of Mattel's intellectual

21  property and trade secrets" and "MGA business practices," as alleged in

22  MATTEL'S INITIAL DISCLOSURES.

23  **REQUEST NO. 245:**

24      All DOCUMENTS REFERRING OR RELATING TO Jean Gomez's alleged

25  knowledge of "[t]he development and ownership of intellectual property at issue,"

26  as alleged in MATTEL'S INITIAL DISCLOSURES.

27  **REQUEST NO. 246:**

28      All DOCUMENTS in Jean Gomez's possession or control REFERRING OR

1    RELATING TO her alleged knowledge of "[t]he development and ownership of

2    intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

3    **REQUEST NO. 247:**

4        All DOCUMENTS REFERRING OR RELATING TO Joanne Green's

5    alleged knowledge of "[t]he development and ownership of intellectual property at

6    issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

7    **REQUEST NO. 248:**

8        All DOCUMENTS in Joanne Green's possession or control REFERRING

9    OR RELATING TO her alleged knowledge of "[t]he development and ownership

10   of intellectual property at issue," as alleged in MATTEL'S INITIAL

11   DISCLOSURES.

12   **REQUEST NO. 249:**

13       All DOCUMENTS REFERRING OR RELATING TO Sarah Halpern's

14   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

15   secrets," "design and development of Bratz and Bryant's work with or for MGA

16   during his Mattel employment," and "Bryant's breach of obligations to Mattel," as

17   alleged in MATTEL'S INITIAL DISCLOSURES.

18   **REQUEST NO. 250:**

19       All DOCUMENTS REFERRING OR RELATING TO Janet R. Han's

20   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22   DISCLOSURES.

23   **REQUEST NO. 251:**

24       All DOCUMENTS REFERRING OR RELATING TO Melody Hanson's

25   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

26   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

27   DISCLOSURES.

28

EXHIBIT ___8___

PAGE ___222___

- 16 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**REQUEST NO. 252:**

All DOCUMENTS REFERRING OR RELATING TO Rachel Harris's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of obligations to Mattel," and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 253:**

All DOCUMENTS REFERRING OR RELATING TO Ricardo Honda Hatadi's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 254:**

All DOCUMENTS in Ricardo Honda Hatadi's possession or control REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 255:**

All DOCUMENTS in Mattel de México, S.A. de C.V.'s possession or control REFERRING OR RELATING TO Ricardo Honda Hatadi's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 256:**

All DOCUMENTS REFERRING OR RELATING TO Jill Hatch's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 257:**

All DOCUMENTS REFERRING OR RELATING TO Margaret Hatch-Leahy's alleged knowledge of "[d]esign and development of Bratz and Bryant's

EXHIBIT _____ &

PAGE _____ 223

- 17 -

MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

1  work with or for MGA during his Mattel employment," "Bryant's breach of

2  obligations to Mattel," and "MGA business practices," as alleged in MATTEL'S

3  INITIAL DISCLOSURES.

4  **REQUEST NO. 258:**

5      All DOCUMENTS REFERRING OR RELATING TO Kiyomi Haverly's

6  alleged knowledge of "[t]he development and ownership of intellectual property at

7  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

8  **REQUEST NO. 259:**

9      All DOCUMENTS in Kiyomi Haverly's possession or control REFERRING

10  OR RELATING TO her alleged knowledge of "[t]he development and ownership

11  of intellectual property at issue," as alleged in MATTEL'S INITIAL

12  DISCLOSURES.

13  **REQUEST NO. 260:**

14      All DOCUMENTS REFERRING OR RELATING TO Maria del Carmen

15  Mendez Hernandez's alleged knowledge of "MGA's access to Mattel's intellectual

16  property and trade secrets" and "MGA business practices," as alleged in

17  MATTEL'S INITIAL DISCLOSURES.

18  **REQUEST NO. 261:**

19      All DOCUMENTS REFERRING OR RELATING TO Michael Hinh's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23  **REQUEST NO. 262:**

24      All DOCUMENTS REFERRING OR RELATING TO Martin Hitch's

25  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

26  or for MGA during his Mattel employment" and "MGA business practices," as

27  alleged in MATTEL'S INITIAL DISCLOSURES.

28

EXHIBIT ____8____ - 18 -

PAGE ____223____

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1    **REQUEST NO. 263:**

2        All DOCUMENTS REFERRING OR RELATING TO Hoi Hoffman-

3    Briggs's alleged knowledge of "Bryant's breach of obligations to Mattel," as

4    alleged in MATTEL'S INITIAL DISCLOSURES.

5    **REQUEST NO. 264:**

6        All DOCUMENTS in Hoi Hoffman-Briggs's possession or control

7    REFERRING OR RELATING TO his alleged knowledge of "Bryant's breach of

8    obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

9    **REQUEST NO. 265:**

10        All DOCUMENTS REFERRING OR RELATING TO Don Howarth's

11    alleged knowledge of "[d]evelopment of Bratz," as alleged in MATTEL'S INITIAL

12    DISCLOSURES.

13    **REQUEST NO. 266:**

14        All DOCUMENTS REFERRING OR RELATING TO James Brian

15    Huntley's alleged knowledge of "MGA's access to Mattel's intellectual property

16    and trade secrets" and "MGA business practices," as alleged in MATTEL'S

17    INITIAL DISCLOSURES.

18    **REQUEST NO. 267:**

19        All DOCUMENTS REFERRING OR RELATING TO Ricardo Ibarra's

20    alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

21    secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

22    **REQUEST NO. 268:**

23        All DOCUMENTS in Ricardo Ibarra's possession or control REFERRING

24    OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's

25    intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

26    DISCLOSURES.

27    **REQUEST NO. 269:**

28        All DOCUMENTS in Mattel de México, S.A. de C.V.'s possession or

EXHIBIT ___8___          - 19 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                          PRODUCTION OF DOCUMENTS AND THINGS
PAGE ___228___                                      IN CASE NO. 05-2727

1  control REFERRING OR RELATING TO Ricardo Ibarra's alleged knowledge of

2  "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in

3  MATTEL'S INITIAL DISCLOSURES.

4  **REQUEST NO. 270:**

5      All DOCUMENTS REFERRING OR RELATING TO Roberto Isaias's

6  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

7  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

8  **REQUEST NO. 271:**

9      All DOCUMENTS in Roberto Isaias's possession or control REFERRING

10  OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's

11  intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

12  DISCLOSURES.

13  **REQUEST NO. 272:**

14      All DOCUMENTS in Mattel Chile, S.A.'s possession or control

15  REFERRING OR RELATING TO Roberto Isaias's alleged knowledge of "MGA's

16  theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

17  INITIAL DISCLOSURES.

18  **REQUEST NO. 273:**

19      All DOCUMENTS REFERRING OR RELATING TO Alice C. Kao's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23  **REQUEST NO. 274:**

24      All DOCUMENTS REFERRING OR RELATING TO Kenneth

25  Kauffmann's alleged knowledge of "MGA's access to Mattel's intellectual property

26  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

27  INITIAL DISCLOSURES.

28

EXHIBIT _____ 8 _____

PAGE _____ 226 _____

- 20 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1  **REQUEST NO. 275:**

2      All DOCUMENTS REFERRING OR RELATING TO Alan Kaye's alleged

3  knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

4  INITIAL DISCLOSURES.

5  **REQUEST NO. 276:**

6      All DOCUMENTS in Alan Kaye's possession or control REFERRING OR

7  RELATING TO his alleged knowledge of "Bryant's breach of obligations to

8  Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

9  **REQUEST NO. 277:**

10      All DOCUMENTS REFERRING OR RELATING TO Tim Kilpin's alleged

11  knowledge of "[t]he development and ownership of intellectual property at issue,"

12  as alleged in MATTEL'S INITIAL DISCLOSURES.

13  **REQUEST NO. 278:**

14      All DOCUMENTS in Tim Kilpin's possession or control REFERRING OR

15  RELATING TO his alleged knowledge of "[t]he development and ownership of

16  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

17  **REQUEST NO. 279:**

18      All DOCUMENTS REFERRING OR RELATING TO Joyce Chi Hee Kim's

19  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

20  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

21  DISCLOSURES.

22  **REQUEST NO. 280:**

23      All DOCUMENTS REFERRING OR RELATING TO Young Kim's alleged

24  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

25  and "MGA business practices," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27  **REQUEST NO. 281:**

28      All DOCUMENTS REFERRING OR RELATING TO Kristen L. Kirst's

EXHIBIT ___8___    - 21 -    MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

PAGE ___226___

1   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

2   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

3   DISCLOSURES.

4   **REQUEST NO. 282:**

5       All DOCUMENTS REFERRING OR RELATING TO Joel N. Klevins's

6   alleged knowledge of "[d]evelopment of Bratz," as alleged in MATTEL'S INITIAL

7   DISCLOSURES.

8   **REQUEST NO. 283:**

9       All DOCUMENTS REFERRING OR RELATING TO Andreas Koch's

10  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

11  or for MGA during his Mattel employment" and "MGA business practices," as

12  alleged in MATTEL'S INITIAL DISCLOSURES.

