RECEIVED

AUG 0 3 2007

CALENDARED

DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
MICHAEL KEATS (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(Consolidated with CV 04-9059 and CV 05-2727)<br><br>**MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___10___

PAGE ___272___

PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

RESPONDING PARTY:      MATTEL, INC.

SET NO.                FIVE

NOS.                   470 - 531

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.    "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2.    "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

EXHIBIT ___10___

PAGE ___273___

- 1 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

3.     "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4.     "ASAHI" means Asahi Kasei Life & Living Corporation and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei Life & Living Corporation's behalf, pursuant to its authority or subject to its control.

5.     "BRATZ" means and refers to each image, character, logo, doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

6.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

7.     "CONTESTED MGA PRODUCTS" means "Bratz" female fashion dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme, products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz" plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll line, and "Alien Racers" toy racing vehicles, as identified in Response to

- 2 -

EXHIBIT      10

PAGE      274

1  Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s

2  First Set of Interrogatories Re Claims of Unfair Competition.

3       8.    "COMMUNICATION[S]" means any transmission of information

4  from one person or entity to another, including, without limitation, by personal

5  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

6  that encompasses information relating in any way to communications to, from or

7  within a business or corporate entity is hereby designated to mean, and should be

8  construed to include, all communications by and between representatives,

9  employees, agents or servants of the business or corporate entity.

10       9.    "COUNTERCLAIM[S]" means the Second Amended Answer and

11  Counterclaims filed by Mattel on July 12, 2007.

12       10.    "DIVA STARZ" means and refers to each image, character, logo,

13  doll, toy, accessory, product, packaging or any other thing that is or has ever been

14  manufactured, marketed or sold by MATTEL, or others under license by

15  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

16  and marketed under the name "Diva Starz."

17       11.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

18  Civil Procedure 34, and shall be construed in the broadest sense to mean any and

19  all writings, tangible things and property, of any kind, that are now or that have

20  been in YOUR actual or constructive possession, custody or control, including, but

21  not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

22  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

23  or nature, in, through, or from which information may be embodied, translated,

24  conveyed or stored, whether an original, a draft or copy, however produced or

25  reproduced, whether sent or received or neither, including, but not limited to,

26  notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

27  reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

28  work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

-3-

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____10_____

PAGE _____275_____

1   sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

2   orders, telephone records, telegrams, telexes, literature, invoices, contracts,

3   purchase orders, estimates, recordings, transcriptions of recordings, records,

4   books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

5   video, audio and digital recordings, television commercials, story boards, website

6   or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

7   calendars, charts, drawings, sketches, messages, photographs and data contained in

8   or accessible through any electronic data processing system, including, but not

9   limited to, computer databases, data sheets, data processing cards, computer files

10  and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche,

11  electronic mail, website and web pages and transcriptions thereof and all other

12  memorializations of any conversations, meetings and conference, by telephone or

13  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

14  where such copy is not an identical duplicate of the original, whether because of

15  deletions, underlinings, showing of blind copies, initialing, signatures, receipt

16  stamps, comments, notations, differences in stationery or any other difference or

17  modification of any kind.

18      12.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial

19  Company Limited and any of its past or present officers, directors, agents,

20  employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

21  affiliates, predecessors-in-interest, entities and persons acting in joint venture or

22  partnership relationships with Early Light Industrial Company Limited and any

23  others acting on Early Light Industrial Company Limited's behalf, pursuant to its

24  authority or subject to its control.

25      13.   "FILO" means L.A.M.P. S.p.A., and any of its past or present

26  officers, directors, agents, employees, representatives, consultants, attorneys,

27  parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

28  persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

-4-

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_

PAGE _276_

1   and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or

2   subject to its control.

3       14.   "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or

4   present officers, directors, agents, employees, representatives, consultants,

5   attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

6   entities and persons acting in joint venture or partnership relationships with Fisher-

7   Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-

8   Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

9       15.   "JETTA" means the toy manufacturer Jetta Company Limited, and

10  any of its past or present officers, directors, agents, employees, representatives,

11  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

12  interest, entities and persons acting in joint venture or partnership relationships

13  with Jetta Company Limited and any others acting on Jetta Company Limited's

14  behalf, pursuant to its authority or subject to its control.

15      16.   "KANEKA" means plastics manufacturer Kaneka Corporation, and

16  any of its past or present officers, directors, agents, employees, representatives,

17  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

18  interest, entities and persons acting in joint venture or partnership relationships

19  with Kaneka Corporation and any others acting on Kaneka Corporation's behalf,

20  pursuant to its authority or subject to its control.

21      17.   "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

22      18.   "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.

23  and any of its past or present officers, directors, agents, employees,

24  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

25  predecessors-in-interest, entities and persons acting in joint venture or partnership

26  relationships with YOU and any others acting on YOUR behalf, pursuant to

27  YOUR authority or subject to YOUR control.

28

EXHIBIT ___10___          - 5 -          MGA'S FIFTH SET OF REQUESTS FOR THE
                                          PRODUCTION OF DOCUMENTS AND THINGS

PAGE ___277___

19.    "MGA" means MGA Entertainment, Inc. and any of its past or
present officers, directors, agents, employees, representatives, consultants,
attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,
entities and persons acting in joint venture or partnership relationships with MGA
and any others acting on MGA's behalf, pursuant to its authority or subject to its
control.

20.    "MY SCENE" means and refers to each image, character, logo, doll,
toy, styling head, plush toy, play set, accessory, product, packaging or any other
thing that is or has ever been manufactured, marketed or sold by YOU, or others
under licensed by YOU, as part of a line of goods or merchandise commonly
known as, or sold and marketed under the name "MY SCENE."

21.    "PERSON[S]" means any or all entities, including but not limited to,
any or all individuals, single proprietorships, associations, companies, firms,
partnerships, joint ventures, corporations, employees or former employees, or any
other business, governmental, or labor entity, and any divisions, departments, or
other units thereof.

22.    "POLLY POCKET COLOR SURPRISE POLLY" means and refers to
each image, character, logo, doll, styling head, toy, accessory, product, packaging
or any other thing that is or has ever been manufactured, marketed or sold by
MATTEL, or others under license by MATTEL, as part of a line of goods or
merchandise commonly known as, or sold and marketed under the name "Polly
Pocket Color Surprise Polly."

23.    "REFERRING OR RELATING TO" should be construed in the
broadest possible sense to mean concerning, consisting of, referring to, relating to,
describing, discussing, constituting, evidencing, containing, reflecting,
mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or
factual connection with the matter discussed.

EXHIBIT _10_                    - 6 -          MGA'S FIFTH SET OF REQUESTS FOR THE
                                              PRODUCTION OF DOCUMENTS AND THINGS

PAGE _878_

24. **"SIMBA TOYS"** means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

25. **"SIMBA LITIGATION"** means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

26. **"UNIVERSAL"** means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

27. **"ZEUS SERVER"** means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

28. The singular form includes the plural, and vice versa.

29. The terms "any" and "all" are interchangeable.

30. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

EXHIBIT __10__                     - 7 -              MGA'S FIFTH SET OF REQUESTS FOR THE
                                                      PRODUCTION OF DOCUMENTS AND THINGS
PAGE ____279____

## INSTRUCTIONS

1.      YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.      If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

3.      Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.      Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.      These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 470:

All DOCUMENTS REFERRING OR RELATING TO any claims and/or litigation that MATTEL or FISHER-PRICE has brought or considered bringing against any PERSON regarding infringement of MY SCENE, DIVA STARZ, or any other intellectual property including, but not limited to, cease and desist letters.

### REQUEST NO. 471:

All DOCUMENTS REFERRING OR RELATING TO any claims, threat of

- 8 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_

PAGE _280_

1  litigation and/or litigation that any PERSON has asserted against MATTEL

2  regarding infringement by MY SCENE or DIVA STARZ, including, but not

3  limited to, cease and desist letters.

4  **REQUEST NO. 472:**

5       All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6  LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7  briefs, deposition transcripts, orders or other documents, and any English

8  translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9  support of its claims and defenses or any rulings or decisions issued by the court.

10 **REQUEST NO. 473:**

11      All DOCUMENTS REFERRING OR RELATING TO the creation and

12 development of the "We Believe in Girls" website, found at

13 www.webelieveingirls.com, that also mention BRATZ and/or MGA.

14 **REQUEST NO. 474:**

15      All DOCUMENTS REFERRING OR RELATING TO the mention of

16 BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

17 limited to, any community bulletin boards.

18 **REQUEST NO. 475:**

19      Copies of all photographs taken by MATTEL (including, but not limited to,

20 MATTEL's counsel) during the course of its inspection of any DOCUMENT or

21 item made available to it by MGA or Bryant, including, but not limited to,

22 products, packaging, samples, sculptures, sketches, or drawings.

23 **REQUEST NO. 476:**

24      All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any

25 efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

26 MGA's trade secrets, non-public information, non-public activities, unreleased

27 products, and product development, including, but not limited to:

28

- 9 -

EXHIBIT ___10___

PAGE ___281___

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1         a.     DOCUMENTS REFERRING OR RELATING TO YOUR

2    COMMUNICATIONS or contacts with MGA's current or former employees or

3    contractors about MGA or its business, including, but not limited to, any tape

4    recordings of such COMMUNICATIONS;

5         b.     DOCUMENTS REFERRING OR RELATING TO YOUR use or

6    attempts to use confidential informants, spies, or moles within MGA, including, but

7    not limited to, any tape recordings of MGA employees or contractors;

8         c.     DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

9    of any MGA product before its release to the public or of any other non-public

10   information about MGA, its business or its products;

11        d.     DOCUMENTS REFERRING OR RELATING TO YOUR access, or

12   attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising

13   displays, Toy Fair displays on false pretenses (including, but not limited to, by

14   using fake business cards);

15        f.     DOCUMENTS REFERRING OR RELATING TO YOUR access to

16   MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair,

17   New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

18        h.     YOUR access to MGA's confidential product and pricing information

19   through "competitive management agreements" or "category management"

20   agreements" with retailers; and

21        i.     YOUR access to MGA's confidential product and pricing information

22   from non-public sources and/or through non-public means.

23   **REQUEST NO. 477:**

24        All COMMUNICATIONS between YOU and any recruiting agency or

25   service including, but not limited to, Gregory Michaels & Associates, that REFER

26   OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

27   **REQUEST NO. 478:**

28        All DOCUMENTS REFERRING OR RELATING to any use or

- 10 -

EXHIBIT _10_

PAGE _282_

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1  contemplated use by YOU of any recruiting agency or service including, but not

2  limited to Gregory Michaels & Associates to contact or recruit any MGA employee

3  to work for YOU.

4  **REQUEST NO. 479:**

5      DOCUMENTS sufficient to show weekly and monthly point of sale data for

6  MY SCENE fashion dolls.

7  **REQUEST NO. 480:**

8      All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

9  reproduction, copying, storage, transmission, transfer, retention, destruction,

10  deletion, or use of any DOCUMENT identifying MGA products in the course of

11  any planning, design, development or revision of any YOUR products.

12  **REQUEST NO. 481:**

13      All DOCUMENTS, including, but not limited to, any compilation of

14  information, that were prepared, made, created, generated, assembled or compiled

15  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de

16  C.V.

17  **REQUEST NO. 482:**

18      All DOCUMENTS, including, but not limited to, any compilation of

19  information, that were prepared, made, created, generated, assembled or compiled

20  by or for MGA or any MGA subsidiary, and that YOU received from any third

21  party, including Rachel Harris or Fred Larian.

22  **REQUEST NO. 483:**

23      All investigative files REFERRING OR RELATING to BRYANT, MGA or

24  any of its employees, including but not limited to file numbers 02-299, 02-1680,

25  and 03-034.

26  **REQUEST NO. 484:**

27      DOCUMENTS sufficient to show the directory structure of the ZEUS

28  SERVER as it relates to MATTEL's girls toys division.

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _____ *10*

PAGE _____ *283*

**REQUEST NO. 485:**

All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**REQUEST NO. 486:**

All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**REQUEST NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 488:**

All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 489:**

All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

**REQUEST NO. 490:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared,

- 12 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_

PAGE _284_

1  made, created, generated, assembled or compiled by or for MGA or any MGA

2  subsidiary.

3  **REQUEST NO. 491:**

4      All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

5  that any of the items seized by Canadian authorities from Brisbois' thumb drive

6  were prepared, made, created, generated, assembled or compiled by or for MGA or

7  any MGA subsidiary.

8  **REQUEST NO. 492:**

9      All DOCUMENTS that REFER OR RELATE TO the retention, destruction,

10  transfer, or use of any information or DOCUMENTS known to or possessed by any

11  current or former MGA employee, freelancer or contractor, including but not

12  limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard,

13  and Andrew Gallerani.

14  **REQUEST NO. 493:**

15      All COMMUNICATIONS between YOU and any PERSON REFERRING

16  OR RELATING TO the retention, destruction, transfer, or use of any information

17  or DOCUMENTS known to or possessed by any current or former MGA employee,

18  freelancer or contractor, including but not limited to Tina Patel, Christopher

19  Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

20  **REQUEST NO. 494:**

21      All COMMUNICATIONS between YOU and Tina Patel prior to her date of

22  hire by MATTEL.

23  **REQUEST NO. 495:**

24      All DOCUMENTS REFERRING OR RELATING TO

25  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

26  MATTEL, including but not limited to all calendar entries, phone logs, phone

27  records and notes reflecting such COMMUNICATIONS.

28  **REQUEST NO. 496:**

- 13 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_

PAGE _285_

1    All DOCUMENTS, including but not limited to all COMMUNICATIONS

2    with any PERSON, REFERRING OR RELATING TO Tina Patel prior to her date

3    of hire by MATTEL.

4    **REQUEST NO. 497:**

5    All DOCUMENTS, including but not limited to all COMMUNICATIONS

6    with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation

7    from MGA.

8    **REQUEST NO. 498:**

9    All DOCUMENTS, including but not limited to all COMMUNICATIONS

10   with any PERSON, REFERRING OR RELATING TO compensation, money or

11   any other item of value paid to Tina Patel, whether directly or indirectly, by YOU.

12   **REQUEST NO. 499:**

13   All DOCUMENTS received by YOU, directly or indirectly, from Tina Patel

14   REFERRING OR RELATING TO any MGA product or plan.

15   **REQUEST NO. 500:**

16   All DOCUMENTS, including but not limited to all COMMUNICATIONS

17   with any PERSON, REFERRING OR RELATING TO YOUR receipt,

18   reproduction, copying, storage, transmission, transfer, retention, destruction,

19   deletion or use of any DOCUMENTS, data and/or information, including but not

20   limited to any compilation of information, that was prepared, made, created,

21   generated, assembled or compiled by or for MGA and that YOU received, directly

22   or indirectly, from Tina Patel.

23   **REQUEST NO. 501:**

24   A copy of each personnel file maintained or created by YOU REFERRING

25   OR RELATING TO Tina Patel.

26   **REQUEST NO. 502:**

27   All DOCUMENTS, including but not limited to all COMMUNICATIONS,

28   prepared, created, sent or transmitted, whether in whole or in part, by Tina Patel

- 14 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_

PAGE _286_

1  REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

2  **REQUEST NO. 503:**

3       All COMMUNICATIONS between YOU and Christopher Hardouin prior to

4  his date of hire by MATTEL.

5  **REQUEST NO. 504:**

6       All DOCUMENTS REFERRING OR RELATING TO

7  COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

8  hire by MATTEL, including but not limited to all calendar entries, phone logs,

9  phone records and notes reflecting such COMMUNICATIONS.

10  **REQUEST NO. 505:**

11       All DOCUMENTS, including but not limited to all COMMUNICATIONS

12  with any PERSON, REFERRING OR RELATING TO Christopher Hardouin prior

13  to his date of hire by MATTEL.

14  **REQUEST NO. 506:**

15       All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, REFERRING OR RELATING TO Christopher Hardouin's

17  resignation from MGA.

