QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>MATTEL, INC.'S REPLY TO MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES REGARDING:<br><br>(1) MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREVIOUSLY WITHHELD ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED;<br><br>(2) MOTION TO COMPEL PRODUCTION OF THIRD-PARTY COMMUNICATIONS IMPROPERLY WITHHELD UNDER A CLAIM OF "COMMON INTEREST" PRIVILEGE; |

(3) MOTION TO COMPEL PRODUCTION OF WITHHELD MGA (i) TRADEMARK SEARCH RESULTS, (ii) DATE OF FIRST USE INFORMATION, AND (iii) FACTUAL DATA COMMUNICATED FOR THE PURPOSE OF FILING TRADEMARK OR OTHER INTELLECTUAL PROPERTY APPLICATIONS

[Supplemental Declaration of B. Dylan Proctor filed concurrently herewith]

Date: March 10, 2008
Time: 8:30
Place: Telephonic

**Phase I**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: May 5, 2008
Trial Date: May 27, 2008

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND ................................................................................................... 2

ARGUMENT ......................................................................................................... 4

I.    MATTEL HAS RAISED SPECIFIC AND CONCRETE OBJECTIONS TO MGA'S LOGS ............................................................ 4

II.   MGA HAS FAILED TO SUBSTANTIATE ITS CLAIMS OF PRIVILEGE ................................................................................................. 5

III.  MGA'S ARGUMENTS IN OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES ARE WITHOUT MERIT ................................ 6

    A.    Mattel's Supplemental Notice to Compel Documents Previously Withheld Only Portions of Which Are Allegedly Privileged ................... 6

    B.    Mattel's Supplemental Notice to Compel Trademark Search Results, Dates of First Use Information and Other "Factual" Data .......... 8

    C.    Mattel's Supplemental Notice to Compel Third Party Communications Withheld Under a Claim of "Common Interest" ........ 10

IV.  MATTEL ENGAGED IN PROPER MEET AND CONFERS ........................ 12

V.   MGA'S OPPOSITION IS UNTIMELY ............................................................ 13

CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

**Cases**

Conner Peripherals, Inc. v. Western Digital Corp.,
   1993 WL. 726815 (N.D. Cal. Jun. 8, 1993) .................................................. 5

CytoSport, Inc. v. Nature's Best, Inc.,
   2007 WL. 1040993 (E.D. Cal. April 4, 2007) ............................................... 9

In re Diet Drugs Prods. Liab. Litig.,
   2001 WL. 34133955 (E.D. Pa. Apr. 19, 2001) ............................................. 5

In re Grand Jury Investigation,
   974 F.2d 1068 (9th Cir. 1992) ...................................................................... 6

In re Honeywell Int'l Inc. Sec. Litig.,
   230 F.R.D. 293 (S.D.N.Y. 2003) .................................................................. 7

Intex Recreation Corp. v. Team Worldwide Corp.,
   471 F. Supp. 2d 11 (D.D.C. 2007) ............................................................. 14

MCI Construction, LLC. v. Hazen and Sawyer, P.C.,
   213 F.R.D. 268 (M.D.N.C. 2003) ............................................................ 8, 9

S.E.C. v. Nicita,
   2008 WL. 170010 (S.D. Cal. Jan. 16, 2008) ................................................ 5

Tulip Computers Int'l. v. Dell Comp. Corp.,
   210 F.R.D. 100 (D. Del. 2002) ..................................................................... 5

United States v. Munoz,
   233 F.3d 1117 (9th Cir. 2000) ...................................................................... 6

**Statutes**

Local Rule 7-12 ................................................................................................ 14

## **Preliminary Statement**

As the record on these issues amply reveals, MGA's privilege logs list at least hundreds, if not thousands, of documents that are not privileged. After it was compelled to produce its withheld documents, MGA logged over 10,000 on its various privilege logs (many of which were untimely). Mattel painstakingly reviewed the logs and found hundreds of entries that were not privileged, and were improperly being withheld. MGA's response to this is to attack Mattel—to make absurd arguments that similarly situated documents cannot be addressed in categories, to claim that more meet and confers are necessary, to claim that Mattel's prompt challenges to MGA's belatedly produced logs were too late. MGA's bluster aside, there is and can be no dispute that MGA has improperly claimed the privilege as to at least hundreds of documents, and has not shown otherwise.

