QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| Defendant. | DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL'S SUPPLEMENTAL NOTICES RE: |
| AND CONSOLIDATED ACTIONS | (1) MOTION TO COMPEL PRODUCTION OF DOCUMENTS PREVIOUSLY WITHHELD ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED; |

07209/2425220.1

PROCTOR DECLARATION ISO MATTEL'S SUPPLEMENTAL NOTICES RE MGA PRIVILEGE LOGS

(2) MOTION TO COMPEL PRODUCTION OF THIRD-PARTY COMMUNICATIONS IMPROPERLY WITHHELD UNDER A CLAIM OF "COMMON INTEREST" PRIVILEGE;

(3) MOTION TO COMPEL PRODUCTION OF WITHHELD MGA (i) TRADEMARK SEARCH RESULTS, (ii) DATE OF FIRST USE INFORMATION, AND (iii) FACTUAL DATA COMMUNICATED FOR THE PURPOSE OF FILING TRADEMARK OR OTHER INTELLECTUAL PROPERTY APPLICATIONS

Date: March 10, 2008
Time: 8:30
Place: Telephonic

**Phase I**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: May 5, 2008
Trial Date: May 27, 2008

## **DECLARATION OF B. DYLAN PROCTOR**

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On February 20, 2008, I met with Richard Zuromski, MGA's counsel, regarding Mattel's motions to compel documents from MGA's various privilege logs. At that conference, MGA reiterated its prior positions and stated that it was not prepared to offer any compromises or concessions regarding any of the issues raised in Mattel's motion, "at least not today," and had no proposals to make.

3. MGA indicated that its position is that only the August and September logs are properly at issue, and that it would not produce -- in redacted form or otherwise -- any of the challenged documents from its November or January logs. MGA stated that it believed its assertions on those logs were proper and, the documents could not be redacted.

4. Mattel offered to discuss on an entry-by-entry basis the specific entries from MGA's November and January logs raised in Mattel's pending motions. MGA refused to discuss these specific entries as "untimely." However, MGA did reiterate that its legal positions are the same as to all the logs.

5. During our meeting I asked MGA's counsel, as I had before, whether MGA would agree to submit the documents it is withholding *in camera* to

1  the Discovery Master. MGA's counsel agreed to consider the matter, but then never
2  responded.
3          I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.
5          Executed on March 6, 2008, at Los Angeles, California.

                                        B. Dylan Proctor /s/
                                        B. Dylan Proctor