THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**REPLY IN SUPPORT OF MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**<br><br>**[Declaration of Philip W. Marsh filed concurrently herewith]**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

MGA's Motion to Strike presents two simple questions: (1) should the court strike Mattel's Reply in support of its Motion for Reconsideration as improper because it relates only to Phase 2 discovery, which has been stayed indefinitely by the Court; and, alternatively, (2) *if* Mattel's Reply brief is not stricken, should MGA be granted leave to file a surreply to address the dispositive and intervening February 4, 2008 Minute Order of the Court, which indefinitely stayed all Phase 2 discovery?[1] The answer to these questions is, unequivocally, "yes."

The Reply MGA is asking the Court to strike was filed on February 15, 2008, nearly two weeks after the Court had stayed Phase 2 discovery indefinitely.[2] Despite knowing Phase 2 discovery had been stayed, Mattel chose to burden the Court with additional arguments relating exclusively to Phase 2 issues anyway. Now, in its Opposition to MGA's Motion to Strike, Mattel has attempted to masquerade those Phase 2 issues as Phase 1 issues for the first time, despite its own concessions that documents more recent than 2002 relate to Phase 2. The Court should reject Mattel's improper attempts to argue stayed Phase 2 issues, as well as Mattel's continued and transparent attempts to circumvent Judge Larson's stay of Phase 2 discovery. Expert discovery is underway and dispositive motions will be filed shortly. The Court should not permit Mattel to continue to prejudice MGA by taking up valuable judicial resources with irrelevant, stayed Phase 2 issues. Accordingly, the Court should strike Mattel's Reply in support of its Motion for Reconsideration.

Alternatively, MGA requests leave to file a surreply to address the dispositive effect of the Court's February 4 Order (issued after MGA filed its Opposition on

---

[1] MGA has withdrawn the portion of its Motion to Strike relating to timeliness of Mattel's Reply by its Notice of Partial Withdrawal, filed February 29, 2008.

[2] Declaration of Philip W. Marsh ("Marsh Decl."), Ex. C at ¶ (4).

January 24, 2008) on Mattel's Motion for Reconsideration and supporting Reply.

## II. ARGUMENT

### A. Mattel's Attempts to Disguise Phase 2 Issues as Phase 1 issues are Unavailing; Mattel's Reply Relates *Only* to Phase 2 and Should be Stricken.

There is no doubt that Mattel knew the issues raised in its Motion for Reconsideration and its Reply brief are Phase 2 issues. After all, it was Mattel's trial phasing proposal that was ultimately adopted in this case.[3] Despite this fact, Mattel has repeatedly attempted to re-open Phase 2 Discovery issues—attempts that this Court has rejected.[4] Mattel's opposition provides three purported justifications for why its Reply and underlying Motion for Reconsideration may relate to Phase 1, none of which withstand scrutiny.

First, Mattel argues that "Larian's post-2005 communications are not necessarily limited to Phase 2."[5] Mattel, however, gives no concrete support for this questionable statement. Instead, Mattel makes two irrelevant points regarding the scope of the Court's December 31, 2007 Order and its alleged recent discovery of "three Mattel employees that have been working on Bratz for years."[6] These points, however, do not relate to Mr. Larian's post-2005 communications, and have no bearing on the question of whether Mattel is improperly seeking discovery of stayed Phase 2 issues. In fact, contrary to Mattel's suggestion in its opposition, Mattel has already stated that it discovered the three Mattel employees through deposition testimony, and not through discovery of post-2005 (or any other) communications.[7]

---

[3] Marsh Decl., Ex. D (Mattel's Modification of Defendants' Proposal) & Ex. E at 2 ("THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL").

[4] *See* Supplemental Declaration of Philip W. Marsh ("Supp. Marsh Decl."), Ex. F at 29:19-30:19 (J. Larson rejecting Mattel's suggestion that the stay on Phase 2 discovery be lifted).

[5] Opp. at 1:26-27.

[6] Opp. at 1:27-2:2.

[7] Marsh Decl., Ex. B at 3:3-6.

Indeed, Mattel itself has recently confirmed its own stance that recent communications, such as Mr. Larian's post-2005 communications, are not relevant to Phase 1.  For example, in connection with Mattel's subpoena to ConsumerQuest, Mattel's counsel agreed to limit one of its document requests to documents before December 31, 2002, and conceded that later documents relate to Phase 2.[8]  Similarly, in connection with MGA's motion to compel Mattel to produce email, Mattel argued that Mattel's backup tapes are irrelevant to Phase 1 because they only go back to 2005.[9]

Next, Mattel speculates, without any supporting basis, that Mr. Larian's post-2005 communications "may well disclose" alleged improprieties relating to Carter Bryant's alleged disloyalty or the timing of the creation of Bratz.[10]  Mattel's conspiratorial conjecture, however, fails to even articulate a theory that could possibly explain why Mr. Larian's post-2005 communications might disclose any information about events that Mattel alleges happened at least six years earlier.  The Court should reject Mattel's baseless speculation.

