THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]<br><br>**SUPPLEMENTAL DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

SUPP. DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER

I, Philip W. Marsh, declare as follows:

1.  I am an associate of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which is counsel of record for MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively the "MGA Defendants"). I am one of Skadden's lawyers assigned to the above-captioned litigation. Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify as follows.

2.  Attached as Exhibit F is a true and correct copy of a portion of the transcript from the February 25, 2008 hearing before the Hon. Stephen G. Larson.

3.  Attached as Exhibit G is a true and correct copy of a letter from Jon Corey, counsel for Mattel, to Amy Park, counsel for the MGA Defendants, dated February 27, 2008.

4.  Attached as Exhibit H is a true and correct copy of a portion of the letter from Jon Corey, counsel for Mattel, to Raoul Kennedy, counsel for the MGA Defendants, dated February 26, 2008.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 6, 2008 at Washington, District of Columbia.

_____
Philip W. Marsh

SUPP. DECLARATION OF PHILIP W. MARSH IN SUPPORT OF MGA'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER
822799-D.C. Server 1A - MSW

# EXHIBIT F

```
 1                UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                       EASTERN DIVISION

 4                           - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                           - - -

 7   CARTER BRYANT, ET. AL.,        )
                                    )
 8                      PLAINTIFFS, )
                                    )
 9              VS.                 )  NO. ED CV 04-09049
                                    )  (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,         )
                                    )
11                      DEFENDANTS. )  MOTION; OSC HEARING
     _____)
12   AND CONSOLIDATED ACTIONS,      )
     _____)
13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  RIVERSIDE, CALIFORNIA

17                MONDAY, FEBRUARY 25, 2008

18                       11:24 A.M.

19

20

21

22

23             THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24              3470 12TH STREET, RM. 134
              RIVERSIDE, CALIFORNIA  92501
25                    951-274-0844
                 WWW.THERESALANZA.COM
```

**CERTIFIED COPY**

EXHIBIT F
PAGE 2

FEBRUARY 25, 2008                           BRYANT V. MATTEL

```
 1    APPEARANCES:

 2

 3
      ON BEHALF OF MATTEL:
 4
                          QUINN EMANUEL
 5                        BY:  JOHN QUINN
                          BY:  JON COREY
 6                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 7                        LOS ANGELES, CALIFORNIA  90017
                          213-624-7707
 8

 9
      ON BEHALF OF MGA ENTERTAINMENT:
10
                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
11                        BY:  THOMAS J. NOLAN
                          BY:  CARL ALAN ROTH
12                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
13                        213-687-5000

14

15    ON BEHALF OF MCFARLAND, CLOONAN, MARLOW & LEAHY:

16                        KEATS MCFARLAND & WILSON LLP
                          BY:  LARRY W. MCFARLAND
17                        9720 WILSHIRE BOULEVARD
                          BEVERLY HILLS, CA  90212
18                        310-777-3750

19

20

21

22

23

24

25
```

EXHIBIT  F
PAGE  3

FEBRUARY 25, 2008                    BRYANT V. MATTEL

```
 1          MR. NOLAN:  WE'RE TWO WEEKS AWAY FROM FILING OUR
 2   MOTIONS FOR SUMMARY JUDGMENT.  I KNOW WE'RE WORKING ON THEM,
 3   BOTH SIDES ARE, AND I WOULD SAY 98 PERCENT OF THE EXHIBITS HAVE
 4   BEEN MARKED 'AEO' AND HAVE TO BE HANDLED THIS WAY.
 5          SO WE'LL TAKE THIS DIRECTIVE.  WE'LL MEET WITH MATTEL
 6   AND TRY TO WORK OUT SOME ACCOMMODATIONS.
 7          THE COURT:  I WOULD LIKE TO THINK THAT THE NEXT TIME
 8   WE'RE ALL GOING TO MEET IS AT THE DISPOSITIVE MOTION HEARING
 9   DATE, BUT I SUSPECT THAT'S NOT GOING TO BE THE CASE; SO I
10   SUSPECT WE'LL HAVE ANOTHER OPPORTUNITY TO ADDRESS THIS ISSUE.
11   I'LL TRUST THAT BETWEEN NOW AND THEN YOU'LL MEET AND CONFER
12   WITH ALL COUNSEL CONCERNED AND START THINKING OF A WAY TO
13   ADDRESS THIS, SHORT OF A WHOLESALE UNSEALING OF THE RECORD,
14   WHICH, QUITE FRANKLY, IF YOU'RE NOT ABLE TO COME UP WITH SOME
15   CLEARLY DEFINABLE PARAMETERS, THAT IS NOT OUT OF THE QUESTION;
16   SO LET'S START WORKING ON THAT.
17          MR. NOLAN:  WE WILL, YOUR HONOR.  IT WOULDN'T BE THE
18   FIRST TIME THAT WE CAN'T AGREE, BUT LET'S BE OPTIMISTIC THAT WE
19   WON'T SEE YOU UNTIL THE MOTIONS FOR SUMMARY JUDGEMENT.
20          AND NONE OF US TAKE THAT PERSONAL, YOUR HONOR.  WE
21   ENJOY BEING HERE.
22          THE COURT:  THE COURT ENJOYS HAVING YOU HERE, MOST OF
23   THE TIME.
24          MR. COREY, ANYTHING FURTHER?
25          MR. COREY:  YES, IF I MAY.
```

