KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br>**REPLY i/s/o MOTION TO STRIKE AMENDED REPLY MEMORANDUM i/s/o MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S 1/25/07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES**<br><br>Date: March 10, 2008<br>Time: 8:30 a.m.<br><br>Judge: Hon. Stephen G. Larson<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

Mattel's Opposition to Bryant's motion to strike Mattel's reply brief is utterly meritless, perpetuates and repeats the same deliberate factual misstatements in that reply brief, and (ironically enough) is itself untimely.

On the procedural level, Mattel's newfound argument that Bryant's Opposition brief was never served (and thus its own Reply could not have been late) is utter nonsense, for two independent reasons. First, the order appointing the Discovery Master, which Mattel both cites and attaches, expressly provides for electronic service: "Service of any document by fax or electronic mail by 6:00 p.m. shall constitute service on that day." Grant Decl. Exh. 11 at 5, ¶ 5. And second, this is an e-filing case. Local Rule 5-3.3 expressly provides that "[t]he court and parties shall not be required to manually serve pleadings and documents that have been electronically filed . . . ." To suddenly suggest, after literally *thousands* of separate e-filings in this case, that hand or mail service is required for e-filed documents is simply ludicrous.

Similarly, the fact that Bryant had proposed a briefing schedule (that Mattel, having agreed to reduce to a stipulation, chose not to) does not explain why Mattel is later entitled to replace one brief, signed by one attorney, with a different brief, signed by a different attorney—much less why it is permissible to backdate that brief by three days.[1]

---

[1] Ironically, the instant opposition to Bryant's motion to strike is itself untimely; the motion was filed and served February 20, and Mattel's opposition was filed and served March 3, nearly a full week late.

It is on a substantive level, however, that Mattel's position is most troubling. Mattel does not dispute that it has submitted what it considers central and "incontrovertible" evidence on reply, depriving Bryant of an opportunity to respond. Nor does Mattel dispute that the evidence on which it relies was in its possession months earlier. Mattel's position is that, because it chose not to have its expert review that evidence before it filed its opening brief, it is therefore entitled to lob it in on reply.

This is fundamentally unfair. "We hadn't looked at it yet" is not an excuse to hold back evidence or arguments. Because of Mattel's own tactical choice to defer analysis of evidence in its possession, Bryant could not introduce his own evidence and expert testimony in opposition. Mr. Menz, Mattel's expert, will not be deposed until three days after the hearing on this matter.[2] Bryant's own expert report is due the next Monday, March 17. We submit that, if Mattel is to be permitted to use (and misuse) its own expert's report on reply, it is fundamentally unfair to preclude Bryant from responding with its own evidence from that expert's deposition testimony and Bryant's responsive report. The Court should either (1) strike Mattel's Reply, or (2) permit Bryant to respond to it once Mr. Menz has been deposed. Bryant would be prepared to submit a surreply on Monday, March 17 (two business days after Mr. Menz's deposition and the same day as service of Bryant's rebuttal expert report). The matter can thereafter be submitted on the papers or argued, as the Court prefers.

This is of particular importance in this case: the evidence Mattel submits for the first time on Reply is claimed to be crucial, and Mattel has repeatedly and deliberately misstated its import. As we point out in our motion to strike, Mattel's expert was careful to make clear that Evidence Eliminator only overwrites *filenames* of files that have *already* been deleted, and does not delete the contents of the files themselves. Moreover, it does so automatically each time the computer is shut down. Mattel's briefs, however, repeatedly and deliberately misstate this testimony as "incontrovertible" evidence that "Bryant erased 9400+ *files* from his laptop . . . ." Opposition to Motion to Strike at 1 (emphasis added). As Mr. Menz's deposition testimony and Bryant's own expert report will establish, this statement is flatly, demonstrably false. If Mattel is permitted to introduce and misrepresent this evidence on reply, Bryant must be permitted the opportunity to respond.

Dated: March 7, 2008

Respectfully submitted,

KEKER & VAN NEST, LLP

By: /Michael H. Page/
MICHAEL H. PAGE
Attorneys for Plaintiff
CARTER BRYANT

---

[2] Mr. Menz's deposition is scheduled for Thursday, March 13, in Sacramento.

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On March 7, 2008, I served the following document(s):

**REPLY i/s/o MOTION TO STRIKE AMENDED REPLY MEMORANDUM i/s/o MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S 1/25/07 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; and

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Hon. Edward A. Infante<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, CA 94111<br>Tel: 415/774-2649<br>Fax: 415/982-5287<br>Email: schan@jamsadr.com | John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Tel: 213/443-3000<br>Fax: 213/443-3100<br>Email:<br>  johnquinn@quinnemanuel.com<br>Email:<br>  michaelzeller@quinnemanuel.com |

| | | |
|---|---|---|
| 1 | Thomas J. Nolan | Alexander H. Cote |
| 2 | Skadden Arps Slate Meagher & Flom | Overland Borenstein Scheper & Kim LLP |
| 3 | 300 South Grand Avenue, Suite 3400 | 300 S. Grand Avenue, Suite 2750 |
| 4 | Los Angeles, CA 90071-3144 | Los Angeles, California 90071 |
| 5 | Tel: 213/687-5000 | Tel: 213/613-4660 |
| 6 | Fax: 213/687-5600 | Fax: 213/613-4656 |
|   | Email: tnolan@skadden.com | Email: acote@obsklaw.com |

Executed on March 7, 2008, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Noelle Nichols*
Noelle Nichols