# EXHIBIT G

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|----|-------------------------------|----------------------------------|
| 14 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 15 | v. | |
| 16 | MATTEL, INC., a Delaware Corporation, | |
| 17 | | MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT |
| 18 | Defendant, | |
| 19 | | |
| 20 | AND CONSOLIDATED ACTIONS. | |

21

22

23

24

25  PROPOUNDING PARTY:      Mattel, Inc.

26  RESPONDING PARTY:       Carter Bryant

27  SET NO.:                SIX

28        CONFIDENTIAL -- ATTORNEYS' EYES ONLY

Pursuant to <u>Federal Rule of Civil Procedure</u> 36, Carter Bryant is requested to respond to the following requests for admission (the "Requests") within thirty days hereof.  Bryant shall be obligated to supplement its responses to the Requests at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## **Definitions**

1.    "YOU" and "BRYANT" mean Carter Bryant individually.

2.    "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc.  For purposes of the Requests, "MGA" does not include BRYANT.

3.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

4.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

1      5.    "DESIGN" or "DESIGNS" means any and all representations,

2   whether two-dimensional or three-dimensional, and whether in tangible, digital,

3   electronic or other form, including but not limited to all works, designs, artwork,

4   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

5   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

6   practice, developments, inventions and/or improvements, as well as all other items,

7   things and DOCUMENTS in which any of the foregoing are or have been

8   expressed, embodied, contained, fixed or reflected in any manner, whether in whole

9   or in part.

10      6.    "BRATZ" means any project, product, doll or DESIGN ever

11  known by that name (whether in whole or in part and regardless of what such

12  project, product or doll is or has been also, previously or subsequently called) and

13  any product, doll or DESIGN or any portion thereof that is now or has ever been

14  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

15  in part and regardless of what such product, doll or DESIGN or portion thereof is or

16  has been also, previously or subsequently called) or that is now or has ever been

17  sold or marketed as part of the "Bratz" line, and each version or iteration of such

18  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

19  DESIGN or any portion thereof" also includes without limitation any names,

20  fashions, accessories, artwork, packaging or any other works, materials, matters or

21  items included or associated therewith.  Without limiting the generality of the

22  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

23  discovery requests, the term "BRATZ" does not and shall not require that there be a

24  doll existing at the time of the event, incident or occurrence that is the subject of, or

25  otherwise relevant or responsive to, the Requests.

26      7.    "BRATZ WORK" or "BRATZ WORKS" means any

27  representation of BRATZ, whether in whole or in part, whether two-dimensional or

28  three-dimensional, and whether in tangible, digital, electronic or other form,

1   including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ,

2   and including but not limited to all works, designs, artwork, sketches, drawings,

3   illustrations, representations, depictions, blueprints, schematics, diagrams, images,

4   photographs, sculptures, prototypes, models, samples, reductions to practice,

5   developments, inventions and/or improvements, as well as all other items, things

6   and DOCUMENTS in which any of the foregoing are or have been expressed,

7   embodied, contained, fixed or reflected in any manner, whether in whole or in part.

8           8.    "MATTEL" means plaintiff and counter-defendant Mattel, Inc.,

9   its current employees, officers, directors, agents, representatives, attorneys, parents,

10  subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-

11  interest, and any other PERSON acting on its behalf, pursuant to its authority or

12  subject to its control.

13          9.    "THE BRATZ PITCH MATERIALS" means each and every

14  BRATZ WORK which was displayed, shown, provided, or offered to MGA on or

15  before the date on which MGA executed the BRYANT/MGA AGREEMENT.

16          10.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

17  04-9059 SGL (RNBx), filed on April 27, 2004, and the cases consolidated

18  therewith.

19          11.   "BRYANT/MGA AGREEMENT" means the written agreement

20  between YOU and MGA dated as of September 18, 2000, produced as BRYANT

21  00794-00799, and any other version or versions thereof.

22          12.   "CONTEND" means to contend, argue, assert, maintain, put at

23  issue, declare, and/or claim in connection with THIS ACTION.

