QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>[PROPOSED] ORDER GRANTING MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:   April 23, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:                May 27, 2008 |

<u>[PROPOSED] ORDER</u>

This matter came on for hearing before the Honorable Stephen G. Larson, United States District Judge, on April 23, 2008, on motion of Plaintiff and Counterclaimant Mattel, Inc. ("Mattel") for partial summary judgment ("Motion"). Quinn Emanuel Urquhart Oliver & Hedges, LLP, appeared as attorneys for Mattel, Skadden, Arps, Slate, Meagher & Flom, LLP, appeared as attorneys for MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), and Isaac Larian ("Larian"); and Keker & Van Nest LLP appeared as attorneys for Carter Bryant ("Bryant").

Having considered the papers submitted by the parties in support of and in opposition to the Motion, the argument of counsel, and all matters of which the Court may take judicial notice, and finding there to be no genuine factual issues on the matters raised by Mattel's Motion, IT IS HEREBY ORDERED that Mattel's Motion is hereby GRANTED, as follows:

**(1)** the Employee Confidential Information and Inventions Agreement ("Inventions Agreement") executed by Bryant and Mattel on January 4, 1999 is enforceable;

**(2)** under the Inventions Agreement (a) Mattel owns all Bratz-related "inventions" Bryant conceived, created, made, or reduced to practice while he was employed by Mattel, (b) the term "inventions" covers designs, improvements, ideas, concepts, and copyrightable subject matter, such that if Mattel proves at trial that any such items were conceived, created, made, or reduced to practice by Bryant during his Mattel tenure, Mattel will be entitled to a judgment that it owns those inventions, and (c) there is no factual dispute that certain such inventions, including several drawings (Exs. 716-19, 721-22, 724-25, drawing Bates-numbered SL00044) and a dummy model, were conceived, created, made, or reduced to practice during Bryant's Mattel tenure, and hence are owned by Mattel;

**(3)** the first-generation Bratz dolls released to the public in the summer of 2001, Copyright Registration Nos. VA 1-090-287, VA 1-090-288, VA 1-090-289, VA 1-090-290 and VA 1-148-305, are substantially similar to seventeen drawings (Ex. 10) and a doll sculpt drawing or blueprint (SL00044) created by Bryant, which are original, protectable works of expression;

**(4)** Although damages and the full scope of Bryant's wrongdoing may involve disputed facts which need to be decided by the jury, on the undisputed facts Bryant is liable for breach of both the Inventions Agreement and the Conflict of Interest Questionnaire, breach of the duty of loyalty, and breach of fiduciary duty;

**(5)** Although damages and the full scope of their wrongdoing may involve disputed facts which need to be decided by the jury, on the undisputed facts MGA and Larian are liable for aiding and abetting Bryant's breaches of the duty of loyalty and fiduciary duty; and

**(6)** The affirmative defenses of MGA, Larian and MGA Hong Kong of (a) 17 U.S.C. § 205, (b) bona fide purchaser for value, (c) good faith, (d) acquiescence, (e) abandonment, (f) acts and omissions of others; and the affirmative defenses of MGA, Larian, MGA Hong Kong and Bryant of (a) statute of limitations, (b) laches, (c) waiver, (d) failure to mitigate damages, and (e) estoppel; and the affirmative defenses of Bryant of (a) unclean hands and (b) consent, all fail as to Mattel's Phase 1 claims.

IT IS SO ORDERED.

DATED:                          , 2008

Hon. Stephen G. Larson
United States District Judge