# EXHIBIT 63

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000

*143 940   854*

**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1-301-533**

TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼
Jade Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼
VA 1-090-287

Year of Basic Registration ▼
2001

Name(s) of Author(s) ▼
ABC International Traders, Inc d/b/a MGA Entertainment, Inc

Name(s) of Copyright Claimant(s) ▼
ABC International Traders, Inc. d/b/a MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number __2a__   Line Heading or Description __Nature of Authorship__

Incorrect Information as It Appears in Basic Registration ▼
Only "3-dimensional sculpture" box checked

Corrected Information ▼
Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number __5__   Line Heading or Description __Previous Registration__

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-287 for the Jade Doll Configuration, Accessories and Packaging, should cite to registration VA 1-218-487 (December 22, 2003) for the Jade Drawing, which was registered after this basic registration but prior to the filing of this Form CA, and should include the following additional information

Line 6a - Derivative Work
Jade Drawing (VA 1-218-487)

Line 6b - Material Added
3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶   • Complete all applicable spaces (G-G) on the reverse side of this page   • See detailed instructions   • Sign the form at Space F

DO NOT WRITE HERE

Page 1 of __2__ pages

EXHIBIT __63__

PAGE __477__

M 0110217

✻ Added from C.O. records.

FORM CA RECEIVED  4/25/05            FORM CA

FUNDS RECEIVED DATE  3/28/05

EXAMINED BY  WBC

CORRESPONDENCE ☒                    FOR COPYRIGHT OFFICE USE ONLY

REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION ☒YES ☐NO

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☑Part B or☐ Part C                **D**

Line 3a - Year of Completion
    Incorrect information   2000
    Corrected information   2001

Line 3b - Year of Publication
    Incorrect information   February 12, 2001
    Corrected information   At least as early as May 21, 2001

**E**

Correspondence  Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212  819-8200    Fax 212  354-8113     Email  cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name
Account Number

**F**

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐author  ☐owner of exclusive right(s)
☐other copyright claimant  ☑duly authorized agent of  MGA Entertainment Inc.
Name of author or other copyright claimant, or owner of exclusive right(s)
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name Carol A. Witschel          Date 4/22/05

Handwritten signature (X) ▼  Carol A Witschel

**G**

Certificate will be mailed in window envelope to this address
Name ▼  Carol A. Witschel ~ White & Case LLP
Number/Street/Apt ▼  1155 Avenue of the Americas
City/State/ZIP ▼  New York, New York  10036

EXHIBIT  63
PAGE  478          M 0110218

# EXHIBIT 64



Δ π EXHIBIT 500
Deponent: Armstrong
Date 8/1/07 Rptr. AC
WWW.DEPOBOOK.COM

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-301-534

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION
March 28 2005

*143 940 887*

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**
Title of Work ▼
Sasha Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼          Year of Basic Registration ▼
VA 1-090-288                                              2001

Name(s) of Author(s) ▼                                    Name(s) of Copyright Claimant(s) ▼
ABC International Traders, Inc d/b/a MGA Entertainment,   * ABC International Traders, Inc.d/b/a
Inc                                                        MGA Entertainment

**B**
Location and Nature of Incorrect Information in Basic Registration ▼
Line Number    2a          Line Heading or Description    Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼
Only "3-dimensional sculpture" box checked

Corrected Information ▼
Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**
Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number    5          Line Heading or Description    Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-288 for the Sasha Doll Configuration, Accessories and Packaging,
should cite to registration VA 1-218-488 (December 22, 2003) for the Sasha Drawing, which was
registered after this basic registration but prior to the filing of this Form CA, and should include the
following additional information

Line 6a - Derivative Work
        Sasha Drawing (VA 1-218-488)

Line 6b - Material Added
        3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶     • Complete all applicable spaces (D-G) on the reverse side of this page     DO NOT WRITE HERE
                   • See detailed instructions.     • Sign the form at Space F                 Page 1 of 2 pages

EXHIBIT    64
PAGE    479                M 0110219

* Added from C.O. records.

| | |
|---|---|
| FORM CA RECEIVED | FORM CA |
| 4/25/05 | |
| FUNDS RECEIVED DATE | |
| 3/28/05 | |
| EXAMINED BY | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE ☒ | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION ☒ YES ☐ NO | |

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Line 3a - Year of Completion
    Incorrect information  2000
    Corrected information  2001

Line 3b - Year of Publication
    Incorrect information  February 12, 2001
    Corrected information  At least as early as May 21, 2001

**E**

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212 819-8200      Fax ( 212 354-8113      Email  cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name

Account Number

**F**

Certification* I, the undersigned, hereby certify that I am the  (Check only one)
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ duly authorized agent of   MGA Entertainment Inc.
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼   Carol A. Witschel                Date ▼  4/22/05

Handwritten signature (X) ▼   *Carol A. Witschel*

**G**

Certificate will be mailed in window envelope to this address

Name ▼
Carol A. Witschel – White & Case LLP
Number/Street/Apt ▼
1155 Avenue of the Americas
City/State/ZIP ▼
New York, New York  10036

*17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.*

Rev. July 2000—20,000  Web Rev July 2000  Printed on recycled paper                U.S. Government Printing Office 2000-461-482/20 020

EXHIBIT ____64____

PAGE ____480____

M 0110220

560-2

# EXHIBIT 65

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000

**©** **Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA 1-301-535

*143 940 843*

| TX | TAU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**   Title of Work ▼
Cloe Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼          Year of Basic Registration ▼
VA 1-090-289                                            2001

Name(s) of Author(s) ▼                                 Name(s) of Copyright Claimant(s) ▼
ABC International Traders, Inc. d/b/a MGA Entertainment,   ★ ABC International Traders, Inc. d/b/a
Inc                                                       MGA Entertainment

**B**   Location and Nature of Incorrect Information in Basic Registration ▼
Line Number ____2a____   Line Heading or Description Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼
Only "3-dimensional sculpture" box checked

Corrected Information ▼
Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**   Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number ____5____   Line Heading or Description Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-289 for the Cloe Doll Configuration, Accessories and Packaging,
should cite to registration VA 1-218-490 (December 22, 2003) for the Cloe Drawing, which was
registered after this basic registration but prior to the filing of this Form CA, and should include the
following additional information:

Line 6a - Derivative Work
        Cloe Drawing (VA 1-218-490)

Line 6b - Material Added
        3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶   • Complete all applicable spaces (D-G) on the reverse side of this page.
                  • See detailed instructions.   • Sign the form at Space F.

DO NOT WRITE HERE
Page 1 of ___2___ pages

Δ π EXHIBIT *562*
Deponent *Armstrong*
Date *8/1/07* Rptr. *AC*
WWW.DEPOBOOK.COM

EXHIBIT **65**

PAGE **481**                        M 0110221

\* Added from C.O. records.

<table>
<tr><td>FORM CA RECEIVED</td><td>4/25/05</td><td>FORM CA</td></tr>
<tr><td>FUNDS RECEIVED DATE</td><td>3/28/05</td><td rowspan="4">FOR COPYRIGHT OFFICE USE ONLY</td></tr>
<tr><td>EXAMINED BY</td><td>Wane</td></tr>
<tr><td>CORRESPONDENCE ☒</td><td></td></tr>
<tr><td>REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION ☒YES ☐NO</td><td></td></tr>
</table>

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Line 3a - Year of Completion
    Incorrect information  2000
    Corrected information  2001

Line 3b - Year of Publication
    Incorrect information  February 12, 2001
    Corrected information  At least as early as May 21, 2001

**E**

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone (212) 819-8200    Fax ( 212 354-8113    Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name _____
Account Number _____

**F**

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author    ☐ owner of exclusive right(s) MGA Entertainment Inc.
☐ other copyright claimant    ☑ duly authorized agent of
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in the application and that the statements made by me in this application are correct to the best of my knowledge.
Typed or printed name ▼
    Carol A. Witschel    Date ▼ 4/22/05
Handwritten signature (X) ▼
    Carol A Witschel

**G**

Certificate will be mailed in window envelope to this address

Name ▼
Carol A. Witschel - White & Case LLP
Number/Street/Apt ▼
1155 Avenue of the Americas
City/State/Zip ▼
New York, New York  10036

17 U.S.C § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2003—20,000    Web Rev July 2003    Printed on recycled paper    U.S. Government Printing Office: 2003-494 43296/60/003

EXHIBIT  65
PAGE  482

562-2

M 0110222

# EXHIBIT 66

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-391-536

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005

*143 940 865*

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼
Yasmin Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼
VA 1-090-290

Year of Basic Registration ▼
2001

Name(s) of Author(s) ▼
ABC International Traders, Inc. d/b/a MGA Entertainment, Inc

Name(s) of Copyright Claimant(s) ▼
* ABC International Traders, Inc. d/b/a MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼
Line Number ____2a_____    Line Heading or Description Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼

Only "3-dimensional sculpture" box checked

Corrected Information ▼

Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number ____5_____    Line Heading or Description Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-290 for the Yasmin Doll Configuration, Accessories and Packaging, should cite to registration VA 1-218-491 (December 22, 2003) for the Yasmin Drawing, which was registered after this basic registration but prior to the filing of this Form CA, and should include the following additional information

Line 6a - Derivative Work
            Yasmin Drawing (VA 1-218-491)

Line 6b - Material Added
            3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶    • Complete all applicable spaces (D-G) on the reverse side of this page    DO NOT WRITE HERE
                   • See detailed instructions    • Sign the form at Space F    Page 1 of 2 pages

Δ π EXHIBIT 564
Deponent Armstrong
Date 8/1/07 Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT 606

PAGE 483

M 0110223

* Added from C.O. records.

| | |
|---|---|
| **FORM CA RECEIVED** | **FORM CA** |
| 4/25/05 | |
| **FUNDS RECEIVED DATE** | |
| 3/28/05 | |
| **EXAMINED BY** | **FOR** |
| _hm_ | **COPYRIGHT** |
| **CORRESPONDENCE** ☐ | **OFFICE** |
| | **USE** |
| **REFERENCE TO THIS REGISTRATION ADDED TO** | **ONLY** |
| **BASIC REGISTRATION** ☐ YES ☐ NO | |

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☑ Part B or ☐ Part C

# D

Line 3a - Year of Completion
   Incorrect information  2000
   Corrected information  2001

Line 3b - Year of Publication
   Incorrect information  February 12, 2001
   Corrected information  At least as early as May 21, 2001

---

**Correspondence** Give name and address to which correspondence about this application should be sent.

Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone (212) 819-8200   Fax (212) 354-8113   Email cwitschel@whitecase.com

# E

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account

Name _____

Account Number _____

---

**Certification** I, the undersigned, hereby certify that I am the (Check only one)

☐ author    ☐ owner of exclusive right(s)
☐ other copyright claimant   ☑ duly authorized agent of   MGA Entertainment Inc.
                                  Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

# F

Typed or printed name ▽ Carol A. Witschel                Date ▽ 4/22/05

Handwritten signature (X) ▽  _Carol A. Witschel_

---

| Certificate will be mailed in window envelope to this address | **Name** ▽  Carol A. Witschel - White & Case LLP | # G |
|---|---|---|
| | **Number/Street/Apt** ▽  1155 Avenue of the Americas | |
| | **City/State/Zip** ▽  New York, New York  10036 | |

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: July 2000—20,000  Web Rev: July 2000  Printed on recycled paper                    U.S. Government Printing Office: 2000-461-113/20,020

EXHIBIT 66

PAGE 484

564-2

M 0110224

# EXHIBIT 67

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1—381—537

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month   Day   Year

*143  940  424*

DO NOT WRITE ABOVE THIS LINE   IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**   Title of Work ▼

Bratz Doll Sculpture (Female)

Registration Number of the Basic Registration ▼   Year of Basic Registration ▼

VA 1-148-305   2002

Name(s) of Author(s) ▼   Name(s) of Copyright Claimant(s) ▼

ABC International Traders, Inc d/b/a MGA Entertainment, Inc   ABC International Traders, Inc. d/b/a MGA Entertainment

**B**   Location and Nature of Incorrect Information in Basic Registration ▼

Line Number   3   Line Heading or Description   Year Creation of Work Completed

Incorrect Information as It Appears in Basic Registration ▼

2000

Corrected Information ▼

2001

Explanation of Correction ▼

**C**   Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____   Line Heading or Description _____

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶   • Complete all applicable spaces (D-G) on the reverse side of this page.   DO NOT WRITE HERE
• See detailed instructions.   Sign the form at Space F   Page 14 of 2 pages

△ π EXHIBIT 5166
Deponent. Armstrong
Date 8/1/07 Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT 67

PAGE 485

M 0110225

\* Added from C.O. records.

| | |
|---|---|
| FORM CA RECEIVED | 4/25/05 |
| FUNDS RECEIVED DATE | 3/28/05 |
| EXAMINED BY | WMC |
| CORRESPONDENCE X | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION   X YES   ☐ NO | |

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**D**

Continuation of ☐ Part B or ☐ Part C

Line 3 - Date of First Publication of this Particular Work
   Incorrect information   February 12, 2001, Corrected information   At least as early as May 21, 2001
Line 5 - Previous Registration
   Incorrect information   "No" box - checked, no previous registrations cited, Corrected information
   "Yes" box - checked, cite to the following registrations   VA 1-090-287 (June 18, 2001), VA 1-090-288
   (June 18, 2001), VA 1-090-289 (June 18, 2001), VA 1-090-290 (June 18, 2001)   This registration
   amends the registration records for the previous registrations cited herein which erroneously did not
   include complete deposit materials that show the entire copyrightable authorship

Explanation   This copyright registration calls out a component of a collective work with respect to which
   the copyrightable elements were not fully visible in the deposit copies filed with the previous
   registrations cited above

**E**

Correspondence   Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York   10036
Phone (212) 819-8200      Fax (212) 354-8113      Email cwitschel@whitecase.com

Deposit Account   If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name

Account Number

**F**

Certification* I, the undersigned, hereby certify that I am the (Check only one)
   ☐ author
   ☐ owner of exclusive right(s)
   ☐ other copyright claimant   ☒ duly authorized agent of   MGA Entertainment Inc.
                                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
   of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼   Carol A. Witschel                          Date ▼  4/22/05

Handwritten signature (X) ▼   *Carol A. Witschel*

**G**

| Certificate will be mailed in window envelope to this address | Name ▼   Carol A. Witschel — White & Case LLP |
|---|---|
| | Number/Street/Apt ▼   1155 Avenue of the Americas |
| | City/State/ZIP ▼   New York, New York   10036 |

17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500

Rev July 2002—20,000   Web Rev July 2002   Printed on recycled paper                    U.S. Government Printing Office 2000-461-113/20 020

EXHIBIT  67
PAGE  486

566-2

M 0110226

# EXHIBIT 68

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 69

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 70

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    710 Sansome Street
5   San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
6   Facsimile:  (415) 397-7188

7   Attorneys for Plaintiff
    CARTER BRYANT

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12

13   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
14                     Plaintiff,         2727

15        v.                             CARTER BRYANT'S RESPONSES
                                         TO MATTEL, INC.'S SIXTH SET
16   MATTEL, INC. a Delaware             OF REQUESTS FOR ADMISSION
     Corporation,                        TO CARTER BRYANT
17
                      Defendant.         Date:
18                                       Time:
                                         Dept:     Courtroom 1
19   CONSOLIDATED WITH MATTEL,           Judge:    Hon. Stephen G. Larson
     INC. v. BRYANT and MGA
20   ENTERTAINMENT, INC. v.              Date Comp. Filed:
     MATTEL, INC.
21                                       Discovery Cut-Off:  Oct. 22, 2007
                                         Pre-Trial Conference:  Jan. 14, 2008
22                                       Trial Date:  Feb. 12, 2008

23

24

25   PROPOUNDING PARTY:      Defendant MATTEL, INC. ("Defendant")

26   RESPONDING PARTY:       Plaintiff CARTER BRYANT ("Plaintiff")

27   SET NUMBER:             SIX (6)    **EXHIBIT** 10

28                                      **PAGE** 563

                                    1

**REQUEST FOR ADMISSION NO. 18:**

Admit that the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, is an original work of authorship within the meaning of 17 U.S.C. § 102.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question, Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant admits that the BRATZ WORK depicted in M 0001497 is an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, is not an original work of authorship within the meaning of 17 U.S.C. § 102.

