# Exhibit 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 10

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 11

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 12

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 13

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 14

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 15

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 16

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 17

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 20

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 21

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 22

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 23

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 24

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE )
CORPORATION, )
                             )
      PLAINTIFF, )
                             )
      VS. )  NO. CV 04-9059 NM(RNBX)
                             )
CARTER BRYANT, AN )
INDIVIDUAL; AND DOES 1 )
THROUGH 10, INCLUSIVE, )
                             )
      DEFENDANTS. )
_____)
AND RELATED COUNTER-CLAIM.)
_____)

NONCONFIDENTIAL TRANSCRIPT

VOLUME I

DEPOSITION OF ANNA RHEE

LOS ANGELES, CALIFORNIA

THURSDAY, FEBRUARY 3, 2005

REPORTED BY:

KAREN E. KAY
C.S.R. NO. 3862, R.M.R., C.R.R.

JOB NO.
40593LMF

**LUDWIG KLEIN**

10868 KLING STREET
TOLUCA LAKE, CALIFORNIA 91602
800.540.0681      Fax 818.508.6326
e-mail: lois@ludwigklein.com

EXHIBIT 04
PAGE 437

LUDWIG KLEIN REPORTERS & VIDEO, INC.    800.540.0681

1                    UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3    MATTEL, INC., A DELAWARE    )
     CORPORATION,                )
4                                )
             PLAINTIFF,          )
5                                )
         VS.                     )    NO. CV 04-9059 NM(RNBX)
6                                )
     CARTER BRYANT, AN           )
7    INDIVIDUAL; AND DOES 1      )
     THROUGH 10, INCLUSIVE,      )
8                                )
             DEFENDANTS.         )
9    _____)
                                 )
10   CARTER BRYANT, ON BEHALF    )
     OF HIMSELF, ALL PRESENT     )
11   AND FORMER EMPLOYEES OF     )
     MATTEL, INC., AND THE       )
12   GENERAL PUBLIC,             )
                                 )
13           COUNTER-CLAIMANT,   )
                                 )
14       VS.                     )
                                 )
15   MATTEL, INC., A DELAWARE    )
     CORPORATION,                )
16                               )
             COUNTER-DEFENDANT.  )
17   _____)

18

19           DEPOSITION OF ANNA RHEE, VOLUME I, TAKEN ON

20       BEHALF OF DEFENDANT CARTER BRYANT AT 2049 CENTURY PARK

21       EAST, LOS ANGELES, CALIFORNIA, COMMENCING AT 10:24

22       A.M. ON THURSDAY, FEBRUARY 3, 2005, BEFORE

23       KAREN E. KAY, C.S.R. NO. 3862, R.M.R., C.R.R.,

24       A CERTIFIED SHORTHAND REPORTER IN AND FOR THE

25       COUNTY OF LOS ANGELES, STATE OF CALIFORNIA.

NONCONFIDENTIAL TRANSCRIPT - VOLUME I            2

EXHIBIT    24

PAGE    438

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   APPEARANCES:

2   FOR THE PLAINTIFF AND COUNTER-DEFENDANT:

3          QUINN EMANUEL
           BY:   MICHAEL T. ZELLER
4                ATTORNEY AT LAW
           865 SOUTH FIGUEROA STREET
5          TENTH FLOOR
           LOS ANGELES, CALIFORNIA 90017
6          213.624.7707   FAX 213.624.0643

7   FOR THE DEFENDANT AND COUNTER-CLAIMANT CARTER BRYANT:

8          LITTLER MENDELSON, P.C.
           BY:   DOUGLAS A. WICKHAM
9                ATTORNEY AT LAW
           2049 CENTURY PARK EAST
10         FIFTH FLOOR
           LOS ANGELES, CALIFORNIA 90067.3107
11         310.553.0308   FAX 310.553.5583

12  FOR THE DEFENDANT M.G.A. ENTERTAINMENT, INC.:

13         O'MELVENY & MYERS, L.L.P.
           BY:   DIANA M. TORRES
14                ATTORNEY AT LAW
           400 SOUTH HOPE STREET
15         FIFTEENTH FLOOR
           LOS ANGELES, CALIFORNIA 90071.2899
16         213.430.6000   FAX 213.430.6407
                    -AND-
17         M.G.A. ENTERTAINMENT, INC.
           BY:   RICHARD DANIELS
18                IN-HOUSE SENIOR COUNSEL
           16380 ROSCOE BOULEVARD
19         VAN NUYS, CALIFORNIA 91406
           818.894.2525   FAX 818.894.0771

