QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>   vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MATTEL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:   April 23, 2008<br>Time:   10:00 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:       Jan. 28, 2008<br>Pre-Trial Conference:    May 5, 2008<br>Trial Date:              May 27, 2008 |

07209/2427535.1

REQUEST FOR JUDICIAL NOTICE

Mattel, Inc. hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following fact:

On February 24, 2006, the High Court Of The Hong Kong Special Administrative Region issued its Judgment in the matter <u>MGA Entertainment, Inc. v. Double Grand Corp., Ltd.</u>, HCA1883/2003, in favor of MGA Entertainment, Inc., and against Double Grand Corp., Ltd.  A true and correct copy of this ruling is attached as Exhibit A.  Mattel obtained a copy of that ruling from the online judgment repository maintained by the Judiciary of the Hong Kong Special Administrative Region of the People's Republic of China, which is located at <http://legalref.judiciary.gov.hk/lrs/common/ju/judgment.jsp>, and searching on the case number.  As the site explains, "Judgments which are of significance as legal precedents on points of law, practice and procedure of the courts and of public interests from the following courts delivered between 1946 and 1948, and from 1966 onwards are available on this web site :

- Court of Final Appeal (since its establishment in 1997)
- Court of Appeal of the High Court
- Court of First Instance of the High Court
- District Court
- Family Court
- Lands Tribunal.

<u>See</u>  <http://www.judiciary.gov.hk/en/legal_ref/judgments.htm>.   The judgment attached as Exhibit A is located at <http://legalref.judiciary.gov.hk/lrs/common/search/search_result_detail_frame.jsp?DIS=51665&QS=%28%7BHCA1883%2F2003%7D%7C%7BHCA001883%2F2003%7D+%25caseno%29&TP=JU>.

The Court may take judicial notice of any document "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  <u>Fed. R. Evid</u>. 201(b).  When supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory.  <u>Fed. R. Evid.</u> 201(d).   The

07209/2427535.1

- 1 -

REQUEST FOR JUDICIAL NOTICE

1  attached Exhibit can readily be verified at the official website of the Hong Kong
2  Judiciary. It has been held reversible error to refuse judicial notice of information
3  obtained from an official government website. Denius v. Dunlap, 330 F.3d 919, 926-27
4  (7th Cir. 2003).
5        Moreover, courts have consistently held that foreign court proceedings are
6  the proper subjects of judicial notice. San Luis v. Badgley, 136 F. Supp. 2d 1136, 1146
7  (E.D. Cal. 2000) (federal courts may "take notice of proceedings in other courts, both
8  within and without the federal judicial system, if those proceedings have a direct
9  relation to the matters at issue."); U.S. v. Garland, 991 F.2d 328, 332 (6th Cir. 1993)
10 ("The Ghanian judgment is admissible in evidence to prove that it was rendered and as
11 prima facie evidence of the facts adjudicated."); A. I. Trade Fin., Inc. v. Centro
12 Internationale Handelsbank AG, 926 F. Supp. 378, 388 (S.D.N.Y. 1996) ("[T]he Court
13 takes judicial notice of the Vienna Judgment for the purpose of recognizing its
14 existence as an official statement, usable as evidence of the facts and opinions stated
15 therein.").
16       Statements by MGA contained within those proceedings are admissible for
17 their truth as admissions. County of Stanislaus v. Pac. Gas & Elec. Co., 1995 WL
18 819150, at *8 (E.D. Cal. 1995) ("The Court takes judicial notice . . . but not for the truth
19 of the matters stated therein, except to *the extent that the fourth document collaterally*
20 *estops PG & E as a judicial admission*.") (emphasis added). See A.I. Trade Finance,
21 Inc. v. Centro Internationale Handelsbank AG, 926 F. Supp. 378, 387 (S.D.N.Y. 1996)
22 (Federal Rule of Evidence 201 permits a court to take judicial notice of a foreign / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

/ / /

ruling); see also Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.").

DATED: March 7, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.

07209/2427535.1

- 3 -
REQUEST FOR JUDICIAL NOTICE