# EXHIBIT 1

## Alex Stolyar

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Tuesday, September 18, 2007 12:34 PM |
| **To:** | Scott Gizer; Torres, Diana; Cendali, Dale; Patricia Glaser; Amman Khan; Joel Klevens |
| **Cc:** | John Quinn; Jon Corey; Timothy Alger; Dylan Proctor; MPage@KVN.com |
| **Subject:** | RE: Subpoenas to Current Mattel Board Members |

Your email is factually wrong and most importantly ignores my unambiguous letter of Friday. It stated: "It has come to my attention that a process server is harassing the family of Bob Eckert, who is Mattel's chairman and CEO, as you know. If these actions are on MGA's behest, please be advised that *we will be happy to accept service on Mr. Eckert's behalf. The same is true for any other Mattel executive or director.*" (Emphasis added.)

In the face of that clear language, MGA proceeded to attempt to serve a current board member just this morning as well as another one Sunday afternoon at his home. Indeed, some of those actions were after my letter but before Jon Corey's email that you claim somehow justified your conduct, so that email could have had nothing to do with your harassment of board members over the weekend. That is particularly so with respect to a supposed "lack of confirmation" from Friday. We accepted service per my letter, as your own email acknowledged. Your email said nothing about needing further confirmation. In short, your attempt to justify continued harassment of current board members by claiming that unequivocal language was unclear to you simply serves to underscore the improper purpose here.

To repeat yet again: Quinn Emanuel will accept service of subpoenas on any and all *current* Mattel executive or director. If you wish to serve a subpoena on any *former* executive or director, please let us know and we will attempt to locate them and get authority to accept service.

The only ambiguity is in your email here. Is MGA stating that it will cease? The only relevant sentence is unclear as to whether it is talking about only subpoenas already allegedly served. If MGA wishes to avoid an ex parte, please state whether MGA is ceasing attempts of service through process servers on current Mattel board members and executives. Again, if I do not receive a response clearly so stating by 2 pm, we will file.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

3/6/2008



EXHIBIT 1 PAGE 3

**From:** Scott Gizer [mailto:sgizer@chrisglase.com]
**Sent:** Tuesday, September 18, 2007 11:52 AM
**To:** Michael T Zeller; Torres, Diana; Cendali, Dale; Patricia Glaser; Amman Khan; Joel Klevens
**Cc:** John Quinn; Jon Corey; Timothy Alger; Dylan Proctor; MPage@KVN.com
**Subject:** RE: Subpoenas to Current Mattel Board Members

Michael,

We are not trying to harass Mattel's board members, but have been trying to serve them by lawful process the last few days. We are not currently trying to serve Mattel's current board members based on our receipt of Mr. Corey's last night.

Your information is old and stale. We sought clarification from your colleague Jon Corey regarding his letter of September 17, which states "if MGA wishes to serve a former <u>or current</u> member of the board of directors with a subpoena, please let me or Mr. Zeller know and <u>we can find out whether we can accept service</u> of a subpoena on his or her behalf." Thus, your position on accepting service was vague, and we already indicated our concern with providing names absent an agreement to accept service. For this reason, I then sent an e-mail to Mr. Corey yesterday seeking confirmation that your office would accept service for all current board members. I did not receive confirmation that your office would accept service until last night. We also previously sent you a copy of Mr. Eckert's subpoena and you did not confirm your acceptance of service causing us concern. I will be forwarding copies of these subpoenas to you shortly on the understanding that your office is accepting service on their behalf, effective today.

As far as providing your office copies or notice of the subpoenas, we have instituted your practice of not providing notice until the subpoena is actually served. I also remind you personal service of a subpoena is required by the FRCP, and is not harassment.

Scott E. Gizer
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
T: (310) 556-7852
F: (310) 556-2920
This message and any attached documents may contain information from the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, September 18, 2007 10:55 AM
**To:** Torres, Diana; Cendali, Dale; Patricia Glaser; Scott Gizer; Amman Khan
**Cc:** John Quinn; Jon Corey; Timothy Alger; Dylan Proctor; MPage@KVN.com
**Subject:** MGA Harassment of Board Members

Counsel, as I made clear in my letter of last week and in my call with Diana Torres, Quinn Emanuel will accept service of subpoenas for any and all current Mattel executives and board members. Nevertheless, MGA persists in harassing them through process servers, including an attempt made Sunday afternoon at the home of a board member. In addition, MGA failed to provide us with copies or notice of the subpoena it served on board members.

Please confirm in writing by 2 pm today that MGA's improper practice of continuing to harass Mattel's executives and board members who we have agreed to accept service for has ceased or else we will file an ex parte with the Court.

**EXHIBIT 1 PAGE 4**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

**EXHIBIT |  PAGE 5**

# EXHIBIT 2

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4                   - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                   - - -

7   CARTER BRYANT, ET. AL.,            )
                                       )
8               PLAINTIFFS,            )
                                       )
9          VS.                         )   NO. ED CV 04-09049
                                       )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,             )
                                       )
11              DEFENDANTS.            )   EX-PARTE APPLICATIONS
    _____   )   RE:  DISCOVERY
12  AND CONSOLIDATED ACTIONS,          )
                                       )

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            MONDAY, FEBRUARY 4, 2008

18                 10:15 A.M.

19

20

21

22

23        THERESA A. LANZA, RPR, CSR
      FEDERAL OFFICIAL COURT REPORTER
24       3470 12TH STREET, RM. 134
      RIVERSIDE, CALIFORNIA  92501
25          951-274-0844
        CSR11457@SBCGLOBAL.NET

Hearing: Ex Parte Discovery Applications [Larson]

```
 1    APPEARANCES:
 2    ON BEHALF OF CARTER BRYANT:
 3                         KEKER & VAN NEST
                          BY:  MICHAEL PAGE
 4                         710 SANSOME STREET
                          SAN FRANCISCO, CALIFORNIA  94111-1704
 5                         415-391-5400
 6
      ON BEHALF OF MATTEL:
 7
                          QUINN EMANUEL
 8                         BY:  JOHN QUINN
                          BY:  JON COREY
 9                         865 S. FIGUEROA STREET,
                          10TH FLOOR
10                         LOS ANGELES, CALIFORNIA  90017
                          213-624-7707
11
12    ON BEHALF OF MGA ENTERTAINMENT:
13                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
14                         BY:  CARL ALAN ROTH
                          BY:  ROBERT JAMES HERRINGTON
15                         300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
16                         213-687-5000
17
      ON BEHALF OF GUSTAVO MACHADO:
18
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                         BY:  ALEXANDER H. COTE
                          300 SOUTH GRAND AVENUE
20                         SUITE 2750
                          LOS ANGELES, CALIFORNIA  90071
21                         213-613-4660
22
      ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                          KEATS MCFARLAND & WILSON LLP
24                         BY:  LARRY W. MCFARLAND
                          9720 WILSHIRE BOULEVARD
25                         BEVERLY HILLS, CA  90212
                          310-777-3750
```

```
 1   APPEARANCES CONTINUED:
 2
     ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
                         CHRISTENSEN, GLASER, FINK, JACOBS,
 4                        WEIL & SHAPIRO, LLP
                         BY:  SCOTT E. GIZER
 5                       10250 CONSTELLATION BOULEVARD
                         LOS ANGELES, CA  90067
 6                       310-553-3000
 7
     ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
                         ALLRED, MAROKO & GOLDBERG
 9                       BY:  RAMIT MIZRAHI
                         6300 WILSHIRE BOULEVARD,
10                       SUITE 1500
                         LOS ANGELES, CA  90048
11                       323-653-6530
12
     ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
                         BAUTE & TIDUS LLP
14                       BY:  HENRY H. GONZALEZ
                         777 S. FIGUEROA STREET,
15                       SUITE 4900
                         LOS ANGELES, CA  90017
16                       213-630-5000
17
     ON BEHALF OF WACHOVIA:
18
                         DAVIS POLK & WARDWELL
19                       BY:  NEAL A. POTISCHMAN
                         1600 EL CAMINO REAL
20                       MENLO PARK, CA  94025
                         650-752-2000
21
22   ON BEHALF OF KAMI GILMOR:
23                       BUCHALTER NEMER
                         BY:  JOHN PATRICK PETRULLO
24                       1000 WILSHIRE BOULEVARD,
                         SUITE 1500
25                       LOS ANGELES, CA  90017-2457
                         213-891-0700
```

