Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:   (415) 774-2611
Facsimile:    (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING CARTER BRYANT'S MOTION TO QUASH MATTEL'S SUBPOENA TO PEOPLES BANK OF THE OZARKS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On January 28, 2008, Carter Bryant ("Bryant") submitted a Motion to Quash Mattel Inc.'s Subpoena Issued to Peoples Bank of the Ozarks or in the Alternative, for Protective Order. On February 7, 2008, Mattel, Inc. ("Mattel") submitted an opposition. On February 13, 2008, Bryant submitted a reply. The parties were directed to meet and confer further regarding the motion,

which has been completed. The motion was heard on March 10, 2008.

## II. BACKGROUND[1]

On January 21, 2008, Mattel served a subpoena for documents on Bryant's personal bank, the Peoples Bank of the Ozarks ("Peoples Bank"). The return date was January 28, 2008–the Phase I discovery cut-off. The subpoena contained six requests:

(1) All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT ENTERPRISES from January 1, 1999 to the present, inclusive.

(2) All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT from January 1, 1999 to the present, inclusive.

(3) All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 300368180, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

(4) All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns CARTER BRYANT ENTERPRISES or CARTER BRYANT, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

---

[1] Because the parties are familiar with the procedural history of this motion, the "Background" section set forth herein includes only a brief summary of that history and a brief summary of the parties' main contentions.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1  (5) DOCUMENTS sufficient to show the account number of all ACCOUNTS
2  maintained by YOU in the name of, for the benefit of or concerning CARTER
3  BRYANT ENTERPRISES or CARTER BRYANT between January 1, 1999 and
4  the present, inclusive.
5  (6) All DOCUMENTS showing or relating to any account(s) held by CARTER
6  BRYANT ENTERPRISES or CARTER BRYANT or any account(s) for which
7  CARTER BRYANT ENTERPRISES or CARTER BRYANT has signatory
8  authority at any other financial institution.
9  Grant Decl., Ex. C. On Friday, January 25, 2008, Mattel served notice of the subpoena on Bryant.
10 Also on January 25, 2008, Peoples Bank advised Mattel that it would comply with the subpoena.
11      Bryant contends that the subpoena to People's Bank should be quashed for three
12 independent reasons. First, Bryant contends that Mattel failed to give notice of the subpoena prior
13 to its service, in violation of Rule 45(b)(1), Fed.R.Civ.P. Second, Bryant contends that the
14 subpoena unnecessarily intrudes upon his privacy interests and seeks cumulative discovery.
15 Third, Bryant contends that Mattel's subpoena is overbroad in seeking, for example, "all
16 documents relating to" Bryant and Carter Bryant Enterprises without any limitation as to subject
17 matter.
18      Mattel contends that the documents it seeks are relevant to the claims and defenses in the
19 case. In particular, Mattel contends that the documents it seeks are relevant to establish Mattel's
20 entitlement to the remedy of disgorgement and to assess Bryant's net worth for purposes of
21 punitive damages, as well as to support Mattel's claims for commercial bribery and to show bias.
22 Mattel also contends that it is entitled to the subpoenaed documents because of legitimate
23 concerns of spoliation and document tampering. Mattel further contends that the subpoenaed
24 documents are not cumulative of other discovery because Bryant has failed to produce his
25 financial records. Mattel's Opposition at p.3.
26      Mattel also contends that Bryant's burden and overbreadth objections are meritless
27 because the Peoples Bank has not made any objections to the subpoena and instead represented
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

1  that it is prepared to produce responsive documents. Mattel also contends that Bryant's privacy
2  objection has been considered and overruled in the context of a prior Mattel motion compelling
3  Bryant to produce financial information. Lastly, Mattel contends that Bryant's lack of notice
4  objection is disingenuous because Bryant has repeatedly subpoenaed third parties without
5  providing notice, and that moreover, Bryant has not been prejudiced by the lack of notice.

### III. STANDARDS

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of the discovery methods if the court determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed.R.Civ.P. 45(b)(1). A third party served with a subpoena for documents must produce documents (and reasonably accessible electronically stored information) that are responsive to the subpoena. Fed.R.Civ.P. 45 (b), (d). If the subpoenaed documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying or embarrassing. U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966).

Rule 45(c)(1), Fed.R.Civ.P., provides that "[a] party or attorney responsible for issuing

and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Furthermore, "[t]he issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Id.

Rule 45 also provides that the issuing court must quash or modify a subpoena under certain circumstances, including among others, when the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iii) and (iv). A motion to quash a subpoena or for a protective order as to that subpoena may be made by a party-opponent. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C. D. Cal. 2005) (granting defendants' motion to quash subpoena).

In evaluating whether a subpoena imposes an undue burden, Rule 45(c)(3)(A), Fed.R.Civ.P., "'requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party,' . . . and in particular requires the court to consider: 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Moon, 232 F.R.D. at 637, quoting Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005). Another important factor in evaluating burden is whether the subpoenaing party "can be more easily and inexpensively obtain the documents from [another party], rather than from [the] nonparty." Moon, 232 F.R.D. at 638. See also Lectrolarm Custom Sys. v. Pelco Sales, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (protective order granted where plaintiff subpoenaed non-party for documents that plaintiff had sought from defendant because the "burden and harassing nature of the requests clearly outweigh[ed] the minimal need for the very limited amount of information that could be discovered under the subpoenas.").

