1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12            Plaintiff,                    Consolidated with
                                            Case 04-09059
13       vs.                                Case No. CV 05-02727

14  MATTEL, INC., a Delaware               **DISCOVERY MATTER**
     corporation,
15                                          **[To Be Heard By Discovery Master Hon.**
              Defendant.                    **Edward Infante (Ret.) Pursuant To The**
16                                          **Court's Order Of December 6, 2006]**

17                                          **MATTEL, INC.'S OPPOSITION TO**
                                            **CARTER BRYANT'S MOTION TO**
18                                          **STRIKE MATTEL'S REPLY IN**
                                            **SUPPORT OF MOTION FOR LEAVE**
19                                          **TO OBTAIN DISCOVERY AFTER**
                                            **THE PHASE 1 DISCOVERY CUT-OFF**
20
                                            Hearing Date:   TBA
21                                          Time:           TBA
                                            Court Room:     TBA
22
                                            **Phase I**
23                                          Discovery Cut-off:      January 28, 2008
                                            Pre-trial Conference:   May 5, 2008
24                                          Trial Date:             May 27, 2008

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT........................................................................................................... 1

I.     MATTEL'S REPLY BRIEF WAS TIMELY FILED ........................................ 1

       A.    Rule 5(b) Does Not Recognize Service by E-mail or Federal Express. ....................................................................................... 2

       B.    Rule 5(b) Requires Express Written Consent to any Alternative Form of Service........................................................................... 3

       C.    Rule 6(d) Allows For Three Additional Days of Service....................... 4

II.    ALL OF MATTEL'S ARGUMENTS IN ITS REPLY BRIEF WERE PROPERLY RAISED ...................................................................................... 5

CONCLUSION........................................................................................................ 6

# TABLE OF AUTHORITIES

**Page**

## Cases

*Audio Enterprises, Inc. v. B & W Loudspeakers of America,*
957 F.2d 406 (7th Cir. 1992)...............................................................................2

*Magnuson v. Video Yesteryear,*
85 F.3d 1424 (9th Cir. 1996)...............................................................................2

*RFR Industries, Inc. v. Century Steps, Inc.,*
477 F.3d 1348 (5th Cir. 2007)..............................................................................3

*Rodriguez v. M/V Washington Rainbow II, No. Civ.A. H-05-1129,*
2005 WL. 2897387 (S.D. Tex. 2005).................................................................4

*Salley v. Board of Governors,*
136 F.R.D. 417 (M.D.N.C. 1991)........................................................................3

*Zimmerman v. Atlanta Hawks, Ltd.,*
No. 1:88-CV-2798-WCO, 1990 WL. 58462 (N.D. Ga. 1990)...........................2

## Statues

Federal Rule of Civil Procedure Rule 5 .................................................................4

Federal Rule of Civil Procedure Rule 5(a)........................................................3, 4

Federal Rule of Civil Procedure Rule 5(b)....................................................1, 2, 3

Federal Rule of Civil Procedure Rule 5(b)(2)(C).................................................4

Federal Rule of Civil Procedure Rule 5(b)(2)(D) ................................................3

Federal Rule of Civil Procedure Rule 5(b)(2)(E-F) .............................................3

Federal Rule of Civil Procedure Rule 6(a).............................................................4

Federal Rule of Civil Procedure Rule 6(b)....................................................1, 3, 4

Federal Rule of Civil Procedure Rule 6(d)..........................................................4, 5

1

## **Preliminary Statement**

2      Bryant's motion to strike is simply a thinly veiled attempt to file an
3   unauthorized surreply to Mattel's Reply Brief In Support of its Motion for Leave to
4   Obtain Discovery After the Phase 1 Discovery Cut-off in Response to a Subpoena
5   Served on People's Bank of the Ozarks. Bryant premises his motion to strike on the
6   contentions that Mattel (1) failed to file a timely reply, and (2) impermissibly raised
7   new arguments for the first time in its reply brief. Both of these contentions are
8   demonstrably untrue. Mattel's reply brief was timely filed and presented arguments
9   properly responding to those Bryant raised in his opposition. Bryant's motion to
10  strike should therefore be denied.

