QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>NOTICE OF ERRATA RE [PUBLIC REDACTED] MATTEL, INC.'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MATTEL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: April 23, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2429113.1

-1-
NOTICE OF ERRATA RE [PUBLIC REDACTED] MATTEL'S SEPARATE STATEMENT ISO PARTIAL MSJ

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that Mattel, Inc.'s [Public Redacted] Separate Statement of Uncontested Facts and Conclusions of Law In Support of Mattel, Inc.'s Motion for Partial Summary Judgment ("Mattel's Public Redacted Separate Statement"), served on March 7, 2008, inadvertently included the wrong Copyright Registrations Nos. on page 1 lines 19-20.  The Copyright Registrations Nos. should read consistent with Mattel's [Proposed] Order Granting Mattel's Motion for Partial Summary Judgment on page 3 lines 2-3, as: "Copyright Registration Nos. VA 1-090-287, VA 1-090-288, VA 1-090-289, VA 1-090-290 and VA 1-148-305."

     Mattel is filing concurrently a Corrected Public Redacted Separate Statement which includes the correct Copyright Registration Nos.  Mattel also submits the corrected page herewith, attached as Exhibit 1.

DATED:  March 10, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                By /s/ B. Dylan Proctor
                                   B. Dylan Proctor
                                   Attorneys for Mattel, Inc.

**EXHIBIT 1**

Case 2:04-cv-09049-DOC-RNB Document 2538 Filed 03/10/08 Page 3 of 4 Page ID #:40105

Pursuant to Rule 56 of the <u>Federal Rules of Civil Procedure</u> and <u>Local Rule</u> 56-1, defendant Mattel, Inc. ("Mattel") submits the following Separate Statement of Uncontested Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment in Mattel's favor on the following issues:

**(1)** the Employee Confidential Information and Inventions Agreement ("Inventions Agreement") executed by Bryant and Mattel on January 4, 1999 is enforceable;

**(2)** under the Inventions Agreement (a) Mattel owns all Bratz-related "inventions" Bryant conceived, created, made, or reduced to practice while he was employed by Mattel, (b) the term "inventions" covers designs, improvements, ideas, concepts, and copyrightable subject matter, such that if Mattel proves at trial that any such items were conceived, created, made, or reduced to practice by Bryant during his Mattel tenure, Mattel will be entitled to a judgment that it owns those inventions, and (c) there is no factual dispute that certain such inventions, including several drawings (Exs. 716-19, 721-22, 724-25, drawing Bates-numbered SL00044) and a dummy model, were conceived, created, made, or reduced to practice during Bryant's Mattel tenure, and hence are owned by Mattel;

**(3)** the first-generation Bratz dolls released to the public in the summer of 2001, Copyright Registration Nos. VA 1-090-287, VA 1-090-288, VA 1-090-289, VA 1-090-290 and VA 1-148-305, are substantially similar to seventeen drawings (Ex. 10) and a doll sculpt drawing or blueprint (SL00044) created by Bryant, which are original, protectable works of expression;

**(4)** Although damages and the full scope of Bryant's wrongdoing may involve disputed facts which need to be decided by the jury, on the undisputed facts Bryant is liable for breach of both the Inventions Agreement and the Conflict of Interest Questionnaire, breach of the duty of loyalty, and breach of fiduciary duty;

**(5)** Although damages and the full scope of their wrongdoing may involve disputed facts which need to be decided by the jury, on the undisputed facts