1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual,<br>13<br>        Plaintiff,<br>14<br>   v.<br>15<br>   MATTEL, INC., a Delaware corporation,<br>16<br>        Defendant.<br>17<br>18 | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MATTEL'S MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS** |
| 19  CONSOLIDATED WITH<br>    MATTEL, INC. v. BRYANT and<br>20  MGA ENTERTAINMENT, INC. v. MATTEL, INC.<br>21 | |

22                      I. INTRODUCTION

23      On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel a Complete

24  Response to Mattel's Supplemental Interrogatory re Test Projects. On February 7, 2008, MGA

25  Entertainment, Inc. ("MGA") submitted an opposition, and on February 15, 2008, Mattel

26  submitted a reply. The parties were directed to meet and confer further regarding the motion,

27  which has been completed. The motion was heard on March 10, 2008.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                              1

## II. BACKGROUND[1]

In July of 2007, Mattel brought a motion to compel MGA to produce witnesses pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6). Among the ten deposition topics at issue was No. 9, which asked MGA to "IDENTIFY, fully and completely, each and every TEST PROJECT that YOU caused, had, requested, asked or solicited any PERSON to perform during the time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT." Mattel's stated purpose for seeking testimony on Topic No. 9 was to obtain information to refute MGA and Carter Bryant's ("Bryant") assertions that Bryant's working for MGA while employed by Mattel was no different than a supposedly standard industry practice of having candidates for creative positions make artwork as part of the job interview (the "test project defense"). MGA objected to Topic No. 9 on several grounds, and also suggested that a "contention interrogatory" was a more appropriate means to learn what supports Bryant's claims as to industry practice. Proctor Decl., Ex. 4.

By order dated September 25, 2007 ("Order"), Mattel's motion was denied with respect to Topic No. 9 because although Mattel's Topic No. 9 sought relevant information, the topic was overbroad and burdensome. In lieu of taking a deposition on Topic No. 9, however, Mattel was granted leave to serve a "contention interrogatory regarding Topic No. 9 limited to the years 1998 through 2004." Buchakjian Decl., Ex. 1.

Thereafter Mattel propounded a supplemental interrogatory asking MGA to: "IDENTIFY, fully and completely, each and every TEST PROJECT that YOU caused, had, requested, asked or solicited any PERSON to perform during the time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT" ("Supplemental Interrogatory").

---

[1] Because the parties are familiar with the procedural history of this motion, the "Background" section set forth herein includes only a brief summary of that history and a brief summary of the parties' main contentions.

2

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1  MGA's response included numerous objections. In particular, MGA objected to the
2  Supplemental Interrogatory because it was not phrased as a contention interrogatory. MGA then
3  interpreted Mattel's Supplemental Interrogatory "as asking first whether MGA contends that
4  MGA caused, had, requested, asked or solicited Bryant to perform a TEST PROJECT and, if
5  MGA so contends, to 'IDENTIFY, fully and completely, each and every TEST PROJECT that
6  YOU caused, had, requested, asked or solicited any PERSON to perform during the time period
7  January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all PERSONS with
8  knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT.'"
9  Buchakjian Decl., Ex.7. MGA responded to its version of the Supplemental Interrogatory by
10 stating, "MGA does not contend that it caused, had, requested, asked or solicited Bryant to
11 perform a TEST PROJECT." Id.

12 Mattel now seeks an order compelling MGA to provide a "complete response" to the
13 Supplemental Interrogatory and for sanctions. Mattel contends that the requested information is
14 relevant to Bryant's and MGA's defenses in this action. More specifically, Mattel contends that
15 the requested information is relevant to rebut Bryant's testimony that he performed a "tryout" or
16 "test project" for MGA, and was not actually working for MGA when he worked for Mattel.
17 Mattel's Motion at pp. 8-9. Mattel also contends that the requested information is relevant to
18 rebut Bryant's assertions, regardless of whether or not MGA contends Bryant performed a test
19 project. Id.

20 MGA opposes the motion, contending that (1) the Supplemental Interrogatory was not
21 authorized by the Order because it is not in the form of a contention interrogatory; (2) MGA does
22 not contend that it asked Bryant to perform a test project, and (3) given that MGA does not
23 contend that it asked Bryant to perform a "test project," the information sought in Mattel's
24 Supplemental Interrogatory is not relevant to the claims and defenses of any party in this action
25 because MGA's past practices with respect to "test projects" will not tend to prove or disprove
26 Bryant's claim that he "understood" that his work on an MGA project called "Prayer Angels" prior
27 to his departure from Mattel was a test project. MGA's Opposition at p.1.
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

### III. DISCUSSION

Mattel's Supplemental Interrogatory does not conform with the Order, which specified that Mattel was granted leave to serve a "contention interrogatory." Therefore, it was reasonable for MGA to construe Mattel's Supplemental Interrogatory in the manner that it did. In any event, in light of MGA's response —that MGA does not contend that it caused, had, requested, asked or solicited Bryant to perform a "test project" – the information Mattel seeks in this motion is minimally relevant. Finally, the burden and expense of requiring MGA to respond any further to the Supplemental Interrogatory substantially outweigh its likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

### IV. CONCLUSION

For the reasons set forth above, Mattel's motion to compel and request for sanctions are denied. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: March 10, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 10, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF ISAAC LARIAN; (2) ORDER DIRECTING MATTEL TO SUBMIT DOCUMENT NOS. M0199767-68 AND M0199769-70 FOR IN CAMERA REVIEW; GRANTING MOTION TO COMPEL PRODUCTION OF "NHB" DOCUMENTS; (3) ORDER GRANTING CARTER BRYANT'S MOTION TO QUASH MATTEL'S SUBPOENA TO PEOPLES BANK OF THE OZARKS; AND (4) ORDER DENYING MATTEL'S MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 10, 2008, at San Francisco, California.

_____
Sandra Chan