1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11

12 CARTER BRYANT, an individual,  | CASE NO. CV 04-09049 SGL (RNBx)
                                   | JAMS Reference No. 1100049530
13         Plaintiff,

14    v.                           | Consolidated with
                                   | Case No. CV 04-09059
15 MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727

16         Defendant.              | **ORDER DIRECTING MATTEL TO
                                   | SUBMIT DOCUMENT NOS.
17                                 | M0199767-68 AND M0199769-70 FOR
                                   | IN CAMERA REVIEW; GRANTING
18                                 | MOTION TO COMPEL PRODUCTION
                                   | OF "NHB" DOCUMENTS**
19
   CONSOLIDATED WITH
20 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v. MATTEL,
21 INC.

22

23       On January 28, 2008, MGA Entertainment, Inc. ("MGA") and Carter Bryant ("Bryant")

24 submitted a joint "Motion to Compel Production of Improperly Withheld Mattel Documents

25 Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to

26 Compel Production of all 'NHB' Documents." On February 7, 2008, Mattel, Inc. ("Mattel")

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

submitted an opposition, and on February 15, 2008, Mattel submitted a reply. The parties were directed to meet and confer further regarding the motion, which has been completed. The motion was heard on March 10, 2008.

This motion raises essentially two issues arising from Mattel's recent request to claw back two documents. The first issue concerns the documents themselves, bearing Bates Nos. M0199767-68 and M0199769-70. MGA and Bryant describe the two documents at issue as follows:

> "•M0199767-68 reflects a summary of former MGA employee Mercedah Ward's contact with Mattel, including the fact that Mattel employees were reaching out to her in 2001 for information concerning the development and creation of Bratz, and the suggestion that Mattel had concluded that Ward was the source of the anonymous letter Mattel CEO Robert Eckert received in August 2002 – extremely relevant information going, *inter alia*, to the parties' statute of limitations and laches defenses.
>
> •M0199769-70 reflects a task list, dated August 10, 2003, including the efforts of Mattel employees to contact MGA employees; a "suspected mole"; the obtaining of human resources files of Mattel employees; the pulling of Carter Bryant's PeopleSoft information and employment file; a reference to Mattel's current trial counsel; and inquiries into MGA and Carter Bryant. The assertion of work product with respect to this document, dated August 2003, is particularly problematic in that it directly contravenes the position Mattel has taken with this Court concerning when it first suspected and began collecting evidence concerning the alleged wrongdoing."

Joint Motion at p.1. MGA and Bryant contend that the two documents are responsive to several discovery requests and are not protected by either the attorney-client privilege or the work product doctrine. More specifically, MGA and Bryant contend that the first document at issue does not

contain any indicia of a request for legal advice, but rather consists of a summary of underlying facts. MGA and Bryant contend that the second document similarly lacks any evidence that it reflects confidential attorney-client communications, but instead consists of a "to do" list. MGA and Bryant contend that the two documents at issue are not protected by the work product doctrine because the documents were not prepared in anticipation of litigation.

Mattel contends that the two documents are protected by the attorney-client privilege. To substantiate its claims of privilege, Mattel submitted the declaration of its counsel, Michael Moore, which states, in pertinent part, as follows:

> 4. Acting solely as the company's legal advisor, I instructed Adelle Jones, a paralegal within Mattel's Law Department, to prepare for me the document Bates stamped M0199767-68 in 2003. It records information gathered by Ms. Jones at my request and outside counsel's request. I then transmitted the document to outside legal counsel for purposes of obtaining legal advice.
>
> 5. Also acting solely as the company's legal advisor, I personally created the document Bates stamped M0199769-70 in 2003. It reflects my communications with and directions from Mattel's outside counsel regarding tasks to be performed. The document also reflects notations from Jill Thomas, Mattel's Assistant General Counsel, and Mattel's outside counsel. I transmitted the document to outside legal counsel for purposes of obtaining legal advice.

Decl. of Michael Moore in Support of Mattel's Opposition.

An *in camera* inspection of disputed documents is appropriate to resolve claims of privilege. See United States v. Zolin, 491 U.S. 554, 568-69, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). The practice is both long-standing and routine in cases involving claims of privilege. In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379 (2d Cir. 2003); see also In re Grand Jury Proceedings, 220 F.3d 568, 571 (7th Cir. 2000). Accordingly,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

Mattel is ordered to submit the disputed documents for *in camera* review no later than March 14, 2008.

The second issue concerns references to "NHB" in the two clawed back documents. MGA and Bryant contend that Mattel uses the codename "NHB" for MGA. Aside from the two clawed back documents, MGA and Bryant are aware of only one other instance of "NHB" documents in Mattel's document production – the use of "NHB Timeline" across the top of an e-mail that Mattel CEO Robert Eckert forwarded to himself related to this lawsuit. There are no other "NHB" documents in Mattel's production or listed on Mattel's privilege log.

MGA and Bryant contend that Mattel should not be able to hide behind its codename for MGA to avoid its discovery obligations. They contend that all documents referencing MGA as "NHB" are responsive to any document requests that call for MGA documents, regardless of the manner in which MGA is referenced. Accordingly, MGA and Bryant request an order compelling Mattel to produce all "NHB" documents that are responsive to MGA's First Set of Requests for Production of Documents and Things dated January 31, 2004 ("MGA's Requests"). Joint Motion at p.8.

In response, Mattel represents that it "has not withheld from production any non-privileged documents because they contain 'NHB.'" Mattel's Opposition at p.1. Elsewhere Mattel represents that it "has not withheld from production any non-privileged documents on the basis that it uses 'NHB,'" (id. at p.4; see also Alger Decl., ¶2), and that "Mattel is not withholding from production any non-privileged documents that contain 'NHB'." (Id. at .7). As an example, Mattel points to the NHB Timeline. Furthermore, Mattel contends that MGA and Bryant are not entitled to documents simply because they contain a reference to "NHB."

MGA and Bryant's motion to compel production of "NHB" documents is granted. Mattel has not confirmed that documents containing "NHB" were searched for in response to MGA's Requests and Mattel's submissions appear to side-step the issue. Mattel has also not confirmed that "NHB" documents were not inadvertently deemed non-responsive and/or overlooked on

account of Mattel's use of the codename "NHB." In other words, Mattel has not confirmed whether documents that refer to MGA only by the "NHB" codename have been reviewed for responsiveness and produced. In particular, Mattel has not verified whether it has conducted a key word search of its databases using the codename "NHB." Accordingly, MGA and Bryant's motion to compel production of "NHB" documents is granted. Mattel shall conduct a search of all "NHB" documents in its databases and produce all "NHB" documents that are responsive to MGA's Requests no later than March 14, 2008. All responsive documents being withheld on the basis of a claim of privilege must be identified on a privilege log, which must also be produced no later than March 14, 2008.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: March 10, 2008

_____
HON. EDWARD A. INFANTE (Ret.)
Discovery Master