QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**[PUBLIC REDACTED]** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]<br><br>MATTEL, INC.'S OPPOSITION TO MGA PARTIES' MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES<br><br>Date: TBD<br>Time: TBD<br>Place: Telephonic<br><br>**Phase I**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2427963.2

**Preliminary Statement**

Once again MGA seeks to avoid its discovery obligations and a prior Order. After MGA failed to adequately respond to Mattel's interrogatories, Mattel brought a motion to compel, which the Discovery Master granted in part. Now, MGA seeks to avoid that ruling by arguing again that the information responsive to these interrogatories relates exclusively to Phase 2 claims and defenses. MGA, however, already made this argument to the Discovery Master and lost. MGA's Motion presents none of the grounds for reconsideration the Local Rules require. The same arguments should not be considered again.

The information that Mattel seeks relates to claims and defenses in Phase 1. It is not, as MGA argues, purely Phase 2. Mattel's interrogatories seek information that Mattel will use to show that the factual basis for MGA's attempts to reduce Mattel's claimed damages in Phase 1 is wrong. Specifically, MGA is not entitled to a reduction in Mattel's damages due to its "innovations" because it stole the purported "innovations" from Mattel. While the interrogatories also seek information that is relevant to Phase 2 (in addition to Phase 1), this in no way limits MGA's obligation to provide full responses. Accordingly, MGA should be ordered, once again, to fully answer the interrogatories.

**Argument**

**I. MGA IMPROPERLY SEEKS RECONSIDERATION OF THE DISCOVERY MASTER'S ORDER**

MGA's motion, while styled as one for "clarification," is actually an improper request for reconsideration. MGA repeats the same arguments it presented at the February 11, 2008 hearing before the Discovery Master.[1] Under Local Rule 7-

---

[1] MGA has made a practice of bringing improper motions under false pretenses—for example, its recently filed Motion to Strike Mattel's Reply in Support of its Motion for Reconsideration was actually an improper surreply.

1  18, a motion for reconsideration may be made only on the grounds of "a material
2  difference in fact or law from that presented to the Court" or the "emergence of new
3  material facts or a change of law occurring after the time of such decision" or "a
4  manifest showing of a failure to consider material facts presented to the Court before
5  such decision." C.D. Cal. L.R. 7-18. Crucially, the rule mandates that "[n]o motion
6  for reconsideration shall in any manner repeat any oral or written argument made in
7  support of or in opposition to the original motion." Id.

Yet, this is exactly what MGA has done. At the February 11, 2008 hearing on Mattel's motion to compel, MGA's counsel sought to limit its obligations to respond to Mattel's requests by arguing to the Discovery Master that the interrogatories related to Phase 2 discovery:

> And I submit, at least as to questions 43, 44, 48, 49, 50, are clearly all Phase 2, and there may be portions of some of the others that are as well.[2]

As the transcript of that hearing reveals, the Discovery Master was mindful of the effect of the Court's stay of Phase 2 discovery.[3] Indeed, because of this, the Discovery Master ordered the parties to meet and confer on a number of pending motions given that "there are a number of things that are moving targets, because as we saw this morning, Judge Larson has stayed the discovery as to Phase 2."[4] The Discovery Master considered the impact of the stay when he issued an Order requiring MGA to respond to the interrogatories at issue.[5]

---

[2] Tr. of February 11, 2008 Hearing, at 34:6-12, Corey Decl., Exh. 1.
[3] See id. at 56:9-12, Corey Decl., Exh. 1.
[4] Id. Corey Decl., Exh. 1.
[5] See Order Granting in Part and Denying in part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008 ("Feb. 15 Order"), Miller Decl., Exh. C. Although the Discovery Master did not explicitly reject MGA's arguments that the interrogatories sought Phase 2 discovery, this may be implied by the fact that the Discovery Master noted
(footnote continued)

1    Now MGA seeks "clarification" to impose a limitation on its Court-
ordered discovery obligations based on the same arguments which have already been
considered and rejected. This is an improper motion for reconsideration. <u>Bordallo v.
Reyes</u>, 763 F.2d 1098, 1101-02 (9th Cir. 1985) (whatever name a movant puts on a
motion, "nomenclature is not controlling . . . A court must construe whether a motion,
however styled, is appropriate for the relief requested"). MGA's motion raises no
new issue of law or fact and, in contradiction of the local rules, simply repeats the
same arguments previously made, wasting the valuable resources of the Court and the
parties.[6] See <u>Semiconductor Energy Lab. Co. v. Chi Mei Optoelectronics Corp.</u>, No.
04-CV-04675, 2006 WL 2130866, at *1 (N.D. Cal. Jul. 27, 2006) (noting that
because party's "motion for clarification" did not "depart greatly from the arguments
already advanced" and could be treated as motion for reconsideration and "rejected
on that basis alone"). As such the Discovery Matter need not consider it, and MGA
should be ordered (once again) to respond to Mattel's interrogatories.

