Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:   (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF ISAAC LARIAN** |

## I. INTRODUCTION

On January 22, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel the Continued Deposition of Isaac Larian and to Overrule Instructions Not to Answer." On January 31, 2008, Isaac Larian ("Larian"), MGA submitted an opposition. On February 5, 2008, Mattel submitted a reply. Thereafter the parties were directed to meet and confer further regarding the motion, which has been completed. The motion was heard on March 10, 2008.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

## II. BACKGROUND

Mattel deposed Larian on July 18, 2006 for nearly six hours. Mattel contends that prior to the deposition, the parties agreed that the deposition would proceed on Mattel v. Bryant issues only and that Larian would be made available for another deposition on issues in the MGA v. Mattel suit. Mattel contends that Larian has refused to abide by his agreement, and accordingly seeks an order compelling Larian to appear for another seven hours of deposition. Moreover, Mattel contends that there is good cause to resume his deposition because he is a named party, a key witness and has unique personal knowledge regarding the underlying claims and defenses in the case. Mattel also contends that Larian's "apex" status does not immunize Larian from further questioning. Mattel also seeks an order overruling certain instructions not to answer.

Larian contends that the motion should be denied because (1) he has already been deposed for the time permitted by Rule 30, Fed.R.Civ.P.; (2) Mattel made the tactical decision to depose him at the outset of fact discovery; (3) he is the Chief Executive Officer of MGA and an additional day of deposition would impose a significant burden on him and MGA; (4) Mattel refused to allow MGA to depose Mattel's Chief Executive Officer, Mr. Bob Eckert, for a complete day based on Mr. Eckert's "apex" status; (5) the January 28, 2008 discovery cut-off for Phase 1 discovery has passed; and (6) the Phase 1 trial has not been completed. In the alternative, Larian contends that his continued deposition should be limited in scope to Phase 2 issues; be limited in duration to two-hours; and occur only after the Phase 1 trial.

Further, Larian contends that most, if not all, of the challenged instructions not to answer were proper. Relying on U.S. ex. rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 564 (C.D. Cal. 2003) and other cases, Larian contends that whether his counsel showed him documents in preparation for his deposition, including how many and which documents counsel showed him, are protected by the work product doctrine.

## III. DISCUSSION

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed.R.Civ.P. 30(d)(1). Exceptions to the "one-day rule" are permitted only upon a

1  showing of good cause. Fed.R.Civ.P. 30(d)(2) Advisory Committee's Note (2000 Amend.) In
2  assessing whether "good cause" exists, courts are guided by Rule 26(b)(2), Fed.R.Civ.P., which
3  provides that the court shall limit the frequency or extent of use of the discovery methods if the
4  court determines that, among other things, the party seeking discovery has had ample opportunity
5  to obtain the information sought, or if the burden or expense of the proposed discovery outweighs
6  its likely benefit. Fed.R.Civ.P. 26(b)(2).

Although Mattel made the tactical decision to depose Larian at the outset of discovery and deposed him for nearly six hours, good cause exists to resume Larian's deposition promptly and without subject matter limitations for a limited duration. Larian's first deposition was limited to Mattel v. Bryant issues and Larian's prior counsel agreed to produce Larian for another deposition on issues in the MGA v. Mattel case. Phase 1 discovery is defined more broadly than the Mattel v. Bryant issues insofar as it includes a number of claims in the MGA v. Mattel case, such as Mattel's claims of copyright infringement, conversion and intentional interference with contract. Larian has not yet been deposed on the claims of copyright infringement, conversion and intentional interference with contract. Thus, Mattel has yet to complete its deposition of Larian on all Phase 1 issues, much less Phase 2 issues. Judge Larson's recent order confirms that "individual depositions that may be related to both Phase 1 and Phase 2," such as Larian's deposition, "may proceed."

Additional time to depose Larian is also warranted because Mattel alleges that Larian was involved in virtually every aspect of the consolidated cases. Furthermore, for many of the claims in the consolidated cases, Larian's personal knowledge of the relevant facts is unique and superior to other witnesses and sources of information. Additional time is also warranted because Mattel added new claims after Larian's deposition.

## V. CONCLUSION

For the reasons set forth above, Mattel's motion to compel the continued deposition of Larian is granted in part. Larian shall appear for his continued deposition in Los Angeles no later than March 31, 2008. The deposition shall not exceed five (5) hours and is not limited in subject

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

1  matter.

2  Further, each of the instructions marked as "Overruled" in Attachment "A" hereto is
3  overruled. Larian is ordered to answer those questions and reasonable follow-up questions at his
4  deposition.

5  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
6  Master, Mattel shall file this Order with the Clerk of Court forthwith.

8  Dated: March 10, 2008

                                       HON. EDWARD A. INFANTE (Ret.)
                                               Discovery Master

Attachment "A"

INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE LARIAN DEPOSITION

| PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | OVERRULED |
|---|---|---|
| 67:15-67:23 | Attorney-Client Privilege Work Product | Overruled |
| 68:17-68:21 | Attorney-Client Privilege | Overruled |
| 69:2-69:10 | Attorney-Client Privilege | Overruled |
| 69:23-70:15 | Attorney-Client Privilege Work Product | Overruled |
| 93:13-93:18 | Attorney-Client Privilege | Overruled |
| 93:20-95:25 | Attorney-Client Privilege | Overruled |
| 96:1-96:11 | Attorney-Client Privilege | Overruled |
| 165:19-166:13 | Work Product | Overruled |
| 167:2-168:7 | Attorney-Client Privilege | Overruled |
| 173:14-174:6 | Attorney-Client Privilege | Overruled |
| 174:8-174:13 | Attorney-Client Privilege | Overruled |
| 174:15-174:19 | Attorney-Client Privilege | Overruled |
| 174:21-174:24 | Attorney-Client Privilege | Overruled |
| 191:25-192:6 | Attorney-Client Privilege Work Product | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

**PROOF OF SERVICE BY E-MAIL**

I, Sandra Chan, not a party to the within action, hereby declare that on March 10, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF ISAAC LARIAN; (2) ORDER DIRECTING MATTEL TO SUBMIT DOCUMENT NOS. M0199767-68 AND M0199769-70 FOR IN CAMERA REVIEW; GRANTING MOTION TO COMPEL PRODUCTION OF "NHB" DOCUMENTS; (3) ORDER GRANTING CARTER BRYANT'S MOTION TO QUASH MATTEL'S SUBPOENA TO PEOPLES BANK OF THE OZARKS; AND (4) ORDER DENYING MATTEL'S MOTION TO COMPEL A COMPLETE RESPONSE TO MATTEL'S SUPPLEMENTAL INTERROGATORY RE TEST PROJECTS in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 10, 2008, at San Francisco, California.

_____
Sandra Chan