QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]<br><br>[PUBLIC REDACTED] MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC.<br><br>Hearing Date:  TBD<br>Time:  TBD<br><br>**Phase 1:**<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA Entertainment, Inc. ("MGA") has moved to compel non-party Right Management Consultants, Inc. ("Right") to produce documents that are irrelevant to MGA's Phase 1 claims and defenses. In fact, it was only **after** the Court stayed Phase 2 discovery that MGA proffered the theory of relevance forming the basis for its motion to compel; i.e., that documents identifying employees laid off by Mattel will somehow show that Mattel doesn't believe that it owns the Bratz designs and Mattel belatedly claimed ownership only because Bratz began eroding market share for BARBIE dolls.

MGA's illogical, attenuated theory of relevance does not warrant compelling third-party Right to produce the requested documents. Contrary to MGA's unsupported contentions, court have ruled that motivations in bringing suit or any supposed financial incentives to do so are irrelevant and non-discoverable. MGA also has demonstrated no connection between Mattel's occasional lay-offs that occurred both before and after the release of Bratz, and Mattel's claims of ownership rights to Bratz. Moreover, MGA's theory of relevance is based on a Mattel document from March 2004 stating that Mattel's " ▇▇▇▇ " but that document provides no basis for believing that lay-offs somehow demonstrate that Mattel doesn't really believe it owns the Bratz designs. The documents that MGA seeks from Right, for the most part, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Finally, the lack of relevance of these documents does not justify risking the harmful disclosure of Mattel's confidential information and the private information of its former employees.

MGA's motion to compel Right should be denied.

## Factual Background

MGA served Right with a subpoena for documents on December 19, 2007.[1] MGA's twenty requests for documents do not seek information from Right regarding the ownership of Bratz, the inquiry of Phase 1 discovery. Instead, these requests seek unrelated information regarding Mattel's layoffs (Request No. 1), and whether laid-off Mattel employees sought employment with Mattel's competitors (Requests Nos. 2-4), preserved Mattel's confidential information (Requests Nos. 5-8), and complied with their contractual obligations to Mattel (Requests Nos. 9-20).

On January 18, 2008, Right timely objected to MGA's Requests Nos. 1-4.[2] Right objected that the requests seek documents which are irrelevant to this litigation and confidential to Mattel, Right or other non-parties, including former Mattel employees. Right also objected to the undue burden imposed by MGA's requests. As to MGA's remaining requests, Right responded that it possesses no responsive documents. MGA responded to Right's objections on January 21.[3] At that time, MGA made no assertions that the requested documents were relevant to Phase 1 discovery concerning the ownership of Bratz designs.

On February 4, the Court ordered that "[a]ll discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is stayed until further order of the Court."[4] Shortly thereafter, during the February 14 meet-and-confer between Right and MGA, Right explained that

---

[1] MGA's Subpoena to Right, dated December 19, 2007, attached as Exh. 1 to the Declaration of Lance A. Etcheverry in Support of MGA's Motion to Compel, dated March 3, 2008 ("Etcheverry Dec.").
[2] Right's Responses to Subpoena from MGA, dated January 18, 2008, attached as Exh. 3 to the Etcheverry Dec.
[3] Letter from MGA's counsel to Right's counsel, dated January 21, 2008, attached as Exh. A to the Declaration of John Gordon in Support of Mattel's Opposition to MGA's Motion to Compel, dated March 10, 2008 ("Gordon Dec.").
[4] Order, dated February 4, 2008, Docket No. 1931.

because MGA's requests relate only to Phase 2, MGA is not entitled to any responsive documents until after the Court lifts the stay on Phase 2 discovery, if at all. Right also advised MGA that Mattel objected to the production of its confidential information.[5]

The following day, the parties stipulated that MGA would have until March 3 to file a motion to compel Right to respond to its subpoena. In correspondence regarding the drafting of that stipulation, Mattel confirmed that it also objected to the production of any documents by Right on the grounds that MGA's requests pertain only to Phase 2.[6]

On February 25, MGA, Right and Mattel participated in a meet-and-confer during which Mattel reiterated its objection that MGA's requests sought documents that are confidential to Mattel or to former Mattel employees. Additionally, both Right and Mattel again objected to MGA's subpoena on the grounds that it does not seek information relevant to Phase 1. MGA responded that the documents it seeks relating to Mattel's laid-off personnel could show that Mattel had a motive to file claims against Bryant and MGA alleging ownership of Bratz.[7] On February 26, Mattel confirmed that it maintains its objections.[8]

