```
KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br>[To be heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**REPLY IN SUPPORT OF CARTER BRYANT'S MOTION TO STRIKE MATTEL INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF**<br><br>Date:  TBA<br>Time:  TBA<br>Place:  TBA<br><br>Date Comp. Filed: April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

---

REPLY IN SUPPORT OF BRYANT'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

413090.01

On March 10, 2008, the Discovery Master granted Carter Bryant's Motion to Quash Mattel's Subpoena to Peoples Bank of the Ozarks, finding that Mattel's subpoena was unreasonable, overbroad, duplicative of other discovery, and objectionable for failing to comply with Federal Rule of Civil Procedure 45(b)(1). Order dated Mar. 10, 2008 at 5-8 (Docket No. 2535). This Order renders moot Mattel's Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-off[1] (and also Mattel's reply brief which is the subject of Bryant's Motion to Strike) so far as it pertains to Mattel's Peoples Bank subpoena.

Nonetheless, Bryant is compelled to respond to the frivolous and patently false assertions made by Mattel regarding Bryant's service of his opposition to Mattel's Motion for Leave. Mattel now argues that Bryant's opposition was never properly served, therefore excusing Mattel's late filed reply. This argument is wrong for at least three reasons.

First, Mattel has consented to electronic service in writing by agreeing to the December 5, 2006 Stipulation for Appointment of Discovery Master and Order. This stipulation and order – *signed by Mattel* – expressly provides for electronic service: "Service of any document by fax or electronic mail by 6:00 p.m. shall constitute service on that day." Stipulation for Appointment of Discovery Master and Order at ¶ 5 (Dec. 5, 2006) ("Stipulation and Order").

Second, this is an e-filing case, and by consenting to participate in an e-filing case, Mattel expressly agreed to service by e-filing. Local Rule 5-3.3 expressly provides that "[t]he court and parties shall not be required to manually serve pleadings and documents that have been electronically filed . . . ." Mattel's sudden, unsupported proclamation that hand or mail service is required for e-filed documents is ridiculous, especially in light of the *thousands* of separate e-filings in this case. Bryant e-filed his opposition on February 20, 2008 as Docket Number

---

[1] Hereinafter, "Mattel's Motion for Leave."

1

REPLY IN SUPPORT OF BRYANT'S MOTION TO STRIKE MATTEL'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF
CASE NO. CV 04-09049 SGL (RNBx)

413090.01

2313. Thus, Bryant's opposition brief was properly served on that date, and Mattel's Reply was due no later than February 25, 2008. Stipulation and Order at ¶5 ("Any reply brief or letter brief shall be served within three court days from the date of service of a formal opposition or response.").

Finally, Mattel's claim that it is entitled to an additional three calendar days under Federal Rule of Civil Procedure 6(d) ignores the express language of the Stipulation and Order, and is directly contradicted by the Federal Rules. As previously mentioned, Mattel consented to being served by email and fax by signing the Stipulation and Order, and under that same order, reply briefs are due "within three court days" after service of an opposition brief. Stipulation and Order at ¶5. The Federal Rules make clear that if the party has consented to service by electronic means, then service "is complete upon transmission." Fed. R. Civ. P. 5(b)(2)(E).[2] Mattel's claim that it is entitled to an extra three days to serve its reply brief under Federal Rule of Civil Procedure 6(d) are, therefore, without merit.

For the above stated reasons, Bryant respectfully asks that the Court strike Mattel's reply in support of its now-moot, as it pertains to Mattel's Peoples Bank subpoena, Motion for Leave.

Respectfully submitted,

Dated: March 13, 2008

KEKER & VAN NEST, LLP

By: /s/ Matthew Werdegar
MATTHEW WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT

---

[2] Fed. R. Civ. P. 5(b)(2)(E) also states that even if the parties had consented to electronic service, service is not effective if the serving party learns that such electronic transmission did no reach the person served. The parties are in agreement that Bryant sent his opposition brief via email on February 20, 2008, and Mattel does not argue that it failed to receive Bryant's opposition brief on that date.

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On March 13, 2008, I served the following document(s):

**REPLY IN SUPPORT OF CARTER BRYANT'S MOTION TO STRIKE MATTEL INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO OBTAIN DISCOVERY AFTER THE PHASE 1 DISCOVERY CUT-OFF**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit; and

by **E-MAIL VIA PDF FILE,** by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Hon. Edward A. Infante<br>JAMS<br>Two Embarcadero Center, Suite 1500<br>San Francisco, CA 94111<br>Tel:  415/774-2649<br>Fax:  415/982-5287<br>Email:      schan@jamsadr.com | John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA  90017-2543<br>Tel:  213/443-3000<br>Fax:  213/443-3100<br>Email:<br>       johnquinn@quinnemanuel.com<br>Email:<br>       michaelzeller@quinnemanuel.com |

396176.01

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

|   |   |
|---|---|
| Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3144<br>Tel:   213/687-5000<br>Fax:   213/687-5600<br>Email: tnolan@skadden.com | Alexander H. Cote<br>Overland Borenstein Scheper & Kim LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, California 90071<br>Tel:   213/613-4660<br>Fax:   213/613-4656<br>Email :   acote@obsklaw.com |

Executed on March 13, 2008, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Julie Selby* (signature)

Julie A. Selby