THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>  Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation<br><br>  Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**REPLY MEMORANDUM OF THE MGA PARTIES IN SUPPORT OF MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008, ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES**<br><br>**Date: TBD**<br>**Time: TBD**<br>**Place: JAMS**<br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

# INTRODUCTION

In its opposition brief, Mattel Inc. ("Mattel") argues that the MGA Parties'[1] Motion for Clarification of the February 15, 2008,[2] Order is procedurally improper and substantively without merit. Mattel is wrong on both counts because (i) the MGA Parties do not seek reconsideration of the Court's February 15, 2008 Order, and (ii) the interrogatories at issue relate solely to Phase 2 issues.

# ARGUMENT

## I. THE MGA PARTIES' MOTION PROPERLY SEEKS CLARIFICATION OF THE COURT'S FEBRUARY 15, 2008, ORDER IN LIGHT OF JUDGE LARSON'S FEBRUARY 4, 2008, MINUTE ORDER STAYING ALL PHASE 2 DISCOVERY

Mattel contends that the MGA Parties' motion for clarification is, in reality, an improper motion for reconsideration of the Court's February 15, 2008, Order. (Mattel Opp. at 1-3.) Mattel misses the point of the motion entirely. Unlike Mattel, which contends in a motion filed with Judge Larson that the Court's February 15, 2008, Order was clearly erroneous and contrary to law, the MGA Parties do not challenge the Court's rulings as to the adequacy of the MGA Parties' responses to Interrogatories 41, 43-44 or the interrogatories directed to MGA Mexico, and accept the Court's conclusion that the MGA Parties should be compelled to provide further responses to those interrogatories. But the MGA Parties also believe that their obligation under the February 15, 2008, Order to provide further responses to those particular interrogatories *has been stayed* by operation Judge Larson's February 4, 2008, Minute Order. Faced with apparently conflicting orders -- the Court's February 15, 2008, Order compelling responses to Phase 2 interrogatories by

---

[1] The "MGA Parties" are MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian.

[2] The term "February 15, 2008, Order" refers to the Court's February 15, 2008, Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties. (Miller Decl. Ex. C.)

-1-

1  February 26, 2008, and Judge Larson's February 4, 2008, Order staying all Phase 2
2  discovery -- the MGA Parties sought clarification from this Court to avoid violation
3  of either order.
4        Mattel contends that the MGA Parties' argument that certain of the
5  interrogatories at issue constitute Phase 2 discovery was made at oral argument and
6  rejected by the Court.  As the MGA Parties pointed out in its moving papers, counsel
7  for the MGA Parties noted at oral argument that Judge Larson had stayed all Phase 2
8  discovery.  But that order came after the close of briefing on Mattel's motion to
9  compel and, therefore, the parties were not able to address in the papers specifically
10 which interrogatories related solely to Phase 2.  In addition, there is no evidence in
11 the Court's February 15, 2008, Order, that the Court considered this issue and
12 nevertheless compelled the MGA Parties to respond to Phase 2 interrogatories.  The
13 Court has not addressed this issue.
14       The MGA Parties will comply with the Court's February 15, 2008, Order with
15 respect to Interrogatories Nos. 41, 43-44 and all interrogatories directed to MGA
16 Mexico following the lifting of Judge Larson's stay of Phase 2 discovery.  In this
17 motion, the MGA Parties seek only clarification that its harmonization of this Court's
18 February 15, 2008, Order and Judge Larson's February 4, 2008, Minute Order is
19 correct.

**II.  MATTEL'S CONTENTION THAT THE INTERROGATORIES AT ISSUE ON THIS MOTION RELATE TO PHASE 1 IS LOGICALLY FLAWED AND WITHOUT MERIT**

22       Mattel does not dispute that Interrogatories Nos. 41 (except with respect to
23 Carter Bryant), 43 and 44, and the interrogatories directed to MGA Mexico (which
24 was formed in April 2004) relate to Phase 2, nor could it.  As Mattel concedes,
25 Interrogatory No. 41 seeks details about MGA's hiring of former Mattel employees,
26 presumably to facilitate an additional fishing expedition in search of
27 misappropriation of alleged Mattel trade secrets that does not exist.  (Mattel Opp. at
28 5.)  Mattel also concedes that Interrogatories Nos. 43 and 44 "seek information on

the dates of creation and other information related to the products that MGA contends Mattel has infringed." (Mattel Opp. at 5:12-14.) MGA's claims against Mattel will be tried in Phase 2. And Mattel asserts in sensationalistic fashion that "MGAE de Mexico's entire organization is built on a foundation of Mattel's stolen intellectual property." (Mattel Opp. at 6:6-7.) These are all Phase 2 claims and issues because they relate to Mattel's trade secret claims and MGA's claims against Mattel, not the ownership of the original Bratz drawings.

