THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>DECLARATION OF MATTHEW E. SLOAN IN SUPPORT OF MGA DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE MARCH 17 DEADLINE FOR MGA TO SERVE ITS REBUTTAL EXPERT REPORT CONCERNING MS. PRINCE'S NOTARY BOOK OR, IN THE ALTERNATIVE, PRECLUDING MATTEL FROM INTRODUCING ANY EXPERT EVIDENCE REGARDING ITS EXAMINATION OF THE NOTARY BOOK<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

I, Matthew E. Sloan, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and am counsel at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps"), counsel of record for MGA Entertainment, Inc. ("MGA"), Isaac Larian ("Mr. Larian" or "Larian"), MGA Entertainment (HK) Limited ("MGA HK"), and MGAE de Mexico S.R.L. de C.V. ("MGA Mexico") (collectively, the "MGA Defendants") in the above-captioned matter. I submit this Declaration in Support of the MGA's Defendants' *Ex Parte* Application For An Order Extending The March 17 Deadline For MGA To Serve Its Rebuttal Expert Report Concerning Ms. Prince's Notary Book Or, In The Alternative, Precluding Mattel From Introducing Any Expert Evidence Regarding Its Examination Of The Notary Book. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. On March 12, 2008, I sent an email to Diane Hutnyan and, on March 13, 2008, I sent a second email to her. On March 13, 2008, Diane Hutnyan sent me an email in response to my earlier emails. True and correct copies of these emails are attached hereto as **Exhibit 1**.

3. On September 11, 2007, Daniel Warren sent a letter to Monita Jones. A true and correct copy of that letter is attached hereto as **Exhibit 2**.

4. On February 8, 2008, Valery Aginsky issued an expert opinion in this action. A true and correct copy of that expert report is attached hereto as **Exhibit 3**.

5. On August 30, 2007, the Discovery Master issued an Order Granting Mattel, Inc.'s Motion to Compel Bryant to Make Original Documents Available for Expert Examination and Testing. A true and correct copy of that Order is attached hereto as **Exhibit 4**.

6. On December 13, 2007, Diane Hutnyan sent a letter to Daniel Warren. A true and correct copy of that letter is attached hereto as **Exhibit 5**.

DECLARATION OF MATTHEW SLOAN IN SUPPORT OF MGA DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE MARCH 17 DEADLINE
Case No. CV 04-9049 SGL (RNBx

1

7. On December 20, 2007, Carl Roth sent a letter to Diane Hutnyan. A true and correct copy of that letter is attached hereto as **Exhibit 6**.

8. On December 25, 2007, Diane Hutnyan sent a letter to Daniel Warren. A true and correct copy of that letter is attached hereto as **Exhibit 7**.

9. On January 3, 2008, Diane Hutnyan sent an email to Ryan Weinstein. A true and correct copy of that email is attached hereto as **Exhibit 8**.

10. On January 4, 2008, Ryan Weinstein sent an email to Diane Hutnyan. A true and correct copy of that email is attached hereto as **Exhibit 9**.

11. On January 4, 2008, Mattel's expert took microplug extractions from the Prince notary book, which was observed by counsel for MGA.

12. On February 18, 2008, Ryan Weinstein sent a letter to Daniel Warren. A true and correct copy of that letter is attached hereto as **Exhibit 10**.

13. On February 18, 2008, Diane Hutnyan sent a letter to Daniel Warren. A true and correct copy of that letter is attached hereto as **Exhibit 11**.

14. On February 21, 2008, Diane Hutnyan sent a letter to Ryan Weinstein and Daniel Warren. A true and correct copy of that letter is attached hereto as **Exhibit 12**.

15. On February 22, 2008, Ryan Weinstein sent a letter to Daniel Warren. A true and correct copy of that letter is attached hereto as **Exhibit 13**.

16. On February 22, 2008, Diane Hutnyan sent an email to Daniel Warren, and I then sent an email to Diane Hutnyan. True and correct copies of those emails are attached hereto as **Exhibit 14**.

17. On February 25, 2008, at approximately 1:00 p.m., I participated in a telephone conference call with Diane Hutnyan and my colleague, Ryan Weinstein. The conference call ended at approximately 2:00 p.m.

18. During the February 25 conference call, Diane Hutnyan indicated that she did not trust MGA's counsel, Skadden Arps, to maintain possession of the notary book pending any expert testing, but that she would consider entering a stipulation if it

provided that the notary book would be transmitted directly to MGA's proposed expert. As I recall, Ms. Hutnyan told Mr. Weinstein and me: "I don't want you touching the log book." When I inquired, somewhat in disbelief, whether Ms. Hutnyan was suggesting that Mr. Weinstein and I might try to "spoliate" the evidence in breach of our duties as officers of the court, Ms. Hutnyan said, as best as I can recall, "You have an overinflated sense of your own integrity."

19. On February 27, 2008, Ryan Weinstein sent an email to Diane Hutnyan. A true and correct copy of that email is attached hereto as **Exhibit 15**.

20. On February 27, 2008, at approximately 11:00 a.m., Ryan Weinstein emailed a copy of a proposed stipulation to Diane Hutnyan. A true and correct copy of that proposed stipulation is attached hereto as **Exhibit 16**.

21. On February 28, 2008, I sent an email to Diane Hutnyan. A true and correct copy of that email is attached hereto as **Exhibit 17**.

22. On February 29, 2008, I sent an email to Diane Hutnyan. A true and correct copy of that email is attached hereto as **Exhibit 18**.

23. On March 2, 2008, I sent an email to Diane Hutnyan. A true and correct copy of that email is attached hereto as **Exhibit 19**.

24. On February 28, 2008, Diane Hutnyan sent an email to me. A true and correct copy of that email is attached hereto as **Exhibit 20**.

25. On February 28, 2008, Ryan Weinstein sent a letter to Diane Hutnyan. A true and correct copy of that letter is attached hereto as **Exhibit 21**.

26. On March 3, 2008, Diane Hutnyan sent a letter to me. A true and correct copy of that letter is attached hereto as **Exhibit 22**.

27. On March 3, 2008, I sent a letter to Diane Hutnyan along with an amended proposed stipulation. True and correct copies of that letter and stipulation are attached hereto as **Exhibits 23 and 24**, respectively.

DECLARATION OF MATTHEW SLOAN IN SUPPORT OF MGA DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE MARCH 17 DEADLINE
Case No. CV 04-9049 SGL (RNBx
3

28.     On March 3, 2008, at approximately 10:51 p.m., I sent Exhibits 23 and 24 to Diane Hutnyan by email. A true and correct copy of that email is attached hereto as **Exhibit 25**.

29.     The March 3, 2008 letter from Diane Hutnyan to me was transmitted by email at approximately 11:39 a.m. A true and correct copy of that email is attached hereto as **Exhibit 26**.

30.     On March 5, 2008, Diane Hutnyan sent a letter to me and Ryan Weinstein. A true and correct copy of that letter is attached hereto as **Exhibit 27**.

31.     On March 5, 2008, Ryan Weinstein sent a letter to Daniel Warren, attaching a subpoena. A true and correct copy of that letter is attached hereto as **Exhibit 28**.

32.     On March 6, 2008, I sent a letter to Diane Hutnyan. A true and correct copy of that letter is attached hereto as **Exhibit 29**.

33.     On March 8, 2008, Diane Hutnyan sent an email to me. A true and correct copy of that email is attached hereto as **Exhibit 30**.

34.     On March 9, 2008, I sent an email to Diane Hutnyan. A true and correct copy of that email is attached hereto as **Exhibit 31**.

35.     On March 9, 2008, Michael Zeller sent an email to me. A true and correct copy of that email is attached hereto as **Exhibit 32**.

36.     On March 9, 2008, Diane Hutnyan sent an email to me. A true and correct copy of that letter is attached hereto as **Exhibit 33**.

37.     I have instructed Dr. Lyter not to engage in any destructive sampling of the Prince notary book pending the Court's resolution of Mattel's application.

38.     On December 21, 2004, Jacqueline Prince was deposed in this action. A true and correct copy of excerpts from the certified court reporter's transcript of that proceeding is attached hereto as **Exhibit 34**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of March, 2008, in Los Angeles, California.

_____
Matthew Sloan

---

DECLARATION OF MATTHEW SLOAN IN SUPPORT OF MGA DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE MARCH 17 DEADLINE
Case No. CV 04-9049 SGL (RNBx
5