# Exhibit 4

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
14      vs.                               Case No. CV 05-02727

15  MATTEL, INC., a Delaware corporation, **DISCOVERY MATTER**

16            Defendant.                  Hon. Edward A. Infante (Ret.)
                                          Discovery Master
17
                                          [~~PROPOSED~~] ORDER GRANTING
18  AND CONSOLIDATED CASES               MATTEL, INC.'S MOTION TO
                                          COMPEL BRYANT TO MAKE
19                                        ORIGINAL DOCUMENTS
                                          AVAILABLE FOR EXPERT
20                                        EXAMINATION AND TESTING

21                                        Date: August 23, 2007
                                          Time: 9:00 a.m.
22                                        Place: Telephonic

23                                        Discovery Cut-Off: October 22, 2007
                                          Pre-Trial Conference: January 14, 2008
24                                        Trial Date: February 12, 2008

25

26

27

28

07209/2201994.1

                                                     [PROPOSED] ORDER

Exhibit 4 ,
P. 50

1    Having considered Mattel, Inc.'s Motion To Compel Bryant To Make

2 Original Documents Available For Expert Examination and Testing (the "Motion"),

3 and all other papers and argument submitted in support of or opposition to the

4 Motion, and finding good cause therefore,

5    IT IS HEREBY ORDERED that:

6    1.    Mattel's Motion is GRANTED IN PART, as follows:

7    2.    The following materials were provided to the Discovery Master, at

8 his request, for *in camera* review:  the C.V. of the four experts who will be

9 conducting examination, inspection and testing of the documents; and statements

10 from each of them as to the location and nature of their laboratory facilities, as to

11 their individual practices with regard to the preservation of evidence, and as to their

12 understanding that they are fully accountable for Bryant's original documents while

13 those documents are in their custody.  The Discovery Master has found Mattel's

14 showing with respect to the experts satisfactory.

15    3.    Accordingly, Bryant shall produce to Mattel, within ten (10) Court

16 days of entry of this Order, on the day that Mattel specifies, the original documents

17 listed below for Mattel's experts' examination, testing and/or analysis:

18    • the originals of boxes 1 through 8 inclusive;

19    • from box 9: folders "Sugar Planet Spring 2003 Tropical" and "Sugar
20      Planet General 2001-2002?";

21    • from box 10: folders "Baby Bratz," "F 04 Retro Funk General," "Sugar
22      Planet Butterfly Purse & Character S 04," "Lipstixx 2003," Sugar Planet
23      Candyland Purse:  Character S 04" and "Sugar Planet Tropical 2001"

24    • from box 11: folders entitled "Bratz Dollpack Fall 2003," "S04 Girls
25      Night Out," "Bratz New Accessories Etc. 2002," "Bratz Petz S04,"
        "Winter Wonderland F03 Dolls," "Bratz Spring 2002 7.99 molded
26      pieces," "S04 Sweetheart," "Jade Dollpack Spring 2003," "Jade Fall
27      2002," "Sasha Fall 2002," "Yasmin Fall 2002," "Cloe Fall 2002," "New

28

-1-

PROPOSED ORDER

Exhibit 4 ,
P. 51

Girl 2002 Fall," "Bratz $7.99 2002 Spring Break," and "Bratz Spring 2002 14.99 segment."

~~If Mattel's experts determine that their analysis would potentially benefit from access to other original documents not listed above, Bryant will make those originals available to Mattel's counsel or Mattel's expert(s) at Mattel's counsel's direction upon five (5) Court days' notice.~~

4.    On the day specified, Mattel will pick up the documents listed above from Keker & Van Nest's San Francisco office during normal business hours. The next day after the documents are removed from Keker & Van Nest shall be the first of 35 days that Mattel will have for the expert examination and testing of the materials requested for preparation of its initial expert reports, which time period may be extended upon a showing by Mattel of good cause by further Order of the Discovery Master. The documents shall be returned to Keker & Van Nest's San Francisco office on the 35th day during normal business hours.

5.    The experts' examination, testing and analysis may take place at the experts' laboratories. Any shipping of the originals will be done by overnight mail, for earliest delivery possible to the destination area, using Federal Express or UPS or a similar service that Bryant selects.

6.    If any of Mattel's experts recommends that a form of destructive testing (that is, any testing that would alter the documents' inherent physical status) be conducted, the following procedure shall be used. First, Mattel will send a request in writing to Bryant and MGA explaining what would be tested and what test or tests would be conducted. Then Bryant and MGA will have five (5) Court days to object, in which case the parties must meet and confer and, within three (3) more Court days, file a joint statement with Judge Infante to seek resolution of the dispute. Bryant and MGA may also elect to have their own experts attend for any destructive testing being done, so long as they make this election in writing to Mattel within the five-Court-day objection period, and so long as the testing can take place within ten (10)

07209/2201994.1

PROPOSED ORDER

Exhibit _4_ ,
P. _52_

1  Court days of the original request. If Bryant's or MGA's expert, while he or she is

2  observing the examination or destructive testing, raises any issues about sampling or

3  testing being done or any other aspects of the expert's or experts' process, the parties

4  will seek immediate resolution from this Court so that the sampling, testing or other

5  activity will not be delayed. If Bryant's counsel or MGA's counsel does not object or

6  seek attendance by its expert within five days of the request, the proposed destructive

7  testing shall be deemed as unobjectionable and may be carried out without further

8  delay.

9       7.     With the exception of alterations resulting from any destructive

10  testing, which would be conducted in accordance with the protocol above, all the

11  Bryant documents that are provided for inspection, examination and testing shall be

12  returned in the same condition, sequence and order in which they were received.

13       **IT IS SO ORDERED.**

14

15  DATED: *Aug 30*, 2007

16

17

18  Hon. Edward Infante (Ret.)
     Discovery Master

19

20

21

22

23

24

25

26

27

28

1

2   Prepared and respectfully submitted by:
    QUINN EMANUEL URQUHART
3   OLIVER & HEDGES, LLP

4

5   _Dane C. Hutnyan (SBK_
    Diane C. Hutnyan
6   Attorneys for Mattel, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2201994.1                                    -4-

                                                              PROPOSED ORDER

                        Exhibit 4 ,
                        P. 54

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 30,

2007, I served the attached ORDER GRANTING MATTEL, INC'S MOTION TO COMPEL

BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT

EXAMINATION AND TESTING in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that

the above is true and correct.

Executed on August 30, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

Exhibit 4 ,
P. 55

# Exhibit 5

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

December 13, 2007

<u>VIA FACSIMILE AND EMAIL</u>

Daniel Warren, Esq.
Sutherland Asbil & Brennan, LLP
999 Peachtree Street
Suite 2300
Atlanta, GA 30309

Re:    <u>Carter Bryant v. Mattel</u>

Dear Mr. Warren:

Thank you again for providing our experts access to Ms. Prince's notary book. Our experts have not conducted any destructive testing on it to date. However, one of our experts recommends our taking some small plug samples from various handwritten ink lines of the notary book, including those in the 8/26/99 Carter Bryant entry, so that ink identification testing can be done. Could you please let me know whether you have any objection to that? If you have any questions, please call me at 213-443-3666.

Sincerely,

Diane C. Hutnyan

DH
07209/2321947.1
cc:    Timothy Miller, Esq.

**quinn emanuel urquhart oliver & hedges, llp**

07209/2321947.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Exhibit  5  ,
P.  56

# Exhibit 6

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 20, 2007

<u>Via Email and Facsimile</u>

Diane C. Hutnyan
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

RE:   Bryant vs. Mattel, Inc. (and Consolidated Cases)
Case No. CV04-9049 SGL(RNBx) (Consolidated with
<u>Case Nos. CV04-09059 and CV05-02727)</u>

Dear Ms. Hutnyan:

I am in receipt of your December 13, 2007 letter to Daniel Warren, cc'd to Tim Miller, concerning Mattel's request to conduct certain testing on Ramona Prince's notary book. As I have advised Mr. Warren, MGA requests that its ink testing consultant be present when any so-called "destructive testing" of that notary book is conducted. Please propose a date and location for that testing so that I can arrange for our consultant to be present.

Very truly yours,

Carl Alan Roth

cc: Daniel Warren (via email and facsimile)
CAR:pp

487122.01-Los Angeles Server 1A - MSW

Exhibit __6__,
P. __57__

# Exhibit 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

December 25, 2007

<u>VIA EMAIL</u>

Daniel Warren, Esq.
Sutherland Asbil & Brennan, LLP
999 Peachtree Street
Suite 2300
Atlanta, GA 30309

Re:   <u>Mattel v. Carter Bryant</u>

Dear Dan:

Pursuant to your request, I am writing to inform you, in greater detail, of the procedure our expert plans to use when extracting samples from entries in Ms. Prince's notary book. As we have discussed, Mattel's expert plans to take small ink samples from entries in Ms. Prince's notary book, including but not limited to parts of the 8/26/99 ink entry on the originals of Bryant 00928 and 00929, so that ink identification testing may conducted.

To obtain the samples, our expert (whose qualifications were carefully reviewed and approved as satisfactory by Judge Infante) would punch small holes, better known as "microplugs," from the text of Ms. Prince's notary book. With the exception of the removal of the microplugs, the notary book will remain intact; also our expert will take care to leave a significant portion of each text entry intact such that future samples may be taken from the same entries. As previously discussed, you or your designated expert are welcome to attend the taking of these samples. Once the microplugs have been taken, we are happy to return the notary book to your custody right away.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California  94065 | TEL (650) 801-5000  FAX (650) 801-5100

07209/2335468.1

Exhibit <u>7</u>,
P. <u>58</u>

Dan Warren, Esq.
December 25, 2007

Please let me know if you have any further questions; or if not, that you will approve the sampling requested.

Thank you for your cooperation in this matter.

Sincerely,


/s/

Diane C. Hutnyan

07209/2335468.1
cc:     Timothy Miller, Esq.
        Michael H. Page, Esq.

07209/2335468.1                          2

Exhibit 7 ,
P. 55

# Exhibit 8

## Chun, Jean A (LAC)

**From:** dianehutnyan@quinnemanuel.com
**Sent:** Thursday, January 03, 2008 3:04 PM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael
T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

Thanks for your phone message. As I stated in an earlier email, we would like information about Mr. Harner so as
to be able to properly assess and counter any objection he might make. Also, if Mr. Harner is not an "ink
consulting expert," as MGA had represented, he will not be permitted to attend. Is it a problem to provide his c.v.?

Please let me know if you have further questions.

Diane

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 1:18 PM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller;
Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

Given that Mattel does not plan to have its lawyers present, we'll resolve the issue by keeping our
own lawyer at home.

Should MGA's consultant raise any issues regarding Mattel's sampling, we will seek to resolve those
issues in the manner prescribed in Judge Infante's August 30, 2007 Order.

Also, I don't believe we've set a time yet for the sampling. Please let us know when the sampling
will begin tomorrow.

Thanks,
Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, January 03, 2008 12:38 PM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller;
Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

Exhibit _8_ ,
P. _60_

We did not plan to have a lawyer present.

As for your concern about the preservation of the documents:  First, we should point out that our expert has world-class credentials which, as you know, have been reviewed by the Discovery Master and expressly found satisfactory.  Part of that determination was a submission from the expert about his "individual practice[] with regard to the preservation of evidence, and as to [his] understanding that [he is] fully accountable for Bryant's original documents while those documents are in [his] custody."  Also, we have a protocol in place in this case in which we agreed that "with the exception of alterations resulting from any destructive testing, . . . all the Bryant documents that are provided for inspection, examination and testing shall be returned in the same condition. . . in which they were received."  (August 30, 2007 Order, paras. 2 and 7).  The notary book, as it has been along while in our experts' custody, will be treated with great care so as to preserve its evidentiary value.  Our expert will not be doing anything that would harm or impair the documents' evidentiary value.

And one of the main reasons for allowing MGA's consultant to observe is to provide the reassurances you seek as well as an opportunity to object if deemed necessary.  The August 30 court order contemplates that "If Bryant's or MGA's expert, while he or she is observing the examination or destructive testing, raises any issues about sampling or testing being done or any other aspects of the expert's or experts' process, the parties will seek immediate resolution from this Court so that the sampling, testing or other activity will not be delayed."  We do not believe anything being done tomorrow will be remotely objectionable, but if Mr. Harner has an objection, he has an opportunity to raise it.  Please forward Mr. Harner's c.v. to me today so that we will be in a position to assess the basis for any objection he might make.

What are the "other reasons" MGA seeks to have Mr. Huh attend?

Thanks very much.

Diane

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 11:14 AM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

We'd like to better understand Mattel's basis for objecting to the presence of MGA counsel at the micro-plug sampling.  Does Mattel not plan to have its own lawyers present?

Among other reasons, MGA prefers that its counsel attend to help ensure that Mattel's sampling does not harm or otherwise impair the evidentiary value of the original documents. Does Mattel object to the presence of MGA counsel for that purpose?

Thanks,
Ryan

---

Exhibit _8_ ,
P. _61_

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, January 03, 2008 10:28 AM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller;
Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

I'm sorry but Mr. Huh cannot attend, especially on one day's notice.  You have never asked for
a lawyer to attend, and none of the parties contemplated that when reaching agreement on the
protocol for destructive testing in this case.  Why do you want a lawyer to attend?

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 9:44 AM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller;
Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

Jason Harner is the ink testing consultant who will be observing the micro-plug sampling for MGA.
Additionally, Peter Huh from our Chicago office will also attend.

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Wednesday, January 02, 2008 10:48 AM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller;
Chris Grohman
**Subject:** RE: Mattel v. Bryant

Ryan,

We are all set for January 4.  The procedure should take about an hour.  It can be done
between 11:00 a.m. and 4:00 p.m. EST.  Please let me know what times your consultant is
available within that range.  Also, please let me know who your consultant is.

I also have confirmed the location for the microplugging.  It is not, as I reported earlier, in
Grand Ledge.  It is in Lansing.  The address is: 2511 Lafayette Avenue, Lansing, Michigan.
That should be good news for your consultant traveler.

Please confirm that you have received this and everything is in order.

I am still confirming arrangements for the sampling of the Bryant originals.  I hope to get back
to you on that later today.

Thanks,

Exhibit  8 ,
P.  62

3/12/2008

Diane

.

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Friday, December 28, 2007 2:42 PM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller; Chris Grohman
**Subject:** RE: Mattel v. Bryant

Diane,

We're confirmed for January 4.

As for the following week, our consultant is available January 10 and 11. Please let us know how you'd like to proceed.

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Friday, December 28, 2007 12:30 PM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller; Chris Grohman
**Subject:** RE: Mattel v. Bryant

Ryan,

Of the dates you gave me, the only day I have available for the ink micro-plugging on the notary book is January 4. We should go ahead and schedule that, as our expert is completely unavailable all around those dates (except for the 2nd and 3rd but your consultant is not available then). The plugs would be taken in Grand Ledge, Michigan, which is very close to Lansing. Please confirm.

As for the paper plugging, your consultant has no availability at all on the week of the 7th? I am trying to check the following week for you but may not get an answer today. Please have your consultant hold open the week of the 14th if he can, okay? Also, he should try to hold the 11th in the event that we need that extra day to get a four-day spread into the next week.

Thanks.

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Friday, December 28, 2007 12:02 PM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven
**Subject:** RE: Mattel v. Bryant

Great - thank you.

Exhibit  8  ,
P.  63

3/12/2008

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Friday, December 28, 2007 11:58 AM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven
**Subject:** RE: Mattel v. Bryant

Hi, Ryan,

Thanks for your email and clarification.

I was just about to send over a note saying I was checking those dates and would hopefully
have some answers shortly. I will let you know as soon as I can confirm our experts'
availability (I hope today but cannot promise).

Thanks

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Friday, December 28, 2007 11:00 AM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com
**Subject:** Mattel v. Bryant

Diane,

I write to follow up on Carl Roth's letters to you, dated December 20 and December 26, 2007. In
those letters, MGA requested that its ink testing consultant observe Mattel's "destructive testing" of
Ramona Prince's log books, and proposed dates for that testing. Please confirm that one or more
of the proposed dates work for the testing of both Ms. Prince's log books and Carter Bryant's
original drawings. As set forth in Carl's December 26 letter, MGA proposes January 4, 5, 6, and 11,
and the entire week of January 14. Additionally, we again request that Mattel propose a location
for the testing.

Regards,
Ryan

Ryan Weinstein
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 687-5526
Fax: (213) 621-5526
E-mail: rweinste@skadden.com

--------------------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unles

****************************************************

Exhibit _8_,
P. _64_

3/12/2008



This email and any attachments thereto, is intended only for use by the addressee(s)

Further information about the firm, a list of the Partners and their professional qu
****************************************************
=====================================================================================

--------------------------------------------------------------------------------
****************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s

Further information about the firm, a list of the Partners and their professional qu
****************************************************
=====================================================================================

--------------------------------------------------------------------
******************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ******************************************************
=====================================================================================

--------------------------------------------------------------------
******************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ********************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ******************************************************
=====================================================================================

--------------------------------------------------------------------
******************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of

Exhibit 8 ,
P. 65

(i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. **************************************************** **************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ****************************************************

Exhibit 8 ,
P. 66

3/12/2008

# Exhibit 9

## Chun, Jean A (LAC)

| | |
|---|---|
| **From:** | RWEINSTE |
| **Sent:** | Friday, January 04, 2008 9:46 AM |
| **To:** | 'Diane Hutnyan' |
| **Cc:** | Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; 'Andrea Hoeven'; 'Michael T Zeller'; 'Chris Grohman'; Huh, Peter J (CHI) |
| **Subject:** | RE: Mattel v. Bryant |
| **Attachments:** | Jason_Harner_CV.pdf |

Diane,

Please find Jason Harner's CV attached.

Regards,
Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, January 03, 2008 4:59 PM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

Thank you very much.  Please make sure you send it to me (by email, please) before the inspection begins at 2:00 p.m. EST.

Diane

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 3:40 PM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

To accommodate your request, we will endeavor to obtain a copy of Mr. Harner's CV and will forward it to you once we obtain it.

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, January 03, 2008 3:04 PM
**To:** Weinstein, Ryan (LAC)

Exhibit 9 ,
P. 67

3/12/2008

**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

Thanks for your phone message. As I stated in an earlier email, we would like information about Mr. Harner so as to be able to properly assess and counter any objection he might make. Also, if Mr. Harner is not an "ink consulting expert," as MGA had represented, he will not be permitted to attend. Is it a problem to provide his c.v.?

Please let me know if you have further questions.

Diane

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 1:18 PM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

Given that Mattel does not plan to have its lawyers present, we'll resolve the issue by keeping our own lawyer at home.

Should MGA's consultant raise any issues regarding Mattel's sampling, we will seek to resolve those issues in the manner prescribed in Judge Infante's August 30, 2007 Order.

Also, I don't believe we've set a time yet for the sampling. Please let us know when the sampling will begin tomorrow.

Thanks,
Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, January 03, 2008 12:38 PM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

We did not plan to have a lawyer present.

As for your concern about the preservation of the documents: First, we should point out that our expert has world-class credentials which, as you know, have been reviewed by the Discovery Master and expressly found satisfactory. Part of that determination was a submission from the expert about his "individual practice[] with regard to the preservation of

Exhibit __9__,
P. __68__

evidence, and as to [his] understanding that [he is] fully accountable for Bryant's original documents while those documents are in [his] custody." Also, we have a protocol in place in this case in which we agreed that "with the exception of alterations resulting from any destructive testing, . . . all the Bryant documents that are provided for inspection, examination and testing shall be returned in the same condition. . . in which they were received." (August 30, 2007 Order, paras. 2 and 7). The notary book, as it has been along while in our experts' custody, will be treated with great care so as to preserve its evidentiary value. Our expert will not be doing anything that would harm or impair the documents' evidentiary value.

And one of the main reasons for allowing MGA's consultant to observe is to provide the reassurances you seek as well as an opportunity to object if deemed necessary. The August 30 court order contemplates that "if Bryant's or MGA's expert, while he or she is observing the examination or destructive testing, raises any issues about sampling or testing being done or any other aspects of the expert's or experts' process, the parties will seek immediate resolution from this Court so that the sampling, testing or other activity will not be delayed." We do not believe anything being done tomorrow will be remotely objectionable, but if Mr. Harner has an objection, he has an opportunity to raise it. Please forward Mr. Harner's c.v. to me today so that we will be in a position to assess the basis for any objection he might make.

What are the "other reasons" MGA seeks to have Mr. Huh attend?

Thanks very much.

Diane

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 11:14 AM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

We'd like to better understand Mattel's basis for objecting to the presence of MGA counsel at the micro-plug sampling. Does Mattel not plan to have its own lawyers present?

Among other reasons, MGA prefers that its counsel attend to help ensure that Mattel's sampling does not harm or otherwise impair the evidentiary value of the original documents. Does Mattel object to the presence of MGA counsel for that purpose?

Thanks,
Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Thursday, January 03, 2008 10:28 AM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Ryan,

Exhibit 9 ,
P. 69

3/12/2008

I'm sorry but Mr. Huh cannot attend, especially on one day's notice. You have never asked for a lawyer to attend, and none of the parties contemplated that when reaching agreement on the protocol for destructive testing in this case. Why do you want a lawyer to attend?

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Thursday, January 03, 2008 9:44 AM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller; Chris Grohman; Huh, Peter J (CHI)
**Subject:** RE: Mattel v. Bryant

Diane,

Jason Harner is the ink testing consultant who will be observing the micro-plug sampling for MGA. Additionally, Peter Huh from our Chicago office will also attend.

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Wednesday, January 02, 2008 10:48 AM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller; Chris Grohman
**Subject:** RE: Mattel v. Bryant

Ryan,

We are all set for January 4. The procedure should take about an hour. It can be done between 11:00 a.m. and 4:00 p.m. EST. Please let me know what times your consultant is available within that range. Also, please let me know who your consultant is.

I also have confirmed the location for the microplugging. It is not, as I reported earlier, in Grand Ledge. It is in Lansing. The address is: 2511 Lafayette Avenue, Lansing, Michigan. That should be good news for your consultant traveler.

Please confirm that you have received this and everything is in order.

I am still confirming arrangements for the sampling of the Bryant originals. I hope to get back to you on that later today.

Thanks,

Diane

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Friday, December 28, 2007 2:42 PM
**To:** Diane Hutnyan

Exhibit ___9___,
P. ___70___

3/12/2008

**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven; Michael T Zeller;
Chris Grohman
**Subject:** RE: Mattel v. Bryant

Diane,

We're confirmed for January 4.

As for the following week, our consultant is available January 10 and 11. Please let us know how
you'd like to proceed.

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Friday, December 28, 2007 12:30 PM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven; Michael T Zeller;
Chris Grohman
**Subject:** RE: Mattel v. Bryant

Ryan,

Of the dates you gave me, the only day I have available for the ink micro-plugging on the
notary book is January 4. We should go ahead and schedule that, as our expert is completely
unavailable all around those dates (except for the 2nd and 3rd but your consultant is not
available then). The plugs would be taken in Grand Ledge, Michigan, which is very close to
Lansing. Please confirm.

As for the paper plugging, your consultant has no availability at all on the week of the 7th? I
am trying to check the following week for you but may not get an answer today. Please have
your consultant hold open the week of the 14th if he can, okay? Also, he should try to hold the
11th in the event that we need that extra day to get a four-day spread into the next week.

Thanks.

---

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Friday, December 28, 2007 12:02 PM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com; Andrea Hoeven
**Subject:** RE: Mattel v. Bryant

Great - thank you.

Ryan

---

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Friday, December 28, 2007 11:58 AM
**To:** Weinstein, Ryan (LAC)
**Cc:** Roth, Carl A (LAC); 'mwerdegar@kvn.com'; 'daniel.warren@sablaw.com'; Andrea Hoeven
**Subject:** RE: Mattel v. Bryant

Exhibit __9__,
P. __71__

3/12/2008

Hi, Ryan,

Thanks for your email and clarification.

I was just about to send over a note saying I was checking those dates and would hopefully have some answers shortly. I will let you know as soon as I can confirm our experts' availability (I hope today but cannot promise).

Thanks

**From:** Weinstein, Ryan [mailto:Ryan.Weinstein@skadden.com]
**Sent:** Friday, December 28, 2007 11:00 AM
**To:** Diane Hutnyan
**Cc:** Roth, Carl A (LAC); mwerdegar@kvn.com; daniel.warren@sablaw.com
**Subject:** Mattel v. Bryant

Diane,

I write to follow up on Carl Roth's letters to you, dated December 20 and December 26, 2007. In those letters, MGA requested that its ink testing consultant observe Mattel's "destructive testing" of Ramona Prince's log books, and proposed dates for that testing. Please confirm that one or more of the proposed dates work for the testing of both Ms. Prince's log books and Carter Bryant's original drawings. As set forth in Carl's December 26 letter, MGA proposes January 4, 5, 6 and 11, and the entire week of January 14. Additionally, we again request that Mattel propose a location for the testing.

Regards,
Ryan

Ryan Weinstein
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 687-5526
Fax: (213) 621-5526
E-mail: rweinste@skadden.com

-------------------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unles

*************************************************
This email and any attachments thereto, is intended only for use by the addressee(s)

Further information about the firm, a list of the Partners and their professional qu
*************************************************
===============================================================================
------------------------------------------------------------------------------

*************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s

**Exhibit 9,**
**P. 72**

3/12/2008



Further information about the firm, a list of the Partners and their professional qu
*************************************************
=================================================

---------------------------------------------------------------
***************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related matters
addressed herein. ***************************************************
***************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged
and/or confidential information. If you are not the intended recipient of this email, you are hereby
notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and
permanently delete the original copy and any copy of any email, and any printout thereof. Further
information about the firm, a list of the Partners and their professional qualifications will be provided
upon request. ***************************************************
=================================================

---------------------------------------------------------------
***************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related matters
addressed herein. ***************************************************
***************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged
and/or confidential information. If you are not the intended recipient of this email, you are hereby
notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and
permanently delete the original copy and any copy of any email, and any printout thereof. Further
information about the firm, a list of the Partners and their professional qualifications will be provided
upon request. ***************************************************
=================================================

---------------------------------------------------------------
***************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related matters
addressed herein. ***************************************************
***************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged
and/or confidential information. If you are not the intended recipient of this email, you are hereby
notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and

Exhibit 9,
P. 73

3/12/2008

permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ********************************************

============================================================================

--------------------------------------------------------------------
********************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. **********************************************
************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. **********************************************

============================================================================

Exhibit  9 ,
P.  74

# Exhibit 10

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 18, 2008

**BY E-MAIL**

Daniel Warren, Esq.
Sutherland Asbil & Brennan LLP
999 Peachtree Street
Suite 2300
Atlanta, GA 30309

RE:     Bryant v. Mattel

Dear Dan:

As I mentioned in my voice mail to you, our client, MGA Entertainment, contemplates conducting forensic ink tests on certain entries in Ms. Prince's notary book. These tests would seek to replicate Mattel's testing of the same notary book, and, as such, would employ the same sampling methodology that Mattel's expert has used. That methodology was set forth in a letter to you from Mattel's counsel, dated December 25, 2007.

Per your request, I write to provide you with additional detail on the sampling methodology. MGA's expert would extract small, hypodermic-needle sized holes or "microplugs" of about 0.5 millimeters in diameter from certain handwritten portions of the log entries. The sampled log entries would include, but would not necessarily be limited to, Ms. Prince's 8/26/1999 log entry. To the extent possible, MGA's expert would seek to preserve a significant portion of the handwritten text to allow for future sampling.

If MGA elects to proceed with the sampling, it would first provide notice to you, Carter Bryant, and Mattel of (1) MGA's intent to conduct the sampling; (2) the identity and qualifications of MGA's expert; and (3) the sampling location. We would further provide you and all parties with the opportunity to

Exhibit __10__,
P. __75__

Daniel Warren, Esq.
February 18, 2008
Page 2

observe the sampling at the expert's laboratory.  Once the sampling is completed, we would promptly return the notary book to your custody.

If this arrangement is agreeable to you, please send Ms. Prince's notary book to my attention at the above address.  As you may know, the deadline for providing expert rebuttal reports is fast approaching and time is of the essence. We therefore ask that you please send Ms. Prince's notary book as soon as practicable, or, alternatively, that you notify us promptly of any objections you might have to the above arrangement.

Thanks very much for your assistance.

Sincerely,

Ryan Weinstein

Ryan Weinstein

cc:   Matthew M. Werdegar, Esq.
      Diane C. Hutnyan, Esq.

Exhibit 10,
P. 76

# Exhibit 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

February 18, 2008

<u>VIA EMAIL</u>

Daniel Warren, Esq.
Sutherland Asbil & Brennan, LLP
999 Peachtree Street
Suite 2300
Atlanta, GA 30309

Re:   <u>Mattel v. Carter Bryant</u>

Dear Dan:

The arrangement outlined in Mr. Weinstein's letter of today is unacceptable to Mattel and we request that you do not release the notary book to MGA or Bryant or MGA's or Bryant's counsel absent a Court Order.

When Mattel received certain production documents in this case from Bryant, it noticed that microplugs appeared to have already been taken from them. Mattel's 2004 inspections of the originals showed that to be the case. Since then, although a Mr. Speckin produced a declaration saying he had handled "various" unidentified Bryant original documents, MGA has never unable to explain or account for all of the microplugs that were taken, and in particular has never explained or accounted for any of the microplugs that were taken from certain documents that Ms. Prince testified she had notarized for Mr. Bryant. This is the case even despite MGA having been ordered to provide a Rule 30(b)(6) witness to testify as to the handling and testing of all such documents. Mr. Bryant has been similarly unwilling or unable to provide any information about those microplugs and what caused them.

The Court has been understandably quite concerned with this earlier incident of tampering by MGA and its expert(s), and (upon MGA's and Bryant's insistence) required a showing as to our experts' qualifications and methods of preserving evidence before even letting them examine the

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711
FAX +81 3 5561-1712

07209/2392406.1

Exhibit __11__ ,
P. __77__

Dan Warren, Esq.
February 18, 2008

documents non-destructively, much less letting them put microplugs in them. We worked with the other parties to come up with a specific protocol for the testing we did, that included attendance by their own consultant, and all that was approved by our Judge. Here, Mattel objects to your or your client's turning over the original notary book or any originals to MGA or Bryant (or their counsel or experts), given their history of tampering and given that there is neither any approval from the Court nor any agreement by us. Please be advised that should you or your client nevertheless turn over the notary book or any originals to MGA or Bryant (or their counsel or experts), we would consider such an action to constitute improper spoliation and will seek relief from the Court as such. We expect that you and your client will not provide the notary book or any other originals absent the Court's Order directing it or pursuant to a written agreement among the parties.

Please be so kind as to confirm that your office will maintain and preserve the notary book in its current condition and location until entry of a Court Order releasing it or written agreement among all of the parties.

Sincerely,

/s/

Diane C. Hutnyan

cc:   Ryan Weinstein, Esq.
      Matthew Werdegar, Esq.

2

Exhibit __11__,
P.__78__

# Exhibit 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3666

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

February 21, 2008

<u>VIA E-MAIL AND FACSIMILE</u>

Ryan Weinstein, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Daniel J. Warren, Esq.
Sutherland Asbill & Brennan, LLP
999 Peachtree Street
Suite 2300
Atlanta, GA 30309

Re:   <u>Bryant v. Mattel: Ms. Prince's Notary Book</u>

Dear Counsel:

As I have explained previously, there is no basis for Mr. Warren's unilaterally sending the original notary book to MGA's counsel on Monday or at any time absent an agreement of the parties or the approval of the Court. As you know, the Court retains the authority and discretion to determine what testing will be allowed, how it will be done, and by whom. Indeed, these are positions that Bryant and MGA argued to the Court, and the Court agreed. To release custody of the original notary book to MGA in advance of any such testing being approved -- indeed, without MGA even proposing a protocol, or identifying its expert and his credentials -- can only be designed to allow MGA to engage in further spoliation without scrutiny by the Court or Mattel. To this day, despite Court Orders compelling MGA to do so, MGA and Bryant still have not accounted for their spoliation of original Bryant drawings. You should also be aware that Mr. Warren's sending and your receipt of the original notebook without the parties' consent or approval by the Court will constitute violations of California statutes governing the handling of notary books by MGA, Ms. Prince and their counsel.

If MGA had any legitimate testing to do, it would have spent its time discussing the protocol and appropriate information about its expert with us rather than trying to induce Mr. Warren to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit _12_,
P. _75_

Ryan Weinstein and Daniel Warren
February 21, 2008

proceed with improper conduct on the sole, purported basis of discovery deadlines. Of course, the discovery deadlines do nothing to excuse that misconduct. MGA had every opportunity to get Court approval for testing throughout this case, but did not seek it. MGA and Bryant literally have had years to inspect the notary books and conduct any testing in accordance with proper procedures. Indeed, as is well documented and as you are aware, MGA and Bryant unlawfully had taken possession of the original notary book prior to Ms. Prince's deposition. In any event, if after its review of the protocol and the expert and if the Court concludes that MGA's testing by such expert is appropriate, the Court can provide a reasonable timeframe for MGA to accomplish it based on the circumstances presented to the Court and in light of the Court's deadlines.

If the original notary book is placed in the custody of MGA, Bryant or their counsel absent a Court Order (or agreement of the parties), we view this as a serious threat to the integrity of the evidence. We will seek preclusion and sanctions orders against MGA and Bryant for that misconduct, including but limited to orders precluding MGA and Bryant from being allowed to refute, contradict, deny or comment on Mattel's expert's analysis and orders deeming such analysis to be conclusive. We will also seek sanctions against Ms. Prince and her counsel for their participation in this misconduct.

If MGA and/or Bryant proceed on their planned course, please consider this a request to counsel for MGA, Bryant and Ms. Prince to meet and confer under the Local Rules in advance of such a motion.

Very truly yours,

Diane C. Hutnyan

DH:dh

cc:     Matthew Werdegar, Esq.

2

Exhibit _12_,
P. _80_

02/21/2008 11:45 FAX 12134433100   QEUUH-LAW   @001/003

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-8700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

DATE:   February 21, 2008        NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Ryan Weinstein, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom LLP** | (213) 687-5000 | (213) 687-5600 |
| Daniel J. Warren, Esq.<br>**Sutherland Asbil & Brennan, LLP** | (404) 863-8028 | (404) 853-8806 |
| Matthew M. Werdegar, Esq.<br>**Keker & Van Nest, LLP** | (415) 391-5400 | (415) 391-5400 |

FROM:   Diane C. Hutnyan

RE:   *Mattel, Inc. v. Bryant*

MESSAGE:

---

07209/2382785.1

CLIENT #   7209    ROUTE/
RETURN TO:   **Tiffany Garcia/3rd Floor**

☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

OPERATOR:   ___    CONFIRMED?   ☐ NO   ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 12,
P. 81

# Exhibit 13

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
——
TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
——
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
——
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 22, 2008

**BY E-MAIL**

Daniel Warren, Esq.
Sutherland Asbil & Brennan LLP
999 Peachtree Street
Suite 2300
Atlanta, GA 30309

RE:   Bryant v. Mattel

Dear Dan:

I write to address certain issues raised in Ms. Hutnyan's February 21, 2008 letter, and to correct some of the gross inaccuracies therein. Notwithstanding Ms. Hutnyan's customary histrionics, the protocol set forth in my February 18, 2008 letter affords Mattel substantial procedural protections, and, moreover, is consistent with the manner in which Mattel has conducted its own testing of Ms. Prince's notary book.

First, contrary to Ms. Hutnyan's suggestion, Mattel did not obtain Ms. Prince's notary book by way of Court Order. Nor did Mattel seek Court approval to destructively test it.[1] Indeed, rather that seeking leave of Court, Ms. Hutnyan obtained Ms. Prince's notary book simply by writing a letter to you requesting it – a request to which MGA did not object. Now that MGA has done likewise, we merely ask that you extend MGA the same courtesy that you have extended Mattel.

---

[1]   Indeed, the only Order that relates to destructive testing at all *imposed restrictions on Mattel* in connection with its testing of an entirely different set of documents. For your reference, a copy of that Order is attached herewith. Though the Order on its face does not apply to testing of Ms. Prince's notebook, we have nonetheless endeavored, in the spirit of fairness, to propose a similar protocol that provides Mattel with the same procedural safeguards.

Exhibit 13 ,
P. 82

Daniel Warren, Esq.
February 18, 2008
Page 2

Second, in addition to being groundless, Ms. Hutnyan's allegations are premature. As I stated in my letter, MGA requested Ms. Prince's log book so that it may determine if any ink testing is necessary. If, after reviewing the book, MGA elects to conduct ink tests, *it will first notify Mattel* of its intention to do so. At the same time, MGA will disclose to Mattel and all other parties (1) the nature of the proposed testing; (2) the name of the expert who will be conducting the testing; (3) the credentials of that expert; and (4) the location of the expert's laboratory facilities. Further, as stated in my letter, MGA will provide Mattel and all parties with the opportunity to observe the sampling at the expert's laboratory. Thus, *before MGA even begins sampling*, Mattel will have a full opportunity to raise any objections it believes appropriate.

In raising its objections now – and even going so far as threatening sanctions for mailing evidence to an officer of the Court – Mattel attempts to improperly impede MGA's good faith efforts to replicate Mattel's tests, thereby denying MGA the opportunity to assess and challenge the validity of Mattel's testing results. All MGA seeks is the same opportunity that you afforded Mattel. Nothing more, nothing less.

Please confirm that, notwithstanding Ms. Hutnyan's thinly veiled obstructionism, you will send Ms. Prince's notary book to my attention on Monday as planned.

Very Truly Yours,

Ryan Weinstein

Enclosure

cc:     Matthew M. Werdegar, Esq.
        Diane C. Hutnyan, Esq.

Exhibit 13 ,
P. 83

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

13  | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
    | --- | --- |
    | Plaintiff, | Consolidated with |
14  | | Case No. CV 04-09059 |
    | vs. | Case No. CV 05-02727 |
15  | | |
    | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
16  | | |
    | Defendant. | Hon. Edward A. Infante (Ret.) |
17  | | Discovery Master |
    | | |
18  | AND CONSOLIDATED CASES | [PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT EXAMINATION AND TESTING |
19  | | |
20  | | |
21  | | Date:  August 23, 2007 |
22  | | Time:  9:00 a.m. |
    | | Place:  Telephonic |
23  | | |
    | | Discovery Cut-Off: October 22, 2007 |
24  | | Pre-Trial Conference: January 14, 2008 |
    | | Trial Date: February 12, 2008 |

25

26

27

28

07209/2201994.1

[PROPOSED] ORDER

Exhibit 13 ,
P. 84

1    Having considered Mattel, Inc.'s Motion To Compel Bryant To Make
2  Original Documents Available For Expert Examination and Testing (the "Motion"),
3  and all other papers and argument submitted in support of or opposition to the
4  Motion, and finding good cause therefore,
5    IT IS HEREBY ORDERED that:
6    1.    Mattel's Motion is GRANTED IN PART, as follows:
7    2.    The following materials were provided to the Discovery Master, at
8  his request, for *in camera* review:  the C.V. of the four experts who will be
9  conducting examination, inspection and testing of the documents; and statements
10  from each of them as to the location and nature of their laboratory facilities, as to
11  their individual practices with regard to the preservation of evidence, and as to their
12  understanding that they are fully accountable for Bryant's original documents while
13  those documents are in their custody.  The Discovery Master has found Mattel's
14  showing with respect to the experts satisfactory.
15    3.    Accordingly, Bryant shall produce to Mattel, within ten (10) Court
16  days of entry of this Order, on the day that Mattel specifies, the original documents
17  listed below for Mattel's experts' examination, testing and/or analysis:
18  - the originals of boxes 1 through 8 inclusive;
19  - from box 9:  folders "Sugar Planet Spring 2003 Tropical" and "Sugar
20    Planet General 2001-20027";
21  - from box 10:  folders "Baby Bratz," "F 04 Retro Funk General," "Sugar
22    Planet Butterfly Purse & Character S 04," "Lipstixx 2003," Sugar Planet
23    Candyland Purse:  Character S 04" and "Sugar Planet Tropical 2001"
24  - from box 11:  folders entitled "Bratz Dollpack Fall 2003," "S04 Girls
25    Night Out," "Bratz New Accessories Etc. 2002," "Bratz Petz S04,"
      "Winter Wonderland F03 Dolls," "Bratz Spring 2002 7.99 molded
26    pieces," "S04 Sweetheart," "Jade Dollpack Spring 2003," "Jade Fall
27    2002," "Sasha Fall 2002," "Yasmin Fall 2002," "Cloe Fall 2002," "New
28

-1-

PROPOSED ORDER

Exhibit 13 ,
P. 85

Girl 2002 Fall," "Bratz $7.99 2002 Spring Break," and "Bratz Spring 2002 14.99 segment."

~~If Mattel's experts determine that their analysis would potentially benefit from access to other original documents not listed above, Bryant will make those originals available to Mattel's counsel or Mattel's expert(s) at Mattel's counsel's direction upon five (5) Court days' notice.~~

4.   On the day specified, Mattel will pick up the documents listed above from Keker & Van Nest's San Francisco office during normal business hours. The next day after the documents are removed from Keker & Van Nest shall be the first of 35 days that Mattel will have for the expert examination and testing of the materials requested for preparation of its initial expert reports, which time period may be extended upon a showing by Mattel of good cause by further Order of the Discovery Master.  The documents shall be returned to Keker & Van Nest's San Francisco office on the 35th day during normal business hours.

5.   The experts' examination, testing and analysis may take place at the experts' laboratories.  Any shipping of the originals will be done by overnight mail, for earliest delivery possible to the destination area, using Federal Express or UPS or a similar service that Bryant selects.

6.   If any of Mattel's experts recommends that a form of destructive testing (that is, any testing that would alter the documents' inherent physical status) be conducted, the following procedure shall be used.  First, Mattel will send a request in writing to Bryant and MGA explaining what would be tested and what test or tests would be conducted.  Then Bryant and MGA will have five (5) Court days to object, in which case the parties must meet and confer and, within three (3) more Court days, file a joint statement with Judge Infante to seek resolution of the dispute.  Bryant and MGA may also elect to have their own experts attend for any destructive testing being done, so long as they make this election in writing to Mattel within the five-Court-day objection period, and so long as the testing can take place within ten (10)

Exhibit 13 ,
P. 86

1  Court days of the original request.  If Bryant's or MGA's expert, while he or she is
2  observing the examination or destructive testing, raises any issues about sampling or
3  testing being done or any other aspects of the expert's or experts' process, the parties
4  will seek immediate resolution from this Court so that the sampling, testing or other
5  activity will not be delayed.  If Bryant's counsel or MGA's counsel does not object or
6  seek attendance by its expert within five days of the request, the proposed destructive
7  testing shall be deemed as unobjectionable and may be carried out without further
8  delay.

9       7.    With the exception of alterations resulting from any destructive
10 testing, which would be conducted in accordance with the protocol above, all the
11 Bryant documents that are provided for inspection, examination and testing shall be
12 returned in the same condition, sequence and order in which they were received.

13       **IT IS SO ORDERED.**

14

15 DATED: _Aug 30_ , 2007

16

17

18                                   Hon. Edward Infante (Ret.)
                                     Discovery Master

19

20

21

22

23

24

25

26

27

28

07209/2201994.1

-3-

PROPOSED ORDER

Exhibit _13_ ,
P. _87_



1

2   Prepared and respectfully submitted by:
    QUINN EMANUEL URQUHART
3   OLIVER & HEDGES, LLP

4

5   Diane C. Hutnyan

6   Attorneys for Mattel, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2201994.1

-4-

PROPOSED ORDER

Exhibit 13 ,
P. 88

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 30, 2007, I served the attached ORDER GRANTING MATTEL, INC'S MOTION TO COMPEL BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT EXAMINATION AND TESTING in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 30, 2007, at San Francisco, California.

Sandra Chan

Exhibit 13 ,
P. 89 .

# Exhibit 14

## Sloan, Matthew E (LAC)

**From:** Sloan, Matthew E (LAC)
**Sent:** Friday, February 22, 2008 7:06 PM
**To:** 'dianehutryan@quinnemanuel.com'
**Cc:** Weinstein, Ryan (LAC)
**Subject:** FW: Bryant v. Mattel

Diane --

Per the voice mail I left you this afternoon, we welcome your invitation to work out a reasonable and fair resolution to this issue which will allow us to proceed with our right to test Ms. Prince's notary book while affording Mattel advance notice of any sampling we intend to employ. We continue to believe that the procedure proposed in my colleague Ryan Weinstein's February 18, 2008 letter to Daniel Warren provides more than adequate protection to Mattel. Nevertheless, in the spirit of compromise, we are willing to hear your concerns and to build in any additional safeguards that are reasonable and do not unfairly delay our testing of the notary book.

As you know, pursuant to Mr. Weinstein's proposed "protocol," in the event MGA intends to peform any destructive sampling, MGA would first inform Mattel (as well as Mr. Warren and Mr. Bryant's counsel) of (1) MGA's intent to peform the sampling; (2) the identity and qualifications of MGA's expert or experts; and (3) the sampling location. In addition, we would also provide Mattel an opportunity to observe the sampling at the expert's laboratory. Based on my understanding, this procedure is identical to the procedure in place when Mattel obtained the notary book for testing from Mr. Warren in December 2007. Most importantly, under our proposal, Mattel would be given a full opportunity to observe *and object* to any testing that would compromise in any way the integrity of the evidence -- although, given that you have performed nearly identical tests on the notary book, we can think of no resonable objection you could raise. Nevertheless, we are more than willing to hear your concerns in an effort to reach a mutually agreeable compromise.

Given the imminent deadline for rebuttal reports, however, we must resolve this matter soon. Therefore, please let us know what time you are available on Sunday or Monday so that we can we set up a convenient time for a conference call. Ideally, we would like to speak on Monday between 11 am and 4 pm. We look forward to your response.

Many thanks.

**Matthew E. Sloan**
**Skadden, Arps, Slate, Meagher & Flom LLP**

**Los Angeles Office**
*300 South Grand Ave., Suite 3400*
*Los Angeles, CA 90071*
*T: (213) 687-5276 | F: (213) 687-5600*
*Main: (213) 687-5000*
*E: matthew.sloan@skadden.com*

Ryan and I are available all day on Monday

Exhibit 14 ,
P. 90

3/12/2008

**From:** Diane Hutnyan [mailto:dianehutnyan@quinnemanuel.com]
**Sent:** Friday, February 22, 2008 4:10 PM
**To:** 'Warren, Daniel J.'; Lopez, Alejandra (LAC)
**Cc:** 'mwerdegar@kvn.com'; Weinstein, Ryan (LAC); Michael T Zeller
**Subject:** RE: Bryant v. Mattel

Dan,

No, I'm afraid it does not.

We are certainly willing to work with MGA when there is something to work out.  But we believe MGA's record of tampering in this case is more than enough reason for it not to have this original third-party evidence outside of the parties' agreement or the Court's specific approval.  We further believe that if MGA's ultimate plan is legitimate, it should simply pursue an appropriate agreement and/or a Court order governing its actions, the way that Mattel did.  It is well developed in the case law that destructive testing is supposed to be done with the agreement of the parties and/or the approval of the Court.

MGA has made no move to do any of this.  When it develops a protocol, we will be happy to consider it and work something out with MGA that is appropriate.  And if we cannot work it out, MGA still has the right to try to convince the Court of its position.

We expect you to maintain the notary book in its current condition until the parties can agree or the Court orders it.

Thank you.

---

**From:** Warren, Daniel J. [mailto:Daniel.Warren@sablaw.com]
**Sent:** Friday, February 22, 2008 2:32 PM
**To:** Lopez, Alejandra
**Cc:** Diane Hutnyan; mwerdegar@kvn.com; Weinstein, Ryan (LAC)
**Subject:** RE: Bryant v. Mattel

Dear Ms. Hutnyan, Does this resolve your concerns?  If not, I would ask both of you to work this out.  Thank you.
Dan Warren

---

**From:** Lopez, Alejandra [mailto:Alejandra.Lopez@skadden.com]
**Sent:** Friday, February 22, 2008 1:28 PM
**To:** Warren, Daniel J.
**Cc:** dianehutnyan@quinnemanuel.com; mwerdegar@kvn.com; Weinstein, Ryan (LAC)
**Subject:** Bryant v. Mattel

Dear Counsel, please see attached correspondence from Ryan Weinstein.

**Alejandra Lopez**
**Legal Secretary**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**300 South Grand Avenue | Los Angeles | California | 90071-3144**
**T: 213.687.5604 | F: 213.687.5600**
alejandra.lopez@skadden.com

Skadden

please consider the environment before printing this email

Exhibit 14
P. 91

3/12/2008

*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************

CIRCULAR 230 DISCLOSURE:   To comply with Treasury
Department regulations, we inform you that, unless
otherwise expressly indicated, any tax advice contained in
this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the
purpose of (i) avoiding penalties that may be imposed under
the Internal Revenue Code or any other applicable tax law,
or (ii) promoting, marketing or recommending to another
party any transaction, arrangement, or other matter.

The information contained in this message from Sutherland
Asbill & Brennan LLP and any attachments are confidential
and intended only for the named recipient(s). If you have
received this message in error, you are prohibited from
copying, distributing or using the information. Please
contact the sender immediately by return email and delete
the original message.

Exhibit 14 ,
P. 92

3/12/2008

# Exhibit 15

**From:** Weinstein, Ryan (LAC)
**Sent:** Wednesday, February 27, 2008 11:00 AM
**To:** 'Diane Hutnyan'
**Cc:** Sloan, Matthew E (LAC)
**Subject:** Stipulation re Testing of Prince's Log Book

Diane,

Per your request, please find our proposed stipulation attached.

As we would like to finalize this tomorrow, please provide us with your comments as soon as possible.

Thanks,
Ryan

Ryan Weinstein
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071
Phone:  (213) 687-5526
Fax:  (213) 621-5526
E-mail:  ryan.weinstein@skadden.com

--------------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein. ***************************************************
*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request. ***************************************************
===============================================================================

Exhibit _15_,
P. _93_