Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

I. INTRODUCTION

On February 8, 2008, Carter Bryant ("Bryant") submitted his Motion to Compel Responses to Discovery Requests. Specifically, Bryant seeks an order overruling Mattel's objections to Bryant's Interrogatory No. 20 in the Second Set of Interrogatories, Bryant's First and Second Sets of Requests for Admission, and Bryant's Fourth Set of Requests for Production Nos. 10 and 21-32, and requiring Mattel to provide complete responses to these discovery requests. On

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

March 4, 2008, Mattel, Inc. ("Mattel") submitted an opposition. On March 7, 2008, Bryant submitted a reply. At issue is whether Bryant served his discovery requests in accordance with Rule 5 of the Federal Rules of Civil Procedure, and if so, whether Mattel's objections to the discovery requests have any merit. The motion was heard on March 10, 2008.

## II. BACKGROUND

On December 26, 2007, Bryant served a final round of Phase I discovery requests, which included Bryant's First and Second Set of Requests for Admission, Bryant's Second Set of Interrogatories (which consists of a single interrogatory, No. 20), and Bryant's Fourth Set of Requests for Production. Bryant served the discovery requests at issue by both Federal Express and electronic mail ("e-mail").

On December 31, 2007, counsel for Mattel contacted Bryant to meet and confer regarding the requests for admission, and on January 23, 2008, counsel for Mattel contacted Bryant to discuss Interrogatory No. 20. The parties engaged in several telephone conferences to discuss Bryant's discovery requests; however, at no time during the meet and confer process did Mattel object to the manner of service for Bryant's discovery requests.

On January 28, 2008, Mattel served its responses to Bryant's First and Second Sets of Requests for Admission and Interrogatory No. 20. In its responses, Mattel asserted many objections, including that the discovery requests were not served by any of the methods authorized by Rule 5(b), Fed.R.Civ.P. Mattel did not provide a substantive response to any of the requests. On February 6, 2008, Mattel served responses to Bryant's Fourth Set of Requests for Production, which also consisted solely of objections.

The parties met and conferred further. Mattel agreed to provide a substantive response to Interrogatory No. 20 by February 22, 2008, provided that Bryant would not argue that Mattel had waived its objection to the manner of service as to Bryant's other discovery requests by responding to this interrogatory, and Bryant agreed. Mattel refused to respond to any of the other discovery requests, despite Bryant's offers to grant Mattel an extension of time to respond to the requests and to limit the scope of the requests for admission that Mattel claimed were unduly

1  burdensome. On March 4, 2008, Mattel served a substantive response to Interrogatory No. 20.

## III. DISCUSSION

### A. Rule 5(b)(2)(C) Does Not Recognize Service by E-mail or Federal Express

Federal Rule of Civil Procedure 5(b)(2) specifies the proper means of serving discovery requests:

> ***Service in General.*** A paper is served under this rule by:
>
> **(A)** handing it to the person;
>
> **(B)** leaving it:
>
>     **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>
>     **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> **(C)** mailing it to the person's last known address--in which event service is complete upon mailing;
>
> **(D)** leaving it with the court clerk if the person has no known address;
>
> **(E)** sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
>
> **(F)** delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed.R.Civ.P. 5(b)(2). The Ninth Circuit has held that service by Federal Express and electronic means does not satisfy the service by mail requirement of Rule 5(b)(2), Fed.R.Civ.P. See Magnuson v. Video Yesteryear, 85 F.3d 1424 (9th Cir. 1996).

Bryant acknowledges that he served the discovery requests at issue by Federal Express and e-mail, but not by U.S. Mail. Therefore, Bryant is not in compliance with the service by mail requirement of Rule 5(b)(2)(C), Fed.R.Civ.P.

### B. Rule 5(b)(2)(E) and (F) Require Express Written Consent to Alternative Forms of Service

Federal Rule of Civil Procedure 5(b) was amended in 2001 to require express written consent to alternative forms of service, such as Federal Express and e-mail. The Advisory

1  Committee Notes regarding the 2001 amendment explain that the amendment to Rule 5(b)
2  "authorizes service by electronic means or any other means, but only if consent is obtained from
3  the person. The consent must be express, and cannot be implied from conduct." Thus, after the
4  2001 amendment, a party's past acceptance of alternative means of service is insufficient to
5  establish consent to such service. See RFR Industries, Inc. v. Century Steps, Inc., 477 F.3d 1348,
6  1351-52 (5th Cir. 2007) (refusing to excuse noncompliance with Rule 5 despite previous
7  acceptance of service by facsimile, and noting that "the advisory committee notes accompanying
8  Rule 5 reiterate that consent to fax service under Rule 5(b)(2) 'must be express, and cannot be
9  implied from conduct'"); Rodriguez v. M/V Washington Rainbow II, No. Civ. A. H-05-1129,
10 2005 WL 2897387 (S.D. Tex. 2005) (noting that cases applying estoppel to excuse
11 noncompliance with Rule 5 are not persuasive because they do not address the requirement for a
12 written agreement adopted in the 2001 amendment).
13      In the instant case, Mattel did not provide express written consent to service by Federal
14 Express or e-mail. Therefore, Bryant is not in compliance with Rule 5(b)(2)(E) or (F).
15 C. The "Exceptional Good Cause" Standard Has Not Been Met
16      Prior to the 2001 amendment to Rule 5(b), the Ninth Circuit held that a failure to comply
17 with the requirements of Rule 5(b) is excusable if there is (1) actual notice and (2) a showing of
18 "exceptional good cause" for failing to comply with the Rule. Magnuson v. Video Yesteryear, 85
19 F.3d 1424, 1430-1431 (9th Cir. 1996) (adopting test set forth in Salley v. Bd. of Governors, Univ.
20 of N. Carolina, 136 F.R.D. 417-420 (M.D. N.C. 1991)); see also Switzer v. Sullivan, 1996 WL
21 52911 (N. D. Ill. Feb. 5, 1996) (noncompliance with Rule 5(b) excused where party challenging
22 service previously agreed to service by facsimile and failed to raise any objection to that form of
23 service promptly upon receiving the discovery requests). In light of the 2001 amendment to Rule
24 5(b), however, Magnuson is no longer persuasive authority.
25      Nevertheless, even under Magnuson, the factual circumstances of this case do not present
26 "exceptional good cause" to excuse Bryant's noncompliance with Rule 5(b). Bryant contends that
27 there exists "exceptional good cause" to use Federal Express and e-mail to serve his discovery
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

1  requests because (1) Mattel has previously accepted discovery responses served by Federal
2  Express and e-mail and (2) Mattel has served several notices of subpoenas to third parties via
3  Federal Express. These instances of Mattel's use and acceptance of alternative means of service,
4  however, are distinguishable from the present circumstances, and in any event, are too few and far
5  between to establish Mattel's implied consent. Thus, Bryant has failed to establish "exceptional
6  good cause" to excuse compliance with Rule 5(b)(2).

### D. Mattel Did Not Waive Its Objection to Improper Service

Mattel's failure to raise improper service during the parties' meet and confer conferences does not justify a finding of waiver. See e.g. Syverson v. IBM, 472 F.3d 1072, 1084 (9th Cir. 2007) (stating that waiver requires a "voluntary relinquishment or abandonment . . . of a legal right"). Moreover, Mattel served timely objections to all but one of Bryant's discovery requests and expressly included an objection of improper service.

### E. The Alleged Absence of Prejudice Cannot Act to Excuse Noncompliant Service

Finally, the alleged absence of prejudice cannot excuse Bryant's noncompliance with Rule 5(b)(2). No case cited by Bryant holds that prejudice is a factor that courts may consider in determining whether to excuse improper service. In Magnuson, for example, the party challenging service had received actual notice of a Rule 68 offer of judgment and there was no indication of prejudice. Nevertheless, the Ninth Circuit held that the improper service was not excused. Magnuson, 85 F.3d at 1431.

## IV. CONCLUSION

For the reasons set forth above, Bryant's motion to compel responses to discovery requests is denied. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: March 13, 2008                 /s/Edward A. Infante
                                      HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 13, 2008, I served the attached ORDER DENYING CARTER BRYANT'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 13, 2008, at San Francisco, California.

_____
Sandra Chan