1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
12              Plaintiff,               Case No. CV 04-09059
                                         Case No. CV 05-02727
13       vs.
                                         **DISCOVERY MATTER**
14  MATTEL, INC., a Delaware
    corporation,                         **[To Be Heard By Discovery Master
15                                        Hon. Edward Infante (Ret.)]**
                Defendant.
16  ─────────────────────────            [PUBLIC REDACTED] REPLY IN
                                         SUPPORT OF MATTEL, INC.'S
17  AND CONSOLIDATED ACTIONS             MOTION TO COMPEL FURTHER
                                         DEPOSITION OF MARGARET
18                                       HATCH-LEAHY AND TO
                                         OVERRULE INSTRUCTIONS NOT
19                                       TO ANSWER; AND FOR
                                         SANCTIONS
20
21                                       **[Declaration of Stephen Hauss filed
                                         concurrently]**
22
23                                       Hearing Date: TBA
                                         Time:       TBA
24                                       Place:      Telephonic

25                                       **Phase 1**
                                         Discovery Cut-Off: January 28, 2008
26                                       Pre-Trial Conference: May 5, 2008
                                         Trial Date: May 27, 2008
27
28

REPLY ISO MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY

1

# **TABLE OF CONTENTS**

2
**Page**

3

4 Preliminary Statement ................................................................................................ 1

5 Argument ..................................................................................................................... 3

6 I.    THE DISCOVERY MASTER SHOULD COMPEL THE
7      PRODUCTION OF MS. LEAHY FOR ADDITIONAL DEPOSITION
     TIME ................................................................................................................. 3

8     A.    Mattel Has Shown Good Cause To Justify Additional Time To
9          Depose Ms. Leahy ................................................................................. 3

10        1.    Ms. Leahy Does Not Dispute That She Is A Key
           Percipient Witness ..................................................................... 3

11        2.    Leahy Fails To Refute Mattel's Showing That It Was
12            Deprived A Fair Opportunity To Examine Her ............................ 4

13        3.    Leahy Fails To Refute Mattel's Showing That Her
           Deposition Was Unfairly Impeded By Counsel's
14            Obstructionist Tactics ................................................................ 5

15     B.    Mattel's Request For Additional Time To Depose Ms. Leahy Is
         Consistent With Rule 26(b)(2)(C) ......................................................... 8

16        1.    Additional Deposition Questioning Of Ms. Leahy Would
17            Not Be Unreasonably Cumulative Or Duplicative ...................... 9

18        2.    Mattel Has Not Had Adequate Time To Obtain Ms.
           Leahy's Testimony .................................................................... 11

19        3.    The Benefit To Mattel Of Ms. Leahy's Additional
20            Testimony Outweighs Any Burden Or Expense She
           Would Incur ............................................................................. 13

21 II.   THE COURT SHOULD ORDER MS. LEAHY TO PROVIDE
22     ANSWERS TO QUESTIONS COUNSEL IMPROPERLY
    INSTRUCTED HER NOT TO ANSWER ..................................................... 16

23 III.  THE DISCOVERY MASTER SHOULD IMPOSE SANCTIONS ............... 19

24 Conclusion .................................................................................................................. 25

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Cases

AMCO Ins. Co. v. Madera Quality Nut LLC,
2006 WL. 931437 (E.D. Cal. 2006) ............................................................ 17, 19

Bendt v. G.D. Searle & Co.,
1990 WL. 299926 (D. Minn. 1990) ...................................................... 10

Garcia v. City of El Centro,
214 F.R.D. 587 (S.D. Cal. 2003)........................................................... 19

Marker v. Union Fidelity Life Ins. Co.,
125 F.R.D. 121 (M.D.N.C. 1989)........................................................... 10

Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Services, Inc.,
120 F.R.D. 504 (W.D. La. 1988)........................................................... 19

Resolution Trust Corp. v. Dabney,
73 F.3d 262 (10th Cir. 1995)........................................................... 19

Wright v. Touhy,
2003 WL. 22439864 (N.D. Ill. 2003)................................................... 14

## Statutes

Fed. R. Civ. P. 26(a)(1) ............................................................... 10

Fed. R. Civ. P. 26(b)(2) ......................................................... 1, 3, 8

Fed. R. Civ. P. 26(b)(2)(C)........................................................ 8, 9, 11

Fed. R. Civ. P. 26(c) ............................................................... 5

Fed. R. Civ. P. 30(d)............................................................... 5

Fed. R. Civ. P. 30(d)(1) ........................................................ 3, 8

## Other Authorities

8 Wright & Miller, Fed. Practice and Procedure § 2023 (1970).............................. 19

1

## **Preliminary Statement**

2          Margaret Hatch-Leahy, an agent of MGA and purported sculptor of
3   Bratz dolls, spent years withholding relevant evidence and delaying the scheduling
4   of her deposition.  Once the deposition finally occurred, Leahy's counsel (who also
5   is counsel for MGA) hindered it through improper coaching, lengthy speaking
6   objections and verbal histrionics.  Now, defendants refuse to produce Leahy for the
7   completion of her deposition, in a further attempt to preclude Mattel from obtaining
8   the discovery to which it is entitled.

9          Mattel has shown good cause for additional deposition time.  Leahy
10  does not dispute that she is a key witness with personal knowledge on a vast array of
11  issues at the heart of this action -- such as the timing and origins of Bratz, Bryant's
12  involvement with MGA, Bryant's work for MGA while employed by Mattel, the
13  development of Bratz, and the use of Mattel resources for Bratz.  Further, Leahy has
14  failed to refute Mattel's showing that it did not have sufficient time to fairly examine
15  her on these critical issues.

16         Leahy contends that the additional time requested by Mattel is not
17  consistent with the principles set forth in Rule 26(b)(2).  This argument is without
18  merit.  *First*, in light of Ms. Leahy's unique knowledge, further examination of Ms.
19  Leahy would not be unreasonably cumulative or duplicative.  This is particularly
20  true given that her own deposition testimony shows she has information not
21  produced by defendants.  For example, Leahy's deposition revealed that a company
22  called Gentle Giant created the first Bratz molds and did a silicone rubber mold of
23  the Bratz sculpt at least as early as September 2000 -- well before Bryant left Mattel.
24  Yet neither MGA nor any other party ever identified Gentle Giant as a party which
25  may have discoverable information relevant to this case.

26         *Second*, as a result of Ms. Leahy's refusals to produce relevant evidence
27  or to otherwise comply with her discovery obligations, Mattel has not had a fair
28  opportunity to examine her on important documents she either withheld until the day

07209/2412832.2

-1-

1  of the deposition or has continued to withhold even to this day. Leahy's conduct
2  with respect to her planner is a particularly egregious example of her efforts to
3  conceal relevant, and indeed crucial, evidence. In May 2005, Leahy produced a
4  heavily redacted version of her planner. After requested meet and confers over the
5  course of weeks, Mattel was given limited access to the planner, which revealed that
6  Leahy had improperly redacted plainly relevant information, including a June 2000
7  entry referencing "Angel," even though the subpoena expressly requested all
8  documents "referring or relating to Angel." Mattel then sought full access to the
9  planner, which was met with refusal until half-way through Leahy's deposition. It is
10  now known that Leahy had improperly redacted yet more crucial information from
11  her planner, including a reference to a phone number and an extension for Carter
12  Bryant from an entry made prior to September 29, 2000 (when Bryant was still
13  employed by Mattel), even though the subpoena called for all documents referring
14  or relating to Carter Bryant prior to January 1, 2001; and entries that reflected her
15  use of Mattel personnel and resources on Bratz. Because Leahy had withheld the
16  complete planner -- including these and other highly relevant entries-- until after the
17  deposition had started, Mattel was denied a fair opportunity to examine her.

18        *Third*, the benefit to Mattel of eliciting Leahy's testimony on core
19  issues in this case will far outweigh the burden to Leahy in having to appear for
20  further examination.

21        Accordingly, the Court should compel Ms. Leahy to appear for the
22  completion of her deposition promptly and to answer the questions that she was
23  improperly instructed not to answer.

24

25

26

27

28

<u>**Argument**</u>

I.   **THE DISCOVERY MASTER SHOULD COMPEL THE PRODUCTION OF MS. LEAHY FOR ADDITIONAL DEPOSITION TIME**

   A.   **Mattel Has Shown Good Cause To Justify Additional Time To Depose Ms. Leahy**

Although the <u>Federal Rules of Civil Procedure</u> presumptively limit depositions to a single day of 7 hours, <u>Rule</u> 30(d)(1) expressly provides that "[t]he court must allow additional time consistent with <u>Rule</u> 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Contrary to Ms. Leahy's assertion, Mattel has met this standard and shown good cause for additional deposition time.

   1.   **Ms. Leahy Does Not Dispute That She Is A Key Percipient Witness**

Leahy does not dispute that she is a critically important witness in this case. Nor could she. Leahy was a Mattel employee until September 2000.[1] While Bryant was still employed by Mattel, Bryant solicited Leahy to sculpt Bratz dolls and introduced her to MGA.[2] Ms. Leahy also attended meetings with Bryant and Paula Garcia to discuss Bratz doll sculptures during a time that Bryant was still employed at Mattel.[3] Leahy claims to have created the first Bratz sculpt and, according to Paula Garcia, was the sole sculptor on Bratz in the key 2000 time

---

[1]   Margaret Leahy's MGA Application For Employment ("Leahy Employment Application"), dated February 14, 2005, attached as Exhibit 1 to the Declaration of Tamar Buchakjian, dated January 28, 2008 ("Buchakjian Dec.").

[2]   Deposition Tr. of Carter Bryant ("Bryant Depo."), Vol. I, dated November 4, 2004 at 68:22-71:13, Buchakjian Dec. Exh. 2.

[3]   Bryant Depo. at 78:11-81:8, Buchakjian Dec., Exh. 2.

1    period.[4]  In fact, by Leahy's own account, it was <u>she</u> (and not Bryant) who created

2    the appearance of Bratz.[5]  Leahy also worked on Bratz samples exhibited at the

3    Hong Kong Toy Fair in January 2001 and the New York Toy Fair in February

4    2001.[6]

5            It is thus beyond question that Leahy has extensive knowledge on

6    matters which are at the heart of this litigation, including the timing and origins of

7    Bratz, Bryant's involvement with MGA, Bryant's work for MGA while employed by

8    Mattel, the development of Bratz, and the use of Mattel resources for Bratz.[7]  Given

9    the breadth of Leahy's knowledge, as well as the significance of her testimony, 7

10   hours simply is not enough time to fairly examine her, and Leahy has not shown

11   otherwise.

12           **2.      Leahy Fails To Refute Mattel's Showing That It Was**

13                      **Deprived A Fair Opportunity To Examine Her**

14           In its Motion, Mattel identified several relevant topics for which it was

15   denied sufficient time to depose Leahy.  These topics include:  Leahy's use of Mattel

16   resources on Bratz, payments Leahy has received from MGA, her work on Prayer

17   Angels, and her work on later "generations" of Bratz dolls that form the basis of

18   MGA's own claims.  Mattel further noted that there remains numerous tangible

19   Bratz items Ms. Leahy possesses and which Mattel was not able to question her on.

20           In response, Leahy suggests that "Mattel's counsel did question Ms.

21   Leahy thoroughly with respect to whether she used any Mattel resources with

22

23   [4]   Deposition Tr. of Paula Garcia ("Garcia Depo."), Vol. I, dated May 24, 2007
     at 255:1-17, Buchakjian Dec. Exh. 3; Garcia Depo., Vol. II, dated May 25, 2007 at

24   629:6-18, Buchakjian Dec. Exh. 4.

25   [5]   Leahy Depo at 275:2-10, Buchakjian Dec., Exh. 5.
     [6]   Garcia Depo., Vol. II, dated May 25, 2007 at 481:20-482:1; 489:5-11,

26   Buchakjian Dec. Exh. 4.

27   [7]   <u>See</u> Buchakjian Dec. Exh. 42; <u>see e.g.</u>, Leahy Depo. at, Buchakjian Dec. Exh.
     5, 161:5-162:2, 185:11-190:7.

28

1   respect to Bratz and about her work on Prayer Angels."[8]   To support this claim,
2   Leahy identifies two pages of testimony regarding some wax that Leahy had
3   obtained from the Mattel Design Center, and three pages regarding her work on
4   Prayer Angels -- the entirety of Leahy's testimony on these subjects.[9]   Clearly, two
5   or three transcript pages do not constitute a "thorough" examination on the critically
6   important topics of what other Mattel resources she used and indeed that were
7   revealed in her belatedly produced planner.

8          As to the remaining topics identified by Mattel, Leahy concedes that
9   Mattel was denied a fair opportunity to examine her, but argues that "the fault lies
10  with Mattel's counsel's poor choices and his abusive discovery style."[10]   This
11  argument is nothing more than defendants' usual attacks on Mattel and its counsel,
12  for which Judge Larson has rebuked them.   It is without merit.   Mattel's examination
13  of Leahy was not abusive.   If it had been, her counsel could have terminated the
14  deposition and moved for a protective order.   <u>Fed. R. Civ. P.</u> 26(c), 30(d).   He did
15  not.   The relevant testimony also reveals that any inefficiency was not due to
16  Mattel's questioning, but to counsel's tactics, including suggestive objections,
17  narrative speeches and interruptions of both the witness and Mattel's counsel.

18         Mattel should be afforded an opportunity to fairly examine Leahy on
19  these plainly relevant subjects.

20  **3.**   **<u>Leahy Fails To Refute Mattel's Showing That Her Deposition</u>**
21  **<u>Was Unfairly Impeded By Counsel's Obstructionist Tactics</u>**

22         As Mattel demonstrated in its Motion, Leahy's counsel, as well as
23  counsel for MGA and Bryant, created numerous delays during the deposition,
24

25  [8]   Margaret Hatch-Leahy's Opposition to Mattel's Motion to Compel Additional
    Deposition Testimony and Production of Documents, dated February 12, 2008
26  ("Opp."), at 13.
27  [9]   Opp. at 13.
    [10]   Opp. at 13.
28

including by (1) taking frequent breaks; (2) improperly coaching Ms. Leahy; (3) walking out of the deposition in mid-question; (4) repeatedly interrupting the questioning by demanding that in-house counsel of MGA, Craig Holden, be brought into the deposition and requesting that questions be re-read for Mr. Holden; and (5) purposefully interrupting questioning by demanding that in-house counsel for Mattel, Michael Moore, be shuffled in and out of the deposition.[11]   Most egregiously, Leahy's counsel repeatedly engaged in speaking, suggestive objections -- at times even interrupting Ms. Leahy in the middle of her responses.   The following is illustrative:



_____

[11]   Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy, and to Overrule Instructions Not to Answer; and for Sanctions, dated January 28, 2008 ("Motion"), at 9.



Leahy Depo. at 82:15-83:13.[12]

Unable to deny the impropriety of these tactics, Leahy instead attempts to divert the Discovery Master's attention by suggesting that the form of Mattel's questions was somehow improper[13] and that Mattel squandered its time by focusing on such topics as Leahy's "Mattel employment history."[14]  However, even a cursory review of the relevant testimony reveals that it was counsel's repeated use of improper speaking objections and delay tactics that hindered the deposition -- not the wording of Mattel's questions.  Nor, in any event, was counsel's purported disagreement with the wording of Mattel's questions a license to violate the Discovery Master's and the Federal Rules' prohibitions against such speaking

---

[12]   Buchakjian Dec. Exh. 5.
[13]   Opp. at 10 (arguing that "it was the questions themselves that were improper and justified an objection" and specifically referring Mattel's use of the phrase "substantially similar").
[14]   Opp. at 2.

1   objections. Moreover, the subjects addressed by Mattel were plainly relevant.
2   Leahy's Mattel employment history touches on issues at the heart of this lawsuit,
3   including Leahy's and Bryant's work on Bratz while employed by Mattel, Leahy's
4   and Bryant's exposure and access to relevant Mattel projects such as DIVA STARZ
5   and Mini DIVA STARZ while at Mattel, and the use of Mattel resources for Bratz.
6   These arguments should be rejected as the red herrings that they are.

7          **B.    Mattel's Request For Additional Time To Depose Ms. Leahy Is**
8                  **Consistent With Rule 26(b)(2)(C)**

9          Ms. Leahy correctly observes that in considering whether to grant
10  Mattel additional deposition time, the Discovery Master must also consider the
11  factors set forth in <u>Rule</u> 26(b)(2). <u>See Fed. R. Civ. P.</u> 30(d)(1) ("[t]he court must
12  allow additional time consistent with <u>Rule</u> 26(b)(2) if needed to fairly examine the
13  deponent or if the deponent, another person, or any other circumstance impedes or
14  delays the examination"). Leahy erroneously suggests, however, that Mattel has not
15  satisfied the requisite standards.[15] To the contrary, Mattel's request for additional
16  time is consistent with the principles stated in <u>Rule</u> 26(b)(2).

17         <u>Rule</u> 26(b)(2)(C) provides:

18             On motion or on its own, the court must limit the
               frequency or extent of discovery otherwise allowed by
19             these rules or by local rule if it determines that:

20             (i) the discovery sought is unreasonably cumulative or
               duplicative, or can be obtained from some other source
21             that is more convenient, less burdensome, or less
               expensive;
22
               (ii) the party seeking discovery has had ample opportunity
23             to obtain the information by discovery in the action; or

24             (iii) the burden or expense of the proposed discovery
               outweighs its likely benefit, considering the needs of the
25             case, the amount in controversy, the parties' resources, the
               importance of the issues at stake in the action, and the
26             importance of the discovery in resolving the issues.

27  _____
    [15]   Opp. at 15-18.
28

1   Fed. R. Civ. P. 26(b)(2)(C).  Here, each of these three factors weigh in favor of

2   allowing Mattel additional time to conduct a fair examination of Ms. Leahy.

3           **1.    Additional Deposition Questioning Of Ms. Leahy Would Not**

4                   **Be Unreasonably Cumulative Or Duplicative**

5           As to the first prong of Rule 26(b)(2)(C), Ms. Leahy contends that

6   Mattel's request for additional time is duplicative of the "voluminous requests" that

7   Mattel has made to defendants in this case.[16]  Specifically, she points to Mattel's

8   "requests for admissions on MGA and Mr. Bryant," as well as "numerous 30(b)(6)

9   depositions of MGA on the topics that [Mattel] claims it needs to question Ms.

10  Leahy further about."[17]  This argument is without merit.

11          As an initial matter, as shown in Mattel's Motion and above, Ms. Leahy

12  is a key percipient witness who possesses unique knowledge regarding core issues in

13  this case.  Mattel is thus entitled to elicit her personal knowledge on these subjects,

14  irrespective of any discovery requests it has propounded on MGA and Bryant.

15          Moreover, there is no evidence that Mattel has received from

16  defendants the same information a complete deposition of Ms. Leahy will yield.

17  The fact that Mattel has served written discovery requests on defendants in no way

18  ensures that Mattel will get the responsive information that it seeks, given

19  defendants' repeated failures and refusals to produce discovery in this case.  At

20  present, Mattel has numerous motions to enforce the Court's Orders granting

21  discovery and motions to compel discovery pending, as result of defendants' refusals

22  to comply with their discovery obligations.

23          Indeed, far from being duplicative, Ms. Leahy's own deposition

24  testimony shows she has information not produced by defendants.  During her

25  deposition, it was revealed that a company called Gentle Giant, a vendor that Ms.

26  _____

27  [16]   Opp. at 2-3, 15-16.
    [17]   Opp. at 3.

28

1    Leahy had met through her Mattel employment, created the first Bratz molds and
2    did a silicone rubber mold of what Leahy claimed was the first Bratz sculpt in
3    September 2000.[18]   Yet, Gentle Giant was not identified in MGA's Supplemental
4    Disclosures Under Rule 26(a)(1), dated September 21, 2007.  Nor was it disclosed in
5    MGA's or Bryant's interrogatory responses.  Additionally, Gentle Giant did digital
6    scans of the Bratz head in 2000.[19]  Notably, those scans have not been produced in
7    this case, nor has MGA or any other party ever identified Gentle Giant as a party
8    which may have discoverable information relevant to this case.[20]  And, of course,
9    Ms. Leahy points to no one at MGA or discovery Mattel has received that provided
10   the same information about her planner or other matters that her deposition would
11   provide.

12          Furthermore, courts have repeatedly rejected the argument that written
13   discovery is an adequate substitute for deposition testimony.  "Because of its nature,
14   the deposition process provides a means to obtain more complete information and is,
15   therefore, favored."  Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126
16   (M.D.N.C. 1989).  See also Bendt v. G.D. Searle & Co., 1990 WL 299926 at *1 (D.
17   Minn. 1990) ("Interrogatories are not substitutes for depositions, and are not per se
18   more efficient or economical.").

19          Given Ms. Leahy's unique knowledge and defendants' history of
20   withholding relevant discovery, the Court should reject Leahy's contention that
21   further deposition time would be unreasonably duplicative.

22

23

24   _____
     [18]  Leahy Depo. at 161:5-17, 191:2-25, 224:21-24, Buchakjian Dec., Exh. 5.
25   [19]  Leahy Depo. at 191:21-192:6; 197:3-10, Buchakjian Dec., Exh. 5.
     [20]  See e.g., MGA's Third Supplemental Responses to Mattel's Second Set of
26   Interrogatories, dated August 21, 2007, Buchakjian Dec. Exh. 50 at 3-6; Carter
     Bryant's Supplemental Responses to Mattel, Inc.'s Revised Third Set of
27   Interrogatories, dated December 17, 2007, Buchakjian Dec. Exh. 28 at 12-22.
28

1       **2.      Mattel Has Not Had Adequate Time To Obtain Ms. Leahy's**
2               **Testimony**

3               With respect to the second prong of <u>Rule</u> 26(b)(2)(C), Leahy argues
4   that Mattel had ample time to obtain the discovery it seeks because "Ms. Leahy's
5   relationship to Mr. Bryant and to Bratz was disclosed in 2004, she has fully
6   complied with all of her discovery obligations and she was available for over seven
7   hours of deposition questioning."  Her suggestions that she complied with her
8   discovery obligations and Mattel had adequate time to obtain her testimony are
9   wrong.

10              Mattel attempted to get discovery from Ms. Leahy as early as March
11  2005, when it first served a subpoena on her requesting the production of
12  documents.[21]  Leahy, however, engaged in stall tactics, preventing Mattel from
13  timely obtaining the discovery to which it was entitled.  For example, Leahy's initial
14  production -- which included her planner -- was heavily redacted.  Mattel then
15  discovered that Leahy had redacted clearly relevant and responsive evidence, such
16  as a planner entry dated June 16, 2000 referencing "Angel," even though the
17  subpoena expressly requested all documents "referring or relating to Angel."[22]
18  Similarly, she redacted a reference to a phone number and an extension for Carter
19  Bryant from an entry made prior to September 29, 2000 (when Bryant was still
20  employed by Mattel), even though the subpoena called for all documents referring
21  or relating to Carter Bryant prior to January 1, 2001.[23]  As is now known, she also

22

23

24      [21]     Mattel, Inc.'s Subpoena to Margaret Hatch-Leahy, dated March 14, 2005
25  ("Leahy Subpoena"), Buchakjian Dec., Exh. 6.
        [22]     <u>See</u> KMW-L 00077.01, Buchakjian Dec., Exh. 12; SABW-L 00001-SABW-L
26  00012, Buchakjian Dec., Exh. 7; Leahy Subpoena, Buchakjian Dec., Exh. 6.
        [23]     <u>See</u> KMW-L 00078.01, Buchakjian Dec., Exh. 12; SABW-L 00001,
27  Buchakjian Dec., Exh. 7; Leahy Subpoena, Buchakjian Dec., Exh. 6.

28

1    improperly redacted entries that reflected her use of Mattel personnel and resources
2    on Bratz.[24]

3             After Mattel's repeated efforts to obtain all relevant information from
4    the planner, Leahy made a supplemental production of it.[25]   However, even in that
5    supplemental production, the vast majority of the planner was still redacted.[26]   When
6    Mattel again requested that Leahy provide an unredacted copy of her planner, she
7    and her counsel repeatedly refused, until she ultimately produced it more than half-
8    way through her deposition.[27]   Her delay prevented Mattel from having an
9    opportunity to review the planner's contents and to question Leahy about them.

10             Leahy exhibited similar stonewalling techniques in connection with the
11   scheduling of her deposition.   Mattel actively sought to schedule Ms. Leahy's
12   deposition since early June — for over six months.[28]   Mattel offered to take the
13   deposition at any time in July, but her counsel claimed that she was unavailable until
14   September.[29]   When the agreed time-range approached, Leahy failed to appear.
15   After still more delays, and shortly before MGA applied for a stay because of
16   MGA's substitution of counsel, Leahy proposed, and Mattel confirmed, dates in late
17

18   [24]   See Excerpts from Margaret Hatch-Leahy's Unredacted Planner, marked as
19   Exhibit 1137 to the Deposition of Margaret Hatch Leahy, at 14 (entry ▬▬▬▬▬
     ▬▬▬▬▬), 17 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬),
20   attached as Exhibit 2 to the Declaration of Stephen Hauss, dated March 14, 2008
     ("Hauss Dec."); KMW-L 00078.01, Buchakjian Dec., Exh. 12; SABW-L 00001-
21   SABW-L 00012, Buchakjian Dec., Exh. 7; Leahy Depo. at 204:10-21, Buchakjian
22   Dec., Exh. 5.
     [25]   See KMW-L 00077.01-000105.01, Buchakjian Dec., Exh. 12.
23   [26]   Id.
24   [27]   Letter from McFarland to Proctor, dated November 7, 2007 Buchakjian Dec.,
25   Exh. 17; Letter from Proctor to McFarland, dated November 9, 2007, Buchakjian
     Dec., Exh. 18; Leahy Depo. at 168:4-169:16, Buchakjian Dec. Exh. 5.
26   [28]   Letter from Susan Wines to Larry McFarland, dated June 7, 2007, Buchakjian
27   Dec., Exh. 27.
     [29]   Buchakjian Dec., ¶ 30.
28

07209/2412832.2

1 October for Ms. Leahy.[30] Ms. Leahy thereafter cancelled her scheduled deposition,
2 blaming it on the stay.[31] Mattel was then forced to ask repeatedly for replacement
3 dates and, even then, Ms. Leahy flatly refused to appear for another two months.[32]
4 And, equally troubling, Ms. Leahy refused to commit in any binding way to actually
5 appear even on those belated dates.[33] Only after Mattel was forced to move ex parte
6 to compel her deposition did Mr. McFarland represent to the Court that Ms. Leahy
7 would actually appear for deposition on December 12, 2007.[34]

8    Further, as set forth more fully in Mattel's Motion and above, Leahy's
9 obstructionism continued into her deposition as well. Leahy's counsel's improper
10 coaching, lengthy speaking objections and verbal histrionics unreasonably hindered
11 the deposition. Given this long record of stonewalling and delay, Leahy's self-
12 serving claims of discovery compliance cannot be credited.

13    **3.    The Benefit To Mattel Of Ms. Leahy's Additional Testimony**
14       **Outweighs Any Burden Or Expense She Would Incur**

15    Leahy contends that Mattel's motion should be denied because the
16 burden of requiring her to sit for additional deposition "far outweighs any likely

17 ─────────────
[30]    Letter from Larry McFarland to Susan Wines, dated September 28, 2007,
18 Buchakjian Dec., Exh. 29; Letter from Michael Zeller to Larry McFarland, dated
19 October 1, 2007, Buchakjian Dec., Exh. 30.
[31]    Letter from Larry McFarland to Michael Zeller and Dylan Proctor, dated
20 October 16, 2007, Buchakjian Dec., Exh. 32.
[32]    Letter from Michael Zeller to Larry McFarland, dated October 16, 2007,
21 Buchakjian Dec., Exh. 33; Letter from Michael Zeller to Larry McFarland, dated
22 October 24, 2007, Buchakjian Dec., Exh. 34; Letter from Dylan Proctor to Larry
23 McFarland dated November 2, 2007, Buchakjian Dec., Exh. 35; Letter from Larry
   McFarland to Dylan Proctor, dated November 12, 2007, Buchakjian Dec., Exh. 36.
24 [33]    Letter from Dylan Proctor to Larry McFarland, dated November 15, 2007,
25 Buchakjian Dec., Exh. 37.
[34]    Transcript of Proceedings regarding Mattel's *Ex Parte* Application to (1)
26 Compel Depositions of Elise Cloonan, Margaret Hatch-Leahy, and Veronica
27 Marlow, or in the Alternative, Modify the Scheduling Order, dated November 20,
   2007, Buchakjian Dec. Exh. 38, at 15:1-8.
28

1  benefit to Mattel."[35]  She further argues that Mattel will not be prejudiced without
2  complete deposition testimony, as Ms. Leahy will be available at trial for questions.
3  These contentions are without merit.

4           At the outset, Leahy's claim that Mattel will not suffer prejudice
5  because she will be a witness at trial is not correct.  Indeed, it is contrary to the basic
6  tenets of the Federal Rules, which "are designed to promote liberal discovery in an
7  effort to narrow the issues for trial and to prevent unfair surprise."  See Wright v.
8  Touhy, 2003 WL 22439864, at *4 (N.D. Ill. 2003).  It has been defendants' *modus*
9  *operandi* throughout this litigation to conceal relevant information, only to later
10 sandbag Mattel with it when it proves to defendants' advantage.[36]  Indeed, that
11 critical facts were revealed for the first time in this case at Leahy's deposition --
12 which took place shortly before the close of Phase One discovery -- proves this.  As
13 noted, Leahy revealed for the first time that Gentle Giant, a company that had never
14 been identified by defendants as a party which may have discoverable information,
15 created the first Bratz molds, did a silicone rubber mold of the first Bratz sculpt
16
17

---

18  [35]  Opp. at 17.
19  [36]  See, e.g., MGA's and Carter Bryant's Joint Motion to Overrule Mattel's
20  Relevance Objection and Compel Discovery Relevant to Mattel's Employee
    Agreements, dated December 19, 2007, at 3, Hauss Dec., Exh. 1.  In that motion,
21  MGA and Bryant argued -- for the first time -- that Bryant was not required to
    disclose to Mattel, and did not assign, any copyrightable materials he developed on
22  his own because the term "copyright subject matter" was omitted from Bryant's
    agreements, but included in prior and subsequent agreements used by Mattel which
23  MGA identified with specificity.  MGA also argued for the first time in this motion
24  that Bryant was not required to disclose his Bratz drawings allegedly from 1998
    when he signed his Conflict of Interest Questionnaire with Mattel because other
25  versions of Mattel's agreements, which MGA identified with specificity, have more
26  specific provisions requiring such disclosure than Bryant's agreement did.   Yet,
    MGA and Bryant failed to disclose these important contentions in their
27  supplemental responses to Mattel's Interrogatories, which preceded the motion.
28

-14-

1 while Bryant was still at Mattel and did digital scans of the Bratz head.[37]   Mattel

2 should not be left to guess what additional facts will be revealed for the first time at

3 trial.

4       Requiring Ms. Leahy to sit for further deposition will undoubtedly

5 inconvenience her.  However, this is a major, high-stakes litigation.  Ms. Leahy is a

6 key percipient witness -- indeed, one of the most important witnesses in the case.

7 She claims to have created the first Bratz sculpt and, according to Paula Garcia, was

8 the sole sculptor on Bratz in the key time period of 2000.[38]   According to her own

9 testimony, <u>she</u> (and not Bryant) created the appearance of Bratz.[39]   And, it is

10 undisputed that she has extensive knowledge on such core issues as the timing and

11 origins of Bratz, Bryant's involvement with MGA, Bryant's work for MGA while

12 employed by Mattel, the development of Bratz, and the use of Mattel resources for

13 Bratz.  There is thus no question that the benefit to Mattel of eliciting her testimony

14 on these critical issues outweighs any burden that will be imposed on Leahy by an

15 additional deposition.  This is particularly true, given that the need for additional

16 time is a result of her own efforts to delay producing relevant documents in this

17 case, as well as her counsel's obstructionist tactics throughout her deposition.

18       The Court should order Leahy to sit for further deposition, so that

19 Mattel has a fair opportunity to prepare its case in advance of trial and eliminate

20 improper surprise.

21

22

23

---

24   [37]   Leahy Depo. at 161:5-17, 191:2-192:6, 197:3-10, 224:21-24, Buchakjian

25 Dec. Exh. 5.
   [38]   Deposition Tr. of Paula Garcia ("Garcia Depo."), Vol. I, dated May 24, 2007

26 at 255:1-17, Buchakjian Dec. Exh. 3; Garcia Depo., Vol. II, dated May 25, 2007 at

27 629:6-18, Buchakjian Dec. Exh. 4.
   [39]   Leahy Depo at 275:2-10, Buchakjian Dec., Exh. 5.

28

II.  **THE COURT SHOULD ORDER MS. LEAHY TO PROVIDE ANSWERS TO QUESTIONS COUNSEL IMPROPERLY INSTRUCTED HER NOT TO ANSWER**

As Mattel showed in its Motion, Leahy's counsel repeatedly instructed her not to answer questions that did not call for the substance of attorney-client communications.  Rather, the questions merely called for the disclosure of facts and information known to Leahy.  For example:



Leahy Depo. at 242:12-243:9.[40]

_____

[40]  Buchakjian Dec. Exh. 5.



Leahy Depo. at 255:24-256:10.[41]

Leahy Depo. at 256:11-21.[42]

Questions as to whether Mr. Contopolis was an attorney that MGA or Leahy found seek purely factual information and therefore are not privileged. See AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. 2006) ("it is only the communications that are subject to attorney-client privilege,

[41] Buchakjian Dec. Exh. 5.
[42] Buchakjian Dec. Exh. 5.

1    and not the foundational facts concerning the communication, or the underlying,
2    independent facts"). The Opposition does not address counsel's instruction to this
3    question, thereby conceding its impropriety.

4              Mattel's inquiries regarding whether Leahy is aware that she needed to
5    preserve documents that relate to the litigation similarly do not invade the attorney-
6    client privilege and are not protected by the work-product doctrine. Leahy responds
7    that "she was only instructed not to answer to the extent that her answer would
8    reveal the substance of an attorney-client communication."[43]   Contrary to Ms.
9    Leahy's assertion, however, counsel's instructions were not limited to preventing the
10   disclosure of attorney-client communications. Rather, counsel instructed Leahy that

11   ████████████████████████████████████████████████████████████████

12   ████████████████████████████[44] As the Discovery Master has ruled, a witness'
13   own understanding of facts, events and information known to her, even if from a
14   lawyer, is not privileged.[45] The mere fact that a witness reveals facts to a lawyer or

15

16   [43] Opp. at 19.
17   [44] Leahy Depo. at 256:14-16 (emphasis added), Buchakjian Dec. Exh. 5.
     [45]  On March 28, 2007, Bryant moved to overrule instructions not to disclose
18   facts or understandings learned from communications with counsel, given at the
19   deposition of Alan Kaye. The Discovery Master granted Bryant's motion to compel
     in substantial part and overruled Mattel's instructions not to disclose facts or
20   understandings learned from communications with counsel, holding that such facts
     and understandings are not privileged. See Bryant's Separate Statement in Support
21   of the Kaye Motion, Instruction Nos. 15, 17, Buchakjian Dec. Exh. 44; May 4, 2007
22   Order Granting in Part Bryant's Motion to Overrule Instructions Not to Answer
     During the Deposition of Alan Kaye ("May 4 Kaye Order"), Buchakjian Dec. Exh.
23   45, ¶ 1 & Attachment A; Declaration of B. Dylan Proctor dated August 1, 2007
24   ("08/01/07 Proctor Dec.") ¶ 22, Exhs. 22, 25, Buchakjian Dec. Exh. 46. Bryant's
     counsel argued in his pleadings regarding the Kaye deposition that "Mattels' counsel
25   repeatedly relied upon improper privilege instructions to shield the underlying *facts*
26   from discovery, even where no attorney-client communications were involved. . .
     the mere fact that a witness reveals facts to a lawyer or learns facts from a lawyer
27   does not make such facts privileged." See, e.g., Kaye Motion at 17:10-16 (emphasis
28   (footnote continued)

1 | learns facts from a lawyer does not make the facts themselves privileged.  <u>See</u>
2 | <u>AMCO</u>, 2006 WL 931437, at *18; <u>Resolution Trust Corp. v. Dabney</u>, 73 F.3d 262,
3 | 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard
4 | against divulging the attorney's strategies and legal impressions, it does not protect
5 | facts concerning the creation of work product or facts contained within work
6 | product"); <u>Garcia v. City of El Centro</u>, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (same);
7 | <u>Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Services, Inc.</u>, 120
8 | F.R.D. 504, 509 (W.D. La. 1988) ("The courts have consistently held that the work-
9 | product concept furnishes no shield against discovery, by interrogatories or by
10 | deposition, *of the facts* that the adverse party's lawyer has learned, or the persons
11 | from whom he has learned such facts. . .") (<u>citing</u> 8 Wright & Miller, <u>Fed. Practice</u>
12 | <u>and Procedure</u> § 2023 (1970) (emphasis in the original)).  Accordingly, counsel's
13 | instructions not to answer questions regarding Leahy's own understanding of her
14 | document preservation obligations were improper and should be overruled.

15 | **III.    THE DISCOVERY MASTER SHOULD IMPOSE SANCTIONS**

16 | Mattel is entitled to sanctions because counsel for Ms. Leahy, MGA
17 | and Carter Bryant engaged in obstructionism. Leahy wholly ignores this issue in her
18 | opposition. Bryant writes separately to oppose Mattel's request for sanctions against
19 |
20 |
21 |
---
22 | in the original), Buchakjian Dec. Exh. 44; 08/01/07 Proctor Dec. Exh. 21,
23 | Buchakjian Dec. Exh. 46.  The Discovery Master agreed with Bryant's arguments, overruling Mattel's instructions not to disclose information learned from counsel.
24 | <u>See</u> May 4 Kaye Order, Buchakjian Dec. Exh. 44; 08/01/07 Proctor Dec. Exh. 25,
25 | Buchakjian Dec. Exh. 46; <u>see also</u> Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6)
26 | Designee, dated August 14, 2007, Buchakjian Dec. Exh. 47, at 12:20-22 (holding
27 | that the attorney-client privilege protection "does not extend to the facts underlying privileged communications.").
28 |

**-19-**

1  his counsel,[46] contending that his counsel's objections "were stated concisely, in a
2  non-argumentative, non-suggestive manner," and that she "did not unnecessarily
3  prolong the deposition."[47]   The record, however, shows otherwise and that Bryant's
4  counsel was a participant in the attorney tag-team effort -- along with MGA's
5  counsel and Leahy's counsel -- to obstruct:

6
7
8
9
10
11
12
13
14
15
16



17  Leahy Depo. at 33:25-34:9 (emphasis added).[48]

18
19
20
21
22



23

24  [46]    Carter Bryant's Joinder in Margaret Hatch-Leahy's Opposition to Mattel,
25  Inc.'s Motion to Compel Further Deposition of Margaret Hatch-Leahy, and to
   Overrule Instructions Not to Answer, and for Sanctions, dated February 12, 2008
26  ("Joinder").
27  [47]    Joinder at 1.
   [48]    Buchakjian Dec. Exh. 5.
28



1

2

3

4

5

6

7

8

9

10

11

12 | Leahy Depo. at 123:13-124:2 (emphasis added).[49]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | [49]   Buchakjian Dec. Exh. 5.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  ████████████████████████████████████████████
2  ████████████████████████████
3  █████████
4  ██████████████████████████
5  ████████████████████████████████████████
6  ██████████████████████████████████████████████
7  ██████████████████████████████████████████████
8  █████████
9  ██████████████████████████████
10 ██████████████████████████████
11 ████████████████████████████████████████████
12 ██████████████████████████████████████████████
13 ██████████████████████████████████████████████
14 █████████████████████████████████████
15 ███████████████████████████████████████
16 ████████████████████████████████████████████
17 ████████████████████████████████████████████
18 ██████████████████████████████████████████████
19 ████████████████████████████████████████████
20 ██████████████████████████████████████████████
21 ██████████████████████████████████████████████
22 ██████████████████████████████████████████████
23 ████████████████████████████████████████████
24 ██████████████████████████████████████
25 █████████
26 ██████████████████████████████████
27 ████████████████████████████████████████████
28 ██████████████████████████████████████████████

REPLY ISO MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY



Leahy Depo. at 214:15-217:4 (emphasis added).[50]

Leahy Depo. at 291:1-16 (emphasis added).[51]

As the record reveals, Bryant's counsel's improper colloquies and remarks obstructed Ms. Leahy's deposition.   Further, as Mattel showed in its

---

[50]   Buchakjian Dec. Exh. 5.
[51]   Buchakjian Dec. Exh. 5.

1  Motion, counsel for Leahy and MGA engaged in improper tactics.  Accordingly, the

2  Court should grant Mattel's request for partial reimbursement of its fees and costs.

3  **Conclusion**

4       For the foregoing reasons, the Court should allow Mattel additional

5  deposition time with Ms. Leahy.  The Court should also compel Ms. Leahy to

6  answer those questions counsel improperly instructed her not to answer when her

7  deposition resumes.

8

9  DATED:  March 14, 2008     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10

11

12      By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28