1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12          Plaintiff, | Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| 13     vs. | **[PUBLIC REDACTED]** SUPPLEMENTAL DECLARATION |
| 14 | OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S |
| 15  MATTEL, INC., a Delaware | REPLY IN SUPPORT OF MOTION TO COMPEL MGA |
| 16  corporation, | ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, |
| 17          Defendant. | AND ISAAC LARIAN TO RESPOND TO MATTEL, INC.'S FIRST SET OF |
| 18 | REQUESTS FOR ADMISSION PROPOUNDED TO MGA |
| 19  AND CONSOLIDATED ACTIONS | ENTERTAINMENT, INC.; CARTER BRYANT; MGA ENTERTAINMENT |
| 20 | (HK)LIMITED; AND ISAAC LARIAN |
| 21 | Date:   TBA |
| 22 | Time:   TBA Place:  Telephonic |
| 23 | **Phase 1** |
| 24 | Discovery Cut-Off:   January 28, 2008 Pre-Trial Conference: May 5, 2008 |
| 25 | Trial Date:          May 27, 2008 |

26

27

28

07209/2429536.1

1      **SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR**

2

3              I, B. Dylan Proctor, declare as follows:

4      1.      I am a member of the bar of the State of California and a partner of

5      Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

6      ("Mattel") I make this supplemental declaration in support of Mattel, Inc.'s Reply In

7      Support Of Motion To Compel MGA Entertainment, Inc., MGA Entertainment

8      (HK) Limited, And Isaac Larian To Respond To Mattel, Inc.'s First Set Of Requests

9      For Admission Propounded To MGA Entertainment, Inc.; Carter Bryant; MGA

10     Entertainment (HK)Limited; and Isaac Larian.  I make this declaration of personal,

11     firsthand knowledge, and if called and sworn as a witness, I could and would testify

12     competently thereto.

13     2.      Attached as Exhibit 1 is a true and correct copy of a letter from me to

14     counsel for Carter Bryant, confirming the outcome of our meet and confer session

15     concerning Bryant's supplemental responses, and Mattel's withdrawal of its Motion

16     as to Bryant based on Bryant's supplemental responses and representations.

17     3.      Attached as Exhibit 2 is a true and correct copy of MGA's Second Set

18     of Requests for Admission to Mattel, Inc., dated February 4, 2005.

19     4.      Attached as Exhibit 3 is a true and correct copy of MGA Entertainment,

20     Inc.'s Supplemental Responses to Mattel, Inc.'s Fifth Set of Requests for Admission,

21     dated August 22, 2007.

22              I declare under penalty of perjury under the laws of the United States of

23     America that the foregoing is true and correct.

24              Executed on March 13, 2008, at Los Angeles, California.

25

26                                              B. Dylan Proctor

27

28

07209/2429536.1

EXHIBIT 1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     February 21, 2008          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Matthew M. Werdegar, Esq. Keker & Van Nest LLP | | (415) 397-7188 |

**FROM:**     B. Dylan Proctor

**RE:**     Mattel v. Bryant

**MESSAGE:**

Please see attached letter dated February 21, 2008.

EXHIBIT _____/_____

PAGE _____2_____

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Laura Kinsey | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 21, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Matthew M. Werdegar, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:     <u>Mattel v. Bryant</u>

Dear Counsel:

I write to confirm the outcome of our telephonic meet and confer session of yesterday concerning Carter Bryant's Supplemental and Amended Objections and Responses to Mattel, Inc.'s First Set of Requests for Admission Dated December 27, 2007 (the "Supplemental Responses").

**<u>Bryant's Definition of "Property Rights"</u>**

In several of his Supplemental Responses, Bryant defined "property rights" to "encompass rights to any idea or thing without regard to legal definitions of property." You clarified that Bryant intended by this simply to reference a "lay person's" definition of "property," and that Bryant's answers regarding "property" apply the ordinary person's understanding of that term.

**<u>Bryant's Definition of "BRYANT'S BRATZ DESIGNS"</u>**

In response to some Requests seeking information concerning BRYANT'S BRATZ DESIGNS, Bryant interpreted this term to not include three-dimensional representations. This interpretation is contrary to Mattel's definition of BRYANT'S BRATZ DESIGNS, which includes three-dimensional representations. I questioned whether this limitation impacted Bryant's responses.

EXHIBIT _____ /

PAGE _____ 3

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2395055.1

For example, I questioned whether Bryant's response to Request No. 46, in which Bryant denied that "the so-called 'First-Generation' BRATZ DOLLS marketed by MGA and sold to the public in or about June 2001 were BASED ON one or more of BRYANT's BRATZ DESIGNS," was limited by Bryant's exclusion of three-dimensional representations of Bratz. You confirmed it is not, and that Bryant's responses have not been affected by his apparent restriction of "DESIGNS" to two-dimensional designs.

**Additional Objections**

You also confirmed that Bryant has not limited his responses to any other requests based on any of his objections, except as expressly set forth when Bryant states how he interprets terms included in Mattel's requests.

Thank you for supplementing Bryant's responses. Based on the supplemental responses Bryant served and our conversation, summarized above, this will confirm that Mattel is willing to take its Motion to Compel MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian, and Carter Bryant to Respond to Mattel, Inc.'s First Set of Requests for Admission Propounded to MGA Entertainment, Inc.; Carter Bryant; MGA Entertainment (HK) Limited; and Isaac Larian off calendar insofar as it pertains to Bryant.

I look forward to hearing from you soon.

Very truly yours,

B. Dylan Proctor

07209/2395055.1

EXHIBIT _____/_____

PAGE _____4_____

TRANSMISSION VERIFICATION REPORT

```
TIME    : 02/21/2008 23:00
NAME    : JOHN B QUINN
FAX     : 2134890088
TEL     : 2134433201
SER.#   : BROE5J272067
```

```
DATE,TIME         02/21  22:59
FAX NO./NAME      14153977188
DURATION          00:00:58
PAGE(S)           03
RESULT            OK
MODE              STANDARD
                  ECM
```

EXHIBIT _____ /

PAGE _____ 5

# EXHIBIT 2

## CONFIDENTIAL
## THIS EXHIBIT FILED UNDER SEAL PURSUANT TO
## PROTECTIVE ORDER OF 1- 4 -2005

EXHIBIT 3

# ORIGINAL

1　DIANA M. TORRES (S.B. #162284)
　　JAMES P. JENAL (S.B. #180190)
2　O'MELVENY & MYERS LLP
　　400 South Hope Street
3　Los Angeles, CA  90071-2899
　　Telephone:  (213) 430-6000
4　Facsimile:  (213) 430-6407
　　Email:   jjenal@omm.com
5
　　DALE M. CENDALI (admitted *pro hac vice*)
6　O'MELVENY & MYERS LLP
　　Times Square Tower, 7 Times Square
7　New York, New York 10036
　　Telephone:  (212) 326-2000
8　Facsimile:  (212) 326-2061

9　PATRICIA GLASER (S.B. #55668)
　　CHRISTENSEN, GLASER, FINK, JACOBS,
　　WEIL & SHAPIRO, LLP
10　10250 Constellation Boulevard, 19th Floor
　　Los Angeles, CA  90067
11　Telephone:  (310) 553-3000
　　Facsimile:  (310) 557-9815
12
　　Attorneys for MGA Entertainment, Inc.
13

14　　　　　　UNITED STATES DISTRICT COURT

15　　　　　　CENTRAL DISTRICT OF CALIFORNIA

16　　　　　　　　　EASTERN DIVISION

17

18　CARTER BRYANT, an individual,　　　Case No. CV 04-09049 SGL (RNBx)

19　　　　　　　Plaintiff,　　　　　Consolidated with Case Nos. CV-04-9059 and CV 05-2727

20　　　　v.

21　MATTEL, INC., a Delaware　　　　**MGA ENTERTAINMENT INC.'S**
　　Corporation,　　　　　　　　**SUPPLEMENTAL RESPONSES TO**
22　　　　　　　　　　　　　**MATTEL, INC.'S FIFTH SET OF**
　　　　　　　　Defendant.　　　**REQUESTS FOR ADMISSION**
23

24　AND CONSOLIDATED ACTIONS.

25

26　PROPOUNDING PARTY:　　Mattel, Inc.

27　RESPONDING PARTY:　　MGA Entertainment, Inc.

28　SET NO.:　　　　　　Five

**EXHIBIT** _3_

**PAGE** _102_

8/22

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

1              **INTRODUCTORY STATEMENT**

2              MGA Entertainment, Inc.'s ("MGA") responses and objections are

3      made solely for the purpose of this action, and are made based upon information

4      presently known and available to MGA. MGA has not completed its investigation

5      of facts relating to this case, has not fully completed its discovery in this action, and

6      has not completed its preparation for trial. Accordingly, the following responses

7      are based only upon such information and documents as are presently available and

8      specifically known to MGA, and disclose only those facts and contentions that

9      presently occur to MGA. Further discovery, independent investigation, legal

10     research and analysis may supply additional facts, add meaning to known facts, and

11     establish entirely new factual conclusions and legal contentions, any of which may

12     lead to additions to, changes to, or variations from the responses set forth below.

13             The following responses are given without prejudice to MGA's right

14     to produce evidence of any subsequently discovered facts that MGA may later

15     recall or locate. MGA, accordingly, reserves the right to supplement and/or change

16     any and all of the following responses as additional facts are ascertained, analyses

17     are made, legal research is completed, and contentions are investigated, and

18     reserves the right to rely upon and present at hearing or trial any information or

19     documents that may be subsequently discovered as a result of this ongoing

20     discovery and investigation. The responses contained herein are made in a good

21     faith effort to supply as much factual information as is presently known, but should

22     in no way be to the prejudice of MGA in relation to further discovery, research or

23     analysis.

24             A response to any of the Requests does not constitute an admission by

25     MGA that it agrees with plaintiff's characterization or definition contained therein,

26     that the information sought is relevant to a claim or defense, or that the information

27     sought is likely to lead to admissible evidence. Except for explicit facts admitted

28     herein, no admission of any nature whatsoever is to be implied by or inferred from

1

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT _____ 3

PAGE _____ 103

1   any response anywhere stated in this document.  By responding to these Requests,

2   MGA does not concede the relevancy, materiality, or admissibility of any

3   information sought by the requests or any responses thereto.

4        This Introductory Statement applies to each and every response

5   contained herein.

6                    **GENERAL OBJECTIONS**

7        The following General Objections apply to the entirety of Mattel's

8   Fifth Set of Requests for Admission (the "Requests").  The assertion of same,

9   similar, or additional objections to the individual requests does not waive any of

10  MGA's General Objections as set forth below.

11       1.    To the extent these Requests request MGA to provide

12  information concerning the legal basis regarding its defense of this matter, MGA

13  objects on the grounds that the Requests impermissibly call for mental impressions,

14  conclusions, opinions and/or legal theories of MGA's attorneys.

15       2.    MGA also objects to the extent these Requests call for the

16  disclosure of information protected by the attorney-client privilege, the work-

17  product doctrine, the joint defense or common interest privilege or any other

18  applicable privilege.

19       3.    MGA further objects to the extent that these Requests seek

20  information comprising the trade secrets of MGA and/or third parties, and/or

21  otherwise constitute confidential information, protected from disclosure by

22  California and/or federal law.

23       4.    MGA objects to the Requests on the grounds that they attempt to

24  unfairly restrict the facts on which MGA may rely at trial.  Discovery has not been

25  completed and MGA is not yet necessarily in possession of all the facts and

26  documents upon which MGA intends to rely.  All of the responses submitted

27  herewith are tendered to Mattel with the reservation that the responses are

28  submitted without limiting the evidence on which MGA may rely to support the

2

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT** _____ 3

**PAGE** _____ 104

1    contentions that MGA may assert at the trial of this action. Further, MGA reserves

2    the right to supplement or amend these responses at a future date if same is deemed

3    appropriate.

4          5.      MGA objects to the Requests on the grounds that they are

5    compound, vague, overbroad, unduly burdensome or oppressive, seek information

6    that is not within MGA's knowledge, or seek information that is neither relevant to

7    this litigation nor reasonably calculated to lead to the discovery of admissible

8    evidence.

9          6.      MGA objects to the defined terms "You," "MGA," "Affiliates,"

10   "Person," Design," "Bratz," "Bratz Works," "Mattel," "The Bratz Pitch Materials"

11   and "Create or Improve" on the grounds that these terms, as defined, are overbroad,

12   are vague and ambiguous, and call for legal conclusions.

13         These General Objections shall be deemed incorporated into each

14   specific response below as if they were fully set forth below. Nevertheless, without

15   waiver of, without prejudice to, and expressly hereby reserving all of the foregoing

16   General Objections, MGA submits the following responses to the Requests.

17

18              **SPECIFIC SUPPLEMENTAL RESPONSES**

19   **REQUEST FOR ADMISSION NO. 1:**

20         Admit that YOU CONTEND YOU believed at the time YOU entered into

21   the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

22   BRATZ.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

24         In addition to the above General Objections, each of which is incorporated by

25   reference as though fully set forth herein, MGA also objects to this request on the

26   grounds that this request calls for a legal conclusion. MGA also objects that this

27   request calls for the disclosure of information protected by the attorney-client

28   privilege, the work-product doctrine, the joint defense privilege and/or the common

                                    3

**EXHIBIT** _____ 3

**PAGE** _____ 105

1   interest privilege. MGA further objects that the term "BRATZ" is vague and

2   ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

3   then existed.

4          Subject to, and without waiving, the foregoing objections, MGA responds:

5   MGA admits that it contends it believed at the time it entered into its agreement

6   with Bryant and at all times thereafter that it had the right to market products

7   developed as a result of its agreement with Bryant.

8

9   **REQUEST FOR ADMISSION NO. 2:**

10          Admit that YOU do not CONTEND YOU believed at the time YOU entered

11   into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

12   BRATZ.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

14          In addition to the above General Objections, each of which is incorporated by

15   reference as though fully set forth herein, MGA also objects to this request on the

16   grounds that this request calls for a legal conclusion. MGA also objects that this

17   request calls for the disclosure of information protected by the attorney-client

18   privilege, the work-product doctrine, the joint defense privilege and/or the common

19   interest privilege. MGA further objects that the term "BRATZ" is vague and

20   ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

21   then existed.

22          Subject to, and without waiving, the foregoing objections, MGA responds:

23   MGA denies the request and specifically denies that it does not contend it believed

24   at the time it entered into its agreement with Bryant or at any time thereafter that it

25   had the right to market products developed as a result of its agreement with Bryant.

26

27   **REQUEST FOR ADMISSION NO. 3:**

28          Admit that YOU CONTEND YOU believed at the time YOU entered into

4

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT** _____ 3

**PAGE** _____ 106

1  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy THE

2  BRATZ PITCH MATERIALS.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

4      In addition to the above General Objections, each of which is incorporated by

5  reference as though fully set forth herein, MGA also objects to this request on the

6  grounds that this request calls for a legal conclusion. MGA also objects that this

7  request calls for the disclosure of information protected by the attorney-client

8  privilege, the work-product doctrine, the joint defense privilege and/or the common

9  interest privilege. MGA further objects that the term "THE BRATZ PITCH

10  MATERIALS" is vague and ambiguous.

11      Subject to, and without waiving, the foregoing objections, MGA responds:

12  MGA admits that it contends it believed at the time it entered into its agreement

13  with Bryant and at all times thereafter that it would have the lawful right to fully

14  exploit the drawings drawn and presented by Bryant prior to the execution of

15  MGA's agreement with Bryant.

16

17  **REQUEST FOR ADMISSION NO. 4:**

18      Admit that YOU do not CONTEND YOU believed at the time YOU entered

19  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

20  THE BRATZ PITCH MATERIALS.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

22      In addition to the above General Objections, each of which is incorporated by

23  reference as though fully set forth herein, MGA also objects to this request on the

24  grounds that this request calls for a legal conclusion. MGA also objects that this

25  request calls for the disclosure of information protected by the attorney-client

26  privilege, the work-product doctrine, the joint defense privilege and/or the common

27  interest privilege. MGA further objects that the term "THE BRATZ PITCH

28  MATERIALS" is vague and ambiguous.

5

EXHIBIT _____ 3

PAGE _____ 107

1      Subject to, and without waiving, the foregoing objections, MGA responds:

2   MGA denies the request and specifically denies that it does not contend it believed

3   at the time it entered into its agreement with Bryant or at any time thereafter that it

4   would have the lawful right to fully exploit the drawings drawn and presented by

5   Bryant prior to the execution of MGA's agreement with Bryant.

6

7   **REQUEST FOR ADMISSION NO. 5:**

8      Admit that YOU CONTEND YOU believed at the time YOU entered into

9   the BRYANT/MGA AGREEMENT that it would be lawful for YOU to produce

10  BRATZ.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

12     In addition to the above General Objections, each of which is incorporated by

13  reference as though fully set forth herein, MGA also objects to this request on the

14  grounds that this request calls for a legal conclusion. MGA also objects that this

15  request calls for the disclosure of information protected by the attorney-client

16  privilege, the work-product doctrine, the joint defense privilege and/or the common

17  interest privilege. MGA further objects that the term "THE BRATZ PITCH

18  MATERIALS" is vague and ambiguous and, as defined by Mattel, renders the RFA

19  nonsensical as no BRATZ then existed.

20     Subject to, and without waiving, the foregoing objections, MGA responds:

21  MGA admits that it contends it believed at the time it entered into its agreement

22  with Bryant (and at all times thereafter) that it had the right to fully exploit products

23  developed as a result of its agreement with Bryant.

24

25  **REQUEST FOR ADMISSION NO. 6:**

26     Admit that YOU do not CONTEND YOU believed at the time YOU entered

27  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

28  produce BRATZ.

6

EXHIBIT _____ 3

PAGE _____ 108

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

2 |     In addition to the above General Objections, each of which is incorporated by

3 | reference as though fully set forth herein, MGA also objects to this request on the

4 | grounds that this request calls for a legal conclusion. MGA also objects that this

5 | request calls for the disclosure of information protected by the attorney-client

6 | privilege, the work-product doctrine, the joint defense privilege and/or the common

7 | interest privilege. MGA further objects that the term "BRATZ" is vague and

8 | ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

9 | then existed.

10 |     Subject to, and without waiving, the foregoing objections, MGA responds:

11 | MGA denies the request and specifically denies that it does not contend it believed

12 | at the time it entered into its agreement with Bryant (and at all times thereafter) that

13 | it had the right to fully exploit products developed as a result of its agreement with

14 | Bryant.

15 |

16 | **REQUEST FOR ADMISSION NO. 7:**

17 |     Admit that YOU CONTEND YOU believed at the time YOU entered into

18 | the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

19 | derivative works from THE BRATZ PITCH MATERIALS.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21 |     In addition to the above General Objections, each of which is incorporated by

22 | reference as though fully set forth herein, MGA also objects to this request on the

23 | grounds that this request, in using the phrase "prepare derivative works," calls for a

24 | legal conclusion. MGA also objects that this request calls for the disclosure of

25 | information protected by the attorney-client privilege, the work-product doctrine,

26 | the joint defense privilege and/or the common interest privilege. MGA further

27 | objects that the term "THE BRATZ PITCH MATERIALS" is vague and

28 | ambiguous.

**EXHIBIT** _____ 3 _____

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

1    Subject to, and without waiving, the foregoing objections, MGA responds:

2    MGA admits that it contends it believed at the time it entered into its agreement

3    with Bryant (and at all times thereafter) that it had the lawful right to fully exploit

4    the drawings drawn and presented by Bryant prior to the execution of its agreement

5    with Bryant.

6    **REQUEST FOR ADMISSION NO. 8:**

7    Admit that YOU do not CONTEND YOU believed at the time YOU entered

8    into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

9    prepare derivative works from THE BRATZ PITCH MATERIALS.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

11   In addition to the above General Objections, each of which is incorporated by

12   reference as though fully set forth herein, MGA also objects to this request on the

13   grounds that this request, in using the phrase "prepare derivative works," calls for a

14   legal conclusion. MGA also objects that this request calls for the disclosure of

15   information protected by the attorney-client privilege, the work-product doctrine,

16   the joint defense privilege and/or the common interest privilege. MGA further

17   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

18   ambiguous.

19   Subject to, and without waiving, the foregoing objections, MGA responds:

20   MGA denies the request and specifically denies that it does not contend it believed

21   at the time it entered into its agreement with Bryant (and at all times thereafter) that

22   it had the lawful right to fully exploit the drawings drawn and presented by Bryant

23   prior to the execution of MGA's agreement with Bryant.

24

25   **REQUEST FOR ADMISSION NO. 9:**

26   Admit that BRYANT CREATED OR IMPROVED at least one of THE

27   BRATZ PITCH MATERIALS while employed by MATTEL.

28   EXHIBIT _____3____

8

PAGE _____110____

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

2       In addition to the above General Objections, each of which is incorporated by

3 reference as though fully set forth herein, MGA also objects that the terms

4 "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are

5 vague and ambiguous. MGA further objects to this Request on the grounds that, in

6 using the phrase "created," it calls for a legal conclusion. MGA also objects to this

7 request on the grounds that it seeks MGA to admits facts not within its percipient

8 knowledge but based solely on the same information available to Mattel. MGA

9 further objects that this request is compound.

10       Subject to, and without waiving, the foregoing objections, MGA responds:

11 MGA denies that Bryant created "Bratz" while employed by Mattel. MGA admits

12 that Bryant testified at deposition that he applied color to some tracings of drawings

13 created in 1998 and drew outfits of formal wear (that were ultimately not used) in

14 2000 prior to his pitch.

15

16 **REQUEST FOR ADMISSION NO. 10:**

17       Admit that BRYANT CREATED OR IMPROVED more than one of THE

18 BRATZ PITCH MATERIALS while employed by MATTEL.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20       In addition to the above General Objections, each of which is incorporated by

21 reference as though fully set forth herein, MGA also objects that the terms

22 "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are

23 vague and ambiguous. MGA further objects to this Request on the grounds that, in

24 using the phrase "created," it calls for a legal conclusion. MGA also objects to this

25 request on the grounds that it seeks MGA to admits facts not within its percipient

26 knowledge but based solely on the same information available to Mattel. MGA

27 further objects that this request is compound.

28       Subject to, and without waiving, the foregoing objections, MGA responds:

9

EXHIBIT _____ 3 _____

PAGE _____ /// _____

1   MGA denies that Bryant created "Bratz" while employed by Mattel.  MGA admits

2   that Bryant testified at deposition that he applied color to some tracings of drawings

3   created in 1998 and drew outfits of formal wear (that were ultimately not used)  in

4   2000 prior to his pitch.

5

6   **REQUEST FOR ADMISSION NO. 11:**

7        Admit that YOU CONTEND that at the time YOU entered into the

8   BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

9   CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

10  employed by MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

12       In addition to the above General Objections, each of which is incorporated by

13  reference as though fully set forth herein, MGA also objects that the terms

14  "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" "no reason

15  to believe" are vague and ambiguous.  MGA further objects on the grounds that the

16  Request's use of the phrase "no reason to believe" requires a statement of opinion

17  rather than an admission of fact.  MGA further objects to this Request on the

18  grounds that, in using the phrase "created," it calls for a legal conclusion.  MGA

19  further objects that the RFA is compound and cannot be answered by "admit" or

20  "deny."

21       Subject to, and without waiving, the foregoing objections, MGA responds:

22  MGA admits that it contends it did not believe or believe it had reason to believe

23  that BRYANT created or improved any of THE BRATZ PITCH MATERIALS

24  while employed by MATTEL.

25

26  **REQUEST FOR ADMISSION NO. 12:**

27       Admit that YOU do not CONTEND that at the time YOU entered into the

28  BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

10

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT _____ 3

PAGE _____ 112

1  CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while
2  employed by MATTEL.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

4        In addition to the above General Objections, each of which is incorporated by
5  reference as though fully set forth herein, MGA also objects that the terms
6  "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" and "no
7  reason to believe" are vague and ambiguous. MGA further objects on the grounds
8  that the Request's use of the phrase "no reason to believe" requires a statement of
9  opinion rather than an admission of fact. MGA further objects to this Request on
10  the grounds that, in using the phrase "created," it calls for a legal conclusion. MGA
11  further objects to this Request because, as phrased, it is nearly unintelligible. MGA
12  further objects that the RFA is compound and cannot be answered by "admit" or
13  "deny."

14        Subject to, and without waiving, the foregoing objections, MGA responds:
15  MGA denies the request and specifically denies that it does not contend it did not
16  believe or believe it had reason to believe that BRYANT created or improved any
17  of THE BRATZ PITCH MATERIALS while employed by MATTEL.

18

19  **REQUEST FOR ADMISSION NO. 13:**

20        Admit that YOU did not suspect MATTEL owned any of THE BRATZ
21  PITCH MATERIALS when or before YOU executed the BRYANT/MGA
22  AGREEMENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24        In addition to the above General Objections, each of which is incorporated by
25  reference as though fully set forth herein, MGA also objects to this request on the
26  grounds that this request calls for a legal conclusion. MGA also objects that this
27  request calls for the disclosure of information protected by the attorney-client
28  privilege, the work-product doctrine, the joint defense privilege and/or the common

11

EXHIBIT _____ 3_____

PAGE _____ //3_____

1    interest privilege. MGA further objects that the terms "suspect" and "THE BRATZ

2    PITCH MATERIALS" are vague and ambiguous. MGA further objects that this

3    request is compound. MGA further objects that this request is compound.

4        Subject to, and without waiving, the foregoing objections, MGA responds:

5    Admitted. Based on the information provided to it, MGA did not believe that

6    Mattel owned any of the materials Carter Bryant presented to it, but nonetheless

7    took steps to confirm the timing of Mr. Bryant's work prior to executing the

8    agreement, as Mr. Larian testified to at his deposition. Indeed, to this day, MGA

9    does not "suspect" or believe that Mattel owns any rights to "Bratz."

10

11    **REQUEST FOR ADMISSION NO. 14:**

12        Admit that YOU CONTEND that, assuming BRYANT transferred rights in

13    any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are entitled to

14    priority over MATTEL as to such materials or YOUR rights are superior to those of

15    MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

17        In addition to the above General Objections, each of which is incorporated by

18    reference as though fully set forth herein, MGA also objects that the request calls

19    for a legal conclusion. MGA also objects that this request calls for the disclosure of

20    information protected by the attorney-client privilege, the work-product doctrine,

21    the joint defense privilege and/or the common interest privilege. MGA further

22    objects that the term "THE BRATZ PITCH MATERIALS" is vague and

23    ambiguous. MGA also objects to this request on the grounds that it purports to ask

24    MGA to admit a fact based on an incomplete hypothetical.

25        Subject to, and without waiving, the foregoing objections, MGA responds:

26    MGA believes that it is the sole transferee of any rights to "Bratz" and anything

27    related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

28    superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT _____3_____

PAGE _____114_____

1    or otherwise.

2

3    **REQUEST FOR ADMISSION NO. 15:**

4      Admit that YOU do not CONTEND that, assuming BRYANT transferred

5    rights in any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are

6    entitled to priority over MATTEL as to such materials or YOUR rights are superior

7    to those of MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9      In addition to the above General Objections, each of which is incorporated by

10    reference as though fully set forth herein, MGA also objects that the request calls

11    for a legal conclusion. MGA also objects that this request calls for the disclosure of

12    information protected by the attorney-client privilege, the work-product doctrine,

13    the joint defense privilege and/or the common interest privilege. MGA further

14    objects that the term "THE BRATZ PITCH MATERIALS" is vague and

15    ambiguous. MGA also objects to this request on the grounds that it purports to ask

16    MGA to admit a fact based on an incomplete hypothetical.

17      Subject to, and without waiving, the foregoing objections, MGA responds:

18    MGA believes that it is the sole transferee of any rights to "Bratz" and anything

19    related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

20    superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

21    or otherwise.

22

23    **REQUEST FOR ADMISSION NO. 16:**

24      Admit that, assuming BRYANT transferred rights in any or all of THE

25    BRATZ PITCH MATERIALS to MATTEL, YOU are not entitled to priority over

26    MATTEL as to such materials and YOUR rights are not superior to those of

27    MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

28

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT _____ 3 _____

PAGE _____ 115 _____

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2       In addition to the above General Objections, each of which is incorporated by

3   reference as though fully set forth herein, MGA also objects that the request calls

4   for a legal conclusion. MGA also objects that this request calls for the disclosure of

5   information protected by the attorney-client privilege, the work-product doctrine,

6   the joint defense privilege and/or the common interest privilege. MGA further

7   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

8   ambiguous. MGA also objects to this request on the grounds that it purports to ask

9   MGA to admit a fact based on an incomplete hypothetical.

10      Subject to, and without waiving, the foregoing objections, MGA responds:

11  MGA believes that it is the sole transferee of any rights to "Bratz" and anything

12  related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

13  superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

14  or otherwise.

15

16  **REQUEST FOR ADMISSION NO. 17:**

17      Admit that YOU CONTEND that YOU are a transferee in good faith under

18  17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

19  MATERIALS.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

21      In addition to the above General Objections, each of which is incorporated by

22  reference as though fully set forth herein, MGA also objects that the request calls

23  for a legal conclusion. MGA also objects that this request calls for the disclosure of

24  information protected by the attorney-client privilege, the work-product doctrine,

25  the joint defense privilege and/or the common interest privilege. MGA further

26  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

27  ambiguous.

28      Subject to, and without waiving, the foregoing objections, MGA responds:

14

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT _____ 3

PAGE _____ 116

1   to the extent 17 U.S.C. § 205 (d) applies, MGA admits that it contends that MGA is

2   a transferee of some materials that were created by Bryant prior to the execution of

3   his agreement with MGA and that MGA acted at all times in good faith.  MGA

4   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

5   anything related to "Bratz."

6

7   **REQUEST FOR ADMISSION NO. 18:**

8         Admit that YOU do not CONTEND that YOU are a transferee in good faith

9   under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

10   MATERIALS.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

12         In addition to the above General Objections, each of which is incorporated by

13   reference as though fully set forth herein, MGA also objects that the request calls

14   for a legal conclusion.  MGA also objects that this request calls for the disclosure of

15   information protected by the attorney-client privilege, the work-product doctrine,

16   the joint defense privilege and/or the common interest privilege.  MGA further

17   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

18   ambiguous.

19         Subject to, and without waiving, the foregoing objections, MGA responds:

20   to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

21   MGA is a transferee of some materials that were created by Bryant prior to the

22   execution of his agreement with MGA and denies that it does not contend that it

23   acted at all times in good faith.  MGA believes that it is the sole transferee from

24   Bryant of any rights to "Bratz" and anything related to "Bratz."

25

26   **REQUEST FOR ADMISSION NO. 19:**

27         Admit that YOU CONTEND that YOU may be a transferee in good faith

28   under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

EXHIBIT _____ 3

PAGE _____ 117

1  MATERIALS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

3       In addition to the above General Objections, each of which is incorporated by

4  reference as though fully set forth herein, MGA also objects that the request calls

5  for a legal conclusion. MGA also objects that this request calls for the disclosure of

6  information protected by the attorney-client privilege, the work-product doctrine,

7  the joint defense privilege and/or the common interest privilege. MGA further

8  objects that use of the phrase "may be" is vague and ambiguous. MGA further

9  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

10  ambiguous.

11       Subject to, and without waiving, the foregoing objections, MGA responds: to the

12  extent 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is a transferee

13  of some materials that were created by Bryant prior to the execution of his agreement with

14  MGA and that MGA acted at all times in good faith. MGA believes that it is the sole

15  transferee from Bryant of any rights to "Bratz" and anything related to "Bratz."

16

17  **REQUEST FOR ADMISSION NO. 20:**

18       Admit that YOU do not CONTEND that YOU may be a transferee in good

19  faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

20  MATERIALS.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

22       In addition to the above General Objections, each of which is incorporated by

23  reference as though fully set forth herein, MGA also objects that the request calls

24  for a legal conclusion. MGA also objects that this request calls for the disclosure of

25  information protected by the attorney-client privilege, the work-product doctrine,

26  the joint defense privilege and/or the common interest privilege. MGA further

27  objects that use of the phrase "may be" is vague and ambiguous. MGA further

28  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

16

EXHIBIT _____ 3

PAGE _____ 118

1    ambiguous.

2            Subject to, and without waiving, the foregoing objections, MGA responds:

3    to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

4    MGA is a transferee of some materials that were created by Bryant prior to the

5    execution of his agreement with MGA and denies that it does not contend that it

6    acted at all times in good faith.  MGA believes that it is the sole transferee from

7    Bryant of any rights to "Bratz" and anything related to "Bratz."

8

9    **REQUEST FOR ADMISSION NO. 21:**

10           Admit that YOU CONTEND that YOU are a transferee in good faith under

11   17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH MATERIALS.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

13           In addition to the above General Objections, each of which is incorporated by

14   reference as though fully set forth herein, MGA also objects that the request calls

15   for a legal conclusion.  MGA also objects that this request calls for the disclosure of

16   information protected by the attorney-client privilege, the work-product doctrine,

17   the joint defense privilege and/or the common interest privilege.  MGA further

18   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

19   ambiguous.

20           Subject to, and without waiving, the foregoing objections, MGA responds:

21   to the extend 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is

22   a transferee of some materials that were created by Bryant prior to the execution of

23   his agreement with MGA and that MGA acted at all times in good faith.  MGA

24   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

25   anything related to "Bratz."

26

27   **REQUEST FOR ADMISSION NO. 22:**

28           Admit that YOU do not CONTEND that YOU are a transferee in good faith

17

EXHIBIT _____ 3

PAGE _____ 119

1  under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

2  MATERIALS.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

4       In addition to the above General Objections, each of which is incorporated by

5  reference as though fully set forth herein, MGA also objects that the request calls

6  for a legal conclusion. MGA also objects that this request calls for the disclosure of

7  information protected by the attorney-client privilege, the work-product doctrine,

8  the joint defense privilege and/or the common interest privilege. MGA further

9  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

10  ambiguous.

11       Subject to, and without waiving, the foregoing objections, MGA responds:

12  to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

13  MGA is a transferee of some materials that were created by Bryant prior to the

14  execution of his agreement with MGA and denies that it does not contend that it

15  acted at all times in good faith. MGA believes that it is the sole transferee from

16  Bryant of any rights to "Bratz" and anything related to "Bratz."

17

18  **REQUEST FOR ADMISSION NO. 23:**

19       Admit that YOU CONTEND that YOU may be a transferee in good faith

20  under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

21  MATERIALS.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23       In addition to the above General Objections, each of which is incorporated by

24  reference as though fully set forth herein, MGA also objects that the request calls

25  for a legal conclusion. MGA also objects that this request calls for the disclosure of

26  information protected by the attorney-client privilege, the work-product doctrine,

27  the joint defense privilege and/or the common interest privilege. MGA further

28  objects that use of the phrase "may be" is vague and ambiguous. MGA further

18

EXHIBIT _____ 3

PAGE _____ 120

1   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

2   ambiguous.

3        Subject to, and without waiving, the foregoing objections, MGA responds:

4   to the extent 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is

5   a transferee of some materials that were created by Bryant prior to the execution of

6   his agreement with MGA and that MGA acted at all times in good faith. MGA

7   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

8   anything related to "Bratz."

9

10  **REQUEST FOR ADMISSION NO. 24:**

11       Admit that YOU do not CONTEND that YOU may be a transferee in good

12  faith under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

13  MATERIALS.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

15       In addition to the above General Objections, each of which is incorporated by

16  reference as though fully set forth herein, MGA also objects that the request calls

17  for a legal conclusion. MGA also objects that this request calls for the disclosure of

18  information protected by the attorney-client privilege, the work-product doctrine,

19  the joint defense privilege and/or the common interest privilege. MGA further

20  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

21  ambiguous. MGA further objects that use of the phrase "may be" is vague and

22  ambiguous.

23       Subject to, and without waiving, the foregoing objections, MGA responds:

24  to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

25  MGA is a transferee of some materials that were created by Bryant prior to the

26  execution of his agreement with MGA and denies that it does not contend that it

27  acted at all times in good faith. MGA believes that it is the sole transferee from

28  Bryant of any rights to "Bratz" and anything related to "Bratz."

19

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT _____ 3 _____

PAGE _____ 121 _____

1

2  **REQUEST FOR ADMISSION NO. 25:**

3       Admit that YOU are not a transferee in good faith under 17 U.S.C. § 205(d)

4  with respect to any of THE BRATZ PITCH MATERIALS.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

6       In addition to the above General Objections, each of which is incorporated by

7  reference as though fully set forth herein, MGA also objects that the request calls

8  for a legal conclusion. MGA also objects that this request calls for the disclosure of

9  information protected by the attorney-client privilege, the work-product doctrine,

10 the joint defense privilege and/or the common interest privilege. MGA further

11 objects that the term "THE BRATZ PITCH MATERIALS" is vague and

12 ambiguous.

13       Subject to, and without waiving, the foregoing objections, MGA responds:

14 to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

15 MGA is a transferee of any materials that were created by Bryant prior to the

16 execution of his agreement with MGA and denies that it does not contend that it

17 acted at all times in good faith. MGA believes that it is the sole transferee from

18 Bryant of any rights to "Bratz" and anything related to "Bratz."

19

20 **REQUEST FOR ADMISSION NO. 26:**

21       Admit that the BRATZ dolls were first exhibited in the United States in

22 November 2000.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

24       In addition to the above General Objections, each of which is incorporated by

25 reference as though fully set forth herein, MGA also objects that the phrases

26 "BRATZ dolls" and "first exhibited" in this context are vague and ambiguous.

27       Subject to, and without waiving, the foregoing objections, MGA responds:

28 MGA denies the request, except insofar as MGA admits that boards showing

20

EXHIBIT _____3_____

PAGE _____122_____

1  "Bratz" character art were shown to certain retailers in November 2000.

2

3  **REQUEST FOR ADMISSION NO. 27:**

4  Admit that the BRATZ dolls were not first exhibited in the United States in

5  November 2000.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

7  In addition to the above General Objections, each of which is incorporated by

8  reference as though fully set forth herein, MGA also objects that the phrases

9  "BRATZ dolls" and "first exhibited" in this context are vague and ambiguous.

10  Subject to, and without waiving, the foregoing objections, MGA responds:

11  MGA admits the request but, for purposes of clarification, states that boards

12  showing "Bratz" character art were shown to certain retailers in November 2000.

13  **REQUEST FOR ADMISSION NO. 28:**

14  Admit that, when YOU met with BRYANT on September 1, 2000, YOU

15  knew BRYANT was employed by MATTEL at the time.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

17  MGA incorporates by reference the above General Objections as though

18  fully set forth herein.

19  Subject to, and without foregoing the General Objections, MGA responds:

20  MGA admits that MGA employees Isaac Larian and Victoria O'Connor testified at

21  their depositions that Bryant told them on or about September 1, 2000, that he was

22  employed by Mattel at that time.

23

24  **REQUEST FOR ADMISSION NO. 29:**

25  Admit that, when YOU entered into the BRYANT/MGA AGREEMENT,

26  YOU knew BRYANT was employed by MATTEL at the time.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

28  MGA incorporates by reference the above General Objections as though

21

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT ____3____

PAGE ____/23____

1   fully set forth herein.

2        Subject to, and without foregoing the General Objections, MGA responds:

3   MGA admits that certain MGA personnel knew at the time it entered into its

4   agreement with Bryant that Bryant was employed by Mattel, as MGA employees

5   Isaac Larian and Victoria O'Connor testified at their depositions that Bryant told

6   them on or about September 1, 2000, that he was employed by Mattel at that time.

7

8        Dated:     August 21, 2007     O'MELVENY & MYERS LLP

9

10

11       By: _____

12       William J. Charron
         Attorneys for MGA Entertainment, Inc.

13

14

15

16  CC1:768553.3

17

18

19

20

21

22

23

24

25

26

27             EXHIBIT ____3____

28             PAGE ____124____

     22

# PROOF OF SERVICE

I, Deborah L. Hodge, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035.  On August 22, 2007, I served the within documents:

**MGA ENTERTAINMENT INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
mpage@kvn.com
    Attorneys for Carter Bryant

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
pglaser@chrisglase.com
    Attorneys for MGA

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Boulevard
Suite 620
Los Angeles, CA 90025
Jim@SpertusLaw.com
    Attorneys for Carlos Gustovo Machado Gomez

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 22, 2007, at Los Angeles, California.

_____
Deborah L. Hodge

EXHIBIT _____3_____

PAGE _____125_____

PROOF OF SERVICE

1

## PROOF OF PERSONAL SERVICE

2      I am a citizen of the United States and employed in the County of Los

3   Angeles, State of California, by First Legal Support Services, whose address is 1511 W.

4   Beverly Blvd., Los Angeles, CA 90026, and which has been employed by a member of

5   the bar of this Court at whose direction the service was made. I am over the age of

6   eighteen years and not a party to the within action. On August 22, 2007, I personally

7   served the following:

8              **MGA ENTERTAINMENT INC.'S SUPPLEMENTAL**
               **RESPONSES TO MATTEL, INC.'S FIFTH SET OF**
9                    **REQUESTS FOR ADMISSION**

10  by delivering a copy thereof to the office of the following:

11           Michael T. Zeller, Esq.
             Timothy Alger, Esq.
12           Dylan Proctor, Esq.
             Scott Kidman, Esq.
13           Quinn Emanuel Urquhart Oliver & Hedges, LLP
             865 South Figueroa Street, 19th Floor
14           Los Angeles, CA 90017

15           I declare under penalty of perjury under the laws of the United States that

16  the above is true and correct. Executed on August 22, 2007, at Los Angeles, California.

17

18       SIGNATURE:      _____

19       PRINTED NAME:   _____

20

21

22

23

24

25

26

27       EXHIBIT _____ 3 _____

28       PAGE _____ 126 _____

PROOF OF PERSONAL SERVICE