KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                              Plaintiff,<br><br>        v.<br><br>MATTEL, INC. a Delaware<br>Corporation,<br><br>                              Defendant.<br><br>CONSOLIDATED WITH MATTEL,<br>INC., v. BRYANT and MGA<br>ENTERTAINMENT, INC. v.<br>MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER; AND (2) FEBRUARY 20, 2008 ORDER**<br><br>Date:        March 31, 2008<br>Time:        10 a.m.<br>Place:       Courtroom 1<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

412587.01

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF
DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER; AND (2) FEBRUARY 20, 2008 ORDER
CASE NO. CV 04-09049 SGL (RNBx)

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT...................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND....................................3

III.   ARGUMENT ........................................................................................6

    A.   The Discovery Master's February 20 Order is reviewed only for clear error or a result that is contrary to law. .................................6

    B.   The Discovery Master correctly concluded that Mattel's Interrogatory Nos. 27-29 are overly broad and unduly burdensome, and that Bryant's supplemental responses were appropriate and in compliance with Fed. R. Civ. P. 33. ......................7

    C.   The Discovery Master correctly concluded that Interrogatory No. 39 is overbroad and invasive.......................................................10

    D.   The Discovery Master correctly concluded that Bryant's had provided a sufficient response to Interrogatory No. 47 ...................13

    E.   Having failed to raise any claim before the Discovery Master that Bryant's interrogatory responses failed to adequately specify documents by Bates number, that claim should be rejected now.......................................................................16

IV.   CONCLUSION ...........................................................................................20

i

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF
DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER; AND (2) FEBRUARY 20, 2008 ORDER
CASE NO. CV 04-09049 SGL (RNBx)

412587.01

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Anderson v. Equifax Info. Servs.*,
  No. CV 05-1741-ST, 2007 WL 2412249
  (D. Or. Aug. 20, 2007 ..........................................................................6

*Bhan v. NME Hosp., Inc.*,
  929 F.2d 1404 (9th Cir. 1991).............................................................6

*Clean Earth Remediation and Constr. Services, Inc. v.
  American Intern. Group, Inc.*,
  245 F.R.D. 137 (S.D.N.Y. 2007) ......................................................19

*Columbia Pictures, Inc. v. Bunnell*,
  245 F.R.D. 443 (C.D. Cal. 2007) .........................................................6

*Cook v. Yellow Freight Sys., Inc.*,
  132 F.R.D. 548 (E.D. Cal. 1990) .......................................................11

*Dibel v. Jenny Craig, Inc.*,
  No. 06CV2533 JLS (AJB), 2008 WL 344099
  (S.D. Cal. Feb. 7, 2008) ........................................................................6

*Does I-VI v. Yogi*,
  110 F.R.D. 629 (D.D.C. 1986).............................................................11

*Greenhow v. Sec'y of Health & Human Servs.*,
  863 F.2d 633 (9th Cir. 1988)..............................................................15

*Hiskett v. Wal-Mart Stores, Inc.*,
  180 F.R.D. 403 (D. Kan. 1998)..........................................................18

*Johnson v. Kraft Foods North America, Inc.*,
  236 F.R.D. 535 (D. Kan. 2006)..........................................................19

*Kokoski v. Felts*,
  5:07-cv-00039, 2007 WL 2750677
  (S.D.W. Va. Sept. 19, 2007) ..............................................................15

*Lectroalarm Custom Systems, Inc. v. Pelco Sales, Inc.*,
  212 F.R.D. 567 (E.D. Cal. 2002) .......................................................11

*Mackey v. IBP, Inc.*,
  167 F.R.D. 186 (D. Kan. 1996)..........................................................18

ii

412587.01

*McCoo v. Denny's, Inc.*,
    192 F.R.D. 675 (D. Kan. 2000)..................................................................9

*Miller v. Federal Express Corp.*,
    186 F.R.D. 376 (W.D. Tenn. 1999) .........................................................19

*Myers v. Reason,*
    5:05CV134, 2007 WL 81891 (N.D.W. Va. Jan. 8, 2007) ........................3

*Paramount Pictures Corp. v. Replay TV,*
    CV 0-9358 FMC (Ex), 2002 WL 32151632
    (C.D. Cal. May 30, 2002)...................................................................7, 15

*Peskoff v. Faber*,
    230 F.R.D. 25 (D.D.C. 2005) ...................................................................11

*Premium Service Corp. v. Sperry & Hitchinson Co.*,
    511 F.2d 225 (9th Cir. 1975)....................................................................10

*Rivera v. NIBCO, Inc.*,
    364 F.3d 1057 (9th Cir. 2004)....................................................................6

*Roseborough v. Cottonwood Apartments*,
    No. 94 C 3708, 1996 WL 490717
    (N.D. Ill. August 26, 1996) .....................................................................15

*Ukiah Auto. Inv. v. Mitsubishi Motors of N. Am., Inc.*,
    No. C-04-3932 MMC, 2006 WL 1348562
    (N.D. Cal. May 17, 2006) ........................................................................19

*United States v. Hardesty*,
    977 F.2d 1347 (9th Cir. 1992)..................................................................15

*United States v. U.S. Gypsum Co.*,
    333 U.S. 364 (1948)....................................................................................6

*VNA Plus, Inc. v. Apria Healthcare Group, Inc.*,
    No. Civ.A 98-2138-KHV, 1999 WL 386949
    (D. Kan. June 8, 1999) .............................................................................19

## STATE CASES

*Desny v. Wilder*,
    46 Cal.2d 715 (1956)..................................................................................8

iii

412587.01

# FEDERAL AUTHORITIES

17 U.S.C. § 101.................................................................................................8

28 U.S.C. § 636(b)(1)(A).................................................................................6

Fed. R. Civ. P. 26......................................................................................6, 18

Fed. R. Civ. P. 33........................................................................................1, 3

Fed. R. Civ. P. 72(a) .......................................................................................6

# OTHER AUTHORITIES

*Chisum on Patents* (2007) ..............................................................................8

American Heritage Dictionary 4th ed. (2006).................................................9

412587.01

# I.    PRELIMINARY STATEMENT

In recent weeks, Mattel has embarked upon a strategy of appealing virtually every order of the Discovery Master, the Honorable Edward Infante (Ret.), that is not in its favor.  Yet an appeal of a decision by Discovery Master, like that of a Magistrate Judge, is not meant to be a routine event.  It should properly occur only where there is compelling evidence that the Discovery Master clearly erred in his reasoning, manifestly abused his discretion, or acted contrary to law; otherwise, the purpose of appointing a Discovery Master to resolve discovery disputes will be subverted, and the parties will be subjected to the burden and expense of unnecessary additional motion practice.  Here, there is no such compelling evidence of error on the Discovery Master's part.  Mattel's Motion Objection to Portions of Discovery Master's February 15 and February 20, 2008 Orders ("Objection Motion") (Docket No. 2386) therefore should be denied in its entirety.

On February 20, 2008, after carefully balancing the evidence, the applicable law, and the relative interests of the parties, the Discovery Master denied Mattel's motion to compel further interrogatory responses by Carter Bryant.  Decl. of B. Dylan Proctor in Support of Mattel's Motion Objecting to Portions of Discovery Master's Orders ("Mar. 3 Proctor Decl.") (Docket No. 2386-2), Ex. 12 (Order Denying Mattel's Motion to Compel Resps. to Interrogs. by Bryant, dated February 20, 2008 ("February 20 Order")).  In reaching this determination, the Discovery Master considered the scope of the discovery sought by Mattel ("overbroad"), the burden imposed on Bryant ("undu[e]"), and the sufficiency of the responses already provided by Bryant (consistent with Fed. R. Civ. P. 33).  *Id.* at 634-638.  Mattel now objects to the February 20 Order, distorting both the Discovery Master's reasoning and the parties' behavior in this litigation.  Stripped of its liberties with the underlying record and the applicable law, Mattel's motion must be denied for at least the following four reasons.

*First*, Interrogatory Nos. 27-29 are substantially overbroad, asking Bryant to

1

412587.01

catalogue every idea, thought, conversation, musing, doodle, etc., however fleeting or insignificant, having anything to do with anything in any way related to Bratz from the time he came up with the idea in 1998 through June 2001.  Moreover, Mattel's definition of "BRATZ INVENTION" in these interrogatories is unfair and compound—calculated not to obtain legitimate discovery but to obtain a misleading "sound bite" for the jury.  Yet, despite these fatal defects, Bryant still provided meaningful, substantive responses to each of these interrogatories. Bryant's responses used the ordinary and common meaning of the term "invention," provided facts supporting the contentions identified in the interrogatories, listed supporting documents, and identified knowledgeable individuals.  Faced with "overbroad and unduly burdensome interrogatories," these responses are more than sufficient, as the Discovery Master correctly concluded. Mar. 3 Proctor Decl., Ex. 12.

_Second_, having already obtained extensive discovery into Bryant's financial records—including information concerning _all_ payments from MGA and Larian to Bryant, payments from Bryant to third parties relating to Bratz and this litigation, and information sufficient to determine Bryant's net worth—Mattel is not entitled to the intrusive discovery requested in Interrogatory No. 39.  The interrogatory is abusively drawn, implicating not only Bryant's privacy interests, but also that of non-parties.  The Discovery Master's decision with respect to this interrogatory is thus correct and should not be disturbed.

_Third_, Bryant provided a thorough response to Interrogatory No. 47, describing each of the sources from which Bryant has collected documents, and incorporating a detailed declaration outlining his document preservation efforts. Indeed, Bryant's response is far more comprehensive that Mattel's own "supplemental" response to a nearly identical interrogatory propounded by MGA. The Discovery Master correctly found that Bryant's response "is in substantial compliance" with the Federal Rules, and Mattel has articulated no compelling

basis for overturning that determination.

*Fourth*, having failed to raise the issue before the Discovery Master, Mattel now argues that Bryant's responses to Interrogatories 27-33, 36-38, 42, and 47 are inadequate for failing to identify documents by Bates number.  Issues not raised before the Discovery Master cannot be raised for the first time before the District Court.  *See, e.g., Myers v. Reason*, 5:05CV134, 2007 WL 81891, *3 (N.D.W. Va. Jan. 8, 2007).  Mattel's attempt to inject new arguments on appeal should not be condoned.  But even if the Court were to consider Mattel's untimely new argument, Bryant's responses do in fact identify numerous documents by Bates number and describe numerous other documents by category.  The Federal Rules require no more in response to interrogatories seeking "all documents" that in any way "refer or relate" to topics implicating the full sweep of a party's claims and defenses.

For each of the above reasons, the Discovery Master's order denying Mattel's motion to compel is not clearly erroneous, contrary to law, or in any way an abuse of the Discovery Master's considerable discretion with respect to these discovery issues.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2007, Mattel served its Third Set of Interrogatories on Bryant and the other defendants.  Many of interrogatories were compound, in violation of Federal Rule of Civil Procedure 33(a) and the Court's then-operative limit of 50 interrogatories per side.  Consequently, Bryant and the other defendants objected to Mattel's Third Set and filed a motion for a protective order.  *See* Decl. of B. Dylan Proctor in Support of Mattel's Motion to Compel Resps. to Interrogs. by Bryant ("Dec. 13 Proctor Decl.") (Docket No. 1267-4), Ex. 16 (Defs.' Joint Mot. for Protective Order Re. Mattel's Third Set of Interrogs.).  On September 5, 2007, the Discovery Master granted defendants' motion for a protective order, holding that "many of Mattel's interrogatories are compound because they address discrete

3

issues." Mar. 3 Proctor Decl., Ex. 13 (Order Granting Joint Mot. for Protective Order ("Sept. 5 Order")), at 135. The Discovery Master permitted Mattel to serve a Revised Third Set of Interrogatories that, unlike Mattel's original Third Set, did not exceed the 50 interrogatory limit. *Id.* at 137.

On September 21, 2007, Mattel served a Revised Third Set of Interrogatories on each defendant. Dec. 13 Proctor Decl., Ex. 1. Mattel subsequently served a Fourth Set of Interrogatories on October 12, 2007, a Fifth Set of Interrogatories on October 19, 2007, and an Amended Fourth and Sixth Set on October 23, 2007. *Id.*, Exs. 2-4. Finally, Mattel served a Seventh Set of Interrogatories on October 25, 2007. Decl. of Matthew Werdegar in Support of Bryant's Opp'n to Mattel's Motion to Compel Resps. to Interrogs. ("Dec. 20 Werdegar Decl.") (Docket No. 1309), Ex. 10. Bryant served Responses and Objections to Mattel's Revised Third Set and Amended Fourth Set of Interrogatories on November 15, 2007, the day after the temporary discovery stay imposed by the Court expired. Dec. 13 Proctor Decl., Exs. 5, 6. Bryant thereafter served Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21, 2007, and to Mattel's Sixth Set and Seventh Set on November 26, 2007. *Id.*, Exs. 7, 8; Dec. 20 Werdegar Decl., Ex. 8.

The parties met and conferred telephonically regarding Bryant's original responses to Mattel's interrogatories repeatedly in late November and early December 2007. Dec. 20 Werdegar Decl., ¶ 2; Dec. 13 Proctor Decl., ¶ 8; Ex. 12. During these meet and confer sessions, Bryant explained to Mattel the bases for his objections to Mattel's interrogatories and sought to reach a mutually-acceptable agreement regarding the scope of a number of the interrogatories. Dec. 20 Werdegar Decl., ¶ 3; Dec. 13 Proctor Decl., Ex. 12. Mattel refused to consider any narrowing of its requests or any other compromise to alleviate the burden of responding. Dec. 20 Werdegar Decl. ¶ 3. Nonetheless, Bryant agreed to supplement his responses to numerous interrogatories, including all but one of the interrogatories at issue in Mattel's underlying motion to compel. Dec. 13 Proctor

Decl., Ex. 12; Dec. 20 Werdegar Decl., ¶ 3.  The only interrogatory that Bryant declined to supplement is Interrogatory No. 39, which, as discussed below, the Discovery Master found to be "overbroad" and "going far beyond what is relevant."  Dec. 13 Proctor Decl., Ex. 12; Mar. 3 Proctor Decl., Ex. 12, at 636;

Despite Mattel's knowledge that Bryant was in the process of preparing supplemental responses, Mattel filed its Motion to Compel Responses to these interrogatories on December 13, 2007, without having waited to receive Bryant's supplemental responses, much less review or discuss them with Bryant.  Dec. 20 Werdegar Decl., ¶¶ 6-8 .  Notwithstanding Mattel's failure to meet and confer regarding Bryant's supplemental responses, Bryant subsequently voluntarily provided further (second) supplemental responses to Mattel's interrogatories. Supplemental Werdegar Decl. in Support of Bryant's Opp'n to Mattel's Motion to Compel Resps. to Interrogs. ("Supp. Werdegar Decl.") (Docket No. 2005), Exs. A-D.  Bryant served these supplemental responses on January 28, 2008.  Mattel never sought to meet and confer about these second supplemental responses prior to the February 11, 2008 hearing before the Discovery Master on its Motion to Compel.

At the February 11 hearing, the Discovery Master heard argument both on Mattel's motion to compel directed against Bryant and on a separate motion to compel directed against MGA involving the same interrogatories. On February 15, 2008, the Discovery Master issued a detailed order granting in part and denying in part Mattel's motion to compel directed against MGA.  Mar. 3 Proctor Decl., Ex. 11.  Soon thereafter, on February 20, 2008, the Discovery Master issued another detailed order, denying in its entirety Mattel's motion to compel further interrogatory responses by Bryant.  Mar. 3 Proctor Decl., Ex. 12.  Mattel subsequently filed the present Motion objecting to both of these orders.

412587.01

### III.   ARGUMENT

**A.   The Discovery Master's February 20 Order is reviewed only for clear error or a result that is contrary to law.**

District courts review a magistrate judge's pretrial order under a "clearly erroneous or contrary to law" standard.[1]  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 72(a)); *accord* 28 U.S.C. § 636(b)(1)(A)); *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (stating that a magistrate judge's decision on nondispositive issues should be reviewed under the "clearly erroneous" standard).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Dibel v. Jenny Craig, Inc.*, No. 06CV2533 JLS (AJB), 2008 WL 344099, at *3 (S.D. Cal. Feb. 7, 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The standard of review applied to a magistrate judge's decisions is particularly deferential in the discovery context:  "When reviewing discovery disputes … the Magistrate is afforded broad discretion, which will be overruled only if abused."  *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal quotation omitted); *see also Anderson v. Equifax Info. Servs.*, No. CV 05-1741-ST, 2007 WL 2412249, at *1 (D. Or. Aug. 20, 2007) ("[M]agistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of a clear abuse of discretion.").  As one court in this District has explained:

> This Court's function, on a motion for review of a magistrate judge's
> discovery order, is not to decide what decision this Court would have

---

[1] The Stipulation for Appointment of a Discovery Master; and Order (Docket No. 107) states that "[t]he Discovery Master's orders resolving discovery disputes … shall be treated as rulings made by a Magistrate Judge of the United States District Court." Order, at 5, ¶ 6.

6

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER; AND (2) FEBRUARY 20, 2008 ORDER CASE NO. CV 04-09049 SGL (RNBx)

412587.01

reached on its own, nor to determine what is the best possible result considering all available evidence.  It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.

*Paramount Pictures Corp. v. Replay TV*, CV 0-9358 FMC (Ex), 2002 WL 32151632, at * 1 (C.D. Cal. May 30, 2002).

The Discovery Master's February 20 Order more than passes this highly-deferential "clearly erroneous or contrary to law" standard of review.  The adequacy of Bryant's responses to Mattel's interrogatories was extensively briefed and argued before the Discover Master.  And the February 20 Order carefully and correctly resolves each of the issued raised by Mattel.  While Mattel plainly is not pleased with the outcome, nothing in its present Motion demonstrates that any portion of the Discovery Master's Order is clearly erroneous, contrary to law, or a clear abuse of discretion.

**B.    The Discovery Master correctly concluded that Mattel's Interrogatory Nos. 27-29 are overly broad and unduly burdensome, and that Bryant's supplemental responses were appropriate and in compliance with Fed. R. Civ. P. 33.**

Mattel's Interrogatory Nos. 27-29 purport to require Bryant to provide detailed information regarding every idea, conversation, and idle thought he had that in any way concerned Bratz over the course of almost three years.  As the Discovery Master concluded, the burden imposed by these breathtakingly broad interrogatories is undue.  Mar. 3 Proctor Decl., Ex. 12, at 634-36.  In fact, it is insurmountable.  The Discovery Master's determination that Bryant's responses to these interrogatories were adequate under the circumstances cannot be viewed as clearly erroneous or contrary to law.

In its Objection Motion, Mattel argues that Bryant's limitations on the term "BRATZ INVENTION" were improper.  *See* Objection Motion, 7-10.  Yet, as the Discovery Master accurately observed, Mattel's "definition of 'Bratz Invention' is

7

extremely broad, encompassing numerous intellectual property concepts." Mar. 3 Proctor Decl., Ex. 12, at 635. Mattel's definition of this single term incorporates at least 30 separate elements, including "representation, idea, concept, work, process, procedure, plan, improvement, or other development" and "all works, designs, artwork, sketches, drawings, illustrations, representations, depictions , depictions, blueprints, schematics, diagrams, images, sculptures,  prototypes, models, samples, rotocasts, reductions to practice, developments, inventions, and/or improvements." Dec. 13 Proctor Decl., Ex. 1, at 9-10.  Moreover, Mattel's definition of the term encompasses within its ambit elements of patent law, copyright law, and California's idea-protection principles, and is thus hopelessly, and confusingly, compound. *Cf.* 1-GLOS *Chisum on Patents* (2007) (describing uses of the term "invention" in patent law); 17 U.S.C. § 101 (defining, for purposes of copyright law, that a work is "fixed" in a "tangible medium" of expression when its embodiment is sufficiently permanent or stable to permit it to be perceived); *Desny v. Wilder*,  46 Cal.2d 715, 738-39 (1956) (describing circumstances in which an "idea" may be protected by California's idea-protection principles).

The tactical aim of Mattel's extremely broad definition of "BRATZ INVENTION" is clear, and that aim is not information gathering, as Mattel claims. As the Court is aware, the meaning of the term "invention," as used in Mattel's Employee Confidential Information and Inventions Agreement, is a key issue in this case that is going to be litigated in summary judgment and/or at trial.  By defining that term as broadly as possible in its interrogatories, and far beyond the scope of its ordinary meaning, Mattel is attempting to compel Bryant to admit that he created an "invention" during the term of his Mattel employment.  For example, Mattel has long been aware that Bryant made minor revisions to certain Bratz-related drawings in 1999 and/or 2000.  These minor revisions—irrelevant for purposes of both copyright and patent law—arguably come within Mattel's sweeping definition of "BRATZ INVENTIONS."  Mattel's gambit to obtain a

8

CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER; AND (2) FEBRUARY 20, 2008 ORDER CASE NO. CV 04-09049 SGL (RNBx)

412587.01

misleading sound-bite that Bryant concedes that he made an "invention" during this period—particularly when combined with the unnecessary breadth of these interrogatories and concordant burden of responding—is inappropriate, as the Discovery Master correctly concluded.

"Faced with overbroad and unduly burdensome interrogatories," the Discovery Master further concluded that Bryant's supplemental response "provides facts supporting the contentions identified in the interrogatories, identifies persons with knowledge of those facts, and identifies the principal documents or categories of documents that support each contention." Mar. 3 Proctor Decl., Ex. 12, at 635. Rather than using Mattel's misleading and compound definition of "BRATZ INVENTIONS," Bryant limited his response to "inventions" as that term is ordinarily understood—*i.e.*, as a term used in "utility patent law, and/or in the 'INVENTIONS AGREEMENT.'" *See* Supp. Werdegar Decl. Ex. A, at 10, 19, 29; *see also* American Heritage Dictionary 4th ed. (2006) (defining invention as: "A new device, method, or process developed from study and experimentation: the phonograph, an invention attributed to Thomas Edison."). This common-sense limitation represented a reasonable approach to responding to these compound and overbroad interrogatories—particularly in light of Mattel's refusal to work with Bryant to find some other mutually agreeable manner of limiting the term. *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."). Unsurprisingly given the parties' stated positions in this case, Bryant made clear that he does not contend that he created any Bratz "inventions" during the relevant time periods, as that term is commonly used and is used in Mattel's INVENTIONS AGREEMENT. Supp. Werdegar Decl. Ex. A, at 10, 19, 29.

Mattel's claim that Bryant is attempting to "shield from discovery the identity of countless inventions" should not be credited. Objection Motion, at 8,

9

10.  During the meet and confer process prior to Mattel's motion to compel, Bryant offered, as one possible compromise, to identify every tangible Bratz-related drawing or design that Bryant had done during each time period.  Dec. 13 Proctor Decl., Ex. 12; Dec. 20 Werdegar Decl., ¶ 3.  Mattel refused this offer.  *Id.*  Faced with Mattel's complete unwillingness to pare down these extraordinary broad interrogatories, Bryant responded by providing the most complete responses he could, applying the ordinary meaning of the term "invention."  The Discovery Master's finding that these responses were adequate under the circumstances is not clearly erroneous.

**C.     The Discovery Master correctly concluded that Interrogatory No. 39 is overbroad and invasive**

Mattel hardly bothers to dispute the extraordinarily broad scope of Interrogatory No. 39.  Making use of an expansive definition of the term "REFER OR RELATE TO," Interrogatory No. 39 purports to require Bryant to provide detailed account information for every bank or other financial institution account—no matter under whose name or for whose benefit—that in any way mentions Bryant or reflects his existence.  The Discovery Master found that this interrogatory is "overbroad," "not reasonably tailored" and "goes far beyond what is relevant."  Mar. 3 Proctor Decl. Ex. 12, at 636.  This conclusion is not clearly erroneous; rather it is amply supported by both state and federal law and by the relevant underlying facts.

Personal financial information, like that requested in Interrogatory No. 39, is protected from unwarranted discovery.  Specifically, before allowing intrusive discovery into an individual's private financial records, courts require that the discovery to be narrowly tailored and of sufficient value to the claims and defenses being litigated.  *See*, *e.g.*, *Premium Service Corp. v. Sperry & Hitchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (affirming decision quashing subpoena because plaintiff's need for documents "was not sufficient to outweigh the burden and

10

invasion of corporate privacy …."); *Peskoff v. Faber*, 230 F.R.D. 25, 28-30 (D.D.C. 2005) (denying discovery into defendant's personal bank records because plaintiff had shown no connection between information sought and claims at issue and because any relevant information could be obtained from alternative, less invasive, sources); *Does I-VI v. Yogi*, 110 F.R.D. 629, 633 (D.D.C. 1986) (denying discovery that "may unnecessarily reveal private information about nonparties" and imposing limitations on discovery into defendants' financial status).  "[T]he initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose.  A balance must be struck."  *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990).

Here, any potentially relevant information that Mattel ultimately could obtain through a response to Interrogatory 39 could be—*and in fact already has been*—obtained from other sources.  *See Lectrolarm Custom Systems, Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 570-71 (E.D. Cal. 2002) (denying plaintiff's requested discovery because it was "unreasonable, duplicative, overly broad" and because any relevant information had "already been discovered by the broad reach of the discovery already conducted").  Mattel identifies three possible reasons why the account information sought in Interrogatory No. 39 is relevant to this case:  (1) to show "payments from MGA and/or Larian to Bryant;" (2) to show "payments to Bryant to others related to Bratz;" and (3) to show "Bryant's net worth."  Objection Motion, at 13.  While Mattel disingenuously suggests that no alternative sources have been suggested for obtaining information on these issues, *id.* at 14, Judge Infante specifically identified three alternative sources in his Order:

> [T]o the extent Interrogatory No. 39 seeks relevant information, that information is readily available through alternative less intrusive sources.  For example, Bryant represents that he has produced and will continue to produce his royalty statements from MGA.  Mattel has also had the

11

opportunity to depose Bryant and MGA, and to obtain relevant financial information from MGA.

Mar. 3 Proctor Decl., Ex. 12, at 636.

Judge Infante's observations regarding the availability of the relevant financial information from alternative sources are born out by reality.  Mattel has obtained extensive discovery into each of the three topics it identifies.  For example, Bryant recently agreed to produce, and did in fact produce, a litany of additional financial information in lieu of Mattel pursuing a subpoena directed against his accountants, Foothill Business Services ("Foothill").  Specifically, Bryant agreed to supplement his prior productions of financial information to include (1) documents sufficient to show all payments to Bryant from MGA and/or Isaac Larian, (2) all available profit and loss statements for Carter Bryant Enterprises, (3) documents sufficient to show Bryant's current net worth, and (4) documents sufficient to show all payments to Veronica Marlow from Bryant or Carter Bryant Enterprises.  Supp. Werdegar Decl. ¶¶ 11-12, Exs. F-H.

Bryant also appeared for an additional nine hours of deposition on January 23 and 24, 2008.  During this continuation of Bryant's deposition, counsel for Mattel asked Mr. Bryant (1) how much money he had received in royalties from MGA, including in particular how much he had received in 2001 and 2007, (2) his best estimate of his current net worth; and (3) who was paying his legal fees in this litigation.   Supp. Werdegar Decl., Ex. I.  Bryant answered all of these questions. *Id.*  Additionally, on February 8, Bryant identified in his response to Mattel's Supplemental Interrogatory No. 67 all of the witnesses whose legal fees he has paid in connection with this litigation.  Declaration of Rebekah Punak in Support of Bryant's Opp'n to Mattel's Motion Objecting to Portions of Discovery Master's Orders ("Punak Decl."), Ex. A.  Mattel has not raised any objection regarding the sufficiency of this interrogatory response.

Bryant's production of the financial documents gathered from Foothill,

12

together with Bryant's prior productions of financial information, his deposition testimony on January 23 and 24, 2008, and his response to Interrogatory No. 67 fully address all of the bases that Mattel has asserted in its Motion for needing the identity of bank and other financial accounts that "refer or relate" to Bryant. The discovery sought by Mattel in Interrogatory No. 39 is therefore duplicative and unduly burdensome. The Discovery Master properly declined to compel it.

**D.     The Discovery Master correctly concluded that Bryant's had provided a sufficient response to Interrogatory No. 47**

Bryant's supplemental response to Interrogatory No. 47—concerning the sources of information from which he has collected documents in connection with this litigation—is detailed and comprehensive. In his response, Bryant explains that he has searched, *inter alia*, his personal hard copy files of drawings, all of his personal paper files and financial records (including those maintained by his bookkeeper), the paper files of Carter Bryant Enterprises, all of his electronic documents, including any and all responsive documents contained on any of the computers he has used since 2000, and other physical items (including dolls and doll components) in his possession. Supp. Werdegar Decl., Ex. C, at 11. Bryant also incorporates into his response his January 14, 2008 declaration, outlining in detail his document preservation efforts. Punak Decl., Ex. D. The Discovery Master's determination that this response "is in substantial compliance with Rule 33" is certainly correct. Mar. 3 Proctor Decl., Ex. 12, at 638.

Indeed, Bryant's detailed response to this interrogatory stands in stark contrast to Mattel's own deficient response to a substantially similar interrogatory propounded by MGA. MGA's Interrogatory No. 30 asked Mattel to "IDENTIFY each and every SOURCE OF INFORMATION from YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ". Punak Decl., Ex. E. Mattel initially responded to this interrogatory with only objections. *Id.* Finally, on March 5, 2008, Mattel provided a substantive response, which consisted of

nothing more than a list of very general categories of sources of information, without any of the specificity Mattel claims is required.  Mattel's complete response is attached as Exhibit E to the concurrently filed Declaration of Rebekah Punak.  *Id.*  If Mattel believes this response is adequate (as it must, or presumably it would not have served it) Mattel has no legitimate basis to argue that the Discovery Master clearly erred when he found Bryant's much more detailed response to be in compliance with Rule 33.

Mattel's principal basis for objecting to the Discovery Master's ruling is that Bryant's response somehow does "not allow Mattel to test the sufficiency of Bryant's searches in productions."  Objection Motion, at 22.  In it unclear why this so, since Mattel knows from Bryant's response everywhere that Bryant has and has not looked for documents in connection with the litigation.  If Mattel truly believed that certain sources of potential information were missing from Bryant's response (although there are none), it could have raised its concerns with Bryant at any time since January 28, 2008.  It has not.  Moreover, Mattel has in fact questioned Bryant *at length* about his document collection efforts.  Over the course of Bryant's five day, 41 hour deposition, Mattel questioned Bryant extensively regarding his document retention practice, his efforts to collect documents relating to this litigation, and the sources from which he gathered electronic information.  *See* Punak Decl., Ex. B (Bryant Depo. Vol. II), 486:1-488:6; Ex. C (Bryant Depo Vol. IV), 746:1-765:22.  Bryant answered all of Mattel's questions on these topics.  Mattel thus has more than sufficient information regarding Bryant's searches for responsive documents, and far more information than Mattel itself has provided.

Unable to identify any (much less clear) error in the Discovery Master's Order based on the record properly before the Court, Mattel attempts manufacture an entirely new argument based on innuendo and distorted facts—namely, that Mattel should be entitled to even more information regarding Bryant's searches for documents because of Bryant's purported spoliation of evidence.  Mattel never

14

raised this argument, either to Bryant in the parties' meet and confer sessions or in its briefing before the Discovery Master.  Having failed to do so, Mattel should not be permitted to raise it for the first time to the District Court.  It is well established that "a magistrate judge's decision should not be disturbed on the basis of arguments not presented to him."  *Kokoski v. Felts*, 5:07-cv-00039, 2007 WL 2750677, *2 (S.D. W.Va. Sept. 19, 2007) (internal citations omitted); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir.1988) (finding that district court was well within its discretion to deny litigant's attempt to offer new contentions not raised before magistrate judge), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Paramount Pictures Corp. v. Replay TV*,  01-9358 FMC, 2002 WL 32151632, at *1 (C.D. Cal. May 30, 2002) ("It is to decide whether the Magistrate Judge, *based on the evidence and information before him*, rendered a decision that was clearly erroneous or contrary to law.") (emphasis added); *Roseborough v. Cottonwood Apartments*, No. 94 C 3708**,** 1996 WL 490717, *1 (N.D. Ill. August 26, 1996) ("Efficiency in judicial administration requires that all arguments be presented to the magistrate judge in the first instance.  The review procedure thus does not afford the opportunity to present new arguments not raised before the magistrate judge.").

But even if Mattel's eleventh hour "spoliation" argument were legitimately before the court (and it is not), that argument should be rejected on the merits. Mattel's accusation that Bryant has engaged in spoliation of evidence is as tired as it is false.  Mattel apparently hopes that if it accuses Bryant of spoliation often enough and shrilly enough the allegation will stick in the Court's mind, like a memorable, but false negative political advertisement.  The Court should not condone such tactics.  Bryant has responded to Mattel's baseless claims at length in other briefing.  Rather than repeating all of the many reasons why Mattel's allegations are false, Bryant respectfully refers the Court to its Opposition and Sur

15

1   Reply filed in opposition to Mattel's misleadingly titled "Motion for an Order

2   Enforcing Court's January 25, 2007 Order Compelling Bryant to Produce

3   Computer Hard Drives and for Sanctions," copies of which are attached as Exhibits

4   F and G to the concurrently filed Declaration of Rebekah Punak.  As detailed in

5   these pleadings, there is simply no credible evidence of any spoliation by Bryant.

6   And most importantly for purposes of this motion, Mattel has received repeated

7   and extensive discovery regarding Bryant's efforts to collect electronic information

8   from his computers, including his interrogatory responses to Nos. 40 and 47, a

9   detailed declaration, lengthy deposition testimony, and complete forensic images

10  of both of the computers relevant to Mattel's spoliation allegations.  As the

11  Discovery Master found, this is enough.

12  **E.      Having failed to raise any claim before the Discovery Master that Bryant's interrogatory responses failed to adequately specify documents by Bates number, that claim should be rejected now.**

13

14          In its Objection Motion, Mattel claims that it raised Bryant's alleged failure

15  to adequately specify documents "in its papers before the Discovery Master and at

16  the hearing on its motion to compel."  Objection Motion, 23.  Not so.  There is not

17  a single mention in either Mattel's Motion to Compel or in its reply brief about

18  Bryant's alleged failure to adequately specify the documents referenced in his

19  interrogatory responses.[2]  In fact, Mattel made only a single isolated reference to

20  Bates numbers at the February 11 hearing before the Discovery Master, when

21  describing its own interrogatories.  The entire relevant statement from Mattel's

22  counsel is as follows:

23          We've also found that there is a lack of information about documents

24          throughout all these interrogatories, and I think that's quite clear.  Virtually

25

26  [2] In Mattel's Motion to Compel Interrogatory Responses by MGA it argued that MGA's responses insufficiently specified document by failing to provide Bates numbers.  *See* Mattel's Motion to Compel Resps. to Introgs. by the MGA Parties (Docket No. 1317), 17.  This is patently insufficient to raise a claim that *Bryant's* interrogatory responses failed to sufficiently specify documents by Bates number—particularly because Bryant's responses *do* provide the Bates numbers for many of the documents identified.

27

28

16

> every interrogatory lacks any specification of documents.  Mattel in its
> interrogatory responses has provided identification of documents by Bates
> number.

Mar. 3 Proctor Decl., Ex. 10, at 580.  Certainly this isolated statement, which came during Mattel's joint argument on both its motion against Bryant and against MGA, was not sufficient to alert the Discovery Master that Mattel was claiming that *Bryant's* responses were inadequate for failing to list Bates numbers for every single document referenced in his responses, especially since Mattel only asserted that argument on paper against MGA.  And, contrary to the implication in Mattel's Motion, the February 20 Order does not acknowledge that Mattel raised the issue regarding Bryant.  Mar. 3 Proctor Decl., Ex. 12.

As discussed above, Mattel is not permitted to raise on appeal new arguments not presented before the magistrate judge to the Court.  *See,* Section III.D, at 14-15, *supra*.  Mattel has not provided any explanation for its failure to raise this alleged inadequacy in Bryant's responses to the Discovery Master.  It should not be permitted to raise this issue before the District Court in the first instance.

Even if, contrary to the facts, Mattel's Bates number claim had been raised before the Discovery Master, any objection to Bryant's interrogatory responses on this basis is without merit.  Bryant's responses to Interrogatory Nos. 27, 29-31, 33, and 36-38 *do* identify numerous relevant documents by Bates number.  *See* Supp. Werdegar Decl. Ex. A, at 15, 32, 37, 47, 66-67, 82, 91, 102-03.  Where Bryant has not provided Bates numbers, he has provided specific descriptions of relevant categories of documents—many of them comprising thousands of documents that would be too numerous to list individually.  *See*, *e.g.*, *id.* Ex. A, at 24-25; Ex. B, at 12; Ex. C, at 11.  Bryant's responses are more than adequate to meet his obligations under the Federal Rules.

There is simply no requirement that parties identify every document that

412587.01

"REFERS OR RELATES" to a particular contention by Bates number, especially where, as here, the interrogatories relate to topics that effectively cover Bryant's entire defense in this case.  To the contrary, Federal Rule of Civil Procedure 26 expressly permits parties to identify documents by category, as Bryant has done in his responses.  *See* Fed. R. Civ. P. 26(A) ("Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties …  a copy—*or a description by category and location*—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." (emphasis added)); *see also Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (holding that disclosure of documents consistent with Rule 26(a) is sufficient in response to interrogatory seeking the identity of all documents relating to a party's contention).

Moreover, courts routinely find that requests that seek all facts or documents that "refer or relate to" or are "pertaining to" a particular subject are overbroad on their face and need not be answered at all.  The reasoning of *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197-198 (D. Kan. 1996) is particularly on point.  In *Mackey*, the Court was faced with an interrogatory seeking the identify of all documents "pertaining to" "comparisons or rankings of the plants of defendant IBP, Inc." *Id.* at 197.  The court held that this interrogatory was "overly broad and unduly burdensome on its face." *Id.* at 198.  The court explained that the "[u]se of omnibus phrases such as 'pertaining to,' . . . often makes an interrogatory overly broad and unduly burdensome on its face.  Such phrases often require the answering party to engage in mental gymnastics to determine what information may or may not be remotely responsive.  In this instance the use of the phrase

18

'pertaining to' makes Interrogatory 7(b) overly broad."  *Id.* at 197-98.[3]

Mattel's sweeping contention interrogatories are no different.  Mattel has not asked Bryant to identify the documents he intends to rely upon at trial, but rather any and every document that "REFERS OR RELATES" to Bryant's defense in this case.  Mattel defines "REFERS OR RELATES" in the broadest possible terms to mean:  "relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to the subject matter, either directly or indirectly"  Dec. 13 Proctor Decl., Ex. 1, at 11-12.  The universe of documents encompassed by these Interrogatories is potentially limitless.  Indeed, the parties collectively have produced several million pages of material in discovery in this case, tens of thousands of pages of which likely "REFER OR RELATES" to such sweeping topics as why Mattel is not entitled to injunctive relief or punitive damages or why Bryant did not breach his duties to Mattel.  *See id.* at 17 (Interrogatory Nos. 32, 33).  The burden on Bryant of determining and listing the identity of each one—even if it were possible to do so—greatly

---

[3] The cases Mattel cites—all of which it failed to cite below—do not support a contrary to conclusion, and in no way support a finding that the Discovery Master's ruling was contrary to law.  Indeed, most of Mattel's cited cases address the very different question of how much specificity is required when a party, in lieu of providing a narrative response to an interrogatory, invokes Rule 33(d) and refers the propounding party to business records from which an answer to the interrogatory may be determined.  *See Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006) (addressing sufficiency of response to interrogatory referring party to documents in lieu of providing narrative response pursuant to Rule 33(d)); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 385 (W.D. Tenn. 1999) (same); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2138-KHV, 1999 WL 386949, at *5 (D. Kan. June 8, 1999) (same).  Here, Bryant provided a substantive response to each interrogatory, and never sought to rely upon Rule 33(d).  The remainder of the cases cited by Mattel involve interrogatories seeking the identification of a discrete category of documents, and not "all documents" "REFERRING OR RELATING" to sweeping topics, such as with Mattel's interrogatories.  *See Clean Earth Remediation and Const. Services, Inc. v. American Intern. Group, Inc.*, 245 F.R.D. 137, 142 (S.D.N.Y. 2007) (addressing interrogatory asking for identification of documents containing communications between plaintiff and any insurance broker or agent concerning a specific contract referrenced in plaintiff's complaint); *Ukiah Auto. Inv. v. Mitsubishi Motors of N. Am., Inc.*, No. C-04-3932 MMC, 2006 WL 1348562, *1 (N.D. Cal. May 17, 2006) (addressing interrogatory asking for all documents supporting [not "referring or relating" to] plaintiff's calculation of damages).

19

1   outweighs any conceivable value that information would have to Mattel.  To the

2   extent that Mattel seeks to determine what documents Bryant will be relying on in

3   trial, no motion practice was necessary to obtain that information—the parties will

4   be exchanging exhibit lists on April 8 pursuant to the parties' Stipulation

5   Regarding Pretrial Deadlines.

6       In light of the clear authority cited above, and in Bryant's underlying

7   opposition to Mattel's motion to compel, finding such interrogatories to be

8   overbroad and abusive on their face, the Discovery Master's ruling with respect to

9   these interrogatories cannot be found to be contrary to law or clearly erroneous.

10                          **IV.    CONCLUSION**

11      The Discovery Master's conclusion that Bryant should not be compelled to

12  respond to Mattel's overbroad, burdensome, and abusively drawn interrogatories is

13  not clearly erroneous.  Mattel's motion objecting the Discovery Master's order

14  should be denied.

15

16

17                                  Respectfully submitted,

18  Dated:  March 17, 2008          KEKER & VAN NEST, LLP

19

20

21                          By:   /s/ Matthew Werdegar
                                  MATTHEW WERDEGAR
22                                Attorneys for Plaintiff
                                  CARTER BRYANT
23

24

25

26

27

28

412587.01