1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA
10 Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. De C.V.,
11 and ISAAC LARIAN

12 **UNITED STATES DISTRICT COURT**

13 **CENTRAL DISTRICT OF CALIFORNIA**

14 **EASTERN DIVISION**

| | |
|---|---|
| 15  CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 16              Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 17       v. | **DECLARATION OF TIMOTHY A.** |
| 18  MATTEL, INC., a Delaware corporation | **MILLER IN SUPPORT OF MGA ENTERTAINMENT, INC.'S** |
| 19              Defendant. | **OPPOSITION TO MATTEL, INC.'S MOTION OBJECTING TO** |
| 20 | **PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008** |
| 21  Consolidated with MATTEL, INC. v. BRYANT and MGA | **ORDER REGARDING MATTEL'S MOTION TO COMPEL** |
| 22  ENTERTAINMENT, INC. v. MATTEL, INC. | **RESPONSES TO INTERROGATORIES BY THE** |
| 23 | **MGA PARTIES** |
| 24 | Honorable Stephen G. Larson |
| 25 | Hearing Date: March 31, 2008 |
| 26 | Time:      10:00 a.m.<br>Place:     Courtroom 1 |

27

28

1    I, Timothy A. Miller, declare as follows:

2    1.    I am an attorney duly licensed to practice law in the State of

3  California and am a member of the law firm of Skadden, Arps, Slate, Meagher &

4  Flom LLP ("Skadden"), counsel of record for MGA Entertainment Inc. ("MGA"),

5  MGA Entertainment (HK) Limited ("MGA HK"), MGAE De Mexico, S.R.L. De

6  C.V. ("MGA Mexico") and Isaac Larian in this action.  Except where otherwise

7  noted, I have personal knowledge of the facts set forth below and could competently

8  testify thereto.

9    2.    Attached hereto as Exhibit A is a true and correct copy of the

10  Court's July 2, 2007 Minute Order.

11    3.    Attached hereto as Exhibit B is a true and correct copy of the

12  Court's March 11, 2008 Order Regarding Pretrial Deadlines.

13    4.    Attached hereto as Exhibit C is a true and correct copy of the

14  Court's February 4, 2008 Minute Order.

15    5.    Attached hereto as Exhibit D is a true and correct copy of Mattel's

16  Memorandum Re. Trial Structure, filed June 20, 2007.

17    I declare under penalty of perjury under the laws of the United States of

18  America that the foregoing is true and correct.  Executed this 17th day of March,

19  2008, in San Francisco, California.

20

21

22                              Timothy A. Miller

23

24

25

26

27

28                              1

# EXHIBIT A

Case 2:04-cv-09049-DOC-RNB  Document 2685-3  Filed 03/17/08  Page 4 of 32  Page ID
#:41660
Case 2:04-cv-09049-SGL-RNB  Document 608  Filed 07/02/2007  Page 1 of 5

**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).**

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                         John B. Quinn
                                      Brett Dylan Proctor
                                      Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:    MINUTE ORDER



ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters
heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's
       May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90              **EXHIBIT** A
CIVIL -- GEN                 **PAGE** 2            Initials of Deputy Clerk  jh
                                                  Time: 01/15

Case 2:04-cv-09049-DOC-RNB   Document 2685-3   Filed 03/17/08   Page 5 of 32   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 608   Filed 07/02/2007   Page 2 of 5
#:41661




regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and

(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

<table>
<tr><td></td><td>EXHIBIT __A__</td><td></td></tr>
<tr><td>MINUTES FORM 90</td><td>PAGE __3__</td><td>Initials of Deputy Clerk __jh_____</td></tr>
<tr><td>CIVIL -- GEN</td><td>2</td><td>Time: 01/15</td></tr>
</table>

Case 2:04-cv-09049-DOC-RNB Document 2685-3 Filed 03/17/08 Page 6 of 32 Page ID
Case 2:04-cv-09049-SGL-RNB Document 608 Filed 07/02/2007 Page 3 of 5
#:41662

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

| MINUTES FORM 90 | EXHIBIT $A$ | | Initials of Deputy Clerk __jh_____ |
| CIVIL -- GEN | PAGE $4$ | 3 | Time: 01/15 |

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the
document production set forth in the Discovery Master's May 15, 2007, order no later than July 31,
2007, with the exception of the documents from MGA Hong Kong, which shall be produced no
later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15,
2007, Order, extending the document production date as set forth above. The Motion is **DENIED**
in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of
documents, extending the document production date as set forth above. The application is
**DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of
witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical
analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a
> public or private corporation or a partnership or association or governmental agency
> and describe with reasonable particularity the matters on which examination is
> requested. In that event, the organization so named shall designate one or more
> officers, directors, or managing agents, or other persons who consent to testify on its
> behalf, and may set forth, for each person designated, the matters on which the
> person will testify. . . . The persons so designated shall testify as to matters *known*
> *or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create
testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz.
1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District
Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses
> without knowledge within an organization and eliminating 'bandying', which is the
> name given to the practice in which people are deposed in turn but each disclaims
> knowledge of facts that are clearly known to persons in the organization and thereby
> to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes
to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

EXHIBIT __A__

PAGE __5__

Initials of Deputy Clerk __ jh _____
Time: 01/15

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

EXHIBIT    A
PAGE    6

MINUTES FORM 90                                                                      Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                           5                             Time: 01/15

# EXHIBIT B



Case 2:04-cv-09049-SGL-RNB   Document 2614   Filed 03/11/2008   Page 1 of 2

1
2
3
4
5
6
7
8
9
10

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13

CARTER BRYANT, an individual,

Plaintiff,

v.

14
15

MATTEL, INC., a Delaware
corporation,

16

Defendant.

17

AND CONSOLIDATED ACTIONS

18
19
20
21
22
23
24
25
26
27
28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059
and Case No. 05-2727

[PROPOSED] ORDER
REGARDING PRETRIAL
DEADLINES

Honorable Stephen G. Larson

EXHIBIT ___B___
PAGE ___7___

[Proposed] Order
Case No. CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-SGL-RNB    Document 2614    Filed 03/11/2008    Page 2 of 2

## ~~PROPOSED~~ | ORDER

Pursuant to the Stipulation between the MGA Defendants, Carter Bryant, and Mattel ("The Parties"), by and through their counsel of record and subject to the Court's approval, IT IS SO ORDERED that:

1. The parties shall exchange proposed stipulations of fact, exhibit lists, witness lists, and deposition designations, as set forth in the Court's Standing Scheduling Order and Local Rule 16-2, by April 1, 2008, and any objections thereto by April 14, 2008;

2. The parties shall exchange jury instructions and special verdict forms, as set forth in the Court's Standing Scheduling Order, by April 4, 2008, and any objections thereto by April 14, 2008;

3. The parties shall exchange counter-deposition designations by April 10, 2008, and any objections thereto by April 14, 2008;

4. The parties shall conduct the meeting of counsel in accordance with Local Rule 16-2 by April 16, 2008;

5. The parties shall file the submissions required by Federal Rule of Civil Procedure 16 and Local Rule 16 by April 21, 2008; and

6. The Final Pretrial Conference shall be held on May 5, 2008. @ 11:00 a.m.

IT IS SO ORDERED:

Dated:  MAR 11 2008

The Honorable Stephen G. Larson

EXHIBIT __B__
PAGE __8__

~~[Proposed]~~ Order
Case No. CV 04-9049 SGL (RNBx)

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                              Theresa Lanza
           Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                          John Quinn
                                      Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:            GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                            Initials of Deputy Clerk __jh
CIVIL -- GEN                               Time: 1/45
                          1

EXHIBIT __C__
PAGE __9__

PROCEEDINGS:

    HEARING ON EX PARTE APPLICATIONS:

    **1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

    **1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

    **1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

    **1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

    **1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

    **1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

    **ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

    Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

          **EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

    These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

EXHIBIT __C__
PAGE __10__

McFarland, who represents certain third-party witnesses. Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition. A
written response to this OSC must be filed no later than February 11, 2008. Other
parties may file written replies no later than February 19, 2008. The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the
convenience of the witnesses or pursuant to the stipulation of the parties and/or
witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be
related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be
presented in the first instance to the Discovery Master. The fact that the Discovery
Master's ruling might impact upon the Court's scheduling order does not relieve the
parties of following this procedure. For instance, motions to compel, motions to
quash, or motions challenging service as to existing discovery requests shall be
brought before the Discovery Master. So, too, must objections based on
burdensomeness, relevancy, or privilege. In general, and on the matters touched
upon herein, the Court expresses no opinion as to these issues, and instead leaves
those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's
January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
Phase 2), said deposition may proceed subject to the challenges set forth in the
previous paragraph. To the extent that the depositions are related to Phase 2, they
are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the
Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of
Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08
Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the
individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90                                           Initials of Deputy Clerk __jh_____
CIVIL -- GEN                              . 3              Time: 1/45

EXHIBIT ___C___
PAGE __ll__

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE
### JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
### ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
### COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90                                           Initials of Deputy Clerk __jh_____
CIVIL -- GEN                            4                 Time: 1/45

EXHIBIT __C__
PAGE __12__

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                                5

Initials of Deputy Clerk __jh_____
Time: 1/45

**EXHIBIT** __C__
**PAGE** __13__

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx) **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY***<br>**(if sending by fax, mailing address must also be provided)** |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*: P.O. Box 581103

Salt Lake City, UT 84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT C
PAGE 14

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)  **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So  Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(Include suite or floor)*: Two Embarcadero

Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

---

NOTICE PARTY SERVICE LIST

**EXHIBIT**  C
**PAGE**  15

# EXHIBIT D

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Plaintiff
   Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Honorable Stephen G. Larson<br><br>MATTEL'S MEMORANDUM REGARDING TRIAL STRUCTURE<br><br>Date:　TBA<br>Time:　TBA<br>Place:　TBA<br><br>**Phase 1**<br>Discovery Cut-Off:　October 22, 2007<br>Pre-Trial Conference: January 14, 2008<br>Trial Date:　　　　February 12, 2008<br><br>**Phase 2**<br>Discovery Cut-Off:　March 3, 2008<br>Pre-Trial Conference: June 2, 2008<br>Trial Date:　　　　July 1, 2008 |

*PERSONALLY SERVED 4:10 PM*

EXHIBIT _D_
PAGE _16_

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1           At the June 11, 2007, hearing, the Court was clear that it was not

2  inclined to change its existing order regarding the phasing of the trial. This would

3  leave the original <u>Mattel v. Carter Bryant</u> complaint as Phase One and MGA's unfair

4  competition claims, along with Mattel's amended claims, in Phase Two. Mattel has

5  previously apprised the Court of the reasons it believes this structure is not optimal,

6  including the following:

7

8       •   The Court has stated its intention to resolve "Bratz ownership" issues in

9              Phase One; however, Bratz ownership was not as squarely addressed in

10           the original complaint as it is in the claims now structured as

11           counterclaims (which were drafted with the benefit of discovery).

12           Indeed, while encompassed by the original complaint's allegations,

13           "Bratz" is nowhere explicitly named in the original complaint.

14       •   The present structure would have almost entirely overlapping claims

15           arising out of Bryant's conduct while employed by Mattel in both

16           phases of the trial: a claim for breach for fiduciary duty against Bryant

17           in both phases, a claim for breach of contract against Bryant in both

18           phases, etc. In addition, all the associated aiding and abetting claims

19           (e.g., aiding and abetting breach of fiduciary duty, etc.) would be in

20           Phase Two. This will require adducing the same evidence and

21           producing the same witnesses twice. Defendants agree with Mattel that

22           this would be inefficient.

23       •   MGA intervened in the action on the original complaint and

24           accordingly presumably expects to be permitted to fully participate in

25           opening statements, examination of witnesses and closing arguments in

26           Phase One, even though none of the claims against it will be explicitly

27           tried in Phase One. In other words, Mattel will be required to contend

28           with MGA in Phase One, but will not be able to assert <u>pending</u> claims

-1-

EXHIBIT _D_

PAGE __17__

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1          it has against MGA arising from the very same Bryant/MGA conduct
2          that is the subject of Phase One.

3          If the Court is inclined to reconsider, Mattel respectfully submits that
4  the most satisfactory way to divide the claims is between (1) claims arising out of
5  Bryant's activities while employed by Mattel (in Phase One) and (2) all other claims
6  (in Phase Two). This is what Mattel had proposed in its motion, heard June 11,
7  2007, ruling on which was deferred because of the proposal that MGA and Bryant
8  put forward at the hearing.

9          If the Court is not disposed to the proposal set forth in Mattel's motion,
10  Mattel offers the following two alternatives. One is a modification of defendants'
11  proposal submitted to the Court on June 11. The other -- Mattel respectfully
12  submits -- is the minimum modification necessary to the existing order to
13  accomplish the Court's stated objective of resolving "Bratz ownership" issues in
14  Phase One.

15

16  Modification of Defendants' Proposal

17          Defendants' proposal is the same as what Mattel had proposed in its
18  motion, with two differences. Defendants' proposal, like Mattel's, recognizes that
19  Mattel's amended claims arising out of Bryant's activities while employed by Mattel
20  overlap substantially with--or indeed are merely restatements of--Mattel's claims in
21  the original complaint. Like Mattel, defendants propose that all these claims be
22  tried together in Phase One.[1]

23          The two differences between Mattel's proposal and defendants' is that
24  defendants propose to try the copyright infringement claims and damages issues in
25  Phase One. This represents a reversal in position on defendants' part. Defendants
26  had previously argued that it was not practical to try all copyright infringement

27          [1]  Defendants' proposal is set forth in the Powerpoint slide they presented at the
28  June 11 hearing.

l/2147647.5

-2-

**EXHIBIT** _D_
**PAGE** _18_

1   claims in Phase One because doing so would require individually assessing

2   infringement issues with respect to over 200 products.  As MGA stated in its last

3   brief on the subject:

4               Mattel's Phase Two copyright infringement claims against

5               MGA, MGA Hong Kong, Isaac Larian and Bryant

6               (Counterclaim 1) relate to *hundreds* of products that MGA

7               created and released between 2001 and 2007, long *after*

8               Bryant left Mattel.  Trial of those claims will require a jury

9               to analyze each product to determine whether it is even a

10              derivative work of Bryant's original drawings.  Those

11              issues are entirely separate and distinct from the narrow

12              issue of whether Bryant or Mattel own [sic] Bryant's

13              original drawings.[2]

14   Mattel agrees that deferring resolution of copyright issues may avoid this

15   burdensome assessment of 200 products.  If the issue of ownership of Bratz works

16   created by Bryant while he was employed at Mattel is resolved against Mattel, then

17   it will likely never be necessary to get into the copyright infringement issues.

18              Defendants had likewise previously urged that damages issues should

19   not be tried in Phase One.  This is because, as MGA argued, "[t]here are countless

20   'Bratz' products, as well as dozens of different themes used to market the 'Bratz'

21   dolls, each of which would need to be individually analyzed in order to calculate the

22   profits attributable to each and to apportion damages appropriately."[3]  Mattel

23   submits that defendants' stated concern is legitimate, and applies both to Mattel's

24   copyright infringement claim and the state law claims that are already in Phase One.

25   That is because Mattel's claim for breach of fiduciary duty, for example, permits

26   _____

27   [2]  See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz
     Ownership in Phase One at 3:12-19 (italics in original).

28   [3]  Id. at 8:8-11 (addressing copyright claim).

/2147647.5

1  disgorgement of profits as a remedy. See, e.g., Harris Trust and Sav. Bank v.
2  Salomon Smith Barney, Inc., 530 U.S. 238, 250-251 (2000) (when legal title to
3  property passes to another through breach of fiduciary duty, the victim may seek a
4  disgorgement of any profits derived therefrom); Parke v. First Reliance Standard
5  Life Ins. Co., 368 F.3d 999, 1008 (8th Cir. 2004) ("a defendant who owes a
6  fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching
7  that duty"). A state law disgorgement of profits analysis may substantially overlap
8  in proof with copyright infringement damages. For both, proof of damages will
9  likely involve individual assessment of numerous derivative works. Ownership can
10 be addressed and resolved without wading into this minutia.

11         Accordingly, Mattel proposes that defendants' current proposal be
12 adopted by the Court with the modification that copyright infringement and
13 damages issues be bifurcated within Phase One, consistent with defendants' original
14 position. In other words, Phase One would address all claims arising out of Bryant's
15 conduct while he was employed by Mattel, but copyright infringement and damages
16 issues would be bifurcated and reached only if there were findings against
17 defendants in the first part of the Phase One trial. Phase Two would address claims
18 arising from the acts of unfair competition asserted by MGA against Mattel and
19 trade secret theft asserted by Mattel against MGA, occurring after, and unrelated to,
20 Bryant's employment with Mattel.

21

22 Minimum Modification

23         In the alternative, Mattel respectfully submits that to resolve "Bratz
24 ownership" issues in Phase One the Court should, at a minimum, make two
25 modifications. First, it should import into Phase One Mattel's declaratory relief
26 claim relating to Bratz ownership. In the original complaint, there is no explicit
27 reference to Bratz and ownership of Bratz. Although the facts alleged in the original
28 complaint encompass those relating to Bratz ownership, that issue is specifically

EXHIBIT  D
PAGE  20

-4-

1 | addressed only in the amended claims. Mattel has a declaratory relief claim
2 | squarely addressing ownership of Bratz. That claim presently appears as a
3 | counterclaim in Phase Two. It belongs in Phase One, insofar as it relates to
4 | ownership of the Bratz works created by Bryant while employed by Mattel.

5 |       Second, damages should be moved to Phase Two. If Mattel introduces
6 | evidence in Phase One of defendants' profits and obtains a damage award on its state
7 | law claims against Bryant, defendants may argue that the first jury's award of
8 | disgorgement precludes Mattel from seeking any separate award for copyright
9 | infringement damages in Phase Two under some claim splitting theory because both
10 | sets of claims permit awards of defendants' ill-gotten profits and gains. The parties
11 | agree that state law and copyright damages issues substantially overlap. All
12 | damages issues should be dealt with in one proceeding. If any of these damages
13 | issues are to be tried in Phase Two, all should be tried in Phase Two.

14 |       At the June 11, 2007 hearing, Bryant argued that his right to trial by
15 | jury precludes the Court from trying liability and damages to separate juries. That is
16 | simply incorrect. See Arthur Young & Co. v. U. S. Dist. Court, 549 F.2d 686, 692-
17 | 693 (9th Cir. 1977) (holding that liability and damages may be tried to separate
18 | juries); Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc., 2001 WL 501354,
19 | at *3 (C.D. Cal. 2001) (holding that the plaintiff "is not entitled to a unitary jury,"
20 | and that "even if a second jury were to be empaneled, [plaintiff's] Seventh
21 | Amendment rights would not be implicated"); Butler v. Home Depot, Inc., 1996 WL
22 | 421436, at *6 (N.D. Cal. 1996) (rejecting defendant's argument "that bifurcation of
23 | liability and damages would violate its Seventh Amendment right to a fair trial,
24 | because different juries would be deciding essentially the same issues," and holding
25 | that "[a]s evidenced by the numerous cases across the country that have addressed
26 | this issue, the Seventh Amendment does not mandate that all phases of the litigation
27 | be heard by the same jury"); see also 9 Fed. Practice & Procedure § 2391 ("Is there a

28 |

-5-

**EXHIBIT** D
**PAGE** 2

1 | violation of the constitutional provision if issues are submitted independently to

2 | separate juries?  The answer rather clearly must be in the negative.").

3 |       The Seventh Amendment does not preclude the Court from trying

4 | liability and damages issues to separate juries.[4]

5

6 | DATED: June 20, 2007       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8 |       By John Quinn *O.S,*

9 |       John B. Quinn
      Attorneys for Plaintiff

10 |       Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 |   [4]  Charts of Mattel's proposals, listing the claims that would be tried in each

28 | Phase, are included in the Appendix that follows.

/2147647.5

-6-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

# **Appendix**

# **CURRENT STRUCTURE**

| **Phase 1 Trial** | **Phase 2 Trial** |
|---|---|
| | • Copyright Infringement (AC 1) |
| • Breach of Contract against Bryant (MC 1)[5] | • RICO (AC 2) |
| • Breach of Fiduciary Duty against Bryant (MC 2) | • Conspiracy to Violate RICO (AC 3) |
| • Breach of Duty of Loyalty against Bryant (MC 3) | • Misappropriation of Trade Secrets (AC 4) |
| • Unjust Enrichment against Bryant (MC 4) | • Breach of Contract (AC 5) |
| • Conversion against Bryant (MC 5) | • Intentional Interference with Contract (AC 6) |
| | • Breach of Fiduciary Duty (AC 7) |
| | • Aiding and Abetting Breach of Fiduciary Duty (AC 8) |
| | • Breach of Duty of Loyalty (AC 9) |
| | • Aiding and Abetting Breach of Duty of Loyalty (AC 10) |
| | • Conversion (AC 11) |
| | • Unfair Competition (AC 12) |
| | • Declaratory Relief (AC 13) |
| | • False Designation of Origin (UC 1) |
| | • Unfair Competition (UC 2) |
| | • Dilution (UC 3) |
| | • Unjust Enrichment (UC 4) |

[5] MC = Mattel's Claims in *Mattel v. Bryant*
AC = Mattel's Counterclaims in *MGA v. Mattel*
UC = MGA's Claims in *MGA v. Mattel*

1/2147647.5

-7-
MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

# MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL

| Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|
| • Breach of Contract against Bryant (MC 1, AC 5) (liability only) | • Copyright Infringement (AC 1) | • False Designation of Origin (UC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only) | • Damages (re: all Phase 1 claims) | • Unfair Competition (UC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only) | | • Dilution (UC 3) |
| | | • Unjust Enrichment (UC 4) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | | • RICO (AC 2) |
| • Conversion against Bryant (MC 5; AC 11) (liability only) | | • Conspiracy to Violate Rico (AC 3) |
| • Conversion against MGA and Larian (re: Bratz; AC 11) (liability only) | | • Misappropriation of Trade Secrets (AC 4) |
| • Intentional Interference with Contract (re: Bryant; AC 6) (liability only) | | • Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6) |
| • Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only) | | • Breach of Fiduciary Duty (re: Machado; AC 7) |
| • Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only) | | • Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8) |
| | | • Breach of Duty of Loyalty (re: Machado; AC 9) |
| | | • Aiding and Abetting Breach of |

-8-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

)/2147647.5

| **Phase 1(a) Trial** | **Phase 1(b) Trial** | **Phase 2 Trial** |
|---|---|---|
| • Unfair Competition (re: bribery of Bryant; AC 12) (liability only))<br><br>• Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10)<br><br>• Conversion (non-Bratz; AC 11)<br><br>• Unfair Competition (except bribery of Bryant) (AC 12)<br><br>• Damages (re: all Phase Two claims) |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

</2147647.5

-9-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1

## MATTEL'S SUGGESTED MINIMUM MODIFICATION

2

| **Phase 1 Trial** | **Phase 2 Trial** |
|---|---|

3

- Breach of Contract against Bryant (MC 1) (liability only)

- Copyright Infringement (AC 1)

4

- RICO (AC 2)

- Breach of Fiduciary Duty against Bryant (MC 2) (liability only)

5

- Conspiracy to Violate RICO (AC 3)

6

- Breach of Duty of Loyalty against Bryant (MC 3) (liability only)

- Misappropriation of Trade Secrets (AC 4)

7

- Breach of Contract (AC 5)

8

- Unjust Enrichment against Bryant (MC 4) (liability only)

- Intentional Interference with Contract (AC 6)

9

10

- Conversion against Bryant (MC 5) (liability only)

- Breach of Fiduciary Duty (AC 7)

11

- Aiding and Abetting Breach of Fiduciary Duty (AC 8)

- Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13)

12

- Breach of Duty of Loyalty (AC 9)

13

- Aiding and Abetting Breach of Duty of Loyalty (AC 10)

14

15

- Conversion (AC 11)

16

- Unfair Competition (AC 12)

17

- Declaratory Relief (except ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13)

18

19

- False Designation of Origin (UC 1)

20

- Unfair Competition (UC 2)

21

- Dilution (UC 3)

22

- Unjust Enrichment (UC 4)

23

- Damages (re: Phase One and Phase Two claims)

24

25

26

27

28

-10-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1

**PROOF OF SERVICE**

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On June 20, 2007, I served true copies of the following document(s) described as **MATTEL'S MEMORANDUM REGARDING TRIAL STRUCTURE** on the parties in this

5    action as follows:

6    Diana M. Torres                                Patricia Glaser, Esq.
     O'Melveny & Myers, LLP                         Christensen, Glaser, Fink, Jacobs, Weil &

7    400 S Hope Street                              Shapiro, LLP
     Los Angeles, CA 90071                          10250 Constellation Blvd., 19th Floor

8    Personal Service                               Los Angeles, CA 90067
                                                    Personal Service

9
     John W. Keker, Esq.

10   Michael H. Page, Esq.
     Christa M. Anderson, Esq.

11   KEKER & VAN NEST, LLP
     710 Sansome Street

12   San Francisco, CA 94111
     FedEx

13

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by

14   FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or

15   provided for, addressed to the person(s) being served.

16   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

17   I declare that I am employed in the office of a member of the bar of this Court at whose

18   direction the service was made.

19   Executed on June 20, 2007, at Los Angeles, California.

20

21   Wanda Taylor

22

23

24   Dave Quintana, Now Messenger

25

26

27

28

**EXHIBIT** _D_
**PAGE** _27_