Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:  (415) 774-2611
Facsimile:  (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MGA AND BRYANT'S JOINT MOTION TO COMPEL PRODUCTION OF DOCUMENT NOS. M0199767-68 AND M0199769-70** |

Pursuant to court order, on March 12, 2008, Mattel Inc. ("Mattel") submitted documents bearing Bates Nos. M0199767-68 and M0199769-70 for *in camera* review.  The two documents are the subject of MGA Entertainment, Inc.'s ("MGA") and Carter Bryant's ("Bryant") joint "Motion to Compel Production of Improperly Withheld Mattel Documents Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to Compel Production of all 'NHB' Documents," which was heard on March 10, 2008.  Mattel contends that the two

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

documents at issue are protected by the attorney-client privilege. To substantiate its claims of privilege, Mattel submitted the declaration of its counsel, Michael Moore, which states, in pertinent part, as follows:

> 4. Acting solely as the company's legal advisor, I instructed Adelle Jones, a paralegal within Mattel's Law Department, to prepare for me the document Bates stamped M0199767-68 in 2003. It records information gathered by Ms. Jones at my request and outside counsel's request. I then transmitted the document to outside legal counsel for purposes of obtaining legal advice.
>
> 5. Also acting solely as the company's legal advisor, I personally created the document Bates stamped M0199769-70 in 2003. It reflects my communications with and directions from Mattel's outside counsel regarding tasks to be performed. The document also reflects notations from Jill Thomas, Mattel's Assistant General Counsel, and Mattel's outside counsel. I transmitted the document to outside legal counsel for purposes of obtaining legal advice.
>
> 6. I have not disclosed the document Bates stamped M0199767-68 or Bates stamped M0199769-70 or their contents to anyone outside Mattel's Law Department or Mattel's outside legal counsel. Mattel has not intentionally waived, or intended to waive, at any time the attorney-client privilege with respect to documents Bates stamped M0199767-68 or Bates stamped M0199769-70. These documents were gathered and then inadvertently produced in discovery among many thousands of other documents in this litigation. The documents were on a Mattel database that was searched using key words.

Decl. of Michael Moore in Support of Mattel's Opposition.

MGA and Bryant contend that the two documents are not protected by the attorney-client privilege. More specifically, MGA and Bryant contend that the first document at issue does not contain any indicia of a request for legal advice, but rather consists of a summary of underlying facts. MGA and Bryant contend that the second document similarly lacks any evidence that it

1 reflects confidential attorney-client communications, but instead consists of a "to do" list.

2 The essential elements of the attorney-client privilege are: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002). The burden is on the party asserting the privilege to establish all the elements of the privilege. United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000). "Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney." Clark v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).

Mattel has satisfactorily established the requisite elements of the attorney-client privilege with respect to the first document, Bates stamped M0199767-68. Mattel's counsel, Michael Moore, explains in his declaration that he instructed a Mattel paralegal to prepare the document, and that the document reflects information gathered by the paralegal at his request and outside counsel's request. An *in camera* review reveals that the document contains information regarding the employment history of a former Mattel employee and a brief description of her claimed involvement and knowledge regarding the development of Bratz.

Mattel's counsel also states in his declaration that he transmitted the document M0199767-68 to outside legal counsel for purposes of obtaining legal advice. Further, Mattel's counsel states that the document and its contents have not been disclosed to anyone outside Mattel's Legal Department or Mattel's outside legal group.

MGA's and Bryant's assertion that document M0199767-68 is discoverable because it contains only a "summary of underlying facts" is without merit. As explained in the declaration of Mattel's counsel, the document is a communication among counsel for the purpose of obtaining legal advice, which is protected by the attorney-client privilege. Upjohn Co. v. United States, 449

1  U.S. 383, 390 (1981) (attorney-client privilege protects "the giving of information to the lawyer to enable him to give sound and informed advice").

Mattel has also satisfactorily established the requisite elements of the attorney-client privilege as to the second document at issue, Bates stamped M0199769-70. Mattel's counsel explains in his declaration that he created the document Bates stamped M0199769-70 and that the document reflects his communications with and directions from Mattel's outside counsel regarding tasks to be performed. Mattel's counsel also states that the document reflects notations from Jill Thomas, Mattel's Assistant General Counsel, and Mattel's outside counsel. Mattel's counsel also states that he transmitted the document to outside legal counsel for purposes of obtaining legal advice and that the document and its contents have not been disclosed to anyone outside Mattel's Legal Department or Mattel's outside legal group. An *in camera* review confirms that the document bears indicia of a confidential attorney-client privileged communication that is consistent with Mattel's description of the document.

Accordingly, MGA's and Carter Bryant's joint motion to compel is denied as to the documents bearing Bates number M0199767-68 and M0199769-70. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: March 17, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 17, 2008, I served the attached ORDER DENYING MGA AND BRYANT'S JOINT MOTION TO COMPEL PRODUCTION OF DOCUMENT NOS. M0199767-68 AND M0199769-70 in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 17, 2008, at San Francisco, California.

Sandra Chan