QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO DISQUALIFY MGA ENTERTAINMENT, INC.'S COUNSEL SKADDEN ARPS AND EXPERT CHRISTINA TOMIYAMA<br><br>Date: April 14, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:        Jan. 28, 2008<br>Pre-Trial Conference:   May 5, 2008<br>Trial Date:                     May 27, 2008 |

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On March 4, 2008, I spoke with Paul Eckles, MGA's counsel at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), and Michael Page, Bryant's counsel, about Mattel's concerns regarding the dissemination and attempted use of Mattel's privileged and confidential information by Ms. Tomiyama and Skadden. I discussed this matter with Mr. Eckles again on March 11, 2008.

3. Mr. Page assured me that Bryant's counsel had never spoken with Ms. Tomiyama and had destroyed all copies of Ms. Tomiyama's report.

4. By contrast, Mr. Eckles refused to answer any questions about Skadden's or other MGA counsel's relationship with Ms. Tomiyama. Specifically, Skadden would not answer (1) who at MGA, Skadden, or other outside MGA counsel had spoken with Ms. Tomiyama; (2) when MGA or MGA's counsel had first contacted Ms. Tomiyama, and whether this was during the time period in which Ms. Tomiyama was a Mattel consultant; and (3) whether Skadden agreed with Ms. Tomiyama's testimony that Skadden represented her personally.

5. Instead, in an apparent attempt to justify its conduct, Skadden suggested that the matter was analogous to the inadvertent production of privileged documents by a party in litigation. Skadden refused to withdraw Ms. Tomiyama as an expert or to take any other steps to rectify its dissemination of privileged Mattel information unless Mattel were to agree not to seek relief as to Skadden's involvement in the improper conduct at issue.

1      6.    John B. Quinn, my partner, is presently unavailable to appear for hearing on April 14, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 18, 2008, at Los Angeles, California.

*/s/ B. Dylan Proctor*

B. Dylan Proctor