Exhibit 1

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **Exhibit 2**

# CONFIDENTIAL - FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# **Exhibit 3**

# CONFIDENTIAL - FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

**Exhibit 4**

01-04-2008   04:48pm   From-SASHF LA   +2136977935   T-292   P.002/002   F-152

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

DIRECT DIAL
(213) 687-5388
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 4, 2008

## VIA FACSIMILE & U.S. MAIL

Mr. Jon D. Corey
Mr. B. Dylan Proctor
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Gentlemen:

We are writing to request a meet and confer session under paragraph 5 of the Discovery Master stipulation to discuss Mattel's improper objections and response to Request for Production No. 472, which is part of MGA's Request for Production Set 5.

Request No. 472 seeks "All DOCUMENTS REFERRING OR RELATING TO any SIMBA LITIGATION, including, but not limited to, all pleadings, declarations, affidavits, briefs, deposition transcripts, orders or other documents, and any English translations thereof, submitted to the court by MATTEL or SIMBA TOYS in support of its claims and defenses or any rulings or decisions issued by the court." Mattel asserts several boilerplate objections and ultimately refuses to produce any responsive documents.

This refusal is improper. The Simba litigation involved claims and facts similar to those at issue in this case, and Request No. 472 is reasonably calculated to lead to the discovery of admissible evidence. If Mattel does not withdraw its improper objections and produce the documents requested, we will seek relief from the Discovery Master. We look forward to hearing from you.

Sincerely,

Robert J. Herrington

EXHIBIT _____4____

PAGE _____75____

01-04-2008 04:48pm From-SASMF LA 3          +2136977935          T-292 P.001/002 F-152

# Skadden, Arps, Slate, Meagher & Flom llp

300 South Grand Avenue
Los Angeles, California 90071-3144

Telephone No.: (213) 687-5000
Facsimile No.: (213) 687-5600
Email: rherring@skadden.com

## FACSIMILE TRANSMITTAL SHEET

Please deliver the following page(s) to:

| | | | |
|---|---|---|---|
| Name: | Mr. Jon D. Corey, Mr. B. Dylan Proctor | | |
| Firm: | Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP | | |
| City: | Los Angeles | Date: | January 4, 2008 |
| Telephone No.: | 213-443-3000 | | |
| Facsimile No.: | 213-443-3100 | | |
| From: | Robert Herrington | Flr/Rm: | |
| | | Direct Dial: | (213) 687-5368 |

Total number of pages including cover(s):     2

This facsimile is intended only for use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this facsimile, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the local postal service. We will reimburse any costs you incur in notifying us and returning the facsimile to us.

Message:

EXHIBIT ____4____

PAGE ____76____

# Exhibit 5

RECEIVED

AUG 0 3 2007

CALENDARED

DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
MICHAEL KEATS (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | Case No.  CV 04-09049 SGL (RNBx)<br>(Consolidated with CV 04-9059 and<br>CV 05-2727)<br><br>**MGA'S FIFTH SET OF<br>REQUESTS FOR THE<br>PRODUCTION OF<br>DOCUMENTS AND THINGS IN<br>CASE NO. 05-2727**<br><br>EXHIBIT _____ **#5**<br><br>PAGE _____ **77** |

1  litigation and/or litigation that any PERSON has asserted against MATTEL
2  regarding infringement by MY SCENE or DIVA STARZ, including, but not
3  limited to, cease and desist letters.
4  **REQUEST NO. 472:**
5      All DOCUMENTS REFERRING OR RELATING TO any SIMBA
6  LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,
7  briefs, deposition transcripts, orders or other documents, and any English
8  translations thereof, submitted to the court by MATTEL or SIMBA TOYS in
9  support of its claims and defenses or any rulings or decisions issued by the court.
10 **REQUEST NO. 473:**
11     All DOCUMENTS REFERRING OR RELATING TO the creation and
12 development of the "We Believe in Girls" website, found at
13 www.webelieveingirls.com, that also mention BRATZ and/or MGA.
14 **REQUEST NO. 474:**
15     All DOCUMENTS REFERRING OR RELATING TO the mention of
16 BRATZ and/or MGA on the "We Believe in Girls" website, including, but not
17 limited to, any community bulletin boards.
18 **REQUEST NO. 475:**
19     Copies of all photographs taken by MATTEL (including, but not limited to,
20 MATTEL's counsel) during the course of its inspection of any DOCUMENT or
21 item made available to it by MGA or Bryant, including, but not limited to,
22 products, packaging, samples, sculptures, sketches, or drawings.
23 **REQUEST NO. 476:**
24     All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any
25 efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of
26 MGA's trade secrets, non-public information, non-public activities, unreleased
27 products, and product development, including, but not limited to:
28

EXHIBIT _____ 5

PAGE _____ 78

-9-

1  All DOCUMENTS that YOU (including YOUR agents and attorneys)

2  provided to law enforcement authorities in Mexico, Canada or the United States,

3  including but not limited to the United States Attorney's Office, the Department of

4  Justice and any national, regional, state or local authorities, concerning any of the

5  allegations in YOUR COUNTERCLAIMS or any other alleged taking of

6  confidential MATTEL information by MGA or persons currently or formerly

7  employed by MGA.

8  **REQUEST NO. 529:**

9  All DOCUMENTS that support the information and belief alleged in

10  paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

11  **REQUEST NO. 530:**

12  All DOCUMENTS, including but not limited to agreements, draft

13  agreements and correspondence, REFERRING OR RELATING TO the payment or

14  offer of payment of attorneys fees by MATTEL to any PERSON in connection this

15  ACTION.

16  **REQUEST NO. 531:**

17  DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

18  counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

19  with this ACTION, including, but not limited to, a copy of the fee agreement or

20  retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

21  LLP.

22

23  Dated: August 3, 2007          O'MELVENY & MYERS LLP

24

25

26  Melanie Bradley
   Attorneys for MGA Entertainment, Inc.

27

28  1704218

EXHIBIT _____ **5** _____

PAGE _____ **79** _____

- 19 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

**Exhibit 6**

CALENDARED
RECEIVED

DEC 2 8 2007

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

**PROPOUNDING PARTY:** MGA ENTERTAINMENT, INC.

**RESPONDING PARTY:** MATTEL, INC.

**SET NUMBER:** EIGHT

**NOs.:** 770-797

EXHIBIT _____ 6

PAGE _____ 80

1  MATTEL in connection with MATTEL'S review and/or selection of an advertising

2  agency for Mattel's MY SCENE brand.

3

4

5  **REQUEST NO. 781**

6

7  All litigation documents filed and/or served by any of the parties in <u>Mattel, Inc.</u>

8  <u>v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH &</u>

9  <u>Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division), including but

10  not limited to pleadings, motions, briefs, discovery responses, disclosures, and expert

11  reports.

12

13

14  **REQUEST NO. 782**

15  MATTEL'S trial presentation materials (including any and all demonstrative

16  exhibits) in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd,</u>

17  <u>Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery

18  Division), including but not limited to Mattel, Inc.'s trial exhibits or presentations

19  relating to similarities and/or differences between the various dolls at issue in said

20  litigation.

21

22

23  **REQUEST NO. 783**

24  Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to Bundle 6

25  Claimant's Disclosure" (M0097406- M0097408) in <u>Mattel, Inc. v. Woolbro</u>

26

27  EXHIBIT _____ 6

28  PAGE _____ 81

MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS   NO. CV 05-2727 SGL (RNBx)

1  (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG,

2  HC 03 CO 2684 (High Court of Justice, Chancery Division).

3

4

5  **REQUEST NO. 784**

6
7      All transcripts for each day and/or portion of a day of trial and/or analogous
8  proceeding before the court in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-</u>
9  <u>Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court
   of Justice, Chancery Division).
10

11

12
13  **REQUEST NO. 785**

14      One sample, including packaging, of each of the following dolls sold in

15  MATTEL'S MY SCENE line for each of the years 2001-2007:  Barbie, Madison,

16  Kennedy, Chelsea, Nolee, Kenzie, and Delancey.

17

18

19  **REQUEST NO. 786**

20
21      All DOCUMENTS REFERRING OR RELATING TO the Young and
22  Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE
    or BRATZ brand.
23

24

25                          EXHIBIT _____ 6
26
27                          PAGE _____ 82

28

1

2

3

DATED:        December 28, 2007

4

5

6                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM, LLP

7

8                                        _____

9                                        Robert J. Herrington

10                                       Attorneys for Counter-Defendants, MGA
                                         ENTERTAINMENT, INC., ISAAC LARIAN,
11                                       MGA ENTERTAINMENT (HK) LIMITED,
                                         AND MGAE de MEXICO S.R.L. de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25                                       EXHIBIT _____  6

26                                       PAGE _____  83

27

28

MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS    NO. CV 05-2727 SGL (RNBx)
                                         16

**Exhibit 7**

1  DALE M. CENDALI
   (of counsel, not admitted in California)
2  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
5  Facsimile: (213) 430-6407
   email:    dtorres@omm.com
6
   PATRICIA GLASER (S.B. # 55668)
7  CHRISTENSEN, MILLER, FINK,
   JACOBS, GLASER, WEIL &
8  SHAPIRO LLP
   10250 Constellation Boulevard, 19th Floor
9  Los Angeles, CA 90067
   Telephone: (310) 553-3000
10 Facsimile: (310) 556-2920

11 Attorneys for Plaintiff
   MGA Entertainment, Inc.
12

13

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

                    CV 05 - 02727  CBM(RZx)

16 MGA ENTERTAINMENT, INC.,        Case No.

17              Plaintiff,          **COMPLAINT FOR FALSE
                                    DESIGNATION OF ORIGIN,
18      v.                          AFFILIATION, ASSOCIATION OR
                                    SPONSORSHIP (15 U.S.C. § 1125
19 MATTEL, INC., a Delaware         (a)); UNFAIR COMPETITION (15
   Corporation, and DOES 1-10,     U.S.C. § 1125 (a), Cal. Bus. & Prof.
20                                  Code § 17200 et seq. and California
                Defendants.         Common Law); DILUTION (15
21                                  U.S.C. § 1125 (c), Cal. Bus. & Prof
                                    Code § 14330 and California Common
22                                  Law); AND UNJUST ENRICHMENT**

23                                  **DEMAND FOR JURY TRIAL**

24

25

26

27

28                                  EXHIBIT ___7___

                                    PAGE ___84___

1    35.   These confusingly similar "BRATZ" features may have been

2    originally intended to buy Mattel time while it worked to release another product

3    the following summer, called "Flavas". MGA's founder, Isaac Larian, was quoted

4    by the media as having predicted that the move would backfire on Mattel, and it

5    did. Released in July 2003, Mattel's "Flavas" dolls took the urban, "hip-hop" look

6    too far, and were widely viewed as portraying a trampy, "bad-girl" image. The

7    dolls were not well-received, and rumor has it that Mattel had to sell them at below

8    cost prices to get rid of inventory. Most apparently wound up in discount bins, and

9    Mattel has seemingly abandoned the line.

10   36.   Realizing that "My Scene" was its best bet for riding MGA's

11   successful coattails and capitalizing on the unique and inherently distinctive look

12   that MGA had developed in its "BRATZ" dolls — and MGA's substantial goodwill —

13   Mattel has systematically proceeded to modify the "My Scene" dolls since their

14   original release, particularly their eyes, to increase their similarity to "BRATZ"

15   more and more over time.

16   37.   Indeed, when Mattel found out that its initial line of "My Scene" dolls

17   had trouble competing with "BRATZ", they simply *became* "BRATZ", in every

18   version, whether blonde, brunette or African American. A few pictures here are

19   worth a thousand words.

20                            **BLONDE**

21   **Mattel's**            **Mattel's**              **Mattel's**
     **Traditional "Barbie"**   **Original "My Scene"**   **Recent "My Scene"**

  

11

EXHIBIT _____ 7

PAGE _____ 85

| Mattel's Traditional "Barbie" | Mattel's Original "My Scene" | Mattel's Recent "My Scene" |

**BRUNETTE**

| Mattel's Traditional "Theresa" | Mattel's Original "My Scene" | Mattel's Recent "My Scene" |

EXHIBIT ___7___

PAGE ___86___

12



| Mattel's Traditional "Barbie" | Mattel's Original "My Scene" | Mattel's Recent "My Scene" |
|---|---|---|

  

  

38.     The original "My Scene" eye, as shown here, for example, has recently turned into a virtual carbon-copy of the "BRATZ" eye.

### Original Mattel "My Scene" Eye

  

EXHIBIT ____7____

PAGE ____87____

39.     The "My Scene" eye pictured above, for instance, has lashes that radiate almost straight out circumferentially, from the eyelids and, although the eye is more almond shaped than a "Barbie" eye, the eye is not so sleepy and heavy lidded as a "BRATZ" eye and is only lightly shadowed. The new "My Scene" eye, in contrast, is dramatically more similar to a "BRATZ" eye, as shown below in a side-by-side comparison. The doe-eyed innocent look of the "My Scene" eye shown above is gone: replaced with a sultrier look, characteristic of "BRATZ." The new "My Scene" eye, as shown below, boasts lashes that sweep out and away from the outer corner of the eye, just like the "BRATZ" eye. The new "My Scene" eye is also more heavy lidded and thickly lined, and the make-up is more markedly pronounced and dramatic.

**MGA's "BRATZ" Eye**                    **New Mattel "My Scene" Eye**

          

40.     Indeed, the progression of the "My Scene" eye, as it has departed from "Barbie" and edged closer and closer to "BRATZ", is readily apparent from virtually every angle, as shown here:

EXHIBIT ____7____

PAGE ____88____

14

## BLONDE

| Mattel's Traditional "Barbie" | Mattel's Original "My Scene" | Mattel's Recent "My Scene" |



## BRUNETTE

| Mattel's Traditional "Theresa" | Mattel's Original "My Scene" | Mattel's Recent "My Scene" |



EXHIBIT ____ 7

PAGE ____ 89

15

Mattel's
Traditional "Theresa"

Mattel's
Original "My Scene"

Mattel's
Recent "My Scene"

## AFRICAN AMERICAN

Mattel's
Traditional "Barbie"

Mattel's
Original "My Scene"

Mattel's
Recent "My Scene"

EXHIBIT _____ 7

PAGE _____ 90

16

1          ... ... ... ...

2    incrementally but steadily modified its "My Scene" packaging, and the manner in

3    which the dolls are displayed, to more closely mimic the packaging, trade-dress and

4    overall look and total image of MGA's "BRATZ".

5        42.    To illustrate, Mattel's "My Scene" dolls were initially marketed like

6    this:

**Mattel's Early "My Scene" Packaging**

15        43.    Little by little, however, the packaging has changed, creeping ever

16    closer and closer to the open and transparent style of the "BRATZ" packaging.

17    First, the panels seen running down each side of the front of the "My Scene" box

18    shown above, framing the doll and giving the packaging a closed-in look, were

19    changed as shown here:

**Intermediate Mattel "My Scene" Packaging**

EXHIBIT _____ 7 _____

17

PAGE _____ 91 _____

44.   Mattel replaced this intermediate packaging with a new one that looked even more similar to the "BRATZ" packaging, as shown here in a side-by-side comparison:

| MGA's "BRATZ" "Wintertime Wonderland" Packaging | Mattel's "My Scene" "Chillin' Out" Packaging |
|---|---|
|  |  |

45.   Then later, Mattel changed its packaging and product display yet again to look even more closely and confusingly similar to MGA's packaging and "*tout ensemble*," as shown here

| MGA's "BRATZ" "SPORTZ" Packaging | Mattel's Recent "My Scene" "MIAMI GETAWAY" Packaging |
|---|---|
|  |  |

18

EXHIBIT ___7___

PAGE ___92___

46.     In this incarnation, Mattel notably abandoned the signature figure-eight style design that had appeared on its prior "My Scene" packaging, making this recent version clearer and more transparent on the front and sides than ever before, and much more like "BRATZ", accordingly. Mattel also discarded its traditional, rectangular shaped box and, like "BRATZ", adopted an unusual, non-rectangular shaped box. Mattel even adopted the "flying banner" ribbon-style slogan running across the middle of the box, similar to that used on the "BRATZ" packaging.

47.     As if these pointed and deliberate efforts to confuse and mislead consumers were not enough, Mattel exacerbated the confusion, and furthered the impression that the "My Scene" line and the "BRATZ" line are related, by taking up MGA's practice of regularly releasing new dolls in connection with a theme — but not just *any* theme, often *MGA's theme.*

48.     For example, when MGA released its "Wintertime Wonderland" theme in Fall 2003, Mattel released its "Chillin Out!" theme. Each doll in MGA's line came with winter-sports accessories, such as a snowboard or skis and ski boots. Each doll in Mattel's line featured winter sports accessories, also including snowboards or ski and ski boots. Even MGA's color schemes and some of the clothing styles seemed to have made their way into the Mattel products.

49.     When MGA released its "Formal Funk" theme, Mattel released its "Night on the Town" theme. "BRATZ Formal Funk" was an elaborately themed line with its dolls in hip formalwear; so was Mattel's "Night on the Town."

50.     When MGA released its distinctive "Sun-Kissed Summer" theme, Mattel released its confusingly similar "Jammin' in Jamaica" theme. Each line featured a bright blue-and-orange color scheme, beach accessories, such as surfboards, and beachwear clothing. Mattel's "Jammin' in Jamaica" "Guava Gulch Tiki Lounge" playset also contained elements remarkably similar to MGA's "Sun-Kissed Summer" playset.

EXHIBIT _____ 7

PAGE _____ 93

51.     Mattel also began running television commercials for its "My Scene" dolls bearing a remarkable similarity to "BRATZ" commercials, combining live action with animated sequences set to similar sounding pop music and lyrics.

52.     Mattel even stooped so low as to mimic "BRATZ" accessories and related products in order to further create consumer confusion in the marketplace.

53.     For instance, when MGA came up with its distinctive "BRATZ" "Runway Disco", Mattel came out with a "My Scene" Sound Lounge with packaging that imitated MGA's trapezoidal box.

54.     Mattel's conduct cannot be explained by sheer coincidence, nor is it merely fair competition. It is a calculated and intentional effort unquestionably designed to trade off of MGA's hard work and goodwill, create confusion in the marketplace, steal MGA's thunder and momentum, and dilute and blur away the novelty and distinctiveness of MGA's products. Out of the seemingly endless possibilities that Mattel could have chosen for a new line of dolls, packaging, themes, color schemes, commercials, accessories and playsets, Mattel deliberately chose *not* to come out with something unique, new or different and has, instead, focused its efforts and resources on flooding the market with something so close to "BRATZ" that the public will, can, and does, simply mistake it for "BRATZ".

55.     As yet another example of this, when MGA came out with a "BRATZ" "Funky Fashion Makeover Head," Mattel came out with a confusingly similar indeed, practically identical -- "My Scene" styling head.

EXHIBIT ___7___

PAGE ___94___

20

MGA's "BRATZ"
"Funky Fashion Makeover Head"

Mattel's "My Scene"
"Stylin' Head"

56.   Indeed, Mattel's "My Scene" styling head is so close to the "BRATZ" styling head that even the press have mistakenly pictured and identified it as MGA's "BRATZ". The picture of Mattel's "My Scene" styling head shown below, for instance, appeared in the press with a caption indicating that the child was trying out different hairstyles "on a *Bratz* hair and makeup doll head."



21

EXHIBIT ___7___
PAGE ___95___

57. Creating further confusion, Mattel's television commercial for its "My Scene" styling head was like watching a re-run of MGA's commercial for its "Funky Fashion Makeover Head".

58. At one point in time, Mattel also used a portion of the "BRATZ" dolls' now-famous trademarked tag line "The Girls With a Passion for Fashion" on Mattel's website for its "Diva Starz" dolls, asking its website users: "Do you have a passion for fashion?"

59. Mattel has even recently come out with a confusingly similar line of "My Scene" plush pets, which adopt the distinctive look of MGA's "BRATZ" line. The "My Scene" pets feature large, humanlike eyes and wear clothing making them remarkably and confusingly similar to "BRATZ" products, including "BRATZ PETZ", as seen in this example where the pets each wear a jacket, a cap and carry a purse:

| MGA's "BRATZ Dogz" | Mattel's "My Scene" dog |
|---|---|



60. And here too, Mattel chose to package its pets the same way that MGA packaged its "BRATZ PETZ", sitting in an open box, with no top and with partial side panels that slope from a narrow front panel to a higher back panel.

61. Indeed, the similarity of the "My Scene" pets to "BRATZ PETZ" has confused even sophisticated retailers who have mistakenly merchandised "My Scene" dogs in the middle of the "BRATZ" section of a retail display, next to and as if they were part of MGA's "BRATZ Petz" line. It comes as no surprise that

22

EXHIBIT ___7___

PAGE ___96___

1    customers too have been confused.

2        62.    Indeed, Mattel's television commercials and "My Scene" products
3    have become so confusingly similar to MGA's that even advertising executives
4    have expressed concern. One went so far as to say that although imitation is the
5    best form of flattery, what the individual had seen at Mattel's showroom, and how
6    its "My Scene" dolls now look so confusingly similar to "BRATZ", was
7    "shocking." This person further opined that it was clear that Mattel is intending to
8    confuse customers and capture "BRATZ" market share, and even asked MGA if it
9    was considering legal action.

10       63.    The press also has taken notice of Mattel's attempts to confuse
11   consumers. On or about February 18, 2005, a visitor to MGA's showroom from a
12   prominent news publication stated, "Oh my, I just came from Mattel's showroom
13   and their new 'My Scene' packaging is just like 'BRATZ' minus the handle."
14   Another member of the press visiting MGA's showroom offered the unsolicited
15   comment, "have you seen the new 'My Scene' dolls eyes are exactly like
16   'BRATZ'?" Yet another opined that Mattel's "My Scene" line was exactly like
17   "BRATZ", indeed, so much so that the reporter confusingly thought that Mattel had
18   bought "BRATZ", and still another has commented on Mattel's imitation of MGA.
19   On or about February 16, 2005, during an interview of a Mattel representative on
20   local network news in New York, "My Scene Barbie" was displayed by a Mattel
21   representative. During conversation about the dolls, the interviewer exclaimed that
22   they looked like "BRATZ". The Mattel representative just laughed – but this is no
23   laughing matter. This colloquy was available for replay and viewing, and was even
24   transcribed, on the internet.

25       64.    Customers too have been similarly confused. Some actually contacted
26   MGA seeking to purchase "My Scene" dolls.

27       65.    Mattel's conduct is planned, deliberate and intentional. Mattel has
28   systematically, copied, imitated and liberally borrowed many of the distinctive,

23

EXHIBIT _____ 7

PAGE _____ 97

essential elements that identify and make "BRATZ" distinctive, diluting the brand, creating customer confusion, and unfairly stifling competition.

66. Ironically, Mattel sued one of its other competitors in Europe for doing much the same thing: "systematically copying and borrowing elements" from "My Scene", on grounds that "this conduct constitutes unfair competition and passing off." Indeed it does.

67. What is more, Mattel's conduct has reached beyond "BRATZ" and "BRATZ"-related products to include other new MGA toy lines.

68. For example, MGA's "4-Ever Best Friends" line was the obvious, and well-recognized model for Mattel's "Wee 3 Friends" line. Mattel even adopted changes to the color scheme of its similarly-shaped packaging to create confusion with MGA's distinctive packaging.

**MGA's "4-Ever Best Friends"**          **Mattel's "Wee 3 Friends"**









24

EXHIBIT ___7___

PAGE ___98___

1          b.      unfair competition and unfair business practices; and

2          c.      dilution;

3      4.      For costs of suit and reasonable attorneys' fees;

4      5.      For punitive and/or exemplary damages as a result of Mattel's willful

5  and malicious conduct to the extent allowable by law; and

6      6.      For such other and further relief as the Court deems just and proper.

7

8  Dated:      April 13, 2005              PATRICIA GLASER
                                          CHRISTENSEN, MILLER, FINK,
9                                         JACOBS, GLASER, WEIL &
                                          SHAPIRO LLP
10
                                          DALE M. CENDALI
11                                        DIANA M. TORRES
                                          PAULA E. AMBROSINI
12                                        O'MELVENY & MYERS LLP

13

14

15                                        By: _____
                                              Diana M. Torres
16                                        Attorneys for Plaintiff
                                          MGA ENTERTAINMENT, INC.

17

18

19

20

21

22

23

24

25

26

27                                       EXHIBIT ___7___

28                                       PAGE ___99___

                                    37

**Exhibit 8**

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**Exhibit 1**

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with Cases CV
04-9059 and 05-2727.

TO:  Christina Tomiyama
3720 Monteith Drive
Los Angeles, CA 90043

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | February 27, 2008 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | February 26, 2008 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| B. Dylan Proctor | February 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017, (213) 443-3112

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT  9

PAGE  152        AO-88

| ATTORNEY OR PARTY WITHOUT ATTORNEY   (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| QUINN EMANUEL URQUHART OLIVER<br>865 S FIGUEROA ST<br>10TH FL<br>LOS ANGELES CA 90017<br>ATTORNEY FOR | 443-3000<br><br>Ref. No. or File No.<br>7209 | |

| Insert name of court and name of judicial district and branch if any. | |
|---|---|
| U.S DISTRICT COURT 312 N SPRING ST<br>CENTRAL DISTRICT LOS ANGELES CA 90012 | |

SHORT TITLE OF CASE:

BRYANT v. MATTEL

| INVOICE NO. | DATE: | TIME: | DEP./DIV. | CASE NUMBER: |
|---|---|---|---|---|
| 194398 | 02/26/08 | 9:30AM | | CV 04-9049 |

PROOF OF SERVICE

1.  I served SUBPOENA IN A CIVIL CASE by personally delivering a copy to the person served as follows:

    a.  Person Served:  CHRISTINA TOMIYAMA
    b.  Address:  3720 MONTEITH DRIVE
                   LOS ANGELES CA 90043

    c.  On:  02/17/08       d.  At:  8:40PM

    e.  Witness fees: (1) were offered or demanded and paid.  Amount $ 90.00

    f.  Fee for service $     .00

2.  I received this Subpoena for service on 02/15/08.

3.  The following copies were delivered to the Person Served:

    SUPBOENA IN A CIVIL CASE

4.  Person Serving:  RAMON RODRIGUEZ

APEX ATTORNEY SERVICES
1055 W SEVENTH ST
LOS ANGELES, CA 90017
  FAX

    d.  Registered California process server
    (1) [ X ] Employee or [   ] Independent Contractor
    (2) Registration No. 3104
    (3) County: LOS ANGELES
    (4) Expiration:

I declare under penalty of perjury, under the laws of the of California, and of the United States of America that the foregoing is true and correct.

DATE: 02/15/08

                                >
                                SIGNATURE

EXHIBIT   9

PAGE   153

## ATTACHMENT A

## Documents To Be Produced

I.    DEFINITIONS

1.    "YOU" or "YOUR" means Tina Tomiyama, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests.

3.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, sewing patterns, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

4.    "DESIGN MATERIALS" means any and all materials used in the creation of DESIGNS, including but not limited to all fabrics, sewing patterns, clothing, and other materials used to create any doll clothing, accessories, or fashions.

EXHIBIT     9

PAGE     154

452.1

ATTACHMENT A

5. "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6. "BRYANT" means Carter Bryant and any of his current or former agents, representatives, employees, attorneys, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control, including but not limited to the entity known as "Carter Bryant Enterprises, Inc."

7. "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

9. "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004, and the cases consolidated therewith.

10. "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 and/or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind. "DOCUMENT" as used herein includes without limitation any tangible or three-dimensional item, including without limitation all dolls, doll clothing, doll heads, sculpts, prototypes, models, samples, molds, DESIGN MATERIALS and other tangible items.

EXHIBIT   9

PAGE   155

7452.1

ATTACHMENT A

11.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.    "REFER OR RELATE TO" and "REFERS OR RELATES TO" mean reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

13.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II.    INSTRUCTIONS

1.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

2.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

a.    The privilege or protection that you claim precludes disclosure;

b.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

c.    The date, author(s), addressee(s); and

d.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

3.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

4.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

EXHIBIT ___ *a*

'452.1

PAGE _____ *156*

ATTACHMENT A

5.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.     DOCUMENTS TO BE PRODUCED

1.     All COMMUNICATIONS between YOU and MGA or BRYANT that REFER OR RELATE TO MATTEL, BRATZ, BRYANT or THIS ACTION, and all notes, phone logs or other DOCUMENTS that REFER OR RELATE thereto.

2.     All COMMUNICATIONS between YOU and MGA or BRYANT that REFER OR RELATE TO MATTEL, BRATZ, BRYANT or THIS ACTION since April 27, 2004, and all notes, phone logs or other DOCUMENTS that REFER OR RELATE thereto.

3.     All DOCUMENTS that REFER OR RELATE TO any agreement or contract, including any proposed, offered, discussed, negotiated or executed agreement or contract, between YOU and MGA or BRYANT that REFERS OR RELATES to this ACTION, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE thereto.

4.     All DOCUMENTS that REFER OR RELATE TO any agreement or contract, including any proposed, offered, discussed, negotiated or executed agreement or contract, between YOU and MGA, BRYANT or any MATTEL competitor during the time period(s) that YOU were employed by or were a consultant for MATTEL, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE thereto.

5.     All DOCUMENTS that REFER OR RELATE TO any work or services that YOU performed for or on behalf of MGA, BRYANT or any MATTEL competitor during the time period(s) that YOU were employed by or were a consultant for MATTEL.

6.     All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than MATTEL, including without limitation by BRYANT or MGA, for work, activities or services that YOU performed during the time period(s) that YOU were employed by or were a consultant for MATTEL.

7.     All DOCUMENTS, including COMMUNICATIONS, that REFER OR RELATE TO any work or services pertaining to THIS ACTION that YOU performed for or on behalf of MGA or BRYANT.

452.1

EXHIBIT ____9____

ATTACHMENT A

PAGE ____157____

8.     All DOCUMENTS that REFER OR RELATE TO any payment of money or item of value made or offered to YOU or for YOUR benefit by BRYANT or MGA, or requested or sought from BRYANT or MGA by YOU or for YOUR benefit, at any time, including without limitation since April 27, 2004.

9.     All DOCUMENTS that REFER OR RELATE TO BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, engineering or sculpting of BRATZ.

10.     All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ at any time, including without limitation during the time period(s) that YOU were employed by or were a consultant for MATTEL.

11.     All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ, including without limitation any such DESIGNS made, produced, created, authored, conceived of or reduced to practice by or for BRYANT.

12.     All agreements or contracts between YOU and MATTEL that were negotiated or executed at any time and that REFERS OR RELATES TO YOUR MATTEL employment or separation from MATTEL, including agreements or contracts that REFER OR RELATE TO YOUR rights and responsibilities as a MATTEL employee, vendor or consultant.

13.     All COMMUNICATIONS between YOU and MGA or BRYANT that REFER OR RELATE TO any agreement or contract between YOU and MATTEL that was negotiated or executed at any time that REFERS OR RELATES TO YOUR MATTEL employment or separation from MATTEL, including agreements or contracts that REFER OR RELATE TO YOUR rights and responsibilities as a MATTEL employee, vendor or consultant, and all notes, phone logs and other DOCUMENTS relating thereto.

14.     All DOCUMENTS which YOU reviewed or upon which YOU relied upon in connection with the Expert Report of Tina Tomiyama, dated February 11, 2008 (hereinafter, "YOUR REPORT").

15.     All COMMUNICATIONS that REFER OR RELATE TO, or are referenced in, YOUR REPORT, and all notes, phone logs and other DOCUMENTS that REFER OR RELATE thereto.

16.     To the extent not produced in response to any other Request herein, all DOCUMENTS referenced in YOUR REPORT.

452.1

EXHIBIT _____ 9 _____

PAGE _____ 158 _____

ATTACHMENT A

17.    All DOCUMENTS that REFER OR RELATE TO work that YOU performed with, for or at the request of BRYANT, including without limitation during the time that YOU and/or BRYANT were employed by MATTEL and including without limitation all DESIGNS and DESIGN MATERIALS relating thereto.

18.    All COMMUNICATIONS between YOU and Mary Bergstein, D. Jan Duffy, Erich Joachimsthaler, Peter Menell, Paul Meyer, Debora Middleton, Erich Speckin, Robert Tonner and/or any other PERSON known to YOU to have ever been retained as an expert in THIS ACTION by BRYANT or MGA, and all notes, phone logs and other DOCUMENTS that REFER OR RELATE thereto.

19.    All DOCUMENTS that YOU have received from or provided or transmitted to, whether directly or indirectly, Mary Bergstein, D. Jan Duffy, Erich Joachimsthaler, Peter Menell, Paul Meyer, Debora Middleton, Erich Speckin, Robert Tonner and/or any other PERSON known to YOU to have ever been retained as an expert in THIS ACTION by BRYANT or MGA, and all notes, phone logs and other DOCUMENTS that REFER OR RELATE thereto.

20.    All    DOCUMENTS,    including    without    limitation    all COMMUNICATIONS, that REFER OR RELATE to any MATTEL project, product or potential or proposed product that was prepared, created or authored by YOU or any other PERSON while YOU or such PERSON was employed by MATTEL and that YOU either (a) shared with, transmitted to or provided to MGA or BRYANT in any manner, whether in whole or in part, or (b) sent or transmitted out of, or took or removed from MATTEL.

21.    All DOCUMENTS that REFER OR RELATE TO BRYANT's employment by or work for MATTEL.

22.    All DOCUMENTS that REFER OR RELATE TO any work or services provided by any PERSON to or for MGA or BRYANT while such PERSON was a MATTEL employee or that REFER OR RELATE to the payment of any money or item of value by MGA or BRYANT to any PERSON while such PERSON was a MATTEL employee.

23.    To the extent not produced in response to any other Request herein, all DOCUMENTS that REFER OR RELATE TO work or services provided by, or any money or item of value paid to, any PERSON in connection with BRATZ, including without limitation by or to Veronica Marlow, Margaret Hatch Leahy, Ana Cabrera, Beatriz Morales, Maria Salazar, Anna Rhee or Elise Cloonan.

24.   To the extent not produced in response to any other Request herein, all COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, MGA, BRYANT or THIS ACTION at any time since January 1, 1999, and all notes, phone logs and other DOCUMENTS relating thereto.

EXHIBIT ___9___

PAGE ___660___

452.1

**APEX ATTORNEY SERVICES**

TEL (213) 488-1500 & (310) 300-1200

FAX (213) 488-1550

DATE: 2/15/08

CONF. NO: 194,398

REF. NO: 07209

☐ SPECIAL   ☑ REGULAR   ☐ OUT OF COUNTY   ☐ SCH. P/U

CLIENT:

Quinn Emanuel, et al.
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

ATTY/SEC: BH/ Andi Hoeven          EXT. NO: 3316

DOCUMENTS TO FILE/ SERVE/COPY:
Subpoena in a Civil Case

SPECIAL INSTRUCTIONS:

Please advance fees for $90.00
Please confirm service with Bridget Hauler at
(323) 829-9553

☐ COURT FILING   ☑ SERVICE OF PROCESS   ☐ INDEX/DOC. RESEARCH   ☐ OTHER

COURT:

CASE NAME:

CALENDARED

CASE NO:                    FILE/COPY DOC(S) BY:

SERVE: (Please indicate name exactly as it should appear on proof of service).

BEST TIME:                    LAST DAY TO SERVE:

ADDRESS (ES):

Christina Tomiyama
3720 Monteith Drive
Los Angeles, CA 90043

PHONE:                    OK TO SUB-SERVE?  YES ☐  NO ☒

DESCRIPTION:
Caucasion   Female   Blonde hair   colored eyes
5'7   180 LBS.   50's

FILING FEE: $ _____   WITNESS FEE: $ 90.00
COPY FEE: $ _____   CHECK NO: 6848
CHECK WRITTEN BY: ☐ CLIENT   ☑ APEX

PERSON SERVED/TITLE:

SERVER:                    DATE/TIME SERVED: 8:40 pm  2-17-08

| COURT FILING | SERVICE OF PROCESS | INDEX / DOC. RESEARCH | WAITING TIME STAKE OUT | MILEAGE | FEES ADVANCED | CHECK CHARGE | SPECIAL HANDLING | OTHER | OTHER | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 90.00 | | | | | |

RECIPIENT'S NAME: _____          SIGNATURE: _____

WHITE - APEX COPY   Print Form          Send via Email   GOLD - CLIENT COPY          Clear Form

PAGE ___ EXHIBIT ___ 161

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|

| SERVED | | |
|--------|--|--|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Exhibit 10**

RECEIVED

FEB 26 2008

1   THOMAS J. NOLAN (Bar No. 66992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California  90071-3144
3   Telephone:  (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:       tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No. 40892)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   Four Embarcadero Center, 38th Floor
    San Francisco, California  94111-5974
7   Telephone:  (415) 984-6400
    Facsimile:   (415) 984-2698
8   E-mail:       rkennedy@skadden.com

9   Attorneys for Christina (Tina) Tomiyama

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  IN THE MATTER OF SUBPOENA      )  CASE NO. CV 04-9049 SGL (RNBx)
    TO CHRISTINA (TINA) TOMIYAMA   )
14  ISSUED IN                      )  Consolidated with Case No. 04-9059
                                   )  and Case No. 05-2727
15  CARTER BRYANT, an individual   )
                                   )  **OBJECTIONS OF NON-PARTY**
16              Plaintiff,         )  **CHRISTINA (TINA) TOMIYAMA**
                                   )  **TO MATTEL, INC.'S SUBPOENA**
17       v.                        )  **FOR PRODUCTION OF**
                                   )  **DOCUMENTS TO TINA**
18  MATTEL, INC., a Delaware       )  **TOMIYAMA**
    corporation                    )
19                                 )  **DISCOVERY MATTER**
                Defendant.         )
20  ─────────────────────────────  )  **Phase 1:**
                                   )  Discovery Cut-Off:     January 28, 2008
21  Consolidated with MATTEL, INC. v. )  Pre-Trial Conference: May 5, 2008
    BRYANT and MGA                 )  Trial Date:              May 27, 2008
22  ENTERTAINMENT, INC. v.         )
    MATTEL, INC.                   )
23                                 )
                                   )
24

25

26                             EXHIBIT ___10___

27                             PAGE ___163___

28  ─────────────────────────────────────────────
                    1/26/08
    OBJECTIONS OF NON-PARTY CHRISTINA (TINA) TOMIYAMA TO
    MATTEL, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO TINA TOMIYAMA

1    Christina (Tina) Tomiyama hereby responds to Plaintiff Mattel, Inc.'s

2    ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the

3    "Subpoena"), served on Tomiyama on February 17, 2008, as follows:

4                              **GENERAL OBJECTIONS**

5           1.    Tomiyama objects to the Subpoena and each and every Request

6    to the extent that they seek documents that are protected from disclosure by any

7    applicable privilege, doctrine or right, including without limitation the attorney-client

8    privilege, the work product doctrine, the right of privacy, which is protected by

9    virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

10   of the California Constitution, and all other rights and privileges recognized under

11   the constitutional, statutory or decisional law of the United States, the State of

12   California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is

13   intended to or shall operate as a waiver by Tomiyama, intentionally or otherwise, of

14   the attorney-client privilege, work product doctrine protection, or any other

15   applicable privilege, doctrine or immunity protecting the communications,

16   transactions or records of Tomiyama or any other person from disclosure.

17          2.    Tomiyama objects to the Subpoena and each and every Request

18   (including the Definitions and Instructions) to the extent that they are overbroad,

19   otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying,

20   redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise

21   unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g., High*

22   *Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal.

23   1995) ('[T]he Ninth Circuit has long held that nonparties subject to discovery

24   requests deserve extra protection from the courts."); Fed. R. Civ. P. 45(c)(1) ("A

25   party or an attorney responsible for the issuance and service of a subpoena shall take

26   reasonable steps to avoid imposing undue burden or expense on a person subject to

27   that subpoena.").

EXHIBIT ___

PAGE ___ *164*

28

1

3.     Tomiyama objects to the Subpoena and each and every Request to the extent they seek production of documents that have already been produced to Plaintiff, whether in these proceedings or any others.

4.     Tomiyama objects to the Definitions on the grounds that they are vague, unclear or overbroad and, when applied to the Requests, purport to impose on Tomiyama obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure:

(a)     Tomiyama objects to the use of term "inventions" and "reductions to practice" as part of the definition of "DESIGN" or "DESIGNS," in that said terms are terms of art in the patent law.

(b)     Tomiyama objects to the extent that the definition of "MGA" purports to include counsel of record in THIS ACTION.

5.     Tomiyama objects to the Instructions to the extent that they purport to impose on Tomiyama any requirements not imposed by the Federal Rules of Civil Procedure:

(a)     Tomiyama objects to Mattel's instruction that "YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed" on the grounds that it is beyond the scope of permitted document discovery.

(b)     Tomiyama objects to Mattel's instruction that "YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained" on the grounds that it is beyond the scope of permitted document discovery.

(c)     Tomiyama objects to Mattel's instruction that "Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be

EXHIBIT __10__

PAGE __165__

2

1  copied and appended to such DOCUMENT" to the extent the instruction seeks

2  production of "file folders" for electronically stored documents.

3       6.    Except as otherwise stated below, an objection to a specific

4  document Request does not imply that the Tomiyama believes any documents

5  responsive to that category exist or that the MGA Entities accept the purported

6  factual predicate for any Request.

7       7.    By making the responses set forth below, Tomiyama does not

8  waive any of the aforesaid objections.

9  **SPECIFIC OBJECTIONS AND RESPONSES**

10  REQUEST NO. 1:

11       All COMMUNICATIONS between YOU and MGA or BRYANT that

12  REFER OR RELATE TO MATTEL, BRATZ, BRYANT or THIS ACTION, and all

13  notes, phone logs or other DOCUMENTS that REFER OR RELATE thereto.

14  RESPONSE TO REQUEST NO. 1:

15       **Tomiyama incorporates by reference her General Objections as**

16  **though fully set forth herein.  There are no responsive documents.  However,**

17  **without waiving Tomiyama's General Objection to the definition of "MGA" to**

18  **the extent that it purports to include counsel of record in this action, to the**

19  **extent that Request No. 1 purports to request such communications between**

20  **Tomimaya and attorneys at Skadden, Arps, Slate & Meagher & Flom LLP,**

21  **Tomiyama further responds as follows.  Tomiyama objects to the production of**

22  **final expert reports previously furnished to Mattel.  Tomiyama has been**

23  **provided with copies of the expert reports of Robert Tonner, Professor Mary**

24  **Bergstein, Professor Peter Menell, Debora Middleton, Lee Loetz, and Bruce L.**

25  **Stein.  There are no responsive notes or phone logs.  All other responsive**

26  **documents will be produced.  All such responsive documents relate to**

27  **Tomiyama's retention by counsel as an expert witness herein.**

EXHIBIT ___ 10

PAGE ___ 166

28

3

1  REQUEST NO. 2:

2      ALL COMMUNICATIONS between YOU and MGA or BRYANT that

3  REFER OR RELATE TO MATTEL, BRATZ, BRYANT or THIS ACTION since

4  April 27, 2004, and all notes, phone logs or other DOCUMENTS that REFER OR

5  RELATE thereto.

6  RESPONSE TO REQUEST NO. 2:

7      **Tomiyama incorporates by reference her General Objections as**

8  **though fully set forth herein. Tomiyama further objects to this request on the**

9  **grounds that it is duplicative of Request No. 1. Any such documents will be**

10  **produced in response to Request No. 1. See response to Request No. 1.**

11  REQUEST NO. 3:

12      All DOCUMENTS that REFER OR RELATE TO any agreement or

13  contract, including any proposed, offered, discussed, negotiated or executed

14  agreement or contract, between YOU and MGA or BRYANT that REFERS OR

15  RELATES to this ACTION, including without limitation all drafts thereof and all

16  COMMUNICATIONS that REFER OR RELATE thereto.

17  RESPONSE TO REQUEST NO. 3:

18      **Tomiyama incorporates by reference her General Objections as**

19  **though fully set forth herein. The requested documents will be produced. The**

20  **only such agreement is Ms. Tomiyama's agreement retaining her as an expert**

21  **witness in this matter herein.**

22  REQUEST NO. 4:

23      All DOCUMENTS that REFER OR RELATE TO any agreement or

24  contract, including any proposed, offered, discussed, negotiated or executed

25  agreement or contract, between YOU and MGA, BRYANT or any MATTEL

26  competitor during the time period(s) that YOU were employed by or were a

27

28

EXHIBIT ___ bℓ___

PAGE ___ 167___

4

1 | consultant for MATTEL, including without limitation all drafts thereof and all
2 | COMMUNICATIONS that REFER OR RELATE thereto.

3 | RESPONSE TO REQUEST NO. 4:

4 | **Tomiyama incorporates by reference her General Objections as**
5 | **though fully set forth herein.  Tomiyama further objects to the request on the**
6 | **grounds that the term "competitor" is vague and indefinite.  Tomiyama further**
7 | **responds that there are no responsive documents.**

8 | REQUEST NO. 5:

9 | All DOCUMENTS that REFER OR RELATE TO any work or services
10 | that YOU performed for or on behalf of MGA, BRYANT or any MATTEL
11 | competitor during the time period(s) that YOU were employed by or were a
12 | consultant for MATTEL.

13 | RESPONSE TO REQUEST NO. 5:

14 | **Tomiyama incorporates by reference her General Objections as**
15 | **though fully set forth herein.   Tomiyama further objects to the request on the**
16 | **grounds that the term "competitor" is vague and indefinite.   Tomiyama further**
17 | **responds that there are no responsive documents.**

18 | REQUEST NO. 6:

19 | All DOCUMENTS that REFER OR RELATE TO any payment of
20 | money or consideration made to YOU or for YOUR benefit by any PERSON other
21 | than MATTEL, including without limitation by BRYANT or MGA, for work,
22 | activities or services that YOU performed during the time period(s) that YOU were
23 | employed by or were a consultant for MATTEL.

24 | RESPONSE TO REQUEST NO. 6:

25 | **Tomiyama incorporates by reference her General Objections as**
26 | **though fully set forth herein.   There are no responsive documents.**

27 |

28 |

EXHIBIT 12

PAGE 168

5

1  REQUEST NO. 7:

2          All DOCUMENTS, including COMMUNICATIONS, that REFER OR

3  RELATE TO any work or services pertaining to THIS ACTION that YOU

4  performed for or on behalf of MGA or BRYANT.

5  RESPONSE TO REQUEST NO. 7:

6          **Tomiyama incorporates by reference her General Objections as**

7  **though fully set forth herein.   Tomiyama further objects to this request on the**

8  **grounds that it is duplicative of Request No. 1.  Any such documents will be**

9  **produced in response to Request No. 1.  See response to Request No. 1.**

10  REQUEST NO. 8:

11          All DOCUMENTS that REFER OR RELATE TO any payment of

12  money or item of value made or offered to YOU or for YOUR benefit by BRYANT

13  or MGA, or requested or sought from BRYANT or MGA by YOU or for YOUR

14  benefit, at any time, including without limitation since April 27, 2004.

15  RESPONSE TO REQUEST NO. 8:

16          **Tomiyama incorporates by reference her General Objections as**

17  **though fully set forth herein.  Tomiyama was retained as an expert by counsel,**

18  **with payments to be made by MGA.  Documents relating thereto will be**

19  **produced. There are no other responsive documents.**

20  REQUEST NO. 9:

21          All DOCUMENTS that REFER OR RELATE TO BRATZ, including

22  without limitation all DOCUMENTS that REFER OR RELATE TO the conception,

23  creation, design, development, engineering or sculpting of BRATZ.

24  RESPONSE TO REQUEST NO. 9:

25          **Tomiyama incorporates by reference her General Objections as**

26  **though fully set forth herein.   Tomiyama further objects to this request on the**

EXHIBIT ___10___

27

28  PAGE ___169___

6

1  grounds that it is duplicative of Request No. 1.  Any such documents will be
2  produced in response to Request No. 1.  <u>See</u> response to Request No. 1.
3  REQUEST NO. 10:

4           All DOCUMENTS that REFER OR RELATE TO work, activities or
5  services that YOU performed concerning BRATZ at any time, including without
6  limitation during the time period(s) that YOU were employed by or were a
7  consultant for MATTEL.

8  RESPONSE TO REQUEST NO. 10:

9           Tomiyama incorporates by reference her General Objections as
10  though fully set forth herein.   There are no responsive documents relating to
11  the time periods Tomiyama was employed by or was a consultant for Mattel.
12  Tomiyama further objects to the Request on the grounds of duplication. Any
13  such documents will be produced in response to Request No. 1.  <u>See</u> response to
14  Request No. 1.

15  REQUEST NO. 11:

16           All DOCUMENTS that REFER OR RELATE TO DESIGNS for
17  BRATZ, including without limitation any such DESIGNS made, produced, created,
18  authored, conceived of or reduced to practice by or for BRYANT.

19  RESPONSE TO REQUEST NO. 11:

20           Tomiyama incorporates by reference her General Objections as
21  though fully set forth herein. Tomiyama further objects to this request on the
22  grounds that it is duplicative of Request No. 1.  Any such documents will be
23  produced in response to Request No. 1.  <u>See</u> response to Request No. 1.

24  REQUEST NO. 12:

25           All agreements or contracts between YOU and MATTEL that were
26  negotiated or executed at any time and that REFERS OR RELATES TO YOUR
27  MATTEL employment or separation from MATTEL, including agreements or
28

EXHIBIT  15

PAGE  170

1 contracts that REFER OR RELATE TO YOUR rights and responsibilities as a
2 MATTEL employee, vendor or consultant.

3 RESPONSE TO REQUEST NO. 12:

4      **Tomiyama incorporates by reference her General Objections as**
5 **though fully set forth herein.   Tomiyama has one such agreement, the**
6 **agreement relating to her severance in connection with her involuntary**
7 **termination by Mattel in 2006. Said agreement will be produced.**

8 REQUEST NO. 13:

9      All COMMUNICATIONS between YOU and MGA or BRYANT that
10 REFER OR RELATE TO any agreement or contract between YOU and MATTEL
11 that was negotiated or executed at any time that REFERS OR RELATES TO YOUR
12 MATTEL employment or separation from MATTEL, including agreements or
13 contracts that REFER OR RELATE TO YOUR rights and responsibilities as a
14 MATTEL employee, vendor or consultant, and all notes, phone logs and other
15 DOCUMENTS relating thereto.

16 RESPONSE TO REQUEST NO. 13:

17      **Tomiyama incorporates by reference her General Objections as**
18 **though fully set forth herein. There are no responsive documents.**

19 REQUEST NO. 14:

20      All DOCUMENTS which YOU reviewed or upon which YOU relied
21 upon in connection with the Expert Report of Tina Tomiyama, dated February 11,
22 2008 (hereinafter, "YOUR REPORT").

23 RESPONSE TO REQUEST NO. 14:

24      **Tomiyama incorporates by reference her General Objections as**
25 **though fully set forth herein.   Tomiyama further objects to the request on the**
26 **grounds that the term "reviewed" is vague and indefinite. Tomiyama further**
27 **objects to this request on the grounds that it is duplicative of Request No. 1. See**

28

EXHIBIT __\O__

8    PAGE   **\7\**

1 | response to Request No. 1. Tomiyama further responds that the documents
2 | upon which she relied were identified in her expert report, and further that
3 | these documents are pleadings in this action, documents or tangible items
4 | produced by the parties to this action, or a website, the URL of which
5 | Tomiyama set forth in her report. To the extent that Tomiyama considered any
6 | additional documents, any such documents will be produced in response to
7 | Request No. 1.

8 | REQUEST NO. 15:

9 | All COMMUNICATIONS that REFER OR RELATE TO, or are
10 | referenced in, YOUR REPORT, and all notes, phone logs and other DOCUMENTS
11 | that REFER OR RELATE thereto.

12 | RESPONSE TO REQUEST NO. 15:

13 | Tomiyama incorporates by reference her General Objections as
14 | though fully set forth herein. Tomiyama further objects to this request on the
15 | grounds that it is duplicative of Request No. 1. Any such documents will be
16 | produced in response to Request No. 1. See response to Request No. 1.

17 | REQUEST NO. 16:

18 | To the extent not produced in response to any other Request herein, all
19 | DOCUMENTS referenced in YOUR REPORT.

20 | RESPONSE TO REQUEST NO. 16:

21 | Tomiyama incorporates by reference her General Objections as
22 | though fully set forth herein. Tomiyama further objects to this request on the
23 | grounds that it is duplicative of Requests No. 1 and No. 14. Any such
24 | documents will be produced in response to Requests No. 1 and No. 14. See
25 | responses to Requests No. 1 and No. 14.

26

27

28

EXHIBIT _____ 12

PAGE _____ 172

9

1 | REQUEST NO. 17:

2 |       All DOCUMENTS that REFER OR RELATE TO work that YOU
3 | performed with, for or at the request of BRYANT, including without limitation
4 | during the time that YOU and/or BRYANT were employed by MATTEL and
5 | including without limitation all DESIGNS and DESIGN MATERIALS relating
6 | thereto.

7 | RESPONSE TO REQUEST NO. 17:

8 |       **Tomiyama incorporates by reference her General Objections as**
9 | **though fully set forth herein. There are no responsive documents.**

10 | REQUEST NO. 18:

11 |       All COMMUNICATIONS between YOU and Mary Bergstein, D. Jan
12 | Duffy, Erich Joachimsthaler, Peter Menell, Paul Meyer, Debora Middleton, Erich
13 | Speckin, Robert Tonner and/or any other PERSON known to YOU to have ever been
14 | retained as an expert in THIS ACTION by BRYANT or MGA, and all notes, phone
15 | logs and other DOCUMENTS that REFER OR RELATE thereto.

16 | RESPONSE TO REQUEST NO. 18:

17 |       **Tomiyama incorporates by reference her General Objections as**
18 | **though fully set forth herein. There are no responsive documents.**

19 | REQUEST NO. 19:

20 |       All DOCUMENTS that YOU have received from or provided or
21 | transmitted to, whether directly or indirectly, Mary Bergstein, D. Jan Duffy, Erich
22 | Joachimsthaler, Peter Menell, Paul Meyer, Debora Middleton, Erich Speckin, Robert
23 | Tonner and/or any other PERSON known to YOU to have ever been retained as an
24 | expert in THIS ACTION by BRYANT or MGA, and all notes, phone logs and other
25 | DOCUMENTS that REFER OR RELATE thereto.

26 |

27 | EXHIBIT ___ 1O

28 | PAGE ___ 173

OBJECTIONS OF CHRISTINA (TINA) TOMIYAMA TO
MATTEL, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY TINA TOMIYAMA

1  RESPONSE TO REQUEST NO. 19:

2        Tomiyama incorporates by reference her General Objections as

3  though fully set forth herein.  Tomiyama further objects to the request on the

4  grounds that the term "indirectly" is vague and indefinite.  She further

5  responds that there are no responsive documents, other than what may be

6  produced in response to Request 1.  <u>See</u> response to Request No. 1.

7  REQUEST NO. 20:

8        All    DOCUMENTS,    including    without    limitation    all

9  COMMUNICATIONS, that REFER OR RELATE to any MATTEL project, product

10  or potential or proposed product that was prepared, created or authored by YOU or

11  any other PERSON while YOU or such PERSON was employed by MATTEL and

12  that YOU either (a) shared with, transmitted to or provided to MGA or BRYANT in

13  any manner, whether in whole or in part, or (b) sent or transmitted out of, or took or

14  removed from MATTEL.

15  RESPONSE TO REQUEST NO. 20:

16        Tomiyama incorporates by reference her General Objections as

17  though fully set forth herein.  There are no responsive documents.

18  REQUEST NO. 21:

19

20        All DOCUMENTS that REFER OR RELATE TO BRYANT's

21  employment by or work for MATTEL.

   RESPONSE TO REQUEST NO. 21:

22        Tomiyama incorporates by reference her General Objections as

23

24  though fully set forth herein.  There are no responsive documents, other than to

the extent Ms. Tomiyama's expert report may be considered responsive.

25

26

27  EXHIBIT   <u>10</u>

28  PAGE   <u>174</u>

1 | REQUEST NO. 22:

2

3 All DOCUMENTS that REFER OR RELATE TO any work or services provided by any PERSON to or for MGA or BRYANT while such PERSON was a MATTEL employee or that REFER OR RELATE to the payment of any money or item of value by MGA or BRYANT to any PERSON while such PERSON was a MATTEL employee.

4

5

6

7 RESPONSE TO REQUEST NO. 22:

8 **Tomiyama incorporates by reference her General Objections as though fully set forth herein. There are no responsive documents.**

9

10 REQUEST NO. 23:

11

12 To the extent not produced in response to any other Request herein, all DOCUMENTS that REFER OR RELATE TO work or services provided by, or any money or item of value paid to, any PERSON in connection with BRATZ, including without limitation by or to Veronica Marlow, Margaret Hatch Leahy, Ana Cabrera, Beatriz Morales, Maria Salazar, Anna Rhee or Elise Cloonan.

13

14

15

16

17 RESPONSE TO REQUEST NO. 23:

18 **Tomiyama incorporates by reference her General Objections as though fully set forth herein. There are no responsive documents.**

19

20 REQUEST NO. 24:

21 To the extent not produced in response to any other Request herein, all COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, MGA, BRYANT or THIS ACTION at any time since January 1, 1999, and all notes, phone logs and other DOCUMENTS relating thereto.

22

23

24

25

26

27

28

EXHIBIT __10__

PAGE __175__

12

1   RESPONSE TO REQUEST NO. 24:

2          Tomiyama incorporates by reference her General Objections as

3   though fully set forth herein.  There are no responsive documents.

4

5   DATED:  February 25, 2008

6                                         SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM, LLP
7

8                                         By: _____
9                                             Kenneth A. Plevan
                                              *(admitted pro hac vice)*
10                                        Attorneys for Christina (Tina) Tomiyama

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        EXHIBIT ____10____

27                                        PAGE ____176____

28
                                       13



EXHIBIT ___10___

PAGE ___177___

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  E-mail:     rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                 EASTERN DIVISION

14  CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                          )
15                 Plaintiff,             )  Consolidated with Case No. 04-9059
                                          )  and Case No. 05-2727
16         v.                             )
                                          )
17  MATTEL, INC., a Delaware              )  **PROOF OF SERVICE RE**
    corporation                           )  **OBJECTIONS OF NON-PARTY**
18                                        )  **CHRISTINA (TINA) TOMIYAMA**
                                          )  **TO MATTEL, INC.'S SUBPOENA**
19                 Defendant.             )  **FOR PRODUCTION OF**
                                          )  **DOCUMENTS TO TIMA**
20                                        )  **TOMIYAMA**
                                          )
21                                        )  Honorable Stephen G. Larson
                                          )  Courtroom 1
22                                        )
                                          )
23  Consolidated with MATTEL, INC. v.     )
    BRYANT and MGA                        )
24  ENTERTAINMENT, INC. v.                )
    MATTEL, INC.                          )
25                                        )

26                                           EXHIBIT ___10___

27                                           PAGE ___178___

28

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **February 26, 2008**, I served the foregoing document described as:

**(1) OBJECTIONS OF NON-PARTY CHRISTINA (TINA) TOMIYAMA TO MATTEL, INC'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO TINA TOMIYAMA**
**(2) CD OF CHRISTINA (TINA) TOMIYAMA EXPERT DOCUMENTS (CT 00001 – CT00793)**

on the interested parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

|X| **(BY PERSONAL SERVICE)** ☐    By personally delivering copies to the person served. (FEDERAL) (As Noted.)

                |X|    I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

|X| **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 26, 2008** at Los Angeles, California.

Cecilia Reyes
PRINT NAME                    SIGNATURE

EXHIBIT __10__

PAGE __179__

PROOF OF SERVICE                  NO. CV 04-9049 SGL (RNBx)

1   SERVICE LIST

2

3   John B. Quinn, Esq.                          John W. Keker, Esq.
    Michael T. Zeller, Esq.                      Michael H. Page, Esq.
4   Jon D. Corey, Esq.                           Keker & Van Nest, LLP
    Timothy L. Alger, Esq.                       710 Sansome Street
5   Quinn Emanuel Urquhart Oliver &              San Francisco, CA  94111
    Hedges, LLP                                  (415)  391-5400
6   865 South Figueroa Street, 10th Floor        (415)  397-7188 (Fax)
    Los Angeles, CA  90017-2543
7   (213)  443-3000                              Attorneys for Carter Bryant
    (213)  443-3100 (Fax)                        [Federal Express]
8
    Attorneys for Mattel, Inc.
9   [Personal Service]

10

11

    Mark E. Overland, Esq.
12  Alexander H. Cote, Esq.
    David C. Scheper, Esq.
13  Overland Borenstein Scheper & Kim
    300 South Grand Avenue, Suite 2750
14  Los Angeles, CA  90071
    (213)  613-4655
15  (213)  613-4656 (Fax)

16  Attorneys for Carlos Gustavo Machado
    Gomez
17  [Federal Express]

18

19

20

21

22

23

24

25

26                              EXHIBIT ___10___

27                              PAGE _____180_____

28
    ──────────────────────────────────────────────
    PROOF OF SERVICE          2          NO. CV 04-9049 SGL (RNBx)

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,  | CASE NO. CV 04-9049 SGL (RNBx)

        Plaintiff,                    Consolidated with
13                                    Case No. CV 04-09059
            vs.                       Case No. CV 05-02727
14
   MATTEL, INC., a Delaware           **Proof of Service**
15 corporation,
                                      Date:   TBA
16           Defendant.               Time:   TBA
                                      Place:  TBA
17
                                      Discovery Cut-Off:   January 28, 2008
18                                    Pre-Trial Conference: May 5, 2008
                                      Trial Date:          May 27, 2008
19

20

21

22

23

24

25

26                                    EXHIBIT ___10___

27                                    PAGE ___181___

28

07209/2391134.1                              -1-                    Case No. CV 04-9049 SGL (RNBx)
                                                                    PROOF OF SERVICE

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3  Street, 10th Floor, Los Angeles, California 90017-2543.

4       On March 17, 2008, I served true copies of the following document(s) described as **SECOND SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT**

5  **OF MATTEL, INC.'S REPLY RE EX PARTE APPLICATION FOR PROTECTIVE ORDER PREVENTING MGA'S UNAUTHORIZED DESTRUCTIVE SAMPLING OF**

6  **THE PRINCE NOTARY BOOK** on the parties in this action as follows:

7     John W. Keker, Esq.
      Michael H. Page, Esq.

8     Christina M. Anderson, Esq.
      **Keker & Van Nest, LLP**

9     710 Sansome Street
      San Francisco, CA 94111

10

    **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I

11  deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

12

    **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by

13  FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or

14  provided for, addressed to the person(s) being served.

15       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

       Executed on March 17, 2008, at Los Angeles, California.

17

18

19                   Andrea Hoeven

20

21

22

23

24

25

26

27

28

07209/2217871.1

EXHIBIT 10

PAGE 182

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On March 17, 2008, I served true copies of the following document(s) described as
**SECOND SUPPLEMENTAL DECLARATION OF DIANE C. HUTNYAN IN SUPPORT**
5    **OF MATTEL, INC.'S REPLY RE EX PARTE APPLICATION FOR PROTECTIVE
ORDER PREVENTING MGA'S UNAUTHORIZED DESTRUCTIVE SAMPLING OF**
6    **THE PRINCE NOTARY BOOK** on the parties in this action as follows:

7      Thomas J. Nolan                          Mark E. Overland
       **Skadden, Arps, Slate, Meageher & Flom**   David C. Scheper
8      **LLP**                                   Alexander H. Cote
       300 South Grand Ave., Ste. 3400          **Overland Borenstein Scheper & Kim**
9      Los Angeles, CA 90071                     **LLP**
                                                 300 South Grand Avenue, Suite 2750
10                                               Los Angeles, CA 90071

11

12    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
being served.
13

       I declare that I am employed in the office of a member of the bar of this Court at whose
14    direction the service was made.

15     Executed on March 17, 2008, at Los Angeles, California.

16

17    _____

18    NOW LEGAL -- Dave Quintana

19

20

21

22

23

24

25

26

27    EXHIBIT ____10____

28    PAGE _____183_____

07209/2217862.1

quinn emanuel