QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF APRIL 7, 2008**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1:**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

1         Pursuant to the Federal Rules and Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* application seeking (1) relief from the twenty-day requirement of Local Rule 7-3; and (2) an expedited hearing date of April 7, 2008.

        Mattel makes this application on the grounds that MGA's counsel, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), and MGA's expert, Christina Tomiyama, are in possession of Mattel's privileged and confidential information, and that rather than remedy this infraction, they have used, and continue to use, Mattel's confidential and privileged information in this litigation. Mattel seeks expedited judicial intervention to stop this ongoing breach of its attorney-client and work product privileges.

        Pursuant to Local Rule 7-19, on March 14 and 17, 2008, Paul Eckles, of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for the MGA Parties (telephone: (212) 735-2578; address: Four Times Square, New York, NY 10036) was given notice of this *ex parte* application. On March 17, 2008, counsel for Carter Bryant, Mathew M. Werdegar, Keker & Van Nest, LLP (telephone: (415) 391-5400; address: 710 Sansome Street, San Francisco, CA 94111) was given notice of this *ex parte* application. The MGA Parties have informed Mattel that they oppose this *ex parte* application. Bryant has stated that he takes no position.

This application is based on this Application and the accompanying memorandum, Mattel's concurrently filed Motion to Disqualify MGA Entertainment, Inc.'s Counsel Skadden Arps and Expert Christina Tomiyama, the Declaration of B. Dylan Proctor filed concurrently with Mattel's Motion for Disqualification, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

DATED: March 18, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
John B. Quinn
Attorneys for Mattel, Inc.

## Mattel's Ex Parte Application

Under the Local Rules, parties are required to meet and confer twenty days prior to the filing of an anticipated motion so the parties may attempt to "eliminate[] the necessity for a hearing" on the disputed issue. C.D. Cal. L.R. 7-3. Mattel seeks relief from this requirement on the grounds that the parties have met and conferred twice on the issues raised in Mattel's motion without any resolution. Additional conferences will not further the purpose of the rule. Given the importance of the issues raised, Mattel believes no further delay is warranted. For this same reason, Mattel requests that the matter be heard on April 7, 2008, a date which is currently listed as "Closed" on the Court's online calendar, if the Court will hear the matter on that date.

Mattel first apprised MGA and Skadden (as well as Bryant) of its substantial concerns arising from Ms. Tomiyama's and Skadden's conduct, and Mattel's anticipated motion to disqualify, on March 1, 2008. (This conduct is discussed in detail in Mattel's concurrently filed motion to disqualify, which Mattel incorporates herein.) On March 4 and 11, 2008, the parties meet and conferred.[1] At the first conference, Bryant's counsel informed Mattel that it had destroyed all copies of Ms. Tomiyama's report and represented that they had never spoken with her.[2] By contrast, Skadden refused to withdraw Ms. Tomiyama as an expert or to answer any questions about MGA's or other counsel's relationship with Ms. Tomiyama, and did not otherwise offer any assurances that it did not intend to continue to use and disseminate Mattel's privileged information and materials.[3]

The parties have amply conferred on this issue in an attempt to resolve it without resort to the Court. No resolution could be reached. Given the gravity of the

---

[1] See Declaration of B. Dylan Proctor ("Proctor Dec.") ¶ 2, dated March 17, 2008 and filed concurrently with Mattel's Motion to Disqualify MGA Entertainment, Inc.'s Counsel Skadden Arps and Expert Christina Tomiyama.
[2] See Proctor Dec. ¶ 3.
[3] See Proctor Dec. ¶ 4.

circumstances raised by Skadden's conduct, further delay is unwarranted. Mattel is prejudiced with each day that MGA is permitted to rely on the privileged and confidential information it has improperly obtained through its engagement of Mattel's former employee and consultant and breach of Mattel's confidences. Accordingly, relief from Local Rule 7-3's 20-day hold provision is appropriate.

For the same reasons, Mattel also respectfully requests that the matters raised by its motion be heard expeditiously. The first available hearing date on the Court's online calendar is April 14, 2008. Mattel respectfully requests that the Court set this matter for hearing April 7, 2008, or as soon as possible, rather than waiting until a later hearing date. Additionally, Mattel's counsel John B. Quinn cannot appear on April 14, 2008.[4] MGA will in no way be prejudiced by an April 7 hearing date as it will still have a full week (until Tuesday, March 25, 2008) to oppose Mattel's motion—the amount of time contemplated by the Local Rules. See L.R. 7-9. MGA also has already had ample time to consider and prepare to oppose this motion as it has known since at least March 11, when the parties last met and conferred, that no informal resolution would be reached and that Mattel's disqualification motion would be forthcoming. Accordingly, setting the motion for hearing on 20-days' notice—only a day less than the period contemplated by the Local Rules—will not prejudice MGA, and will allow the prompt resolution of the serious issues raised by Mattel's motion.

DATED: March 18, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
John B. Quinn
Attorneys for Mattel, Inc.

---

[4] Proctor Dec. ¶ 6.