THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden@com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, California 94111-5974
Tel.: (415) 984-6400/ Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA DEFENDANTS' RESPONSE IN OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION FOR AN EXPEDITED HEARING DATE OF APRIL 7, 2008<br><br>Honorable Stephen G. Larson<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian (collectively "MGA") file this response in opposition to Mattel, Inc.'s Ex Parte Application for an Expedited Hearing Date of April 7, 2008. For the reasons set forth below and in the accompanying Declaration of Paul M. Eckles, MGA respectfully requests that Mattel's motion be denied and that the Court set Mattel's Motion to Disqualify for hearing April 14, 2008 or such later time as may be convenient for the Court.

1

For over five weeks, Mattel, Inc. ("Mattel") has been on notice that MGA retained one of Mattel's former employees, Christina Tomiyama, as an expert witness in this case. On February 11, 2008, MGA served a copy of Ms. Tomiyama's expert report in which she recounts her expertise as a face painter and the fact that she was formerly employed by Mattel. Mattel deposed Ms. Tomiyama on February 27, 2008 and questioned her extensively about any purportedly privileged information she may have received from Mattel lawyers while she was an employee of Mattel. At her deposition, Ms. Tomiyama remembered very few, if any, conversations with Mattel lawyers, none of which was materially related to this case. Nor did she identify any privileged information that was shared with counsel for MGA, let alone any that was materially related to this case.

Nonetheless, on March 1, 2008, Mattel notified counsel for MGA that it was considering moving to disqualify MGA counsel. The parties held their first meet-and-confer session on March 4, 2008; a second session was scheduled on Monday, March 10, 2008 but was deferred, at Mattel's request, to the following day; and a series of communications between the parties followed in subsequent days. During the meet-and-confer process, MGA attempted to reach an agreement with Mattel on a reasonable briefing schedule. MGA offered to waive the 20-day meet-and-confer period set by Local Rule 7-3 if Mattel would agree to set the motion for hearing on April 21, 2008, with the parties dividing the intervening time to brief the matter. (Eckles Declaration, ¶ 10.) Mattel refused this reasonable offer and insisted that MGA waive the 20-day period and respond to Mattel's motion in seven days – with two of those days being Good Friday and Easter Sunday. (Id.)

There is every reason to conclude that Mattel seeks to expedite this motion not out of any concern for prejudice, but simply to gain a tactical advantage. Indeed, in order to overcome the record evidence to the contrary, Mattel now asserts in broad, conclusory terms that more extensive conversations occurred between Ms.

1. Tomiyama and its lawyers than are evident from the sworn record. It has apparently used the last five weeks to devise its arguments and to compile the asserted support for this claim – a claim for which evidentiary support, if it existed, would have been solely in Mattel's possession. Nonetheless, Mattel now wants to limit MGA to one week to respond.

Courts have recognized that motions for disqualification should be carefully considered in part to prevent a party from using this type of motion for tactical purposes. See, e.g., In re EXDS, Inc., No. C05-0787PVT, 2005 WL 2043020, at *3 (N.D. Cal. Aug. 24, 2005) ("the attempt by an opposing party to disqualify the other side's lawyer must be viewed as part of the tactics of an adversary proceeding"). The need for careful consideration is particularly compelling in this large and complex litigation, where Mattel is seeking draconian and disproportionate remedies that would include, among other things, depriving MGA of its trial counsel and one of its expert witnesses and precluding MGA from putting on evidence related to a critical issue in the case. These remedies, if granted, will substantially delay resolution of the merits and will derail the trial now set for May 2008. Given the nature of the allegations and the gravity of the remedy sought by Mattel, it is necessary for the Court's careful consideration of Mattel's disqualification motion that MGA be permitted a reasonable time period in which to respond to the myriad issues Mattel is raising and has been researching for five weeks.

Like Mattel's Motion to Disqualify, there is every reason to conclude that Mattel's Motion for Ex Parte Application was lodged for tactical reasons. Mattel offers no persuasive reason for expediting the hearing. Mattel contends that it is "prejudiced with each day that MGA is permitted to rely on privileged and confidential information . . . ." (Mattel Ex Parte App. at 2.) This ground is patently manufactured; if Mattel truly believed it was being prejudiced by each passing day it

3

1 would have taken action as soon as it received Ms. Tomiyama's expert report on February 11, 2008 and certainly would not have waited over a month to raise this issue with the Court.

Moreover, even in its motion for disqualification, Mattel has yet to substantiate its allegations that Ms. Tomiyama received privileged and confidential information or, separately, that Ms. Tomiyama shared any privileged or confidential information with Skadden, Arps. In any event, out of an abundance of caution, upon learning of Mattel's concerns about dissemination of putatively privileged information, MGA promptly took substantial prophylactic measures to maintain the status quo pending the Court's hearing of the matter: it destroyed or sequestered all copies of her expert report and exhibits and her deposition transcript and exhibits. (Eckles Declaration, ¶ 7.) Only those MGA attorneys involved in responding to Mattel's motion for disqualification have access to those materials. (Id.) Further, other than in connection with responding to Mattel's motion, MGA counsel have for the time being ceased communicating with Ms. Tomiyama. Mattel therefore will not be prejudiced if it has to wait until the hearing already scheduled in this case for April 14, 2008 when it would be more convenient for the Court and the parties to address all of the issues in one hearing rather than address the issues on a piecemeal basis in consecutive weeks.

Mattel also argues that a seven-day response period would not prejudice MGA because MGA knew on March 11 that Mattel was contemplating a motion for disqualification. (Mattel Ex Parte Application at 2.) That argument ignores the fact that MGA did not see Mattel's motion until yesterday evening. Moreover, even under the timetable most charitable to Mattel, it took Mattel <u>twenty</u> days from Ms. Tomiyama's deposition to write the motion for disqualification. MGA, by contrast, is only requesting only thirteen days in which to respond. Finally, Mattel argues that its lead counsel, John Quinn, is not available on April 14. (Id.) If Mr. Quinn's

4

1 | presence is necessary for the hearing, however, MGA does not object to the hearing
2 | being set for sometime after April 14.[1]

3 | Because Mattel's ex parte application for an expedited hearing date
4 | prejudices MGA while serving no legitimate interest of Mattel, MGA respectfully
5 | requests that Mattel's ex parte application be denied and that its motion for
6 | disqualification be set for hearing no earlier than April 14, 2008.

8 | DATED: March 19, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan
Attorney for MGA Entertainment, Inc.

---

[1] MGA does not oppose Mattel's Ex Parte Application for Relief from the Twenty-Day Requirement of Local Rule 7-3. During the meet-and-confer session, Mattel has unequivocally stated that nothing said in the meet-and-confer sessions would dissuade Mattel from bringing a motion for disqualification. (See, e.g., Eckles Declaration, ¶ 9.) Under these circumstances, MGA agrees that requiring further meetings would be an unproductive endeavor.