QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>The Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR AN EXPEDITED HEARING DATE OF APRIL 7, 2008**<br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:                   May 27, 2008 |

07209/2441391.1

MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR EXPEDITED HEARING

**Reply in Support of Mattel's Ex Parte Application**

Mattel does not wish to burden the Court with ministerial matters that typically can be resolved between the parties. But Skadden's conduct presents a matter of grave importance. It merits prompt attention and resolution.

First, MGA distorts the record when it argues that Mattel has failed to "substantiate its allegation that Ms. Tomiyama received privileged and confidential information," apparently to show that that the resolution of this matter is not urgent. (Id.) This simply ignores the evidence that Mattel submitted in its motion. (See, e.g., Moore Decl. ¶¶ 4-10; Zeller Decl. ¶¶ 12-13.) MGA, through the actions of its counsel, wrongly came into possession of, and has ongoing access to, Mattel's privileged information. Although Skadden now states (for the first time) that *some* of its lawyers do not have ongoing access to Mattel's privileged materials, others still remain wrongfully in possession of that information. (Opp. 4.)

Second, MGA suggests that Mattel's *ex parte* application has been brought for tactical reasons. To the contrary, it is MGA's opposition that is tactical. MGA has been apprised of Mattel's likely intention to seek disqualification for 19 days, since March 1, 2008. It has known that Mattel's motion would be filed, with certainty, for 9 days, since March 11, 2008. (See Eckles Decl. ¶ 9.) It now claims that it requires another two weeks to respond not out of any grounded need, but to push this hearing as close to trial as possible. MGA already asserts that Mattel's motion will, if granted, "substantially delay" this action and "derail the trial." (Opp. 3.) It seeks to delay the hearing still further in the hopes that Skadden's conduct will be overlooked for pragmatic reasons if resolution is delayed until the eve of trial.

Mattel respectfully submits that precisely because resolution of this motion *could* substantially affect the progress of this case, it should be resolved expeditiously. Mattel appreciates the Court's ongoing attention to this matter.[1]

DATED: March 20, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By B. Dylan Proctor /s/
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

---

[1] MGA's counsel's declaration in opposition to this *ex parte* contains several inaccuracies. However, rather than burden the Court with further declarations at this time, Mattel will respond as appropriate with its motion reply papers.

07209/2441391.1

-ii-
MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR EXPEDITED HEARING