1   Patricia Glaser, State Bar No. 55668
    Alisa Morgenthaler Lever, State Bar No. 146940
2   Scott E. Gizer, State Bar No. 229162
    CHRISTENSEN, GLASER, FINK, JACOBS,
3     WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
4   Los Angeles, California 90067
    Telephone:  (310) 553-3000
5   Facsimile:  (310) 556-2920

6   Attorneys for Non-Party Christensen, Glaser, Fink,
    Jacobs, Weil & Shapiro, LLP

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual,          )   Case No. CV 04-9049 SGL (RNBx)

12          Plaintiff,                      )   Consolidated with
                                            )   Case No. CV 04-09059
13      v.                                  )   Case No. CV 05-02727

14  MATTEL, INC., a Delaware               )   **DISCOVERY MATTER**
    corporation,                           )
15                                          )   **CHRISTENSEN, GLASER, FINK,
                                            )   JACOBS, WEIL & SHAPIRO, LLP'S
16          Defendant.                      )   MEMORANDUM OF POINTS AND
    ───────────────────────────            )   AUTHORITIES IN OPPOSITION
17                                          )   TO MATTEL, INC.'S MOTION TO
    AND CONSOLIDATED CASES                 )   COMPEL DEPOSITION AND
18  ───────────────────────────            )   PRODUCTION OF DOCUMENTS
                                            )   OF CHRISTENSEN, GLASER,
19                                              FINK, JACOBS, WEIL & SHAPIRO,
                                                LLP**

20                                              [Filed concurrently with Christensen
21                                              Glaser's Response to Separate Statement
                                                re Document Requests, Response to
22                                              Separate Statement re Document
                                                Requests, and Declaration of Scott E.
23                                              Gizer]

24                                              Date:   April 4, 2008
                                                Time:   TBA
25                                              Place:  Telephonic

26

27

28

621448v1

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................. 1

II.     STATEMENT OF FACTS....................................................................... 2

     A.  Mattel's Improper Subpoena to Christensen Glaser Seeks Documents Which Mattel Has Already Obtained From Other Sources. .................... 3

     B.  Christensen Glaser Explained To Mattel's Counsel That The Subpoena Was Improper And Requested That Mattel Meet And Confer, But Mattel's Counsel Never Respond To This Request................................... 3

     C.  Judge Larson's February 4, 2008 Order Did Not Address The Merits Of Mattel's Subpoena, And Reiterated That The Scope of Mattel's Subpoena Could Be Restricted By The Discovery Master....................................... 5

     D.  Mattel Failed To Meet And Confer Prior To The Filing Of This Motion.6

     E.  Even Though Mattel Prematurely Filed This Motion, Christensen Glaser Still Tried To Meet And Confer With Mattel, But Mattel Rejected Christensen Glaser's Reasonable Compromise. ........................................ 9

III.    ARGUMENT........................................................................................ 9

     A.  Mattel's Subpoena To Christensen Glaser Is Improper Under The *Shelton* Rule. ................................................................................................... 9

          1.  The Testimony and Documents Mattel Seeks Are Available From Other Sources................................................................................ 11

          2.  Any Information Or Document That Christensen Glaser Possesses, Which Is Not Available From Another Source, Is Privileged...... 13

          3.  The Testimony And Documents That Mattel Seeks Are Not Crucial To Preparation Of Mattel's Case. ...................................... 16

IV.     CONCLUSION ................................................................................... 18

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

CHRISTENSEN GLASER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Bittaker v. Woodford,
    331 F.3d 715 (9th Cir. 2003) .......................................................................... 16

Chevron Corp. v. Pennzoil Co.,
    974 F.2d 1156 (9th Cir. 1992) ........................................................................ 16

Cox v. Administrator U.S. Steel & Carnegie,
    17 F.3d 1386 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995) ................ 16

Flotsam of California Inc. v. Huntington Beach Conference and Visitors'
Bureau,
    2007 U.S. Dist. LEXIS 89269 ........................................................................ 17

Hickman v. Taylor,
    329 U.S. 495, 513 and 516 (1947 ) ................................................................... 9

In re Napster, Inc. Copyright Litigation,
    462 F. Supp. 2d 1060 (N.D. Cal. 2006) ..................................................... 14-15

Shelton v. American Motors Corp.,
    805 F.2d 1323 (8th Cir. 1986) ....................................... 2, 4, 6-7, 9-10, 13-14, 16

United States v. Torf,
    357 F.3d 900 (9th Cir. 2004) .......................................................................... 14

Wall v. Leavitt,
    2007 U.S. Dist. LEXIS 89953 ........................................................................ 10

## STATUTES

Federal Civil Procedure Before Trial,
    § 11:113.3 (1992) ............................................................................................ 10

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

CHRISTENSEN GLASER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

# I.     **INTRODUCTION**

Mattel, Inc.'s ("Mattel") subpoena ("Subpoena") to Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP ("Christensen Glaser") is a blatant attempt to violate the attorney-client and work product privileges, and improperly obtain information that it is not entitled to.  As phrased, Mattel's Subpoena seeks any information or document that Christensen Glaser obtained in its role as MGA's counsel in <u>this</u> case and other matters.  By way of example only, the Subpoena expressly requests testimony and documents related to Christensen Glaser's <u>opinion letters</u>, including those sent to Christensen Glaser's clients, MGA and Isaac Larian (Request No. 7, Topics 4 and 6[1]); and (ii) testimony and documents related to <u>communications regarding MGA, Farhad Larian</u> (who Christensen Glaser represents in connection with this case), Bratz, Bratz Work, Carter Bryant or <u>this action</u> (Requests Nos. 12-14, Topic No. 11).

Christensen Glaser has served legal counsel to MGA and Isaac Larian in connection with this case and a variety of other matters since 1999.  Christensen Glaser was trial counsel of record for MGA and Isaac Larian in <u>this</u> <u>very</u> <u>action</u> from the filing of this case in April 2004 until October 2007.  Declaration of Scott E. Gizer, ("Gizer Dec.") ¶2.  While Christensen Glaser is no longer trial counsel of record in this case, <u>Christensen Glaser continues to provide legal advice to MGA and Isaac Larian in connection with this action, and still represents them in other matters</u>. *Id*. Christensen Glaser also represents Farhad Larian, Isaac Larian's brother, in connection with <u>this</u> action.  Not surprisingly then, Christensen Glaser possesses a substantial amount of privileged information and documents that it cannot and should not disclose, including information and documents directly related to <u>this action</u>.

The Court has already warned Mattel about its concerns regarding the service of subpoenas on former counsel, and that any such subpoena must strictly comply

---

[1] While Mattel is not moving to compel on Request No. 7 or Topics Nos. 4 and 6, the fact that they were part of the Subpoena initially is evidence of Mattel's improper purpose.

621448v1

1

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  with the rule in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.

2  1986) ("*Shelton*"). Mattel ignored the Court's advisement and proceeded to serve this

3  Subpoena on Christensen Glaser.

4          Mattel's Subpoena does not even remotely satisfy the elements set forth in

5  *Shelton*, all of which must be complied with to serve a subpoena on current or former

6  counsel of an opponent. Rather, all of the documents and information requested by

7  the Subpoena are either privileged or available from another source, and are not

8  crucial to Mattel's preparation of its case (as evidenced by the late hour in which the

9  Subpoena was served). In short, Mattel served its improper Subpoena because it has

10 been unsuccessful in obtaining from the persons who have direct knowledge of and/or

11 generated such privileged documents and information, or because it failed to request

12 such documents and information from such persons. This is not a reason for piercing

13 the attorney-client and work product privileges.

14         Christensen Glaser advised Mattel of the Subpoena's shortcomings in a January

15 24, 2008 letter and invited Mattel to meet and confer. Declaration of Juan Pablo

16 Alban, ("Juan Pablo Dec."), Ex. 15. However, Mattel never responded to this letter,

17 and instead, filed the instant Motion to Compel without ever meeting and conferring.

18 This is reason alone for denying Mattel's Motion.

19         Accordingly, Mattel must be denied the unfettered access it seeks through the

20 Subpoena.

21 **II.    STATEMENT OF FACTS**

22         Christensen Glaser has represented MGA and Isaac Larian in a variety of

23 matters since 1999. Gizer Dec., ¶2. Christensen Glaser was trial counsel of record

24 for MGA and Isaac Larian in this action, from its filing in April 2004, until October

25 2007. *Id*. But Christensen Glaser continues to provide legal assistance and advice to

26 MGA and Isaac Larian in connection with this action, and also represents MGA and

27 Isaac Larian in other matters. Further, Christensen Glaser represents Farhad Larian,

28 Isaac Larian's brother, in connection with this action. *Id*.

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    Thus, through the course of its representation of MGA and Isaac Larian,

2  Christensen Glaser has amassed millions of pages of documents that Mattel now

3  seeks to obtain in an effort to circumvent ordinary means of discovery and improperly

4  obtain privileged documents and information related to this very case.  *Id.*  As the

5  Court has recognized, obtaining discovery through former counsel, no less current

6  counsel, is presumptively not permitted, and is only allowed in the narrowest of

7  circumstances.  The Subpoena served upon Christensen Glaser does not remotely fall

8  into those narrow circumstances.

9    **A.    Mattel's Improper Subpoena to Christensen Glaser Seeks**

10    **Documents Which Mattel Has Already Obtained From Other**

11    **Sources.**

12    Mattel served the Subpoena on Christensen Glaser on January 18, 2008.  Gizer

13  Dec., Ex. A; Juan Pablo Dec., ¶ 14.  The Subpoena contains twenty-two overbroad

14  document requests and seeks, *inter alia*, all information related to the Carter Bryant

15  Agreement, the origination of Bratz, MGA's document preservation efforts, fee and

16  indemnity agreements entered into by MGA, and the documents that Farhad Larian's

17  former counsel showed to Mattel, including communications between Christensen

18  Glaser and its clients, MGA and Isaac Larian.  *Id.*  The Subpoena also seeks to

19  depose Christensen Glaser on fourteen deposition topics on the same subject matters

20  as the document requests.  *Id.*  Mattel seeks this information and documents despite

21  the fact that much of it is clearly privileged, and to the extent it isn't, Mattel has

22  already obtained this information and documents from other sources through

23  exhaustive discovery requests to MGA, other parties to this action, and third parties.

24    **B.    Christensen Glaser Explained To Mattel's Counsel That The**

25    **Subpoena Was Improper And Requested That Mattel Meet And**

26    **Confer, But Mattel's Counsel Never Respond To This Request.**

27    After Mattel served the Subpoena, Christensen Glaser immediately conferred

28  with Mattel's counsel to discuss whether Mattel's attempt to depose former counsel of

621448v1

3

CHRISTENSEN GLASER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

record of MGA and Isaac Larian, as well as their current legal advisors, was proper. Gizer Dec., ¶3. Mattel's counsel only justification for the Subpoena was that in Judge Larson's January 7, 2008 order, he purportedly authorized Mattel to take an unrestricted deposition of Christensen Glaser. *Id.* However, a review of Judge Larson's order made it clear that Judge Larson's Order only granted Mattel leave to serve a subpoena on Christensen Glaser and made no finding on whether the specific topics and document demands in Mattel's Subpoena were proper. Juan Pablo Dec., Ex. 12. It also appeared that Judge Larson only granted Mattel leave to subpoena Christensen Glaser on a very limited topic—the copy of the Carter Bryant Agreement that Victoria O'Conner allegedly sent to Christensen Glaser. *Id.*

Since Judge Larson's order did not support the position taken by Mattel and Mattel's subpoena failed to comply with the *Shelton* rule, Christensen Glaser contacted Mattel's counsel on January 23, 2008 with respect to Judge Larson's Order and the Subpoena's failure to comply with *Shelton*. Gizer Dec., ¶4. During a telephone conference between counsel for Mattel and Christensen Glaser, Christensen Glaser discussed Judge Larson's Order and advised Mattel's counsel that all information sought through the Subpoena was either available from another source or was privileged, and therefore, the Subpoena was improper. *Id.* Mattel's counsel did not dispute Christensen Glaser's position in this telephone conversation. *Id.*

Then, on January 24, 2008, Christensen Glaser sent a letter to Mattel's counsel reiterating that Mattel's Subpoena did not comply with the *Shelton* rule, and that Mattel's Subpoena appeared to violate Judge Larson's January 7, 2008 order. Gizer Dec., ¶5; Juan Pablo Dec., Ex. 15. At the conclusion of the letter, Christensen Glaser invited Mattel to meet and confer. *Id.* Christensen Glaser also served timely objections to Mattel's Subpoena on January 28, 2008 on the same grounds. Gizer Dec., ¶6; Juan Pablo Dec., Ex 14. Mattel did not respond to either of these communications. Gizer Dec., ¶6.

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

C.   **Judge Larson's February 4, 2008 Order Did Not Address The Merits Of Mattel's Subpoena, And Reiterated That The Scope of Mattel's Subpoena Could Be Restricted By The Discovery Master.**

On January 28, 2008 Mattel filed an ex parte application in Judge Larson's Court requesting leave to take third party depositions, including Christensen Glaser's deposition, after the discovery cut-off date. Gizer Dec., ¶7, Ex. B. The hearing date for the ex parte was set for February 4, 2008. But no where in Mattel's ex parte application did it address the merits of the Subpoena to Christensen Glaser. *Id*. In fact, Christensen Glaser was not even given notice of Mattel's ex parte application. The only reason Christensen Glaser became aware of the ex parte hearing was that Judge Larson properly issued an order requiring all third parties affected by the hearing to be present, and served said order on Christensen Glaser. Gizer Dec., ¶8, Ex. C.

At the February 4, 2008 hearing, Judge Larson addressed his January 7, 2008 order granting Mattel leave to take additional third party depositions. Judge Larson was careful to state on several occasions that his January 7, 2008 order only granted Mattel leave to take the depositions, and did not touch upon whether the discovery requests were proper. Gizer Dec., ¶9, Ex. D. Any challenges to the appropriateness of the subpoenas were to be brought before Judge Infante. *Id*.

At the conclusion of the hearing, Judge Larson took comments and questions from all attorneys representing non-parties. Christensen Glaser asked Judge Larson to clarify whether his January 7, 2008 order was meant to grant Mattel leave to serve Christensen Glaser with a subpoena on any relevant and non-privileged topic or if his order was meant to limit the scope of the subpoena to the Carter Bryant Agreement sent by Victoria O'Conner. Gizer Dec., ¶10, Ex. D. Judge Larson stated that he would review his prior order and inform the parties of his decision. *Id*. At no time during the hearing, or at any other point that day, did counsel for Mattel and Christensen Glaser meet and confer about the Subpoena. *Id*.

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
Los Angeles, California 90067
(310) 553-3000

1   Later that day, Judge Larson issued an order clarifying that his January 7, 2008
2   order was intended to grant Mattel leave to serve a subpoena on Christensen Glaser
3   regarding any relevant and non-privileged matter. Juan Pablo Dec., Ex. 16.
4   However, Judge Larson added in his order that Mattel's Subpoena could be limited by
5   the Discovery Matter if any part of it was improper. *Id.* Thus, Judge Larson clarified
6   that he was not ruling on whether Mattel's Subpoena to Christensen Glaser was proper
7   just that Mattel had leave to serve it.

8   **D.    Mattel Failed To Meet And Confer Prior To The Filing Of This**
9        **Motion.**

10   Mattel's claims that it met and conferred with Christensen Glaser on January
11   24, 2008 and February 4, 2008, and that it sent a meet-and-confer letter to Christensen
12   Glaser via facsimile and U.S. Mail on February 27, 2008. These claims are false.
13   Gizer Dec., ¶¶4-6, 10, and 11. Mattel did not meet and confer prior to filing this
14   Motion; and the fax cover page for the purported February 27, 2008 meet-and-confer
15   letter demonstrates that the letter was never faxed to Christensen Glaser, but to
16   another location. Juan Pablo Dec., Ex. 16. In fact, Christensen Glaser did not receive
17   the February 27, 2008 letter until March 4, 2008. Gizer Dec., Ex. F.

18   In particular, there was no meet and confer on the Subpoena on January 23,
19   2008 or February 4, 2008. The January 24, 2008 conversation referenced in Mattel's
20   motion was not a meet and confer discussion (and was had on January 23, 2008
21   rather than January 24, 2008)[2]. Rather, Christensen Glaser explained why Mattel's
22   Subpoena failed to comply with the *Shelton* rule, and Mattel's counsel listened
23   without providing any response. Gizer Dec., ¶4. Specifically, Christensen Glaser
24   stated that all information sought through the Subpoena was either available from
25   another source or privileged. *Id.* Mattel's counsel made no attempt to counter these

26   _____
27   [2] Mattel's moving papers state this conversation occurred on January 24, 2008. In fact, the conversation occurred on January 23, 2008, and Christensen Glaser sent a
28   letter summarizing the conversation on January 24, 2008. Gizer Dec., ¶4.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   arguments.   He simply thanked Christensen Glaser for its time and the conversation

2   ended.  *Id.*  Thus, it can hardly be argued that the parties met and conferred on this

3   date to resolve Christensen Glaser's objections.

4          As a follow-up, on January 24, 2008, Christensen Glaser sent a letter to

5   Mattel's counsel discussing in further detail Mattel's failure to comply with the

6   *Shelton* rule.  Gizer Dec., ¶5; Juan Pablo Dec., Ex. 15.  Christensen Glaser also

7   indicated at the end of its letter that it was open to discussing the matter further.  *Id.*

8   Mattel never took Christensen Glaser up on this offer.  Gizer Dec., ¶5.

9          Then on January 28, 2008, Christensen Glaser served its objections to Mattel's

10  Subpoena in compliance with the Federal Rules of Civil Procedure.  Juan Pablo Dec.,

11  Ex. 14.  Among its objections, Christensen Glaser raised the overbreadth of the

12  Subpoena, the attorney-client and attorney-work product privileges, the scope of

13  Judge Larson's January 7, 2008 order and Mattel's failure to comply with *Shelton*.  *Id.*

14  Mattel never responded to Christensen Glaser's objections.[3]  Gizer Dec., ¶6.  In fact,

15  aside from appearing at the February 4, 2008 hearing, Christensen Glaser did not hear

16  from Mattel's counsel again regarding the Subpoena until the filing of the instant

17  Motion on February 29, 2008.  Gizer Dec., ¶6, 10, and 11.

18         Mattel's Motion states that it complied with its meet and confer obligations by

19  sending Christensen Glaser a letter on February 27, 2008 requesting a meet and

20  confer.  Contrary to Mattel's assertions, Christensen Glaser did not receive a February

21  27, 2008 letter, requesting a meeting of counsel, prior to the filing of this Motion.

22  Gizer Dec., ¶11.  The fax cover sheet and confirmation sheet for this February 27,

23  2008 letter clearly shows that the letter was faxed to the another location.  The fax

24  cover sheet lists Christensen Glaser's telephone number as (310) 248-3830 and fax

25  number as (310) 860-0363.  Juan Pablo Dec., Ex. 17.  It is unclear what entity these

26

27  [3] While Judge Larson's February 4, 2008 order resolved Christensen Glaser's objection

28  regarding the scope of Judge Larson's January 7, 2008 order, it did not resolve
    Christensen Glaser's other objections.

621448v1                                                    7

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

numbers relate to, but Christensen Glaser's correct phone number is (310) 553-3000 and correct fax number is (310) 556-2920. *Id.* Moreover, although the February 27, 2008 letter states that it was sent to Christensen Glaser by U.S. mail, Mattel did not mail this letter on that date. Gizer Dec., ¶13.

After being served with Mattel's Motion on February 29, 2008, Christensen Glaser advised Mattel's counsel that it never received the February 27, 2008 letter as Mattel claimed in its Motion. Thus, Christensen Glaser requested that Mattel withdraw its Motion because it failed to meet and confer as required. Gizer Dec., ¶12. On March 1, 2008, after reviewing the copy of the February 27, 2008 letter attached to Mr. Alban's declaration in support of the Motion, Christensen Glaser informed Mattel that the February 27, 2008 letter was faxed to the wrong location and reiterated its request that Mattel withdraw the Motion so that the parties could meet and confer as required. Gizer Dec., ¶13, Ex. E. Mattel refused to withdraw its improper Motion. *Id.*

However, after this error was raised, Mattel's counsel must have checked their files and determined that the February 27, 2008 was not properly sent to Christensen Glaser by fax or by mail because on March 4, 2008, Christensen Glaser finally received a mail copy of this letter. The envelope for this letter was postmarked March 3, 2008 evidencing that not only was the letter not faxed to Christensen Glaser prior to the filing of this motion, it was not mailed until after the filing of this Motion as well. Gizer Dec., Ex. F. More importantly, the contents of the letter prove that Mattel knew that it had not yet meet and conferred with Christensen Glaser because for the first time, Mattel's counsel asked for a meeting of counsel. Juan Pablo Dec., Ex. 17. If Mattel had already satisfied its meet and confer obligations, it would not have requested this meeting.

/ / /

/ / /

/ / /

8

CHRISTENSEN GLASER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**E.** **Even Though Mattel Prematurely Filed This Motion, Christensen Glaser Still Tried To Meet And Confer With Mattel, But Mattel Rejected Christensen Glaser's Reasonable Compromise.**

Subsequent to Mattel's filing of this Motion, Christensen Glaser met and conferred with Mattel's counsel.  During the meet and confer, Christensen Glaser again explained that all responsive documents and information in its possession were either obtained from MGA or other parties, making the information available from other sources, and to the extent the responsive documents information were not available from other sources, the documents were privileged constituted Christensen Glaser's work product.  Gizer Dec., ¶15.  Christensen Glaser also pointed out that Mattel already conducted exhaustive discovery on the topics and requests covered by the Subpoena.  *Id.*  Accordingly, Christensen Glaser explained to Mattel's counsel that it was apparent that Mattel could not satisfy the *Shelton* rule with respect to the Subpoena.

Nonetheless, in an attempt to resolve the dispute informally, Christensen Glaser offered to provide a declaration stating that all documents and information in its possession were either available from another source or privileged.  Gizer Dec., ¶16.  Mattel would not agree to this offer making this opposition necessary.  *Id.*

**III. ARGUMENT**

**A.** **Mattel's Subpoena To Christensen Glaser Is Improper Under The *Shelton* Rule.**

Mattel's Subpoena to Christensen Glaser violates well-established principles that restrict a party's ability to subpoena current or former counsel for an opponent.  As the Court has recognized, the practice of forcing opposing counsel to respond to a subpoena has long been discouraged, and recognized as disrupting the adversarial nature of our judicial system.  *Hickman v. Taylor*, 329 U.S. 495, 513 and 516 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions on wits borrowed from the adversary.").

621448v1

9

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

"Taking the deposition of opposing counsel not only disrupts the
adversarial system and lowers the standards of the profession, but it also
adds to the already burdensome time and costs of litigation. It is not hard
to imagine additional pretrial delays to resolve work-product and
attorney-client objections, as well as delays to resolve collateral issues
raised by the attorney's testimony.  Finally, the practice of deposing
opposing counsel detracts from the quality of client representation.
Counsel should be free to devote his or her time and efforts to preparing
the client's case without fear of being interrogated by his or her
opponent. Moreover, the "chilling effect" that such practice will have on
the truthful communications from the client to the attorney is obvious."

*Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

It is for these reasons that courts have imposed strict limitations on the ability
to subpoena opposing or former counsel, and have created a near presumption in
favor of precluding these subpoenas. Schwarzer, et al., *Federal Civil Procedure
Before Trial*, § 11:113.3 (1992).  The circumstances under which a party may
subpoena opposing or former counsel are well established.  They are limited to those
situations where the subpoenaing party has shown that (1) no other means exist to
obtain the information than to subpoena opposing counsel; (2) the information sought
is relevant and nonprivileged; and (3) the information is crucial to the preparation of
the case. *Shelton, supra*, 805 F.2d at 1327.  The party seeking to subpoena the
opposing party's counsel has the burden to show each of these three elements. *Wall v.
Leavitt*, 2007 U.S. Dist. LEXIS 89953.

Arguing Mattel has failed to meet this burden.  Almost all of Mattel's Motion is
directed at why the information it seeks is relevant.  This is not the test.  Under
*Shelton*, Mattel must show not only that all of the information and documents sought
are relevant, but that they are also not available from another source, are not

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   privileged, and are not crucial to the preparation of Mattel's case.  Since Mattel has
2   not made this showing, its Motion to Compel must be denied.

3   **1.   The Testimony and Documents Mattel Seeks Are Available**
4   **From Other Sources.**

5        The documents and information Mattel seeks is not unique to Christensen
6   Glaser because Christensen Glaser received all of its information from MGA, and
7   other sources, as MGA's counsel.  Christensen Glaser informed Mattel's counsel of
8   this fact in its January 24, 2008 letter (Ex. 15 to Juan Pablo Alban Declaration) and in
9   their meet and confer discussion following the filing of this Motion.  Christensen
10  Glaser even offered to provide a declaration stating that all information it possesses is
11  either privileged or available from another source, but Mattel would not agree to this
12  resolution.

13       Mattel must look to MGA, as well as others, for this information, and Mattel
14  has done so.  Mattel has already served exhaustive discovery requests on MGA, Isaac
15  Larian, Carter Bryant, Carter Bryant's family, Farhad Larian, Farhad Larian's former
16  counsel, former MGA employees and former Mattel employees regarding the Carter
17  Bryant Agreement, the origination of Bratz, fee agreements between MGA and other
18  persons, the documents Farhad Larian's counsel showed to Mattel, and MGA's
19  preservation efforts.  Thus, there is no need to obtain this same information from
20  Christensen Glaser.

21       For the most part, Mattel acknowledges this fact as it only identifies three areas
22  in its moving papers for which it claims Christensen Glaser has unique information:
23  (1) the Carter Bryant Agreement that Victoria O'Conner allegedly sent to Christensen
24  Glaser; (2) Any document preservation instructions from MGA to Farhad Larian; and
25  (3) MGA's alleged threat to disqualify Mattel's counsel, deriving from Mattel's claim
26  that Farhad Larian, or his counsel, showed Mattel's counsel unidentified documents.
27  Mattel's Motion, p. 15:15-p.16:4.  But even as to these three areas, Christensen Glaser
28  does not possess unique information.

First, Mattel has already obtained information regarding this copy of the Carter Bryant Agreement by deposing Victoria O'Conner and Isaac Larian. The fact that Ms. O' Conner's testimony and Mr. Larian's testimony contradict each other does not make Christensen Glaser's knowledge unique. A jury can decide which witness's testimony is more credible. Further, if Mattel required additional information on this subject, it should have moved to compel further testimony from Ms. O'Conner. Mattel raises in its moving papers that Ms. Conner, a former employee of MGA, was properly instructed not to testify on any of her communications with Christensen Glaser, that occurred during the time she was employed by MGA, based on attorney-client privilege. Mattel's Motion, p. 15:22-24. If Mattel felt that this instruction was erroneous, it should have moved to compel. Mattel did not move to compel, which suggests that Mattel is fully aware that instruction was proper and that the information Mattel seeks is privileged. Mattel cannot circumvent the attorney-client privilege and its failure to move to compel Ms. O'Conner's testimony by seeking privileged information from Christensen Glaser.

Second, information regarding MGA's preservation instructions to Farhad Larian can be obtained through MGA and Farhad Larian. Assuming, *arguendo*, that Christensen Glaser gave instructions to MGA (which is not the case), the information can be obtained from MGA. Likewise, assuming that Christensen Glaser gave instructions to Farhad Larian (which is also not the case), the information can be obtained from Farhad Larian to the extent such information is not privileged. Thus, Christensen Glaser could not possess any unique information on this subject.

Third, copies of any documents that Farhad Larian (or his former counsel) showed to Mattel can also be obtained from MGA and Farhad Larian, or Farhad Larian's former counsel. Indeed, Mattel served subpoenas on Farhard Larian and all of his former counsel seeking this information and deposed Farhad Larian on this very topic. Not being satisfied with the response Mattel received from the persons with personal knowledge of this issue, Mattel seeks to get another bite at the apple by

12

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 improperly seeking privileged information on this issue from Christensen Glaser
2 though the Subpoena. Mattel's actions should not be countenanced. In short, to the
3 extent Christensen Glaser possesses any of these documents or information on this
4 subject, it was obtained from MGA or Farhad Larian, and therefore, is not only
5 privileged, but is available from another source.

6       Accordingly, contrary to Mattel's assertions, all non-privileged information in
7 Christensen Glaser's possession is available from other sources, and thus, is not
8 appropriate for production under *Shelton*.

9       **2.**     **<u>Any Information Or Document That Christensen Glaser</u>**
10          **<u>Possesses, Which Is Not Available From Another Source, Is</u>**
11          **<u>Privileged.</u>**

12       Mattel's Subpoena to Christensen Glaser inevitably intrudes upon privileged
13 information and Christensen Glaser's work product. As previously stated, all
14 responsive, non-privileged information in Christensen Glaser's possession is available
15 from other sources. Thus, the only reason to subpoena Christensen Glaser is to obtain
16 privileged information it amassed as attorneys in this action and other matters for
17 MGA, Isaac Larian, and Farhad Larian.

18       Mattel attempts to pierce the attorney-client privilege by arguing as follows: (1)
19 the Subpoena "is limited to documents created prior to April 27, 2004"; (2)
20 communications with third parties are not privileged; (3) documents not created in
21 anticipation of litigation are not privileged; (4) the privilege was waived to any
22 information relating to spoliation issues; and (5) Isaac Larian has waived the privilege
23 because he is trying to use it as a shield and a sword. Each of these arguments is
24 either without merit or has no application here.

25       First, even if Mattel's Subpoena is limited to documents and information
26 created prior to April 27, 2004, which in most instances it is not, the documents and
27 information are still privileged. The fact that Christensen Glaser is no longer attorney
28 of record for MGA in this action does not mean that the attorney-client and attorney

13

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  work product privileges are terminated.  Christensen Glaser has acted as attorneys for

2  MGA and Isaac Larian since 1999 and continue to provide legal assistance to MGA

3  and Isaac Larian in connection with this action.  Christensen Glaser also represents

4  Farhad Larian, Isaac Larian's brother, a non-party, in connection with this action.

5  Therefore, any communications between Christensen Glaser and its clients since that

6  time are protected by the attorney-client privilege.  Further, any documents generated

7  during the course of Christensen Glaser's representation of MGA, Isaac Larian and

8  Farhad Larian, in this action, which reflect Christensen Glaser's thoughts, opinions,

9  impressions and analysis, continue to be work product.

10       Second, any non-privileged documents and information that Christensen

11  Glaser's possesses was necessarily from a third party.  Since the information and

12  documents were obtained from a third party, clearly they are available from another

13  source, and thus, are not unique, which fails to meet the requirements for production

14  under *Shelton*.  The privileged information that Christensen Glaser possesses arises

15  entirely from its communications with MGA as its counsel, and therefore, the

16  information is absolutely privileged.

17       Third, Christensen Glaser could not have created any documents related to the

18  Carter Bryant Agreement until after there was a threat of this action from Mattel.

19  Accordingly, any documents regarding the Carter Bryant that are not available from

20  other sources are protected by the attorney-client and attorney work product

21  privileges.  *United States v. Torf*, 357 F.3d 900, 908 (9th Cir. 2004) ("anticipation of

22  litigation" has been defined in the Ninth Circuit as preparation of a document

23  "because of the prospect of litigation').

24       Fourth, Victoria O'Conner's testimony that Isaac Larian allegedly requested that

25  the Carter Bryant Agreement be altered back in late 2000 or 2001 does not create a

26  potential issue of spoliation even if  her testimony is accepted as true (which is not the

27  case).   Spoliation is the destruction of evidence.  *See e.g., In re Napster, Inc.*

28  *Copyright Litigation*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006).  Here, there is no

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

621448v1                                          14

1  suggestion that any evidence or document was destroyed. Rather, after apparently

2  being unsuccessful in obtaining this document from Ms. O'Conner or MGA, Mattel

3  improperly seeks to obtain it by requesting privileged information from Christensen

4  Glaser.

5        Moreover, even if the alleged alteration of the Carter Bryant Agreement can be

6  viewed as the destruction of evidence, there still could be no claim of spoliation

7  because there was no duty to preserve evidence at that time. Spoliation occurs when a

8  party breaches its duty to preserve evidence. *In re Napster, Inc., supra*, 462 F. Supp.

9  2d 1060. But a party's duty to preserve evidence does not attach until future litigation

10  is "probable." Here, there was not even a hint of potential litigation when Ms.

11  O'Conner incorrectly claims that Isaac Larian gave her his alleged instruction. At the

12  time Ms. O'Conner claims that Mr. Larian purportedly asked her to alter the Carter

13  Bryant Agreement, Bratz was in its infancy. Accordingly, there could not have been

14  probable litigation between MGA and Mattel at that time that would have required

15  Isaac Larian or MGA to preserve evidence.

16        Fifth, Mattel asserts that Isaac Larian implied waived the attorney-client

17  privilege when he denied instructing Victoria O'Conner to tamper with the Carter

18  Bryant Agreement. Mattel argues that by denying Ms. O'Conner's testimony--that

19  she was instructed to redact the Carter Bryant Agreement before sending a copy to

20  Christensen Glaser--Mr. Larian is attempting to use the attorney-client privilege as

21  both a shield and a sword, resulting in an implicit waiver of the privilege. Motion, p.

22  14:5-19. Mattel is wrong. Mr. Larian is not putting any action of Christensen Glaser

23  at issue or asserting any claim that cannot be disputed without invading the attorney-

24  client privilege. Therefore, there is no waiver of the attorney-client privilege

25  possessed by MGA and Isaac Larian.

26        To explain further, a litigant implicitly waives the attorney-client privilege

27  where the litigant puts his or her lawyer's performance at issue during the course of

28  litigation as a defense, but then asserts the attorney-client privilege to preclude the

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

621448v1

15

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   opposing party from countering that defense. *Chevron Corp. v. Pennzoil Co.,* 974

2   F.2d 1156, 1162-1163 (9th Cir. 1992) (attorney-client privileged waived because

3   defendant had put certain communications directly at issue by asserting "advice of

4   counsel" as his core defense); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d

5   1386, 1418-20 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995) (defendant's

6   defense that is believed its actions were legal required disclosure of attorney-client

7   communications in which attorney gave advice as to legality of actions); *Bittaker v.*

8   *Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (assertion of "ineffectiveness of

9   counsel" resulted in narrow waiver of the attorney-client privilege). In such a

10  situation, it has been held that the litigant is attempting to use the attorney-client

11  privilege as both a shield and a sword, and as a result, has waived the privilege.

12  *Bittaker, supra,* 331 F.3d at 718. The purpose of this rule is to prevent abuses of the

13  attorney-client privilege where one party asserts claims that the other party cannot

14  adequately dispute unless it has access to the privileged materials. *Id*. at 719.

15      Here, there is no abuse of the attorney-client privilege. Isaac Larian did not put

16  Ms. O'Conner's testimony or Christensen Glaser's performance at issue. Mr. Larian

17  was questioned on this topic by Mattel at his deposition and simply explained why he

18  disagreed with Ms. O'Conner's testimony without implicating Christensen Glaser's

19  actions in any way. It can hardly be argued that this constitutes using the attorney-

20  client privilege as a shield and a sword. Moreover, Mattel cannot claim that

21  upholding the attorney-client privilege would prevent it from adequately disputing

22  Mr. Larian's testimony. As evidenced by this motion, Mattel is already using Ms.

23  O'Conner's testimony to dispute Mr. Larian's statements. Accordingly, there is no

24  waiver of the attorney-client privilege.

25      **3.      The Testimony And Documents That Mattel Seeks Are Not**

26      **Crucial To Preparation Of Mattel's Case.**

27      As is the case of the first two elements of *Shelton*, Mattel cannot meet the third

28  element in that case either because none of the information it seeks is crucial to the

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   preparation of its case.  First, any information that is available from another source by

2   definition would not be crucial.  Mattel can get the information elsewhere, and thus,

3   does not <u>need</u> to obtain it from Christensen Glaser.  Second, while privileged

4   information may be very helpful to Mattel's case, it cannot be considered crucial since

5   a party is typically prohibited from seeking privileged information.

6          Lastly, and most importantly, if the information Mattel seeks was truly crucial

7   to the preparation of its case, it would not have waited so long to serve Christensen

8   Glaser with this Subpoena.  Mattel took Victoria O'Conner's deposition in 2004 and

9   took Isaac Larian's deposition in 2006.  Accordingly, Mattel was aware of Ms.

10  O'Conner's allegations over three years before it served Christensen Glaser with this

11  Subpoena, and over one year after it learned of Mr. Larian's conflicting testimony.

12         Nonetheless, Mattel waited until the last possible moment to serve Christensen

13  Glaser with the Subpoena--just 10 days before the discovery cut-off (the minimum

14  notice period recognized by the Court).  Further, the deposition of Christensen Glaser

15  was noticed for the day of the discovery cut-off.  This conduct is strong evidence that

16  the information Mattel seeks is not crucial to the preparation of its case.  *See Flotsam*

17  *of California Inc. v. Huntington Beach Conference and Visitors' Bureau*, 2007 U.S.

18  Dist. LEXIS 89269 (Defendant waited until the close of discovery to seek certain

19  information from opposing counsel. Given the timing of Defendant's request, it was

20  not clear how the information was crucial to the preparation of Defendant's case.)

21         Thus, nothing Mattel seeks through its Subpoena to Christensen Glaser is

22  crucial, and Mattel's Motion to Compel should be denied.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

621448v1

CHRISTENSEN GLASER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

1    IV.    **CONCLUSION**

2          For the reasons stated above, Mattel's Motion to Compel should be denied.

3

4
     DATED: March 21, 2008              CHRISTENSEN, GLASER, FINK, JACOBS,
5                                          WEIL & SHAPIRO, LLP

6

7

8                                       By _____
9                                          Scott E. Gizer
                                         Attorneys for Non-Party Christensen,
10                                       Glaser, Fink Jacobs, Weil & Shapiro, LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

     On March 21, 2008, I served the foregoing document(s) described as:

**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Juan Pablo Alban, Esq.<br>Jon D. Corey, Esq.<br>Timothy L. Alger, Esq.<br>QUINN EMANUEL URQUHARD<br>  OLIVER & HEDGES, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA  90017<br>Fax No.: (213) 443-3100<br>johnquinn@quinnemanuel.com | Jose Allen, Esq.<br>Amy Park, Esq.<br>SKADDEN ARPS SLATE MEAGHER &<br>FLOM, LLP<br>Four Embarcadero center<br>Suite 3800<br>San Francisco, California 94111<br>jose.allen@skadden.com |

☐    (BY MAIL)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐    (BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒    (BY E-MAIL)   I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

     Executed this 21st day March 2008, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Scott E. Gizer

605587-1