Patricia Glaser, State Bar No. 55668
Alisa Morgenthaler Lever, State Bar No. 146940
Scott E. Gizer, State Bar No. 229162
CHRISTENSEN, GLASER, FINK, JACOBS,
 WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Non-Party Christensen, Glaser, Fink,
Jacobs, Weil & Shapiro, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED CASES | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S RESPONSE TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**<br><br>[Filed concurrently with Christensen Glaser's Opposition to Mattel's Motion to Compel, Response to Separate Statement re Document Requests, and Declaration of Scott E. Gizer]<br><br>Date:  April 4, 2008<br>Time:  TBA<br>Place:  Telephonic |

1

Non-Party Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP ("Christensen Glaser") submits the following response to Mattel, Inc.'s ("Mattel") Separate Statement in Support of its Motion to Compel the Deposition of Christensen Glaser.

## RESPONSE TO SEPARATE STATEMENT

TOPIC NO. 1:

Any contract or agreement between MGA and BRYANT, amendments thereto, drafts thereof, and COMMUNICATIONS related thereto.

RESPONSE TO TOPIC NO. 1:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F:2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by

2

other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12) exceeds the number of allowable depositions as ordered by Judge Larson on January 7, 2008.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

The Bryant/MGA Agreement, and any related agreements, purporting to assign the right to Bratz ("Agreement") lie at the center of Mattel's allegations against Bryant and MGA regarding Bratz. The Agreement sets forth Bryant's purported transfer of the rights to Bratz to MGA. Mattel's Counterclaims further allege that defendants tampered the Agreement in order to conceal that Mattel was the true owner of Bratz, that a version of the Agreement with the true date of the contract revealed Bryant's violation of his agreements with Mattel, and that defendants' tampering of the Agreement constitutes a predicate act under RICO. It is not surprising that the Discovery Master has ruled on more than one occasion that documents related to the Agreement are relevant and discoverable.

Victoria O'Connor testified that Larian instructed her to alter the contents of this Agreement, before sending to Ms. Glaser, in order to hide that Bryant faxed his signature to it from Mattel. Larian acknowledged that the agreement was sent to Ms. Glaser, but otherwise denies O'Connor's testimony. Larian's reason for the denial was, essentially, that he would have no reason to because Ms. Glaser was a personal friend. This places Christensen Glaser in a unique position to answer questions and produce documents regarding a central question in the case: whether Larian tampered a critical document in order to conceal the true ownership of Bratz. Only Glaser received the version of the Agreement squarely at issue in this Request.

Information about Larian's spoliation of a version of the Agreement is relevant in and of itself Federal Courts allow negative factual inferences when they find evidence of spoliation. See, e.g., In re Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060 (N.D. Cal. 2006).

3

1  None of Christensen Glaser's objections have merit:

2  (1)  Boilerplate burden objections, with no assertion of how a request is burdensome, are not sufficient for Christensen Glaser to show burden. Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006); Flatow v. The Islamic Republic of Iran, 202 F.R.D. 35, 36 (D.D.C. 2001); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984). "As an initial matter, general or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declaration supporting such objections." A. Farber, 234 F.R.D, at 188, citing Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996). As the Fifth Circuit has explained, objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden to explain why the challenged discovery requests are objectionable. See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

(2)  Mattel seeks only documents within Christensen Glaser's possession, custody or control.

(3)  Mattel does not seek legitimately privileged information, where MGA and Larian have not impliedly waived that privilege. However, the majority of the information Mattel seeks here is not privileged.

First, Mattel's Request is expressly limited to documents created prior to April 27, 2004, when this action commenced.

Second, communications between MGA and Larian or their counsel, on the one hand, and Bryant or his counsel, on the other, are not privileged. This applies to the Agreement and all drafts thereof that were exchanged between MGA and Bryant and/or between their counsel. Unocal Corp. v. U.S., 2005 WL 3736952, at *3 (N.D.Cal. 2005) (documents shared with a third party are not protected by the

attorney-client privilege); Softview Computer Prods. Corp. v. Haworth, Inc., 2000 WL 351411, at *15 (S.D.N.Y. 2000) ("Drafts of documents prepared by an attorney for transmission to third parties are protected by the attorney-client privilege only where the draft document contains confidential information communicated by the client to the attorney that is maintained in confidence.") (emphasis added).

Third, information Christensen Glaser created during the contract negotiations, even if it did not share it with Bryant, is not privileged if it was not created in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); Matter of Fischel, 557 F.2d 209, 212 (9th Cir. 1977); United States v. Torf, 357 F.3d 900, 908 (9th Cir. 2004) ("anticipation of litigation" has been defined in the Ninth Circuit as preparation of a document "because of the prospect of litigation').

Fourth, even if the version of the Agreement Christensen Glaser received from Ms. O'Connor was never exchanged with Bryant—which, according to Larian's testimony, should not be the case—Larian testified that he never instructed Ms. O'Connor to tamper with the Agreement before sending it to Christensen Glaser, and that he in fact instructed Ms. O'Connor to ensure with their attorneys that Bryant did not have a contract with Mattel. Ms. O'Connor's testimony squarely contradicts these allegations. Given his affirmative assertions, Larian cannot now cloak himself with the attorney-client privilege to prevent a Mattel from seeking information from Christensen Glaser, who can provide definitive proof on the veracity of Larian's contradicted testimony. This is particularly true given Christensen Glaser's unique knowledge and possession of the critical document(s) in this respect. Chevron Corp. v. Pennzoil Corp., 974 F.2d 1156, 1162 (9th Cir. 1992); Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1418-20 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995). By "assert[ing] claims the opposing party cannot adequately dispute unless it has access to the privilege materials," Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003), MGA and Larian waived the privilege. Because the waived privilege belongs to MGA and Larian, of course, Christensen cannot assert the privilege either.

(4) The Protective Order in this action allows Christensen Glaser to rely on it to protect proprietary or trade secret information.

(5) See Reason under Paragraph (1) above. Further, this Request is expressly limited as to time. The MGA/Bryant agreement was signed and purportedly negotiated in 2000, and Mattel does not seek documents created after April 27, 2004.

(6) See introductory reason paragraph above. Further, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper. *See* Surfvivor Media, Inc. v. Survivor Products, 46 F.3d 625, 635 (9th Cir. 2005).

(8) The Protective Order in this action allows Christensen Glaser to rely on it to protect any right to privacy concerns that it may have. The Discovery Master has ruled that the Protective Order adequately protects privacy concerns.

(9) See Reason under Paragraph (I) above. Christensen Glaser has made no effort to have Mattel clarify this Request, if it truly finds it vague.

(10) There is no settlement negotiations privilege for purposes of discovery. Fed. R. Evid. 408, Matsushita Electric Industrial Co., Ltd. v. Mediatek, Inc., 2007 WL 963975, at *2-.3 (ND. Cal.). It is only an admissibility rule.

(11) The *Larian v. Larian* protective orders have already been modified by the parties so as to already allow production of any documents protected by the *Larian v. Larian* arbitration protective order. The parties have also signed the modification of the *Larian v. Larian* litigation protective order, and the Los Angeles Superior Court will have a status conference on final approval of this modification on March 5, 2008.

(12) This Request complies with *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986). (i) Christensen Glaser has unique knowledge and possession of a version of the Agreement that goes to a central issue in this case: whether Larian tampered the Agreement before sending it to Glaser in order to conceal that Bryant had faxed it from Mattel. Ms. O'Connor testified that she sent an improperly redacted

6

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

1  version of the Agreement to Ms. Glaser, not to anyone else. Ms. Glaser's response to
2  that version of that Agreement is uniquely known to Christensen Glaser. MGA's
3  counsel prevented Ms. O'Connor from testifying about any discussions she had with
4  Ms. Glaser about this version of the Agreement, including whether or not Ms. Glaser
5  found out Bryant had faxed the Agreement to MGA from Mattel; (ii) See introductory
6  Reason and Reason under paragraph (3) above—any versions of the Agreement
7  Christensen Glaser possesses are either not privileged because they were shared with
8  Bryant, or Larian waived any privilege thereto by denying sworn testimony that he
9  had instructed an employee to tamper a version of the Agreement. Furthermore,
10 Christensen Glaser is not litigation counsel in this action, as they withdrew on August
11 27, 2007. Any of their work product not done in anticipation of litigation is not
12 privileged, as stated above; (iii) given the direct relevance of the Agreement to
13 specific Mattel allegations and Larian's tampering thereof, this information is critical
14 to the development of Mattel's case.

15 REASONS WHY MATTEL'S TOPIC IS IMPROPER:

16       This Topic, along with the rest of Mattel's subpoena, seeks far more
17 information than what Mattel claims is purportedly non-privileged and relevant to this
18 ACTION. As phrased this Topic seeks any information Christensen Glaser has
19 obtained related to Carter Bryant's agreement with MGA ("Carter Bryant
20 Agreement") regardless of the source of the information. The reason the Topic is so
21 broad is that Mattel's true purpose behind this entire subpoena is to obtain privileged
22 information from MGA's former counsel in this ACTION. Christensen Glaser has
23 served legal counsel to MGA and Isaac Larian in connection with this case and a
24 variety of other matters since 1999. Christensen Glaser was trial counsel of record for
25 MGA and Isaac Larian in this very action from the filing of this case in April 2004
26 until October 2007. Declaration of Scott E. Gizer, ("Gizer Dec.") ¶2. While
27 Christensen Glaser is no longer trial counsel of record in this case, Christensen Glaser
28 continues to provide legal advice to MGA and Isaac Larian in connection with this

action, and still represents them in other matters. *Id.* Christensen Glaser also represents Farhad Larian, Isaac Larian's brother, in connection with this action. Not surprisingly then, Christensen Glaser possesses a substantial amount of privileged information and documents that it cannot and should not disclose, including information and documents directly related to this action. Accordingly, Mattel must be denied the unfettered access it seeks through this Topic, and the subpoena to Christensen Glaser as a whole.

As this Court has recognized, the practice of forcing current or former counsel of an opponent to testify as a witness has long been discouraged, and recognized as disrupting the adversarial nature of our judicial system. *Hickman v. Taylor*, 329 U.S. 495, 513 and 516 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions on wits borrowed from the adversary.").

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

*Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

It is for these reasons that Courts have imposed strict limitations on the ability to depose opposing or former counsel, and have created a near presumption in favor of precluding the deposition. Schwarzer, et al., *Federal Civil Procedure Before Trial*, § 11:113.3 (1992). The circumstances under which a party may depose opposing or

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

8

former counsel are well established. They are limited to those situations where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton, supra*, 805 F.2d at 1327. The party seeking to depose the opposing party's counsel has the burden to show these three elements. *Wall v. Leavitt*, 2007 U.S. Dist. LEXIS 89953.

Mattel has failed to meet this burden.

### The Testimony Mattel Seeks Is Available From Other Sources.

The information Mattel seeks is not unique to Christensen Glaser because Christensen Glaser received all of its information on this Topic from MGA, and other sources, as MGA's counsel. Christensen Glaser informed Mattel's counsel of this fact in its January 24, 2008 letter (Ex. 15 to Juan Pablo Alban Declaration) and in their meet and confer discussion following the filing of this motion. Christensen Glaser even offered to provide a declaration stating that all information it possesses is either privileged or available from another source, but Mattel would not agree to this resolution.

Mattel must look to MGA, as well as others, for this information, and Mattel has done so. Mattel has already obtained information on this issue by deposing Carter Bryant, Victoria O'Conner and Isaac Larian, and by propounding written discovery to MGA and Carter Bryant. The fact that Ms. O'Conner's testimony and Mr. Larian's testimony contradict each other does not make Christensen Glaser's knowledge unique. A jury can decide which witness's testimony is more credible. Further, if Mattel required additional information on this subject, it should have moved to compel further testimony from Ms. O'Conner. Mattel raises in its moving papers that Ms. Conner, a former employee of MGA, was properly instructed not to testify on any of her communications with Christensen Glaser, that occurred during the time she was employed by MGA, based on attorney-client privilege. Mattel's Separate

Statement re Christensen Glaser Deposition, p. 7:14-17. If Mattel felt that this instruction was erroneous, it should have moved to compel. Mattel did not move to compel, which suggests that Mattel is fully aware that instruction was proper and that the information Mattel seeks is privileged. Mattel cannot circumvent the attorney-client privilege and its failure to move to compel Ms. O'Conner's testimony by seeking privileged information from Christensen Glaser. Accordingly, because the information Mattel seeks is available from other sources, Mattel's motion on this Topic must be denied.

### Any Information That Christensen Glaser Possesses, Which Is Not Available From Another Source, Is Privileged

As previously stated, Christensen Glaser received all of its information on this Topic from MGA as MGA's counsel, and therefore, this information is protected by the attorney-client privilege. Mattel attempts to pierce the attorney-client privilege by arguing (1) the Topic "is limited to documents created prior to April 27, 2004"; (2) communications with third parties are not privileged; (3) documents not created in anticipation of litigation are not privileged; (4) the privilege was waived because this Topic relates to spoliation issues; and (5) Isaac Larian has waived the privilege because he is trying to use it as a shield and a sword. Each of these arguments is either without merit or has no application here.

First, the Topic is not limited to documents created prior to April 27, 2004. In fact, the Topic is void of any limit as to time. In any event, even if Mattel's Subpoena is limited to information created prior to April 27, 2004, which in most instances it is not, the information is still privileged. The fact that Christensen Glaser is no longer attorney of record for MGA in this action does not mean that the attorney-client and attorney work product privileges are terminated. Christensen Glaser has acted as attorneys for MGA and Isaac Larian since 1999 and continue to provide legal assistance to MGA and Isaac Larian in connection with <u>this</u> action. Christensen Glaser also represents Farhad Larian, Isaac Larian's brother, a non-party, in

10

connection with <u>this</u> action. Therefore, any communications between Christensen Glaser and its clients since that time are protected by the attorney-client privilege.

Second, Christensen Glaser's information does not stem from conversations with third parties. The information Christensen Glaser possesses arises entirely from its role as counsel for MGA, and therefore, the information is absolutely privileged.[1] The Carter Bryant Agreement was sent to Christensen Glaser as MGA's attorneys. Accordingly, all communications regarding the transmission of the Carter Bryant Agreement are protected by the attorney-client privilege.

Third, Christensen Glaser did not create any documents related to the Carter Bryant Agreement until after there was a threat of this ACTION from Mattel, and therefore, any information regarding these documents is protected by the attorney-client and attorney work product privileges. *United States v. Torf*, 357 F.3d 900, 908 (9th Cir. 2004) ("anticipation of litigation" has been defined in the Ninth Circuit as preparation of a document "because of the prospect of litigation').

Fourth, Victoria O'Conner's testimony that Isaac Larian allegedly requested that the Carter Bryant Agreement be altered back in late 2000 or 2001 does not create a potential issue of spoliation even if her testimony is accepted as true (which is not the case). Spoliation is the destruction of evidence. *See e.g., In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006). Here, there is no suggestion that any evidence or document was destroyed. Rather, after apparently being unsuccessful in obtaining this document from Ms. O'Conner or MGA, Mattel improperly seeks to obtain it by requesting privileged information from Christensen Glaser.

Moreover, even if the alleged alteration of the Carter Bryant Agreement can be viewed as the destruction of evidence, there still could be no claim of spoliation

---

[1] In any event, if Christensen Glaser did possess any information from a third party, the information would be available from another source, and thus, would not be unique., failing to meet the requirements for production under *Shelton*.

because there was no duty to preserve evidence at that time. Spoliation occurs when a party breaches its duty to preserve evidence. *In re Napster, Inc., supra*, 462 F. Supp. 2d 1060. But a party's duty to preserve evidence does not attach until future litigation is "probable." Here, there was not even a hint of potential litigation when Ms. O'Conner incorrectly claims that Isaac Larian gave her his alleged instruction. At the time Ms. O'Conner claims that Mr. Larian purportedly asked her to alter the Carter Bryant Agreement, Bratz was in its infancy. Accordingly, there could not have been probable litigation between MGA and Mattel at that time that would have required Isaac Larian or MGA to preserve evidence.

Fifth, Mattel asserts that Isaac Larian implied waived the attorney-client privilege when he denied instructing Victoria O'Conner to tamper with the Carter Bryant Agreement. Mattel argues that by denying Ms. O'Conner's testimony--that she was instructed to redact the Carter Bryant Agreement before sending a copy to Christensen Glaser--Mr. Larian is attempting to use the attorney-client privilege as both a shield and a sword, resulting in an implicit waiver of the privilege. Motion, p. 14:5-19. Mattel is wrong. Mr. Larian is not putting any action of Christensen Glaser at issue or asserting any claim that cannot be disputed without invading the attorney-client privilege. Therefore, there is no waiver of the attorney-client privilege possessed by MGA and Isaac Larian.

To explain further, a litigant implicitly waives the attorney-client privilege where the litigant puts his or her lawyer's performance at issue during the course of litigation as a defense, but then asserts the attorney-client privilege to preclude the opposing party from countering that defense. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-1163 (9th Cir. 1992) (attorney-client privileged waived because defendant had put certain communications directly at issue by asserting "advice of counsel" as his core defense); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1418-20 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995) (defendant's defense that is believed its actions were legal required disclosure of attorney-client

communications in which attorney gave advice as to legality of actions); *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (assertion of "ineffectiveness of counsel" resulted in narrow waiver of the attorney-client privilege). In such a situation, it has been held that the litigant is attempting to use the attorney-client privilege as both a shield and a sword, and as a result, has waived the privilege. *Bittaker, supra,* 331 F.3d at 718. The purpose of this rule is to prevent abuses of the attorney-client privilege where one party asserts claims that the other party cannot adequately dispute unless it has access to the privileged materials. *Id.* at 719.

Here, there is no abuse of the attorney-client privilege. Isaac Larian did not put Ms. O'Conner's testimony or Christensen Glaser's performance at issue. Mr. Larian was questioned on this topic by Mattel at his deposition and simply explained why he disagreed with Ms. O'Conner's testimony without implicating Christensen Glaser's actions in any way. It can hardly be argued that this constitutes using the attorney-client privilege as a shield and a sword. Moreover, Mattel cannot claim that upholding the attorney-client privilege would prevent it from adequately disputing Mr. Larian's testimony. As evidenced by this motion, Mattel is already using Ms. O'Conner's testimony to dispute Mr. Larian's statements. Accordingly, there is no waiver of the attorney-client privilege.

**The Testimony That Mattel Seeks Is Not Crucial To Preparation Of Mattel's Case**

As is the case of the first two elements of *Shelton*, Mattel cannot meet the third element in that case either because none of the information it seeks is crucial to the preparation of its case. First, any information that is available from another source by definition would not be crucial. Mattel can get the information elsewhere, and thus, does not <u>need</u> to obtain it from Christensen Glaser. Second, while privileged information may be very helpful to Mattel's case, it cannot be considered crucial since a party is typically prohibited from seeking privileged information.

13

Lastly, and most importantly, if the information Mattel seeks was truly crucial to the preparation of its case, it would not have waited so long to serve Christensen Glaser with this Subpoena. Mattel took Victoria O'Conner's deposition in 2004 and took Isaac Larian's deposition in 2006. Accordingly, Mattel was aware of Ms. O'Conner's allegations over three years before it served Christensen Glaser with this Subpoena, and over one year after it learned of Mr. Larian's conflicting testimony.

Nonetheless, Mattel waited until the last possible moment to serve Christensen Glaser with the Subpoena--just 10 days before the discovery cut-off (the minimum notice period recognized by the Court). Further, the deposition of Christensen Glaser was noticed for the day of the discovery cut-off. This conduct is strong evidence that the information Mattel seeks is not crucial to the preparation of its case. *See Flotsam of California Inc. v. Huntington Beach Conference and Visitors' Bureau*, 2007 U.S. Dist. LEXIS 89269 (Defendant waited until the close of discovery to seek certain information from opposing counsel. Given the timing of Defendant's request, it was not clear how the information was crucial to the preparation of Defendant's case.)

Thus, nothing Mattel seeks through its Subpoena to Christensen Glaser is crucial, and Mattel's Motion to Compel should be denied.

TOPIC NO. 2:

Any proposed, requested or offered contracts or agreements between MGA or ISAAC LARIAN, on one hand, and BRYANT, on the other hand; drafts thereof; and COMMUNICATIONS related thereto.

RESPONSE TO TOPIC NO. 2:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 2 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or

14

documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12) exceeds the number of allowable depositions as ordered by Judge Larson on January 7, 2008.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

*See* Reasons Topic No. 1 above. This Topic is separately relevant because MGA and Bryant may have entered into or contemplated entering into other Agreements with respect to Bratz. This includes any contemplated or actual agreements conceived in the process of MGA and Larian's entering in to the Agreement with Bryant.

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. Further, relevancy is not the issue here. Mattel must show that the information it seeks is not available from another source, not privileged, and crucial to the

preparation of its case. It has not done so, and therefore, its Motion to Compel regarding this Topic should be denied.

TOPIC NO.3:

The origins, reduction to practice, conception, creation or development, or the timing of conception, creation, development or reduction to practice of BRATZ and BRATZ WORK and COMMUNICATIONS related thereto.

RESPONSE TO TOPIC NO.3:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 3 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Or. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is