privileged, and the information is not crucial to the preparation of the case.; and (12) exceeds the number of allowable depositions as ordered by Judge Larson on January 7, 2008.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

See Reasons for Topic No. 1 above.

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

See Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. In addition, this Topic is even broader than Topic No. 1 further evidencing the improper purpose of this subpoena. It is clear from the scope of this Topic that Mattel is trying to invade the attorney-client privilege and discover the information Christensen Glaser obtained and created as counsel for MGA in this ACTION.

TOPIC NO. 5:

Contracts or agreements between MATTEL and any PERSON other than BRYANT that REFERS OR RELATES TO the ownership, or putative or potential ownership, of inventions, designs, works or ideas that you received, reviewed or transmitted prior to April 27, 2004.

RESPONSE TO TOPIC NO. 5:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 5 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is

1  neither relevant to the subject matter of the pending proceeding, nor reasonably
2  calculated to lead to the discovery of admissible evidence; (6) seeks information
3  readily accessible to Mattel from other sources or are otherwise publicly available; (8)
4  seeks information which violates Christensen Glaser's right to privacy and/or the right
5  to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks
6  information in violation of the settlement negotiations privilege; (11) fails to comply
7  with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)
8  and Judge Infante's prior orders, including his January 9, 2008 order, regarding
9  service of subpoenas on former counsel, in that the information can be obtained by
10 other means and from elsewhere, the information is not clearly relevant and is
11 privileged, and the information is not crucial to the preparation of the case.; and (12)
12 exceeds the number of allowable depositions as ordered by Judge Larson on January
13 7, 2008.

## MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

*See* Reasons for Topic No. 1 above. This Topic seeks information about Christensen Glaser's personal knowledge and possession of documents that belong to Mattel, and thus this Requests seeks non-privileged information. Larian testified that he asked Ms. O'Connor to make sure to check with MGA's attorneys whether Bryant had a contract with Mattel, and he denied instructing O'Connor to tamper the Agreement. MGA's counsel, however, prevented Ms. O'Connor from testifying about any such discussion. Offensive use of attorney-client communications prevents MGA and Larian, and thereby Christensen Glaser, from relying on the attorney-client privilege defensively. Larian's testimony also contradicts Ms. O'Connor's testimony indicating that Larian asked her to conceal information about Mattel from Ms. Glaser. Mattel has aright to explore this inconsistency as to Christensen Glaser knowledge on this issue.

18

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. In addition, this Topic does not focus on documents that belong to Mattel. This Topic seeks, among other things, any information that relates to the Carter Bryant Agreement, which Christensen Glaser clearly would have received or generated as counsel for MGA in this ACTION.

Further, Mattel's argument in support of this Topic is that Ms. O'Connor was instructed to check whether Bryant had a contract with Mattel. But, the scope of this Topic expressly excludes the Carter Bryant contract making the relevance of this Topic entirely unclear. Whether Ms. O'Connor was instructed to check Mr. Bryant's contract status with Mattel is of no consequence in regards to this Topic. Rather, this Topic is just a fishing expedition to uncover privileged communications. The Topic is not limited to the ownership of Bratz or narrowly tailored to any other issue that is relevant to this ACTION. Accordingly, Mattel's motion to compel regarding this Topic should be denied.

Lastly, Isaac Larian did not testify that he asked Victoria O'Conner to talk to Christensen Glaser about whether Carter Bryant had a contract with Mattel. Mr. Larian very clearly states that he does not recall asking Ms. O'Conner, but assumes she did and assuming she did, she would have spoken with David Rosenbaum. Juan Pablo Dec., Ex. 2, p. 34:4-p.35:23. Thus, Christensen Glaser does not possess any unique information on this subject.

TOPIC NO. 7:

The ownership, or putative or potential ownership, of inventions, designs, works or ideas created, conceived or reduced to practice by BRYANT while he was employed by MATTEL.

19

RESPONSE TO TOPIC NO. 7:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 7 on the following grounds.: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12) exceeds the number of allowable depositions as ordered by Judge Larson on January 7, 2008.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

*See* Reasons for Topic No. 1 above.

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. Further, this Topic is not even limited to the ownership of Bratz or narrowly tailored to any other issue that is relevant to this ACTION. Moreover, Mattel makes no attempt to show that the information sought through this Topic is unique to Christensen Glaser. Accordingly, Mattel's motion to compel on this Topic should be denied.

TOPIC NO. 8:

The DOCUMENTS that FARHAD LARIAN showed to MATTEL.

RESPONSE TO TOPIC NO. 8:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 8 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986)

21

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

1  and Judge Infante's prior orders, including his January 9, 2008 order, regarding
2  service of subpoenas on former counsel, in that the information can be obtained by
3  other means and from elsewhere, the information is not clearly relevant and is
4  privileged, and the information is not crucial to the preparation of the case.; and (12)
5  exceeds the number of allowable depositions as ordered by Judge Larson on January
6  7, 2008.

7  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

8  *See* Reasons for Topic No. 1 above. This Topic seeks documents relevant to (i)
9  Farhad Larian's intentional destruction of all or most of these documents, which
10 Mattel inspected; and (ii) Mattel's defense of MGA's threat, via Christensen Glaser's
11 July 2007 letter to Quinn Emanuel, to disqualify Quinn Emanuel for inspecting these
12 documents. The documents on their face also relate to Bratz.

13 Among Christensen Glaser's reasons for threatening to disqualify Quinn
14 Emanuel, Ms. Gizer cites Farhad Larian as still being a paid consultant of MGA at the
15 time Quinn Emanuel inspects the documents. MGA thus admits to a working
16 relationship between MGA and Farhad Larian in November 2005. MGA and its
17 counsel, then, also had an obligation to instruct its paid consultant and former 45%
18 owner and director (who was also simultaneously suing Isaac Larian with similar
19 allegations as Mattel's regarding the origins of Bratz), to preserve such documents.
20 MGA claims to have done so much with its employees and other key witnesses in this
21 case. Mattel is entitled to know, and Christensen Glaser cannot shield MGA with a
22 waived privileged objection, why Farhad Larian was excluded from MGA's
23 preservation instructions to persons in its payroll and key witnesses in this litigation.
24 This is particularly true in light of the undisputed fact that MGA's counsel knew that
25 Farhad Larian had evidence highly relevant to this litigation at least as early as
26 August 2005, and wrote a letter to Mr. Larian specifically referencing such
27 information.

28

22

For Objection No. (3) and (12), these communications are on their face not privileged. The specific documents Mattel seeks consist of communications among non-attorneys and business records that attorneys did not create in anticipation of litigation.

For Objection No. (12), Farhad Larian destroyed all or most of the documents; so Mattel cannot obtain such documents from him. Christensen Glaser, Mr. Larian's current attorney and MGA's former attorney, notably does not state in its Objections that they do not have possession of these documents.

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. In addition, Mattel's attempts to satisfy its burden under *Shelton* are entirely insufficient. First, the reasons why MGA did not instruct Farhad Larian to preserve documents are information that can be obtained from MGA, and in fact, Mattel has noticed a deposition of MGA on this subject.

Second, whether the documents that Farhad Larian's counsel showed to Mattel are non-privileged is of no moment in regards to this Topic. The information that Christensen Glaser obtained regarding these documents was through discussions with MGA and Farhad Larian, as their counsel, which makes the information privileged.

Third, all information that Christensen Glaser has regarding these documents was obtained through MGA and Farhad Larian. Accordingly, the information is available from other sources.

Thus, Mattel cannot meet its burden under *Shelton* for this Topic.

TOPIC NO.9:

COMMUNICATIONS between MGA OR YOU, on the one hand, and any MATTEL employee.

23

RESPONSE TO TOPIC NO.9:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 9 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12) exceeds the number of allowable depositions as ordered by Judge Larson on January 7, 2008.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

*See* Reasons for Topic No. 1 above.

1. This Topic is relevant to Mattel's defense of MGA's threat to disqualify Quinn Emanuel as its counsel. The Request seeks information about improper conduct on the part of Christensen Glaser with respect to this threat.

As to Objection No. (3) and (12), unauthorized surveillance cannot be shielded by work product or privilege. Chapman & Cole v. Itel Container Intl B.V., 865 F.2d 676, 686 (5th Cir. 1989).

As to Objection No. (12), documents related to surveillance and recordings at the instruction of Christensen Glaser will be in the unique possession of Christensen Glaser.

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. In addition, Mattel's entire justification for this Topic is a possible motion to disqualify Quinn Emanuel as counsel for Mattel. However, as previously stated, any information regarding the documents that Farhad Larian's counsel showed to Mattel would also be available from Farhad Larian and MGA. Thus, there is no reason to depose Christensen Glaser on this Topic, and Mattel cannot meet its burden under *Shelton*.

Further, to the extent this Topic seeks information regarding communications between MGA and Mattel employees, Mattel can obtain this information from MGA and Mattel's employees.

Lastly, it is unclear how surveillance of Mattel employees would be covered by this Topic since surveillance, by its definition, would seem to exclude a communication between MGA or Christensen Glaser, and a Mattel employee. Nonetheless, Christensen Glaser has no information regarding any surveillance of Mattel's employees. Christensen Glaser offered to provide a declaration to this effect in its meet and confer discussions with Mattel's counsel following the filing of this motion in an effort to resolve this Topic, but Mattel did not agree to this offer.

25

TOPIC NO. 10:

Any surveillance or recording, including without limitation any tape or video recording, made by or at the direction of YOU or MGA of any officer, director or employee of MATTEL or MATTEL'S counsel (excluding recordings made by duly authorized Court reporters of sworn testimony taken in THIS ACTION).

RESPONSE TO TOPIC NO. 10:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 10 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails, to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12)

26

1  exceeds the number of allowable depositions as ordered by Judge Larson on January
2  7, 2008.
3  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:
4      *See* Reasons for Topic No. 1 above.
5      This Request is relevant to Mattel's defense of MGA's threat to disqualify
6  Quinn Emanuel as its counsel. The Request seeks information about improper
7  conduct on the part of Christensen Glaser with respect to this threat.
8      As to Objection No. (3) and (12), unauthorized surveillance cannot be shielded
9  by work product or privilege. Chapman & Cole v. Itel Container Intl BY., 865 F.2d
10 676, 686 (5th Cir. 1989).
11     As to Objection No. (12), documents related to surveillance and recordings at
12 the instruction of Christensen Glaser will be in the unique possession of Christensen
13 Glaser.
14 REASONS WHY MATTEL'S TOPIC IS IMPROPER:
15     *See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic
16 Nos. 1 and 9. In addition, Mattel's entire justification for this Topic is a possible
17 motion to disqualify Quinn Emanuel as counsel for Mattel. However, as previously
18 stated, any information regarding the documents that Farhad Larian's counsel showed
19 to Mattel would also be available from Farhad Larian and MGA. Thus, there is no
20 reason to depose Christensen Glaser on this Topic, and Mattel cannot meet its burden
21 under *Shelton*.
22     In any event, Christensen Glaser has no knowledge of any surveillance or
23 recording of any officer, director or employee of MATTEL or MATTEL'S counsel.
24 Christensen Glaser offered to provide a declaration to this effect in its meet and
25 confer discussions with Mattel's counsel following the filing of this motion in an
26 effort to resolve this Topic, but Mattel did not agree to this offer.
27
28

27

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

TOPIC NO. 11:

COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse Ramirez, Anna Rhee, Ana Cabrera, Beatriz Morales and/or Maria Salazar.

RESPONSE TO TOPIC NO. 11:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 11 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12)

1  exceeds the number of allowable depositions as ordered by Judge Larson on January
2  7, 2008.
3  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:
4  *See* Reasons for Topic No. 1 above. The witnesses listed in this Topic are all
5  witnesses with knowledge about the origins, conception and/or early development of
6  Bratz.
7  In addition, in seeking communications involving Farhad Larian, this Request
8  also seeks information uniquely in Christensen Glaser's possession related to
9  documents Farhad Larian (i) at one time may have had; (ii) but later destroyed; (iii)
10 with the intent of keeping them from Mattel; (iv) while he was on MGA's payroll.
11 Farhad Larian testified that he had communicated and obtained declarations and/or
12 showed draft declarations to several witnesses with knowledge of the origins or early
13 development of Bratz, including Ms. O'Connor and Ms. Ward. At the time
14 Mr. Larian destroyed the documents, Ms. Gronich, MGA's in-house counsel,
15 described its outside counsel (*i.e.*, Christensen Glaser and O'Melveny & Meyers) as
16 being involved in MGA's document preservation efforts for this litigation.
17 Christensen Glaser later became Farhad Larian's attorney to handle Mattel's subpoena
18 in this litigation. For the same reasons set forth in Mattel's Reasons for Request No. 1,
19 paragraph (3) above, Ninth Circuit law does not allow a party to shield evidence of its
20 at-best negligent efforts to preserve documents under the guise of attorney-client
21 privilege, particularly when that party has affirmatively asserted that it has complied,
22 with its document preservation obligations, as MGA has done here. Judge Larson put
23 spoliation squarely at issue in this litigation by requiring the parties to present
24 affirmative evidence of its document preservation of evidence. Spoliation of evidence
25 is directly relevant as it allows for negative factual inferences if such facts do not
26 exist because of the spoliation. See, e.g., In re Napster, Inc. Copyright Litigation, 462
27 F. Supp. 2d 1060 (N.D. Cal. 2006).
28

29

**REASONS WHY MATTEL'S TOPIC IS IMPROPER:**

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic Nos. 1 and 8. The fact that the information covered by this Topic may be relevant is not the pertinent question. When seeking to depose former counsel, Mattel must show that the information sought cannot be obtained from another source, is not privileged and is crucial to the party's case. Mattel cannot meet this burden. While Mattel concludes that Christensen Glaser has unique information, conclusory allegations are insufficient.

All of the information that Christensen Glaser has on this Topic would be information that is also in possession of Daphne Gronich or Farhad Larian, and Mattel had deposed both individuals. Thus, Mattel has already conducted substantial discovery on this Topic from MGA and Farhad Larian, and makes no attempt to show that it cannot obtain this information from another source. Further, to the extent Judge Larson ordered the parties to present additional affirmative evidence of their document preservation efforts, Mattel will be able to obtain this information from MGA eliminating any need to depose Christensen Glaser on this Topic.

Mattel also makes no showing that this information is so crucial to its case that it needs to depose Christensen Glaser on this subject. While this information may be relevant, it is certainly not crucial in light of the substantial amount of discovery that Mattel has already conducted in this area.

Thus, there is no justification for taking Christensen Glaser's deposition on this Topic pursuant to the requirements outlined in *Shelton* and recognized by this Court.

**TOPIC NO. 12:**

Any fee or indemnification agreements REFERRING OR RELATING TO this ACTION or any MATTEL claim.

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

RESPONSE TO TOPIC NO. 12:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 12 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.; and (12) exceeds the number of allowable depositions as ordered by Judge Larson on January 7, 2008.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

*See* Reasons Topic No. 1 above.

As to the relevance of this particular Topic, it is well-settled law, and the Discovery Master has already ruled, that payments from MGA or Larian to Farhad Larian and Bryant are relevant and discoverable.

As to Objection Nos. (3) and (12), payment information between MGA, on the one hand, and Bryant or Farhad Larian, on the other, with respect to this litigation, are not privileged communications.

As to Objection Nos. (12), as MGA's attorneys during which such payments were made, Christensen Glaser likely uniquely possesses responsive documents to this Request. Bryant and Farhad Larian have also obstructed discovery on this issue.

## REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1. The fact that the information covered by this Topic may be relevant is not the pertinent question. When seeking to depose current or former counsel of an opponent, Mattel must show that the information sought cannot be obtained from another source, is not privileged and is crucial to the party's case. Mattel cannot meet this burden. Mattel has already conducted substantial discovery on this Topic from MGA and Carter Bryant, and makes no attempt to show that it cannot obtain this information from another source. All of the information that Christensen Glaser has on this Topic would be information that is also in possession of MGA. Mattel spent three days deposing an MGA employee on this topic pursuant to Mattel's Second FRCP 30(b)(6) notice of MGA, and has sent documents request to both parties and non-parties seeking copies of all fee agreements related to this action.

Mattel also makes no showing that this information is so crucial to its case that it needs to depose Christensen Glaser on this subject. While this information may be relevant, it is certainly not crucial in light of the substantial amount of discovery that Mattel has already conducted in this area.

Thus, there is no justification for taking Christensen Glaser's deposition on this Topic pursuant to the requirements outlined in *Shelton* and recognized by this Court.

TOPIC NO. 13:

The DOCUMENT that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

RESPONSE TO TOPIC NO. 13:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to Topic No. 13 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (3) seeks disclosure of facts protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (6) seeks information readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks information which violates Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks information in violation of the settlement negotiations privilege; and (11) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

*See* Reasons for Topic No. 1 above.

33

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

REASONS WHY MATTEL'S TOPIC IS IMPROPER:

*See* Christensen Glaser's Reasons Why Mattel's Topic is Improper re Topic No. 1.

DATED: March 21, 2008

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

By _____
Scott E. Gizer
Attorneys for Non-Party Christensen, Glaser, Fink Jacobs, Weil & Shapiro, LLP

620043
CHRISTENSEN GLASER'S RESPONSE TO MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF CHRISTENSEN GLASER

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On March 21, 2008, I served the foregoing document(s) described as:

**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S RESPONSE TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Juan Pablo Alban, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
QUINN EMANUEL URQUHARD
  OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Fax No.: (213) 443-3100
johnquinn@quinnemanuel.com

Jose Allen, Esq.
Amy Park, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
Four Embarcadero center
Suite 3800
San Francisco, California 94111
jose.allen@skadden.com

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (BY E-MAIL) I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

Executed this 21st day March 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Scott E. Gizer

605587-1