1  Patricia Glaser, State Bar No. 55668
   Alisa Morgenthaler Lever, State Bar No. 146940
2  Scott E. Gizer, State Bar No. 229162
   CHRISTENSEN, GLASER, FINK, JACOBS,
3    WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 553-3000
5  Facsimile:  (310) 556-2920

6  Attorneys for Non-Party Christensen, Glaser, Fink,
   Jacobs, Weil & Shapiro, LLP

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11  CARTER BRYANT, an individual,        )  Case No. CV 04-9049 SGL (RNBx)
                                         )
12           Plaintiff,                  )  Consolidated with
                                         )  Case No. CV 04-09059
13       v.                              )  Case No. CV 05-02727
                                         )
14  MATTEL, INC., a Delaware             )  **DISCOVERY MATTER**
    corporation,                         )
15                                       )  **CHRISTENSEN, GLASER, FINK,**
                                         )  **JACOBS, WEIL & SHAPIRO, LLP'S**
16           Defendant.                  )  **RESPONSE TO MATTEL, INC.'S**
    _____ )  **SEPARATE STATEMENT IN**
17                                       )  **SUPPORT OF MOTION TO**
    AND CONSOLIDATED CASES               )  **COMPEL PRODUCTION OF**
18                                          **DOCUMENTS OF CHRISTENSEN,**
    _____    **GLASER, FINK, JACOBS, WEIL &**
19                                          **SHAPIRO, LLP**

20                                          [Filed concurrently with Christensen
                                            Glaser's Opposition to Mattel's Motion
21                                          to Compel, Response to Separate
                                            Statement re Deposition of Christensen
22                                          Glaser, and Declaration of Scott E.
                                            Gizer]
23
                                            Date:    April 4, 2008
24                                          Time:    TBA
                                            Place:   Telephonic
25

26

27

28

620027v1

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   Non-Party Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP

2   ("Christensen Glaser") submits the following response to Mattel, Inc.'s ("Mattel")

3   Separate Statement in Support of its Motion to Compel the Production of Documents

4   of Christensen Glaser.

5   <u>**RESPONSE TO SEPARATE STATEMENT**</u>

6   <u>REQUEST FOR PRODUCTION NO. 1:</u>

7   ALL DOCUMENTS generated, created, prepared or transmitted in whole or

8   part prior to April 27, 2004 that REFER OR RELATE to the BRYANT/MGA

9   AGREEMENT, including without limitation such agreement (or version thereof) that

10  Victoria O'Connor of MGA testified she sent YOU in 2000 and including without

11  limitation any iteration, version or draft thereof, and all COMMUNICATIONS with

12  BRYANT relating thereto.

13  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

14  Christensen Glaser incorporates by reference each and every General Objection

15  set forth above as though fully set forth herein. Christensen Glaser further objects

16  specifically to request for production No. 1 on the following grounds: (1) overly

17  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

18  oppressive; (2) seeks information and documents not within Christensen Glaser's

19  possession, custody or control, and/or documents that are in the possessions, custody

20  or control of other parties, including the parties in this action; (3) seeks disclosure of

21  facts and documents protected by or subject to the attorney-client privilege, and/or

22  attorney-work product doctrine or any other applicable privilege or immunity; (4)

23  seeks disclosure of facts and documents that contain sensitive confidential and

24  proprietary business information and/or constitute trade secret information; (5) seeks.

25  production of voluminous records without sufficient limitations as to lime; (6) seeks

26  information that is neither relevant to the subject matter of the pending proceeding,

27  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

28  information and documents readily accessible to Mattel from other sources or are

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1

1  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

2  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

3  and unintelligible; (10) seeks documents in violation of the settlement negotiations

4  privilege; (11) seeks production of documents prohibited from disclosure by the

5  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

6  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

7  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

8  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

9  2008 order, regarding service of subpoenas on former counsel, in that the information

10  can be obtained by other means and from elsewhere, the information is not clearly

11  relevant and is privileged, and the information is not crucial to the preparation of the

12  case.

13  <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

14       The Bryant/MGA Agreement purporting to assign the right to Bratz

15  ("Agreement") lies at the center of Mattel's allegations against Bryant and MGA

16  regarding Bratz. The Agreement sets forth Bryant's purported transfer of the rights to

17  Bratz to MGA. Mattel's Counterclaims further allege that defendants tampered the

18  Agreement in order to conceal that Mattel was the true owner of Bratz; that a version

19  of the Agreement with the true date of the contract revealed Bryant's violation of his

20  agreements with Mattel, and that defendants' tampering of the Agreement constitutes

21  a predicate act under RICO). It is not surprising that the Discovery Master has ruled

22  on more than one occasion that documents related to the Agreement are relevant and

23  discoverable.

24       Victoria O'Connor testified that Larian instructed her to alter the contents of

25  this Agreement, before sending to Ms. Glaser, in order to hide that Bryant faxed his

26  signature to it from Mattel. Larian acknowledged that the agreement was sent to Ms.

27  Glaser, but otherwise denies O'Connor's testimony. Larian's reason for the denial was,

28  essentially, that he would have no reason to because Ms. Glaser was a personal friend.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

2

1   This places Christensen Glaser in a unique position to answer questions and produce

2   documents regarding a central question in the case: whether Larian tampered a critical

3   document in order to conceal the true ownership of Bratz. Only Glaser received the

4   version of the Agreement squarely at issue in this Request.

5        Information about Larian's spoliation of a version of the Agreement is relevant

6   in and of itself. Federal Courts allow negative factual inferences when they find

7   evidence of spoliation. See, e.g., In re Napster, Inc. Copyright Litigation, 462 F.

8   Supp. 2d 1060 (ND. Cal. 2006).

9        None of Christensen Glaser's objections have merit:

10       (1)   Boilerplate burden objections, with no assertion of how a request is

11   burdensome, are not sufficient for Christensen Glaser to show burden. Goodman v.

12   U.S., 369 F.2d 166, 169 (9th Cir. 1966); Oakes v. Halvorsen Marine Ltd., 179 F.R.D.

13   281, 283 (C.D. Cal. 1998); A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14   (C.D. Cal. 2006); Flatow v. The Islamic Republic of Iran, 202 F.R.D. 35, 36 (D.D.C.

15   2001); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir.

16   1984).  "As an initial matter, general or boilerplate objections such as 'overly

17   burdensome and harassing' are improper—especially when a party fails to submit any

18   evidentiary declaration supporting such. objections." A. Farber, 234 F.R.D. at 188,

19   citing Paulsen v. Case Corp., 168 F.R.D. 285, 289 (CD. Cal. 1996). As the Fifth

20   Circuit has explained, objections that document requests are overly broad,

21   burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's

22   burden to explain why the challenged discovery requests are objectionable. See

23   McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir.

24   1990).

25       (2)   Mattel seeks only documents within Christensen Glaser's possession,

26   custody or control.

27

28

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1

3

(3)    Mattel does not seek legitimately privileged information, where MGA and Larian have not impliedly waived that privilege. However, the majority of the information Mattel seeks here is not privileged.

First, Mattel's Request is expressly limited to documents created prior to April 27, 2004, when this action commenced.

Second, communications between MGA and Larian or their counsel, on the one hand, and Bryant or his counsel, on the other, are not privileged. This applies to the Agreement and all drafts thereof that were exchanged between MGA and Bryant and/or between their counsel. Unocal Corp. v. U.S., 2005 WL 3736952, at *3 (N.D.Cal. 2005) (documents shared with a third party are not protected by the attorney-client privilege); Softview Computer Prods. Corp. v. Haworth, Inc., 2000 WL 351411, at * 15 (S.D.N.Y. 2000) ("Drafts of documents prepared by an attorney for transmission to third parties are protected by the attorney-client privilege only where the draft document contains confidential information communicated by the client to the attorney that is maintained in confidence.") (emphasis added).

Third, information Christensen Glaser created during the contract negotiations, even if it did not share it with Bryant, is not privileged if it was not created in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); Matter of Fischel, 557 F.2d 209, 212 (9th Cir. 1977); United States v. Torf, 357 F.3d 900, 908 (9th Cir. 2004) ("anticipation of litigation" has been defined in the Ninth Circuit as preparation of a document "because of the prospect of litigation').

Fourth, even if the version of the Agreement Christensen Glaser received from Ms. O'Connor was never exchanged with Bryant—which, according to Larian's testimony, should not be the case—Larian testified that he never instructed Ms. O'Connor to tamper with the Agreement before sending it to Christensen Glaser, and that he in fact instructed Ms. O'Connor to ensure with their attorneys that Bryant did not have a contract with Mattel. Ms. O'Connor's testimony squarely contradict these allegations. Given his affirmative assertions, Larian cannot now cloak himself with

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   the attorney-client privilege to prevent a Mattel from seeking information from

2   Christensen. Glaser, who can provide definitive proof on the veracity of Larian's

3   contradicted. testimony. This is particularly true given Christensen Glaser's unique

4   knowledge and possession of the critical document(s) in this respect. Chevron Corp.

5   v. Pennzoil Corp., 974 F.2d 1156, 1162 (9th Cir. 1992); Cox v. Administrator U.S.

6   Steel & Carnegie, 17 F.3d 1386, 1418-20 (11th Cir. 1994), cert denied, 513 U.S. 1110

7   (1995). By "assert[ing] claims the opposing party cannot adequately dispute unless it

8   has access to the privilege materials," Bittaker v. Woodford, 331 F.3d 715, 719 (9th

9   Cir. 2003), MGA and Larian waived the privilege. Because the waived privilege

10  belongs to MGA and Larian, of course, Christensen cannot assert the privilege either.

11      (4)     The Protective Order in this action allows Christensen Glaser to rely on

12  it to protect proprietary or trade secret information.

13      (5)     See Reason under Paragraph (1) above. Further, this Request is expressly

14  limited as to time. The MGA/Bryant agreement was signed and purportedly

15  negotiated in 2000, and Mattel does not seek documents created after April 27, 2004.

16      (6)     See introductory reason paragraph above. Further, boilerplate relevancy

17  objections, without setting forth any explanation or argument why the requested

18  documents are not relevant, are improper. *See* Surfvivor Media, Inc. v.  Survivor

19  Products, 46 F.3d 625, 635 (9th Cir. 2005).

20      (7)     Christensen Glaser has unique knowledge and possession of a version of

21  the Agreement that goes to a central issue in this case: whether Larian tampered the

22  Agreement before sending it to Glaser in order to conceal that Bryant had faxed it

23  from Mattel. Ms. O'Connor testified that she sent an improperly redacted version of

24  the Agreement to Ms. Glaser, not to anyone else. Ms. Glaser's response to that version

25  of that Agreement is uniquely known to Christensen Glaser. MGA's counsel

26  prevented Ms. O'Connor from testifying about any discussions she had with Ms.

27  Glaser about this version of the Agreement, including whether or not Ms. Glaser

28  found out Bryant had faxed the Agreement to MGA from Mattel.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   (8)   The Protective Order in this action allows Christensen Glaser to rely on

2   it to protect any right to privacy concerns that it may have. The Discovery Master has

3   ruled that the Protective Order adequately protects privacy concerns.

4   (9)   See Reason under Paragraph (1) above. Christensen Glaser has made no

5   effort to have Mattel clarify this Request, if it truly finds it vague.

6   (10)   There is no settlement negotiations privilege for purposes of discovery.

7   Fed. R. Evid. 408, Matsushita Electric Industrial Co., Ltd. v. Mediatek, Inc., 2007 WL

8   963975, at *2-3 (N.D. Cal.). It is only an admissibility rule.

9   (11)   The Larian v. Larian protective orders have already been modified by the

10  parties so as to already allow production of any documents protected by the *Larian v.*

11  *Larian* arbitration protective order. The parties have also signed the modification of

12  the *Larian v. Larian* litigation protective order, and the Los Angeles Superior Court

13  will have a status conference on final approval of this modification on March 5, 2008.

14  (12)   This Request complies with *Shelton v. American Motors*, 805 F.2d 1323

15  (8th Cir. 1986). (i) See Reason under paragraph (7) above—Christensen Glaser

16  possesses unique information with respect to this request; (ii) See introductory

17  Reason and Reason under paragraph (3) above—any versions of the Agreement

18  Christensen Glaser possesses are either not privileged because they were shared with

19  Bryant, or Larian waived any privilege thereto by denying sworn testimony that he

20  had instructed an employee to tamper a version of the Agreement. Furthermore,

21  Christensen Glaser is not litigation counsel in this action, as they withdrew on August

22  27, 2007.  Any of their work product not done in anticipation of litigation is not

23  privileged, as stated above.

24  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

25  This Request, along with the rest of Mattel's subpoena, seeks far more

26  information than what Mattel claims is purportedly non-privileged and relevant to this

27  ACTION.  As phrased, this Request seeks all documents Christensen Glaser has

28  obtained or generated that relate to Carter Bryant's agreement with MGA ("Carter

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   Bryant Agreement") regardless of the source of the information, which goes far

2   beyond the Carter Bryant Agreement that Mattel claims it seeks.  The reason the

3   Request is so broad is that Mattel's true purpose behind this entire subpoena is to

4   obtain privileged information from MGA's former counsel in this ACTION.

5   Christensen Glaser has served legal counsel to MGA and Isaac Larian in connection

6   with this case and a variety of other matters since 1999.  Christensen Glaser was trial

7   counsel of record for MGA and Isaac Larian in <u>this</u> <u>very</u> <u>action</u> from the filing of this

8   case in April 2004 until October 2007.  Declaration of Scott E. Gizer, ("Gizer Dec.")

9   ¶2.  While Christensen Glaser is no longer trial counsel of record in this case,

10  <u>Christensen Glaser continues to provide legal advice to MGA and Isaac Larian in</u>

11  <u>connection with this action, and still represents them in other matters.</u>  *Id.*

12  Christensen Glaser also represents Farhad Larian, Isaac Larian's brother, in

13  connection with <u>this</u> action.  Not surprisingly then, Christensen Glaser possesses a

14  substantial amount of privileged information and documents that it cannot and should

15  not disclose, including information and documents directly related to <u>this action</u>.

16  Accordingly, Mattel must be denied the unfettered access it seeks through this

17  Request, and the subpoena to Christensen Glaser as a whole.

18       As this Court has recognized, subpoenaing documents from former or current

19  counsel of an opponent has long been discouraged, and recognized as disrupting the

20  adversarial nature of our judicial system.  *Hickman v. Taylor*, 329 U.S. 495, 513 and

21  516 (1947) ("Discovery was hardly intended to enable a learned profession to perform

22  its functions on wits borrowed from the adversary.").       It is for these reasons that

23  Courts have imposed strict limitations on the ability to subpoena opposing or former

24  counsel *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327(8th Cir. 1986).  The

25  circumstances under which a party may subpoena opposing or former counsel are

26  limited to those situations where the subpoenaing  party has shown that (1) no other

27  means exist to obtain the information; (2) the information sought is relevant and

28  nonprivileged; and (3) the information is crucial to the preparation of the case.

620027v1

7

1  *Shelton, supra*, 805 F.2d at 1327.  The party seeking to subpoena the opposing party's

2  counsel has the burden to show these three elements.  *Wall v. Leavitt*, 2007 U.S. Dist.

3  LEXIS 89953.   Mattel has failed to meet this burden as all responsive documents in

4  Christensen Glaser's possession are either (1) publicly available; (2) non-privileged

5  documents obtained from MGA, Mattel, Carter Bryant or third parties; (3) privileged

6  communications with MGA; (4) attorney-work product; or (4) not crucial to the

7  preparation of Mattel's case.

8  ## The Documents Mattel Seeks Are Available From Other Sources.

9  Aside from attorney work-product and attorney-client communications, the

10  documents Mattel seek are not unique to Christensen Glaser because Christensen

11  Glaser received all of its documents from MGA, Mattel, Carter Bryant and other third

12  parties, in its capacity as MGA's counsel.  Christensen Glaser informed Mattel's

13  counsel of this fact in its January 24, 2008 letter (Ex. 15 to Juan Pablo Alban

14  Declaration) and in their meet and confer discussion following the filing of this

15  motion.  Christensen Glaser even offered to provide a declaration stating that all

16  documents in its possession are either privileged or available from another source, but

17  Mattel would not agree to this resolution.

18  Mattel must look to MGA, as well as others, for these documents, and Mattel

19  has done so.  Mattel has already obtained documents on this issue by propounding

20  written discovery to MGA and Carter Bryant.  If the Carter Bryant Agreement was

21  truly redacted as Mattel claims, MGA would have a copy of this document in its

22  redacted form.

23  Further, if Mattel required additional information on this subject, it should have

24  moved to compel further testimony from Ms. O'Conner.  Mattel raises in its moving

25  papers that Ms. Conner, a former employee of MGA, was properly instructed not to

26  testify on any of her communications with Christensen Glaser, that occurred during

27  the time she was employed by MGA, based on attorney-client privilege.  Mattel's

28  Separate Statement re Christensen Glaser Document Requests, p. 7:2-4. .  If Mattel

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

felt that this instruction was erroneous, it should have moved to compel.  Mattel did not move to compel, which suggests that Mattel is fully aware that instruction was proper and that the information Mattel seeks is privileged.  Mattel cannot circumvent the attorney-client privilege and its failure to move to compel Ms. O'Conner's testimony by seeking privileged information from Christensen Glaser.  Accordingly, because the documents Mattel seek are available from other sources, Mattel's motion on this Request must be denied.

### **Any Documents That Christensen Glaser Possesses, Which Are Not Available From Another Source, Are Privileged**

As previously stated, all responsive, non-privileged documents in Christensen Glaser's possession are available from other sources.  Thus, the only reason to subpoena Christensen Glaser is to obtain privileged documents it amassed as MGA's attorneys in this action and other matters. Mattel attempts to pierce the attorney-client and work product privileges by arguing (1) the Request "is limited to documents created prior to April 27, 2004"; (2) communications shared with third parties are not privileged; (3) documents not created in anticipation of litigation are not privileged; (4) the privilege was waived because this Request relates to spoliation issues; and (5) Isaac Larian has waived the privilege because he is trying to use it as a shield and a sword.  Each of these arguments is either without merit or has no application here.

First, the Request is not limited to documents created prior to April 27, 2004. In fact, the Request is void of any limit as to time.  In any event, even if Mattel's Subpoena is limited to documents created prior to April 27, 2004, which in most instances it is not, the documents are still privileged.  The fact that Christensen Glaser is no longer attorney of record for MGA in this action does not mean that the attorney-client and attorney work product privileges are terminated.  Christensen Glaser has acted as attorneys for MGA and Isaac Larian since 1999 and continue to provide legal assistance to MGA and Isaac Larian in connection with this action. Christensen Glaser also represents Farhad Larian, Isaac Larian's brother, a non-party,

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 in connection with this action.    Therefore, any documents generated during the

2 course of Christensen Glaser's representation of MGA, Isaac Larian and Farhad

3 Larian, in this action, which reflect Christensen Glaser's thoughts, opinions,

4 impressions and analysis, continue to be work product.

5        Second, Christensen Glaser's did not share the Carter Bryant Agreement, that

6 was faxed by Victoria O'Conner, with third parties.  The Carter Bryant Agreement

7 was sent to Christensen Glaser as MGA's attorneys.  Accordingly, all documents

8 between MGA and Christensen Glaser regarding the transmission of the Carter

9 Bryant Agreement are protected by the attorney-client privilege.[1]

10        Third, Christensen Glaser did not create any documents related to the Carter

11 Bryant Agreement until after there was a threat of this ACTION from Mattel, and

12 therefore, any information regarding these documents is protected by the attorney-

13 client and attorney work product privileges.  *United States v. Torf*, 357 F.3d 900, 908

14 (9th Cir. 2004) ("anticipation of litigation" has been defined in the Ninth Circuit as

15 preparation of a document "because of the prospect of litigation').

16        Fourth, Victoria O'Conner's testimony that Isaac Larian allegedly requested that

17 the Carter Bryant Agreement be altered back in late 2000 or 2001 does not create a

18 potential issue of spoliation even if her testimony is accepted as true (which is not the

19 case).   Spoliation is the destruction of evidence.  *See e.g., In re Napster, Inc.*

20 *Copyright Litigation*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006).  Here, there is no

21 suggestion that any evidence or document was destroyed.  Rather, after apparently

22 being unsuccessful in obtaining this document from Ms. O'Conner or MGA, Mattel

23 improperly seeks to obtain it by requesting privileged information from Christensen

24 Glaser.

25

26

27 [1] In any event, if Christensen Glaser did possess any documents from a third party,

28 the documents would be available from another source, and thus, would not be
unique., failing to meet the requirements for production under *Shelton*.

620027v1

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    Moreover, even if the alleged alteration of the Carter Bryant Agreement can be

2    viewed as the destruction of evidence, there still could be no claim of spoliation

3    because there was no duty to preserve evidence at that time.  Spoliation occurs when a

4    party breaches its duty to preserve evidence.  *In re Napster, Inc., supra,* 462 F. Supp.

5    2d 1060.  But a party's duty to preserve evidence does not attach until future litigation

6    is "probable."  Here, there was not even a hint of potential litigation when Ms.

7    O'Conner incorrectly claims that Isaac Larian gave her his alleged instruction.  At the

8    time Ms. O'Conner claims that Mr. Larian purportedly asked her to alter the Carter

9    Bryant Agreement, Bratz was in its infancy.  Accordingly, there could not have been

10   probable litigation between MGA and Mattel at that time that would have required

11   Isaac Larian or MGA to preserve evidence.

12   Fifth, Mattel asserts that Isaac Larian implied waived the attorney-client

13   privilege when he denied instructing Victoria O'Conner to tamper with the Carter

14   Bryant Agreement.  Mattel argues that by denying Ms. O'Conner's testimony--that

15   she was instructed to redact the Carter Bryant Agreement before sending a copy to

16   Christensen Glaser--Mr. Larian is attempting to use the attorney-client privilege as

17   both a shield and a sword, resulting in an implicit waiver of the privilege.  Motion, p.

18   14:5-19.  Mattel is wrong.  Mr. Larian is not putting any action of Christensen Glaser

19   at issue or asserting any claim that cannot be disputed without invading the attorney-

20   client privilege.  Therefore, there is no waiver of the attorney-client privilege

21   possessed by MGA and Isaac Larian.

22   To explain further, a litigant implicitly waives the attorney-client privilege

23   where the litigant puts his or her lawyer's performance at issue during the course of

24   litigation as a defense, but then asserts the attorney-client privilege to preclude the

25   opposing party from countering that defense.  *Chevron Corp. v. Pennzoil Co.,* 974

26   F.2d 1156, 1162-1163 (9th Cir. 1992) (attorney-client privileged waived because

27   defendant had put certain communications directly at issue by asserting "advice of

28   counsel" as his core defense); *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

11

620027v1

1386, 1418-20 (11th Cir. 1994), cert denied, 513 U.S. 1110 (1995) (defendant's defense that is believed its actions were legal required disclosure of attorney-client communications in which attorney gave advice as to legality of actions); *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (assertion of "ineffectiveness of counsel" resulted in narrow waiver of the attorney-client privilege). In such a situation, it has been held that the litigant is attempting to use the attorney-client privilege as both a shield and a sword, and as a result, has waived the privilege. *Bittaker, supra,* 331 F.3d at 718. The purpose of this rule is to prevent abuses of the attorney-client privilege where one party asserts claims that the other party cannot adequately dispute unless it has access to the privileged materials. *Id.* at 719.

Here, there is no abuse of the attorney-client privilege. Isaac Larian did not put Ms. O'Conner's testimony or Christensen Glaser's performance at issue. Mr. Larian was questioned on this topic by Mattel at his deposition and simply explained why he disagreed with Ms. O'Conner's testimony without implicating Christensen Glaser's actions in any way. It can hardly be argued that this constitutes using the attorney-client privilege as a shield and a sword. Moreover, Mattel cannot claim that upholding the attorney-client privilege would prevent it from adequately disputing Mr. Larian's testimony. As evidenced by this motion, Mattel is already using Ms. O'Conner's testimony to dispute Mr. Larian's statements. Accordingly, there is no waiver of the attorney-client privilege.

### The Documents That Mattel Seeks Are Not Crucial To Preparation Of Mattel's Case.

As is the case of the first two elements of *Shelton*, Mattel cannot meet the third element in that case either because none of the documents it seeks are crucial to the preparation of its case. First, any documents that are available from another source by definition would not be crucial. Mattel can get the documents elsewhere, and thus, does not <u>need</u> to obtain it from Christensen Glaser. Second, while privileged

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   documents may be very helpful to Mattel's case, it cannot be considered crucial since

2   a party is typically prohibited from seeking privileged documents.

3        Lastly, and most importantly, if the documents Mattel seeks were truly crucial

4   to the preparation of its case, it would not have waited so long to serve Christensen

5   Glaser with this Subpoena.  Mattel took Victoria O'Conner's deposition in 2004 and

6   took Isaac Larian's deposition in 2006.  Accordingly, Mattel was aware of Ms.

7   O'Conner's allegations over three years before it served Christensen Glaser with this

8   Subpoena, and over one year after it learned of Mr. Larian's conflicting testimony.

9        Nonetheless, Mattel waited until the last possible moment to serve Christensen

10  Glaser with the Subpoena--just 10 days before the discovery cut-off (the minimum

11  notice period recognized by the Court).  Further, the deposition of Christensen Glaser

12  was noticed for the day of the discovery cut-off.  This conduct is strong evidence that

13  the information Mattel seeks is not crucial to the preparation of its case.  *See Flotsam*

14  *of California Inc. v. Huntington Beach Conference and Visitors' Bureau*, 2007 U.S.

15  Dist. LEXIS 89269 (Defendant waited until the close of discovery to seek certain

16  information from opposing counsel. Given the timing of Defendant's request, it was

17  not clear how the information was crucial to the preparation of Defendant's case.)

18        Thus, nothing Mattel seeks through its Subpoena to Christensen Glaser is

19  crucial, and Mattel's Motion to Compel should be denied.

20

21  REQUEST FOR PRODUCTION NO. 2:

22        To the extent not produced in response to Request No. 1, all contracts or

23  agreements; or proposed, requested or offered contracts or agreements, between MGA

24  and BRYANT and all other DOCUMENTS generated, created, prepared or

25  transmitted in whole or part prior to April 27, 2004 that REFER OR RELATE thereto.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

27        Christensen Glaser incorporates by reference each and every General Objection

28  set forth above as though fully set forth herein. Christensen Glaser further objects

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1

13

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   specifically to request for production No. 2 on the following grounds: (1) overly

2   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

3   oppressive; (2) seeks information and documents not within Christensen Glaser's

4   possession, custody or control, and/or documents that are in the possessions, custody

5   or control of other parties, including the parties in this action; (3) seeks disclosure of

6   facts and documents protected by or subject to the attorney-client privilege, and/or

7   attorney-work product doctrine or any other applicable privilege or immunity; (4)

8   seeks disclosure of facts and documents that contain sensitive confidential and

9   proprietary business information and/or constitute trade secret information; (5) seeks

10   production of voluminous records without sufficient limitations as to time; (6) seeks

11   information that is neither relevant to the subject matter of the pending proceeding,

12   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

13   information and documents readily accessible to Mattel from other sources or are

14   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

15   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

16   and unintelligible; (10) seeks documents in violation of the settlement negotiations

17   privilege; (11) seeks production of documents prohibited from disclosure by the

18   protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

19   Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

20   and (12) fails to comply with the requirements of Shelton v. American Motors, 805

21   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

22   2008 order, regarding service of subpoenas on former counsel, in that the information

23   can be obtained by other means and from elsewhere, the information is not clearly

24   relevant and is privileged, and the information is not crucial to the preparation of the

25   case.

26   <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

27   *See* Reasons for Request No. 1 above. This Request is separately relevant

28   because MGA and Bryant may have entered into or contemplated entering into other

1  Agreements with respect to Bratz. This includes any contemplated or actual

2  agreements conceived in the process of MGA and Larian's entering in to the

3  Agreement with Bryant.

4  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

5     *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

6  No. 1.  Further, relevancy is not the issue here.  Mattel must show that the documents

7  it seeks are not available from another source, not privileged, and crucial to the

8  preparation of its case.  It has not done so, and therefore, its Motion to Compel

9  regarding this Request should be denied.

10

11  REQUEST FOR PRODUCTION NO. 3:

12     All DOCUMENTS generated, created, prepared or transmitted in whole or part

13  prior to April 27, 2004 that REFER OR RELATE TO BRYANT's employment by, or

14  any contracts or agreements with, MATTEL, including without limitation to the

15  INVENTIONS AGREEMENT, and all COMMUNICATIONS with BRYANT

16  relating thereto.

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

18     Christensen Glaser incorporates by reference each and every General Objection

19  set forth above as though fully set forth herein. Christensen Glaser further objects

20  specifically to request for production No. 3 on the following grounds: (1) overly

21  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

22  oppressive; (2) seeks information and documents not within Christensen Glaser's

23  possession, custody or control, and/or documents that are in the possessions, custody

24  or control of other parties, including the parties in this action; (3) seeks disclosure of

25  facts and documents protected by or subject to the attorney-client privilege, and/or

26  attorney-work product doctrine or any other applicable privilege or immunity; (4)

27  seeks disclosure of facts and documents that contain sensitive confidential and

28  proprietary business information and/or constitute trade secret information; (5) seeks

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  production of voluminous records without sufficient limitations as to time; (6) seeks

2  information that is neither relevant to the subject matter of the pending proceeding,,

3  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

4  information and documents readily accessible to Mattel from other sources or are

5  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

6  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

7  and unintelligible; (10) seeks documents in violation of the settlement negotiations

8  privilege; (11) seeks production of documents prohibited from disclosure by the

9  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

10  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

11  and (12) fails to comply with the requirements of Shelton v. American Motors, 805

12  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

13  2008 order, regarding service of subpoenas on former counsel, in that the information

14  can be obtained by other means and from elsewhere, the information is not clearly

15  relevant and is privileged, and the information is not crucial to the preparation of the

16  case.

17  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

18      See Reasons for Request No. 1 above.  This Request seeks information about

19  Christensen Glaser's personal knowledge and possession of documents that belong to

20  Mattel, and thus this Requests seeks non-privileged information. Larian testified that

21  he asked Ms. O'Connor to make sure to check with MGA's attorneys whether Bryant

22  had a contract with Mattel, and he denied instructing O'Connor to tamper the

23  Agreement.  MGA's counsel, however, prevented Ms. O'Connor from testifying about

24  any such discussion.  Offensive use of attorney-client communications prevents MGA

25  and Larian, and thereby Christensen Glaser, from relying on the attorney-client

26  privilege defensively. Larian's testimony also contradicts Ms. O'Connor's testimony

27  indicating that Larian asked her to conceal information about Mattel from Ms. Glaser.

28

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   Mattel has a right to explore this inconsistency as to Christensen Glaser knowledge on

2   this issue.

3   REASONS WHY MATTEL'S REQUEST IS IMPROPER:

4        *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

5   No. 1.  In addition, this Request does not seek documents that belong to Mattel.  This

6   Request seeks, among other things, any documents that relate the Carter Bryant

7   Agreement, which Christensen Glaser clearly would have received or generated as

8   counsel for MGA in this ACTION.

9        Further, if Mattel required additional information on this subject, it should have

10  moved to compel further testimony from Ms. O'Conner.  Mattel argues that Ms.

11  Conner was instructed not to testify on any of her communications with Christensen

12  Glaser based on attorney-client privilege.  Mattel's Separate Statement re Christensen

13  Glaser Document Requests, p. 11:4-13.  If Mattel felt this instruction was erroneous,

14  it should have moved to compel.  Mattel did not move to compel, which suggests that

15  Mattel is fully aware that the information is privileged.  Mattel cannot circumvent the

16  attorney-client privilege and its failure to move to compel Ms. O'Conner's testimony

17  by now moving to compel Christensen Glaser to produce documents.  Accordingly,

18  because the documents Mattel seek are available from other sources, Mattel's motion

19  on this Request must be denied.

20       Lastly, Isaac Larian did not testify that he asked Victoria O'Conner to talk to

21  Christensen Glaser about whether Carter Bryant had a contract with Mattel.  Mr.

22  Larian very clearly states that he does not recall asking Ms. O'Conner, but assumes

23  she did and assuming she did, she would have spoken with David Rosenbaum.  Juan

24  Pablo Dec., Ex. 2, p. 34:4-p.35:23.  Thus, Christensen Glaser does not possess any

25  unique information on this subject.

26

27

28

17

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  REQUEST FOR PRODUCTION NO. 4:

2      All DOCUMENTS generated, created, prepared or transmitted in whole or part

3  prior to April 27, 2004 that REFER OR RELATE TO BRATZ or any BRATZ

4  WORK and REFER OR RELATE TO the time period prior to December 31, 2001.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

6      Christensen Glaser incorporates by reference each and every General Objection

7  set forth above as though fully set forth herein. Christensen Glaser further objects

8  specifically to request for Production No. 4 on the following grounds: (1) overly

9  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

10 oppressive; (2) seeks information and documents not within Christensen Glaser's

11 possession, custody or control, and/or documents that are in the possessions, custody

12 or control of other parties, including the parties in this action; (3) seeks disclosure of

13 facts and documents protected by or subject to the attorney-client privilege, and/or

14 attorney-work product doctrine or any other applicable privilege or immunity; (4)

15 seeks disclosure of facts and documents that contain sensitive confidential and

16 proprietary business information and/or constitute trade secret information; (5) seeks

17 production of voluminous records without sufficient limitations as to time; (6) seeks

18 information that is neither relevant to the subject matter of the pending proceeding,

19 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

20 information and documents readily accessible to Mattel from other sources or are

21 otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

22 right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

23 and unintelligible; (10) seeks documents in violation of the settlement negotiations

24 privilege; (11) seeks production of documents prohibited from disclosure by the

25 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

26 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

27 and (12) fails to comply with the requirements of Shelton v. American Motors, 805

28 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his. January 9,

18

1  2008 order, regarding service of subpoenas on former counsel, in that the information

2  can be obtained by other means and from elsewhere, the information is not clearly

3  relevant and is privileged, and the information is not crucial to the preparation of the

4  case.

5  <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL</u>:

6      *See* Reasons for Request No. 1 above.  The time limitation to this Request—

7  documents relating to Bratz prior to December 31, 2001—limits the scope of this

8  Request to information squarely relevant to the time period when Bratz was

9  originated, conceived, and its early development and marketing. The Requests

10 encompasses substantial non-privileged information, as such information would have

11 had to come initially from Bryant.

12 <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER</u>:

13     *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

14 No. 1.  The fact that the documents covered by this Topic may be relevant is not the

15 pertinent question.  When seeking to subpoena documents from current or former

16 counsel of an opponent, Mattel must show that the information sought cannot be

17 obtained from another source, is not privileged and is crucial to the party's case.

18 Mattel cannot meet this burden.

19     While Mattel concludes that Christensen Glaser has unique and non-privileged

20 information, conclusory allegations are insufficient.  All documents that Christensen

21 Glaser has that are responsive to this Request would be either privileged or available

22 from MGA or Carter Bryant.  Mattel presents no evidence to show that Christensen

23 Glaser possesses documents that Mattel cannot obtained elsewhere.  Further, Mattel

24 incorrectly claims that the documents it seeks are not privileged.  Even though the

25 Request seeks documents prior to April 27, 2004, Mattel was threatening litigation

26 against MGA over Bratz in 2002, making any documents generated in response to

27 these threats work product.  *Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977);

28 *United States v. Torf*, 357 F.3d 900, 908 (9th Cir. 2004) ("anticipation of litigation"

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   has been defined in the Ninth Circuit as preparation of a document "because of the

2   prospect of litigation'). Moreover Christensen Glaser has been counsel to MGA and

3   Isaac Larian since 1999.

4       Mattel also makes no showing that the documents covered by this Request are

5   so crucial to its case that it needs to obtain these documents from Christensen Glaser.

6   While this information may be relevant, it is certainly not crucial in light of the

7   substantial amount of discovery that Mattel has already conducted in this area.

8

9   <u>REQUEST FOR PRODUCTION NO. 5:</u>

10      To the extent not produced in response to any other Request, all

11  DOCUMENTS generated, created, prepared or transmitted in whole or part prior to

12  April 27, 2004 that REFER OR RELATE TO BRYANT and that REFER OR

13  RELATE TO the time period prior to December 31, 2001.

14  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>

15      Christensen Glaser incorporates by reference each and every General Objection

16  set forth above as though fully set forth herein. Christensen Glaser further objects

17  specifically to request for Production No. 5 on the following grounds: (1) overly

18  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

19  oppressive; (2) seeks information and documents not within Christensen Glaser's

20  possession, custody or control, and/or documents that are in the possessions, custody

21  or control of other parties, including the parties in this action; (3) seeks disclosure of

22  facts and documents protected by or subject to the attorney-client privilege, and/or

23  attorney-work product doctrine or any other applicable privilege or immunity; (4)

24  seeks disclosure of facts and documents that contain sensitive confidential and

25  proprietary business information and/or constitute trade secret information; (5) seeks

26  production of voluminous records without sufficient limitations as to time; (6) seeks

27  information that is neither relevant to the subject matter of the pending proceeding,

28  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

20

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   information and documents readily accessible to Mattel from other sources or are

2   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

3   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

4   and unintelligible; (10) seeks documents in violation of the settlement negotiations

5   privilege; (11) seeks production of documents prohibited from disclosure by the

6   protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

7   Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

8   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

9   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

10   2008 order, regarding service of subpoenas on former counsel, in that the information

11   can be obtained by other means and from elsewhere, the information is not clearly

12   relevant and is privileged, and the information is not crucial to the preparation of the

13   case.

14   <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL</u>:

15       *See* Reasons for Request No. 4 above.

16   <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER</u>:

17       *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

18   Nos. 1 and 4.

19

20   <u>REQUEST FOR PRODUCTION NO. 6</u>:

21       All DOCUMENTS that were generated, created, prepared or transmitted in

22   whole or part prior to April 27, 2004 and that REFER OR RELATE TO the origins,

23   reduction to practice, conception, creation or development, or the timing of

24   conception, creation, development or reduction to practice, of BRATZ or any BRATZ

25   WORK, including without limitation any COMMUNICATIONS between. YOU and

26   BRYANT relating thereto and any investigations, analysis or inquiry performed by

27   any PERSON in connection therewith.

28

620027v1

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Christensen Glaser incorporates by reference each and every General Objection set forth above as though fully set forth herein. Christensen Glaser further objects specifically to request for production No. 6 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) seeks information and documents not within Christensen Glaser's possession, custody or control, and/or documents that are in the possessions, custody or control of other parties, including the parties in this action; (3) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks production of voluminous records without sufficient limitations as to time; (6) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks documents which violate Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in violation of the settlement negotiations privilege; (11) seeks production of documents prohibited from disclosure by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.

1  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

2      *See* Reasons for Request No. 1 above.

3  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

4      *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

5  Nos. 1 and 4.

6

7  REQUEST FOR PRODUCTION NO. 8:

8      All contracts or agreements between MATTEL and any PERSON other than

9  BRYANT that REFERS OR RELATES TO the ownership, or putative or potential

10 ownership, of inventions, designs, works or ideas and that YOU sent or transmitted

11 to, received from, or shared with MGA or that MGA sent or transmitted to, received

12 from, or shared with YOU, prior to April 27, 2004.

13 RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

14     Christensen Glaser incorporates by reference each and every General Objection

15 set forth above as though fully set forth herein. Christensen Glaser further objects

16 specifically to request for production No. 8 on the following grounds: (1) overly

17 broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

18 oppressive; (2) seeks information and documents not within Christensen Glaser's

19 possession, custody or control, and/or documents that are in the possessions, custody

20 or control of other parties, including the parties in this action; (3) seeks disclosure of

21 facts and documents protected by or subject to the attorney-client privilege, and/or

22 attorney-work product doctrine or any other applicable, privilege or immunity; (4)

23 seeks disclosure of facts and documents that contain sensitive confidential and

24 proprietary business information and/or constitute trade secret information; (5) seeks

25 production of voluminous records without sufficient limitations as to time; (6) seeks

26 information that is neither relevant to the subject matter of the pending proceeding,

27 nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

28 information and documents readily accessible to Mattel from other sources or are

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

1    otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

2    right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

3    and unintelligible; (10) seeks documents in violation of the settlement negotiations

4    privilege; (11) seeks production of documents prohibited from disclosure by the

5    protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

6    Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS. Case No. 05-2096-ABH;

7    and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

8    F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

9    2008 order, regarding service of subpoenas on former counsel, in that the information

10    can be obtained by other means and from elsewhere, the information is not clearly

11    relevant and is privileged, and the information is not crucial to the preparation of the

12    case.

13    <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

14    *See* Reasons for Request No. 3 above.

15    <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER:</u>

16    *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

17    Nos. 1, 3 and 4.

18

19    <u>REQUEST FOR PRODUCTION NO. 10:</u>

20    All COMMUNICATIONS transmitted by YOU or received by YOU prior to

21    April 27, 2004 REFERRING OR RELATING TO the ownership, or putative or

22    potential ownership, of inventions, designs, works or ideas created, conceived or

23    reduced to practice by BRYANT while he was employed by MATTEL.

24    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10:</u>

25    Christensen Glaser incorporates by reference each and every General Objection

26    set forth above as though fully set forth herein. Christensen Glaser further objects

27    specifically to request for production No. 10 on the following grounds: (1) overly

28    broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

24

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  oppressive; (2) seeks information and documents not within Christensen Glaser's

2  possession, custody or control, and/or documents that are in the possessions, custody

3  or control of other parties, including the parties in this action; (3) seeks disclosure of

4  facts and documents protected by or subject to the attorney-client privilege, and/or

5  attorney-work product doctrine or any other applicable privilege or immunity; (4)

6  seeks disclosure of facts and documents that contain sensitive confidential and

7  proprietary business information and/or constitute trade secret information; (5) seeks

8  production of voluminous records without sufficient limitations as to time; (6) seeks

9  information that is neither relevant to the subject matter of the pending proceeding,

10  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

11  information and documents readily accessible to Mattel from other sources or are

12  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

13  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

14  and unintelligible; (10) seeks documents in violation of the settlement negotiations

15  privilege; (11) seeks production of documents prohibited from disclosure by the

16  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

17  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

18  and (12) fails to comply with the requirements of Shelton v. American Motors, 805

19  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

20  2008 order, regarding service of subpoenas on former counsel, in that the information

21  can be obtained by other means and from elsewhere, the information is not clearly

22  relevant and is privileged, and the information is not crucial to the preparation of the

23  case.

24  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

25      See Reasons for Request No. 1 above.

26  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

27      See Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

28  Nos. 1 and 4.

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS