CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  REQUEST FOR PRODUCTION NO. 11:

2      All DOCUMENTS, including without limitation COMMUNICATIONS

3  between YOU, and any BRYANT, REFERRING OR RELATING TO statements,

4  assertions, claims or suggestions that BRYANT conceived, created, worked on,

5  reduced to practice, modified or improved BRATZ or any BRATZ WORK between

6  January 4, 1999 and October 20, 2000, including without limitation any denials or

7  refutations, whether in whole or in part, of any such statements, assertions, claims or

8  suggestions.

9  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

10      Christensen Glaser incorporates by reference each and every General Objection

11  set forth above as though fully set forth herein. Christensen Glaser further objects

12  specifically to request for production No. 11 on the following grounds: (1) overly

13  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

14  oppressive; (2) seeks information and documents not within Christensen Glaser's

15  possession, custody or control, and/or documents that are in the possessions, custody

16  or control of other parties, including the parties in this action; (3) seeks disclosure of

17  facts and documents protected by or subject to the attorney-client privilege, and/or

18  attorney-work product doctrine or any other applicable privilege or immunity; (4)

19  seeks disclosure of facts and documents that contain sensitive confidential and

20  proprietary business information and/or constitute trade secret information; (5) seeks

21  production of voluminous records without sufficient limitations as to time; (6) seeks

22  information that is neither relevant to the subject matter of the pending proceeding,

23  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

24  information and documents readily accessible to Mattel from other sources or are

25  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

26  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

27  and unintelligible; (10) seeks documents in violation of the settlement negotiations

28  privilege; (11) seeks production of documents prohibited from disclosure by the

26

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

2   Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

3   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

4   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

5   2008 order, regarding service of subpoenas on former counsel, in that the information

6   can be obtained by other means and from elsewhere, the information is not clearly

7   relevant and is privileged, and the information is not crucial to the preparation of the

8   case.

9   <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

10       *See* Reasons for Request No. 1 above.

11  <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER:</u>

12       *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

13  Nos. 1 and 4.

14

15  <u>REQUEST FOR PRODUCTION NO. 12:</u>

16       All COMMUNICATIONS REFERRING OR RELATING TO BRYANT,

17  BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MA ITEL or THIS

18  ACTION to or from Veronica Marlow, Margaret Hatch (also known as. Margaret

19  Leahy and/or Margaret Hatch-Leahy), Mercedes Ward, Elise Cloonan, Sarah Halpern,

20  Jesse Ramirez and/or Anna Rhee.

21  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>

22       Christensen Glaser incorporates by reference each and every General Objection

23  set forth above as though fully set forth herein. Christensen Glaser further objects

24  specifically to request for production No. 12 on the following grounds: (1) overly

25  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

26  oppressive; (2) seeks information and documents not within Christensen Glaser's

27  possession, custody or control, and/or documents that are in the possessions, custody

28  or control of other parties, including the parties in this action; (3) seeks disclosure of

facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks production of voluminous records without limitations as to time; (6) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks documents which violate Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in violation of the settlement negotiations privilege; (11) seeks production of documents prohibited from disclosure by the protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.

<u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

*See* Reasons for Request No. 1 above. The witnesses listed in this Request are all witnesses with knowledge about the origins, conception and/or early development of Bratz.

In addition, in seeking communications involving Farhad Larian, this Request also seeks information uniquely in Christensen Glaser's possession related to documents Farhad Larian (i) at one time may have had; (ii) but later destroyed; (iii) with the intent of keeping them from Mattel; (iv) while he was on MGA's payroll.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    Farhad Larian testified that he had communicated and obtained declarations and/or

2    showed draft declarations to several witnesses with knowledge of the origins or early

3    development of Bratz, including Ms. O'Connor and Ms. Ward.  At the time

4    Mr. Larian destroyed the documents, Ms. Gronich, MGA's in-house counsel,

5    described its outside counsel (i.e., Christensen Glaser and O'Melveny & Meyers) as

6    being involved in MGA's document preservation efforts for this litigation.

7    Christensen Glaser later became Farhad Larian's attorney to handle Mattel's subpoena

8    in this litigation. For the same reasons set forth in Mattel's Reasons for Request No. 1,

9    paragraph (3) above, Ninth Circuit law does not allow a party to shield evidence of its

10   at-best negligent efforts to preserve documents under the guise of attorney-client

11   privilege, particularly when that party has affirmatively asserted that it has complied

12   with its document preservation obligations, as MGA has done here. Judge Larson put

13   spoliation squarely at issue in this litigation by requiring the parties to present

14   affirmative evidence of its document preservation of evidence.  Spoliation of evidence

15   is directly relevant as it allows for negative factual inferences if such facts do not

16   exist because of the spoliation. See, e.g., In re Napster, Inc. Copyright Litigation, 462

17   F. Supp. 2d 1060 (N.D. Cal. 2006).

18   REASONS WHY MATTEL'S REQUEST IS IMPROPER:

19       *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

20   Nos. 1 and 4. All documents responsive to this Request in Christensen Glaser's

21   possession would be documents that are also in possession of MGA or Farhad Larian,

22   and Mattel has already sought or obtained responsive documents from both sources.

23   Thus, Mattel has already conducted substantial discovery regarding the documents

24   covered by this Request from MGA and Farhad Larian, and makes no attempt to

25   show that it cannot obtain this information from either of these sources.  Further, to

26   the extent Judge Larson ordered the parties to present additional affirmative evidence

27   of their document preservation efforts, Mattel will be able to obtain this information

28   from MGA eliminating any need to obtain documents from Christensen Glaser.

620027v1

29

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

1    Mattel also makes no showing that these documents are so crucial to its case

2   that it needs to obtain them from Christensen Glaser.  While these documents may be

3   relevant, it is certainly not crucial in light of the substantial amount of discovery that

4   Mattel has already conducted in this area.

5    Thus, there is no justification for obtain these documents from Christensen

6   Glaser pursuant to the requirements outlined in *Shelton* and recognized by this Court.

7

8   REQUEST FOR PRODUCTION NO. 13:

9    All COMMUNICATIONS REFERRING OR RELATING TO BRYANT,

10  BRATZ, any BRATZ WORK, MGA, F'ARHAD LARIAN, MATTEL or THIS

11  ACTION to or from Ana Cabrera, Beatriz Morales and/or Maria Salazar.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

13    Christensen Glaser incorporates by reference each and every General Objection

14  set forth above as though fully set forth herein. Christensen Glaser further objects

15  specifically to request for production No. 13 on the following grounds: (1) overly

16  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

17  oppressive; (2) seeks information and documents not within Christensen Glaser's

18  possession, custody or control, and/or documents that are in the possessions, custody

19  or control of other parties, including the parties in this action; (3) seeks disclosure of

20  facts and documents protected by or subject to the attorney-client privilege, and/or

21  attorney-work product doctrine or any other applicable privilege or immunity; (4)

22  seeks disclosure of facts and documents that contain sensitive confidential and

23  proprietary business information and/or constitute trade secret information; (5) seeks

24  production of voluminous records without limitations as to time; (6) seeks

25  information that is neither relevant to the subject matter of the pending proceeding,

26  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

27  information and documents readily accessible to Mattel from other sources or are

28  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

620027v1

30

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

2  and unintelligible; (10) seeks documents in violation of the settlement negotiations

3  privilege; (11) seeks production of documents prohibited from disclosure by the

4  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

5  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

6  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

7  F.2d 1323 (8'h Cir. 1986) and Judge Infante's prior orders, including his January 9,

8  2008 order, regarding service of subpoenas on former counsel, in that the information

9  can be obtained by other means and from elsewhere, the information is not clearly

10  relevant and is privileged, and the information is not crucial to the preparation of the

11  case.

12  <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

13      *See* Reasons for Request No. 12 above.

14  <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER:</u>

15      *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

16  Nos. 1, 4 and 12.

17

18  <u>REQUEST FOR PRODUCTION NO. 14:</u>

19      To the extent not produced in response to any other Request, all

20  COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any

21  BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from

22  any MATTEL employee while such person was employed by MATTEL.

23  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14:</u>

24      Christensen Glaser incorporates by reference each and every General Objection

25  set forth above as though fully set forth herein. Christensen Glaser further objects

26  specifically to request for production No. 14 on the following grounds: (1) overly

27  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

28  oppressive; (2) seeks information and documents not within Christensen Glaser's

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1

31

possession, custody or control, and/or documents that are in the possessions, custody or control of other parties, including the parties in this action; (3) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (4) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (5) seeks production of voluminous records without limitations as to time; (6) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (8) seeks documents which. violate Christensen Glaser's right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous and unintelligible; (10) seeks documents in violation of the settlement negotiations privilege; (11) seeks production of documents prohibited from disclosure by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12), fails to comply with the requirements of Shelton v. American Motors, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.

MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

   *See* Reasons for Request No. 12 above. In addition as to Objection Number (3), this Request on its face only asks for non-privileged communications in Christensen Glaser's possession to or from Mattel employees.

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

32

**RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

2    *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

3  Nos. 1 and 4.  Again, Mattel fails to show that these documents are not available from

4  another source.  If any documents responsive to this Request exist, MGA would also

5  have copies of them.

6

7  REQUEST FOR PRODUCTION NO. 15:

8    All DOCUMENTS that REFER OR RELATE TO any indemnification that

9  BRYANT or FARHAD LARIAN has sought, proposed, requested or obtained from

10  MGA or that MGA has sought, proposed, requested or obtained from BRYANT or

11  FARHAD LARIAN.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

13    Christensen Glaser incorporates by reference each and every General Objection

14  set forth above as though fully set forth herein. Christensen Glaser further objects

15  specifically to request for production No. 15 on the following grounds: (1) overly

16  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

17  oppressive; (2) seeks information and documents not within Christensen Glaser's

18  possession, custody or control, and/or documents that are in the possessions, custody

19  or control of other parties, including the parties in this action; (3) seeks disclosure of

20  facts and documents protected by or subject to the attorney-client privilege, and/or

21  attorney-work product doctrine or any other applicable privilege or immunity; (4)

22  seeks disclosure of facts and documents that contain sensitive confidential and

23  proprietary business information and/or constitute trade secret information; (5) seeks

24  production of voluminous records without limitations as to time; (6) seeks

25  information that is neither relevant to the subject matter of the pending proceeding,

26  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

27  information and documents readily accessible to Mattel from other sources or are

28  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

620027v1

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

2  and unintelligible; (10) seeks documents in violation of the settlement negotiations

3  privilege; (11) seeks production of documents prohibited from disclosure by the

4  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

5  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

6  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

7  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,.

8  2008 order, regarding service of subpoenas on former counsel, in that the information

9  can be obtained by other means and from elsewhere, the information is not clearly

10  relevant and is privileged, and the information is not crucial to the preparation of the

11  case.

12  <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL</u>:

13      *See* Reasons for Request No. 1 above.  In addition:

14      As to the relevance of this particular Request, it is well-settled law, and the

15  Discovery Master has already ruled, that payments from MGA or Larian to Farhad

16  Larian and Bryant are relevant and discoverable.

17      As to Objection Nos. (3) and (12), payment information between MGA, on the

18  one hand, and Bryant or Farhad Larian, on the other, with respect to this litigation, are

19  not privileged communications.

20      As to Objection Nos. (7) and (12), as MGA's attorneys during which such

21  payments were made, Christensen Glaser likely uniquely possesses responsive

22  documents to this Request. Bryant and Farhad Larian have also obstructed discovery

23  on this issue.

24  <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER</u>:

25      *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

26  Nos. 1 and 4.  The fact that the documents covered by this Request may be relevant is

27  not the pertinent question.  When seeking to obtain documents from current or former

28  counsel of an opponent, Mattel must show that the documents sought cannot be

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  obtained from another source, are not privileged and are crucial to the party's case.

2  Mattel cannot meet this burden.  Mattel has already conducted substantial discovery

3  in the area of fee agreements by propounding document requests to MGA, Carter

4  Bryant, and third parties.  Thus, Mattel cannot show that documents responsive to this

5  Request are unique to Christensen Glaser.

6      Mattel also makes no showing that this information is so crucial to its case that

7  it needs to obtain these documents from Christensen Glaser.  While these documents

8  may be relevant, they are certainly not crucial in light of the substantial amount of

9  discovery that Mattel has already conducted in this area.

10     Thus, there is no justification for obtaining these documents from Christensen

11  Glaser pursuant to the requirements outlined in *Shelton* and recognized by this Court.

12

13  REQUEST FOR PRODUCTION NO. 16:

14     Any fee or indemnification agreements REFERRING OR RELATING TO this

15  ACTION or any MATTEL claim, including without limitation by or with BRYANT,

16  MGA or FARHAD LARIAN, including but not limited to all drafts thereof and

17  COMMUNICATIONS RELATED thereto.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

19     Christensen Glaser incorporates by reference each and every General Objection

20  set forth above as though fully set forth herein. Christensen Glaser further objects

21  specifically to request for Production No. 16 on the following grounds: (1) overly

22  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

23  oppressive; (2) seeks information and documents not within Christensen Glaser's

24  possession, custody or control, and/or documents that are in the possessions, custody

25  or control of other parties, including the parties in this action; (3) seeks disclosure of

26  facts and documents protected by or subject to the attorney-client privilege, and/or

27  attorney-work product doctrine or any other applicable privilege or immunity; (4)

28  seeks disclosure of facts and documents that contain sensitive confidential and

620027v1

35

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   proprietary business information and/or constitute trade secret information; (5) seeks

2   production of voluminous records without sufficient limitations as to time; (6) seeks

3   information that is neither relevant to the subject matter of the pending proceeding,

4   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

5   information and documents readily accessible to Mattel from other sources or are

6   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

7   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

8   and unintelligible; (10) seeks documents in violation of the settlement negotiations

9   privilege; (11) seeks production of documents prohibited from disclosure by the

10   protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

11   Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

12   and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

13   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

14   2008 order, regarding service of subpoenas on former counsel, in that the information

15   can be obtained by other means and from elsewhere, the information is not clearly

16   relevant and is privileged, and the information is not crucial to the preparation of the

17   case.

18   MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

19       *See* Reasons for Request No 15 above.

20   REASONS WHY MATTEL'S REQUEST IS IMPROPER:

21       *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

22   Nos. 1, 4 and 15.

23

24   REQUEST FOR PRODUCTION NO. 17:

25       All DOCUMENTS that FARHAD LARIAN showed MATTEL at any time

26   since January 1, 1999, including all such DOCUMENTS that he showed MATTEL in

27   connection with this ACTION, including without limitation each of the following:

28

620027v1

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

(a)     The MGA email dated November 16, 2000 that summarizes "last week's meeting" with K-Mart and references BRATZ.

(b)     FARHAD LARIAN's email to ISAAC LARIAN dated November 22, 2000 mentioning prices for a "Bratz Fashion Pack."

(c)     The November 22, 2000 chart describing changes to the Bratz Doll Assortment and Bratz Holiday doll.

(d)     FARHAD LARIAN's August 19, 2005 email to Scott Bachrach (at scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and MGA concerning BRATZ, as well associated COMMUNICATIONS.

(e)     FARHAD LARIAN's August 22, 2005 email to Colleen O'Higgins asking about BRYANT and BRATZ, as well as associated COMMUNICATIONS.

(f)     The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer Maurus regarding BRATZ, including without limitation those relating to actual and/or draft declaration(s) by the foregoing regarding BRATZ.

(g)     The December 21, 2000 email from ISAAC LARIAN to Paul Warner, with copies to Dennis Medici and FARHAD LARIAN, that mentions FRU purchases for products including BRATZ.

(h)     FARHAD LARIAN's August 1, 2005 email to Victoria O'Connor regarding BRATZ licensees, as well as associated COMMUNICATIONS.

(i)     FARHAD LARIAN's August 1, 2005 email chain with employees at dng.com asking about BRATZ, as well as associated COMMUNICATIONS.

(j)     The August 7, 2005 email from Mark Fragel responding to questions regarding BRATZ materials shown to Paulette Prim in November 2000.

(k)     FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN that states ISAAC LARIAN had instructed FARHAD LARIAN to withhold original documents that had been located in connection with the Fireman's Fund case and "to tell him [an MGA attorney] we could not find the originals."

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    (1)    The document entitled "Analysis of Design, Packaging & Mock-Up

2  Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11, 2000

3  email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

4    (m)    The August 14, 2000 ISAAC LARIAN email to Medici, Warner and

5  FARHAD LARIAN that references cost tracking software used by MATTEL that

6  ISAAC LARIAN says he learned about from interviewing MATTEL employees.

7    (n)    The emails between ISAAC LARIAN and Jahangir Makabi requesting

8  that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr.

9  Makabi's protestation that he never had any such certificates, as well as associated

10  COMMUNICATIONS.

11    (o)    The January 31, 2001 email from ISAAC LARIAN to All in Marketing

12  and Product Development, Medici and Didi Brown asserting that he (ISAAC

13  LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying in

14  substance that he ever said anything that cannot be confirmed by a writing.

15    (p)    The November 15, 2000 Paula Treantafelles email to FARHAD

16  LARIAN that says MGA will be selling a BRATZ backpack and states that a design

17  for it is attached.

18  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17:</u>

19    Christensen Glaser incorporates by reference each and every General Objection

20  set forth above as though fully set forth herein. Christensen Glaser further objects

21  specifically to request for production No. 17 on the following grounds: (1) overly

22  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

23  oppressive; (2) seeks information and documents not within Christensen Glaser's

24  possession, custody or control, and/or documents that are in the possessions, custody

25  or control of other parties, including the parties in this action; (3) seeks disclosure of

26  facts and documents protected by or subject to the attorney-client privilege, and/or

27  attorney-work product doctrine or any other applicable privilege or immunity; (4)

28  seeks disclosure of facts and documents that contain sensitive confidential and

620027v1

1  proprietary business information and/or constitute trade secret information; (5) seeks

2  production of voluminous records without sufficient limitations as to time; (6) seeks

3  information that is neither relevant to the subject matter of the pending proceeding,

4  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

5  information and documents readily accessible to Mattel from other sources or are

6  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

7  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

8  and unintelligible; (10) seeks documents in violation of the settlement negotiations

9  privilege; (11) seeks production of documents prohibited from disclosure by the

10 protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

11 Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

12 and (12) fails to comply with the requirements of Shelton v. American Motors, 805

13 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

14 2008 order, regarding service of subpoenas on former counsel, in that the information

15 can be obtained by other means and from elsewhere, the information is not clearly

16 relevant and is privileged, and the information is not crucial to the preparation of the

17 case.

18 <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL</u>:

19     *See* Reasons for Request Nos. 1 & 12 above.  In addition:

20     This Request seeks documents relevant to (i) Farhad Larian's intentional

21 destruction of all or most of these documents, which Mattel inspected; and (ii)

22 Mattel's defense of MGA's threat, via Christensen Glaser's July 2007 letter to Quinn

23 Emanuel, to disqualify Quinn Emanuel for inspecting these documents.  The

24 documents on their face also relate to Bratz.

25     Among Christensen Glaser's reasons for threatening to disqualify Quinn

26 Emanuel, Ms. Gizer cites Farhad Larian as still being a paid consultant of MGA at the

27 time Quinn Emanuel inspects the documents MGA thus admits to a working

28 relationship between MGA and Farhad Larian in November 2005.  MGA and its

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   counsel, then, also had an obligation to instruct its paid consultant and former 45%

2   owner and director (who was also simultaneously suing Isaac Larian with similar

3   allegations as Mattel's regarding the origins of Bratz), to preserve such documents.

4   MGA claims to have done so much with its employees and other key witnesses in this

5   case. Mattel is entitled to know, and Christensen Glaser cannot shield MGA with a

6   waived privileged objection, why Farhad Larian was excluded from MGA's

7   preservation instructions to persons in its payroll and key witnesses in this litigation.

8   This is particularly true in light of the undisputed fact that MGA's counsel knew that

9   Farhad Larian had evidence highly relevant to this litigation at least as early as

10  August 2005, and wrote a letter to Mr. Larian specifically referencing such

11  information.

12       For Objection No. (3) and (12), these communications are on their face not

13  privileged. The specific documents Mattel seeks consist of communications among

14  non-attorneys and business records that attorneys did not create in anticipation of

15  litigation.

16       For Objection Nos. (7) and (12), Farhad Larian destroyed all or most of the

17  documents, so Mattel cannot obtain such documents from him. Christensen Glaser,

18  Mr. Larian's current attorney and MGA's former attorney, notably does not state in its

19  Objections that they do not have possession of these documents.

20  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

21       *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

22  Nos. 1, 4 and 12. In addition, Mattel's attempts to satisfy its burden under *Shelton* are

23  entirely insufficient. Christensen Glaser does not possess any unique, non-privileged

24  documents responsive to this Request. All non-privileged documents in Christensen

25  Glaser's possession that are responsive to this Request were obtained or should have

26  been obtained either from MGA, Farhad, or subpoenas served by Mattel on Farhad

27  Larian and Isaac Larian's former counsel. Thus, Mattel cannot meet its burden under

28  *Shelton* for this Request.

1   REQUEST FOR PRODUCTION NO. 18:

2       All DOCUMENTS that REFER OR RELATED to any surveillance or

3   recording, including without limitation any tape or video recording, made by or at the

4   direction of YOU or MGA of any officer, director or employee of MATTEL or

5   MATTEL's counsel (excluding recordings made by duly authorized Court reporters of

6   sworn testimony taken in THIS ACTION).

7   RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

8       Christensen Glaser incorporates by reference each and every General Objection

9   set forth above as though fully set forth herein. Christensen Glaser further objects

10  specifically to request for production No. 18 on the following grounds: (1) overly

11  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

12  oppressive; (2) seeks information and documents not within Christensen Glaser's

13  possession, custody or control, and/or documents that are in the possessions, custody

14  or control of other parties, including the parties in this action; (3) seeks disclosure of

15  facts and documents protected by or subject to the attorney-client privilege, and/or

16  attorney-work product doctrine or any other applicable privilege or immunity; (4)

17  seeks disclosure of facts and documents that contain sensitive confidential and

18  proprietary business information and/or constitute trade secret information; (5) seeks

19  production of voluminous records without limitations as to time; (6) seeks

20  information that is neither relevant to the subject matter of the pending proceeding,

21  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

22  information and documents readily accessible to Mattel from other sources or are

23  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

24  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

25  and unintelligible; (10) seeks documents in violation of the settlement negotiations

26  privilege; (11) seeks production of documents prohibited from disclosure by the

27  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

28  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1                                    41

1  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

2  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

3  2008 order, regarding service of subpoenas on former counsel, in that the information

4  can be obtained by other means and from elsewhere, the information is not clearly

5  relevant and is privileged, and the information is not crucial to the preparation of the

6  case.

7  MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:

8      *See* Reasons for Request No. 1 above.  In addition:

9      This Request is relevant to Mattel's defense of GA's threat to disqualify Quinn

10  Emanuel as its counsel.  The Request seeks information about improper conduct on

11  the part of Christensen Glaser with respect to this threat.

12      As to Objection No. (3) and (12), unauthorized surveillance cannot be shielded

13  by work product or privilege.  Chapman & Cole v. Itel Container Intl., B.V., 865 F.2d

14  676, 686 (5th Cir. 1989).

15      As to Objection No. (7) and (12), documents related to surveillance and

16  recordings at the instruction of Christensen Glaser will be in the unique possession of

17  Christensen Glaser.

18  REASONS WHY MATTEL'S REQUEST IS IMPROPER:

19      *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

20  Nos. 1, 4 and 17.  In addition, Mattel's entire justification for this Request is a

21  possible motion to disqualify Quinn Emanuel as counsel for Mattel.  However, as

22  previously stated, Christensen Glaser does not possess any unique, non-privileged

23  documents responsive to this Request.  All non-privileged documents in Christensen

24  Glaser's possession that are responsive to this Request were obtained or should have

25  been obtained either from MGA, Farhad Larian, or subpoenas served by Mattel on

26  Farhad Larian and Isaac Larian's former counsel.   Thus, cannot meet its burden under

27  *Shelton* for this Request.

28

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    Further, Christensen Glaser has no documents regarding any surveillance or

2    recording of any officer, director or employee of MATTEL or MATTEL'S counsel.

3    Christensen Glaser offered to provide a declaration to this effect in its meet and

4    confer discussions with Mattel's counsel following the filing of this motion in an

5    effort to resolve this Topic, but Mattel did not agree to this offer.

6

7    REQUEST FOR PRODUCTION NO. 19:

8    All DOCUMENTS RELATING TO the payment, offering or promising of

9    money or anything of value by MGA and/or YOU to any PERSON who was at the

10   time employed by or worked for MATTEL.

11   RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

12   Christensen Glaser incorporates by reference each and every General Objection

13   set forth above as though fully set forth herein. Christensen Glaser further objects

14   specifically to request for production No. 19 on the following grounds: (1) overly

15   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

16   oppressive; (2) seeks information and documents not within Christensen Glaser's

17   possession, custody or control, and/or documents that are in the possessions, custody

18   or control of other parties, including the parties in this action; (3) seeks disclosure of

19   facts and documents protected by or subject to the attorney-client privilege, and/or

20   attorney-work product doctrine or any other applicable privilege or immunity; (4)

21   seeks disclosure of facts and documents that contain sensitive confidential and

22   proprietary business information and/or constitute trade secret information; (5) seeks

23   production of voluminous records without limitations as to time; (6) seeks

24   information that is neither relevant to the subject matter of the pending proceeding,

25   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

26   information and documents readily accessible to Mattel from other sources or are

27   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

28   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

and unintelligible; (10) seeks documents in violation of the settlement negotiations privilege; (11) seeks production of documents prohibited from disclosure by the protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9, 2008 order, regarding service of subpoenas on former counsel, in that the information can be obtained by other means and from elsewhere, the information is not clearly relevant and is privileged, and the information is not crucial to the preparation of the case.

<u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

*See* Reasons for Request Nos. 1 and 15 above.  In addition:

The crux of Mattel's trade secret theft allegations against MGA involve payments from MGA to Mattel employees to induce them to steal Mattel trade secrets for the benefit of MGA.  This Request on its face is limited to documents related to such information.

For Objection Nos. (3) and (12), the majority of such documents would reflect communications between MGA, on the one-hand, and persons that have no attorney-client relationship with MGA.

For Objection Nos. (7) and (12), Mattel seeks relevant, non-privileged documents uniquely in the possession of Christensen Glaser.

<u>REASONS WHY MATTEL'S REQUEST IS IMPROPER:</u>

*See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request Nos. 1, 4 and 15.  If any documents responsive to this Request existed, they would necessarily also be in the possession of MGA meaning that they are available from another source.

620027v1

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    REQUEST FOR PRODUCTION NO.20:

2        All DOCUMENTS RELATING TO the payment, offering or promising of

3    money or anything of value by MGA to FARHAD LARIAN (excluding any gifts

4    with a value of less than $500) at any time since January 1, 1999.

5    RESPONSE TO REQUEST FOR PRODUCTION NO.20:

6        Christensen Glaser incorporates by reference each and every General Objection

7    set forth above as though fully set forth herein. Christensen Glaser further objects

8    specifically to request for production No. 20 on the following grounds: (1) overly

9    broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

10   oppressive; (2) seeks information and documents not within Christensen Glaser's

11   possession, custody or control, and/or documents that are in the possessions, custody

12   or control of other parties, including the parties in this action; (3) seeks disclosure of

13   facts and documents protected by or subject to the attorney-client privilege, and/or

14   attorney-work product doctrine or any other applicable privilege or immunity; (4)

15   seeks disclosure of facts and documents that contain sensitive confidential and

16   proprietary business information and/or constitute trade secret information; (5) seeks

17   production of voluminous records without sufficient limitations as to time; (0 seeks

18   information that is neither relevant to the subject matter of the pending proceeding,

19   nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

20   information and documents readily accessible to Mattel from other sources or are

21   otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

22   right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

23   and unintelligible; (10) seeks documents in violation of the settlement negotiations

24   privilege; (11) seeks production of documents prohibited from disclosure by the

25   protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

26   Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

27   and (12) fails to comply with the requirements of Shelton v. American Motors, 805

28   F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 | 2008 order, regarding service of subpoenas on former counsel, in that the information

2 | can be obtained by other means and from elsewhere, the information is not clearly

3 | relevant and is privileged, and the information is not crucial to the preparation of the

4 | case.

5 | <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL:</u>

6 |     *See* Reasons for Request Nos. 1 and 15 above.

7 | <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER:</u>

8 |     *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

9 | Nos. 1, 4 and 15. It is our understanding that the Court has already compelled MGA

10 | to produce documents responsive to this Request. Moreover, Mattel asked Farhad

11 | Larian questions seeking this very information at this deposition. Therefore, Mattel

12 | cannot show that Christensen Glaser has unique documents responsive to this

13 | Request, and in fact, makes no attempt to do so in its moving papers.

14 |

15 | <u>REQUEST FOR PRODUCTION NO.21:</u>

16 |     All DOCUMENTS REFERRING OR RELATING TO the destruction or loss

17 | of any DOCUMENT sought by or the subject of Request Nos. 1 through 20.

18 | <u>RESPONSE TO REQUEST FOR PRODUCTION NO.21:</u>

19 |     Christensen Glaser incorporates by reference each and every General Objection

20 | set forth above as though fully set forth herein. Christensen Glaser further objects

21 | specifically to request for production No. 21 on the following grounds: (1) overly

22 | broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

23 | oppressive; (2) seeks information and documents not within Christensen Glaser's

24 | possession, custody or control, and/or documents that are in the possessions, custody

25 | or control of other parties, including the parties in this action; (3) seeks disclosure of

26 | facts and documents protected by or subject to the attorney-client privilege, and/or

27 | attorney-work product doctrine or any other applicable privilege or immunity; (4)

28 | seeks disclosure of facts and documents that contain sensitive confidential and

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  proprietary business information and/or constitute trade secret information;. (5) seeks

2  production of voluminous records without limitations as to time; (6) seeks

3  information that is neither relevant to the subject matter of the pending proceeding,

4  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

5  information and documents readily accessible to Mattel from other sources or are

6  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

7  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

8  and unintelligible; (10) seeks documents in violation of the settlement negotiations

9  privilege; (11) seeks production of documents prohibited from disclosure by the

10  protective orders issued in this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior

11  Court Case No. BC 301371, and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH;

12  and (12) fails to comply with the requirements of *Shelton v. American Motors*, 805

13  F.2d 1323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

14  2008 order, regarding service of subpoenas on former counsel, in that the information

15  can be obtained by other means and from elsewhere, the information is not clearly

16  relevant and is privileged, and the information is not crucial to the preparation of the

17  case.

18  <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL</u>:

19      *See* Reasons for Request Nos. 1, 13 and 17 above.

20  <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER</u>:

21      *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

22  Nos. 1, 4, 13 and 17.  It is our understanding that the Court has already compelled the

23  MGA to produce documents responsive to this Request.  Therefore, Mattel cannot

24  show that Christensen Glaser has unique documents responsive to this Request, and in

25  fact, makes no attempt to do so in its moving papers.

26

27

28

47

1  REQUEST FOR PRODUCTION NO. 22:

2      Any instruction or COMMUNICATION from any PERSON, including without

3  limitation BRYANT, MGA or FARHAD LARIAN, with respect to the retention,

4  preservation, collection, search, transmittal, transfer or destruction of any

5  DOCUMENT sought by or the subject of Request Nos. 1 through 20.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

7      Christensen Glaser incorporates by reference each and every General Objection

8  set forth above as though fully set forth herein. Christensen Glaser further objects

9  specifically to request for production No. 22 on the following grounds: (1) overly

10  broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

11  oppressive; (2) seeks information and documents not within Christensen Glaser's

12  possession, custody or control, and/or documents that are in the possessions, custody

13  or control of other parties, including the parties in this action; (3) seeks disclosure of

14  facts and documents protected by or subject to the attorney-client privilege, and/or

15  attorney-work product doctrine or any other applicable privilege or immunity; (4)

16  seeks disclosure of facts and documents that contain sensitive confidential and

17  proprietary business information and/or constitute trade secret information; (5) seeks

18  production of voluminous records without limitations as to time; (6) seeks

19  information that is neither relevant to the subject matter of the pending proceeding,

20  nor reasonably calculated to lead to the discovery of admissible evidence; (7) seeks

21  information and documents readily accessible to Mattel from other sources or are

22  otherwise publicly available; (8) seeks documents which violate Christensen Glaser's

23  right to privacy and/or the right to privacy of a third party; (9) is vague, ambiguous

24  and unintelligible; (10) seeks documents in violation of the settlement negotiations

25  privilege; (11) seeks production of documents prohibited from disclosure by the

26  protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior

27  Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05-2096-ABH;

28  and (12) fails to comply with the requirements of Shelton v. American Motors, 805

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1   F.241323 (8th Cir. 1986) and Judge Infante's prior orders, including his January 9,

2   2008 order, regarding service of subpoenas on former counsel, in that the information

3   can be obtained by other means and from elsewhere, the information is not clearly

4   relevant and is privileged, and the information is not crucial to the preparation of the

5   case.

6   <u>MATTEL'S ARGUMENT IN SUPPORT OF MOTION TO COMPEL</u>:

7       *See* Reasons for Request Nos. 1, 13 and 17 above.

8   <u>REASONS WHY MATTEL'S REQUEST IS IMPROPER</u>:

9       *See* Christensen Glaser's Reasons Why Mattel's Request is Improper re Request

10  Nos. 1, 4, 13, 17 and 21.  It is our understanding that the Court has already compelled

11  MGA to produce documents responsive to this Requests.  Therefore, Mattel cannot

12  show that Christensen Glaser has unique documents responsive to this Request, and in

13  fact, makes no attempt to do so in its moving papers.

14

15  DATED: March 21, 2008                 CHRISTENSEN, GLASER, FINK, JACOBS,

16                                          WEIL & SHAPIRO, LLP

17

18

19                                       By _____

20                                          Scott E. Gizer
                                            Attorneys for Non-Party Christensen,
21                                          Glaser, Fink Jacobs, Weil & Shapiro, LLP

22

23

24

25

26

27

28

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

620027v1

RESPONSES TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

3

4       I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

5

6       On March 21, 2008, I served the foregoing document(s) described as:

**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S**
7 **RESPONSE TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF**
8 **CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**

9 on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

10

11 John B. Quinn, Esq.                        Jose Allen, Esq.
   Michael T. Zeller, Esq.                    Amy Park, Esq.
   Juan Pablo Alban, Esq.                     SKADDEN ARPS SLATE MEAGHER &
12 Jon D. Corey, Esq.                         FLOM, LLP
   Timothy L. Alger, Esq.
13 QUINN EMANUEL URQUHARD                      Four Embarcadero center
      OLIVER & HEDGES, LLP                     Suite 3800
14 865 S. Figueroa St., 10th Floor            San Francisco, California 94111
   Los Angeles, CA  90017                     jose.allen@skadden.com
15 Fax No.: (213) 443-3100
   johnquinn@quinnemanuel.com

16

17 ☐       (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This
18         correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles,
19         California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the
20         envelope is more than one day after the date of deposit for mailing contained in this affidavit.

21 ☐       (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the
22         offices of the above named addressee(s).

23 ☒       (BY E-MAIL)  I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

24         Executed this 21st day March 2008, at Los Angeles, California.

25         I declare under penalty of perjury under the laws of the State of California that the above is
26 true and correct.

27         _____
                              Scott E. Gizer
28

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000