made by duly authorized Court reporters of sworn testimony taken in THIS ACTION).

11.   COMMUNICATIONS REFERRING OR RELATING TO BRYANT, BRATZ, any BRATZ WORK, MGA, FARHAD LARIAN, MATTEL or THIS ACTION to or from Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Mercedeh Ward, Elise Cloonan, Sarah Halpern, Jesse Ramirez, Anna Rhee, Ana Cabrera, Beatriz Morales and/or Maria Salazar.

12.   Any fee or indemnification agreements REFERRING OR RELATING TO this ACTION or any MATTEL claim.

13.   The DOCUMENT that Victoria O'Connor of MGA testified she sent YOU in 2000 and including without limitation any iteration, version or draft thereof, and all COMMUNICATIONS with BRYANT relating thereto.

14.   Any investigation, analysis, due diligence or research that YOU conducted, were asked to conduct, was conducted under your supervision or at YOUR request that REFERS OR RELATES TO BRYANT; MATTEL; the origins, reduction to practice, conception or creation of BRATZ or any BRATZ WORK; or the ownership of any right, title or interest in or to BRATZ or any BRATZ WORK.

EXHIBIT B

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
    individual,
13                                 Consolidated with
              Plaintiff,           Case No. CV 04-09059
14                                 Case No. CV 05-02727
        vs.
15                                 Hon. Stephen G. Larson
    MATTEL, INC., a Delaware
16  corporation,                   MATTEL, INC.'S *EX PARTE* APPLICATION;
                                   (1) TO COMPEL DEPOSITIONS OF DAPHNE
17            Defendant.           GRONICH, JOE TIONGCO, MARIANA
                                   TRUEBA, PABLO VARGAS, MGA
18                                 ENTERTAINMENT, INC. (PURSUANT TO
    AND CONSOLIDATED               RULE 30(B)(6), AND MGAE DE MEXICO
19  ACTIONS                        (PURSUANT TO 30(B)(6) AND (2) FOR
                                   LEAVE TO TAKE DEPOSITIONS IN
20                                 FEBRUARY 2008; OR, IN THE
                                   ALTERNATIVE, FOR AN ORDER
21                                 SHORTENING TIME TO HEAR A MOTION
                                   SEEKING THE FOREGOING RELIEF; AND
22
                                   MEMORANDUM OF POINTS AND
23                                 AUTHORITIES IN SUPPORT THEREOF

24                                 Hearing Date: N/A
                                   Time: N/A
25                                 Courtroom: N/A

26                                 [Declarations of Jon D. Corey, Timothy Alger,

27

28

07209/2362187.4

─────────────────────────────────────────────
            MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Scott B. Kidman, Brian Shore, Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Christopher E. Price filed concurrently]

**Phase 1:**
Discovery Cut-off:       January 28, 2008
Pre-trial Conference:   May 5, 2008
Trial Date:                   May 27, 2008

1    Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply

2  *ex parte*, pursuant to Local Rule 7-19 and Fed. R. Civ. P. 37, for an order

3  (1) granting Mattel leave to take the depositions of witnesses whose testimony is

4  relevant to Phase 2 issues on or before February 29, 2008, and (2) compelling Joe

5  Tiongco, Daphne Gronich, Mariana Trueba, Pablo Vargas, MGA

6  Entertainment, Inc., and MGAE de Mexico, to appear for deposition on or before

7  February 29, 2008; or, in the alternative, for an order shortening time to hear a

8  motion seeking such relief. Mattel brings this motion before this Court, and not

9  before the Discovery Master, because Mattel is seeking to compel compliance with

10  this Court's January 7, 2008 Order granting leave to depose certain witnesses.[1]

11    This application is made on the grounds that--as the Court has already

12  recognized--the witnesses have crucial knowledge concerning the parties' claims

13  and the depositions can be conducted in February without affecting the Court's

14  pretrial schedule for Phase 1 of the trial, set to commence May 27, 2008. Additional

15  time is required to conduct this discovery because the MGA parties frustrated

16  Mattel's ability to subpoena certain of MGA's employees, moved to quash

17  deposition subpoenas directed to other witnesses, refused to produce two properly

18  subpoenaed witnesses for deposition, and failed or refused to stipulate to allow third

19  parties who could not appear for deposition on or before January 28, 2008, to appear

20  thereafter. Mattel would be severely prejudiced if this matter were heard according

21  to regularly noticed motion procedures because it would not be able to complete

22  discovery to which it is indisputably entitled.

23    The parties have met and conferred regarding these issues and have

24  been unable to resolve their differences.[2]

25  

26  [1] The Order explained that the Court seeks to resolve the parties' deposition issues "in the most expeditious manner possible."

27  [2] Declaration of Jon D. Corey ("Corey Dec."), ¶¶ 5, 7, 9-13, 17, 20, 24; Exhs. 4, 5, 8, 9, 10, 15, 21, 23 to the Corey Dec. All exhibits are to the Corey Dec. unless otherwise stated. Declaration of Christopher E. Price ("Price Dec."), ¶¶ 10-11.

28

1    This application is based on this Application, the accompanying

2 Memorandum of Points and Authorities, the concurrently filed declarations of

3 Jon D. Corey, Timothy Alger, Scott Kidman, Christopher E. Price, Brian Shore,

4 Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Fred

5 Lowe and all pleadings and papers on file with the Court in this action.

6    Pursuant to Local Rule 7-19.1, counsel for Mattel gave notice of this

7 application to counsel for all other parties and the witnesses via telephone and letter

8 on January 27, 2008.

9    Counsel for Carter Bryant is Michael Page of Keker & Van Nest, LLP

10    (telephone: 415-391-5400; address:  710 Sansome Street, San

11    Francisco, CA 94111).  Mr. Bryant opposes the ex parte application.

12

13    Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,

14    MGAE de Mexico and Isaac Larian is Thomas J. Nolan of Skadden,

15    Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address:

16    300 S. Grand Ave., Los Angeles, CA 90071).  The MGA defendants

17    oppose the ex parte application.

18

19    Counsel for Gustavo Machado Gomez is Alexander Cote of Overland

20    Borenstein Scheper & Kim, LLP (telephone: 213-613-4655; address:

21    300 South Grand Avenue, Suite 2750, Los Angeles, CA 90071).

22

23    Larry McFarland of Keats McFarland & Wilson LLP was also provided

24    notice of this application by e-mail and letter  (telephone:  310-248-

25    3830; address:  9720 Wilshire Boulevard, Penthouse Suite, Beverly

26    Hills, California 90212).

27

28

1          Each of the foregoing was notified of this application.  Counsel for

2  MGA and Carter Bryant stated that their clients opposed the application, but did not

3  state whether they wished to be heard.  Mattel does not have knowledge of the

4  positions of Mr. Machado or Mr. McFarland with respect to it.

5

6  DATED:  January 28, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8

9                      By /s/ Jon D. Corey

                        Jon D. Corey

10                    Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT ............................................................................................................ 5

I.    MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN
      DEPOSITIONS IN FEBRUARY .................................................................. 5

      A.    Several Witnesses Stated that They Could Not Appear Until
            After the Discovery Cutoff Date .......................................................... 5

      B.    Despite Mattel's Diligent Efforts, Some Important Witnesses
            Have Not Yet Been Served .................................................................. 6

      C.    Mattel Has Moved to Obtain a Letter Rogatory to Take the
            Deposition of MGA Employee Jeanine Brisbois .................................. 9

      D.    Mattel Needs Additional Time to Serve Other Foreign Witnesses ........ 9

      E.    Mattel Has Moved to Compel the Deposition of Carlos Gustavo
            Machado Gomez ................................................................................... 9

II.   THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE
      TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO
      VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES
      IN FEBRUARY. .......................................................................................... 11

CONCLUSION ......................................................................................................... 14

1

# TABLE OF AUTHORITIES

2
**Page**

3

## Cases

Founding Church of Scientology of Washington, D.C. v. Webster,
   802 F.2d 1448 (D.C. Cir. 1986) ............................................................... 13

In re Honda American Motor Co.,
   168 F.R.D. 535 (D. Md. 1996) ................................................................ 13

Reed Paper Co. v. Procter & Gamble Distributing Co.,
   144 F.R.D. 2 (D. Me. 1992) ..................................................................... 12

Rubio v. General Tire and Rubber Co.,
   18 F.R.D. 51 (S.D.N.Y. 1955) ................................................................. 12

Sugarhill Records Ltd. v. Motown Record Corp.,
   105 F.R.D. 166 (S.D.N.Y. 1985) ............................................................. 13

## Statutes

Fed. R. Civ. P.
   Rule 26(a)(1) ............................................................................................. 6
   Rule 30 ..................................................................................................... 12
   Rule 30(b)(6) ........................................................................................ 2, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel makes this application because MGA has frustrated and obstructed Mattel's efforts to take the depositions that the Court allowed in its January 7, 2008 Order. On January 7, 2008, the Court granted Mattel leave to take over 40 specifically identified depositions beyond the 24 permitted in the Scheduling Order. But they had to be taken by January 28, 2008.

So far this month, Mattel has taken and defended over 30 days of deposition. Because Mattel was prevented from completing the depositions of persons who were either properly subpoenaed or who are subject to the Court's January 7 order, Mattel seeks leave to depose all such persons during February 2008. The depositions that Mattel now seeks to conduct in February will not interfere with the Court's Phase 1 schedule.

The depositions that the Court ordered, but that Mattel could not complete before January 28, 2008, fall into three categories:

1) Properly served third-parties who were not available before January 28, and as to whom MGA refused to stipulate to taking their depositions in February; including without limitation, Joyce Ng, Rachel Harris, Andrea Koch, Gentle Giant Studios, Amy Myers, Christensen Glaser, and Kami Gilmour;

2) Witnesses subject to the January 7 Order, including Larry McFarland (who is himself counsel for some witnesses), who appear to be avoiding service. Despite Mattel's diligent efforts, they have not been served. MGA forced Mattel to serve other witnesses although MGA represented in its disclosures that they could be contacted through MGA's counsel, but then refused to accept service on their behalf and withheld the witnesses' contact information; and,

1          3)  Witnesses whose deposition notices and subpoenas MGA has asked

2    Judge Infante to quash, including the following deponents subject to the

3    January 7 Order:  Daphne Gronich, Joe Tiongco, Wachovia Corporation,

4    Moss Adams, MGA (pursuant to Rule 30(b)(6)), and MGAE de Mexico

5    (pursuant to Rule 30(b)(6)).

6          Accordingly, Mattel seeks to compel the attendance Daphne Gronich,

7    Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, and MGAE de

8    Mexico and seeks leave to depose on or before February 29, 2008 all witnesses

9    already served with subpoenas or subject to the Court's January 7, 2008 Order

10   whose testimony is relevant to Phase 2 issues.

11

12                  **Statement of Facts**

13

14         The Court Grants Leave to Take Additional Depositions.  On

15   November 19, 2007, Mattel moved for leave to take additional discovery.  On

16   January 7, 2008, the Court issued an Order Granting in Part and Denying in Part

17   Mattel's Motion for Leave to Take Additional Discovery.  The Court concluded that

18   "Mattel has shown good cause to grant additional discovery given the complexity of

19   this case, the number of parties, recent developments related to the substitution of

20   counsel, the concerns regarding retention and spoliation of evidence, and the delay

21   in receiving paper discovery caused by numerous discovery requests and a Court-

22   imposed stay requested by MGA upon substitution of counsel."[3]  As a result, the

23   Court granted Mattel leave to take the depositions of all the witnesses identified in

24   Mattel's motion.[4]  The Court denied Mattel's motion only to the extent that Mattel

25   sought to conduct a further deposition of Carter Bryant.[5]

26

27   [3]  Exh. 3, at 2-3 [January 7, 2008 Order] to the Declaration of Jon D. Corey ("Corey Dec.").  All exhibits are attached to the Corey Dec. unless otherwise stated.
     [4]  Id., at 2-3.
28   [5]  Id.

1    The Order compelled counsel to "coordinate their schedules with those

2    of the deponents" and further required that the depositions be held by January 28,

3    2008.[6]  Since the date of the Order, the parties have taken or defended over 30

4    depositions.  Evidently anticipating that some witnesses might not find it convenient

5    to be deposed prior to January 28 and that the parties might have difficulty

6    scheduling such a large number of depositions to occur by then, the Court created an

7    exception:

8        [I]n light of the additional discovery permitted by this
         Order, and to the extent that counsel for the parties who
9        are asserting or defending against claims to be tried in
         Phase 2 of the trial are in agreement, the Court will
10       consider a stipulation of those parties that designates
         certain Depositions as "Phase 2" depositions that may be
11       conducted during the month of February, if counsel can
         assure the Court that such depositions can be so conducted
12       without altering the Court's pretrial schedule regarding
         Phase 1.

13

14       Mattel's Efforts to Serve the Additional Witnesses.  After Mattel

15   received the January 7, 2008 Order, it immediately began working to serve notices

16   and subpoenas on the relevant witnesses.  MGA hampered those efforts.  MGA

17   refused to accept service subpoenas or notices on behalf of many employees, even

18   claiming that its vice-presidents, directors, and managers were not officers, directors

19   or managing agents and thus needed to be served with subpoenas.  MGA did so even

20   though its disclosures stated that these same witnesses "may be contacted through

21   MGA's counsel of record."[7]  Those witnesses included Shirin Salemnia, Mariana

22   Trueba, Janine Brisbois, and Pablo Vargas.[8]  Based on MGA's supplemental

23   disclosures and the positions of the witnesses with MGA, Mattel served notices of

24

25

26

27    [6]  Id., at 5.
      [7]  Corey Dec., ¶ 5; Exh. 6 [MGA's Supplemental Initial Disclosures].
28    [8]  Exh. 6 [MGA's Supplemental Initial Disclosures].

1  deposition.[9] However, with some exceptions MGA refused to accept service of
2  deposition subpoenas or notices on their behalf.[10]

3       Not only was Mattel forced to find addresses -- some previously
4  withheld by MGA on the grounds that MGA was the proper point of contact -- for
5  over 20 witnesses, but working under a compressed schedule it had to attempt to
6  personally serve subpoenas on over 30 witnesses across the country. Various of the
7  witnesses, despite numerous attempts to serve them, have not yet been served.[11]

8       <u>Mattel Has Already Deposed Many of the Witnesses Subject to the</u>
9  <u>January 7 Order.</u>  Despite the challenges posted by the compressed schedule Mattel
10  has deposed many of the witnesses the Court granted it leave to conduct in its
11  January 7, 2008 Order, including, Margaret Leahy, Veronica Marlow, Elise
12  Cloonan, Jesse Ramirez, Jeane Galvano, Susan A. Kuemmerle, Nana Ashong,
13  Kickapoo High School, Anne Wang, David Rosenbaum, Mitchell Kamarck, LA
14  Focus, Nic Contreras, and Dan Cooney.

15       At the same time, Mattel has cooperated fully with MGA in producing
16  Mattel witnesses for deposition. With but one exception, Mattel has produced all
17  witnesses MGA has sought. The only exception is Evelyn Viohl, who gave birth
18  last week.

19
20
21
22
23
24
25

26  [9]  Exhs. T through Y to the Price Dec.; Exhs. 16 and 17 to the Corey Dec.
    [10] Corey Dec., ¶ 5; Exhs. 4 and 5.
27  [11] Price Decl., ¶¶ 2, 16; Declarations of Brian Shore, Rudy Flores, Don Wallace,
28  Miguel Leyva, Ryan Jarez, and Kenneth Wright.

1

2

**Argument**

3    I.    **MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN**

4    **DEPOSITIONS IN FEBRUARY**

5    Although Mattel has diligently attempted to take over 40 depositions

6    within a two-and-a-half week period, some third-party witnesses were unable to

7    appear for deposition before January 28, but have agreed to appear in February. The

8    testimony of these witnesses will not affect the Court's pretrial schedule for the

9    Phase 1 trial, set to commence May 27, 2008. The opposing parties, although

10   repeatedly asked, refused to stipulate that these depositions could occur in February.

11   For these reasons, the Court should grant Mattel leave to take additional depositions

12   in February 2008.

13       A.    **Several Witnesses Stated that They Could Not Appear Until After**

14       **the Discovery Cutoff Date**

15   Several third-party witnesses, after being served with deposition

16   subpoenas, informed Mattel that they could not appear for their depositions by

17   January 28, but requested accommodation of their schedules. These witnesses

18   include:

19       • Jorge Castilla;[12]

20       • Joyce Ng;[13]

21       • Gentle Giant Studios;[14]

22       • Wachovia Corporation;[15]

23       • Moss Adams;[16]

24

25   [12] Corey Dec., ¶ 8(b).
     [13] Declaration of Scott Kidman, ¶ 2.
26   [14] Declaration of Timothy Alger, ¶ 2.
     [15] Corey Dec., ¶ 8(c).  Wachovia Corporation is also a subject of MGA's Motion
27   to Quash.
     [16] Corey Dec., ¶ 8(d).  Moss Adams is also a subject of MGA's Motion to
28   Quash.

07209/2362187.4

1      • Andreas Koch;[17]

2      • Christensen Glaser;[18]

3      • Amy Myers;[19]

4      • Rachel Harris;[20] and,

5      • Kami Gilmour.[21]

6      To accommodate the third-parties, Mattel asked MGA, Machado

7    Gomez, and Bryant to stipulate that the depositions of the above persons could

8    proceed in February 2008. They either refused to do so or did not respond.[22]

9    Accordingly, the Court should grant Mattel leave to conduct these depositions in

10   February 2008.[23]

11      **B.   Despite Mattel's Diligent Efforts, Some Important Witnesses Have**

12          **Not Yet Been Served**

13      Despite attempting to serve deposition notices and schedule over 40

14   depositions within 19 days, Mattel has been unable to arrange the deposition of

15   some witnesses.

16      In many instances, MGA delayed and impaired Mattel's efforts to

17   arrange depositions. As discussed above, despite identifying many of these same

18   witnesses in its initial disclosures, MGA refused to provide witnesses' addresses and

19   telephone numbers as required by Fed. R. Civ. P. 26(a)(1). Instead, MGA stated

20   that they could be contacted through MGA's counsel. However, when Mattel

21   requested that MGA accept service of deposition subpoenas for witnesses identified

22

23      [17]  Corey Dec., ¶ 8(a); Price Dec., ¶ 7.
       [18]  Price Dec., ¶ 6.
24      [19]  Corey Dec., ¶ 8(f).
       [20]  Price Dec., ¶ 14.
25      [21]  Corey Dec., ¶ 8(e).
       [22]  Corey Dec., ¶ 9; Exhs. 8, 9, and 10.
26      [23]  MGA did stipulate that Moss Adams and Wachovia depositions will go
     forward after the Discovery Master rules on document motions that affect the
27   documents available for those depositions. MGA then moved to quash the
28   deposition subpoenas served on them.

1  in MGA's initial disclosures, MGA refused.  As a result, Mattel was forced to

2  attempt to discover their addresses (often finding several possible addresses for a

3  given witness).[24]

4          Even after obtaining address information, some witnesses have proven

5  elusive and appear to be avoiding service.  For example, Mattel requested that Larry

6  McFarland accept service on behalf of himself and his clients.[25]  After failing to

7  respond for four days, he refused and Mattel began attempting to personally serve

8  Mr. McFarland and his clients.[26]  The process server made six attempts to serve

9  Lucy Arant at her home and work place, including waiting for her for hours.[27]  The

10 process server made several attempts to serve Sarah Halpern and spoke with her

11 husband, who claimed she "comes and goes a lot."[28]  Another process server also

12 waited for four hours to attempt service, without success.[29]  Notably, Mr. McFarland

13 himself has also been elusive.  The process server has made at least four attempts to

14 serve him.[30]  Although his receptionist said that he was out of the office for an

15 indeterminate period of time, he has been active in writing and sending letters to

16 counsel for Mattel.[31]  Mattel recently asked Mr. McFarland when it could arrange

17 for service at a time convenient to him.  He has not responded.[32]

18          Mattel has continued its efforts to serve these witnesses.

19  _____

[24]  Price Dec., ¶ 2.

20 [25]  Larry McFarland's deposition was ordered by the Court, as well as those of
    two of his clients:  Lucy Arant and Sarah Halpern, both former MGA employees.
21  Sarah Halpern was identified as a witness by MGA, but MGA failed to provide her
22  address and phone number.  Instead, MGA stated that she could be contacted
    through her attorney, Larry McFarland.  Exh. 6 [MGA's Supplemental Initial
23  Disclosures].

24 [26]  Price Dec., ¶¶ 3-5 and Exhs. A and E attached thereto.
25 [27]  Declaration of Ryan Jarez ¶¶ 2-3.
   [28]  Declaration of Kenneth Wright, dated January 28, 2008, ¶¶ 2-3.
26 [29]  Declaration of Brian Shore, ¶ 3.
   [30]  Declaration of Miguel Leyva ¶¶ 2-5.
27 [31]  Price Dec., ¶ 4, and Exhs. B, C, and D, thereto.
28 [32]  Price Dec., ¶ 5, and Exh. E thereto.

1          Other important witnesses who have not yet been served despite

2  Mattel's attempts to do so include:

3             • Shirin Salemnia. There have been at least seven attempts to serve her

4  at her residence, without success.[33]

5             • Ricardo Abundis. Attempts to serve him at his residential address

6  have been unsuccessful. Mr. Abundis's mother, who lives at the same address,

7  claims that he moved to Arkansas but refused to provide an address.[34] However,

8  Mr. Abundis called counsel for Mattel the morning of January 28, 2008, leaving his

9  telephone number and city of residence.[35]

10           • Peter Marlow. There have been at least ten attempts to serve

11  Mr. Marlow at his residence, including hours of waiting.[36]

12           • Mercedeh Ward. According to her husband, Ms. Ward is out of the

13  country, but will return in February 2008.[37]

14           • Carol Witschell. The first process server erroneously reported her

15  served. Since then, Mattel has worked to discover her current address.[38]

16           • Jeff Weiss. There have been at least three attempts to serve

17  Mr. Weiss at the only address on record for him. During one attempt, Mr. Weiss'

18  mother agreed to accept service of the documents on his behalf, but then tried to

19  give them back after calling Mr. Weiss.[39]

20          Mattel has not had sufficient time to secure the depositions of these

21  witnesses. However, with the field of witnesses narrowed and Mattel's efforts

22  continuing, many if not all of these depositions could be conducted in

23  [33]  Declaration of Miguel Leyva, ¶¶ 4-6.

24  [34]  Declaration of Rudy Flores.

25  [35]  Price Dec., ¶ 13.

     [36]  Declaration of Rudy Flores Re: Attempting Service; Declaration of Donald

26  Wallace Re: Attempting Service.

27  [37]  Price Dec., ¶ 16.

     [38]  Price Dec., ¶ 9.

28  [39]  Declaration of Scott Snowden.

07209/2362187.4

8

1   February 2008.  The importance of these witnesses has already been acknowledged

2   by the Court and no prejudice to the parties or the Court's Phase 1 trial schedule will

3   arise if Mattel is granted leave to take their depositions in February 2008.

4   **C.    Mattel Has Moved to Obtain a Letter Rogatory to Take the**

5   **Deposition of MGA Employee Jeanine Brisbois**

6           MGA has failed to produce Jeanine Brisbois for deposition.  As a

7   result, Mattel has filed a motion to obtain a letter rogatory to take her deposition in

8   Canada, where she is a resident.[40]  Mattel therefore requests leave to secure the letter

9   rogatory and conduct the deposition as soon as permitted by Canadian courts.

10  **D.    Mattel Needs Additional Time to Serve Other Foreign Witnesses**

11          Mattel has been searching for current addresses for three foreign

12  witnesses that it seeks to depose:  Stephen Lee, Cecilia Kwock, and Eric Yip.  They

13  are believed to be residents of Hong Kong and Mattel requests additional time to

14  locate them and arrange for service.

15  **E.    Mattel Has Moved to Compel the Deposition of Carlos Gustavo**

16  **Machado Gomez**

17          Carlos Gustavo Machado Gomez is a party to this lawsuit who has

18  refused to sit for deposition.  Mattel began seeking deposition dates from Machado

19  on June 4, 2007.  On September 3, 2007, James Spertus, then counsel for Machado,

20  confirmed that October 26, 2007, was an "acceptable date" for Machado's

21  deposition.  However, after Mr. Spertus withdrew as counsel, Machado's new

22  counsel, Alexander Cote, contacted Mattel to discuss, among other things,

23  Machado's pending deposition.  Although he confirmed that Machado's deposition

24  would proceed, Mr. Cote told Mattel that the deposition could not take place on

25

26

27

28  [40]   Corey Dec., ¶ 7.

1   October 26, 2007, because of restrictions on Machado's ability to travel to and from
2   Mexico resulting from his criminal indictment in Mexico.[41]

3       Mattel again asked for deposition dates.[42] Mr. Cote told Mattel that
4   Machado was restricted from leaving Mexico. In response, Mattel offered to take
5   the deposition in Mexico. Mr. Cote refused to offer any possible deposition dates.
6   Mattel then filed its Motion to Compel the Deposition of Carlos Gustavo Machado
7   Gomez on November 13, 2007.[43]

8       On December 6, 2007, Mr. Cote offered to make Machado available for
9   deposition on January 15, 2008, in Mexico City. Mattel agreed and sent an
10  Amended Notice of Deposition for that date. Mr. Cote thereafter requested that
11  Mattel continue the hearing on the motion to compel because Machado's deposition
12  was purportedly set and he had a conflict on the scheduled hearing date. Mattel did
13  so and the hearing was continued to February 8, 2008.

14      On January 13, 2008, Amy Park, counsel for MGA, informed Mattel
15  that Machado's deposition would have to be cancelled. Her claimed justification
16  was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a
17  sentencing hearing in the "Reyes" case. Ms. Park further wrote that Mr. Machado's
18  deposition would need to proceed after the Phase I trial. Shortly thereafter,
19  Mr. Cote, who the prior afternoon had represented to the Discovery Master's case
20  manager that the deposition would go forward, wrote that "Mr. Machado will not be
21  appearing on the 15th. Accordingly, the deposition will not be going forward."

22      MGA's and Machado's cancellation of his agreed upon deposition date
23  is contrary to the Court's January 7, 2008 Order, which states that "all counsel are

24

25

26
---
27  [41] Id., ¶ 10.
    [42] Id., ¶ 11.
28  [43] Id.

1   expected to coordinate their schedules with those of the deponents such that the
2   depositions are held prior to the discovery cut off date of January 28, 2008."[44]

3   **II.     THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE**
4   **TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO**
5   **VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES IN**
6   **FEBRUARY.**

7          In its January 7, 2008 Order, the Court found that Mattel had good
8   cause to take the depositions of over 40 witnesses and granted it leave to do so.
9   Among the depositions specifically ordered by the Court were those of Joe Tiongco,
10  Daphne Gronich, MGA (pursuant to a Fourth Notice of Deposition) and MGAE de
11  Mexico.

12         Joe Tiongco and Daphne Gronich are MGA witnesses identified by
13  Mattel as having information related to document retention, preservation, collection,
14  and spoliation. MGA has moved to quash their depositions and argues the Court did
15  not grant Mattel leave to depose either Tiongo or Gronich.[45] MGA is wrong. In
16  Mattel, Inc.'s Motion for Leave to Take Additional Discovery, Mattel stated that "it
17  seeks to depose" Joe Tiongco and Daphne Gronich because of concerns over
18  "MGA's and Bryant's preservation and production of evidence."[46] Although the
19  Court's order granting Mattel's motion did not refer to Tiongco and Gronich by
20  name or page number, they are clearly encompassed by it. The Court allowed
21  additional depositions, finding that Mattel had shown good cause for additional
22  discovery because of "the concerns regarding retention and spoliation of
23  evidence."[47] Notably, Tiongco and Gronich were the only two witnesses identified
24  in Mattel's motion as having knowledge relevant to that issue. Further, the Court
25

26  [44]   Exh. 3, at 5 [January 7, 2008 Order].
27  [45]   Exh. 15.
    [46]   Exh. 2 at 14:5-17 [Motion for Leave to Take Additional Discovery].
28  [47]   Exh. 3, at 2 [January 7, 2008 Order].

1  "GRANTED" Mattel's motion, denying only Mattel's request that it be granted

2  additional time to depose to Carter Bryant.[48]  Accordingly, these depositions should

3  proceed at the earliest opportunity.

4           Pablo Vargas and Mariana Trueba are the Director of Sales of MGAE

5  de Mexico and the Director of Marketing, Girls Division, of MGAE de Mexico,

6  respectively.[49]  They were served with deposition notices on January 10, 2008,

7  setting their depositions for January 24, 2008.[50]  Neither witness appeared.  The

8  MGA defendants contend that neither the "Director of Marketing" nor the "Director

9  of Sales" is a "managing agent" and were therefore required to be personally served

10  with deposition subpoenas.[51]

11           That assertion is meritless.  The courts use a three-prong test to

12  determine who is a "managing agent" for the purposes of Fed. R. Civ. P. Rule 30:

13           First, the employee should be "a person invested by the
             corporation with general powers to exercise his judgment
14           and discretion dealing with corporate matters.

15           Second, the employee should be a person who "could be
             depended upon to carry out his employer's direction to
16           give testimony at the demand of a party engaged in
             litigation with the employer."
17
             Third, the employee should be a person who can be
18           expected to identify himself with the interest of the
             corporation rather than with those of the other parties.
19

20  Reed Paper Co. v. Procter & Gamble Distributing Co., 144 F.R.D. 2, 4 (D. Me.

21  1992), quoting Rubio v. General Tire and Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y.

22  1955) (citing cases).  Of the three factors, "[t]he 'paramount test' is whether the

23  individual can be expected to identify with corporation's interest as opposed to an

24  ---

25    [48]  Exh. 3, at 2-3 [January 7, 2008 Order].
      [49]  Exh. 22 [March 20, 2007 Offer Letter from MGAE de Mexico to Mariana
26  Trueba Almada]; Exh. 21 [March 20, 2007 Offer Letter from MGAE de Mexico to
    Pablo Vargas].
27    [50]  Corey Dec., ¶ 17; Exhs. 16 and 17.
28    [51]  Corey Dec. ¶ 17; Exhs. 4 and 5.