adversary's." *In re Honda American Motor Co.*, 168 F.R.D. 535, 541 (D. Md. 1996).

Any "doubt[s] about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party. *In re Honda American Motor Co.* at 540, citing *Founding Church of Scientology of Washington, D.C. v. Webster*, 802 F.2d 1448, 1452 n.4 (D.C. Cir. 1986); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("I am to resolve close questions regarding the status of an employee as 'managing agent' in favor of the examining party since the issue of whether the witness' testimony can be used as a statement by the defendant still remains to be resolved at trial.") (citing cases).

Here, the Directors of Sales and Marketing are, by virtue of their positions, invested by the MGAE de Mexico with powers to exercise judgment and discretion in dealing with corporate matters within their areas of responsibility. Further, they can clearly be depended upon to carry out their employer's direction to give testimony upon its demand. They are alleged to have acted in concert with the MGA defendants in plotting to steal and stealing Mattel's trade secrets in Mexico. And, of "paramount" importance, they can clearly be expected to identify with the interests of MGAE de Mexico rather than with those of Mattel. For the foregoing reasons, the Court should order Mr. Vargas and Ms. Trueba to appear for deposition in Los Angeles in February 2008.

In its January 7, 2008 Order, the Court granted Mattel leave to serve a Rule 30(b)(6) deposition notice on MGA Entertainment and a Rule 30(b)(6) deposition notice on MGAE de Mexico.[52] Those notices were attached to Mattel's Motion for Leave to Take Additional Discovery. Although MGA and MGAE de Mexico opposed Mattel's motion, they never argued that Mattel did not have good

---

[52] Exh. 3, at 3 [January 7, 2008 Order].

1  cause to obtain testimony on the topics in those notices, which were incorporated by
2  reference into the Court's order: "Mattel may serve the notices of deposition and
3  propound the interrogatories attached to the moving papers as Exs. A - C."[53]
4  Nevertheless, MGA and MGAE de Mexico have failed to produce witnesses on the
5  vast majority of those topics.[54] They filed a motion for protective order with Judge
6  Infante seeking relief from the topics that the Court approved.

7        The importance of these witnesses is indisputable. The Court has
8  ordered that their depositions be taken. MGA's refusal to produce any of these
9  witnesses is a blatant refusal to comply with the Court's Order.

### Conclusion

13        For the foregoing reasons, the Court should compel the attendance of
14  Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment,
15  and MGAE de Mexico at deposition and should grant Mattel leave to depose on or
16  before February 29, 2008, all witnesses already served with subpoenas or subject to
17  the Court's January 7, 2008 Order whose testimony is relevant to Phase 2 issues. In
18  the alternative, the Court should issue an order shortening time to hear a motion
19  seeking the foregoing relief on February 4, 2008.

21  DATED: January 28, 2008     QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP

23
                                By /s/ Jon D. Corey
24                                  Jon D. Corey
                                    Attorneys for Mattel, Inc.

---

[53] Exh. 3, at 3 [January 7, 2008 order]; Exh. 2 [Motion for Leave to Amend].
[54] Corey Dec., ¶ 20.

EXHIBIT C

Case 2:04-cv-09049-SGL-RNB   Document 1758   Filed 01/29/2008   Page 1 of 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                            Date: January 29, 2008
           and consolidated actions

Title:     CARTER BRYANT -v- MATTEL, INC.
========================================================================
PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                           None Present
           Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                             None present

PROCEEDINGS:   ORDER SETTING HEARING (IN CHAMBERS)

Related largely to the recently passed discovery deadline of January 28, 2008, the Court is in receipt of a number of ex parte applications, which it sets for hearing on February 4, 2008, at 10:00 a.m., in Courtroom One of the above-referenced Court. Counsel for all parties and third-party witnesses that are the subject of the ex parte applications are ORDERED to appear at that time.

Mattel's ex parte application to stay the Discovery Master's January 11, 2008, order is GRANTED in part. Mattel's obligations regarding the Rule 30(b)(6) witnesses set forth in the January 11, 2008, is TEMPORARILY STAYED pending the Court's hearing on February 4, 2008. Whether the stay will continue beyond that date will be considered by the Court at the hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90                                  Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          1

EXHIBIT D

Page 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CARTER BRYANT, ET. AL.,           )
                                  )
                PLAINTIFFS,       )
                                  )
          VS.                     ) NO. ED CV 04-09049
                                  ) (LEAD LOW NUMBER)
MATTEL, INC., ET. AL.,            )
                                  )
                DEFENDANTS.       ) EX-PARTE APPLICATIONS
_____) RE: DISCOVERY
                                  )
AND CONSOLIDATED ACTIONS,         )
                                  )

REPORTER'S TRANSCRIPT OF PROCEEDINGS
RIVERSIDE, CALIFORNIA
MONDAY, FEBRUARY 4, 2008
10:15 A.M.


THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
CSR11457@SBCGLOBAL.NET

```
 1   APPEARANCES:
 2   ON BEHALF OF CARTER BRYANT:
 3                          KEKER & VAN NEST
                            BY:  MICHAEL PAGE
                            710 SANSOME STREET
 4                          SAN FRANCISCO, CALIFORNIA  94111-1704
                            415-391-5400
 5
 6
     ON BEHALF OF MATTEL:
 7
                            QUINN EMANUEL
 8                          BY:  JOHN QUINN
                            BY:  JON COREY
 9                          865 S. FIGUEROA STREET,
                            10TH FLOOR
10                          LOS ANGELES, CALIFORNIA  90017
                            213-624-7707
11
12   ON BEHALF OF MGA ENTERTAINMENT:
13                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                            BY:  THOMAS J. NOLAN
14                          BY:  CARL ALAN ROTH
                            BY:  ROBERT JAMES HERRINGTON
15                          300 SOUTH GRAND AVENUE
                            LOS ANGELES, CALIFORNIA  90071-3144
16                          213-687-5000
17
     ON BEHALF OF GUSTAVO MACHADO:
18
                            OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                          BY:  ALEXANDER H. COTE
                            300 SOUTH GRAND AVENUE
20                          SUITE 2750
                            LOS ANGELES, CALIFORNIA  90071
21                          213-613-4660
22
     ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                            KEATS MCFARLAND & WILSON LLP
24                          BY:  LARRY W. MCFARLAND
                            9720 WILSHIRE BOULEVARD
25                          BEVERLY HILLS, CA  90212
                            310-777-3750
```

```
 1   APPEARANCES CONTINUED:
 2
     ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
                           CHRISTENSEN, GLASER, FINK, JACOBS,
                            WEIL & SHAPIRO, LLP
 4
                           BY:  SCOTT E. GIZER
 5                         10250 CONSTELLATION BOULEVARD
                           LOS ANGELES, CA   90067
 6                         310-553-3000
 7
     ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
                           ALLRED, MAROKO & GOLDBERG
 9                         BY:  RAMIT MIZRAHI
                           6300 WILSHIRE BOULEVARD,
10                         SUITE 1500
                           LOS ANGELES, CA   90048
11                         323-653-6530
12
     ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
                           BAUTE & TIDUS LLP
14                         BY:  HENRY H. GONZALEZ
                           777 S. FIGUEROA STREET,
15                         SUITE 4900
                           LOS ANGELES, CA   90017
16                         213-630-5000
17
     ON BEHALF OF WACHOVIA:
18
                           DAVIS POLK & WARDWELL
19                         BY:  NEAL A. POTISCHMAN
                           1600 EL CAMINO REAL
20                         MENLO PARK, CA   94025
                           650-752-2000
21
22   ON BEHALF OF KAMI GILMOR:
23                         BUCHALTER NEMER
                           BY:  JOHN PATRICK PETRULLO
24                         1000 WILSHIRE BOULEVARD,
                           SUITE 1500
25                         LOS ANGELES, CA   90017-2457
                           213-891-0700
```

```
1                        I N D E X
2                                                        PAGE
3      HEARING...............................................  5
```

Page 5

```
 1        RIVERSIDE, CALIFORNIA; MONDAY, FEBRUARY 4, 2008; 10:15 A.M.
 2                                -oOo-
 3            THE CLERK:  CALLING CALENDAR ITEM NUMBER FIVE, IN THE
 4    MATTER OF CARTER BRYANT VERSUS MATTEL, INC., AND ALSO RELATED
 5    CONSOLIDATED ACTIONS, CASE NUMBER CV 04-9059.
 6            MAY WE HAVE COUNSEL PLEASE STATE YOUR APPEARANCES.
 7            MR. QUINN:  GOOD MORNING, YOUR HONOR.
 8    JOHN QUINN, JON COREY FOR MATTEL.
 9            THE COURT:  MR. QUINN, MR. COREY, GOOD MORNING.
10            MR. NOLAN:  GOOD MORNING, YOUR HONOR.
11            TOM NOLAN, CARL ROTH, AND ROB HERRINGTON ON BEHALF OF
12    THE MGA DEFENDANTS.
13            THE COURT:  GOOD MORNING, COUNSEL.
14            MR. COTE:  GOOD MORNING, YOUR HONOR.
15            ALEXANDER COTE ON BEHALF OF CARLOS GUSTAVO MACHADO.
16            THE COURT:  COUNSEL.
17            MR. MCFARLAND:  LARRY MCFARLAND ON BEHALF OF
18    NONPARTIES MS. CLOONAN, MS. LEAHY, AND MS. MARLOW.
19            THE COURT:  MR. MCFARLAND, GOOD MORNING.
20            MR. GIZER:  GOOD MORNING, YOUR HONOR.
21            SCOTT GIZER FROM CHRISTENSEN & GLASER ON BEHALF OF
22    NON-PARTY CHRISTENSEN & GLASER.
23            THE COURT:  GOOD MORNING.
24            MR. PAGE:  GOOD MORNING, YOUR HONOR.
25            MICHAEL PAGE ON BEHALF OF CARTER BRYANT.
```

```
 1    THROUGH FEBRUARY 11TH.
 2              SO THAT EX-PARTE APPLICATION IS GRANTED TO THE EXTENT
 3    THAT IT'S SEEKING A STAY THROUGH THE HEARING; I'M JUST
 4    ADVANCING THE HEARING DATE FOR MARCH 3RD, WHICH WAS THE NOTICE
 5    DATE, TO FEBRUARY 11TH.
 6              LET ME NEXT DEAL WITH THE DEPOSITIONS.  THERE'S
 7    REALLY, DEPENDING ON HOW WE COUNT, THREE EX-PARTE APPLICATIONS
 8    HERE.  THERE'S THE ORIGINAL EX-PARTE APPLICATION TO COMPEL THE
 9    APPEARANCE OF ANA CABRERA, BEATRIZ MORALES, AND MARIE SALAZAR;
10    AND THEN A SUPPLEMENT TO AN EX-PARTE APPLICATION TO INCLUDE TO
11    THAT LIST MEL WOODS.
12              AND THEN THERE IS THE EX-PARTE APPLICATION TO COMPEL
13    THE DEPOSITIONS OF DAPHNE GRONICH, JOE TIONGCO, MARIANA TRUEBA,
14    PABLO VARGAS, MGA INTERTAINMENT, MGA E DE MEXICO; AND THEN, AS
15    I'VE WRITTEN IN SHORTHAND, A BUNCH OF OTHER DEPOSITIONS AS
16    WELL; LEAVE TO TAKE THE DEPOSITIONS IN FEBRUARY OF 2008 OF
17    NUMEROUS OTHER DEPONENTS.
18              THESE ARE BASICALLY THE DEPOSITIONS THAT MR. QUINN --
19    AND THE ARGUMENTS AND THE PROBLEMS HAVE BEEN BROKEN DOWN INTO
20    KIND OF THE SEVEN CATEGORIES THAT MR. QUINN JUST SPOKE TO.
21              MY INITIAL THOUGHT ON THIS, HAVING GONE THROUGH ALL
22    OF THIS, IS THAT WE SHOULD, HOPEFULLY, FIRST OF ALL, ONLY BE
23    TAKING DEPOSITIONS NOW THAT RELATE TO PHASE ONE.  AND TO THE
24    EXTENT THAT ANY OF THESE DEPOSITIONS RELATE TO PHASE TWO,
25    NO ONE'S RIGHTS HAVE BEEN COMPROMISED, NO LEAVE IS BEING
```

1   WITHDRAWN, BUT THEY'RE SIMPLY GOING TO BE HANDLED AFTER THE
2   PHASE ONE TRIAL.
3           SECONDLY, TO THE EXTENT THAT MOTIONS TO QUASH OR
4   CHALLENGES TO THE SERVICE HAVE BEEN BROUGHT BEFORE
5   JUDGE INFANTE, JUDGE INFANTE HAS TO RULE ON THOSE.
6           MATTEL BROUGHT AN EX-PARTE APPLICATION FOR A
7   CLARIFICATION REGARDING THE DISCOVERY MASTER ORDER, AND THEY
8   ASKED THE COURT TO MAKE A VERY FIRM STATEMENT THAT ALL
9   DISCOVERY MATTERS, THE FIRST IMPRESSION, GO TO THE DISCOVERY
10  MASTER; AND I GRANTED THAT APPLICATION.
11          I COULD NOT HAVE USED, I DON'T THINK, CLEARER
12  LANGUAGE THAT DISCOVERY DISPUTES IN THE FIRST INSTANCE NEED TO
13  GO TO THE DISCOVERY MASTER AND NOT COME TO THIS COURT BY WAY OF
14  EX-PARTE APPLICATION.
15          SO WHAT'S GOOD FOR ONE SIDE IS GOOD FOR THE OTHER,
16  AND I THINK THAT THOSE MOTIONS TO QUASH -- LEAVE WAS AFFORDED
17  TO TAKE THE DEPOSITIONS, BUT THAT DOESN'T EVISCERATE THE NEED
18  TO PROPERLY SERVE AND PROPERLY NOTICE THOSE DEPOSITIONS.
19  THAT'S WHAT'S BEING CHALLENGED.
20          I'M NOT PASSING ANY JUDGMENT AS TO WHETHER OR NOT ONE
21  SIDE IS RIGHT OR THE OTHER SIDE IS WRONG.  BUT I THINK IF I GET
22  INTO THE BUSINESS OF DECIDING SOME OF THESE AND TAKING SOME OF
23  THEM BACK FROM JUDGE INFANTE, IT JUST CREATES A MESS, QUITE
24  FRANKLY.  AND I KNOW THERE'S A TREMENDOUS BURDEN ON
25  JUDGE INFANTE.  JUDGE INFANTE IS RECEIVING, I THINK, ADEQUATE

FEBRUARY 4, 2008          ED CV 04-9059-SGL

Page 27

1  COMPENSATION FOR THE BURDEN THAT'S BEING PLACED ON HIM, AND I
2  THINK HE'S DOING A FABULOUS JOB OF MANAGING THIS. I WILL CALL
3  HIM THIS AFTERNOON AND LET HIM KNOW THAT ANY MATTER RELATED TO
4  PHASE TWO DOES NOT NEED TO BE RESOLVED RIGHT NOW. TO THE
5  EXTENT THAT THERE HAVE BEEN CHALLENGES MADE TO PHASE TWO
6  DEPONENTS, YOU CAN PUT THAT OFF. THAT'S NOT TO SAY THAT HE'S
7  NOT GOING TO HAVE TO CROSS THAT BRIDGE AT SOME TIME; HE
8  CERTAINLY WILL; BUT I THINK THAT WILL FREE UP THE TIME TO
9  ADDRESS THOSE MATTERS THAT RELATE TO PHASE ONE.
10         AND THEN TO THE EXTENT THAT MATTEL OR MGA OR
11 CARTER BRYANT OR ANYBODY ELSE DISAGREES WITH THE DECISION MADE
12 BY JUDGE INFANTE, THEN THAT CAN BE BROUGHT BEFORE THIS COURT,
13 AND I WOULD CERTAINLY DO ALL THAT I CAN TO HEAR THAT ON AN
14 EXPEDITED BASIS.
15         WHAT I DON'T THINK IS PROPER FOR THIS COURT TO DO IS
16 TO START ISSUING DISCOVERY ORDERS THAT MAY OR MAY NOT CONFLICT
17 WITH EARLIER POSITIONS THAT JUDGE INFANTE HAS TAKEN. I THINK
18 THAT JUST MAKES A MESS OF THE WHOLE THING.
19         SO THAT'S KIND OF THE TWO-PRONGED APPROACH THAT I
20 THOUGHT WE WOULD TAKE THROUGH THIS TO HOPEFULLY KEEP THIS
21 GOING.
22         AS FAR AS, HOWEVER, THE DEPOSITIONS THAT I'VE GIVEN
23 LEAVE TO TAKE THAT ARE PHASE ONE DEPOSITIONS, I GUESS A THIRD
24 ASPECT OF THE ORDER WOULD BE THAT, YES, PLAINTIFF DOES HAVE
25 LEAVE TO TAKE THOSE, EVEN IF THAT MEANS TAKING THEM IN

FEBRUARY 4, 2008           ED CV 04-9059-SGL

1   FEBRUARY. THE DISCOVERY CUTOFF DATE HAS COME AND GONE. NO NEW
2   DISCOVERY REQUESTS ARE MADE. BUT TO THE EXTENT THAT ADDITIONAL
3   DISCOVERY NEEDS TO BE TAKEN RELATED TO PHASE ONE THAT ONE OR
4   EITHER OF THE SIDES HAS RECEIVED LEAVE TO TAKE, THAT'S GOING TO
5   HAVE TO BE DONE IN FEBRUARY. AND WE NEED TO GET IT DONE SO
6   THAT WE DON'T COMPROMISE OUR SCHEDULE HERE.
7           THE EXPERT REPORTS ARE GOING TO BE DUE IN FEBRUARY
8   AND MARCH. WE HAVE FILINGS OF MOTIONS IN LIMINE ON MAY 5TH.
9   BUT MOST IMPORTANTLY, WE HAVE A DISPOSITIVE MOTION CUTOFF DATE
10  ON MARCH 31ST. I SAW A PREVIEW OF COMING ATTRACTIONS IN
11  MR. NOLAN'S BRIEF, AND SEVERAL OTHER PLACES, SO I KNOW THAT
12  THERE ARE MOTIONS IN THE WORKS AND I KNOW THAT WE NEED TO START
13  FOCUSING ON THOSE, BUT WE DO HAVE TO GET THROUGH THIS DISCOVERY
14  FOR WHICH PARTIES HAVE BEEN AFFORDED LEAVE; SO IT'S GOING TO BE
15  BUSY A MONTH.
16          THOSE ARE KIND OF THE THREE GENERAL PARAMETERS THAT I
17  WANT TO USE TO RESOLVE THESE MOTIONS, AND I'D LIKE TO ENTERTAIN
18  THOUGHTS FROM WHOEVER AT THIS POINT CONCERNING THOSE.
19          MR. QUINN: I'M NOT GOING TO ARGUE. I'M JUST GOING
20  TO MAKE OBSERVATIONS.
21          MR. NOLAN: YOUR HONOR, I WAS GOING TO ARGUE, SO
22  MAYBE --
23          THE COURT: I'LL LET MR. QUINN GO FIRST. IT IS HIS
24  APPLICATION.
25          YOU'LL HAVE THE LAST WORD, MR. NOLAN.

```
 1              I'M ALWAYS GOING TO MISPRONOUNCE THAT NAME.  I
 2   APOLOGIZE.
 3              THE COURT:  TIONGCO.
 4              MR. NOLAN:  THEY'RE NOT COVERED BY THE ORDER.  AND
 5   THIS SUBJECT HAS BEEN COMPLETELY ADDRESSED BY JUDGE INFANTE.
 6              THE COURT:  PUTTING THAT ASIDE, WHAT IS YOUR GENERAL
 7   APPROACH?
 8              MR. NOLAN:  WITH RESPECT TO ANOTHER CATEGORY, AND
 9   THAT IS -- YOU KNOW, WHAT IS ALSO CLEAR, I BELIEVE, AND WHAT WE
10   NEED TO LEAVE WITH TODAY -- IS THAT THE JANUARY 28TH DISCOVERY
11   CUTOFF APPLIED TO PHASE ONE --
12              THE COURT:  IT DID.
13              MR. NOLAN:  -- AND THAT WHETHER OR NOT MATTEL, FOR
14   ITS OWN CHOOSING IN THIS CASE, DECIDED FOR INTERNAL PURPOSES TO
15   DELAY PROVIDING PROPER NOTICE BEFORE THE EXPIRATION OF THE
16   DISCOVERY CUTOFF DATE, KNOWING FULL WELL WHAT THE DISCOVERY
17   CUTOFF DATE WAS, THEY SHOULD NOT BE ALLOTTED ADDITIONAL TIME
18   NOW TO TAKE THOSE DEPOSITIONS.  AND THOSE ARE MOTIONS THAT ARE
19   PENDING BEFORE JUDGE INFANTE.  AND WHEN YOU SAID MOTIONS THAT
20   ARE PENDING IN FRONT OF JUDGE INFANTE, DEALING WITH THE SERVICE
21   AND THOSE KINDS OF ISSUES, I'M ASSUMING -- AND I'M REALLY DOING
22   THIS MORE FOR THE RECORD, BECAUSE WE HAVE THIS HABIT OF NOT
23   AGREEING AFTER WE LEAVE HERE AS TO WHAT ACTUALLY OCCURRED --
24   THAT THOSE MATTERS ARE NOW BEFORE JUDGE INFANTE, AND THAT IF
25   JUDGE INFANTE, WHO HAS ESTABLISHED A RULE IN THIS CASE THAT TEN
```

1  DAYS' NOTICE FOR DEPOSITIONS WAS REASONABLE UNDER THE
2  APPLICABLE RULES THAT WE WERE OPERATING UNDER, RULES THAT WERE
3  IMPOSED ON US BY MATTEL THROUGHOUT THIS GAME, THIS CASE, HAS
4  NOT CHANGED AS A RESULT OF TODAY'S ORDER.
5       THE COURT: I'M NOT GOING TO GIVE EITHER SIDE ANY
6  SOLACE AT THIS POINT. I DO NOT WANT TO SHORT-CIRCUIT
7  JUDGE INFANTE'S RULINGS. AND I'M ALSO NOT GOING TO, IN ANY
8  WAY, RESTRICT EITHER SIDE FROM APPEALING JUDGE INFANTE'S
9  RULINGS TO THIS COURT. SO I'M NOT GOING TO OPINE AT THIS POINT
10 AS TO WHETHER OR NOT I THINK THE TEN-DAY NOTICE IS REASONABLE
11 OR NOT REASONABLE, IS APPLICABLE OR SHOULD NOT BE APPLICABLE.
12 ALL I'M SAYING AT THIS POINT IS -- AND PRECISELY TO AVOID
13 GETTING INVOLVED IN TRYING TO SHORT-CIRCUIT JUDGE INFANTE'S
14 WORK, I'M JUST GOING TO PERMIT THAT TO PROCEED.
15      JANUARY 28TH WAS THE CUTOFF FOR PHASE ONE DISCOVERY.
16 ON JANUARY 7TH, WHEN I GAVE LEAVE FOR THOSE ADDITIONAL
17 DEPOSITIONS, APPROXIMATELY 40 ADDITIONAL DEPOSITIONS, I
18 CERTAINLY -- AND I THINK I MADE THIS PRETTY CLEAR IN THE
19 ORDER -- ENVISIONED THOSE TO BE DONE IN THE MONTH OF JANUARY.
20      I DID INDICATE, CERTAINLY IF THE PARTIES WANTED TO
21 STIPULATE, THAT THEY COULD CONTINUE THIS UNTIL FEBRUARY. AND
22 CERTAINLY FOR ANYTHING THAT WAS PROPERLY NOTICED OR PROPERLY
23 SERVED DURING THE MONTH OF JANUARY, BEFORE THE CUTOFF, AT LEAST
24 FROM THIS COURT'S PERSPECTIVE AT THIS POINT IN TIME, THAT MAY
25 HAVE TO PROCEED INTO FEBRUARY.

Page 34

1  I UNDERSTAND THERE'S CHALLENGES TO THOSE SERVICES,
2  THERE'S CHALLENGES TO THOSE NOTICES; THAT NEEDS TO BE BROUGHT
3  TO JUDGE INFANTE; AND THEN, IF NECESSARY, APPEALED TO THIS
4  COURT. BUT AT THE END OF THE DAY, THE ONLY LIMITATION I'M
5  PUTTING ON WHAT'S BEING CONSIDERED BY JUDGE INFANTE AND WHAT
6  WILL BE CONSIDERED BY THIS COURT OVER THE COURSE OF THE NEXT
7  TWO MONTHS IS THAT WE'RE JUST GOING TO LOOK AT PHASE ONE
8  ISSUES.
9        MR. NOLAN: RIGHT.
10       AND I APOLOGIZE, YOUR HONOR. I WASN'T TRYING TO BE
11 CLEVER AND GET -- BUT YOUR COMMENTS DO INVITE THIS FOLLOW-UP:
12       WHAT I AM SAYING IS THAT THE MOTIONS THAT ARE BEFORE
13 JUDGE INFANTE, WITH RESPECT TO WHETHER OR NOT TWO-DAY NOTICE IS
14 APPROPRIATE IN JANUARY, IS AN ISSUE TO BE DECIDED BY
15 JUDGE INFANTE. WE RESERVE THE RIGHT TO TAKE AN APPEAL TO
16 YOUR HONOR, DEPENDING ON WHO WINS OR LOSES THAT ISSUE. THAT'S
17 ALL I WAS TRYING TO SAY.
18       THE COURT: THAT'S FINE.
19       MR. NOLAN: SO I UNDERSTOOD THAT CATEGORY APPLIES TO
20 THOSE PEOPLE.
21       THE COURT: AND I'M SURE JUDGE INFANTE WILL CONSIDER
22 THAT IN LIGHT OF THE TOTALITY OF THE CIRCUMSTANCES AND HE WILL
23 ISSUE WHATEVER ORDER HE BELIEVES IS APPROPRIATE; AND THE LOSING
24 SIDE CAN APPEAL TO THIS COURT.
25       MR. NOLAN: BY THE WAY, ON ONE PIECE OF NEWS, WE WERE

```
 1    NUMBER.
 2              THOSE TWO INDIVIDUALS WERE REFERENCED IN THOSE
 3    PAPERS.
 4              THE COURT:  I DON'T WANT YOU TO LEAVE TODAY -- WE
 5    SHOULD BE ABLE TO ANSWER THIS QUESTION.  THERE'S ENOUGH LAWYERS
 6    AND THERE'S ENOUGH STUFF IN THIS ROOM THAT WE SHOULD BE ABLE TO
 7    ANSWER THIS QUESTION PLAINLY TO THE COURT.
 8              HOW MANY DEPOSITIONS DID I AUTHORIZE EXPRESSLY ON
 9    JANUARY 7TH?  IF WE NEED TO TAKE A BRIEF RECESS TO COME UP WITH
10    THAT, LET'S DO THAT.
11              MR. NOLAN:  YOU REFERENCED SPECIFIC PAGES, AND ON
12    THOSE PAGES, PEOPLE WERE LISTED.  OUR POSITION IS THAT THEY
13    WEREN'T LISTED ON THOSE PAGES.
14              WE CAN DO THAT AT A BREAK AND COME BACK AND MAYBE
15    SUBMIT IT TO MR. HOLMES OR WHATEVER.
16              YOUR HONOR, ONLY BECAUSE I KNOW THIS TRANSCRIPT IS
17    GOING TO BE DISSECTED BY BOTH COUNSEL, I JUST WANT TO COME BACK
18    TO WHEN YOU SAID RECENTLY THAT WITH RESPECT TO CABRERA AND
19    MORALES AND SALAZAR, THAT IF THEY WERE WITHIN THE NUMBER,
20    THEY'RE IN.
21              THE COURT:  THEY'RE IN, SUBJECT TO ANY ARGUMENT THAT
22    YOU'RE MAKING BEFORE JUDGE INFANTE THAT THEY WERE NOT PROPERLY
23    NOTICED, SERVED, OR WHATEVER IT MIGHT BE.
24              MR. NOLAN:  AND I APOLOGIZE FOR BEING REDUNDANT.  I'M
25    TRYING TO AVOID --
```

```
 1              THE COURT:  YOU UNDERSTOOD WHAT I'M SAYING,
 2    MR. QUINN?
 3              MR. QUINN:  YES, I DO, YOUR HONOR.
 4              THE COURT:  I'M NOT OVERRULING ANY DECISION THAT
 5    JUDGE INFANTE HASN'T MADE YET.  I'M SIMPLY SAYING THEY'RE IN IN
 6    THE SENSE THAT, ASSUMING THAT YOU PROPERLY NOTICED OR SERVED
 7    THEM, YOU CAN TAKE THEIR DEPOSITION.  BUT THAT'S BEING
 8    CHALLENGED, AND THAT'S BEING CHALLENGED BEFORE JUDGE INFANTE;
 9    AND I WILL AWAIT HIS DECISION.
10              MR. QUINN:  OKAY.
11              YOUR HONOR, I HAVE THIS FEELING THAT IT MIGHT BE
12    HELPFUL IF I WENT -- AND I HATE TO DO THIS, AND I HOPE IT'S NOT
13    TRYING THE COURT'S PATIENCE -- IF I WENT BACK THROUGH THOSE
14    CATEGORIES, JUST TO MAKE SURE THAT -- AS I MENTIONED IN THE
15    BEGINNING, JUST TO MAKE SURE THAT WE HAVE AN UNDERSTANDING AS
16    WE LEAVE HERE.
17              THE COURT:  RIGHT.  AND THEN WE'RE GOING TO TAKE A
18    BRIEF RECESS.  I'M GOING TO TAKE UP ANOTHER MATTER THAT'S
19    PATIENTLY WAITING IN THE BACK WINGS HERE, WHILE YOU COME UP
20    WITH IT.  I WANT TO HAVE SPELLED OUT HERE CLEARLY WHAT IT WAS
21    THAT I ORDERED ON JANUARY 7TH, WHAT THE NUMBER WAS, BECAUSE I
22    DO THINK YOU ARE ENTITLED TO THAT.
23              MR. QUINN:  ALL RIGHT.
24              THE COURT:  BUT GOING THROUGH THOSE CATEGORIES, THE
25    FIRST CATEGORY WAS THE THIRD-PARTY DEPONENTS FROM JANUARY 7TH;
```