Page 54

1   AND THEY REQUESTED THAT THEY BE TAKEN POST JANUARY 28TH.

2   MR. QUINN: RIGHT.

3   THE COURT: I DON'T SEE ANY PROBLEM WITH THAT,
4   SUBJECT TO ANY CHALLENGE BEING MADE BY THEIR ATTORNEYS BEFORE
5   JUDGE INFANTE.

6   MR. QUINN: RIGHT.

7   THE COURT: THE OUT-OF-COUNTRY DEPONENTS: WELL, THE
8   ONE FROM CANADA IS PHASE TWO; SO THAT'S BEEN PLACED OFF. THE
9   THREE FROM HONG KONG, IS THAT BEING CHALLENGED?

10  MR. QUINN: THERE'S NOTHING BEFORE JUDGE INFANTE ON
11  THAT RIGHT NOW.

12  THE COURT: AND YOU'VE SERVED THEM?

13  MR. QUINN: NO. THAT'S GOING TO REQUIRE LETTERS
14  ROGATORY PROCESS.

15  THE COURT: HAVE YOU STARTED THAT PROCESS? DID YOU
16  START THAT PROCESS BEFORE JANUARY 28TH?

17  MR. QUINN: NO, WE DID NOT.

18  THE COURT: WELL, YOU SHOULD HAVE STARTED THAT
19  PROCESS BEFORE JANUARY 28TH; THAT WAS THE CUTOFF FOR PHASE ONE
20  DISCOVERY.

21  THE THIRD CATEGORY, NOT SERVED WITH SUBPOENAS: IN
22  ADDITION, THE QUESTION IS WHETHER OR NOT THEY WERE SERVED OR
23  NOTICED BEFORE JANUARY 28TH.

24  MR. QUINN: THOSE, WE NOTICED THE DEPOSITIONS; WE
25  HAVE NOT SUCCEEDED IN SERVING THE WITNESSES WITH THE SUBPOENAS.

FEBRUARY 4, 2008          ED CV 04-9059-SGL

Page 63

1   DISPOSITIVE MOTION HEARING CUTOFF DATE; AND THAT'S MY CONCERN
2   THERE.
3            TRY TO WORK THIS OUT WITH COUNSEL, DEPENDING ON HOW
4   JUDGE INFANTE RULES. WHAT I WILL SIMPLY DO IS MAKE MYSELF
5   AVAILABLE ON THE 11TH AND THE 25TH. WE DON'T HAVE A HEARING
6   DATE ON THE 18TH BECAUSE OF THE PRESIDENT'S HOLIDAY. AND THEN,
7   I SUPPOSE, AT THE VERY LATEST, MARCH 3RD, TO TAKE UP ANY
8   MOTIONS THAT STEM FROM RULINGS BY JUDGE INFANTE. I'M GOING TO
9   GIVE HIM A CALL THIS AFTERNOON AND EXPLAIN TO HIM WHAT, IN MY
10  VIEW, HE NEEDS TO BE FOCUSING ON AND HOW TIME IS OF THE
11  ESSENCE. I THINK WE CAN WORK THIS OUT, COUNSEL.
12           MR. POTISCHMAN: VERY WELL, YOUR HONOR.
13           ONE POINT I SHOULD CLARIFY: IT'S POSSIBLE, IF THERE
14  IS MOTION PRACTICE WITH RESPECT TO THE SUBPOENA, IT WOULDN'T BE
15  IN THIS COURT. IT WOULD BE IN THE COURT FROM WHICH THE
16  SUBPOENA IS ISSUED, WHICH WOULD BE THE EASTERN DISTRICT OF
17  PENNSYLVANIA OR THE NORTHERN DISTRICT OF CALIFORNIA. THAT'S
18  ONE REASON WHY IT MAY BE OUTSIDE OF OUR CONTROL.
19           THE COURT: OF COURSE.
20           MR. POTISCHMAN: THANK YOU, YOUR HONOR.
21           THE COURT: VERY GOOD.
22           THANK YOU, COUNSEL.
23           MR. GIZER: GOOD MORNING AGAIN, YOUR HONOR.
24           SCOTT GIZER FROM CHRISTENSEN & GLASER.
25           THE COURT: GOOD MORNING, COUNSEL.

FEBRUARY 4, 2008            ED CV 04-9059-SGL

1  MR. GIZER: I HAD ONE POINT OF CLARIFICATION.
2  IN YOUR ORDER, YOU AUTHORIZED A SPECIFIC TOPIC AS TO
3  CHRISTENSEN & GLASER REGARDING A COMMUNICATION POSSIBLY BETWEEN
4  A PARTY AND OUR FIRM. IN OUR SUBPOENA, THERE WERE 13 OTHER
5  TOPICS BESIDES THAT ONE, AND WE WOULD LIKE CLARIFICATION THAT
6  THIS COURT ONLY GRANTED LEAVE AS TO THAT ONE SPECIFIC TOPIC,
7  NOT AS TO THE 13 OTHER TOPICS THAT WENT ALONG IN THE SUBPOENA.
8  THE COURT: MR. QUINN?
9  MR. QUINN: THAT'S NOT MY UNDERSTANDING, YOUR HONOR,
10 THAT THE ORDER ONLY REFERENCED ONE TOPIC AS BEING APPROPRIATE.
11 THE COURT: COULD YOU REFER ME TO WHAT --
12 MR. GIZER: IT'S ON PAGE 10. IT SAYS, "CHRISTENSEN &
13 GLASER, LLP, FIRM TO WHICH VICTORIA O'CONNOR FAXED THE
14 MGA-BRYANT AGREEMENT THAT ISAAC LARIAN HAD ORDERED HER TO
15 ALTER." THAT WAS TOPIC 13 IN THE SUBPOENA TO US. THERE WAS 14
16 TOTAL TOPICS. THAT WAS JUST ONE SPECIFIC ONE.
17 THE COURT: IF THAT'S WHAT THE ORDER WAS, COUNSEL,
18 THAT'S WHAT THE ORDER WAS.
19 MR. QUINN: YOUR HONOR, THERE'S NOTHING IN THE ORDER
20 THAT LIMITS THE DEPOSITION TO THAT SUBJECT. WE HAD IDENTIFIED
21 A NUMBER OF TOPICS, AND THE COURT SAID, IN THE CONTEXT OF,
22 'THIS DEPOSITION CAN GO FORWARD, IDENTIFYING THE FIRM.'
23 THERE'S NOTHING IN THERE THAT SAID THAT WE COULDN'T EXAMINE
24 THEM ON THE OTHER TOPICS.
25 THE COURT: I'LL TAKE A LOOK AT THAT AS WELL. ALONG

Page 65

1   WITH THE MR. GRONICH AND MR. TIONGCO, I'LL ALSO TAKE A LOOK AT
2   THE CHRISTENSEN & GLASER PART OF THE ORDER. I CAN'T SAY FOR
3   CERTAIN RIGHT NOW WHAT IT WAS THAT I INTENDED OR DIDN'T INTEND,
4   WITHOUT LOOKING AT THE PAPER AND THE ORDER.
5           THANK YOU, COUNSEL.
6           MR. GIZER: THANK YOU, YOUR HONOR.
7           THE COURT: DOES ANYBODY ELSE NEED TO ADDRESS
8   ANYTHING WITH RESPECT TO THE DEPOSITIONS, THESE TWO EX-PARTE
9   APPLICATIONS?
10          I STILL HAVE TWO MORE TO GET TO.
11          MR. PAGE: MICHAEL PAGE, YOUR HONOR, FOR
12  CARTER BRYANT.
13          YOUR HONOR MENTIONED BEING AVAILABLE FOR HEARINGS ON
14  THE 11TH AND THE 25TH TO DEAL WITH ISSUES COMING OUT OF
15  JUDGE INFANTE RULINGS.
16          DOES THAT MEAN THAT THEY CAN BE BROUGHT TO YOU ON A
17  SHORTENED OR AN EX-PARTE BASIS? AND HOW SHOULD WE DO THAT?
18          THE COURT: IT MAKES SENSE TO DO SO.
19          AS THE COURT HAS ORDERED HERE, WE HAVE AN OPPOSITION
20  DUE ON WEDNESDAY. WE HAVE THE REPLY DUE A FEW DAYS LATER. YOU
21  CAN MORE OR LESS USE THAT AS A MODEL. I DON'T WANT TO LAY OUT
22  A SCHEDULING PLAN FOR MOTIONS THAT HAVEN'T EVEN BEEN BROUGHT
23  YET. I'M HOPING THAT YOU SEE THE WISDOM IN JUDGE INFANTE'S
24  RULING AND HAVE NOTHING TO DISPUTE. BUT ASSUMING THAT YOU
25  MIGHT HAVE SOMETHING TO DISPUTE, TRY TO WORK OUT A SCHEDULE

EXHIBIT E

## Scott Gizer

**From:** Scott Gizer
**Sent:** Saturday, March 01, 2008 6:06 PM
**To:** 'juanpabloalban@quinnemanuel.com'
**Cc:** Alisa Morgenthaler Lever
**Subject:** Re: Motion to Compel re Christensen, Glaser Subpoena

Juan Pablo,

Are you available to talk tomorrow?

Scott

----- Original Message -----
From: Juan Pablo Alban <juanpabloalban@quinnemanuel.com>
To: Scott Gizer; 'Chan Sandra' <SChan@JAMSADR.com>
Cc: John Quinn <johnquinn@quinnemanuel.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Jon Corey <joncorey@quinnemanuel.com>; Duane Lyons <duanelyons@quinnemanuel.com>; Timothy Alger <timalger@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Shane McKenzie <shanemckenzie@quinnemanuel.com>; Bridget Hauler <bridgethauler@quinnemanuel.com>; Tamar Buchakjian <tamarbuchakjian@quinnemanuel.com>; 'jkeker@KVN.com' <jkeker@KVN.com>; 'mhp@kvn.com' <mhp@kvn.com>; 'cma@kvn.com' <cma@kvn.com>; 'jtrinidad@kvn.com' <jtrinidad@kvn.com>; 'tnolan@skadden.com' <tnolan@skadden.com>; 'rkennedy@skadden.com' <rkennedy@skadden.com>; 'apark@skadden.com' <apark@skadden.com>; 'hposner@skadden.com' <hposner@skadden.com>; 'croth@skadden.com' <croth@skadden.com>; 'cholden@mgae.com' <cholden@mgae.com>; 'tmiller@skadden.com' <tmiller@skadden.com>; 'mwerdegar@kvn.com' <mwerdegar@kvn.com>; 'awalton-hadlock@kvn.com' <awalton-hadlock@kvn.com>; 'acote@obsklaw.com' <acote@obsklaw.com>; 'moverland@obsklaw.com' <moverland@obsklaw.com>; 'mmumford@skadden.com' <mmumford@skadden.com>; 'paul.eckles@skadden.com' <paul.eckles@skadden.com>; 'robert.herrington@skadden.com' <robert.herrington@skadden.com>; John Gordon <johngordon@quinnemanuel.com>; 'lance.etcheverry@skadden.com' <lance.etcheverry@skadden.com>; Alisa Morgenthaler Lever
Sent: Sat Mar 01 15:47:37 2008
Subject: RE: Motion to Compel re Christensen, Glaser Subpoena

Dear Scott,


Contrary to your suggestion, the parties have repeatedly aired, and we have repeatedly discussed with your firm over the course of weeks now, the issues raised in the motion to compel we served yesterday. Indeed, it is unfortunately the third motion relating to that deposition you have forced us to file now.


As you know, Judge Larson granted Mattel's motion for leave to take the deposition of Christensen Glaser on January 7. We promptly served a subpoena for a January deposition, but your firm refused to comply. On January 28, we thus filed a motion to enforce the Order with respect to Christensen Glaser, among others. On February 4, Judge Larson rejected your firm's arguments that the deposition should be limited to topics set forth in the motion for leave and again confirmed that the deposition should go forward. Our understanding of Judge Larson's Order, issued after your January 24 letter, was that you would either provide dates for the deposition or move for a protective order with respect to the Subpoena. You did neither.


We then attempted to follow up, even though it was Christensen Glaser's obligation at that point to either appear for deposition or file a motion and even though no further conference was necessary in light of the February 4 Order. We did not hear from you. Until

1

last night, we had no reason to believe you had not received it.


Accordingly, there is no basis for your demand that Mattel withdraw its motion.
Nevertheless we are certainly willing to speak with you to see if any issues can be
resolved and thus not require the Court's attention yet again. We are available at your
earliest convenience to do so.


I look forward to hearing from you.


Regards,

Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct:  (213) 443-3624
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  juanpabloalban@quinnemanuel.com <mailto:u@quinnemanuel.com>
Web:  www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.

---

From: Scott Gizer [mailto:sgizer@chrisglase.com]
Sent: Saturday, March 01, 2008 3:24 PM
To: Juan Pablo Alban; 'Chan Sandra'
Cc: John Quinn; Michael T Zeller; Jon Corey; Duane Lyons; Timothy Alger; Dominic
Surprenant; Dylan Proctor; Shane McKenzie; Bridget Hauler; Tamar Buchakjian;
jkeker@KVN.com; mhp@kvn.com; cma@kvn.com; jtrinidad@kvn.com; tnolan@skadden.com;
rkennedy@skadden.com; apark@skadden.com; hposner@skadden.com; croth@skadden.com;
cholden@mgae.com; tmiller@skadden.com; mwerdegar@kvn.com; awalton-hadlock@kvn.com;
acote@obsklaw.com; moverland@obsklaw.com; mmumford@skadden.com; paul.eckles@skadden.com;
robert.herrington@skadden.com; John Gordon; lance.etcheverry@skadden.com; Alisa
Morgenthaler Lever
Subject: RE: Motion to Compel re Christensen, Glaser Subpoena


Juan Pablo,

I have now reviewed the letter that your office said you faxed to our office on February
27, 2008.  The numbers on your fax cover sheet are incorrect.  You list (310) 248-3830 as
our telephone number and (310) 860-0363 as our fax number, but our actual phone number is
(310) 553-3000 and our fax number is (310) 556-2920.  There is also no confirmation sheet
attached to the letter showing that it was received by our office.  Thus, it appears that
you faxed your February 27, 2008 to the wrong location.  It should now be apparent to you
that we did not receive this letter.  Please confirm that Mattel will be withdrawing its
motion.

Thank you.

Scott

2

```
From: Juan Pablo Alban [juanpabloalban@quinnemanuel.com]
Sent: Friday, February 29, 2008 6:02 PM
To: 'Chan Sandra'
Cc: John Quinn; Michael T Zeller; Jon Corey; Duane Lyons; Timothy Alger; Dominic
Surprenant; Dylan Proctor; Shane McKenzie; Bridget Hauler; Tamar Buchakjian; Juan Pablo
Alban; jkeker@KVN.com; mhp@kvn.com; cma@kvn.com; jtrinidad@kvn.com; tnolan@skadden.com;
rkennedy@skadden.com; apark@skadden.com; hposner@skadden.com; croth@skadden.com;
cholden@mgae.com; tmiller@skadden.com; mwerdegar@kvn.com; awalton-hadlock@kvn.com;
acote@obsklaw.com; moverland@obsklaw.com; mmumford@skadden.com; paul.eckles@skadden.com;
robert.herrington@skadden.com; John Gordon; lance.etcheverry@skadden.com; Scott Gizer;
Alisa Morgenthaler Lever
Subject: Motion to Compel re Christensen, Glaser Subpoena
```

Dear Ms. Chan,

Attached please find the following:

1. MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

I will send the Supporting and Declaration, Separate Statements and POS by Separate Cover. Please do not hesitate to contact me if you have any questions. Thank you.

Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3624
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: juanpabloalban@quinnemanuel.com <mailto:u@quinnemanuel.com>
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**EXHIBIT F**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 27, 2008

VIA FACSIMILE AND U.S. MAIL

Alisa Morgenthaler-Lever, Esq.
Scott E. Gizer, Esq.
Christensen Glaser Kink Jacobs Weil &
Shapiro, LLP
10250 Constellation Blvd.
Nineteenth Floor
Los Angeles, CA 90067

Re:     Mattel, Inc. v. MGA Entertainment, Inc.

Dear Mr. Gizer:

On January 18, 2008, Mattel served a deposition subpoena on Christensen Glaser. Although the Court granted Mattel leave to depose Christensen Glaser in its January 7, 2008 Order, Christensen Glaser objected to the subpoena as improper. Most recently, Christensen Glaser argued to Judge Larson on February 4, 2008, that all but one of the topics attached to the subpoena were improper because they were not authorized by his January 7 Order. In his February 4, 2008 Order, Judge Larson rejected Christensen Glaser's argument and noted that "unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter." A copy of the Court's February 4, 2008 Order is attached for your convenience.

Since the Court denied its request, Christensen Glaser has failed to move to quash or for a protective order. Has it withdrawn its objections in light of the Court's February 4, 2008 Order? If so, please provide dates for the deposition. If not, Mattel requests a meeting of counsel to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2416319.1

meet and confer about Christensen Glaser's objections. Should Christensen Glaser not agree to appear, Mattel will move to overrule its objections, compel the deposition, and for sanctions.

Very truly yours,

*[signature]*

Christopher E. Price

07209/2416319.1

07209/2416319.1

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.  CV 04-09049 SGL(RNBx)                        Date: February 4, 2008
Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

**ATTORNEYS PRESENT FOR CARTER BRYANT:**

Michael Page

**ATTORNEYS PRESENT FOR MATTEL:**

John Quinn
Jon D. Corey

**ATTORNEYS PRESENT FOR MGA:**

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

**ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:**

**ATTORNEYS PRESENT FOR THIRD-PARTY WITNESSES**

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90                                    Initials of Deputy Clerk __jh__
CIVIL -- GEN                        1              Time: 1/45

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1) The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2) The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3) Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4) All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5) As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6) To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7) The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8) The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9) At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh__
Time: 1/45



7209  CHRISTOPHER E PRICE ESQ

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017

ALISA MORGENTHALER-LEVER ESQ
SCOTT E GIZER ESQ
CHRISTENSEN GLASER KINK JACOBS
WEIL & SHAPIRO LLP
10250 CONSTELLATION BLVD
NINETEENTH FLOOR
LOS ANGELES CA 90067

quinn emanuel urquhart oliver & hedges, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | TOKYO

Hasler
$00.970
03/03/2008
Mailed From 90017
US POSTAGE

## PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On March 21, 2008, I served the foregoing document(s) described as:

**DECLARATION OF SCOTT E. GIZER IN SUPPORT OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Juan Pablo Alban, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
QUINN EMANUEL URQUHARD
  OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Fax No.: (213) 443-3100
johnquinn@quinnemanuel.com

Jose Allen, Esq.
Amy Park, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
Four Embarcadero center
Suite 3800
San Francisco, California 94111
jose.allen@skadden.com

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (BY E-MAIL) I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

Executed this 21st day March 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Scott E. Gizer

605587-1