1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  MARINA V. BOGOROD (Bar No. 217524)
   (mbogorad@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA 90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
6
   KENNETH PLEVAN (admitted *pro hac vice*)
7  (kplevan@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
8  Four Times Square
   New York, NY 10046
9  Tel.: (212) 735-3000 / Fax: (212) 735-2000

10 Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
11
                     UNITED STATED DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13
                          EASTERN DIVISION
14

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | |
| v. | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| Defendant. | MGA PARTIES' OPPOSITION TO MATTEL, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MATTEL INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| AND CONSOLIDATED ACTIONS | |

1    On March 7, 2008, Mattel, Inc. ("Mattel") submitted a Request for Judicial

2 Notice in support of its Motion for Partial Summary Judgment ("RJN").  Mattel asks

3 this Court to take judicial notice under Fed. R. Evid. 201 of proceedings before the

4 High Court of the Hong Kong Special Administrative Region and of statements

5 made therein by certain of the MGA Parties for "their truth as admissions."  As

6 discussed below, there is not legal support for this position; therefore, Mattel's RJN

7 should be denied.

8                                    **ARGUMENT**

9    Mattel argues that this Court should take judicial notice of proceedings before

10 the High Court of the Hong Kong Special Administrative Region and the statements

11 made therein by certain of the MGA Parties "for their truth as admission."  Mattel,

12 however, does not even specify what statements it wants this Court to judicially

13 notice; moreover, Mattel has attached nothing but the Hong Kong's decision to its

14 RJN.[1] Therefore, anything beyond the decision itself is outside of the scope of

15 Mattel's RJN. See Boyle v. County of Kern, No. 1:03-CV-05162-OWW-GSA, 2008

16 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) (judicial notice of a letter denied where

17 plaintiff "did not attach a copy of th[e] letter to its request for judicial notice. Judicial

18 notice is improper if a court has not been 'supplied with the necessary

19 information.'"), citing Fed. R. Evid. 201(d).

20    To the extent Mattel argues that the Hong Kong decision should be noticed for

21 the truth of the matters discussed therein, there is no legal support for Mattel's

22 position. Indeed, Mattel either did not read the authority it offers in support of its

23

24 [1]    In its Separate Statement of Uncontested Facts, Mattel relies on its RJN only once, citing the Hong Kong decision itself. (See Mattel Inc.'s [Corrected] Separate Statement of
25 Uncontested Facts, filed Mar. 7, 2000 ("UF") ¶ 129.) Although Mattel also relies on certain affidavits submitted in the Hong Kong litigation elsewhere in its Separate Statement, it does
26 not rely on the RJN in support of those affidavits; instead, it relies on a declaration submitted by its counsel. (See, e.g., id. ¶ 20 (citing exhibits to Declaration of Dylan
27 Proctor).)

28

1   argument, or it simply failed to comprehend what it was reading. Citing <u>County of</u>

2   <u>Stanislaus v. Pac. Gas. & Elec. Co.</u>, No. CV-F-93-5866-OWW, 1995 WL 819150, at

3   *8 (E.D. Cal. Dec. 18, 1995), Mattel relies on the following language: "The Court

4   takes judicial notice… but not for the truth of the matters therein, except to *the extent*

5   *that the fourth document collaterally estops PG&E as a judicial admission.*" <u>Id.</u>

6   (emphasis added by Mattel). If one did not bother to read the full opinion, this quote

7   might appear to support the conclusion that the Court may take judicial notice of

8   foreign court proceedings as for the truth of the matters discussed therein.  However,

9   as the paragraph preceding the language relied upon by Mattel demonstrates, the

10   admission sought to be noticed was made in the defendant's ***complaint*** filed in

11   another proceeding:

12        Defendants object to four of the items Plaintiffs seek to have judicially

13        noticed: (1) testimony of Geoffrey Bellenger before the CPUC; (2) an

14        Opening Brief filed by the Division of Ratepayer Advocates (DRA); a

15        DRA Report on the Reasonableness of Gas and Electric Operations;

16        and **(4) portions of PG&B's Complaint for Injunctive and**

17        **Declaratory Relief against the CPUC** [California Public Utilities

18        Commission] . . . .

19   <u>Id.</u> (emphasis added)  Thus, <u>County of Stanislaus</u> stands only for an unremarkable

20   proposition that a party's statements made in a complaint filed in another judicial or

21   administrative proceeding operate as a judicial admission. It does not support

22   Mattel's request to take judicial notice of a foreign court decision for the truth of

23   the matters discussed therein, even if such a decision selectively cites from

24   pleadings and arguments that were before the court in that proceeding, as the Hong

25   Kong decision does here.[2] See <u>Metoyer v. Carey</u>, No. CIV S-02-2731 GEB DAD P,

26   [2]       Although Mattel cites two other cases to support its position, one of which actually
27   *rejects* the very arguments propounded by Mattel here. Indeed, in <u>A.I. Trade Finance, Inc. v.</u>
<u>Centro Internationale Handelsbank AG</u>, 926 F. Supp. 378 (S.D.N.Y 1996), the court

28

1 | 2007 WL 611229, at *7 (E.D. Cal. Feb. 27, 2007) (refusing to take judicial notice

2 | "of any factual findings in … [a decision rendered in another court] and apply them

3 | to this case…. A court 'may take judicial notice of a document filed in another

4 | court "not for the truth of the matters asserted in the other litigation, but rather to

5 | establish the fact of such litigation and related filings.'"), citing, inter alia, Liberty

6 | Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992);

7 | accord Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) ("when a

8 | court takes judicial notice of another court's opinion, it may do so 'not for the truth

9 | of the facts recited therein, but for the existence of the opinion, which is not subject

10 | to reasonable dispute over its authenticity'") (citation omitted); USF Ins. Co. v.

11 | Clarendon Am. Ins. Co., 452 F. Supp. 2d 972, 978 n.1 (C.D. Cal. 2006).

12 |     The MGA Parties do not dispute that this Court may take judicial notice of

13 | proceedings in foreign courts. However, there is no legal support for Mattel's

14 | position in its RJN that "[s]tatements by MGA contained within those proceedings

15 | are admissible for their truth as admissions", especially considering that Mattel did

16 | not even submit the statements in question as part of its RJN. Mattel's own authority

17 | in fact compels denial of its RJN, as (aside from portions of the defendant's

18 | complaint filed in another proceeding) the court there took judicial notice of the

19 |

20 |

21 |

22 |

23 | *refused* to take notice of the foreign decision in question for the truth of the matters

24 | asserted therein, reasoning that the requesting party "will have the task of proving … the truth of the facts and opinions contained in the [foreign] judgment" at a trial on the merits.

25 | Id. at 388 ("The Court does not . . . judicially notice the *truth* of the facts and opinions stated in the judgment.") (emphasis in the original). In turn, Biggs v. Terhune, 334 F.3d 910

26 | (9th Cir. 2003), is simply inapposite. In Biggs, the Ninth Circuit took judicial notice of the contents of a proceeding below which the court was itself reviewing on appeal. Id. at 915

27 | n.3. Here, this Court is not called upon to review the decision of the Hong Kong court.

28 |

1 | proceedings in question "'but not for the truth of matters stated therein. '" Id.

2 | (citation omitted).  Therefore, Mattel's RJN should be denied.

3 | DATED: March 24, 2008

SKADDEN,  ARPS,  SLATE,  MEAGHER  & FLOM, LLP

By: _____

Marina V. Bogorad
Attorneys for the MGA Parties