1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   JOHN E. TRINIDAD - #250468
6  jtrinidad@kvn.com
   AUDREY WALTON-HADLOCK- #250574
7  awaltonhadlock@kvn.com
   710 Sansome Street
8  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
9  Facsimile:  (415) 397-7188

10 Attorneys for Plaintiff
   CARTER BRYANT

11

12              UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

14 | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx)
15 |                               | (consolidated with CV 04-9059 & 05-2727)
   |                Plaintiff,     |
16 |       v.                      | Hon. Stephen G. Larson
17 | MATTEL, INC. a Delaware       | **[PUBLIC REDACTED]**
   | Corporation,                  | **BRYANT'S STATEMENT OF**
18 |                               | **GENUINE ISSUES IN OPPOSITION TO**
   |                Defendant.     | **MATTEL'S MOTION FOR PARTIAL**
19 |                               | **SUMMARY JUDGMENT**
20 | CONSOLIDATED WITH             |
21 | MATTEL, INC., v. BRYANT and   | Date:     April 22, 2008
   | MGA ENTERTAINMENT, INC. v.    | Time:     10:00 a.m.
22 | MATTEL, INC.                  | Place:    Courtroom 1
23 |                               | **Phase I:**
   |                               | Date Comp. Filed:  April 13, 2005
24 |                               | Discovery Cut-Off:  Jan. 28, 2008
   |                               | Trial Date:  May 27, 2008
25
26
27
28

413925.01

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56-2, and this Court's February 22, 2007 Scheduling Order, Bryant submits the following Statement of Genuine Issues in opposition to Mattel's Motion for Partial Summary Judgment.  Bryant also joins in and incorporates here by reference MGA's Statement of Genuine Issues ("MGA SGI"), to the extent that it states facts, evidence, and evidentiary objections relevant to Mattel's claims against Bryant.[1]

## STATEMENT OF GENUINE ISSUES

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
| --- | --- |
| 1.      Mattel's business as of 2000 was to "desig[n], manufactur[e], and marke[t] a broad variety of toy products on a worldwide basis through both sales to retailers [i.e. "customers"] and direct to consumers...[and] to create new brands..." | Disputed in that Mattel limited and strictly controlled creation of new brands that might compete with Barbie. **Mattel's Evidence:**  Mattel Inc. 2000 Annual Report at 18, attached as Exhibit 1 to the Declaration of B. Dylan Proctor ("Proctor. Dec."), dated March 7, 2008 and filed concurrently herewith **(OBJECTION: HEARSAY).** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact."  See also SGI 161 (relying on March 24, 2008 Declaration of |

[1] To reduce the Court's burden of paper, Bryant refers to MGA's Statement of Genuine Issues ("MGA SGI") and MGA's supporting evidence in responding to certain of Mattel's alleged facts.  References to "MGA SGI ___" are to MGA's responses and evidence related to the Mattel "fact" of that number.  Bryant incorporates by reference, as though set forth herein, all portions of MGA's submissions and evidence referenced here.

References to "SUF" below refer to Bryant's Separate Statement of Undisputed Facts in support of his Motion for Partial Summary Judgment. "MGA UF" refers to MGA's Separate Statement in support of MGA's Motion for Partial Summary Judgment. References to declarations are to declarations submitted by Bryant and by MGA in support of their respective summary judgment motions.

1

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Matthew M. Werdegar, filed herewith ("Werdegar Decl.") Exs. 9-11; MGA UF 37; Russell Decl. Ex. 38. |
| 2.      Bryant withdrew "his Ninth, Tenth, and Eleventh affirmative defenses of 'failure of contract,' 'duress/ unconscionability' and 'alleged duties contrary to law[.]'" | Undisputed. **Mattel's Evidence:** Stipulation and Order Regarding Carter Bryant's Amended Reply to Mattel's Counterclaims, dated October 5, 2007, at 1:18-22, Proctor Dec., Exh. 3. **(OBJECTION: FOUNDATION, RELEVANCE, RULE 403)** |
| 3.      The Court has already ruled that that Mattel's Confidential Information and Inventions Agreement signed by Bryant (1) is not an unlawful restraint of trade in violation of Section 16600 of the <u>Business and Professions Code</u> (July 17, 2006 Order at 10-11),[2] (2) does not violate Sections 96(k), 98.6 or 2699 of the <u>Labor Code</u> (<u>id.</u> at 11-12), (3) does not violate Section 2870 of the <u>Labor Code</u> (<u>id.</u> at 12-13), (4) is not substantively unconscionable (Order at 13-14), (5) does not violate Sections 232 or 232.5 of the <u>Labor</u> | Disputed as to Mattel's characterization of the Order and failure to provide context; Bryant does not dispute the existence or actual text of the Court's Order. **Mattel's Evidence:** Court's Order Granting Motions to Dismiss, dated July 18, 2006 at 13, 14, 15-16, Proctor Dec., Exh. 2 **(OBJECTION: FRE 401, 402, 403; INACCURATE SUMMARY).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |

---

[2]   UF 3 (July 17, 2006 Order at 10-11).

2

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| Code (id. at 14), (6) was not obtained through fraud or fraudulently concealed facts (id. at 14-15), and (7) was not obtained through duress (id. at 16-17). | |
| 4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ | Disputed as inaccurate; disputed as misleading excerpt of testimony. **Mattel's Evidence:** Deposition Transcript of Carter Bryant, Vol. 3 ("Bryant Tr. Vol. 3"), dated November 8, 2004, at 545:24-25, attached as Exhibit 3 to the Declaration of Jon D. Corey ("Corey Dec."), dated March 7, 2008 and filed concurrently herewith **(OBJECTION: RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 5. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | Disputed as unsupported by Mattel's evidence. **Mattel's Evidence:** Deposition Transcript of Ana Elise Cloonan, Vol. 1 ("Cloonan Tr. Vol. 1") dated December 14, 2007, at 98:23-24, Corey Dec., Exh. 6 **(OBJECTION: RULE 403);** see also Deposition Transcript of Christina |

3

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Tomiyama, Vol. 1 ("Tomiyama Tr. Vol. 1"), dated February 27, 2008, at 38:3-39:8 ██████████████, Corey Dec., Exh. 7 **(OBJECTION: RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 6. ████████████████ ████████████████ ████████████████ ████████████████ █████ | Disputed as to the term ████████ ████████████████ ████████████████ ████████████ **Mattel's Evidence:** Bryant Tr. Vol. 3 at 666:5-667:9, Corey Dec., Exh. 3; Deposition Transcript of Carter Bryant, Vol. 1 ("Bryant Tr. Vol. 1"), dated November 4, 2004, at 166:10-170:15 ████████████████████ ████████████████, Corey Dec., Exh. 1; Id. at 165:6-8 ████████ ████████████████████ ████████████████████ ██████; Deposition Transcript of Carter Bryant, Vol. 4 ("Bryant Tr. Vol. 4"), dated |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
|  | January 23, 2008, at 817:8-19 ▊▊▊ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟, Corey Dec., Exh. 4; see also Deposition Transcript of Sheila Kyaw ("Kyaw Tr."), dated January 24, 2008, at 169:23-170:21, 173:24-176:8, 251:3-4, 251:24-252:1, Corey Dec., Exh. 8.  **(OBJECTION: RULE 403.)** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact."  See also SGI 143-144. |
| 7. ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟ | Disputed that this statement is material; otherwise undisputed.  **Mattel's evidence:** Bryant Tr. Vol. 1 at 133:9-15, Corey Dec., Exh. 1;  see also id. at 135:25-136:1 ▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟ **(OBJECTION: RULE 403)**. |
| 8. ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟ | Disputed that this fact is material and the characterization of the number of calls; otherwise undisputed.  **Mattel's Evidence:**  M 0001820-24 ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ ▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟▟ |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | [REDACTED]<br><br>[REDACTED] attached as Exhibit 1 to the Declaration of Rodney Palmer, Jr. ("Palmer Dec."), dated March 6, 2008 and filed concurrently herewith. |
| 9.    The Inventions Agreement reads, "the term 'inventions' includes, but is not limited to, all discoveries, improvements, processes, designs, know-how, data computer programs and formulae, whether patentable or unpatentable." | Disputed as inaccurate quotation; also disputed as to improper use or characterization of contract language in isolation from the contract (the "Employee Agreement") and its surrounding circumstances.<br>**Mattel's Evidence:** Mattel's Employee Confidential Information and Inventions Agreement ("Inventions Agreement") at ¶ 2(b), Proctor Dec., Exh. 5<br>**(OBJECTION: RULE 403).**<br>**Opposing Evidence:** Anderson Decl. Ex. 8 (complete document).  Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 10.    The Inventions Agreement assigns to Mattel "all [Bryant's] right, title and interest" in Bryant's inventions to the extent they were | Disputed as misleading characterization of language in isolation from the contract and its surrounding circumstances.<br>**Mattel's Evidence:** Inventions |

6

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| "conceived or reduced to practice by [Bryant] (alone or jointly by others) at any time during [Bryant's] employment by the Company." and also his "right title and interest in any patents, copyrights, patent applications or copyright applications based thereon."

The Inventions Agreement further states that even if no copyright application has yet been filed, Bryant must assist Mattel "at any time" "to obtain for [Mattel's] own benefit, patents and <u>copyrights</u> for all such inventions anywhere in the world…" | Agreement at ¶ 2(a), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).** **Opposing Evidence:** Anderson Decl. Ex. 8 (complete document).  Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 11.    Bryant admitted that ███ ███████████████████████ ███ | Disputed as mischaracterization of testimony; disputed as inaccurate. **Mattel's Evidence:** Deposition Transcript of Carter Bryant, Vol. 4 ("Bryant Tr. Vol. 4"), dated January 23, 2008, at 861:4-13, Corey Dec., Exh. 4 **(OBJECTION: RELEVANCE, RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | this alleged "fact."  *See* Werdegar Decl. Ex. 1 (28:7-29:9); *id.* Ex. 3 (596:6-598:6); *id.* Ex. 4 (856:23-857:9). |
| 12.    "[I]mprovement" is "an alteration or addition to an existing subject of invention or discovery that does not destroy its identity or essential character but accomplishes greater efficiency or economy[.]" | Disputed as improper characterization of contract term out of context of the Employee Agreement and its surrounding circumstances.<br>**Mattel's evidence:**  See WEBSTER'S THIRD NEW INT'L DICTIONARY (1993) at 1138, Proctor Dec., Exh. 6 **(OBJECTION: RELEVANCE).**<br>**Opposing evidence:**  Anderson Decl. Ex. 8 (Employee Agreement).  Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 13.    "[D]esign" is "a preliminary sketch or outline (as a drawing on paper or a modeling in clay) showing the main features of something to be executed[.]" | Disputed that the quoted language is the only or relevant meaning of "design"; disputed as improper characterization of contract term out of context of the Employee Agreement and its surrounding circumstances..<br>**Mattel's evidence:** See WEBSTER'S THIRD NEW INT'L DICTIONARY (1993) at 611, Proctor Dec., Exh. 6 **(OBJECTION: RELEVANCE).**<br>**Opposing evidence:**  Anderson Decl. Ex. |

8

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | 8 (Employee Agreement).  *See also, e.g,* American Heritage Dictionary (4th ed. 2006) (defining "design" as, among other things, "[a] graphic representation, especially a detailed plan for construction or manufacture").  Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 14.     The Proprietary Information Check Out form that Bryant signed at the end of his Mattel tenure ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ The Check Out form also certified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ | Disputed that the quoted language describes Bryant's obligations to Mattel; disputed as to Mattel's characterization of the Check Out form (including but not limited to the word "certified"); undisputed that the Check-Out form misrepresents the scope of the Employee Agreement using the text quoted here ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮; **Mattel's Evidence:**  Proprietary Information Checkout, Proctor Dec., Exh. 7 (**OBJECTION: RULE 403**). **Opposing Evidence:**  Anderson Decl. Ex. 8 (Employee Agreement); *id.* Ex. 27 (Check-Out form).  Bryant also joins in MGA's response and evidence opposing this alleged "fact." |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| ▮▮▮▮▮▮▮▮ | |
| 15.    Bryant's counsel represented to the Court with respect to the Inventions Agreement that, "The nature of the assignment here is that it is a broad based assignment of all inventions during their employment; all things that were conceived and practiced." | Disputed as inadmissible and irrelevant. **Mattel's Evidence:**  Transcript of Hearing Regarding Mattel's Motion to Dismiss Bryant's Counter-claims, dated June 26, 2006, at 12:23-25, Proctor Dec., Exh. 8 **(OBJECTION: RELEVANCE, INADMISSIBLE ARGUMENT OF COUNSEL, RULE 403).** |
| 16.    Defendants' expert D. Jan Duffy ▮▮▮▮▮▮▮▮ | Disputed as irrelevant, and as mischaracterization of partial statement taken out of context. **Mattel's Evidence:**  Expert Report of D. Jan Duffy, dated February 11, 2008, at 7, Proctor Dec., Exh. 9 **(OBJECTION: HEARSAY, RULE 403).** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 17.    Bryant has sharply restricted his defense of unclean hands. | Disputed as to characterization as "sharply restricted"; undisputed that Bryant has restricted his defense of unclean hands as stated in the February 27, 2008 Werdegar letter. |

10

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | **Mattel's Evidence:** Werdeger letter to Proctor, dated February 27, 2008, Proctor Dec., Exh. 120. **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." |
| 18.    MGA, MGA Entertainment (HK) Limited, and Isaac Larian have withdrawn enitrely their defense of unclean hands to Mattel's Phase I claims. | Undisputed. |
| 19. ███████████ | Disputed as to term ████████ ████████████████████ ████████████████████ ████████████████████ ██████████ **Mattel's Evidence:** <u>See</u> Drawing Bates-numbered BRYANT 00273 and a photograph of BRYANT 00273 marked as Exhibit 717 in this action, Proctor Dec., Exh. 12 **(OBJECTION: AUTHENTICATION)**; Bryant Tr. Vol. 2 at 340:21-23, Corey Dec., Exh. 2; BRYANT 00228 and a photograph of BRYANT 00228 marked as Exhibit 719 in this action, Proctor Dec., Exh. 12 |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
|  | **(OBJECTION: AUTHENTICATION);** Bryant Tr. Vol. 2 at 301:25-302:3, Corey Dec., Exh. 2; BRYANT 00221 and a photograph of BRYANT 00221 marked as Exhibit 722 in this action, Proctor Dec., Exh. 12 **(OBJECTION: AUTHENTICATION);** Bryant Tr. Vol. 2 at 340:2-4, Corey Dec., Exh. 2; BRYANT 00297 and a photograph of BRYANT 00297 marked as Exhibit 725 in this action, Proctor Dec., Exh. 12 **(OBJECTION: AUTHENTICATION);** Bryant Tr. Vol. 2 at 358:2-358:4, Corey Dec., Exh. 2; see also Bryant Tr. Vol. 1 at 229:14-230:5, Corey Dec., Exh. 1; Bryant Tr. Vol. 2 at 302:4-19, Corey Dec., Exh. 2; Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants at Response Nos. 9-12; Proctor Dec., Exh. 88. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." See SGI 140. |
| 20.    When MGA and MGA Hong Kong sought to enforce MGA's | Disputed as inadmissible, and as stated by MGA. |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| copyrights in the courts of Hong Kong, the former director of MGA Hong Kong swore in an affirmation that ▮▮▮▮▮▮▮▮▮▮▮▮ | **Mattel's Evidence:** Affirmation of Lee Shiu Cheung, dated June 18, 2002, at ¶ 7, Proctor Dec., Exh. 13; Exhibit LSC-3 to the Affirmation of Lee Shiu Cheung, Proctor Dec., Exh. 14. **OBJECTION: AUTHENTICATION, HEARSAY, RULE 403.** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 21.   Bryant testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Disputed as to characterization of ▮▮▮ as a ▮▮▮▮▮▮▮▮ and as stated by MGA. **Mattel's Evidence:** Bryant Tr. Vol. 2 at 350:16-25, Corey Dec., Exh. 2 **(OBJECTION: RULE 403)**.  Sculptural drawing Bates-numbered BRYANT 00278, Proctor Dec., Exh. 15 **(OBJECTION: AUTHENTICATION);** Deposition Transcript of Paula Garcia, Vol. 2, dated May 25, 2007, at 589:25-592:7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Corey Dec., Exh. 20. |

13

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." *See also* Werdegar Decl. Ex. 2 (359:25). |
| 22. ████████ | Disputed as to characterization as ████ |
| ████████████ | ████████; disputed as to ████ |
| ████████████████ | ████████████████ |
| ████████████ | ████████████████ |
| ████████████████ | ████████████████ |
| ████████████ | ██████████ |
| ████████████ | **Mattel's Evidence:** See Collection of |
| ████████████ | drawings marked as Exhibit 323 in this |
| ████████████ | action at SL00044, Proctor Dec., Exh. 16 |
| ████████████ | **(OBJECTION: AUTHENTICATION,** |
| ████████████ | **FOUNDATION)**; see also Deposition |
| ████████████████ | Transcript of Steven Linker ("Linker |
| ████████ | Tr."), dated September 13, 2006 at 77:11- |
| | 13 ████████████████ |
| | ████████████████ |
| | ████████████████ |
| | ████████████████ |
| | Corey Dec., Exh. 9; id. at 89:11-21 ████ |
| | ████████████████ |
| | ████████████████ |
| | ████████████ |
| | ████████████ |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | [redacted]

**(OBJECTION: IMPROPER LAY OPINION, FOUNDATION).**

**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." *See also* Mattel UF 69. |
| 23.    MGA has registered Bratz drawings created by Bryant with the U.S. Copyright Office. | Undisputed.  Bryant joins in MGA's response. |
| 24.    Mattel has registered the same Bratz drawings with the U.S. Copyright Office that MGA has registered as well as other Bratz drawings created by Bryant during Bryant's Mattel employment. | Disputed as to characterization of any drawings as "created by Bryant during Bryant's Mattel employment"; otherwise undisputed.

**Mattel's Evidence:**  See the copyright registration Bates-numbered M 0059601-2, Proctor Dec., Exh. 22; the copyright application Bates-numbered M 0059734-7, Proctor Dec., Exh. 23; the copyright registration Bates-numbered M 0059585-6, Proctor Dec., Exh. 24; the copyright application Bates-numbered M 0059702-5, Proctor Dec., Exh. 25; the copyright |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | registration Bates-numbered M 0059589-90, Proctor Dec., Exh. 26; the copyright application Bates-numbered M 0059710-3, Proctor Dec., Exh. 27; the copyright registration Bates-numbered M 0059591-2, Proctor Dec., Exh. 28; the copyright application Bates-numbered M 0059714-7, Proctor Dec., Exh. 29; the copyright registration Bates-numbered M 0059587-8, Proctor Dec., Exh. 30; the copyright application Bates-numbered M 0059706-9, Proctor Dec., Exh. 31; the copyright registration Bates-numbered M 0059609-10, Proctor Dec., Exh. 32; the copyright application Bates-numbered M 0059750-3, Proctor Dec., Exh. 33; the copyright registration Bates-numbered M 0059583-4, Proctor Dec., Exh. 34; the copyright application Bates-numbered M 0059698-701, Proctor Dec., Exh. 35; the copyright registration Bates-numbered M 0059593-4, Proctor Dec., Exh. 36; the copyright application Bates-numbered M 0059718-21, Proctor Dec., Exh. 37; the copyright registration Bates-numbered M 0059595-6, Proctor Dec., Exh. 38; the copyright |

16

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | application Bates-numbered M 0059722-5, Proctor Dec., Exh. 39; the copyright registration Bates-numbered M 0059597-8, Proctor Dec., Exh. 40; the copyright application Bates-numbered M 0059726-9, Proctor Dec., Exh. 41; the copyright registration Bates-numbered M 0059599-600, Proctor Dec., Exh. 42; the copyright application Bates-numbered M 0059730-3, Proctor Dec., Exh. 43; the copyright registration Bates-numbered M 0059603-4, Proctor Dec., Exh. 44; the copyright application Bates-numbered M 0059738-41, Proctor Dec., Exh. 45; the copyright registration Bates-numbered M 0059605-6, Proctor Dec., Exh. 46; the copyright application Bates-numbered M 0059742-5, Proctor Dec., Exh. 47; the copyright registration Bates-numbered M 0059607-8, Proctor Dec., Exh. 48; the copyright application Bates-numbered M 0059746-9, Proctor Dec., Exh. 49; the copyright registration Bates-numbered M 0059581-2, Proctor Dec., Exh. 50; the copyright application Bates-numbered M 0059758-61, Proctor Dec., Exh. 51; the copyright |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | registration Bates-numbered M 0059579-80, Proctor Dec., Exh. 52; the copyright application Bates-numbered M 0059754-7, Proctor Dec., Exh. 53. **OBJECTION: FOUNDATION.** **Opposing Evidence:** Mattel has presented no evidence above that any drawings were "created by Bryant during Bryant's Mattel employment." *See also* Bryant's Motion for Partial Summary Judgment at 28-29. |
| 25. ███████████████ ████████████████████ ███████████████ | Disputed. **Mattel's Evidence:** Bryant Tr. Vol. 2 at 387:17-25, Corey Dec., Exh. 2; Bryant Tr. Vol. 3 at 528:3-20, Corey Dec., Exh. 3; Bryant Tr. Vol. 5 at 901:7-902:3, Corey Dec., Exh. 5. **OBJECTION: RULE 403, FOUNDATION, FORM.** **Bryant's Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 26.    Defendant Larian testified in another matter that ███████████ ███████████████████ ████████████████████ █████████████ | Disputed as inadmissible against Bryant, and as stated by MGA. **Mattel's Evidence:**  See Affidavit of Isaac Larian in Cityworld at ¶13, ("Larian's Cityworld Affidavit") Bates- |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 1 | |
| ██████████████████████ | numbered M 0883396-407 (Larian stating |
| ██████ | ████████████████████████ |
| | ██████████████████, Proctor |
| | Dec., Exh. 54 (**OBJECTION:** |
| | **HEARSAY, FOUNDATION**); |
| | Deposition Transcript of Spencer |
| | Woodman ("Woodman Tr."), dated |
| | October 9, 2007, at 170:22, Corey Dec., |
| | Exh. 17; see also Deposition Transcript of |
| | Rebecca Harris, Vol. 2 ("Rebecca Harris |
| | Tr. Vol. 2"), dated January 22, 2008, at |
| | 476:18-25, Corey Dec., Exh. 10 ██████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ████████████████████████ |
| | ██████████████████████ see |
| | also Bryant sketches marked as Exhibits |
| | 1107-10 in this action, Proctor Dec., Exh. |
| | 55; Deposition Transcript of Paula Garcia, |
| | Vol. 4 ("Garcia Tr. Vol. 4"), at 1021:14, |
| | 1024:21, 1025:19 & 1026:12, Corey Dec., |
| | Exh. 18; see also Rebecca Harris Tr. Vol. |
| | 2 at 367:2-6, Corey Dec., Exh. 10 |
| | ████████████████████████ |
| | ██████████████████████ |
| | ██████████████████████ |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ id. at 376:25-377:15 ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ id. at 485:20-489:19 ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ e-mail and attachments Bates-numbered MGA 0050733-36, Proctor Dec., Exh. 56; Deposition Transcript of Sarah Chui ("Chui Tr."), dated September 28, 2007, at 94:4, Corey Dec., Exh. 19; Rebecca Harris Tr. Vol. 2 at 497:23-500:3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ Corey Dec., Exh. 10; Collection of drawings marked as Exhibit 302 in this action, Proctor Dec., Exh. 57; Deposition Transcript of Paula Garcia, Vol. 2, ("Garcia Tr. Vol. 2"), dated May 25, 2007, at 622:9-11, Corey Dec., Exh. 20. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 27. ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ | Disputed as stated by MGA. **Mattel's Evidence:** See Exhibit 37 and Paragraph 12 to the Declaration of Lee Loetz ("Loetz Dec."), dated March 7, 2008 and filed concurrently herewith **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 28.    A side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant from a three quarter view shows that the dolls and drawings are highly similar, and demonstrates that the doll closely followed the curves of the drawing. | Disputed as stated by MGA. **Mattel's Evidences:** Loetz Dec., Exh. 2 & ¶ 13 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 29.    In Bryant's drawings, the characters have an angular waist pose with knock-knees, pigeon toes, and hands upturned at the wrist.  The final dolls match to a remarkable degree the poses in Carter Bryant's concept sketches.  Similarly, the upturned | Disputed as stated by MGA. **Mattel's Evidence:**  Loetz Dec., Exhs. 4, 5, 7, 9 & 16 & ¶ 15 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| hands at the wrists evident in Bryant's drawings were faithfully executed in the three dimensional Bratz dolls. | this alleged "fact." |
| 30.    The proportional placement of the eyes, hair and lips, which define the signature "sultry look" of the Bratz dolls, match nearly identically as between the drawings and the dolls. From a three quarter view, the eyes are a similar distance apart, as are the eyebrows.  The cheek color application is in the same place.  The faces have a similar shape, from the brow down to indenture of the eye socket, to the outward curve of the cheek.  Even the moles are in the same location on the face. | Disputed as stated by MGA.<br>**Mattel's Evidence:**  Loetz Dec., Exhs. 6, 17, 19, 21 & 24 & ¶¶ 16-18 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).**<br>**Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 31.    Bryant's drawings include oversized almond shaped-eyes, with heavy lids, outlined with makeup lines. The Bratz dolls' eyes share this almond shape, which is angled upward at its outside edge.  The pupils are also placed in a similar location on the horizontal as well as vertical plane. And the eyebrows share the same | Disputed as stated by MGA.<br>**Mattel's Evidence:**  Loetz Dec., Exhs. 18, 20, 22 & ¶¶ 19-20 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).**<br>**Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| distance from the eye, the same angular shape, and cover fifty percent of the pupils; Loetz deems this fact especially notable. | |
| 32.    The makeup on the eyes in Bryant's drawings was meticulously executed on the doll.  In the dolls and in the drawings, the characters' eyes have three eyelashes.  There are similarities in placement and design of the eye makeup.   The eyeliner design is similar in its painterly thickness and sweeping upward curves.  The eye makeup style and design is exceptional in correlation from drawing to doll. The various colors of makeup and the placement, size and shape of the makeup applications gives the look of a girl who has on too much eye makeup . | Disputed as stated by MGA. **Mattel's Evidence:**  Loetz Dec., Exhs. 20, 22, 24 & ¶ 21 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 33.    The lips are essentially the same in Bryant's drawings and the dolls. Both have large over-inflated lips with the widest portion being in the middle of the lips.  There is also a correlation in makeup style on the lips.  The | Disputed as stated by MGA. **Mattel's Evidence:**  Loetz Dec., Exhs. 8, 18, 20, 22, 24 & ¶ 22 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:**  Bryant joins in |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| glossy lips with a dark distinctive outline are apparent on both doll and drawing. | MGA's response and evidence opposing this alleged "fact." |
| 34.    The dolls and the drawings share similar braided hairstyles on a dark-haired character, and pig-tailed hairstyles with the same length bangs on a dark haired character. | Disputed as stated by MGA.<br><br>**Mattel's Evidence:**  Loetz Dec., Exhs. 17, 19, 23 & ¶ 23 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).**<br><br>**Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 35.    The dolls and drawings share similar urban fashions of short skirts, layered tops, and high heeled shoes. Where pants are worn, both doll and drawing share the same flared style with wide cuffs and striped details. The denim skirts are also similar.  The dolls and drawings feature a similar floral pattern shirt, with similar style and length denim skirt.   The dolls and drawings also share a similar knit hat style, similar striped shirts, and similarly layered and cropped shirts. | Disputed as stated by MGA.<br><br>**Mattel's Evidence:**  Loetz Dec., Exhs. 4, 5, 10, 25, 26, 28, 29, 30 & ¶ 26 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).**<br><br>**Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 36.    The Bratz accessories are youthful and funky in style, especially | Disputed as stated by MGA.<br><br>**Mattel's Evidence:**  Loetz Dec., Exhs. 7, |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| in the use of colorful backpacks and bags. Both dolls and drawings share the same graphic motif, such as a kitten on a cropped t-shirt, and a bunny on a backpack. | 13, 16, 27 & ¶¶ 27-28 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 37.    There are extensive similarities in the shoe design, including in the execution of sneaker style and design, high heels, open toes, and belt straps. Shoes in both the drawings and on the dolls are oversized. | Disputed as stated by MGA. **Mattel's Evidence:** Loetz Dec., Exhs. 3, 9-12, 14, 15 & ¶¶ 29-30 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 38.    There is a visual consistency from Bryant's sketches, to the first wave of dolls, up through the later waves of Bratz dolls. | Disputed as stated by MGA. **Mattel's Evidence:** Loetz Dec., ¶ 31 **(OBJECTION: AUTHENTICATION, IMPROPER EXPERT OPINION).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 39.    MGA registered with the U.S. Copyright Office the original four Bratz dolls released to market in or about June 2001 and registered the Bratz sculpt in or about March 2002. | Disputed in that the registrations refer not to "dolls" but to "doll configuration, accessories and packaging," as stated by MGA. **Mattel's Evidence:** <u>See</u> MGA copyright |

25

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| MGA's initial copyright registrations for those dolls and the Bratz sculpt list their dates of creation as 2000. | registration produced in this action and Bates-numbered M 0110155-9, Proctor Dec., Exh. 58; MGA copyright registration produced in this action and Bates-numbered M 0110160-4, Proctor Dec., Exh. 59; MGA copyright registration produced in this action and Bates-numbered M 0110165-9, Proctor Dec., Exh. 60; MGA copyright registration produced in this action and Bates-numbered M 0110639-42, Proctor Dec., Exh. 61; MGA copyright registration produced in this action and Bates-numbered M 0110174-8, Proctor Dec., Exh. 62. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 40.    After Mattel filed this lawsuit, MGA "corrected" the registrations for the original dolls and the sculpt to state that the dolls were created in 2001. | Disputed as stated by MGA. **Mattel's Evidence:** See Form CA produced in this action and Bates-numbered M 0110217-8, Proctor Dec., Exh. 63; Form CA produced in this action and Bates-numbered M 0110219-20, Proctor Dec., Exh. 64; Form CA produced in this action and Bates-numbered M |

26

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
|  | 0110221-2, Proctor Dec., Exh. 65; Form CA produced in this action and Bates-numbered M 0110223-4, Proctor Dec., Exh. 66; Form CA produced in this action and Bates-numbered M 0110225-6, Proctor Dec., Exh. 67.<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 41.    When defendant Isaac Larian sought to enforce MGA's copyrights in the courts of Hong Kong, he swore in an affidavit that ███████████ ███████████████████████ ███████████████████████ ████████████ | Disputed as inadmissible as to Bryant, as as stated by MGA.<br><br>**Mattel's Evidence:** Larian CityWorld Affidavit at ¶ 12, Proctor Dec., Exh. 54.<br><br>**OBJECTION: HEARSAY, FOUNDATION.**<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 42.    Daphne Gronich, MGA's former general counsel, ███████████ ███████████████████████ ██████████████████ ████████████████████████ | Disputed as inadmissible, and as stated by MGA.<br><br>**Mattel's Evidence:** See, e.g., Affidavit of Daphne Gronich at ¶¶ 5-6 in Hunglam Toys Company Limited et al., Proctor Dec., Exh. 68 (**OBJECTION: HEARSAY, FOUNDATION**); Woodman Tr. Vol. 1 at 235:6-7, Corey |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Dec., Exh. 17; see also Affidavit of Daphne Gronich in <u>MGA Entertainment, Inc. v. Double Grand Corp. Ltd.</u>, at ¶¶ 6-7, Proctor Dec., Exh. 122 **(OBJECTION: HEARSAY, FOUNDATION)**.<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 43.    Both MGA Hong Kong's Lee Shiu Cheung and MGA Hong Kong's outside counsel have separately declared under oath that ████████ ███████████████ ████████████████ ██████████████████ █████████ | Disputed as inadmissible, and as stated by MGA.<br><br>**Mattel's Evidence:** Affirmation of Lee Shiu Cheung in <u>MGA Entertainment, Inc. v. Double Grand Corp. Ltd</u>. at ¶ 8, Proctor Dec., Exh. 69 **(OBJECTION: HEARSAY, FOUNDATION)**; Woodman Tr. Vol. 1 at 281:7-14, Corey Dec., Exh. 17; see also Affirmation of Wai Lim Fan at ¶ 5(2) in <u>MGA Entertainment, Inc. v. Hunglam Toys Co. Ltd.</u>, dated July 24, 2003, Proctor Dec., Exh. 123 **(OBJECTION: HEARSAY, FOUNDATION)**.<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 44.    Bryant admitted in this action | Undisputed except as to characterization |

28

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| that the drawings at issue are original works of authorship within the meaning of the Copyright Act. | of the referenced drawings as all of "the drawings at issue" and as to what aspects constitute the "original works of authorship."<br><br>**Mattel's Evidence:** Carter Bryant's Responses to Mattel's Sixth Set of Requests for Admission at Response Nos. 18, 19, 92, 93, 145, 146, 177, 178, 262, 263, 644, 645, 655, 656, 666, 667, 677, 678, Proctor Dec., Exh. 70. |
| 45. ██████████████████ ██████████████████ | Disputed.  (Alleged admission is false and mischaracterizes testimony, and falsely suggests (1) that Bryant had "Bratz inventions" and (2) that he had some duty of disclosure.)<br><br>**Mattel's Evidence:** Bryant Tr. Vol. 4 at 885:3-18, Corey Dec., Exh. 4 **(OBJECTION: RULE 403, RELEVANCE).**<br><br>**Opposing Evidence:** SGI 154-157. Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 46. ██████████████ ██████████████████ ████████████ ██████████ | Disputed as inaccurate and misleading, as stated by MGA.<br><br>**Mattel's Evidence:** Agreement between Carter Bryant and MGA ("Bryant-MGA |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 1 | |
| 2 ▮▮▮▮▮▮▮▮ | Agreement") at ¶3(a), Bates-numbered |
| 3 ▮▮▮▮▮▮▮ | BRYANT 00794-799, Proctor Dec., Exh. |
| 4 ▮▮▮▮ | 71 **(OBJECTION: RULE 403,** |
| 5 | **FOUNDATION).** |
| 6 | **Opposing Evidence:** Bryant joins in |
| 7 | MGA's response and evidence opposing |
| 8 | this alleged "fact." |
| 9 47. ▮▮▮▮▮ | Disputed as improper use or |
| 10 ▮▮▮▮▮▮ | characterization of contract language in |
| 11 ▮▮▮▮▮▮ | isolation from the contract and its |
| 12 ▮▮▮▮▮▮▮ | surrounding circumstances; undisputed |
| 13 ▮▮ | that Agreement contains the quoted text; |
| 14 | disputed as irrelevant, in that Bryant |
| 15 | fulfilled all of his obligations to Mattel |
| 16 | **Mattel's Evidence:** Bryant-MGA |
| 17 | Agreement at ¶ 1, Proctor Dec., Exh. 71 |
| 18 | **(OBJECTION: RULE 403,** |
| 19 | **FOUNDATION).** |
| 20 | **Opposing Evidence:** SGI 135, 147-153. |
| 21 48. ▮▮▮▮▮▮ | Disputed as inaccurate quotation; as to use |
| 22 ▮▮▮▮▮▮▮ | and characterization of contract language |
| 23 ▮▮▮▮▮▮▮ | in isolation from the contract and its |
| 24 ▮▮▮▮▮▮▮ | surrounding circumstances. |
| 25 ▮▮▮▮▮▮ | **Mattel's Evidence:** 2004 Modification |
| 26 ▮▮▮▮▮▮▮ | and Clarification of 2000 Agreement |
| 27 ▮▮▮▮▮▮ | ("Modification of 2000 Agreement") at § |
| 28 | |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 2, Bates-numbered MGA000429-434, Proctor Dec., Exh. 72 **(OBJECTION: RULE 403, FOUNDATION)**. **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 49. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Disputed as to use and characterization of contract language in isolation from the contract and its surrounding circumstances. **Mattel's Evidence:** Modification of 2000 Agreement at §§ 1.1, 1.4, Proctor Dec., Exh. 72 **(OBJECTION: RULE 403, FOUNDATION)**. **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 50.   The Inventions Agreement prohibits Bryant from "without the Company's express written consent, engag[ing] in any employment or business other than for the Company, | Disputed as to any use and characterization of quoted language in isolation from the Employee Agreement and its surrounding circumstances; undisputed that the Employee Agreement |

31

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| or invest[ing] in or assist[ing] (in any manner) any business competitive with the business or future business plans of the Company." | contains the quoted text. **Mattel's Evidence:** Inventions Agreement at ¶ 3(a), Proctor Dec., Exh. 5, **(OBJECTION: RULE 403, FOUNDATION).** **Opposing Evidence:** Anderson Decl. Ex. 8 (complete document). Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 51.    In the Inventions Agreement, Bryant specifically acknowledged: "The Company depends on me to maintain that confidentiality, and I accept that position of trust." | Disputed as to any use and characterization of quoted language in isolation from the Employee Agreement and its surrounding circumstances; undisputed that the Employee Agreement contains the quoted text. **Mattel's Evidence:** Inventions Agreement at ¶ 1(a), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).** **Opposing Evidence:** Anderson Decl. Ex. 8 (complete document). Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 52.    The Inventions Agreement also required Bryant to maintain Mattel's proprietary information in strict confidence. | Disputed as to characterization of the Employee Agreement without reference to any specific language, without defining terms (such as "Mattel's proprietary |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | information"), and without considering the entire Agreement and its surrounding circumstances. **Mattel's Evidence:** <u>See</u> Inventions Agreement at ¶ 1(a)-(d), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).** **Opposing Evidence:** Anderson Decl. Ex. 8 (complete document). [MGA currently not disputing – but if they change: Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 53. ███████████ | Disputed, and utterly unsupported by Mattel's "evidence." Bryant also joins in MGA's response to this alleged "fact." **Mattel's Evidence:** Bryant Tr. Vol. 1 at 17:5-6, Corey Dec., Exh. 1 ███ ███████████ <u>id.</u> at 14:20-16:8 ███ ███████████ Bryant Tr. Vol. 4 at 822:1-826:20, Corey Dec., Exh. 4 ███ |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | id. at 828:11-830:15 ▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮ Bryant Tr. Vol. 5 at 1095:15- 1097:4, Corey Dec., Exh. 5 |
| | ▮▮▮▮▮▮▮▮▮▮▮ |
| | ▮▮▮▮▮▮▮▮▮▮ |
| | **OBJECTION: RULE 403, FOUNDATION.** |
| | **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 54. ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ | Disputed as to characterization of what Bryant testified ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ disputed as to characterization as ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ disputed as stated by MGA. **Mattel's Evidence:** See, e.g., UF 17-19; see also collection of Bratz drawings marked as Exhibit 2 in this action, Proctor |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Dec., Exh. 73 ; Bryant Tr. Vol. 2 at 296:4-297:12 ███████████████ ███████████████████████ ███████████████████████ ███████████████████████ ██████████ Corey Dec., Exh. 2. **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact."  Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 55. ████████████ ██████████████████ ████ | Disputed as to characterization of "while employed by Mattel" to the extent it refers to anything other than Bryant's *dates* of employment; disputed as to implied inclusion of *all* of Bryant's Bratz drawings; disputed as inadmissible. **Mattel's Evidence:** ███████████ ███████████████████████ ████████████████████████ ████████████████████████ ████████████ Bates-numbered MGA001473, Proctor Dec., Exh. 74 **(OBJECTION: HEARSAY, FOUNDATION);** Deposition Transcript of Isaac Larian ("Larian Tr. Vol. 1"), |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | dated July 18, 2006, at 198:19-198:24, Corey Dec., Exh. 13; collection of Bryant drawings marked as Exhibit 302 in this action, Proctor Dec., Exh. 57; Bryant Tr. Vol. 1 at 9:25-11:17, Corey Dec., Exh. 1 ███████████████████ ████████████████████ ████████████████ ████ Deposition Transcript of Veronica Marlow ("Marlow Tr. Vol. 1"), dated December 28, 2007, at 135:20-136:9, Corey Dec., Exh. 11 ██████ ███████████████ ██████████████████ ████ id. at 206:18-211:17 █████████████████████ █████████████████████ █████████████████ ████████ Deposition Transcript of Paula Garcia, Vol. 1 ("Garcia Tr. Vol. 1"), dated May 24, 2007, at 265:11-268:20 █████████████████ ████████, Corey Dec., Exh. 12; Larian Tr. Vol. 1 at 77:14-78:10 ███ ███████████████ ████████████████████ |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | ████ Corey Dec., Exh. 13 ; Deposition Transcript of Victoria O'Connor Confidential ("O'Connor Tr. Conf."), dated December 6, 2004, at 55:12-56:2, Corey Dec., Exh. 14 ████████████ ███████████ ████████████ Id. at 56:20-59:12 ████ ████████████ ████████████ ████ Deposition Transcript of Samir Khare, Vol. 3 ("Khare Tr. Vol. 3"), dated January 25, 2008, at 752:24- 753:12, Corey Dec., Exh. 15 ████████ ████████████ ███████ id. at 766:17- 767:11 █████████ ████████████ ███████████ Deposition Transcript of Rachel Harris ("Rachel Harris Tr."), dated February 26, 2008, at 17:11-19, 30:24-32:17, Corey Dec., Exh. 16 ████████ ████████████ ████████████ |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." *See infra* SGI 139-151. |
| 56. ████████ | Disputed in that ████████ ████████ ████████ ████████ ████████ disputed to the extent ████████ ████████ ████████ |
| | **Mattel's Evidence:** See Bryant Tr. Vol. 1 at 178:3 - 178:18, Corey Dec., Exh. 1 **(OBJECTION: RULE 403)**; see also Bryant's Angel sketches, Bates-numbered BRYANT 00173-174, Proctor Dec., Exh. 75 **(OBJECTION: FOUNDATION)**; Garcia Tr. Vol. 2 at 321:22-322:6, Corey Dec., Exh. 20; Bryant invoice, Bates-numbered MGA 001294-96, Proctor Dec., Exh. 76; Deposition Transcript of Kerri Brode, Percipient, ("Brode Percipient Tr."), dated August 15, 2007, at 117:18-24, Corey Dec., Exh. 21. |
| | **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | this alleged "fact." SGI 141-142. |
| 57. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ | Disputed as to characterization as ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ |
| | disputed as to implication that Mattel ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ |
| | **Mattel's Evidence:** ▓▓▓▓ ▓▓▓▓▓▓ |
| | Bates-numbered BRYANT 01200-03, Proctor Dec., Exh. 77 **(OBJECTION: FOUNDATION, RELEVANCE);** Bryant Tr. Vol. 3 at 680:13-21, Corey Dec., Exh. 3; ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓ Bates-numbered MGA 0072161-167, Proctor Dec., Exh. 78 **(OBJECTION: HEARSAY, RELEVANCE, FOUNDATION);** Garcia Tr. Vol. 4 at 1276:16-21, Corey Dec., Exh. 18; Bryant Tr. Vol. 2 at 341:18-342:11, Corey Dec., Exh. 2 ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
|  | ███████ (OBJECTION: RULE 403); October 12, 2000 e-mail from Liz Hogan to Paula Treantafelles and Carter Bryant, copy to Steve Linker, Bates-numbered SL00001, Proctor Dec., Exh. 79 (OBJECTION: HEARSAY); Linker Tr. Vol. 1 at 57:7-21, Corey Dec. Exh. 9; October 14, 2000 e-mail from Hogan to Treantafelles copying Linker, Bates-numbered SL00005-7, Proctor Dec., Exh. 80 (OBJECTION: HEARSAY, FOUNDATION); Linker Tr. Vol. 1 at 66:16-67:9, Corey Dec., Exh. 9; Bryant Tr. Vol. 1 at 221:21-222:11, Corey Dec., Exh. 1 ████████████ ███████████████████ ███████████████████ ████████████<br><br>**Opposing Evidence:** SGI 133, 135, 139-151. |
| 58. ████████████ ████████████████ ████████████████ ████████████ | Disputed as to accuracy of fax header dates.<br><br>**Mattel's Evidence:** Bratz designs with March and April 2000 fax headers, Bates-numbered KMW-M 01647-8, MGA HK 0001928, MGA HK 0001935, KMW-M |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | 007726, KMW-M 007729, KMW-M 007734 & BRYANT 00167, Proctor Dec., Exh. 81; see also Bryant Tr. Vol. 2 at 317:17-23, Corey Dec., Exh. 2. **(OBJECTION: FOUNDATION, RELEVANCE, RULE 403)** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 59. ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ ▓▓ | Disputed as inadmissible; disputed in that the email is factually inaccurate, as stated by MGA. **Mattel's Evidence:** E-mail correspondence between Larian, O'Connor, Dennis Medici and Treantafelles, dated October 10, 2000, Bates-numbered MGA 004717, Proctor Dec., Exh. 82 **(OBJECTION: HEARSAY, RULE 403)**; Deposition Transcript of Paula Garcia, Vol. 3 ("Garcia Tr. Vol. 3"), dated October 9, 2007 at 873:25-875:4, Corey Dec., Exh. 22 **(OBJECTION: RULE 403)**. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |

41

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 60. ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ | Disputed as inadmissible as to Bryant; disputes in that the email is factually inaccurate, as stated by MGA. **Mattel's Evidence:** E-mail from Nana Ashong to O'Connor, Treantafelles and Martin Hitch, copy to Jackie Bielke, dated September 6, 2001, Bates-numbered MGA0069426-7, Proctor Dec., Exh. 83 **(OBJECTION: HEARSAY, AUTHENTICATION, IMPROPER LAY OPINION);** Deposition Transcript of Nana Ashong Vol. 1 ("Ashong Tr. Vol. 1"), dated January 28, 2008, at 215:23-216:16, Corey Dec., Exh. 23. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 61. ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ | Disputed in that Rhee's statements are false, as stated by MGA. **Mattel's Evidence:** Rhee's 2000-2001 invoices to MGA, Bates-numbered AR 0001-0058, Proctor Dec., Exh. 84 **(OBJECTION: FOUNDATION);** Deposition Transcript of Anna Rhee Non-Confidential ("Rhee Non-Conf. Tr."), dated February 3, 2005 at 23:13-24:8, |

42

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Corey Dec., Exh. 24 **(OBJECTION: RULE 403)**; Deposition Transcript of Anna Rhee Confidential ("Rhee Conf. Tr."), dated February 3, 2005, at 107:16-110:6 ██████████ ██████████ ████████ Corey Dec., Exh. 25 **(OBJECTION: RULE 403)**. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 62. ██████████ ██████████ ██████ ████████ ████████ ██████████ ██████████ ████ | Disputed as unsupported as to Rachel Harris, and to the extent based on inadmissible "evidence"; otherwise undisputed. **Mattel's Evidence:** Bryant Tr. Vol. 1 at 88:12-13, Corey Dec., Exh. 1 ████ ██████████ <u>Id.</u> at 88:21-89:1 ██████████ ██████████ Larian Tr. Vol. 1 at 77:17-18, Corey Dec., Exh. 13 ████████ Isaac Larian's testimony in <u>Art Attacks</u> at MGA |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | 0868922, Proctor Dec., Exh. 85 **(OBJECTION: HEARSAY)**; O'Connor Tr. at 71:8-17, Corey Dec., Exh. 14 ███████ ███████ ███████. **Opposing Evidence:** Mattel has not cited evidence supporting the challenged portions of this alleged "fact." |
| 63. ███████ ███████ ███████ ███████ ███████ ███████ ███████ | Undisputed. |
| 64. ███████ ███████ ███████ | Undisputed. **Mattel's Evidence:** Facsimile from Bryant to David Rosenbaum, Bates-numbered MGA007337-40, Proctor Dec., Exh. 86; Bryant Tr. Vol. 4 at 772:18-773:15, Corey Dec., Exh. 4; Bryant Tr. Vol. 3 at 585:17 - 587:17 ███████ ███████ ███████ Corey Dec., Exh. 3. |

44

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 65. ███████████████ ████████████████ ████████████████ ████████████████ | Disputed as to nature and purpose of the payments, and to the extent "while . . . still working for Mattel" refers to anything other than the *dates* of Bryant's employment, as stated by MGA. **Mattel's evidence:** <u>See, e.g.,</u> Bryant's invoice dated August 31, 2000 and marked as Exhibit 593 in this action, Proctor Dec., Exh. 76 **(OBJECTION: FOUNDATION, RULE 403)**;  Brode Percipient Tr. at 117:10-118:6, Corey Dec., Exh. 21; internal MGA e-mail regarding setting Bryant up as a vendor, Bates-numbered MGA 001291, Proctor Dec., Exh 89 **(OBJECTION: HEARSAY)**; Deposition Transcript of MGA Designee Kerri Brode ("Brode Designee Tr.") dated January 19, 2007, at 53:6-14, Corey Dec., Exh. 26; Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses, Bates-numbered MGA 3786749-60, Proctor Dec., Exh. 111 **(OBJECTION: FOUNDATION)**. **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing |

45

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | this alleged "fact." |
| 66.      Bratz has been a very successful product for MGA and Larian. | Undisputed.<br><br>**Mattel's Evidence:** Deposition Transcript of Lisa Tonnu, Vol. 2 ("Tonnu Vol. 2"), dated September 24, 2007, at 380:21-381:19, Corey Dec., Exh. 27; Bratz Sales from 2001-2006 spreadsheet, Bates-numbered MGA 0868723-865, marked as Exhibit 660 in this action, Proctor Dec., Exh. 4 **(OBJECTION: FOUNDATION, RELEVANCE)**. |
| 67.      The Inventions Agreement states at the outset that the agreement "is designed to make clear that … inventions that I create will be owned by the Company," and concluding with the capitalized, bold-faced statement that **"THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHT TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT."** | Disputed based on misleading elision of a lengthy portion of the quoted text; disputed as mischaracterizing prominence of "capitalized, bold-faced" text; disputed as to improper use or characterization of contract language in isolation from the contract (the "Employee Agreement") and its surrounding circumstances.<br><br>**Mattel's Evidence:** Inventions Agreement, Proctor Dec., Exh. 5.<br><br>**OBJECTION: RULE 403.**<br><br>**Opposing Evidence:** Anderson Decl. Ex. 8 (complete document). |
| 68.      ██████████████ | Disputed as stated by MGA. |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | **Mattel's Evidence:** <u>See</u> E-mail interview of Paula Treantafelles for "Dolls Magazine", dated April 25, 2001 and May 1, 2001, Bates-numbered MGA 0051255-7, at MGA 0051256 ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ Proctor Dec., Exh. 110 **(OBJECTION: HEARSAY, FOUNDATION, RULE 403);** <u>see also</u> Rebecca Harris Vol. 2 at 490:15-17 ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ Corey Dec., Exh. 10 **(OBJECTION: RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 69. ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ | Undisputed. |
| 70.    On April 27, 2004, Mattel filed its original complaint in California state court against Bryant in <u>Mattel, Inc. v. Bryant</u>, Case No. BC314398. | Undisputed, except in that Mattel also brought other claims against Bryant in its original complaint. **Mattel's Evidence:** Mattel's Complaint |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| Mattel brought claims for breach of contract and breach of duty of loyalty. | in Mattel, Inc. v. Bryant, Case No. BC314398 at 5-9, Proctor Dec., Exh. 91. |
| 71.   On May 13, 2005, Mattel filed its answer to MGA's complaint in MGA Entertainment, Inc. v. Mattel, Inc., Case No. CV 05-2727 SGL (RNBx). | Undisputed. |
| 72.   On November 20, 2006, Mattel moved to amend its complaint against MGA and Bryant.  Mattel added a claim for copyright infringement against Bryant when it moved to amend. | Undisputed except as to suggestion that Mattel's original complaint was also against MGA, which it was not. **Mattel's Evidence:**  Mattel's Notice of Motion and Motion for Leave to File Amended Complaint at 1-3, 14, filed November 20, 2006, Proctor Dec., Exh. 93. **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 73.   The Court has previously ruled that, "November 24, 2003[] marks the date when litigation between Mattel and Bryant became more than merely speculative and in fact became probable.  On this date, in-house counsel for Mattel received in discovery in an unrelated action a copy | Disputed as to implications of quoted Order given different issues and additional discovery presently before the Court; undisputed that Order contains the quoted text. **Mattel's Evidence:**  Court's Order Denying MGA's Motion for Terminating Sanctions, dated August 27, 2007, at 3, |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| of a contract between MGA and Bryant that pre-dated Bryant's resignation from Mattel.  This contract appeared to Mattel to violate certain employment agreements executed by Bryant and Mattel, thus giving rise to one of the current consolidated actions.  Although prior to this date an internal investigation may have raised a suspicion on Mattel's part that litigation might arise, there was no evidence presented to the Court that Mattel should have known it had a viable claim against Bryant before November 2003." | Proctor Dec., Exh. 94 **(OBJECTION: FRE 401, 402, 403; INACCURATE SUMMARY)** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 74.    The Court ruled that Mattel could file its Amended Complaint in Case No. 04-9059 as an Amended Answer in Case No. 05-2727 instead. | Undisputed except in that the Order does not use the word "instead." **Mattel's Evidence:**  See Court's Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, at 22:13-15, Proctor Dec., Exh. 95 **(OBJECTION: FRE 401, 402, 403; INACCURATE SUMMARY).** **Opposing Evidence:**  Same.  Bryant joins in MGA's response and evidence opposing this alleged "fact." |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 75.    The Court previously found that, "By MGA's own admission Mattel's copyright claim arises out of the same conduct or transaction contained in the original complaint filed in April, 2004 . . . ." | Undisputed except as to implication that this finding disposes of MGA's present relation-back arguments.<br>**Mattel's Evidence:**  Id. at 13 **(OBJECTION: FRE 401, 402, 403; INACCURATE SUMMARY).**<br>**Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 76.    Bryant alleged in an Interrogatory Response that ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | Undisputed. |
| 77.    In the Inventions Agreement, Bryant acknowledged that his "obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company." | Disputed as improper use or characterization of quoted contract language in isolation from the contract (the "Employee Agreement") and its surrounding circumstances; undisputed that Agreement contains the quoted text.<br>**Mattel's Evidence:**  Inventions Agreement at ¶ 4(a), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).** |

50

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | **Opposing Evidence:** Anderson Decl. Ex. 8 (entire document). |
| 78. ███████████ ████████████ ████████████ ████████████ ██████ | Disputed as mischaracterization of what Bryant told Mattel during his exit interview; disputed as to suggestion that Bryan "claimed" anything untrue. **Mattel's Evidence:** Bryant Tr. Vol. 1. at 208:22-24, Corey Dec., Exh. 1 **(OBJECTION: RULE 403).** **Opposing Evidence:** SGI 153-156. Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 79. ████████████ ████████████ ████████████ ████████████ ████████ | Disputed. **Mattel's Evidence:** Deposition Transcript of Sandra Yonemoto, Confidential ("Yonemoto Conf. Tr. Vol. 1"), dated May 30, 2007, at 67:16-19, Corey Dec., Exh. 28 **(OBJECTION: RULE 403, SPECULATION).** **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." MGA UF 29. Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 80. On January 4, 1999, Bryant executed a Conflict of Interest | Disputed as to characterization of the document without considering the precise |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| Questionnaire ("Conflict Questionnaire"), in which he certified that, other than as disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest. | text of the document and the circumstances under which it was signed; disputed as to meaning of "certified"; undisputed that Bryant signed Mattel's Conflict Questionnaire on January 4, 1999. **Mattel's Evidence:** Mattel's Complaint at Exh. B, Proctor Dec., Exh. 91 **(OBJECTION: RELEVANCE, FOUNDATION). Opposing Evidence:** Anderson Decl. Ex. 9 (complete document). |
| 81. ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | Disputed in that Bryant ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ disputed as to suggestion that Bryant had any duty to notify Mattel of his efforts to pitch and preparations to pursue his Bratz idea; disputed as stated by MGA. **Mattel's Evidence:** Bryant Tr. Vol. 4 at 885:3-18, Corey Dec., Exh. 4 **(OBJECTION: RELEVANCE, RULE 403). Opposing Evidence:** SGI 135, 139-151. Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 82. ▮▮▮▮▮▮▮▮▮▮▮ | Disputed as inadmissible against Bryant; |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01



| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| ███████████████ ████████████████ ███████████████ ██████████████ ███████████ ██████ | disputed as stated by MGA. **Mattel's Evidence:** E-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22, Proctor Dec., Exh. 97 **(OBJECTION: HEARSAY, FOUNDATION, RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 83. ███████████ ███████████ ██████████ ██████████████ ██████████ ██████████████ ███████████ ████████████ ██████████ ███ | Disputed as inadmissible; disputed as stated by MGA. **Mattel's Evidence:** ████████ ████████ ████████ Bates-numbered MGA 3801558-9, Proctor Dec., Exh. 98 **(OBJECTION: HEARSAY, FOUNDATION, RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 84.    Lee Loetz is a toy designer with more than ten years of experience in the toy industry.  He has worked with companies throughout the industry and has prepared artwork and designs that | Undisputed as stated by MGA. **Mattel's Evidence:** Loetz Dec., Exh. 1 **(OBJECTION: IMPROPER EXPERT TESTIMONY).** **Opposing Evidence:** Bryant joins in |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| have been implemented in numerous toys and children's products. | MGA's response and evidence opposing this alleged "fact."¶ |
| 85.    In public statements, Larian identified himself, not Bryant, as the creator of Bratz. | Disputed as inadmissible; disputed as stated by MGA. **Mattel's Evidence:** <u>See</u> Affidavit of Isaac Larian in <u>MGA v. Metson</u> at p. 2, ¶ 8, Bates-numbered MGA 0868039-91 ▮▮▮▮▮▮▮▮▮▮▮▮ Proctor Dec., Exh. 99 **(OBJECTION: HEARSAY, FOUNDATION; RULE 403)**; Woodman Tr. Vol. 1 at 218:1-21, Corey Dec., Exh. 17; Business Week article discussing Mattel and Bratz, Bates-numbered M 0074054-6, ("[Larian] got the idea for Bratz after seeing his own kids run around in navel-baring tops and hip-huggers."), Proctor Dec., Exh. 100 **(OBJECTION: HEARSAY, FOUNDATION)**; San Fernando Valley Business Journal article discussing Larian, (Larian states "It was Jason's idea for Bratz."), Proctor Dec., Exh. 100 **(OBJECTION: HEARSAY, RULE 403)**.  Similarly, Larian represented to the U.S. Patent and Trademark Office that he had created the |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
|  | Bratz feet and packaging:  U.S. patent application for Bratz feet marked as Exhibit 500 in this action, Proctor Dec., Exh. 101 **(OBJECTION: HEARSAY, FOUNDATION, RELEVANCE)**; Amendment to U.S. patent application for Bratz feet marked as Exhibit 548 in this action, Proctor Dec., Exh. 102 **(OBJECTION: HEARSAY, FOUNDATION, RELEVANCE)**; Patent for trapezoidal packaging marked as Exhibit 552 in this action, Proctor Dec., Exh. 103 **(OBJECTION: HEARSAY, FOUNDATION, RELEVANCE)**; Patent application for trapezoidal packaging marked as Exhibit 615 in this action, Proctor Dec., Exh. 104 **(OBJECTION: HEARSAY, FOUNDATION, RELEVANCE)**.  See also e-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22 ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ Proctor Dec., Exh. 97 **(OBJECTION: HEARSAY, FOUNDATION, RULE 403,** |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | RELEVANCE).<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 86.   The Inventions Agreement provides "Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach." | Disputed as to any use or characterization of quoted contract language in isolation from the contract (the "Employee Agreement") and its surrounding circumstances; undisputed that Agreement contains the quoted text.<br><br>**Mattel's Evidence:** Inventions Agreement at ¶ 4(a), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).**<br><br>**Opposing Evidence:** Anderson Decl. Ex. 8 (complete document). |
| 87.   Paragraph 1(c) of the Inventions Agreement required Bryant to "not disclose or use at any time either during or after my employment with the Company any Proprietary information except for the exclusive benefit of the Company." | Disputed as to use or characterization of quoted contract language in isolation from the contract (the "Employee Agreement") and its surrounding circumstances; undisputed that Agreement contains the quoted text.<br><br>**Mattel's Evidence:** Inventions Agreement at 1(c), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).**<br><br>**Opposing Evidence:** Anderson Decl. Ex. 8 (complete document). |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 88.    Paragraph 3(a) of the Inventions Agreement states "I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company." | Disputed as to any use or characterization of quoted contract language in isolation from the contract (the "Employee Agreement") and its surrounding circumstances; undisputed that Agreement contains the quoted text.<br><br>**Mattel's Evidence:**  Inventions Agreement at 3(a), Proctor Dec., Exh. 5 **(OBJECTION: RULE 403).**<br><br>**Opposing Evidence:**  Anderson Decl. Ex. 8 (complete document); SGI 131-133. |
| 89.    ███████████████████ ███████████████████ ███████████████████ ███████████████████ ████████████ | Disputed.<br><br>**Mattel's Evidence:**  <u>See, e.g.,</u> Bryant's Responses at 35 ████████████ ██████████████ ████████████████ ████████████████<br><br>████████ Proctor Dec., Exh. 96 **(OBJECTION: FOUNDATION, RULE 403).**<br><br>**Opposing Evidence:**  SUF 37; Anderson Decl. Ex. 22 (Leahy Dep. 180:12-18). Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 90.    The MGA Defendants' Answer and Affirmative Defenses state simply, | Undisputed that the answer contains the quoted language. |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| "Mattel has abandoned any interest it may have had in the alleged copyrighted works." | |
| 91.     MGA's Answer argues that MGA allegedly "acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA Defendants was valid and permissible." | Undisputed that the answer contains the quoted language. |
| 92.     MGA admitted that it did not record its copyright assignment. | Undisputed except as stated by MGA. **Mattel's Evidences:**  <u>See</u> MGA's Responses to Mattel's Third Set of Requests for Admission Nos. 241-44, 249-52, Proctor Dec., Exh. 106. **Opposing Evidence:**  Bryant joins in MGA's response to this alleged "fact." |
| 93.     MGA's complaint in <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, Case No. CV 05-2727 SGL (RNBx), emphasizes the uniqueness of Bratz: "At approximately 9.5 to 10 inches tall, the 'BRATZ' dolls were intentionally shorter than 'Barbie' dolls and looked like no other, with disproportionately large heads, big, | Disputed as inadmissible; disputed as stated by MGA. **Mattel's Evidence** MGA's complaint in <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, Case No. CV 05-2727 SGL (RNBx), Proctor Dec., Exh. 107 **(OBJECTION: HEARSAY, FOUNDATION, RULE 403).** **Opposing Evidence:**  Bryant joins in |

413925.01

| | Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|---|
| 1 | | |
| 2 | dramatic eyes and lips, small, thin | MGA's response and evidence opposing |
| 3 | bodies, oversized feet (to emphasize | this alleged "fact." |
| 4 | shoe fashion and to stand on their own, | |
| 5 | unlike 'Barbie' which requires a | |
| 6 | stand), and up-to-date fashions." | |
| 7 | 94. ▮▮▮▮▮▮▮▮ | Irrelevant to Mattel's claims against |
| 8 | ▮▮▮▮▮▮ | Bryant. Disputed as to characterization as |
| 9 | ▮▮▮▮▮▮▮ | "sum total of . . . investigation" to the |
| 10 | ▮▮▮▮▮▮ | extent witness did not remember details of |
| 11 | ▮▮▮▮▮▮ | his investigation. |
| 12 | ▮▮▮▮▮▮▮ | **Mattel's Evidence:** Deposition |
| 13 | ▮▮▮▮▮ | Transcript of David Rosenbaum |
| 14 | ▮▮▮▮▮▮ | ("Rosenbaum Tr."), dated January 25, |
| 15 | ▮▮▮▮▮ | 2008, at 78:21-88:18 & 218:18-220:3, |
| 16 | ▮▮▮▮▮ | Corey Dec., Exh. 29 **(OBJECTION:** |
| 17 | ▮▮▮▮▮ | **RULE 403).** |
| 18 | ▮▮▮▮▮ | **Opposing Evidence:** Mattel's evidence, |
| 19 | ▮▮▮▮ | to the extent admissible, does not support |
| 20 | ▮▮▮▮▮ | the alleged "fact." |
| 21 | ▮▮▮▮▮ | |
| 22 | ▮▮▮ | |
| 23 | ▮▮ | |
| 24 | 95. ▮▮▮ | Disputed as improper characterization of |
| 25 | | document without direct quotation or |
| 26 | ▮▮▮▮▮ | context; disputed in that ▮▮▮▮ |
| 27 | ▮▮▮ | ▮▮▮▮▮▮ |
| 28 | | |

413925.01

| | Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|---|
| 1 | | |
| 2 | ▬▬▬▬▬▬▬▬ | ▬▬▬▬▬▬▬▬ |
| 3 | ▬▬▬▬▬▬▬▬ | ▬▬▬▬▬▬▬▬ |
| 4 | ▬▬▬ | ▬▬▬▬▬▬▬▬ |
| 5 | | ▬▬▬▬▬ |
| 6 | | **Mattel's Evidence:**  Facsimile from |
| 7 | | Bryant to David Rosenbaum, Bates- |
| 8 | | numbered MGA007337-40, Proctor Dec., |
| 9 | | Exh. 86 **(OBJECTION:** |
| 10 | | **FOUNDATION, RULE 403).** |
| 11 | | **Opposing Evidence:**  Mattel's evidence, |
| 12 | | to the extent admissible, does not support |
| 13 | | the alleged "fact."  SGI 157. |
| 14 | 96.     Rosenbaum testified based on | Irrelevant to Mattel's claims against |
| 15 | his knowledge of ▬▬▬▬ | Bryant.  Disputed that Mr. Rosenbaum's |
| 16 | ▬▬▬▬▬▬▬▬ | opinions have any significance for |
| 17 | ▬▬▬▬▬▬▬ | meaning and scope of Mattel's Employee |
| 18 | ▬▬▬▬▬▬▬▬ | Agreement; disputed as to alleged |
| 19 | ▬▬▬▬▬▬ | "substantially similar" nature of MGA |
| 20 | ▬▬▬▬▬ | and Mattel agreements. |
| 21 | ▬▬▬▬▬▬ | **Mattel's Evidence:**  Rosenbaum Tr. at |
| 22 | ▬▬▬ | 88:19-90:24, Corey Dec., Exh. 29 |
| 23 | | **(OBJECTION: IMPROPER LAY** |
| 24 | | **OPINION, RULE 403);** see also |
| 25 | | Mercedeh Ward's Inventions Agreement |
| 26 | | with MGA, Bates-numbered |
| 27 | | MGA001470-2, Proctor Dec., Exh. 87 |
| 28 | | |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | **(OBJECTION: FOUNDATION, RELEVANCE, RULE 403).** **Opposing Evidence:** Anderson Decl. Ex. 8 (Employee Agreement) (complete document). |
| 97. ███████████ ███████████ ███████████ ███████████ ███████████ ███████████ ████████ | Disputed as to use or characterization of quoted language without considering the complete Agreement and its surrounding circumstances; undisputed that Agreement contains the quoted text. **Mattel's Evidence:** Bryant-MGA Agreement at ¶ 2, Proctor Dec., Exh. 71 **(OBJECTION: FOUNDATION, RELEVANCE).** **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." |
| 98. ███████████ ███████████ ███████████ ███████████ ███████████ ███████████ ███████████ ████ | Disputed in that interpretation of MGA contract is irrelevant to the meaning of terms in Mattel's contract of adhesion; disputed as to use or characterization of quoted language without considering the complete Agreement and its surrounding circumstances. **Mattel's Evidence:** Bryant-MGA Agreement at ¶ 3(a), Proctor Dec., Exh. |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓▓ | 71 **(OBJECTION: FOUNDATION, RELEVANCE).** **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." |
| 99. ▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓<br>▓▓▓ | Disputed in that interpretation of an MGA contract is irrelevant to the meaning of terms in Mattel's contract of adhesion; disputed as to use or characterization of quoted language without considering the complete Agreement and its surrounding circumstances; undisputed that Agreement contains the quoted text. **Mattel's Evidence:** Modification of 2000 Agreement at § 3.2, Bates-numbered MGA000429-434, Proctor Dec., Exh. 72 **(OBJECTION: FOUNDATION, RELEVANCE).** **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." |
| 100. ▓▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓ | Disputed, as stated by MGA. **Mattel's Evidence:** Bryant Tr. Vol. 1 at 140:21-141:6, Corey Dec., Exh. 1 **(OBJECTION: RULE 403).** Compare Expert Report of Peter S. Menell, dated |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | February 11, 2008, at 17-20, Proctor Dec., Exh. 108; ████████████ ███████████████████ ████████████████ ██████████████████ ████████████████████ █████ |
| | **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." *See also* Bryant Decl. ¶¶ 3-8. |
| 101. ████████████ ██████████████████ ██████████████ ███████████████ █████████ | Disputed. |
| | **Mattel's Evidence:** Bryant Tr. Vol. 1 at 209:16-17, Corey Dec., Exh. 1 ██████ ██████████████████ █████████████████ █████████████ Deposition Transcript of Jill Nordquist ("Nordquist Tr."), dated July 31, 2007, at 145:1-9 ██████████████████████ ██████████████ ██████████████ ██████████ Corey Dec., Exh. 30 **(OBJECTION: HEARSAY);** <u>id.</u> at 127:22-128:9 |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ |
| | ▆▆▆▆ **(OBJECTION: HEARSAY)**; Deposition Transcript of Ivy Ross ("Ross Tr."), dated January 17, 2008, at 87:5-23 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆ Corey Dec., Exh. 31; _id._ at 88:17-19 ▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ _id._ at 220:5-12 ▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆ **Opposing Evidence:** SGI 154-156. Bryant also joins in MGA's response and |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | evidence opposing this alleged "fact." |
| 102. ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ | Disputed, as stated by MGA. **Mattel's Evidence:** O'Connor Conf. Tr. at 18:13-18, Corey Dec., Exh. 14 **(OBJECTION: RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 103.   Farhad Larian, a former MGA executive and Isaac Larian's brother, has stated in court pleadings that Bryant brought Bratz to MGA by February 2000 -- and that they attempted to conceal it. | Disputed as inadmissible, and as stated by MGA. **Mattel's Evidence:** [Proposed] First Amended Verified Complaint in <u>Larian v. Larian</u> at ¶16, Bates-numbered FL 10569-621, Proctor Dec., Exh. 109 **(OBJECTION: HEARSAY, FOUNDATION, RULE 403).** **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 104. ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ | Undisputed. **Mattel's Evidence:** Response to Request for Admission No. 140 in MGA's Responses to Mattel's Third Set of Requests for Admission to MGA; Proctor Dec., Exh. 106; Rachel Harris Tr. Vol. 1 at 41:10-42:10, 166:1-168:8, Corey Dec., |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Exh. 16 **(OBJECTION: RULE 403)**. |
| 105. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Undisputed. |
| | **Mattel's Evidence:** Bryant Tr. Vol. 3 at 585:17 - 587:17, Corey Dec., Exh. 3; facsimile from Bryant to David Rosenbaum, Bates-numbered MGA007337-40, Proctor Dec., Exh. 86 **(OBJECTION: FOUNDATION)**. |
| 106. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Irrelevant. Disputed to the extent it suggests that Bryant was ever one of MGA's "employees." |
| | **Mattel's Evidence:** Mercedeh Ward's Inventions Agreement with MGA, Bates-number MGA 001470-2, Proctor Dec., Exh. 87 **(OBJECTION: FOUNDATION, RELEVANCE)**. |
| | **Opposing Evidence:** *See* SGI 154-156. |
| 107. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Disputed as stated by MGA. |
| | **Mattel's Evidence:** MGA spreadsheet listing former Mattel employees, Bates-numbered MGA 1134723-30, at 26, Proctor Dec., Exh. 112 **(OBJECTION: FOUNDATION)**. |
| | **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | this alleged "fact." |
| 108.   MGA admits that no public statement even recognizing Bryant as Bratz's creator was issued until July 18, 2003, when the <u>Wall Street Journal</u> published an article with that information. | Disputed as stated by MGA. **Mattel's Evidence:**  MGA Entertainment, Inc.'s Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment, Inc., Proctor Dec., Exh. 113. **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 109.   Defendants have not and cannot present any evidence that Mattel had notice of its claims against Bryant before April 27, 2001. | Disputed as stated by MGA. **Mattel's Evidence:**  Defendants have no evidence genuinely disputing this fact **(OBJECTION: MGA OBJECTIONS).** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 110.   Defendants can proffer no evidence that Mattel consented to their employees' moonlighting activity. | Disputed as stated by MGA. **Mattel's Evidence:**  Defendants have no evidence genuinely disputing this fact. **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact."  SGI 133. |
| 111.   Defendants cannot present any evidence that suggests Mattel intended | Disputed as to characterization of moonlighting as "violat[ing employees'] |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| or acted in a manner that would allow its employees to believe they could violate their legal obligations with impunity. | legal obligations"; disputed as stated by MGA.<br><br>**Mattel's Evidence:** Defendants have no evidence genuinely disputing this fact.<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 112.  Defendants have not presented any evidence to show that they would have behaved differently had Mattel filed suit earlier, as they have continued manufacturing the infringing dolls both before and after Mattel's filing of this action. | Disputed as stated by MGA.<br><br>**Mattel's Evidence:** Defendants have no evidence genuinely disputing this fact.<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 113.  In its Eighth Affirmative Defense, MGA contends that "Mattel's damages, if any, were not caused by MGA Defendants and are not attributable to any acts or omissions of MGA defendants." | Undisputed. |
| 114.  MGA defendants have asserted the following affirmative defenses that fall under the rubric of good faith: bona fide purchaser for value, 17 U.S.C. § 205(d), lawful competition, and good faith. | Undisputed. |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 115.   Bryant initially asserted a good faith defense, but withdrew it in his amended answer. | Undisputed, except as to any implication that this withdrawal had any substantive significance.<br><br>**Mattel's Evidence:**  Bryant's Amended Reply to Mattel's Counterclaims, dated September 12, 2007, Proctor Dec., Exh. 114. |
| 116.   Bryant did not seek reconsideration of the August 27, 2007 Court's Order Denying MGA's Motion for Terminating Sanctions. | Undisputed although irrelevant. |
| 117.   The Court ruled in the January 11, 2007 Order that the relation back principle applies to MGA even though it was not named a defendant in Mattel's complaint. | Disputed as stated by MGA.<br><br>**Mattel's Evidence:**  Court's Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, at 12-15, Proctor Dec., Exh. 95  **(OBJECTION: FRE 401, 402, 403; INACCURATE SUMMARY).**<br><br>**Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 118.   The Court noted, "Again, the relations back principle would seem to render [Mattel's] claim timely if it were filed as an amended answer . . . in the 05-2727 case.") | Undisputed that the Court's Order contains the quoted text; disputed as stated by MGA.<br><br>**Mattel's Evidence:**  Court's Order Regarding Mattel's Motion for Leave to |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | Amend, dated January 11, 2007, at 15, 22, Proctor Dec., Exh. 95 **(OBJECTION: FRE 401, 402, 403; INACCURATE SUMMARY).**<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 119.   The nature of the underlying claim is to establish that Defendants have no interest in Bratz. | Undisputed. |
| 120.   Defendants were not prejudiced because they did not rely on Mattel's alleged delay; rather, they proceeded with developing and producing Bratz dolls both before and after Mattel brought suit. | Disputed as stated by MGA.<br><br>**Mattel's Evidence:** Tonnu Vol. 2 at 380:21-381:19, Corey Dec., Exh. 27 **(OBJECTION:  RELEVANCE)**; Bratz Sales from 2001-2006 spreadsheet, Bates-numbered MGA 0868723-865, marked as Exhibit 660 in this action, Proctor Dec., Exh. 4 **(OBJECTION:  RELEVANCE).**<br><br>**Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 121.   No authorized Mattel executive ever provided Bryant with written consent to this assignment of Bratz to MGA, or permitted him to work for MGA while in Mattel's employ. | Disputed that consent was required pursuant to the contract; disputed as to meaning of "while in Mattel's employ"; disputed that any "work for MGA" was impermissible under the contract. |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| | **Mattel's Evidence:** Defendants have no evidence genuinely disputing this fact. **Opposing Evidence:** SGI 131-133; MGA UF 29. |
| 122.   Bryant asserts that "Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor." | Undisputed. |
| 123.   Defendants assert that waiver applies because Mattel "tolerated conduct by other employees similar to the alleged conduct by Bryant." | Undisputed. |
| 124.   As shown, Mattel did not "know the facts" regarding defendants' waiver and consent defenses. | Disputed as stated by MGA. **Mattel's Evidence:** Defendants have no evidence genuinely disputing this fact. **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 125.   "Designs," as that term is well understood in the toy industry, undoubtedly include drawings. | Disputed as unsupported, as stated by MGA; disputed as improper characterization of contract term out of context of the Employee Agreement and its surrounding circumstances. **Mattel's Evidence:** Rebecca Harris Vol. 2 at 490:15-17 ████████ ████████████████████ |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
|  | ██████████████████ Corey Dec., Exh. 10 (**OBJECTION: RELEVANCE, IMPROPER LAY OPINION**); Paula Garcia Vol. 2 at 318:19-320:13 (discussing need for ██ ████████████████████ ████████████ Corey Dec., Exh. 20 (**OBJECTION: RELEVANCE, IMPROPER LAY OPINION**). **Opposing Evidence:** Mattel's evidence, to the extent admissible, does not support the alleged "fact." Anderson Decl. Ex. 8. Bryant also joins in MGA's response and evidence opposing this alleged "fact." |
| 126.   Mattel's in-house counsel learned on November 24, 2003 through discovery in another action that Bryant had entered a contract with MGA while still employed by Mattel. | Disputed in that Mattel and its counsel knew of Bryant's connection with MGA long before November 24, 2003, as stated by MGA. **Mattel's Evidence:** Deposition Transcript of Michael Moore, dated March 7, 2008, at ¶ 3, Exh. 1 (**OBJECTION: FOUNDATION, RULE 403**). **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| 127.   The Court has previously held "None of the substantive concerns raised by MGA and Bryant to the present amended complaint, *e.g.,* statutes of limitations, would appear to be affected if the new claims and defendants were brought as defenses and counterclaims in the 05-2727 case as opposed to the 04-9059 one." | Undisputed that the Court's Order contains the quoted language; disputed as to significance of this statement as to issues and evidence presently before the Court, as stated by MGA.  **Mattel's Evidence:**  Court's Order Regarding Mattel's Motion for Leave to Amend at 22, Proctor Dec., Exh. 95 **(OBJECTION:  FRE 401, 402, 403; INACCURATE SUMMARY).** **Opposing Evidence:**  Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 128.   Mattel recorded Bryant's Inventions Agreement with the U.S. Copyright Office on November 6, 2006. | Undisputed. |
| 129.   A Hong Kong court found on summary judgment that three-dimensional dolls and products infringed MGA's copyright in Bryant's initial concept drawings. "The substantial similarity between the plaintiff's drawings and the dolls produced from them, and the defendant's dolls are obvious on | Disputed as inadmissible, and as stated by MGA.  **Mattel's Evidence:**  Judgment of Deputy High Court of the Hong Kong Special Administrative Region in <u>MGA Entertainment, Inc. v. Double Grand Corp. Ltd.,</u> Action No. 1883 of 2003, dated February 24, 2006 at ¶ 11, attached as Exhibit A to Request for Judicial |

73

413925.01

| Mattel's Alleged Facts: | Bryant's Response and Evidence: |
|---|---|
| inspection." | Notice, dated March 7, 2008 and filed concurrently herewith. (**OBJECTION: HEARSAY, RELEVANCE, FRE 401-403, INACCURATE SUMMARY**) **Opposing Evidence:** Bryant joins in MGA's response and evidence opposing this alleged "fact." |
| 130. ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | Disputed, in that Questionnaire was not a contract binding on Bryant; disputed as to meaning of Questionnaire's terms, and as to use and characterization of document without considering entire document and its surrounding circumstances. **Mattel's Evidence:** Mattel's Complaint in <u>Mattel, Inc. v. Bryant</u>, Case No. BC314398 at Exh. B, Proctor Dec., Exh. 91 (**OBJECTION:  FOUNDATION, RULE 403**). **Opposing Evidence:** SGI 134.  Bryant joins in MGA's response and evidence opposing this alleged "fact." |

413925.01

| BRYANT'S ADDITONAL FACTS[3] | |
|---|---|
| **Bryant's Fact:** | **Supporting Evidence:** |
| 131. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | SUF 9-18; SUF 20-22. |
| 132. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ | SUF 37-42. |
| 133. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ | SUF 37-42. |
| 134. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | SUF 7, 19-21, 43-47. |
| 135. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | *See infra* SGI 139-151. |

---

[3] In opposing Mattel's Motion and alleged "undisputed facts," Bryant also relies on and incorporates by reference, as though set forth fully herein, all facts and supporting evidence identified in Bryant's Separate Statement of Undisputed Facts in support of his Motion for Partial Summary Judgment ("SUF").

413925.01

| | |
|---|---|
| 136. ▰▰▰▰▰▰ | Werdegar Decl. Ex. 1 (Bryant Depo. 140:3-141:7); *id.* Ex. 5 (Janet Bryant Depo. 33:6-19, 40:4-42:1, 76:21-77:6, 78:18-79:14, 96:25-101:12, 102:16-103:14, 152:15-153:4); *id.* Ex. 6 (Irmen Depo. 202:16-22). |
| 137. ▰▰▰▰▰▰ | Werdegar Decl. Ex. 1 (Bryant Depo. 140:3-141:7); *id.* Ex. 2 (Bryant Depo. 294:10-13); *id.* Ex. 5 (Janet Bryant Depo. 33:6-19, 40:4-42:1, 76:21-77:6, 78:18-79:14, 96:25-101:12, 102:16-103:14, 152:15-153:4). |
| 138. ▰▰▰▰▰▰ | Werdegar Decl. Ex. 1 (Bryant Depo. 151:12-153:15). |
| 139. ▰▰▰▰▰▰ | Werdegar Decl. Ex. 1 (Bryant Depo. 5:10-25; 8:15-10:12). |
| 140. ▰▰▰▰▰▰ | Werdegar Decl. Ex. 1 (Bryant Depo. 229:14-230:5). |
| 141. ▰▰▰▰▰▰ | Werdegar Decl. Ex. 1 (Bryant Depo. 178:3-14); *id.* Ex. 2 (Bryant Depo. 323:17-324:18). |

413925.01

| | |
|---|---|
| 142. ███████████████ | Werdegar Decl. Ex. 2 (Bryant Depo. 325:2-326:17). |
| 143. ███████████████ | Werdegar Decl. Ex. 1 (Bryant Depo. 164:19-167:24, 170:3-10, 230:18-23, 234:9-235:12); *id.* Ex. 7 (Sheila Kyaw Depo. 167:24-168:13, 169:23-170:21, 300:10-301:3). |
| 144. ███████████████ | Werdegar Decl. Ex. 4 (Bryant Depo. 817:8-19); *id.* Ex. 8. |
| 145. ███████████████ | Werdegar Decl. Ex. 1 (Bryant Depo. 132:19-134:12). |
| 146. ███████████████ | Werdegar Decl. Ex. 1 (Bryant Depo. 170:16-172:5); *id.* Ex. 2 (Bryant Depo. 308:20-309:5). |
| 147. ███████████████ | Werdegar Decl. Ex. 9 (Adrienne |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| | |
|---|---|
| | Fontanella Depo. 249:18-23); *id.* Ex. 11 (Ivy Ross Depo. 226:16-23); *id.* Ex. 12 (Ann Driskill Depo. 137:16-138:3). |
| 148. | Werdegar Decl. Ex. 1 (Bryant Depo. 231:24-233:8). |
| 149. | Werdegar Decl. Ex. 12 (Ann Driskill Depo. 137:16-138:3); *id.* Ex. 1 (Bryant Depo. 172:6-15, 173:8-174:18, 233:20-23). |
| 150. | Werdegar Decl. Ex. 18 (Lisa Tonnu Depo, 148:21-150:17); MGA SGI 56. |
| 151. | Werdegar Decl. Ex. 1 (Bryant Depo. 207:3-21). |
| 152. | Werdegar Decl. Ex. 1 (Bryant Depo. 208:6-8). |
| 153. | *See infra* SGI 154-156. |

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01

| | |
|---|---|
| 154. | Werdegar Decl. Ex. 1 (Bryant Depo. 209:16-211:6); MGA UF 27-30. |
| 155. | Werdegar Decl. Ex. 1 (Bryant Depo. 208:19-24); *id.* Ex. 14 (Exit Interview form); *id.* Ex. 13 (Sandy Yonemoto Depo. 58:4-16, 59:13-64:13, 67:24-69:20, 78:15-79:3). |
| 156. | Werdegar Decl. Ex. 1 (Bryant Depo. 209:2-17, 211:7-19). |
| 157. | Werdegar Decl. Ex. 4 (Bryant Depo. 767:3-768:17, 778:6-15). |

413925.01

| | |
|---|---|
| 1 ████████████████████ 2 ████████ | |
| 3  158.   California Labor Code § 2870 4  was intended to promote scientific and 5  technological innovation by securing 6  certain patent rights for engineers and 7  scientists, and that concern for patent 8  rights permeates the legislative history. | *See* concurrently filed Request for Judicial Notice in Support of Bryant's Opposition to Mattel's Motion for Partial Summary Judgment, Exs. A-E (excerpts from legislative history of Section 2870). |
| 9  159. ████████████████ 10 ████████████████████ 11 ████████████████ 12 ████████ | Anderson Decl. Ex. 8 (Employee Agreement). |
| 13 160. ████████████████ 14 ████████████████████ 15 ████████████ | Werdegar Decl. Ex. 11 (Ross Depo. 60:15-16, 63:6-66:8); *id.* Ex. 16 (Kathleen Simpson-Taylor Depo. 110:6-112:7). |
| 16 161. ████████████████ 17 ████████████████████ 18 ████████████ 19 20 21 | Werdegar Decl. Ex. 9 (Fontanella Depo. 69:23-70:16, 71:7-72:12, 183:5-185:11), *id.* Ex. 10 (at M0082147); *id.* Ex. 11 (Ross Depo. 147:9-25); MGA SGI 1 (Nolan Ex. 129 (Joachimsthaler Report, at 73-80)). |
| 22 162. ████████████████ 23 ████████████████████ 24 ████████████████████ 25 ████████ | MGA SGI 150 (Nordquist); *see supra* SGI 154-156. |
| 26 163.   Mattel delayed bringing suit 27 against Bryant long after it knew about 28 | SGI 154-156; MGA UF 27-73. |

413925.01

| | |
|---|---|
| his involvement with Bratz. | |
| 164. ███████████████████ ███████████████ ██ | Mattel has no evidence creating a genuine issue as to this fact. |
| 165.   Mattel admits that genuine issues of fact exist regarding the history of Bryant's Bratz idea and all of his tangible Bratz work except for the six allegedly undisputed items identified in Mattel's Motion. | Mattel Motion 1, 9. |
| 166. ███████████████ ███████████████████ ███████████████ ███████████████ ████████████████ █████████████████ ██████████████ █████████████████ ██████ | Werdegar Decl. Ex. 17 (Marlow Depo. 286:8-289:11, 291:12-25, 306:8-307:13);Declaration of Marcus R. Mumford In Support of MGA's and Carter Bryant's Motion For An Evidentiary Hearing Re: Witness Tampering (Docket No. 2651), Exs. 3-6; *See* MGA and Carter Bryant's Motion For An Evidentiary Hearing Regarding Witness Tampering (Docket No. 2650). |
| 167.   Mattel delayed filing suit against Bryant, although it knew about his involvement with Bratz and MGA, in order to maximize its damages and use Bryant to its advantage in other litigation. | MGA UF 27-73; Nolan Decl. Ex. 93 (Simpson-Taylor Depo. 135:16-21). |

413925.01

1

2   Dated:  March 24, 2008

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KEKER & VAN NEST, LLP

By:   _/s/ Christa M. Anderson_
      CHRISTA M. ANDERSON
      Attorney for Plaintiff
      CARTER BRYANT

[PUBLIC REDACTED] BRYANT'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MATTEL'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413925.01