QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>Honorable Stephen G. Larson<br><br>**[PUBLIC REDACTED]** MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO CARTER BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Hearing Date: April 23, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

# TABLE OF CONTENTS

I. EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL..................1

II. OBJECTIONS TO CARTER BRYANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT.................................................................2

III. OBJECTIONS TO UNSUPPORTED FACTUAL ALLEGATIONS IN BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT............40

# TABLE OF AUTHORITIES

Page

**Cases**

Beyene v. Coleman Sec. Services, Inc.,
 854 F.2d 1179 (9th Cir. 1988) ................................................................. 1

Orr v. Bank of America,
 285 F.3d 764 (9th Cir. 2002) ............................................................. 1, 40

Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.,
 252 F. Supp. 2d 917 (D. Ariz. 2003) ....................................................... 1

**Statutes**

Fed. R. Evid. 101 ............................................................................................. 1
Fed. R. Evid. 104 ....................................................................... 5, 6, 18, 20, 32
Fed. R. Evid. 106 ................................................................... 2, 3, 4, 5, 6, 37, 38
Fed. R. Evid. 402 ............................................................. 32, 33, 36, 37, 38, 39, 40
Fed. R. Evid. 403 ............................................................. 32, 33, 36, 37, 38, 39, 40
Fed. R. Evid. 602 ......................................................................... 5, 7, 18, 20, 32
Fed. R. Evid. 701 ................................................................................. 32, 33, 36
Fed. R. Evid. 801 ................................................................... 5, 7, 8, 18, 20, 37, 38
Fed. R. Evid. 801(d)(2)(D) ........................................................................ 8, 37
Fed. R. Evid. 802 ....................................................................... 5, 7, 18, 20, 37, 38
Fed. R. Evid. 802(d)(2)(D) ............................................................................. 6
Fed. R. Evid. 1101 ........................................................................................... 1

**Miscellaneous**

Local Rule 32-1 ............................................................................................... 2
Local Rule 16-2.7 ............................................................................................ 2
Local Rule 56-1 ............................................................................. 1, 2, 40, 41, 42

Mattel, Inc. ("Mattel") respectfully submits the following Evidentiary Objections to Carter Bryant's Motion for Partial Summary Judgment.

## I. EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181-1182 (9th Cir. 1988); Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Here, much of the evidence submitted in support of Bryant's motion for partial summary judgment is inadmissible.

Local Rule 56-1 also requires defendants to "set forth the material facts as to which [they] contend there is no genuine issue" in their proposed Separate Statements of Uncontroverted Facts. However, a number of purportedly undisputed factual allegations in Bryant's motion fail to include any cites to the Separate Statement. See, e.g., Carter Bryant's Motion for Partial Summary Judgment, at 3:12-15, 9:6-8. Such factual claims in motions for summary judgment without support in Separate Statement must be excluded. See, e.g., Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002) (holding that where party seeking summary judgment fails to cite the page and line numbers in support for the purported facts offered, "[t]his defect alone warrants exclusion of the evidence.").

This Court has also required parties moving for summary judgment to support all facts in their memorandum of points and authorities "with citations to the

paragraph number in the Separate Statement that supports the factual assertion. . . ."[1] MGA's motion repeatedly violates the Court's Order by failing to cite to the Separate Statement. See, e.g., Carter Bryant's Motion for Partial Summary Judgment, at 3:12-15, 9:6-8.[2]

## II. OBJECTIONS TO CARTER BRYANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Sep. St. No. | Objectionable Evidence | Objection |
|---|---|---|
| | | |

**PAGES 3-41 ARE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

| | |
|---|---|
| DATED: March 24, 2008 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | By /s/ Jon Corey O.S. |
| | Jon D. Corey |
| | Attorneys for Mattel, Inc. |