1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14       Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| 15    vs. | Honorable Stephen G. Larson |
| 16  MATTEL, INC., a Delaware corporation, | **[PUBLIC REDACTED]** MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO MGA PARTIES' CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT |
| 17       Defendant. | |
| 18 | |
| 19  AND CONSOLIDATED CASES | Hearing Date: April 23, 2008 |
| 20 | Time:      10:00 a.m.<br>Place:      Courtroom 1 |
| 21 | |
| 22 | Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

23

24

25

26

27

28

07209/2443472.3

1

# **TABLE OF CONTENTS**

2

**Page**

3

4  I.    EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A
       MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL. ...................1

5

6  II.   OBJECTIONS TO MGA PARTIES' [PROPOSED] STATEMENT OF
       UNCONTROVERTED FACTS IN SUPPORT FOR THEIR MOTION
       FOR PARTIAL SUMMARY JUDGMENT. ...................................................2

7

8  III.  OBJECTIONS TO UNSUPPORTED AND IMPROPER FACTUAL
       ALLEGATIONS IN MGA'S MOTION FOR PARTIAL SUMMARY
       JUDGMENT ....................................................................................................74

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

Beyene v. Coleman Sec. Services, Inc.,
854 F.2d 1179 (9th Cir. 1988).................................................................. 1

Doe v. Texaco, Inc.,
2006 WL. 2850035 (N.D. Cal. 2006).................................................... 19

Fisher v. U.S.,
78 Fed. Cl. 710 (Fed. Cl. 2007)............................................................ 79

Green v. Baca,
226 F.R.D. 624 (C.D. Cal. 2005) ......................................................... 19

Hobson v. Wilson,
737 F.2d 1 (D.C. Cir. 1984) ................................................................. 18

In re Hoopai,
2007 WL. 2460762 (Bankr. D. Hawaii 2007)....................................... 20

Mayor of City of Philadelphia v. Educational Equality League,
415 U.S. 605 (1974) .............................................................................. 23

Orr v. Bank of America,
285 F.3d 764 (9th Cir. 2002).................................................... 1, 21, 75

Parsons v. Jefferson-Pilot Corp.,
141 F.R.D. 408 (M.D.N.C. 1992)........................................... 77, 78, 80

Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.,
252 F. Supp. 2d 917 (D. Ariz. 2003).................................................... 1

Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.,
106 F.3d 894 (9th Cir. 1997)................................................................ 19

## **Statutes**

Fed. R. Evid. 101 ......................................................................................... 1

Fed. R. Evid. 104 ................................................................................... passim

Fed. R. Evid. 402 ................................................................................... passim

Fed. R. Evid. 403 ................................................................................... passim

Fed. R. Evid. 602 ................................................................................... passim

Fed. R. Evid. 701 ......................................................................................... 6

1  Fed. R. Evid. 801 .................................................................................. passim

2  Fed. R. Evid. 801(d)(2)(D) ...................................................................... 33, 38

3  Fed. R. Evid. 802 .................................................................................. passim

4  Fed. R. Evid. 803 .......................................................................................... 7

5  Fed. R. Evid. 901 ..................................................................................... 23, 24

6  Fed. R. Evid. 901(a) ....................................................................................... 21

7  Fed. R. Evid. 1002 ....................................................................................... 6, 9

8  Fed. R. Evid. 1004 ....................................................................................... 6, 9

9  Fed. R. Evid. 1006 ....................................................................................... 6, 9

10  Fed. R. Evid. 1101 ........................................................................................... 1

11
                              **Miscellaneous**
12
13  Local Rule 56-1 ....................................................... 1, 75, 76, 77, 78, 7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2443472.3

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1         Mattel, Inc. ("Mattel") respectfully submits the following Evidentiary

2 Objections to MGA Parties' Corrected Motion for Partial Summary Judgment.

3

4 **I.**    **EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A**

5        **MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL.**

6         Evidence submitted to the Court on motion practice must meet all

7 requirements for admissibility of evidence if offered at the time of trial. <u>Beyene v.</u>

8 <u>Coleman Sec. Services, Inc.</u>, 854 F.2d 1179, 1181-1182 (9th Cir. 1988); <u>Travelers</u>

9 <u>Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.</u>, 252 F. Supp. 2d 917, 923 (D.

10 Ariz. 2003). <u>See</u> <u>also</u> <u>Fed. R. Evid.</u> 101 (<u>Rules of Evidence</u> apply to all proceedings

11 in the courts of the United States); <u>Fed. R. Evid.</u> 1101 (listing exceptions to <u>Rule</u>

12 101). Here, much of the evidence submitted in support of MGA's motion for partial

13 summary judgment is inadmissible.

14         <u>Local Rule</u> 56-1 also requires defendants to "set forth the material facts

15 as to which [they] contend there is no genuine issue" in their proposed Separate

16 Statements of Uncontroverted Facts. However, a number of purportedly undisputed

17 factual allegations in MGA's motion fail to include any cites to the Separate

18 Statement. <u>See</u>, <u>e.g.</u>, MGA Parties' Corrected Motion for Partial Summary

19 Judgment, at 1:4-5, 3:15-18. Such factual claims in motions for summary judgment

20 without support in Separate Statement must be excluded. <u>See</u>, <u>e.g.</u>, <u>Orr v. Bank of</u>

21 <u>America</u>, 285 F.3d 764, 774 (9th Cir. 2002) (holding that where party seeking

22 summary judgment fails to cite the page and line numbers in support for the

23 purported facts offered, "[t]his defect alone warrants exclusion of the evidence.").

24         This Court has also required parties moving for summary judgment to

25 support all facts in their memorandum of points and authorities "with citations to the

26 paragraph number in the Separate Statement that supports the factual assertion and

27

28

1  not to the underlying evidence."[1]  MGA's motion repeatedly violates the Court's

2  Order by citing directly to the underlying evidence instead of the Separate

3  Statement.  See, e.g., MGA Parties' Corrected Motion for Partial Summary

4  Judgment, at 1:17-20, 5:6-7.

5

6  **II.**  **OBJECTIONS TO MGA PARTIES' [PROPOSED] STATEMENT OF**

7  **UNCONTROVERTED FACTS IN SUPPORT FOR THEIR MOTION**

8  **FOR PARTIAL SUMMARY JUDGMENT.**

| Sep. Stt. No. | Objectionable Evidence | Objection |
|---|---|---|
|  |  |  |

**PAGES 3-18 ARE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

| 31 | Exh. 44 (Talbot, <u>Little Hotties</u>, the New Yorker, Vo. 82, No. 40, at p. 74 (December 4, 2006)). | Objection to Exhibit 44 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. <u>Fed. R. Evid.</u> 801, 802. <u>See, e.g., Doe v. Texaco, Inc.,</u> 2006 WL 2850035, at *3 (N.D. Cal. 2006) (holding that "[i]t would thwart the purposes of [the hearsay] rule and the interests of justice to allow newspaper articles to be entered into evidence for the truth of the matters asserted," and striking the newspaper articles attached to the declaration]; <u>Green v. Baca</u>, 226 F.R.D. 624, 638 (C.D. Cal. 2005) (holding that |

07209/2443472.3

| | | | |
|---|---|---|---|
| | | | newspaper articles are inadmissible hearsay).  Specifically, the Court should not admit into evidence any statements in the article that purport to discuss Mattel's business condition or purported loss of market share to BRATZ.  See, e.g., In re Hoopai, 2007 WL 2460762, at *3 (Bankr. D. Hawaii 2007) (refusing to admit newspaper articles as "evidence of the truth of the matters asserted therein" with respect to a party's financial condition). |
| 32 | Exh. 45 (Jan Paschal, Shopping: BRATZ target the tween scene, Reuters (June 14, 2001)). | | Objection to Exhibit 45 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802.<br><br>See supra at objections to Separate Statement paragraph 31. |
| 33 | Exh. 47 (MGA Entertainment's Looking Better Than Ever With the Introduction of Exciting New Toy Lines at New York Toy Fair, | | Objection to Exhibit 47 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article |

| | | Business Wire (February 8, 2001)). | are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. <u>Fed. R. Evid.</u> 801, 802.<br><br>See <u>supra</u> at objections to Separate Statement paragraph 31. |
|---|---|---|---|
| | 34 | Exh. 38 (March 5, 2001 e-mail from Mateo Romano of Mattel to Martin Hitch, MGA's VP of International Sales); Exh. 39 (April 24, 2001 e-mail from Martin Hitch, Vice President of MGA's International Sales to Mateo Romano of Mattel). | Objection to Exhibits 38-39 attached to the supporting Declaration of Jason Russell on the grounds that these documents have not been authenticated. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what is proponent claims." <u>Fed. R. Evid.</u> 901(a).  Here, MGA has not presented any such evidence.  <u>See</u> <u>also</u> <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002) ("We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment."). |
| | 34 | Exh. 63 (Horovitz, <u>From kids to adults the USA is stuck on stickers</u>, USA Today (February 14, 2001)); | Objection to Exhibits 63-66 attached to the supporting declaration of Jason D Russell on the grounds that, to the |

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| 1 | | Exh. 64 (Mattel, Inc. Showcases the Hottest Toys in the Industry At Toy Fair 2001 in New York City!, Business Wire (February 12, 2001)); Exh. 65 (Mattel, Inc. Showcases the Hottest Toys in the Industry At Toy Fair 2001 in New York City!, Business Wire February 9, 2001)); Exh. 66 (Collins, Big Makers Scale Back at Toy Fair; So the little Guys Have More Room to Show Their Stuff, the New York Times (February 8, 2001). | extent the contents of these news articles are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802.  See supra at objections to Separate Statement, paragraph number 31. |
| | 35 | Exh. 46 (Tween scene; toymakers strive to capture young girls' fancy, The New Jersey Record (February 17, 2001)); Exh. 47 (MGA Entertainment's Looking Better Than Ever With the Introduction of Exciting New Toy Lines at New York Toy Fair, Business Wire (February 8, 2001); Exh. 67 (Nationally syndicated clip of Toy Fair highlights hosted by "Toy Guy" Chris Byrne). | Objection to Exhibits 46-47 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of these news articles are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802. See supra at objections to Separate Statement, paragraph number 31.  Objection to Exhibit 67 attached to the supporting declaration of Jason D |

| | | |
|---|---|---|
| | | Russell on the grounds that, to the extent the contents of this TV clip are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. <u>Fed. R. Evid.</u> 801, 802. <u>See, e.g.,</u> <u>Mayor of City of Philadelphia v. Educational Equality League</u>, 415 U.S. 605, 619, n. 19 (1974). |
| 36. | Exh. 47 (<u>MGA Entertainment's Looking Better Than Ever With the Introduction of Exciting New Toy Lines at New York Toy Fair</u>, Business Wire (February 8, 2001) | Objection to Exhibit 47 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. <u>Fed. R. Evid.</u> 801, 802. <u>See</u> <u>supra</u> at objections to Separate Statement, paragraph number 31. |
| 37. | Exh. 38 (March 5, 2001 e-mail from Mateo Romano of Mattel to Martin Hitch, MGA's VP of International Sales) | Objection to Exhibit 38 attached to the supporting Declaration of Jason Russell on the grounds that this document has not been authenticated. <u>Fed. R. Evi.</u> 901. <u>See</u> <u>supra</u> objections to Separate Statement, paragraph number 34. |
| 38. | Exh. 39 (April 24, 2001 e-mail | Objection to Exhibit 38 attached to the |

| | | | |
|---|---|---|---|
| 1 | | from Martin Hitch, Vice President of MGA's International Sales to Mateo Romano of Mattel) | supporting Declaration of Jason Russell on the grounds that this document has not been authenticated. Fed. R. Evi. 901. See supra objections to Separate Statement, paragraph number 34. |
| 6 | 45 | Exh. 48 (Strom, Lots of Competition for 2001's Hit Toy, New York Times (November 22, 2001)); Exh. 49 (Playdate 2001 Unveils Retailers' Prediction for Holiday Season's Best Selling Toys and Games, PR Newswire (October 16, 2001)); Exh. 50 (Shopping - A game buyer's guide and a BRATZ update, Reuters (November 16, 2001)). | Objection to Exhibits 48-50 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of these news articles are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802. See supra at objections to Separate Statement, paragraph number 31. |
| 17 | 46 | Exh. 51 (The Hype: Where Christmas 2002 is Job 1, The Daily News of Los Angeles Industry Association (December 27, 2001)) | Objection to Exhibit 51 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802. See supra at objections to Separate Statement, paragraph number 31. |

07209/2443472.3

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**PAGES 25-26 ARE FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

| | | |
|---|---|---|
| 50. | Exh. 28 (August 14, 2001 e-mail from Debbie Hastie to Elise Cloonan). | Objection to Exhibit 28 attached to the supporting Declaration of Jason D. Russell on the grounds that this document is irrelevant and confusing. Fed. R. Evid. 402, 403. |
| 51. | Exh. 45 (Jan Paschal, Shopping: BRATZ target the tween scene, Reuters (June 14, 2001)). | Objection to Exhibit 45 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article |

| | | |
|---|---|---|
| 1 | | are offered for the truth of the matter |
| 2 | | asserted, they are inadmissible hearsay |
| 3 | | and no exception is applicable.  Fed. R. |
| 4 | | Evid. 801, 802. See supra at objections |
| 5 | | to Separate Statement, paragraph |
| 6 | | number 31. |
| 7 | | |

-28-

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**PAGES 29-71 ARE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

| | | |
|---|---|---|
| 69. | Exh. 30 (anonymous letter to Robert Eckert) | Objection to Exhibit 30 attached to the supporting declaration of Jason Russell on the grounds that this document is irrelevant and confusing.  Fed. R. Evid. 402, 403. |
| 74 | Exh. 62 (Tkacik, Mattel Tries Hip-Hop Dolls -- Firm's Stalwart Barbie Loses Market Share, so Flavas Will Take on Rivals the BRATZ, Wall Street Journal (July 21, 2003)). | Objection to Exhibit 62 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of this news article are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  See supra at objections to Separate Statement paragraph number 31. |

| 78 | Exh. 52 (Paschal, <u>With BRATZ, a toy maker's dreams come true</u>, Reuters (February 14, 2002)); Exh. 53 (Verdon, <u>The Dish on the DOLLS; the claws have come out int eh fashion toy competition</u>, The New Jersey Record (November 23, 2002)); Exh. 54 (Bannon, <u>Barbie Faces Sassy Rivals in BRATZ Dolls</u>, Wall Street Journal (November 29, 2002)); Exh. 55 (Bannon, <u>Fashion  Coup? New Doll Grabs Some of Barbie's Limelight</u>, Wall Street Journal (November 29, 2002)); Exh. 56 (Bannon, <u>Is It A Fashion Coup? Sassy BRATZ Grab some of Barbie's Limelight</u>, Wall Street Journal (December 2, 2002)); Exh. 57 (Tkacik, <u>Dolled Up: To Lure Older Girls, mattel Brings in Hip-Hip Crowd; It Sees Stalwart Barbie</u> | Objection to Exhibits 52-61 attached to the supporting declaration of Jason D Russell on the grounds that, to the extent the contents of these news articles are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. <u>Fed. R. Evid.</u> 801, 802. <u>See</u> <u>supra</u> at objections to Separate Statement, paragraph number 31. |

Lose Market Share, So Flavas Will
Take on the BRATZ, Wall Street
Journal (July 18, 2003)); Exh. 58
(Moore, BRATZ creator Larian
aims to win Barbie's core fans,
Reuters (December 3, 2003)); Exh.
59 (Goldman, BRATZ Dolls' Little
Sisters to Challenge Barbie, Los
Angeles Times (December 4,
2003)); Exh. 60 (Hopkins, Look
for BRATZ Story on the Sivler
Screen, the Daily News of Los
Angeles (February 13, 2004));
Exh. 61 (O'Neal, BRATZ packers
are what's cool in a doll world;
Chicago Sun-Times (March 5,
2004)).

## III. OBJECTIONS TO UNSUPPORTED AND IMPROPER FACTUAL ALLEGATIONS IN MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| Objectionable Factual Allegations | Objection |
| --- | --- |
|  |  |

07209/2444.3472.3

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**PAGES 75-79 ARE FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18   DATED:  March 24, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20          By  Jon Corey  O.S.

21          Jon D. Corey
             Attorneys for Mattel, Inc.

22

23

24

25

26

27

28

07209/2443472.3

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S MOTION FOR PARTIAL SUMMARY JUDGMENT