QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| Plaintiff, | |
| vs. | Hon. Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | MATTEL INC.'S OBJECTIONS TO THE MGA PARTIES' REQUEST FOR JUDICIAL NOTICE |
| Defendant. | Date: April 23, 2008 Time: 10:00 a.m. Courtroom: 1 |
| AND CONSOLIDATED ACTIONS | |

**Phase 1:**
Discovery Cut-Off:    January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date:              May 27, 2008

07209/2443538.1

Mattel Inc. hereby respectfully submits its objections to the MGA parties' Request for Judicial Notice. MGA Parties ask the Court to take judicial notice of certain exhibits to the Declaration of Jason D. Russell in Support of Motion for Partial Summary Judgment. Accordingly, Mattel's objections reference the pertinent exhibits of the Russell Declaration.

Exhibit 44    The Court should grant judicial notice only of the fact that the article was published. Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added). See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content"). Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201. Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not

generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information."). See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice."). Specifically, the Court should not take judicial notice of any statements in the article that purport to discuss Mattel, Inc.'s business condition. In re Hoopai, Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to take judicial notice of news articles about party's current financial situation as evidence of the truth of the matters asserted therein.).

**Exhibit 45** The Court should grant judicial notice only of the fact that the article was published. Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added). See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite

1   Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

2   (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

3   that these articles were published, not of the truth of their content").

4   Statements in the articles themselves are not proper subjects for judicial

5   notice under Federal Rules of Evidence 201. Oregon Natural

6   Resources Council Fund v. Bureau of Land Management, 2004 WL

7   948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

8   judicial notice of statements allegedly made to a newspaper reporter,

9   because [t]he fact of the reporter's alleged hearsay statement is not

10  generally known within the territorial jurisdiction of the court, and is

11  not capable of accurate and ready determination by resort to sources

12  whose accuracy cannot reasonably be questioned; nor does plaintiff

13  supply the court with necessary information."). See also Mendler v.

14  Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

15  (denying request for judicial notice for the contents of a published

16  magazine article because "the article, which is clearly hearsay, was not

17  admitted into evidence and it can not properly be admitted through the

18  back door by invoking the doctrine of Judicial Notice."). Specifically,

19  the Court should not take judicial notice of any statements in the article

20  that purport to discuss Mattel, Inc.'s business condition. In re Hoopai,

21  Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to

22  take judicial notice of news articles about party's current financial

23  situation as evidence of the truth of the matters asserted therein.).

24  Exhibit 46   The Court should grant judicial notice only of the fact that the article

25  was published. Under Rule 201 of the Federal Rules of Evidence, a

26  Court may take judicial notice of the existence of media articles, but

27  should not extend the notice to the accuracy of anything written in the

28

-3-

1    articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

2    (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

3    the plaintiff "[did] not ask the court to take judicial notice of the

4    *accuracy* of the *substance* presented by the article and

5    advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

6    added). See also Carpenter v. City and County of San Francisco, 93

7    F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

8    notice of the existence of a plaque but refusing to "infer any facts

9    beyond the mere fact of the plaque's existence."); Woodfin Suite

10    Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

11    (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

12    that these articles were published, not of the truth of their content").

13    Statements in the articles themselves are not proper subjects for judicial

14    notice under Federal Rules of Evidence 201. Oregon Natural

15    Resources Council Fund v. Bureau of Land Management, 2004 WL

16    948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

17    judicial notice of statements allegedly made to a newspaper reporter,

18    because [t]he fact of the reporter's alleged hearsay statement is not

19    generally known within the territorial jurisdiction of the court, and is

20    not capable of accurate and ready determination by resort to sources

21    whose accuracy cannot reasonably be questioned; nor does plaintiff

22    supply the court with necessary information."). See also Mendler v.

23    Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

24    (denying request for judicial notice for the contents of a published

25    magazine article because "the article, which is clearly hearsay, was not

26    admitted into evidence and it can not properly be admitted through the

27    back door by invoking the doctrine of Judicial Notice.").

28

| 1 | Exhibit 47 | The Court should grant judicial notice only of the fact that the article |
| 2 | | was published.  Under Rule 201 of the Federal Rules of Evidence, a |
| 3 | | Court may take judicial notice of the existence of media articles, but |
| 4 | | should not extend the notice to the accuracy of anything written in the |
| 5 | | articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 |
| 6 | | (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because |
| 7 | | the plaintiff "[did] not ask the court to take judicial notice of the |
| 8 | | ***accuracy*** of the ***substance*** presented by the article and |
| 9 | | advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases |
| 10 | | added).  See also Carpenter v. City and County of San Francisco, 93 |
| 11 | | F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial |
| 12 | | notice of the existence of a plaque but refusing to "infer any facts |
| 13 | | beyond the mere fact of the plaque's existence."); Woodfin Suite |
| 14 | | Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 |
| 15 | | (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact |
| 16 | | that these articles were published, not of the truth of their content"). |
| 17 | | Statements in the articles themselves are not proper subjects for judicial |
| 18 | | notice under Federal Rules of Evidence 201.  Oregon Natural |
| 19 | | Resources Council Fund v. Bureau of Land Management, 2004 WL |
| 20 | | 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take |
| 21 | | judicial notice of statements allegedly made to a  newspaper reporter, |
| 22 | | because [t]he fact of the reporter's alleged hearsay statement is not |
| 23 | | generally known within the territorial jurisdiction of the court, and is |
| 24 | | not capable of accurate and ready determination by resort to sources |
| 25 | | whose accuracy cannot reasonably be questioned; nor does plaintiff |
| 26 | | supply the court with necessary information.").  See also Mendler v. |
| 27 | | Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) |
| 28 | | |

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | Exhibit 48 |

(denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is

1 not capable of accurate and ready determination by resort to sources

2 whose accuracy cannot reasonably be questioned; nor does plaintiff

3 supply the court with necessary information."). See also Mendler v.

4 Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

5 (denying request for judicial notice for the contents of a published

6 magazine article because "the article, which is clearly hearsay, was not

7 admitted into evidence and it can not properly be admitted through the

8 back door by invoking the doctrine of Judicial Notice.").

9    Exhibit 49    The Court should grant judicial notice only of the fact that the article

10 was published. Under Rule 201 of the Federal Rules of Evidence, a

11 Court may take judicial notice of the existence of media articles, but

12 should not extend the notice to the accuracy of anything written in the

13 articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

14 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

15 the plaintiff "[did] not ask the court to take judicial notice of the

16 *accuracy* of the *substance* presented by the article and

17 advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

18 added). See also Carpenter v. City and County of San Francisco, 93

19 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

20 notice of the existence of a plaque but refusing to "infer any facts

21 beyond the mere fact of the plaque's existence."); Woodfin Suite

22 Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

23 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

24 that these articles were published, not of the truth of their content").

25 Statements in the articles themselves are not proper subjects for judicial

26 notice under Federal Rules of Evidence 201. Oregon Natural

27 Resources Council Fund v. Bureau of Land Management, 2004 WL

28

948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information."). See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

Exhibit 50    The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

1  that these articles were published, not of the truth of their content").

2  Statements in the articles themselves are not proper subjects for judicial

3  notice under Federal Rules of Evidence 201. <u>Oregon Natural</u>

4  <u>Resources Council Fund v. Bureau of Land Management</u>, 2004 WL

5  948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

6  judicial notice of statements allegedly made to a newspaper reporter,

7  because [t]he fact of the reporter's alleged hearsay statement is not

8  generally known within the territorial jurisdiction of the court, and is

9  not capable of accurate and ready determination by resort to sources

10  whose accuracy cannot reasonably be questioned; nor does plaintiff

11  supply the court with necessary information."). <u>See also</u> <u>Mendler v.</u>

12  <u>Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D.Cal., 1998)

13  (denying request for judicial notice for the contents of a published

14  magazine article because "the article, which is clearly hearsay, was not

15  admitted into evidence and it can not properly be admitted through the

16  back door by invoking the doctrine of Judicial Notice.").

17  Exhibit 51 | The Court should grant judicial notice only of the fact that the article

18  was published. Under Rule 201 of the Federal Rules of Evidence, a

19  Court may take judicial notice of the existence of media articles, but

20  should not extend the notice to the accuracy of anything written in the

21  articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

22  (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

23  the plaintiff "[did] not ask the court to take judicial notice of the

24  *accuracy* of the *substance* presented by the article and

25  advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

26  added). <u>See also</u> <u>Carpenter v. City and County of San Francisco</u>, 93

27  F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

28

1    notice of the existence of a plaque but refusing to "infer any facts

2    beyond the mere fact of the plaque's existence."); <u>Woodfin Suite</u>

3    <u>Hotels, LLC v. City of Emeryville</u>, Slip Copy, 2007 WL 81911, *3

4    (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

5    that these articles were published, not of the truth of their content").

6    Statements in the articles themselves are not proper subjects for judicial

7    notice under Federal Rules of Evidence 201. <u>Oregon Natural</u>

8    <u>Resources Council Fund v. Bureau of Land Management</u>, 2004 WL

9    948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

10    judicial notice of statements allegedly made to a newspaper reporter,

11    because [t]he fact of the reporter's alleged hearsay statement is not

12    generally known within the territorial jurisdiction of the court, and is

13    not capable of accurate and ready determination by resort to sources

14    whose accuracy cannot reasonably be questioned; nor does plaintiff

15    supply the court with necessary information."). <u>See also</u> <u>Mendler v.</u>

16    <u>Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D.Cal., 1998)

17    (denying request for judicial notice for the contents of a published

18    magazine article because "the article, which is clearly hearsay, was not

19    admitted into evidence and it can not properly be admitted through the

20    back door by invoking the doctrine of Judicial Notice.").

21    Exhibit 52    The Court should grant judicial notice only of the fact that the article

22    was published. Under Rule 201 of the Federal Rules of Evidence, a

23    Court may take judicial notice of the existence of media articles, but

24    should not extend the notice to the accuracy of anything written in the

25    articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

26    (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

27    the plaintiff "[did] not ask the court to take judicial notice of the

28

1   *accuracy* of the *substance* presented by the article and

2   advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

3   added). See also Carpenter v. City and County of San Francisco, 93

4   F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

5   notice of the existence of a plaque but refusing to "infer any facts

6   beyond the mere fact of the plaque's existence."); Woodfin Suite

7   Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

8   (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

9   that these articles were published, not of the truth of their content").

10  Statements in the articles themselves are not proper subjects for judicial

11  notice under Federal Rules of Evidence 201. Oregon Natural

12  Resources Council Fund v. Bureau of Land Management, 2004 WL

13  948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

14  judicial notice of statements allegedly made to a newspaper reporter,

15  because [t]he fact of the reporter's alleged hearsay statement is not

16  generally known within the territorial jurisdiction of the court, and is

17  not capable of accurate and ready determination by resort to sources

18  whose accuracy cannot reasonably be questioned; nor does plaintiff

19  supply the court with necessary information."). See also Mendler v.

20  Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

21  (denying request for judicial notice for the contents of a published

22  magazine article because "the article, which is clearly hearsay, was not

23  admitted into evidence and it can not properly be admitted through the

24  back door by invoking the doctrine of Judicial Notice."). Specifically,

25  the Court should not take judicial notice of any statements in the article

26  that purport to discuss Mattel, Inc.'s business condition. In re Hoopai,

27  Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to

28

| | | |
|---|---|---|
| 1 | | take judicial notice of news articles about party's current financial |
| 2 | | situation as evidence of the truth of the matters asserted therein.). |
| 3 | Exhibit 53 | The Court should grant judicial notice only of the fact that the article |
| 4 | | was published.  Under Rule 201 of the Federal Rules of Evidence, a |
| 5 | | Court may take judicial notice of the existence of media articles, but |
| 6 | | should not extend the notice to the accuracy of anything written in the |
| 7 | | articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 |
| 8 | | (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because |
| 9 | | the plaintiff "[did] not ask the court to take judicial notice of the |
| 10 | | *accuracy* of the *substance* presented by the article and |
| 11 | | advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases |
| 12 | | added).  See also Carpenter v. City and County of San Francisco, 93 |
| 13 | | F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial |
| 14 | | notice of the existence of a plaque but refusing to "infer any facts |
| 15 | | beyond the mere fact of the plaque's existence."); Woodfin Suite |
| 16 | | Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 |
| 17 | | (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact |
| 18 | | that these articles were published, not of the truth of their content"). |
| 19 | | Statements in the articles themselves are not proper subjects for judicial |
| 20 | | notice under Federal Rules of Evidence 201.  Oregon Natural |
| 21 | | Resources Council Fund v. Bureau of Land Management, 2004 WL |
| 22 | | 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take |
| 23 | | judicial notice of statements allegedly made to a  newspaper reporter, |
| 24 | | because [t]he fact of the reporter's alleged hearsay statement is not |
| 25 | | generally known within the territorial jurisdiction of the court, and is |
| 26 | | not capable of accurate and ready determination by resort to sources |
| 27 | | whose accuracy cannot reasonably be questioned; nor does plaintiff |
| 28 | | |

supply the court with necessary information."). See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").   Specifically, the Court should not take judicial notice of any statements in the article that purport to discuss Mattel, Inc.'s business condition.  In re Hoopai, Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to take judicial notice of news articles about party's current financial situation as evidence of the truth of the matters asserted therein.).

Exhibit 54   The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").

-13-

1   Statements in the articles themselves are not proper subjects for judicial
2   notice under Federal Rules of Evidence 201.  Oregon Natural
3   Resources Council Fund v. Bureau of Land Management, 2004 WL
4   948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take
5   judicial notice of statements allegedly made to a newspaper reporter,
6   because [t]he fact of the reporter's alleged hearsay statement is not
7   generally known within the territorial jurisdiction of the court, and is
8   not capable of accurate and ready determination by resort to sources
9   whose accuracy cannot reasonably be questioned; nor does plaintiff
10  supply the court with necessary information.").  See also Mendler v.
11  Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)
12  (denying request for judicial notice for the contents of a published
13  magazine article because "the article, which is clearly hearsay, was not
14  admitted into evidence and it can not properly be admitted through the
15  back door by invoking the doctrine of Judicial Notice.").   Specifically,
16  the Court should not take judicial notice of any statements in the article
17  that purport to discuss Mattel, Inc.'s business condition.  In re Hoopai,
18  Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to
19  take judicial notice of news articles about party's current financial
20  situation as evidence of the truth of the matters asserted therein.).

21  Exhibit 55   The Court should grant judicial notice only of the fact that the article
22  was published.  Under Rule 201 of the Federal Rules of Evidence, a
23  Court may take judicial notice of the existence of media articles, but
24  should not extend the notice to the accuracy of anything written in the
25  articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313
26  (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because
27  the plaintiff "[did] not ask the court to take judicial notice of the
28

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

*accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").  Specifically, the Court should not take judicial notice of any statements in the article that purport to discuss Mattel, Inc.'s business condition.  In re Hoopai, Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to

1    take judicial notice of news articles about party's current financial

2    situation as evidence of the truth of the matters asserted therein.).

3  Exhibit 56   The Court should grant judicial notice only of the fact that the article

4    was published.  Under Rule 201 of the Federal Rules of Evidence, a

5    Court may take judicial notice of the existence of media articles, but

6    should not extend the notice to the accuracy of anything written in the

7    articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

8    (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

9    the plaintiff "[did] not ask the court to take judicial notice of the

10   ***accuracy*** of the ***substance*** presented by the article and

11   advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

12   added).  See also Carpenter v. City and County of San Francisco, 93

13   F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

14   notice of the existence of a plaque but refusing to "infer any facts

15   beyond the mere fact of the plaque's existence."); Woodfin Suite

16   Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

17   (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

18   that these articles were published, not of the truth of their content").

19   Statements in the articles themselves are not proper subjects for judicial

20   notice under Federal Rules of Evidence 201.  Oregon Natural

21   Resources Council Fund v. Bureau of Land Management, 2004 WL

22   948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

23   judicial notice of statements allegedly made to a newspaper reporter,

24   because [t]he fact of the reporter's alleged hearsay statement is not

25   generally known within the territorial jurisdiction of the court, and is

26   not capable of accurate and ready determination by resort to sources

27   whose accuracy cannot reasonably be questioned; nor does plaintiff

28

supply the court with necessary information."). <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").   Specifically, the Court should not take judicial notice of any statements in the article that purport to discuss Mattel, Inc.'s business condition.  <u>In re Hoopai</u>, Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to take judicial notice of news articles about party's current financial situation as evidence of the truth of the matters asserted therein.).

Exhibit 57   The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the ***accuracy*** of the ***substance*** presented by the article and advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added). <u>See also</u> <u>Carpenter v. City and County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of Emeryville</u>, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").

-17-

1    Statements in the articles themselves are not proper subjects for judicial
2    notice under Federal Rules of Evidence 201.  Oregon Natural
3    Resources Council Fund v. Bureau of Land Management, 2004 WL
4    948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take
5    judicial notice of statements allegedly made to a newspaper reporter,
6    because [t]he fact of the reporter's alleged hearsay statement is not
7    generally known within the territorial jurisdiction of the court, and is
8    not capable of accurate and ready determination by resort to sources
9    whose accuracy cannot reasonably be questioned; nor does plaintiff
10   supply the court with necessary information.").  See also Mendler v.
11   Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)
12   (denying request for judicial notice for the contents of a published
13   magazine article because "the article, which is clearly hearsay, was not
14   admitted into evidence and it can not properly be admitted through the
15   back door by invoking the doctrine of Judicial Notice.").   Specifically,
16   the Court should not take judicial notice of any statements in the article
17   that purport to discuss Mattel, Inc.'s business condition.  In re Hoopai,
18   Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to
19   take judicial notice of news articles about party's current financial
20   situation as evidence of the truth of the matters asserted therein.).
21   Exhibit 58    The Court should grant judicial notice only of the fact that the article
22   was published.  Under Rule 201 of the Federal Rules of Evidence, a
23   Court may take judicial notice of the existence of media articles, but
24   should not extend the notice to the accuracy of anything written in the
25   articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313
26   (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because
27   the plaintiff "[did] not ask the court to take judicial notice of the
28

1    ***accuracy*** of the ***substance*** presented by the article and

2    advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

3    added).  See also Carpenter v. City and County of San Francisco, 93

4    F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

5    notice of the existence of a plaque but refusing to "infer any facts

6    beyond the mere fact of the plaque's existence."); Woodfin Suite

7    Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

8    (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

9    that these articles were published, not of the truth of their content").

10   Statements in the articles themselves are not proper subjects for judicial

11   notice under Federal Rules of Evidence 201.  Oregon Natural

12   Resources Council Fund v. Bureau of Land Management, 2004 WL

13   948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

14   judicial notice of statements allegedly made to a  newspaper reporter,

15   because [t]he fact of the reporter's alleged hearsay statement is not

16   generally known within the territorial jurisdiction of the court, and is

17   not capable of accurate and ready determination by resort to sources

18   whose accuracy cannot reasonably be questioned; nor does plaintiff

19   supply the court with necessary information.").  See also Mendler v.

20   Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

21   (denying request for judicial notice for the contents of a published

22   magazine article because "the article, which is clearly hearsay, was not

23   admitted into evidence and it can not properly be admitted through the

24   back door by invoking the doctrine of Judicial Notice.").

25   Exhibit 59    The Court should grant judicial notice only of the fact that the article

26   was published.  Under Rule 201 of the Federal Rules of Evidence, a

27   Court may take judicial notice of the existence of media articles, but

28

1  should not extend the notice to the accuracy of anything written in the

2  articles. Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

3  (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

4  the plaintiff "[did] not ask the court to take judicial notice of the

5  ***accuracy*** of the ***substance*** presented by the article and

6  advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

7  added). See also Carpenter v. City and County of San Francisco, 93

8  F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

9  notice of the existence of a plaque but refusing to "infer any facts

10  beyond the mere fact of the plaque's existence."); Woodfin Suite

11  Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

12  (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

13  that these articles were published, not of the truth of their content").

14  Statements in the articles themselves are not proper subjects for judicial

15  notice under Federal Rules of Evidence 201. Oregon Natural

16  Resources Council Fund v. Bureau of Land Management, 2004 WL

17  948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

18  judicial notice of statements allegedly made to a newspaper reporter,

19  because [t]he fact of the reporter's alleged hearsay statement is not

20  generally known within the territorial jurisdiction of the court, and is

21  not capable of accurate and ready determination by resort to sources

22  whose accuracy cannot reasonably be questioned; nor does plaintiff

23  supply the court with necessary information."). See also Mendler v.

24  Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

25  (denying request for judicial notice for the contents of a published

26  magazine article because "the article, which is clearly hearsay, was not

27  admitted into evidence and it can not properly be admitted through the

28

| | |
|---|---|
| 1 | back door by invoking the doctrine of Judicial Notice."). |
| 2 | Exhibit 60 |
| | The Court should grant judicial notice only of the fact that the article |
| 3 | was published.  Under Rule 201 of the Federal Rules of Evidence, a |
| 4 | Court may take judicial notice of the existence of media articles, but |
| 5 | should not extend the notice to the accuracy of anything written in the |
| 6 | articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 |
| 7 | (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because |
| 8 | the plaintiff "[did] not ask the court to take judicial notice of the |
| 9 | *accuracy* of the *substance* presented by the article and |
| 10 | advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases |
| 11 | added).  See also Carpenter v. City and County of San Francisco, 93 |
| 12 | F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial |
| 13 | notice of the existence of a plaque but refusing to "infer any facts |
| 14 | beyond the mere fact of the plaque's existence."); Woodfin Suite |
| 15 | Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 |
| 16 | (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact |
| 17 | that these articles were published, not of the truth of their content"). |
| 18 | Statements in the articles themselves are not proper subjects for judicial |
| 19 | notice under Federal Rules of Evidence 201.  Oregon Natural |
| 20 | Resources Council Fund v. Bureau of Land Management, 2004 WL |
| 21 | 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take |
| 22 | judicial notice of statements allegedly made to a  newspaper reporter, |
| 23 | because [t]he fact of the reporter's alleged hearsay statement is not |
| 24 | generally known within the territorial jurisdiction of the court, and is |
| 25 | not capable of accurate and ready determination by resort to sources |
| 26 | whose accuracy cannot reasonably be questioned; nor does plaintiff |
| 27 | supply the court with necessary information.").  See also Mendler v. |
| 28 | |

-21-

1       Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

2   (denying request for judicial notice for the contents of a published

3   magazine article because "the article, which is clearly hearsay, was not

4   admitted into evidence and it can not properly be admitted through the

5   back door by invoking the doctrine of Judicial Notice.").

6   Exhibit 61     The Court should grant judicial notice only of the fact that the article

7   was published.  Under Rule 201 of the Federal Rules of Evidence, a

8   Court may take judicial notice of the existence of media articles, but

9   should not extend the notice to the accuracy of anything written in the

10  articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

11  (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

12  the plaintiff "[did] not ask the court to take judicial notice of the

13  **accuracy** of the **substance** presented by the article and

14  advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

15  added).  See also Carpenter v. City and County of San Francisco, 93

16  F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

17  notice of the existence of a plaque but refusing to "infer any facts

18  beyond the mere fact of the plaque's existence."); Woodfin Suite

19  Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

20  (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

21  that these articles were published, not of the truth of their content").

22  Statements in the articles themselves are not proper subjects for judicial

23  notice under Federal Rules of Evidence 201.  Oregon Natural

24  Resources Council Fund v. Bureau of Land Management, 2004 WL

25  948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

26  judicial notice of statements allegedly made to a  newspaper reporter,

27  because [t]he fact of the reporter's alleged hearsay statement is not

28

1  generally known within the territorial jurisdiction of the court, and is

2  not capable of accurate and ready determination by resort to sources

3  whose accuracy cannot reasonably be questioned; nor does plaintiff

4  supply the court with necessary information."). See also Mendler v.

5  Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998)

6  (denying request for judicial notice for the contents of a published

7  magazine article because "the article, which is clearly hearsay, was not

8  admitted into evidence and it can not properly be admitted through the

9  back door by invoking the doctrine of Judicial Notice.").   Specifically,

10  the Court should not take judicial notice of any statements in the article

11  that purport to discuss Mattel, Inc.'s business condition.  In re Hoopai,

12  Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to

13  take judicial notice of news articles about party's current financial

14  situation as evidence of the truth of the matters asserted therein.).

15  Exhibit 62  The Court should grant judicial notice only of the fact that the article

16  was published.  Under Rule 201 of the Federal Rules of Evidence, a

17  Court may take judicial notice of the existence of media articles, but

18  should not extend the notice to the accuracy of anything written in the

19  articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

20  (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

21  the plaintiff "[did] not ask the court to take judicial notice of the

22  *accuracy* of the *substance* presented by the article and

23  advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

24  added).  See also Carpenter v. City and County of San Francisco, 93

25  F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

26  notice of the existence of a plaque but refusing to "infer any facts

27  beyond the mere fact of the plaque's existence."); Woodfin Suite

28

<u>Hotels, LLC v. City of Emeryville</u>, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content"). Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").   Specifically, the Court should not take judicial notice of any statements in the article that purport to discuss Mattel, Inc.'s business condition.  <u>In re Hoopai</u>, Slip Copy, 2007 WL 2460762 (Bkrtcy.D. Hawai'i, 2007) (declining to take judicial notice of news articles about party's current financial situation as evidence of the truth of the matters asserted therein.).

Exhibit 63   The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

| | | |
|---|---|---|
| 1 | Exhibit 64 | The Court should grant judicial notice only of the fact that the article |
| 2 | | was published.  Under Rule 201 of the Federal Rules of Evidence, a |
| 3 | | Court may take judicial notice of the existence of media articles, but |
| 4 | | should not extend the notice to the accuracy of anything written in the |
| 5 | | articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313 |
| 6 | | (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because |
| 7 | | the plaintiff "[did] not ask the court to take judicial notice of the |
| 8 | | ***accuracy*** of the ***substance*** presented by the article and |
| 9 | | advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases |
| 10 | | added).  See also Carpenter v. City and County of San Francisco, 93 |
| 11 | | F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial |
| 12 | | notice of the existence of a plaque but refusing to "infer any facts |
| 13 | | beyond the mere fact of the plaque's existence."); Woodfin Suite |
| 14 | | Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 |
| 15 | | (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact |
| 16 | | that these articles were published, not of the truth of their content"). |
| 17 | | Statements in the articles themselves are not proper subjects for judicial |
| 18 | | notice under Federal Rules of Evidence 201.  Oregon Natural |
| 19 | | Resources Council Fund v. Bureau of Land Management, 2004 WL |
| 20 | | 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take |
| 21 | | judicial notice of statements allegedly made to a  newspaper reporter, |
| 22 | | because [t]he fact of the reporter's alleged hearsay statement is not |
| 23 | | generally known within the territorial jurisdiction of the court, and is |
| 24 | | not capable of accurate and ready determination by resort to sources |
| 25 | | whose accuracy cannot reasonably be questioned; nor does plaintiff |
| 26 | | supply the court with necessary information").  See also Mendler v. |
| 27 | | Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) |
| 28 | | |

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

| | | |
|---|---|---|
| 1 | | (denying request for judicial notice for the contents of a published |
| 2 | | magazine article because "the article, which is clearly hearsay, was not |
| 3 | | admitted into evidence and it can not properly be admitted through the |
| 4 | | back door by invoking the doctrine of Judicial Notice."). |
| 5 | Exhibit 65 | The Court should grant judicial notice only of the fact that the article |

5    Exhibit 65    The Court should grant judicial notice only of the fact that the article

6    was published.  Under Rule 201 of the Federal Rules of Evidence, a

7    Court may take judicial notice of the existence of media articles, but

8    should not extend the notice to the accuracy of anything written in the

9    articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

10    (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

11    the plaintiff "[did] not ask the court to take judicial notice of the

12    *accuracy* of the *substance* presented by the article and

13    advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

14    added).  See also Carpenter v. City and County of San Francisco, 93

15    F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

16    notice of the existence of a plaque but refusing to "infer any facts

17    beyond the mere fact of the plaque's existence."); Woodfin Suite

18    Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3

19    (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

20    that these articles were published, not of the truth of their content").

21    Statements in the articles themselves are not proper subjects for judicial

22    notice under Federal Rules of Evidence 201.  Oregon Natural

23    Resources Council Fund v. Bureau of Land Management, 2004 WL

24    948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take

25    judicial notice of statements allegedly made to a newspaper reporter,

26    because [t]he fact of the reporter's alleged hearsay statement is not

27    generally known within the territorial jurisdiction of the court, and is

28

1    not capable of accurate and ready determination by resort to sources

2    whose accuracy cannot reasonably be questioned; nor does plaintiff

3    supply the court with necessary information."). <u>See also</u> <u>Mendler v.</u>

4    <u>Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D.Cal., 1998)

5    (denying request for judicial notice for the contents of a published

6    magazine article because "the article, which is clearly hearsay, was not

7    admitted into evidence and it can not properly be admitted through the

8    back door by invoking the doctrine of Judicial Notice.").

9    **Exhibit 66**    The Court should grant judicial notice only of the fact that the article

10    was published.  Under Rule 201 of the Federal Rules of Evidence, a

11    Court may take judicial notice of the existence of media articles, but

12    should not extend the notice to the accuracy of anything written in the

13    articles.  Microsoft Corp. v. BEC Computer Co. 818 F.Supp. 1313

14    (C.D.Cal. 1992), cited by MGA, permitted judicial notice only because

15    the plaintiff "[did] not ask the court to take judicial notice of the

16    ***accuracy*** of the ***substance*** presented by the article and

17    advertisements." 818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphases

18    added).  <u>See also</u> <u>Carpenter v. City and County of San Francisco</u>, 93

19    F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial

20    notice of the existence of a plaque but refusing to "infer any facts

21    beyond the mere fact of the plaque's existence."); <u>Woodfin Suite</u>

22    <u>Hotels, LLC v. City of Emeryville</u>, Slip Copy, 2007 WL 81911, *3

23    (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact

24    that these articles were published, not of the truth of their content").

25    Statements in the articles themselves are not proper subjects for judicial

26    notice under Federal Rules of Evidence 201.  <u>Oregon Natural</u>

27    <u>Resources Council Fund v. Bureau of Land Management</u>, 2004 WL

28

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information."). See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

| Exhibit 67 | The Court should grant judicial notice only of the fact that the television clip exists. Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of television programs, but should not extend the notice to the accuracy of anything stated or shown in the broadcast. See Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, Slip Copy, 2007 WL 81911, *3 (N.D.Cal., 2007) (granting a request to take "judicial notice of the fact that articles were published, not of the truth of their content"). Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201. Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a |

1     request for the court to take judicial notice of statements allegedly

2     made to a newspaper reporter, because [t]he fact of the reporter's

3     alleged hearsay statement is not generally known within the territorial

4     jurisdiction of the court, and is not capable of accurate and ready

5     determination by resort to sources whose accuracy cannot reasonably

6     be questioned; nor does plaintiff supply the court with necessary

7     information."). See also Mendler v. Winterland Productions, Ltd.,

8     1998 WL 241599, n.1 (N.D.Cal., 1998) (denying request for judicial

9     notice for the contents of a published magazine article because "the

10    article, which is clearly hearsay, was not admitted into evidence and it

11    can not properly be admitted through the back door by invoking the

12    doctrine of Judicial Notice.").

13  Exhibit 68     The Court should grant judicial notice only of the fact that the

14    copyright registrations exist.  Under Rule 201 of the Federal Rules of

15    Evidence, a Court may take judicial notice of the fact that a copyright

16    has been registered, but not of matters asserted therein.  Application of

17    Yardley, 493 F.2d 1389 (Cust.&Pat.App., 1974) (granting judicial

18    notice as to meaning of registration prefixes and to the fact that a

19    copyright had been registered).

20

21
    DATED: March 23, 2008          QUINN EMANUEL URQUHART OLIVER &
22                                  HEDGES, LLP

23

24                          By  John B. Quinn  \T.B.
                                _____
25                              John B. Quinn
                                Attorneys for Mattel, Inc.

26

27

28

-30-