**EXHIBIT   1**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT  2**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 3**

# THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT   4**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 5**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   6**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 7**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT  8**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   9**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   10**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   11**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT  12**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   13**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 14**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   15**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT  16**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT  17**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   18**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   19**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 20**

# THIS EXHIBIT IS FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

**EXHIBIT  21**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   22**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   23**

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:**     **MATTEL, INC. ("MATTEL")**

**RESPONDING PARTY:**     **MGA ENTERTAINMENT, INC. ("MGA")**

**SET NUMBER:**     **REVISED THIRD**

EXHIBIT 23

PAGE 449

## **PRELIMINARY STATEMENT**

1

2   MGA hereby serves its objections to Mattel's Revised Third Set of
3   Interrogatories.  MGA is not yet in a position to serve its substantive responses to
4   Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to
5   provide meaningful document, deposition and other discovery and also the transition
6   of MGA's representation from prior counsel of record to Skadden, Arps.  MGA
7   intends to supplement its objections with substantive responses to the
8   unobjectionable portions of the interrogatories contained in Mattel's Revised Third
9   Set of Interrogatories as soon as it is in a position to do so and after it has concluded
10  meet and confer sessions with Mattel, including with respect to Mattel's outstanding
11  discovery obligations.

12   The General Response set forth herein applies to all responses that
13  MGA is providing in response to these interrogatories (the "Interrogatories") or may
14  in the future provide in response to any discovery request in this action.  The
15  Response is made without waiving, or intending to waive but, on the contrary,
16  expressly reserving:  (a) the right to object, on the grounds of competency, privilege,
17  relevancy or materiality, or any other proper grounds, to the use of the Response, for
18  any purpose in whole or in part, in any subsequent step or proceeding in this action
19  or any other action; (b) the right to object on any and all grounds, at any time, to
20  other interrogatories or other discovery procedures; and (c) the right at any time to
21  revise, correct, add to, or clarify any of the responses propounded herein.

22   The Response reflects only the present state of MGA's discovery
23  regarding the information that Mattel seeks.  Discovery and other investigation or
24  research concerning this litigation are continuing.  Mattel has produced almost no
25  documents to date and has produced no documents from its Zeus computer system,
26  and has not provided other discovery responses, including without limitation
27  supplemental responses to its March 7, 2005, responses to MGA's First Set of
28  Interrogatories (which responses were comprised almost entirely of objections).  It is

1

EXHIBIT _23_

PAGE _450_

1 | anticipated that further discovery, independent investigation, and legal research and
2 | analysis will supply additional facts and meaning to the known facts, as well as
3 | establish entirely new factual conclusions, all of which may lead MGA to discover
4 | other information responsive to these Interrogatories. MGA therefore reserves the
5 | right to amend or supplement this Response at any time in light of future
6 | investigation, research or analysis, and also expressly reserves the right to rely on, at
7 | any time, including trial, subsequently discovered information omitted from this
8 | Response as a result of mistake, error, oversight or inadvertence. MGA does not
9 | hereby admit, adopt or acquiesce in any factual or legal contention, assertion or
10 | characterization contained in the Interrogatories or any particular request therein,
11 | even where MGA has not otherwise objected to a particular interrogatory, or has
12 | agreed to provide information responsive to a particular interrogatory.

13 | No incidental or implied admissions are intended by this Response.
14 | These responses should not be taken as an admission that MGA accepts or admits the
15 | existence of any facts set forth or assumed by any instruction, definition or
16 | interrogatory.

17 | **GENERAL OBJECTIONS**

18 | MGA responds to these Interrogatories subject to the following general
19 | objections and limitations, each of which is incorporated into each and every
20 | response as though fully set forth therein:

21 | 1. MGA objects to these Interrogatories to the extent they seek
22 | information that is not subject to disclosure under any applicable privilege, doctrine
23 | or immunity, including without limitation the attorney-client privilege, the work
24 | product doctrine, the right of privacy, and all other privileges recognized under the
25 | constitutional, statutory or decisional law of the United States of America, the State
26 | of California or any other applicable jurisdiction.

27 | 2. MGA objects to these Interrogatories to the extent they seek
28 | information not relevant to the claims or defenses of any party to this action and not

EXHIBIT __23__

PAGE __451__

1 | reasonably calculated to lead to the discovery of admissible evidence.

2 |     3.    MGA objects to these Interrogatories to the extent they seek

3 | information which by reason of public filing or otherwise is already in Mattel's

4 | possession or is readily accessible to Mattel.

5 |     4.    MGA objects to these Interrogatories to the extent they seek the

6 | disclosure of information (1) not currently within its possession, custody or control;

7 | (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

8 | persons, entities, or events not known to MGA.

9 |     5.    MGA objects to these Interrogatories to the extent they are

10 | overbroad and unduly burdensome.

11 |     6.    MGA objects to the definitions and instructions to the extent

12 | such definitions and instructions purport to enlarge, expand, or alter in any way the

13 | plain meaning and scope of any specific term or specific interrogatories on the

14 | ground that such enlargement, expansion, or alteration renders such a term or request

15 | vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16 |     7.    MGA objects to the following definitions in these

17 | Interrogatories:

18 |     (a)    MGA objects to the definition of the term "BRATZ"

19 | (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

20 | designed to mislead and confuse the trier of fact.  The definition includes "any

21 | project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

22 | or in part and regardless of what such project, product or doll is or has been also,

23 | previously or subsequently called) and any product, doll or DESIGN or any portion

24 | thereof that is now or has ever been known as, or sold or marketed under, the name

25 | or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

26 | or DESIGN or portion thereof is or has been also, previously or subsequently called)

27 | or that is now or has ever been marketed as part of the 'Bratz' line, and each version

28 | or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

3

EXHIBIT __23__

PAGE __453__

1    By incorporating the definition of DESIGN, the overly broad definition of BRATZ

2    includes two-dimensional and three-dimensional representations, including "works,

3    designs, artwork, sketches, drawings, illustrations, representations, depictions,

4    blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

5    rotocasts, reductions to practice, developments, inventions and/or improvements . . .

6    ." (Definitions, ¶ 8.) These convoluted and multi-part definitions combine to render

7    the interrogatories vague, ambiguous and overly broad, and to include within the

8    term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

9    and related products that are the subject of this case. In responding to these

10    interrogatories, MGA will interpret the term BRATZ to mean the line of dolls

11    introduced by MGA to the market for sale in May or June of 2001 and subsequent

12    dolls, accessories and other products known as Bratz or associated by MGA with the

13    Bratz line of dolls;

14          (b)     MGA objects to the definition of the term "BRATZ

15    DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

16    burdensome, and designed to mislead and confuse the trier of fact. The definition

17    includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of

18    the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

19    "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

20    what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

21    (Definition ¶ 20) to "BRATZ." In responding to these interrogatories, MGA will

22    interpret the term "BRATZ DOLL" to mean the line of dolls introduced by MGA to

23    the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24          (c)     MGA objects to the definition of the term "CREATED"

25    (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and

26    designed to mislead and confuse the trier of fact. The definition strays far from the

27    English meaning of the term "created" by including concepts such as "improved,"

28    "altered," "conceived of" and "reduced to practice." Thus, by way of example, under

4

EXHIBIT _____23_____

PAGE _____453_____

1  Mattel's definition of "CREATED," the jury could be misled into believing that a

2  person "CREATED" a particular thing when that person did not, but only slightly

3  altered or improved the thing.  In responding to these interrogatories, MGA will not

4  interpret the term "CREATED," but rather will respond using words contained

5  within the Mattel definition in their normal, accepted meaning;

6          (d)    MGA objects to the definition of the term "INVENTIONS

7  AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly

8  burdensome, and designed to mislead and confuse the trier of fact.  The definition

9  includes "any other version of such January 4, 1999 agreement."  In responding to

10  these interrogatories, MGA will interpret the term "INVENTIONS AGREEMENT"

11  to refer to the document Bates numbered M0001596;

12          (e)    MGA objects to the definition of the term "BRATZ

13  INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

14  burdensome, and designed to mislead and confuse the trier of fact.  The definition

15  strays far from the English meaning of the term "invention" by including concepts

16  such as representation, idea, concept, work, process, procedure, plan, improvement,

17  design and development, none of which necessarily equate to an invention.  In

18  responding to these interrogatories, MGA will not interpret the term "BRATZ

19  INVENTION," but rather will respond using words contained within the Mattel

20  definition in their normal, accepted meaning.

21          (f)    MGA objects to the terms "IDENTIFY" or "IDENTITY"

22  (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and

23  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

24  discrete questions or subparts to questions.  For example, when those terms are used

25  to reference any BRATZ INVENTION, the use of those terms requests at least 10

26  different and distinct facts: (a) the Bates number of any document that "REFERS OR

27  RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

28  author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

EXHIBIT __23__

PAGE __454__

1 individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

2 material and medium of the BRATZ INVENTION; (e) the title or name of the

3 BRATZ INVENTION; (f) the version, modification, revision or iteration number of

4 the BRATZ INVENTION; (g) the current location of the original of the BRATZ

5 INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

6 the last day on which the BRATZ INVENTION was CREATED; (j) whether the

7 entire invention was CREATED during the period of time listed in the Interrogatory

8 (and if not, which portions were created during, earlier, or later than the period of

9 time listed in the Interrogatory.) Therefore, any interrogatory that includes or

10 incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

11 should be posed as separate interrogatories.

12         (g)    MGA objects to the terms "any" and "REFER OR

13 RELATE TO" on the grounds and to the extent that they are overbroad, unduly

14 burdensome or are vague and ambiguous in the context of the interrogatories as

15 written and as those interrogatories would be plainly understood absent Mattel's

16 definitions.

17         8.    MGA objects to these interrogatories to the extent that they may

18 unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

19 been completed and MGA is not yet necessarily in possession of all the facts and

20 documents upon which MGA intends to rely.  All of the responses submitted

21 herewith are tendered to Mattel with the reservation that the responses are submitted

22 without limiting the evidence on which MGA may rely to support the contentions

23 and defenses that MGA may assert at the trial of this action and to rebut or impeach

24 the contentions, assertions and evidence that Mattel may present.  MGA reserves the

25 right to supplement or amend these responses at a future date.

26         9.    MGA objects to each interrogatory to the extent that it seeks

27 information that will be the subject of expert witness testimony and that is therefore

28 premature.

6

EXHIBIT 23

PAGE 453

1      10.    MGA objects to each interrogatory to the extent that it seeks the

2  disclosure of confidential, proprietary, or trade-secret information.

3      11.    MGA objects to each interrogatory to the extent that it calls for a

4  legal conclusion.

5      12.    MGA reserves the right to object on any ground at any time to

6  such other and supplemental discovery requests as Mattel may propound involving

7  or relating to the same subject matter of these interrogatories.

8      13.    The responses below shall not be construed as an admission as to

9  the relevance or admissibility of any statement or characterization contained in any

10  interrogatory.  MGA reserves all objections, including without limitation objections

11  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

12      14.    Consistent with Rule 33(d) of the Federal Rules of Civil

13  Procedure, MGA objects to providing responses to interrogatories that can be

14  derived from documents that have or will be produced (when requested in

15  compliance with Rule 26) and where the burden to derive such information is

16  substantially the same for Mattel as it is for MGA.

17      15.    In responding to these Interrogatories, MGA has not and will not

18  comply with any instructions or definitions that seek to impose requirements in

19  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

20  local rule.

21      16.    To the extent MGA responds to an interrogatory, it does so

22  without waiving or intending to waive but rather, on the contrary, preserving and

23  intending to preserve, its contention that anything Mr. Bryant did on weekends,

24  evenings, vacation and any other time outside ordinary business hours was not done

25  while he was working for Mattel.  MGA's response may not be taken as an admission

26  that the information it provides in its response in any way reflects or evidences work

27  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

28  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__

PAGE ___456___

1  interrogatory.

2       17.    MGA objects to each of Mattel's interrogatories because Mattel

3  has propounded more than 50 interrogatories, including discrete subparts.  Under

4  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

5  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

6            **SPECIFIC OBJECTIONS AND RESPONSES**

7       Without waiving or departing from its General Response and General

8  Objections, and specifically incorporating them in its response to each Interrogatory

9  below, MGA makes the following additional objections and responses to specific

10 Interrogatories:

11 **INTERROGATORY NO. 27:**

12      IDENTIFY each and every BRATZ INVENTION YOU contend was

13 CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

14 INVENTION so identified state all facts that support YOUR contention that such

15 BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

16 January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

17 DOCUMENTS which REFER OR RELATE TO such facts.

18 **RESPONSE TO INTERROGATORY NO. 27:**

19      MGA incorporates by reference its General Response and General

20 Objections above, as though fully set forth herein and specifically incorporates

21 General Objection No. 7 (regarding the Definitions), including but not limited to its

22 objections to the definitions of the terms BRATZ INVENTION, CREATED,

23 IDENTIFY and REFER OR RELATES TO.  MGA further objects to this

24 interrogatory as compound because it contains discrete subparts that require separate,

25 distinct and multiple responses.  Specifically, MGA objects to the term IDENTIFY

26 as overbroad and unduly burdensome, as Mattel's definition of this term calls for

27 responses to multiple discrete subparts.  For example, Mattel's definition of the term

28 IDENTIFY in the context of this interrogatory would require MGA to provide a

8

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT _23_

PAGE _457_

1  multitude of discrete responses for each BRATZ INVENTION, including:

2      (a)   the Bates number of any document that "REFERS OR RELATES

3  TO the BRATZ INVENTION;"

4      (b)   the IDENTITY of the individual author or creator of the BRATZ

5  INVENTION;

6      (c)   the IDENTITY of each other individual who contributed in any

7  manner to the BRATZ INVENTION;

8      (d)   the form, material and medium of the BRATZ INVENTION;

9      (e)   the title or name of the BRATZ INVENTION;

10     (f)   the version, modification, revision or iteration number of the

11  BRATZ INVENTION;   ·

12     (g)   the current location of the original of the BRATZ INVENTION;

13     (h)   the first day on which the BRATZ INVENTION was CREATED;

14     (i)   the last day on which the BRATZ INVENTION was CREATED;

15     (j)   whether the entire invention was CREATED during the period of

16  time listed in the Interrogatory (and if not, which portions were created during,

17  earlier, or later than the period of time listed in the Interrogatory).

18     This interrogatory is further compounded by Mattel's definition of

19  IDENTITY, which purports to require MGA to provide the following information

20  for each of the individuals Mattel is requesting that MGA identify with respect to

21  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

22  (c) the current or last known business affiliation; (d) current or last known residential

23  address; (e) current or last known business address; (f) current or last known

24  relationship to MGA; and (g) current or last known telephone number.

25     MGA further objects to this interrogatory on the grounds that it is

26  overbroad, unduly burdensome, vague and ambiguous both generally and

27  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

9

EXHIBIT 23

PAGE 458

1  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

2  RELATES TO, is so broad and over-inclusive that it could be read to include each

3  and every thought, idea and conversation that anyone may have had about BRATZ

4  during the time period at issue.

5       MGA further objects to the extent that this interrogatory seeks

6  information that is outside of MGA's knowledge and is not in MGA's possession,

7  custody or control. In particular, MGA objects to this interrogatory to the extent that

8  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

9  DOCUMENTS" (emphasis added).

10      MGA also objects to this interrogatory to the extent it seeks information

11  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California or

15  any other applicable jurisdiction. MGA further objects to the interrogatory on the

16  ground that it is premature because the invention, creation, conception, or reduction

17  to practice of Bratz (and related issues) will be the subject of expert testimony at

18  trial. MGA objects to this interrogatory to the extent it seeks to limit the expert

19  testimony that MGA may seek to introduce at trial. MGA will identify its experts

20  and make related disclosures in accordance with the Court's orders and applicable

21  rules.

22      MGA further objects to this interrogatory because Mattel has

23  propounded more than 50 interrogatories. Under Judge Larson's order of February

24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25  04049-SGL and CV 05-02727]."

26      Subject to and without waiving the foregoing objections, MGA

27  responds as follows: MGA is willing to meet and confer with Mattel regarding this

28  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23

PAGE ___459___

1 Set of Interrogatories.

2 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

3          MGA incorporates by reference its General Response and General

4 Objections above, as though fully set forth herein and specifically incorporates

5 General Objection No. 7 (regarding the Definitions), including but not limited to its

6 objections to the definitions of the terms BRATZ INVENTION, CREATED,

7 IDENTIFY and REFER OR RELATES TO.  MGA further objects to this

8 interrogatory as compound because it contains discrete subparts that require separate,

9 distinct and multiple responses.  Specifically, MGA objects to the term IDENTIFY

10 as overbroad and unduly burdensome, as Mattel's definition of this term calls for

11 responses to multiple discrete subparts.  For example, Mattel's definition of the term

12 IDENTIFY in the context of this interrogatory would require MGA to provide a

13 multitude of discrete responses for each BRATZ INVENTION, including:

14          (a)     the Bates number of any document that "REFERS OR RELATES

15 TO THE BRATZ INVENTION;"

16          (b)     the IDENTITY of the individual author or creator of the BRATZ

17 INVENTION;

18          (c)     the IDENTITY of each other individual who contributed in any

19 manner to the BRATZ INVENTION;

20          (d)     the form, material and medium of the BRATZ INVENTION;

21          (e)     the title or name of the BRATZ INVENTION;

22          (f)     the version, modification, revision or iteration number of the

23 BRATZ INVENTION;

24          (g)     the current location of the original of the BRATZ INVENTION;

25          (h)     the first day on which the BRATZ INVENTION was CREATED;

26          (i)     the last day on which the BRATZ INVENTION was CREATED;

27          (j)     whether the entire invention was CREATED during the period of

28 time listed in the Interrogatory (and if not, which portions were created during,

EXHIBIT ___23___

PAGE ___960___

1   earlier, or later than the period of time listed in the Interrogatory).

2        This interrogatory is further compounded by Mattel's definition of

3   IDENTITY, which purports to require MGA to provide the following information

4   for each of the individuals Mattel is requesting that MGA identify with respect to

5   each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

6   (c) the current or last known business affiliation; (d) current or last known residential

7   address; (e) current or last known business address; (f) current or last known

8   relationship to MGA; and (g) current or last known telephone number.

9        MGA further objects to this interrogatory on the grounds that it is

10   overbroad, unduly burdensome, vague and ambiguous both generally and

11   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

12   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

13   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

14   RELATES TO, is so broad and over-inclusive that it could be read to include each

15   and every thought, idea and conversation that anyone may have had about BRATZ

16   during the time period at issue.

17        MGA further objects to the extent that this interrogatory seeks

18   information that is outside of MGA's knowledge and is not in MGA's possession,

19   custody or control.  In particular, MGA objects to this interrogatory to the extent that

20   it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

21   DOCUMENTS" (emphasis added).

22        MGA also objects to this interrogatory to the extent it seeks information

23   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

24   including without limitation the attorney-client privilege, the work product doctrine,

25   the right of privacy, and all other privileges recognized under the constitutional,

26   statutory or decisional law of the United States of America, the State of California or

27   any other applicable jurisdiction.  MGA further objects to the interrogatory on the

28   ground that it is premature because the invention, creation, conception, or reduction

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___461___

1   to practice of Bratz (and related issues) will be the subject of expert testimony at

2   trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

3   testimony that MGA may seek to introduce at trial.  MGA will identify its experts

4   and make related disclosures in accordance with the Court's orders and applicable

5   rules.

6          Subject to and without waiving the foregoing objections, MGA

7   responds as follows:

8          With respect to "inventions" as that term is used in utility patent law,

9   MGA does not make any affirmative contentions as to whether there were any such

10  inventions, except that MGA contends that the conception and/or reduction to

11  practice of any such invention occurred before January 1999 and/or after October 20,

12  2000.  With respect to design patents, in August or September of 1998, Carter

13  Bryant, inspired by images he was exposed to, including in the August 1998 issue of

14  *Seventeen Magazine*, the appearance of teenagers, as well as other images in the

15  public domain, conceived of an idea for a line of dolls he named Bratz.  At the same

16  time, Bryant sketched a series of drawings to illustrate his idea.  To the extent said

17  idea contained elements covered by design patent law, no such invention was

18  "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of

19  the term "inventions" as used in the "INVENTIONS AGREEMENT."

20         The following persons have knowledge of the facts and circumstances

21  surrounding Bryant's conception and his illustrative drawings that he named Bratz:

22  Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;

23  Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

24         The following documents may be relevant to these facts:  the sketches

25  drawn by Bryant in August or September of 1998; publicly available materials that

26  Bryant identified in his deposition testimony as inspiring his conception of a line of

27  dolls in August or September of 1998, including but not limited to the August 1998

28  issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23

PAGE 462

1  2004 deposition.

2  **INTERROGATORY NO. 28:**

3         IDENTIFY each and every BRATZ INVENTION YOU contend was

4  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

5  for each BRATZ INVENTION so identified state all FACTS that support YOUR

6  contention that such BRATZ INVENTION (or aspects or portions thereof) was

7  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

8  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

9  RELATE TO such facts.

10  **RESPONSE TO INTERROGATORY NO. 28:**

11         MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding the Definitions), including but not limited to its

14  objections to the definitions of the terms BRATZ INVENTION, CREATED,

15  IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this

16  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

17  ambiguous both generally and specifically with respect to the term BRATZ

18  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

19  RELATES TO, is so broad and over-inclusive that it could be read to include each

20  and every thought, idea and conversation that anyone may have had about BRATZ

21  during the time period at issue.

22         MGA further objects to this interrogatory as compound because it

23  contains discrete subparts that require separate, distinct and multiple responses.

24  Specifically, MGA objects to the term IDENTIFY as overbroad and unduly

25  burdensome, as Mattel's definition of this term calls for responses to multiple

26  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

27  context of this interrogatory would require MGA to provide a multitude of discrete

28  responses for each BRATZ INVENTION, including:

14

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___46⊃___

1      (a)    the Bates number of any document that "REFERS OR RELATES

2  TO the BRATZ INVENTION;"

3      (b)    the IDENTITY of the individual author or creator of the BRATZ

4  INVENTION;

5      (c)    the IDENTITY of each other individual who contributed in any

6  manner to the BRATZ INVENTION;

7      (d)    the form, material and medium of the BRATZ INVENTION;

8      (e)    the title or name of the BRATZ INVENTION;

9      (f)    the version, modification, revision or iteration number of the

10  BRATZ INVENTION;

11      (g)    the current location of the original of the BRATZ INVENTION;

12      (h)    the first day on which the BRATZ INVENTION was CREATED;

13      (i)    the last day on which the BRATZ INVENTION was CREATED;

14      (j)    whether the entire invention was CREATED during the period of

15  time listed in the Interrogatory (and if not, which portions were created during,

16  earlier, or later than the period of time listed in the Interrogatory).

17      This interrogatory is further compounded by Mattel's definition of

18  IDENTITY, which purports to require MGA to provide the following information

19  for each of the individuals Mattel is requesting that MGA identify with respect to

20  each BRATZ INVENTION: (a) the individual's name (b) any known business title;

21  (c) the current or last known business affiliation; (d) current or last known residential

22  address; (e) current or last known business address; (f) current or last known

23  relationship to MGA; and (g) current or last known telephone number.

24      MGA further objects to the extent that this interrogatory seeks

25  information that is outside of MGA's knowledge and is not in MGA's possession,

26  custody or control.  In particular, MGA objects to this interrogatory to the extent that

27  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

28  DOCUMENTS" (emphasis added).

15

EXHIBIT  23

PAGE  414

1        MGA also objects to this interrogatory to the extent it seeks information

2   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

3   including without limitation the attorney-client privilege, the work product doctrine,

4   the right of privacy, and all other privileges recognized under the constitutional,

5   statutory or decisional law of the United States of America, the State of California or

6   any other applicable jurisdiction.

7        MGA further objects to the interrogatory on the ground that it is

8   premature because the invention, creation, conception, or reduction to practice of

9   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

10  objects to this interrogatory to the extent it seeks to limit the expert testimony that

11  MGA may seek to introduce at trial.  MGA will identify its experts and make related

12  disclosures in accordance with the Court's orders and applicable rules.  MGA further

13  objects to the interrogatory as unduly burdensome, on the grounds that it would

14  require MGA to identify numerous documents that have already been produced and

15  are readily available to Mattel.

16       MGA further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20       Subject to and without waiving the foregoing objections, MGA

21  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23  Set of Interrogatories.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

25       MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding the Definitions), including but not limited to its

28  objections to the definitions of the terms BRATZ INVENTION, CREATED,

16

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__

PAGE __965__

1 | IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this

2 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3 | ambiguous both generally and specifically with respect to the term BRATZ

4 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5 | RELATES TO, is so broad and over-inclusive that it could be read to include each

6 | and every thought, idea and conversation that anyone may have had about BRATZ

7 | during the time period at issue.

8 | MGA further objects to this interrogatory as compound because it

9 | contains discrete subparts that require separate, distinct and multiple responses.

10 | Specifically, MGA objects to the term IDENTIFY as overbroad and unduly

11 | burdensome, as Mattel's definition of this term calls for responses to multiple

12 | discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

13 | context of this interrogatory would require MGA to provide a multitude of discrete

14 | responses for each BRATZ INVENTION, including:

15 |       (a)    the Bates number of any document that "REFERS OR RELATES

16 | TO the BRATZ INVENTION;"

17 |       (b)    the IDENTITY of the individual author or creator of the BRATZ

18 | INVENTION;

19 |       (c)    the IDENTITY of each other individual who contributed in any

20 | manner to the BRATZ INVENTION;

21 |       (d)    the form, material and medium of the BRATZ INVENTION;

22 |       (e)    the title or name of the BRATZ INVENTION;

23 |       (f)    the version, modification, revision or iteration number of the

24 | BRATZ INVENTION;

25 |       (g)    the current location of the original of the BRATZ INVENTION;

26 |       (h)    the first day on which the BRATZ INVENTION was CREATED;

27 |       (i)    the last day on which the BRATZ INVENTION was CREATED;

28 |       (j)    whether the entire invention was CREATED during the period of

EXHIBIT __23__

PAGE __946__

1  time listed in the Interrogatory (and if not, which portions were created during,
2  earlier, or later than the period of time listed in the Interrogatory).
3        This interrogatory is further compounded by Mattel's definition of
4  IDENTITY, which purports to require MGA to provide the following information
5  for each of the individuals Mattel is requesting that MGA identify with respect to
6  each BRATZ INVENTION: (a) the individual's name (b) any known business title;
7  (c) the current or last known business affiliation; (d) current or last known residential
8  address; (e) current or last known business address; (f) current or last known
9  relationship to MGA; and (g) current or last known telephone number.
10       MGA further objects to the extent that this interrogatory seeks
11  information that is outside of MGA's knowledge and is not in MGA's possession,
12  custody or control. In particular, MGA objects to this interrogatory to the extent that
13  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS … and *all*
14  DOCUMENTS" (emphasis added).
15       MGA also objects to this interrogatory to the extent it seeks information
16  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
17  including without limitation the attorney-client privilege, the work product doctrine,
18  the right of privacy, and all other privileges recognized under the constitutional,
19  statutory or decisional law of the United States of America, the State of California or
20  any other applicable jurisdiction.
21       MGA further objects to the interrogatory on the ground that it is
22  premature because the invention, creation, conception, or reduction to practice of
23  Bratz (and related issues) will be the subject of expert testimony at trial. MGA
24  objects to this interrogatory to the extent it seeks to limit the expert testimony that
25  MGA may seek to introduce at trial. MGA will identify its experts and make related
26  disclosures in accordance with the Court's orders and applicable rules. MGA further
27  objects to the interrogatory as unduly burdensome, on the grounds that it would
28  require MGA to identify numerous documents that have already been produced and

18

EXHIBIT ___23___

PAGE ___467___

1   are readily available to Mattel.

2       Subject to and without waiving the foregoing objections, MGA
3   responds as follows:

4       With respect to Bratz dolls and accessories, as concerns the term
5   "inventions" as that is used in utility patent law, and/or in the "INVENTIONS
6   AGREEMENT," MGA does not make any affirmative contentions as to whether
7   there were any such inventions, except that MGA contends the conception and/or
8   reduction to practice of any such invention occurred before January 1999 and/or after
9   October 20, 2000.  With respect to package design for Bratz products, MGA
10  contends that certain aspects of said designs qualified as design patents.  With
11  respect to design patents, to the extent that the Bratz line of dolls, first marketed by
12  MGA in 2001, contained features covered by design patent law, said inventions were
13  "reduced to practice" by MGA after October 20, 2000 and before June 1, 2001.

14      The following persons have knowledge of the facts and circumstances
15  regarding the foregoing:  Isaac Larian; Carter Bryant; Margaret Leahy; Veronica
16  Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);
17  Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam
18  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel
19  Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir
20  Khare.

21      The following documents may be relevant to these facts:  all
22  "DOCUMENTS" that refer to or evidence the work performed by MGA employees
23  and freelancers toward the reduction to practice of the first generation of Bratz dolls
24  during the period after October 19, 2000 through June 1, 2001, including but not
25  limited to:  (i) documents showing the development of the first generation of Bratz
26  dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the
27  development of the first generation of Bratz dolls; (iii) documents showing the
28  timing of the development of packaging, fashion, and accessories for the first

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___9̶5̶8̶___

1  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy

2  fair; (v) documents related to the February 2001 New York toy fair; (vi)

3  polyurethane samples of prototypes; (vii)  rotocasts and sculpts in Hong Kong; and

4  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria

5  O'Connor, and other invoices submitted by freelancers for work performed on the

6  Bratz project.  The documents evidencing this work are too numerous to identify

7  individually.

8  **INTERROGATORY NO. 29:**

9        IDENTIFY each and every BRATZ INVENTION that was CREATED,

10  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

11  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

12  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

13  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

14  RELATE TO such facts.

15  **RESPONSE TO INTERROGATORY NO. 29:**

16        MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including but not limited to its

19  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

20  OR RELATE TO, and IDENTIFY.  MGA further objects to this interrogatory as

21  compound because it contains discrete subparts that require separate, distinct and

22  multiple responses.  Specifically, MGA objects to the term IDENTIFY as overbroad

23  and unduly burdensome, as Mattel's definition of this term calls for responses to

24  multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY

25  in the context of this interrogatory would require MGA to provide a multitude of

26  discrete responses for each BRATZ INVENTION, including:

27        (a)    the Bates number of any document that "REFERS OR RELATES

28  TO the BRATZ INVENTION;"

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___469___

1        (b)   the IDENTITY of the individual author or creator of the BRATZ

2    INVENTION;

3        (c)   the IDENTITY of each other individual who contributed in any

4    manner to the BRATZ INVENTION;

5        (d)   the form, material and medium of the BRATZ INVENTION;

6        (e)   the title or name of the BRATZ INVENTION;

7        (f)   the version, modification, revision or iteration number of the

8    BRATZ INVENTION;

9        (g)   the current location of the original of the BRATZ INVENTION;

10        (h)   the first day on which the BRATZ INVENTION was CREATED;

11        (i)   the last day on which the BRATZ INVENTION was CREATED;

12        (j)   whether the entire invention was CREATED during the period of

13    time listed in the Interrogatory (and if not, which portions were created during,

14    earlier, or later than the period of time listed in the Interrogatory).

15        This interrogatory is further compounded by Mattel's definition of

16    IDENTITY, which purports to require MGA to provide the following information

17    for each of the individuals Mattel is requesting that MGA identify with respect to

18    each BRATZ INVENTION:  (a) the individual's name (b) any known business title;

19    (c) the current or last known business affiliation; (d) current or last known residential

20    address; (e) current or last known business address; (f) current or last known

21    relationship to MGA; and (g) current or last known telephone number.

22        MGA further objects to this interrogatory on the grounds that it is

23    overbroad, unduly burdensome, vague and ambiguous both generally and

24    specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

25    DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

26    INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

27    RELATES TO, is so broad and over-inclusive that it could be read to include each

28    and every thought, idea and conversation that anyone may have had about BRATZ

EXHIBIT ___23___

PAGE _____470_____

1 | during the time period at issue.

2 |      MGA further objects to the extent that this interrogatory seeks
3 | information that is outside of MGA's knowledge and is not in MGA's possession,
4 | custody or control. In particular, MGA objects to this interrogatory to the extent that
5 | it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
6 | DOCUMENTS" (emphasis added).

7 |      MGA also objects to this interrogatory to the extent it seeks information
8 | that is not subject to disclosure under any applicable privilege, doctrine or immunity,
9 | including without limitation the attorney-client privilege, the work product doctrine,
10 | the right of privacy, and all other privileges recognized under the constitutional,
11 | statutory or decisional law of the United States of America, the State of California or
12 | any other applicable jurisdiction.

13 |      MGA further objects to the interrogatory on the ground that it is
14 | premature because the invention, creation, conception, or reduction to practice of
15 | Bratz (and related issues) will be the subject of expert testimony at trial. MGA
16 | objects to this interrogatory to the extent it seeks to limit the expert testimony that
17 | MGA may seek to introduce at trial. MGA will identify its experts and make related
18 | disclosures in accordance with the Court's orders and applicable rules. MGA further
19 | objects to the interrogatory as unduly burdensome, on the grounds that it would
20 | require MGA to identify numerous documents that have already been produced and
21 | are readily available to Mattel.

22 |      MGA further objects to this interrogatory because Mattel has
23 | propounded more than 50 interrogatories. Under Judge Larson's order of February
24 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
25 | 04049-SGL and CV 05-02727]."

26 |      Subject to and without waiving the foregoing objections, MGA
27 | responds as follows: MGA is willing to meet and confer with Mattel regarding this
28 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22

EXHIBIT 23

PAGE 471

1 | Set of Interrogatories.

2 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

3 | MGA incorporates by reference its General Response and General
4 | Objections above, as though fully set forth herein and specifically incorporates
5 | General Objection No. 7 (regarding Definitions), including but not limited to its
6 | objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER
7 | OR RELATE TO, and IDENTIFY. MGA further objects to this interrogatory as
8 | compound because it contains discrete subparts that require separate, distinct and
9 | multiple responses. Specifically, MGA objects to the term IDENTIFY as overbroad
10 | and unduly burdensome, as Mattel's definition of this term calls for responses to
11 | multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY
12 | in the context of this interrogatory would require MGA to provide a multitude of
13 | discrete responses for each BRATZ INVENTION, including:

14 |     (a)    the Bates number of any document that "REFERS OR RELATES
15 | TO the BRATZ INVENTION;"

16 |     (b)    the IDENTITY of the individual author or creator of the BRATZ
17 | INVENTION;

18 |     (c)    the IDENTITY of each other individual who contributed in any
19 | manner to the BRATZ INVENTION;

20 |     (d)    the form, material and medium of the BRATZ INVENTION;

21 |     (e)    the title or name of the BRATZ INVENTION;

22 |     (f)    the version, modification, revision or iteration number of the
23 | BRATZ INVENTION;

24 |     (g)    the current location of the original of the BRATZ INVENTION;

25 |     (h)    the first day on which the BRATZ INVENTION was CREATED;

26 |     (i)    the last day on which the BRATZ INVENTION was CREATED;

27 |     (j)    whether the entire invention was CREATED during the period of
28 | time listed in the Interrogatory (and if not, which portions were created during,

EXHIBIT _____23_____

PAGE _____672_____

1  earlier, or later than the period of time listed in the Interrogatory).

2          This interrogatory is further compounded by Mattel's definition of

3  IDENTITY, which purports to require MGA to provide the following information

4  for each of the individuals Mattel is requesting that MGA identify with respect to

5  each BRATZ INVENTION: (a) the individual's name (b) any known business title;

6  (c) the current or last known business affiliation; (d) current or last known residential

7  address; (e) current or last known business address; (f) current or last known

8  relationship to MGA; and (g) current or last known telephone number.

9          MGA further objects to this interrogatory on the grounds that it is

10 overbroad, unduly burdensome, vague and ambiguous both generally and

11 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

12 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

13 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

14 RELATES TO, is so broad and over-inclusive that it could be read to include each

15 and every thought, idea and conversation that anyone may have had about BRATZ

16 during the time period at issue.

17         MGA further objects to the extent that this interrogatory seeks

18 information that is outside of MGA's knowledge and is not in MGA's possession,

19 custody or control.  In particular, MGA objects to this interrogatory to the extent that

20 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

21 DOCUMENTS" (emphasis added).

22         MGA also objects to this interrogatory to the extent it seeks information

23 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

24 including without limitation the attorney-client privilege, the work product doctrine,

25 the right of privacy, and all other privileges recognized under the constitutional,

26 statutory or decisional law of the United States of America, the State of California or

27 any other applicable jurisdiction.

28         MGA further objects to the interrogatory on the ground that it is

24

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23

PAGE  473

1 premature because the invention, creation, conception, or reduction to practice of

2 Bratz (and related issues) will be the subject of expert testimony at trial. MGA

3 objects to this interrogatory to the extent it seeks to limit the expert testimony that

4 MGA may seek to introduce at trial. MGA will identify its experts and make related

5 disclosures in accordance with the Court's orders and applicable rules. MGA further

6 objects to the interrogatory as unduly burdensome, on the grounds that it would

7 require MGA to identify numerous documents that have already been produced and

8 are readily available to Mattel.

9       Subject to and without waiving the foregoing objections, MGA

10 responds as follows:

11       There were no inventions related to Bratz after January 3, 1999 and

12 before October 21, 2000.

13 **INTERROGATORY NO. 30:**

14       State all facts that support YOUR contention, if YOU so contend, that,

15 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

16 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

17 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

18 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

19 REFER OR RELATE TO such facts.

20 **RESPONSE TO INTERROGATORY NO. 30:**

21       MGA incorporates by reference its General Response and General

22 Objections above, as though fully set forth herein and specifically incorporates

23 General Objection No. 7 (regarding Definitions), including but not limited to its

24 objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

25 AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to

26 this interrogatory to the extent it seeks information that is not subject to disclosure

27 under any applicable privilege, doctrine or immunity, including without limitation

28 the attorney-client privilege, the work product doctrine, the right of privacy, and all

EXHIBIT __23__

PAGE __474__

1 | other privileges recognized under the constitutional, statutory or decisional law of
2 | the United States of America, the State of California or any other applicable
3 | jurisdiction. MGA further objects to this interrogatory to the extent it calls for a
4 | legal conclusion. MGA further objects to the extent that this interrogatory seeks
5 | information that is outside MGA's knowledge and is not in MGA's possession,
6 | custody, or control. In particular, MGA objects to this interrogatory to the extent
7 | that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*
8 | DOCUMENTS" (emphasis added).

9 | MGA further objects to the interrogatory on the grounds that it is vague,
10 | ambiguous and threatens to mislead the trier of fact in that it is stated in the
11 | hypothetical and therefore proceeds from the false premise that Bryant assigned
12 | rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS
13 | AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125
14 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
15 | interrogatories directed at hypothetical scenarios). Any response to this interrogatory
16 | depends on, among other factual and legal factors, specifically which BRATZ
17 | INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and
18 | which rights he assigned, which information is not provided in the incomplete
19 | hypothetical scenario posited in this interrogatory.

20 | MGA further objects to the interrogatory on the ground that it is
21 | premature because the invention, creation, conception, or reduction to practice of
22 | Bratz (and related issues) will be the subject of expert testimony at trial. MGA
23 | objects to this interrogatory to the extent it seeks to limit the expert testimony that
24 | MGA may seek to introduce at trial. MGA further objects on the grounds that the
25 | interrogatory seeks information not relevant to any claim or defense in the action and
26 | is not reasonably calculated to the discovery of admissible evidence because MGA
27 | denies that Bryant assigned any such rights to Mattel.

28 | MGA objects to this interrogatory because Mattel has propounded more

26

EXHIBIT ___23___

PAGE ___475___

1 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
2 | "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-
3 | 04049-SGL and CV 05-02727]."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this interrogatory to the extent it calls for a legal conclusion.  MGA further objects to the extent that this interrogatory seeks information that is outside MGA's knowledge and is not in MGA's possession, custody, or control.  In particular, MGA objects to this interrogatory to the extent that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . : and *all* DOCUMENTS" (emphasis added).

MGA further objects to the interrogatory on the grounds that it is vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the hypothetical and therefore proceeds from the false premise that Bryant assigned rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention interrogatories directed at hypothetical scenarios).  Any response to this interrogatory depends on, among other factual and legal factors, specifically which BRATZ

27

EXHIBIT __23__

PAGE _____8 7 6_____

1 INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

2 which rights he assigned, which information is not provided in the incomplete

3 hypothetical scenario posited in this interrogatory.

4        MGA further objects to the interrogatory on the ground that it is

5 premature because the invention, creation, conception, or reduction to practice of

6 Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

7 objects to this interrogatory to the extent it seeks to limit the expert testimony that

8 MGA may seek to introduce at trial.  MGA further objects on the grounds that the

9 interrogatory seeks information not relevant to any claim or defense in the action and

10 is not reasonably calculated to the discovery of admissible evidence because MGA

11 denies that Bryant assigned any such rights to Mattel.

12        Subject to and without waiving the foregoing objections, MGA

13 responds as follows:

14        MGA incorporates by reference its supplemental responses to

15 Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

16 further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

17 to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

18 for inventions conceived of and/or reduced to practice during the period of Bryant's

19 employment with Mattel to which said Agreement relates), MGA would have

20 superior rights in the Bratz dolls because: (i) there were no "inventions" related to

21 Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

22 neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

23 rights; and (iii) Mattel waived any rights it may have had due to laches and the

24 statute of limitations.

25 **INTERROGATORY NO. 31:**

26        State all facts that support YOUR contention, if YOU so contend, that

27 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

28 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___477___

1  RELATE TO such facts.

2  **RESPONSE TO INTERROGATORY NO. 31:**

3  　　　　MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection No. 7 (regarding Definitions), including but not limited to its

6  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

7  and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent

8  it seeks information that is not subject to disclosure under any applicable privilege,

9  doctrine or immunity, including without limitation the attorney-client privilege, the

10  work product doctrine, the right of privacy, and all other privileges recognized under

11  the constitutional, statutory or decisional law of the United States of America, the

12  State of California or any other applicable jurisdiction.  MGA also objects to this

13  interrogatory to the extent that it calls for a legal conclusion.

14  　　　　MGA objects that this interrogatory is an overbroad and unduly

15  burdensome contention interrogatory to the extent it asks for "all facts" which

16  supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,

17  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

18  facts, documents, and witnesses that support the denial of a statement or allegation of

19  fact" because the "universe of potentially responsive information is almost endless").

20  MGA further objects to the extent that this interrogatory seeks information outside of

21  MGA's personal knowledge and is not in MGA's possession, custody or control.  In

22  particular, MGA objects to this interrogatory to the extent that it requests that MGA

23  "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

24  (emphasis added).

25  　　　　MGA objects to this interrogatory because Mattel has propounded more

26  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

27  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

28  SGL and CV 05-02727]."

EXHIBIT ___23___

PAGE___ 478 ___

1  Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4  Set of Interrogatories.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

6  MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to its

9  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

10 and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent

11 it seeks information that is not subject to disclosure under any applicable privilege,

12 doctrine or immunity, including without limitation the attorney-client privilege, the

13 work product doctrine, the right of privacy, and all other privileges recognized under

14 the constitutional, statutory or decisional law of the United States of America, the

15 State of California or any other applicable jurisdiction.  MGA also objects to this

16 interrogatory to the extent that it calls for a legal conclusion.

17 MGA objects that this interrogatory is an overbroad and unduly

18 burdensome contention interrogatory to the extent it asks for "all facts" which

19 supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron*,

20 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

21 facts, documents, and witnesses that support the denial of a statement or allegation of

22 fact" because the "universe of potentially responsive information is almost endless").

23 MGA further objects to the extent that this interrogatory seeks information outside of

24 MGA's personal knowledge and is not in MGA's possession, custody or control.  In

25 particular, MGA objects to this interrogatory to the extent that it requests that MGA

26 "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

27 (emphasis added).

28 Subject to and without waiving the foregoing objections, MGA

30

EXHIBIT    23

PAGE        479

1 | responds as follows:

2 |        MGA contends that Paragraph 3-a of the "INVENTIONS
3 | AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the
4 | statute of limitations, in that Mattel intentionally delayed in taking legal action
5 | against MGA or Carter Bryant for several years in the belief that Mattel would be
6 | able to drive Bratz out of the marketplace through the introduction of a copycat line
7 | of My Scene Barbie dolls.  Mattel only took legal action well after MGA had
8 | invested substantial amounts of capital and creative and innovative human effort in
9 | the Bratz line of dolls and had experienced enormous success in the market place,
10 | changing the fashion doll business forever.  In addition, many Mattel employees
11 | knew following the introduction of the first generation of Bratz dolls to the market
12 | that Carter Bryant was the originator of the idea that led to the first generation of
13 | Bratz dolls.

14 |        The "INVENTIONS AGREEMENT" is also invalid and unenforceable
15 | insofar as it purports to prohibit Bryant from engaging in good faith and reasonable
16 | efforts to seek professional opportunities with Mattel competitors while still
17 | employed by Mattel.

18 |        These contentions are based on the following facts and circumstances:
19 | MGA is informed and believes that it was common knowledge at Mattel that many
20 | Mattel employees employed in the Mattel design center worked on a freelance basis
21 | for third parties, including Mattel competitors.  Despite knowledge of this activity,
22 | Mattel rarely, if ever, enforced any rights it may have had to prohibit such
23 | freelancing.  Mattel has therefore waived any right it may have had to enforce
24 | Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by
25 | virtue of course-of-conduct contract law principles.

26 |        The following persons have knowledge of the facts and circumstances
27 | supporting this contention: current and former members of Mattel management,
28 | current and former members of Mattel's legal department, current and former

31

EXHIBIT 23

PAGE 880

1  employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt

2  Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

3          The following documents may be relevant to these facts:  the

4  "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's

5  enforcement, or lack thereof, of the provisions of similar agreements between Mattel

6  and its employees; Mattel documents referring or relating to Mattel's knowledge or

7  investigation of suspected violations of similar agreements between Mattel and its

8  employees; Mattel's internal emails that have not been produced; documents from

9  Mattel's Zeus computer systems; documents referring or relating to Mattel's market

10  research; documents referring or relating to Mattel's public relations efforts;

11  documents  referring or relating to Mattel's advertising and advertising strategies.

12  Mattel has produced very few documents in this action in response to MGA's

13  outstanding requests.  MGA recently served additional requests for production of

14  documents.  MGA reserves the right to supplement this response and all of its other

15  responses after Mattel has completed its production.

16          This response is without prejudice to MGA's position that the

17  "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a

18  violation of public policy.

19  **INTERROGATORY NO. 32:**

20          State all facts that support YOUR contention, if YOU so contend, that

21  MATTEL is not or would not be entitled to injunctive relief as requested in its

22  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

23  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

24  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

25  such facts.

26  **RESPONSE TO INTERROGATORY NO. 32:**

27          MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

EXHIBIT __23__

PAGE __481__

1  General Objection No. 7 (regarding Definitions), including but not limited to its
2  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
3  REFER OR RELATE TO, and further objects on the ground that the interrogatory is
4  overbroad, unduly burdensome, vague and ambiguous both generally and
5  specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects to
6  this interrogatory to the extent it seeks information that is not subject to disclosure
7  under any applicable privilege, doctrine or immunity, including without limitation
8  the attorney-client privilege, the work product doctrine, the right of privacy, and all
9  other privileges recognized under the constitutional, statutory or decisional law of
10 the United States of America, the State of California or any other applicable
11 jurisdiction. MGA further objects to the interrogatory on the ground that it is
12 premature because matters affecting Mattel's ability to obtain injunctive relief may
13 be the subject of expert testimony at trial. MGA objects to this interrogatory to the
14 extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.
15 MGA will identify its experts and make related disclosures in accordance with the
16 Court's orders and applicable rules.

17       MGA notes that the issue of injunctive relief will be decided by the
18 Court after the conclusion of all jury deliberation relevant to the issue. MGA
19 believes accordingly that the Court's review of injunctive relief issue will not occur
20 until the conclusion of Phase 2.

21       MGA further objects on the ground that this interrogatory is an
22 overbroad and unduly burdensome contention interrogatory to the extent it asks for
23 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
24 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
25 requests seeking "all facts, documents, and witnesses that support the denial of a
26 statement or allegation of fact" because the "universe of potentially responsive
27 information is almost endless").

28       MGA further objects to the extent that this interrogatory seeks

EXHIBIT ___23___

PAGE _____482___

1  information that is outside MGA's knowledge and is not in MGA's possession,

2  custody, or control. In particular, MGA objects to this interrogatory to the extent

3  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

4  DOCUMENTS" (emphasis added).

5  MGA further objects to this interrogatory as it asks MGA to assume

6  facts contrary to evidence, and further asks it to base any response on an incomplete

7  and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

8  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

9  interrogatories directed at hypothetical scenarios). Whether or not Mattel is or would

10  or would not be "entitled to injunctive relief" depends on, among other factual and

11  legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

12  to own, and whether and/or to what extent it is determined that any Bratz products

13  that have been produced and sold are derivative works of any such BRATZ

14  INVENTIONS, which information is not provided in the incomplete hypothetical

15  scenario posited in this interrogatory. MGA also objects to this interrogatory on the

16  grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled

17  to injunctive relief, it if is ultimately determined that Mattel owns one or more

18  BRATZ INVENTIONS.

19  MGA further objects to this interrogatory because Mattel has

20  propounded more than 50 interrogatories. Under Judge Larson's order of February

21  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

22  04049-SGL and CV 05-02727]."

23  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

24  MGA incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection No. 7 (regarding Definitions), including but not limited to its

27  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

28  REFER OR RELATE TO, and further objects on the ground that the interrogatory is

34

EXHIBIT 23

PAGE 483

1   overbroad, unduly burdensome, vague and ambiguous both generally and

2   specifically with respect to the terms YOUR, YOU, MATTEL.  MGA also objects to

3   this interrogatory to the extent it seeks information that is not subject to disclosure

4   under any applicable privilege, doctrine or immunity, including without limitation

5   the attorney-client privilege, the work product doctrine, the right of privacy, and all

6   other privileges recognized under the constitutional, statutory or decisional law of

7   the United States of America, the State of California or any other applicable

8   jurisdiction.  MGA further objects to the interrogatory on the ground that it is

9   premature because matters affecting Mattel's ability to obtain injunctive relief may

10  be the subject of expert testimony at trial.  MGA objects to this interrogatory to the

11  extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.

12  MGA will identify its experts and make related disclosures in accordance with the

13  Court's orders and applicable rules.

14          MGA notes that the issue of injunctive relief will be decided by the

15  Court after the conclusion of all jury deliberation relevant to the issue.  MGA

16  believes accordingly that the Court's review of injunctive relief issue will not occur

17  until the conclusion of Phase 2.

18          MGA further objects on the ground that this interrogatory is an

19  overbroad and unduly burdensome contention interrogatory to the extent it asks for

20  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

21  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22  requests seeking "all facts, documents, and witnesses that support the denial of a

23  statement or allegation of fact" because the "universe of potentially responsive

24  information is almost endless").

25          MGA further objects to the extent that this interrogatory seeks

26  information that is outside MGA's knowledge and is not in MGA's possession,

27  custody, or control.  In particular, MGA objects to this interrogatory to the extent

28  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

EXHIBIT _23_

PAGE _444_

1 | DOCUMENTS" (emphasis added).

2 |     MGA further objects to this interrogatory as it asks MGA to assume
3 | facts contrary to evidence, and further asks it to base any response on an incomplete
4 | and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125
5 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
6 | interrogatories directed at hypothetical scenarios). Whether or not Mattel is or would
7 | or would not be "entitled to injunctive relief" depends on, among other factual and
8 | legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found
9 | to own, and whether and/or to what extent it is determined that any Bratz products
10 | that have been produced and sold are derivative works of any such BRATZ
11 | INVENTIONS, which information is not provided in the incomplete hypothetical
12 | scenario posited in this interrogatory. MGA also objects to this interrogatory on the
13 | grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled
14 | to injunctive relief, it if is ultimately determined that Mattel owns one or more
15 | BRATZ INVENTIONS.

16 |     Subject to and without waiving the foregoing objections, MGA
17 | responds as follows:

18 |     Mattel is not entitled to injunctive relief for the following reasons:

19 |     (a)   Mattel is not entitled to injunctive relief in accordance with the
20 | principles established by the United States Supreme Court in eBay v. MercExchange,
21 | 126 S. Ct. 1837 (2006).

22 |     (b)   The original concepts contributed by Bryant to the creation of the
23 | Bratz dolls represent only one of the many factors that combined to make Bratz one
24 | of the most successful fashion dolls on the market. The contributions made by MGA
25 | to the Bratz dolls far outweigh any contributions made by Bryant prior to October
26 | 21, 2000 in terms of the overall factors that contributed to the commercial success of
27 | Bratz.

28 |     (c)   Mattel played no role in the creation and/or selection of the Bratz

36

EXHIBIT   23

PAGE   485

1  slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

2        (d)    Mattel played no role in the development of the Bratz line of
3  dolls' innovative and trend-setting packaging.

4        (e)    Mattel played no role in MGA's improvements, enhancements
5  and changes to the Bratz dolls in the months and years on and/or after October 21,
6  2000.

7        (f)    Mattel played no role in MGA's development of the fashions for
8  the Bratz dolls.

9        (g)    Mattel played no role in the development of Bratz Kidz, Bratz
10  Petz, Bratz Babyz and other successful additions to the Bratz doll family.

11        (h)    Mattel played no role in the development of the myriad of
12  accessories for the Bratz dolls.

13        (i)    Mattel played no role in the development of the successful
14  themes that have enhanced the popularity of the Bratz dolls.

15        (j)    Mattel played no role in the development of the Bratz animated
16  TV series, Bratz TV commercials, or Bratz the movie.

17        (k)    Mattel played no role in the development of the Bratz brand.

18        (l)    If in 2000 Mattel had been presented with the opportunity to
19  develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said
20  opportunity because of a perceived threat to Mattel's Barbie franchise.

21        (m)    Mattel's inequitable conduct through years of efforts to eliminate
22  competition to its lines of fashion dolls.

23        (n)    Mattel's inequitable conduct through specific acts of unfair
24  competition, as previously set forth in MGA's Responses and Supplemental
25  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition
26  Nos. 5, 6, 8, 9 and 10.

27        (o)    The equitable doctrine of laches, in that Mattel intentionally
28  delayed in taking legal action against MGA or Carter Bryant for several years in the

EXHIBIT ____23____

PAGE ____486____

1 | belief that Mattel would be able to drive Bratz out of the marketplace through the
2 | introduction of a copycat line of My Scene Barbie dolls.  Mattel only took legal
3 | action well after MGA had invested substantial amounts of capital and creative and
4 | innovative human effort in the Bratz line of dolls and had experienced enormous
5 | success in the marketplace, changing the fashion doll business forever.

6 |       (p)    The statute of limitations.

7 |      The persons who have knowledge of the facts and circumstances
8 | supporting these contentions of inequitable conduct by Mattel have already been
9 | provided in MGA's supplemental responses to Interrogatory Nos. 27, 28, and 31.

10 |      To the extent that Mattel's interrogatory could be interpreted to require
11 | MGA to identify all documents that "REFER OR RELATE TO" substantially all
12 | facets of MGA's business, these documents are too numerous to identify individually
13 | without undue burden to MGA.  The following categories of documents may be
14 | relevant to these facts: Mattel's Brand Directional Outlines; analyses and assessments
15 | of Mattel's marketing strategies prepared and/or produced by Young and Rubicam
16 | Brands; Mattel's Marketing Department assessments of Mattel's advertising and
17 | branding strategies; Mattel's Creative Briefs; and publicly available documents
18 | evidencing MGA's trademarks, patents, and copyrights.

19 | **INTERROGATORY NO. 33:**

20 |      State all facts that support YOUR contention, if YOU so contend, that
21 | MATTEL is not entitled to an award of punitive or exemplary damages against
22 | YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
23 | DOCUMENTS that REFER OR RELATE TO such facts.

24 | **RESPONSE TO INTERROGATORY NO. 33:**

25 |      MGA incorporates by reference its General Response and General
26 | Objections above, as though fully set forth herein and specifically incorporates
27 | General Objection No. 7 (regarding Definitions), including but not limited to its
28 | objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

23

PAGE    487

1 | and further objects on the ground that the interrogatory is overbroad, unduly
2 | burdensome, vague and ambiguous both generally and specifically with respect to
3 | the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term
4 | YOU as defined by Mattel could be read to require MGA to state all facts supporting
5 | why Mattel is not entitled to an award of punitive damages against each of the
6 | responding parties in this litigation, thereby rendering the interrogatory
7 | impermissibly compound. MGA also objects to this interrogatory to the extent it
8 | seeks information that is not subject to disclosure under any applicable privilege,
9 | doctrine or immunity, including without limitation the attorney-client privilege, the
10 | work product doctrine, the right of privacy, and all other privileges recognized under
11 | the constitutional, statutory or decisional law of the United States of America, the
12 | State of California or any other applicable jurisdiction. MGA further objects to the
13 | interrogatory to the extent it calls for a legal conclusion.

14 | MGA further objects on the ground that this interrogatory is an
15 | overbroad and unduly burdensome contention interrogatory to the extent it asks for
16 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
17 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
18 | requests seeking "all facts, documents, and witnesses that support the denial of a
19 | statement or allegation of fact" because the "universe of potentially responsive
20 | information is almost endless").

21 | MGA further objects to the extent that this interrogatory seeks
22 | information that is outside MGA's knowledge and is not in MGA's possession,
23 | custody, or control. In particular, MGA objects to this interrogatory to the extent
24 | that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
25 | DOCUMENTS" (emphasis added).

26 | MGA also objects to this interrogatory on the grounds that Mattel – not
27 | MGA – bears the burden of proof to show that it is entitled to an award of punitive or
28 | exemplary damages.

EXHIBIT  23

PAGE  488

1        MGA further objects to this interrogatory because Mattel has

2  propounded more than 50 interrogatories.  Under Judge Larson's order of February

3  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4  04049-SGL and CV 05-02727]."

5        Subject to and without waiving the foregoing objections, MGA

6  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

7  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

8  Set of Interrogatories.

9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

10        MGA incorporates by reference its General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection No. 7 (regarding Definitions), including but not limited to its

13  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

14  and further objects on the ground that the interrogatory is overbroad, unduly

15  burdensome, vague and ambiguous both generally and specifically with respect to

16  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

17  YOU as defined by Mattel could be read to require MGA to state all facts supporting

18  why Mattel is not entitled to an award of punitive damages against each of the

19  responding parties in this litigation, thereby rendering the interrogatory

20  impermissibly compound.  MGA also objects to this interrogatory to the extent it

21  seeks information that is not subject to disclosure under any applicable privilege,

22  doctrine or immunity, including without limitation the attorney-client privilege, the

23  work product doctrine, the right of privacy, and all other privileges recognized under

24  the constitutional, statutory or decisional law of the United States of America, the

25  State of California or any other applicable jurisdiction.  MGA further objects to the

26  interrogatory to the extent it calls for a legal conclusion.

27        MGA further objects on the ground that this interrogatory is an

28  overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT _____23_____

PAGE _____989_____

1   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3   requests seeking "all facts, documents, and witnesses that support the denial of a

4   statement or allegation of fact" because the "universe of potentially responsive

5   information is almost endless").

6          MGA further objects to the extent that this interrogatory seeks

7   information that is outside MGA's knowledge and is not in MGA's possession,

8   custody, or control. In particular, MGA objects to this interrogatory to the extent

9   that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

10   DOCUMENTS" (emphasis added).

11          MGA also objects to this interrogatory on the grounds that Mattel – not

12   MGA – bears the burden of proof to show that it is entitled to an award of punitive or

13   exemplary damages.

14          Subject to and without waiving the foregoing objections, MGA

15   responds as follows:

16          Mattel is not entitled to an award of punitive or exemplary damages

17   against MGA because: (i) Mattel does not own any rights in the Bratz dolls; (ii)

18   MGA has not violated or infringed any rights of Mattel with respect to the Bratz

19   dolls; (iii) Mattel has not shown that MGA acted in bad faith; and (iv) Mattel has not

20   presented any evidence to support the requirements for such an award against MGA.

21   **INTERROGATORY NO. 34:**

22          State all facts that support YOUR contention, if YOU so contend, that

23   YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

24   BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

25   BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

26   DOCUMENTS that REFER OR RELATE TO such facts.

27   **RESPONSE TO INTERROGATORY NO. 34:**

28          MGA incorporates by reference its General Response and General

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT____23

PAGE_____490

1 Objections above, as though fully set forth herein and specifically incorporates

2 General Objection No. 7 (regarding Definitions), including but not limited to its

3 objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

4 and REFER OR RELATE TO, and further objects on the ground that the

5 interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

6 and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

7 TRANSFER and ACQUIRE. In particular, by way of example, the term YOU as

8 defined by Mattel could be read to require MGA to state all facts supporting why

9 each of the responding parties did not "intentionally interfere with the

10 INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

11 compound. MGA also objects to this interrogatory to the extent it seeks information

12 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

13 including without limitation the attorney-client privilege, the work product doctrine,

14 the right of privacy, and all other privileges recognized under the constitutional,

15 statutory or decisional law of the United States of America, the State of California or

16 any other applicable jurisdiction. MGA further objects to the interrogatory to the

17 extent it calls for a legal conclusion.

18    MGA further objects on the ground that this interrogatory is an

19 overbroad and unduly burdensome contention interrogatory to the extent it asks for

20 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

21 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22 requests seeking "all facts, documents, and witnesses that support the denial of a

23 statement or allegation of fact" because the "universe of potentially responsive

24 information is almost endless").

25    MGA further objects to the extent that this interrogatory seeks

26 information that is outside MGA's knowledge and is not in MGA's possession,

27 custody, or control. In particular, MGA objects to this interrogatory to the extent

28 that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

42

EXHIBIT __23__

PAGE __491__

1 | DOCUMENTS" (emphasis added).

2 |        MGA further objects to this interrogatory because Mattel has

3 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

4 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5 | 04049-SGL and CV 05-02727]."

6 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

7 |        MGA incorporates by reference its General Response and General

8 | Objections above, as though fully set forth herein and specifically incorporates

9 | General Objection No. 7 (regarding Definitions), including but not limited to its

10 | objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

11 | and REFER OR RELATE TO, and further objects on the ground that the

12 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

13 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

14 | TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

15 | defined by Mattel could be read to require MGA to state all facts supporting why

16 | each of the responding parties did not "intentionally interfere with the

17 | INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

18 | compound.  MGA also objects to this interrogatory to the extent it seeks information

19 | that is not subject to disclosure under any applicable privilege, doctrine or immunity,

20 | including without limitation the attorney-client privilege, the work product doctrine,

21 | the right of privacy, and all other privileges recognized under the constitutional,

22 | statutory or decisional law of the United States of America, the State of California or

23 | any other applicable jurisdiction.  MGA further objects to the interrogatory to the

24 | extent it calls for a legal conclusion.

25 |        MGA further objects on the ground that this interrogatory is an

26 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

27 | "all facts" which supports the denial of a statement or allegation.  *See e.g.*, *Safeco of*

28 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT ___23___

PAGE ___492___

1  requests seeking "all facts, documents, and witnesses that support the denial of a
2  statement or allegation of fact" because the "universe of potentially responsive
3  information is almost endless").

4        MGA further objects to the extent that this interrogatory seeks
5  information that is outside MGA's knowledge and is not in MGA's possession,
6  custody, or control.  In particular, MGA objects to this interrogatory to the extent
7  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
8  DOCUMENTS" (emphasis added).

9        Subject to and without waiving the foregoing objections, MGA
10 responds as follows:

11       MGA incorporates by reference its supplemental responses to
12 Interrogatory No. 33 as though fully set forth herein, and further responds that MGA
13 did not know, despite fair inquiry, that Carter Bryant had entered into the
14 "INVENTIONS AGREEMENT."  MGA responds further that MGA did not
15 intentionally induce Bryant to breach any agreement (known or unknown) with
16 Mattel, but instead it was Bryant who, through an intermediary, approached MGA,
17 and pitched the Bratz concept to MGA.  In addition, MGA does not believe that
18 Bryant has breached the "INVENTIONS AGREEMENT" or any other agreement
19 with Mattel, or breached any duties or obligations to Mattel.

20       The persons who have knowledge of the facts and circumstances
21 supporting this contention that MGA did not intentionally interfere with the
22 INVENTIONS AGREEMENT when Bryant transferred his rights in Bratz to MGA
23 have already been identified in the supplemental responses to Interrogatory Nos. 27,
24 28, and 31.

25       Documents responsive to this interrogatory are protected by the
26 attorney-client privileged or work product doctrine.  MGA previously offered to
27 stipulate to a limited waiver of these privileges and protections to permit inspection
28 of such documents, but Mattel refused.  Subject to these objections, MGA responds

44

EXHIBIT  23

PAGE  493

1  that the following documents may be relevant to these facts: all documents showing
2  Bryant's work on his "pitch" materials; documents evidencing Bryant's desire to be a
3  freelance artist; documents evidencing Bryant's interactions with MGA prior to the
4  execution of the October 4, 2000 agreement between Bryant and MGA; and the
5  October 4, 2000 agreement between Bryant and MGA.

6  **INTERROGATORY NO. 35:**

7      State all facts that support YOUR contention, if YOU so contend, that
8  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by
9  BRYANT to MATTEL when BRYANT performed work or services with or for
10  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS
11  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
12  such facts.

13  **RESPONSE TO INTERROGATORY NO. 35:**

14      MGA incorporates by reference its General Response and General
15  Objections above, as though fully set forth herein and specifically incorporates
16  General Objection No. 7 (regarding Definitions), including but not limited to its
17  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
18  and further objects on the ground that the interrogatory is overbroad, unduly
19  burdensome, vague and ambiguous both generally and specifically with respect to
20  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,
21  the term YOU as defined by Mattel could be read to require MGA to state all facts
22  supporting why each of the responding parties "did not aid or abet any breach of
23  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby
24  rendering the interrogatory impermissibly compound.  MGA also objects to this
25  interrogatory to the extent it seeks information that is not subject to disclosure under
26  any applicable privilege, doctrine or immunity, including without limitation the
27  attorney-client privilege, the work product doctrine, the right of privacy, and all other
28  privileges recognized under the constitutional, statutory or decisional law of the

45

EXHIBIT ___23

PAGE ___494

1   United States of America, the State of California or any other applicable jurisdiction.

2   MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

3         MGA further objects on the ground that this interrogatory is an

4   overbroad and unduly burdensome contention interrogatory to the extent it asks for

5   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

6   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

7   requests seeking "all facts, documents, and witnesses that support the denial of a

8   statement or allegation of fact" because the "universe of potentially responsive

9   information is almost endless").

10        MGA further objects to the extent that this interrogatory seeks

11  information that is outside MGA's knowledge and is not in MGA's possession,

12  custody, or control.  In particular, MGA objects to this interrogatory to the extent

13  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

14  DOCUMENTS" (emphasis added).

15        MGA further objects to this interrogatory because Mattel has

16  propounded more than 50 interrogatories.  Under Judge Larson's order of February

17  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18  04049-SGL and CV 05-02727]."

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

20        MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 7 (regarding Definitions), including but not limited to its

23  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

24  and further objects on the ground that the interrogatory is overbroad, unduly

25  burdensome, vague and ambiguous both generally and specifically with respect to

26  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

27  the term YOU as defined by Mattel could be read to require MGA to state all facts

28  supporting why each of the responding parties "did not aid or abet any breach of

EXHIBIT _23_

PAGE _495_

1  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

2  rendering the interrogatory impermissibly compound.  MGA also objects to this

3  interrogatory to the extent it seeks information that is not subject to disclosure under

4  any applicable privilege, doctrine or immunity, including without limitation the

5  attorney-client privilege, the work product doctrine, the right of privacy, and all other

6  privileges recognized under the constitutional, statutory or decisional law of the

7  United States of America, the State of California or any other applicable jurisdiction.

8  MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

9  MGA further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").

16  MGA further objects to the extent that this interrogatory seeks

17  information that is outside MGA's knowledge and is not in MGA's possession,

18  custody, or control.  In particular, MGA objects to this interrogatory to the extent

19  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS…and *all*

20  DOCUMENTS" (emphasis added).

21  Subject to and without waiving the foregoing objections, MGA

22  responds as follows:

23  MGA incorporates by reference its supplemental responses to

24  Interrogatory Nos. 34 and 38 as though fully set forth herein.  In addition, MGA

25  denies that Bryant was a fiduciary with respect to his efforts to become a freelance

26  artist.

27  **INTERROGATORY NO. 36:**

28  State all facts that support YOUR contention, if YOU so contend, that

47

EXHIBIT    23

PAGE    49 6

1 | YOU acted with an innocent state of mind or reasonably believed that MATTEL did
2 | not own any rights in any BRATZ INVENTION when BRYANT purported to
3 | TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY
4 | all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
5 | RELATE TO such facts.

6 | **RESPONSE TO INTERROGATORY NO. 36:**

7 |     MGA incorporates by reference its General Response and General
8 | Objections above, as though fully set forth herein and specifically incorporates
9 | General Objection No. 7 (regarding Definitions), including but not limited to its
10 | objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR
11 | RELATE TO, and further objects on the grounds that the interrogatory is overbroad,
12 | unduly burdensome, vague and ambiguous both generally and specifically with
13 | respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and
14 | ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel
15 | could be read to require MGA to state all facts supporting why each of the
16 | responding parties "acted with an innocent state of mind," thereby rendering the
17 | interrogatory impermissibly compound.  MGA also objects to this interrogatory to
18 | the extent it seeks information that is not subject to disclosure under any applicable
19 | privilege, doctrine or immunity, including without limitation the attorney-client
20 | privilege, the work product doctrine, the right of privacy, and all other privileges
21 | recognized under the constitutional, statutory or decisional law of the United States
22 | of America, the State of California or any other applicable jurisdiction.

23 |     Subject to and without waiving the foregoing objections, MGA
24 | responds as follows:  MGA is willing to meet and confer with Mattel regarding this
25 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First
26 | Set of Interrogatories.

27 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

28 |     MGA incorporates by reference its General Response and General

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__

PAGE __497__

1 Objections above, as though fully set forth herein and specifically incorporates

2 General Objection No. 7 (regarding Definitions), including but not limited to its

3 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

4 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

5 unduly burdensome, vague and ambiguous both generally and specifically with

6 respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

7 ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

8 could be read to require MGA to state all facts supporting why each of the

9 responding parties "acted with an innocent state of mind," thereby rendering the

10 interrogatory impermissibly compound.  MGA also objects to this interrogatory to

11 the extent it seeks information that is not subject to disclosure under any applicable

12 privilege, doctrine or immunity, including without limitation the attorney-client

13 privilege, the work product doctrine, the right of privacy, and all other privileges

14 recognized under the constitutional, statutory or decisional law of the United States

15 of America, the State of California or any other applicable jurisdiction.

16     Subject to and without waiving the foregoing objections, MGA

17 responds as follows:

18     Mattel cannot show that MGA acted in bad faith when Bryant

19 transferred and MGA acquired all rights to the Bratz concept on October 4, 2000,

20 because of the following facts of which MGA was aware in the September to

21 October 2000 time period: (i) Bryant had an idea in August or September of 1998,

22 when he was not employed by Mattel, for a series of characters that he named Bratz

23 that could be used to create, among other things, a line of fashion dolls; (ii) at the

24 same time, Bryant sketched a series of drawings to illustrate his conception; (iii)

25 Bryant was the rightful owner of the concepts reflected in his drawings and other

26 representations of his ideas and of his drawings; (iv) Bryant and his counsel

27 represented and warranted to MGA that he was the exclusive originator and owner of

28 his Bratz ideas and drawing and that no third party had any interest or rights in the

EXHIBIT_____23

PAGE_____494

1 | drawings or the ideas reflected in the drawings; (v) Bryant came recommended by
2 | Veronica Marlow, a trusted freelancer who had worked for MGA in the past; (vi)
3 | immediately upon entering into a written freelance agreement with Bryant, Isaac
4 | Larian, the CEO of MGA, instructed Bryant to immediately resign from Mattel; (vii)
5 | MGA employees and freelance artists had made substantial original and creative
6 | contributions to the creation of what ultimately was marketed as Bratz dolls; and
7 | (viii) assuming some part of the Bratz concept was a feature that could have been
8 | protected by a design patent, any such invention was not "reduced to practice" prior
9 | to October 20, 2000.

10 | The following persons have knowledge of these facts: Carter Bryant;
11 | Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant; Jeanne Galvano;
12 | Richard Irmen; Elise Cloonan; Ramona Prince; Margaret Leahy; Veronica Marlow;
13 | Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia); Steve
14 | Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Samuel
15 | Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel
16 | Harris; Maggie Siu; Ben Ton; Sam Wong; Ray Wong.

17 | The following documents may be relevant to these facts: MGA's
18 | agreement with Carter Bryant; and documents that refer to or evidence the work
19 | performed by MGA employees and freelancers toward the reduction to practice of
20 | the Bratz line of dolls. Documents responsive to this interrogatory are protected by
21 | the attorney-client privilege and work product doctrine. MGA previously offered to
22 | stipulate to a limited waiver of these privileges and protections to permit inspection
23 | of such documents, but Mattel refused.

24 | **INTERROGATORY NO. 37:**

25 | State all facts that support YOUR contention, if YOU so contend, that
26 | BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT
27 | purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS
28 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

50

EXHIBIT ___23___

PAGE ___499___

1 | such facts.

2 | **RESPONSE TO INTERROGATORY NO. 37:**

3 |         MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

7 | and REFER OR RELATE TO, and further objects on the ground that the

8 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

9 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

10 | TRANSFER.  MGA also objects to this interrogatory to the extent it seeks

11 | information that is not subject to disclosure under any applicable privilege, doctrine

12 | or immunity, including without limitation the attorney-client privilege, the work

13 | product doctrine, the right of privacy, and all other privileges recognized under the

14 | constitutional, statutory or decisional law of the United States of America, the State

15 | of California or any other applicable jurisdiction.  MGA further objects to the

16 | interrogatory to the extent it calls for a legal conclusion.  MGA further objects to the

17 | interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

18 | show that Bryant breached the INVENTIONS AGREEMENT.

19 |         MGA further objects on the ground that this interrogatory is an

20 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

21 | "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

22 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

23 | requests seeking "all facts, documents, and witnesses that support the denial of a

24 | statement or allegation of fact" because the "universe of potentially responsive

25 | information is almost endless").  MGA further objects on the ground that it is an

26 | abuse of the discovery process to effectively ask a Party to prove his, her or its entire

27 | case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

28 | *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ____ 23

PAGE ____ 500

1 │ 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

2 │ that interrogatory that asks defendant to "plead and prove its entire case, and to

3 │ marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

4 │ an abuse of the discovery process").

5 │        MGA further objects to the extent that this interrogatory seeks

6 │ information that is outside MGA's knowledge and is not in MGA's possession,

7 │ custody, or control.  In particular, MGA objects to this interrogatory to the extent

8 │ that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

9 │ DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

10 │ undertakes only to make a good faith, reasonable effort to summarize facts currently

11 │ known to it, and reserves the right to supplement its response.

12 │        MGA further objects to this interrogatory because Mattel has

13 │ propounded more than 50 interrogatories.  Under Judge Larson's order of February

14 │ 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

15 │ 04049-SGL and CV 05-02727]."

16 │        Subject to and without waiving the foregoing objections, MGA

17 │ responds as follows:  MGA is willing to meet and confer with Mattel regarding this

18 │ interrogatory and the obligation of Mattel to supplement its responses to MGA's First

19 │ Set of Interrogatories.

20 │ **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

21 │        MGA incorporates by reference its General Response and General

22 │ Objections above, as though fully set forth herein and specifically incorporates

23 │ General Objection No. 7 (regarding Definitions), including but not limited to its

24 │ objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

25 │ and REFER OR RELATE TO, and further objects on the ground that the

26 │ interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

27 │ and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

28 │ TRANSFER.  MGA also objects to this interrogatory to the extent it seeks

1 information that is not subject to disclosure under any applicable privilege, doctrine

2 or immunity, including without limitation the attorney-client privilege, the work

3 product doctrine, the right of privacy, and all other privileges recognized under the

4 constitutional, statutory or decisional law of the United States of America, the State

5 of California or any other applicable jurisdiction. MGA further objects to the

6 interrogatory to the extent it calls for a legal conclusion. MGA further objects to the

7 interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

8 show that Bryant breached the INVENTIONS AGREEMENT.

9         MGA further objects on the ground that this interrogatory is an

10 overbroad and unduly burdensome contention interrogatory to the extent it asks for

11 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

12 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13 requests seeking "all facts, documents, and witnesses that support the denial of a

14 statement or allegation of fact" because the "universe of potentially responsive

15 information is almost endless"). MGA further objects on the ground that it is an

16 abuse of the discovery process to effectively ask a Party to prove his, her or its entire

17 case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

18 *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

19 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

20 that interrogatory that asks defendant to "plead and prove its entire case, and to

21 marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

22 an abuse of the discovery process").

23         MGA further objects to the extent that this interrogatory seeks

24 information that is outside MGA's knowledge and is not in MGA's possession,

25 custody, or control. In particular, MGA objects to this interrogatory to the extent

26 that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

27 DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA

28

1  undertakes only to make a good faith, reasonable effort to summarize facts currently

2  known to it, and reserves the right to supplement its response.

3          Subject to and without waiving the foregoing objections, MGA

4  responds as follows:

5          In August or September of 1998, Carter Bryant, inspired by images he

6  was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the

7  appearance of teenagers as well as other images in the public domain, had an idea for

8  a line of fashion dolls that he named Bratz.  At the same time, Bryant sketched a

9  series of drawings to illustrate his conception.  To the extent that some aspect of

10  Bryant's idea would have been protectible under patent law, there was neither a

11  conception nor reduction to practice during the period of Bryant's unemployment

12  with Mattel.  In addition, Bryant's idea for a unique approach to fashion dolls was

13  not covered by the "INVENTIONS AGREEMENT."

14  **INTERROGATORY NO. 38:**

15          State all facts that support YOUR contention, if YOU so contend, that

16  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

17  when BRYANT performed work or services with or for MGA while BRYANT was

18  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

19  and all DOCUMENTS that REFER OR RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 38:**

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 7 (regarding Definitions), including but not limited to its

24  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

25  and further objects on the ground that the interrogatory is overbroad, unduly

26  burdensome, vague and ambiguous both generally and specifically with respect to

27  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA also

28  objects to this interrogatory to the extent it seeks information that is not subject to

EXHIBIT 23

PAGE 504

1  disclosure under any applicable privilege, doctrine or immunity, including without

2  limitation the attorney-client privilege, the work product doctrine, the right of

3  privacy, and all other privileges recognized under the constitutional, statutory or

4  decisional law of the United States of America, the State of California or any other

5  applicable jurisdiction.  MGA further objects to the interrogatory to the extent it calls

6  for a legal conclusion.  MGA further objects to the interrogatory on the ground that

7  Mattel – not MGA – bears the burden of proof to show that Bryant breached any

8  duties, fiduciary or otherwise, to Mattel.

9          MGA further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").  MGA further objects on the ground that it is an

16  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

17  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

18  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

19  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

20  that interrogatory that asks defendant to "plead and prove its entire case, and to

21  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

22  an abuse of the discovery process").

23          MGA further objects to the extent that this interrogatory seeks

24  information that is outside MGA's knowledge and is not in MGA's possession,

25  custody, or control.  In particular, MGA objects to this interrogatory to the extent

26  that it requests that MGA "state all facts … and IDENTIFY all PERSONS…and all

27  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

28  undertakes only to make a good faith, reasonable effort to summarize facts currently

EXHIBIT _____23_

PAGE _____505_____

1 known to it, and reserves the right to supplement its response.

2         MGA further objects to this interrogatory because Mattel has

3 propounded more than 50 interrogatories.  Under Judge Larson's order of February

4 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5 04049-SGL and CV 05-02727]."

6         Subject to and without waiving the foregoing objections, MGA

7 responds as follows:  MGA is willing to meet and confer with Mattel regarding this

8 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

9 Set of Interrogatories.

10 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

11         MGA incorporates by reference its General Response and General

12 Objections above, as though fully set forth herein and specifically incorporates

13 General Objection No. 7 (regarding Definitions), including but not limited to its

14 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

15 and further objects on the ground that the interrogatory is overbroad, unduly

16 burdensome, vague and ambiguous both generally and specifically with respect to

17 the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA also

18 objects to this interrogatory to the extent it seeks information that is not subject to

19 disclosure under any applicable privilege, doctrine or immunity, including without

20 limitation the attorney-client privilege, the work product doctrine, the right of

21 privacy, and all other privileges recognized under the constitutional, statutory or

22 decisional law of the United States of America, the State of California or any other

23 applicable jurisdiction.  MGA further objects to the interrogatory to the extent it calls

24 for a legal conclusion.  MGA further objects to the interrogatory on the ground that

25 Mattel – not MGA – bears the burden of proof to show that Bryant breached any

26 duties, fiduciary or otherwise, to Mattel.

27         MGA further objects on the ground that this interrogatory is an

28 overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT _____ 23

PAGE _____ 506

1   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3   requests seeking "all facts, documents, and witnesses that support the denial of a

4   statement or allegation of fact" because the "universe of potentially responsive

5   information is almost endless").  MGA further objects on the ground that it is an

6   abuse of the discovery process to effectively ask a Party to prove his, her or its entire

7   case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

8   *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

9   03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

10  that interrogatory that asks defendant to "plead and prove its entire case, and to

11  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

12  an abuse of the discovery process").

13          MGA further objects to the extent that this interrogatory seeks

14  information that is outside MGA's knowledge and is not in MGA's possession,

15  custody, or control.  In particular, MGA objects to this interrogatory to the extent

16  that it requests that MGA "state all facts ... and IDENTIFY all PERSONS...and all

17  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

18  undertakes only to make a good faith, reasonable effort to summarize facts currently

19  known to it, and reserves the right to supplement its response.

20          Subject to and without waiving the foregoing objections, MGA

21  responds as follows:

22          Bryant was not a fiduciary of Mattel.  Bryant was not an officer or

23  director of Mattel.  Mattel has not proven any facts that would support its claim that

24  Bryant was a fiduciary of Mattel.  MGA responds further that Bryant did not perform

25  any services for MGA prior to signing his agreement with MGA on October 4, 2000.

26  Bryant's activities with respect to the Bratz concept prior to October 4, 2000, were

27  directed to securing a commercially beneficial relationship with MGA, i.e., Bryant

28  "pitched" the concept of Bratz to MGA.  In addition, Bryant's employment with

EXHIBIT ___ 23

PAGE ___ 507

1 | Mattel was at will, and Bryant had the right to leave Mattel to join a competitor, or to
2 | work for a competitor, at any time.  Any work that Bryant performed relating to his
3 | Bratz ideas during the time period that he was still employed by Mattel constituted
4 | lawful steps by Bryant to prepare to embark upon a new career.  Isaac Larian
5 | instructed Bryant to leave Mattel immediately upon executing his contract with
6 | MGA.  During the period from October 4, 2000, through October 20, 2000, Bryant
7 | contributed very little to the development of what later became the first generation of
8 | Bratz dolls.

9 |      The following persons have knowledge of the facts and circumstances
10 | supporting this contention:  Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret
11 | Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

12 | **INTERROGATORY NO. 39:**

13 |      IDENTIFY each and every bank or financial institution account that
14 | REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR
15 | benefit, since January 1, 1999.

16 | **RESPONSE TO INTERROGATORY NO. 39:**

17 |      MGA incorporates by reference its General Response and General
18 | Objections above, as though fully set forth herein and specifically incorporates
19 | General Objection No. 7 (regarding Definitions), including but not limited to its
20 | objections to the definitions of the terms IDENTIFY and REFERS OR RELATES
21 | TO, and further objects on the ground that the interrogatory is overbroad, unduly
22 | burdensome, vague and ambiguous both generally and specifically with respect to
23 | the terms YOU and YOUR.  MGA also objects to this interrogatory to the extent it
24 | seeks information that is not subject to disclosure under any applicable privilege,
25 | doctrine or immunity, including without limitation the attorney-client privilege, the
26 | work product doctrine, the right of privacy, and all other privileges recognized under
27 | the constitutional, statutory or decisional law of the United States of America, the
28 | State of California or any other applicable jurisdiction.  MGA further objects to this

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ____ 23

PAGE ____ 508

1 | interrogatory as premature asset discovery under Federal Rule of Civil Procedure
2 | 69(a), as there is presently no judgment for the payment of money pending against
3 | MGA. MGA further objects on the grounds that it is overbroad, not relevant to the
4 | claims or defenses of any party to the action and not reasonably calculated to lead to
5 | the discovery of admissible evidence.

6 | **INTERROGATORY NO. 40:**

7 |     IDENTIFY each and every STORAGE DEVICE that YOU have used
8 | for any purpose which contains or contained DIGITAL INFORMATION that
9 | REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10 | **RESPONSE TO INTERROGATORY NO. 40:**

11 |     MGA incorporates by reference its General Response and General
12 | Objections above, as though fully set forth herein and specifically incorporates
13 | General Objection No. 7 (regarding Definitions), including but not limited to its
14 | objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
15 | and BRATZ, and further objects to this interrogatory on the grounds that it is
16 | overbroad, unduly burdensome, vague and ambiguous both generally and
17 | specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
18 | INFORMATION. MGA further objects to this interrogatory as compound because
19 | it contains discrete subparts that require separate, distinct and multiple responses.
20 | Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
21 | overbroad and unduly burdensome, as Mattel's definition of this term calls for
22 | responses to multiple discrete subparts. For example, Mattel's definition of the term
23 | IDENTIFY in the context of this interrogatory would require MGA to provide
24 | numerous discrete facts for each STORAGE DEVICE, including:

25 |     (a)   the individual(s) that use or have used the STORAGE DEVICE;
26 |     (b)   the current location of the STORAGE DEVICE;
27 |     (c)   the IDENTITY of the PERSON who possesses the STORAGE
28 | DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

1    (d)  the type of STORAGE DEVICE;

2    (e)  whether the STORAGE DEVICE has ever been copied or imaged

3 (and if so, the current location of each copy or image and the IDENTITY of the

4 PERSONS who possess such copies or image);

5    (f)  the date(s) on which such copies or images were made;

6    (g)  the manufacturer name, brand, model name, model number, and

7 serial number of the STORAGE DEVICE;

8    (h)  the technical specifications and capacities of such STORAGE

9 DEVICE.

10    In addition, Mattel's definition of YOU could be read to require MGA to

11 provide the foregoing information about STORAGE DEVICES belonging to each of

12 the responding parties.

13    MGA also objects to this interrogatory to the extent it seeks information

14 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

15 including without limitation the attorney-client privilege, the work product doctrine,

16 the right of privacy, and all other privileges recognized under the constitutional,

17 statutory or decisional law of the United States of America, the State of California or

18 any other applicable jurisdiction. MGA further objects to the interrogatory on the

19 ground that it is premature because the invention, creation, conception, or reduction

20 to practice of Bratz (and related issues) will be the subject of expert testimony at

21 trial. MGA objects to this interrogatory to the extent it seeks to limit the expert

22 testimony that MGA may seek to introduce at trial. MGA will identify its experts

23 and make related disclosures in accordance with the Court's orders and applicable

24 rules. MGA further objects to the extent that this interrogatory seeks information

25 that is outside of MGA's knowledge and is not in MGA's possession, custody or

26 control.

27    MGA further objects to this interrogatory because Mattel has

28 propounded more than 50 interrogatories. Under Judge Larson's order of February

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___ 23

PAGE _____ 510

1 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
2 | 04049-SGL and CV 05-02727]."

3 |        Subject to and without waiving the foregoing objections, MGA
4 | responds as follows: MGA is willing to meet and confer with Mattel regarding this
5 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First
6 | Set of Interrogatories.

7 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

8 |        MGA incorporates by reference its General Response and General
9 | Objections above, as though fully set forth herein and specifically incorporates
10 | General Objection No. 7 (regarding Definitions), including but not limited to its
11 | objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
12 | and BRATZ, and further objects to this interrogatory on the grounds that it is
13 | overbroad, unduly burdensome, vague and ambiguous both generally and
14 | specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
15 | INFORMATION. MGA further objects to this interrogatory as compound because
16 | it contains discrete subparts that require separate, distinct and multiple responses.
17 | Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
18 | overbroad and unduly burdensome, as Mattel's definition of this term calls for
19 | responses to multiple discrete subparts. For example, Mattel's definition of the term
20 | IDENTIFY in the context of this interrogatory would require MGA to provide
21 | numerous discrete facts for each STORAGE DEVICE, including:

22 |        (a)    the individual(s) that use or have used the STORAGE DEVICE;

23 |        (b)    the current location of the STORAGE DEVICE;

24 |        (c)    the IDENTITY of the PERSON who possesses the STORAGE
25 | DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

26 |        (d)    the type of STORAGE DEVICE;

27 |        (e)    whether the STORAGE DEVICE has ever been copied or imaged
28 | (and if so, the current location of each copy or image and the IDENTITY of the

61

EXHIBIT    23

PAGE    511

1  PERSONS who possess such copies or image);

2          (f)     the date(s) on which such copies or images were made;

3          (g)     the manufacturer name, brand, model name, model number, and
4  serial number of the STORAGE DEVICE;

5          (h)     the technical specifications and capacities of such STORAGE
6  DEVICE.

7          In addition, Mattel's definition of YOU could be read to require MGA to
8  provide the foregoing information about STORAGE DEVICES belonging to each of
9  the responding parties.

10          MGA also objects to this interrogatory to the extent it seeks information
11 that is not subject to disclosure under any applicable privilege, doctrine or immunity,
12 including without limitation the attorney-client privilege, the work product doctrine,
13 the right of privacy, and all other privileges recognized under the constitutional,
14 statutory or decisional law of the United States of America, the State of California or
15 any other applicable jurisdiction.  MGA further objects to the interrogatory on the
16 ground that it is premature because the invention, creation, conception, or reduction
17 to practice of Bratz (and related issues) will be the subject of expert testimony at
18 trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert
19 testimony that MGA may seek to introduce at trial.  MGA will identify its experts
20 and make related disclosures in accordance with the Court's orders and applicable
21 rules.  MGA further objects to the extent that this interrogatory seeks information
22 that is outside of MGA's knowledge and is not in MGA's possession, custody or
23 control.

24          Subject to and without waiving the foregoing objections, MGA
25 responds as follows:

26          With respect to North America prior to January 1, 2002, MGA
27 maintained several Snap servers in Los Angeles containing mostly graphic art files.
28 The servers are no longer in service but are currently archived at MGA's Southern

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___ 23

PAGE ___ 512

1  California facility.  MGA Art Department personnel also used Macintosh desktops
2  and laptops that linked to the snap servers which may have contained files referring
3  to Bratz.  Files created with accounting and other back office software applications
4  were saved on sequel servers located in Los Angeles via an application called "Great
5  Plains."  MGA personnel's emails were located on an exchange server, also housed
6  in Los Angeles.  MGA employees save all company related work files on a file
7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.
8  ("MGA Hong Kong") employees.  This Drive is still in production and has been
9  upgraded to a Netapp Storage System.

10         With respect to MGA's offices in Hong Kong prior to January 1, 2002,
11  MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked
12  to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong
13  personnel connected to the "Great Plains" sequel server located in Southern
14  California.  MGA Hong Kong maintained its own exchange server in Hong Kong for
15  emails to and from MGA Hong Kong employees.

16  **INTERROGATORY NO. 41:**

17         IDENTIFY all PERSONS who at any time have been employed by or
18  under contract with MATTEL who are now or have been employed by or under
19  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
20  her name, date of hire or effective date of contract, the date on which YOU first had
21  contact with such PERSON regarding potential employment or contracting, the
22  date(s) on which such PERSON was interviewed for possible employment or
23  contracting, each title (if any) such PERSON has held while employed by or under
24  contract with YOU, and the date of termination (if applicable).

25  **RESPONSE TO INTERROGATORY NO. 41:**

26         MGA incorporates by reference its General Response and General
27  Objections above, as though fully set forth herein and specifically incorporates
28  General Objection No. 7 (regarding Definitions), including but not limited to its

EXHIBIT    23

PAGE    513

1 objections to the definitions of the term IDENTIFY and further objects to this
2 interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3 ambiguous both generally and specifically with respect to the terms YOU. MGA
4 also objects to this interrogatory to the extent it seeks information that is not subject
5 to disclosure under any applicable privilege, doctrine or immunity, including without
6 limitation the attorney-client privilege, the work product doctrine, the right of
7 privacy, and all other privileges recognized under the constitutional, statutory or
8 decisional law of the United States of America, the State of California or any other
9 applicable jurisdiction.

10 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11       MGA incorporates by reference its General Response and General
12 Objections above, as though fully set forth herein and specifically incorporates
13 General Objection No. 7 (regarding Definitions), including but not limited to its
14 objections to the definitions of the term IDENTIFY and further objects to this
15 interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
16 ambiguous both generally and specifically with respect to the terms YOU. MGA
17 also objects to this interrogatory to the extent it seeks information that is not subject
18 to disclosure under any applicable privilege, doctrine or immunity, including without
19 limitation the attorney-client privilege, the work product doctrine, the right of
20 privacy, and all other privileges recognized under the constitutional, statutory or
21 decisional law of the United States of America, the State of California or any other
22 applicable jurisdiction.

23       Subject to and without waiving the foregoing objections, MGA
24 responds as follows: the following is a list of all former Mattel employees who have
25 been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.
26 since January 1, 1999:

27

28

EXHIBIT 23

PAGE 514

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04- Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06- Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06- Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02- Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04- Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05- Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06- Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06- Present |
| Cheng, Steve | Sr. Designer | 04/08/02- Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06- Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04- Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06- Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03- Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02- Present |
| Feldman, Joe | Design Engineer | 12/08/04- Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06- Present |
| Garcia, Mia | Dev. Designer | 2/23/05- Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00- Present |

65

EXHIBIT   23

PAGE   575

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance;<br><br>Quality Assurance Mgr. | 10/16/06-Present;<br><br>1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |

66

EXHIBIT 23

PAGE 516

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

67

EXHIBIT  23

PAGE  517

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

68

EXHIBIT 23

PAGE 518

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99–07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01–07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01–06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown–10/04 |
| Huntley, James | Independent Contractor – Miuchiz;<br><br>VP Marketing | 08/17/06 – Unknown;<br><br>5/23/05–08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02–07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99–01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 – 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03–05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02–01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06–07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03–01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04–07/22/04 |
| Otero, Jose | Web Designer | 08/11/03–2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04–12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04–6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04–01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96–04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05–12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00–01/12/01 |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23

PAGE  519

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED: November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____

Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

EXHIBIT ___23___

PAGE ___520___

**EXHIBIT  24**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   25**

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   26**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT  27**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 28**

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT   29**



KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC. a Delaware Corporation,

Defendant.

CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727

**CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES**

Judge:    Hon. Stephen G. Larson

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

PROPOUNDING PARTY:    MATTEL, INC.

RESPONDING PARTY:    CARTER BRYANT

SET NO.:    FOUR (REVISED)

EXHIBIT ___29___

PAGE ___526___

1-28

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

1  performed by Bryant while he was working for Mattel or that Bryant adopts or

2  agrees with any fact or legal conclusion assumed, presumed or contained in any of

3  Mattel's interrogatories.

4      21.    Bryant objects to each of Mattel's interrogatories because Mattel has

5  propounded more than 50 interrogatories, including discrete subparts.  Under

6  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for

7  each side for both [Case Nos. CV·04-04049-SGL and CV 05-02727]."

8      22.    The above stated objections are incorporated by reference as though

9  fully set forth in each response below.  Subject to the existing Protective Order and

10  without waiving any of the foregoing objections, Bryant responds as follows:

11

12              **SPECIFIC RESPONSES AND OBJECTIONS**

13  **INTERROGATORY NO. 42:**

14      State all facts that support YOUR contention, if YOU so contend, that any

15  BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on

16  or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such

17  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 42:**

19      Bryant incorporates by reference his general objections.  Bryant objects that

20  this interrogatory is an overbroad and unduly burdensome contention interrogatory

21  to the extent it asks for "every fact" which supports the denial of a statement or

22  allegation.  *See, e.g., Safeco of Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D.

23  Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and

24  witnesses that support the denial of a statement or allegation of fact" because the

25  "universe of potentially responsive information is almost endless.").

26      Bryant also objects to this interrogatory on the ground that it is overbroad,

27  unduly burdensome, vague and ambiguous both generally and specifically with

28  respect to the terms IDENTIFY and REFER OR RELATE TO.  Bryant also

6

409873.01

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _____ 29

PAGE_____ 527

1 | objects to this interrogatory as overbroad, unduly burdensome, vague and
2 | ambiguous generally and specifically with respects to the terms BASED ON,
3 | BRATZ DOLLS, and BRATZ DESIGNS. In addition, Bryant objects to this
4 | interrogatory to the extent it calls for the disclosure of attorney-client privileged
5 | information, information protected from disclosure by the work-product doctrine,
6 | the joint defense privilege or the common interest privilege. Bryant also objects to
7 | this interrogatory generally and specifically with respect to the term BASED ON to
8 | the extent it calls for a legal conclusion. Bryant also objects to this interrogatory to
9 | the extent it calls for the premature disclosure of expert opinions or analysis.
10 | Bryant further objects to the extent that this interrogatory seeks information that is
11 | outside Bryant's personal knowledge and is not in Bryant's possession, custody, or
12 | control. In particular, Bryant objects to this interrogatory to the extent that it
13 | requests that Bryant "[s]tate *all* facts ... and IDENTIFY *all* PERSONS...and *all*
14 | DOCUMENTS." (emphasis added).

15 | Bryant objects to this interrogatory because Mattel has propounded more
16 | than 50 interrogatories. Under Judge Larson's order of February 22, 2007,
17 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049
18 | SGL and CV 05-02727]."

19 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 42:**

20 | Bryant incorporates by reference his general objections. Bryant objects that
21 | this interrogatory is an overbroad and unduly burdensome contention interrogatory
22 | to the extent it asks for "every fact" which supports the denial of a statement or
23 | allegation. *See, e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D.
24 | Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and
25 | witnesses that support the denial of a statement or allegation of fact" because the
26 | "universe of potentially responsive information is almost endless.").

27 | Bryant also objects to this interrogatory on the ground that it is overbroad,
28 | unduly burdensome, vague and ambiguous both generally and specifically with

7

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

EXHIBIT 29

PAGE 528

1 | respect to the terms IDENTIFY and REFER OR RELATE TO.  Bryant also
2 | objects to this interrogatory as overbroad, unduly burdensome, vague and
3 | ambiguous generally and specifically with respects to the terms BASED ON,
4 | BRATZ DOLLS, and BRATZ DESIGNS.  In addition, Bryant objects to this
5 | interrogatory to the extent it calls for the disclosure of attorney-client privileged
6 | information, information protected from disclosure by the work-product doctrine,
7 | the joint defense privilege or the common interest privilege.  Bryant also objects to
8 | this interrogatory generally and specifically with respect to the term BASED ON to
9 | the extent it calls for a legal conclusion.  Bryant also objects to this interrogatory to
10 | the extent it calls for the premature disclosure of expert opinions or analysis.
11 | Bryant further objects to the extent that this interrogatory seeks information that is
12 | outside Bryant's personal knowledge and is not in Bryant's possession, custody, or
13 | control.  In particular, Bryant objects to this interrogatory to the extent that it
14 | requests that Bryant "[s]tate *all* facts … and IDENTIFY *all* PERSONS…and *all*
15 | DOCUMENTS."  (emphasis added).
16 | Bryant objects to this interrogatory because Mattel has propounded more
17 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
18 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049
19 | SGL and CV 05-02727]."
20 | Subject to, and without waiver of, the foregoing objections, Bryant responds
21 | as follows:
22 | The first generation of Bratz dolls, first "reduced to practice" and first
23 | expressed in a tangible medium after October 20, 2000, and all subsequent Bratz
24 | dolls, differ markedly and significantly from the drawings or designs completed by
25 | Bryant prior to October 20, 2000.  First, with respect to the three-dimensional
26 | "dummy" to which Bryant referred at his deposition, it had no material
27 | resemblance to the first generation of Bratz dolls.  Second, with respect to Bryant's
28 | drawings, Bryant notes that two-dimensional drawings do not translate into three-

8

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSE TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

PAGE ____ 530

1 dimensional dolls without original, creative effort. Third, there are recognizable
2 and material differences in the total overall look and feel of the first generation of
3 Bratz dolls compared to Bryant's drawings completed prior to October 20, 2000.
4 Fourth there are recognizable and material differences in the individual elements of
5 the first generation of Bratz dolls compared to Bryant's drawings completed prior
6 to October 20, 2000, including, but not limited to, with respect to the following:
7 hair styles; hair colors; facial expressions; depiction of noses; eye art; extent of
8 detail of eye art; lip art; eyebrow art; proportions of the bodies; posture; spatial
9 arrangement of hands, wrists and arms; and proportions and spatial arrangements
10 of the eyes, noses, and mouths. Additional details regarding such differences will
11 be the subject of expert disclosures and will be provided at a later time consistent
12 with the Court's orders regarding the disclosure of expert opinions.

13 The following persons have knowledge of the facts and circumstances
14 regarding the foregoing: Isaac Larian, Carter Bryant; Margaret Leahy; Veronica
15 Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafellas
16 (Garcia); Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse
17 Ramirez; Sam Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon
18 Djiguerian; Rachel Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong;
19 Steffan Smith; and Samir Khare.

20 The following documents may be relevant to these facts: all
21 "DOCUMENTS" that refer to or evidence the work performed by MGA
22 employees, contractors, and freelancers, including Bryant, toward the reduction to
23 practice of the first generation of Bratz dolls during the period after October 19,
24 2000 through June 1, 2001, including but not limited to: (i) documents showing
25 the development of the first generation of Bratz dolls; (ii) documents showing
26 exchanges with the Hong Kong factory regarding the development of the first
27 generation of Bratz dolls; (iii) documents showing the timing of the development
28 of packaging, fashion, and accessories for the first generation of Bratz dolls; (iv)

409873.01

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

29

PAGE 531

1 | documents related to the January 2001 Hong Kong toy fair; (v) documents related

2 | to the February 2001 New York toy fair; (vi) polyurethane samples of prototypes;

3 | (vii) rotocasts and sculpts in Hong Kong; and (viii) invoices submitted from Carter

4 | Bryant, Veronica Marlow, Anna Rhee, and Victoria O'Connor, and other invoices

5 | submitted for freelance work performed on the Bratz project.  The documents

6 | evidencing this work, including the categories of documents (i) – (viii)

7 | summarized above, number in the tens of thousands and are too numerous to

8 | identify individually.

9 | As stated above, this interrogatory calls for the disclosure of expert opinions

10 | and analysis, although expert discovery has not yet been completed and disclosure

11 | of expert opinions and analysis would be premature.  Accordingly, Bryant reserves

12 | the right to supplement his response to this interrogatory at a later time consistent

13 | with the Court's orders regarding the disclosure of expert opinions.

14 | **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 42:**

15 | Bryant incorporates by reference his general objections.  Bryant objects that

16 | this interrogatory is an overbroad and unduly burdensome contention interrogatory

17 | to the extent it asks for "every fact" which supports the denial of a statement or

18 | allegation.  *See, e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D.

19 | Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and

20 | witnesses that support the denial of a statement or allegation of fact" because the

21 | "universe of potentially responsive information is almost endless.").

22 | Bryant also objects to this interrogatory on the ground that it is overbroad,

23 | unduly burdensome, vague and ambiguous both generally and specifically with

24 | respect to the terms IDENTIFY and REFER OR RELATE TO.  Bryant also

25 | objects to this interrogatory as overbroad, unduly burdensome, vague and

26 | ambiguous generally and specifically with respects to the terms BASED ON,

27 | BRATZ DOLLS, and BRATZ DESIGNS.  In addition, Bryant objects to this

28 | interrogatory to the extent it calls for the disclosure of attorney-client privileged

10

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

EXHIBIT 29

PAGE 532

1  information, information protected from disclosure by the work-product doctrine,

2  the joint defense privilege or the common interest privilege. Bryant also objects to

3  this interrogatory generally and specifically with respect to the term BASED ON to

4  the extent it calls for a legal conclusion. Bryant also objects to this interrogatory to

5  the extent it calls for the premature disclosure of expert opinions or analysis.

6  Bryant further objects to the extent that this interrogatory seeks information that is

7  outside Bryant's personal knowledge and is not in Bryant's possession, custody, or

8  control. In particular, Bryant objects to this interrogatory to the extent that it

9  requests that Bryant "[s]tate *all* facts ... and IDENTIFY *all* PERSONS...and *all*

10  DOCUMENTS." (emphasis added).

11      Bryant objects to this interrogatory because Mattel has propounded more

12  than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

13  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049

14  SGL and CV 05-02727]."

15      Subject to and without waiving the foregoing objections, Bryant provides his

16  Second Supplemental Response as follows:

17      The first generation of Bratz dolls, first "reduced to practice" and first

18  expressed in a tangible medium after October 20, 2000, and all subsequent Bratz

19  dolls, differ markedly and significantly from the drawings or designs completed by

20  Bryant prior to October 20, 2000. First, with respect to the three-dimensional

21  "dummy" to which Bryant referred at his deposition, it had no material

22  resemblance to the first generation of Bratz dolls. Second, with respect to Bryant's

23  drawings, Bryant notes that two-dimensional drawings do not translate into three-

24  dimensional dolls without original, creative effort. Third, there are recognizable

25  and material differences in the total overall look and feel of the first generation of

26  Bratz dolls compared to Bryant's drawings completed prior to October 20, 2000.

27  Fourth there are recognizable and material differences in the individual elements of

28  the first generation of Bratz dolls compared to Bryant's drawings completed prior

11

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

29

409873.01

1 | to October 20, 2000, including, but not limited to, with respect to the following:

2 | hair styles; hair colors; facial expressions; depiction of noses; eye art; extent of

3 | detail of eye art; lip art; eyebrow art; proportions of the bodies; posture; spatial

4 | arrangement of hands, wrists and arms; and proportions and spatial arrangements

5 | of the eyes, noses, and mouths.  Additional details regarding such differences will

6 | be the subject of expert disclosures and will be provided at a later time consistent

7 | with the Court's orders regarding the disclosure of expert opinions.

8 |     The following persons have knowledge of the facts and circumstances

9 | regarding the foregoing:  Isaac Larian, Carter Bryant; Margaret Leahy; Veronica

10 | Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafellas

11 | (Garcia); Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse

12 | Ramirez; Sam Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon

13 | Djiguerian; Rachel Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong;

14 | Steffan Smith; and Samir Khare.

15 |     The following documents may be relevant to these facts:  all

16 | "DOCUMENTS" that refer to or evidence the work performed by MGA

17 | employees, contractors, and freelancers, including Bryant, toward the reduction to

18 | practice of the first generation of Bratz dolls during the period after October 19,

19 | 2000 through June 1, 2001, including but not limited to:  (i) documents showing

20 | the development of the first generation of Bratz dolls; (ii) documents showing

21 | exchanges with the Hong Kong factory regarding the development of the first

22 | generation of Bratz dolls; (iii) documents showing the timing of the development

23 | of packaging, fashion, and accessories for the first generation of Bratz dolls; (iv)

24 | documents related to the January 2001 Hong Kong toy fair; (v) documents related

25 | to the February 2001 New York toy fair; (vi) polyurethane samples of prototypes;

26 | (vii) rotocasts and sculpts in Hong Kong; and (viii) invoices submitted from Carter

27 | Bryant, Veronica Marlow, Anna Rhee, and Victoria O'Connor, and other invoices

28 | submitted for freelance work performed on the Bratz project.

12

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

29

PAGE _____ 534

1   Bryant also further identifies all persons and documents identified by MGA
2   in its responses to this interrogatory and interrogatories on related subject matter,
3   including any future supplemental responses. Although Bryant lacks personal
4   knowledge of many factual statements in MGA's interrogatory responses, and is
5   still completing his analysis of the matters stated in MGA's responses (particularly
6   in light of Mattel's production of roughly half a million documents at the end of
7   the discovery period), Bryant also reserves the right to rely on all factual
8   statements in MGA's responses to this interrogatory and interrogatories on related
9   subject matter, including any future supplemental responses by MGA.

10   As stated above, this interrogatory calls for the disclosure of expert opinions
11   and analysis, although expert discovery has not yet been completed and disclosure
12   of expert opinions and analysis would be premature. Accordingly, Bryant reserves
13   the right to supplement his response to this interrogatory at a later time consistent
14   with the Court's orders regarding the disclosure of expert opinions.

15   **INTERROGATORY NO. 43:**

16   For each concept, design, product, product packaging or other matter that
17   YOU contend MATTEL copied or infringed, including but not limited to those
18   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
19   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
20   Supplemental Responses to such Interrogatory), state the date that each such
21   concept, design, product, product packaging or other matter was conceived, and
22   IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER
23   OR RELATE TO, the foregoing.

24   **RESPONSE TO INTERROGATORY NO. 43:**

25   Bryant incorporates by reference his general objections. Bryant objects to
26   this interrogatory on the grounds that it is overbroad, unduly burdensome, vague
27   and ambiguous, and compound both generally and specifically with respect to the
28   terms YOU, IDENTIFY, MATTEL, and REFER OR RELATE TO. In addition,

13

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

EXHIBIT _____ 29

PAGE _____ 535

1  possession, custody, or control.  In particular, Bryant objects to this interrogatory

2  to the extent that it that it requests that Bryant "IDENTIFY *all* PERSONS...and *all*

3  DOCUMENTS" (emphasis added).

4      Bryant objects to this interrogatory because Mattel has propounded more

5  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

6  "Interrogatories are limited to 0 for each side for both [Case Nos. CV 04-04049-

7  SGL and CV 05-02727]."

8      Subject to, and without waiver of, the foregoing objections, Bryant responds

9  as follows.  Bryant incorporates by reference MGA Entertainment, Inc's Response

10 to Interrogatory No. 44, and any and all supplemental responses thereto.  Although

11 Bryant lacks personal knowledge of many factual statements in MGA's

12 interrogatory responses, and is still completing his analysis of the matters stated in

13 MGA's responses (particularly in light of Mattel's production of roughly half a

14 million documents at the end of the discovery period), Bryant reserves the right to

15 rely on all factual statements in MGA's responses to this interrogatory and

16 interrogatories on related subject matter, including any future supplemental

17 responses by MGA.  Bryant also identifies all persons and documents identified by

18 MGA in its responses to this interrogatory and interrogatories on related subject

19 matter, including any future supplemental responses.

20 Dated:  January 28, 2008            KEKER & VAN NEST, LLP

21

22

23               By: _____

                  CHRISTA M. ANDERSON

24                   Attorneys for Plaintiff

                  CARTER BRYANT

25

26

27

28

CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO
MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

409873.01

EXHIBIT 29

PAGE 536

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On January 28, 2008, I served the following document(s):

**CARTER BRYANT'S SECOND SUPPLEMENTAL RESPONSES TO MATTEL, INC'S REVISED FOURTH SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:  213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:  213/687-5600
Email: tnolan@skadden.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel:   213/613-4660
Fax:  213/613-4656
Email :    acote@obsklaw.com

1    Executed on January 28, 2008, at San Francisco, California.

2    I declare under penalty of perjury under the laws of the State of California

3    that the above is true and correct.

4    _JULIE A. SELBY_

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

396359.01