QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> DECLARATION OF MATEO ROMANO IN SUPPORT OF MATTEL, INC.'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY ADJUDICATION <br><br> Date: April 23, 2008 <br> Time: 10:00 a.m. <br> Place: Courtroom 1 <br><br> **Phase 1** <br> Discovery Cut-Off: Jan. 28, 2008 <br> Pre-Trial Conference: May 5, 2008 <br> Trial Date: May 27, 2008 |

07209/2440391.1

Case No. CV 04-9049 SGL (RNBx)
DECLARATION OF MATEO ROMANO

## DECLARATION OF MATEO ROMANO

I, Mateo Romano, declare as follows:

1. I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I was an employee of Mattel Latin America from approximately April 1997 until approximately April 2002. From January 2001 until April 2002, I worked out of Mattel Latin America's offices in Mexico City, Mexico. During that time, I was not an employee of and did not otherwise work for Mattel, Inc., which is located in El Segundo, California. Rather, Mattel Latin America was a separate subsidiary of Mattel, Inc. My responsibilities for Mattel Latin America included the distribution of third-party products in Latin America, which included Mexico and the countries of South America.

3. In January and February 2001, I attended the Hong Kong and New York Toy Fairs on behalf of Mattel Latin America. At the Toy Fairs, Isaac Larian and others at MGA showed me several products for potential distribution in Latin America. Among the various MGA products I saw were Bratz dolls. I discussed and agreed with MGA that the products I saw would be kept confidential from Mattel, Inc. because of their potentially competitive nature.

4. I subsequently submitted a list to Mattel, Inc. of potential items for Mattel's Latin American subsidiaries and affiliates to distribute in Latin America for the upcoming year. Bratz dolls, among other products, was included on that list. The list did not provide information about the Bratz dolls beyond the product name and item number. That information was provided and input into an El Segundo system as part of the process of submitting the list for consideration by Mattel Latin America's foreign affiliates distributing in Latin America. I did not show or provide pictures, prototypes or samples of the Bratz dolls to anyone at Mattel, Inc. or

1  describe them to anyone at Mattel, Inc. beyond submitting the product name and
2  item number for inclusion on the system.
3     5.   I understand that MGA has submitted to the Court certain emails
4  between me and Martin Hitch of MGA. I referred to the Bratz and Samantha
5  products as being similar concepts in the March 5, 2001 email exchange with Mr.
6  Hitch because the Bratz and Scooter Samantha products were third-party competing
7  doll products, which meant that it was a potential conflict for Mattel Latin America
8  to distribute them. That was, in fact, the reason why Mattel Latin America
9  ultimately did not distribute these products.
10    6.   Mr. Hitch subsequently contacted me in April 2001 to ask about
11 Bratz and Scooter Samantha information which had been loaded into an El Segundo
12 computer system. This information was the same information mentioned above,
13 namely, only their product names and product numbers. As explained above and as
14 I explained to Mr. Hitch in my April 25, 2001 email, the information had been
15 entered into the system as part of the process of submitting the list for consideration
16 by Mattel Latin America's foreign affiliates distributing in Latin America. As my
17 April 25, 2001 email exchange with Mr. Hitch also states, MGA had given me "very
18 little information on the product" -- that is, Bratz -- through New York Toy Fair, and
19 I had "respected the confidentiality of [MGA's] line with the people in El Segundo"
20 -- meaning that I did not share information about Bratz beyond the product name
21 and product number with anyone at Mattel, Inc. in El Segundo, California beyond
22 submitting that information for inclusion in the system.
23    7.   At no time did Isaac Larian or anyone else at MGA inform me
24 that the designer or creator of Bratz was Carter Bryant, that Carter Bryant had any
25 involvement with Bratz, that Carter Bryant had worked with MGA while he was
26 employed by Mattel, Inc. or that Carter Bryant had worked on Bratz while he was
27 employed by Mattel, Inc. The first time I recall learning of Carter Bryant's name
28 was after reading a news article reporting that Mattel, Inc. was in a lawsuit with

1 | Carter Bryant. I had no discussions with anyone at Mattel, Inc. about Carter Bryant
2 | prior to that time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 20, 2008, at  BARCELONA , Spain.

_____
Mateo Romano