1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12              Plaintiff, | Consolidated with |
| 13          vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14  MATTEL, INC., a Delaware<br>corporation, | RULE 56(F) DECLARATION OF B.<br>DYLAN PROCTOR IN SUPPORT OF |
| 15              Defendant. | MATTEL, INC.'S CONSOLIDATED<br>OPPOSITION TO DEFENDANTS' |
| 16  | MOTIONS FOR PARTIAL SUMMARY<br>JUDGMENT |
| 17  AND CONSOLIDATED ACTIONS | Date:    April 22, 2008 |
| 18  | Time:    10:00 a.m.<br>Place:   Courtroom 1 |
| 19  **CONFIDENTIAL -<br>ATTORNEYS' EYES ONLY** | **Phase 1** |
| 20  **FILED UNDER SEAL<br>PURSUANT TO PROTECTIVE** | Discovery Cut-Off:    Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008 |
| 21  **ORDER** | Trial Date:            May 27, 2008 |

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

      1.    I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

      2.    Discovery of key evidence regarding MGA's early involvement with Bryant and Bratz, MGA's knowledge of Bryant's obligations to Mattel, and MGA's encouragement of Bryant's disloyal activities is currently outstanding. Such outstanding evidence is relevant to Mattel's opposition to Defendants' motions for summary judgment.

      3.    For example, Mattel deposed Andreas Koch, a former product manager at MGA, on February 15, 2008. Attached hereto as Exhibit 1 are true and correct copies of relevant excerpts of the Deposition of Andreas Koch, dated February 15, 2008 ("Koch Depo."). During his deposition, Koch testified that he was present at what he believed was Bryant's first Bratz pitch meeting at MGA with Larian and Garcia. Koch Depo. at 74:1-75:7; 77:17 - 79:4. However, to date, Mattel has been unable to question Koch regarding the details of that meeting -- including when it took place -- because counsel for MGA prematurely terminated the deposition when Koch began testifying about Larian's lack of business ethics and his concerns for his personal safety vis-à-vis Larian. Id. at 90:23-120:1. On information and belief, Mattel believes that when Koch's deposition resumes, Koch will testify as to facts that may tend to show that MGA became involved with Bratz earlier than Defendants have admitted thus far. This information would be critical to further refute Defendants' summary judgment assertions that MGA and Isaac Larian did not induce Bryant to breach his contract with Mattel.

1           4.     Defendants have also prevented Mattel from taking the

2 deposition of Ana Cabrera, Beatriz Morales and Maria Salazar, who recently

3 revealed to have been secretly working on Bratz for years while employed by

4 Mattel. On January 17, 2008, Mattel subpoenaed Cabrera for deposition on January

5 24, 2008, Morales for deposition on January 25, 2008, and Salazar for deposition on

6 January 28, 2008. A true and correct copy of these are attached as Exhibit 2.

7 However, the day before Cabrera's scheduled deposition, Cabrera and Morales'

8 counsel unilaterally canceled their deposition because MGA had filed a Motion to

9 Quash several deposition subpoenas, including the depositions of Cabrera, Morales

10 and Salazar. Attached hereto as Exhibit 3 is a true and correct copy of the MGA

11 Defendants' Second Amended Notice of Motion and Motion to Quash Deposition

12 Subpoenas, served on January 23, 2008. On March 11, 2008, the Discovery Master

13 denied MGA's motion. Attached hereto as Exhibit 4 is a true and correct copy of the

14 Discovery Master's Order Re MGA Defendants' Motion to Quash Deposition

15 Subpoenas, dated March 11, 2008. Mattel has requested, but has not received,

16 reasonable dates for these depositions, and these depositions have yet to take place.

17           5.     Veronica Marlow testified at deposition that Cabrera, Morales

18 and Salazar secretly worked on Bratz for years and was paid for their Bratz work,

19 while they were employed by Mattel. Deposition of Veronica Marlow, dated

20 December 28, 2007 ("Marlow Depo.") at 306:14-308:1, 363:15-365:17. Attached

21 hereto as Exhibit 6 are true and correct copies of relevant excerpts of Marlow's

22 Deposition. Based on Marlow's testimony, Mattel anticipates that Cabrera, Morales,

23 and Salazar will have evidence regarding the scheme by which MGA intentionally

24 used Mattel employees, including Bryant, to develop Bratz. Such evidence is

25 relevant to Defendants' assertions that MGA did not intentionally interfere with

26 Bryant's contract with Mattel.

27

28

- 2 -

1          6.      Defendants have also delayed Mattel's attempts to depose

2 Daphne Gronich, MGA's former in-house counsel, and Joe Tiongco, an MGA IT

3 technician. See MGA Defendants' Motion to Quash Deposition Subpoenas, served

4 on January 23, 2008. The Discovery Master ordered Mattel's deposition of Gronich

5 and Tiongco to go forward in his March 11, 2008 Order. See Order Re MGA

6 Defendants' Motion to Quash Deposition Subpoenas, dated March 11, 2008, at 3.

7 However, neither deposition has also yet to take place.

8          7.      As the Discovery Master noted in his March 11 Order, Gronich

9 and Tiongco potentially have "relevant information regarding document retention,

10 preservation and collection, and arguably other issues in the case." Order Re MGA

11 Defendants' Motion to Quash Deposition Subpoenas, dated March 11, 2008, at 2-3.

12 Based on information and belief, Mattel expects Gronich and Tiongco to testify as to

13 whether MGA properly retained documents regarding its communications and

14 interactions with Bryant in the 1999-2000 time period. Such testimony will likely

15 be relevant to MGA's fraudulent concealment of Mattel's ownership of Bratz and

16 MGA's early involvement with Bryant and Bratz in opposition to Defendants' statute

17 of limitations assertions.

18          8.      Mattel has also yet to take the deposition of Littler Mendelson,

19 P.C. ("Littler") regarding the handling of Bryant's hard drives. Mattel filed a Motion

20 to Compel the Deposition of Littler Mendelson, P.C. Pursuant to Subpoena on

21 December 13, 2007, a true and correct copy of which is attached hereto as Exhibit 7.

22 At the January 3, 2008 hearing of this motion, the Discovery Master ruled that the

23 motion would be revisited after Bryant was deposed on January 23-24, 2008. See

24 January 3, 2008 Hearing Transcript, at 72:1-8, a true and correct copy of which is

25 attached hereto as Exhibit 8. Bryant's testimony has since been taken, and Mattel's

26 motion is now pending before the Discovery Master. Information that would be

27 contained on Bryant's computer hard drives from 2000 is probative of Bryant's and

28

- 3 -

1  MGA's conduct during Bryant's transition from Mattel to MGA in 2000. Upon
2  information and belief, as set forth in Mattel's motion, Littler's deposition will reveal
3  evidence regarding when Littler obtained Bryant's computer hard drives, how they
4  were preserved, when Bryant's Desktop went missing, and if Littler has any
5  knowledge regarding the destruction of evidence. Evidence of Bryant's destruction
6  of evidence from the 2000 time period would be relevant to Mattel's opposition to
7  Defendants' statute of limitations arguments.

8          9.      Production of a "Bratz" Zip Disk is also pending. Elise Cloonan
9  testified at deposition on December 14, 2007, and admitted that she could have used
10  the computer she had when she lived with Bryant to prepare graphics for Bryant in
11  1999-2000. See Deposition Tr. of Elise Cloonan, dated December 14, 2007
12  ("Cloonan Depo.") at 128:2-12. Attached hereto as Exhibit 9 are true and correct
13  copies of relevant excerpts of Cloonan's Depo. Cloonan also testified that Bryant
14  himself used her computer, which has never been searched for graphical files. Id. at
15  128:16-129:3. During her deposition, Cloonan identified for the first time a Zip
16  Disk in her possession labeled "Bratz," which she claims to have no knowledge of
17  what it contains. Id. at 246:24-249:9 263:6-15. Although Cloonan testified that she
18  gave the disk to her attorney Larry McFarland (who also has long been an MGA
19  attorney) in 2005, it was not until her deposition in December 2007 that Mattel
20  learned that the disk itself is labeled Bratz. Id. at 263:6-15. Mattel filed a motion to
21  compel production of the Zip Disk on February 6, 2008, a true and correct copy of
22  which is attached as Exhibit 10. The Motion is fully briefed and is pending a
23  decision by the Discovery Master.

24          10.     Information contained on Cloonan's Zip Disk likely contains
25  evidence regarding Bryant's involvement with MGA and his work on Bratz during
26  the 1999-2000 time frame, which would be relevant to Mattel's opposition to
27  Defendants summary judgment motions.

28

1          11.    Mattel is also awaiting outstanding discovery regarding MGA's
2  agreements with Bryant. Over the years, Mattel has repeatedly requested that MGA
3  produce documents relating to any agreement between MGA and Bryant. See e.g.
4  Mattel's First Set of Requests for Production to MGA dated March, 14, 2005,
5  Request No. 1, a true and correct copy of which is attached hereto as Exhibit 11. In
6  February 2007, Mattel filed a motion to compel MGA to produce all
7  communications with Bryant prior to January 1, 2001 and related documents,
8  including calendars that memorialize such communications. The Discovery Master
9  granted Mattel's Motion on May 15, 2007, and ordered MGA to produce these
10  materials. See Order Granting Mattel's Motion to Compel Production of Documents
11  and Interrogatory Responses by MGA, dated May 15, 2007, a true and correct copy
12  of which is attached hereto as Exhibit 12.

13          12.    Despite the Discovery Master's Order, MGA has yet to produce
14  these documents. MGA has continued to violate the Order, despite confirming that
15  it possesses some of Isaac Larian's calendars for 2000 and other employees'
16  calendars that are responsive to the requests. Bryant claimed that he met with a
17  representative from MGA in August 2000, yet Mattel has no documents referencing
18  this meeting or others, prior to the September 18, 2000 agreement between
19  Defendants. Bryant Depo. at 9:25-11:17. These withheld documents likely contain
20  relevant information regarding MGA's knowledge of Bryant's obligations to Mattel
21  and MGA's early involvement with Bryant and Bratz.

22          13.    Mattel awaits outstanding production of tangible items and
23  things related to Bratz early development and manufacturing that MGA has been
24  compelled to produce. Mattel has noticed for April 4, 2008 a hearing on its
25  application for an order enforcing the prior order compelling production of those
26  tangible items. A true and correct copy of Mattel, Inc.'s Notice Of Change Of
27  Hearing On Application To Enforce Court Orders Compelling Production Of

28

1    Tangible Items is attached as Exhibit 13.  The Discovery Master has not ruled on

2    this.  These items likely will reveal relevant information regarding the timing and

3    nature of MGA's and Bryant's work on Bratz in 2000.

4              14.    More specifically, in a May 15, 2007 Order Granting Mattel's

5    Motion To Compel Production of Documents And Interrogatory Responses By

6    MGA ("May 2007 Order"), a August 13, 2007 Order Granting In Part And Denying

7    In Part Mattel's Motion To Compel Production Of Documents by MGA; Denying

8    Request For Monetary Sanctions ("August 2007 Order"), and in a June 20, 2006 on-

9    the-record stipulation before the Honorable Robert N. Block, Magistrate Judge, in

10   which MGA agreed to provide responsive tangible items for inspection within

11   fifteen days of a request, MGA agreed to produce or was compelled to produce a

12   variety of tangible items related to Bratz's creation.  Mattel sought to enforce those

13   orders in an *ex parte* application.  On February 4, 2008, the Court issued an order

14   that resolved the question of relief from the expert witness cut-off date and also

15   resolved, for the time being, the dispute about certain items being produced for

16   inspection and scanning in Hong Kong and Shenzhen, China.  A true and correct

17   copy of that Order is attached as Exhibit 14.

18             15.    Mattel seeks, but does not have, the production of all tangible

19   items pertinent to the design, development and manufacture of Bratz and Prayer

20   Angel that MGA has withheld from production.  As Mattel recently found out,

21   MGA secretly interpreted the scope of Mattel's previously compelled requests to

22   exclude such items as:

23        • clay sculpts for each doll developed;

24        • mold(s) taken of the clay, perhaps of rubber, perhaps in multiple versions;

25        • closures and documentation and tooling related to the design of the

26           closures;

27        • resin or fastcast sculpts from the mold of the clay;

28

07209/2444099.1

PROCTOR DECLARATION

1    • metal molds relating to all the body parts, including the head;

2    • vinyl super master of the head;

3    • multiple masters of the head;

4    • paint master;

5    • face paint masks;

6    • molds for all plastic accessories coming with the dolls;

7    • printing plates for packaging;

8    • documentation including schematics, engineering drawings and

9      communications with the manufacturer about machining, tolerances,

10     dimensions, or assembly of the dolls;

11   • anything purportedly dating from before or after February 2001; and

12   • anything relating to the mock-up development tooling and documentation

13     that was transferred from MGA vendor Wah Sing to MGA vendor Early

14     Light at MGA's direction on or around December 8, 2000, such as the

15     "roto head skin-master" that was referenced in an email produced by

16     MGA bates-numbered MGA 0065414-15.

17          16.    In addition, on February 27, 2008, this Court issued its Order

18   Granting Mattel, Inc.'s Motion Objecting To Portions Of Discovery Master's

19   December 31, 2007 Order Regarding Hard Drives.  That Order required Isaac Larian

20   to produce his hard drives for inspection by Mattel, but Mattel has not yet received

21   those hard drives.  A copy of that Order is attached as Exhibit 1 to the Notice of

22   Lodging in Support of Rule 56(f) Declaration of B. Dylan Proctor.  Similarly, Mattel

23   filed its Motion of Mattel, Inc. For an Order Enforcing Court's January 25, 2007

24   Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions on

25   January 28, 2008, seeking the production of additional hard drives belonging to

26   Carter Bryant, and which he has not yet produced.  A copy of that Order is attached

27   as Exhibit 2 to the Notice of Lodging in Support of Rule 56(f) Declaration of B.

28

1  Dylan Proctor. That motion is currently pending resolution by the Discovery

2  Master. Upon information and belief, these drives will provide relevant evidence of

3  spoliation in this case by defendants.

4        17.    To the extent the Court is inclined to rule in favor of summary

5  judgment, Mattel would benefit from a deferred ruling to allow additional time to

6  complete the outstanding discovery detailed above and to submit further evidence in

7  support of its Consolidated Opposition to Defendants' Motions for Summary

8  Judgment.

9        I declare under penalty of perjury under the laws of the United States of

10  America that the foregoing is true and correct.

11        Executed on March 24, 2008, at Los Angeles, California.

12

13                                    _____

14                                    B. Dylan Proctor

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROCTOR DECLARATION

# THIS PAGE IS INTENTIONALLY LEFT BLANK

# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

AO 88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

————————   CENTRAL   DISTRICT OF CALIFORNIA   ————————

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  CV 04-9049 SGL (RNBx)

TO:  Ana Isabel Cabrera
4824 W 123rd Street
Hawthorne, CA 90250

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Doubletree Hotel<br>1985 E Grand Ave, El Segundo, CA 90245 | January 24, 2008<br>9:30 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Attorney for Plaintiff* | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT   2

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | 1/16/2008 | 4824 West 123rd Street<br>Hawthorne, CA 90250 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANA ISABEL CABRERA<br>(Witness Fee Paid $50.00) | Personal<br>(Served 1-16-08 at 7:10 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/17/2008 | _John Erickson_ |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT** 2

PAGE 56

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____CENTRAL_____ DISTRICT OF _CALIFORNIA_____

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

TO: Beatriz T. Morales
    4835 W 112th Street
    Inglewood, CA 90304

[ ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Doubletree Hotel | January 25, 2008 |
| 1985 E Grand Ave, El Segundo, CA 90245 | 9:30 a.m. |

[ ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017  (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___2___

PAGE ___27___

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/16/2008 | 4635 West 112th Street Inglewood, CA 90304 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ I. MORALES (Witness Fee Paid $50.00) | Personal (Served 1-16-08 at 7:00 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/17/2008
                    DATE

*John Erickson*
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 

PAGE 

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,              Case Number:[1]  CV 04-9049 SGL (RNBx)

TO:  Maria Elena Salazar
    11064 Amigo Ave.
    Porter Ranch, CA 91326

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 28, 2008 |
| 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017    (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___2___    AO-88

PAGE 59

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE 1/22/2008 | PLACE Bally Total Fitness 9143 Desoto Ave. Chatsworth, CA 91311 |

SERVED

SERVED ON (PRINT NAME)    MANNER OF SERVICE

Maria Elena Salazar    Personal

SERVED BY (PRINT NAME)    TITLE

Terrance Cummings    Private Investigator

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 1/23/2008
DATE

Terrance Cummings
SIGNATURE OF SERVER
445 So. Figueroa St., Suite 2215
Los Angeles, CA 90071
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (c)(3)(A).

EXHIBIT

PAGE 100

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13                 Plaintiff,

14        v.                               Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16                 Defendant.              **ORDER RE MGA DEFENDANTS'
                                           MOTION TO QUASH DEPOSITION
17                                         SUBPOENAS**

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22        On January 23, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

23  Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA parties") submitted a motion

24  to quash subpoenas issued by Mattel, Inc. ("Mattel") to several non-parties. On February 7, 2008,

25  Mattel submitted an opposition. On February 14, 2008, the MGA parties submitted a

26  supplemental and second amended motion to quash the subpoenas issued by Mattel to the

27  following non-parties:  (1) Lucy Arant, (2) Ana Isabel Cabrera, (3) Kami Gilmour, (4) Daphne

28

                              EXHIBIT ___4___
                                      _70_                                    1

1 | Gronich, (5) Sarah Halpern, (6) Rachel Harris, (7) Andreas Koch, (8) Cecilia Kwok, (9) Stephen

2 | Lee, (10) Peter Marlow, (11) Beatriz Morales, (12) Moss Adams, (13) Amy Myers, (14) NPD

3 | Group, Inc., (15) Maria Elena Salazar, (16) Joe Tiongco, (17) Mercedeh Ward, (18) Jeff Weiss,

4 | (19) Carol Witschell, (20) Wachovia Corporation, (21) Mel Woods and (22) Eric Yip.  On

5 | February 22, 2008, Mattel submitted an opposition to the MGA parties' supplemental and second

6 | amended motion to quash, and on February 28, 2008, the MGA parties submitted a reply.  The

7 | parties were directed to meet and confer further regarding the motion, which has been completed.

8 | The motion was heard on March 10, 2008.

9 |        Having considered all of the papers submitted by the parties and the comments of counsel

10 | at the hearing, it is ordered as follows:

11 |        1.      Based upon the parties' representations at the hearing, the motion is moot with

12 | respect to the following individuals: Lucy Arant, Sarah Halpern, Rachel Harris, Andreas Koch,

13 | Peter Marlow, Jeff Weiss and Amy Myers.

14 |        2.      Mattel acknowledges that it did not subpoena the following individuals before the

15 | January 28, 2008 discovery cut-off and that their depositions cannot be taken without seeking and

16 | obtaining leave of court:  Cecilia Kwok, Stephen Lee, Mercedeh Ward, Carol Witschell and Eric

17 | Yip.

18 |        3.      The parties agree that because the subpoenas served on Moss Adams and

19 | Wachovia Corporation are the subject of a separate discovery motion, the court should defer

20 | consideration of these two subpoenas until the separate motion is heard.

21 |        4.      The MGA parties' motion to quash is denied as to Ana Isabel Cabrera, Kami

22 | Gilmour, Beatriz Morales and Maria Elena Salazar.  Mattel served subpoenas on these individuals

23 | before the January 28, 2008 discovery cut-off.  Although Mattel failed to provide the standard

24 | ten-day notice, the shortened notice was reasonable under the circumstances.

25 |        5.      The MGA parties' motion to quash is denied as to Daphne Gronich, MGA's in-

26 | house counsel, and Joe Tiongco, an MGA "IT" employee.  These witnesses have potentially

27 | relevant information regarding document retention, preservation and collection, and arguably

28 |

EXHIBIT ___4___

2

1   other issues in the case.  However, in light of the substantial 30(b)(6) testimony Mattel has

2   already received on the subject of document retention, preservation and collection, and to reduce

3   the burden on the witnesses, each deposition is limited to 3 hours.  Mattel may question Daphne

4   Gronich and Joe Tiongco on any subject that is relevant within the meaning of Rule 26,

5   Fed.R.Civ.P.

6        6.     The MGA parties' motion to quash is denied as to NPD Group, Inc. and Mel

7   Woods based upon Mattel's representation that these witnesses have potentially relevant

8   information regarding damages for the Phase I trial.

9        7.     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

10  Discovery Master, the MGA parties shall file this Order with the Clerk of Court forthwith.

11

12  Dated: March //, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

EXHIBIT 4

PAGE 81

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 11, 2008, I served

the attached ORDER RE MGA DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENAS

in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above

is true and correct.

Executed on March 11, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT _____ 4 _____

PAGE _____ 82 _____

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C. PURSUANT TO SUBPOENA**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br>[Declaration of Michael T. Zeller filed concurrently]<br><br>Hearing Date:       January 4, 20008<br>Time:                    TBA<br>Place:                   Telephonic<br>**Phase 1**<br>Discovery Cut-off:        January 28, 2008<br>Pre-trial Conference:     April 21, 2008<br>Trial Date:                   May 27, 2008 |

EXHIBIT ___7___

PAGE ___114___

12-13

7209/2325182.1

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that at a telephonic conference before

3  Discovery Master Hon. Edward Infante (Ret.) that will occur on January 4, 2008,

4  plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to compel the

5  deposition of Littler Mendelson, P.C. ("Littler"), pursuant to a subpoena issued on

6  September 6, 2007.

7        This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 36

8  and 37 on the grounds that pursuant to the subpoena Mattel seeks to depose Littler

9  on discoverable, non-privileged information, and that Carter Bryant's objections to,

10  and concurrent motion to quash, the deposition are improper and should be

11  overruled.

12        This Motion is based on this Notice of Motion and Motion, the

13  accompanying Memorandum of Points and Authorities, the Declaration of James J.

14  Webster filed concurrently herewith, and all other matters of which the Court may

15  take judicial notice.

16        **<u>Statement of Rule 37-1 Compliance</u>**

17        The parties met and conferred regarding this motion on September 10,

18  2007 and times thereafter.

19

20  DATED:  December 13, 2007      QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP

21

22

23                              By
                                 James L. Webster
                                 Attorneys for Mattel, Inc.

24

25

26

27  EXHIBIT  7

28  PAGE  115

07209/2325182.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Bryant's sworn deposition testimony in 2005 was that he personally used three computers since October 2000, i.e., the time periods directly relevant to this case. The drives would contain critical evidence of Bryant's activities during the ensuing period. For the past more than two years, Mattel has sought discovery on these drives, and the information they (should) contain. In response, Bryant and his now former counsel, Littler Mendelson, P.C. ("Littler"), have made conflicting representations.

Their initial position was that only <u>one</u> of the three drives could be located—the one for his October 2000 Desktop—and that their allegedly "tireless" search for the only drive they purportedly found yielded <u>no</u> relevant documents. In response, on January 4, 2007, Mattel moved to compel production of the drives. On January 25, 2007, the Court ordered Bryant to produce his hard drives. After delays in Bryant's production of compelled drives, Littler announced that that the Desktop drive could no longer be found. At the same time, Littler revealed that contrary to its prior representations to the Court, it <u>did</u> have possession of another drive (from a Bryant laptop)—which had been in Littler's possession <u>since 2004</u>—and which did contain Bratz related documents.

On April 10, 2007, Mattel moved to enforce the Court's Order, and require immediate production of the drives. In response, after yet more delays, Littler reversed course and revealed without explanation that it had regained possession of the Desktop drive. Mattel inspected two drives and found that a program called "Evidence Eliminator" had been installed apparently to destroy data. On September 6, 2007, Mattel served a <u>Rule</u> 30(b)(6) deposition subpoena on Littler seeking information regarding the handling of the drive.

By this motion, Mattel seeks an Order that it can now depose Littler regarding non-privileged, percipient issues, i.e., to determine when it obtained the

EXHIBIT _____ 7

-1-

1 | drives, how they were preserved, when the Desktop went missing, and if it has any
2 | knowledge regarding the destruction of evidence, especially given Littler's
3 | conflicting representations to the Court on these subjects. This information is critical
4 | to Mattel's preparation for trial, including on the issue of spoliation.  It is also
5 | information uniquely in the possession of Littler.

6 | Mattel also seeks testimony regarding destructive testing on key Bratz
7 | drawings that was conducted while Littler was counsel, without notice to the Court
8 | or Mattel. Judge Larson has already recognized that the handling of these critical
9 | documents raises serious questions; only Littler can provide necessary answers on
10 | aspects of those documents' handling.

11 | Bryant's objections to the deposition are based solely upon an
12 | inapplicable Eighth Circuit precedent—Shelton v. Amer. Motors Corp., 805 F.2d
13 | 1323 (8th Cir. 1986)—which speaks to the protection of opposing trial counsel's
14 | litigation tactics and strategy. But Littler is *former* trial counsel, and Mattel seeks
15 | *facts* regarding the handling of evidence wholly unrelated to trial strategy.  In any
16 | case, even were Shelton applicable, the deposition is proper because of the critical
17 | evidence at issue, and the inability of Mattel to gather it from any other source.  For
18 | all these reasons, the Court should compel Littler to appear for deposition.

19 |
20 | **Factual Background**
21 |
22 | **At Deposition in November 2004, Bryant Identified Three**
23 | **Relevant Computers He Used Since October 2000.** At his deposition on
24 | November 4, 2004, Bryant testified that he had used three different computers for
25 | the period since 1998.  Two are relevant here.  One was a desktop computer he
26 | purchased on October 21, 2000 (the "Desktop")—just one day after he resigned
27 |
28 |

EXHIBIT ___7___

PAGE ___117___

MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON

1  from Mattel;[1] Bryant testified that he used this computer from 2000 until

2  approximately November 2003 (i.e., five months before this lawsuit was filed), and

3  then gave it to his niece .[2] The other was the laptop computer Bryant purchased in

4  November 2001 ("the Laptop").[3]

5  **Bryant and Littler Represent That The Desktop Was Examined**

6  **And Contained No Responsive Information.** Bryant and Littler repeatedly

7  represented that they had possession of the Desktop computer; they also represented

8  that they searched it and found no responsive documents. Littler confirmed this in a

9  November 1, 2004 letter to Mattel claiming that the Desktop "has been retrieved and

10  searched for responsive documents, and none have been located."[4] Mattel wrote

11  back asking that the Desktop hard drive be preserved.[5]

12

13

14

15  [1]  Circuit City receipt dated October 21, 2000, attached to the Declaration of Michael T. Zeller, dated December 13, 2007 filed concurrently herewith ("Zeller

16  Dec."), Exh. 2; Deposition of Carter Bryant ("Bryant Deposition") at 246:3-5, Zeller Dec., Exh. 3.

17  [2]  Bryant Deposition at 245:8-17; 246:3-5; 248:5-9, Zeller Dec., Exh. 3.

18  Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to 2002" and thus confirmed as well that it pertained to a highly pertinent time period.

19  Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on

20  January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8-10, Zeller Dec., Exh. 5.

      [3]  Bryant Deposition at 247:25-248:2, Zeller Dec., Exh. 3.

21  [4]  Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John

22  Quinn and Michael Zeller, counsel for Mattel, at p. 2, Zeller Dec., Exh. 4

23  ("Regarding [Mattel's] requests to inspect Mr. Bryant's home computer, I have made further inquir[i]es on that subject to Mr. Bryant and my colleagues. Mr. Bryant did

24  not own a home computer during his time at Mattel. He later purchased a computer,

      which he used for a time, and then gave away to his niece. That computer has been

25  retrieved and searched for responsive documents, and none have been located. Mr.

26  Bryant declines to produce his hard drive for inspection for the reasons articulated in his response to Mattel's document request.").

27  [5]  Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Keith

28  A. Jacoby, Zeller Dec., Exh. 1.

EXHIBIT ___7___

PAGE  116

MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON

7209/2325182.1

1           In January 2005, Mattel filed a motion to compel seeking the

2  production of Bryant's hard drives, including the Desktop hard drive.[6]  Bryant

3  opposed the motion, representing to the Court that he had "tirelessly searched for

4  and inspected" the Desktop drive "for relevant information" and had made an

5  "extensive and diligent search" for responsive information.[7]  Littler's attorney

6  declarations averred that counsel had examined the Desktop—indeed, "extensively"

7  so—and that they spent "scores of attorney hours" searching for responsive

8  documents, and found no responsive documents.[8]

9           Due to an intervening discovery stay, Mattel's original motion to

10  compel was not ruled upon.  After the stay was lifted and the Discovery Master

11  appointed, Mattel renewed its motion to compel production of Bryant's hard drives

12  in early January 2007, again specifically seeking production of the Desktop hard

13  drive.[9]

14           Bryant represented (again) in his Opposition that he had conducted a

15  "diligent" search for the hard drives and stated that the *only* drive he could locate

16

17

18

   [6]  Joint Stipulation at 3-4, 58-61, Zeller Dec., Exh. 5.

19    [7]   Joint Stipulation at 62:1-13, Zeller Dec., Exh. 5; [Redacted] Declaration of

20  Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's

    Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.") at

21  ¶¶ 22, 23, attached as Exh. 6 to the Zeller Dec.  Bryant's opposition also made clear

22  that the hard drive purportedly searched was from the Desktop.  Id. at ¶ 23

    (referencing the "hard drive from Bryant's home computer, which he gave to his

23  niece in 2002").

    [8]  Joint Stipulation at 62:2-13, 18-20, Zeller Dec., Exh. 5; 2005 Jacoby Dec. at

24  ¶¶ 23, 24, Zeller Dec., Exh. 6.

25    [9]  Zeller Dec. ¶ 8; see also Separate Statement of Mattel, Inc. in Support of

26  Motion to Compel Production of Documents by Carter Bryant, filed on January 4,

    2007 (excerpts) at 57-61, Zeller Dec., Exh. 7; Declaration of Michael T. Zeller in

27  Support of Mattel, Inc.'s Motion to Compel Production of Documents by Carter

28  Bryant (without exhibits) filed January 4, 2007 at ¶ 27, Zeller Dec., Exh. 8.

EXHIBIT _____

1    was from the Desktop.[10]  Littler represented (again) that they had searched the

2    Desktop hard drive, but did not find "any responsive documents or relevant

3    information" on it.[11]

4    **On January 25, 2007, the Court Orders Production of the Hard**

5    **Drive, But Bryant's Counsel Fails to Produce Them.**  The Discovery Master

6    granted Mattel's motion to compel.  Among other things, it was ordered that

7    "[p]ursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his

8    computers for forensic imaging" by no later than February 23, 2007 (the "Discovery

9    Order").[12]

10    Shortly before the February 23, 2007 deadline, Littler asked Mattel for

11    an extension of time to comply with the Discovery Order, claiming additional time

12    was required because (i) the quantity of responsive documents "may be significant"

13    and (ii) because Bryant would be traveling.[13]  Mattel agreed to extend Bryant's time

14    to produce the hard drives.[14]

15    Four days later, in a February 27, 2007 email, Littler asserted a new

16    reason for failing to produce the hard drives, i.e., that the hard drive contained some

17    unspecified "highly private material" and seeking "some sort of agreement" on that

18

19    _____

20    [10]  Separate Statement of Defendant Carter Bryant in Opposition to Mattel's
      Motion to Compel, filed on January 11, 2007 ("Bryant's 2007 Separate Statement")

21    at 39, Zeller Dec., Exh. 9; Declaration of Keith A. Jacoby in Support of Carter

22    Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents
      (excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Zeller Dec., Exh. 10.

23    [11]  2007 Jacoby Dec., ¶ 31, Zeller Dec., Exh. 10.

24    [12]  Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25,
      2007 at 17, Zeller Dec., Exh. 11.

25    [13]  Stipulation and Order re: Request to Extend Deadline Within Which Carter

26    Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting
      Mattel's Motion to Compel Production of Documents dated February 23, 2007,

27    Zeller Dec., Exh. 12.

28    [14]  Id.

EXHIBIT  7

PAGE  120

1  issue.[15]  Yet again, Mattel's counsel agreed to extend the deadline for production so
2  the parties could further discuss this new privacy issue.  In return, Littler agreed to
3  provide a detailed log of the "highly private" files at issue by no later than the end of
4  the following week (by March 23, 2007).[16]  By March 26, 2007, Littler had still not
5  produced that log.[17]

6      **In April 2007, Littler Reveals It Has Possession of Additional Hard**
7  **Drives But No Longer Has the Desktop Drive.**  In view of Littler's failure to
8  comply with the January 25, 2007 Order, Mattel sought to meet and confer in
9  advance of a motion to enforce the Order.[18]  Littler then made two new claims:

10      First, although Littler had previously represented to the Court that it
11  *only* had the Desktop hard drive,[19] it now stated that forensic images of *two* Bryant
12  hard drives had been made in *July 2004*—after this suit was filed and long before
13  Littler's representations to the Court that *only* the Desktop drive had been located.[20]
14  Littler claimed that one of these forensic images made in July 2004 was the Laptop
15  drive that Littler had represented to the Court had not been located.[21]  It thus also

16  _____

17    [15]  E-mail dated February 27, 2007, from Douglas Wickham to John Quinn and
18  Michael Zeller, Zeller Dec., Exh. 13.
  [16]  Letter dated March 2, 2007 from Douglas Wickham to Michael Zeller, Zeller
19  Dec., Exh. 14; letter dated March 16, 2007 from Douglas Wickham to Michael
20  Zeller, Zeller Dec., Exh. 15;  letter dated March 27, 2007 from Douglas Wickham to
Michael Zeller, Zeller Dec., Exh. 18.
21    [17]  Letter dated March 26, 2007 from Michael Zeller to Douglas Wickham, Zeller
22  Dec., Exh. 16.
  [18]  Id.
23    [19]  Bryant's 2007 Separate Statement at 39, Zeller Dec., Exh. 9; 2007 Jacoby
24  Dec. at ¶ 31, Zeller Dec., Exh. 10; Letter dated March 26, 2007 from Douglas
25  Wickham to Michael Zeller, Zeller Dec. Exh. 17; Letter dated March 27, 2007 from
Douglas Wickham to Michael Zeller, Zeller Dec. Exh. 19.
26    [20]  Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Zeller
Dec., Exh. 21.
27    [21]  Id.  More specifically, Bryant identified the two images that were made in
28  July 2004 as being of (1) a 20 GB Travelstar hard drive from a Compaq Presario
    (footnote continued)

1  came to light that Littler had withheld these additional drives since July 2004.[22]

2  Littler further informed Mattel that the imaged data were from the 2002 and 2003

3  time period, giving the impression that the computers from which the hard drives

4  were imaged were not in use before that time.[23]

5  　　　　Second, in response to Mattel's specific requests for an explanation

6  regarding the status of the Desktop hard drive, Littler stated that it no longer knew

7  the whereabouts of the Desktop.[24]  Littler stated that it was "not sure" about the

8  accuracy of its prior representations—i.e., that the Desktop drive had been retrieved

9  from Bryant's niece—and that it may have been "wrong."[25]

10  **On April 10, 2007 Mattel Moved to Enforce the Court's January**

11  **25, 2007 Order.**  Faced with these starkly conflicting representations, Mattel moved

12  to enforce the Court's January 25, 2007 Order and compel Bryant to produce the

13  compelled computer hard drives.[26]  The day before Bryant's Opposition was due,

14  Littler  wrote stating that it had discovered an image of the Desktop in its

15

16  laptop, and (2) a 20 GB Quantum Fireball LCT 15 hard drive.  Id., p. 1.  Also during
   the meet and confer process, Bryant's counsel represented that Bryant was still in

17  possession of the physical hard drive from the laptop but no longer had the Quantum

18  hard drive.  Id., p. 1.
   [22]  Letter dated March 27, 2007 from Douglas Wickham to Michael Zeller,

19  Zeller Dec. Exh. 19.  Bryant's counsel further disclosed that there were additional

20  "hard drive(s)" that had been "recently copied in Missouri," and that "[a]fter further
   examination, it appears that these drives also contain highly private, non-responsive

21  documents."  Id.  As noted above, in subsequent conversations, Bryant's counsel

22  stated that there were three images of these additional drives, for a total of at least
   five hard drive images.  Letter dated April 6, 2007 from Michael Zeller to Douglas

23  Wickham, Zeller Dec., Exh. 21.
   [23]  Id.

24  [24]  Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Zeller

25  Dec., Exh. 21.
   [25]  Id.; Zeller Dec. ¶ 25.

26  [26]  See Notice of Motion and Motion of Mattel, Inc. for an Order to Enforce

27  Court's January 25, 2007 Order Compelling Bryant to Produce Desktop Computer

28  Hard Drive, dated April 10, 2007, Zeller Dec., Exh. 23.

EXHIBIT 7

1  possession, and would now make it available to Mattel.[27]  Mattel imaged that drive,
2  and took its motion off calendar.[28]  Shortly after, Littler withdrew as counsel and
3  was replaced by Bryant's current counsel, Keker & Van Nest.[29]  Keker subsequently
4  produced the Laptop drive and the image.

5          Upon reviewing the drives, Mattel discovered that a software program
6  titled "Evidence Eliminator" had been installed and run on them.  Evidence
7  Eliminator purports to be a program designed to permanently destroy data to prevent
8  its use in legal proceedings: "Evidence Eliminator ... the data destroyed is 'gone
9  forever' and it is impossible to create mirror images of defendants' hard drives ..."[30]
10  This meant that, although it is undisputed that Bryant used the Desktop from
11  October 21, 2000 to November 2003, data from 2000 – 2001 had been eliminated—
12  perhaps explaining why Littler had represented that (without explanation) only data
13  from 2002 to 2003 was present on the drive.

14                    **Destructive Testing on the Bratz Drawings**

15          This was not the first instance in which Mattel was aware of damage
16  done to evidence in this case while in the possession of Littler.  Indeed, Mattel
17  uncovered evidence that Littler engaged in destructive testing of the original Bratz
18  drawings without notice to the Court or Mattel.[31]

19
20
21

---

22  [27]  Letter dated April 23, 2007, from Keith A. Jacoby to Michael Zeller. Zeller
23  Dec., Exh. 24.
    [28]  Mattel, Inc.'s Notice of Withdrawal Without Prejudice of Motion for an Order
24  to Enforce Court's January 25, 2007 Order Compelling Bryant to Produce Desktop
    Computer Hard Drive, Zeller Dec., Exh. 25.
25  [29]  Request for Approval of Substitution of Attorney, dated May 18, 2007, Zeller
26  Dec., Exh. 26.
    [30]  Zeller Dec. ¶ 30, Exh. 27.
27  [31]  Court's Order Denying Appointment of Expert Witnesses ("Expert Witnesses
28  Order"), dated August 11, 2006, at 4:19-7:3, Zeller Dec., Exh. 31.

EXHIBIT ____7____

-8-

1    Littler agreed to produce all of Bryant's original Bratz drawings at his
2  deposition in November 2004.[32]  Despite these promises, Bryant brought only a few
3  of his original drawings to the deposition.[33]  Some of these drawings had holes in
4  them, indicating that samples had been extracted for ink and/or paper chemical
5  dating analysis.[34]  Bryant testified that his drawings did not have holes in them when
6  he turned them over to defendants' counsel and that he was unaware of the origin of
7  the holes.[35]  Appearances notwithstanding, defendants' counsel at first denied that
8  anyone engaged in destructive sampling or analysis of Bryant's original drawings.[36]
9  Only after Mattel filed a motion asking the Court to appoint an expert witness did
10  defendants finally reverse course and admit that destructive sampling had been
11  performed on these documents.[37]  In ruling on that motion, the Court recognized that
12  defendants' handling of these "critical documents" raises "serious questions . . .
13  [which cause] the Court much concern about whether the truth seeking functions of
14  the adversarial system have been fundamentally compromised in this case."[38]

15                **Mattel Serves Subpoenas on Littler Mendelson**

16    Faced with Littler's contradictory statements about the hard drives, and
17  apparent spoliation of evidence with regard to the original Bratz drawings, Mattel
18  served a subpoena on Littler for documents,[39] and a second Rule 30(b)(6) subpoena

19

20

---

21  [32]  Zeller Dec., Exhs. 32 & 33.
22  [33]  Zeller Dec. ¶ 37.
23  [34]  Zeller Dec. ¶ 38; Bryant Deposition at 459:13-460:16, Zeller Dec., Exh. 3.
    [35]  Bryant Deposition at 460:2-16, Zeller Dec., Exh. 3.
24  [36]  Declaration of Keith Jacoby in support of Bryant's portion of Joint Stipulation
25  Re: Mattel, Inc.'s Motion to Compel Inspection of Original Documents and
    Tangible Things, filed February 18, 2005, ¶ 11, Zeller Dec., Exh. 34.
26  [37]  Declaration of Erich J. Speckin, dated July 21, 2006, ¶¶ 8, 13, Zeller Dec.,
    Exh. 35.
27  [38]  Expert Witnesses Order at 11:10-13, Zeller Dec., Exh. 31.
28  [39]  Zeller Dec., Exh. 28.

EXHIBIT ___7___

PAGE ___103___

MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON

1  to depose Littler.[40]  These subpoenas sought information regarding the hard drive,

2  and preservation and destruction of other evidence in Littler's possession, including

3  destructive testing done on the original Bratz drawings.[41]  Bryant objected, and the

4  parties engaged in a series of meet and confers on the topic.  Bryant took the

5  position that he had no objection to production of documents, but that Littler had no

6  responsive, non-privileged documents in its possession.[42]  Bryant refused to allow

7  the deposition, arguing that it was barred under Shelton v. Amer. Motors Corp., 805

8  F.2d 1323 (8th Cir. 1986).

9

10                                              **Argument**

11  **I.     THE LITTLER DEPOSITION IS PROPER BECAUSE LITTLER HAS**

12          **NON-PRIVILEGED AND RELEVANT PERCIPIENT INFORMATION**

13          **REGARDING BRYANT'S COMPUTER DRIVES**

14                 Bryant does not and cannot dispute that the information that would be

15  contained on Bryant's computer hard drives from 2000 onwards is probative of

16  Bryant's conduct during his transition from Mattel to MGA in 2000.  As set forth

17  above, serious concerns have arisen as to whether proper steps were taken to

18  preserve evidence, particularly in relation to the 2000 – 2001 period on the Desktop

19  containing the "Evidence Eliminator" program.  Data is missing and Mattel has no

20  explanation as to why it is missing.  The handling of the computer hard drives is

21  therefore a proper subject of percipient witness testimony.  This will not require any

22  impermissible intrusion into work product or attorney-client communications.

23                 The non privileged information Mattel seeks is as follows:

24

25

26

27  [40]  Zeller Dec., Exh. 29.                    EXHIBIT ___7___

28  [41]  Id.                                      PAGE ___124___
    [42]  Zeller Dec., Exh. 30.

                                          -10-
MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON

1       •    When and how Littler or its agents collected Bryant's computer

2            hard drives.

3       •    What was done with those drives once they were in Littler's

4            possession, including how those drives were stored, whether

5            evidence was preserved on backup images, and whether and

6            when such drives were reviewed.

7       •    Communications with third parties regarding collection and

8            preservation of evidence that were the subject of representations

9            made by Littler.

10       •    The facts regarding any other destruction of evidence, such as

11            destructive testing conducted on the original Bratz drawings.

12

13         Courts routinely find that such discovery targeted to issues of spoliation

14 and evidence collection and preservation are proper subjects of discovery. See, e.g.,

15 Rambus, Inc. v. Infineon Technologies AG, 222 F.R.D. 280, 299 (E.D. Va. 2004)

16 (granting motion to compel documents regarding spoliation); In re Automotive

17 Refinishing Paint Antitrust Litigation, 2006 WL 1479819, *6 (E.D. Pa.) (permitting

18 discovery regarding existence of evidence; "Defendants just want to know whether

19 Plaintiffs possess any such documents at all. They are merely seeking to uncover

20 the factual basis for Plaintiffs' claims—the central purpose of discovery.").

21         In such cases, courts do not shield a witness with unique percipient

22 evidence simply because that witness is an attorney who has acted as counsel.

23 Riddell Sports Inc. v. Brooks, 158 F.R.D. 555, 559 (S.D.N.Y. 1994) ("[T]the

24 collection of evidence, without any creative or analytic input by an attorney or his

25 agent, does not qualify as work product."); In re Grand Jury Subpoenas dated March

26 9, 2001, 179 F. Supp. 2d 270, 284 (S.D.N.Y. 2001) (same).

27         Mattel expects that Littler will complain that it is being forced to

28 expose its litigation strategy. Although it is true that Littler has made conflicting

EXHIBIT _____ 7

-11-

1    representations in the past two years regarding whether it had the Desktop, and
2    whether it contained relevant evidence, Littler's litigation strategy is not at issue.
3    Instead, Mattel seeks and is entitled to know how, whether and by whom evidence
4    has been handled or mishandled.  Littler played a key role in the handling of the
5    evidence which Mattel continues to seek.  There can be no dispute that Littler has
6    unique and percipient information regarding the preservation—or, apparently, the
7    destruction—of evidence concerning Bryant's activities at the very time during
8    which he transitioned from Mattel to MGA and that the District Court and the
9    Discovery Master have directly found to be relevant and indeed crucial.

10   **II.    THE SHELTON RULE DOES NOT APPLY IN THIS CASE**

11          **A.    Courts Have Often Rejected The Shelton Test As Inflexible**

12          Tellingly, as to the subpoena document requests on the same topics,
13   Bryant states that he has no objection to production.  Bryant's objects to the Littler
14   deposition based solely on the theory that Littler was at one time Bryant's intended
15   trial counsel.  In doing so, Bryant invokes out-of-circuit authority which is readily
16   distinguishable here.  Bryant relies upon Shelton v. Amer. Motors Corp., 805 F.2d
17   1323 (8th Cir. 1986) as the sole basis for refusing the deposition.  That case
18   established special rules in the Eighth Circuit designed to limit (but not bar)
19   depositions of opposing counsel.  The Shelton court stated that it wished to prevent
20   the practice of "simply depos[ing] opposing counsel in an attempt to identify the
21   information that opposing counsel has decided is relevant and important to his legal
22   theories and strategy." Id. at 1327.  It further noted a fear that opposing counsel
23   might use the practice to interfere with an attorney's preparation of the case or
24   otherwise harass.  Id.  The Shelton court therefore created a three-prong test before
25   allowing such a deposition:

26          We do not hold that opposing trial counsel is absolutely
27          immune from being deposed.  We recognize that
28          circumstances may arise in which the court should order

EXHIBIT ___7___

1    the taking of opposing counsel's deposition.  But those
2    circumstances should be limited to where the party
3    seeking to take the deposition has shown that (1) no other
4    means exist to obtain the information than to depose
5    opposing counsel; (2) the information sought is relevant
6    and nonprivileged; and (3) the information is crucial to the
7    preparation of the case.

8  Id.

9         As a preliminary matter, Shelton has never been adopted in the Ninth

10  Circuit.  Several courts, including the Second Circuit, have rejected its test as overly

11  harsh, and chosen instead to apply more flexible rules.  See, e.g., In re Subpoena

12  Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003) (rejecting Shelton rule

13  and stating, "the standards set forth in Rule 26 require a flexible approach to lawyer

14  depositions whereby the judicial officer supervising discovery takes into

15  consideration all of the relevant facts and circumstances to determine whether the

16  proposed deposition would entail an inappropriate burden or hardship"); qad.inc v.

17  ALN Associates, Inc., 132 F.R.D. 492, 495 (N.D. Ill. 1990) ("[T]his Court

18  subscribes wholeheartedly to a procedure that rejects any prior restraint in favor of

19  permitting the deposition to go forward, with any individualized objections to be

20  dealt with during its regular course."); Cook, Inc. v. C. R. Bard, Inc., 2003 WL

21  23009047, *1 (S.D. Ind. 2003) ("[T]he Court finds that it was not error for the

22  Magistrate Judge to decline to follow Shelton and permit the deposition of Mr.

23  Godlewski to proceed.").  For the reasons set forth below, Mattel submits that the

24  Shelton rationale does not have application to the deposition at issue here, and

25  should not be embraced by the Court.

26

27

28

EXHIBIT 7

PAGE 127

7209/2325182.1

-13-

1    **B.    Shelton Does Not Apply to Bar the Deposition of Former Trial**
2          **Counsel Such as Littler**

3          By its terms, Shelton is specifically limited to depositions of trial
4    counsel and the harms that might arise therefrom.  The core purpose of the Shelton
5    test is to protect a party from a trial counsel deposition that might disclose strategies
6    and otherwise harass and disrupt trial counsel.  "The Shelton test was intended to
7    protect against the ills of deposing opposing counsel in a pending case which could
8    potentially lead to the disclosure of the attorney's litigation strategy."  Pamida, Inc.
9    v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002).  The Littler deposition
10   poses no such danger here.  Apart from the fact that Mattel will not be questioning
11   Littler on litigation strategy, Littler has withdrawn as Bryant's counsel, and been
12   replaced by Keker & Van Nest.  Littler is no longer opposing counsel.  The Shelton
13   test should not be applied here.  See, e.g., Calvin Klein Trademark Trust v.
14   Wachner, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000) (noting that counsel's role in
15   litigation was "peripheral" and refusing to apply Shelton on that basis).  Indeed,
16   courts considering the issue have routinely permitted prior—as opposed to current—
17   trial counsel to be deposed based on this distinction.  See, e.g., Pamida, Inc., 281
18   F.3d at 730 (refusing to apply Shelton to bar deposition of counsel); Nakash v. U.S.
19   Dept. of Justice, 128 F.R.D. 32, 34 (S.D.N.Y. 1989) ("[T]he major rationales in
20   these cases—discouraging the depositions of opposing attorneys in a particular
21   lawsuit to avoid unnecessary expense and interference with the attorney-client
22   relationship—are not applicable here.").

23         For the same reasons, Littler is no longer preparing Bryant's case for
24   trial.  Accordingly, the concern that counsel will be distracted or unable to "devote
25   his or her time and efforts to preparing the client's case" if faced with a deposition
26   simply does not apply.  Shelton, 805 F.2d at 1327.  Nor could this have a chilling
27   effect on future communications with Littler (id.) or lead to the disqualification of

EXHIBIT _____
-14-    PAGE _____

7209/2325182.1

1    counsel who may be called as witnesses.  See Kaiser v. Mutual Life Ins. Co. of New

2    York, 161 F.R.D. 378, 382 (S.D. Ind. 1994).

3    **III.**    **EVEN IF ADOPTED HERE, SHELTON DOES NOT IMMUNIZE**

4          **COUNSEL FROM BEING DEPOSED**

5          Even were Shelton to be followed and applied, Mattel should still be

6    permitted to proceed with the deposition.  Shelton permits such discovery where (1)

7    the information sought is relevant and non-privileged; (2) the information is crucial

8    to the preparation of the case; and (3) no other means exists to obtain the

9    information at issue than to conduct the deposition.

10         **A.**    **The Information Mattel Seeks is Relevant and Non-Privileged**

11          Mattel is seeking relevant and non-privileged information.  The

12    destruction of evidence, including from Bryant's hard drives, is referenced in

13    Mattel's answer and counterclaims in this case.[43]  In response, defendants

14    themselves have placed preservation of evidence and spoliation directly at issue in

15    this case also.[44]  There can be no dispute that inquiry on such topics seeks relevant

16

17

18    [43]    Mattel, Inc.'s Second Amended Answer In Case No. 05-2727, dated July 12,

19    2007 (without exhibits), at ¶ 93(c), Zeller Dec., Exh. 36 ("Counter-defendants

20    MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant,

Machado and Does 4 through 10, aided and abetted by each other and some or all of

21    the remaining members of the MGA Criminal Enterprise, did corruptly alter,

22    destroy, mutilate, or conceal more than one record, document, or other object, or

attempted to do so, with the intent to impair the object's integrity or availability for

23    use in an official proceeding, including this action, including without limitation by .

24    . . destroying electronic and other evidence, including by **destroying evidence**

**previously contained on Carter Bryant's and Isaac Larian's computer hard**

25    **drives.**") (emphasis added); see also id. at ¶ 53 (alleging that Machado destroyed his

26    Mattel hard drive to conceal evidence).

[44]    See Order Denying Motion For Terminating Sanctions; Order Denying

27    Request For Interlocutory Appeal; Order Requiring Filing Of Affidavits Re

28    Evidence Preservation, dated August 29, 2007, Zeller Dec., Exh. 37.

EXHIBIT \_\_\_\_7\_\_\_\_

1  information calculated to lead to the discovery of admissible evidence. See Fed. R.
2  Civ. Proc. 26(b)(1).

3          Mattel therefore satisfies the first prong of the Shelton test.

4      **B.      The Information Mattel Seeks is Crucial**

5          Evidence demonstrating that Bryant worked on Bratz while employed
6  by Mattel—or responding to defendants' arguments that he did not—is pivotal in
7  this action.  The Littler deposition will target the extent to which and manner in
8  which data from Bryant's own computers—including during critical times when
9  Bryant began working with MGA—was preserved.  It also will seek information
10 uniquely in Littler's possession about the handling of Bratz drawings that the
11 District Court has found are key evidence when they were in Littler's possession.

12     **C.      There are No Other Means of Acquiring the Relevant Information**

13         There are no other means of acquiring the information at issue here.
14 Only Littler knows what it has done with respect to the hard drives and the drawings
15 while they were in its possession.  No other witness would have the same
16 information.  For example, by its own account, Littler has communicated with third
17 parties including Bryant's niece, in taking possession of the Desktop drive.  Littler
18 arranged for and oversaw the imaging of the drives.

19         Mattel has exhausted other means of obtaining the evidence from
20 Littler.  Mattel has already attempted to investigate through the use of a document
21 subpoena on Littler, but no responsive documents have been produced.  In any
22 event, by its nature, investigation of spoliation requires the ability to ask follow-up
23 questions to ferret out the truth, something that interrogatories or other written
24 discovery cannot offer.

25         Thus, even if the Shelton test were applied, Mattel has satisfied each
26 prong of that test.

27

28

EXHIBIT ___7___

PAGE ___13/0___

07209/2325182.1

1    **Conclusion**

2        For the foregoing reasons, Mattel respectfully requests that its motion

3    be granted in its entirety.

4

5    DATED:  December 13, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                       By_____

8                                          James J. Webster
                                           Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    EXHIBIT ___7___

28                                                    PAGE ___13___

-17-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On December 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C. PURSUANT TO SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

> John W. Keker
> Michael H. Page
> Christa M. Anderson
> **Keker & Van Nest, LLP**
> 710 Sansome Street
> San Francisco, CA 94111
> *Attorneys for CARTER BRYANT*

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 13, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

EXHIBIT __7__

PAGE __132__

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4  On December 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF LITTLER**
5  **MENDELSON, P.C. PURSUANT TO SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

6

7       Thomas J. Nolan                          Mark E. Overland, Esq.
        **Skadden, Arps, Slate, Meagher & Flom**     David E. Scheper, Esq.
8       **LLP**                                   Alexander H. Cote, Esq.
        300 South Grand Ave., Ste. 3400          **Overland Borenstein Scheper & Kim,**
9       Los Angeles, California 90071            **LLP**
        *Attorneys for MGA ENTERTAINMENT,*       300 South Grand Avenue
10      *INC.*                                   Suite 2750
                                                 Los Angeles, CA 90071-3144
11                                               *Attorneys for Carlos Gustavo Machado*

12

13  **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
14  postage thereon fully prepaid.

15       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
16

17       Executed on December 13, 2007, at Los Angeles, California.

18

19                                              Yolonda J. Dekle

20

21

22

23

24

25

26

27                                  EXHIBIT ___7___
28                                  PAGE ___133___

# EXHIBIT 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED COPY**

_____

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

_____

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Thursday, January 3, 2008

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 79867

EXHIBIT ___8___

PAGE ___131___

1                  UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
2                      EASTERN DIVISION

3      CARTER BRYANT, an
       individual,
4    (

5                  Plaintiff,

6          vs.                         No. CV 04-9049 SGL
                                          (RNBx)
       MATTEL, INC., a Delaware
7      corporation,

8                  Defendants.

9

10    _____

11     Consolidated with MATTEL, INC. v.
       BRYANT and MGA ENTERTAINMENT, INC.
12     v. MATTEL, INC.
      _____

13

14             Hearing before the Honorable EDWARD A. INFANTE,

15    at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16    California, beginning at 1:30 p.m. and ending at 4:05 p.m.

17    on Thursday, January 3, 2008, before DANA M. FREED,

18    Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24            EXHIBIT ___8___
25            PAGE ___135___

2

 1    motion at this time.  Nor am I prepared to quash the

 2    subpoena at this time.  I do believe the subpoena is

 3    overbroad.  And the most discovery that would be

 4    allowed would be discovery with respect to the hard

 5    drives, which you set forth on page 11 of your brief

 6    in the first three bullet points.

 7            With respect to questioning Littler regarding

 8    facts, regarding destructive testing conducted on the

 9    original Bratz drawings, I find that you already have

10    sufficient information with respect to that subject.

11    And the information is not crucial, essential, or even

12    necessary, to the preparation of your case.  And

13    therefore, I would quash the subpoena with respect to

14    those items.

15            Does someone have a copy of the subpoena?

16    I misplaced mine.

17            Thank you, Mr. Werdegar.

18            MR. WERDEGAR:  There's a little highlighting

19    on two of the topics, but I wouldn't consider it work

20    product.

21            JUDGE INFANTE:  I just want to refer to it.

22    It was Exhibit No. 29.  If you take the designated

23    topics of testimony that are requested, and there are

24    8, I'd like to specifically relate my ruling to the

25    8 topics in the subpoena.

EXHIBIT ____8____

PAGE ___136___

 1              Specifically, I'm granting the motion to
 2    quash the subpoena with respect to Topic No. 6,
 3    Topic No. 7, Topic No. 8.  Otherwise, I'm denying your
 4    motion at this time without prejudice.  And with
 5    respect to the competing motion brought by Mattel,
 6    I am not granting your motion at this time but simply
 7    holding it in abeyance until after Carter Bryant
 8    has been thoroughly deposed on these topics.
 9              For the record, I would be denying your
10    motion with respect to topics 6, 7 and 8 of the
11    subpoena.
12              MR. ALGER:  Your Honor, then I would request
13    that we -- that the Court order some mechanism by
14    which we can bring the matter again to the Court's
15    attention perhaps without full notice of briefing.
16              JUDGE INFANTE:  Yeah, I don't think further
17    briefing would be needed.  You can simply submit more
18    evidence in the form of a declaration and any exhibits
19    with respect to deposition transcript testimony.  And
20    I would allow you to do that.
21              MR. ALGER:  Thank you, Your Honor.
22              JUDGE INFANTE:  Now, could you prepare the
23    order?
24              MR. WERDEGAR:  Certainly, Your Honor.
25              And just also to clarify.  I believe this was

EXHIBIT____8____

1    conceded by Mattel, but obviously this is all subject

2    to any motion, that the outcome of the motion for

3    leave for Mattel to take additional depositions which

4    is pending?

5           JUDGE INFANTE:  Yeah, I'm not going to make

6    any reference to that in my order.

7           MR. WERDEGAR:  Okay.

8           JUDGE INFANTE:  Because I believe they

9    should -- they have an election as to which

10   depositions they want to handle, so I'm just, I'm just

11   going to not -- I think that's interesting and

12   important.  But I believe I should make no reference

13   to it in the order.

14          MR. WERDEGAR:  Understood, Your Honor.

15          JUDGE INFANTE:  So let me hand back the

16   Exhibit 29 to you.  Thank you for lending it to me.

17   And would you please prepare my order on both motions?

18          MR. WERDEGAR:  I certainly will, Your Honor.

19   Thank you.

20          JUDGE INFANTE:  Thank you.  I don't recall

21   whether there were any requests for monetary

22   sanctions.  If they were, they're denied.  Cross

23   motions for monetary sanctions are denied.

24          MR. WERDEGAR:  I don't think there were.  But

25   thank you, Your Honor.

EXHIBIT 8

PAGE 136

72

1           JUDGE INFANTE:  Okay.  They become so common

2     in these motions that I feel like I have to cover

3     that.

4           We're going to take a short break.  Why don't

5     we take a 10-minute break?  And off the record I'm

6     going to confer with counsel as to the remaining

7     motions that we haven't heard yet and tell you which

8     ones I'm prepared on and which ones I'm not.  So we'll

9     go off the record at this time.

10          (Recess taken.)

11          JUDGE INFANTE:  I'm prepared to hear the

12    joint motion brought by MGA and Bryant to Compel

13    Further 30(b)(6) Testimony.  This is the motion

14    regarding bandying, b-a-n-d-y-i-n-g, of 30(b)(6)

15    witnesses.

16          You may proceed.

17          MR. TRINIDAD:  Thank you, Your Honor.  Again,

18    this is John Trinidad on behalf of Carter Bryant and

19    with the joint motion with MGA entertainment.  Again,

20    I'll keep my comments brief since the issue has been

21    fully briefed.

22          It's a fairly straightforward motion,

23    Your Honor.  Bryant and MGA have a right to discovery

24    of the facts that underlie the claims that Mattel has

25    lodged against them.  And the topics for the 30(b)(6)

EXHIBIT   8

1      I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3      That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11      Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15      I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18      IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   JAN - 4 2008

22

23

              DANA M. FREED
24              CSR No. 10602

25

EXHIBIT ___8___

PAGE   _1/1_

# EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 10

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14  vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware<br>corporation, | **[To Be Heard By Discovery Master** |
| 16  Defendant. | **Hon. Edward Infante (Ret.) Pursuant**<br>**To The Court's Order of December 6,** |
| 17  | **2006]** |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF<br>MOTION AND MOTION TO |
| 19  | COMPEL PRODUCTION OF<br>ELECTRONIC MEDIA FROM THIRD |
| 20  | PARTIES ELISE CLOONAN,<br>MARGARET HATCH-LEAHY AND |
| 21  | VERONICA MARLOW |
| 22  | [Notice of Lodging filed concurrently<br>herewith] |
| 23  | |
| 24  | Hearing Date:  TBA<br>Time:          TBA<br>Place:         TBA |
| 25  | |
| 26  | **Phase 1:**<br>Discovery Cut-Off:   January 28, 2008 |
| 27  | Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

EXHIBIT ___10___

PAGE ___157___

2-6-08

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that at a hearing before Discovery Master Hon.
3   Edward Infante (Ret.) that will occur at a date and time and location to be
4   determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,
5   move the Court for an order compelling third party witnesses Elise Cloonan,
6   Margaret Hatch-Leahy and Veronica Marlow to produce certain electronic media in
7   their possession, custody and control.

8        This Motion is made pursuant to <u>Federal Rule of Civil Procedure</u> 45 on the
9   grounds that these witnesses—who the Court has previously recognized as being
10  key witnesses, who are affiliated with MGA and who are represented by counsel
11  retained by MGA—have in their possession, custody and control electronic media
12  that contains evidence about the origins of Bratz and the timing of its creation and
13  development, including during the time periods when defendant Carter Bryant was
14  working for Mattel.  These electronic media include a "zip Disk" labeled "Bratz"
15  and the witness' computer hard drives.  Recent discovery shows these electronic
16  media contain evidence that has not been produced and which counsel for these key
17  witnesses has refused to make available for Mattel's expert examination.  Efforts at
18  reaching an agreement with counsel to produce such electronic media have failed.

19       Mattel previously sought identical relief, in addition to relief from the expert
20  witness cut-off date dictated by Judge Larson's Scheduling Order in an *ex parte*
21  application.  On February 4, 2008, the Court ordered this matter submitted to the
22  Discovery Master for ruling.  (February 4, 2008 Order attached hereto as Exhibit A).
23  Mattel accordingly brings this Motion to Compel (which does not seek relief from
24  or modification of the scheduling order).

25       The parties have fully briefed the issue presented by Mattel's Motion—the
26  production of the electronic media.  Mattel previously filed it's Ex Parte Application
27  To (1) Compel Production of Electronic Media From Third-Parties Elise Cloonan,
28  Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The Alternative, Modify

EXHIBIT _____

1

1    the Scheduling Order on January 23, 2008.  Third Parties Cloonan, Hatch-Leahy and

2    Marlow filed an Opposition to Mattel's Ex Parte Application on January 27, 2008.

3    Defendant MGA filed a Joinder in that Opposition on January 28, 2008.  Mattel

4    filed a Reply in Support of Its Ex Parte Application on February 1, 2008.

5        Mattel concurrently lodges this briefing and all supporting documents with

6    the Discovery Master.

7        This Motion is based on Mattel's previously-filed Ex Parte Application To (1)

8    Compel Production of Electronic Media From Third-Parties Elise Cloonan,

9    Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The Alternative, Modify

10   the Scheduling Order on January 23, 2008, Mattel's previously-filed Reply In

11   Support of that Application, the previously-filed Declaration of Christopher

12   Tayback dated January 23, 2008, the previously-filed supplemental Declaration of

13   Christopher Tayback dated February 1, 2008, the previously-filed accompanying

14   applications to seal, the records and files of this matter, and all other matters of

15   which the Discovery Master may take judicial notice.

16       Mattel does not anticipate there will be any need for further briefing on the

17   issues raised in this Motion.

18                         **Statement of Rule 37-1 Compliance**

19       Counsel met and conferred regarding this motion on numerous

20   occasions between December 20, 2007 and January 11, 2008.

21

22   DATED:  February 6, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
23

24                                     By  /s/ Jon Corey
25                                        Jon Corey
                                          Attorneys for Mattel, Inc.
26

27                                     EXHIBIT  10

28                                     PAGE  159

07209/2378494.1
                                         -2-

# EXHIBIT A

EXHIBIT ___10___

PAGE ___160___

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13           Plaintiff, | Consolidated with<br>Case Nos. CV 04-09059<br>Case Nos. CV 05-02727 |
| 14      vs. | **PROOF OF SERVICE** |
| 15  MATTEL, INC., a Delaware corporation, | |
| 16           Defendant. | |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |

20

21

22

23

24

25

26     EXHIBIT ___10___

27     PAGE ___(6)___

28

'209/2365790.1

2-6 7 3 -1-

1

## PROOF OF SERVICE

2

I am employed in the County of Los Angeles, State of California. I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6

On February 6, 2008, I served true copies of the following documents

7 described as:

8

## SEE DOCUMENT LIST

9 on the parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq. Carl Roth, Esq. **Skadden Arps Slate Meagher & Flom, LLP** 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 | Larry McFarland, Esq. Christian Dowell, Esq. **Keats, McFarland & Wilson LLP** 9720 Wilshire Blvd. Penthouse Suite Beverly Hills, CA 90212 |

14

[√]   **[PERSONAL]** by personally delivering the document listed above to

15

the person(s)

16

at the address(es) set forth above.

17

I declare that I am employed in the office of a member of the bar of this court

18 at whose direction the service was made

19

Executed on February 6, 2008, at Los Angeles, California.

20

21

22

David Quintana

23

24

25

26  EXHIBIT __10__

27  PAGE __162__

28

1

**PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5          On February 6, 2008, I served true copies of the following documents

6   described as:

7                              **SEE DOCUMENT LIST**

8          on the parties in this action as follows:

9   | John W. Keker, Esq. | |
10  | Michael H. Page, Esq. | |
    Christina M. Anderson, Esq.
11  **Keker & Van Nest, LLP**
    710 Sansome Street
12  San Francisco, CA 94111

13          [√]    **BY FEDEX:**  I deposited such document(s) in a box or other facility regularly

14  maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to

15  receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees

16  paid or provided for, addressed to the person(s) being served.

17          I declare that I am employed in the office of a member of the bar of this

18  court at whose direction the service was made

19          Executed on February 6, 2008, at Los Angeles, California.

20

21                              Mariko Miyoshi

22                              Mariko Miyoshi

23

24

25

26          EXHIBIT   10

27          PAGE   163

28

7209/2365790.1

-3-

Case No. CV 04-9049 SGL (RNBx)

## PROOF OF SERVICE

1

2      I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5      On February 6, 2008, I served true copies of the following documents

6  described as:

7                    **SEE DOCUMENT LIST**

8      on the parties in this action as follows:

| Mark E. Overland, Esq. | John W. Keker, Esq. |
|---|---|
| Alexander H. Cote | Michael H. Page, Esq. |
| **Overland Borenstein Scheper & Kim LLP** | Christina M. Anderson, Esq. |
| | **Keker & Van Nest, LLP** |
| 300 South Grand Avenue, Suite 2750 | 710 Sansome Street |
| Los Angeles, CA 90071-3144 | San Francisco, CA 94111 |

13

14      [√]      **BY MAIL** I caused such envelope to be placed in the firm's mail.  I am

15  "readily familiar" with the firm's practice of collection and processing

16  correspondence for mailing.  It is deposited with U.S. postal service on that same

17  day with postage thereon fully prepaid at Los Angeles, California in the ordinary

18  course of business.  I am aware that on motion of the party served, service is

19  presumed invalid if postal cancellation date or postage meter date is more than one

20  day after date of deposit for mailing in affidavit.

21      I declare that I am employed in the office of a member of the bar of this court

22  at whose direction the service was made

23      Executed on February 6, 2008, at Los Angeles, California.

24                                        _Mariko Miyoshi_

25                                        Mariko Miyoshi

26

27      EXHIBIT ___10___

28      PAGE ___164___

1

## DOCUMENT LIST

2   1.   **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO
3        COMPEL PRODUCTION OF ELECRONIC MEDIA FROM THIRD
        PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND
        VERONICA MARLOW**

4   2.   **MATTEL, INC.'S NOTICE OF LODGING IN SUPPORT OF ITS
5        NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION
        OF ELECTRONIC MEDIA FROM THIRD PARTIES EILSE
6        CLOONAN, MARGARET HATCH-LEAHY AND VERONICA
        MARLOW**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   EXHIBIT ___10___

27   PAGE ___165___

28

209/2365790.1

-5-

Case No. CV 04-9049 SGL (RNBx)