# EXHIBIT 11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                          Theresa Lanza
            Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                            John Quinn
                                        Jon D. Corey

                                        ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:              GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                         Initials of Deputy Clerk __jh
CIVIL -- GEN                      1     Time: 1/45

EXHIBIT __11__
PAGE __166__

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS
### (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL — GEN

EXHIBIT _11_    2

PAGE _167_

Initials of Deputy Clerk __jh_____
Time: 1/45

McFarland, who represents certain third-party witnesses. Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition. A
written response to this OSC must be filed no later than February 11, 2008. Other
parties may file written replies no later than February 19, 2008. The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)   Phase 1 depositions that have been scheduled past the discovery deadline for the
convenience of the witnesses or pursuant to the stipulation of the parties and/or
witnesses may proceed as scheduled.

(4)   All discovery related to Phase 2, other than certain individual depositions that may be
related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)   As previously ordered and reaffirmed by this Court, all discovery matters shall be
presented in the first instance to the Discovery Master. The fact that the Discovery
Master's ruling might impact upon the Court's scheduling order does not relieve the
parties of following this procedure. For instance, motions to compel, motions to
quash, or motions challenging service as to existing discovery requests shall be
brought before the Discovery Master. So, too, must objections based on
burdensomeness, relevancy, or privilege. In general, and on the matters touched
upon herein, the Court expresses no opinion as to these issues, and instead leaves
those issues to the Discovery Master to decide in the first instance.

(6)   To the extent that certain challenged depositions are within the scope of the Court's
January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
Phase 2), said deposition may proceed subject to the challenges set forth in the
previous paragraph. To the extent that the depositions are related to Phase 2, they
are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)   The parties' arguments require the Court to resolve an internal inconsistency in the
Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of
Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08
Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the
individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN

EXHIBIT _____11_____  3

PAGE _____168_____

Initials of Deputy Clerk ___jh_____
Time: 1/45

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take
the individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11), relating to the trade secret and RICO claims
(set forth in the moving papers at 13), and relating to document
preservation (set forth in the moving papers at 14 (Joe Tiongco and
Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over
and above the previously allocated 24 depositions per side.  Nevertheless, as to all
other depositions, how to "count" the previously allocated depositions is left to the
discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that
its January 7, 2008, ruling granted leave to depose it on only one issue.  That is not
the case, and the request is DENIED.  Mattel has been granted relief from the
numerical limitations that previously restricted its ability to depose those individuals
and entities addressed by the Court's January 7, 2008, Order, including its ability to
depose Christensen, Glaser.  Unless otherwise restricted by the Discovery Master
upon proper presentation of the issue to him, Mattel may depose Christensen,
Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE
## JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED.  As noted above, Phase 2 discovery is STAYED until further
order of the Court.  The Court will address Phase 2 discovery, motions, pretrial, and trial dates
after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
## ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED.  This matter must be addressed in the first instance by the
Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
## COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART.  Counsel for MGA shall employ its best efforts to
arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to
Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those
tangible things already located in Hong Kong.  Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL -- GEN

EXHIBIT ___11___  4
PAGE ___169___

Initials of Deputy Clerk __jh_____
Time: 1/45

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

EXHIBIT _11_   5

PAGE _170_

Initials of Deputy Clerk __jh____
Time: 1/45

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor):  P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

EXHIBIT _11_       **Initials of Deputy Clerk** jh

PAGE _171_

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor):  Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:
* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

EXHIBIT 11

PAGE 172

# EXHIBIT 12

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   Michael T. Zeller (Bar No. 196417)
    Shane H. McKenzie (Bar No. 228978)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11

12  MATTEL, INC., a Delaware corporation, )  Case No. CV 04-09059 NM (RNBx)

13              Plaintiff,               )
                                          )
14      v.                               )  MATTEL, INC.'S FIRST SET OF
                                          )  REQUESTS FOR PRODUCTION
15  CARTER BRYANT, an individual         )  OF DOCUMENTS AND
                                          )  TANGIBLE THINGS TO MGA
16              Defendant.               )  ENTERTAINMENT INC.
                                          )
17  ─────────────────────────────────── )
                                          )
18  CARTER BRYANT, on behalf of himself, )
    all present and former employees of   )
19  Mattel, Inc., and the general public, )
                                          )
20              Counterclaimant,         )
                                          )
21      v.                               )
                                          )
22  MATTEL, INC., a Delaware corporation, )
                                          )
23              Counter-defendant.       )
                                          )

24

25

26

27
                    EXHIBIT   12
28
                    PAGE   173

7209/642197.1

3|14

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Plaintiff

2  and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3  make available for inspection and copying the following documents and things

4  within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6  Angeles, California 90036.

7    These Requests shall be deemed to be continuing, and MGA

8  Entertainment Inc. shall be obligated to supplement its responses to these requests

9  at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil</u>

10  <u>Procedure</u>.

11

12                              <u>DEFINITIONS</u>

13

14    For purposes of this Request for Production of Documents:

15    A.    "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16  its current or former employees, officers, directors, agents, representatives,

17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19  authority or subject to its control.

20    B.    "MATTEL" means Mattel, Inc. and any of its current or former

21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on its behalf, pursuant to its authority or subject to its

24  control.

25    C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

26  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

27  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

28  limited to, all writings and records of every type and description including, but not

EXHIBIT ___17B___

PAGE ___174___

209/642197.1

1 | limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
2 | electronic mail ("e-mail"), records of telephone conversations, handwritten and
3 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
4 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
5 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
6 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
7 | checks and every other device or medium by which or through which information
8 | of any type is transmitted, recorded or preserved.  Without any limitation on the
9 | foregoing, the term "DOCUMENT" shall include all copies that differ in any
10 | respect from the original or other versions of the DOCUMENT, including, but not
11 | limited to, all drafts and all copies of such drafts or originals containing initials,
12 | comments, notations, insertions, corrections, marginal notes, amendments or any
13 | other variation of any kind.

14 |       D.    "REFER OR RELATE TO" means constituting, embodying,
15 | containing, referring to, commenting on, evidencing, regarding, discussing,
16 | describing, mentioning, reflecting, expressing, pertaining to, concerning,
17 | supporting, contradicting, negating, revoking or otherwise relating to in any
18 | manner.

19 |       E.    "PERSON" or "PERSONS" means all natural persons,
20 | partnerships, corporations, joint ventures and any kind of business, legal or public
21 | entity or organization, as well as its, its or her agents, representatives, employees,
22 | officers and directors and any one else acting on its, its or her behalf, pursuant to
23 | its, its or her authority or subject to its, its or her control.

24 |       F.    "BRYANT" means Carter Bryant, any of his current or former
25 | agents, representatives, attorneys, employees, partners, joint venturers,
26 | predecessors-in-interest and successors-in-interest, and any other PERSON acting
27 | on his behalf, pursuant to his authority or subject to his control.

28 |

EXHIBIT __12__

PAGE __175__

1          G.     "BRATZ" means any project ever known by that name

2 (whether in whole or in part and regardless of what such project is or has been

3 also, previously or subsequently called) and any doll or any portion thereof that is

4 now or has ever been known as, or sold or marketed under, the name or term

5 "Bratz" (whether in whole or in part and regardless of what such doll is or has

6 been also, previously or subsequently called) or that is now or has ever been sold

7 or marketed as part of the "Bratz" line, and all prototypes, models, samples and

8 versions of such doll or any portion thereof.

9          H.     "ANGEL" means any project that is the subject of

10 MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

11 MGA000724-28 and MGA000734, and any doll (sometimes purportedly called

12 "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the

13 subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

14 MGA000724-28 and MGA000734, including all prototypes, models, samples and

15 versions of such doll(s) or any portion thereof. Without limiting the generality of

16 the foregoing, "ANGEL" means any project or any doll or any portion thereof that

17 is the subject of MGA000706-08, MGA000710-12, MGA000714-16,

18 MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such

19 project or doll has in fact been called, and regardless of what any such project or

20 doll is or has been also, previously or subsequently called.

21          I.     "DESIGNS" means any and all works, designs, artwork,

22 sketches, drawings, illustrations, representations, depictions, blueprints,

23 schematics, diagrams, descriptions, sculptures, prototypes, models, samples,

24 reductions to practice, developments, know-how, ideas, concepts, inventions

25 and/or improvements, as well as all other items, things and DOCUMENTS in

26 which any of the foregoing are or have been expressed, embodied, contained,

27 fixed or reflected in any manner, whether in whole or in part.

28

EXHIBIT __12__

-4-   PAGE __176__

1    J.    "COMMUNICATION" or "COMMUNICATIONS" means and
2  includes any disclosure, transfer or exchange of information between two or more
3  PERSONS, whether orally or in writing, including, without limitation, any
4  conversation or discussion by means of meeting, letter, telephone, note,
5  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic
6  or other medium, including without limitation in written, audio or video form.

7    K.    The singular form of a noun or pronoun includes within its
8  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
9  the masculine form of a pronoun also includes within its meaning the feminine
10  form of the pronoun so used, and *vice versa*; the use of any tense of any verb
11  includes also within its meaning all other tenses of the verb so used, whenever
12  such construction results in a broader request for information; and "and" includes
13  "or" and *vice versa*, whenever such construction results in a broader disclosure of
14  documents or information.

15

16                          <u>INSTRUCTIONS</u>

17

18    A.    Unless otherwise specified, these requests call for
19  DOCUMENTS prepared on or after January 1, 1995 through the present.
20  Documents shall be produced in their original file folders, or in lieu thereof, any
21  writing on the file folder from which each such document is taken shall be copied
22  and appended to such document and the person for whom or department, division,
23  or office for which the document or the file folder is maintained shall be
24  identified.

25    B.    YOU are to produce all DOCUMENTS requested hereby that
26  are in YOUR possession, custody and control.

27    C.    In the event that any document called for by these requests is to
28  be withheld on the basis of a claim of privilege or immunity from discovery, that

EXHIBIT _12_

PAGE _177_

1 document is to be identified by stating (i) any addressor and addressee; (ii) any
2 indicated or blind copy; (iii) the document's date, subject matter, number of pages,
3 and attachments or appendices; (iv) all persons to whom the document was
4 distributed, shown, or explained; (v) its present custodian; and (vi) the nature of
5 the privilege or immunity asserted.

6         D.     In the event that any document called for by these requests has
7 been destroyed or discarded, that document is to be identified by stating: (i) any
8 addressor and addressee; (ii) any indicated or blind copies; (iii) the document's
9 date, subject matter, number of pages, and attachments or appendices; (iv) all
10 persons to whom the document was distributed, shown, or explained; (v) the date
11 of destruction or discard, manner of destruction or discard, and reason for
12 destruction or discard; (vi) the persons who were authorized to carry out such
13 destruction or discard; and (vii) whether any copies of the document presently
14 exist and, if so, the name of the custodian of each copy.

15

16                         REQUESTS FOR PRODUCTION

17

18 REQUEST FOR PRODUCTION NO. 1:

19         All DOCUMENTS that REFER OR RELATE TO any agreement or
20 contract between YOU and BRYANT, including without limitation all drafts
21 thereof and all actual or proposed amendments, modifications and revisions
22 thereto.

23

24 REQUEST FOR PRODUCTION NO. 2:

25         All DOCUMENTS that REFER OR RELATE TO the performance of
26 any agreement or contract between YOU and BRYANT.

27

28

EXHIBIT __/2__

PAGE __/7 8__

1  REQUEST FOR PRODUCTION NO. 3:

2  ALL DOCUMENTS that REFER OR RELATE TO the agreement

3  dated as of September 18, 2000 between YOU and BRYANT, including without

4  limitation all drafts thereof and any actual or proposed modifications, amendments

5  or revisions thereto.

6

7  REQUEST FOR PRODUCTION NO. 4:

8  ALL DOCUMENTS that REFER OR RELATE TO the Modification

9  and Clarification of the Agreement dated as of September 18, 2000 between YOU

10  and BRYANT, including without limitation all drafts thereof and any actual or

11  proposed modifications, amendments or revisions thereto.

12

13  REQUEST FOR PRODUCTION NO. 5:

14  ALL DOCUMENTS that REFER OR RELATE TO the agreement

15  dated April 2001 between YOU and BRYANT, including without limitation all

16  drafts thereof and any actual or proposed modifications, amendments or revisions

17  thereto.

18

19  REQUEST FOR PRODUCTION NO. 6:

20  All DOCUMENTS prepared, created, received or transmitted

21  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

22  TO BRYANT.

23

24  REQUEST FOR PRODUCTION NO. 7:

25  All DOCUMENTS that REFER OR RELATE TO any work,

26  activities or services, including without limitation any freelance work or

27  consulting services, that BRYANT performed for or with YOU or on YOUR

28

EXHIBIT __12__

-7-   PAGE __179__

FIRST REQUEST FOR PRODUCTION OF

209/642197.1

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
2  prepared, created, received or transmitted, whether in whole or in part).
3
4  REQUEST FOR PRODUCTION NO. 8:
5          All DOCUMENTS that REFER OR RELATE TO any work,
6  activities or services, including without limitation any freelance work or
7  consulting services, that Anna Rhee performed for or with YOU or on YOUR
8  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
9  prepared, created, received or transmitted, whether in whole or in part).
10
11  REQUEST FOR PRODUCTION NO. 9:
12          All DOCUMENTS that REFER OR RELATE TO any work,
13  activities or services, including without limitation any freelance work or
14  consulting services, that Veronica Marlow performed for or with YOU or on
15  YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT
16  was prepared, created, received or transmitted, whether in whole or in part).
17
18  REQUEST FOR PRODUCTION NO. 10:
19          All DOCUMENTS that REFER OR RELATE TO any work,
20  activities or services, including without limitation any freelance work or
21  consulting services, that Sarah Halpern performed for or with YOU or on YOUR
22  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was
23  prepared, created, received or transmitted, whether in whole or in part).
24
25  REQUEST FOR PRODUCTION NO. 11:
26          All DOCUMENTS that REFER OR RELATE TO any work,
27  activities or services, including without limitation any freelance work or
28  consulting services, that Jesse Ramirez performed for or with YOU or on YOUR

EXHIBIT ___ /2

-8-

'209/642197.1

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2  prepared, created, received or transmitted, whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 12:

5          All DOCUMENTS that REFER OR RELATE TO any work,

6  activities or services, including without limitation any freelance work or

7  consulting services, that Margaret Hatch (also known as Margaret Leahy and/or

8  Margaret Hatch-Leahy) performed for or with YOU or on YOUR behalf prior to

9  January 1, 2001 (regardless of when any such DOCUMENT was prepared,

10  created, received or transmitted, whether in whole or in part).

11

12  REQUEST FOR PRODUCTION NO. 13:

13          All DOCUMENTS that REFER OR RELATE TO any work,

14  activities or services, including without limitation any freelance work or

15  consulting services, that Elise Cloonan performed for or with YOU or on YOUR

16  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

17  prepared, created, received or transmitted, whether in whole or in part).

18

19  REQUEST FOR PRODUCTION NO. 14:

20          All agreements and contracts between YOU and Anna Rhee,

21  including without limitation all drafts thereof and amendments, modifications and

22  revisions thereto.

23

24  REQUEST FOR PRODUCTION NO. 15:

25          All DOCUMENTS that REFER OR RELATE TO any agreement or

26  contract between YOU and Anna Rhee, including without limitation all

27  COMMUNICATIONS that REFER OR RELATE thereto.

28

EXHIBIT _/2_____

PAGE _/8/_____

REQUEST FOR PRODUCTION NO. 16:

All agreements and contracts between YOU and Veronica Marlow, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Veronica Marlow, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 18:

All agreements and contracts between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 20:

All agreements and contracts between YOU and Sarah Halpern, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

EXHIBIT _12_

PAGE _182_

209/642197.1

-10-

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 22:

All agreements and contracts between YOU and Jesse Ramirez, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 24:

All agreements and contracts between YOU and Elise Cloonan, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

EXHIBIT _12_

PAGE _183_

209/642197.1

-11-

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT produced, prepared, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice prior to January 1, 2001 by BRYANT, whether alone or jointly with others, in which YOU have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice prior to January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU and any PERSON, that REFER OR RELATE TO any agreement or contract between BRYANT and Mattel, Inc.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU and any PERSON, that REFER OR

EXHIBIT ___/2___

PAGE ___/84___

1  RELATE TO any agreement or contract between Margaret Hatch (also known as

2  Margaret Leahy and/or Margaret Hatch-Leahy) and Mattel, Inc.

3

4  REQUEST FOR PRODUCTION NO. 31:

5          All COMMUNICATIONS between YOU and BRYANT that REFER

6  OR RELATE TO Mattel, Inc. or any officer, director, employee or representative

7  of Mattel, Inc.

8

9  REQUEST FOR PRODUCTION NO. 32:

10          All DOCUMENTS prepared, written, transmitted or received

11  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

12  TO BRATZ.

13

14  REQUEST FOR PRODUCTION NO. 33:

15          All DOCUMENTS that REFER OR RELATE TO BRATZ that

16  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

17  such document was prepared, written, transmitted or received, whether in whole or

18  in part).

19

20  REQUEST FOR PRODUCTION NO. 34:

21          All DOCUMENTS prepared, written, transmitted or received

22  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

23  TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 35:

26          All DOCUMENTS that REFER OR RELATE TO ANGEL that

27  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

28

EXHIBIT _12_

PAGE _185_

209/642197.1

-13-

1 | such document was prepared, written, transmitted or received, whether in whole or
2 | in part).

3

4 | REQUEST FOR PRODUCTION NO. 36:

5 | All DOCUMENTS that REFER OR RELATE TO the origin(s),
6 | conception or creation of BRATZ, including without limitation all DOCUMENTS
7 | that REFER OR RELATE TO the timing of, and the method and manner in which,
8 | BRATZ first came to YOUR attention.

9

10 | REQUEST FOR PRODUCTION NO. 37:

11 | All declarations, affidavits and other sworn written statements of any
12 | other type or form by YOU that REFER OR RELATE TO BRATZ (other than
13 | those previously filed and served in this action).

14

15 | REQUEST FOR PRODUCTION NO. 38:

16 | All transcripts and video and/or audio recordings of statements made
17 | by YOU under oath, including without limitation all deposition transcripts, trial
18 | transcripts and arbitration transcripts, that REFER OR RELATE TO BRATZ
19 | (other than those taken in this action when Mattel, Inc.'s counsel was in
20 | attendance).

21

22 | REQUEST FOR PRODUCTION NO. 39:

23 | All declarations, affidavits and other sworn written statements of any
24 | other type or form by any PERSON that REFER OR RELATE TO ANGEL (other
25 | than those previously filed and served in this action).

26

27

28

EXHIBIT __12__

PAGE __186__

REQUEST FOR PRODUCTION NO. 40:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was in attendance).

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation all declarations, affidavits and sworn testimony given by any PERSON in such suit or arbitration proceedings.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior to October 21, 2000, regardless of when such payment was actually made.

EXHIBIT _12_

PAGE _187_

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO invoices submitted by BRYANT to YOU prior to January 31, 2001.

REQUEST FOR PRODUCTION NO. 45:

All of YOUR royalty statements to or for BRYANT.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of ANGEL.

REQUEST FOR PRODUCTION NO. 48:

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this action.

EXHIBIT _____ /2

____ 188

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with this action.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 1, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

REQUEST FOR PRODUCTION NO. 54:

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, procured, fabricated, prepared and produced.

EXHIBIT ___12___

PAGE ___189___

'209/642197.1

-17-

1    REQUEST FOR PRODUCTION NO. 55:

2            All DOCUMENTS that REFER OR RELATE TO the exhibition, or

3    proposed, offered or requested exhibition, of BRATZ (including without limitation

4    any model, prototype or sample thereof) to any third party prior to June 1, 2001.

5

6    REQUEST FOR PRODUCTION NO. 56:

7            DOCUMENTS sufficient to show when ANGEL (including without

8    limitation any model, prototype or sample thereof) was first exhibited to any third

9    party.

10

11   REQUEST FOR PRODUCTION NO. 57:

12           DOCUMENTS sufficient to show when and where BRATZ

13   (including without limitation any model, prototype or sample thereof) was first

14   marketed to any wholesaler, distributor and/or retailer.

15

16   REQUEST FOR PRODUCTION NO. 58:

17           DOCUMENTS sufficient to show when and where ANGEL

18   (including without limitation any model, prototype or sample thereof) was first

19   marketed to any wholesaler, distributor and/or retailer.

20

21   REQUEST FOR PRODUCTION NO. 59:

22           DOCUMENTS sufficient to show when and where BRATZ

23   (including without limitation any model, prototype or sample thereof) was first

24   offered for sale to any wholesaler, distributor and/or retailer.

25

26

27

28

EXHIBIT _____ 12

PAGE _____ 190

209/642197.1

-18-

REQUEST FOR PRODUCTION NO. 60:

DOCUMENTS sufficient to show when and where ANGEL (including without limitation any model, prototype or sample thereof) was first offered for sale by YOU to any wholesaler, distributor and/or retailer.

REQUEST FOR PRODUCTION NO. 61:

DOCUMENTS sufficient to show when and where BRATZ was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 62:

DOCUMENTS sufficient to show when and where ANGEL was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS that REFER OR RELATE TO the licensing, including without limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 64:

All COMMUNICATIONS between YOU and any manufacturer, or any contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 65:

DOCUMENTS sufficient to identify when YOU first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

EXHIBIT ___12___

PAGE ___191___

REQUEST FOR PRODUCTION NO. 66:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO the distribution or proposed or potential distribution of BRATZ prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 67:

All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 68:

All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were prepared, authored or created by Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

REQUEST FOR PRODUCTION NO. 69:

All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 70:

All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

EXHIBIT _12_

PAGE _192_

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 71:

2        All COMMUNICATIONS between YOU and Elise Cloonan prior to

3  June 11, 2002, including without limitation all diaries, notes, calendars, logs,

4  phone records and letters, that reflect, record or memorialize or otherwise REFER

5  OR RELATE TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 72:

8        All COMMUNICATIONS between YOU and Veronica Marlow prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise REFER

11  OR RELATE TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 73:

14        All COMMUNICATIONS between YOU and Mercedeh Ward prior

15  to November 6, 2000, including without limitation all diaries, notes, calendars,

16  logs, phone records and letters, that reflect, record or memorialize or otherwise

17  REFER OR RELATE TO any such COMMUNICATIONS.

18

19  REQUEST FOR PRODUCTION NO. 74:

20        All COMMUNICATIONS between YOU and Margaret Hatch (also

21  known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001,

22  including without limitation all diaries, notes, calendars, logs, phone records and

23  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

24  any such COMMUNICATIONS.

25

26  REQUEST FOR PRODUCTION NO. 75:

27        All COMMUNICATIONS between YOU and Anna Rhee prior to

28  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

EXHIBIT _12_

_193_

r209/642197.1

-21-

1 phone records and letters, that reflect, record or memorialize or otherwise REFER

2 OR RELATE TO any such COMMUNICATIONS.

3

4 REQUEST FOR PRODUCTION NO. 76:

5         All COMMUNICATIONS between Veronica Marlow and Anna Rhee

6 prior to January 1, 2001, including without limitation all diaries, notes, calendars,

7 logs, phone records and letters, that reflect, record or memorialize or otherwise

8 REFER OR RELATE TO any such COMMUNICATIONS.

9

10 REQUEST FOR PRODUCTION NO. 77:

11         All COMMUNICATIONS between YOU and Sarah Halpern prior to

12 January 1, 2001, including without limitation all diaries, notes, calendars, logs,

13 phone records and letters, that reflect, record or memorialize or otherwise REFER

14 OR RELATE TO any such COMMUNICATIONS.

15

16 REQUEST FOR PRODUCTION NO. 78:

17         All COMMUNICATIONS between YOU and Jesse Ramirez prior to

18 January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19 phone records and letters, that reflect, record or memorialize or otherwise REFER

20 OR RELATE TO any such COMMUNICATIONS.

21

22 REQUEST FOR PRODUCTION NO. 79:

23         Any personnel or vendor file that YOU have created or maintained

24 concerning BRYANT.

25

26 REQUEST FOR PRODUCTION NO. 80:

27         Any personnel file that YOU have created or maintained concerning

28 Paula Treantafellas.

EXHIBIT _____12_____

PAGE _____194_____

09/642197.1

REQUEST FOR PRODUCTION NO. 81:

Any personnel file that YOU have created or maintained concerning Mercedeh Ward.

REQUEST FOR PRODUCTION NO. 82:

Any personnel or vendor file that YOU have created or maintained concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

REQUEST FOR PRODUCTION NO. 83:

Any personnel or vendor file that YOU have created or maintained concerning Veronica Marlow.

REQUEST FOR PRODUCTION NO. 84:

Any personnel or vendor file that YOU have created or maintained concerning Anna Rhee.

REQUEST FOR PRODUCTION NO. 85:

Any personnel or vendor file that YOU have created or maintained concerning Jessie Ramirez.

REQUEST FOR PRODUCTION NO. 86:

Any personnel file that YOU have created or maintained concerning Shirin Salemnia.

REQUEST FOR PRODUCTION NO. 87:

Any personnel file that YOU have created or maintained concerning Victoria O'Connor.

EXHIBIT _____ 12

PAGE _____ 195

09/642197.1

REQUEST FOR PRODUCTION NO. 88:

Any personnel file that YOU have created or maintained concerning Farhad Larian.

REQUEST FOR PRODUCTION NO. 89:

All telephone records for MGA Entertainment Inc. for the time period from January 1, 1998 through January 1, 2001.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for BRATZ DESIGNS, including without limitation all COMMUNICATIONS pertaining thereto.

REQUEST FOR PRODUCTION NO. 91:

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for ANGEL DESIGNS, including without limitation all COMMUNICATIONS pertaining thereto.

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS that REFER OR RELATE TO any testing of or sampling from any DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including without limitation any such testing or sampling in connection with any ink, paper or chemical analysis to date any such DOCUMENTS and including without limitation all results and reports relating thereto.

EXHIBIT _____ *12*

PAGE _____ *196*

'09/642197.1

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 93:

2      An electronic copy of each DOCUMENT that YOU have produced in
3  this action, or that is responsive to these Requests, that is or was created, prepared,
4  generated, maintained or transmitted in digital form.

5

6  REQUEST FOR PRODUCTION NO. 94:

7      The metadata for each DOCUMENT that YOU have produced in this
8  action, or that is responsive to these Requests, that is or was created, prepared,
9  generated, maintained or transmitted in digital form.

10

11  REQUEST FOR PRODUCTION NO. 95:

12      All DOCUMENTS that support, refute or otherwise REFER OR
13  RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

14

15  REQUEST FOR PRODUCTION NO. 96:

16      All doll heads, sculpts, prototypes, models, samples and tangible
17  items that were created, prepared or made, whether in whole or in part, prior to
18  January 1, 2001 that REFER OR RELATE TO BRATZ.

19

20  REQUEST FOR PRODUCTION NO. 97:

21      All doll heads, sculpts, prototypes, models, samples and tangible
22  items that were created, prepared or made, whether in whole or in part, prior to
23  January 1, 2001 that REFER OR RELATE TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 98:

26      All doll heads, sculpts, prototypes, models, samples and tangible
27  items that Anna Rhee painted, whether in whole or in part, for or with YOU or on
28  YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

EXHIBIT _____ 12

REQUEST FOR PRODUCTION NO. 99:

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 100:

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  March 14, 2005              QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP

                                    By _____
                                    Shane Heather McKenzie
                                    Attorneys for Plaintiff/Counter-defendant
                                    Mattel, Inc.

EXHIBIT _12_
PAGE _198_

-26-

09/642197.1

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA**     )
                            ) SS
**COUNTY OF LOS ANGELES**   )

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017.

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
**FAX: 310-553-5583**

[  ]     By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ X ]     **BY MAIL:**     I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on March 14, 2005, at Los Angeles, California.

[  ]     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT _12_

_199_

# PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF LOS ANGELES        )

    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

    On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

**Paula E. Ambrosini, Esq.**
**O'Melveny & Meyers**
400 So. Hope Street
Los Angeles, CA 90071
(213) 430-6407

[   ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[   ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ X ]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 14, 2005, at Los Angeles, California.

[   ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT _12_

PAGE _200_

# EXHIBIT 13

CONFORMED COPY
LODGED                                FILED

2007 MAY 16  PM 1:59  2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE                 RIVERSIDE
BY                        BY

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                        EASTERN DIVISION

10

11   CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12              Plaintiff,

13        v.                                Consolidated with
                                            Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                  **ORDER GRANTING MATTEL'S
                                            MOTION TO COMPEL PRODUCTION
16                                          OF DOCUMENTS AND
                                            INTERROGATORY RESPONSES BY
17   CONSOLIDATED WITH                      MGA**
     MATTEL, INC. v. BRYANT and
18   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
19

20
                             I.  INTRODUCTION
21
          On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production
22
     of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February
23
     20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a
24
     reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under
25
     submission pending the parties' submission of a proposed protective order, which was received
26

27

28
     Bryant v. Mattel, Inc.,               EXHIBIT ____13____                               1
     CV-04-09049 SGL (RNBx)
                                           PAGE ____001____

1  on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2  Mattel's motion to compel is granted.

3  ## II. BACKGROUND

4  A. Requests for Documents

5  In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6  became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7  categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8  court granted because of the short amount of time provided for compliance with the subpoena.

9  The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12  In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14  In September of 2006, MGA made a supplemental production of documents. On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18  Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents. First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker. According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented. Mattel also contends that MGA's responses to the document requests

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2



EXHIBIT ___13___

PAGE ___202___

1    contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2    responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3    show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs

4    purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's

5    Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of

6    what is or is not being withheld. Mattel also contends that MGA's objections based upon its

7    confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8    protective order in place. In addition, Mattel contends that MGA's objection to producing

9    documents relating to activities or conduct in foreign countries is wholly improper because those

10   documents may contain information relevant to Mattel's claims.

11        Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12   such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work

13   ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14   discovery purposes. Mattel contends that the works created by Bryant during his Mattel

15   employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16   a Bratz doll released at a particular time.[1]

17        Mattel next contends that MGA is improperly withholding documents about designs

18   Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19   be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to

20   explore whether such works and the profits from Bratz dolls other than the "first generation"

21   Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22   and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23   improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24   information as well as MGA's unfair competition claims.

25   _____

26        [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
     to compel Bryant to produce documents.

27

28                                                                                                    3

     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

     EXHIBIT __13__

     PAGE __203__

1    Mattel also asserts that MGA is improperly withholding documents relating to products,
2 services and matters other than those relating to "dolls." According to Mattel, it has evidence that
3 Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by
4 Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the
5 Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just
7 payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant
8 because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;
9 (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual
10 damages; and (3) payments may show when and what trade secret information Bryant and other
11 defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel
13 contends that all agreements between Bryant and MGA are relevant, not just the original
14 September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all
15 documents relating to MGA and Bryant's alleged joint defense agreement because such
16 information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written
18 statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such
19 information may reveal relevant information about the date of creation of Bryant's Bratz
20 drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has
22 produced volumes of documents responsive to Mattel's requests. In particular, MGA represents
23 that it has produced all responsive and relevant documents that it was able to locate in response to
24 request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even
25 before the motion was filed, it had agreed to address the vast majority of the issues raised in this
26 motion. In particular, MGA represents that it is diligently working to produce documents related

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____13_____

PAGE _____204_____

4

1    to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2    49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3    Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4    have been released on the market.  In addition, MGA represents that it has agreed to produce

5    documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6    specifically, MGA represents that it agreed to review and produce documents provided to it by

7    Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8    Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9    Therefore, MGA views the motion as unnecessary.

10    MGA next contends that Mattel's motion should be denied for the following additional

11    reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12    unreleased products.  MGA asserts that its product design documents for its unreleased toy

13    concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14    designs and drawings for products currently under development, over six years after Bryant first

15    created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16    documents relating to unreleased products are ordered produced, MGA requests a protective order

17    under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18    than the current protective order provides.  In the alternative, MGA requests that any order

19    compelling production of documents relating to unreleased products should essentially be stayed

20    until after MGA's products are publicly released.

21    Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22    attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23    information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT _____ 13
PAGE          205

1   in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2   Opposition at 24:9-12.[2]

3          Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4   and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5   refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6   requests for non-public witness statements are "a blatant attempt to avoid the discovery

7   limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8   imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9   MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10   Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11   attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12   abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13   the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14   was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15   foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16   a situation in which MGA has been forced to give testimony and provide evidence related to

17   issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18          Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19   dispute between MGA's chief executive officer and his brother because such documents are in no

20   way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21   proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22   MGA contends that the brothers were bound by a protective order prohibiting the use of any

23   documents or testimony for any purpose other than the arbitration.

24

25   _____

26      [2]  Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

27

28   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

EXHIBIT ___13___

PAGE ___206___

6

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2   files because they contain confidential information and are not relevant to the lawsuit. Sixth,

3   MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4   in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,

5   MGA objects to producing documents relating to any testing performed to determine the date that

6   Bratz documents were created. MGA contends that such discovery is premature and should not

7   proceed until experts are designated.

8    B. Interrogatories

9    On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,

10   however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.

11   On May 30, 2006, MGA responded to the interrogatories.

12    Mattel contends that MGA's responses to the interrogatories were untimely. Further,

13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14   because they lack substantive information and consist almost entirely of objections. MGA

15   responds that the motion is moot because it is prepared to provide supplemental responses to its

16   interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's

17   motion to compel responses to interrogatories.

18                                      III. DISCUSSION

19    A. Rule 26 of the Federal Rules of Civil Procedure

20    Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

23   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT _____13_____

PAGE _____207_____

1   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4   the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5   26(b)(2).

6       B. Document Requests

7           1.  Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8               34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9           The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55, and 69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16          As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

22                          Design Documents for Unreleased Products

23          MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28

1  to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation

2  has been approved and entered as an order of the court. MGA is ordered to produce design

3  documents for unreleased products that are responsive to Mattel's document requests in

4  accordance with the terms of the stipulation and order.

5                    Documents from MGA Hong Kong

6           Documents relating to activities or conduct in foreign countries are relevant and

7  discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8  Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9  provides reciprocal discovery from its subsidiaries.

10          Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11 the context of this motion, and therefore is not addressed herein. MGA is ordered to produce

12 documents from MGA Hong Kong.

13          Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14 64, 69, 96, 97, 98, 99, 100.

15              2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16                  61, 63, 66, 67, 70, 88, 90, 91

17          Mattel contends that MGA is improperly limiting its document production to the "first

18 generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent

19 generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20 documents for yet unreleased products.

21          As stated previously, design documents for yet unreleased products are relevant and

22 discoverable. See Order Modifying Protective Order. Accordingly, MGA is ordered to produce

23 all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24 59, 61, 63, 66, 67, 70, 88, 90, and 91.

25      //

26      //

27

28
   Bryant v. Mattel, Inc.,                                                                            9
   CV-04-09049 SGL (RNBx)

                              EXHIBIT _____ 13

                              PAGE _____ 209

1         **3. MGA's Payments to Bryant (Nos. 43, 45)**

2         MGA represents that it has already agreed to produce documents related to Bratz, without

3  limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4  Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5  motion is granted with respect to request nos. 43 and 45.

6         **4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)**

7         MGA represents that it has already agreed to produce non-privileged documents

8  responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9  relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10  indemnity agreements between MGA and Bryant .

11         Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12  Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13  responsive documents withheld on the basis of a privilege must be properly identified in a

14  privilege log.

15         **5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,**

16           **41,**

17         In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18  and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19  anticipates that these documents could provide evidence relating to the conception date for Bratz.

20         Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21  date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22  alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23  arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24  Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25

26      [3]  Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _13_

PAGE _210_

1   that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2   documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3   protective order that prohibits the use of any documents or testimony for any purpose other than

4   the arbitration.  MGA, however, has not provided any evidence of the protective order.

5   Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6            6. Documents Regarding Date-Testing (Request No. 92)

7        Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8   from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9   testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12        The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15       C. Interrogatories

16       Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

22

23

24

25

26  [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



EXHIBIT ___13___

PAGE ___211___

11

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2    when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3    will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5    conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6    tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7    before December 31, 2001, including a description of each person's role and the start and end

8    dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9    provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11    objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12    Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13    for confidential, proprietary or commercially sensitive information, or seeks information

14    protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15    it fails to provide the description of each person's role and the start and end dates of each person's

16    involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17    5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19    embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20    the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22    December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23    substantive information.

24    MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25    to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26    compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12



EXHIBIT ___13___

PAGE ___2/2___

1  unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2  seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3  provide a complete response to Interrogatory No. 7.

4       Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5  ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6  discussed in connection with Interrogatory No. 7.

7       Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8  or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9  or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11       The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14       Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20       Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24       Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)



EXHIBIT _13_

PAGE _213_

13

1   January 1, 1998 through the present, and IDENTIFY each and every carrier (including without
2   limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous
3   boiler-plate objections.

4          Once again, MGA has failed to substantiate any of its objections with supporting
5   declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to
6   provide a full response to Interrogatory No. 11.

7                              IV. CONCLUSION

8          For the reasons set forth above, Mattel's motion to compel production of documents is
9   granted.  MGA shall produce all non-privileged documents that are responsive to the requests
10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except
11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's
12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and
13  provide responses to interrogatories consistent with this Order, and produce a privilege log in
14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for
15  sanctions is denied.

16         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
17  Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21  Dated: May 15, 2007

22                                                  HON. EDWARD A. INFANTE (Ret.)
                                                    Discovery Master

23

24

25

26

27                                       EXHIBIT   13

28                                       PAGE      214

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT _13_

PAGE _215_

# EXHIBIT 14

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
13  |          Plaintiff,           | Consolidated with |
14  |          vs.                  | Case No. CV 04-09059 Case No. CV 05-02727 |
15  | MATTEL, INC., a Delaware      | **DISCOVERY MATTER** |
16  | corporation,                  | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
       Defendant.
17  |                               | MATTEL, INC.'S NOTICE OF |
18  | AND CONSOLIDATED ACTIONS      | CHANGE OF HEARING ON APPLICATION TO ENFORCE |
19  |                               | COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE |
20  |                               | ITEMS |
21                                   Hearing Date:  TBA
                                     Time:          TBA
22                                   Place:         TBA

23                                   **Phase 1**
24                                   Discovery Cut-Off: January 28, 2008
                                     Pre-Trial Conference: May 5, 2008
25                                   Trial Date:  May 27, 2008

26                                   [Notice of Lodging filed concurrently
                                     herewith]
27

                          EXHIBIT _14_
28
                   2-14  PAGE _216_

MATTEL'S NOTICE OF CHANGE OF HEARING

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that the hearing on Mattel, Inc.'s [previously *Ex*

3 *Parte*] Application To Enforce Court Orders Compelling Production Of Tangible

4 Items, previously noticed for hearing on February 4, 2008 at 10:15 a.m. in the

5 courtroom of the Honorable Stephen G. Larson in the above-entitled Court, has been

6 changed to a telephone conference before the Discovery Master Hon. Edward

7 Infante (Ret.), on a date and time to be determined by Judge Infante.

8     Plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court

9 for an order (1) enforcing the May 15, 2007 Order Granting Mattel's Motion To

10 Compel Production of Documents And Interrogatory Responses By MGA ("May

11 2007 Order"), the August 13, 2007 Order Granting In Part And Denying In Part

12 Mattel's Motion To Compel Production Of Documents by MGA; Denying Request

13 For Monetary Sanctions ("August 2007 Order"), and the June 20, 2006 on-the-

14 record stipulation before the Honorable Robert N. Block, Magistrate Judge, in which

15 MGA agreed to provide responsive tangible items for inspection within fifteen days

16 of a request; and (2) compelling Defendant MGA to make available for immediate

17 inspection, imaging and 3D scanning all tangible items responsive to Request Nos.

18 7-13, 26-27, 32-36, 46, 51, 53, 55, 96-100 of Mattel, Inc.'s First Set of Requests For

19 Production Of Documents And Tangible Things To MGA Entertainment, Inc.

20 ("First Set") and to Request Nos. 5, 6, 9-10, 13, 16-17, 49, 52, and 166 of Mattel,

21 Inc.'s First Set of Requests For Documents And Things Re Claims Of Unfair

22 Competition To MGA Entertainment, Inc. ("First UC Set")[1].

23     Mattel previously sought identical relief, in addition to relief from the

24 expert witness cut-off date dictated by Judge Larson's Scheduling Order, in an *ex*

25

26    [1] Request Nos. 7-13, 26-27, 32-36, 46, 51, 53, 55, 96-100 of the First Set and

27 Request Nos. 5, 6, 9-10, 13, 16-17, 49, 52, and 166 of the First UC Set are collectively referred to herein as "the Compelled Requests."

28     EXHIBIT ___14___

MATTEL'S NOTICE OF CHANGE OF HEARING

1  | *parte* application. On February 4, 2008, the Court issued an order that resolved the
2  | question of relief from the expert witness cut-off date and also resolved, for the time
3  | being, the dispute about certain items being produced for inspection and scanning in
4  | Hong Kong and Shenzhen, China.[2] Pursuant to the direction of the Court at the
5  | February 4, 2008 hearing and in the Court's February 4, 2008 Minute Order, Mattel
6  | provides notice that its Application, which seeks the balance of Mattel's original
7  | relief sought (as explained below) will be heard by the Discovery Master.

8  | The parties have thus fully briefed the remaining issue presented by
9  | Mattel's Application—the production of all tangible items pertinent to the design,
10 | development and manufacture of Bratz and Prayer Angel that MGA has withheld
11 | from production. As Mattel recently found out, MGA deliberately and secretly
12 | interpreted the scope of Mattel's previously compelled requests to exclude such
13 | items as:

14 | • clay sculpts for each doll developed;

15 | • mold(s) taken of the clay, perhaps of rubber, perhaps in multiple
16 | versions;

17 | • closures and documentation and tooling related to the design of the
18 | closures;

19 | • resin or fastcast sculpts from the mold of the clay;

20 | • metal molds relating to all the body parts, including the head;

21 | • vinyl super master of the head;

22 | • multiple masters of the head;

23 | • paint master;

24 | • face paint masks;

25 | • molds for all plastic accessories coming with the dolls;

26 | • printing plates for packaging;

27 | [2] February 4, 2008 Order, attached hereto as Exhibit A.

28 | EXHIBIT __14__

-2-

PAGE __216__

1.     •     documentation including schematics, engineering drawings and

2.           communications with the manufacturer about machining, tolerances,

3.           dimensions, or assembly of the dolls;

4.     •     anything purportedly dating from before or after February 2001; and

5.     •     anything relating to the mock-up development tooling and

6.           documentation that was transferred from MGA vendor Wah Sing to

7.           MGA vendor Early Light at MGA's direction on or around December

8.           8, 2000, such as the "roto head skin-master" that was referenced in an

9.           email produced by MGA bates-numbered MGA 0065414-15.

10.          Although Judge Larson did not rule on the issue of the items that had

11.    never been produced, he did specifically note at the hearing that "[t]here's this

12.    repeated representation that no one deliberately did anything, and I guess I'm not

13.    concerned about what people deliberately did or didn't do; I'm more concerned

14.    about why these things were not identified sooner. And I guess I don't have a real

15.    clear answer on that . . . given -- let me say this -- given the representations that

16.    were made about the diligence upon which searches were done pursuant to

17.    document requests. *There's no dispute that these [items] are covered by the*

18.    *document requests. Judge Infante has found such, essentially; and I -- reading the*

19.    *document requests, I think Mattel is right on that these are certainly within the*

20.    *ambit of several of the document requests; so there's no question that they need to*

21.    *be produced. They've been asked for."[3]*

22.          During the meet-and-confer process that took place before the original

23.    *ex parte* application was filed, MGA begrudgingly identified a few doll heads and

24.    bodies, and 8 manufacturing molds that had never been produced in the case.  To

25.    this day, however, MGA refuses either to produce the rest of the tangible items or to

26.

27.    [3]  Hearing Transcript, dated February 4, 2008, at 66:10-24 (lodged concurrently
       herewith) (emphasis added).

28.

EXHIBIT ___14___

PAGE ___219___

-3-

MATTEL'S NOTICE OF CHANGE OF HEARING

1 | state that it has produced the rest of the tangible items responsive to the requests,
2 | instead taking the position that tangible items are not responsive to the requests and
3 | stating that it has made a substantial production of all "responsive" items, whatever
4 | MGA means by that. MGA's delay in producing these items has already prejudiced
5 | Mattel by preventing it from taking related discovery before the January 28, 2008
6 | fact discovery cut-off, and by preventing Mattel's experts from being able to finish
7 | their analyses and prepare their initial reports by February 11, 2008.

8 | Mattel's original *ex parte* application was filed on January 25, 2008.
9 | MGA filed an opposition brief on January 25, 2008. Mattel's reply brief was filed
10 | on January 28, 2008. Mattel concurrently lodges this briefing and all supporting
11 | documents with the Discovery Master.

12 | Mattel does not anticipate there will be any need for further briefing on
13 | the issues raised in this Motion.

14 | **Statement of Rule 37-1 Compliance**

15 | Counsel met and conferred regarding this motion on numerous
16 | occasions between January 3, 2008 and February 15, 2008.

17 |

18 | DATED: February 19, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19 |

20 | By

21 | Diane C. Hutnyan
    Attorneys for Mattel, Inc.

22 |

23 |

24 |

25 |

26 |

27 | EXHIBIT _14_

28 | PAGE _220_

-4-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. | CV 04-09049 SGL(RNBx) |
| Title: | CARTER BRYANT -v- MATTEL, INC. |
| | AND CONSOLIDATED ACTIONS |

Date: February 4, 2008

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| Jim Holmes | Theresa Lanza |
|---|---|
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR CARTER BRYANT:

Michael Page

ATTORNEYS PRESENT FOR MGA:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote

ATTORNEYS PRESENT FOR MATTEL:

John Quinn
Jon D. Corey

ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:



MINUTES FORM 90
CIVIL -- GEN

1

Initials of Deputy Clerk ___jh
Time: 1/45

EXHIBIT 14
221

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues.   Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL — GEN

2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _14_

PAGE _222_

McFarland, who represents certain third-party witnesses.  Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court.  Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition.  A
written response to this OSC must be filed no later than February 11, 2008.  Other
parties may file written replies no later than February 19, 2008.  The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the
convenience of the witnesses or pursuant to the stipulation of the parties and/or
witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be
related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be
presented in the first instance to the Discovery Master.  The fact that the Discovery
Master's ruling might impact upon the Court's scheduling order does not relieve the
parties of following this procedure.   For instance, motions to compel, motions to
quash, or motions challenging service as to existing discovery requests shall be
brought before the Discovery Master.  So, too, must objections based on
burdensomeness, relevancy, or privilege.  In general, and on the matters touched
upon herein, the Court expresses no opinion as to these issues, and instead leaves
those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's
January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
Phase 2), said deposition may proceed subject to the challenges set forth in the
previous paragraph.  To the extent that the depositions are related to Phase 2, they
are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the
Court's January 7, 2008, Order.  The Court's Order was meant to grant all parts of
Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
relief sought as to the deposition of Carter Bryant.  The Court amends its 01.07.08
Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the
individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL – GEN                                    3

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __14__

PAGE __223__

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take
the individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11), relating to the trade secret and RICO claims
(set forth in the moving papers at 13), and relating to document
preservation (set forth in the moving papers at 14 (Joe Tiongco and
Daphne Gronich)).>

(8)    The Court's January 7, 2008, Order granted leave to take additional discovery over
and above the previously allocated 24 depositions per side.  Nevertheless, as to all
other depositions, how to "count" the previously allocated depositions is left to the
discretion of the Discovery Master.

(9)    At the hearing, counsel for Christensen, Glaser requested that the Court clarify that
its January 7, 2008, ruling granted leave to depose it on only one issue.  That is not
the case, and the request is DENIED.  Mattel has been granted relief from the
numerical limitations that previously restricted its ability to depose those individuals
and entities addressed by the Court's January 7, 2008, Order, including its ability to
depose Christensen, Glaser.  Unless otherwise restricted by the Discovery Master
upon proper presentation of the issue to him, Mattel may depose Christensen,
Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE
### JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED.  As noted above, Phase 2 discovery is STAYED until further
order of the Court.  The Court will address Phase 2 discovery, motions, pretrial, and trial dates
after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
### ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED.  This matter must be addressed in the first instance by the
Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
### COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART.  Counsel for MGA shall employ its best efforts to
arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to
Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those
tangible things already located in Hong Kong.  Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          4            Time: 1/45

EXHIBIT __14__

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___14___
PAGE ___225___

Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 6 of 7

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office – Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service -  Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*:  P.O. Box 581103

Salt Lake City,  UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT _____14____

PAGE _____226____

Case 2:04-cv-09049-SGL-RNB    Document 1931    Filed 02/04/2008    Page 7 of 7

# NOTICE PARTY SERVICE LIST

Case No.   CV 04-09049 SGL(RNBx)     Case Title   Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of February 4, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero
Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:
* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT ___14___

# Notices

<u>2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc</u>
(RNBx), A0279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Hutnyan, Diane on 2/20/2008 at 11:31 AM PST and filed on 2/20/2008

**Case Name:**      Carter Bryant v. Mattel Inc
**Case Number:**    <u>2:04-cv-9049</u>
**Filer:**          Mattel Inc
**Document Number:** <u>2305</u>

**Docket Text:**
NOTICE of Change of Hearing on Application to Enforce Court Orders Compelling Production of Tangible Items filed by Counter Claimant Mattel Inc. *Re: Document #1624* (Attachments: # (1) Exhibit A# (2) Notice of Lodging# (3) Proof of Service)(Hutnyan, Diane)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban     juanpabloalban@quinnemanuel.com

Timothy L Alger     timalger@quinnemanuel.com

Christa M Anderson     canderson@kvn.com

Linda M Burrow     burrow@caldwell-leslie.com

Michelle M Campana     michelle.campana@skadden.com

Jon D Corey     joncorey@quinnemanuel.com

Alexander H Cote     acote@obsklaw.com

Leah Chava Gershon     leah@spertuslaw.com

Alan Neil Goldberg     agoldberg@sgattys.com

Melissa Grant     melissagrant@quinnemanuel.com

Emil W Herich     eherich@kmwlaw.com

Diane C Hutnyan     dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT _14_

PAGE _228_

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Mattel, Inc.'s Notice of Change of Hearing on Application to Enforce Court Orders Compelling Production of Tangible Items.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-0]

EXHIBIT _____

[2f9c25513ae7428267cf905ec4a8ad3af85cbd1a92f71bb84dc20004338ccda6086a
bad5f640615025a66a35c3b48b60e2e15bb7879d60bd0b36f228a956cfa8]]
**Document description:** Exhibit A
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-1]
[9d8f5085d205e12e2fc10161f1b8624f3d2085b4277704797a1cbc1ed79587a3fda3
fc1c7e3f4d0cce41b5410ddd94c906677b140868c5d89ce3db95270dafcd]]
**Document description:** Notice of Lodging
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Notice of
Lodging.PDF
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-2]
[0038b70d6cbc985df6fee782e8d40c1e3e39c74235b080a4b96975eecb4274862086
d90789a033c2000bff519c20303196f4332419edf14d1fef3e8af206fce7]]
**Document description:** Proof of Service
**Original filename:** C:\Documents and Settings\AndreaHoeven\Desktop\E-filing\2-20-08\Proof of
Service.PDF
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/20/2008] [FileNumber=5386703-3]
[3bef3acd5bbcc336a02a5bfd85e02495820efbcfb119381a46c99b33b56fad040ee9
72ab2852823b3a0d38bdeff888c44973a337e9f386f02ff9ba342a168d6d]]

EXHIBIT  14
PAGE  230

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |   John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
3 |   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
4 |   Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
|     Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
|     vs. | |
| MATTEL, INC., a Delaware corporation, | **Proof of Service** |
|     Defendant. | Date: TBA<br>Time: TBA<br>Place: TBA |
| | Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

EXHIBIT __14__

PAGE __231__

09/2391134.1

-1-

1    **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California. I am over

3    the age of eighteen years and not a party to the within action; my business address is

4    NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5    California 90026.

6        On February 19, 2008, I served true copies of the following documents

7    described as:

8                    **SEE ATTACHED DOCUMENT LIST**

9    on the parties in this action as follows:

10   Thomas J. Nolan, Esq.                     Mark E. Overland
     **Skadden, Arps, Slate, Meagher &**        David C. Sheper
11   **Flom LLP**                               Alexander H. Cote
     300 South Grand Avenue, Suite 3400        **Overland Borenstein Scheper & Kim**
12   Los Angeles, CA 90071                      **LLP**
                                               300 South Grand Avenue, Suite 2750
13                                             Los Angeles, CA 90071

14       [√]   **PERSONAL:** By personally delivering the document listed above to
     the person(s) at the address(es) set forth above.
15

16       I declare that I am employed in the office of a member of the bar of this court

17   at whose direction the service was made

18       Executed on February 19, 2008, at Los Angeles, California.

19

20                                    _____

21                                    Dave Quintana

22

23

24

25

26
                                    EXHIBIT __14__
27
                                    PAGE __232__
28

09/2391134.1                              -2-              Case No. CV 04-9049 SGL (RNBx)
                                                                    PROOF OF SERVICE

1               **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5        On February 19, 2008, I served true copies of the following documents

6 described as:

7            **SEE ATTACHED DOCUMENT LIST**

8
9 on the parties in this action as follows:

10 John W. Keker, Esq.
    Michael H. Page, Esq.
11 Christa M. Anderson, Esq.
    **Keker & Van Nest, LLP**
12 710 Sansome Street
    San Francisco, CA 94111

13
       [√]   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed
14 as shown above, and I deposited such envelope(s) in the mail at Los Angeles,
    California.  The envelope was mailed with postage thereon fully prepaid.

15
       [√]   **BY FEDEX:** I deposited such document(s) in a box or other facility
16 regularly maintained by FedEx, or delivered such document(s) to a courier or driver
    authorized by FedEx to receive documents, in sealed envelope(s) or package(s)
17 designated by FedEx with delivery fees paid or provided for, addressed to the
    person(s) being served.

18
19       Executed on February 19, 2008, at Los Angeles, California.

20

21                    Andrea Hoeven

22

23

24

25

26                EXHIBIT ___14___

27

28                PAGE ___233___

## DOCUMENT LIST

1.     MATTEL, INC.'S NOTICE OF CHANGE OF HEARING ON APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS

2     NOTICE OF LODGING RE MATTEL, INC.'S NOTICE OF CHANGE OF HEARING ON APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS

EXHIBIT _14_

PAGE _234_