QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S NOTICE OF LODGING IN SUPPORT OF RULE 56(F) DECLARATION OF B. DYLAN PROCTOR |
| Defendant. | Date:     April 22, 2008<br>Time:    10:00 a.m.<br>Place:  Courtroom 1 |
| AND CONSOLIDATED ACTIONS | |
| | **Phase 1**<br>Discovery Cut-Off:      Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:                      May 27, 2008 |

07209/2444501.1

1          PLEASE TAKE NOTICE that plaintiff Mattel, Inc. ("Mattel") hereby

2   lodges the following documents filed before the Discovery Master in support of the

3   Rule 56(f) Declaration of B. Dylan Proctor, dated March 24, 2008:

4          1.      Order Granting Mattel, Inc.'s Motion Objecting To Portions Of

5                  Discovery Master's December 31, 2007 Order Regarding Hard Drives,

6                  dated February 27, 2008.

7          2.      Motion of Mattel, Inc. For an Order Enforcing Court's January 25, 2007

8                  Order Compelling Bryant to Produce Computer Hard Drives and for

9                  Sanctions, dated January 28, 2008

10

11  DATED:  March 24, 2008                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12

13

14                                        By /s/ B. Dylan Proctor
15                                           B. Dylan Proctor
                                             Attorneys for Mattel, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>[~~PROPOSED~~] ORDER GRANTING MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER REGARDING HARD DRIVES<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:            May 27, 2008 |

Exhibit 1
Page 2

07209/2414052.3

[PROPOSED] ORDER GRANTING MATTEL'S MOTION OBJECTING TO DECEMBER 31, 2007 ORDER RE HARD DRIVES

# [PROPOSED] ORDER

Having considered Mattel, Inc.'s Motion Objecting To Portions Of Discovery Master's December 31, 2007 Order Regarding Hard Drives and all supporting papers, all papers submitted in opposition to the Motion, and having considered the arguments of counsel, the Court finds good cause to grant the Motion and to overrule in part the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions, dated December 31, 2007, as to Request Nos. 222 and 225:

IT IS HEREBY ORDERED THAT the Discovery Master's Order is overruled as to Request Nos. 222 and 225. Destruction of electronic evidence on hard drives is relevant to Mattel's claims, including specific predicate acts alleged in Mattel's RICO counterclaims. The Discovery Master's Order denying such evidence to Mattel was clearly erroneous and contrary to law.

IT IS FURTHER ORDERED THAT Isaac Larian shall make available within ten (10) calendar days the following hard drives that are in his possession, custody, or control for inspection and copying:

1. All hard drives from, or that were at any time connected to, any computer used by either Isaac Larian or Carter Bryant at any time from 1999 to the present and that contain or previously contained any digital information referring or relating to Bratz, Angel, MGA or Bryant (as those terms are defined in Mattel's Requests).

A consultant of Mattel's choosing, who Mattel will identify before the inspection, shall be allowed to inspect each of the hard drives produced. Mattel's consultant shall be allowed to make a forensically sound image of each hard drive produced. The inspection may take place at a location of Larian's choosing in this District, so long as the location has the minimum requirements necessary to inspect and create a

Exhibit 1

1 | forensically sound image of the produced hard drives.  A consultant of Larian's
2 | choosing, who Larian will identify before the inspection, shall be allowed to observe
3 | the inspection and imaging of the hard drives.

4 |         IT IS FURTHER ORDERED THAT Mattel's consultant shall have the
5 | right to inspect any and all information on said hard drives to determine:

6 |         (a)     whether, when and by whom any information was deleted,
7 | destroyed, written over, lost, exported, moved, spoliated or otherwise rendered
8 | inaccessible or unreadable;

9 |         (b)     whether, when and by whom any attempts were made to delete,
10 | destroy, write over, export, move, spoliate or otherwise render inaccessible or
11 | unreadable any information on those hard drives;

12 |         (c)     the current or past presence or use of any hardware or software
13 | tool to accomplish any of the actions identified above;

14 |         (d)     whether any information deleted, destroyed, written over, lost,
15 | exported, moved, spoliated or otherwise rendered inaccessible or unreadable may be
16 | recovered; and

17 |         (e)     to recover any such information, in whole or in part.

18 |

19 | DATED:    2/27    , 2008

20 |                                          Hon. Stephen G. Larson
                                             United States District Judge

07209/2414052.3

-3-

Exhibit 1
Page 4

[PROPOSED] ORDER GRANTING MATTEL'S MOTION OBJECTING TO DECEMBER 31, 2007 ORDER RE HARD DRIVES

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2 |   (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5 |   (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 |                    UNITED STATES DISTRICT COURT

11 |                   CENTRAL DISTRICT OF CALIFORNIA

12 |                         EASTERN DIVISION

13 | CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

              Plaintiff,                 Consolidated with
14 |                                      Case No. CV 04-09059
                                         Case No. CV 05-02727
15 |         vs.
                                         **DISCOVERY MATTER**
16 | MATTEL, INC., a Delaware            **[To Be Heard By Discovery Master**
     corporation,                        **Hon. Edward Infante (Ret.) Pursuant**
17 |          Defendant.                  **To The Court's Order Of**
                                         **December 6, 2006]**
18 |
                                         NOTICE OF MOTION AND MOTION
19 | AND CONSOLIDATED ACTIONS           OF MATTEL, INC. FOR AN ORDER
                                         ENFORCING COURT'S
20 |                                      JANUARY 25, 2007 ORDER
                                         COMPELLING BRYANT TO
21 |                                      PRODUCE COMPUTER HARD
                                         DRIVES AND FOR SANCTIONS
22 |
                                         [Declaration of Melissa Grant filed
23 |                                      concurrently herewith]

24 |                                      Hearing Date: TBA
                                         Time: TBA
25 |                                      Place: TBA

26 |                                      **Phase I**
                                         Discovery Cut-off:      January 28, 2008
27 |                                      Pre-trial Conference:   May 5, 2008
                                         Trial Date:             May 27, 2008
28 |

1-28

Exhibit 2
Page 5

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE THREE COMPUTER HARD DRIVES

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a telephonic conference before

3    Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be

4    determined by Judge Infante, plaintiff and cross–defendant Mattel, Inc. ("Mattel") will,

5    and hereby does, move the Court:

6          (1)   for an Order requiring Carter Bryant ("Bryant") to produce for

7    inspection and forensic imaging within five calendar days all computer hard drives

8    and/or images that Bryant has in his possession, custody, control (including, without

9    limitation, the two computers Bryant purchased in 2004 and imaged in 2005, and the

10   two desktops and one laptop he purchased and imaged in 2007), as Bryant was

11   compelled to produce by Judge Infante's Order dated January 25, 2007;

12         (2)   for an Order requiring Bryant, in the event of his continued non–

13   production of the hard drives and/or images, to provide sworn declarations from each

14   person with knowledge fully detailing the facts and circumstances surrounding the

15   search for and the non–production of the hard drive(s) and/or images;

16         (3)   in the alternative, for an Order to Show Cause why Bryant should

17   not be required to provide the foregoing; and

18         (4)   for sanctions against Bryant and his counsel, including prospective

19   monetary sanctions to obtain Bryant's compliance with the January 25, 2007 Order.

20         This Motion is made pursuant to Federal Rules of Civil Procedure 34 and

21   37 on the grounds that Bryant has failed to comply with the Order requiring him to

22   produce his computer hard drives and has made inconsistent statements about his

23   search for, his inspection of, and the whereabouts of such computer hard drives that he

24   was compelled to produce.

25         This Motion is based on this Notice of Motion and Motion, the

26   accompanying Memorandum of Points and Authorities, the Declaration of Melissa

27   Grant filed concurrently herewith, the records and files of this Court, and all other

28   matters of which the Court may take judicial notice.

1

## Statement of Rule 37–1 Compliance

2  The parties met and conferred regarding this motion on April 2, 2007, in

3 or around September 2007, and on January 7, 2008, as well as on other occasions.

4

5 DATED:  January 28, 2008  QUINN EMANUEL URQUHART OLIVER &
            HEDGES, LLP

6

7         By

8         Timothy L. Alger
         Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2
Page 7

07209/2349684.2

3

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE THREE COMPUTER HARD DRIVES

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

PRELIMINARY STATEMENT ............................................................. 1

BACKGROUND ......................................................................... 4

ARGUMENT............................................................................ 13

I.   BRYANT SHOULD BE ORDERED TO MAKE ALL HIS HARD DRIVES AVAILABLE FOR INSPECTION AND IMAGING, OR EXPLAIN THEIR NON–PRODUCTION UNDER OATH. ......................... 13

     A.   The January 25, 2008 Expressly Orders Bryant to Produce All of His Hard Drives. ................................................ 13

     B.   Bryant's Claim That Mattel Is On a "Fishing Expedition" Is Without Merit.................................................. 14

II.  BRYANT'S FAILURE TO COMPLY WITH JANUARY 25, 2007 ORDER HAS BEEN WILLFUL, AND SHOULD BE SANCTIONED ....... 16

CONCLUSION.......................................................................... 17

# TABLE OF AUTHORITIES

**Page**

## Cases

Ameriwood Indus., Inc. v. Liberman,
  2006 WL 3825291 (E.D. Mo Dec. 27, 2006)........................................ 15

Frees, Inc. v. McMillan,
  2007 WL 184889 (W.D. La. Jan. 22, 2007)......................................... 14

Grimes v. City and County of San Francisco,
  951 F.2d 236 (9th Cir. 1991)................................................... 15, 16

Hedenburg v. Aramark American Food Servs.,
  2007 WL 162716 (W.D. Wash. Jan. 17 2007)...................................... 14

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995).......................................................... 16

Richmark Corp. v. Timber Falling Consultants,
  959 F.2d 1468 (9th Cir. 1992)........................................................ 13

Simon Prop. Group L.P. v. mySimon, Inc.,
  194 F.R.D. 639 (S.D. Ind. 2000)..................................................... 15

U.S. v. Westinghouse Electric Corp.,
  648 F.2d 642 (9th Cir. 1981).......................................................... 15

## Statutes

28 U.S.C. § 1927........................................................................ 15

Federal Rules of Civil Procedure
  Rule 34................................................................................ 7
  Rule 37(b)(2) ..................................................................... 15, 16

Exhibit 2
Page 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

One year ago, the Discovery Master ordered Carter Bryant to "produce the hard drives of his computers for forensic imaging" no later than February 23, 2007.[1] Bryant has willfully failed to comply with the January 25, 2007 Order.

Bryant testified in deposition in November 2004 that he owned two personal computers that he used to communicate with and perform work for MGA since October 2000, the month he left Mattel's employment. The first is a desktop computer he purchased in October 2000 and used until approximately November 2003, when he gave it to his niece (the "Desktop"). The second is a laptop computer he purchased in late 2001 or early 2002 (the "Laptop").

For more than two years, Mattel has sought discovery on Bryant's hard drives, including the Desktop and Laptop,[2] and the crucial information they (should) contain. In response, Bryant and his former counsel made numerous conflicting representations. As the Discovery Master recently stated on the record, the "inconsistency" in Bryant's former counsel's statements regarding the "condition and whereabouts of Mr. Bryant's former computers, hard drives, laptops, etcetera . . . is **alarming.**"[3]

Bryant and his counsel initially claimed that only **one** hard drive, for the Desktop, could be located and that their allegedly "tireless" search of that one drive purportedly yielded no relevant documents. Then, in the wake of the January 25, 2007

---

[1] Order of the Discovery Master Hon. Edward Infante (Ret.), dated January 25, 2007 ("January 25, 2007 Order"), attached as Exhibit 1 to the Declaration of Melissa Grant ("Grant Dec.") filed concurrently herewith.
[2] The hard drive of a computer is the primary storage medium in desktop and laptop computers. A computer can use multiple hard drives, be they internal and external drives.
[3] Omnibus Discovery Motions Hr'g Tr. 69:9-15 (emphasis added), dated January 3, 2008, Grant Dec. Exh. 2.

1  Order compelling production of Bryant's hard drives, and after repeatedly delaying
2  their production, Bryant and his former counsel announced that they had in fact **five**
3  forensic images of Bryant hard drives containing Bratz-related information.

4          Two of the images were made in July 2004—long before Bryant had
5  represented to the Court that **only** the Desktop had been located. (One of the images
6  was of the Desktop, the other of the Laptop.) The three other forensic images were
7  made in March 2007 of still other unidentified Bryant hard drives.

8          For more than four additional months, Bryant then refused to produce any
9  of his hard drives. He did not dispute that the drives and/or their contents were ordered
10  produced by the Discovery Master. Instead, he refused to comply with those Orders
11  and produce his hard drives because they purportedly contained unspecified "highly
12  private" materials and unidentified information about unreleased Bratz products
13  scheduled for release in 2007 and 2008. Only after Mattel moved to enforce the
14  January 25, 2007 Order and compel production of his drives did Bryant's counsel relent
15  in part and produce the Desktop for inspection. Later, Bryant produced the Laptop to
16  Mattel for inspection (and the July 2004 image of its hard drive) as well. But Bryant
17  still refused to produce his three other hard drives.

18          Mattel promptly inspected both the Desktop and Laptop hard drives.
19  Based on that inspection, Mattel determined that data from the critical period of 2000
20  through 2001 is missing from the drives and discovered that a software program called
21  "Evidence Eliminator" had been installed and run on both. Upon learning of this fact
22  (and others supporting Mattel's counterclaims for spoliation) Judge Larson issued an
23  Order requiring "all parties" to provide preservation of evidence affidavits no later
24  September 10, 2007.[4]

25          Bryant flatly refused. Mattel had to obtain yet another Order on January 7,
26  2008 mandating Bryant's compliance with the August 27, 2007 Order before Bryant

27  _____
28  [4]  Order Requiring Filing of Affidavits Re Evidence Preservations, dated August 27, 2007, at 5, Grant Dec., Exh. 3.

1   would file the ordered preservation affidavit.[5]  Bryant filed his affidavit on January 15,

2   2008.

3         Bryant's January 15, 2008 preservation affidavit raised more questions

4   than it answered about Bryant's remaining hard drives.  Bryant claimed in his affidavit

5   that the three hard drive images made in March 2007 were taken "of three computers

6   [he] had used since the imaging [of the Desktop and Laptop] in July, 2004."  Although

7   he did not explain which computers were imaged, his statement clearly suggested that

8   the three hard drive images contain relevant information spanning from August 2004 to

9   March 2007, when the images were taken.

10        Then, a week later, the story dramatically changed yet again.  On

11  January 23, 2008, Bryant testified in deposition that since 2000 he has actually owned

12  at least **seven** personal computers—not just two as he previously testified—and used

13  each to do Bratz related work, to communicate with MGA and others, and to conduct

14  research.  Sometime in 2004, Bryant purchased another laptop and another desktop (the

15  "2004 Computers").  According to Bryant, in 2005 his counsel made forensic images of

16  both 2004 Computers and has had possession of them ever since.  What computers

17  Bryant used to do his work in 2006 remains a mystery.  Bryant testified he purchased in

18  2007 two new desktops and another laptop (the "2007 Computers"), which he

19  purportedly is still using.  Seemingly contradicting his preservation affidavit, Bryant

20  testified that the three forensic images made in March 2007 were taken of the 2007

21  Computers and consist only of some unidentified files, not the full drives.

22        The inconsistencies and discrepancies in Bryant's ever-changing story

23  about his hard drives are now <u>beyond</u> "alarming."  Bryant and his counsel failed to

24  mention the 2004 Computers in opposing the motion to compel that underlies the

25  January 25, 2007 Order.  They failed to mention them in 2005 when the motion was

26  originally filed, and they did not mention them in 2007 when the motion was renewed

27

28  [5]  Order Granting Motion to Enforce the Court's Order of August 27, 2007, and
    Denying Request for Sanctions, dated January 7, 2008, Grant Dec., Exh. 4.

Exhibit 2
Page 12

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE THREE COMPUTER HARD DRIVES

1  after the stay was lifted.  Nor did they disclose the 2004 and 2007 Computers in

2  April 2007, when Mattel filed its first motion to enforce the January 15, 2007 Order; in

3  November 2007 when Mattel filed its motion to enforce the August 27, 2007 Order

4  directing all parties to file preservation affidavits; nor in December 2007 when Mattel

5  filed its motion to compel the deposition of Bryant's former counsel on just this issue.

6  Bryant continues to willfully refuse to abide by the Court's January 25,

7  2007 Order.  He has not produced the 2004 Computers and their forensic images—the

8  existence of which Bryant and his counsel repeatedly failed to advise the Court for

9  more than two years.  Nor has he produced the 2007 Computers and their three hard

10  drive images.

11  Accordingly, Mattel respectfully requests that the Discovery Master order

12  Bryant to comply immediately with the January 25, 2007 Order and, as that Order

13  requires, to produce **all** hard drives and forensic images in his or his counsel's

14  possession, including the 2004 and 2007 Computers.  Mattel further submits that

15  Bryant's willful refusal to abide by the Court's Order for more than a year, and his

16  repeated failure to disclose the 2004 Computers and their forensic images to the Court

17  or Mattel, warrant sanctions, including prospective sanctions.

18

19  **Background**

20  **At Deposition in November 2004, Bryant Identifies Three Relevant**

21  **Computers.**  Bryant testified that he had used three different computers prior to his

22  deposition in November 2004, two of which he owned.[6]  One was the Desktop

23  computer that Bryant purchased on October 21, 2000—just one day after he resigned

24  from Mattel.[7]  Bryant testified that he used this computer from 2000 until

25  approximately November 2003 (only five months before this lawsuit was filed), and

26  ————————

27  [6]  Bryant Deposition 246:3–5, Grant Dec., Exh. 5.
   [7]  Circuit City receipt dated October 21, 2000, Grant Dec., Exh. 6; Bryant

28  Deposition at 246:3–5, Grant Dec., Exh. 5.

1  then gave it to his niece.[8]  The other was the Laptop computer that Bryant purchased in

2  November 2001.[9]

3  **Bryant and His Counsel Represent That The Desktop Was Retrieved**

4  **From The Niece And Examined, But Contained No Responsive Information.**

5  While represented by his former counsel, Bryant repeatedly represented that they had

6  possession of the Desktop, had searched it, and found no responsive documents.  For

7  example, on November 1, 2004, Bryant's former counsel sent a letter to Mattel's

8  counsel claiming that the computer Bryant had given away to his niece "has been

9  retrieved and searched for responsive documents, and none have been located."[10]

10  Mattel specifically asked Bryant's counsel to preserve the Desktop hard drive.[11]

11         In January 2005, Mattel filed a motion to compel seeking the production of

12  Bryant's hard drives, among other things.[12]  Bryant opposed the motion, representing to

13  the Court that he had "tirelessly searched for and inspected" his Desktop "for relevant

14  information" and had made an "extensive and diligent search" for responsive

15

16  [8]  Bryant Deposition at 245:8–17; 246:3–5; 248:5–9, Grant Dec., Exh. 5.

17  Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to 2002" and thus confirmed as well that it pertained to a highly pertinent time period.

18  Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8–10, Grant Dec., Exh. 7.

19  [9]  Bryant Deposition at 247:25-248:2, Grant Dec., Exh. 5.

20  [10]  Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John Quinn, Kirkland Garey, and John [sic] Corey, counsel for Mattel, at p. 2, Grant

21  Dec., Exh. 8 ("Regarding [Mattel's] requests to inspect Mr. Bryant's home

22  computer, I have made further inquir[i]es on that subject to Mr. Bryant and my colleagues.  Mr. Bryant did not own a home computer during his time at Mattel.  He

23  later purchased a computer, which he used for a time, and then gave away to his

24  niece.  That computer has been retrieved and searched for responsive documents, and none have been located.  Mr. Bryant declines to produce his hard drive for

25  inspection for the reasons articulated in his response to Mattel's document

26  request.").

27  [11]  Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Mr. Jacoby, Grant Dec., Exh. 9.

28  [12]  Joint Stipulation at 3–4, 58–61, Grant Dec., Exh. 7.

1  information on them.[13]  Bryant's counsel also represented in declarations that they too

2  had examined the Desktop—indeed, "extensively" so—and had spent "scores of

3  attorney hours" searching for responsive documents, but found nothing responsive.[14]

4  Due to an intervening discovery stay, the Court did not rule on Mattel's

5  original motion to compel.  After the stay was lifted and the Discovery Master was

6  appointed, Mattel renewed its motion to compel Bryant's computer hard drives in early

7  January 2007.[15]

8  In his 2007 opposition, Bryant again represented to the Court that the *only*

9  computer he was able to find was the Desktop.[16]  And Bryant's counsel again stated

10  they had performed a "diligent" search of the Desktop hard drive, but did not find "any

11  responsive documents or relevant information" on it.[17]  Bryant did not disclose to the

12  Court in his opposition that he had purchased two other computers in 2004 (and three

13  more in 2007) and used them to conduct Bratz related business.  Nor did he disclose

14

15

16  [13]  Joint Stipulation at 62:1–13, Grant Dec., Exh. 7; [Redacted] Declaration of
Keith A. Jacoby in Support of Defendant and Cross–Claimant Carter Bryant's
17  Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.")
at ¶¶ 22, 23, Grant Dec., Exh. 10.
18
[14]  Joint Stipulation at 62:2–13, 18–20, Grant Dec., Exh. 7; 2005 Jacoby Dec. at
19  ¶¶ 23, 24, Grant Dec., Exh. 10.
[15]  Grant Dec. ¶ 12; see also Separate Statement of Mattel, Inc. in Support of
20  Motion to Compel Production of Documents by Carter Bryant, filed on January 4,
21  2007 (excerpts) at 57–61 ("Mattel's 2007 Separate Statement"), Grant Dec.,
Exh. 11; Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Motion to
22  Compel Production of Documents by Carter Bryant (without exhibits) filed
January 4, 2007 at ¶ 27, Grant Dec., Exh. 12.
23
[16]  Separate Statement of Defendant Carter Bryant in Opposition to Mattel's
24  Motion to Compel, filed on January 11, 2007 (excerpts) ("Bryant's 2007 Separate
25  Statement") at 39, Grant Dec., Exh. 13; Declaration of Keith A. Jacoby in Support
of Carter Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of
26  Documents (excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Grant
27  Dec., Exh. 14.
[17]  2007 Jacoby Dec., ¶ 31, Grant Dec., Exh. 14.
28

Exhibit 2
Page 15

1  that his counsel had taken forensic images of them and had them in its possession, as
2  Mattel later learned (See discussion below).

3  **On January 25, 2007, the Court Orders Production of the Hard Drive,**
4  **But Bryant's Counsel Fails to Produce Them.**   The Discovery Master granted
5  Mattel's motion to compel without limitation.   Among other things, it ordered that
6  "[p]ursuant to Rule 34, Fed.R.Civ.P., *Bryant shall produce the hard drives of his*
7  *computers for forensic imaging*" by no later than February 23, 2007 (the "January 25,
8  2007 Order").[18]

9       Shortly before the February 23, 2007 deadline, Bryant's former counsel
10 asked Mattel for an extension of time to comply with the Order, claiming additional
11 time was required because (i) the quantity of responsive documents "may be
12 significant" and (ii) because Bryant would be traveling.[19]   Mattel agreed to extend
13 Bryant's time to produce the hard drives.[20]

14      Four days later, in a February 27, 2007 email, Bryant's counsel asserted a
15 new reason for failing to produce the hard drives, i.e., that the hard drive contained
16 some unspecified "highly private material" and seeking "some sort of agreement" on
17 that issue.[21]   Mattel again agreed to extend the deadline for production so the parties
18 could further discuss this new privacy issue.   In return, Bryant's counsel agreed to
19 provide a detailed log of the "highly private" files at issue by no later than March 23,
20 2007.[22]   By March 26, 2007, Bryant had still not produced that log.[23]

21

22 [18]  Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25,
   2007 at 17, Grant Dec., Exh. 1.
23 [19]  Stipulation and Order re: Request to Extend Deadline Within Which Carter
   Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting
24 Mattel's Motion to Compel Production of Documents dated February 23, 2007,
   Grant Dec., Exh. 15.
25 [20]  Id.
   [21]  E-mail message dated February 27, 2007, from Douglas Wickham to Michael
26 Zeller, Grant Dec., Exh. 16.
   [22]  Letter dated March 2, 2007 from Douglas Wickham to Michael Zeller, Grant
27 Dec., Exh. 17; letter dated March 16, 2007 from Douglas Wickham to Michael
   Zeller, Grant Dec., Exh. 18; letter dated March 27, 2007 from Douglas Wickham to
28 John Quinn, Grant Dec., Exh. 19.

**Mattel Moves To Enforce the January 25, 2007 Order.**  In view of Bryant's failure to comply with the January 25, 2007 Order, Mattel sought to meet and confer in advance of a motion to enforce the Order.[24]

In response, Bryant's former counsel announced that they in fact had **five** forensic images of Bryant hard drives containing Bratz-related information.[25]  Two of the images were made in July 2004—long before Bryant had represented to the Court that **only** the Desktop had been located.  One of the images was of the Desktop, the other of the Laptop.  According to Bryant's counsel, those two hard drive images contained data **only** from 2002 and 2003[26]—an odd suggestion given that Bryant had testified that he had used them since 2000.[27]  When Mattel asked about the whereabouts of the actual Desktop, Bryant's counsel said for the first time that the Desktop could no longer be found.[28]  They also revealed for the first time that the Laptop—which Bryant had previously represented to the Court could not be located[29]—was in fact in their possession (and had been since it was imaged in 2004) and contained Bratz-related

---

[23] Letter dated March 26, 2007 from Michael Zeller to Douglas Wickham, Grant Dec., Exh. 20.

[24] Id.

[25] Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Grant Dec., Exh. 21.

[26] Id.

[27] Bryant Deposition 245:8-17; 246:3-5; 248:5-9, Grant Dec., Exh. 5.  Bryant and his former counsel had also represented to the Court in 2005 that Bryant had used the Desktop "from 2000 to 2002."  Bryant's 2007 Separate Statement, at 62:8-10, Grant Dec., Exh. 13; 2005 Jacoby Dec. ¶ 22, Grant Dec., Exh. 10.

[28] Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Grant Dec., Exh. 21.

[29] Bryant's 2007 Separate Statement, at 39:15-18, Grant Dec., Exh. 13.

1   documents.[30] Last, Bryant disclosed that the three other forensic images of Bryant hard

2   drives were made in March 2007.[31]

3          Bryant's counsel did not dispute the relevance and discoverability of

4   Bryant's hard drives.  To the contrary, they expressly acknowledged that the drives

5   were ordered produced by the Discovery Master.  However, they claimed the hard

6   drives contained unspecified "highly private" materials and unidentified information

7   about unreleased Bratz products scheduled for release in 2007 and 2008 and, on this

8   basis, refused to produce them.[32]

9          Faced with Bryant's conflicting representations, Mattel moved to enforce

10  the Court's January 25, 2007 Order and compel Bryant to produce his hard drives.[33]

11  The day before Bryant's Opposition was due, Bryant's counsel advised Mattel they had

12  "found" the Desktop and "discovered" an image of it in their possession and would

13  now make them available to Mattel.[34]

14         **The Court Rules Information and Materials Related to Unreleased**

15  **Products Are Relevant, and Orders Their Production.**  By Order dated May 15,

16  2007, the Discovery Master ruled that information related to defendants' unreleased

17  products—which was part of the purportedly sensitive material Bryant had indicated

18  the three other images of his hard drives contained (along with the "highly private"

19  information) is relevant to Mattel's claims.[35]  The Court then approved a third-tier,

20  ────────────────

21  [30]  Letter dated April 6, 2007 from Michael Zeller to Douglas Wickham, Grant
    Dec., Exh. 21.

22  [31]  Id.; see also Letter dated March 27, 2007 from Douglas Wickham to Michael

23  Zeller, Grant Dec. Exh. 20.
    [32]  Id.

24  [33]  Notice of Motion and Motion of Mattel, Inc. for An Order to Enforce Court's

25  January 25, 2007 Order Compelling Bryant to Produce Desktop Computer Hard
    Drive, dated April 10, 2007 ("April 2007 Motion to Enforce Discovery Order),"

26  Grant Decl., Exh. 22.

27  [34]  Letter dated April 23, 2007, from Keith A. Jacoby to Michael Zeller. Grant
    Dec., Exh. 23.

28  [35]  Id.

1 | hyper-strict protective order to guard the sensitive nature of the information and ordered

2 | MGA to produce such materials.[36] MGA appealed, and the Court upheld the Discovery

3 | Master's ruling.[37]

4 | Shortly thereafter, Bryant's current counsel produced the Laptop and the

5 | July 2004 image of its hard drive.[38] But Bryant continued to refuse to produce his three

6 | other hard drives and/or their images, which he claimed need not be produced,

7 | notwithstanding the January 25, 2007 Order, because of the sensitive materials they

8 | contain.

9 | **Bryant Used "Evidence Eliminator" Program on Both the Desktop**

10 | **and Laptop.** When Mattel inspected Bryant's Desktop and Laptop hard drives, it

11 | discovered that a software program called "Evidence Eliminator" had been installed

12 | and run on them.[39]   Evidence Eliminator purports to be a program designed to

13 | permanently destroy data to prevent its use in legal proceedings:   "Evidence

14 | Eliminator . . . the data destroyed is 'gone forever' and it is impossible to create mirror

15 | images of defendants' hard drives . . ."[40]   Mattel's inspection also confirmed that data

16 | from the critical period of 2000 through 2001 was missing from both drives.[41]

17 | Just last week, Bryant admitted in deposition that by using "Evidence

18 | Eliminator" "there was data that was eliminated" from his hard drives.[42] He claims,

19 | however, not to recall what data was deleted.[43]  Bryant also claims the only reason he

20 | used "Evidence Eliminator" was to make his Desktop and Laptop "run smoother."[44]

21 |

22 |

23 | [36] Id.

    [37] Minute Order, dated July 2, 2007, at 3-4, Grant Dec., Exh. 24.

24 | [38] Grant Dec., ¶ 27.

    [39] Grant Dec., ¶ 29, Exh. 25.

25 | [40] Id.

26 | [41] Id.

27 | [42] Bryant Deposition [Rough] 10:10-11:6, Grant Dec., Exh. 26.

    [43] Id.

28 | [44] Bryant Deposition [Rough] 6:17-10:9; 12:18-13:20, Grant Dec., Exh. 26.

However, Evidence Eliminator is specifically designed to permanently destroy data to prevent its use in legal proceedings, not to improve a computer's efficiency.[45]

**Bryant's January 15, 2008 Preservation Affidavit.** Upon learning of Bryant's use of "Evidence Eliminator" and among other thing, Judge Larson issued an Order dated August 27, 2007 requiring "all parties" to provide preservation of evidence affidavits no later September 10, 2007.[46] Bryant refused. Judge Larson then issued an Order dated January 7, 2008, mandating Bryant's compliance with the August 27, 2007 Order.[47]

In that affidavit, Bryant claimed that the three hard drive images made in March 2007 were taken "of three computers [he] had used since the imaging [of the Desktop and Laptop] in July, 2004."[48] This statement suggested that the three hard drive images contain relevant information spanning from August 2004 to March 2007, when the images were taken.

**Bryant Testifies That He Owned At Least Seven Personal Computers—Not Two As He Previously Testified and Represented to the Court.** A week after filing his preservation affidavit, Bryant's story dramatically changed yet again. On January 23, 2008, Bryant testified in deposition that since 2000 he has actually owned at least **seven** personal computers—not just two as he previously testified—and used each to do Bratz-related work, to communicate with MGA and others, and to conduct research.[49] Sometime in 2004, Bryant purchased another laptop

---

[45]   Grant Dec. ¶ 29, Exh. 25.
[46]   Order Requiring Filing of Affidavits Re Evidence Preservations, dated August 27, 2007, at 5, Grant Dec., Exh. 3.
[47]   Order Granting Motion to Enforce the Court's Order of August 27, 2007, and Denying Request for Sanctions, dated January 7, 2008, Grant Dec., Exh. 4.
[48]   Declaration Of Carter Bryant In Response To Court's Request For Information Regarding Document Preservation, filed January 15, 2008, Grant Dec., Exh. 27.
[49]   Bryant Deposition [Rough] 21:24-28:18; Grant, Dec., Exh. 26.

1  and another desktop (the "2004 Computers").[50]   According to Bryant, in 2005 his

2  counsel made forensic images of both 2004 Computers and has had possession of them

3  ever since.[51]  What computers Bryant used to do his work in 2006 remains a mystery.

4  Bryant testified only that he purchased two new desktops and another laptop in 2007

5  (the "2007 Computers"), which he is currently using.[52]  Seemingly contradicting his

6  preservation affidavit, Bryant testified that the three forensic images made in

7  March 2007 were taken of the 2007 Computers and consist only of some unidentified

8  files, not the full drives.[53]

9          **Mattel's Meet-and-Confer Efforts.**   On April 2, 2007, Mattel's

10  counsel initiated the meet and confer process with Bryant's former counsel regarding

11  Bryant's Desktop and thereafter regarding Bryant's Laptop.  Since then, Bryant

12  produced the Desktop and Laptop to Mattel for inspection and forensic imaging,

13  along with images of those drives.  Bryant's current counsel and Mattel's counsel

14  began the meet and confer process regarding Bryant's more recent hard drives in or

15  around September 2007.  Bryant refused to produce those hard drives.  Mattel's

16  wrote Bryant's counsel on January 4, 2008 regarding Bryant's continuing failure to

17  produce his other hard drives and/or forensic images of them and requesting another

18  meet and confer on this issue before Mattel filed a motion to enforce the January 25,

19  2007 Order compelling their production and seeking sanctions.  By e-mail message

20  dated January 7, 2008, Bryant's current counsel responded and stated that Bryant

21  would not produce his other hard drives for two reasons.[54]  First, Bryant's counsel

22  claims that the January 25, 2007 Order applied only to Bryant's Desktop, Laptop,

23

24   [50]  Id.

25   [51]  Id.

26   [52]  Id.
     [53]  Id.; Bryant Deposition [Rough] 199:23-200:13, Grant, Dec., Exh. 28.
     [54]  E-mail message from Michael Zeller to Mike Page and Christa Anderson,.

27  dated January 4, 2008; e-mail message from Michael Werdegar to Michael Zeller,

28  dated January 7, 2008, Grant Dec., Exh. 29.

1 and his parents' computer.  Second, Bryant's counsel claimed that Mattel's request

2 for Bryant's other hard drives was a "fishing expedition."

3

4                                   **Argument**

5 I.    **BRYANT SHOULD BE ORDERED TO MAKE ALL HIS HARD**

6       **DRIVES AVAILABLE FOR INSPECTION AND IMAGING, OR**

7       **EXPLAIN THEIR NON–PRODUCTION UNDER OATH.**

8

9       A.    **The January 25, 2007 Order Compelled Bryant to Produce All of**

10            **His Hard Drives.**

11            The Discovery Master ordered Bryant to produce "the hard drives of his

12 computers for forensic imaging," no later than February 23, 2007.[55]  By its express

13 terms, the Court's Order is not limited Bryant's Desktop and Laptop.   Bryant's

14 counsel's recent claim to the contrary is unavailing.[56]

15            The language of the Court's Order is clear.    In the January 25, 2007

16 Order, the Discovery Master compelled Bryant to produce his hard drives for forensic

17 imaging.  That requirement is unambiguous.  Bryant has willfully failed to comply that

18 Order.

19            Significantly, in opposing the motions to compel that underlie the

20 January 25, 2007 Order, Bryant and his counsel failed to mention that he purchased two

21 computers in 2004 that used for Bratz-related work and communications with MGA.[57]

22 They failed to mention them in 2005 when the motion was originally filed and in 2007

23 when it was renewed after the stay was lifted.  Nor did they disclose the 2004

24 Computers (or the three additional computers purchased sometime 2007) in April 2007

25

26   [55]  The January 25, 2007 Order, at 17, Grant Dec., Exh. 1.
     [56]  E-mail message from Mathew M. Werdegar to Michael T. Zeller, dated
27 January 7, 2008, Grant Dec., Exh. 29.
     [57]  Joint Stipulation, at 62-63, Grant Dec., Exh. 7; Bryant's 2007 Separate
28 Statement, at 38-40, Grant Dec., Exh. 13.

Exhibit 2

1 when Mattel filed its first motion to enforce the January 25, 2007 Order; in

2 November 2007 when Mattel filed its motion to enforce the August 27, 2007 Order

3 directing all parties to filed preservation affidavits; and again in December 2007 when

4 Mattel filed its motion to compel the deposition of Bryant's former counsel on just this

5 issue. Thus, Bryant has waived his right to oppose the production of the 2004 and 2007

6 hard drives and their forensic images. See, e.g., Richmark Corp. v. Timber Falling

7 Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections

8 to discovery orders and a contempt adjudication based on the People's Republic of

9 China's secrecy laws where it failed to raise argument in response to motion to

10 compel).

11

12     **B.**     <u>**Bryant's Claim That Mattel Is On a "Fishing Expedition" Is**</u>

13               <u>**Without Merit.**</u>

14     Bryant's counsel has asserted that Mattel's demand for production of

15 Bryant's other hard drives is a mere "fishing expedition." Not so. The relevance of

16 Bryant's 2004 and 2007 hard drives is indisputable. Bryant recently testified that he

17 used each hard drive to perform Bratz-related work and to communicate with MGA.[58]

18 And the Discovery Master and the Court have already ruled that materials and evidence

19 related to unreleased products are relevant to Mattel's trade secret and RICO claims and

20 ordered MGA to produce such materials.[59] "[W]here [, as here,] the contents of an

21 adversary's computer go to the heart of the case," courts have consistently ordered their

22

23   [58] Bryant Deposition 23:9-45:6; 25:2-16 , Grant Dec., Exh. 26.

   [59] Order Modifying Protective Order, dated May 15, 2007, at 6-8; Order

24 Granting Mattel's Motion Compel Production of Documents and Interrogatory Responses, dated May 15, 2007, at 9; Stipulation to Modify Protective Order; and

25 Order Thereon, dated May 15, 2007 (collectively "the May 15, 2007 Orders"), Grant Dec., Exh. 30. Minute Order, dated July 2, 2007, at 3-4, Grant Dec., Exh. 24. Even

26 if the Discovery Master and Court had not previously ruled on this issue, Bryant waived the right to object to the January 25, 2007 Order on the ground that

27 unreleased products are not relevant by failing to raise this issue in opposition Mattel's 2005 and 2007 motions to compel. See, e.g., Richmark Corp., 959 F.2d

28 at 1473.

Exhibit 2

Page 23

072092349684 2

-14-

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE THREE COMPUTER HARD DRIVES

1  production and/or a forensic image to be taken of them.  See, e.g., Hedenburg v.

2  Aramark American Food Servs., 2007 WL 162716, at *2 (W.D. Wash. Jan. 17 2007)

3  (citing cases and so ordering); see also Frees, Inc. v. McMillan, 2007 WL 184889, at *2

4  (W.D. La. Jan. 22, 2007) (same).  The need to order Bryant's production of the 2004

5  and 2007 hard drives and their images is particularly acute here because their contents

6  may support Mattel's claims that Bryant and others stole its trade secrets.  See, e.g., id.

7          The fact that Bryant purchased the three 2007 hard drives after he left

8  Mattel's employ in 2004 is of no consequence.  See id.  In Frees, the defendant argued

9  that he should not be compelled to produce two computers purchased two years after

10  his alleged misappropriation of plaintiff's trade secrets.  Id. at *1.  The district court

11  rejected this argument for two reasons—both of which apply here.  First, the court held

12  that "[a] party cannot, by his own self-serving statements, deny the other party access to

13  potentially relevant information."  Id. at *2.  Second, the court held that, even assuming

14  the defendant's statements were true:

15          the fact that the computers were allegedly acquired two years

16          after the misappropriation is said to have occurred in no way

17          forecloses the existence of the pilfered data, or information

18          related to such date, on the computers.  It would certainly have

19          been possible for [the defendant] to transfer computer data

20          acquired from Frees in 2003 to a computer he did not obtain until

21          two years later.

22  Id.

23          In any case, as the Court knows, Mattel has asserted claims alleging MGA

24  and others with the ongoing theft of trade secrets.  Hence, post-2004 information is

25  highly relevant.

26          Moreover, the inconsistencies in Bryant's ever-changing story about what

27  computers he owned during critical time periods and what drives he or his counsel have

28  in their possession—which the Discovery Master deemed "alarming"—alone justify

1  inspection. In such circumstances, it is well settled that the hard drives sought should
2  be produced for forensic imaging. See, e.g. Simon Prop. Group L.P. v. mySimon, Inc.,
3  194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to mirror image defendant's
4  computers where there were "troubling discrepancies with respect to defendant's
5  document production"); accord Ameriwood Indus., Inc. v. Liberman, 2006 WL
6  3825291, at *4-*5 (E.D. Mo Dec. 27, 2006) (holding same and citing cases holding
7  same).

8       Accordingly, Bryant should be ordered to produce all his hard drives and
9  the images of them in his counsel's possession, including the 2004 and 2007
10  Computers.

11

12  **II.    BRYANT'S FAILURE TO COMPLY WITH JANUARY 25, 2007**
13  **ORDER HAS BEEN WILLFUL, AND SHOULD BE SANCTIONED**

14       Bryant's failure to comply with the January 25, 2007 has been willful and
15  flagrant. This is but another effort by Bryant and MGA to delay and obstruct Mattel's
16  ability to obtain information that it is plainly entitled to.

17       The Discovery Master has broad authority to sanction Bryant for his
18  disobedience of its Orders.[60] Under Federal Rule of Civil Procedure 37(b)(2), the Court
19  "may make such orders in regard to the failure [to comply with the Court's Order] as are
20  just." See also U.S. v. Westinghouse Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981)
21  ("The choice of discovery sanctions is left to the discretion of the district court.");
22  accord Grimes v. City and County of San Francisco, 951 F.2d 236, 240-241 (9th Cir.
23  1991) (courts "may, within reason, use as many and as varied sanctions as are necessary
24  to hold the scales of justice even.").

25       Independently, sanctions may be imposed under 28 U.S.C. § 1927, which
26  provides that "[a]ny attorney . . . who so multiplies the proceedings in any case

27

28  ---
[60] Stipulation and Order for the Appointment of the Discovery Master, dated December 6, 2006, at 3-4, Grant Dec., Exh. 1.

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995). Here, Bryant has not and cannot over any valid justification for refusing to comply with the January 25, 2007 Order, let alone a substantial justification for doing so.  See Fed. R. Civ. P. 37(b)(2) ("the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.")

Sanctions are needed here as a deterrent, particularly in light of Bryant's prolonged refusal to disclose the existence of critical evidence, and to coerce compliance.  Mattel respectfully requests that Bryant be ordered to pay $3,500 as partial reimbursement for the fees and costs that Mattel has incurred in bringing this motion.[61] Mattel also requests that Bryant be fined $5,000 for every day that he refuses to comply following the date by which the Court orders him again to produce the computer images and hard drives to ensure compliance and prevent still further motion practice on this matter.  See Grimes, 951 F.2d at 241 ("magistrates may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order").

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master order Bryant to:  (1) produce within five calendar days his 2004 and 2007 computer hard drives for forensic examination and the forensic images in his counsel's

---

[61]  Grant Decl. ¶ 32.

Exhibit 2
Page 26

1  possession of those drives in compliance with the January 25, 2007 Order, along with

2  any other drives Bryant used for Bratz that are in his possession, custody, or control.

3  Mattel also respectfully requests that the Discovery Master award sanctions in the

4  amount of $3,500 to reimburse Mattel for at least part of its attorney's fees; and impose

5  prospective sanctions of $5,000 per day until such time as Bryant fully complies with

6  the January 25, 2007 Order.

7

8  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
9

10                                 By
11                                    Timothy L. Alger
                                      Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 West 2nd Street, Suite 206, Los Angeles, California 90026.

On January 28, 2008, I served true copies of the following document(s) described as :

**1)      NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES AND FOR SANCTIONS**

on the parties in this action as follows:

### SEE ATTACHED LIST

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

Exhibit 2
Page 28

## SERVICE LIST

1

2  Thomas J. Nolan                                    John W. Keker
   **Skadden, Arps, Slate, Meagher & Flom ,**          Michael H. Page
3  **LLP**                                             Christa M. Anderson
   300 South Grand Ave., Ste. 3400                    **Keker & Van Nest, LLP**
4  Los Angeles, California 90071                      710 Sansome Street
   TEL: (213) 687-5000                                San Francisco, CA 94111
5  FAX: (213) 687-5600                                TEL: (415) 391-5400
   tnolan@skadden.com                                 FAX: (415) 397-7188
6                                                     jkeker@kvn.com
                                                      mhp@kvn.com
7

8  Mark E. Overland, Esq.
   David E. Scheper, Esq.
9  Alexander H. Cote, Esq.
   **Overland Borenstein Scheper & Kim, LLP**
10 300 South Grand Avenue
   Suite 2750
11 Los Angeles, CA 90071-3144
   TEL: (213) 613-4655
12 FAX: (213) 613-4656
   moverland@obsklaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28