KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>　　　　　　　Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>**CARTER BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL, INC.'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MATTEL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND NOTICE OF JOINDER IN THE MGA PARTIES' OBJECTIONS**<br><br>Date:　　April 22, 2008<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom 1<br>Judge:　　Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

413764.05

BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

## I.   PRELIMINARY STATEMENT AND JOINDER IN THE MGA PARTIES' EVIDENTIARY OBJECTIONS

Pursuant to the Court's Scheduling Order dated February 21, 2007 ("Scheduling Order") [Docket No. 49], Carter Bryant hereby joins in the MGA parties' (collectively, "MGA") evidentiary objections to Mattel, Inc.'s Separate Statement of Uncontested Facts and Conclusions of Law in Support of Mattel's Motion for Partial Summary Judgment (Mattel's "Separate Statement"), and each of the declarations, exhibits, and other materials submitted by Mattel in support that Separate Statement, to the extent those objections also apply to Bryant.  In order to avoid unnecessary duplication, Bryant does not repeat each of these objections, and its legal basis, here.  Instead, Bryant submits this separate memorandum to address certain evidentiary objections that relate specifically, or with particular force, to Bryant.

## II.   ADDITIONAL EVIDENTIARY OBJECTIONS

**A.   Arguments made by counsel are not admissible evidence.**

| Mattel's "Uncontested Fact" Supporting Evidence | Objections |
|---|---|
| 15. Transcript of Hearing Regarding Mattel's Motion to Dismiss Bryant's Counter-claims, dated June 26, 2006, at 12:23-25 (Proctor Dec., Exh. 8). | Irrelevant and inadmissible evidence.  Fed. R. Evid. 401, 402.  Statements by counsel are not admissible evidence to provide support for motions for summary judgment.  *See, e.g.*, *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 923 (9th Cir. 2001)  (alternative arguments by counsel "are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment."); *see also In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments |

413764.05

1

BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

| | |
|---|---|
| | by counsel cannot provide factual support for a trial court's findings."); *United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."). |

### B. Mattel impermissibly relies on evidence that constitutes inadmissible hearsay vis-à-vis Carter Bryant.

Under the Federal Rules of Evidence, out of court statements offered to prove the truth of the matter asserted are hearsay, and are inadmissible, unless excluded by definition as non-hearsay or fall into an established hearsay exception. Fed. R. Evid. 801(c), 802, 803. Mattel impermissibly relies on inadmissible hearsay evidence in support of its motion for partial summary judgment. In addition to the hearsay objections raised by MGA, which Bryant joins, Bryant objects to three additional categories of hearsay relied upon by Mattel: (1) testimony proffered in litigation in which Carter Bryant was not a party; (2) other out of court statements made by MGA or others; and (3) MGA's answer and discovery responses in this litigation. Even if such evidence were admissible against the MGA defendants, it is not admissible against Bryant. *See* Fed. R. Ev. 105. The specific evidence to which Bryant objects, and the bases for those objections, is as follows:

| Mattel's "Uncontested Fact" Supporting Evidence | Objections |
|---|---|
| 20. Affirmation of Lee Shiu Cheung, dated June | Hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not a party admission as to Bryant. Fed. R. Evid. |

| | | |
|---|---|---|
| 1 | 18, 2002, at ¶ 7 (Proctor Decl., Exh. 14); | 801(d)(2)  Former testimony exception does not apply, as there has been no showing that Lee Shiu Cheung is unavailable as a witness in this case.  Fed. R. Evid. 804(b)(1). |
| 2 | | |
| 3 | | |
| 4 | Exh. LSC-3 to the Affirmation of Lee Shiu Cheung (Proctor Decl., Exh. 14). | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | 26.  Affidavit of Isaac Larian in *Cityworld*, at ¶13, ("Larian's Cityworld Affidavit"), Bates-numbered M 0883396-407 (Proctor Decl, Exh. 54). | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Not offered by Matttel as a prior inconsistent statement of Mr. Larian.  Fed. R. Evid. 801(d)(1).  Former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case.  Fed. R. Evid. 804(b)(1). |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | 41.  Larian *Cityworld* Affidavit, at ¶ 12 (Proctor Decl, Exh. 54). | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Not offered by Matttel as a prior inconsistent statement of Mr. Larian.  Fed. R. Evid. 801(d)(1).  Former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case.  Fed. R. Evid. 804(b)(1). |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | 42.  Affidavit of Daphne Gronich in *Hunglam Toys Company Limited et al.*, at ¶¶ 5-6 (Proctor Decl., Exh. 17); | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2)  Former testimony exception does not apply, as there has been no showing that Daphne Gronich is unavailable as a witness in this case.  Fed. R. Evid. 804(b)(1). |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

413764.05

3

BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Affidavit of Daphne Gronich in *MGA Entertainment, Inc. v. Double Grand Corp. Ltd.*, at ¶¶ 6-7 (Proctor Decl., Exh. 122). | |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | 43. Affirmation of Lee Shiu Cheung in *Double Grand Corp.*, at ¶ 8 (Proctor Decl., Exh. 69); Affirmation of Wai Lim Fam in *Hunglam Toys*, at ¶ 5(2) (Proctor Decl., Exh. 123). | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2)  Former testimony exception does not apply, as there has been no showing that Lee Shiu Cheung and/or Wai Lim Fan are unavailable as witnesses in this case.  Fed. R. Evid. 804(b)(1). |
| 16<br>17<br>18<br>19<br>20<br>21<br>22 | 62.  Larian's testimony in *Art Attacks*, at MGA 0868922 (Proctor Decl. Exh. 85). | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Not offered by Matttel as a prior inconsistent statement of Mr. Larian.  Fed. R. Evid. 801(d)(1).  Former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case.  Fed. R. Evid. 804(b)(1). |
| 23<br>24<br>25<br>26<br>27 | 68.  E-mail interview of Paula Treantafelles for "Dolls Magazine", dated April 25, 2001 and May 1, 2001, Bates numbered | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Not offered by Matttel as a prior inconsistent statement of Ms. Treatafelles.  Fed. R. Evid. 801(d)(1). |

28

413764.05

4
BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

| | | |
|---|---|---|
| 1 | MGA 0051255-7, at | |
| 2 | MGA 0051256 (Proctor | |
| 3 | Decl., Exh. 110). | |
| 4 | 85. Affidavit of Isaac | Hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. |
| 5 | Larian in *MGA v. Metson* | Not party admission(s) as to Bryant. Fed. R. Evid. |
| 6 | at p. 2, ¶ 8, Bates- | 801(d)(2).  Not offered by Matttel as prior inconsistent |
| 7 | numbered MGA | statement(s) of Mr. Larian. Fed. R. Evid. 801(d)(1). |
| 8 | 0868039-91 (Proctor | As for Affidavit of Mr Larian in *MGA v. Metson*, the |
| 9 | Decl., Exh. 99); | former testimony exception does not apply, as Mr. |
| 10 | | Larian is an available witness, and has been deposed in |
| 11 | **Published Articles:** | this case. Fed. R. Evid. 804(b)(1). |
| 12 | Business Week article, | |
| 13 | Bates-numbered M | |
| 14 | 0074054-6, (Proctor | |
| 15 | Dec., Exh. 100); | |
| 16 | San Fernando Valley | |
| 17 | Business Journal article, | |
| 18 | (Proctor Dec., Exh. 100). | |
| 19 | | |
| 20 | **USPTO Documents:** | |
| 21 | U.S. patent application, | |
| 22 | Exhibit 500 in this | |
| 23 | action, (Proctor Dec., | |
| 24 | Exh. 101); | |
| 25 | Amendment to U.S. | |
| 26 | patent application, | |
| 27 | Exhibit 548 in this | |
| 28 | | |

5

BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413764.05

| | |
|---|---|
| action, (Proctor Dec., Exh. 102); Patent for trapezoidal packaging, Exhibit 552 in this action (Proctor Dec., Exh. 103); Patent application for trapezoidal packaging, Exhibit 615 in this action (Proctor Dec., Exh. 104). **Other:** E-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22 (Proctor Dec., Exh. 97). | |
| 93.  MGA's complaint in *MGA Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx) (Proctor Decl., Exh. 107). | Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Pleadings of another party are inadmissible hearsay as to Carter Bryant, and are not party admission(s) as to Bryant.  Fed. R. Evid. 105, 801(d)(2). |
| 129.  Judgment of Deputy High Court of | "Statements made by MGA contained within" the Judgment of the Deputy High Court of Hong Kong |

6

BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413764.05

| | |
|---|---|
| the Hong Kong Special Administrative Region in *MGA Entertainment, Inc. v. Double Grand Corp. Ltd.*, Action No. 1883 of 2003, dated February 24, 2006, at ¶11, attached as Exhibit A to Request for Judicial Notice, dated March 7, 2008. | Special Administrative Region in *MGA Entertainment, Inc. v. Double Grand Corp. Ltd.*, Action No. 1883 of 2003, dated February 24, 2006 (Mattel Request for Judicial Notice, at 2), are irrelevant and inadmissible evidence. Fed. R. Evid. 401, 402. Statements by counsel are not admissible evidence to provide support for motions for summary judgment. *See, e.g.*, *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (alternative arguments by counsel "are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment."); *see also In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."); *United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."). Moreover, as stated above, statements made by MGA or MGA's counsel in such proceedings are not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). |

### III.   CONCLUSION

Carter Bryant respectfully requests that the Court strike the foregoing inadmissible evidence cited by Mattel in support of its purported "uncontested facts", and/or not consider that evidence in ruling on Mattel's Motion for Partial

/ / /

/ / /

7

BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413764.05

Summary Judgment vis-à-vis Bryant.

                                                           Respectfully submitted,

Dated:  March 25, 2008                    KEKER & VAN NEST, LLP

                                         By:   /s/ Matthew Werdegar
                                                MATTHEW WERDEGAR
                                                Attorneys for Plaintiff
                                                CARTER BRYANT

8
BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

413764.05