THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:    tnolan@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
E-mail:    kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED,
and MGAE de MEXICO S.R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **(1) MGA DEFENDANTS' NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER RE MOTION TO QUASH DEPOSITION SUBPOENAS AND MEMORANDUM IN SUPPORT;** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | **(2) DECLARATION OF MARCUS MUMFORD (filed under separate cover); and** |
| | **(3) [PROPOSED[ ORDER (lodged under separate cover)** |
| | Date:  April 28, 2008 |
| | Time:  10:00 a.m. |
| | Judge: Honorable Stephen G. Larson |
| | Place: Courtroom 1 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on April 28, 2008, at 10:00 a.m., or as soon as

3  the matter may be heard, before the Honorable Stephen G. Larson of the United

4  States District Court for the Central District of California—Eastern Division, located

5  at 3470 Twelfth Street, Riverside, California 92501, MGA Entertainment, Inc., Isaac

6  Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.

7  (collectively, the "MGA Defendants") will and hereby do move in this matter,

8  pursuant to Federal Rule of Civil Procedure 72(a), for an order to:

9         (1)    Set aside the portions of the Discovery Master's March 11, 2008 Order

10  Re MGA Defendants' Motion to Quash Deposition Subpoenas (the "March 11, 2008

11  Order") denying said motion to quash as to Ana Isabel Cabrera, Beatriz Morales,

12  Maria Elena Salazar and Mel Woods; and

13        (2)    If the deposition subpoenas for Ms. Cabrera and Ms. Morales are not

14  quashed, to modify the March 11, 2008 Order to defer any deposition of said

15  witnesses until after the Court decides the MGA Defendants and Carter Bryant's

16  Motion for an Evidentiary Hearing Regarding Witness Tampering, currently

17  scheduled to be heard on April 14, 2008, and after the requested evidentiary hearing

18  has been held.

19        This motion is made on the ground that the Discovery Master clearly erred in

20  denying the MGA Defendants' motion to quash as to Ms. Cabrera, Ms. Morales, Ms.

21  Salazar and Mr. Woods in that he did not find that Mattel had a sufficient number of

22  depositions remaining in its original allocation of 24 depositions to be able to depose

23  these four witnesses.  As to Ms. Cabrera and Ms. Morales, this motion is also made

24  on the ground that even if the Discovery Master did not clearly err in denying the

25  motion to quash, the Discovery Master clearly erred in not deferring Ms. Cabrera and

26  Ms. Morales' depositions until after the Court conducts an evidentiary hearing as to

27

28

1  the impropriety and illegality of Mattel's pre-notice "investigation" of these two

2  former Mattel employees.

3       This motion is based on this Notice of Motion and Motion, the attached

4  Memorandum of Points and Authorities, the concurrently filed Declaration of

5  Marcus Mumford, the pleadings and records on file in this action, and any further

6  evidence and argument as may be presented to the Court on this motion or for which

7  judicial notice may be taken.

8              **Statement of Rule 37-1 Compliance**

9       The parties met and conferred regarding the subject of this motion on March

10  24, 2008, but were unable to resolve the matter.

11

12  DATED:  March 25, 2008

13                    SKADDEN, ARPS, SLATE, MEAGHER &
                      FLOM, LLP
14

15

16                    By:  /s/ Thomas J. Nolan
                         Thomas J. Nolan
17
                      Attorneys for Counter-Defendants, MGA
18                    ENTERTAINMENT, INC., ISAAC
                      LARIAN, MGA ENTERTAINMENT (HK)
19                    LIMITED, and MGAE de MEXICO S.R.L.
                      de C.V.

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ..................................................................... 1

II.    SUMMARY OF FACTS ............................................................................. 2

    A.    The Court's Rulings Regarding Mattel's Depositions. ........................ 2

    B.    The Discovery Master's March 11, 2008 Order.................................... 4

III.   THE COURT SHOULD SET ASIDE OR MODIFY THE DISCOVERY MASTER'S MARCH 11, 2008 ORDER AS IT PERTAINS TO MS. CABRERA, MS. MORALES, MS. SALAZAR AND MR. WOODS. ................................................................................. 5

    A.    The Discovery Master Did Not Determine that Mattel Had Enough Depositions Remaining in Its Original Allocation to Depose the Non-Parties. ................................................................. 5

    B.    To the Extent Not Quashed, the Depositions of Ms. Cabrera and Ms. Morales Should Be Deferred Until After the Court Holds an Evidentiary Hearing Regarding Mattel's Witness Tampering. ............ 9

IV.    CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes

18 U.S.C. § 1512 ................................................................................ 11

Fed. R. Civ. P. 72(a) ........................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT**

At the February 4, 2008 hearing, and in a subsequent minute order, the Court made two things clear regarding Mattel's efforts to depose Ana Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and Mel Woods. *First*, the Court held that Mattel could not depose these non-parties unless the Discovery Master found that, *as of the time they were subpoenaed*, Mattel had sufficient depositions left in its original allotment of 24. (Declaration of Marcus Mumford ("Mumford Decl."), Ex. 1 at 49:8-14 & 51:9-19 ("If that number comes up to be 20 or less, then they're in. If that number comes up to be 24 or more, then they're out.").)

*Second*, as to Ms. Cabrera and Ms. Morales—two former Mattel employees— the Court recognized that there had been "pretty serious allegations" raised concerning the conduct of Mattel executives in their "investigation" involving these women shortly before they were fired. (*Id.* at 47:9-13.) That "investigation" included a dishonest and misleading interrogation of Ms. Cabrera and Ms. Morales in an attempt to elicit favorable recorded statements from them, without a Spanish-language interpreter and despite their protestations of difficulty communicating in English, and a coerced search and seizure of property from Ms. Cabrera's home over her objections. (*Id.* at 36:1-19, 47:9-13 & 60:1-5.) Due to concerns about Mattel's seizure of materials from Ms. Cabrera's home, the Court held: "I will direct that the deposition does not [go] forward, assuming that it is going forward, depending on Judge Infante's ruling, until you have met and conferred and any motion has been heard by this Court concerning the items that were or were not taken from your client." (*Id.* at 61:24-62:3.)

Despite the Court's rulings, the Discovery Master's March 11, 2008 Order denied the MGA Defendants' motion to quash as to Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods without making any determination as to whether Mattel had

1  enough depositions left in its original allocation.  (Mumford Decl., Ex. 2 at 2-3.)

2  This was clearly erroneous because the Court explicitly held that Mattel could not

3  depose these four witnesses unless the Discovery Master found that Mattel had

4  enough of its originally allocated depositions left when Mattel subpoenaed them.  No

5  such finding was made.

6       The March 11, 2008 Order also did not defer Ms. Cabrera and Ms. Morales'

7  depositions until after the Court had resolved issues concerning Mattel's pre-

8  termination investigation of these individuals.  (*Id.* at 2.)  This was also clearly

9  erroneous in view of the Court's finding that no deposition should proceed until at

10 least concerns raised regarding Mattel's seizure of property had been resolved.

11 Because this issue and all of the other issues regarding Mattel's unethical and

12 potentially illegal actions had not been resolved as of the March 11, 2008 Order, the

13 depositions should have been deferred.  In fact, the MGA Defendants and Bryant

14 have moved for an evidentiary hearing to address precisely these issues.  Under the

15 circumstances, deferring the depositions (assuming they are allowed to go forward)

16 until after the evidentiary hearing is necessary to ensure that Mattel does not use any

17 ill-gotten statements or materials to examine Ms. Cabrera and Ms. Morales.

18      Accordingly, the MGA Defendants respectfully request that the Court grant

19 this motion objecting to portions of the Discovery Master's March 11, 2008 Order.

20 **II.   SUMMARY OF FACTS**

21      **A.   The Court's Rulings Regarding Mattel's Depositions.**

22      In its February 12, 2007 Scheduling Order, the Court limited each side to 24

23 depositions.  By mid-November 2007, according to the most generous count, Mattel

24 had taken 18 depositions and had issued subpoenas for at least two other depositions.

25 On November 19, 2007, Mattel moved for leave to depose several additional

26 individuals and entities.  The hearing on Mattel's motion was set for January 7, 2008.

27 The day after filing its motion for additional depositions, Mattel issued deposition

28

subpoenas to Margaret Leahy, Elise Cloonan, Jeanne Galvano and Veronica Marlow. Mattel took these four depositions in December 2007.  Taking into account those that had been noticed, Mattel conceded that it had exhausted its original 24 deposition allotment in early December 2007 when it sought MGA' consent to take three more depositions which would be "over the 24 agreed between the parties."  (Mumford Decl., Ex. 8 at 1.)

On January 7, 2008, the Court granted in part Mattel's motion for leave. Shortly thereafter, Mattel issued deposition subpoenas to four new individuals:  Ana Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and Mel Woods.  None of these individuals had been identified in Mattel's motion for leave.  Accordingly, at a February 4, 2008 hearing and in a minute order following that hearing, the Court held that Mattel could depose these witnesses only if the Discovery Master found that Mattel had at least four of its originally-allocated 24 depositions remaining as of the time Mattel subpoenaed these non-parties for deposition.  (Mumford Decl., Ex. 1 at 49:8-14 & 51:9-19 ("Now, I will leave it to Judge Infante to count up the number of depositions that had been taken prior to your noticing these four additional ones. If that number comes up to be 20 or less, then they're in.  If that number comes up to be 24 or more, than they're out."); Docket No. 1931 (Civil Minutes dated Feb. 4, 2008) at 4 ("The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to 'count' the previously allocated depositions is left to the discretion of the Discovery Master.").)

At the same February 4, 2008 hearing, the MGA Defendants and counsel for Ms. Cabrera and Ms. Morales raised several issues concerning the manner in which Mattel investigated Ms. Cabrera and Ms. Morales prior to firing them.  (Mumford Decl., Ex. 1 at 36:1-19, 47:9-13 & 60:1-5.)  Mattel's investigation involved attempts by Mattel executives to manipulate Ms. Cabrera and Ms. Morales into giving false

1  recorded statements concerning their work for Veronica Marlow, interrogations of

2  the women with false representations and without a Spanish-language interpreter

3  despite Ms. Cabrera and Ms. Morales' protestations of difficulty communicating in

4  English, and a coerced search and seizure of property from Ms. Cabrera's home over

5  her objections.  (*Id.*)  The Court recognized that the allegations raised concerning the

6  treatment of Ms. Cabrera and Ms. Morales were "pretty serious" and expressed its

7  interest in finding out "what happened here."  (*Id.* 47:9-13 & 60:14-15.)  In fact, due

8  to concerns raised about Mattel's seizure of materials from Ms. Cabrera's home, the

9  Court held:

10  
11  
12  
> I will direct that the deposition *does not [go] forward*, assuming that it
> is going forward, depending on Judge Infante's ruling, *until you have
> met and conferred and any motion has been heard by this Court
> concerning the items that were or were not taken from your client.*

13  (*Id.* at 61:24-62:3 (emphasis added).)

14  **B.    The Discovery Master's March 11, 2008 Order.**

15  Following Mattel's issuance of deposition subpoenas to Ms. Cabrera, Ms.

16  Morales, Ms. Salazar and Mr. Woods, the MGA Defendants filed a motion to quash

17  those subpoenas with the Discovery Master.  Consistent with the Court's ruling at

18  the February 4, 2008 hearing, the MGA Defendants based their motion on, among

19  other grounds, the fact that Mattel did not have leave from the Court or a sufficient

20  number of originally allocated depositions to be able to depose these witnesses.

21  (Docket No. 2250 (MGA Defendants' Supp. and Second Amended Motion to Quash

22  Deposition Subpoenas) at 4-7; Docket No. 2457 (MGA Defendants' Reply) at 2-4.)

23  As alternative relief, the MGA Defendants also requested that the depositions of Ms.

24  Cabrera and Ms. Morales be deferred until after the Court conducted an evidentiary

25  hearing regarding the impropriety and illegality of Mattel's pre-firing investigation

26  of these two individuals.  (Docket No. 2250 at 7-11; Docket No. 2457 at 4-5.)

27  

28

1   On March 11, 2008, the Discovery Master issued an order regarding the MGA
2   Defendants' motion to quash.  The order denied the motion to quash with respect to
3   Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods, but the only stated reason
4   for that ruling was that "Mattel served subpoenas on these individuals before the
5   January 28, 2008 discovery cut-off.  Although Mattel failed to provide the standard
6   ten-day notice, the shortened notice was reasonable under the circumstances."
7   (Mumford Decl., Ex. 2 at 2-3.)  As to Mr. Woods, the Discovery Master denied the
8   motion solely "based upon Mattel's representation that [he has] potentially relevant
9   information regarding damages for the Phase I trial."  (*Id.* at 3.)

10  **III.   THE COURT SHOULD SET ASIDE OR MODIFY THE DISCOVERY
        MASTER'S MARCH 11, 2008 ORDER AS IT PERTAINS TO MS.
11      CABRERA, MS. MORALES, MS. SALAZAR AND MR. WOODS.**

12          Pursuant to stipulation and order, orders issued by the Discovery Master in
13  this case are treated as rulings by a Magistrate Judge.  (Docket No. 107 (Stipulation
14  for Appointment of a Discovery Master and Order) at ¶ 6.)  Accordingly, such orders
15  are subject to Federal Rule of Civil Procedure 72 and should be set aside or modified
16  if they are "clearly erroneous or … contrary to law."  Fed. R. Civ. P. 72(a).  As is
17  shown below, the portions of the Discovery Master's March 11, 2008 Order relating
18  to Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods are clearly erroneous and
19  should be set aside or modified.

20          **A.   The Discovery Master Did Not Determine that Mattel Had Enough
            Depositions Remaining in Its Original Allocation to Depose the
21          Non-Parties.**

22          Mattel has never moved for leave, and no Court has ever found good cause, to
23  take the depositions of Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods.  To
24  the contrary, in its February 4, 2008 hearing and minute order, the Court made clear
25  that Mattel could not depose these individuals unless the Discovery Master found
26  that Mattel had at least four of its originally allocated 24 depositions remaining *as of*
27  *the time* Mattel subpoenaed these non-parties for deposition.  (Mumford Decl., Ex. 1

28

1   at 49:8-14 & 51:9-19; Docket No. 1931 (Civil Minutes dated Feb. 4, 2008) at 4.)

2   Specifically, at the February 4, 2008 hearing, the Court stated as follows:

3       I trust Judge Infante will be able to take the Court's order, granting you
        leave to take additional depositions, and then determine how many other
4       depositions you have taken, add them up, and see if you have any
        additional ones, so as to afford you the ability to have noticed the
5       depositions of these four individuals: Ms. Cabrera, Ms. Morales, Ms.
        Salazar and Mr. Woods.
6
                                        * * *
7
        There is no question, to the Court's thinking – and I will make this clear
8       today – that the 40 I awarded to Mattel and the 10 additional ones I
        awarded to MGA were in addition to the 24 that they received.
9
        Now, I will leave it to Judge Infante to count up the number of
10      depositions that had been taken *prior to your noticing* these four
        additional ones.
11
        *If that number comes up to be 20 or less, then they're in. If that number*
12      *comes up to be 24 or more, than they're out.... We have a deadline. As*
        *you say, the clock expired. They were either part of the number that*
13      *they could take or they weren't.*

14  (Mumford Decl., Ex. 1 at 49:8-14 & 51:5-19 (emphasis added).)  The Court

15  confirmed its holding in a minute order: "The Court's January 7, 2008, Order granted

16  leave to take additional discovery over and above the previously allocated 24

17  depositions per side.  Nevertheless, *as to all other depositions, how to 'count' the*

18  *previously allocated depositions is left to the discretion of the Discovery Master*."

19  (Docket No. 1931 at 4 (emphasis added).)

20      The issue of Mattel's deposition count was fully briefed and presented to the

21  Discovery Master in connection with the MGA Defendants' motion to quash the

22  deposition subpoenas to, among others, Ms. Cabrera, Ms. Morales, Ms. Salazar and

23  Mr. Woods. (*See* Docket No. 2250 at 4-7; Docket No. 2339 (Mattel's Opp.) at 3-5;

24  Docket No. 2457 at 2-4.)  The Discovery Master's March 11, 2008 Order, however,

25  denied the MGA Defendants' motion to quash as to these non-parties without

26  deciding whether Mattel had enough of its originally allocated 24 depositions to be

27  able to depose them.  (Mumford Decl., Ex. 2 at 2-3.)  Indeed, the Discovery Master

28

1 did not discuss the deposition count issue anywhere in either the March 11, 2008

2 Order or during its March 10, 2008 hearing on the MGA Defendants' motion to

3 quash. (*Id.*; Mumford Decl., Ex. 3 at 10:8-19:10.)  In view of the Court's prior

4 ruling that Mattel could depose Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr.

5 Woods *only if* Mattel had enough depositions remaining in its original allocation, the

6 Discovery Master clearly erred by not considering this issue.

7      By early December 2007, Mattel had conceded that it had used up its original

8 24-deposition allocation.  In a letter concerning the depositions of third-party Zapf

9 Creation AG and Smoby Group, as well as another Rule 30(b)(6) deposition of MGA,

10 Mattel threatened to file a motion to compel if MGA did not agree to those additional

11 depositions "over the 24 agreed between the parties."  (Mumford Decl., Ex. 8.)  Had

12 Mattel actually believed that it still had originally allocated depositions left, it would

13 not have needed to obtain MGA's or the Court's permission before noticing these

14 additional depositions.

15     Mattel took the position that it had exhausted its deposition limit because, at

16 the time, it was attempting to obstruct MGA from taking depositions noticed

17 pursuant to *its* limit of 24.  In opposition to that efforts, the MGA Defendants applied

18 an appropriate counting methodology and asserted that, as of mid-November when it

19 filed its motion seeking leave to depose over 40 other individuals and entities, Mattel

20 had already taken 18 depositions and had issued at least two other deposition

21 subpoenas.  (Docket No. 2250 at 5.)  The day after filing its motion, Mattel issued

22 four more deposition subpoenas to Margaret Leahy, Elise Cloonan, Jeanne Galvano

23 and Veronica Marlow.  (*Id.*)  These four depositions were all completed in December

24 2007.  (*Id.*)  Thus, by January 7, 2008, when the Court granted Mattel leave to

25 depose the witnesses identified in its motion, Mattel had already taken or noticed its

26 original allocation of 24 depositions.  (*Id.* at 5-6; Docket No. 2457 at 2-3.)

27

28

1    Under the circumstances, Mattel's deposition subpoenas to Ms. Cabrera,
2   Ms. Morales, Ms. Salazar and Mr. Woods should have been quashed.  It is
3   undisputed that none of these individuals were identified in connection with Mattel's
4   motion for leave and therefore were not among the additional depositions granted by
5   the Court on January 7, 2008.  Moreover, at the February 4, 2008 hearing, the Court
6   made clear that Mattel could not depose these non-parties unless Mattel had four
7   depositions left from its original allocation as of the time Mattel subpoenaed these
8   witnesses.  (Mumford Decl., Ex. 1 at 49:8-14 & 51:9-19.)  As shown above, Mattel
9   had already conceded by December 2007 that it did not have any of its original 24
10   depositions left.  And even if it had not *taken* all 24 of its original deposition
11   allotment prior to the January 7 Order, there is no question Mattel did not have *four*
12   left as of January 2008 when these depositions were noticed.

13    Unable to challenge the facts, Mattel argued to the Discovery Master that it
14   still had four of its originally allocated depositions available because the four
15   witnesses that Mattel deposed in December 2007 (Ms. Leahy, Ms. Cloonan,
16   Ms. Galvano and Ms. Marlow)—*before* the Court ruled on Mattel's motion for
17   leave—had been included in Mattel's motion for leave and thus, retroactively, did
18   not count against Mattel's original allocation.  (Docket No. 2339 at 4-5.)  That
19   "retroactive counting" methodology is unfair, however.  Having conceded that it
20   used up its allotment and moved for leave to take additional depositions, Mattel
21   should not be able to use the Court's January 7 order to "add back" to its original
22   allotment depositions for which no good cause was found.

23    Mattel unsuccessfully argued its "retroactive counting" theory to the Court in
24   an *ex parte* applications filed on January 28, the discovery cut-off, and January 30,
25   2008.  (Docket No. 1722 (Mattel's *Ex Parte* App. to Compel Depositions of Cabrera,
26   Morales and Salazar) at 6-8.)  The Court rejected Mattel's argument, holding that all
27   depositions taken before Mattel issued subpoenas to the four witnesses at issue here

28

1    are included in the count with respect to the original deposition allocation.

2    (Mumford Decl., Ex. 1 at 51:9-14 ("Now, I will leave it to Judge Infante to count up

3    *the number of depositions that had been taken prior to your noticing these four*

4    *additional ones.*  If that number comes up to be 20 or less, then they're in.  If that

5    number comes up to be 24 or more, than they're out.") (emphasis added).)

6         The Court should reject the argument again.  The record is clear that (1) the

7    Discovery Master did not address the requisite issue of whether Mattel had enough

8    depositions left in denying the motion to quash depositions of Ms. Cabrera, Ms.

9    Morales, Ms. Salazar and Mr. Woods; and (2) Mattel did not have four depositions

10   from its original allotment when it subpoenaed those non-parties for deposition.

11   Accordingly, the Court should set aside the March 11, 2008 Order denying MGA

12   Defendants' motion to quash.

13
14      **B.**     **To the Extent Not Quashed, the Depositions of Ms. Cabrera and Ms. Morales Should Be Deferred Until After the Court Holds an Evidentiary Hearing Regarding Mattel's Witness Tampering.**

15        In the alternative, to the extent the depositions of Ms. Cabrera and Ms.

16   Morales are allowed to go forward (which they should not be), the Court should

17   defer those depositions until after it conducts an evidentiary hearing regarding the

18   impropriety and illegality of Mattel's pre-firing investigation of these two former

19   Mattel employees.  Although the MGA Defendants requested such deferral as an

20   alternative form of relief in their motion to quash, the Discovery Master's March 11,

21   2008 Order did not grant the requested relief.  (Mumford Decl., Ex. 2.)  This was

22   clearly erroneous.

23        In response to Mattel's *ex parte* application to compel the depositions of Ms.

24   Cabrera and Ms. Morales, the MGA Defendants notified the Court of serious issues

25   concerning Mattel's pre-firing investigation of Ms. Cabrera and Ms. Morales.

26   (Docket No. 1861 (MGA Defendants and Bryant's Opp. to Mattel's *Ex Parte* Apps.

27   to Compel Add'l Depositions) at 9-14.)  At the February 4, 2008 hearing on Mattel's

28

1 | *ex parte* application, the Court recognized these "pretty serious allegations" and
2 | expressed its interest in finding out "what happened here." (Mumford Decl., Ex. 1 at
3 | 36:1-19, 47:9-13 & 60:14-15.) Indeed, because of concerns raised about Mattel's
4 | seizure of materials from Ms. Cabrera's home, the Court held:

> I will direct that the deposition *does not [go] forward*, assuming that it is going forward, depending on Judge Infante's ruling, *until you have met and conferred and any motion has been heard by this Court concerning the items that were or were not taken from your client.*

8 | (*Id.* at 61:24-62:3 (emphasis added).)

9 | The serious issues concerning Mattel's conduct that MGA and counsel for Ms.
10 | Cabrera and Ms. Morales brought to the Court's attention have not been resolved and
11 | are now the subject of the MGA Defendants and Bryant's Motion for an Evidentiary
12 | Hearing Regarding Witness Tampering (Docket No. 2650), currently scheduled to be
13 | heard on April 14, 2008. (Mumford Decl., Exs. 4-7.) In view of the clear statements
14 | made by the Court at the February 4, 2008 hearing, the March 11, 2008 Order should
15 | have deferred the depositions of Ms. Cabrera and Ms. Morales until after the
16 | concerns regarding Mattel's actions have been resolved.

17 | Moreover, deferring Ms. Cabrera and Ms. Morales' depositions is clearly
18 | appropriate under the circumstances. As detailed in the MGA Defendants and
19 | Bryant's evidentiary hearing motion, as well as in the MGA Defendants' motion to
20 | quash Ms. Cabrera and Ms. Morales' deposition subpoenas, a hearing is warranted to
21 | determine if Mattel engaged in coercive, unethical and potentially illegal tactics in
22 | connection with its pre-firing investigation of these individuals. (Docket No. 2250 at
23 | 7-11; Docket No. 2650 at 2-6.) The MGA Defendants made a showing in their
24 | motions that Mattel misrepresented facts to the women and interrogated them at
25 | length without a Spanish-language interpreter in an attempt to obtain favorable but
26 | false recorded statements that Mattel could use against MGA and Bryant in this
27 | litigation. Mattel also searched Ms. Cabrera's home and seized her property over her
28 |

1 objections.  If the depositions are not deferred, Mattel will undoubtedly use the

2 statements and materials that it improperly extracted from Ms. Cabrera and Ms.

3 Morales at their depositions.  In fact, Mattel has stated that it intends to use the

4 materials seized from Ms. Cabrera at her deposition.  (Mumford Decl., Ex. 4.)

5          Given the very troubling and potentially illegal manner in which Mattel

6 conducted its investigation of Ms. Cabrera and Ms. Morales, the Court should

7 carefully examine the circumstances surrounding Mattel's extraction of statements

8 and materials from these non-parties before allowing such statements or materials to

9 be used in Ms. Cabrera and Ms. Morales' depositions.  Even Mattel has conceded

10 that the Court's guidance on these issues is necessary and appropriate.  (Mumford

11 Decl., Ex. 7 at 2 ("Mattel will therefore seek guidance from the Court as to what may

12 be done with these documents and materials.").)  If, as the record demonstrates,

13 Mattel acted improperly and in violation of the witness tampering statute (18 U.S.C.

14 § 1512), Mattel should not be permitted to use or refer to any of the statements or

15 materials that it obtained from Ms. Cabrera and Ms. Morales.  To permit Mattel to

16 use the fruits of its investigation without first examining the propriety and legality of

17 Mattel's actions would reward Mattel for its potentially illegal behavior and unfairly

18 subject the witnesses to further abuse and injustice.

19          Accordingly, to the extent the Court allows the depositions of Ms. Cabrera and

20 Ms. Morales to go forward, it should order them deferred until after the pending

21 Motion for an Evidentiary Hearing Regarding Witness Tampering is heard and the

22 Court conducts an evidentiary hearing.

**IV.   CONCLUSION**

For the foregoing reasons, the MGA Defendants respectfully request that the Court grant their motion objecting to the Discovery Master's March 11, 2008 Order.

DATED:  March 25, 2008                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


                                          By:  /s/ Thomas J. Nolan
                                               Thomas J. Nolan

                                          Attorneys for Counter-Defendants,
                                          MGA ENTERTAINMENT, INC., ISAAC
                                          LARIAN, MGA ENTERTAINMENT (HK)
                                          LIMITED, and MGAE de MEXICO S.R.L.
                                          de C.V.