1 THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 E-mail: tnolan@skadden.com

5 KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 4 Times Square
New York, NY 10036
7 Telephone: (212) 735-3000
Facsimile: (212) 735-2000
8 E-mail: kplevan@skadden.com

9 Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
10 ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED,
11 and MGAE de MEXICO S.R.L. de C.V.

12
UNITED STATES DISTRICT COURT

13
CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 16        Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 17    v. | **DECLARATION OF MARCUS MUMFORD IN SUPPORT OF** |
| 18 MATTEL, INC., a Delaware corporation | **MGA DEFENDANTS' MOTION OBJECTING TO PORTIONS OF** |
| 19        Defendant. | **DISCOVERY MASTER'S MARCH 11, 2008 ORDER RE MOTION TO** |
| 20 | **QUASH DEPOSITION SUBPOENAS** |
| 21 | |
| 22 | Date: April 28, 2008 |
| | Time: 10:00 a.m. |
| 23 Consolidated with MATTEL, INC. v. BRYANT and MGA | Judge: Honorable Stephen G. Larson |
| 24 ENTERTAINMENT, INC. v. MATTEL, INC. | Place: Courtroom 1 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

I, Marcus Mumford, declare as follows:

1.     I am an associate of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), which is counsel of record for Isaac Larian, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.  Except where otherwise indicated, I have personal knowledge of the following and, if called as a witness, could competently testify thereto.

2.     Attached hereto as Exhibit 1 is a true and complete copy of excerpts from the Court's February 4, 2008 hearing.

3.     Attached hereto as Exhibit 2 is a true and complete copy of the Discovery Master's Order Re MGA Defendants' Motion to Quash Deposition Subpoenas, dated March 11, 2008.

4.     Attached hereto as Exhibit 3 is a true and complete copy of excerpts from the Discovery Master's March 10, 2008 telephonic hearing.

5.     Attached hereto as Exhibit 4 is a true and complete copy of a letter dated March 5, 2008, from James Webster, counsel for Mattel, to Maria Diaz, counsel for Ana Isabel Cabrera and Beatriz Morales, and me.

6.     Attached hereto as Exhibit 5 is a true and complete copy of a letter dated March 7, 2008, from me to Mr. Webster.

7.     Attached hereto as Exhibit 6 is a true and complete copy of a letter dated March 10, 2008, from Ms. Diaz to Mr. Webster.

8.     Attached hereto as Exhibit 7 is a true and complete copy of a letter dated March 14, 2008, from Mr. Webster to Ms. Diaz and me.

9.     Attached hereto as Exhibit 8 is a true and complete copy of a letter dated December 7, 2007, from B. Dylan Proctor, counsel for Mattel, to my partner Timothy Miller, as well as counsel for Carter Bryant and Gustavo Machado.

1    I declare under the penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3        Executed on March 25, 2008 at Los Angeles, California.
4
5                                    /s/ Marcus Mumford
6                                    Marcus Mumford
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECL. OF MARCUS MUMFORD IN SUPPORT OF MGA DEFENDANTS' MOTION OBJECTING TO
PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
Case No. CV 04-9049 SGL (RNBx)

Exhibit 1

1                 UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                     EASTERN DIVISION

4                         - - -

5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                         - - -

7   CARTER BRYANT, ET. AL.,            )
                                       )
8                     PLAINTIFFS,      )
                                       )
9              VS.                     )   NO. ED CV 04-09049
                                       )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,             )
                                       )
11                    DEFENDANTS.      )   EX-PARTE APPLICATIONS
    _____ )   RE:   DISCOVERY
12  AND CONSOLIDATED ACTIONS,          )
                                       )

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                 RIVERSIDE, CALIFORNIA

17                MONDAY, FEBRUARY 4, 2008

18                     10:15 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR

              FEDERAL OFFICIAL COURT REPORTER

24            3470 12TH STREET, RM. 134

              RIVERSIDE, CALIFORNIA  92501

25                 951-274-0844

              CSR11457@SBCGLOBAL.NET

```
 1    APPEARANCES:
 2    ON BEHALF OF CARTER BRYANT:
 3                            KEKER & VAN NEST
                             BY:  MICHAEL PAGE
 4                            710 SANSOME STREET
                             SAN FRANCISCO, CALIFORNIA  94111-1704
 5                            415-391-5400
 6
      ON BEHALF OF MATTEL:
 7
                             QUINN EMANUEL
 8                            BY:  JOHN QUINN
                             BY:  JON COREY
 9                            865 S. FIGUEROA STREET,
                             10TH FLOOR
10                            LOS ANGELES, CALIFORNIA  90017
                             213-624-7707
11
12    ON BEHALF OF MGA ENTERTAINMENT:
13                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                             BY:  THOMAS J, NOLAN
14                            BY:   CARL ALAN ROTH
                             BY:   ROBERT JAMES HERRINGTON
15                            300 SOUTH GRAND AVENUE
                             LOS ANGELES, CALIFORNIA  90071-3144
16                            213-687-5000
17
      ON BEHALF OF GUSTAVO MACHADO:
18
                             OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                            BY:  ALEXANDER H. COTE
                             300 SOUTH GRAND AVENUE
20                            SUITE 2750
                             LOS ANGELES, CALIFORNIA  90071
21                            213-613-4660
22
      ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                             KEATS MCFARLAND & WILSON LLP
24                            BY:   LARRY W. MCFARLAND
                             9720 WILSHIRE BOULEVARD
25                            BEVERLY HILLS, CA  90212
                             310-777-3750
```

```
 1    APPEARANCES CONTINUED:
 2
      ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
                           CHRISTENSEN, GLASER, FINK, JACOBS,
 4                          WEIL & SHAPIRO, LLP
                           BY:  SCOTT E. GIZER
 5                         10250 CONSTELLATION BOULEVARD
                           LOS ANGELES, CA  90067
 6                         310-553-3000
 7
      ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
                           ALLRED, MAROKO & GOLDBERG
 9                         BY:  RAMIT MIZRAHI
                           6300 WILSHIRE BOULEVARD,
10                         SUITE 1500
                           LOS ANGELES, CA  90048
11                         323-653-6530
12
      ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
                           BAUTE & TIDUS LLP
14                         BY:  HENRY H. GONZALEZ
                           777 S. FIGUEROA STREET,
15                         SUITE 4900
                           LOS ANGELES, CA  90017
16                         213-630-5000
17
      ON BEHALF OF WACHOVIA:
18
                           DAVIS POLK & WARDWELL
19                         BY:  NEAL A. POTISCHMAN
                           1600 EL CAMINO REAL
20                         MENLO PARK, CA  94025
                           650-752-2000
21
22    ON BEHALF OF KAMI GILMOR:
23                         BUCHALTER NEMER
                           BY:  JOHN PATRICK PETRULLO
24                         1000 WILSHIRE BOULEVARD,
                           SUITE 1500
25                         LOS ANGELES, CA  90017-2457
                           213-891-0700
```

Exhibit __,
P. __5__

1              MR. NOLAN:  YOUR HONOR, THERE'S A LOT OF TRAGEDIES IN

2    THIS CASE.  I WILL GO A LONG WAY THINKING THAT HISPANIC WOMEN,

3    RAISING CHILDREN -- ONE OF WHICH IS IN MEDICAL SCHOOL -- HER

4    HUSBAND, A MENTAL PATIENT -- IS FIRED BECAUSE SHE SEWED AN A

5    CONCRETE FLOOR, NOT KNOWING WHAT SHE WAS SEWING UNTIL SOME

6    POINT IN TIME DOWN THE ROAD, NOW HAS TO LOSE HER JOB.

7              BUT SETTING THAT ASIDE -- AND ALSO BEING QUESTIONED

8    BY MR. DE ANDA, WHO HE HIMSELF HAS ADMITTED THAT HE MOONLIGHTS

9    AS AN EXPERT WITNESS ON THE SIDE.  IT'S A TRAGIC IRONY IN THIS

10   CASE.

11             BUT THE POINT HERE IS, YOUR HONOR, MATTEL

12   UNILATERALLY WORKED THE CLOCK THE WAY THEY CHOSE TO DO SO.

13   THEY INTERVIEWED THESE WOMEN -- I'M NOW TALKING ABOUT CABRERA

14   AND MORALES -- WITHOUT COUNSEL; BROUGHT THEM IN; SUBJECTED THEM

15   TO, IN CABRERA'S INSTANCE, A VERY LENGTHY INTERVIEW, THAT WE'VE

16   NOW BEEN PROVIDED THE AUDIOTAPE OF.  THEY CONDUCTED A SEARCH OF

17   HER HOUSE, WITH A WOMAN WHO CAN BARELY SPEAK ENGLISH ASKING

18   THAT THE INTERVIEW BE CONDUCTED IN SPANISH.  THEY REFUSE IT.

19   BUT THIS IS ALL ON THEIR OWN TIME.  THEY MAKE A CHOICE.

20             THEN, YOUR HONOR, AFTER THEY'VE COMPLETELY

21   INTERVIEWED THESE PEOPLE, FIRED THEM AND DEALT WITH WHATEVER

22   THEY WANT, THEY THEN, ON THE 22ND OR 23RD, TRY TO GO OUT AND

23   SERVE THE DEPONENTS.  THE DEPONENT GETS COUNSEL.  COUNSEL IS

24   PRESENT IN THE COURTROOM TODAY.  THAT COUNSEL SAYS, 'WE'RE NOT

25   GOING TO SIT FOR A DEPOSITION' -- WORDS TO THE EFFECT, 'WE'RE

1           AT THE END OF THE DAY, THOUGH, YOUR HONOR, I THINK

2    THAT DOES COME DOWN TO A QUESTION OF COUNTING.  IF WE DIDN'T

3    HAVE THE NUMBER OF UNUSED DEPOSITIONS UNDER THE ORIGINAL

4    SCHEDULING ORDER, I WOULD BE ASKING THE COURT -- BECAUSE I

5    THINK THERE IS GOOD CAUSE -- TO TAKE THOSE DEPOSITIONS, BECAUSE

6    THEY ARE SO CENTRAL TO THE CASE.

7           THE COURT:  YOU WOULD HAVE ASKED THE COURT.

8           MR. QUINN:  I WOULD HAVE ASKED THE COURT.

9           THE COURT:  I DO WANT TO GIVE YOU AN OPPORTUNITY TO

10   RESPOND.  I HAVEN'T READ THE REPLY, AND MAYBE THE RESPONSE IS

11   IN THERE; BUT THERE HAVE BEEN SOME PRETTY SERIOUS ALLEGATIONS

12   MADE CONCERNING THE MANNER OF QUESTIONING THESE WITNESSES.  I'D

13   LIKE TO GIVE YOU A CHANCE TO RESPOND TO THAT.

14          MR. QUINN:  WELL, I WASN'T INVOLVED IN DOING THE

15   REPLY TO THAT.  THE COURT HAS THE REPLY FOR THE COURT.  WE HAVE

16   A VERY DIFFERENT PERSPECTIVE ON WHAT HAPPENED THERE.

17          THE COURT:  COULD SOMEONE SPEAK TO THAT FROM MATTEL

18   WHO'S PRESENT?

19          MR. COREY:  I ACTUALLY CAN'T.

20          MR. QUINN:  HE CAN'T.

21          BUT, YOUR HONOR, THESE ARE INDIVIDUAL -- SUPPOSE THEY

22   HAD NOT BEEN TERMINATED, YOUR HONOR.  SUPPOSE THEY HAD NOT BEEN

23   TERMINATED.  MGA WOULD BE TELLING US, 'YOU TOLERATE

24   MOONLIGHTING; NOT JUST ANY MOONLIGHTING; WE TOLERATED PEOPLE

25   WORKING ON BRATZ.'

1    ORDER, DOES THAT COUNT AGAINST THE ORIGINAL 24?

2            WE'VE BEEN TOLD THAT IF WE TAKE A DEPOSITION THAT WAS

3    ON THAT LIST, THAT COUNTS AGAINST THE ORIGINAL 24.

4            THE COURT:  THE COURT GRANTED YOU LEAVE TO TAKE

5    ADDITIONAL DEPOSITIONS.

6            MR. QUINN:  BUT I'M ASSUMING THAT MEANS THEY WERE IN

7    ADDITION TO THE 24.

8            THE COURT:  I TRUST JUDGE INFANTE WILL BE ABLE TO

9    TAKE THE COURT'S ORDER, GRANTING YOU LEAVE TO TAKE ADDITIONAL

10   DEPOSITIONS, AND THEN DETERMINE HOW MANY OTHER DEPOSITIONS YOU

11   HAVE TAKEN, ADD THEM UP, AND SEE IF YOU HAVE ANY ADDITIONAL

12   ONES, SO AS TO AFFORD YOU THE ABILITY TO HAVE NOTICED THE

13   DEPOSITIONS OF THESE FOUR INDIVIDUALS:  MS. CABRERA,

14   MS. MORALES, MS. SALAZAR, AND MR. WOOD.

15           MR. QUINN:  IS IT OUT OF LINE, YOUR HONOR, FOR ME TO

16   ASK WHETHER THE COURT IS SAYING THAT THOSE ARE ADDITIONAL TO

17   THE 24?  THAT'S A VERY BASIC ISSUE THAT WE'VE HAD DISAGREEMENT

18   ON.

19           THE COURT:  THE ORDER GAVE YOU LEAVE TO TAKE

20   ADDITIONAL DEPOSITIONS.

21           I DON'T KNOW WHAT ELSE IT WOULD BE OTHER THAN

22   ADDITIONAL TO THE 24.

23           MR. QUINN:  ALL RIGHT.

24           THE COURT:  DO YOU DISAGREE WITH THAT, MR. NOLAN?

25           I MEAN, I UNDERSTAND YOU DISAGREE WITH HOW THEY

1              MR. NOLAN:  I BELIEVE IT WAS 40, PLUS TEN ON OUR

2      PART; ALL IN ALL, IT WAS 50.

3              THE COURT:  AND YOU HAD PREVIOUSLY BEEN EACH AFFORDED

4      24.

5              THERE IS NO QUESTION, TO THE COURT'S THINKING -- AND

6      I WILL MAKE THIS CLEAR TODAY -- THAT THE 40 I AWARDED TO MATTEL

7      AND THE TEN ADDITIONAL ONES I AWARDED TO MGA WERE IN ADDITION

8      TO THE 24 THAT THEY RECEIVED.

9              NOW, I WILL LEAVE IT TO JUDGE INFANTE TO COUNT UP THE

10     NUMBER OF DEPOSITIONS THAT HAD BEEN TAKEN PRIOR TO YOUR

11     NOTICING THESE FOUR ADDITIONAL ONES.

12             IF THAT NUMBER COMES UP TO BE 20 OR LESS, THEN

13     THEY'RE IN.  IF THAT NUMBER COMES UP TO BE 24 OR MORE, THEN

14     THEY'RE OUT.  AND I'M NOT AT THIS POINT CONSIDERING ARGUMENTS

15     FOR GOOD CAUSE, TO INCLUDE OR NOT INCLUDE.  SIMILARLY, I'M NOT

16     GOING TO COUNTENANCE ARGUMENTS TO SAY THAT THEY SHOULDN'T BE

17     BECAUSE THEY KNEW ABOUT THESE PEOPLE BEFORE.  WE HAVE A

18     DEADLINE.  AS YOU SAY, THE CLOCK EXPIRED.  THEY WERE EITHER

19     PART OF THE NUMBER THAT THEY COULD TAKE OR THEY WEREN'T.

20             I ASSUME THAT YOU CAN SIT DOWN AND YOU CAN IDENTIFY

21     FOR JUDGE INFANTE EXACTLY THE NUMBER OF DEPOSITIONS,

22     PARTICULARLY NOW, THAT YOU'VE TAKEN.  AND THAT'S WHY, AS FAR AS

23     MR. GRONICH AND MR. TIONGCO ARE CONCERNED --

24             WOULD THAT MAKE IT 42, MR. QUINN?

25             MR. QUINN:  YOUR HONOR, I WASN'T SURE 40 WAS THE

```
1              AND THE THIRD THING IS THAT I BELIEVE THAT MATTEL IS
2    IN POSSESSION OF A BOX FROM MS. CABRERA, TAKEN DURING THE
3    INTERVIEW PROCESS.  I THINK THERE'S BEEN SOME EXCHANGE BETWEEN
4    MY ASSOCIATE, MARIA DIAZ, AND COUNSEL; AND I THINK MATTEL IS
5    REFUSING TO RETURN THE BOX TO HER.
6              THE COURT:  COUNSEL?
7              MR. QUINN:  FOR ALL I KNOW, IT'S MATTEL'S PROPERTY,
8    YOUR HONOR.  I'M SORRY.  I JUST CAN'T ADDRESS THAT.
9              I DON'T KNOW WHAT IT IS.
10             THE COURT:  COUNSEL, THIS WOULD BE AN APPROPRIATE --
11   YOU'RE ASKING FOR THE RETURN -- I'M TRYING TO THINK WHO THIS
12   WOULD BE AN APPROPRIATE MOTION BEFORE.  IT'S NOT FAIR TO HAVE
13   MR. QUINN JUST RESPOND OFF THE CUFF TO SOMETHING LIKE THIS.
14             BRING THIS MATTER BEFORE THIS COURT.  I'M INTERESTED
15   IN WHAT HAPPENED HERE.  SO WHY DON'T YOU MEET AND CONFER WITH
16   MR. QUINN; SEE IF YOU CAN'T WORK OUT THE RETURN OF THE TAPES,
17   RETURN OF ANYTHING WHICH IS YOUR CLIENT'S PROPERTY THAT WAS
18   TAKEN FROM HER, OR ALLEGEDLY TAKEN FROM HER.  SEE IF YOU CAN'T
19   WORK IT OUT.  AND IF YOU CAN'T, BRING A MOTION TO THIS COURT.
20             MS. MIZRAHI:  SURE.  THANK YOU.
21             THE COURT:  AND THAT MOTION WOULD HAVE TO BE RESOLVED
22   BEFORE THE DEPOSITION WENT FORWARD.
23             MS. MIZRAHI:  AND BEFORE THE BOX IS OPENED, I'M
24   ASSUMING AS WELL.
25             THE COURT:  I'M SORRY?
```

FEBRUARY 4, 2008        ED CV 04-9059-SGL        Exhibit 1,
                                                 P. 10

1              MS. MIZRAHI:  I'M UNDER THE IMPRESSION THAT MATTEL

2    WAS SEEKING TO OPEN THE BOX PRIOR TO THE DEPOSITION.  I'M

3    REALLY NOT CERTAIN.

4              THE COURT:  MR. QUINN, DO YOU KNOW ANYTHING ABOUT

5    THAT?

6              MR. QUINN:  I DON'T, YOUR HONOR.

7              THE COURT:  YOU NEED TO MEET AND CONFER.

8              MR. NOLAN:  WE'VE BEEN PROVIDED A VIDEO OF MATTEL

9    OPENING THE BOX, MR. DE ANDA OPENING THE BOX.

10             NOW, I KNOW THERE'S REPRESENTATIONS THAT THEY'RE

11   GOING TO RETURN THE SEALED BOX TO MS. CABRERA.  BUT WE HAVE A

12   VIDEO -- WE CAN SHOW IT AT THE HEARING -- OF MR. DE ANDA GOING

13   THROUGH THE BOX OF BELONGINGS THAT WERE SEIZED FROM

14   MS. CABRERA'S HOUSE.  I'LL MAKE CERTAIN YOU HAVE A COPY OF

15   THAT, BUT I THINK MATTEL SHOULD PROVIDE THAT TO YOU.

16             MS. MIZRAHI:  SURE.

17             I GUESS IT RENDERS THAT POINT MOOT ABOUT --

18             THE COURT:  COUNSEL, DON'T TALK TO OPPOSING COUNSEL.

19   YOU'RE ADDRESSING THE COURT RIGHT NOW.  YOU HAVE ALL OF THE

20   TIME IN THE WORLD TO ADDRESS CO-COUNSEL.

21             MS. MIZRAHI:  SURE.  THANK YOU.

22             THE COURT:  COUNSEL, WHAT I WANT YOU TO DO IS MEET

23   AND CONFER WITH MR. QUINN.  I WILL INDICATE, CERTAINLY, THAT --

24   OR I WILL DIRECT THAT THE DEPOSITION DOES NOT FORWARD, ASSUMING

25   THAT IT IS GOING FORWARD, DEPENDING ON JUDGE INFANTE'S RULING,

1   UNTIL YOU HAVE MET AND CONFERRED AND ANY MOTION HAS BEEN HEARD

2   BY THIS COURT CONCERNING THE ITEMS THAT WERE OR WERE NOT TAKEN

3   FROM YOUR CLIENT.

4           MS. MIZRAHI:  THANK YOU.

5           THE COURT:  ANYBODY ELSE?

6           MR. POTISCHMAN:  YOUR HONOR, NEIL POTISCHMAN ON

7   BEHALF OF WACHOVIA CORPORATION.  I'LL TRY TO BE EXCEEDINGLY

8   BRIEF.

9           I JUST WANT TO CLARIFY ONE POINT.  YOUR HONOR ENTERED

10  AN ORDER ON JANUARY 31ST, AS YOU KNOW, WITH RESPECT TO A

11  SUBPOENA PRACTICE DIRECTED AT WACHOVIA.  SOME OF THOSE MATTERS

12  ARE BEFORE JUDGE INFANTE.  YOUR HONOR DIRECTED A BRIEFING

13  SCHEDULE, IN ESSENCE, WITH RESPECT TO POSSIBLE FOLLOW-ON MOTION

14  PRACTICE AFTER JUDGE INFANTE RULES.

15          I THINK IT'S POSSIBLE, IF THERE IS A DEPOSITION OF

16  WACHOVIA, THAT BASED ON THAT SCHEDULE AND BASED ON MY CLIENT'S

17  SCHEDULE, THAT DEPOSITION MIGHT NOT HAPPEN UNTIL MARCH; BUT I

18  WANTED TO CLARIFY, WHILE WE'RE HERE, IF YOUR HONOR INSISTED IT

19  BE DONE BY FEBRUARY, THEN WE'LL CONFER WITH THE PARTIES AND

20  WE'LL TRY TO MAKE SURE THAT --

21          THE COURT:  I'D REALLY LIKE TO GET THIS DISCOVERY

22  WRAPPED UP IN FEBRUARY.  I'M NOT ORDERING THAT IT BE DONE SO,

23  BUT I'M GIVING LEAVE FOR THE DISCOVERY TO CONTINUE INTO

24  FEBRUARY.

25          IN MARCH, WE'RE GETTING AWFUL CLOSE TO THE

1 AND MR. QUINN WERE ASKED TO FILE A RESPONSE OR A REPLY TO THE

2 COURT WITH RESPECT TO THE CIRCUMSTANCES.

3          THE COURT:  I THINK THEY INDICATED THAT THEY ALREADY

4 HAVE FILED A REPLY AND THAT THERE'S INFORMATION CONCERNING THAT

5 ON THIS.

6          MR. NOLAN:  I APOLOGIZE FOR NOT UNDERSTANDING.

7          THE COURT:  AM I RIGHT, MR. QUINN?

8          MR. QUINN:  THAT WAS MY UNDERSTANDING.

9          THE COURT:  THEY JUST DIDN'T KNOW ANYTHING ABOUT THE

10 REPLY; THAT WAS SOMEBODY ELSE WHO WROTE THAT; SO THEY DON'T

11 WANT TO TALK TO ME ABOUT IT RIGHT NOW.

12          THANK YOU.  GOOD AFTERNOON.

13

14

15

16

17

18                         CERTIFICATE

19

20 I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
   STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21 THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
   ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22 CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
   THE UNITED STATES.

23

24 _____          _____

   THERESA A. LANZA, CSR, RPR                    DATE

25 FEDERAL OFFICIAL COURT REPORTER

Exhibit 2

1 | Hon. Edward A. Infante (Ret.)
  | JAMS
2 | Two Embarcadero Center
  | Suite 1500
3 | San Francisco, California 94111
  | Telephone:    (415) 774-2611
4 | Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,          | CASE NO. CV 04-09049 SGL (RNBx)
   |                                        | JAMS Reference No. 1100049530
13 |              Plaintiff,
14 |       v.                               | Consolidated with
   |                                        | Case No. CV 04-09059
15 | MATTEL, INC., a Delaware corporation,  | Case No. CV 05-2727
16 |              Defendant.                | **ORDER RE MGA DEFENDANTS'**
   |                                        | **MOTION TO QUASH DEPOSITION**
17 |                                        | **SUBPOENAS**
18 | CONSOLIDATED WITH
   | MATTEL, INC. v. BRYANT and
19 | MGA ENTERTAINMENT, INC. v. MATTEL,
   | INC.
20

21

22         On January 23, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

23 Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA parties") submitted a motion

24 to quash subpoenas issued by Mattel, Inc. ("Mattel") to several non-parties.  On February 7, 2008,

25 Mattel submitted an opposition.  On February 14, 2008, the MGA parties submitted a

26 supplemental and second amended motion to quash the subpoenas issued by Mattel to the

27 following non-parties:  (1) Lucy Arant, (2) Ana Isabel Cabrera, (3) Kami Gilmour, (4) Daphne

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                        1

Exhibit 2 ,
P. 14

1  Gronich, (5) Sarah Halpern, (6) Rachel Harris, (7) Andreas Koch, (8) Cecilia Kwok, (9) Stephen

2  Lee, (10) Peter Marlow, (11) Beatriz Morales, (12) Moss Adams, (13) Amy Myers, (14) NPD

3  Group, Inc., (15) Maria Elena Salazar, (16) Joe Tiongco, (17) Mercedeh Ward, (18) Jeff Weiss,

4  (19) Carol Witschell, (20) Wachovia Corporation, (21) Mel Woods and (22) Eric Yip.  On

5  February 22, 2008, Mattel submitted an opposition to the MGA parties' supplemental and second

6  amended motion to quash, and on February 28, 2008, the MGA parties submitted a reply.  The

7  parties were directed to meet and confer further regarding the motion, which has been completed.

8  The motion was heard on March 10, 2008.

9        Having considered all of the papers submitted by the parties and the comments of counsel

10  at the hearing, it is ordered as follows:

11        1.     Based upon the parties' representations at the hearing, the motion is moot with

12  respect to the following individuals:  Lucy Arant, Sarah Halpern, Rachel Harris, Andreas Koch,

13  Peter Marlow, Jeff Weiss and Amy Myers.

14        2.     Mattel acknowledges that it did not subpoena the following individuals before the

15  January 28, 2008 discovery cut-off and that their depositions cannot be taken without seeking and

16  obtaining leave of court:  Cecilia Kwok, Stephen Lee, Mercedeh Ward, Carol Witschell and Eric

17  Yip.

18        3.     The parties agree that because the subpoenas served on Moss Adams and

19  Wachovia Corporation are the subject of a separate discovery motion, the court should defer

20  consideration of these two subpoenas until the separate motion is heard.

21        4.     The MGA parties' motion to quash is denied as to Ana Isabel Cabrera, Kami

22  Gilmour, Beatriz Morales and Maria Elena Salazar.  Mattel served subpoenas on these individuals

23  before the January 28, 2008 discovery cut-off.  Although Mattel failed to provide the standard

24  ten-day notice, the shortened notice was reasonable under the circumstances.

25        5.     The MGA parties' motion to quash is denied as to Daphne Gronich, MGA's in-

26  house counsel, and Joe Tiongco, an MGA "IT" employee.  These witnesses have potentially

27  relevant information regarding document retention, preservation and collection, and arguably

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 2 ,
P. 15

2

1   other issues in the case.  However, in light of the substantial 30(b)(6) testimony Mattel has

2   already received on the subject of document retention, preservation and collection, and to reduce

3   the burden on the witnesses, each deposition is limited to 3 hours.  Mattel may question Daphne

4   Gronich and Joe Tiongco on any subject that is relevant within the meaning of Rule 26,

5   Fed.R.Civ.P.

6          6.     The MGA parties' motion to quash is denied as to NPD Group, Inc. and Mel

7   Woods based upon Mattel's representation that these witnesses have potentially relevant

8   information regarding damages for the Phase I trial.

9          7.     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

10  Discovery Master, the MGA parties shall file this Order with the Clerk of Court forthwith.

11

12  Dated: March //, 2008

                                    HON. EDWARD A. INFANTE (Ret.)
13                                         Discovery Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2 ,
P. 16

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 11, 2008, I served the attached ORDER RE MGA DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENAS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 11, 2008, at San Francisco, California.

Sandra Chan

Exhibit 2 ,
P. 17

Exhibit 3

03-10-08 Infante Hearing Transcript.txt

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4

5    CARTER BRYANT, AN INDIVIDUAL, )
                                   )
6              PLAINTIFF,          )
                                   )
7      VS.                         ) CASE NO.
                                   )
8    MATTEL, INC., A DELAWARE      ) CV 04-9049 SGL (RNBX)
     CORPORATION,                  ) [CONSOLIDATED WITH
9                                  ) CASE NO. 04-9059 AND
               DEFENDANT.          ) CASE NO. 05-2727]
10                                 )
     _____)
11                                 )
     AND CONSOLIDATED ACTION(S).   )
12   _____)

13

14

15       TELEPHONIC TRANSCRIPT OF

16    PROCEEDINGS, TAKEN BEFORE HON.

17    EDWARD A. INFANTE, AT 865 SOUTH

18    FIGUEROA STREET, THIRD FLOOR, LOS

19    ANGELES, CALIFORNIA, COMMENCING

20    AT 8:32 A.M., MONDAY, MARCH 10,

21    2008, BEFORE ANGELA DUPRE, CSR 7804.

22

23

24

25

                                          2

p

Exhibit 3 ,
P. 18

03-10-08 Infante Hearing Transcript.txt

1    APPEARANCES OF COUNSEL:

2

    FOR CARTER BRYANT:
3
         KEKER & VAN NEST, LLP
4        BY:  MATTHEW M. WERDEGAR, ESQ.
             MICHAEL H. PAGE, ESQ.
5        710 SANSOME STREET
         SAN FRANCISCO, CALIFORNIA 94111
6        (415) 391-5400
         (TELEPHONICALLY)
7

8    FOR MATTEL, INC.:

9        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
         BY:  TIMOTHY L. ALGER, ESQ.
10            JON D. COREY, ESQ.
              HARRY A. OLIVAR, JR., ESQ.
11            B. DYLAN PROCTOR, ESQ.
              DAVID W. QUINTO, ESQ.
12       865 SOUTH FIGUEROA STREET
         TENTH FLOOR
13       LOS ANGELES, CALIFORNIA 90017-2543
         (213) 443-3000
14

15   FOR MGA ENTERTAINMENT, INC.:

16       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
         BY:  RAOUL D. KENNEDY, ESQ.
17            JOSE R. ALLEN, ESQ.
              THOMAS J. NOLAN, ESQ.
18            RICHARD J. ZUROMSKI, JR., ESQ.
              PAUL M. ECKLES, ESQ. (NEW YORK OFFICE)
19            MATTHEW E. SLOAN, ESQ. (LOS ANGELES OFFICE)
         FOUR EMBARCADERO CENTER
20       SUITE 3800
         SAN FRANCISCO, CALIFORNIA 94111
21       (415) 984-6400
         (TELEPHONICALLY)
22

23   ALSO PRESENT:

24       HON. EDWARD A. INFANTE (TELEPHONICALLY)

25

                                                       3

p

1            LOS ANGELES, CALIFORNIA; MONDAY

2                 MARCH 10, 2008

3                   8:32 A.M.

                   Page 2

              Exhibit 3 ,
              P. 19

03-10-08 Infante Hearing Transcript.txt

19  DEPOSITION AS WELL.

20      JUDGE INFANTE:  OKAY.  THANK YOU VERY MUCH.

21          ONE MOMENT, PLEASE.

22          THE MOTION IS GRANTED.  I'LL ISSUE AN

23  ORDER.  YOU SHOULD RECEIVE IT NO LATER THAN

24  TOMORROW MORNING.  THE DEPOSITION SHALL BE

25  COMPLETED BEFORE MARCH 31ST.  I'M GOING TO LIMIT IT

                                                9

0

1   TO FIVE HOURS AT THIS POINT.  THAT WILL BE THE

2   ORDER OF THE COURT.

3       MR. OLIVAR:  THANK YOU, YOUR HONOR.

4       MR. KENNEDY:  THERE'S NO RESTRICTION AS TO

5   DOCUMENTS?

6       JUDGE INFANTE:  RIGHT.

7       MR. KENNEDY:  THANK YOU, YOUR HONOR.

8       JUDGE INFANTE:  LET'S GO ON TO THE SECOND

9   MOTION, WHICH IS MATTEL'S MOTION TO COMPEL -- I'M

10  SORRY -- IT'S MGA'S MOTION TO QUASH DEPOSITION

11  SUBPOENAS ISSUED TO NONPARTIES:  MEL WOODS, JOE

12  TIANCGO, NPD GROUP, INC., ANNA CABRERRA, BEATRIZ

13  MORALES, MOSS ADAMS, WACHOVIA CORPORATION, AND

14  MARIA ELENA SALAZAR.  THIS MOTION WAS FILED JANUARY

15  23RD.

16      MR. KENNEDY:  YES, YOUR HONOR.

17          RAOUL KENNEDY, ON BEHALF OF THE MOVING

18  PARTIES.

19          AND I'M PLEASED TO REPORT THIS MOTION HAS

20  BEEN SUBSTANTIALLY SIMPLIFIED.

21          THE NOTICE OF MOTION ADDRESSES 22

Page 8

Exhibit 3
P. 20

03-10-08 Infante Hearing Transcript.txt

22  DEPONENTS.  THERE ARE SEVEN OF THOSE THAT EITHER

23  HAVE BEEN DEPOSED OR IT'S BEEN AGREED THAT THEY

24  WILL BE DEPOSED, AND, THEREFORE, THE MOTION IS

25  MOOTED, IN OUR OPINION, AS TO DEPONENTS AHRENT,

10

0

1  HALPERN, HARRIS, KOCH, MARLOW, MEYERS, AND WEISS,

2  WHICH TAKES US DOWN TO 15.

3       OF THE REMAINING 15, YOUR HONOR, THERE

4  ARE FIVE -- MATTEL CAN CORRECT ME IF I'M WRONG --

5  WHO CLEARLY WERE NOT SUBPOENAED ON OR BEFORE

6  JANUARY 28.  AND I ASSUME AS TO THOSE FIVE, MATTEL

7  IS WAIVING ANY RIGHT TO GO FORWARD.

8       IF THEY AREN'T, I'D ASK FOR SOME SORT OF

9  STRUCTURE.  THESE PEOPLE ARE THIRD PARTIES.  AND I

10  WANT TO MAKE SURE THEY DON'T GET SUBPOENAED WITH 48

11  HOURS NOTICE, AS HAS HAPPENED IN THE PAST.

12       THE FIVE THAT WE BELIEVE ARE OFF THE

13  TABLE ARE KWOK, K-W-O-K, LEE, WARD, WHITSELL, AND

14  YIP, WHICH THAT TAKES US DOWN TO 10 REMAINING.

15       OF THOSE, FOUR WE SUBMIT, ALTHOUGH THEY

16  WERE SUBPOENAED BEFORE THE 28TH, WERE NOT NOTICED

17  ON 10 DAYS OR ANYTHING CLOSE TO 10 DAYS, AND,

18  THEREFORE, WE HAVEN'T HAD COMPLIANCE WITH THE

19  REQUIREMENT THAT DISCOVERY -- YOU HAD TO AT LEAST

20  BE PROPERLY NOTICED ON A TIMELY BASIS, BEFORE THE

21  28TH.  THOSE FOUR ARE GILMORE, SALAZAR, CABRERRA.

22  AND MORALES.  WHICH GETS US DOWN, BY MY COUNT, TO

23  SIX.  TWO OF THOSE ARE WACHOVIA AND MOSS ADAMS.

24       AND, YOUR HONOR, WE HAVE A MOTION TO

Page 9

Exhibit 3 ,
P. 21

03-10-08 Infante Hearing Transcript.txt
25   QUASH THOSE SUBPOENAS ALTOGETHER.  THIS, AGAIN,

11

p

1   PERTAINS TO FINANCIAL INFORMATION.  AND WE'VE BEEN

2   THROUGH THIS WITH THIRD PARTIES BEFORE.

3        WE WOULD URGE, AT A MINIMUM, THAT IF

4   THOSE MOTIONS ARE NOT GOING TO BE DENIED OUTRIGHT,

5   THAT THEY OUGHT AT LEAST TO BE DEFERRED FOR A

6   RULING IN CONJUNCTION WITH THE MOTION TO QUASH, SO

7   IT GETS RESOLVED ALL AT ONCE.

8        DOWN TO FOUR, TWO OF THOSE ARE GRONICH,

9   AND TIANCGO.  BOTH OF THEM, AS I UNDERSTAND IT, ARE

10  BEING SOUGHT SOLELY WITH REGARD TO DOCUMENT

11  PRESERVATION ISSUES.

12       WE'VE ALREADY SERVED UP TWO 30(B)(6)

13  WITNESSES ON THAT SPECIFIC TOPIC:  LOCKHART AND

14  TONNU, T-O-N-N-U.  IN ADDITION, SAM KHARE,

15  K-H-A-R-E, WAS ALSO DEPOSED ON THOSE ISSUES.

16       AT A MINIMUM, I THINK WE NEED SOME

17  SPECIFICATION AS TO WHAT COULD POSSIBLY BE LEFT ON

18  THE SUBJECT OF THE DOCUMENT PRODUCTION, AND WHY

19  BOTH GRONICH AND TIANCGO ARE NEEDED ON THAT, WHICH

20  LEAVES US WITH NPD AND WOODS.

21       ON NPD, I KNOW MR. ECKLES, PERHAPS, CAN

22  SPEAK FULLER TO THIS, IF YOUR HONOR HAS QUESTIONS,

23  HAS WRITTEN TO MATTEL, POINTING OUT THAT THOSE

24  TRULY ARE PHASE II ISSUES.

25       AND, FINALLY, FOR MR. WOODS, HE IS A

12

p

Exhibit  3  ,
P.  22

03-10-08 Infante Hearing Transcript.txt

1   FORMER MGA PRESIDENT, APEX KIND OF WITNESS.  AT A
2   MINIMUM, AS I SAID, 42 DAYS AFTER DISCOVERY WAS
3   SUPPOSED TO HAVE CLOSED.  AND WE NEED SOME
4   SPECIFICATION AS TO WHAT IT IS THAT IS LEFT THAT IS
5   NEEDED THAT ONLY MR. WOODS COULD PROVIDE.
6          I THINK THAT COVERS THE LIST, UNLESS YOUR
7   HONOR HAS QUESTIONS.
8      JUDGE INFANTE:  MATTEL HAVE ANY COMMENTS?
9      MR. COREY:  YES, YOUR HONOR.  JON COREY.
10         I'LL TRY TO ADDRESS THESE IN THE SAME
11  ORDER THAT -- THAT MR. KENNEDY ADDRESSED THEM IN.
12         WITH RESPECT TO THE PEOPLE THAT HE
13  IDENTIFIED AS TO WHOM I BELIEVE THE MOTION TO QUASH
14  IS MOOT, I UNDERSTAND THOSE TO BE RACHEL HARRIS,
15  AMY MEYERS, JEFF WEISS, BECAUSE THOSE INDIVIDUALS
16  HAVE, IN FACT, BEEN DEPOSED.
17         ANDREAS KOCH, I BELIEVE THAT THE MOTION
18  SHOULD ALSO BE MOOT WITH RESPECT TO HIM.  HIS
19  DEPOSITION WAS COMMENCED AND THEN IT WAS SUSPENDED
20  BY MGA.  AND I BELIEVE THAT THERE IS AN AGREEMENT
21  AND A STIPULATION SIGNED BY THE DISCOVERY MASTER
22  THAT THAT WILL -- WE'RE TRYING TO SCHEDULE THAT, SO
23  THAT CAN BE CONTINUED.
24         AND I UNDERSTAND THAT THE MOTION IS BEING
25  WITHDRAWN WITH RESPECT TO LUCY AHRENT, PETER

                                                13

p

1   MARLOW, AND SARAH HALPERN, BECAUSE THE ONLY BASIS
2   FOR THE MOTION WAS IMPROPER SERVICE.
                    Page 11

                    Exhibit 3 ,
                    P. 23

03-10-08 Infante Hearing Transcript.txt

3      AND JUDGE LARSON RESOLVED THAT, WITH THE

4   DISCHARGING OF THE ORDER TO SHOW CAUSE IN THE

5   FEBRUARY 25TH MINUTE ORDER IN WHICH HE DEEMED ALL

6   OF THOSE INDIVIDUALS TIMELY AND PROPERLY SERVED.

7      THERE ARE FIVE INDIVIDUALS WHO MATTEL DID

8   NOT SERVE PRIOR TO JANUARY 28TH:  CELIA KWOK,

9   STEVEN LEE, MERCEDAH WARD, CAROL WHITSELL, AND ERIC

10  YIP.  MATTEL WILL NOT WAIVE ITS RIGHT TO SEEK

11  THOSE -- THE DEPOSITIONS OF THOSE INDIVIDUALS, BUT

12  BECAUSE THEY WERE NOT SERVED PRIOR TO JANUARY 28TH,

13  WE -- MATTEL, OF COURSE, ACKNOWLEDGES THAT IT WOULD

14  NEED LEAVE OF COURT TO PURSUE THEM.

15      WITH RESPECT TO MS. GRONICH AND

16  MR. TIANCGO, SPECIFICALLY WITH RESPECT TO

17  MS. GRONICH, SHE IS NOT BEING SOUGHT SOLELY WITH

18  RESPECT TO DOCUMENT PRESERVATION ISSUES.

19  MS. GRONICH WAS ALSO AN INTEGRAL PART OF SOME

20  AMENDED COPYRIGHT AND TRADEMARK APPLICATIONS THAT

21  CHANGED THE DATE OF CREATION, AND THE DATE OF --

22  THE DATE OF FIRST USE OF SOME OF THE BRATZ PRODUCTS

23  AT ISSUE IN PHASE I.

24      SHE ALSO HAS SUBMITTED A NUMBER OF

25  AFFIDAVITS IN -- NOT IN THIS PROCEEDING, BUT IN

14

p

1   OTHER PROCEEDINGS, RELATING TO THE ORIGINATION AND

2   CREATION OF BRATZ.  AND SO THE SUBJECT MATTER OF

3   HER DEPOSITION IS -- IS MUCH BROADER THAN THE

4   PRESERVATION ISSUE IDENTIFIED BY MR. KENNEDY.

5      MR. TIANCGO IS -- HE IS AN
              Page 12

Exhibit 3 ,
P. 24

03-10-08 Infante Hearing Transcript.txt

6    INTELLECTUAL -- EXCUSE ME -- HE IS AN I.T.

7    PROFESSIONAL AT MGA, WITH RESPECT TO COLLECTION

8    PRESERVATION OF ELECTRONIC INFORMATION.  NONE OF

9    THE WITNESSES THAT WERE PROVIDED BY -- NONE OF THE

10   30(B)(6) WITNESSES THAT WERE PROVIDED BY MGA HAVE A

11   TECHNICAL BACKGROUND.  AND HE'S THE GUY IN THE

12   FRONT LINES, HE'S -- HE KNOWS THE INS AND OUTS AND

13   WHAT WAS DONE AND HOW IT WAS DONE AND WHO DID IT.

14           AND THE FACT THAT MGA HAS PRODUCED A

15   30(B)(6) WITNESS ON SOME OVERLAPPING INFORMATION,

16   DOES NOT PRECLUDE MATTEL FROM TAKING HIS

17   DEPOSITION, PARTICULARLY IN LIGHT OF THE FACT THAT

18   JUDGE LARSON HAS FOUND GOOD CAUSE TO TAKE HIS

19   DEPOSITION.

20           WITH RESPECT TO ANNA ISABEL CABRERRA,

21   BEATRIZ MORALES, MARIA SALAZAR, AND KAMI GILLMOUR,

22   I UNDERSTAND THAT THE ONLY POSITION BEING PUT

23   FORWARD IS THAT THEY WERE NOT NOTICED ADEQUATELY.

24           KAMI GILLMOUR FALLS SQUARELY WITHIN THE

25   EXCEPTION IDENTIFIED BY JUDGE LARSON, THAT HE'S ONE

                                                    15

p

1    OF THE -- SHE'S ONE OF THE WITNESSES WHO SOUGHT TO

2    HAVE HER DEPOSITION RESCHEDULED FOR HER

3    CONVENIENCE.  AND AT ONE POINT THAT DEPOSITION WAS

4    SCHEDULED, I BELIEVE, FOR FEBRUARY 29TH.  AND THEN

5    AT THE LAST MINUTE IT WAS CANCELED BY HER COUNSEL

6    BECAUSE OF THE PENDENCY OF THIS MOTION.

7           SO THERE'S NOT A -- THERE'S NOT AN

8    INADEQUATE NOTICE THAT JUSTIFIES QUASHING THE
                    Page 13

Exhibit 3 ,
P. 25

03-10-08 Infante Hearing Transcript.txt

9  DEPOSITIONS -- EXCUSE ME -- THE DEPOSITION NOTICE

10  TO HER.

11          WITH RESPECT TO CABRERRA, MORALES, AND

12  SALAZAR, IN LIGHT OF THE CIRCUMSTANCES -- AND WE'VE

13  LAID THIS OUT IN OUR PAPERS -- WE LEARNED ABOUT

14  THEIR INVOLVEMENT WITH BRATZ VERY LATE IN THE DAY.

15  WE CONDUCTED OUR INVESTIGATION, AND WE NOTICED THE

16  DEPOSITIONS AS PROMPTLY AS WE -- AS PROMPTLY AS WE

17  COULD.

18          AND IN LIGHT OF THE FACT THAT THEY HAVE

19  NOT BEEN DEPOSED AND A SIGNIFICANT AMOUNT OF TIME

20  HAS PASSED, NOTICE IS NO LONGER AN ISSUE AND MATTEL

21  SHOULD BE GIVEN -- THE DEPOSITION NOTICES SHOULD

22  NOT BE QUASHED.

23          MOSS ADAMS AND WACHOVIA CORPORATION, IF

24  WHAT -- MATTEL'S OKAY IN DEFERRING THE RESOLUTION

25  OF THOSE ISSUES, UNTIL RESOLUTION OF THE DEPOSITION

16

p

1  OF SUBPOENAS, YOUR HONOR.

2          AND WITH RESPECT TO NPD GROUP AND MEL

3  WOODS, BOTH OF WHOM ARE PARTIES -- EXCUSE ME --

4  BOTH OF THEM WHO ARE WITNESSES WHOSE -- MATTEL WAS

5  GIVEN LEAVE TO DEPOSE.

6          NPD GROUP AND MEL WOODS BOTH HAVE

7  INFORMATION RELATED TO PHASE I.  NPD GROUP, WE

8  UNDERSTAND, IS A SOURCE OF INFORMATION RELATED --

9  IS A SOURCE OF INFORMATION THAT MGA HAS USED TO

10  RELY ON FOR ITS DAMAGES IN PHASE I, AND A SOURCE OF

11  THAT KIND OF INFORMATION.  AND MEL WOODS IS A
                    Page 14

Exhibit  3  ,
P.  26

03-10-08 Infante Hearing Transcript.txt

12      FORMER EMPLOYEE OF MGA.

13              AND UNLESS THE COURT HAS ANY QUESTIONS,

14      MATTEL WOULD SUBMIT.

15      MR. KENNEDY:  YOUR HONOR, RAOUL KENNEDY.  COULD

16      I RESPOND BRIEFLY?

17              I GATHER WE HAVE AGREEMENT AS TO THE

18      SEVEN THAT I MENTIONED AT THE OUTSET, STARTING WITH

19      AHRENT, AND WE HAVE AGREEMENT THAT THEY NEED LEAVE

20      OF COURT FOR THE OTHER FIVE, STARTING WITH KWOK.

21              TURNING TO GILLMOUR, HER DEPOSITION WAS

22      NOTICED ON SOMETHING LIKE JANUARY 25, WAS NOT GIVEN

23      10 DAYS' NOTICE.  THIS IS NOT A CASE WHERE THERE

24      WAS COMPLIANCE, AND SHE ASKED FOR SOMETHING FOR HER

25      CONVENIENCE.  ANY DISCUSSIONS WERE IN TERMS OF THIS

                                                    17

p

1       IS ON INADEQUATE TIMING, AND IT DOESN'T WORK FOR MY

2       SCHEDULE.

3               AS FAR AS SALAZAR, CABRERRA, AND MORALES,

4       YOUR HONOR MAY HAVE HEARD THEM REFERRED TO BEFORE.

5       THESE ARE THE SEAMSTRESSES THAT WORKED IN THE

6       GARAGE.  IN ADDITION TO THE FACT THAT THEY JUST

7       PLAIN WERE NOT SERVED BEFORE THE 28TH, NO ATTEMPT

8       HAS BEEN MADE TO GET A COURT ORDER EXTENDING THE

9       28TH DEADLINE AS TO THEM.

10              THIS IS OUR MOTION.  THIS IS NOT MATTEL'S

11      MOTION AT THIS POINT.

12              AND, FINALLY, WE WILL BE FILING EITHER

13      LATER TODAY OR TOMORROW, WITH JUDGE LARSON, A

14      MOTION DEALING WITH WITNESS TAMPERING WITH REGARD

                        Page 15

Exhibit 3 ,
P. 27

03-10-08 Infante Hearing Transcript.txt

15   TO THOSE THREE WITNESSES.  AND TO THE EXTENT, IF

16   ANY, THAT THE COURT IS THINKING ABOUT GIVING MATTEL

17   DISPENSATION FROM THE 28TH CUTOFF AS TO THEM, WE

18   REQUEST THAT THE DEPOS AT LEAST NOT BE TAKEN UNTIL

19   AFTER JUDGE LARSON HAS HAD A CHANCE TO RULE ON THE

20   TAMPERING MOTION.

21        BEYOND THAT, I THINK THINGS ARE -- AND,

22   AGAIN, UNLESS YOUR HONOR HAS QUESTIONS, WE ARE

23   PREPARED TO SUBMIT.

24     JUDGE INFANTE:  ANYTHING FURTHER?

25     MR. COREY:  THIS IS JON COREY AGAIN.

18

p

1        VERY BRIEFLY.  I DON'T BELIEVE THAT A

2   DEFERRAL OF THE DEPOSITIONS OF CABRERRA, MORALES,

3   AND SALAZAR SHOULD BE PUT OFF.  I THINK JUDGE

4   LARSON MADE IT VERY CLEAR THAT IF HE WANTED TO HEAR

5   MORE ABOUT WITNESS TAMPERING, HE WOULD MAKE THAT

6   REQUEST.  AND WE PUT THAT IN FRONT OF YOUR HONOR.

7   AND EVEN IF THE -- WITH THAT, I'LL SUBMIT, YOUR

8   HONOR.

9     JUDGE INFANTE:  OKAY.  THE MOTION IS TAKEN

10   UNDER SUBMISSION.

11     MR. COREY:  THANK YOU, YOUR HONOR.

12     JUDGE INFANTE:  WITH RESPECT TO THE NEXT

13   MOTION, I BELIEVE IT IS CARTER BRYANT'S MOTION TO

14   COMPEL RESPONSES TO DISCOVERY REQUESTS.  THIS WAS

15   FILED ON FEBRUARY 8TH OF '08.

16        YOU MAY PROCEED.

17     MR. WERDEGAR:  MATT WERDEGAR FOR CARTER BRYANT.
              Page 16

Exhibit 3 ,
P. 28

03-10-08 Infante Hearing Transcript.txt

18        THE MOTION, I THINK, HAS BEEN

19   EXHAUSTIVELY BRIEFED.  AT THIS POINT, I JUST WANT

20   TO INQUIRE OF THE COURT TO MAKE SURE THAT THE COURT

21   RECEIVED THE REPLY BRIEF WE FILED ON FRIDAY, BEING

22   THAT THAT DOCUMENT IS VERY IMPORTANT.  BUT IF THE

23   COURT HAS THAT, I THINK WE'RE READY TO SUBMIT ON

24   THE PAPERS.

25        I THINK THESE HAVE ALL BEEN PRETTY

                                                    19

p

1   THOROUGHLY BRIEFED.  THERE'S THE SERVICE ISSUE,

2   WHICH WE BELIEVE UNDER -- IN LIGHT OF MATTEL'S OWN

3   REPEATED USE OF SERVICE BY FED-EX AND/OR E-MAIL, IS

4   REALLY IS JUST A GOTCHA ARGUMENT.  AND THEN THERE'S

5   THE -- THEIR OBJECTIONS TO THE SUBSTANCE OF

6   MR. BRYANT'S REQUEST, AND IT'S DETAILED IN OUR

7   OPENING PAPERS IN THE REPLY BRIEF FILED FRIDAY.

8        WE BELIEVE THOSE OBJECTIONS THAT DEALT

9   WITH, QUOTE, SCRUTINY, AND MATTEL SHOULD BE

10   COMPELLED TO RESPOND TO ALL THESE REQUESTS.  AND WE

11   WOULD FURTHER ASK THAT THEY BE COMPELLED TO DO SO

12   IN TIME FOR CARTER BRYANT TO UTILIZE THAT

13   INFORMATION IN HIS SUMMARY JUDGMENT OPPOSITION AND

14   REPLY BRIEFS.

15        WE'VE ALREADY HAD TO FILE OUR OPENING

16   SUMMARY JUDGEMENT MOTION WITHOUT THE BENEFIT OF

17   THIS DISCOVERY, AND WE DON'T THINK IT WOULD BE

18   APPROPRIATE TO LET MATTEL AVOID RESPONDING TO THIS

19   DISCOVERY UNTIL AFTER SUMMARY JUDGMENT IS TOTALLY

20   BRIEFED.

                    Page 17

Exhibit 3 ,
P. 29

03-10-08 Infante Hearing Transcript.txt

7    MR. COREY:  THANK YOU, YOUR HONOR.

8         (DISCUSSION HELD OFF THE RECORD.)

9    MR. WERDEGAR:  WILL YOU PLEASE PUT IN A REQUEST

10   FOR US TO PLEASE GET A COPY OF TODAY'S TRANSCRIPT.

11   MR. COREY:  OF COURSE.

12   MR. KENNEDY:  RAOUL KENNEDY, SAME REQUEST.

13   MR. COREY:  OF COURSE.

14

15        (WHEREUPON, AT THE HOUR OF

16        9:46 A.M., THE PROCEEDINGS

17             WERE CONCLUDED.)

18                 -o0o-

19

20

21

22

23

24

25

                                        89

0

1    STATE OF CALIFORNIA      )
                             )  SS.
2    COUNTY OF LOS ANGELES    )

3

4         I,    ANGELA DUPRE   , CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7         THE PROCEEDINGS WERE RECORDED

8    STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9    BEST OF MY ABILITY;

                  Page 80

              Exhibit 3 ,
              P. 30

03-10-08 Infante Hearing Transcript.txt

10          THE FOREGOING TRANSCRIPT IS A TRUE AND

11    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12          I FURTHER CERTIFY THAT I AM NEITHER

13    COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14    NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15          IN WITNESS WHEREOF, I HAVE HEREUNTO

16    SUBSCRIBED MY NAME THIS_____DAY OF

17    _____, 2008.

18

19

20

21               _____

22

23

24

25

                                                90

Page 81

Exhibit 3 ,
P. 31

Exhibit 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 5, 2008

VIA FACSIMILE AND U.S. MAIL

Marcus M. Mumford, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

Christian Dowell, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212

Mattel v. Bryant, Evidence Provided by Ana Cabrera

Dear Counsel:

Following the March 3, 2008 inspection of the boxes of evidence provided by Ana Cabrera, Mattel has not received any indication that any other parties are asserting, or even intend to assert, any ownership claims as any of the contents of the boxes. The personal materials that Ms. Cabrera requested be returned to her thus far have been returned. Although some suggestion has been made that Mattel is not entitled to possession of the contents of the boxes, we have not been provided with any authority that suggests that Mattel, having received the materials from Ms. Cabrera voluntarily, is not entitled to maintain them in its possession for use in discovery in this action.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-874-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2425319.1

Exhibit 4
P. 32

As I explained at the inspection, Mattel intends to proceed with its investigation regarding the contents of the boxes. This will include having an expert reconstruct the drawings that were contained in the box labeled number six. If you wish to observe this process, please let me know and Mattel can make arrangements as appropriate. Please provide me with your response in the next day.

Further, please be aware that some of the documents or materials in these boxes may be used at the deposition of Ana Cabrera. Your clients have notice of the materials and documents that may be used based on the videotaping of the inspections that have taken place, and the copy of the photographs and videotape of the same that has been produced by Mattel.

If you have any questions, please do not hesitate to call.

Very truly yours,

James Webster (csn)

James J. Webster

JJW:csn
07209/2425319.1

2

07209/2425319.1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** March 7, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz **Allred, Maroko & Goldberg** | (323) 653-6530 | (323) 653-1660 |
| Marcus M. Mumford **Skadden, Arps, Slate, Meagher & Flom, LLP** | (213) 687-5000 | (213) 687-5600 |
| Christian Dowell, Esq. **Keats McFarland & Wilson LLP** | (310) 248-3830 | (310) 860-0363 |

**FROM:** James J. Webster

**RE:** Mattel v. Bryant, et al.

**MESSAGE:**

Please see attached.

COPY CENTER 34TH FLOOR

08 MAR -7 PM 2:12

SASH&F L.A.

| 07209/2427333.1 | ROUTE/RETURN TO: | Yatonda J. Dekle | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|
| CLIENT # 7209 | | | |
| OPERATOR: | PASCUA | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Exhibit 4 ,
P. 34

Exhibit 5

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

———

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL

(213) 687-5514

DIRECT FAX

(213) 621-5514

EMAIL ADDRESS

MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 7, 2008

VIA FACSIMILE

James J. Webster, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:     *Mattel, Inc. v. Bryant*

Dear James:

I write in response to your letter earlier today. At the March 3 inspection, you refused to discuss the origins and status of the Cabrera boxes, so I requested that you state Mattel's position in writing as to why you are entitled to keep the boxes in your possession. Ms. Diaz was going to consult with her client and respond to the authority that you were going to provide. Your letter attempts to turn that process on its head. And it is not enough for you to assert again that the boxes were "voluntarily" provided to Mattel by Ms. Cabrera. We have previously cited to the transcript of Ms. Cabrera's interrogation which clearly indicates that was not the case. Your letter does not address that issue or provide any authority for your position.

Further, contrary to your letter, you had indicated on Monday that the boxes would be left undisturbed pending a resolution of the ownership issue. We object to any effort by Mattel to have an expert "reconstruct" drawings contained in those boxes while that issue remains unresolved. Additionally, as you know, Mattel has previously articulated its position with respect to expert testing, and it must therefore abide by it. Before any expert analysis may proceed, Mattel must, at minimum: (1) send a request in writing explaining the precise nature of the proposed "reconstruct[ion]" of drawings; (2) identify the expert who will perform it; and (3) allow sufficient time for the parties to arrange for their own expert to observe. Your proposal does none of the above and, thus, is improper.

Finally, as you know, any discussions concerning a deposition of Ms. Cabrera are premature. We will cross that bridge if and when we come to it. Please

Exhibit __5__,
P. __35__

James J. Webster, Esq.
March 7, 2008
Page 2

let me know if I can be of any further assistance in this matter.

Sincerely,

Marcus R. Mumford

cc:    Maria G. Diaz, Esq.
Christian C. Dowell, Esq.
Christa M. Anderson, Esq.

Exhibit 5
P. 36

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600
EMAIL: mmumford@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford
DIRECT DIAL: (213) 687-5514
DIRECT FACSIMILE: (213) 621-5514

DATE: March 7, 2008
FLOOR/OFFICE No.: 36

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: James J. Webster, Esq.
    CITY: Los Angeles
    FACSIMILE No.: (213) 443-3100

    FIRM: Quinn Emanuel Urquhart, etc.
    TELEPHONE No.: (213) 443-3000

2.  NAME: Christa M. Anderson, Esq.
    CITY:
    FACSIMILE No.: (415) 397-7188

    FIRM: Keker & Van Nest, LLP
    TELEPHONE No.: (415) 391-5400

3.  NAME: Christian C. Dowell, Esq.
    CITY:
    FACSIMILE No.: (310) 860-0363

    FIRM: KEATS, McFARLAND & WILSON, LLP
    TELEPHONE No.: (310) 248-3830

5.  NAME: Maria G. Diaz, Esq.
    CITY:
    FACSIMILE No.: (323) 653-1660

    FIRM: ALLRED, MAROKO & GOLDBERG
    TELEPHONE No.: (323) 653-6530

MESSAGE: Please see attached letter.

497674-01-Los Angeles Server 1A - MSW

Exhibit 5,
P. 37

Exhibit 6

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1600
LOS ANGELES, CALIFORNIA 90048
(323) 653-8530
FAX (323) 653-1660
www.amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

March 10, 2008

## *VIA FACSIMILE ONLY*

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

### Re:   Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales

Dear Mr. Webster:

I am responding to your letter of Friday, March 7, 2008, as it contains several inaccuracies. First, Mattel did not receive the boxes "voluntarily" from Ms. Cabrera. It is our position that the burden is on Mattel to provide authority that they are entitled to enter an employee's home under the circumstances of this case and take property therein. We have not received any authority from you to date. I assume that you have such authority and once again request that you provide it.

Second, Ms. Cabrera has not at any time waived her possessory rights to any or all of the contents of the boxes. In fact, I have advised repeatedly including at the March 3, 2008 inspection meeting that Ms. Cabrera is not waiving her rights to the items in the boxes. Rather given the nature of the claims in this matter, we are concerned that the Parties may accuse our clients of evidence tampering and/or spoliation in the event we obtain physical custody of the boxes at this time. In fact, it is unclear at this point, whether the boxes have or have not been tampered with since they were taken from Ms. Cabrera's home. Putting those issues aside, please be advised once again that Ms. Cabrera reserves all rights to the contents of the boxes taken from her home by Mattel.

Exhibit  6  ,
P.  38

Mar-10-08 11:28A

James J. Webster, Esq.
March 10, 2008
Page 2


      Third, if Ms. Cabrera is ordered to appear for deposition, I will meet and confer with you on the parameters of the deposition pertaining to the use of any of these items.

                    Very truly yours,

           ALLRED, MAROKO & GOLDBERG

                  MARÍA G. DÍAZ


MGD:jp
cc:    Ana Cabrera
        Beatriz Morales
        Marcus M. Mumford, Esq.
        Christian Dowell, Esq.


Exhibit 6 ,
P. 39

SASM & FL, A.

## TELECOPIER TRANSMITTAL   08 FEB 39 PM 1:03

### ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**   Re: Mattel/Bryant
Letter dated March 10, 2008

**FROM:**   María G. Díaz, Esq.

**DATE:**   March 10, 2008

**TIME:**   12:30 p.m.

No. of pages including cover sheet: 3

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY
CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE
LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT
RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

Exhibit 6 ,
P. 40

Exhibit 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 14, 2008

<u>VIA FACSIMILE</u>

Marcus M. Mumford, Esq.                          Maria G. Diaz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP          Allred, Maroko & Goldberg
300 South Grand Avenue, Suite 3400                6300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90071                             Los Angeles, California 90048

Larry McFarland, Esq.
Keats, McFarland & Wilson, LLP
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

<u>Mattel v. Bryant, Evidence Provided by Ana Cabrera</u>

Dear Counsel:

I write in response to Mr. Mumford's letter dated March 7, 2008, and Ms. Diaz's letter dated March 10, 2008. As a preliminary matter, I respectfully disagree with Mr. Mumford's characterization of our discussions at the March 3rd inspection of the boxes of evidence provided to Mattel by Ana Cabrera.

In response to Ms. Diaz's request for authority for Mattel's position, the transcript of the interview and the surrounding circumstances show that Ms. Cabrera voluntarily gave Mattel the materials at issue in order to cooperate with its investigation into her admitted wrongdoing and violations of Mattel's policies. Mattel continues to maintain them because they are relevant evidence. Although we acknowledge Ms. Cabrera is reserving her rights as to the contents of the boxes, she concedes that they are relevant evidence in this case and stated that she does not wish to impede pretrial discovery. In these circumstances Mattel does not understand that there is a

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor. New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560. Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2428957.1

Exhibit 7 ,
P. 41

need for authority to support the basic proposition that a party is entitled to maintain materials voluntarily provided to it.

Finally, despite our repeated requests, it is still unclear if any of your clients are asserting rights in this evidence. Mattel will therefore seek guidance from the Court as to what may be done with these documents and materials. Although we would prefer not to burden the Court with such a motion, the failures by MGA and Ms. Marlow in particular to provide their positions leaves us with little alternative. If counsel is interested in avoiding motion practice, we again invite you to let us know.

Very truly yours,

James Webster (CSN

James J. Webster

JJW:csn
07209/2428957.1

Exhibit 7 ,
P. 42

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   March 14, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq. **Allred, Maroko & Goldberg** | (323) 653-6530 | (323) 653-1660 |
| Marcus M. Mumford, Esq. **Skadden, Arps, Slate, Meagher & Flom, LLP** | (213) 687-5000 | (213) 687-5600 |
| Larry McFarland, Esq. **Keats McFarland & Wilson LLP** | (310) 248-3830 | (310) 860-0363 |

**FROM:**   James J. Webster

**RE:**   Mattel v. Bryant, et al.

**MESSAGE:**

Please see attached.

COPY CENTER 34TH FLOOR

08 MAR 14   PH 4: 20
SASM&F L.A.

| 07209/2367546.2 | | ROUTE/RETURN TO: | Yalonda J. Dekle | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| CLIENT # | 7209 | | | |
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 7 ,
P. 43

Exhibit 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 7, 2007

<u>VIA EMAIL AND FACSIMILE</u>

Timothy Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111

Mark Overland, Esq.
Overland Borenstein Scheper & Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

John Keker, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Re:   <u>Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)</u>

Dear Counsel:

I write pursuant to <u>Local Rule</u> 7-3 to request a meeting of counsel regarding Mattel's anticipated motion for leave to take <u>Rule</u> 30(b)(6) depositions of third parties Zapf Creation AG ("Zapf") and Smoby Group ("Smoby"), and to take the deposition of MGA Entertainment, Inc. on additional matters. As discussed further below, Mattel requests these additional depositions (over the 24 agreed between the parties) to discover what facts, if any, support MGA's and Larian's recently-pleaded affirmative defense of "unclean hands."

MGA and Larian have pleaded in their answers that Mattel's counterclaims are barred "in whole or in part on Mattel's unclean hands and wrongful acts." In support of this purported defense, MGA and Larian raised numerous new allegations for the first time. For example, MGA and Larian alleged that Mattel made "efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG" and that Mattel made "efforts or inten[ded] to interfere with business dealings or contractual relations between MGA and Smoby Group." Other new allegations

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2318217.1

Exhibit  8  ,
P.  44

Timothy Miller, Esq.
Mark Overland, Esq.
John Keker, Esq.
December 7, 2007

included:  (i) Mattel made "efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees"; (ii) Mattel "monitor[ed], 'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development"; and (iii) Mattel "gain[ed] access, or attemp[ed] to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses."  Finally, MGA and Larian stated that their unclean hands defense was based on allegations that included, but were *not limited to*, those contained in their answers.

As you are aware, on December 3, 2007, Judge Larson granted Mattel's motion to serve a supplemental interrogatory regarding Counter-defendants' affirmative defenses to Mattel's counterclaims and ordered defendants to answer the interrogatory without objection.  Judge Larson's ruling indicates that Mattel is entitled to additional discovery on Counter-defendants' recently-pleaded affirmative defenses, which, as discussed above, contain many new allegations.

Just as Mattel is entitled to additional written discovery, I am hopeful that you will agree that Mattel is entitled to additional depositions with respect MGA's and Larian's new allegations. Should the parties not reach agreement on this issue, then Mattel contemplates filing a motion with Judge Larson seeking leave.

Please let me know when you are available to discuss this issue.

Very truly yours,

*B. Dylan Proctor /by HSA*

B. Dylan Proctor

07209/2318217.1                                        -2-

Exhibit  8  ,
P.  45