QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL CORRECTED CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND RELATED DOCUMENTS<br><br>[C.D. Rule 79-5.1] |
| AND CONSOLIDATED ACTIONS | [[Proposed] Order filed under separate cover.]<br><br>Hearing Date:   April 23, 2008<br>Time:             10:00 a.m.<br>Place:            Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

07209/2447381.1

1    This Court entered a Stipulated Protective Order on January 4, 2005,
2  that permits the parties to mark and treat as confidential testimony and documents
3  marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES'
4  ONLY" (collectively referred to herein as "Confidential Information").  By that
5  Order, parties must file any Confidential Information under seal and, except as
6  otherwise authorized by statute or federal rule, seek the Court's approval of such
7  filing under seal.  (A copy of the Stipulated Protective Order of January 4, 2005 is
8  attached as Exhibit A.)
9    Pursuant to Central District Rule 79-5.1, and Court's Order of March
10  11, 2008, counsel for the parties have begun to meet and confer to determine if any
11  Confidential Information documents relating to the parties' motions for summary
12  judgment may be redesignated.  The process is to be completed after the filing of the
13  parties' reply briefs.  (Copies of the Stipulation For Provisional Filing of Documents
14  Relating to Motions for Summary Judgment Under Seal, and the Court's Order on
15  Stipulation, are attached as Exhibit B.)
16    Accordingly, Mattel, Inc. submits the following documents and
17  requests that they be filed under seal pursuant to the Stipulated Protective Order of
18  January 4, 2005 and the Court's Order on Stipulation dated March 11, 2008:
19    1.    Mattel, Inc.'s Corrected Consolidated Opposition to Defendants'
20  Motions for Partial Summary Judgment;
21    2.    Corrected Mattel, Inc.'s Statement Of Genuine Issues Regarding
22  Bryant's Separate Statement Of Uncontested Facts And Conclusions Of Law In
23  Support Of Bryant's Motion For Partial Summary Judgment;
24    3.    Corrected Mattel, Inc.'s Statement Of Genuine Issues Regarding
25  MGA Parties' [Proposed] Statement Of Uncontroverted Facts And Conclusions Of
26  Law In Support Of Their Motion For Partial Summary Judgment; and
27
28

1        4.     Corrected Declaration of Michael T. Zeller In Support Of

2  Mattel's Opposition to Defendants' Motions for Partial Summary Judgment.

3

4  DATED:  March 26, 2008      QUINN EMANUEL URQUHART OLIVER &
                         HEDGES, LLP

5

6                  By _B. Dylan Proctor \T.B._

7                    B. Dylan Proctor
                    Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
APPLICATION TO FILE UNDER SEAL CORRECTED OPPOSITION TO DEFENDANTS' MOTIONS FOR
PARTIAL SUMMARY JUDGMENT AND RELATED DOCUMENTS

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
    Jon D. Corey (Bar No. 185066)
3 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
4 Telephone: (213) 443-3000
Facsimile: (213) 443-3100
5
Attorneys for Plaintiff and Counter-Defendant
6 Mattel, Inc.

7



8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 MATTEL, INC., a Delaware            ) CASE NO. CV 04-9059 NM (RNBx)
Corporation,                         )
12                                    ) STIPULATED PROTECTIVE
               Plaintiff,            ) ORDER; AND
13                                    )
        v.                            ) [PROPOSED] ORDER
14                                    )
CARTER BRYANT, an individual; and    ) [Discovery Matter]
15 DOES 1 through 10, inclusive,      )
                                      )
16             Defendants.            )
                                      )
17                                    )
CARTER BRYANT, on behalf of          )
18 himself, all present and former    )
employees of Mattel, Inc., and the   )
19 general public,                    )
                                      )
20             Counter-Claimant,     )
                                      )
21       v.                           )
                                      )
22 MATTEL, INC., a Delaware           )
Corporation,                         )
23                                    )
               Counter-Defendant.    )
24                                    )

25

26

27

28

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)     Personnel files and other private or confidential employment, contractor or vendor information;

-2-

PROTECTIVE ORDER

(2)     The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(3)     Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

(4)     Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design.

WHEREFORE, believing that good cause exists, the Parties HEREBY STIPULATE that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information:

## SCOPE OF THIS ORDER

1.     This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of the Action by any Party or any nonparty:

(a)     through discovery;

(b)     in any pleading, document or other writing; or

(c)     in testimony given at a deposition.

(The foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.")

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

          (a)   <u>Documents or Things</u>.     "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

PROTECTIVE ORDER

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --
ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)   Interrogatory Answers and Responses to Requests for
Admissions. In answering any interrogatory or request for admission, or any
part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the
legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
EYES ONLY" answers shall be made on separate pages from any other
answers or portions thereof that are not designated as "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)   Deposition Testimony. Any Party or nonparty giving
deposition testimony in this Action may obtain "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by
designating, during the course of that testimony, for which "CONFIDENTIAL"
or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,
the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL
-- ATTORNEYS' EYES ONLY," or alternatively by designating the entire
testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
EYES ONLY," subject to a good faith obligation to identify any non-
confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"
portions in the event that the entire testimony is designated "CONFIDENTIAL
-- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after
receipt of the transcript of the testimony. The reporter shall separately
transcribe and bind the testimony so designated as "CONFIDENTIAL" and
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face
of the separate bound transcript containing such testimony with the term
"CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)   Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)   Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

1   be fully subject to this Protective Order.  No Party shall incur liability for any
2   disclosures made prior to notice of such designation, except to the extent that
3   any such disclosures occurred prior to the seven (7) day period described above
4   or prior to such other time periods as are provided by this Protective Order,
5   including without limitation such time periods as are provided in Paragraph
6   3(c) above.

7

8   <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10          4.      Any Litigation Materials produced or disclosed in this Action,
11  whether  or  not  designated  "CONFIDENTIAL"  or  "CONFIDENTIAL  --
12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such
13  information for purposes of litigation and not for any other purpose, including
14  without limitation for any business or trade purpose.  As used herein, the term
15  "litigation" shall mean preparation for, participation in and prosecution and defense
16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in
17  connection with any mediation or other alternative dispute resolution procedure that
18  this or any other court may order or that the Parties may agree to.

19          5.      Subject to Paragraph 7 herein, and unless as otherwise ordered by
20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be
21  disclosed to any person other than:

22                  (a)      the attorneys for the Parties and their partners, shareholders,
23  associates, document clerks and paralegals who are necessary to assist such
24  attorneys;

25                  (b)      secretaries, stenographers and other office or clerical
26  personnel employed by said attorneys and who are necessary to assist such
27  attorneys;

28

07272/625581.2

-8-

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it.  If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that:  (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6. Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a) the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d) such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f) independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

1          (g)   professional court reporters engaged to transcribe

2   deposition testimony, professional videographers engaged to videotape

3   deposition testimony and translators.

4         7.   None of the following is bound by or obligated under this Order

5   in any respect and specifically are not bound or obligated to treat information

6   designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7   ONLY" in any particular manner: The Court hearing this Action (including the Court

8   having jurisdiction of any appeal), Court personnel, court reporters working for the

9   Court, translators working for the Court, or any jury impaneled in this Action.

10        8.   Other than those identified in Paragraph 7 above, each person to

11   whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13   Protective Order and agree to be bound by it before disclosure to such persons of any

14   such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15   not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17   certified that they have read this Protective Order and have manifested their assent

18   to be bound thereby by signing a copy of the Assurance of Compliance attached

19   hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20   it shall not be necessary for that person to sign a separate Assurance of Compliance

21   each time that person is subsequently given access to confidential material. Any

22   person who signed an Assurance of Compliance in connection with the Stipulation

23   for Protection of Confidential Information and Protective Order filed September 16,

24   2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26   shall, by virtue of his or her prior signature, be deemed to have signed the attached

27   Assurance of Compliance.

28

-11-

PROTECTIVE ORDER

9. The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10. If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12. The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

PROTECTIVE ORDER

1       13.   If a Party or nonparty through inadvertence produces or provides

2 discovery that it, he or she believes is subject to a claim of attorney-client privilege

3 or work product immunity, the producing Party or nonparty may give written notice

4 to the receiving Party that the document is subject to a claim of attorney-client

5 privilege or work product immunity and request that the document be returned to the

6 producing Party or nonparty.  The receiving Party shall promptly return to the

7 producing Party or nonparty the inadvertedly disclosed document and all copies of

8 such document.  Return of the document by the receiving Party shall not constitute

9 an admission or concession, or permit any inference, that the returned document is,

10 in fact, properly subject to a claim of attorney-client privilege or work product

11 immunity, nor shall it foreclose any Party from moving the Court for an Order that

12 such document has been improperly designated or should be producible for reasons

13 other than a waiver caused by the inadvertent production.

14       14.   Nothing contained in this Protective Order shall affect the right

15 of any Party or nonparty to make any objection, claim any privilege, or otherwise

16 contest any request for production of documents, interrogatory, request for admission,

17 or question at a deposition or to seek further relief or protective orders from the Court

18 in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>.

19 Nothing in this Protective Order shall constitute an admission or waiver of any claim

20 or defense by any Party.

21

22     <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

23

24       15.   Except when the filing under seal is otherwise authorized by

25 statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26 under seal of pleadings and other documents containing properly designated

27 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28 information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

1    Rule may be amended from time to time. Prior to the time that a Party receiving the

2    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3    information from any other Party files with the Court an application and the other

4    materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5    time, to seal the producing Party's confidential information, the receiving Party shall

6    consult with the producing Party's attorney to determine whether the producing Party

7    will re-designate the previously designated confidential information so as to avoid the

8    need for the request to file such information under the seal.  Upon the default of a

9    Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11   Party may subsequently seek the approval of the Court to file that document under

12   seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13   may be amended from time to time.

14

15            <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

16

17         16.   If any Party or nonparty receives a subpoena or document request

18   from a third party which purports to require the production of materials in that Party's

19   possession which have previously been designated as "CONFIDENTIAL" or

20   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21   the Party or nonparty receiving such subpoena or document request (a) shall object

22   and refuse to produce documents absent a Court Order or the consent of the Party or

23   nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24   -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25   designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26   ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27   and (c) shall not oppose any effort by the Party or nonparty which designated the

28   material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

1   ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2   material.

3

4                          DISCOVERY FROM NONPARTIES

5

6          17.    Discovery of nonparties may involve receipt of information,

7   documents, things or testimony which include or contain "CONFIDENTIAL" or

8   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9   nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court.  In addition, a Party may at any time apply to the Court for modification of this

07272/625581.2

PROTECTIVE ORDER

1     Stipulation and Protective Order pursuant to a motion brought in accordance with the

2     rules of the Court.

3

4     **IT IS SO STIPULATED.**

5

6     DATED: December 22, 2004      QUINN EMANUEL URQUHART

7                                    OLIVER & HEDGES, LLP

8

9                                      By _Jon Corey_

                                       Jon Corey

10                                   Attorneys for Plaintiff

                                  Mattel, Inc.

11

12     DATED: December __, 2004      LITTLER MENDELSON

13                                   By _____

14                                   Douglas A. Wickham

                                  Attorneys for Defendant

15                                   Carter Bryant

16     DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17

18                                   By _____

                                  Diana M. Torres

19                                   Attorneys for Interventor-Defendant

                                  MGA Entertainment, Inc.

20

21

22     **IT IS SO ORDERED.**

23     DATED: _1/4/05_                 **ROBERT N. BLOCK**

24                                   THE HONORABLE ROBERT N. BLOCK

                                  United States Magistrate Judge

25

26

27

28

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4        IT IS SO STIPULATED.

5

6   DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP
7

8                                       By _____
9                                           Jon Corey
                                            Attorneys for Plaintiff
10                                          Mattel, Inc.

11  DATED: December 21, 2004           LITTLER MENDELSON
12

13                                      By _____
                                            Douglas A. Wickham
14                                          Attorneys for Defendant
                                            Carter Bryant
15

16  DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17

18                                      By _____
                                            Diana M. Torres
19                                          Attorneys for Intervenor-Defendant
                                            MGA Entertainment, Inc.

20

21       IT IS SO ORDERED.

22

23

24  DATED: _____            _____
                                       THE HONORABLE ROBERT N. BLOCK
25                                      United States Magistrate Judge

26

27

28

                                                            PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4  **IT IS SO STIPULATED.**

5

6  DATED: December __, 2004      QUINN EMANUEL URQUHART
                                 OLIVER & HEDGES, LLP
7

8                               By _____
9                                  Jon Corey
                                   Attorneys for Plaintiff
10                                 Mattel, Inc.

11

12 DATED: December __, 2004      LITTLER MENDELSON

13                              By _____
14                                 Douglas A. Wickham
                                   Attorneys for Defendant
15                                 Carter Bryant

16 DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17
18                              By _____
                                   Diana M. Torres
19                                 Attorneys for Interventor-Defendant
                                   MGA Entertainment, Inc.

20

21

22 **IT IS SO ORDERED.**

23

24 DATED: _____
                                 THE HONORABLE ROBERT N. BLOCK
25                               United States Magistrate Judge

26

27

28

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07272/625581.2

PROTECTIVE ORDER

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

1   Robert F. Millman, Esq.
    Douglas A. Wickham, Esq.
2   Keith A. Jacoby, Esq.
    Littler Mendelson
3   A Professional Corporation
    2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
4   Phone: 310-553-0308
    Fax: 310-553-5583
5

6   Diana M. Torres, Esq.
    O'Melveney & Meyers
7   400 S. Hope Street
    Los Angeles, CA 90071
8   Phone: 213-430-6000
    Fax: 213-430-6407
9

10  Daniel J. Warren, Esq.
    Sutherland, Asbill & Brennan
11  999 Peachtree Street NE
    Atlanta, GA  30309-3996
12  Phone: 404-853-8698
    Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | [PROPOSED] ORDER ON STIPULATION FOR PROVISIONAL FILING OF DOCUMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT UNDER SEAL |
| AND CONSOLIDATED CASES | |

07209/2426086.1

[PROPOSED] ORDER ON STIPULATION FOR PROVISIONAL FILING OF DOCUMENTS UNDER SEAL

████████ **ORDER**

Based on the stipulation of the parties, and good cause having been shown, the Court orders as follows:

1.    The parties shall submit, and the Clerk of the Court shall accept for filing, motions for summary judgment, oppositions, replies, related papers, and all supporting evidence that constitutes, references, or contains Confidential Information under seal;

2.    The parties shall exchange final lists of Confidential Information submitted in conjunction with the motions for summary judgment that they believe in good faith should be redesignated within two Court days after reply briefs are filed by all parties;

3.    The parties shall promptly thereafter meet and confer for the purpose of reaching agreement as to redesignation of Confidential Information filed with the Court in conjunction with the motions for summary judgment;

4.    On or before April 14, 2008, the parties shall:

    A.    File a joint report to the Court identifying documents that the parties agree should be redesignated and therefore no longer remain under seal; and

    B.    File public redacted copies of their motions for summary judgments, oppositions, replies, and all related papers that correspond with the parties' agreement regarding redesignation;

5.    On or before April 18, 2008:

    A.    As to that Confidential Information that the parties agree should remain under seal, the parties shall file a joint application for an order maintaining that Confidential Information under seal; and

    B.    As to that Confidential Information that the parties do not agree should remain under seal, the party that wishes to keep the

[PROPOSED] ORDER ON STIPULATION FOR PROVISIONAL FILING OF DOCUMENTS UNDER SEAL

1    Confidential Information under seal shall file a motion for sealing

2    pursuant to Local Rule 79-5.1.

3    IT IS SO ORDERED.

4    DATED:    MAR 11 2008

5

6    _S. G. Larson_

7    Hon. Stephen G. Larson
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28