QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL'S STATEMENT REGARDING USE OF CONFIDENTIAL – ATTORNEYS' EYES ONLY DOCUMENTS AT MEDIATION**<br><br>[Submitted pursuant to Court's Order Regarding Document Confidentiality, dated March 24, 2008.] |

07209/2449375.1

Pursuant to the Court's Order Regarding Document Confidentiality, dated March 24, 2008, Mattel, Inc. ("Mattel") submits the following statement:[1]

Mattel desires to have an effective mediation. However, as an initial matter, Mattel does not believe that there can or should be a categorical re-designation of all "Confidential – Attorneys' Eyes Only" ("AEO") documents or information for use at mediation. A substantial number of documents exchanged in discovery contain detailed information about Mattel's highly proprietary internal processes and plans and about products that are under consideration and/or have not yet been disclosed to the public. Mattel would suffer considerable damage should such information be obtained or used by defendants. Indeed, central to Mattel's claims is the theft and use to this day by defendants of Mattel's trade secret information. Mattel also has concerns that exposing Mattel to defendants' AEO information on a blanket basis may result in groundless claims by defendants that Mattel had access to and misappropriated defendants' information. Mattel has in place stringent corporate policies and procedures that are designed to ensure that it does not obtain trade secrets of competitors, so as to avoid such claims.

Mattel accordingly proposes that the use by the Court-appointed Settlement Officer of AEO documents be allowed and limited with respect to the principals[2] in the mediation as follows:

1. Except for the documents and information identified in paragraph 2, the Settlement Officer may disclose to the principals in the mediation

---

[1] Mattel understands the Court's Order to request the parties' positions relating to the mediation only. If the Court seeks Mattel's position as to redesignation of documents beyond their use at mediation, Mattel requests the opportunity to make a further submission.

[2] In this context, principals are the officers, directors and employees of a party, including a party's in-house counsel. Mattel assumes that outside counsel for the parties would remain bound by and continue to have access to AEO materials pursuant to the Protective Order.

the content of AEO documents on a "need to use" basis for progress in the mediation and/or resolution of the litigation. Such AEO documents would remain at all times in the possession of the Settlement Officer. The Settlement Officer (a) shall not permit the copying of the AEO documents by the principals, (b) shall not permit the principals to take notes from the AEO documents, and (c) shall not leave any AEO documents in the possession of the principals at any time.

2. To protect the parties from future claims of misuse of competitive information from the mediation process, the Settlement Officer shall not disclose to the principals AEO documents containing current or forward-looking information, including documents referencing (a) unreleased products, (b) future themes, (c) product line lists and schedules for periods after January 1, 2008, (d) marketing and advertising plans and schedules for periods after January 1, 2008, strategic plans and initiatives including long-term strategic plans and Brand Directional Outlines. In addition, past, present or future information (i) showing advertising schedules or (ii) at the SKU level involving pricing, costs, or margins, shall not be disclosed to the principals.

Finally, Mattel respectfully submits that all principals should represent and agree in writing at the outset of the mediation that (a) all AEO information disclosed to them by the Settlement Officer shall remain highly confidential and may not be used at any time for any purpose other than during and in furtherance of the mediation, and (b) the breach of such representation and agreement shall constitute a violation of a Court Order, punishable by contempt of court and

1  all other remedies available under law to the non-breaching party, notwithstanding
2  any settlement of the pending litigation.
3
4  DATED: March 27, 2008          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP

By *[signature]*
Timothy L. Alger
Attorneys for Mattel, Inc.