QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE; |
| | AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of B. Dylan Proctor filed concurrently herewith] |
| | Hearing Date: TBA<br>Time: TBA<br>Place: Telephonic |
| | **Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2448175.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, Mattel, Inc. ("Mattel") will, and hereby does, move the Court for a protective order postponing the deposition of third party Matthew Bousquette until MGA's unfair competition document production is substantially complete.

This Motion is made pursuant to <u>Federal Rule of Civil Procedure</u> 26(c) and the Order appointing the Discovery Master on the grounds that the Discovery Master previously ruled that Mr. Bousquette's deposition should not take place until MGA's unfair competition document production is substantially complete.  It is not.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### **Statement of Rule 37-1 Compliance**

The parties met and conferred regarding these issues on November 21, 2007 and times thereafter.

DATED:  March 27, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel respectfully seeks a protective order postponing the deposition of third party Matthew Bousquette until MGA's unfair competition document production is substantially complete, or in the alternative that the deposition of Matt Bousquette be limited to two hours, with the remaining five hours to occur only after MGA's unfair competition document production is substantially complete.

The Discovery Master previously ruled that Mr. Bousquette's deposition should not take place until MGA's unfair competition document production is substantially complete. It is not. To persuade Mattel to produce Mr. Bousquette, MGA represented that its production was substantially complete on December 10, 2007. The truth turned out to be far different. Since December 10, 2007, MGA has produced more than 600,000 pages of documents. If that were not enough, MGA's counsel recently acknowledged that MGA owed Mattel "a bunch of discovery" regarding its unclean hands defense, which incorporates all of MGA's unfair competition claims. This "debt" of discovery owed to Mattel caused MGA to withdraw its unclean hands defense to Mattel's Phase 1 claims, which incorporates all of MGA's unfair competition claims. Mattel respectfully requests that its motion as to Mr. Bousquette be granted.

### Argument

Federal Rule of Civil Procedure 26(c) provides that "the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that certain matters not be inquired into, that the scope of the disclosure or discovery be limited to certain matters, or that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed

only in a designated way." Fed. R. Civ. P. 26(c).  The Court should exercise its authority under Rule 26(c) and the Order appointing a Discovery Master[1] to postpone the deposition of third-party Matthew Bousquette until MGA's unfair competition document production is substantially complete.

The Discovery Master has instructed that Bousquette's deposition "should not take place until [MGA's] document discovery is substantially completed" as to him.[2]  MGA's document production with respect to Mr. Bousquette is not substantially complete.  MGA's efforts to depose Mr. Bousquette prior to the substantial completion of its document production contravenes the Discovery Master's direction and should therefore be rejected.

MGA represented that its unfair competition document production was substantially complete on December 10, 2007.[3]  Since December 10, 2007, belying that representation, MGA has produced more than 600,000 pages of documents.[4]  In its Reply in support of its *Ex Parte* Application to Compel the Depositions of Matthew Bousquette and Tina Patel, MGA argued that those documents relate to Mattel's trade secrets and RICO claims and therefore are not related to Bousquette or MGA's unfair competition claims.[5]  As the Court has repeatedly ruled, however, the opposite is true and MGA's unfair competition claims are intertwined with the

[1]   See Order For Appointment Of A Discovery Master, dated December 6, 2006 ("Order"), attached as Exhibit 3 to the Declaration of B. Dylan Proctor, dated March 27, 2008 ("Proctor Dec.").  Under the Order, the Discovery Master is authorized to resolve disputes regarding third-party subpoenas.  See Order at 3-4.

[2]   February 13, 2007 Hearing Transcript, at 34:15 - 34:18, Proctor Dec., Exh. 4.

[3]   Letter from Jon Corey to Marcus Mumford, dated December 11, 2007, at p. 2, Proctor Dec., Exh. 2.

[4]   Proctor Dec., ¶ 4.

[5]   Reply in support of MGA Defendants' *Ex Parte* Application to Compel the Depositions of Matthew Bousquette and Tina Patel, dated February 24, 2008, at 3, Proctor Dec., Exh. 5.

07209/2448175.1

trade secret claims.[6] Indeed, it is MGA's trade secret thefts that show MGA was copying Mattel, and not the other way around as MGA's unfair competition claims allege.

MGA's argument that its relevant discovery is substantially complete -- shown to be false by its actions since December 2007 -- is also belied by MGA's own statements. MGA's counsel recently admitted that the representation of completeness is wrong. During a meeting of counsel on February 15, 2008, counsel for MGA conceded that if MGA were to proceed in Phase 1 with its unclean hands defense, which incorporates all of MGA's unfair competition claims, then MGA owed Mattel "a bunch of discovery."[7] MGA has now submitted two briefs on this issue since Mattel filed its opposition, but has not disputed this.[8] Rather than cough up this "bunch of discovery," MGA withdrew unclean hands as a Phase 1 defense to Mattel's Phase 1 claims (while purporting to maintain it as a Phase 2 defense).[9] So, despite MGA's previous representation, it has not substantially completed its document production as to Mr. Bousquette (or unfair competition or unclean hands). Until MGA can credibly represent that it has complied with the Discovery Master's

---

[6] See Order Regarding Mattel's Motion for Leave to Amend, date January 11, 2007, at 19:20-21:6, Proctor Dec., Exh. 6; Scheduling Orders, dated February 22, 2007, Proctor Dec., Exh. 7; Court's July 2, 2007 Minute Order, Proctor Dec., Exh. 8; and Mattel's Memorandum Regarding Trial Structure, dated June 20, 2007, Proctor Dec., Exh. 9.

[7] Proctor Dec., ¶ 3.

[8] See Reply in support of MGA Defendants' *Ex Parte* Application to Compel the Depositions of Matthew Bousquette and Tina Patel, dated February 24, 2008, Proctor Dec., Exh. 5; MGA's Application and Request for Hearing Regarding the Already Briefed Motion to Compel the Deposition Testimony of Matthew Bousquette and Tina Patel, dated February 28, 2008, Proctor Dec., Exh. 10.

[9] MGA's Notice of Withdrawal of Unclean Hands Affirmative Defense as it Pertains to Phase 1, dated February 15, 2008, Proctor Dec., Exh. 1.

1  prior direction, it should not be permitted to proceed with Mr. Bousquette's
2  deposition.
3          In light of the deficiencies in MGA's unfair competition document
4  production, Mattel respectfully requests that the Court issue a protective order to
5  postpone the deposition of third-party Matthew Bousquette until such production is
6  substantially complete.   Alternatively, Mattel requests that any deposition of Mr.
7  Bousquette that occurs prior to the conclusion of Phase 1 of these consolidated cases
8  should be limited to two hours, with the balance of the time after the conclusion of
9  Phase 1.

10

11  DATED:  March 27, 2008          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
12

13                                 By /s/ B. Dylan Proctor
14                                    B. Dylan Proctor
                                     Attorneys for Mattel, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28