THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO, S.R.L. DE C.V., AND ISAAC LARIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059 and Case No. 05-2727

**DISCOVERY MATTER**

**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**

**MGA DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH LARRY MCFARLAND'S DEPOSITION SUBPOENA**

Date: TBD
Time: TBD
Place: JAMS

**Phase 1**
Discovery Cut-off: January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date: May 27, 2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a date and time to be determined, before the Honorable Edward Infante (Ret.), Discovery Master, located at Two Embarcadero Center, Suite 1500, San Francisco, CA 94111, counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Defendants" or "MGA") will and hereby do move, pursuant to Federal Rules of Civil Procedure 26, 30, and 45, for an order quashing the deposition subpoena issued by Mattel, Inc. ("Mattel") to non-party Larry McFarland, or, in the alternative, a protective order preventing Mattel from seeking Mr. McFarland's testimony. This Motion is made on the grounds, inter alia, that the notice of deposition listed above is improper pursuant to the test established by *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which limits the depositions of opposing counsel.

The parties met and conferred regarding the subjects of this Motion but were unable to reach a resolution.

This Motion is based on this notice of motion, the accompanying memorandum of points and authorities in support thereof, the supporting Declarations of Larry W. McFarland ("McFarland Decl.") and Robert J. Herrington ("Herrington Decl.") filed concurrently herewith, the pleadings and records on file in this action, and any further evidence and argument as may be presented to the Discovery Master on this motion or for which judicial notice may be taken.

Discovery Master Hon. Edward Infante (Ret.) will preside over the hearing on this Motion, which will occur at a date, time, and in a manner to be determined.

DATED: March 17, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: Raoul D. Kennedy by RH
Raoul D. Kennedy
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, MGAE de MEXICO S.R.L. de C.V., and ISAAC LARIAN

## TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. PRELIMINARY STATEMENT .......... 1

II. PROCEDURAL BACKGROUND .......... 2

III. ARGUMENT .......... 3

A. Mattel Must Prove That Mr. McFarland Has Unique Information Critical To Mattel's Case That Is Available From No Other Source. .......... 3

B. Mattel Should Not Be Permitted To Take Mr. McFarland's Deposition. .......... 5

IV. CONCLUSION .......... 7

# TABLE OF AUTHORITIES

Page

**Cases**

*Dibel v. Jenny Craig, Inc.*, No. 06 cv 2533 BEN (AJB), 2007 WL 2220987 (S.D. Cal. Aug. 1, 2007) ........ 4

*FMC Technologies, Inc. v. Edwards*, No. C05-946C, 2007 WL 836709 (W.D. Wash. Mar. 15, 2007) ........ 4, 6

*Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.*, No. C06-0349C, 2006 WL 753243 (W.D. Wash. Mar. 23, 2006) ........ 4

*Massachusetts Mutual Life Insurance Co. v. Cerf*, 177 F.R.D. 472 (N.D. Cal. 1998) ........ 4

*Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04-0240 PJH(JL), 2004 WL 3174427 (N.D. Cal. Nov. 15, 2004) ........ 4

*Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) ........ 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Larry McFarland is counsel for MGA and has been involved in this case since the time that it was filed. Currently, Mr. McFarland represents several third party witnesses in this case and has worked extensively with those third parties to produce documents and prepare for their depositions. Mattel now wants to take Mr. McFarland's deposition. That request should be denied, and a protective order issued to prevent Mattel from engaging in the abusive litigation tactic of deposing opposing counsel.

Courts have condemned the abusive litigation tactic of seeking to depose opposing counsel. Opposing counsel may be deposed *only* when: (1) there are no other means to obtain the information; (2) the information is relevant and non-privileged; *and* (3) the information is crucial to the case's preparation. Mattel cannot satisfy these elements.

Mattel's excuse for seeking to take Mr. McFarland's deposition is that they supposedly need to talk to him about six copyright applications he filed on behalf of MGA. Mattel, however, already has taken several depositions of MGA witnesses regarding the company's Bratz copyright applications, including a Rule 30(b)(6) deposition on the development of the Bratz dolls and the copyright applications filed with respect to Bratz. Thus, Mattel has other means to obtain the information it seeks, and, indeed, Mattel already has pursued those means. Taking Mr. McFarland's deposition would risk further abuse by Mattel and improper intrusions on the attorney-client privilege – intrusions that are wholly unwarranted given the volume of discovery Mattel already has taken on these issues. The Court should quash Mattel's subpoena and grant a protective order prohibiting the deposition of Mr. McFarland.

## II. PROCEDURAL BACKGROUND

Larry McFarland is an attorney who has represented MGA for years in various matters, including this matter.[1] Mr. McFarland also currently represents several third party witnesses, including Margaret Leahy, Veronica Marlow, Peter Marlow, Sarah Halpern, Elise Cloonan, and Lucy Arant.[2]

On November 19, 2007, Mattel filed a Motion For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007 in which they named Mr. Larry McFarland as a third party witness.[3] Mattel represented to the Court that Mr. McFarland "wrote copyright registrations that stated the Bratz dolls were created during 2000 and that, after this was filed, MGA claimed were incorrect."[4] Mattel's statement to the Court was false. The only Bratz-related copyright applications Mr. McFarland signed are attached to his declaration as *Exhibit 1*. The applications for the Sasha Drawing, Jade Drawing, Yasmin Drawing, Cloe Drawing and the Bratz Group Drawing all state, consistent with Carter Bryant's testimony in this case, that the Bratz drawings were created in 1998.[5]

Relying on Mattel's false statements regarding Mr. McFarland, the Court granted the Motion For Leave and allowed Mattel to seek to depose Mr. McFarland. Mattel, however, failed to serve Mr. McFarland with a subpoena before the January 28, 2008 discovery cut-off date. After Mattel again made false statements to the Court regarding Mr. McFarland supposedly evading service, the Court issued an order requesting that Mr. McFarland show cause why he should not be ordered to

---

1 McFarland Decl. ¶ 1.

2 *Id.* ¶ 2.

3 Herrington Decl., Ex. 1: Motion of Mattel Inc. For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007 at p. 10.

4 *Id.*

5 McFarland Decl. ¶ 3, Ex. 1.

appear for deposition.[6] Mr. McFarland filed a response to the Order To Show Cause on February 11, 2008, explaining that he had not been evading service and establishing that Mattel's statements to the contrary were false.[7]

On February 25, 2008, the Court held a hearing on the Order To Show Cause, and, at the hearing, Mr. McFarland agreed to accept service of Mattel's deposition subpoena, notwithstanding Mattel's failure to serve him before the January 28, 2008 discovery cutoff.[8] The Court then expressly ordered that all appropriate objections to Mr. McFarland's deposition could and should be brought to the attention of the Discovery Master.[9]

On March 5, 2008, MGA sent a letter to Mattel's counsel requesting a meet and confer regarding Mattel's proposed deposition of Larry McFarland.[10] MGA explained that it was inappropriate to take Mr. McFarland's deposition because he was MGA's counsel, as well as counsel for several third party witnesses.[11] The parties met and conferred on March 11, 2008, but Mattel refused to withdraw its demand to depose Mr. McFarland.[12]

## III. ARGUMENT

### A. Mattel Must Prove That Mr. McFarland Has Unique Information Critical To Mattel's Case That Is Available From No Other Source.

Mattel's attempt to depose Mr. McFarland is improper under the prevailing rule limiting depositions of opposing litigation counsel, set forth in *Shelton v.*

---

6 Herrington Decl., Ex. 2: February 4, 2008 Minute Order at p. 3.

7 Herrington Decl., Ex. 3: Response To Order To Show Cause Of Larry McFarland, Lucy Arant, Sarah Halpern, and Peter Marlow (filed February 11, 2008).

8 Herrington Decl., Ex. 4: February 25, 2008 Tr. Hr. 24:15-19.

9 Herrington Decl., Ex. 5: February 25, 2008 Minute Order at p. 2.

10 Herrington Decl., Ex. 6: Letter from Robert Herrington to Jon Corey and Dylan Proctor, dated March 5, 2008.

11 *Id.*

12 Herrington Decl., Ex. 7: Letter from Jon Corey to Robert Herrington, dated March 11, 2008.

*American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). The *Shelton* court explained, "[t]he harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Id.* at 1330. The Ninth Circuit district courts have "uniformly followed" *Shelton*. *See Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.*, No. C06-0349C, 2006 WL 753243, at * 2 (W.D. Wash. Mar. 23, 2006).

Under *Shelton*, deposing an opponent's current or former counsel is proper only in extremely limited circumstances. *See Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 481-82 (N.D. Cal. 1998) (Infante, J.) (granting protective order preventing deposition of Cerf's former counsel in the litigation at issue, applying *Shelton*); *FMC Techs., Inc. v. Edwards*, No. C05-946C, 2007 WL 836709, at **2-5 (W.D. Wash. Mar. 15, 2007) (granting motion to quash deposition subpoena to opponent's former counsel in a related case). Mattel must prove the following: (1) that no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of its case. *Shelton*, 805 F.2d at 1327.

If the party seeking to depose counsel cannot prove all three elements, courts will quash the subpoena or enter a protective order prohibiting the deposition. *See, e.g., Dibel v. Jenny Craig, Inc.*, No. 06cv2533 BEN (AJB), 2007 WL 2220987, at *2 (S.D. Cal. Aug. 1, 2007) (quashing subpoena seeking deposition of defendant's attorney); *Lloyd Lifestyle Ltd.*, 2006 WL 753243, at *3 (same); *Nocal, Inc. v. Sabercat Ventures, Inc.*, No. C 04-0240 PJH(JL), 2004 WL 3174427, at **2-4 (N.D. Cal. Nov. 15, 2004) (quashing subpoena and granting protective order); *Mass. Mut. Life Ins. Co.*, 177 F.R.D. at 481-82 (granting protective order). Here, the Discovery Master should quash the subpoena to Mr. McFarland.

**B. Mattel Should Not Be Permitted To Take Mr. McFarland's Deposition.**

Mattel cannot make the showing required to take Mr. McFarland's deposition. Mattel has numerous other sources from which to obtain relevant, non-privileged information regarding MGA's copyright applications. For example, with respect to the six copyright applications that Mr. McFarland signed, Mattel has served numerous Rule 30(b)(6) deposition topics addressing MGA's copyright applications. Samir Khare, MGA's in-house legal counsel and a 30(b)(6) witness, testified extensively with respect to Topic 33 of Mattel's Second Notice of Deposition of MGA, which dealt solely with the applications for copyright and trademark registrations as to Bratz. Mr. Khare gave extensive testimony as to the copyright and trademark applications for each Bratz doll, which consisted of explaining to Mattel's counsel the source of the date for each application, as well as who drafted the applications.[13] Mr. Khare reviewed copyright registrations and applications with Mattel's counsel, and provided details as to the information contained in the applications and registrations.[14]

In addition to Mr. Khare's Rule 30(b)(6) testimony, Mattel deposed MGA witness Nana Ashong regarding the research done in connection with copyright and trademark applications for Bratz and the sources of information that was used in preparing the applications.[15] Mattel deposed MGA witness Bryan Armstrong regarding MGA's copyright applications for Bratz.[16] Mattel even deposed MGA's former in-house counsel, Mitchell Kamarck, who had responsibility for supervising

---

13 Herrington Decl., Ex. 8: Samir Khare Deposition Transcript (Vol. I) at 43:22-50:5 8, 210:8-223:4, 286:5-287:5.

14 *Id.*

15 Herrington Decl., Ex. 9: Nana Ashong Deposition Transcript at 14:10-17:17, 21:13-25:1.

16 Herrington Decl., Ex. 10: Bryan Armstrong Deposition Transcript at 43:2-55:23.

outside counsel with respect to the preparation of copyright applications, including the applications signed by Mr. McFarland.[17]

Mattel also cannot show that Mr. McFarland has any non-privileged information that is "crucial" to its case. Again, Mattel's purported basis for seeking to depose Mr. McFarland was his supposed involvement in submitting copyright applications stating that Bratz was created in 2000. But as shown, Mattel's statements in this regard were false. The copyright applications Mr. McFarland signed state that Carter Bryant's Bratz drawings were created in 1998, which is consistent with what Mr. Bryant and numerous other witnesses have testified to in this case.[18] Mattel cannot show that it is "crucial" to depose Mr. McFarland regarding copyright applications that are consistent with the basic positions MGA and Mr. Bryant have taken – positions that already have been the subject of testimony by countless witnesses. *See FMC Techs.*, 2007 WL 836709, at *4 (quashing subpoena where other witnesses were available to testify about letters written by counsel).

---

17 Herrington Decl., Ex. 11: Mitchell Kamarck Deposition Transcript at 26:3-7, 90:15-95:13.

18 McFarland Decl. ¶ 3, Ex. 1.

## IV. CONCLUSION

For the foregoing reasons, MGA requests that the Discovery Master quash Mattel's deposition subpoena to Mr. McFarland and/or grant a protective order prohibiting Mattel from taking this deposition.

DATED: March 17, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: Raoul D. Kennedy by ZSH

Raoul D. Kennedy
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, MGAE de MEXICO S.R.L. de C.V., and ISAAC LARIAN