1   THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue
3   Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000/Fax: (213) 687-5600
4
    RAOUL D. KENNEDY (Bar No. 40892)
5   (rkennedy@skadden.com)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   4 Embarcadero Center, 38th Floor
    San Francisco, CA  94111-5974
7   Tel.: (415) 984-6400 / Fax: (415) 984-2698

8   Attorneys for Counter-Defendants
    MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED,
9   MGAE DE MEXICO, S.R.L. DE C.V., AND ISAAC LARIAN

10

11                 UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13  CARTER BRYANT, an individual,        )   CASE NO. CV 04-9049 SGL (RNBx)
                                         )   Consolidated with Case No. 04-9059
14          Plaintiff,                   )   and Case No. 05-2727
                                         )
15          v.                           )   DISCOVERY MATTER
                                         )   [To be heard by Discovery Master
16  MATTEL, INC., a Delaware             )   Hon. Edward A. Infante (Ret.)]
    corporation,                         )
17                                       )   MGA DEFENDANTS' NOTICE OF
            Defendant.                   )   MOTION AND MOTION FOR
18                                       )   PROTECTIVE ORDER FROM
                                         )   MATTEL INC.'S NOTICE OF
19                                       )   DEPOSITION OF LUCY ARANT
                                         )
20  _____)   Date:  TBD
                                         )   Time:  TBD
21  AND CONSOLIDATED ACTIONS             )   Place: JAMS
                                         )
22                                       )
                                         )
23                                       )   Phase 1
                                         )   Discovery Cut-off:  January 28, 2008
24                                       )   Pre-Trial Conference:  May 5, 2008
                                         )   Trial Date:  May 27, 2008
25

26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that MGA Entertainment, Inc. ("MGA") hereby

3  moves the Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for an

4  order forbidding Mattel from deposing Ms. Lucy Arant on the grounds that this

5  deposition is duplicative and cumulative of other discovery obtained by Mattel, Inc.

6  ("Mattel") and seeks privileged information.

7      MGA conferred with Mattel regarding the deposition notice of Ms. Arant that

8  is the subject of this Motion on March 11, 2008.

9      This Motion is based on this notice of motion, the accompanying

10  memorandum of points and authorities in support thereof, the supporting Declaration

11  of Robert J. Herrington ("Herrington Decl.") filed concurrently herewith, the

12  pleadings and records on file in this action, and any further evidence and argument as

13  may be presented to the Discovery Master on this motion or for which judicial notice

14  may be taken.  Discovery Master Hon. Edward Infante (Ret.) will preside over the

15  hearing on this Motion, which will be at a time and manner to be determined.

16  DATED:     March 17, 2008

17                              SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP
18

19                          By:  _Raoul Kennedy_____
                                 Raoul D. Kennedy
20                               Attorneys for Counter-Defendants,
                                 MGA ENTERTAINMENT, INC.,
21                               MGA ENTERTAINMENT (HK)
                                 LIMITED, MGAE de MEXICO S.R.L.
22                               de C.V., and ISAAC LARIAN

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    PRELIMINARY STATEMENT ............................................. 1

II.   PROCEDURAL BACKGROUND ......................................... 1

III.  STANDARD FOR PROTECTIVE ORDER ................................. 2

IV.   ARGUMENT ................................................................ 3

      A.    Attorney Depositions Should Not Be Permitted Where The Testimony Would Be Cumulative and Risk Intruding Upon the Attorney-Client Privilege. ......................................... 3

      B.    The Court Should Issue A Protective Order Because A Deposition of Ms. Arant Would Be Cumulative and Wasteful ........................................................................ 4

V.    CONCLUSION ............................................................. 6

# **TABLE OF AUTHORITIES**

**Cases**                                                                Page

*3M Co. v. Kanbar,*
    No. 06-01225 JW (HRL), 2007 WL 1794936
    (N.D. Cal. June 19, 2007).............................................................. 2

*Hanks by Old Nat. Trust Co. v. Korea Iron & Steel Co., Ltd.,*
    993 F. Supp. 1204 (S.D. Ill. 1998) ............................................. 3

*Klayman v. Freedom's Watch, Inc.,*
    No. 07-22433-CIV, 2007 WL 4414803 (S.D. Fla. Dec. 14, 2007).......... 3

*Marco Island Partners v. Oak Development Corp.,*
    117 F.R.D. 418 (N.D. Ill. 1987) ................................................. 3

*N.F.A Corp. v. Riverview Narrow Fabrics, Inc.,*
    117 F.R.D. 83, 86 (M.D. N.C. 1987) ........................................ 5

*Trunk v. City of San Diego,*
    No 06CV1597 LAB (WMc), 2007 WL 2701356 (S.D. Cal. Sept. 13, 2007).......... 3

*Walker v. United Parcel Services,*
    87 F.R.D. 360 (E.D. Pa. 1980) .......................................... 4, 5

**Rules**

Fed. R. Civ. P. 26 ............................................................... 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT

Mattel should not be permitted to depose MGA's attorney, Lucy Arant. Ms. Arant was a former outside counsel for MGA, and her role was to prepare certain trademark and copyright applications. The Discovery Master should grant a protective order prohibiting Mattel from deposing Ms. Arant because the deposition will be duplicative and cumulative of testimony already obtained from other witnesses including Samir Khare, Kerri Brode, and Nana Ashong – all of whom have testified regarding the origins of Bratz and MGA's trademark and copyright applications relating to Bratz. Allowing Ms. Arant's deposition would unjustifiably allow Mattel to intrude upon the attorney-client privilege and risk creating further costly disputes between the parties regarding privilege issues. Having already obtained extensive information from other witnesses regarding MGA's trademark and copyright applications, as well as the origins of Bratz, there is simply no justification for Mattel also seeking to depose MGA's lawyers. MGA respectfully requests that the Discovery Master grant this Motion, and issue a protective order preventing the deposition of Ms. Arant.

## II.     PROCEDURAL BACKGROUND

On November 19, 2007, Mattel filed a Motion For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007 in which they named Ms. Lucy Arant as a third party witness "with knowledge of MGA's first use of Bratz."[1] Mattel, however, never served Ms. Arant with a deposition subpoena before the January 28 discovery cut-off date for Phase 1.

---

[1]    Herrington Decl., Ex. 1: Motion of Mattel Inc. For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007 at p. 10.

On February 4, 2008, the Court issued an order requesting that Larry McFarland, Ms. Arant's counsel, show cause why he and his clients should not be ordered to appear for deposition.[2]  Mr. McFarland filed a response to the Order To Show Cause on February 11, 2008.[3]  On February 25, 2008, the Court held a hearing with respect to the Order To Show Cause, and Mr. McFarland agreed to accept service on behalf of Ms. Arant.[4]  The Court, however, expressly ordered that all appropriate objections to Ms. Arant's deposition should be raised with and decided by the Discovery Master.[5]

## III.   STANDARD FOR PROTECTIVE ORDER

A protective order may issue "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As the party seeking protection, MGA bears the burden of demonstrating that good cause exists for the protective order. *Id.*; *see also 3M Co. v. Kanbar*, No. 06-01225 JW (HRL), 2007 WL 1794936, at *1 (N.D. Cal. June 19, 2007).  Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court:

> must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

---

[2] Herrington Decl., Ex. 2: February 4, 2008 Minute Order at p. 3.
[3] Herrington Decl., Ex. 3: Response To Order To Show Cause Of Larry McFarland, Lucy Arant, Sarah Halpern, And Peter Marlow (filed February 11, 2008).
[4] Herrington Decl., Ex. 4: February 25, 2008 Hr. Tr. 24:15-19.
[5] Herrington Decl., Ex. 5: February 25, 2008 Minute Order at p. 2.

1    (iii) the burden or expense of the proposed discovery
2    outweighs its likely benefit, considering the needs of the
3    case, the amount in controversy, the parties' resources, the
     importance of the issues at stake in the action, and the importance
4    of the discovery in resolving the issues.

5    Fed. R. Civ. P. 26 (b)(2)(C)(i)-(iii).  Once good cause is established, Rule 26(c)(1)(A)

6    empowers the court to forbid the discovery sought.  Fed. R. Civ. P. 26(c)(1)(A).

7    **IV.    ARGUMENT**

8           **A.    Attorney Depositions Should Not Be Permitted Where The**
                    **Testimony Would Be Cumulative and Risk Intruding Upon the**
9                   **Attorney-Client Privilege.**

10           A court can issue a protective order if the discovery sought is "unreasonably

11   cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2)(C)(i); *Hanks by Old Nat. Trust*

12   *Co. v. Korea Iron & Steel Co., Ltd.*, 993 F. Supp. 1204, 1205 (S.D. Ill. 1998)

13   (granting protective order where testimony would be duplicative of previous

14   depositions).  Although parties are not absolutely prohibited from deposing counsel

15   for an opposing party, courts regularly refuse to permit such depositions where the

16   deposition would be duplicative or cumulative, and would undoubtedly create further

17   delays.  *See, e.g., Marco Island Partners v. Oak Dev. Corp.*, 117 F.R.D. 418, 419-20

18   (N.D. Ill. 1987) (holding that deposition of attorney would be duplicative where

19   other witnesses to the negotiations already were scheduled to be deposed and

20   deposition would create additional delays to resolve work-product and attorney-

21   client objections); *see also Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV,

22   2007 WL 4414803, at *4 (S.D. Fla. Dec. 14, 2007) (granting motion for protective

23   order because any non-privileged information the attorneys had on the topics was

24   cumulative of the information already obtained by plaintiffs through depositions and

25   documents production); *Trunk v. City of San Diego*, No 06 CV 1597 LAB (WMc),

26   2007 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007) (granting motion to quash and

27   protective order to non-party attorney where the extremely limited non-privileged

28

1  information that could be obtained from the attorney would be duplicative and

2  cumulative).  In addition, courts have prohibited attorney depositions where the

3  purpose of the deposition was simply to establish credibility or buttress the testimony

4  of other witnesses.  *See Walker v. United Parcel Services,* 87 F.R.D. 360, 361-62

5  (E.D. Pa. 1980) (forbidding the deposition of an attorney that would be largely

6  duplicative, lead to unnecessary delays as a result of privilege and work-product

7  claims, and be oppressive to the party and to the person whose deposition is sought).

8  **B.    The Court Should Issue A Protective Order Because A Deposition
         of Ms. Arant Would Be Cumulative and Wasteful.**

9

10        The deposition of Ms. Arant would be duplicative and cumulative of

11  information already obtained from Kerri Brode, Nana Ashong, and Samir Khare.

12  For example, Mr. Khare, MGA's in-house legal counsel and a 30(b)(6) witness,

13  testified regarding Topic 33 of Mattel's Second Notice of Deposition of MGA,

14  which was directed to MGA's copyright and trademark applications for Bratz.  Mr.

15  Khare gave extensive testimony as to the applications, including an explanation of

16  the source of the dates listed on each application, as well as who drafted the

17  applications.[6]  Mattel had all the time and opportunity to ask Mr. Khare any

18  questions or inquires it had as to these applications, the origins of Bratz, and the first

19  use of the "Bratz" name.  The only information Mattel could not obtain was

20  privileged information, which it apparently now seeks through Ms. Arant.

21        In addition to Mr. Khare, Mattel already deposed Ms. Brode, MGA's

22  Operations Support Coordinator, and Ms. Nana Ashong, MGA's former Associate

23  Product Manager.  During her deposition, Ms. Brode provided Mattel with

24  information regarding the process MGA went through when conducting trademark

25  searches.[7]  She even testified as to Ms. Arant's role with regards to trademark

26  [6]    Herrington Decl., Ex. 6: Samir Khare Deposition Transcript (Vol. I) at 43:22-
        50:5, 210:8-223:4, 286:5-287:5.

27  [7]    Herrington Decl., Ex. 7: Kerri Brode Deposition Transcript (Vol. II) at p.79-84.

28

searches.[8]  Similarly, Ms. Ashong testified regarding the research done in connection with copyright and trademark applications for Bratz and the sources of information used in preparing the applications.[9]  Moreover, Ms. Ashong testified as to her role and involvement with copyright applications for the Bratz dolls, including her work with Ms. Arant with regard to these applications.[10]

The only information Mattel can obtain from Ms. Arant that might be distinct from that already obtained from Mr. Khare, Ms. Brode, and Ms. Ashong is confidential, privileged information.  Ms. Arant's source of knowledge as to the information contained in MGA's copyright applications and registrations came from MGA employees like Ms. Ashong and Ms. Brode.  The best source of information as to the creation of Bratz is MGA employees – people Mattel has already deposed.  Deposing MGA's attorney is unnecessary and a waste of time and resources.

With just over two months before trial, the Discovery Master should not allow Mattel to depose Ms. Arant, as the deposition will only serve to embroil the parties in further disputes regarding privilege issues.  *See Walker*, 87 F.R.D. at 362 ("[I]f the deposition were to proceed, rulings would occasion significant further delays.  Further controversies would inevitably require further imposition on the resources of the Court and provide the potential for undue delay."); *see also N.F.A Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 86 (M.D. N.C. 1987) (granting protective order because defendant failed to show that the "inquiries [on opposing counsel would] not likely invade either work-product or attorney-client privileges").  Indeed, if the Discovery Master permits Ms. Arant's deposition, her deposition will consist mainly of privilege objections that may need to be resolved by the Discovery

---

[8]       *Id.* at 79-84, 329:14-336:12.
[9]       Herrington Decl., Ex. 8: Nana Ashong Deposition Transcript at 14:10-17:17, 21:13-25:1
[10]      *Id.* at 196:8-197:10, 204:5-205.

1 Master, creating further pre-trial delays and unnecessary litigation costs.  Given the
2 extensive information Mattel already has regarding the creation of Bratz and the
3 copyright and trademark applications filed for Bratz, any deposition of Ms. Arant
4 would be cumulative, wasteful, and unnecessary.

5

6 **V.**     **CONCLUSION**

7      For the foregoing reasons, MGA requests that this Court grant a protective

8 order prohibiting Mattel from taking the deposition of attorney Lucy Arant.

9 DATED:  March 17, 2008

10                                        Respectfully submitted,

11
                                         SKADDEN, ARPS, SLATE, MEAGHER &
12                                       FLOM, LLP

13                                       By: _____ by

14                                       Raoul D. Kennedy
                                         Attorneys for Counter-Defendants,
15                                       MGA ENTERTAINMENT, INC., MGA
                                         ENTERTAINMENT (HK) LIMITED,
16                                       MGAE de MEXICO S.R.L. de C.V., and
                                         ISAAC LARIAN
17

18

19

20

21

22

23

24

25

26

27

28