**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-090-289

EFFECTIVE DATE OF REGISTRATION

JUN 18 2001

Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**TITLE OF THIS WORK ▼**

Cloe Doll Configuration, Accessories and Packaging

**NATURE OF THIS WORK ▼** See instructions

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give   **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

---

**NAME OF AUTHOR ▼**
ABC International Traders, Inc. d/b/a
MGA Entertainment

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ U.S.A. }

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☒ No
Pseudonymous?   ☐ Yes   ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☒ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ }

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NOTE** Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

---

**Year in Which Creation of This Work Was Completed** 2000 ◀ Year   This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work** Complete this information ONLY if this work has been published.   Month February   Day 12   Year 2001   United States of America ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
ABC International Traders, Inc. d/b/a
MGA Entertainment
16730 Schoenborn Street, North Hills, CA   91343

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JUL 18 2001
ONE DEPOSIT RECEIVED
JUL 18 2001
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

See instructions before completing this space

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page   • Sign the form at line 8
• See detailed instructions

DO NOT WRITE HERE
Page 1 of 2 pages

EXHIBIT _____8_____

PAGE _____111_____

M 0110166
561 - 2

FORM VA

EXAMINED BY

CHECKED BY

CORRESPONDENCE

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

CORRESPONDENCE
Lucy H. Arant c/o Rusky Augusy, Kabat & Kent
12424 Wilshire Boulevard, Suite 1200
Los Angeles, California 90025

310-826-7474, ext. 270     310 - 826-4475

larant@laklaw.com

CERTIFICATION

ABC International Traders, Inc.

Lucy H. Arant

Lucy H. Arant c/o Rusky Augusy, Kabat & Kent
12424 Wilshire Boulevard, Suite 1200
Los Angeles, California 90025

EXHIBIT _____ 8 _____

PAGE _____ 112 _____

M 0110167
561-3



LIBRARY OF CONGRESS
JUL 1 8 2001
COPYRIGHT OFFICE

LIBRARY OF CONGRESS
JUL 1 8 2001
COPYRIGHT OFFICE

EXHIBIT _____ 8 _____

PAGE _____ 113 _____

M 0110168
561-4



M 0110169

EXHIBIT

PAGE



121610594

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

VA 1-056-299

**EFFECTIVE DATE OF REGISTRATION**

JUN 1 8 2001

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**                                        **NATURE OF THIS WORK ▼** See Instructions

Yasmin Doll Configuration, Accessories and Packaging

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **This of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Page ▼**

---

**NAME OF AUTHOR ▼**
ABC International Traders, Inc. d/b/a
MGA Entertainment

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ U.S.A.

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☒ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**    **Date and Nation of First Publication of This Particular Work**
2000    ◄ Year In all cases.    Month February  Day 12  Year 2001
    Complete this information ONLY if this work has been published.    Nation United States of America

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
ABC International Traders, Inc. d/b/a
MGA Entertainment
16730 Schoenborn Street, North Hills, CA 91343

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
JUL 18 2001
**ONE DEPOSIT RECEIVED**
JUL 18 2001
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

**DO NOT WRITE HERE**
Page 1 of ___ pages

---

Δ π EXHIBIT 563

Deponent _Armstrong_

Date 3/1/07  Rptr. AC
WWW.DEPOBOOK.COM

M 0110639

EXHIBIT ___8___

PAGE ___115___

EXAMINED BY _____   FORM VA

CHECKED BY _____

CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼   **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼   **Account Number** ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼
Lucy B. Arant c/o Russ, August, Kabat & Kent
12424 Wilshire Boulevard, Suite 1200
Los Angeles, California  90025

Area code and daytime telephone number ▶ ( 310 ) 826-7474, ext. 270 .   Fax number ▶ ( 310 ) 826-4415

Email ▶  larant@raklaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   ABG International Traders, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Lucy B. Arant   Date▶  7/16/01

Handwritten signature (X) ▼
X _Lucy B Arant_

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Lucy B. Arant c/o Russ, August, Kabat & Kent
**Number/Street/Apt** ▼
12424 Wilshire Boulevard, Suite 1200
**City/State/ZIP** ▼
Los Angeles, California  90025

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

M 0110840

EXHIBIT _____8_____   563-2

PAGE _____116_____

PAGE

117

EXHIBIT

8

SU 3 - 3

M 0110641











M 0110642

EXHIBIT _____ 8 _____   5½ 3·4

PAGE _____ 118 _____

# EXHIBIT 9



ject to change
copyright Office
write the Copy-
)00

**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-301-529

| TX | DU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month   Day   Year

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼
Jade Drawing

Registration Number of the Basic Registration ▼
VA 1-218-487

Year of Basic Registration ▼
2003

Name(s) of Author(s) ▼
Carter Bryant

Name(s) of Copyright Claimant(s) ▼
MGA Entertainment, Inc

**B**

Location and Nature of Incorrect Information in Basic Registration ▼
Line Number    3b        Line Heading or Description  Date of Publication

Incorrect Information as It Appears in Basic Registration ▼
February 12, 2001

Corrected Information ▼
at least as early as May 21, 2001

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number _____    Line Heading or Description _____
Amplified Information and Explanation of Information ▼



EXHIBIT 5000
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

MORE ON BACK ▶   • Complete all applicable spaces (A-G) on the reverse side of this page     DO NOT WRITE HERE
• See detailed instructions     • Sign the form at Space F     Page 1 of ___ 2 ___ pages

EXHIBIT _____9_____

PAGE _____119_____

FORM CA RECEIVED

**MAR 28 2005**

FUNDS RECEIVED DATE

EXAMINED BY

CORRESPONDENCE

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION  ☐ YES ☐ NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Correspondence  Give name and address to which correspondence about this application should be sent

Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212 ) 819-8200        Fax ( 212 ) 354-8113        Email cwitschel@whitecase.com

Deposit Account  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name ►

Account Number ► A 5 - 13

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author   ☐ owner of exclusive right(s)
☐ other copyright claimant  ☒ duly authorized agent of ___ MCA Entertainment Inc.
                                           Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼  Carol A. Witschel                     Date ▼  March 24, 2005

Handwritten signature (X) ▼   _Carol A. Witschel_

Certificate will be mailed in window envelope to this address

Name ▼  Carol A. Witschel - White & Case LLP

Number/Street ▼  1155 Avenue of the Americas

City/State/Zip ▼  New York, New York  10036

EXHIBIT ____9____

PAGE ____120____

Copyright Office fees are subject to change

~~yright Office~~
~~ts the Copy-~~
~~)~~

**C** Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

**VA 1-381-530**

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**
Title of Work ▼
Sasha Drawing

Registration Number of the Basic Registration ▼
VA-1-218-488

Year of Basic Registration ▼
2003

Name(s) of Author(s) ▼
Carter Bryant

Name(s) of Copyright Claimant(s) ▼
MGA Entertainment, Inc

**B**
Location and Nature of Incorrect Information in Basic Registration ▼
Line Number    3b    Line Heading or Description  Date of Publication

Incorrect Information as It Appears in Basic Registration ▼
February 12, 2001

Corrected Information ▼
at least as early as May 21, 2001

Explanation of Correction ▼

**C**
Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number _____ Line Heading or Description _____
Amplified Information and Explanation of Information ▼


EXHIBIT 508
Deponent ARMSTRONG
Date 7/18/07 Rptr ACC
WWW.DEPOBOOK.COM

MORE ON BACK ▶

EXHIBIT _____ 9

PAGE _____ 121

FORM CA RECEIVED

**MAR 28 2005**

FUNDS RECEIVED DATE

EXAMINED BY

CORRESPONDENCE

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION ☑ YES ☐ NO

FORM CA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Phone (212) 819-8200          Fax (212) 354-8113          Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author   ☐ owner of exclusive right(s)
☐ other copyright claimant   ☑ duly authorized agent of   MGA Entertainment Inc.
                                                          Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼ Carol A. Witschel                              Date ▼ March 24, 2005

Handwritten signature (X) ▼   *Carol A. Witschel*

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼ Carol A. Witschel — White & Case LLP

Number/Street/Apt ▼ 1155 Avenue of the Americas

City/State/ZIP ▼ New York, New York  10036

**G**

*17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form July 2340—20 000   Web Rev July 2002   Printed on recycled paper          U.S. Government Printing Office 2002: 491-109:00 000

EXHIBIT _____ 9
PAGE _____ 122

to change
ght Office
the Copy-



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1–301–531

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A** Title of Work ▼
   Cloe Drawing

Registration Number of the Basic Registration ▼
VA 1-218-490

Year of Basic Registration ▼
2003

Name(s) of Author(s) ▼
Carter Bryant

Name(s) of Copyright Claimant(s) ▼
MGA Entertainment, Inc

**B** Location and Nature of Incorrect Information in Basic Registration ▼

Line Number        3b        Line Heading or Description   Date of Publication

Incorrect Information as It Appears in Basic Registration ▼
February 12, 2001

Corrected Information ▼
at least as early as May 21, 2001

Explanation of Correction ▼

**C** Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number_____        Line Heading or Description_____

Amplified Information and Explanation of Information ▼

EXHIBIT 510
Deponent ARMSTRONG
Date 7/8/07 Rptr. ACC
WWW.DEPOBOOK.COM

MORE ON BACK ▶    • Complete all applicable spaces (D-G) on the reverse side of this page.
                   • See detailed instructions.    • Sign the form at Space F

DO NOT WRITE HERE
Page 1 of _____ pages

EXHIBIT _____9_____

PAGE _____123_____

| FORM CA RECEIVED | | FORM CA |
| --- | --- | --- |
| **MAR 28 2005** | | |
| FUNDS RECEIVED DATE | | |
| EXAMINED BY | *[signature]* | FOR |
| CORRESPONDENCE | | COPYRIGHT OFFICE |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION ☐ YES ☐ NO | | USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Correspondence Give name and address to which correspondence about this application should be sent

Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212 ) 819-8200    Fax ( 212 ) 354-8113    Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the   (Check only one)

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ duly authorized agent of   MGA Entertainment, Inc.
   Name of author or other copyright claimant, or owner of exclusive right(s)

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name   Carol A. Witschel          Date   March 24, 2005

Handwritten signature (X)   *[signature] Carol A. Witschel*

Certificate will be mailed in window envelope to this address

Name   Carol A. Witschel - White & Case LLP
Number/Street/Apt   1155 Avenue of the Americas
City/State/ZIP   New York, New York  10036

17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2005—40,000  Web Rev July 2005  Printed on recycled paper          U.S. Government Printing Office 2000-461-42/20 040

EXHIBIT ____9____

PAGE ____124____

Copyright Office fees are subject to change.
F                                    right Office
r                                    e the Copy-

1439-10912

Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-381-532

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**

Title of Work ▼
  Yasmin Drawing

Registration Number of the Basic Registration ▼
  VA 1-218-491

Year of Basic Registration ▼
  2003

Name(s) of Author(s) ▼
  Carter Bryant

Name(s) of Copyright Claimant(s) ▼
  MGA Entertainment, Inc

**B**

Location and Nature of Incorrect Information in Basic Registration ▼
Line Number  3b          Line Heading or Description  Date of Publication

Incorrect Information as it Appears in Basic Registration ▼
  February 12, 2001

Corrected Information ▼
  at least as early as May 21, 2001

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number          Line Heading or Description

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶  • Complete all applicable spaces (D-G) on the reverse side of this page.   • See detailed instructions.   • Sign the form at Space F.

DO NOT WRITE HERE
Page 1 of ___ 2 pages



EXHIBIT _____ 9 _____

PAGE _____ 125 _____

FORM CA RECEIVED

FORM CA

**MAR 20 2005**

FUNDS RECEIVED DATE

EXAMINED BY _____

CORRESPONDENCE ☒

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION  ☒ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

Continuation of ☐ Part B or ☐ Part C

D

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212)  819-8700          Fax ( 212)  354-8113          Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author          ☐ owner of exclusive right(s)
☐ other copyright claimant  ☒ duly authorized agent of  MGA Entertainment Inc.
_____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼  Carol A. Witschel                    Date ▼  March 24, 2005

Handwritten signature (X) ▼  _Carol A. Witschel_

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Carol A. Witschel - White & Case LLP

Number/Street ▼
1155 Avenue of the Americas

City/State/Zip ▼
New York, New York  10036

EXHIBIT _____ 9 _____

PAGE _____ 126 _____

Copyright Office fees are subject to change.

yright Office
nfo the Copy-
1.

**Ⓒ Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-301-528

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

March 28 2005
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**A**

Title of Work ▼
BRATZ Group Drawing

Registration Number of the Basic Registration ▼          Year of Basic Registration ▼
VA 1-218-489.                                            2003

Name(s) of Author(s) ▼                                  Name(s) of Copyright Claimant(s) ▼
Carter Bryant                                           MGA Entertainment, Inc.

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number  3b        Line Heading or Description  Date of Publication

Incorrect Information as It Appears in Basic Registration ▼

February 12, 2001

Corrected Information ▼

at least as early as May 21, 2001

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____  Line Heading or Description _____

Amplified Information and Explanation of Information ▼

MORE ON BACK ▶ • Complete all applicable spaces (D-G) on the reverse side of this page
                • See detailed instructions.   • Sign the form at Space F

Page 1 of ___ ___ Pages

Ⓐπ EXHIBIT 514
Deponent AAMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

EXHIBIT _____ 9 _____

PAGE _____ 127 _____

| FORM CA RECEIVED | FORM CA |
|---|---|
| MAR 28 2005 | |
| FUNDS RECEIVED DATE | |
| EXAMINED BY | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE ☒ | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION  ☒ YES ☐ NO | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

Continuation of ☐ Part B or ☐ Part C

Correspondence Give name and address to which correspondence about this application should be sent.
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone (212) 819-8200     Fax (212) 354-8113     Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ duly authorized agent of   HCA Entertainment, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼  Carol A. Witschel          Date ▼  March 24, 2005

Handwritten signature (X) ▼  _Carol A. Witschel_

Certificate will be mailed in window envelope to this address

Name ▼  Carol A. Witschel – White & Case LLP

Number/Street/Apt ▼  1155 Avenue of the Americas

City/State/ZIP ▼  New York, New York  10036

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Prev. July 2002—40 Min   Web Prev. July 2002   Printed on recycled paper     U.S. Government Printing Office: 2002-484-423/40 005

EXHIBIT ___9___

PAGE ___128___

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000

*143 940   854*

**Form CA**
The Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1-301-533**

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month     Day     Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**A**

Title of Work ▼
Jade Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼
VA 1-090-287

Year of Basic Registration ▼
2001

Name(s) of Author(s) ▼
ABC International Traders, Inc. d/b/a MGA Entertainment, Inc.

Name(s) of Copyright Claimant(s) ▼
+ ABC International Traders, Inc. d/b/a
MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼
Line Number ___2a___     Line Heading or Description  Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼
Only "3-dimensional sculpture" box checked

Corrected Information ▼
Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number ___5___     Line Heading or Description  Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-287 for the Jade Doll Configuration, Accessories and Packaging,
should cite to registration VA 1-218-487 (December 22, 2003) for the Jade Drawing, which was
registered after this basic registration but prior to the filing of this Form CA, and should include the
following additional information

Line 6a - Derivative Work
Jade Drawing (VA 1-218-487)

Line 6b - Material Added
3-dimensional doll, sculpt, artwork and packaging

**MORE ON BACK** ▶    • Complete all applicable spaces (D-G) on the reverse side of this page.
• See detailed instructions.     Sign the form at Space F

DO NOT WRITE HERE
Page 1 of ___2___ pages

Δ π EXHIBIT *558*

Deponent *Armstrong*

Date *8/1/13*   Rptr. *AL*
WWW.DEPOBOOK.COM

EXHIBIT _____9_____

PAGE _____129_____

＊ Added from C.O. records.

| FORM CA RECEIVED | | FORM CA |
|---|---|---|
| | 4/25/05 | |
| FUNDS RECEIVED DATE | | |
| | 3/28/05 | |
| EXAMINED BY | WH | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE ☒ | | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION ☒ YES ☐ NO | | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

Continuation of ☐ Part B or ☐ Part C

**D**

Line 3a – Year of Completion
    Incorrect information 2000
    Corrected information 2001

Line 3b – Year of Publication
    Incorrect information February 12, 2001
    Corrected information At least as early as May 21, 2001

**Correspondence** Give name and address to which correspondence about this application should be sent

**E**

Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Phone ( 212_ 819-8200      Fax 212_ 354-8113      Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name _____

Account Number _____

**Certification** I, the undersigned, hereby certify that I am the (Check only one)

**F**

☐ author  ☐ owner of exclusive rights)
☒ other copyright claimant  ☐ duly authorized agent of   MGA Entertainment Inc.
                                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name Carol A. Witschel            Date ▼ 4/22/05

Handwritten signature (X) ▼  _Carol A. Witschel_

| **Certificate will be mailed in window envelope to this address** | Name ▼ | **G** |
|---|---|---|
| | Carol A. Witschel – White & Case LLP | |
| | Number/Street/Apt ▼  1155 Avenue of the Americas | |
| | City/State/ZIP ▼  New York, New York 10036 | |

17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2003—20,000  Web Rev July 2003  Printed on recycled paper            U.S. Government Printing Office: 2003-491-452/80,001

EXHIBIT ___9___

PAGE ___130___



Δ π EXHIBIT 500
Deponent Armstrong
Date 8/1/07 Rptr. AC
WWW.DEPOBOOK.COM

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.



Form CA
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1-301-534

TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION
March 28 2005
Month   Day   Year

143 940 887

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼
Sasha Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼
VA 1-090-288

Year of Basic Registration ▼
2001

Name(s) of Author(s) ▼
ABC International Traders, Inc. d/b/a MGA Entertainment, Inc

Name(s) of Copyright Claimant(s) ▼
ABC International Traders, Inc. d/b/a MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼
Line Number   2a          Line Heading or Description   Nature of Authorship

Incorrect Information as it Appears in Basic Registration ▼
Only "3-dimensional sculpture" box checked

Corrected Information ▼
Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼
Line Number   5          Line Heading or Description   Previous Registration

Amplified Information and Explanation of Information ▼
"No" box – checked, 5c box – unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-288 for the Sasha Doll Configuration, Accessories and Packaging, should cite to registration VA 1-218-488 (December 22, 2003) for the Sasha Drawing, which was registered after this basic registration but prior to the filing of this Form CA, and should include the following additional information

Line 6a – Derivative Work
          Sasha Drawing (VA 1-218-488)

Line 6b – Material Added
          3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶   • Complete all applicable spaces (D-B) on the reverse side of this page   DO NOT WRITE HERE
                 • See detailed instructions   • Sign the form at Space F                   Page 1 of 2 pages

EXHIBIT _____9_____

PAGE _____131_____

\* Added from C.O. records.

| FORM CA RECEIVED | FORM CA |
|---|---|
| 4/25/05 | |
| FUNDS RECEIVED DATE | |
| 3/28/05 | |
| EXAMINED BY | FOR |
| | COPYRIGHT |
| CORRESPONDENCE ☒ | OFFICE USE ONLY |
| REFERENCE TO THIS REGISTRATION ADDED TO | |
| BASIC REGISTRATION ☒ YES ☐ NO | |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Line 3a - Year of Completion
    Incorrect information  2000
    Corrected information  2001

Line 3b - Year of Publication
    Incorrect information  February 12, 2001
    Corrected information  At least as early as May 21, 2001

**E**

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Phone ( 212 819-8200 Fax ( 212 354-8113 Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name

Account Number

**F**

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author    ☐ owner of exclusive right(s)
☐ other copyright claimant  ☒ duly authorized agent of  MGA Entertainment Inc.
                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼ Carol A. Witschel    Date ▼ 4/22/05

Handwritten signature (X) ▼ _Carol A Witschel_

**G**

Certificate will be mailed in window envelope to this address

Name ▼ Carol A. Witschel - White & Case LLP

Number/Street ▼ 1155 Avenue of the Americas

City/State/ZIP ▼ New York, New York 10036

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2004—20,000 Web Rev July 2002 Printed on recycled paper    U.S. Government Printing Office: 2003-481-081/90,026

EXHIBIT _____ 9

PAGE _____ 132

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at *www.copyright.gov*, write the Copy-
right Office, or call (202) 707-3000

*143  940  843*



**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA 1–301–535

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March  28  2005*

Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼

Cloe Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼
VA 1-090-289

Year of Basic Registration ▼
2001

Name(s) of Author(s) ▼
ABC International Traders, Inc d/b/a MGA Entertainment, Inc

Name(s) of Copyright Claimant(s) ▼
* ABC International Traders, Inc. d/b/a MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number _____ 2a _____   Line Heading or Description Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼

Only "3-dimensional sculpture" box checked

Corrected Information ▼

Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number _____ 5 _____   Line Heading or Description Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-289 for the Cloe Doll Configuration, Accessories and Packaging, should cite to registration VA 1-218-490 (December 22, 2003) for the Cloe Drawing, which was registered after this basic registration but prior to the filing of this Form CA, and should include the following additional information

Line 6a – Derivative Work
        Cloe Drawing (VA 1-218-490)

Line 6b – Material Added
        3-dimensional doll, sculpt, artwork and packaging

---

MORE ON BACK ▶   • Complete all applicable spaces (D-H) on the reverse side of this page
                 • See detailed instructions   • Sign the form at Space F

DO NOT WRITE HERE
Page 1 of _____ 2 _____ pages

Δ π EXHIBIT 202
Deponent *Armstrong*
Date 8/1/07 Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT _____ 9 _____

PAGE _____ 138 _____

\* Added from C.O. records.

FORM CA RECEIVED  4/25/05

FORM CA

FUNDS RECEIVED DATE  3/28/05

EXAMINED BY  _wm_

CORRESPONDENCE ☒

REFERENCE TO THIS REGISTRATION ADDED TO
BASIC REGISTRATION  ☒ YES ☐ NO

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☐ Part B or ☐ Part C

**D**

Line 3a - Year of Completion
    Incorrect information  2000
    Corrected information  2001

Line 3b - Year of Publication
    Incorrect information  February 12, 2001
    Corrected information  At least as early as May 21, 2001

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone( 212 ) 819-8200        Fax ( 212 ) 354-8113        Email cwitschel@whitecase.com

**E**

Deposit Account  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name _____

Account Number _____

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ duly authorized agent of   MGA Entertainment Inc.
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**F**

Typed or printed name ▼        Date ▼  4/22/05
Carol A. Witschel

Handwritten signature (X) ▼
_Carol A Witschel_

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Carol A. Witschel - White & Case LLP

Number/Street/Apt ▼
1155 Avenue of the Americas

City/State/ZIP ▼
New York, New York  10036

**G**

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form CA July 2000—60,000  Web Rev: July 2000  Printed on recycled paper

☆ U S Government Printing Office 2000-461-113/20-002

EXHIBIT _____ 9

PAGE _____ 134

Copyright Office fees are subject to change.
For current fees, check the Copyright Office
website at www.copyright.gov, write the Copy-
right Office, or call (202) 707-3000.

**Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

VA 1–351–536

*143 940 865*

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*
Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼
Yasmin Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼
VA 1-090-290

Year of Basic Registration ▼
2001

Name(s) of Author(s) ▼
ABC International Traders, Inc d/b/a MGA Entertainment, Inc

Name(s) of Copyright Claimant(s) ▼
* ABC International Traders, Inc. d/b/a MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number  __2a__   Line Heading or Description  Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼

Only "3-dimensional sculpture" box checked

Corrected Information ▼

Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number  __5__   Line Heading or Description  Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-290 for the Yasmin Doll Configuration, Accessories and Packaging, should cite to registration VA 1-218-491 (December 22, 2003) for the Yasmin Drawing, which was registered after this basic registration but prior to the filing of this Form CA, and should include the following additional information

Line 6a - Derivative Work
Yasmin Drawing (VA 1-218-491)

Line 6b - Material Added
3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶   • Complete all applicable spaces (D-G) on the reverse side of this page   • See Detailed instructions   • Sign the form at Space F

DO NOT WRITE HERE
Page 1 of __2__ pages


Δ π EXHIBIT 5464
Deponent Armstrong
Date 9/1/07 Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT _____9_____

PAGE _____135_____

\* Added from C.O. records.

| FORM CA RECEIVED | | FORM CA |
|---|---|---|
| 4/25/05 | | |
| FUNDS RECEIVED DATE | | |
| 3/28/05 | | |
| EXAMINED BY  Wu | | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE □ NO | | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION  ☒ YES □ NO | | |

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of □ Part B or □ Part C

# D

Line 3a - Year of Completion
　　Incorrect information   2000
　　Corrected information   2001

Line 3b - Year of Publication
　　Incorrect information   February 12, 2001
　　Corrected information   At least as early as May 21, 2001

# E

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone 212 819-8200    Fax 212) 354-8113    Email cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account
Name _____
Account Number _____

# F

Certification* I, the undersigned, hereby certify that I am the (Check only one)
□ author          □ owner of exclusive right(s)
□ other copyright claimant  ☒ duly authorized agent of  MGA Entertainment Inc.
　　　　　　　Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼ Carol A. Witschel          Date ▼ 4/22/05

Handwritten signature (X) ▼  Carol A. Witschel

# G

Certificate will be mailed in window envelope to this address

Name ▼  Carol A. Witschel - White & Case LLP
Number/Street/Apt ▼  1155 Avenue of the Americas
City/State/ZIP ▼  New York, New York  10036

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2005—20,000  Web Rev July 2005   Printed on recycled paper          U.S. Government Printing Office 2003-497-113/80,009

EXHIBIT ____9____
PAGE ____136____

EXHIBIT 10

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual,<br><br>13<br><br>14  Plaintiff,<br><br>15  v.<br><br>16  MATTEL, INC., a Delaware corporation,<br><br>17  Defendant.<br><br>18<br><br>19 | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049450<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO PRODUCE DOCUMENTS BEARING BATES NOS. MGA 0800973-0800974 AND MGA 0829296-0829305** |
| 20  CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>21  MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |

22

23

24                         I. INTRODUCTION

25      Mattel, Inc. ("Mattel") submitted a "Motion to Compel Withheld MGA Documents That

26  Prove MGA Was Developing Bratz as Early as June 2000." Specifically, Mattel seeks an order

27  compelling MGA to produce documents bearing Bates Nos. MGA 0800973-0800974 and MGA

28

12-17                    EXHIBIT ___10___

PAGE ___137___

1   0829296 – 0829305, which Mattel characterizes as "smoking gun" documents that prove MGA

2   was developing Bratz as early as June 2000. MGA contends that the disputed documents were

3   inadvertently produced and are protected by the attorney-client privilege. At MGA's request,

4   Mattel destroyed the disputed documents. Mattel, however, disputes MGA's claims of privilege

5   and presently seeks an order compelling production of the disputed documents. MGA submitted

6   an opposition together with a supporting declaration, and lodged the disputed documents for an *in*

7   *camera* review. Mattel submitted a reply. The matter was heard on December 14, 2007.

## II. BACKGROUND

8

9       Mattel's claims in this case include allegations that "Carter Bryant [hereinafter "Bryant"]

10  conceived, created and developed Bratz designs while he was employed by Mattel as a doll

11  designer." Mattel alleges that "using Mattel resources and while employed by Mattel, Bryant

12  took steps to assist MGA to produce dolls," and that he "concealed his Bratz work from Mattel

13  and wrongfully sold Bratz to MGA while he was a Mattel employee." Mattel's Second Amended

14  Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, ¶¶2, 26, attached as Ex. 3

15  to Proctor Decl. Mattel alleges that "as a result of the efforts of Bryant and other Mattel

16  employees working on Bratz (which was done without Mattel's knowledge), the Bratz dolls had

17  been designed and were far along in development during the time that Bryant was employed by

18  Mattel and prior to the time that Bryant left Mattel on October 20, 2000." Id. at Counterclaims,

19  ¶36. Mattel claims ownership of Bratz works created by Bryant while he was employed by

20  Mattel, asserts that Bryant breached his duties of loyalty and fiduciary duties to Mattel, and

21  claims that MGA aided and abetted Bryant. Defendants dispute these allegations.

22      The timing of Bryant's creation and development of Bratz is a central issue in the case,

23  and thus has been the focus of a substantial amount of discovery. Bryant testified at his

24  deposition that he first pitched the Bratz concept to MGA when he met Paula Garcia in August of

25  2000. According to the deposition testimony of Bryant and MGA's Isaac Larian ("Larian"),

26  Bryant met Larian for the first time in September 2000. Larian testified that at the time of the

27  September meeting, Bryant had names for each Bratz doll character. Larian also testified,

28  however, that one of the Bratz dolls, "Yasmin," was subsequently named after his daughter

2

EXHIBIT ___10___

PAGE ___139___

1  Jasmine.

2      Another witness, Anna Rhee, testified that Bryant asked her to paint Bratz doll heads in

3  June 2000.  Bryant, however, testified that he did not ask Ms. Rhee to paint faces for Bratz dolls

4  until November 2000.

5      In the course of discovery, MGA produced documents bearing Bates Nos. MGA 0800973-

6  0800974 and MGA 0829296-0829305 to Mattel.  On August 7, 2007, however, MGA sent Mattel

7  a letter asserting that the documents are protected by the attorney-client privilege and were

8  inadvertently produced.  Accordingly, Mattel destroyed its copies of the disputed documents and

9  so confirmed to MGA.

10      The first document in question, marked as MGA 0800973-0800974, is an internal

11  document sheet (the "Docket Sheet") from Russ, August, Kabat & Kent, trademark prosecution

12  counsel for MGA, regarding MGA's trademark application for "Bratz."  The Docket Sheet

13  includes such information as the name of the mark, the country, the name of the registrant, the

14  application number, the application date (December 11, 2000), the registration number, the

15  registration date (December 2, 2003), the term, the date the renewal is due (December 2, 2013),

16  and the type of goods/services the mark is used for ("Dolls").  Mattel is particularly interested in

17  the notation "Dates of Use:  6-15-2000," which appears in a box entitled "Remarks" on the

18  second page of the Docket Sheet.

19      The second document in question, marked as MGA 0829296-0829305, is a facsimile

20  dated December 7, 2000 (the "Fax") from Lucy B. Arant, trademark counsel at Russ, August,

21  Kabat & Kent to Paula Garcia (then known as Paula Traentafellas) at MGA.  The first page of the

22  Fax includes a written message from Ms. Arant to Ms. Garcia stating that the Fax attaches four

23  trademark applications for Isaac Larian's review and signature.  The message also includes the

24  following remarks by Ms. Arant to Ms. Garcia:  "You indicated that all four of the applications

25  have a date of first use of June 15, 2000.  Please confirm that this is correct."  The remainder of

26  the Fax consists of the "intent to use" trademark applications for "Jade," "Yasmin," "Sasha," and

27  "Bratz."  These "intent to use" trademark applications do not include any information regarding

28  "dates of use."

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT ___10___

PAGE ___139___

1        Mr. Larian executed MGA's trademark applications for "Jade," "Yasmin," "Sasha," and

2 "Bratz" on the day the Fax was sent, December 7, 2000, and the applications were filed with the

3 Patent and Trademark Office ("PTO"). MGA subsequently filed a statement of use for each of

4 the four marks that specified dates in May of 2001 for the "date of first use" and a "date of first

5 use in commerce," which are significantly different from the June 15, 2000 date noted in the

6 Docket Sheet and the Fax.

7        Mattel contends that the disputed documents, and in particular the June 15, 2000 date

8 noted therein, are relevant to its claim that Bryant secretly worked with MGA on Bratz while he

9 was employed by Mattel. Bryant was employed at Mattel from January 4, 1999 until October 20,

10 2000. Mattel also contends that the disputed documents are relevant to challenge the credibility

11 of defendants' key witnesses, and to substantiate the testimony of Ms. Rhee.

12        Furthermore, Mattel contends that neither of the disputed documents are protected by the

13 attorney-client privilege. Mattel contends that the Docket Sheet is not a communication, much

14 less a communication from MGA to counsel for the purpose of obtaining legal advice. Rather, in

15 Mattel's view, the Docket Sheet is an internal law firm document that contains basic facts that are

not privileged.

16        Mattel also contends that even if the Docket Sheet were a privileged communication, the

17 information contained within it, including the date of first use information, is not privileged

18 because MGA did not communicate the information for the purpose of keeping it confidential.

19 Rather, Mattel contends that MGA communicated the date of first use and other information listed

20 on the Docket Sheet to its trademark attorneys so that they could use the information to register

21 MGA's marks with the PTO. Indeed, Mattel points out that after MGA submitted its "intent to

22 use" trademark applications, MGA submitted a "statement of use" for each of its marks to the

23 PTO that specified a "date of first use," although the specified "date of first use" was not June 15,

24 2000.

25        Moreover, Mattel contends that applicants for trademarks must disclose to the PTO a date

26 of first use of the mark. Mattel explains that an applicant may initially apply to register a

27 trademark by filing an application for use of a trademark or by filing an application for bona fide

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

1    intention to use a trademark (see 15 U.S.C. §1051(a) and (b)), but in either case the applicant

2    must eventually disclose a "date of first use" of the mark. A use-based application must include

3    the date of first use of the mark at the outset. See 15 U.S.C. §1051(a)(1). In contrast, an "intent

4    to use" applicant must, within six month of the PTO's issuance of notice of allowance, file a

5    "statement that verifies the mark is in use in commerce, the date of first use in commerce, the

6    goods and services in connection with the mark are used in commerce, and the manner in which

7    the mark is being used." Eastman V. Kodak Co. v. Bell & Howell Document Management

8    Products Co., 994 F.2d 1569, 1570 (C.A. Fed. 1993). Mattel reasons that because MGA was

9    required to submit information about the date of first use to the PTO in order for MGA to obtain a

10    trademark registration, MGA could not have provided the information to trademark counsel with

    any reasonable expectation or intention that such information would remain confidential.

11        Mattel contends that the Fax is not privileged because it is a communication from counsel

12    to MGA, not vice versa, and that the attachments are non-privileged trademark applications.

13    Mattel also contends that the Fax is not privileged because it does not reveal any confidential

14    communication for the purpose of rendering legal advice. Rather, Mattel reiterates that MGA was

15    required to submit information about the date of first use to the PTO in order for MGA to obtain a

16    trademark registration, and therefore MGA could not have expected or intended that such

17    information remain confidential.

18        MGA contends that the declaration of MGA employee Paula Garcia demonstrates that the

19    communications by MGA to its counsel regarding date of first use for the Bratz doll marks were

20    intended to be confidential attorney-client communications for the purpose of obtaining legal

21    advice for trademark applications. Accordingly, MGA contends that the references to the date of

22    first use in the Docket Sheet and the Fax are protected because the references reflect a client

23    confidence transmitted as part of a privileged communication.

24        MGA contends that Ms. Arant's role was not as a "mere conduit of data" or transcriber.

25    See e.g., Knogo Corp. v. United States, 213 U.S.P.Q. 936, 940, 1980 WL 39083 (Ct. Cl. Trial

26    Div. 1980) (rejecting the characterization of patent attorneys as mere "conduits" to the PTO).

27    Instead, MGA describes her role as providing what information should be included in the

28

trademark applications and how it should be sent out.  MGA contends that Ms. Arant requested "dates of first use" information from Ms. Garcia in connection with advising MGA regarding "intent to use" trademark applications.  MGA's Opposition, pp. 5-6.  According to MGA, "dates of first use" information has significance to "intent to use" applications for two reasons: first, an "intent to use" application is only appropriate for marks not already in use; and second, an applicant has six months from the "date of first use" to use the mark before it is abandoned.  MGA emphasizes, however, that "dates of first use" are not among the facts disclosed to the PTO as part of an "intent to use" application.  MGA reasons, therefore, that it is incorrect for Mattel to assume that Ms. Garcia intended her communications regarding date of first use to be made public.

MGA also contends that Mattel erroneously relies on MGA's later filings of the "statement of use" documents to argue that Ms. Garcia conveyed "dates of first use" to Ms. Arant with the intent that those dates would be publicly disclosed.  MGA contends that Mattel has no evidentiary support for such a conclusion, and that indeed, Mattel's submissions show that different attorneys from two different law firms prepared the "statement of use" filings for MGA and specified different "dates of first use" for each mark than the June 15, 2000 date that Ms. Garcia allegedly communicated to Ms. Arant.

MGA contends further that "[e]ven as to information that made its way into the 'intent to use applications,' the documents generated in the preparation and drafting of applications that reflect attorney-client discourse are shielded by the attorney-client privilege."  MGA's Opposition at p.7.  Borrowing the reasoning in McCook Metals L.L.C. v. Alcoa Inc., 192 F.R.D. 242, 252 (N.D. Ill. 2000), MGA asserts that drafts "necessarily reflect the communications between a client and his attorney as the attorney attempts to put forth the invention in the best light possible to protect a client's legal right."  MGA also contends that attorney-client protection extends to factual information provided to counsel for the purpose of providing legal advice.  See e.g. In re Spalding Sports Worldwide, Inc., 203 F.3d 800 (Fed. Cir. 2000) (invention record submitted to legal counsel for the purpose of obtaining legal advice was privileged); TeKnowledge Corp. v. Akamai Techs., Inc., 2004 U.S. Dist. LEXIS 19109, at *6 (N.D. Cal. Aug. 10, 2004) ("technical

EXHIBIT ___/ᴼ___

PAGE ___/4ᴼ___

1   information communicated to a patent attorney does not warrant different treatment than any

2   other information communicated to an attorney in the process of obtaining legal services.").

3          As for Mattel's argument that the documents in question are "smoking gun" evidence,

4   MGA responds that the Bratz launch occurred in June 2001, at which time the marks were first

5   used. MGA asserts that "[a]ny contrary information contained in the documents in question was

6   an error that should have no bearing on whether the information is privileged." MGA's

7   Opposition, p.2. Ms. Garcia explains in her declaration that the June 15, 2000 date was

8   erroneous. MGA also contends that there could have been no "date of first use" of Bratz in June

9   2000 within the meaning of trademark law. MGA reasons that the Lanham Act requires that "first

10  use" be "actual use in commerce," or "bona fide use [] in the ordinary course of trade," (Fila

11  Sport S.p.A. v. Diadora America, Inc., 141 F.R.D. 75, 78 (D. Ill. 1991), and that Bratz was not

    being used in commerce in June 2000.

12                              III. DISCUSSION

13         The essential elements of the attorney-client privilege are: "(1) When legal advice of any

14  kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the

15  communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the

16  client's instance, permanently protected (7) from disclosure by the client or by the legal adviser

17  (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002).

18  The burden is on the party asserting the privilege to establish all the elements of the privilege.

19  United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000). "Because the attorney-client

20  privilege has the effect of withholding relevant information from the factfinder, it is applied only

21  when necessary to achieve its limited purpose of encouraging full and frank disclosure by the

22  client to his or her attorney." Clark v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir.

23  1992).

24              MGA has Failed to Establish that the Docket Sheet is Privileged

25         MGA argues that the attorney-client privilege extends to the Docket Sheet because it was

26  a "paper [] prepared by an attorney or at an attorney's request for the purpose of advising the

27  client, [which was] based on and would tend to reveal the client's confidential communications."

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                    7

1  MGA's Opposition at p.9 (citing In re Fischel, 557 F. 2d 209,211 (9th Cir. 1977)). MGA's

2  argument, however, is unsupported by evidence.

3      The declaration of Paula Garcia fails to specifically address the Docket Sheet. Instead,

4  Ms. Garcia generalizes as follows:

5          Prior to the launch of Bratz, I communicated with outside lawyers for

6      MGA in connection with protecting MGA's trademarks for the "Bratz" line of

7      products it hoped to launch in June 2001. These communications were for the

8      purpose of obtaining legal advice from MGA's trademark counsel, including

9      communications in or about December 2000 with Lucy Arant of Russ, August,

10     Kabat & Kent LLP. In general, I intended and expected my communications with

11     counsel in connection with MGA's trademark filings to be confidential, including

12     communications regarding the anticipated date of MGA's first use of the "Bratz"

13     marks.

Garcia Decl. In Support of MGA's Opposition, ¶3.

14     Nowhere in the evidentiary record submitted by MGA does MGA explain why or how the

15  Docket Sheet was created or maintained. MGA does not explain who created the Docket Sheet or

16  provide the source of the information contained therein. MGA has not established the requisite

17  elements of the attorney-client privilege for this specific document. See e.g. Automated

18  Technologies, Inc. v. Knapp Logistics & Automation, Inc., 382 F.Supp.2d 1372, 1375 (N.D. Ga.

19  2005) (party invoking privilege has the burden of proving "that the particular communications

20  were confidential"); Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 453

21  ("The party seeking to assert the privilege must show that the particular communication was part

22  of a request for advice or part of the advice, and that the communication was intended to be and

23  was kept confidential."). MGA has failed to carry its burden of establishing that the Docket Sheet

24  is protected by the attorney-client privilege.

                    MGA has Failed to Establish That the Fax is Privileged

25     An in camera review of the Fax confirms that the document constitutes a communication

26  between MGA and counsel regarding MGA's trademark applications. That the Fax constitutes a

27

28  

EXHIBIT _____ 10

PAGE _____ 144

1  communication between MGA and counsel, however, is insufficient without more to establish

2  that the Fax is privileged. MGA must also establish that the Fax is a confidential communication

3  for the purpose of rendering legal advice. See e.g. Automated Technologies, Inc. v. Knapp

4  Logistics & Automation, Inc., supra; Kodish v. Oakbrook Terrace Fire Protection Dist., supra.

5  MGA has failed to do so. Ms. Garcia's declaration does not even mention the Fax, much less

6  specify that the information contained therein was intended to be confidential for the purpose of

7  rendering legal advice. Instead, Ms. Garcia speaks in generalities about communications

8  regarding MGA's trademark applications. In fact, the Fax does not contain any legal opinions or

9  advice. The only attorney-client communication reflected in the Fax is the statement regarding

10 the "date of first use."

11      MGA could not have had a reasonable expectation that the June 15, 2000 "date of first

12 use" stated in the Fax would be kept confidential. As Mattel points out, in order to obtain a full

13 trademark registration, an applicant must disclose the "dates of first use" to the PTO. This is true

14 regardless of whether the applicant initially files an "intent to use" application or a use-based

15 application. See 15 U.S.C. §1051(a)(2) (use-based application must include the date of first use

16 of the mark); Eastman V. Kodak Co. v. Bell & Howell Document Management Products Co., 994

17 F.2d at 1570 (an "intent to use" applicant must file a "statement that verifies . . . the date of first

   use in commerce).

18      MGA relies on Ms. Garcia's declaration that she generally expected her communications

19 with trademark counsel to be confidential. However, a client's subjective belief as to whether a

20 communication is privileged must be reasonable in order for the attorney-client privilege to

21 attach. Speaker ex rel. Speaker v. County of San Bernadino, 82 F.Supp.2d 1105, 1112-1113

22 (C.D. Cal. 2000) (client's subjective belief "should be reasonable in order to lay claim to the

23 protections of the privilege"); Griffith v. Davis, 161 F.R.D. 687, 696 (C.D. Cal. 1995) (attorney-

24 client privilege not applicable to information communicated to attorney where client knew

25 information would be used in his employer's administrative investigation). Although a client's

26 subjective belief of confidentiality is necessary for the attorney-client privilege to attach, it is not

27 sufficient. See In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 923 (8th Cir. 1997)

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT _____ 10

PAGE _____ 145

1 ("[W]e know of no authority . . . holding that a client's beliefs, subjective or objective, about the
2 law of privilege can transform an otherwise unprivileged conversation into a privileged one.").

3      Nevertheless, MGA attempts to identify confidential reasons why Ms. Garcia might have
4 communicated "date of first use" information to Ms. Arant. According to MGA, the only reason
5 Ms. Arant solicited "date of first use" information from Ms. Garcia was (i) to determine whether
6 an "intent to use" application would be proper and (ii) to determine when MGA should file its
7 applications. MGA asserts that "these legal considerations led Ms. Arant to request 'dates of first
8 use' from Ms. Garcia." MGA's Opposition at p.6. However, there is no evidence of record to
9 substantiate MGA's contentions.

10      MGA's failure to provide evidence to substantiate its claim that the Fax reveals the
11 substance of a confidential communication is fatal to its claim of privilege. Because a mark's
12 date of first use is factual information that must be conveyed to the PTO to secure a trademark
13 application, communication of this information is not privileged. Weil Ceramics & Glass, Inc. v.
14 Work, 110 F.R.D. 5000, 504 (E.D. N.Y. 1986) ("The party claiming the privilege must clearly
15 show that a document renders legal advice and does not, for example, merely contain facts later
16 disclosed in a patent or trademark application"); see also United States v. White, 950 F.2d 426,
17 430 (7th Cir. 1991) ("when information is disclosed for the purpose of assembly into a bankruptcy
18 petition and supporting schedules, there is no intent for the information to be held in confidence
19 because the information is to be disclosed on documents publicly filed").

19      MGA contends, however, that the June 15, 2000 date was not actually disclosed to the
20 PTO and points out that Mattel's own submissions show that different attorneys from two
21 different law firms prepared the "statement of use" filings for MGA and specified different "dates
22 of first use" for each mark than the June 15, 2000 date that Ms. Garcia allegedly communicated to
23 Ms. Arant. That the June 15, 2000 date was not actually disclosed is irrelevant. What is relevant
24 is whether Ms. Garcia actually and reasonably intended and expected the "dates of first use"
25 information she provided to Ms. Arant to remain confidential when she made the communication,
26 not whether the information was actually conveyed to the public. See In re Grand Jury
27 Proceedings, 727 F.2d 1352, 1358 (4th Cir. 1984) (information given to attorney to prepare

28

1  prospectus was not protected by attorney-client privilege, even though no prospectus was ever

2  actually issued); United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983) ("[I]f the client

3  transmitted the information so that it might be used on the tax return, such a transmission destroys

4  any expectation of confidentiality.").

5       Lastly, MGA's reliance on McCook, supra, and other related caselaw[1] is misplaced. In

6  McCook, the court held that draft patent applications were privileged because they "contain[ed]

7  the legal opinion and advice of the attorney regarding the wording of technical specifications,

8  claims, and prior art, and whether an item is included, all of which are necessary to secure a legal

9  claim for the client." McCook, 192 F.R.D. at 252-253. In contrast, the Fax at issue in this case

10  reflects no such attorney opinions or advice. Indeed, the only attorney-client communication

11  reflected in the Fax is the statement regarding the "date of first use." The cases cited by MGA are

12  inapplicable to communications conveying date of first use information in the trademark context

13  because, as discussed previously, a trademark attorney does not have discretion regarding whether

     to disclose the "date of first use" information to the PTO.[2]

14                          IV. CONCLUSION

15       For the reasons set forth above, Mattel's motion to compel MGA to produce documents

16  bearing Bates Nos. MGA 0800973-0800974 and MGA 0829296-0829305 is granted. MGA shall

17  produce said documents on or before December 28, 2007.

18       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

19  Master, Mattel shall file this Order with the Clerk of Court forthwith.

20

21  Dated: December 17, 2007

22                          HON. EDWARD A. INFANTE (Ret.)
                            Discovery Master

23

24  _____

     [1] See Rohm v. Haas Co. v. Brotech Corp., 815 F.Supp. 793, 797 (D. Del. 1993); Hyuk Suh v. Choon Sik Yang, 1997 U.S. Dist. LEXIS
25  20077 (N.D. Cal. No. 18, 1977); Conner Peripherals, Inc. v. Western Digital Corp., 1993 U.S. Dist. LEXIS 20149 (N.D. Cal. June 8, 1993);
     TeKnowledge Corp. v. Akamai Techs. Inc., 2004 U.S. Dist. LEXIS 19109 (N.D. Cal. Aug. 10, 2004).
26
     [2] Mattel argues in the alternative that even if the disputed documents were privileged, MGA has waived the privilege. Because MGA
27  has failed to establish the requisite elements of the attorney-client privilege as to the disputed documents, it is unnecessary to address Mattel's
     waiver argument herein.
28                                                                                          11

     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT _____ 10

PAGE _____ 147

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 17, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO PRODUCE DOCUMENTS BEARING BATES NOS. MGA 0800973-0800974 AND MGA 0829296-0829305 in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on December 17, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _____ 10

PAGE _____ 148

EXHIBIT 11

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: July 2, 2007

Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
=======================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                            Theresa Lanza
          Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                         John B. Quinn
                                      Brett Dylan Proctor
                                      Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY



DOCKETED ON CM

JUL - 5 2007

BY _____ 164

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:    MINUTE ORDER

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters
heard on July 2, 2007:

(1)     The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)     The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's
        May 15, 2007, Order (docket #505);

(3)     The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                      Initials of Deputy Clerk _Jh_
CIVIL – GEN                          1               Time: 01/15

EXHIBIT ___-11___

PAGE ___149___

608

07/02/07

regarding date of production of documents (docket #545); and

(4)     The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)     The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)     Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)     MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)     MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN                                     2

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____11_____

PAGE _____150_____

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____11_____

PAGE _____151_____

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN                                                 4

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _____ 11 _____

PAGE _____ 152 _____

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                                                    5

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT ____11____

PAGE ____153____

EXHIBIT 12

# EXHIBIT 12

# CONFIDENTIAL
# THIS EXHIBIT FILED UNDER SEAL PURSUANT TO
# PROTECTIVE ORDER OF 1- 4 -2005

EXHIBIT 13

# EXHIBIT 13

## CONFIDENTIAL
## THIS EXHIBIT FILED UNDER SEAL PURSUANT TO
## PROTECTIVE ORDER OF 1- 4 -2005

EXHIBIT 14

# EXHIBIT 14

# CONFIDENTIAL
# THIS EXHIBIT FILED UNDER SEAL PURSUANT TO
# PROTECTIVE ORDER OF 1- 4 -2005