# EXHIBIT 1

## THIS EXHIBIT IS FILED UNDER SEAL

## PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 2

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 3

## THIS EXHIBIT IS FILED UNDER SEAL

## PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 4

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 5

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 6

## THIS EXHIBIT IS FILED UNDER SEAL

## PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 7

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 8

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 9

## THIS EXHIBIT IS FILED UNDER SEAL

## PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 10**

 

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 23, 2008

**VIA FACSIMILE**

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

Re:     <u>Ana Cabrera</u>

Dear Counsel:

We refer to your letter of January 22, 2008, and your representation of Ms. Cabrera.

You are no doubt aware that Ms. Cabrera's husband recently requested to Mattel that Ms. Cabrera's remaining personal items from her work space be made available to him for collection. Those items have been collected together. Mr. Cabrera indicated that he would let Mattel know when he wanted to collect those items. Although Mr. Cabrera has not told us since when he wishes to do so, he remains welcome to collect them from Mattel's Human Resources department. We are of course willing to arrange to have those items sent to Mr. Cabrera instead if he so wishes. In that event please let us know the address to which these should be sent.

Very truly yours,

James J. Webster

EXHIBIT _10_

PAGE _189_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2365004.1

JJW:csn
07209/2365004.1

cc:     Thomas J. Nolan, Esq.
        Mark E. Overland, Esq.
        Michael H. Page, Esq.

EXHIBIT __10__

PAGE __190__

**EXHIBIT 11**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq.<br>Allred, Maroko & Goldberg | | (323) 653-1660 |
| Larry W. McFarland, Esq.<br>Keats McFarland & Wilson LLP | | (310) 860-0363 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | | (415) 397-7188 |
| Thomas J. Nolan, Esq.<br>Skadden Arps, Slate, Meagher & Flom, LLP | | (213) 687-5600 |

**FROM:** James J. Webster
jameswebster@quinnemanuel.com

**RE:** Mattel adv. MGA/Bryant, et al.

FEB 0 6 2008

**MESSAGE:**

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Prudiel Libatique | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? | ☐ NO ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _11_

PAGE _191_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 6, 2008

*Via Facsimile & U. S. Mail*

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

Larry W. McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 9411

Thomas J. Nolan, Esq.
Skadden Arps, Slate, Meagher & Flom, LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

**Mattel adv. MGA/Bryant, et al.**

Dear Counsel:

We are writing further to the recent communications regarding certain documents and materials relating to Bratz, including in response to Maria Diaz's letter dated February 4, 2008 to John Quinn.

To eliminate any misunderstanding, we note at the outset that there have been two sets of boxes of materials and documents which have been the subject of the communications regarding Ms. Cabrera. One set included assertedly personal items from Ms. Cabrera's workspace at Mattel. As confirmed in our January 29, 2008 letter to Ms. Diaz, and based on representations that these were her personal items, Mattel already returned those items.

The second, separate set of boxes are those that Ms. Cabrera provided to Mattel in January 2008 containing documents and materials relating to work on Bratz. From what we gather at this juncture from the evidence, including statements by Veronica Marlow and Ms. Cabrera, these materials related to Ms. Cabrera's undisclosed work on Bratz while a Mattel employee and included documents that Ms. Marlow had told Ms. Cabrera (in words or substance) to keep "just

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT __11__

PAGE __192__

February 6, 2008
Page 2

in case." We have, more than once, invited counsel to inspect these materials if they wish. To date, no party has accepted that offer.

Moreover, in earlier correspondence responding to apparent demands by counsel for Ms. Cabrera that these boxes be turned over to her, we requested an explanation for the basis of these demands. We did not receive any such explanation. Nor does Ms. Diaz's most recent letter repeating those demands provide one.[1]

In an additional effort to resolve this matter, we are again requesting that Ms. Cabrera provide the factual basis for her claim that "the box is the property of Ms. Cabrera and was taken from her without permission". We also ask that counsel for MGA, Mr. Larian, Mr. Bryant and Ms. Marlow state whether their respective clients are asserting any possessory or other right or interest in the contents of the boxes and, if so, on what basis.

We would anticipate that, if and to the extent the matter can be resolved while also ensuring that the materials will be properly preserved and treated, a stipulation could be reached and submitted for the Court's approval. As part of such a stipulation, we would expect the opportunity to have an expert reconstruct the Bratz drawings that Ms. Marlow evidently tore up and were contained in the boxes at issue. Of course, we would also expect any such stipulation to be without prejudice to what we believe are Mattel's potential possessory and ownership rights in materials and documents as a result of, among other things, Ms. Cabrera's assignment of all right, title and interest in such work under her employment agreements with Mattel and under applicable law. Should we be unable to resolve this matter amicably, we intend to raise with the Court the retention and handling of these materials on a going forward basis.

Please let me know when you are available to address these matters. I look forward to hearing from you.

Very truly yours,

*James J. Webster (CSN)*

James J. Webster

---

[1]   Although irrelevant to the issues at hand, Ms. Diaz's letter makes various, incorrect assertions relating to "the box" of items and the investigation. For example, the letter claims that "the box had already been opened" by Mattel despite Ms. Diaz's alleged request otherwise. Contrary to MGA's representations to the Court and Ms. Diaz's claims in her letter, the boxes of items have not been unsealed. When Ms. Cabrera provided the boxes to Mattel, they were not sealed. To avoid groundless allegations of the types already being made by MGA and Ms. Cabrera's counsel, and after Ms. Cabrera had confirmed their contents, Mattel videotaped the contents of the boxes and then sealed the boxes -- which is in the state that they have remained since. The other accusations in the letter are equally wrong, but they do not merit response here.

EXHIBIT __11__

PAGE __193__

# Confirmation Report — Memory Send

Page         : 001
Date & Time: 02-06-2008   19:27
Line 1       : 2134433100
Line 2       :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 621 |
| Date | : | 02-06 19:26 |
| To | : | ☎00098#07209#14153977188 |
| Number of pages | : | 003 |
| Start time | : | 02-06 19:26 |
| End time | : | 02-06 19:27 |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 621 | *** SEND SUCCESSFUL *** |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**  February 6, 2008          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Mario G. Diaz, Esq. Allred, Maroko & Goldberg | | (323) 653-1660 |
| Larry W. McFarland, Esq. Keats McFarland & Wilson LLP | | (310) 860-0363 |
| Michael H. Page, Esq. Keker & Van Nest, LLP | | (415) 397-7188 |
| Thomas J. Nolan, Esq. Skadden Arps, Slate, Meagher & Flom, LLP | | (213) 687-5600 |

**FROM:**  James J. Webster
jameswebster@quinnemanuel.com

**RE:**  Mattel adv. MGA/Bryant, et al.

**MESSAGE:**

CLIENT #: 07209   ROUTE/RETURN TO: Frediel Libatique   ☒ CONFIRM FAX   ☒ INCLUDE CONF. REPORT
OPERATOR:   CONFIRMED?  ☐ NO  ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 11
PAGE 194

Confirmation Report — Memory Send

Page      : 001
Date & Time: 02-06-2008   19:20
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 616 |
| Date | : | 02-06  19:19 |
| To | : | ☎1*13236531660 |
| Number of pages | : | 003 |
| Start time | : | 02-06  19:19 |
| End time | : | 02-06  19:20 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 616                  *** SEND SUCCESSFUL ***

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

LOS ANGELES OFFICE
FACSIMILE TRANSMISSION

DATE:    February 6, 2008                NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq.<br>Allred, Maroko & Goldberg | | (323) 653-1660 |
| Larry W. McFarland, Esq.<br>Keats McFarland & Wilson LLP | | (310) 860-0363 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | | (415) 397-7188 |
| Thomas J. Nolan, Esq.<br>Skadden Arps, Slate, Meagher & Flom, LLP | | (213) 687-5600 |

FROM:    James J. Webster
         jameswebster@quinnemanuel.com

RE:      Mattel adv. MGA/Bryant, et al.

MESSAGE:

| | | |
|---|---|---|
| CLIENT # .07209 | ROUTE/<br>RETURN TO: Fradiel Liherique | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  11

PAGE  195

## Confirmation Report — Memory Send

```
                                        Page      : 001
                                        Date & Time: 02-06-2008   19:28
                                        Line 1    : 2134433100
                                        Line 2    :
                                        Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 622 |
| Date | : | 02-06  19:27 |
| To | : | ☎0009840720946875600 |
| Number of pages | : | 003 |
| Start time | : | 02-06  19:27 |
| End time | : | 02-06  19:28 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 622         **\*\*\* SEND SUCCESSFUL \*\*\***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 6, 2008          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria O. Diaz, Esq.<br>Allred, Maroko & Goldberg | | (323) 653-1660 |
| Larry W. McFarland, Esq.<br>Keats McFarland & Wilson LLP | | (310) 860-0363 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | | (415) 397-7188 |
| Thomas J. Nolan, Esq.<br>Skadden Arps, Slate, Meagher & Flom, LLP | | (213) 687-5600 |

**FROM:**   James J. Webster
            jameswebster@quinnemanuel.com

**RE:**   Mattel adv. MGA/Bryant, et al.

**MESSAGE:**

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Prudiel Libatique | ☑ CONFIRM FAX<br>☑ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ No   ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 11

PAGE 196

# Confirmation Report — Memory Send

Page     : 001
Date & Time: 02-06-2008   19:29
Line 1   : 2134433100
Line 2   :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 620 |
| Date | : | 02-06 19:25 |
| To | : | ☎00098#07209#13108600363 |
| Number of pages | : | 003 |
| Start time | : | 02-06 19:25 |
| End time | : | 02-06 19:29 |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 620 | *** SEND SUCCESSFUL *** |

---

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 6, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq.<br>Allred, Maroko & Goldberg | | (323) 653-1660 |
| Larry W. McFarland, Esq.<br>Keats McFarland & Wilson LLP | | (310) 860-0363 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | | (415) 397-7188 |
| Thomas J. Nolan, Esq.<br>Skadden Arps, Slate, Meagher & Flom, LLP | | (213) 687-5600 |

**FROM:**   James J. Webster
jameswebster@quinnemanuel.com

**RE:**   Mattel adv. MGA/Bryant, et al.

**MESSAGE:**

| CLIENT# : 07209 | ROUTE/<br>RETURN TO: : Frugiel Libajjque | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

This information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product.
The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or
the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution
or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by
telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _11_

PAGE _197_

**EXHIBIT 12**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2008

<u>VIA MESSENGER</u>

Ramit Mizrahi, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

<u>Mattel v. Bryant</u>

Dear Counsel:

In response to your letter of February 4, 2008, we are providing you with a copy of the transcripts of interviews of Ms. Cabrera and Ms. Morales.

These materials are "Attorneys Eyes Only," and are provided subject to the terms of the Protective Order which you signed and returned to us this week.

Please contact us with any questions.

Very truly yours,

James J. Webster

JJW:csn
Enclosure

cc:   Michael T. Zeller, Esq.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-1414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2382321.1

EXHIBIT _____12_____

_198_

**EXHIBIT 13**

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

March 10, 2008

## *VIA FACSIMILE ONLY*

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

**Re:  Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales**

Dear Mr. Webster:

I am responding to your letter of Friday, March 7, 2008, as it contains several inaccuracies. First, Mattel did not receive the boxes "voluntarily" from Ms. Cabrera. It is our position that the burden is on Mattel to provide authority that they are entitled to enter an employee's home under the circumstances of this case and take property therein. We have not received any authority from you to date. I assume that you have such authority and once again request that you provide it.

Second, Ms. Cabrera has not at any time waived her possessory rights to any or all of the contents of the boxes. In fact, I have advised repeatedly including at the March 3, 2008 inspection meeting that Ms. Cabrera is not waiving her rights to the items in the boxes. Rather given the nature of the claims in this matter, we are concerned that the Parties may accuse our clients of evidence tampering and/or spoliation in the event we obtain physical custody of the boxes at this time. In fact, it is unclear at this point, whether the boxes have or have not been tampered with since they were taken from Ms. Cabrera's home. Putting those issues aside, please be advised once again that Ms. Cabrera reserves all rights to the contents of the boxes taken from her home by Mattel.

EXHIBIT _____13_____

PAGE _____199_____

Mar-10-08 11:27A                                                          P.03

James J. Webster, Esq.
March 10, 2008
Page 2


Third, if Ms. Cabrera is ordered to appear for deposition, I will meet and
confer with you on the parameters of the deposition pertaining to the use of any
of these items.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ


MGD:jp
cc:   Ana Cabrera
      Beatriz Morales
      Marcus M. Mumford, Esq.
      Christian Dowell, Esq.


EXHIBIT    13
PAGE       200

**EXHIBIT 14**

## TELECOPIER TRANSMITTAL

## ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**   Re: Mattel/Bryant
Letter dated March 19, 2008

**FROM:**   Maria G. Díaz, Esq.

**DATE:**   March 19, 2008

**TIME:**   10:55 a.m.

No. of pages including cover sheet: 3

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

EXHIBIT ___14___

PAGE ___201___

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

March 19, 2008

## *VIA FACSIMILE ONLY*

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

**Re:    Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales**

Dear Mr. Webster:

I am in receipt of you letter in which you unilaterally decided to produce my clients personal private information containing social security numbers. You did so after I specifically advised you that I considered such information to be protected by her right of privacy and was not amenable to allowing production without redactions. Moreover, this is information that was taken from her without her consent by Mattel and information that you are not entitled to without going through the appropriate discovery procedure. Please be advised that we strenuously object to such violation of Ms. Cabrera's right to privacy and demand that you return these documents to me immediately and that you refrain from production of this information. Please do so by close of business on Friday, March 21, 2008.

I also am concerned that you decided to produce these documents without allowing me with an opportunity to meet and confer with you; you did this during a time that you knew that I was unavailable to respond to your letter. I had specifically advised you in writing that I would be out of the office until Tuesday, March 18, 2008.

I fail to understand how you can consider social security numbers of third parties to be directly relevant and/or essential to your clients claims. This is

EXHIBIT _____14_____

202

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
March 19, 2008
Page 2


nothing short of a continuing pattern of harassment involving my clients. Please provide your legal authority for your position. If I do not receive such authority in short order, I will have no choice but to seek intervention from the court to protect my clients from such continued harassment by Mattel.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ


MGD:jp
cc:     Ana Cabrera
        Beatriz Morales
        Marcus M. Mumford, Esq.
        Christian Dowell, Esq.


EXHIBIT ___14___
PAGE     _203_

**EXHIBIT 15**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   February 19, 2008          **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq.<br>Allred, Maroko & Goldbery | 323-653-6530 | 323-653-1660 |
| Alexander H. Cote, Esq.<br>Overland Borenstein Scheper & Kim LLP | 213-613-4655 | 213-613-4656 |
| Thomas J. Noland<br>Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Michael H. Page<br>Keker & Van Nest | 415-391-5400 | 415-397-7188 |

**FROM:**   James J. Webster

**RE:**   Bryant v. Mattel, et al.,
          Case No. CV-0409094 SGL

FAXED
FEB 1 9 2008

**MESSAGE:**

00046/2369498.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Jackie J. Tabor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED? | ☐ NO  ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 15
PAGE 204

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 19, 2008

**Via Facsimile**

Maria Diaz, Esq.
Allred Maroko & Goldberg
6300 Wilshire Boulevard - Suite 1500
Los Angeles, CA 90048

Thomas J. Nolan, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071

Michael H. Page, Esq.
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111-1704

Alexander H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, CA 90071

**Mattel v. Bryant, - Ana Cabrera, Beatriz Morales**

Dear Counsel:

I am following up on our recent correspondence in which counsel for Ms. Cabrera, and for Ms. Marlow, indicated they would attend an inspection of boxes of documents held at our office. We have not received proposed dates from you. Please coordinate among yourselves and propose some alternative times next week for this inspection.

I look forward to your response

Very truly yours,

James J. Webster
00046/2391580.1
JJW/jjt

EXHIBIT _15_

PAGE _205_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-3336

00046/2391580.1

Job number    : 758                      *** SEND SUCCESSFUL **

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 19, 2008          **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq.<br>Alfred, Maroko & Goldbery | 323-653-6530 | 323-653-1660 |
| Alexander H. Cote, Esq.<br>Overland Borenstein Scheper & Kim LLP | 213-613-4655 | 213-613-4656 |
| Thomas J. Noland<br>Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Michael H. Page<br>Keker & Van Nest | 415-391-5400 | 415-397-7188 |

**FROM:**    James J. Webster

**RE:**    Bryant v. Mattel, et al.,
          Case No. CV-0409094 SGL

**MESSAGE:**

---

| 00046/2362428.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Jackie J. Tabor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? | ☐ No   ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _15_

PAGE _206_

## Group Send Report

```
Page       : 001
Date & Time: 02-19-2008    11:19
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL
```

Job number          :   759

Date                :   02-19  11:16

Number of pages     :   002

Start time          :   02-19  11:16

End time            :   02-19  11:19

Successful nbrs.

  Fax numbers

        ☎1*13236531660
        ☎1*12136134656
        ☎1*12136875600
        ☎1*14153977188

Unsuccessful nbrs.                                                    Pages sent

EXHIBIT  15

PAGE  207

**EXHIBIT 16**

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____CENTRAL____ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)

TO: Ana Isabel Cabrera
    4824 W 123rd Street
    Hawthorne, CA 90250

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION Doubletree Hotel 1985 E Grand Ave, El Segundo, CA 90245 | DATE AND TIME January 24, 2008 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____/6_____

_208_

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| ~~SERVED~~ | 1/16/2008 | 4824 West 123rd Street Hawthorne, CA 90250 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANA ISABEL CABRERA (Witness Fee Paid $50.00) | Personal (Served 1-16-08 at 7:10 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/17/2008 | *John Erickson* |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___16___

209

**EXHIBIT 17**

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

v.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number:[1] CV 04-9049 SGL (RNBx)

TO: Beatriz T. Morales
4835 W 112th Street
Inglewood, CA 90304

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Doubletree Hotel 1985 E Grand Ave, El Segundo, CA 90245 | January 25, 2008 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____17_____

AO-88

210

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/16/2008 | 4835 West 112th Street<br>Inglewood, CA 90304 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ T. MORALES<br>(Witness Fee Paid $50.00) | Personal<br>(Served 1-16-08 at 7:00 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/17/2008 | *John Erickson* |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT     17

2/1

**EXHIBIT 18**

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

_____CENTRAL_____ DISTRICT OF _CALIFORNIA_____

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number:¹ CV 04-9049 SGL (RNBx)

TO: Maria Elena Salazar
11064 Amigo Ave.
Porter Ranch, CA 91326

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____ 18
212

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/22/2008 | Bally Total Fitness 9143 DeSoto Ave. Chatsworth, CA 91311 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Maria Elena Salazar | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Terrance Cummings | Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/23/2008___
DATE

Terrance Cummings
SIGNATURE OF SERVER
445 So. Figueroa St., Suite 3215
Los Angeles, CA 90071
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _18_
213

**EXHIBIT 19**

# ALLRED, MAROKO & GOLDBERG
### 6300 WILSHIRE BLVD., SUITE 1500
### LOS ANGELES, CALIFORNIA 90048-5217
### Phone (323) 653-6530

## TELECOPIER TRANSMITTAL

**PLEASE DELIVER TO:**

      **NAME:**   James Webster, Esq.

      **COMPANY:** Quinn Emanuel Urquhart Oliver & Hedges

      **TELECOPY PHONE NUMBER:** 213/443-3100
                      Phone: 213/443-3000

**DESCRIPTION:**   Re: *Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales*

**MESSAGE FROM:**   María G. Díaz, Esq.

      **DATE:** January 23, 2008          **TIME:** 3¹⁰

      **TELECOPY PHONE NUMBER:**  (323) 653-4712

      **NUMBER OF PAGES including this cover sheet:** _2_

         ____  Original will not follow
         _X_  Original will follow by:
         ____  Hard copy will follow by:

  _X_ Regular Mail       ___ Overnight Courier       ___ Hand Delivery

*THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

**COMMENTS:**

Please call Jocelyn at (323) 653-6530 if you do not receive all pages or if message is not legible.

EXHIBIT ___19___

PAGE ___214___

*Law Offices*

# ALLRED, MAROKO & GOLDBERG

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

E-MAIL:
mdiaz@amglaw.com

January 23, 2008
*VIA U.S. MAIL & FACSIMILE*

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

**RE: Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales**

Dear Mr. Webster:

Please be advised that we been retained by Ana Cabrera and Beatrice Morales in connection with the above entitled matter. We have just learned that both our Clients were served with deposition subpoenas on January 16, 2008 for appearance on January 24, 2008 and January 25, 2008, respectively.

Given that our Clients have just retained Counsel, they are not prepared to go forward with their depositions as currently scheduled.

Accordingly, please contact me to discuss other mutually agreeable dates for their depositions.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

## DICTATED BUT NOT READ

MARÍA G. DÍAZ

MGD:jg

cc: Ana Cabrera
    Beatrice Morales
    Thomas J. Nolan, Esq.
    Michael H. Page, Esq.
    Alexander H. Cote, Esq.

EXHIBIT ___19___

PAGE ___215___

The attached fax was received from 13236531660 on 1/23/2008 at 3:11:30 PM

JobID: 080498

EXHIBIT ___19___

PAGE ___216___

**EXHIBIT 20**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 24, 2008          **NUMBER OF PAGES, INCLUDING COVER:** *11*

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz<br>**Allred, Maroko & Goldberg** | (323) 653-6530 | (323) 653-1660 |
| Thomas J. Nolan<br>**Skadden, Arps, Slate, Meagher & Flom, LLP** | (213) 687-5000 | (213) 687-5600 |
| Michael H. Page<br>**Keker & Van Nest** | (415) 391-5400 | (415) 397-7188 |
| Mark E. Overland<br>**Overland Borenstein Scheper & Kim, LLP** | (213) 613-4655 | (213) 613-4656 |

**FROM:**   James Webster

**RE:**   Bryant v. Mattel, Case No. CV 04-9049 SGL



**MESSAGE:** PLEASE SEE ATTACHED.

07209/2364862.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | **Yalonda Dekle - 3rd Fl.** | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Priscilla* | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT *20*

PAGE *217*

Job number   : 436          *** SEND SUCCESSF   ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 24, 2008

**NUMBER OF PAGES, INCLUDING COVER:** *11*

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz<br>Allred, Maroko & Goldberg | (323) 653-6530 | (323) 653-1660 |
| Thomas J. Nolan<br>Skadden, Arps, Slate, Meagher & Flom, LLP | (213) 687-5000 | (213) 687-5600 |
| Michael H. Page<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |
| Mark E. Overland<br>Overland Borenstein Scheper & Kim, LLP | (213) 613-4655 | (213) 613-4656 |

**FROM:**   James Webster

**RE:**   Bryant v. Mattel, Case No. CV 04-9049 SGL

**MESSAGE: PLEASE SEE ATTACHED.**

07209/2354502.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Yolanda Dekle - 3rd Fl. | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | Priscilla | | CONFIRMED? | ☐ NO   ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT *20*

PAGE *218*

Group Send Report

```
Page        : 001
Date & Time: 01-24-2008   09:56
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 436 |
| Date | : | 01-24  09:49 |
| Number of pages | : | 011 |
| Start time | : | 01-24  09:49 |
| End time | : | 01-24  09:56 |

Successful nbrs.

   Fax numbers

```
☎1*13236531660
☎1*12136875600
☎1*14153977188
☎1*12136134656
```

Unsuccessful nbrs.                                                        Pages sent

EXHIBIT 20

PAGE 219

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 24, 2008

<u>VIA FACSIMILE</u>

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

<u>Mattel, Inc. v. Bryant</u>, Case No. CV 04-9059 SGL (RNBx)

Dear Counsel:

I write to request a meeting of counsel pursuant to <u>Local Rule</u> 37-1 and paragraph 5 of the Discovery Master's Order in this case. For your convenience, I am attaching a copy of that Order.

I received your letter faxed to me yesterday -- and copied to counsel for MGA and Bryant -- unilaterally canceling the deposition of your clients Ana Cabrera and Beatriz Morales. As you know, these depositions were to take place today, January 24, 2008, and Friday, January 25, 2008, pursuant to duly served subpoenas.

Please let me know when you are available to meet and confer. Unless the deposition dates are immediately rescheduled, please be advised that Mattel will move to compel the depositions.

07209/2365238.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 20

PAGE 220

Finally, based on your letter of January 22, 2007, Mattel assumes that your firm will accept service of future subpoenas on behalf of your clients. Please let us know immediately if this is incorrect.

Very truly yours,

*James Webster (CSN)*

James J. Webster

JJW:csn
07209/2365238.1

Encls.

cc:    Thomas J. Nolan, Esq.
       Mark E. Overland, Esq.
       Michael H. Page, Esq.

EXHIBIT _20_

PAGE _221_

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
7
    Attorneys for Mattel, Inc.
8
    [Additional counsel listed on following page]
9

10                  UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,     )  Case No. CV 04-09049 SGL (RNBx)
                                       )
13               Plaintiff,            )  Consolidated with
                                       )  Case No. CV 04-09059
14        v.                           )  Case No. CV 05-02727
                                       )
15  MATTEL, INC., a Delaware           )  STIPULATION FOR APPOINTMENT
    corporation,                       )  OF A DISCOVERY MASTER; AND
16                                     )
                 Defendant.            )  [PROPOSED] ORDER
17                                     )
                                       )  Discovery Cutoff Date: Not Set
18                                     )  Trial Date: Not Set
19
20
21
22
23
24
25
26                                        EXHIBIT 20
27
28                                        PAGE 222

                                          Case No. CV 04-09049 SGL (RNBx)
                                 STIPULATION FOR APPOINTMENT OF A DISCOVERY

1 | LITTLER MENDELSON
   Robert F. Millman (Bar No. 062152)
2 | Douglas A. Wickham (Bar No. 127268)
   Keith A. Jacoby (Bar No. 150233)
3 | 2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4 | Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
5
6 | Attorneys for Carter Bryant

7 | O'MELVENY & MYERS LLP
   Diana M. Torres (Bar No. 162284)
8 | 400 S. Hope Street
   Los Angeles, California 90017
   Telephone: (213) 430-6000
9 | Facsimile: (213) 430-6407

10 | O'MELVENY & MYERS LLP
    Dale Cendali
11 | Times Square Tower
    7 Times Square
12 | New York, NY 10036

13 | CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
    Patricia Glaser (Bar No. 55668)
14 | 10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15 | Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
16
17 | Attorneys for MGA Entertainment, Inc.

18
19
20
21
22
23
24
25
26
27
28

EXHIBIT _26_

PAGE _223_

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    WHEREAS, the parties are in agreement that a discovery master should be
2    appointed in this matter to resolve any discovery disputes and to minimize the
3    burden on the Court; and
4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5    (Ret.), and he has agreed to serve as a discovery master in this matter;
6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7    trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8    Inc., by and through their respective counsel of record, hereby stipulate and agree as
9    follows:
10       1.    The Discovery Master shall be appointed to assure and provide cost-
11   effective discovery and to minimize the burden of discovery disputes upon the
12   Court.  Any and all discovery motions and other discovery disputes in the above
13   captioned action shall be decided by a master ("Discovery Master") pursuant to
14   Federal Rule of Civil Procedure 53.  Any motions currently pending before
15   Magistrate Judge Block shall be transferred to the Discovery Master.  The moving
16   party shall provide to the Discovery Master all papers associated with each pending
17   motion.
18       2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His
19   business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20   94111.
21       3.    Judge Infante shall serve as the Discovery Master until all issues herein
22   have been finally disposed of or determined, or until he shall withdraw in
23   accordance with applicable law.  If at any time he becomes unable to serve as the
24   Discovery Master, the parties shall confer to present an alternative agreed-upon
25   designee to the Court.  In the event that the parties cannot agree to an alternate
26   designee, then the Court shall appoint a Discovery Master.
27       4.    The Discovery Master shall have the authority to set the date, time, and
28   place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT 20

PAGE 224

-3-

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1 preside over hearings (whether telephonic or in-person); to take evidence in
2 connection with discovery disputes; to issue orders resolving discovery motions
3 submitted to the Discovery Master; to conduct telephonic conferences to resolve
4 discovery disputes arising during depositions; to issue orders awarding non-
5 contempt sanctions, including, without limitation, the award of attorney's fees, as
6 provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7 recommendations, as appropriate.

8      5.    All discovery disputes shall be resolved by motion (except those arising
9 during a deposition which the Discovery Master determines can be resolved by
10 telephonic conference during the deposition).  The moving party shall first identify
11 each dispute, state the relief sought, and identify the authority supporting the
12 requested relief in a meet and confer letter that shall be served on all parties by
13 facsimile or electronic mail.  The parties shall have five court days from the date of
14 service of that letter to conduct an in-person conference to attempt to resolve the
15 dispute.  If the dispute has not been resolved within five court days after such
16 service, the moving party may seek relief from the Discovery Master by formal
17 motion or letter brief, at the moving party's option.  The opposing party shall have
18 five court days from the date of service of the motion or letter brief to submit a
19 formal opposition or response.  Any reply brief or letter brief shall be served within
20 three court days from the date of service of a formal opposition or response.  The
21 hearing on the motion shall take place within five court days of the service of any
22 reply brief or letter unless (a) the parties agree to another hearing date or agree that
23 no hearing is necessary; (b) the Discovery Master determines that no hearing is
24 necessary; or (c) the Discovery Master is not available, in which case the hearing
25 shall take place on the Discovery Master's first available date.  The foregoing shall
26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28 dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT  20

PAGE  225

- 4 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3      6.     The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court.  The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8      7.     A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10     8.     The cost of any proceeding before the Discovery Master, including the

11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12  other proceedings before the Discovery Master, and the fees of any other person

13  necessary to the efficient administration of the proceeding before the Discovery

14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16  the Discovery Master Orders otherwise.  By agreeing to share costs among the

17  parties, no party waives its right to seek recovery or reimbursement for such costs

18  from any other party.

19     9.     The Discovery Master shall be compensated according to his regular

20  hourly rate of $750.

21     10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22  Master shall proceed with all reasonable diligence.

23     11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25  aware that he has a relationship to the parties, to counsel, to the action, or to the

26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27  based thereon the parties expressly waive any ground for disqualification disclosed

28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

12.    The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13.    The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master.  These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.    The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.    All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006                         O'MELVENY & MYERS LLP

                                                 By: _____
                                                     Diana Torres
                                                     Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006                         LITTLER MENDELSON

                                                 By: _____
                                                     Douglas A. Wickham
                                                     Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT 20

PAGE 227

1   Dated: ~~November~~ December 4, 2006          QUINN EMANUEL URQUHART
2                                                 OLIVER & HEDGES, LLP

3                                                 By: _Jon D. Corey_____
4                                                 Jon D. Corey
                                                  Attorneys for Mattel, Inc.
5

6                              **ORDER**

7       The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED *as modified.*

9

10  Dated:  *12-6-06.*              _S.G.Larson_____
11                                  Hon. Stephen G. Larson
                                    United States District Court Judge
12

13

14                  **CONSENT OF DISCOVERY MASTER**

15      If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated:  _12-5-06____          _Edward A. Infante_____
19                                Hon. Edward A. Infante (Ret.)

20

21

22

23

24

25

26

27

28

EXHIBIT  _20_         -7-

PAGE  _228_

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

**Keith A. Jacoby, Esq.**
**Douglas Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

**Diana M. Torres, Esq.**
**O'Melveney & Meyers**
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
**Fax: 213-430-6407**

[ ]  By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

**[X]  BY MAIL**

[ ]  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]  **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

Signature

EXHIBIT __20__

PAGE __229__

**EXHIBIT 21**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2578
DIRECT FAX
917-777-2578
EMAIL ADDRESS
PHECKLES@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 24, 2008

**VIA FACSIMILE & EMAIL**
Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Bryant v. Mattel, Inc.

Dear Mr. Corey:

I write regarding depositions.  In light of our motion to quash the depositions subpoenas directed to Mel Woods, Daphne Gronich, Joe Tiongco, Ana Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and NPD Group, Inc, and our related request for a stay of the depositions, we regard all of these depositions as "off" for the time being.  Obviously, if Discovery Master Infante denies our request for a stay we can revisit this issue.

Please inform any of these witnesses whom you have subpoenaed that there is a pending motion relating to their deposition and that their appearance for the time being will not be necessary.

Very truly yours,

Paul M. Eckles

cc:     Michael Page, Esq.

EXHIBIT 21

PAGE 230

**EXHIBIT 22**

## Tiffany Garcia

| | |
|---|---|
| **From:** | James Webster |
| **Sent:** | Friday, January 25, 2008 4:52 PM |
| **To:** | 'pmeckles@skadden.com' |
| **Cc:** | Michael T Zeller; Jon Corey |
| **Subject:** | Paul - I am following up on the voicemail I just left for you |

I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we regard all these depositions as "off" for the time being." This includes Maria Salazar's deposition, which as you know is scheduled for this coming Monday. It is now Friday evening. We have had no communication from Salazar or any attorney that may be representing her to the effect that she will not be appearing. If you have any knowledge as to whether she is represented by counsel, and/or whether she is intending to appear for the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition which has been properly noticed and for which the deponent has been served. Mattel must reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.


James Webster
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: jameswebster@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 22

PAGE 231

Page 1 of 1

**Tiffany Garcia**

| | |
|---|---|
| **From:** | James Webster |
| **Sent:** | Friday, January 25, 2008 4:52 PM |
| **To:** | 'pmeckles@skadden.com' |
| **Cc:** | Michael T Zeller; Jon Corey |
| **Subject:** | Paul - I am following up on the voicemail I just left for you |

I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we regard all these depositions as "off" for the time being." This includes Maria Salazar's deposition, which as you know is scheduled for this coming Monday. It is now Friday evening. We have had no communication from Salazar or any attorney that may be representing her to the effect that she will not be appearing. If you have any knowledge as to whether she is represented by counsel, and/or whether she is intending to appear for the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition which has been properly noticed and for which the deponent has been served. Mattel must reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.


James Webster
**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: jameswebster@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT _22_

PAGE _231_

**EXHIBIT 23**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
   | johnquinn@quinnemanuel.com
3 | Michael T. Zeller (Bar No. 196417)
   | (michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
   | (joncorey@quinnemanuel.com)
5 | Timothy L. Alger (Bar No. 160303)
   | (timalger@quinnemanuel.com)
6 | 865 South Figueroa Street, 10th Floor
   | Los Angeles, California 90017-2543
7 | Telephone: (213) 443-3000
   | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

13 | CARTER BRYANT, an individual,

14 | Plaintiff,

15 | vs.

16 | MATTEL, INC., a Delaware corporation,

17 | Defendant.

18

19 | AND CONSOLIDATED ACTIONS

---

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL THE APPEARANCE FOR DEPOSITION OF ANA CABRERA, BEATRIZ MORALES, AND MARIA SALAZAR; AND

MEMORANDUM OF POINTS AND AUTHORITIES

Date: TBA
Time: TBA
Place: TBA

**Phase 1**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: April 21, 2008
Trial Date: May 27, 2008

EXHIBIT ___23___

PAGE ___232___

7209/2368722.1

MATTEL'S EX PARTE APPLICATION TO COMPEL CABRERA, MORALES, AND SALAZAR

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply *ex parte*, pursuant to Local Rule 7-19 and Fed. R. Civ. P. 30, for an order to compel the depositions of Ana Cabrera, Beatriz Morales, and Maria Salazar.

This Motion is made on the grounds that Ms. Cabrera, Ms. Morales, and Ms. Salazar have failed to appear for depositions thus depriving Mattel of testimony that is discoverable and relevant to its claims. This Application is further made on the grounds that this failure to appear has prejudiced Mattel in that the parties are engaged in a rigorous deposition schedule, and their failure to appear has affected Mattel's ability to question others based on the information that would have been disclosed at these depositions. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted upon a showing of prejudice).

Pursuant to Local Rule 7-19, on January 28, 2008, Mattel's counsel gave notice of this Application and the relief being sought to counsel for all other parties and the witnesses, including counsel for Gustavo Machado, Alexander Cote of Overland Borenstein Sheper & Kim, LLP (telephone: 213-613-4660; address: 300 S. Grand Avenue, Los Angeles, CA 90071), counsel for MGA Entertainment, Inc., MGAE de Mexico, S.A. de C.R.L., MGA Entertainment (HK) Limited, Isaac Larian (collectively "MGA"), and Maria Salazar, Paul Eckles of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 212-735-2578; address: 4 Times Square, New York, NY 10036), counsel for Carter Bryant ("Bryant"), Michael H. Page (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111-1704), and counsel for Ana Cabrera and Beatriz Morales, Maria Diaz of Allred, Maroko & Goldberg (telephone: 323-653-6530; address: 6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048). Mattel did not receive a response from any counsel.

EXHIBIT $\underline{23}$

PAGE $\underline{233}$

1          This Motion is based on this Notice of Motion and Motion, the

2   accompanying Memorandum of Points and Authorities, the Declaration of Cyrus

3   Naim (and its exhibits) filed concurrently herewith, the records and files of this

4   Court, and all other matters of which the Court may take judicial notice.

5               **<u>Statement of Rule 37-1 Compliance</u>**

6          The parties met and conferred regarding these depositions on January

7   24, 2008 and times thereafter.

8

9   DATED:  January 28, 2007       QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP

10

11                                  By <u>/s/ James J. Webster</u>

12                                    James J. Webster

13                                    Attorneys for Plaintiff
                                 Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27                           EXHIBIT ___*23*___

28                           PAGE ___*234*___

**EXHIBIT 24**

1

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    EASTERN DIVISION

4    - - -

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6    - - -

7    CARTER BRYANT, ET. AL.,            )
                                        )
8                    PLAINTIFFS,        )
                                        )
9         VS.                           )    NO. ED CV 04-09049
                                        )    (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,             )
                                        )
11                   DEFENDANTS.        )    EX-PARTE APPLICATIONS
     _____        )    RE:  DISCOVERY
12   AND CONSOLIDATED ACTIONS,          )
     _____        )

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          RIVERSIDE, CALIFORNIA

17          MONDAY, FEBRUARY 4, 2008

18          10:15 A.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25          951-274-0844
            CSR11457@SBCGLOBAL.NET

**CERTIFIED COPY**

EXHIBIT 24

PAGE 235

1  LAST HEARING?

2      WE SAID WE COULDN'T ACCEPT SERVICE BECAUSE WE HADN'T

3  SPOKEN TO THE INDIVIDUALS.  WE ENDED UP ACCEPTING EIGHT OUT OF

4  THE TEN.  THE TWO WE DIDN'T ACCEPT FOR, WE COULDN'T FIND.  SO

5  ANY SUGGESTION THAT WE DIDN'T COOPERATE, THAT'S -- WE'RE          11:1:

6  ACCUSED -- THE POT CALLING THE KETTLE BLACK SIMPLY ISN'T

7  ACCURATE HERE.

8          WOODS, CABRERA, MORALES, SALAZAR.

9      **THE COURT:**  YES.

10     **MR. QUINN:**  NOW WE HAVE TO GO BACK TO DECEMBER, WHEN     11:1:

11 THE COURT ORDERED VICTORIA MARLOW TO SIT FOR DEPOSITION.  AND

12 VICTORIA MARLOW'S COUNSEL WANTED IT TO BE IN JANUARY.  THERE'S

13 A DISCUSSION, 'WE NEED TO DO IT SOONER BECAUSE WE DON'T KNOW

14 WHAT WE'RE GOING TO FIND OUT IN VICTORIA MARLOW'S DEPOSITION.'

15     **THE COURT:**  AND I UNDERSTAND WHAT YOU FOUND OUT.        11:13

16     **MR. QUINN:**  IN THE MEANTIME, WE HAD ALREADY FILED,

17 HAD ON CALENDAR, THE MOTION FOR ADDITIONAL DISCOVERY, AND WHEN

18 I WAS BEFORE THE COURT ON JANUARY 7TH, I SAID, YOUR HONOR, WE

19 TOOK MARLOW'S DEPOSITION AFTER THIS MOTION WAS FILED, AND WE

20 LEARNED ABOUT WOODS, CABRERA, MORALES, AND SALAZAR; SO THAT'S   11:13

21 WHY THEY ARE NOT IDENTIFIED IN OUR PAPERS.

22     BUT I RELATED THAT TO THE COURT.  AND I SAID, 'THESE

23 ARE PEOPLE THAT, OBVIOUSLY, WE NEED TO DEPOSE.  THIS IS PRETTY

24 AMAZING THAT THERE ARE THREE OTHER MATTEL EMPLOYEES WHO HAVE

25 BEEN WORKING ON BRATZ.'              EXHIBIT _24_              11:13

                                       PAGE _236_

1          AT THE END OF THE DAY, THOUGH, YOUR HONOR, I THINK

2    THAT DOES COME DOWN TO A QUESTION OF COUNTING.  IF WE DIDN'T

3    HAVE THE NUMBER OF UNUSED DEPOSITIONS UNDER THE ORIGINAL

4    SCHEDULING ORDER, I WOULD BE ASKING THE COURT -- BECAUSE I

5    THINK THERE IS GOOD CAUSE -- TO TAKE THOSE DEPOSITIONS, BECAUSE     11:1

6    THEY ARE SO CENTRAL TO THE CASE.

7          **THE COURT:**  YOU WOULD HAVE ASKED THE COURT.

8          **MR. QUINN:**  I WOULD HAVE ASKED THE COURT.

9          **THE COURT:**  I DO WANT TO GIVE YOU AN OPPORTUNITY TO

10   RESPOND.  I HAVEN'T READ THE REPLY, AND MAYBE THE RESPONSE IS      11:1

11   IN THERE; BUT THERE HAVE BEEN SOME PRETTY SERIOUS ALLEGATIONS

12   MADE CONCERNING THE MANNER OF QUESTIONING THESE WITNESSES.  I'D

13   LIKE TO GIVE YOU A CHANCE TO RESPOND TO THAT.

14         **MR. QUINN:**  WELL, I WASN'T INVOLVED IN DOING THE

15   REPLY TO THAT.  THE COURT HAS THE REPLY FOR THE COURT.  WE HAVE    11:1

16   A VERY DIFFERENT PERSPECTIVE ON WHAT HAPPENED THERE.

17         **THE COURT:**  COULD SOMEONE SPEAK TO THAT FROM MATTEL

18   WHO'S PRESENT?

19         **MR. COREY:**  I ACTUALLY CAN'T.

20         **MR. QUINN:**  HE CAN'T.                                    11:1

21         BUT, YOUR HONOR, THESE ARE INDIVIDUAL -- SUPPOSE THEY

22   HAD NOT BEEN TERMINATED, YOUR HONOR.  SUPPOSE THEY HAD NOT BEEN

23   TERMINATED.  MGA WOULD BE TELLING US, 'YOU TOLERATE

24   MOONLIGHTING; NOT JUST ANY MOONLIGHTING; WE TOLERATED PEOPLE

25   WORKING ON BRATZ.'                    EXHIBIT _24_                  11:1

PAGE _237_

1          THINK ABOUT IT FOR A MOMENT.

2          THEY'RE SAYING IT WAS OKAY FOR CARTER BRYANT --

3          **THE COURT:**  I DON'T THINK ANYONE FAULTS THE

4    TERMINATION ITSELF; IT'S MORE THE MANNER IN WHICH IT ALL CAME

5    ABOUT.

6          **MR. QUINN:**  I CAN'T GET INTO THE -- I CAN'T DISCUSS

7    THE DETAILS OF THAT, YOUR HONOR.  I CAN'T RESPOND TO THOSE

8    SPECIFIC ALLEGATIONS, BECAUSE I'M JUST NOT FAMILIAR WITH THEM.

9          THERE IS A REPLY ON THAT ISSUE.

10          WE CAN, ON MONDAY, WHEN WE'RE GOING TO BE BACK, IF

11    THE COURT WISHES TO HEAR ABOUT THAT.

12          **THE COURT:**  YOU MIGHT WANT TO HAVE A RESPONSE

13    PREPARED.  I'LL TAKE A LOOK AT THE PAPERS ON THAT.

14          **MR. QUINN:**  ALL RIGHT.

15          **THE COURT:**  OTHERWISE, IT'S CLEAR WHERE I'M GOING

16    WITH THIS, TO YOU?

17          **MR. QUINN:**  NOT ENTIRELY.

18          **THE COURT:**  ALL RIGHT.  WHICH PART OF IT IS NOT

19    CLEAR?

20          **MR. QUINN:**  THE COUNTING ISSUE, YOUR HONOR.  I THINK

21    WE DO NEED SOME GUIDANCE ABOUT WHETHER -- IF WE TOOK A

22    DEPOSITION --

23          **THE COURT:**  THAT COUNTS AS ONE.

24          **MR. QUINN:**  IF WE TAKE A DEPOSITION THAT WE GOT LEAVE

25    TO TAKE THAT WAS ON THE LIST AS A RESULT OF THE JANUARY 7TH

11:1

11:1

11:1

11:1

EXHIBIT ___24___

PAGE _238_

1   ORDER, DOES THAT COUNT AGAINST THE ORIGINAL 24?

2           WE'VE BEEN TOLD THAT IF WE TAKE A DEPOSITION THAT WAS

3   ON THAT LIST, THAT COUNTS AGAINST THE ORIGINAL 24.

4           **THE COURT:**  THE COURT GRANTED YOU LEAVE TO TAKE

5   ADDITIONAL DEPOSITIONS.                                          11:1

6           **MR. QUINN:**  BUT I'M ASSUMING THAT MEANS THEY WERE IN

7   ADDITION TO THE 24.

8           **THE COURT:**  I TRUST JUDGE INFANTE WILL BE ABLE TO

9   TAKE THE COURT'S ORDER, GRANTING YOU LEAVE TO TAKE ADDITIONAL

10  DEPOSITIONS, AND THEN DETERMINE HOW MANY OTHER DEPOSITIONS YOU   11:1

11  HAVE TAKEN, ADD THEM UP, AND SEE IF YOU HAVE ANY ADDITIONAL

12  ONES, SO AS TO AFFORD YOU THE ABILITY TO HAVE NOTICED THE

13  DEPOSITIONS OF THESE FOUR INDIVIDUALS:  MS. CABRERA,

14  MS. MORALES, MS. SALAZAR, AND MR. WOOD.

15          **MR. QUINN:**  IS IT OUT OF LINE, YOUR HONOR, FOR ME TO   11:1

16  ASK WHETHER THE COURT IS SAYING THAT THOSE ARE ADDITIONAL TO

17  THE 24?  THAT'S A VERY BASIC ISSUE THAT WE'VE HAD DISAGREEMENT

18  ON.

19          **THE COURT:**  THE ORDER GAVE YOU LEAVE TO TAKE

20  ADDITIONAL DEPOSITIONS.                                          11:1

21          I DON'T KNOW WHAT ELSE IT WOULD BE OTHER THAN

22  ADDITIONAL TO THE 24.

23          **MR. QUINN:**  ALL RIGHT.

24          **THE COURT:**  DO YOU DISAGREE WITH THAT, MR. NOLAN?

25          I MEAN, I UNDERSTAND YOU DISAGREE WITH HOW THEY          11:1

EXHIBIT 24

FEBRUARY 4, 2008        PAGE 239        ED CV 04-9059-SGL

```
 1   AND MR. QUINN WERE ASKED TO FILE A RESPONSE OR A REPLY TO THE

 2   COURT WITH RESPECT TO THE CIRCUMSTANCES.

 3           THE COURT:   I THINK THEY INDICATED THAT THEY ALREADY

 4   HAVE FILED A REPLY AND THAT THERE'S INFORMATION CONCERNING THAT

 5   ON THIS.                                                        12:0

 6           MR. NOLAN:   I APOLOGIZE FOR NOT UNDERSTANDING.

 7           THE COURT:   AM I RIGHT, MR. QUINN?

 8           MR. QUINN:   THAT WAS MY UNDERSTANDING.

 9           THE COURT:   THEY JUST DIDN'T KNOW ANYTHING ABOUT THE

10   REPLY; THAT WAS SOMEBODY ELSE WHO WROTE THAT; SO THEY DON'T     12:0

11   WANT TO TALK TO ME ABOUT IT RIGHT NOW.

12           THANK YOU.   GOOD AFTERNOON.

13

14

15

16

17

18                       CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.
23

24   _____          2-13-08
     THERESA A. LANZA, CSR, RPR                 DATE
25   FEDERAL OFFICIAL COURT REPORTER
```

EXHIBIT _24_

PAGE _210_

FEBRUARY 4, 2008                              ED CV 04-9059-SGL

**EXHIBIT 25**

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

CERTIFIED COPY

CARTER BRYANT,                          )
                                        )
                Plaintiff,              )
                                        )
        vs.                             ) CV 04-09049-SGL(RNBx)
                                        )
MATTEL, INC.,                           )
                                        )
                Defendants.             )
_____    )


REPORTER'S TRANSCRIPT OF PROCEEDINGS
RIVERSIDE, CALIFORNIA


MONDAY, FEBRUARY 11, 2008
10:13 A.M.


PAMELA COTTEN, CSR, RDR, CERTIFICATE NO. 4497
PRO TEM COURT REPORTER
UNITED STATES DISTRICT COURT
411 WEST FOURTH STREET, SUITE 1-053
SANTA ANA, CALIFORNIA 92701
pcotten@earthlink.net

EXHIBIT 25

PAGE 241

1   abuse here de facto, not necessarily intentional, and,

2   therefore, my order says you shall produce no more than one

3   competent witness on any one topic," and then although denied

4   sanctions, if there was more of an exclamation point from

5   this as what he felt was abuse here, he ordered that these

6   depositions be done at their expense, that they pay all of

7   the fees for these depositions.

8       I respectfully submit that Judge Infante's finding

9   that there has already been abuse in this process changes the

10  dynamic of what we should be talking about here in that they

11  already had an opportunity to produce a competent 30(b)(6)

12  witness.  They failed to do so, and now the sanction is they

13  have been ordered to produce one, and, yes, your Honor, they

14  do have to produce a competent witness who has to inform

15  himself as to what is the company's knowledge.  They don't

16  have to go to AEO.  It is all about preventing sandbagging.

17  It is incredible, your Honor, that we are filing our expert

18  reports today, and we still do not have the 30(b)(6)

19  testimony that was ordered some time ago, met and conferred.

20  This just has been a delay tactic.

21      I respectfully ask you to submit -- or hold to Judge

22  Infante's ruling and lean to his discretion on this one.

23      THE COURT:  Thank you, Mr. Nolan.  Anything further,

24  Mr. Quinn?

25      MR. QUINN:  No, your Honor.      EXHIBIT 25

PAGE 242

1          THE COURT:  I'll issue an order this afternoon that

2     will resolve this.

3          MR. QUINN:  Thank you, your Honor.

4          MS. ANDERSON:  Thank you, your Honor.

5          MR. NOLAN:  Your Honor, one last bit because there

6     was a filing before your Honor, just very quickly.  I notice

7     that Mattel did file a reply.

8          THE COURT:  They -- this is with respect to the

9     other issue regarding those three -- or the two witnesses?

10         MR. NOLAN:  Seamstresses, right.

11         THE COURT:  The seamstresses.  I did read that.  I

12    understand there are two sides to that story.  I don't think

13    the Court needs to resolve that at this point.  If and when

14    that becomes relevant to some other issue, we will take that

15    up, but I've read your position, I've read Mattel's reply to

16    that.  I'm sure you may take exception to some of the things

17    that Mattel stated in that, but there's no need at this point

18    in time to spend time focusing on this issue right now. Let's

19    go forward.

20         MR. NOLAN:  Right, your Honor.  The only point that

21    we wanted to make, your Honor, is that at some point in time

22    we may ask for a hearing because I know you want to hold on

23    to this issue.  I think that was the term you used last time.

24         THE COURT:  Sure.

25         MR. NOLAN:  We do believe that it raises a very

EXHIBIT _25_

PAGE _243_

```
 1    serious issue under 1512 of Title 18 about intimidation of
 2    witnesses and that a hearing may be required on the matter.
 3    We will continue to let this thing develop a little bit, but
 4    we are going to reserve that issue and bring it back to you
 5    rather than Judge Infante at your request.
 6              THE COURT:  So observed, Counsel.  Thank you.
 7              MR. NOLAN:  Thank you very much.
 8              MR. QUINN:  Thank you.
 9              MS. ANDERSON:  Thank you.
10                   (End of proceeding 10:31 A.M.)
11                        --ooOoo--
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 25

PAGE 244

1

2

3

4                           REPORTER'S CERTIFICATE

5

6              I, Pamela Cotten, a Certified Shorthand Reporter, do

7    hereby certify that the foregoing proceeding was written by

8    me in Stenotype and transcribed into typewriting and that the

9    foregoing is a true and correct copy of my shorthand notes

10   thereof.

11

12                    _Pamela Cotten_____

13

14

15   Dated: __Feb 14, 2008_____

16

17

18

19

20

21

22

23

24                                              EXHIBIT _25_

25                                              PAGE _245_

**EXHIBIT 26**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12   CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13                Plaintiff,

14        v.                                Consolidated with
                                            Case No. CV 04-09059
15   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16                Defendant.                **ORDER RE MGA DEFENDANTS'**
                                            **MOTION TO QUASH DEPOSITION**
17                                          **SUBPOENAS**

18   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
20

21

22        On January 23, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

23   Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA parties") submitted a motion

24   to quash subpoenas issued by Mattel, Inc. ("Mattel") to several non-parties.  On February 7, 2008,

25   Mattel submitted an opposition.  On February 14, 2008, the MGA parties submitted a

26   supplemental and second amended motion to quash the subpoenas issued by Mattel to the

27   following non-parties:  (1) Lucy Arant, (2) Ana Isabel Cabrera, (3) Kami Gilmour, (4) Daphne

28   Bryant v. Mattel, Inc.,                                                                    1
     CV-04-09049 SGL (RNBx)

                    EXHIBIT ____26____
                             ___2/.6___

1   Gronich, (5) Sarah Halpern, (6) Rachel Harris, (7) Andreas Koch, (8) Cecilia Kwok, (9) Stephen

2   Lee, (10) Peter Marlow, (11) Beatriz Morales, (12) Moss Adams, (13) Amy Myers, (14) NPD

3   Group, Inc., (15) Maria Elena Salazar, (16) Joe Tiongco, (17) Mercedeh Ward, (18) Jeff Weiss,

4   (19) Carol Witschell, (20) Wachovia Corporation, (21) Mel Woods and (22) Eric Yip.  On

5   February 22, 2008, Mattel submitted an opposition to the MGA parties' supplemental and second

6   amended motion to quash, and on February 28, 2008, the MGA parties submitted a reply.  The

7   parties were directed to meet and confer further regarding the motion, which has been completed.

8   The motion was heard on March 10, 2008.

9          Having considered all of the papers submitted by the parties and the comments of counsel

10   at the hearing, it is ordered as follows:

11        1.     Based upon the parties' representations at the hearing, the motion is moot with

12   respect to the following individuals:  Lucy Arant, Sarah Halpern, Rachel Harris, Andreas Koch,

13   Peter Marlow, Jeff Weiss and Amy Myers.

14        2.     Mattel acknowledges that it did not subpoena the following individuals before the

15   January 28, 2008 discovery cut-off and that their depositions cannot be taken without seeking and

16   obtaining leave of court:  Cecilia Kwok, Stephen Lee, Mercedeh Ward, Carol Witschell and Eric

17   Yip.

18        3.     The parties agree that because the subpoenas served on Moss Adams and

19   Wachovia Corporation are the subject of a separate discovery motion, the court should defer

20   consideration of these two subpoenas until the separate motion is heard.

21        4.     The MGA parties' motion to quash is denied as to Ana Isabel Cabrera, Kami

22   Gilmour, Beatriz Morales and Maria Elena Salazar.  Mattel served subpoenas on these individuals

23   before the January 28, 2008 discovery cut-off.  Although Mattel failed to provide the standard

24   ten-day notice, the shortened notice was reasonable under the circumstances.

25        5.     The MGA parties' motion to quash is denied as to Daphne Gronich, MGA's in-

26   house counsel, and Joe Tiongco, an MGA "IT" employee.  These witnesses have potentially

27   relevant information regarding document retention, preservation and collection, and arguably

28   EXHIBIT __26__

1  other issues in the case.  However, in light of the substantial 30(b)(6) testimony Mattel has

2  already received on the subject of document retention, preservation and collection, and to reduce

3  the burden on the witnesses, each deposition is limited to 3 hours.  Mattel may question Daphne

4  Gronich and Joe Tiongco on any subject that is relevant within the meaning of Rule 26,

5  Fed.R.Civ.P.

6        6.     The MGA parties' motion to quash is denied as to NPD Group, Inc. and Mel

7  Woods based upon Mattel's representation that these witnesses have potentially relevant

8  information regarding damages for the Phase I trial.

9        7.     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

10 Discovery Master, the MGA parties shall file this Order with the Clerk of Court forthwith.

11

12 Dated: March //, 2008

13                       HON. EDWARD A. INFANTE (Ret.)

                           Discovery Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _____26_____

PAGE _____248_____

3

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 11, 2008, I served the attached ORDER RE MGA DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENAS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 11, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT _____ 26 _____

PAGE _____ 249 _____

**EXHIBIT 27**

## Yalonda Dekle

| | |
|---|---|
| **From:** | Mumford, Marcus R [Marcus.Mumford@skadden.com] |
| **Sent:** | Tuesday, March 25, 2008 5:32 PM |
| **To:** | James Webster; Matthew Werdegar |
| **Cc:** | Cyrus Naim |
| **Subject:** | RE: Bryant v. Mattel |

James,

I didn't see your letter yesterday.  When did you fax it to us?

As you know, and as I discussed with Cyrus yesterday, we are appealing the March 11, 2008 Infante Order today with Judge Larson, which addresses some of the issues that you raise.  I anticipate those papers will be on file shortly, and I will send them to you as soon as they are final.

As to your letter generally, you have not asserted any grounds to justify seeking expedited relief under Paragraph 5 of the Discovery Master stipulation.  I request that you comply with that stipulation.
As you know, the Discovery Master is presently backlogged with over 22 discovery motions.  Your letter does not make any showing as to why the matters you raised in your letter yesterday merit extraordinary relief.
Moreover, the parties have been in discussions for over two weeks concerning the priority of matters to be heard at the next hearing before the Discovery Master.  With this letter, it does not appear that you've been coordinating with those efforts on your end.  To the extent this is an end-around the parties' joint efforts to prioritize matters in front of the Discovery Master, MGA objects and reserves all rights.

Concerning the depositions of Cabrera, Morales and Salazar, we are moving to set aside the Discovery Master's March 11, 2008 denying our motion to quash.  Our appeal to Judge Larson moots the relief you now propose seeking from the Discovery Master.

Concerning your proposal to seek the relief of the Court to conduct "expert reconstruction" of materials inappropriately seized from Ms.
Cabrera's house, I reiterate what I said in our previous correspondence on this issue.  Mattel has insisted on an established protocol for expert testing in this litigation, and it must now abide it.  I did not see a substantive response to my previous requests in this regard, spelled out in my March 7 letter, which may obviate the motion practice you are apparently contemplating.  If you did respond substantively, please resend.

Finally, concerning the matter of Ms. Cabrera's time-sheets, your letter does not address the issues raised by Ms. Diaz or those raised in our motion for an evidentiary hearing for witness tampering.  I anticipate that many of those issues would be resolved in the evidentiary hearing we requested.  That motion will be heard April 14, and we anticipate your response next Monday.  To the extent you propose now seeking a ruling or an evidentiary hearing from the Discovery Master on the same issues, that seems at the same time inappropriate and duplicative.

Please let me know if I can be of any further assistance in this matter.
-Marcus

Marcus R. Mumford
Skadden, Arps, Slate, Meagher & Flom LLP 300 South Grand Avenue | Los Angeles | California | 90071-3144
T: 213.687.5514 | F: 213.621.5514
mmumford@skadden.com


-----Original Message-----
From: James Webster [mailto:jameswebster@quinnemanuel.com]
Sent: Tuesday, March 25, 2008 4:36 PM
To: 'Matthew Werdegar'
Cc: Mumford, Marcus R (LAC); Cyrus Naim

EXHIBIT ___27___

PAGE ___250___

1

Subject: RE: Bryant v. Mattel

We will send you the letter promptly - Thank you for bringing this to our attention.

-----Original Message-----
From: Matthew Werdegar [mailto:MWerdegar@kvn.com]
Sent: Tuesday, March 25, 2008 4:27 PM
To: James Webster
Cc: Mumford, Marcus R
Subject: Bryant v. Mattel


Dear James,

I am writing in response to your letter of March 24, 2008, regarding third-party witnesses Ana Cabrera, Beatriz Morales, and Maria Salazar.
Your letter opens with a reference to "the attached letter to Maria Diaz". However, no letter to Ms. Diaz was included with the facsimile we received last night. Please provide a copy of this letter immediately (as well as any related correspondence you have received from Ms. Diaz). Obviously, having not seen this letter, and not knowing the exact nature and scope of the relief Mattel intends to seek its ex part application (your letter is vague on this), we are not currently in a position to inform you whether or not we will oppose your application.


Regards,

Matthew M. Werdegar
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com


------------------------------------------------------------------------
***************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***************************************************
***************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
***************************************************

EXHIBIT  27

PAGE  251

2

**EXHIBIT 28**

## TELECOPIER TRANSMITTAL

## ALLRED, MAROKO & GOLDBERG

6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

### PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**   <u>Re: Mattel/Bryant</u>
Letter dated March 21, 2008

**FROM:**   María G. Díaz, Esq.

**DATE:**   March 21, 2008

**TIME:**   1:10 p.m.

No. of pages including cover sheet: <u>2</u>

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

EXHIBIT ___28___

PAGE ___252___

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
E-MAIL: amg@amglaw.com

March 21, 2008

### *VIA FACSIMILE ONLY*

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

> **Re:** **Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales**

Dear Mr. Webster:

I am available for the depositions of Ms. Cabrera and Ms. Morales on April 15, April 18, April 21, April 22, and/or April 23, 2008. Unfortunately, my schedule does not permit earlier dates. As you know, unlike Quinn Emanuel, our Firm does not have numerous attorneys available to work on any given matter. Further, my presence is required given our clients limited English proficiency and my bilingual skills. Once again, I will remind you to please ensure that there is a certified Spanish/English interpreter at these depositions.

With respect to the other issues raised in your letter of yesterday, I will provide you with a response after I have an opportunity to review your legal authorities. I expect to do so by Monday, March 24, 2008.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ

MGD:jp
cc:   Ana Cabrera
     Beatriz Morales
     Marcus M. Mumford, Esq.
     Christian Dowell, Esq.

EXHIBIT _28_

PAGE _253_

# EXHIBIT 29

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 30**



**Los Angeles**

# Daily Journal

SINCE 1888

www.dailyjournal.com

---

MONDAY,
MARCH 24, 2008
VOL. 121 NO.55 ·

Forward ASAP

$ 3.00

or. All Rights Reserved

---

## Barbie Lawyer Tries to Remove Bratz Counsel

### Firm's Expert Gave Secret Information, Motion Alleges

#### 'Scorched Earth'

**By Jason W. Armstrong**
Daily Journal Staff Writer

RIVERSIDE — Late last year, high profile Los Angeles litigator Thomas Nolan of Skadden Arps Slate Meagher & Flom took over representation of MGA Entertainment in a fiercely litigated, high-stakes federal court battle with Barbie maker Mattel Inc. over rights to MGA's wildly popular Bratz dolls.

Nolan went to bat for the toy maker after a messy spat between MGA and its former lawyers over who should be lead trial counsel in the case. Now, ratcheting up the drama as the litigation nears trial, Mattel's attorney, John Quinn, is asking a judge to toss Nolan and the entire Skadden firm off the case, alleging the firm "knowingly violated its ethical duties" by retaining as an expert a former Mattel manager and legal consultant who gave the firm confidential in-house information about its rivals' trade secrets and case strategies.

#### 'Privileged Communications'

The expert, Christina Tomiyama, is "expressly relying on privileged communications with Mattel's lawyers ... to provide her opinions," according to a motion that Quinn, name partner with Los Angeles's Quinn Emanuel Urquhart Oliver & Hedges, filed Tuesday.

Nolan denied-wrongdoing and labeled the motion "another example of Mattel's scorched earth litigation style."

The motion, scheduled for an April 14 hearing before Riverside-based U.S. District Judge Stephen Larson, also seeks to remove Tomiyama as a witness in the case.

#### Heavy Hitters

The litigation, in which Mattel claims one of its former freelance designers took its idea for the multi-million dollar Bratz concept and gave it to MGA to market, is scheduled to go to trial on May 26. MGA claims its own product was infringed, arguing Mattel created dolls that too closely resemble the Bratz line.

The case involves some of the heaviest legal hitters in the state. Nolan represents MGA and Quinn represents Mattel, and San Francisco-based litigator John Keker represents Carter Bryant, the former Mattel designer accused of giving

**See Page 4 — WITH**

---

# With Trial Near, Mattel Lawyer Asks Judge to Toss Skadden

**Continued from page 1**

MGA the Bratz idea.

Nolan's high-profile courtroom wins include successfully defending billionaire Alan Casden last year in a suit in which Casden's brother, Henry Casden, claimed Alan Casden owed him millions. Quinn's big victories include a $295 million verdict on behalf of two German nationals who sued media giant Bertelsmann AG, claiming they got no compensation for their help in starting up AOL Europe.

Keker's long string of litigation victories include winning a jury trial for biotech company Genentech in a $300 million patent dispute with competitor Chiron.

Michael Zeller, a Quinn Emanuel partner who is helping Quinn try Mattel's claims, said Friday that his firm became concerned about Tomiyama's interaction with Skadden when it subpoenaed her expert report and questioned her about it in a deposition.

"We found out enough of the story and decided we needed to go to court," Zeller said. "The firm, in our view, came into possession of protected information and that's our basis for disqualifying them."

Nolan said on Friday: "I am confident that at all times Skadden Arps and MGA acted appropriately," he said. "We look forward to having a full hearing on the matter."

He called the motion a "strategic play" by Quinn. "I find it curious that Mattel waited until a week after Skadden filed its motion for summary judgment before seeking to disqualify Skadden," he said. "I view this as another example of Mattel's scorched earth litigation style and another effort by them to derail our scheduled trial date."

Each party in the case has filed a motion for partial summary judgment. Larson is scheduled to hear those requests on April 23.

Nolan on Wednesday filed a motion seeking to block Quinn from asking Larson to hear the disqualification request a week earlier than planned. In the document, he denied that Tomiyama revealed any of Mattel's "privileged information."

"Mattel has yet to substantiate its allegations that Ms. Tomiyama received privileged or confidential information, or separately, that Ms. Tomiyama shared any privileged or confidential information with Skadden Arps," Nolan wrote.

He also wrote that lawyers in his firm, "out of an abundance of caution," destroyed "or sequestered" copies of Tomiyama's expert report and her deposition transcripts "upon learning of Mattel's concerns."

"Only those MGA attorneys involved in responding to Mattel's motion for disqualification have access to those materials," Nolan wrote.

According to Quinn's disqualification motion, Tomiyama started out at Mattel in 1991 as a doll face-painter and eventually managed the company's "Face Design Group" where she oversaw face painting for the Barbie and the "My Scene" dolls—a line that MGA contends too closely resembles Bratz.

Two years ago, Mattel laid off Tomiyama, but she entered into a one-year agreement with the toy maker to provide consulting services — including advising on litigation involving disputes over features of

the company's dolls, Quinn's motion says.

"While seeking her input, Mattel's counsel often disclosed to Tomiyama their opinions and work product," the motion says.

Also, the motion says, Tomiyama managed the Mattel's face design unit at a time when MGA alleges the My Scene dolls were starting to look more like Bratz.

During this time, as litigation between MGA and Mattel was heating up, the motion says, Tomiyama met with Mattel's attorneys to give her input about the complaint and heard lawyers' impressions of the suit.

O'Melveny & Myers, the law firm that initially represented MGA in the litigation, first contacted Tomiyama last year, according to the motion.

Skadden retained her as an expert after the firm took over the case last fall, according to the motion. She prepared an expert report for the firm in February, which Mattel subpoenaed along with other documents relating to her employment at Mattel.

Quinn also deposed her, asking about information she had given Skadden and MGA.

Private information Quinn alleges Tomiyama gave MGA includes documentation outlining her advisement of Mattel's lawyers on other intellectual property infringement litigation involving the My Scene dolls.

"Tomiyama acted at the direction of Mattel's lawyers to provide the company analysis supporting legal advice and to create work product on litigation matters directly bearing on this case," Quinn wrote in his motion. "MGA now seeks to use that protected work against Mattel by having Tomiyama offer expert opinions on it."

The motion claims that Skadden attorneys advised Tomiyama to breach her agreement with Mattel to keep their sensitive information private. "Failing to remedy its ethical breaches once they occurred warrants disqualification," the motion says.

According to the motion, lawyers with Keker's firm, who represent Bryant, "at least implicitly acknowledged Skadden's wrongdoing" when they told Mattel earlier this month that they had destroyed all copies they had obtained of Tomiyama's expert report and said "they had never spoken to her."

Keker and other lawyers in his office could not be reached for comment Friday.

Quinn's move to disqualify Nolan and Skadden is the latest dramatic twist in the litigation. Last fall, MGA's former counsel, O'Melveny & Myers, left the case over a dispute with the company over who should serve as lead counsel.

Lawyers close to the case said the firm wanted its big-name partner, Daniel Petrocelli, to sit as first chair in the case. But that job belonged to Patricia Glaser, name partner with Los Angeles's Christenson Glaser Fink Jacobs Weil & Shapiro.

Petrocelli has declined to comment on the issue.

Glaser also left the case, saying at the time that, although she wanted to remain, she departed because MGA said it wanted the case tried by a single firm.

MGA subsequently hired Nolan to try the case.

---

EXHIBIT **30**

PAGE **255**

**EXHIBIT 31**

1   THOMAS J. NOLAN (Bar No. 066992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, CA 90071-3144
3   Telephone: (213) 687-5000
    Facsimile: (213) 687-5600
4   E-mail: tnolan@skadden.com

5   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   4 Times Square
    New York, NY 10036
7   Telephone: (212) 735-3000
    Facsimile: (212) 735-2000
8   E-mail: kplevan@skadden.com

9   Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC.,
10  ISAAC LARIAN, MGA
    ENTERTAINMENT (HK) LIMITED,
11  and MGAE de MEXICO S.R.L. de C.V.

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15  CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                          )
16              Plaintiff,                )  Consolidated with Case No. 04-9059
                                          )  and Case No. 05-2727
17      v.                                )
                                          )  **(1) MGA DEFENDANTS' NOTICE
18  MATTEL, INC., a Delaware              )  OF MOTION AND MOTION
    corporation                           )  OBJECTING TO PORTIONS OF
19                                        )  DISCOVERY MASTER'S
                Defendant.                )  MARCH 11, 2008 ORDER RE
20                                        )  MOTION TO QUASH
                                          )  DEPOSITION SUBPOENAS AND
21                                        )  MEMORANDUM IN SUPPORT;**
                                          )
22                                        )  **(2) DECLARATION OF MARCUS
                                          )  MUMFORD (filed under separate
23  Consolidated with MATTEL, INC. v.     )  cover); and**
    BRYANT and MGA                        )
24  ENTERTAINMENT, INC. v.                )  **(3) [PROPOSED[ ORDER (lodged
    MATTEL, INC.                          )  under separate cover)**
25                                        )
                                          )  Date: April 28, 2008
26                                        )  Time: 10:00 a.m.
                                          )  Judge: Honorable Stephen G. Larson
27                                        )  Place: Courtroom 1
                                          )
28

EXHIBIT __3 1__

PAGE __256__

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on April 28, 2008, at 10:00 a.m., or as soon as

3   the matter may be heard, before the Honorable Stephen G. Larson of the United

4   States District Court for the Central District of California—Eastern Division, located

5   at 3470 Twelfth Street, Riverside, California 92501, MGA Entertainment, Inc., Isaac

6   Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.

7   (collectively, the "MGA Defendants") will and hereby do move in this matter,

8   pursuant to Federal Rule of Civil Procedure 72(a), for an order to:

9         (1)   Set aside the portions of the Discovery Master's March 11, 2008 Order

10  Re MGA Defendants' Motion to Quash Deposition Subpoenas (the "March 11, 2008

11  Order") denying said motion to quash as to Ana Isabel Cabrera, Beatriz Morales,

12  Maria Elena Salazar and Mel Woods; and

13        (2)   If the deposition subpoenas for Ms. Cabrera and Ms. Morales are not

14  quashed, to modify the March 11, 2008 Order to defer any deposition of said

15  witnesses until after the Court decides the MGA Defendants and Carter Bryant's

16  Motion for an Evidentiary Hearing Regarding Witness Tampering, currently

17  scheduled to be heard on April 14, 2008, and after the requested evidentiary hearing

18  has been held.

19        This motion is made on the ground that the Discovery Master clearly erred in

20  denying the MGA Defendants' motion to quash as to Ms. Cabrera, Ms. Morales, Ms.

21  Salazar and Mr. Woods in that he did not find that Mattel had a sufficient number of

22  depositions remaining in its original allocation of 24 depositions to be able to depose

23  these four witnesses. As to Ms. Cabrera and Ms. Morales, this motion is also made

24  on the ground that even if the Discovery Master did not clearly err in denying the

25  motion to quash, the Discovery Master clearly erred in not deferring Ms. Cabrera and

26  Ms. Morales' depositions until after the Court conducts an evidentiary hearing as to

27

28

EXHIBIT  31

PAGE  257

1  the impropriety and illegality of Mattel's pre-notice "investigation" of these two

2  former Mattel employees.

3      This motion is based on this Notice of Motion and Motion, the attached

4  Memorandum of Points and Authorities, the concurrently filed Declaration of

5  Marcus Mumford, the pleadings and records on file in this action, and any further

6  evidence and argument as may be presented to the Court on this motion or for which

7  judicial notice may be taken.

8                    **Statement of Rule 37-1 Compliance**

9      The parties met and conferred regarding the subject of this motion on March

10  24, 2008, but were unable to resolve the matter.

11

12  DATED:  March 25, 2008

13                              SKADDEN, ARPS, SLATE, MEAGHER &
14                              FLOM, LLP

15

16                        By:  /s/ Thomas J. Nolan
                               Thomas J. Nolan
17
                           Attorneys for Counter-Defendants, MGA
18                         ENTERTAINMENT, INC., ISAAC
                           LARIAN, MGA ENTERTAINMENT (HK)
19                         LIMITED, and MGAE de MEXICO S.R.L.
                           de C.V.
20

21

22

23

24

25

26                              EXHIBIT __31__

27                              PAGE __258__

28

# TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   SUMMARY OF FACTS ......................................................................... 2

      A.    The Court's Rulings Regarding Mattel's Depositions. ....................... 2

      B.    The Discovery Master's March 11, 2008 Order.................................. 4

III.  THE COURT SHOULD SET ASIDE OR MODIFY THE DISCOVERY MASTER'S MARCH 11, 2008 ORDER AS IT PERTAINS TO MS. CABRERA, MS. MORALES, MS. SALAZAR AND MR. WOODS. ................................................................................... 5

      A.    The Discovery Master Did Not Determine that Mattel Had Enough Depositions Remaining in Its Original Allocation to Depose the Non-Parties. ......................................................................... 5

      B.    To the Extent Not Quashed, the Depositions of Ms. Cabrera and Ms. Morales Should Be Deferred Until After the Court Holds an Evidentiary Hearing Regarding Mattel's Witness Tampering............. 9

IV.   CONCLUSION........................................................................................ 12

EXHIBIT _31_

PAGE _259_

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

18 U.S.C. § 1512 ......................................................................................... 11

Fed. R. Civ. P. 72(a) ..................................................................................... 5

EXHIBIT __31__

PAGE __260__

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

At the February 4, 2008 hearing, and in a subsequent minute order, the Court made two things clear regarding Mattel's efforts to depose Ana Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and Mel Woods. *First*, the Court held that Mattel could not depose these non-parties unless the Discovery Master found that, *as of the time they were subpoenaed*, Mattel had sufficient depositions left in its original allotment of 24. (Declaration of Marcus Mumford ("Mumford Decl."), Ex. 1 at 49:8-14 & 51:9-19 ("If that number comes up to be 20 or less, then they're in. If that number comes up to be 24 or more, then they're out.").)

*Second*, as to Ms. Cabrera and Ms. Morales—two former Mattel employees— the Court recognized that there had been "pretty serious allegations" raised concerning the conduct of Mattel executives in their "investigation" involving these women shortly before they were fired. (*Id.* at 47:9-13.) That "investigation" included a dishonest and misleading interrogation of Ms. Cabrera and Ms. Morales in an attempt to elicit favorable recorded statements from them, without a Spanish-language interpreter and despite their protestations of difficulty communicating in English, and a coerced search and seizure of property from Ms. Cabrera's home over her objections. (*Id.* at 36:1-19, 47:9-13 & 60:1-5.) Due to concerns about Mattel's seizure of materials from Ms. Cabrera's home, the Court held: "I will direct that the deposition does not [go] forward, assuming that it is going forward, depending on Judge Infante's ruling, until you have met and conferred and any motion has been heard by this Court concerning the items that were or were not taken from your client." (*Id.* at 61:24-62:3.)

Despite the Court's rulings, the Discovery Master's March 11, 2008 Order denied the MGA Defendants' motion to quash as to Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods without making any determination as to whether Mattel had

---

EXHIBIT _3 1_

PAGE _2 6 1_

1  enough depositions left in its original allocation.  (Mumford Decl., Ex. 2 at 2-3.)

2  This was clearly erroneous because the Court explicitly held that Mattel could not

3  depose these four witnesses unless the Discovery Master found that Mattel had

4  enough of its originally allocated depositions left when Mattel subpoenaed them.  No

5  such finding was made.

6       The March 11, 2008 Order also did not defer Ms. Cabrera and Ms. Morales'

7  depositions until after the Court had resolved issues concerning Mattel's pre-

8  termination investigation of these individuals.  (*Id.* at 2.)  This was also clearly

9  erroneous in view of the Court's finding that no deposition should proceed until at

10  least concerns raised regarding Mattel's seizure of property had been resolved.

11  Because this issue and all of the other issues regarding Mattel's unethical and

12  potentially illegal actions had not been resolved as of the March 11, 2008 Order, the

13  depositions should have been deferred.  In fact, the MGA Defendants and Bryant

14  have moved for an evidentiary hearing to address precisely these issues.  Under the

15  circumstances, deferring the depositions (assuming they are allowed to go forward)

16  until after the evidentiary hearing is necessary to ensure that Mattel does not use any

17  ill-gotten statements or materials to examine Ms. Cabrera and Ms. Morales.

18       Accordingly, the MGA Defendants respectfully request that the Court grant

19  this motion objecting to portions of the Discovery Master's March 11, 2008 Order.

20  **II.  SUMMARY OF FACTS**

21       **A.  The Court's Rulings Regarding Mattel's Depositions.**

22       In its February 12, 2007 Scheduling Order, the Court limited each side to 24

23  depositions.  By mid-November 2007, according to the most generous count, Mattel

24  had taken 18 depositions and had issued subpoenas for at least two other depositions.

25  On November 19, 2007, Mattel moved for leave to depose several additional

26  individuals and entities.  The hearing on Mattel's motion was set for January 7, 2008.

27  The day after filing its motion for additional depositions, Mattel issued deposition

28

EXHIBIT _31_

PAGE _262_

1  subpoenas to Margaret Leahy, Elise Cloonan, Jeanne Galvano and Veronica Marlow.
2  Mattel took these four depositions in December 2007.  Taking into account those that
3  had been noticed, Mattel conceded that it had exhausted its original 24 deposition
4  allotment in early December 2007 when it sought MGA' consent to take three more
5  depositions which would be "over the 24 agreed between the parties." (Mumford
6  Decl., Ex. 8 at 1.)

7          On January 7, 2008, the Court granted in part Mattel's motion for leave.
8  Shortly thereafter, Mattel issued deposition subpoenas to four new individuals:  Ana
9  Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and Mel Woods.  None of
10 these individuals had been identified in Mattel's motion for leave.  Accordingly, at a
11 February 4, 2008 hearing and in a minute order following that hearing, the Court
12 held that Mattel could depose these witnesses only if the Discovery Master found
13 that Mattel had at least four of its originally-allocated 24 depositions remaining as of
14 the time Mattel subpoenaed these non-parties for deposition.  (Mumford Decl., Ex. 1
15 at 49:8-14 & 51:9-19 ("Now, I will leave it to Judge Infante to count up the number
16 of depositions that had been taken prior to your noticing these four additional ones.
17 If that number comes up to be 20 or less, then they're in.  If that number comes up to
18 be 24 or more, than they're out."); Docket No. 1931 (Civil Minutes dated Feb. 4,
19 2008) at 4 ("The Court's January 7, 2008, Order granted leave to take additional
20 discovery over and above the previously allocated 24 depositions per side.
21 Nevertheless, as to all other depositions, how to 'count' the previously allocated
22 depositions is left to the discretion of the Discovery Master.").)

23         At the same February 4, 2008 hearing, the MGA Defendants and counsel for
24 Ms. Cabrera and Ms. Morales raised several issues concerning the manner in which
25 Mattel investigated Ms. Cabrera and Ms. Morales prior to firing them.  (Mumford
26 Decl., Ex. 1 at 36:1-19, 47:9-13 & 60:1-5.)  Mattel's investigation involved attempts
27 by Mattel executives to manipulate Ms. Cabrera and Ms. Morales into giving false
28

-3-

EXHIBIT  _31_

PAGE  _263_

1   recorded statements concerning their work for Veronica Marlow, interrogations of

2   the women with false representations and without a Spanish-language interpreter

3   despite Ms. Cabrera and Ms. Morales' protestations of difficulty communicating in

4   English, and a coerced search and seizure of property from Ms. Cabrera's home over

5   her objections. (*Id.*) The Court recognized that the allegations raised concerning the

6   treatment of Ms. Cabrera and Ms. Morales were "pretty serious" and expressed its

7   interest in finding out "what happened here." (*Id.* 47:9-13 & 60:14-15.) In fact, due

8   to concerns raised about Mattel's seizure of materials from Ms. Cabrera's home, the

9   Court held:

> I will direct that the deposition *does not [go] forward,* assuming that it is going forward, depending on Judge Infante's ruling, *until you have met and conferred and any motion has been heard by this Court concerning the items that were or were not taken from your client.*

13   (*Id.* at 61:24-62:3 (emphasis added).)

14       **B.**   **The Discovery Master's March 11, 2008 Order.**

15       Following Mattel's issuance of deposition subpoenas to Ms. Cabrera, Ms.

16   Morales, Ms. Salazar and Mr. Woods, the MGA Defendants filed a motion to quash

17   those subpoenas with the Discovery Master. Consistent with the Court's ruling at

18   the February 4, 2008 hearing, the MGA Defendants based their motion on, among

19   other grounds, the fact that Mattel did not have leave from the Court or a sufficient

20   number of originally allocated depositions to be able to depose these witnesses.

21   (Docket No. 2250 (MGA Defendants' Supp. and Second Amended Motion to Quash

22   Deposition Subpoenas) at 4-7; Docket No. 2457 (MGA Defendants' Reply) at 2-4.)

23   As alternative relief, the MGA Defendants also requested that the depositions of Ms.

24   Cabrera and Ms. Morales be deferred until after the Court conducted an evidentiary

25   hearing regarding the impropriety and illegality of Mattel's pre-firing investigation

26   of these two individuals. (Docket No. 2250 at 7-11; Docket No. 2457 at 4-5.)

27

28

EXHIBIT __3 1__

PAGE __264__

1    On March 11, 2008, the Discovery Master issued an order regarding the MGA

2  Defendants' motion to quash. The order denied the motion to quash with respect to

3  Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods, but the only stated reason

4  for that ruling was that "Mattel served subpoenas on these individuals before the

5  January 28, 2008 discovery cut-off. Although Mattel failed to provide the standard

6  ten-day notice, the shortened notice was reasonable under the circumstances."

7  (Mumford Decl., Ex. 2 at 2-3.) As to Mr. Woods, the Discovery Master denied the

8  motion solely "based upon Mattel's representation that [he has] potentially relevant

9  information regarding damages for the Phase I trial." (*Id.* at 3.)

10 **III.  THE COURT SHOULD SET ASIDE OR MODIFY THE DISCOVERY
       MASTER'S MARCH 11, 2008 ORDER AS IT PERTAINS TO MS.**
11     **CABRERA, MS. MORALES, MS. SALAZAR AND MR. WOODS.**

12    Pursuant to stipulation and order, orders issued by the Discovery Master in

13 this case are treated as rulings by a Magistrate Judge. (Docket No. 107 (Stipulation

14 for Appointment of a Discovery Master and Order) at ¶ 6.) Accordingly, such orders

15 are subject to Federal Rule of Civil Procedure 72 and should be set aside or modified

16 if they are "clearly erroneous or ... contrary to law." Fed. R. Civ. P. 72(a). As is

17 shown below, the portions of the Discovery Master's March 11, 2008 Order relating

18 to Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods are clearly erroneous and

19 should be set aside or modified.

20        **A.    The Discovery Master Did Not Determine that Mattel Had Enough
               Depositions Remaining in Its Original Allocation to Depose the**
21             **Non-Parties.**

22    Mattel has never moved for leave, and no Court has ever found good cause, to

23 take the depositions of Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods. To

24 the contrary, in its February 4, 2008 hearing and minute order, the Court made clear

25 that Mattel could not depose these individuals unless the Discovery Master found

26 that Mattel had at least four of its originally allocated 24 depositions remaining *as of*

27 *the time* Mattel subpoenaed these non-parties for deposition. (Mumford Decl., Ex. 1

28

EXHIBIT _3 1_

PAGE _265_

1    at 49:8-14 & 51:9-19; Docket No. 1931 (Civil Minutes dated Feb. 4, 2008) at 4.)

2    Specifically, at the February 4, 2008 hearing, the Court stated as follows:

> 3    I trust Judge Infante will be able to take the Court's order, granting you
> 4    leave to take additional depositions, and then determine how many other
> depositions you have taken, add them up, and see if you have any
> 5    additional ones, so as to afford you the ability to have noticed the
> depositions of these four individuals: Ms. Cabrera, Ms. Morales, Ms.
> 6    Salazar and Mr. Woods.

7                  * * *

> 8    There is no question, to the Court's thinking – and I will make this clear
> today – that the 40 I awarded to Mattel and the 10 additional ones I
> 9    awarded to MGA were in addition to the 24 that they received.
>
> 10    Now, I will leave it to Judge Infante to count up the number of
> depositions that had been taken *prior to your noticing* these four
> 11    additional ones.
>
> 12    *If that number comes up to be 20 or less, then they're in. If that number
> comes up to be 24 or more, than they're out.... We have a deadline. As
> 13    you say, the clock expired. They were either part of the number that
> they could take or they weren't.*

14    (Mumford Decl., Ex. 1 at 49:8-14 & 51:5-19 (emphasis added).)  The Court

15    confirmed its holding in a minute order: "The Court's January 7, 2008, Order granted

16    leave to take additional discovery over and above the previously allocated 24

17    depositions per side.  Nevertheless, *as to all other depositions, how to 'count' the*

18    *previously allocated depositions is left to the discretion of the Discovery Master.*"

19    (Docket No. 1931 at 4 (emphasis added).)

20       The issue of Mattel's deposition count was fully briefed and presented to the

21    Discovery Master in connection with the MGA Defendants' motion to quash the

22    deposition subpoenas to, among others, Ms. Cabrera, Ms. Morales, Ms. Salazar and

23    Mr. Woods.  (*See* Docket No. 2250 at 4-7; Docket No. 2339 (Mattel's Opp.) at 3-5;

24    Docket No. 2457 at 2-4.)  The Discovery Master's March 11, 2008 Order, however,

25    denied the MGA Defendants' motion to quash as to these non-parties without

26    deciding whether Mattel had enough of its originally allocated 24 depositions to be

27    able to depose them. (Mumford Decl., Ex. 2 at 2-3.)  Indeed, the Discovery Master

28

MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)

EXHIBIT __3 1__

PAGE __2 6 6__

1  did not discuss the deposition count issue anywhere in either the March 11, 2008
2  Order or during its March 10, 2008 hearing on the MGA Defendants' motion to
3  quash. (*Id.*; Mumford Decl., Ex. 3 at 10:8-19:10.) In view of the Court's prior
4  ruling that Mattel could depose Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr.
5  Woods *only if* Mattel had enough depositions remaining in its original allocation, the
6  Discovery Master clearly erred by not considering this issue.

7         By early December 2007, Mattel had conceded that it had used up its original
8  24-deposition allocation. In a letter concerning the depositions of third-party Zapf
9  Creation AG and Smoby Group, as well as another Rule 30(b)(6) deposition of MGA,
10  Mattel threatened to file a motion to compel if MGA did not agree to those additional
11  depositions "over the 24 agreed between the parties." (Mumford Decl., Ex. 8.) Had
12  Mattel actually believed that it still had originally allocated depositions left, it would
13  not have needed to obtain MGA's or the Court's permission before noticing these
14  additional depositions.

15         Mattel took the position that it had exhausted its deposition limit because, at
16  the time, it was attempting to obstruct MGA from taking depositions noticed
17  pursuant to *its* limit of 24. In opposition to that efforts, the MGA Defendants applied
18  an appropriate counting methodology and asserted that, as of mid-November when it
19  filed its motion seeking leave to depose over 40 other individuals and entities, Mattel
20  had already taken 18 depositions and had issued at least two other deposition
21  subpoenas. (Docket No. 2250 at 5.) The day after filing its motion, Mattel issued
22  four more deposition subpoenas to Margaret Leahy, Elise Cloonan, Jeanne Galvano
23  and Veronica Marlow. (*Id.*) These four depositions were all completed in December
24  2007. (*Id.*) Thus, by January 7, 2008, when the Court granted Mattel leave to
25  depose the witnesses identified in its motion, Mattel had already taken or noticed its
26  original allocation of 24 depositions. (*Id.* at 5-6; Docket No. 2457 at 2-3.)

27

28

- 7 -
MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)   EXHIBIT 31

PAGE 267

1     Under the circumstances, Mattel's deposition subpoenas to Ms. Cabrera,
2  Ms. Morales, Ms. Salazar and Mr. Woods should have been quashed.  It is
3  undisputed that none of these individuals were identified in connection with Mattel's
4  motion for leave and therefore were not among the additional depositions granted by
5  the Court on January 7, 2008.  Moreover, at the February 4, 2008 hearing, the Court
6  made clear that Mattel could not depose these non-parties unless Mattel had four
7  depositions left from its original allocation as of the time Mattel subpoenaed these
8  witnesses. (Mumford Decl., Ex. 1 at 49:8-14 & 51:9-19.)  As shown above, Mattel
9  had already conceded by December 2007 that it did not have any of its original 24
10  depositions left.  And even if it had not *taken* all 24 of its original deposition
11  allotment prior to the January 7 Order, there is no question Mattel did not have *four*
12  left as of January 2008 when these depositions were noticed.
13     Unable to challenge the facts, Mattel argued to the Discovery Master that it
14  still had four of its originally allocated depositions available because the four
15  witnesses that Mattel deposed in December 2007 (Ms. Leahy, Ms. Cloonan,
16  Ms. Galvano and Ms. Marlow)—*before* the Court ruled on Mattel's motion for
17  leave—had been included in Mattel's motion for leave and thus, retroactively, did
18  not count against Mattel's original allocation. (Docket No. 2339 at 4-5.)  That
19  "retroactive counting" methodology is unfair, however.  Having conceded that it
20  used up its allotment and moved for leave to take additional depositions, Mattel
21  should not be able to use the Court's January 7 order to "add back" to its original
22  allotment depositions for which no good cause was found.
23     Mattel unsuccessfully argued its "retroactive counting" theory to the Court in
24  an *ex parte* applications filed on January 28, the discovery cut-off, and January 30,
25  2008. (Docket No. 1722 (Mattel's *Ex Parte* App. to Compel Depositions of Cabrera,
26  Morales and Salazar) at 6-8.)  The Court rejected Mattel's argument, holding that all
27  depositions taken before Mattel issued subpoenas to the four witnesses at issue here
28

EXHIBIT  _3/_

PAGE  _268_

1 | are included in the count with respect to the original deposition allocation.

2 | (Mumford Decl., Ex. 1 at 51:9-14 ("Now, I will leave it to Judge Infante to count up

3 | *the number of depositions that had been taken prior to your noticing these four*

4 | *additional ones*. If that number comes up to be 20 or less, then they're in. If that

5 | number comes up to be 24 or more, than they're out.") (emphasis added).)

6 |      The Court should reject the argument again. The record is clear that (1) the

7 | Discovery Master did not address the requisite issue of whether Mattel had enough

8 | depositions left in denying the motion to quash depositions of Ms. Cabrera, Ms.

9 | Morales, Ms. Salazar and Mr. Woods; and (2) Mattel did not have four depositions

10 | from its original allotment when it subpoenaed those non-parties for deposition.

11 | Accordingly, the Court should set aside the March 11, 2008 Order denying MGA

12 | Defendants' motion to quash.

13 |     **B.**    **To the Extent Not Quashed, the Depositions of Ms. Cabrera and**

14 |               **Ms. Morales Should Be Deferred Until After the Court Holds an**
               **Evidentiary Hearing Regarding Mattel's Witness Tampering.**

15 |      In the alternative, to the extent the depositions of Ms. Cabrera and Ms.

16 | Morales are allowed to go forward (which they should not be), the Court should

17 | defer those depositions until after it conducts an evidentiary hearing regarding the

18 | impropriety and illegality of Mattel's pre-firing investigation of these two former

19 | Mattel employees. Although the MGA Defendants requested such deferral as an

20 | alternative form of relief in their motion to quash, the Discovery Master's March 11,

21 | 2008 Order did not grant the requested relief. (Mumford Decl., Ex. 2.) This was

22 | clearly erroneous.

23 |      In response to Mattel's *ex parte* application to compel the depositions of Ms.

24 | Cabrera and Ms. Morales, the MGA Defendants notified the Court of serious issues

25 | concerning Mattel's pre-firing investigation of Ms. Cabrera and Ms. Morales.

26 | (Docket No. 1861 (MGA Defendants and Bryant's Opp. to Mattel's *Ex Parte* Apps.

27 | to Compel Add'l Depositions) at 9-14.) At the February 4, 2008 hearing on Mattel's

28 |

EXHIBIT _3/_

PAGE _269_

1  *ex parte* application, the Court recognized these "pretty serious allegations" and

2  expressed its interest in finding out "what happened here." (Mumford Decl., Ex. 1 at

3  36:1-19, 47:9-13 & 60:14-15.)  Indeed, because of concerns raised about Mattel's

4  seizure of materials from Ms. Cabrera's home, the Court held:

> I will direct that the deposition *does not [go] forward*, assuming that it is going forward, depending on Judge Infante's ruling, *until you have met and conferred and any motion has been heard by this Court concerning the items that were or were not taken from your client.*

8  (*Id.* at 61:24-62:3 (emphasis added).)

9       The serious issues concerning Mattel's conduct that MGA and counsel for Ms.

10 Cabrera and Ms. Morales brought to the Court's attention have not been resolved and

11 are now the subject of the MGA Defendants and Bryant's Motion for an Evidentiary

12 Hearing Regarding Witness Tampering (Docket No. 2650), currently scheduled to be

13 heard on April 14, 2008. (Mumford Decl., Exs. 4-7.)  In view of the clear statements

14 made by the Court at the February 4, 2008 hearing, the March 11, 2008 Order should

15 have deferred the depositions of Ms. Cabrera and Ms. Morales until after the

16 concerns regarding Mattel's actions have been resolved.

17       Moreover, deferring Ms. Cabrera and Ms. Morales' depositions is clearly

18 appropriate under the circumstances.  As detailed in the MGA Defendants and

19 Bryant's evidentiary hearing motion, as well as in the MGA Defendants' motion to

20 quash Ms. Cabrera and Ms. Morales' deposition subpoenas, a hearing is warranted to

21 determine if Mattel engaged in coercive, unethical and potentially illegal tactics in

22 connection with its pre-firing investigation of these individuals. (Docket No. 2250 at

23 7-11; Docket No. 2650 at 2-6.)  The MGA Defendants made a showing in their

24 motions that Mattel misrepresented facts to the women and interrogated them at

25 length without a Spanish-language interpreter in an attempt to obtain favorable but

26 false recorded statements that Mattel could use against MGA and Bryant in this

27 litigation.  Mattel also searched Ms. Cabrera's home and seized her property over her

28

1  objections.  If the depositions are not deferred, Mattel will undoubtedly use the

2  statements and materials that it improperly extracted from Ms. Cabrera and Ms.

3  Morales at their depositions.  In fact, Mattel has stated that it intends to use the

4  materials seized from Ms. Cabrera at her deposition. (Mumford Decl., Ex. 4.)

5      Given the very troubling and potentially illegal manner in which Mattel

6  conducted its investigation of Ms. Cabrera and Ms. Morales, the Court should

7  carefully examine the circumstances surrounding Mattel's extraction of statements

8  and materials from these non-parties before allowing such statements or materials to

9  be used in Ms. Cabrera and Ms. Morales' depositions.  Even Mattel has conceded

10 that the Court's guidance on these issues is necessary and appropriate.  (Mumford

11 Decl., Ex. 7 at 2 ("Mattel will therefore seek guidance from the Court as to what may

12 be done with these documents and materials.").)  If, as the record demonstrates,

13 Mattel acted improperly and in violation of the witness tampering statute (18 U.S.C.

14 § 1512), Mattel should not be permitted to use or refer to any of the statements or

15 materials that it obtained from Ms. Cabrera and Ms. Morales.  To permit Mattel to

16 use the fruits of its investigation without first examining the propriety and legality of

17 Mattel's actions would reward Mattel for its potentially illegal behavior and unfairly

18 subject the witnesses to further abuse and injustice.

19     Accordingly, to the extent the Court allows the depositions of Ms. Cabrera and

20 Ms. Morales to go forward, it should order them deferred until after the pending

21 Motion for an Evidentiary Hearing Regarding Witness Tampering is heard and the

22 Court conducts an evidentiary hearing.

EXHIBIT __3/__

PAGE __2 7 /__

MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)

1

2  **IV.    CONCLUSION**

3         For the foregoing reasons, the MGA Defendants respectfully request that the

4  Court grant their motion objecting to the Discovery Master's March 11, 2008 Order.

5  DATED:  March 25, 2008                 SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM, LLP
6

7

8                                  By:  /s/ Thomas J. Nolan
                                        Thomas J. Nolan
9
                                   Attorneys for Counter-Defendants,
10                                 MGA ENTERTAINMENT, INC., ISAAC
                                   LARIAN, MGA ENTERTAINMENT (HK)
11                                 LIMITED, and MGAE de MEXICO S.R.L.
                                   de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                       EXHIBIT _3/_

27                                       PAGE __2 7 2__

28

**EXHIBIT 32**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   March 25, 2008

**NUMBER OF PAGES, INCLUDING COVER:** 9

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq. Allred, Maroko & Goldbery | 323-653-6530 | 323-653-1660 |
| Marcus Mumford, Esq. Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Michael H. Page, Esq. Keker & Van Nest | 415-391-5400 | 415-397-7188 |

**FROM:**   James J. Webster

**RE:**   Bryant v. Mattel, et al.,
Case No. CV-0409094 SGL

**MESSAGE:**



RECEIVED MAR 2 5 2008

| 00046/2369498.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/ RETURN TO: | Jackie J. Tabor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
| OPERATOR: | Priscilla | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _32_

PAGE _273_

# Group Send Report

Page        : 001
Date & Time: 03-25-2008   17:15
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 288 |
| Date | : | 03-25  17:10 |
| Number of pages | : | 009 |
| Start time | : | 03-25  17:10 |
| End time | : | 03-25  17:15 |

Successful nbrs.

Fax numbers

☎1+13236531660
☎1+12136875600
☎1+14153977188

Unsuccessful nbrs.                                                                 Pages sent

EXHIBIT _32_
PAGE _274_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 25, 2008

*Via Facsimile*

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

**Mattel vs. Bryant, et al. - Cabrera/Morales**

Dear Ms. Diaz:

We refer to your letter of March 21, 2008 offering to have your clients Ms. Cabrera and Ms. Morales appear for deposition on April 15 and 18, 2008. We will accept your offer to appear on these dates if, but only if, you are willing to enter into a stipulated Order to that effect. This is necessitated unfortunately by the history of non-appearance on scheduled dates for these witnesses, and also by the fact that Mattel cannot afford to suffer any further delay -- should your clients elect at the last minute not to appear for deposition -- in its trial preparation.

Please note that a proposed form of stipulation to this effect is enclosed for your review. Please provide us with your agreement in the next day, as we are in the process of preparing an *ex parte* application to compel the depositions.

Very truly yours,

*James Webster (CSN)*

James J. Webster

JJW:jjt
Enclosure

EXHIBIT __32__

PAGE __275__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2446317.1

cc:    (w/enclosure) :
        Marcus Mumford, Esq.
        Michael H. Page, Esq.

07209/2446317.1

EXHIBIT 32

PAGE 276

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6   Facsimile:  (213) 443-3100

7
    Attorneys for Mattel, Inc.
8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12   CARTER BRYANT, an individual,    Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                      Consolidated with
14        vs.                         Case No. CV 04-09059
                                      Case No. CV 05-02727
15   MATTEL, INC., a Delaware
     corporation,                     Hon. Stephen G. Larson

16              Defendant.            STIPULATION RE: THE
                                      DEPOSITIONS OF ANA CABRERA
17                                    AND BEATRIZ MORALES;

18                                    [[Proposed] Order filed concurrently
     AND CONSOLIDATED CASES           herewith]
19
                                      **Phase 1:**
20                                    Discovery Cut-off:    January 28, 2008
                                      Pre-trial Conference: May 5, 2008
21                                    Trial Date:           May 27, 2008

22

23

24

25

26

27                                        EXHIBIT _32_

28                                        PAGE _277_

07209/2446258.1
                STIPULATION RE: THE DEPOSITIONS OF ANA CABRERA AND BEATRIZ MORALES

## **STIPULATION**

WHEREAS, by Order dated March 11, 2008, the Court denied MGA Entertainment, Inc.'s ("MGA's") Second Amended and Supplemental Motion to Quash, including as to Ana Cabrera and Beatriz Morales; and

WHEREAS, Mattel noticed the deposition of Ana Cabrera on January 16, 2008 for January 24, 2008, and noticed the deposition of Beatriz Morales on January 16, 2008 for January 25, 2008.

NOW, THEREFORE, Ms. Cabrera, Ms. Morales, MGA and defendant Carter Bryant and Mattel agree as follows, subject to the Court's approval:

1.    Ms. Cabrera shall appear for deposition on April 15, 2008, beginning at 9:30 a.m. at 865 S. Figueroa St., 10th Fl., Los Angeles, CA, 90017.

2.    Ms. Morales shall appear for deposition on April 18, 2008, beginning at 9:30 a.m. at 865 S. Figueroa St., 10th Fl., Los Angeles, CA, 90017.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

EXHIBIT ___32___

PAGE ___278___

07209/2446258.1

-2-

STIPULATION RE: THE DEPOSITIONS OF ANA CABRERA AND BEATRIZ MORALES

1      3.      No party shall object that the depositions of Ms. Cabrera and Ms.

2  Morales are untimely, or to the use of the transcript of deposition of Ana Cabrera or

3  Beatriz Morales, for any purpose permitted by applicable law, including the Federal

4  Rules of Civil Procedure and the Federal Rules of Evidence, on the grounds that the

5  deposition occurred after the discovery cut-off date.

6          IT IS SO STIPULATED.

7

8  DATED:  March __, 2008          ALLRED, MAROKO & GOLDBERG

9

10                                 By_____
11                                    Maria Diaz
                                      Attorneys for Ana Cabrera and Beatriz
12                                    Morales

13

14 DATED:  March __, 2008          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
15

16

17                                 By_____
                                      James J. Webster
18                                    Attorneys for Mattel, Inc.

19 DATED:  March __, 2008          SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM, LLP
20

21

22                                 By_____
                                      Marcus Mumford
23                                    Attorneys for MGA Entertainment, Inc.,
                                      MGAE de Mexico, S.R.L. de C.V., MGA
24                                    Entertainment (HK) Limited, and Isaac
25                                    Larian

26                                          EXHIBIT __32__

27                                          PAGE __279__

28

07209/2446258.1

1  DATED: March ___, 2008        )        KEKER & VAN NEST, LLP

2

3

4                                        By_____
                                            Michael Page
5                                          Attorneys for Carter Bryant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                       EXHIBIT ___32___

27                                       PAGE ___280___

28

07209/2446258.1

-4-
STIPULATION RE: THE DEPOSITIONS OF ANA CABRERA AND BEATRIZ MORALES

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7

8   Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 13             Plaintiff, | |
| 14      vs. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | Hon. Stephen G. Larson |
| 16             Defendant. | [PROPOSED] ORDER ON<br>STIPULATION RE: THE<br>DEPOSITIONS OF ANA CABRERA<br>AND BEATRIZ MORALES; |
| 17 | |
| 18 | |
| 19  AND CONSOLIDATED CASES | **Phase 1:** |
| 20 | Discovery Cut-off:       January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:                May 27, 2008 |
| 21 | |

22

23

24

25

26

27                              EXHIBIT _32_

28                              PAGE _281_

7209/2446315.1

[PROPOSED] ORDER RE: THE DEPOSITIONS OF ANA CABRERA AND BEATRIZ MORALES

## [PROPOSED] ORDER

The parties and Ana Cabrera and Beatriz Morales having so stipulated, and finding good cause hereto, IT IS HEREBY ORDERED THAT:

1.    Ms. Cabrera shall appear for deposition on April 15, 2008, beginning at 9:30 a.m. at 865 S. Figueroa St., 10th Fl., Los Angeles, CA, 90017.

2.    Ms. Morales shall appear for deposition on April 18, 2008, beginning at 9:30 a.m. at 865 S. Figueroa St., 10th Fl., Los Angeles, CA, 90017.

3.    No party shall object that the depositions of Ms. Cabrera and Ms. Morales are untimely, or to the use of the transcript of deposition of Ana Cabrera or Beatriz Morales, for any purpose permitted by applicable law, including the Federal Rules of Civil Procedure and the Federal Rules of Evidence, on the grounds that the deposition occurred after the discovery cut-off date.

DATED:    _____

_____

Hon. Stephen G. Larson
United States District Judge

EXHIBIT _32_

PAGE _282_

[PROPOSED] ORDER RE: THE DEPOSITIONS OF ANA CABRERA AND BEATRIZ MORALES

7209/2446315.1

# EXHIBIT 33

## THIS EXHIBIT IS FILED UNDER SEAL

## PURSUANT TO PROTECTIVE ORDER