THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, California 94111-5974
Tel.: (415) 984-6400/Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>DECLARATION OF CRAIG HOLDEN IN OPPOSITION TO MATTEL'S MOTION TO DISQUALIFY<br><br>Hearing Date: April 7, 2008<br>Time: 10:00 a.m. |

I, Craig Holden, hereby declare as follows:

1. I am in-house counsel for MGA Entertainment, Inc. I have been licensed to practice law in the State of California and before this Court since 1994. I submit this Declaration in Opposition to Mattel's Motion to Disqualify MGA Entertainment, Inc.'s counsel, Skadden, Arps, Slate, Meagher & Flom LLP, and expert Christina Tomiyama. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. Along with MGA's previous counsel of record – Patricia Glaser of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and Diana Torres of O'Melveny & Myers LLP – I met Christina Tomiyama for the first time on August 2, 2007. I had never spoken with her before. The purpose of the meeting was to evaluate whether MGA's outside counsel should retain Ms. Tomiyama as an expert witness in this litigation with an expertise in the face painting of dolls, and to understand in general her personal experience with respect to doll manufacture and face painting, for the purpose of evaluating her expert credentials.

3. Before this meeting, I understood that Ms. Tomiyama had previously worked at Mattel, Inc. Therefore, Ms. Tomiyama was explicitly cautioned not to discuss any information she possessed from her time working for Mattel that was privileged or confidential, and we did not ask her to reveal such information.

4. In addition, because of the "attorney's eyes only" arrangements in this case, I was careful not to elicit any information that would violate the court's protective order. We were primarily interested in Ms. Tomiyama's work history as it related to her qualifications to serve as an expert witness in face painting.

5. Ms. Tomiyama did not share any information at that meeting that I would consider or had any reason to believe was privileged or confidential. She did not mention any conversations she may have had with Mattel's attorneys regarding this

---
Declaration of Craig Holden in Opposition to Mattel's Motion to Disqualify
Case No. CV 04-9049 SGL (RNBx)

1

litigation or any other litigation. In particular, she did not state that she had been consulted by Mattel counsel with regard to the Carter Bryant complaint, the MGA complaint, the Mattel complaint, the Simba litigation, or with respect to comparing or analyzing any dolls in connection with this or any other litigation. The sum and substance of the meeting was akin to that of a typical job interview, involving a general discussion of her work history and general personal background.

6. On one occasion in January 2008, I saw Ms. Tomiyama at the Los Angeles office of Skadden, Arps, Slate, Meagher & Flom LLP. We only said hello to each other. There was no substantive communication between us or from her on this occasion. I have not had any other communication or contact with her.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 30, 2008, at Los Angeles, California.


Craig Holden