THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, California 94111-5974
Tel.: (415) 984-6400/Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>[PUBLIC REDACTED] DECLARATION OF MICHELLE CAMPANA IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL'S MOTION TO DISQUALIFY<br><br>Hearing Date: April 7, 2008<br>Time: 10:00 a.m. |

Declaration of Michelle Campana in Support of MGA's Opposition to Mattel's Motion to Disqualify
Case No. CV 04-9049 SGL (RNBx)

I, Michelle M. Campana, hereby declare as follows:

1. I am an associate in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), resident in its New York office. I was admitted pro hac vice in this matter after Skadden became counsel of record for MGA. I respectfully submit this declaration in opposition to Mattel's Motion to Disqualify MGA Entertainment, Inc.'s Counsel Skadden Arps and Expert Christina Tomiyama. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. In mid-October, 2007, after Skadden became counsel for MGA herein, we received a schedule of possible expert witnesses who had been interviewed by MGA's prior counsel of record. The schedule included Ms. Christina (Tina) Tomiyama. I understood she was a former employee of Mattel who had expertise in the area of face painting of dolls.

3. I understood that MGA's in-house counsel Craig Holden and certain of MGA's prior outside counsel had met with Ms. Tomiyama prior to Skadden becoming counsel of record for MGA. However, I was never told by Mr. Holden that Ms. Tomiyama shared any confidential or privileged information about Mattel at the meeting he attended, and I never spoke with any of MGA's prior outside counsel about Ms. Tomiyama.

4. Kenneth Plevan and I were the Skadden lawyers who regularly interacted with Ms. Tomiyama. I arranged a meeting with Ms. Tomiyama in Skadden's Los Angeles offices on November 1, 2007, so that Skadden could evaluate her and the possibility of retaining her as an expert witness. At no point in the brief contacts to arrange this meeting did Ms. Tomiyama discuss any conversations she had with Mattel lawyers or any information that appeared to be privileged or confidential.

Declaration of Michelle Campana in Support of MGA's Opposition to Mattel's Motion to Disqualify
Case No. CV 04-9049 SGL (RNBx)

1

5. During the November 1, 2007, meeting, Ms. Tomiyama described her professional background and the basis for her expertise in doll face painting.

6. In addition, at this meeting Ms. Tomiyama told us that, while she was working at Mattel, Mattel's attorneys would on occasion ask her to compare dolls. I remember specifically that at the November 1, 2007, meeting Mr. Plevan instructed Ms. Tomiyama not to tell us about the substance of any communications she may have had with attorneys at Mattel. At no point in the meeting, or at any other time, did Ms. Tomiyama reveal the substance of any conversations she had with Mattel attorneys regarding any specific actual or potential dispute, including this one, other than

**REDACTED**

She specifically told us that she had not been asked by Mattel to analyze similarities or differences between Bratz and My Scene dolls, or between any other Mattel product and an MGA product.

7. Also during the November 1 meeting, Ms. Tomiyama explained that her methodology for comparing dolls was her own approach and that no one had told her how to do it.

8. I met and spoke with Ms. Tomiyama on other occasions, but at no point did she reveal to me the substance of any of her conversations with Mattel attorneys, or any other information that I knew or would consider to be privileged or confidential information.

Declaration of Michelle Campana in Support of MGA's Opposition to Mattel's Motion to Disqualify
Case No. CV 04-9049 SGL (RNBx)

2

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 30, 2008, at New York, New York.

Michelle M. Campana

Declaration of Michelle Campana in Support of MGA's Opposition to Mattel's Motion to Disqualify
Case No. CV 04-9049 SGL (RNBx)

3