1 | KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
2 | jkeker@kvn.com
MICHAEL H. PAGE - #154913
3 | mpage@kvn.com
CHRISTA M. ANDERSON - #184325
4 | canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
5 | mwerdegar@kvn.com
710 Sansome Street
6 | San Francisco, CA 94111-1704
Telephone: (415) 391-5400
7 | Facsimile: (415) 397-7188

8 | Attorneys for Plaintiff
CARTER BRYANT

9

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

EASTERN DIVISION

13

14

15 | CARTER BRYANT, an individual,

Plaintiff,

16

17 | v.

18 | MATTEL, INC. a Delaware Corporation,

19 | Defendant.

20

21 | CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

22

23

24

25

26

27

28

Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)

**[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL, INC.'S SEPARATE STATEMENT OF GENUINE ISSUES REGARDING BRYANT'S SEPARATE STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND NOTICE OF JOINDER IN THE MGA PARTIES' OBJECTIONS**

Date:      April 22, 2008
Time:      10:00 a.m.
Dept:      Courtroom 1
Judge:     Hon. Stephen G. Larson

Date Comp. Filed: April 13, 2005

---

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's Scheduling Order dated February 21, 2007 ("Scheduling Order") [Docket No. 49], Carter Bryant hereby raises the following evidentiary objections to [Corrected] Mattel, Inc.'s Statement of Genuine Issues Regarding Bryant's Separate Statement of Uncontested Facts in Support of Bryant's Motion for Partial Summary Judgment (Mattel's "Statement of Genuine Issues"), and each of the declarations, exhibits, and other materials submitted by Mattel in support of that Statement of Genuine Issues.

## II.    GENERAL EVIDENTIARY OBJECTIONS

Bryant hereby joins MGA's evidentiary objections to Mattel's "contrary evidence" and Mattel's "Additional Material Facts" to the extent such objections are applicable to Bryant.  Bryant also incorporates by reference, as though fully set forth herein, the evidentiary objections that he or the MGA parties raised to Mattel's "undisputed facts" in support of Mattel's Motion for Partial Summary Judgment, to the extent that Mattel cites the same evidence in support of its "contrary facts." Moreover, Bryant makes the following general objections:

1.    **Lacks Foundation**.  Bryant objects to Mattel's proffered evidence to the extent it lacks proper foundation.  Evidence lacking proper foundation is not admissible.  *See SG Services v. God's Girls Inc, et al.*, CV 06-989 AHM (CTx), 2007 WL 2315437, at *11 (C.D. Cal. May 9, 2007) (refusing to admit evidence for lack of foundation where there is no "factual basis for … [the] opinion"); *Jarritos v. Los Jarritos*, No. C 05-02380 JSW, 2007 WL 1302506, at *10 (N.D. Cal. May 2, 2007) (striking evidence for lack of foundation where deposition excerpts "do not clearly identify and authenticate documents or demonstrate that the exhibits attached to the declaration of Plaintiff's counsel are true and correct copies of documents described at the deposition"); *see also Orr v. Bank of Amer.*, 285 F.3d 764, 774 (9th Cir. 2002) (upholding exclusion of evidence stating that the lack of

1

414436.02

foundation for exhibits cannot be cured by stating that they are "true and correct copies" of transcripts); *Beyene v. Coleman Secur. Servs. Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1998) ("We have repeatedly held that 'documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.'"); *Stephens v. Liberty Mutual*, No. C 05-0213 PJH, 2008 WL 480287, at *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he statement in [counsel]'s declaration that these are 'true and correct' copies does not lay an adequate foundation for the admission of these exhibits into testimony").

   2.   **Lacks Authentication** (Fed. R. Evid. 901).  Bryant also objects to Mattel's proffered evidence to the extent it lacks proper authentication.  Evidence lacking proper authentication is not admissible.  "Federal Rule of Evidence 901(a) requires 'authentication or identification as a condition precedent to admissibility.' Thus, before evidence may be admitted, a foundation must be laid 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.' Fed.R.Evid. 901(a)." *Beyene*, 854 F.2d at 1182 (upholding exclusion of evidence that was not properly authenticated pursuant to Rule 901); *see also United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) (reversing judgment where unauthenticated documents were admitted and noting: "[a] writing is not authenticated simply by attaching it to an affidavit").

   3.   **Lack of personal knowledge** (Fed. R. Evid. 602).  Bryant objects to Mattel's proffered evidence to the extent the declarant lacks personal knowledge. A witness may not testify without personal knowledge.  *See Latman v. Burdette*, 366 F.3d 774, 786-87 (9th Cir. 2004) (bankruptcy court abused its discretion in admitting into evidence trustee's supplemental declaration attaching debtors' bank account records where the declarant, trustee's attorney, had no personal knowledge as to the authenticity of the account records); *United States ex rel. Conveyor Rental & Sales Co. v. Aetna Cas. & Sur. Co.*, 981 F.2d 448, 455 (9th Cir. 1992) (holding

1  evidence inadmissible under Fed. R. Evid. 602 where witness did not have

2  personal knowledge); *Stephens v. Liberty Mutual*, No. C 05-0213 PJH, 2008 WL

3  480287, at *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he statement in

4  [counsel]'s declaration that these are 'true and correct' copies does not lay an

5  adequate foundation for the admission of these exhibits into testimony").

6  Therefore, Mattel's evidence in which declarant's lack personal knowledge is

7  inadmissible.

8      4.    **Hearsay** (Fed. R. Evid. 802).  Bryant objects to Mattel's proffered

9  evidence to the extent it contains hearsay.  Hearsay is inadmissible, unless a stated

10  exception applies. *See  Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 983 n.28

11  (9th Cir. 2007) (upholding summary judgment; "testimony regarding the purported

12  statements of the Union representative is inadmissible hearsay, as it is a statement

13  by an out-of-court declarant offered for the truth of the matter asserted"); *see also*

14  *Beyene*, 854 F.2d at 1183 (upholding exclusion of evidence on grounds of hearsay,

15  where documents were offered to prove the truth of the matter asserted, and the

16  proffering witness "did not attempt to lay a foundation for any exception to the

17  hearsay rule"); *City of Long Beach v. Standard Oil. Co. of Cal.*, 46 F.3d 929, 937-

18  38 (9th Cir. 1995) (upholding exclusion of hearsay).

19      In addition to the hearsay objections raised by the MGA parties, which

20  Bryant joins, Bryant objects to three additional categories of hearsay relied upon

21  by Mattel:  (1) testimony proffered in litigation in which Carter Bryant was not a

22  party; (2) other out of court statements made by MGA or others; and (3) MGA's

23  answer and discovery responses in this litigation.  Even if such evidence were

24  admissible against the MGA defendants, it is not admissible against Bryant. *See*

25  Fed. R. Ev. 105.

26      5.    **Mischaracterizes Testimony**. Bryant objects to Mattel's proffered

27  evidence to the extent it mischaracterizes testimony, either through an inaccurate

28

3

414436.02

1   description or summary or an incomplete excerpt. Factual statements which

2   mischaracterize testimony are not admissible under Fed. R. Evid. 402, 403 as they

3   are irrelevant and result in "confusion of the issues" and "misleading the jury."

4   Such statements are also improper summaries and are inadmissible under Fed. R.

5   Evid. 1006.

6          6.     **Mischaracterizes Evidence**.  Bryant objects to Mattel's proffered

7   evidence to the extent it is mischaracterizes evidence, either through an inaccurate

8   description or summary or an incomplete excerpt.  Factual statements which

9   mischaracterize evidence are not admissible under Fed. R. Evid. 402 and 403 as

10  they result in "confusion of the issues" and "misleading the jury."  Such statements

11  are also improper summaries and are inadmissible under Fed. R. Evid. 1006.

12  Therefore, Mattel's proffered statements which mischaracterize evidence are

13  inadmissible.

14         7.     **Incomplete Excerpt**.  Bryant objects to the incomplete excerpts of

15  testimony and evidence and reserves his right under Fed. R. Evid. 106 to require

16  Mattel to introduce any other part of that testimony or evidence that "in fairness"

17  ought to be considered.

18         8.     **Irrelevant, Confusing** (Fed. R. Evid. 402, 403). Bryant objects to

19  Mattel's proffered evidence to the extent it is irrelevant.  Irrelevant evidence is not

20  admissible. *M2 Software, Inc. v. Madacy Entm't et al.*, 421 F.3d 1073, 1088 (9th

21  Cir. 2005) (upholding exclusion of evidence and noting that " 'relevant evidence'

22  means evidence having any tendency to make the existence of any fact that is of

23  consequence to the determination of the action more probable or less probable than

24  it would be without the evidence") (quoting Fed. R. Evid. 401).  Evidence also is

25  not admissible under Fed. R. Evid. 403 as it results in "confusion of the issues" and

26  "misleading the jury."  (Fed. R. Evid. 403.)

27

28

414436.02

1        9.    **Improper lay opinion** (Fed. R. Evid. 701).  Bryant objects to

2   Mattel's proffered evidence to the extent it constitutes improper lay witness

3   testimony.  "Lay witnesses can permissibly base opinion testimony upon their

4   experience, but the Federal Rules of Evidence require that lay opinion testimony be

5   '(a) rationally based on the perception of the witness, (b) helpful to a clear

6   understanding of the witness' testimony or the determination of a fact in issue, and

7   (c) not based on scientific, technical, or other specialized knowledge within the

8   scope of Rule 702.'"  *Jerden v. Amstutz*, 430 F.3d 1231, 1239 (9th Cir. 2006)

9   (ruling that court improperly allowed testimony outside the scope of lay opinion),

10  citing Fed. R. Evid. 701; *see also Sitrick v. Dreamworks, LLC*, CV 03-4265-SVW

11  (AJWx), 2006 U.S. Dist. LEXIS 97312, at *67 (C.D. Cal. July 20, 2006)

12  (upholding special master's exclusion of testimony, stating, "[Lay witness]'s

13  testimony is not admissible under Federal Rule of Evidence 701.... this would

14  allow Defendants to do an end-run around the expert witness requirements of Rule

15  26(a)"), *aff'd* 2008 U.S. App. LEXIS 2251 (Fed. Cir. Feb. 1, 2008).

16       10.    **Improper expert testimony** (Fed. R. Evid. 702, 704). Bryant objects

17  to Mattel's proffered evidence to the extent it constitutes improper expert witness

18  testimony or offers legal conclusions.  Under Rule 702, expert testimony is

19  admissible only "if (1) the testimony is based upon sufficient facts or data, (2) the

20  testimony is the product of reliable principles and methods, and (3) the witness has

21  applied the principles and methods reliably to the facts of the case." Fed. R. Evid.

22  702. Expert testimony that is unsubstantiated or subjective is inadmissible. *See*

23  *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) (holding

24  that district court correctly excluded testimony as it was, "unsubstantiated and

25  subjective, and therefore unreliable and inadmissible"); *see also Cabrera v. Cordis*

26  *Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (upholding exclusion of testimony

27

28

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

1 | under Fed. R. Evid. 702 that was "based on unsubstantiated and undocumented

2 | evidence").

3 |    11.    **Speculative, Confusing, Prejudicial**. Bryant objects to Mattel's

4 | proffered evidence to the extent it is speculative.  Speculative evidence is not

5 | admissible under Fed. R. Evid. 403, as it results in "confusion of the issues" and

6 | "misleading the jury." *United States v. Chung Lo*, 231 F.3d 471, 482 (9th Cir.

7 | 2000) (upholding district court ruling that evidence was to speculative and

8 | excluding evidence under Fed. R. Evid. 403).  Speculative testimony is also not an

9 | appropriate subject for lay opinion testimony.  "It is necessary that a lay witness's

10 | opinions are based upon … direct perception of the event, are not speculative, and

11 | are helpful to the determination of factual issues before the jury." *U.S. v. Freeman*,

12 | 498 F.3d 893, 905 (9th Cir. 2007) (internal quotations omitted).  Therefore,

13 | Mattel's proffered evidence which is speculative is inadmissible.

14 |    12.    **Statements of Counsel**: It is well settled law that statements of

15 | counsel are not admissible evidence, and courts have rejected attempts to introduce

16 | such statements to either support or defend against motions for summary judgment.

17 | *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 923 (9th Cir.

18 | 2001) (alternative arguments by counsel "are not evidence and do not create issues

19 | of fact capable of defeating an otherwise valid summary judgment." ) (*citing*

20 | *Estrella v. Brandt*, 682 F.2d 814, 819-20 (9th Cir. 1982)); *Exeter Bankcorporation,*

21 | *inc. v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (*citing U.S. v.*

22 | *Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994)); *see also In re Federal Mogul-Global,*

23 | *Inc.*, 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by

24 | counsel cannot provide factual support for a trial court's findings."); *In re Lang*,

25 | 293 B.R. 501, 513 (10th Cir. BAP 2003) ("Counsel's statements in a brief or during

26 | a trial are not evidence.'); *United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir.

27 | 1997) ("[A]rgument by counsel is not evidence.").

28 |

6

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

## III.   SPECIFIC EVIDENTIARY OBJECTIONS

Bryant hereby makes the following specific objections to the evidence cited by Mattel in support of its Opposition to Bryant's Motion for Partial Summary Judgment:

| Mattel's "Contrary Evidence" | Evidentiary Objections |
|---|---|
| 1.    Deposition Tr. of Cater Bryant Vol. 1, dated Nov. 4, 2004, at 143:12-16 | The stated proposition is an incomplete and inaccurate summary and the cited transcript is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) The complete relevant passage is as follows:<br><br>Zeller Dec., Exh. 1 (Bryant Depo. Tr. at 143:12-16). |
| 5.    Deposition Tr. of Lissa Freed ("Freed Tr.") , dated May 3, 2007 at 37:7-18, Zeller Dec., Exh. 57 | Objection to the deposition transcript on the ground that it is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403.) |
| 6. | Mattel does not cite any admissible evidence in support of this statement. (Fed. R. Civ. P. 56(e); Fed. R. Evid. 101, 1006.) *See Beyene v. Coleman Sec.* |

7

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | | |
|---|---|---|
| 1 | [REDACTED] | *Servs., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988). |
| 2 | | |
| 3 | | Arguments made by counsel are not evidence. *See, e.g., In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."); *In re Lang*, 293 B.R. 501, 513 (10th Cir. BAP 2003) ("Counsel's statements in a brief or during a trial are not evidence.'); *United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."); *Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 (8th Cir. 1995) ("[S]tatements of counsel are not evidence and do not create issues of fact.") (internal quotations omitted). |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | 8. Deposition Tr. of Carter Bryant Vol. 3, dated Nov. 8, 2004, at 633:17-20, Zeller Dec., Exh. 3; *id.* at 634:12-635:22 | The stated proposition is an inaccurate summary of Bryant's deposition testimony. (Fed. R. Evid. 402, 403, 1006.) Bryant testified that [REDACTED] Zeller Dec., Exh. 3 (Bryant Tr. Vol. 3 at 633:17-20). He did not testify that [REDACTED] |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | 10. 1999 offer letter from Mattel to Bryant (BRYANT 001198-001199), Anderson Dec., Exh. 10 | The stated proposition mischaracterizes the evidence and asserts an improper legal conclusion. (Fed. R. Evid. 402, 403, 1006.) It is also an incomplete excerpt. (Fed. R. Evid. 106.) |
| 17 | | |
| 18 | 11. Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3 | The stated proposition mischaracterizes Bryant's testimony. (Fed. R. Evid. 402, 403, 1006.) In the testimony cited by Mattel from Bryant's deposition transcript, Bryant was not asked, and he does not state, that he " [REDACTED] |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | Deposition Tr. of Alan Kaye, Vol. 1, Dec. 10, 2004 at 215:3-216:23, Zeller Dec., Exh. 65; | The stated proposition mischaracterizes the evidence and the cited transcript is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) [REDACTED] |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02



9

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT
OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02



| | Supp. Dec. of Christa M. Anderson in Support of Bryant's Motion for Partial Summary Judgment ("Supp. Anderson Dec.") (filed herewith), Exh. 3 (Kaye, Dec. 10, 2004 Depo. Tr.), at 215:10-218:1. |
|---|---|
| Deposition Tr. of Adrienne Fontanella dated January 16, 2008 at 26:11-28:3, Zeller Dec., Exh. 114 | Objection to the cited portion of Fontanella's testimony wherein she states that ████████ ████████████████ as inadmissible hearsay.  This statement is an out-of-court statement offered for the truth of the matter asserted.  (Fed. R. Evid. 802.)  No exception to the rule against hearsay applies.

Additionally, Fontanella's testimony is irrelevant as to whether any rank-and-file employee, such as Bryant, was able to, or did, negotiate the employment agreement.  (Fed. R. Evid. 402, 403.)  Unlike Bryant, ████████████████████████████████████████ ████████████  Supp. Anderson Dec., Exh. 4 (Fontanella Jan. 16, 2008 Depo. Tr.), at 13:2-6, 14:8-15:23. |
| Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, | The written documents are inadmissible to the extent that they are offered to prove that ████████ ████████████████████████████ (Fed. R. Evid. 802.)

Moreover, the cited evidence is irrelevant as to whether ██████████████████████████████ |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | ▮▮▮▮▮▮▮ (Fed. R. Evid. 402.) ▮▮▮▮▮▮ See Zeller Dec. Exh. 8 (Hudnut side-letter, Bates numbered M0098322-3). ▮▮▮▮▮ Id. Exh. 9 (Hudnut Depo. Tr., Vol. 1, at 211:12-15, 212:10-20). |
| 13.   Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3 | See objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, supra. |
| Kaye Tr. at 215:3-216:23, Zeller Dec., Exh. 65. | |
| Fontanella Tr. at 26:11-28:3, Zeller Dec., Exh. 114. | |
| Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | |
| 14.   Inventions Agreement, Anderson Dec., Exh. 8 | The stated proposition quotes language out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 16.   Inventions Agreement at ¶2(b), Anderson Dec., Exh. 8 | Objection.  The quoted language is taken out of context and the stated proposition mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.)<br><br>Furthermore, Mattel has admitted that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Inventions Agreement at ¶2(b), Anderson Dec., Exh. 8.  Contrary evidence is not permitted to rebut a judicial admission. (Fed. R. Civ. P. 36(b) ("A matter admitted under this |

11

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| | rule is conclusively established[.]").) |
| 17.    Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3. | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra*. |
| Kaye Tr. at 215:3-216:23, Zeller Dec., Exh. 65 | |
| Fontanella Tr. at 26:11-28:3, Zeller Dec., Exh. 114. | |
| Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | |
| Court's Order Granting Motion to Dismiss, dated July 17, 2006, at 14, Zeller Dec., Exh. 105 | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts.  Furthermore, Mattel provides an incomplete excerpt and mischaracterizes the Court's Order.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 18.    Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3. | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra*. |
| Kaye Tr. at 215:3-216:23, Zeller Dec., Exh. 65 | |
| Fontanella Tr. at 26:11-28:3, Zeller Dec., Exh. 114. | |
| Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered | |

12

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | |
| 19.    Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | The written documents are inadmissible to the extent that they are offered to prove that ▮ (Fed. R. Evid. 802.)<br><br>Moreover, the cited evidence is irrelevant as to whether ▮ (Fed. R. Evid. 402.) ▮ *See* Zeller Dec. Exh. 8 (Hudnut's side letter, Bates Numbered M0098320). ▮ *Id.* Exh. 9 (Hudnut Depo. Tr., Vol. 1, at 211:12-15, 212:10-20). |
| Court's Order Granting Motion to Dismiss, dated July 17, 2006, at 14, Zeller Dec., Exh. 105 | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts.  Furthermore, Mattel provides an incomplete excerpt and mischaracterizes the Court's Order.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 20.    Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3<br><br>Kaye Tr. at 215:3-216:23, Zeller Dec., Exh. 65<br><br>Fontanella Tr. at 26:11-28:3, Zeller Dec., Exh. 114.<br><br>Newcomb Tr. at 42:25-43:20, Zeller Dec., Exh. 14.<br><br>Hudnut Agreement, | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra*. |

13

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | |
| 21.  Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3<br><br>Kaye Tr. at 215:3-216:23, Zeller Dec., Exh. 65<br><br>Fontanella Tr. at 26:11-28:3, Zeller Dec., Exh. 114.<br><br>Newcomb Tr. at 42:25-43:20, Zeller Dec., Exh. 14.<br><br>Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra*. |
| 22.     Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3<br><br>Kaye Tr. at 215:3- | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra*. |

14

| | |
|---|---|
| 216:23, Zeller Dec., Exh. 65<br><br>Fontanella Tr. at 26:11-28:3, Zeller Dec., Exh. 114.<br><br>Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated July 13, 2007, at 209:14-211:15, 216:25-220:3, Zeller Dec. Exh. 10 | |
| 23.    Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3 | The stated proposition is an inaccurate summary of Mr. Bryant's testimony.  (Fed. R. Evid. 402, 403, 1006.) Bryant was not asked, and he does not state, that ▮ |
| Deposition Transcript of Amy Myers dated February 22, 2008, at 216:19-23 Zeller Dec., Exh. 12 | The stated proposition is an inaccurate summary of Ms. Myer's testimony and the transcript is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) |
| | Zeller Dec., Exh. 12 (Myers Feb. 22, 2008 Depo. Tr. at |

15

414436.02

| | |
|---|---|
| | 217:20-218:3).<br><br>Ms. Myers also testified as follows:<br><br>[redacted]<br><br>*Id.* (at 216:25-217:10). |
| 24.    Freed Tr. at 37:7-18, Zeller Dec., Exh. 57 | The cited excerpt is irrelevant to Mattel's "contrary fact" because it provides no support for the proposition that [redacted] (Fed. R. Evid. 402, 403.) |
| 1995 Inventions Agreement, Zeller Dec., Exh. 33 | Mattel's description of the Inventions Agreement is argumentative, irrelevant, misleading, and an incomplete and inaccurate summary. (Fed. R. Evid. 106, 402, 403, 1006.) |
| E-mail Exchange between Carter Bryant and Veronica and Peter Marlow, Bates-numbered KMW-M 007635-8, at 007636 Zeller Dec., Exh. 13. | The stated proposition is irrelevant and misleading. (Fed. R. Evid. 402, 403, 1006.)  Moreover, Mr. Bryant's purported understanding in 2001 of his entirely different agreement with MGA is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403.) |
| 1999 Inventions Agreement, Proctor Dec., Exh. 5 | The stated proposition is argumentative, irrelevant, misleading and an inaccurate summary of the evidence.  (Fed. R. Evid. 402, 403, 1006.). |
| 25.    Myers Tr. at 216:19-23, Zeller Dec., Exh. 12 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 23, *supra*. |
| 26.    Myers Tr. at 216:19-23, Zeller Dec., Exh. 12 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 23, *supra*. |

16

414436.02



| 28. Tomiyama Tr., dated Feb. 27, 2008 at 34:19-36:20; 37:25-39:8; 50:18-53:22, Zeller Dec., Exh. 15 | The stated proposition is an incomplete and inaccurate summary of Ms. Tomiyama's testimony. (Fed. R. Evid. 106, 402, 403, 1006.) |
|---|---|

Zeller Dec., Exh. 15 (Tomiyama Dep.), at 53:10-15

Pasko Tr. dated June 13, 2007 at 50:21-52:21, Zeller Dec. Exh. 16

The quoted language is taken out of context and the stated proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.)

Zeller Dec., Exh. 16 (Pasko Dep.), at 50:15-21 (emphasis added).

The cited evidence is also irrelevant as to Mr. Bryant's duties and responsibilities. (Fed. R. Evid. 402.) *See* Supp. Anderson Dec., Exh. 9 (Hoffman-Briggs Dep.) 230:20-231:6

17

414436.02

| | |
|---|---|
| Bryant Tr. Vol. 5 at 1093:14-1094:7, 1094:8-1095:13, Zeller Dec. Exh. 5 | The stated proposition is an inaccurate summary of Bryant's testimony and the cited evidence is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) |
| 30.    Tomiyama Tr. at 34:19-36:20; 37:25-39:8; 50:18-53:22, Zeller Dec. Exh. 15<br><br>Pasko Tr. dated June 13, 2007 at 50:21-52:21, Zeller Dec., Exh. 16<br><br>Bryant Tr. Vol. 5 at 1091:17-1093:12; 1093:14-1094:7; 1094:8-1095:13, Zeller Dec. Exh. 5 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 28, *supra.* |
| 31.    Tomiyama Tr. Vol. 1 at 34:16-36:20; 45:6-15; 46:9-21; 50:18-53:22, Zeller Dec. Exh. 15 | *See* objections and evidence set forth with respect to Mattel's Additional Material Fact ("AMF") No. 121, *infra.* |
| 33.    Tomiyama Tr. Vol. 1 at 34:16-36:20; 37:25-39:8; 45:6-15; 46:9-21; 50:18-53:22 Zeller Dec. Exh. 15<br>Pasko Tr. at 50:21-52:21 Zeller Dec. Exh. 16<br><br>Bryant Tr. Vol. 5 at 1093:14-1094:7; 1094:8-1095:1; 1091:17-1093:12, Zeller Dec. 5 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 28, *supra.* |
| 35.    Tomiyama Tr. Vol. 1 at 34:16-36:20; 45:6-15; 46:9-21; 50:18-53:22, Zeller Dec. Exh. 15 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 28, *supra.* |

18

414436.02

| | |
|---|---|
| Pasko Tr. at 50:21-52:21; 51:22-52:12 Zeller Dec., Zeller Dec. Exh. 16 <br><br> Bryant Tr. Vol. 5 at 1093:14-1094:7; 1094:8-1095:13, Zeller Dec. Exh. 5 | |
| 37.    Deposition Tr. of Margaret Leahy dated December 12, 2007 at 186:23-187:21 Zeller Dec. Exh. 18 | Mattel's summary of Margaret Leahy's testimony is inaccurate and misleading.  (Fed. R. Evid. 402, 403, 1006.) <br><br> [redacted] <br><br> Anderson Dec., Ex. 22, (Leahy Depo. Tr. at 179:12-180:8). |

414436.02

| | |
|---|---|
| | Additionally, Leahy testified that ███████████████████████████████████████ *Id.*, (at 183:22-185:10). |
| 38. Leahy Tr. Vol. 1 at 186:23-187:21 Zeller Dec. Exh. 18 | Mattel's summary of Margaret Leahy's testimony is inaccurate and misleading. (Fed. R. Evid. 402, 403, 1006.) *See* Objections and Evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 37, *supra.* |
| 39. Leahy Tr. Vol. 1 at 186:23-187:21, Zeller Dec. Exh. 18 | Mattel's summary of Margaret Leahy's testimony is inaccurate and misleading. (Fed. R. Evid. 402, 403, 1006.) *See* explanation and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 37, *supra.* |
| Tomiyama Tr. at 149:6-9, Zeller Dec. Exh. 15 | The stated proposition is misleading and an inaccurate summary. (Fed. R. Evid. 402, 403, 1006.) Tomiyama testified that Mattel employees were "aware of the fact that *Mattel was trying to claim* their inventions agreement *some rights* to what we did with our – our own time." not that Mattel employees were aware that they did not own projects they did on their own time. Zeller Dec., Exh. 15 (Tomiyama Depo. Tr. at 149:6-9 (emphasis added)). |
| J. Bryant Depo. Tr. at 83:20-86:22, Zeller Dec., Exh. 20. | The portion of Janet Bryant's testimony cited by Mattel is irrelevant and immaterial (Fed. R. Evid. 402, 403). Ms. Bryant never testified that Carter believed that Mattel owned his sketches. Rather, Ms. Bryant's testimony at most supports the proposition (not raised in Bryant's motion for partial summary judgment) that selling sketches could have interfered with some aspect of Bryant's contract with Mattel while he was working on a part-time basis in Missouri in 1998. Zeller Dec., Exh. 20 (J. Bryant), 84:6-7. Janet Bryant's testimony does not support the claim that Carter believed that Mattel owned his sketches.

The stated proposition is misleading and an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) Carter Bryant testified that ███████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ |

20

414436.02



Nolan Dec., Exh. 74 (Bryant Depo. Tr. at 28:24-29:9).

| | |
|---|---|
| 40. Leahy Tr. Vol. 1 at 186:23-187:21 Zeller Dec. Exh. 18 | Mattel's summary of Margaret Leahy's testimony is inaccurate and misleading. (Fed. R. Evid. 402, 403, 1006.) Leahy testified: |

21

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02



Anderson Decl., Ex. 22 (Leahy Depo. Tr, at 183:22-185:10 (emphasis added)).

| 47. Mattel's Responses to MGA's Fifth Set of Requests for Admission at Response No. 40, Anderson Dec., Exh. 12. | Mattel's Response to MGA's Fifth Set of Requests for Admission No. 40, Anderson Dec., Exh. 12, is inadmissible hearsay when offered by Mattel. (Fed. R. Evid. 802.) |
|---|---|
| 54. Bryant Tr. Vol. 1 at 143:12-16<br><br>Deposition of Carter Bryant in *Gunther Wahl Productions, Inc. v. Mattel, Inc.*, dated Sept. 9, 2003, at 89:23-90:7, Zeller Dec., Exh. 6. | The stated proposition is an inaccurate summary of Mr. Bryant's testimony and the cited evidence is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) Bryant testified that<br><br>Zeller Dec., Exh. 1 (Bryant Depo Tr. 139:23-140:2 |

414436.02



| | |
|---|---|
| | *Id.* (at 143:6-16  144:16-145:12 |
| | *Id.* (at 143:6-16 |
| | Furthermore, none of this evidence is relevant to any issue before the Court with respect to Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.) |
| 55. Deposition Tr. of Sheila Kyaw, Vol. I,, January 24, 2008,at 299:22-301:3, Corey Dec., Exh. 8. | The stated proposition is an inaccurate and misleading summary of Ms. Kyaw's deposition testimony. (Fed. R. Evid. 402, 402, 1006.)  Werdegar Dec., Exh. 7 (Kyaw Depo. Tr. at 300:24-3). |
| 56.   Mattel 1998 Offer letter Bates numbered M0001613-4, Zeller Dec. Exh. 11 | The stated proposition is an inaccurate summary. (Fed. R. Evid. 402, 403, 1006.) |
| 57.   Kaye Tr., Dec. 10, 2004, at 215:3-216:23, Zeller Dec., Exh. 65  Fontanella Tr., Jan. 16, 2008, at 26:11-28:3.  Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates Numbered M0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M0098322-3, Zeller Dec., Exh. 9, Deposition Tr. of Robert Hudnut Vol. 1, dated | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra.* |

414436.02

| | |
|---|---|
| July 13, 2007, at 209:14-211:15; 216:25-220:3, Zeller Dec. Exh. 10 | |
| 58.    1999 Inventions Agreement, Proctor Dec. Exh. 5 | The quoted language is taken out of context and Mattel's characterization of the agreement is argumentative, irrelevant and misleading.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 59.    Freed Depo. Tr. at 37:7-18, Zeller Dec., Exh. 57 | The cited evidence is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403.) |
| 60.    Tomiyama Tr. Vol. 1 at 34:16-36:20; 45:6-15; 46:9-21; 50:18-53:22, Zeller Dec. Exh. 15<br><br>Pasko Tr. at 50:21-52:21; 51:22-52:12 Zeller Dec., Zeller Dec. Exh. 16<br><br>Bryant Tr. Vol. 5 at 1093:14-1094:7; 1094:8-1095:13, Zeller Dec. Exh. 5 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 28, *supra.* |
| 61.    Mattel, Inc.'s Statement of Genuine Issues Regarding MGA Parties' [Proposed] Separate Statement of Undisputed Statements of Fact and Conclusions of Law at Additional Material Fact ("AMF") 81. | The stated proposition is argumentative and misleading and is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402; 403, 1006.)<br><br>The supporting evidence cited in Mattel's Statement of Genuine Issues re MGA, at AFM 81, *Larian v. Larian* Tr., Zeller Dec., Exh. 59, is inadmissible hearsay as to Bryant.  (Fed. R. Evid. 105, 802.)<br><br>Bryant also joins in MGA's evidentiary objections to the supporting evidence cited in Mattel's Statement of Genuine Issues re MGA, at AFM 81, to the extent also applicable to Bryant. |
| 62.    Bryant Tr. Vol. 3 at 666:5-667:9, Corey Dec., Exh. 3<br><br>Bryant Tr. Vol. 1 at 165:6-8, 166:10-170:15 , Corey Dec., Exh. 1<br><br>Deposition Transcript of Carter Bryant, Vol. 4 | The stated proposition is argumentative and misleading and is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |

414436.02

| | |
|---|---|
| ("Bryant Tr. Vol. 4"), dated January 23, 2008, at 817:8-19 Corey Dec., Exh. 4 | |
| 63.<br><br>Bryant Tr. Vol. 1 at 169:18-170:10 Zeller Dec., Exh. 1. | The stated proposition is argumentative and misleading and is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.)<br><br>The cited testimony is inaccurate and an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) ▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮<br><br>▮▮▮ Zeller Dec., Exh. 4 (Bryant Depo. Tr. at 169:22-24, 170:3-10); Exh. 85 (Kyaw Depo Tr. at 174:19-175:7, 175:23-176:8, 259:17-19 ▮▮▮▮▮▮<br>▮▮▮▮▮ |
| 64.<br><br><br>Bratz designs with March and April 2000 fax headers, Bates-numbered KMW-M 01647-8, MGA HK 0001928, MGA HK 0001935, KMW-M 007726, KMW-M 007729, KMW-M 007734 & BRYANT 00167, Proctor Dec.,<br><br>Bryant Tr. Vol. 2 at 317:17-23, Corey Dec., Exh. 2 | The stated proposition is argumentative and misleading and is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) ▮▮▮▮▮▮<br>▮▮▮▮▮<br><br>Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)<br><br>This evidence is also irrelevant. (Fed. R. Evid. 402.) Mattel offers no evidence that the fax header dates referenced are accurate or that the faxes were actually sent on those dates.<br><br>Mattel's summary of Bryant's testimony is incomplete and inaccurate. (Fed. R. Evid. 402, 403, 1006.) ▮▮<br>▮▮▮▮▮ |
| 65. | The stated proposition is argumentative and misleading and is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary |

414436.02

| | | |
|---|---|---|
| | | Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| | Bryant Tr. Vol. 1 at 71:10-76:21, 107:19-110:11, Zeller Dec., Exh. 1 | |
| | Bryant Tr. Vol. 2 at 341:18-342:11 Corey Dec., Exh. 2 | The cited evidence is an incomplete and inaccurate summary of Mr. Bryant's testimony.  (Fed. R. Evid. 106, 402, 403, 1006.)  Mr. Bryant testified that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮  Corey Dec. Exh. 2 (Bryant Depo. Tr. Vol. 2 at 342:5-6). |
| | 66. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| | 67. | The stated proposition and underlying evidence is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.) |
| | Mattel phone records (M 0001820-24), attached as Exhibit 1 to the Declaration of Rodney Palmer, Jr. ("Palmer Dec."), dated March 6, 2008 | |
| | 68. | The stated proposition is argumentative and misleading and is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| | Drawing Bates-numbered BRYANT 00273 and a photograph of BRYANT 00273 marked as Exhibit 717 in this action, Zeller Dec., Exh. 24; BRYANT 00228 and a photograph of BRYANT 00228 marked as Exhibit 719 in this action, Zeller Dec., Exh. 25; BRYANT 00221 and a photograph of BRYANT 00221 marked as Exhibit 722 in this action, Zeller Dec., | Mr. Zeller lacks personal knowledge of the preparation and authenticity of the cited evidence.  (Fed. R. Evid. 602.)  Furthermore, the documents are not properly authenticated. (Fed. R. Evid. 901.) |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| Exh. 26; BRYANT 00297 and a photograph of BRYANT 00297 marked as Exhibit 725 in this action, Zeller Dec., Exh. 27 | |
| 69. | The stated proposition is argumentative and misleading. (Fed. R. Evid. 402, 403, 1006.) *See also,* Bryant's Statement of Genuine Issues Regarding Mattel's Motion for Partial Summary Judgment ("Bryant SGI"), ¶ 21 and evidentiary objections therein. |
| Bryant Tr. Vol. 2 at 350:16-25, Corey Dec., Exh. 2 | |
| BRYANT 00278, Zeller Dec., Exh. 28; | Mr. Zeller lacks personal knowledge of the preparation and authenticity of the cited evidence. (Fed. R. Evid. 602.) Furthermore, the documents are not properly authenticated. (Fed. R. Evid. 901.) |
| 70. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Collection of drawings marked as Exhibit 323 in this action at SL00044, Proctor Dec., Exh. 16 | Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited document. (Fed. R. Evid. 602.) Furthermore, the documents are not properly authenticated. (Fed. R. Evid. 901.) |
| Deposition Transcript of Steven Linker ("Linker Tr."), dated September 13, 2006 at 77:11-13; 89:11-21, Corey Dec., Exh. 9 | The cited testimony constitutes improper lay opinion (Fed. R. Evid. 701.) The witness also lacks foundation as to whether ███████████████████████ (Fed. R. Evid. 602.) |
| 71. | The stated proposition is argumentative and inaccurate and is not relevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Collection of Bratz drawings marked as Exhibit 2 in this action, Proctor Dec., Exh. 73 | Objection. Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited document. (Fed. R. Evid. 602.) Furthermore, the documents are not properly authenticated. (Fed. R. Evid. 901.) |
| Bryant Tr. Vol. 2 at 296:4-297:12 Zeller | Mattel's summary of Bryant's testimony is inaccurate and misleading. |

27

414436.02

| | |
|---|---|
| Dec., Exh. 2 | |
| Werdeger [sic] letter to Proctor, dated February 27, 2008, Proctor Dec., Exh. 120 | Statements of counsel are not admissible evidence, and courts have rejected attempts to introduce such statements to either support or defend against motions for summary judgment. *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (alternative arguments by counsel "are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment.") (*citing Estrella v. Brandt*, 682 F.2d 814, 819-20 (9th Cir. 1982); *Exeter Bankcorporation, Inc. v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (*citing U.S. v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994)); *see also In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."); *In re Lang*, 293 B.R. 501, 513 (10th Cir. BAP 2003) ("Counsel's statements in a brief or during a trial are not evidence.'); *United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."). |
| 72. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Bryant Tr. Vol. 4 at 885:3-18, Zeller Dec., Exh. 4 | The stated proposition is argumentative and mischaracterizes Bryant's testimony. (Fed. R. Evid. 402, 403, 1006.) *See* Bryant SGI ¶ 81 and evidentiary objections therein. |
| 73. | The stated proposition is the stated proposition is argumentative and misleading  and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 402, 1006.) |
| Facsimile from Bryant to David Rosenbaum, Bates-numbered MGA007337-40, Proctor Dec., Exh. 86 | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| 74.    MGA's [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Their Motion for Partial Summary Judgment ("MGA UF") at ¶¶ 8-9, 11-12 | The stated proposition is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.)<br><br>Bryant also joins in the MGA parties's evidentiary objections to the supporting evidence cited in Mattel's Statement of Uncontroverted Facts re MGA, at ¶¶ 8-9, 11-12, to the extent also applicable to Bryant. |

28

414436.02

| | |
|---|---|
| 75. | The stated proposition and underlying evidence is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.) |
| Agreement between Carter Bryant and MGA ("Bryant-MGA Agreement") at 1, Bates-numbered BRYANT 00794-799, Zeller Dec., Exh. 30 | Mr. Zeller lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| 76.    Bryant-MGA Agreement at ¶ 3(a), Zeller Dec., Exh. 30 | *See* objections and evidence set forth with respect to Mattel's AMF No. 75, *supra.* |
| 77.    Mattel's Employee Confidential Information and Inventions Agreement at ¶2 (a) ("Inventions Agreement"), Bates-numbered M 0001596, Zeller Dec., Exh. 31 | The quoted language is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 78.    Conflict of Interest Questionnaire ("COI Questionnaire"), Bates-numbered M 0001621, Zeller Dec., Exh. 32 | The stated proposition is irrelevant and misleading (Fed. R. Evid. 402, 403, 1006).  The cited evidence is also irrelevant and misleading because the questionnaire is not an enforceable agreement, and contrary to Mattel's implication, did not impose any binding contractual duties on Bryant.  (Fed. R. Evid. 402, 403). |
| 80.    News article about Teen Skipper, Bates-numbered BRYANT 00943-4 (noting Bryant at BRYANT 00944), Zeller Dec., Exh. 35.  Bryant's cover letter to Hasbro, dated July 14, 1998, Bates-numbered BRYANT 00377 Zeller Dec., Exh. 36  Bryant's Resume, Bates-numbered BRYANT 00871-2, Zeller Dec., Exh. 37 | The stated proposition and underlying evidence is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.)  Mr. Zeller lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) The cited evidence is also incomplete excerpts.  (Fed. R. Evid. 106, 402, 403.) |

414436.02

| | |
|---|---|
| Bryant's Cover Letter to Leggett & Platt, Bates-numbered BRYANT 04647, Zeller Dec., Exh. 38 | |
| 81.    Bryant's cover letter to Leggett & Platt, Inc., dated May 27, 1998, Bates-numbered BRYANT 04674, Zeller Dec., Exh. 38 | The stated proposition and underlying evidence is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.)<br><br>Mr. Zeller lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| 82.    J. Bryant Vol. 1 at 83:20-86:22; Zeller Dec., Exh. 20. | The portion of Janet Bryant's testimony cited by Mattel is irrelevant and immaterial. (Fed. R. Evid. 402, 403). Ms. Bryant never testified that Carter believed that Mattel owned his sketches.  Rather, Ms. Bryant's testimony at most supports the proposition (not raised in Bryant's motion for partial summary judgment) that selling sketches could have interfered with some aspect of Bryant's contract with Mattel while he was working on a part-time basis in Missouri in 1998.  Zeller Dec., Exh. 20 (J. Bryant), 84:6-7. Janet Bryant's testimony does not support the claim that Carter believed that Mattel owned his sketches. |
| 83.    E-mail exchange between Bryant and Veronica and Peter Marlow, Bates-numbered KMW-M 007635-8, at 007636 Zeller Dec., Exh. 13 | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.)<br><br>The stated proposition also is argumentative and misleading.  (Fed. R. Evid. 106, 402, 403, 1006.)<br><br>Bryant's purported understanding in 2001 of his entirely different agreement with MGA does not raise a dispute as to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403.) |
| 85.<br><br>Irmen Depo, Tr. dated Sept, 28, 2007 at 46:6-48:16, Zeller Dec., Exh. 39 | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.)<br><br>The stated proposition mischaracterizes the evidence and the transcripts are incomplete excerpts.  (Fed. R. Evid. 402, 403, 1006.)<br><br>The testimony concerning why Bryant left Mattel in |

414436.02

| | |
|---|---|
| J. Bryant Depo. Yt. At 23:14-25:13, Zeller Dec., Exh. 20<br><br>Bryant Vol. 1 Depo. Tr. at 145:13-146:13, Zeller Dec., Exh. 1. | late 1997/early 1998 is consistent. ███████████████████ ███████████████████ ███████████████████ Zeller Dec., Exh. 20 (Bryant Depo. Tr. at 145:15-19). ███████████████████ ██████ Supp. Anderson Dec., Exh. 19 (Irmen Depo. Tr. at 43:16-20). Similarly, Janet Bryant testified:<br>Q. And back in that time period when Carter was living with you in Kimberling City, Missouri, what was your understanding as to why he had moved back?<br>A. I think he was tired of corporate life. I don't know all of his reasons.<br>Q. Now, I understand you may not know all of his reasons. If you could please tell me your best understanding of why?<br>A. I think he had burnout, was tired, wanted to do something on his own.<br>Zeller Dec., Exh. 20 (J. Bryant Depo. Tr. at 23:14-24). |
| 86.<br><br>Bryant Tr. Vol. 1 at 140:9-141:14, 149:2-15 Zeller Dec., Exh. 1 | The stated proposition and underlying evidence is not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.)<br><br>The stated proposition is an inaccurate summary of Bryant's deposition testimony and the transcript is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) ███████████████████ ██████ Zeller Dec., Exh. 1 (Bryant Depo. Tr. Vol. 1 at 149:2-15); see also, Werdegar Dec., Exh. 1 (Bryant Depo. Tr. at 151:12-153:15). |
| 87.<br><br>Expert Report of William Flynn ("Flynn Report"), dated February 11, 2008, at 7, 8; | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.)<br><br>The stated proposition is taken out of context and mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.) The report is also inadmissible hearsay. (Fed. R. Evid. 802.) See also, MGA Reply SGI, ¶85. |
| 88. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |

414436.02

| | |
|---|---|
| Expert Report of Lloyd Cunningham ("Cunningham Report"), dated February 11, 2008, at 2, 4. | The quoted language is taken out of context and mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.)  The report is also inadmissible hearsay. (Fed. R. Evid. 802.)  Furthermore, the evidence is not attached to a declaration, as required by  L.R. 7-6.  *See also*, MGA Reply SGI, ¶89. |
| Pen-Tab Spiral Notebook referenced in Cunningham's Report, marked as Exhibit 1155 in these proceedings, Zeller Dec., Exh. 40 | Lacks foundation.  Mr. Zeller lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) The notebook is also inadmissible hearsay. (Fed. R. Evid. 802.)  Furthermore, the evidence is not attached to a declaration, as required by  L.R. 7-6. |
| 89 | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| Expert Report of Valery Aginsky ("Aginsky Report") dated February 8, 2008, at 3-4, 7, 8 | The quoted language is taken out of context and mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.)  The report is also inadmissible hearsay. (Fed. R. Evid. 802.)  Furthermore, the evidence is not attached to a declaration, as required by  L.R. 7-6. |
| 90. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| BRYANT 00222-34, Zeller Dec., Exh. 41 | Lacks foundation.  Mr. Zeller lacks personal knowledge of the preparation and authenticity of the cited evidence.  (Fed. R. Evid. 602, 901.) |
| Bryant Vol. 2 at 297:17-301:7, Zeller Dec., Exh. 2 | The cited evidence is an inaccurate and incomplete summary of Mr. Bryant's deposition testimony.  (Fed. R. Evid. 106, 402, 403, 1006.) ██████████████████████ ████████████ Zeller Dec., Exh. 2 (Bryant Depo Tr. at 298:19-20.) |
| 92. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| BRYANT 00310-19, | Lacks foundation.  Mr. Zeller lacks personal |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| marked as Exhibit 2 in these proceedings, Proctor Dec., Exh. 73 | knowledge of the preparation and authenticity of the cited evidence.  (Fed. R. Evid. 602, 901.) |
| 94. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.) |
| J. Bryant Vol. 1 at 160:14-161:1; 198:3-12, Zeller Dec., Exh. 20 | The stated proposition is an inaccurate and misleading summary of Ms. Bryant's testimony and the transcript is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.)  With respect to BRYANT 00164, Janet Bryant testified that she could not clearly recall whether or not she had seen that drawing in 1998: <br><br> Q.  Is this a drawing that you saw while Carter was living with you there in Kimberling City? <br> A.  I can't say for certain. <br><br> Zeller Dec., Exh. 20 (J. Bryant Vol. 1 Depo. Tr. at 160:21-23). <br><br> Similarly, with respect to BRYANT 00179, Janet Bryant testified that she could not recall whether or not she saw that drawing in 1998: <br><br> Q.  (By Mr. Zeller)  Is Exhibit 751 a drawing that you saw back at the time when Carter was living with you in Kimberling City? <br> A.  I can't say for sure. <br> Q.  So you don't know one way or another? <br> A.  No. <br><br> Zeller Dec., Exh. 20 (J. Bryant Vol. 1 at 198:7-12).  Notably, Janet Bryant did *not* testify that she had not seen BRYANT 00179 in 1998. |
| 97.   1995 Inventions Agreement, Zeller Dec., Exh. 33 | The stated proposition is inaccurate and misleading and is not relevant to any issue before this Court with respect to Bryant's motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403).  *Compare* Inventions Agreement, Zeller Dec., Exh. 31 *with* 1995 Inventions Agreement, Zeller Dec., Exh. 33. |
| 98.   Rosenbaum Tr. at 231:3-16, Zeller Dec., Exh. 75; | Mr. Rosenbaum lacks personal knowledge of whether the agreement is "█████████" (Fed. R. Evid. 602.) |

414436.02

| | |
|---|---|
| Expert Report of Stein at ¶ 3, Stein Dec., Exh. 1; | The quoted language is taken out of context and mischaracterizes the evidence.  The report is also inadmissible hearsay. (Fed. R. Evid. 802.) Furthermore, the evidence is not attached to a declaration, as required by  L.R. 7-6. |
| Expert Report of McRae at ¶ 7, McRae Dec., Exh. 2 | The quoted language is taken out of context and mischaracterizes the evidence.  The report is also inadmissible hearsay. (Fed. R. Evid. 802.) Furthermore, the evidence is not attached to a declaration, as required by  L.R. 7-6. |
| 99.   Kaye Tr., Dec. 10, 2004, at 215:3-216:23, Zeller Dec., Exh. 65<br><br>Fontanella Tr. at 26:11-28:3<br><br>Hudnut Agreement, Bates-numbered M 0098318-9, Zeller Dec., Exh. 7; Hudnut's side letter, Bates-numbered M 0098320-1, Zeller Dec., Exh. 8; Hudnut's Questionnaire, Bates-numbered M 0098322-3, Zeller Dec., Exh. 9; Hudnut Tr. at 209:14-211:15, 216:25-220:3, Zeller Dec., Exh. 10 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 11, *supra*. |
| 100.   Leahy Tr. Vol. 1 at 186:23-187:5, Zeller Dec., Exh. 18 | The stated proposition is a misleading and inaccurate summary of Ms. Leahy's deposition testimony and the cited transcript is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.) ▮▮▮▮▮▮ ▮▮▮▮▮▮ Moreover, even if Leahy had so testified (which she did not), Mattel has cited no evidence that any Leahy's understanding coincides with Mattel's current interpretation of Bryant's Employee Agreement. |
| 101.   Deposition Transcript of Edmond Lee Vol. 1 ("Lee Tr. Vol. 1"), dated October 4, 2007, at 65:14-70:8, Zeller Dec., Exh. 42 | The stated proposition is a misleading and inaccurate summary of Mr. Lee's deposition testimony and the cited testimony is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.) ▮▮▮▮▮▮ Nor is the scope of the MGA agreement relevant to any issue before this Court regarding Carter Bryant's |

414436.02

| | |
|---|---|
| | Motion for Partial Summary Judgment. |
| 102. Collection of documents referencing Kami Gillmour's Confidentiality and Inventions Agreement with MGA, Bates-numbered MGA 0886848-51 Zeller Dec., Exh. 43. | Mr. Zeller lacks personal knowledge of the preparation and authenticity of the cited evidence. (Fed. R. Evid. 602.) Furthermore, the evidence refers to Gillmour's agreement with MGA and is irrelevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.. (Fed. R. Evid. 402, 403.) |
| Garcia's offer letter and employment terms, Bates-numbered MGA 0876578-85 and marked as Exhibit 1117 in these proceedings, Zeller Dec., Exh. 44 | Mr. Zeller lacks personal knowledge of the preparation and authenticity of the cited evidence. (Fed. R. Evid. 602.) Furthermore, the evidence refers to Garcia's agreement with MGA and is irrelevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403.) |
| Deposition Transcript of Paula Garcia Vol. 4 ("Garcia Tr. Vol. 4"), dated October 10, 2007, at 1219:21-1222:15, Zeller Dec., Exh. 45 | The stated proposition mischaracterizes Ms. Garcia's deposition testimony. (Fed. R. Evid. 402, 403, 1006.) ████████████████████████████ Moreover, the scope of the MGA agreement is not relevant to any issue before this Court regarding Carter Bryant's Motion for Partial Summary Judgment |
| 103. Bryant-MGA Agreement at ¶ 3 (a), Zeller Dec., Exh. 30 | *See* objections and evidence set forth with respect to Mattel's AMF No. 75, *supra*. |
| 104. Bryant-MGA Agreement at ¶ 2, Zeller Dec., Exh. 30 | *See* objections and evidence set forth with respect to Mattel's AMF No. 75, *supra*. |
| 105. | The stated proposition is argumentative and misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Deposition Transcript of Victoria O'Connor Confidential ("O'Connor Tr. Conf"), dated December 6, 2004, at 79:3-11 Zeller Dec., Exh. 46 | O'Connor's testimony regarding what Isaac Larian may or may not have said is inadmissible hearsay as to Bryant. (Fed. R. Evid. 802.). |
| 107. Myers Tr. Vol. 1 at 216:19-23, Zeller Dec., Exh. 12 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 23, *supra*. |
| 108. Inventions Agreement. Zeller Dec.. | The stated proposition is taken out of context and mischaracterizes the evidence. (Fed. R. Evid. 106. |

35

414436.02

| | |
|---|---|
| Exh. 31 | 402, 403, 1006.) |
| 109.   Inventions Agreement, Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 110.   Inventions Agreement, Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) *See* Bryant SGI, ¶ 67 and evidentiary objections therein. |
| 111.   Inventions Agreement at ¶ 2(b), Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 112.   Inventions Agreement at ¶ 2(b), Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 113.   Inventions Agreement at ¶ 1(a)-(d), Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 114.   Inventions Agreement at ¶ 3(a), Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 115.   Inventions Agreement at ¶ 3(a), Zeller Dec., Exh. 31 | The stated proposition is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 116.   COI Questionnaire, Zeller Dec., Exh. 32 | The stated proposition is taken out of context and the cited evidence is irrelevant and misleading because the questionnaire is not an enforceable agreement, and contrary to Mattel's implication, did not impose any binding contractual duties on Bryant.  (Fed. R. Evid. 106, 402, 403, 1006.) |
| 118.   Bryant Tr. Vol. 3 at 648:14-650:25, Zeller Dec., Exh. 3<br><br>Bryant Tr. Vol. 4 at 858:11-859:24, Zeller Dec., Exh. 4 | The stated proposition is argumentative and misleading.  (Fed. R. Evid. 402, 403, 1006.)  The cited evidence is an incomplete and inaccurate summary of Mr. Bryant's deposition testimony.  (Fed. R. Evid. 106, 402, 403, 1006.) ████████████████ ████████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████  The cited deposition testimony is not inconsistent. |

36

414436.02

| | |
|---|---|
| 119.  Bryant Tr. Vol. 4 at 885:3-8, Zeller Dec., Exh. 4 | The alleged admission is false and mischaracterizes Mr. Bryant's deposition testimony.  (Fed. R. 106, 402, 403, 1006.) The recitation of the evidence is argumentative in that ▮▮▮▮▮▮▮▮ |
| 120.  Bryant Tr. Vol. 1 at 14:20-16:8; 17:5-6 Corey Dec., Exh. 1

Bryant Tr. Vol. 4 at 822:1-826:20; 828:11-830:15, Corey Dec., Exh. 7

Bryant Tr. Vol. 5 at 1095:15- 1097:4, Corey Dec., Exh. 5 | Mattel mischaracterizes and misrepresents Mr. Bryant's testimony in an argumentative and misleading fashion.  (Fed. R. Evid. 402, 403, 1006.)  Mr. Bryant never testified that ▮▮▮▮▮▮▮▮▮▮▮

The language contained within this "fact" is pure argument.

Indeed, Bryant was ▮▮▮▮▮▮▮▮▮▮▮

(*See* Bryant UF ¶¶ 27-36; Bryant Opp'n at III.C.2(b)(ii).) |
| 121.  Tomiyama Tr. at 46:9-21, Zeller Dec., Exh. 15 | The stated proposition is an incomplete and inaccurate summary of Ms. Tomiyama's testimony.  (Fed. R. Evid. 106, 402, 403, 1006). ▮▮▮▮▮▮▮▮▮

Specifically, Tomiyama testified: ▮▮▮▮▮▮▮▮▮▮▮ |

414436.02

| | |
|---|---|
| | ████████████████████████ |
| | Zeller Dec. (Tomiyama Depo. Tr., at 45:16-46:3). |
| 122.   Tomiyama Tr. at 34:16-36:20, Zeller Dec., Exh. 15 | Mattel mischaracterizes and misrepresents Ms. Tomiyama's testimony in an argumentative fashion. (Fed. R. Evid. 402, 403, 1006.) Ms. Tomiyama did not testify that ████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ █████████████████████████████       Zeller Dec., Exh. 15 (Tomiyama Depo. at 35:4-10) (emphasis added). |
| 123.   Tomiyama Tr. at 45:6-16, Zeller Dec., Exh. 15 | The stated proposition is an incomplete and inaccurate summary of Ms. Tomiyama's testimony.  (Fed. R. Evid. 402, 403, 1006.)  Ms. Tomiyama testified: ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Zeller Dec., Exh. 15 (Tomiyama Depo. Tr. at 45:16-46:3). |
| 124.   Bryant's invoice dated August 31, 2000 and marked as Exhibit 593 in this action, Proctor Dec., Exh. 76 | The stated proposition and underlying evidence is not relevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment.  Mr. Proctor lacks personal knowledge of the cited documentary evidence, which has not been properly authenticated..  (Fed. R. Evid. 602, 901.) |

38

414436.02

| | |
|---|---|
| Brode Percipient Tr. at 117:10-118:6, | The stated proposition mischaracterizes Ms. Brode's deposition testimony. (Fed. R. Evid. 402, 403, 1006.) |
| Corey Dec., Exh. 21 internal MGA e-mail regarding setting Bryant up as a vendor, Bates-numbered MGA 001291, Proctor Dec., Exh. 89 | Mr. Corey lacks personal knowledge of the cited evidence, which has not been properly authenticated. (Fed. R. Evid. 602, 901.) Also, to the extent that Mattel is offering this email to prove that Bryant was set up as a vendor, it constitutes inadmissible hearsay. (Fed. R. 802.) |
| Deposition Transcript of MGA Designee Kerri Brode ("Brode Designee Tr.") dated January 19, 2007, at 53:6-14, Corey Dec., Exh. 26 | |
| Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses, Bates-numbered MGA 3786749-60, Proctor Dec., Exh. 111 | Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence, which has not been properly authenticated. (Fed. R. Evid. 602, 901.) |
| 125.   Leahy Tr. Vol. 1 at 158:3-8 Zeller Dec., Exh. 18; id. at 222:8-19 Zeller Dec., Exh. 18 | The stated proposition is inaccurate and misleading and the cited testimony is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) Zeller Dec., Exh. 18 (Leahy Tr. Vol. 1 at 158:3-8 (regarding first sculpt)). Nolan Dec., Ex. 87 (Leahy Depo. Tr. at 152:10-11.) *Id.* (at 155:1-2.) She also testified that *Id.* (at 222:8-19). |

39

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| 126.   Facsimile from Bryant to Universal Commerce Corp., Bates-numbered BRYANT 01200-03, Zeller Dec., Exh. 47 | The proposition is irrelevant to any issue before this Court regarding Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403.)  It is also inaccurate summary and the evidence is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Zeller Dec., Exh. 47 (emphasis added). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The cited evidence is also inadmissible hearsay if offered to prove that ▮▮▮▮▮▮▮▮▮ (Fed. R. Evid. 802.) |
| 127. | The stated proposition is irrelevant to any issue before this Court regarding Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403.) |
| October 12, 2000 e-mail from Liz Hogan to Paula Treantafelles and Carter Bryant, copy to Steve Linker, Bates-numbered SL00001, Zeller Dec., Exh. 48 | Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The cited evidence is also inadmissible hearsay if offered to prove that ▮▮▮▮▮▮▮▮▮▮▮ (Fed. R. Evid. 802.) |
| Linker Tr. Vol. 1 at 57:7-21; 66:16-67:9, Corey Dec. Exh. 9 | The stated proposition is an incomplete and inaccurate summary of Mr. Linker's deposition testimony.  (Fed. R. Evid. 106, 402, 403, 1006.)  The Linker deposition testimony cited by Mattel does not in any way indicate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Linker Tr. Vol. 1 at 57:7-21, Corey Dec. Exh. 9; Linker Tr. Vol. 1 at 66:16-67:9, Corey Dec., Exh. 9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Zeller Dec., Ex. 50 (Linker Depo. Tr. at 60:6-8). |
| October 14, 2000 e-mail from Hogan to Treantafelles copying Linker, Bates-numbered SL00005-7, Zeller Dec., Exh. 49 Bryant Tr. Vol. 1 at 221:21-222:11 Corey | Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The stated proposition and underlying evidence is irrelevant to any issue before this Court regarding Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403.)  The cited evidence is also inadmissible hearsay if offered to prove that ▮▮▮▮▮▮▮▮ (Fed. R. |

40

414436.02

| | |
|---|---|
| Dec., Exh. 1 | Evid. 802.) |
| 128. | The stated proposition is misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Linker Tr. Vol. 1 at 63:22-64:3; 64:4-9 Zeller Dec., Exh. 50. | Lack of foundation as to whether Bryant "misrepresented" any fact. (Fed. R. Evid. 602.) Moreover, the factual statement mischaracterizes the cited evidence. (Fed. R. Evid. 402, 403, 1006.) ██████████ ██████████ Supp. Anderson Dec., Exh. 20 (Linker Depo. Tr. 60:6-8). ██████████ Zeller Dec., Exh. 50 (Linker Depo. Tr. at 63:22-64:3). ██████████ *See* Bryant SGI ¶ 78. |
| 129.   Bryant Tr. Vol. 1 at 208:22-24, Corey Dec., Exh. 1 | *See* Bryant SGI ¶ 78 and evidentiary objections therein. |
| 130.   Deposition Transcript of Sandra Yonemoto, Confidential ("Yonemoto Conf. Tr. Vol. 1"), dated May 30, 2007, at 67:16-19, Corey Dec., Exh 28 | The stated proposition mischaracterizes the testimony in that Ms. Yonemoto testifies ██████████ ██████████ Moreover, the cited testimony contains speculation. (Fed. R. Evid. 402, 403, 1006.) *See also*, Bryant SGI ¶ 79 and evidentiary objections therein. |
| 131.   Bryant Tr. Vol. 1 at 209:16-17 Corey Dec., Exh. 1 | The stated proposition mischaracterizes the testimony. (Fed. R. 402, 403, 1006.) *See also*, Bryant SGI ¶ 101 and evidentiary objections therein. |
| Deposition Transcript of Jill Nordquist ("Nordquist Tr."), dated July 31, 2007, at 127:22-128:9; 145:1-9 Corey Dec., Exh. 30 | The stated proposition mischaracterizes the testimony. (Fed. R. 402, 403, 1006.) *See also*, Bryant SGI ¶ 101 and evidentiary objections therein. |
| Deposition Transcript of Ivy Ross ("Ross Tr."), dated January 17, 2008, at 87:5-23;88:17-19; 220:5-12, Corey Dec., Exh. 31 | The stated proposition mischaracterizes the testimony. (Fed. R. 402, 403, 1006.) *See also*, Bryant SGI ¶ 101 and evidentiary objections therein. The evidence also contains inadmissible hearsay as to ██████████ ██████████ (Fed. R. Evid. 802.) |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | | |
|---|---|---|
| 132.   Nordquist Tr. Vol. 1 at 125:20-126:6, Zeller Dec., Exh. 51 | The evidence contains inadmissible hearsay as to ▮▮▮ ▮▮▮▮▮▮ (Fed. R. Evid. 802.) | |
| 133.   O'Connor Conf. Tr., dated December 6, 2004, at 18:13-18, Corey Dec., Exh. 14 | Mattel mischaracterizes the cited testimony.  (Fed. R. Evid. 402, 403, 1006.)  Ms. O'Connor does not use the term ▮▮▮▮▮.<br><br>Moreover, the evidence lacks foundation the extent it is offered to show Larian's state of mind as to Bryant's employment status with Mattel.  (Fed. R. Evid. 602.) | |
| 134.   MGA spreadsheet listing former Mattel employees, Bates-numbered MGA 1134723-30, at 26, Proctor Dec., Exh. 112 | The evidence is irrelevant to any issue before this Court regarding Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403.)<br><br>Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)<br><br>The cited evidence is hearsay as to Bryant to the extent it is offered for the truth of the matter asserted.  (Fed. R. Evid. 801, 802). | |
| 135.   Deposition Transcript of Rachel Harris Vol. 1 ("Rachel Harris Tr. Vol. 1"), dated February 26, 2008, at 170:12-172:10; 262:25-263:17, Zeller Dec., Exh. 52 | The cited evidence is hearsay as to Bryant to the extent it is offered for the truth of the matter asserted.  (Fed. R. Evid. 801, 802). | |
| 136.   E-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22, Proctor Dec., Exh. 97 | Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)  Furthermore, the proposition is inaccurate and misleading, as the email ▮▮▮▮▮▮▮▮▮▮ (Fed. R. Evid. 402, 403, 1006.)<br><br>The cited evidence is hearsay as to Bryant to the extent it is offered for the truth of the matter asserted.  (Fed. R. Evid. 801, 802). | |
| 137.   Rachel Harris Tr. Vol. 1 at 265:24-267:15, Zeller Dec., Exh. 52 | The cited evidence is hearsay as to Bryant to the extent it is offered for the truth of the matter asserted.  (Fed. R. Evid. 801, 802). | |
| 138.   E-mail from Isaac Larian to Dee Dee Valencia dated February 6, 2003, Bates-numbered MGA 3801558-9, Proctor Dec., Exh. 98 | Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)  Furthermore, the stated proposition is inaccurate and misleading in that ▮▮▮▮▮▮▮▮▮▮ (Fed. R. Evid. 402, 403, 1006.)  The e-mail is also inadmissible hearsay if offered to show that ▮▮▮▮▮▮ (Fed. R. Evid. 802.) | |
| 139.   Affidavit of Isaac | Hearsay as to Bryant.  (Fed. R. Evid. 105; 801.)  Not | |

42

414436.02

| | | |
|---|---|---|
| 1 | Larian in *MGA v. Metson* at p. 2, ¶ 8, Bates-numbered MGA 0868039-91 Proctor Dec., Exh. 99; Woodman Tr. Vol 1 at 218:1-21, Corey Dec., Exh. 17; Business Week article discussing Mattel and Bratz, Bates-numbered M 0074054-6, Zeller Dec., Exh. 53; San Fernando Valley Business Journal article discussing Larian, (Larian states "It was Jason's idea for Bratz."), Zeller Dec., Exh. 54. | party admission(s) as to Bryant. (Fed. R. Evid. 801(d)(2).) Not offered by Mattel as prior inconsistent statement(s) of Larian. (Fed. R. Evid. 801(d)(1).) As for the Affidavit of Mr. Larian in *MGA v. Metson*, the former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case. (Fed. R. Evid. 804(b)(1).)

The cited evidence is irrelevant as to who created the idea of BRATZ. Furthermore, it lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| 10-25 | Similarly, Larian represented to the U.S. Patent and Trademark Office that he had created the Bratz feet and packaging: U.S. patent application for Bratz feet marked as Exhibit 500 in this action, Proctor Dec., Exh. 101; Amendment to U.S. patent application for Bratz feet marked as Exhibit 548 in this action, Proctor Dec., Exh. 102; Patent for trapezoidal packaging marked as Exhibit 552 in this action, Proctor Dec., Exh. 103; Patent application for trapezoidal packaging marked as Exhibit 615 in this action, Proctor Dec., Exh. 104. See also e-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22 Proctor Dec., Exh 97 | |
| 26-27 | 140. MGA Entertainment, Inc.'s Supplemental and | Hearsay as to Bryant. (Fed. R. Evid. 105, 802.) |

43

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment, Inc., Proctor Dec., Exh. 106 | |
| 142.   Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17 | The stated proposition is an inaccurate summary of Ms. Cloonan's deposition testimony and the transcript is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.)  Ms. Cloonan testified that ███████ ███████ Specifically, she testified: ███████ Zeller Dec., Exh. 17 (Cloonan Depo. Tr. at 101:6-17). |
| 145.   Carter Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants at 35, Proctor Dec., Exh. 88 | The stated proposition is argumentative and misleading.  (Fed. R. Evid. 402, 403, 1006.)  *See* objections and evidence set forth with respect to Mattel's AMF No. 147, *infra*. |
| 146.   Leahy Tr. Vol. 1 at 186:23-187:21, Zeller Dec., Exh. 18 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 40, *supra*. |
| 147.   Veronica Marlow's deposition ("Marlow Tr."), on December 28, 2007, at 286:23-290:13, 306:14-308:1, 363:15-364:9, Zeller Dec., Exh. 21<br><br>Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec., Exh. 2<br><br>Deposition Transcript of Lisa Tonnu Vol. 2 | The stated proposition is argumentative and misleading.  (Fed. R. Evid. 402, 403, 1006.)  Bryant testified that █████ Corey Dec., Exh. 4 (Bryant Depo. Tr. at  831:11-23).<br><br>Marlow testified that █████ Specifically, she testified: █████ |

414436.02

| | |
|---|---|
| ("Tonnu Tr. Vol. 2"), dated, at 301:2-17, Zeller Dec., Exh. 22;<br><br>MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23. |  |
| | Zeller Dec. Exh. 21 (Marlow Depo. Tr. at 295:15-22).<br><br>In the portion of Bryant's deposition testimony cited by Mattel, he testifies that ███████ Zeller, Dec., Exh. 2 (Bryant Depo. Tr. at 286:25-287:5). ██████ Zeller Dec., Exh. 22 (Tonnu Depo. Tr. at  301:2-17). |
| 148.   Tomiyama Tr. at 34:19-36:20 Zeller Dec., Exh. 15<br><br>Pasko Tr. at 50:21-52:21, Zeller Dec., Exh.16 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 28, *supra.* |
| 149.   Tomiyama Tr. at 37:25-39:8 Zeller Dec., Exh. 15<br><br>Pasko Tr. at 51:22-52:12 Zeller Dec., Exh.16 | *See* objections and evidence set forth with respect to Mattel's "Contrary Evidence" to Bryant UF No. 28, *supra.* |
| 151.   Bryant Tr. Vol. 5 at 1091:17-1093:12 Zeller Dec., Exh. 5 | The stated proposition is an inaccurate summary of Bryant's deposition testimony and the transcript is an incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.)  Bryant testified that ███████ Zeller Dec., Exh. 5 (Bryant Depo. Tr. at 1092:5-22).  Bryant did not testify that ██████ |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | | |
|---|---|---|
| 152. | | The stated proposition is misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Bryant Tr. Vol. 1 at 53:24-54:10 Zeller Dec., Exh. 1 | | The stated proposition is an inaccurate and misleading summary of Mr. Bryant's deposition testimony and the transcript is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) The evidence cited by Mattel misrepresents Bryant's testimony in an argumentative way. The cited portion of Bryant's deposition clearly indicates that ████████████████████████ ████████████████████████ The relevant portion of his testimony is as follows: |
| | | ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ Zeller Dec., Exh. 1 (Bryant Depo. Tr. at 53:24-54:6). |
| 153. | | The stated proposition is misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Prince Tr. Vol. 1 at 138:20-159:21, Zeller Dec., Exh. 55 | | The stated proposition is an inaccurate summary of Ms. Prince's deposition testimony. (Fed. R. Evid. 402, 403, 1006.) The portion of Ms. Prince's deposition cited by Mattel states that ████████████ ████████████████████████ Zeller Dec., Exh. 55 (Prince), 139:6-8. |
| 154. | | The stated proposition is misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006.) |
| Deposition Transcript of Thomas Bryant ("T. Bryant Tr."),dated September 26, 2007, at | | The cited testimony is an incomplete excerpt of Mr. Bryant's deposition testimony. (Fed. R. Evid. 106, 402, 403.) |

46

414436.02

| | |
|---|---|
| 57:13-60:21 Zeller Dec., Exh. 56 | |
| 155.<br><br><br><br>T. Bryant at 150:23-152:16  Zeller Dec., Exh. 56 | The stated proposition is misleading and not relevant to any issue before the Court with respect to Carter Bryant's Motion for Partial Summary Judgment.  (Fed. R. Evid. 402, 403, 1006.)<br><br>The stated proposition is an incomplete and inaccurate summary of Mr. Bryant's deposition testimony.  (Fed. R. Evid. 106, 402, 403, 1006.)  Bryant's father did not testify that ▮▮▮▮▮▮▮▮ Zeller Dec., Exh. 1 (Bryant Depo. Tr. at 53:24-54:60. |
| 157.   Cloonan Tr. at 158:15-17, Zeller Dec., Exh. 17 | The cited evidence is an incomplete and inaccurate summary of Ms. Cloonan's deposition testimony. (Fed. R. Evid. 106, 402, 403, 1006.)  Ms. Cloonan testified:<br><br>▮▮▮▮▮▮▮▮<br><br>Zeller Dec., Exh 17 (Cloonan Depo. Tr. at 158:12-17). |
| 159.   Cloonan Tr. at 160:4-6, Corey Dec, Exh.6; see id. at 161:11-19, Zeller Dec. Exh. 17 | Mattel mischaracterizes Ms. Cloonan's testimony in an argumentative manner and the cited testimony is incomplete.  (Fed. R. Evid. 106, 402, 403, 1006.)  The cited testimony says nothing about ▮▮▮▮  Rather, Ms. Cloonan testifies that ▮▮▮▮▮ Dec., Ex. ___ (Cloonan Depo. Tr. at 160:5-7); see also id. at 160:12-15 ▮▮▮▮ |

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| | Moreover, Ms. Cloonan testified that ███████████████████████████████████████████████████████████████████████████████████████████████████ Anderson Decl., Ex. 21 (Cloonan Depo. Tr. at 102:8-11). |
| 161.   Cloonan Tr. at 325:10-19 Zeller Dec., Exh. 17 | Mattel mischaracterizes the testimony in an argumentative fashion.  (Fed. R. Evid. 402, 403, 1006.) Ms. Cloonan testified that ████████████ ████████████████ Zeller Dec., Exh. 17 (Cloonan), 325:1-9.  *See also*, MGA SUF, ¶¶ 27, 28, 30, 53.and evidentiary objections therein. |
| 162.  Proprietary Information Checkout Form (M0001597), Proctor Dec., Exh. 7 | The quoted language is taken out of context.  (Fed. R. Evid. 106, 402, 403.) |
| 163.<br><br>Facsimile to Paula Garcia from trademark counsel, Lucy Arant, Bates-number MGA0829297, Zeller Dec., Exh. 119 | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.)<br><br>Mr. Zeller lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)  The facsimile is also inadmissible hearsay to the extent Mattel seeks to prove the date of first use.  (Fed. R. Evid. 802.) |
| 164.<br><br>MGA Entertainment, Inc. (1st Plaintiff), MGA Entertainment (HK) Limited (2nd Plaintiff) and Double Grand Corporation Limited (Defendant), Bates numbered MGA 0885348-MGA 0885418 at 0885376. Zeller Dec.. | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.)<br><br>The cited evidence is hearsay as to Bryant to the extent it is offered for the truth of the matter asserted. (Fed. R. Evid. 801, 802). Statements of another party in another case are inadmissible hearsay as to Carter Bryant, and are not admission(s) as to Bryant.  (Fed. R. Evid. 105; 801, 802.)<br><br>This evidence also is not properly authenticated.  (Fed. R. Evid. 901(a).)  Mr. Zeller lacks personal knowledge of the preparation and authenticity of the document. |

414436.02

| | |
|---|---|
| Exh. 120 | (Fed. R. Evid. 602; 901(b)(1).) |
| 165. | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.) |
| Bates-numbered M00125293-M0012617 at M0012596, Zeller Dec., Exh. 115 | Statements of another party in another case are inadmissible hearsay as to Carter Bryant, and are not admission(s) as to Bryant.  (Fed. R. Evid. 105; 802.)

This evidence is not properly authenticated.  (Fed. R. Evid. 901(a).)  Mr. Zeller lacks personal knowledge of the preparation and authenticity of the document. (Fed. R. Evid. 602; 901(b)(1).)  *See* MGA Reply SGI, ¶ 131, and evidentiary objections therein. |
| 166. | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.) |
| Deposition Transcript of Jill Nordquist Vol, I ("Nordquist Tr. Vol. 1"), July 31, 2007, at 110:114-111:17, Zeller Dec., Exh. 51 | Lack of foundation.  (Fed. R. Evid. 602.) The cited evidence is not attached to any declaration, as required by L.R. 7-6. |
| 167.   Bryant Tr. Vol. 3 at 631:9-639:22, Zeller Dec., Exh. 3 | The stated proposition mischaracterizes Mr. Bryant's deposition testimony. (Fed. R. Evid. 106, 402, 403, 1006.)

▮▮▮▮▮▮▮▮▮▮ Zeller Dec., Exh. 3 (Bryant Depo. Tr. Vol. 3, at 631-639:22), |
| 168.   1995 Conflict of Interest Questionnaire, Zeller Dec., Exh. 101; 1999 COI Questionnaire, Zeller Dec., Exh. 32 | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Carter Bryant's Motion for Partial Summary Judgment. (Fed. R. Evid. 402, 403, 1006). |
| 169.   Conflict of Interest Questionnaire, dated November 6, 1995, Zeller Dec. Exh 101 | *See* objections and evidence set forth with respect to Mattel's AMF No. 168, *supra.* |
| 170.   COI Questionnaire, Zeller Dec., Exh. 32 | The stated proposition is argumentative and misleading (Fed. R. Evid. 402, 403, 1006). |
| 171.   Inventions Agreement, Anderson Dec., Exh. 8 | The stated proposition is argumentative and misleading and the assessment that the Agreement was "in compliance with California" law is an improper legal |

49

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02

| | |
|---|---|
| | conclusion. (Fed. R. Evid. 402, 403, 1006). |
| 172.   Bryant Tr. Vol. 4 at 885:3-18, Corey Dec., Exh. 4<br><br>Bryant Tr. Vol. 1 at 209:18-23, Corey Dec., Exh. 1 | The stated proposition is a misleading and inaccurate summary. (Fed. R. Evid. 402, 403, 1006). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* MGA UF, ¶¶ 27-30.<br><br>Mattel mischaracterizes the cited evidence in an argumentative fashion. In the second portion of Bryant's deposition cited by Mattel, he states: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Corey Dec., Exh. 1 (Bryant Depo. Tr. at 209:16-21). |
| 173.   Carter Bryant's Responses to Mattel, Inc.'s Fifth Set of Requests for Admission at Response Nos. 27-29, Zeller Dec., Exh. 102 | The stated proposition is argumentative and misleading (Fed. R. Evid. 402, 403, 1006). |
| 174. | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.) |
| 175.   Deposition Transcript of Carter Bryant, Vol. 4 ("Bryant Tr. Vol. 4"), dated January 23, 2008, at 861:4-13, Corey Dec., Exh. 4 | The stated proposition is argumentative and misleading (Fed. R. Evid. 402, 403, 1006). *See also*, Bryant's SUF, ¶ 11 |
| 176.<br><br><br><br>Deposition Transcript of Arnold Artavia at 95:6-96:9, 105:24-106:1, Zeller Dec., Exh. 125 | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.)<br><br>The stated proposition inaccurate summary. (Fed. R. Evid. 402, 402, 1006.) Artavia's deposition testimony does not indicate that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Similarly, the cited deposition testimony does not indicate that ▓▓▓▓▓▓▓▓▓▓ |

414436.02



| | |
|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| | Additionally, Artavia lack personal knowledge as to ▮▮▮▮▮▮▮▮▮▮▮▮▮ (Fed. R. Evid. 602.) |
| 177.   Bryant Tr. Vol. 2 at 292:14-293:3, Zeller Dec., Exh. 2 | The stated proposition is an incomplete summary and an the cited transcript is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.) Bryant did not testify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Rather, in the portion of deposition testimony cited by Mattel, Bryant states: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Zeller Dec., Exh. 2 (Bryant Depo. Tr. at 293:23-25). |
| Cloonan Tr. at 129:14-132:5, Zeller Dec., Exh. 17 | The cited evidence is an incomplete and inaccurate summary. (Fed. R. Evid. 106, 402, 403, 1006.) Ms. Cloonan testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ... Zeller Dec., Exh. 17 (Cloonan Depo. Tr. at 129:14-130:7). |

414436.02

| | |
|---|---|
| 179.   Proprietary Information Checkout Form, Proctor Dec., Exh. 7 | Objection.  Lack of foundation regarding whether ▮▮▮▮▮▮▮▮▮▮▮▮ (Fed. R. Evid. 602.)<br><br>The stated proposition is argumentative and misleading.  (Fed. R. Evid. 402, 403, 1006.) |
| 180.   Transcript of Hearing Regarding Mattel's Motion to Dismiss Bryant's Counter-claims, dated June 26, 2006, at 12:23-25, Proctor Dec., Exh. 8 | This evidence is irrelevant (Fed. R. Evid. 402, 403). The quoted representation by Bryant's counsel is also taken out of context and mischaracterizes the evidence.<br><br>Furthermore, arguments made by counsel are not evidence.  *See, e.g., In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."); *In re Lang*, 293 B.R. 501, 513 (10th Cir. BAP 2003) ("Counsel's statements in a brief or during a trial are not evidence.'); *United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."); *Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 (8th Cir. 1995) ("[S]tatements of counsel are not evidence and do not create issues of fact.") (internal quotations omitted). |
| 182. | The stated proposition mischaracterizes the evidence and is irrelevant to any issue before this Court regarding Bryant's Motion for Partial Summary Judgment, (Fed. R. Evid. 402, 403, 1006.) |

## IV.   CONCLUSION

Carter Bryant respectfully requests that the Court strike the foregoing inadmissible evidence cited by Mattel in support of its statement of purported "genuine issues," and/or not consider that evidence in ruling on any of the parties' Motions for Partial Summary Judgment vis-à-vis Bryant.

414436.02

1                             Respectfully submitted,

2 Dated:  April 1, 2008         KEKER & VAN NEST, LLP

3

4

5                 By:   /s/ Matthew Werdegar
                     MATTHEW WERDEGAR

6                     Attorneys for Plaintiff
                     CARTER BRYANT

7

...

28

53

[PUBLIC REDACTED]BRYANT'S EVIDENTIARY OBJECTIONS TO MATTEL'S SEPARATE STATEMENT OF UNCONTESTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414436.02