THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGOROD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

KENNETH PLEVAN (admitted *pro hac vice*)
(kplevan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square, New York, NY 10046
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

### UNITED STATED DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                              Plaintiff,<br><br>          v.<br><br>MATTEL,   INC.,   a   Delaware corporation,<br><br>                              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO.  CV  04-9049  SGL (RNBx)<br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' OPPOSITION TO MATTEL, INC.'S OBJECTIONS TO MGA PARTIES' REQUEST FOR JUDICIAL NOTICE |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On March 7, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian (collectively, the "MGA Parties") requested that the Court take mandatory judicial notice of four classes of materials pursuant to Rule 201 of the Federal Rules of Evidence: 1) media articles; 2) television broadcasts; and 3) Mattel's copyright registrations; and 4) an unpublished decision of the Central District of California, which were attached to the concurrently filed Declaration of Jason D. Russell ("Russell Decl."). MGA Parties respond to Mattel, Inc.'s Objections to MGA Parties' Request for Judicial Notice ("Objections"), in which Mattel basically conceded that all the four classes of materials at issue are the appropriate subject of judicial notice.

## ARGUMENT

Rule 201 of the Federal Rules of Evidence authorizes the Court to take judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, upon proper notice, the Court is required to take judicial notice of such documents if furnished with sufficient information to enable it to take judicial notice. Fed. R. Evid. 201(d). Such judicial notice is appropriate at any stage in the proceeding. Fed. R. Evid. 201(f). See, e.g., Ritter v. Hughes Aircraft Co., 58 F.3d 454, 458-59 (9th Cir. 1995) (court applying judicial notice in motion for summary judgment).

In its Objections, Mattel has not objected to the appropriateness of judicial notice of any of the documents identified in the MGA Parties' Request for Judicial Notice and attached to Russell Decl. Indeed, Mattel only asserted that three of the four classes of documents at issue – namely: 1) media articles, 2) television broadcasts, and 3) Mattel's copyright registrations --- are noticeable for the fact of

1  their publication, not for their substance.  But that is exactly the ground upon which

2  the MGA Parties sought judicial notice for these documents; therefore, as Mattel

3  has no other objections, the MGA Parties' Request for Judicial Notice should be

4  granted.

5      1.   **Media Articles:**

6      Mattel objected to judicial notice of Russell Decl., Exhibits 44-66.  It is well

7  established that media articles and books are the proper subject of judicial notice.

8  See, e.g., Microsoft Corp. v. BEC Computer Co., 818 F. Supp. 1313, 1319 (C.D.

9  Cal. 1992) ("[T]his Court finds that it may properly take judicial notice of the

10  existence of the article and advertisements from *PC Magazine*.").   These articles

11  are admissible for the fact of their publication. Mattel does not assert otherwise.

12      2.   **Television Broadcasts:**

13      Mattel objected to Russell Decl., Exhibit 67, which contains television

14  broadcasts.  Television broadcasts are capable of accurate and ready determination

15  through reliable sources and thus are the proper subject of judicial notice.  See, e.g.,

16  Isuzu Motors Ltd. V. Consumers Union, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998)

17  (taking judicial notice of television programs).  These broadcasts are admissible for

18  the fact of their airing.  Mattel does not assert otherwise.

19      3.   **Copyright Registrations:**

20      Mattel objected to Russell Decl., Exhibit 68, which consists of Mattel

21  Copyright Registrations filed in connection with the BRATZ.  Copyright

22  registrations are the proper subject for judicial notice.  See, e.g., Warren v. Fox

23  Family Worldwide, Inc. et al., 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001)

24  (holding that Copyright Registration is properly the subject of judicial notice).

25  Copyright Registrations are admissible for the fact of their publication. Mattel does

26  not assert otherwise.

27

28

## CONCLUSION

As Mattel does not interpose any objections to judicial notice of the documents at issue in the MGA Parties' Request for Judicial Notice for the fact of their publication, the Request should be granted in its entirety.

DATED: April 1, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Jason D. Russell
Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited, MGAE
de Mexico, S.R.L. DE C.V., and Isaac
Larian