KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                              Plaintiff,<br><br>     v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                              Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      April 22, 2008<br>Time:      10:00 a.m.<br>Place:     Courtroom 1<br><br>**Phase I:**<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

414450.02

1

# TABLE OF CONTENTS

2   I.   INTRODUCTION AND JOINDER IN MGA'S RESPONSE ........................................... 1

3   II.   RESPONSE TO MATTEL EVIDENTIARY OBJECTIONS ........................................... 1

4        A.   All evidence cited in Bryant's Separate Statement is relevant and
             admissible under the Federal Rules. ...................................................... 1

5

6        B.   Mattel's objection to certain statements in Bryant's Memorandum of
             Points and Authorities in support of his Motion for Partial Summary
             Judgment are without merit .................................................................... 71

7

8   III.   CONCLUSION ...................................................................................................... 76

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

414450.02

## I.   INTRODUCTION AND JOINDER IN MGA'S RESPONSE

Carter Bryant respectfully submits the following Response to Mattel, Inc.'s Evidentiary Objections to Bryant's Motion for Partial Summary Judgment in order to address Mattel, Inc.'s asserted evidentiary objections. As set forth below, Mattel's objections are without merit, and all of the evidence cited by Bryant in support of his Motion for Partial Summary Judgment should be considered by the Court, as submitted.

Bryant also joins in MGA's response to Mattel's Evidentiary Objections to MGA's Motion for Partial Summary Judgment.

## II.   RESPONSE TO MATTEL EVIDENTIARY OBJECTIONS

**A.   All evidence cited in Bryant's Separate Statement is relevant and admissible under the Federal Rules.**

| Evidence | Mattel's Objection / Bryant's Response |
|---|---|
| 28.  Declaration of Christa M. Anderson, Exh. 20, Driskill Depo., at 302:7-9.[1]  Q: ▮▮▮▮▮▮▮▮▮▮▮▮  A: ▮▮▮▮▮▮▮▮▮▮ | **MATTEL'S OBJECTION**  Objection to the supporting deposition transcript of Ann Driskill at 302:7-9 on the grounds that it is an incomplete excerpt. <u>Fed. R. Evid.</u> 106.  Bryant presents Driskill's testimony as indirect support for the proposition that he was a low-level Mattel employee who did not supervise others and did not control or initiate the projects he worked on at Mattel. However, Bryant fails to offer Driskill's |

---

[1]   Unless otherwise noted, all "Exh." references are to the Declaration of Christa M. Anderson filed in support of Carter Bryant's Motion for Partial Summary Judgment.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

testimony immediately following the

incomplete excerpt he offers, which states:

    Q: ███████████████████

███████████████

    A: ███████████████

████████████████████

████████████████████████

██████████████

Driskill Depo., at 302:17-20.


**BRYANT'S RESPONSE**

Federal Rule of Evidence 106 does not

render the excerpt of deposition testimony

cited by Bryant inadmissible.  Instead,

Rule 106 simply provides that when a

portion of a recorded statement is

introduced by a party, "an adverse party

may require the introduction at the time of

any other part or any other writing or

recorded statement which ought in fairness

to be considered contemporaneously with

it."


Furthermore, a court need only admit an

adverse party's additional evidence if it

"qualifies or explains the evidence offered

by the opponent."  *U.S. v. Velasco*, 953

414450.02

1      F.2d 1467, 1475 (7th Cir. 1992) (excluding

2      additional evidence from post-arrest

3      statement because it "did not explain the

4      admitted portions of the statement.").

5      Bryant introduced the Driskill Deposition

6      excerpt to support the following fact: ▮

7      ████████████████████████████

8      ████████████████████████████

9      ████████████████████████████

10      SUF ¶28. Mattel's additional evidence is

11      irrelevant because it does not refute or

12      contest this fact, nor does it help explain

13      or clarify the portion introduced by

14      Bryant. Therefore, Mattel's objection

15      under Federal Rule of Evidence 106

16      should be overruled, and the additional

17      testimony cited by Mattel should not be

18      considered because it irrelevant. Fed. R.

19      Evid. 402 and 403

20

21      However, if the Court considers the

22      testimony offered by Mattel, Bryant

23      hereby requests, pursuant to Federal Rule

24      of Evidence 106 and Federal Rule of Civil

25      Procedure 32(a)(6), that Court also

26      consider the following additional

27      testimony of Driskill: Supplemental

28

414450.02

| | |
|---|---|
| | Anderson Decl., Ex. 13, (Driskill Dec. 15, 2004 Depo. Tr.), at 295:24 – 302:12, ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.*, at 127:4-22, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ |
| 29.  Exh. 20, Driskill Depo., at 302:7-9  Q: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮  A: ▮▮▮▮▮▮▮▮▮▮▮▮ | **MATTEL'S OBJECTION**  Objection to the supporting deposition transcript of Ann Driskill at 302:7-9 on the grounds that it is an incomplete excerpt. <u>Fed. R. Evid.</u> 106.  <u>See</u> <u>supra</u> at objections to Separate Statement paragraph 28.  **BRYANT'S RESPONSE**  Bryant introduced the Driskill Deposition excerpt to support the following fact: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  ▮▮▮▮  SUF ¶29.  Mattel's additional evidence is irrelevant because it does not refute or contest this fact, nor does it help explain or clarify the portion introduced by Bryant.  Therefore, Mattel's objection under Federal Rule of Evidence 106 |

414450.02

| | |
|---|---|
| | should be overruled, and the additional testimony cited by Mattel should not be considered because it irrelevant.  Fed. R. Evid. 402 and 403. |
| | *See* Bryant's response to Mattel's objections to Separate Statement paragraph 28, *supra*. |
| 33.  Exh. 20, Driskill Depo., at 302:1-12<br><br>Q ▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>  A ▮▮▮▮▮▮<br>Q ▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮<br>▮▮▮▮<br>  A ▮▮▮▮▮▮▮<br>Q ▮▮▮▮▮▮<br>▮▮▮▮▮▮<br>  A ▮▮▮▮▮▮<br>Q ▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮<br>  A ▮▮ | **MATTEL'S OBJECTION**<br>Objection to the supporting deposition transcript of Ann Driskill at 302:1-12 on the grounds that it is an incomplete excerpt.  <u>Fed. R. Evid.</u> 106. <u>See</u> <u>supra</u> at objections to Separate Statement paragraph number 28.<br><br>**BRYANT'S RESPONSE**<br>Bryant introduced the Driskill Deposition excerpt to support the following fact:<br>▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮<br>▮▮▮▮  SUF ¶33.  Mattel's additional evidence is irrelevant because it does not refute or contest this fact, nor does it help explain or clarify the portion introduced |

414450.02

| | |
|---|---|
| | by Bryant. Therefore, Mattel's objection under Federal Rule of Evidence 106 should be overruled, and the additional testimony cited by Mattel should not be considered because it irrelevant. Fed. R. Evid. 402 and 403. |
| | *See* Bryant's response to Mattel's objections to Separate Statement paragraph 28, *supra*. |
| 36. Exh. 13, Simpson-Taylor Depo., at 300:3-14, <br><br>   Q. ▮▮▮▮▮ ▮▮▮ <br><br>   MR. ZELLER: ▮▮▮ ▮▮▮▮ ▮▮▮ <br><br>   MS. WALTON-HADLOCK: ▮▮▮ <br><br>   THE WITNESS: ▮▮▮ ▮▮ <br><br>   MR. ZELLER: ▮▮▮ ▮▮▮ <br><br>   THE WITNESS: ▮▮▮ ▮▮▮ ▮▮▮ | **MATTEL'S OBJECTION** <br><br> Objection to the supporting deposition transcript of Kathleen Simpson-Taylor at 300:3-14 and 305:17-21 on the grounds that these are incomplete excerpts. <u>Fed. R. Evi.</u> 106. Bryant presents this testimony as indirect support for the proposition that he was a low-level Mattel employee who did not supervise others and did not control or initiate the projects he worked on at Mattel. However, Bryant fails to offer the witness's testimony immediately preceding the incomplete excerpt he offers, which states: <br><br> "▮▮▮▮▮▮▮ <br> ▮▮▮▮▮▮▮ |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



A: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Simpson Taylor Depo., at 299:13-17

**BRYANT'S RESPONSE**

Federal Rule of Evidence 106 does not render the excerpt of deposition testimony cited by Bryant inadmissible.  Instead, Rule 106 simply provides that when a portion of a recorded statement is introduced by a party, "an adverse party may require the introduction at the time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

Furthermore, a court need only admit an adverse party's additional evidence if it "qualifies or explains the evidence offered by the opponent."  *U.S. v. Velasco*, 953 F.2d 1467, 1475 (7th Cir. 1992) (excluding additional evidence from post-arrest statement because it "did not explain the admitted portions of the statement."). Bryant introduced the Simpson-Taylor

305:17-21

THE WITNESS: ▮▮▮▮▮▮▮

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| | Deposition excerpt to support the following fact: ████████████ ████████████████ ████████████████ ████████████████ ████████████ SUF ¶36. Mattel's additional evidence is irrelevant because it does not refute or contest this fact, nor does it help explain or clarify the portion introduced by Bryant.  Therefore, Mattel's objection under Federal Rule of Evidence 106 should be overruled, and the additional testimony cited by Mattel should not be considered because it irrelevant.  Fed. R. Evid. 402 and 403. |
| 37.  Exh. 21, Cloonan Depo, at 100:21-107:2<br><br>    A.  ████████████<br>████████████████<br>███████<br>████████████████<br>████████████████<br>███████<br>████████████████<br>████████████████<br>███ | **MATTEL'S OBJECTION**<br>Objection to the supporting deposition transcript of Elise Cloonan at 100:21-107:2 on the grounds that the statement lacks foundation and personal knowledge, is irrelevant, speculative, an incomplete excerpt, and inadmissible hearsay.  Fed. R. Evid. 104, 106, 602, 801, 802.<br><br>1.  Fails to establish any basis for or personal knowledge of this statement.  The |

414450.02



witness herself testifies that she does not know for a fact whether any particular Mattel employee was also working a side job while employed by Mattel.

Q:

A:

Cloonan Depo., at 104:15-18.

2. Is also inadmissible hearsay to the extent Cloonan's knowledge comes from unnamed sources or statements made by Mattel employees outside the scope of their employment. Rule 802(d)(2)(D).

3. Bryant presents Ms. Cloonan's testimony in support of the proposition that, while he was at Mattel, other Mattel employees did non-Mattel work on their own time for Mattel competitors. However, Bryant fails to offer Cloonan's testimony immediately preceding the incomplete excerpt he offers, which states:

Q:

9

414450.02

Case 2:04-cv-09049-DOC-RNB   Document 2885   Filed 04/01/08   Page 12 of 78   Page ID #:47740



1

2

3

4    A.

5

6    Q.

7    A.

8

9    Q.

10   A.

11

12

13

14

15

16   Q.

17

18   A.

19

20

21

22

23

24

25

26

27

28

A:

Cloonan Depo., at 100:12-15.

**BRYANT'S RESPONSE**

LACKS FOUNDATION AND PERSONAL KNOWLEDGE: The personal knowledge requirement of Fed. R. Evid. 602 requires that testimony "must be based upon what the witness saw and heard or otherwise experienced through his or her own senses." Rutter Guide, Fed. Civ. Trials and Evidence, § 8:305 (citing 1972 Adv. Comm. Notes to Fed. R. Evid. 602). In this excerpt, Cloonan testified as to what she heard, and she has personal knowledge to be able to testify to her own sensory experience. Therefore, the evidence is admissible. *See U.S. v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) ("testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event he testifies about."). In

10

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21  Q.

22

23

24

25

26

27

28

addition, Cloonan testified that ▮▮▮▮

▮▮▮▮  Specifically, Cloonan testified

that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮  Suppl.

Anderson Decl., Exh. 14 (Cloonan Depo.

Tr.), at 68:8-69:12.  Cloonan's experience

would lead a reasonable jury to conclude

that she had the opportunity to hear what

other Mattel employees were saying, and

that she had sufficient exposure to know

what constituted "common knowledge" in

the design center.  *See Barthelemy v. Air

Lines Pilots Ass'n*, 897 F.2d 999, 1018

(9th Cir. 1990) (personal knowledge

requirement in Rule 56(e) can be met by

inference); *Edwards v. Toys ""R"" Us*, 527

F. Supp. 2d 1197, 1201 (C.D. Cal. 2007)

("Personal knowledge may be inferred

from a declarant's position[.]" (quoting *In

re Kaypro*, 218 F.3d 1070, 1075 (9th Cir.

2000)).

IRRELEVANT:  Mattel claims that

Cloonan Depo. at 100:21-107:2 is

11

こ



irrelevant (presumably under Fed. R. Evid. 402, though Mattel does not cite this Rule). "[R]elevancy typically presents a rather low barrier to admissibility." *Iacobucci v. Boulter*, 193 F.3d 14, 20 (1st Cir. 1999); Rutter Group, California Federal Civ. Trials and Evidence, § 8:110. Bryant has shown that this excerpt of the Cloonan Deposition tends to prove the fact that ███████████████████████████ ████████████████████████████ ██████████████████████. This fact is of consequence to the interpretation of the Mattel-Bryant contract, and determination of the breach of contract claim in this action.

SPECULATIVE:  Mattel does not cite to any Federal Rule of Evidence to support its contention that this evidence is "speculative."  Presumably, Mattel claims that, under FRE 402, the evidence should not be admitted if the trier of fact would have to rely on speculation or conjecture to draw an inference from the evidence. *See Alcala v. Woodford*, 334 F.3d 862, 883 (9th Cir. 2003).  Here, there is a

A.

MR. MCFARLAND:

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

414450.02



logical link between the cited deposition testimony and the parties' understanding of, and behavior under, the Employment Agreement, making the cited excerpt admissible.

INCOMPLETE EXCERPT:  Fed. R. Evid. 106 does not render the excerpt of deposition testimony cited by Bryant inadmissible.  Instead, Rule 106 simply provides that when a portion of a recorded statement is introduced by a party, "an adverse party may require the introduction at the time of any other part or any other writing or recorded statement which out in fairness to be considered contemporaneously with it."

INADMISSIBLE HEARSAY:  Mattel claims that this deposition excerpt constitutes "inadmissible hearsay" only if "Cloonan's knowledge comes from unnamed sources or statements made by Mattel employees outside the scope of their employment."  During her deposition, Cloonan

414450.02



1

2

3

4

5

6

7

8

9    Q.

10   A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Q.

26

27   A.

28

Ex. 21 (Cloonan Depo. Tr.), at 102:12-104:1.  Such statements are considered  party admissions or vicarious admissions under Fed. R. Evid. 801(d)(2)(D) and are admissible as non-hearsay.  To be considered a vicarious admission, the statement must be made by a party's agent or employee, and must concern or be related to a matter within the scope of the declarant's agency or employment.  *Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982); Rutter, Fed. Civ. Trials and Evid. §8:2120.  "[T]he rule does not require a showing that the statement is within the scope of the declarant's agency.  Rather, it need only be shown that the statement be related to a matter within the scope of the agency." *Hoptowit*, 682 F.2d  at 1262.  The employees in question made statements that concern or were related to their scope of employment, as such statements concerned their duties and responsibilities under the Mattel employment agreement. *See generally Smith v. Pathmark Stores,*

414450.02

| | |
|---|---|
| 1 | Q. ▮▮▮▮▮▮▮▮▮▮ |
| 2 | ▮▮▮▮▮▮▮▮ |
| 3 | ▮▮▮▮▮▮▮▮▮▮ |
| 4 | ▮▮▮▮▮▮▮▮▮▮ |
| 5 | ▮▮▮ |
| 6 | ▮▮▮▮▮▮▮▮ |
| 7 | A. ▮▮▮▮ |
| 8 | Q. ▮▮▮▮▮▮ |
| 9 | A. ▮▮ |
| 10 | Q. ▮▮▮▮▮▮▮▮ |
| 11 | ▮▮▮▮▮▮ |
| 12 | ▮▮▮▮▮▮ |
| 13 | ▮▮▮▮▮▮ |
| 14 | ▮▮▮ |
| 15 | A. ▮▮▮▮▮ |
| 16 | ▮▮▮▮▮▮▮ |
| 17 | Q. ▮▮▮▮▮ |
| 18 | A. ▮▮▮▮▮ |
| 19 | Q. ▮▮▮▮▮▮ |
| 20 | ▮▮▮▮▮ |
| 21 | ▮▮▮▮▮▮ |
| 22 | ▮▮▮▮▮▮ |
| 23 | ▮▮▮▮▮▮ |
| 24 | ▮ |
| 25 | ▮▮▮▮▮▮▮ |
| 26 | ▮▮▮▮▮▮ |
| 27 | A. ▮▮▮▮▮ |
| 28 | |

*Inc.*, 485 F. Supp. 2d 235, 238-39 (E.D.N.Y. 2007) (admissions by party employee under Rule 802(d)(2)(D) reliable because "an employee is usually the person best informed about certain acts committed in the course of his employment"; admitting statement by employee in regards to his job responsibilities because statement was within scope of employment (internal citations omitted)).

Finally, even if the Court were to conclude that Cloonan's testimony is hearsay as to whether ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮, her testimony is not hearsay to demonstrate ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Fed. R. Evid. 802; *U.S. v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991) ("[I]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, [then] the statement is not hearsay." (internal quotation omitted; alterations in original)).

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1 ███████████████████

2 ██

3 Q. █████████████

4 ████████████

5 ███████████████

6 ███████████████

7 ██████████████

8 ████

9 MR. MCFARLAND:

10 ██████████████

11 ████████████████████

12 ███████████

13 █████████

14 BY MR. ZELLER:

15 Q. █████████████

16 ███████████

17 A. ██████████

18 Q. ████████████

19 ██████████

20 A. ████████████

21 ███████████████

22 ████████████████

23 Q. ███████████

24 ███████████████

25 ████

26 A. ██████████

27 Q. -- █████████

28

16

414450.02



1

2

3

4

5

6

7

8

9

10

11

12   A.

13

14   Q.

15

16

17

18   A.

19   Q.

20

21

22

23

24

25   A.

26

27

28

17

414450.02

1 ████████████████

2 ████████████

3 ███████████████

4 ████

5 ████████████

6 ██████████████

7 ██████

8 Q. ████████████

9 ████████████

10 █████████████

11 A. ████████████

12 ████████

13 ████████████

14 ████████████

15 ██████

16 Q. ███████████

17 ███████

18 A. █████

19 Q. ███████████

20 ███████████

21 A. ███████████

22 █████████████

23 ████████████

24 ████████████

25 Q. ██████████

26 ████████████

27 ████

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1

2    A.

3    Q.

4    A.

5    Q.

6

7

8

9

10

11    A.

12

13    Q.

14

15

16    A.

17

18    Q.

19

20

21

22

23

24

25

26    A.

27

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| 37. Exh. 22, Leahy Depo., at 179:14-188:14  | **MATTEL'S OBJECTION**<br><br>Objection to the supporting deposition transcript of Margaret Hatch-Leahy at 179:14-188:14 on the grounds that the statement lacks foundation and personal knowledge and that it is speculative and hearsay. <u>Fed. R. Evid.</u> 104, 602, 801, 802.<br><br>1. Fails to establish any basis for or personal knowledge of this statement. The witness herself testifies that  Leahy Depo., at 188:10-14.<br><br>2. Any statements of Michael Hebden offered for the truth of the matter asserted are also inadmissible hearsay which do not fall within the scope of the "party admission" exception under <u>Fed. R. Evid.</u> 801 because these purported statements were clearly made by Mr. Hebden outside the "scope" of his employment with Mattel. <u>Rule</u> 801(d)(2)(D).<br><br>**BRYANT'S RESPONSE** |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| [redacted]<br>A [redacted]<br>Q [redacted]<br>[redacted]<br>[redacted]<br>A [redacted]<br>Q [redacted]<br>[redacted]<br>[redacted]<br>[redacted]<br>[redacted]<br>[redacted]<br>A [redacted]<br>Q [redacted]<br>A [redacted]<br>[redacted]<br>Q [redacted]<br>A [redacted]<br>Q [redacted]<br>A [redacted]<br>Q [redacted]<br>A [redacted]<br>[redacted]<br>Q [redacted]<br>[redacted]<br>A [redacted]<br>Q [redacted] | LACKS FOUNDATION AND PERSONAL KNOWLEDGE: The Personal knowledge requirement of Fed. R. Evid. 602 requires that testimony "must be based upon what the witness saw and heard or otherwise experienced through his or her own senses." Rutter Guide, Fed. Civ. Trials and Evidence, §8:305 (citing 1972 Adv. Comm. Notes to Fed. R. Evid. 602. Leahy is testifying as to what she heard, and she has personal knowledge to be able to testify to her own sensory experience. Therefore, the evidence is admissible. *See U.S. v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) ("testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event he testifies about."). In addition, Leahy testified that [redacted] [redacted] Suppl. Anderson Decl., Exh. 15 (Leahy Depo. Tr.), at 11:20-15:25. This experience is sufficient to lead a reasonable jury to conclude that she had the opportunity to hear what other Mattel |



| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | A |
| 6 | |
| 7 | Q |
| 8 | A |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Q |
| 14 | A |
| 15 | MR. MC FARLAND: |
| 16 | |
| 17 | THE WITNESS: |
| 18 | |
| 19 | BY MR. ZELLER: |
| 20 | Q |
| 21 | A |
| 22 | Q |
| 23 | |
| 24 | A |
| 25 | |
| 26 | Q |
| 27 | |
| 28 | |

employees were saying, and that she had sufficient exposure to know what constituted "common knowledge" in the design center. *See Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (personal knowledge requirement in Rule 56(e) can be met by inference) ; *Edwards v. Toys ""R"" Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007) ("Personal knowledge may be inferred from a declarant's position[.]" (quoting *In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000)).

SPECULATIVE: Mattel does not cite to any Federal Rule of Evidence to support its contention that this evidence is "speculative." Presumably, Mattel claims that, under FRE 402, the evidence should not be admitted if the trier of fact would have to rely on speculation or conjecture to drawn an inference from the evidence. *See Alcala v. Woodford*, 334 F.3d 862, 883 (9th Cir. 2003). Here, there is a logical link between the cited deposition testimony and the parties' understanding of, and behavior under, the Employment

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



1  A  Agreement, making the cited excerpt

2  admissible.

3  Q

4  HEARSAY:  Hebden's statements to Ms.

5  A  Leahy constitute party admissions and

6  Q  vicarious admissions, which are

7  considered non-hearsay under Rule

8  801(d)(2)(D).  To be considered a

9  A  vicarious admission, the statement must be

10  Q  made by a party's agent or employee, and

11  A  must concern or be related to a matter

12  within the scope of the declarant's agency

13  Q  or employment.  *Hoptowit v. Ray*, 682

14  F.2d 1237, 1262 (9th Cir. 1982); Rutter,

15  Fed. Civ. Trials and Evid. §8:2120.

16  "[T]he rule does not require a showing

17  that the statement is within the scope of

18  the declarant's agency. Rather, it need

19  A  only be shown that the statement be

20  Q  related to a matter within the scope of the

21  agency." *Hoptowit*, 682 F.2d at 1262.

22  A  Mattel does not dispute that Hebden was a

23  Mattel employee (and, indeed, a

24  Q  managerial employee) at the time he made

25  these statements.  Hebden's statements

26  A  concerns matters within the scope of his

27  employment.  As Ms. Leahy's direct

28

23

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



supervisor (Suppl. Anderson Decl., Exh. 15 (Leahy Depo. Tr.), at 14:19-15:6), he was aware of her duties and responsibilities vis-à-vis Mattel. Hebden's statements regarding ███████████ ███████████, are within his scope of employment, as is his perception of Mattel's policies in regard to that same issue. *Marra v. Philadelphia Housing Auth.*, 497 F.3d 286, 297-99 (3d Cir. 2007) (employee's testimony of supervisor's statement regarding employers policy or attitude admissible under Rule 801(d)(2)(D)).

Hebden's statement are also separately admissible as non-hearsay to show the effect on a person who heard the statement. Fed. R. Evid. 801(c); *U.S. v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). Here, Hebden's statements are admissible to show the effect on Leahy, namely that ███████████

24

414450.02



1   A

2

3

4

5

6   Q

7

8   A

9   Q

10

11   A

12

13

14   Q

15

16   A

17

18   Q

19

20

21

22   MR. MC FARLAND:

23

24   THE WITNESS:

25   THE WITNESS:

26

27   MR. PLEVAN:

28

*Roberts v. Boeing Co.*, No. CV 05-6813 FMC (SHx), 2006 WL 4704616, at *1 (C.D. Cal. Sep. 8, 2006) (hearsay statements are admissible to show their effect upon the listener).

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1    THE WITNESS: ████████████

2    ████████

3    BY MR. ZELLER:

4    Q   ████████████

5    A   ████████████████

6    ████████████████████████

7    ████████████████

8    Q   ████████████████

9    ████████████████████

10   ████████████████

11      ████████████████

12   ████████████████████

13   ████████████████

14   ████████████████████

15   ██

16   A   ████████████████████

17   ████████████████████

18   Q   ████████████████

19   A   ████████████

20   Q   ████████████████

21   ████████████████████

22   ████████████████████

23   ██████

24   A   ████████

25   ████████

26   Q   ████████████████

27   A   ████████████████

28

26

414450.02

1

2   Q

3

4   A

5   Q

6

7

8

9

10   A

11

12   Q

13

14

15

16

17

18

19

20

21

22   A

23

24

25

26

27   Q

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| 1 | ▓▓▓▓▓▓▓▓ |
| 2 | ▓▓▓▓▓▓▓▓ |
| 3 | ▓▓▓▓ |
| 4 | A ▓▓▓▓▓ |
| 5 | ▓▓▓▓▓▓▓ |
| 6 | Q ▓▓▓▓▓▓ |
| 7 | ▓▓▓▓ |
| 8 | A ▓▓▓▓▓▓ |
| 9 | ▓▓ |
| 10 | Q ▓▓▓▓▓ |
| 11 | A ▓▓▓▓▓▓ |
| 12 | ▓▓▓▓▓▓ |
| 13 | ▓▓▓▓▓▓▓ |
| 14 | ▓▓▓ |
| 15 | Q ▓▓▓▓ |
| 16 | ▓▓▓▓▓▓ |
| 17 | ▓▓▓▓▓ |
| 18 | A ▓▓▓▓▓ |
| 19 | ▓▓▓▓▓ |
| 20 | Q ▓▓▓▓▓▓ |
| 21 | ▓ |
| 22 | A ▓▓▓▓ |
| 23 | Q ▓▓▓▓ |
| 24 | A ▓▓▓ |
| 25 | Q ▓▓▓▓▓ |
| 26 | A ▓▓▓ |
| 27 | Q ▓▓▓▓ |
| 28 | |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| 1 | ▓▓▓▓ |
| 2 | A ▓▓ |
| 3 | Q ▓▓▓▓▓▓▓▓ |
| 4 | ▓▓▓▓▓▓▓ |
| 5 | ▓▓▓▓▓▓▓ |
| 6 | ▓▓▓▓▓▓▓ |
| 7 | ▓▓▓▓▓▓ |
| 8 | ▓▓▓▓▓▓▓▓ |
| 9 | ▓▓▓▓▓▓▓▓ |
| 10 | ▓▓▓▓▓▓▓ |
| 11 | ▓▓▓▓▓▓ |
| 12 | ▓▓▓▓▓▓▓▓ |
| 13 | ▓▓▓▓▓▓ |
| 14 | ▓▓▓▓▓▓▓▓ |
| 15 | ▓▓ |
| 16 | A ▓ |
| 17 | Q ▓▓▓▓▓▓ |
| 18 | ▓ |
| 19 | A ▓ |
| 20 | Q ▓▓▓▓▓▓▓ |
| 21 | ▓▓▓▓▓▓▓ |
| 22 | ▓▓▓▓▓▓ |
| 23 | ▓▓▓▓▓▓ |
| 24 | ▓▓▓▓▓▓▓ |
| 25 | ▓▓▓▓▓▓ |
| 26 | ▓▓▓ |
| 27 | A ▓ |
| 28 | |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1   Q [REDACTED]

2   [REDACTED]

3   [REDACTED]

4   [REDACTED]

5       MR. MC FARLAND: [REDACTED]

6   [REDACTED]

7   [REDACTED]

8   [REDACTED]

9   [REDACTED]

10      THE WITNESS: [REDACTED]

11  [REDACTED]

12      MR. ZELLER: [REDACTED]

13  [REDACTED]

14      (RECORD READ.)

15      THE WITNESS: [REDACTED]

16  BY MR. ZELLER:

17  Q [REDACTED]

18  [REDACTED]

19  [REDACTED]

20  [REDACTED]

21  [REDACTED]

22  [REDACTED]

23  [REDACTED]

24  A [REDACTED]

25  [REDACTED]

26  Q [REDACTED]

27  [REDACTED]

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



| | |
|---|---|
| 1 | |
| 2  A | |
| 3  Q | |
| 4 | |
| 5 | |
| 6  A | |
| 7 | |
| 8  Q | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13  A | |
| 14 | |
| 15 | 38.  Exh. 23, Marlow Depo., at 48:7-49:23. |

**MATTEL'S OBJECTION**

Objection to the supporting deposition transcript of Veronica Marlow at 48:7-49:23 on the grounds that the statement lacks foundation and personal knowledge, is speculative and constitutes inadmissible hearsay.  <u>Fed. R. Evid.</u> 104, 602, 801, 802.

**BRYANT'S RESPONSE**

LACKS FOUNDATION AND PERSONAL KNOWLEDGE:  The Personal knowledge requirement of Fed. R. Evid. 602 requires that testimony "must

Q.
A.

Q.

31

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



1  A.

2  Q.

3

4

5

6

7  A.

8

9

10  MR. McFARLAND:

11

12  MR. PLEVAN:

13

14  MR. ZELLER:

15

16  MR. PLEVAN:

17

18  MR. McFARLAND:

19

20  MR. PLEVAN:

21

22  THE WITNESS:

23

24  MR. McFARLAND:

25

26  THE WITNESS:

27

28

be based upon what the witness saw and heard or otherwise experienced through his or her own senses." Rutter Guide, Fed. Civ. Trials and Evidence, §8:305 (citing 1972 Adv. Comm. Notes to Fed. R. Evid. 602). Marlow testified as to what she heard, and she has personal knowledge to be able to testify to her own sensory experience. Therefore, the evidence is admissible. *See U.S. v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) ("testimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event he testifies about."). In addition, Marlow testified that

Suppl. Anderson Decl., Exh. 16 (Marlow Depo.) at 27:6-28:3. That experience is sufficient to lead a reasonable jury to conclude that she had

32

414450.02

1 ████████████████████ the opportunity to hear what other Mattel

2 ████████████████ employees were saying, and that she had

3 ████████████████████ sufficient exposure to know what

4 ████████████████ constituted "common knowledge" in the

5 ██████ design center. *See Barthelemy v. Air Lines*

6 BY MR. ZELLER: *Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir.

7 Q. ██████████ 1990) (personal knowledge requirement in

8 A. ████ Rule 56(e) can be met by inference);

9 Q. ████████████████ *Edwards v. Toys ""R"" Us*, 527 F. Supp.

10 ████████████ 2d 1197, 1201 (C.D. Cal. 2007) ("Personal

11 A. ████████████████ knowledge may be inferred from a

12 ███████████████ declarant's position[.]" (quoting *In re*

13 *Kaypro*, 218 F.3d 1070, 1075 (9th Cir.

14 2000)).

15

16 SPECULATIVE: Mattel does not cite to

17 any Federal Rule of Evidence to support

18 its contention that this evidence is

19 "speculative." Presumably, Mattel claims

20 that, under FRE 402, the evidence should

21 not be admitted if the trier of fact would

22 have to rely on speculation or conjecture

23 to drawn an inference from the evidence.

24 *See Alcala v. Woodford,* 334 F.3d 862,

25 883 (9th Cir. 2003). Here, there is a

26 logical link between the cited deposition

27 testimony and the fact that ████████

28

---

33

1   ████████████████████

2   ██████████████████████████

3   ████████████ (SUF ¶38), making the

4   cited excerpt admissible.

5

6   HEARSAY: Mattel does not specify what

7   part of the cited testimony they claim

8   constitutes inadmissible hearsay. The only

9   portion of the testimony that contains out

10  of court statements by someone other than

11  the deponent is at 49:12-16: ████████

12  ████████████████████████████

13  ██████████████████████████████

14  ██████████████████████████████

15  ██████████████████████████

16  ████████████████ Statements such

17  as these by Mattel employees are

18  considered  party admissions or vicarious

19  admissions under Fed. R. Evid.

20  801(d)(2)(D) and are admissible as non-

21  hearsay.  To be considered a vicarious

22  admission, the statement must be made by

23  a party's agent or employee, and must

24  concern or be related to a matter within the

25  scope of the declarant's agency or

26  employment. *Hoptowit v. Ray*, 682 F.2d

27  1237, 1262 (9th Cir. 1982); Rutter, Fed.

28

34

414450.02

Civ. Trials and Evid. §8:2120.  "[T]he rule does not require a showing that the statement is within the scope of the declarant's agency.  Rather, it need only be shown that the statement be related to a matter within the scope of the agency." *Hoptowit*, 682 F.2d  at 1262.  The Mattel employees referenced in Ms. Marlow's testimony made statements that ████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████████  ████████████████████████  *See generally Smith v. Pathmark Stores, Inc.*, 485 F. Supp. 2d 235, 238-39 (E.D.N.Y. 2007) (admissions by party employee under Rule 802(d)(2)(D) reliable because "an employee is usually the person best informed about certain acts committed in the course of his employment"; admitting statement by employee in regards to his job responsibilities because statement was within scope of employment (internal citations omitted)).

Additionally, this portion of Ms. Marlow's testimony is admissible as non hearsay  to

414450.02

show the effect on a person who heard the statement. Fed. R. Evid. 801(c); *U.S. v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991). Here, the employees' statements are admissible to show the effect on Marlow, namely ███████████████ ████████████████████████████████ ████████████████████████████████ ██████████████       *See Roberts v. Boeing Co.*, No. CV 05-6813 FMC (SHx), 2006 WL 4704616, at *1 (C.D. Cal. Sep. 8, 2006) (hearsay statements are admissible to show their effect upon the listener). For the same reason, Marlow's testimony is not inadmissible as hearsay even though her belief is based at least in part on these out of court statements. *Ostaad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 885-886 (9th Cir. 2003) (Witness testimony about own personally held belief was non hearsay, even though based on out of court statement made by defendant's employee).

Furthermore, this portion of Marlow's testimony is not hearsay to demonstrate that ██████████████████████████

414450.02

| | |
|---|---|
| | [REDACTED] Fed. R. Evid. 802; *U.S. v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991) ("[I]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, [then] the statement is not hearsay." (internal quotation omitted; alterations in original)). |
| 38.  Exh. 22, Leahy Depo., at 179:14-188:14<br><br>Q [REDACTED]<br><br>MR. MC FARLAND: [REDACTED]<br><br>BY MR. ZELLER:<br>Q [REDACTED]<br><br>A [REDACTED] | **MATTEL'S OBJECTION**<br>Objection to the supporting deposition transcript of Leahy at 179:14-11:14 on the grounds that the statement lacks foundation and personal knowledge, is speculative and constitutes inadmissible hearsay.  Fed. R. Evid. 104, 602, 801, 802. See supra at objections to Separate Statement paragraph number 37, Leahy Depo., at 179:14-188:14.<br><br>**BRYANT'S RESPONSE**<br>*See* Bryant's response to Mattel's objections to Separate Statement paragraph 37, Leahy Depo., at 179:14-188:14, *supra*. |

414450.02

1
2
3
4  Q
5
6  A
7
8
9  Q
10
11
12  A
13  Q
14
15
16  A
17  Q
18
19
20
21
22
23  A
24  Q
25  A
26
27  Q
28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1   A   ▮▮▮▮▮▮▮▮▮▮▮▮

2   Q   ▮▮▮▮▮▮▮▮▮▮▮

3   A   ▮▮▮▮▮▮▮▮▮▮▮▮

4   Q   ▮▮▮▮▮▮▮▮▮▮▮▮

5   A   ▮▮▮▮▮▮▮▮▮▮▮▮

6   ▮▮

7   Q   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8   ▮▮▮

9   A   ▮▮▮▮▮▮▮▮▮▮▮

10  Q   ▮▮▮▮▮▮▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮

15  A   ▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮

17  Q   ▮▮▮▮▮▮▮▮▮▮▮▮▮

18  A   ▮▮▮▮▮▮▮▮▮▮▮▮▮

19  ▮▮▮▮▮▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮▮▮▮

21  ▮▮▮▮▮▮▮▮▮▮▮▮

22  ▮▮▮▮▮▮▮

23  Q   ▮▮▮▮▮▮▮▮▮▮

24  A   ▮▮▮▮▮▮▮▮▮

25  MR. MC FARLAND:   ▮▮▮

26  ▮▮▮▮▮▮▮

27  THE WITNESS:   ▮▮▮▮▮

28

414450.02



BY MR. ZELLER:

Q

A

Q

A

Q

A

Q

A

Q

A

Q

A

Q

A

Q

40

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

1
2　A
3　Q
4
5　A
6
7　Q
8
9　A
10
11
12　Q
13
14
15
16
17
18
19　A
20　Q
21
22　A
23
24　Q
25
26　A
27　Q
28

41

414450.02

| | |
|---|---|
| 1 | A ▇▇▇▇▇▇▇ |
| 2 | ▇▇ |
| 3 | Q ▇▇▇▇▇▇▇ |
| 4 | ▇▇▇▇▇ |
| 5 | ▇▇▇▇ |
| 6 | A ▇▇ |
| 7 | Q ▇▇▇▇ |
| 8 | ▇▇▇▇▇ |
| 9 | ▇▇▇▇ |
| 10 | ▇▇▇ |
| 11 | A ▇▇▇ |
| 12 | ▇▇▇▇ |
| 13 | ▇▇▇▇ |
| 14 | ▇▇▇▇▇ |
| 15 | ▇ |
| 16 | Q ▇▇▇▇▇ |
| 17 | ▇▇ |
| 18 | A ▇▇▇ |
| 19 | Q ▇▇▇ |
| 20 | ▇ |
| 21 | A ▇▇▇▇ |
| 22 | ▇▇▇▇ |
| 23 | ▇ |
| 24 | Q ▇▇▇ |
| 25 | ▇ |
| 26 | A ▇▇▇▇ |
| 27 | ▇▇ |
| 28 | |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1   Q ████████████████████████

2   ████████████████████████████

3   ████████████████████████████

4   ██████████████████████

5   MR. MC FARLAND: ██████

6   ████████████████████

7   THE WITNESS: ██████.

8   THE WITNESS: ██████

9   ████████████████████████████

10   MR. PLEVAN: ██████████

11   THE WITNESS: ██████████

12   ████████████

13   BY MR. ZELLER:

14   Q ██████████████

15   A ████████████████████████

16   ████████████████████████████████

17   ████████████████████

18   Q ██████████████████████

19   ████████████████████████████

20   ████████████████████████

21   ████████████████████████

22   ████████████████████████████

23   ████████████████████████

24   ████████████████████████████

25   ████████████

26   A ██████████████████████████

27   ████████████████████

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1  Q ███████████████████

2  A ██████████████

3  Q ████████████████████

4  ██████████████████████████

5  ████████████████████████████

6  ████████████

7  A ████████████████████████

8  █████████████

9  Q ██████████████████████

10 A ██████████████████████

11 ████████████████

12 Q ██████████████████████

13 ███████████████

14 A ███████████████████

15 Q ███████████████████

16 ████████████████████████

17 ██████████████████████████

18 ████████████████████████

19 ███████

20 A ████████████████████████

21 ███████████████

22 Q ██████████

23 ██████████████████████████

24 ████████████████████████

25 ████████████████████

26 ████████████████████████

27 ████████████████████

28

44

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1

2

3

4

5 A

6

7

8

9

10 Q

11

12

13

14 A

15

16 Q

17

18 A

19

20 Q

21 A

22

23

24

25 Q

26

27

28

45

414450.02

1   A ████████
2   ███████
3   Q █████████
4   ██
5   A ██████
6   Q ███████
7   A █████
8   Q ████████
9   A ██████
10  Q ███████
11  ██
12  A ███
13  Q ████████
14  ███████
15  ███████
16  ███████
17  ████████
18  ████████
19  ████████
20  █████████
21  ████████
22  █████████
23  ████████
24  █████████
25  ████
26  A ██
27  Q ███████
28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

1 ░░░░░

2 A ░░░

3 Q ░░░░░░░░░░░░░░

4 ░░░░░░░░░░░░░░░

5 ░░░░░░░░░░░░

6 ░░░░░░░░░░

7 ░░░░░░░░░░░

8 ░░░░░░░░░░░

9 ░░░░

10 A ░░░░

11 Q ░░░░░░░░░

12 ░░░░░░░░░░░

13 ░░░░░░░░░░

14 ░░░░░░░

15 MR. MC FARLAND: ░░░

16 ░░░░░░░░░░░

17 ░░░░░░░░░░

18 ░░░░░░░░░░░

19 ░░░░░

20 THE WITNESS: ░░░░

21 ░░░░░░

22 MR. ZELLER: ░░░░

23 ░░

24 (RECORD READ.)

25 THE WITNESS: ░░

26 BY MR. ZELLER:

27 Q ░░░░░░░░░░░

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



| | |
|---|---|
| 1 ▓▓▓▓▓▓▓ | |
| 2 ▓▓▓▓▓▓ | |
| 3 ▓▓▓▓▓▓ | |
| 4 ▓▓▓▓▓▓▓ | |
| 5 ▓▓▓▓▓▓ | |
| 6 ▓ | |
| 7 A ▓▓▓▓▓▓ | |
| 8 ▓▓▓▓▓▓ | |
| 9 Q ▓▓▓▓▓▓ | |
| 10 ▓▓▓▓▓▓ | |
| 11 ▓▓▓▓▓ | |
| 12 A ▓▓ | |
| 13 Q ▓▓▓▓ | |
| 14 ▓▓▓▓▓▓ | |
| 15 ▓▓▓▓ | |
| 16 A ▓▓▓▓ | |
| 17 ▓▓ | |
| 18 Q ▓▓▓▓▓ | |
| 19 ▓▓▓▓▓▓ | |
| 20 ▓▓▓▓▓ | |
| 21 ▓▓▓▓▓▓ | |
| 22 ▓▓▓▓ | |
| 23 A ▓▓▓▓▓ | |
| 24 ▓ | |
| 25 39.  Exh. 23, Marlow Depo., at | **MATTEL'S OBJECTION** |
| 26 58:7-59:11 | Objection to the supporting deposition |
| 27       MR. McFARLAND: | transcript of Veronica Marlow at 58:7- |
| 28 | |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



59:11 on the grounds that the statement is irrelevant, confusing and constitutes improper legal opinion by lay witness. Fed. R. Evid. 402, 403, 701. Ms. Marlow is not an expert on employment law and her belief that Mattel does not own the work she did on her own time is irrelevant to whether Mattel owns the Bratz drawings created by Bryant while employed by Mattel.

## BRYANT'S RESPONSE

RELEVANCE: "[R]elevancy typically presents a rather low barrier to admissibility." *Iacobucci v. Boulter*, 193 F.3d 14, 20 (1st Cir. 1999); Rutter Group, California Federal Civ. Trials and Evidence, § 8:110. Bryant has shown that this excerpt of the Marlow Deposition tends to prove the fact that ████████ ████████████████████████ ████████████████████ This fact is of consequence to the interpretation of the Mattel-Bryant contract, and determination of the breach of contract claim in this action. In addition, Ms. Marlow's

49

414450.02

| | |
|---|---|
| 1 | THE WITNESS: ▓▓▓ |
| 2 | ▓▓▓▓▓▓▓▓ |
| 3 | BY MR. ZELLER: |
| 4 | Q. ▓▓▓▓▓▓ |
| 5 | ▓▓▓▓▓▓▓▓ |
| 6 | ▓▓▓▓▓▓▓ |
| 7 | ▓▓▓▓ |
| 8 | A. ▓▓ |

testimony is helpful for a clear understanding of the reasonable expectations of parties to the Mattel Employment Agreement, which Bryant asserts constitutes an adhesive contract. Bryant's MSJ at 31-33.

CONFUSING: Mattel provides no explanation as to what they find confusing about this evidence. This evidence is relevant, as explained above, and should not be excluded under Federal Rule or Evidence 403 because it presents no danger of "confusion of the issues." In order to exclude evidence under Federal Rule Evidence 403, its probative value must be "substantially outweighed" by risk of confusion of the issues. *See Obrey v. Johnson*, 400 F.3d 691, 698-99 (9th Cir. 2005) (finding trial court error in excluding relevant evidence under Fed. R. Evid. 403). Here, there is no fear of confusion, and any such confusion is not so substantial as to warrant the exclusion of this evidence. *See Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3rd Cir. 1992) ("Evidence should be excluded

414450.02

1  under Rule 403 only sparingly since the

2  evidence excluded is concededly

3  probative. … The balance under the rule

4  should be struck in favor of admissibility."

5  (internal citations omitted)).

6

7  IMPROPER LEGAL OPINION BY LAY

8  WITNESS:  There is no basis for Mattel to

9  object to Marlow's deposition testimony

10  as impermissible legal opinion testimony

11  by a lay witness.  *See* Fed. R. Evid. 701

12  (allowing for lay witness opinion

13  testimony).  A review of the complete

14  excerpt of this line of questioning makes

15  clear that counsel for Mattel was

16  questioning Ms. Marlow as to her

17  understanding or belief, and was not

18  asking her to make an expert legal

19  conclusion.  *See generally* Fed. R. Evid

20  704(a) ("[T]estimony in the form of an

21  opinion or inference otherwise admissible

22  is not objectionable because it embraces

23  an ultimate issue to be decided by the trier

24  of fact.").  In addition, Marlow's

25  testimony is proper because the testimony

26  and questions consisted of terms such as

27  "belong" and "understanding" which have

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

established lay meanings that do not necessarily imply legal conclusions. *See U.S. v. Misle Bus. & Equip. Co.*, 967 F.2d 1227, 1234 (9th Cir. 1992) (allowing lay witness opinion regarding agreements to fix prices).

Lay opinions are admissible as long as they are rationally based on witness' perception and are not based on specialized knowledge, and as long as such testimony is helpful to the determination of a fact in issue. Fed. R. Evid. 701. It is clear from the testimony that Marlow based her testimony on her own personal observations and not on scientific, technical or other specialized knowledge, as allowed by Federal Rule of Evidence 701. In addition, Marlow's testimony is helpful for a clear understanding of her testimony regarding "moonlighting" by Mattel employees, the company's tolerance of such actions, and the reasonable expectations of parties to an adhesive contract. Bryant's MSJ at 31-33.

52

414450.02


| | |
|---|---|
| 1 | A. ████████████ |
| 2 | █████ |
| 3 | Q. ████████████ |
| 4 | ██████ |
| 5 | ██████████ |
| 6 | ████████████ |
| 7 | ████████████ |
| 8 | ████████████ |
| 9 | ████████████ |
| 10 | ██████████ |
| 11 | ██████████ |
| 12 | MR. COREY: ████ |
| 13 | ██████████ |
| 14 | THE WITNESS: ███ |
| 15 | ██████████ |
| 16 | ██████████ |
| 17 | ████████████ |
| 18 | ██████████ |
| 19 | ██████████ |
| 20 | █████████ |
| 21 | ████████████ |
| 22 | ████████████ |
| 23 | ██████████ |
| 24 | ████████ |
| 25 | ██████████ |
| 26 | ████████████ |
| 27 | ██████████ |
| 28 | |

Mattel-Bryant contract, and determination of the breach of contract claim in this action. In addition, Mr. DeAnda's testimony is helpful for a clear understanding of the reasonable expectations of parties to the Mattel Employment Agreement, which Bryant asserts constitutes an adhesive contract. Bryant's MSJ at 31-33.

CONFUSING: Mattel provides no explanation as to what they find confusing about this evidence. This evidence is relevant, as explained above, and should not be excluded under Federal Rule of Evidence 403 because it presents no danger of "confusion of the issues." In order to exclude evidence under Federal Rule Evidence 403, its probative value must be "substantially outweighed" by risk of confusion of the issues. See *Obrey v. Johnson*, 400 F.3d 691, 698-99 (9th Cir. 2005)(finding trial court error in excluding relevant evidence under Fed. R. Evid. 403). Here, there is no fear of confusion, and any such confusion is not so substantial as to warrant the exclusion of

414450.02



1
2
3
4    Q.
5
6
7
8
9    A.
10   Q.
11
12
13
14   MR. COREY:
15
16   THE WITNESS:
17
18
19
20
21
22
23
24
25
26
27
28

this evidence.  *See Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3rd Cir. 1992) ("Evidence should be excluded under Rule 403 only sparingly since the evidence excluded is concededly probative.  …  The balance under the rule should be struck in favor of admissibility.") (internal citations omitted).

IMPROPER LEGAL OPINION BY LAY WITNESS:  There is no basis for Mattel to object to DeAnda's deposition testimony as impermissible legal opinion testimony by a lay witness.  *See* Fed. R. Evid 701 (allowing for lay witness opinion testimony).  A review of the transcript makes clear that DeAnda was asked to testify as to his understanding or belief, and was not asked to provide a legal conclusion.  *See generally* Fed. R. Evid 704(a) ("[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.").  In addition, Mr. DeAnda's testimony does not amount to an

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

impermissible legal opinion, as the testimony consisted of terms which have established lay meanings that do not necessarily imply legal conclusions. *U.S. v. Misle Bus. & Equip. Co.*, 967 F.2d 1227, 1234 (9th Cir. 1992) (allowing lay witness opinion regarding agreements to fix prices).

Lay opinions are admissible as long as they are rationally based on witness' perception and are not based on specialized knowledge, and as long as such testimony is helpful to the determination of a fact in issue. Fed. R. Evid. 701. It is clear from the testimony that Mr. DeAnda based his testimony on his own personal observations and experience and not on scientific, technical or other specialized knowledge, as allowed by Fed. R. Evid. 701. In addition, Mr. DeAnda's testimony is helpful to a determination of the reasonable expectations of parties to an adhesive contract. Bryant's MSJ at 31-33.

414450.02

| | |
|---|---|
| 39. Exh. 25, Ongchangco Depo., 250:8-22 | **MATTEL'S OBJECTION** |

| | |
|---|---|
| 1 | 39. Exh. 25, Ongchangco Depo., | Objection to the supporting deposition |
| 2 | 250:8-22 | transcript of Kislap Ongchangco at 250:8- |
| 3 | Q. ▓▓▓▓▓▓▓▓▓ | 22 on the grounds that the statement is |
| 4 | ▓▓▓▓▓▓▓▓▓▓▓ | irrelevant, confusing and constitutes |
| 5 | ▓▓▓▓▓▓▓ | improper legal opinion by lay witness. |
| 6 | MR. ZELLER: ▓▓▓▓ | Fed. R. Evid. 402, 403, 701.   Mr. |
| 7 | ▓▓▓▓▓▓▓▓▓▓▓ | Ongchangco is not an expert on |
| 8 | ▓▓▓▓ | employment law and his views about |
| 9 | BY MR. JACOBY: | whether Mattel owns the work he did on |
| 10 | Q. ▓▓▓▓▓▓▓▓▓ | his own time are irrelevant to whether |
| 11 | ▓▓▓ | Mattel owns the Bratz drawings created by |
| 12 | A. ▓▓▓▓▓▓▓▓ | Bryant while employed by Mattel. |
| 13 | ▓▓▓▓▓▓▓▓▓▓▓ | |
| 14 | ▓▓▓▓▓▓▓ | |
| 15 | Q. ▓▓▓▓▓▓▓▓▓ | **BRYANT'S RESPONSE** |
| 16 | ▓▓▓▓▓▓▓▓▓▓ | RELEVANCE:  "[R]elevancy typically |
| 17 | ▓▓▓▓▓ | presents a rather low barrier to |
| 18 | MR. ZELLER: ▓▓▓ | admissibility." *Iacobucci v. Boulter*, 193 |
| 19 | ▓▓▓▓▓▓▓▓▓▓▓ | F.3d 14, 20 (1st Cir. 1999); Rutter Group, |
| 20 | ▓▓▓▓▓▓▓▓▓ | California Federal Civ. Trials and |
| 21 | ▓▓▓ | Evidence, § 8:110.  Bryant has shown that |
| 22 | THE WITNESS: ▓▓ | this excerpt of the Ongchangco Deposition |
| 23 | ▓▓▓▓▓▓▓▓▓▓▓ | tends to prove the fact that ▓▓▓▓▓▓▓ |
| 24 | ▓▓▓ | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 25 | | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 26 | | ▓▓▓▓▓   This fact is of |
| 27 | | consequence to the interpretation of the |
| 28 | | |

414450.02

Mattel-Bryant contract, and determination of the breach of contract claim in this action.  In addition, Ms. Marlow's testimony is helpful for a clear understanding of the reasonable expectations of parties to the Mattel Employment Agreement, which Bryant asserts constitutes an adhesive contract. Bryant's MSJ at 31-33.

CONFUSING:  Mattel provides no explanation as to what they find confusing about this evidence.  This evidence is relevant, as explained above, and should not be excluded under Federal Rule of Evidence 403 because it presents no danger of "confusion of the issues."  In order to exclude evidence under Federal Rule of Evidence 403, its probative value must be "substantially outweighed" by risk of confusion of the issues.  See *Obrey v. Johnson*, 400 F.3d 691, 698-99 (9th Cir. 2005)(finding trial court error in excluding relevant evidence under Fed. R. Evid. 403).  Here, there is no fear of confusion, and any such confusion is not so substantial as to warrant the exclusion of

414450.02

this evidence. *See Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3rd Cir. 1992) ("Evidence should be excluded under Rule 403 only sparingly since the evidence excluded is concededly probative. … The balance under the rule should be struck in favor of admissibility.") (internal citations omitted).

IMPROPER LEGAL OPINION BY LAY WITNESS: There is no basis for Mattel to object to Mr. Ongchangco's deposition testimony as impermissible legal opinion testimony by a lay witness. *See* Fed. R. Evid 701 (allowing for lay witness opinion testimony). A review of the transcript makes clear that Mr. Ongchangco was asked to testify as to his understanding or belief, and was not asked to provide a legal conclusion. *See generally* Fed. R. Evid 704(a) ("[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."). In addition, Mr. Ongchangco's testimony does not amount

59

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CASE NO. CV 04-09049 SGL (RNBx)

414450.02

to an impermissible legal opinion, as the testimony consisted of terms which have established lay meanings that do not necessarily imply legal conclusions. *U.S. v. Misle Bus. & Equip. Co.*, 967 F.2d 1227, 1234 (9th Cir. 1992) (allowing lay witness opinion regarding agreements to fix prices).

Lay opinions are admissible as long as they are rationally based on witness' perception and are not based on specialized knowledge, and as long as such testimony is helpful to the determination of a fact in issue. Fed. R. Evid. 701. It is clear from the testimony that Mr. Ongchangco based his testimony on his own personal observations and experience and not on scientific, technical or other specialized knowledge, as allowed by Federal Rule of Evidence 701. In addition, Mr. Ongchangco's testimony is helpful to a determination of the reasonable expectations of parties to an adhesive contract. Bryant's MSJ at 31-33.

414450.02

| | |
|---|---|
| 1  40. Exh. 22, Leahy Depo., at | **MATTEL'S OBJECTION** |
| 2  183:22-185:6 | Objection to the supporting deposition |
| 3  Q | transcript of Margaret Hatch-Leahy at |
| 4 | 183:22-185:6 on the grounds that the |
| 5  A | statement is irrelevant, confusing, an |
| 6 | incomplete excerpt and inadmissible |
| 7  Q | hearsay. <u>Fed. R. Evid.</u> 402, 403, 106, 801, |
| 8 | 802. |
| 9 | |
| 10 | 1.  Any statements of Michael Hebden |
| 11  MR. McFARLAND: | offered for the truth of the matter asserted |
| 12 | are inadmissible hearsay which do not fall |
| 13  THE WITNESS: | within the scope of the "party admission" |
| 14  THE WITNESS: | exception under <u>Fed. R. Evid.</u> 801 because |
| 15 | these purported statements were clearly |
| 16  MR. PLEVAN: | made by Mr. Hebden outside the "scope" |
| 17  THE WITNESS: | of his employment with Mattel.  <u>Rule</u> |
| 18 | 801(d)(2)(D). |
| 19  BY MR. ZELLER: | |
| 20  Q | 2.  This testimony is also irrelevant, |
| 21  A | confusing and an incomplete excerpt |
| 22 | because, regardless of any purported |
| 23 | encouragement received from Mr. |
| 24  Q | Hebden, the witness testified that |
| 25 | |
| 26 | |
| 27 | |
| 28 | |



[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02



[2] <u>Fed. R. Evid.</u> 106, 402, 403.

**BRYANT'S RESPONSE**

HEARSAY: Hebden's statements to Ms. Leahy constitute party admissions and vicarious admissions, which are considered non-hearsay under Rule 801(d)(2)(D). To be considered a vicarious admission, the statement must be made by a party's agent or employee, and must concern or be related to a matter within the scope of the declarant's agency or employment. *Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982); Rutter, Fed. Civ. Trials and Evid. § 8:2120. "[T]he rule does not require a showing that the statement is within the scope of the declarant's agency. Rather, it need only be shown that the statement be related to a matter within the scope of the agency." *Hoptowit*, 682 F.2d at 1262. Mattel does not dispute that Hebden was a Mattel employee at the time he made these statements. Hebden's statements concerns

---

[2] Deposition Transcript of Margaret Leahy Vol. 1 "(Leahy Tr. Vol. 1"), dated December 12, 2007, at 186:23-187:21, Zeller Dec., Exh. 18.

414450.02

matters within the scope of his employment.  As Ms. Leahy's direct supervisor Suppl. Anderson Decl., Exh. 15 (Leahy Depo) at 14:19-15:6, he was well aware of her duties and responsibilities vis-à-vis Mattel.  Hebden's statements regarding ███████████████████ ███████████████████ ███████████████████ ████████████████, are within his scope of employment, as is his perception of Mattel's policies in regard to that same issue.  *Marra v. Philadelphia Housing Auth.*, 497 F.3d 286, 297-99 (3d Cir. 2007) (employee's testimony of supervisor's statement regarding employers policy or attitude admissible under Rule 801(d)(2)(D)).

Hebden's statement are also separately admissible as non hearsay to show the effect on a person who heard the statement.  Fed. R. Evid. 801(c); *U.S. v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991).  Here, Hebden's statements are admissible to show the effect on Ms. Leahy, namely that ███████████

414450.02

1

2

3                                                                                          *See*

4      *Roberts v. Boeing Co.*, No. CV 05-6813

5      FMC (SHx), 2006 WL 4704616, at *1

6      (C.D. Cal. Sep. 8, 2006) (hearsay

7      statements are admissible to show their

8      effect upon the listener).

9

10     RELEVANCE: "[R]elevancy typically

11     presents a rather low barrier to

12     admissibility." *Iacobucci v. Boulter*, 193

13     F.3d 14, 20 (1st Cir. 1999); Rutter Group,

14     California Federal Civ. Trials and

15     Evidence, § 8:110. Bryant has shown that

16     this excerpt of the Leahy Deposition tends

17     to prove the fact that

18

19                                         This fact

20     is of consequence to the interpretation of

21     the Mattel-Bryant contract, and

22     determination of the breach of contract

23     claim in this action. It is also relevant to

24     understand the reasonable expectations of

25     parties to the Mattel Employment

26     Agreement, which Bryant asserts

27     constitutes an adhesive contract. Bryant's

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

MSJ at 31-33.

SPECULATIVE:  Mattel does not cite to any Federal Rule of Evidence to support its contention that this evidence is "speculative."  Presumably, Mattel claims that, under FRE 402, the evidence should not be admitted if the trier of fact would have to rely on speculation or conjecture to drawn an inference from the evidence. *See Alcala v. Woodford*, 334 F.3d 862, 883 (9th Cir. 2003).  Here, there is a logical link between the cited deposition testimony and the Mattel's behavior and attitude towards "moonlighting" work.

INCOMPLETE EXCERPT:  Fed. R. Evid. 106 does not render the excerpt of deposition testimony cited by Bryant inadmissible.  Instead, Rule 106 simply provides that when a portion of a recorded statement is introduced by a party, "an adverse party may require the introduction at the time of any other part or any other writing or recorded statement which out in fairness to be considered contemporaneously with it."

414450.02

Furthermore, a court need only admit an adverse party's additional evidence if it "qualifies or explains the evidence offered by the opponent." *U.S. v. Velasco*, 953 F.2d 1467, 1475 (7th Cir. 1992) (excluding additional evidence from post-arrest statement because it "did not explain the admitted portions of the statement."). Bryant introduced the Leahy Deposition excerpt to support the following fact:

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮   SUF ¶40.

Mattel's additional evidence is irrelevant because it does not refute or contest this fact, nor does it help explain or clarify the portion introduced by Bryant. Therefore, Mattel's objection under Federal Rule of Evidence 106 should be overruled, and the additional testimony cited by Mattel should not be considered because it irrelevant. Fed. R. Evid. 402 and 403.

CONFUSING: Mattel provides no explanation as to what they find confusing

414450.02

1    about this evidence.  This evidence is

2    relevant, as explained above, and should

3    not be excluded under Federal Rule of

4    Evidence 403 because it presents no

5    danger of "confusion of the issues."  In

6    order to exclude evidence under Federal

7    Rule of Evidence 403, its probative value

8    must be "substantially outweighed" by

9    risk of confusion of the issues.  *See Obrey*

10   *v. Johnson*, 400 F.3d 691, 698-99 (9th Cir.

11   2005) (finding trial court error in

12   excluding relevant evidence under FRE

13   403).  Here, there is no fear of confusion,

14   and any such confusion is not so

15   substantial as to warrant the exclusion of

16   this evidence.  *See Blancha v. Raymark*

17   *Industries*, 972 F.2d 507, 516 (3rd Cir.

18   1992) ("Evidence should be excluded

19   under Rule 403 only sparingly since the

20   evidence excluded is concededly

21   probative. …  The balance under the rule

22   should be struck in favor of

23   admissibility.") (internal citations

24   omitted).

25

26   Mattel's complains that the testimony is

27   "confusing" because of additional

28

67

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| | testimony by the witness. This is not true, for the reasons discussed above in connection with Mattel's Rule 106 objection. However, if the testimony were "confusing" for this reason, any such "confusion" may be alleviated by Federal Rule of Evidence 106. |
| 48. Exh. 11, Freed Depo., at 55:21-56:8<br><br>Q. ▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>A. ▮<br>Q. ▮▮▮▮▮<br>▮▮▮▮<br>A. ▮▮▮▮▮▮<br>▮▮▮▮▮▮<br>▮▮▮▮▮▮<br>▮▮▮▮▮<br>▮▮▮<br>Q. ▮▮▮▮<br>▮▮▮▮▮▮<br>▮▮▮▮ | **MATTEL'S OBJECTION**<br>Objection to the supporting deposition transcript of Lissa S. Freed at 55:21-56:8 on the grounds that the statement is irrelevant and confusing because it discusses an agreement created years after Carter Bryant signed the Employment Agreement at issue in this case. Fed. R. Evid. 402, 403.<br><br>**BRYANT'S RESPONSE**<br>RELEVANCE: Ms. Freed served as Mattel's 30(b)(6) witness, and her testimony cited here is relevant to the authentication of the document bearing bates number M0079346-M0079350. Declaration of Christa Anderson, ¶33 and Ex. 31. The relevance of Ex. 31 is discussed in Bryant's response to Mattel's |

414450.02

| | |
|---|---|
| A. ▮▮▮▮ | objections to Separate Statement paragraph 49, *infra*.<br><br>CONFUSING:  Mattel provides no explanation as to what they find confusing about Ms. Freed's testimony.  Nor is there any basis for the Court to conclude that consideration of the document that is the subject of Ms. Freed's testimony, Ex. 31, is likely to cause confusion or is otherwise inadmissible.  *See* Bryant's response to Mattel's objections to Separate Statement paragraph 49, *infra*. |
| 49.  Exh. 31 (2004 version of Mattel Employee Confidentiality and Inventions Agreement) | **MATTEL'S OBJECTION**<br>Objection to the Exhibit 31 to the supporting declaration of Christa Anderson on the grounds that this document is irrelevant and confusing because it was created years after Carter Bryant signed the Employment Confidentiality and Inventions Agreement at issue in this case.  Fed. R. Evid. 402, 403.<br><br>**BRYANT'S RESPONSE**<br>RELEVANCE:  "[R]elevancy typically |

414450.02

| | |
|---|---|
| 1 | presents a rather low barrier to |
| 2 | admissibility." *Iacobucci v. Boulter*, 193 |
| 3 | F.3d 14, 20 (1st Cir. 1999); Rutter Group, |
| 4 | California Federal Civ. Trials and |
| 5 | Evidence, § 8:110. The 2004 Mattel |
| 6 | Confidentiality and Inventions Agreement |
| 7 | is relevant as to the interpretation of |
| 8 | Bryant's contract, and potential perceived |
| 9 | shortcomings in the earlier versions of the |
| 10 | agreement, including the version signed by |
| 11 | Carter Bryant. *Montrose Chem. Corp. v.* |
| 12 | *Admiral Ins. Co.,* 10 Cal. 4th 645, 670 |
| 13 | (1995) (drafting history of standardized |
| 14 | form policy was relevant to interpreting |
| 15 | meaning of contract); *City of Oakland v.* |
| 16 | *Harding ESE, Inc.*, No. C 03-3534 COW, |
| 17 | 2004 WL 2646654, at *4 (N.D. Cal. Nov. |
| 18 | 17, 2004) ("The Court may consider |
| 19 | subsequent conduct of the parties to |
| 20 | determine their contractual intent."); *see* |
| 21 | *also* Bryant MSJ at 26-27; Bryant Reply |
| 22 | ISO MSJ at 12-13. |
| 23 | |
| 24 | CONFUSING: Mattel provides no |
| 25 | explanation as to what they find confusing |
| 26 | about this evidence. As explained above, |
| 27 | this evidence is relevant, and should not be |
| 28 | |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

excluded under Federal Rule of Evidence 403 because it presents no danger of "confusion of the issues." In order to exclude evidence under Federal Rule Evidence 403, its probative value must be "substantially outweighed" by risk of confusion of the issues. *See Obrey v. Johnson*, 400 F.3d 691, 698-99 (9th Cir. 2005) (finding trial court error in excluding relevant evidence under FRE 403); *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3rd Cir. 1992) ("Evidence should be excluded under Rule 403 only sparingly since the evidence excluded is concededly probative. … The balance under the rule should be struck in favor of admissibility.") (internal citations omitted).

**B.    Mattel's objection to certain statements in Bryant's Memorandum of Points and Authorities in support of his Motion for Partial Summary Judgment are without merit.**

Mattel seeks to exclude four sections of Bryant's Motion for Partial Summary Judgment (3:12-15, 3:15-18, 9:6-8, and 37:18-20) because Bryant did not provide citations to the Separate Statements in support of these facts. Mattel's objections are without merit.

First, Local Rule 56-1 makes clear that Separate Statements of Uncontroverted Facts are meant to include only "material facts as to which the moving party contends there is no genuine issue." In accordance with that rule,

71

1   Bryant did not provide citations for the first two sections to which Mattel objects

2   (at 3:12-15 and 3:15-18 because the facts recited in these sections are not material

3   to the resolution of Bryant's Motion for Partial Summary judgment.  Additionally,

4   as Bryant acknowledged in his motion, these facts are contested, and therefore are

5   not required to be included in a Statement of Uncontroverted Facts.  Bryant notes

6   that the passages cited by Mattel are part of an introductory background section in

7   Bryant's Motion for Partial Summary Judgment, and Bryant expressly stated that

8   he was not relying upon the facts set forth in that section in support of his Motion.

9   *See* Bryant's Mot. for Partial Sum. J., at 3 n.2.

10       The other statements Mattel challenges below (at 9:6-8 and 37:18-20) appear

11   in Bryant's argument section.  The first statement (9:6-8) appears in an

12   introductory section outlining Bryant's contract arguments; those arguments are

13   spelled out in full, with all necessary citations, in Section III.B of Bryant's brief.

14   Likewise, the last statement Mattel challenges (37:18-20) is part of the body of

15   Bryant's argument, which read in context simply points out the absence of any

16   evidence supporting Mattel's claims.  Mattel does not raise similar objections to

17   any of the undisputed facts presented in Bryant's argument section, nor can it, as

18   Bryant has provided thorough support for each of the uncontroverted facts material

19   to his summary judgment argument.

20

| Objectionable Factual Allegations | Mattel's Objection / BRYANT'S RESPONSE |
|---|---|
| Carter Bryant's Motion for Partial Summary Judgment ("MSJ"), at 3:12-15. "One of the independent creative ideas Bryant came up with and | MATTEL'S OBJECTION Bryant does not cite to the Separate Statement of Undisputed Facts or any other evidence in support of this purportedly factual statement, in |

| | |
|---|---|
| 1 | sketched during his time as a freelancer was an idea for a group of four fashionable characters -- Hallidae, Lupe, Jade, and Zoe -- intended to communicate a particular youthful attitude, that he called Bratz." | violation of <u>Local Rule</u> 56-1.  This factual allegation also violates the Court's Scheduling Order, dated February 21, 2007, which instructs parties moving for summary judgment to support all facts in their memorandum of points and authorities "with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence."  <u>Id.</u> at 5:25-27;[3] <u>see</u> <u>also</u> <u>Orr v. Bank of America</u>, 285 F.3d 764, 774 (9th Cir. 2002) (holding that where party seeking summary judgment fails to cite the page and line numbers in support for the purported facts offered, "[t]his defect alone warrants exclusion of the evidence.").  Because Bryant does not cite any evidence, much less evidence identified by page and line numbers, in support for this purported fact, it must be stricken. |

**BRYANT'S RESPONSE**

This fact is not material to the

_____

[3]  Zeller Dec. Exh. 70.

73

414450.02

| | |
|---|---|
| | resolution of Bryant's Motion for Summary Judgment.  Additionally, because it is contested, it is not required to be included in Bryant's Separate Statement of Uncontroverted Facts.  *See* discussion *supra* at 72-73. |
| MSJ, at 3:15-18<br><br>The characters were inspired by a number of ideas and images in the public domain, including (among other things) teenagers Bryant had observed and prominent ad campaigns by Steve Madden and Coca-Cola. | **MATTEL'S OBJECTION**<br><br>Bryant does not cite to the Separate Statement of Undisputed Facts or any other evidence in support of this purportedly factual statement, in violation of <u>Local Rule</u> 56-1.  <u>See</u> <u>supra</u> at objections to MSJ 3:12-15.<br><br>**BRYANT'S RESPONSE**<br><br>This fact is not material to the resolution of Bryant's Motion for Summary Judgment.  Additionally, because it is contested, it is not required to be included in Bryant's Separate Statement of Uncontroverted Facts.  *See* discussion *supra* at 72-73. |
| MSJ, at 9:6-8<br><br>"The only contract Bryant signed with Mattel was a non-negotiable dorm document that Mattel drafted and required Bryan to sign when he | **MATTEL'S OBJECTION**<br><br>Bryant does not cite to the Separate Statement of Undisputed·Facts or any other evidence in support of this purportedly factual statement, in |

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02

| | |
|---|---|
| began work at Mattel: Mattel Employee Confidentiality and Employee Agreement (the "Employee Agreement"). | violation of <u>Local Rule</u> 56-1.  <u>See</u> <u>supra</u> at Objections to MSJ 3:12-15<br><br>**BRYANT'S RESPONSE**<br>The statement appears in an introductory section outlining Bryant's contract arguments; those arguments are spelled out in full, with all necessary citations, in Section III.B of Bryant's brief. *See* discussion *supra* at 72-73. |
| MSJ, at 37:18-20<br>"Moreover, ████████████ ██████████████████ ████████████████ ████████████████ ████████████████" | **MATTEL'S OBJECTION**<br>Bryant does not cite to the Separate Statement of Undisputed Facts or any other evidence in support of this purportedly factual statement, in violation of <u>Local Rule</u> 56-1.  <u>See</u> <u>supra</u> at Objections to MSJ 3:12-15<br><br>**BRYANT'S RESPONSE**<br>This statement is part of the body of Bryant's argument, which read in context simply points out the absence of any evidence supporting Mattel's claims, for which Mattel bears the |

414450.02

| | burden of proof. *See* discussion *supra* at 72-73. |
|---|---|

1

2

3

4      **III.   CONCLUSION**

5           For all the foregoing reasons, the Court overrule each of Mattel's evidentiary

6      objections and should consider all of the evidence cited by Bryant in support of his

7      Motion for Partial Summary Judgment.

8

9                                          Respectfully submitted,

10     Dated:  April 1, 2008               KEKER & VAN NEST, LLP

11

12

13                                         By:  /s/ Matthew M. Werdegar
                                                MATTHEW M. WERDEGAR
14                                              Attorneys for Plaintiff
                                                CARTER BRYANT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S EVIDENTIARY
OBJECTIONS TO BRYANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. CV 04-09049 SGL (RNBx)

414450.02