QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>Honorable Stephen G. Larson<br><br>**[PUBLIC REDACTED]** MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO MGA PARTIES' OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Hearing Date: April 23, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL. | 1 |
| II. | OBJECTIONS TO MGA PARTIES' EVIDENCE IN OPPOSITION TO MATTEL'S SEPARATE STATEMENT. | 3 |
| III. | OBJECTIONS TO THE DECLARATION OF PAULA GARCIA IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT | 132 |
| IV. | OBJECTIONS TO THE DECLARATION OF CARTER BRYANT IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT | 142 |
| V. | OBJECTIONS TO THE DECLARATION OF ROBERT TONNER IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT | 149 |
| VI. | OBJECTIONS TO THE DECLARATION OF THOMAS J. NOLAN IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT | 167 |
| VII. | OBJECTIONS TO THE DECLARATION OF PETER S. MENELL IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT | 175 |
| VIII. | OBJECTIONS TO UNSUPPORTED AND IMPROPER FACTUAL ALLEGATIONS IN MGA'S OPPOSITION TO MATTEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT | 184 |

Mattel, Inc. ("Mattel") respectfully submits the following Evidentiary Objections to MGA Parties' Opposition to Mattel's Motion for Partial Summary Judgment.

## I. EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181-1182 (9th Cir. 1988); Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Here, much of the evidence submitted in support of MGA's motion for partial summary judgment is inadmissible.

Local Rule 56-2 also requires defendants to "set forth the material facts as to which [they] contend there is a genuine issue necessary to be litigated" in their proposed Statements of Genuine Issues. This Court has also instructed parties opposing summary judgment that, "where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the facts is in dispute or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number." Id. at 6:11-15.[1] However, a number of factual allegations in MGA's opposition fail to include any cites to the Statement of Genuine Issues or any other evidence. See, e.g., MGA

---

[1] See Declaration of Michael T. Zeller in support for Mattel's Opposition to Defendants' Motions for Partial Summary Judgment, dated March 24, 2008 ("Zeller Dec."), Exh. 70.

Parties' Corrected Motion for Partial Summary Judgment, at 5:8-11 and 36:8-9. Such factual allegations must be stricken.

Further, Mattel had previously asked MGA to "[s]tate the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and all DOCUMENTS that REFER OR RELATE TO those facts."[2] The Court then ordered MGA to comply.[3] However, in response to Mattel's contention interrogatory, MGA never identified many of the facts it now alleges in support of its affirmative defenses. For example, MGA: (i) did not disclose that it would support is laches defense with Brawer's testimony that Mattel purportedly wanted to "litigate MGA to death;" (ii) did not disclose Brawer as a potential witness with respect to this defense; and (iii) did not disclose Brawer's deposition transcript as a document that refers or relates to this defense.[4] MGA also never alleged that it was prejudiced for "laches" purposes because Mattel "misplaced" or "destroyed" evidence.[5] Likewise, with respect to its statute of limitations defense, MGA's response did not allege that Mattel was put on notice of its claims against MGA by Mattel employees' attendance of the New York

---

[2] See Mattel, Inc.'s Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated December 3, 2007 ("Mattel's Supp. Rog."), Supplemental Proctor Declaration in support of Mattel's Motion for Partial Summary Judgment ("Supp. Proctor Dec.") Exh. 32.

[3] See Order Granting Motion for Leave to Serve a Supplemental Interrogatory, dated December 3, 2007, Supp. Proctor Dec. Exh. 33.

[4] See MGA's Response to Mattel's Supp. Rog., dated January 7, 2008, at 23:28-29:25 (discussing facts supporting its laches defense), Supp. Proctor Dec. Exh. 34; see also Amended Answer and Affirmative Defenses of MGA Entertainment, Inc. to Mattel's Second Amended Answer and Counterclaims, dated September 19, 2007 ("MGA's Amended Answer"), at 21:19-22:2 (asserting laches defense), Declaration of Dylan Proctor in support of Mattel's Motion for Partial Summary Judgment ("Proctor Dec."), Exh. 105.

[5] See id.

|    |    |
|----|----|
| 1  | and Hong Kong toy fairs or put "on notice of internet publications linking the |
| 2  | BRATZ with Mattel's line of DIVA STARZ."[6] |
| 3  |       Accordingly, MGA's affirmative defense arguments must be stricken to |
| 4  | the extent they are outside the scope of MGA's response to Mattel's Supplemental |
| 5  | Interrogatory Regarding Defendants' Affirmative Defenses. "A party that without |
| 6  | substantial justification fails to disclose information required by Rule 26(a) or |
| 7  | 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is |
| 8  | not, unless such failure is harmless, permitted to use as evidence at a trial, at a |
| 9  | hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. |
| 10 | 37(c)(1); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, |
| 11 | 1106 (9th Cir. 2001) (holding that Rule 37(c)(1) gives "teeth" to Rule 26's |
| 12 | requirements by forbidding the use at trial or hearing of any information required to |
| 13 | be disclosed by Rule 26(a) that is not properly disclosed). "Courts have upheld the |
| 14 | use of the sanction even when a litigant's entire cause of action or defense has been |
| 15 | precluded." Id. |

## II. OBJECTIONS TO MGA PARTIES' EVIDENCE IN OPPOSITION TO MATTEL'S SEPARATE STATEMENT.

| Sep. St. ¶ No. | Objectionable Evidence | Objection |
|---|---|---|
|   |   |   |

**PAGES 4-112 ARE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

| | | |
|---|---|---|
| 154. | Exh. 97, Exh. 111 (Reports: Tokyo Toy Festival 2001) | Objection to Exhibits 97 and 111 attached to the supporting Declaration of Thomas J. Nolan on the grounds that they are irrelevant and confusing. Fed. R. Evid. 402, 403. Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created Bratz while employed by Mattel. |

07209/2453966.1

| | | |
|---|---|---|
| | | To the extent MGA relies on this evidence to support its statute of limitations defense, it must also be stricken because this evidence is outside the scope of MGA's response to Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. <u>See</u> <u>supra</u> at Objections to OF ¶ 109. |
| 155. | Exh. 107 (Mattel's DVD containing footage from 2001 Tokyo Toy Fair) | Objection to Exhibit 107 attached to the supporting Declaration of Thomas J. Nolan on the grounds that it is irrelevant and confusing. <u>Fed. R. Evid.</u> 402, 403. Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created Bratz while employed by Mattel.<br><br>To the extent MGA relies on this evidence to support its statute of limitations defense, it must also be stricken because this evidence is outside the scope of MGA's response to Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. <u>See</u> <u>supra</u> at Objections to |

| | | |
|---|---|---|
| | | OF ¶ 109. |
| 156. | Exh. 98 (email dated February 22, 2001 from Isaac Larian to Dave Malacrida); Exh. 101 (e-mail dated February 22, 2001 from Isaac Larian regarding Toy Book advertisement); Exh. 102 (e-mail dated March 26, 2001 from Rachel Harris to Isaac Larian and Paula Garcia) | Objection to Exhibits 98 and 101-102 attached to the supporting Declaration of Thomas J. Nolan on the grounds that these documents are irrelevant and confusing. Fed. R. Evid. 402, 403. Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created Bratz while employed by Mattel.<br><br>To the extent MGA relies on this evidence to support its statute of limitations defense, it must also be stricken because this evidence is outside the scope of MGA's response to Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. See supra at Objections to OF ¶ 109. |
| 157. | Exh. 113 (Molly Prior, <u>Product geared to girl demo surfaces in boys' toy market</u>, DSN Retailing Today (March 5, 2001)) | Objection to Exhibit 113 attached to the supporting Declaration of Thomas J. Nolan on the grounds that this document is irrelevant and confusing. Fed. R. Evid. 402, 403. Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created |

| | |
|---|---|
| 1 | Bratz while employed by Mattel. |
| 2 | |
| 3 | To the extent the contents of this news |
| 4 | article are offered for the truth of the |
| 5 | matter asserted, they are also |
| 6 | inadmissible hearsay and no exception |
| 7 | is applicable. Fed. R. Evid. 801, 802. |
| 8 | See, e.g., Doe v. Texaco, Inc., |
| 9 | 2006 WL 2850035, at *3 (N.D. Cal. |
| 10 | 2006) (holding that "[i]t would thwart |
| 11 | the purposes of [the hearsay] rule and |
| 12 | the interests of justice to allow |
| 13 | newspaper articles to be entered into |
| 14 | evidence for the truth of the matters |
| 15 | asserted," and striking the newspaper |
| 16 | articles attached to the declaration]; |
| 17 | Green v. Baca, 226 F.R.D. 624, 638 |
| 18 | (C.D. Cal. 2005) (holding that |
| 19 | newspaper articles are inadmissible |
| 20 | hearsay). |
| 21 | |
| 22 | To the extent MGA relies on this |
| 23 | evidence to support its statute of |
| 24 | limitations defense, it must also be |
| 25 | stricken because this evidence is |
| 26 | outside the scope of MGA's response to |
| 27 | Mattel's Supplemental Interrogatory |
| 28 | Regarding Defendants' Affirmative |

07209/2453966.1

| | | |
|---|---|---|
| | | Defenses. See supra at Objections to OF ¶ 109. |
| 158 | Exh. 106 (email chain dated March 14, 2001, including March 6, 2001 email from Martin Hitch to Mateo Romano discussing Mattel brand issues with BRATZ); MGA UF ¶ 38 | Objection to Exhibit 106 attached to the supporting Declaration of Thomas J. Nolan on the grounds that this document is irrelevant and confusing. Fed. R. Evid. 402, 403. Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created Bratz while employed by Mattel. This document is also inadmissible because it has not been properly authenticated. Fed. R. Evid. 901. See supra at Objections to MGA OF ¶ 109. See also Objections to MGA UF ¶ 38.<br><br>To the extent MGA relies on this evidence to support its statute of limitations defense, it must also be stricken because this evidence is outside the scope of MGA's response to Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. See supra at Objections to OF ¶ 109. |
| 159. | Exh. 105 (email dated April 20, 2001 from Paula Garcia to Martin | Objection to Exhibit 105 attached to the supporting Declaration of |

| | | | |
|---|---|---|---|
| 1 | | Hitch) | Thomas J. Nolan on the grounds that this document is irrelevant and confusing. Fed. R. Evid. 402, 403. Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created Bratz while employed by Mattel. This document is also inadmissible because it has not been properly authenticated. Fed. R. Evid. 901. See supra at Objections to MGA OF ¶ 109.<br><br>To the extent MGA relies on this evidence to support its statute of limitations defense, it must also be stricken because this evidence is outside the scope of MGA's response to Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. See supra at Objections to OF ¶ 109. |
| 22 | 160 | MGA UF ¶¶ 35-36<br><br>Exhs. 113-128, 130 | See Objections to MGA UF ¶¶ 35-36.<br><br>Objection to Exhibits 113-128 and 130 attached to the supporting Declaration of Thomas J. Nolan on the grounds that these documents are irrelevant and confusing. Fed. R. Evid. 402, 403. |

07209/2453966.1

-118-

MATTEL'S EVIDENTIARY OBJECTIONS TO MGA'S OPPOSITION TO MATTEL'S MS

| | |
|---|---|
| | Even if Mattel were aware of MGA's use of Bratz in 2001, that did not put Mattel on notice that Bryant created Bratz while employed by Mattel. |
| | To the extent the contents of these news articles are offered for the truth of the matter asserted, they are also inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802. See supra at Objections to MGA OF ¶ 157. |
| | To the extent MGA relies on this evidence to support its statute of limitations defense, it must also be stricken because this evidence is outside the scope of MGA's response to Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. See supra at Objections to OF ¶ 109. |

**PAGES 120-188 ARE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

DATED: April 1, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ Tim Alger
Tim Alger
Attorneys for Mattel, Inc.