1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
4    (timalger@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
5    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9            UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13            Plaintiff, | Consolidated with |
| 14       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | The Honorable Stephen G. Larson |
| 16            Defendant. | **[PUBLIC REDACTED] MATTEL'S CONSOLIDATED RESPONSES TO MGA PARTIES' AND BRYANT'S EVIDENTIARY OBJECTIONS IN SUPPORT OF MATTEL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |
| 20 | Date:   April 22, 2008<br>Time:   10:00 a.m.<br>Place:  Courtroom 1 |
| 21 | |
| 22 | **Phase 1**<br>Discovery Cut-Off:   Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:        May 27, 2008 |
| 23 | |
| 24 | |

25

26

27

28

1        Mattel, Inc. responds as follows to the MGA Parties' and Bryant's

2   Evidentiary Objections to Mattel's Motions for Partial Summary Judgment.[1]

3        As a preliminary matter, defendants' evidentiary objections reflect an

4   abuse of the summary judgment process.  For instance, defendants' objections are

5   replete with bare, frivolous assertions that the cited witness testimony or other

6   evidence has been "taken out of context" and "mischaracterized."  Defendants fail to

7   provide Mattel or the Court any indication how these vague objections apply to the

8   evidence offered by Mattel.  Such unspecified objections to the evidence put forth in

9   support of summary judgment motions are improper.  See Burch v. Regents of

10  University of California, 433 F. Supp. 2d 1110, 1123-1124 (E.D. Cal. 2006) (stating

11  that "[t]he burden is on [the party objecting to evidence] to state their objections

12  with specificity.").  The propriety of defendants' "out of context' and

13  "mischaracterization" arguments, if any, is at best limited to assessing the weight of

14  Mattel's evidence; such vague and undefined "objections" cannot render this

15  evidence inadmissible.

16       Defendants also repeatedly object to Mattel's documentary evidence on

17  grounds that Mr. Proctor, to whose declaration the documents are attached as

18  exhibits, lacks "personal knowledge of the preparation and authenticity of the cited

19  evidence."  Under Rule 901, authentication "is satisfied by evidence sufficient to

20  support a finding that the matter in question is what its proponent claims."  See

21  Alexander Dawson, Inc. v. N.L.R.B., 586 F.2d 1300, 1302 (9th Cir. 1978) ("The

22

---

23     [1]   Defendant Carter Bryant has purported to "join[] in the MGA parties'
24  evidentiary objections . . . to the extent those objections also apply to Bryant."  See
    Carter Bryant's Evidentiary Objections to Mattel Inc.'s Separate Statement of
25  Uncontested Facts and Conclusions of Law In Support of Mattel, Inc.'s Motion For
    Partial Summary Judgment, p. 1.  In certain cases, Bryant has asserted additional
26  objections "that relate specifically, or with particular force, to Bryant," id., which
    Mattel incorporates with MGA's objections in this document as indicated.
27  Accordingly, Mattel, for reasons of judicial economy and convenience, responds to
28  each of the defendants' objections together in this consolidated set of responses.

issue for the trial judge under Rule 901 is whether there is prima facie evidence, circumstantial or direct, that the document is what it is purported to be.").  In each instance where defendants have objected to the Proctor declaration exhibits on foundation and authentication grounds, the documents are self-authenticating or have been properly authenticated during the course of these proceedings, as defendants should be well aware.  Moreover, as he states in his declaration, Mr. Proctor has personal knowledge that the exhibits attached to his declaration are true and correct copies of the corresponding authenticated documents, a fact which defendants are in no position to refute.

Indeed, while defendants assert these conclusory objections more than 90 times -- repeatedly asserting them without any apparent regard to the status of the referenced documents themselves -- it is telling that in no instance do defendants claim that any of these documents are anything other than what Mattel purports them to be.  See Fenje v. Feld, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003) ("Even if a party fails to authenticate a document properly or to lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic."); Burch, 433 F. Supp. 2d at 1120 (stating that "[s]ummary judgment is not a game of 'Gotcha!'" and that objections on authenticity grounds are properly rejected "where the objecting party does not contest the authenticity of the evidence submitted but nevertheless makes an evidentiary objection based on purely procedural grounds.").

Similarly, as to each instance where Mattel puts forth testimony and evidence from its expert Mr. Loetz, defendants respond with unspecified objections that "the cited evidence lacks proper authentication" and "constitutes improper expert testimony."  As defendants themselves acknowledge, under Rule 702, expert testimony is admissible if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  In no

instance in which defendants' object to the purported "improper testimony," do they point to any failure of Mattel's proffered expert testimony to meet the requisites of Rule 702 admissibility.  As to each instance of expert testimony offered by Mattel defendants also offer the blanket objection that the evidence "lacks proper authentication."  Again, defendants provide no reasons why this is so.  A review of Mr. Loetz's declaration demonstrates, however, that all of the evidence he offers is within his personal knowledge and expertise.  The wholesale and unspecified objections to Mattel's expert testimony are improper and do not reflect a good faith effort to provide reasonable or substantive objections for the Court's consideration.

These examples reflect a pattern of defendants interposing improper and frivolous objections, with little or no effort made to justify them.  It is crystal clear that in virtually all of the uncontested facts, defendants have no bona fide objection, and merely desire to clutter the record and impose on the Court.  Further, the objections -- many of them involving issues that have never been in dispute, such as the date Bryant left Mattel, are calculated to consume Mattel's time and kill trees.  Defendants' evidentiary objections appear designed to burden the Court, harass Mattel, and should be disregarded.

**Mattel's Uncontested Fact No. 1**:  Mattel's business as of 2000 was to "desig[n], manufactur[e], and marke[t] a broad variety of toy products on a worldwide basis through both sales to retailers [i.e. "customers"] and direct to consumers...[and] to create new brands..."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
| --- | --- |
| Mattel Inc. 2000 Annual Report at 18, attached as Exhibit 1 to the Declaration of B. Dylan Proctor ("Proctor. Dec."), | The cited evidence contains hearsay. (Fed. R. Evid. 802.) |

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| dated March 7, 2008 and filed concurrently herewith. | |

Mattel's Response to Objection:  Defendants' objection is vague and ambiguous as no effort is made to indicate what constitutes the alleged hearsay to which defendants object.  It is not Mattel's role, or that of the Court, "to comb through [this] document[], identify potential hearsay, and determine if an exception applies, without any assistance from defendants.  See Burch, 433 F. Supp. 2d 1124 (E.D. Cal. 2006) (denying evidentiary objection at summary judgment where defendants had "only very generally objected to these documents in their entirety based on the argument that they 'contain' hearsay."); cf. Wright, Miller & Kane, 10B Federal Practice and Procedure § 2738 ("It follows that a motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective.").

**Mattel's Uncontested Fact No. 2:**  Bryant withdrew "his Ninth, Tenth, and Eleventh affirmative defenses of 'failure of contract,' 'duress/ unconscionability' and 'alleged duties contrary to law[.]'"

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Stipulation and Order Regarding Carter Bryant's Amended Reply to Mattel's Counterclaims, dated October 5, 2007, at 1:18-22, Proctor Dec., Exh. 3. | Objection to the supporting document in that insufficient foundation has been laid to establish its relevance.  (Fed. R. Evid. 401.) |

1           <u>Mattel's Response to Objection</u>:  Defendants' objection is nonsensical.

2    The evidence cited by Mattel is an Order of this Court, pursuant to stipulation

3    signed by Bryant's counsel, plainly establishing Bryant's voluntary withdrawal of the

4    referenced affirmative defenses which he had previously asserted against Mattel,

5    and which, accordingly, he may no longer assert against Mattel to defeat the present

6    motion for summary adjudication.  It is difficult to imagine what other evidence

7    would tend "to make the existence [of Mattel's Fact No. 2] more probable . . . than it

8    would be without the evidence." <u>Fed. R. Evid.</u> 401.

9

10          **<u>Mattel's Uncontested Fact No. 3</u>:**  The Court has already ruled that

11   that Mattel's Confidential Information and Inventions Agreement signed by Bryant

12   (1) is not an unlawful restraint of trade in violation of Section 16600 of the <u>Business</u>

13   <u>and Professions Code</u> (July 17, 2006 Order at 10-11),[2] (2) does not violate Sections

14   96(k), 98.6 or 2699 of the <u>Labor Code</u> (<u>id.</u> at 11-12), (3) does not violate Section

15   2870 of the <u>Labor Code</u> (<u>id.</u> at 12-13), (4) is not substantively unconscionable

16   (Order at 13-14), (5) does not violate Sections 232 or 232.5 of the <u>Labor Code</u> (<u>id.</u> at

17   14), (6) was not obtained through fraud or fraudulently concealed facts (<u>id.</u> at 14-

18   15), and (7) was not obtained through duress (<u>id.</u> at 16-17).

19

| **<u>Mattel's Evidentiary Support</u>** | **<u>Defendants' Objection[s]</u>** |
|---|---|
| Court's Order Granting Motions to Dismiss, dated July 18, 2006 at 13, 14, 15-16, Proctor Dec., Exh. 2. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts. Furthermore, Mattel mischaracterizes the Court's Order. |

     [2]   UF 3 (July 17, 2006 Order at 10-11).

1

2          Mattel's Response to Objection:  Defendants cite no authority for the

3   purported rule barring citation to court orders in separate statements, as no such rule

4   exists.  Indeed, defendants have gone so far as to cite to a decision by a different

5   Court in another, unrelated case in their separate statement.  Defendants objection is

6   also vague and ambiguous as no effort is made to indicate in what way Mattel's has

7   allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization"

8   objection is not only meritless, but plainly disingenuous given that the factual

9   statement is a straightforward and accurate summary of the Court's rulings.

10

11          **Mattel's Uncontested Fact No. 4:**  [Redacted]

12

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Deposition Transcript of Carter Bryant, Vol. 3 ("Bryant Tr. Vol. 3"), dated November 8, 2004, at 545:24-25, attached as Exhibit 3 to the Declaration of Jon D. Corey ("Corey Dec."), dated March 7, 2008 and filed concurrently herewith. | The quoted language is taken out of context and mischaracterizes the testimony. |

21          Mattel's Response to Objection:  Defendants' objections are replete

22   with bare assertions that the cited witness testimony or other evidence has been

23   "taken out of context" and "mischaracterized."  Defendants fail to provide Mattel or

24   the Court any indication how these vague objections apply to the evidence offered

25   by Mattel.  Such unspecified objections to the evidence put forth in support of

26   summary judgment motions are improper.  See Burch, 433 F. Supp. 2d at 1123-1124

27   (stating that "[t]he burden is on [the party objecting to evidence] to state their

28   objections with specificity.").  The propriety of defendants' "out of context' and

"mischaracterization" arguments, if any, is at best limited to assessing the weight of Mattel's evidence; such vague and undefined "objections" cannot render this evidence inadmissible.

**Mattel's Uncontested Fact No. 5:**  [Redacted]

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Deposition Transcript of Ana Elise Cloonan, Vol. 1 ("Cloonan Tr. Vol. 1") dated December 14, 2007, at 98:23-24, Corey Dec., Exh. 6; see also Deposition Transcript of Christina Tomiyama, Vol. 1 ("Tomiyama Tr. Vol. 1"), dated February 27, 2008, at 38:3-39:8 (noting that the role of a designer like Bryant was to design products), Corey Dec., Exh. 7. | The quoted language is taken out of context and mischaracterizes the testimony.  The testimony is also vague and ambiguous as to "concepts."  The [Tomiyama] testimony is also vague and ambiguous as to "products." |

Mattel's Response to Objection.  As noted above, defendants' objections are merely bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized," and as such cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.  Such unspecified objections to the evidence put forth in support of summary judgment motions are improper.  See Burch, 433 F. Supp. 2d at 1123-1124 (stating that "[t]he burden is on [the party objecting to evidence] to state their objections with specificity.").  The propriety of defendants' "out of context' and "mischaracterization" arguments, if any, is at best limited to assessing the weight of Mattel's evidence; such vague and undefined "objections" cannot render this evidence inadmissible.

Defendants "vague and ambiguous" objections are also without merit. Defendants fail to explain how such common words as "concepts" or "products" can be either vague or ambiguous on their face or when read in the full context of the cited testimony.

**Mattel's Uncontested Fact No. 6:**  Bryant admitted creating a Bratz "dummy" or model using Mattel resources and that he paid at least one Mattel employee for her work on Bratz.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant Tr. Vol. 3 at 666:5-667:9, Corey Dec., Exh. 3; Deposition Transcript of Carter Bryant, Vol. 1 ("Bryant Tr. Vol. 1"), dated November 4, 2004, at 166:10-170:15 (describing his recruitment of two Mattel employees to make his "dummy"), Corey Dec., Exh. 1; Id. at 165:6-8 [Redacted]); Deposition Transcript of Carter Bryant, Vol. 4 ("Bryant Tr. Vol. 4"), dated January 23, 2008, at 817:8-19 (where Bryant admits paying Sheila Kyaw for her work on the dummy), Corey Dec., Exh. 4; see also Deposition Transcript of Sheila Kyaw ("Kyaw Tr."), dated January 24, 2008, at 169:23-170:21, 173:24-176:8, 251:3-4, 251:24-252:1, Corey Dec., Exh. 8. | The quoted language is taken out of context and mischaracterizes the testimony.  The testimony is also vague and ambiguous as to "dummy."<br><br>The testimony is also vague and ambiguous as to "bin of heads."<br><br>The fact mischaracterizes the testimony.  The testimony is also vague and ambiguous as to whether Mr. Bryant actually paid Ms. Kyaw and what he allegedly paid her for.<br><br>The testimony cited is vague and ambiguous as to what Mr. Bryant allegedly paid Ms. Kyaw for because her information pertaining to ultimate use of her work on the "G-Job" was obtained solely from counsel. |

1            <u>Mattel's Response to the Objections</u>.  As discussed above, defendants'

2  bare assertions that the cited witness testimony or other evidence has been "taken

3  out of context" and "mischaracterized" cannot be sustained.  Defendants fail to

4  provide Mattel or the Court any indication how these vague objections apply to the

5  evidence offered by Mattel.  Defendants "vague and ambiguous" objections are

6  frivolous.  No reasonably diligent person could read Bryant's testimony cited by

7  Mattel here and fail to understand that the term "dummy" in this context refers to a

8  type of three-dimensional doll model.  Similarly, the Bryant testimony put forth by

9  Mattel explains that "bin of heads" is just that: a bin containing doll heads at

10  Bryant's workplace at Mattel.  Finally, defendants' vagueness objections to the

11  testimony regarding payments to Kyaw are unavailing.  Any merit to these

12  arguments goes to the weight of the evidence, not to admissibility.

13

14           **Mattel's Uncontested Fact No. 7:**  [Redacted]

15

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant Tr. Vol. 1 at 133:9-15, Corey Dec., Exh. 1;  see also <u>id.</u> at 135:25-136:1 [Redacted]). | The testimony cited contains speculation by Mr. Bryant as to whether he asked a Mattel employee for the Universal hair vendor. |

22            <u>Mattel's Response to the Objections</u>.  Defendants' are wrong that

23  Bryant's testimony contains "speculation," as he was not simply "theorizing about

24  matters over which there is no certain knowledge."  <u>Wilken v. Cascadia Behavioral</u>

25  <u>Healthcare, Inc.</u>, 2008 WL 44648 (D. Or. 2008) (quoting <u>Black's Law Dictionary</u>,

26  1435 (8th ed 2004)).  As the quoted testimony makes plain, Bryant testified with

27  certainty as to a matter within his personal knowledge, namely, the source of

28  knowledge of the hair vendor Universal.  Whether that source was Jennifer Shaw or

07209/2456001.1

1  another source connected to Bryant's employment at Mattel does not render the

2  undisputed fact any less certain.

3

4        **Mattel's Uncontested Fact No. 8:**  Bryant placed dozens of phone

5  calls to MGA from his extension at Mattel.

6

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| M 0001820-24 (Mattel phone records showing that Bryant called MGA's main line on 9/11/00, 9/12/00, 9/13/00, 9/14/00, 9/15/00, 9/18/00, 9/19/00, 9/20/00, 9/21/00, 9/25/00, 9/26/00, and 9/27/00, and that he called Isaac Larian on 9/27/00), attached as Exhibit 1 to the Declaration of Rodney Palmer, Jr. ("Palmer Dec."), dated March 6, 2008 and filed concurrently herewith. | No objection. |

18

19

20        **Mattel's Uncontested Fact No. 9:**  The Inventions Agreement reads,

21  "the term 'inventions' includes, but is not limited to, all discoveries, improvements,

22  processes, designs, know-how, data computer programs and formulae, whether

23  patentable or unpatentable."

24

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Mattel's Employee Confidential Information and Inventions Agreement ("Inventions Agreement") at ¶ 2(b), Proctor | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague |

| Dec., Exh. 5. | and ambiguous as to "inventions," "improvements," "designs," and the interplay of these terms in this provision. |
|---|---|

Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants "vague and ambiguous" objections are also without merit. Defendants fail to explain how such common words as "inventions," "improvements," or "designs" can be either vague or ambiguous on their face or when read in the full context of the cited agreement.

**Mattel's Uncontested Fact No. 10:**  The Inventions Agreement assigns to Mattel "all [Bryant's] right, title and interest" in Bryant's inventions to the extent they were "conceived or reduced to practice by [Bryant] (alone or jointly by others) at any time during [Bryant's] employment by the Company." and also his "right title and interest in any patents, copyrights, patent applications or copyright applications based thereon."

The Inventions Agreement further states that even if no copyright application has yet been filed, Bryant must assist Mattel "at any time" "to obtain for [Mattel's] own benefit, patents and copyrights for all such inventions anywhere in the world…"

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Inventions Agreement at ¶ 2(a), Proctor | The quoted language is taken out of |

07209/2456001.1

| | |
|---|---|
| Dec., Exh. 5. | context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "inventions," "conceived or reduced to practice," "at any time during [Bryant's] employment by the Company." |

      Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

      Defendants "vague and ambiguous" objections are also without merit.  Defendants fail to explain how the common referenced terms can be either vague or ambiguous on their face or when read in the full context of the cited agreement.

**Mattel's Uncontested Fact No. 11:**  [Redacted]

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Deposition Transcript of Carter Bryant, Vol. 4 ("Bryant Tr. Vol. 4"), dated January 23, 2008, at 861:4-13, Corey Dec., Exh. 4. | This evidence is irrelevant (Fed. R. Evid. 401.)  The quoted testimony is also taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "toy inventing" and "designing." The language is also irrelevant in that Bryant's current understanding, if any, of the phrase is irrelevant to what his |

| | understanding, if any, was during his employment at Mattel. |
|---|---|

**Mattel's Response to Objection**:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants "vague and ambiguous" objections are also without merit. Defendants fail to explain how such common words as "toy inventing" or "designing" can be either vague or ambiguous on their face or when read in the full context of the cited testimony.

Defendants relevance argument is nonsense.  What a person understands currently is plainly probative of what that person understood regarding the same subject sometime in the past, particularly absent evidence of intervening change.

**Mattel's Uncontested Fact No. 12:**  "[I]mprovement" is "an alteration or addition to an existing subject of invention or discovery that does not destroy its identity or essential character but accomplishes greater efficiency or economy[.]"

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| <u>See</u> WEBSTER'S THIRD NEW INT'L DICTIONARY (1993) at 1138, Proctor Dec., Exh. 6. | This evidence is irrelevant.  A 1993 dictionary definition of "improvement" is irrelevant to the meaning of that word in the context of the Inventions Agreement, in which the word is ambiguous and must be construed in |

| | |
|---|---|
| | light of parol evidence and the parties' course of conduct. |

Mattel's Response to Objection:  Defendants cite no authority for their assertion that citation to a dictionary definition is irrelevant to a statement as to the meaning of a word.  Nor do defendants explain why the word "improvement" is ambiguous beyond their conclusory statement to that effect.

**Mattel's Uncontested Fact No. 13:**  "[D]esign" is "a preliminary sketch or outline (as a drawing on paper or a modeling in clay) showing the main features of something to be executed[.]"

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See WEBSTER'S THIRD NEW INT'L DICTIONARY (1993) at 611, Proctor Dec., Exh. 6. | This evidence is irrelevant.  A 1993 dictionary definition of "design" is irrelevant to the meaning of that word in the context of the Inventions Agreement, in which the word is ambiguous and must be construed in light of parol evidence and the parties' course of conduct. |

Mattel's Response to Objection:  Defendants cite no authority for their assertion that citation to a dictionary definition is irrelevant to a statement as to the meaning of a word.  Nor do defendants explain why the word "design" is ambiguous beyond their conclusory statement to that effect.

**Mattel's Uncontested Fact No. 14:**  The Proprietary Information Check Out form that Bryant signed at the end of his Mattel tenure describes the Inventions Agreement as covering "any and all inventions, improvements and ideas (whether or not patentable) which I have made or conceived … during the period of my employment with the Company."

The Check Out form also certified that "[a]ll documents … and other items including, but not limited to, … sketches … relating to the business of the Company, made or obtained by me while employed by the Company shall be the exclusive property of the Company and shall be delivered by me to the Company on termination of my employment or at any time as requested by the Company."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
| --- | --- |
| Proprietary Information Checkout, Proctor Dec., Exh. 7. | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "inventions" and "improvements." <br><br> Objection to the Proprietary Information Form Check as lacking consideration and irrelevant, as it was procured by Mattel's fraud in deliberately misleading Bryant by misquoting the language of the Inventions Agreement. |

Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide

Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants offer no evidence to support their theory that Bryant was misled in signing the Proprietary Information Check Out form.

**Mattel's Uncontested Fact No. 15:**  Bryant's counsel represented to the Court with respect to the Inventions Agreement that, "The nature of the assignment here is that it is a broad based assignment of all inventions during their employment; all things that were conceived and practiced."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Transcript of Hearing Regarding Mattel's Motion to Dismiss Bryant's Counter-claims, dated June 26, 2006, at 12:23-25, Proctor Dec., Exh. 8. | **MGA Parties Objections.**  This evidence is irrelevant (Fed. R. Evid. 401.)  The quoted representation by Bryant's counsel is also taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "broad based", "inventions", "conceived", and "practiced."  Furthermore, arguments made by counsel are not evidence.  See e.g., In re Federal Mogul-Global Inc., 48 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."); In re Lang, 293 B.R. 501, 513 (10th Cir. BAP 2003) ("Counsel's statements in a brief |

1      or during a trial are not evidence.");

2      United States v. Rose, 104 F.3d 1408,

3      1416 (1st Cir. 1997) ("[A]rgument by

4      counsel is of evidence."); Exeter

5      Bancorporation, Inc. v. Kemper

6      Securities Group, Inc., 58 F.3d 1306,

7      1312 (8th Cir. 1995) ("[S]tatements of

8      counsel are not evidence and do not

9      create issues of fact.") (internal

10     quotations omitted).

11

12     Bryant Objections.  Irrelevant and

13     inadmissible evidence.  Fed. R. Evid.

14     401, 402.  Statements by counsel are not

15     admissible evidence to provide support

16     for motions for summary judgment.

17     See, e.g., Arpin v. Santa Clara Valley

18     Transportation Agency, 261 F.3d 912,

19     923 (9th Cir. 2001) (alternative

20     arguments by counsel "are not evidence

21     and do not create issues of fact capable

22     of defeating an otherwise valid

23     summary judgment."); see also In re

24     Federal Mogul-Global Inc., 48 F.3d

25     390, 406 (3rd Cir. 2003) ("[I]t is well

26     settled that arguments by counsel

27     cannot provide factual support for a trial

28     court's findings."); United States v.

| | |
|---|---|
| | Rose, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."). |

**Mattel's Response to Objection**:  Defendants' vagueness, characterization and relevance objections at best go to the weight of the evidence and not to its admissibility.  Furthermore, statements by Bryant's former counsel are admissions of an authorized agent of the party opponent, and thus admissible.  See U.S. v. Sanders, 979 F.2d 87, 92 (7th Cir. 1992).

**Mattel's Uncontested Fact No. 16:**  Defendants' expert D. Jan Duffy described Mattel's and other employers' [Redacted]

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Expert Report of D. Jan Duffy, dated February 11, 2008, at 7, Proctor Dec., Exh. 9. | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "procedures" and "practices."<br><br>    The report is also inadmissible hearsay.  (Fed. R. Evid. 802.) |

**Mattel's Response to Objection**:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

1  Defendants "vague and ambiguous" objections are also without merit.

2  Defendants fail to explain how such common words as "procedures" or "practices"

3  can be either vague or ambiguous on their face or when read in the full context of

4  the cited testimony.

5  Defendants offer no basis for the conclusory assertion of hearsay as to a

6  report submitted in these proceedings by their own expert.  The statements in her

7  expert report were her own.  Fed. R. Evid. 801(c).

8

9  **Mattel's Uncontested Fact No. 17:**  Bryant has sharply restricted his

10  defense of unclean hands.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Werdeger letter to Proctor, dated February 27, 2008, Proctor Dec., Exh. 120. | No objection. |

16  **Mattel's Uncontested Fact No. 18:**  MGA, MGA Entertainment (HK)

17  Limited, and Isaac Larian have withdrawn entirely their defense of unclean hands to

18  Mattel's Phase I claims.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| MGA's Notice of Withdrawal of Unclean Hands Affirmative Defense as it Pertains to Phase 1, dated February 15, 2008, Proctor Dec., Exh. 121. | No objection. |

27  **Mattel's Uncontested Fact No. 19:**  Bryant admitted creating

28  drawings of the Bratz characters wearing evening fashion designs in or about July 2000.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See Drawing Bates-numbered BRYANT 00273 and a photograph of BRYANT 00273 marked as Exhibit 717 in this action, Proctor Dec., Exh. 12; Bryant Tr. Vol. 2 at 340:21-23, Corey Dec., Exh. 2; BRYANT 00228 and a photograph of BRYANT 00228 marked as Exhibit 719 in this action, Proctor Dec., Exh. 12; Bryant Tr. Vol. 2 at 301:25-302:3, Corey Dec., Exh. 2; BRYANT 00221 and a photograph of BRYANT 00221 marked as Exhibit 722 in this action, Proctor Dec., Exh. 12; Bryant Tr. Vol. 2 at 340:2-4, Corey Dec., Exh. 2; BRYANT 00297 and a photograph of BRYANT 00297 marked as Exhibit 725 in this action, Proctor Dec., Exh. 12; Bryant Tr. Vol. 2 at 358:2-358:4, Corey Dec., Exh. 2; see also Bryant Tr. Vol. 1 at 229:14-230:5, Corey Dec., Exh. 1; Bryant Tr. Vol. 2 at 302:4-19, Corey Dec., Exh. 2; Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants at Response Nos. 9-12; Proctor Dec., Exh. 88. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited evidence. (Fed. R. Evid. 602.)  Furthermore, the documents are not properly authenticated.  (Fed. R. Evid. 901.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as

-20-

exhibits to Mr. Proctor's declaration are without merit.  In the present instance, each of the documents identified above in support of Mattel's Uncontested Fact No. 19 was produced by Bryant and properly authenticated by him at deposition.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).  Moreover, the declarant, Mr. Proctor has personal knowledge that the exhibits attached to his declaration are true and correct copies of the corresponding documents produced and authenticated by Bryant.

Even if defendants' objections were not rendered baseless given these facts, they would still be unavailing as defendants assert the objections in the most general terms, refusing to specify any factual bases for their claims.

**Mattel's Uncontested Fact No. 20:**  When MGA and MGA Hong Kong sought to enforce MGA's copyrights in the courts of Hong Kong, the former director of MGA Hong Kong swore in an affirmation that Bryant created 17 drawings as the "initial concept and design drawings of the Bratz dolls" "in the year 2000 pursuant to the [Bryant-MGA] Agreement."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Affirmation of Lee Shiu Cheung, dated June 18, 2002, at ¶ 7, Proctor Dec., Exh. 13; Exhibit LSC-3 to the Affirmation of Lee Shiu Cheung, Proctor Dec., Exh. 14. | MGA Parties Objections  This evidence is not properly authenticated.  (Fed. R. Evid. 901(a).)  Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited evidence. (Fed. R. Evid. 602; 901(b)(1).)  Furthermore, the quoted language is taken out of context and |

|  | mischaracterizes the evidence.<br><br>Bryant Objections.  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Former exception does not apply, as there has been no showing that Lee Shiu Cheung is unavailable as a witness in this case.  Fed. R. Evid. 804(b)(1). |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Cheung Affirmation is self-authenticating under Fed. R. Evid. 901(b)(7).

And once again, as discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

The statement is not hearsay as to Bryant because Bryant and MGA are co-conspirators with respect to misappropriation of Bratz from Mattel and other wrongdoing.  U.S. v. Busch, 758 F.2d 1394, 1397 (10th Cir. 1985); U.S. v. Rogers, 652 F.2d 792, 796 (10th Cir. 1981).

**Mattel's Uncontested Fact No. 21:**  Bryant testified that he drew a key sculptural drawing to give to the sculptor of Bratz to [Redacted] her sculpt.  Bratz

1  program manager Paula Garcia testified that the same drawing was completed

2  between October 4, 2000 and October 19, 2000.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant Tr. Vol. 2 at 350:16-25, Corey Dec., Exh. 2.  Sculptural drawing Bates-numbered BRYANT 00278, Proctor Dec., Exh. 15;  Deposition Transcript of Paula Garcia, Vol. 2, dated May 25, 2007, at 589:25-592:7 (Garcia testifies that she thinks the drawing was created in between October 4, 2000 and October 19, 2000, and that it was given to Margaret Leahy), Corey Dec., Exh. 20. | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "restart" and "same drawing." <br><br>     Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited evidence.  (Fed. R. Evid. 602.) |

        Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

        Defendants "vague and ambiguous" objections are also without merit. Defendants fail to explain how such common terms as "restart" or "same drawing" can be either vague or ambiguous on their face or when read in the full context of the cited testimony.

        As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the sculptural drawing was produced by Bryant in discovery and authenticated by him in deposition.

**Mattel's Uncontested Fact No. 22:**  A third-party vendor testified that he received the same key sculptural drawing that Bryant created for the sculptor as part of a packet of materials from Bryant and MGA while Bryant was still employed by Mattel.  The witness described the drawing as "an engineering drawing or a call-out of what the doll size is, the size of the doll, basically, and sort of like specs on what the body was going to be made of -- or not made of but how it was going to look."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See Collection of drawings marked as Exhibit 323 in this action at SL00044, Proctor Dec., Exh. 16; see also Deposition Transcript of Steven Linker ("Linker Tr."), dated September 13, 2006 at 77:11-13 (describing Ex. 323, Bates-numbered SL00013-63, as [Redacted] Corey Dec., Exh. 9; id. at 89:11-21 ("[Redacted]). | Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited evidence.  (Fed. R. Evid. 602.)  The cited testimony constitutes improper lay opinion (Fed. R. Evid. 701.)  The witness also lacks foundation as to whether Bryant was "still employed by Mattel." |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the collection of drawings were produced by Mr. Linker and authenticated by him in deposition.

Defendants' objection on "lay opinion" grounds is baseless.  The Linker testimony is based not on any specialized knowledge but what he himself witnessed and perceived in person.  See Fed. R. Evid. 701.

**Mattel's Uncontested Fact No. 23:**  MGA has registered Bratz drawings created by Bryant with the U.S. Copyright Office.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| <u>See</u> the copyright registration marked as Exhibit 505 in this action, Proctor Dec., Exh. 17; the copyright registration marked as Exhibit 507 in this action, Proctor Dec., Exh. 18; the copyright registration marked as Exhibit 509 in this action, Proctor Dec., Exh. 19; the copyright registration marked as Exhibit 511 in this action, Proctor Dec., Exh. 20; the copyright registration marked as Exhibit 513 in this action, Proctor Dec., Exh. 21. | No objection. |

**Mattel's Uncontested Fact No. 24:**  Mattel has registered the same Bratz drawings with the U.S. Copyright Office that MGA has registered as well as other Bratz drawings created by Bryant during Bryant's Mattel employment.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| <u>See</u> the copyright registration Bates-numbered M 0059601-2, Proctor Dec., Exh. 22; the copyright application Bates-numbered M 0059734-7, Proctor Dec., Exh. 23; the copyright registration Bates-numbered M 0059585-6, Proctor Dec., Exh. 24; the copyright application Bates-numbered M 0059702-5, Proctor Dec., | Lacks foundation.  Mr. Proctor lacks personal knowledge of [these] registration[s].  (Fed. R. Evid. 602.) |

1  Exh. 25; the copyright registration Bates-

2  numbered M 0059589-90, Proctor Dec.,

3  Exh. 26; the copyright application Bates-

4  numbered M 0059710-3, Proctor Dec.,

5  Exh. 27; the copyright registration Bates-

6  numbered M 0059591-2, Proctor Dec.,

7  Exh. 28; the copyright application Bates-

8  numbered M 0059714-7, Proctor Dec.,

9  Exh. 29; the copyright registration Bates-

10  numbered M 0059587-8, Proctor Dec.,

11  Exh. 30; the copyright application Bates-

12  numbered M 0059706-9, Proctor Dec.,

13  Exh. 31; the copyright registration Bates-

14  numbered M 0059609-10, Proctor Dec.,

15  Exh. 32; the copyright application Bates-

16  numbered M 0059750-3, Proctor Dec.,

17  Exh. 33; the copyright registration Bates-

18  numbered M 0059583-4, Proctor Dec.,

19  Exh. 34; the copyright application Bates-

20  numbered M 0059698-701, Proctor Dec.,

21  Exh. 35; the copyright registration Bates-

22  numbered M 0059593-4, Proctor Dec.,

23  Exh. 36; the copyright application Bates-

24  numbered M 0059718-21, Proctor Dec.,

25  Exh. 37; the copyright registration Bates-

26  numbered M 0059595-6, Proctor Dec.,

27  Exh. 38; the copyright application Bates-

28  numbered M 0059722-5, Proctor Dec.,

1  Exh. 39; the copyright registration Bates-

2  numbered M 0059597-8, Proctor Dec.,

3  Exh. 40; the copyright application Bates-

4  numbered M 0059726-9, Proctor Dec.,

5  Exh. 41; the copyright registration Bates-

6  numbered M 0059599-600, Proctor Dec.,

7  Exh. 42; the copyright application Bates-

8  numbered M 0059730-3, Proctor Dec.,

9  Exh. 43; the copyright registration Bates-

10  numbered M 0059603-4, Proctor Dec.,

11  Exh. 44; the copyright application Bates-

12  numbered M 0059738-41, Proctor Dec.,

13  Exh. 45; the copyright registration Bates-

14  numbered M 0059605-6, Proctor Dec.,

15  Exh. 46; the copyright application Bates-

16  numbered M 0059742-5, Proctor Dec.,

17  Exh. 47; the copyright registration Bates-

18  numbered M 0059607-8, Proctor Dec.,

19  Exh. 48; the copyright application Bates-

20  numbered M 0059746-9, Proctor Dec.,

21  Exh. 49; the copyright registration Bates-

22  numbered M 0059581-2, Proctor Dec.,

23  Exh. 50; the copyright application Bates-

24  numbered M 0059758-61, Proctor Dec.,

25  Exh. 51; the copyright registration Bates-

26  numbered M 0059579-80, Proctor Dec.,

27  Exh. 52; the copyright application Bates-

28  numbered M 0059754-7, Proctor Dec.,

MATTEL INC.'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

| Exh. 53. | |
|---|---|

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the copyright applications were produced by Mattel in discovery.  The documents are also self-authenticating under Fed. R. Evid. 901(b)(7), 902(1), and 902(5).

**Mattel's Uncontested Fact No. 25:**  Bryant testified that he intended his Bratz drawings to serve as guides for creation of the Bratz dolls.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant Tr. Vol. 2 at 387:17-25, Corey Dec., Exh. 2; Bryant Tr. Vol. 3 at 528:3-20, Corey Dec., Exh. 3;  Bryant Tr. Vol. 5 at 901:7-902:3, Corey Dec., Exh. 5. | This fact mischaracterizes the testimony in that Mr. Bryant never uses the word "guides." <br><br> The question [Bryant Tr. Vol. 3 at 528:3-20] lacks foundation (Fed. R. Evid. 401) and mischaracterized Mr. Bryant's previous testimony rendering it inadmissible.  (Fed. R. Evid. 403.) <br><br> The question [Bryant Tr. Vol. 5 at 901:7-902:3] lacks foundation (Fed. R. Evid. 401) and mischaracterized Mr. Bryant's previous testimony.  (Fed. R. Evid. 403.) <br><br> Moreover, counsel's questions were impermissibly leading and |

| | |
|---|---|
| | repeated questions which had been asked and answered. |

Mattel's Response to Objection:  Defendants' objections as to form and characterization have no bearing on the admissibility of Bryant's own testimony.  At most, the arguments go to the weight of the evidence.

**Mattel's Uncontested Fact No. 26:**  Defendant Larian testified in another matter that the first Bratz dolls were exhibited in November 2000.  MGA Rule 30(b)(6) designee Rebecca Harris confirmed that Larian was referring to the exhibition of Bryant's drawings.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See Affidavit of Isaac Larian in Cityworld at ¶13, ("Larian's Cityworld Affidavit") Bates-numbered M 0883396-407 (Larian stating "The Bratz dolls were first exhibited in the USA in November 2000."), Proctor Dec., Exh. 54; Deposition Transcript of Spencer Woodman ("Woodman Tr."), dated October 9, 2007, at 170:22, Corey Dec., Exh. 17; see also Deposition Transcript of  Rebecca Harris, Vol. 2 ("Rebecca Harris Tr. Vol. 2"), dated January 22, 2008, at 476:18-25, Corey Dec., Exh. 10 ([Redacted]); see also Bryant sketches marked as Exhibits 1107-10 in | MGA Parties Objections.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Larian Affidavit].  (Fed. R. Evid. 602.)<br><br>Bryant Objections. Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802. Not a party admission as to Bryant. Fed. R. Evid. 801(d)(2).  Not offered by Mattel as a prior inconsistent statement of Mr. Larian.  Fed. R. Evid. 801(d)(1). Former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this |

| | |
|---|---|
| 1 this action, Proctor Dec., Exh. 55; | case.  Fed. R. Evid. 804(b)(1). |
| 2 Deposition Transcript of Paula Garcia, Vol. | |
| 3 4 ("Garcia Tr. Vol. 4"), at 1021:14, | |
| 4 1024:21, 1025:19 & 1026:12, Corey Dec., | |
| 5 Exh. 18; see also Rebecca Harris Tr. Vol. 2 | |
| 6 at 367:2-6, Corey Dec., Exh. 10 | |
| 7 ([Redacted]); id. at 376:25-377:15 | |
| 8 ([Redacted] id. at 485:20-489:19 | |
| 9 (describing pictures of boards attached to | |
| 10 an e-mail as some of the boards presented | |
| 11 to the retailers); e-mail and attachments | |
| 12 Bates-numbered MGA 0050733-36, | |
| 13 Proctor Dec., Exh. 56; Deposition | |
| 14 Transcript of Sarah Chui ("Chui Tr."), | |
| 15 dated September 28, 2007, at 94:4, Corey | |
| 16 Dec., Exh. 19; Rebecca Harris Tr. Vol. 2 at | |
| 17 497:23-500:3 (describing Bryant's sketches | |
| 18 as some of the figures which were on the | |
| 19 boards presented to the retailers), Corey | |
| 20 Dec., Exh. 10; Collection of drawings | |
| 21 marked as Exhibit 302 in this action, | |
| 22 Proctor Dec., Exh. 57; Deposition | |
| 23 Transcript of Paula Garcia, Vol. 2, ("Garcia | |
| 24 Tr. Vol. 2"), dated May 25, 2007, at 622:9- | |
| 25 11, Corey Dec., Exh. 20. | |

26

27       Mattel's Response to Objection:  As discussed above, defendants'

28 repeated unspecified objections to Mattel's documentary evidence attached as

exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Larian Affidavit was produced by defendants and they do not deny its authenticity. See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

The testimony is not hearsay as the witness statements' are their own and within their own personal knowledge; they are not relating statements of another person.  Fed. R. Evid. 801.

**Mattel's Uncontested Fact No. 27:**  In a side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant, all the major anatomical landmarks -- including chins, shoulders, waists, crotch, knees, and ankles -- line up on a horizontal plane.  The alignments are too numerous to be coincidental.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
| --- | --- |
| See Exhibit 37 and Paragraph 12 to the Declaration of Lee Loetz ("Loetz Dec."), dated March 7, 2008 and filed concurrently herewith. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

**Mattel's Response to Objection:**  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 28:**  A side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant from a three quarter view shows that the dolls and drawings are highly similar, and demonstrates that the doll closely followed the curves of the drawing.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exh. 2 & ¶ 13. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 29:**  In Bryant's drawings, the characters have an angular waist pose with knock-knees, pigeon toes, and hands upturned at the wrist.  The final dolls match to a remarkable degree the poses in Carter Bryant's concept sketches.  Similarly, the upturned hands at the wrists evident in Bryant's drawings were faithfully executed in the three dimensional Bratz dolls.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 4, 5, 7, 9 & 16 & ¶ 15. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

1

2          <u>Mattel's Response to Objection</u>:  Defendants' wholesale and unspecified

3      objections to Mattel's expert testimony are improper and frivolous.  The matters set

4      forth in the Loetz are within his personal knowledge and expertise and defendants

5      point to no basis for asserting that his testimony lacks the admissibility requirements

6      of Rule 702.

7

8          **<u>Mattel's Uncontested Fact No. 30</u>:**  The proportional placement of the

9      eyes, hair and lips, which define the signature "sultry look" of the Bratz dolls, match

10     nearly identically as between the drawings and the dolls.  From a three quarter view,

11     the eyes are a similar distance apart, as are the eyebrows.  The cheek color

12     application is in the same place.  The faces have a similar shape, from the brow

13     down to indenture of the eye socket, to the outward curve of the cheek.  Even the

14     moles are in the same location on the face.

15

16

| **<u>Mattel's Evidentiary Support</u>** | **<u>Defendants' Objection[s]</u>** |
|---|---|
| Loetz Dec., Exhs. 6, 17, 19, 21 & 24 & ¶¶ 16-18. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

17

18

19

20

21

22         <u>Mattel's Response to Objection</u>:  Defendants' wholesale and unspecified

23     objections to Mattel's expert testimony are improper and frivolous.  The matters set

24     forth in the Loetz are within his personal knowledge and expertise and defendants

25     point to no basis for asserting that his testimony lacks the admissibility requirements

26     of Rule 702.

27

28         **<u>Mattel's Uncontested Fact No. 31</u>:**  Bryant's drawings include

oversized almond shaped-eyes, with heavy lids, outlined with makeup lines.  The

Bratz dolls' eyes share this almond shape, which is angled upward at its outside edge.  The pupils are also placed in a similar location on the horizontal as well as vertical plane.  And the eyebrows share the same distance from the eye, the same angular shape, and cover fifty percent of the pupils; Loetz deems this fact especially notable.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 18, 20, 22 & ¶¶ 19-20. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

    Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

    **Mattel's Uncontested Fact No. 32:**  The makeup on the eyes in Bryant's drawings was meticulously executed on the doll.  In the dolls and in the drawings, the characters' eyes have three eyelashes.  There are similarities in placement and design of the eye makeup.   The eyeliner design is similar in its painterly thickness and sweeping upward curves.  The eye makeup style and design is exceptional in correlation from drawing to doll.  The various colors of makeup and the placement, size and shape of the makeup applications gives the look of a girl who has on too much eye makeup.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 20, 22, 24 & ¶ 21. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 33:**  The lips are essentially the same in Bryant's drawings and the dolls.  Both have large over-inflated lips with the widest portion being in the middle of the lips.  There is also a correlation in makeup style on the lips.  The glossy lips with a dark distinctive outline are apparent on both doll and drawing.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 8, 18, 20, 22, 24 & ¶ 22. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 34:**  The dolls and the drawings share similar braided hairstyles on a dark-haired character, and pig-tailed hairstyles with the same length bangs on a dark haired character.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 17, 19, 23 & ¶ 23. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 35:**  The dolls and drawings share similar urban fashions of short skirts, layered tops, and high heeled shoes.  Where pants are worn, both doll and drawing share the same flared style with wide cuffs and striped details.  The denim skirts are also similar.  The dolls and drawings feature a similar floral pattern shirt, with similar style and length denim skirt.   The dolls and drawings also share a similar knit hat style, similar striped shirts, and similarly layered and cropped shirts.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 4, 5, 10, 25, 26, 28, 29, 30 & ¶ 26. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. |

| | (Fed. R. Evid. 701, 704.) |
|---|---|

**Mattel's Response to Objection:**  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 36:**  The Bratz accessories are youthful and funky in style, especially in the use of colorful backpacks and bags.  Both dolls and drawings share the same graphic motif, such as a kitten on a cropped t-shirt, and a bunny on a backpack.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 7, 13, 16, 27 & ¶¶ 27-28. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

**Mattel's Response to Objection:**  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 37:**  There are extensive similarities in the shoe design, including in the execution of sneaker style and design, high heels, open toes, and belt straps.  Shoes in both the drawings and on the dolls are oversized.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exhs. 3, 9-12, 14, 15 & ¶¶ 29-30. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

      Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

      **Mattel's Uncontested Fact No. 38:**  There is a visual consistency from Bryant's sketches, to the first wave of dolls, up through the later waves of Bratz dolls.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., ¶ 31. | The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

      Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

**Mattel's Uncontested Fact No. 39:**  MGA registered with the U.S. Copyright Office the original four Bratz dolls released to market in or about June 2001 and registered the Bratz sculpt in or about March 2002.  MGA's initial copyright registrations for those dolls and the Bratz sculpt list their dates of creation as 2000.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See MGA copyright registration produced in this action and Bates-numbered M 0110155-9, Proctor Dec., Exh. 58; MGA copyright registration produced in this action and Bates-numbered M 0110160-4, Proctor Dec., Exh. 59; MGA copyright registration produced in this action and Bates-numbered M 0110165-9, Proctor Dec., Exh. 60; MGA copyright registration produced in this action and Bates-numbered M 0110639-42, Proctor Dec., Exh. 61; MGA copyright registration produced in this action and Bates-numbered M 0110174-8, Proctor Dec., Exh. 62. | No objection. |

**Mattel's Uncontested Fact No. 40:**  After Mattel filed this lawsuit, MGA "corrected" the registrations for the original dolls and the sculpt to state that the dolls were created in 2001.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See Form CA produced in this action and Bates-numbered M 0110217-8, Proctor Dec., Exh. 63; Form CA produced in this action and Bates-numbered M 0110219-20, Proctor Dec., Exh. 64; Form CA produced in this action and Bates-numbered M 0110221-2, Proctor Dec., Exh. 65; Form CA produced in this action and Bates-numbered M 0110223-4, Proctor Dec., Exh. 66; Form CA produced in this action and Bates-numbered M 0110225-6, Proctor Dec., Exh. 67. | No objection. |

**Mattel's Uncontested Fact No. 41:**  When defendant Isaac Larian sought to enforce MGA's copyrights in the courts of Hong Kong, he swore in an affidavit that the defendant's dolls "have infringed the two dimensional drawings which are artistic works in which copyright subsists."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Larian CityWorld Affidavit at ¶ 12, Proctor Dec., Exh. 54. | MGA Parties Objections.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)<br><br>Bryant Objections.  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802. |

| | Not a party admission as to Bryant. Fed. R. Evid. 801(d)(2).  Not offered by Mattel as a prior inconsistent statement of Mr. Larian.  Fed. R. Evid. 801(d)(1). Former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case.  Fed. R. Evid. 804(b)(1). |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Larian Affidavit is self-authenticating under Fed. R. Evid. 901(b)(7) and defendants do not deny its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

The Gronich statements are not hearsay as to Bryant as they are her own statements based on her personal knowledge and perception and do not rely on or convey statements of a non-declarant.

**Mattel's Uncontested Fact No. 42:**  Daphne Gronich, MGA's former general counsel, repeatedly identified fifteen Bryant drawings as the "artistic works" upon which the three dimensional Bratz dolls are modeled.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See, e.g., Affidavit of Daphne Gronich at ¶¶ 5-6 in Hunglam Toys Company Limited et al., Proctor Dec., Exh. 68; Woodman Tr. | MGA Parties Objections.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence |

| | |
|---|---|
| Vol. 1 at 235:6-7, Corey Dec., Exh. 17; <u>see also</u> Affidavit of Daphne Gronich in <u>MGA Entertainment, Inc. v. Double Grand Corp. Ltd.</u>, at ¶¶ 6-7, Proctor Dec., Exh. 122. | [Gronich Affidavits].  (Fed. R. Evid. 602.)<br><br><u>Bryant Objections</u>.  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Former testimony exception does not apply, as there has been no showing that Daphne Gronich is unavailable as a witness in this case.  Fed. R. Evid. 804(b)(1). |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Gronich Affidavits are self-authenticating under Fed. R. Evid. 901(b)(7) and defendants do not deny their authenticity.  See <u>Maljack Productions, Inc. v. GoodTimes Home Video Corp.</u>, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

The Gronich statements are not hearsay as to Bryant as they are her own statements based on her personal knowledge and perception and do not rely on or convey statements of a non-declarant.

**Mattel's Uncontested Fact No. 43:**  Both MGA Hong Kong's Lee Shiu Cheung and MGA Hong Kong's outside counsel have separately declared under oath that "[t]he designs of the Bratz dolls are all original drawings created by Mr. Bryant using his own independent labour, skill and judgement [sic]."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Affirmation of Lee Shiu Cheung in <u>MGA Entertainment, Inc. v. Double Grand Corp. Ltd</u>. at ¶ 8, Proctor Dec., Exh. 69; Woodman Tr. Vol. 1 at 281:7-14, Corey Dec., Exh. 17;  <u>see also</u> Affirmation of Wai Lim Fan at ¶ 5(2) in <u>MGA Entertainment, Inc. v. Hunglam Toys Co. Ltd.</u>, dated July 24, 2003, Proctor Dec., Exh. 123. | <u>MGA Parties Objections</u>.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Lee Shiu Cheung and Wai Lim Fan Affirmations].  (Fed. R. Evid. 602.)<br><br><u>Bryant Objections</u>.  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Former testimony exception does not apply as there has been no showing that Lee Shiu Cheung and/or Wai Lim Fan are unavailable as witnesses in this case.  Fed. R. Evid. 804(b)(1). |

    <u>Mattel's Response to Objection</u>:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Lee Shiu Cheung and Wai Lim Fan are Affirmations self-authenticating under Fed. R. Evid. 901(b)(7) and defendants do not deny their authenticity.  <u>See</u> <u>Maljack Productions, Inc. v. GoodTimes Home Video Corp.</u>, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

1    The Affirmations are not hearsay as to Bryant as they are the

2  declarants' own statements based on personal knowledge and perception and do not

3  rely on or convey statements of a non-declarant.

4

5    **Mattel's Uncontested Fact No. 44:**  Bryant admitted in this action that

6  the drawings at issue are original works of authorship within the meaning of the

7  Copyright Act.

8

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Carter Bryant's Responses to Mattel's Sixth Set of Requests for Admission at Response Nos. 18, 19, 92, 93, 145, 146, 177, 178, 262, 263, 644, 645, 655, 656, 666, 667, 677, 678, Proctor Dec., Exh. 70. | No objection. |

9

10

11

12

13

14

15

16

17    **Mattel's Uncontested Fact No. 45:**  Bryant admitted that he failed to

18  disclose his Bratz inventions to Mattel.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant Tr. Vol. 4 at 885:3-18, Corey Dec., Exh. 4. | The quoted language is taken out of context and mischaracterizes the testimony.  The testimony is also vague and ambiguous as to "inventions."  The recitation of the evidence is argumentative in that the word "failed" was never used by Bryant.<br><br>    This evidence is also irrelevant.  Mattel implies, with its use of the word |

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| | "failed" that Bryant was obligated to make such a disclosure, when no such duty exists under California law. |

**Mattel's Response to Objection**:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants' objection that the use of the word "failed" renders the fact argumentative is not well-taken; no argument is being offered.  Rather, the objection itself reflects a vain parsing of plain language to manufacture objectionable that which is a simple statement of fact.  Defendants' relevance objection is equally unavailing, for, as defendants' are well aware, Mattel has put forth ample evidence establishing Bryant's obligation to disclose all inventions to Mattel, see, e.g., Mattel's Separate Statement Of Uncontested Facts And Conclusions Of Law In Support Of Mattel's Motion For Partial Summary Judgment, Uncontested Fact No. 67; Proctor Dec., Exh. 5 (Inventions Agreement), not to mention the legal arguments regarding Bryant's duties to Mattel set forth elsewhere in Mattel's motion papers.

**Mattel's Uncontested Fact No. 46:**  Bryant signed a contract dated as of September 18, 2000 assigning to MGA all "Bryant Work Product," which included copyrights to "all results and proceeds of services provided during the term of this Agreement . . . ."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Agreement between Carter Bryant and MGA ("Bryant-MGA Agreement") at | The quoted language is taken out of context and mischaracterizes the |

| | |
|---|---|
| ¶3(a), Bates-numbered BRYANT 00794-799, Proctor Dec., Exh. 71. | evidence.  Furthermore, Bryant signed this agreement on October 4, 2000. |

Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.  Nor do defendants explain how their statement regarding the date of Bryant's execution, asserted without any evidentiary support, has any bearing on the admissibility of the document.  Of course, it does not.

**Mattel's Uncontested Fact No. 47:**  The Bryant-MGA Agreement obligated Bryant to provide his services to MGA on a "top priority basis" while Bryant was still a Mattel employee.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant-MGA Agreement at ¶ 1, Proctor Dec., Exh. 71. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The quoted language is taken out of context and mischaracterizes the evidence.  The testimony is also vague and ambiguous as to "top priority basis." |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Bryant-MGA Agreement was produced by defendants in discovery and authenticated by Bryant at deposition.  Defendants have never denied the

authenticity of this document but raise their baseless objections only to harass and cause Mattel undue burden.

As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants "vague and ambiguous" objections are also without merit.  Defendants fail to explain how such a common terms as "top priority basis" can be either vague or ambiguous on its face or when read in the full context of the cited evidence.

**Mattel's Uncontested Fact No. 48:**  In 2004, Bryant signed a "Modification and Clarification" of his MGA contract, which "confirms" that "it is the continuing intent, and has always been the intent of the parties from the beginning of their contractual relationship, that MGA shall own all Intellectual Property Rights subsisting in all Services and Materials created and worked on by Bryant."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| 2004 Modification and Clarification of 2000 Agreement ("Modification of 2000 Agreement") at § 2, Bates-numbered MGA000429-434, Proctor Dec., Exh. 72. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Modification of 2000 Agreement was produced by defendants in discovery and authenticated by Bryant at deposition.  Defendants have never denied the

authenticity of this document but raise their baseless objections only to harass and cause Mattel undue burden.

**Mattel's Uncontested Fact No. 49:**  The Modification of the 2000 Agreement defines "Services" to include "all creative and productions services and materials used to develop, create, design, render, produce or deliver the Projects," and defining "Projects" as "any and all projects worked on by Bryant with respect to the Bratz Property"

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Modification of 2000 Agreement at §§ 1.1, 1.4, Proctor Dec., Exh. 72. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Modification of 2000 Agreement was produced by defendants in discovery and authenticated by Bryant at deposition.  Defendants have never denied the authenticity of this document but raise their baseless objections only to harass and cause Mattel undue burden.

**Mattel's Uncontested Fact No. 50:**  The Inventions Agreement prohibits Bryant from "without the Company's express written consent, engag[ing] in any employment or business other than for the Company, or invest[ing] in or assist[ing] (in any manner) any business competitive with the business or future business plans of the Company."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Inventions Agreement at ¶ 3(a), Proctor Dec., Exh. 5. | The quoted language is taken out of context and mischaracterizes the evidence. |

  Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

  **Mattel's Uncontested Fact No. 51:**  In the Inventions Agreement, Bryant specifically acknowledged: "The Company depends on me to maintain that confidentiality, and I accept that position of trust."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Inventions Agreement at ¶ 1(a), Proctor Dec., Exh. 5. | The quoted language is taken out of context and mischaracterizes the evidence.<br>  Furthermore, the recitation of the evidence is misleading in that Mr. Bryant did not "specifically acknowledge" anything. |

  Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants argument regarding what Bryant did or did not specifically acknowledge in executing the written Inventions Agreement at most goes to the weight of the evidence, not its admissibility.

**Mattel's Uncontested Fact No. 52:**  The Inventions Agreement also required Bryant to maintain Mattel's proprietary information in strict confidence.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
| --- | --- |
| See Inventions Agreement at ¶ 1(a)-(d), Proctor Dec., Exh. 5. | The statement mischaracterizes the evidence. |

Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" or "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

**Mattel's Uncontested Fact No. 53:**  Bryant testified that, while at Mattel, he had extensive access to and exposure to confidential and proprietary information, including not only the designs for the Barbie line, but other proposed lines of dolls and toys; that he had confidential knowledge relating to design, marketing, production, sales; that his access to the creative resources and concepts at the core of Mattel's business put him in a position where he was clearly in a position of trust within the company.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
| --- | --- |
| Bryant Tr. Vol. 1 at 17:5-6, Corey Dec., Exh. 1 [Redacted]); id. at 14:20-16:8 (admitting that he had access to | The recitation of the evidence [Bryant Tr. Vol. 1 at 17:5-6] is inaccurate in that language is taken out of context, |

confidential information and stating [Redacted]); Bryant Tr. Vol. 4 at 822:1- 826:20, Corey Dec., Exh. 4 (discussing his attendance at meetings regarding products and products in development); id. at 828:11-830:15 (acknowledging the openness of the Mattel design center and the possibility that "[Redacted]"); Bryant Tr. Vol. 5 at 1095:15- 1097:4, Corey Dec., Exh. 5 (admitting that he attended brainstorming sessions and that he [Redacted]").

mischaracterized, and argumentative. Furthermore, the line of questioning which elicited the testimony lacks foundation and calls for a legal conclusion.

The recitation of the evidence [Bryant Tr. Vol. 4 at 822:1-826:20] is inaccurate in that language is taken out of context, mischaracterized, and argumentative.  Mr. Bryant never testified that he had "extensive exposure" to "confidential and proprietary information" or "access to the creative resources at the core of Mattel's business."  This characterization is pure argument.  The line of questioning eliciting this testimony also lacks foundation, calls for speculation, and calls for legal conclusions by Mr. Bryant.

The recitation of the evidence [Bryant Tr. Vol. 5 at 1095:15- 1097:4] is inaccurate in that language is taken out of context, mischaracterized, and argumentative.  The line of questioning is vague and ambiguous as to time.

MATTEL INC.'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

1    Mattel's Response to Objection:  As discussed above, defendants' bare

2    assertions that the cited witness testimony or other evidence has been "taken out of

3    context" and "mischaracterized" cannot be sustained.  Defendants fail to provide

4    Mattel or the Court any indication how these vague objections apply to the evidence

5    offered by Mattel.

6    Defendants objections as to form, argument and speculation at most go

7    to the weight of the evidence, not its admissibility.  Moreover, Bryant's testimony is

8    not improper lay opinion.  His testimony is based on his own knowledge and

9    rational perception of events, not on any specialized knowledge.  Fed. R. Evid. 701.

10

11    **Mattel's Uncontested Fact No. 54:**  Bryant worked on his Bratz

12    drawings while employed by Mattel.

13

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See, e.g., UF 17-19; see also collection of Bratz drawings marked as Exhibit 2 in this action, Proctor Dec., Exh. 73; Bryant Tr. Vol. 2 at 296:4-297:12 (Bryant admits to coloring the drawings collectively marked as Exhibit 2 in this action in 1999, and that, to his best recollection, he put them together to form a packet in 1999), Corey Dec., Exh. 2. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

24    Mattel's Response to Objection:  As discussed above, defendants'

25    repeated unspecified objections to Mattel's documentary evidence attached as

26    exhibits to Mr. Proctor's declaration are without merit.  In the present instance, as

27    defendants are well aware, the collection of drawings were produced by defendants

28    in discovery and authenticated by Bryant at deposition.  Defendants have never

-52-

denied the authenticity of these documents.  The only apparent purpose for putting forth baseless objections is to harass Mattel and cause it undue burden.

**Mattel's Uncontested Fact No. 55:**  Bryant showed his Bratz drawings to MGA while employed by Mattel.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| E-mail reminder regarding meeting in Larian's office with attendees Paula Treantafelles & Victoria O'Connor re Carter Bryant on 9/1/00 ("E-mail Reminder"), Bates-numbered MGA001473, Proctor Dec., Exh. 74; Deposition Transcript of Isaac Larian ("Larian Tr. Vol. 1"), dated July 18, 2006, at 198:19-198:24, Corey Dec., Exh. 13; collection of Bryant drawings marked as Exhibit 302 in this action, Proctor Dec., Exh. 57; Bryant Tr. Vol. 1 at 9:25-11:17, Corey Dec., Exh. 1 (Bryant discusses his first meeting with MGA that took place at the end of August 2000 and in which he showed his drawings); Deposition Transcript of Veronica Marlow ("Marlow Tr. Vol. 1"), dated December 28, 2007, at 135:20-136:9, Corey Dec., Exh. 11 (Marlow testifies that Ex. 302 contains the drawings Bryant showed Garcia at the first | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [E-mail Reminder].  (Fed. R. Evid. 602.)  Hearsay (Fed. R. Evid. 802) evidence used to prove that the meeting took place with no applicable exception.

Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [collection of Bryant drawings].  (Fed. R. Evid. 602.) |

1  meeting); id. at 206:18-211:17 (Marlow

2  discusses  the September 1, 2000 meeting

3  and mentions the fact that Larian and his

4  daughter commented on Bryant's

5  drawings); Deposition Transcript of Paula

6  Garcia, Vol. 1 ("Garcia Tr. Vol. 1"), dated

7  May 24, 2007, at 265:11-268:20 (Garcia

8  testifies to the prototype and drawings that

9  Bryant presented), Corey Dec., Exh. 12;

10 Larian Tr. Vol. 1 at 77:14-78:10 (Larian

11 comments on his first encounter with

12 Bryant and how Bryant showed him some

13 drawings), Corey Dec., Exh. 13 ;

14 Deposition Transcript of Victoria

15 O'Connor Confidential ("O'Connor Tr.

16 Conf."), dated December 6, 2004, at 55:12-

17 56:2, Corey Dec., Exh. 14 (O'Connor states

18 that Bryant presented a prototype and a

19 drawing at the first meeting with MGA at

20 which she was present); Id. at 56:20-59:12

21 (O'Connor describes in more detail the

22 prototype and the drawings that Bryant

23 brought with him); Deposition Transcript

24 of Samir Khare, Vol. 3 ("Khare Tr. Vol.

25 3"), dated January 25, 2008, at 752:24-

26 753:12, Corey Dec., Exh. 15 (Khare

27 discusses the first meeting where Bryant

28 showed his sketches to Garcia and

1  Marlow); id. at 766:17- 767:11 (Khare

2  testifies about Bryant showing his

3  drawings at the first meeting with MGA);

4  Deposition Transcript of Rachel Harris

5  ("Rachel Harris Tr."), dated February 26,

6  2008, at 17:11-19, 30:24-32:17, Corey

7  Dec., Exh. 16 (Harris testified that MGA

8  set up a meeting for Bryant to present his

9  drawings to MGA in October of 2000).

10

11         Mattel's Response to Objection:  As discussed above, defendants'

12  repeated unspecified objections to Mattel's documentary evidence attached as

13  exhibits to Mr. Proctor's declaration are without merit.  In the present instance, as

14  defendants are well aware, the collection of drawings were produced by defendants

15  in discovery and authenticated by Bryant at deposition.  The E-Mail Reminder was

16  also produced by defendants and they have never denied its authenticity.  See

17  Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12

18  (9th Cir. 1996) (documents attached to attorney declaration deemed admissible

19  where they were produced in discovery by opposing party which did not deny their

20  authenticity).

21         The E-Mail Reminder is not hearsay under Fed. R. Evid.

22  803(6)(records of regularly conducted activity).

23

24         **Mattel's Uncontested Fact No. 56:**  Bryant has admitted working for

25  MGA on a "separate" doll called "Angel" while employed by Mattel and was paid

26  by MGA for that work.

27

28

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See Bryant Tr. Vol. 1 at 178:3 - 178:18, Corey Dec., Exh. 1; see also Bryant's Angel sketches, Bates-numbered BRYANT 00173-174, Proctor Dec., Exh. 75; Garcia Tr. Vol. 2 at 321:22-322:6, Corey Dec., Exh. 20; Bryant invoice, Bates-numbered MGA 001294-96, Proctor Dec., Exh. 76; Deposition Transcript of Kerri Brode, Percipient, ("Brode Percipient Tr."), dated August 15, 2007, at 117:18-24, Corey Dec., Exh. 21. | The quoted language is taken out of context and mischaracterizes the testimony because Bryant never admitted to "working for MGA", but rather that he did "a tryout kind of a project for them."       Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

     Mattel's Response to Objection:  Defendants' assertions that the Bryant witness testimony has been "taken out of context" and "mischaracterized" because he characterized his work for MGA as a "test project" is disingenuous.  Earlier in these proceedings, defendants emphatically argued that this characterization had no significance as to the work that MGA had hired Bryant to perform.  See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel a Complete Response to Mattel's Supplemental Interrogatory re Test Projects.  In objecting to a Mattel interrogatory, MGA acknowledged Bryant's work on the "Prayer Angels" product and stated that the interrogatory would not tend to prove or disprove Bryant's understanding of the nature of his work on Prayer Angels because "MGA does not contend that it asked Bryant to perform a test project with respect to Bryant's work on Prayer Angels."  Id. at 10.  Indeed, MGA asserts that Bryant's mischaracterization of his work for MGA as some kind of "tryout" was explainable by his lack of knowledge of MGA's hiring practices.  Id. at 9-10.

**Mattel's Uncontested Fact No. 57:**  Bryant targeted Mattel vendors and engaged them to start their work on Bratz before he left Mattel.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Facsimile from Bryant to Universal Commerce Corp., Bates-numbered BRYANT 01200-03, Proctor Dec., Exh. 77; Bryant Tr. Vol. 3 at 680:13-21, Corey Dec., Exh. 3; Marlow's invoices for 169 hours of work on Bratz beginning as early as September 29, 2000, Bates-numbered MGA 0072161-167, Proctor Dec., Exh. 78; Garcia Tr. Vol. 4 at 1276:16-21, Corey Dec., Exh. 18;  Bryant Tr. Vol. 2 at 341:18-342:11, Corey Dec., Exh. 2 (testifying about the drawing he gave to Margaret Leahy while he was still at Mattel for her to begin her sculpting work on Bratz); October 12, 2000 e-mail from Liz Hogan to Paula Treantafelles and Carter Bryant, copy to Steve Linker, Bates-numbered SL00001, Proctor Dec., Exh. 79; Linker Tr. Vol. 1 at 57:7-21, Corey Dec. Exh. 9; October 14, 2000 e-mail from Hogan to Treantafelles copying Linker, Bates-numbered SL00005-7, Proctor Dec., Exh. 80; Linker Tr. Vol. 1 at 66:16-67:9, Corey Dec., Exh. 9; Bryant Tr. Vol. 1 at 221:21- | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Facsimile from Bryant to Universal Commerce Corp.].  (Fed. R. Evid. 602.)  The cited evidence is also irrelevant in that evidence of Bryant engaging third-party vendors does not tend to make a fact of consequence more probable.  (Fed. R. Evid. 401.)  The recitation of evidence is also argumentative and misleading in its use of the word "targeted."  The cited evidence does not establish that Bryant "targeted" anyone.

  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Marlow invoices].  (Fed. R. Evid. 602.)  The cited evidence is also irrelevant in that evidence of Veronica Marlow engaging third-party vendors does not tend to make a fact of consequence more probable.  (Fed. R. Evid. 401.)

  The cited testimony [Bryant Tr. |

07209/2456001.1

| | |
|---|---|
| 222:11, Corey Dec., Exh. 1 (noting that before he signed his contract with MGA, he and Garcia met with Steve Linker regarding packaging designs for Bratz). | Vol. 2 at 341:18-342:11] has been mischaracterized.  Mr. Bryant does not admit that he gave Ms. Leahy the drawing "while he still worked at Mattel."  Rather, Mr. Bryant testifies that he is "not exactly sure when [he] gave this to her." |
| | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [October 12, 2000 e-mail].  (Fed. R. Evid. 602.)   The cited evidence is also inadmissible hearsay.  (Fed. R. Evid. 802.) |
| | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [October 14, 2000 e-mail].  (Fed. R. Evid. 602.)   The cited evidence is also inadmissible hearsay.  (Fed. R. Evid. 802.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Facsimile from Bryant to Universal Commerce Corp and Marlow invoices were produced by defendants in discovery and authenticated by Bryant at deposition. Also, the October 12 and October 14 e-mails were produced by Linker and authenticated by him at deposition.  Defendants have never denied the authenticity

1  of this document but raise their baseless objections only to harass and cause Mattel

2  undue burden.

3  　　　　The October 12 and October 14 e-mails are not hearsay under Fed. R.

4  Evid. 803(6)(records of regularly conducted activity).

5  　　　　Defendants objections as to form, relevance, argument and

6  characterization at most go to the weight of the evidence, not its admissibility.

7

8  　　　　**Mattel's Uncontested Fact No. 58:**  Bryant created Bratz designs that

9  bore March and April 2000 fax header dates -- six to seven months before his last

10  day at Mattel.

11

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bratz designs with March and April 2000 fax headers, Bates-numbered KMW-M 01647-8, MGA HK 0001928, MGA HK 0001935, KMW-M 007726, KMW-M 007729, KMW-M 007734 & BRYANT 00167, Proctor Dec., Exh. 81; see also Bryant Tr. Vol. 2 at 317:17-23, Corey Dec., Exh. 2. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) Furthermore, the recitation of the evidence is misleading because the fax header dates do not indicate that the drawings were created while Bryant was still at Mattel.  This evidence is also irrelevant.  Mattel offers no evidence that the fax header dates referenced are accurate or that the faxes were actually sent on those dates. |

25

26  　　　　**Mattel's Response to Objection**:  As discussed above, defendants'

27  repeated unspecified objections to Mattel's documentary evidence attached as

28  exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the

　　documents were produced by defendants in discovery and defendants have never

1   denied their authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video

2   Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney

3   declaration deemed admissible where they were produced in discovery by opposing

4   party which did not deny their authenticity).

5          Defendants objections as to form, relevance and characterization at

6   most go to the weight of the evidence, not its admissibility.

7

8          **Mattel's Uncontested Fact No. 59:**  Paula Treantafelles, the project

9   manager on Bratz, stated in an e-mail dated October 10, 2000 that Bryant worked

10  for MGA for at least 4 hours per day starting weeks before he left Mattel.

11

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| E-mail correspondence between Larian, O'Connor, Dennis Medici and Treantafelles, dated October 10, 2000, Bates-numbered MGA 004717, Proctor Dec., Exh. 82; Deposition Transcript of Paula Garcia, Vol. 3 ("Garcia Tr. Vol. 3"), dated October 9, 2007 at 873:25-875:4, Corey Dec., Exh. 22. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  Furthermore, the recitation of the evidence is misleading as the email is not placed in context.  Additional, Paula Treantafelles email is improper lay opinion as she has no basis for her statement.  (Fed. R. Evid. 701.)  Additionally, to the extent that Mattel is offering the agreement to prove the truth of the matter asserted, this is impermissible hearsay.  (Fed. R. Evid. 801 and 802.)  The cited testimony has been mischaracterized.  Paula Garcia states |

| | that Carter Bryant could not have worked the hours in question in Corey Dec., Exh. 22 (Deposition Transcript of Paula Garcia, Vol. 3, dated October 9, 2007 at 875:16-876:9.) |
|---|---|

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the documents were produced by defendants in discovery and defendants have never denied their authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

Defendants objections as to form and characterization at most go to the weight of the evidence, not its admissibility.

The statements of Treantafelles are not lay opinion as they are based on her own personal knowledge and perception and are not based on any specialized knowledge.

The e-mail correspondence is not hearsay under Fed. R. Evid. 803(6)(records of regularly conducted activity).

**Mattel's Uncontested Fact No. 60:**  MGA produced an internal MGA e-mail message stating that the first Bratz dolls were created in September 2000.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| E-mail from Nana Ashong to O'Connor, Treantafelles and Martin Hitch, copy to | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited |

| | |
|---|---|
| Jackie Bielke, dated September 6, 2001, Bates-numbered MGA0069426-7, Proctor Dec., Exh. 83; Deposition Transcript of Nana Ashong Vol. 1 ("Ashong Tr. Vol. 1"), dated January 28, 2008, at 215:23-216:16, Corey Dec., Exh. 23. | evidence.  (Fed. R. Evid. 602.) Additionally, the email lacks proper authentication.  (Fed. R. Evid. 901.)  To the extent that Mattel is offering the agreement to prove the truth of the matter asserted, this is impermissible hearsay.  (Fed. R. Evid. 801 and 802.) This testimony is also improper lay opinion testimony as Ashong has no personal knowledge of the facts.  (Fed. R. Evid. 701.) |

**Mattel's Response to Objection**:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the documents were produced by defendants in discovery and defendants have never denied their authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

The testimony of Ashong is not lay opinion, as it is based on her own personal knowledge and perception and not based on any specialized knowledge.

The e-mail correspondence is not hearsay under Fed. R. Evid. 803(6)(records of regularly conducted activity).

**Mattel's Uncontested Fact No. 61**:  Anna Rhee, the face painter of Bratz, testified that invoices dated as early as June 12, 2000 were for work she performed on Bratz for MGA under the "code name" of "Angel."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Rhee's 2000-2001 invoices to MGA, Bates-numbered AR 0001-0058, Proctor Dec., Exh. 84; Deposition Transcript of Anna Rhee Non-Confidential ("Rhee Non-Conf. Tr."), dated February 3, 2005 at 23:13-24:8, Corey Dec., Exh. 24; Deposition Transcript of Anna Rhee Confidential ("Rhee Conf. Tr."), dated February 3, 2005, at 107:16-110:6 (Rhee testifies about AR 0001 and says that the invoice reflects Bratz work she performed for Bryant), Corey Dec., Exh. 25. | The quoted language is vague and ambiguous, particularly as to "code name", and mischaracterizes testimony. Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)<br><br>The cited testimony [Rhee Conf. Tr. at 107:16-110:6] has been mischaracterized. |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the invoices were produced by Rhee and authenticated by her at deposition.  Defendants have never denied the authenticity of this document but raise their baseless objections only to harass and cause Mattel undue burden.

Defendants objections as to vagueness and characterization at most go to the weight of the evidence, not its admissibility

**Mattel's Uncontested Fact No. 62:**  Bryant testified that he informed Isaac Larian and Paula Garcia, MGA's CEO and Product Manager respectively, that he was a Mattel employee at his initial meeting with MGA.  Larian, O'Connor and Rachel Harris have each confirmed that they knew he was a Mattel employee when each first met with him.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant Tr. Vol. 1 at 88:12-13, Corey Dec., Exh. 1 [Redacted]); Id. at 88:21-89:1 (Bryant testifying that he told Larian he was an employee of Mattel at the September 1, 2000 meeting);  Larian Tr. Vol. 1 at 77:17-18, Corey Dec., Exh. 13 (Larian testifies that "[Bryant] said he works at Mattel.");  Isaac Larian's testimony in Art Attacks at MGA 0868922, Proctor Dec., Exh. 85; O'Connor Tr. at 71:8-17, Corey Dec., Exh. 14 (O'Connor testifies that Bryant mentioned he was employed by Mattel and that he was a designer for Barbie Collectibles). | MGA Parties Objections. No objection.<br><br>Bryant Objections [to Larian's testimony in Art Attacks].  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Not offered by Mattel as a prior inconsistent statement of Mr. Larian.  Fed. R. Evid. 801(d)(1).  Former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case.  Fed. R. Evid. 804(b)(1). |

Mattel Response to Objection:  The statement is not hearsay and is a party admission as to Bryant because Bryant and MGA are co-conspirators with respect to misappropriation of Bratz from Mattel and other wrongdoing.  U.S. v. Busch, 758 F.2d 1394, 1397 (10th Cir. 1985); U.S. v. Rogers, 652 F.2d 792, 796 (10th Cir. 1981).  Contrary to Bryant's objection, Mr. Larian's statement is inconsistent with the MGA parties' present position that Bryant did not work for MGA and Mattel at the same time.

**Mattel's Uncontested Fact No. 63:**  Bryant testified that he told Larian that he was a Mattel employee the first time that he met Larian.  In addition, MGA's

Rachel Harris testified that MGA knew Bryant was a Mattel employee at the time Bryant presented his drawings to MGA.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant Tr. Vol. 1 at 88:21-89:3, Corey Dec., Exh. 1; Rachel Harris Tr. Vol. 1 at 41:10-42:10, 166:1-168:8, Corey Dec., Exh. 16. | The cited testimony has been mischaracterized to the extent that Ms. Harris testifies as to her, not MGA's, purported knowledge. |

Mattel's Response to Objection:  Defendants' objection as to characterization at best goes to weight of the evidence, not its admissibility.

**Mattel's Uncontested Fact No. 64:**  Bryant told MGA's counsel that he had signed a confidentiality agreement with Mattel.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Facsimile from Bryant to David Rosenbaum, Bates-numbered MGA007337-40, Proctor Dec., Exh. 86; Bryant Tr. Vol. 4 at 772:18-773:15, Corey Dec., Exh. 4; Bryant Tr. Vol. 3 at 585:17 - 587:17 (Bryant testifying that he had informed MGA that he had signed a confidentiality agreement), Corey Dec., Exh. 3. | No objection. |

**Mattel's Uncontested Fact No. 65:**  MGA specifically paid Bryant for work performed and expenses that he incurred on behalf of MGA while Bryant was still working for Mattel.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See, e.g., Bryant's invoice dated August 31, 2000 and marked as Exhibit 593 in this action, Proctor Dec., Exh. 76;  Brode Percipient Tr. at 117:10-118:6, Corey Dec., Exh. 21; internal MGA e-mail regarding setting Bryant up as a vendor, Bates-numbered MGA 001291, Proctor Dec., Exh 89; Deposition Transcript of MGA Designee Kerri Brode ("Brode Designee Tr.") dated January 19, 2007, at 53:6-14, Corey Dec., Exh. 26; Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses, Bates-numbered MGA 3786749-60, Proctor Dec., Exh. 111. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Bryant invoice].  (Fed. R. Evid. 602.)  The statement also mischaracterizes the evidence in that Bryant was not "paid," but rather reimbursed for his expenses. Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [internal MGA e-mail].  (Fed. R. Evid. 602.)  Furthermore, the evidence does not support the statement that Carter Bryant was "paid" "for work performed".  The evidence is also hearsay in that Mattel uses the document to establish that Bryant was a "vendor".  (Fed. R. Evid. 802.) Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses].  (Fed. R. Evid. 602.) |

1    Mattel's Response to Objection:  As discussed above, defendants'

2  repeated unspecified objections to Mattel's documentary evidence attached as

3  exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the

4  documents were produced by defendants in discovery and authenticated by Bryant

5  at deposition.  Defendants have never denied their authenticity.  See Maljack

6  Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir.

7  1996) (documents attached to attorney declaration deemed admissible where they

8  were produced in discovery by opposing party which did not deny their

9  authenticity).

10    MGA's internal e-mail regarding setting Bryant up as a vendor is not

11  hearsay under Fed. R. Evid. 803(6)(records of regularly conducted activity).

12    Defendants' objection as to characterization at best goes to weight of

13  the evidence and not its admissibility.

14

15    **Mattel's Uncontested Fact No. 66:**  Bratz has been a very successful

16  product for MGA and Larian.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Deposition Transcript of Lisa Tonnu, Vol. 2 ("Tonnu Vol. 2"), dated September 24, 2007, at 380:21-381:19, Corey Dec., Exh. 27; Bratz Sales from 2001-2006 spreadsheet, Bates-numbered MGA 0868723-865, marked as Exhibit 660 in this action, Proctor Dec., Exh. 4. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The evidence is also irrelevant.  (Fed. R. Evid. 401.)  The statement mischaracterizes the evidence in that the document does not use the term "very successful".  The statement is also argumentative. |

1        Mattel's Response to Objection:  As discussed above, defendants'

2   repeated unspecified objections to Mattel's documentary evidence attached as

3   exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the

4   Bratz Sales spreadsheet was produced by defendants in discovery and defendants

5   have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes

6   Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to

7   attorney declaration deemed admissible where they were produced in discovery by

8   opposing party which did not deny their authenticity).

9        Defendants' objections as to relevance, characterization and argument

10   at best go to weight of the evidence and not its admissibility.

11

12        **Mattel's Uncontested Fact No. 67:**  The Inventions Agreement states

13   at the outset that the agreement "is designed to make clear that … inventions that I

14   create will be owned by the Company," and concluding with the capitalized, bold-

15   faced statement that "**THIS AGREEMENT CREATES IMPORTANT**

16   **OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHT**

17   **TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER**

18   **EMPLOYMENT**."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Inventions Agreement, Proctor Dec., Exh. 5. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The language is also vague and ambiguous as to "inventions", "obligations", "trust", and "during his or her employment". |

27        Mattel's Response to Objection:  As discussed above, defendants'

28   repeated unspecified objections to Mattel's documentary evidence attached as

-68-

07209/2456001.1

1   exhibits to Mr. Proctor's declaration are without merit.  In the present instance, as

2   defendants are well aware, the Inventions Agreement executed by Bryant was

3   authenticated by him at deposition.  Defendants have never denied the authenticity

4   of this document but raise their baseless objections only to harass and cause Mattel

5   undue burden.

6           Defendants "vague and ambiguous" objections are also without merit.

7   Defendants fail to explain how the common referenced terms can be either vague or

8   ambiguous on their face or when read in the full context of the cited agreement.

9

10          **Mattel's Uncontested Fact No. 68:**  The Bratz project manager at

11  MGA admitted that the Bratz dolls are based on Bryant's drawings.  An MGA <u>Rule</u>

12  30(b)(6) designee likewise admitted that the drawing started the "concept" from

13  which the dolls "evolved[.]"

14

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| <u>See</u> E-mail interview of Paula Treantafelles for "Dolls Magazine", dated April 25, 2001 and May 1, 2001, Bates-numbered MGA 0051255-7, at MGA 0051256 ("The four girls were already concepted [sic] when presented by the inventor during our first meeting.  I thought they were incredible and I tried to stay true [to] this inventor/creator's vision."), Proctor Dec., Exh. 110; <u>see also</u> Rebecca Harris Vol. 2 at 490:15-17 ("His drawings start a concept, you know, and from the concept they evolved into what they are."), Corey Dec., | <u>MGA Parties Objections</u>:  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [E-mail interview of Treantafelles].  (Fed. R. Evid. 602.)  The quoted language is taken out of context and mischaracterizes the evidence.  Ms. Garcia did not testify that the BRATZ Dolls are "based" on Bryant's drawings. The language is also vague and ambiguous as to "concepted" and "inventor". <br><br>        The quoted language [Harris Vol. |

| | | |
|---|---|---|
| Exh. 10. | | 2 at 490:15-17] is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "concept" and "evolved". |
| | | <u>Bryant Objections</u> [to E-mail interview of Treantafelles]:  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not a party admission as to Bryant.  Fed. R. Evid. 801(d)(2).  Not offered by Mattel as a prior inconsistent statement of Ms Treantafelles.  Fed. R. Evid. 801(d)(1). |

<u>Mattel's Response to Objection</u>:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the E-Mail Interview was produced by defendants in discovery and defendants have never denied its authenticity.  <u>See Maljack Productions, Inc. v. GoodTimes Home Video Corp.</u>, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

Defendants arguments as to vagueness and characterization at best go to weight of the evidence and not to its admissibility.

The E-Mail Interview is not hearsay under Fed. R. Evid. 803(6)(records of regularly conducted activity).

The statement is not hearsay and is a party admission as to Bryant because Bryant and MGA are co-conspirators with respect to misappropriation of

Bratz from Mattel and other wrongdoing.  <u>U.S. v. Busch</u>, 758 F.2d 1394, 1397 (10th Cir. 1985); <u>U.S. v. Rogers</u>, 652 F.2d 792, 796 (10th Cir. 1981).

**Mattel's Uncontested Fact No. 69:**  Bryant departed from Mattel on October 19, 2000.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Proprietary Information Checkout,  Proctor Dec., Exh. 7; Mattel Exit Interview Form, Proctor Dec., Exh. 90. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The cited evidence is mischaracterized in that it does not establish Bryant's departure date, only that he signed the document on October 19, 2000. |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, as defendants are well aware, the Proprietary Information Checkout and Mattel Exit Interview Form were authenticated by Bryant at deposition.  Defendants have never denied the authenticity of this document but raise their baseless objections only to harass and cause Mattel undue burden.

Defendants objection as to characterization at best goes to weight of the evidence, not to its admissibility.

**Mattel's Uncontested Fact No. 70:**  On April 27, 2004, Mattel filed its original complaint in California state court against Bryant in <u>Mattel, Inc. v. Bryant</u>, Case No. BC314398.  Mattel brought claims for breach of contract and breach of duty of loyalty.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Mattel's Complaint in <u>Mattel, Inc. v. Bryant</u>, Case No. BC314398 at 5-9, Proctor Dec., Exh. 91. | No objection. |

**Mattel's Uncontested Fact No. 71:**  On May 13, 2005, Mattel filed its answer to MGA's complaint in <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, Case No. CV 05-2727 SGL (RNBx).

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Mattel's answer to MGA's complaint in <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, Case No. CV 05-2727 SGL (RNBx), dated May 13, 2005, Proctor Dec., Exh. 92. | No objection. |

**Mattel's Uncontested Fact No. 72:**  On November 20, 2006, Mattel moved to amend its complaint against MGA and Bryant.  Mattel added a claim for copyright infringement against Bryant when it moved to amend.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Mattel's Notice of Motion and Motion for Leave to File Amended Complaint at 1-3, 14, filed November 20, 2006, Proctor Dec., Exh. 93. | No objection. |

**Mattel's Uncontested Fact No. 73:**  The Court has previously ruled that, "November 24, 2003[] marks the date when litigation between Mattel and Bryant became more than merely speculative and in fact became probable.  On this date, in-house counsel for Mattel received in discovery in an unrelated action a copy of a contract between MGA and Bryant that pre-dated Bryant's resignation from Mattel.  This contract appeared to Mattel to violate certain employment agreements executed by Bryant and Mattel, thus giving rise to one of the current consolidated actions.  Although prior to this date an internal investigation may have raised a suspicion on Mattel's part that litigation might arise, there was no evidence presented to the Court that Mattel should have known it had a viable claim against Bryant before November 2003."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
| --- | --- |
| Court's Order Denying MGA's Motion for Terminating Sanctions, dated August 27, 2007, at 3, Proctor Dec., Exh. 94. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts.  Furthermore, Mattel mischaracterizes the Court's Order. |

Mattel's Response to Objection:  Defendants' cite no authority for the purported rule barring citation to court orders in separate statements, as no such rule exists.  Indeed, defendants have gone so far as to cite to a decision by a different Court in another, unrelated case in their separate statement.  Defendants objection is also vague and ambiguous as no effort is made to indicate in what way Mattel's has allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization" objection is not only meritless, but plainly disingenuous given that the factual statement is a accurate and verbatim excerpt from the referenced Court Order.

**Mattel's Uncontested Fact No. 74:**  The Court ruled that Mattel could file its Amended Complaint in Case No. 04-9059 as an Amended Answer in Case No. 05-2727 instead.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See Court's Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, at 22:13-15, Proctor Dec., Exh. 95. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts. Furthermore, Mattel mischaracterizes the Court's Order. |

Mattel's Response to Objection:  Defendants' cite no authority for the purported rule barring citation to court orders in separate statements, as no such rule exists.  Indeed, defendants have gone so far as to cite to a decision by a different Court in another, unrelated case in their separate statement.  Defendants objection is also vague and ambiguous as no effort is made to indicate in what way Mattel's has allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization" objection is not only meritless, but plainly disingenuous given that the factual statement is a straightforward and accurate summary of the Court's ruling.

**Mattel's Uncontested Fact No. 75:**  The Court previously found that, "By MGA's own admission Mattel's copyright claim arises out of the same conduct or transaction contained in the original complaint filed in April, 2004 … ."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Id. at 13. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate |

| | statement of undisputed facts. Furthermore, Mattel mischaracterizes the Court's Order. |
|---|---|

Mattel's Response to Objection:  Defendants' cite no authority for the purported rule barring citation to court orders in separate statements, as no such rule exists.  Indeed, defendants have gone so far as to cite to a decision by a different Court in another, unrelated case in their separate statement.  Defendants objection is also vague and ambiguous as no effort is made to indicate in what way Mattel's has allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization" objection is not only meritless, but plainly disingenuous given that the factual statement is an accurate and verbatim excerpt of the referenced Court Order.

**Mattel's Uncontested Fact No. 76:**  Bryant alleged in an Interrogatory Response that Mattel knew "he was going to perform work for a Mattel competitor," but "waited and said nothing while the [Bratz] dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Carter Bryant's Responses to Mattel, Inc's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses ("Bryant's Responses") at §§ B, E, Proctor Dec., Exh. 96. | No objection. |

**Mattel's Uncontested Fact No. 77:**  In the Inventions Agreement, Bryant acknowledged that his "obligations under this Agreement may not be

modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Inventions Agreement at ¶ 4(a), Proctor Dec., Exh. 5. | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "objections". |

    Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

    **Mattel's Uncontested Fact No. 78:**  During his exit interview, Bryant claimed that he was leaving to start his own freelancing business and work for himself doing design and development.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant Tr. Vol. 1. at 208:22-24, Corey Dec., Exh. 1. | No objection. |

    **Mattel's Uncontested Fact No. 79:**  Had Mattel been aware that Bryant was going to a competitor, it would have followed its policy of expelling that employee the same day of his announced resignation.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Deposition Transcript of Sandra Yonemoto, Confidential ("Yonemoto Conf. Tr. Vol. 1"), dated May 30, 2007, at 67:16-19, Corey Dec., Exh. 28. | The statement mischaracterizes the testimony in that Ms. Yonemoto testifies "[i]n 2000 when Mattel learned that an employee was going to a competitor, then that employee was exited the day of his or her notice". Moreover, the cited testimony contains speculation. |

Mattel's Response to Objection:  Defendants' objections as to characterization and speculation at best go to weight of the evidence, not its admissibility.

**Mattel's Uncontested Fact No. 80:**  On January 4, 1999, Bryant executed a Conflict of Interest Questionnaire ("Conflict Questionnaire"), in which he certified that, other than as disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Mattel's Complaint at Exh. B, Proctor Dec., Exh. 91. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The cited evidence is also irrelevant.  (Fed. R. Evid. 401.) |

1       Mattel's Response to Objection:  As discussed above, defendants'

2    repeated unspecified objections to Mattel's documentary evidence attached as

3    exhibits to Mr. Proctor's declaration are without merit.  In the present instance,

4    Conflict Questionnaire executed by Bryant was authenticated by him at deposition.

5    Defendants have never denied the authenticity of this document but raise their

6    baseless objections only to harass and cause Mattel undue burden.

7

8       **Mattel's Uncontested Fact No. 81:**  Bryant did not notify Mattel that

9    he was working on Bratz.

10

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant Tr. Vol. 4 at 885:3-18, Corey Dec., Exh. 4. | The statement mischaracterizes the testimony.  The testimony is vague and ambiguous as to "anyone at Mattel".  This evidence is also irrelevant.  Mattel offers no evidence that Bryant was under any obligation to notify Mattel that he was working on BRATZ -- before he joined Mattel or while he worked there. |

21

22      Mattel's Response to Objection:  Defendants objections on relevance,

23   vagueness and characterization grounds at best go to the weight of the evidence, not

24   to its admissibility.

25

26      **Mattel's Uncontested Fact No. 82:**  In an e-mail dated March 12,

27   2002, from Isaac Larian to MGA personnel, regarding inquiries about Bratz, Larian

28   stated that:"[t]here must be no mention about Mattel or any of their properties,

Carter, any MGA Bratz arts, etc."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| E-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22, Proctor Dec., Exh. 97. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  Furthermore, the quoted language is misleading, as the email responds to a Mattel cease-and-desist letter.  The email is also inadmissible hearsay.  (Fed. R. Evid. 802.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the e-mail was produced by defendants in discovery and defendants have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

The e-mail is not hearsay under Fed. R. Evid. 803(6)(records of regularly conducted activity).

Any arguments as to characterization at best go to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 83:**  In response to an e-mail from Larian proposing development of a collectible Bratz doll, Dee Dee Valencia proposed creating a limited edition model that would create a marketing "frenzy."

However, she raised the question: "Signed by....????? I know we want to keep Carter under wraps."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| E-mail from Isaac Larian to Dee Dee Valencia dated February 6, 2003, Bates-numbered MGA 3801558-9, Proctor Dec., Exh. 98. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  Furthermore, the quoted language is misleading in that the quote refers to internal MGA understanding that Mattel had sent a cease-and-desist letter to MGA.  .  The email is also inadmissible hearsay.  (Fed. R. Evid. 802.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the e-mail was produced by defendants in discovery and defendants have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

The e-mail is not hearsay under Fed. R. Evid. 803(6)(records of regularly conducted activity).

Any arguments as to characterization at best go to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 84:**  Lee Loetz is a toy designer with more than ten years of experience in the toy industry.  He has worked with

-80-

companies throughout the industry and has prepared artwork and designs that have been implemented in numerous toys and children's products.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Loetz Dec., Exh. 1. | The cited evidence constitutes improper expert testimony.  (Fed. R. Evid. 701, 704.) |

    Mattel's Response to Objection:  Defendants' wholesale and unspecified objections to Mattel's expert testimony are improper and frivolous.  The matters set forth in the Loetz are within his personal knowledge and expertise and defendants point to no basis for asserting that his testimony lacks the admissibility requirements of Rule 702.

    **Mattel's Uncontested Fact No. 85:**  In public statements, Larian identified himself, not Bryant, as the creator of Bratz.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See Affidavit of Isaac Larian in MGA v. Metson at p. 2, ¶ 8, Bates-numbered MGA 0868039-91 (Larian claiming he "was the inspiration behind the Bratz dolls."), Proctor Dec., Exh. 99; Woodman Tr. Vol. 1 at 218:1-21, Corey Dec., Exh. 17; Business Week article discussing Mattel and Bratz, Bates-numbered M 0074054-6, ("[Larian] got the idea for Bratz after seeing his own kids run around in navel-baring tops and hip-huggers."), Proctor | MGA Parties Objections.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [Larian Affidavit].  (Fed. R. Evid. 602.)  This statement also mischaracterizes the evidence in that Larian does not say he was the "creator," he says he was the "inspiration," which is both ambiguous and denoting a totally different meaning.<br><br>    Lacks foundation.  Mr. Proctor |

Dec., Exh. 100; San Fernando Valley Business Journal article discussing Larian, (Larian states "It was Jason's idea for Bratz."), Proctor Dec., Exh. 100. Similarly, Larian represented to the U.S. Patent and Trademark Office that he had created the Bratz feet and packaging:  U.S. patent application for Bratz feet marked as Exhibit 500 in this action, Proctor Dec., Exh. 101; Amendment to U.S. patent application for Bratz feet marked as Exhibit 548 in this action, Proctor Dec., Exh. 102; Patent for trapezoidal packaging marked as Exhibit 552 in this action, Proctor Dec., Exh. 103; Patent application for trapezoidal packaging marked as Exhibit 615 in this action, Proctor Dec., Exh. 104.  See also e-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22 (Larian demanded that a Bratz website make no reference to Mattel), Proctor Dec., Exh. 97.

lacks personal knowledge of the cited evidence [Business Week article].  (Fed. R. Evid. 602.)  Moreover, the cited evidence constitutes hearsay (Fed. R. Evid. 802) in that the statement relies on language written by the article's author to establish the truth of the fact.

The quoted language [in San Fernando Valley Business Journal article] is vague and ambiguous as to "idea for Bratz" and, in any event, does not support the factual statement. Moreover, the cited evidence constitutes hearsay (Fed. R. Evid. 802) in that the statement relies on language written by the article's author to establish the truth of the fact.

The cited evidence [U.S. patent application for Bratz feet, amendment to U.S. patent application for Bratz feet, Patent for trapezoidal packaging, Patent application for trapezoidal packaging] is irrelevant as to who created the idea of BRATZ.  Furthermore, lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)

Lacks foundation.  Mr. Proctor

lacks personal knowledge of the cited evidence [March 12, 2002 Larian e-mail].  (Fed. R. Evid. 602.) Furthermore, the referenced language is misleading, as the email responds to a Mattel cease-and-desist letter.  The e-mail is also inadmissible hearsay.  (Fed. R. Evid. 802.)

Bryant Objections.  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802. Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2).  Not offered by Mattel as a prior inconsistent statement(s) of Mr. Larian.  Fed. R. Evid. 801(d)(1).  As for Affidavit of Mr. Larian in MGA v Metson, the former testimony exception does not apply, as Mr. Larian is an available witness, and has been deposed in this case.  Fed. R. Evid. 804(b)(1).

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Larian Affidavit and March 12, 2002 e-mail were produced by defendants in discovery and defendants have never denied their authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir.

1   1996) (documents attached to attorney declaration deemed admissible where they

2   were produced in discovery by opposing party which did not deny their

3   authenticity).

4           The e-mail is not hearsay under Fed. R. Evid. 803(6)(records of

5   regularly conducted activity).  Further, the statements in the news articles are not

6   offered for the truth of Mr. Larian's statements, but instead for the fact that he made

7   them.  See Calmat Co. v. U.S. Dep't of Labor, 364 F.3d 1117, 1124 (9th Cir. 2004)

8   ("If the significance of an out-of-court statement lies in the fact that the statement

9   was made and not in the truth of the matter asserted, then the statement is not

10  hearsay.").

11          Any arguments as to characterization at best go to the weight of the

12  evidence and not to its admissibility.

13

14          **Mattel's Uncontested Fact No. 86:**  The Inventions Agreement

15  provides "Any waiver by the Company of a breach on any provision of this

16  Agreement will not operate or be construed as a waiver of any subsequent breach."

17

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Inventions Agreement at ¶ 4(a), Proctor Dec., Exh. 5. | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "waiver", "subsequent breach", "construed", and "provision." |

25          Mattel's Response to Objection:  As discussed above, defendants' bare

26  assertions that the cited witness testimony or other evidence has been "taken out of

27  context" and "mischaracterized" cannot be sustained.  Defendants fail to provide

Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

**Mattel's Uncontested Fact No. 87:**  Paragraph 1(c) of the Inventions Agreement required Bryant to "not disclose or use at any time either during or after my employment with the Company any Proprietary information except for the exclusive benefit of the Company."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Inventions Agreement at 1(c), Proctor Dec., Exh. 5. | The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "Proprietary Information." |

Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

**Mattel's Uncontested Fact No. 88:**  Paragraph 3(a) of the Inventions Agreement states "I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Inventions Agreement at 3(a), Proctor | The quoted language is taken out of |

07209/2456001.1

| | |
|---|---|
| Dec., Exh. 5. | context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "engage."  The evidence is also irrelevant.  On its face, this provision clearly violates California public policy, as it is an unending limit on an individual's right to compete with his former employer, with no time or location limitations whatsoever. |

**Mattel's Response to Objection**:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" and "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

Defendants' relevance is unfounded as it mischaracterizes the evidence and, in any event, would go to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 89**:  Assuming Mattel employees were moonlighting as defendants suggest, such work, based on defendants' own description, was completely unrelated to Mattel's core line of business.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| See, e.g., Bryant's Responses at 35 (Joni Pratte's volleyball and basketball books; Lori Sipos' puppets; Veronica Marlow's handbags; other employees' weekend nail | Lacks foundation as to whether the referenced moonlighting examples are "related to" Mattel's business.  Moreover, the quoted language is taken |

| | |
|---|---|
| and hair salon work), Proctor Dec., Exh. 96. | out of context and mischaracterizes the evidence.  The factual statement is also vague and ambiguous as to "defendants" as only Mr. Bryant's discovery response is cited. |

       Mattel's Response to Objection:  Defendants' objections as to form, vagueness and characterization at best go to weight of the evidence and not to its admissibility.

       **Mattel's Uncontested Fact No. 90:**  The MGA Defendants' Answer and Affirmative Defenses state simply, "Mattel has abandoned any interest it may have had in the alleged copyrighted works."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Amended Answer and Affirmative Defenses of MGA Entertainment, Inc. MGA Entertainment (HK) Limited, and MGAE De Mexico S.R.L. De C.V. To Mattel, Inc's Second Amended Answer and Counterclaims ("MGA's Answer"), dated September 19, 2007 at 24, Proctor Dec., Exh. 105. | The factual statement mischaracterizes the cited evidence. |

       Mattel's Response to Objection:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" or "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

**Mattel's Uncontested Fact No. 91:**  MGA's Answer argues that MGA allegedly "acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA Defendants was valid and permissible."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| MGA's Answer at 22:12-15, Proctor Dec., Exh. 105. | The factual statement mischaracterizes the cited evidence. |

**Mattel's Response to Objection:**  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" or "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.

**Mattel's Uncontested Fact No. 92:**  MGA admitted that it did not record its copyright assignment.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| See MGA's Responses to Mattel's Third Set of Requests for Admission Nos. 241-44, 249-52, Proctor Dec., Exh. 106. | No objection. |

**Mattel's Uncontested Fact No. 93:**  MGA's complaint in MGA Entertainment, Inc. v. Mattel, Inc., Case No. CV 05-2727 SGL (RNBx), emphasizes the uniqueness of Bratz:  "At approximately 9.5 to 10 inches tall, the 'BRATZ' dolls were intentionally shorter than 'Barbie' dolls and looked like no other, with

1   disproportionately large heads, big, dramatic eyes and lips, small, thin bodies,

2   oversized feet (to emphasize shoe fashion and to stand on their own, unlike 'Barbie'

3   which requires a stand), and up-to-date fashions."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| MGA's complaint in MGA Entertainment, Inc. v. Mattel, Inc., Case No. CV 05-2727 SGL (RNBx), Proctor Dec., Exh. 107. | MGA Parties Objections.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence .  (Fed. R. Evid. 602.)  The quoted language is taken out of context and mischaracterizes the evidence.  Bryant Objections.  Hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Pleadings of another party are inadmissible hearsay as to Carter Bryant, and are not party admission(s) as to Bryant.  Fed. R. Evid. 105, 801(d)(2). |

Mattel's Response to Objection:  As discussed above, defendants'
repeated unspecified objections to Mattel's documentary evidence attached as
exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the
document at issue is MGA's own complaint in Case No. CV 05-2727.  Any
objection by defendants on authenticity grounds is baseless on its face.

Defendants' objection as to characterization at best goes to the weight
of the evidence, not to its admissibility.

1    The allegations in MGA's complaint are not hearsay as they are party

2  admissions that are inconsistent with their present position that Bratz are a "thinly

3  protected" compilation of pre-existing elements.

4    The statement is not hearsay and is a party admission as to Bryant

5  because Bryant and MGA are co-conspirators with respect to misappropriation of

6  Bratz from Mattel and other wrongdoing.  U.S. v. Busch, 758 F.2d 1394, 1397 (10th

7  Cir. 1985); U.S. v. Rogers, 652 F.2d 792, 796 (10th Cir. 1981).

8

9    **Mattel's Uncontested Fact No. 94:**  The sum total of MGA's attorney

10  David Rosenbaum's investigation of Mattel's preexisting rights to Bratz was a brief

11  telephone conversation with Bryant's attorney, Anne Wang.  Wang purportedly said

12  that Bryant created Bratz before commencing employment at Mattel.  Rosenbaum

13  asked no questions about what investigation Wang had done to reach that

14  conclusion.  He did not ask any specific questions about the time, manner or place

15  Bryant allegedly developed the concept, whether it was expressed then in any

16  tangible form, or whether Bryant could otherwise document ownership.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Deposition Transcript of David Rosenbaum ("Rosenbaum Tr."), dated January 25, 2008, at 78:21-88:18 & 218:18-220:3, Corey Dec., Exh. 29. | The factual statement is argumentative and mischaracterizes nature of Mr. Rosenbaum's conversations with Anne Wang.  The cited testimony also contains hearsay (Fed. R. Evid. 802) because Mr. Rosenbaum relates what Ms. Wang told him about Bryant. |

    **Mattel's Response to Objection**:  Defendants' objections as to

characterization and argument go at best to the weight of the evidence and not to its

admissibility.

1       The evidence does not contain hearsay because the Wang statement is

2   not offered to establish the truth of the matter but merely to establish that the

3   statement was made.  <u>See</u> <u>Calmat Co. v. U.S. Dep't of Labor</u>, 364 F.3d 1117, 1124

4   (9th Cir. 2004) ("If the significance of an out-of-court statement lies in the fact that

5   the statement was made and not in the truth of the matter asserted, then the

6   statement is not hearsay.").

7

8       **<u>Mattel's Uncontested Fact No. 95</u>:**  On September 14, 2000,

9   Rosenbaum received a fax from Bryant, from the fax machine at Barbie Collectibles

10  -- stating that Bryant could not look into his agreements with Mattel further without

11  risking suspicion.

12

| **<u>Mattel's Evidentiary Support</u>** | **<u>Defendants' Objection[s]</u>** |
|---|---|
| Facsimile from Bryant to David Rosenbaum, Bates-numbered MGA007337-40, Proctor Dec., Exh. 86. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence .  (Fed. R. Evid. 602.)  The quoted language is taken out of context and mischaracterizes the evidence. |

19

20      **Mattel's Response to Objection**:  As discussed above, defendants'

21  repeated unspecified objections to Mattel's documentary evidence attached as

22  exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the

23  facsimile was produced by defendants in discovery and defendants have never

24  denied its authenticity.  <u>See</u> <u>Maljack Productions, Inc. v. GoodTimes Home Video</u>

25  <u>Corp.</u>, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney

26  declaration deemed admissible where they were produced in discovery by opposing

27  party which did not deny their authenticity).

28      As discussed above, defendants' bare assertions that the cited witness

testimony or other evidence has been "taken out of context" and "mischaracterized"

1   cannot be sustained.  Defendants fail to provide Mattel or the Court any indication

2   how these vague objections apply to the evidence offered by Mattel.

3

4

5   **Mattel's Uncontested Fact No. 96:**  Rosenbaum testified based on his

6   knowledge of "customary practice" in the industry, "[h]is assumption was that as an

7   employee of Mattel, the work that [Bryant] did for Mattel as an employee of Mattel

8   would be owned by Mattel."  MGA itself used Inventions Agreement substantially

9   similar to Mattel's.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Rosenbaum Tr. at 88:19-90:24, Corey Dec., Exh. 29; <u>see also</u> Mercedeh Ward's Inventions Agreement with MGA, Bates-numbered MGA001470-2, Proctor Dec., Exh. 87. | The testimony cited contains speculation by Mr. Rosenbaum as to Mattel's practices.  Also, the testimony contains an improper lay opinion.  (Fed. R. Evid. 701.)  The quoted language is also taken out of context and mischaracterized.<br><br>Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence [MGA Inventions Agreement].  (Fed. R. Evid. 602.)  Furthermore, the evidence is irrelevant. (Fed. R. Evid. 401.)  Lastly, the factual statement is misleading as to the MGA and Mattel agreements.  The MGA and Mattel inventions agreements contain numerous distinct terms and fall far |

| | short of being "substantially similar". |
|---|---|

**Mattel's Response to Objection:**  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the MGA Inventions Agreement was produced by defendants in discovery and defendants have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

Rosenbaum's testimony is not improper lay opinion as the matters were within his personal knowledge and reasonable perception.

Defendants' objections as to relevance and characterization at best go to weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 97:**  The Bryant-MGA Agreement drafted by MGA prohibits Bryant from providing services "to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products" during the term of the Agreement.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant-MGA Agreement at ¶ 2, Proctor Dec., Exh. 71. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  Furthermore, the evidence is irrelevant.  (Fed. R. Evid. 401.) |

**Mattel's Response to Objection:**  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as

-93-

MATTEL INC.'S RESPONSES TO DEFENDANTS' EVIDENTIARY OBJECTIONS

07209/2456001.1

1   exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the
2   Bryant-MGA Agreement was produced by defendants in discovery and
3   authenticated by Bryant at deposition.  Defendants have never denied the
4   authenticity of this document but raise their baseless objections only to harass and
5   cause Mattel undue burden.

6          Defendants failure to make any effort to explain its relevance objection
7   renders it unavailing.  In any event, relevance objections merely go to the weight of
8   the evidence and not to admissibility.

9

10          **Mattel's Uncontested Fact No. 98**:  The Bryant-MGA Agreement
11   drafted by MGA assigns "[a]ll results and proceeds of the services provided by
12   Bryant" under the Agreement, "including without limitation, any inventions, and
13   any documentation related thereto, and any other material, whether written or oral"
14   to MGA "exclusively, throughout the world, and in perpetuity[.]"

15

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant-MGA Agreement at ¶ 3(a), Proctor Dec., Exh. 71. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) Furthermore, the evidence is irrelevant. (Fed. R. Evid. 401.) |

22

23          Mattel's Response to Objection:  As discussed above, defendants'
24   repeated unspecified objections to Mattel's documentary evidence attached as
25   exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the
26   Bryant-MGA Agreement was produced by defendants in discovery and
27   authenticated by Bryant at deposition.  Defendants have never denied the
28   authenticity of this document but raise their baseless objections only to harass and
     cause Mattel undue burden.

Defendants failure to make any effort to explain its relevance objection renders it unavailing.  In any event, relevance objections merely go to the weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 99:**  Paragraph 3.2 of Bryant and MGA's Modification of 2000 Agreement "confirms" assignment of "all work done by Bryant prior to September 18, 2000, which became known as the Bratz property, including without limitation the drawings which are the subject of Copyright Registration Nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490 and VA 1-218-491 (and the characters that are now referred to as CLOE, JADE, SASHA and YASMIN)[.]"

| Mattel's Evidentiary Support | Defendants' Objection[s] |
| --- | --- |
| Modification of 2000 Agreement at § 3.2, Bates-numbered MGA000429-434, Proctor Dec., Exh. 72. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) Furthermore, the evidence is irrelevant. (Fed. R. Evid. 401.) |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the Modification of 2000 Agreement was produced by defendants in discovery and authenticated by Bryant at deposition.  Defendants have never denied the authenticity of this document but raise their baseless objections only to harass and cause Mattel undue burden.

Defendants failure to make any effort to explain its relevance objection renders it unavailing.  In any event, relevance objections merely go to the weight of the evidence and not to admissibility.

1

2      **Mattel's Uncontested Fact No. 100:** Bryant testified that he had seen

3 only the Steve Madden and Paris Blues ads before creating the Bratz drawings.

4

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant Tr. Vol. 1 at 140:21-141:6, Corey Dec., Exh. 1. <u>Compare</u> Expert Report of Peter S. Menell, dated February 11, 2008, at 17-20, Proctor Dec., Exh. 108; (Spice Girls dolls, Japanese anime-style cartoons, the "Blythe" line of dolls, Margaret Keene's "Ladies in Waiting" illustrations, the Lara Croft character, print advertisements by Steve Madden, Cover Girl, Paris Blue and Coca Cola). | The factual statement is misleading and mischaracterizes the testimony. Nothing in the testimony cited by Mattel suggests that Madden and Paris Blues were Bryant's "only" inspirations for the BRATZ drawings. |

     **Mattel's Response to Objection:** Defendants objection as to characterization at best goes to the weight of the evidence and not to its admissibility.

     **Mattel's Uncontested Fact No. 101:** When Bryant left Mattel's employ in October 2000, he lied about where he was going, telling Mattel employees that he was not going to work for a freelancer.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant Tr. Vol. 1 at 209:16-17, Corey Dec., Exh. 1 [Redacted]); Deposition Transcript of Jill Nordquist ("Nordquist Tr."), dated July 31, 2007, at 145:1-9 | Lacks foundation as to whether Bryant "lied". Furthermore, the factual statement mischaracterizes the testimony. Indeed, Mr. Bryant |

07209/2456001.1

| | |
|---|---|
| (Nordquist testified that "[[Redacted] Corey Dec., Exh. 30; id. at 127:22-128:9 (when asked whether Bryant was going to a competitive doll company, Bryant responded "[Redacted]); Deposition Transcript of Ivy Ross ("Ross Tr."), dated January 17, 2008, at 87:5-23 [Redacted]), Corey Dec., Exh. 31; id. at 88:17-19 (noting what Bryant described [Redacted]); id. at 220:5-12 (Ross explains that Ron Longsdorf suggested [Redacted]). | disclosed that he was going to "be a freelance designer," which is what Bryant became after leaving Mattel. |

    **Mattel's Response to Objection**:  Defendants' objection as to characterization merely goes to the weight of the evidence and not to its admissibility.

    **Mattel's Uncontested Fact No. 102:**  Larian directed a subordinate to conceal a fax header from Bryant's signed contract signature page before sending the page to Patricia Glaser, Larian's attorney.  The concealed fax header would have shown that the page was faxed from "Barbie Collectibles."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| O'Connor Conf. Tr. at 18:13-18, Corey Dec., Exh. 14. | The cited testimony is mischaracterized by the factual statement.  Ms. O'Connor does not use the term "conceal".  Moreover the factual statement mischaracterizes the testimony to the extent it is offered to show Larian's state |

| | of mind as to Bryant's employment status with Mattel. |
|---|---|

Mattel's Response to Objection:  Defendants' objection as to characterization merely goes to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 103:**  Farhad Larian, a former MGA executive and Isaac Larian's brother, has stated in court pleadings that Bryant brought Bratz to MGA by February 2000 -- and that they attempted to conceal it.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| [Proposed] First Amended Verified Complaint in <u>Larian v. Larian</u> at ¶16, Bates-numbered FL 10569-621, Proctor Dec., Exh. 109. | The cited evidence is hearsay because it is being offered to prove the truth of the factual statement (Fed. R. Evid. 802.) Also, the cited evidence lacks foundation, and Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  Lastly, Mattel mischaracterizes the cited evidence, which only uses the term "conceal" in reference to Farhad Larian, not Mattel or the general public. |

Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the document was produced by Farhad Larian in discovery defendants have never denied its authenticity.

The document is not hearsay under Fed. R. Evid. 801(d)(2) (admission by party opponent).  Mr. Farhad Larian is a former executive of MGA, his assertion is based on his understanding at the time he was employed by MGA, and his statement is admissible as a party admission.

Defendants' objection as to characterization merely goes to the weight of the evidence, not to its admissibility.

**Mattel's Uncontested Fact No. 104:**  Both MGA and Larian admitted they knew Bryant was a Mattel employee at the time Bryant presented his drawings to MGA.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Response to Request for Admission No. 140 in MGA's Responses to Mattel's Third Set of Requests for Admission to MGA; Proctor Dec., Exh. 106; Rachel Harris Tr. Vol. 1 at 41:10-42:10, 166:1-168:8, Corey Dec., Exh. 16. | Mattel mischaracterizes the Rebecca Harris testimony, which does not support Mattel's proposition here. |

Mattel's Response to Objection:  Defendants' objection as to characterization at best goes to weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 105:**  Bryant told MGA that he had signed a confidentiality agreement with Mattel.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant Tr. Vol. 3 at 585:17 - 587:17, Corey Dec., Exh. 3; facsimile from Bryant to | Misstates the testimony in that Bryant did not testify that when he signed the |

| David Rosenbaum, Bates-numbered MGA007337-40, Proctor Dec., Exh. 86. | agreement, he knew it was a confidentiality agreement.<br><br>Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |
|---|---|

**Mattel's Response to Objection**:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the facsimile was produced by defendants in discovery and defendants have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

Defendants' objection as to characterization at best goes to weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 106:**  MGA itself requires strict confidentiality from its own employees in jobs such as Bryant's.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Mercedeh Ward's Inventions Agreement with MGA, Bates-number MGA 001470-2, Proctor Dec., Exh. 87. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) Furthermore, the evidence is irrelevant. (Fed. R. Evid. 401.) |

**Mattel's Response to Objection**:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as

exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the MGA Inventions Agreement was produced by defendants in discovery and defendants have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

Defendants' objections as to relevance and characterization at best go to weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 107:**  MGA has produced a document that shows Bryant's end date at Mattel and start date at MGA as "don't ask."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| MGA spreadsheet listing former Mattel employees, Bates-numbered MGA 1134723-30, at 26, Proctor Dec., Exh. 112. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

Mattel's Response to Objection:  Mattel's Response to Objection:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the MGA spreadsheet listing former Mattel employees was produced by defendants in discovery and defendants have never denied its authenticity.  See Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n.12 (9th Cir. 1996) (documents attached to attorney declaration deemed admissible where they were produced in discovery by opposing party which did not deny their authenticity).

**Mattel's Uncontested Fact No. 108:**  MGA admits that no public statement even recognizing Bryant as Bratz's creator was issued until July 18, 2003, when the <u>Wall Street Journal</u> published an article with that information.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| MGA Entertainment, Inc.'s Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment, Inc., Proctor Dec., Exh. 113. | Mattel mischaracterizes the cited evidence to the extent it suggests that Mattel was not on notice of its claims against Carter Bryant and the MGA Parties before July 2003.  Moreover, MGA Parties objected to Request for Admission No. 183 on the ground that it is vague and ambiguous, particularly in its use of the phrase "identified BRYANT as the creator of BRATZ" and "press release."  Additionally, MGA Parties objected to Request for Admission No. 184 on the ground that it is vague and ambiguous, particularly in its use of the phrase "identified BRYANT as the creator of BRATZ", "press release" and "publication."  Finally, MGA Parties objected to Request for Admission No. 184 on the ground that it is vague and ambiguous, particularly in its use of the phrase "identified BRYANT as the creator of BRATZ", "press release" and |

| | "publication." |
|---|---|

Mattel's Response to Objection:  Defendants objections on vagueness and characterization grounds at best go to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 109:**  Defendants have not and cannot present any evidence that Mattel had notice of its claims against Bryant before April 27, 2001.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Defendants have no evidence genuinely disputing this fact. | N/A |

**Mattel's Uncontested Fact No. 110:**  Defendants can proffer no evidence that Mattel consented to their employees' moonlighting activity.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Defendants have no evidence genuinely disputing this fact. | N/A |

**Mattel's Uncontested Fact No. 111:**  Defendants cannot present any evidence that suggests Mattel intended or acted in a manner that would allow its employees to believe they could violate their legal obligations with impunity.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Defendants have no evidence genuinely | N/A |

| disputing this fact. | |
|---|---|

**Mattel's Uncontested Fact No. 112:**  Defendants have not presented any evidence to show that they would have behaved differently had Mattel filed suit earlier, as they have continued manufacturing the infringing dolls both before and after Mattel's filing of this action.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Defendants have no evidence genuinely disputing this fact. | N/A |

**Mattel's Uncontested Fact No. 113:**  In its Eighth Affirmative Defense, MGA contends that "Mattel's damages, if any, were not caused by MGA Defendants and are not attributable to any acts or omissions of MGA defendants."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| MGA's Answer at 23:5-6, Proctor Dec., Exh. 105. | No objection. |

**Mattel's Uncontested Fact No. 114:**  MGA defendants have asserted the following affirmative defenses that fall under the rubric of good faith: bona fide purchaser for value, 17 U.S.C. § 205(d), lawful competition, and good faith.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| MGA's Answer at 22, 25, Proctor Dec., Exh. 105. | No objection. |

**Mattel's Uncontested Fact No. 115:**  Bryant initially asserted a good faith defense, but withdrew it in his amended answer.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Bryant's Amended Reply to Mattel's Counterclaims, dated September 12, 2007, Proctor Dec., Exh. 114. | No objection. |

**Mattel's Uncontested Fact No. 116:**  Bryant did not seek reconsideration of the August 27, 2007 Court's Order Denying MGA's Motion for Terminating Sanctions.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| There is no evidence genuinely disputing this fact. | N/A |

**Mattel's Uncontested Fact No. 117:**  The Court ruled in the January 11, 2007 Order that the relation back principle applies to MGA even though it was not named a defendant in Mattel's complaint.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Court's Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, at 12-15, Proctor Dec., Exh. 95. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts. |

| | Furthermore, Mattel mischaracterizes the Court's Order. |
|---|---|

Mattel's Response to Objection:  Defendants' cite no authority for the purported rule barring citation to court orders in separate statements, as no such rule exists.  Indeed, defendants have gone so far as to cite to a decision by a different Court in another, unrelated case in their separate statement.  Defendants objection is also vague and ambiguous as no effort is made to indicate in what way Mattel's has allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization" objection is not only meritless, but plainly disingenuous given that the factual statement is a straightforward and accurate summary of the Court's ruling.

**Mattel's Uncontested Fact No. 118:**  The Court noted, "Again, the relations back principle would seem to render [Mattel's] claim timely if it were filed as an amended answer . . . in the 05-2727 case.")

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Court's Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, at 15, 22, Proctor Dec., Exh. 95. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts. Furthermore, Mattel mischaracterizes the Court's Order. |

Mattel's Response to Objection:  Defendants' cite no authority for the purported rule barring citation to court orders in separate statements, as no such rule exists.  Defendants objection is also vague and ambiguous as no effort is made to indicate in what way Mattel's has allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization" objection is not only meritless, but plainly

disingenuous given that the factual statement is an accurate and verbatim excerpt of the referenced Court Order.

**Mattel's Uncontested Fact No. 119:**  The nature of the underlying claim is to establish that Defendants have no interest in Bratz.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Mattel's Second Amended Answer in Case No. 05-2727, dated July 12, 2007, at ¶ 169 , Proctor Dec., Exh. 115. | No objection. |

**Mattel's Uncontested Fact No. 120:**  Defendants were not prejudiced because they did not rely on Mattel's alleged delay; rather, they proceeded with developing and producing Bratz dolls both before and after Mattel brought suit.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Tonnu Vol. 2 at 380:21-381:19, Corey Dec., Exh. 27; Bratz Sales from 2001-2006 spreadsheet, Bates-numbered MGA 0868723-865, marked as Exhibit 660 in this action, Proctor Dec., Exh. 4. | Improper legal conclusion.  In addition, the cited testimony does not establish that MGA did not suffered [sic] prejudice or that they did not rely on Mattel's delay in filing suit.    BRATZ sales are irrelevant in that they do not tend to make a fact of consequence more probable.  (Fed. R. Evid. 401.) |

**Mattel's Response to Objection**:  Defendants' objections as to relevance and legal conclusion at best go to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 121**:  No authorized Mattel executive ever provided Bryant with written consent to this assignment of Bratz to MGA, or permitted him to work for MGA while in Mattel's employ.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Defendants have no evidence genuinely disputing this fact. | Irrelevant (Fed. R. Evid. 401.) |

**Mattel's Response to Objection**:  Relevance objections at best go to the weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 122**:  Bryant asserts that "Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Bryant's Responses at 32, Proctor Dec., Exh. 96. | No objection. |

**Mattel's Uncontested Fact No. 123**:  Defendants assert that waiver applies because Mattel "tolerated conduct by other employees similar to the alleged conduct by Bryant."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|

| | |
|---|---|
| Bryant's Responses at 32, Proctor Dec., Exh. 96. | The factual statement mischaracterizes the cited evidence.  The cited evidence is also vague and ambiguous as to "tolerated", "conduct", and "similar." |

**Mattel's Response to Objection:**  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" or "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.  At best, defendants arguments go to the weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 124:**  As shown, Mattel did not "know the facts" regarding defendants' waiver and consent defenses.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Defendants have no evidence genuinely disputing this fact. | N/A |

**Mattel's Uncontested Fact No. 125:**  "Designs," as that term is well understood in the toy industry, undoubtedly include drawings.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Rebecca Harris Vol. 2 at 490:15-17 ("His drawings start a concept, you know, and from the concept they evolved into what they are."), Corey Dec., Exh. 10; Paula Garcia Vol. 2 at 318:19-320:13 (discussing need for "I-designs" for Prayer Angels and | The factual statement mischaracterizes the cited evidence.  To the extent the testimony is being used to characterize the standard understanding in the industry of "designs", it constitutes improper lay witness testimony.  (Fed. |

| | |
|---|---|
| receiving drawings from Bryant), Corey Dec., Exh. 20. | R. Evid. 701.) |

**Mattel's Response to Objection**:  As discussed above, defendants' bare assertions that the cited witness testimony or other evidence has been "taken out of context" or "mischaracterized" cannot be sustained.  Defendants fail to provide Mattel or the Court any indication how these vague objections apply to the evidence offered by Mattel.  At best, defendants arguments go to the weight of the evidence and not to admissibility.

**Mattel's Uncontested Fact No. 126:**  Mattel's in-house counsel learned on November 24, 2003 through discovery in another action that Bryant had entered a contract with MGA while still employed by Mattel.

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Deposition Transcript of Michael Moore, dated March 7, 2008, at ¶ 3, Exh. 1. | Lacks foundation.  Mr. Moore also lacks personal knowledge as to whether Mattel knew of the agreement in question prior to the cited date.  The cited evidence is also vague and ambiguous as to "learned" (see MGA Parties' Opposition to Mattel, Inc.'s Separate Statement of Uncontroverted Facts and Conclusions of Law, at ¶ 126). |

**Mattel's Response to Objection**:  Mr. Moore's testimony is based on his personal knowledge and defendants offer nothing to contradict this fact other than their own conclusory objection.  Moreover, defendants objections as to

characterization and vagueness at best go to the weight of the evidence and not to its admissibility.

**Mattel's Uncontested Fact No. 127:**  The Court has previously held "None of the substantive concerns raised by MGA and Bryant to the present amended complaint, *e.g.*, statutes of limitations, would appear to be affected if the new claims and defendants were brought as defenses and counterclaims in the 05-2727 case as opposed to the 04-9059 one."

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
| --- | --- |
| Court's Order Regarding Mattel's Motion for Leave to Amend at 22, Proctor Dec., Exh. 95. | References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts. Furthermore, Mattel mischaracterizes the Court's Order. |

Mattel's Response to Objection:  Defendants' cite no authority for the purported rule barring citation to court orders in separate statements, as no such rule exists.  Indeed, defendants have gone so far as to cite to a decision by a different Court in another, unrelated case in their separate statement.  Defendants objection is also vague and ambiguous as no effort is made to indicate in what way Mattel's has allegedly mischaracterized the Court's Order.  Defendants' "mischaracterization" objection is not only meritless, but plainly disingenuous given that the factual statement is a straightforward and accurate summary of the Court's rulings.

**Mattel's Uncontested Fact No. 128:**  Mattel recorded Bryant's Inventions Agreement with the U.S. Copyright Office on November 6, 2006.

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Certificates of Recordation recorded by Mattel with the Copyright Office, Proctor Dec., Exhs. 116-118. | Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

**Mattel's Response to Objection**:  As discussed above, defendants' repeated unspecified objections to Mattel's documentary evidence attached as exhibits to Mr. Proctor's declaration are without merit.  In the present instance, the copyright applications were produced by Mattel in discovery and are self-authenticating under Fed. R. Evid. 901(b)(7).

**Mattel's Uncontested Fact No. 129**:  A Hong Kong court found on summary judgment that three-dimensional dolls and products infringed MGA's copyright in Bryant's initial concept drawings.  "The substantial similarity between the plaintiff's drawings and the dolls produced from them, and the defendant's dolls are obvious on inspection."

| Mattel's Evidentiary Support | Defendants' Objection[s] |
|---|---|
| Judgment of Deputy High Court of the Hong Kong Special Administrative Region in <u>MGA Entertainment, Inc. v. Double Grand Corp. Ltd.</u>, Action No. 1883 of 2003, dated February 24, 2006 at ¶ 11, attached as Exhibit A to Request for Judicial Notice, dated March 7, 2008 and filed concurrently herewith. | <u>MGA Parties Objections</u>.  References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts.  Furthermore, Mattel mischaracterizes the Court's Order.  The referenced opinion is also irrelevant to this litigation (Fed. R. Evid. 401.)  The referenced opinion also constitutes impermissible hearsay to the extent that |

| | |
|---|---|
| 1 | Mattel offers finding of the Hong Kong |
| 2 | court for the truth of the findings (Fed. |
| 3 | R. Evid. 802.)  Courts may take judicial |
| 4 | notice of foreign court proceedings for |
| 5 | the fact that they exist, but not for the |
| 6 | truth of the matters stated therein  (See |
| 7 | MGA Parties' Opposition to Mattel, |
| 8 | Inc.'s Request for Judicial Notice, filed |
| 9 | concurrently herewith.) |
| 10 | |
| 11 | Bryant Objections.  "Statements made |
| 12 | by MGA contained within" the |
| 13 | Judgment of the Deputy High Court of |
| 14 | Hong Kong Special Administrative |
| 15 | Region in MGA Entertainment, Inc. v. |
| 16 | Double Grand Corp. Ltd., Action No. |
| 17 | 1883 of 2003, dated February 24, 2006 |
| 18 | (Mattel Request for Judicial Notice, at |
| 19 | 2), are irrelevant and inadmissible |
| 20 | evidence.  Fed. R. Evid. 401, 402. |
| 21 | Statements by counsel are not |
| 22 | admissible evidence to provide support |
| 23 | for motions for summary judgment. |
| 24 | See, e.g., Arpin v. Santa Clara Valley |
| 25 | Transportation Agency, 261 F.3d 912, |
| 26 | 923 (9th Cir. 2001) (alternative |
| 27 | arguments by counsel "are not evidence |
| 28 | and do not create issues of fact capable |

| | |
|---|---|
| 1 | of defeating an otherwise valid |
| 2 | summary judgment."); <u>see also</u> <u>In re</u> |
| 3 | <u>Federal Mogul-Global Inc</u>., 48 F.3d |
| 4 | 390, 406 (3rd Cir. 2003) ("[I]t is well |
| 5 | settled that arguments by counsel |
| 6 | cannot provide factual support for a trial |
| 7 | court's findings."); United States v. |
| 8 | Rose, 104 F.3d 1408, 1416 (1st Cir. |
| 9 | 1997) ("[A]rgument by counsel is not |
| 10 | evidence.").  Moreover, as stated above, |
| 11 | statements made by MGA or MGA's |
| 12 | counsel in such proceedings are not |
| 13 | party admission(s) as to Bryant.  Fed. R. |
| 14 | Evid. 801(d)(2). |

15

16        <u>Mattel's Response to Objection</u>:  Defendants' cite no authority for the

17 purported rule barring citation to court orders in separate statements, as no such rule

18 exists.  Indeed, defendants have gone so far as to cite to a decision by a different

19 Court in another, unrelated case in their separate statement.  Defendants objection is

20 also vague and ambiguous as no effort is made to indicate in what way Mattel's has

21 allegedly mischaracterized the Court's Order.  As made plain in Mattel's papers in

22 support of its Request for Judicial Notice, Mattel only seeks judicial notice of the

23 proceedings themselves, not judicial notice of the truth of the statements made by

24 MGA in those proceedings.  The MGA Parties concede that this is perfectly

25 appropriate.

26        Bryant's separate relevance objection and supporting case authority are

27 inapposite, as Mattel's Fact No. 129 is not argument by party counsel, but rather a

28 ruling of a foreign tribunal of which this Court is authorized to take judicial notice.

1

2

3   **Mattel's Uncontested Fact No. 130:**  The Questionnaire required

4   Bryant to notify Mattel if he became engaged in any business venture with a Mattel

5   competitor that could be construed as a conflict of interest.

6

| **Mattel's Evidentiary Support** | **Defendants' Objection[s]** |
|---|---|
| Mattel's Complaint in <u>Mattel, Inc. v. Bryant</u>, Case No. BC314398 at Exh. B, Proctor Dec., Exh. 91. | Lack of foundation and authenticity. Mattel's pleadings are not evidence, nor are attachments to them that are not properly authenticated.  Mattel's statement mischaracterizes the questionnaire.  The Questionnaire is also vague and ambiguous and cannot be construed without parol evidence and evidence of the parties' course of conduct. |

       Mattel's Response to Objection:  As discussed above, defendants'

repeated unspecified objections to Mattel's documentary evidence attached as

exhibits to Mr. Proctor's declaration are without merit.  In the present instance,

Conflict Questionnaire executed by Bryant was authenticated by him at deposition.

Defendants have never denied the authenticity of this document but raise their

baseless objections only to harass and cause Mattel undue burden.

1         Defendants objections as to vagueness and characterization at best go

2    to the weight of the evidence, not to its admissibility.

3    DATED:  April 1, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                              HEDGES, LLP
4

5                                             By /s/ Timothy L. Alger
                                                 Timothy L. Alger
6                                                Attorneys for Mattel, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28