**EXHIBIT 1**

**CERTIFIED COPY**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, ) | |
| ) PLAINTIFF, ) | |
| ) | CASE NO. |
| V. ) | CV 04-9040 SGL (RNBX) |
| ) | |
| MATTEL, INC., A DELAWARE ) CORPORATION, ) | CONSOLIDATED WITH CASE NO. 04-9059 |
| ) DEFENDANTS. ) | CASE NO. 05-2727 |
| ) | |
| AND CONSOLIDATED ACTION (S). ) | |

# TELEPHONIC TRANSCRIPT OF PROCEEDINGS

# FEBRUARY 11, 2008



REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 08AD008

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 1
PAGE 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
PLAINTIFF, )
)
VS. ) CASE NO.
)
MATTEL, INC., A DELAWARE ) CV 04-9049 SGL (RNBX)
CORPORATION, ) [CONSOLIDATED WITH
) CASE NO. 04-9059 AND
DEFENDANT. ) CASE NO. 05-2727]
)
_____)
)
AND CONSOLIDATED ACTION(S). )
_____)


TELEPHONIC TRANSCRIPT OF
PROCEEDINGS, TAKEN BEFORE HON.
EDWARD A. INFANTE, AT 865 SOUTH
FIGUEROA STREET, THIRD FLOOR, LOS
ANGELES, CALIFORNIA, COMMENCING
AT 8:30 A.M., MONDAY, FEBRUARY 11,
2008, BEFORE ANGELA DUPRE, CSR 7804.

2

EXHIBIT ___1___
PAGE ___5___

```
 1   IF MAYBE THERE'S SOME INVOLVEMENT THERE.
 2           THIS IS A CASE WHERE MATTEL HAS BELATEDLY
 3   DISCLOSED THAT THERE WAS AT LEAST RUMOR AND
 4   INNUENDO -- AND OF COURSE WE'RE TALKING HERE NOT
 5   ABOUT ADMISSIBILITY, BUT JUST ABOUT
 6   DISCOVERABILITY.
 7           AND WHEN WE ATTEMPT TO LEARN MORE ABOUT
 8   THAT INNUENDO, THE ATTORNEY-CLIENT PRIVILEGE GETS
 9   DROPPED ON US.  BUT WE HAVE DOCUMENTARY EVIDENCE
10   THAT IN AUGUST OF 2002 THE HEAD OF SECURITY SAYS
11   THE LAWYERS ARE WORKING ON IT.
12           NOW, THAT'S ABOUT AS OVERWHELMING A
13   SUGGESTION OF INVOLVEMENT.  AND AS RAMBUS AND OTHER
14   CASES MAKE CLEAR THE OBVIOUS, PEOPLE DON'T DECIDE
15   WHEN TO FILE AND WHEN TO TRY TO GET AROUND THE
16   STATUTE OF LIMITATIONS WITHOUT HEAVY INVOLVEMENT ON
17   THE PART OF THEIR LAWYERS.
18           SO I -- I APOLOGIZE, YOUR HONOR, FOR
19   REPEATING WHAT'S IN THE PAPERS.  AGAIN, IF THE
20   COURT HAS QUESTIONS, I'M PREPARED TO TRY TO DEAL
21   WITH THEM.  OTHERWISE, I'M PREPARED TO SUBMIT.
22       JUDGE INFANTE:  WELL, ONE OF THE FACTORS OF THE
23   THREE-PART TEST UNDER HEARN IS WHETHER OR NOT THE
24   PRIVILEGED INFORMATION WOULD BE VITAL TO YOUR CASE.
25   AND THAT REALLY HAS WITHIN IT A QUESTION OF WHAT
```

9

EXHIBIT ___1___

PAGE ___6___

```
 1    OTHER EVIDENCE IS AVAILABLE TO YOU.
 2              I NOTE THAT YOU ARE GOING TO BE TAKING
 3    THE DEPOSITION, IF YOU HAVEN'T ALREADY, WITH
 4    RESPECT TO TOPICS NUMBERS 15 THROUGH 21 OF THE
 5    30(B)(6), WHICH PRECISELY ADDRESSES THE UNDERLYING
 6    ISSUES AS TO WHEN MATTEL KNEW SUFFICIENT FACTS TO
 7    BRING ITS CLAIMS.
 8              HAS THAT DEPOSITION TAKEN PLACE YET?
 9         MR. KENNEDY:  IT HAS NOT, YOUR HONOR.
10              WE HAVE BEEN ATTEMPTING TO MEET AND
11    CONFER CONCERNING GETTING OTHER FORMS OF DISCOVERY,
12    AS WELL AS THE 30(B)(6) DEPOS.
13              WE HAVE THE BENEFIT OF DOCUMENTS THAT IS
14    EXPLAINED IN OUR PENDING MOTION THAT OVERRULED THE
15    RELEVANCY OBJECTIONS REGARDING OTHER FORMS OF
16    DISCOVERY.  MATTEL HAS NEVER EVEN GOTTEN BACK TO US
17    ON THE MEET AND CONFER.
18              SO THE SHORT ANSWER IS NO, THOSE
19    DEPOSITIONS HAVE NOT YET BEEN TAKEN.
20         JUDGE INFANTE:  MY PROBLEM IS I CAN'T REALLY
21    FULLY ASSESS THAT MOST CRITICAL ELEMENT STATED IN
22    HEARN VERSUS RAY CASE; NAMELY, JUST HOW VITAL IS
23    THE PRIVILEGED INFORMATION IN THE CONTEXT OF ALL
24    THE EVIDENCE.
25              I'D LIKE TO QUOTE FROM MATTEL'S
```

10

```
 1   OPPOSITION ON PAGE 17.  IF YOU WOULD FOLLOW ME,
 2   THIS IS AT LINE 9, ON PAGE 17:
 3              "PURSUANT TO THE DISCOVERY
 4         MASTER'S JANUARY 9TH, 2008 ORDER,
 5         MATTEL WILL BE PRODUCING A DEPONENT
 6         ON TOPIC NUMBERS 15 THROUGH 21.
 7         MATTEL HAS NOT AND WILL NOT TAKE THE
 8         POSITION THAT ITS UNDERLYING
 9         KNOWLEDGE OR ANY UNDERLYING FACTS ARE
10         PRIVILEGED.  MGA WILL THUS OBTAIN
11         TESTIMONY REGARDING MATTEL'S
12         KNOWLEDGE ON THE SUBJECTS OF THOSE
13         TOPICS," UNQUOTE.
14              I DON'T KNOW HOW THAT'S GOING TO PLAY
15   OUT.  IF MATTEL KEEPS THAT PROMISE AND ALLOWS YOU
16   TO CONDUCT THE DEPOSITIONS AS TO TOPICS 15 AND 21,
17   WITH THE SPIRIT OF THAT STATEMENT, IT MAY VERY WELL
18   BE THAT THE PRIVILEGED INFORMATION WHICH YOU ARE
19   SEEKING WAIVER OF IS NOT VITAL TO PROVE YOUR
20   CONTENTIONS WITH RESPECT TO MATTEL'S KNOWLEDGE IN
21   THE APPLICATION OF THE STATUTE OF LIMITATIONS OR
22   LACHES DEFENSES.
23              THAT'S MY QUESTION TO YOU, MY STATEMENT
24   TO YOU -- TO BOTH OF YOU, ACTUALLY -- WHICH I THINK
25   SORT OF GOES TO THE CRUX OF THIS MOTION.
```

11

EXHIBIT 1

PAGE 8

```
 1              IF ANYONE WISHES TO COMMENT, YOU MAY.
 2        MR. KENNEDY:  YOUR HONOR, RAOUL KENNEDY.
 3              UNDER THOSE CIRCUMSTANCES, I WOULD
 4  SUGGEST THAT THE COURT DENY THE MOTION WITHOUT
 5  PREJUDICE OR RENEWING IT -- OR TO PERHAPS SAVE
 6  PAPER, TAKE IT UNDER SUBMISSION, AND NOT RULE ONE
 7  WAY OR THE OTHER TODAY; THAT WE WILL CONTINUE TO
 8  MEET AND CONFER ON TRYING TO GET DEPOSITION DATES
 9  AND TAKE THOSE DEPOSITIONS.
10              AND ALSO IF THE COURT COULD PUT MGA'S
11  NOTICE OF MOTION TO OVERRULE RELEVANCY OBJECTIONS
12  CONCERNING OTHER FORMS OF DISCOVERY TOWARDS THE TOP
13  OF ITS STACK SO THAT WE HAVE A RULING ON THAT AS
14  WELL.
15        JUDGE INFANTE:  YES.
16        MR. KENNEDY:  WE CAN THEN PROCEED AND LET'S SEE
17  WHAT'S IN THE PAPER DISCOVERY INTERROGATORIES, AND
18  IN THOSE DEPOSITIONS, AND THEN WITHOUT EITHER
19  PARTIES' PREJUDICE COME BACK AND PURSUE THE MATTER.
20              THAT WOULD BE MY PROPOSAL.
21        JUDGE INFANTE:  THAT'S -- THAT'S PERHAPS A GOOD
22  PROPOSAL.
23              I WOULD LIKE TO ASK MATTEL'S COUNSEL.
24        MR. OLIVAR:  YOUR HONOR, I THINK A DENIAL
25  WITHOUT PREJUDICE WOULD BE APPROPRIATE.  IT'S BEEN
```

12

```
 1   VERY CLEAR THAT IT IS NOT MATTEL'S INTENTION TO
 2   DEPRIVE MGA OF THE UNDERLYING FACTS REGARDING ITS
 3   KNOWLEDGE AS IT RELATES TO THE ALLEGATION IN THE
 4   COMPLAINT, AND WE JUST DON'T GET THERE WITH RESPECT
 5   TO LEGAL ADVICE, GIVEN THAT POSITION.
 6            I THINK YOUR HONOR HIT THE NAIL ON THE
 7   HEAD; WE HAVE PROVIDED UNDERLYING FACTS AND
 8   CONTINUE TO DO SO IN RESPONSE TO THESE DEPOSITION
 9   TOPICS.
10            IF MGA BELIEVES THERE IS ANY ISSUE ABOUT
11   UNDERLYING FACTS AFTER THESE DEPOSITIONS, COMING
12   BACK TO YOUR HONOR MIGHT BE APPROPRIATE.  BUT I
13   THINK DENIAL WITHOUT PREJUDICE IS THE APPROPRIATE
14   RESULT AT THIS TIME.
15       JUDGE INFANTE:  LET ME GIVE YOU A LITTLE BIT OF
16   GUIDANCE.
17            I THINK IT'S POSSIBLE TO WAIVE AN
18   ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT
19   PRIVILEGE BY CHEATING AROUND THE STATUTE OF
20   LIMITATIONS WHERE YOU BRING A CLAIM THAT ON ITS
21   FACE MAY BE UNTIMELY.  IT'S POSSIBLE.
22            THERE IS SOME CASE LAW THERE; IT'S
23   POSSIBLE.  THE RULE OF WAIVER, AS APPLIED TO THESE
24   SITUATIONS, IS TRULY A RULE OF FAIRNESS.  AND I
25   THINK YOU NEED TO MAKE SOME VERY CAREFUL DECISIONS
```

AS TO HOW YOU ALLOW THESE DEPOSITIONS TO BE CONDUCTED, BECAUSE IT IS POSSIBLE THAT A COURT OR SPECIAL MASTER COULD COME TO THE CONCLUSION THAT THERE'S INADEQUATE INFORMATION TO YOUR ADVERSARY IN A MATTER OF FAIRNESS, IN ORDER TO MEET WHAT YOU HAVE PLED. AND SO YOU NEED TO KEEP THAT IN MIND.

AND I THINK THAT THE QUESTIONS THAT ARE FRAMED AND PUT TO THE DEPONENTS NEED TO BE PROPERLY PHRASED SO THAT BY ANSWERING THE QUESTION, THE DEPONENT AND THE ATTORNEY FOR THE DEPONENT IS NOT PERMITTING A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT PRIVILEGE BY ANSWERING THE QUESTION.

I DON'T KNOW IF I'M MAKING ANY SENSE TO YOU, BUT I THINK THAT THE CONDUCT OF THIS DEPOSITION IS CRITICAL TO A FINAL DETERMINATION OF THIS MOTION OF WHETHER OR NOT PRIVILEGE IS IMPLIEDLY WAIVED.

AND SO WITH THAT, I'M GOING TO SIMPLY TAKE THE MOTION UNDER SUBMISSION AND NOT DECIDE IT AT THIS TIME.

AND I THINK YOU BOTH HAVE TO WORK VERY HARD IN HAVING AN EFFECTIVE DEPOSITION. AND BOTH OF YOU HAVE SOME RESPONSIBILITY IN THAT REGARD, BOTH AS TO THE APPROPRIATE PHRASING OF THE

EXHIBIT 1

PAGE 11

```
 1   STATE OF CALIFORNIA      )
                              )  SS.
 2   COUNTY OF LOS ANGELES    )
 3
 4          I,   ANGELA DUPRE   , CERTIFIED
 5   SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR
 6   THE STATE OF CALIFORNIA, HEREBY CERTIFY:
 7          THE PROCEEDINGS WERE RECORDED
 8   STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE
 9   BEST OF MY ABILITY;
10          THE FOREGOING TRANSCRIPT IS A TRUE AND
11   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;
12          I FURTHER CERTIFY THAT I AM NEITHER
13   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION
14   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.
15          IN WITNESS WHEREOF, I HAVE HEREUNTO
16   SUBSCRIBED MY NAME THIS  14th  DAY OF
17   _FEBRUARY_____, 2008.
18
19
20
21                    _____Angela Dupre_____
22
23
24
25
```