QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL INC.'S OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:  April 23, 2008<br>Time:  10:00 a.m.<br>Courtroom: 1<br><br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:              May 27, 2008 |

Mattel Inc. hereby respectfully submits its objections to the Request for Judicial Notice in Support of MGA Parties' Opposition to Mattel, Inc.'s Motion for Partial Summary Judgment.  MGA Parties ask the Court to take judicial notice of certain exhibits to the Declaration of Thomas J. Nolan in Support of MGA Parties' Opposition to Mattel, Inc.'s Motion for Partial Summary Judgment.  Accordingly, Mattel's objections reference the pertinent exhibits of the Nolan Declaration.

| Noticed Exhibit | Objection |
| --- | --- |
| Exhibit 111 | The Court should grant judicial notice only of the fact that the webpage exists at the address listed.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of sites available on the Internet, but should not extend the notice to the accuracy of anything written in the articles. Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 WL 81911, *3 (N.D. Cal. 2007), cited by MGA, permitted judicial notice of articles printed from the Internet only because amici "only request[ed] judicial notice of the fact that these articles were published, not of the truth of their content."  Id.  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence.");  Microsoft Corp. v. BEC Computer Co., 818 F. Supp. 1313 (C.D. Cal. 1992) (granting judicial notice only because plaintiff "[did] not ask the court to take judicial notice of the accuracy of the substance presented by the article and advertisements").  Statements in the Internet sites themselves are not proper subjects for judicial notice under Federal |

| | |
|---|---|
| 1 | Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund</u> |
| 2 | <u>v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., |
| 3 | 2004) (denying a request for the court to take judicial notice of |
| 4 | statements allegedly made to a newspaper reporter, because [t]he |
| 5 | fact of the reporter's alleged hearsay statement is not generally |
| 6 | known within the territorial jurisdiction of the court, and is not |
| 7 | capable of accurate and ready determination by resort to sources |
| 8 | whose accuracy cannot reasonably be questioned; nor does |
| 9 | plaintiff supply the court with necessary information.").  <u>See also</u> |
| 10 | <u>Mendler v. Winterland</u> <u>Productions, Ltd.</u>, 1998 WL 241599, n.1 |
| 11 | (N.D. Cal., 1998) (denying request for judicial notice for the |
| 12 | contents of a published magazine article because "the article, |
| 13 | which is clearly hearsay, was not admitted into evidence and it can |
| 14 | not properly be admitted through the back door by invoking the |
| 15 | doctrine of Judicial Notice."). |

| | | |
|---|---|---|
| 16 | Exhibit 112 | The Court should grant judicial notice only of the fact that the |
| 17 | | webpage exists at the address listed.  Under Rule 201 of the |
| 18 | | Federal Rules of Evidence, a Court may take judicial notice of the |
| 19 | | existence of sites available on the Internet, but should not extend |
| 20 | | the notice to the accuracy of anything written in the articles. |
| 21 | | <u>Woodfin Suite Hotels, LLC v. City of Emeryville</u>, 2007 WL |
| 22 | | 81911, *3 (N.D. Cal. 2007), cited by MGA, permitted judicial |
| 23 | | notice of articles printed from the Internet only because amici |
| 24 | | "only request[ed] judicial notice of the fact that these articles were |
| 25 | | published, not of the truth of their content."  <u>Id</u>.  <u>See also</u> <u>Carpenter</u> |
| 26 | | <u>v. City and County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th |
| 27 | | Cir. 1996) (granting a request to take judicial notice of the |
| 28 | | |

07209/2454469.1

-2-

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); <u>Microsoft Corp. v. BEC Computer Co.</u>, 818 F. Supp. 1313 (C.D. Cal. 1992) (granting judicial notice only because plaintiff "[did] not ask the court to take judicial notice of the accuracy of the substance presented by the article and advertisements").  Statements in the Internet sites themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

| Exhibit 113 | The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  <u>Microsoft Corp. v. BEC Computer</u> |

Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the ***accuracy*** of the ***substance*** presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back

| | | |
|---|---|---|
| 1 | | door by invoking the doctrine of Judicial Notice."). |
| 2 | Exhibit 114 | The Court should grant judicial notice only of the fact that the |
| 3 | | article was published.  Under Rule 201 of the Federal Rules of |
| 4 | | Evidence, a Court may take judicial notice of the existence of |
| 5 | | media articles, but should not extend the notice to the accuracy of |
| 6 | | anything written in the articles.  <u>Microsoft Corp. v. BEC Computer</u> |
| 7 | | <u>Co.</u>, 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted |
| 8 | | judicial notice only because the plaintiff "[did] not ask the court to |
| 9 | | take judicial notice of the ***accuracy*** of the ***substance*** presented by |
| 10 | | the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. |
| 11 | | Cal. 1992) (emphasis added).  <u>See also</u> <u>Carpenter v. City and</u> |
| 12 | | <u>County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996) |
| 13 | | (granting a request to take judicial notice of the existence of a |
| 14 | | plaque but refusing to "infer any facts beyond the mere fact of the |
| 15 | | plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of</u> |
| 16 | | <u>Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a |
| 17 | | request to take "judicial notice of the fact that these articles were |
| 18 | | published, not of the truth of their content").  Statements in the |
| 19 | | articles themselves are not proper subjects for judicial notice under |
| 20 | | Federal Rules of Evidence 201.  <u>Oregon Natural Resources</u> |
| 21 | | <u>Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, |
| 22 | | *5 n.3 (D. Or., 2004) (denying a request for the court to take |
| 23 | | judicial notice of statements allegedly made to a  newspaper |
| 24 | | reporter, because [t]he fact of the reporter's alleged hearsay |
| 25 | | statement is not generally known within the territorial jurisdiction |
| 26 | | of the court, and is not capable of accurate and ready determination |
| 27 | | by resort to sources whose accuracy cannot reasonably be |
| 28 | | |

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

questioned; nor does plaintiff supply the court with necessary information."). <u>See also</u> <u>Mendler v. Winterland</u> <u>Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

**Exhibit 115**    The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  <u>Microsoft Corp. v. BEC Computer</u> <u>Co.</u>, 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  <u>See also</u> <u>Carpenter v. City and</u> <u>County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of</u> <u>Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources</u> <u>Council Fund v. Bureau of Land Management</u>, 2004 WL 948656,

|  |  |
|---|---|
| | *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice."). |
| Exhibit 116 | The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of |

Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

| | | |
|---|---|---|
| Exhibit 117 | The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the ***accuracy*** of the ***substance*** presented by |

-8-

the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

| Exhibit 118 | The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of |

Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  <u>Microsoft Corp. v. BEC Computer Co.</u>, 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the ***accuracy*** of the ***substance*** presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  <u>See also</u> <u>Carpenter v. City and County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for

1   judicial notice for the contents of a published magazine article

2   because "the article, which is clearly hearsay, was not admitted

3   into evidence and it can not properly be admitted through the back

4   door by invoking the doctrine of Judicial Notice.").

5   **Exhibit 119**   The Court should grant judicial notice only of the fact that the

6   article was published.  Under Rule 201 of the Federal Rules of

7   Evidence, a Court may take judicial notice of the existence of

8   media articles, but should not extend the notice to the accuracy of

9   anything written in the articles.  Microsoft Corp. v. BEC Computer

10   Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted

11   judicial notice only because the plaintiff "[did] not ask the court to

12   take judicial notice of the *accuracy* of the *substance* presented by

13   the article and advertisements."  818 F. Supp. 1313, 1319 (C.D.

14   Cal. 1992) (emphasis added).  See also Carpenter v. City and

15   County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996)

16   (granting a request to take judicial notice of the existence of a

17   plaque but refusing to "infer any facts beyond the mere fact of the

18   plaque's existence."); Woodfin Suite Hotels, LLC v. City of

19   Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a

20   request to take "judicial notice of the fact that these articles were

21   published, not of the truth of their content").  Statements in the

22   articles themselves are not proper subjects for judicial notice under

23   Federal Rules of Evidence 201.  Oregon Natural Resources

24   Council Fund v. Bureau of Land Management, 2004 WL 948656,

25   *5 n.3 (D. Or., 2004) (denying a request for the court to take

26   judicial notice of statements allegedly made to a  newspaper

27   reporter, because [t]he fact of the reporter's alleged hearsay

28

statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information."). See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

| | |
|---|---|
| Exhibit 120 | The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  Microsoft Corp. v. BEC Computer Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the |

articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

Exhibit 121    The Court should grant judicial notice only of the fact that the article was published.  Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of the existence of media articles, but should not extend the notice to the accuracy of anything written in the articles.  <u>Microsoft Corp. v. BEC Computer Co.</u>, 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the ***accuracy*** of the ***substance*** presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  <u>See also</u> <u>Carpenter v. City and County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996)

1   (granting a request to take judicial notice of the existence of a

2   plaque but refusing to "infer any facts beyond the mere fact of the

3   plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of</u>

4   <u>Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a

5   request to take "judicial notice of the fact that these articles were

6   published, not of the truth of their content").  Statements in the

7   articles themselves are not proper subjects for judicial notice under

8   Federal Rules of Evidence 201.  <u>Oregon Natural Resources</u>

9   <u>Council Fund v. Bureau of Land Management</u>, 2004 WL 948656,

10  *5 n.3 (D. Or., 2004) (denying a request for the court to take

11  judicial notice of statements allegedly made to a  newspaper

12  reporter, because [t]he fact of the reporter's alleged hearsay

13  statement is not generally known within the territorial jurisdiction

14  of the court, and is not capable of accurate and ready determination

15  by resort to sources whose accuracy cannot reasonably be

16  questioned; nor does plaintiff supply the court with necessary

17  information.").  <u>See also</u> <u>Mendler v. Winterland</u> <u>Productions, Ltd.,</u>

18  1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for

19  judicial notice for the contents of a published magazine article

20  because "the article, which is clearly hearsay, was not admitted

21  into evidence and it can not properly be admitted through the back

22  door by invoking the doctrine of Judicial Notice.").

23  **Exhibit 122**   The Court should grant judicial notice only of the fact that the

24  article was published.  Under Rule 201 of the Federal Rules of

25  Evidence, a Court may take judicial notice of the existence of

26  media articles, but should not extend the notice to the accuracy of

27  anything written in the articles.  <u>Microsoft Corp. v. BEC Computer</u>

28

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

<u>Co.</u>, 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the ***accuracy*** of the ***substance*** presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  <u>See also</u> <u>Carpenter v. City and County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence.");  <u>Woodfin Suite Hotels, LLC v. City of Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back

-15-

| | | |
|---|---|---|
| 1 | | door by invoking the doctrine of Judicial Notice."). |
| 2 | Exhibit 123 | Mattel objects to judicial notice of an MGA press release.  The |
| 3 | | press release is a self-serving document written by MGA, and |
| 4 | | MGA has provided no basis for the Court to conclude that it has |
| 5 | | been distributed to the public.  See Fed. R. Evid. 201(b) |
| 6 | | (permitting judicial notice only of facts that are "capable of |
| 7 | | accurate and ready determination by resort to sources whose |
| 8 | | accuracy cannot reasonably be questioned").  Where a press |
| 9 | | release is available from a newswire or similar source, the Court |
| 10 | | can take judicial notice that it has been published, though it may |
| 11 | | not take judicial notice of the accuracy of anything contained |
| 12 | | within that press release.  See In re Wet Seal, Inc. Securities |
| 13 | | Litigation, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007) (noting |
| 14 | | that Court cannot take judicial notice of "the truth of the matters |
| 15 | | asserted in the reports.").  Here, however, MGA has provided no |
| 16 | | information that would provide the basis for judicial notice of the |
| 17 | | fact of publication. |
| 18 | Exhibit 124 | The Court should grant judicial notice only of the fact that the |
| 19 | | article was published.  Under Rule 201 of the Federal Rules of |
| 20 | | Evidence, a Court may take judicial notice of the existence of |
| 21 | | media articles, but should not extend the notice to the accuracy of |
| 22 | | anything written in the articles.  Microsoft Corp. v. BEC Computer |
| 23 | | Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted |
| 24 | | judicial notice only because the plaintiff "[did] not ask the court to |
| 25 | | take judicial notice of the ***accuracy*** of the ***substance*** presented by |
| 26 | | the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. |
| 27 | | Cal. 1992) (emphasis added).  See also Carpenter v. City and |
| 28 | | |

1    County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996)

2    (granting a request to take judicial notice of the existence of a

3    plaque but refusing to "infer any facts beyond the mere fact of the

4    plaque's existence."); Woodfin Suite Hotels, LLC v. City of

5    Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a

6    request to take "judicial notice of the fact that these articles were

7    published, not of the truth of their content").  Statements in the

8    articles themselves are not proper subjects for judicial notice under

9    Federal Rules of Evidence 201.  Oregon Natural Resources

10   Council Fund v. Bureau of Land Management, 2004 WL 948656,

11   *5 n.3 (D. Or., 2004) (denying a request for the court to take

12   judicial notice of statements allegedly made to a  newspaper

13   reporter, because [t]he fact of the reporter's alleged hearsay

14   statement is not generally known within the territorial jurisdiction

15   of the court, and is not capable of accurate and ready determination

16   by resort to sources whose accuracy cannot reasonably be

17   questioned; nor does plaintiff supply the court with necessary

18   information.").  See also Mendler v. Winterland Productions, Ltd.,

19   1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for

20   judicial notice for the contents of a published magazine article

21   because "the article, which is clearly hearsay, was not admitted

22   into evidence and it can not properly be admitted through the back

23   door by invoking the doctrine of Judicial Notice.").

24   Exhibit 125    The Court should grant judicial notice only of the fact that the

25   article was published.  Under Rule 201 of the Federal Rules of

26   Evidence, a Court may take judicial notice of the existence of

27   media articles, but should not extend the notice to the accuracy of

28

anything written in the articles.  Microsoft Corp. v. BEC Computer Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted judicial notice only because the plaintiff "[did] not ask the court to take judicial notice of the *accuracy* of the *substance* presented by the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. Cal. 1992) (emphasis added).  See also Carpenter v. City and County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996) (granting a request to take judicial notice of the existence of a plaque but refusing to "infer any facts beyond the mere fact of the plaque's existence."); Woodfin Suite Hotels, LLC v. City of Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  Oregon Natural Resources Council Fund v. Bureau of Land Management, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  See also Mendler v. Winterland Productions, Ltd., 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted

1   into evidence and it can not properly be admitted through the back

2   door by invoking the doctrine of Judicial Notice.").

3   Exhibit 126   The Court should grant judicial notice only of the fact that the

4   article was published.  Under Rule 201 of the Federal Rules of

5   Evidence, a Court may take judicial notice of the existence of

6   media articles, but should not extend the notice to the accuracy of

7   anything written in the articles.  Microsoft Corp. v. BEC Computer

8   Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted

9   judicial notice only because the plaintiff "[did] not ask the court to

10   take judicial notice of the *accuracy* of the *substance* presented by

11   the article and advertisements."  818 F. Supp. 1313, 1319 (C.D.

12   Cal. 1992) (emphasis added).  See also Carpenter v. City and

13   County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996)

14   (granting a request to take judicial notice of the existence of a

15   plaque but refusing to "infer any facts beyond the mere fact of the

16   plaque's existence."); Woodfin Suite Hotels, LLC v. City of

17   Emeryville, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a

18   request to take "judicial notice of the fact that these articles were

19   published, not of the truth of their content").  Statements in the

20   articles themselves are not proper subjects for judicial notice under

21   Federal Rules of Evidence 201.  Oregon Natural Resources

22   Council Fund v. Bureau of Land Management, 2004 WL 948656,

23   *5 n.3 (D. Or., 2004) (denying a request for the court to take

24   judicial notice of statements allegedly made to a  newspaper

25   reporter, because [t]he fact of the reporter's alleged hearsay

26   statement is not generally known within the territorial jurisdiction

27   of the court, and is not capable of accurate and ready determination

28

| | | |
|---|---|---|
| 1 | | by resort to sources whose accuracy cannot reasonably be |
| 2 | | questioned; nor does plaintiff supply the court with necessary |
| 3 | | information."). <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.,</u> |
| 4 | | 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for |
| 5 | | judicial notice for the contents of a published magazine article |
| 6 | | because "the article, which is clearly hearsay, was not admitted |
| 7 | | into evidence and it can not properly be admitted through the back |
| 8 | | door by invoking the doctrine of Judicial Notice."). |
| 9 | Exhibit 127 | The Court should grant judicial notice only of the fact that the |
| 10 | | article was published.  Under Rule 201 of the Federal Rules of |
| 11 | | Evidence, a Court may take judicial notice of the existence of |
| 12 | | media articles, but should not extend the notice to the accuracy of |
| 13 | | anything written in the articles.  <u>Microsoft Corp. v. BEC Computer</u> |
| 14 | | <u>Co.,</u> 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted |
| 15 | | judicial notice only because the plaintiff "[did] not ask the court to |
| 16 | | take judicial notice of the ***accuracy*** of the ***substance*** presented by |
| 17 | | the article and advertisements."  818 F. Supp. 1313, 1319 (C.D. |
| 18 | | Cal. 1992) (emphasis added).  <u>See also</u> <u>Carpenter v. City and</u> |
| 19 | | <u>County of San Francisco</u>, 93 F.3d 627, 628 n.2 (9th Cir. 1996) |
| 20 | | (granting a request to take judicial notice of the existence of a |
| 21 | | plaque but refusing to "infer any facts beyond the mere fact of the |
| 22 | | plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of</u> |
| 23 | | <u>Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a |
| 24 | | request to take "judicial notice of the fact that these articles were |
| 25 | | published, not of the truth of their content").  Statements in the |
| 26 | | articles themselves are not proper subjects for judicial notice under |
| 27 | | Federal Rules of Evidence 201.  <u>Oregon Natural Resources</u> |
| 28 | | |

1   Council Fund v. Bureau of Land Management, 2004 WL 948656,

2   *5 n.3 (D. Or., 2004) (denying a request for the court to take

3   judicial notice of statements allegedly made to a  newspaper

4   reporter, because [t]he fact of the reporter's alleged hearsay

5   statement is not generally known within the territorial jurisdiction

6   of the court, and is not capable of accurate and ready determination

7   by resort to sources whose accuracy cannot reasonably be

8   questioned; nor does plaintiff supply the court with necessary

9   information.").  See also Mendler v. Winterland Productions, Ltd.,

10   1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for

11   judicial notice for the contents of a published magazine article

12   because "the article, which is clearly hearsay, was not admitted

13   into evidence and it can not properly be admitted through the back

14   door by invoking the doctrine of Judicial Notice.").

15   Exhibit 128   The Court should grant judicial notice only of the fact that the

16   article was published.  Under Rule 201 of the Federal Rules of

17   Evidence, a Court may take judicial notice of the existence of

18   media articles, but should not extend the notice to the accuracy of

19   anything written in the articles.  Microsoft Corp. v. BEC Computer

20   Co., 818 F. Supp. 1313 (C.D. Cal. 1992), cited by MGA, permitted

21   judicial notice only because the plaintiff "[did] not ask the court to

22   take judicial notice of the ***accuracy*** of the ***substance*** presented by

23   the article and advertisements."  818 F. Supp. 1313, 1319 (C.D.

24   Cal. 1992) (emphasis added).  See also Carpenter v. City and

25   County of San Francisco, 93 F.3d 627, 628 n.2 (9th Cir. 1996)

26   (granting a request to take judicial notice of the existence of a

27   plaque but refusing to "infer any facts beyond the mere fact of the

28

plaque's existence."); <u>Woodfin Suite Hotels, LLC v. City of Emeryville</u>, 2007 WL 81911, *3 (N.D. Cal., 2007) (granting a request to take "judicial notice of the fact that these articles were published, not of the truth of their content").  Statements in the articles themselves are not proper subjects for judicial notice under Federal Rules of Evidence 201.  <u>Oregon Natural Resources Council Fund v. Bureau of Land Management</u>, 2004 WL 948656, *5 n.3 (D. Or., 2004) (denying a request for the court to take judicial notice of statements allegedly made to a  newspaper reporter, because [t]he fact of the reporter's alleged hearsay statement is not generally known within the territorial jurisdiction of the court, and is not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned; nor does plaintiff supply the court with necessary information.").  <u>See also</u> <u>Mendler v. Winterland Productions, Ltd.</u>, 1998 WL 241599, n.1 (N.D. Cal., 1998) (denying request for judicial notice for the contents of a published magazine article because "the article, which is clearly hearsay, was not admitted into evidence and it can not properly be admitted through the back door by invoking the doctrine of Judicial Notice.").

DATED:  March 31, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                By /s/ Timothy L. Alger
                                   Timothy L. Alger
                                   Attorneys for Mattel, Inc.