# EXHIBIT 1

CALENDARED



RECEIVED

FEB 2 3 2007

SEND

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11   MATTEL, INC.,                        Case No. CV 04-09059 SGL(RNBx)

12                  Plaintiff,            SCHEDULING ORDER [FRCP 16(b)]

13        v.                              1.   Establishing a Discovery Cut-off Date of
                                               October 22, 2007
14   CARTER BRYANT, DOES 1-10,
     INCLUSIVE,                           2.   Non-Discovery Motion Hearing Cutoff
15                                             date of November 19, 2007, at 10:00
                  Defendants.                  a.m.
16
                                          3.   Setting Final Pretrial Conference for
17                                             January 14, 2008, at 11:00 a.m.

18                                        4.   Setting Jury Trial Date of February 12,
                                               2008, at 9:30 a.m.
19

20

21        **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE**

22        **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

23

24        The above matter is set for trial before the Honorable Stephen G. Larson,

25   United States District Judge, Courtroom 1, United States District Court, Eastern

26   Division, 2nd Floor, Riverside, California.

27

28        1.    **Discovery Cut-Off:** This is the last date to complete discovery, including
     expert discovery, and the resolution of any discovery motions before this court. If

FEB 2 2 2007

EXHIBIT _____

PAGE _____ 6 _____

1    expert witnesses are to be called at trial, the parties shall designate experts to be called
2    at trial and provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight
3    weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated
4    and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks
5    prior to the discovery cutoff date. Failure to timely comply with this deadline may result
6    in the expert being excluded at trial as a witness. The Court requires compliance with
7    Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Discovery
8    motions may not be heard on an ex parte basis.

9        **2.**      **Joinder of Parties and Amendment of Pleadings:**  This deadline does
10   not apply if the deadline for joining parties or amending pleadings has already been
11   calendared or occurred by virtue of an order issued by another Judge.

12       In addition to the requirements of Local Rule 15-1, all motions to amend the
13   pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
14   differentiate the amendment from previous amendments and (c) state the page, line
15   number(s), and wording of any proposed change or addition of material.

16       3.       **Motion Filing Cut-Off:**  The Court hears motions on Mondays at 10:00
17   a.m. The motion filing cut-off date is the last day motions may be heard (not filed). The
18   Court will not decide late motions. Issues left undetermined by the passage of the
19   motion cut-off date should be listed as issues for trial in the Final Pretrial Conference
20   Order. As an exception to the above, motions in limine dealing with evidentiary matters
21   may be heard at or before trial; however, summary judgment motions disguised as
22   motions in limine will not be heard. Parties need not wait until the discovery cut-off to
23   bring motions for summary judgment or partial summary judgment. However, in the
24   usual case, the court expects that more than the minimum notice will be provided to
25   counsel opposing motions for summary judgment. In the usual case, the parties should
26   confer and agree on the date for setting such motions.

27

28

2

EXHIBIT ___I___

PAGE ___7___

1    Ex parte applications are entertained solely for extraordinary relief.  See Mission
2  Power Eng. Co. v. Continential Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict
3  adherence to proper ex parte procedures is required for any ex parte application filed
4  with the Court.

5    4.    **Stipulations to Extend Time:**  Stipulations to extend the time to file any
6  required document or to continue any pretrial or trial date must set forth (a) the existing
7  due date or hearing date; (b) the current pretrial conference date and trial date; (c) the
8  specific reasons supporting good cause for granting the extension or continuance; and
9  (d) whether there have been any prior requests for extensions or continuances, and
10  whether these were granted or denied by the Court.

11    5.    **Summary Judgment Motions:**  The Separate Statement of Undisputed Facts
12  is to be prepared in a two-column format.  The left-hand column should set forth the
13  allegedly undisputed fact.  The right-hand column should set forth the evidence that
14  supports the factual statement. The fact statements should be set forth in sequentially
15  numbered paragraphs.  Each paragraph should contain a narrowly focused statement
16  of fact.  Each numbered paragraph should address a single subject in as concise a
17  manner as possible.

18    The opposing party's statement of genuine issues must be in two columns and
19  track the movant's separate statement exactly as prepared.  The document must be in
20  two columns; the left-hand column must restate the allegedly undisputed fact, and the
21  right-hand column must indicate either undisputed, or disputed.  The opposing party
22  may dispute all or only a portion of the statement, but if disputing only a portion, must
23  clearly indicate what part is being disputed.  Where the opposing party is disputing the
24  fact in whole or part, the opposing party must, in the right-hand column, label and
25  restate the moving party's evidence in support of the fact, followed by the opposing
26  party's evidence controverting the fact.  Where the opposing party is disputing the fact
27  on the basis of an evidentiary objection, the party must cite to the evidence alleged to
28

3

EXHIBIT ___I___

PAGE ___Y___

1   be objectionable and state the ground of the objection and nothing more. **No**

2   **argument should be set forth in this document.**

3       The opposing party may submit additional material facts that bear on or relate to

4   the issues raised by the movant, which shall follow the format described above for the

5   moving party's separate statement. These additional facts shall follow the movant's

6   facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last

7   statement of fact was set forth in paragraph 30, then the first new fact will be set forth in

8   paragraph 31), and shall set forth in the right hand column the evidence that supports

9   that statement.

10       The moving party, in its reply, shall respond to the additional facts in the same

11   manner and format that the opposition party is required to adhere to in responding to

12   the

13   statement of undisputed facts, as described above.

14       **(a) <u>Supporting Evidence:</u>** No party should submit any evidence other than

15   the specific items of evidence or testimony necessary to support or controvert a

16   proposed statement of undisputed fact. Thus, for example, the entire transcript of a

17   deposition, entire sets of interrogatory responses, and documents that do not

18   specifically support or controvert material in the separate statements, should not be

19   submitted in support or opposition to a motion for summary judgment. Any such

20   material will not be considered.

21       Evidence submitted in support of or in opposition to a motion should be

22   submitted either by way of stipulation or as exhibits to declarations sufficient to

23   authenticate the proffered evidence, and should not be attached to the Memorandum of

24   Points and Authorities. The Court will accept counsel's authentication of deposition

25   transcript, of written discovery responses, and of the <u>receipt</u> of documents in discovery

26   <u>if the fact that the document was in the opponent's possession is of independent</u>

27   <u>significance.</u> Documentary evidence as to which there is no stipulation regarding

28

EXHIBIT ___1___

PAGE _____9_____

1  foundation must be accompanied by the testimony, either by declaration or properly
2  authenticated deposition transcript, of a witness who can establish its authenticity.

3      If evidence in support of or in opposition to a motion exceeds twenty pages, the
4  evidence must be in a separate bound volume and include a Table of Contents.

5      **(b) Objections to Evidence:** If a party disputes a fact based in whole or in
6  part  on an evidentiary objection, the ground of the objection, as indicated above,
7  should be  stated in the separate statement but not argued in that document.
8  Evidentiary objections  are to be addressed in a separate memorandum to be filed with
9  the opposition or reply brief of the party.  This memorandum should be organized **to**
10 **track the paragraph numbers of the separate statement in sequence**.  It should
11 identify the specific item of evidence to which objection is made, the ground of the
12 objection, and a very brief argument with citation to authority as to why the objection is
13 well taken.  The following is an example of the format contemplated by the Court:

14         Separate Statement Paragraph 1:  Objection to the supporting deposition
15         transcript of Jane Smith at 60:1-10 on the grounds that the statement
16         constitutes inadmissible hearsay and no exception is applicable.  To the
17         extent it is offered to prove her state of mind, it is irrelevant since her state of
18         mind is not in issue.

19         Fed. R. Evid. 801, 802.

20     Do not submit blanket or boilerplate objections to the opponent's statements of
21 undisputed fact: these will be disregarded and overruled.

22         **(c) The Memorandum of Points and Authorities:** The movant's
23 memorandum of points and authorities should be in the usual form required under
24 Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of
25 the case that are before the Court. All facts should be supported with citations to the
26 paragraph number in the  Separate Statement that supports the factual assertion and
27 not to the underlying evidence.

28

5

EXHIBIT ___1___

PAGE ___10___

1        Unless the case involves some unusual twist on Rule 56, the motion need
2   only
3   contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule
4   and
5   with its interpretation under Celotex and its progeny.  If at all possible, the argument
6   should be organized to focus on the pertinent elements of the cause(s) of action or
7   defense(s) in issue, with the purpose of showing the existence or non-existence of a
8   genuine issue of material fact for trial on that element of the claim or defense.

9        Likewise, the opposition memorandum of points and authorities should be in
10  the
11  usual form required by Local Rule 7-5, and where the opposition memorandum sets
12  forth facts, the memorandum should cite to paragraphs in the separate statement if
13  they are not in dispute, to the evidence that contravenes the fact where the fact is in
14  dispute or, if the fact is contravened by an additional fact in the statement of genuine
15  issues, the citation should be to such fact by paragraph number.

16       **(d) Timing:**  In virtually every case, the Court expects that the moving party
17  will provide more than the minimum twenty-one (21) day notice for such motions.  The
18  moving party should deliver to chambers a copy of a diskette, in WordPerfect format
19  (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and
20  Conclusions of Law.

21     6.   **Motions in Limine:**  The parties must file motions in limine addressing the
22  admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their
23  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

24     7.   **Pretrial Conference and Trial Setting:**  Compliance with the requirements of
25  Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of
26  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed
27  Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules
28  16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the

6

EXHIBIT ____1____

PAGE ____1(____

1 example set forth in Appendix A to the Local Rules, modified as necessary to comply
2 with this order.          The Memoranda of Contentions of Fact and Law, Exhibit
3 Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar
4 days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall
5 be lodged fourteen (14) calendar days before the Pre-Trial Conference.

6          The Proposed Pre-Trial Conference Order must contain a Table of Contents.
7 Place in all capital letters and in bold the separately numbered headings for each
8 category in the PTCO. Under paragraph 1, list each claim, counterclaim, or defense
9 that has been dismissed or abandoned. In multiple-party cases where not all claims or
10 counterclaims will be prosecuted against all remaining parties on the other side, please
11 specify to which party each claim or counterclaim is directed. The factual issues in
12 dispute should track the elements of a claim or defense upon which the jury would be
13 required to make findings. Counsel should state issues in ultimate fact form, not as
14 evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence
15 the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of
16 12th Street and Lemon Avenue at 10:00 a.m. on March 1"). Issues of law should state
17 legal issues upon which the Court will be required to rule after the Pre-Trial Conference,
18 including during the trial, and should not list ultimate fact issues to be submitted to the
19 trier of fact.

20          In drafting the PTCO, the court expects that counsel will attempt to agree on
21 and set forth as many non-contested facts as possible. The court will normally read the
22 uncontested facts to the jury at the start of the trial. Carefully drafted and
23 comprehensively stated stipulation of facts will reduce the length of trial and increase
24 jury understanding of the case.

25          If expert witnesses are to be called at trial, each party must list and identify its
26 respective expert witnesses, both retained and non-retained. <u>Failure of a party to list</u>
27 <u>and identify an expert witness in the Proposed Pre-Trial Conference Order shall</u>
28 <u>preclude a party from calling that expert witness at trial.</u>

7

EXHIBIT ___1___

PAGE ___12___

1    This case has been placed on calendar for a Final Pretrial Conference ("PTC")
2   pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly
3   waived at the Scheduling Conference by the court.  Unless excused for good cause,
4   each party appearing in this action shall be represented at the PTC and all pretrial
5   meetings of counsel, by lead trial counsel.  The failure to attend the PTC or to submit
6   the required pretrial documents may result in the dismissal of the action, striking the
7   answer and entering a default, and/or the imposition of sanctions.

8    A continuance of the Final Pretrial Conference at counsel's request or
9   stipulation will <u>only</u> be approved upon a showing of good cause.  Counsel should plan
10  to do the necessary pretrial work on a schedule which will insure its completion with
11  time to spare before the Final Pretrial Conference.  Specifically, failure to complete
12  discovery work, including expert discovery, is not a ground for a continuance.

13   Compliance with the requirements of Local Rules 16-1 to 16-13 is required by
14  the court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve
15  as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in
16  accordance with the provisions of Local Rule 16-6 and the form of the proposed Final
17  Pretrial Conference Order shall·be in conformity with the format set forth in Appendix A
18  to the Local Rules.

19   At the PTC, counsel should be prepared to discuss means of streamlining the
20  trial, including, but not limited to: bifurcation, presentation of non-critical testimony by
21  deposition excerpts, stipulations as to the content of testimony, presentation of
22  testimony on direct examination by declaration subject to cross-examination, and
23  qualification of experts by admitted resumes.  In certain cases where the PTC is waived
24  by the court, counsel must follow Local Rule 16-10.

25    **8.   <u>Witness List and Times Estimates:</u>**  Counsel shall prepare a list of their
26  witnesses, an estimate of the length of time needed for direct examination for each
27  witness, and whether the witness will testify by deposition or in person.  Counsel shall
28

8

EXHIBIT ____1____

PAGE ____13____

1  exchange these lists with opposing counsel.[1]  **Counsel shall jointly file a single**
2  **witness list, including estimates for direct examination of their own witnesses**
3  **and estimates for cross-examination of opposing witnesses.**  This list shall be filed
4  at the time counsel lodge the Proposed Pre-Trial Conference Order, i.e., fourteen (14)
5  days before the Pre-Trial Conference.

6      **9.    Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to
7  counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions
8  (general and special) and special verdict forms (if applicable).  Seven (7) calendar days
9  prior to the Rule 16-2 meeting, counsel shall exchange any objections to the
10  instructions and special verdict forms.  Prior to, or at the time of the Rule 16 meeting,
11  counsel shall meet and confer with the goal of reaching agreement on one set of joint
12  jury instructions and one special verdict form.

13         The parties should make every attempt to agree upon the jury instructions
14  before submitting them to the Court.  The Court expects counsel to agree on the
15  substantial majority of jury instructions, particularly when pattern instructions provide a
16  statement of applicable law.  When the Manual of Model Civil Jury Instructions for the
17  Ninth Circuit provides a version of an applicable requested instruction, the parties
18  should submit the most recent version of the Model instruction.  Where language
19  appears in brackets in the model instruction, counsel shall select the appropriate text
20  and eliminate the inapplicable bracketed text.  Where California law applies, counsel
21  should use <u>California Jury Instructions -- Civil</u> (8th ed.) ("BAJI").  If neither of the above
22  sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig
23  & Lee (formerly Devitt, <u>et al.</u>), <u>Federal Jury Practice and Instructions</u> (latest edition).
24  Each requested jury instruction shall cover only one subject or principle of law and shall
25  be numbered and set forth in full on a separate page, citing the authority or source of
26  the requested instruction (except for the "clean" jury copy discussed below).

27

28      [1]  <u>See</u> "Joint Trial Witness Estimate Form" appended to this order.

EXHIBIT ____1____

PAGE ____14____

1    When the parties disagree on an instruction, the party opposing the instruction
2  must attach a short statement (one to two paragraphs) supporting the objection, and
3  the party submitting the instruction must attach a short statement supporting the
4  instruction. Each statement should be on a separate page and should follow directly
5  after the disputed Instruction.

6    The parties ultimately must submit one document or, if the parties disagree
7  over any proposed jury instructions, two documents. If the parties submit two
8  documents, those documents shall consist of: (a) a set of Joint Proposed Jury
9  Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting
10 and opposing each disputed Instruction in the format set forth in the previous
11 paragraph.

12    The parties must file proposed jury instructions fourteen (14) calendar days
13 before the Pre-Trial Conference. If the court is closed that day, counsel shall file the
14 proposed instructions the preceding Friday. No later than 4:00 p.m. on the date such
15 instructions are due, the parties must submit conformed courtesy copies to the Court's
16 courtesy box located outside the entrance to Courtroom 1, United States District Court,
17 3470 Twelfth Street, 2nd Floor, Riverside, California. Counsel shall also provide the
18 Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower
19 containing the proposed jury instructions, in accordance with this paragraph and the
20 previous paragraph.

21    The Court will send a copy of the Instructions into the jury room for the jury's
22 use during deliberations. Accordingly, in addition to the file copies described above, the
23 diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed
24 and/or Disputed Jury Instructions, containing only the text of each instruction set forth in
25 full on each page, with the caption "Court's Instruction No. __" (eliminating titles,
26 supporting authority, indication of party proposing, etc.).

27    An index page shall accompany all jury instructions submitted to the Court.
28 The index page shall indicate the following:

10

EXHIBIT ___1___

PAGE ___15___

(a) The number of the instruction;

(b) A brief title of the instruction;

(c) The source of the instruction and any relevant case citations; and

(d) The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:**  Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference.  The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel.  After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:**  Counsel shall submit a joint statement of the case at the Pretrial Conference.  The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire.  The statement should not exceed one page.  The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:**  The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16.  Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers.  Each exhibit shall be separated by a tabbed divider on the right side.  Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge.  The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number.  Each binder

EXHIBIT ___1___

PAGE ___16___

1  shall contain a Table of Contents.  Counsel must comply with Local Rule 26-4 when

2  numbering the exhibits.  The Clerk's Office, located at the United States District Court,

3  3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit

4  tags.

5      The Court requires the following to be submitted to the courtroom deputy clerk

6  on the first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one

7  bench book with a copy of each exhibit for the Court's use, tabbed as described above;

8  (c) three (3) copies of exhibit lists and a floppy disk containing the exhibit list; (d) three

9  (3) copies of witness lists in the order in which the witnesses will be called to testify; and

10  (e) file a Notice of Lodging of Deposition Transcripts  (original and 2 copies) and Lodge

11  all anticipated trial deposition transcripts directly with the deputy clerk in the courtroom.

12      All counsel are to meet no later than ten (10) calendar days before trial to

13  discuss  and agree to the extent possible on issues including foundation and

14  admissibility.

15      **13. Pre-Trial Exhibit Stipulation:**  The parties shall prepare a Pre-Trial Exhibit

16  Stipulation which shall contain each party's numbered list of trial exhibits, with

17  objections, if any, to each exhibit including the basis of the objection and the offering

18  party's response.  All exhibits to which there is no objection shall be deemed admitted.

19  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-

20  Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been

21  stipulated to and the specific reasons for the party's failure to stipulate.

22      The Stipulation shall be substantially in the following form:

23                          Pre-Trial Exhibit Stipulation

24  Plaintiff's Exhibits

25  Number      Description       Objection       Response to Question

26

27  Defendant's Exhibits

28  Number      Description       Objection       Response to Question

12

EXHIBIT ___1___

PAGE ___17___

The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may constitute a waiver of all objections.

**14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before trial. The parties should deliver to chambers a copy of these findings and conclusions of law on disk in WordPerfect format.

      (a)    Underline in red the portions which it disputes;

      (b)    Underline in blue the portions which it admits; and

      (c)    Underline in black the portions which it deems not disputed, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of irrelevant.

Two marked copies of opposing counsel's proposed findings of fact and conclusions of law shall be lodged with the court seven (7) days before trial and one marked copy shall be served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date due.

**15. Settlement:** Local Rule 16-14.2 provides that the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

The Court has a keen interest in helping the parties achieve settlement. If the parties believe that it would be more likely that a settlement would be reached if they

13

EXHIBIT __1__

PAGE __18__

1   conduct settlement conference at an earlier time than that specified by the Court, they

2   should conduct it at that time. In any event, the parties must file a Status Report re

3   Settlement at the time they lodge the Proposed Pretrial Order.

4        The Court will not conduct settlement conferences in non-jury cases which the

5   Court will try. In jury cases, the Court will conduct a settlement conference at the

6   parties' request if three conditions exist: (a) The parties are satisfied that the fact issues

7   in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must

8   make have been made; and (c) the parties desire the Court to conduct the conference,

9   understanding that if settlement fails, the Court will preside over the trial of the case.

10       **If a settlement is reached, it shall be reported immediately to this Court as**

11  **required by Local Rule 16-14.7.**

12       16. The failure to attend the pretrial conference or to submit timely in conformity

13  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation,

14  joint statement of the case, voir dire questions, summary of witness testimony and

15  times estimates, proposed Pretrial Conference Order or the memorandum of

16  contentions of fact and law may result in the dismissal of the action, striking the answer

17  and entering default and/or the imposition of sanctions.

18       **17. Telephonic Status Conference:**

19       Telephonic status conferences are sometimes set by the court to discuss

20  settlement status and other pending issues. If a telephonic status conference has been

21  set, all counsel are ordered to discuss the matter with their clients and opposing

22  counsel before the telephonic status conference. Plaintiff's counsel must make the

23  arrangements and place the conference call. Plaintiff's counsel shall include all counsel

24  of record and the Court on the date and time scheduled. The conference operator is to

25  place the final call to the Court at (951) 328-4410. To assist the Court and staff,

26  participants shall identify themselves each time they speak. No cellular telephones or

27  speaker telephones will be allowed.

28

14

EXHIBIT ___1___

PAGE ___19___

**Internet Site**

Counsel are encouraged to review the Central District's website for additional information.  The address is "http: //www.cacd.uscourts.gov"

The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or e-mail on counsel for all parties to this action.

IT IS SO ORDERED.

Dated:  FEB 2 1 2007

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

15

EXHIBIT 1

PAGE 20

Joint Trial Witness Estimate Form

Case: _____                                                    Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

**Instructions:**
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

EXHIBIT _____ 1

PAGE _____ 21

# EXHIBIT 2



1 | THOMAS J. NOLAN (Bar No. 066992)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
4 | E-mail:     tnolan@skadden.com

5 | KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Times Square
New York, NY  10036
7 | Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
8 | E-mail:     kplevan@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 |                UNITED STATES DISTRICT COURT

12 |                CENTRAL DISTRICT OF CALIFORNIA

13 |                      EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S SUPPLEMENTAL SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

25 | **PROPOUNDING PARTY:**   **MATTEL, INC.**

26 | **RESPONDING PARTY:**    **MGA ENTERTAINMENT, INC.**

27 | **SET NUMBER:**          **SUPPLEMENTAL**

28 |

h-19

# PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGA is providing in response to these interrogatories or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA to discover other information responsive to these interrogatories. MGA therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA accepts or admits the

1

EXHIBIT _____

PAGE _____ 23

1  existence of any facts set forth or assumed by any instruction, definition or

2  interrogatory.

3  **GENERAL OBJECTIONS**

4  MGA responds to these interrogatories subject to the following general

5  objections and limitations, each of which is incorporated into each and every

6  response as though fully set forth therein:

7  1.   MGA objects to these interrogatories to the extent they seek

8  information that is not subject to disclosure under any applicable privilege, doctrine

9  or immunity, including without limitation the attorney-client privilege, the work

10  product doctrine, the right of privacy, and all other privileges recognized under the

11  constitutional, statutory or decisional law of the United States of America, the State

12  of California or any other applicable jurisdiction.

13  2.   MGA objects to these interrogatories to the extent they seek

14  information not relevant to the claims or defenses of any party to this action and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16  3.   MGA objects to these interrogatories to the extent they seek

17  information which by reason of public filing or otherwise is already in Mattel's

18  possession or is readily accessible to Mattel.

19  4.   MGA objects to these interrogatories to the extent they seek the

20  disclosure of information (1) not currently within its possession, custody or control;

21  (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

22  persons, entities, or events not known to MGA.  Such instructions, definitions, or

23  requests are objectionable where they seek to require more of MGA than any

24  obligation imposed by the Federal Rules of Civil Procedure; subject MGA to

25  unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to

26  impose upon MGA an obligation to investigate or discover information or materials

27  from sources equally accessible to Mattel.

28

MGA'S RESPONSES TO MATTEL INC.'S SUPPLEMENTAL SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ 2

PAGE _____ 24

1    5.    MGA objects to these interrogatories to the extent they are
2  overbroad and unduly burdensome.

3    6.    MGA objects to the definitions and instructions to the extent such
4  definitions and instructions purport to enlarge, expand, or alter in any way the plain
5  meaning and scope of any specific term or specific interrogatories on the ground that
6  such enlargement, expansion, or alteration renders such a term or request vague,
7  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

8    7.    MGA objects to the following definitions in these interrogatories:
9    (a)    MGA objects to the definition of the terms "DESIGN" and
10  "DESIGNS" as vague, ambiguous, overly broad and unduly burdensome.  The
11  definition strays far from the English meaning of "design" by including "all
12  representations whether two-dimensional or three-dimensional," including "works,
13  designs, artwork, sketches, drawings, illustrations, representations, depictions,
14  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
15  rotocasts, reductions to practice, developments, inventions and/or
16  improvements . . . ."  (Definitions ¶ 5.)  In responding to these interrogatories, MGA
17  will interpret the terms "DESIGN" and "DESIGNS" consistent with their ordinary
18  accepted meaning.

19    (b)    MGA objects to the definition of the terms "IDENTIFY"
20  and "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and
21  oppressive.  Mattel's definition of these terms inherently calls for answers to multiple
22  discrete questions or subparts to questions.  For example, as those terms are used
23  with reference to a "TEST PROJECT" (Definitions ¶ 9) the use of those terms
24  request at least four different and distinct facts:  (a) the identity of the individual who
25  performed, or was requested, asked or solicited to perform, the TEST PROJECT,
26  including without limitation by stating whether the individual was a MATTEL
27  employee at the time; (b) the identity of the individual who requested, asked for or
28  solicited the TEST PROJECT or caused the TEST PROJECT to be performed; (c) a

EXHIBIT _____ 2

PAGE _____ 25

1 detailed, full and complete description of the DESIGN, project, assignment or other
2 work that was performed or that was requested, asked or solicited to be performed;
3 and (d) the date(s) on which the TEST PROJECT was performed or was requested,
4 asked or solicited to be performed. Therefore, any interrogatory that includes or
5 incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound, and
6 should be posed as separate interrogatories. MGA will interpret the terms
7 "IDENTIFY" or "IDENTITY" when used in these interrogatories with reference to a
8 "SOURCE OF INFORMATION" as requesting MGA to identify the "SOURCE OF
9 INFORMATION" searched for the referenced documents with reasonable
10 particularity so as to distinguish it from other sources of information searched for
11 those documents.

12         (c)     MGA also objects to the terms "any" (Definitions ¶ 11) and
13 "REFER OR RELATE TO" (Definitions ¶ 7) on the grounds and to the extent they
14 are overbroad, unduly burdensome, and/or are vague and ambiguous in the context
15 of the interrogatories as written and as those interrogatories would be plainly
16 understood absent Mattel's definitions.

17         8.     MGA objects to these interrogatories to the extent they may
18 unfairly seek to restrict the facts on which MGA may rely at trial. Discovery has not
19 been completed and MGA is not yet necessarily in possession of all the facts and
20 documents upon which MGA intends to rely. All of the responses submitted
21 herewith are tendered to Mattel with the reservation that the responses are submitted
22 without limiting the evidence on which MGA may rely to support the contentions
23 and defenses that MGA may assert at the trial of this action and to rebut or impeach
24 the contentions, assertions and evidence that Mattel may present. MGA reserves the
25 right to supplement or amend these responses at a future date.

26         9.     MGA objects to each interrogatory to the extent it seeks
27 information that will be the subject of expert witness testimony and that is therefore
28 premature.

4

EXHIBIT _____ 2

PAGE _____ 26

1        10.   MGA objects to each interrogatory to the extent it calls for a legal

2 conclusion.

3        11.   MGA objects to each interrogatory to the extent it seeks the

4 disclosure of confidential, proprietary, or trade-secret information.

5        12.   MGA reserves the right to object on any ground at any time to

6 such other supplemental discovery requests as Mattel may propound involving or

7 relating to the same subject matter of these interrogatories.

8        13.   In responding to these interrogatories, MGA has not and will not

9 comply with any instructions or definitions that seek to impose requirements in

10 addition to those imposed by the Federal Rules of Civil Procedure, the local rules of

11 this Court, any orders entered by the Court in this action, or other applicable law.

12        14.   Consistent with Rule 33(d) of the Federal Rules of Civil

13 Procedure, MGA objects to providing responses to interrogatories that can be

14 derived from documents that have or will be produced (when requested in

15 compliance with Rule 26) and where the burden to derive such information is

16 substantially the same for Mattel as it is for MGA.

17        15.   MGA objects to the definitions, instructions, and interrogatories

18 to the extent they seek information that was prepared in anticipation of litigation,

19 constitutes attorney work product, discloses mental impressions, conclusions,

20 opinions or legal theories of any attorney for or otherwise representative of MGA,

21 contains privileged attorney-client communications, or is otherwise protected from

22 disclosure by any privileges, laws or rules.  MGA shall not produce such information

23 in response to Mattel's interrogatories.  Any disclosure of such protected or

24 privileged information is inadvertent and shall not be construed as a waiver of those

25 privileges or protections.  MGA reserves the right to correct the record with regard to

26 any such inadvertent disclosure, as provided for in the Protective Order governing

27 this case.

28

1      16.    MGA objects to each of Mattel's interrogatories because Mattel

2   has propounded more than 50 interrogatories, including discrete subparts.  Under

3   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

4   side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

5      17.    The responses below shall not be construed as an admission as to

6   the relevance or admissibility of any statement or characterization contained in any

7   interrogatory.  MGA reserves all objections, including without limitation, objections

8   as to competency, relevance, materiality, privilege, authenticity, or admissibility.

9      18.    To the extent MGA responds to an interrogatory, it does so

10  without waiving or intending to waive but rather, on the contrary, preserving and

11  intending to preserve, its contention that anything Mr. Bryant did on weekends,

12  evenings, vacation and any other time outside ordinary business hours was not done

13  while he was working for Mattel.  MGA's response may not be taken as an admission

14  that the information it provides in its response in any way reflects or evidences work

15  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

16  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

17  interrogatory.

18  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

19      Without waiving or departing from its General Response and General

20  Objections, and specifically incorporating them in its response to each interrogatory

21  below, MGA makes the following additional objections and responses to specific

22  interrogatories:

23  **SUPPLEMENTAL INTERROGATORY:**

24      IDENTIFY, fully and completely, each and every TEST PROJECT that

25  YOU caused, had, requested, asked or solicited any PERSON to perform during the

26  time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY

27  all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR

28  RELATE TO such TEST PROJECT.

6

EXHIBIT _____ *l*

PAGE _____ 28

**RESPONSE TO SUPPLEMENTAL INTERROGATORY:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms "TEST PROJECT," "IDENTIFY" and "REFER OR RELATES TO." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

MGA also objects to the extent this interrogatory requests that MGA "IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added). MGA further objects to this interrogatory as oppressive and harassing in that it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. MGA further objects to this interrogatory as it appears to be directed at other parties to the litigation and not to MGA.

MGA objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY" and "TEST PROJECT" require MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each "TEST PROJECT," including: (a) the identity of the individual who performed, or was requested, asked or solicited to perform, the TEST PROJECT, including without limitation by stating whether the individual was a MATTEL employee at the time; (b) the identity of the individual who requested, asked for or solicited the TEST PROJECT or caused the

EXHIBIT _____ 2

PAGE _____ 29

1  TEST PROJECT to be performed; (c) a detailed, full and complete description of the

2  DESIGN, project, assignment or other work that was performed or that was

3  requested, asked or solicited to be performed; and (d) the date(s) on which the TEST

4  PROJECT was performed or was requested, asked or solicited to be performed. This

5  interrogatory is further compounded by Mattel's definition of "IDENTITY," which

6  purports to require MGA to provide the following information for each of the

7  "natural persons" requested to be identified as part of Mattel's definition of

8  "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the

9  current or last known business affiliation; (4) the current or last known residential

10  address; (5) the current or last known business address; (6) the current or last known

11  relationship to MGA; and (7) the current or last known telephone number.

12  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of

13  the foregoing information about each "TEST PROJECT" relating to, and performed

14  by, each of the multiple separate responding parties in this litigation.

15          MGA further objects to this interrogatory on the grounds that, as

16  phrased, it fails to comply with Judge Infante's Order Granting in Part and Denying

17  in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third

18  Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 (the

19  "September 25 Order"). In the September 25 Order, Judge Infante sustained MGA's

20  objections to Topic 9 of Mattel's Third Notice of Deposition under Rule 30(b)(6) to

21  MGA, which sought testimony as to "the identity of each person MGA had perform

22  or who MGA requested, asked or solicited to perform, any 'test project' in advance of

23  or in consideration of employment by MGA since January 1, 1995." Based on the

24  representations of Mattel's counsel that Mattel sought in Topic 9 to "'obtain

25  information that will refute MGA and Bryant's assertions that Bryant's working for

26  MGA while employed by Mattel was no different than a supposedly standard

27  industry practice of having candidates for creative positions make artwork as part of

28  the job interview'" (September 25 Order at 9-10), Judge Infante held that Topic 9

MGA'S RESPONSES TO MATTEL INC.'S SUPPLEMENTAL SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____

PAGE _____ᶦ_____   3D

1  sought "information relevant to one of MGA and Bryant's defenses, namely their
2  claim that Bryant's work for MGA while employed by Mattel was no different than a
3  standard industry practice of having candidates for creative positions make artwork
4  as part of the job interview." Judge Infante sustained MGA's objection because
5  Topic 9 was overbroad and burdensome, and "because the information sought is
6  more appropriately obtained through a *contention* interrogatory." (9/25/07 Infante
7  Order at 10) (emphasis added). MGA objects to Mattel's supplemental interrogatory
8  as propounded because it is not a contention interrogatory. In accordance with Judge
9  Infante's September 25 Order and subject to and without waiving the foregoing
10  objections, Mattel will interpret Mattel's Supplemental Interrogatory as asking first
11  whether MGA contends that MGA caused, had, requested, asked or solicited Bryant
12  to perform a TEST PROJECT and, if MGA so contends, to "IDENTIFY, fully and
13  completely, each and every TEST PROJECT that YOU caused, had, requested,
14  asked or solicited any PERSON to perform during the time period January 1, 1998
15  through December 31, 2004, inclusive, and IDENTIFY all PERSONS with
16  knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST
17  PROJECT."
18       MGA further objects to Mattel's Supplemental Interrogatory on the
19  ground that it seeks information that is not relevant to the claims or defenses in this
20  action and is not reasonably calculated to lead to the discovery of admissible
21  evidence to the extent it asks MGA to IDENTIFY every TEST PROJECT that it
22  asked any PERSON to perform during the time period January 1, 1998 through
23  December 31, 2004, even if MGA does not contend that MGA caused, had,
24  requested, asked or solicited Bryant to perform a TEST PROJECT.
25
26
27
28

9

EXHIBIT _____

PAGE _____ 31

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows:

3    MGA does not contend that it caused, had, requested, asked or solicited

4  Bryant to perform a TEST PROJECT.

5

6  DATED:  November 19, 2007

7                               SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM LLP
8
9                               By: _____
                                         Thomas J. Nolan
10                              Attorneys for Counter-Defendants, MGA
                                ENTERTAINMENT, INC., ISAAC LARIAN,
11                              MGA ENTERTAINMENT (HK) LIMITED,
                                AND MGAE de MEXICO S.R.L. de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____ 2

PAGE _____ 32

# EXHIBIT 3



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

13  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

14                  Plaintiff,             Consolidated with Case Nos. CV 04-
                                           9059 and CV 05-2727
15         v.
                                           Hon. Stephen G. Larson
16  MATTEL, INC., a Delaware
    Corporation,                           MATTEL, INC.'S THIRD SET OF
17                                         REQUESTS FOR ADMISSION TO
                    Defendant,             MGA ENTERTAINMENT, INC.
18

19
20  AND CONSOLIDATED ACTIONS.

21

22

23

24

25

26

27                                         EXHIBIT 3

28                                         PAGE 33

07209/2059652.3

     MATTEL'S THIRD SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA ENTERTAINMENT

1  VA 1-218-491, VA 1-301-529, VA 1-301-530, VA 1-301-528, VA 1-301-531 and

2  VA 1-301-532.

3

4  REQUEST FOR ADMISSION NO. 239:

5          Admit that MGA represented to the U.S. Copyright Office that the

6  work registered as VA 1-233-104 is a derivative of the works registered as VA 1-

7  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-

8  287, VA 1-090-288, VA 1-090-289 and VA 1-090-290.

9

10  REQUEST FOR ADMISSION NO. 240:

11          Admit that the work registered as VA 1-233-104 is a derivative of the

12  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490,

13  VA 1-218-491, VA 1-090-287, VA 1-090-288, VA 1-090-289 and VA 1-090-290.

14

15  REQUEST FOR ADMISSION NO. 241:

16          Admit that, as of the date of these Requests, MGA has not recorded the

17  agreement produced by BRYANT as BRYANT 00794-BRYANT 0000799, or any

18  version thereof, with the U.S. Copyright Office.

19

20  REQUEST FOR ADMISSION NO. 242:

21          Admit that, as of the date of these Requests, MGA has not recorded the

22  agreement produced by Bryant as BRYANT 00794-BRYANT 0000799, or any

23  version thereof, with any state or federal agency, department or entity.

24

25  REQUEST FOR ADMISSION NO. 243:

26          Admit that, as of the date of these Requests, MGA has not recorded the

27  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

28  with the U.S. Copyright Office.

EXHIBIT ___3___

PAGE ___34___

MATTEL'S THIRD SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA ENTERTAINMENT

REQUEST FOR ADMISSION NO. 244:

Admit that, as of the date of these Requests, MGA have not recorded the agreement produced by MGA as MGA000001-MGA000006, or any version thereof, with any state or federal agency, department or entity.

REQUEST FOR ADMISSION NO. 245:

Admit that, as of the date of these Requests, BRYANT has not recorded the agreement produced by MGA as MGA000001-MGA000006, or any version thereof, with the U.S. Copyright Office.

REQUEST FOR ADMISSION NO. 246:

Admit that, as of the date of these Requests, BRYANT has not recorded the agreement produced by MGA as MGA000001-MGA000006, or any version thereof, with any state or federal agency, department or entity.

REQUEST FOR ADMISSION NO. 247:

Admit that, as of the date of these Requests, BRYANT has not recorded the agreement produced by BRYANT as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S. Copyright Office.

REQUEST FOR ADMISSION NO. 248:

Admit that, as of the date of these Requests, BRYANT has not recorded the agreement produced by BRYANT as BRYANT 00794-BRYANT 0000799, or any version thereof, with any state or federal agency, department or entity.

EXHIBIT _3_

PAGE _35_

REQUEST FOR ADMISSION NO. 249:

Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by BRYANT as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S. Copyright Office.

REQUEST FOR ADMISSION NO. 250:

Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by Bryant as BRYANT 00794-BRYANT 0000799, or any version thereof, with any state or federal agency, department or entity.

REQUEST FOR ADMISSION NO. 251:

Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by MGA as MGA000001-MGA000006, or any version thereof, with the U.S. Copyright Office.

REQUEST FOR ADMISSION NO. 252:

Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by MGA as MGA000001-MGA000006, or any version thereof, with any state or federal agency, department or entity.

REQUEST FOR ADMISSION NO. 253:

Admit that, as of November 7, 2006, BRYANT had not recorded the agreement produced by MGA as MGA000001-MGA000006, or any version thereof, with the U.S. Copyright Office.

EXHIBIT 3

PAGE 36

MATTEL'S THIRD SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA ENTERTAINMENT

1 | REQUEST FOR ADMISSION NO. 147:

2        Admit that MGA represented to the U.S. Copyright Office that the

3 | work registered as VA 1-233-104 is a derivative of the works registered as VA 1-

4 | 218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-

5 | 287, VA 1-090-288, VA 1-090-289 and VA 1-090-290.

6

7 | REQUEST FOR ADMISSION NO. 148:

8        Admit that the work registered as VA 1-233-104 is a derivative of the

9 | works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490,

10 | VA 1-218-491, VA 1-090-287, VA 1-090-288, VA 1-090-289 and VA 1-090-290.

11

12

13 | DATED: March 1, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

14

15                By _____

16                  Michael T. Zeller
                 Attorneys for Mattel, Inc.

17

18

19

20

21

22

23

24

25

26            **EXHIBIT** _____3_____

27            **PAGE** _____37_____

28

07209/2063107.2

# EXHIBIT 4

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                        Plaintiff,<br><br>        v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                        Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Dept:        Courtroom 1<br>Judge:       Hon. Stephen G. Larson<br><br>Discovery Cut-Off: Jan. 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:   April 29, 2008 |

Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-claims, set forth in Mattel's Second Amended Answer and Counterclaims, as follows:

As a preliminary matter, Bryant notes that many of Mattel's allegations implicitly include false premises or assumptions. Bryant's denial of any allegation

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3     Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it. Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo. Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10     Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required. If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14     Finally, Bryant notes that many of the allegations in this complaint allege

15  nothing relating Bryant. Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations. In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

### Responses

24     1.   Bryant denies the allegations of this paragraph.

25     2.   Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs. Bryant denies

28  all remaining allegations of this paragraph.

EXHIBIT    **6**

1      3.    Bryant denies that MGA engaged in illegal conduct in entering the

2    agreement with Bryant. Bryant lacks knowledge or information sufficient to form

3    a belief as to the truth of the remaining allegations of this paragraph, and on that

4    basis denies them.

5      4.    Bryant lacks knowledge or information sufficient to form a belief as

6    to the truth of the allegations of this paragraph, and on that basis denies them.

7      5.    Bryant denies the allegations of this paragraph.

8      6.    Bryant admits that Mattel purports to seek relief under 17 U.S.C. § §

9    101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28

10    U.S.C. § 1367 for its purported state law claims. Bryant admits that the Court has

11    jurisdiction to hear claims against Bryant, based on those allegations, but denies

12    that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.

13    Bryant lacks knowledge or information sufficient to form a belief as to the truth of

14    the allegations of this paragraph regarding other defendants, and on that basis

15    denies them.

16      7.    Bryant admits that venue is proper in this District as to claims against

17    Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its

18    alleged claims. Bryant lacks knowledge or information sufficient to form a belief

19    as to the truth of the allegations of this paragraph regarding other defendants, and

20    on that basis denies them.

21      8.    Bryant admits the allegation of this paragraph.

22      9.    Bryant admits the allegations of the first and second sentences of this

23    paragraph. Bryant denies the remaining allegations of this paragraph.

24      10.    Bryant admits the allegations of this paragraph.

25      11.    Bryant lacks knowledge or information sufficient to form a belief as

26    to the truth of the allegations of this paragraph, and on that basis denies them.

27      12.    Bryant lacks knowledge or information sufficient to form a belief as

28    to the truth of the allegations of this paragraph, and on that basis denies them.

3

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___6___

PAGE ___42___

13.     Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles.  Bryant denies the remaining allegations of this paragraph.

14.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.     Bryant denies the allegations of this paragraph.

16.     Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them.  Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.     Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.     Bryant admits that MGA is a toy manufacturer that launched a fashion doll line.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them.  Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.     Bryant denies all allegations of this paragraph.

21.     Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

1  1998.  Bryant denies that he moved to Missouri to live with his parents in or about
2  April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and
3  that on or about January 4, 1999, he began working at Mattel in Mattel's Design
4  Center as a product designer.  Bryant denies any remaining allegations of this
5  paragraph.

6        22.    Bryant admits that, upon his return to Mattel in January 1999, he
7  signed the document attached to Mattel's Counterclaims as Exhibit A, which is
8  titled "Employee Confidential Information and Inventions Agreement."  Bryant
9  denies all remaining allegations of this paragraph, explicit or implicit, including
10 Mattel's allegations regarding the legal significance of this document.

11       23.    Bryant denies the allegations of this paragraph.

12       24.    Bryant admits that, upon his return to Mattel in January 1999, he
13 signed the document attached to Mattel's Counterclaims as Exhibit B, which is
14 titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this
15 document freelance work he had performed while in Missouri for Ashton-Drake,
16 which is unrelated to Mattel's allegations here.  Bryant denies all remaining
17 allegations of this paragraph, explicit or implicit, including Mattel's allegations
18 regarding the legal significance of this document.

19       25.    Bryant denies the allegations of this paragraph.

20       26.    Bryant denies the allegations of this paragraph, including all the
21 allegations of each of its sub-paragraphs.

22       27.    Bryant denies the allegations of this paragraph.

23       28.    Bryant denies the allegations of this paragraph.

24       29.    Bryant denies the allegations of this paragraph.

25       30.    Bryant lacks knowledge or information sufficient to form a belief as
26 to the truth of the allegations of this paragraph, and on that basis denies them.

27       31.    Bryant admits that samples of the four original Bratz dolls were
28 shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

5

EXHIBIT 6

PAGE 44

1  allegations of this paragraph.

2     32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3  products in many countries throughout the world. Bryant lacks knowledge or

4  information sufficient to form a belief as to the truth of the allegations of the

5  second sentence of this paragraph, and on that basis denies them. Bryant admits

6  the allegations of the third sentence of this paragraph. Bryant admits that MGA

7  claims current ownership of Bratz, including the copyrights and copyright

8  registrations attendant thereto. Bryant admits the allegations of the fifth sentence

9  of this paragraph. Bryant denies all remaining allegations of this paragraph

10    33.    Bryant denies the allegations of this paragraph.

11    34.    Bryant denies the allegations of this paragraph.

12    35.    Bryant denies the allegations of this paragraph.

13    36.    Bryant admits that he had an agreement with MGA and the terms of

14  that agreement speak for themselves. Bryant denies all remaining allegations of

15  this paragraph.

16    37.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18    38.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20    39.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22    40.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24    41.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26    42.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28    43.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT _____ 6

PAGE _____ 45

1  to the truth of the allegations of this paragraph, and on that basis denies them.

2      44.   Bryant lacks knowledge or information sufficient to form a belief as

3  to the truth of the allegations of this paragraph, and on that basis denies them.

4      45.   Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6      46.   Bryant lacks knowledge or information sufficient to form a belief as

7  to the truth of the allegations of this paragraph, and on that basis denies them.

8      47.   Bryant lacks knowledge or information sufficient to form a belief as

9  to the truth of the allegations of this paragraph, and on that basis denies them.

10     48.   Bryant lacks knowledge or information sufficient to form a belief as

11 to the truth of the allegations of this paragraph, and on that basis denies them.

12     49.   Bryant lacks knowledge or information sufficient to form a belief as

13 to the truth of the allegations of this paragraph, and on that basis denies them.

14     50.   Bryant lacks knowledge or information sufficient to form a belief as

15 to the truth of the allegations of this paragraph, and on that basis denies them.

16     51.   Bryant lacks knowledge or information sufficient to form a belief as

17 to the truth of the allegations of this paragraph, and on that basis denies them.

18     52.   Bryant lacks knowledge or information sufficient to form a belief as

19 to the truth of the allegations of this paragraph, and on that basis denies them.

20     53.   Bryant lacks knowledge or information sufficient to form a belief as

21 to the truth of the allegations of this paragraph, and on that basis denies them.

22     54.   Bryant lacks knowledge or information sufficient to form a belief as

23 to the truth of the allegations of this paragraph, and on that basis denies them.

24     55.   Bryant lacks knowledge or information sufficient to form a belief as

25 to the truth of the allegations of this paragraph, and on that basis denies them.

26     56.   Bryant lacks knowledge or information sufficient to form a belief as

27 to the truth of the allegations of this paragraph, and on that basis denies them.

28     57.   Bryant lacks knowledge or information sufficient to form a belief as

400554.01

7

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _____ 6

PAGE _____ 46

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2        58.    Bryant lacks knowledge or information sufficient to form a belief as
3   to the truth of the allegations of this paragraph, and on that basis denies them.

4        59.    Bryant lacks knowledge or information sufficient to form a belief as
5   to the truth of the allegations of this paragraph, and on that basis denies them.

6        60.    Bryant lacks knowledge or information sufficient to form a belief as
7   to the truth of the allegations of this paragraph, and on that basis denies them.

8        61.    Bryant lacks knowledge or information sufficient to form a belief as
9   to the truth of the allegations of this paragraph, and on that basis denies them.

10       62.    Bryant lacks knowledge or information sufficient to form a belief as
11  to the truth of the allegations of this paragraph, and on that basis denies them.

12       63.    Bryant lacks knowledge or information sufficient to form a belief as
13  to the truth of the allegations of this paragraph, and on that basis denies them.

14       64.    Bryant lacks knowledge or information sufficient to form a belief as
15  to the truth of the allegations of this paragraph, and on that basis denies them.

16       65.    Bryant lacks knowledge or information sufficient to form a belief as
17  to the truth of the allegations of this paragraph, and on that basis denies them.

18       66.    Bryant lacks knowledge or information sufficient to form a belief as
19  to the truth of the allegations of this paragraph, and on that basis denies them.

20       67.    Bryant lacks knowledge or information sufficient to form a belief as
21  to the truth of the allegations of this paragraph, and on that basis denies them.

22       68.    Bryant lacks knowledge or information sufficient to form a belief as
23  to the truth of the allegations of this paragraph, and on that basis denies them.

24       69.    Bryant lacks knowledge or information sufficient to form a belief as
25  to the truth of the allegations of this paragraph, and on that basis denies them.

26       70.    Bryant lacks knowledge or information sufficient to form a belief as
27  to the truth of the allegations of this paragraph, and on that basis denies them.

28       71.    Bryant lacks knowledge or information sufficient to form a belief as

400554.01

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___ 6

PAGE ___ 47

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        72.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        73.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        74.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        75.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10       76.    Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12       77.    Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14       78.    Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16       79.    Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       80.    Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       81.    Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22                        **Mattel's First Counterclaim**

23       82.    Bryant repeats and realleges his answers to paragraphs 1 through 81
24   above, as though fully set forth here at length.  Bryant denies any allegations not
25   expressly admitted.

26       83.    Bryant denies the allegations of this paragraph.

27       84.    Bryant denies the allegations of this paragraph.

28       85.    Bryant denies the allegations of this paragraph.

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___ 6

PAGE ___ 48

1   86.   Bryant denies the allegations of this paragraph.

2   87.   Bryant denies the allegations of this paragraph.

3   ### Mattel's Second Counterclaim

4   88.   Bryant repeats and realleges its answers to paragraphs 1 through 87

5   above, as though fully set forth here at length.  Bryant denies any allegations not

6   expressly admitted.

7   89.   Bryant denies the allegations of this paragraph.

8   90.   Bryant denies the allegations of this paragraph.

9   91.   Bryant denies the allegations of this paragraph.

10   92.   Bryant denies the allegations of this paragraph.

11   93.   Bryant denies the allegations of this paragraph, including the

12   allegations of all of its sub-paragraphs.

13   94.   Bryant denies the allegations of this paragraph.

14   95.   Bryant denies the allegations of this paragraph.

15   96.   Bryant denies the allegations of this paragraph.

16   97.   Bryant denies the allegations of this paragraph.

17   ### Mattel's Third Counterclaim

18   98.   Bryant repeats and realleges its answers to paragraphs 1 through 97

19   above, as though fully set forth here at length.  Bryant denies any allegations not

20   expressly admitted.

21   99.   Bryant denies the allegations of this paragraph.

22   100.   Bryant denies the allegations of this paragraph.

23   101.   Bryant denies the allegations of this paragraph.

24   102.   Bryant denies the allegations of this paragraph.

25   103.   Bryant denies the allegations of this paragraph.

26   104.   Bryant denies the allegations of this paragraph.

27   105.   Bryant denies the allegations of this paragraph.

28

## Mattel's Fourth Counterclaim

106.   Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

107.   Bryant denies the allegations of this paragraph.

108.   Bryant denies the allegations of this paragraph.

109.   Bryant denies the allegations of this paragraph.

110.   Bryant denies the allegations of this paragraph.

111.   Bryant denies the allegations of this paragraph.

112.   Bryant denies the allegations of this paragraph.

113.   Bryant denies the allegations of this paragraph.

114.   Bryant denies the allegations of this paragraph.

115.   Bryant denies the allegations of this paragraph.

## Mattel's Fifth Counterclaim

116.   Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

117.   Bryant denies the allegations of this paragraph.

118.   Bryant denies the allegations of this paragraph.

119.   Bryant denies the allegations of this paragraph.

120.   Bryant denies the allegations of this paragraph.

121.   Bryant denies the allegations of this paragraph.

## Mattel's Sixth Counterclaim

122.   Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

123.   Bryant denies the allegations of this paragraph.

124.   Bryant denies the allegations of this paragraph.

EXHIBIT ___ 6

PAGE ___ 50

125. Bryant denies the allegations of this paragraph.

126. Bryant denies the allegations of this paragraph.

127. Bryant denies the allegations of this paragraph.

128. Bryant denies the allegations of this paragraph.

### Mattel's Seventh Counterclaim

129. Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

130. Bryant denies the allegations of this paragraph.

131. Bryant denies the allegations of this paragraph.

132. Bryant denies the allegations of this paragraph.

133. Bryant denies the allegations of this paragraph.

134. Bryant denies the allegations of this paragraph.

135. Bryant denies the allegations of this paragraph.

### Mattel's Eighth Counterclaim

136. Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

137. Bryant denies the allegations of this paragraph.

138. Bryant denies the allegations of this paragraph.

139. Bryant denies the allegations of this paragraph.

140. Bryant denies the allegations of this paragraph.

141. Bryant denies the allegations of this paragraph.

### Mattel's Ninth Counterclaim

142. Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

143. Bryant denies the allegations of this paragraph.

144. Bryant denies the allegations of this paragraph.

145. Bryant denies the allegations of this paragraph.

146. Bryant denies the allegations of this paragraph.

147. Bryant denies the allegations of this paragraph.

148. Bryant denies the allegations of this paragraph

**Mattel's Tenth Counterclaim**

149. Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

150. Bryant denies the allegations of this paragraph.

151. Bryant denies the allegations of this paragraph.

152. Bryant denies the allegations of this paragraph.

153. Bryant denies the allegations of this paragraph.

154. Bryant denies the allegations of this paragraph.

**Mattel's Eleventh Counterclaim**

155. Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

156. Bryant denies the allegations of this paragraph.

157. Bryant denies the allegations of this paragraph.

158. Bryant denies the allegations of this paragraph.

159. Bryant denies the allegations of this paragraph.

160. Bryant denies the allegations of this paragraph.

161. Bryant denies the allegations of this paragraph.

162. Bryant denies the allegations of this paragraph.

**Mattel's Twelfth Counterclaim**

163. Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length. Bryant denies any allegations not

EXHIBIT __b__

PAGE __52__

1   expressly admitted.

2       164.   Bryant admits the allegation of this paragraph regarding the contents

3   of section 17200 of the California Business and Professions Code, but denies that

4   Mattel is entitled to any relief or recovery whatsoever on its claims.

5       165.   Bryant denies the allegations of this paragraph.

6       166.   Bryant denies the allegations of this paragraph.

7   **Mattel's Thirteenth Counterclaim**

8       167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9   above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11      168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15      169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18      170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

21  **Prayer for Relief**

22      This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27      Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Failure to State a Claim)

Mattel's counterclaims, and each claim for relief, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.

### Seventh Affirmative Defense (Statute of Limitations)

Mattel's counterclaims, and each claim for relief, are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 337, 339, 343, and 338(c).

EXHIBIT ___ 6

PAGE 54

1         **Eighth Affirmative Defense (Failure to Mitigate Damages)**

2       With respect to any alleged damages (the existence of which Bryant denies),

3 Mattel failed to mitigate its damages.

4         **Ninth Affirmative Defense (Lack of Causation)**

5       Any losses or harms allegedly sustained by Mattel resulted from causes

6 other than any act or omission of Bryant, including but not limited to Mattel's own

7 acts or omissions.

8         **Tenth Affirmative Defense (Failure of Contract)**

9       Any alleged contract with Mattel fails for lack of consideration, is vague and

10 uncertain, and is void, voidable, and/or unenforceable.

11       **Eleventh Affirmative Defense (Duress/Unconscionability)**

12       Any alleged contract with Mattel was unconscionable and/or the result of

13 duress, and is void, voidable, and/or unenforceable.

14       **Twelfth Affirmative Defense (Excuse of Performance)**

15       Any alleged breaches of contract or duty are excused by Mattel's own acts

16 or omissions.

17     **Thirteenth Affirmative Defense (Alleged Duties Contrary to Law)**

18       Any alleged duties or obligations which Mattel claims are owed by Bryant

19 are contrary to applicable law.

20       **Fourteenth Affirmative Defense (Lack of Standing)**

21       Mattel's counterclaims are barred in whole or in part by its lack of standing.

22         **Fifteenth Affirmative Defense (Good Faith)**

23       Mattel's counterclaims fail because Bryant acted in good faith and in

24 conformity with applicable laws.

25     **Sixteenth Affirmative Defense (Information Readily Ascertainable)**

26       Bryant cannot be liable for alleged misappropriation of information that was

27 readily ascertainable by proper means at the time of the alleged acquisition or use.

28

EXHIBIT ____ **6**

PAGE ____ **55**

**Seventeenth Affirmative Defense (Res Judicata)**

Mattel's counterclaims are barred in whole or in part by the doctrine of res judicata.

**Eighteenth Affirmative Defense (Lack of Ownership)**

Mattel is neither the legal nor beneficial owner in the copyrights purportedly at issue.

**Nineteenth Affirmative Defense (Copyright Invalidity)**

Mattel's purported copyrights are invalid.

**Twentieth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

**Twenty-first Affirmative Defense (Innocent Infringement)**

If Bryant infringed any copyright interest held by Mattel (which Bryant denies), he did so without knowledge or intent.

**Twenty-Second Affirmative Defense (Joinder in Defenses of Co-Defendants)**

Bryant hereby adopts and incorporates by this reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including MGA) in this litigation to the extent that defendants may share in such affirmative defenses.

Bryant has not knowingly and intentionally waived any applicable affirmative defense and reserves the right to raise additional affirmative defenses as they become known to him through discovery in this litigation. In stating the above affirmative defenses, Bryant also does not in any way waive or limit any defenses raised by its denials of Mattel's allegations above. Bryant further reserves the right to amend his answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that he determines during later discovery are

EXHIBIT _____ 6

PAGE _____ 51

1 | not applicable.

2 | **Prayer for Relief**

3 | WHEREFORE, Bryant respectfully requests relief as follows:

4 | 1. That Mattel's counterclaims be dismissed with prejudice;

5 | 2. That Mattel take nothing by its counterclaims;

6 | 3. That Mattel's request for injunctive and other equitable relief be

7 | denied;

8 | 4. That Bryant be awarded the cost of this litigation, including

9 | reasonable attorneys' fees and interest; and

10 | 5. That Bryant receive such other relief as the Court may deem proper.

11 |

12 | Respectfully submitted,

13 |

14 |

15 | Dated: August 13, 2007       KEKER & VAN NEST, LLP

16 |

17 |

18 | By:

19 | CHRISTA M. ANDERSON
Attorneys for Plaintiff
CARTER BRYANT

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

400554.01

18

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _____ **6**

PAGE _____ **57**

1

2

**DEMAND FOR JURY TRIAL**

3

Bryant respectfully requests a trial by jury for all issues so triable.

4

5      Dated: August 13, 2007

6                                                    KEKER & VAN NEST, LLP

7

8                                        By:

9                                             CHRISTA M. ANDERSON
                                             Attorneys for Plaintiff
                                             CARTER BRYANT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

400554.01

EXHIBIT ___ 6

PAGE ___ 58

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 13, 2007, I served the following document(s):

## CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS

## DEMAND FOR JURY TRIAL

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:  213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA  90071
Tel:   213/430-6000
Fax:  213/430-6407
dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
Tel:   310/553-3000
Fax:  310/556-2920
pglaser@chrisglase.com

Executed on August 13, 2007, at San Francisco, California.

395645.01

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  6

PAGE  59

1    I declare under penalty of perjury under the laws of the State of California
2  that the above is true and correct.

3

4

5    JULIE A. SELBY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _____ 6

PAGE _____ 60

# EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 9

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 10

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 11

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 12

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 13

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 14

1 of 100 DOCUMENTS

Copyright 2004 Chicago Sun-Times, Inc.
Chicago Sun-Times

March 5, 2004 Friday, North City

**SECTION:** WEEKEND PLUS; NEWS; Pg. 55

**LENGTH:** 843 words

**HEADLINE:** Bratz packers are what's cool in doll world

**BYLINE:** Denise I. O'Neal

**BODY:**

Bratz dolls are leaving America's sweetheart — Barbie — eating their dust.

Who are these fly girls with the funky wardrobe and devoted tween following?

In 2001, MGA Entertainment introduced Cloe, Sasha, Yasmin and Jade. The fashion divas have since skyrocketed to success. Four boy Bratz have been added to the line: Dylan, Eitan, Koby and Cameron. New friends on occasion will appear in exclusive themed sets.

Isaac Larian, CEO of MGA Entertainment, explains why he decided to have dolls make brief appearances in the line.

"Just like in any neighborhood, new friends arrive and others move on," he says. "Children have to adjust to old friends exiting and new friends arriving in their lives."

More than a fad product imitating life through the eyes of tweens, Larian wanted to incorporate aspects of real life and values associated with the real world in his dolls.

"We wanted a respectable product that reflected the lifestyle of schoolgirls and fashionable trends, but also one that represented clean fun with learning values," he says.

The Bratz are moving into another medium this year, starring in their first direct-to-DVD movie titled, "The Bratz Go Hollywood." The movie is set for a late-summer release. The dolls also will star in an animated feature film, which is expected to be released in late 2005.

Doll products new for 2004 include Bratz Petz cats Brigitte, Kendall, Jolie and Daphne; Bratz Wild Life, an exclusive set featuring Nevra, Meyghan and Fianna; Bratz Girls Nite Out, with Cloe, Sasha, Yasmin, Jade and Dana preparing for Saturday night fun; Sun-kissed Summer, with Cloe, Yasmin, Sasha, Jade and Dana dressed in beach attire; Best Friends Beach Party, with friends Calista and Noelle spending a day at the beach; Best Friends Pajama Party, with Brianne and Zana in a themed slumber party setting, and Flower Fairies, featuring Rose, Daisy and Sunflower, a trio of scented dolls.

Larian, along with his brother and brother-in-law, founded ABC Electronics, a trading company dealing in consumer electronics, in 1982. In the late '80s, the company began focusing primarily on hand-held electronic games

EXHIBIT _____ 14

PAGE _____ 73

Ex. 927
(n-3-07

Bratz packers are what's cool in doll world Chicago Sun-Times March 5, 2004 Friday, North City

and changed its name to Micro Games of America.

When Larian's daughter was 7, he noticed she had become bored with Barbie dolls. He decided to again change the focus of his company, wanting to create a doll product for girls ages 7 to 13. The dolls would have to be urban dolls representing America's multi-ethnicity. They also had to reflect the trends and attitudes of the tween generation.

"We were looking for a new toy to challenge Barbie. Something that would span girls' interest in dolls for a few more years," says Larian.

Larian began shopping around for interested vendors. Getting negative response because of the company name, Larian once again changed the company's name, shortening it to MGA Entertainment. That done, Larian needed a name for his dolls.

His creative team decided the name should be catchy and not have more than six letters. When looking at sketches and pitching ideas, someone said the dolls look like little brats. Keeping with today's trend of making names more "cool" by changing the spelling, MGA executives decided to replace the "s" with a "z."

The Bratz were born and have been making big strides in the doll world ever since. A team of more than 15 designers are responsible for making certain the dolls always sport the latest fashions, accessories and hair styles.

For Larian and his creative team, not only have they struck gold with their product but they are having fun with the dolls as well.

"We are like children in a candy store — everything is exciting," says Larian. "We don't have plans laid out for the Bratz. We come up with new ideas as we go along and we are having fun doing it."

To keep on top of what tweens are interested in, MGA polls children in the dolls' targeted age group. That formula, along with the company's strong sense of ethics and responsibility to children, have turned the Bratz into one of the best-selling products worldwide.

Larian also is compelled to produce a product that is affordable for all.

"I think children are very precious gifts, and it's our job in the toy industry to look beyond pricing to create products to stretch children's imagination and to not cheat any child out of the opportunity to be able to enjoy products," says Larian.

Bratz dolls are available in most toy stores. The company's Web site also has a free Bratz Fan Club that children can join. For more information, visit *www.bratzpack.com.*

EVENTS: The Winnetka Antiques Fair takes place this weekend at the Winnetka Community House. Fifty dealers from across the country will showcase their wares. Dealers from England and Portugal also will be on hand. Hours for the event are 10 a.m. to 8 p.m. today, 10 a.m. to 6 p.m. Saturday and 11 a.m. to 5 p.m. Sunday. Admission is $12, good for all three days. The Winnetka Community House is at 620 Lincoln, Winnetka. For more information, call (847) 446-0537.

GRAPHIC: The popular line of Bratz dolls include Cloe, Yasmin, Jade, Dana and Sasha.

LOAD-DATE: March 5, 2004

EXHIBIT ___14___

PAGE ___74___

# EXHIBIT 15

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 16

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 17

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 20

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 21

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 22

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 23

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 24

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 25

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 26

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 27

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   JAMES P. JENAL (S.B. # 180190)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA  90071-2899
4   Telephone:  (213) 430-6000
    Facsimile:   (213) 430-6407
5   Email:     jjcnal@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA  90067
    Telephone:  (310) 553-3000
9   Facsimile:   (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11  DOUGLAS A. WICKHAM (S.B. #127268)
    KEITH A. JACOBY (S.B. #150233)
12  LITTLER MENDELSON
    A Professional Corporation
13  2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
14  Telephone:  (310) 553-0308
    Facsimile:   (310) 553-5583

15

16  Attorneys for Carter Bryant

        UNITED STATES DISTRICT COURT
17      CENTRAL DISTRICT OF CALIFORNIA
            EASTERN DIVISION
18

19  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-2727)
            Plaintiff,
20
        v.                                 DECLARATION OF PAULA D.
21                                         GARCIA IN SUPPORT OF CARTER
    MATTEL, INC., a Delaware               BRYANT AND MGA'S REQUEST FOR
22  Corporation,                           CLARIFICATION,
                                           RECONSIDERATION AND/OR
            Defendant.                     FURTHER PROTECTION
23

24  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
25  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.

26                                         EXHIBIT ___27___

27                                         PAGE ___93___

28

LA2:823147.1                               DECLARATION OF PAULA D. GARCIA
                                           CV 04-09049 SGL (RNBX)

                                           2-23

I, Paula D. Garcia, declare and state:

1.     I have personal knowledge of the following and, if called upon to do so, could competently testify thereto under oath.

2.     I am employed by MGA Entertainment, Inc. as Vice President of Product Design and Development. In this position, I am responsible for the design and development of some of MGA's line of "Bratz" dolls. I also work closely with Carter Bryant, the creator of the original "Bratz" doll drawings, on MGA's development of some of the "Bratz" line.

3.     MGA's "Bratz" products, first released in the summer of 2001, are now sold worldwide and compete directly with certain products marketed by Mattel, Inc. ("Mattel").

4.     Without question, a toy manufacturer's unreleased toy concepts, *i.e.*, those that have not been made public, are among its most highly valuable trade secrets. The drawings and designs for those concepts represent works in progress and ideas for advancing and developing product lines. Although such drawings and designs are valuable even *after* the product's public release, their value is enormous prior to their public release because it is the new ideas and designs that are most likely to generate new sales.

5.     MGA protects its product designs and drawings through a number of ways. For example, employees are required to sign confidentiality agreements, computers are password protected, our product design buildings have security guards who prohibit entry to unauthorized personnel and who check even authorized personnel on their way out. Even vendors, manufacturers, suppliers and other third parties who may see a product design late in the development process are required to sign strict confidentiality agreements.

6.     MGA's drawings for some of its yet-unreleased "Bratz" products are even more closely protected. When we begin to develop a new "Bratz" line, only a very limited number of people know about it. In fact, with respect to some new

EXHIBIT _____ 27

PAGE _____ 94

1    "Bratz" products, Carter Bryant and I are the *only* people who know what the

2    concept is and who see the early product drawings. Even after I approve and we

3    have finalized the concept for those dolls, only a small number of people on the

4    "Bratz" development team have exposure to the drawings.

5        7.     The creative development process is one that is fluid, not static. To

6    develop a product, we may create and develop scores of drawings that we modify

7    and improve throughout the development cycle. At MGA, the development process

8    is constant and extremely rapid. In fact, MGA, which is not burdened by extensive

9    corporate bureaucracy, is known in the toy industry for its development speed and

10   market responsiveness. Often in this fast-paced development process, we go back

11   to, or build on, prior drawings. To be forced to turn over these drawings throughout

12   the development process before the product line is finalized, particularly as we are

13   operating under such short development cycles, would not only substantially

14   compromise the strict confidentiality measures that we have in place but would be

15   extremely disruptive to our ability to do business and therefore significantly impact

16   our ability to compete.

17

18      Dated: February 23, 2007

19

20                          Paula D. Garcia

21

22

23

24

25

26

27

28

EXHIBIT 27<br>PAGE 95

# EXHIBIT 28

**CONFORMED COPY**

1   [Counsel listed on following page]

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10   CARTER BRYANT, an individual,     )   Case No. CV 04-09049 SGL (RNBx)

11           Plaintiff,     )   Consolidated with
                       )   Case No. CV 04-09059

12      v.                 )   Case No. CV 05-02727

13   MATTEL, INC., a Delaware      )
     corporation,             )   **DISCOVERY MATTER**

14                    )   Hon. Edward A. Infante (Ret.)
          Defendant.      )

15                    )   Discovery Master

16

17                      **STIPULATION TO MODIFY**
                     **PROTECTIVE ORDER; AND**

18

19                ~~[PROPOSED]~~ **ORDER THEREON**

20             Discovery Cut-Off: October 22, 2007
            Pre-Trial Conference: January 14, 2008

21             Trial Date:   February 12, 2008

22

23

24

25

26

27

28

EXHIBIT ___28___

PAGE ___96___

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
    (joncorey@quinnemnauel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

LITTLER MENDELSON
    Robert F. Millman (Bar No. 062152)
    Douglas A. Wickham (Bar No. 127268)
    Keith A. Jacoby (Bar No. 150233)
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107
Telephone:  (310) 553-0308
Facsimile:  (310) 553-5583

Attorneys for Carter Bryant

O'MELVENY & MYERS LLP
    Diana M. Torres (Bar No. 162284)
400 S. Hope Street
Los Angeles, California  90017
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

O'MELVENY & MYERS LLP
    Dale Cendali
Times Square Tower
7 Times Square
New York, NY 10036

CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
    Patricia Glaser (Bar No. 55668)
10250 Constellation Boulevard - 19th Floor
Los Angeles, CA 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for MGA Entertainment, Inc.

- 2 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT _____28_____

PAGE ___97___

1        WHEREAS, on January 24, 2007, Discovery Master Infante heard
2   Mattel, Inc.'s ("Mattel") Motion to Compel Carter Bryant ("Bryant") to Produce
3   Documents ("Motion to Compel");

4        WHEREAS, on January 25, 2007, Discovery Master Infante issued an
5   Order granting Mattel's Motion to Compel (the "Order");

6        WHEREAS, on March 19, 2007, Discovery Master Infante heard
7   Bryant's and MGA Entertainment, Inc.'s ("MGA") Motion for Clarification,
8   Reconsideration and/or Further Protection of the Discovery Master's January 25,
9   2007 Order or for Protective Order Pursuant to Rule 26(c) (the "Motion");

10       WHEREAS, Discovery Master Infante denied the Motion to the extent
11  it sought clarification of the Order and stated that design drawings of currently
12  unreleased products are relevant to the parties' claims and defenses; and

13       WHEREAS, Discovery Master Infante granted the Motion to the extent
14  it sought further protection pursuant to Rule 26 and paragraph 19 of the Protective
15  Order entered by the Court as of January 4, 2005 (the "Protective Order") so as to
16  afford further restrictions on the handling of Subject Documents (defined below) for
17  purposes of providing additional protection for their confidentiality and directed the
18  parties to provide specifics for such modification.

19       NOW, THEREFORE, Mattel, Bryant and MGA, by and through their
20  respective counsel of record, hereby stipulate and agree as follows:

21       1.    As used herein, "Subject Documents" means documents (defined
22  to include both tangible items and electronic data) created after January 1, 2006 that
23  pertain to products which are currently unreleased and scheduled for public release
24  in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing
25  Party. The parties are presently negotiating and may enter an additional stipulation
26  concerning a subset of Subject Documents that pertain to products which are
27  currently unreleased and scheduled for public release in 2008 and that constitute
28  highly sensitive trade secrets of the producing Party (the "2008 Subject

-3-

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT _____ 28
PAGE _____ 98

1   Documents"). In the event the parties do not reach a stipulation with respect to the
2   2008 Subject Documents, MGA and/or Bryant are not, by entering into this
3   stipulation, waiving any rights to seek review by Judge Larson of the aspects of the
4   Order or Ruling on the Motion that pertain to the 2008 Subject Documents. Until
5   such time that the parties execute a stipulation with respect to the 2008 Subject
6   Documents and in the event that neither MGA nor Bryant seek the afore-mentioned
7   review by Judge Larson, the 2008 Subject Documents shall be treated in the manner
8   set forth herein for the Subject Documents, provided that such 2008 Subject
9   Documents meet the definition for "Subject Documents" set forth above.

10          2.      A Party may withhold from production to other Parties Subject
11   Documents until June 29, 2007.

12          3.      Upon production (whether before, on or after June 29, 2007), a
13   producing Party may designate Subject Documents as "HIGHLY CONFIDENTIAL
14   – RESTRICTED ATTORNEYS' EYES ONLY."

15          (a)      Subject Documents designated as "HIGHLY CONFIDENTIAL
16   – RESTRICTED ATTORNEYS' EYES ONLY" shall be so designated in the
17   manner set forth in paragraph 3 of the Protective Order.

18          (b)      Documents designated as "HIGHLY CONFIDENTIAL –
19   RESTRICTED ATTORNEYS' EYES ONLY" shall not be disclosed in any way to,
20   nor their contents summarized or discussed in substance with, any person other than:
21   (i) up to three attorneys at the receiving Party's outside law firm; (ii) such
22   independent, outside expert(s) for the receiving Party who outside counsel deems
23   necessary to show such documents for purposes of providing expert opinion or
24   expert testimony; (iii) one assistant or paralegal for each Party (for the purposes of
25   photocopying and maintaining files as set forth in subparagraph (d) below); (iv) the
26   Court, including the Discovery Master, and other personnel identified in paragraphs
27   6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and
28   designated    copy    recipients   of   any   document   designated   "HIGHLY

- 4 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT _____ 28

PAGE _____ 79

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY"; and (vi) such

2  other persons as may be consented to in writing or on the record by the Party

3  designating such documents "HIGHLY CONFIDENTIAL – RESTRICTED

4  ATTORNEYS' EYES ONLY."

5          (c)     The Experts described in subsection (ii) of paragraph 3(b) above

6  shall not have access to "HIGHLY CONFIDENTIAL – RESTRICTED

7  ATTORNEYS' EYES ONLY" documents until he/she has certified that he/she has

8  read the Protective Order and this Stipulation and Order and has manifested his/her

9  assent to be bound by signing the Assurance of Compliance attached to the

10  Protective Order as Exhibit A; any such expert who has previously signed an

11  Assurance of Compliance must be shown this Stipulation and Order and sign an

12  Assurance of Compliance that encompasses this Stipulation and Order.

13          (d)     Documents designated as "HIGHLY CONFIDENTIAL –

14  RESTRICTED ATTORNEYS' EYES ONLY" shall not be copied except to create

15  one archival file copy, one working copy for the designated attorneys and/or any

16  designated expert, or for use as exhibits at deposition or trial or in filings with the

17  Court, including the Discovery Master. In the event and to the extent that copies are

18  provided to counsel in attendance at a deposition where documents designated as

19  "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" are

20  shown or marked at deposition, the Party who so designated the documents may

21  require that any such additional copies be returned to the designating Party's counsel

22  or destroyed.   Any document designated as "HIGHLY CONFIDENTIAL –

23  RESTRICTED ATTORNEYS' EYES ONLY" that is marked as a deposition exhibit

24  shall not be bound with the exhibits to the deposition transcript but shall be

25  separately maintained by the deposing party.  The parties shall work together to

26  agree upon a proposed procedure for handling such documents at trial if necessary.

27          (e)     Each receiving Party's original copy set and all copies of Subject

28  Documents, including any copies for use as exhibits or in motion practice, shall be

                                    - 5 -          STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT _____ 28

PAGE _____ 100

1   maintained in a secure, locked file at all times when not physically being used by the
2   receiving party's counsel or expert.

3        4.    The producing Party shall re-designate or de-designate Subject
4   Documents relating to a product within fourteen (14) days of the following events,
5   whichever occurs earlier: (a) the product is first shipped, or (b) the product is first
6   disclosed to a third party without an express confidentiality agreement. Any Subject
7   Documents initially designated "HIGHLY CONFIDENTIAL – RESTRICTED
8   ATTORNEYS' EYES ONLY" may be re-designated a lesser degree of
9   confidentiality under the Protective Order, such as "CONFIDENTIAL" or
10  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate under the
11  Protective Order. Such re-designated or de-designated documents shall thereafter be
12  handled and treated in accordance with the terms of the Protective Order for
13  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
14  material, whichever the case may be.

15       5.    The Protective Order is hereby amended to add the phrase
16  "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" to
17  paragraphs 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, 17 and 18 of the Protective Order.

18       6.    Except as modified herein, all other provisions of the Protective
19  Order shall remain in full force and effect and are incorporated herein by reference.
20  Without limiting the generality of the foregoing, documents produced as "HIGHLY
21
22
23
24
25
26
27
28

- 6 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT _____ 28

PAGE __ 101

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be subject

2  to the provisions of paragraphs 13 and 14 of the Protective Order.

3

4  **SO STIPULATED.**

5  Dated: April 18, 2007

6                                      DOUGLAS A. WICKHAM

7                                      LITTLER MENDELSON

                                       A Professional Corporation
8
                                       Attorneys for CARTER BRYANT
9  Dated: April 18, 2007

10                                     DIANA M. TORRES

11                                     O'MELVENY & MYERS LLP

                                       Attorneys for MGA
12
                                       ENTERTAINMENT, INC.
13  Dated: April 18, 2007

14                                     MICHAEL ZELLER

15                                     QUINN EMANUEL URQUHART

                                       OLIVER & HEDGES, LLP
16
                                       Attorneys for MATTEL, INC.
17

18  **IT IS SO ORDERED.**

19  DATED: 4-23- , 2007   By

20                                     Hon. Edward Infante (Retired)

21                                     Discovery Master

22

23

24

25

26

27

28

-7-

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT ____ 28

PAGE 162

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 24, 2007,

I served the attached STIPULATION AND ORDER TO MODIFY PROTECTIVE ORDER

in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shene McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendall@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 24, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT _28_

PAGE _103_

# EXHIBIT 29

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 30

inspiring
kids'
imaginations

MATTEL

EXHIBIT

PAGE

M 0019011

# As we begin a new Millennium,



Mattel looks forward to a year of new direction and renewed inspiration. We proudly unveil our 2001 line, filled with the most innovative, technologically-advanced products in our history. More than ever, we're stressing toys that are smarter, more interactive and more challenging to today's kids.

For the first time ever, Barbie® doll is starring in her own feature-length video, "Barbie in the Nutcracker," an enchanted fantasy in which Barbie transforms from a ballerina into a beautiful princess. Barbie doll's new fairy tale world is supported by a full product line of dolls and accessories, including Barbie® as Sugarplum Princess and Ken® as Prince Eric. In our mainline category, Barbie is getting into the music scene with N'SYNC Barbie® #1 Fan™ and Jam 'n Glam™ Barbie®, a famous rock star with her own Jam 'n Glam Tour Bus™. New for 2001 is Barbie® Perfectly Plush™, a line of adorable plush pets looking for a good home. We're continuing to reach out to older girls, with celebrity dolls like Brandy and Mary-Kate and Ashley plus the Generation Girl™ friends who now have their own personalized rooms. Barbie Collectibles has something for everyone, including the Grand Entrance™ collection designed to reach out to new adult collectors.

We're very excited about our new What's Her Face™ fashion activity dolls. This innovative line redefines the way girls play with dolls by allowing them to design and create their own fashion dolls! Our Diva Starz™ line has expanded to include collectible dolls and soft dolls with voice recognition. Polly Pocket!™ is even trendier this year, with Polly-stretch™ fashions and totally new packaging.

For boys, our wheels lines are tearing up the pavement! Hot Wheels® pushes the limits with the Max Air Arena™ motorized track set, an explosive Hot Wheels® Innovation category and a new fleet of 100% Hot Wheels collector-quality cars. Matchbox® powers up with the amazing Rescue Net™ Map 'n Go™ fire truck. And Tyco® R/C pulls out all the stops with the TMH™ Tony Hawk Skateboard™ that performs awesome stunts.

Nickelodeon® blasts off with Jimmy Neutron™ and Rocket Power™, two new lines that look like surefire hits. Atlantis and Toy Story 2, the two new Disney movies, promise to be big winners. And Max Steel™ goes extreme with the hottest sports and the coolest accessories. Games and Puzzles looks strong for 2001 with puzzles for the entire family, Survivor™ Australian Outback and two new ways to play UNO®–a special anniversary version and a hip 'N SYNC UNO®. We're also kicking off our new Mr. Winkle™ line with a plush dog that's every bit as cute as the world famous stray.

Finally, we're looking forward to the new Harry Potter™ movie in 2001, with a complete product line for boys and girls. Look for our upcoming catalog featuring everything kids need to become part of the magical world of Harry Potter™, including action figures, accessories, plush toys, activity sets, even games and puzzles!

With a product line this exciting and your continued support, we truly feel that 2001 will be our most successful year ever!

Mattel reserves the right to make changes, without notice or obligation, in colors and materials and to change or discontinue items from our line. All such information in this catalog is incorporated in the accompanying CD. Some products may not be able to stand or be posed alone, or hold objects as shown. ©2001 Mattel, Inc., El Segundo, CA 90245. Printed in the U.S.A. ALL RIGHTS RESERVED. CATALOG #00008-0102.

EXHIBIT 30

PAGE 131

M 0019012



# Table of Contents

BARBIE®
DOLLS ..................................................................2 - 29
ACCESSORIES .......................................................30 - 47
FASHIONS ............................................................48 - 61
BARBIE COLLECTIBLES .........................................62 - 73
TIMELESS TREASURES™ ........................................74 - 79
DISNEY COLLECTOR & CLASSICS .............................80 - 87
BARBIE® & ME ......................................................88 - 93
BARBIE STUDIO™ ..................................................94 - 99
ELECTRONICS .....................................................100 - 103
PLUSH ...............................................................104 - 105
LICENSED PRODUCT .............................................106 - 113

OLDER GIRL/CELEBRITY
GENERATION GIRLS™ ............................................114 - 117
BRANDY ....................................................................118
MARY KATE & ASHLEY ...........................................119 - 121
WHAT'S HER FACE™ ..............................................122 - 125

DIVA STARZ™ .......................................................126 - 131

POLLY POCKET™ ...................................................132 - 139

CPK® ..................................................................140 - 144

LARGE DOLLS .......................................................145 - 147

HOT WHEELS®
VEHICLES ............................................................147 - 151
TRACK.................................................................152 - 157
PLAYSETS ...........................................................158 - 161
TURBO CROSS™ ...................................................162 - 163
SPECIAL FX STUNT TRAX .......................................164 - 165
SHOGUN RACERS .................................................166 - 167
MECHANIX™ .............................................................168
X-TREME SPEEDERS™ ................................................169
LORE .................................................................170 - 173
100% HOT WHEELS® .............................................174 - 179
LICENSED PRODUCT .............................................180 - 185

NASCAR® ............................................................186 - 189

FORMULA 1 ........................................................193 - 195

MATCHBOX® ........................................................196 - 207

TYCO® R/C ..........................................................208 - 215

MAX STEEL™ .......................................................216 - 225

ROCK 'EM SOCK 'EM™ ROBOTS ..............................226 - 229

MASTERS OF THE UNIVERSE ...................................230 - 231

GAMES ...............................................................232 - 245

PUZZLES .............................................................246 - 253

MR. WINKLE™ ......................................................254 - 255

NICKELODEON®
TOTALLY ANGELICA™ ............................................256 - 259
ROCKET POWER™ ................................................260 - 261
JIMMY NEUTRON™ ...............................................262 - 263

ATLANTIS ............................................................264 - 271

TOY STORY 2 .......................................................272 - 277

LEGAL INFORMATION ............................................278 - 285
LICENSE AGREEMENT ................................................286
CD HOW TO USE......................................................287
INDEX ....................................................................288

EXHIBIT 30
PAGE 132

M 0019013



**Picture Pockets** Barbie® Dolls

Now girls can personalize Barbie® doll's outfit by using the fun hole puncher to decorate it with cool cut-out shapes. Girls will love creating their very own unique outfits for Barbie® doll and her friends. Each doll comes with her own hole puncher in a unique shape and two strips of perforated punch-out pictures.

- Window box.
- Ages 3 and over.
- TV

**28701 (BARBIE®) STD. PAK 6**
UPC CODE: 74299-28701-2
**28702 (CHRISTIE®) STD. PAK 6**
UPC CODE: 74299-28702-2
**28703 (TERESA®) STD. PAK 6**
UPC CODE: 74299-28703-9
**28704 (KIRA®) STD. PAK 6**
UPC CODE: 74299-28704-6



M 0019014



### Flying Butterfly™ Barbie® Dolls

Barbie® doll and friends are beautiful butterflies with fluttering wings, so girls can really make them "fly." With the butterfly wand and string, a girl can fly Barbie two different ways— back and forth with her friends or by herself by attaching the string to a firm surface. Comes with a butterfly wand and flight string.

• Doll not for use with some Barbie® fashions.
• Window box.
• Ages 3 and over.
• TV

**29345 (BARBIE®) STD. PAK 6**
UPC CODE: 74299-29345-0
**29346 (CHRISTIE®) STD. PAK 6**
UPC CODE: 74299-29346-7
**50347 (TERESA®) STD. PAK 6**
UPC CODE: 74299-50347





EXHIBIT _____ 30
PAGE _____ 134

3

M 0019015

# Barbie



**Rose Princess™ Barbie® Doll**

Girls can help Barbie® doll get ready for the rose ball by transforming her clothes and hair! With Barbie® doll's magic transforming hair, it's easy to create lots of glamorous looks. She also has a beautiful transforming fashion. Girls can take off her long rose-printed skirt to reveal a contemporary sheath dress!

- Window box.
- Ages 3 and over.
- TV

**28990 (CAUCASIAN) STD. PAK 6**
UPC CODE: 74299-28990-3
**29189 (AFRICAN-AMERICAN) STD. PAK 6**
UPC CODE: 74299-29189-0
**29807 (KEN®, CAUCASIAN) STD. PAK 6**
UPC CODE: 74299-29807-3
**29808 (KEN®, AFRICAN-AMERICAN) STD. PAK 6**
UPC CODE: 74299-29808-0



**Starlight Unicorn™ & Serafina™**

Barbie's mystical unicorn, Starlight™, has hoofs that magically light up and sound with music whenever she moves. And when her favorite fairy friend Serafina™ sits snug behind Starlight™ unicorn's horn, the horn lights up and triggers more glittery sounds. Comes with reins, saddle, and saddle blanket.

- Requires three "AAA" batteries, not included.
- Window box.
- Ages 3 and over

**29041 STD. PAK 4**
UPC CODE: 74299-29041-1

4

EXHIBIT _____ 30

PAGE _____ 135

M 0019016



*Barbie*

### Princess Barbie® Doll

A beautiful fantasy princess designed especially for the younger girl. Girls will love pretending to be a princess just like Barbie® doll! This beautiful Barbie Doll looks just like an enchanted princess, wearing a shimmering gown with golden highlights and a glittering tiara on her head.

• Window box.
• Ages 3 and over.

**28264 (BLOND) STD. PAK 6**
UPC CODE: 74299-28264-5
**28265 (AFRICAN-AMERICAN) STD. PAK 6**
UPC CODE: 74299-28265-2
**28266 (BRUNETTE) STD. PAK 6**
UPC CODE: 74299-28266-9
**28267 (ASIAN) STD. PAK 6**
UPC CODE: 74299-28267-6



### Dream Wedding® Barbie® Doll

This gorgeous Barbie® doll lets girls play out romantic wedding fantasies and imagine their own weddings! Barbie makes a beautiful bride wearing a breathtaking full-length white wedding gown. She comes with everything girls needs to play out a complete wedding—an invitation for the big day, wedding cake, sparkling cider bottle and goblets for the toast.

• Window box.
• Ages 3 and over.

**27374 (CAUCASIAN) STD. PAK 6**
UPC CODE: 74299-27374-2
**28557 (AFRICAN-AMERICAN) STD. PAK 6**
UPC CODE: 74299-28557-8





EXHIBIT 30

PAGE 136

5

M 0019017

# Barbie

**Kitty Fun™ Barbie®**

Barbie® doll has everything she needs to feed, train and play with her lovable new kitty, Marshmallow™. Marshmallow really "wets" in her litter box and comes with a special colored-sand litter that clumps for easy scooping. Barbie doll has a special arm mechanism, so she can really pet or play with her kitty. Comes with a litter box/pet carrier and a complete set of kitty care play pieces for feeding, grooming and pet play fun.

• Window box.
• Ages 3 and over.
• TV

**28612 (BLOND) STD. PAK 6**
UPC CODE: 74299-28612-4

**28624 (AFRICAN-AMERICAN) STD. PAK 6**
UPC CODE: 74299-28624-7

**28866 (BRUNETTE) STD. PAK 6**
UPC CODE: 74299-28866-1





*Rain or Sun* **Barbie®**

Barbie®, Christie® and Teresa® dolls are ready for the rain or sun! When girls fill the flower-shaped pump with water and squeeze, Barbie doll's cute umbrella really rains! When the rain stops, Barbie doll can relax in the sun, too. Her backpack turns into a beach chair with a clip to hold the umbrella for shade. Girls can also transform her trendy rain look into cute "tankini" beachwear.

• Window box.
• Ages 3 and over.
• TV

**29179 (BARBIE®) STD. PAK 6**
UPC CODE: 74299-29179-1

**29180 (CHRISTIE®) STD. PAK 6**
UPC CODE: 74299-29180-7

**29181 (TERESA®) STD. PAK 6**
UPC CODE: 74299-29181-4



6

EXHIBIT _____ 30

PAGE _____ 137

M 0019018



**Wash 'n Wear™ Barbie®**

Barbie® doll has her own "magical" washing machine that "spins". When she puts her clothes in and adds warm or cold water, the clothes change color and pattern! Girls can use the cute, colorful clothespins to hang the clothes up to dry or as hair accessories for Barbie doll. Girls can also mix and match Barbie doll's two color-change outfits to create sixteen great looks! Comes with two color-change outfits, washing machine, clothespins and laundry basket with laundry line.



- Window box.
- Ages 3 and over.
- TV

**29027 (CAUCASIAN) STD. PAK 4**
UPC CODE: 74299-29027-5
**29028 (AFRICAN-AMERICAN) STD. PAK 4**
UPC CODE: 74299-29028-2



EXHIBIT _____ 30

PAGE _____ 138

M 0019019




**Spinning Star\* Barbie® Doll**

Barbie® doll magically lights up the night! When girls push a special button, the stars around Barbie doll's waist magically light up and spin. Girls can give Barbie doll different looks, because she comes with an additional short skirt.

● Window box.
● Ages 3 and over.

**52607 (CAUCASIAN)**
**STD. PAK 6**
UPC CODE: 74299-52607-7
**52608 (AFRICAN-AMERICAN)**
**STD. PAK 6**
UPC CODE: 74299-52608-4

*Name subject to change



Stars magically light up and spin!

EXHIBIT ___3D___

PAGE ___139___

8

M 0019020



**NSYNC #1 Fan™ Barbie® Doll**

Barbie®, Christie® and Teresa® dolls are NSYNC's biggest fans ever, wearing cool NSYNC fashions. They can really groove, and each one comes with a special CD containing a remixed NSYNC single. The dolls have special arm mechanisms, so they can really wave their arms and "dance." Each doll also comes with two exclusive trading cards with pictures of the NSYNC boys.

• Window box.
• Ages 3 and over.
• TV

**50534 (BARBIE®) STD. PAK 6**
UPC CODE: 74299-50534-8
**50535 (CHRISTIE®) STD. PAK 6**
UPC CODE: 74299-50535-5
**50536 (TERESA®) STD. PAK 6**
UPC CODE: 74299-50536-2

EXHIBIT 3D

PAGE 140

9

M 0019021



### Jam 'n Glam Tour Bus™

This cool bus has everything Barbie® doll and her friends need when they're on tour – a concert stage, with dance floor a balcony and a glamorous backstge dressing room with two light-up vanities. Girls can really rock out with the tour bus, because they can plug in any musical system to hear their favorite music. When the music plays, colorful lights flash to the beat! Comes with furniture, two guitars, hair and beauty accessories and more.

- Requires three "C" batteries, not included.
- Closed box.
- Ages 3 and over.
- Dolls not included.

**29930 STD. PAK 2**
UPC CODE: 74299-29930-8

Opens to reveal stage and dance floor.

Glamorous backstage dressing room.

10

EXHIBIT **3D**

P_____ **141**

M 0019022