

**Pretty Surprise™ Doll**

This lovable large doll comes with a special key that she wears in a locket. The key unlocks all of the doll's hidden cosmetics which can be shared by the girl. Pretty Surprise™ doll comes with three trendy accessories – a play cell phone with lip gloss, a play watch with glitter gel and a special barrette that folds into a comb.

- Window box.
- Ages 3 and over.
- TV

**A28927 (CAUCASIAN) ASST. PAK 4**
UPC CODE: 74299-28927-9

**A28928 (ETHNIC) ASST. PAK 4**
UPC CODE: 74299-28928-6

# Water Blossoms™

**Water Blossoms™ Dolls**

The only CPK® dolls playing dress-up as beautiful water lilies. Each CPK® doll is dressed in an iridescent skirt that transforms into a water lily blossom. Girls can blow bubbles with the bubble wand on the other end of the blossom. Each doll also comes with her own special lily pad that makes her float gracefully, so girls can make her spin and perform her own water ballet!

- Window box.
- Ages 3 and over.
- TV

**A28450 (CAUCASIAN) ASST. PAK 4**
UPC CODE: 74299-28450-2

**A28451 (ETHNIC) ASST. PAK 4**
UPC CODE: 74299-28451-9





140

EXHIBIT 30

PAGE 272

M 0019153



**Cabbage Patch Kids**

**Sing 'n Go™ Triplets**

These soft CPK® babies are three times the fun and come with a special carrier that a girl can wear around her waist. When there's just one baby in the carrier, the baby giggles then starts to fuss as if she misses the others. When there are two babies in the carrier, they giggle and babble, then finally fuss. When all three babies are in the carrier, they never fuss. They giggle, then sing to the tune, "Have You Ever Seen a Lassie?"

• Requires three "AA" batteries, not included.
• Window box.
• Ages 3 and over.
• TV

**A50540 (CAUCASIAN) ASST. PAK 4**
UPC CODE: 74299-50540-9
**50541 (ETHNIC) ASST. PAK 4**
UPC CODE: 74299-50541-6

EXHIBIT ___30___      141

PAGE ___273___

M 0019154







**Ballerina/Ice Skater Assortment**

These soft 13" CPK® dolls are styled after popular after-school activities girls love! Each is dressed adorably as a pretty ice skater or a beautiful ballerina. Both dolls come with accessories and themed chip she can share with the girl.

• Window box.
• Ages 3 and over.
• Direct import.

**A89493 (CAUCASIAN) ASST. PAK 4**
UPC CODE: 74299-89493-0
**A89494 (ETHNIC) ASST. PAK 4**
UPC CODE: 74299-89494-7



# Neighborhood  'Kids™



**Neighborhood 'Kids™**

Themed playsets that come with two small CPK® dolls and tons of accessories for hours of pretend play. These adorable CPK® dolls are just 2 1/2" tall and wear outfits that are perfect for each playset.

• The assortment includes:
  –Splashin' Fun®
  –Sleepover Girls™
• Window box.
• Ages 3 and over.
• Direct import.

**A89233 ASST. PAK 6**
UPC CODE: 74299-89233-2



EXHIBIT 30
PAGE 214

142

M 0019155



**Pajama Fun 'Kids™**

They're the most fun to invite for a slumber party, because they come in trendy pajamas with lots of cool wear 'n share accessories! Girls will love these soft approximately 9" CPK® dolls with trendy pajamas and fuzzy slippers. Each doll comes with accessories she can share with the girl—a hair extension, brush and two barrettes. Each doll also comes with a tattoo sticker sheet.

• Open box.
• Ages 3 and over.
• Direct import.

A89235 ASST. PAK 6
UPC CODE: 74299-89235-6

Tattoo sheets

Hair extensions for girl and doll

**Tender Love 'n Care Baby™**

This adorable newborn CPK® baby comes with everything a girl needs to love and nurture her—a romper, diaper, medicine spoon, thermometer, play cough syrup bottle, first aid kit, three bandage labels and bandage box.

• Window box.
• Ages 3 and over.
• Direct import.

A88366 (CAUCASIAN) ASST. PAK 4
UPC CODE: 74299-88366-8

A88367 (ETHNIC) ASST. PAK 4
UPC CODE: 74299-88367-5

Tender Love 'n Care Baby™

EXHIBIT 36
PAGE 275

143

M 0019156



**Fun Stamping Babies™**

Adorable small dolls that combine tiny stamping play with cute baby accessories. They're articulated, just 3" tall and lots of fun to collect and use. Each one comes with a baby rattle with a stamp pad hidden inside. The baby accessories are the stamps! Each baby also comes with a matching soft diaper bag which holds all the pieces.

• Open/platform card.
• Ages 3 and over.
• Direct import.

**A88368 (CAUCASIAN) ASST. PAK 12**
UPC CODE: 74299-88368-2

**A88376 (ETHNIC) ASST. PAK 12**
UPC CODE: 74299-88376-7

**Mermaid Beauties™**

They're the cutest mermaids ever, and girls can take them into the bath for lots of washing and bubble fun. Each 3" CPK® doll is articulated and has her own distinctive look. Each one has a removable mermaid skirt and crown, a soft sea-themed sponge and a sea creature friend that's also a bubble wand.

• Open/platform card.
• Ages 3 and over.
• Direct import.

**A88369 (CAUCASIAN) ASST. PAK 12**
UPC CODE: 74299-88369-9

**A88377 (ETHNIC) ASST. PAK 12**
UPC CODE: 74299-88377-4

EXHIBIT ___30___

PAGE ___276___

144

M 0018157



## Chatty Cathy® Doll

A reproduction of one of Mattel's most popular dolls, Chatty Cathy® looks like the popular 1960s doll. She's approximately 14" tall with a movable head and arms and legs. She wears a re-creation of her original blue party dress. She also says eight of her original phrases: "Will you play with me?", "Tell me a story", "Please carry me", "I love you", "Let's play house", "I'm hungry", "I hurt myself" and "Where are we going?"

- "Try me" window box.
- Ages 3 and over.

**88638 (CAUCASIAN) STD. PAK 6**
UPC CODE: 74299-88638-6

**88639 (ETHNIC) STD. PAK 6**
UPC CODE: 74299-88639

## Tiny Tears™ Doll

Mattel introduces one of the most popular dolls ever. Mothers loved this adorable doll who cries real tears, and now their daughters can too! Girls will love nurturing and caring for this Tiny Tears™doll, because she cries just like a real baby. Comes with an adorable pink romper, a bottle that holds real water and a pink cloth to wipe away her tears.

- Window box.
- Ages 3 and over.
- Direct Import.

**88581 (CAUCASIAN) STD. PAK 6**
UPC CODE: 74299-88581-5

**88582 (ETHNIC) STD. PAK 6**
UPC CODE: 74299-88582-2

145

EXHIBIT 30

PAGE 277

M 0019158

# ʄaʄhion ʄnap™

**Fashion Snap™**

Girls can change her fashions over and over again with just a simple snap! This adorable approximately 13" doll wears a sleeveless dress and comes with cool fashion pieces, so girls can create lots of different looks. Girls can also decorate her fashions with glittery stickers. Fashion Snap™ comes with one sheer long skirt, three short skirts, a boa, poncho wrap, comb, and a sheet of jewelry and make-up stickers.

- Partial window box.
- Ages 3 and over.
- TV

**89151 (CAUCASIAN) STD. PAK 4**
UPC CODE: 74299-89151-9

**89153 (ETHINIC) STD. PAK 4**
UPC CODE: 74299-89153-3

**89152 (BRUNETTE) STD. PAK 4**
UPC CODE: 74299-89152-6



Fashion Snap™

EXHIBIT 30
276

146

M 0019159

**Miracle Moves Baby™ Doll**

This Miracle Baby™ has amazing Flex-Soft™ skin and her realistic eye and mouth movement allow her to "come to life!" Sit her in an upright position and watch her wake, as her eyes randomly blink with her long beautiful eyelashes. At feeding time, give Miracle Moves Baby™ her bottle, she really "sucks" on her bottle and makes realistic baby sounds! She even "sucks" her thumb! This baby has a special tilt sensor that allows her to be rocked to sleep. Gently rock her and her eyes begin to flutter as she gets tired. She is soft and cuddly and comes with a pink and white striped romper, bottle with disappearing milk, brush, rattle, baby spoon, baby plate, two cereal boxes, baby food jar and a bib. She has beautiful glass eyes, a baby powder scent and realistic eyelashes that create a sweeping motion.

• Window box.
• Ages 3 and over.

**53351 (CAUCASIAN) STD. PAK 3**
UPC CODE: 74299-53351-8

**53352 (ETHNIC) STD. PAK 3**
UPC CODE: 74299-53352-5





# Super Scooter Shannen™







**Super Scooter Shannen™ Doll**

Girls can make this radio-controlled doll perform awesome moves on her scooter, the coolest way to ride around! Girls can make Super Scooter Shannen™ "push" forward with one foot on the ground, pop wheelies and turn in circles. Comes with a helmet and a remote control.

• Window box.
• Ages 3 and over.

**50440 (CAUCASIAN) STD. PAK 3**
UPC CODE: 74299-50440-2

**50717 (ETHNIC) STD. PAK 3**
UPC CODE: 74299-50717-5

**53464 (BRUNETTE) STD. PAK 3**
UPC CODE: 74299-53464-5

EXHIBIT _____ 30 _____ 147

PAGE _____ 279

M 0019160



# EXHIBIT 31

Received:   4/14/06   3:54PM;                    RightFAX -> JetFax M920;   Page 2
RightFAX               4/14  2006 3:55   PAGE 002/011   Fax Server



FILED

SEND

2006 APR 14   AM 11: 35

CLERV U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION
10
11  CARTER BRYANT,                    )   Case No. CV 04-09049 SGL(RNBx)
                                      )
12              Plaintiff,            )   STANDING ORDER
                                      )
13      v.                            )
                                      )
14  MATTEL, INC.,                     )
                                      )
15              Defendant.            )
    _____)

16      **READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE**
17      **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**
18
19          This action has been assigned to the calendar of Judge Stephen G. Larson.
20  Both the Court and the attorneys bear responsibility for the progress of litigation in
21  the Federal Courts.  To secure the just, speedy, and inexpensive determination of
22  every action, Fed. R. Civ. P. 1, all counsel of record are ordered to familiarize
23  themselves with the Federal Rules of Civil Procedure and the Local Rules of the
24  Central District of California.
25      IT IS HEREBY ORDERED:
26      **1.     Service of the Complaint:**  The Plaintiff shall promptly serve the
27  Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant
28  to Local Rule 5-3.1.

EXHIBIT  3 L
PAGE  281

DOCKETED ON CM
APR 1 4 2006

(33)

Received: 4/14/06 3:54PM;                RightFAX -> JetFax M920; Page 3
RightFAX              4/1  2006 3:55    PAGE 003/011    Fax Server

**2.**    **Presence of Lead Counsel:** Lead trial counsel shall attend all
proceedings before this Court, including all status and settlement conferences.
Failure of lead trial counsel to appear for those proceedings without express leave of
court is a basis for sanctions.

**3.**    **Discovery:** All discovery matters have been referred to a United States
Magistrate Judge (see initial designation following the case number) to hear all
discovery disputes. The words "DISCOVERY MATTER" shall appear in the caption
of all documents relating to discovery to insure proper routing. Counsel are directed
to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate
Judge to schedule matters for hearing.

The decision of the Magistrate Judge shall be final, subject to modification by
the District Court only where it has been shown that the Magistrate Judge's order is
clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before
this Court. The party seeking review must do so within ten (10) days of service upon
the party of a written ruling or within ten (10) days of an oral ruling that the
Magistrate Judge states will not be followed by a written ruling. The motion must
specify which portions of the text are clearly erroneous or contrary to law and the
claim must be supported by points and authorities. A copy of the moving papers and
responses shall be delivered to the Magistrate Judge's clerk for review upon the filing
of the required documents.

Unless there is a likelihood that upon motion by a party the court would order
that any or all discovery is premature, it is advisable for counsel to begin to conduct
discovery actively before the Scheduling Conference. At the very least, the parties
shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain
and produce most of what would be produced in the early stage of discovery, because

2

EXHIBIT _____ 31 .

PAGE_____ 282

1 the Court will impose tight deadlines to complete discovery at the Scheduling

2 Conference.

3          If expert witnesses are to be called at trial, the parties shall designate experts to

4 be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B) not later

5 than eight (8) weeks prior to the discovery cutoff date. Rebuttal expert witnesses

6 shall be designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B)

7 not later than five (5) weeks prior to the discovery cutoff date. Failure to timely

8 comply with this deadline may result in the expert being excluded at trial as a

9 witness.

10     **4.**   **Motions:**

11          (a)   **Time for Filing and Hearing Motions:**  Motions shall be filed in

12 accordance with Local Rules 6-1 and 7-2, etc.[1]  This Court hears motions on

13 Mondays, commencing at 10:00 a.m.  No supplemental brief shall be filed without

14 prior leave of Court.  Conformed courtesy copies of opposition and reply papers shall

15 be delivered to the courtesy box on the wall outside the entrance to Courtroom No.

16 One, located on the Second Floor of the U.S. Courthouse, 3470 Twelfth Street,

17 Riverside, California, **by 4:00 p.m. on the date due.**  Many motions to dismiss or to

18 strike could be avoided if the parties confer in good faith (as they are required to do

19 under L.R. 7-3), especially for perceived defects in a complaint, answer, or

20 counterclaim which could be corrected by amendment. See Chang v. Chen, 80 F.3d

21 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court

22 should provide leave to amend unless it is clear that the complaint could not be saved

23 by *any* amendment).  Moreover, a party has the right to amend its complaint "once as

24

25          [1]   Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing

26 conference "to discuss thoroughly . . . the substance of the contemplated motion and any
potential resolution."  Counsel should discuss the issues sufficiently so that if a motion is

27 still necessary, the briefing may be directed to those substantive issues requiring resolution
by the Court.  Counsel should resolve minor procedural or other nonsubstantive matters

28 during the conference.

3

EXHIBIT _____ 3l ____

PAGE ____ 2&3

Received:   4/14/06  3:55PM;                RightFAX -> JetFax M920;   Page 5
RightFAX                    4/1  .2006 3:55    PAGE 005/011   Fax Server

1   a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P.

2   15(a). A 12(b)(6) motion is not a responsive pleading for purposes of Rule 15(a) and

3   therefore plaintiff might have a right to amend. See Nolen v. Fitzharris, 450 F.2d

4   958, 958-59 (9th Cir. 1971); St. Michael's Convalescent Hospital v. California, 643

5   F.2d 1369, 1374 (9th Cir. 1981). Even where a party has amended its Complaint

6   once, or where a responsive pleading has been served, the Federal Rules provide that

7   leave to amend should be "freely given when justice so requires." Fed.R.Civ.P.

8   15(a). The Ninth Circuit requires that this policy favoring amendment be applied

9   with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,

10   1079 (9th Cir. 1990). These principles require that counsel for the plaintiff should

11   carefully evaluate the defendant's contentions as to the deficiencies in the complaint

12   and, in many instances, the moving party should agree to any amendment that would

13   cure a curable defect.

14         In the unlikely event that motions under Fed. R. Civ. P. 12 challenging

15   pleadings are filed after the Rule 16 Scheduling Conference, the moving party shall

16   attach a copy of the challenged pleading to the Memorandum of Points and

17   Authorities in support of the motion.

18         The foregoing provisions apply as well to motions to dismiss a counterclaim,

19   answer, or affirmative defense that a plaintiff might file.

20         **(b)**     **Length and Format of Motion Papers: Memoranda of Points**

21   **and Authorities in support of or in opposition to motions shall not exceed 25**

22   **pages. Replies shall not exceed 12 pages.** Only in rare instances and for good cause

23   shown will the Court grant an application to extend these page limitations.

24         Typeface shall comply with Local Rule 11-3.1.1. If Times Roman font is used

25   the size must be no less than 14; if Courier is used, the size must be no less than 12.

26   Footnotes shall be in typeface no less than one size smaller than text size

27

28

EXHIBIT _____ 31 _____

PAGE _____ 284 _____

1   and shall be used sparingly.

2       Filings that do not conform to the Local Rules and this Order will not be

3   considered.

4           (c)    **Citations to Case Law:** Citations to case law **must** identify not

5   only the case being cited, but the specific page being referenced. Certain kinds of

6   authority are considered more useful - or authoritative - than others. If more than one

7   authority is cited in support of a proposition, these supporting authorities are to be

8   listed such that the more authoritative ones appear first.

9           (d)    **Citations to Statutory Sources:** Counsel are reminded that the

10  basic purpose of a legal citation is to allow the reader to locate a cited source

11  accurately and efficiently. Accordingly, statutory references should identify, with

12  specificity, which sections and subsections are being referenced (e.g., Jurisdiction

13  over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants

14  the district courts jurisdiction over all offenses of the Submarine Cable Act, whether

15  the infraction occurred within the territorial waters of the United States or on board a

16  vessel of the United States outside said waters). Statutory references which do not

17  indicate specifically which section and subsection are being referred to (e.g.,

18  Plaintiffs allege conduct in violation of the Federal Electronic Communication

19  Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**. Citations to treatises,

20  manuals, and other materials should similarly include the volume and the section

21  being referenced.

22          (e)    **Citations to Other Sources:** Parties offering evidence in support

23  of, or in opposition to, a motion (notably a Rule 56 motion) must cite to specific page

24  and line numbers in depositions and paragraph numbers in affidavits. Furthermore,

25  such evidence must be authenticated properly. The Court directs the parties to

26  become familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th Cir.

27  2002).

28

EXHIBIT _____ 31

PAGE _____ 285

5

Received:   4/14/06  3:56PM;                RightFAX -> JetFax M920;   Page 7
. RightFAX          4/1  2006 3:55    PAGE 007/011    Fax Server

1       **(f)**   **Courtesy Copies:**  Counsel shall deliver a conformed courtesy

2   copy of all opposition and reply papers in motion matters to the courtesy box on the

3   wall outside the entrance to Courtroom No. One, located on the Second Floor of the

4   U.S. Courthouse, 3470 Twelfth Street, Riverside, California, **by 4:00 p.m. on the**

5   **date due.**

6       **(g)**   **Limits on Motions**

7           **(1) Motions for Summary Judgement or Partial Summary**

8   **Judgement:**  No party may file more than one motion pursuant to

9   Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for

10  summary judgment or summary adjudication.

11          **(2) Motions in Limine:**  No party may file more than five

12  motions in limine.

13      **5.**   **Proposed Orders:**  Each party filing or opposing a motion or seeking

14  the determination of any matter shall serve and lodge a Proposed Order setting forth

15  the relief or action sought and a brief statement of the rationale for the decision with

16  appropriate citations.  If the Proposed Order exceeds two pages, the proposing party

17  shall also submit the document on a 3½-inch diskette compatible with WordPerfect

18  7.0 or higher.

19      **6.**   **Ex Parte Applications:**  Counsel are reminded that ex parte applications

20  are solely for extraordinary relief.  See Mission Power Engineering Co. v. Continental

21  Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications which fail to conform

22  with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's**

23  **position,** will not be considered.  Any opposition must be filed not later than 24 hours

24  after service.  If counsel do not intend to oppose the ex parte application, counsel

25  must inform the court clerk by telephone.  The Court considers ex parte applications

26  on the papers and usually does not set these matters for hearing.

27

28

      6

EXHIBIT _____ 31

PAGE _____ 286

Received:   4/14/08   3:56PM;                RightFAX -> JetFax M920;   Page 8
'RightFAX                    4/1   2006 3:55   PAGE 008/011   Fax Server

Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of

non-opposition papers to the courtesy box outside the entrance to Courtroom No. 1,

located on the Second floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside,

California. The courtroom deputy clerk will notify counsel of the Court's ruling or a

hearing date and time, if the Court determines a hearing is necessary.

   7.   **Applications or Stipulations to Extend the Time to File any**

**Required Document or to Continue any Pretrial or Trial Date:** No stipulations

extending scheduling requirements or modifying applicable rules are effective until

and unless the Court approves them. Both applications and stipulations must be filed

in advance of the date due and set forth:

   (a)   the existing due date or hearing date as well as the discovery

cutoff date, the last date for hearing motions, the pre-trial conference date and the

trial date;

   (b)   specific, concrete reasons supporting good cause for granting the

extension; and

   (c)   whether there have been prior requests for extensions, and

whether these were granted or denied by the Court.

   8.   **TROs and Injunctions:** Parties seeking emergency or provisional relief

shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on

any application for such relief for at least 24 hours after the party subject to the

requested order has been served; such party may file opposing or responding papers

in the interim. [2] The parties shall lodge a courtesy copy, conformed to reflect that it

has been filed, of all papers relating to TROs and injunctions. The courtesy copy

shall be placed in the courtesy box outside the entrance to Courtroom No. One,

---

[2]   Local Rule 7-19.2 - Waiver of Notice. If the Judge to whom the application is
made finds that the interest of justice requires that the ex parte application be heard without
notice (which in the instance of a TRO means that the requisite showing under Fed.R.Civ.P
65(b) has been made) the judge may waive the notice requirement of L.R. 7-19.1.

EXHIBIT _____ _3!__

PAGE _____ 287

Received:    4/14/08   3:57PM;                    RightFAX -> JetFax Mc~o;   Page 9
· RightFAX               4/1~, 2006 3:55    PAGE 009/011    ·'ax Server

1   located on the Second floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside,

2   California. All such papers shall be filed "loose" - - i.e., not inside envelopes.

3        **9.**    **Cases Removed From State Court:** All documents filed in state court,

4   including documents appended to the complaint, answers, and motions, must be

5   refiled in this Court as a supplement to the Notice of Removal, if not already

6   included. See 28 U.S.C. § 1447(a)(b). If the defendant has not yet responded, the

7   answer or responsive pleading filed in this Court must comply with the Federal Rules

8   of Civil Procedure and the Local Rules of the Central District. If a motion was

9   pending in state court before the case was removed, it must be re-noticed in

10  accordance with Local Rule 6-1.

11       **10.**   **ERISA Cases:** Absent an agreed upon statement of facts, the court will

12  not hear motions for summary judgment, but will hear motions to determine the

13  standard of review and the scope of the administrative record. See Kearney v.

14  Standard Insurance Co., 175 F.3d 1084 (9th Cir. 1999). There will be a court trial

15  (usually confined to oral argument) on the administrative record.

16       **11.**   **Status of Fictitiously Named Defendants:** This Court intends to

17  adhere to the following procedures where a matter is removed to this Court on

18  diversity grounds with fictitiously named defendants referred to in the complaint.

19  (See 28 U.S.C. §§ 1441(a) and 1447.)

20           (a)     Plaintiff is normally expected to ascertain the identity of and serve

21  any fictitiously named defendants within 120 days of the removal of the action to this

22  Court.

23           (b)     If plaintiff believes (by reason of the necessity for discovery or

24  otherwise) that fictitiously named defendants cannot be fully identified within the

25  120-day period, an ex parte application requesting permission to extend that period to

26  effectuate service may be filed with this Court. Such application shall state the

27  reasons therefor, and may be granted upon a showing of good cause. The ex parte

28

8    EXHIBIT  31

     PAGE     288

Received:    4/14/06   3:57PM;                RightFAX -> JetFax M⁻⁻0;  Page 10
RightFAX              4/1₊/2006 3:55   PAGE 010/011   Fax Server

1   application shall be served upon all appearing parties, and shall state that appearing

2   parties may comment within seven (7) days of the filing of the ex parte application.

3            (c)    If plaintiff desires to substitute a named defendant for one of the

4   fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for

5   the previously-identified defendants (and counsel for the fictitiously named party, if

6   that party has separate counsel).  If consent is withheld or denied, plaintiff may apply

7   ex parte requesting such amendment, with notice to all appearing parties.  Each party

8   shall have seven calendar days to respond.  The ex parte application and any response

9   should comment not only on the substitution of the named party for a fictitiously

10  named defendant, but on the question of whether the matter should thereafter be

11  remanded to the Superior Court if diversity of citizenship is destroyed by the addition

12  of the new substituted party.  See 28 U.S.C. § 1447(c)(d).

13       **12.**    **Communications with Chambers:**  Counsel shall not attempt to contact

14  the Court or its chambers staff by telephone or by any other ex parte means, although

15  counsel may contact the courtroom deputy, at (951) 328-4464, with appropriate

16  inquiries.  To facilitate communication with the courtroom deputy, counsel should list

17  their facsimile transmission numbers along with their telephone numbers on all

18  papers.

19       **13.**    **Notice of this Order:**  Counsel for plaintiff shall immediately serve this

20  Order on all parties, including any new parties to the action.  If this case came to the

21  Court by noticed removal, defendant shall serve this Order on all other parties.

22

23

24

25

26

27

28

9

EXHIBIT 31

PAGE 289

Received:   4/14/06   3:58PM;                RightFAX -> JetFax M920;   Page 11
RightFAX              4/1    2006 3:55    PAGE 011/011    Fax Server

1   **14.   Internet Site:**  Counsel are encouraged to review the Central District's

2   Website for additional information.[3]  The address is "http://www.cacd.uscourts.gov."

3

4   IT IS SO ORDERED.

5   Dated: April 14, 2006

6

7                                     *S.G. Larson*

8                               STEPHEN G. LARSON
                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20   _____

21   [3] Copies of the Local Rules are available on our website at
     "http: //www.cacd.uscourts.gov" or they may be purchased from one of the following:
22
     Los Angeles Daily Journal
23   915 East 1st Street
     Los Angeles, California  90012
24
     West Publishing Company
25   610 Opperman Drive
     Post Office Box 64526
26   St. Paul, Minnesota  55164-0526

27   Metropolitan News
     210 South Spring Street
28   Los Angeles, California  90012

                                    10

EXHIBIT 3|

PAGE   290

# EXHIBIT 32

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:   Mattel, Inc.

RESPONDING PARTIES:   MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.:   SUPPLEMENTAL

EXHIBIT 32

PAGE 291

07209/2227746.2

12-3

MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3   Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4   Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5   individually answer the following Interrogatory separately and fully, in writing and

6   under oath, within 30 days after service hereof.  The Responding Parties shall be

7   obligated to supplement their responses to the Interrogatories at such times and to

8   the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                                  **Definitions**

11         1.     "YOU" and "YOUR" mean each of the Responding Parties.

12         2.     "PERSON" or "PERSONS" means all natural persons,

13   partnerships, corporations, joint ventures and any kind of business, legal or public

14   entity or organization, as well as its, his or her agents, representatives, employees,

15   officers and directors and any one else acting on its, his or her behalf, pursuant to

16   its, his or her authority or subject to its, his or her control.

17         3.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

18   "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

19   <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

20   limited to, all writings and records of every type and description including, but not

21   limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

22   electronic mail ("e-mail"), COMMUNICATIONS, records of telephone

23   conversations, handwritten and typewritten notes of any kind, statements, reports,

24   minutes, recordings, transcripts and summaries of meetings, voice recordings,

25   pictures, photographs, drawings, computer cards, tapes, discs, printouts and records

26   of all types, studies, instruction manuals, policy manuals and statements, books,

27   pamphlets, invoices, canceled checks and every other device or medium by which or

28   through which information of any type is transmitted, recorded or preserved.

1   Without any limitation on the foregoing, the term "DOCUMENT" shall include all

2   copies that differ in any respect from the original or other versions of the

3   DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

4   originals containing initials, comments, notations, insertions, corrections, marginal

5   notes, amendments or any other variation of any kind.

6         4.      "COMMUNICATION" or "COMMUNICATIONS" means and

7   includes any disclosure, transfer or exchange of information between two or more

8   PERSONS, whether orally or in writing, including without limitation, any

9   conversation or discussion by means of meeting, letter, telephone, note,

10  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or

11  other medium, including without limitation in written, audio or video form.

12        5.      "REFER OR RELATE TO" a given subject matter means relate

13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16        6.      "IDENTIFY" or "IDENTITY" means the following:

17              (a)     with reference to an individual or individuals, means to

18  state, fully and separately as to each, such individual's full name, any known

19  business title, current or last known business affiliation, current or last known

20  residential address, current or last known business address, current or last known

21  relationship to MGA, and current or last known telephone number.

22              (b)     with reference to an entity or entities, means to state, fully

23  and separately as to each, such entity's full name, state (or country) of incorporation

24  or organization, present or last known address, and present or last known telephone

25  number.

26              (C)     with reference to any DOCUMENT or DOCUMENTS,

27  means to describe each DOCUMENT by Bates number. In the event that a

28  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to

-3-
MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

EXHIBIT _____ 32

PAGE _____ 293

1  each such DOCUMENT, to provide a complete description of it such that it may be

2  the subject of a request for the production of documents, including by stating the

3  date, identity of the author, addressee(s), signatories, parties, or other PERSONS

4  identified therein, its present location or custodian and a description of its contents.

5       7.    "Any" as used in these interrogatories includes the word "all,"

6  and the word "all" as used in these interrogatories includes the word "any."

7       8.    The singular form of a noun or pronoun includes within its

8  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

9  the masculine form of a pronoun also includes within its meaning the feminine form

10  of the pronoun so used, and vice versa; the use of any tense of any verb includes

11  also within its meaning all other tenses of the verb so used, whenever such

12  construction results in a broader request for information; and "and" includes "or"

13  and vice versa, whenever such construction results in a broader disclosure of

14  documents or information.

15                           **Instructions**

16       A.    When an interrogatory requests disclosure of a

17  COMMUNICATION or other information as to which YOU claim any privilege or

18  protection as a ground for nondisclosure, identify each PERSON who participated in

19  or had knowledge of the COMMUNICATION or other information and provide the

20  following:

21       (i)    the privilege or protection that YOU claim precludes disclosure;

22       (ii)   the subject matter of the COMMUNICATION or information

23             (without revealing the content as to which the privilege is claimed);

24             and

25       (iii)  any additional facts or grounds on which YOU base YOUR

26             claim of privilege or protection.

27       B.    When an interrogatory requests that YOU provide information,

28  YOU are required to supply all information known by or available to YOU or

-4-

MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

EXHIBIT 32

PAGE  294

1  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2  If YOU cannot completely answer the interrogatory in whole or in part after making

3  diligent efforts to do so, please so state. Then describe in detail all efforts made to

4  answer the interrogatory or portion thereof; identify every PERSON involved in

5  such efforts; and state the additional information YOU need, if any, to respond

6  completely to the interrogatory.

**Interrogatory**

7

8  SUPPLEMENTAL INTERROGATORY:

9          State all facts which support YOUR affirmative defenses, and

10  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

11  REFER OR RELATE to such facts.

12  DATED:  December 3, 2007          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
13

14

15  By
              B. Dylan Proctor
16            Attorneys for Plaintiff
              Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

07209/2227746.2

-5-
MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANT'S AFFIRMATIVE DEFENSES

EXHIBIT 32

PAGE         295

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On December 3, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS'**

5    **AFFIRMATIVE DEFENSES** on the parties in this action as follows:

6    Thomas J. Nolan, Esq.                    Mark E. Overland, Esq.
     **Skadden, Arps, Slate, Meagher &**      David C. Scheper, Esq.

7    **Flom LLP**                             Alexander H. Cote, Esq.
     300 South Grand Avenue, Suite 3400       **Overland Borenstein Scheper &**

8    Los Angeles, CA  90071                   **Kim, LLP**
                                              300 South Grand Avenue, Suite 2750

9                                             Los Angeles, CA 90071

10   John W. Keker, Esq.
     Michael H. Page, Esq.

11   Christina M. Anderson, Esq.
     **Keker & Van Nest, LLP**

12   710 Sansome Street
     San Francisco, CA 94111

13

14
     **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)

15   being served.

16   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17
     Executed on December 3, 2007, at Los Angeles, California.

18

19

20   NOW LEGAL -- Dave Quintana

21

22

23

24

25

26

27

28

07209/2312830.1

EXHIBIT  32

PAGE  296

# EXHIBIT 33

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: December 3, 2007
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

      Jim Holmes                         Theresa Lanza
      Courtroom Deputy Clerk             Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Matthew M. Werdegar                     Michael T. Zeller
                                        B. Dylan Proctor
                                        Jon D. Corey

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
                                        GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                         Alexander H. Cote
Carl A. Roth
Ryan Weinstein

PROCEEDINGS:   ORDER GRANTING MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL
               INTERROGATORY; ORDER DENYING MOTION TO STRIKE (OR
               ALTERNATIVELY, FOR SUMMARY JUDGMENT AS TO) AFFIRMATIVE
               DEFENSES

      The Court heard argument on these motions on December 3, 2007. For reasons discussed
on the record, the Court GRANTS the motion for leave to serve a supplemental interrogatory.
Mattel may serve on all opposing parties, and all parties served shall answer without objection
thereto, the following interrogatory:

        State the facts upon which YOU intend to rely at trial to support YOUR
        affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and

MINUTES FORM 90                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                        1              Time: 00/45

                                           EXHIBIT ____33____

                                           PAGE ____297____

RightFAX          '°/4/2007 9:22    PAGE 004/004    Fax Server

all DOCUMENTS that REFER OR RELATE TO those facts.

In light of the Court's granting of the motion for leave to file a supplemental interrogatory, the motion to strike (or alternatively, for summary judgment as to) MGA's affirmative defenses is DENIED WITHOUT PREJUDICE pending completion of discovery in this action.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                         2

Initials of Deputy Clerk __jh_____
Time: 00/45

EXHIBIT __33___
PAGE __298___

# EXHIBIT 34

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 35

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

13            Plaintiff,                    Consolidated with Case Nos. CV 04-
                                            9059 and CV 05-2727
14       vs.
                                            MATTEL, INC.'S SUPPLEMENTAL
15  MATTEL, INC., a Delaware               INTERROGATORY PURSUANT TO
    corporation,                            ORDER DATED SEPTEMBER 25,
16                                          2007
            Defendant.
17  _____            Discovery Cut-off: January 14, 2008
                                            Pre-trial Conference: April 7, 2008
18  AND CONSOLIDATED ACTIONS               Trial Date: April 29, 2008

19                                         Discovery Cutoff: March 3, 2008
                                            Final Pretrial Conf.: June 2, 2008
20                                         Trial Date: July 1, 2008

21

22

23  PROPOUNDING PARTY:        Mattel, Inc.

24  RESPONDING PARTIES:       MGA Entertainment, Inc.

25  SET NO.:                  SUPPLEMENTAL

26

27                                         EXHIBIT ___35___

28                                         PAGE ___312___

07209/2254170.1
                            10-19
                                    MATTEL'S SUPPLEMENTAL INTERROGATORY

1           Pursuant to <u>Federal Rule of Civil Procedure</u> 33 and the Court's Order dated

2 September 25, 2007, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA

3 Entertainment, Inc. answer the following Interrogatory separately and fully, in writing

4 and under oath, within 30 days after service hereof. MGA Entertainment, Inc. shall be

5 obligated to supplement its response to the Interrogatory at such times and to the extent

6 required by the <u>Federal Rules of Civil Procedure</u>.

7

8                              **<u>Definitions</u>**

9          1.    "MGA," "YOU" and "YOUR" means MGA Entertainment, Inc.,

10 any of its current or former employees, officers, directors, agents, representatives,

11 attorneys, experts, divisions, AFFILIATES (including without limitation MGA

12 Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-

13 interest and successors-in-interest, and any other PERSON acting on its behalf,

14 pursuant to its authority or subject to its control. Without limiting the foregoing,

15 "MGA" includes the entities known as ABC International Traders or ABC International

16 Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include

17 BRYANT.

18          2.    "MATTEL" means Mattel, Inc., its current employees, officers,

19 directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

20 AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

21 PERSON acting on its behalf, pursuant to its authority or subject to its control.

22          3.    "AFFILIATES" means any and all corporations, proprietorships,

23 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

24 indirectly, in whole or in part, own or control, are under common ownership or control

25 with, or are owned or controlled by a PERSON, party or entity, including without

26 limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

27          4.    "PERSON" or "PERSONS" means all natural persons, partnerships,

28 corporations, joint ventures and any kind of business, legal or public entity or

MATTEL'S SUPPLEMENTAL INTERROGATORY

EXHIBIT __35__

PAGE __313__

1   organization, as well as its, his or her agents, representatives, employees, officers and
2   directors and any one else acting on its, his or her behalf, pursuant to its, his or her
3   authority or subject to its, his or her control.

4           5.      "DESIGN" or "DESIGNS" means any and all representations,
5   whether two-dimensional or three-dimensional, and whether in tangible, digital,
6   electronic or other form, including but not limited to all works, designs, artwork,
7   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
8   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
9   practice, developments, inventions and/or improvements, as well as all other items,
10  things and DOCUMENTS in which any of the foregoing are or have been expressed,
11  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

12          6.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
13  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>
14  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence,</u> including, but not limited
15  to, all writings and records of every type and description including, but not limited to,
16  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
17  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
18  any kind, statements, reports, minutes, recordings, transcripts and summaries of
19  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
20  discs, printouts and records of all types, studies, instruction manuals, policy manuals
21  and statements, books, pamphlets, invoices, canceled checks and every other device or
22  medium by which or through which information of any type is transmitted, recorded or
23  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall
24  include all copies that differ in any respect from the original or other versions of the
25  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
26  originals containing initials, comments, notations, insertions, corrections, marginal
27  notes, amendments or any other variation of any kind.

28

EXHIBIT __35__

PAGE __314__

07209/2254170.1

-3-

1        7.    "REFER OR RELATE TO" a given subject matter means relate to,
2 refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
3 state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
4 or in any way pertain to that subject matter, either directly or indirectly.

5        8.    "COMMUNICATION" or "COMMUNICATIONS" means and
6 includes any disclosure, transfer or exchange of information between two or more
7 PERSONS, whether orally or in writing, including, without limitation, any conversation
8 or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
9 telex, telecopier, electronic mail, or any other electronic or other medium, including
10 without limitation in written, audio or video form.

11        9.    "TEST PROJECT" means any DESIGN, project, assignment or
12 other work of any kind created, developed, improved upon or performed by any
13 candidate, interviewee, applicant or prospective or potential employee or independent
14 contractor in advance of, in consideration of, or otherwise as part of or in connection
15 with any interview or interviewing process for, employment or contracting or potential
16 employment or contracting of any kind.

17        10.    "IDENTIFY" or "IDENTITY" means the following:

18        (a)    with reference to an individual or individuals, means to state,
19 fully and separately as to each, such individual's full name, any known business title,
20 current or last known business affiliation, current or last known residential address,
21 current or last known business address, current or last known relationship to MGA, and
22 current or last known telephone number.

23        (b)    with reference to an entity or entities, means to state, fully and
24 separately as to each, such entity's full name, state (or country) of incorporation or
25 organization, present or last known address, and present or last known telephone
26 number.

27        (c)    with reference to any other DOCUMENT or DOCUMENTS,
28 means to describe each DOCUMENT by Bates number.  In the event that a

07209/2254170.1

-4-

1 DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
2 such DOCUMENT, to provide a complete description of it such that it may be the
3 subject of a request for the production of documents, including by stating the date,
4 identity of the author, addressee(s), signatories, parties, or other PERSONS identified
5 therein, its present location or custodian and a description of its contents.

6          (d)     with reference to a TEST PROJECT, means to IDENTIFY
7 the individual who performed, or was requested, asked or solicited to perform, the
8 TEST PROJECT, including without limitation by stating whether the individual was a
9 MATTEL employee at the time; to IDENTIFY the individual who requested, asked for
10 or solicited the TEST PROJECT or caused the TEST PROJECT to be performed; to
11 provide a detailed, full and complete description of the DESIGN, project, assignment or
12 other work that was performed or that was requested, asked or solicited to be
13 performed; and to state the date(s) on which the TEST PROJECT was performed or
14 was requested, asked or solicited to be performed.

15          11.    "Any" as used in these interrogatories includes the word "all," and
16 the word "all" as used in these interrogatories includes the word "any." The singular
17 form of a noun or pronoun includes within its meaning the plural form of the noun or
18 pronoun so used, and vice versa; the use of the masculine form of a pronoun also
19 includes within its meaning the feminine form of the pronoun so used, and vice versa;
20 the use of any tense of any verb includes also within its meaning all other tenses of the
21 verb so used, whenever such construction results in a broader request for information;
22 and "and" includes "or" and vice versa, whenever such construction results in a broader
23 disclosure of documents or information.

24
25
26
27
28

EXHIBIT __35__

PAGE __316__

07209/2254170.1

-5-

1

2

## Instructions

3        A.    When an interrogatory requests disclosure of a
4 COMMUNICATION or other information as to which YOU claim any privilege or
5 protection as a ground for nondisclosure, identify each PERSON who participated in or
6 had knowledge of the COMMUNICATION or other information and provide the
7 following:

8           (i)    the privilege or protection that YOU claim precludes disclosure;

9          (ii)    the subject matter of the COMMUNICATION or information

10              (without revealing the content as to which the privilege is claimed);

11              and

12        (iii)   any additional facts or grounds on which YOU base YOUR claim

13              of privilege or protection.

14        B.    When an interrogatory requests that YOU provide information,
15 YOU are required to supply all information known by or available to YOU or YOUR
16 employees, officers, directors, agents, representatives, attorneys and experts. If YOU
17 cannot completely answer the interrogatory after making diligent efforts to do so,
18 please so state. Then describe in detail all efforts made to answer the interrogatory;
19 identify every PERSON involved in such efforts; and state the additional information
20 YOU need, if any, to respond completely to the interrogatory.

21

22

23

24

25

26

27

28

EXHIBIT __35__

PAGE __317__

07209/2254170.1

-6-

MATTEL'S SUPPLEMENTAL INTERROGATORY

1

**Interrogatory**

2

3  SUPPLEMENTAL INTERROGATORY:

4      IDENTIFY, fully and completely, each and every TEST PROJECT  that

5  YOU caused, had, requested, asked or solicited any PERSON to perform during the

6  time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all

7  PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE

8  TO such TEST PROJECT.

9

10  DATED:  October 19, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12                          By  B. Dylan Proctor

13                              B. Dylan Proctor
                            Attorneys for Plaintiff

14                              Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27                           EXHIBIT ___35___

28                           PAGE ___318___

07209/2254170.1                -7-

MATTEL'S SUPPLEMENTAL INTERROGATORY

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 19, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED SEPTEMBER 25, 2007**

on the parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq. | Mark E. Overland, Esq. |
| **SKADDEN ARPS SLATE MEAGHER** | David C. Scheper, Esq. |
| **& FLOM, LLP** | Alexander H. Cote |
| 300 South Grand Avenue, Suite 3400 | **OVERLAND BORENSTEIN** |
| Los Angeles, CA 90071 | **SCHEPER & KIM LLP** |
| | 300 South Grand Avenue, Suite 2750 |
| | Los Angeles, CA 90071-3144 |

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2261472.1

-1-

EXHIBIT ___35___

PAGE ___319___

## PROOF OF SERVICE

1

2    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4 On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED**

5 **SEPTEMBER 25, 2007** on the parties in this action as follows:

6    Michael H. Page, Esq.
    **KEKER & VAN NEST, LLP**

7    710 Sansome Street
    San Francisco, CA 94111

8

9

10 **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

11 postage thereon fully prepaid.

12    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14    Executed on October 19, 2007, at Los Angeles, California.

15

16        Charlene Ho

17

18

19

20

21

22

23

24

25

26

27

28

07209/2261487.1

EXHIBIT ___35___

PAGE ___320___

# EXHIBIT 36

1

```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3                    EASTERN DIVISION

 4                      - - -

 5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                      - - -

 7  CARTER BRYANT, INDIV,              )
                                       )
 8                    PLAINTIFF,       )
                                       )
 9            VS.                      )  NO. ED CV 04-09049
                                       )  (LEAD LOW NUMBER)
10  MATTEL, INC.,                      )
                                       )
11                   DEFENDANTS.       )
                                       )
12  AND RELATED ACTIONS,              )
                                       )
13
```

# CERTIFIED COPY

```
14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            MONDAY, JANUARY 8, 2007

18                  10:26 A.M.

19

20

21

22
```

EXHIBIT ___3 6___

PAGE ___3 2 1___

```
23           THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
          RIVERSIDE, CALIFORNIA  92501
25              (951) 274-0844
             CSR11457@SBCGLOBAL.NET
```

2

1    APPEARANCES:

2

3    ON BEHALF OF PLAINTIFF/COUNTER DEFENDANT MATTEL, INC.:

4

5                    QUINN EMANUEL
                     BY:   JOHN B. QUINN
6                    BY:   MICHAEL T. ZELLER
                     865 S. FIGUEROA STREET,
7                    10TH FLOOR
                     LOS ANGELES, CALIFORNIA   90017
8                    (213) 624-7707

9

10   ON BEHALF OF PLAINTIFF/COUNTER COMPLAINANT/DEFENDANT,
     CARTER BRYANT:

11

12                   LITTLER MENDELSON
                     BY:   KEITH A. JACOBY
13                   2049 CENTURY PARK EAST,
                     FIFTH FLOOR
14                   LOS ANGELES, CALIFORNIA   90067
                     (310) 553-0308

15

16   ON BEHALF OF MGA ENTERTAINMENT:

17                   O'MELVENY & MYERS LLP
                     BY:   DALE CENDALI
18                   BY:   DIANA M. TORRES
                     400 SOUTH HOPE STREET
19                   LOS ANGELES, CALIFORNIA   90071-2899
                     (213) 430-6000

20

21

22

23

24                            EXHIBIT _____36_____

25                            PAGE _____322_____

1-8-07              ED CV 04-09049

15

```
 1   AND THEY ARE IN THE 'OR.'  THEY'RE NOT ALL OF THEM; ANY ONE OF
 2   THEM COULD SURVIVE.
 3            IN THIS SITUATION, EVERY SINGLE FACTOR IS IN PLACE
 4   WITH REGARD TO THEIR COPYRIGHT INFRINGEMENT AND THEIR TORTIOUS
 5   INTERFERENCE CLAIMS, AT LEAST WITH REGARD TO MGA AND LARIAN.       10:42
 6            LET'S TALK ABOUT UNDUE DELAY, BECAUSE AS JACKSON SAID
 7   IN THE NINTH CIRCUIT, IN DETERMINING WHETHER THERE'S DELAY,
 8   COURTS LOOK TO WHETHER THE MOVING PARTY KNEW OR SHOULD HAVE
 9   KNOWN THE FACTS AND THEORIES RAISED BY THE AMENDMENT IN THE
10   ORIGINAL PLEADING.                                                10:43
11            SO YOU'VE GOT TO LOOK BACK AT THE ORIGINAL PLEADING.
12            AND THE AMENDMENT IS NOT VIEWED FAVORABLY WHEN THE
13   PLAINTIFF KNEW THE FACTS AND THEORIES SINCE THE INCEPTION.  AND
14   THE NINTH CIRCUIT, EVEN IN THE ACURA CASE, WENT ON TO
15   SPECIFICALLY SAY, IF SOMEBODY IS PLAYING A TACTICAL GAME IN       10:43
16   CHOOSING NOT TO DO SOMETHING, THAT'S REALLY NOT GOING TO BE
17   FAVORED.
18            NOW, LET'S LOOK AT TORRES EXHIBIT G.
19            TORRES EXHIBIT G IS THE ANONYMOUS LETTER THAT WAS
20   SENT IN AUGUST OF 2002 TO MATTEL'S CEO, BOB ECKERT.  AND THINK    10:43
21   HOW MUCH IT EXACTLY TRACKS BOTH THEIR ORIGINAL COMPLAINT AND
22   THE AMENDED COMPLAINT.
23            "I HAVE INFORMATION MATTEL SHOULD INVESTIGATE.  IN
24   2000, A MATTEL EMPLOYEE BY THE NAME OF CARTER BRYANT WAS
25   WORKING WITH MATTEL TO DESIGN DOLLS.  ONE OF THE DOLLS HE WAS     10:44
```

1-8-07                    ED CV 04-09049 EXHIBIT___36___

PAGE___323___

16

1   WORKING ON CREATING WAS THE BRATZ DOLLS." IT GOES ON TO SAY,

2   "WHILE HE WAS WORKING WITH MATTEL AND WORKING TO CREATE THESE

3   DOLLS, HE WORKED OUT A DEAL WITH MGA THAT LET HIM COLLECT MONEY

4   IN EXCHANGE FOR THESE DOLLS BEING HIS."

5          MGA KNEW THAT CARTER WAS AN EMPLOYEE WITH MATTEL AND        10:44

6   THAT IT WAS WRONG TO PAY HIM TO STEAL THIS PRODUCT FROM MATTEL.

7          THE COURT:  COUNSEL, I WOULD HATE TO HAVE SOMEONE

8   BRING A COMPLAINT BASED ON AN ANONYMOUS LETTER.  I MEAN, THE

9   LANGUAGE IN THE LETTER ITSELF STATES THAT THIS IS SOMETHING

10  MATTEL SHOULD INVESTIGATE.  MR. QUINN'S POSITION IS TO SATISFY     10:44

11  THE RULE 11 REQUIREMENT.  THAT'S EXACTLY WHAT THEY DID, AND

12  THAT'S WHAT THEY HAVE BEEN DOING, AND NOW THEY'RE SATISFIED,

13  FROM THEIR PERSPECTIVE, THAT THE INFORMATION IS TRUE.

14         MS. CENDALI:  WELL, FIRST OFF, YOUR HONOR, THIS

15  LETTER IS NOT TRUE.  BUT TO BE CLEAR -- JUST TO BE CLEAR THAT      10:44

16  MR. ECKERT DIDN'T JUST PUT IT IN A BOX, HE ASKED HIS HEAD OF HR

17  TO HAVE HIS HEAD OF SECURITY INVESTIGATE IT.  WHAT THEY DID

18  BEYOND THAT WE DON'T KNOW BECAUSE THEY REFUSE TO ANSWER

19  QUESTIONS AND TO PRODUCE A PRIVILEGE LOG ABOUT IT.

20         BUT WHAT WE DO KNOW IS, ON APRIL 27, 2004, THEY WERE        10:45

21  ABLE TO FILE THE ORIGINAL COMPLAINT IN THIS ACTION AGAINST

22  MR. BRYANT; SO CLEARLY, THEY HAD SATISFIED THEIR DUE DILIGENCE

23  OBLIGATIONS --

24         THE COURT:  WITH RESPECT TO THAT ASPECT, RIGHT.  BUT

25  I CERTAINLY KNOW THAT O'MELVENY & MYERS WOULD NOT FILE A          10:45

1-8-07          ED CV 04-09049

EXHIBIT 3⅃

PAGE 324

17

```
 1   COMPLAINT BASED ON AN ANONYMOUS LETTER FROM SOMEBODY SUGGESTING
 2   THAT THERE IS A COPYRIGHT INFRINGEMENT.
 3            MS. CENDALI:  WELL, IF THEY INVESTIGATE IT AS THEY
 4   SHOULD, BECAUSE THERE IS A DUTY OF INQUIRY WITH REGARD TO
 5   ALLEGATIONS.  THEY WERE ON INQUIRY NOTICE AT THIS TIME.  AND    10:45
 6   THEN LET'S TAKE A LOOK AT WHAT THEIR ACTUAL COMPLAINT ENDED UP
 7   SAYING THAT THEY FILED AGAINST --
 8            THE COURT:  COUNSEL, I UNDERSTAND.  IT SAID THE
 9   SAME -- I UNDERSTAND YOUR ARGUMENT.  THERE'S NOTHING WHICH
10   REFUTES THE POSITION OF MR. QUINN THAT IT TOOK HIM THAT LONG,   10:46
11   THIS MUCH TIME, TO REASONABLY AND DILIGENTLY INVESTIGATE THIS.
12            MS. CENDALI:  BUT THIS IS THE POINT I WANT TO MAKE,
13   YOUR HONOR, AND IT'S IN PARAGRAPHS 12, 19, 23, 30, 36, AND 41
14   OF THE ORIGINAL COMPLAINT.  WHAT I'M TRYING TO SAY IS THAT THE
15   ORIGINAL COMPLAINT ALLEGED AT ITS TIME -- THOUGH IT DIDN'T NAME  10:46
16   MGA AND LARIAN BY NAME, THEY ADMITTED THAT THEY HAD A COPY OF
17   HIS CONTRACT WITH MGA.  IT SAID MGA ON IT.  IT WAS SIGNED BY
18   MR. LARIAN.  AND WHAT DID THEY SAY?
19            THEY DIDN'T JUST SAY THINGS ABOUT BRYANT.  THEY SAID
20   THAT, IN PARAGRAPH 12, "MATTEL LEARNED THAT BRYANT HAD SECRETLY  10:46
21   AIDED, ASSISTED AND WORKED FOR A MATTEL COMPETITOR, INCLUDING
22   WITH THAT LIMITATION BY ENTERING INTO AN AGREEMENT.  IN
23   ADDITION, WHILE BRYANT WAS EMPLOYED, BRYANT AND THE OTHER
24   DEFENDANTS CONVERTED MISAPPROPRIATE AND MISUSED MATTEL
25   PROPERTY."  IT GOES ON TO SAY THAT IT --                       10:47
```

1-8-07                ED CV 04-09049  EXHIBIT __36__

PAGE __325__

30

1

2

3                              CERTIFICATE

4

5    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
6    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
     ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
7    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

8

9

10   THERESA A. LANZA, RPR, CSR          7-9-07
     OFFICIAL COURT REPORTER                   DATE

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                EXHIBIT ___36___

25                                PAGE ___326___

                 1-8-07           ED CV 04-09049

# EXHIBIT 37

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**