1  Patricia L. Glaser, State Bar No. 55668
   Alisa Morgenthaler Lever, State Bar No. 146940
2  Scott E. Gizer, State Bar No. 229162
   CHRISTENSEN, GLASER, FINK, JACOBS,
3   WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone: (310) 553-3000
5  Facsimile: (310) 556-2920

6  Attorneys for Non-Party Christensen, Glaser, Fink,
   Jacobs, Weil & Shapiro, LLP
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                           EASTERN DIVISION

11 | CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx)
12 |   Plaintiff,                  | Consolidated with
   |                               | Case No. CV 04-09059
13 | v.                            | Case No. CV 05-02727
14 | MATTEL, INC., a Delaware      | **DISCOVERY MATTER**
15 | corporation,                  | **CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP; DECLARATION OF ALISA MORGENTHALER LEVER**
16 |   Defendant.                  |
17 | AND CONSOLIDATED CASES        |
18 |                               |
19 |                               |
20 |                               |
21 |                               | [Filed concurrently with evidentiary objections]
22 |                               | Date: TBA
23 |                               | Time: TBA
   |                               | Place: Telephonic

622773

CHRISTENSEN GLASER'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

Non-Party Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP ("Christensen Glaser") submits this Sur-Reply to address Mattel, Inc.'s ("Mattel") reprehensible and illogical statements in its Reply papers regarding a trial involving one of Christensen Glaser's founding partners, Terry Christensen, and Patricia Glaser's representation of Mr. Christensen in that trial. First and foremost, Mattel's pathetic lack of professionalism in asserting these irrelevant, bad faith statements speaks volumes about the lack of merit to Mattel's Motion. If Mattel's Motion had any merit whatsoever, there would be no reason for Mattel to engage in such smear tactics. Christensen Glaser could certainly engage in its own mudslinging campaign against Mattel and its counsel, but will not stoop to this level. To the contrary, Christensen Glaser demonstrated its good faith and professionalism in connection with this Motion by granting Mattel <u>two</u> extensions to file its Reply without requesting anything in return.

Second, beyond the unprofessional nature of Mattel's specious argument, Mattel's statements are not even accurate,[1] and even if they were accurate, are wholly irrelevant to Mattel's Motion. The government's motion to disqualify Patricia Glaser was <u>denied</u>. A key reason why the motion was denied was Ms. Glaser's prior agreement to appear in response to the government's trial subpoena, and Mr. Christensen's consent to this agreement. This agreement was not brokered by the Court, as Mattel's suggests, but was offered by Ms. Glaser and Mr. Christensen of their own volition before the government's motion was even heard. Notice of this agreement was even provided to the Court prior to its ruling, and the Court referred to this agreement as a main reason for denying the government's motion. Thus, it is entirely false to claim that Ms. Glaser only was brought in to represent Mr. Christensen as a tactic to avoid the government's trial subpoena. In fact, the Court did

---

[1] Amazingly, Mattel was so cavalier and sloppy in its assertions, that it referred to Judge Dale Fischer, the judge presiding over Mr. Christensen's trial, who is a woman, as a "he" in its Reply brief.

621448v1

1

1  not even discuss any purported manipulation of the attorney-client privilege in its
2  order denying the government's motion because it was a non-issue. Accordingly,
3  there is no truth to Mattel's reprehensible assertion that Christensen Glaser has a
4  history of manipulating the attorney-client privilege. Even the inadmissible hearsay
5  and patently unreliable articles offered by Mattel run contrary to Mattel's argument.

   It is also disconcerting, as previously mentioned, that Mattel would assert this bad faith argument after Christensen Glaser granted Mattel a <u>second</u> extension for its Reply on the very evening that such Reply was due. In particular, Mattel's counsel contacted Christensen Glaser <u>after</u> <u>5:00 p.m.</u> on March 28, 2008, (the very date Mattel's Reply was due), to request an extension to Monday to file Mattel's Reply. Christensen Glaser immediately granted this extension <u>without condition</u> and without the requirement of a formal stipulation, although it had no obligation to do so. Declaration of Alisa Morgenthaler Lever, ¶2, Ex. A. Rather than spending this additional time on crafting a well-reasoned and professional argument, Mattel instead decided to abuse Christensen Glaser's courtesy so that it could assert vicious falsehoods, and make irrelevant statements apparently designed to attempt to disguise its Motion's complete lack of merit.

   Mattel and its counsel should be reprimanded and sanctioned for their reprehensible and unprofessional conduct.

DATED: April 2, 2008

Patricia L. Glaser
Alisa Morgenthaler Lever
Scott E. Gizer
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

By: /s/ Scott E. Gizer
Scott E. Gizer
Attorneys for Non-Party Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP

621448v1

2

CHRISTENSEN GLASER'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

## DECLARATION OF ALISA MORGENTHALER LEVER

I, Alisa Morgenthaler Lever, declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California, and I am a Partner with the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP, ("Christensen Glaser") counsel of record for Non-Party Christensen Glaser. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. Juan Pablo Alban, counsel for Mattel, sent me and my colleague, Scott Gizer, an e-mail <u>after 5:00 p.m.</u> on March 28, 2008, (the very date Mattel's Reply was due), to request an extension to Monday, March 31, 2008, to file Mattel's Reply. Mr. Alban also left me and Mr. Gizer a voicemail requesting an extension. Upon review of Mr. Alban's e-mail and voicemail message, I immediately sent him an e-mail granting the requested extension <u>without condition</u> and without the requirement of a formal stipulation, although I had no obligation to do so. A true and correct copy of the e-mail chain between Mr. Alban and me is attached hereto as Exhibit "A."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of April, 2008 at Los Angeles California.

*Alisa Morgenthaler Lever*
ALISA MORGENTHALER LEVER

621448v1

3

CHRISTENSEN GLASER'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

**EXHIBIT A**

## Alisa Morgenthaler Lever

**From:** Juan Pablo Alban [juanpabloalban@quinnemanuel.com]
**Sent:** Friday, March 28, 2008 5:29 PM
**To:** Alisa Morgenthaler Lever; Scott Gizer
**Cc:** Patricia Glaser
**Subject:** RE: Reply

Thank you.

Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3624
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: juanpabloalban@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Alisa Morgenthaler Lever [mailto:amorgenthaler@chrisglase.com]
**Sent:** Friday, March 28, 2008 5:26 PM
**To:** Juan Pablo Alban; Scott Gizer
**Cc:** Patricia Glaser
**Subject:** RE: Reply

O.K.

Alisa Morgenthaler Lever
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
T: (310) 282-6287
F: (310) 556-2920
E-mail: Amorgenthaler@chrisglase.com
This message and any attached documents may contain information from the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Juan Pablo Alban [mailto:juanpabloalban@quinnemanuel.com]

4/1/2008

**Sent:** Friday, March 28, 2008 5:11 PM
**To:** Scott Gizer; Alisa Morgenthaler Lever
**Subject:** Reply
**Importance:** High

Scott and Alisa,

I just left voicemails with both of you. I apologize for the late notice, but can we please have until Monday to file the Reply? Hopefully this is not a problem since the hearing is not happening on April 4 and there is no set date yet. Let me know, thanks.


Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3624
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: juanpabloalban@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

4/1/2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 2, 2008, the foregoing documents were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP; DECLARATION OF ALISA MORGENTHALER LEVER**

_____
SCOTT E. GIZER

621448v1

4

CHRISTENSEN GLASER'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION OF CHRISTENSEN GLASER

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On April 2, 2008, I served the foregoing document(s) described as:

**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP'S SUR-REPLY IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP; DECLARATION OF ALISA MORGENTHALER LEVER**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Juan Pablo Alban, Esq.<br>Jon D. Corey, Esq.<br>Timothy L. Alger, Esq.<br>QUINN EMANUEL URQUHARD<br>  OLIVER & HEDGES, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Fax No.: (213) 443-3100<br>johnquinn@quinnemanuel.com | Jose Allen, Esq.<br>Amy Park, Esq.<br>SKADDEN ARPS SLATE MEAGHER & FLOM, LLP<br>Four Embarcadero center<br>Suite 3800<br>San Francisco, California 94111<br>jose.allen@skadden.com |

☐ (BY MAIL)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY PERSONAL SERVICE)   I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☒ (BY E-MAIL)   I caused such documents to be delivered via electronic transmission to the offices of the addressee(s) at the e-mail addresses listed.

Executed this on April 2, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Scott E. Gizer

605587-1