1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8
                       UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10
                              EASTERN DIVISION
11

12 CARTER BRYANT, an individual,           CASE NO. CV 04-9049 SGL (RNBx)

13                    Plaintiff,           Consolidated with:

14       v.                                Case No. CV 04-09059
                                           Case No. CV 05-02727
15 MATTEL, INC., a Delaware
   Corporation,                            The Honorable Stephen G. Larson
16
                      Defendant,           **MATTEL, INC.'S EVIDENTIARY
17                                         OBJECTIONS TO THE
                                           DECLARATIONS OF KENNETH A.
18 AND CONSOLIDATED                        PLEVAN AND MICHELLE CAMPANA
   ACTIONS.                                SUBMITTED CONCURRENTLY WITH
19                                         ITS OPPOSITION TO MATTEL, INC.'S
                                           MOTION TO DISQUALIFY MGA
20     **PUBLIC REDACTED**                 ENTERTAINMENT, INC.'S COUNSEL
                                           SKADDEN ARPS AND EXPERT
21                                         CHRISTINA TOMIYAMA**

22
                                           Hearing Date: April 7, 2008
23                                         Time:         10:00 a.m.
                                           Place:        Courtroom 1
24
                                           **Phase 1:**
25                                         Discovery Cut-Off:     January 28, 2008
                                           Pre-Trial Conference:  May 5, 2008
26                                         Trial Date:            May 27, 2008

27

28

07209/2457909.1

-1-
EVIDENTIARY OBJECTIONS TO PLEVAN AND CAMPANA DECS.

Mattel, Inc. respectfully submits the following Evidentiary Objections to the seclarations of Kenneth A. Plevan and Michelle Campana, submitted concurrently with MGA's Opposition to Mattel's Motion to Disqualify. At the outset, the entirety of Mr. Plevin's Declaration should be stricken because it contradicts Ms. Tomiyama's sworn testimony. <u>Packard Bell NEC, Inc. v. Aztech Systems, LTD.</u>, 2001 WL 880957, at *9, n.2 (C.D. Cal., 2001); <u>MMR/Wallace Power & Indus., Inc. v. Thames Assoc.</u>, 764 F.Supp. 712, 726 (D.Conn. 1991).

I. **OBJECTIONS TO THE DECLARATION OF KENNETH A. PLEVAN.**

| | Objectionable Evidence | Objection |
|---|---|---|
| 1. | Plevan Dec. ¶ 9<br><br>"Ms. Tomiyama told us that the approach she used in making a comparison of dolls was hers alone, based on her experience, and that no one in the Mattel legal department had ever told her how to analyze or compare dolls. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 9 is objectionable on both hearsay and lack of foundation grounds. <u>Fed. R. Evid.</u> 602, 802. |
| 2. | Plevan Dec. ¶ 11<br><br>"Also in the first meeting on | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 11 is objectionable on both |

| | Objectionable Evidence | Objection |
|---|---|---|
| | November 1, 2007, as a follow-up to the foregoing discussion, I specifically asked Ms. Tomiyama if she was ever asked by Mattel to discuss or address any dispute or possible dispute between any MGA product and any Mattel product. She assured us she had not been." | hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |
| 3. | Plevan Dec. ¶ 12<br><br>"I then followed up by specifically asking if her views had been sought concerning any comparison between Bratz and Mattel's My Scene dolls. Again Ms. Tomiyama responded in the negative. Ms. Tomiyama told us that the substance of the legal matters in dispute or possible dispute with MGA and Carter Bryant had never been raised with her by Mattel's lawyers, nor did she raise the subject." | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 12 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |
| 4. | Plevan Dec. ¶ 13<br><br>███████████████ | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 13 is objectionable on both |

| | Objectionable Evidence | Objection |
|---|---|---|
| | ███████████████ | hearsay and lack of foundation ground. Fed. R. Evid. 602, 802. |
| 5. | Plevan Dec. ¶ 15, in part. | Hearsay. Fed. R. Evid. 802. |

| | Objectionable Evidence | Objection |
|---|---|---|
| | "Ms. Tomiyama stated that she had never seen [Bryant's drawings] before." | |
| 6. | Plevan Dec. ¶ 17, in part.<br><br>"Ms. Tomiyama had only identified the general topic of discussion or general type of consultation she had with Mattel's attorneys, and had described her personal methodology she employed to compare dolls in general terms, relying on her own expertise and not on any instruction from Mattel. She was not asked to and did not discuss how the methodology was applied in any particular case. She told me that her expertise was based on her personal doll industry experience, not something she had ever learned from Mattel's lawyers." | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 17 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |
| 7. | Plevan Dec. ¶ 21, in part.<br><br>"As noted, Ms. Tomiyama had told us that the approach she used was based solely on her own expertise and | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 21 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |

| | Objectionable Evidence | Objection |
|---|---|---|
| | experience, and that the Mattel legal department had never given her any direction or guidance on how to perform an analysis." | |
| 8. | Plevan Dec. ¶ 24, in part.<br><br>"My recollection is that after receiving those materials [about Simba litigation], Ms. Tomiyama advised us that while the face paint manager, she recalled being told that a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 24 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |
| 9. | Plevan Dec. ¶ 25<br><br>"Ms. Tomiyama further explained to me that with respect to the resolved Simba dispute, she had suggested that her department could create samples of face paints for Simba that in her view were not objectionable, and that these could then be given to Simba | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 25 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |

| | Objectionable Evidence | Objection |
|---|---|---|
| | for guidance. Ms. Tomiyama also told us that she had found on her home computer a copy of what is Ex. A to her report, a set of photos of the examples of doll heads created by her face-paint team to illustrate doll faces that would not in her view be of concern to Mattel. She explained that the document was on her home computer because she had worked at home to prepare the composite of the photos." | |
| 10. | Plevan Dec. ¶ 26, in part.<br><br>"Ms. Tomiyama also told me in this initial conversation about Simba that the photo montage her group had prepared had been given to Simba. Her expert report ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 26 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |
| 11. | Plevan Dec. ¶ 30, in part.<br><br>"Ms. Tomiyama told me that during the period covered by her separation agreement, Mattel contacted her | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 30 is objectionable on both hearsay and lack of foundation grounds. Fed. R. Evid. 602, 802. |

| | Objectionable Evidence | Objection |
|---|---|---|
| | infrequently, and only about inconsequential matters." | |

## II. OBJECTIONS TO THE DECLARATION OF MICHELLE CAMPANA.

| | Objectionable Evidence | Objection |
|---|---|---|
| 12. | Campana Dec. ¶ 6, in part.<br><br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ She specifically told us that she had not been asked by Mattel to analyze similarities or differences between Bratz and My Scene dolls, or between any other Mattel product and an MGA product."." | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 6 is objectionable on both hearsay and lack of foundation grounds.  Fed. R. Evid. 602, 802. |
| 13. | Campana Dec. ¶ 7<br><br>"Also during the November 1 meeting, Ms. Tomiyama explained that her methodology for comparing | 1. To the extent being offered to prove what Ms. Tomiyama knew, conveyed, or did, ¶ 7 is objectionable on both hearsay and lack of foundation grounds.  Fed. R. Evid. 602, 802. |

| | |
|---|---|
| dolls was her own approach and that no one had told her how to do it." | |

DATED: April 2, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Jon D. Corey /s/
    Jon D. Corey
    Attorneys for Mattel, Inc.