THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA DEFENDANTS AND CARTER BRYANT'S JOINT *EX PARTE* APPLICATION FOR AN ORDER STRIKING MATTEL'S EXHIBIT LIST<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

MGA DEFENDANTS AND CARTER BRYANT'S JOINT *EX PARTE* APPLICATION FOR AN ORDER
STRIKING MATTEL'S EXHIBIT LIST
Case No. CV 04-9049 SGL (RNBx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rules 7-19 and 16-14, and Rules 16 and 26 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927, counter-defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties"), and Carter Bryant submit this *ex parte* Application for an order striking Mattel's proposed list of trial exhibits.

This Application is made on the ground that Mattel failed to comply with its obligations under Rules 16 and 26 of the Federal Rules of Civil Procedure to provide, in good faith, a list of the exhibits it actually intends to use at trial. Rather than act in good faith, Mattel submitted a list of more than <u>21,000 trial exhibits</u>, most of which have nothing to do with Carter Bryant, Bratz or the issues to be tried in Phase I of this case. As explained below, Mattel should be ordered to revise its exhibit list to a meaningful list of the documents it actually intends to use at trial. Mattel should be ordered to submit this revised list to the MGA Parties and the Court within 24 hours. Once the Court approves the list, the MGA Parties should have 14 days to prepare their objections to Mattel's revised list.

An *ex parte* application may be granted where the evidence shows that the moving party's cause will be irreparably prejudiced if the motion is heard according to the regular noticed motion procedures, and the moving party is without fault in creating the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, the MGA Parties' Application should be heard *ex parte* and the requested relief should be granted because there is good cause to strike Mattel's exhibit list. The MGA Parties' objections to Mattel's 21,000+ entry exhibit list currently are due on April 14, 2008.

1  If this application is not heard *ex parte*, the MGA Parties will be forced to review and prepare objections to Mattel's abusively prepared exhibit list. *Ex parte* relief is appropriate to prevent Mattel's continued abuse of the judicial process.

This Application is based on this notice of application, the accompanying memorandum of points and authorities, the concurrently filed declarations of Robert J. Herrington, and all other pleadings and papers on file with the Court in this action.

### Statement of Compliance with Local Rule 7-19

Counsel for Mattel, Inc. include James Webster, Jon Corey and Dylan Proctor of Quinn, Emaunel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Pursuant to Local Rule 7-19.1, counsel for MGA gave notice of this Application to counsel for Mattel by letter on April 2, 2008. (Declaration of Robert Herrington ("Herrington Decl. "), Ex. 6.) Counsel for the parties met and conferred on April 3, 2008 regarding the relief requested in this motion. Mattel's counsel stated that they intended to look at and potentially reduce their exhibit list, but declined to provide specific parameters or a timeline for potentially reducing the exhibit list. Mattel's counsel indicated they would discuss whether they could make a further proposal to address MGA and Bryant's concerns. Given the press of time, MGA and Bryant could not await any further proposal by Mattel.

DATED: April 3, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan
Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

---

MGA DEFENDANTS AND CARTER BRYANT'S JOINT *EX PARTE* APPLICATION FOR AN ORDER STRIKING MATTEL'S EXHIBIT LIST
Case No. CV 04-9049 SGL (RNBx)
2

# **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT .................................................................................. 1

I.    ARGUMENT ...................................................................................................... 3

    A.    Mattel Had An Obligation To Act In Good Faith To Identify The Exhibits It Intends To Use At Trial. ......................................................... 3

    B.    The Court Should Strike Mattel's Current Exhibit List And Order It To Submit A Revised List Within 24 Hours. ................................... 4

IV.    CONCLUSION .................................................................................................. 5

# TABLE OF AUTHORITIES

**CASES**

*Martin v. Bell Helicopter Co.*,
   85 F.R.D. 654 (D. Colo. 1980) ............................................................. 2, 3

*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps LLP*,
   No. B143260, 2001 WL 1589175 (Cal. Ct. App. Dec. 13, 2001) .................. 1

*Sacramona v. Bridgestone/Firestone, Inc.*,
   106 F.3d 444 (1st Cir. 1997) ..................................................................... 3

*In re Shell Oil Refinery*,
   Civ. A. Nos. 88-1935, 88-2719,
   1992 WL 245566 (E.D. La. Sept. 8, 1992) ........................................... 1, 3, 4

*Unigard Security Insurance Co. v. Lakewood Engineering &
   Manufacturing Corp.*,
   982 F.2d 363 (9th Cir. 1992) ..................................................................... 3

*United States Equal Opportunity Employment Commission v.
   E.I. Du Pont De Nemours & Co.*, No. Civ.A. 03-1605, 2004 WL 2275528
   (E.D. La. Oct. 07, 2004) ............................................................................ 3

*z4 Techs., Inc. v. Microsoft Corp.*,
   No. 6:06-CV-142, 2006 U.S. Dist. LEXIS 58374
   (E.D. Tex. Aug. 18, 2006) .......................................................................... 4

**OTHER**

Fed. R. Civ. Proc. 16(f) ................................................................................... 3

Fed. R. Civ. P. 26 advisory committee notes .................................................. 3

8 Wright, Miller & Marcus, *Federal Practice & Procedure*
   § 2008.1 (Feb. 8, 1994) ............................................................................ 3

## PRELIMINARY STATEMENT

Under the Court's March 11, 2008 *Order Regarding Pretrial Deadlines*, Mattel was ordered to provide MGA with its trial exhibit list by April 1, 2008. Local Rule 16-2.3 required Mattel to disclose the exhibits "to be used" at trial and Federal Rule of Civil Procedure 16(f) required Mattel to act in "good faith" for these disclosures. In the words of another court, Mattel's counsel was expected "to make a good faith review of the documents in the case and choose those that are relevant to the claims they will assert," and "must endeavor to create a list that is useful-one that reflects critical and thoughtful focus on the claims that [it] will assert at trial." *See In re Shell Oil Refinery*, Civ. A. Nos. 88-1935, 88-2719, 1992 WL 245566 at *1 (E.D. La. Sept. 18, 1992) Indeed, today the Court issued an order recognizing that identifying documents "is imperative to narrowing the potential for dispute between the parties at trial...."[1] Sadly, Mattel did not come close to honoring its obligations here.

On April 1, 2008, just before 9:00 pm, Mattel served an exhibit list with <u>21,174 separate exhibits</u>. (*See* Declaration of Robert Herrington ("Herrington Decl.") Ex. 3.)[2] To put these numbers into perspective, even if Mattel were able to admit one exhibit each minute at trial and used every minute of the six-week trial estimate (with no time allotted to MGA), it could introduce only a fraction of its current list.[3] Obviously, it is simply impossible to introduce, let alone use, 21,000+ exhibits with the jury and this number on its face reflects that Mattel did not make a good faith disclosure of the trial exhibits that it actually intends to use at trial.

---

[1] *See* April 3, 2008 Minute Order at 3.

[2] The next day, Mattel added another 75 exhibits that it had "inadvertently omitted" from the list sent the night before. (*Id.* Ex. 4.)

[3] This example is generous. It assumes Mattel can admit one exhibit every minute, and that the Court allows eight hours per day, four days per week for six weeks. (60 exhibits per hour x 8 hours per day x 4 days per week x 6 weeks = 11,520 exhibits).

MGA DEFENDANTS AND CARTER BRYANT'S JOINT *EX PARTE* APPLICATION FOR AN ORDER STRIKING MATTEL'S EXHIBIT LIST
Case No. CV 04-9049 SGL (RNBx)
-1-

Mattel's bloated and unending exhibit list is but the latest in a long series of abuses in this case by Mattel. As this Court is aware, Mattel has taken almost 100 depositions, served several thousand requests for admission and several thousand more requests for production requiring MGA to incur the cost of producing more than 4 million pages of documents. Mattel's 21,000+ entry exhibit list is an effort either to hide the documents Mattel actually intends to rely on at trial or force the MGA Parties to waste resources reviewing and preparing objections to documents that Mattel has no intention of relying on at trial.

Under the Court's orders, the MGA Parties are required to review and object (where appropriate) to each of the exhibits on Mattel's list. The cost in time and money to the MGA Parties in doing so will be enormous – and entirely pointless for the vast majority of this list. Consequently, the Court should strike Mattel's exhibit list and enter an order requiring Mattel to provide MGA and the Court with a meaningful list of the exhibits it actually intends to use at trial within 24 hours, revise their responses to MGA and Bryant's contention interrogatories to identify by Bates Number the trial exhibits responsive to each request,[4] and award any other sanctions the Court believes are appropriate. *See Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 662 (D. Colo. 1980) ("[e]xcessive and unreasonable listing of documents or witnesses, which impose onerous and time-consuming burdens on opposing counsel, shall be considered sanctionable."). After the Court approves Mattel's revised list, MGA should be granted 14 days to prepare appropriate objections.

---

[4] April 3, 2008 Minute Order at 3.

## I. ARGUMENT

### A. Mattel Had An Obligation To Act In Good Faith To Identify The Exhibits It Intends To Use At Trial.

Under the Court's March 11, 2008 *Order Regarding Pretrial Deadlines*, Mattel was obligated to provide MGA with its pretrial disclosures in accordance with Local Rule 16-2 by April 1, 2008. Under Local Rule 16-2.3, Mattel was required to disclose the exhibits "to be used" at trial, and under Federal Rule of Civil Procedure 16(f), Mattel was required to act in "good faith" when making these disclosures. *See* Fed. R. Civ. Proc. 16(f) (providing for sanctions if counsel fails to "obey a scheduling or other pretrial order" or "does not participate in good faith"); *see also In re Shell Oil Refinery*, Civ. A. Nos. 88-1935, 88-2719, 1992 WL 245566, at *1 (E.D. La. Sept. 8, 1992) (counsel is expected "to make a good faith review of the documents in the case and choose those that are relevant to the claims they will assert"; counsel "must endeavor to create a list that is useful-one that reflects critical and thoughtful focus on the claims that [it] will assert at trial.").

If a party fails to comply with these obligations, the Court has discretion to impose sanctions, including excluding evidence and other remedies to insure compliance. *See U.S. Equal Opportunity Employment Comm'n v. E.I. Du Pont De Nemours & Co.*, No. Civ.A. 03-1605, 2004 WL 2275528, at *1 (E.D. La. Oct. 07, 2004) ("Rule 16(f) specifically authorizes the Court to sanction a party for failing to comply with its scheduling order by excluding evidence.") Indeed, "[e]xcessive and unreasonable listing of documents or witnesses, which impose onerous and time-consuming burdens on opposing counsel, shall be considered sanctionable." *Martin*, 85 F.R.D. at 662.[5]

---

[5] "This circuit has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992) (district court has inherent sanctioning power to exclude evidence not only for bad faith but also for willfulness or fault); *see also, Sacramona v.*
(cont'd)

B. **The Court Should Strike Mattel's Current Exhibit List And Order It To Submit A Revised List Within 24 Hours.**

Mattel did not act in good faith. Mattel's exhibit list includes over 21,000 entries, a number that cannot be considered "useful" or meaningful under any standard. *See In Re Shell Oil Refinery*, 1992 WL 245566, at *1 (counsel "must endeavor to create a list that is useful-one that reflects critical and thoughtful focus on the claims that [it] will assert at trial."). By way of comparison, the court in the *In re Shell Oil Refinery* instructed counsel to revise and reduce a list of 10,689 exhibits – about half the size of Mattel's. *Id.* at *1; *see also z4 Techs., Inc. v. Microsoft Corp.*, No. 6:06-CV-142, 2006 U.S. Dist. LEXIS 58374, at **69, 74-77 (E.D. Tex. Aug. 18, 2006) (exhibit list containing several thousand entries was a "flagrant" example of "litigation misconduct.").

An initial review of the documents on Mattel's list provides good reason to suspect that Mattel's lack of good faith was intentional, and that Mattel is simply trying to create work for MGA, forcing it to expend resources reviewing and objecting to thousands upon thousands of pages of irrelevant material that Mattel has no intention of using at trial. Mattel's exhibit list is littered with irrelevant documents having nothing to do with Carter Bryant, Bratz, or the claims and defenses at issue in Phase I of this case.[6] With this application, MGA is submitting a few examples of the irrelevant materials Mattel has included on its list.[7]

MGA respectfully requests that the Court sanction Mattel for its abuse of the judicial system. Under Rule 16(f) and the case law cited above, Mattel should be

---

(cont'd from previous page)
*Bridgestone/Firestone, Inc.*, 106 F.3d 444, 446 (1st Cir. 1997) (district court has inherent power to exclude evidence to prevent unfair prejudice); *see generally* Fed. R. Civ. P. 26 advisory committee notes; 8 Wright, Miller & Marcus, *Federal Practice & Procedure* § 2008.1 (Feb 8, 1994).

[6] Herrington Decl. ¶¶ 8-9.
[7] Herrington Decl. Exs. 7-9.

---

MGA DEFENDANTS AND CARTER BRYANT'S JOINT *EX PARTE* APPLICATION FOR AN ORDER STRIKING MATTEL'S EXHIBIT LIST
Case No. CV 04-9049 SGL (RNBx)
-4-

ordered to "revise its exhibit list to a meaningful list of the exhibits it believes are relevant to the claims it intends to assert at trial." *See In Re Shell Oil Refinery*, 1992 WL 245566, at *1. Mattel should be required to submit this revised list to the Court with 24 hours, and once the Court approves Mattel's list, MGA should have 14 days to provide its objections. If Mattel fails to make a good faith effort to submit a meaningful list of the exhibits it actually intends to use at trial, the Court should enter further sanctions, including preclusive sanctions.[8]

## IV. CONCLUSION

For the foregoing reasons, the MGA Parties respectfully request an order: (1) striking Mattel's exhibit list; (2) requiring Mattel to revise its exhibit list to a meaningful list of the exhibits Mattel actually intends to use at trial; (3) requiring Mattel to submit the revised list to the Court and the MGA Parties within 24 hours; (4) revise their responses to MGA and Bryant's contention interrogatories to identify by Bates Number the trial exhibits responsive to each request; (5) granting the MGA Parties 14 days to prepare and serve objections to Mattel's revised list, running from the date the Court approves Mattel's revised list; and (6) awarding any other relief or sanctions the Court deems just and appropriate.

---

[8] During the meet and confer discussions, Mattel's counsel indicated that they intend to justify their 21,000+ entry exhibit list by arguing that MGA and Bryant's list actually is longer than it appears because it includes summary entries for certain types of documents, including summary entries relating to expert reports and boxes of Bryant drawings that Mattel subpoenaed for production at trial. Any such argument is baseless, as Mattel's exhibit list suffers from the same alleged defect and, thus, by its own flawed logic, brings its total exhibits to well in excess of 21,000. *See* Herrington Decl, Ex. 3: Exhibits A-20581, A-20582, A-20583, A05027, A-07845, A-20540, A-20542, A-20543, A-20544, A-20545, A-20546, A-20547, A-20548, A-20549, A-20550.

MGA DEFENDANTS AND CARTER BRYANT'S JOINT *EX PARTE* APPLICATION FOR AN ORDER STRIKING MATTEL'S EXHIBIT LIST
Case No. CV 04-9049 SGL (RNBx)
-5-

500920-Los Angeles Server 1A - MSW

DATED: April 3, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan

Attorneys for the MGA Parties


KEKER & VAN NEST

By: _____
Matthew Werdegar

Attorneys for Carter Bryant