# EXHIBIT 1

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

RECEIVED

JAN 2 4 2008

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

E-MAIL:
mdiaz@amglaw.com

January 22, 2008
*VIA U.S. MAIL & FACSIMILE*

Michael T. Zeller, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

### RE: Ana Cabrera

Dear Mr. Zeller:

Please be advised that we are in the process of being retained by Ms. Ana Isabel Cabrera and Beatrice Morales regarding the above entitled matter. We understand that you have in your possession a sealed box containing potentially private and personal items belonging to Ms. Cabrera.

The purpose of this letter is to request that you refrain from opening the box and that you immediately return the sealed box to our office. Please be advised that if you fail to comply with our request and in fact conduct an unauthorized search of the box, we will consider such actions to be an invasion of Ms. Cabrera's right to privacy and will seek all necessary legal action.

Finally, if there are any specific items that you believe are relevant to this litigation and that Ms. Cabrera possesses, we request that you seek these items through the appropriate discovery channels and communicate directly with our Firm as her legal representatives.

Your attention to this important matter is appreciated.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

*Maria G. Díaz*
MARÍA G. DÍAZ

MGD:jg

EXHIBIT ____6____
PAGE ____119____

Michael T. Zeller, Esq.
January 22, 2008
Page 2


cc: Ana Cabrera
    Thomas J. Nolan
    John Keker, Michael H. Page and Christina M. Anderson
    Michael E. Overland, David E. Scheper and Alexander H. Cote

EXHIBIT ____6____

PAGE____ 120

# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 6, 2008

<u>VIA MESSENGER</u>

Ramit Mizrahi, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

<u>Mattel v. Bryant</u>

Dear Counsel:

In response to your letter of February 4, 2008, we are providing you with a copy of the audiotape of interviews of Ms. Cabrera and Ms. Morales.

These materials are "Attorneys Eyes Only," and are provided subject to the terms of the Protective Order which you signed and returned to us yesterday.

Please contact us with any questions.

Very truly yours,

James J. Webster

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2380443.1

EXHIBIT ___7___

PAGE ___121___

JJW:csn
07209/2380443.1

Encl.

cc:    Michael T. Zeller, Esq.

EXHIBIT ___7___

PAGE ___122___

# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2008

**VIA MESSENGER**

Ramit Mizrahi, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

Mattel v. Bryant

Dear Counsel:

In response to your letter of February 4, 2008, we are providing you with a copy of the transcripts of interviews of Ms. Cabrera and Ms. Morales.

These materials are "Attorneys Eyes Only," and are provided subject to the terms of the Protective Order which you signed and returned to us this week.

Please contact us with any questions.

Very truly yours,

James J. Webster

JJW:csn
Enclosure

cc:    Michael T. Zeller, Esq.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 300, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2382321.1

EXHIBIT ____8____

PAGE ____123____

**EXHIBIT 9**

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

TO: Ana Isabel Cabrera
    4824 W 123rd Street
    Hawthorne, CA 90250

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Doubletree Hotel | January 24, 2008 |
| 1985 E Grand Ave, El Segundo, CA 90245 | 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 9

PAGE 124

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | 1/16/2008 | 4824 West 123rd Street Hawthorne, CA 90250 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANA ISABEL CABRERA (Witness Fee Paid $50.00) | Personal (Served 1-16-08 at 7:10 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____1/17/2008_____
DATE

_John Erickson_
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___9___

PAGE ___125___

# EXHIBIT 10

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

TO: Beatriz T. Morales
    4835 W 112th Street
    Inglewood, CA 90304

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Doubletree Hotel | January 25, 2008 |
| 1985 E Grand Ave, El Segundo, CA 90245 | 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 16, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT __10__

PAGE __126__

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/16/2008 | 4835 West 112th Street Inglewood, CA 90304 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BEATRIZ T. MORALES (Witness Fee Paid $50.00) | Personal (Served 1-16-08 at 7:00 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| John Erickson | Process Sever |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 1/17/2008 | *John Erickson* |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



EXHIBIT     10

PAGE     127

# EXHIBIT 11

AO88  (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)

TO:  Maria Elena Salazar
11064 Amigo Ave.
Porter Ranch, CA 91326

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by a videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 S. Figueroa St, 10th Fl, Los Angeles, CA 90017 | January 28, 2008 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | January 22, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
James J. Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017    (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___11___

PAGE ___128___

AO-88

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/22/2008 | Bally Total Fitness 9143 DeSoto Ave. Chatsworth, CA 91311 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Maria Elena Salazar | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Terrance Cummings | Private Investigator |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/23/2008___
DATE

SIGNATURE OF SERVER  _Terrance Cummings_

ADDRESS OF SERVER  _445 So. Figueroa St., Suite 3215 Los Angeles, CA 90071_

---

**Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT ___11___

PAGE ___129___

# EXHIBIT 12

# ALLRED, MAROKO & GOLDBERG

### 6300 WILSHIRE BLVD., SUITE 1500
### LOS ANGELES, CALIFORNIA 90048-5217
### Phone (323) 653-6530

## TELECOPIER TRANSMITTAL

---

**PLEASE DELIVER TO:**

      **NAME:**    James Webster, Esq.

      **COMPANY:** Quinn Emanuel Urquhart Oliver & Hedges

      **TELECOPY PHONE NUMBER:** 213/443-3100
                                 Phone: 213/443-3000

**DESCRIPTION:**    *Re: Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales*

**MESSAGE FROM:**    María G. Díaz, Esq.

      **DATE:** January 23, 2008        **TIME:** 3 10

      **TELECOPY PHONE NUMBER:** (323) 653-4712

      **NUMBER OF PAGES including this cover sheet:** _2_

         ____   Original will not follow
         _x_   Original will follow by:
         ____   Hard copy will follow by:

  _x_  Regular Mail        ___ Overnight Courier        ___ Hand Delivery

*THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

**COMMENTS:**

---

Please call Jocelyn at (323) 653-6530 if you do not receive all pages or if message is not legible.

---

EXHIBIT _12_

PAGE _130_

*Law Offices*

# ALLRED, MAROKO & GOLDBERG

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

E-MAIL:
mdiaz@amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

January 23, 2008
*VIA U.S. MAIL & FACSIMILE*

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: **Mattel v. Bryant, Depositions of Ana Cabrera and Beatrice Morales**

Dear Mr. Webster:

Please be advised that we been retained by Ana Cabrera and Beatrice Morales in connection with the above entitled matter. We have just learned that both our Clients were served with deposition subpoenas on January 16, 2008 for appearance on January 24, 2008 and January 25, 2008, respectively.

Given that our Clients have just retained Counsel, they are not prepared to go forward with their depositions as currently scheduled.

Accordingly, please contact me to discuss other mutually agreeable dates for their depositions.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

**DICTATED BUT NOT READ**

MARÍA G. DÍAZ

MGD:jg

cc: Ana Cabrera
    Beatrice Morales
    Thomas J. Nolan, Esq.
    Michael H. Page, Esq.
    Alexander H. Coté, Esq.

EXHIBIT _12_

PAGE _131_

The attached fax was received from 13236531660 on 1/23/2008 at 3:11:30 PM

JobID: 080498

EXHIBIT _/2_

PAGE _/32_

# EXHIBIT 13

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2578
DIRECT FAX
917-777-2578
EMAIL ADDRESS
PMECKLES@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 24, 2008

**VIA FACSIMILE & EMAIL**
Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Bryant v. Mattel, Inc.

Dear Mr. Corey:

        I write regarding depositions.  In light of our motion to quash the depositions subpoenas directed to Mel Woods, Daphne Gronich, Joe Tiongco, Ana Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and NPD Group, Inc, and our related request for a stay of the depositions, we regard all of these depositions as "off" for the time being.  Obviously, if Discovery Master Infante denies our request for a stay we can revisit this issue.

        Please inform any of these witnesses whom you have subpoenaed that there is a pending motion relating to their deposition and that their appearance for the time being will not be necessary.

Very truly yours,

Paul M. Eckles

cc:     Michael Page, Esq.

EXHIBIT _____13_____

PAGE _____133_____

# EXHIBIT 14

## Tiffany Garcia

**From:** James Webster
**Sent:** Friday, January 25, 2008 4:52 PM
**To:** 'pmeckles@skadden.com'
**Cc:** Michael T Zeller; Jon Corey
**Subject:** Paul - I am following up on the voicemail I just left for you

I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we regard all these depositions as "off" for the time being." This includes Maria Salazar's deposition, which as you know is scheduled for this coming Monday. It is now Friday evening. We have had no communication from Salazar or any attorney that may be representing her to the effect that she will not be appearing. If you have any knowledge as to whether she is represented by counsel, and/or whether she is intending to appear for the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition which has been properly noticed and for which the deponent has been served.  Mattel must reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.


James Webster
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  jameswebster@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 14
PAGE 134

# EXHIBIT 15

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14          Plaintiff, | Consolidated with |
| 15        vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S *EX PARTE*<br>APPLICATION TO COMPEL THE<br>APPEARANCE FOR DEPOSITION |
| 17 | OF ANA CABRERA, BEATRIZ |
| 18          Defendant. | MORALES, AND MARIA SALAZAR;<br>AND |
| 19  AND CONSOLIDATED ACTIONS | MEMORANDUM OF POINTS AND |
| 20 | AUTHORITIES |
| 21 | Date:   TBA<br>Time:   TBA<br>Place:  TBA |
| 22 | |
| 23 | **Phase 1**<br>Discovery Cut-off:      January 28, 2008 |
| 24 | Pre-trial Conference:  April 21, 2008<br>Trial Date:              May 27, 2008 |
| 25 | |

26

27                    EXHIBIT _15_

28                    PAGE _135_

07209/2368722.1

MATTEL'S EX PARTE APPLICATION TO COMPEL CABRERA, MORALES, AND SALAZAR

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will, and hereby

3    does, respectfully apply *ex parte*, pursuant to <u>Local Rule</u> 7-19 and <u>Fed. R. Civ. P.</u>

4    30, for an order to compel the depositions of Ana Cabrera, Beatriz Morales, and

5    Maria Salazar.

6            This Motion is made on the grounds that Ms. Cabrera, Ms. Morales,

7    and Ms. Salazar have failed to appear for depositions thus depriving Mattel of

8    testimony that is discoverable and relevant to its claims.  This Application is further

9    made on the grounds that this failure to appear has prejudiced Mattel in that the

10   parties are engaged in a rigorous deposition schedule, and their failure to appear has

11   affected Mattel's ability to question others based on the information that would have

12   been disclosed at these depositions.  <u>See</u> <u>Mission Power Engineering Co. v.</u>

13   <u>Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted

14   upon a showing of prejudice).

15           Pursuant to <u>Local Rule</u> 7-19, on January 28, 2008, Mattel's counsel

16   gave notice of this Application and the relief being sought to counsel for all other

17   parties and the witnesses, including counsel for Gustavo Machado, Alexander Cote

18   of Overland Borenstein Sheper & Kim, LLP (telephone: 213-613-4660; address:

19   300 S. Grand Avenue, Los Angeles, CA 90071), counsel for MGA Entertainment,

20   Inc., MGAE de Mexico, S.A. de C.R.L., MGA Entertainment (HK) Limited, Isaac

21   Larian (collectively "MGA"), and Maria Salazar, Paul Eckles of Skadden, Arps,

22   Slate, Meagher & Flom LLP (telephone: 212-735-2578; address: 4 Times Square,

23   New York, NY 10036), counsel for Carter Bryant ("Bryant"), Michael H. Page

24   (telephone: 415-391-5400; address: 710 Sansome Street, San Francisco, CA 94111-

25   1704), and counsel for Ana Cabrera and Beatriz Morales, Maria Diaz of Allred,

26   Maroko & Goldberg (telephone: 323-653-6530; address: 6300 Wilshire Boulevard,

27   Suite 1500, Los Angeles, California 90048).  Mattel did not receive a response from

28   any counsel.

EXHIBIT ___15___

PAGE ___136___

-i-

MATTEL'S EX PARTE APPLICATION TO COMPEL CABRERA, MORALES, AND SALAZAR

1          This Motion is based on this Notice of Motion and Motion, the

2    accompanying Memorandum of Points and Authorities, the Declaration of Cyrus

3    Naim (and its exhibits) filed concurrently herewith, the records and files of this

4    Court, and all other matters of which the Court may take judicial notice.

5          **<u>Statement of Rule 37-1 Compliance</u>**

6          The parties met and conferred regarding these depositions on January

7    24, 2008 and times thereafter.

8

9    DATED:  January 28, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
10

11

12                                     By /s/ James J. Webster
                                         James J. Webster
13                                       Attorneys for Plaintiff
                                         Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27    EXHIBIT __15__

28    PAGE __137__

# EXHIBIT 16

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)

13 |          Plaintiff,          | Consolidated with
                                    Case No. CV 04-09059
14 |          vs.                 | Case No. CV 05-02727

15 | MATTEL, INC., a Delaware     | **Hon. Stephen G. Larson**
     corporation,
16 |                             | [PUBLIC REDACTED] DECLARATION
                                    OF MICHAEL T. ZELLER IN SUPPORT
17 |          Defendant.          | OF REPLY IN SUPPORT OF MATTEL,
                                    INC.'S *EX PARTE* APPLICATION TO
18 | AND CONSOLIDATED ACTIONS     | COMPEL THE APPEARANCE FOR
                                    DEPOSITION OF ANA CABRERA,
19 |                             | BEATRIZ MORALES, MARIA
                                    SALAZAR, AND MEL WOODS

20 |                             | Date:   February 4, 2008
21 |                             | Time:   10:00 a.m.
                                    Place:  Courtroom 1
22
23 |                             | **Phase 1:**
                                    Discovery Cut-off:      January 28, 2008
24 |                             | Pre-trial Conference:  April 21, 2008
                                    Trial Date:             May 27, 2008

25

26

27        EXHIBIT ___16___

28        PAGE ___138___

07209/2375130.1

ZELLER DEC ISO MATTEL'S REPLY ISO EX PARTE APPLICATION

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.      I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      I engaged in a conference call with counsel for MGA on January 13, 2008, at approximately 5:30 p.m. In that call, I asked counsel who among the witnesses Mattel wished to depose, including Maria Salazar, they represented, and asked that they accept service on behalf of all such witnesses. Counsel did not state that it also represented Maria Salazar, nor did it agree to accept service on her behalf.

3.      Attached as Exhibit 1 is a true and correct copy of excerpts of the deposition transcript of Richard De Anda, dated December 19, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of February, 2008, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller

EXHIBIT __16__
PAGE __139__

-1-
ZELLER DEC ISO MATTEL'S REPLY ISO EX PARTE APPLICATION

# EXHIBIT 1

EXHIBIT _10_

PAGE _140_

# THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

EXHIBIT __16__

PAGE __141__

# EXHIBIT 17

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10                             EASTERN DIVISION

11

12   CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
13              Plaintiff,

14        v.                                Consolidated with
                                            Case No. CV 04-09059
15   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16              Defendant.                  **ORDER RE MGA DEFENDANTS'**
                                            **MOTION TO QUASH DEPOSITION**
17                                          **SUBPOENAS**

18   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
20

21

22        On January 23, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

23   Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA parties") submitted a motion

24   to quash subpoenas issued by Mattel, Inc. ("Mattel") to several non-parties.  On February 7, 2008,

25   Mattel submitted an opposition.  On February 14, 2008, the MGA parties submitted a

26   supplemental and second amended motion to quash the subpoenas issued by Mattel to the

27   following non-parties:  (1) Lucy Arant, (2) Ana Isabel Cabrera, (3) Kami Gilmour, (4) Daphne

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT ___17___

PAGE ___142___

1

1   Gronich, (5) Sarah Halpern, (6) Rachel Harris, (7) Andreas Koch, (8) Cecilia Kwok, (9) Stephen

2   Lee, (10) Peter Marlow, (11) Beatriz Morales, (12) Moss Adams, (13) Amy Myers, (14) NPD

3   Group, Inc., (15) Maria Elena Salazar, (16) Joe Tiongco, (17) Mercedeh Ward, (18) Jeff Weiss,

4   (19) Carol Witschell, (20) Wachovia Corporation, (21) Mel Woods and (22) Eric Yip.  On

5   February 22, 2008, Mattel submitted an opposition to the MGA parties' supplemental and second

6   amended motion to quash, and on February 28, 2008, the MGA parties submitted a reply.  The

7   parties were directed to meet and confer further regarding the motion, which has been completed.

8   The motion was heard on March 10, 2008.

9        Having considered all of the papers submitted by the parties and the comments of counsel

10   at the hearing, it is ordered as follows:

11        1.     Based upon the parties' representations at the hearing, the motion is moot with

12   respect to the following individuals:  Lucy Arant, Sarah Halpern, Rachel Harris, Andreas Koch,

13   Peter Marlow, Jeff Weiss and Amy Myers.

14        2.     Mattel acknowledges that it did not subpoena the following individuals before the

15   January 28, 2008 discovery cut-off and that their depositions cannot be taken without seeking and

16   obtaining leave of court:  Cecilia Kwok, Stephen Lee, Mercedeh Ward, Carol Witschell and Eric

17   Yip.

18        3.     The parties agree that because the subpoenas served on Moss Adams and

19   Wachovia Corporation are the subject of a separate discovery motion, the court should defer

20   consideration of these two subpoenas until the separate motion is heard.

21        4.     The MGA parties' motion to quash is denied as to Ana Isabel Cabrera, Kami

22   Gilmour, Beatriz Morales and Maria Elena Salazar.  Mattel served subpoenas on these individuals

23   before the January 28, 2008 discovery cut-off.  Although Mattel failed to provide the standard

24   ten-day notice, the shortened notice was reasonable under the circumstances.

25        5.     The MGA parties' motion to quash is denied as to Daphne Gronich, MGA's in-

26   house counsel, and Joe Tiongco, an MGA "IT" employee.  These witnesses have potentially

27   relevant information regarding document retention, preservation and collection, and arguably

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___17___

PAGE ___143___

2

1     other issues in the case.  However, in light of the substantial 30(b)(6) testimony Mattel has

2     already received on the subject of document retention, preservation and collection, and to reduce

3     the burden on the witnesses, each deposition is limited to 3 hours.  Mattel may question Daphne

4     Gronich and Joe Tiongco on any subject that is relevant within the meaning of Rule 26,

5     Fed.R.Civ.P.

6         6.      The MGA parties' motion to quash is denied as to NPD Group, Inc. and Mel

7     Woods based upon Mattel's representation that these witnesses have potentially relevant

8     information regarding damages for the Phase I trial.

9         7.      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

10     Discovery Master, the MGA parties shall file this Order with the Clerk of Court forthwith.

11

12     Dated: March //, 2008

                                       HON. EDWARD A. INFANTE (Ret.)

13                                         Discovery Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___17___

PAGE ___144___

3

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 11, 2008, I served the attached ORDER RE MGA DEFENDANTS' MOTION TO QUASH DEPOSITION SUBPOENAS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 11, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT _17_

PAGE _145_

# EXHIBIT 18

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   March 13, 2008

**NUMBER OF PAGES, INCLUDING COVER:2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq. **Allred, Maroko & Goldbery** | 323-653-6530 | 323-653-1660 |
| Marcus Mumford, Esq. **Skadden Arps Slate Meagher & Flom, LLP** | 213-687-5000 | 213-687-5600 |
| Christian C. Dowell, Esq. **Keats, McFarland & Wilson, LLP** | 310-248-3830 | 310-860-0363 |

**FROM:**   James J. Webster

**RE:**   Bryant v. Mattel, et al.,
Case No. CV-0409094 SGL

**MESSAGE:**

MAR 1 3 2008

EXHIBIT _18_

PAGE _146_

00046/2369498.1

| | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|
| CLIENT # | 7209 | RETURN TO:   Jackie J. Tabor | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | OKASAWA | CONFIRMED?   ☐ NO  ☐ YES: ___ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Job number     : 114          *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 8th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     March 13, 2008          **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria Diaz, Esq. Allred, Maroko & Goldberg | 323-653-6530 | 323-653-1660 |
| Marcus Munford, Esq. Skadden Arps Slate Meagher & Flom, LLP | 213-687-5000 | 213-687-5600 |
| Christian C. Dowell, Esq. Kents, McFarland & Wilson, LLP | 310-248-3830 | 310-860-0363 |

**FROM:**     James J. Webster

**RE:**     Bryant v. Mattel, et al.,
            Case No. CV-0409094 SGL

**MESSAGE:**

| | | | |
|---|---|---|---|
| 00046/2362428.1 | | | |
| CLIENT # | 7299 | ROUTE/RETURN TO: Jackie J. Tabor | ☑ CONFIRM FAX ☑ INCLUDE CONF. REPORT |
| OPERATOR: prisawa | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT     18

PAGE     147

# Group Send Report

```
Page       : 001
Date & Time: 03-13-2008   15:12
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL
```

Job number            :   114

Date                  :   03-13  15:10

Number of pages       :   002

Start time            :   03-13  15:10

End time              :   03-13  15:12

Successful nbrs.

    Fax numbers

      ☎1✦13236531660
      ☎1✦12136875600
      ☎1✦13108600363

Unsuccessful nbrs.                                                          Pages sent

EXHIBIT ___18___

PAGE ___148___

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2008

*Via Facsimile & U. S. Mail*

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

**Mattel vs. Bryant, et al. - Cabrera/Morales**

Dear Maria:

In response to your letter of March 12, 2008, we propose that the depositions of Ms. Cabrera and Ms. Morales can take place during the period from March 19 - 20, and March 25 -26.  Although you are traveling, we would be grateful if you would tell us available dates before your return on March 18.

Very truly yours,

James J. Webster

JJW:jjt

cc   Marcus Mumford, Esq.
     Christian C. Dowell, Esq.

EXHIBIT ___18___

PAGE ___149___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-2212 FAX 760-345-2314
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813-3800 FAX 858-813-3856

# EXHIBIT 19

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   March 13, 2008

**NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq. **Keker & Van Nest** | 415-391-5400 | 415-397-7188 |
| Marcus Mumford, Esq. **Skadden Arps Slate Meagher & Flom, LLP** | 213-687-5000 | 213-687-5600 |
| Christian C. Dowell, Esq. **Keats, McFarland & Wilson, LLP** | 310-248-3830 | 310-860-0363 |

**FROM:**   James J. Webster

**RE:**   Bryant v. Mattel, et al.,
Case No. CV-0409094 SGL

MAR 1 3 2008

**MESSAGE:**

EXHIBIT  _19_

PAGE  _150_

76065/2433248.1

**CLIENT #**   7209

**ROUTE/ RETURN TO:**   Jackie J. Tabor

☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

**OPERATOR:**   _PRISCILLA_

CONFIRMED?   ☐ NO   ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

# Group Send Report

Page        : 001
Date & Time: 03-13-2008    16:34
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

Job number          :   115

Date                :   03-13  16:32

Number of pages     :   002

Start time          :   03-13  16:32

End time            :   03-13  16:34

Successful nbrs.

    Fax numbers

        ☎1*14153977188
        ☎1*12136875600
        ☎1*13108600363

Unsuccessful nbrs.                                                    Pages sent

EXHIBIT _____19_____

PAGE _____151_____

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2008

Marcus Mumford, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144

**Mattel vs. Bryant, et al. /Salazar**

Dear Marcus:

Can you please provide available dates for the deposition of Ms. Salazar to be conducted anytime during March 19 -28, 2008?

Very truly yours,

James J. Webster

JJW:jjt

cc:    Christian C. Dowell, Esq.
       Michael H. Page, Esq.

EXHIBIT ___19___

PAGE ___152___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4750 FAX 760-345-4744

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813-3000 FAX 858-813-3100

# EXHIBIT 20

## TELECOPIER TRANSMITTAL

### ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq. *<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**    Re: Mattel/Bryant
Letter dated March 19, 2008

**FROM:**    Maria G. Diaz, Esq.

**DATE:**    March 19, 2008

**TIME:**    12:25 p.m.

No. of pages including cover sheet: 3

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

EXHIBIT _____ 20 _____
PAGE _____ 153 _____

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

March 19, 2008

***VIA FACSIMILE ONLY***

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

> Re:   Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales

Dear Mr. Webster:

As you know, I was on vacation and not available last week. As such, I have just reviewed your letter. Unfortunately, the dates you propose do not work with my schedule. I have just returned today to the office and have numerous other commitments this week. As for the next two weeks, I am in depositions on another matter.

I will check with my clients regarding their availability and give you a date for each of them by end of this week. Please be advised that I intend to produce my clients for only one day of deposition in this matter. If you have authority to the contrary, or if there is an order in this case that I am unaware of, please provide it. Also, as a reminder, that my clients will require a certified interpreter in English/Spanish.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ

MGD:jp
cc:    Ana Cabrera
       Beatriz Morales
       Marcus M. Mumford, Esq.
       Christian Dowell, Esq.

EXHIBIT ___20___

PAGE ___154___