# EXHIBIT 36

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

FAXED

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   March 25, 2008

**NUMBER OF PAGES, INCLUDING COVER: 9**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq.<br>Allred, Maroko & Goldberg | | (323) 653-1660 |

**FROM:**   Cyrus S. Naim
(213) 443-3559
cyrusnaim@quinnemanuel.com

**RE:**   Mattel v. Bryant

**MESSAGE: SEE ATTACHED LETTER**

EXHIBIT _36_

PAGE _234_

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Cyrun Naim | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

| Fax Call Report | HP Color LaserJet 4730mfp Series | |
|---|---|---|
| | | Page 1 |

## Fax Header Information

```
Quinn Emanuel
213-443-3100
25-Mar-2008 08:24 PM
```

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 24 | 25-Mar-2008 08:21 PM | Send | 13236531660 | 2:40 | 9 | Success |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    March 25, 2008          NUMBER OF PAGES, INCLUDING COVER: 9

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq.<br>Allred, Maroko & Goldberg | | (323) 653-1660 |

FROM:    Cyrus S. Naim
(213) 443-3559
cyrusnaim@quinnemanuel.com

RE:    Mattel v. Bryant

MESSAGE: SEE ATTACHED LETTER

EXHIBIT 36

PAGE 235

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Cyrus Naim | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT | |
|---|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

March 25, 2008

<u>VIA FACSIMILE</u>

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048
Fax: (323) 653-1660

<u>Mattel v. Bryant, Reconstruction of Documents Provided by Ana Cabrera</u>

Dear Counsel:

Please see attached a proposed stipulation for your review.  We would be grateful if you would let us know tomorrow if you are agreeable to this.

Very truly yours,

*James Webster (CSN)*

James J. Webster

JJW:csn
07209/2446614.1
Encl.

EXHIBIT _____36_____

PAGE _____236_____

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
07209/2446614 SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED CASES | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA;<br><br>[[Proposed] Order filed concurrently herewith]<br><br>**Phase 1:**<br>Discovery Cut-off:      January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:                May 27, 2008 |

EXHIBIT _36_

PAGE _237_

07209/2446497.1

## **STIPULATION**

1   WHEREAS, Mattel, Inc. ("Mattel") has in its possession certain

2   documents that it received from Ana Cabrera; and

3   WHEREAS, these documents are currently torn into multiple pieces;

4   and

5   WHEREAS, Mattel wishes to conduct non-destructive expert testing

6   upon the documents.

7   NOW, THEREFORE, Ms. Cabrera, MGA and defendant Carter Bryant

8   and Mattel agree as follows, subject to the Court's approval:

9       1.    Mattel will send its expert, Lloyd Cunningham, those torn-up

10  documents provided to it by Ana Cabrera.  Mr. Cunningham will engage in the

11  following procedure:

12      2.    Mr. Cunningham will first lay out each piece of a document as flat as

13  possible.  For documents that are somewhat crumpled, he will straighten them by

14  placing them in between two sheets of glass or transparent plastic.

15      3.    Mr. Cunningham will inspect the edges of each paper, and match those

16  edges as precisely as possible.

17      4.    Mr. Cunningham will connect the papers at their torn edges using

18  liftable tape, that can hold the documents together, but is easily removed without

19  damaging the underlying documents.

20      5.    Mr. Cunningham will then make a high quality reproduction of the

21  complete documents.

22      6.    If Mr. Cunningham recommends that a form of destructive testing (that

23  is, any testing that would alter the documents' inherent physical status) be

24  conducted, the following procedure shall be used.  First, Mattel will send a request

25  in writing to Bryant and MGA explaining what test or tests would be conducted.

26  Then Bryant, MGA, and Ana Cabrera will have five (5) Court days to object, in

EXHIBIT 36

07209/2446497.1

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1  which case the parties must meet and confer and, within three (3) more Court days,

2  file a joint statement with Judge Infante to seek resolution of the dispute. Bryant

3  and MGA may also elect to have their own experts attend for any destructive testing

4  being done, so long as they make this election in writing to Mattel within the five-

5  Court-day objection period, and so long as the testing can take place within ten (10)

6  Court days of the original request. If Bryant's or MGA's expert, while he or she is

7  observing the examination or destructive testing, raises any issues about testing

8  being done or any other aspects of the expert's or experts' process, the parties will

9  seek immediate resolution from this Court so that the sampling, testing or other

10  activity will not be delayed. If Bryant's counsel or MGA's counsel does not object

11  or seek attendance by its expert within five days of the request, the proposed

12  destructive testing shall be deemed as unobjectionable and may be carried out

13  without further delay.

14       7.    Except for reconstruction as set forth above, the documents shall be

15  kept in the same condition in which they were received.

16            IT IS SO STIPULATED.

17

18  DATED: March __, 2008          ALLRED, MAROKO & GOLDBERG

19

20                                 By_____

21                                   Maria Diaz
                                     Attorneys for Ana Cabrera and Beatriz
22                                   Morales

23

24

25

26

27                         EXHIBIT ___36____

28                         PAGE ___239___

J7209/2446497.1

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1   DATED:  March __, 2008          QUINN EMANUEL URQUHART OLIVER &
2                                   HEDGES, LLP

3

4                                   By_____
                                         James J. Webster
5                                        Attorneys for Mattel, Inc.

6   DATED:  March __, 2008          SKADDEN, ARPS, SLATE, MEAGHER &
7                                   FLOM, LLP

8

9                                   By_____
                                         Marcus Mumford
10                                       Attorneys for MGA Entertainment, Inc.,
11                                       MGAE de Mexico, S.R.L. de C.V., MGA
                                         Entertainment (HK) Limited, and Isaac
12                                       Larian

13

14  DATED:  March __, 2008          KEKER & VAN NEST, LLP

15

16

17                                  By_____
                                         Michael Page
18                                       Attorneys for Carter Bryant

19

20

21

22

23

24

25

26          EXHIBIT _36_

27          PAGE _240_

28

)7209/2446497.1

-4-

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

**[PROPOSED] ORDER**

The parties and Ana Cabrera and Beatriz Morales having so stipulated, and finding good cause hereto, IT IS HEREBY ORDERED THAT:

1.      Mattel will send its expert, Lloyd Cunningham, those torn-up documents provided to it by Ana Cabrera.  Mr. Cunningham will engage in the following procedure:

2.      Mr. Cunningham will first lay out each piece of a document as flat as possible.  For documents that are somewhat crumpled, he will straighten them by placing them in between two sheets of glass or transparent plastic.

3.      Mr. Cunningham will inspect the edges of each paper, and match those edges as precisely as possible.

4.      Mr. Cunningham will connect the papers at their torn edges using liftable tape, that can hold the documents together, but is easily removed without damaging the underlying documents.

5.      Mr. Cunningham will then make a high quality reproduction of the complete documents.

6.      If Mr. Cunningham recommends that a form of destructive testing (that is, any testing that would alter the documents' inherent physical status) be conducted, the following procedure shall be used.  First, Mattel will send a request in writing to Bryant and MGA explaining what test or tests would be conducted. Then Bryant, MGA, and Ana Cabrera will have five (5) Court days to object, in which case the parties must meet and confer and, within three (3) more Court days, file a joint statement with Judge Infante to seek resolution of the dispute.  Bryant and MGA may also elect to have their own experts attend for any destructive testing being done, so long as they make this election in writing to Mattel within the five-Court-day objection period, and so long as the testing can take place within ten (10) Court days of the original request.  If Bryant's or MGA's expert, while he or she is

07209/2446567.1

1   observing the examination or destructive testing, raises any issues about testing

2   being done or any other aspects of the expert's or experts' process, the parties will

3   seek immediate resolution from this Court so that the sampling, testing or other

4   activity will not be delayed. If Bryant's counsel or MGA's counsel does not object

5   or seek attendance by its expert within five days of the request, the proposed

6   destructive testing shall be deemed as unobjectionable and may be carried out

7   without further delay.

8        7.     Except for reconstruction as set forth above, the documents shall be

9   kept in the same condition in which they were received.

10

11   DATED: _____

12

13                                 _____

14                                  Hon. Stephen G. Larson
                                   United States District Judge

15

16

17

18

19

20

21

22

23

24

25                EXHIBIT _36_

26

27                PAGE _242_

28

-3-
[PROPOSED] ORDER ON STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

# EXHIBIT 37

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION



**DATE:**     March 14, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq. **Allred, Maroko & Goldberg** | (323) 653-6530 | (323) 653-1660 |
| Marcus M. Mumford, Esq. **Skadden, Arps, Slate, Meagher & Flom, LLP** | (213) 687-5000 | (213) 687-5600 |
| Christian Dowell, Esq. **Keats McFarland & Wilson LLP** | (310) 248-3830 | (310) 860-0363 |

**FROM:**     James J. Webster

**RE:**     Mattel v. Bryant, et al.

MAR 1 4 2008

**MESSAGE:**

Please see attached.

EXHIBIT ___37___

PAGE ___243___

07209/2367546.2

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Yalonda J. Dekle | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Wylie* | | CONFIRMED? | ☐ NO ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

```
                        ********************************
                        ***    MULTI TX/RX REPORT    ***
                        ********************************

    TX/RX NO          0470
    PGS.               3
    TX/RX INCOMPLETE

    TRANSACTION OK        -----

                     (1)   2*13236531660
                     (2)   2*12136875600
                     (3)   2*13108600363
    ERROR INFORMATION
                          -----
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    March 14, 2008                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Maria G. Diaz, Esq.<br>**Allred, Maroko & Goldberg** | (323) 653-6530 | (323) 653-1660 |
| Marcus M. Mumford, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom, LLP** | (213) 687-5000 | (213) 687-5600 |
| Christian Dowell, Esq.<br>**Keats McFarland & Wilson LLP** | (310) 248-3830 | (310) 860-0363 |

**FROM:**    James J. Webster

**RE:**    Mattel v. Bryant, et al.

EXHIBIT   37
PAGE   24/4

**MESSAGE:**

Please see attached.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 14, 2008

**VIA FACSIMILE**

Maria G. Diaz, Esq.
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

<u>Mattel v. Bryant, Time Sheets and Receipts Provided by Ana Cabrera</u>

Dear Counsel:

Mattel intends to produce the time sheets and payment receipts your client provided during her interview on January 3, 2008. At the inspection on March 3, 2008 of the evidence provided by Ms. Cabrera, you stated an intent to review these documents and notify Mattel if you had any objections to their production, but we have not received any correspondence on this topic.

Further, at that inspection you stated that the social security numbers should be redacted from these documents. However, as you know, the use of false social security numbers by your client is an important fact in this case, and they are therefore directly relevant. Mattel cannot agree to redact them for this reason. To address any concerns your client may have, Mattel will produce these documents "Confidential – Attorney's Eyes Only" pursuant to the protective order in this case. Mattel intends to make this production on Tuesday, March 18, 2008.

Please let me know if you have any questions or concerns.

EXHIBIT ___37___

PAGE ___245___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2430728.1

Very truly yours,

James Webster (SN)

James J. Webster

JJW:csn
07209/2430728.1

cc:    Marcus M. Mumford, Esq.
        Christian Dowell, Esq.

EXHIBIT ___37___

PAGE ___246___

# EXHIBIT 38

## TELECOPIER TRANSMITTAL

### ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**     Re: Mattel/Bryant
                     Letter dated March 19, 2008

**FROM:**            Maria G. Díaz, Esq.

**DATE:**            March 19, 2008

**TIME:**            10:55 a.m.

No. of pages including cover sheet: 3

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

EXHIBIT ___38___

PAGE ___247___

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
www.amglaw.com

March 19, 2008

### *VIA FACSIMILE ONLY*

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

### Re:   Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales

Dear Mr. Webster:

I am in receipt of you letter in which you unilaterally decided to produce
my clients personal private information containing social security numbers. You
did so after I specifically advised you that I considered such information to be
protected by her right of privacy and was not amenable to allowing production
without redactions. Moreover, this is information that was taken from her
without her consent by Mattel and information that you are not entitled to
without going through the appropriate discovery procedure. Please be advised
that we strenuously object to such violation of Ms. Cabrera's right to privacy and
demand that you return these documents to me immediately and that you refrain
from production of this information. Please do so by close of business on Friday,
March 21, 2008.

I also am concerned that you decided to produce these documents without
allowing me with an opportunity to meet and confer with you; you did this during
a time that you knew that I was unavailable to respond to your letter. I had
specifically advised you in writing that I would be out of the office until Tuesday,
March 18, 2008.

I fail to understand how you can consider social security numbers of third
parties to be directly relevant and/or essential to your clients claims. This is

EXHIBIT   38

PAGE   248

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
March 19, 2008
Page 2

nothing short of a continuing pattern of harassment involving my clients. Please provide your legal authority for your position. If I do not receive such authority in short order, I will have no choice but to seek intervention from the court to protect my clients from such continued harassment by Mattel.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ

MGD:jp
cc:   Ana Cabrera
      Beatriz Morales
      Marcus M. Mumford, Esq.
      Christian Dowell, Esq.

EXHIBIT _____ 38

PAGE _____ 244

# EXHIBIT 39

## TELECOPIER TRANSMITTAL

## ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530   Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Christian Dowell, Esq.<br>Keats McFarland & Wilson, LLP | (310) 860-0363 | (310) 248-3830 |

**DESCRIPTION:**   Re: Mattel/Bryant
Letter dated March 21, 2008

**FROM:**   Maria G. Diaz, Esq.

**DATE:**   March 21, 2008

**TIME:**   1:10 p.m.

No. of pages including cover sheet: 2

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

EXHIBIT ___39___

PAGE ___250___

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6530
FAX (323) 653-1660
E-MAIL: amg@amglaw.com

March 21, 2008

### *VIA FACSIMILE ONLY*

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

     **Re:**   **Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales**

Dear Mr. Webster:

     I am available for the depositions of Ms. Cabrera and Ms. Morales on April 15, April 18, April 21, April 22, and/or April 23, 2008. Unfortunately, my schedule does not permit earlier dates. As you know, unlike Quinn Emanuel, our Firm does not have numerous attorneys available to work on any given matter. Further, my presence is required given our clients limited English proficiency and my bilingual skills. Once again, I will remind you to please ensure that there is a certified Spanish/English interpreter at these depositions.

     With respect to the other issues raised in your letter of yesterday, I will provide you with a response after I have an opportunity to review your legal authorities. I expect to do so by Monday, March 24, 2008.

     Very truly yours,

     ALLRED, MAROKO & GOLDBERG

     MARÍA G. DÍAZ

MGD:jp
cc:    Ana Cabrera
      Beatriz Morales
      Marcus M. Mumford, Esq.
      Christian Dowell, Esq.

EXHIBIT __39__

PAGE __251__

# EXHIBIT 40

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   March 24, 2008

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Marcus R. Mumford, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | | 213.687.5600 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | | 415.397.7188 |
| Alexander H. Cote, Esq.<br>Overland Borenstein Scheper & Kim, LLP | | 213.613.4656 |
| Maria G. Diaz, Esq.<br>Allred, Maroko & Goldberg | | 323.653.1660 |

**FROM:**   Cyrus Naim

**RE:**   MGA Entertainment v. Mattel, Inc.

**FAXED**

**MESSAGE:**   EXHIBIT ___40___

PAGE ___252___

| | | | |
|---|---|---|---|
| | **ROUTE/** | ☐ CONFIRM FAX | |
| CLIENT #   7209 | **RETURN TO:** | ☐ INCLUDE CONF. REPORT | |

OPERATOR:                    CONFIRMED?  ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## Fax Activity Log

HP Color LaserJet 4730mfp Series

Page 1

**Fax Header Information**

Quinn Emanuel
213-443-3100
25-Mar-2008 05:34 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|

<p align="center">REDACTED</p>

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 16 | 24-Mar-2008 06:55 PM | Send | 6875600 | 1:00 | 2 | Success |
| 17 | 24-Mar-2008 07:00 PM | Send | 14153977188 | 1:00 | 2 | Success |
| 18 | 24-Mar-2008 07:01 PM | Send | 6134656 | 1:10 | 2 | Success |
| 19 | 24-Mar-2008 07:03 PM | Send | 13236531660 | 1:10 | 2 | Success |

<p align="center">REDACTED</p>

EXHIBIT _40_

PAGE _253_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

March 24, 2008

## VIA FACSIMILE

Marcus R. Mumford, Esq.                  Alexander H. Cote, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP  Overland Borenstein Scheper & Kim, LLP
300 South Grand Avenue, Suite 3400       300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071                    Los Angeles, CA 90071
Fax: (213) 687-5600                      Fax: (213) 613-4656

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Fax: (415) 397-7188

Re:  MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

Please see the attached letter to Maria Diaz, counsel for Ana Cabrera and Beatriz Morales, dated March 20, 2008.  Mattel intends to move *ex parte* before Judge Infante for the following relief: (1) for the prompt deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar; (2) for permission to conduct expert reconstruction documents provided to Mattel by Ana Cabrera; and (3) for permission to produce payment receipts and time-sheets provided to Mattel by Ana Cabrera in unredacted form.  Please let me know by the close of business tomorrow, March 25, 2008, if you intend to oppose this application.

Very truly yours,

James Webster  (CSN)

James J. Webster
07209/2445140.1
Encl.
cc:    Maria Diaz, Esq.

EXHIBIT ___40___

PAGE ___254___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

# EXHIBIT 41

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 42

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 30 of 64   Page ID
#:29591
Case 2:04-cv-09049-SGL-RNB   Document 2891   Filed 03/25/2008   Page 1 of 17

1 THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 E-mail: tnolan@skadden.com

5 KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 4 Times Square
New York, NY 10036
7 Telephone: (212) 735-3000
Facsimile: (212) 735-2000
8 E-mail: kplevan@skadden.com

9 Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
10 ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED,
11 and MGAE de MEXICO S.R.L. de C.V.

12

13 UNITED STATES DISTRICT COURT

14 CENTRAL DISTRICT OF CALIFORNIA

15 | CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx)
16 | Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727
17 | v. |
18 | MATTEL, INC., a Delaware corporation | **(1) MGA DEFENDANTS' NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER RE MOTION TO QUASH DEPOSITION SUBPOENAS AND MEMORANDUM IN SUPPORT;**
19 | |
20 | Defendant. |
21 | |
22 | | **(2) DECLARATION OF MARCUS MUMFORD (filed under separate cover); and**
23 | Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. |
24 | | **(3) [PROPOSED[ ORDER (lodged under separate cover)**
25 | |
26 | | Date: April 28, 2008
Time: 10:00 a.m.
27 | | Judge: Honorable Stephen G. Larson
Place: Courtroom 1
28

EXHIBIT
PAGE 274

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 31 of 64   Page ID
#:49756
Case 2:04-cv-09049-SGL-RNB   Document 2861   Filed 03/25/2008   Page 2 of 17

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that on April 28, 2008, at 10:00 a.m., or as soon as

3  the matter may be heard, before the Honorable Stephen G. Larson of the United

4  States District Court for the Central District of California—Eastern Division, located

5  at 3470 Twelfth Street, Riverside, California 92501, MGA Entertainment, Inc., Isaac

6  Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.

7  (collectively, the "MGA Defendants") will and hereby do move in this matter,

8  pursuant to Federal Rule of Civil Procedure 72(a), for an order to:

9          (1)     Set aside the portions of the Discovery Master's March 11, 2008 Order

10  Re MGA Defendants' Motion to Quash Deposition Subpoenas (the "March 11, 2008

11  Order") denying said motion to quash as to Ana Isabel Cabrera, Beatriz Morales,

12  Maria Elena Salazar and Mel Woods; and

13          (2)     If the deposition subpoenas for Ms. Cabrera and Ms. Morales are not

14  quashed, to modify the March 11, 2008 Order to defer any deposition of said

15  witnesses until after the Court decides the MGA Defendants and Carter Bryant's

16  Motion for an Evidentiary Hearing Regarding Witness Tampering, currently

17  scheduled to be heard on April 14, 2008, and after the requested evidentiary hearing

18  has been held.

19          This motion is made on the ground that the Discovery Master clearly erred in

20  denying the MGA Defendants' motion to quash as to Ms. Cabrera, Ms. Morales, Ms.

21  Salazar and Mr. Woods in that he did not find that Mattel had a sufficient number of

22  depositions remaining in its original allocation of 24 depositions to be able to depose

23  these four witnesses.  As to Ms. Cabrera and Ms. Morales, this motion is also made

24  on the ground that even if the Discovery Master did not clearly err in denying the

25  motion to quash, the Discovery Master clearly erred in not deferring Ms. Cabrera and

26  Ms. Morales' depositions until after the Court conducts an evidentiary hearing as to

27                                                        EXHIBIT ___42___

28                                                        PAGE ___275___

1 | the impropriety and illegality of Mattel's pre-notice "investigation" of these two

2 | former Mattel employees.

3 | This motion is based on this Notice of Motion and Motion, the attached

4 | Memorandum of Points and Authorities, the concurrently filed Declaration of

5 | Marcus Mumford, the pleadings and records on file in this action, and any further

6 | evidence and argument as may be presented to the Court on this motion or for which

7 | judicial notice may be taken.

8 | **Statement of Rule 37-1 Compliance**

9 | The parties met and conferred regarding the subject of this motion on March

10 | 24, 2008, but were unable to resolve the matter.

11 |

12 | DATED:  March 25, 2008

13 | SKADDEN, ARPS, SLATE, MEAGHER &
14 | FLOM, LLP

15 |

16 | By:  /s/ Thomas J. Nolan
           Thomas J. Nolan

17 | Attorneys for Counter-Defendants, MGA
18 | ENTERTAINMENT, INC., ISAAC
           LARIAN, MGA ENTERTAINMENT (HK)
19 | LIMITED, and MGAE de MEXICO S.R.L.
           de C.V.

20 |

21 |

22 |

23 |

24 |

25 |

26 | EXHIBIT 42

27 |

28 | PAGE 276

MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)
- 2 -

Case 2:04-cv-09049-DOC-RNB Document 2975-7 Filed 04/04/08 Page 33 of 64 Page ID
Case 2:04-cv-09049-SGL-RNB Document 2881 Filed 03/25/2008 Page 4 of 17
#:49758

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT .................................................................. 1

II. SUMMARY OF FACTS ........................................................................ 2

   A. The Court's Rulings Regarding Mattel's Depositions. ......................... 2

   B. The Discovery Master's March 11, 2008 Order.................................. 4

III. THE COURT SHOULD SET ASIDE OR MODIFY THE DISCOVERY MASTER'S MARCH 11, 2008 ORDER AS IT PERTAINS TO MS. CABRERA, MS. MORALES, MS. SALAZAR AND MR. WOODS. .......................................................................... 5

   A. The Discovery Master Did Not Determine that Mattel Had Enough Depositions Remaining in Its Original Allocation to Depose the Non-Parties. .................................................................. 5

   B. To the Extent Not Quashed, the Depositions of Ms. Cabrera and Ms. Morales Should Be Deferred Until After the Court Holds an Evidentiary Hearing Regarding Mattel's Witness Tampering............. 9

IV. CONCLUSION.................................................................................. 12

EXHIBIT 42
PAGE 277

1

# TABLE OF AUTHORITIES

<u>Page(s)</u>

2

3   <u>**Statutes**</u>

4   18 U.S.C. § 1512 ................................................................................................ 11

5   Fed. R. Civ. P. 72(a) ........................................................................................... 5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___42___

PAGE ___278___

MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 35 of 64   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2891   Filed 03/25/2008   Page 6 of 17
#:29756

1 | <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 | **I.     PRELIMINARY STATEMENT**

3 | At the February 4, 2008 hearing, and in a subsequent minute order, the Court

4 | made two things clear regarding Mattel's efforts to depose Ana Isabel Cabrera,

5 | Beatriz Morales, Maria Elena Salazar and Mel Woods.  *First*, the Court held that

6 | Mattel could not depose these non-parties unless the Discovery Master found that, *as*

7 | *of the time they were subpoenaed*, Mattel had sufficient depositions left in its original

8 | allotment of 24.  (Declaration of Marcus Mumford ("Mumford Decl."), Ex. 1 at

9 | 49:8-14 & 51:9-19 ("If that number comes up to be 20 or less, then they're in.  If that

10 | number comes up to be 24 or more, then they're out.").)

11 | *Second*, as to Ms. Cabrera and Ms. Morales—two former Mattel employees—

12 | the Court recognized that there had been "pretty serious allegations" raised

13 | concerning the conduct of Mattel executives in their "investigation" involving these

14 | women shortly before they were fired.  (*Id.* at 47:9-13.)  That "investigation"

15 | included a dishonest and misleading interrogation of Ms. Cabrera and Ms. Morales

16 | in an attempt to elicit favorable recorded statements from them, without a Spanish-

17 | language interpreter and despite their protestations of difficulty communicating in

18 | English, and a coerced search and seizure of property from Ms. Cabrera's home over

19 | her objections.  (*Id.* at 36:1-19, 47:9-13 & 60:1-5.)  Due to concerns about Mattel's

20 | seizure of materials from Ms. Cabrera's home, the Court held: "I will direct that the

21 | deposition does not [go] forward, assuming that it is going forward, depending on

22 | Judge Infante's ruling, until you have met and conferred and any motion has been

23 | heard by this Court concerning the items that were or were not taken from your

24 | client."  (*Id.* at 61:24-62:3.)

25 | Despite the Court's rulings, the Discovery Master's March 11, 2008 Order

26 | denied the MGA Defendants' motion to quash as to Ms. Cabrera, Ms. Morales, Ms.

27 | Salazar and Mr. Woods without making any determination as to whether Mattel had

28 | EXHIBIT ___4/2___

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 36 of 64   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2801   Filed 03/25/2008   Page 7 of 17
#:49789

1  enough depositions left in its original allocation.  (Mumford Decl., Ex. 2 at 2-3.)

2  This was clearly erroneous because the Court explicitly held that Mattel could not

3  depose these four witnesses unless the Discovery Master found that Mattel had

4  enough of its originally allocated depositions left when Mattel subpoenaed them.  No

5  such finding was made.

6      The March 11, 2008 Order also did not defer Ms. Cabrera and Ms. Morales'

7  depositions until after the Court had resolved issues concerning Mattel's pre-

8  termination investigation of these individuals.  (*Id.* at 2.)  This was also clearly

9  erroneous in view of the Court's finding that no deposition should proceed until at

10 least concerns raised regarding Mattel's seizure of property had been resolved.

11 Because this issue and all of the other issues regarding Mattel's unethical and

12 potentially illegal actions had not been resolved as of the March 11, 2008 Order, the

13 depositions should have been deferred.  In fact, the MGA Defendants and Bryant

14 have moved for an evidentiary hearing to address precisely these issues.  Under the

15 circumstances, deferring the depositions (assuming they are allowed to go forward)

16 until after the evidentiary hearing is necessary to ensure that Mattel does not use any

17 ill-gotten statements or materials to examine Ms. Cabrera and Ms. Morales.

18     Accordingly, the MGA Defendants respectfully request that the Court grant

19 this motion objecting to portions of the Discovery Master's March 11, 2008 Order.

20 **II.    SUMMARY OF FACTS**

21     **A.    The Court's Rulings Regarding Mattel's Depositions.**

22     In its February 12, 2007 Scheduling Order, the Court limited each side to 24

23 depositions.  By mid-November 2007, according to the most generous count, Mattel

24 had taken 18 depositions and had issued subpoenas for at least two other depositions.

25 On November 19, 2007, Mattel moved for leave to depose several additional

26 individuals and entities.  The hearing on Mattel's motion was set for January 7, 2008.

27 The day after filing its motion for additional depositions, Mattel issued deposition

28

EXHIBIT ___4/2___

PAGE ___280___

1 | subpoenas to Margaret Leahy, Elise Cloonan, Jeanne Galvano and Veronica Marlow.
2 | Mattel took these four depositions in December 2007. Taking into account those that
3 | had been noticed, Mattel conceded that it had exhausted its original 24 deposition
4 | allotment in early December 2007 when it sought MGA' consent to take three more
5 | depositions which would be "over the 24 agreed between the parties." (Mumford
6 | Decl., Ex. 8 at 1.)

7 | On January 7, 2008, the Court granted in part Mattel's motion for leave.
8 | Shortly thereafter, Mattel issued deposition subpoenas to four new individuals: Ana
9 | Isabel Cabrera, Beatriz Morales, Maria Elena Salazar and Mel Woods. None of
10 | these individuals had been identified in Mattel's motion for leave. Accordingly, at a
11 | February 4, 2008 hearing and in a minute order following that hearing, the Court
12 | held that Mattel could depose these witnesses only if the Discovery Master found
13 | that Mattel had at least four of its originally-allocated 24 depositions remaining as of
14 | the time Mattel subpoenaed these non-parties for deposition. (Mumford Decl., Ex. 1
15 | at 49:8-14 & 51:9-19 ("Now, I will leave it to Judge Infante to count up the number
16 | of depositions that had been taken prior to your noticing these four additional ones.
17 | If that number comes up to be 20 or less, then they're in. If that number comes up to
18 | be 24 or more, than they're out."); Docket No. 1931 (Civil Minutes dated Feb. 4,
19 | 2008) at 4 ("The Court's January 7, 2008, Order granted leave to take additional
20 | discovery over and above the previously allocated 24 depositions per side.
21 | Nevertheless, as to all other depositions, how to 'count' the previously allocated
22 | depositions is left to the discretion of the Discovery Master.").)

23 | At the same February 4, 2008 hearing, the MGA Defendants and counsel for
24 | Ms. Cabrera and Ms. Morales raised several issues concerning the manner in which
25 | Mattel investigated Ms. Cabrera and Ms. Morales prior to firing them. (Mumford
26 | Decl., Ex. 1 at 36:1-19, 47:9-13 & 60:1-5.) Mattel's investigation involved attempts
27 | by Mattel executives to manipulate Ms. Cabrera and Ms. Morales into giving false
28 |

EXHIBIT ___4 2_____

PAGE ___2 8 1___

Case 2:04-cv-09049-DOC-RNB Document 2975-7 Filed 04/04/08 Page 38 of 64 Page ID
Case 2:04-cv-09049-SGL-RNB Document 2891 Filed 03/25/2008 Page 9 of 17
#:62801

1  recorded statements concerning their work for Veronica Marlow, interrogations of

2  the women with false representations and without a Spanish-language interpreter

3  despite Ms. Cabrera and Ms. Morales' protestations of difficulty communicating in

4  English, and a coerced search and seizure of property from Ms. Cabrera's home over

5  her objections. (*Id.*) The Court recognized that the allegations raised concerning the

6  treatment of Ms. Cabrera and Ms. Morales were "pretty serious" and expressed its

7  interest in finding out "what happened here." (*Id.* 47:9-13 & 60:14-15.) In fact, due

8  to concerns raised about Mattel's seizure of materials from Ms. Cabrera's home, the

9  Court held:

10  > I will direct that the deposition *does not [go] forward*, assuming that it
11  > is going forward, depending on Judge Infante's ruling, *until you have
    > met and conferred and any motion has been heard by this Court
12  > concerning the items that were or were not taken from your client.*

13  (*Id.* at 61:24-62:3 (emphasis added).)

14  **B.  The Discovery Master's March 11, 2008 Order.**

15  Following Mattel's issuance of deposition subpoenas to Ms. Cabrera, Ms.

16  Morales, Ms. Salazar and Mr. Woods, the MGA Defendants filed a motion to quash

17  those subpoenas with the Discovery Master. Consistent with the Court's ruling at

18  the February 4, 2008 hearing, the MGA Defendants based their motion on, among

19  other grounds, the fact that Mattel did not have leave from the Court or a sufficient

20  number of originally allocated depositions to be able to depose these witnesses.

21  (Docket No. 2250 (MGA Defendants' Supp. and Second Amended Motion to Quash

22  Deposition Subpoenas) at 4-7; Docket No. 2457 (MGA Defendants' Reply) at 2-4.)

23  As alternative relief, the MGA Defendants also requested that the depositions of Ms.

24  Cabrera and Ms. Morales be deferred until after the Court conducted an evidentiary

25  hearing regarding the impropriety and illegality of Mattel's pre-firing investigation

26  of these two individuals. (Docket No. 2250 at 7-11; Docket No. 2457 at 4-5.)

27

28

EXHIBIT ___42___

PAGE ___282___

MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)

1    On March 11, 2008, the Discovery Master issued an order regarding the MGA

2  Defendants' motion to quash. The order denied the motion to quash with respect to

3  Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods, but the only stated reason

4  for that ruling was that "Mattel served subpoenas on these individuals before the

5  January 28, 2008 discovery cut-off. Although Mattel failed to provide the standard

6  ten-day notice, the shortened notice was reasonable under the circumstances."

7  (Mumford Decl., Ex. 2 at 2-3.) As to Mr. Woods, the Discovery Master denied the

8  motion solely "based upon Mattel's representation that [he has] potentially relevant

9  information regarding damages for the Phase I trial." (*Id.* at 3.)

10 **III.  THE COURT SHOULD SET ASIDE OR MODIFY THE DISCOVERY**
   **MASTER'S MARCH 11, 2008 ORDER AS IT PERTAINS TO MS.**
11 **CABRERA, MS. MORALES, MS. SALAZAR AND MR. WOODS.**

12    Pursuant to stipulation and order, orders issued by the Discovery Master in

13 this case are treated as rulings by a Magistrate Judge. (Docket No. 107 (Stipulation

14 for Appointment of a Discovery Master and Order) at ¶ 6.) Accordingly, such orders

15 are subject to Federal Rule of Civil Procedure 72 and should be set aside or modified

16 if they are "clearly erroneous or … contrary to law." Fed. R. Civ. P. 72(a). As is

17 shown below, the portions of the Discovery Master's March 11, 2008 Order relating

18 to Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods are clearly erroneous and

19 should be set aside or modified.

20    **A.  The Discovery Master Did Not Determine that Mattel Had Enough**
       **Depositions Remaining in Its Original Allocation to Depose the**
21    **Non-Parties.**

22    Mattel has never moved for leave, and no Court has ever found good cause, to

23 take the depositions of Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr. Woods. To

24 the contrary, in its February 4, 2008 hearing and minute order, the Court made clear

25 that Mattel could not depose these individuals unless the Discovery Master found

26 that Mattel had at least four of its originally allocated 24 depositions remaining *as of*

27 *the time* Mattel subpoenaed these non-parties for deposition. (Mumford Decl., Ex. 1

28

EXHIBIT 42

PAGE 283

1    at 49:8-14 & 51:9-19; Docket No. 1931 (Civil Minutes dated Feb. 4, 2008) at 4.)

2    Specifically, at the February 4, 2008 hearing, the Court stated as follows:

> I trust Judge Infante will be able to take the Court's order, granting you
> leave to take additional depositions, and then determine how many other
> depositions you have taken, add them up, and see if you have any
> additional ones, so as to afford you the ability to have noticed the
> depositions of these four individuals: Ms. Cabrera, Ms. Morales, Ms.
> Salazar and Mr. Woods.
>
>         * * *
>
> There is no question, to the Court's thinking – and I will make this clear
> today – that the 40 I awarded to Mattel and the 10 additional ones I
> awarded to MGA were in addition to the 24 that they received.
>
> Now, I will leave it to Judge Infante to count up the number of
> depositions that had been taken *prior to your noticing* these four
> additional ones.
>
> *If that number comes up to be 20 or less, then they're in. If that number*
> *comes up to be 24 or more, than they're out.... We have a deadline. As*
> *you say, the clock expired. They were either part of the number that*
> *they could take or they weren't.*

14    (Mumford Decl., Ex. 1 at 49:8-14 & 51:5-19 (emphasis added).) The Court

15    confirmed its holding in a minute order: "The Court's January 7, 2008, Order granted

16    leave to take additional discovery over and above the previously allocated 24

17    depositions per side. Nevertheless, *as to all other depositions, how to 'count' the*

18    *previously allocated depositions is left to the discretion of the Discovery Master.*"

19    (Docket No. 1931 at 4 (emphasis added).)

20        The issue of Mattel's deposition count was fully briefed and presented to the

21    Discovery Master in connection with the MGA Defendants' motion to quash the

22    deposition subpoenas to, among others, Ms. Cabrera, Ms. Morales, Ms. Salazar and

23    Mr. Woods. (*See* Docket No. 2250 at 4-7; Docket No. 2339 (Mattel's Opp.) at 3-5;

24    Docket No. 2457 at 2-4.) The Discovery Master's March 11, 2008 Order, however,

25    denied the MGA Defendants' motion to quash as to these non-parties without

26    deciding whether Mattel had enough of its originally allocated 24 depositions to be

27    able to depose them. (Mumford Decl., Ex. 2 at 2-3.) Indeed, the Discovery Master

28

EXHIBIT ____42____

____284____

1  did not discuss the deposition count issue anywhere in either the March 11, 2008

2  Order or during its March 10, 2008 hearing on the MGA Defendants' motion to

3  quash. (*Id.*; Mumford Decl., Ex. 3 at 10:8-19:10.) In view of the Court's prior

4  ruling that Mattel could depose Ms. Cabrera, Ms. Morales, Ms. Salazar and Mr.

5  Woods *only if* Mattel had enough depositions remaining in its original allocation, the

6  Discovery Master clearly erred by not considering this issue.

7       By early December 2007, Mattel had conceded that it had used up its original

8  24-deposition allocation. In a letter concerning the depositions of third-party Zapf

9  Creation AG and Smoby Group, as well as another Rule 30(b)(6) deposition of MGA,

10  Mattel threatened to file a motion to compel if MGA did not agree to those additional

11  depositions "over the 24 agreed between the parties." (Mumford Decl., Ex. 8.) Had

12  Mattel actually believed that it still had originally allocated depositions left, it would

13  not have needed to obtain MGA's or the Court's permission before noticing these

14  additional depositions.

15       Mattel took the position that it had exhausted its deposition limit because, at

16  the time, it was attempting to obstruct MGA from taking depositions noticed

17  pursuant to *its* limit of 24. In opposition to that efforts, the MGA Defendants applied

18  an appropriate counting methodology and asserted that, as of mid-November when it

19  filed its motion seeking leave to depose over 40 other individuals and entities, Mattel

20  had already taken 18 depositions and had issued at least two other deposition

21  subpoenas. (Docket No. 2250 at 5.) The day after filing its motion, Mattel issued

22  four more deposition subpoenas to Margaret Leahy, Elise Cloonan, Jeanne Galvano

23  and Veronica Marlow. (*Id.*) These four depositions were all completed in December

24  2007. (*Id.*) Thus, by January 7, 2008, when the Court granted Mattel leave to

25  depose the witnesses identified in its motion, Mattel had already taken or noticed its

26  original allocation of 24 depositions. (*Id.* at 5-6; Docket No. 2457 at 2-3.)

27

28

EXHIBIT _____ 4<u>a</u> _____

PAGE _____ 2<u>85</u>

MGA'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S MARCH 11, 2008 ORDER
CASE NO. CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 42 of 64   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2861   Filed 03/25/2008   Page 13 of 17
#:49761

1      Under the circumstances, Mattel's deposition subpoenas to Ms. Cabrera,

2 Ms. Morales, Ms. Salazar and Mr. Woods should have been quashed. It is

3 undisputed that none of these individuals were identified in connection with Mattel's

4 motion for leave and therefore were not among the additional depositions granted by

5 the Court on January 7, 2008. Moreover, at the February 4, 2008 hearing, the Court

6 made clear that Mattel could not depose these non-parties unless Mattel had four

7 depositions left from its original allocation as of the time Mattel subpoenaed these

8 witnesses. (Mumford Decl., Ex. 1 at 49:8-14 & 51:9-19.) As shown above, Mattel

9 had already conceded by December 2007 that it did not have any of its original 24

10 depositions left. And even if it had not *taken* all 24 of its original deposition

11 allotment prior to the January 7 Order, there is no question Mattel did not have *four*

12 left as of January 2008 when these depositions were noticed.

13      Unable to challenge the facts, Mattel argued to the Discovery Master that it

14 still had four of its originally allocated depositions available because the four

15 witnesses that Mattel deposed in December 2007 (Ms. Leahy, Ms. Cloonan,

16 Ms. Galvano and Ms. Marlow)—*before* the Court ruled on Mattel's motion for

17 leave—had been included in Mattel's motion for leave and thus, retroactively, did

18 not count against Mattel's original allocation. (Docket No. 2339 at 4-5.) That

19 "retroactive counting" methodology is unfair, however. Having conceded that it

20 used up its allotment and moved for leave to take additional depositions, Mattel

21 should not be able to use the Court's January 7 order to "add back" to its original

22 allotment depositions for which good cause was found.

23      Mattel unsuccessfully argued its "retroactive counting" theory to the Court in

24 an *ex parte* applications filed on January 28, the discovery cut-off, and January 30,

25 2008. (Docket No. 1722 (Mattel's *Ex Parte* App. to Compel Depositions of Cabrera,

26 Morales and Salazar) at 6-8.) The Court rejected Mattel's argument, holding that all

27 depositions taken before Mattel issued subpoenas to the four witnesses at issue here

28

EXHIBIT ____ 42

PAGE ____ 286

1  are included in the count with respect to the original deposition allocation.

2  (Mumford Decl., Ex. 1 at 51:9-14 ("Now, I will leave it to Judge Infante to count up

3  *the number of depositions that had been taken prior to your noticing these four*

4  *additional ones.* If that number comes up to be 20 or less, then they're in. If that

5  number comes up to be 24 or more, than they're out.") (emphasis added).)

6       The Court should reject the argument again. The record is clear that (1) the

7  Discovery Master did not address the requisite issue of whether Mattel had enough

8  depositions left in denying the motion to quash depositions of Ms. Cabrera, Ms.

9  Morales, Ms. Salazar and Mr. Woods; and (2) Mattel did not have four depositions

10  from its original allotment when it subpoenaed those non-parties for deposition.

11  Accordingly, the Court should set aside the March 11, 2008 Order denying MGA

12  Defendants' motion to quash.

13      **B.    To the Extent Not Quashed, the Depositions of Ms. Cabrera and**
             **Ms. Morales Should Be Deferred Until After the Court Holds an**

14               **Evidentiary Hearing Regarding Mattel's Witness Tampering.**

15       In the alternative, to the extent the depositions of Ms. Cabrera and Ms.

16  Morales are allowed to go forward (which they should not be), the Court should

17  defer those depositions until after it conducts an evidentiary hearing regarding the

18  impropriety and illegality of Mattel's pre-firing investigation of these two former

19  Mattel employees. Although the MGA Defendants requested such deferral as an

20  alternative form of relief in their motion to quash, the Discovery Master's March 11,

21  2008 Order did not grant the requested relief. (Mumford Decl., Ex. 2.) This was

22  clearly erroneous.

23       In response to Mattel's *ex parte* application to compel the depositions of Ms.

24  Cabrera and Ms. Morales, the MGA Defendants notified the Court of serious issues

25  concerning Mattel's pre-firing investigation of Ms. Cabrera and Ms. Morales.

26  (Docket No. 1861 (MGA Defendants and Bryant's Opp. to Mattel's *Ex Parte* Apps.

27  to Compel Add'l Depositions) at 9-14.) At the February 4, 2008 hearing on Mattel's

28                            EXHIBIT ___42___
                                PAGE ___287___

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 44 of 64   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 2801   Filed 03/25/2008   Page 15 of 17
#:49789

1   *ex parte* application, the Court recognized these "pretty serious allegations" and

2   expressed its interest in finding out "what happened here." (Mumford Decl., Ex. 1 at

3   36:1-19, 47:9-13 & 60:14-15.) Indeed, because of concerns raised about Mattel's

4   seizure of materials from Ms. Cabrera's home, the Court held:

5   　　　I will direct that the deposition *does not [go] forward,* assuming that it
     is going forward, depending on Judge Infante's ruling, *until you have*
6   　　　*met and conferred and any motion has been heard by this Court*
     *concerning the items that were or were not taken from your client.*
7

8   (*Id.* at 61:24-62:3 (emphasis added).)

9   　　　The serious issues concerning Mattel's conduct that MGA and counsel for Ms.

10  Cabrera and Ms. Morales brought to the Court's attention have not been resolved and

11  are now the subject of the MGA Defendants and Bryant's Motion for an Evidentiary

12  Hearing Regarding Witness Tampering (Docket No. 2650), currently scheduled to be

13  heard on April 14, 2008. (Mumford Decl., Exs. 4-7.) In view of the clear statements

14  made by the Court at the February 4, 2008 hearing, the March 11, 2008 Order should

15  have deferred the depositions of Ms. Cabrera and Ms. Morales until after the

16  concerns regarding Mattel's actions have been resolved.

17  　　　Moreover, deferring Ms. Cabrera and Ms. Morales' depositions is clearly

18  appropriate under the circumstances. As detailed in the MGA Defendants and

19  Bryant's evidentiary hearing motion, as well as in the MGA Defendants' motion to

20  quash Ms. Cabrera and Ms. Morales' deposition subpoenas, a hearing is warranted to

21  determine if Mattel engaged in coercive, unethical and potentially illegal tactics in

22  connection with its pre-firing investigation of these individuals. (Docket No. 2250 at

23  7-11; Docket No. 2650 at 2-6.) The MGA Defendants made a showing in their

24  motions that Mattel misrepresented facts to the women and interrogated them at

25  length without a Spanish-language interpreter in an attempt to obtain favorable but

26  false recorded statements that Mattel could use against MGA and Bryant in this

27  litigation. Mattel also searched Ms. Cabrera's home and seized her property over her

28

EXHIBIT _42_
PAGE _288_

Case 2:04-cv-09049-DOC-RNB    Document 2975-7    Filed 04/04/08    Page 45 of 64    Page ID
Case 2:04-cv-09049-SGL-RNB    Document 2801    Filed 03/25/2008    Page 16 of 17
#:29701

1  objections.  If the depositions are not deferred, Mattel will undoubtedly use the

2  statements and materials that it improperly extracted from Ms. Cabrera and Ms.

3  Morales at their depositions.  In fact, Mattel has stated that it intends to use the

4  materials seized from Ms. Cabrera at her deposition.  (Mumford Decl., Ex. 4.)

5       Given the very troubling and potentially illegal manner in which Mattel

6  conducted its investigation of Ms. Cabrera and Ms. Morales, the Court should

7  carefully examine the circumstances surrounding Mattel's extraction of statements

8  and materials from these non-parties before allowing such statements or materials to

9  be used in Ms. Cabrera and Ms. Morales' depositions.  Even Mattel has conceded

10  that the Court's guidance on these issues is necessary and appropriate.  (Mumford

11  Decl., Ex. 7 at 2 ("Mattel will therefore seek guidance from the Court as to what may

12  be done with these documents and materials.").)  If, as the record demonstrates,

13  Mattel acted improperly and in violation of the witness tampering statute (18 U.S.C.

14  § 1512), Mattel should not be permitted to use or refer to any of the statements or

15  materials that it obtained from Ms. Cabrera and Ms. Morales.  To permit Mattel to

16  use the fruits of its investigation without first examining the propriety and legality of

17  Mattel's actions would reward Mattel for its potentially illegal behavior and unfairly

18  subject the witnesses to further abuse and injustice.

19       Accordingly, to the extent the Court allows the depositions of Ms. Cabrera and

20  Ms. Morales to go forward, it should order them deferred until after the pending

21  Motion for an Evidentiary Hearing Regarding Witness Tampering is heard and the

22  Court conducts an evidentiary hearing.

EXHIBIT _____4/2_____

PAGE _____289_____

Case 2:04-cv-09049-DOC-RNB   Document 2975-7   Filed 04/04/08   Page 46 of 64   Page ID
#:49711
Case 2:04-cv-09049-SGL-RNB   Document 2801   Filed 03/25/2008   Page 17 of 17

1

2 **IV.   CONCLUSION**

3        For the foregoing reasons, the MGA Defendants respectfully request that the

4 Court grant their motion objecting to the Discovery Master's March 11, 2008 Order.

5 DATED:  March 25, 2008                SKADDEN, ARPS, SLATE, MEAGHER &
                                        FLOM, LLP
6

7

8                                       By:  /s/ Thomas J. Nolan
                                             Thomas J. Nolan
9
                                        Attorneys for Counter-Defendants,
10                                      MGA ENTERTAINMENT, INC., ISAAC
                                        LARIAN, MGA ENTERTAINMENT (HK)
11                                      LIMITED, and MGAE de MEXICO S.R.L.
                                        de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26     EXHIBIT  42

27     PAGE     290

28

# EXHIBIT 43



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
6  Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
7

8  Attorneys for Plaintiff
   Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                                        Consolidated with
13              Plaintiff,              Case No. CV 04-09059
                                        Case No. CV 05-02727
14        vs.
                                        [~~PROPOSED~~] ORDER ON
15  MATTEL, INC., a Delaware            STIPULATION RE BRIEFING OF
    corporation,                        PHASE ONE MOTIONS IN LIMINE
16
                Defendant.
17
                                        **Phase 1:**
18  ─────────────────────────────       Discovery Cut-off:     January 28, 2008
                                        Pre-trial Conference:  May 5, 2008
    AND CONSOLIDATED CASES              Trial Date:            May 27, 2008
19

20

21                                      NOTE CHANGES MADE BY THE COURT

22

23

24

25

26

27         EXHIBIT  43

28         PAGE  291

07209/2425998.1

[~~PROPOSED~~] ORDER ON STIPULATION RE: BRIEFING OF MOTIONS IN LIMINE

**NOTE CHANGES MADE BY THE COURT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[~~Proposed~~] **Order**

Based on the stipulation of the parties, and good cause appearing therefor, it is hereby ORDERED that:

1.     Each "side" may file up to, but not more than, fifteen (15) Phase One motions *in limine*, including any and all *Daubert* motions or motions to preclude expert testimony or strike expert reports, with Mattel, Inc. counting as one side, and Carter Bryant and MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Ltd. counting as another side;

2.     Any and all Phase One motions *in limine* shall be filed and served on or before April 14, 2008;

3.     Any oppositions to such motions *in limine* shall be filed and served on or before April 28, 2008;

4.     Any replies in support of such motions *in limine* shall be filed and served on or before May 8, 2008;

5.     The hearing on the parties' Phase One motions *in limine* shall be held ~~at the currently~~ scheduled ~~time,~~ **AND** on May ~~19~~ 21, 2008 at ~~10:00 a.m., or at such other~~ 1:00 p.m., in **Courtroom One.** ~~time as may be designated by the Court.~~

IT IS SO ORDERED.

DATED: MAR 1 1 2008

*S G Larson*

Hon. Stephen G. Larson
United States District Court Judge

EXHIBIT 43
PAGE 292

-2-
[~~Proposed~~] ORDER ON STIPULATION RE: BRIEFING OF MOTIONS IN LIMINE

07209/2425998.1

# EXHIBIT 44

1
2
3
4
5
6
7
8
9
10

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CARTER BRYANT, an individual,

                    Plaintiff,

    v.

MATTEL, INC., a Delaware
corporation,

                    Defendant.

AND CONSOLIDATED ACTIONS

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059
and Case No. 05-2727

[PROPOSED] ORDER
REGARDING PRETRIAL
DEADLINES

Honorable Stephen G. Larson

# ~~[PROPOSED]~~ ORDER

Pursuant to the Stipulation between the MGA Defendants, Carter Bryant, and Mattel ("The Parties"), by and through their counsel of record and subject to the Court's approval, IT IS SO ORDERED that:

1.  The parties shall exchange proposed stipulations of fact, exhibit lists, witness lists, and deposition designations, as set forth in the Court's Standing Scheduling Order and Local Rule 16-2, by April 1, 2008, and any objections thereto by April 14, 2008;

2.  The parties shall exchange jury instructions and special verdict forms, as set forth in the Court's Standing Scheduling Order, by April 4, 2008, and any objections thereto by April 14, 2008;

3.  The parties shall exchange counter-deposition designations by April 10, 2008, and any objections thereto by April 14, 2008;

4.  The parties shall conduct the meeting of counsel in accordance with Local Rule 16-2 by April 16, 2008;

5.  The parties shall file the submissions required by Federal Rule of Civil Procedure 16 and Local Rule 16 by April 21, 2008; and

6.  The Final Pretrial Conference shall be held on May 5, 2008. @ 11:00 a.m.

IT IS SO ORDERED:

Dated:  MAR 11 2008                      _S.G. Larson_

                                The Honorable Stephen G. Larson

# EXHIBIT 45

CONFORMED COPY

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:    (415) 774-2611
Facsimile:     (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART<br>MATTEL'S MOTION TO ENFORCE<br>THE COURT'S ORDER OF MAY 16,<br>2007, TO COMPEL MGA TO<br>PRODUCE WITNESSES FOR<br>DEPOSITION PURSUANT TO RULE<br>30(b)(6), AND GRANTING REQUEST<br>FOR SANCTIONS** |

I. INTRODUCTION

On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's

Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

8/15      EXHIBIT 45

PAGE 095

Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA") submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May 16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having considered the motion papers and the comments of counsel at the hearing, Mattel's motion is granted in part.

## II. BACKGROUND

On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order") which provided, in pertinent part:

2.    MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3.    MGA shall make its designees for all Topics in the Second Notice, except Topics Nos. 25 and 26, available for deposition on or before June 30, 2007.

4.    The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30, 2007.

5.    All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule 30(b)(6) deposition notices are overruled.

---

[1]  Mattel seeks $3,000 in sanctions.

[2]  In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA. In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28, 31, 34, 37 and 39-41.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT ___45___

PAGE ___296___

1   Proctor Decl., Ex. 1.  The parties later agreed to extend the May 22, 2007 deadline for designating

2   witnesses to May 29, 2007.

3        After the May 16, 2007 Order was issued MGA designated and offered dates for some

4   Rule 30(b)(6) witnesses.  Mattel accepted the dates, however, in the first week of June MGA

5   canceled the depositions of three designees.  On June 7 and again on June 15, 2007, Mattel

6   requested that MGA provide new dates for the three designees.

7        The parties met and conferred on June 22, 2007.  MGA offered designees and deposition

8   dates for 14 of the outstanding Topics.  Although all but one of the dates that MGA proposed

9   were after the June 30, 2007 deadline, Mattel accepted MGA's schedule.  MGA did not, however,

10  identify or produce witnesses to testify on Topics 25, 26, 34 and 39-41, which are the subject of

    the instant motion.  These Topics are set forth below.

11       Topic 25:  YOUR revenues and profits from BRATZ, including without limitation

12       YOUR gross and net profits, and YOUR costs associated therewith.

13       Topic 26:  YOUR net worth.

14       Topic 34:  Other than those previously filed and served in this ACTION or in

15       which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,

16       transcripts, declarations, affidavits and other sworn written statements of any

17       other type by or from YOU or made on YOUR behalf that REFER OR RELATE

18       TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30,

19       2001 (regardless of when such testimony or sworn statement was taken, given,

20       signed, made or filed).

21       Topic 39:  The preservation, collection, destruction, removal, transfer, loss or

22       impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in

23       connection with the ACTION and/or any DOCUMENTS requested by MATTEL

24       in the ACTION.

25       Topic 40:  The preservation, collection, destruction, removal, transfer, loss or

26       impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since

27       January 1, 1999 that REFER OR RELATE TO MATTEL (including without

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____45_____

PAGE _____297_____

1    limitation any MATTEL product, plan or information) that YOU received in any

2    manner from any PERSON who was at the time an employee of MATTEL or who

3    had previously been an employee of MATTEL.

4    Topic 41: The testing of or sampling from DOCUMENTS that REFER OR

5        RELATE TO BRATZ or BRYANT, including without limitation such testing or

6        sampling in connection with any ink, paper or chemical analysis performed or

7        attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

8        thereto and all results and reports relating thereto.

9    Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6. During the

10   hearing, Mattel also requested an order compelling MGA to designate a witness and schedule a

11   deposition on Topic No. 21, which seeks:

12   Topic No. 21: YOUR knowledge of, and access to, non-public MATTEL DIVA

13       STARTZ project information and DESIGNS prior to June 30, 2001.

14   Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.

15       MGA indicated that Lisa Tonnu would "likely" be its designee on Topic Nos. 25 and 26,

16   but did not offer a date for her deposition because it was awaiting a ruling from Judge Larson

17   regarding the phasing of trials. MGA also did not designate a witness on Topic Nos. 26, 34 and

18   41 because it was in the process of appealing the May 16, 2007 Order as it pertained to these

19   topics to Judge Larson.[3] MGA similarly did not designate a witness on Topic No. 40 because it

20   was awaiting a ruling from Judge Larson on its pending motion to dismiss Mattel's counterclaims.

21   MGA's motion to dismiss was based, in part, on Mattel's purported failure to comply with

22   California Code of Civil Procedure §2019.210. Apparently, MGA thought that the need for

23   discovery on Topic No. 40 might be obviated if it prevailed on its motion to dismiss.

24

25

26   _____

     [3] MGA filed its Objection to the May 16, 2007 Order on May 31, 2007.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _45_

PAGE _298_

4

1     MGA also did not designate a witness on the entirety of Topic No. 39. Earlier in June

2   MGA produced Kenneth Lockhart to testify on Topic No. 39. At the deposition, however,

3   Lockhart testified that he had no knowledge regarding MGA's collection of non-electronic

4   documents, a subject within the scope of Topic No. 39. Mattel asked MGA to identify another

5   witness to testify regarding the collection of non-electronic documents. MGA apparently refused

6   to do so because it believed Mattel had agreed to limit Topic No. 39 to exclude that issue.

7     By the end of June 2007, MGA had made only two Rule 30(b)(6) witnesses available for

8   deposition pursuant to the May 16, 2007 Order: Kenneth Lockhart and Paula Garcia. Mattel's

9   Motion at p.3.[4]

10    On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the

11   May 16, 2007 Order for hearing on July 2, 2007. On June 27, 2007, Judge Larson issued an order

12   denying MGA's motion to dismiss, and Mattel renewed its request that MGA produce a witness

13   to testify on Topic No. 40. The next day MGA responded that it intended to identify a designee

14   and dates for a deposition by the end of the week.

15    On June 29, 2007, Mattel filed the instant motion. On July 5, 2007, Judge Larson issued

16   an order affirming the May 16, 2007 Order. That same day MGA confirmed the date and its

17   designation of a witness on Topic Nos. 39 and 40. MGA also confirmed that it would produce

18   witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA provided designations and dates for

19   deposition for Topic Nos. 34 and 41.

20    In this motion, Mattel contends that MGA has refused to designate and/or to produce

21   witnesses on Topic Nos. 21, 25, 26, 34, 39, 40 and 41, even though the May 16, 2007 Order

22   required it to make all of its Rule 30(b)(6) witnesses (except on Topic Nos. 25 and 26) available

23   by the end of June. Mattel also contends that MGA has refused to meet and confer in good faith

24

25     _____

26     [4] A third deposition was scheduled for June, however, it did not take place. According to Mattel, MGA
   unilaterally cancelled the deposition the day before it was scheduled to commence. Mattel Motion at p.4. According

27   to MGA, Mattel agreed to defer the deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___45___

PAGE ___399___

5

1    to schedule the deposition of witnesses on Topic Nos. 25 and 26, in violation of the May 16, 2007

2    Order. Lastly, Mattel contends that MGA's stated justifications for refusing to comply with the

3    May 16, 2007 Order all lack merit.

4        MGA contends that Mattel's motion is premature and unnecessary, and is now moot.

5    MGA explains that after the June 22, 2007 meet and confer, there were only four topics open:

6    "one of which (40) was subject to a ruling anticipated to be coming from Judge Larson any day

7    and which was received before Mattel's motion was filed; two of which (34 and 41) were the

8    express subject of an appeal pending before Judge Larson; and the last was simply the result of an

9    honest disagreement between the parties as to the actual intended scope of the topic (39)."

10    MGA's Opposition at p.2. MGA denies ever refusing to provide witnesses on these topics, and

11    instead, asserts that it was entitled to receive Judge Larson's rulings before scheduling

12    depositions. MGA further contends that it identified witnesses and deposition dates soon after

13    Judge Larson issued his orders.

14                        III. DISCUSSION

15    **Topic Nos. 25 and 26**

16        The May 16, 2007 Order required the parties to meet and confer "regarding the timing of

17    the depositions on Topic Nos. 25 and 26." Proctor Decl., Ex. 1. During the June 22, 2007 meet

18    and confer session, MGA indicated that it was likely to designate Lisa Tonnu for these topics;

19    however, it did not offer a date for the deposition because it was awaiting Judge Larson's ruling

20    on the phasing of trials.

21        Mattel contends that MGA's purported justification for failing to schedule the depositions

22    is without merit because discovery in this case has not been phased. Further, Mattel contends that

23    depositions on these two topics cannot be delayed any longer because under the current schedule,

24    expert reports are due in late August.

25        MGA contends that it fulfilled its meet and confer obligations regarding Topic Nos. 25

26    and 26 and took the position that the depositions shouldn't be scheduled until Judge Larson issued

27    a ruling on the phasing of trials.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT ___45___

PAGE ___300___

1    MGA is not technically in violation of the May 16, 2007 Order with respect to Topic Nos.

2    25 and 26 because it fulfilled its obligation to meet and confer regarding the timing of the

3    depositions.  Therefore, Mattel's motion to enforce the May 16, 2007 Order and request for

4    sanctions are denied as to Topic Nos. 25 and 26.  Nevertheless, MGA's purported justification for

5    delaying scheduling depositions on Topic Nos. 25 and 26 is no longer valid in light of Judge

6    Larson's ruling on the phasing of trials and Mattel is entitled to a date certain for the depositions.

7    **Topic No. 39**

8    The May 16, 2007 Order required MGA to designate a witness on Topic No. 39 by May

9    22, 2007, and to produce its designee for deposition by June 30, 2007.  MGA met these deadlines

10   by designating Kenneth Lockhart on Topic No. 39 and producing him for deposition on June 14

11   and 15, 2007.  Mr. Lockhart, however, was unable to testify regarding the collection of non-

12   electronic documents.  During the parties' subsequent meet and confer, MGA acknowledged that

13   Mr. Lockhart was not proffered regarding the collection of non-electronic documents, but claimed

14   that Mattel had previously agreed to limit Topic No. 39 to electronic documents.

15   Mattel denies ever agreeing to so limit Topic No. 39 and contends that "it is preposterous

16   to think that Mattel would agree to such a limitation."  Mattel's Motion at p.10.  Mattel points out

17   that the Topic clearly encompasses both electronic and non-electronic documents, and that the

18   May 16, 2007 Order compels MGA to produce a witness on the Topic as written.

19   In contrast, MGA contends that it designated Mr. Lockhart, Chief Information Officer, on

20   Topic No. 39 "based on its good faith belief that the topic was intended to cover the retention of

21   electronic documents and other 'digital information.'"  MGA's Opposition at p.6.  Nevertheless,

22   on July 5, 2007, MGA designated Lisa Tonnu to testify on Topic No. 39 and indicated that she

23   was available on July 19, 2007.

24   MGA is in substantial compliance with the May 16, 2007 Order, having produced Mr.

25   Lockhart by the June 30th deadline and by offering Lisa Tonnu to testify regarding the remainder

26   of Topic No. 39 after the apparent misunderstanding came to light.  Therefore, Mattel's motion to

27   enforce the May 16, 2007 Order is denied with respect to Topic No. 39.

     //

**Topic No. 40**

The May 16, 2007 Order required MGA to designate a witness on Topic No. 40 by May 22, 2007, and to make the witness available for deposition no later than June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not designate or produce a witness on Topic No. 40 because it was awaiting the resolution of its motion to dismiss. On June 27, 2007, Judge Larson denied MGA's motion to dismiss and held that Mattel had already complied with §2019.210. The next day MGA notified Mattel that it would identify a witness on Topic No. 40 and potential dates for deposition by the end of the week. On July 5, 2007, MGA confirmed that Lisa Tonnu would testify on Topic No. 40 and would be available for deposition on July 19, 2007.

Mattel contends that MGA violated the May 16, 2007 without any legitimate basis because Topic No. 40 was not the subject of any appeal. In contrast, MGA contends that it completed its designation and provided available dates promptly after Judge Larson issued his order.

MGA clearly violated the May 16, 2007 by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30th. MGA's non-compliance was willful and inexcusable. MGA could have but failed to request any extension of time to designate and produce a witness on Topic No. 40. MGA has not cited any precedent that excuses a litigant from complying with deadlines imposed by a discovery order, without leave of court, simply because the claim to which the discovery is directed is the subject of a pending motion to dismiss. Mattel's motion is granted as to Topic No. 40 and sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P.

**Topic Nos. 34 and 41**

The May 16, 2007 Order required MGA to designate a witness on Topic Nos. 34 and 41 by May 22, 2007 and to produce its designee(s) for deposition by June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not offer any designees or deposition dates for Topic Nos. 34 and 41 because it was in the process of appealing the May 16, 2007 Order to Judge Larson with respect to these topics.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _45_

PAGE _302_

8

On May 31, 2007, MGA appealed the May 16, 2007 Order compelling it to produce designees on Topic Nos. 34 and 41.[5] MGA sought a stay of the May 16, 2007 Order as to these Topics pending appeal. On June 21, 2007, the Discovery Master denied the requested stay. On June 22, 2007, MGA filed an "emergency *ex parte*" application with Judge Larson seeking review of the June 21, 2007 Order denying the requested stay. On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the May 16, 2007 Order for hearing on July 2, 2007. A few days after the hearing, Judge Larson issued an order upholding the May 16, 2007 Order. That same day MGA confirmed that it would produce witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA identified Renato Dionisio to testify on Topic No. 34 and indicated that the witness was available on any one of the following days: August 21-23 or 28-30. MGA identified Lisa Tonnu to testify on Topic No. 41 and indicated that she was available to testify on July 19.

Mattel contends that MGA willfully failed to comply with the May 16, 2007 Order, even after its request for a stay was denied. MGA contends that the instant motion was unnecessary and a waste of judicial resources because Mattel knew before it filed the motion that Judge Larson had moved up the hearing on MGA's appeals and a ruling would be forthcoming.

MGA violated the May 16, 2007 Order by failing to designate and produce a witness to testify on Topic Nos. 34 and 41 by the June 30th deadline. The violation was particularly egregious because MGA's request for a stay was denied on June 21, 2007, which still left a few days for MGA to at least designate a witness and propose dates for a deposition, even if the deposition was scheduled beyond the June 30th deadline. Instead, MGA chose to persist in its refusal to comply with the May 16, 2007 Order and gambled that Judge Larson would grant it "emergency" *ex parte* relief. MGA's clear and flagrant violation of a court order warrants sanctions under Rule 37(b)(2), Fed.R.Civ.P.

IV. CONCLUSION

For the reasons set forth above, Mattel's motion is granted in part and denied in part. To the extent MGA has not already done so, MGA shall promptly confirm its designees on Topic

[5] MGA also appealed the May 16, 2007 Order with respect to Topic No. 26.



EXHIBIT 45

PAGE 303

1   Nos. 21, 25, 26 and 34 by August 22, 2007, and make them available for deposition no later than

2   September 27, 2007.

3        Mattel's request for sanctions is granted based upon MGA's willful violation of the May

4   16, 2007 Order by failing to identify witnesses and dates for deposition for Topic Nos. 34, 40 and

5   41 by the designated deadlines. MGA shall reimburse Mattel in the amount of $1,000 in

6   monetary sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P., no later than August 22, 2007.

7        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8   Master, Mattel shall file this Order with the Clerk of Court forthwith.

9

10   Dated: August 14, 2007

                                    HON. EDWARD A. INFANTE (Ret.)

11                                          Discovery Master

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                       10

EXHIBIT   45

PAGE   304

<u>**PROOF OF SERVICE BY E-MAIL**</u>

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND GRANTING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _45_

PAGE _305_