# EXHIBIT 46

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF LOS ANGELES

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1]  CV 04-9059 NM (RNBx)

TO:  Veronica Marlow      (818) 360-9150
     12250 Woodley
     Granada Hills, CA  91344

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP. 865 So. Figueroa Street, 10th Fl., Los Angeles, CA 90017 (213) 443-3000 | March 25, 2005 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shane McKenzie* Attorney for Plaintiff, Mattel, Inc. | March 14, 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
SHANE H. McKENZIE, ESQ., Quinn Emanuel Urquhart Oliver & Hedges, LLP.
865 So. Figueroa Street, 10th Floor, Los Angeles, CA  90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

EXHIBIT _46_

PAGE _306_

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 83 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | March 15, 2005<br>12:35 p.m. | 12250 Woodley<br>Granada Hills, CA 91344 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| VERONICA MARLOW<br>(Witness Fee Paid $40.00) | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Guevara | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on March 16, 2005
DATE

SIGNATURE OF SERVER 1301 West 2nd Street, #206
Los Angeles, CA 90026
(213) 482-1567
ADDRESS OF SERVER   Reg. L.A. County #4298

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT 46

PAGE 307

## ATTACHMENT A

## Documents And Tangible Things To Be Produced

I.    DEFINITIONS.

1.    "YOU" or "YOUR" means Veronica Marlow, and any other
PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to
YOUR control.

2.    "CARTER BRYANT" means Carter Bryant and any of his
current or former agents, representatives, employees, attorneys, predecessors-in-
interest and successors-in-interest, and any other PERSON acting on his behalf,
pursuant to his authority or subject to his control.

3.    "BRATZ" means any project ever known by that name
(whether in whole or in part and regardless of what such project is or has been also
called), any doll or any portion thereof that is now or has ever been known as, or
sold or marketed under, the name "Bratz" (whether in whole or in part and
regardless of what such doll is or has been also called) or that is now or has ever
been sold or marketed as part of the "Bratz" line, and all DESIGNS and versions
of such doll or any portion thereof.

4.    "ANGEL" means any project ever known by that name
(whether in whole or in part and regardless of what such project is or has been also
called), any doll or any portion thereof that is now or has ever been known as, or
sold or marketed under, the name "Angel" (whether in whole or in part and
regardless of what such doll is or has been also called) or that is now or has ever
been sold or marketed as part of the "Angel" line, and all DESIGNS and versions
of such doll or any portion thereof.

5.    "PRAYER ANGELS" means any project ever known by that
name (whether in whole or in part and regardless of what such project is or has
been also called), any doll or any portion thereof that is now or has ever been
known as, or sold or marketed under, the name "Prayer Angels" (whether in whole
or in part and regardless of what such doll is or has been also called) or that is now
or has ever been sold or marketed as part of the "Prayer Angels" line, and all
DESIGNS and versions of such doll or any portion thereof.

6.    "MATTEL" means Mattel, Inc., any subsidiaries, divisions,
affiliates, predecessors-in-interest and successors-in-interest, and any other
PERSON acting on its behalf, pursuant to its authority or subject to its control.

ATTACHMENT A

EXHIBIT  46

PAGE  308

7.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

8.     "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

9.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

10.     "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

11.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

12.     "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

ATTACHMENT A

EXHIBIT __46__

PAGE __309__

II.    INSTRUCTIONS.

       A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

       B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

       1.    The privilege or protection that you claim precludes disclosure;

       2.    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

       3.    The date, author(s), addressee(s); and

       4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

       C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

       D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

       E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.    DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED.

       1.    All DOCUMENTS REFERRING OR RELATING TO BRATZ any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted), including without limitation any work or services performed by YOU or any other PERSON on BRATZ prior to January 1, 2001.

       2.    All DOCUMENTS REFERRING OR RELATING TO ANGEL, including without limitation any work or services performed by YOU or any other PERSON on ANGEL.

ATTACHMENT A

EXHIBIT _46_

PAGE _310_

3. All DOCUMENTS REFERRING OR RELATING TO PRAYER ANGELS, including without limitation any work or services performed by YOU or any other PERSON on PRAYER ANGELS.

4. All DOCUMENTS REFERRING OR RELATING TO any agreements or contracts REFERRING OR RELATING TO BRATZ, ANGEL and/or PRAYER ANGELS between YOU and any PERSON.

5. All DOCUMENTS REFERRING OR RELATING TO CARTER BRYANT any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

6. All DOCUMENTS REFERRING OR RELATING TO Anna Rhee any time prior to January 1, 2001 (regardless of when such DOCUMENT was created, written, received or transmitted).

7. All DOCUMENTS, including without limitation phone records, REFERRING OR RELATING TO COMMUNICATIONS between Anna Rhee, on the one hand, and YOU, MGA and/or CARTER BRYANT prior to January 1, 2001.

8. All DOCUMENTS REFERRING OR RELATING TO this litigation.

9. All DOCUMENTS REFERRING OR RELATING TO any work or services that YOU performed for or on behalf of any competitor of MATTEL, including without limitation MGA, during the term of YOUR MATTEL employment.

10. All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS between YOU and MGA during the term of YOUR MATTEL employment.

11. All doll heads, sculpts, prototypes, models, samples, molds and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

4

ATTACHMENT A

EXHIBIT ___46___

PAGE ___311___

12.    All doll heads, sculpts, prototypes, models, samples, molds and tangible items that REFER OR RELATE TO ANGEL and/or PRAYER ANGELS.

ATTACHMENT A

EXHIBIT ___46___

PAGE ___312___

# EXHIBIT 47

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 48

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 49

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA  90071-3144
3 | Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600
4 | E-mail:      tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
7 | Telephone: (415) 984-6400
Facsimile:   (415) 984-2698
8 | E-mail:      rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | <center>UNITED STATES DISTRICT COURT</center>

12 | <center>CENTRAL DISTRICT OF CALIFORNIA</center>

13 | <center>EASTERN DIVISION</center>

| | |
|---|---|
| 14 CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 15     Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 16     v. | **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL** |
| 17 MATTEL, INC., a Delaware corporation | **RESPONSES TO MATTEL, INC.'S REVISED THIRD SET** |
| 18     Defendant. | **OF INTERROGATORIES** |
| 19 | **CONFIDENTIAL -- ATTORNEYS' EYES ONLY** |
| 20 | |
| 21 | Honorable Stephen G. Larson Courtroom 1 |
| 22 Consolidated with MATTEL, INC. v. BRYANT and MGA | Discovery Cut-Off:  March 3, 2008 |
| 23 ENTERTAINMENT, INC. v. | |
| 24 MATTEL, INC. | |

25 | **PROPOUNDING PARTY:**     **MATTEL, INC.  ("MATTEL")**

26 | **RESPONDING PARTY:**      **MGA ENTERTAINMENT, INC.  ("MGA")**

27 | **SET NUMBER:**      **REVISED THIRD**   EXHIBIT _49_

28 | _11-30_    PAGE _323_

1  California facility.  MGA Art Department personnel also used Macintosh desktops
2  and laptops that linked to the snap servers which may have contained files referring
3  to Bratz.  Files created with accounting and other back office software applications
4  were saved on sequel servers located in Los Angeles via an application called "Great
5  Plains."  MGA personnel's emails were located on an exchange server, also housed
6  in Los Angeles.  MGA employees save all company related work files on a file
7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.
8  ("MGA Hong Kong") employees.  This Drive is still in production and has been
9  upgraded to a Netapp Storage System.

10        With respect to MGA's offices in Hong Kong prior to January 1, 2002,
11  MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked
12  to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong
13  personnel connected to the "Great Plains" sequel server located in Southern
14  California.  MGA Hong Kong maintained its own exchange server in Hong Kong for
15  emails to and from MGA Hong Kong employees.

16  **INTERROGATORY NO. 41:**

17        IDENTIFY all PERSONS who at any time have been employed by or
18  under contract with MATTEL who are now or have been employed by or under
19  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
20  her name, date of hire or effective date of contract, the date on which YOU first had
21  contact with such PERSON regarding potential employment or contracting, the
22  date(s) on which such PERSON was interviewed for possible employment or
23  contracting, each title (if any) such PERSON has held while employed by or under
24  contract with YOU, and the date of termination (if applicable).

25  **RESPONSE TO INTERROGATORY NO. 41:**

26        MGA incorporates by reference its General Response and General
27  Objections above, as though fully set forth herein and specifically incorporates
28  General Objection No. 7 (regarding Definitions), including but not limited to its

63                    EXHIBIT __49__

1 objections to the definitions of the term IDENTIFY and further objects to this
2 interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3 ambiguous both generally and specifically with respect to the terms YOU.  MGA
4 also objects to this interrogatory to the extent it seeks information that is not subject
5 to disclosure under any applicable privilege, doctrine or immunity, including without
6 limitation the attorney-client privilege, the work product doctrine, the right of
7 privacy, and all other privileges recognized under the constitutional, statutory or
8 decisional law of the United States of America, the State of California or any other
9 applicable jurisdiction.

10 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11      MGA incorporates by reference its General Response and General
12 Objections above, as though fully set forth herein and specifically incorporates
13 General Objection No. 7 (regarding Definitions), including but not limited to its
14 objections to the definitions of the term IDENTIFY and further objects to this
15 interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
16 ambiguous both generally and specifically with respect to the terms YOU.  MGA
17 also objects to this interrogatory to the extent it seeks information that is not subject
18 to disclosure under any applicable privilege, doctrine or immunity, including without
19 limitation the attorney-client privilege, the work product doctrine, the right of
20 privacy, and all other privileges recognized under the constitutional, statutory or
21 decisional law of the United States of America, the State of California or any other
22 applicable jurisdiction.

23      Subject to and without waiving the foregoing objections, MGA
24 responds as follows:  the following is a list of all former Mattel employees who have
25 been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.
26 since January 1, 1999:

27

28

EXHIBIT __49__

PAGE __325__

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer – Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03-Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02-Present |
| Feldman, Joe | Design Engineer | 12/08/04-Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06-Present |
| Garcia, Mia | Dev. Designer | 2/23/05-Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00-Present |

EXHIBIT ___49___

65

PAGE ___326___

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance;<br><br>Quality Assurance Mgr. | 10/16/06-Present;<br><br>1/3/05-8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06-Present |
| Hansen, Melody | Face Painter | 03/13/06-Present |
| Hansen, Todd | Packaging Engineer | 5/2/05-Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 -Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 -Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |

EXHIBIT ___49___

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

PAGE ___327___

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

EXHIBIT 49

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

EXHIBIT ___49___

PAGE ___329___

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz; <br><br> VP Marketing | 08/17/06 – Unknown; <br><br> 5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

69

EXHIBIT __49__

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____

Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

EXHIBIT __49__

PAGE __33__

70

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

# EXHIBIT 50

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 51

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED CASES | Case No. CV 04-09049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> **DISCOVERY MATTER** <br><br> Hon. Edward A. Infante (Ret.) <br> Discovery Master <br><br> *IN CAMERA* DECLARATION #4 AS TO EXPERT EXAMINATION AND TESTING OF BRYANT'S ORIGINAL DOCUMENTS <br><br> Date:  August 23, 2007 <br> Time:  9:00 a.m. <br> Place:  Telephonic <br><br> Discovery Cut-Off:  October 22, 2007 <br> Pre-Trial Conference:  January 14, 2008 <br> Trial Date:  February 12, 2008 |

**SUBMITTED PER JUDGE INFANTE'S REQUEST ON AN**

*IN CAMERA* BASIS

~ **Not For Dissemination To Defendants/Counterclaimants** ~

EXHIBIT ___51___

PAGE ___343___

IN CAMERA DECLARATION NO. 4

'132/2203613.1

# DECLARATION OF LLOYD CUNNINGHAM

I, Lloyd Cunningham, declare as follows:

1.      I am self-employed as a Forensic Document Examiner, which includes the examination of handwriting and questioned documents. I am submitting this declaration *in camera* in response to a request from the Discovery Master in connection with Mattel's Motion to Compel Bryant To Make Original Documents Available For Expert Examination and Testing. I am more than twenty-one (21) years of age; I make this declaration of personal, firsthand knowledge; and if called and sworn as a witness, I could and would testify competently thereto.

2.      I have extensive experience in the questioned document field. I have testified and have been accepted as an expert witness more than 500 times in state and federal courts, as well as in depositions and hearings. I spent twenty-seven years with the San Francisco Police Department (and retired as Inspector of Police), where I established and supervised the first full time Questioned Document Section within the SFPD Crime Laboratory. I have examined items and prepared formal reports for approximately 6,000 questioned document cases which were submitted by law enforcement investigators, corporate security, civil attorneys, criminal defense attorneys, and for federal and state agencies including the Federal Bureau of Investigation, the Secret Service, the Internal Revenue Service, U.S. Customs, the Drug Enforcement Agency, and the California Highway Patrol. Attached hereto as Exhibit 1 is a true and correct copy of my current CV.

3.      Attached hereto as Exhibit 2 is a true and correct copy of an article about my work analyzing the handwriting of the "Zodiac," the 1960s serial killer. I also was retained to examine the handwritten ransom note that was found at the scene of JonBenet Ramsey's murder and to testify at the Grand Jury hearing in Boulder, Colorado. *See* Exhibit 2.

EXHIBIT ___51___

PAGE ___344___

209/2161753.1

IN CAMERA DECLARATION NO 4

1      4.    To properly examine and test documents, as well as to ensure that
2   they are properly handled and preserved, I conduct my analysis and testing in either
3   of my two laboratories in Indian Wells and Alamo, California.  The laboratories
4   contain specialized scientific instrumentation that I use to conduct the examination
5   and testing of documents.  Some of this instrumentation includes, but is not limited to
6   the following:  Stereoscopic microscope, Electro-Static Detection Apparatus (ESDA),
7   specialized lighting sources, infrared luminescence, reflected infrared, and UV.  I
8   may perform the following types of non-destructive examinations and testing on one
9   or more of the original documents from Mr. Bryant: a) (ESDA) examination of the
10   paper fiber of selected documents for evidence of indented handwriting or any other
11   indented impressions. b) Examination of ink/writing instrument characteristics with a
12   stereoscopic microscopic, specialized lighting sources, infrared luminescence,
13   reflected infrared, UV and the dichroic filter. c) Examination of the paper fiber of
14   selected documents for evidence of chemical and/or mechanical erasures. d)
15   Examination of handwritten entries/drawings for evidence of additions and/or
16   alterations. e) Examination of handwritten entries to determine authorship.

17      5.    The laboratories where I conduct my examinations are each
18   protected by a security system, and a locked fireproof safe where I keep materials that
19   are sent to me for examination and testing when they are not being examined or
20   tested.  It should be noted that the safes have limited space and may not be able to
21   accommodate very large documents or a voluminous number of documents.

22      6.    As a recognized expert in the field of forensic document
23   examination, I am fully aware of the extreme importance of preserving the integrity
24   of the evidence that is in my custody.  When materials arrive at my laboratories I
25   carefully record the condition of the documents when they are received, they are
26   placed in a protected area away from other cases and away from any chemicals or
27   elements they could cause contamination to them, and if possible they are placed in
28   protective envelopes.  In addition, the submitted documents are color photocopied by

'209/2161753.1

-2-

EXHIBIT          5/

PAGE          2U5

IN CAMERA DECLARATION NO. 4

1  either me or my client.  I certainly understand the critical nature of each of Mr.

2  Bryant's original documents and will be fully accountable for them while they are in

3  my custody.

4          7.      All the Bryant documents that are provided for examination and

5  testing shall be returned by me in the same condition, sequence and order in which

6  they were received.

7          I declare under penalty of perjury under the laws of the State of

8  California and the United States of America that the foregoing is true and correct.

9          Executed this 27th day of August, 2007, at Alamo, California.

10

11  DATED: August 27. 2007

12

13                                                  Lloyd W. Cunningham

14

15

16

17

18

19

20

21

22

23

24

25

26

27                          EXHIBIT  51

28                          PAGE  346

# Exhibit 1

EXHIBIT ___51___

PAGE ___347___

**LLOYD CUNNINGHAM**
**FORENSIC DOCUMENT EXAMINER**
67 OAK MEADOW COURT, ALAMO, CA 94507
OFFICE PHONE: 925-831-0790
FAX: 925-831-0791

# CURRICULUM VITAE

Currently I am self-employed as a Forensic Document Examiner.

The following is a resume of my qualifications as they relate to my expertise. I would testify to these qualifications in a court of law as an expert in the examination of questioned handwriting and documents.

| | |
|---|---|
| 1963-1990 | Twenty-seven years of service with the San Francisco Police Department. Retired Inspector of Police. |
| 1977-1980 | Assigned to the San Francisco Police Department Fraud Unit, Embezzlement Investigations. |
| 1980 | Graduated from the United States Secret Service Questioned Documents Course in Washington, D.C. |
| 1980-1982 | Completed a 2-1/2 year course of studies as an intern with the Questioned Document Section of the United States Postal Crime Laboratory. |
| 1982 | Graduated from the F.B.I. Questioned Documents Course in Quantico, VA. |

Established the first full time Questioned Document Section within the San Francisco Police Department Crime Laboratory and supervised this section from 1980 – 1990.

Past president of the Southwestern Association of Forensic Document Examiners.

## MEMBER

Honorary member of the American Society of Questioned Document Examiners.

International Association for Identification – Questioned Document Section. Life Member.

EXHIBIT ___5/___

PAGE ___34/8___

Exhibit _1_ Page _4_

## ATTEND FORENSIC WORKSHOPS SPONSORED BY:

Southwestern Association of Forensic Document Examiners
American Society of Questioned Document Examiners
American Board of Forensic Document Examiners
International Association for Identification
American Academy of Forensic Sciences

Prepared scientific research papers which were presented at forensic seminars and published in forensic and law enforcement journals.

## LECTURED

San Francisco Police Department Academy
Oakland Police Department
District Attorney Investigator's Association
California District Attorney's Association
Trial Lawyer's Association
American Bar Association
California Department of Motor Vehicles Investigators
U.S.F Law School. Hasting Law School
Numerous Bank Investigators and Investigative Associations.

## INSTRUCTOR

Certified by the California Commission of Peace Officer Standards and Training to teach Questioned Document Investigative Techniques in the Institute of Criminal Investigation.

Taught (POST) Questioned Document Investigative Techniques in conjunction with the San Jose State University Administration of Justice Department from 1991 – 2003.

Examined items and prepared formal reports for approximately 6,000 questioned document cases which were submitted by law enforcement investigators, corporate security, civil attorneys, criminal defense attorneys, and for federal and state agencies such as the F.B.I, Secret Service, I.R.S., U.S. Customs, D.E.A., California Highway Patrol, etc.

Testified and have been accepted as an expert Forensic Document Examiner in excess of 500 times in State and Federal Courts, and in depositions and hearings.

EXHIBIT _____ 51 _____
PAGE _____ 349 _____

Exhibit ⌐ Page 5

# Exhibit 2

EXHIBIT ___51___

PAGE ___350___

**SFGate.com**

## Zodiac's written clues fascinate document expert

Lance Williams, Chronicle Staff Writer
Saturday, March 3, 2007

 

It's a task that the world's leading expert on the handwriting of San Francisco's most notorious fugitive killer has undertaken literally thousands of times.

From somewhere in the world, someone -- police officer, news reporter or amateur sleuth -- has sent a document that person suspects was written by the Zodiac, the 1960s serial killer who taunted police with handwritten notes boasting of his crimes, then disappeared.

Patiently and methodically, forensic document examiner Lloyd Cunningham reviews the handwriting, comparing it to known samples of the Zodiac's own script, looking for a clue that finally will break the case.

But for 27 years, the result has always been the same: no match.

Cunningham, 67, began investigating the Zodiac while a San Francisco police officer and has continued on the case as a private consultant. He insists he feels no frustration when he sits down to examine the latest purported Zodiac document, knowing it is likely to turn out to be junk.

Nor, he says, is he daunted by the avalanche of new Zodiac suspects -- "friends, neighbors, relatives, ex-spouses, whoever people want to pin the Zodiac murders on," as he describes them -- likely to be generated by the new "Zodiac" movie.

"Who knows?" he said Thursday in a phone interview from his home near Palm Springs. "Maybe one of them is right."

Cunningham became a police officer in 1963. On the night of Oct. 11, 1969, while working a plainclothes assignment, he was among dozens of officers who flooded the Presidio after the shooting of cab driver Paul Stine -- the last of the Zodiac's verified kills.

In 1980, after training with the U.S. Secret Service, Cunningham became the department's first forensic document examiner. Before then, police had relied on the state crime lab to analyze documentary evidence.

While an officer, and since he retired in 1991, Cunningham has worked on hundreds of legal cases. For Colorado authorities, he examined the ransom letter in the JonBenet Ramsey case. He

Zodiac's written clues fascinate document expert                                    Page 2 of 3

reconstructed notes that mass killers Leonard Lake and Charles Ng forced their victims to write in the 1980s sex-slave murder ring in Calaveras County.

Nothing in his career has been quite like Zodiac. Cunningham plunged into the case immediately after finishing his forensic training. In those days, police received as many as 30 purported Zodiac documents per week.

"All over the world, people were mesmerized by the Zodiac mystery," he says, "and everyone's relative or ex-friend became a suspect."

Cunningham spent long hours with what he calls the case's "Rosetta Stone" -- the letter received by The Chronicle two days after the Stine killing in 1969. Because it contains a bloodstained piece of the victim's shirt, it's the only Zodiac letter that undeniably came from the killer.

Over the years, Cunningham says he memorized Zodiac's handwriting, including the uniqueness of its letter forms. The killer crossed his "t" low on the vertical stroke, Cunningham notes, and formed a distinctive "saddle" between the legs of his lowercase "m." He usually left generous spacing between lines, Cunningham says.

Copycat Zodiac missives often can be easy to spot, he says. A tip-off to copied or disguised handwriting is a lack of "fluency," he says.

"There's a rhythm in writing," he says -- when people jot notes or sign documents, they write quickly and confidently. "But if someone tries to copy or disguise their handwriting, it's no longer spontaneous," he says, and an expert can see signs of the effort in the script.

Soon after he retired, Cunningham says he was brought back into the Zodiac case by the Vallejo police, who were taking a new run at solving the crime. Their suspect was Arthur Leigh Allen, a retired schoolteacher, former mental patient and convicted child molester who had been singled out by Zodiac investigators in the 1970s but was cleared after he passed a lie detector test. Allen, who died in 1992, is still the favorite Zodiac suspect of some experts on the case, including Robert Graysmith, the former Chronicle editorial cartoonist who wrote the book on which the movie was based.

In 1991, police raided Allen's home in Vallejo and seized a trove of potential evidence, including a box of handwritten letters that spanned 25 years. Cunningham spent days examining them.

"I went through every piece of his known writing and compared it, and I couldn't find any evidence to link him to the Zodiac writings," Cunningham says.

But police didn't give up on Allen. They theorized that Allen had committed the Zodiac killings with an accomplice and that the accomplice had written the Zodiac letters. Cunningham says he thought

EXHIBIT ____51____

PAGE ____352____

Exhibit 2 Page 7

the theory was promising. When police seized specimens of the suspected accomplice's handwriting, Cunningham believed a break in the case had finally come.

"My heart was going pitter-pat," he says. Then he sat down with the documents.

"We really thought Arthur Leigh Allen did the killings and this guy did the writing," Cunningham says. "I was never so let down -- it just wasn't the guy."

The most recent Zodiac-style document that Cunningham has examined came to him via The Chronicle's photo archive.

In an envelope of old news photos of the Zodiac case, editorial assistant Daniel King found a Christmas card addressed to The Chronicle and postmarked 1990. The handwriting resembled the Zodiac's, and the card itself was similar to one the killer is thought to have sent to the newspaper during his killing spree.

No one at the newspaper today remembers receiving the Christmas card or how it came to be put in the Zodiac photo file. The Chronicle gave the card and envelope last week to Vallejo police, the lead agency on the Zodiac murders, and provided Cunningham with scans of the documents.

Cunningham pointed out several similarities between the writing on the envelope and the Zodiac's script but noted discrepancies as well. More important, he says, the writing looked like it had been done slowly and carefully and in places appeared to have been overwritten.

"The big problem you have here is, why would a person overwrite all of these letters?" he says. "The Zodiac never did that in any of his writings." The overwriting led him to suspect that the writer was copying or tracing the script from another document.

"I could never conclude that this is the writing of the Zodiac," he says. "It tends to lean the other way -- I have the impression that someone tried to imitate the Zodiac's handwriting."

*E-mail Lance Williams at lwilliams@sfchronicle.com.*

http://sfgate.com/cgi-bin/article.cgi?f=/c/a/2007/03/03/MNG37OETI71.DTL

This article appeared on page **A - 1** of the San Francisco Chronicle

EXHIBIT   51
PAGE      353

Exhibit 2 Page 8

1  either me or my client.  I certainly understand the critical nature of each of Mr.
2  Bryant's original documents and will be fully accountable for them while they are in
3  my custody.

4      7.    All the Bryant documents that are provided for examination and
5  testing shall be returned by me in the same condition, sequence and order in which
6  they were received.

7      I declare under penalty of perjury under the laws of the State of
8  California and the United States of America that the foregoing is true and correct.

9      Executed this 27th day of August, 2007, at Alamo, California.

10

11  DATED:  August 27. 2007

12

13

14                                          Lloyd W. Cunningham

15

16

17

18

19

20

21

22

23

24

25

26

27                         EXHIBIT ___51___

28                         PAGE ___354___

2

LLOYD CUNNINGHAM
FORENSIC DOCUMENT EXAMINER
67 OAK MEADOW COURT
ALAMO, CA 94507



EXHIBIT _51_

PAGE _355_

# EXHIBIT 52

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED CASES

Case No. CV 04-09049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

Hon. Edward A. Infante (Ret.)
Discovery Master

[PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT EXAMINATION AND TESTING

Date: August 23, 2007
Time: 9:00 a.m.
Place: Telephonic

Discovery Cut-Off: October 22, 2007
Pre-Trial Conference: January 14, 2008
Trial Date: February 12, 2008

8-30

[PROPOSED] ORDER

EXHIBIT 52
PAGE 356

1         Having considered Mattel, Inc.'s Motion To Compel Bryant To Make

2 Original Documents Available For Expert Examination and Testing (the "Motion"),

3 and all other papers and argument submitted in support of or opposition to the

4 Motion, and finding good cause therefore,

5         IT IS HEREBY ORDERED that:

6         1.    Mattel's Motion is GRANTED IN PART, as follows:

7         2.    The following materials were provided to the Discovery Master, at

8 his request, for *in camera* review: the C.V. of the four experts who will be

9 conducting examination, inspection and testing of the documents; and statements

10 from each of them as to the location and nature of their laboratory facilities, as to

11 their individual practices with regard to the preservation of evidence, and as to their

12 understanding that they are fully accountable for Bryant's original documents while

13 those documents are in their custody. The Discovery Master has found Mattel's

14 showing with respect to the experts satisfactory.

15         3.    Accordingly, Bryant shall produce to Mattel, within ten (10) Court

16 days of entry of this Order, on the day that Mattel specifies, the original documents

17 listed below for Mattel's experts' examination, testing and/or analysis:

18     &bull; the originals of boxes 1 through 8 inclusive;

19
20     &bull; from box 9: folders "Sugar Planet Spring 2003 Tropical" and "Sugar
Planet General 2001-2002?";

21
22     &bull; from box 10: folders "Baby Bratz," "F 04 Retro Funk General," "Sugar
Planet Butterfly Purse & Character S 04," "Lipstixx 2003," Sugar Planet
23     Candyland Purse: Character S 04" and "Sugar Planet Tropical 2001"

24     &bull; from box 11: folders entitled "Bratz Dollpack Fall 2003," "S04 Girls
25     Night Out," "Bratz New Accessories Etc. 2002," "Bratz Petz S04,"
"Winter Wonderland F03 Dolls," "Bratz Spring 2002 7.99 molded
26     pieces," "S04 Sweetheart," "Jade Dollpack Spring 2003," "Jade Fall
27     2002," "Sasha Fall 2002," "Yasmin Fall 2002," "Cloe Fall 2002," "New

28

07209/2201994.1

-1-

EXHIBIT 52

PAGE 357

PROPOSED ORDER

1  Girl 2002 Fall," "Bratz $7.99 2002 Spring Break," and "Bratz Spring
2  2002 14.99 segment."

3  ~~If Mattel's experts determine that their analysis would potentially benefit~~
4  ~~from access to other original documents not listed above, Bryant will make those~~
5  ~~originals available to Mattel's counsel or Mattel's expert(s) at Mattel's counsel's~~
6  ~~direction upon five (5) Court days' notice.~~

7          4.    On the day specified, Mattel will pick up the documents listed
8  above from Keker & Van Nest's San Francisco office during normal business hours.
9  The next day after the documents are removed from Keker & Van Nest shall be the
10 first of 35 days that Mattel will have for the expert examination and testing of the
11 materials requested for preparation of its initial expert reports, which time period may
12 be extended upon a showing by Mattel of good cause by further Order of the
13 Discovery Master.   The documents shall be returned to Keker & Van Nest's San
14 Francisco office on the 35th day during normal business hours.

15         5.    The experts' examination, testing and analysis may take place at
16 the experts' laboratories.  Any shipping of the originals will be done by overnight
17 mail, for earliest delivery possible to the destination area, using Federal Express or
18 UPS or a similar service that Bryant selects.

19         6.    If any of Mattel's experts recommends that a form of destructive
20 testing (that is, any testing that would alter the documents' inherent physical status) be
21 conducted, the following procedure shall be used.  First, Mattel will send a request in
22 writing to Bryant and MGA explaining what would be tested and what test or tests
23 would be conducted.  Then Bryant and MGA will have five (5) Court days to object,
24 in which case the parties must meet and confer and, within three (3) more Court days,
25 file a joint statement with Judge Infante to seek resolution of the dispute.  Bryant and
26 MGA may also elect to have their own experts attend for any destructive testing
27 being done, so long as they make this election in writing to Mattel within the five-
28 Court-day objection period, and so long as the testing can take place within ten (10)

07209/2201994.1

-2-

PROPOSED ORDER

EXHIBIT ___52___
PAGE ___358___

1   Court days of the original request.  If Bryant's or MGA's expert, while he or she is

2   observing the examination or destructive testing, raises any issues about sampling or

3   testing being done or any other aspects of the expert's or experts' process, the parties

4   will seek immediate resolution from this Court so that the sampling, testing or other

5   activity will not be delayed.  If Bryant's counsel or MGA's counsel does not object or

6   seek attendance by its expert within five days of the request, the proposed destructive

7   testing shall be deemed as unobjectionable and may be carried out without further

8   delay.

9           7.      With the exception of alterations resulting from any destructive

10  testing, which would be conducted in accordance with the protocol above, all the

11  Bryant documents that are provided for inspection, examination and testing shall be

12  returned in the same condition, sequence and order in which they were received.

13          **IT IS SO ORDERED.**

14

15  DATED: _Aug 30_ , 2007

16

17

18  Hon. Edward Infante (Ret.)
    Discovery Master

19

20

21

22

23

24

25

26

27

28

07209/2201994.1

-3-

PROPOSED ORDER

EXHIBIT ___52___

PAGE ___359___

1  Prepared and respectfully submitted by:
2  QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
3
4
5  Diane C. Hutnyan
6  Attorneys for Mattel, Inc.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2201994.1

-4-

PROPOSED ORDER

EXHIBIT 52

PAGE 360

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 30,
2007, I served the attached ORDER GRANTING MATTEL, INC'S MOTION TO COMPEL
BRYANT TO MAKE ORIGINAL DOCUMENTS AVAILABLE FOR EXPERT
EXAMINATION AND TESTING in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on August 30, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT _52_

PAGE _361_

# EXHIBIT 53

## Cyrus Naim

**From:**        James Webster
**Sent:**        Sunday, January 27, 2008 3:20 PM
**To:**          Cyrus Naim
**Subject:**     Fw: Paul - I am following up on the voicemail I just left for you


James Webster
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 9th Floor
Los Angeles, CA    90017

Direct:  (213) 443-3132
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  jameswebster@quinnemanuel.com
Web:    www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: James Webster
Cc: Michael T Zeller; Jon Corey
Sent: Sun Jan 27 14:17:16 2008
Subject: RE: Paul - I am following up on the voicemail I just left for you

We are representing Maria Salazar.  She will not be appearing for a deposition tomorrow.
To make sure we are on the same page, could you please email me a list of the depos that
you understand to be going forward tomorrow?

---

From: James Webster [mailto:jameswebster@quinnemanuel.com]
Sent: Friday, January 25, 2008 7:52 PM
To: Eckles, Paul M (NYC)
Cc: Michael T Zeller; Jon Corey
Subject: Paul - I am following up on the voicemail I just left for you


I refer to your letter of January 24, 2008 to Jon Corey, in which you state that "we
regard all these depositions as "off" for the time being." This includes Maria Salazar's
deposition, which as you know is scheduled for this coming Monday. It is now Friday
evening.  We have had no communication from Salazar or any attorney that may be
representing her to the effect that she will not be appearing. If you have any knowledge
as to whether she is represented by counsel, and/or whether she is intending to appear for
the deposition, we request that you please let us know as soon as possible.

Please be aware that Mattel does not recognize MGA's power to simply cancel a deposition
which has been properly noticed and for which the deponent has been served.  Mattel must
reserve its rights to recover its costs and fees associated with MGA's unilateral action.

Thank you.

EXHIBIT __53__

PAGE __362__

1

James Webster
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax:   (213) 443-3100
E-mail:  jameswebster@quinnemanuel.com <mailto:ujameswebster@quinnemanuel.com>
Web:  www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


-------------------------------------------------------------------------
*************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***************************************************
*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
***************************************************
=========================================================================

EXHIBIT  53
PAGE  363

2