# EXHIBIT 54

## TELECOPIER TRANSMITTAL

### ALLRED, MAROKO & GOLDBERG
6300 Wilshire Blvd., Suite 1500, Los Angeles, CA 90048
Tele: (323) 653-6530    Fax: (323) 653-1660

PLEASE DELIVER TO:

| NAME/LAW FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| James J. Webster, Esq.<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | (213) 443-3100 | (213) 443-3000 |
| Marcus M. Mumford, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | (213) 687-5600 | (213) 687-5000 |
| Michael H. Page, Esq.<br>KEKER & VAN NEST | (415) 397-7188 | (415) 391-5400 |

**DESCRIPTION:**  **Re: Mattel/Bryant**
**Letter dated March 28, 2008**

**FROM:**  María G. Díaz, Esq.

**DATE:**  March 28, 2008

**TIME:**  4:00 p.m.

No. of pages including cover sheet: 3

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

**Please call Josie at (323) 653-6530 if you do not receive all pages or message is illegible.**

EXHIBIT 54

PAGE 364

*Law Offices*

## ALLRED, MAROKO & GOLDBERG
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

NATHAN GOLDBERG*
MICHAEL MAROKO*
GLORIA R. ALLRED*
JOHN S. WEST
DOLORES Y. LEAL
R. TOMÁS OLMOS
RENEE MOCHKATEL
MARGERY N. SOMERS
MARÍA G. DÍAZ

*A PROFESSIONAL CORPORATION

6300 WILSHIRE BOULEVARD
SUITE 1500
LOS ANGELES, CALIFORNIA 90048
(323) 653-6630
FAX (323) 653-1660
E-MAIL: amg@amglaw.com

March 28, 2008

### VIA EMAIL & FACSIMILE ONLY

James J. Webster, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
865 S. Figueroa St., 10ᵗʰ Floor
Los Angeles, CA 90017

### Re:   Mattel v. Bryant, et al. - Ana Cabrera, Beatriz Morales

Dear Mr. Webster:

I have reviewed your two stipulations and will agree to signing these subject to the inclusion of the following additional language set forth below.

### Stipulation Re: The Depositions of the Ana Cabrera and Beatriz Morales

The deposition transcripts of Ana Cabrera and Beatriz Morales are to be deemed confidential, for purposes of this action only, and will not be utilized for any other proceeding. The deposition transcripts shall be disclosed only to attorneys for the parties, parties in this litigation, and to the Court having jurisdiction over this matter.

This stipulation and order survives the conclusion, whether by settlement, order or judgment, of this litigation.

### Stipulation Re: Expert Reconstruction of Documents Provided By Ana Cabrera

The Parties agree that Ana Cabrera and Beatriz Morales claim no interest in the torn documents contained in the boxes to be used in the re-construction. The Parties to this action further agree that they will determine amongst themselves, without involvement of Ana Cabrera and Beatriz Morales, the maintenance, retention and disposition of these torn documents. If the Parties are unable to reach a mutual agreement, they will seek appropriate relief from the Court.

EXHIBIT  54

PAGE  365

James J. Webster, Esq.
**QUINN EMANUEL URQUHART OLIVER & HEDGES**
March 28, 2008
Page 2

Upon receipt of the modified stipulations, I will execute these and return them to you.

Please contact me if you have any questions.

Very truly yours,

ALLRED, MAROKO & GOLDBERG

MARÍA G. DÍAZ

MGD:jp
cc:    Marcus M. Mumford, Esq.
       Michael H. Page, Esq.

EXHIBIT _____ 54 _____

PAGE _____ 366 _____

# EXHIBIT 55

## Cyrus Naim

| | |
|---|---|
| **From:** | Cyrus Naim |
| **Sent:** | Monday, March 31, 2008 8:18 PM |
| **To:** | 'Maria Diaz'; 'Mumford, Marcus R'; 'Matthew Werdegar' |
| **Cc:** | James Webster; Michael T Zeller |
| **Subject:** | Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales |
| **Attachments:** | 2446497_Stip re Cabrera Reconstruction (3).DOC; 2446567_Proposed Order re Stip re Cabrera Reconstruction (3).DOC; Protective Order.pdf |

Dear Ms. Diaz:

We have considered your additions to the two stipulations regarding the depositions of your clients, and reconstruction of torn documents provided by Ms. Cabrera. As to the matter of reconstruction, Mattel is willing to accept the addition of language disclaiming the future involvement of your clients, and has added that language to the attached stipulation. If this stipulation meets with your acceptance, please sign and return to us by Friday, April 4, 2008.

As to the matter of the stipulation regarding the depositions of your clients, however, Mattel cannot agree to your terms. As you know, deposition testimony may already be deemed confidential under the Protective Order in this case, which I attach for your convenience. Mattel would have no objection to designation of the depositions of your clients as confidential pursuant to that Order. There is no basis, however, for any restrictions on the use of the depositions that are over and above those laid out in the Protective Order. As you are not willing to sign a stipulation requiring your clients to appear for deposition without this language, Mattel will seek an order from the Discovery Master setting dates for these depositions. If you are indeed willing to sign a stipulation without the addition of this language, please let me know immediately.

Thank you,

Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: cyrusnaim@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 55

PAGE 367

4/2/2008

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7
   Attorneys for Mattel, Inc.
8

9                    UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  CARTER BRYANT, an individual,    Case No. CV 04-09049 SGL (RNBx)

13            Plaintiff,             Consolidated with
                                     Case No. CV 04-09059
14      vs.                          Case No. CV 05-02727

15  MATTEL, INC., a Delaware         **DISCOVERY MATTER**
    corporation,
16                                   [To Be Heard By Hon. Edward
            Defendant.               Infante (Ret.) Pursuant To Order Of
17                                   December 6, 2006]

18  ──────────────────────────       STIPULATION RE: EXPERT
    AND CONSOLIDATED CASES           RECONSTRUCTION OF
19                                   DOCUMENTS PROVIDED BY
                                     ANA CABRERA;
20
                                     [[Proposed] Order filed concurrently
21                                   herewith]

22                                   **Phase 1:**
23                                   Discovery Cut-off:     January 28, 2008
                                     Pre-trial Conference:  May 5, 2008
24                                   Trial Date:            May 27, 2008

25

26

27            EXHIBIT ___55___

28            PAGE ___368___

07209/2446497.1

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

**STIPULATION**

1     WHEREAS, Mattel, Inc. ("Mattel") has in its possession certain
documents that it received from Ana Cabrera; and

WHEREAS, Mattel wishes to conduct non-destructive expert
examination and testing upon the documents.

NOW, THEREFORE, Ms. Cabrera, MGA and defendant Carter Bryant
and Mattel agree as follows, subject to the Court's approval:

1.     Mattel may provide to its expert, Lloyd Cunningham, those torn-up
documents provided to it by Ana Cabrera. Mr. Cunningham will engage in the
following procedure:

2.     Mr. Cunningham will first lay out each piece of a document as flat as
possible. For documents that are crumpled, he will straighten them by placing them
in between two sheets of glass or transparent plastic.

3.     Mr. Cunningham will inspect the edges of each paper, and match those
edges as precisely as possible.

4.     Mr. Cunningham will connect the papers at their torn edges using
liftable tape, that can hold the documents together, but is easily removed without
damaging the underlying documents.

5.     Mr. Cunningham will then make a high quality reproduction of the
complete documents.

6.     Except for reconstruction as set forth above, the documents shall be
kept in the same condition in which they were received.

7.     If Mr. Cunningham or any other Mattel expert recommends that any
further testing that would alter the documents' inherent physical status be conducted,
the following procedure shall be used. First, Mattel will send a request in writing to
Bryant and MGA explaining what test or tests would be conducted. Then Bryant
and MGA will have five (5) Court days to object, in which case the parties must

EXHIBIT ___SS___
PAGE ___269___

1  meet and confer and, within three (3) more Court days, file a joint statement with

2  Judge Infante to seek resolution of the dispute. Bryant and MGA may also elect to

3  have their own experts attend for any such further testing being done, so long as

4  they make this election in writing to Mattel within the five-Court-day objection

5  period, and so long as the testing can take place within ten (10) Court days of the

6  original request. If Bryant's or MGA's expert, while he or she is observing the

7  examination or destructive testing, raises any issues about testing being done or any

8  other aspects of the expert's or experts' process, the parties will seek immediate

9  resolution from this Court so that the sampling, testing or other activity will not be

10  delayed. If Bryant's counsel or MGA's counsel does not object or seek attendance

11  by its expert within five days of the request, the proposed further destructive testing

12  shall be deemed as unobjectionable and may be carried out without further delay.

13          8.      The Parties agree that Ana Cabrera and Beatriz Morales claim no

14  interest in the torn documents. Ana Cabrera and Beatriz Morales further claim no

15  interest in the maintenance, retention and disposition of these torn documents, and

16  the Parties to this action will determine such matters amongst themselves, without

17

18

19

20

21

22

23

24

25

26

27

28

07209/2446497.1

EXHIBIT __55__

PAGE __370__

-3-

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1  involvement of Ana Cabrera and Beatriz Morales.  If the Parties are unable to reach

2  a mutual agreement, they will seek appropriate relief from the Court.

3        IT IS SO STIPULATED.

4  DATED:  March __, 2008        ALLRED, MAROKO & GOLDBERG

5

6                                By_____

7                                   Maria Diaz
                                   Attorneys for Ana Cabrera and Beatriz
8                                   Morales

9

10  DATED:  March __, 2008        QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP
11

12

13                                By_____

14                                   James J. Webster
                                   Attorneys for Mattel, Inc.

15  DATED:  March __, 2008        SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP
16

17

18                                By_____

19                                   Marcus Mumford
                                   Attorneys for MGA Entertainment, Inc.,
20                                   MGAE de Mexico, S.R.L. de C.V., MGA
                                   Entertainment (HK) Limited, and Isaac
21                                   Larian

22

23  DATED:  March __, 2008        KEKER & VAN NEST, LLP

24

25

26                                By_____

27                                   Michael Page
                                   Attorneys for Carter Bryant

28

**EXHIBIT  55**

**37/**

07209/2446497.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT __55__

PAGE __372__

07209/2446497.1

-5-

STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

1 │ QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 │  johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3 │  (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 │  (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5 │ Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6 │ Facsimile: (213) 443-3100

7 │
    Attorneys for Mattel, Inc.
8 │

9 │               UNITED STATES DISTRICT COURT

10 │            CENTRAL DISTRICT OF CALIFORNIA

11 │                    EASTERN DIVISION

12 │ CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)

13 │            Plaintiff,              Consolidated with
                                        Case No. CV 04-09059
14 │      vs.                           Case No. CV 05-02727

15 │ MATTEL, INC., a Delaware           **DISCOVERY MATTER**
    corporation,
16 │                                    [To Be Heard By Hon. Edward
             Defendant.                 Infante (Ret.) Pursuant To Order Of
17 │                                    December 6, 2006]

18 │ ─────────────────────────          [PROPOSED] ORDER ON
                                        STIPULATION RE: EXPERT
    AND CONSOLIDATED CASES             RECONSTRUCTION OF
19 │                                    DOCUMENTS PROVIDED BY
                                        ANA CABRERA
20 │

21 │                                    **Phase 1:**
22 │                                    Discovery Cut-off:    January 28, 2008
                                        Pre-trial Conference: May 5, 2008
23 │                                    Trial Date:           May 27, 2008

24 │

25 │

26 │

27 │                        EXHIBIT ___55___

28 │                        PAGE ___373___

07209/2446567.1

─────────────────────────────────────────────────────────
[PROPOSED] ORDER ON STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY
                                                              ANA CABRERA

1

### [PROPOSED] ORDER

2          The parties and Ana Cabrera and Beatriz Morales having so stipulated,

3   and finding good cause hereto, IT IS HEREBY ORDERED THAT:

4          1.     Mattel may provide to its expert, Lloyd Cunningham, those torn-up

5   documents provided to it by Ana Cabrera.  Mr. Cunningham will engage in the

6   following procedure:

7          2.     Mr. Cunningham will first lay out each piece of a document as flat as

8   possible.  For documents that are crumpled, he will straighten them by placing them

9   in between two sheets of glass or transparent plastic.

10         3.     Mr. Cunningham will inspect the edges of each paper, and match those

11  edges as precisely as possible.

12         4.     Mr. Cunningham will connect the papers at their torn edges using

13  liftable tape, that can hold the documents together, but is easily removed without

14  damaging the underlying documents.

15         5.     Mr. Cunningham will then make a high quality reproduction of the

16  complete documents.

17         6.     Except for reconstruction as set forth above, the documents shall be

18  kept in the same condition in which they were received.

19         7.     If Mr. Cunningham or any other Mattel expert recommends that any

20  further testing that would alter the documents' inherent physical status be conducted,

21  the following procedure shall be used.  First, Mattel will send a request in writing to

22  Bryant and MGA explaining what test or tests would be conducted.  Then Bryant

23  and MGA will have five (5) Court days to object, in which case the parties must

24  meet and confer and, within three (3) more Court days, file a joint statement with

25  Judge Infante to seek resolution of the dispute.  Bryant and MGA may also elect to

26  have their own experts attend for any such further testing being done, so long as

27  they make this election in writing to Mattel within the five-Court-day objection

07209/2446567.1  28

-2-

[PROPOSED] ORDER ON STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY ANA CABRERA

EXHIBIT 55

PAGE 374

1  period, and so long as the testing can take place within ten (10) Court days of the

2  original request.  If Bryant's or MGA's expert, while he or she is observing the

3  examination or destructive testing, raises any issues about testing being done or any

4  other aspects of the expert's or experts' process, the parties will seek immediate

5  resolution from this Court so that the sampling, testing or other activity will not be

6  delayed.  If Bryant's counsel or MGA's counsel does not object or seek attendance

7  by its expert within five days of the request, the proposed further destructive testing

8  shall be deemed as unobjectionable and may be carried out without further delay.

9      8.      The Parties agree that Ana Cabrera and Beatriz Morales claim no

10 interest in the torn documents.  Ana Cabrera and Beatriz Morales further claim no

11 interest in the maintenance, retention and disposition of these torn documents, and

12 the Parties to this action will determine such matters amongst themselves, without

13 involvement of Ana Cabrera and Beatriz Morales.  If the Parties are unable to reach

14 a mutual agreement, they will seek appropriate relief from the Court.

15

16 DATED: _____

17

18                                     _____

19                                     Hon. Edward A. Infante (Ret.)
                                       Discovery Master

20

21

22

23

24

25

26                              EXHIBIT ___55___

27                              PAGE ___375___

07209/2446567.1 28
                                       -3-
[PROPOSED] ORDER ON STIPULATION RE: EXPERT RECONSTRUCTION OF DOCUMENTS PROVIDED BY
ANA CABRERA

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br><br>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>    Counter-Claimant,<br><br>    v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>    Counter-Defendant. | CASE NO. CV 04-9059 NM (RNBx)<br><br>STIPULATED PROTECTIVE ORDER; AND<br><br>[PROPOSED] ORDER<br><br>[Discovery Matter] |

EXHIBIT __55__

PAGE __376__

272/625581.2

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

EXHIBIT ___55___

PAGE ___377___

07472/625581.2

-2-

1              (2)    The specific terms of agreements with, and information received

2    from, third parties that a Party is required to disclose only under conditions of

3    confidentiality;

4              (3)    Personal or private financial information, and confidential

5    financial data that is not known generally to the trade or to competitors, including

6    financial data relating to specific sales, cost and profit information for specific

7    products and product lines; and

8              (4)    Business plans and product information that are not known

9    generally to the trade or to competitors, including non-public information relating to

10   product development and design.

11

12             WHEREFORE, believing that good cause exists, the Parties HEREBY

13   STIPULATE that, subject to the Court's approval, the following procedures shall be

14   followed in this Action to facilitate the orderly and efficient discovery of relevant

15   information while minimizing the potential for unauthorized disclosure or use of

16   confidential or proprietary information:

17

18                       SCOPE OF THIS ORDER

19

20             1.    This Protective Order shall apply to trade secret, confidential and

21   proprietary information, documents and things that are produced or disclosed in any

22   form during the course of the Action by any Party or any nonparty:

23             (a)    through discovery;

24             (b)    in any pleading, document or other writing; or

25             (c)    in testimony given at a deposition.

26   (The foregoing information, documents and things shall be referred to hereinafter

27   collectively as "Litigation Materials.")

28                                         EXHIBIT _55_

                                            PAGE _378_

PROTECTIVE ORDER

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.      Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.      A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)      Documents or Things.      "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

EXHIBIT ___55___

PAGE ___379___

-4-

:72/625581.2

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

1    A Party or nonparty also may make the above-referenced designation of
2    confidentiality in writing and within fourteen (14) calendar days of the receipt
3    by said Party or nonparty of the transcript of said testimony. In that event, said
4    portion of the transcript will be treated as "CONFIDENTIAL" or
5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6    this Protective Order, except that it will not be separately bound. If, during the
7    course of deposition testimony, any Party or nonparty reasonably believes that
8    the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10   other than those persons entitled to receive such information pursuant to
11   paragraphs 5 and 6 hereof shall be excluded from the room in which the
12   deposition testimony is given.    Unless previously designated as
13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14   all transcripts of deposition testimony and any related exhibits, and all
15   information adduced in deposition, shall, in their entirety, be treated as
16   "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17   the transcript by counsel for the designating Party or nonparty. The Party or
18   nonparty designating the testimony or information as "CONFIDENTIAL" or
19   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20   (14) calendar day period described above, specifically designate information
21   contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23   designated as such, by notifying all Parties in writing of the portions of the
24   transcript or exhibit which contains such information. Each Party shall attach
25   a copy of such written statement to the face page of the transcript or exhibit
26   and to each copy in its or his possession, custody or control. Thereafter, these
27   portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

EXHIBIT __55__

-6-    PAGE __381__

1   accordance with the terms of this Protective Order. In addition, the provisions

2   of Paragraph 3(e) for later designating transcripts or exhibits shall apply after

3   the expiration of the fourteen (14) calendar day period described in this

4   Paragraph 3(c).

5           (d)    Typing or stamping the legend "CONFIDENTIAL" or

6   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a

7   collection of Litigation Materials which are bound together shall have the

8   effect of designating such collection in its entirety as "CONFIDENTIAL" or

9   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks,

10  tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling,

11  stamping or marking the outside of such disk, tape, CD-ROM, DVD or other

12  medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL

13  -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire

14  contents of such disk, tape, CD-ROM, DVD or other medium or device, and

15  all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL --

16  ATTORNEYS' EYES ONLY," as the case may be.

17          (e)    Except as otherwise provided in Paragraph 3(c) of this

18  Protective Order, the receiving Party shall not reveal any information produced

19  for a period of seven (7) calendar days following receipt. Failure to designate

20  a document, thing or other information as CONFIDENTIAL" or

21  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this

22  Protective Order shall not preclude any Party or nonparty desiring to so

23  designate the document, thing or information from so designating thereafter;

24  provided that the Party or nonparty proceeds promptly after discovery of any

25  omission of marking, in good faith marks the document, thing or other

26  information and requests, in writing, that each receiving Party so mark and

27  treat the document, thing or other information in accordance with this

28  Protective Order. Thereafter, the document, thing or other information shall

EXHIBIT  55

-7-  PAGE  382

1    be fully subject to this Protective Order. No Party shall incur liability for any

2    disclosures made prior to notice of such designation, except to the extent that

3    any such disclosures occurred prior to the seven (7) day period described above

4    or prior to such other time periods as are provided by this Protective Order,

5    including without limitation such time periods as are provided in Paragraph

6    3(c) above.

7

8    RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

9

10    4.    Any Litigation Materials produced or disclosed in this Action,

11   whether   or   not   designated   "CONFIDENTIAL"   or   "CONFIDENTIAL   --

12   ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13   information for purposes of litigation and not for any other purpose, including

14   without limitation for any business or trade purpose. As used herein, the term

15   "litigation" shall mean preparation for, participation in and prosecution and defense

16   of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17   connection with any mediation or other alternative dispute resolution procedure that

18   this or any other court may order or that the Parties may agree to.

19    5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20   the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21   disclosed to any person other than:

22          (a)   the attorneys for the Parties and their partners, shareholders,

23    associates, document clerks and paralegals who are necessary to assist such

24    attorneys;

25          (b)   secretaries, stenographers and other office or clerical

26    personnel employed by said attorneys and who are necessary to assist such

27    attorneys;

28

EXHIBIT ___55___

PAGE ___383___

(c) a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e) such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g) professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h) independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i) non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

EXHIBIT 55
PAGE 384

272/625581.2                          -9-

6.     Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)     such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

EXHIBIT _SS_

PAGE _385_

272/625581.2

-10-

1    (g)    professional court reporters engaged to transcribe

2    deposition testimony, professional videographers engaged to videotape

3    deposition testimony and translators.

4    7.    None of the following is bound by or obligated under this Order

5    in any respect and specifically are not bound or obligated to treat information

6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7    ONLY" in any particular manner: The Court hearing this Action (including the Court

8    having jurisdiction of any appeal), Court personnel, court reporters working for the

9    Court, translators working for the Court, or any jury impaneled in this Action.

10    8.    Other than those identified in Paragraph 7 above, each person to

11    whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12    ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13    Protective Order and agree to be bound by it before disclosure to such persons of any

14    such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15    not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16    ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17    certified that they have read this Protective Order and have manifested their assent

18    to be bound thereby by signing a copy of the Assurance of Compliance attached

19    hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20    it shall not be necessary for that person to sign a separate Assurance of Compliance

21    each time that person is subsequently given access to confidential material. Any

22    person who signed an Assurance of Compliance in connection with the Stipulation

23    for Protection of Confidential Information and Protective Order filed September 16,

24    2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25    Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26    shall, by virtue of his or her prior signature, be deemed to have signed the attached

27    Assurance of Compliance.

28

EXHIBIT  55

PAGE  386

9.     The failure of any Party to object to the designation   of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.     If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.     Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.     The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

EXHIBIT 55

13.     If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.  The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.     Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

EXHIBIT __55__

PAGE __388__

7272/625581.2

-13-

1  Rule may be amended from time to time. Prior to the time that a Party receiving the

2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3  information from any other Party files with the Court an application and the other

4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5  time, to seal the producing Party's confidential information, the receiving Party shall

6  consult with the producing Party's attorney to determine whether the producing Party

7  will re-designate the previously designated confidential information so as to avoid the

8  need for the request to file such information under the seal. Upon the default of a

9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15  THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17         16. If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT __55__

PAGE __389__

-14-

1 ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2 material.

### DISCOVERY FROM NONPARTIES

6       17.    Discovery of nonparties may involve receipt of information,
7 documents, things or testimony which include or contain "CONFIDENTIAL" or
8 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A
9 nonparty producing such material in this case may designate as "CONFIDENTIAL"
10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11 produces in the same manner provided for in this Protective Order with respect to
12 material furnished by or on behalf of the Parties. Any Party may also designate as
13 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14 materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16 Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17 nonparty has also so designated. In addition, a nonparty may also designate as
18 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19 materials or information produced by a Party that constitute "CONFIDENTIAL" or
20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21 nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22 producing Party has also so designated. In either such an event, the designation
23 providing for the greater level of protection for the material information shall control,
24 subject to Paragraph 10 of this Protective Order. Nonparty materials designated
25 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26 nonparty or Party shall be governed by the terms of this Protective Order.

EXHIBIT 55
PAGE 390

'272/625581.2

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT __55__

PAGE __39 /__

272/625581.2

-16-

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the

2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December 22, 2004      QUINN EMANUEL URQUHART
7 |                              OLIVER & HEDGES, LLP

8

9 | By   _Jon Corey_
                            Jon Corey
10 |                             Attorneys for Plaintiff
                            Mattel, Inc.

11

12 | DATED: December __, 2004      LITTLER MENDELSON

13 | By
14 |                             Douglas A. Wickham
                            Attorneys for Defendant
15 |                             Carter Bryant

16 | DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17

18 | By
                            Diana M. Torres
19 |                             Attorneys for Intervenor-Defendant
                            MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**

22

23 | DATED: __1/4/05__

24 |                             ROBERT N. BLOCK
                            THE HONORABLE ROBERT N. BLOCK
25 |                             United States Magistrate Judge

26

27

28 | EXHIBIT __55__

              PAGE __392__

272/625581.2                        -17-

1 │ Stipulation and Protective Order pursuant to a motion brought in accordance with the

2 │ rules of the Court.

3

4 │      **IT IS SO STIPULATED.**

5

6 │ DATED: December ___, 2004      QUINN EMANUEL URQUHART

7 │                                         OLIVER & HEDGES, LLP

8

9 │                                   By_____

                                             Jon Corey

10 │                                          Attorneys for Plaintiff

                                         Mattel, Inc.

11

12 │ DATED: December 21, 2004      LITTLER MENDELSON

13 │                                   By_____

14 │                                          Douglas A. Wickham

                                         Attorneys for Defendant

15 │                                          Carter Bryant

16 │ DATED: December ___, 2004      O'MELVENY & MEYERS, LLP

17

18 │                                   By_____

                                             Diana M. Torres

19 │                                          Attorneys for Intervenor-Defendant

                                         MGA Entertainment, Inc.

20

21

22 │      **IT IS SO ORDERED.**

23

24 │ DATED: _____

25 │                              THE HONORABLE ROBERT N. BLOCK

                                   United States Magistrate Judge

26

27

28

                                                PROTECTIVE ORDER

EXHIBIT 55

PAGE 393

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4   **IT IS SO STIPULATED.**

5

6   DATED: December __, 2004          QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP
7

8
                                      By_____
9                                         Jon Corey
                                          Attorneys for Plaintiff
10                                        Mattel, Inc.

11
    DATED: December __, 2004          LITTLER MENDELSON
12

13                                    By_____
                                          Douglas A. Wickham
14                                        Attorneys for Defendant
                                          Carter Bryant
15

16  DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17
                                      By_____
18                                        Diana M. Torres
                                          Attorneys for Interventor-Defendant
19                                        MGA Entertainment, Inc.

20

21  **IT IS SO ORDERED.**

22

23
    DATED: _____
24                                    THE HONORABLE ROBERT N. BLOCK
                                      United States Magistrate Judge
25

26

27

28

07272/625581.2                        -17-
                                                              PROTECTIVE ORDER

EXHIBIT  55

PAGE  394

1

## EXHIBIT A

2

3

## ASSURANCE OF COMPLIANCE

4

5      I, _____, under penalty of perjury under the laws of the

6   United States of America, declare and state as follows:

7      I reside at _____, in the City/County of _____ and

8   State/Country of _____;

9      I have read the annexed Stipulated Protective Order, ("Protective Order")

10   dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,*

11   Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States

12   District Court for the Central District of California; that I am fully familiar with and

13   agree to comply with and be bound by the provisions of that Protective Order;

14      I will not divulge to persons other than those specifically authorized by the

15   Protective Order, and will not copy or use any Litigation Materials designated as

16   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except

17   solely as permitted by the Protective Order; and

18      I consent to the jurisdiction of the United States District Court for the

19   Central District of California for the purpose of enforcing said Protective Order,

20   enjoining any violation or threatened violation of the Protective Order or seeking

21   damages for the breach of said Protective Order.

22

23

24                                     _____
                                               (Signature)
25

26

27

28                              EXHIBIT __55__

                                PAGE __395__

# PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

### SEE ATTACHED SERVICE LIST

[ ]    By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

EXHIBIT ___55___

PAGE ___396___

1   **Robert F. Millman, Esq.**
    **Douglas A. Wickham, Esq.**
2   **Keith A. Jacoby, Esq.**
    **Littler Mendelson**
3   **A Professional Corporation**
    2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
4   Phone: 310-553-0308
    **Fax: 310-553-5583**
5

6   **Diana M. Torres, Esq.**
    **O'Melveney & Meyers**
7   400 S. Hope Street
    Los Angeles, CA 90071
8   Phone: 213-430-6000
    **Fax: 213-430-6407**
9

10  **Daniel J. Warren, Esq.**
    **Sutherland, Asbill & Brennan**
11  999 Peachtree Street NE
    Atlanta, GA  30309-3996
12  Phone: 404-853-8698
    **Fax: 404-853-8806**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __55__

PAGE __397__

# EXHIBIT 56

## Cyrus Naim

| | |
|---|---|
| **From:** | Matthew Werdegar [MWerdegar@kvn.com] |
| **Sent:** | Tuesday, April 01, 2008 2:40 PM |
| **To:** | Cyrus Naim; Mumford, Marcus R |
| **Cc:** | Maria Diaz; Michael T Zeller; James Webster; Christa Anderson |
| **Subject:** | RE: Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales |

Cyrus,

We join in the objections and concerns expressed by MGA regarding this issue.  We are not prepared to sign any stipulation at this time.

Regards,

Matthew M. Werdegar

**KEKER & VAN NEST LLP**

710 Sansome Street
San Francisco, CA  94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

---

**From:** Cyrus Naim [mailto:cyrusnaim@quinnemanuel.com]
**Sent:** Monday, March 31, 2008 8:22 PM
**To:** 'Mumford, Marcus R'; Matthew Werdegar
**Cc:** 'Maria Diaz'; Michael T Zeller; James Webster
**Subject:** Mattel v. Bryant, Stipulations regarding Ana Cabrera and Beatriz Morales

Dear Mr. Mumford and Mr. Werdegar:

Please see the attached stipulation regarding reconstruction of the torn documents provided by Ana Cabrera.  My understanding is that you are not amenable to signing this stipulation.  If my understanding is incorrect, please let me know immediately.

Thank you,

Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  cyrusnaim@quinnemanuel.com
Web:  www.quinnemanuel.com

EXHIBIT ___56___

PAGE ___398___