# EXHIBIT 59

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Tania Krebs (Bar No. 227281)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff
6  Mattel, Inc.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware corporation,   )   CASE NO. BC 314398
                                            )
12                Plaintiff,                 )
                                            )   DECLARATION OF MICHAEL T.
13       v.                                  )   ZELLER IN SUPPORT OF MOTION
                                            )   TO COMPEL DEPOSITION OF
14  CARTER BRYANT, an individual, and       )   DEFENDANT AND CROSS-
    DOES 1 through 10, inclusive,           )   CLAIMANT CARTER BRYANT AND
15                                           )   FOR SANCTIONS IN THE AMOUNT
                  Defendants.               )   OF $4,500
16                                           )
                                            )   Hearing: October 5, 2004
17  CARTER BRYANT, on behalf of himself,    )   Time:     8:30 a.m.
    all present and former employees of Mattel, )  Judge:    Hon. Gregory Alarcon
18  Inc., and the general public,           )   Dept:     36
                                            )   Date Action Filed:  April 27, 2004
19                Cross-Complainant,        )   Trial Date:   None Set
                                            )
20       v.                                  )
                                            )
21  MATTEL, INC., a Delaware corporation,   )
                                            )
22                Cross-Defendant.          )
                                            )
23

24

25

26

27
                        EXHIBIT    59
28
                        PAGE       409

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 1 3 2004

John A. Clarke, Executive Officer/Clerk
By: _____, Deputy
        Elizabeth Martinez

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.      I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff, Mattel, Inc. I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

### Nature of this Action

2.      Attached hereto as Exhibit 1 is a true and correct copy of Mattel's Complaint in this action.

3.      As set forth in the Complaint, defendant Carter Bryant worked as a designer at Mattel's design center in El Segundo, California from September 1995 to April 1998, and then again from January 1999 to October 2000. Attached as Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999.

4.      As also set forth in the Complaint, in late November 2003, Mattel obtained a copy of a contract between defendant and a Mattel competitor, MGA Entertainment Inc. ("MGA"). That contract--which defendant and MGA had entered into while defendant was employed by Mattel--required defendant to provide design services to MGA on a "top priority" basis. It also purported to grant MGA ownership of works produced by defendant, both before and after the agreement's effective date. Attached hereto as Exhibit 2 is a true and correct copy of the contract between defendant and MGA (as obtained by Mattel). Attached hereto as Exhibit 3 is a true and correct copy of the Second Declaration of Carter Bryant submitted in support of his Opposition to Plaintiff's Motion to Remand and for Costs in this action. In the declaration, defendant states that he

EXHIBIT ___59___

PAGE ___410___

-2-

07209/605535.1

DECLARATION OF MICHAEL T. ZELLER

1  has earned revenues to date "in the millions of dollars" pursuant to his Agreement with
2  MGA.

3

4              **Defendant's Delays On The Protective Order**
5              **And Thus In The Exchange of Documents**

6

7              5.      Defendant was responsible for more than two months of delay in
8  commenting on and finalizing the Protective Order and thus in the production of documents
9  in this case by the parties and by MGA. I sent defendant a first draft of the Protective Order
10 on June 17, 2004. Attached hereto as Exhibit 4 is a true and correct copy of my June 17,
11 2004 letter (without attachment). After a week of receiving no response, I sent a follow-up
12 letter on June 24, 2004 requesting defendant's comments. Attached hereto as Exhibit 5 is
13 a true and correct copy of my June 24, 2004 letter. Some ten days after Mattel had circulated
14 the draft, on June 28, 2004, I received an email from defendant's counsel promising
15 comments "by the end of this week (if not sooner)." Attached hereto as Exhibit 6 is true and
16 correct hard copy printout of defendant's June 28, 2004 email.

17             6.      Despite defendant's counsel's promise of comments within a few
18 additional days, and despite my follow up voicemails (which went unreturned), no
19 comments were forthcoming from defendant for another two weeks, and until almost a
20 month after Mattel had sent the draft. At a meeting on July 13, defendant finally gave his
21 comments. On the following day, Mattel provided a revised draft. Attached hereto as
22 Exhibit 7 is a true and correct hard copy printout of my July 14, 2004 cover email for the
23 revised draft (without attachments).

24             7.      Another week passed before any response from defendant. Attached
25 hereto as Exhibit 8 is a true and correct hard copy printout of defendant's counsel's email
26 of July 21, 2004, with my response of the same day. Mattel then provided another draft on
27 July 25, 2004. Attached hereto as Exhibit 9 is a true and correct copy printout of my email
28 of July 25, 2004 (without attachments). Defendant provided more comments on July 28,

EXHIBIT _____ 54

07209/605535.1                          -3-

DECLARATION OF MICHAEL T. ZELLER

1 2004. Although Mattel then sent the completed final draft to defendant on July 29, 2004,
2 it still took defendant another twelve days, until August 9, 2004, just to sign it and return it
3 to Mattel. Attached hereto as Exhibit 10 is a true and correct hard copy of my email
4 exchanges with defendant's counsel on July 28, 2004, July 29, 2004 (without attachments)
5 and July 30, 2004.

6         8.      With the Protective Order signed, and at the time when defendant
7 finally stated his production was ready, on Thursday, August 12, 2004, Mattel produced five
8 boxes of documents (12,563 pages) to defendant, including defendant's agreements with
9 Mattel, defendant's Mattel personnel file, phone records from defendant's Mattel extension,
10 and work product by defendant on Mattel projects. Attached hereto as Exhibit 11 is a true
11 and correct copy of Mattel's cover letter accompanying the production. On that same day,
12 defendant produced his documents, consisting of some 950 pages and, as discussed below,
13 omitting categories of documents that defendant admits that he has in his possession but has
14 not produced.

15         9.      To date, Mattel has produced more than 13,200 pages of documents to
16 defendant. Defendant has not produced any additional documents since August 12, 2004.
17

18 **Defendant's Counsel Renege On Their "Word As Attorneys," Renege On Their**
19 **Promise To Provide A Letter Proposal Limiting Their Requests At Issue On This**
20 **Motion And Proceed In This Motion On Requests That Were Never Discussed.**

21

22        10.      As shown in the following paragraphs, defendant also has caused delay
23 and created unnecessary discovery disputes by failing to honor their promises. Among other
24 things, after inducing Mattel to forgo a motion to compel defendant's deposition weeks ago
25 by giving their "word as attorneys" that defendant would appear for deposition on August
26 17, defendant's counsel reneged on that representation by canceling defendant's deposition
27 at the last minute, without prior notice to or discussion with Mattel. Defendant claim that
28 his disputes over Mattel's document production justified his last-minute refusal to appear

EXHIBIT ___59___

1   for deposition, but failed to acknowledge that defendant's <u>own</u> delay in commenting upon

2   and signing a Protective Order created delay in Mattel's (as well as defendant's and MGA's)

3   document production. Mattel attempted to resolve the document dispute with defendant so

4   that the deposition might proceed as agreed.  Defendant promised to provide revised

5   document responses per the parties' discussion -- then failed to do so.

6        11.     On June 17, 2004, Mattel served a Notice of Deposition for defendant.

7   Attached hereto as Exhibit 12 is a true and correct copy of the Notice of Deposition to

8   Defendant Carter Bryant.

9        12.     On June 18, 2004, immediately after Mattel noticed defendant's

10  deposition, defendant filed with the Court an <u>ex parte</u> application that sought a complete stay

11  of discovery by Mattel, including defendant's deposition, and of all disclosure obligations

12  by defendant, among other things.  Mattel opposed the application, and Judge Manella

13  denied the entirety of defendant's application, including his stay requests, by an Order dated

14  June 22, 2004. Attached hereto as Exhibit 13 is a true and correct copy of Judge Manella's

15  Order dated June 22, 2004.

16       13.     In his <u>ex parte</u> application, defendant raised his first (and only) alleged

17  complaint about his deposition, asserting that Mattel's Notice of Deposition was purportedly

18  "procedurally defective" because it noticed his deposition for Los Angeles. Attached hereto

19  as Exhibit 14 is a true and correct excerpt from Defendant's Ex Parte Application for an

20  Order Postponing Rule 26 Obligations, Staying Discovery Pending Resolution of Plaintiff's

21  Motion for Remand, and Advancing the Hearing Date on Plaintiff's Motion for Remand to

22  July 19, 2004.  Mattel wrote to defendant's counsel on June 22 and, while noting that

23  defendant's objection was legally incorrect, offered to take defendant's deposition in any

24  location he proposed, in an effort to resolve this single objection which defendant had raised

25  about the deposition so as to avoid burdening the Court with the dispute. Attached hereto

26  as Exhibit 15 is a true and correct copy of my letter dated June 22, 2004, to Douglas

27  Wickham.

28

EXHIBIT ___59___

PAGE ___4/13___

07209/605535.1

-5-

DECLARATION OF MICHAEL T. ZELLER

1           14.    Defendant wrote back, but without providing any response to Mattel's

2   invitation to take the deposition in a city he selected. Attached hereto as Exhibit 16 is a true

3   and correct copy of a letter I received from Douglas Wickham dated June 22, 2004. It was

4   only after yet another request by Mattel on June 23, 2004 that defendant finally identified

5   St. Louis as the location preferred for his deposition in a letter dated June 24, 2004.

6   Defendant also claimed, for a variety of reasons, that he was unavailable for deposition for

7   almost two months, until the week of August 16 at the earliest. Attached hereto as Exhibit

8   17 is a true and correct copy of my letter to Douglas Wickham dated June 23, 2004.

9   Attached hereto as Exhibit 18 is a true and correct copy of a letter I received from Douglas

10  Wickham dated June 24, 2004.

11          15.    In its response on the following day, June 25, Mattel noted that it did

12  not consider defendant's evolving excuses for his refusal to appear for deposition to be

13  legitimate. To resolve the dispute, however, Mattel proposed that defendant enter into a

14  Stipulation ensuring that he would appear for deposition at the time and place he stated that

15  he was available. Attached hereto as Exhibit 19 is a true and correct copy of my letter to

16  Douglas Wickham dated June 25, 2004, including the attached draft Stipulation and

17  [Proposed] Order.

18          16.    Five days passed without response by defendant. Accordingly, on June

19  30, Mattel contacted him again and asked for a reply to its June 25 proposal seeking

20  defendant's binding assurance that he would appear for deposition. Attached hereto as

21  Exhibit 20 is a true and correct copy of my letter to Douglas Wickham dated June 30, 2004.

22          17.    Then another five days passed, with still no response from defendant.

23  Mattel again followed up on July 5. Attached hereto as Exhibit 21 is a true and correct copy

24  of my letter to Douglas Wickham dated July 5, 2004. Defendant still did not respond, so

25  Mattel followed up yet again on July 8 and reminded defendant that his time to meet and

26  confer on the deposition dispute as required by the federal Court's Local Rules was expiring.

27  Attached hereto as Exhibit 22 is a true and correct copy of my letter to Douglas Wickham

28  dated July 8, 2004.

EXHIBIT _____59_____

PAGE _____414_____

DECLARATION OF MICHAEL T. ZELLER

1        18.    Defendant finally replied on July 8, but he declined to meet and confer

2 within the ten-day time period mandated by the federal Court's <u>Local</u> <u>Rules</u>.  Nor did he

3 respond to Mattel's straight-forward proposal of June 25 that he stipulate to his deposition

4 taking place on a date certain or provide any reason why he would not respond to the

5 proposal. Attached hereto as Exhibit 23 is a true and correct copy of a letter I received from

6 Douglas Wickham dated July 8, 2004.

7        19.    On July 11, due to defendant's failure to meet and confer within the

8 time mandated by the federal Court's <u>Local Rules</u>, Mattel sent defendant its portions of a

9 Joint Stipulation as required by the federal Court as a prelude to Mattel's motion to compel

10 defendant's deposition. Attached hereto as Exhibit 24 is a true and correct copy of my letter

11 to Douglas Wickham dated July 11, 2004 and attaching a draft of a Joint Stipulation for

12 Mattel's motion to compel the defendant's deposition.

13        20.    On July 12, in its continuing efforts to resolve defendant's failure to

14 appear for deposition, Mattel sent a letter to defendant offering to continue to try and resolve

15 defendant's dispute over his deposition so as to avoid burdening the Court, and suggesting

16 July 13 as a date to meet.  Attached hereto as Exhibit 25 is a true and correct copy of my

17 letter to Douglas Wickham dated July 12, 2004. On July 12, defendant responded with a

18 letter agreeing to meet to discuss the issue. Attached hereto as Exhibit 26 is a true and

19 correct copy of a letter I received from Douglas Wickham dated July 12, 2004. I responded

20 to defendant later on July 12 and confirmed the agreement to meet on the issue. Attached

21 hereto as Exhibit 27 is a true and correct copy of my letter to Douglas Wickham dated July

22 12, 2004.

23        21.    At the meeting on July 13, 2004, defendant's counsel, Keith Jacoby and

24 Douglas Wickham, stated that a motion to compel the deposition was "unnecessary" because

25 defendant's counsel were giving their "word as attorneys" that defendant would appear for

26 deposition in St. Louis during the week of August 16, 2004.  This representation was

27 confirmed in writing by defendant's counsel the following day. Attached hereto as Exhibit

28 28 is a true and correct copy of a letter I received from Keith Jacoby dated July 14, 2004.

EXHIBIT _____ 59

-7-

415

DECLARATION OF MICHAEL T. ZELLER

1 | Mr. Jacoby's letter acknowledged the parties' "agreement" that defendant would appear for

2 | deposition on August 17, 2004 and reiterated that "Mr. Wickham and I have given *our*

3 | *representations as counsel*" that defendant would appear, absent "an unforeseen medical

4 | emergency or other exigent circumstances." (Emphasis added.) Mr. Jacoby further stated

5 | in that letter:  "In my entire career, I have never had a witness I was representing

6 | spontaneously refuse to appear, nor has Mr. Wickham. I do not believe this will appear here,

7 | and *ask that you accept* the good faith representation of Mr. Wickham and I, rather than

8 | waste the Court's time and resources with a preemptive discovery motion." (Emphasis

9 | added.)  Defendant's counsel also stated at the July 13 meeting that requiring a signed

10 | Stipulation to ensure defendant's appearance at the agreed-upon time and place was

11 | "unnecessary" and "insulting" because their "word as attorneys" was "good enough" to

12 | ensure that defendant would appear for deposition as agreed.

13 |       22.    Rather than burden the Court with a motion at that point, Mattel relied

14 | on the representations of defendant's counsel and made arrangements to take defendant's

15 | deposition. Attached hereto as Exhibit 29 is a true and correct copy of my letter to Keith

16 | Jacoby dated July 14, 2004, which further confirmed defendant's counsel's representations

17 | as attorneys that defendant would appear for deposition at the agreed-upon time and place.

18 | Mattel's July 14 confirming letter, which defendant never disputed, stated:

19 |     While Mattel did not agree with the delay of Mr. Bryant's previously noticed

20 |     deposition until August for reasons that I have already stated and does not believe

21 |     that the statements in your letter of earlier today accurately reflect Mattel's position

22 |     in all respects, we will accept *your representations as an attorney that Mr. Bryant*

23 |     *will appear for deposition at the agreed-upon location and time.*  Thus, as I

24 |     mentioned over the phone today, *based upon those representations,* we will not be

25 |     going forward at this juncture with a motion to compel his deposition, without

26 |     prejudice of course to our rights to seek Court relief if circumstances change.

27 | (Emphasis added.)  Mattel's counsel then purchased plane tickets, arranged for video and

28 | a court reporter at the deposition, obtained space in St. Louis for the deposition, made hotel

EXHIBIT ___59___

PAGE ___416___

-8-

DECLARATION OF MICHAEL T. ZELLER

1 arrangements, and rearranged other client matters in order to be free to travel to St. Louis
2 for the deposition.

3       23.    On August 9, I sent an e-mail to defendant inquiring about the start time
4 of the defendant's deposition. Attached hereto as Exhibit 30 is a true and correct copy of
5 my e-mail to Keith Jacoby dated August 9, 2004. Receiving no response from defendant,
6 plaintiff sent an e-mail to defendant on Wednesday, August 11, requesting that the
7 deposition begin at 9 a.m. Attached hereto as Exhibit 31 is a true and correct copy of an
8 email from John Quinn to Douglas Wickham dated August 11, 2004. Plaintiff received no
9 response to the e-mail.

10       24.    Instead, two days later, on the afternoon of Friday, August 13,
11 defendant faxed to plaintiff, without notice and without any discussion with Mattel
12 beforehand, a letter unconditionally canceling defendant's scheduled deposition. Attached
13 hereto as Exhibit 32 is a true and correct copy of an August 13, 2004 letter from Robert
14 Millman to John Quinn.

15       25.    Along with the letter from Mr. Millman, defendant sent to plaintiff a
16 58-page Joint Stipulation with regard to Mattel's document discovery that Mr. Millman's
17 August 13 letter also cited as an alleged justification for refusing to produce defendant for
18 deposition.

19       26.    Late that same afternoon, August 13, I spoke with Keith Jacoby
20 regarding defendant's unilateral refusal to appear for his deposition, in an attempt to avoid
21 Court intervention over the issue. I also sent a letter on August 15, 2004, responding to
22 defendant's cancellation letter, addressing defendant's assertions in detail, and again seeking
23 to resolve the dispute without burdening the Court with a motion. Attached hereto as
24 Exhibit 33 is a true and correct copy of my letter to Robert Millman dated August 15, 2004.

25       27.    I spoke with defendant's counsel, Keith Jacoby, on August 16 and
26 August 17 in a further effort to obtain defendant's agreement to appear for deposition
27 without having to burden the Court, but to no avail. At the August 17 meeting, Mr. Jacoby
28 stated that he did not intend to allow defendant to be deposed on any date certain until Mr.

EXHIBIT ____59____

                         -9-
PAGE ____417____
DECLARATION OF MICHAEL T. ZELLER

1  Jacoby felt "completely subjectively satisfied" that Mattel has produced all documents. Mr.

2  Jacoby had no estimate as to when he might be so satisfied and allow defendant to be

3  deposed, noting only that there remained "many, many discovery disputes" before that point.

4          28.    During these discussions, I noted that defendant's demand, made for

5  the first time on August 13, 2004, that Mattel be required to produce further document

6  discovery before defendant would agree to deposition not only was contrary to defendant's

7  counsel's representations "as attorneys" previously guaranteeing his appearance at

8  deposition as agreed, but also was contrary to defendant's agreement months before that

9  discovery would *not* be phased. Counsel for Mattel and defendant held the early discovery

10 planning meeting of counsel on May 21, 2004. At the meeting, the parties agreed that

11 discovery should not be conducted in phases, and that discovery should be taken on all

12 issues. On June 28, 2004, Mattel filed a Unilateral Report of Parties' Planning Meeting.

13 Mattel ultimately was forced to file the Report unilaterally due to defendant's failure to

14 timely cooperate in preparing a Joint Report. The Report confirms that at the parties' early

15 meeting of counsel, the parties agreed that discovery would not be conducted in phases.

16 Attached hereto as Exhibit 34 is a true and correct copy of the Unilateral Report of Parties'

17 Planning Meeting. Defendant never disputed this statement of what the parties had agreed

18 to at the early meeting. Attached hereto as Exhibit 35 is a true and correct copy of my

19 Declaration of Non-Cooperation (without exhibits) that was filed concurrently with Mattel's

20 unilateral Report. Defendant never disputed the truth of the circumstances set forth in that

21 Declaration.

22         29.    On August 17, 2004, Mattel served an ex parte application to compel

23 defendant's deposition. On August 18, 2004, defendant filed an Opposition to the ex parte

24 application. On August 19, 2004, Magistrate Judge Stephen J. Hillman "decline[d] to order

25 defendant's deposition on an ex parte basis," stating that Mattel had not shown "irreparable

26 injury" if required to proceed by way of a regularly noticed motion. Attached hereto as

27 Exhibit 36 is a true and correct copy of the August 19, 2004 Order. Mattel was in the

28

EXHIBIT _____54_____

PAGE _____418_____

-10-

DECLARATION OF MICHAEL T. ZELLER

1 | process of moving to compel by a regularly noticed motion under the Central District's <u>Rules</u>
2 | when Judge Manella remanded the action to this Court.

3 |       30.     By Order dated August 20, 2004, Judge Manella issued an order
4 | remanding this case to state court. Attached hereto as Exhibit 37 is a true and correct copy
5 | of that order.

6 |

7 | **<u>Defendant Refuses and Fails To Appear For Deposition On September 9, 2004</u>**

8 |

9 |       31.     On August 25, 2004, after the Order remanding this case to this Court
10 | and in anticipation of noticing defendant's deposition (for the third time), I met and
11 | conferred with defendant's counsel, Keith Jacoby, in an attempt to resolve any potential
12 | discovery issues so that defendant might appear at a noticed deposition. Mr. Jacoby
13 | confirmed that defendant was available on September 9, but continued to raise the same
14 | arguments regarding Mattel's purported withholding of documents.

15 |       32.     On August 26, Mattel noticed defendant's deposition for Springfield,
16 | Missouri, where defendant resides, for September 9, 2004, a date on which defendant had
17 | said that he was available. Attached hereto as Exhibit 38 is a true and correct copy of
18 | Plaintiff's Notice of Videotaped Deposition of Carter Bryant.

19 |       33.     Defendant refused to appear for deposition on September 9, 2004 as
20 | noticed. On September 1, 2004, in response to defendant's counsel's oral statements that
21 | defendant was refusing to appear, my colleague, Gloria Donovan, met and conferred with
22 | defendant's counsel in a further effort to avoid motion practice regarding defendant's
23 | deposition. Mattel's efforts were unavailing, however. Attached hereto as Exhibit 39 is Ms.
24 | Donovan's letter of September 3, 2004 on the subject of defendant's deposition. Attached
25 | hereto as Exhibit 40 is a true and correct copy of a letter from defendant's counsel, Dominic
26 | Messiha, dated September 7, 2004, in which Mr. Messiha confirmed that "Mr. Bryant will
27 | not be appearing for deposition in Missouri on September 9." Defendant has not filed any

EXHIBIT _____51_____

-11-   PAGE     419

DECLARATION OF MICHAEL T. ZELLER

1 | motion to stay his deposition and quash the deposition notice pending resolution of his
2 | motion for a protective order.

3 |       34.    Just after defendant served his pending Motion for Protective Order,
4 | which claims that further document discovery should be done before depositions are taken,
5 | defendant noticed a Mattel PMK deposition for October 11, 2004.  Attached hereto as
6 | Exhibit 41 is a true and correct copy of Defendant's Notice of Deposition for Mattel.

7 |       35.    Attached hereto as Exhibit 42 is a true and correct copy of Bryant's
8 | Cross-Claims in this action, along with the Stipulation signed by the parties and submitted
9 | to the Court.

10 |       36.    Attached hereto as Exhibit 43 is a true and correct copy of an August
11 | 31, 2004 *Los Angeles Times* article entitled "Ex-Mattel Doll Designer Countersues," which
12 | quotes defendant as stating that Mattel is trying to "hijack" Bratz.

13 |       37.    Defendant continues to create delays by failing to timely execute a
14 | stipulated Protective Order for this Court's consideration and approval.  As the protective
15 | order previously agreed-upon and executed between the parties was prepared for the federal
16 | court proceeding, Mattel prepared a virtually identical Protective Order for this Court's
17 | approval.  On August 26, 2004, Mattel sent defendant for his signature a copy of that
18 | proposed Protective Order.  Although more than two weeks have passed, defendant has not
19 | returned the signature page to Mattel.

20 |
21 |               **Mattel's Production**
22 |

23 |       38.    As I have stated to defendant's counsel (repeatedly now), Mattel is not
24 | withholding documents, but has produced its responsive, non-privileged documents that it
25 | has located to date after an extensive, good faith and diligent search, including the
26 | documents that it is relying upon in this suit and the documents it plans to use at defendant's
27 | deposition.  To date, Mattel has produced over 13,200 pages of documents to defendant.

28 |

EXHIBIT _____ 59

PAGE _____ 420

209/605535.1

-12-

DECLARATION OF MICHAEL T. ZELLER

1    39.    In particular, as I have explained to defendant's counsel (repeatedly),
2  Mattel has extensively and repeatedly searched for its October 2000 phone record tapes
3  reflecting calls from defendant's Mattel extension and to date has not located those records.
4  I also pointed out that defendant's reliance on a lack of phone records is particularly odd
5  since defendant and MGA have not produced any phone records, despite Mattel's requests
6  for them. Moreover, defendant recently has admitted that he obtained phone records from
7  his home phone carrier, SBC Communications. Attached hereto as Exhibit 44 is are true and
8  correct excerpts from defendant's draft submission on a motion, with cover letter, in which
9  defendant so states. Defendant, however, has never produced these records to Mattel.

10    40.    Defendant's recently raised complaint about the lack of Mattel time
11  records for defendant fall into the same category. Mattel exhaustively searched its time
12  record files many weeks ago in August and could not locate any such records for defendant.
13  At a meeting that I had with Mr. Jacoby on August 26, Mr. Jacoby and I specifically
14  discussed the subject. I informed Mr. Jacoby that during the time that defendant worked for
15  Mattel, many Mattel designers did not keep or submit time records. I informed him that
16  Mattel's completed search through its time record files had not located time records for
17  defendant. At that meeting, I specifically asked Mr. Jacoby whether defendant even
18  prepared or submitted time reports when he was at Mattel. Mr. Jacoby stated that he would
19  let me know. Although more than two weeks have passed, I have not received that
20  information from Mr. Jacoby.

21    41.    Likewise, I have explained to defendant's counsel that, both before and
22  after bringing this suit, Mattel has undertaken extensive, repeated searches of its computer
23  systems and of numerous hard drives and tapes, including Mattel's time records. In fact,
24  Mattel's production includes printouts of computer data and emails. As defendant's counsel
25  has also been informed, however, Mattel's email servers do not have emails going back to
26  the 1995 through 2000 time period when defendant was employed by Mattel. There are
27  current emails about defendant on Mattel's servers, but they are privileged communications
28  relating to this suit.

EXHIBIT ___59___

PAGE ___421___

07209/605535.1

-13-

DECLARATION OF MICHAEL T. ZELLER

1    42.    On the subject of "Toon Teens," defendant's document requests did not
2    seek documents on this subject.   Nevertheless, at the meeting on August 9, 2004,
3    defendant's counsel sought to discuss a *Wall Street Journal* article, published July 18, 2003,
4    that discussed a Mattel project that is known as "Toon Teens," among other topics.
5    Attached hereto as Exhibit 45 is a true and correct copy of that article.   When Mr. Jacoby
6    raised the subject of "Toon Teens" at the August 9 meeting, I specifically stated, that
7    although Mattel did not consider such documents to be responsive to defendant's request,
8    Mattel would provide them if defendant wanted.   I repeated this offer more than once on
9    August 9, but Mr. Jacoby declined my offer.   It was not until the late afternoon of August
10   13--*after* defendant had cancelled the deposition, a decision based in part on Mattel's
11   supposed failure to produce "Toon Teens" documents--that defendant's counsel first decided
12   to take me up on my offer.   Mattel produced those materials the following business day,
13   which was August 16, 2004.   A true and correct copy of the cover letter enclosing such
14   documents is attached hereto as Exhibit 46.

15   43.    Defendant has failed to produce the very types of documents he claims
16   are "missing" from Mattel's production.   Namely, defendant's production did not include e-
17   mails, phone records, invoices to MGA, or many other types of documents requested from
18   defendant by Mattel, even though defendant's counsel has explicitly and implicitly stated that
19   defendant is in possession of relevant e-mails and phone records.

20   44.    Attached hereto as Exhibit 47 is a true and correct copy of defendant's
21   Responses to Plaintiff Mattel's First Set of Requests for the Production of Documents and
22   Tangible Things.

23   45.    Attached hereto as Exhibit 48 is a true and correct copy of MGA's
24   responses to Mattel's subpoena requesting production of documents.   While MGA has
25   produced some heavily sanitized emails, the earliest email is dated September 27, 2000,
26   which is a time by which Mattel had already learned (from his contract with MGA) that
27   defendant was working for MGA.   That email indicates that defendant's work for MGA was

28

EXHIBIT   59

07209/605535.1

-14-   PAGE   422

DECLARATION OF MICHAEL T. ZELLER

1 already underway, but neither defendant nor MGA has produced a single document

2 revealing when defendant actually began working for MGA.

3       46.       Defendant claims as one of his grounds for refusing to be deposed that

4 he cannot prepare for deposition because Mattel's designations of its commercially sensitive

5 documents under the parties' agreed-upon protective order supposedly precludes him from

6 seeing them. I told defendant's counsel on August 13, 2004, and confirmed in writing, that

7 defendant was misconstruing the protective order and that, in any event, "Mattel has no

8 objection to defendant's counsel sharing Mattel's production with defendant, provided that

9 he does not share the designated information with others." Attached hereto as Exhibit 49

10 is a true and correct copy of a letter I sent to Mr. Millman dated August 15, 2004 so stating.

11       47.       Mattel has incurred attorneys' fees and costs in bringing this motion in

12 excess of $4,500.00.

13

14       I declare under penalty of perjury under the laws of the State of California

15 and the United States of America that the foregoing is true and correct.

16       Executed this 13th day of September, 2004, at Los Angeles, California.

17

18       _____
                                    Michael T. Zeller

19

20

21

22

23

24

25

26

27

28

EXHIBIT 59

PAGE 423

07209/605535.1

-15-

DECLARATION OF MICHAEL T. ZELLER



## LITTLER MENDELSON®

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

VIRGINIA

TEXAS

WASHINGTON

July 14, 2004

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

### VIA FACSIMILE (213.443-3100) AND U.S. MAIL

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

This letter will memorialize the position of Defendant Carter Bryant with respect to the taking of his deposition, and my understanding of Plaintiff Mattel Inc.'s (Mattel") position, as set forth in our meeting yesterday.

My understanding is that Mattel has agreed to take Mr. Bryant's deposition in St. Louis, Missouri. Mattel may select an appropriate location, and Littler Mendelson is happy to suggest a location if your firm has no suggestion.

My understanding is that an agreement has been reached to commence the deposition on August 17, 2004 at 10:00 a.m.

Two issues remain outstanding, which you suggest require Court intervention. We believe nothing that has occurred to date warrants Court intervention or prophylactic orders, and you have stated no good reason why such Court intervention is necessary. Your suggestion that pre-deposition orders are required appear to be little more than an attempt to gratuitously disparage Mr. Bryant, when he has done absolutely nothing wrong.

First, Mr. Bryant has offered to extend the seven hour limit on testimony by a single witness provided by F.R.C.P. 30(d)(2) to 14 hours, in order to give Mattel an opportunity to complete the deposition. Mr. Bryant has agreed to make himself available over August 17, 18, and 19 to accomplish that task. My understanding is that while specifics have not been agreed to at this time, both Mattel and Mr. Bryant are willing in principle to extend the seven hour limit with respect to Rule 30(b)(6) depositions as well.

Mr. Bryant is not willing to permit, as you proposed yesterday, that Mattel be allowed to initially proceed with his deposition for seven hours, or anything less that 14 hours, and then resume his deposition at a later time, after further discovery is completed. That type of

EXHIBIT _____5 9_____

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107   Tel: 310.553.0308   Fax: 310.553.5583   www.littler.com

PAGE _____4 2 4_____

Michael T. Zeller, Esq.
July 14, 2004
Page 2

procedure does not conform to F.R.C.P. 30(d)(2). Moreover, depositions are customarily noticed and taken from day to day, until completed. *In fact, Mattel's deposition notice expressly states that Mr. Bryant's deposition will continue from day to day until completed.* We agree that is precisely what should happen.

It is your client's decision to take Mr. Bryant's deposition at the beginning of this case. Mattel originally noticed Mr. Bryant's deposition before *any* formal discovery whatsoever was completed. In such circumstances, it will always be true that the parties will learn more about the case as discovery progresses, but the law does not require witnesses to appear and reappear again as discovery unfolds. Mattel is free to wait until a later date to take Mr. Bryant's deposition, if it so chooses. However, if his deposition goes forward now, it will go forward in consecutive sessions, and will be deemed completed at the conclusion of 14 hours, or earlier if you elect to end the deposition in less than 14 hours. I understand Mattel is not waiving its right to make a motion pursuant to F.R.C.P. 30(d)(2) to reopen Mr. Bryant's deposition, and Mr. Bryant is not waiving his right to oppose such a motion.

Finally, we have made it clear that there is no need for a Court order directing Mr. Bryant to appear, and Mr. Bryant will not stipulate to such an order. Mr. Wickham and I articulated the various reasons why this is unnecessary, and I will not rehash them here. In short, it is in Mr. Bryant's litigation interests to appear for deposition as agreed, and Mr. Wickham and I have given our representation as counsel that we will do everything in our power to ensure that Mr. Bryant will, in fact, appear. At this time, we have absolutely no reason to believe that he will not appear as agreed. While we, of course, cannot prevent an unforeseen medical emergency or other exigent circumstance that would warrant the canceling of any deposition, no such facts exist at this time. In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham. I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion.

Please contact me today before the close of business to confirm we have reached a final agreement on Mr. Bryant's deposition, on the terms I have proposed, and that a discovery motion is unnecessary.

Sincerely,

Keith A. Jacoby

cc:    Robert F. Millman, Esq.
       Douglas A. Wickham, Esq.

EXHIBIT ___59___

PAGE ___425___

**Exhibit 28, Page 2**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 14, 2004

**BY FACSIMILE**

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Jacoby:

This will confirm our conversation of this afternoon regarding two of the issues that we discussed yesterday and that are the subject of your letters earlier today.

First, the parties have agreement that Mr. Bryant's deposition will commence on August 17, 2004 at 10:00 a.m. in St. Louis for a seven-hour session. We will arrange for a specific location as well as a court reporter and videographer. Mattel and Mr. Bryant are reserving their respective positions as to the appropriateness of subsequent deposition time with Mr. Bryant, and the parties will discuss the matter if and when it arises.

While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon location and time. Thus, as I mentioned over the phone today, based upon those representations, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

Second, as we agreed yesterday and over the phone today, the extension of time until Friday is for both parties' responses to all outstanding written discovery requests, which includes the interrogatories that Mr. Bryant propounded upon Mattel.

EXHIBIT ___59___

PAGE ___426___

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 3, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego California 92121 | TEL S

**Exhibit 29, Page 1**

Please give me a call if you would like to discuss these matters further.  Otherwise, I will let you know about the specific location in St. Louis as soon as practicable.

Very truly yours,

Michael T. Zeller

EXHIBIT __59__

PAGE __427__

2

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive,  Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

</td><td>

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

</td><td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td></tr>
</table>

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 14, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

**FROM:**  Michael T. Zeller

**RE:**    Mattel v. Bryant

**MESSAGE:**



EXHIBIT ___59___

PAGE ___428___

| CLIENT #:   7209 | ROUTE/ RETURN TO: **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

**Exhibit 29, Page 3**

```
┌──────────────────────────────────────────────────────────────────────────────┐
│                          Send Confirmation Report                              │
├──────────────────────────────────────────────────────────────────────────────┤
│ Line 1: quinn,emanuel          ID: 12136240643        14 Jul'04  5:15PM Page  1 │
│ Line 2: JetFax M920e           ID: 13102014746                                 │
└──────────────────────────────────────────────────────────────────────────────┘
```

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 205 | 7/14  5:14PM | 0'47" | 9414#07209#131055355 83# | Send............. | 3/ 3 | EC144 | Completed..................................... |

Total:    0'47"    Pages sent: 3    Pages printed: 0

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE:  July 14, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

FROM:  Michael T. Zeller

RE:  Mattel v. Bryant

MESSAGE:

EXHIBIT __59__

PAGE __429__

Exhibit 29, Page 4

**LITTLER MENDELSON** ®

A PROFESSIONAL CORPORATION

August 13, 2004

Robert F. Millman
Direct: 310.772.7206
Direct Fax: 310.553.5583
rfmillman@littler.com

### VIA FACSIMILE AND U.S. MAIL

John B. Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     **Mattel, Inc. v. Carter Bryant**

Dear Mr. Quinn:

Upon returning to Los Angeles last night, I was orally briefed by my partners about their initial review of the documents produced by Mattel on August 12, 2004 in response to Defendant Carter Bryant's document requests. This morning, I looked over those documents myself, and I am extremely disappointed with Mattel's production.

The deficiencies in Mattel's document production are far greater than those foreshadowed by your partner, Michael Zeller, during his meeting with my partner Keith Jacoby earlier this week. Mattel's four and a half boxes of documents contain little more than useless phone records and copies of Carter Bryant's own artwork. It is clear that Mattel has no intention of meaningfully responding to Mr. Bryant's document requests without Court intervention, and every intention of abusing the Protective Order in this case, including its Attorneys' Eyes Only provision, to interfere with our ability to advise our client and prepare Mr. Bryant for deposition.

The following are just a few examples of the deficiencies in Mattel's document production and its abuse of the Protective Order:

- The entirety of Carter Bryant's works for Mattel, his personnel file and all manner of other Bryant records are designated "Attorney's Eyes Only" under the Protective Order. Many magazine clippings are designated "Attorney's Eyes Only" as well. We therefore cannot show Mr. Bryant his own works, or documents that he himself signed. The ink on the Protective Order has barely dried, and yet Mattel has already seen fit to abuse it.

- Not a single electronic mail message was produced, nor have Mr. Bryant's time records on "Barbie" projects been produced. Mr. Zeller's comments to Mr. Jacoby

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107  Tel: 310.553.0308  Fax:310.553.5583

**Exhibit 32, Page 1**

EXHIBIT    59

PAGE    430

Received:   8/13/ 4 12:21PM;          310 553 5583 -> QUINN EMANUEL;   Page 3
AUG-13-2004· 11:57 FROM:LITTLER   )ELSON   310 553 5583        ⊤   13 624 0643        P.3⁄4

John B. Quinn, Esq.
August 13, 2004
Page 2

indicated that electronic searches **have not even been attempted to date,** or that in the case of the time records, **searches have just begun despite the fact that the document request was personally served on June 14, 200⁴.** In contrast to Mattel's action, it is my understanding that MGA diligently searched for and produced hundreds of electronic mail messages in response to Mattel's third party subpoena. Mattel clearly was obligated to similarly fulfill its electronic discovery obligations, but it has not.

- Phone records from Mr. Bryant's personal extension from the spring and summer of 2000 were produced, but the October 2000 phone records are curiously missing.

- As far as we can tell, no art work from anyone other than Mr. Bryant has been produced. In the press and at the Zeller/Jacoby meet and confer, Mattel and/or its employees have alleged that Mr. Bryant copied a Mattel doll idea that was in development, which Mr. Zeller called "Teen Toons." At least one present or former Mattel employee (whose identity was not disclosed) claimed in the press that Mr. Bryant had copied a specific drawing created by Lily Martinez pertaining to this doll project. **Such a drawing (or drawings) clearly were requested by Mr. Bryant's document request and yet Mattel failed to produce them** – a document that goes **to the heart of Mattel's claims in this case.** Mattel continues to assert, both in the press and in this lawsuit, that Mr. Bryant copied materials from a Mattel project, but the works from that project, let alone the identity of it, remain undisclosed.

As you will see, the Bryant production was done in the utmost good faith. In addition to responding to Mattel's other requests, a diligent, time consuming, good faith search was undertaken to find *every* drawing in Mr. Bryant's possession made in connection with the creation of the first generation "Bratz" dolls. We agreed to produce those documents and Mr. Bryant has done so, from the very first original "Bratz" sketches to the pictures of the first dolls shown at the 2001 Toy Fair. Mattel contends the "Bratz" concept was stolen, but has produced nothing in that regard, despite an unambiguous obligation to do so. At the same time, Mattel refuses to concede that no such documents exist. If they do exist, Mr. Bryant has a right to be informed of and to see any such documents, as he has requested in his document requests to Mattel.

These tactics, taken together, evidence a concerted effort to undermine our ability to adequately prepare Mr. Bryant for his deposition. I know that my partners, Douglas Wickham and Keith Jacoby, have repeatedly represented in correspondence and at meetings with Mr. Zeller that Mr. Bryant intends to proceed with discovery in good faith, and we have lived up to that obligation. Mattel has not. I will not allow my client to be ambushed at deposition. Mattel's conduct is preventing Mr. Bryant and his counsel from meaningfully addressing and being prepared to respond to the contentions made in this suit. This is unacceptable.

**Exhibit 32, Page 2**

EXHIBIT _____59____

PAGE _____431____

Received:     8/13/ 4 12:21PM;          310 553 5583 -> QUINN EMANUEL;  Page 4

AUG-13-2004 11:58 FROM:LITTLER   DELSON     310 553 5583       T   13 624 0643           P.4/4

John B. Quinn, Esq.
August 13, 2004
Page 3


Mr. Bryant will not appear for deposition under these conditions. I will direct to Mr. Zeller's attention under a separate cover Mr. Bryant's portion of the joint stipulation seeking to compel the production of documents responsive to Mr. Bryant's requests.

Sincerely,

Robert F. Millman

cc:   Michael Zeller, Esq.
      Douglas A. Wickham, Esq.
      Keith A. Jacoby, Esq.

Los_Angeles:370306.1 025307.1010

EXHIBIT ___59___

PAGE ___432___

**Exhibit 32, Page 3**

Received:   8/13/ 4 12:20PM;               310 553 5583 -> QUINN, EMANUEL;   Page 1
AUG-13-2004 11:57 FROM:LITTLER   DELSON   310 553 5583              13 624 0643              P.1/4

# LITTLER MENDELSON

### A PROFESSIONAL CORPORATION

## FACSIMILE COVER SHEET

### August 13, 2004

☐ Call addressee or addressee's authorized personal representative before transmitting

☒ Attorney/client privileged

To:   John B. Quinn, Esq.         Fax:   (213) 443-3100   Phone:   (213) 443-3000
      Quinn Emauel Urquhart Oliver &
      Hedges LLP

Fax #(s) verified before sending (initial):

From:   Robert F. Millman         Fax:   310.553.8720   Phone:   310.772.7206

Length, including this cover letter:   4   Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above.  This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.  Thank you.

Transmittal Completed: _____ am./ pm    Client Code:  028307.1010   User Number:  1118

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, CA 90067.3107 Tel: 310.553.0308 Fax: 310.553.5583       Exhibit 32, Page 4

EXHIBIT ___59___

PAGE ___433___

# EXHIBIT 60

**CONFORMED COPY**

FILED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

2007 MAY -9 PM 3: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| vs. | Hon. Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF EX PARTE APPLICATION TO RESCHEDULE THE HEARING DATE ON DEFENDANTS' MOTIONS TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS, AND DEFENDANTS' OBJECTIONS TO DISCOVERY MASTER'S MARCH 7, 2007 ORDER |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | [Local Rule 7-19] |
| | Hearing Date: May 7, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1 |
| | Discovery Cut-Off: Oct. 22, 2007<br>Pre-Trial Conference: Jan. 14, 2008<br>Trial Date: Feb. 12, 2008 |

EXHIBIT ___60___

PAGE ___434___

7209/2117599.2

DECLARATION OF MICHAEL T. ZELLER

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.　I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.　Prior to the filing of this ex parte, Mattel had previously requested a continuance of the hearing date on defendants' motions to dismiss and objections to the Discovery Master's March 7, 2007 Order on only one occasion. At that time, the parties filed a stipulation continuing the hearing date from March 26, 2007 to either April 2 or April 30, 2007. The Court selected April 30, 2007 based on its own calendar. April 9 or 16, 2007 were not included in the stipulation because counsel for MGA was not available on those dates. After this, the Court continued the hearing date on these motions on its own motion from April 30, 2007 to May 21, 2007. There have been no other continuances.

3.　Contrary to the assertions in MGA's opposition, Mattel made every effort to accommodate Mr. Larian in scheduling his deposition, even after defendants were sanctioned for failing to timely produce Mr. Larian in accordance with a Court order.

4.　MGA did not make Mr. Larian available for deposition voluntarily. Accordingly, Mattel was required to move to compel. The Court first granted Mattel's motion to compel Mr. Larian's deposition in March 2005, and ordered MGA to produce Mr. Larian for deposition within 20 days of the date of the ruling. Attached hereto as Exhibit 1 is a true and correct copy of the Court's Order dated March 23, 2005.

5.　At MGA's request, and to accommodate Mr. Larian, Mattel originally agreed to hold the deposition on May 20, 2005 notwithstanding the

EXHIBIT _____

PAGE _____

DECLARATION OF MICHAEL T. ZELLER

7209/2117599.2

1 Court's requirement that it take place within 20 days. After that, MGA requested
2 that the deposition be moved to May 26, 2005. Mattel again agreed. Attached
3 hereto as Exhibit 2 are true and correct copies of my letter to Diana Torres, dated
4 March 28, 2005; e-mails between me and Ms. Torres in April 2005 setting the
5 deposition of Mr. Larian for May 20, 2005; and my e-mail to Ms. Torres of April
6 29, 2005, confirming Mattel's agreement to continue Mr. Larian's deposition to May
7 26, 2005.

8       6. On May 20, 2005, before the deposition occurred, the Court
9 stayed all discovery pending a decision by the Ninth Circuit on subject matter
10 jurisdiction issues. The Court lifted the stay on May 16, 2006. One week later, on
11 May 24, 2006, Mattel contacted MGA's counsel to schedule Mr. Larian's deposition
12 in June 2006. However, counsel for MGA represented that the first date that Mr.
13 Larian could be available was July 25 or 26, 2006. In an effort to accommodate Mr.
14 Larian, Mattel offered a number of additional deposition dates in June 2006. MGA
15 rejected each of those proposals.

16       7. Accordingly, Mattel was forced to move to compel for a second
17 time. The Court ruled that MGA's failure to respond with alternative proposed dates
18 for Mr. Larian's deposition and insistence that Mr. Larian would not be available
19 until July 25-26 (without even firmly committing to those dates) did not comply
20 with the Court's March 23, 2005 Order, and imposed sanctions. Attached hereto as
21 Exhibit 3 is a true and correct copy of the Court's June 16, 2006 Order.

22       8. After the Court's June 16, 2006 Order was issued, Mattel again
23 attempted to schedule a mutually convenient deposition date for Mr. Larian. Mattel
24 initially proposed several deposition dates in late June 2006. When MGA claimed
25 those dates were not convenient because Mr. Larian had a scheduled trip outside the
26 country, Mattel agreed, at MGA's request, to notice Mr. Larian's deposition for July
27 18, 2006. Attached hereto as Exhibit 4 is a true and correct copy of my letter to

EXHIBIT _____ _Ce U_

28

PAGE _____ _436_

DECLARATION OF MICHAEL T. ZELLER

Received:   5/ 9/07  1:57PM;                    3102524991 -> QUINN EMANUEL;   Page 2

05-09-07   01:53pm   From-mattel l; apt                    3102524991              T-582   P.002/002   F-766

1 | Diana Torres dated July 7, 2006, agreeing to notice Mr. Larian's deposition for July

2 | 18, 2006.

3 |     I declare under penalty of perjury under the laws of the United States of

4 | America that the foregoing is true and correct.

5

6 |     Executed on May 9, 2007, at Los Angeles, California.

7

8

9 |           Michael T. Zeller

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | EXHIBIT __60__

28 | PAGE __437__

9/2117599.2

-3-

DECLARATION OF MICHAEL T. ZELLER

EXHIBIT 1

EXHIBIT ___60___

PAGE ___438___

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 04-9059-NM (RNBx)                    Date: **March 23, 2005**

Title: <u>Mattel, Inc. v. Carter Bryant, et al.</u>

## DOCKET ENTRY

PRESENT:

HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE

<u>Marsha Eugene</u>                            <u>n/a</u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
None present                              None present

DOCKETED ON CM
MAR 25 2005
BY _____ 061

PROCEEDINGS:  (IN CHAMBERS)

Having reviewed Judge Manella's ruling on the remand motion and conferred with Judge Manella, the Court has concluded that Judge Manella's ruling sufficiently changes the posture of this case to warrant the Court requiring counsel to meet and confer further with respect to the following pending discovery motions:

1.   **Mattel's Motion to Compel Production of Documents**

2.   **MGA's Motion to Compel the Declassification of Certain Documents Produced by Mattel as "Confidential-Attorneys' Eyes Only"**

3.   **Mattel's Motion to Compel Inspection of Original Documents and Tangible Things**

4.   **Bryant's Motion to Compel Further Deposition Testimony from Ann Driskill and Alan Kaye and for the Appointment of a Special Master**

Further, the Court has concluded that it cannot rely on counsel to meet and confer in good faith with respect to the foregoing motions on their own. Accordingly, **lead counsel of record for Mattel, Bryant and MGA** are ORDERED to appear before the Court in person on April 26, 2005 at 9:30 a.m. in Courtroom 540 of the Roybal Building, for the purpose of meeting and conferring under the Court's auspices. If and

(195)

MINUTES FORM 11
CIVIL-GEN          EXHIBIT ___6U___
                   PAGE ___439___

Initials of Deputy Clerk ___ME for ME___

EXHIBIT ___1___ PAGE ___4___

Case 2:04-cv-09069-SGL-RNB     Document 105     Filed 03/23/2005     Page 2 of 3

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:    **CV 04-9059-NM (RNBx)**                                   **March 23, 2005**
             **Mattel, Inc. v. Carter Bryant, et al.**                  **Page 2**

--------------------------------------------------------------------------------

when the Court is satisfied that counsel indeed have made a good faith effort to eliminate the necessity for hearing these Motions and/or to eliminate as many of the disputes as possible, the Court will determine whether to (a) allow counsel to orally supplement their written submissions, and then rule on the Motions, or (b) require counsel to submit further briefing.

With respect to Mattel's just-filed **Motion to Compel Deposition of Isaac Larian**, the Court has concluded after reviewing the parties' respective contentions in the Joint Stipulation and their respective Supplemental Memoranda that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing currently set for April 5, 2005 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The Court does not find the authorities cited by MGA to be particularly persuasive. Further, MGA's purported concern about the possibility of Mr. Larian being subjected to multiple and repeated depositions is a complete red herring. Federal Rule 30(d)(2) limits the deposition to one day of seven hours, unless otherwise authorized by the Court or stipulated to by the parties. If Mattel later seeks to redepose Mr. Larian on the basis of additional information developed in subsequent discovery, the Court will take into account the fact that Mattel persisted in going forward with Mr. Larian's deposition at the outset of discovery. The Motion therefore is GRANTED, and MGA is ORDERED to produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of this ruling.

MGA's request that the Court impose in advance "strict limits on the length and scope of the deposition" is DENIED without prejudice to MGA availing itself of the procedures specified in Federal Rule 30(d)(4) if MGA truly believes that the deposition is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party. Of course, if MGA does suspend the deposition for the purpose of seeking protective relief, and the Court then finds that MGA's position was not well taken, Mr. Larian will end up being subjected to another deposition session.

With respect to the sanctions issue, the Court has concluded that notwithstanding

MINUTES FORM 11
CIVIL-GEN
EXHIBIT ___6b___
PAGE ___440___

Initials of Deputy Clerk _NW_ for _ME_

EXHIBIT ___1___ PAGE ___5___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES–GENERAL

| | | |
|---|---|---|
| Case No.: | CV 04-9059-NM (RNBx) | March 23, 2005 |
| | Mattel, Inc. v. Carter Bryant, et al. | Page 3 |

---

MGA's failure to convince the Court of the merits of its position, MGA's objection to the taking of the Larian deposition at the outset of discovery was substantially justified and/or that the totality of the circumstances here make an award of expenses to Mattel unjust.  Accordingly, each side is ORDERED to bear its own expenses incurred in connection with this Motion.

Finally, as to the issue raised by MGA concerning Mattel's alleged practice of serving its portion of the Joint Stipulations with citations to declarations that are not served concurrently but rather are merely referenced with blank spaces for the paragraph citations, the Court concurs with MGA that the "better practice" is for the moving party to serve its portion(s) of the Joint Stipulation with all citations filled in and to serve concurrently with its portion(s) of the Joint Stipulation all referenced declarations and exhibits.  The Court will expect all the parties to conform with this "better practice" henceforth.


cc:    Judge Manella


MINUTES FORM 11
CIVIL-GEN

EXHIBIT ___60___

PAGE ___441___

Initials of Deputy Clerk ____ for ME

EXHIBIT ___1___ PAGE ___6___

**EXHIBIT 2**

EXHIBIT __6 0__

PAGE __4 4 2__

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

March 28, 2005

<u>BY FACSIMILE</u>

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899

<u>Mattel v. Bryant</u>

Dear Diana:

I am writing about various, outstanding discovery matters.

First, it has been a week since the meet and confer on Mattel's <u>Rule</u> 30(b)(6) Notice to MGA. You stated at the time that you would be speaking with your client to determine whether the proposals we offered to resolve the issues raised by MGA were agreeable. I have not heard from you since then. Please let me know whether MGA has signed off on the proposals and, if so, when MGA will be producing its representative(s) for deposition.

Second, please provide us with proposed dates for Mr. Larian's deposition, which Judge Block compelled by Order dated March 23, 2005.

Third, pursuant to your request for alternative dates for Lily Martinez's deposition during the April 26 through April 29 time period, I have confirmed that Ms. Martinez can be available for deposition on April 28 or April 29. Please let us know if either of these dates work for you.

Last, we have not yet received the required letter complying with <u>Local Rule</u> 37-1 in advance of MGA's anticipated motion to quash the Union Bank subpoena or proposed dates for a meet and confer on that motion. As you are aware, Mattel had agreed to extend the return date for the

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 805 Third Avenue, 11th Floor, New York, New York 10022 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 201 Sansome Street, 6th Floor, San Francisco, California 94104 | TEL 415-986-5700 FAX 415-986-5707
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT 7

EXHIBIT _____ CCU_____
PAGE _____ 443_____

EXHIBIT 2 PAGE 7

EXHIBIT 2 PAGE 7

subpoena to allow MGA to proceed under <u>Local Rule</u> 37, but obviously we do not want the matter to remain in limbo indefinitely.

I look forward to hearing from you.

Very truly yours,

*Mima T. Z—*

Michael T. Zeller

cc:     Keith Jacoby, Esq.

2

EXHIBIT 2

EXHIBIT ___60___
PAGE ___444___

EXHIBIT 2 PAGE 8

EXHIBIT ___2___ PAGE ___8___

| | |
|---|---|
| **From:** | "Torres, Diana" <DTorres@OMM.com> |
| **To:** | "Michael T Zeller" <michaelzeller@quinnemanuel.com> |
| **Date:** | 4/11/05 10:36AM |
| **Subject:** | RE: Depositions |

9:30 a.m. is fine.  Thanks.

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Thursday, April 07, 2005 5:06 PM
To: Torres, Diana
Subject: RE: Depositions

Okay, we're on for May 20.  Does a start time of 9:30 a.m. work or would
you and Mr. Larian prefer some other time?

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  213-443-3180
Tel.:  213-624-7707
Fax:  213-624-0643

************************************************************
*****
Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
************************************************************
*****

>>> Michael T Zeller 04/07/05 02:35PM >>>
I'm double checking, but May 20th might well work.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  213-443-3180
Tel.:  213-624-7707
Fax:  213-624-0643

************************************************************
*****
Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do

EXHIBIT 2

EXHIBIT 60
PAGE 445

EXHIBIT 2 PAGE 9
EXHIBIT 2 PAGE 9

Maria Abett - RE: Depositions                                                                                                  Page 2

not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
***********************************************************************
*****

>>> "Torres, Diana" <DTorres@OMM.com> 04/07/05 02:24PM >>>
Ok. If the 20th works (it's that same week), then we're set. I'll put it
down. If there's a problem let me know. Thank you.

——Original Message——
From:    Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent:    Thu Apr 07 14:10:04 2005
To:      Torres, Diana
Subject:        RE: Depositions

No, sorry, every day that week works but the 19th.  John is out of town
at a hearing.  Also, you should have seen by now my follow-up email with
a few additional open dates.  Please let me know.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  213-443-3180
Tel.:  213-624-7707
Fax:   213-624-0643

***********************************************************************
*****
Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
***********************************************************************
*****

>>> "Torres, Diana" <DTorres@OMM.com> 04/07/05 01:12PM >>>
Thanks. By chance does May 19 work?  That is totally clear. If not, let
me know. We will finalize this today.

——Original Message——
From:    Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent:    Thu Apr 07 12:21:06 2005
To:      Torres, Diana
Subject:        RE: Depositions

EXHIBIT ___60___
EXHIBIT ___444___

EXHIBIT 2

EXHIBIT _2_ PAGE _10_

EXHIBIT _2_ PAGE _10_

Diana, we're also available for the Larian deposition on April 15, 21 and 22 as well.

I look forward to hearing from you.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.: 213-443-3180
Tel.: 213-624-7707
Fax: 213-624-0643

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*

Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*

>>> Michael T Zeller 04/07/05 11:02AM >>>
Diana, sorry I couldn't get back to you yesterday as I'd hoped. I ended
up spending all days in meetings.

Unfortunately, May 11 or 12 is not good for us for Isaac Larian's
deposition, since John Quinn will be out of the country.

I'd propose any of the following additional alternative dates: April
19, April 20, April 29, May 3, May 16, May 17, May 18 or May 31.

Please let me know if any of those work. Thanks in advance.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.: 213-443-3180
Tel.: 213-624-7707
Fax: 213-624-0643

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*

Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,

EXHIBIT __60__
PAGE __447__

EXHIBIT _2_ PAGE _11_

EXHIBIT 2

EXHIBIT __2__ PAGE __11__

please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*

>>> "Torres, Diana" <DTorres@OMM.com> 04/05/05 06:50PM >>>
Thanks.

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Tue 4/5/2005 5:36 PM
To: Torres, Diana
Subject: RE: Depositions

Thanks, Diana. I'll look into this and get back to you, hopefully by
the end of tomorrow if not sooner.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:   213-443-3180
Tel.:   213-624-7707
Fax:   213-624-0643

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*
Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*

>>> "Torres, Diana" <DTorres@OMM.com> 04/05/05 05:16PM >>>
Thanks. Would you be willing to allow Mr. Larian's depo to go forward
on May 11? I know that date is clear (I believe May 12 is also clear).
If so, we will be accommodating to your executive's schedule. If not,
let me know and I will see what can be done to get an earlier date.
Please let me know.
- Diana

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]

EXHIBIT 2

EXHIBIT ___66___
PAGE ___448___

EXHIBIT _2_ PAGE _12_
EXHIBIT _2_ PAGE _12_

Maria Albert - RE: Depositions                                                    Page 5

Sent: Tue 4/5/2005 10:43 AM
To: Torres, Diana
Cc: DWickham@littler.com; KJacoby@littler.com; Ambrosini, Paula; Jon
Corey; Tania Krebs
Subject: Depositions


Dear Diana, I am following up on two deposition matters.

First, this will confirm that Ms. Martinez can be made available for
deposition on April 28, which was a date that you had requested.

Second, we are still waiting for proposed deposition dates for Isaac
Larian. As you and I discussed early last week, we are happy to be
accommodating in trying to find a mutually agreeable date for Mr.
Larian's deposition. However, he has been compelled to appear by Court
Order. We would appreciate receiving, and expect to receive, proposed
dates for his deposition in the reasonable future (i.e., somewhere in
the second half of April) promptly.

Thanks in advance.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  213-443-3180
Tel.:  213-624-7707
Fax:  213-624-0643

*********************************************************************
*****
Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
*********************************************************************
*****

EXHIBIT 2

EXHIBIT __60__
PAGE __449__

EXHIBIT _2_ PAGE _13_
EXHIBIT __2__ PAGE _13_

| | |
|---|---|
| **From:** | Jon Corey |
| **To:** | DTorres@OMM.com |
| **Date:** | 4/29/05 2:25PM |
| **Subject:** | MGA v. Mattel |

Diana,

This message will confirm MGA's agreement to provide Mattel an additional 10 days to answer or otherwise respond to the complaint in the referenced case. I will provide a stipulation for your signature shortly. If you have time to review it, I would prefer to file it today.

Separately, this message will also confirm the agreements that we reached in the Mattel v. Bryant case regarding Ms. Martinez's deposition and documenting in a stipulation the May 9, 2005 obligations of each party. We are also agreeable to continuing the deposition of Mr. Larian until May 26, 2005. I will send you a letter documenting these agreements more fully. Please let me know if your office will be preparing a stipulation for filing in the Mattel v. Bryant case, or whether I should do so.

Best regards,

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Phone: (213) 624-7707
Fax: (213) 624-0643
e-mail address: joncorey@quinnemanuel.com

**************************************************************************
Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you. Quinn Emanuel Urquhart Oliver & Hedges, LLP
**************************************************************************

**CC:** Michael T Zeller

**EXHIBIT** 2

EXHIBIT _60_

PAGE _450_

EXHIBIT _2_ PAGE _14_

EXHIBIT _2_ PAGE _14_

**EXHIBIT 3**

EXHIBIT _60_

PAGE _451_

I hereby certify that this document was faxed
to all counsel (or parties) at their respective,
most recent fax number of record, in this action,
on this date.

DATED: 6-16-06

J. De Bose
DEPUTY CLERK

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 04-9059-SGL (RNBx)                     Date: June 16, 2006

Title: <u>Mattel, Inc. v. Carter Bryant, et al.</u>

DOCKETED ON CM
JUN 1 9 2006
BY _____ 024

**DOCKET ENTRY**

PRESENT:

### HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE

Trina DeBose                          n/a
Deputy Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
None present                              None present

**PROCEEDINGS:  (IN CHAMBERS)**

### Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions

After reviewing the parties' respective contentions in the Joint Stipulation, the Court has concluded that neither further briefing nor oral argument will be of material assistance in determining this Motion.  Accordingly, the hearing currently set for July 11, 2006 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The consequence of Mattel not insisting on the Larian deposition going forward within 20 days of the Court's March 23, 2005 ruling is that the Court's order that MGA produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of the ruling became subject to Judge Manella's May 20, 2005 order staying all discovery.

However, once the stay was lifted by Judge Larson on May 16, 2006, and Mattel's counsel sent his May 24, 2006 letter expressing Mattel's desire to proceed with the deposition in accordance with the terms of the Court's March 23, 2005 ruling, it again became incumbent on MGA to comply with that ruling.  While it would not have been unreasonable for MGA's counsel to respond with alternative proposed dates within the 20-day time frame from receipt of Mattel's counsel's May 24, 2006 letter, insisting that Mr. Larian would not be available until July 25-26 (and not even committing to those dates as firm dates) was neither reasonable nor in compliance with the Court's original

MINUTES FORM 11
CIVIL-GEN                EXHIBIT ___60___
                         PAGE ___452___

Initials of Deputy Clerk ___tw___

EXHIBIT ___3___ PAGE ___15___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:    CV 04-9059-SGL (RNBx)                          June 16, 2006
          <u>Mattel, Inc. v. Carter Bryant, et al.</u>                    Page 2

---

ruling. Accordingly, Mattel's Motion is GRANTED as follows. MGA is ORDERED to produce Mr. Larian for a deposition either (a) on a mutually convenient date agreed upon by the parties, or (b) if the parties are unable to agree on a mutually convenient deposition date, then on any date noticed by Mattel provided that 10 days' notice is given. MGA and Mr. Larian are forewarned in advance that the Court will not tolerate any further delaying tactics.

With respect to the sanctions issue, the Court finds that Mattel did make a good faith effort to obtain the discovery sought without court action. Moreover, the Court declines to find that MGA's opposition to the motion was substantially justified or that other circumstances here make an award of Mattel's reasonable expenses unjust. The Court also notes that, contrary to MGA's contention, there is no requirement under Fed. R. Civ. P. 37(a)(4) that the prevailing party in a discovery motion show prejudice before sanctions can be imposed on the party whose conduct necessitated the motion, the attorney advising such conduct, or both of them. Accordingly, the Court finds pursuant to Fed. R. Civ. P. 37(a)(4)(A) that Mattel is entitled to an award of its reasonable expenses incurred in making this Motion. However, the $3,800 in expenses sought by Mattel appears to the Court to be unreasonable and excessive. In the Court's view, it should not have taken more than 3 hours of associate time and 1 hour of partner time to prepare this relatively straightforward motion, in compliance with Local Rule 37-2. It therefore is ORDERED that, within 10 days of this ruling, MGA's counsel pay Mattel the sum of <u>**$1,360**</u>, which the Court finds to be Mattel's reasonable expenses incurred in making this Motion.

The clerk is directed to fax courtesy copies of this Minute Order to counsel, and to confirm telephonically their receipt of it.

cc:    Judge Larson

MINUTES FORM 11
CIVIL-GEN

EXHIBIT _60_
PAGE _453_

Initials of Deputy Clerk _RW_

EXHIBIT _3_ PAGE _16_