# EXHIBIT 61

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]**<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MOTION OF PLAINTIFF MATTEL, INC. TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING THE DEPOSITION OF CARTER BRYANT, TO COMPEL BRYANT TO ANSWER THOSE QUESTIONS, AND FOR SANCTIONS<br><br>Date:   TBA<br>Time:   TBA<br>Place:  TBA<br><br>Discovery Cut-Off: None Set<br>Pre-Trial Conference: None Set<br>Trial Date:  None Set |

EXHIBIT 6/

PAGE 454

2 -1

ZELLER DECL. ISO MOTION RE. DEPOSITION OF CARTER BRYANT

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.   I am a member of the bar of the State of California, New York and Illinois and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.   On June 17, 2004, Mattel served its first Notice of Deposition for Bryant, a true and correct copy of which is attached as Exhibit 1.

3.   On June 18, 2004, immediately after Mattel noticed Bryant's deposition, Bryant filed an ex parte application that sought a complete stay of discovery by Mattel, including Bryant's deposition.  The Court denied the entirety of Bryant's application, including his stay requests.  Attached as Exhibit 2 is a true and correct copy of the Court's Order dated June 22, 2004.

4.   On July 11, 2004, due to Bryant's failure to meet and confer within the time mandated by the Local Rules, Mattel sent Bryant its portions of a Joint Stipulation on Mattel's motion to compel Bryant's deposition.  Attached as Exhibit 3 is a true and correct copy of my letter to Douglas Wickham dated July 11, 2004, attaching Mattel's portions of a Joint Stipulation for Mattel's motion to compel Bryant's deposition.

5.   On July 12, 2004, in its continuing efforts to resolve Bryant's failure to appear for deposition, Mattel sent a letter again offering to continue to meet and confer regarding Bryant's refusal to be deposed to avoid burdening the Court.  A true and correct copy of this letter is attached as Exhibit 4.

6.   Bryant agreed to meet.  At the meeting on July 13, 2004, Bryant's counsel, Keith Jacoby and Douglas Wickham, stated that a motion to compel the deposition was "unnecessary" because Bryant's counsel were giving their "word as attorneys" that Bryant would appear for deposition in St. Louis during the week of August 16, 2004.  This representation was confirmed in writing by Bryant's

-2-

**EXHIBIT** (_01_)

ZELLER DECL. ISO MOTION RE DEPOSITION OF CARTER BRYANT

**PAGE** _055_

1 | counsel the following day.  Attached as Exhibit 5 is a true and correct copy of a

2 | letter I received from Keith Jacoby dated July 14, 2004.  Mr. Jacoby's letter

3 | acknowledged the parties' "agreement" that Bryant would appear for deposition on

4 | August 17, 2004 and reiterated that "Mr. Wickham and I have given our

5 | representations as counsel" that Bryant would appear, absent "an unforeseen

6 | medical emergency or other exigent circumstances."  Mr. Jacoby further stated: "In

7 | my entire career, I have never had a witness I was representing spontaneously refuse

8 | to appear, nor has Mr. Wickham.  I do not believe this will occur here, and ask that

9 | you accept the good faith representation of Mr. Wickham and I, rather than waste

10 | the Court's time and resources with a preemptive discovery motion."  Bryant's

11 | counsel also stated at the July 13 meeting that requiring a signed Stipulation to

12 | ensure Bryant's appearance at the agreed-upon time and place was "unnecessary"

13 | and "insulting" because their "word as attorneys" was "good enough" to ensure that

14 | Bryant would appear for deposition as agreed.

15 |        7.    Rather than burden the Court with a motion, Mattel relied on the

16 | word of Bryant's counsel and made arrangements to take Bryant's deposition.

17 | Attached as Exhibit 6 is a true and correct copy of my letter to Keith Jacoby dated

18 | July 14, 2004, which further confirmed Bryant's counsel's representations as

19 | attorneys that Bryant would appear for deposition at the agreed-upon time and place.

20 | Mattel's July 14 confirming letter, which Bryant never disputed, stated:

21 |       While Mattel did not agree with the delay of Mr. Bryant's previously noticed

22 |       deposition until August for reasons that I have already stated and does not

23 |       believe that the statements in your letter of earlier today accurately reflect

24 |       Mattel's position in all respects, we will accept your representations as an

25 |       attorney that Mr. Bryant will appear for deposition at the agreed-upon

26 |       location and time.  Thus, as I mentioned over the phone today, based upon

27 |       those representations, we will not be going forward at this juncture with a

28 |

EXHIBIT ___6/___

-3-

ZELLER DECL. ISO MOTION RE DEPOSITION OF CARTER BRYANT
PAGE _____

1   motion to compel his deposition, without prejudice of course to our rights to

2   seek Court relief if circumstances change.

3   (Emphasis added.)  Mattel's counsel then purchased plane tickets, arranged for

4   video and a court reporter at the deposition, obtained space in St. Louis for the

5   deposition, made hotel arrangements, and rearranged other client matters in order to

6   be free to travel to St. Louis for the deposition.

7        8.    On the afternoon of Friday, August 13, Bryant faxed to plaintiff,

8   without notice and without any discussion with Mattel beforehand, a letter

9   unconditionally canceling Bryant's scheduled deposition.  Along with the letter from

10  Mr. Millman, Bryant sent to plaintiff a 58-page Joint Stipulation with regard to

11  Mattel's document discovery that Mr. Millman's August 13 letter cited as a

12  purported justification for refusing to produce Bryant for deposition.

13       9.    On August 26, 2004, Mattel re-noticed Bryant's deposition for

14  Springfield, Missouri, where Bryant resides, for September 9, 2004, a date on which

15  Bryant had said that he was available.  Attached as Exhibit 7 is a true and correct

16  copy of Plaintiff's Notice of Videotaped Deposition of Carter Bryant.

17       10.   Bryant yet again refused to appear for deposition.  On September

18  1, 2004, in response to Bryant's counsel's oral statements that Bryant was refusing

19  to appear, my colleague, Gloria Donovan, met and conferred with Bryant's counsel

20  in yet another effort to avoid motion practice regarding Bryant's deposition.

21  Attached as Exhibit 8 is Ms. Donovan's letter of September 3, 2004 on the subject

22  of Bryant's deposition.  Attached as Exhibit 9 is a true and correct copy of a letter

23  from Bryant's counsel, Dominic Messiha, dated September 7, 2004, in which Mr.

24  Messiha confirmed that "Mr. Bryant will not be appearing for deposition in Missouri

25  on September 9."

26       11.   Mattel then filed a motion with the Los Angeles County Superior

27  Court (where the case was then pending) to compel Bryant's deposition.  On

28  September 3, 2004, Bryant also moved in the Superior Court for a protective order.

1  Attached as Exhibit 10 is a true and correct copy of excerpts from Bryant's Motion
2  for a Protective Order and to Establish the Sequence and Timing of Discovery.

3      12.    As shown in Exh. 11, the Superior Court granted Mattel's motion
4  to compel Bryant's deposition on October 5, 2004 and ordered Bryant to appear for
5  deposition twenty days after Mattel furnished a verification as to the "certain
6  documents" that Bryant claimed he needed before his deposition. As the Court's
7  ruling stated: "[I]t appears that Defendant wants Plaintiff to produce certain
8  documents before the deposition, which will assist Defendant in preparation of his
9  deposition . . . . Plaintiff is ordered to produce these documents or state in verified
10 responses that none exists, and after a diligent search and reasonable inquiry, there
11 are no such documents in Plaintiff's possession, custody, or control." Twenty days
12 after that was done, the Court ruled, "Defendant is ordered to be deposed".
13 (Emphasis added.)

14      13.    Even after Mattel provided the verification (twice), however,
15 Bryant announced on October 14, 2004 that he still refused to be deposed as ordered
16 by the Superior Court. Accordingly, on October 19, 2004, Mattel filed a second
17 motion (by ex parte) to compel Bryant's deposition. The Superior Court rejected
18 Bryant's grounds for refusing to abide by the October 5 Order and compelled
19 Bryant, for the second time, to appear for deposition. As shown in the Court's order
20 with respect to the ex parte in Exh. 11, the Superior Court specifically ordered
21 Bryant's deposition to commence on November 4, 2004.

22      14.    Attached as Exh. 12 are true and correct copies of excerpts from
23 the deposition transcript of Carter Bryant, taken on November 4, 5 and 8, 2004. At
24 the deposition, Bryant's counsel asserted more than ninety instructions not to
25 answer. MGA's counsel asserted more than four hundred objections over the
26 deposition's course.

27      15.    After the deposition, the parties met and conferred on February,
28 18, 2005, in an effort to resolve the issues in this motion, but to no avail.

7209/2048728.2

-5-

EXHIBIT 6/

PAGE 458

1        16.    Attached as Exh. 13 is a true and correct copy of the Court's

2    Order Granting Mattel's Motion to Compel Production of Documents by Carter

3    Bryant, filed on January 26, 2007.

4        17.    Attached as Exh. 14 are true and correct DVD copies of excerpts

5    from the video of the deposition of Carter Bryant.

6        18.    Mattel has incurred attorneys' fees and costs in excess of $5,875

7    in bringing this motion. I spent more than 3 hours of time preparing the motion, for

8    a total of more than $1,800.00 at my billing rate of $600 per hour. Juan Pablo

9    Albán, a Quinn Emanuel associate, also was involved in preparing this motion. Mr.

10   Albán spent more than 10 hours of his time researching and preparing this motion,

11   for a total of more than $3,700 at his billing rate of $370.00 per hour.

12

13       I declare under penalty of perjury under the laws of the United States of

14   America that the foregoing is true and correct.

15       Executed on February 1, 2007, at Los Angeles, California.

16

17                         _Michael T. Zeller_

18                          Michael T. Zeller

19

20

21

22

23

24

25

26

27   EXHIBIT   61

28   PAGE   459

-6-

MOTION RE DEPOSITION OF CARTER BRYANT

7209/2048728.2

## LITTLER MENDELSON

July 14, 2004

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

### VIA FACSIMILE (213.443-3100) AND U.S. MAIL

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel, Inc. v. Carter Bryant

Dear Mr. Zeller:

This letter will memorialize the position of Defendant Carter Bryant with respect to the taking of his deposition, and my understanding of Plaintiff Mattel Inc.'s (Mattel") position, as set forth in our meeting yesterday.

My understanding is that Mattel has agreed to take Mr. Bryant's deposition in St. Louis, Missouri. Mattel may select an appropriate location, and Littler Mendelson is happy to suggest a location if your firm has no suggestion.

My understanding is that an agreement has been reached to commence the deposition on August 17, 2004 at 10:00 a.m.

Two issues remain outstanding, which you suggest require Court intervention. We believe nothing that has occurred to date warrants Court intervention or prophylactic orders, and you have stated no good reason why such Court intervention is necessary. Your suggestion that pre-deposition orders are required appear to be little more than an attempt to gratuitously disparage Mr. Bryant, when he has done absolutely nothing wrong.

First, Mr. Bryant has offered to extend the seven hour limit on testimony by a single witness provided by F.R.C.P. 30(d)(2) to 14 hours, in order to give Mattel an opportunity to complete the deposition. Mr. Bryant has agreed to make himself available over August 17, 18, and 19 to accomplish that task. My understanding is that while specifics have not been agreed to at this time, both Mattel and Mr. Bryant are willing in principle to extend the seven hour limit with respect to Rule 30(b)(6) depositions as well.

Mr. Bryant is not willing to permit, as you proposed yesterday, that Mattel be allowed to initially proceed with his deposition for seven hours, or anything less that 14 hours, and then resume his deposition at a later time, after further discovery is completed. That type of

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107   Tel. 310.553.0308   Fax: 310.553.5583   www.littler.com

EXHIBIT ___61___

PAGE ___460___

EXHIBIT 5 PAGE 30

Michael T. Zeller, Esq.
July 14, 2004
Page 2

procedure does not conform to F.R.C.P. 30(d)(2).  Moreover, depositions are customarily noticed and taken from day to day, until completed. *In fact, Mattel's deposition notice expressly states that Mr. Bryant's deposition will continue from day to day until completed.* We agree that is precisely what should happen.

It is your client's decision to take Mr. Bryant's deposition at the beginning of this case. Mattel originally noticed Mr. Bryant's deposition before *any* formal discovery whatsoever was completed.  In such circumstances, it will always be true that the parties will learn more about the case as discovery progresses, but the law does not require witnesses to appear and reappear again as discovery unfolds. Mattel is free to wait until a later date to take Mr. Bryant's deposition, if it so chooses.  However, if his deposition goes forward now, it will go forward in consecutive sessions, and will be deemed completed at the conclusion of 14 hours, or earlier if you elect to end the deposition in less than 14 hours.  I understand Mattel is not waiving its right to make a motion pursuant to F.R.C.P. 30(d)(2) to reopen Mr. Bryant's deposition, and Mr. Bryant is not waiving his right to oppose such a motion.

Finally, we have made it clear that there is no need for a Court order directing Mr. Bryant to appear, and Mr. Bryant will not stipulate to such an order.  Mr. Wickham and I articulated the various reasons why this is unnecessary, and I will not rehash them here.  In short, it is in Mr. Bryant's litigation interests to appear for deposition as agreed, and Mr. Wickham and I have given our representation as counsel that we will do everything in our power to ensure that Mr. Bryant will, in fact, appear.  At this time, we have absolutely no reason to believe that he will not appear as agreed.  While we, of course, cannot prevent an unforeseen medical emergency or other exigent circumstance that would warrant the canceling of any deposition, no such facts exist at this time.  In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham.  I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion.

Please contact me today before the close of business to confirm we have reached a final agreement on Mr. Bryant's deposition, on the terms I have proposed, and that a discovery motion is unnecessary.

Sincerely,

Keith A. Jacoby

cc:   Robert F. Millman, Esq.
      Douglas A. Wickham, Esq.
Los_Angeles:166906.2 028307.1010

EXHIBIT ___6/___
PAGE ___46/___

EXHIBIT __5__ PAGE 3/

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 14, 2004

BY FACSIMILE

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Jacoby:

This will confirm our conversation of this afternoon regarding two of the issues that we discussed yesterday and that are the subject of your letters earlier today.

First, the parties have agreement that Mr. Bryant's deposition will commence on August 17, 2004 at 10:00 a.m. in St. Louis for a seven-hour session. We will arrange for a specific location as well as a court reporter and videographer. Mattel and Mr. Bryant are reserving their respective positions as to the appropriateness of subsequent deposition time with Mr. Bryant, and the parties will discuss the matter if and when it arises.

While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon location and time. Thus, as I mentioned over the phone today, based upon those representations, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

Second, as we agreed yesterday and over the phone today, the extension of time until Friday is for both parties' responses to all outstanding written discovery requests, which includes the interrogatories that Mr. Bryant propounded upon Mattel.

quinn emanuel urquhart oliver & hedges, llp

new york | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
san francisco | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
silicon valley | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
chicago | 123 North Wacker Drive, Suite 2100, Chicago, Illinois 60606
tokyo | Akasaka Twin Tower, Main Building 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan

EXHIBIT ___61___
PAGE ___462___

EXHIBIT _6_ PAGE _32_

Please give me a call if you would like to discuss these matters further.  Otherwise, I will let you know about the specific location in St. Louis as soon as practicable.

Very truly yours,

Michael T. Zeller

2

EXHIBIT ___61___
PAGE ___463___

EXHIBIT _6_ PAGE _33_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 14, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:   7209 | ROUTE/ RETURN TO:   Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT ___6/___

PAGE ___464___

EXHIBIT _6_ PAGE _34_

```
                        Send Confirmation Report
Line 1: quinn,emanuel              ID: 12136240843          14 Jul'04  5:15PM Page  1
Line 2: JetFax M920e               ID: 13102014746
```

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 205 | 7/14  5:14PM | 0'47" | 9414#07209#131055355 83# | Send............ | 3/ 3 | EC144 | Completed.......... |

```
        Total:   0'47"    Pages sent: 3    Pages printed: 0
```

### QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

#### FACSIMILE TRANSMISSION

DATE: July 14, 2004

TO (COMPANY):

NUMBER OF PAGES, INCLUDING COVER:

| NAME | PHONE | FAX No. |
|------|-------|---------|
| Keith A. Jacoby, Esq. | 310-772-7184 | 310-553-3282 |

FROM: Michael T. Zeller

RE: Mattel v. Bryant

MESSAGE:

EXHIBIT ___61___

PAGE ___465___

EXHIBIT 6 PAGE 35

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11 MATTEL, INC., a Delaware Corporation,     CASE NO. BC 314398

12              Plaintiff,                    Dept:   36
                                             Judge:  Gregory Alarcon
13        v.
                                             PLAINTIFFS' NOTICE OF
14 CARTER BRYANT, an individual; and         VIDEOTAPED DEPOSITION OF
   DOES 1 through 10, inclusive,             CARTER BRYANT
15
                Defendant.                    Date Action Filed: April 27, 2004
16
                                             Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

07209/602936.1

                          NOTICE OF DEPOSITION OF CARTER BRYANT

EXHIBIT ___6/___
PAGE ___466___

EXHIBIT _7_ PAGE _36_

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to Cal. Civ. Proc. Code § 2025,

3    plaintiff Mattel, Inc. ("Mattel"), by and through its attorneys of record, will take the

4    deposition upon oral examination of Carter Bryant on September 9, 2004 at 9:00 a.m. at

5    2136 West Chesterfield Boulevard, Springfield, Missouri 65807.

6          PLEASE TAKE FURTHER NOTICE that the deposition will be taken by a

7    notary public or other persons qualified to administer oaths, will be recorded

8    stenographically, and will be videotaped.  The deposition will continue from day to day,

9    or may be continued to a future date or dates, until completed, excluding Saturdays,

10   Sundays and legal holidays.

11

12

13

14

15   DATED:  August 26, 2004

16                          QUINN EMANUEL URQUHART OLIVER &
                            HEDGES, LLP
17

18                          By _____
19                               John B. Quinn
                                 Michael T. Zeller
20
                            Attorneys for Plaintiff
21                          Mattel, Inc.

22

23

24

25

26

27

28

09/602936.1

-2-

EXHIBIT ___61___
PAGE ___467___

EXHIBIT 7 PAGE 37

**quinn emanuel** trial lawyers | los angeles

Sei Noith Figuenea Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3043

WRITER'S DIRECT DIAL NO.
213/443-3688

WRITER'S INTERNET ADDRESS
gloriadonovan@quinnemanuel.com

September 3, 2004

**VIA FACSIMILE AND MAIL**

Dominic J. Messiha, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA  90067

Re: Mattel, Inc. v. Carter Bryant

Dear Mr. Messiha:

You have indicated that defendant may not be honoring the Notice for his deposition. However, we have not received written confirmation from your firm to that effect. Moreover, we have not received any Motion for Protective Order, although defendant claimed well over a week ago that he would be filing one promptly.

The date for the deposition as set forth in the Notice is September 9, 2004. That is a day defendant previously represented that he was available. Because the deposition's location is Springfield, Missouri, where your client resides, we must finalize our travel arrangements. Further, we have made arrangements for a court reporter and videographer.

If we do not receive written confirmation from defendant's counsel by noon on Tuesday, September 7, 2004 that defendant will not be appearing for his noticed deposition, and if defendant then fails to appear, we will seek reimbursement of travel costs as well as appropriate fees incurred as a result.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-47
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813- FAX 858-

EXHIBIT __61__
PAGE __468__

EXHIBIT _8_ PAGE _38_



I look forward to receiving your response and would appreciate your prompt attention to this matter.

Sincerely,

Gloria S. Donovan

GD:mm

cc:     John B. Quinn, Esq.
        Michael T. Zeller, Esq.
        Robert F. Millman, Esq.

2

EXHIBIT _____ 6 / _____

PAGE _____ 4 6 9 _____

EXHIBIT 8 PAGE 39

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **SAN DIEGO** 4445 Eastgate Mall, Suite 200 San Diego, CA 92121 (858) 812-3107 Facsimile. (858) 812-3336 | **LOS ANGELES** 865 So. Figueroa Street, 10th Floor Los Angeles, CA 90017 (213) 443-3000 Facsimile: (213) 443-3100 | **SAN FRANCISCO** 50 California Street, 22nd Floor San Francisco, CA 94111 (415) 875-6600 Facsimile. (415) 875-6700 |
| **PALM SPRINGS** 45-025 Manzana Drive., Suite 8 Indian Wells, CA 92210 (760) 345-4757 Facsimile (760) 345-2418 | **NEW YORK** 335 Madison Avenue, 17th Floor New York, NY 10017-4611 (212) 702-8100 Facsimile. (212) 702-8200 | **SILICON VALLEY** 555 Twin Dolphin Drive, Suite 560 Redwood Shores, CA 94065 (650) 801-5000 Facsimile. (650) 801-5100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   September 3, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| **NAME** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Dominic J. Messiha, Esq. | (310) 553-0308 | (310) 553-5583 |

**FROM:**   Gloria Donovan

**RE:**    Mattel, Inc. v. Carter Bryant

**MESSAGE:**

Please see letter attached.

---

| | | |
|---|---|---|
| **CLIENT #:**   07209 | **ROUTE:** **RETURN TO:**  Gloria Donovan | ☒ **CONFIRM FAX** ☒ **INCLUDE CONF. REPORT** |
| **OPERATOR:** | **CONFIRMED?** ☐ **NO** ☐ **YES:** | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.

EXHIBIT _____61_____
PAGE _____470_____

EXHIBIT _8_ PAGE _40_

Confirmation Report — Memory Send

```
Page      : 001
Date & Time: Sep-03-04  02:00pm
Line 1    : 2136240643
Line 2    :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 545 |
| Date | : | Sep-03 01:54pm |
| To | : | ☎8645₩72D9₩13105535503 |
| Number of pages | : | 003 |
| Start time | : | Sep-03 01:59pm |
| End time | : | Sep-03 02:00pm |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 545 | ✱✱✱ SEND SUCCESSFUL ✱✱✱ |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE:   September 3, 2004

TO/COMPANY:                                          NUMBER OF PAGES, INCLUDING COVER:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Dominic J. Messiha, Esq. | (310) 553-0305 | (310) 553-5583 |

FROM:   Gloria Donovan

RE:     Mattel, Inc. v. Carter Bryant

MESSAGE:

Please see letter attached.

| CLIENT #:  07209 | ROUTE/ RETURN TO:  Gloria Donovan | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR:  | CONFIRMED ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3843 AS SOON AS POSSIBLE.

EXHIBIT ___61___

PAGE ___471___

EXHIBIT _8_ PAGE _4_

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

September 7, 2004

Dominic J. Messiha
Direct: 310.712.7343
Direct Fax: 310.553.5583
dmessiha@littler.com

### VIA FACSIMILE AND U.S. MAIL

Gloria Donovan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel, Inc. v. Carter Bryant

Dear Ms. Donovan:

In response to your letter of September 3, as has previously been indicated by Mr. Jacoby's August 26 letter to Mr. Zeller, my multiple telephone conversations with you of last week and by the terms of Defendant's Objections to his deposition notice and his Motion for Protective Order filed and hand-served on September 3, Mr. Bryant will not be appearing for deposition in Missouri on September 9.

Please feel free to contact me should you have any further questions in this regard.

Sincerely,

Dominic J. Messiha

cc:   Robert F. Millman, Esq.
      Douglas A. Wickham, Esq.
      Keith A. Jacoby, Esq.
Los_Angeles:373693.1 028307.1010

ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MASSACHUSETTS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM

EXHIBIT ___6/___
                2/72
PAGE ___

EXHIBIT _9_ PAGE 42

# LITTLER MENDELSON

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

September 7, 2004

To:   Gloria Donovan, Esq.          Fax:   (213) 624-0643    Phone:
Quinn Emanuel Urquhart Oliver &
Hedges, LLP

Fax #(s) verified before sending (initial):

From:   Dominic J. Messiha          Fax:   310.553.5583      Phone:   310.712.7343

Length, including this cover letter:   2   Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:  02830F

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

EXHIBIT ___61___

PAGE ___473___

EXHIBIT _9_ PAGE 43



1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  KEITH A. JACOBY, Bar No. CA 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone:  310.553.0308
5  Facsimile:   310.553.5583

6  Attorneys for Defendant
   CARTER BRYANT

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 0 9 2004

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
        J. SUNGA

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware Corporation,        Case No. BC314398

12                 Plaintiff,                    ASSIGNED FOR ALL PURPOSES TO
                                                 HON. GREGORY W. ALARCON
13         v.                                    DEPT. 36

14  CARTER BRYANT, an individual; and            MEMORANDUM OF POINTS AND
    DOES 1 through 10, inclusive,                AUTHORITIES IN SUPPORT OF
15                                               DEFENDANT CARTER BRYANT'S
                   Defendant.                    MOTION FOR PROTECTIVE ORDER
16                                               AND TO ESTABLISH THE SEQUENCE
                                                 AND TIMING OF DISCOVERY;
17                                               REQUEST FOR SANCTIONS

18                                               [C.C.P. §§ 2019(d), 2025(g), (i) and (n)]

19

20                                               Action Filed: April 27, 2004

21                                               Date:    September 28, 2004
                                                 Time:    8:30 a.m.
22                                               Dept.:   36

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

_____
        DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT ___61___
PAGE ___474___

EXHIBIT _10_ PAGE _44_

# TABLE OF CONTENTS

|  |  |  | PAGE |
|---|---|---|---|
| I. | SUMMARY OF ARGUMENT | | 1 |
| II. | STATEMENT OF FACTS | | 2 |
| | A. | The Parties | 2 |
| | B. | Procedural History | 3 |
| | C. | The Lawsuit | 3 |
| | D. | Discovery | 4 |
| | | 1. Written Discovery | 4 |
| | | 2. Bryant's Deposition | 8 |
| III. | ARGUMENT | | 11 |
| | A. | Phased Discovery Is Necessary In This Case To Safeguard Bryant's Right To Be Prepared For His Deposition And To Preclude Mattel's Attempt To Litigate By Ambush And Surprise | 11 |
| | | 1. Mattel Has Failed To Produce Key Documents In Its Exclusive Possession | 11 |
| | | 2. Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control | 13 |
| | | 3. Mattel Will Not Be Prejudiced By Producing Responsive Documents Prior To Bryant's Deposition | 15 |
| | B. | Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To Compel Bryant's Deposition Has Already Been Denied By The Federal Court | 16 |
| IV. | CONCLUSION | | 17 |

i.

LITTLER MENDELSON

EXHIBIT ___61___

PAGE ___6175___

EXHIBIT 10 PAGE 45

# TABLE OF AUTHORITIES

PAGE

## CASES

(Chronicle Pub. Co. v. Superior Court
54 Cal. 2d 548 (1960) ............................................................12

Beverly Hills Federal Savings & Loan Assoc. v. Superior Court
259 Cal. App. 2d 306 (1968) ...............................................14

Deyo v. Kilbourne
84 Cal. App. 3d 771 (1978) ............................................12, 14

Dowell v. Superior Court
47 Cal. 2d 483
(1956) ......................................................................................16

Emerson Electric v. Superior Court
16 Cal. 4th 1101 (1997) ........................................................12

Fairmont Ins. Co. v. Sup. Ct. (Stendell)
22 Cal. 4th 245 (2000) .............................................................3

Greyhound Corp. v. Superior Court
56 Cal. 2d 355 (1961) ............................................................12

Hall v. Clifton Precision
150 F.R.D. 525 (E.D. Pa. 1993) ..........................................12

Poeschl v. Superior Court
229 Cal. App. 2d 383 (1964) ...........................................14, 16

Rosemont v. Superior Court (Turner)
60 Cal. 2d 709 (1964) ........................................................15, 14

United States v. Proctor & Gamble Co.
356 U.S. 677 (1958)
[78 S.Ct. 983, 2 L.Ed.2d 1077] ...........................................12

## STATUTES

California Code of Civil Procedure
Section 2019 .............................................................................15

Section 2019(c) .....................................................................2, 16

Section 2023 .............................................................................17

Section 2025(g) .....................................................................2, 14

Section 2025(j)(15) .................................................................17

Section 2025(t) ...........................................................................1

Section 2031 .........................................................................14, 15

Federal Rule of Civil Procedure 45 ....................................8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT ___61___

PAGE ___476___

EXHIBIT _10_ PAGE _46_

# I.

## SUMMARY OF ARGUMENT

Plaintiff Mattel, Inc. ("Mattel") has noticed Defendant Carter Bryant's deposition for September 9, 2004, despite the ruling of a federal magistrate judge just two weeks ago, on August 20, denying Mattel's *Ex Parte* Application to compel that same deposition. There is no justification for Mattel's attempt to accomplish in state court what it was not permitted to do in federal court. Undaunted, however, Mattel now again seeks to depose Mr. Bryant ("Bryant") without first responding to his outstanding document demands, which seek key documents in Mattel's exclusive possession.

Mattel's objective in seeking to depose Bryant at this early stage of document discovery is clear: it wants to ignore the "one deposition rule" by taking his deposition at once, and then, after more document discovery, take it again. Mattel has already stated its intention to do so. This is simply impermissible under Code of Civil Procedure section 2025(t) and its "one deposition rule." This discovery tactic is illegitimate and burdensome, and Mattel is not entitled to take this deposition now because it has failed to comply with its own discovery obligations.

Mattel has not only failed to produce responsive documents in this litigation that it does not deny possessing, but has also improperly obtained private telephone records for Bryant, his parents and other non-parties that it refuses to return. Bryant has been forced to seek relief in the issuing court, the federal district court in Dallas, Texas, to attempt to curb this unwarranted invasion into his privacy and that of the non-parties affected by this subpoena. The federal court found that the telephone company inadvertently produced the documents to Mattel, and that Mattel refused to return them and would not even unconditionally provide copies of the documents to Bryant. The court has ordered those records sealed pending a final decision on that matter.

With Mattel's discovery abuses setting the stage, it now attempts to depose Bryant while depriving him of a reasonable opportunity to defend himself, by concealing the documents it intends to use against him, with the obvious consequence being Mattel's stated desire to depose Bryant again, in violation of Code of Civil Procedure section 2025(t). See also Fairmont Ins. Co. v. Sup. Ct. (Stendell), 22 Cal. 4th 245, 254 (2000).

1.

LITTLER MENDELSON

EXHIBIT __61__

PAGE __477__

EXHIBIT _10_ PAGE _47_

1   Because Mattel continues to withhold responsive documents, as has been its pattern

2   and practice in other cases, Bryant seeks a protective order from this Court that his deposition should

3   not go forward until Mattel produces the questioned documents.  Bryant also seeks an order from

4   this Court under Code of Civil Procedure section 2019(c) directing that the first round of document

5   discovery be completed before the parties proceed to deposition discovery.  Bryant has served his

6   objections to the deposition notice, and his deposition, noticed for September 9, is automatically

7   stayed pending a determination of this Motion under Code of Civil Procedure section 2025(g).

8        There is no exigency here that would justify Mattel's taking Bryant's deposition prior

9   to documents being fully exchanged.  In fact, Bryant left Mattel in 2000, and the product Mattel

10  claims to target, Bratz, was released in 2001.  There is no motion for a preliminary injunction

11  pending, no trial date, and no discovery cut-off has been set.

12       Once Mattel complies with its discovery obligations and fully produces documents in

13  response to Bryant's document demands, Bryant will submit to deposition.  Bryant should also be

14  permitted the opportunity to have his Motion to Compel further responses to the written discovery

15  against Mattel heard.  Mattel should be granted the same time to obtain documents in response to its

16  third party subpoenas that have been served.  In this way, Mattel will have the benefit of all

17  documents prior to deposing Bryant and cannot later use the absence of documents at a first

18  deposition as an excuse for violating the one deposition rule.  Furthermore, Bryant will then have a

19  full opportunity to refresh his recollection and prepare for his deposition.

20                              II.

21                    STATEMENT OF FACTS

22  A.    The Parties.

23       Bryant was employed by Mattel as a fashion designer for the "Barbie" line of toys

24  from 1995 to April 1998, and in the Barbie Collectibles division from January 4, 1999 to October 20,

25  2000, earning less than $60,000 per year.  Bryant left Mattel in October 2000, and he then helped

26  launch a ground-breaking line of fashion dolls called "Bratz."  First manufactured and distributed by

27  MGA Entertainment ("MGA") in 2001, "Bratz" took the fashion doll world by storm.  "Bratz" are

28  an international phenomenon that market studies suggest have significantly reduced Mattel's sales of

LITTLER MENDELSON
...

                              2.

EXHIBIT _____ 101 _____

PAGE _____ 478 _____

EXHIBIT _10_ PAGE _48_

1   its flagship product, Barbie. Bryant's involvement in the creation of Bratz has elevated him to the

2   upper echelon of toy designers and brought him great rewards. It is in this context that Mattel

3   decided, more than three and a half years after Bryant's resignation, to sue him.

   **B.    Procedural History.**

5       Plaintiff's Complaint was filed April 27, 2004 in state court. See Declaration of

6   Keith A. Jacoby ("Jacoby Decl."), ¶ 2. On May 14, 2004, Bryant answered the Complaint and

7   removed the action to Federal Court based on its diversity jurisdiction. Jacoby Decl., ¶ 3. On June

8   18, 2004, Bryant sought a stay of discovery pending the federal court's ruling on Plaintiff's Motion

9   for Remand by way of an *ex parte* application. That request was denied.

10      On July 16, Bryant received Mattel's woefully inadequate responses to his written

11  discovery and promptly notified Plaintiff that he would not be appearing for deposition on August

12  17, which Mattel had noticed six days prior, unless Mattel supplemented its production. Jacoby

13  Decl., ¶¶ 6-9.

14      On August 17, Plaintiff Mattel applied *ex parte* for an order compelling Bryant's

15  deposition. Bryant opposed the motion, arguing that he was entitled to receive Mattel's responses to

16  his discovery prior to his deposition, and that discovery should be conducted in phases, with written

17  discovery preceding depositions. Federal Magistrate Judge Hillman denied Mattel's *ex parte*

18  application. See Exhibit 2 to Declaration of Dominic J. Messiha ("Messiha Decl."), filed

19  concurrently herewith.

20      On August 23, 2004, Judge Manella remanded the action to this Court. Plaintiff

21  served his third deposition notice of Plaintiff on August 26, 2004, noticing the deposition for

22  September 9, 2004 in Springfield, Missouri. Messiha Decl. ¶ 3.

   **C.    The Lawsuit.**

24      On April 27, 2004, Mattel sued Bryant, alleging that he breached the agreements he

25  executed with Mattel, converted Mattel property for his personal gain and/or assisted Mattel's

26  competitor while working for Mattel. It seeks, *inter alia*, compensatory damages, punitive damages,

27  attorney's fees and injunctive relief. Mattel's Complaint encompasses the same charges Mattel

28  leveled against Bryant in the press, though they are pled with less specificity than the unnamed

LITTLER MENDELSON

3.

EXHIBIT ___61___

PAGE ___479___

EXHIBIT *10* PAGE 49

1   Mattel sources were willing to give to the *Wall Street Journal* in a newspaper article published in

2   July 2003.  Instead, in its Complaint, Mattel alleged simply that:

3   > "Bryant had secretly aided, assisted and worked for a Mattel competitor ... the
> competitor obligated Bryant to provide product design services to the competitor on a

4   > 'top priority' basis....while Bryant was employed by Mattel, Bryant and the other
> defendants converted, misappropriated and misused Mattel property and resources for

5   > the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

6   (Complaint, ¶ 41).

7           Mattel's lawsuit seeks nothing less than to take from Bryant everything he has earned

8   and to destroy what has become his life's work.  It is noteworthy that Mattel's targeting of Bryant

9   has been some time in the making.  Almost three years after Bryant left Mattel, and many months

10  before this lawsuit was filed, Mattel began a media campaign in which unnamed Mattel employees

11  suggested to the press that Bryant stole the "Bratz" concept from Mattel.  The *Wall Street Journal*

12  reported the following in July, 2003:

13  > Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project
> that was scrapped at the testing stage in 1998. Mattel declined to comment.  Mr.

14  > Bryant didn't work on the line that Mattel scrapped, according to former and current
> Mattel designers. But most Barbie designers had seen the prototypes, his former

15  > colleagues say. Mr. Bryant, through MGA, declined to be interviewed.

16  > The Mattel doll line that was scrapped wasn't exactly like the Bratz, says a longtime
> Mattel designer who worked on the project. But the Bratz' oversized heads -- with

17  > their pursed lips and cartoonist eyes -- are "virtually identical" to the heads of the

18  > dolls her team created, says the designer, who left Mattel in 2001.

19  > Lily Martinez, a designer who still works at Mattel, came up with the idea for the big
> doll heads for Mattel, colleagues say. Mattel declined to comment. She even posted

20  > her sketch on her cubicle, colleagues say. "Anyone who passed by her cubicle would
> see the picture up on the wall," says another designer who also left Mattel in 2001.

21  > "The big heads, the big eyes, the big feet -- they were all the same" as the Bratz. Ms.
> Martinez declined to comment.

22  > See July 18, 2003 *Wall Street Journal*, "Dolled Up: To Lure Older Girls, Mattel

23  > Brings In Hip-Hop Crowd" attached as Exhibit D to the Declaration of Keith A.
> Jacoby, dated August 18, 2004, (hereinafter "Jacoby Decl.") at ¶ 12.

24

25  > Bryant denies these allegations.

26

27

28

LITTLER MENDELSON

4.

EXHIBIT ___61___

PAGE ___480___

EXHIBIT *10* PAGE *50*

1    only basic discovery, but also establishment of facts crucial to rulings on pretrial motions,

2    dispositive motions, and for trial.  The importance of Bryant's deposition in this matter cannot be

3    overstated.

4           The purpose of the Civil Discovery Act is critically important here.  As discussed

5    above, Mattel's Complaint provides woefully vague allegations of misconduct against Bryant.  The

6    Complaint states only that Bryant signed a contract with a "competitor" and "misappropriated and

7    misused Mattel property and resources," without identifying the competitor, let alone what property

8    or resources Bryant allegedly misused.  At the Federal Rule 26 Conference held between the parties

9    on June 14, 2004, counsel for Mattel refused to provide any further factual information about the

10   basis of his claims, other than to make vague allegations about telephone records and Bryant's

11   contract with MGA.  Jacoby Decl., ¶¶ 4, 12.  Bryant has an unequivocal right to this information.

12          While Mattel has provided written responses and produced some documents in

13   response to the written discovery it agreed to provide prior to Bryant's deposition, it has withheld far

14   more documents than it has produced.  Jacoby Decl., ¶ 12.  Critically, while Mattel appears to allege

15   either that Bryant misappropriated Mattel property for his own gain or that he created certain works

16   (namely the "Bratz" dolls) while employed by Mattel, Mattel has not produced any evidence

17   substantiating its claim that Bryant created "Bratz" while employed by Mattel.  Mattel does

18   not deny possessing these documents.  It simply refuses to produce them.  Jacoby Decl., ¶ 7.

19   Moreover, Mattel has made public statements in the media stating that it believes "Bratz" to be

20   "virtually identical" to a doll line developed by Mattel that never hit the market, yet Mattel's

21   responses do not even identify which doll line it believes was misappropriated.  Even when it

22   produced some drawings by a former employee named Lilly Martinez, Mattel expressly declined to

23   admit that it was producing them in response to any document request.

24

25

26

27

28

LITTLER MENDELSON

13.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT ___61___

PAGE ___481___

EXHIBIT _10_ PAGE _51_

1   2.  Bryant's Deposition Should Not Go Forward Until Mattel Produces

2      Those Key Documents, Or States In Verified Responses That It Has

3      Conducted A Diligent Search And Reasonable Inquiry And Those

4      Documents Are Not In Its Possession, Custody Or Control.

5    Bryant is entitled to receive the documents he has requested from Mattel in both

6 federal and state court discovery – those documents upon which Mattel bases its allegations against

7 Bryant – prior to being deposed. Rosemont v. Superior Court (Turner), 60 Cal. 2d 709 (1964). This

8 Court has broad discretion to enter an order that discovery should proceed in phases, with written

9 discovery to be completed prior to depositions, or in the alternative, an order staying Bryant's

10 deposition until Mattel produces those documents, pursuant to Code of Civil Procedure section

11 2019(c). Section 2019(c) states that, upon a showing of good cause, "the court may establish the

12 sequence and timing of discovery for the convenience of parties and witnesses and in the interests of

13 justice."

14    There is abundant good cause here for the Court to order phased discovery, or in the

15 alternative, to enter an order staying Bryant's deposition, to ensure that Bryant has the ability to

16 prepare himself for deposition and to prevent Mattel's litigation by ambush. Pursuant to Code of

17 Civil Procedure section 2025(g), Mr. Bryant has served objections to his deposition notice and his

18 deposition is automatically stayed pending the Court's decision on this Motion.

19    A court has broad discretionary powers to alter the normal timing of discovery given

20 good cause, including to prevent "annoyance, embarrassment, or oppression." Rosemont, supra; see

21 also Poeschl v. Superior Court, 229 Cal. App. 2d 383 (1964). The discovery statutes vest wide

22 discretion in the trial court in granting, denying, or limiting discovery; and the trial court's rulings

23 will not be disturbed on appeal absent a showing that its discretion was abused. Beverly Hills

24 Federal Savings & Loan Assoc. v. Superior Court, 259 Cal. App. 2d 306 (1968).

25    The Supreme Court, in Rosemont v. Superior Court, supra, affirmed the trial court's

26 entry of such an order under circumstances very similar to the instant case. In Rosemont, the parties

27 had agreed that defendant's deposition would be taken on a specific date. Thereafter, the deponent

28 sought an order pursuant to former Code of Civil Procedure section 2031 to require Plaintiff to

14.

LITTLER MENDELSON

EXHIBIT _61_

PAGE _482_

EXHIBIT _10_ PAGE _52_

1    B.    **Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To**

2    **Compel Bryant's Deposition Has Already Been Denied By The Federal Court.**

3    Code of Civil Procedure section 2025(i)(15) provides that the Court "shall impose a

4    monetary sanction under Section 2023 against any party, person or attorney who unsuccessfully

5    makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction

6    acted with substantial justification or that other circumstances make the imposition of the sanction

7    unjust."

8    In the instant case, Mattel has no justification whatsoever for noticing Bryant's

9    deposition, having lost an *ex parte* application for an order compelling his deposition just over a

10   week prior.  Mattel continues to attempt to gain an improper tactical advantage in this litigation by

11   its abuse of the discovery process in failing to fully respond to written discovery and refusing to

12   produce relevant documents in its exclusive possession.  For these reasons, an award of sanctions is

13   appropriate.

14                                          IV.

15                                     CONCLUSION

16   For the foregoing reasons, Bryant respectfully requests that this Court issue an order

17   that discovery should proceed in phases, with written discovery to be completed prior to depositions

18   being conducted.  In the alternative, Bryant requests that the Court stay his deposition until such time

19   as Mattel produces documents responsive to his written discovery, or at least until after his Motion

20   to Compel production of those documents can be heard.

21

22

23

24

25

26

27

28

LITTLER MENDELSON

17.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT ___(e)____

PAGE ____483____

EXHIBIT 10 PAGE 53

1   Dated:  September 3, 2004

2                       ROBERT F. MILLMAN
                          DOUGLAS A. WICKHAM

3                       KEITH A. JACOBY

4

5                       ROBERT F. MILLMAN /
                       LITTLER MENDELSON

6                       A Professional Corporation
                       Attorneys for Defendant

7                       CARTER BRYANT

8

9   Los_Angeles:372822.4 028307.1010

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2000 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

18.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT _6 1_

PAGE _484_

EXHIBIT _10_ PAGE _54_

36

LOS ANGELES SUPERIOR COURT

FILED

OCT 05 2004

JOHN A. CLARKE, CLERK

By _____ DEPUTY

MATTEL, INC., a Delaware Corporation,

    Plaintiff,

v.

CARTER BRYANT, an individual; and DOES
1 through 10, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. BC 314398

TENTATIVE RULING ON (1)
MOTION TO COMPEL DEPOSITION
AND (2) MOTION FOR A PROTECTIVE
ORDER AND ESTABLISH THE
SEQUENCE AND TIMING OF
DISCOVERY

Hearing Date: October 5, 2004
Moving Party: Plaintiff (motion to compel)
and Defendant (motion for protective order)

Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the

"Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from

January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion

doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for

(1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust

Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition;

(2) Rescission; (3) Declaratory Relief; and (4) Fraud.

Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is

entitled to depose Defendant who is a party in this action. Although the federal magistrate judge

denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this

Court is not bound by the federal court's local rules. California law is clear that "[a]ny party

may obtain discovery...by taking in California the oral deposition of any person, including any

party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to

compel.

However, Defendant has filed his motion for a protective order. Defendant is not

contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

EXHIBIT ___61___

PAGE ___485___

EXHIBIT _11_ PAGE _55_

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition. As such, Defendant seeks an order to establish the timing and sequence of the discovery requests. The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control. Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:        October 5, 2004

GREGORY W. ALARCON
SUPERIOR COURT JUDGE

2

EXHIBIT ___61___

PAGE ___486___

EXHIBIT _11_ PAGE _56_

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/05/04 | | | DEPT. 36 |
|---|---|---|---|
| HONORABLE GREGORY W. ALARCON | JUDGE | C. WILSON | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| P. MAPSTEAD, C.A. | Deputy Sheriff | M. DOLZ, CSR #8424 | Reporter |

| 8:30 am | BC314398 | | |
|---|---|---|---|
| | MATTEL INC | Plaintiff Counsel | JOHN B. QUINN (X) |
| | VS | | |
| | CARTER BRYANT | Defendant Counsel | KEITH A. JACOBY (X) |

**NATURE OF PROCEEDINGS:**

MOTION FOR PLAINTIFF MATTEL, INC., TO COMPEL
DEPOSITION OF DEFENDANT AND CROSS CLAIMANT CARTER
BRYANT AND FOR SANCTION IN THE AMOUNT AMOUNT OF
$4,500.00;

MOTION FOR PROTECTIVE ORDER DEFENDANT CARTER BRYANT

CASE MANAGEMENT CONFERENCE

The matter is called for hearing.

Counsel submit on the Court's tentative ruling.  The
Court adopts the tentative and rules as follows:

Plaintiff's motion to compel is granted.

Defendant's motion for a protective order is granted.

Plaintiff is ordered to produce the documents or state
in verified responses that none exists, and after a
diligent search and reasonable inquiry, there are no
such documents in Plaintiff's possession, custody or
control.  Defendant is ordered to be deposed 20 days
after Plaintiff produces the documents.

The Court's ruling is more fully reflected in the
Ruling on 1) Motion to Compel Deposition and 2)
Motion for a Protective Order and Establish the
Sequence and Timing of Discovery, signed and filed

Page  1 of  2     DEPT. 36

MINUTES ENTERED
10/05/04
COUNTY CLERK

EXHIBIT _61_

PAGE _487_

EXHIBIT _11_ PAGE _57_

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/05/04 | | DEPT. 36 |
| HONORABLE GREGORY W. ALARCON | JUDGE  C. WILSON | DEPUTY CLERK |
| HONORABLE #10 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| P. MAPSTEAD, C.A. | Deputy Sheriff  N. DOLZ, CSR #8424 | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC314398 | Plaintiff Counsel | JOHN B. QUINN (X) |
| | MATTEL INC | | |
| | VS | Defendant Counsel | KEITH A. JACOBY (X) |
| | CARTER BRYANT | | |

NATURE OF PROCEEDINGS:

this date, and incorporated by reference herein.

The Case Management Conference is continued to
10/28/04 at 8:30 a.m. in this Department.

Counsel are ordered to complete and submit a long
cause packet to the court.

Notice is deemed waived.

Page    2 of  2    DEPT. 36

MINUTES ENTERED
10/05/04
COUNTY CLERK

EXHIBIT ___6/___

PAGE ___488___

EXHIBIT _11_ PAGE _58_

Oct 21 04 02:51p

P. 1

```
 1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 90378)
 2     Michael T. Zeller (Bar No. 196417)
       Tania Krebs (Bar No. 227281)
 3   865 South Figueroa Street, 10th Floor
     Los Angeles, California 90017-2543
 4   (213) 443-3000 (telephone)
     (213) 443-3100 (facsimile)
 5
     Attorneys for Plaintiff
 6   Mattel, Inc.
 7
 8
 9
10
```

**FILED**
LOS ANGELES SUPERIOR COURT

✗/⋏  OCT 2 0 2004

JOHN A. CLARKE, CLERK
_L Walker_
BY L. WALKER, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

```
11   MATTEL, INC., a Delaware corporation,

12                      Plaintiff,

13          v.

14   CARTER BRYANT, an individual, and
     DOES 1 through 10, inclusive,
15
                       Defendants.
16

17   CARTER BRYANT, on behalf of himself, all
     present and former employees of Mattel, Inc.,
18   and the general public,

19                  Cross-Complainant,

20          v.

21   MATTEL, INC., a Delaware corporation,

22                   Cross-Defendant.

23

24

25

26

27

28
```

CASE NO. BC 314398

▬▬▬▬▬ ORDER GRANTING
MATTEL'S EX PARTE
APPLICATION TO SET
COMPELLED DEPOSITION OF
DEFENDANT AND CROSS-
CLAIMANT CARTER BRYANT FOR
A DATE CERTAIN PURSUANT TO
THE COURT'S ORDER OF
OCTOBER 5, 2004

Judge:   Hon. Gregory Alarcon
Dept:    36
Date Action Filed: April 27, 2004
Trial Date:   None Set

EXHIBIT _____(C/)_____

PAGE _____489_____

EXHIBIT _11_ PAGE _59_

P.2

1    This matter came before the Court on October 19, 2004 for an ex parte
2    order to set for a date certain the previously compelled deposition of Defendant and Cross-
3    Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart
4    Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc. ·The appearance for
5    Defendant is noted on the record.

6    Having considering the papers and after considering the arguments of
7    counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for
8    the issuance of ex parte relief, and hereby GRANTS Mattel's ex parte application.

9    Accordingly, the Court ORDERS and compels Defendant and Cross-
10   Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00
11   a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,
12   Springfield, Missouri 65806.

13

14   IT IS SO ORDERED

15   Date: 10/20/04

16                                    Honorable Judge Gregory Alarcon
                                      Judge of the Superior Court
17

18

19

20

21   Submitted by:   QUINN EMANUEL URQUHART OLIVER & HEDGES

     Attorneys for:   Plaintiff Mattel, Inc.
22

23

24

25

26

27

28
                     EXHIBIT ___6/___         EXHIBIT _II_ PAGE _6C_

                     PAGE ___490___

# EXHIBIT 62

CONFORMED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Plaintiff and Cross-
    Defendant Mattel, Inc.

8

```
FILED
CLERK, U.S. DISTRICT COURT

APR 2 6 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY
```

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13                Plaintiff,               Consolidated with
                                           Case No. CV 04-09059
14                                         Case No. CV 05-02727
        vs.
15                                         **DISCOVERY MATTER**

16  MATTEL, INC., a Delaware              **[To Be Heard By Discovery Master**
    corporation,                          **Hon. Edward Infante (Ret.)]**

17                Defendant.              DECLARATION OF MICHAEL T.
18                                        ZELLER IN SUPPORT OF MATTEL,
                                          INC.'S MOTION TO COMPEL MGA
19  AND CONSOLIDATED ACTIONS              TO PRODUCE WITNESSES FOR
                                          DEPOSITION PURSUANT TO RULE
20                                        30(b)(6) AND FOR SANCTIONS

21                                        Hearing Date: TBA
                                          Time:         TBA
22                                        Place:        TBA

23                                        Discovery cutoff: October 22, 2007
                                          Final Pretrial Conf. Date: January 14,
24                                        2008
                                          Trial Date: February 12, 2008

25
26          **CONFIDENTIAL -- ATTORNEYS' EYES ONLY**

27            **SUBJECT TO PROTECTIVE ORDER**

28

EXHIBIT _62_

PAGE _491_

DECLARATION OF MICHAEL T. ZELLER

1

## DECLARATION OF MICHAEL T. ZELLER

2

3          I, Michael T. Zeller, declare as follows:

4          1.     I am a member of the Bars of the States of California, New York

5   and Illinois, am admitted to practice before this Court and am a partner at Quinn

6   Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-

7   defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand

8   knowledge and, if called and sworn as a witness, I could and would testify

9   competently thereto.

10          2.     Attached as Exhibit 1 is a true and correct copy of the Order

11   granting Mattel's Motion to Compel, dated January 25, 2007.

12          3.     Attached as Exhibit 2 is a true and correct copy of relevant

13   excerpts from Anna Rhee's deposition transcript, dated February 3, 2005, as well as

14   exhibits 201 through 204 to that deposition.

15          4.     Attached as Exhibit 3 is a true and correct copy of relevant

16   excerpts from Carter Bryant' deposition transcript, dated November 4, 2004.

17          5.     Attached as Exhibit 4 is a true and correct copy of my letter to

18   Bryant's counsel, dated February 8, 2005.

19          6.     Attached as Exhibit 5 is a true and correct copy of MGA's

20   Response to Mattel's First Set of Requests for Admission, dated April 27, 2005,

21   which states: "MGA is not presently aware of any 'Prayer Angel' doll head in its

22   possession, custody or control that Anna Rhee painted in June 2000."

23          7.     Attached as Exhibit 6 is a true and correct copy of internal MGA

24   vendor-related materials, consisting of purchase orders and requisition forms. These

25   documents were produced by MGA on January 28, 2005, with Bates Nos.

26   MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

27   MGA000724-28, and MGA000734.

28

EXHIBIT _____ 62

PAGE _____ 492 _____ -2-

DECLARATION OF MICHAEL T. ZELLER

1          8.      MGA produced its ostensible internal MGA vendor-related

2    "Prayer Angels" documents shortly after defendants' counsel unilaterally adjourned

3    Ms. Rhee's deposition.

4          9.      Attached as Exhibit 7 is a true and correct copy of relevant

5    excerpts from Kerri Brode's deposition transcript, dated January 19, 2007.

6          10.     Attached as Exhibit 8 is a true and correct copy of an e-mail

7    from Ms. Brode to Barbara Malcolm of MGA, dated September 15, 2000, Bates No.

8    MGA001291 and referred to as Exhibit 306 at the Brode deposition.

9          11.     Attached as Exhibit 9 is a true and correct copy of an e-mail

10   from Ms. Brode to Barbara Malcolm, dated December 7, 2000, Bates No.

11   MGA002667 and marked as Exhibit 367 to the Brode deposition.

12         12.     Attached as Exhibit 10 is a true and correct copy of a meet-and-

13   confer letter from Mattel to MGA, dated January 19, 2007.

14         13.     Attached as Exhibit 11 is a true and correct copy of a letter from

15   MGA to Mattel, dated January 23, 2007.

16         14.     The parties met and conferred on January 25, 2007. At this meet

17   and confer, MGA refused to withdraw its instructions to Ms. Brode not to answer,

18   and refused to produce Ms. Brode or any other Rule 30(b)(6) witness on Topics 4 or

19   5 (in Mattel's Rule 30(b)(6) Notice of Deposition of MGA, dated March 1, 2005) or

20   to answer any questions "without an order of the Court." Although Mattel requested

21   it, MGA provided no authority to support the instructions not to answer at Ms.

22   Brode's deposition or the constraints that MGA purported to impose on Mattel's

23   questioning at the deposition. At the meet and confer, MGA's counsel also tried to

24   argue that the e-mail that began his instructions not to answer was supposedly from

25   an "irrelevant" time period and supposedly concerned a vendor who "had nothing to

26   do" with any relevant MGA project. However, the MGA-produced e-mail from Ms.

27   Brode that MGA instructed her not to answer any questions on was not only from

28   the year 2000, but also concerned a vendor who worked on "Bratz" -- clearly, a

EXHIBIT _62_

PAGE _493_

DECLARATION OF MICHAEL T. ZELLER

1 "relevant project." Attached as Exhibit 12 are true and correct copies of examples of

2 the documents linking that vendor (*i.e.*, Jesse Ramirez) to the Bratz project.

3        15.    Mr. Larian refused to appear for deposition until after the Court

4 entered two Orders compelling his attendance and had imposed sanctions. True and

5 correct copies of these Court Orders, dated March 23, 2005 and June 16, 2006, are

6 attached hereto as Exhibit 13.

7        16.    Mattel filed a motion to compel production of 30(b)(6) witnesses

8 and overrule instructions not to answer with the Discovery Master on February 2,

9 2007. After Mattel filed its motion, MGA retreated from its position regarding the

10 propriety of instructing Ms. Brode not to answer. As a result the parties were able to

11 reach a stipulated agreement regarding Topics 4 and 5 of Mattel's first Notice of

12 Deposition of MGA. Attached hereto as Exhibit 14 is a true and correct copy of the

13 Stipulated Order Regarding MGA's 30(b)(6) Witness dated February 21, 2007.

14        17.    Attached hereto as Exhibit 15 is a true and correct copy of my e-

15 mail message to Diana Torres, counsel for MGA, dated February 22, 2007.

16        18.    Attached hereto as Exhibit 16 is a true and correct copy of my

17 letter to Yvonne Garcia, counsel for MGA, dated April 3, 2007. As of this writing, I

18 have seen no response from MGA to this letter.

19        19.    Attached hereto as Exhibit 17 is a true and correct copy of

20 Mattel's Second Notice of Deposition of MGA Pursuant to Rule 30(b)(6) dated

21 February 1, 2007.

22        20.    Attached hereto as Exhibit 18 is a true and correct copy of MGA

23 Entertainment, Inc.'s Objections to Mattel, Inc.'s Second Notice of Deposition of

24 MGA Entertainment, Inc. dated February 14, 2007.

25        21.    Attached hereto as Exhibit 19 is a true and correct copy of my

26 letter to Diana Torres, counsel for MGA, dated March 9, 2007.

27        22.    My colleagues Jon Corey and Bridget Morris and I met and

28 conferred with James Jenal and Yvonne Garcia on March 15, 2007 and March 16,

EXHIBIT ____62____ 4

PAGE ____4921____

DECLARATION OF MICHAEL T. ZELLER

1   2007 regarding MGA's failure to produce witnesses on Topics 1-3 and 6-8 of the

2   First Notice and to designate or produce any witnesses in response to the 46 topics

3   in the Second Notice. We reached apparent agreement regarding a significant

4   number of topics, were unable to reach agreement regarding Topic Nos. 24, 26, 28,

5   31, 37, 40 and 41 and only partial agreement with respect to Topic Nos. 23, 27, 42,

6   43, 44 and 45. Mr. Jenal agreed to provide designees and dates with respect to those

7   Topics and portions of Topics on which we reached agreement by March 23, 2007.

8           23.    At the meet and confer, Mr. Jenal represented that he was only

9   aware of one non-privileged indemnity agreement -- the agreement between Bryant

10   and MGA dated as of September 18, 2000. In addition, Mr. Jenal stated that MGA

11   was relying on Cal. Bus. & Prof. Code § 6149 for the proposition that any fee

12   agreement between MGA and Bryant is privileged.

13           24.    With respect to Topic No. 23 of the Second Notice, Mr. Jenal

14   agreed to produce a witness to testify regarding royalties paid to Bryant for any

15   product he worked on while a Mattel employee or royalties for any Bratz product he

16   worked on after October 20, 2000. I explained that this restriction was not

17   acceptable to Mattel.

18           25.    Mr. Jenal claimed at the meet and confer that MGA does not

19   keep revenue and profit information from Bratz, including gross and net profits and

20   costs associated therewith, in the normal course of business, but that MGA would

21   designate a witness on this Topic No. 25 who would testify once the information

22   was compiled. Mr. Jenal also claimed that MGA does not maintain figures

23   regarding its net worth and stated that MGA would not designate a witness on Topic

24   No. 26.

25           26.    With respect to Topic Nos. 38, 40 and 42-46, Mr. Jenal stated

26   that MGA would designate and produce a witness to the extent any of these topics

27   refers to MGA's retention of data and policies regarding retention. However, Mr.

28

EXHIBIT _____62_____

PAGE _____495_____   -5-

DECLARATION OF MICHAEL T. ZELLER

1 | Jenal stated that MGA would not designate a witness to testify to the extent any of
2 | these Topics goes to any Mattel trade secret claim.

3 |      27.    With respect to Topic No. 41, Mr. Jenal represented that no one
4 | at MGA has performed ink testing on documents produced in this case. He thus
5 | claimed that this Topic is the subject only of expert testimony and refused to
6 | produce any witness on the subject.

7 |      28.    Attached hereto as Exhibit 20 is a true and correct copy of
8 | royalty statements produced by Bryant as part of his supplemental production in
9 | response to the Discovery Master's January 25 Order.

10 |      29.    Attached hereto as Exhibit 21 is a true and correct copy of a draft
11 | contract produced by Bryant as part of his supplemental production in response to
12 | the Discovery Master's January 25 Order.

13 |      30.    Attached hereto as Exhibit 22 is a true and correct copy of
14 | excerpts from MGA's Responses to Mattel's First Set of Requests for Production.

15 |      31.    Attached hereto as Exhibit 23 is a true and correct copy of MGA
16 | filings with the U.S. Copyright Office.

17 |      32.    Attached hereto as Exhibit 24 is a true and correct copy of the
18 | Discovery Master's Order Granting Mattel's Motion to Overrule Instructions Not To
19 | Answer During the Deposition of Carter Bryant.

20 |      33.    Attached hereto as Exhibit 25 is a true and correct copy of
21 | MGA's Amended and Supplemental Rule 26(a) Disclosures, dated May 16, 2005.

22 |      34.    Attached hereto as Exhibit 26 are true and correct copies of
23 | excerpts from the Court's Order Denying Appointment of Expert Witness dated
24 | August 11, 2007.

25 |      35.    Mattel has produced to defendants documents containing trade
26 | secrets on which Mattel has sued in this case and that it is aware MGA
27 | misappropriated based on its current knowledge and identified them by Bates

28 |

EXHIBIT _____62_____

PAGE _____496_____ -6-

1  number to MGA in a letter dated March 2, 2007, a true and correct copy of which is
2  attached hereto as Exhibit 27 .

3       36.    My colleague, Ms. Morris, and I met with Ms. Torres and Ms.
4  Garcia on April 13, 2007 regarding MGA's unilateral cancellation of Paula Garcia's
5  deposition in her individual capacity, originally scheduled for April 12, 2007.  At
6  that meet and confer, Ms. Torres represented that she would provide me designees
7  and dates for Mattel's Second Notice by the close of business on April 13, 2007.

8       37.    Attached hereto as Exhibit 28 is a true and correct copy of Ms.
9  Torres' letter to me dated April 13, 2007.  Attached hereto as Exhibit 29 is a true and
10  correct copy of my letter in response dated April 13, 2007.

11       38.    Attached hereto as Exhibits 30 and 31 are a true and correct
12  copies of the affidavit of Isaac Larian and the affirmation of Lee Shiu Cheung and
13  Exhibit LSC-3 to the affirmation.  The affidavit is dated July 2, 2002 and the
14  affirmation is dated June 18, 2002.  Both were submitted in <u>ABC Int'l Traders, Inc.</u>
15  <u>v. Toys & Trends (HK) Ltd. et al</u> before the High Court of the Hong Kong Special
16  Administrative Region.  Mattel obtained these exhibits from a third party and it has
17  never been produced by MGA.

18       39.    Mattel has incurred attorneys' fees and costs in excess of
19  $4,495.00 in bringing this motion.  I spent more than 3 hours of time preparing the
20  motion, for a total of more than $2,175.00 at my billing rate of $725.00 per hour.
21  Bridget Morris, a Quinn Emanuel associate, also was involved in preparing this
22  motion.  Mr. Morris spent more than 8 hours of her time researching and preparing
23  this motion, for a total of more than $2,320 at her billing rate of $290.00 per hour.

24       I declare under penalty of perjury under the laws of the United States of
25  America that the foregoing is true and correct.

26       Executed on April 13, 2007, at Los Angeles, California.

27

28
                                                       Michael T. Zeller

EXHIBIT  _6 2_

PAGE  _497_                     DECLARATION OF MICHAEL T. ZELLER

-7-

**quinn emanuel trial lawyers | los angeles**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

April 3, 2007

**BY FACSIMILE AND U.S. MAIL**

Yvonne Garcia, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899

Re: Mattel v. Bryant

Dear Yvonne:

Thank you for your letter of Friday evening, March 30, 2007.

Your letter asserts that MGA needs "confirmation from Mattel on several issues" before MGA can do anything to comply with its obligations under the Notice. What your letter purports to identify, however, relates to five Topics in the Notice. That does not explain why MGA has not identified any Rule 30(b)(6) witness for the second Notice or proposed a single deposition date, including as to Topics that MGA stated in its response to the Notice that it would produce witnesses on almost two months ago.

Nor does your letter correctly recite, including as to these five Topics, the meet and confer on MGA's failure to designate any Rule 30(b)(6) witness for any of the Topics set forth in Mattel's second Notice or provide any proposed dates for their depositions. Questions I had said at the meet and confer that Mattel would consider did not concern, and were not stated by MGA to concern, the designation of witnesses or the provision of proposed dates, but rather only to assist MGA in "preparing" its designees to testify at the appropriate juncture after they were identified and scheduled to be deposed. Indeed, at the conclusion of the meet and confer on March 15 and March 16, I asked specifically when MGA would be identifying its designees and proposed dates for their depositions, and MGA promised that it would do so by the end of the following week. MGA did not abide by that representation. I presume from the positions taken in your letter that no such information will be forthcoming from MGA within a reasonable time frame.

EXHIBIT _62_

PAGE _498_

**quinn emanuel urquhart oliver & hedges, llp**

EXHIBIT 14 PAGE 258

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Although your letter is correct that Mattel will be taking the deposition of Paula Garcia in her
individual capacity on April 12, 2007 as offered by Diana Torres and as she has been noticed,
your letter is not clear to me about the status of MGA's designation and production of
representative(s) to testify on the remaining subjects of Mattel's first Notice. MGA appears to be
stating that it intends to designate a witness other than Paula Garcia to testify as a <u>Rule</u> 30(b)(6)
representative on those remaining Topics. Yet, your letter does not identify any such other
designee(s) nor offer dates. In fact, your letter does not state when we can expect to receive that
information. These omissions are particularly troubling given that MGA suggested weeks ago
that it was considering providing another designee in Ms. Garcia's stead on the first Notice.

MGA is leaving us with no alternative but to file a motion on both Notices. Should we not
immediately receive witness designations with at least some proposed dates in April for their
depositions on the Topics that MGA said either in its response or at the meet and confer it would
produce witnesses to testify about, we will seek relief from the Discovery Master to compel the
production of such witnesses, in addition to our motion on the disputes that already exist on the
Topics for which MGA stated at the meet and confer it would not designate any witness.

Very truly yours,

*Michael T. Zeller*

Michael T. Zeller

2

EXHIBIT _____ *62* _____

PAGE _____ *499* _____

EXHIBIT *16* PAGE *259*

# EXHIBIT 63

36

*FILED*
LOS ANGELES SUPERIOR COURT
OCT 05 2004
JOHN A. CLARKE, CLERK
By _____ , Deputy

| | | |
|---|---|---|
| MATTEL, INC., a Delaware Corporation, | ) | CASE NO. BC 314398 |
| | ) | |
| Plaintiff, | ) | TENTATIVE RULING ON (1) |
| | ) | MOTION TO COMPEL DEPOSITION |
| v. | ) | AND (2) MOTION FOR A PROTECTIVE |
| | ) | ORDER AND ESTABLISH THE |
| CARTER BRYANT, an individual; and DOES | ) | SEQUENCE AND TIMING OF |
| 1 through 10, inclusive, | ) | DISCOVERY |
| | ) | |
| Defendants. | ) | Hearing Date:  October 5, 2004 |
| | ) | Moving Party:  Plaintiff (motion to compel) |
| | ) | and Defendant (motion for protective order) |

Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the "Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud.

Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is entitled to depose Defendant who is a party in this action. Although the federal magistrate judge denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this Court is not bound by the federal court's local rules. California law is clear that "[a]ny party may obtain discovery...by taking in California the oral deposition of any person, including any party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to compel.

However, Defendant has filed his motion for a protective order. Defendant is not contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

EXHIBIT _63_

PAGE _500_

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition.  As such, Defendant seeks an order to establish the timing and sequence of the discovery requests.  The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control.  Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:       October 5, 2004

GREGORY W. ALARCON
SUPERIOR COURT JUDGE

2

EXHIBIT _____63_____

PAGE _____501_____

# EXHIBIT 64

Oct 21 04 02:51p

P-1

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
2 | Michael T. Zeller (Bar No. 196417)
Tania Krebs (Bar No. 227281)
3 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
4 | (213) 443-3000 (telephone)
(213) 443-3100 (facsimile)
5 |
Attorneys for Plaintiff
6 | Mattel, Inc.

**FILED**

LOS ANGELES SUPERIOR COURT

ɣ⋏ OCT 2 0 2004

JOHN A. CLARKE, CLERK

BY L. WALKER, DEPUTY

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10 |

11 | MATTEL, INC., a Delaware corporation,      )   CASE NO. BC 314398

12 |                    Plaintiff,               )

13 |          v.                                 )   ORDER GRANTING
MATTEL'S EX PARTE
                                                    APPLICATION TO SET
14 | CARTER BRYANT, an individual, and           )   COMPELLED DEPOSITION OF
DOES 1 through 10, inclusive,                       DEFENDANT AND CROSS-
15 |                                             )   CLAIMANT CARTER BRYANT FOR
                     Defendants.                     A DATE CERTAIN PURSUANT TO
16 |                                             )   THE COURT'S ORDER OF
                                                    OCTOBER 5, 2004
17 | CARTER BRYANT, on behalf of himself, all    )
present and former employees of Mattel, Inc.,
18 | and the general public,                     )   Judge:   Hon. Gregory Alarcon
                                                    Dept:    36
19 |                    Cross-Complainant,       )   Date Action Filed: April 27, 2004
                                                    Trial Date:   None Set
20 |          v.                                 )

21 | MATTEL, INC., a Delaware corporation,       )

22 |                    Cross-Defendant.          )

23 |

24 |

25 |

26 |

27 |     EXHIBIT ___64___

28 |     PAGE ___502___

1        This matter came before the Court on October 19, 2004 for an ex parte

2  order to set for a date certain the previously compelled deposition of Defendant and Cross-

3  Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart

4  Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc.  The appearance for

5  Defendant is noted on the record.

6        Having considering the papers and after considering the arguments of

7  counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for

8  the issuance of ex parte relief, and hereby GRANTS Mattel's ex parte application.

9        Accordingly, the Court ORDERS and compels Defendant and Cross-

10  Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00

11  a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,

12  Springfield, Missouri 65806.

13

14  IT IS SO ORDERED

15  Date: **10/20/04**

16                               Honorable Judge Gregory Alarcon

17                               Judge of the Superior Court

18

19

20

21  Submitted by:  QUINN EMANUEL URQUHART OLIVER & HEDGES

     Attorneys for:  Plaintiff Mattel, Inc.

22

23

24

25

26

27               EXHIBIT _64_

28               PAGE _503_

1
## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4  On April 4, 2008, I served true copies of the following document(s) described as  **[PUBLIC
REDACTED] DECLARATION OF CYRUS S. NAIM IN SUPPORT OF MATTEL, INC.'S**
5  ***EX PARTE* APPLICATION (1) TO COMPEL DEPOSITIONS OF ANA CABRERA AND
BEATRIZ MORALES; AND (2) FOR GUIDANCE AS TO EVIDENCE RECEIVED**
6  **FROM ANA CABRERA** on the parties in this action as follows:

7        Maria Diaz
        **Allred, Maroko & Goldberg**
8        6300 Wilshire Blvd. Suite 1500
        Los Angeles, CA 90048
9

10

11

12  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
being served.
13
        I declare that I am employed in the office of a member of the bar of this Court at whose
14  direction the service was made.

15        Executed on April 4, 2008, at Los Angeles, California.

16

17        _____
18        NOW LEGAL -- Dave Quintana

19

20

21

22

23

24

25

26

27

28

07209/2372990.1