THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA DEFENDANTS AND CARTER BRYANT'S JOINT OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING DEFENDANTS TO MEET AND CONFER IN GOOD FAITH REGARDING THE PARTIES' EXHIBIT LIST OR, IN THE ALTERNATIVE, FOR AN ORDER STRIKING DEFENDANTS' EXHIBIT LIST<br><br>[Declaration of Lance A. Etcheverry filed concurrently herewith]<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

MGA AND CARTER BRYANT'S JOINT OPP. TO MATTEL'S *EX PARTE* APPLICATION RE: EXHIBIT LISTS
Case No. CV 04-9049 SGL (RNBx)

## PRELIMINARY STATEMENT

MGA's and Bryant's *Ex Parte* Application (the "*Ex Parte* Application") established that Mattel failed to satisfy its obligations under Federal Rules of Civil Procedure 16 and 26 to prepare a list of exhibits that it, in "good faith," could foresee using at trial. Indeed, rather than acting in "good faith," as the Rules require, Mattel submitted a list of *21,838 trial exhibits* (consisting of well in excess of 300,000 pages) – a significant number of which have nothing to do with Carter Bryant, Bratz or the issues to be tried in Phase I of this case (the "Mattel List"). The Mattel List, instead, smacks of a tactical ploy designed either to hide the documents on which Mattel intends to rely at trial and/or bury MGA and Bryant in paper and force them to waste resources reviewing and preparing objections to the virtual mountain of documents. Based on Mattel's misconduct, MGA and Bryant requested that the Court require Mattel to engage in the "good faith" exercise mandated by the Rules and provide MGA and Bryant with a meaningful list of the exhibits it could foresee using at trial.

Mattel cannot seriously argue that its list of 21,000+ exhibits reflects a "good faith" exercise. Thus, rather than attempting to defend its own list, Mattel seeks to distract the Court by taking issue with MGA's and Carter Bryant's joint exhibit list (the "MGA/Bryant List"), which contains just over 3,000 entries (1/7th the number of entries on the Mattel List). According to Mattel's flawed logic, the parties' lists are comparable in size because the MGA/Bryant List contains a handful of "categorical entries" – that is, single exhibit entries that refer to multiple documents. What Mattel ignores, of course, is that its Exhibit List contains the *very same* sorts of "categorical entries," *in addition to the 21,000+ specific entries.*

Moreover, Mattel asserts that MGA and Bryant should be ordered to meet and confer regarding *all* 21,000+ entries on Mattel's List before seeking relief from the Court. This argument defies logic. As MGA and Bryant informed Mattel during the

parties' April 3, 2008 meet-and-confer, it would be virtually impossible for MGA and Bryant to review each of the 21,000+ exhibits and then engage in protracted meet-and-confer sessions in the mere hope that Mattel would change course and provide a "reasonable" exhibit list in advance of the April 14, 2008 deadline for exchanging specific objections to the parties' exhibits. MGA and Bryant could ill-afford to be in this position and, thus, were left no choice but to seek the immediate intervention of the Court.[1]

## ARGUMENT

### I. MATTEL'S 21,000+ ENTRY EXHIBIT LIST SUFFERS FROM THE SAME ALLEGED DEFECTS THAT FORM THE SOLE BASIS OF MATTEL'S COMPLAINT ABOUT THE MGA/BRYANT LIST.

In a thinly-veiled attempt to deflect attention from the issue at hand – *i.e.*, Mattel's failure to exchange an exhibit list in "good faith" – Mattel has cross-moved to strike the MGA/Bryant List. According to Mattel, MGA's and Bryant's 3,106 exhibits are *comparable* to Mattel's 21,000+ exhibits because the MGA/Bryant List: (i) uses "categorical entries"; and (ii) supposedly lumps documents together that should be listed as separate exhibits. (Opp. at 7-8.) *Neither* assertion has merit.

Mattel's attack on MGA's and Bryant's use of so-called "categorical entries" is disingenuous at best. Indeed, Mattel's brief conveniently fails to mention that its Exhibit List not only includes 21,000+ specific entries, but also includes very broad "categorical entries," examples of which include:

- "3D scan files and photographs of molds and other tangible items produced for inspection and imaging in Hong Kong and Shenzhen, China" (Exh. A-20582);

- "Original ESDA lifts performed by Lloyd Cunningham" (Exh. A-20583);

---

[1] Not wanting the Court to understand the patent shortcomings of its position, Mattel refused to provide with its *ex parte* papers a letter that MGA and Bryant prepared, which addressed and refuted each of Mattel's arguments – despite MGA's and Bryant's specific request that Mattel do so. (Declaration of Lance A. Etcheverry ("Etch. Decl."), ¶ 8.)

- "Other MGA Litigation: Integrity Toys v. ABC International Traders" (Exh. A-05027);

- "Examination photographs of tangible objects of Carter Bryant, MGA Entertainment and third parties that were scanned by Frank Keiser" (Exh. A-20540);

- "Tangible Objects of Carter Bryant, MGA Entertainment and third parties that were scanned by Frank Keiser" (Exh. A-20542);

- "Bratz dolls marketed and released to the public by MGA" (Exh. A-20543);

- "Bratz products other than dolls marketed and released to the public by MGA" (Exh. A-20544);

- "Bratz products released to the public by licensees" (Exh. A-20545);

- "Original versions of drawings produced in this action" (Exh. A-20546);

- "Photographs of Tangible Items Made Available for Inspection in this Action" (Exh. A-20547);

- "Items Produced by MGA for inspection and imaging in Hong Kong and Shenzhen, China" (Exh. A-20548);

- "Photographs of Items Produced by MGA for inspection and imaging in Hong Kong and Shenzhen, China" (Exh. A-20549); and

- "Photographs that were produced by MGA of the molds and other tangible items available for inspection in Hong Kong and Shenzhen, China" (Exh. A-20550).

Having relied itself on sweeping and non-specific "categorical entries," Mattel is in *no* position to argue that the parties' lists would be of equal length if the MGA/Bryant List included no categorical descriptions.

As a further unwarranted criticism, Mattel accuses MGA and Bryant of having manufactured a shorter list by lumping *unrelated* documents together as single exhibit entries. (Opp. at 8.) Specifically, Mattel takes issue with five exhibits – Exhibits 394, 3186, 3207, 3237, and 3308. Each of these exhibits, however, contains *related* documents and was properly identified on the MGA/Bryant List:

- ***Exhibit 394.*** Mattel challenges Exhibit 394 on the MGA/Bryant List, which it claims consists of 1,064 pages of sketches. (Opp. at 8.) As MGA and Bryant explained to Mattel prior to the filing of their *Ex Parte* Application, Exhibit 394 corresponds to deposition exhibit 1329, a *16-page* compilation that was introduced by Mattel at deposition and is also listed on the Mattel List. (Etch. Decl. ¶ 8.) Mattel's continued insistence that this exhibit consists of 1,064 pages is frivolous.

- ***Exhibits 3186, 3207, 3237, and 3308.*** Mattel also protests that MGA and Bryant inappropriately lumped hundreds of separate documents into single exhibit entries 3186, 3207, 3237, and 3308. (Opp. at 8.) This argument ignores that MGA and Bryant have listed these exhibits in the precise manner in which they were produced – as single, multi-page documents. Failure to have done so would have opened the door for Mattel to object to the separately-marked documents on completeness grounds. *(See* Federal Rules of Civil Procedure 106 ("An adverse party may require the introduction . . . of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.").)[2]

Despite its strident efforts to deflect attention from the fatal shortcomings of its own Exhibit List, Mattel cannot escape the fact that its Exhibit List contains *seven times* the number of entries on the MGA/Bryant List and refers to at least *six* times the number of pages of documents. Nor can Mattel ignore that, unlike the MGA/Bryant List, its List is rife with patently irrelevant material. Put simply, the parties' exhibit lists are *not* comparable.

---

[2] Ironically, unlike the MGA/Bryant List, the Mattel List *does* include entries that cover multiple, unrelated documents. For example, Ex. A-12220 on the Mattel List consists of 72 documents (653 pages) of *unrelated* information. (Etch. Decl. ¶ 3.)

## II. MATTEL SHOULD BE REQUIRED TO REVISE ITS EXHIBIT LIST BEFORE ANY ADDITIONAL MEET-AND-CONFER SESSIONS TAKE PLACE.

Mattel also asserts that MGA and Bryant should be ordered to meet and confer to address the propriety of all 21,000+ entries on Mattel's Exhibit List. (Opp. at 10.) As counsel for MGA and Bryant told Mattel's counsel repeatedly during the parties' meet-and-confer, this argument is devoid of merit. (Etch. ¶¶ 4,5.) MGA and Bryant brought their *Ex Parte* Application precisely because it would be unduly burdensome and unreasonable to force MGA and Bryant to cull through Mattel's 21,000+ exhibit and prepare objections on an exhibit-by-exhibit basis. Yet, MGA's and Bryant's failure to have completed this Herculean undertaking *a mere three days after the parties' April 1 exchange of exhibit lists* forms the basis for Mattel's claim that MGA and Bryant allegedly failed to meet and confer in "good faith." (Opp. at 3.)

The simple truth is that with the deadline for the parties to exchange objections to their respective exhibit lists on April 14, MGA and Bryant could ill-afford to engage in protracted meet-and-confer sessions in the mere hope that Mattel would change course and proceed in the "good faith" manner required by the applicable Rules – the *only* circumstance under which MGA and Bryant would not have to review each of the 21,000+ exhibits and formulate appropriate objections. (Etch. Decl. ¶¶ 4,5.) Thus, when during the April 3 meet-and-confer, counsel for Mattel flatly rejected MGA's and Bryant's proposal that Mattel provide a "good faith" exhibit list within 24 hours (which would, in effect, be a three-day extension from the April 1 exchange date), MGA and Bryant were left no choice but to raise the issue immediately with the Court.

## CONCLUSION

For the foregoing reasons and those contained in their *Ex Parte* Application, MGA and Bryant respectfully request an order denying Mattel's cross-motion and granting the relief requested in their *Ex Parte* Application.

DATED: April 6, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan
Attorneys for the MGA Parties


KEKER & VAN NEST

By: _____
Matthew Werdegar
Attorneys for Carter Bryant