THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>DECLARATION OF LANCE A. ETCHEVERRY IN SUPPORT OF MGA DEFENDANTS AND CARTER BRYANT'S JOINT OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING DEFENDANTS TO MEET AND CONFER IN GOOD FAITH REGARDING THE PARTIES' EXHIBIT LIST OR, IN THE ALTERNATIVE, FOR AN ORDER STRIKING DEFENDANTS' EXHIBIT LIST<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

I, Lance A. Etcheverry, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Defendants") in the above-captioned matter. I submit this Declaration in Support of the MGA Defendants and Carter Bryant's Joint Opposition To Mattel's *Ex Parte* Application For An Order Compelling Defendants To Meet And Confer In Good Faith Regarding The Parties' Exhibit List Or, In The Alternative, For An Order Striking Defendant's Exhibit List. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. I participated in and supervised the preparation of MGA's and Carter Bryant's Joint Exhibit List, which consists of 3,106 entries. Counsel spent considerable time preparing the MGA/Bryant Exhibit List to ensure it included only those documents that they, in good faith, foresee potentially using at trial.

3. I am now participating in and overseeing MGA's review of the 21,838 trial exhibits on Mattel Inc.'s Disclosure of Trial Exhibits (the "Mattel Exhibit List"). I am unable to detect how certain documents on Mattel's Exhibit List are relevant to the parties' dispute. Attached as **Exhibits 1-4** are true and correct copies of, respectively, Mattel Exhibits A-16754, A-16755, A-00302, and A-00286. These exhibits, along with those submitted by MGA and Mr. Bryant in their Joint *Ex Parte* Application, appear to bear no relationship to the parties' dispute. Of course, we have reviewed only a small fraction of the 21,000+ entries on the Mattel Exhibit List and expect that it contains many more irrelevant documents. The Mattel List also appears to include single exhibit entries that correspond to multiple, unrelated

documents. For example, Ex. A-12220 on the Mattel Exhibit List consists of 72 largely unrelated documents (comprising 653 pages).

4. Counsel for the parties met and conferred on April 3, 2008 regarding the relief requested in MGA and Bryant's *Ex Parte* Application for an Order Striking Mattel's Exhibit List. During the parties' meet-and-confer, I voiced MGA's concern that Mattel's Exhibit List was not prepared with the good-faith required by local and federal rules. I explained that the sheer volume of the entries on the Mattel Exhibit List (21,838 exhibits, with references to well over 300,000 pages of material) signaled that Mattel failed to prepare its exhibit list with the forethought and good-faith required by the Rules. I also noted that, based on our review of certain entries, the Mattel Exhibit List appeared to list irrelevant documents as exhibits.

5. During the meet-and-confer, I offered Mattel the opportunity to revise its Exhibit List in accordance with the Rules by the close of business the next day, April 4, 2008. Mattel refused. MGA needed to move forward expeditiously, as the parties currently are required to exchange specific objections to each exhibit by April 14, 2008. Accordingly, MGA and Carter Bryant filed their *Ex Parte* Application to strike Mattel's Exhibit List.

6. On April 3, 2008, at 11:12 p.m., Mattel's counsel sent to my attention a letter advising MGA and Mr. Bryant that Mattel would be moving *ex parte* to compel an additional meet-and-confer or, in the alternative, strike the MGA/Bryant Exhibit List.

7. In that letter, Mattel's counsel suggested that I indicated that the MGA/Bryant Exhibit List includes only the documents MGA and Bryant definitely will use at trial. That is not the case. During the parties' meet and confer, Mattel's counsel asked whether the MGA/Bryant Exhibit List was intended to include both those exhibits that MGA and Mr. Bryant "may" and "will" use at trial. I responded that the MGA/Bryant List complies with all applicable federal and local rules,

ETCHEVERRY DECLARATION IN SUPPORT OF MGA AND CARTER BRYANT'S JOINT OPP. TO MATTEL'S
*EX PARTE* APPLICATION RE: EXHIBIT LISTS
Case No. CV 04-9049 SGL (RNBx)
2

including Rule 26, in that it identifies the exhibits that MGA and Bryant could in "good faith" foresee introducing at trial (which, by definition, captures exhibits that "will" and "may" be used at trial).

8. The next day, I sent a letter responding to Mattel's April 3, 2008 letter. In that letter, I corrected several inaccurate assertions by Mattel regarding the MGA/Bryant Exhibit List. I noted, among other things, that MGA/Bryant Exhibit 394 is not a 1,064 page compilation of sketches, as Mattel claims. Rather, as clearly stated in the MGA/Bryant Exhibit List, Exhibit 394 corresponds to Deposition Exhibit 1329, a 16-page compilation that was introduced by Mattel at deposition and is also listed on the Mattel Exhibit List. I further stated that "MGA and Mr. Bryant would respectfully request that [my April 3] letter accompany Mattel's submission to the Court." Mattel did not respond to my letter and it failed to submit my letter as an attachment to its *Cross-Ex Parte Application*. Attached as **Exhibit 5** is a true and correct copy of my April 4 letter, which was sent to Mattel's counsel well before Mattel filed its *Cross-Ex Parte Application*.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 6, 2008, at Los Angeles, California.

_____
Lance A. Etcheverry

# Exhibit 1

# Evaluation Attachment

**Toy Number: 24998**
**Toy Name: FAO MANNS HOLLYWOOD BLK.**
**S. S. R. #: 0038/00**
**Plant: MHK**
**Today's Date: 1-14-00**
**Evaluation by: Susanne briant**

**ROOTING ACCEPTABLE.**

**GROOMING NOT ACCEPTABLE:** Brush through the hair more. After brushing **don't make the curl from the base** just the ends. See styling instruction #1 for change in the spec.

Please resubmitt 5 more samples.

Thank You,
Susanne

CONFIDENTIAL - ATTORNEYS EYES ONLY    Exhibit  1 , P. 4         M 0048950

# Evaluation Attachment

**Toy Number: 24998**
**Toy Name: FAO MANNS HOLLYWOOD BLK.**
**S. S. R. #:**
**Plant: MHK**
**Today's Date: 1-14-00**
**Evaluation by: Susanne briant**

**ROOTING ACCEPTABLE.**

**GROOMING NOT ACCEPTABLE:** Brush through the hair more. After brushing **don't make the curl from the base** just the ends. See styling instruction #1 for change in the spec.

Please resubmitt 5 more samples.

Thank You,
Susanne

**CONFIDENTIAL - ATTORNEYS EYES ONLY** Exhibit _1_, P. _5_       M 0048951

# Exhibit 2

# Evaluation Attachment

**Toy Number: 24636**
**Toy Name: FAO Mann's Hollywood**
**S. S. R. #: 2973/99**
**Plant: MHK**
**Today's Date: 1-7-00**
**Evaluation by: Susanne Briant**

**ROOTING ACCEPTABLE.**

**GROOMING NOT ACCEPTABLE:** Brush through the hair more. After brushing **don't make the curl from the base** just the ends. See styling instruction #1 for change in the spec.

Please resubmit 5 more samples

Thank You,
Susanne Briant

Exhibit 2, P. 6

**CONFIDENTIAL - ATTORNEYS EYES ONLY**

M 0048969

# Exhibit 3



Exhibit 5, P. 7

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0051738

# Exhibit 4



Exhibit 4, P. 8

**CONFIDENTIAL - ATTORNEYS EYES ONLY**

M 0051739

# Exhibit 5

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5432
DIRECT FAX
(213) 621-5432
EMAIL ADDRESS
LETCHEVE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 4, 2008

**VIA FACSIMILE & E-MAIL**

James Webster
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: *Mattel v. Bryant*

Dear Mr. Webster:

We write in response to your letter, dated April 3, 2008, which we received after 11 p.m. last night. In an apparent effort to deflect attention away from Mattel's patently inappropriate 21,000+ exhibit list, which exceeds 1,300 pages in length, lists more than 300,000 pages of exhibits, and bears *none* of the hallmarks of "good faith" mandated by the applicable federal and local rules, your letter seeks to take issue with MGA's and Carter Bryant's joint exhibit list (which, by contrast, includes just over 3,000 exhibits). As we indicated during yesterday's meet-and-confer, the MGA/Bryant exhibit list represents the culmination of a great deal of thought and effort, all designed to reduce the scope and number of designated exhibits in accordance with the applicable rules. Although we are certainly willing to discuss any particular concerns that Mattel may have with the MGA/Bryant exhibit list, we stand prepared to defend the sufficiency of the list before the Court, should the need arise.

While pointless to address each of the mischaracterizations in your letter of the parties' meet-and-confer efforts and the state of the record, several points merit attention. As an initial matter, Mattel's attempt to attack the MGA/Bryant exhibit list under Federal Rule of Civil Procedure 26(a)(3)(A)(iii) for purportedly not including documents that "may [be] offered[ed] if the need arises" is baseless. As we assured you repeatedly during yesterday's meet-and-confer, the MGA/Bryant exhibit list complies with *all* applicable federal and local rules, including Rule 26, in that it represents the exhibits that MGA and Mr. Bryant could in "good faith" foresee

Exhibit 5, P. 9

James Webster
April 4, 2008
Page 2

introducing at trial (which, by definition, covers exhibits that "will" and "may" be introduced).

By contrast, Mattel's exhibit list complies with *none* of the applicable rules – no matter how broadly one might interpret them – as there was no apparent restraint, much less "good faith," exercised during its compilation. Putting aside the vast number of exhibits, which in itself demonstrates its overbreadth, a cursory review of just a fraction of the exhibits reveals that the list is rife with irrelevant material including, *inter alia*: (i) exhibits consisting solely of gibberish (*i.e.*, numbers, symbols, and random words); (ii) illegible charts and graphs; (iii) irrelevant materials related to a Susanne Briant (whose name was apparently captured by a "word search" for possible misspellings of Mr. Bryant's last name); (iv) documents pertaining to the development of non-Bratz products in 2007; and (v) countless numbers of duplicate documents. Mattel's inclusion of this obviously irrelevant material belies your letter's claim of "good faith."

Your letter's suggestion that MGA's and Bryant's use of "categorical descriptions" of exhibits causes its exhibit list to be "deceptive in its length" is also curious, given your concession that Mattel's exhibit list suffers from precisely the same alleged defect. Indeed, Mattel's exhibit list contains numerous general descriptions of exhibits including, among others:

- A-05027 – "Other MGA Litigation: Integrity Toys v. ABC International Traders"
- A-20543 – "Bratz dolls marketed and released to the public by MGA"
- A-20544 – "Bratz products other than dolls marketed and released to the public by MGA"
- A-20545 – "Bratz products released to the public by licensees"
- A-20546 – "Original versions of drawings produced in this action"
- A-20548 – "Items produced by MGA for inspection and imaging in Hong Kong and Shenzhen, China"

By way of further example, we called to your attention Mattel Exhibit A-12220, which consists of 653 pages and includes 72 separate, unrelated documents. By Mattel's own logic, therefore, these "categorical descriptions" served to "artificially lower" the scope of Mattel's already-overinflated exhibit list.

In a similar vein, your assertion that the MGA/Bryant exhibit list encompasses in excess of 10,000 exhibits is pure conjecture. When asked during the meet-and-confer to substantiate this position, your colleague pointed to the entry in the MGA/Bryant exhibit list that refers to Boxes 12, 14 and 15 of early drawings by Mr. Bryant, as evidencing approximately 7,500 pages of documents and potentially thousands of exhibits. As counsel for Mr. Bryant indicated, however, this entry refers to documents that Mattel inspected during the course of this litigation and that

Exhibit 5, P. 10

James Webster
April 4, 2008
Page 3

Mattel subpoenaed to be produced at trial. A far cry from 7,500 pages, these boxes contain at best a few hundred pages of documents. Your suggestion that the entry in the MGA/Bryant exhibit list for M0000125-1171 consists of "1,047 sketches" is equally flawed. As the exhibit list makes clear, this entry refers to Deposition Exhibit 1329, which Mattel marked at deposition and included on its own exhibit list. Rather than "1,047 sketches," this exhibit is actually only *sixteen* pages in length.

Finally, I would be remiss if I didn't address your letter's numerous accusations that MGA and Mr. Bryant failed to act in "good faith" in seeking the intervention of the Court in this matter. As you are aware, my colleague Robert Herrington sent a letter to your firm on Wednesday morning advising Mattel of MGA's intention to seek *ex parte* relief from the Court. Mr. Herrington heard nothing in response until yesterday, the date of the proposed filing, when Mattel requested a meet-and-confer to discuss this matter. As we stressed during the meet-and-confer, the deadline for the parties to exchange objections to each other's exhibit lists is April 14 (two weeks after the exchange of exhibit lists on April 1). Given the enormity of the effort required to review each of Mattel's 21,000+ exhibits for objections in this tight timeframe, MGA and Mr. Bryant could ill-afford to engage in protracted meet-and-confer sessions in the mere hope that Mattel would change course and proceed in the "good faith" manner required by the applicable rules. When you flatly rejected MGA's and Mr. Bryant's proposal that Mattel stipulate to providing a reasonable exhibit list within 24 hours (in effect a three-day extension from the April 1 exchange date), MGA and Mr. Bryant were left no choice but to raise the issue immediately with the Court.

MGA and Mr. Bryant would respectfully request that this letter accompany Mattel's submission to the Court. Please be advised that MGA and Mr. Bryant will oppose any request by Mattel that the MGA/Bryant exhibit list be stricken.

Sincerely,

Lance A. Etcheverry

cc: Matthew Werdegar

Exhibit 5, P. 11