THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED,
MGAE DE MEXICO, S.R.L. DE C.V., AND ISAAC LARIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with Case No. 04-9059 and Case No. 05-2727 <br><br> **DISCOVERY MATTER** <br><br> **[To be heard by Discovery Master Hon. Edward Infante (Ret.)]** <br><br> **REPLY IN SUPPORT OF MGA'S MOTION TO QUASH LARRY MCFARLAND'S DEPOSITION SUBPOENA OR FOR PROTECTIVE ORDER** <br><br> Date: TBD <br> Time: TBD <br> Place: JAMS <br><br> **Phase 1** <br> Discovery Cut-Off: January 28, 2008 <br> Pre-Trial Conference: May 5, 2008 <br> Trial Date: May 27, 2008 |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................... 1

II. ARGUMENT .................................................................................................. 2

   A. *Shelton* Applies Because Mr. McFarland Has Served As MGA's Counsel In This And Other Cases ................................. 2

   B. Mattel Fails To Satisfy The *Shelton* Test ...................................... 4

      1. Other Means Exist For Mattel To Obtain The Information ........................................................................... 4

      2. Mr. McFarland Does Not Possess Any Non-Privileged Information That Is Essential To Mattel's Preparation Of This Case ................................................................................... 5

   C. MGA Has Standing To Bring This Motion ................................... 8

III. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.*,
144 F.R.D. 372 (N.D. Cal. 1992) ............................................................... 7

*In re Ashworth, Inc. Secs. Litig.*,
No. 99-CV-121, 2002 WL 33009225 (S.D. Cal. May 11, 2002) .............. 9

*Boughton v. Cotter Corporation*,
65 F.3d 823 (10th Cir. 1995) ................................................................ 3, 6

*Bybee Farms LLC v. Snake River Sugar Company*,
No. CV-06-5007-FVS, 2008 WL 820186 (E.D. Wash. Mar. 26, 2008) ... 2

*Caterpillar Inc. v. Friedemann*,
164 F.R.D. 76 (D. Or. 1991) ..................................................................... 3

*Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*,
237 F.R.D. 215 (D. Neb. 2006) ................................................................ 4

*Diamond State Ins. Co. v. Rebel Oil Co., Inc.*,
157 F.R.D. 691 (D. Nev. 1994) ................................................................ 9

*Epling v. UCB Films, Inc.*,
204 F.R.D. 691 (D. Kan. 2001) ................................................................ 4

*Estate of Yaron Ungar v. Palestinian Auth.*,
No. 400 F. Supp. 2d 541 (S.D.N.Y. Nov. 7, 2005) ................................. 10

*FMC Techs., Inc. v. Edwards*,
No.C05-946C, 2007 WL 836709 (W.D. Wash. Mar. 15, 2007) ............... 8

*Gardias v. San Jose State University*,
Nos. C04-04086 HRL, C04-04768 HRL, C05-01242 HRL, C05-1833 HRL,
C06-04695 HRL, 2007 WL 2428031, (N.D. Cal. Aug. 22, 2007) ............ 9

*In re Grand Jury Proceedings (FMC Corp.)*,
604 F.2d 798 (3d Cir. 1979) ................................................................... 10

*Industrial Maritime Carriers v. Barwil Agencies
A.S.*, No. Civ.A. 03-1668, Civ.A. 03-1908,
2005 WL 2060925 (E.D. La. Aug. 23, 2005) ........................................... 4

*Klayman v. Freedom's Watch, Inc.*,
No. 07-22433-CIV, 2007 WL 4414803 (S.D. Fla Dec. 14, 2007) ............ 5

*Massachusetts Mututal Life Insurance Company v. Cerf*,
177 F.R.D. 472 (N.D. Cal. 1998) .............................................................. 3

*Nova Products, Inc v. Kisma Video, Inc.*,
  220 F.R.D. 238 (S.D.N.Y. 2004) ............................................................................ 8

*In re Sause Bros. Ocean Towing*,
  144 F.R.D. 111 (D. Or. 1991) ................................................................................ 3

*Shelton v. American Motors Corporation*,
  805 F. 2d 1323 (8th Cir. 1986) .............................................................. 1, 2, 4, 5

*Theissen v. General Electric Capital Corporation*,
  267 F.3d 1095 (10th Cir. 2001) ............................................................................ 3

*Unigene Labs., Inc. v. Apotex, Inc.*,
  No. C 07-80218 SI, 2007 WL 2972931 (N.D. Cal. Oct. 10, 2007) ..................... 9

# REPLY MEMORANDUM

## I. PRELIMINARY STATEMENT

Mattel's deposition subpoena to Mr. Larry McFarland should be quashed by this Court pursuant to the test established in *Shelton v. American Motors Corporation*, 805 F. 2d 1323 (8th Cir. 1986), which limits the deposing of a party's counsel. Under *Shelton*, a party seeking to depose opposing counsel must prove that: (1) there are no other means to obtain the information; (2) the information is relevant and non-privileged; *and* (3) the information is crucial to the case's preparation. Mattel has not satisfied these elements.

Here, Mattel has sought to depose Mr. McFarland based on his filing of six copyright applications on behalf of MGA. But Mr. McFarland is not the only source with regards to this information. Mattel has already deposed several witnesses such as in-house counsel, Samir Khare, former counsel Mitchell Kamarck, and other witnesses such as Nana Ashong and Bryan Armstrong on the development of the Bratz dolls and the Bratz copyright applications/registrations. Secondly, Mr. McFarland does not have any non-privileged information that is crucial to Mattel's preparation of its case. The six copyright applications Mr. McFarland signed state that Carter Bryant's Bratz drawings were created in 1998, which is consistent with what Mr. Bryant and numerous other witnesses have testified to in this case.

Mattel's opposition demonstrates once more that its efforts to depose Mr. McFarland are nothing more than a ploy to harass MGA and its attorneys and disrupt this case as it nears trial in May 2008. Any knowledge Mr. McFarland possesses as to the creation date of Bratz is privileged information he obtained in his capacity as MGA's counsel. The mere fact that Mr. McFarland signed copyright applications does not entitle Mattel to depose him. Mattel already deposed several witnesses regarding MGA's Bratz copyright applications and has copies of the documents relating to those applications. Mattel has had the opportunity to obtain the

information it seeks from other sources, and there is no basis for deposing Mr. McFarland.

Mattel tries to manipulate the fact that Mr. McFarland represents several third party witnesses in this case to argue that *Shelton* does not apply – all while ignoring one vital piece of information: <u>Mr. McFarland is also counsel for MGA.</u> As explained below, *Shelton's* test is not limited to depositions of trial counsel; it applies to outside counsel like Mr. McFarland as well.

Lastly, Mattel asserts that MGA has no standing to bring this motion. But that is not true. By bringing this motion, MGA seeks to protect privileged information and prevent Mattel's harassment of MGA and its counsel. A deposition of Mr. McFarland creates a substantial risk that Mattel will seek to intrude on the attorney client privilege and attorney work product doctrine, and Mattel has failed to provide any justification for such intrusions, which would almost certainly lead to further discovery disputes during a time when the parties should be preparing for trial. Under these circumstances, MGA has standing to seek a protective order.

MGA respectfully requests that the Discovery Master grant this Motion and issue a protective order precluding the deposition of Mr. McFarland.

## II. <u>ARGUMENT</u>

### A. *Shelton* Applies Because Mr. McFarland Has Served As MGA's Counsel In This And Other Cases.

Mattel's interpretation of *Shelton v. American Motors Corporation*, 805 F.2d 1323 (8th Cir. 1986), is erroneous. Although the Ninth Circuit has not expressly adopted the test set forth in *Shelton*, it has been accepted by the district courts within this Circuit as the proper standard for determining whether an attorney should be deposed. *See Bybee Farms LLC v. Snake River Sugar Co.*, No. CV-06-5007-FVS, 2008 WL 820186, at *2 (E.D. Wash. Mar. 26, 2008) (finding that the *Shelton* test is useful in any analysis of a proposed deposition of counsel, be it a trial or in-house counsel); *see also Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 481-82 (N.D. Cal.

1998) (Infante, J.) (granting protective order preventing deposition of Cerf's former counsel in the litigation at issue, applying *Shelton*); *Caterpillar Inc. v. Friedemann*, 164 F.R.D. 76, 77 (D. Or. 1991) (granting motion to quash subpoena because defendant failed to meet the *Shelton* test); *In re Sause Bros. Ocean Towing*, 144 F.R.D. 111, 116-17 (D. Or. 1991) (granting motion for protective order because defendant failed to meet the elements of the *Shelton* test).

Contrary to Mattel's narrow reading of *Shelton*, courts have held that *Shelton* not only applies to proposed depositions of "trial counsel," but applies with equal force to proposed depositions of in-house, foreign, and outside litigation counsel, declining to restrict *Shelton* to the narrow parameters proposed by Mattel. *See Theissen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001) (upholding trial court's decision to refuse to allow deposition of defendant's corporate counsel on grounds that *Shelton* test was not met); *Boughton v. Cotter Corp.*, 65 F.3d 823, 830-31 (10th Cir. 1995) (upholding district court's grant of protective order precluding deposition of outside counsel under *Shelton*); *Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*, 237 F.R.D. 215 (D. Neb. 2006) (applying the *Shelton* test even though the attorney was corporation's former general counsel and was not current litigation counsel or trial counsel, but had been involved with the defense strategy and litigation of the case); *Indus. Maritime Carriers v. Barwil Agencies A.S.*, No. Civ.A. 03-1668, Civ.A. 03-1908, 2005 WL 2060925, at *4 (E.D. La. Aug. 23, 2005) (finding that the noticed deposition of defendants' foreign counsel sought to depose "opposing counsel" within the meaning of *Shelton* because they served and continued to serve as advocates); *Epling v. UCB Films, Inc.*, 204 F.R.D. 691, 694 (D. Kan. 2001) (noting that counsel of record is not determinative and finding that in-house counsel should be treated as "opposing counsel" for purposes of applying the test). Courts have noted that attorneys involved in coordinating the legal defense of the case, that participate in legal

defense strategy discussions, and are involved in frequent communications with their clients, are entitled to the protection provided by the *Shelton* test. *See Desert Orchid Partners,* 237 F.R.D. at 219-20. Mattel also ignores the very important fact that in *Shelton* the attorney in the case was an in-house counsel, assisting in the underlying matter. *Shelton,* 805 F.2d 1329-30. *Shelton* itself, therefore, did not limit its test solely to protecting the deposition of trial counsel.

Here, Mr. McFarland is not only outside counsel for MGA, but has been involved in this case from the very beginning. He has participated in legal defense discussions with MGA's prior trial counsel and now with MGA's current trial counsel.[1] His close involvement in this case as outside counsel renders *Shelton* applicable.

### B. Mattel Fails To Satisfy The *Shelton* Test.

Under *Shelton*, Mattel must show that: (1) no other means exist to obtain the information than to depose Mr. McFarland; (2) the information is relevant and non-privileged ; and (3) the information is crucial to the preparation of the case. *Shelton,* 805 F.2d at 1326-27. Mattel has failed to meet this test.

### 1. Other Means Exist For Mattel To Obtain The Information.

Mattel already obtained the relevant, non-privileged information regarding the factual basis for MGA's copyright applications and registrations for Bratz. For example, Mr. Samir Khare, MGA's in-house legal counsel and a 30(b)(6) witness, testified as to the basis of the correction date of publication for certain copyright registrations.[2] Therefore, Mattel already received the information it now seeks from

---

[1] Supplemental Declaration of Larry McFarland In Support Of MGA's Motion To Quash Larry McFarland's Deposition Subpoena Or For Protective Order ("Supp. McFarland Decl."), ¶ 1.

[2] Mattel, Inc.'s Opposition To MGA Defendants' Motion To Quash Larry McFarland's Deposition Subpoena ("Mattel Opp.") at 16-19.

Mr. McFarland, and the fact that Mattel did not like the answers it received on this particular subject from Mr. Khare is no basis for seeking to depose Mr. McFarland. *See Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2007 WL 4414803, at *5 (S.D. Fla Dec. 14, 2007) (plaintiff was not entitled to depose defendants' attorney "simply because he does not like the answers it has received on the subject from the individual Defendants at deposition, and through document discovery").

Furthermore, MGA provided Mattel with copies of MGA's copyright applications and registrations, and has provided Mattel with witnesses that Mattel has had the opportunity to question with respect to the copyright applications, including Bryan Armstrong and former in-house counsel Mitchell Kamarck.[3] Mattel's failure to fully explore during depositions as to the facts on which the copyright applications were based does not give Mattel now the opportunity to obtain that information by deposing opposing counsel. *See Boughton*, 65 F.3d at 831 ("The failure of the plaintiffs to make a substantial effort to establish as many elements of the alleged wrongs as was possible through alternative sources before seeking the testimony of defendants' counsel . . . undermines the argument that all the information . . . was . . . within his possession."). Any information Mr. McFarland could provide would be cumulative and duplicative of the information Mattel already had the chance to obtain from other witnesses.

### 2. Mr. McFarland Does Not Possess Any Non-Privileged Information That Is Essential To Mattel's Preparation Of This Case.

Mattel is unable to show that Mr. McFarland possesses non-privileged information that is "crucial" to its preparation of this case. Mattel claims that it "seeks information related to the factual basis for MGA's copyright applications and registrations for Bratz . . . that McFarland submitted to the Copyright Office"[4] and

---

[3] Herrington Decl., Ex 10: Bryan Armstrong Deposition Transcript at 43:2-55:23; Ex. 11: Mitchell Kamarck Deposition Transcript at 26:2-7, 90:15-95:13.

[4] Mattel Opp. at 13.

were later changed. Mattel also asserts that Mr. McFarland possesses "unique knowledge" concerning the changes in the Bratz copyright registrations.[5] Based on these assertions, it can be inferred that the principal purpose of Mattel's deposition subpoena to Mr. McFarland is to ask him to disclose communications he had with MGA during the drafting of the copyright applications/registrations. Mattel is interested in learning what MGA discussed with Mr. McFarland regarding the creation and production of Bratz. But the attorney-client privilege presumptively protects from discovery such communications between client and counsel regarding the information that is later included in copyright applications and registrations. *See Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.*, 144 F.R.D. 372, 374 (N.D. Cal. 1992) (holding that "the privilege presumptively protects from discovery . . . specific communications between client and counsel, not the relevant underlying facts, data or information" the inventor had about the invention . . . "blocking access to the private communications between inventor and patent lawyer"). Whatever knowledge Mr. McFarland obtained regarding the creation and publication dates was

---

[5] *Id.*; Mattel's Opposition is another example of Mattel's continuing misrepresentations regarding Mr. McFarland. In Mattel's Motion For Leave To Take Additional Discovery and Objections To Discovery Master Order of September 28, 2007, Mattel alleged that Mr. McFarland had "unique personal knowledge of the Bratz claims" because he wrote MGA copyright registrations that stated Bratz were created <u>during 2000</u>, which MGA later claimed was incorrect. Supp. McFarland Decl., Ex. 1. This allegation by Mattel is not true. Now, Mattel has switched its justification for seeking to depose Mr. McFarland, alleging now that he has "unique personal knowledge" concerning changes in MGA's copyright registration for Bratz dolls because Mr. McFarland claimed that the first publication of Bratz was <u>February 12, 2001</u>. Mattel Opp. at 13. Mattel has never identified Mr. McFarland as a witness in its Rule 26 disclosures or interrogatory responses. Supp. McFarland Decl., Ex. 2. Mattel's misrepresentations as to Mr. McFarland and contradictory justifications for his deposition demonstrate only that Mattel's sole purpose is to harass Mr. McFarland and disrupt the proceedings in this case.

1 | obtained through his privileged communications with MGA.[6] Because these communications are protected by the attorney-client privilege, Mr. McFarland cannot be deposed with regards to his knowledge.

Mattel also claims that it is "entitled to the facts behind what actually happened – facts Mr. McFarland possesses."[7] Mattel has provided no evidence to show that Mr. McFarland possesses these facts or that he is the sole person with this information. The copyright applications Mr. McFarland signed state that Carter Bryant's Bratz drawings were created in 1998, which is consistent with what Mr. Bryant and numerous other witnesses have testified to in this case.[8] Mattel cannot show that it is "crucial" to depose Mr. McFarland regarding copyright applications that are consistent with the basic positions MGA and Mr. Bryant have taken – positions that already have been the subject of testimony by countless witnesses. *See FMC Techs., Inc. v. Edwards,* No.C05-946C, 2007 WL 836709, at *4 (W.D. Wash. Mar. 15, 2007) (quashing subpoena where other witnesses were available to testify about letters written by counsel).

Lastly, Mattel alleges that Mr. McFarland possesses "percipient knowledge" as to MGA's supposed inconsistent statements regarding the similarity between the Bratz dolls and Carter Bryant's drawings made in other Bratz lawsuits, which contradicts MGA's position in this case.[9] Mattel, however, fails to disclose that Mr. Khare already testified as to sworn statements made in other Bratz lawsuits. Mr. Khare was MGA's 30(b)(6) deponent on Topic 34 of Mattel's Second Notice of Deposition of MGA Entertainment, Inc., which dealt with statements, affidavits, and declarations made relating to Bratz in other lawsuits. Mattel has already deposed Mr.

---

[6] Supp. McFarland Decl., ¶ 2.
[7] Mattel Opp. at 14.
[8] McFarland Decl., ¶ 3, Ex. 1.
[9] Mattel Opp. at 14-15.

1 | Khare as to the accuracy of statements made regarding when Bratz dolls were first
2 | exhibited and sold that were made in other lawsuits.[10] Any non-privileged
3 | information Mr. McFarland could provide would be duplicative and cumulative.
4 | Therefore, deposing Mr. McFarland as to his knowledge of supposed inconsistent
5 | statements made in other litigation is unnecessary and just plain harassment.

### C. MGA Has Standing To Bring This Motion.

Finally, Mattel argues that the Discovery Master should deny this motion because MGA supposedly lacks standing. Citing *Nova Products, Inc v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004), Mattel asserts that "a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." But Mattel ignores that a party does have standing to quash a subpoena directed to a non-party "'where its challenge asserts that the information is privileged or protected to itself.'" *Gardias v. San Jose State Univer.*, Nos. C04-04086 HRL, C04-04768 HRL, C05-01242 HRL, C05-1833 HRL, C06-04695 HRL, 2007 WL 2428031, at *1 (N.D. Cal. Aug. 22, 2007) (citing *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 695 (D. Nev. 1994)). Moreover, courts have held that, where a party has an interest in the information requested, that party has standing to move to quash the third party subpoenas. *See In re Ashworth, Inc. Secs. Litig.*, No. 99-CV-121, 2002 WL 33009225, at *2 (S.D. Cal. May 11, 2002).

Mr. McFarland is not a typical non-party, he is the outside counsel for MGA. Courts have recognized that a party has standing to quash a subpoena directed to its attorney, such as the one at issue here. *See Unigene Labs., Inc. v. Apotex, Inc.*, No. C 07-80218 SI, 2007 WL 2972931, at *4 (N.D. Cal. Oct. 10, 2007) (granting defendant's motion to quash the deposition subpoena of defendant's attorney

---

[10] Supp. Herrington Decl. Ex. 1: Samir Khare Deposition Transcript (Vol. III) at 893:1-898:25.

1  because it would require disclosure of information protected by the attorney-client
2  privilege); *see also In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798, 801-
3  02 (3d Cir. 1979) (allowing client to intervene to challenge subpoena issued to
4  attorney); *see also Estate of Yaron Ungar v. Palestinian Auth.*, No. 400 F. Supp. 2d
5  541, 554 (S.D.N.Y. Nov. 7, 2005) (finding that a non-party had standing to move to
6  quash subpoena which had been served on its attorneys and which sought
7  information protected by the attorney-client privilege).

## III. CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Discovery Master quash Mattel's deposition subpoena to Mr. McFarland and/or grant a protective order prohibiting Mattel from taking this deposition.

DATED: April 7, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Raoul D. Kennedy by PH
Raoul D. Kennedy
Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., MGA
ENTERTAINMENT (HK) LIMITED,
MGAE de MEXICO S.R.L. de C.V., and
ISAAC LARIAN