1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
3  Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA  94111-5974
7  Tel.: (415) 984-6400 / Fax: (415) 984-2698

8  Attorneys for Counter-Defendants
   MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED,
9  MGAE DE MEXICO, S.R.L. DE C.V., AND ISAAC LARIAN

10

11                 UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13  CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
14          Plaintiff,                 )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
15          v.                         )
                                       )  **DISCOVERY MATTER**
16  MATTEL, INC., a Delaware           )  **[To be heard by Discovery Master**
    corporation,                       )  **Hon. Edward A. Infante (Ret.)]**
17                                     )
            Defendant.                 )  **REPLY IN SUPPORT OF MGA'S**
18                                     )  **MOTION FOR PROTECTIVE**
                                       )  **ORDER FROM MATTEL INC.'S**
19                                     )  **NOTICE OF DEPOSITION OF**
                                       )  **LUCY ARANT**
20  _____)
    AND CONSOLIDATED ACTIONS           )  Date:  TBD
21                                     )  Time:  TBD
                                       )  Place: JAMS
22                                     )
                                       )
23                                     )  **Phase 1**
                                       )  Discovery Cut-off:  January 28, 2008
24  _____)  Pre-Trial Conference:  May 5, 2008
                                          Trial Date:  May 27, 2008
25

26

27

28
_____
        REPLY IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF
                             DEPOSITION OF LUCY ARANT
                          Case No. CV 04-9049 SGL (RNBx)

# TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   ARGUMENT.......................................................................................... 2

    A.    Good Cause Exists To Issue A Protective Order Preventing
Mattel From Deposing MGA's Counsel. .................................... 2

    B.    Mattel's Opposition Confirms That It Has Obtained
Extensive Discovery Regarding The Subjects On Which It
Seeks To Depose Ms. Arant, Thus Making A Protective
Order Appropriate. ...................................................................... 4

    C.    At a Minimum, the Discovery Master Should Issue A
Protective Order Limiting Ms. Arant's Deposition. .................. 9

III.  CONCLUSION ................................................................................... 10

1

# TABLE OF AUTHORITIES

2

Page

3 **Cases**

4 *3M Co. v. Kanbar,*
5    No. 06-01225 JW (HRL), 2007 WL 1794936
     (N.D. Cal. June 19, 2007)........................................................................ 2

6 *Archer Daniels Midland Co. v. Aon Risk Services, Inc.,*
7    NO. 97-2185 JRT/RLE, 2001 WL 1640112 (D. Minn. July 19, 2001).................. 9

8 *Klayman v. Freedom's Watch, Inc.,*
     No. 07-22433-CIV, 2007 WL 4414803 (S.D. Fla. Dec. 14, 2007)........................ 3

9 *Marco Island Partners v. Oak Development Corp.,*
10   117 F.R.D. 418 (N.D. Ill. 1987) ........................................................ 3

11 *N.F.A Corp. v. Riverview Narrow Fabrics, Inc.,*
     117 F.R.D. 83 (M.D. N.C. 1987) ..............................................2, 4, 8

12 *Stalling v. Union Pacific Railroad Co.,*
13   No.01 C 1056, 2004 WL 783056 (N.D. Ill. Jan. 23, 2004).............................. 3

14 *Trunk v. City of San Diego,*
     No 06CV1597 LAB (WMc), 2007 WL 2701356 (S.D. Cal. Sept. 13, 2007).......... 3

15 *Walker v. United Parcel Services,*
16   87 F.R.D. 360 (E.D. Pa. 1980) ........................................................ 4, 5

17 **Rules**

18 Fed. R. Civ. P. 26 ...................................................................... 2, 3

19

20

21

22

23

24

25

26

27

28

# REPLY MEMORANDUM

## I.   PRELIMINARY STATEMENT

MGA's Motion for Protective Order established that Mattel should not be permitted to depose MGA's attorney, Lucy Arant, because Mattel already has taken depositions from numerous witnesses regarding the same subjects on which it seeks to depose Ms. Arant.  Ms. Arant's deposition would, therefore, be cumulative and create a substantial risk that Mattel will seek to intrude on communications protected by the attorney-client privilege and work-product doctrine, thereby creating additional disputes that would need to be decided by the Discovery Master.  Given the extensive discovery Mattel already has obtained regarding the creation of Bratz and regarding MGA's copyright and trademark applications, there is no justification for taking Ms. Arant's deposition.

In response, Mattel concedes that it already has taken numerous depositions regarding the creation of Bratz and MGA's copyright and trademark applications, including depositions of Paula Garcia, Bryan Armstrong, Samir Khare, Kerri Brode, and Nana Ashong.  Mattel also concedes that it has obtained extensive document discovery regarding the creation of Bratz.  Mattel, nonetheless, asserts that it should be permitted to take Ms. Arant's deposition because:  (i) she sent a fax to Paula Garcia in which she asks Ms. Garcia to confirm the "first use" date of certain Bratz-related trademark applications (a date also reflected in an internal docket sheet at Ms. Arant's law firm); and (ii) she filed MGA's copyright applications for certain Bratz works showing a creation date in 2000.

Neither action provides a basis for Mattel to take Ms. Arant's deposition.  It is undisputed that Ms. Arant had no involvement in the creation of Bratz or the "first use" of any Bratz trademark in commerce.  She was MGA's attorney; she provided legal advice to the company regarding how to protect its intellectual property rights and she assisted in filing trademark and copyright applications based on information

REPLY IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF
DEPOSITION OF LUCY ARANT
Case No. CV 04-9049 SGL (RNBx)
-1-

1  provided by the company.  Mattel already has deposed the percipient fact witnesses

2  who actually were involved in the creation of Bratz and in the preparation of MGA's

3  copyright and trademark applications.  As MGA's lawyer, Ms. Arant's knowledge

4  came from these (or other) fact witnesses, and her testimony on these issues would

5  be cumulative.

6       Accordingly, MGA respectfully requests that the Discovery Master grant this

7  Motion and issue a protective order preventing the deposition of Ms. Arant.

8  Alternatively, MGA respectfully requests that the Court limit the deposition of Ms.

9  Arant by requiring that it be taken by written interrogatories.

10  **II.   ARGUMENT**

11      **A.   Good Cause Exists To Issue A Protective Order Preventing Mattel
From Deposing MGA's Counsel.**

12

13      The Discovery Master should reject Mattel's bald assertion that MGA failed to

14  show good cause for a protective order.[1]  "Because deposition of a party's attorney is

15  usually both burdensome and disruptive, the mere request to depose a party's

16  attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P., protective

17  order unless the party seeking the deposition can show both the propriety and need

18  for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83,

19  85 (M.D.N.C. 1987) (issuing protective order preventing deposition of plaintiff's

20  patent attorney).

21      Based on this standard, numerous courts have issued protective orders under

22  Rule 26(c) or otherwise prohibited attorney depositions as cumulative or improper.

23  [1]   Mattel's assertion that MGA's Motion "fails to even cite the relevant Rule"
24  (Mattel, Inc.'s Opposition To MGA Defendants' Motion For Protective Order From
Mattel, Inc.'s Notice of Deposition of Lucy Arant ("Mattel Opp.") at 1:27-28), is
25  inexplicable.  Counsel apparently failed to review pages 2-3 of MGA's Motion,
26  which quote extensively from Rule 26 and demonstrate that good cause exists to
enter a protective order.
27

28  **REPLY IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF
DEPOSITION OF LUCY ARANT**
Case No. CV 04-9049 SGL (RNBx)
-2-

1  *See Stalling v. Union Pac. R. Co.*, No. 01 C 1056, 2004 WL 783056, at **2-3 (N.D.
2  Ill. Jan. 23. 2004) (prohibiting deposition of in-house counsel as cumulative where
3  attorney's knowledge of facts came from others who were or had been subject to
4  deposition); *see also Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2007
5  WL 4414803, at *4 (S.D. Fla. Dec. 14, 2007) (granting motion for protective order
6  because any non-privileged information the attorneys had on the topics was
7  cumulative of the information already obtained by plaintiffs through depositions and
8  document production); *Trunk v. City of San Diego*, No 06 CV 1597 LAB (WMc),
9  2007 WL 2701356, at *7 (S.D. Cal. Sept. 13, 2007) (granting motion to quash and
10 protective order to non-party attorney where the non-privileged information that
11 could be obtained from the attorney would be duplicative and cumulative); *Marco*
12 *Island Partners v. Oak Dev. Corp.*, 117 F.R.D. 418, 419-20 (N.D. Ill. 1987) (holding
13 that deposition of attorney would be duplicative where other witnesses to the
14 negotiations already were scheduled to be deposed and deposition would create
15 additional delays to resolve work-product and attorney-client objections); *Walker v.*
16 *United Parcel Services,* 87 F.R.D. 360, 361-62 (E.D. Pa. 1980) (forbidding the
17 deposition of an attorney that would be largely duplicative, lead to unnecessary
18 delays as a result of privilege and work-product claims, and be oppressive to the
19 party and to the person whose deposition is sought).  The Discovery Master should
20 do the same here.[2]
21
22

23 [2]   Mattel's assertions that Judge Larson "found that Mattel had good cause to
24 take the deposition of Lucy Arant" and "necessarily rejected the argument that Ms.
Arant's deposition was duplicative of other discovery" are false.  Mattel Opp. at 2.
25 Indeed, the Court expressly ruled that the parties could "seek any appropriate
26 protective order from the Discovery Master" regarding Ms. Arant's deposition.
Herrington Decl., Ex. 5 at 2.
27

28 **REPLY IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF DEPOSITION OF LUCY ARANT**
Case No. CV 04-9049 SGL (RNBx)
-3-

**B.     Mattel's Opposition Confirms That It Has Obtained Extensive Discovery Regarding The Subjects On Which It Seeks To Depose Ms. Arant, Thus Making A Protective Order Appropriate.**

Mattel's Opposition fails to distinguish or even address these authorities – a failure that is not surprising given that they are directly on point.  For example, in *N.F.A. Corp.*, the defendant sought to depose plaintiff's patent attorney regarding statements he had made to the U.S. Patent and Trademark Office when prosecuting the patent at issue in the lawsuit.  117 F.R.D. at 84.  The court explained that, although an attorney deposition is not absolutely prohibited, "[m]ore often deposition of the attorney merely embroils the parties and the court in controversies over the attorney-client privilege…." *Id.* at 85.  The court thus required the defendant to show that "the deposition is the only practical means available of obtaining the information," that "the information sought will not invade the attorney-client privilege or the attorney's work product," and that "the information must be relevant and the need for it outweighed by the disadvantages inherent in deposing a party's attorney." *Id.* at 86.  Concluding that the defendant had other sources from which it could obtain information regarding the positions taken during the prosecution of the patents at issue, the court granted a protective order preventing the deposition of the patent attorney. *Id.*

The same basic analysis applies in this case.  As with the patent attorney in *N.F.A. Corp.*, Mattel seeks to depose Ms. Arant regarding information relating to certain copyright and trademark applications she filed for MGA.  Mattel, however, already deposed MGA's Rule 30(b)(6) witness, Mr. Khare, regarding these applications, as well as Bryan Armstrong, the MGA employee who was responsible for filling out copyright applications.[3]  Mattel also has deposed Ms. Brode and Ms.

---

[3]     Herrington Decl., Ex. 6: Samir Khare Deposition Transcript (Vol. I) at 43:22-50:5, 210:8-223:4, 286:5-287:5; Supplemental Declaration of Robert Herrington In

*(cont'd)*

1  Ashong regarding MGA's trademark applications.[4]  Under *N.F.A. Corp.* and the

2  other authorities cited above, the Discovery Master should issue a protective order

3  preventing Mattel from deposing MGA's lawyer, Ms. Arant.

4        Mattel asserts that Ms. Arant's deposition is warranted because Mr. Khare

5  supposedly could not explain the basis for certain publication dates in MGA's

6  copyright applications.[5]  But that is not correct.  Mr. Khare testified that he

7  conducted an investigation regarding the basis for the February 2001 publication date

8  and concluded that the date reflected an early version of Bratz dolls exhibited at the

9  New York Toy Fair in February 2001:

10        Q.    DID YOU UNDERTAKE ANY INVESTIGATION TO

11  DETERMINE THAT IN CONNECTION WITH YOUR DEPOSITION?

12        A.    I DID.

13        Q.    WHAT DID YOU DO?

14        A.    I TRIED TO FIGURE OUT WHAT THAT DATE

15  WAS AND WHY IT'S THERE.  THE ONLY -- THE ONLY

16  INFORMATION I COULD COME UP WITH WAS THAT THAT IS A

17  TOY FAIR DATE WHEN -- I BELIEVE IT'S THE NEW YORK

18  TOY FAIR OCCURRED DURING THAT TIME PERIOD.  AND

19  _____

20  *(cont'd from previous page)*
Support of MGA's Motion For Protective Order From Mattel, Inc.'s Notice Of

21  Deposition of Lucy Arant ("Supp. Herrington Decl."), Ex. 1:  Samir Khare
Deposition Transcript (Vol. II) at 634:18-703:15; Supp. Herrington Decl., Ex. 2:

22  Bryan Armstrong Deposition Transcript (Vol. I) at 19:13-20, 20:18-23, 28:3-9,

23  266:15-275:14, 276:7-278:20; Supp. Herrington Decl., Ex. 3: Bryan Armstrong
Deposition Transcript (Vol. II) at 323:23-328:16, 358:24-361:6.

24  [4]    Herrington Decl., Ex. 8: Nana Ashong Deposition Transcript at 14:10-17:17,

25  21:13-25:1, 196:8-197:10, 204:5-205; Herrington Decl., Ex. 7: Kerri Brode

26  Deposition Transcript (Vol. II) at 79-84.

27  [5]    Mattel Opp. at 13.

1  THAT'S THE ONLY REASON THAT I COULD FIND WHY THAT

2  DATE WOULD APPEAR, BUT I KNOW THAT THAT DATE'S NOT

3  CORRECT.[6]

4  As Mr. Khare also explained, the February 2001 publication date was later

5  corrected to reflect that the final sculpt for the Bratz dolls was not completed until

6  May 2001:

7  DIRECTING YOUR ATTENTION TO

8  EXHIBIT 558, WHICH IS THE FORM CA.  ON THE SECOND

9  PAGE YOU'LL SEE THAT THE "YEAR OF PUBLICATION" FOR

10  THE JADE DOLL CONFIGURATION, ACCESSORIES, AND

11  PACKAGING REGISTRATION CHANGED FROM "FEBRUARY 12,

12  2001" TO, "AT LEAST AS EARLY AS MAY 21, 2001."

13  (WITNESS EXAMINED A DOCUMENT.)

14  THE DEPONENT:  I SEE THAT.

15  BY MR. ZELLER:

16  Q.  WHAT WAS THE BASIS FOR CHANGING THE

17  YEAR OF PUBLICATION THERE?

18  A.  AS I INDICATED EARLIER, THERE WERE

19  CERTAIN ASPECTS OF THE ACTUAL DOLL SCULPT THAT

20  WEREN'T SETTLED ON UNTIL THE END OF APRIL 2001; SO

21  FACTUALLY THAT DATE IS IMPOSSIBLE, AND HOW THAT DATE

22  GOT THERE, I DON'T KNOW.  I CAN TELL YOU THAT AT THE

23  TIME THE ORIGINAL FORM VA WAS SUBMITTED, THE COMPANY

24  HAD BETTER INFORMATION AVAILABLE TO IT.

25

---

26  [6]  Supp. Herrington Decl., Ex. 4: Samir Khare Deposition Transcript (Vol. I) at
255:15-256:1.

27

28

1    Q.    DO YOU KNOW WHAT THAT INFORMATION IS?

2    A.    YES.

3    Q.    WHAT'S THAT?

4    A.    SPECIFICALLY, THAT THE COMPANY WASN'T

5  SATISFIED WITH THE SCULPT ITSELF; SO IF THE COMPANY

6  WASN'T SATISFIED WITH THE SCULPT AS OF FEBRUARY 12,

7  2001, IT'S IMPOSSIBLE TO HAVE PUBLISHED THE FINAL

8  SCULPT.  IT SIMPLY DIDN'T EXIST AT THAT TIME.

9    Q.    AS OF FEBRUARY 12, 2001?

10    A.    CORRECT.[7]

11  Thus, contrary to the unsupported assertions in its Opposition, Mattel is aware of the

12  basis for the February 2001 publication date and the reasons the date was later

13  corrected.

14         Mattel also complains that Ms. Brode supposedly did not know about the

15  creation dates in certain MGA copyright applications.  But in making this assertion,

16  Mattel misleadingly references testimony regarding an *email* mentioning a

17  September 18, 2000 "creation date" for Bratz.[8]  The email on which Ms. Brode was

18  questioned was written by Nana Ashong, who Mattel admits it has deposed.  There is

19  no reason to believe Ms. Arant has any information regarding this email, and having

20  already deposed the author of the email discussing the creation dates of Bratz, there

21  is no basis for Mattel also to depose MGA's attorney.

22         Finally, Mattel asserts that it needs to depose Ms. Arant because of a fax she

23  sent to Paula Garcia and an internal docket sheet kept at Ms. Arant's firm, both of

24  which reference a June 15, 2000 "first use" date for certain Bratz-related trademarks.

25  _____

26  [7]  *Id.* at 349:25-351:2.

    [8]  Mattel Opp. at 13:24.

27

28  **REPLY IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF DEPOSITION OF LUCY ARANT**
    **Case No. CV 04-9049 SGL (RNBx)**
    -7-

1   Although MGA recognizes that the Discovery Master has concluded that the fax to

2   Ms. Garcia and the docket sheet are not privileged, Mattel should not be permitted to

3   bootstrap that ruling into a basis for taking Ms. Arant's deposition.  Indeed, Mattel

4   already has deposed Ms. Garcia regarding these issues, including the information in

5   the fax and docket sheet, and Ms. Garcia confirmed that she did not tell Ms. Arant or

6   anyone else that the trademarks had a first use date of June 15, 2000.[9]  Mattel had

7   ample opportunity to test Ms. Garcia's testimony at deposition and through the

8   receipt of thousands upon thousands of pages of documents establishing the timeline

9   for the creation of Bratz.  Those documents all show the same thing – that Bratz was

10  not completed until May 2001, and was not released to the public until later.  The

11  June 15, 2000 date is, put simply, a mistake.

12         With just over a month before trial, the Discovery Master should not allow

13  Mattel to use that mistake as an excuse for seeking to depose Ms. Arant, and thereby

14  embroil the parties in further disputes regarding privilege issues.  *See Walker*, 87

15  F.R.D. at 362 ("[I]f the deposition were to proceed, rulings would occasion

16  significant further delays.  Further controversies . . . would inevitably require further

17  imposition on the resources of the Court and provide the potential for undue delay.");

18  *see also N.F.A Corp.*, 117 F.R.D. at 86 (granting protective order because defendant

19  failed to show that the "inquiries [on opposing counsel would] not likely invade

20  either work-product or attorney-client privileges").  Ms. Arant was not the source of

21  the information in the fax and docket sheet, and having already deposed Ms. Garcia

22  on these issues, there is no basis for also deposing MGA's lawyer.  Moreover, if the

23  Discovery Master permits Ms. Arant's deposition, her deposition will consist mainly

24

25  [9]    Declaration of Jon Corey In Support Of Mattel, Inc.'s Opposition To The

26  MGA Defendants' Motion For Protective Order From Mattel, Inc.'s Notice of

     Deposition of Lucy Arant., Ex. 13.

27

28  **REPLY IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER FROM MATTEL INC.'S NOTICE OF DEPOSITION OF LUCY ARANT**

1  of privilege objections that may need to be resolved by the Discovery Master,

2  creating further pre-trial delays and unnecessary litigation costs.  Given the extensive

3  information Mattel already has regarding the creation of Bratz and the copyright and

4  trademark applications filed for Bratz, any deposition of Ms. Arant would be

5  cumulative, wasteful, and unnecessary.  *See Archer Daniels Midland Co. v. Aon Risk*

6  *Servs., Inc.*, No. 97-2185 JRT/RLE, 2001 WL 1640112, at *7 (D. Minn. July 19,

7  2001) (prohibiting deposition regarding hedging operations as cumulative, stating

8  "There is already a voluminous amount of documents and testimony relating to

9  ADM's hedging operations, including the deposition of Kenneth Robinson, an ADM

10  employee who worked with Andreas and is intimately familiar with ADM's hedging

11  operations.").

12      **C.    At a Minimum, the Discovery Master Should Issue A Protective
             Order Limiting Ms. Arant's Deposition.**

13

14      If the Discovery Master is inclined to permit a deposition of Ms. Arant, MGA

15  respectfully requests that the Discovery Master place limitations on the deposition to

16  reduce the potential for abuse and further disputes between the parties.  *See N.F.A.*

17  *Corp.*, 117 F.R.D. at 86 ("other methods, such as written interrogatories which do

18  not involve the same dangers as an oral deposition, should be employed.").  The

19  Discovery Master should require Ms. Arant's deposition to be taken by written

20  interrogatories.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

## III.    CONCLUSION

For the foregoing reasons, MGA respectfully requests that this Court grant a protective order prohibiting Mattel from taking the deposition of attorney Lucy Arant, or at a minimum requiring the deposition to be taken by written interrogatories.

DATED:  April 7, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: ___*Raoul D. Kennedy by P./*___
Raoul D. Kennedy
Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., MGA
ENTERTAINMENT (HK) LIMITED,
MGAE de MEXICO S.R.L. de C.V., and
ISAAC LARIAN