13  **REQUEST NO. 284:**

14      All DOCUMENTS REFERRING OR RELATING TO Ellen F. Komatsu's

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18  **REQUEST NO. 285:**

19      All DOCUMENTS REFERRING OR RELATING TO Kara Kuchem's

20  alleged knowledge of "[t]he development and ownership of intellectual property at

21  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

22  **REQUEST NO. 286:**

23      All DOCUMENTS in Kara Kuchem's possession or control REFERRING

24  OR RELATING TO her alleged knowledge of "[t]he development and ownership

25  of intellectual property at issue," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27  **REQUEST NO. 287:**

28      All DOCUMENTS REFERRING OR RELATING TO Susana Kuemmerle's

EXHIBIT ____8____    - 22 -     MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

PAGE ____228____

1  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

2  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

3  DISCLOSURES.

4  **REQUEST NO. 288:**

5      All DOCUMENTS REFERRING OR RELATING TO Cecelia Kwok's

6  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

7  or for MGA during his Mattel employment" and "MGA business practices," as

8  alleged in MATTEL'S INITIAL DISCLOSURES.

9  **REQUEST NO. 289:**

10      All DOCUMENTS REFERRING OR RELATING TO Sheila Kyaw's

11  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

12  or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

13  DISCLOSURES.

14  **REQUEST NO. 290:**

15      All DOCUMENTS in Sheila Kyaw's possession or control REFERRING OR

16  RELATING TO her alleged knowledge of "[d]esign and development of Bratz and

17  Bryant's work with or for MGA during his Mattel employment," as alleged in

18  MATTEL'S INITIAL DISCLOSURES.

19  **REQUEST NO. 291:**

20      All DOCUMENTS REFERRING OR RELATING TO Farhad Larian's

21  alleged knowledge of "[d]evelopment of Bratz" and "MGA's business practices,"

22  as alleged in MATTEL'S INITIAL DISCLOSURES.

23  **REQUEST NO. 292:**

24      All DOCUMENTS REFERRING OR RELATING TO Isaac Larian's alleged

25  knowledge of "[d]esign and development of Bratz and Bryant's work with or for

26  MGA during his Mattel employment," "Bryant's breach of obligations to Mattel

27  and MGA's efforts to conceal same," "MGA's theft of Mattel's intellectual

28  property and trade secrets," and "MGA's business practices," as alleged in

EXHIBIT _____ *8* _____   - 23 -   MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

PAGE _____ *229* _____

1   MATTEL'S INITIAL DISCLOSURES.

2   **REQUEST NO. 293:**

3       All DOCUMENTS REFERRING OR RELATING TO Jill Larson's alleged

4   knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

5   and "MGA business practices," as alleged in MATTEL'S INITIAL

6   DISCLOSURES.

7   **REQUEST NO. 294:**

8       All DOCUMENTS REFERRING OR RELATING TO Stephen Lee's alleged

9   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

10   MGA during his Mattel employment" and "MGA's business practices," as alleged

11   in MATTEL'S INITIAL DISCLOSURES.

12   **REQUEST NO. 295:**

13       All DOCUMENTS REFERRING OR RELATING TO Victor Lee's alleged

14   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

15   MGA during his Mattel employment" and "MGA's business practices," as alleged

16   in MATTEL'S INITIAL DISCLOSURES.

17   **REQUEST NO. 296:**

18       All DOCUMENTS REFERRING OR RELATING TO Kerri Legg's alleged

19   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

20   MGA during his Mattel employment" and "MGA's business practices," as alleged

21   in MATTEL'S INITIAL DISCLOSURES.

22   **REQUEST NO. 297:**

23       All DOCUMENTS REFERRING OR RELATING TO Lidia Ivete Montero

24   Leyva's alleged knowledge of "MGA's access to Mattel's intellectual property and

25   trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26   DISCLOSURES.

27   **REQUEST NO. 298:**

28       All DOCUMENTS REFERRING OR RELATING TO Stanley Li's alleged

EXHIBIT _____8_____

PAGE _____230_____

- 24 -

1  knowledge of "[d]esign and development of Bratz and Bryant's work with or for

2  MGA during his Mattel employment" and "MGA's business practices," as alleged

3  in MATTEL'S INITIAL DISCLOSURES.

4  **REQUEST NO. 299:**

5      All DOCUMENTS REFERRING OR RELATING TO Timothy James

6  Lider's alleged knowledge of "MGA's theft of Mattel's intellectual property and

7  trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

8  **REQUEST NO. 300:**

9      All DOCUMENTS REFERRING OR RELATING TO Steve Linker's

10  alleged knowledge of "[t]he development of intellectual property at issue," as

11  alleged in MATTEL'S INITIAL DISCLOSURES.

12  **REQUEST NO. 301:**

13      All DOCUMENTS REFERRING OR RELATING TO Dave Malacrida's

14  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

15  or for MGA during his Mattel employment" and "MGA's business practices," as

16  alleged in MATTEL'S INITIAL DISCLOSURES.

17  **REQUEST NO. 302:**

18      All DOCUMENTS REFERRING OR RELATING TO Joy Mann's alleged

19  knowledge of "[t]he development and ownership of intellectual property at issue,"

20  as alleged in MATTEL'S INITIAL DISCLOSURES.

21  **REQUEST NO. 303:**

22      All DOCUMENTS in Joy Mann's possession or control REFERRING OR

23  RELATING TO her alleged knowledge of "[t]he development and ownership of

24  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

25  **REQUEST NO. 304:**

26      All DOCUMENTS REFERRING OR RELATING TO Maria Veronica de

27  Souza Brandao Marlow's alleged knowledge of "[d]esign and development of Bratz

28  and Bryant's work with or for MGA during his Mattel employment," "MGA's

EXHIBIT _____ $\mathcal{C}$

PAGE _____ 231

- 25 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1  access to Mattel's intellectual property and trade secrets," and "MGA's business

2  practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **REQUEST NO. 305:**

4      All DOCUMENTS REFERRING OR RELATING TO Lily Martinez's

5  alleged knowledge of "[t]he development and ownership of intellectual property at

6  issue" and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

7  INITIAL DISCLOSURES.

8  **REQUEST NO. 306:**

9      All DOCUMENTS in Lily Martinez's possession or control REFERRING

10  OR RELATING TO her alleged knowledge of "[t]he development and ownership

11  of intellectual property at issue" and "Bryant's breach of obligations to Mattel," as

12  alleged in MATTEL'S INITIAL DISCLOSURES.

13  **REQUEST NO. 307:**

14  ·    All DOCUMENTS REFERRING OR RELATING TO Susan G.  McBride's

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18  **REQUEST NO. 308:**

19      All DOCUMENTS REFERRING OR RELATING TO Barbara Miller's

20  alleged knowledge of "[t]he development and ownership of intellectual property at

21  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

22  **REQUEST NO. 309:**

23      All DOCUMENTS REFERRING OR RELATING TO Frank B. Mils's

24  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

25  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27  **REQUEST NO. 310:**

28      All DOCUMENTS REFERRING OR RELATING TO Joyce Ng's alleged

EXHIBIT ____8____          - 26 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                           PRODUCTION OF DOCUMENTS AND THINGS
                                           IN CASE NO. 05-2727

PAGE ____232____

1   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

2   MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

3   DISCLOSURES.

4   **REQUEST NO. 311:**

5       All DOCUMENTS REFERRING OR RELATING TO Jill Nordquist's

6   alleged knowledge of "Bryant's breach of obligations to Mattel" and "MGA's

7   access to Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

8   INITIAL DISCLOSURES.

9   **REQUEST NO. 312:**

10      All DOCUMENTS in Jill Nordquist's possession or control REFERRING

11  OR RELATING TO her alleged knowledge of "Bryant's breach of obligations to

12  Mattel" and "MGA's access to Mattel's intellectual property and trade secrets," as

13  alleged in MATTEL'S INITIAL DISCLOSURES.

14  **REQUEST NO. 313:**

15      All DOCUMENTS REFERRING OR RELATING TO Conrad Nussbaum's

16  alleged knowledge of "Mattel's business operations, Mattel's dealings with NPD,

17  and the development and ownership of intellectual property at issue," as alleged in

18  MATTEL'S INITIAL DISCLOSURES.

19  **REQUEST NO. 314:**

20      All DOCUMENTS in Conrad Nussbaum's possession or control

21  REFERRING OR RELATING TO his alleged knowledge of "Mattel's business

22  operations, Mattel's dealings with NPD, and the development and ownership of

23  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

24  **REQUEST NO. 315:**

25      All DOCUMENTS REFERRING OR RELATING TO Laura Ochoa's

26  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

27  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

28  DISCLOSURES.

EXHIBIT _____8_____

PAGE _____233_____

- 27 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1  **REQUEST NO. 316:**

2      All DOCUMENTS REFERRING OR RELATING TO Victoria O'Connor's

3  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

4  or for MGA during his Mattel employment, and MGA's efforts to conceal same,"

5  "MGA's access to Mattel's intellectual property and trade secrets," and "MGA

6  business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

7  **REQUEST NO. 317:**

8      All DOCUMENTS REFERRING OR RELATING TO Daniel Ray Owen's

9  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

10  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11  DISCLOSURES.

12  **REQUEST NO. 318:**

13      All DOCUMENTS REFERRING OR RELATING TO Amelia Ivy Arafiles

14  Palijo's alleged knowledge of "MGA's access to Mattel's intellectual property and

15  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17  **REQUEST NO. 319:**

18      All DOCUMENTS REFERRING OR RELATING TO Karla

19  Papayanopulos's alleged knowledge of "MGA's theft of Mattel's intellectual

20  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

21  **REQUEST NO. 320:**

22      All DOCUMENTS in Karla Papayanopulos's possession or control

23  REFERRING OR RELATING TO her alleged knowledge of "MGA's theft of

24  Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

25  DISCLOSURES.

26  **REQUEST NO. 321:**

27      All DOCUMENTS in Mattel de México, S.A. de C.V.'s possession or

28  control REFERRING OR RELATING TO Karla Papayanopulos's alleged

EXHIBIT _____ 8 _____

PAGE _____ 234 _____

- 28 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1   knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

2   alleged in MATTEL'S INITIAL DISCLOSURES.

3   **REQUEST NO. 322:**

4       All DOCUMENTS REFERRING OR RELATING TO Cassidy Park's

5   alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged

6   in MATTEL'S INITIAL DISCLOSURES.

7   **REQUEST NO. 323:**

8       All DOCUMENTS in Cassidy Park's possession or control REFERRING

9   OR RELATING TO his alleged knowledge of "Carter Bryant's breach of

10  obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

11  **REQUEST NO. 324:**

12      All DOCUMENTS REFERRING OR RELATING TO Thomas Park's

13  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

14  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

15  DISCLOSURES.

16  **REQUEST NO. 325:**

17      All DOCUMENTS REFERRING OR RELATING TO Marlene Parker's

18  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

19  or for MGA during his Mattel employment" and "MGA business practices," as

20  alleged in MATTEL'S INITIAL DISCLOSURES.

21  **REQUEST NO. 326:**

22      All DOCUMENTS REFERRING OR RELATING TO Rene Pasko's alleged

23  knowledge of "[t]he development and ownership of intellectual property at issue,"

24  as alleged in MATTEL'S INITIAL DISCLOSURES.

25  **REQUEST NO. 327:**

26      All DOCUMENTS in Rene Pasko's possession or control REFERRING OR

27  RELATING TO her alleged knowledge of "[t]he development and ownership of

28  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

EXHIBIT _____8_____

PAGE _____235_____

- 29 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**REQUEST NO. 328:**

All DOCUMENTS REFERRING OR RELATING TO Danny Pestonji's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 329:**

All DOCUMENTS REFERRING OR RELATING TO Pootipong Phoosopha's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 330:**

All DOCUMENTS REFERRING OR RELATING TO Cynthia Pierce's alleged knowledge of "[p]ayment from MGA to Carter Bryant," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 331:**

All DOCUMENTS REFERRING OR RELATING TO Joni Pratte's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 332:**

All DOCUMENTS in Joni Pratte's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 333:**

All DOCUMENTS REFERRING OR RELATING TO Jacqueline Ramona Prince's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

EXHIBIT ___8___          - 30 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                         PRODUCTION OF DOCUMENTS AND THINGS
PAGE ___236___                           IN CASE NO. 05-2727

**REQUEST NO. 334:**

All DOCUMENTS REFERRING OR RELATING TO Andrea Ramirez's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 335:**

All DOCUMENTS REFERRING OR RELATING TO Jessie Ramirez's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 336:**

All DOCUMENTS REFERRING OR RELATING TO Erika Rangel's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 337:**

All DOCUMENTS REFERRING OR RELATING TO Lee Ratleff's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 338:**

All DOCUMENTS REFERRING OR RELATING TO Wendy Reed's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 339:**

All DOCUMENTS REFERRING OR RELATING TO Scot Anthony Reyes's alleged knowledge of "MGA's access to Mattel's intellectual property and

EXHIBIT _____8_____

PAGE _____237_____

- 31 -

MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

1  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

2  DISCLOSURES.

3  **REQUEST NO. 340:**

4          All DOCUMENTS REFERRING OR RELATING TO Anna Rhee's alleged

5  knowledge of "[t]he development and ownership of intellectual property at issue,"

6  "[d]esign and development of Bratz and Bryant's work with or for MGA during his

7  Mattel employment," and "Bryant's breach of obligations to Mattel," as alleged in

8  MATTEL'S INITIAL DISCLOSURES.

9  **REQUEST NO. 341:**

10          All DOCUMENTS REFERRING OR RELATING TO Judy Rich's alleged

11  knowledge of "[d]esign and development of Bratz and Bryant's work with or for

12  MGA during his Mattel employment" and "MGA business practices," as alleged in

13  MATTEL'S INITIAL DISCLOSURES.

14  **REQUEST NO. 342:**

15          All DOCUMENTS REFERRING OR RELATING TO Ian Richter's alleged

16  knowledge of "[t]he development and ownership of intellectual property at issue,"

17  as alleged in MATTEL'S INITIAL DISCLOSURES.

18  **REQUEST NO. 343:**

19          All DOCUMENTS in Ian Richter's possession or control REFERRING OR

20  RELATING TO his alleged knowledge of "[t]he development and ownership of

21  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

22  **REQUEST NO. 344:**

23          All DOCUMENTS REFERRING OR RELATING TO Alejandro Gurza

24  Romay's alleged knowledge of "MGA's access to Mattel's intellectual property and

25  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27  **REQUEST NO. 345:**

28          All DOCUMENTS REFERRING OR RELATING TO Desiree E.

EXHIBIT _____8_____          - 32 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                                PRODUCTION OF DOCUMENTS AND THINGS
PAGE _____238_____                            IN CASE NO. 05-2727

1   Ronquillo's alleged knowledge of "MGA's access to Mattel's intellectual property

2   and trade secrets" and "MGA business practices," as alleged in MATTEL'S

3   INITIAL DISCLOSURES.

4   **REQUEST NO. 346:**

5       All DOCUMENTS REFERRING OR RELATING TO David Rosenbaum's

6   alleged knowledge of "Bryant's breach of his obligations to Mattel" and "Bryant's

7   work with or for MGA during his Mattel employment," as alleged in MATTEL'S

8   INITIAL DISCLOSURES.

9   **REQUEST NO. 347:**

10      All DOCUMENTS REFERRING OR RELATING TO Lon P. Ross's alleged

11  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

12  and "MGA business practices," as alleged in MATTEL'S INITIAL

13  DISCLOSURES.

14  **REQUEST NO. 348:**

15      All DOCUMENTS REFERRING OR RELATING TO Ivy Ross's alleged

16  knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

17  INITIAL DISCLOSURES.

18  **REQUEST NO. 349:**

19      All DOCUMENTS REFERRING OR RELATING TO Arnold Rubin's

20  alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with

21  TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

22  **REQUEST NO. 350:**

23      All DOCUMENTS REFERRING OR RELATING TO Shirin Salemnia's

24  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

25  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27  **REQUEST NO. 351:**

28      All DOCUMENTS REFERRING OR RELATING TO Pablo Vargas San

EXHIBIT ____8____                   - 33 -         MGA'S THIRD SET OF REQUESTS FOR THE
                                                   PRODUCTION OF DOCUMENTS AND THINGS
PAGE ____239____                                   IN CASE NO. 05-2727

1   Jose's alleged knowledge of "MGA's theft of Mattel's intellectual property and

2   trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

3   DISCLOSURES.

4   **REQUEST NO. 352:**

5       All DOCUMENTS REFERRING OR RELATING TO Chuck Scothon's

6   alleged knowledge of "Mattel's business operations and the development and

7   ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

8   DISCLOSURES.

9   **REQUEST NO. 353:**

10      All DOCUMENTS in Chuck Scothon's possession or control REFERRING

11  OR RELATING TO his alleged knowledge of "Mattel's business operations and

12  the development and ownership of intellectual property at issue," as alleged in

13  MATTEL'S INITIAL DISCLOSURES.

14  **REQUEST NO. 354:**

15      All DOCUMENTS REFERRING OR RELATING TO Harvey Scott's

16  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

17  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

18  DISCLOSURES.

19  **REQUEST NO. 355:**

20      All DOCUMENTS REFERRING OR RELATING TO Mark Spencer's

21  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

22  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

23  **REQUEST NO. 356:**

24      All DOCUMENTS REFERRING OR RELATING TO Holly Aileen

25  Stinnett's alleged knowledge of "MGA's access to Mattel's intellectual property

26  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

27  INITIAL DISCLOSURES.

28

EXHIBIT _____ 8 _____

PAGE _____ 240 _____

- 34 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

1    **REQUEST NO. 357:**

2        All DOCUMENTS REFERRING OR RELATING TO Jier Su's alleged

3    knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

4    and "MGA business practices," as alleged in MATTEL'S INITIAL

5    DISCLOSURES.

6    **REQUEST NO. 358:**

7        All DOCUMENTS REFERRING OR RELATING TO Maureen Tafoya's

8    alleged knowledge of "MGA's access to Mattel's intellectual property and trade

9    secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

10   **REQUEST NO. 359:**

11       All DOCUMENTS in Maureen Tafoya's possession or control REFERRING

12   OR RELATING TO her alleged knowledge of "MGA's access to Mattel's

13   intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

14   DISCLOSURES.

15   **REQUEST NO. 360:**

16       All DOCUMENTS REFERRING OR RELATING TO Gail Tamae's alleged

17   knowledge of "[t]he development and ownership of intellectual property at issue,"

18   as alleged in MATTEL'S INITIAL DISCLOSURES.

19   **REQUEST NO. 361:**

20       All DOCUMENTS in Gail Tamae's possession or control REFERRING OR

21   RELATING TO her alleged knowledge of "[t]he development and ownership of

22   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

23   **REQUEST NO. 362:**

24       All DOCUMENTS REFERRING OR RELATING TO Lisa Tawil's alleged

25   knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

26   and "MGA business practices," as alleged in MATTEL'S INITIAL

27   DISCLOSURES.

28

EXHIBIT ___8___

PAGE ___241___

- 35 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**REQUEST NO. 363:**

All DOCUMENTS REFERRING OR RELATING TO Marla Reynolds Thompson's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 364:**

All DOCUMENTS REFERRING OR RELATING TO Michele Thompson's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 365:**

All DOCUMENTS REFERRING OR RELATING TO Ben Ton's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 366:**

All DOCUMENTS REFERRING OR RELATING TO Paula Dianthe Treantafelles Garcia's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel's intellectual property and trade secrets," and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 367:**

All DOCUMENTS REFERRING OR RELATING TO Frankie Tsang's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 368:**

All DOCUMENTS REFERRING OR RELATING TO Vivianne Waisman's

EXHIBIT $\mathcal{C}$

PAGE 242

- 36 -

1  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

2  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **REQUEST NO. 369:**

4      All DOCUMENTS in Vivianne Waisman's possession or control

5  REFERRING OR RELATING TO her alleged knowledge of "MGA's access to

6  Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

7  DISCLOSURES.

8  **REQUEST NO. 370:**

9      All DOCUMENTS REFERRING OR RELATING TO Simon Waldron's

10  alleged knowledge of "[t]he development and ownership of intellectual property at

11  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

12  **REQUEST NO. 371:**

13      All DOCUMENTS in Simon Waldron's possession or control REFERRING

14  OR RELATING TO his alleged knowledge of "[t]he development and ownership of

15  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

16  **REQUEST NO. 372:**

17      All DOCUMENTS REFERRING OR RELATING TO Anne Wang's alleged

18  knowledge of "Bryant's breach of his obligations to Mattel" and "Bryant's work

19  with or for MGA during his Mattel employment," as alleged in MATTEL'S

20  INITIAL DISCLOSURES.

21  **REQUEST NO. 373:**

22      All DOCUMENTS REFERRING OR RELATING TO Chang-Chin Wang's

23  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

24  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

25  DISCLOSURES.

26  **REQUEST NO. 374:**

27      All DOCUMENTS REFERRING OR RELATING TO Mercedeh Ward's

28  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

EXHIBIT ____8____          - 37 -        MGA'S THIRD SET OF REQUESTS FOR THE
                                         PRODUCTION OF DOCUMENTS AND THINGS
                                         IN CASE NO. 05-2727

PAGE ____243____

1   or for MGA during his Mattel employment," "Bryant's breach of obligations to

2   Mattel," "MGA's access to Mattel's intellectual property and trade secrets," and

3   "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

4   **REQUEST NO. 375:**

5       All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's

6   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

7   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

8   DISCLOSURES.

9   **REQUEST NO. 376:**

10      All DOCUMENTS REFERRING OR RELATING TO Therese Wilbur's

11  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

12  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

13  **REQUEST NO. 377:**

14      All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18  **REQUEST NO. 378:**

19      All DOCUMENTS REFERRING OR RELATING TO Jenny M.L. Wong's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23  **REQUEST NO. 379:**

24      All DOCUMENTS REFERRING OR RELATING TO Samuel Wong's

25  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

26  or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

27  DISCLOSURES.

28

EXHIBIT _____ 8 _____

PAGE _____ 244 _____

- 38 -

MGA'S THIRD SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

**REQUEST NO. 380:**

All DOCUMENTS REFERRING OR RELATING TO Tricia Wong's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 381:**

All DOCUMENTS in Tricia Wong's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 382:**

All DOCUMENTS REFERRING OR RELATING TO Sandy Yonemoto's alleged knowledge of "Bryant's misrepresentations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**REQUEST NO. 383:**

All DOCUMENTS in Sandy Yonemoto's possession or control REFERRING OR RELATING TO her alleged knowledge of "Bryant's misrepresentations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

Dated:  March 27, 2007          O'MELVENY & MYERS LLP


                                B. Jennifer Glad
                                Attorneys for MGA Entertainment, Inc.

EXHIBIT ___8___

PAGE ___245___          - 39 -          MGA'S THIRD SET OF REQUESTS FOR THE
                                        PRODUCTION OF DOCUMENTS AND THINGS
                                        IN CASE NO. 05-2727

## PROOF OF SERVICE

I, C. Kelley Canning, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On March 27, 2007, I served the within document(s):

**MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

☒  by causing to be personally served the document(s) listed above to the person(s) listed below.

> Michael T. Zeller, Esq.
> Timothy Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 10th Floor
> Los Angeles, CA 90017

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Keith A. Jacoby, Esq. | Patricia Glaser, Esq. |
| Littler Mendelson, P.C. | Christensen, Glaser, Fink, Jacobs, |
| 2049 Century Park East, | Weil & Shapiro, LLP |
| Fifth Floor | 10250 Constellation Blvd., |
| Los Angeles, CA 90067 | 19th Floor |
| | Los Angeles, CA 90067 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 27, 2007, at Los Angeles, California.

_C. Kelley Canning_
C. Kelley Canning

LA2:826706

EXHIBIT _8_

PAGE _246_

- 40 -

1    **PROOF OF PERSONAL SERVICE**

2        I am a citizen of the United States and employed in the County of Los

3    Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd

4    Street, Suite 705, Los Angeles, CA 90012. I am over the age of eighteen years and not a

5    party to the within action. On March 27, 2007, I personally served the following:

6        **MGA'S THIRD SET OF REQUESTS FOR THE
7    PRODUCTION OF DOCUMENTS AND THINGS IN
    CASE NO. 05-2727**

8    by delivering a copy thereof to the office of the following, and either handing the copy to

9    or leaving it with the _____ of the office thereof:

10

11                                          **Service List**

12                           **Michael T. Zeller, Esq.**
                        **Timothy Alger, Esq.**
13                      **QUINN EMANUEL URQUHART**
                     **OLIVER & HEDGES, LLP**
14                  **865 Figueroa Street, 10th Floor**
15                  **Los Angeles, California 90017**

16

17       I declare under penalty of perjury under the laws of the United States that

18   the above is true and correct. Executed on March 27, 2007, at Los Angeles, California.

19

20       SIGNATURE: _____

21       PRINTED NAME: _____

22   LA2:826708

23

24

25

26

27

28   **EXHIBIT** ___8___     - 41 -
    **PAGE** ___247___

                             MGA'S THIRD SET OF REQUESTS FOR THE
                           PRODUCTION OF DOCUMENTS AND THINGS
                                 IN CASE NO. 05-2727

1  DIANA M. TORRES (S.B. #162284)
   O'MELVENY & MYERS LLP
2  400 South Hope Street
   Los Angeles, California 90071-2899
3  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
4  Email: dtorres@omm.com

5  DALE M. CENDALI (admitted pro hac vice)
   MICHAEL KEATS (admitted pro hac vice)
6  JOHANNA SCHMITT (admitted pro hac vice)
   O'MELVENY & MYERS LLP
7  Times Square Tower
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile: (212) 326-2061
   Email: dcendali@omm.com

10
11 PATRICIA GLASER (S.B. # 55668)
   CHRISTENSEN, GLASER, FINK,
   JACOBS, WEIL & SHAPIRO LLP
12 10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
13 Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
14 Email: pglaser@chrisglase.com

15 Attorneys for Plaintiff
   MGA Entertainment, Inc.
16

17            UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA

19                   EASTERN DIVISION

20

| | |
|---|---|
| 21 CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) (Consolidated with CV 04-9059 and CV 05-2727) |
| 22                    Plaintiff, | |
| 23         v. | **MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| 24 MATTEL, INC., a Delaware Corporation, | |
| 25                    Defendant | |
| 26 CONSOLIDATED WITH | |
| 27 MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 28 | |

EXHIBIT ___9___

PAGE ___248___

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

06/06/07

| | |
|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | FOUR |
| 4 | NOS. | 384-469 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on July 6, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

**<u>DEFINITIONS</u>**

As used in these Requests:

1. "4-EVER BEST FRIENDS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "4-Ever Best Friends."

2. "ACCELERACERS" means and refers to each image, character, logo, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "AcceleRacerS."

3. "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

- 1 -

MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___9___

PAGE ___249___

4.   **"ALIEN RACERS"** means and refers to each image, character, logo, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Alien Racers."

5.   **"ART ATTACKS"** means and refers to Art Attacks Ink, LLC and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with ART ATTACKS and any others acting on ART ATTACKS's behalf, pursuant to its authority or subject to its control, including, but not limited to, JoAnne Mauck and Byron Mauck.

6.   **"BANK OF AMERICA"** means and refers to Bank of America and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with BANK OF AMERICA and any others acting on BANK OF AMERICA's behalf, pursuant to its authority or subject to its control.

7.   **"BARBIE GIRL"** means and refers to the animated "Barbie" character currently depicted on the home page of YOUR website at www.barbiegirl.com.

8.   **"BRATZ"** means and refers to each image, character, logo, doll, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

- 2 -

MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____9____

PAGE ____250____

1       9.     "BRYANT" means Carter Bryant, any of his current or former agents,

2  representatives, attorneys, employees, partners, joint venturers, and any other

3  person acting on his behalf, pursuant to his authority or subject to his control.

4       10.    "COMMUNICATION[S]" means any transmission of information

5  from one person or entity to another, including, without limitation, by personal

6  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

7  that encompasses information relating in any way to communications to, from or

8  within a business or corporate entity is hereby designated to mean, and should be

9  construed to include, all communications by and between representatives,

10  employees, agents or servants of the business or corporate entity.

11      11.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

12  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

13  writings, tangible things and property, of any kind, that are now or that have been in

14  YOUR actual or constructive possession, custody or control, including, but not

15  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

16  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

17  or nature, in, through, or from which information may be embodied, translated,

18  conveyed or stored, whether an original, a draft or copy, however produced or

19  reproduced, whether sent or received or neither, including, but not limited to, notes,

20  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

21  inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

22  records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

23  estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

24  telephone records, telegrams, telexes, literature, invoices, contracts, purchase

25  orders, estimates, recordings, transcriptions of recordings, records, books,

26  pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

27  and digital recordings, television commercials, story boards, website or other spot

28  advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT   9

PAGE    251

1   charts, drawings, sketches, messages, photographs and data contained in or

2   accessible through any electronic data processing system, including, but not limited

3   to, computer databases, data sheets, data processing cards, computer files and tapes,

4   computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

5   mail, website and web pages and transcriptions thereof and all other

6   memorializations of any conversations, meetings and conference, by telephone or

7   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

8   where such copy is not an identical duplicate of the original, whether because of

9   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

10   stamps, comments, notations, differences in stationery or any other difference or

11   modification of any kind.

12       12.   "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

13       13.   "LITTLE MOMMY" means and refers to each image, character, logo,

14   doll, toy, accessory, product, packaging or any other thing that is or has ever been

15   manufactured, marketed or sold by MATTEL, or others under license by MATTEL,

16   as part of a line of goods or merchandise commonly known as, or sold and

17   marketed under the name "Little Mommy."

18       14.   "MARKET RESEARCH" means any type of research, study, survey

19   or analysis of consumers or potential consumers of a product or potential product

20   including, without limitation, focus groups, consumer surveys, market analyses,

21   behavioral analyses and consumer research.

22       15.   "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.

23   and any of its past or present officers, directors, agents, employees, representatives,

24   consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

25   interest, entities and persons acting in joint venture or partnership relationships with

26   YOU and any others acting on YOUR behalf, pursuant to YOUR authority or

27   subject to YOUR control.

28

- 4 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____

PAGE _____ 252

1      16.   "MGA" means MGA Entertainment, Inc. and any of its past or present

2   officers, directors, agents, employees, representatives, consultants, attorneys,

3   parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

4   persons acting in joint venture or partnership relationships with MGA and any

5   others acting on MGA's behalf, pursuant to its authority or subject to its control.

6      17.   "MOMMY'S LITTLE..." means and refers to each image, character,

7   logo, doll, toy, accessory, product, packaging or any other thing that is or has ever

8   been manufactured, marketed or sold by MGA, or others under license by MGA, as

9   part of a line of goods or merchandise commonly known as, or sold and marketed

10   under the name "Mommy's Little...," including, but not limited to, "Mommy's

11   Little Patient" dolls.

12      18.   "MY SCENE" means and refers to each image, character, logo, doll,

13   toy, styling head, plush toy, play set, accessory, product, packaging or any other

14   thing that is or has ever been manufactured, marketed or sold by YOU, or others

15   under licensed by YOU, as part of a line of goods or merchandise commonly

16   known as, or sold and marketed under the name "MY SCENE."

17      19.   "POLLY POCKET" means and refers to each image, character, logo,

18   doll, styling head, toy, accessory, product, packaging or any other thing that is or

19   has ever been manufactured, marketed or sold by MATTEL, or others under license

20   by MATTEL, as part of a line of goods or merchandise commonly known as, or

21   sold and marketed under the name "Polly Pocket."

22      20.   "REFERRING OR RELATING TO" should be construed in the

23   broadest possible sense to mean concerning, consisting of, referring to, relating to,

24   describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

25   pertaining to, citing, summarizing, analyzing or bearing any logical or factual

26   connection with the matter discussed.

27      21.   "SMOBY" means the Smoby Group and any of its past or present

28   officers, directors, agents, employees, representatives, consultants, attorneys,

- 5 -

EXHIBIT ___9___

PAGE ___253___

1  parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

2  persons acting in joint venture or partnership relationships with SMOBY and any

3  others acting on SMOBY's behalf, pursuant to its authority or subject to its control.

4      22.   "TREANTAFELLES" means Paula (Treantafelles) Garcia, currently

5  MGA's Vice President of Product Design and Development.

6      23.   "WEE 3 FRIENDS" means and refers to each image, character, logo,

7  doll, toy, accessory, product, packaging or any other thing that is or has ever been

8  manufactured, marketed or sold by YOU, or others under licensed by YOU, as part

9  of a line of goods or merchandise commonly known as, or sold and marketed under

10  the name "Wee 3 Friends."

11      24.   "ZAPF" means Zapf Creation AG and any of its past or present

12  officers, directors, agents, employees, representatives, consultants, attorneys,

13  parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

14  persons acting in joint venture or partnership relationships with ZAPF and any

15  others acting on ZAPF's behalf, pursuant to its authority or subject to its control.

16      25.   The singular form includes the plural, and vice versa.

17      26.   The terms "any" and "all" are interchangeable.

18      27.   The terms "and" and "or" shall be construed disjunctively and

19  conjunctively, and each shall include the other whenever such dual construction

20  will serve to bring within the scope of any Request, DOCUMENTS that would

21  otherwise not be within its scope.

22
23                          **INSTRUCTIONS**

24      1.    YOU are instructed to produce all non-privileged DOCUMENTS in

25  YOUR possession, custody or control. A document is in YOUR "possession,

26  custody, or control" if it is in YOUR physical possession, or if, as a practical

27  matter, YOU have the ability, upon request, to obtain possession of the

28

- 6 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____Q_____

PAGE _____254_____

1    DOCUMENT or a copy thereof from another person or entity who has physical

2    possession of the DOCUMENT.

3        2.    If any DOCUMENT or category of DOCUMENTS is not produced in

4    full, please state with particularity the reason or reasons it is not being produced in

5    full.

6        3.    Each DOCUMENT is to be produced as it is kept in the usual course

7    of business, including all file folders, binders, notebooks, and other devices by

8    which such DOCUMENTS may be organized, separated, or identified.

9        4.    Each DOCUMENT maintained or stored electronically in native,

10   electronic format is to be produced with all relevant metadata intact and in an

11   appropriate and useable electronic manner.

12       5.    These Requests impose a continuing obligation subsequent to your

13   initial production to the full extent provided for in Rule 26(e) of the Federal Rules

14   of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 384:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "ACCELERACERS," including, without limitation, the purpose for which "ACCELERACERS" products were created.

**REQUEST NO. 385:**

All DOCUMENTS REFERRING OR RELATING TO the design, development, conception, creation, origins or sources of inspiration for the "ACCELERACERS" logo.

**REQUEST NO. 386:**

All DOCUMENTS REFERRING OR RELATING TO the decision rename one of YOUR "Hot Wheels" toy lines "ACCELERACERS."

**REQUEST NO. 387:**

- 7 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____9_____

PAGE _____255_____

1  All DOCUMENTS REFERRING OR RELATING TO the decision to re-
2  brand the "Hot Wheels Highway 35" line under the logo "ACCELERACERS."
3  **REQUEST NO. 388:**
4  All DOCUMENTS REFERRING OR RELATING TO the selection,
5  approval process, design and development of the "ACCELERACERS" products
6  and themes prior to their initial release to the public, including but not limited to
7  any design drawings, MARKET RESEARCH, and product approval memos.
8  **REQUEST NO. 389:**
9  All DOCUMENTS REFERRING OR RELATING TO "ALIEN RACERS"
10  as a source of inspiration for or factor in the development of "ACCELERACERS."
11  **REQUEST NO. 390:**
12  All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or
13  knowledge of "ALIEN RACERS" during the creation, design and development of
14  "ACCELERACERS."
15  **REQUEST NO. 391:**
16  All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
17  RELATING TO such COMMUNICATIONS, between John Handy and Matt
18  Bousquette regarding "ALIEN RACERS."
19  **REQUEST NO. 392:**
20  All DOCUMENTS REFERRING OR RELATING TO any similarity or
21  dissimilarity between "ALIEN RACERS" and "ACCELERACERS."
22  **REQUEST NO. 393:**
23  All DOCUMENTS REFERRING OR RELATING TO whether
24  "ACCELERACERS" copy, replicate, or in any way imitate "ALIEN RACERS."
25  **REQUEST NO. 394:**
26  All DOCUMENTS REFERRING OR RELATING TO actual or potential
27  confusion or otherwise evidencing confusion (including, but not limited to,
28  confusion among consumers, retailers, distributors, licensees or members of the

- 8 -

EXHIBIT _____9_____

PAGE _____256_____

1    press) between "ACCELERACERS" and "ALIEN RACERS."

2    **REQUEST NO. 395:**

3         Copies of all television ADVERTISEMENTS for "ACCELERACERS."

4    **REQUEST NO. 396:**

5         All DOCUMENTS REFERRING OR RELATING TO MGA's

6    ADVERTISEMENTS for "ALIEN RACERS," including but not limited to YOUR

7    efforts to analyze, copy or imitate MGA's ADVERTISEMENTS for "ALIEN

8    RACERS."

9    **REQUEST NO. 397:**

10        All DOCUMENTS REFERRING OR RELATING TO the inspiration for,

11   development of, or creation of the theme of the ADVERTISEMENTS for

12   "ACCELERACERS."

13   **REQUEST NO. 398:**

14        All DOCUMENTS REFERRING OR RELATING TO the inspiration for,

15   development of, or creation of the ad copy for the ADVERTISEMENTS for

16   "ACCELERACERS," including but not limited to the phrase "race to save the

17   world."

18   **REQUEST NO. 399:**

19        DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

20   goods sold and any other costs attributable to net profits REFERRING OR

21   RELATING TO "ACCELERACERS."

22   **REQUEST NO. 400:**

23        DOCUMENTS, including but not limited to organizational charts, sufficient

24   to identify (by name and job function) all current and former MATTEL personnel

25   and/or freelancers comprising the primary team that worked on the creation, design

26   and development of the "ACCELERACERS" products, commercials, themes and

27   logo.

28

- 9 -

EXHIBIT _____

PAGE _____ 257

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 401:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "LITTLE MOMMY," including, without limitation, the purpose for which "LITTLE MOMMY" products were created and why the "LITTLE MOMMY" name was selected.

**REQUEST NO. 402:**

All DOCUMENTS REFERRING OR RELATING TO the selection, approval process, design and development of the "LITTLE MOMMY" name, products and themes prior to their initial release to the public, including but not limited to any design drawings, MARKET RESEARCH, and product approval memos.

**REQUEST NO. 403:**

All DOCUMENTS REFERRING OR RELATING TO any "MOMMY'S LITTLE…" product, theme or name as an inspiration for or factor in the development of any "LITTLE MOMMY" product, theme or name.

**REQUEST NO. 404:**

All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or knowledge of "MOMMY'S LITTLE…" during the creation, design and development of "LITTLE MOMMY."

**REQUEST NO. 405:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "MOMMY'S LITTLE…" and "LITTLE MOMMY."

**REQUEST NO. 406:**

All DOCUMENTS REFERRING OR RELATING TO whether the name, products, appearance, or themes of "LITTLE MOMMY" copy, replicate, or in any way imitate the name, products, appearance, or themes of "MOMMY'S LITTLE…."

**REQUEST NO. 407:**

- 10 -

MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___9___

PAGE ___258___

1    All DOCUMENTS REFERRING OR RELATING TO actual or potential

2  confusion or otherwise evidencing confusion (including, but not limited to,

3  confusion among consumers, retailers, distributors, licensees or members of the

4  press) between "LITTLE MOMMY" and "MOMMY'S LITTLE...."

5  **REQUEST NO. 408:**

6    DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

7  goods sold and any other costs attributable to net profits REFERRING OR

8  RELATING TO "LITTLE MOMMY."

9  **REQUEST NO. 409:**

10    DOCUMENTS, including but not limited to organizational charts, sufficient

11  to identify (by name and job function) all current and former MATTEL personnel

12  and/or freelancers comprising the primary team that worked on the design and

13  development of the "LITTLE MOMMY" products, themes and name.

14  **REQUEST NO. 410:**

15    All DOCUMENTS REFERRING OR RELATING TO the origins or sources

16  of inspiration of "WEE 3 FRIENDS," including, without limitation, the purpose for

17  which "WEE 3 FRIENDS" products were created.

18  **REQUEST NO. 411:**

19    All DOCUMENTS REFERRING OR RELATING TO the selection,

20  approval process, design and development of the "WEE 3 FRIENDS" name,

21  products, packaging and themes prior to their release to the public, including but

22  not limited to any design drawings, MARKET RESEARCH, and product approval

23  memos.

24  **REQUEST NO. 412:**

25    All DOCUMENTS REFERRING OR RELATING TO any "4-EVER BEST

26  FRIENDS" name, product, theme or packaging as an inspiration or factor in the

27  development of any "WEE 3 FRIENDS" name, product, theme or packaging.

28  **REQUEST NO. 413:**

- 11 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 9

PAGE 259

1   All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or

2   knowledge of "4-EVER BEST FRIENDS" during the creation, design and

3   development of "WEE 3 FRIENDS."

4   **REQUEST NO. 414:**

5   All DOCUMENTS REFERRING OR RELATING TO any similarity or

6   dissimilarity between "4-EVER BEST FRIENDS" and "WEE 3 FRIENDS."

7   **REQUEST NO. 415:**

8   All DOCUMENTS REFERRING OR RELATING TO whether the

9   packaging, products, appearance, names, or themes of "WEE 3 FRIENDS" copy,

10  replicate, or in any way imitate the packaging, products, appearance, names or

11  themes of "4-EVER BEST FRIENDS."

12  **REQUEST NO. 416:**

13  All DOCUMENTS REFERRING OR RELATING TO actual or potential

14  confusion or otherwise evidencing confusion (including, but not limited to,

15  confusion among consumers, retailers, distributors, licensees or members of the

16  press) between "WEE 3 FRIENDS" and "4-EVER BEST FRIENDS."

17  **REQUEST NO. 417:**

18  DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

19  goods sold and any other costs attributable to net profits REFERRING OR

20  RELATING TO "WEE 3 FRIENDS."

21  **REQUEST NO. 418:**

22  DOCUMENTS, including but not limited to organizational charts, sufficient

23  to identify (by name and job function) all current and former MATTEL personnel

24  and/or freelancers comprising the primary team that worked on the design and

25  development of the "WEE 3 FRIENDS" products, packaging, themes and name.

26  **REQUEST NO. 419:**

27  All DOCUMENTS REFERRING OR RELATING TO the development,

28  creation, origins or sources of inspiration of YOUR tag line "Do you have a passion

- 12 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____9____

PAGE ____260____

1  for fashion?" for "Diva Starz" dolls.

2  <u>REQUEST NO. 420:</u>

3  All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or

4  knowledge of "BRATZ" during the creation, design and development of "MY

5  SCENE."

6  <u>REQUEST NO. 421:</u>

7  All DOCUMENTS REFERRING OR RELATING TO the selection,

8  approval process, design and development of "MY SCENE" products (including,

9  but not limited to, fashion dolls, styling heads and plush toys), themes and

10  packaging prior to their release to the public, including but not limited to any

11  design drawings, MARKET RESEARCH, and product approval memos.

12  <u>REQUEST NO. 422:</u>

13  All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

14  RELATING TO such COMMUNICATIONS, between MATTEL's Cassidy Park

15  and Lily Martinez, Adrienne Fontanella, Ivy Ross, Matt Bousquette, or any other

16  current or former employee of MATTEL regarding the threat of "BRATZ" to

17  MATTEL, the creation of "MY SCENE," and/or efforts to copy or knock off

18  "BRATZ."

19  <u>REQUEST NO. 423:</u>

20  All DOCUMENTS REFERRING OR RELATING TO unreleased "MY

21  SCENE" products (including, but not limited to, fashion dolls, styling heads, play

22  sets).

23  <u>REQUEST NO. 424:</u>

24  All photographs (including, but not limited to, photographs in print or digital

25  format) of "BRATZ" taken by any current or former MATTEL salesman or product

26  manager, and all DOCUMENTS REFERRING OR RELATING TO such

27  photographs, including, but not limited to, DOCUMENTS sufficient to show when

28  and where the photographs were taken.

- 13 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ 9 _____

PAGE _____ 261 _____

**REQUEST NO. 425:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook and any current or former employee of MATTEL (including, but not limited to, Connie Hibbert) regarding "BRATZ," MGA or LARIAN.

**REQUEST NO. 426:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook and any retailers (including, but not limited to, Heather Hocut, Barb Lubestine, Scott McCall, or any other current or former employees of Wal-Mart) regarding "BRATZ," MGA or LARIAN.

**REQUEST NO. 427:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU and MGA's Janine Firth.

**REQUEST NO. 428:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU and Margo Eldridge and/or any current or former employee of Eldridge Ink regarding "BRATZ," MGA or LARIAN.

**REQUEST NO. 429:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU and Andy Gallerani and/or any current or former employee of Mohr-Gallerani & More Films regarding "BRATZ," MGA or LARIAN.

**REQUEST NO. 430:**

All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van

- 14 -

MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ *C*

PAGE _____ 262

1  Doesburgh and any current or former employee of Mattel Espana S.A. (including,

2  but not limited to, Raul Van Neerbos) regarding the threat of "BRATZ" to

3  MATTEL and/or the creation of "MY SCENE."

4  **REQUEST NO. 431:**

5       All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

6  REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van

7  Doesburgh and Adrienne Fontanella, Matt Bousequette or any other current or

8  former employee of MATTEL regarding the threat of "BRATZ" to MATTEL

9  and/or the creation of "MY SCENE."

10 **REQUEST NO. 432:**

11      All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

12 REFERRING OR RELATING TO such COMMUNICATIONS, between any

13 current or former employees of Mattel Espana S.A., on the one hand, and Adrienne

14 Fontanella, Matt Bousequette or any other current or former MATTEL employees

15 regarding the threat of "BRATZ" to MATTEL and/or the creation of "MY

16 SCENE."

17 **REQUEST NO. 433:**

18      All DOCUMENTS REFERRING OR RELATING TO any effort, attempt,

19 campaign or COMMUNICATION intended to create any press, publicity or public

20 relations about MGA, "BRATZ" or any other MGA product known to YOU,

21 LARIAN, BRYANT, TREANTAFELLES or any other person known to YOU to

22 work for or with, or to have worked for or with, MGA.

23 **REQUEST NO. 434:**

24      All DOCUMENTS regarding any MARKET RESEARCH regarding MGA,

25 "BRATZ" or any other MGA product known to YOU, that has been funded or

26 commissioned (indirectly or directly, in whole or in part) by YOU.

27 **REQUEST NO. 435:**

28      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

- 15 -

EXHIBIT ___9___

PAGE ___263___

1  RELATING TO such COMMUNICATIONS, with BANK OF AMERICA

2  regarding MGA, LARIAN, "BRATZ" or any other MGA product known to YOU.

3  **REQUEST NO. 436:**

4      All DOCUMENTS REFERRING OR RELATING TO ZAPF.

5  **REQUEST NO. 437:**

6      All DOCUMENTS REFERRING OR RELATING TO MGA's acquisition of

7  or investment in ZAPF.

8  **REQUEST NO. 438:**

9      All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

10  attempts, efforts or intent to interfere with MGA's acquisition of or investment in

11  ZAPF.

12  **REQUEST NO. 439:**

13      All DOCUMENTS REFERRING OR RELATING TO YOUR interest in

14  investing in or acquiring ZAPF or plans to invest in or acquire ZAPF.

15  **REQUEST NO. 440:**

16      All DOCUMENTS REFERRING OR RELATING TO the conception,

17  creation and design of BARBIE GIRL, including without limitation, the motivation,

18  purpose, origins of, or inspiration for BARBIE GIRL.

19  **REQUEST NO. 441:**

20      All DOCUMENTS REFERRING OR RELATING TO actual or potential

21  confusion or otherwise evidencing confusion (including, but not limited to,

22  confusion among consumers, retailers, distributors, licensees or members of the

23  press) between BARBIE GIRL and "BRATZ."

24  **REQUEST NO. 442:**

25      All DOCUMENTS REFERRING OR RELATING TO any similarity or

26  dissimilarity between BARBIE GIRL and "BRATZ."

27  **REQUEST NO. 443:**

28      All DOCUMENTS REFERRING OR RELATING TO any similarity or

- 16 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  9

PAGE _____ 264

1  dissimilarity between BARBIE GIRL and the animated "Barbie" character

2  currently on the homepage of YOUR Barbie.com website.

3  **REQUEST NO. 444:**

4  DOCUMENTS, including but not limited to organizational charts, sufficient

5  to identify (by name and job function) all current and former MATTEL personnel

6  and/or freelancers comprising the primary team that worked on the creation, design

7  and development of BARBIE GIRL.

8  **REQUEST NO. 445:**

9  All DOCUMENTS REFERRING OR RELATING TO the Bratz.com

10  website, including but not limited to all DOCUMENTS REFERRING OR

11  RELATING TO this website as an inspiration for or factor in the creation and

12  development of any MATTEL website or product.

13  **REQUEST NO. 446:**

14  All DOCUMENTS REFERRING OR RELATING TO the Miuchiz.com

15  website, including but not limited to all DOCUMENTS REFERRING OR

16  RELATING TO this website as an inspiration for or factor in the creation and

17  development of any MATTEL website or product.

18  **REQUEST NO. 447:**

19  All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

20  RELATING TO such COMMUNICATIONS, between YOU (including, but not

21  limited to, MATTEL's Brian Stockton) and SMOBY (including, but not limited to,

22  SMOBY's Jean-Christophe Breuil) regarding MGA or LARIAN.

23  **REQUEST NO. 448:**

24  All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

25  RELATING TO such COMMUNICATIONS, between YOU (including, but not

26  limited to, MATTEL's Brian Stockton) and SMOBY (including, but not limited to,

27  Jean-Christophe Breuil) regarding YOUR interest in acquiring the "Majorette"

28  brand or any other SMOBY asset.

- 17 -

MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___9___

PAGE ___265___

1  **REQUEST NO. 449:**

2       All DOCUMENTS REFERRING OR RELATING TO business dealings or

3  contractual relations between MGA and SMOBY.

4  **REQUEST NO. 450:**

5       All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

6  attempts, efforts or intent to interfere with business dealings or contractual relations

7  between MGA and SMOBY.

8  **REQUEST NO. 451:**

9       All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge or

10 awareness of MGA's business dealings or contractual relations with SMOBY prior

11 to April 16, 2007.

12 **REQUEST NO. 452:**

13      All DOCUMENTS REFERRING OR RELATING TO directives, suggestions,

14 or instructions from YOU to create ADVERTISEMENTS for "MY SCENE,"

15 "POLLY POCKET," "ACCELERACERS" or any other MATTEL products using

16 elements that are similar to or the same as elements used in ADVERTISEMENTS

17 for "BRATZ," "ALIEN RACERS," or any other MGA products known to YOU.

18 **REQUEST NO. 453:**

19      All DOCUMENTS REFERRING OR RELATING TO YOUR attempts or

20 efforts to interfere with MGA's ability to produce ADVERTISEMENTS, including,

21 without limitation, efforts to hire the same actresses who appeared in MGA's

22 ADVERTISEMENTS for "BRATZ" and efforts to hire the same crew members used

23 by MGA for its ADVERTISEMENTS for "BRATZ."

24 **REQUEST NO. 454:**

25      All DOCUMENTS REFERRING OR RELATING TO proposed or actual

26 ADVERTISEMENTS for "MY SCENE," "POLLY POCKET,"

27 "ACCELERACERS," or any other MATTEL products and which also REFER OR

28 RELATE TO "BRATZ," "ALIEN RACERS," or any other MGA products known to

- 18 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____9____

PAGE _____266_____

1   YOU.

2   **REQUEST NO. 455:**

3       All DOCUMENTS REFERRING OR RELATING TO any evaluation,

4   analysis, or assessment of ADVERTISEMENTS for "BRATZ," "ALIEN RACERS,"

5   or any other MGA products known to YOU.

6   **REQUEST NO. 456:**

7       All DOCUMENTS REFERRING OR RELATING to any agreements

8   between YOU and any other person or entity (including, but not limited to, Margo

9   Eldridge, Eldridge Inc., Andy Gallerani, Mohr-Gallerani & More Films, Charlotte

10  Broussard or her company Beyond, A Production Company (a/k/a Beyond

11  Production)) which provide that such person or entity shall not work for or on

12  behalf of MGA.

13  **REQUEST NO. 457:**

14      All DOCUMENTS REFERRING OR RELATING to any requests, directions

15  or suggestions by YOU that any other person or entity (including, but not limited to,

16  Margo Eldridge, Eldridge Inc., Andy Gallerani, Mohr-Gallerani & More Films,

17  Charlotte Broussard or her company Beyond, A Production Company (a/k/a Beyond

18  Production)) not work for or on behalf of MGA.

19  **REQUEST NO. 458:**

20      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

21  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

22  general merchandise managers, retailers, suppliers, licensees, potential licensees, or

23  licensing agents world wide in which YOU made comments about the quality,

24  workmanship, safety, or design features of "BRATZ" or any other MGA products

25  known to YOU.

26  **REQUEST NO. 459:**

27      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

28  RELATING TO such COMMUNICATIONS with any industry analysts world wide

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ____9____

PAGE ____267____

1   in which YOU made comments about the quality, workmanship, safety, or design

2   features of "BRATZ" or any other MGA products known to YOU.

3   **REQUEST NO. 460:**

4        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

5   RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

6   general merchandise managers, retailers, suppliers, licensees, potential licensees, or

7   licensing agents world wide in which YOU made comments about the origins or

8   ownership of "BRATZ" or any other MGA products known to YOU.

9   **REQUEST NO. 461:**

10        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

11   RELATING TO such COMMUNICATIONS with any industry analysts world

12   wide in which YOU made comments about the origins or ownership of "BRATZ"

13   or any other MGA products known to YOU.

14   **REQUEST NO. 462:**

15        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

16   RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

17   general merchandise managers, retailers, suppliers, licensees, potential licensees, or

18   licensing agents world wide in which YOU made comments about the launch or

19   discontinuation of any "BRATZ" product or any other MGA products known to

20   YOU.

21   **REQUEST NO. 463:**

22        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

23   RELATING TO such COMMUNICATIONS with any industry analysts world

24   wide in which YOU made comments about the launch or discontinuation of any

25   "BRATZ" product or any other MGA products known to YOU.

26   **REQUEST NO. 464:**

27        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

28   RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___9___

PAGE ___268___

1  general merchandise managers, retailers, suppliers, licensees, potential licensees, or

2  licensing agents world wide in which YOU made comments about MGA's

3  operations, business practices, tactics or techniques.

4  **REQUEST NO. 465:**

5      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

6  RELATING TO such COMMUNICATIONS with any industry analysts world

7  wide in which YOU made comments about MGA's operations, business practices,

8  tactics or techniques.

9  **REQUEST NO. 466:**

10      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

11  RELATING TO such COMMUNICATIONS, with any licensees, potential

12  licensees, or licensing agents world wide in which YOU made comments about any

13  potential business dealings between MGA and any such licensee, potential licensee

14  or licensing agent.

15  **REQUEST NO. 467:**

16      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

17  RELATING TO such COMMUNICATIONS, with any former MATTEL

18  employees in which YOU made comments about any such MATTEL employees'

19  potential or actual employment with MGA.

20  **REQUEST NO. 468:**

21      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

22  RELATING TO such COMMUNICATIONS, with ART ATTACKS (including,

23  without limitation, any of ART ATTACKS' attorneys) regarding MGA, "BRATZ,"

24  BRYANT, LARIAN, any litigation between MGA and MATTEL, or any litigation

25  between MGA and ART ATTACKS.

26  **REQUEST NO. 469:**

27      All COMMUNICATIONS between Alfred R. Kahn, Chairman and CEO of

28  4Kids Entertainment Inc. and MATTEL (including, without limitation, MATTEL's

- 21 -

MGA'S FOURTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _9_

PAGE _269_

1   Neil Friedman) REFERRING OR RELATING TO "BRATZ," BRATZ television

2   programming (including without limitation any  animated program consisting of or

3   containing the BRATZ characters, images, logos, trademark and trade dress), MGA,

4   LARIAN or any other person known to YOU to work or to have worked with or for

5   MGA on "BRATZ" or BRATZ television programming, and all DOCUMENTS

6   REFERRING OR RELATING TO such COMMUNICATIONS.

7

8   Dated: June 6, 2007                    O'MELVENY & MYERS LLP

9

10

11                                         Johanna Schmitt
                                           Attorneys for MGA Entertainment, Inc.
12

13   NY1:1695331.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___9___                - 22 -        MGA'S FOURTH SET OF REQUESTS FOR THE
                                             PRODUCTION OF DOCUMENTS AND THINGS

PAGE ___270___

## PROOF OF SERVICE

I, Mila D. Sucgang, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On June 6, 2007, I served the within document(s):

**MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

☒ by causing to be personally served the document listed above to the person listed below.

> Michael T. Zeller, Esq.
> Timothy L. Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 10th Floor
> Los Angeles, CA 90017
> timalger@quinnemanuel.com
> michaelzeller@quinnemanuel.com

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Patricia Glaser, Esq.<br>Christensen, Glaser, Fink,<br>  Jacobs, Weil & Shapiro, LLP<br>10250 Constellation Blvd.,<br>19th Floor<br>Los Angeles, CA 90067<br>pglaser@chrisglase.com | Michael H. Page, Esq.<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>MPage@KVN.com |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on June 6, 2007, at Los Angeles, California.

_____
Mila D. Sucgang

EXHIBIT 9

LA2:820508.1  PAGE 271

PROOF OF SERVICE