18  **REQUEST NO. 507:**

19       All DOCUMENTS, including but not limited to all COMMUNICATIONS

20  with any PERSON, REFERRING OR RELATING TO compensation, money or

21  any other item of value paid to Christopher Hardouin, whether directly or

22  indirectly, by YOU.

23  **REQUEST NO. 508:**

24       All DOCUMENTS received by YOU, directly or indirectly, from

25  Christopher Hardouin REFERRING OR RELATING TO any MGA product or

26  plan.

27  **REQUEST NO. 509:**

28       All DOCUMENTS, including but not limited to all COMMUNICATIONS

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT    10

PAGE    287

1  with any PERSON, REFERRING OR RELATING TO YOUR receipt,

2  reproduction, copying, storage, transmission, transfer, retention, destruction,

3  deletion or use of any DOCUMENTS, data and/or information, including but not

4  limited to any compilation of information, that was prepared, made, created,

5  generated, assembled or compiled by or for MGA and that YOU received, directly

6  or indirectly, from Christopher Hardouin.

7  **REQUEST NO. 510:**

8      A copy of each personnel file maintained or created by YOU REFERRING

9  OR RELATING TO Christopher Hardouin.

10  **REQUEST NO. 511:**

11      All DOCUMENTS, including but not limited to all COMMUNICATIONS,

12  prepared, created, sent or transmitted, whether in whole or in part, by Christopher

13  Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA

14  PRODUCTS.

15  **REQUEST NO. 512:**

16      . All DOCUMENTS REFERRING OR RELATING TO the creation, origins

17  or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY"

18  including, without limitation, the creation, origins or sources of inspiration of the

19  pose of "POLLY POCKET COLOR SURPRISE POLLY."

20  **REQUEST NO. 513:**

21      All DOCUMENTS REFERRING OR RELATING TO any similarity or

22  dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

23  MGA product (whether released or unreleased) known to YOU, including but not

24  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

25  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

26  **REQUEST NO. 514:**

27      All DOCUMENTS REFERRING OR RELATING TO whether the

28  appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

- 16 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  *10*

PAGE  288

1  replicates, or in any way imitates the appearance or pose of any MGA product

2  (whether released or unreleased) known to YOU.

3  **REQUEST NO. 515:**

4      DOCUMENTS, including but not limited to organizational charts, sufficient

5  to identify (by name and job function) all current and former MATTEL personnel

6  and/or freelancers comprising the primary team that worked on the creation, design

7  and development of "POLLY POCKET COLOR SURPRISE POLLY."

8  **REQUEST NO. 516:**

9      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

10  institute a litigation hold in response to the litigation originally captioned *Mattel,*

11  *Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

12  **REQUEST NO. 517:**

13      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

14  institute a litigation hold in response to the litigation originally captioned *MGA*

15  *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

16  **REQUEST NO. 518:**

17      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

18  institute a litigation hold in response to the litigation originally captioned *Bryant v.*

19  *Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

20  **REQUEST NO. 519:**

21      All COMMUNICATIONS between YOU and the toy manufacturer JETTA

22  REFERRING OR RELATING to MGA, BRATZ or LARIAN.

23  **REQUEST NO. 520:**

24      All COMMUNICATIONS between YOU and EARLY LIGHT, including

25  but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR

26  RELATING to MGA, BRATZ or LARIAN.

27  **REQUEST NO. 521:**

28      All COMMUNICATIONS between YOU and ASAHI REFERRING OR

- 17 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_

PAGE _289_

1  RELATING to MGA, BRATZ or LARIAN.

2  **REQUEST NO. 522:**

3      All COMMUNICATIONS between YOU and UNIVERSAL REFERRING

4  OR RELATING to MGA, BRATZ or LARIAN.

5  **REQUEST NO. 523:**

6      All COMMUNICATIONS between YOU and KANEKA REFERRING OR

7  RELATING to MGA, BRATZ or LARIAN.

8  **REQUEST NO. 524:**

9      All COMMUNICATIONS between YOU and FILO REFERRING OR

10  RELATING to MGA, BRATZ or LARIAN.

11  **REQUEST NO. 525:**

12      Copies of all producers' affidavits for any ADVERTISEMENT for MY

13  SCENE or ACCELERACERS.

14  **REQUEST NO. 526:**

15      All DOCUMENTS that constitute COMMUNICATIONS between YOU

16  (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

17  Canada or the United States, including but not limited to the United States

18  Attorney's Office, the Department of Justice and any national, regional, state or

19  local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS

20  or any other alleged taking of confidential MATTEL information by MGA or

21  persons currently or formerly employed by MGA.

22  **REQUEST NO. 527:**

23      All DOCUMENTS REFERRING OR RELATING TO Board of Directors

24  meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer, Janine

25  Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or Pablo

26  Vargas San Jose were discussed, including, but not limited to, meeting minutes,

27  notes and memoranda.

28  **REQUEST NO. 528:**

- 18 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _10_,

PAGE _290_

1       All DOCUMENTS that YOU (including YOUR agents and attorneys)
2   provided to law enforcement authorities in Mexico, Canada or the United States,
3   including but not limited to the United States Attorney's Office, the Department of
4   Justice and any national, regional, state or local authorities, concerning any of the
5   allegations in YOUR COUNTERCLAIMS or any other alleged taking of
6   confidential MATTEL information by MGA or persons currently or formerly
7   employed by MGA.
8   **REQUEST NO. 529:**
9       All DOCUMENTS that support the information and belief alleged in
10  paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.
11  **REQUEST NO. 530:**
12      All DOCUMENTS, including but not limited to agreements, draft
13  agreements and correspondence, REFERRING OR RELATING TO the payment or
14  offer of payment of attorneys fees by MATTEL to any PERSON in connection this
15  ACTION.
16  **REQUEST NO. 531:**
17      DOCUMENTS sufficient to show YOUR fee arrangement with YOUR
18  counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection
19  with this ACTION, including, but not limited to, a copy of the fee agreement or
20  retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges
21  LLP.
22
23      Dated: August 3, 2007        O'MELVENY & MYERS LLP
24
25                                  *Melanie Bradley*
26                                  Melanie Bradley
27                                  Attorneys for MGA Entertainment, Inc.
28  1704218

EXHIBIT _____ 10

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

PAGE _____ 291

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On August 3, 2007, I caused to be personally served the following documents:

1. **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California  90017

☒  (By Personal Service)  I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California  90012.

☐  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)  I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2007, at Los Angeles, California.

Mary C. Layman

LA2:830924.1

EXHIBIT _10_

PAGE _292_

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd Street, Suite 705, Los Angeles, CA 90012.  I am over the age of eighteen years and not a party to the within action.  On May 8, 2007, I personally served the following:

1. **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _____ of the office thereof:

### Service List

**Michael T. Zeller, Esq.**
**QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP**
**865 Figueroa Street, 10th Floor**
**Los Angeles, California  90017**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 8, 2006, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

EXHIBIT _10_

PAGE _293_

LA2:830925.1

Calendared
RECEIVED

NOV 16 2007

1   THOMAS J. NOLAN (Bar No. 066992)
    HARRIET S. POSNER (Bar. No. 116097)
2   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue
3   Los Angeles, California 90071-3144
    Telephone:   (213) 687-5000
4   Facsimile:   (213) 687-5600
    E-mail:   tnolan@skadden.com
5             hposner@skadden.com

6   RAOUL D. KENNEDY (Bar No. 40892)
    TIMOTHY A. MILLER (Bar No. 154744)
7   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    4 Embarcadero Center, 38th Floor
8   San Francisco, CA 94111-5974
    Telephone:   (415) 984-6400
9   Facsimile:   (415) 984-2698
    Email:   rkennedy@skadden.com
10           tmiller@skadden.com

11  AMY S. PARK (Bar No. 208204)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
12  525 University Avenue
    Palo Alto, CA 94301
13  Telephone:   (650) 470-4500
    Facsimile:   (650) 470-4570
14  Email:   apark@skadden.com

15  Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
16  (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19                   EASTERN DIVISION

20  CARTER BRYANT, an individual        )   CASE NO. CV 04-9049 SGL (RNBx)
                                        )
21                      Plaintiff,      )   Consolidated with Case No. 04-9059
                                        )   and Case No. 05-2727
22        v.                            )
                                        )
23  MATTEL, INC., a Delaware            )   MGA'S SIXTH SET OF
    corporation                         )   REQUESTS FOR THE
24                                      )   PRODUCTION OF
                        Defendant.      )   DOCUMENTS AND THINGS
25                                      )   IN CASE NO. 05-2727
                                        )
26                                      )   Honorable Stephen G. Larson
                                        )   Courtroom 1
27  _____ )

28

EXHIBIT  ||

11-16        PAGE        294

Consolidated with MATTEL, INC. v. )    Discovery Cut-Off: March 3, 2008
BRYANT and MGA )
ENTERTAINMENT, INC. v. )
MATTEL, INC. )

**PROPOUNDING PARTY:**    **MGA ENTERTAINMENT, INC.**

**RESPONDING PARTY:**    **MATTEL, INC.**

**SET NUMBER:**    **SIX**

**NOs.:**    **540 - 571**

EXHIBIT _11_

PAGE _295_

MGA'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS    NO. CV 05-2727 SGL (RNBx)

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on December 16, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.      "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

2.      "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

3.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

4.      "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a

---

MGA'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS     NO. CV 05-2727 SGL (RNBx)

EXHIBIT _____ 1 _____   1

PAGE _____ 294 _____

1  business or corporate entity is hereby designated to mean, and should be construed to

2  include, all communications by and between representatives, employees, agents or

3  servants of the business or corporate entity.

4       5.   "CONFLICT OF INTEREST QUESTIONNAIRE" shall mean any form

5  of employment agreement concerning, *inter alia*, relations, if any, between Mattel's

6  employees, suppliers, and/or competition, whether known by the title "Conflict of

7  Interest Questionnaire" or any other title, including without limitation the form of

8  Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire"

9  executed by BRYANT on or about January 4, 1999.

10       6.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

11  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

12  writings, tangible things and property, of any kind, that are now or that have been in

13  YOUR actual or constructive possession, custody or control, including, but not

14  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

15  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

16  or nature, in, through, or from which information may be embodied, translated,

17  conveyed or stored, whether an original, a draft or copy, however produced or

18  reproduced, whether sent or received or neither, including, but not limited to, notes,

19  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

20  inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

21  records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

22  estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

23  telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders,

24  estimates, recordings, transcriptions of recordings, records, books, pamphlets,

25  periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital

26  recordings, television commercials, story boards, website or other spot

27  advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

28

1  charts, drawings, sketches, messages, photographs and data contained in or

2  accessible through any electronic data processing system, including, but not limited

3  to, computer databases, data sheets, data processing cards, computer files and tapes,

4  computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

5  mail, website and web pages and transcriptions thereof and all other

6  memorializations of any conversations, meetings and conference, by telephone or

7  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

8  such copy is not an identical duplicate of the original, whether because of deletions,

9  underlinings, showing of blind copies, initialing, signatures, receipt stamps,

10  comments, notations, differences in stationery or any other difference or

11  modification of any kind.

12      7.    "EMPLOYEE INVENTIONS AGREEMENT" shall mean any form of

13  Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions,

14  and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title "Employee

15  Confidential Information and Inventions Agreement" or any other title, including

16  without limitation the form of Employee Inventions Agreement entitled "Employee

17  Confidential Information and Inventions Agreement" executed by BRYANT on or

18  about January 4, 1999.

19      8.    "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

20  of its past or present officers, directors, agents, employees, representatives,

21  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

22  interest, entities and persons acting in joint venture or partnership relationships with

23  YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject

24  to YOUR control.

25      9.    "MGA" means MGA Entertainment, Inc. and any of its past or present

26  officers, directors, agents, employees, representatives, consultants, attorneys, parents,

27  subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting

28

1  in joint venture or partnership relationships with MGA and any others acting on

2  MGA's behalf, pursuant to its authority or subject to its control.

3       10.   "MY SCENE" means and refers to each image, character, logo, doll,

4  fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or

5  any other thing that is or has ever been manufactured, marketed or sold by YOU, or

6  others under licensed by YOU, as part of a line of goods or merchandise commonly

7  known as, or sold and marketed under the name "My Scene."

8       11.   "MY SCENE DOLL" means any fashion doll that is or has ever been

9  distributed, marketed, sold or offered for sale under the name "My Scene" or as part

10  of the "My Scene" line, including separate themes.

11       12.   "REFERRING OR RELATING TO" should be construed in the

12  broadest possible sense to mean concerning, consisting of, referring to, relating to,

13  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

14  pertaining to, citing, summarizing, analyzing or bearing any logical or factual

15  connection with the matter discussed.

16

17                  **INSTRUCTIONS**

18       1.   YOU are instructed to produce all non-privileged DOCUMENTS in

19  YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession,

20  custody, or control" if it is in YOUR physical possession, or if, as a practical matter,

21  YOU have the ability, upon request, to obtain possession of the DOCUMENT or a

22  copy thereof from another person or entity who has physical possession of the

23  DOCUMENT.

24       2.   YOU are instructed to produce all non-privileged DOCUMENTS

25  responsive to these Requests to the extent YOU have not previously produced them

26  to MGA.

27     EXHIBIT _____11_____

28     PAGE _____299_____

MGA'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS   NO. CV 05-2727 SGL (RNBx)

4

3. If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

4. Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

5. Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

6. Unless otherwise noted, these Requests seek DOCUMENTS from January 1, 1998, to the present.

7. These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 540:**

Each of MATTEL's Brand Directional Outlines.

**REQUEST NO. 541:**

Each version of the EMPLOYEE INVENTIONS AGREEMENT adopted and/or used by or on behalf of MATTEL, including specifically the version identified by Lissa Freed at her deposition, pages 56-59, implemented by MATTEL according to her testimony during the years 2004-2006.

**REQUEST NO. 542**

Each version of MATTEL's "Proprietary Information Checkout" form, and/or each version of any similar forms used for a comparable purpose in connection with

EXHIBIT _____ 11

PAGE _____ 302

1  employee exit processing, whether known by the name "Proprietary Information

2  Checkout" form or any other name.

3  **REQUEST NO. 543:**

4      All DOCUMENTS concerning each instance in which any provision of an

5  EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached

6  by an employee, independent contractor, or any other person with whom MATTEL

7  had entered into an EMPLOYEE INVENTIONS AGREEMENT, including but not

8  limited to employee personnel files to the extent not protected by applicable federal

9  or state privacy laws; letters, e-mails, or other forms of correspondence; and

10  DOCUMENTS sufficient to evidence litigations.

11  **REQUEST NO. 544:**

12      Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted

13  and/or used by or on behalf of MATTEL.

14  **REQUEST NO. 545:**

15      Each DOCUMENT evidencing a disclosure by a MATTEL employee of pre-

16  employment inventions disclosed to MATTEL in connection with the employee's

17  execution of MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE.

18  **REQUEST NO. 546:**

19      All DOCUMENTS concerning each instance in which any provision of a

20  CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be

21  breached by an employee, independent contractor, or any other person with whom

22  MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE,

23  including but not limited to employee personnel files to the extent not protected by

24  applicable federal or state privacy laws; letters, e-mails, or other forms of

25  correspondence; and DOCUMENTS sufficient to evidence litigations.

26

27  EXHIBIT _____ 11

28  PAGE _____ 301

**REQUEST NO. 547:**

All DOCUMENTS evidencing a MATTEL reminder COMMUNICATION to MATTEL employees and/or independent contractors relating to their obligations under any of the EMPLOYEE INVENTIONS AGREEMENT, CONFLICT OF INTEREST QUESTIONNAIRE, and/or MATTEL's policy concerning conflict(s) of interest.

**REQUEST NO. 548:**

DOCUMENTS sufficient to evidence each complaint, tip, or other COMMUNICATION, whether oral or written, received by MATTEL that alleged a breach and/or violation of any of the EMPLOYEE INVENTIONS AGREEMENT, the CONFLICT OF INTEREST QUESTIONNAIRE, and/or MATTEL's policies concerning conflict(s) of interest.

**REQUEST NO. 549:**

Each "brand brief," "creative brief," or other similar DOCUMENT concerning the advertising strategy for MATTEL's "BARBIE" products, including but not limited to "BARBIE" dolls.

**REQUEST NO. 550:**

Each "brand brief," "creative brief," or other similar DOCUMENT concerning the advertising strategy for MATTEL's "MY SCENE" products, including but not limited to "MY SCENE" DOLLS.

**REQUEST NO. 551:**

Each report, study, presentation, memorandum, or other DOCUMENT that analyzed the effectiveness of any television commercial or any advertising campaign for MATTEL's "BARBIE" products, including but not limited to "BARBIE" dolls.

**REQUEST NO. 552:**

Each report, study, presentation, memorandum, or other DOCUMENT that analyzed the effectiveness of any television commercial or any advertising campaign

1  for MATTEL's "MY SCENE" products, including but not limited to "MY SCENE"

2  DOLLS.

3  **REQUEST NO. 553:**

4      DOCUMENTS sufficient to evidence each of MATTEL's policies, procedures,

5  rules, or strategies, whether written or oral, concerning the number and/or types of

6  products perceived as being in actual or potential competition with MATTEL's

7  "BARBIE" dolls that MATTEL would market, sell, offer for sale, or otherwise

8  introduce to consumers.

9  **REQUEST NO. 554:**

10      To the extent not already produced in response to the foregoing Requests, all

11  DOCUMENTS and things identified in response to MGA's Second Set of

12  Interrogatories.

13  **REQUEST NO. 555:**

14      Each report of consumer or customer research relating to the market for

15  fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or

16  otherwise.

17  **REQUEST NO. 556:**

18      All DOCUMENTS relating to each "stopper" product introduction launched

19  by MATTEL in response to the launch of a MATTEL competitor's product, and all

20  DOCUMENTS assessing the success of MATTEL's "stopper" product.

21  **REQUEST NO. 557:**

22      DOCUMENTS sufficient to evidence each assessment by or for MATTEL of

23  the BRATZ line of products.

24  **REQUEST NO. 558:**

25      All DOCUMENTS relating to each disclosure, whether written or oral, made

26  to MATTEL by a MATTEL employee or independent contractor of "Proprietary

27  Subject Matter made or conceived during the term of [an employee's or independent

28

1   contractor's] employment" as this phrase is used in MATTEL's "Proprietary

2   Information Checkout" form.

3   **REQUEST NO. 559:**

4       All DOCUMENTS relating to each COMMUNICATION, whether written or

5   oral, made to MATTEL by a MATTEL employee or independent contractor of

6   "inventions… conceived or reduced to practice by [an employee or independent

7   contractor] (along or jointly by others) at any time during [an employee's or

8   independent contractor's] employment by Mattel" as this phrase is used in the

9   Inventions Agreement.

10   **REQUEST NO. 560:**

11       DOCUMENTS sufficient to evidence the identify of the MATTEL officers,

12   officials, or other designees to whom disclosures were made or were designated to be

13   made by MATTEL employees and/or independent contractors of "Proprietary

14   Subject Matter made or conceived during the term of [an employee's or independent

15   contractor's] employment" as this phrase is used in MATTEL's "Proprietary

16   Information Checkout" form.

17   **REQUEST NO. 561:**

18       DOCUMENTS sufficient to evidence each of MATTEL's policies, procedures,

19   or processes, whether written or oral, concerning the disclosure by MATTEL

20   employees and/or independent contractors of "Proprietary Subject Matter made or

21   conceived during the term of [an employee's or independent contractor's]

22   employment" as this phrase is used in MATTEL's "Proprietary Information

23   Checkout" form.

24   **REQUEST NO. 562:**

25       DOCUMENTS sufficient to evidence each of MATTEL's policies, procedures,

26   or processes, whether written or oral, concerning the disclosure by MATTEL

27   employees and/or independent contractors of "inventions . . . conceived or reduced to

28

EXHIBIT _____ 11

PAGE _____ 304

1   practice by [an employee or independent contractor] (along or jointly by others) at

2   any time during [an employee's or independent contractor's] employment by

3   [MATTEL]" as this phrase is used in the Inventions Agreement.

4   **REQUEST NO. 563:**

5       DOCUMENTS sufficient to show all records of sales figures, revenues and

6   profits pertaining to BARBIE from January 1, 1990 to the present.

7   **REQUEST NO. 564:**

8       All DOCUMENTS REFERRING OR RELATING TO YOUR profits,

9   including, but not limited to, gross profits and gross margins, from the sale of each

10  MY SCENE DOLL sold by YOU or YOUR licensees.

11  **REQUEST NO. 565:**

12      YOUR general ledgers from January 1, 1995 through the present.

13  **REQUEST NO. 566:**

14      All DOCUMENTS REFERRING OR RELATING TO business plans,

15  forecasts, budgets and projects prepared by YOU in connection with each of YOUR

16  products, including but not limited to BARBIE and MY SCENE.

17  **REQUEST NO. 567:**

18      All DOCUMENTS REFERRING OR RELATING TO market research and

19  competitive studies and analyses prepared or conducted by YOU with respect to the

20  fashion doll market.

21  **REQUEST NO. 568:**

22      All DOCUMENTS REFERRING OR RELATING TO any position taken by

23  YOU in any litigation, arbitration or other legal proceeding that any damages owed

24  by YOU for copyright infringement should be apportioned.

25  **REQUEST NO. 569:**

26      All DOCUMENTS REFERRING OR RELATING TO any position taken by

27  YOU in any litigation, arbitration or other legal proceeding relating to the estimated

28

value of original drawings, designs or ideas for a product, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of that product and other related products based on those original drawings, designs or ideas.

**REQUEST NO. 570:**

All DOCUMENTS REFERRING OR RELATING TO any research or investigation by YOU to determine the estimated value of original drawings, designs or ideas for any toy, including, but not limited to, fashion dolls owned or licensed by MATTEL, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of all products based on those original drawings, designs or ideas.

**REQUEST NO. 571:**

All DOCUMENTS REFERRING OR RELATING TO any decision made by YOU to sell, grant or license to any PERSON the rights to any toy design or idea, including, but not limited to fashion dolls, that YOU did not intend to exploit or develop.

DATED:     November 16, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

*Thomas J. Nolan / PHN*

Thomas J. Nolan

Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

EXHIBIT ___11___

PAGE ___306___

MGA'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS        NO. CV 05-2727 SGL (RNBx)

11

## **PROOF OF SERVICE**

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34ᵗʰ Floor, Los Angeles, CA 90071.

On **November 16, 2007,** I served the foregoing document described as:

**MGA's SIXTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

| | | | |
|---|---|---|---|
| **X** | (BY PERSONAL SERVICE) | ☐ | By personally delivering copies to the person served. (FEDERAL) (As Noted.) |
| | | **X** | I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.) |

**X** BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 16, 2007 at Los Angeles, California.

Becky S. Isomoto
PRINT NAME                                    SIGNATURE

EXHIBIT ___11___

PAGE ___307___

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

*Attorneys for Mattel, Inc.*
*(Personal Service)*

Mark E. Overland
Alexander H. Cote
David C. Scheper
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)
*Attorneys for Carlos Gustavo Machado*
*Gomez*
*(Federal Express)*

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)391-5400
(415) 397-7188 (Fax)

*Attorneys for Carter Bryant*
*(Federal Express)*

EXHIBIT _____ 11

PAGE _____ 308

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **MGA'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

**PROPOUNDING PARTY:**   MGA ENTERTAINMENT, INC.

**RESPONDING PARTY:**   MATTEL, INC.

**SET NUMBER:**   SEVEN

**NOs.:**   572-766

11-29

EXHIBIT /2

PAGE 309

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on December __, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.     "4-EVER BEST FRIENDS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "4-Ever Best Friends."

2.     "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

3.     "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "AcceleRacerS," "Accelleracers," or "Acceleracers."

4.     "AMERICAN GREETINGS" means American Greetings Properties and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners..

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

1

EXHIBIT _____ 1V

PAGE _____ 310

5.     "ART ATTACKS" means and refers to Art Attacks Ink, LLC and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners, and any others acting Art Attacks Ink, LLC's behalf, pursuant to its authority or subject to its control, including but not limited to, JoAnne Mauck and Byron Mauck.

6.     "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

7.     "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

8.     "BRAWER" means Ron Brawer individually.

9.     "BRYANT" means Carter Bryant individually.

10.    "CITYWORLD" means Cityworld International (HK) Ltd. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

11.    "COLLECTIBLES GROUP" means "Barbie Collectibles" as understood by Lisa S. Freed in her deposition of May 3, 2007, referenced at 128:18-25.

12.    "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a

EXHIBIT ___12___

PAGE ___311___

1  business or corporate entity is hereby designated to mean, and should be construed to

2  include, all communications by and between representatives, employees, agents or

3  servants of the business or corporate entity.

4      13.   "CONFLICT OF INTEREST QUESTIONNAIRE" shall mean any form

5  of employment agreement concerning, *inter alia*, relations, if any, between Mattel's

6  employees, suppliers, and/or competition, whether known by the title "Conflict of

7  Interest Questionnaire" or any other title, including without limitation the form of

8  Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire"

9  executed by BRYANT on or about January 4, 1999.

10     14.   "CONTESTED MATTEL PRODUCT(S)" means all MATTEL

11 products at issue in this ACTION, including, but not limited to, MY SCENE female

12 fashion dolls and their packaging, products in the MY SCENE "Chillin' Out",

13 "Night on the Town", "Jammin' in Jamaica", and "Bling Bling" themes, MY

14 SCENE plush pets and their packaging, MY SCENE "Stylin' Heads," MY SCENE

15 "Sound Lounge" playset and packaging, "Wee 3 Friends" dolls and packaging,

16 LITTLE MOMMY and ACCELERACERS.

17     15.   "COUNTERCLAIMS" or "COUNTERCLAIM" means Mattel, Inc.'s

18 Second Amended Answer and Counterclaims for: 1. Copyright Infringement; 2.

19 Violation of the Racketeer Influenced and Corrupt Organizations Act; 3. Conspiracy

20 to Violate the Racketeer Influenced and Corrupt Organizations Act; 4.

21 Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional Interference

22 with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting Breach of

23 Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting Breach of

24 Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13. Declaratory Relief

25 filed July 12, 2007, in MGA v. Mattel, Inc., CV 05-02727, including any amendment

26 or supplement thereto.

27

28

EXHIBIT  12

PAGE  3/2

16.   "DIVA STARZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been designed, developed, manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a project or line of goods or merchandise commonly known as, or sold and marketed under the name "Diva Starz."

17.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

EXHIBIT   12

PAGE   3/3

mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

18.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial Company Limited and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

19.   "EMPLOYEE INVENTIONS AGREEMENT" shall mean any form of Mattel employment agreement concerning, *inter alia,* (i) ownership of inventions, and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title "Employee Confidential Information and Inventions Agreement" or any other title, including without limitation the form of Employee Inventions Agreement entitled "Employee Confidential Information and Inventions Agreement" executed by BRYANT on or about January 4, 1999.

20.   "FACILITIES GROUP" means the "Facilities" as understood by Lisa S. Freed in her deposition of May 3, 2007, referenced at 129:13-130:13.

21.   "FISHER-PRICE," means Fisher-Price, Inc, and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

22.   "FRED LARIAN" means Fred Larian, also known as Farhad Larian.

23.   "GLAMERMAIDS" means and refers to each image, character, logo, toy, doll, fashion doll, accessory, product, packaging or any other thing that is or has ever been designed, developed, manufactured, marketed or sold by MATTEL, or

EXHIBIT    12

PAGE    314

1  others under license by MATTEL, as part of a project or a line of goods or

2  merchandise commonly known or referred to as, or sold and marketed under the

3  name "Glamermaids," or "Glammermaids."

4      24.    "HASBRO" means Hasbro, Inc. and any of its past or present officers,

5  directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-

6  interest, and joint venture partners.

7      25.    "HOLLY HOBBIE" means and refers to each image, character, logo,

8  doll, toy, accessory, product, packaging, or other thing or matter that is or has ever

9  been manufactured, marketed or sold by AMERICAN GREETINGS, or others under

10  license by AMERICAN GREETINGS, as part of a line of goods or merchandise

11  commonly known as, or sold and marketed under the name "Holly Hobbie."

12      26.    "HOT WHEELS" means and refers to each image, character, logo, doll,

13  toy, accessory, product, packaging, or other thing or matter that is or has ever been

14  manufactured, marketed or sold by MATTEL, or others under license by MATTEL,

15  as part of a line of goods or merchandise commonly known as, or sold and marketed

16  under the name "Hot Wheels."

17      27.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

18      28.    "LITTLE MOMMY" means and refers to each image, character, logo,

19  doll, toy, accessory, product, packaging, or other thing or matter that is or has ever

20  been manufactured, marketed or sold by MATTEL, or others under license by

21  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

22  and marketed under the name "Little Mommy."

23      29.    "LITTLE TIKES" means and refers to each image, character, logo, doll,

24  toy, accessory, product, packaging, or other thing or matter that is or has ever been

25  manufactured, marketed or sold by MGA, or others under license by MGA, as part of

26  a line of goods or merchandise commonly known as, or sold and marketed under the

27  name "Little Tikes."

28

EXHIBIT _____ IV

PAGE _____ 315

30.    "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

31.    "MATTEL LITIGATION" shall mean the action now pending in the U.S. District Court for the Central District of California (Eastern District), consolidated under Case No. 04-9049 SGL (RNBx) before the Hon. Stephen Larson and formerly <u>Mattel v. Bryant, Inc.</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

32.    "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

33.    "MGA LAWSUIT" means any lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party, excluding this ACTION.

34.    "MY SCENE" means and refers to each image, character, logo, doll, fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "My Scene."

35.    "MY SCENE DOLL" means any fashion doll that is or has ever been distributed, marketed, sold or offered for sale under the name "My Scene" or as part of the "My Scene" line, including separate themes.

36.    "MY SCENE LICENSE" means any license that REFERS OR RELATES TO any MY SCENE PRODUCT.

37.    "MY SCENE PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form: (i) that is or has ever been distributed, marketed or sold under the name

EXHIBIT ___12___

PAGE ___316___

1  "My Scene" or as part of the "My Scene" line; (ii) that depicts, incorporates,

2  embodies, consists of or REFERS OR RELATES TO MY SCENE; and/or (iii) that

3  is or has ever been distributed, marketed or sold in any packaging that includes the

4  name "My Scene" or depicts, incorporates, embodies, consists of or REFERS OR

5  RELATES TO MY SCENE.

6    38.    "PERSON[S]" means any or all entities, including but not limited to,

7  any or all individuals, single proprietorships, associations, companies, firms,

8  partnerships, joint ventures, corporations, employees or former employees, or any

9  other business, governmental, or labor entity, and any divisions, departments, or

10  other units thereof.

11    39.    "POLLY POCKET" means and refers to each image, character, logo,

12  doll, toy, plush toy, styling head, accessory, product, packaging, or other thing or

13  matter that is or has ever been manufactured, marketed or sold by MATTEL, or

14  others under license by MATTEL, as part of a line of goods or merchandise

15  commonly known as, or sold and marketed under the name "Polly Pocket."

16    40.    "REFERRING OR RELATING TO" should be construed in the

17  broadest possible sense to mean concerning, consisting of, referring to, relating to,

18  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

19  pertaining to, citing, summarizing, analyzing or bearing any logical or factual

20  connection with the matter discussed.

21    41.    "RELEVANT TIME PERIOD" means the period from January 1, 1998

22  through the present.

23    42.    "RETAILERS" means any entity which makes any of the

24  CONTESTED MATTEL PRODUCTS available for sale to the public, whether in

25  brick-and-mortar stores or online, including, but not limited to, Toys "R" Us, Inc.,

26  Wal-Mart Stores, Inc., Target Corporation, KB Toys, Inc., or Amazon.com, and any

27

28

EXHIBIT  12

PAGE  317

1  of their past or present officers, directors, employees parents, subsidiaries, divisions,

2  affiliates, predecessors-in-interest, or joint venture partners.

3    43.   "SKU #" means Stock Keeping Unit number.

4    44.   "S:\MATTEL" means MATTEL's file server(s) on which electronic

5  files are kept, including, but not limited to, pathways such as

6  file://S:\Mattel\Larian\Larian%202000-2002.htm.

7    45.   "THIS ACTION" refers to the MATTEL LITIGATION, including

8  *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004

9  and all cases consolidated or coordinated therewith.

10    46.   "UBISOFT" means Ubisoft Entertainment and any of its past or present

11  officers, directors, employees, parents, subsidiaries, divisions, affiliates,

12  predecessors-in-interest, and joint venture partners.

13    47.   "UBISOFT LITIGATION" shall mean the action captioned MGA

14  Entertainment, Inc. v. Ubisoft Entertainment, S.A., and related cross-action which

15  was filed with the American Arbitration Association, AAA Claim No. 50 T 133

16  00467, and presided over by Arbitrator John Fellas.

17    48.   "WEE 3 FRIENDS" means and refers to each image, character, logo,

18  doll, toy, accessory, product, packaging, or other thing or matter that is or has ever

19  been manufactured, marketed or sold by MATTEL, or others under license by

20  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

21  and marketed under the name "Wee 3 Friends."

22    49.   The singular form includes the plural, and vice versa.

23    50.   The terms "any" and "all" are interchangeable.

24    51.   The terms "and" and "or" shall be construed disjunctively and

25  conjunctively, and each shall include the other whenever such dual construction will

26  serve to bring within the scope of any Request, DOCUMENTS that would otherwise

27  not be within its scope.

28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

9

EXHIBIT ____ 12

PAGE ____ 318

## INSTRUCTIONS

1.      YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.      YOU are instructed to produce all non-privileged DOCUMENTS responsive to these Requests to the extent YOU have not previously produced them to MGA.

3.      If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

4.      Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

5.      Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

6.      Unless otherwise noted, these Requests seek DOCUMENTS from January 1, 1995, to the present.

7.      These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

EXHIBIT __12__

PAGE __319__

# REQUESTS FOR PRODUCTION

## REQUEST NO. 572

All telephone records for any telephone number used by any of the following people at any time from January 1, 2001 to the present:  Bob Eckert, Richard De Anda, Matt Bousquette, Neil Freedman, Erica Ashbrook, Ivy Ross, and Chuck Schooten.

## REQUEST NO. 573

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO MATTEL'S employment policies, including, without limitation, all employee manuals.  (The relevant time from for this request is from January 1, 1998 to the present).

## REQUEST NO. 574

All DOCUMENTS and COMMUNICATIONS between MATTEL and EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product.  (The relevant time frame for this request is from January 1, 2001 to the present).

## REQUEST NO. 575

All DOCUMENTS and COMMUNICATIONS between Tom Debrowski and EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product.  (The relevant time frame for this request is from January 1, 2001 to the present).

EXHIBIT ____ *r*

PAGE ____ 320 ____

**REQUEST NO. 576**

All DOCUMENTS and COMMUNICATIONS between David Lewis and EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 577**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO MATTEL'S knowledge or awareness of a business relationship between MGA and EARLY LIGHT or any attempts by MATTEL to assist EARLY LIGHT in any way or interfere with or impact MGA's relationship with EARLY LIGHT.

**REQUEST NO. 578**

All DOCUMENTS and COMMUNICATIONS authored (in whole or in part) by Tom Debrowski REFERRING OR RELATING TO any business relationship between MGA and EARLY LIGHT. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 579**

All DOCUMENTS and COMMUNICATIONS authored by David Lewis REFERRING OR RELATING TO any business relationship between MGA and EARLY LIGHT. (The relevant time frame for this request is from January 1, 2001 to the present).

EXHIBIT ___ N

PAGE _____ 321

## REQUEST NO. 580

All DOCUMENTS produced or provided by MATTEL to EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product, or any business relationship between MGA and EARLY LIGHT. (The relevant time frame for this request is from January 1, 2001 to the present).

## REQUEST NO. 581

All DOCUMENTS REFERRING OR RELATING TO the identity of licensees of BARBIE or any intellectual property relating to any CONTESTED MATTEL PRODUCT since January 1, 2001.

## REQUEST NO. 582

All license agreements for BARBIE or any intellectual property relating to any CONTESTED MATTEL PRODUCT that was in effect at any time from January 1, 2001 to the present.

## REQUEST NO. 583

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO the conception, reduction to practice, design, marketing, or promotion of any CONTESTED MATTEL PRODUCT.

EXHIBIT 12

PAGE 322

1  **REQUEST NO. 584**

2

3  All DOCUMENTS and COMMUNICATIONS REFERRING OR

4  RELATING TO any COMMUNICATION from MATTEL to any PERSON

5  regarding whether that PERSON, or any other PERSON, should or should not do

6  business with MGA.

7  **REQUEST NO. 585**

8

9  All DOCUMENTS and COMMUNICATIONS REFERRING OR

10  RELATING TO any restriction or limitation on a PERSON's business dealings with

11  MGA (whether contractual or otherwise) that MATTEL has suggested, proposed, or

12  required.  (The relevant time frame for this request is from January 1, 2001 to the

13  present).

14

15  **REQUEST NO. 586**

16

17  ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

18  RELATING TO any COMMUNICATION sent by MATTEL to any PERSON

19  asserting, alleging or suggesting that MGA's advertising or promotional materials

20  are false or misleading.  (The relevant time frame for this request is from January 1,

21  2001 to the present).

22

23  **REQUEST NO. 587**

24  ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

25  RELATING TO any COMMUNICATION sent by MATTEL to any PERSON

26  asserting, alleging or suggesting that MGA is infringing MATTEL's intellectual

27

28

EXHIBIT __N__

PAGE ____323____

1 | property rights.  (The relevant time frame for this request is from January 1, 2001 to
2 | the present).

3

4 | **REQUEST NO. 588**

5

6 | All DOCUMENTS or COMMUNICATIONS REFERRING OR RELATING
7 | to any assertion, allegation or suggestion by any PERSON (other than the parties in
8 | this ACTION) that MATTEL's advertising or promotional materials are false and
9 | misleading. (The relevant time frame for this request is from January 1, 2001 to the
10 | present).

11

12 | **REQUEST NO. 589**

13 | All DOCUMENTS or COMMUNICATIONS REFERRING OR RELATING
14 | to any assertion, allegation or suggestion by any PERSON (other than the parties in
15 | this ACTION) that MATTEL is infringing on that other PERSON's intellectual
16 | property rights.  (The relevant time frame for this request is from January 1, 2001 to
17 | the present).

18

19

20 | **REQUEST NO. 590**

21

22 | ALL DOCUMENTS and COMMUNICATIONS REFERRING OR
23 | RELATING TO any effort by MATTEL to contact or hire any MGA employee.

24

25 | **REQUEST NO. 591**

26 | ALL DOCUMENTS and COMMUNICATIONS REFERRING OR
27 | RELATING to lead paint being used or found in any product sold by MATTEL,

28

---

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

15

EXHIBIT __12__

PAGE __324__

including without limitation any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product.

## REQUEST NO. 592

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING to any recall any product sold by MATTEL, including without limitation any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product.

## REQUEST NO. 593

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING to any safety concern regarding any product sold by MATTEL, including without limitation any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product.

## REQUEST NO. 594

All DOCUMENTS and COMMUNICATIONS between MATTEL and Bandai REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product. (The relevant time frame for this request is from January 1, 2001 to the present).

## REQUEST NO. 595

All DOCUMENTS and COMMUNICATIONS between MATTEL and Mattel Mexico REFERRING OR RELATING TO the conception, design, manufacture,

EXHIBIT 12

PAGE 325

1  production, marketing or sale of any BRATZ product or the allegations in

2  MATTEL's COUNTERCLAIMS.

3

4  **REQUEST NO. 596**

5

6      All DOCUMENTS and COMMUNICATIONS between MATTEL and Mateo

7  Romano REFERRING OR RELATING TO the conception, design, manufacture,

8  production, marketing or sale of any BRATZ product or the allegations in

9  MATTEL's COUNTERCLAIMS.

10

11  **REQUEST NO. 597**

12      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

13  RELATING TO any litigation with Simba.

14

15  **REQUEST NO. 598**

16      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

17  RELATING TO any demand, claim or lawsuit by MATTEL (other than this

18  ACTION) alleging infringement of MATTEL's intellectual property rights in any

19  CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS

20  product.

21

22  **REQUEST NO. 599**

23

24      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

25  RELATING TO any demand, claim or lawsuit agent MATTEL (other than this

26  ACTION) alleging that any CONTESTED MATTEL PRODUCT, any BARBIE

27

28

EXHIBIT __12__

PAGE ___326___

product, or any DIVA STARS product infringes the intellectual property rights of another PERSON.

## REQUEST NO. 600

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any COMMUNICATION (including all memos and directives) given by MATTEL to its retail merchandisers, contractors and employees with regard to the conception, design, or marketing of any BRATZ product.

## REQUEST NO. 601

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any COMMUNICATION (including all memos and directives) given by MATTEL to its retail merchandisers, contractors and employees with regard competition between any BRATZ product and any MATTEL product.

## REQUEST NO. 602

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any COMMUNICATION (including all memos and directives) given by MATTEL to its retail merchandisers, contractors and employees with regard selling any BRATZ product or working with or for MGA.

## REQUEST NO. 603

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO COMMUNICATIONS between Erica Ashbrook and anyone at MATTEL regarding any BRATZ product or MGA's business at Wal-Mart.

EXHIBIT ∩

PAGE ___327___

1

2    **REQUEST NO. 604**

3

4          All passports showing travel to or from Hong Kong or China by Neil

5    Freedman, Bob Eckert, Tom Debrowski from 1999 until the date of this request.

6

7    **REQUEST NO. 605**

8          All versions of MATTEL's employment contracts since BRYANT left

9    MATTEL's employment on or about October 20, 2000.

10

11   **REQUEST NO. 606**

12

13         All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

14   RELATING TO changes or amendments made to MATTEL's employment contracts

15   since BRYANT left MATTEL's employment on or about October 20, 2000.

16

17   **REQUEST NO. 607**

18         All versions of MATTEL's EMPLOYEE INVENTIONS AGREEMENT since

19   BRYANT left MATTEL's employment on or about October 20, 2000.

20

21   **REQUEST NO. 608**

22

23         All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

24   RELATING TO changes or amendments made to MATTEL's EMPLOYEE

25   INVENTIONS AGREEMENT since BRYANT left MATTEL's employment on or

26   about October 20, 2000.

27

28

EXHIBIT _____ 12

PAGE _____ 328

**REQUEST NO. 609**

All versions of MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 610**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 611**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the origins or sources of inspiration of POLLY POCKET, including, without limitation, the purpose for which POLLY POCKET were created.

**REQUEST NO. 612**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO MATTEL's initial design and development of POLLY POCKET, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memo.

**REQUEST NO. 613**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO consideration being given to changing the appearance of POLLY

EXHIBIT _____12_____

PAGE _____329_____

POCKET, including but not limited to DOCUMENTS REFERRING TO OR RELATING TO sculpts, face paint and eye design.

## REQUEST NO. 614

Photographs or pictures sufficient to illustrate every variation or version of POLLY POCKET ever released as a commercial product, including without limitation, any variation in face paint, face paint plans or designs, eye designs, drafts, ideas or concepts.

## REQUEST NO. 615

Photographs or pictures sufficient to illustrate every variation or version of POLLY POCKET considered by YOU but never released as a commercial product, including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts.

## REQUEST NO. 616

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the design, development, themes, conception, or creation of the packaging or artwork of POLLY POCKET, including without limitation, the motivation, purpose or inspiration for the packaging or artwork.

## REQUEST NO. 617

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the development of the product design trade dress or packaging

EXHIBIT __12__

PAGE ____330____

1 trade dress of POLLY POCKET, including but not limited to the total image, design
2 and appearance of POLLY POCKET.

3

4 **REQUEST NO. 618**

5

6 DOCUMENTS sufficient to show any position MATTEL has taken with
7 respect to its claimed trade dress in connection with POLLY POCKET, including but
8 not limited to internal COMMUNICATIONS, COMMUNICATIONS with third
9 parties, trademark applications and related DOCUMENTS, filings in judicial
10 proceedings, and regulatory filings.

11

12 **REQUEST NO. 619**

13 All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
14 RELATING TO any MARKET RESEARCH, projections or plans pertaining to the
15 release of POLLY POCKET to the market.

16

17 **REQUEST NO. 620**

18

19 All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
20 RELATING TO any BRATZ product or theme as an inspiration factor in the
21 development of any POLLY POCKET product.

22

23 **REQUEST NO. 621**

24 All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
25 RELATING TO any similarity or dissimilarity between BRATZ and POLLY
26 POCKET packaging, including without limitation, advertising (including
27 commercials), color schemes, product display, shape, and style of packaging.

28

EXHIBIT ____12____

PAGE ____331____

1

2 **REQUEST NO. 622**

3

4     All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

5 RELATING TO any similarity or dissimilarity between BRATZ and POLLY

6 POCKET, including without limitation, themes, accessories, clothing and shoes.

7

8 **REQUEST NO. 623**

9

10     All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

11 RELATING TO any similarity or dissimilarity between BRATZ and POLLY

12 POCKET dolls, including without limitation, feet, hair, removable heads, face paint,

13 eye design, head size, body proportions, and any other physical attributes.

14 **REQUEST NO. 624**

15

16     All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

17 RELATING TO whether the appearance of POLLY POCKET copies, replicates, or

18 in any way imitates the appearance of BRATZ.

19

20 **REQUEST NO. 625**

21

22     All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

23 RELATING TO whether POLLY POCKET infringes or potentially infringes the

    copyrights, trademarks, or trade dress of BRATZ.

24

25

26

27

28

EXHIBIT _____ _12_

PAGE _____ 332

## REQUEST NO. 626

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether any CONTESTED MATTEL PRODUCT infringes or potentially infringes the copyrights, trademarks, or trade dress of BRATZ.

## REQUEST NO. 627

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO actual or potential consumer confusion between any POLLY POCKET product and any BRATZ product.

## REQUEST NO. 628

All MATTEL product catalogs, sell sheets and production information sheets that include POLLY POCKET, from 2001 to the present.

## REQUEST NO. 629

All internal studies, analyses, presentations or investigations REFERRING OR RELATING TO the overall market shares and market position of POLLY POCKET from 2001 to the present.

## REQUEST NO. 630

All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for POLLY POCKET.

EXHIBIT ____

PAGE ____ 333

**REQUEST NO. 631**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO POLLY POCKET.

**REQUEST NO. 632**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any evaluation, criticism or comparison of POLLY POCKET, including relation to BRATZ by any third party.

**REQUEST NO. 633**

All DOCUMENTS suggesting or evidencing confusion between BRATZ and POLLY POCKET, including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products, or reference to one party's products has been made in lieu of the other party's products.

**REQUEST NO. 634**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel who were ever a member of the primary team that worked on the design and development of POLLY POCKET products.

EXHIBIT __12__

PAGE __334__

**REQUEST NO. 635**

All "New Toy Status Reports" for POLLY POCKET.

**REQUEST NO. 636**

DOCUMENTS sufficient to indicate when a project number was first assigned to POLLY POCKET.

**REQUEST NO. 637**

All COMMUNICATIONS between YOU and any retailer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 638**

All COMMUNICATIONS between YOU and any customer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 639**

All COMMUNICATIONS between YOU and any member of the press REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

EXHIBIT 12

PAGE 335

**REQUEST NO. 640**

All COMMUNICATIONS between YOU and any supplier REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 641**

All COMMUNICATIONS between YOU and any third party REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 642**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any agreements wherein MATTEL agreed to fund, pay for, contribute to or reimburse any third party for the fees, costs or expenses that third party incurred in connection with the MATTEL LITIGATION.

**REQUEST NO. 643**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any agreements wherein MATTEL agreed to fund, pay for, contribute to or reimburse any MATTEL employee or former MATTEL employee for any fees, costs or expenses incurred in connection with the MATTEL LITIGATION.

EXHIBIT _____ N_____

PAGE _____ 336_____

**REQUEST NO. 644**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between YOU and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 645**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between YOU and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 646**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between FISHER-PRICE and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 647**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between FISHER-PRICE and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of

EXHIBIT _____ 12

PAGE _____ 337

shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

### REQUEST NO. 648

All DOCUMENTS REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ.

### REQUEST NO. 649

All COMMUNICATIONS between YOU and any third party REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ.

### REQUEST NO. 650

All COMMUNICATIONS between YOU and AMERICAN GREETINGS REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ.

### REQUEST NO. 651

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each BARBIE product, broken down by SKU #, from 2001 to the present.

EXHIBIT ____

PAGE ____ 338

1

## REQUEST NO. 652

2

3     DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of

4  goods sold and any other costs attributable to net profits REFERRING TO OR

5  RELATING TO each HOT WHEELS product, broken down by SKU #, from 2001

6  to the present.

7

## REQUEST NO. 653

8

9     DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of

10  goods sold and any other costs attributable to net profits REFERRING TO OR

11  RELATING TO each ACCELERACERS product, broken down by SKU #, from

12  2001 to the present.

13

14

## REQUEST NO. 654

15

16     DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of

17  goods sold and any other costs attributable to net profits REFERRING TO OR

18  RELATING TO each LITTLE MOMMY product, broken down by SKU #, from

19  2001 to the present.

20

## REQUEST NO. 655

21

22     DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of

23  goods sold and any other costs attributable to net profits REFERRING TO OR

24  RELATING TO each WEE 3 FRIENDS product, broken down by SKU #, from

25  2001 to the present.

26

27

28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)

30

EXHIBIT 12

PAGE _____ 339

## REQUEST NO. 656

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each POLLY POCKET product, broken down by SKU #, from 2001 to the present.

## REQUEST NO. 657

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each MY SCENE product, broken down by SKU #, from 2001 to the present.

## REQUEST NO. 658

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 37 of YOUR COUNTERCLAIM that "MGA elected to steal Mattel's plans, strategy and business information for the Mexican market and materials related to Mattel's worldwide business strategies."

## REQUEST NO. 659

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 37 of YOUR COUNTERCLAIM that "MGA and Larian approached three employees of Mattel's Mexican subsidiary ("Mattel Mexico"), enticed them to steal Mattel's most sensitive business planning materials, and then hired them to assist in establishing and running MGA's new Mexican subsidiary."

EXHIBIT __12__

PAGE ____340____

1  **REQUEST NO. 660**

2

3      All documents REFERRING OR RELATING TO YOUR contentions in

Paragraph 42 of YOUR COUNTERCLAIM that "Mattel discovered that Machado,

4

Trueba and Vargas had been in frequent telephonic and e-mail contact with MGA

5

personnel, including Larian, for over three months prior to their resignations."

6

7  **REQUEST NO. 661**

8

9      All documents REFERRING OR RELATING TO the American Online e-mail

10  account with the address plot04@aol.com as alleged in Paragraph 42 of YOUR

11  COUNTERCLAIM.

12

13  **REQUEST NO. 662**

14

15      All documents REFERRING OR RELATING TO YOUR contention in

Paragraph 43 of YOUR COUNTERCLAIM that "prior to their resignations, Larian

16

and others at MGA directed Machado, Trueba and Vargas to steal virtually all Mattel

17

confidential and proprietary information that they could access and bring it [sic] with

18

them to MGA."

19

20  **REQUEST NO. 663**

21

22      All documents REFERRING OR RELATING TO YOUR contentions in

23  Paragraph 44 of YOUR COUNTERCLAIM.

24

25

26

27

28

EXHIBIT _____ **N**

PAGE _____ 341

1    REQUEST NO. 664

2
3        All documents REFERRING OR RELATING TO YOUR contentions in
     Paragraph 45 of YOUR COUNTERCLAIM.
4

5    REQUEST NO. 665
6

7        All documents REFERRING OR RELATING TO YOUR contention in
8    Paragraph 46 of YOUR COUNTERCLAIM that "Two days before her resignation,
9    she [Trueba] contacted both a Mattel employee located in El Segundo, California and
10   Mattel's advertising agency to request updated confidential information about
11   advertising plans for BARBIE."

12

13   REQUEST NO. 666

14
15       All documents REFERRING OR RELATING TO YOUR contention in
     Paragraph 46 of YOUR COUNTERCLAIM that "Trueba acted at the direction of
16
     MGA and Larian and did so in order to obtain further information that would allow
17
     MGA to obtain unfair competitive advantage over Mattel."
18

19   REQUEST NO. 667
20

21       All documents REFERRING OR RELATING TO YOUR contentions in
22   Paragraph 48 of YOUR Counterclaim.

23

24   REQUEST NO. 668

25
26       All documents REFERRING OR RELATING TO YOUR contentions in
     Paragraph 49 of YOUR Counterclaim.
27

28

EXHIBIT  12

PAGE  342

**REQUEST NO. 669**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 51 of YOUR Counterclaim.

**REQUEST NO. 670**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 70 of YOUR Counterclaim that "In an effort to increase its market share and sales in Canada and elsewhere, MGA stole Mattel trade secrets regarding Mattel's customers, sales, projects, advertising and strategy, not only for Canada, but the United States and the rest of the world."

**REQUEST NO. 671**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 74 of YOUR Counterclaim.

**REQUEST NO. 672**

To the extent not already requested or produced, ALL DOCUMENTS REFERRING OR RELATING TO the contentions in YOUR COUNTERCLAIMS.

**REQUEST NO. 673**

To the extent not already requested or produced, ALL DOCUMENTS REFERRING OR RELATING TO YOUR contentions in this ACTION.

---

EXHIBIT __IL__

PAGE __343__

**REQUEST NO. 674**

A sample of each CONTESTED MATTEL PRODUCT, including, without limitation, each MY SCENE DOLL, sold by YOU or YOUR licensees.

**REQUEST NO. 675**

All DOCUMENTS that REFERRING OR RELATING TO MATTEL's recruiting practices for toy or packaging designers and/or developers, including, but not limited to, the hiring of employees and freelancers, paying individuals for test projects or licenses to designs, or otherwise creating a legal relationship between MATTEL and any PERSON with respect to that person's designs.

**REQUEST NO. 676**

DOCUMENTS sufficient to show the actual release dates and all design and development stages for all CONTESTED MATTEL PRODUCTS, including but not limited to dolls, themes and waves.

**REQUEST NO. 677**

All COMMUNICATIONS with any RETAILER that REFER OR RELATE to whether MY SCENE was a substitution or competitor of BRATZ, regarding competition between MY SCENE and BRATZ, similarities between MY SCENE and BRATZ, confusion between MY SCENE and BRATZ, and current and future plans for the advertising, promotion, marketing and sales of MY SCENE, or the lack thereof.

EXHIBIT __12__

PAGE __344__

## REQUEST NO. 678

All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON including, but not limited to, UBISOFT, any former MGA employee, any former MATTEL employee, any current or former freelancer including, but not limited to, Steve Linker, Anna Rhee, Matt Bousquette, Adrienne Fontanella, Kris Lynch, Len Mazzocco, Pamela Brew Peretz, Rachel Harris, Barbara Miller, Victoria O'Connor, Kami Gillmour, Andreas Koch, Maureen Mullen Chianese, David Dees, Steve Tarmichael, Liz Hogan, Mercedah Ward, Margaret Hatch Leahy, Jessie Ramirez, or any PERSON listed in any party's initial disclosures (as amended) on the other hand, REFERRING OR RELATING to

(a) the design or development of any BRATZ product;

(b) the project known as DIVA STARZ;

(c) the allegations in this ACTION (including, without limitation, any facts underlying this ACTION or a PERSON's belief or view as to the merits of any claim or defense in this ACTION) or any facts underlying this ACTION; or

(d) any MGA LAWSUIT (including, without limitation, any facts underlying the MGA LAWSUIT or a PERSON's belief or view as to the merits of any claim or defense in the MGA LAWSUIT).

## REQUEST NO. 679

All DOCUMENTS which UBISOFT and/or UBISOFT'S counsel produced or provided to YOU and/or YOUR counsel.

EXHIBIT _____

PAGE _____ 345

**REQUEST NO. 680**

All DOCUMENTS REFERRING OR RELATING the ACTION which UBISOFT and/or UBISOFT'S counsel produced or provided to YOU and/or YOUR counsel.

**REQUEST NO. 681**

All COMMUNICATIONS between YOU and/or YOUR counsel, on the one hand, and UBISOFT and/or UBISOFT'S counsel on the other regarding this ACTION.

**REQUEST NO. 682**

All DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 683**

All DOCUMENTS REFERRING OR RELATING TO MGA or the ACTION which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 684**

All DOCUMENTS REFERRING OR RELATING TO information and DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

EXHIBIT _____ 1L

PAGE _____ 346

## REQUEST NO. 685

All DOCUMENTS REFERRING OR RELATING TO information regarding the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by UBISOFT and/or UBISOFT'S counsel.

## REQUEST NO. 686

All DOCUMENTS REFERRING OR RELATING TO MGA or the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by UBISOFT and/or UBISOFT'S counsel.

## REQUEST NO. 687

All DOCUMENTS REFERRING OR RELATING TO any and all telephone conversations between or among YOU and/or YOUR counsel and UBISOFT and/or UBISOFT'S counsel, including but not limited to, notes of such telephone conversations.

## REQUEST NO. 688

All DOCUMENTS REFERRING OR RELATING TO any alliance, agreement or arrangement between YOU and/or YOUR counsel and UBISOFT and/or UBISOFT'S counsel to provide assistance, including monetary assistance, in connection with any litigation against MGA, including but not limited to, the ACTION and the UBISOFT LITIGATION.

EXHIBIT _12_

PAGE _347_

## REQUEST NO. 689

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which UBISOFT and/or UBISOFT'S counsel provided to YOU and/or YOUR counsel in connection with the ACTION.

## REQUEST NO. 690

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which YOU and/or YOUR counsel provided to UBISOFT and/or UBISOFT'S counsel in connection with the UBISOFT LITIGATION.

## REQUEST NO. 691

All DOCUMENTS REFERRING OR RELATING TO efforts by YOU and/or YOUR counsel to obtain information or DOCUMENTS regarding MGA or the UBISOFT LITIGATION from UBISOFT and/or UBISOFT'S counsel.

## REQUEST NO. 692

All DOCUMENTS REFERRING OR RELATING TO efforts by UBISOFT and/or UBISOFT'S counsel to obtain information or DOCUMENTS regarding MGA or the ACTION from YOU and/or YOUR counsel.

## REQUEST NO. 693

All DOCUMENTS that REFER OR RELATE TO any claims, threat of litigation, litigation, arbitration or other legal proceeding that any current or former

EXHIBIT __12__

PAGE __348__

1  employee, freelancer or contractor has asserted against MATTEL regarding the use

2  or infringement of any design, idea, doll, toy or artwork, including, but not limited to,

3  cease and desist letters, pleadings, affidavits, or court orders.

4

5  **REQUEST NO. 694**

6

7  All COMMUNICATIONS between YOU, including your inside and outside

8  counsel, on the one hand, and any PERSON on the other, including but not limited to

9  HASBRO, UBISOFT, CITYWORLD, ART ATTACKS and FRED LARIAN

10  REFERRING OR RELATING TO the allegations in this ACTION, or any MGA

11  LAWSUIT (including, without limitation, any facts underlying this ACTION or

12  MGA LAWSUIT or any PERSON's belief or view as to the merits of any claim or

13  defense in this ACTION or MGA LAWSUIT).

14

15  **REQUEST NO. 695**

16  All testimony, transcripts, declarations, affidavits and other sworn written

17  statements of any other type by or from YOU or made on YOUR behalf that REFER

18  OR RELATE TO ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and

19  BARBIE that REFER OR RELATE TO the RELEVANT TIME PERIOD

20  (regardless of when such testimony or sworn statement was taken, given, signed,

21  made or filed), other than those previously filed and served in this ACTION or in

22  which MGA's counsel in this ACTION was in attendance.

23

24  **REQUEST NO. 696**

25

26  DOCUMENTS sufficient to show the seating arrangement, configuration

27  and/or location of BRYANT, Paula Treantafelles, the COLLECTIBLES GROUP,

28

1 Cassidy Park, and Lilly Martinez from January 1, 2000 through October 31, 2000,

2 including, but not limited to, DOCUMENTS that would have been retained by

3 MATTEL's FACILITIES GROUP.

4 **REQUEST NO. 697**

5

6 All DOCUMENTS REFERRING OR RELATING TO the recruitment, hiring,

7 or engagement by MGA of any current or former MATTEL employee, freelancer or

8 contractor since January 1, 1999, including communications between MGA and any

9 current or former MATTEL employee, freelancer or contractor concerning

10 employment or potential employment.

11

12 **REQUEST NO. 698**

13 DOCUMENTS sufficient to identify every PERSON who has entered into a

14 MY SCENE LICENSE with YOU or anyone acting on YOUR behalf.

15

16 **REQUEST NO. 699**

17

18 DOCUMENTS sufficient to identify by product name, product number and

19 SKU each MY SCENE PRODUCT including, without limitation, each MY SCENE

20 DOLL, sold by YOU or YOUR licensees.

21

22 **REQUEST NO. 700**

23 DOCUMENTS sufficient to show the number of units of each MY SCENE

24 DOLL sold by YOU or YOUR licensees.

25

26

27

28

EXHIBIT  1

PAGE  350

**REQUEST NO. 701**

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 702**

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 703**

All DOCUMENTS REFERRING OR RELATING TO YOUR profits, including, but not limited to, gross profits and gross margins, from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 704**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show the number of units of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 705**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show the revenue received by YOU from the sale of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

EXHIBIT ⎮ ²

PAGE _____ 35ʕ

**REQUEST NO. 706**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show YOUR profits from each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 707**

DOCUMENTS sufficient to show customer returns to YOU of MY SCENE DOLLS sold or distributed by YOU or YOUR licensees.

**REQUEST NO. 708**

DOCUMENTS sufficient to show customer rebates or credits given by YOU or YOUR licensees to customers in connection with MY SCENE DOLLS.

**REQUEST NO. 709**

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 710**

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

EXHIBIT 

PAGE _____ 352

**REQUEST NO. 711**

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 712**

All DOCUMENTS REFERRING OR RELATING TO YOUR profits, by product number or SKU, from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 713**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 714**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

EXHIBIT 

PAGE _____ 353

**REQUEST NO. 715**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits from each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 716**

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of MY SCENE DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs, gross margins, royalties paid and received, fixed costs. gross profits and net profits.

**REQUEST NO. 717**

DOCUMENTS sufficient to show the number of units of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 718**

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 719**

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each MY SCENE PRODUCT sold by YOU and/or YOUR licensees.

EXHIBIT 12

PAGE 354

1
2   **REQUEST NO. 720**
3
4       All DOCUMENTS evidencing, reflecting, REFERRING OR RELATING TO
5   YOUR profits from the sale of each MY SCENE PRODUCT sold by YOU and/or
6   YOUR licensees.
7
8   **REQUEST NO. 721**
9
10      For each customer to whom YOU or YOUR licensees have ever sold any MY
11  SCENE PRODUCT, DOCUMENTS sufficient to show the number of units of each
12  such MY SCENE PRODUCT sold by YOU and/or YOUR licensees to that customer.
13  **REQUEST NO. 722**
14
15      For each customer to whom YOU or YOUR licensees have ever sold any MY
16  SCENE PRODUCT, DOCUMENTS sufficient to show the revenue received by
17  YOU from each such MY SCENE PRODUCT sold by YOU or YOUR licensees to
18  that customer.
19
20  **REQUEST NO. 723**
21
22      For each customer to whom YOU or YOUR licensees have ever sold any MY
23  SCENE PRODUCT, DOCUMENTS sufficient to show YOUR profits from each
24  such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.
25
26
27
28

EXHIBIT ___12___

PAGE ___355___

**REQUEST NO. 724**

DOCUMENTS sufficient to show customer returns to YOU of MY SCENE PRODUCTS sold or distributed by YOU or YOUR licensees.

**REQUEST NO. 725**

DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with MY SCENE PRODUCTS.

**REQUEST NO. 726**

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 727**

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 728**

DOCUMENTS sufficient to show, by product number of SKU, YOUR cost of goods sold, unit cost and other costs for each MY SCENE PRODUCT sold by YOU or YOUR licensees.

EXHIBIT __12__

PAGE __356__

**REQUEST NO. 729**

All DOCUMENTS evidencing, reflecting, REFERRING OR RELATING TO YOUR profits, by product number or SKU, from the sale of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 730**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 731**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 732**

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of MY SCENE PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

EXHIBIT *12*

PAGE _____ 357

**REQUEST NO. 733**

All monthly, quarterly and annual profit and loss statements for MY SCENE.

**REQUEST NO. 734**

All DOCUMENTS REFERRING OR RELATING TO the value of the "My Scene" brand.

**REQUEST NO. 735**

All DOCUMENTS REFERRING OR RELATING TO the MY SCENE DOLL's share of the fashion doll market including, without limitation, the extent to which MY SCENE has been or is gaining or losing market share in the fashion doll market.

**REQUEST NO. 736**

All DOCUMENTS REFERRING OR RELATING TO business plans, forecasts, budgets and projects prepared by YOU in connection with each of YOUR products, including but not limited to BARBIE and MY SCENE.

**REQUEST NO. 737**

All DOCUMENTS REFERRING OR RELATING TO market research and competitive studies and analyses prepared or conducted by YOU with respect to the fashion doll market.

EXHIBIT _____ 12

PAGE _____ 358

**REQUEST NO. 738**

All DOCUMENTS REFERRING OR RELATING TO any position taken by YOU in any litigation, arbitration or other legal proceeding that any damages owed by YOU for copyright infringement should be apportioned.

**REQUEST NO. 739**

All DOCUMENTS REFERRING OR RELATING TO any position taken by YOU in any litigation, arbitration or other legal proceeding relating to the estimated value of original drawings, designs or ideas for a product, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of that product and other related products based on those original drawings, designs or ideas.

**REQUEST NO. 740**

All DOCUMENTS REFERRING OR RELATING TO any research or investigation by YOU to determine the estimated value of original drawings, designs or ideas for any toy, including, but not limited to, fashion dolls owned or licensed by MATTEL, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of all products based on those original drawings, designs or ideas.

**REQUEST NO. 741**

All DOCUMENTS REFERRING OR RELATING TO any decision made by YOU not to sell, grant, or license to any PERSON the rights to any toy design or idea,

EXHIBIT /2

PAGE 359

1  including, but not limited to, fashion dolls that YOU did not intend to exploit or
2  develop.

3

4  **REQUEST NO. 742**

5

6      All DOCUMENTS REFERRING OR RELATING TO any decision made by

7  YOU to sell, grant or license to any PERSON the rights to any toy design or idea,

8  including, but not limited to fashion dolls, that YOU did not intend to exploit or
   develop.

9

10 **REQUEST NO. 743**

11

12     All DOCUMENTS REFERRING OR RELATING TO any efforts made by

13 YOU to obtain, license or purchase the rights to any toy design or idea, including,

14 but not limited to, fashion dolls, that YOU did not intend to exploit or develop.

15

16 **REQUEST NO. 744**

17

18     All DOCUMENTS REFERRING OR RELATING TO any efforts made by

19 YOU to obtain, license or purchase the rights to any female fashion doll, design or

20 idea that YOU did intend to exploit or develop.

21

22 **REQUEST NO. 745**

23     All DOCUMENTS REFERRING OR RELATING TO the material terms of

24 any licenses, from January 1, 1995 to the present, between YOU and any PERSON,

25 including but not limited to any freelancer or any MATTEL employee, that created

26 the original idea, drawings, or designs for any toy, including, but not limited to,

27

28

---

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

51

EXHIBIT __IV__

PAGE _____ 360

1  fashion dolls, ever sold by YOU, including but not limited to the royalty rate,

2  duration, exclusivity, or territorial restrictions of any such licenses.

3

4  **REQUEST NO. 746**

5

6  All DOCUMENTS REFERRING OR RELATING TO the material terms of

7  any licenses, from January 1, 1995 to the present, in which YOU granted to any

   PERSON the rights to manufacture, market and sell any doll or toy racing vehicle

8  based on any idea, design, or intellectual property that was created by any of YOUR

9  employees but that YOU did not intend to exploit or develop.

10

11  **REQUEST NO. 747**

12

13  All DOCUMENTS REFERRING OR RELATING TO any consideration

14  given by YOU to seeking a royalty for the manufacture and sale of BRATZ from any

15  PERSON including, but not limited to MGA, LARIAN or BRYANT.

16

17  **REQUEST NO. 748**

18

19  All DOCUMENTS REFERRING OR RELATING TO the design,

20  development, conception, creation, origins or sources of inspiration for the

    GLAMERMAIDS, including, without limitation, the purpose for which

21  GLAMERMAIDS were created and whether BRATZ was a source of inspiration for

22  or factor in the development of GLAMERMAIDS.

23

24

25  **REQUEST NO. 749**

26  All DOCUMENTS REFERRING OR RELATING TO the decision to

27  discontinue development of or not to sell GLAMERMAIDS.

28

EXHIBIT 

PAGE  361

1

2  **REQUEST NO. 750**

3

4      All DOCUMENTS REFERRING OR RELATING TO the decision to develop,

5  revise, refresh or use GLAMERMAIDS in the development of MY SCENE.

6

7  **REQUEST NO. 751**

8      All DOCUMENTS REFERRING OR RELATING TO the selection, approval

9  process, design and development of the GLAMERMAIDS products and themes,

10  including but not limited to any design drawings, MARKET RESEARCH, and

11  product approval memos.

12

13  **REQUEST NO. 752**

14

15      All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or

16  knowledge of BRATZ during the creation, design and development of

17  GLAMERMAIDS.

18

19  **REQUEST NO. 753**

20      All DOCUMENTS REFERRING OR RELATING TO any similarity or

21  dissimilarity between BRATZ and GLAMERMAIDS.

22

23  **REQUEST NO. 754**

24

25      All DOCUMENTS REFERRING OR RELATING TO whether

26  GLAMERMAIDS copy, replicate, or in any way imitate BRATZ.

27

28

EXHIBIT  12

PAGE  362

**REQUEST NO. 755**

All DOCUMENTS REFERRING OR RELATING TO actual or potential confusion or otherwise evidencing confusion (including, but not limited to, confusion among consumers, RETAILERS, distributors, licensees or members of the press) between GLAMERMAIDS and BRATZ.

**REQUEST NO. 756**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of the GLAMERMAIDS products, commercials, themes and logo.

**REQUEST NO. 757**

All DOCUMENTS REFERRING OR RELATING TO your belief or claim (if any) that MGA copied GLAMERMAIDS (or any other mermaid doll), LITTLE MOMMY, Razor Scooter and Vespa Scooter Shannen or any other product, including but not limited to the allegations reported to you on January 28, 2003.

**REQUEST NO. 758**

All DOCUMENTS REFFERRING OR RELATING TO any investigation, underlying facts, outcomes, and any action taken by MATTEL relating to investigations by MATTEL into claims or allegations that MGA stole MATTEL's proprietary information, including but not limited to the investigation relating to the allegations RELATING to GLAMERMAIDS (or any other mermaid doll), LITTLE

EXHIBIT 12

PAGE 363

1  MOMMY, Razor Scooter and Vespa Scooter Shannen, or any other product reported
2  to you on January 28, 2003.

3

4  **REQUEST NO. 759**

5

6  All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge
7  Castilla from MATTEL, including but not limited to any MATTEL exit interview
8  forms, surveys, questionnaires, agreements, or other documents Castilla completed
9  on or near the date of his departure from MATTEL.

10

11  **REQUEST NO. 760**

12  All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or
13  hiring of Jorge Castilla, including but not limited to all employment agreements and
14  any agreements relating to confidentiality or non-disclosure of MATTEL
15  information.

16

17  **REQUEST NO. 761**

18

19  All DOCUMENTS REFERRING OR RELATING TO any taking of
20  confidential or proprietary MATTEL information by Jorge Castilla, including but not
21  limited to forensic reports, Guidance software reports, or computer imaging reports.

22

23  **REQUEST NO. 762**

24  All COMMUNICATIONS between YOU (including YOUR agents and
25  attorneys) and law enforcement authorities, including but not limited to the United
26  States Attorney's Office or other federal, state or local law enforcement agencies,
27  concerning or relating to Jorge Castilla.

28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

EXHIBIT ___12___

PAGE ___364___

## REQUEST NO. 763

All DOCUMENTS YOU (including YOUR agents and attorneys) provided to law enforcement authorities, including but not limited to the United States Attorney's Office or other federal, state or local law enforcement agencies, concerning or relating to Jorge Castilla.

## REQUEST NO. 764

DOCUMENTS sufficient to show the names of all folders under S:\MATTEL that REFER OR RELATE to BRYANT, LARIAN, MGA, BRATZ, or BRAWER.

## REQUEST NO. 765

All files in the folder S:\Mattel\Larian not previously produced.

EXHIBIT ⌐

PAGE _____ 365

1 | **REQUEST NO. 766**

2

3      To the extent not already produced, all DOCUMENTS IDENTIFIED or

referenced in any of YOUR interrogatory responses.

4 | DATED:    November 29, 2007

5

6

7               SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

8

9

10               Robert J. Herrington

11

12               Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   _N_

PAGE   364

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:   tnolan@skadden.com

RAOUL D. KENNEDY (Bar No.  40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
Email:        rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

EXHIBIT 13

PAGE 367

12-21

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NUMBER: | SEVENTH |
| 4 | NOs.: | 572 - 574 |

EXHIBIT _13_

PAGE _368_

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on January 21, 2008, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.      "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

EXHIBIT ___13___

PAGE ___369___

1  charts, drawings, sketches, messages, photographs and data contained in or

2  accessible through any electronic data processing system, including, but not limited

3  to, computer databases, data sheets, data processing cards, computer files and tapes,

4  computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

5  mail, website and web pages and transcriptions thereof and all other

6  memorializations of any conversations, meetings and conference, by telephone or

7  otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where

8  such copy is not an identical duplicate of the original, whether because of deletions,

9  underlinings, showing of blind copies, initialing, signatures, receipt stamps,

10 comments, notations, differences in stationery or any other difference or

11 modification of any kind.

12     2.    "MATTEL," "YOU," or "YOUR" means and refers to the party Mattel,

13 Inc. and any of its past or present officers, directors, agents, employees,

14 representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

15 predecessors-in-interest, entities and persons acting in joint venture or partnership

16 relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR

17 authority or subject to YOUR control.

18     3.    "OFFSITE STORAGE FACILITIES" means and refers to any storage

19 or warehouse facilities located outside of MATTEL's premises, including, but not

20 limited to, facilities maintained by third-party vendors that have been used by

21 MATTEL to store DOCUMENTS or tangible things.

22     4.    "REFERRING OR RELATING TO" should be construed in the

23 broadest possible sense to mean concerning, consisting of, referring to, relating to,

24 describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

25 pertaining to, citing, summarizing, analyzing or bearing any logical or factual

26 connection with the matter discussed.

27

28

EXHIBIT _____ 13

PAGE _____ 376

# INSTRUCTIONS

1.     YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.     YOU are instructed to produce all non-privileged DOCUMENTS responsive to these REQUESTS to the extent YOU have not previously produced them to MGA.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.     Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.     If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

　　　　(a)   The date the DOCUMENT was created;

　　　　(b)   The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

　　　　(c)   A general description of the subject-matter of the DOCUMENT;

　　　　(d)   The basis of any claim of privilege; and

　　　　(e)   If work-product is asserted, the proceeding for which the DOCUMENT was created.

1    6.    These Requests impose a continuing obligation subsequent to your

2 initial production to the full extent provided for in Rule 26(e) of the Federal Rules of

3 Civil Procedure.

**REQUESTS FOR PRODUCTION**

4

5 **REQUEST NO. 572:**

6    DOCUMENTS sufficient to identify the names and locations of any OFFSITE

7 STORAGE FACILITIES used by YOU since 1995.

8 **REQUEST NO. 573:**

9    Each log, record, index, file or other DOCUMENT identifying or listing

10 MATTEL DOCUMENTS or tangible things stored at the OFFSITE STORAGE

11 FACILITIES since 1995.

12 **REQUEST NO. 574**

13    Each log, record, index, file or other DOCUMENT identifying or listing

14 MATTEL DOCUMENTS or tangible things that have been sent to or retrieved from

15 the OFFSITE STORAGE FACILITIES since 1995, including when the

16 DOCUMENTS were sent and/or retrieved.

17

18 DATED:    December 21, 2007

19                    SKADDEN, ARPS, SLATE, MEAGHER &
                       FLOM, LLP
20

21

22                    _____
                       Lance A. Etcheverry
23                    Attorneys for Counter-Defendants, MGA
                       ENTERTAINMENT, INC., ISAAC LARIAN,
24                    MGA ENTERTAINMENT (HK) LIMITED,
                       and MGAE de MEXICO S.R.L. de C.V.
25

26

27

28

---

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

4

EXHIBIT _____ **15**

PAGE _____ 372

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 21, 2007,** I served the foregoing document described as:

**MGA'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **(BY PERSONAL SERVICE)** ☐        By personally delivering copies to the person served. (FEDERAL) (As Noted.)

☒        I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

☒    **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **December 21, 2007** at Los Angeles, California.

_____Cecilia Reyes_____                    _____
PRINT NAME                                         SIGNATURE

EXHIBIT ___ß___

PAGE ___373___

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

1

## SERVICE LIST

2

3  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
4  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
5  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
7  (213) 443-3000
   (213) 443-3100 (Fax)
8
   Attorneys for Mattel, Inc.
9  [Personal Service]

10

11

12  Mark E. Overland, Esq.
    Alexander H. Cote, Esq.
    David C. Scheper, Esq.
13  Overland Borenstein Scheper & Kim
    300 South Grand Avenue, Suite 2750
14  Los Angeles, CA 90071
    (213) 613-4655
15  (213) 613-4656 (Fax)

16  Attorneys for Carlos Gustavo Machado
    Gomez
17  [Federal Express]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT $B$

PAGE 374

PROOF OF SERVICE

2

CALENDARED
RECEIVED

DEC 2 8 2007

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail:    rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14 CARTER BRYANT, an individual    ) CASE NO. CV 04-9049 SGL (RNBx)
                                   )
15                     Plaintiff,  ) Consolidated with Case No. 04-9059
                                   ) and Case No. 05-2727
16        v.                       )
                                   ) **MGA'S EIGHTH SET OF**
17 MATTEL, INC., a Delaware        ) **REQUESTS FOR THE**
   corporation                     ) **PRODUCTION OF**
18                                 ) **DOCUMENTS AND THINGS**
                       Defendant.  ) **IN CASE NO. 05-2727**
19                                 )
                                   )
20                                 )
                                   ) Honorable Stephen G. Larson
21                                 ) Courtroom 1
   Consolidated with MATTEL, INC. v. )
22 BRYANT and MGA                  )
   ENTERTAINMENT, INC. v.          )
23 MATTEL, INC.                    )
                                   )
24

25 **PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.**

26 **RESPONDING PARTY:     MATTEL, INC.**

27 **SET NUMBER:            EIGHT**

28 **NOs.:                  770-797**

MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS   NO. CV 05-2727 SGL (RNBx)

EXHIBIT ___14___

PAGE ___375___

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on January 28, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1.     "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2.     "ADVERTISING" means and refers to notice that is broadcast or published by MGA or any person, agent or representative acting on its behalf to the general public or any specific market segments for the purpose of attracting customers or supporters and includes material placed on the internet, at trade shows or at a point of sale.

3.     "ALLEGED COPYRIGHTED WORKS" means the copyrighted works alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

4.     "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

EXHIBIT _____ 14

PAGE _____ 376

5.     "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

6.     "BRYANT" means Carter Bryant individually.

7.     "COLLECTIBLES GROUP" means "Barbie Collectibles" as understood by Lisa S. Freed in her deposition of May 3, 2007, referenced at 128:18-25.

8.     "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

9.     "CONFLICT OF INTEREST QUESTIONNAIRE" shall mean any form of employment agreement concerning, *inter alia*, relations, if any, between Mattel's employees, suppliers, and/or competition, whether known by the title "Conflict of Interest Questionnaire" or any other title, including without limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire" executed by BRYANT on or about January 4, 1999.

10.    "COUNTERCLAIMS" or "COUNTERCLAIM" means Mattel, Inc.'s Second Amended Answer and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional Interference

EXHIBIT ____14____

PAGE ____377____

1  with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting Breach of

2  Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting Breach of

3  Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13. Declaratory Relief

4  filed July 12, 2007, in MGA v. Mattel, Inc., CV 05-02727, including any amendment

5  or supplement thereto.

6      11.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

7  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

8  writings, tangible things and property, of any kind, that are now or that have been in

9  YOUR actual or constructive possession, custody or control, including, but not

10 limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

11 punched, copied, recorded, transcribed, graphic or photographic matter of any kind

12 or nature, in, through, or from which information may be embodied, translated,

13 conveyed or stored, whether an original, a draft or copy, however produced or

14 reproduced, whether sent or received or neither, including, but not limited to, notes,

15 memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

16 inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

17 records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

18 estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

19 telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders,

20 estimates, recordings, transcriptions of recordings, records, books, pamphlets,

21 periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital

22 recordings, television commercials, story boards, website or other spot

23 advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

24 charts, drawings, sketches, messages, photographs and data contained in or

25 accessible through any electronic data processing system, including, but not limited

26 to, computer databases, data sheets, data processing cards, computer files and tapes,

27 computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

28

EXHIBIT ___14___

PAGE ___378___

1  mail, website and web pages and transcriptions thereof and all other

2  memorializations of any conversations, meetings and conference, by telephone or

3  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

4  such copy is not an identical duplicate of the original, whether because of deletions,

5  underlinings, showing of blind copies, initialing, signatures, receipt stamps,

6  comments, notations, differences in stationery or any other difference or

7  modification of any kind.

8      12.    "EMPLOYEE INVENTIONS AGREEMENT" shall mean any form of

9  Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions, (ii)

10  trade secrets and/or (iii) conflicts, whether known by the title "Employee

11  Confidential Information and Inventions Agreement" or any other title, including

12  without limitation the form of Employee Inventions Agreement entitled "Employee

13  Confidential Information and Inventions Agreement" executed by BRYANT on or

14  about January 4, 1999.

15      13.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

16      14.    "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

17  of its past or present officers, directors, employees, parents, subsidiaries, divisions,

18  affiliates, predecessors-in-interest, and joint venture partners.

19      15.    "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s

20  Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,

21  and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against

22  Bryant and MGA, dated January 5, 2007 and any supplemental or amendment

23  thereto.

24      16.    "MATTEL LITIGATION" shall mean the action now pending in the

25  U.S. District Court for the Central District of California (Eastern District),

26  consolidated under Case No. 04-9049 SGL (RNBx) before the Hon. Stephen Larson

27  and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court;

28

MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS    NO. CV 05-2727 SGL (RNBx)

4

EXHIBIT ___14___

PAGE ___379___

1  Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all

2  counterclaims, cross-claims and defenses therein.

3      17.   "MGA" means MGA Entertainment, Inc. and any of its past or present

4  officers, directors, employees, parents, subsidiaries, divisions, affiliates,

5  predecessors-in-interest, and joint venture partners.

6      18.   "MGA LAWSUIT" means any lawsuit, litigation, arbitration or other

7  legal proceeding to which MGA is or was a party, excluding this ACTION.

8      19.   "MY SCENE" means and refers to each image, character, logo, doll,

9  fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or

10  any other thing that is or has ever been manufactured, marketed or sold by YOU, or

11  others under licensed by YOU, as part of a line of goods or merchandise commonly

12  known as, or sold and marketed under the name "My Scene."

13     20.   "MY SCENE DOLL" means any fashion doll that is or has ever been

14  distributed, marketed, sold or offered for sale under the name "My Scene" or as part

15  of the "My Scene" line, including separate themes.

16     21.   "MY SCENE LICENSE" means any license that REFERS OR

17  RELATES TO any MY SCENE PRODUCT.

18     22.   "MY SCENE PRODUCT" means any product, whether two-

19  dimensional or three-dimensional, and whether in tangible, digital, electronic or

20  other form: (i) that is or has ever been distributed, marketed or sold under the name

21  "My Scene" or as part of the "My Scene" line; (ii) that depicts, incorporates,

22  embodies, consists of or REFERS OR RELATES TO MY SCENE; and/or (iii) that

23  is or has ever been distributed, marketed or sold in any packaging that includes the

24  name "My Scene" or depicts, incorporates, embodies, consists of or REFERS OR

25  RELATES TO MY SCENE.

26     23.   "PERSON[S]" means any or all entities, including but not limited to,

27  any or all individuals, single proprietorships, associations, companies, firms,

28

EXHIBIT  14

PAGE  380

1 partnerships, joint ventures, corporations, employees or former employees, or any

2 other business, governmental, or labor entity, and any divisions, departments, or

3 other units thereof.

4    24. ''REFERRING OR RELATING TO'' should be construed in the

5 broadest possible sense to mean concerning, consisting of, referring to, relating to,

6 describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

7 pertaining to, citing, summarizing, analyzing or bearing any logical or factual

8 connection with the matter discussed.

9    25. "RELEVANT TIME PERIOD" means the period from January 1, 1998

10 through the present.

11    26. "SKU #" means Stock Keeping Unit number.

12    27. "S:\MATTEL" means MATTEL's file server(s) on which electronic

13 files are kept, including, but not limited to, pathways such as

14 file://S:\Mattel\Larian\Larian%202000-2002.htm.

15    28. "THIS ACTION" refers to the MATTEL LITIGATION, including

16 *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004

17 and all cases consolidated or coordinated therewith.

18    29. The singular form includes the plural, and vice versa.

19    30. The terms "any" and "all" are interchangeable.

20    31. The terms "and" and "or" shall be construed disjunctively and

21 conjunctively, and each shall include the other whenever such dual construction will

22 serve to bring within the scope of any Request, DOCUMENTS that would otherwise

23 not be within its scope.

24         **INSTRUCTIONS**

25    1. YOU are instructed to produce all non-privileged DOCUMENTS in

26 YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession,

27 custody, or control" if it is in YOUR physical possession, or if, as a practical matter,

28

EXHIBIT _____ 14

PAGE _____ 381

1 | YOU have the ability, upon request, to obtain possession of the DOCUMENT or a
2 | copy thereof from another person or entity who has physical possession of the
3 | DOCUMENT.

4 |     2.      YOU are instructed to produce all non-privileged DOCUMENTS
5 | responsive to these Requests to the extent YOU have not previously produced them
6 | to MGA.

7 |     3.      If any DOCUMENT or category of DOCUMENTS is not produced in
8 | full, please state with particularity the reason or reasons it is not being produced in
9 | full.

10 |     4.      Each DOCUMENT is to be produced as it is kept in the usual course of
11 | business, including all file folders, binders, notebooks, and other devices by which
12 | such DOCUMENTS may be organized, separated, or identified.

13 |     5.      Each DOCUMENT maintained or stored electronically in native,
14 | electronic format is to be produced with all relevant metadata intact and in an
15 | appropriate and useable electronic manner.

16 |     6.      Unless otherwise noted, these Requests seek DOCUMENTS from
17 | January 1, 1995, to the present.

18 |     7.      These Requests impose a continuing obligation subsequent to your
19 | initial production to the full extent provided for in Rule 26(e) of the Federal Rules of
20 | Civil Procedure.

21
22
23
24
25
26
27
28

---

EXHIBIT __14__

PAGE __382__

## REQUESTS FOR PRODUCTION

### REQUEST NO. 770

All EMPLOYEE INVENTIONS AGREEMENTS signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

### REQUEST NO. 771

All CONFLICT OF INTEREST QUESTIONNAIRES signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

### REQUEST NO. 772

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

### REQUEST NO. 773

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or

EXHIBIT __14__

PAGE __383__

1  alleged to be breached by any person identified in MATTEL'S INITIAL

2  DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

3  ACTION.

4

5

6  **REQUEST NO. 774**

7

8      The complete MATTEL personnel file for each PERSON identified in

9  MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any

   interrogatory served in THIS ACTION.

10

11

12

13  **REQUEST NO. 775**

14      All dolls, models, molds, casts, samples, packaging, ADVERTISING,

15  photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or

16  relate to a BRATZ product or accessory.

17

18

19  **REQUEST NO. 776**

20

21      All DOCUMENTS REFERRING OR RELATING to any purchase or

   acquisition by MATTEL of a BRATZ product or accessory, including but not limited

22  to, all invoices, receipts, and purchase orders.

23

24

25

26

27

28

EXHIBIT __14__

PAGE ____384____

**REQUEST NO. 777**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from Young & Rubicam Brands.

**REQUEST NO. 778**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from any branding, advertising, or marketing agency.

**REQUEST NO. 779**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the fall of 2003 in connection with MATTEL'S review and/or selection of an advertising agency for Mattel's MY SCENE brand.

**REQUEST NO. 780**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by any branding, advertising, or marketing agency to

EXHIBIT __14__

PAGE __385__

1  MATTEL in connection with MATTEL'S review and/or selection of an advertising

2  agency for Mattel's MY SCENE brand.

3

4

5  **REQUEST NO. 781**

6          All litigation documents filed and/or served by any of the parties in <u>Mattel, Inc.</u>

7  <u>v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH &</u>

8  <u>Co KG,</u> HC 03 CO 2684 (High Court of Justice, Chancery Division), including but

9  not limited to pleadings, motions, briefs, discovery responses, disclosures, and expert

10  reports.

11

12

13

14  **REQUEST NO. 782**

15          MATTEL'S trial presentation materials (including any and all demonstrative

16  exhibits) in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd,</u>

17  <u>Simba Toys GMBH & Co KG,</u> HC 03 CO 2684 (High Court of Justice, Chancery

18  Division), including but not limited to Mattel, Inc.'s trial exhibits or presentations

19  relating to similarities and/or differences between the various dolls at issue in said

20  litigation.

21

22

23  **REQUEST NO. 783**

24          Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to Bundle 6

25  Claimant's Disclosure" (M0097406- M0097408) in <u>Mattel, Inc. v. Woolbro</u>

26

27

28

EXHIBIT ___14___

PAGE ___386___

1 | (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG,

2 | HC 03 CO 2684 (High Court of Justice, Chancery Division).

3

4

5 | **REQUEST NO. 784**

6

7 |    All transcripts for each day and/or portion of a day of trial and/or analogous

8 | proceeding before the court in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-</u>

9 | <u>Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court

10 | of Justice, Chancery Division).

11

12

13 | **REQUEST NO. 785**

14

15 |    One sample, including packaging, of each of the following dolls sold in

16 | MATTEL'S MY SCENE line for each of the years 2001-2007: Barbie, Madison,
Kennedy, Chelsea, Nolee, Kenzie, and Delancey.

17

18

19 | **REQUEST NO. 786**

20

21 |    All DOCUMENTS REFERRING OR RELATING TO the Young and

22 | Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE

23 | or BRATZ brand.

24

25

26

27

28

---

MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS    NO. CV 05-2727 SGL (RNBx)

12

EXHIBIT ___14___

PAGE ___387___

**REQUEST NO. 787**

All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 114 of the deposition of Kumi Croom and the consumer research conducted by Mattel Worldwide Consumer Research group (or any third party) discussed beginning on page 132 of the deposition of Kumi Croom.

**REQUEST NO. 788**

All ad test reports (or other similar reports evaluating the efficacy of advertising) regarding any MY SCENE or BRATZ product, including but not limited to the ad test reports referenced on pages 118-129 of the deposition of Kumi Croom.

**REQUEST NO. 789**

All DOCUMENTS REFERRING OR RELATING TO any investigation or surveillance of MGA, BRATZ, Carter Bryant, any member of Carter Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne Galvano, or Richard Irmen, including but not limited to all investigative files, reports and summaries.

EXHIBIT __14__

PAGE __388__

**REQUEST NO. 790**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the EMPLOYEE INVENTIONS AGREEMENT.

**REQUEST NO. 791**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the CONFLICT OF INTEREST QUESTIONNAIRE.

**REQUEST NO. 792**

All DOCUMENTS REFERRING OR RELATING TO any trademark search or trademark clearance concerning products ultimately offered for sale under the MY SCENE brand, including but not limited to any trademark search for "Bryant" or "Carter" or "Carter Bryant."

**REQUEST NO. 793**

All DOCUMENTS REFERRING OR RELATING TO any patent, trademark, or copyright application or registration concerning products ultimately offered for sale under the MY SCENE brand.

EXHIBIT ___14___

PAGE ___389___

**REQUEST NO. 794**

All DOCUMENTS REFERRING OR RELATING TO any patent, trademark or copyright application or registration concerning any BRATZ product, including but not limited to the ALLEGED COPYRIGHTED WORKS.

**REQUEST NO. 795**

Copies of the deposit materials for the ALLEGED COPYRIGHTED WORKS.

**REQUEST NO. 796**

All DOCUMENTS REFERRING OR RELATING TO any ADVERTISING for any of MGA's BRATZ line of dolls or accessories that YOU contend infringe MATTEL's copyrights.

**REQUEST NO. 797**

All DOCUMENTS REFERRING OR RELATING TO any alleged misrepresentations by MGA or Isaac Larian or any alleged disparagement of YOUR company, goods, products or services as alleged in paragraphs 79 through 81 of YOUR COUNTERCLAIMS.

EXHIBIT 14

PAGE 390

1

2

3

DATED:      December 28, 2007

4

5

6                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP

7

8

9                                    Robert J. Herrington

10                                   Attorneys for Counter-Defendants, MGA
                                     ENTERTAINMENT, INC., ISAAC LARIAN,
11                                   MGA ENTERTAINMENT (HK) LIMITED,
                                     AND MGAE de MEXICO S.R.L. de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __14__

PAGE __391__

1    KEKER & VAN NEST, LLP
2    JOHN W. KEKER - #49092
     jkeker@kvn.com
3    MICHAEL H. PAGE - #154913
     mpage@kvn.com
4    CHRISTA M. ANDERSON - #184325
     canderson@kvn.com
5    MATTHEW M. WERDEGAR - #200470
     mwerdegar@kvn.com
6    JOHN E. TRINIDAD - #250468
     jtrinidad@kvn.com
7    AUDREY WALTON-HADLOCK- #250574
     awaltonhadlock@kvn.com
8    710 Sansome Street
     San Francisco, CA  94111-1704
9    Telephone:  (415) 391-5400
     Facsimile:  (415) 397-7188
10   Attorneys for Plaintiff
     CARTER BRYANT
11

12                   UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                        EASTERN DIVISION

15

16

17   CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                            (consolidated with CV 04-9059 & 05-
18                          Plaintiff,      2727

19        v.                                CARTER BRYANT'S FOURTH
                                            SET OF REQUESTS FOR
20   MATTEL, INC. a Delaware                PRODUCTION TO MATTEL, INC.
     Corporation,
21
                            Defendant.
22

23   CONSOLIDATED WITH MATTEL,
     INC., v. BRYANT and MGA
24   ENTERTAINMENT, INC. v.
     MATTEL, INC.
25

26

27

28

EXHIBIT  15

PAGE  392

PROPOUNDING PARTY:    PLAINTIFF CARTER BRYANT

RESPONDING PARTY:    MATTEL, INC.

SET NUMBER:    FOUR

    Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Carter Bryant ("Bryant") requests that Defendant Mattel, inc. ("Mattel") produce for inspection and copying the documents and other tangible things described below.  The documents shall be produced for inspection and copying at the offices of Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111, or at such other location as the parties may mutually agree, within thirty days of service of these requests.

## DEFINITIONS

    1.    "MATTEL" or "YOU" means and refers to plaintiff and counter-defendant Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

    2.    "BRYANT" means and refers to Carter Bryant and his agents, representatives, attorneys, experts or any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

    3.    "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as "Bratz", or sold and marketed under the "Bratz" trademark or trade dress.

EXHIBIT _15_

PAGE _393_

4.    "ART ATTACKS"  means and refers to Art Attacks Ink, LLC and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessor-in-interest, and joint venture partners, and any other acting on Art Attacks Ink, LLC's behalf, pursuant to its authority or subject to its control, including but not limited to, JoAnne Mauck and Byron Mauck.

5.    "CORRESPONDENCE" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery, electronic mail, FTP, facsimile or otherwise.

6.    "DOCUMENT"  is defined broadly to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a DOCUMENT, all drafts of final DOCUMENTS, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored, and any electronic mail, recording or writing, as these terms are defined in Federal Rule of Evidence 1001. Any DOCUMENT bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate DOCUMENT.

7.    "EMPLOYEE HANDBOOK" or "EMPLOYEE POLICIES & BENEFITS HANDBOOK" means any form of MATTEL publication that is distributed to employees which describe the company's personnel policies and / or employee privileges and obligations, and includes, but is not limited to, the "Employee Handbook" referred to in document bearing bates number M0098021 and / or the "Employee Policies & Benefits Handbook" referred to in document bearing bates number M0098289.

2

408208.03

EXHIBIT ___15___

PAGE ___394___

8.    "IDENTIFY" as it relates to litigation means to state (1) the name of the plaintiff, defendant, and all other parties involved in the case; (2) the name of counsel for plaintiff, defendant, and all other parties involved in the litigation; (3) the date the complaint was filed; (4) the court in which the complaint was filed; (5) the case number; and (5) the date of any settlement or final resolution of the litigation.

9.    "INVENTION AGREEMENT" means any form of Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions, and / or (ii) trade secrets, and/or (iii) conflicts of interest, whether known by the title "Employee Confidential Information and Inventions Agreement" or any other title, including without limitation documents in the form of the agreement entitled "Employee Confidential Information and Inventions Agreement" produced by MATTEL in this litigation as M0001596.

10.    "GUNTHER-WAHL" means the litigation known as *Gunther-Wahl Productions v. Mattel, Inc.*, Case No. BC195819 filed on or about August 12, 1998 in the Superior Court of the State of California, County of Los Angeles, and subsequent appeals.

11.    "FLANKER PRODUCT" or "FLANKER PRODUCTS" means brands, dolls, products, or product lines that MATTEL believed would compete with its Barbie line of products in the marketplace or that customers might buy instead of buying one of MATTEL's Barbie line of products, and includes, but is not limited to, products, dolls, or brands that MATTEL referred or refers to as "flanker doll" or "flanker brand" in documents bearing bates numbers M0014259, M0014264, and M0067258-277.

12.    "PERSON" or "PERSONS" means and refers to all natural persons, partnerships, joint ventures and any kind of business, legal or public entity or organization, as well as its, its or her agents, representatives, employees, officers

EXHIBIT     15

PAGE _____ 395 _____

1 and directors and any one else acting on its, its or her behalf, pursuant to its, its or
2 her authority or subject or its, its or her control.

3       13.   "REFERRING OR RELATING TO" should be construed in the
4 broadest possible sense to mean concerning, consisting of, referring to, relating to,
5 pertaining to, involved with, describing, discussing, constituting, evidencing,
6 containing, reflecting, mentioning, pertaining to, citing, summarizing, embodying,
7 analyzing or bearing any logical or factual connection with the subject matter
8 discussed.

9       14.   The words "and" and "or" shall be construed in the conjunctive or
10 disjunctive, whichever makes the request more inclusive.

11       15.   The use of the singular form of any word includes the plural and vice
12 versa.

13       16.   The terms "any" and "all" are interchangeable.

## INSTRUCTIONS

15       1.   Unless otherwise stated, the time period for each request herein is
16 January 1, 1995 to April 27, 2004.

17       2.   MATTEL is required to produce all DOCUMENTS in the manner,
18 form and position in which they are kept in the ordinary course of business, as
19 required by Federal Rule of Civil Procedure Rule 34(b), including, where
20 applicable, any index tabs, file dividers, designations or information as to the
21 location of DOCUMENTS.

22       3.   If MATTEL cannot respond to a document request fully, after a
23 diligent attempt to attain the requested information, MATTEL must answer the
24 document request to the extent possible, specify the portion of the document
25 request MATTEL is unable to answer, and provide whatever information
26 MATTEL has regarding the unanswered portion.

27

28

4

EXHIBIT  15

PAGE  394

4.      In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in MATTEL'S possession, custody or control, MATTEL shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal; and the person disposing of the DOCUMENT.

5.      In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, MATTEL shall provide a privilege log which includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which MATTEL asserts supports any claim of privilege.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS REFERRING OR RELATING TO any litigation involving MATTEL in which the interpretation of any term of any INVENTION AGREEMENT was at issue .

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to IDENTIFY any litigation in which MATTEL accused any PERSON of breaching any INVENTION AGREEMENT.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all transcripts and all CORRESPONDENCE between MATTEL and BRYANT, REFERRING OR RELATING TO BRYANT's participation or potential participation as a witness in any litigation to which MATTEL was a party.

CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

408208.03

EXHIBIT _15_

PAGE _397_

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL employee performing work for PERSONS other than MATTEL while still employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL rules, policies, or practices regarding MATTEL employees performing work for PERSONS other than MATTEL (including but not limited to freelancing work for vendors) while still employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL rules, policies or practices prohibiting MATTEL employees from performing work for PERSONS other than MATTEL (including but not limited to freelancing work for vendors) while still employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS REFERRING OR RELATING to any MATTEL rules, policies or practices governing the use of MATTEL property or resources by MATTEL employees.

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not already produced, all DOCUMENTS, including but not limited to time records, employee files, written work assignments, job descriptions, and performance evaluations, REFERRING OR RELATING TO BRYANT's employment at MATTEL. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 9:**

To the extent not already produced, all DOCUMENTS constituting any EMPLOYEE HANDBOOK, EMPLOYEE POLICIES & BENEFITS HANDBOOK or other employee policy manuals for 1998-2001.

6

408208.03

EXHIBIT 15

PAGE 398

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show the date on which MATTEL hired outside counsel to represent MATTEL with respect to any litigation or potential litigation concerning BRYANT or BRATZ. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS REFERRING OR RELATING TO the August 5, 2002 anonymous letter regarding BRYANT and BRATZ produced by MATTEL in this litigation as document M0013841. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS REFERRING OR RELATING TO the deposition testimony of CARTER BRYANT in GUNTHER-WAHL, including but not limited to deposition transcripts, deposition exhibits, pleadings, orders, and correspondence between MATTEL and BRYANT. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, including but not limited to all CORRESPONDENCE between MATTEL or its outside counsel and any attorney, agent, officer, employee or other representative of ART ATTACKS or any other PERSON, REFERRING OR RELATING TO ART ATTACKS and its lawsuit concerning BRATZ. (This request is not limited by the time period limitation set forth in the instructions).

**REQUEST FOR PRODUCTION NO. 14:**

To the extent not already produced, all DOCUMENTS REFERRING OR RELATING TO BRYANT. (The relevant time period for this request is on or before April 27, 2004 ).

408208.03

CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 15

PAGE 399

**REQUEST FOR PRODUCTION NO. 15:**

To the extent not already produced, all DOCUMENTS REFERRING OR RELATING TO BRATZ.  (The relevant time period for this request is on or before April 27, 2004 ).

**REQUEST FOR PRODUCTION NO. 16:**

To the extent not already produced, all DOCUMENTS reflecting REFERRING OR RELATING to any past or present MATTEL policies, plans, or practices regarding MATTEL's development or marketing of FLANKER PRODUCTS.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to develop its MyScene Barbie line of products

**REQUEST FOR PRODUCTION NO. 18:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to market its MyScene Barbie line of products.

**REQUEST FOR PRODUCTION NO. 19:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to develop its Flavas line of products.

**REQUEST FOR PRODUCTION NO. 20:**

To the extent not already produced, DOCUMENTS sufficient to show when MATTEL first decided to market its Flavas line of products.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS constituting or REFERRING OR RELATING TO any fee agreement between MATTEL and any witnesses in this case.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support your contention, if you so contend in response to Request for Admission Number 19 to Carter Bryant's First Set of Requests for Admission to Mattel, Inc., that BRYANT misappropriated any

8

CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT     15

PAGE _____ 400

1  MATTEL trade secrets.

2  **REQUEST FOR PRODUCTION NO. 23:**

3       All DOCUMENTS that support your contention, if you so contend in
4  response to Request for Admission Number 21 to Carter Bryant's First Set of
5  Requests for Admission to Mattel, Inc., that BRYANT "wrongfully converted
6  Mattel's property by removing Trade Secret Materials [as that term is used in
7  MATTEL's Second Amended Answer and Counterclaims] in electronic and paper
8  form from Mattel's offices."

9  **REQUEST FOR PRODUCTION NO. 24:**

10       All DOCUMENTS that support your contention, if you so contend in
11  response to Request for Admission Number 22 to Carter Bryant's First Set of
12  Requests for Admission to Mattel, Inc., that the identity of third-party doll hair
13  suppliers used by MATTEL is a MATTEL trade secret.

14  **REQUEST FOR PRODUCTION NO. 25:**

15       All DOCUMENTS that support your contention, if you so contend in
16  response to Request for Admission Number 24 to Carter Bryant's First Set of
17  Requests for Admission to Mattel, Inc., that the identity of third-party vendors used
18  by MATTEL is a MATTEL trade secret.

19  **REQUEST FOR PRODUCTION NO. 26:**

20       All DOCUMENTS that support your contention, if you so contend in
21  response to Request for Admission Number 69 to Carter Bryant's First Set of
22  Requests for Admission to Mattel, Inc., that if CARTER BRYANT had disclosed
23  his idea for a line of fashion dolls which he named Bratz to MATTEL prior to
24  October 20, 2000, MATTEL would have taken steps to commercially exploit the
25  idea.

26  **REQUEST FOR PRODUCTION NO. 27:**

27       All DOCUMENTS that support your contention, if you so contend in
28  response to Request for Admission Number 98 to Carter Bryant's First Set of

EXHIBIT  15

PAGE  401

1 | Requests for Admission to Mattel, Inc., that the "Conflict of Interest
2 | Questionnaire" produced by MATTEL in this litigation as document M0001621
3 | requests the disclosure of any ideas, designs or inventions that CARTER
4 | BRYANT may have developed while not employed by MATTEL.

5 | **REQUEST FOR PRODUCTION NO. 28:**

6 |      All DOCUMENTS that support your contention, if you so contend in
7 | response to Request for Admission Number 100 to Carter Bryant's First Set of
8 | Requests for Admission to Mattel, Inc., that the "Conflict of Interest
9 | Questionnaire" produced by MATTEL in this litigation as document M0001621
10 | requires the disclosure of any ideas, designs or inventions that CARTER BRYANT
11 | may have developed while not employed by MATTEL.

12 | **REQUEST FOR PRODUCTION NO. 29:**

13 |      All DOCUMENTS that support your contention, if you so contend in
14 | response to Request for Admission Number 106 to Carter Bryant's First Set of
15 | Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by
16 | MATTEL to disclose any ideas, designs, or inventions that he may have developed
17 | while not employed by MATTEL at the time that BRYANT resumed his
18 | employment with MATTEL in January 1999.

19 | **REQUEST FOR PRODUCTION NO. 30:**

20 |      All DOCUMENTS that support your contention, if you so contend in
21 | response to Request for Admission Number 108 to Carter Bryant's First Set of
22 | Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by
23 | MATTEL to disclose any ideas, designs, or inventions that he may have developed
24 | while not employed by MATTEL at the time that BRYANT resumed his
25 | employment with MATTEL in January 1999.

26 | **REQUEST FOR PRODUCTION NO. 31:**

27 |      All DOCUMENTS that support your contention, if you so contend in
28 | response to Request for Admission Number 110 to Carter Bryant's First Set of

CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___15___

PAGE ___402___

1   Requests for Admission to Mattel, Inc., that CARTER BRYANT was requested by

2   MATTEL to disclose any ideas, designs, or inventions that he may have developed

3   while not employed by MATTEL.

4   **REQUEST FOR PRODUCTION NO. 32:**

5       All DOCUMENTS that support your contention, if you so contend in

6   response to Request for Admission Number 112 to Carter Bryant's First Set of

7   Requests for Admission to Mattel, Inc., that CARTER BRYANT was required by

8   MATTEL to disclose any ideas, designs, or inventions that he may have developed

9   while not employed by MATTEL.

10   **REQUEST FOR PRODUCTION NO. 33:**

11       All DOCUMENTS REFERRING OR RELATING TO the document

12   produced MATTEL M0079765 through M0079771, entitled "The Bratz Brief,"

13   including but not limited to all DOCUMENTS REFERRING OR RELATING TO

14   the purpose, creation, and usage of that document; all drafts of said document; all

15   CORRESPONDENCE REFERRING OR RELATING TO that document or its

16   drafts; and all supporting material used in drafting said document.

17   **REQUEST FOR PRODUCTION NO. 34:**

18       All DOCUMENTS REFERRING OR RELATING TO MATTEL's decision

19   not to pursue the development of the doll concept known as Toon Teens.

20   **REQUEST FOR PRODUCTION NO. 35:**

21       All DOCUMENTS REFERRING OR RELATING TO any MATTEL

22   employee Code of Conduct, including but not limited to the Code of Conduct

23   referred to on page 15 of the document entitled "Employee Handbook" produced

24   by MATTEL as document M0256715-0256768.

25   **REQUEST FOR PRODUCTION NO. 36:**

26       All DOCUMENTS REFERRING OR RELATING TO any MATTEL

27   conflict of interest policy, including but not limited to the "policies concerning

28   Conflicts of interest" referred to in the document entitled "Conflict of Interest

---

11

408208.03

EXHIBIT _15_

PAGE _403_

1   Questionnaire" produced by MATTEL as document M0001621.

2

3   Dated:  December 26, 2007            KEKER & VAN NEST, LLP

4

5

6                    By: _____

                       Matthew M. Werdegar

7                      Attorneys for Plaintiff

                      CARTER BRYANT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC
CASE NO. CV 04-09049 SGL (RNBx)

408208.03

EXHIBIT  15

PAGE  404

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 26, 2007, I served the following document(s):

**CARTER BRYANT'S FOURTH SET OF REQUESTS FOR PRODUCTION TO MATTEL, INC.**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: 213/443-3000
Fax: 213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel: 213/687-5000
Fax: 213/687-5600
Email: tnolan@skadden.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel: 213/613-4660
Fax: 213/613-4656
Email: acote@obsklaw.com

396359.01

EXHIBIT 15

PAGE 405