None of the objections MGA now raises to Mattel's supplemental notices has merit. First, MGA seeks to avoid any scrutiny of its privilege claims by arguing that Mattel's challenges are merely "speculative" or "abstract." However, there is nothing speculative or abstract about the hundreds of entries to which Mattel has offered specific, concrete challenges. MGA cannot both log many thousands of documents on its various privilege logs, and now complain that Mattel's challenge to these entries is scattershot and improperly seeks "categorical" rulings. This argument must be rejected.

Second, MGA's supplemental opposition makes no compelling arguments regarding the merits. It merely repeats its same bald assertion that the entries Mattel has challenged are privileged, but offers *no evidence* to substantiate MGA's claims. Indeed, MGA's opposition itself makes clear that Mattel's challenges *are* well-founded, as MGA itself concedes, in its brief, that hundreds of documents on its logs should not have been withheld (while simultaneously chastising Mattel for seeking them). MGA has failed to substantiate its claims of privilege.

Finally, MGA's claim that Mattel has failed to engage in a proper meet and confer is without foundation. Time and again, Mattel has sought to engage MGA on the specific entries on its logs, only to be rebuffed with the same specious arguments seen here. The associate MGA sent to the recent Court ordered meet and confer simply restated MGA's position that its privilege assertions were proper and advised that it would not be making any concessions – as he declares, he advised Mattel of MGA's position that "Mattel's contention was incorrect that MGA was withholding documents that could be produced in redacted form."[1] Yet now MGA concedes that hundreds of its entries are not privileged and acknowledges that it "continues to produce documents in whole or redacted form from its January 2008 privilege logs." (Opp. at 3.) MGA also refused to discuss any specific entries on its logs which the parties had not already discussed, saying Mattel's request to do so was "untimely."[2] Yet now MGA faults Mattel for not conferring. Mattel made reasonable efforts to meet and confer with respect to all of MGA's privilege logs. If anyone, it is MGA that has not.

## Background

The history leading up to Mattel's now pending motions amply demonstrates that MGA will not, absent a Court order, comply with its discovery obligations.

As the Court knows, over a year ago, in February 2007, Mattel sought to compel documents responsive to its discovery requests that MGA was improperly withholding. In May 2007, the Discovery Master ordered MGA to produce responsive documents and a privilege log for any documents over which MGA

---

[1] Zurmoski Decl. ¶ 11.
[2] Proctor Decl. ¶ 5.

07209/2425868.1

-2-
MATTEL'S REPLY TO MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES

intended to assert a claim of privilege.[3] Yet, even after it obtained repeated extensions, MGA did not produce any log.

As of the beginning of August 2007, after the deadline for its logs had passed, MGA had logged less than 100 documents in a log from 2005.[4] Mattel moved for a finding that MGA had waived its claims of privilege by failing to timely assert them as to other documents.[5] In response, MGA quickly (and shoddily) produced privilege logs in August and September of 2007. Although the Court found that "the privilege logs submitted by MGA are untimely" and expressed "disappoint[ment] [] in the way discovery has been produced" by MGA, it declined to impose a waiver in light of MGA's belated production of the logs.[6]

In its August and September logs, MGA withheld approximately 4,000 documents in their entirety. In a November log produced by new counsel, MGA withheld another 2,500 documents in their entirety, for a total of approximately 6,500 documents. It takes time to analyze this many privilege log entries, which Mattel did expeditiously.

Starting in early December 2007, Mattel began to engage MGA in a lengthy meet and confer process focused on the many deficiencies evident in MGA's logs.[7] However, when Mattel sought to discuss specific entries from MGA's November log, MGA refused and demanded a "separate" meet and confer on the

---

[3] May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA.
[4] MGA's Revised May 2005 Privilege Log, Proctor Decl., Exh. 4.
[5] Mattel's Motion to Compel Production of Documents Withheld as Privileged, filed August 10, 2007.
[6] Tr. of Dec. 14, 2007 Hearing, at 27:24-25, 28:11-12, Proctor Decl., Exh. 13.
[7] See December 7, 2007 letter from B. Dylan Proctor to T. Miller, attached as Exhibit 1 to Declaration of B. Dylan Proctor in Support of Mattel's Motion to Compel Documents Previously Withheld as Privileged Only Portions of Which are Allegedly Privileged.

November log.[8] With the cutoff nearing, and with MGA refusing to agree to any extension of time for Mattel to move to compel, Mattel filed the motions at bar on January 22 and 23, 2008.

After those motions were filed, MGA (and Larian) then produced an additional three logs on the eve of the discovery cutoff, and then continued to produce revised versions of these logs over the weeks following.[9] MGA gave no explanation then, or thereafter, for why its logs, which had been ordered produced months earlier, were produced so late (nor for why it "revised" them afterwards). Because these logs exhibited the same deficiencies which Mattel had previously raised—both through the meet and confer and in its motions—Mattel promptly filed supplemental notices highlighting the additional entries from MGA's January privilege logs.

## Argument

### I. MATTEL HAS RAISED SPECIFIC AND CONCRETE OBJECTIONS TO MGA'S LOGS

MGA's complaint that Mattel's motions only discuss "cherry-picked" examples while citing hundreds of others without further discussion is wholly without merit. (Opp. at 2 n.2.) MGA has logged many hundreds of documents that—based on the descriptions provided in its own logs—are not privileged. Mattel has challenged these specific, individual entries from MGA's privilege logs. There is

---

[8] See, e.g., Jan. 17, 2008 letter from J. Allen to B. Dylan Proctor, attached as exhibit 1 to the Supplemental Declaration of B. Dylan Proctor filed concurrently with Mattel's Reply in Support of Motion to Compel Production of Documents Previously Withheld Only Portions of Which are Allegedly Privileged.

[9] The recent privilege logs at issue are MGA's January 23, 2008 Privilege Log (revised, January 25, 2008), MGA's January 28, 2008 Privilege Log (revised, February 8, 2008), and MGA's January 30, 2008 Privilege Log. The logs are attached as Exhibits 1, 2, and 3 to the Supplemental Declaration of B. Dylan Proctor in Support of Mattel's Supplemental Notice of Motion and Memorandum in Support of its Motion to Compel Documents Previously Withheld Only Portions of Which Are Allegedly Privileged, dated February 5, 2008 ("Supp. Notice Proctor Decl.").

nothing "abstract" or "speculative" about Mattel's challenge to MGA's overbroad assertion of the attorney-client and work product privilege.

Mattel does not expect (nor has it sought) the Court to issue a ruling compelling MGA to produce *specific* entries beyond those expressly identified in its motions. But to the extent Mattel seeks a "categorical" ruling with regard to certain categories of documents (it does), this is not improper. Courts can, and do, make concrete rulings on exactly these types of challenges every day. See, e.g., S.E.C. v. Nicita, 2008 WL 170010, at *2 (S.D. Cal. Jan. 16, 2008) (ruling on categories of documents in party's privilege log); Tulip Computers Int'l. v. Dell Comp. Corp., 210 F.R.D. 100, 107 (D. Del. 2002) (ordering *in camera* review for a selection of documents representative of larger categories on privilege log).[10] There is nothing improper with a ruling that, for example, trademark search results are not privileged and should be produced. Indeed, this is necessary because only MGA actually knows the contents of its withheld documents. With appropriate guidance from the Court, MGA will be able to review its documents and produce non-privileged information accordingly. In re Diet Drugs Prods. Liab. Litig., 2001 WL 34133955, at *9 (E.D. Pa. Apr. 19, 2001) (holding certain categories non-privileged and ordering party to produce documents and revised privilege logs in light of the court's "guidelines").

## II. MGA HAS FAILED TO SUBSTANTIATE ITS CLAIMS OF PRIVILEGE

MGA of course cannot dispute that, as the party seeking to assert the attorney-client privilege, it bears the burden of establishing that the privilege applies. United States v. Munoz, 233 F. 3d 1117, 1128 (9th Cir. 2000); In re Grand Jury

---

[10] The decision cited by MGA, Conner Peripherals, Inc. v. Western Digital Corp., 1993 WL 726815, *1 (N.D. Cal. Jun. 8, 1993), is not to the contrary. All that decision provides is that in that case, the specific documents were submitted for an in camera review.

Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992). Nevertheless, even now, after a multitude of attempts, MGA has not even begun to meet that burden.

Indeed, MGA continues to implicitly acknowledge that it cannot do so. While complaining about the propriety of Mattel's challenges, MGA simultaneously concedes that hundreds of the documents identified by Mattel should not have been withheld in the first place, and says they will be produced.[11] Remarkably, MGA then seeks to argue that these belated concessions show Mattel's motion should not have been brought—MGA suggests that because it has now produced some of the documents that Mattel challenged, "Mattel's claim that MGA has indiscriminately withheld documents in their entirety is false." (Opp. at 3.) But the fact that MGA is willing (after Mattel filed its motions to compel) to produce *some* of the documents it improperly withheld hardly validates MGA's claims as to the remaining challenged entries. Nor does MGA offer any evidence to support its privilege assertions as to the balance of its withheld documents.

### III. MGA'S ARGUMENTS IN OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES ARE WITHOUT MERIT

#### A. Mattel's Supplemental Notice to Compel Documents Previously Withheld Only Portions of Which Are Allegedly Privileged

MGA offers no principled justification as to why numerous entries on its logs which appear to be communications between non-lawyers and/or on non-legal subjects should not be produced.

MGA suggests Mattel's challenge regarding entry no. 31 to the January 23 privilege log (revised, January 25) "proves MGA's point." (Opp. at 9.) But MGA's log offers no basis to support its claim of privilege regarding entry no. 31. The communication is between non-lawyers and is described as an "[e]mail chain

---

[11] See Opp. at 9 n.7, 8 n.11, 12 n.9 & n.10.

Case 2:04-cv-09049-DOC-RNB   Document 2491   Filed 03/06/08   Page 11 of 18   Page ID #:38524

discussing manufacturing issues."[12] Now, after Mattel's challenge, MGA claims that despite its description in the log the communication actually "forwards legal advice provided by MGA's intellectual property counsel for discussion by various employees." (Opp. at 9.) But that is not what the log says by any reading, and MGA's attempt at after-the-fact justification is improper. MGA should not be permitted "to re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." In re Honeywell Int'l Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003).

Moreover, MGA's belated attempt to bolster the claim of privilege is not only improper but unsupported. MGA still does not identify the attorney involved or offer any evidence—besides its bare, unsubstantiated claim in its papers—that the communication is privileged. As Mattel has noted in related papers, a party's "assertions of privilege are controlled by its privilege log" and "simply making a statement in a brief" is insufficient. MCI Construction, LLC. v. Hazen and Sawyer, P.C., 213 F.R.D. 268, 272-73 (M.D.N.C. 2003). Yet, that is exactly what MGA does here. It is difficult to fathom how entry no. 31 "proves MGA's point" in any way.[13]

The one thing that MGA's opposition does prove is that Mattel's persistence regarding MGA's improper withholding of documents has been well-founded. While on the one hand complaining that Mattel has challenged "over four hundred" entries that Mattel "speculates" have been withheld improperly (Opp. at 8-

---

[12] January 23 Log No. 31, at 3, Supp. Notice Proctor Decl., Exh. 3.

[13] MGA's statement that entry no. 31 is "privileged regardless of whether or not, as Mattel claims, 'the sheer number of entries withheld, coupled with MGA's practice of withholding communications in their entirety, is troubling' to Mattel" (Opp. at 9), entirely misses the point of Mattel's argument. Mattel's moving papers showed that based on the log's descriptions, MGA has not substantiated (as it must) that this entry (or any of the others cited by Mattel) is privileged. Mattel's broader point, however, was that while some communications between non-lawyers could contain privileged information, many of those communications may also contain non-privileged information which should be produced. And, as stated, based on MGA's prior practices, which it has admitted were improper, and the number of logged entries which are between non-lawyers, this is indeed troubling.

07209/2425868.1

-7-

MATTEL'S REPLY TO MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES

9), MGA now concedes that at least one hundred and fifteen of these documents should be produced (either in redacted form or in their entirety) and admits it is still "re-evaluating" its assertions many other entries. (Opp. at 9 n.7.) MGA's suggestion that there is no valid basis for Mattel's challenges is belied by its own admissions.

### B. Mattel's Supplemental Notice to Compel Trademark Search Results, Dates of First Use Information and Other "Factual" Data

Mattel's supplemental notice (like the prior motion on the same subject) identified a number of entries from MGA's logs that appear to contain trademark search results, dates of first use, or other factual information that is not-privileged. Although MGA blusters that Mattel's challenges are unwarranted, MGA once again concedes that many of the specific entries questioned by Mattel are not privileged and should not have been withheld.[14] For the remaining entries, MGA again provides no basis to support its claims of privilege.

With regard to trademark search results and requests, MGA fundamentally misapprehends Mattel's argument and the law supporting it. MGA wrongly suggests that Mattel's argument is based on the premise that trademark search results and requests are not privileged *because* they will eventually be disclosed: "In Mattel's view, because such information eventually may be disclosed to the Patent and Trademark Office, any communications with counsel regarding these matters prior to disclosure is not privileged." (Opp. at 10.) From there, MGA's opposition proceeds in a predictable fashion, arguing that privileged information remains so even if later disclosed. (Id.)

But what MGA fails to grasp is that factual information such as trademark search results and requests simply are *never privileged* (regardless of whether intended to be disclosed or held under the strictest confidences) because they

---

[14] MGA notes that after "further review" more than twenty of the entries raised by Mattel should have been produced, and it is again "re-evaluating" its claims as to more than a hundred others. (Opp. at 12 n.9.)

are not confidential communications made for the purpose of seeking legal advice. See, e.g., CytoSport, Inc. v. Nature's Best, Inc., 2007 WL 1040993 at *6 (E.D. Cal. April 4, 2007). Indeed, this confusion is plainly shown by MGA's attempted *ad absurdum* argument that under Mattel's interpretation that trademark search results are not privileged "regardless of location," Mattel would receive "hundreds of documents showing one un-redacted sentence 'the trademark search resulted in X' surrounded by redacted material." (Opp. at 11.) Provided the redactions were appropriately done, that is exactly what Mattel seeks, because given the nature of the claims at issue in this case, what trademarks were searched for and when (e.g., when MGA first searched for the mark "Bratz") is highly relevant, and non-privileged. As such, this is not a "senseless result" (Opp. at 11), rather only what MGA is obligated to do under the Federal Rules and the Court's Orders.

Regarding dates of first use, the Discovery Master has already decided this issue: "[B]ecause a mark's date of first use is factual information that must be conveyed to the PTO to secure a trademark application, communication of this information is not privileged."[15] Thus, the Court has already ruled that date of first use information is not privileged, even when provided by a client in an attorney-client communication. Yet, during the meet and confer process, MGA refused to acknowledge this.[16] Accordingly, Mattel's supplemental notice questioned numerous entries that appeared to contain dates of first use and sought the production of that *specific non-privileged information*. Nowhere does MGA deny that the entries cited by Mattel contain dates of first use.[17] Instead, in response, MGA ignores what Mattel

---

[15] December 17, 2007 Order Granting Mattel's Motion to Compel.
[16] Allen Decl. ¶ 19.
[17] Although MGA states that the documents "do not contain the information Mattel assumes may be contained in those documents" (Opp. at 11), its unsupported assertion is based on the fact that they are drafts rather than final documents. This is besides the point, as drafts equally may contain the information. Moreover, not every document challenged by Mattel was a draft. Indeed, MGA has a number of entries on its logs which were final documents *actually submitted* to government agencies, (footnote continued)

-9-
MATTEL'S REPLY TO MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES

actually seeks, and argues that because some of the entries at issue are "preliminary draft applications" they must be privileged. (Opp. at 11.) MGA's argument is of no moment: Just as Mattel does not seek legal advice regarding a trademark search result (just the result), here Mattel does not seek the draft application or any other material that is conceivably privileged—all Mattel seeks are the dates of first of use, which once, again, given the claims at issue, are highly relevant to this litigation.

### C. Mattel's Supplemental Notice to Compel Third Party Communications Withheld Under a Claim of "Common Interest"

MGA's arguments regarding the common interest exception are equally without merit. Indeed they miss the point entirely. This is most clearly evident in MGA's argument that some of its entries involve communications with counsel in foreign countries. (Opp. at 12.) It is axiomatic that communications, even with a lawyer, are not privileged when they also involve outside parties. This is the essence of the waiver doctrine, and unless some exception (such as the common interest doctrine applies) those communications must be produced. Thus, the only issue here is whether the common interest exception applies between MGA and Bandai or other third parties, not whether the communications that involved these third parties also involved lawyers.

As to this issue, MGA's opposition continues to assert by fiat that the common interest exception applies—without any support or analysis of the nature of the legal interest that could support the exception. Indeed, the bulk of MGA's opposition on this issue does nothing more than state the common interest exception may apply, theoretically and "regardless of context," to avoid waiver. In this regard, MGA complains that Mattel has sought to "pigeonhole" its relationship, and that that "just because" Bandai may have acted as a distributor/licensee "does not prevent

---

which MGA improperly withholds. See Sup. Mot. at 3 n.8. MGA's opposition does not state on what basis it continues to claim these documents are privileged.

1  Bandai from having other relationships with MGA to which the common interest
2  would apply." (Opp. at 12). But saying that Bandai *could* have a common interest
3  relationship with MGA is hardly evidence that there was one. In its prior opposition,
4  MGA sought to avoid defining its relationship with Bandai in any meaningful way,
5  offering only that Bandai "assisted" it in various matters.[18] Now, in it latest
6  opposition, MGA once again provides no evidence as to what "other relationships"
7  exist that purportedly give rise to an identical legal interest between it and Bandai,
8  nor does it show that any of the communications at issue were in furtherance of that
9  interest as part of a coordinated legal strategy. These are the elements MGA must
10 establish for the common interest doctrine to apply. Despite multiple chances, MGA
11 has failed to satisfy its burden to show how its relationship with Bandai (or other
12 third parties) falls under the common interest doctrine. And yet again, while it
13 brashly complains about the propriety of Mattel's challenges, MGA quietly concedes
14 that many of the entries questioned by Mattel are, in fact, improper.[19]

15         Finally, MGA claims that some of the entries questioned by Mattel "do
16 not even involve third parties" and cites four entries (41, 130, 217, and 221 to the
17 January 30 log) to support its claim. (Opp. at 12.) This is simply erroneous. Entry
18 no. 41 is a communication with Bandai employees Ray Dorrity and Masharu
19 Igarashi.[20] Entries Nos. 217 and 221 are communications with Bandai employee

---

[18] See, e.g., Khare Decl. ¶¶ 4, 6. The common interest doctrine does not arise based on "assistance," and nowhere has MGA alleged (or shown) that its relationship with Bandai or other licensees was an agency-type relationship such that the privilege might apply to its communications.

[19] MGA notes it is currently "re-evaluating" its privilege claims for approximately thirty documents, nearly one half of the total cited by Mattel in its supplemental motion. (Opp. at 13.)

[20] January 30 Privilege Log No. 41, at 5, Supp. Notice Proctor Decl., Exh. 3.

Christophe Drevet.[21] As to the last entry, no. 130, Mattel did not even cite to it as an example of a non-privileged third-party communication.[22]

## IV. MATTEL ENGAGED IN PROPER MEET AND CONFERS

Having no evidentiary basis for its privilege assertions, MGA claims that Mattel has failed to properly meet and confer with regard to MGA's privilege logs. (Opp. at 13.) This is nonsense. Time and again, Mattel has sought to engage MGA on a "particularized analysis of the bases of MGA's privilege claims." (Opp. at 8) Each time, MGA has steadfastly refused to discuss the specific documents at issue.

First, when Mattel sent a letter to discuss entries in MGA's logs, MGA argued that a "separate" meet and confer process was required and expressly refused to discuss specific entries, despite the fact that these same deficiencies had been the subject of an ongoing meet and confer for weeks before the discovery cutoff.[23] Later, after MGA threw three more logs over the transom and Mattel sent another letter, MGA suggested that any additional meet and confer "would appear to be pointless" because any motion on this subject would be "untimely and improper" given that the discovery cutoff had recently passed.[24]

MGA claims that it waited to file its opposition until after the Court ordered meet and confer on these issues in the hopes that the parties could resolve their differences. (Opp. at 2 n.1.) But at that February 20, 2008 conference, MGA steadfastly refused to engage Mattel on the specific entries raised in Mattel's supplemental Notices. As MGA acknowledges, at the conference it took the position

---

[21] January 30 Privilege Log No. 217 & 221, Supp. Notice Proctor Decl., Exh. 3.
[22] See Sup. Notice at 3 n.3.
[23] See, e.g., Jan. 17, 2008 letter from J. Allen to B. Dylan Proctor, attached as exhibit 1 to the Supplemental Declaration of B. Dylan Proctor filed concurrently with Mattel's Reply in Support of Motion to Compel Production of Documents Previously Withheld Only Portions of Which are Allegedly Privileged.
[24] February 13, 2008 letter from J. Allen to B. Dylan Proctor, at 1, Zuromoski Decl., Exh. 3.

that "Mattel's contention was incorrect that MGA was withholding documents that could be produced in redacted form."[25]  Indeed, MGA made it quite clear that it was not ready to make any concessions.[26]  It also rejected Mattel's attempts to discuss specific entries saying it was "untimely," and when Mattel suggested that the parties submit MGA's documents to the Court for resolution *in camera*, MGA stated it would consider the approach but never responded.[27]  MGA's suggestion that Mattel failed to meet and confer on these issues is unjustified, and in no way should permit MGA to flout its obligations and the Court's orders with impunity.[28]

## V. MGA'S OPPOSITION IS UNTIMELY

Finally, MGA's opposition is significantly untimely.  Under the Discovery Master Stipulation, oppositions are due within five court days after the filing and service of a motion.[29]  Because Mattel filed its Supplements on February 5, 2008, MGA's opposition was due by February 12, 2008.  Under the Court's Local Rules, the Court may "decline to consider any [opposition] not filed within the deadline set" because a "failure to file it within the deadline may be deemed consent to the granting [] of the motion."[30]  While Mattel does not object to the Court's full consideration of the issues MGA raises, Mattel submits that the Court should

---

[25] Zurmoski Decl. ¶ 11
[26] Proctor Decl. ¶¶ 3-4.
[27] See Proctor Decl. ¶ 4.
[28] Any claim of untimeliness would also be erroneous. See Intex Recreation Corp. v. Team Worldwide Corp., 471 F. Supp. 2d 11 (D.D.C. 2007). There, a motion to compel was filed after fact discovery closed, but the court deemed the motion timely because it related to privilege logs that the movant's adversary had provided either after or on the eve of the cut-off date.  The court recognized that otherwise it would be impossible to file a motion to compel due to the non-movant's belated compliance with its discovery obligations: "While Intex's motion was filed following the close of discovery, … '[i]t was only after the privilege logs were produced, . . . that a motion could be brought[.]'" Id. at 15.  The same logic applies here.
[29] See Stipulation for Appointment of a Discovery Master, dated December 6, 2006, at 4.
[30] See Local Rule 7-12.

consider this untimeliness when considering the several motions to strike defendants have recently filed as to Mattel's briefs.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court find that the entries challenged in Mattel's supplemental Notices are not privileged and order these documents produced.

DATED: March 6, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By B. Dylan Proctor /s/
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

07209/2425868.1

-14-
MATTEL'S REPLY TO MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL NOTICES