Finally, Mattel conflates copyright infringement and damages analysis from Phase 1(b) with its Phase 2 claims, by arguing that Mattel must be permitted to argue that Bratz "were stolen" from Mattel to counter MGA's damage theories.[11]  Mattel's argument is completely contrary to the phasing order (drafted and proposed *by Mattel*), which prevents Mattel from arguing its Phase 2 theories, such as unfair competition, unjust enrichment, and conversion, until Phase 2.  In fact, this is *exactly*

---

[8] Supp. Marsh Decl., Ex. G at 1 ("Request No. 12, I agreed to limit to December 31, 2002, and the remainder would be Phase 2.").

[9] Supp. Marsh Decl., Ex. H at 5-6 ("[A]ny e-mails in electronic form [Mattel] possesses are either located on an exchange server that only retains files for 90 days, or on back-up tapes which go back to April 2005. Given this date limitation, it is unclear how any of the electronic files MGA is requesting can be relevant to Phase One.").

[10] Opp. at 2:3-5.

[11] Opp. at 2:5-15.

1 *the same argument* that the Court has already rejected, refusing to re-open Phase 2 discovery.[12]

Mattel's attempts to disguise its Phase 2 arguments as Phase 1 issues and its attempts to re-open Phase 2 discovery should be rejected by the Court—*again*. Mattel's Reply in support of its Motion for Reconsideration is improper and should be stricken, because it relates exclusively to irrelevant, stayed Phase 2 issues.

### B. Contrary to Mattel's Suggestion, a Motion to Strike is an Appropriate Remedy Here.

Contrary to Mattel's suggestion,[13] Courts grant motions to strike improper briefs. For example, in *Simmons v. Al Smith Buick Co.*, the court granted a motion to strike a responsive memorandum where its filing was contrary to the court's local rules. 841 F. Supp. 168, 169 (E.D. N.C. 1993). Similarly in this matter, Mattel's Reply brief arguing stayed Phase 2 issues is contrary to the rule of this case, as articulated in the Court's February 4, 2008 Minute Order indefinitely staying Phase 2 discovery.[14]

Mattel misses the point when it argues that "Judge Larson's order did not preclude the parties from referencing Phase 2-related issues in briefs."[15] The issue is not whether Mattel may merely reference Phase 2 issues, but whether a brief arguing *exclusively* stayed Phase 2 issues is improper. It is, and Mattel's Reply should be stricken for that reason.

Mattel's argument that motions to strike are disfavored impliedly acknowledges such motions are proper in limited circumstances. MGA submits that those circumstances include a brief exclusively related to irrelevant, stayed issues.

---

[12] Supp. Marsh Decl., Ex. F at 30:7-10 ("Mr. Corey, if I lift the stay on Phase Two discovery, I can't imagine what that would do. I mean, poor Judge Infante. I just couldn't do that to him. I just couldn't. That would derail this litigation.").

[13] *See* Opp. at 1:16-24.

[14] Marsh Decl., Ex. C at ¶ (4).

[15] Opp. at 1:24-25.

Regardless of whether striking Mattel's motion is disfavored or not, it is an appropriate remedy here, particularly since Mattel drafted the phasing proposal, Mattel's own arguments support MGA's contention that the Reply relates only to Phase 2 issues, and Mattel's prior attempts to re-open Phase 2 discovery have already been rejected by the Court.

### C. In the Alternative, MGA Should be Granted Leave to File a Surreply.

Alternatively, MGA submits that the Court's February 4 Order staying Phase 2 discovery, which was filed *after MGA filed its Opposition* to Mattel's Motion for Reconsideration, disposes of Mattel's Motion. As specified in the Local Rules, MGA must seek leave of the Court to file a surreply.[16] Accordingly, MGA must provide the Court some rationale for granting leave.

Mattel's argument that MGA is somehow trying to circumvent the rules by requesting leave to file a surreply and providing its rationale for that request is completely incorrect.[17] To the contrary, Mattel is simply proceeding as prescribed by the local rules to seek leave of the Court to file a surreply. In doing so, MGA has provided the Court with its rationale for granting the requested leave, as it must.[18] In the face of MGA's rationale, if the Court does not grant MGA's Motion to Strike, it should grant MGA leave to file a surreply to address the Court's intervening, dispositive order staying Phase 2 discovery.

### III. CONCLUSION

For the reasons stated above, the Court should strike Mattel's improper Reply.

---

[16] L.R. 7-10.

[17] Opp. at 2:20-3:2.

[18] Mot. to Strike at 4:7-10 (arguing that Mattel's Motion for Reconsideration presents only to Phase 2 issues related to Mattel's RICO claims and trade secret appropriate claims); 2:13-17 (arguing that Mattel's Reply in support of its Motion for Reconsideration presents only Phase 2 related issues related to alleged trade secret theft and conduct of Mattel's employees).

1 | Alternatively, the Court should grant MGA leave to file a surreply to address the
2 | dispositive effect of this Court's intervening stay of Phase 2 discovery on Mattel's
3 | Phase 2 Motion and Reply.

5 | DATED: March 6, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:   /s/ Raoul D. Kennedy
   Raoul D. Kennedy

Attorneys for Counter-Defendants MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.