EXHIBIT F
PAGE 4

FEBRUARY 25, 2008                              BRYANT V. MATTEL

1    ACTUALLY, WHAT I CAN TELL THE COURT, WE ACTUALLY HAVE
2    THE SAME ISSUE WITH RESPECT TO THINGS BEING DESIGNATED UNDER
3    THE PROTECTIVE ORDER. WE DID INITIATE A MEET AND CONFER
4    PROCESS A NUMBER OF MONTHS AGO WITH RESPECT TO THE THINGS THAT
5    ARE BEING DESIGNATED FROM THE YEAR 2000 WITH RESPECT TO THE
6    CREATION OF BRATZ; SO WE'LL HAVE A CONVERSATION WITH MR. NOLAN
7    ON THAT. I THINK HE MAY BE LOOKING AT THINGS WITH FRESH EYES
8    NOW.

9    WITH RESPECT TO MR. BOUSQUETTE, I WANT TO MAKE THIS
10   VERY PRECISE THAT WHAT'S BEING ASSERTED IN THE EXPERT REPORTS
11   IS THAT MATTEL'S DAMAGES SHOULD BE REDUCED BECAUSE OF SOME
12   BRILLIANT THINGS THAT MGA HAS DONE.

13   MATTEL'S PHASE TWO CLAIMS ARE THAT THOSE BRILLIANT
14   THINGS WERE STOLEN FROM MATTEL. AND SO BY STAYING PHASE TWO
15   DISCOVERY, WHICH WE HAVE NOT COMPLETED AND WHICH COUNSEL FOR
16   MGA AGREES WE HAVE NOT COMPLETED, MATTEL IS BEING DEPRIVED OF
17   THE OPPORTUNITY TO PRESENT ITS REBUTTAL OR ITS DEFENSE,
18   WHATEVER YOU WANT TO CALL IT, TO THAT THEORY OR THAT CLAIM.

19   **THE COURT:** SO MR. NOLAN IS CORRECT; YOU DO WANT TO
20   OPEN UP PHASE TWO DISCOVERY RIGHT NOW.

21   **MR COREY:** I THINK THE COURT NEEDS TO MAKE A CHOICE.
22   WHAT I DON'T WANT IS MATTEL TO BE PREJUDICED BY THEM ALLOWING
23   TO GO FORWARD WITH THEIR THEORIES THAT THEY ARE GOING TO RELY
24   ON TO REDUCE MATTEL'S CLAIMED DAMAGES WITHOUT MATTEL BEING
25   GIVEN AN OPPORTUNITY TO RESPOND TO THOSE.

EXHIBIT F
PAGE 5

FEBRUARY 25, 2008                    BRYANT V. MATTEL

```
 1      FRANKLY, MATTEL DOESN'T CARE WHAT THE CHOICE IS.  IF
 2 PHASE TWO IS GOING TO BE STAYED, THEN IT NEEDS TO BE STAYED.
 3 BUT IF THESE THEORIES ARE GOING TO BE FLOATED IN PHASE ONE.
 4 THEN PHASE TWO DISCOVERY SHOULD NOT BE STAYED; IT SHOULD BE
 5 ALLOWED TO PROCEED.  AND THEN IF THE STAY ON PHASE TWO IS
 6 LIFTED, THEN THERE'S NOT AN ISSUE WITH RESPECT TO --
 7      THE COURT:  MR. COREY, IF I LIFT THE STAY ON PHASE
 8 TWO DISCOVERY, I CAN'T IMAGINE WHAT THAT WOULD DO.  I MEAN,
 9 POOR JUDGE INFANTE.  I JUST COULDN'T DO THAT TO HIM.  I JUST
10 COULDN'T.  THAT WOULD DERAIL THIS LITIGATION.
11      BASED ON HOW -- AND I'M NOT POINTING ANY FINGERS
12 HERE, THIS IS JUST ACROSS THE BOARD -- HOW DISCOVERY HAS BEEN
13 CONDUCTED, THE MILLIONS OF DOCUMENTS; THE, I DON'T KNOW, UNTOLD
14 NUMBER OF DEPOSITIONS AND THE INTERROGATORIES AND RFA'S; TO
15 LIFT STAY TWO DISCOVERY DURING THIS CRITICAL PERIOD AS WE'RE
16 TRYING TO DO THE MOTIONS, THE PRETRIAL ORDERS, AND GET READY
17 FOR THE FIRST TRIAL IN MAY, WHICH IS GOING FORWARD IN MAY, TO
18 START IN ON FULL SCALE PHASE TWO DISCOVERY, THAT'S
19 UNFATHOMABLE.
20      MR. COREY:  THAT'S NOT WHAT I THINK THE COURT SHOULD
21 DO.
22      THE COURT:  SO WE'RE ALL IN AGREEMENT ON THAT.
23      MR. COREY:  I THINK THE COURT SHOULD LIMIT THE ISSUES
24 TO PHASE ONE AS THE COURT HAS ARTICULATED THEM; THE CREATION OF
25 BRATZ AND CARTER BRYANT'S EMPLOYMENT WITH MATTEL.  THAT'S
```

EXHIBIT F
PAGE 6

FEBRUARY 25, 2008                    BRYANT V. MATTEL

```
 1   FAIRLY CONSTRAINED AND THAT'S NOT GOING TO BURDEN ANYBODY TO
 2   GET THAT DONE.
 3              THERE ARE A NUMBER OF ISSUES THAT GET TEED UP
 4   DEPENDING ON THE OUTCOME OF WHAT DECISION THE JURY MAKES WITH
 5   RESPECT TO THOSE ISSUES.  THERE'S NO NEED TO GET INTO THEM NOW.
 6              I DO NEED TO ADD TWO QUICK THINGS WITH RESPECT TO
 7   MR. BOUSQUETTE.
 8              MATTEL DOES NOT CONTROL HIM; HE HAS SEPARATE COUNSEL;
 9   IT'S CHRIS CALDWELL.  HE WOULD BE HERE TODAY EXCEPT HE'S IN
10   TRIAL.  AND NO SUBPOENA HAS BEEN SERVED ON MR. BOUSQUETTE.  HE
11   HAD AGREED TO APPEAR VOLUNTARILY ON FEBRUARY 15TH IN CHICAGO
12   BEFORE THE COURT HAD ISSUED --
13          **THE COURT:**  WHO CANCELLED HIS DEPOSITION, THEN?
14          **MR. COREY:**  WE IDENTIFIED HIM AS BEING PHASE TWO
15   DISCOVERY.
16          **THE COURT:**  SO YOU DID.
17          **MR. COREY:**  I WROTE A LETTER SAYING HE'S PHASE TWO
18   DISCOVERY.
19          **THE COURT:**  YOU'RE NOT HIS LAWYER.
20              WHAT WERE YOU DOING WRITING A LETTER SAYING HE'S NOT
21   GOING TO SHOW UP FOR HIS DEPOSITION?
22          **MR. COREY:**  HE HASN'T BEEN SUBPOENAED.
23              WHAT THE LETTER SAID WAS HE'S PHASE TWO; MS. PATEL IS
24   PHASE TWO; AND ANOTHER DESIGNEE ARE PHASE TWO.
25          **THE COURT:**  I UNDERSTAND THE WHOLE ARGUMENT.
```

EXHIBIT F
PAGE 7

FEBRUARY 25, 2008                                   BRYANT V. MATTEL

# EXHIBIT G

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 27, 2008

**FACSIMILE AND U.S. MAIL**

Amy S. Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:   Bryant v. Mattel, Inc.

Dear Amy:

I write to confirm our conversation of this morning regarding MGA's motion to quash various subpoenas and Mattel's cross motion to compel.

With respect to the Consumerquest subponea, you told me that MGA would not withdraw its motion to quash. You stated that you thought that Request Nos. 2, 4, 6, 7, 8, 10, 12 and 13 are Phase 2. I agreed that Request Nos. 8, 10 and 13 are Phase 2. Request Nos. 2 and 4 are Phase 1 because they relate to Paula Garcia's credibility. I agreed to limit request No. 6 to Bratz, Prayer Angels and Angel, in which case I would agree that the remainder of Request No. 7 would be Phase 2. You did not agree. Request No. 12, I agreed to limit to December 31, 2002, and the remainder would be Phase 2. You did not agree.

With respect to the subpoenas to Moss Adams and the Larian trusts, you said that some information had been collected from them. You could not say whether any information collected from them had been produced, but said that you would check. You refused to produce trust formation documents or financial information related to the trusts. You said that information showing distributions to Isaac Larian from MGA for 2006 and 2007 would be produced today or tomorrow. Otherwise, you will proceed with the motion to quash.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2335366.2

EXHIBIT __G__
PAGE __8__

For Wachovia, Ernst & Young and Deloitte, you would not agree to withdraw your motion in any respect, save the production of the actual agreement with Wachovia for the 1999 or 2000 loan, which is not acceptable given that Wachovia has collected documents and stands ready to produce them.

With respect to Wells Fargo, I told you that I would address that under separate cover.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey

# EXHIBIT H

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 26, 2008

### VIA FACSIMILE AND U.S. MAIL

Raoul Kennedy, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111

John Trinidad, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, California 94111

Re: <u>Mattel v. Bryant</u>

Dear Raoul:

I write regarding the parties' meeting of counsel on February 20 and 21, 2008, at which we discussed many of the pending discovery motions, and to memorialize certain agreements. The following is Mattel's understanding of where things currently stand:

1. **Mattel's motion to compel (1) deposition of Carlos Gustavo Machado Gomez; and (2) consent to production of electronic mail messages.**

Mattel indicated that, because Mr. Machado's deposition pertains to Phase Two, Mattel is willing to take this motion off the Court's calendar, provided the parties stipulate that Mr. Machado will appear in Los Angeles for his deposition two weeks after the Phase Two stay is lifted. Mattel will contact Mr. Machado's counsel to raise this matter with him as well.

2. **MGA's motion to compel Mattel to produce documents responsive to MGA's RFPs 526 and 528.**

MGA confirmed that this motion has been withdrawn until Phase Two discovery commences.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-3336

07209/2411230.1

EXHIBIT _H_
PAGE _10_

30(b)(6) deposition, MGA may be willing to withdraw these duplicative topics. The parties agreed to discuss these topics further following the deposition on Bryant's 30(b)(6) topics.

As to Topic Nos. 9(a) and (b) -- which pertain to MGA's showing of Bratz to focus groups and retailers in November 2000 [9(a)] and MGA's and Larian's encouragement, aiding and financing of Bryant to develop Bratz while he was a Mattel employee [9(b)] -- Mattel indicated that any responsive information it may have was obtained through discovery in this case and is thus designated "Attorney's Eyes Only." As such, Mattel cannot produce a knowledgeable witness on these topics. MGA responded that it is nonetheless entitled to a have a witness produced so that it may determine for itself whether Mattel possesses any relevant information outside of what has been produced in this litigation. In an effort to resolve this issue, Mattel offered to stipulate that it will not present a witness at trial to testify on this subject. MGA agreed to consider this proposal.

MGA stated that it will limit Topic No. 18 to information regarding Mattel's policies and practices in connection with employees who leave Mattel to work for competitors, and that it will not question Mattel's 30(b)(6) designee regarding specific employees.

For Topic No. 19, regarding Bryant's relationship or contacts with Paula Treantafelles during the time they were both employed at Mattel, Mattel noted that any information responsive to this topic would be in the possession of Bryant or Treantafelles -- not Mattel. Accordingly, Mattel will not designate a witness on this topic.

Mattel is also unwilling to designate a witness for Topic No. 20, regarding the floor plan and seating chart for Mattel's office in El Segundo, California in 1999 and 2000, as MGA has already received copies of the Mattel design center floor plan and seating chart, and several witnesses have already testified on this subject. Mattel will consider designating the testimony of those witnesses.

For Topic No. 26, MGA indicated that it is willing to limit this topic consistent with Judge Infante's February 11, 2008 Order on Mattel's motion for reconsideration. Specifically, MGA will limit Topic No. 26 to people employed in the Mattel design center from 1995 to the present.

As to Topic No. 27 -- the circumstances under which Bryant testified in September 2003 in the lawsuit brought by Gunther Wahl against Mattel -- Mattel informed MGA that it will have to consider whether there is anyone knowledgeable on this subject.

Mattel explained to MGA that, as stated in Mattel's RFA responses, Mattel is not seeking lost profits as Phase One damages. As such, Topic Nos. 28 and 29 are not relevant and Mattel will not produce witnesses on these topics. Nor will Mattel provide a witness on Topic No. 30, as Mattel is not seeking damages in Phase One for the devaluation of Barbie. MGA agreed to consult with its damages expert to determine whether it has all of the information it needs as to these topics and to review Mattel's responses to its requests for admission, and indicated that it might be willing to withdraw them.

EXHIBIT _H_
PAGE _11_

Mattel informed MGA that it will not produce witnesses on Topic Nos. 31 or 58, as they are grossly overbroad.

Further, Mattel will not designate witnesses on Topic Nos. 32 or 60, as they appear to relate exclusively to Phase Two issues.

MGA recognized that to the extent Topic No. 39 pertains to trade secrets, it is a Phase Two matter, and thus agreed to withdraw that portion of No. 39 until the Phase Two discovery stay is lifted.

MGA stated that it is willing to limit Topic Nos. 42 and 47 to information pertaining to Diva Starz, and will withdraw the balance of these topics until Phase Two discovery commences.

Given its recent withdrawal of its unclean hands defense from the Phase One trial, MGA indicated that it would hold Topic No. 65 in abeyance until Phase Two.

For Topic No. 69, relating to the relationship between Fred Larian and Mattel, I informed you that I do not believe Mattel has any responsive information, as communications with Fred Larian were handled exclusively by Mattel's outside counsel. I agreed to follow up on this, and get back to you by Monday, February 25, 2008.

As to Topic No. 70, Mattel's communications internally or to third-parties concerning claims or potential claims against MGA or MGA products, MGA agreed to limit the topic to just communications with third-parties.

Finally, I agreed to go back through MGA's Rule 30(b)(6) Notice and to review several of the topics we discussed. I promised to get back to you by Monday, to let you know whether Mattel is willing to produce witnesses for any of these topics.

7.   **Mattel's motion for reconsideration of portions of Discovery Master's 12/31/07 Order [to require production of communications between Isaac Larian and Mattel employees from 1999 through the present].**

Mattel expressed its view that Judge Infante's December 31, 2007 Order granting Mattel's Request for Production No. 198 is unduly narrow, in that it is limited to communications between Isaac Larian and Mattel employees from 1999 to 2005. This date limitation is inconsistent with the allegations in Mattel's Second Amended Answer and Counterclaims, and in Mattel's Supplemental Responses to MGA's First Set of Interrogatories. You indicated that you would get back to us to let us know who we should talk to about this issue.

8.   **MGA's motion to compel Mattel to produce email.**

Mattel indicated that it appears that the electronic materials that MGA is seeking are related exclusively to Phase Two issues. As Mattel explained, any e-mails in electronic form that it possesses are either located on an exchange server that only retains files for 90 days, or on back-

up tapes which go back to April 2005. Given this date limitation, it is unclear how any of the electronic files MGA is requesting can be relevant to Phase One.

Mattel then noted that even assuming there are files relevant to Phase One, MGA's request for e-mail nonetheless poses a serious practical problem, given the vast number of back-up tapes that would have to be searched, and the unmanageable number of hits that would undoubtedly be returned. Further, Mattel has not received from MGA or Bryant any concrete proposal regarding (1) how the search is to be conducted (such as a reasonable list of keywords), and (2) how the costs of the search should be shifted to defendants.

Please let me know if you have a proposal for conducting this e-mail search and for shifting of costs. We look forward to discussing it with you.

In the course of discussing this motion, MGA also raised an issue not set forth in the motion as to whether Mattel had separately retained electronic documents related to other litigation -- specifically relating to Simba and Diva Starz. Mattel reminded MGA that it has already produced a substantial amount of documents to defendants regarding Simba and Diva Starz, but will look into the matter further.

9.  **MGA and MGA Mexico's motion for protective order from Mattel's fourth notice of deposition of MGA and notice of deposition of MGA Mexico.**

Mattel noted that the topics directed at MGA Mexico pertain to Phase Two discovery, and will therefore be put on hold until Phase Two discovery commences. As to the topics relevant to MGA, Mattel identified the following which pertain, at least in part, to Phase One: Topic Nos. 7-14, 82, 84-87, 89-95, 97, 98 and 102.

MGA disputed that Topic Nos. 7-14, 97 and 98 relate to Phase One, contending that because they refer to the "contested MGA products" they are, by definition, exclusive to Phase Two. Mattel responded that these topics are relevant to Phase One to the extent they relate to early Bratz development, but agreed to go back and reconsider them.

MGA contended that Topic No. 102 is duplicative of the financial information for which Lisa Tonnu was designated. Mattel responded that documents relevant to this topic were put in front of Ms. Tonnu at her first deposition, but that she did not have any knowledge or information regarding them. Thereafter, Ms. Tonnu was ordered to appear for further deposition. At the request of your colleague, Carl Roth, Mattel provided MGA with copies of the documents that had previously been presented to Ms. Tonnu. Mr. Roth indicated that he would inform Mattel if Ms. Tonnu was to be designated on this topic at the further deposition. Mr. Roth never so indicated. Accordingly, Mattel is now entitled to a witness on this topic.

MGA conceded that Topic Nos. 82, 84-87 and 94 are relevant to Phase One, but argued that they are duplicative of MGA's interrogatory responses.

MGA argued that Topic 95 is identical to Topic 34 in Mattel's Second Notice of Deposition Pursuant to Rule 30(b)(6) to MGA, which Judge Infante previously excluded.

As to Topic Nos. 89-93, which all pertain to Fred Larian, MGA has agreed to produce a witness, though was unable to identify who the witness will be or when that witness will be available. MGA did confirm, however, that it will be a single witness.

Finally, the parties recognized that Mattel has not yet filed an opposition to this motion. As you know, when Mattel requested additional time for the opposition, MGA indicated that Mattel can take as much time as it needs, provided that MGA is permitted 10 days thereafter to reply. The parties agreed that Mattel will file an opposition pertaining to the narrow issues of Topics 82, 84-87, 94 and 95, and possibly 7-14, 97 and 98. The parties further agreed to put the remaining issues in this motion off until the Phase Two stay is lifted.

### 10. Mattel's motion to (1) enforce the Court's 8/13/07 Order and to compel; and (2) for award of monetary sanctions.

The parties agreed that this is a Phase Two motion and thus should be put off until Phase Two. However, Mattel noted that this motion may be withdrawn entirely if MGA can answer the questions raised in Mattel's January 31 and February 4, 2008 letters to your colleague, Andrew Temkin. MGA agreed to look into this issue and get back to Mattel.

### 11. Carter Bryant's Motion to Quash Mattel Inc.'s Subpoena Issued to People's Bank of the Ozarks or in the Alternative, for Protective Order.

Mattel expressed its view that the notice arguments raised in Bryant's papers are moot, as Bryant has not suffered any prejudice. Bryant disagreed.

In an attempt to resolve this motion without further motion practice, Mattel proposed that the parties apply the same agreement they had reached as to the Foothill subpoena to the subpoena at issue here. Bryant agreed to consider this offer, but contacted Mattel following the meet and confer to reject this offer.

As such, this motion will be submitted to the Discovery Master for consideration.

### 12. Mattel's motion to compel production of documents improperly withheld as privileged by MGA, Isaac Larian and third party David Rosenbaum.

Mattel noted that it has withdrawn that portion of its motion relating to MGA's waiver of privilege. The parties were unable to discuss the few outstanding issues in this motion, as you indicated that you had not yet had a chance to review Mattel's reply brief. You stated that you would look into this matter and get back to Mattel. We look forward to hearing from you.