24          13.   "CREATE OR IMPROVE" or "CREATED OR IMPROVED,"

25  in the context of a BRATZ WORK or WORKS, means to create, improve, develop,

26  modify, alter, conceive, reduce to practice, or otherwise work on the BRATZ

27  WORK or WORKS.

28

14.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in <u>Rule 34 of the</u> <u>Federal Rules of Civil</u> <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

15.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## Requests for Admission

REQUEST FOR ADMISSION NO. 1:

Admit that the work produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1, is a genuine and authentic copy of a BRATZ WORK created, in whole or in part, by YOU.

REQUEST FOR ADMISSION NO. 2:

Admit that the work produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1, was CREATED OR IMPROVED after January 3, 1999 and before October 20, 2000.

REQUEST FOR ADMISSION NO. 3:

Admit that the work produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1, was not CREATED OR IMPROVED after January 3, 1999 and before October 20, 2000.

REQUEST FOR ADMISSION NO. 4:

Admit that YOU have copied or prepared one or more derivative works from the BRATZ WORK produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 5:

Admit that YOU have not copied or prepared any derivative works from the BRATZ WORK produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 6:

Admit that the BRATZ WORK produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1, was one of THE BRATZ PITCH MATERIALS.

REQUEST FOR ADMISSION NO. 7:

Admit that the BRATZ WORK produced in THIS ACTION as M 0001497, a copy of which is attached hereto as Exhibit 1, was not one of THE BRATZ PITCH MATERIALS.

REQUEST FOR ADMISSION NO. 8:

Admit that the "8/1998" date notation on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, was not placed on such work in 1998.

REQUEST FOR ADMISSION NO. 9:

Admit that the "8/1998" date notation on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, was placed on such work in 1998.

REQUEST FOR ADMISSION NO. 10:

Admit that the "8/1998" date notation on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, was not placed on such work in 1999.

MATTEL'S SIXTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO BRYANT

REQUEST FOR ADMISSION NO. 11:

Admit that the "8/1998" date notation on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, was placed on such work in 1999.

REQUEST FOR ADMISSION NO. 12:

Admit that the "8/1998" date notation on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, was not placed on such work in 2000.

REQUEST FOR ADMISSION NO. 13:

Admit that the "8/1998" date notation on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, was placed on such work in 2000.

REQUEST FOR ADMISSION NO. 14:

Admit that YOU placed the "8/1998" date on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 15:

Admit that YOU did not place the "8/1998" date on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 16:

Admit that MGA placed the "8/1998" date on the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

-7-

1 | REQUEST FOR ADMISSION NO. 17:

2 |      Admit that MGA did not place the "8/1998" date on the BRATZ

3 | WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

4 |

5 | REQUEST FOR ADMISSION NO. 18:

6 |      Admit that the BRATZ WORK produced as M 0001497, a copy of

7 | which is attached hereto as Exhibit 1, is an original work of authorship within the

8 | meaning of 17 U.S.C. § 102.

9 |

10 | REQUEST FOR ADMISSION NO. 19:

11 |      Admit that the BRATZ WORK produced as M 0001497, a copy of

12 | which is attached hereto as Exhibit 1, is not an original work of authorship within

13 | the meaning of 17 U.S.C. § 102.

14 |

15 | REQUEST FOR ADMISSION NO. 20:

16 |      Admit that YOU were the sole author of the BRATZ WORK produced

17 | as M 0001497, a copy of which is attached hereto as Exhibit 1.

18 |

19 | REQUEST FOR ADMISSION NO. 21:

20 |      Admit that YOU were not the sole author of the BRATZ WORK

21 | produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

22 |

23 | REQUEST FOR ADMISSION NO. 22:

24 |      Admit that the work produced in THIS ACTION as SABW-L 00075, a

25 | copy of which is attached hereto as Exhibit 2, is a genuine and authentic copy of a

26 | BRATZ WORK created, in whole or in part, by YOU.

27 |

28 |

1 REQUEST FOR ADMISSION NO. 782:

2       Admit that BRYANT was not the sole author of the BRATZ WORK

3 attached hereto as Exhibit 46.

4

5 DATED: July 9, 2007          QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP
6

7                              By  *B. Dylan Proctor*
8                                  B. Dylan Proctor
                                   Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S SIXTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO BRYANT

07209/2151271.2