---

EXHIBIT 70

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)                    PAGE 504

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question. Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the BRATZ WORK depicted in M 0001497 is not an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU were the sole author of the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself.

16

EXHIBIT ___70___

CARTER BRYANT'S RESPONSES TO MATTEL. INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE ___565___

1   fully set forth herein.  Bryant specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4        Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that he

6   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

7   inquiry, Bryant has insufficient information or knowledge to enable him to admit

8   or deny that he placed the "©" on the BRATZ WORK in question.

9   **REQUEST FOR ADMISSION NO. 91:**

10        Admit that MGA did not place the "© 8/1998" notation on the BRATZ

11   WORK produced as M 0001492, a copy of which is attached hereto as Exhibit 5.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

13        Bryant incorporates by reference the above-stated general objections as if

14   fully set forth herein.  Bryant specifically objects to this request on the grounds that

15   it is oppressively repetitive and unnecessary in combination with Mattel's other

16   requests.

17        Subject to and without waiving the foregoing general and specific

18   objections, Bryant responds to this request as follows:  Bryant admits that he

19   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

20   inquiry, Bryant has insufficient information or knowledge to enable him to admit

21   or deny that he placed the "©" on the BRATZ WORK in question.

22   **REQUEST FOR ADMISSION NO. 92:**

23        Admit that the BRATZ WORK produced as M 0001492, a copy of which is

24   attached hereto as Exhibit 5, is an original work of authorship within the meaning

25   of 17 U.S.C. § 102.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

27        Bryant incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Bryant specifically objects to this request on the grounds that

1   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

2   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

3   WORK" depicted in the referenced document, or the referenced document itself.

4   Bryant interprets the request to be limited to the drawing depicted in the document

5   in question, Bryant also specifically objects to this request on the grounds that it

6   calls for legal conclusions as to what constitutes an original work of authorship

7   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

8   request on the grounds that it calls for disclosure of information protected by the

9   attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges.  Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13       Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows:  Bryant admits that the

15  BRATZ WORK depicted in M 0001492 is an original work of authorship within

16  the meaning of 17 U.S.C. § 102.

17  **REQUEST FOR ADMISSION NO. 93:**

18       Admit that the BRATZ WORK produced as M 0001492, a copy of which is

19  attached hereto as Exhibit 5, is not an original work of authorship within the

20  meaning of 17 U.S.C. § 102.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

22       Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein.  Bryant specifically objects to this request on the grounds that

24  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

25  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

26  WORK" depicted in the referenced document, or the referenced document itself.

27  Bryant interprets the request to be limited to the drawing depicted in the document

28  in question, Bryant also specifically objects to this request on the grounds that it

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)          PAGE   067

1   calls for legal conclusions as to what constitutes an original work of authorship

2   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

3   request on the grounds that it calls for disclosure of information protected by the

4   attorney-client privilege, the work product doctrine, the joint defense privilege, and

5   any other applicable privileges.  Bryant also specifically objects to this request on

6   the grounds that it is oppressively repetitive and unnecessary in combination with

7   Mattel's other requests.

8          Subject to and without waiving the foregoing general and specific

9   objections, Bryant responds to this request as follows:  Bryant denies that the

10   BRATZ WORK depicted in M 0001492 is not an original work of authorship

11   within the meaning of 17 U.S.C. § 102.

12   **REQUEST FOR ADMISSION NO. 94:**

13          Admit that YOU were the sole author of the BRATZ WORK produced as M

14   0001492, a copy of which is attached hereto as Exhibit 5.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

16          Bryant incorporates by reference the above-stated general objections as if

17   fully set forth herein.  Bryant specifically objects to this request on the grounds that

18   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

19   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

20   WORK" depicted in the referenced document, or the referenced document itself.

21   Bryant also specifically objects to this request on the grounds that it calls for legal

22   conclusions as to what constitutes a "sole author".  To the extent this request asks

23   Bryant to provide information concerning the legal basis of his defense of this

24   matter, Bryant also specifically objects on the grounds that the request

25   impermissibly calls for mental impressions, conclusions, opinions and/or legal

26   theories of Bryant's attorneys.  Bryant also specifically objects to this request on

27   the grounds that it calls for disclosure of information protected by the attorney-

28   client privilege, the work product doctrine, the joint defense privilege, and any

1   fully set forth herein.  Bryant specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4          Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that he

6   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

7   inquiry, Bryant has insufficient information or knowledge to enable him to admit

8   or deny that he placed the "©" on the BRATZ WORK in question.

9   **REQUEST FOR ADMISSION NO. 145:**

10         Admit that the BRATZ WORK produced as M 0001496, a copy of which is

11  attached hereto as Exhibit 8, is an original work of authorship within the meaning

12  of 17 U.S.C. § 102.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

14         Bryant incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Bryant specifically objects to this request on the grounds that

16  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

17  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

18  WORK" depicted in the referenced document, or the referenced document itself.

19  Bryant interprets the request to be limited to the drawing depicted in the document

20  in question, Bryant also specifically objects to this request on the grounds that it

21  calls for legal conclusions as to what constitutes an original work of authorship

22  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

23  request on the grounds that it calls for disclosure of information protected by the

24  attorney-client privilege, the work product doctrine, the joint defense privilege, and

25  any other applicable privileges.  Bryant also specifically objects to this request on

26  the grounds that it is oppressively repetitive and unnecessary in combination with

27  Mattel's other requests.

28         Subject to and without waiving the foregoing general and specific

92

EXHIBIT **70**

1    objections, Bryant responds to this request as follows:  Bryant admits that the

2    BRATZ WORK depicted in M 0001496 is an original work of authorship within

3    the meaning of 17 U.S.C. § 102.

4    **REQUEST FOR ADMISSION NO. 146:**

5         Admit that the BRATZ WORK produced as M 0001496, a copy of which is

6    attached hereto as Exhibit 8, is not an original work of authorship within the

7    meaning of 17 U.S.C. § 102.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

9         Bryant incorporates by reference the above-stated general objections as if

10   fully set forth herein.  Bryant specifically objects to this request on the grounds that

11   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

12   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

13   WORK" depicted in the referenced document, or the referenced document itself.

14   Bryant interprets the request to be limited to the drawing depicted in the document

15   in question, Bryant also specifically objects to this request on the grounds that it

16   calls for legal conclusions as to what constitutes an original work of authorship

17   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

18   request on the grounds that it calls for disclosure of information protected by the

19   attorney-client privilege, the work product doctrine, the joint defense privilege, and

20   any other applicable privileges.  Bryant also specifically objects to this request on

21   the grounds that it is oppressively repetitive and unnecessary in combination with

22   Mattel's other requests.

23        Subject to and without waiving the foregoing general and specific

24   objections, Bryant responds to this request as follows:  Bryant denies that the

25   BRATZ WORK depicted in M 0001496 is not an original work of authorship

26   within the meaning of 17 U.S.C. § 102.

27   **REQUEST FOR ADMISSION NO. 147:**

28        Admit that YOU were the sole author of the BRATZ WORK produced as M

93

EXHIBIT 70

1   fully set forth herein.  Bryant specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4        Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that he

6   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

7   inquiry, Bryant has insufficient information or knowledge to enable him to admit

8   or deny that he placed the "©" on the BRATZ WORK in question.

9   **REQUEST FOR ADMISSION NO. 176:**

10       Admit that MGA did not place the "© 8/1998" notation on the BRATZ

11  WORK produced as M 0001495, a copy of which is attached hereto as Exhibit 10.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

13       Bryant incorporates by reference the above-stated general objections as if

14  fully set forth herein.  Bryant specifically objects to this request on the grounds that

15  it is oppressively repetitive and unnecessary in combination with Mattel's other

16  requests.

17       Subject to and without waiving the foregoing general and specific

18  objections, Bryant responds to this request as follows:  Bryant admits that he

19  placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

20  inquiry, Bryant has insufficient information or knowledge to enable him to admit

21  or deny that he placed the "©" on the BRATZ WORK in question.

22  **REQUEST FOR ADMISSION NO. 177:**

23       Admit that the BRATZ WORK produced as M 0001495, a copy of which is

24  attached hereto as Exhibit 10, is an original work of authorship within the meaning

25  of 17 U.S.C. § 102.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

27       Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant specifically objects to this request on the grounds that

112

EXHIBIT  70

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE  571

1   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

2   ambiguous. It is unclear whether the request is asking about only the "BRATZ

3   WORK" depicted in the referenced document, or the referenced document itself.

4   Bryant interprets the request to be limited to the drawing depicted in the document

5   in question, Bryant also specifically objects to this request on the grounds that it

6   calls for legal conclusions as to what constitutes an original work of authorship

7   within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

8   request on the grounds that it calls for disclosure of information protected by the

9   attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges. Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13       Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant admits that the

15  BRATZ WORK depicted in M 0001495 is an original work of authorship within

16  the meaning of 17 U.S.C. § 102.

17  **REQUEST FOR ADMISSION NO. 178:**

18       Admit that the BRATZ WORK produced as M 0001495, a copy of which is

19  attached hereto as Exhibit 10, is not an original work of authorship within the

20  meaning of 17 U.S.C. § 102.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

22       Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein. Bryant specifically objects to this request on the grounds that

24  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

25  ambiguous. It is unclear whether the request is asking about only the "BRATZ

26  WORK" depicted in the referenced document, or the referenced document itself.

27  Bryant interprets the request to be limited to the drawing depicted in the document

28  in question, Bryant also specifically objects to this request on the grounds that it

EXHIBIT 10

113

PAGE 572

1   calls for legal conclusions as to what constitutes an original work of authorship

2   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

3   request on the grounds that it calls for disclosure of information protected by the

4   attorney-client privilege, the work product doctrine, the joint defense privilege, and

5   any other applicable privileges.  Bryant also specifically objects to this request on

6   the grounds that it is oppressively repetitive and unnecessary in combination with

7   Mattel's other requests.

8       Subject to and without waiving the foregoing general and specific

9   objections, Bryant responds to this request as follows:  Bryant denies that the

10  BRATZ WORK depicted in M 0001495 is not an original work of authorship

11  within the meaning of 17 U.S.C. § 102.

12  **REQUEST FOR ADMISSION NO. 179:**

13      Admit that YOU were the sole author of the BRATZ WORK produced as M

14  0001495, a copy of which is attached hereto as Exhibit 10.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

16      Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein.  Bryant specifically objects to this request on the grounds that

18  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

19  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

20  WORK" depicted in the referenced document, or the referenced document itself.

21  Bryant also specifically objects to this request on the grounds that it calls for legal

22  conclusions as to what constitutes a "sole author".  To the extent this request asks

23  Bryant to provide information concerning the legal basis of his defense of this

24  matter, Bryant also specifically objects on the grounds that the request

25  impermissibly calls for mental impressions, conclusions, opinions and/or legal

26  theories of Bryant's attorneys.  Bryant also specifically objects to this request on

27  the grounds that it calls for disclosure of information protected by the attorney-

28  client privilege, the work product doctrine, the joint defense privilege, and any

114                          EXHIBIT 7 D

1   fully set forth herein.  Bryant specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4        Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that he

6   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

7   inquiry, Bryant has insufficient information or knowledge to enable him to admit

8   or deny that he placed the "©" on the BRATZ WORK in question.

9   **REQUEST FOR ADMISSION NO. 262:**

10       Admit that the BRATZ WORK produced as M 0001490, a copy of which is

11   attached hereto as Exhibit 15, is an original work of authorship within the meaning

12   of 17 U.S.C. § 102.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 262:**

14       Bryant incorporates by reference the above-stated general objections as if

15   fully set forth herein.  Bryant specifically objects to this request on the grounds that

16   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

17   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

18   WORK" depicted in the referenced document, or the referenced document itself.

19   Bryant interprets the request to be limited to the drawing depicted in the document

20   in question, Bryant also specifically objects to this request on the grounds that it

21   calls for legal conclusions as to what constitutes an original work of authorship

22   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

23   request on the grounds that it calls for disclosure of information protected by the

24   attorney-client privilege, the work product doctrine, the joint defense privilege, and

25   any other applicable privileges.  Bryant also specifically objects to this request on

26   the grounds that it is oppressively repetitive and unnecessary in combination with

27   Mattel's other requests.

28       Subject to and without waiving the foregoing general and specific

EXHIBIT  70

PAGE  574

1   objections, Bryant responds to this request as follows:  Bryant admits that the

2   BRATZ WORK depicted in M 0001490 is an original work of authorship within

3   the meaning of 17 U.S.C. § 102.

4   **REQUEST FOR ADMISSION NO. 263:**

5         Admit that the BRATZ WORK produced as M 0001490, a copy of which is

6   attached hereto as Exhibit 15, is not an original work of authorship within the

7   meaning of 17 U.S.C. § 102.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 263:**

9         Bryant incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Bryant specifically objects to this request on the grounds that

11  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

12  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

13  WORK" depicted in the referenced document, or the referenced document itself.

14  Bryant interprets the request to be limited to the drawing depicted in the document

15  in question, Bryant also specifically objects to this request on the grounds that it

16  calls for legal conclusions as to what constitutes an original work of authorship

17  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

18  request on the grounds that it calls for disclosure of information protected by the

19  attorney-client privilege, the work product doctrine, the joint defense privilege, and

20  any other applicable privileges.  Bryant also specifically objects to this request on

21  the grounds that it is oppressively repetitive and unnecessary in combination with

22  Mattel's other requests.

23        Subject to and without waiving the foregoing general and specific

24  objections, Bryant responds to this request as follows:  Bryant denies that the

25  BRATZ WORK depicted in M 0001490 is not an original work of authorship

26  within the meaning of 17 U.S.C. § 102.

27  **REQUEST FOR ADMISSION NO. 264:**

28        Admit that YOU were the sole author of the BRATZ WORK produced as M

166

EXHIBIT 7D

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO
CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE 575

1  the phrase "BRATZ PITCH MATERIAL" is overbroad, vague and ambiguous.

2  Without waiving any related objections, Bryant interprets the definition of the term

3  THE BRATZ PITCH MATERIALS to mean "offered to MGA *by Bryant.*"  Bryant

4  specifically objects to this request on the grounds that the phrase "the BRATZ

5  WORK produced … as [Bates Number]" is vague and ambiguous.  It is unclear

6  whether the request is asking about only the "BRATZ WORK" depicted in the

7  referenced document, or the referenced document itself.  Bryant interprets the

8  request to be limited to the drawing depicted in the document in question, and that

9  the request does not ask if the document itself was "one of THE BRATZ PITCH

10  MATERIALS."  Bryant also specifically objects to this request on the grounds that

11  it is oppressively repetitive and unnecessary in combination with Mattel's other

12  requests.

13       Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows:  Bryant denies the request.

15  **REQUEST FOR ADMISSION NO. 644:**

16       Admit that the BRATZ WORK produced as M 0001500, a copy of which is

17  attached hereto as Exhibit 37, is an original work of authorship within the meaning

18  of 17 U.S.C. § 102.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 644:**

20       Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Bryant specifically objects to this request on the grounds that

22  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

23  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

24  WORK" depicted in the referenced document, or the referenced document itself.

25  Bryant interprets the request to be limited to the drawing depicted in the document

26  in question, Bryant also specifically objects to this request on the grounds that it

27  calls for legal conclusions as to what constitutes an original work of authorship

28  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

EXHIBIT ___70___

PAGE ___5716___

1  request on the grounds that it calls for disclosure of information protected by the

2  attorney-client privilege, the work product doctrine, the joint defense privilege, and

3  any other applicable privileges. Bryant also specifically objects to this request on

4  the grounds that it is oppressively repetitive and unnecessary in combination with

5  Mattel's other requests.

6      Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows:  Bryant admits that the

8  BRATZ WORK depicted in M 0001500 is an original work of authorship within

9  the meaning of 17 U.S.C. § 102.

10  **REQUEST FOR ADMISSION NO. 645:**

11      Admit that the BRATZ WORK produced as M 0001500, a copy of which is

12  attached hereto as Exhibit 37, is not an original work of authorship within the

13  meaning of 17 U.S.C. § 102.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 645:**

15      Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein.  Bryant specifically objects to this request on the grounds that

17  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

18  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

19  WORK" depicted in the referenced document, or the referenced document itself.

20  Bryant interprets the request to be limited to the drawing depicted in the document

21  in question, Bryant also specifically objects to this request on the grounds that it

22  calls for legal conclusions as to what constitutes an original work of authorship

23  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

24  request on the grounds that it calls for disclosure of information protected by the

25  attorney-client privilege, the work product doctrine, the joint defense privilege, and

26  any other applicable privileges.  Bryant also specifically objects to this request on

27  the grounds that it is oppressively repetitive and unnecessary in combination with

28  Mattel's other requests.

401

EXHIBIT __70__

PAGE __577__

1   Subject to and without waiving the foregoing general and specific

2   objections, Bryant responds to this request as follows:  Bryant denies that the

3   BRATZ WORK depicted in M 0001500 is not an original work of authorship

4   within the meaning of 17 U.S.C. § 102.

5   **REQUEST FOR ADMISSION NO. 646:**

6   Admit that YOU were the sole author of the BRATZ WORK produced as M

7   0001500, a copy of which is attached hereto as Exhibit 37.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 646:**

9   Bryant incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Bryant specifically objects to this request on the grounds that

11  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

12  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

13  WORK" depicted in the referenced document, or the referenced document itself.

14  Bryant also specifically objects to this request on the grounds that it calls for legal

15  conclusions as to what constitutes a "sole author".  To the extent this request asks

16  Bryant to provide information concerning the legal basis of his defense of this

17  matter, Bryant also specifically objects on the grounds that the request

18  impermissibly calls for mental impressions, conclusions, opinions and/or legal

19  theories of Bryant's attorneys.  Bryant also specifically objects to this request on

20  the grounds that it calls for disclosure of information protected by the attorney-

21  client privilege, the work product doctrine, the joint defense privilege, and any

22  other applicable privileges.  Bryant also specifically objects to this request on the

23  grounds that it is oppressively repetitive and unnecessary in combination with

24  Mattel's other requests.

25  **REQUEST FOR ADMISSION NO. 647:**

26  Admit that YOU were not the sole author of the BRATZ WORK produced

27  as M 0001500, a copy of which is attached hereto as Exhibit 37.

28

402

EXHIBIT __70__

PAGE __578__

1  WORK produced ... as [Bates Number]" is vague and ambiguous. It is unclear

2  whether the request is asking about only the "BRATZ WORK" depicted in the

3  referenced document, or the referenced document itself. Bryant interprets the

4  request to be limited to the drawing depicted in the document in question, and that

5  the request does not ask if the document itself was "one of THE BRATZ PITCH

6  MATERIALS." Bryant also specifically objects to this request on the grounds that

7  it is oppressively repetitive and unnecessary in combination with Mattel's other

8  requests.

9          Subject to and without waiving the foregoing general and specific

10  objections, Bryant responds to this request as follows: Bryant denies the request.

11  **REQUEST FOR ADMISSION NO. 655:**

12          Admit that the BRATZ WORK produced as M 0001498, a copy of which is

13  attached hereto as Exhibit 38, is an original work of authorship within the meaning

14  of 17 U.S.C. § 102.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 655:**

16          Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein. Bryant specifically objects to this request on the grounds that

18  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

19  ambiguous. It is unclear whether the request is asking about only the "BRATZ

20  WORK" depicted in the referenced document, or the referenced document itself.

21  Bryant interprets the request to be limited to the drawing depicted in the document

22  in question, Bryant also specifically objects to this request on the grounds that it

23  calls for legal conclusions as to what constitutes an original work of authorship

24  within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

25  request on the grounds that it calls for disclosure of information protected by the

26  attorney-client privilege, the work product doctrine, the joint defense privilege, and

27  any other applicable privileges. Bryant also specifically objects to this request on

28  the grounds that it is oppressively repetitive and unnecessary in combination with

1  Mattel's other requests.

2       Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows:  Bryant admits that the

4  BRATZ WORK depicted in M 0001498 is an original work of authorship within

5  the meaning of 17 U.S.C. § 102.

6  **REQUEST FOR ADMISSION NO. 656:**

7       Admit that the BRATZ WORK produced as M 0001498, a copy of which is

8  attached hereto as Exhibit 38, is not an original work of authorship within the

9  meaning of 17 U.S.C. § 102.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 656:**

11       Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein.  Bryant specifically objects to this request on the grounds that

13  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

14  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

15  WORK" depicted in the referenced document, or the referenced document itself.

16  Bryant interprets the request to be limited to the drawing depicted in the document

17  in question, Bryant also specifically objects to this request on the grounds that it

18  calls for legal conclusions as to what constitutes an original work of authorship

19  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

20  request on the grounds that it calls for disclosure of information protected by the

21  attorney-client privilege, the work product doctrine, the joint defense privilege, and

22  any other applicable privileges.  Bryant also specifically objects to this request on

23  the grounds that it is oppressively repetitive and unnecessary in combination with

24  Mattel's other requests.

25       Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows:  Bryant denies that the

27  BRATZ WORK depicted in M 0001498 is not an original work of authorship

28  within the meaning of 17 U.S.C. § 102.

EXHIBIT ___70___

PAGE ___580___

1  MATERIALS." Bryant also specifically objects to this request on the grounds that
2  it is oppressively repetitive and unnecessary in combination with Mattel's other
3  requests.

4      Subject to and without waiving the foregoing general and specific
5  objections, Bryant responds to this request as follows: Bryant denies the request.

6  **REQUEST FOR ADMISSION NO. 666:**

7      Admit that the BRATZ WORK produced as M 0001491, a copy of which is
8  attached hereto as Exhibit 39, is an original work of authorship within the meaning
9  of 17 U.S.C. § 102.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 666:**

11     Bryant incorporates by reference the above-stated general objections as if
12 fully set forth herein. Bryant specifically objects to this request on the grounds that
13 the phrase "the BRATZ WORK produced as [Bates Number]" is vague and
14 ambiguous. It is unclear whether the request is asking about only the "BRATZ
15 WORK" depicted in the referenced document, or the referenced document itself.
16 Bryant interprets the request to be limited to the drawing depicted in the document
17 in question, Bryant also specifically objects to this request on the grounds that it
18 calls for legal conclusions as to what constitutes an original work of authorship
19 within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this
20 request on the grounds that it calls for disclosure of information protected by the
21 attorney-client privilege, the work product doctrine, the joint defense privilege, and
22 any other applicable privileges. Bryant also specifically objects to this request on
23 the grounds that it is oppressively repetitive and unnecessary in combination with
24 Mattel's other requests.

25     Subject to and without waiving the foregoing general and specific
26 objections, Bryant responds to this request as follows: Bryant admits that the
27 BRATZ WORK depicted in M 0001491 is an original work of authorship within
28 the meaning of 17 U.S.C. § 102.

EXHIBIT 70

PAGE 581

**REQUEST FOR ADMISSION NO. 667:**

Admit that the BRATZ WORK produced as M 0001491, a copy of which is attached hereto as Exhibit 39, is not an original work of authorship within the meaning of 17 U.S.C. § 102.

**RESPONSE TO REQUEST FOR ADMISSION NO. 667:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question, Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the BRATZ WORK depicted in M 0001491 is not an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 668:**

Admit that YOU were the sole author of the BRATZ WORK produced as M 0001491, a copy of which is attached hereto as Exhibit 39.

**RESPONSE TO REQUEST FOR ADMISSION NO. 668:**

Bryant incorporates by reference the above-stated general objections as if

417

EXHIBIT ___ 10

PAGE ___ 582

1    objections, Bryant responds to this request as follows:  Bryant denies the request.

2    **REQUEST FOR ADMISSION NO. 677:**

3         Admit that the BRATZ WORK produced as M 0001489, a copy of which is

4    attached hereto as Exhibit 40, is an original work of authorship within the meaning

5    of 17 U.S.C. § 102.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 677:**

7         Bryant incorporates by reference the above-stated general objections as if

8    fully set forth herein.  Bryant specifically objects to this request on the grounds that

9    the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

10   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

11   WORK" depicted in the referenced document, or the referenced document itself.

12   Bryant interprets the request to be limited to the drawing depicted in the document

13   in question, Bryant also specifically objects to this request on the grounds that it

14   calls for legal conclusions as to what constitutes an original work of authorship

15   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

16   request on the grounds that it calls for disclosure of information protected by the

17   attorney-client privilege, the work product doctrine, the joint defense privilege, and

18   any other applicable privileges.  Bryant also specifically objects to this request on

19   the grounds that it is oppressively repetitive and unnecessary in combination with

20   Mattel's other requests.

21        Subject to and without waiving the foregoing general and specific

22   objections, Bryant responds to this request as follows:  Bryant admits that the

23   BRATZ WORK depicted in M 0001489 is an original work of authorship within

24   the meaning of 17 U.S.C. § 102.

25   **REQUEST FOR ADMISSION NO. 678:**

26        Admit that the BRATZ WORK produced as M 0001489, a copy of which is

27   attached hereto as Exhibit 40, is not an original work of authorship within the

28   meaning of 17 U.S.C. § 102.

424

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO
CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 70

PAGE 583

**RESPONSE TO REQUEST FOR ADMISSION NO. 678:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question, Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the BRATZ WORK depicted in M 0001489 is not an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 679:**

Admit that YOU were the sole author of the BRATZ WORK produced as M 0001489, a copy of which is attached hereto as Exhibit 40.

**RESPONSE TO REQUEST FOR ADMISSION NO. 679:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself.

425

EXHIBIT 70

PAGE 584

1  other applicable privileges. Bryant also specifically objects to this request on the

2  grounds that it is oppressively repetitive and unnecessary in combination with

3  Mattel's other requests.

4

5  Dated:  August 22, 2007                    KEKER & VAN NEST, LLP

6

7

8                                            By: _____
                                             CHRISTA A. ANDERSON
9                                            Attorneys for Plaintiff
                                             CARTER BRYANT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO
CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

1 | PROOF OF SERVICE

2      I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

5 On August 22, 2007, I served the following document(s):

6 **CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT**

8 by **FEDERAL EXPRESS,** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

11 by **E-MAIL VIA PDF FILE,** by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

14 John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: 213/443-3000
Fax: 213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel: 213/430-6000
Fax: 213/430-6407
Email: dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel: 310/553-3000
Fax: 310/556-2920
Email: pglaser@chrisglase.com

     Executed on August 22, 2007, at San Francisco, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Julie Selby*

JULIE A. SELBY

EXHIBIT ____70

PAGE ____580

# EXHIBIT 71

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 72

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 73

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 74

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 75

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 76

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 77

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 78

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 79

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 80**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 81

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 82

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 83

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 84

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 85

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 86

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 87

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 88

RECEIVED

FEB 0 6 2008

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  awaltonhadlock@kvn.com
   710 Sansome Street
8  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
9  Facsimile:  (415) 397-7188

10 Attorneys for Plaintiff
   CARTER BRYANT
11

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                     EASTERN DIVISION

15

16
   CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
17                                         (consolidated with CV 04-9059 & 05-
                       Plaintiff,          2727
18
        v.                                 CARTER BRYANT'S RESPONSES
19                                         TO MATTEL, INC.'S THIRD SET
   MATTEL, INC. a Delaware                 OF REQUESTS FOR ADMISSION
20 Corporation,                            PROPOUNDED TO ALL
                                           DEFENDANTS
21                     Defendant.

22
   CONSOLIDATED WITH MATTEL,
23 INC., v. BRYANT and MGA
   ENTERTAINMENT, INC. v.
24 MATTEL, INC.

25

26

27                                         EXHIBIT _____88_____

28                                         PAGE _____712_____

        2-4-08

409180.03

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

1   otherwise distort Bryant's drawings.  Bryant further objects to this request to the

2   extent that it asks Bryant to equate black and white images to color images.  Bryant

3   further objects to this request to the extent that it suggests that Bryant has produced

4   photographs of his drawings in this action.  Subject to, and without waiver of, the

5   foregoing general and specific objections, Bryant responds to this request as

6   follows:  Denied.

7

8   **REQUEST FOR ADMISSION NO. 9:**

9            Admit that the document identified as Exhibit 717 at the deposition of

10  Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 9, is

11  a true and correct copy of a genuine document consisting of a color photograph of

12  an original drawing by Carter Bryant, a true and correct black and white copy of

13  which is Bates-numbered BRYANT 00273 and has been produced in this action.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

15           Bryant incorporates by reference the above-stated general objections

16  as if fully set forth herein.  Bryant further objects to this Request as vague and

17  ambiguous with respect to the term "genuine document".  Bryant further objects to

18  this request to the extent that it seeks an admission from Bryant regarding Mattel's

19  characterization of the referenced document.  Bryant further objects to this request

20  to the extent that it asks Bryant to authenticate photographs purportedly taken by

21  Mattel of his drawings, although Mattel has never provided Bryant with copies of

22  those photographs or with any assurance that the photographs and copies are

23  accurate, unenhanced, unaltered images of his drawings.  Bryant further objects to

24  this request to the extent that the photographs in question appear to be blurred or

25  otherwise distort Bryant's drawings.  Bryant further objects to this request to the

26  extent that it asks Bryant to equate black and white images to color images.  Bryant

27  further objects to this request to the extent that it suggests that Bryant has produced

28  photographs of his drawings in this action.  Subject to, and without waiver of, the

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 88

PAGE 715

1  foregoing general and specific objections, Bryant responds to this request as

2  follows: Admitted.

3

4  **REQUEST FOR ADMISSION NO. 10:**

5       Admit that the document identified as Exhibit 719 at the deposition of

6  Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 10, is

7  a true and correct copy of a genuine document consisting of a color photograph of

8  a drawing by Carter Bryant, a true and correct black and white copy of which is

9  Bates-numbered BRYANT 00228 and has been produced in this action.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

11      Bryant incorporates by reference the above-stated general objections

12 as if fully set forth herein.  Bryant further objects to this Request as vague and

13 ambiguous with respect to the term "genuine document".  Bryant further objects to

14 this request to the extent that it seeks an admission from Bryant regarding Mattel's

15 characterization of the referenced document.  Bryant further objects to this request

16 to the extent that it asks Bryant to authenticate photographs purportedly taken by

17 Mattel of his drawings, although Mattel has never provided Bryant with copies of

18 those photographs or with any assurance that the photographs and copies are

19 accurate, unenhanced, unaltered images of his drawings.  Bryant further objects to

20 this request to the extent that the photographs in question appear to be blurred or

21 otherwise distort Bryant's drawings.  Bryant further objects to this request to the

22 extent that it asks Bryant to equate black and white images to color images.  Bryant

23 further objects to this request to the extent that it suggests that Bryant has produced

24 photographs of his drawings in this action.  Subject to, and without waiver of, the

25 foregoing general and specific objections, Bryant responds to this request as

26 follows: Admitted.

27

28

11

409180.03

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___88

PAGE ___74

**REQUEST FOR ADMISSION NO. 11:**

Admit that the document identified as Exhibit 722 at the deposition of Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 11, is a true and correct copy of a genuine document consisting of a color photograph of a drawing by Carter Bryant, a true and correct black and white copy of which is Bates-numbered BRYANT 00221 and has been produced in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant further objects to this Request as vague and ambiguous with respect to the term "genuine document". Bryant further objects to this request to the extent that it seeks an admission from Bryant regarding Mattel's characterization of the referenced document. Bryant further objects to this request to the extent that it asks Bryant to authenticate photographs purportedly taken by Mattel of his drawings, although Mattel has never provided Bryant with copies of those photographs or with any assurance that the photographs and copies are accurate, unenhanced, unaltered images of his drawings. Bryant further objects to this request to the extent that the photographs in question appear to be blurred or otherwise distort Bryant's drawings. Bryant further objects to this request to the extent that it asks Bryant to equate black and white images to color images. Bryant further objects to this request to the extent that it suggests that Bryant has produced photographs of his drawings in this action. Subject to, and without waiver of, the foregoing general and specific objections, Bryant responds to this request as follows: Admitted.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the document identified as Exhibit 725 at the deposition of Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 12, is a true and correct black and white copy of a genuine document consisting of a

12

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __88__

PAGE __715__

1  foregoing general and specific objections, Bryant responds to this request as

2  follows:  Denied.

3

4  **REQUEST FOR ADMISSION NO. 58:**

5  Admit that the document identified as Exhibit 944 at the deposition of

6  Edmond Lee in THIS ACTION, a copy of which is attached hereto as Exhibit 58,

7  is a true and correct copy of a genuine document consisting of an <u>Associated Press</u>

8  article, entitled "China:  Group Reports Harsh Working Conditions at Bratz

9  Factory," dated December 22, 2006.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

11  Bryant incorporates by reference the above-stated general objections

12  as if fully set forth herein.  Bryant further objects to this Request as vague and

13  ambiguous with respect to the term "genuine document".  Bryant further objects to

14  this request to the extent that it seeks an admission from Bryant regarding Mattel's

15  characterization of the referenced document.  Subject to, and without waiver of, the

16  foregoing general and specific objections, Bryant responds to this request as

17  follows:  After a reasonable inquiry, the information known or readily available to

18  Bryant is insufficient to enable Bryant to admit or deny the Request.

19

20

21  Dated:  February 4, 2008                     KEKER & VAN NEST, LLP

22

23

24  By: _____
    MATTHEW M. WERDEGAR
25  Attorneys for Plaintiff
    CARTER BRYANT
26

27  EXHIBIT ___88___

28  PAGE ___716___

53

409180.03

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On February 4, 2008, I served the following document(s):

**CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:  213/443-3000
Fax:  213/443-3100
Email:  johnquinn@quinnemanuel.com
Email:  michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:  213/687-5000
Fax:  213/687-5600
Email:  tnolan@skadden.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:  213/613-4660
Fax:  213/613-4656
Email :    acote@obsklaw.com

EXHIBIT _____ 88
PAGE _____ 717

409180.03

1

Executed on February 4, 2008, at San Francisco, California.

2

3    I declare under penalty of perjury under the laws of the United States that
the above is true and correct.

4

5                                        *Lauren Hartz Lewis*
                                        LAUREN HARTZ-LEWIS
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    EXHIBIT ____ **BB** ____

28                                    PAGE ____ **718** ____

CERTIFICATE OF SERVICE OF CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

409180.03

# EXHIBIT 89

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 90

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 91

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2   Michael T. Zeller (Bar No. 196417)
  865 South Figueroa Street, 10th Floor
3 Los Angeles, California 90017
  Telephone:   (213) 443-3000
4 Facsimile:   (213) 443-3100

5 Attorneys for Plaintiff
  Mattel, Inc.

6

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**APR 27 2004**

John A. Clarke, Executive Officer/Clerk
By ~~SUE CABB~~ Deputy

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

10

11 MATTEL, INC., a Delaware corporation,          CASE NO.    BC314398

12                    Plaintiff,                  COMPLAINT FOR:

13                                                (1)  BREACH OF CONTRACT;
14             v.                                 (2)  BREACH OF FIDUCIARY
                                                       DUTY;
15                                                (3)  BREACH OF DUTY OF
   CARTER BRYANT, an individual; and                  LOYALTY;
16 DOES 1 through 10, inclusive,                  (4)  UNJUST ENRICHMENT; AND
                                                 (5)  CONVERSION
17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28
                                                 EXHIBIT _____91_____

'209/579342.1                                    PAGE _____723_____

                                                          COMPLAINT

Plaintiff Mattel, Inc. ("Mattel") brings this action against defendants Carter Bryant ("Bryant") and Does 1 through 10 (all defendants being collectively referred to as "defendants") and alleges as follows:

## Parties

1.     Mattel is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in El Segundo, California.

2.     Mattel is informed and believes, and on that basis alleges, that defendant Bryant is an individual currently residing in Springfield, Missouri.

3.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are unknown to Mattel, which therefore sues said defendants by such fictitious names. Mattel will amend this Complaint to allege their true names and capacities when the same are ascertained.

4.     Mattel is informed and believes, and on that basis alleges, that at all times relevant herein, defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other, and in doing the things alleged herein, each defendant was acting within the course and scope of his, her or its agency and was subject to and under the supervision of, and was acting with the knowledge of, his, her or its co-defendants.

## Jurisdiction and Venue

5.     During the time of the acts complained of herein, Bryant was employed by Mattel in, and was a resident of, Los Angeles County. Bryant's contracts with Mattel that are at issue in this action were executed, performed and breached by Bryant in Los Angeles County. In addition, defendants committed the tortious conduct alleged herein while physically located in Los Angeles County, and Mattel felt the effects of Bryant's breach and

7209/579342.1

-2-

COMPLAINT

EXHIBIT ___91___

PAGE ___724___

1  defendants' other wrongful acts in Los Angeles County.  Accordingly, this Court has

2  personal jurisdiction over defendants.

3       6.    Venue is proper pursuant to Code of Civil Procedure §§ 393 and 395(a),

4  as the causes of action arose in Los Angeles County, the contractual obligations at issue were

5  incurred, were to be performed and were breached by Bryant in Los Angeles County, and

6  Bryant does not currently reside in California.

7

8  <u>Factual Background</u>

9

10       7.    Mattel is a long standing and successful independent manufacturer and

11  marketer of toys, dolls, games and stuffed toys and animals.  Mattel was founded in 1945 by

12  Elliot and Ruth Handler and Harold "Matt" Mattson.  The name of the company was created

13  by incorporating the names of two of its founders, "MATT-son" and "EL-liot."  Originating

14  from the Handlers' garage in Southern California, the company greatly expanded its

15  operations following World War II and soon began to thrive as its reputation for producing

16  high-quality toys spread.  During the next several decades, Mattel became world famous for

17  producing high-quality products at reasonable prices.  Today, some of Mattel's most famous

18  brands include BARBIE, HOT WHEELS, MATCHBOX and FISHER-PRICE.

19       8.    Critical to Mattel's success, and to the livelihood of its employees, is

20  Mattel's ability to design and develop new products.  Mattel invests many millions of dollars

21  in product design and development annually, and it introduces hundreds of new products

22  each year.  In El Segundo, California alone, Mattel maintains a 180,000 square-foot design

23  center that houses more than 850 designers, sculptors, painters and other artists, whom

24  Mattel pays to work exclusively and full-time to create the products that Mattel sells and on

25  which Mattel's business depends.

26       9.    Defendant Bryant was employed by Mattel from September 1995

27  through April 1998, and then again from January 1999 through October 2000, as a product

28  designer at Mattel's design center in El Segundo, California.

-3-

COMPLAINT

EXHIBIT __ 91

PAGE __ 725

10.     On January 4, 1999, upon starting his second term of employment by Mattel, and as a condition of and in consideration for his employment, Bryant executed an Employee Confidential Information and Inventions Agreement (the "Employee Agreement").   Among other things, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]."  Bryant further acknowledged that he held a position of trust with Mattel.   In addition, Bryant assigned to Mattel all rights, title and interest in "inventions," including without limitation "designs," that he conceived or reduced to practice during his employment by Mattel. A true and correct copy of Bryant's Employee Agreement with Mattel is attached as Exhibit A.

11.     Also on January 4, 1999, Bryant executed Mattel's Conflict of Interest Questionnaire (the "Conflict Questionnaire").  Among other things, Bryant certified in the Conflict Questionnaire that, other than as disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest. Bryant specifically agreed that he would immediately notify his supervisor of any change in his situation that would cause him to change any of the foregoing certifications. The only conflict disclosure that Bryant made on the Conflict Questionnaire (or at any time subsequently) concerned freelance work that is unrelated to the conduct alleged herein.  A true and correct copy of the Conflict Questionnaire executed by Bryant is attached as Exhibit B.

12.     In late November 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor, including without limitation by entering into an agreement with the competitor, during the time Bryant was employed by Mattel pursuant to the above-referenced agreements and was being paid by Mattel as a product designer. Bryant's agreement with the competitor obligated Bryant to provide product design services to the competitor on a "top priority" basis. Bryant's agreement also provided, among other

-4-

COMPLAINT

EXHIBIT ___91___

PAGE ___72𝑉___

1   things, that Bryant would receive royalties and other consideration for sales of products on

2   which Bryant provided aid or assistance; that all work and services furnished by Bryant to

3   the competitor under the agreement purportedly would be considered "works for hire"; and

4   that all intellectual property rights to preexisting work by Bryant purportedly would be

5   assigned to the competitor. In addition, while Bryant was employed by Mattel, Bryant and

6   the other defendants converted, misappropriated and misused Mattel property and resources

7   for the benefit of, and to aid and assist, Bryant personally and Mattel's competitor.

8           13.     During the time that he was employed by Mattel and thereafter, Bryant

9   concealed these actions from Mattel, including without limitation by failing to notify his

10  supervisor of his conflict of interest regarding the competitor and by making affirmative

11  misrepresentations to Mattel management upon his departure from Mattel. Because of

12  Bryant's acts of concealment and his misrepresentations to Mattel, Mattel had no reason to

13  suspect that Bryant had worked for the competitor while still employed by Mattel until late

14  November 2003, when Mattel received, through an unrelated legal action, a copy of Bryant's

15  agreement with the competitor and saw that the date of the agreement predated Bryant's

16  departure from Mattel.

17          14.     As a consequence, Bryant breached his contracts with Mattel and

18  violated his duty of loyalty and his fiduciary duties to Mattel; the other defendants have

19  unlawfully aided and abetted his violation of such duties; and each of the defendants has

20  been unjustly enriched and engaged in acts of conversion.

21

22                          FIRST CLAIM FOR RELIEF

23                              (Breach of Contract)

24

25          15.     Mattel repeats and realleges each and every allegation set forth in

26  paragraphs 1 through 14, above, as though fully set forth at length.

27          16.     Pursuant to his Mattel Employment Agreement, and for good and

28  valuable consideration, Bryant agreed that he would not, without Mattel's express written

7209/579342.1

-5-

COMPLAINT

EXHIBIT ___91___

PAGE ___727___

1 | consent, engage in any employment or business other than for Mattel or assist in any manner

2 | any business competitive with the business or future business plans of Mattel during his

3 | employment with Mattel.  Pursuant to his Mattel Employment Agreement, Bryant further

4 | assigned to Mattel all right, title and interest in "inventions," including without limitation

5 | "designs," that he conceived or reduced to practice during his employment by Mattel.  In

6 | addition, pursuant to the Conflict Questionnaire, Bryant certified that, other than as

7 | disclosed, he had not worked for any competitor of Mattel and had not engaged in any

8 | business venture or transaction involving a Mattel competitor that could be construed as a

9 | conflict of interest.  Bryant further promised that he would notify his superior immediately

10 | of any change in his situation that would cause him to change any of the foregoing

11 | certifications or representations.

12 |       17.    The Employment Agreement and the Conflict Questionnaire are valid,

13 | enforceable contracts, and Mattel has performed each and every term and condition of the

14 | Employment Agreement and Conflict Questionnaire required to be performed by Mattel.

15 |       18.    Bryant materially breached the foregoing contracts with Mattel, in that,

16 | among other things, he secretly aided, assisted and worked for a Mattel competitor during

17 | his employment with Mattel, without the express written consent of Mattel.

18 |       19.    As a consequence of Bryant's breach, Mattel has suffered and will in

19 | the future continue to suffer damages in an amount to be proven at trial.  Such damages

20 | include, without limitation, the amounts paid by the competitor to Bryant during his Mattel

21 | employment; the amounts paid by the competitor to Bryant as a result of the work he

22 | performed for the competitor during his Mattel employment; the amount that Mattel paid

23 | Bryant during the time he wrongfully worked for the competitor; the value of information

24 | and intellectual property owned by Mattel which Bryant provided to the competitor; the

25 | value of the benefits the competitor obtained from Bryant during the time he was employed

26 | by Mattel; and the value of the benefits the competitor obtained from Bryant as a result of

27 | the work he performed for the competitor during his Mattel employment.

28 |

7209/579342.1

-6-

COMPLAINT

EXHIBIT __91__

PAGE __92b__

1    20.    Furthermore, Bryant's conduct has caused, and unless enjoined will

2    continue to cause, irreparable injury to Mattel that cannot be adequately compensated by

3    money damages and for which Mattel has no adequate remedy at law.  Bryant specifically

4    acknowledged in his Employment Agreement that his breach of the Agreement "likely will

5    cause irreparable harm" to Mattel and that Mattel "will be entitled to injunctive relief to

6    enforce this Agreement, in addition to damages and other available remedies." Accordingly,

7    Mattel is entitled to orders mandating Bryant's specific performance of his contracts with

8    Mattel and restraining Bryant from further breach.

9

10                    SECOND CLAIM FOR RELIEF

11                      (Breach of Fiduciary Duty)

12

13    21.    Mattel repeats and realleges each and every allegation set forth in

14    paragraphs 1 through 20, above, as though fully set forth at length.

15    22.    Bryant held a position of trust and confidence with Mattel.  In his

16    position, Bryant had access to and was entrusted with Mattel's proprietary and confidential

17    information, supervised the work of others, exercised discretion and worked independently

18    in many of his job assignments and duties.  In his position, Bryant also represented Mattel

19    in its dealings with third parties and, in his actions in the course and scope of his

20    employment with Mattel, was an agent of Mattel.  Bryant confirmed his relationship of trust

21    with Mattel in the Employee Agreement.  Bryant thus owed Mattel a fiduciary duty that

22    included, but was not limited to, an obligation not to take any action that would be contrary

23    to Mattel's best interests or that would deprive Mattel of any opportunities, profit or

24    advantage which Bryant might bring to Mattel.

25    23.    Bryant breached his fiduciary duty to Mattel in that, while employed

26    by Mattel, he secretly aided, assisted and worked for a competitor of Mattel, including

27    without limitation by entering into an agreement with a Mattel competitor.  As alleged

28

7209/579342.1

-7-

COMPLAINT

EXHIBIT ___91

PAGE ___729

1  above, Bryant also breached the aforementioned duty by using Mattel property and resources

2  for the benefit of, and to aid and assist, himself personally and the competitor of Mattel.

3        24.    The other defendants, acting with full knowledge of Bryant's obligations

4  to Mattel, aided and abetted Bryant in such conduct.

5        25.    As a direct and proximate result of defendants' wrongful conduct,

6  Mattel has incurred damages in an amount to be determined at trial.

7        26.    Defendants acted with malice, fraud and oppression, and in conscious

8  disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages

9  against defendants in an amount to be determined at trial.

10        27.    Furthermore, defendants' conduct has caused, and unless enjoined will

11  continue to cause, irreparable injury to Mattel that cannot be adequately compensated by

12  money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel

13  is entitled to an order restraining further breach of Bryant's fiduciary duty to Mattel and/or

14  restraining defendants from continuing to benefit from such breach.

15

16                    THIRD CLAIM FOR RELIEF

17                    (Breach of Duty of Loyalty)

18

19        28.    Mattel repeats and realleges each and every allegation set forth in

20  paragraphs 1 through 27, above, as though fully set forth at length.

21        29.    As an employee of Mattel, Bryant owed a duty of undivided loyalty to

22  Mattel, his employer. Pursuant to this duty, Bryant could not compete with Mattel or assist

23  a competitor of Mattel during his employment with Mattel. Pursuant to this duty, Bryant

24  was required to always give preference to Mattel's business over his own, similar interests

25  during the course of his employment with Mattel.

26        30.    Bryant breached his duty of loyalty to Mattel in that, while employed

27  by Mattel, he secretly aided, assisted and worked for a competitor of Mattel, including

28  without limitation by entering into an agreement with a Mattel competitor. As alleged

)7209/579342.1

-8-

COMPLAINT

EXHIBIT _ 91

PAGE _ 130

1  above, Bryant also breached the aforementioned duty by using Mattel property and resources

2  for the benefit of, and to aid and assist, himself personally and the competitor of Mattel.

3       31.    The other defendants, acting with full knowledge of Bryant's obligations

4  to Mattel, aided and abetted Bryant in such wrongful conduct.

5       32.    As a direct and proximate result of defendants' wrongful conduct,

6  Mattel has incurred damages in an amount to be determined at trial.

7       33.    Defendants acted with malice, fraud and oppression, and in conscious

8  disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages

9  against defendants in an amount to be determined at trial.

10       34.    Furthermore, defendants' conduct has caused, and unless enjoined will

11  continue to cause, irreparable injury to Mattel that cannot be adequately compensated by

12  money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel

13  is entitled to an order restraining further breach of Bryant's duty of loyalty to Mattel and/or

14  restraining defendants from continuing to benefit from such breach.

15

16              FOURTH CLAIM FOR RELIEF

17                  (Unjust Enrichment)

18

19       35.    Mattel repeats and realleges each and every allegation set forth in

20  paragraphs 1 through 34, above, as though fully set forth at length.

21       36.    Defendants, by the aforementioned conduct, unfairly used and diverted

22  Mattel property, resources and opportunities for the benefit of, and to aid and assist,

23  themselves, all without authorization by or payment to Mattel for the same. Defendants have

24  been unjustly enriched as a result.

25       37.    Mattel is entitled to an award of all such amounts by which defendants

26  have been unjustly enriched in an amount to be determined at trial.

27

28

7209/579342.1

COMPLAINT

EXHIBIT ___91___

PAGE ___731___

38.     Defendants acted with malice, fraud and oppression, and in conscious disregard of Mattel's rights.  Accordingly, Mattel is entitled to an award of punitive damages against defendants in an amount to be determined at trial.

39.     Furthermore, defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to Mattel that cannot be adequately compensated by money damages and for which Mattel has no adequate remedy at law.  Accordingly, Mattel is entitled to an order restraining defendants from any further unjust enrichment.

## FIFTH CLAIM FOR RELIEF

### (Conversion)

40.     Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 39, above, as though fully set forth at length.

41.     Mattel was entitled to, inter alia, Bryant's exclusive services and the exclusive ownership of his inventions as a Mattel product designer.  However, Bryant provided such services, and purported to grant rights to such inventions, to a competitor during the time of his exclusive Mattel employment.  All such services and the inventions and work product resulting from such services, including without limitation ideas, concepts, rights, designs, proprietary information, and other intellectual property and intangible property created by Bryant during the term of the aforesaid agreements, were the property of Mattel.  Such services and property were provided by Bryant to others, including defendants, and used by them.

42.     Defendants wrongfully converted Mattel property and resources by asserting ownership thereto and by appropriating and using Mattel's property and resources for their own benefit and gain and for the benefit and gain of others, without the permission of Mattel.

COMPLAINT

EXHIBIT _____91_____

PAGE _____732_____

43.     As a direct and proximate result of defendants' wrongful conversion of Mattel's property and resources, Mattel has incurred damages. Mattel is entitled to recover compensatory damages against defendants in an amount to be determined at trial.

44.     Defendants acted with malice, fraud and oppression, and in conscious disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages against defendants in an amount to be determined at trial.

45.     Furthermore, defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to Mattel that cannot be adequately compensated by money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel is entitled to an order restraining defendants from further conversion of Mattel property and resources and/or restraining defendants from continuing to benefit from such conversion.

## PRAYER FOR RELIEF

WHEREFORE, Mattel hereby respectfully requests that this Court:

A.     Award Mattel its damages;

B.     Order defendants to disgorge to Mattel all payments, revenue, profits, monies, royalties and any other benefits derived or obtained by defendants as a result of the conduct described herein;

C.     Order specific performance by Bryant to comply with and satisfy Bryant's contractual obligations to Mattel;

D.     Enter an injunction restraining defendants, and all those acting in concert or participation with them, from engaging in further wrongful conduct and/or from continuing to benefit from their wrongful conduct;

E.     Order defendants to pay Mattel the full cost of this action and Mattel's reasonable attorneys' fees;

F.     Award Mattel punitive damages in an amount sufficient to punish defendants and deter such misconduct in the future; and

7209/579342.1

-11-

COMPLAINT

EXHIBIT _____91_____

PAGE _____733_____

G.    Award such other and further relief as this Court deems just and proper.

DATED:  April 27, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

-12-

COMPLAINT

07209/579342.1

EXHIBIT ___ 91 ___

PAGE ___ 134 ___

**Exhibit A**

EXHIBIT ___91___

PAGE ___735___

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by establishing certain policies, including those included in this Agreement. This Agreement is designed to make clear that: (i) I will maintain the confidentiality of the Company's trade secrets; (ii) I will use trade secrets for the exclusive benefit of the Company; (iii) inventions that I create will be owned by the Company; (iv) my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights; and (v) when I my employment with the Company terminates I will not use any prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

## 1. Provisions Related to Trade Secrets

(a) I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.

(b) As used in this Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

(d) Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

## 2. Ownership of Inventions

(a) I agree to communicate to the Company as promptly and fully as practicable all inventions (as defined below) conceived or reduced to practice by me (alone or jointly by others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominees all my right, title and interest in such inventions, and all my rights, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominees (without charge but at no expense to me) at any time in every proper way to obtain for its and/or their own benefit, patents and copyrights for all such inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

(b) As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an invention qualifies under Section 2870.

(d) I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any document and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

## 3. Conflicts with Other Activities

(a) My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business of future business plans of the Company.

## 4. Miscellaneous

(a) My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

(b) Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

(c) My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the the Company.

(d) I understand that the provisions of this Agreement are a material condition to my employment with the Company. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continuous employment by the Company, or to my employment for any particular term.

(e) Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

(f) This agreement will be governed by and interpreted in accordance with the laws of the State of California.

(g) This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employee's employment with the Company.

**CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.**

Employee Signature _____

Employee Name (print) CARTER H. BRYANT

Date 01/04/99

MATTEL, INC.
By: _____ Signature

Name of Witness (print) TERESA NEWCOMB

EXHIBIT A PAGE 13

EXHIBIT 91
PAGE 736

**Exhibit B**

EXHIBIT _____ 91

PAGE _____ 137

# CONFLICT OF INTEREST QUESTIONNAIRE

*BRYANT, CARTER H.*　　*PROJECT DESIGNER*

Name (Last, First, M.I.)　　　　Job Title　　　　　　　　Department

Instructions: The purpose of this questionnaire is to confirm the propriety of relations between our key employees and our suppliers and competitors. Please read the definitions below and Mattel's policies concerning Conflicts of Interest. Then answer the questions by checking the correct answer. Base your answers on personal knowledge. There is no need to make inquiries or seek additional information since lack of knowledge of a situation indicates that there is no conflict of interest. Your answers to questions 1 through 8 should cover the past twelve months and the term "you" should include members of your immediate family.

**Mattel Supplier** is interpreted broadly for purposes of this questionnaire. A Mattel supplier is any person, partnership, trust, corporation, or other enterprise which during the past twelve months has done business or currently contemplates doing business with Mattel or any Mattel subsidiary.

**Mattel Competitor** is interpreted broadly for purposes of this questionnaire. A Mattel competitor is any person, partnership, trust, corporation, or other enterprise which has done business or contemplates doing business in any field that is in competition with Mattel or any Mattel subsidiary.

**Interest** means direct or indirect ownership of any stock, bond, option or right to purchase any security, share in profits, investment, partnership interest or other profit participation or equity interest whatsoever. Interest also means any agreement to perform services for or consult with or to deliver materials to or to receive compensation of any kind from any supplier or competitor. You may disregard mutual investment trusts and publicly-owned corporations whose securities are traded publicly, in which you own not more than $25,000 in market value, but not to exceed 10% of an individual's net worth.

**Recipient of any commission, etc.** means receipt of anything of value, in cash or in kind, over $60 on any one occasion or over $300 total during the past twelve months.

○ YES　● NO　1. Have you owned, directly or indirectly, any interest in a Mattel supplier?

○ YES　● NO　2. Have you owned, directly or indirectly, and interest in a Mattel competitor?

○ YES　● NO　3. Have you been the recipient of any commission, fee, loan, trip, gift, benefit or anything else of value that is derived in any way from a Mattel supplier?

● YES　○ NO　4. Have you been the recipient of any commission, fee, loan, trip, gift, benefit or anything else of value that is derived in any way from a Mattel competitor?

● YES　○ NO　5. Have you or any relative of yours by blood or marriage been a director, officer, consultant, agent, employee, or representative of or acted for any Mattel competitor in any capacity?

○ YES　● NO　6. Have you or any relative of yours by blood or marriage been a director, officer, consultant, agent, employee, or representative of or acted for any Mattel supplier in any capacity?

○ YES　● NO　7. Have you engaged in any activity including the acquisition or ownership of any interest, for personal profit, not expressly within the scope of the foregoing with respect to any supplier or competitor?

○ YES　● NO　8. Excepting normal everyday transactions (purchase of toys, etc.) have you engaged in any business venture or transaction involving a Mattel supplier or competitor or engaged in any activity which could be objectively construed as being a conflict of interest or allegiance?

○ YES　● NO　9. Are you aware of any activity of any employee which you believe could be construed as a potential conflict of interest with Mattel?

If your answer to any of the above questions is "yes," please explain in the space below:

*4, 5, freelance design & artwork in 1998,*
*from appx. 5/98 - 11/98 for the Ashton Drake*
*galleries*

I certify that I have read Mattel's policies concerning Conflict of Interest and the answers to the above questions are true. I understand that failure to answer this questionnaire fully and truthfully constitutes grounds for immediate termination of my employment. I agree not to divulge any company information to unauthorized recipients. I also agree to notify my superior immediately of any changes in my situation that would cause me to answer any of the above questions differently. I further certify that, to the best of my knowledge, neither I nor any member of my immediate family is or has been engaged in any capacity which creates a Conflict of Interest.

*Carter H Bryant*　　　　　　　01/04/98
Signature　　　　　　　　　　　　　　　Date

## EXHIBIT B PAGE 14

EXHIBIT _____ 91

PAGE _____ 138

# EXHIBIT 92

CONFORMED COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2   John B. Quinn (Bar No. 090378)
    Michael T. Zeller (Bar No. 196417)
3   Duane R. Lyons (Bar No. 125091)
    Timothy L. Alger (Bar No. 160303)
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
5  Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
6  MUNGER, TOLLES & OLSON LLP
7   Daniel P. Collins (Bar No. 139164)
   355 South Grand Avenue, 35th Floor
8  Los Angeles, California  90071-1560
   Telephone:  (213) 683-9100
9  Facsimile:  (213) 687-3702

Attorneys for Defendants
10 Mattel, Inc.

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 MGA ENTERTAINMENT, INC., a      Case No. CV 05-02727 NM (RNBx)
   California corporation,
16
              Plaintiff,
17                                  DEFENDANT MATTEL, INC.'S
        v.                          ANSWER TO COMPLAINT; AND
18                                  DEMAND FOR JURY TRIAL
   MATTEL, INC., a Delaware
19 corporation, and DOES 1-10,

20            Defendants.

21

22

23

24

25

26

27

28

/655008.1

EXHIBIT 92 ANSWER PAGE 1391

1        Defendant Mattel, Inc. ("Mattel") answers the Complaint as follows:

2

3                              Preliminary Statement

4        The Complaint in this case contravenes Rule 8(a) of the Federal Rules

5   of Civil Procedure in multiple respects.  For example, in many places, the

6   Complaint improperly mixes factual averments with argumentative rhetoric.  The

7   Complaint also includes a selective recitation of alleged historical facts and

8   "rumor," much of which is both irrelevant and inflammatory in tone and content.

9   In addition, many of the allegations of the Complaint are overly broad, vague or

10  conclusory and include terms which are undefined and which are susceptible to

11  different meanings.  Accordingly, by way of a general response, all allegations are

12  denied unless specifically admitted, and any factual averment admitted is admitted

13  only as to the specific facts and not as to any conclusions, characterizations,

14  implications or speculations which are contained in the averment or in the

15  Complaint as a whole.  These comments and objections are incorporated, to the

16  extent appropriate, into each numbered paragraph of this Answer.

17        Mattel further submits that the use of the headings throughout the

18  Complaint is improper, and therefore no response to them is required.  In the event

19  that a response is required, Mattel denies those allegations.

20        The Complaint also contains many purported photographs of various

21  items, and it uses one or more headings purporting to describe, either individually

22  or in groups, these various photographs.  The images of these photographs

23  contained in the Complaint are all relatively small and some are of less than

24  optimal quality, making it difficult to evaluate the adequacy of the photographs or

25  their fairness and accuracy in depicting what they purport to represent.  The

26  Complaint also does not describe the circumstances or time frame in which these

27  photographs were taken, and in many cases does not identify, or does not

28  sufficiently or properly identify, the item depicted in the photographs.  All of these

/655008.1

-2-

EXHIBIT    92    ANSWER

PAGE    140

1 factors, as well as the use of these photographs and headings out of context, or

2 with an insufficient context, impair the ability of Mattel to fully respond to these

3 photographs and headings, or to any purported allegations involving, or relying

4 upon, the use of such photographs and accompanying headings. By way of a

5 general response, Mattel therefore does not admit the authenticity of any

6 photograph, or the accuracy or adequacy of any heading, nor does it admit any

7 allegation or inference that is based on, or purports to be based on, any photograph

8 or accompanying heading in the Complaint. Mattel reserves the right to challenge

9 the authenticity of any photograph and the accuracy or adequacy of any heading

10 (either as included in the Complaint or in the context of additional material not

11 included). Further, with reference to all photographs and accompanying headings,

12 or any averments based on the Complaint's use of such photographs and headings,

13 which might be offered into evidence, Mattel specifically reserves its right to

14 object to any use of such photographs, headings, and averments, or the Complaint

15 as a whole or in part, in evidence for any purpose whatsoever.

16    To the extent that Mattel has endeavored to answer any particular allegation

17 containing any such photographs and headings, any admission concerning the item

18 purported to be depicted in such photograph, or described in such headings, shall

19 not constitute an admission that the photograph is authentic, adequate, or

20 admissible, nor that any heading is accurate, adequate, or admissible. All such

21 items purportedly depicted in such photographs, and described in such headings,

22 "speak for themselves". Accordingly, to the extent that any such referenced

23 materials are deemed allegations against Mattel, they are denied.

24

25 <u>Responses</u>

26    1.    Answering paragraph 1 of the Complaint, Mattel admits that

27 plaintiff MGA Entertainment, Inc. ("plaintiff" or "MGA") is a California

28 corporation with a principal place of business in Van Nuys, California.

EXHIBIT    92    ANSWER

PAGE    141

1          2.      Answering paragraph 2 of the Complaint, Mattel admits that

2   Mattel is a Delaware corporation with a principal place of business in El Segundo,

3   California.

4          3.      Answering paragraph 3 of the Complaint, Mattel denies that

5   there has been wrongful conduct on its part and states that it is without knowledge

6   or information sufficient to form a belief as to the truth or falsity of the remaining

7   allegations set forth therein and, on that basis, denies them.

8          4.      Answering paragraph 4 of the Complaint, Mattel admits that

9   plaintiff purports to assert claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and

10  (c), California Business and Professions Code §§ 17200 et seq., California

11  Business and Professions Code § 14330 and California common law, denies that

12  plaintiff is entitled to any relief thereunder and denies the truth of the remaining

13  allegations set forth in paragraph 4.

14         5.      Answering paragraph 5 of the Complaint, Mattel admits that it

15  is subject to personal jurisdiction in this District and denies the truth of the

16  remaining allegations set forth in paragraph 5.

17         6.      Answering paragraph 6 of the Complaint, Mattel admits that

18  venue is proper in this District and denies the truth of the remaining allegations set

19  forth in paragraph 6.

20         7.      Answering paragraph 7 of the Complaint, Mattel admits that

21  MGA has filed the instant lawsuit and denies the truth of the remaining allegations

22  set forth in paragraph 7.

23         8.      Answering paragraph 8 of the Complaint, Mattel states that it is

24  without knowledge or information sufficient to form a belief as to the truth or

25  falsity of the allegations regarding MGA's history set forth therein and, on that

26  basis, denies them, states that MGA has made conflicting representations,

27  including in sworn statements, that are at odds with the allegations of the

28

EXHIBIT  92

ANSWER

PAGE  142

1  Complaint and denies the truth of the remaining allegations set forth in paragraph
2  8.

3          9.     Answering paragraph 9 of the Complaint, Mattel admits that
4  MGA filed this action, states that Mattel's web site and corporate governance
5  policies speak for themselves and denies the truth of the remaining allegations set
6  forth in paragraph 9.

7          10.    Answering paragraphs 10 through 20 of the Complaint,
8  inclusive, Mattel admits that it is the world's most successful toy company, states
9  that the first doll in its BARBIE line was publicly introduced in 1959 and that
10  BARBIE-branded dolls have been the world's best-selling toys, states that Mattel's
11  sales speak for themselves and states that the remaining allegations set forth
12  therein are the subject of a pending motion to strike pursuant to <u>Federal Rule of</u>
13  <u>Civil Procedure</u> 12(f) and that no further answer is therefore required at this time.

14          11.    Answering paragraph 21 of the Complaint, Mattel admits that
15  products in plaintiff's "Bratz" line compete with products in Mattel's BARBIE and
16  other product lines and states that the remainder of the allegation contained
17  therein—consisting of a sentence fragment—is unintelligible and on that basis
18  denies the truth of any such remaining allegation set forth therein.

19          12.    Answering paragraph 22 of the Complaint, Mattel admits that
20  products in plaintiff's "Bratz" line compete with Mattel products, states that the
21  remainder of the allegations contained therein are characterizations, not factual
22  assertions, and that therefore no response is necessary under <u>Fed. R. Civ. P.</u> 8(b)
23  and, to the extent any further response is required, denies the truth of any
24  remaining allegations set forth therein.

25          13.    Answering paragraph 23 of the Complaint, Mattel states that
26  MGA has made conflicting statements, including in sworn statements, that are
27  inconsistent with the allegations set forth in paragraph 23 of the Complaint and
28  states that it is therefore without knowledge or information sufficient to form a

ANSWER

EXHIBIT   92

PAGE   143

1  belief as to the truth or falsity of the allegations set forth therein and, on that basis,

2  denies them.

3            14.    Answering paragraph 24 of the Complaint, Mattel states that

4  the "look" of the referenced dolls speak for themselves and denies the truth of the

5  remaining allegations set forth therein.  By way of further answer, Mattel states

6  that the photographs and their accompanying caption on page 7 of the Complaint

7  are false and misleading to the extent they are intended to suggest that MGA has

8  produced or used a consistent packaging shape or look or that it has protectible

9  rights in the matters depicted in the photographs.

10           15.    Answering paragraph 25 of the Complaint, Mattel admits that

11  Bratz dolls are between approximately 9.5 to 10 inches in height, states that the

12  appearances of the dolls speak for themselves, denies that "Bratz" dolls are or

13  "were intentionally shorter" than dolls in Mattel's BARBIE line, denies that the

14  "Bratz" dolls "looked like no other" and denies the truth of the remaining

15  allegations set forth in paragraph 25.

16           16.    Answering paragraph 26 of the Complaint, Mattel states that

17  the use of the term "classic" is unintelligible, since Mattel has designed and sold

18  different dolls using different heads and with different fashions and themes over

19  the years, and denies the truth of any remaining allegations.  By way of further

20  answer, Mattel states that the image encaptioned "Mattel's 'Barbie'" on page 8 of

21  the Complaint is misleading in that it depicts one of the doll heads that have been

22  used as part of the BARBIE line for many years, and therefore ignores that Mattel

23  has long designed and sold an array of different BARBIE line dolls that use

24  different doll heads, including doll heads which depict different ethnicities, and

25  that are dressed in different clothing and fashion styles.

26           17.    Answering paragraph 27 of the Complaint, Mattel admits that

27  MGA has used the line "The Girls With a Passion for Fashion" in some contexts,

28  denies that MGA originated or otherwise has rights to that phrase, admits that one

/655008.1

-6-

EXHIBIT  92          ANSWER

PAGE  144

1  audience for products in the "Bratz" line has been "tweens" and denies the truth of

2  the remaining allegations set forth in paragraph 27.

3        18.    Answering paragraph 28 of the Complaint, Mattel admits that

4  certain "Bratz" dolls have won certain awards, the terms of which speak for

5  themselves, states that it is without knowledge or information sufficient to form a

6  belief as to the truth or falsity of the allegations regarding the "awards" MGA

7  claims and, on that basis, denies them, denies that plaintiff has protectible rights

8  and denies the truth of any remaining allegations set forth in paragraph 28.

9        19.    Answering paragraph 29 of the Complaint, Mattel admits that

10  dolls in the "Bratz" line compete with dolls in Mattel product lines, denies that

11  Mattel has or has ever had a "stranglehold" on any market, states that the market

12  allegations contained in paragraph 29 are vague and ambiguous, including without

13  limitation in that the allegations fail to specify what products among the parties'

14  respective lines are being referred to and what time period is being referred to, and

15  denies the truth of any remaining allegations set forth in paragraph 29.

16        20.    Answering paragraph 30 of the Complaint, Mattel admits MGA

17  has been a licensee of Mattel and states that the remaining allegations set forth

18  therein are the subject of a motion to strike and that no further response is

19  therefore required at this time.

20        21.    Answering paragraph 31 of the Complaint, Mattel states that

21  the allegations set forth therein are the subject of a motion to strike and that no

22  further response is therefore required at this time.

23        22.    Answering paragraph 32 of the Complaint, Mattel denies the

24  truth of the allegations set forth therein.

25        23.    Answering paragraph 33 of the Complaint, Mattel denies the

26  truth of the allegations set forth therein.

27        24.    Answering paragraph 34 of the Complaint, Mattel states that it

28  has released various MY SCENE dolls, including MY SCENE dolls named

EXHIBIT  92        ANSWER

PAGE  148

1  "Madison", "Chelsea" and "Barbie," states that the appearance of the Bratz and

2  MY SCENE dolls speak for themselves, denies that Mattel designed its MY

3  SCENE dolls to "evoke" or resemble the alleged "look" of "Bratz" dolls, denies

4  that plaintiff has protectible rights, states that MGA has made conflicting

5  representations that are at odds with the allegations of the Complaint and that it is

6  therefore without knowledge or information sufficient to form a belief as to the

7  truth or falsity of the allegations regarding the "launch" of Bratz dolls set forth

8  therein and, on that basis, denies them, and denies the truth of the remaining

9  allegations set forth therein.  By way of further answer, Mattel states that the

10  photographs and their accompanying captions on page 10 of the Complaint are

11  misleading and false to the extent they are intended to suggest that a particular

12  Mattel doll has been changed over time as purportedly depicted.  Among other

13  things, Mattel has long designed and sold an array of different BARBIE line dolls

14  using different doll heads, and the photographs encaptioned "Mattel's Traditional

15  'Barbie'" is one of the doll heads that has been used, and continues to be used, as

16  part of the BARBIE line.  In addition, the photographs encaptioned MY SCENE

17  doll "circa 2002" is, in fact, a Mattel doll character called BARBIE that continues

18  to be sold and/or marketed with that head, and the photographs encaptioned MY

19  SCENE doll "circa 2004" depict a MY SCENE doll character separate and apart

20  from the one depicted in the "circa 2002" image (and is not a revised character as

21  plaintiff apparently attempts to imply).

22          25.     Answering paragraph 35 of the Complaint, Mattel admits that

23  Mattel released a product line called FLAVAS, states that the appearance of the

24  FLAVAS dolls speaks for themselves, states that it is without knowledge or

25  information sufficient to form a belief as to the truth or falsity of the allegations

26  regarding the  "rumor" relied upon by plaintiff and the undefined "media"

27  purportedly quoting Isaac Larian and, on that basis, denies them, denies that

28

1  Mattel has abandoned the FLAVAS line, and denies the truth of the remaining

2  allegations set forth in paragraph 35.

3          26.    Answering paragraph 36 of the Complaint, Mattel denies the

4  truth of the allegations set forth therein.

5          27.    Answering paragraph 37 of the Complaint, Mattel denies the

6  truth of the allegations set forth therein.  By way of further answer, Mattel states

7  that the unnumbered photographs and their accompanying captions on pages 11

8  through 16 of the Complaint -- which apparently were included to purportedly

9  support the allegation that MY SCENE dolls "became 'Bratz,'" which allegation

10  Mattel specifically denies -- are false and misleading.  Among other things, the

11  heads depicted are among an array of different doll heads that Mattel has used, and

12  continues to use, over the course of many years.  Moreover, the images purport to

13  compare different Mattel doll lines to show alleged changes in appearance even

14  though, in fact, each of the heads are currently sold and/or marketed to the public.

15  The "Blonde" series of photographs encaptioned "original" and "recent" MY

16  SCENE is further and specifically misleading in that it purports to compare two

17  differently named and outfitted dolls in the MY SCENE doll line, both of which

18  continue to be sold and/or marketed.

19          28.    Answering paragraph 38 of the Complaint, Mattel states that

20  the phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights

21  therein, denies that MGA was the originator of or the first to use the eye shape or

22  makeup depicted as purportedly constituting "the 'BRATZ' eye," denies that

23  Mattel has copied the "the 'BRATZ' eye" and denies the truth of the remaining

24  allegations contained in paragraph 38.  By way of further answer, Mattel states

25  that the unnumbered photographs and accompanying caption on page 13 of the

26  Complaint are false and misleading.  Among other things, the purported "Original

27  Mattel 'My Scene' Eye" is one of the eye and makeup designs that Mattel has used

28

/655008.1

-9-

EXHIBIT    92    ANSWER

PAGE    147

1    over the course of many years, and Mattel continues to sell and/or market dolls

2    using the eye and makeup design depicted therein.

3            29.      Answering paragraph 39 of the Complaint, Mattel states that

4    the phrase "the 'BRATZ' eye" is unintelligible, denies that MGA has rights

5    therein, denies that MGA was the originator of or the first to use the eye shape or

6    makeup purportedly described as constituting "the 'BRATZ' eye," denies that

7    Mattel has copied the "the 'BRATZ' eye," states that the relevant dolls speak for

8    themselves and denies the truth of the remaining allegations contained in

9    paragraph 38. By way of further answer, Mattel states that the unnumbered

10   photographs and accompanying captions on page 14 of the Complaint are false

11   and misleading. Among other things, the purported "New Mattel 'My Scene' Eye"

12   is one of the eye and makeup designs that Mattel has used over the course of many

13   years, and Mattel continues to sell and/or market dolls using the eye and makeup

14   design depicted on page 14 of the Complaint.

15           30.      Answering paragraph 40 of the Complaint, Mattel denies the

16   truth of the allegations therein. By way of further answer, Mattel states that the

17   unnumbered photographs and their accompanying captions on pages 15 to 16 are

18   false and misleading. Among other things, the heads depicted are among an array

19   of different doll heads that Mattel has used, and continues to use, over the course

20   of many years. Moreover, the photographs purport to compare different Mattel

21   doll lines to show alleged changes in appearance even though, in fact, each of the

22   heads are currently sold and/or marketed to the public. The "Blonde" series of

23   photographs encaptioned "original" and "recent" MY SCENE is further and

24   specifically misleading in that it purports to compare two differently named and

25   outfitted dolls in the MY SCENE doll line, both of which continue to be sold

26   and/or marketed.

27           31.      Answering paragraph 41 of the Complaint, Mattel denies the

28   truth of the allegations set forth therein.

EXHIBIT      92      ANSWER

PAGE      148

32.     Answering paragraph 42 of the Complaint, Mattel admits that the photographs purport to depict two packages that were, among others, part of the MY SCENE line, state that the packages speak for themselves and denies the truth of any remaining allegations set forth therein.

33.     Answering paragraph 43 of the Complaint, Mattel admits that the photograph purports to depict one of the packages that were, among others, part of the MY SCENE line, states that the parties' packages speak for themselves, states that MGA has failed to establish that it originated, or has protectible rights in, an "open and transparent style" for packaging and denies the truth of the remaining allegations set forth therein.

34.     Answering paragraph 44 of the Complaint, Mattel admits that one photograph purports to depict one of the packages that were, among others, part of the MY SCENE line, admits that the other photograph purports to depict one of the packages that were, among others, used as part of the Bratz line, states that the parties' packages speak for themselves, denies that MGA originated, or has protectible rights in, "the 'BRATZ' packaging" or in the packaging depicted in the Complaint and denies the truth of any remaining allegations set forth therein.

35.     Answering paragraph 45 of the Complaint, Mattel admits that one photograph purports to depict one of the packages that were, among others, part of the MY SCENE line, admits that the other photograph purports to depict one of the packages that were, among others, used as part of the Bratz line, states that the parties' packages speak for themselves, denies that MGA originated, or has protectible rights in, the packaging depicted in the Complaint and denies the truth of any remaining allegations set forth therein.

36.     Answering paragraph 46 of the Complaint, Mattel states that it has utilized a wide variety of packaging styles and shapes over the years, states that the relevant packaging speaks for itself, states that MGA lacks protectible rights in "non-rectangular shaped box" packaging or in the other elements MGA

/655008.1

EXHIBIT    92

PAGE    749

ANSWER

1 claims in paragraph 46, and denies the truth of the remaining allegations set forth
2 therein.

3     37.    Answering paragraph 47 of the Complaint, Mattel denies that
4 any alleged "theme" is "MGA's theme," denies that MGA originated or has rights
5 to any theme and denies the truth of the remaining allegations set forth therein.

6     38.    Answering paragraph 48 of the Complaint, Mattel admits that it
7 released a doll called "Chillin Out!", states that it has released such themed dolls
8 over the course of many years, admits MGA released a "Wintertime Wonderland"
9 themed doll, denies that MGA originated or has rights to such theme, states that
10 the relevant products speak for themselves and denies the truth of the remaining
11 allegations set forth therein.

12     39.    Answering paragraph 49 of the Complaint, Mattel admits that it
13 released a doll called "Night on the Town", states that it has released such themed
14 dolls over the course of many years, admits MGA released a "Formal Funk"
15 themed doll, denies that MGA originated or has rights to such theme, states that
16 the relevant products speak for themselves and denies the truth of the remaining
17 allegations set forth therein.

18     40.    Answering paragraph 50 of the Complaint, Mattel admits that it
19 released a doll called "Jammin' in Jamaica" and a playset called "Guava Gulch
20 Tiki Lounge", states that it has released such themed dolls and products over the
21 course of many years, admits that MGA released a "Sun-Kissed Summer" themed
22 doll and playset, denies that MGA originated or has rights to such theme, states
23 that the relevant products speak for themselves and denies the truth of the
24 remaining allegations set forth therein.

25     41.    Answering paragraph 51 of the Complaint, Mattel admits that it
26 has aired television commercials for its MY SCENE line, states that such
27 commercials speak for themselves, denies the truth of the remaining allegations set
28 forth therein and specifically denies that MGA was the originator of or has rights

/655008.1

EXHIBIT     9 2      ANSWER

PAGE     150

1  to commercials "combining live action with animated sequences" set to "pop

2  music and lyrics".

3          42.     Answering paragraph 52 of the Complaint, Mattel denies the

4  truth of the allegations set forth therein.

5          43.     Answering paragraph 53 of the Complaint, Mattel admits that it

6  released a MY SCENE "Sound Lounge", admits that MGA released a product

7  called "Runway Disco", states that the relevant products speak for themselves,

8  denies that it "imitated MGA's trapezoidal box," denies that MGA has rights

9  thereto, and denies the truth of the remaining allegations set forth therein.

10         44.     Answering paragraph 54 of the Complaint, Mattel denies the

11  truth of the allegations set forth therein.

12         45.     Answering paragraph 55 of the Complaint, Mattel admits that,

13  among the styling heads it has produced and sold over the course of many years, it

14  released a MY SCENE styling head, admits that MGA released a styling head

15  called "Funky Fashion Makeover Head", states that the relevant products speak for

16  themselves, denies that MGA has protectible rights and denies the truth of the

17  remaining allegations set forth in paragraph 55.

18         46.     Answering paragraph 56 of the Complaint, Mattel is without

19  knowledge or information sufficient to form a belief as to the truth or falsity of the

20  allegations set forth therein because plaintiff fails to identify the alleged instances

21  of confusion, including the source of the unidentified picture titled "Hairstyle

22  practice", and on that basis, denies them, and denies the truth of any remaining

23  allegations set forth in paragraph 56.

24         47.     Answering paragraph 57 of the Complaint, Mattel admits that it

25  has aired television commercials for its MY SCENE line, states that such

26  commercials speak for themselves and denies the truth of the remaining

27  allegations set forth therein.

28

/655008.1

-13-

ANSWER

EXHIBIT ___92___

PAGE __101__

48.   Answering paragraph 58 of the Complaint, Mattel admits that MGA has used the line "The Girls With a Passion for Fashion" in some contexts, denies that MGA originated that phrase or otherwise has rights to it, states that Mattel's web site speaks for itself and denies the truth of the remaining allegations set forth therein.

49.   Answering paragraph 59 of the Complaint, Mattel admits that, among the plush products that it has produced and sold over the course of many years, it has released plush dogs as part of its MY SCENE "Miami Getaway" themed product line, states that Mattel has for many years sold plush pets of the type used with its MY SCENE dog, admits that MGA has released various Bratz pets, states that MGA was not the originator of and has no rights to the features and other elements described therein, states that the relevant products speak for themselves and denies the truth of the remaining allegations set forth therein.

50.   Answering paragraph 60 of the Complaint, Mattel admits that, among the plush toys that it has release over the course of many years, its MY SCENE dog has been sold in packaging depicted (in part) on page 22 of the Complaint, states that Mattel has for many years sold plush pets and other plush products in packaging of the type used with its MY SCENE dog, admits that MGA has released a "Bratz" dog, states that MGA was not the originator of and has no rights to the packaging described therein, states that the relevant packages speak for themselves and denies the truth of the remaining allegations set forth therein.

51.   Answering paragraph 61 of the Complaint, Mattel denies that it has intended to cause any consumer confusion and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein concerning unnamed retailers, customers and others because plaintiff fails to identify any source for the matters alleged and, on that basis, denies them and denies the truth of any remaining allegations set forth therein.

EXHIBIT    92                    ANSWER

PAGE    152

52.    Answering paragraph 62 of the Complaint, Mattel denies that it has intended to cause any confusion and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein concerning alleged comments and conversations because plaintiff fails to identify any source for the alleged comments and conversations and, on that basis, denies them, and denies the truth of any remaining allegations set forth therein.

53.    Answering paragraph 63 of the Complaint, Mattel denies that it has intended to cause any confusion and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein because plaintiff fails to identify any source for the alleged comments and conversations and, on that basis, denies them, and denies the truth of any remaining allegations set forth therein.

54.    Answering paragraph 64 of the Complaint, Mattel denies that it has intended to cause any confusion and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein because plaintiff fails to identify any source for the alleged comments and conversations and, on that basis, denies them, and denies the truth of any remaining allegations set forth therein.

55.    Answering paragraph 65 of the Complaint, Mattel denies the truth of the allegations set forth therein.

56.    Answering paragraph 66 of the Complaint, Mattel admits that it sued a competitor in the German courts for unfair competition for copying various Mattel BARBIE line products, states that such claims exclusively arose under and were the subject of German law, and denies the truth of the remaining allegations set forth therein.

57.    Answering paragraph 67 of the Complaint, Mattel denies the truth of the allegations set forth therein.

EXHIBIT    9 2

ANSWER

PAGE    763

58.    Answering paragraph 68 of the Complaint, Mattel admits that it has released dolls called "Wee 3 Friends," admits that MGA has released dolls called "4-Ever Best Friends," states that the relevant products speak for themselves, denies that MGA's packaging is distinctive, denies that MGA has protectible rights thereto and denies the truth of the remaining allegations set forth in paragraph 68.

59.    Answering paragraph 69 of the Complaint, Mattel admits that its Fisher Price division has released, among other dolls called "Little Mommy," the "Little Mommy Potty Training Baby Doll," admits that MGA has released a "Mommy's Little Patient" doll and denies the truth of the remaining allegations set forth therein.

60.    Answering paragraph 70 of the Complaint, Mattel admits that it has released die-cast cars and other products called "Acceleracers" as part of its HOT WHEELS line,  admits that MGA has released products called "AlienRacers," denies that MGA was the originator of or has rights to the elements and matters described in paragraph 70, states that the relevant products speak for themselves and denies the truth of the remaining allegations set forth therein.

61.    Answering paragraph 71 of the Complaint, Mattel admits that it has aired commercials relating to "Acceleracers," states that such commercials speak for themselves, denies the truth of the remaining allegations set forth therein and specifically denies that MGA originated or has rights to commercials and other matters described therein.

62.    Answering paragraph 72 of the Complaint, Mattel states that its web site speaks for itself, denies the truth of the remaining allegations contained in paragraph 72 and specifically denies that Mattel intended to create confusion in the marketplace.

63.    Answering paragraph 73 of the Complaint, Mattel denies the truth of the allegations set forth therein.

EXHIBIT    9 2                    **ANSWER**

PAGE    764

1    64.    Answering paragraph 74 of the Complaint, Mattel denies the

2  truth of the allegations set forth therein.

3    65.    Answering paragraph 75 of the Complaint, Mattel states that it

4  has brought a motion under Federal Rule of Civil Procedure 12 against the

5  allegations set forth therein and that no further response is therefore required at

6  this time.

7    66.    Answering paragraph 76 of the Complaint, Mattel states that

8  MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

9  including such acts that are lawful in foreign nations, and denies the truth of

10  allegations set forth therein.

11    67.    Answering paragraph 77 of the Complaint, Mattel states that

12  MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

13  including such acts that are lawful in foreign nations, and denies the truth of the

14  allegations set forth therein.

15    68.    Answering paragraph 78 of the Complaint, Mattel states that it

16  is without knowledge or information sufficient to form a belief as to the truth or

17  falsity of the allegations regarding MGA's claimed "shortage of doll hair" and, on

18  that basis, denies them and denies the truth of the remaining allegations set forth

19  therein.

20    69.    Answering paragraph 79 of the Complaint, Mattel states that

21  MGA cannot establish subject matter jurisdiction regarding extra-territorial acts,

22  including such acts that are lawful in foreign nations, and denies the truth of

23  allegations set forth therein.

24    70.    Answering paragraph 80 of the Complaint, Mattel denies the

25  truth of the allegations set forth therein.

26    71.    Answering paragraph 81 of the Complaint, Mattel admits that

27  NPD Funworld ("NPD") supplies sales statistics in *inter alia* the toy, PC games

28  and video games industries, admits that to Mattel's knowledge NPD restricts the

-17-

EXHIBIT   92   ANSWER

PAGE   155

1  use of its subscriber information, states that MGA was sued by NPD and states

2  that it is without it is without knowledge or information sufficient to form a belief

3  as to the truth or falsity of the allegations regarding the need of unspecified "toy

4  companies" for NPD statistics and, on that basis, denies them and denies the truth

5  of any remaining allegations set forth therein.

6      72.    Answering paragraph 82 of the Complaint, Mattel denies the

7  truth of the allegations set forth therein.

8      73.    Answering paragraph 83 of the Complaint, Mattel states that it

9  is without knowledge or information sufficient to form a belief as to the truth or

10  falsity of the allegations set forth therein because MGA fails to quantify its annual

11  subscription fees and, on that basis, denies them.

12      74.    Answering paragraph 84 of the Complaint, Mattel states that it

13  is without it is without knowledge or information sufficient to form a belief as to

14  the truth or falsity of the allegations set forth therein and, on that basis, denies

15  them.

16      75.    Answering paragraph 85 of the Complaint, Mattel states that

17  MGA was sued by NPD, states that it is without knowledge or information

18  sufficient to form a belief as to such nature and grounds for such litigation (to

19  which Mattel was not a party) and, on that basis denies the allegations relating

20  thereto, and denies the truth of the remaining allegations set forth therein.

21      76.    Answering paragraph 86 of the Complaint, Mattel denies the

22  truth of the allegations set forth therein.

23      77.    Answering paragraph 87 of the Complaint, Mattel admits that

24  the Children's Advertising Review Unit ("CARU") is the children's arm of the

25  advertising industry's self-regulation program, states that compliance with CARU's

26  Privacy Program can provide FTC-approved Safe Harbor under the Children's

27  Online Privacy Protection Act ("COPPA"), and denies the truth of the remaining

28  allegations set forth therein.

/655008.1

EXHIBIT    9 2    ANSWER

PAGE    75 6

78. Answering paragraph 88 of the Complaint, Mattel admits that it is one of dozens of CARU Supporters and denies the truth of the remaining allegations set forth therein.

79. Answering paragraph 89 of the Complaint, Mattel denies the truth of the allegations set forth therein.

80. Answering paragraph 90 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the consequences to MGA of MGA's violations of CARU standards and, on that basis, denies them.

81. Answering paragraph 91 of the Complaint, Mattel states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the consequences to MGA of MGA violation of CARU standards and, on that basis, denies them.

82. Answering paragraph 92 of the Complaint, Mattel admits that the Toy Industry Association, Inc. ("TIA") is a toy industry trade association, admits that at certain times TIA has given awards called the People's Choice Toy of The Year or the Toy of The Year Award, denies that Mattel wrongfully influenced TIA and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein and, on that basis, denies them.

83. Answering paragraph 93 of the Complaint, Mattel states that the allegations set forth therein are vague and ambiguous, including in that they fail to properly identify the years in which the referenced awards were given and/or the particular product which won such awards, and accordingly lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them.

84. Answering paragraph 94 of the Complaint, Mattel admits that Neil Freidman was the chairman of TIA from approximately May 2002 to May

EXHIBIT 92

ANSWER

PAGE 757

1   2004, states that Fischer Price is a division of Mattel and denies the truth of the

2   remaining allegations set forth therein.

3         85.    Answering paragraph 95 of the Complaint, Mattel admits that

4   Hokey Pokey Elmo won the Toy of the Year Award and denies the truth of the

5   remaining allegations set forth therein.

6         86.    Answering paragraph 96 of the Complaint, Mattel states that it

7   is without knowledge or information sufficient to form a belief as to the truth or

8   falsity of the allegations set forth therein and, on that basis, denies them.

9         87.    Answering paragraph 97 of the Complaint, Mattel denies the

10  truth of the allegations set forth therein.

11        88.    Answering paragraph 98 of the Complaint, Mattel denies that it

12  has engaged in wrongful, unlawful, unethical or actionable conduct and states that

13  the remaining allegations set forth therein are the subject of a motion to strike and

14  that therefore no further answer is required at this time.

15        89.    Answering paragraph 99 of the Complaint, Mattel denies the

16  truth of the allegations set forth therein.

17        90.    Answering paragraph 100 of the Complaint, Mattel denies the

18  truth of the allegations set forth therein.

19        91.    Answering paragraph 101 of the Complaint, Mattel repeats its

20  responses contained in paragraphs 1 through 90 of this Answer and incorporates

21  them by reference as though fully and completely set forth herein.

22        92.    Answering paragraph 102 of the Complaint, Mattel denies the

23  truth of the allegations set forth therein and specifically denies that MGA's alleged

24  trade dress is distinctive.

25        93.    Answering paragraph 103 of the Complaint, Mattel denies the

26  truth of the allegations set forth therein and specifically denies that MGA's alleged

27  trade dress is distinctive.

28

-20-

EXHIBIT 92

PAGE 768

ANSWER

1    94.    Answering paragraph 104 of the Complaint, Mattel denies the
2  truth of the allegations set forth therein.

3    95.    Answering paragraph 105 of the Complaint, Mattel denies the
4  truth of the allegations set forth therein.

5    96.    Answering paragraph 106 of the Complaint, Mattel denies the
6  truth of the allegations set forth therein.

7    97.    Answering paragraph 107 of the Complaint, Mattel denies the
8  truth of the allegations set forth therein.

9    98.    Answering paragraph 108 of the Complaint, Mattel denies the
10  truth of the allegations set forth therein and specifically denies that plaintiff is
11  entitled to injunctive relief.

12    99.    Answering paragraph 109 of the Complaint, Mattel repeats its
13  responses contained in paragraphs 1 through 98 of this Answer and incorporates
14  them by reference as though fully and completely set forth herein.

15    100.   Answering paragraph 110 of the Complaint, Mattel denies the
16  truth of the allegations set forth therein.

17    101.   Answering paragraph 111 of the Complaint, Mattel denies the
18  truth of the allegations set forth therein.

19    102.   Answering paragraph 112 of the Complaint, Mattel denies the
20  truth of the allegations set forth therein.

21    103.   Answering paragraph 113 of the Complaint, Mattel denies the
22  truth of the allegations set forth therein.

23    104.   Answering paragraph 114 of the Complaint, Mattel denies the
24  truth of the allegations set forth therein.

25    105.   Answering paragraph 115 of the Complaint, Mattel denies the
26  truth of the allegations set forth therein.

27    106.   Answering paragraph 116 of the Complaint, Mattel denies the
28  truth of the allegations set forth therein.

EXHIBIT   92

PAGE   159

107.   Answering paragraph 117 of the Complaint, Mattel denies the truth of the allegations set forth therein and specifically denies that plaintiff is entitled to injunctive relief.

108.   Answering paragraph 118 of the Complaint, Mattel denies the truth of the allegations set forth therein.

109.   Answering paragraph 119 of the Complaint, Mattel repeats its responses contained in paragraphs 1 through 108 of this Answer and incorporates them by reference as though fully and completely set forth herein.

110.   Answering paragraph 120 of the Complaint, Mattel denies the truth of the allegations set forth therein.

111.   Answering paragraph 121 of the Complaint, Mattel denies the truth of the allegations set forth therein.

112.   Answering paragraph 122 of the Complaint, Mattel denies the truth of the allegations set forth therein.

113.   Answering paragraph 123 of the Complaint, Mattel denies the truth of the allegations set forth therein and specifically denies that plaintiff is entitled to injunctive relief.

114.   Answering paragraph 124 of the Complaint, Mattel repeats its responses contained in paragraphs 1 through 113 of this Answer and incorporates them by reference as though fully and completely set forth herein.

115.   Answering paragraph 125 of the Complaint, Mattel denies the truth of the allegations set forth therein.

## General Denial

Unless specifically admitted herein, Mattel denies the truth of each and every allegation set forth in plaintiff's Complaint and specifically denies that plaintiff is entitled to any relief against Mattel.

/655008.1

EXHIBIT    92

ANSWER

PAGE    760

## Affirmative Defenses

By alleging the Affirmative Defenses set forth below, Mattel does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has no valid, enforceable or protectible rights or interest in the alleged trade dress or other matters asserted, including without limitation in that plaintiff has failed to establish that its alleged trade dress is distinctive as to plaintiff.

### Third Affirmative Defense

Plaintiff's claims, including without limitation plaintiff's claims based upon alleged extra-territorial acts, are barred in whole or in part by lack of subject matter jurisdiction.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by plaintiff's unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by virtue of Mattel's prior-creation of the elements and other matters asserted in the Complaint.

## Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by its lack of standing.

## Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and the doctrine of laches.

## Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

## Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Mattel's constitutional rights of free speech, petitioning and association, including without limitation by the litigation privilege as protected by and/or codified in *inter alia* Section 47(b) of the California Civil Code, the *Noerr-Pennington* doctrine, the common interest privilege and by other privileges.

## Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Mattel's federal and state constitutional rights of free speech, including without limitation under the First Amendment of the United States Constitution.

## Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by the competitor privilege.

/655008.1

ANSWER

EXHIBIT _92_

PAGE _762_

1

### Twelfth Affirmative Defense

2    Plaintiff's claims are in whole or in part preempted by the Copyright

3   Act and barred by the *Sears-Compco* doctrine.

4

5    ### Thirteenth Affirmative Defense

6    Plaintiff's requested relief, including plaintiff's requests for punitive

7   and/or enhanced damages, are barred in whole or in part because all of Mattel's

8   actions were in good faith.

9

10   ### Fourteenth Affirmative Defense

11   Plaintiff's damages, if any, were not caused by Mattel and are not

12  attributable to the acts or omissions of Mattel.

13

14   ### Fifteenth Affirmative Defense

15   Plaintiff has failed to mitigate its damages, if any.

16

17   ### Additional Defenses

18   Mattel has insufficient knowledge or information upon which to form

19  a belief as to whether additional defenses are available.  Mattel reserves the right

20  to amend this Answer to add, delete, or modify additional defenses based on legal

21  theories which may or will be divulged through clarification of the Complaint,

22  through discovery, through change or clarification of the governing law or through

23  further legal analysis of plaintiff's positions in this litigation.

24

25   ### Prayer for Relief

26

27   WHEREFORE, Mattel prays for relief as follows:

28

/655008.1

-25-

EXHIBIT    9 2    ANSWER

PAGE    763

1

2   WHEREFORE, Mattel prays for relief as follows:

3

4       1.   That the Complaint be dismissed with prejudice;

5       2.   That plaintiff take nothing by reason of the Complaint against

6   Mattel and that judgment be entered in Mattel's favor;

7       3.   That Mattel recover its costs and attorneys' fees; and

8       4.   That this Court award such other and further relief as it deems

9   just and proper.

10

11  DATED:  May 13, 2005

12                          QUINN EMANUEL URQUHART
13                          OLIVER & HEDGES, LLP

14                          MUNGER, TOLLES & OLSON LLP

15

16                          By
                              John B. Quinn
17                          Attorneys for Defendant
                            Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT    92          ANSWER

PAGE    764

1

## DEMAND FOR A JURY TRIAL

2    Mattel hereby demands a trial by jury on all claims so triable.

3

4  DATED:  May 13, 2005

5

6                        QUINN EMANUEL URQUHART
                         OLIVER & HEDGES, LLP

7                        MUNGER, TOLLES & OLSON LLP

8

9

10                  By
                     John B. Quinn
                     Attorneys for Defendant

11                     Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/655008.1
5/13/05 14:38

-27-

EXHIBIT   92   ANSWER

PAGE   76

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is NOW Legal Service, 1301 West Second Street, Suite 206, Los Angeles, Ca 90026.

On May 13, 2005, I served the foregoing document:

**DEFENDANT MATTEL, INC.'S ANSWER TO COMPLAINT;**

**AND DEMAND FOR JURY TRIAL**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as stated:

Dale M. Cendali
Diana M. Torres
Paula E. Ambrosini
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
O 213.430.6000; F 213.430.6407

[√]   [PERSONAL] by personally delivering the document listed above to the persons at the address set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 13, 2005, at Los Angeles, California.

_RUDY FLORES_

07975/655058.1

PROOF OF SERVICE

EXHIBIT 92
PAGE 166

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On May 13, 2005, I served the within document:

**DEFENDANT MATTEL, INC.'S ANSWER TO COMPLAINT;**

**AND DEMAND FOR JURY TRIAL**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as stated:

Patricia Glaser
Christensen, Miller, Fink, Jacobs,
Glaser, Weil & Shapiro LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
O 310.553.3000; F 310.556.2920

[X]   [MAIL] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth above.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 13, 2005, at Los Angeles, California.

**ALBERT V. VILLAMIL**

07975/655058.1

EXHIBIT

PROOF OF SERVICE

PAGE  **767**