20

21

22

23

24

25

NONCONFIDENTIAL TRANSCRIPT - VOLUME XIII   EXHIBIT   24   3

PAGE   439

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   APPEARANCES:   (CONTINUED)

2       FOR THE WITNESS:

3           BERMAN, MAUSNER & RESSER
            BY:   LAURENCE M. BERMAN
4               ATTORNEY AT LAW
            11601 WILSHIRE BOULEVARD
5           SUITE 600
            LOS ANGELES, CALIFORNIA 90025.1742
6           310.473.3333   FAX 323.965.1200

7

8       ALSO PRESENT:

9           DEIRDRE AARON
            JON SEIDEL, VIDEOGRAPHER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NONCONFIDENTIAL TRANSCRIPT - VOLUME I

EXHIBIT 24

4

440

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1                          I N D E X

2   EXAMINATION BY                                    PAGE

3   MR. WICKHAM                                          7

4

5

6

7         CONFIDENTIAL PORTIONS OF TRANSCRIPT

8                         PAGES

9                          16
                        105-229

10

11

12

13

14              E X H I B I T S

15   DEFENDANT'S                                      PAGE

16      200      12/13/04 SUBPOENA FOR MS. RHEE        17
                 (3 PGS.)

17

18      201      DOCUMENTS PRODUCED BY MS. RHEE        23
                 IN RESPONSE TO THE SUBPOENA,
                 AR0001 TO 58 (58 PGS.)

19

20

21                 QUESTION MARKED

22              PAGE   LINE

23              103      4

24

25

NONCONFIDENTIAL TRANSCRIPT - VOLUME II

EXHIBIT  24

PAGE  441

5

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | WAS. | 10:41:25 |
| 2 | Q   WHY DON'T YOU TURN TO THE THIRD PAGE OF | 10:41:25 |
| 3 | EXHIBIT 200. | 10:41:27 |
| 4 | A   OKAY. | 10:41:30 |
| 5 | Q   AND IF YOU LOOK AT THE BOTTOM THIRD OF THE | 10:41:30 |
| 6 | DOCUMENT ON THAT PAGE WHERE IT SAYS, "DOCUMENTS TO | 10:41:35 |
| 7 | BE PRODUCED," COULD YOU READ THOSE POINTS 1, 2, AND | 10:41:37 |
| 8 | 3 TO YOURSELF? | 10:41:42 |
| 9 | A   SURE.   OKAY. | 10:41:43 |
| 10 | Q   OKAY.   DID YOU SEARCH FOR DOCUMENTS AFTER | 10:42:05 |
| 11 | YOU RECEIVED THE SUBPOENA IN DECEMBER? | 10:42:09 |
| 12 | A   YES, I DID. | 10:42:13 |
| 13 | Q   DID YOU SEARCH FOR ALL DOCUMENTS RELATING | 10:42:15 |
| 14 | TO CARTER BRYANT FOR THE TIME PERIOD PRIOR TO | 10:42:18 |
| 15 | DECEMBER 31, 2002, THAT WERE IN YOUR POSSESSION, | 10:42:21 |
| 16 | CUSTODY, OR CONTROL? | 10:42:26 |
| 17 | A   YES, I DID. | 10:42:29 |
| 18 | Q   EXCUSE ME.   2001.   YOU DID.   OKAY. | 10:42:30 |
| 19 | DID YOU SEARCH FOR ALL DOCUMENTS RELATING | 10:42:33 |
| 20 | TO BRATZ THAT WERE DATED PRIOR TO DECEMBER 31, 2001, | 10:42:35 |
| 21 | THAT WERE IN YOUR POSSESSION, CUSTODY, AND CONTROL? | 10:42:39 |
| 22 | A   YES. | 10:42:46 |
| 23 | Q   DID YOU SEARCH FOR ALL DOCUMENTS REFERRING | 10:42:46 |
| 24 | OR RELATING TO M.G.A. ENTERTAINMENT, INC., PRIOR TO | 10:42:48 |
| 25 | DECEMBER 31, 2001, THAT WERE IN YOUR POSSESSION, | 10:42:51 |

EXHIBIT _24_ 22

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | CUSTODY, OR CONTROL? | 10:42:54 |
| 2 | A    YES. | 10:42:57 |
| 3 | Q    AND DID YOU PRODUCE OR PROVIDE ALL OF THE | 10:42:58 |
| 4 | DOCUMENTS YOU HAD FOUND TO YOUR ATTORNEYS? | 10:43:02 |
| 5 | A    YES. | 10:43:06 |
| 6 | MR. WICKHAM:   OKAY. | 10:43:07 |
| 7 | MR. BERMAN:   AND I'LL REPRESENT THAT EVERY | 10:43:10 |
| 8 | DOCUMENT THAT SHE PRODUCED TO US WE PROVIDED TO YOU | 10:43:14 |
| 9 | IN ACCORDANCE WITH OUR STIPULATION AND ORDER. | 10:43:18 |
| 10 | NOTHING WAS WITHHELD THAT SHE HAD PROVIDED TO US. | 10:43:21 |
| 11 | MR. WICKHAM:   I'LL GO AHEAD -- I'M NOT | 10:43:26 |
| 12 | GOING TO BE EXAMINING ON THIS YET, BUT SINCE WE'RE | 10:43:28 |
| 13 | ON THIS SUBJECT, LET'S MARK THIS AS 201, AND THIS | 10:43:30 |
| 14 | DOCUMENT HAS BEEN DESIGNATED AS ATTORNEYS' EYES ONLY | 10:43:44 |
| 15 | AND SHOULD BE TREATED AS SUCH.  WE WILL NOT BE GOING | 10:43:47 |
| 16 | INTO AN ATTORNEYS' EYES ONLY SECTION OF THE | 10:43:50 |
| 17 | DEPOSITION RIGHT NOW. | 10:43:53 |
| 18 | (DEFENDANT'S EXHIBIT 201 WAS MARKED FOR | 10:43:55 |
| 19 | IDENTIFICATION BY THE CERTIFIED SHORTHAND REPORTER.) | 10:43:57 |
| 20 | BY MR. WICKHAM: | 10:44:02 |
| 21 | Q    OKAY.  I DON'T EXPECT YOU TO STUDY EVERY | 10:44:04 |
| 22 | SINGLE PAGE, BUT WOULD YOU SCAN THROUGH WHAT HAS | 10:44:07 |
| 23 | BEEN MARKED AS EXHIBIT 201. | 10:44:10 |
| 24 | A    THAT WOULD BE THE FIRST PAGE? | 10:44:14 |
| 25 | Q    JUST SCAN THROUGH THE ENTIRE STACK OF | 10:44:17 |

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | | |
|---|---|---|---|
| 1 | | DOCUMENTS THERE. | 10:44:18 |
| 2 | A | OKAY. | 10:44:19 |
| 3 | Q | I THINK YOU MIGHT RECOGNIZE THEM.   DO YOU | 10:44:19 |
| 4 | | RECOGNIZE THE DOCUMENTS THAT ARE MARKED AS | 10:44:37 |
| 5 | | EXHIBIT 201? | 10:44:39 |
| 6 | A | 2,001? | 10:44:41 |
| 7 | Q | 201. | 10:44:44 |
| 8 | A | YES. | 10:44:45 |
| 9 | Q | AND ARE THESE THE DOCUMENTS THAT YOU HAD | 10:44:45 |
| 10 | | LOCATED AND PRODUCED IN RESPONSE TO THE SUBPOENA? | 10:44:46 |
| 11 | | MR. BERMAN:   I'M GOING TO OBJECT.   ASSUMES | 10:44:49 |
| 12 | | FACTS NOT IN EVIDENCE, AND IT'S COMPOUND. | 10:44:51 |
| 13 | | THE WITNESS:   YES. | 10:44:53 |
| 14 | | MR. WICKHAM:   OKAY. | 10:45:00 |
| 15 | | MR. BERMAN:   AND I'LL TAKE IT THAT YOU'RE | 10:45:01 |
| 16 | | REPRESENTING THAT THIS IS THE FULL SUM OF THE | 10:45:02 |
| 17 | | DOCUMENTS THAT WE PRODUCED? | 10:45:04 |
| 18 | | MR. WICKHAM:   IT IS. | 10:45:04 |
| 19 | | MR. BERMAN:   BECAUSE NEITHER ONE OF US | 10:45:05 |
| 20 | | WOULD REMEMBER THAT. | 10:45:08 |
| 21 | | MR. WICKHAM:   YEAH.   NO.   IT IS.   AND | 10:45:08 |
| 22 | | ACTUALLY IT BEARS YOUR BATE NUMBERS ON THE BOTTOM. | 10:45:09 |
| 23 | | MR. BERMAN:   RIGHT.   I JUST DON'T KNOW IF | 10:45:11 |
| 24 | | IT'S ALL OF THEM.   I DON'T REMEMBER OFF THE TOP OF | 10:45:12 |
| 25 | | MY HEAD IF THERE ARE ONLY 58 OR MORE. | 10:45:14 |

NONCONFIDENTIAL TRANSCRIPT - VOLUME EXHIBIT 24/24

444

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | BY MR. WICKHAM: | 10:45:19 |
| 2 | Q    OKAY.  LET ME ASK A COUPLE OF ADDITIONAL | 10:45:19 |
| 3 | BACKGROUND QUESTIONS.  DO YOU RECALL WHAT YOUR | 10:45:22 |
| 4 | TELEPHONE NUMBERS WERE DURING THE TIME PERIOD FROM | 10:45:27 |
| 5 | 1998 THROUGH 2001? | 10:45:32 |
| 6 | A    YES, I DO. | 10:45:40 |
| 7 | Q    COULD YOU PLEASE TELL ME WHAT YOU RECALL? | 10:45:41 |
| 8 | A    (310) 379-2835. | 10:45:47 |
| 9 | Q    OKAY.  AND WHEN DID YOU HAVE THAT TELEPHONE | 10:45:53 |
| 10 | NUMBER? | 10:45:55 |
| 11 | A    I'VE HAD THAT NUMBER FOR THE LAST 11 YEARS. | 10:45:56 |
| 12 | Q    THE SAME NUMBER? | 10:46:00 |
| 13 | A    YES. | 10:46:01 |
| 14 | Q    WOW. | 10:46:03 |
| 15 | MR. BERMAN:  IF YOU WANT TO BE EVEN MORE | 10:46:07 |
| 16 | AMAZED, I'VE HAD THE SAME NUMBER SINCE 1988. | 10:46:09 |
| 17 | THE WITNESS:  WE'RE WEIRD.  WE'RE WEIRD. | 10:46:15 |
| 18 | MR. WICKHAM:  I'VE MOVED TOO MANY TIMES, I | 10:46:19 |
| 19 | GUESS. | 10:46:21 |
| 20 | Q    OKAY.  IS THAT THE TELEPHONE NUMBER YOU | 10:46:22 |
| 21 | CURRENTLY HAVE? | 10:46:24 |
| 22 | A    YES. | 10:46:24 |
| 23 | Q    OKAY.  ALL RIGHT.  NOW, THAT'S YOUR | 10:46:25 |
| 24 | LANDLINE TELEPHONE NUMBER; YES? | 10:46:31 |
| 25 | A    WHAT DOES THAT MEAN? | 10:46:33 |

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1

2

3                      WITNESS'S CERTIFICATE

4

5

6

7          I AM THE WITNESS IN THE FOREGOING

8  DEPOSITION.  I HAVE READ THE FOREGOING DEPOSITION

9  AND HAVING MADE SUCH CHANGES AND CORRECTIONS AS I

10 DESIRE, I CERTIFY THAT THE SAME IS TRUE OF MY OWN

11 KNOWLEDGE, EXCEPT AS TO THOSE MATTERS WHICH ARE

12 THEREIN STATED UPON MY INFORMATION OR BELIEF, AND AS

13 TO THOSE MATTERS, I BELIEVE IT TO BE TRUE.

14          I DECLARE UNDER PENALTY OF PERJURY UNDER

15 THE LAWS OF THE STATE OF CALIFORNIA THAT THE

16 FOREGOING IS TRUE AND CORRECT.

17          EXECUTED ON _____,

18 AT _____.

19

20

21

22          _____
                          ANNA RHEE
23

24

25

EXHIBIT 24

PAGE 446

```
 1                        REPORTER'S CERTIFICATE

 2

 3

 4            I, KAREN E. KAY, C.S.R. NO. 3862, A CERTIFIED

 5   SHORTHAND REPORTER IN AND FOR THE STATE OF CALIFORNIA,

 6   DO HEREBY CERTIFY:

 7            THAT PRIOR TO BEING EXAMINED THE WITNESS NAMED

 8   IN THE FOREGOING PROCEEDINGS WAS BY ME DULY SWORN TO

 9   TESTIFY TO THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT

10   THE TRUTH;

11            THAT SAID PROCEEDINGS WERE TAKEN BY ME IN

12   SHORTHAND AT THE TIME AND PLACE HEREIN NAMED AND WAS

13   THEREAFTER TRANSCRIBED INTO TYPEWRITING UNDER MY

14   DIRECTION, SAID TRANSCRIPT BEING A TRUE AND CORRECT

15   TRANSCRIPTION OF MY SHORTHAND NOTES.

16            I FURTHER CERTIFY THAT I HAVE NO INTEREST IN

17   THE OUTCOME OF THIS ACTION.

18

19            FEBRUARY 7, 2005

20

21

22

23            KAREN E. KAY
             C.S.R. NO. 3862

24

25
```

EXHIBIT 24

234

PAGE 447

# EXHIBIT 25

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 26

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                                     )
            PLAINTIFF, ) CASE NO.
                                      )
    V. ) CV 04-9049 SGL (RNBX)
                                      ) [CONSOLIDATED WITH
MATTEL, INC., A DELAWARE ) CASE NO. 04-9059 AND
CORPORATION, ) CASE NO. 05-2727]
                                      )
           DEFENDANT. )
                                      )

# 30 (B)(6) DEPOSITION OF KERRI BRODE

# JANUARY 19, 2007



**REPORTED BY:**
J'ANA SIEGERS
CSR NO. 10845
JOB NO. 07AE024-JS

COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

457

```
 1    APPEARANCES OF COUNSEL:

 2

 3    FOR MATTEL, INC.:

 4         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:  MICHAEL T. ZELLER, ESQ.
 5              BRIDGET MORRIS, ESQ.
           865 SOUTH FIGUEROA STREET
 6         TENTH FLOOR
           LOS ANGELES, CALIFORNIA 90017-2543
 7         (213) 624-7707

 8

 9    FOR MGA ENTERTAINMENT, INC.:

10         O'MELVENY & MYERS, LLP
           BY:  JAMES PAUL JENAL, ESQ.
11              ALICIA CARRASQUILLO MEYER, ESQ.
           400 SOUTH HOPE STREET
12         LOS ANGELES, CALIFORNIA 90071-2899
           (213) 430-6000
13

14

15

16

17

18    ALSO PRESENT:

19         RICHARD DANIELS - MGA ENTERTAINMENT

20         J. TONY RODRIGUEZ - JTV LITIGATION SERVICES

21

22

23

24

25
```

                                                    3

EXHIBIT 26

PAGE _____ 458

```
 1                    I N D E X

 2

 3              DEPONENT:  KERRI BRODE

 4

 5   EXAMINATION                              PAGE

 6   BY MR. ZELLER:                             6

 7

 8   EXHIBITS FOR IDENTIFICATION              PAGE

 9   MATTEL'S:

10   366 NOTICE OF DEPOSITION OF                8
         MGA ENTERTAINMENT, INC., PURSUANT
11       TO FEDERAL RULE OF CIVIL PROCEDURE
         30(B)(6)  [7 PAGES]

12

13   367 E-MAIL DATED DECEMBER 7, 2000,       55
         FROM KERRI BRODE TO BARBARA
         MALCOLM  [1 PAGE]

14

15

16   EXHIBITS PREVIOUSLY MARKED              PAGE

17   EXHIBIT 306                              53

18

19

20        UNANSWERED QUESTIONS UPON ADVICE OF COUNSEL

21              PAGE        LINE

22               56          14

23               57           4

24

25

                                                  4
```

11:30:08  1          MR. ZELLER:  SURE.

2          VIDEOGRAPHER:  GOING OFF THE RECORD, THE

3    TIME IS 11:30 A.M.

4          [RECESS TAKEN.]

11:37:34  5          VIDEOGRAPHER:  WE ARE BACK ON THE RECORD.

6    THE TIME IS 11:37 A.M.

7    BY MR. ZELLER:

8          Q.   WE'VE BEEN TALKING ABOUT WHEN YOU WERE THE

9    MARKETING COORDINATOR IN THE 2000 TIME PERIOD THERE

11:37:47  10   AT MGA.  AT THAT POINT WAS IT THE PRACTICE TO GET

11   THE INFORMATION FOR THE NEW VENDOR I.D. FROM THE

12   VENDOR DIRECTLY, OR DID YOU GET THAT FROM THE

13   PRODUCT MANAGER?

14         A.   IF THE PRODUCT MANAGER DID NOT HAVE THE

11:38:05  15   INFORMATION, I WOULD GET IT FROM THE VENDOR EITHER

16   BY E-MAIL OR BY PHONE.

17         Q.   GENERALLY SPEAKING, DID THE PRODUCT

18   MANAGERS DURING THAT TIME PERIOD TYPICALLY HAVE THE

19   INFORMATION FOR THE VENDORS?

11:38:23  20        A.   IF THEY HAD THE INFORMATION, IT USUALLY

21   WAS THE NAME AND MAYBE THE ADDRESS.  I USUALLY HAD

22   TO GO TO THE VENDOR THEMSELVES FOR THEIR SOCIAL

23   SECURITY NUMBER.

24         Q.   SO MORE OFTEN THAN NOT YOU WERE HAVING

11:38:37  25   SOME AT LEAST DIRECT CONTACT TO GET INFORMATION FROM

52

| | |
|---|---|
| 11:38:39 | 1 |

THE VENDORS IN ORDER TO GET THE INFORMATION THAT MGA

NEEDED TO SET UP THE NEW VENDOR I.D.?

A.   CORRECT.

Q.   I'M GOING TO SHOW YOU WHAT WAS PREVIOUSLY

MARKED AS EXHIBIT 306.

HAVE YOU SEEN ANY PORTION OF WHAT'S BEEN

PREVIOUSLY MARKED AS EXHIBIT 306 BEFORE?

A.   I'VE SEEN THIS.

Q.   THIS IS AN E-MAIL THAT YOU SENT TO BARBARA

MALCOLM ON OR ABOUT SEPTEMBER 15, 2000?

A.   YES.

Q.   AND IT RELATES TO CARTER BRYANT; IS THAT

CORRECT?

A.   CORRECT.

Q.   IS ANY OF THIS HANDWRITING ON EXHIBIT 306

YOURS?

A.   NO.

Q.   DO YOU HAVE ANY KNOWLEDGE OR INFORMATION

AS TO WHAT'S REDACTED FROM THIS PAGE?

A.   I DON'T KNOW WHAT "REDACTED" MEANS.

SORRY.

Q.   IT'S FAIR TO SAY YOU CAN'T TELL ME WHETHER

OR NOT INFORMATION HAS BEEN OMITTED FROM THIS PAGE;

IS THAT TRUE?

A.   THERE IS INFORMATION THAT HAS BEEN

53

EXHIBIT ___26___

461

| | | |
|---|---|---|
| 11:40:30 | 1 | OMITTED. |
| | 2 | Q. YOU DON'T KNOW WHAT THAT INFORMATION IS, |
| | 3 | THOUGH, RIGHT? |
| | 4 | A. IT WOULD BE AN ADDRESS AND A PHONE NUMBER. |
| 11:40:35 | 5 | Q. DO YOU KNOW FOR SURE? |
| | 6 | A. YES. |
| | 7 | Q. DO YOU KNOW WHAT ELSE -- WHAT OTHER KINDS |
| | 8 | OF INFORMATION, IF ANY, ARE OMITTED FROM THIS PAGE? |
| | 9 | A. NO. |
| 11:40:47 | 10 | Q. DO YOU KNOW WHAT THE CONTENT OF THE |
| | 11 | INFORMATION WAS THAT'S OMITTED HERE? |
| | 12 | A. THERE WOULD HAVE BEEN AN ADDRESS ON HERE |
| | 13 | AND THERE WOULD HAVE BEEN HIS PHONE NUMBER. |
| | 14 | Q. RIGHT. AND I'M ASKING YOU WHAT WAS THE |
| 11:40:57 | 15 | ADDRESS AND PHONE INFORMATION SPECIFICALLY THAT WAS |
| | 16 | OMITTED HERE. |
| | 17 | A. I DO NOT KNOW. IT WAS CARTER BRYANT'S |
| | 18 | PHONE NUMBER AND ADDRESS, BUT I DO NOT KNOW WHAT |
| | 19 | THAT PHONE NUMBER AND ADDRESS IS. |
| 11:41:08 | 20 | Q. YOU'D HAVE TO SEE THE DOCUMENT? |
| | 21 | A. I WOULD HAVE TO SEE IT. |
| | 22 | Q. JUST ONE OTHER THING ABOUT EXHIBIT 306. |
| | 23 | THAT WAS PART OF THE PROCESS OF SETTING UP VENDORS |
| | 24 | THAT WE TALKED ABOUT PREVIOUSLY, RIGHT? |
| 11:41:47 | 25 | A. CORRECT. |

54

EXHIBIT 26

PAGE 462

1           DEPOSITION OFFICER'S CERTIFICATE

2

3    STATE OF CALIFORNIA      )
                              )   SS.
4    COUNTY OF ORANGE         )

5

6        I, J'ANA SIEGERS, HEREBY CERTIFY:

7        I AM A DULY QUALIFIED CERTIFIED SHORTHAND

8    REPORTER IN THE STATE OF CALIFORNIA, HOLDER OF

9    CERTIFICATE NUMBER CSR 10845 ISSUED BY THE COURT

10   REPORTERS BOARD OF CALIFORNIA AND WHICH IS IN FULL

11   FORCE AND EFFECT.   [BUS. & PROF. §8016]

12       I AM NOT FINANCIALLY INTERESTED IN THIS ACTION

13   AND AM NOT A RELATIVE OR EMPLOYEE OF ANY ATTORNEY OF

14   THE PARTIES, OR OF ANY OF THE PARTIES.   [CIV. PROC.

15   §2025(K)(1)]

16       I AM AUTHORIZED TO ADMINISTER OATHS OR

17   AFFIRMATIONS PURSUANT TO CALIFORNIA CODE OF CIVIL

18   PROCEDURE, SECTION 2093(B), AND PRIOR TO BEING

19   EXAMINED, THE DEPONENT WAS FIRST DULY SWORN BY ME.

20   [CIV. PROC. §2025(R)(1)]

21       I AM THE DEPOSITION OFFICER THAT

22   STENOGRAPHICALLY RECORDED THE TESTIMONY IN THE

23   FOREGOING DEPOSITION AND THE FOREGOING TRANSCRIPT IS

24   A TRUE RECORD OF THE TESTIMONY GIVEN.   [CIV. PROC.

25   §2025(R)(1)]

EXHIBIT ___26___

PAGE ___463___

1    I HAVE NOT AND SHALL NOT OFFER OR PROVIDE ANY

2    SERVICES OR PRODUCTS TO ANY PARTY'S ATTORNEY OR

3    THIRD PARTY WHO IS FINANCING ALL OR PART OF THE

4    ACTION WITHOUT FIRST OFFERING SAME TO ALL PARTIES OR

5    THEIR ATTORNEYS ATTENDING THE DEPOSITION AND MAKING

6    SAME AVAILABLE AT THE SAME TIME TO ALL PARTIES OR

7    THEIR ATTORNEYS.  [CIV. PROC. §2025(K)(2)]

8    I SHALL NOT PROVIDE ANY SERVICE OR PRODUCT

9    CONSISTING OF THE DEPOSITION OFFICER'S NOTATIONS OR

10   COMMENTS REGARDING DEMEANOR OF ANY DEPONENT,

11   ATTORNEY, OR PARTY PRESENT AT THE DEPOSITION TO ANY

12   PARTY OR ANY PARTY'S ATTORNEY OR THIRD PARTY WHO IS

13   FINANCING ALL OR PART OF THE ACTION, NOR SHALL I

14   COLLECT ANY PERSONAL IDENTIFYING INFORMATION ABOUT

15   THE DEPONENT AS A SERVICE OR PRODUCT TO BE PROVIDED

16   TO ANY PARTY OR THIRD PARTY WHO IS FINANCING ALL OR

17   PART OF THE ACTION.  [CIV. PROC. §2025(K)(3)]

18

19   DATED:   _January 24, 2007_

20

21

22

23   _Jana Siefer_

24

25   EXHIBIT __26__

     PAGE __464__

# EXHIBIT 27

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 28

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 29

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 30

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 31

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**