Mattel v. MGA II                    EXHIBIT 2  PAGE 8                    Page 3

1                          I N D E X

2                                                          PAGE

3    HEARING........................................    5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    DISPOSITIVE MOTION HEARING CUTOFF DATE; AND THAT'S MY CONCERN

2    THERE.

3              TRY TO WORK THIS OUT WITH COUNSEL, DEPENDING ON HOW

4    JUDGE INFANTE RULES.  WHAT I WILL SIMPLY DO IS MAKE MYSELF

5    AVAILABLE ON THE 11TH AND THE 25TH.  WE DON'T HAVE A HEARING

6    DATE ON THE 18TH BECAUSE OF THE PRESIDENT'S HOLIDAY.  AND THEN,

7    I SUPPOSE, AT THE VERY LATEST, MARCH 3RD, TO TAKE UP ANY

8    MOTIONS THAT STEM FROM RULINGS BY JUDGE INFANTE.  I'M GOING TO

9    GIVE HIM A CALL THIS AFTERNOON AND EXPLAIN TO HIM WHAT, IN MY

10   VIEW, HE NEEDS TO BE FOCUSING ON AND HOW TIME IS OF THE

11   ESSENCE.  I THINK WE CAN WORK THIS OUT, COUNSEL.

12             MR. POTISCHMAN:  VERY WELL, YOUR HONOR.

13             ONE POINT I SHOULD CLARIFY:  IT'S POSSIBLE, IF THERE

14   IS MOTION PRACTICE WITH RESPECT TO THE SUBPOENA, IT WOULDN'T BE

15   IN THIS COURT.  IT WOULD BE IN THE COURT FROM WHICH THE

16   SUBPOENA IS ISSUED, WHICH WOULD BE THE EASTERN DISTRICT OF

17   PENNSYLVANIA OR THE NORTHERN DISTRICT OF CALIFORNIA.  THAT'S

18   ONE REASON WHY IT MAY BE OUTSIDE OF OUR CONTROL.

19             THE COURT:  OF COURSE.

20             MR. POTISCHMAN:  THANK YOU, YOUR HONOR.

21             THE COURT:  VERY GOOD.

22   THANK YOU, COUNSEL.

23             MR. GIZER:  GOOD MORNING AGAIN, YOUR HONOR.

24             SCOTT GIZER FROM CHRISTENSEN & GLASER.

25             THE COURT:  GOOD MORNING, COUNSEL.

Mattel v. MGA II


EXHIBIT 2 PAGE 10

Hearing: Ex Parte Discovery Applications [Larson]

1    AND MR. QUINN WERE ASKED TO FILE A RESPONSE OR A REPLY TO THE

2    COURT WITH RESPECT TO THE CIRCUMSTANCES.

3              THE COURT:  I THINK THEY INDICATED THAT THEY ALREADY

4    HAVE FILED A REPLY AND THAT THERE'S INFORMATION CONCERNING THAT

5    ON THIS.

6              MR. NOLAN:  I APOLOGIZE FOR NOT UNDERSTANDING.

7              THE COURT:  AM I RIGHT, MR. QUINN?

8              MR. QUINN:  THAT WAS MY UNDERSTANDING.

9              THE COURT:  THEY JUST DIDN'T KNOW ANYTHING ABOUT THE

10   REPLY; THAT WAS SOMEBODY ELSE WHO WROTE THAT; SO THEY DON'T

11   WANT TO TALK TO ME ABOUT IT RIGHT NOW.

12             THANK YOU.  GOOD AFTERNOON.

13

14

15

16

17

18                            CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

     THE UNITED STATES.

23

24   _____          _____

     THERESA A. LANZA, CSR, RPR                    DATE

25   FEDERAL OFFICIAL COURT REPORTER

EXHIBIT 2 PAGE 11

# EXHIBIT 3

CALENDARED

RECEIVED

FEB 2 3 2007

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., | Case No. CV 04-09059 SGL(RNBx) |
| Plaintiff, | SCHEDULING ORDER [FRCP 16(b)] |
| v. | 1.   Establishing a Discovery Cut-off Date of October 22, 2007 |
| CARTER BRYANT, DOES 1-10, INCLUSIVE, | 2.   Non-Discovery Motion Hearing Cutoff date of November 19, 2007, at 10:00 a.m. |
| Defendants. | 3.   Setting Final Pretrial Conference for January 14, 2008, at 11:00 a.m. |
| | 4.   Setting Jury Trial Date of February 12, 2008, at 9:30 a.m. |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside, California.

DOCKETED ON CM

FEB 2 2 2007

BY

1.    **Discovery Cut-Off:** This is the last date to complete discovery, including expert discovery, and the resolution of any discovery motions before this court.  If

EXHIBIT 3 PAGE 12



1   expert witnesses are to be called at trial, the parties shall designate experts to be called
2   at trial and provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight
3   weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be designated
4   and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks
5   prior to the discovery cutoff date.  Failure to timely comply with this deadline may result
6   in the expert being excluded at trial as a witness.  The Court requires compliance with
7   Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions.  Discovery
8   motions may not be heard on an <u>ex</u> <u>parte</u> basis.

9       2.      <u>Joinder of Parties and Amendment of Pleadings:</u>   This deadline does
10  not apply if the deadline for joining parties or amending pleadings has already been
11  calendared or occurred by virtue of an order issued by another Judge.

12      In addition to the requirements of Local Rule 15-1, all motions to amend the
13  pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
14  differentiate the amendment from previous amendments and (c) state the page, line
15  number(s), and wording of any proposed change or addition of material.

16      3.      <u>Motion Filing Cut-Off:</u>  The Court hears motions on Mondays at 10:00
17  a.m.  The motion filing cut-off date is the last day motions may be heard (not filed).  The
18  Court will not decide late motions.  Issues left undetermined by the passage of the
19  motion cut-off date should be listed as issues for trial in the Final Pretrial Conference
20  Order.  As an exception to the above, motions in limine dealing with evidentiary matters
21  may be heard at or before trial; however, summary judgment motions disguised as
22  motions in limine will not be heard.  Parties need not wait until the discovery cut-off to
23  bring motions for summary judgment or partial summary judgment.  However, in the
24  usual case, the court expects that more than the minimum notice will be provided to
25  counsel opposing motions for summary judgment.  In the usual case, the parties should
26  confer and agree on the date for setting such motions.

27

28

EXHIBIT 3 PAGE 13

1    Ex parte applications are entertained solely for extraordinary relief.  See Mission

2   Power Eng. Co. v. Continential Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict

3   adherence to proper ex parte procedures is required for any ex parte application filed

4   with the Court.

5        4.   **Stipulations to Extend Time:**  Stipulations to extend the time to file any

6   required document or to continue any pretrial or trial date must set forth (a) the existing

7   due date or hearing date; (b) the current pretrial conference date and trial date; (c) the

8   specific reasons supporting good cause for granting the extension or continuance; and

9   (d) whether there have been any prior requests for extensions or continuances, and

10   whether these were granted or denied by the Court.

11        5.   **Summary Judgment Motions:**  The Separate Statement of Undisputed Facts

12   is to be prepared in a two-column format.  The left-hand column should set forth the

13   allegedly undisputed fact.  The right-hand column should set forth the evidence that

14   supports the factual statement. The fact statements should be set forth in sequentially

15   numbered paragraphs.  Each paragraph should contain a narrowly focused statement

16   of fact.  Each numbered paragraph should address a single subject in as concise a

17   manner as possible.

18        The opposing party's statement of genuine issues must be in two columns and

19   track the movant's separate statement exactly as prepared.  The document must be in

20   two columns; the left-hand column must restate the allegedly undisputed fact, and the

21   right-hand column must indicate either undisputed, or disputed.  The opposing party

22   may dispute all or only a portion of the statement, but if disputing only a portion, must

23   clearly indicate what part is being disputed.  Where the opposing party is disputing the

24   fact in whole or part, the opposing party must, in the right-hand column, label and

25   restate the moving party's evidence in support of the fact, followed by the opposing

26   party's evidence controverting the fact.  Where the opposing party is disputing the fact

27   on the basis of an evidentiary objection, the party must cite to the evidence alleged to

28

3

EXHIBIT 3 PAGE 14

1  be objectionable and state the ground of the objection and nothing more. **No**

2  **argument should be set forth in this document.**

3      The opposing party may submit additional material facts that bear on or relate to

4  the issues raised by the movant, which shall follow the format described above for the

5  moving party's separate statement. These additional facts shall follow the movant's

6  facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last

7  statement of fact was set forth in paragraph 30, then the first new fact will be set forth in

8  paragraph 31), and shall set forth in the right hand column the evidence that supports

9  that statement.

10      The moving party, in its reply, shall respond to the additional facts in the same

11  manner and format that the opposition party is required to adhere to in responding to

12  the

13  statement of undisputed facts, as described above.

14      (a) <u>Supporting Evidence:</u> No party should submit any evidence other than

15  the specific items of evidence or testimony necessary to support or controvert a

16  proposed statement of undisputed fact. Thus, for example, the entire transcript of a

17  deposition, entire sets of interrogatory responses, and documents that do not

18  specifically support or controvert material in the separate statements, should not be

19  submitted in support or opposition to a motion for summary judgment. Any such

20  material will not be considered.

21      Evidence submitted in support of or in opposition to a motion should be

22  submitted either by way of stipulation or as exhibits to declarations sufficient to

23  authenticate the proffered evidence, and should not be attached to the Memorandum of

24  Points and Authorities. The Court will accept counsel's authentication of deposition

25  transcript, of written discovery responses, and of the <u>receipt</u> of documents in discovery

26  <u>if the fact that the document was in the opponent's possession is of independent</u>

27  <u>significance.</u> Documentary evidence as to which there is no stipulation regarding

28

4

EXHIBIT 3 PAGE 15

1  foundation must be accompanied by the testimony, either by declaration or properly

2  authenticated deposition transcript, of a witness who can establish its authenticity.

3      If evidence in support of or in opposition to a motion exceeds twenty pages, the

4  evidence must be in a separate bound volume and include a Table of Contents.

5      **(b) Objections to Evidence:**  If a party disputes a fact based in whole or in

6  part  on an evidentiary objection, the ground of the objection, as indicated above,

7  should be  stated in the separate statement but not argued in that document.

8  Evidentiary objections  are to be addressed in a separate memorandum to be filed with

9  the opposition or reply brief of the party.  This memorandum should be organized **to**

10  **track the paragraph numbers of the separate statement in sequence**.  It should

11  identify the specific item of evidence to which objection is made, the ground of the

12  objection, and a very brief argument with citation to authority as to why the objection is

13  well taken.  The following is an example of the format contemplated by the Court:

14          Separate Statement Paragraph 1:  Objection to the supporting deposition

15          transcript of Jane Smith at 60:1-10 on the grounds that the statement

16          constitutes inadmissible hearsay and no exception is applicable.  To the

17          extent it is offered to prove her state of mind, it is irrelevant since her state of

18          mind is not in issue.

19          Fed. R. Evid. 801, 802.

20      Do not submit blanket or boilerplate objections to the opponent's statements of

21  undisputed fact: these will be disregarded and overruled.

22      **(c) The Memorandum of Points and Authorities:**  The movant's

23  memorandum of points and authorities should be in the usual form required under

24  Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of

25  the case that are before the Court. All facts should be supported with citations to the

26  paragraph number in the  Separate Statement that supports the factual assertion and

27  not to the underlying evidence.

28

EXHIBIT 3  PAGE 16

1   Unless the case involves some unusual twist on Rule 56, the motion need
2   only
3   contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule
4   and
5   with its interpretation under <u>Celotex</u> and its progeny.  If at all possible, the argument
6   should be organized to focus on the pertinent elements of the cause(s) of action or
7   defense(s) in issue, with the purpose of showing the existence or non-existence of a
8   genuine issue of material fact for trial on that element of the claim or defense.
9   Likewise, the opposition memorandum of points and authorities should be in
10  the
11  usual form required by Local Rule 7-5, and where the opposition memorandum sets
12  forth facts, the memorandum should cite to paragraphs in the separate statement if
13  they are not in dispute, to the evidence that contravenes the fact where the fact is in
14  dispute or, if the fact is contravened by an additional fact in the statement of genuine
15  issues, the citation should be to such fact by paragraph number.
16      (d)  <u>Timing:</u>  In virtually every case, the Court expects that the moving party
17  will provide more than the minimum twenty-one (21) day notice for such motions.  The
18  moving party should deliver to chambers a copy of a diskette, in WordPerfect format
19  (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and
20  Conclusions of Law.
21      6.   <u>Motions in Limine:</u>  The parties must file motions in limine addressing the
22  admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their
23  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.
24      7.   <u>Pretrial Conference and Trial Setting:</u>  Compliance with the requirements of
25  Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of
26  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed
27  Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules
28  16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the

EXHIBIT 3 PAGE 17

1  example set forth in Appendix A to the Local Rules, modified as necessary to comply
2  with this order.            The Memoranda of Contentions of Fact and Law, Exhibit
3  Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar
4  days before the Pre-Trial Conference.  The Proposed Pre-Trial Conference Order shall
5  be lodged fourteen (14) calendar days before the Pre-Trial Conference.

6           The Proposed Pre-Trial Conference Order must contain a Table of Contents.
7  Place in all capital letters and in bold the separately numbered headings for each
8  category in the PTCO.  Under paragraph 1, list each claim, counterclaim, or defense
9  that has been dismissed or abandoned.  In multiple-party cases where not all claims or
10 counterclaims will be prosecuted against all remaining parties on the other side, please
11 specify to which party each claim or counterclaim is directed.  The factual issues in
12 dispute should track the elements of a claim or defense upon which the jury would be
13 required to make findings.  Counsel should state issues in ultimate fact form, not as
14 evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence
15 the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of
16 12th Street and Lemon Avenue at 10:00 a.m. on March 1").  Issues of law should state
17 legal issues upon which the Court will be required to rule after the Pre-Trial Conference,
18 including during the trial, and should not list ultimate fact issues to be submitted to the
19 trier of fact.

20           In drafting the PTCO, the court expects that counsel will attempt to agree on
21 and set forth as many non-contested facts as possible.  The court will normally read the
22 uncontested facts to the jury at the start of the trial.  Carefully drafted and
23 comprehensively stated stipulation of facts will reduce the length of trial and increase
24 jury understanding of the case.

25           If expert witnesses are to be called at trial, each party must list and identify its
26 respective expert witnesses, both retained and non-retained.  Failure of a party to list
27 and identify an expert witness in the  Proposed Pre-Trial Conference Order shall
28 preclude a party from calling that expert witness at trial.

7

EXHIBIT 3  PAGE 18

1   This case has been placed on calendar for a Final Pretrial Conference ("PTC")
2   pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly
3   waived at the Scheduling Conference by the court. Unless excused for good cause,
4   each party appearing in this action shall be represented at the PTC and all pretrial
5   meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit
6   the required pretrial documents may result in the dismissal of the action, striking the
7   answer and entering a default, and/or the imposition of sanctions.

8   A continuance of the Final Pretrial Conference at counsel's request or
9   stipulation will only be approved upon a showing of good cause. Counsel should plan
10  to do the necessary pretrial work on a schedule which will insure its completion with
11  time to spare before the Final Pretrial Conference. Specifically, failure to complete
12  discovery work, including expert discovery, is not a ground for a continuance.

13  Compliance with the requirements of Local Rules 16-1 to 16-13 is required by
14  the court. Carefully prepared Memoranda of Contentions of Fact (which may also serve
15  as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in
16  accordance with the provisions of Local Rule 16-6 and the form of the proposed Final
17  Pretrial Conference Order shall be in conformity with the format set forth in Appendix A
18  to the Local Rules.

19  At the PTC, counsel should be prepared to discuss means of streamlining the
20  trial, including, but not limited to: bifurcation, presentation of non-critical testimony by
21  deposition excerpts, stipulations as to the content of testimony, presentation of
22  testimony on direct examination by declaration subject to cross-examination, and
23  qualification of experts by admitted resumes. In certain cases where the PTC is waived
24  by the court, counsel must follow Local Rule 16-10.

25  **8.   Witness List and Times Estimates:** Counsel shall prepare a list of their
26  witnesses, an estimate of the length of time needed for direct examination for each
27  witness, and whether the witness will testify by deposition or in person. Counsel shall
28

8

EXHIBIT 3 PAGE 19

1  exchange these lists with opposing counsel.[1]  **Counsel shall jointly file a single**

2  **witness list, including estimates for direct examination of their own witnesses**

3  **and estimates for cross-examination of opposing witnesses.**  This list shall be filed

4  at the time counsel lodge the Proposed Pre-Trial Conference Order, i.e., fourteen (14)

5  days before the Pre-Trial Conference.

6       9.   <u>Jury Instructions and Verdict Forms:</u>  Fourteen (14) calendar days prior to

7  counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

8  (general and special) and special verdict forms (if applicable).  Seven (7) calendar days

9  prior to the Rule 16-2 meeting, counsel shall exchange any objections to the

10  instructions and special verdict forms.  Prior to, or at the time of the Rule 16 meeting,

11  counsel shall meet and confer with the goal of reaching agreement on one set of joint

12  jury instructions and one special verdict form.

13        The parties should make every attempt to agree upon the jury instructions

14  before submitting them to the Court.  The Court expects counsel to agree on the

15  substantial majority of jury instructions, particularly when pattern instructions provide a

16  statement of applicable law.  When the Manual of Model Civil Jury Instructions for the

17  Ninth Circuit provides a version of an applicable requested instruction, the parties

18  should submit the most recent version of the Model instruction.  Where language

19  appears in brackets in the model instruction, counsel shall select the appropriate text

20  and eliminate the inapplicable bracketed text.  Where California law applies, counsel

21  should use <u>California Jury Instructions -- Civil</u> (8th ed.) ("BAJI").  If neither of the above

22  sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig

23  & Lee (formerly Devitt, <u>et al.</u>), <u>Federal Jury Practice and Instructions</u> (latest edition).

24  Each requested jury instruction shall cover only one subject or principle of law and shall

25  be numbered and set forth in full on a separate page, citing the authority or source of

26  the requested instruction (except for the "clean" jury copy discussed below).

27

28     [1] <u>See</u> "Joint Trial Witness Estimate Form" appended to this order.

EXHIBIT 3 PAGE 20

1    When the parties disagree on an instruction, the party opposing the instruction

2  must attach a short statement (one to two paragraphs) supporting the objection, and

3  the party  submitting the instruction must attach a short statement supporting the

4  instruction.  Each statement should be on a separate page and should follow directly

5  after the disputed  instruction.

6    The parties ultimately must submit one document or, if the parties disagree

7  over any proposed jury instructions, two documents.  If the parties submit two

8  documents, those documents shall consist of: (a) a set of Joint Proposed Jury

9  Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting

10  and opposing each disputed instruction in the format set forth in the previous

11  paragraph.

12    The parties must file proposed jury instructions fourteen (14) calendar days

13  before the Pre-Trial Conference.  If the court is closed that day, counsel shall file the

14  proposed instructions the preceding Friday.  No later than 4:00 p.m. on the date such

15  instructions are due, the parties must submit conformed courtesy copies to the Court's

16  courtesy box located outside the entrance to Courtroom 1, United States District Court,

17  3470 Twelfth Street, 2nd Floor, Riverside, California.  Counsel shall also provide the

18  Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower

19  containing the proposed jury instructions, in accordance with this paragraph and the

20  previous paragraph.

21    The Court will send a copy of the instructions into the jury room for the jury's

22  use during deliberations.  Accordingly, in addition to the file copies described above, the

23  diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed

24  and/or Disputed Jury Instructions, containing only the text of each instruction set forth in

25  full on each page, with the caption "Court's Instruction No. __" (eliminating titles,

26  supporting authority, indication of party proposing, etc.).

27    An index page shall accompany all jury instructions submitted to the Court.

28  The index page shall indicate the following:

EXHIBIT 3 PAGE 21

(a) The number of the instruction;

(b) A brief title of the instruction;

(c) The source of the instruction and any relevant case citations; and

(d) The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder

EXHIBIT 3 PAGE 22

1  shall contain a Table of Contents.  Counsel must comply with Local Rule 26-4 when

2  numbering the exhibits.  The Clerk's Office, located at the United States District Court,

3  3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit

4  tags.

5       The Court requires the following to be submitted to the courtroom deputy clerk

6  on the first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one

7  bench book with a copy of each exhibit for the Court's use, tabbed as described above;

8  (c) three (3) copies of exhibit lists and a floppy disk containing the exhibit list; (d) three

9  (3) copies of witness lists in the order in which the witnesses will be called to testify; and

10  (e) file a Notice of Lodging of Deposition Transcripts  (original and 2 copies) and Lodge

11  all anticipated trial deposition transcripts directly with the deputy clerk in the courtroom.

12       All counsel are to meet no later than ten (10) calendar days before trial to

13  discuss  and agree to the extent possible on issues including foundation and

14  admissibility.

15    **13.  Pre-Trial Exhibit Stipulation:**  The parties shall prepare a Pre-Trial Exhibit

16  Stipulation which shall contain each party's numbered list of trial exhibits, with

17  objections, if any, to each exhibit including the basis of the objection and the offering

18  party's response.  All exhibits to which there is no objection shall be deemed admitted.

19  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-

20  Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been

21  stipulated to and the specific reasons for the party's failure to stipulate.

22       The Stipulation shall be substantially in the following form:

23                    Pre-Trial Exhibit Stipulation

24  Plaintiff's Exhibits

25  Number      Description      Objection      Response to Question

26

27  Defendant's Exhibits

28  Number      Description      Objection      Response to Question

1
2    The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges
3    the Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph may
4    constitute a waiver of all objections.

5    **14.  Findings of Fact and Conclusions of Law:**  For a non-jury trial, counsel for
6    each party shall lodge proposed findings of fact and conclusions of law fourteen (14)
7    days before trial.  The parties should deliver to chambers a copy of these findings and
8    conclusions of law on disk in WordPerfect format.

9          (a)      Underline in red the portions which it disputes;
10         (b)      Underline in blue the portions which it admits;  and
11         (c)      Underline in black the portions which it deems not disputed, but
12                  deems irrelevant.

13    Counsel may agree with a part of a finding or conclusion, disagree with a part
14    of it and/or consider a part of irrelevant.

15    Two marked copies of opposing counsel's proposed findings of fact and
16    conclusions of law shall be lodged with the court seven (7) days before trial and one
17    marked copy shall be served on opposing counsel.  Courtesy copies of the marked
18    copies shall be deposited in the drop box located outside the entrance of Courtroom 1
19    of the above-entitled court on the date due.

20    **15. Settlement:**  Local Rule 16-14.2 provides that the Settlement Conference
21    shall be conducted not later than 45 days before the Pretrial Conference.  The Court
22    believes that in most cases completion of all discovery and dispositive motions will help
23    the parties assess their positions before they embark on the costly pre-trial process.
24    However, in many cases, the parties find it more difficult to settle after they have
25    incurred the cost of all discovery and motion practice.  Accordingly, the Court strongly
26    encourages counsel and the parties to pursue settlement earlier.

27    The Court has a keen interest in helping the parties achieve settlement.  If the
28    parties believe that it would be more likely that a settlement would be reached if they

13

1   conduct settlement conference at an earlier time than that specified by the Court, they

2   should conduct it at that time. In any event, the parties must file a Status Report re

3   Settlement at the time they lodge the Proposed Pretrial Order.

4       The Court will not conduct settlement conferences in non-jury cases which the

5   Court will try. In jury cases, the Court will conduct a settlement conference at the

6   parties' request if three conditions exist: (a) The parties are satisfied that the fact issues

7   in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must

8   make have been made; and (c) the parties desire the Court to conduct the conference,

9   understanding that if settlement fails, the Court will preside over the trial of the case.

10      **If a settlement is reached, it shall be reported immediately to this Court as**

11  **required by Local Rule 16-14.7.**

12      16. The failure to attend the pretrial conference or to submit timely in conformity

13  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation,

14  joint statement of the case, voir dire questions, summary of witness testimony and

15  times estimates, proposed Pretrial Conference Order or the memorandum of

16  contentions of fact and law may result in the dismissal of the action, striking the answer

17  and entering default and/or the imposition of sanctions.

18      17. **Telephonic Status Conference:**

19      Telephonic status conferences are sometimes set by the court to discuss

20  settlement status and other pending issues. If a telephonic status conference has been

21  set, all counsel are ordered to discuss the matter with their clients and opposing

22  counsel before the telephonic status conference. Plaintiff's counsel must make the

23  arrangements and place the conference call. Plaintiff's counsel shall include all counsel

24  of record and the Court on the date and time scheduled. The conference operator is to

25  place the final call to the Court at (951) 328-4410. To assist the Court and staff,

26  participants shall identify themselves each time they speak. No cellular telephones or

27  speaker telephones will be allowed.

28

1

**Internet Site**

2    Counsel are encouraged to review the Central District's website for additional

3  information.  The address is "http: //www.cacd.uscourts.gov"

4

5    The courtroom deputy clerk is ordered to serve a copy of this Order by mail,

6  facsimile or e-mail on counsel for all parties to this action.

7

8       IT IS SO ORDERED.

9  Dated:    FEB 2 1 2008

10

11

12

13  STEPHEN G. LARSON
    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

Case: _____

## Joint Trial Witness Estimate Form

Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X- EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

**Instructions:**
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care."(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. e.g. If you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75. (4) Note special factors in "Comments" column. e.g., "Needs Interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

Righ/AX          2/22/2007 3:18           002/017   Fax Server

SEND

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

MGA ENTERTAINMENT, INC.,                 )   Case No. CV 05-02727 SGL(RNBx)

　　　　　　Plaintiff,                      )   SCHEDULING ORDER [FRCP 16(b)]

　　v.                                     )   1.   Establishing a Discovery Cut-off Date of
                                          )        March 3, 2008
MATTEL, INC.,                             )
                                          )   2.   Non-Discovery Motion Hearing Cutoff
　　　　　　Defendants.                     )        date of April 7, 2008, at 10:00 a.m.
                                          )
                                          )   3.   Setting Final Pretrial Conference for
                                          )        June 2, 2008, at 11:00 a.m.

                                              4.   Setting Jury Trial Date of July 1, 2008, at
                                                   9:30 a.m.

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United
States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd
Floor, Riverside, California.

1.　　**Discovery Cut-Off:** This is the last date to complete discovery, including

1  expert discovery, and the resolution of any discovery motions before this court. If expert

2  witnesses are to be called at trial, the parties shall designate experts to be called at trial and

3  provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the

4  discovery cutoff date. *Rebuttal expert witnesses shall be designated and reports provided as*

5  *required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff*

6  *date.* Failure to timely comply with this deadline may result in the expert being excluded at

7  trial as a witness. The Court requires compliance with Local Rule 37-1 and 37-2 in the

8  preparation and filing of discovery motions. Discovery motions may not be heard on an <u>ex</u>

9  <u>parte</u> basis.

10     **2.     <u>Joinder of Parties and Amendment of Pleadings:</u>**  Any motions to join other

11  parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of

12  this Order so that they can be heard and decided prior to the deadline. This deadline does

13  not apply if the deadline for joining parties or amending pleadings has already been

14  calendared or occurred by virtue of an order issued by another Judge.

15     In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to

16  amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to

17  differentiate the amendment from previous amendments and (c) state the page, line

18  number(s), and wording of any proposed change or addition of material.

19     **3.     <u>Motion Filing Cut-Off:</u>**  The Court hears motions on Mondays at 10:00 a.m.

20  The motion filing cut-off date is the last day motions may be heard (not filed). The Court will

21  not decide late motions. Issues left undetermined by the passage of the motion cut-off date

22  should be listed as issues for trial in the Final Pretrial Conference Order. As an exception to

23  the above, motions in limine dealing with evidentiary matters may be heard at or before trial;

24  however, summary judgment motions disguised as motions in limine will not be heard.

25  Parties need not wait until the discovery cut-off to bring motions for summary judgment or

26  partial summary judgment. However, in the usual case, *the court expects that more than the*

27  *minimum notice will be provided to counsel opposing motions for summary judgment.* In the

28

EXHIBIT 3 PAGE 29

1   usual case, the parties should confer and agree on the date for setting such motions.

2        Ex parte applications are entertained solely for extraordinary relief. See Mission Power

3   Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict adherence to

4   proper ex parte procedures is required for any ex parte application filed with the Court.

5        4.   Stipulations to Extend Time:  Stipulations to extend the time to file any required

6   document or to continue any pretrial or trial date must set forth (a) the existing due date or

7   hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons

8   supporting good cause for granting the extension or continuance; and (d) whether there have

9   been any prior requests for extensions or continuances, and whether these were granted or

10  denied by the Court.

11       5.   Summary Judgment Motions:  The Separate Statement of Undisputed Facts is to

12  be prepared in a two-column format.  The left-hand column should set forth the allegedly

13  undisputed fact.  The right-hand column should set forth the evidence that supports the

14  factual statement. The fact statements should be set forth in sequentially numbered

15  paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each

16  numbered paragraph should address a single subject in as concise a manner as possible.

17       The opposing party's statement of genuine issues must be in two columns and

18  track the movant's separate statement exactly as prepared.  The document must be in two

19  columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand

20  column must indicate either undisputed, or disputed.  The opposing party may dispute all or

21  only a portion of the statement, but if disputing only a portion, must clearly indicate what part

22  is being disputed.  Where the opposing party is disputing the fact in whole or part, the

23  opposing party must, in the right-hand column, label and restate the moving party's evidence

24  in support of the fact, followed by the opposing party's evidence controverting the fact.

25  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

26  party must cite to the evidence alleged to be objectionable and state the ground of the

27

28

EXHIBIT 3  PAGE 30

1  objection and nothing more.  **No argument should be set forth in this document.**

2      The opposing party may submit additional material facts that bear on or relate to the

3  issues raised by the movant, which shall follow the format described above for the moving

4  party's separate statement.  These additional facts shall follow the movant's facts, shall

5  continue in sequentially numbered paragraphs (*i.e.*, if movant's last statement of fact was set

6  forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set

7  forth in the right hand column the evidence that supports that statement.

8      The moving party, in its reply, shall respond to the additional facts in the same

9  manner and format that the opposition party is required to adhere to in responding to the

10  statement of undisputed facts, as described above.

11      (a)  <u>Supporting Evidence:</u> No party should submit any evidence other than the

12  specific items of evidence or testimony necessary to support or controvert a proposed

13  statement of undisputed fact.  Thus, for example, the entire transcript of a deposition, entire

14  sets of interrogatory responses, and documents that do not specifically support or controvert

15  material in the separate statements, should not be submitted in support or opposition to a

16  motion for summary judgment.  Any such material will not be considered.

17      Evidence submitted in support of or in opposition to a motion should be submitted

18  either by way of stipulation or as exhibits to declarations sufficient to authenticate the

19  proffered evidence, and should not be attached to the Memorandum of Points and

20  Authorities.  The Court will accept counsel's authentication of deposition transcript, of written

21  discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the</u>

22  <u>document was in the opponent's possession is of independent significance.</u>  Documentary

23  evidence as to which there is no stipulation regarding foundation must be accompanied by

24  the testimony, either by declaration or properly authenticated deposition transcript, of a

25  witness who can establish its authenticity.

26      If evidence in support of or in opposition to a motion exceeds twenty pages, the

27

28

4

EXHIBIT 3   PAGE 31

1   evidence must be in a separate bound volume and include a Table of Contents.

2       **(b) Objections to Evidence:** If a party disputes a fact based in whole or in part

3   on an evidentiary objection, the ground of the objection, as indicated above, should be

4   stated in the separate statement but not argued in that document.  Evidentiary objections

5   are to be addressed in a separate memorandum to be filed with the opposition or reply brief

6   of the party.  This memorandum should be organized **to track the paragraph numbers of**

7   **the separate statement in sequence**.  It should identify the specific item of evidence to

8   which objection is made, the ground of the objection, and a very brief argument with citation

9   to authority as to why the objection is well taken.  The following is an example of the format

10  contemplated by the Court:

11      Separate Statement Paragraph 1:  Objection to the supporting deposition transcript

12      of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible

13      hearsay and no exception is applicable.  To the extent it is offered to prove her

14      state of mind, it is irrelevant since her state of mind is not in issue.

15      Fed. R. Evid. 801, 802.

16  Do not submit blanket or boilerplate objections to the opponent's statements of

17  undisputed fact: these will be disregarded and overruled.

18      **(c) The Memorandum of Points and Authorities:** The movant's memorandum of

19  points and authorities should be in the usual form required under Local Rule 7-5 and should

20  contain a narrative statement of facts as to those aspects of the case that are before the

21  Court. All facts should be supported with citations to the paragraph number in the  Separate

22  Statement that supports the factual assertion and not to the underlying evidence.

23      Unless the case involves some unusual twist on Rule 56, the motion need only

24  contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule and

25  with its interpretation under Celotex and its progeny.  If at all possible, the argument should

26  be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

27

28

EXHIBIT 3 page 32

1  issue, with the purpose of showing the existence or non-existence of a genuine issue of

2  material fact for trial on that element of the claim or defense.

3          Likewise, the opposition memorandum of points and authorities should be in the

4  usual form required by Local Rule 7-5, and where the opposition memorandum sets forth

5  facts, the memorandum should cite to paragraphs in the separate statement if they are not in

6  dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is

7  contravened by an additional fact in the statement of genuine issues, the citation should be

8  to such fact by paragraph number.

9          (d) **Timing:**  In virtually every case, the Court expects that the moving party will

10  provide more than the minimum twenty-one (21) day notice for such motions.  The moving

11  party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier

12  versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

13     6.   **Motions in Limine:**  The parties must file motions in limine addressing the

14  admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their

15  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

16     7.   **Pretrial Conference and Trial Setting:**  Compliance with the requirements of

17  Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of

18  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-

19  Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1

20  through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set

21  forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

22          The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists

23  shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial

24  Conference.  The Proposed Pre-Trial Conference Order shall be lodged fourteen (14)

25  calendar days before the Pre-Trial Conference.

26          The Proposed Pre-Trial Conference Order must contain a Table of Contents.  Place

27

28

                                    6

EXHIBIT 3 PAGE 33

1   In all capital letters and in bold the separately numbered headings for each category in the

2   PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been

3   dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will

4   be prosecuted against all remaining parties on the other side, please specify to which party

5   each claim or counterclaim is directed. The factual issues in dispute should track the

6   elements of a claim or defense upon which the jury would be required to make findings.

7   Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the

8   defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;"

9   not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m.

10  on March 1"). Issues of law should state legal issues upon which the Court will be required

11  to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate

12  fact issues to be submitted to the trier of fact.

13        In drafting the PTCO, the court expects that counsel will attempt to agree on and

14  set forth as many non-contested facts as possible. The court will normally read the

15  uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively

16  stated stipulation of facts will reduce the length of trial and increase jury understanding of the

17  case.

18        If expert witnesses are to be called at trial, each party must list and identify its

19  respective expert witnesses, both retained and non-retained. <u>Failure of a party to list and</u>

20  <u>identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party</u>

21  <u>from calling that expert witness at trial.</u>

22        This case has been placed on calendar for a Final Pretrial Conference ("PTC")

23  pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, et seq., unless the PTC was expressly

24  waived at the Scheduling Conference by the court. Unless excused for good cause, each

25  party appearing in this action shall be represented at the PTC and all pretrial meetings of

26  counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial

27

28

EXHIBIT 3 PAGE 34

1    documents may result in the dismissal of the action, striking the answer and entering a

2    default, and/or the imposition of sanctions.

3            A continuance of the Final Pretrial Conference at counsel's request or stipulation

4    will only be approved upon a showing of good cause.  Counsel should plan to do the

5    necessary pretrial work on a schedule which will insure its completion with time to spare

6    before the Final Pretrial Conference.  Specifically, failure to complete discovery work,

7    including expert discovery, is not a ground for a continuance.

8            Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the

9    court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the

10   trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance

11   with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference

12   Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

13           At the PTC, counsel should be prepared to discuss means of streamlining the trial,

14   including, but not limited to: bifurcation, presentation of non-critical testimony by  deposition

15   excerpts, stipulations as to the content of testimony, presentation of testimony on direct

16   examination by declaration subject to cross-examination, and qualification of experts by

17   admitted resumes.  In certain cases where the PTC is waived by the court, counsel must

18   follow Local Rule 16-11.

19       8.   **Witness List and Times Estimates:**  Counsel shall prepare a list of their witnesses,

20   an estimate of the length of time needed for direct examination for each witness, and whether

21   the witness will testify by deposition or in person.  Counsel shall exchange these lists with

22   opposing counsel.[1]  **Counsel shall jointly file a single witness list, including estimates for**

23   **direct examination of their own witnesses and estimates for cross-examination of**

24   **opposing witnesses.**  This list shall be filed at the time counsel lodge the Proposed Pre-Trial

25

26   _____

27       [1]  See "Joint Trial Witness Estimate Form" appended to this order.

28

1   Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

2       **9.   Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to

3   counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

4   (general and special) and special verdict forms (if applicable).  Seven (7) calendar days prior

5   to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and

6   special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and

7   confer with the goal of reaching agreement on one set of joint jury instructions and one special

8   verdict form.

9           The parties should make every attempt to agree upon the jury instructions before

10  submitting them to the Court.  The Court expects counsel to agree on the substantial majority

11  of jury instructions, particularly when pattern instructions provide a statement of applicable law.

12  When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an

13  applicable requested instruction, the parties should submit the most recent version of the

14  Model instruction.  Where language appears in brackets in the model instruction, counsel shall

15  select the appropriate text and eliminate the inapplicable bracketed text.  Where California law

16  applies, counsel should use Judicial Council of California Civil Jury Instructions (June 2006)

17  ("CACI").  If neither of the above sources is applicable, counsel are directed to use the

18  instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and

19  Instructions (latest edition).  Each requested jury instruction shall cover only one subject or

20  principle of law and shall be numbered and set forth in full on a separate page, citing the

21  authority or source of the requested instruction (except for the "clean" jury copy discussed

22  below).

23          When the parties disagree on an instruction, the party opposing the instruction must

24  attach a short statement (one to two paragraphs) supporting the objection, and the party

25  submitting the instruction must attach a short statement supporting the instruction.  Each

26  statement should be on a separate page and should follow directly after the disputed

27

28

EXHIBIT 3 PAGE 36

1 | instruction.

2 |      The parties ultimately must submit one document or, if the parties disagree over any

3 | proposed jury instructions, two documents. If the parties submit two documents, those

4 | documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of

5 | Disputed Jury Instructions, along with reasons supporting and opposing each disputed

6 | instruction in the format set forth in the previous paragraph.

7 |      The parties must file proposed jury instructions fourteen (14) calendar days before

8 | the Pre-Trial Conference. If the court is closed that day, counsel shall file the proposed

9 | instructions the preceding Friday. No later than 4:00 p.m. on the date such instructions are

10 | due, the parties must submit conformed courtesy copies to the Court's courtesy box located

11 | outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd

12 | Floor, Riverside, California. Counsel shall also provide the Court with a 3½ inch diskette

13 | compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in

14 | accordance with this paragraph and the previous paragraph.

15 |      The Court will send a copy of the instructions into the jury room for the jury's use

16 | during deliberations. Accordingly, in addition to the file copies described above, the diskette

17 | submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or

18 | Disputed Jury Instructions, containing only the text of each instruction set forth in full on each

19 | page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority,

20 | indication of party proposing, etc.).

21 |      An index page shall accompany all jury instructions submitted to the Court. The

22 | index page shall indicate the following:

23 |      (a) The number of the instruction;

24 |      (b) A brief title of the instruction;

25 |      (c) The source of the instruction and any relevant case citations; and

26 |      (d) The page number of the instruction.

27 |

28 |

EXHIBIT 3 PAGE 37

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

1   The Court requires the following to be submitted to the courtroom deputy clerk on the

2   first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with

3   a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of

4   exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in

5   the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of

6   Deposition Transcripts  (original and 2 copies) and Lodge all anticipated trial deposition

7   transcripts directly with the deputy clerk in the courtroom.

8   All counsel are to meet no later than ten (10) calendar days before trial to discuss

9   and agree to the extent possible on issues including foundation and admissibility.

10   **13. Pre-Trial Exhibit Stipulation:**  The parties shall prepare a Pre-Trial Exhibit

11   Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if

12   any, to each exhibit including the basis of the objection and the offering party's response.  All

13   exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to

14   the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall

15   identify any exhibits whose authenticity has not been stipulated to and the specific reasons for

16   the party's failure to stipulate.

17   The Stipulation shall be substantially in the following form:

18   Pre-Trial Exhibit Stipulation

19   Plaintiff's Exhibits

20   Number        Description        Objection        Response to Question

21

22   Defendant's Exhibits

23   Number        Description        Objection        Response to Question

24

25   The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the

26   Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph may constitute a

27

28

1   waiver of all objections.

2       14. **Findings of Fact and Conclusions of Law:**  For a non-jury trial, counsel for each

3   party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before

4   trial. The parties should deliver to chambers a copy of these findings and conclusions of law

5   on disk in WordPerfect format.

6           (a)     Underline in red the portions which it disputes;

7           (b)     Underline in blue the portions which it admits;  and

8           (c)     Underline in black the portions which it deems not disputed, but deems

9                   irrelevant.

10      Counsel may agree with a part of a finding or conclusion, disagree with a part of it

11  and/or consider a part of irrelevant.

12      Two marked copies of opposing counsel's proposed findings of fact and conclusions of

13  law shall be lodged with the court seven (7) days before trial and one marked copy shall be

14  served on opposing counsel.  Courtesy copies of the marked copies shall be deposited in the

15  drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date

16  due.

17      15. **Settlement:**  Local Rule 16-15.2 provides that the Settlement Conference shall be

18  conducted not later than 45 days before the Pretrial Conference.  The Court believes that in

19  most cases completion of all discovery and dispositive motions will help the parties assess

20  their positions before they embark on the costly pre-trial process.  However, in many cases,

21  the parties find it more difficult to settle after they have incurred the cost of all discovery and

22  motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue

23  settlement earlier.

24      The Court has a keen interest in helping the parties achieve settlement.  If the parties

25  believe that it would be more likely that a settlement would be reached if they conduct

26  settlement conference at an earlier time than that specified by the Court, they should conduct

27

28

1   it at that time. In any event, the parties must file a Status Report re Settlement at the time

2   they lodge the Proposed Pretrial Order.

3       The Court will not conduct settlement conferences in non-jury cases which the Court will

4   try. In jury cases, the Court will conduct a settlement conference at the parties' request if

5   three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried

6   to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c)

7   the parties desire the Court to conduct the conference, understanding that if settlement fails,

8   the Court will preside over the trial of the case.

9       **If a settlement is reached, it shall be reported immediately to this Court as**

10  **required by Local Rule 16-15.7.**

11      16. The failure to attend the pretrial conference or to submit timely in conformity

12  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint

13  statement of the case, voir dire questions, summary of witness testimony and times estimates,

14  proposed Pretrial Conference Order or the memorandum of contentions of fact and law may

15  result in the dismissal of the action, striking the answer and entering default and/or the

16  imposition of sanctions.

17      **17. Telephonic Status Conference:**

18      Telephonic status conferences are sometimes set by the court to discuss settlement

19  status and other pending issues. If a telephonic status conference has been set, all counsel

20  are ordered to discuss the matter with their clients and opposing counsel before the telephonic

21  status conference. Plaintiff's counsel must make the arrangements and place the conference

22  call. Plaintiff's counsel shall include all counsel of record and the Court on the date and time

23  scheduled. The conference operator is to place the final call to the Court at (951) 328-4410.

24  To assist the Court and staff, participants shall identify themselves each time they speak. No

25  cellular telephones or speaker telephones will be allowed.

26                          **Internet Site**

27

28

                                 14

RightFAX                    2/22/2007 3:18   PAGE 016/017   Fax Server

1         Counsel are encouraged to review the Central District's website for additional information.

2    The address is "http: //www.cacd.uscourts.gov".

3

4         The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or

5    e-mail on counsel for all parties to this action.

6

7         IT IS SO ORDERED.

8    Dated: _____ FEB 2 1 2007

9

10

11

12   STEPHEN G. LARSON
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    15

Case: _____

Joint Trial Witness Estimate Form

Trial Date: _____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X- EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. |  |  |  |  |  |
| 2. |  |  |  |  |  |
| 3. |  |  |  |  |  |
| 4. |  |  |  |  |  |
| 5. |  |  |  |  |  |
| 6. |  |  |  |  |  |
| 7. |  |  |  |  |  |
| 8. |  |  |  |  |  |
| 9. |  |  |  |  |  |
| 10. |  |  |  |  |  |
| 11. |  |  |  |  |  |
| 12. |  |  |  |  |  |
|  | Total Estimates This Page: |  |  |  |  |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g. "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour, e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g. "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

3 of 43

# Confirmation Report — Memory Send

Page         : 001
Date & Time: 02-22-2007    03:24pm
Line 1     : 2136240643
Line 2     :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 447 |
| Date | : | 02-22  03:19pm |
| To | : | ☎76039#7943#13102755697 |
| Number of pages | : | 003 |
| Start time | : | 02-22  03:22pm |
| End time | : | 02-22  03:24pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 447          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 702-8100
Facsimile: (212) 702-8200

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     February 22, 2007          **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Wayne S. Ball
Browne Woods & George LLP | 310.274.7100 | 310.275.5697 |

**FROM:**     Iris K. Woon

**RE:**        Sargon v. USC

**MESSAGE:**

---

07943/1926613.1

| CLIENT # | 7943 | ROUTE/
RETURN TO: | Irma Felix - 4th Floor | ☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR | | | CONFIRMED?   ☐ No   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**From:**   Name:        United States District Court
                          312 North Spring Street
                          Los Angeles, CA 90012
            Voice Phone:  (213) 894-5474


**To:**     Name:        Michael Zeller
            Company:

                          865 S Figueroa St, 10th Floor,
            City/State:   Los Angeles,CA 90017-2543
            Fax Number:   213-443-3100




### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA


## Automated Document Delivery Service
### Notice pursuant to Rule 77(d) FRCiv.P
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**Fax Notes:**

**Case 2:05-CV-02727 : MGA ENTERTAINMENT INC V. MATTEL INC ET AL**


*Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:*

> *Western Division:  CrimIntakeCourtDocs-LA@cacd.uscourts.gov*
> *Southern Division: CrimIntakeCourtDocs-SA@cacd.uscouts.gov*
> *Eastern Division:  CrimIntakeCourtDocs-RS@cacd.uscourts.gov*

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**


*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:          Thursday, February 22, 2007 3:14:36 PM
Number of pages including this cover sheet:  17

EXHIBIT 3 PAGE 45

# Confirmation Report — Memory Send

```
                                        Page    : 001
                                        Date & Time: 02-22-2007   03:22pm
                                        Line 1  : 2136240643
                                        Line 2  :
                                        Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 446 |
| Date | : | 02-22  03:18pm |
| To | : | ☎76039#20257#13104771699 |
| Number of pages | : | 016 |
| Start time | : | 02-22  03:18pm |
| End time | : | 02-22  03:22pm |
| Pages sent | : | 016 |
| Status | : | OK |

Job number   : 446              *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100 | 865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | 50 California Street, 22nd Floor<br>San Francisco, CA  94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 |

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    February 22, 2007                    NUMBER OF PAGES, INCLUDING COVER:  16

|  NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Rahul Ravipudi, Esq. | (310) 477-1700 | (310) 477-1699 |

FROM:    Allison Burkholder, Esq.

RE:    Gulati v. IBM

MESSAGE:    PLEASE SEE ATTACHED

---

20257/2008846.2

CLIENT #   20257          ROUTE/<br>RETURN TO:   Monica Ascarrunz        ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT

OPERATOR: Rafael                    CONFIRMED?   ☐ NO   ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.