## IV. DISCUSSION

Although the Peoples Bank subpoena calls for the production of documents that are potentially relevant to Mattel's claims and several issues in the case, the subpoena is nevertheless unreasonable because it is overbroad. For example, Mattel seeks all documents referring or

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

relating to Carter Bryant and Carter Bryant Enterprises from January 1, 1999 to the present. The requests are not limited by subject matter to Bratz, MGA or any other relevant issue in the case. The production of documents responsive to such overly broad requests would likely sweep in many sensitive and personal financial documents having little to no relevance to the case. Furthermore, the subpoena intrudes upon Bryant's privacy rights as recognized under the California Constitution. Mattel has not adequately demonstrated the relevance of all of the documents falling within the scope of its expansive subpoena to overcome the privacy protections afforded to Bryant's personal financial information.

The Peoples Bank subpoena is also objectionable insofar as it seeks financial information that Bryant has already provided to Mattel in discovery. Prior to Mattel serving the Peoples Bank subpoena, Bryant had already produced financial documents responsive to Mattel's requests for production of documents, including documents evidencing all payments he or Carter Bryant Enterprises has received from MGA or Isaac Larian. Bryant's Motion at p.9; Bryant's Reply at p.7.

In addition, Bryant recently agreed to produce, to the extent he has not already done so, several categories of documents from his accountant, Foothill Business Services ("Foothill"), in exchange for Mattel withdrawing the subpoena it had served on Foothill. Specifically, Bryant agreed to gather and produce from Foothill the following categories of documents: all available profit and loss/income statements for Carter Bryant Enterprises; documents sufficient to show all payments to Bryant from MGA and/or Isaac Larian; documents sufficient to show all payments to Veronica Marlow from Bryant or Carter Bryant Enterprises; documents sufficient to show Bryant's net worth; document sufficient to identify any witness or witness' counsel to whom Bryant has made any payments for fees, costs, or expenses incurred by that witness in connection with the present litigation and the amount paid, if any, to or on behalf of such witness; Foothill Business Service's document retention policy, if they have one; and documents constituting communications between Bryant and Foothill Business Services substantively related to Bratz, if any exist. Bryant's Motion at p.3. Bryant represents that in accordance with this agreement, he

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

1  produced documents on January 18 and 23, 2008. Indeed, Mattel acknowledges that it has
2  received the following documents: two Carter Bryant Enterprises income statements from 2003,
3  four Carter Bryant Enterprise quarterly income statements from 2006, four Carter Bryant
4  Enterprises quarterly income statements from 2007, and ledger of payments to Veronica Marlow
5  in 2006 and 2007.
6      Mattel contends that Bryant's production of financial information regarding payments he
7  has received, his net worth, and payments he has made to Veronica Marlow, as well as the
8  production from Foothill Business Services, are incomplete. Mattel, however, did not raise these
9  issues with Bryant earlier, much less fulfill its obligation to meet and confer prior to raising these
10 issues with the court.
11     Mattel has also had ample opportunity to depose Bryant about relevant financial
12 information. In light of the financial information Mattel has already obtained throughout the
13 course of this litigation, the subpoena to the Peoples Bank is unjustified, taking into consideration
14 all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.
15     In addition to the reasons discussed above, the subpoena is also objectionable insofar as
16 Mattel failed to comply with Rule 45(b)(1), Fed.R.Civ.P. As stated above, Rule 45(b)(1),
17 Fed.R.Civ.P., requires a party serving a subpoena to serve notice of that subpoena on each party
18 before the subpoena is served. In this case, Mattel served the subpoena on Peoples Bank on
19 January 21, 2008, but failed to serve notice of the subpoena on Bryant until Friday, January 25,
20 2008—only one business day before the close of Phase I discovery and less than one business day
21 before the return date of the subpoena. Thus, Mattel clearly violated the notice requirement of
22 Rule 45(b)(1), Fed.R.Civ.P.
23     Mattel attempts to defend itself by pointing out that Bryant has repeatedly subpoenaed
24 parties without providing prior notice to Mattel. Even if that is true, it does not excuse Mattel
25 from complying with the notice requirement of Rule 45(b)(1). Moreover, Mattel has never sought
26 redress for Bryant's alleged violations of Rule 45(b)(1). Mattel also contends that the lack of
27 prior notice did not prejudice Bryant, as evidenced by Bryant's ability to bring the instant motion,
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

and therefore there is no basis to quash the subpoena. Contrary to Mattel's assertion, however, the lack of notice obviously hindered Bryant's ability to communicate with his bank and to object to the subpoena in a timely manner. It also prevented any opportunity for the parties to meet and confer in order to reach a resolution.

## V. CONCLUSION

For the reasons set forth above, Bryant's motion to quash Mattel's subpoena issued to the Peoples Bank of the Ozarks, and for a protective order relieving Peoples Bank from the obligation to produce documents in response to the subpoena, is granted. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Bryant shall file this Order with the Clerk of Court forthwith.

Dated: March 10, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8