11

12

## **Argument**

13

14  **I.    MATTEL'S REPLY BRIEF WAS TIMELY FILED**

15      Bryant purported to "serve" his opposition to Mattel's Motion for Leave
16  to Obtain Discovery After the Phase 1 Cut-Off via FedEx and email on February 20,
17  2008. FedEx and email are not authorized methods of service under Federal Rule of
18  Civil Procedure 5(b)(2) because Bryant and Mattel have no written agreement
19  authorizing such methods of service in lieu of those specifically provided for in Rule
20  5(b)(2). As such, Bryant's purported "service" of his opposition was not effective at
21  all, so Mattel's reply was not late in any case. But assuming Bryant's service was
22  effective and did trigger a deadline for Mattel to file its reply, the reply would be
23  due, and was in fact filed, pursuant to the provisions of Federal Rule of Civil
24  Procedure 6(b), three court days and three calendar days later, on February 28, 2008.
25  Mattel thus timely filed its reply.

26

27

28

-1-

**A.**      **Rule 5(b) Does Not Recognize Service by E-mail or Federal Express.**

Federal Rule of Civil Procedure 5(b)(2) specifies the proper means of serving a pleading:

> **Service in General.**  A paper is served under this rule by:
>
> **(A)**    handing it to the person;
>
> **(B)**    leaving it:
>
> > **(i)**    at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
> >
> > **(ii)**   if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> **(C)**    mailing it to the person's last known address--in which event service is complete upon mailing;
>
> **(D)**    leaving it with the court clerk if the person has no known address;
>
> **(E)**    sending it by electronic means *if the person consented in writing*--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
>
> **(F)**    delivering it by any other means *that the person consented to in writing*--in which event service is complete when the person making service delivers it to the agency designated to make delivery.  (emphasis added).

The Ninth Circuit has held that service by Federal Express and electronic means, such as facsimile, is insufficient under Rule 5(b).  See Magnuson v. Video Yesteryear, 85 F.3d 1424 (9th Cir. 1996) (holding that service by Federal Express and facsimile was invalid); FEDERAL CIVIL PROCEDURE BEFORE TRIAL (Rutter 2007), at 12:84.10 ("Neither fax, e-mail nor overnight courier service is an authorized means of service by the person being served."); see also Audio Enterprises, Inc. v. B & W Loudspeakers of America, 957 F.2d 406, 409 (7th Cir. 1992) (holding that Federal Express does not constitute service "by mail" for Rule 5(b) purposes).

1    Because Bryant served his opposition solely by Federal Express and

2 e-mail,[1] the requests were never properly served. As a result, Mattel had no

3 obligation to respond at all to Bryant's discovery requests. See Zimmerman v.

4 Atlanta Hawks, Ltd., No. 1:88-CV-2798-WCO, 1990 WL 58462, at *1 (N.D. Ga.

5 1990) (denying motion to compel discovery responses because discovery was

6 improperly served pursuant to Rule 5(b)); see also Salley v. Board of Governors,

7 136 F.R.D. 417, 420 (M.D.N.C. 1991) (holding prior to the 2001 amendment of

8 Rule 5(b) that a party had no obligation to respond to discovery requests that were

9 improperly served unless exceptional circumstances were shown).

10

11    **B.    Rule 5(b) Requires Express Written Consent to any Alternative**

12    **Form of Service.**

13    Federal Rule of Civil Procedure 5(b) was amended in 2001 to require

14 express written consent to alternative forms of service, such as Federal Express and

15 e-mail. At that time, the drafters added Rule 5(b)(2)(D) to the Rule, which read:

16    Service under Rule 5(a) is made by: ... (D) Delivering a
17    copy by any other means, including electronic means,
       *consented to in writing by the person served.* Service by
       electronic means is complete on transmission; service by
18    other consented means is complete when the person making
       service delivers the copy to the agency designated to make
19    delivery. If authorized by local rule, a party may make
       service under this subparagraph (D) through the court's
20    transmission facilities. (emphasis added).

21    The Advisory Committee Notes regarding the 2001 amendment

22 explain: "It authorizes service by electronic means or any other means, but only if

23 consent is obtained from the person served. *The consent must be express, and*

24 *cannot be implied from conduct.*" (Emphasis added.) In December 2007, the

25 "written consent" requirement for alternative means of service was moved from

26 Rule 5(b)(2)(D) to Rule 5(b)(2)(E-F).

27    ─────────────────────────
       [1]  Bryant's Motion at 2:26-28.

28

1    After the 2001 amendment, a party's past acceptance of improper

2 service cannot excuse further improper service as a matter of law.  See RFR

3 Industries, Inc. v. Century Steps, Inc., 477 F.3d 1348, 1351-52 (5th Cir. 2007)

4 (refusing to excuse service by facsimile despite previous acceptance, and noting that

5 "the advisory committee notes accompanying Rule 5 reiterate that consent to service

6 under Rule 5(b)(2) 'must be express, and cannot be implied from conduct'");

7 Rodriguez v. M/V Washington Rainbow II, No. Civ.A. H-05-1129, 2005 WL

8 2897387 (S.D. Tex. 2005) (noting that pre-amendment cases interpreting Rule 5(b)'s

9 service requirements are no longer persuasive authority).  Because there was no

10 written consent to Bryant's chosen means of service, Bryant's opposition was

11 improperly filed and, as such, Mattel was not obligated to file its reply by any

12 particular date.

13

14    **C.    Rule 6(d) Allows For Three Additional Days of Service**

15    Assuming arguendo that Bryant's service was proper, Mattel still served

16 its reply brief in a timely fashion.  Federal Rule of Civil Procedure 6(d) states that:

17 "When a party may or must act within a specified time after service and service is

18 made under Rule 5(b)(2)(C)[2], (D), (E), or (F), 3 days are added after the period

19 would otherwise expire under Rule 6(a)."  Bryant sent his opposition brief via

20 FedEx and email on February 20, 2008.  As such, assuming arguendo that FedEx

21 constitutes service by mail under Rule 5(b)(2)(C), Mattel had the standard three

22 court days, plus the additional three calendar days under Rule 6(d), to file its reply

23 brief.  February 28, 2008 is three court days plus three calendar days after February

24 20, 2008.  Thus, even if FexEd and/or email delivery did constitute proper service,

25

26

27    [2]  Rule 5(b)(2)(C) states: "Mailing it to the person's last known address--in which event service is complete upon mailing."

28

1  either of those methods would provide Mattel three extra days to file its reply brief,

2  and thus, its filing and service of the brief on February 28, 2008 would be timely.

3

4  **II.    ALL OF MATTEL'S ARGUMENTS IN ITS REPLY BRIEF WERE**

5  **PROPERLY RAISED**

6            Bryant argues that Mattel improperly raised the fact that, in his January

7  25, 2007 order, the "Discovery Master ordered Bryant to produce the financial

8  records sought."   In fact, Mattel's argument properly rebutted Bryant's contentions

9  that the documents requested in Mattel's subpoena to People's Bank of the Ozarks

10  were both irrelevant and duplicative of those already produced.

11            The Discovery Master ordered Bryant to produce all documents

12  relating to Bryant's payments from MGA.[3]   The Discovery Master specifically found

13  that these documents were directly relevant to Mattel's claims.[4]   Furthermore,

14  Bryant entered into a stipulation to produce documents responsive to Mattel's

15  subpoena on Bryant's accountants, Foothill Business Services.   Finally, in violation

16  of this stipulation, Bryant produced only **11 documents**:  two CBE income

17  statements from 2003, four CBE quarterly income statements from 2006, four CBE

18  quarterly income statements from 2007, and a ledger of payments to Veronica

19  Marlow in 2006 and 2007[5]; obviously, those 11 documents are not the only

20  documents that relate to MGA's payments to Bryant.

21            Given the probative value of the requested documents, and Bryant's

22  refusal (or inability) to comply with the terms of the Foothill stipulation, as

23  _____

24  [3]   Exhibit P to the Declaration of Melissa Grant In Support of Mattel's Motion for
Leave to Obtain Discovery After the Phase 1 Discovery Cut-off in Response  to a

25  Subpoena Served on People's Bank of the Ozarks at 15-16. ("Grant Dec.") [January
25, 2007 Order]. The Grant Dec. is attached hereto as Exhibit A and the January 25,

26  2007 Order is attached as Exhibit B.

27  [4]   Id.

28

1  evidenced by his production of demonstrably incomplete records, Mattel had no
2  choice but to seek documents essential to its claims from third parties, including the
3  Peoples' Bank of the Ozarks.

4

5              **Conclusion**

6            For the reasons set forth above, Mattel respectfully requests that the
7  Court deny Bryant's Motion to Strike Mattel's Reply in Support of its Motion for
8  Leave to obtain discovery regarding his subpoena to the People's Bank of the
9  Ozarks.

10

11  DATED:  March 10, 2008           QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
12

13                                   By_____/S/_____
14                                      Michael T. Zeller
                                        Attorneys for Mattel, Inc.
15

16
17
18
19
20
21
22
23
24
25
26
27  _____
    [5]  Grant Dec. ¶ 16.
28