## II.   <u>MATTEL'S INTERROGATORIES SEEK INFORMATION RELATED TO PHASE 1</u>

MGA's argument fails on the merits. The information sought in Mattel's
interrogatories relates to matters that MGA has introduced into Phase 1, namely
damages.[7] MGA has submitted expert reports stating that Mattel's damages should be

---

these same arguments in regard to other interrogatory requests. See Feb. 15 Order, at
12:24-27, Miller Decl., Exh. C (discussing interrogatories 48-50).

[6] MGA's citation to the Court's February 25, 2008 hearing offers nothing new
(Mot. at 2), as Judge Larson simply reiterated that Phase 2 discovery was stayed but
did not indicate that issues which touched on both Phase 1 and 2 could not proceed.
Indeed, as discussed herein, Judge Larson indicated that such discovery is
permissible.

[7] See July 2, 2007 Minute Order, at 2, Miller Decl., Exh. F; Mattel's
Memorandum Regarding Trial Structure, at 8-9, Miller Decl., Exh. G.

substantially reduced because ██████████████████████ ████████████████████████████████████████████ ███████████ above and beyond the value of the Bratz dolls that Bryant created.[8]  For example, MGA has designated as a Phase 1 expert Erich Joachimsthaler, who opines that MGA's branding and marketing efforts contributed significantly to the success of Bratz.  Mr. Joachimsthaler concludes that ████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████[9]  Similarly, Paul Meyer, MGA's damages expert (who relies on Joachimsthaler's report) concludes through his apportionment analysis that only a quarter or less of MGA's profits are directly attributable to the value of Bratz, while the bulk is a result of MGA's independent efforts.[10]

But many of the bases for these apportionments of Bratz profits by which MGA seeks to reduce Mattel's damages may *themselves* have been the result of MGA's pattern of stealing from Mattel.  Mattel is entitled to discovery to show this.  For example, Meyer's apportionment analysis states that the ████████████ ████████████████████████████████████████████ ████████████████████████████████[11]  Meyer goes on to note that among these ████████████ were several former Mattel employees such as Paula Garcia and Margaret Leahy[12]—who themselves may have stolen from Mattel.[13]

---

[8] See Meyer Expert Report, at 12, Corey Decl., Exh. 3.
[9] Joachimsthaler Expert Report, at 6, Corey Decl., Exh. 4.
[10] See Meyer Expert Report, at 5-7, 55, Corey Decl., Exh. 3.
[11] Meyer Expert Report, at 12, Corey Decl., Exh. 3.
[12] See id. at 12-13, Corey Decl., Exh. 3.
[13] See e.g., Leahy Depo. Tr. at 161:5-162:2, 185:11-190:7, Corey Decl., Exh. 5; Garcia Depo. Tr. (V. 4) at 1147:6-1149:23, 1150:9-1151:15, Corey Decl., Exh. 7.

Indeed, of the twelve individuals identified by Meyer as primarily contributors to Bratz, five were former Mattel employees, while a sixth was a Mattel vendor.[14]

Mattel is entitled to discovery to determine which of MGA's claimed "innovations" or "contributions" were stolen from Mattel. Mattel's interrogatories go to heart of this matter. Interrogatory No. 41, for example, will reveal information related to MGA's hiring of Mattel employees, which in turn is related to the use of Mattel's confidential information for the claimed successful marketing and branding on which MGA's apportionment analysis builds. As such, the Discovery Master should reject MGA's argument that "Mattel's claims of trade secret theft through the hiring of former Mattel employees" are only related to Phase 2 "in that they relate to Mattel's misappropriation of trade secret claims against MGA." (Mot. at 5)

Similarly, Mattel's Interrogatory No. 43 and 44 seek information on the dates of creation and other information related to the products that MGA contends Mattel has infringed.[15] From this, MGA argues that the interrogatories are "by definition" related to Phase 2. (Mot. at 6.) But these products or designs which MGA claims Mattel infringed may well be the same products or designs that MGA's apportionment analysis is based on. For example, Meyer opines:

[redacted][16]

Meyer goes on to state that the development of these fashions and themes [redacted][17] However, Mattel alleges that the items stolen from Mattel include "themes" and "fashions." For example, among the many documents stolen in Mexico was an early internal version of

---

[14] See id.
[15] See Mattel's Amended Fourth Set of Interrogatories No. 43 & 44, Miller Decl., Exh. L.
[16] See Meyer Expert Report, at 35, Corey Decl., Exh. 3 (emphasis added).
[17] Meyer Expert Report, at 19, Corey Decl., Exh. 3.

Mattel's product line list, which identified product themes.[18] MGA cannot obtain a deduction in Mattel's Phase 1 damages for MGA's themes if they were actually taken from Mattel and copied by MGA. Information on the timing of creation of specific products, including themes, is thus necessary to rebut MGA's efforts to reduce Mattel's damages in *Phase 1*.

MGAE de Mexico's entire organization is built on the foundation of Mattel's stolen intellectual property. MGA hired several employees from Mattel's operations in Mexico, who, before they left Mattel for MGA absconded with nearly every type of document that a competitor would need to enter into the market in Mexico and to compete with Mattel worldwide. These included Mattel's latest global internal future line lists that detailed anticipated future products, production and shipping costs for Mattel products; daily sales data for Mattel products; customer data; sales estimates and projections; marketing projections; documents analyzing changes in sales performance from 2003 to 2004; budgets for advertising and promotional expenses; strategic research reflecting consumer responses to products in development; media plans; consumer comments regarding existing Mattel products customer discounts and terms of sale; customer inventory level data; assessments of promotional campaign success; market size historical data and projections; marketing plans and strategies; merchandising plans; retail pricing and marketing strategies; and other similar materials.[19]

This information had a substantial impact on the overall ████████ ████████████████████████████████████████████████████████████ which MGA claims should reduce Mattel's damages. MGA's argument that MGAE de Mexico should be relieved of its discovery obligations entirely because it was

---

[18] See Mattel's Global Line List, Corey Decl., Exh. 8.
[19] Mattel's Second Amended Answer and Counterclaims ¶¶ 37-54, at 39-44, Corey Dec. Exh. 6; see also Mattel's Global Line List, Corey Decl., Exh. 8.

formed in 2004 and thus could not have been involved with the "acquisition or the early development of Bratz" is of no moment. (Mot. at 6.) The point is that MGA cannot use stolen information from Mattel to promote, develop, market and advertise Bratz, and then rely on that stolen information to attempt to reduce Mattel's damages. Mattel is entitled to discovery on this matter to rebut the damages issues that MGA is trying to inject into Phase 1.[20]

Of course, MGA cites no authority for the proposition that simply because a discovery request relates to both phases of a bifurcated trial, no discovery may be taken. Nor can it. Courts frequently permit such discovery. See, e.g., People ex rel. Wheeler v. Southern Pac. Transp. Co., 1993 WL 816066, at *11 (E.D. Cal. Sept. 2, 1993) (noting that where discovery sought was "relevant to both liability and damages" it could be sought in "both phases of discovery").

In its motion, MGA cites to a recent hearing before Judge Larson to suggest that somehow the Court has already ruled on the issue at bar. (Mot. at 1-2.) Not so. Judge Larson merely indicated that a complete lifting of the stay for Phase 2 discovery would be unworkable. However, he did not rule that Phase 1 discovery which *also* relates to Phase 2 issues is barred by the stay. In fact, Judge Larson's paramount concern was avoiding disputes, like this one, about what belongs in Phase 1 and what is exclusively Phase 2 discovery. He recognized the difficulty of drawing such clear distinctions in every case and noted that in some instances, "if there was still some overlap with Phase 1 and Phase 2, that could go forward as well."[21] Indeed, Judge Larson indicated at the hearing that MGA cites that if party seeking the discovery (in that case MGA) believes it to be Phase 1, then it should typically go forward:

---

[20] Mattel does not concede that any such discussion of MGA's skills as a company, creative or otherwise, has any place in Phase 1 and reserves all rights in this regard.

[21] Tr. of February 25, 2008 Hearing, at 7:18-19, Corey Decl., Exh. 2.

> Jon Corey: [The Deposition] was cancelled for the reason that its a Phase 2 deposition.
>
> The Court: That's not your call to make. That's Mr. Nolan's call to make. I'm not going to have Mr. Nolan deciding your witness lists or witness order, and I'm not going to have you deciding his.[22]

The same logic applies here. MGA cannot avoid discovery on these issues now by unilaterally deeming them to be Phase 2, when in fact MGA's Phase 1 strategy puts this information at issue.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court reject MGA's motion for clarification and again order responses to Mattel's interrogatories.

DATED: March 10, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Jon D. Corey /ZDK_
Jon Corey
Attorneys for Mattel, Inc.

---

[22] Id. at 8:2-9, Corey Decl., Exh. 2.

-8-
MATTEL'S OPPOSITION TO MGA PARTIES' MOTION FOR CLARIFICATION