On March 3, MGA manually filed its motion to compel.[9] MGA did not timely serve Right, however. It was not until March 4 that MGA belatedly provided Right -- by e-mail -- with a redacted copy of its motion and supporting papers.[10]

---

[5] See Etcheverry Dec. ¶ 6.
[6] E-mail message from Mattel's counsel to MGA's counsel and Right's counsel, dated February 15, 2008 (3:28 pm), attached as Exh. B to the Gordon Dec.
[7] See Gordon Dec. ¶ 4.
[8] E-mail message from Mattel's counsel to MGA's counsel and Right's counsel, dated February 26, 2008 (12:16 am), attached as Exh. C to the Gordon Dec.
[9] Notice of Manual Filing, dated March 3, 2008, Docket No. 2387.
[10] E-mail message from MGA's counsel to Right's counsel and Mattel's counsel, dated March 4, 2008 (2:10 pm), attached as Exh. D to the Gordon Dec. It (footnote continued)

18298/2430363.1

# Argument

## I. MATTEL HAS STANDING TO OPPOSE MGA'S SUBPOENA.

A party has standing under Rule 45 of the Federal Rules of Civil Procedure to oppose a subpoena issued to a non-party "so long as the party demonstrates some right or interest in the documents requested." Abbott Diabetes Care Inc. v. Roche Diagnostics Corp., 2007 WL 2255236, at *1 (N.D. Cal. Aug. 3, 2007); see also 9A Wright & Miller, Federal Practice and Procedure: Civil 2d § 2459, at 41 (1995 ed.); Order of April 19, 2007 (granting Mattel's motion to quash subpoena seeking irrelevant "polly pocket" documents). Mattel seeks to protect its confidential information and the privacy of its former employees against MGA's requests for irrelevant documents. These interests confer Mattel with standing to oppose MGA's subpoena. See, e.g., Johnson v. Guards Mark Security, 2007 WL 1023309, at *1 (N.D. Ohio Mar 31, 2007) (defendants had standing to challenge third-party subpoena because they had "a personal right or privilege" in protecting their former employees' personnel files, which could contain private information).

## II. MGA IS NOT ENTITLED TO THE REQUESTED DOCUMENTS FROM RIGHT.

MGA's motion to compel should be denied because the documents MGA seeks 1) are irrelevant to any Phase 1 issue, and 2) contain the confidential information of Mattel or Mattel's former employees.

---

is clear that MGA did not properly serve Right, the party that MGA seeks to compel. Mattel understands that Right will explain in its opposition how MGA's belated and improper service on Right provides additional grounds for denying MGA's motion.

### A. MGA's Requests for Documents Relating to Layoffs Are Irrelevant to Phase 1 Discovery.

A party's discovery rights are confined to "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). As such, "the court by which a subpoena was issued shall quash or modify the subpoena if it ... subjects a person to undue burden," including a request for irrelevant information. Fed. R. Civ. P. 45(c)(3)(A)(iv); see also Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-336 (N.D. Cal. 1995) ("if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [the non-party respondent] would be by definition 'undue'"); Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("courts have incorporated relevance as a factor when determining motions to quash a subpoena.").

MGA claims that the documents it seeks from Right are relevant because a Mattel March 2004 ▮▮▮▮▮▮▮▮▮▮ reflects that Mattel knew that Bratz was cutting into market share for BARBIE dolls. According to MGA's theory, Mattel responded to this "crisis" with lay-offs, and the details of the lay-offs may somehow show that Mattel had a motive to invent a claim of Bratz ownership in late 2006 in response.[11]

As an initial matter, MGA cites no authority to support its view that Mattel's alleged motive for bringing its ownership claim justifies discovery. To the contrary, the "general rule" is that "a plaintiff's motive for filing suit is not discoverable." Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 414-415 (M.D.N.C. 1992) ("in ordinary litigation, not involving the clean hands defense, the

---

[11] MGA's Motion to Compel, dated March 3, 2008, at 2, 6.

plaintiff's motive in bringing suit is not relevant")[12]; see also Digital Equipment Corp. v. System Industries, Inc., 108 F.R.D. 742, 743 (D. Mass. 1986) (denying discovery concerning plaintiff's motive in bringing suit, despite the fact that defendant had alleged the suit was brought by plaintiff with full knowledge that the patents in question should never have been issued). There is no legal basis for discovery regarding Mattel's purported motives to pursue its claim, when none warrants granting MGA's motion.

In addition to being legally unsupported, MGA's theory is illogical and far too attenuated to meet Rule 26's requirement that discovery must be relevant to a claim or defense (especially here, where discovery currently is limited only to Phase 1 issues, dealing with the ownership of Bratz designs). First, the internal administrative practices, including occasional lay-offs, that Mattel engaged in prior to filing have no logical bearing on whether Mattel believes its Bratz ownership claims are valid. Whether the affected Mattel employees went to competitors -- the subject of MGA's other requests -- is obviously of even more remote relevance to this issue.

The flaws in MGA's theory are further exposed by its internal inconsistency. MGA claims that Mattel filed its Bratz ownership claims in reaction to Bratz's success in taking market share from BARBIE dolls. Yet, MGA's evidence of Mattel's supposed "inner turmoil" about Bratz is a document dated March 16, 2004, well more than two years prior to Mattel's filing the claims to which MGA claims it was in reaction. Such an extended lapse of time between Mattel's concern about Bratz market share and Mattel's ultimate filing of Bratz ownership claims belies any connection, causal or otherwise, between these events.

---

[12] As the Court is aware, MGA has withdrawn its unclean hands defense for Phase 1.

Moreover, Right's documents do not contain information reasonably bear on MGA's theory. As MGA acknowledges, most of the requested documents disclose only "the numbers and titles of employees who were laid off from Mattel and worked with Right."[13] This unrevealing data cannot support MGA's assertion that Mattel waited to assert ownership of Bratz because Mattel doesn't believe its claims are valid. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[14]▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[15]▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[16]▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[17]▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[18] This scant information for a small number of employees, among the tens of thousands of Mattel employees, will not prove anything.

Finally, MGA knows well that its subpoena is not relevant to any Phase 1 issue. Prior to the Court's staying Phase 2 discovery, Right had objected that

---

[13] Id. at 2.
[14] See Declaration of William Morehead in Support of Mattel's Opposition to MGA's Motion to Compel, dated March 10, 2008 ("Morehead Dec.") ¶ 4.
[15] Id. ¶ 5.
[16] Id. ¶ 6.
[17] Id.
[18] Id.

MGA's requests sought information irrelevant as to all issues in this litigation.[19] Tellingly, MGA responded that its requests are relevant only to Phase 2 issues.[20] Only later, after the Court stayed all discovery related to Phase 2, did MGA first proffer the claim of relevance to Phase 1 that it now asserts. It is transparent that MGA, having sought discovery of documents based on their purported relevance only to Phase 2, devised its present justification as an end-run around the Court's stay of Phase 2 discovery. That effort should not be rewarded.

### B. MGA's Requests Seek Information that is Confidential to Mattel and Former Mattel Employees.

The Right documents sought by MGA include Mattel's confidential information, including the names and other personal information of former Mattel employees who are non-parties to this litigation. Because the documents are irrelevant, MGA is not entitled to impose on Mattel and its former employees the risk of disclosure of this sensitive information. It is no answer that there is a Protective Order in place, as that Order contains no provision that will protect these individuals' privacy rights during trial.[21] MGA has previously offered to accept Right's documents with the names of Mattel's former employees redacted.[22] MGA does not indicate in its motion that it is still willing to accept redacted documents. Of course, if MGA is willing to make this concession, it only further shows the lack of relevance of the information that MGA is requesting. Information regarding only the job descriptions or cities of laid-off employees won't allow MGA to determine

---

[19] See Right's Responses to Subpoena from MGA, dated January 18, 2008, attached as Exh. 3 to the Etcheverry Dec.
[20] Letter from MGA's counsel to Right's counsel, dated January 21, 2008, attached as Exh. A to the Gordon Dec.
[21] See Protective Order, dated January 4, 2005, ¶ 1 (stating that the "Scope of This Order" is limited to discovery, court papers and deposition testimony), attached as Exh. E to the Gordon Dec.

how many employees Mattel laid off from positions involving work on BARBIE dolls. Thus, even by MGA's own account, the documents are wholly irrelevant. Furthermore, nowhere does MGA show that it cannot obtain information about lay-offs -- assuming it has any relevance at all -- from Mattel rather than burdening a third-party with a subpoena for it.

### Conclusion

For the foregoing reasons, Mattel respectfully asks that the Discovery Master deny MGA's motion to compel.

DATED: March 10, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

---

[22] See Etcheverry Dec. ¶ 7.