Mattel attempts to manufacture a link to Phase 1 by contending that the interrogatories relate to Phase 1 damages issues raised by MGA's damages experts. (Mattel Opp. at 5-6.) Mattel's position is wrong because even if Mattel could prove that Bratz profits were attributable to trade secret misappropriation, that ultimate conclusion would not increase Mattel's Phase 1 damages (whatever the impact may be on Mattel's Phase 2 damage claims). Mattel's *ipse dixit* argument can be summarized as follows:

- MGA contends that even if it can be proven that Mattel owns the original Bratz drawings and MGA has infringed Mattel's interests in those drawings, Mattel is not entitled to recover as damages all of MGA's profits from Bratz because a portion of those profits is attributable to factors other than MGA's alleged infringement of the Bratz drawings (Mattel Opp. at 3-4);
- MGA's damages experts have contended that a portion of MGA's profits from Bratz is attributable to later innovations in the Bratz line of dolls (*id.*);
- Mattel claims in Phase 2 that those "innovations" were "stolen" by MGA in alleged acts of trade secret misappropriation (*id.* at 4-5);
- "MGA cannot use stolen information from Mattel to promote, develop, market and advertise Bratz, and then rely on that stolen information to attempt to reduce Mattel's damages." (*id.* at 7:2-4.); and, therefore,
- Interrogatories directed to Mattel's trade secret misappropriation claims are now relevant to Phase 1 damages (*id.* at 6-7.)

-3-

1 Mattel cites no legal authority supporting its assertions.

2      Mattel's logic is flawed because the issue of apportionment of damages in Phase 1 will focus on whether MGA's profits were or were not attributable to MGA's alleged infringement of the Bratz drawings, not whether those profits were attributable to alleged trade secret misappropriation.  If the profits were not attributable to the alleged infringement, then they are not recoverable as damages in Phase 1, *whether or not those profits may have been attributable to alleged trade secret misappropriation*.  Thus, even if Mattel could prove that MGA misappropriated Mattel trade secrets and that a portion of MGA's profits is attributable to that trade secret misappropriation, those profits would not be recoverable in Phase 1 because MGA's profits must be attributable to the alleged infringement of Mattel's copyrights in the drawings to be recoverable.  Whether Mattel can prove trade secret misappropriation or that damages were caused by that alleged misappropriation will be determined in Phase 2.  If Mattel is successful in Phase 2, it can recover damages caused by any proven misappropriation.

     In its flawed logic, Mattel erroneously conflates the issue of causation in Phase 1 and trade secret misappropriation damages in Phase 2.  As Judge Larson made clear, Phase 1 is limited to "issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings."  (July 2, 2007 Minute Order, Miller Decl. Ex. F at 2.)

     In Phase 1, Mattel seeks damages for infringement of the copyrights it allegedly owns in the original Bratz drawings.  (2d. Am. Answer & Countercls., Supplemental Miller Decl. Ex. M at 54.)  "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement . . . ."  17 U.S.C. § 504(b) (2007).  Mattel seeks to recover all of MGA's profits from Bratz over the last

-4-

several years as an item of its claim that MGA infringed Mattel's alleged copyrights in the original drawings. (*See* Expert Report of Michael J. Wagner, February 11, 2008, Supplemental Miller Decl. Ex. N at 7-10.)

As an initial matter, "there must first be a demonstration [by Mattel] that the infringing acts had an effect on profits before the parties can wrangle about apportionment." *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002). If Mattel is able to make such a showing, MGA is entitled to show that a portion of its profits from Bratz is "attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 518 (9th Cir. 1985) ("When an infringer's profits are attributable to factors in addition to use of plaintiff's work, an apportionment of profits is proper."). Thus, Mattel is not entitled to recover any portion of MGA's profits that is attributable to any factor other than the copyrighted work because any such profits were not causally related to the alleged infringement of Mattel's alleged copyrights in the Bratz drawings.

As Mattel points out in its opposition, MGA contends that a portion of its Bratz profits is attributable to MGA's development of the Bratz line after the initial launch of Bratz. (Mattel Opp. at 3-4; 5.) If MGA is correct, then Mattel is not entitled to recover that portion of MGA's profits because those profits are not attributable to the copyrighted work. 17 U.S.C. § 504(b). Mattel contends that MGA's development of Bratz was the result of trade secret misappropriation. MGA vigorously disputes that contention. But that dispute will be tried in Phase 2. If Mattel can prove its trade secret misappropriation claims, then it can seek damages for that alleged misappropriation in Phase 2. But whether MGA's Bratz profits are attributable to MGA's creative efforts in developing the Bratz line or, as Mattel alleges, trade secret misappropriation, those profits are not attributable to any alleged infringement of Mattel's copyrights in the Bratz drawings. Accordingly, even if Mattel could prove its Phase 2 trade secret claims and that MGA's Bratz profits were

-5-

attributable to MGA's alleged trade secret misappropriation, Mattel would not be entitled to recover those profits as copyright infringement damages in Phase 1.

Consequently, discovery requests by Mattel directed to its trade secret claims are not relevant to Phase 1. As discussed above, Interrogatories Nos. 41 (except with respect to Carter Bryant), 43 and 44, and the interrogatories directed to MGA Mexico (which was formed in April 2004) relate to Mattel's Phase 2 trade secret claims. Therefore, any obligation to provide further responses to those interrogatories has been stayed by operation of Judge Larson's February 4, 2008, Minute Order staying all Phase 2 discovery.

Finally, Mattel contends based on comments at the February 4, 2008, hearing before Judge Larson that Mattel gets to decide which of its discovery requests relate solely to Phase 2. (Mattel Opp. at 7-8.) As demonstrated above, if left to its devices, Mattel will drag its entire Phase 2 trade secret case into the Phase 1 trial, completely obliterating the efficient trial structure approved by Judge Larson. Mattel's unending attempts to disrupt and delay the Phase 1 trial should not be countenanced.

## CONCLUSION

The MGA Parties motion for clarification should be granted.

DATED: March 13, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____/s/ Raoul D. Kennedy_____
RAOUL D. KENNEDY

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN