THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation<br><br>                    Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>[PUBLIC REDACTED] DECLARATION OF THOMAS J. NOLAN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL'S MOTION FOR DISQUALIFICATION<br><br>Hearing Date: April 7, 2008<br>Time: 10:00 a.m. |

I, Thomas J. Nolan, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of California and am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Parties") in the above-captioned matter.  I submit this Declaration in Support of MGA Parties' Opposition to Mattel's Motion for Disqualification.  Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.      During the hearing on April 7, 2008, I referred to three documents that we promised to submit to the Court after the hearing.

3.      **Exhibit A** to this Declaration is a true and correct copy of the Rebuttal Report of an expert designated by Mattel, Angel Gomez.  On page 11, footnote 13, Mr. Gomez cites to Ms. Tomiyama's deposition.

4.      **Exhibit B** to this Declaration is a true and correct copy of Mattel's privilege log dated March 20, 2008.  As the Court will see, Mattel's log includes several entries from after the lawsuit against Carter Bryant was filed in April 2004. On page 71 of Mattel's log, entry 353 is an email from Christina Tomiyama to Karen Ewing, Esq.

5.      **Exhibit C** to this Declaration are excepts from the deposition transcript of Christina Tomiyama that show the text of the video clips played during the April 7, 2008 hearing from Ms. Tomiyama's deposition.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 8, 2008, at Los Angeles, California.

_____
Thomas J. Nolan

---

# Exhibit A

**REBUTTAL EXPERT REPORT OF ANGEL GOMEZ**

I.    <u>Introduction</u>

My name is Angel Gomez, and I am a partner in the Los Angeles office of the law firm of Epstein, Becker & Green, P.C. This section of the Report summarizes my academic training, professional experience, and professional activities relating to the issues for which my analysis and opinions have been requested. My qualifications are more completely set out in the curriculum vitae, attached as Exhibit A hereto.

<u>Academic Training</u>: I received my B.A. from the University of California (Berkeley) in 1973, and my J.D. from Harvard Law School in 1976.

<u>Professional Experience</u>: After working as a lawyer in San Francisco, I became an employee of National Broadcasting Co., Inc. ("NBC") television and radio in Burbank, California. In this position, I was a member of NBC's Personnel Department, and I provided advice and counseling both as a lawyer and as a Human Resources ("HR") professional. I held this position for nearly seven years. During that time, I became familiar with NBC's trade secret policies and employee invention agreement, and their application and effect within the workplace. Beginning in 1985, I returned to practicing law in a law firm setting, specializing in representing employers (and occasionally employees) relating to issues arising in the workplace. I have continued in that capacity until today. In addition, for the last fifteen years, I have been retained as a neutral arbitrator and mediator in disputes arising from the workplace.

Over the course of some 30 years, I have dealt numerous times with trade secret and employee invention issues. Again, often my advice was not merely "legal" advice, but I was also asked for (and gave) advice in the role of an HR professional. These situations ranged from writing policies and agreements, to giving advice to avoid a dispute, to advice-giving when a dispute has arisen, to letter-writing and litigation after a dispute has turned serious. During these many situations, I became very familiar with the actions and concepts of both employers and employees in California workplaces regarding trade secrets and employee inventions.

<u>Public Speaking and Publications</u>: I have spoken at public and in-house seminars and training sessions related to employee-employer issues in the workplace more than 200 times throughout California and the United States. I have published over twenty-five articles on employer-employee issues, and was a primary co-author and co-editor of a respected treatise on employer-employee issues in California, published by Bancroft-Whitney.

<u>Consulting and Expert Witness Work</u>: As noted, many times the advice that I have given regarding employee trade secret and employee invention issues is in the role of HR professional (that is, akin to a consultant). I have been retained several dozen times in the past fifteen years as an expert witness regarding the customs and practices of employees and employers in California workplaces.

I have prepared this Report for Mattel, Inc. ("Mattel") at my current billing rate of $525 per hour. No portion of the compensation for my services as an expert in this matter is conditioned upon my rendering any particular opinion.

Exhibit A ,
P. 2

## II.    Scope of Report

Through its counsel (Quinn Emanuel Urquhart Oliver & Hedges, LLP), Mattel has asked me to address several matters relating to on-going litigation with a number of parties, including MGA Entertainment, Inc. ("MGA") and Carter Bryant ("Mr. Bryant"). These matters relate to the 1999 Mattel "Employee Confidential Information and Inventions Agreement" (the "Mattel-Bryant Agreement"), and in particular (1) to rebut certain opinions and conclusions contained in the expert reports and expected expert testimony of Prof. Peter Menell ("Prof. Menell") and Prof. D. Jan Duffy ("Prof. Duffy"), and (2) to prepare a Report and to testify how the Mattel-Bryant Agreement compares to the custom and practice in California workplaces regarding the issues covered in that agreement, and how custom and practice in California workplaces offers assistance in understanding that agreement. In addition, my Report and any expert testimony may be used to rebut the reports and testimony of other witnesses of MGA and Mr. Bryant regarding the Mattel-Bryant Agreement.

Summary of Analysis and Opinion: The Mattel-Bryant Agreement clearly provides that most "inventions" and "trade secrets" developed by a Mattel employee, and which relate to Mattel's business, are properly viewed as the property of Mattel. This agreement is consistent with typical customs and practices regarding these topics in California workplaces.

I am informed and have been asked to assume that the Bratz designs were, if not conceived, then developed and advanced using Mattel trade secrets, equipment and personnel while Mr. Bryant was a Mattel employee. Further, based on the custom and practice in the workplace, and the Mattel-Bryant Agreement, the designs underlying the Bratz doll line were a Mattel trade secret and were "Proprietary Information" under the Mattel-Bryant Agreement. In addition, the designs underlying the Bratz doll line were an "invention" belonging to Mattel, pursuant to the Mattel-Bryant Agreement and customs and practices in California workplaces.[1]

## III.   Opinion Regarding Ownership and Assignment of Copyrightable Works or Materials in Mattel-Bryant Agreement (Sec. 2)

Prof. Menell's report (prepared for this lawsuit) only describes in a very limited way the ordinary customs and practices in California workplaces regarding Employee Invention Agreements. Instead, Prof. Menell refers often to actions in California courts, not in California workplaces. As a result, he almost completely misses the custom and practice in California workplaces regarding Employee Invention Agreements. Prof. Menell then goes on to offer what appears to be his own interpretation of the meaning of "invention" - again, not an interpretation based on the custom and practice in workplaces in California.

### A.     Background Information about Ownership and Assignment Issues

Based on my experience relating to the customs and practices in the workplace in California,[2] my opinion relating to ownership and assignment of inventions in "Employee

---

[1]   In preparing this Report, I reviewed the materials contained on Exhibit B, attached hereto.

[2]   In this Report, the term "workplace(s)" refers to the phrase "workplace(s) in California." Similarly, the phrase "custom and practice" refers to the "custom and practice in workplaces in California." The foundation for statements about "custom and practice" throughout this Report is my own personal experience regarding

Exhibit A ,
P. 3

Invention Agreements" and California Labor Code section 2870, may be summarized by the following chart:

| Invention automatically belongs to employer | Employer may contract that an invention belongs to the employer | Employer may not contract that an invention belongs to the employer |
|---|---|---|
| These are inventions covered by the "work for hire" rules under the Copyright Act - these works and materials automatically belong to the employer. | These are inventions that an employer can contractually agree that the employer control - for example, by having the employee sign an "Employee Invention Agreement" | These are inventions covered by Labor Code sec. 2870 - these automatically belong to the employee. |

The left side of the chart (the "green zone") indicates a high level of employer control regarding employees, and the right side of the chart (the "red zone") indicates a high level of employee independence. The middle section of the chart (the "yellow zone") covers the area of some employer control and some employee independence.

In the clearest "green zone" situations, most or all of the following circumstances occur – the employee works on the idea during regular work time, at the regular workplace, at the direction of and for the benefit of the employer, and the idea directly relates to the business of the employer. An example here would be a reporter who writes articles for a newspaper.

In the clearest "red zone" situations, the employee works on the inventions entirely outside the regular work time and work place, and the invention is entirely unrelated to the business of the employer.

For "yellow zone" situations, these factors are partial or mixed, and the relationships are closer. One example of this would be where the employee spends time researching about his new product during work time, using the employer's computers, where the product is a new kind of paper clip and the employer is in the office supply business.

**B.    Custom and Practice Regarding Inventions Conceived or Developed During Period of Employment**

Based on my experience, the custom and practice as relates to employer ownership or control of inventions that employees develop during employment may be described as follows:

1) The custom and practice in the workplace is that the Copyright Act "work for hire" doctrine (17 U.S.C. sec. 101) provides that employers automatically own any copyrightable work that falls within the definition of a "work for hire" by employees in the Copyright Act ("green zone" above).

2) The custom and practice in the workplace is that Section 2870 sets the outer limit of what employers can ask employees to agree to – that is, employers cannot ask that an invention

---

California workplaces, even if this foundational statement is not expressly repeated every time that I offer my opinion about custom and practice, or other opinions.

Exhibit A ,
P. 4

belong to the employer, if the invention is

> (a) developed *entirely* on the employee's own time, <u>and</u>

> (b) *without* the use of the employer's equipment, supplies, facilities, or trade secret information, <u>and</u>

> (c) the invention does *not* relate to the employer's current or anticipated business <u>and</u> does not result from any work performed by the employee for the employer.

If the idea meets *all* parts of this test, the custom and practice in the workplace is that employers cannot seek ownership or control of that invention ("red zone" above).

3) However, the custom and practice is that as to all works and materials "in between" (that is, ones that do not automatically belong to the employee or the employer), the employer <u>may</u> request that the employee transfer control of those rights to the employer as a condition of employment if the works or materials are related to the employer's business ("yellow zone" above).

To effectuate this transfer, the custom and practice is that employers typically request that employees sign an "Employee Invention Agreement" as a condition of employment. The custom and practice is that the employees understand their obligations under such agreements and accept them as a condition of employment.

The reasons given by employers for this very broad type of agreement is that, from a practical point of view, employers do not believe it is realistic that employees are able to separate what they learned at work from work that they are doing at home. Hence, if the project at home is related to the employer's business, the employer's information is very likely in effect being used at home by the employee. Hence, even though the work may be done at home, on the employee's own time, if the project is related to the employer's business, the idea must be assigned to the employer.

**In my experience, the net result of these customs and practices in California workplaces is that employers either own outright, or can control, all inventions employees conceive or develop[3] during the time that they are employed which are related to the employer's business – <u>unless</u> the idea is an "invention" covered by Section 2870.**

## C.      Custom and Practice as Applied to the Mattel-Bryant Agreement

The "Employee Invention Agreement" at issue here (i.e., "the Mattel-Bryant Agreement") is a typical version of this type of agreement. The Mattel-Bryant Agreement clearly says that as to all works and materials in the middle "yellow zone" (above), all rights to those works are assigned to the employer. The Mattel-Bryant Agreement is completely consistent with the customs and practices in workplaces in California.

---

[3]      In this Report, the terms "develops" and "reduces to practice" are used as synonyms.

Exhibit A ,
P. 5

Based on my experience, the following is my opinion of whether each of the terms in each of the sections of the Mattel-Bryant Agreement are consistent with the customs and practices of workplaces in California.

### 1.    Section 2(a) of the Mattel-Bryant Agreement

The first sentence of Section 2(a) of the Mattel-Bryant Agreement provides that the process starts by having the employee agree to communicate to the employer all "inventions" (defined below) that the employee conceives of or reduces to practice at any time during employment. This communication is a typical, critical first step in the process. Unless the employer learns about the invention, there cannot be an assessment where on the spectrum (above) that invention falls. It is custom and practice in California that employment agreements require employees to communicate to the employer all inventions conceived or developed at any time during employment to the employer, so that an assessment can be made of that invention. One reason employers do so, and use the term "inventions," is precisely the limitation that Labor code section 2870 places on assignment of certain inventions.

Each of the parts of this first sentence are also typical parts of these types of agreements in California. For example, it is the custom and practice in California to have the Employee Invention Agreement extend to all inventions conceived or developed *at any time* during employment. Similarly, it is the custom and practice of employers in California to use phrasing such as "conceived or reduced to practice" in their Employee Invention Agreements.

The second sentence of the first paragraph of Section 2(a) of the Mattel-Bryant Agreement is also completely consistent with the custom and practice in California. In that second sentence, the employee agrees to assign all the employee's rights in the idea itself to the employer, and to assign all rights <u>relating</u> to that idea (including all *copyrights*). This sentence provides the actual transfer in the Mattel-Bryant Agreement – in this sentence, there is a broad agreement between the employee and the employer that an invention conceived or developed by the employee during the time that he or she is a Mattel employee is transferred to and controlled by Mattel. Finally, it is the custom and practice in California to use the type of language and phrasing contained in this second sentence in the Employee Invention Agreements.

Importantly, the use of the term "copyright" in this critical sentence is plainly consistent with the typical practice in that the Mattel-Bryant Agreement is intended to cover more than patentable technological advances, but is also intended to cover creative copyrightable works.

The third sentence of the first paragraph of Section 2(a) of the Mattel-Bryant Agreement again is completely consistent with the custom and practice in workplaces in California. In this sentence, the employee agrees to assist Mattel in obtaining and protecting Mattel's rights regarding the inventions transferred to Mattel by the Mattel-Bryant Agreement (including all *copyrights*). Similarly, the terms and phrasing in this sentence are consistent with the custom and practice of employers in California. Again, the repetition of the term "copyright" in this third sentence is further support that the Mattel-Bryant Agreement extends to creative copyrightable works and materials.

- 5 -

Exhibit A ,
P. 6

### 2.    Section 2(b) of the Mattel-Bryant Agreement

In my experience, it is certainly an ordinary custom and practice for Employee Invention Agreements to provide special definitions to important words. In the Mattel-Bryant Agreement, the word "inventions" is given a special meaning. Section 2(b) of the Mattel-Bryant Agreement states that the word "inventions:"

> includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

This section is consistent with typical custom and practice in California, in which Employee Invention Agreements are as broad as lawfully possible. That is, the purpose of the customary Employee Invention Agreement is to make sure that all inventions an employee conceives or develops during employment must, first, be communicated to the employer for assessment, and second, that control of those inventions can be transferred to the employer (if permitted under Section 2870). Also, the phrasing and terminology of this section are consistent with the custom and practice in workplaces in California.

The definition used in this section is also consistent with the custom and practice in California. The definition of "invention" contained in the Mattel-Bryant Agreement is not confined to a limited subset of the dictionary meaning of "invention" as Prof. Menell suggests (that is, the subset meaning of "invention" as only a technological advance). Not only is the dictionary definition of "invention" much broader than Prof. Menell leads us to believe, but Mattel also ensures that "invention" will be interpreted more broadly by providing a partial list of examples of what constitutes an invention that are outside the scope of that limited subset definition.

Moreover, this additional list of terms has at the beginning the words "includes, but is not limited to." The use of this phrase is consistent with the custom and practice in the workplace that these terms are intended to be <u>examples</u>, but not the <u>only</u> examples which apply to the word being defined. That is, the word "invention" means <u>more</u> than this list of additional terms. The Mattel-Bryant Agreement follows ordinary custom and practice and is not limited to technical or technological advances; instead, the Mattel-Bryant Agreement follows typical custom and practice and extends to <u>all</u> inventions, including "designs" works or materials, such as the design of dolls.

### 3.    Specific Critique of Prof. Menell's Opinion Regarding Section 2(a) and Section 2(b)

The term "invention" in the Mattel-Bryant Agreement quite clearly has a meaning beyond simply a technological advance – instead, the definition within the Mattel-Bryant Agreement itself is that the term "invention" <u>includes</u> "... discoveries, improvements, processes, developments, designs, know-how ...."

Prof. Menell offers what appears to be his own personal explanation that the terms contained in the definition of "invention" refer only to technological advances. However, this

explanation is inconsistent with custom and practice.  While <u>some</u> of the terms in the definition of "invention" have the flavor of a technological advance, not <u>all</u> the terms do.

For example, the term "development" is routinely used in the television and motion picture industry to refer to bringing copyrightable scripts and characters into final form before production begins.[4]  The term "development" is also used in the magazine publishing field regarding copyrightable magazine articles,[5] as well as being used in the videogame field to refer to the creation of copyrightable scripts and characters for use in videogames.[6]  Each of these uses of "development" is a typical use in a creative field, and refers to the expansion of basic artistic concepts into a more mature form, before actual production of the final creative result.  Indeed, the word "development" was used within Mattel to describe the design of a new doll.[7]

The term "know-how" is not limited to industrial or technological "trade secrets" (as suggested by Prof. Menell), but is widely used to describe knowledge and techniques in creating copyrightable works, including writing,[8] photography,[9] and creative design of all types, including fashion design, graphic design, and design of newspaper pages.[10]

Finally, Prof. Menell does not dispute that the term "design" is widely used for the creation of artistic works.  Moreover, it is undisputed that the term "design" was used within Mattel to apply to drawings.[11]

In my experience, the terms "development," "process," "know-how," and "design" contained in the definition of "invention" in Section 2(b) are indeed used in the workplace by

---

[4]   Recent examples of this usage include: "The official Legendary Pictures website is listing a Diablo movie as being in development along with such projects as World of Warcraft, Clash of the Titans and the Superman Returns sequel." (http://www.comingsoon.net/news/movienews.php?id=21095); "Levy is vice president of development and production at Marty Katz Productions ('Reindeer Games') in Santa Monica." (http://www.hollywood-101.com/lessonplan/latimes.html).

[5]   Two recent examples of this usage include: "The position [of magazine editor] is accountable for providing effective article development, author development, and long-range planning of the magazine." (http://www.journalismjobs.com/Job_Listing.cfm?JobID=612665), and "Editorial planning and article development [for a magazine] will continue with this in mind." (http://www.rootsweb.com/~njgsnj/genmag.html).

[6]   "Before full-scale production begins, the [video game] development team produces a design document, which describes the concept and major gameplay elements in detail. Design documents may also include preliminary sketches of various aspects of the game." (http://en.wikipedia.org/wiki/Game_development).

[7]   Nordquist Depo. I, 136-137.

[8]   "First introduced on the Writers Write™ Message Board, the FAMOUS tipsheet™ is the perfect way to gather greeting card know-how, writing advice" (http://www.greetingcardwriting.com/);  "Writing Know How," (http://www.growyourwritingbusiness.com/?cat=22).

[9]   "Using Your Accessories and Know-how: Photography is about capturing light" (http://www.africam.com/wildlife/wildlife_photography_course_by_daryl_balfour_wlc); <u>Photo Know-How: The Art of Large Format Photography,</u> by Carl Koch & Jost J. Marchesi, Sinar Ltd Schaffhausen (1983), ISBN 3908020107.

[10]   "Design know-how for a new era ... a two-day conference exploring what designers need to know for the future [fashion design, product design, graphic design]." (http://www.intersections07.com/); "Design know-how: Creating a page that grabs readers' attention [newspaper publishing];" (http://journalism.about.com/od/designknowhow/Design_knowhow_Creating_a_page_that_grabs_readers_attent ion.htm).

[11]   Garcia Depo. II, 318-320; Harris Depo. II, 490.

Exhibit A,
P. 8

creative and artistic workers to describe the work that they do. The inclusion of these words used to describe the creation of copyrightable works and materials, in my opinion, is consistent that the term "invention" is intended to include copyrightable works not just technological advances.

Regarding the phrase "patentable or unpatentable" contained in Section 2(b), Prof. Menell engages in speculation again regarding the meaning of that phrase ("the clause most plausibly indicates ..."). Instead, the ordinary custom and practice in California workplaces is to include a similar phrase in Employee Invention Agreements. There is no suggestion that including the term "unpatentable" in the description of "invention" is somehow intended to <u>limit</u> the term "invention" to technological works.

Further, if the intention was to limit the word "inventions" to technological advances, there would have been no need to include such an extended definition of the term "inventions." The fact that such an extended list of additional terms was included within the definition of "invention" is plainly consistent with the fact that "inventions" in the Mattel-Bryant Agreement refers to copyrightable material as well, not just patentable designs or methods.

Moreover, the inclusion of patent-related terms and concepts in the Mattel-Bryant Agreement is consistent with the fact that, as Prof. Menell states, Mattel does indeed seek patents on some of the inventions developed at Mattel. Hence, inclusion of patent-related, technology-related language makes perfect sense and is in fact typical, of large employers such as Mattel, that depend on intellectual property arising from both technology and art design because using one form that covers both patents and copyrights helps such companies ensure consistency and allows them conserve valuable resources. However, inclusion of <u>some</u> technology-related terminology like this does not mean that the entire Mattel-Bryant Agreement is limited to patents and technological advances.

Finally, Mr. Bryant himself also used the terms "toy inventing" and "toy designing" as synonyms. (See Bryant Depo. IV, 861). Further, Mr. Bryant's own actions demonstrate that he was aware that artistic designs and concepts that he developed while a Mattel employee belonged to Mattel. For example, Mr. Bryant designed the "Grand Entrance" doll and the "Mann's Chinese Theater" doll while he was at Mattel, and has made no claim of exclusive copyright control over the designs of those dolls.[12]

### 4.    Section 2(c) of the Mattel-Bryant Agreement

Section 2(c) of the Mattel-Bryant Agreement also follows the custom and practice in California workplaces. In Section 2(c), the Mattel-Bryant Agreement quotes at length from California Labor Code Section 2870. It is the ordinary custom and practice to do so. Rather than paraphrase or attempt to summarize the provisions of Section 2870, the Mattel-Bryant Agreement follows a safe and typical approach, which is simply to quote the language of Section 2870 at length.

---

[12]  Nordquist Depo. I, 110-112; 135-138; Hoffman-Briggs Depo. I, 225-226.

Exhibit  A ,
P.  9

### 5.       Section 2(d) of the Mattel-Bryant Agreement

The terms of Section 2(d) of the Mattel-Bryant Agreement are also entirely within the ordinary custom and practice in California workplaces.  In Section 2(d), the employee agrees that the employer may act on the employee's behalf to protect the employer's rights in the inventions covered by the Mattel-Bryant Agreement.

Section 2(d) also follows a consistently typical pattern when it states that it covers all "patents, *copyrights* and other proprietary rights" (emphasis added).  This phrase is plainly intended to cover <u>all</u> inventions addressed in the Mattel-Bryant Agreement.  Stated another way, this phrase in the Mattel-Bryant Agreement is another synonym of the word "inventions" in the Mattel-Bryant Agreement.

Not surprisingly, Prof. Menell spends no time in his report addressing Section 2(d).  Section 2(d) presents a serious problem for Prof. Menell's opinion that the Mattel-Bryant Agreement is limited to patentable technological advances.  The terms of Section 2(d) plainly state that the Mattel-Bryant Agreement requires employees to cooperate with Mattel to obtain and protect <u>copyrights</u> – not merely patents.  Again, this further repetition of the term "copyright" as a subject of the Mattel-Bryant Agreement emphasizes that copyrightable works are indeed within the definition of the term "invention."

### 6.       Later Changes to Mattel's Invention Assignment Agreement

Prof. Menell relies upon a 2004 version of the Mattel Employee Inventions Agreement to support his interpretation that "invention" is limited to technological advances.

In fact, in my experience the custom and practice in the workplace is that employers often issue more detailed versions of policies and agreements that merely memorialize and act as reminders of policies and agreements had already been in place.  The mere fact that a later policy or agreement contains more details than an earlier agreement is not understood to be a change in the workplace – but is instead understood as a re-statement of the existing situation.

For example, until the 1980s, almost all employers routinely relied solely upon California Labor Code Section 2922 to support the position that employees in California were at-will employees.  Beginning in the 1980s, employers began asking employees to sign newly-drafted explicit agreements which recognized that employees in California were at-will employees.  These newly-drafted agreements did not represent any change in the workplace; instead these new agreements merely were reminders of what the situation had long been.

Similarly, until the 1990s, almost all employers in California had long relied on standard disciplinary policies to support the position that unlawful harassment was inappropriate in the workplace,  Beginning in the 1990s, employers began asking employees to sign newly-drafted explicit agreements that recognized that engaging in unlawful harassment was grounds for termination.  Again, these newly-drafted agreements did not represent any change in the workplace, these agreements merely were reminders of what the situation had long been.

Regarding the Mattel Employee Inventions Agreement, the 2004 version did not

- 9 -

Exhibit __A__ ,
P. __10__

represent any change in the workplace. Instead, Mattel's action was consistent with a long-standing custom and practice in the California workplace of employers issuing reminders which merely re-state what the situation had long been -- that employers have rights to protectible inventions to the extent permitted under Labor Code Section 2870.

## IV. Opinion Regarding the Trade Secret Provisions in Mattel-Bryant Agreement (Sec. 1)

Prof. Menell bases his analysis of whether Mr. Bryant owes Mattel any trade secret obligations relevant to this litigation on "whether the [Bratz idea] falls within the general definition of 'Proprietary Information' and whether he developed it 'as a result' of his employment with Mattel." Prof. Menell goes on to conclude that the drawings at issue were not "as a result" of Mr. Bryant's employment with Mattel because the Bratz "sketches were entirely unrelated to the work Carter was asked to do in the Barbie® Collectibles group.".

Prof. Menell's conclusion is unsupportable for several reasons. First, he relies on too narrow a definition of "Proprietary Information." Second, the Proprietary Information at issue here was indeed developed or discovered "as a result of" Mr. Bryant's employment. Third, the drawings were in fact related to Mr. Bryant's job at Mattel and, therefore, even under Menell's own framework, they qualify as "Proprietary Information."

### A. Prof. Menell's Definition of "Proprietary Information"

The definition used by Prof. Menell that Proprietary Information is "'information' that an employee may develop or discover 'as a result of' employment with Mattel" is much too limited based on my experience. Take the example of an employee who improperly learns trade secret (or Proprietary Information) by sneaking a look at a computer screen of a second employee in a different department. Under Prof. Menell's interpretation, the sneaking employee would not be limited by Proprietary Information rules because that employee did not learn that Proprietary Information "as a result" of his employment. In my experience, Prof. Menell's analysis is not consistent with the custom and practice in the workplace.

"Proprietary Information" in the Mattel Bryant Agreement is defined in Sec. 1(b), and that definition begins "<u>any</u> information" (emphasis added). This broad language is consistent with the custom and practice in the workplace that <u>any and all</u> information which meets the definition of a trade secret (or Proprietary Information) is protected, regardless of how an employee learns the information.

Prof. Menell's major error here is attempting to use a phrase in Sec. 1(a) to modify the customary broad definition of "Proprietary Information" in Sec. 1(b). Prof. Menell argues that a phrase in Sec. 1(a) ("including information that I may develop or discover as a result of my employment") limits the very broad definition of Proprietary Information in Sec. 1(b). Plainly, it does not. Based on the custom and practice in the workplace, the definition of Proprietary Information in Sec. 1(b) stands on its own, and is not modified by Sec. 1(a), and the definition of Proprietary Information remains very broad.

Further, the phrase in Sec. 1(a) that Prof. Menell relies so much upon, begins with the key word "*including*." As noted above, the custom and practice in the workplace is that a phrase beginning with the word "including" suggests <u>an</u> example, not the <u>only</u> example. Hence, reading

- 10 -



Exhibit A,
P. 11

the full sentence in Sec. 1(a) ("I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), *including* …") the phrase which follows (containing "as a result of") is only <u>one</u> example of a class of Proprietary Information – but the word "including" means that it is not the <u>only</u> example.

Instead, Sec. 1(a) and Sec. 1(b) are consistent with custom and practice – <u>any and all</u> information that "derives economic value … from not being generally known" is protected by the Mattel-Bryant Agreement – regardless of whether the Proprietary Information was learned "as a result" of employment, or in any other way whatsoever.

Hence, to the extent that Mr. Bryant used Proprietary Information, <u>regardless of how the information was learned</u>, in conceiving or designing and developing the Bratz dolls, then Mr. Bryant was using Mattel's property (the Proprietary Information) for his personal benefit. As noted above, the custom and practice is that where the "outside project" is related to the employer's business, the typical view is that the employee necessarily is using proprietary training and information learned or developed on the job to move the "outside project" forward.

## B. Proprietary Information Acquired by Bryant "As A Result Of" His Employment with Mattel

Further, Mr. Bryant was exposed to "Proprietary Information" while employed by Mattel, which certainly was relevant in the development or design of the Bratz idea. Mr. Bryant states that he took part in brainstorming sessions while employed by Mattel and that during these sessions, numerous creative concepts about dolls were proposed, discussed, and assessed, and decisions were made about the commercial appeal of these designs and works.[13]

The custom and practice in the workplace is that the methods of analysis used in these sessions would qualify as "methods, techniques or processes" that were proprietary to Mattel, and would fall within the definition of "Proprietary Information" in the Mattel-Bryant Agreement.

Indeed, the "methods, techniques or processes" used by Mattel employees during these brainstorming sessions were, in many ways, the heart of Mattel's success. Assessing which new product concepts to press forward, which to alter, and which to drop are a core function of any business, and typically, among its most prized functions. In the workplace, these types of product development decisions are typically the distilled essence of years (sometimes collective decades) of marketplace, consumer and production experience. For a new competitor to achieve this level of sophistication in new product development decisions would usually require years of errors and mistakes.

Here, during his employment at Mattel, Mr. Bryant was trained in and learned these proprietary "methods, techniques or processes" for analyzing potential new dolls – that is, he learned one of Mattel's most prized items of "Proprietary Information." It would appear inevitable that Mr. Bryant used this Proprietary Information in developing and refining the Bratz dolls.

---

[13] Bryant Depo, IV, 825-826, 1095-1097; see also Fontanella Depo. I, 66-69; Tomiyama Depo. I, 77-78.

Exhibit A ,
P. 12

Stated another way, Mr. Bryant received information about the commercial value of doll design while on the job at Mattel, and "as a result of" his job. He became aware of how Mattel assesses and improves a potential new doll. It would seem logical that Mr. Bryant did not and could not "erase" this trade secret information from his memory while he was working on developing the Bratz line of dolls, and instead, it is most likely that the training and information Mr. Bryant learned as a result of his job were in fact put to use designing and developing the early stages of the Bratz line of dolls.

## C.    Mr. Bryant's Job Duties Included Design Relating to Dolls

Finally, much of Prof. Menell's analysis regarding Mr. Bryant's trade secret obligations pursuant to the Mattel-Bryant Agreement rests on the erroneous conclusion that the Bratz "sketches were entirely unrelated to the work Carter Bryant was asked to in the Barbie® Collectibles group."[14] But the issue under the Mattel-Bryant agreement is not the specific duties assigned to the employee, but rather whether the employee wrongfully used trade secret information that relates to the employer's business. It would be just as improper for a Hot Wheels designer to use Mattel-proprietary information to launch a fashion doll line as it would be for a Barbie designer. Mattel is in the doll business, and Mr. Bryant's doll designs and works are at issue in this lawsuit. In my opinion, the custom and practice in the workplace is that so long as the idea allegedly developed on the outside is related to the employer's business, the employer would properly view that idea as belonging to the employer.

I continue to review materials relating to this matter, and this Report is based on information available at the time it was prepared. In the event additional information becomes available that is relevant to the opinions in this Report, the ability to supplement is reserved as appropriate.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of March, 2008 at Los Angeles, California.

Angel Gomez

---

[14]   Menell report, para. 76.

- 12 -

Exhibit A ,
P. 13

**EXHIBIT A**

Exhibit A ,
P. 14

## ANGEL GOMEZ, III

### Partner – Epstein Becker & Green, P.C.

Specializing in employment and labor law, representing employers and individuals in litigation and preventive counseling, including wrongful termination, sexual harassment, discrimination, disability-related issues, union-related issues, wage and hour, , OFCCP, ERISA, ADA, FEHA, trade secret and employee invention matters, employee benefits, executive employment contract matters, OSHA, alternative dispute resolution, and collective bargaining. Also act as an expert witness, as well as an arbitrator and a mediator.

### EDUCATION

| | |
|---|---|
| Law School: | Harvard Law School, J.D., 1976 |
| Concentration: | Labor and Employment Law |
| | |
| College: | University of California, Berkeley, B.A., 1973 |
| Concentration: | Political Science and Philosophy |

### PUBLICATIONS

Co-Editor, Employment Litigation, treatise, Bancroft-Whitney (1993 - 2003); "Updating Employee Complaint Procedures," California Employment Law Letter (Feb. 2008); "California Supreme Court Gives Victory to Employees," The Corporate Counselor (Summer 2007); Co-Author, Employment Law Chapter, Managing the Start-Up Business, Kiplinger (Fall 2000); Columnist, "Employment Law " for Los Angeles Daily Journal (1987-2000); "Family Leave Benefits--New Rights and Responsibilities", Los Angeles Lawyer (July 1994); "Case Studies and Trends in Employment Jury Verdicts," California Labor and Employment Law Quarterly (Vol. 8, No. 8, Spring 1992); "Jury Empathy Aids Counsel in Employment Litigation," National Law Journal (May 1990); "Drug Testing and Arbitration," AAA Reporter (Winter 1990); "Employment Contract Litigation After Foley," Beverly Hills Bar Association Journal, (Vol. 23, No.1, Winter 1989); "Preemption and Preclusion of Employee Common Law Rights by ERISA and Other Federal and State Statutes", Industrial Relations Law Journal (U.C. Berkeley-Boalt Hall) (Vol. 11, No. 1, 1989); "How to Prevent Wrongful Termination Lawsuits," Personnel (Feb. 1988), the substance of which is reported on Page 1 of the Wall Street Journal, Apr. 18, 1988; "The Impact of Meritor Savings Bank v. Vinson on Arbitration Decisions", Arbitration Journal (Dec. 1986) reprinted in California Employee Relations Journal, Inst. of Industrial Relations, U.C. Berkeley (June 1987).

### PROFESSIONAL ACTIVITIES

Member, Panel of Employment Arbitrators, American Arbitration Association; Board of Directors, Dispute Resolution Services (1998-2003); Executive Committee, State Bar of California, Labor and Employment Law Section (1989-1993); Executive Committee, Los Angeles County Bar Association, Labor and Employment Law Section (1987-2005). Member, American Bar Assn., Labor and Employment Law Section. Faculty, American Bar Assn. Sexual Harassment Model Trial Program, National Institute for Trial Advocacy (NITA), National Employment Law Institute (NELI).

Exhibit A



Exhibit A,
P. 15

## LECTURES AND SEMINARS

Have lectured and spoken extensively in speeches and seminars sponsored by U.C.-Berkeley, UCLA, American Bar Association, Institute for Corporate Counsel (ICC), Practicing Law Institute (PLI), California Continuing Education of the Bar (CEB), Personnel and Industrial Relations Association (PIRA), National Employment Law Institute (NELI), National Institute for Trial Advocacy (NITA), National Employment Law Council (NELC), American Arbitration Association (AAA), Institute of Industrial Relations, and Los Angeles County Bar Association, among others, in New York, Washington, D.C., Houston, Dallas, Atlanta, San Francisco, Los Angeles, Berkeley, St. Maarten, Monterey, Las Vegas, among other locations. Topics include: wrongful termination litigation, sexual harassment, jury selection and persuasion, alternative dispute resolution (ADR), effective cross and direct examination, FEHA, ADA, OFCCP, ERISA, OSHA, preemption and preclusion, arbitration and collective bargaining, and legal writing, among others.

## PROFESSIONAL TRAINING

Graduate, National Session in Trial Advocacy, three-week intensive course sponsored by NITA, Boulder, Colorado (1985); Graduate, Advanced Advocacy Teacher Training, NITA, Berkeley, California (1985); Graduate, National Session in Alternative Dispute Resolution, Center for Dispute Resolution, Boulder, Colorado (1994).

## MEDIA APPEARANCES

Interviewed, UPN-13 News, on the topic of overtime disputes in workplace (2000)
Interviewed, UPN-13 News, on the topic of electronic privacy in workplace (1999)
Interviewed, KHJJ-AM, on the topic of sexual harassment (1996)

## PROFESSIONAL POSITIONS

1994-2001     Katten Muchin Zavis – Partner and Chair, Los Angeles Employment and Labor Group, representing management and individuals in employment and counseling, including wrongful termination, discrimination, sexual harassment, FEHA, ADA, NLRA, OSHA, arbitration, trade secret/employee inventions, and collective bargaining.
1990-1994     Hill Wynne Troop & Meisinger – Partner, representing management and individuals in litigation and counseling, involving wrongful termination, discrimination, sexual harassment issues, ERISA, FEHA, ADA, employee benefit issues, trade secret/employee inventions, arbitration, and collective bargaining.
1985-1990     Adams, Duque & Hazeltine – Partner, representation in appellate, trial and administrative proceedings, including U.S. Supreme Court. Issues include counseling, wrongful termination, discrimination, arbitration, trade secret/employee inventions, OFCCP, and collective bargaining.
1979-1985     National Broadcasting Company, Inc. – Senior Labor Counsel, representing NBC Television and Radio in labor and employment matters, including NLRA, wrongful termination, Title VII, arbitrations, trade secret/employee inventions, wage and hour, collective bargaining.
1975-1978     Brobeck, Phleger & Harrison and Feldman, Waldman & Kline - Associate and Summer Associate in labor and employment matters including NLRA, ERISA, Title VII, arbitration and collective bargaining.

Exhibit A

Exhibit A ,
P. 16

## PUBLICATIONS

Co-Editor and co-author, <u>Employment Litigation</u>, treatise,
Bancroft-Whitney (1993 - 2003)

"Updating Employee Complaint Procedures"
<u>California Employment Law Letter</u> (Feb. 2008)

"California Supreme Court Gives Victory to Employees,"
<u>The Corporate Counselor</u> (Summer 2007)

Co-Author, Employment Law Chapter
<u>Managing the Start-Up Business</u>, Kiplinger (Fall 2000)

Columnist, "Employment Law"
for <u>Los Angeles Daily Journal</u>  (1987-2000) (multiple articles)

"Family Leave Benefits--New Rights and Responsibilities"
<u>Los Angeles Lawyer</u> (July 1994)

"Case Studies and Trends in Employment Jury Verdicts"
<u>California Labor and Employment Law Quarterly</u> (Vol. 8, No. 8, Spring 1992)

"Jury Empathy Aids Counsel in Employment Litigation"
<u>National Law Journal</u> (May 1990)

"Drug Testing and Arbitration"
AAA Reporter (Winter 1990)

"Employment Contract Litigation After Foley"
<u>Beverly Hills Bar Association Journal</u>, (Vol. 23, No.1, Winter 1989)

"Preemption and Preclusion of Employee Common Law Rights by ERISA and Other Federal and State Statutes"
<u>Industrial Relations Law Journal</u> (U.C. Berkeley-Boalt Hall) (Vol. 11, No. 1, 1989)

"How to Prevent Wrongful Termination Lawsuits"
<u>Personnel</u> (Feb. 1988), the substance of which is reported on Page 1 of the <u>Wall Street Journal</u>, Apr. 18, 1988

"The Impact of Meritor Savings Bank v. Vinson on Arbitration Decisions"
<u>Arbitration Journal</u> (Dec. 1986) reprinted in <u>California Employee Relations Journal</u>, Inst. of Industrial Relations, U.C. Berkeley (June 1987).

Exhibit  A  ,
P.  17

## EXPERT WITNESS (since 2001)

Bessie Gallanis-Politis v. Department of Health Services
Deposition Testimony April 2006
Trial Testimony September 2006
(Defendant)

Teri Courtney, Lillian Ballinger, Elizabeth Blatt; and Joe Ellen Lathan v.
City of Redondo Beach; the Redondo Beach Police Department
Deposition Testimony April 2006
Trial Testimony May 2006
(Plaintiffs)

David Auberry v. Emax Laboratories, Inc.
Deposition Testimony June 2006
(Defendant)

Judith Becker, Amy Pape v. Gerald D. Buckberg
Deposition Testimony February 2004
(Defendant)

Warren Sumner v. Wamco, Inc.
Deposition Testimony February 2004
(Defendant)

Patrick Dorn v. UFCW Trust Fund
Trial Testimony September 2001
(Defendant)

**Exhibit** A ,
**P.** 18

**EXHIBIT B**

Exhibit A,
P. 19

## MATERIALS REVIEWED

### PLEADINGS

Carter Bryant's Complaint, dated April 27, 2004

Stipulation and [Proposed] Order Granting Defendant Carter Bryant Leave to File Counterclaim; Attached Counterclaim for Unfair Competition Recession, Declaratory Relief, Fraud, dated August 18, 2004

Stipulation and [Proposed] Order Granting Defendant Carter Bryant Leave to File Cross-Complaint; Attached Cross-Complaint for Unfair Competition, Rescission, Declaratory Relief, Fraud, dated August 27, 2004

MGA Entertainment, Inc. Complaint for False Designation of Origin, Affiliation, Association or Sponsorship; Unfair Competition; Dilution; and Unjust Enrichment - Case CV 05-02727, dated April 13, 2005

Order Granting Motions to Dismiss, dated July 17, 2006

Mattel's Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007

Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims (Vol. 2 - Confidential - Filed Under Seal), dated July 12, 2007

Carter Bryant's Second Amended reply to Mattel's Counterclaims Demand for Jury Trial, dated October 16, 2007

Stipulation and Order regarding Carter Bryant's Amended Reply to Mattel's Counterclaims, dated October 16, 2007

Carter Bryant's Amended Reply to Mattel's Counterclaim's, (Answering Statement) Demand for Jury Trial, dated September 12, 2007

Mattel, Inc.'s Separate Statement of Uncontested Facts and Conclusions of Law in Support of Mattel, Inc.'s Motion for Partial Summary Judgment, dated April 23, 2008

### DEPOSITIONS

Carter Bryant Vol. 1 - November 4, 2004
Carter Bryant Vol. 2 - November 5, 2004
Carter Bryant Vol. 3 - November 8, 2004
Carter Bryant Vol. 4 - January 23, 2008
Alan Kaye Vol. 1 - December 10, 2004
Alan Kaye Vol. 2 - June 21, 2007
Teresa Newcomb Vol. 1 - January 23, 2008
Lissa Freed Vol. 1 - May 3, 2008
Sandy Yonemoto Vol. 1 - May 30, 2007
Maureen Tafoya Vol. 1 - January 28, 2008
Bob Eckert Vol. 1 - January 28, 2008

Exhibit 
P. 20

Tim Kiplin Vol. 1 - January 25, 2008
Jill Nordquist Vol. 1 - July 31, 2007
Hoi Hoffman Vol. 1 - January 21, 2008
Adrienne Fontanella Vol. 1 - January 16, 2008
Paula Garcia Vol. 2 - May 25, 2007
Rebecca Harris Vol. 2 - January 22, 2008
Ivy Ross Vol. 1 - January 17, 2008
Christine Tomiyama Vol. 1 - February 27, 2008

## BATES NUMBERED DOCUMENTS

M0001430-M0001433 - Employee Policies & Benefits Handbook 1995
M0001547-M0001552 - MGA Consulting Agreement - Carter Bryant
M0001597 - Proprietary Information Checkout
M0001604 - Proprietary Information Checkout Form (signed by Bryant) 10/19/00
M0001613-M0001614 - Welcome Letter from Mattel to Bryant
M0001621 - Conflict of Interest Questionnaire - Carter Bryant 1/04/1998
M0001622 - Employee Confidential Information and Inventions Agreement
M0001636-M0001637 - Attachment 5 - Conflict of Interest Questionnaire - Carter Bryant 11/6/95
M0001638-M0001639 - Employee Confidential Information and Inventions (signed by Bryant) 11/6/95
M0001649-M0001650 - Offer of Employment Letter to Bryant
M0001654-M0001655 - Exit Interview Report - Carter Bryant 10/19/00
M0001664-M0001665 - Employer Letter - Assoc Designer from L. Robinson to C. Bryant 12/9/98
M0001667 - Carter Bryant Job Summary
M0014765 - Acknowledgement Receipt of Mattel Independent Contractors' Packet - Carter Bryant
M0079340-M0079341 - Employee Confidential Information and Inventions Agreement 3/31/04
M0079342-M0079343 - Employee Confidential Information and Inventions Agreement - undated
M0079344-M0079345 - Employee Confidential Information and Inventions Agreement 10/20/03
M0079346-M0079350 - Employee Confidential Information and Inventions Agreement 3/22/04
M0079351-M0079357 - Attachment A: Terms and Conditions of Employment 3/24/04
M0079358 - Employee Confidential Information and Inventions Agreement 3/24/03
M0096210-M0096211 - Exit Interview Report 4/6/00
M0096936-M0096037 - Employee Patent and Confidence Agreement
M0097911 - Exit Interview Check List 8/21/06
M0097991-M0097998 - Exit Interview Checkout Form 8/23/06
M0098140-M0098145 - Exit Interview Checkout Form
M0098265-M0098270 - Protecting Mattel's IP 3/18/04
M0164228-M0164231 - Exit Interview and Checkout Form for Executives 9/04
M0164260-M0164263 - Employee Obligation Manual
M0254766-M0254767 - Employee Invention and Trade Secret Agreement 4/22/96
M0254803-M0254810 - HR Toolkit Resource Guide
M0254812 - Toolkit Update 8/31/95
M0254816 - Employee Confidential Information and Invents Agreement (signed by Bryant) 1/4/99
M0254817 - Proprietary Information Checkout MAT-4125-B
M0254924-M0254930 - Separation Agreement and General Release
M0256441-M0256444 - Attachment A: Terms and Conditions of Employment 3/20/06
M0256452-M0256455 - Talking Points for HR Generalists
M0256565-M0256714 - Mattel Inc. Human Resources Personnel Policies Manual
M0256954-M0257127 - Employee Policies & Benefits Handbook
M0262651-M0262656 - New Hire Checklist - Various Dates

Exhibit A ,
P. 31

## OTHER

Expert Report of Bruce L. Stein, dated February 11, 2008
Expert Report of Peter S. Menell, dated February 11, 2008
Expert Report of D. Jan Duffy, dated February 11, 2008
Websites noted in Expert Rebuttal Report of Angel Gomez, dated March 17, 2008

Exhibit A ,
P. 22

1

## PROOF OF SERVICE

2

3     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4

5     On **March 17, 2008,** I served true copies of the following document described as: **Expert Rebuttal Report of Angel Gomez** on the parties in this action as follows:

6     Mike Werdegar                          Carl Roth
      **Keker & Van Nest, LLP**              **Skadden, Arps, Slate, Meageher & Flom**
7     710 Sansome Street                     **LLP**
      San Francisco, CA 94111                300 South Grand Ave.,
8     *mwerdegar@kvn.com*                    Suite 3400
                                             Los Angeles, CA 90071
9                                            *carl.roth@skadden.com*

10
      Mark E. Overland
11    **Overland Borenstein Scheper & Kim LLP**
      300 South Grand Ave.
12    Suite 2750
      Los Angeles, CA 90071
13    *moverland@obsklaw.com*

14

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission per stipulation
15   from the parties on March 17, 2008, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were
16   transmitted by electronic transmission and such transmission was reported as complete and without error.

17
      I declare under penalty of perjury under the laws of the State of California that the
18   foregoing is true and correct.

19

20

21     Executed on March 17, 2008, at Los Angeles, California.

22

23

24                                            Conor Teevan

25

26

27

28     Exhibit A ,
       P. 23
       07209/2436955.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

**Exhibit B**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3223**

WRITER'S INTERNET ADDRESS
**timalger@quinnemanuel.com**

March 20, 2008

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(Via Federal Express)

Thomas J. Nolan, Esq.
Marcus Mumford, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071
(Via Hand Delivery)

Mark E. Overland, Esq.
Overland Borenstein Scheper
& Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144
(Via Federal Express)

Re:  MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

Enclosed is Mattel's Supplemental Privilege Log, dated March 20, 2008.  The documents in entries 354-384 have been logged pursuant to Judge Infante's Order of March 10, 2008.

Please feel free to contact me if you have any questions.

Very truly yours,

Timothy L. Alger

Enclosure

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Exhibit B ,
P. 24

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-------------|
| 1. | Board of Directors Meeting Minutes (Redacted)<br><br>M 0737414-M 0737439 | March 12, 2004 | -- | -- | Legal advice regarding stockholder proposals and potential litigation matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 2. | Board of Directors Meeting Minutes | April 26, 2004 | -- | -- | Discussion of potential litigation matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 3. | Handwritten Notes | August 10, 2004 | Michael Moore, Esq. | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 4. | Email with handwritten notes and calendar attachment | August 10, 2004 | Michael Moore, Esq. | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 5. | Handwritten Notes | August 9, 2004 | Michael Moore, Esq. | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege |

---

[1] An assertion of the work product privilege means that the document was prepared in anticipation of this action or another potential action.

1 of 76

07209/2431915.1

Exhibit _B_,
P. _25_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 6. | Handwritten Notes | August 2, 2004 | Michael Moore, Esq. | — | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 7. | Handwritten Notes | July 25, 2004 | Michael Moore, Esq. | — | Attorney notes regarding attorney client meeting. | Attorney Client Privilege<br><br>Attorney Work Product |
| 8. | Legal Markings Document (Redacted)<br><br>M 0737440-M 0737442 | 2001 | Product Legal Administration | — | Legal advice regarding product licensing. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 26

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 9. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 10. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 11. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 12. | Attorney Notes | November 20, 2003 | Michael Moore, Esq. | -- | Attorney notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 13. | Attorney Notes | November 19, 2003 | Michael Moore, Esq. | -- | Handwritten notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 14. | Attorney Notes | November 18, 2003 | Michael Moore, Esq. | -- | Handwritten notes regarding Cityworld. | Attorney Client Privilege<br><br>Attorney Work Product |
| 15. | Attorney Notes | November 18, 2003 | Michael Moore, Esq. | -- | Handwritten notes regarding Cityworld call. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit _B_,
P. _27_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-------------|
| 16. | Memorandum | September 26, 2003 | Adelle Jones (Paralegal within Law Department) | Michael Moore, Esq. | Memorandum containing attorney work product regarding Cityworld. | Attorney Client Privilege Attorney Work Product |
| 17. | Attorney Notes | September 18, 2003 | Michael Moore, Esq. | — | Attorney notes regarding Cityworld. | Attorney Client Privilege Attorney Work Product |
| 18. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 19. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 20. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 21. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 22. | Email | November 11, 2003 | Richelle Savage (Paralegal within Law Department) | Michael Zeller, Esq. cc: Michael Moore, Esq. | Email regarding letters from Cityworld (attached letters produced). | Attorney Client Privilege Attorney Work Product |

07209/2431915.1

Exhibit B ,
P. 28

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 23. | Redacted Document  M 0012680-M 0012696 | January 7, 1995 – December 30, 1995 | -- | -- | Contractor List - Budget Center #, Total Billed, Budget Center Sub-total, contractor name/title redacted. | Attorney Client Privilege (and also non-responsive) |
| 24. | Redacted Document  M013842-M013847 | June 11, 1996  June 11, 1996 | Bill Bertini  Cathy A. Takemura | Cathy A. Takemura (Paralegal within Law Department)  Wendy Chisam - Planning | Email regarding legal and licensing issues / Legal advice redacted. | Attorney Client Privilege  Attorney Work Product |
| 25. | Redacted Document  M014357 | June 28, 2000 | Human Resources | Hastey Sullivan | Memo regarding salary increase / Salary data redacted. | Third-Party Privacy  Non-responsive |
| 26. | Redacted Document  M014358 | August 3, 1998 | Human Resources | Hastey Sullivan | Memo regarding salary increase / Salary data redacted. | Third-Party Privacy  Non-responsive |
| 27. | Typed Notes | Undated | Karen Ewing  (Paralegal within Law Department) | -- | Counsel comments on draft press release and attorney notes. | Attorney Client Privilege  Attorney Work Product |
| 28. | Email | September 14, 2000 | Karen Ewing | Sally Dail | Email string containing counsel's comments on draft advertising copy. | Attorney Client Privilege  Attorney Work Product |

5 of 76

072092431915.1

Exhibit B , P. 29

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 29. | Email (Redacted) M0074400 | Undated | De Anda, Richard | Kaye, Alan | Communication regarding former employee / Excerpts reflecting opinion of legal counsel redacted. | Attorney Client Privilege |
| 30. | Email | April 28, 2003 | Shuttleworth, Tiffany J | Meyer, Cynthia B, Esq. | Email string containing communication with legal counsel regarding My Scene video. | Attorney Client Privilege |
| 31. | Legal Markings Document (Redacted) M 0737459 | May 5, 2003 | Product Legal Administration | -- | Legal advice regarding product licensing. | Attorney Client Privilege / Attorney Work Product |
| 32. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 33. | Facsimile with Attachments | July 30, 2003 | Iser, Lawrence Y., Esq. (counsel at Greenberg Glusker) | De Anda, Richard | Communication by legal counsel regarding former employee. | Attorney Client Privilege |
| 34. | Email | August 4, 2003 | Nelson, Lisa | Fisher, Yvonne (Paralegal within Law Department) / Hooks, Brian | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 35. | Email | September 8, 2003 | De Anda, Richard | Moore, Michael, Esq. | Communication with legal counsel regarding former employee. | Attorney Client Privilege |

07209/2431915.1

Exhibit __B__,
P. __30__

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 36. | Advertising Review Form (Redacted) M 0737460 | October 24, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Patel, Tina | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 37. | Advertising Review Form | December 5, 2003 | International & Regulatory Law Group | Luk, Isaac | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 38. | Advertising Review Form | December 11, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 39. | Advertising Review Form | December 16, 2003 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 40. | Email | December 16, 2003 | Fisher, Yvonne | Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Haag, Debbie Gomez, Jean Kuchem, Kara | Communication by legal counsel regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 40(a). | Advertising Review Form (Redacted) M 0737461-M 0737462 | December 11, 2003 | Fisher, Yvonne | Haag, Debbie Gomez, Jean Kuchem, Kara Weitekamp, Rosina Leavitt, Margaret-Ann Grove, Norma | Legal advice regarding advertising. | Attorney Client Privilege Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 31

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 40(b). | Advertising Storyboard with Handwritten Notes (Redacted)<br><br>M 0737463-M 0737467 | December 10, 2003 | Fisher, Yvonne | Haag, Debbie<br>Gomez, Jean<br>Kuchem, Kara<br>Weitekamp, Rosina<br>Leavitt, Margaret-Ann<br>Grove, Norma | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 40(c). | Advertising Review Form (Redacted)<br><br>M 0737468 | December 5, 2003 | Fisher, Yvonne | Luk, Isaac<br>Leavitt, Margaret-Ann<br>Weitekamp, Rosina<br>Grove, Norma<br>Haag, Debbie<br>Gomez, Jean<br>Kuchem, Kara | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 41. | Email | January 12, 2004 | Leavitt, Margaret-Ann | Fisher, Yvonne | Email string containing communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 42. | Affidavit | January 14, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 43. | Affidavit | January 14, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 44. | Email | January 14, 2004 | Leavitt, Margaret-Ann | Sutherland, Jessica<br>Fisher, Yvonne | Email string containing communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 45. | Memo (Redacted) | January 17, 2004 | Leavitt, Margaret-Ann | Pallet-Bruck, Lisa | Communication containing advice from legal counsel on | Attorney Client Privilege |

0720922431915.1

Exhibit B ,
P. 32

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| | M 0737469 (Attachment produced) | | | | advertising. | |
| 46. | Memo (Redacted) M 0737471 (Attachment produced) | January 17, 2004 | Leavitt, Margaret-Ann | Pailet-Bruck, Lisa | Communication containing advice from legal counsel on advertising. | Attorney Client Privilege |
| 47. | Email | January 29, 2004 | Fisher, Yvonne | Welch, Merle Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Cabasso, Marian Hanahan, Jeanne Haag, Debbie Gomez, Jean Kuchem, Kara | Email string containing communication by legal counsel regarding advertising. | Attorney Client Privilege |
| 48. | Affidavit | February 2, 2004 | Bruck, Lisa P | Product Legal Department | Communication with legal counsel regarding advertising. | Attorney Client Privilege |
| 49. | Advertising Review Form | April 28, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege / Attorney Work Product |
| 50. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 51. | Chronological Record (Redacted) M 0074372 | March 15, 2002 - June 21, 2004 | De Anda, Richard | -- | Chronological record reflecting communication with and instructions from legal counsel | Attorney Client Privilege / Attorney Work Product |

0720/2431915.1

9 of 76

Exhibit B,
P. 33

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 52. | Email | August 30, 2004 | Neumann, Jeanette | Tonche, Lila (Paralegal within Law Department) | redacted. | Attorney Client Privilege; Attorney Work Product |
| 52(a). | Memorandum | August 30, 2004 | Neumann, Jeanette | Tonche, Lila | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege; Attorney Work Product |
| 52(b). | Advertising Review Form (Redacted) M 0737473 | August 31, 2004 | Tonche, Lila | Haag, Debbie Gomez, Jean Kuchem, Kara Neumann, Jeanette | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege; Attorney Work Product |
| 52(c). | Memorandum | July 21, 2004 | Neumann, Jeanette | Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege; Attorney Work Product |
| 52(d). | Advertising Review Form (Redacted) M 0737474 | July 20, 2004 | Tonche, Lila | Haag, Debbie Gomez, Jean Kuchem, Kara Neumann, Jeanette | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege; Attorney Work Product |
| 53. | Advertising Review Form | August 31, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Legal advice regarding advertising. | Attorney Client Privilege; Attorney Work Product |
|  |  |  |  |  | Prepared by legal counsel regarding advertising. |  |

10 of 76

07209/2431915.1

Exhibit B,
P. 34

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 54. | Advertising Review Form | August 31, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 55. | Advertising Review Form | September 10, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 56. | Advertising Review Form | September 10, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 57. | Investigative Log (Redacted)<br><br>M0074945 | September 20, 2004 | De Anda, Richard | -- | Investigative Log / Entry reflecting communication with legal counsel redacted. | Attorney Client Privilege |
| 58. | Advertising Review Form | October 5, 2004 | International & Regulatory Law Group | Haag, Debbie Gomez, Jean Kuchem, Kara | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 59. | Memorandum<br><br>(Attachment produced) | October 28, 2004 | Neumann, Jeanette | Tonche, Lila | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 59(a). | Advertising Storyboard with Handwritten Notes | October 27, 2004 | Tonche, Lila | Neumann, Jeanette | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

0720/2431915.1

Exhibit B,
P. 35

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| | (Redacted) M 0737475 | | | | | |
| 59(b). | Advertising Review Form (Redacted) M 0737476 | October 28, 2004 | Tonche, Lila | Luk, Isaac | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 59(c). | Typed Notes | Undated | Tonche, Lila | Neumann, Jeanette | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 59(d). | Advertising Storyboard with Handwritten Notes (Redacted) M 0737478 | October 27, 2004 | Tonche, Lila | Neumann, Jeanette | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 60. | Advertising Review Form | October 28, 2004 | International & Regulatory Law Group | Luk, Isaac | Prepared by legal counsel regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 61. | Email | November 3, 2004 | Tonche, Lila | McCarthy, Lori | Communication by legal counsel regarding commercials. | Attorney Client Privilege |

07209/2431915.1

Exhibit B,
P. 36

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 62. | Typed Notes | November 5, 2004 | International & Regulatory Law Group | — | Prepared by legal counsel regarding advertising. | Attorney Client Privilege / Attorney Work Product |
| 63. | Email | October 28, 2005 | Thomas, Jill, Esq. | De Anda, Richard | Communication by legal counsel regarding former employee. | Attorney Client Privilege |
| 64. | Email | October 28, 2005 | Zeller, Michael T., Esq. | Thomas, Jill, Esq. De Anda, Richard O'Connor, Brian, Esq. | Communication by legal counsel regarding former employee. | Attorney Client Privilege |
| 65. | Email | October 28, 2005 | Zeller, Michael T., Esq. | Thomas, Jill, Esq. De Anda, Richard O'Connor, Brian, Esq. | Communication by legal counsel regarding former employee. | Attorney Client Privilege |
| 66. | Email | November 3, 2005 | Thomas, Jill, Esq. | De Anda, Richard O'Connor, Brian, Esq. | Communication by legal counsel regarding former employee. | Attorney Client Privilege |
| 67. | Email | November 7, 2005 | De Anda, Richard | Ravelo, Oany | Communication reflecting communication with legal counsel regarding former employee. | Attorney Client Privilege |
| 68. | Letter | November 8, 2005 | Ristuccia, Alphonse V. | Zeller, Michael T., Esq. | Communication with legal counsel regarding former employee. | Attorney Client Privilege |
| 69. | Letter | November 22, 2005 | Ristuccia, Alphonse V. | Krebs, Tania, Esq. | Communication with legal counsel regarding former employee. | Attorney Client Privilege |

07209/2431915.1

Exhibit B,
P. 37

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 70. | Email | Undated | De Anda, Richard | Domazet, Mary | Communication regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 71. | Email | Undated | De Anda, Richard | Domazet, Mary | Communication regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 72. | Email | Undated | De Anda, Richard | Domazet, Mary | Communication regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 73. | Email | Undated | De Anda, Richard | Motley, Mark | Communication regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Work Product |
| 74. | Email | Undated | De Anda, Richard | Thomas, Jill, Esq. | Communication with legal counsel, regarding results of assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |

14 of 76

072092431915.1

Exhibit B ,
P. 38

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 75. | Letter | Undated | La Tourneau, Jeff | De Anda, Richard | Agent's communication regarding results of assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 76. | Email | October 2, 2002 | Kapantzos, Diane | Khan, Nazia<br><br>cc: Wachtfogel, Michele<br>Vernon, Cheryl<br>Fisher, Yvonne | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 77. | Email | October 17, 2002 | Fisher, Yvonne | Nelson, Lisa<br>Hooks, Brian<br>Haag, Debbie<br>Reisman, Galite<br>Cygielman, Jamie<br>Rapp, Cynthia<br>Hanahan, Jeanne<br>Khan, Nazia<br><br>cc: Kapantzos, Diane<br>(Paralegal within Law Department)<br>Tonche, Lila<br>Wachtfogel, Michele<br>(Paralegal within Law Department)<br>O'Connor, Brian, Esq. | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 39

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 78. | Email | November 2, 2002 | Fisher, Yvonne | Shandrick, Patrick<br>Whallon, Marie<br>Haag, Debbie<br>Reisman, Galite<br>Zee, Jean<br>Tonche, Lila<br>DeRosa, Christina<br>cc: O'Connor, Brian, Esq.<br>Vernon, Cheryl | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 79. | Email | November 12, 2002 | Whallon, Marie | Fisher, Yvonne<br>Shandrick, Patrick<br>Haag, Debbie<br>Reisman, Galite<br>Zee, Jean<br>Tonche, Lila<br>DeRosa, Christina<br>cc: O'Connor, Brian, Esq.<br>Vernon, Cheryl | Communication with counsel to obtain legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 80. | Email with Attachments | May 8, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Johnston, Kate<br>cc: McKnight, Lisa<br>Haag, Debbie<br>Rapp, Cynthia<br>Clifford, Stephen, Esq.<br>Kapantzos, Diane<br>Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 81. | Advertising Review Form (Redacted)<br><br>M 0737480 | May 22, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

16 of 76

Exhibit B, P. 40

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 82. | Advertising Review Form (Redacted) M 0737481 | May 22, 2003 | Fisher, Yvonne | Haag, Debbie Zee, Jean Rapp, Cynthia Nelson, Lisa Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 83. | Advertising Review Form (Redacted) M 0737482 | May 28, 2003 | Fisher, Yvonne | Haag, Debbie Zee, Jean Rapp, Cynthia Nelson, Lisa Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 84. | Email | July 2, 2003 | Armistead, Brad | Rosenbaum, Scott, Esq. cc: Janicek, Aaron | Communication with counsel to obtain legal advice regarding licensing contract. | Attorney Client Privilege |
| 85. | Typed and Handwritten Notes | July 25, 2003 | Zeller, Michael T., Esq. (Typed Notes) De Anda, Richard (Handwritten Notes) | Moore, Michael, Esq. De Anda, Richard Domazet, Mary | Legal counsel's instructions and directions regarding assignments. | Attorney Client Privilege Attorney Work Product |
| 86. | Email (Redacted) M 0109315-M 0109316 | August 8, 2003 | Guzman, Guillermo | O'Connor, Brian, Esq. | Communication with counsel to obtain legal advice regarding NPD. | Attorney Client Privilege |
| 87. | Email | August 27, 2003 | O'Connor, Brian, Esq. | Clifford, Stephen, Esq. Fisher, Yvonne | Communication between legal counsel regarding provision of legal advice pertaining to advertising. | Attorney Client Privilege Attorney Work Product |
| 88. | Email | August 27, 2003 | O'Connor, Brian, Esq. | Payne, Beatrice cc: Clifford, Stephen, Esq. Fisher, Yvonne | Communication regarding provision of legal advice pertaining to advertising. | Attorney Client Privilege Attorney Work Product |

07209/2431915.1

Exhibit _B_ ,
P. _41_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 89. | Email | August 28, 2003 | O'Connor, Brian, Esq. | Clifford, Stephen, Esq. Fisher, Yvonne | Communication between legal counsel regarding provision of legal advice pertaining to advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 90. | Advertising Review Form (Redacted)<br><br>M 0737483 | September 26, 2003 | Fisher, Yvonne | Haag, Debbie Zee, Jean Patel, Tina Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 91. | Advertising Review Form (Redacted)<br><br>M 0737484 | September 26, 2003 | Fisher, Yvonne | Haag, Debbie Zee, Jean Patel, Tina Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 92. | Email | November 2, 2003 | Rapp, Dawn | Fisher, Yvonne | Communication with counsel regarding legal advice for consumer research. | Attorney Client Privilege |
| 93. | Email | March 17, 2004 | Rosenbaum, Scott, Esq. | Bales, Betty, Esq. | Communication between counsel regarding licensing contract. | Attorney Client Privilege<br><br>Attorney Work Product |
| 94. | License Agreement (Redacted)<br><br>M 0151168-M 0151206 | April 1, 2004 | Mattel, Inc. (Licensor) | Springs Global US, Inc. (Licensee) | Royalty data and other proprietary information redacted. | Trade Secret |

0720/2431915.1

Exhibit B ,
P. 42

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 95. | License Agreement (Redacted)<br><br>M 0151246-M 0151284 | April 1, 2004 | Mattel, Inc. (Licensor) | Springs Global US, Inc. (Licensee) | Royalty data and other proprietary information redacted. | Trade Secret |
| 96. | License Agreement (Redacted)<br><br>M 0151342-M 0151380 | April 1, 2004 | Mattel, Inc. (Licensor) | Springs Global US, Inc. (Licensee) | Royalty data and other proprietary information redacted. | Trade Secret |
| 97. | License Agreement (Redacted)<br><br>M 0151503-M 0151542 | April 1, 2004 | Mattel, Inc. (Licensor) | Springs Global US, Inc. (Licensee) | Royalty data and other proprietary information redacted. | Trade Secret |
| 98. | License Agreement (Redacted)<br><br>M 0151544-M 0151582 | April 1, 2004 | Mattel, Inc. (Licensor) | Springs Global US, Inc. (Licensee) | Royalty data and other proprietary information redacted. | Trade Secret |
| 99. | License Agreement (Redacted)<br><br>M 0151583-M 0151622 | April 1, 2004 | Mattel, Inc. (Licensor) | Springs Global US, Inc. (Licensee) | Royalty data and other proprietary information redacted. | Trade Secret |

0720/2431915.1

Exhibit B,
P. 43

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 100. | Email | April 7, 2004 | Hammons, Kathleen | Rosenbaum, Scott, Esq. Janicek, Aaron<br><br>cc: DeRosa, Christina Levenson, Lesley Armistead, Brad | Communication with counsel to obtain legal advice regarding licensing contract.<br><br>Includes royalty rate information. | Attorney Client Privilege<br><br>Trade Secret |
| 101. | Email with Handwritten Notes | April 7, 2004 | Hammons, Kathleen | Rosenbaum, Scott, Esq. Janicek, Aaron<br><br>cc: DeRosa, Christina Levenson, Lesley Armistead, Brad | Communication with counsel to obtain legal advice regarding licensing contract. | Attorney Client Privilege |
| 102. | Facsimile with Attachment (Redacted)<br><br>M 0151146-M 0151165 | April 19, 2004 | Siegel, Nancie | Hammons, Kitti | Royalty data and other proprietary information redacted. | Trade Secret |
| 103. | Letter of Intent (Redacted)<br><br>M 0151322-M 0151341 | April 19, 2004 | DeRosa, Christina | Siegel, Nancie | Royalty data and other proprietary information redacted. | Trade Secret |
| 104. | Memorandum | September 20, 2004 | De Anda, Richard | Thomas, Jill, Esq. | Communication with legal counsel regarding results of assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |

0720912431915.1

Exhibit B
P. 44

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege [1] |
|---|---|---|---|---|---|---|
| 105. | Email | September 20, 2004 | De Anda, Richard | La Tourneau, Jeff | Communication with agent regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 106. | Email with Handwritten Notes | September 27, 2004 | De Anda, Richard | La Tourneau, Jeff | Communication with agent regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 107. | Email | November 22, 2004 | De Anda, Richard | Domazet, Mary | Communication regarding assignment, initiated pursuant to instructions from legal counsel. | Attorney Client Privilege<br><br>Attorney Work Product |
| 108. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 109. | Advertising Review Form | August 29, 2002 | Fisher, Yvonne | Haag, Debbie<br>Hershenson, Karen<br>Zee, Jean | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 110. | Advertising Review Form | August 29, 2002 | Fisher, Yvonne | Haag, Debbie<br>Hershenson, Karen<br>Zee, Jean | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

21 of 76

0720/2431915.1

Exhibit B
P. 45

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 111. | Email | September 5, 2002 | August, Jeanette | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege / Attorney Work Product |
| 112. | Email | September 6, 2002 | Fisher, Yvonne | August, Jeanette | Legal advice regarding advertising. | Attorney Client Privilege / Attorney Work Product |
| 113. | Email | September 12, 2002 | August, Jeanette | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege / Attorney Work Product |
| 114. | Email | September 24, 2002 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege / Attorney Work Product |
| 115. | Email | September 27, 2002 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege / Attorney Work Product |
| 116. | Email | September 27, 2002 | Hanahan, Jeanne | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege / Attorney Work Product |

22 of 76

07209/2431915.1

Exhibit B, P. 46

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 117. | Email | September 30, 2002 | Vernon, Cheryl | Kapantzos, Diane<br><br>cc: Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 118. | Email | October 1, 2002 | Khan, Nazia | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 119. | Email with Handwritten Notes | October 3, 2002 | Wachtfogel, Michele | Zee, Jean<br>Fisher, Yvonne<br><br>cc: Nelson, Lisa<br>Kapantzos, Diane | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 120. | Email with Handwritten Notes | October 3, 2002 | Kapantzos, Diane | Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 121. | Email | October 3, 2002 | Wachtfogel, Michele | Zee, Jean<br>Fisher, Yvonne<br><br>cc: Nelson, Lisa<br>Kapantzos, Diane | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 122. | Email | October 7, 2002 | Fisher, Yvonne | Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 123. | Email | October 7, 2002 | Wachtfogel, Michele | Kapantzos, Diane<br><br>cc: Fisher, Yvonne | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

0720/2431915.1

Exhibit _B_,
P. _47_

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 124. | Email | October 8, 2002 | Fisher, Yvonne | cc: Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 125. | Email | October 8, 2002 | Cygielman, Jamie | O'Connor, Brian, Esq.<br>Jensen, Julia<br><br>cc: Normile, Robert, Esq.<br>Vernon, Cheryl<br>Fisher, Yvonne<br>Wachtfogel, Michele | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 126. | Email | October 9, 2002 | Fisher, Yvonne | O'Connor, Brian, Esq. | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 127. | Email with Attachment | October 9, 2002 | Fisher, Yvonne | Reisman, Galite<br>Haag, Debbie<br>Cygielman, Jamie<br>Nelson, Lisa<br>Hooks, Brian<br>Hanahan, Jeanne<br>Dellacquila, Rick<br><br>cc: O'Connor, Brian, Esq.<br>Kapantzos, Diane<br>Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B ,
P. 48

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 128. | Email with Attachment | October 9, 2002 | Fisher, Yvonne | Reisman, Gallie Haag, Debbie Cygielman, Jamie Nelson, Lisa Hooks, Brian Hanahan, Jeanne Dellacquila, Rick<br><br>cc: O'Connor, Brian, Esq. Kapantzos, Diane Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 129. | Email (Redacted)<br><br>M 0737485 | October 10, 2002 | Dellacquila, Rick | Dickson, Richard<br><br>cc: DeRosa, Christina Fontanella, Adrienne Hanahan, Jeanne Cygielman, Jamie Bossick, Jerome | Communication reflecting legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 130. | Email | October 15, 2002 | Fisher, Yvonne | Nelson, Lisa Jones, Lisa Haag, Debbie<br><br>cc: Kapantzos, Diane Tonche, Lila Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 131. | Email | October 17, 2002 | Fisher, Yvonne | O'Connor, Brian, Esq. Kapantzos, Diane Tonche, Lila Wachtfogel, Michele | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

25 of 76

0720902431915.1

Exhibit B ,
P. 49

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 132. | Email | October 17, 2002 | Fisher, Yvonne | O'Connor, Brian, Esq. Kapantzos, Diane Tonche, Lila Wachtfogel, Michele | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 133. | Advertising Review Form (Redacted)<br><br>M 0737488 | October 25, 2002 | Fisher, Yvonne | Cygielman, Jamie Haag, Debbie Reisman, Galite Zee, Jean | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 134. | Email | October 24, 2002 | Fisher, Yvonne | Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 135. | Email with Attachment | October 25, 2002 | Fisher, Yvonne | Nelson, Lisa Knapp, Karen Hooks, Brian Hertz, Aldo<br><br>cc: Haag, Debbie Reisman, Galite Zee, Jean Hanahan, Jeanne | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 50

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 136. | Email with Attachment | October 25, 2002 | Fisher, Yvonne | Nelson, Lisa<br>Knapp, Karen<br>Hooks, Brian<br>Hertz, Aldo<br>Haag, Debbie<br>Reisman, Galite<br>Zee, Jean<br>Hanahan, Jeanne<br>Dellacquila, Rick<br>Khan, Nazia<br><br>cc: Cygielman, Jamie<br>Rapp, Cynthia | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 137. | Email | October 29, 2002 | Fisher, Yvonne | Nelson, Lisa<br>Hertz, Aldo<br><br>cc: Hooks, Brian | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 138. | Email | October 29, 2002 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

27 of 76

0720092431915.1

Exhibit 3,
P. 51

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 139. | Email | October 29, 2002 | Haag, Debbie | Nelson, Lisa<br>Hanahan, Jeanne<br>Rapp, Cynthia<br>Valles, Gloria<br>Jones, Lisa<br>Haag, Debbie<br>Fisher, Yvonne<br>Cabasso, Marian<br>Connell, Michael<br>Reisman, Galite<br>Cygielman, Jamie<br><br>cc: Hooks, Brian<br>Hertz, Aldo | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 140. | Email with Attachment | October 31, 2002 | Fisher, Yvonne | Nelson, Lisa<br>Cygielman, Jamie<br>Rapp, Cynthia<br>Haag, Debbie<br>Reisman, Galite<br>Zee, Jean<br>Dellacquila, Rick<br>Hanahan, Jeanne<br>Khan, Nazia | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

28 of 76

Exhibit _B_,
P. _52_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 141. | Email | November 6, 2002 | Hanahan, Jeanne | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 142. | Email | November 6, 2002 | Fisher, Yvonne | Khan, Nazia<br>Hanahan, Jeanne | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 143. | Email | November 7, 2002 | Fisher, Yvonne | Whallon, Marie<br>Shandrick, Patrick<br><br>cc: Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

29 of 76

0720924319151.1

Exhibit __B__ ,
P. __53__

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 144. | Email | November 11, 2002 | Vernon, Cheryl | Spayd, Ben (paralegal within Law Department) Takemura, Cathy Smith, Cris (paralegal within Law Department) Kapantzos, Diane Fisher, Yvonne Creeger, Grant (paralegal within Law Department) Ewing, Karen Alkire, Lorraine (paralegal within Law Department) Dewart, Michael (paralegal within Law Department) Wachtfogel, Michele Nelson, Linda (paralegal within Law Department) Tonche, Lila Vernon, Cheryl Maymudes, Zicel (paralegal within Law Department) | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege  Attorney Work Product |
| 145. | Email | November 14, 2002 | Fisher, Yvonne | O'Connor, Brian, Esq. | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege  Attorney Work Product |
| 146. | Email with Attachment | November 14, 2002 | Fisher, Yvonne | Kapantzos, Diane Tonche, Lila  cc: Vernon, Cheryl   O'Connor, Brian, Esq. | Legal advice regarding advertising. | Attorney Client Privilege  Attorney Work Product |

30 of 76

0720092431915.1

Exhibit B,
P. 54

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 147. | Email with Attachment | January 9, 2003 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 148. | Email with Attachments | January 22, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Nelson, Lisa<br><br>cc: McGuigan, Marianne<br>Cabasso, Marian<br>Khan, Nazia | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 149. | Draft Press Release | January 31, 2003 | Jensen, Julia<br>Sarachit, Jaime | Tonche, Lila | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 150. | Advertising Review Form (Redacted)<br><br>M 0737489 | February 4, 2003 | Fisher, Yvonne | Luk, Isaac | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 151. | Email | February 11, 2003 | Luk, Isaac | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 152. | Advertising Review Form | February 11, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Johnston, Kate<br>Haag, Debbie<br>Zee, Jean | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

0720924319151

Exhibit __B__,
P. __55__

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|-------------------------------------------|--------------|
| 153. | Advertising Review Form | February 11, 2003 | Fisher, Yvonne Kapantzos, Diane Tonche, Lila | Nelson, Lisa Johnston, Kate Haag, Debbie Zee, Jean | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 154. | Email | February 12, 2003 | Clifford, Stephen, Esq. | Kapantzos, Diane Fisher, Yvonne<br><br>cc: Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 155. | Email | February 12, 2003 | Zee, Jean | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 156. | Email | February 12, 2003 | Zee, Jean | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 157. | Email with Handwritten Notes | February 12, 2003 | Nelson, Lisa | Haag, Debbie Rapp, Cynthia Hooks, Brian Fisher, Yvonne Zee, Jean<br><br>cc: Hertz, Aldo | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 158. | Email | February 13, 2003 | Kapantzos, Diane | Fisher, Yvonne<br><br>cc: Tonche, Lila Clifford, Stephen, Esq. | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

0720920243191815.1

Exhibit _B_,
P. _56_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 159. | Email with Attachments | February 13, 2003 | Fisher, Yvonne | Wachtfogel, Michele | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 160. | Email | February 13, 2003 | Fisher, Yvonne | Clifford, Stephen, Esq.<br>Kapantzos, Diane<br><br>cc: Tonche, Lila | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 161. | Email | February 14, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Zee, Jean<br>Haag, Debbie<br>Rapp, Cynthia<br><br>cc: Clifford, Stephen, Esq.<br>Kapantzos, Diane<br>Tonche, Lila | Legal advice, regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 162. | Email | February 14, 2003 | Fisher, Yvonne | Zee, Jean<br>Nelson, Lisa<br>Haag, Debbie<br>Rapp, Cynthia<br>Hooks, Brian<br><br>cc: Clifford, Stephen, Esq.<br>Kapantzos, Diane<br>Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 163. | Email | February 17, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Zee, Jean<br>Haag, Debbie<br><br>cc: Hertz, Aldo | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

33 of 76

0720924319151

Exhibit _B_ ,
P. _57_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 164. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 165. | Email with Handwritten Notes | February 18, 2003 | Norton, Robert, Esq. | Hershenson, Karen Wilcox, Jo (Paralegal in Law Department) cc: Zee, Jean Haag, Debbie Turetzky, Matthew Fisher, Yvonne | Legal advice regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 166. | Email | February 19, 2003 | Fisher, Yvonne | Zee, Jean Hershenson, Karen cc: Kapantzos, Diane Tonche, Lila Clifford, Stephen, Esq. Haag, Debbie | Legal advice regarding advertising | Attorney Client Privilege Attorney Work Product |
| 167. | Email | February 19, 2003 | Nelson, Lisa | Fisher, Yvonne Zee, Jean | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege Attorney Work Product |

07209/2431915.1

34 of 76

Exhibit _B_, P. _58_

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 168. | Email | March 4, 2003 | Valles, Gloria | Nelson, Lisa; Valles, Gloria; Rapp, Cynthia; Jones, Lisa; Fisher, Yvonne; Haag, Debbie; Cygielman, Jamie; cc: Hertz, Aldo; Johnston, Kate | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege; Attorney Work Product |
| 169. | Email | March 4, 2003 | Nelson, Lisa | Valles, Gloria; Rapp, Cynthia; Jones, Lisa; Fisher, Yvonne; Haag, Debbie; Cygielman, Jamie; cc: Hertz, Aldo; Johnston, Kate | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege; Attorney Work Product |
| 170. | Email | March 10, 2003 | Nelson, Lisa | Fisher, Yvonne; cc: Johnston, Kate; Hertz, Aldo | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege; Attorney Work Product |
| 171. | Email | March 12, 2003 | Fisher, Yvonne | Nelson, Lisa; cc: Johnston, Kate; Hertz, Aldo | Legal advice regarding advertising. | Attorney Client Privilege; Attorney Work Product |
| 172. | Advertising Script with Handwritten Notes (Redacted) | March 19, 2003 | Fisher, Yvonne | -- | Notes by legal counsel regarding advertising. | Attorney Work Product |

35 of 76

0720912431915.1

Exhibit _B_,
P. _59_

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| | M 0737492-M 0737493 | | | | | |
| 173. | Email (Attachment produced) | March 20, 2003 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 174. | Email | March 21, 2003 | Nelson, Lisa | Rapp, Cynthia<br>Valles, Gloria<br>Haag, Debbie<br>Fisher, Yvonne<br>Zee, Jean<br>Shandrick, Patrick<br>Whallon, Marie<br>McKnight, Lisa<br>Jones, Lisa<br><br>cc: Hooks, Brian<br>Johnston, Kate<br>Hertz, Aldo | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client. Privilege<br><br>Attorney Work Product |
| 175. | Advertising Review Form | March 24, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Johnston, Kate<br>Haag, Debbie<br>Zee, Jean<br>Hershenson, Karen | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

36 of 76

07209/2431915.1

Exhibit B ,
P. 60

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 176. | Email with Attachments | March 24, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Hooks, Brian<br>Johnston, Kate<br>Hertz, Aldo<br>Cygielman, Jamie<br>Haag, Debbie<br>Hershenson, Karen<br>Zee, Jean<br>Hanahan, Jeanne<br>Khan, Nazia<br>McGuigan, Marianne<br>Cabasso, Marian<br><br>cc: Stephen Clifford, Esq.<br>Diane Kapantzos,<br>Lila Toche | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 177. | Email with Handwritten Notes | April 2, 2003 | Li, Fanny | Oesterheld, Richard<br>Tonche, Lila | Communication with counsel regarding legal advice on packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 178. | Email with Attachment and Handwritten Notes | May 5, 2003 | Nelson, Lisa | McKnight, Lisa<br>Haag, Debbie<br>Fisher, Yvonne<br>Rapp, Cynthia<br><br>cc: Johnston, Kate | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 179. | Email | May 6, 2003 | Khan, Nazia | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

37 of 76

07209/2431915.1

**Exhibit B ,**
**P. 61**

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 180. | Email | May 21, 2003 | Tonche, Lila | McKnight, Lisa Fisher, Yvonne | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 181. | Email | May 21, 2003 | McKnight, Lisa | Fisher, Yvonne Tonche, Lila | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 182. | Email | May 21, 2003 | Fisher, Yvonne | McKnight, Lisa Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 183. | Email with Handwritten Notes | May 21, 2003 | Fisher, Yvonne | Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 184. | Email with Attachment | May 22, 2003 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

0720692431915.1

Exhibit B,
P. 62

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 185. | Email with Attachments | May 29, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Johnston, Kate<br>Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>McGuigan, Marianne<br>Cabasso, Marian<br>Hanahan, Jeanne<br>Khan, Nazia<br><br>cc: Clifford, Stephen, Esq.<br>Kapantzos, Diane<br>Tonche, Lila | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 185(a). | Advertising Review Form (Redacted)<br><br>M 0737500 | May 28, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 185(b). | Typed Notes | Undated | Mattel Law Department | — | Legal advice regarding compliance with advertising standards. | Attorney Client Privilege<br><br>Attorney Work Product |
| 186. | Email | May 30, 2003 | Fisher, Yvonne | Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 187. | Email with Attachment | June 2, 2003 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

39 of 76

0720092431915.1

Exhibit B ,
P. 63

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 188. | Email | June 2, 2003 | Fisher, Yvonne | McKnight, Lisa Haag, Debbie<br><br>cc: Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 189. | Email | June 2, 2003 | McKnight, Lisa | Fisher, Yvonne Haag, Debbie<br><br>cc: Nelson, Lisa | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 190. | Email with Attachment | June 3, 2003 | Fisher, Yvonne | Nelson, Lisa<br><br>cc: McKnight, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 191. | Email | June 3, 2003 | Fisher, Yvonne | Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 192. | Email with Attachment | June 4, 2003 | Nelson, Lisa | Fisher, Yvonne | Agents communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 193. | Email | June 6, 2003 | Moore, Michael, Esq. | Fisher, Yvonne | Legal advice regarding trademark. | Attorney Client Privilege<br><br>Attorney Work Product |
| 194. | Email with Attachments | June 10, 2003 | Fisher, Yvonne | Kersting, Anita<br><br>(Paralegal within the Law Department) | Communication with counsel regarding legal advice on trademark. | Attorney Client Privilege<br><br>Attorney Work Product |

0720/9/2431915.1

Exhibit B,
P. 64

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 195. | Email | June 18, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 196. | Email | June 18, 2003 | Kersting, Anita | Fisher, Yvonne | Legal advice regarding trademark. | Attorney Client Privilege<br><br>Attorney Work Product |
| 197. | Advertising Review Form (Redacted)<br><br>M 0737501 | June 20, 2003 | Fisher, Yvonne | McKnight, Lisa<br>Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 198. | Email with Attachment | June 20, 2003 | Fisher, Yvonne | McKnight, Laurie<br>Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 199. | Email with Attachment and Handwritten Notes | June 23, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 200. | Email with Handwritten Notes | June 23, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

0720924319151.1

Exhibit _B_,
P. _65_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 201. | Email | June 24, 2003 | Kersting, Anita | Fisher, Yvonne | Legal advice regarding trademark. | Attorney Client Privilege<br><br>Attorney Work Product |
| 202. | Email | June 25, 2003 | Nelson, Lisa | Fisher, Yvonne | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 203. | Email | June 25, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Haag, Debbie<br>McKnight, Lisa<br>Rapp, Cynthia<br><br>cc: Hooks, Brian | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 204. | Advertising Review Form (Redacted)<br><br>M 0737502 | June 25, 2003 | Fisher, Yvonne | McKnight, Lisa<br>Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 205. | Email<br><br>(Attachment produced) | July 1, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Haag, Debbie<br>Rapp, Cynthia<br>McGuigan, Marianne<br>Cabasso, Marian<br>Khan, Nazia | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 206. | Email with Handwritten Notes | July 2, 2003 | Nelson, Lisa | Fisher, Yvonne<br>McKnight, Lisa<br>Mitchell, Lisa<br><br>cc: Haag, Debbie<br>Patel, Tina | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

42 of 76

07209/2431915.1

Exhibit B,
P. 66

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 207. | Email with Handwritten Notes | July 9, 2003 | Fisher, Yvonne | Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 208. | Advertising Review Form (Redacted)<br><br>M 0737504-M 0737505 | July 10, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 209. | Email | July 22, 2003 | Nelson, Lisa | Fisher, Yvonne<br>Haag, Debbie<br>McKnight, Lisa<br><br>cc: Rapp, Cynthia<br>Valles, Gloria | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 210. | Email | July 22, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Haag, Debbie<br><br>cc: Villasenor, Erica | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 211. | Email | June 23, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 212. | Email with Handwritten Notes<br><br>(Email and attachment produced) | June 23, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

43 of 76

0720924391915.1

Exhibit  B,
P. 67

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 212(a). | Typed Notes | June 23, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 213. | Email | July 29, 2003 | Fisher, Yvonne | Nelson, Lisa<br>McKnight, Lisa<br>Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Johnston, Kate<br>Villasenor, Erica (Intern in Law Department) | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 214. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 215. | Email | August 5, 2003 | McLaughlin, Michelle | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 216. | Advertising Review Form (Redacted)<br><br>M 0737510 | August 5, 2003 | Fisher, Yvonne | Haag, Debbie<br>Zee, Jean<br>Rapp, Cynthia<br>Nelson, Lisa<br>Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 217. | Email | August 5, 2003 | Fisher, Yvonne | Nelson, Lisa<br>Haag, Debbie<br>Willensky, Allison<br><br>cc: Clifford, Stephen, Esq. | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

44 of 76

0720/92431915.1

Exhibit  B ,
P.  68

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 218. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 219. | [INTENTIONALLY LEFT BLANK] | | | | | |
| 220. | Email | August 7, 2003 | Haag, Debbie | Fisher, Yvonne Nelson, Lisa Hanahan, Jeanne Zee, Jean Villasenor, Erica | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege Attorney Work Product |
| 221. | Email with Attachment | August 12, 2003 | Hooks, Brian | Fisher, Yvonne Johnston, Kate Cruz, Jackye | Agent's communication with counsel regarding legal advice on advertising. | Attorney Client Privilege Attorney Work Product |
| 222. | Advertising Review Form (Redacted) M 0737512 (Email and attachment produced) | August 13, 2003 | Fisher, Yvonne | Haag, Debbie Zee, Jean Rapp, Cynthia Nelson, Lisa Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege Attorney Work Product |
| 223. | Email | August 27, 2003 | O'Connor, Brian, Esq. | Clifford, Stephen, Esq. Fisher, Yvonne | Legal advice regarding advertising. | Attorney Client Privilege Attorney Work Product |

0720920243191915.1

Exhibit B ,
P. 69

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 224. | Email | August 27, 2003 | Fisher, Yvonne | Clifford, Stephen, Esq.<br><br>cc: O'Connor, Brian, Esq. | Communication within Law Department regarding communication with CARU. | Attorney Work Product |
| 225. | Email | August 27, 2003 | O'Connor, Brian, Esq. | Luther, Sujata<br><br>cc: Clifford, Stephen, Esq. Fisher, Yvonne Haag, Debbie Bossick, Jerome | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 226. | Email with Attachment | August 28, 2003 | Fisher, Yvonne | O'Connor, Brian, Esq. Clifford, Stephen, Esq. | Communication within Law Department regarding communication with CARU. | Attorney Work Product |
| 227. | Email with Attachment | August 28, 2003 | O'Connor, Brian, Esq. | Luther, Sujata Bossick, Jerome Haag, Debbie<br><br>cc: Clifford, Stephen, Esq. Normile, Robert, Esq. Fisher, Yvonne | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 228. | Email | September 3, 2003 | Rapp, Dawn | Clifford, Stephen, Esq.<br><br>cc: Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 229. | Email (Attachment produced) | September 9, 2003 | Fisher, Yvonne | Hooks, Brian Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

46 of 76

07209/2431915.1

Exhibit B,
P. 70

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 229(a). | Typed Notes | September 9, 2003 | Fisher, Yvonne Luk, Isaac | Hooks, Brian Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 229(b). | Advertising Review Form (Redacted)<br><br>M 0737517 | September 9, 2003 | Fisher, Yvonne | Luk, Isaac Hooks, Brian Johnston, Kate | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 230. | Advertising Review Form (Redacted)<br><br>M 0737518 | September 30, 2003 | Fisher, Yvonne | Haag, Debbie Zee, Jean Patel, Tina Leavitt, Margaret-Ann Grove, Norma Frey, Marcy Weitekamp, Rosina | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 231. | Advertising Review Form (Redacted)<br><br>M 0737519 | September 30, 2003 | Fisher, Yvonne | Luk, Issac | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

47 of 76

07209/2431915.1

Exhibit  B ,
P.  71

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 232. | Email | October 15, 2003 | Leavitt, Margaret-Ann | Fisher, Yvonne | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 233. | Email | October 22, 2003 | Fisher, Yvonne | O'Connor, Brian, Esq. | Communication within Law Department regarding communication with CARU. | Attorney Client Privilege<br><br>Attorney Work Product |
| 234. | Email | October 23, 2003 | Hanahan, Jeanne | Kauffmann, Ken<br>Haag, Debbie<br>Dellacquila, Rick<br>O'Connor, Brian, Esq.<br><br>cc: Fisher, Yvonne<br>Kilpin, Tim<br>Luther, Sujata<br>Arons, Russell<br>Weitekamp, Rosina<br>Grove, Norma<br>Leavitt, Margaret-Ann | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

48 of 76

07209/2431915.1

Exhibit B,
P. 72

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege [1] |
|---|---|---|---|---|---|---|
| 235. | Email | October 23, 2003 | O'Connor, Brian, Esq. | Fisher, Yvonne<br><br>cc: Kauffmann, Ken | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 236. | Email | October 23, 2003 | Haag, Debbie | O'Connor, Brian, Esq.<br>Leavitt, Maragaret-Ann<br>Gomez, Jean<br>Patel, Tina<br>Dellacquila, Rick<br>Fisher, Yvonne<br><br>cc: Clifford, Stephen, Esq.<br>Grove, Norma<br>Weitekamp, Rosina | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 237. | Email | October 23, 2003 | Dellacquila, Rick | Kauffmann, Ken<br><br>cc: O'Connor, Brian, Esq.<br>Fisher, Yvonne<br>Kilpin, Tim<br>Luther, Sujata<br>Arons, Russell<br>Haag, Debbie<br>Hanahan, Jeanne | Communication reflecting legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

49 of 76

07209/2431915.1

Exhibit _B_,
P. _73_

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 238. | Email | October 23, 2003 | O'Connor, Brian, Esq. | Leavitt, Margaret-Ann Haag, Debbie Gomez, Jean Patel, Tina Dellacquila, Rick Fisher, Yvonne<br><br>cc: Clifford, Stephen, Esq. Grove, Norma Weitekamp, Rosina | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 239. | Email | October 22, 2003 | Fisher, Yvonne | Leavitt, Margaret-Ann Haag, Debbie Gomez, Jean Patel, Tina Dellacquila, Rick<br><br>cc: O'Connor, Brian, Esq. Clifford, Stephen, Esq. | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 240. | Email | October 27, 2003 | Leavitt, Margaret-Ann | Cabasso, Marian<br><br>cc: Hanahan, Jeanne Kauffmann, Ken Fisher, Yvonne Pallet-Bruck, Lisa Weitekamp, Rosina | Communication reflecting legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit _B_,
P. _74_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 241. | Email | October 27, 2003 | Fisher, Yvonne | O'Connor, Brian, Esq. Clifford, Stephen, Esq. | Communication within Law Department regarding advertising and privileged communications with client. | Attorney Client Privilege<br><br>Attorney Work Product |
| 242. | Email | October 27, 2003 | Fisher, Yvonne | Kauffmann, Ken O'Connor, Brian, Esq.<br><br>cc: Haag, Debbie Dellacquila, Rick Hanahan, Jeanne Leavitt, Margaret-Ann Weitekamp, Rosina Grove, Norma Gomez, Jean Pailet-Bruck, Lisa | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 243. | Email with Handwritten Notes | January 28, 2004 | Dyer, Ian | Oesterheld, Richard Tonche, Lila Ritchie, Christian Luk, Isaac | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |

51 of 76

07209/2431915.1

Exhibit __B__,
P. __75__

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 244. | Email | January 28, 2004 | Luk, Isaac | Oesterheld, Richard<br><br>cc: Tonche, Lila<br>Dyer, Ian<br>Ritchie, Christian | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 245. | Email | February 12, 2004 | Ewing, Karen | Valenzuela, Mary<br>Khan, Nazia<br>Tonche, Lila<br>Leavitt, Margaret-Ann<br>Kuchem, Kara<br>Gomez, Jean<br><br>cc: Fisher, Yvonne<br>Clifford, Stephen, Esq. | Legal advice regarding advertising. | Attorney Client Privilege<br><br>Attorney Work Product |
| 246. | Memo with Handwritten Notes | March 8, 2004 | O'Brien, Kate (counsel at Morrison & Foerster) | Normile, Robert, Esq.<br>O'Connor, Brian, Esq.<br>Stephen, Clifford, Esq.<br><br>cc: Moore, Michael, Esq. | Legal advice regarding competition. | Attorney Client Privilege<br><br>Attorney Work Product |

52 of 76

07209/2431915.1

Exhibit _B_,
P. _76_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 247. | Email with Attachments | April 25, 2004 | Moore, Michael, Esq. | Tonche, Lila Aiken, Donald, Esq. Zeller, Michael, Esq. | Legal advice regarding press release. | Attorney Client Privilege Attorney Work Product |
| 248. | Email | April 26, 2004 | Tonche, Lila | Moore, Michael, Esq. Aiken, Donald, Esq. Zeller, Michael, Esq. | Communication with counsel regarding legal advice on press release. | Attorney Client Privilege Attorney Work Product |
| 249. | Email | April 26, 2004 | Tonche, Lila | Moore, Michael, Esq. cc: Aiken, Donald, Esq. Zeller, Michael, Esq. | Communication with counsel regarding legal advice on press release. | Attorney Client Privilege Attorney Work Product |
| 250. | Email | April 26, 2004 | Moore, Michael, Esq. | Tonche, Lila cc: Aiken, Donald, Esq. Zeller, Michael, Esq. | Legal advice regarding press release. | Attorney Client Privilege Attorney Work Product |
| 251. | Email | April 26, 2004 | Tonche, Lila | Moore, Michael, Esq. cc: Aiken, Donald, Esq. Zeller, Michael, Esq. | Communication with counsel regarding legal advice on press release. | Attorney Client Privilege Attorney Work Product |
| 252. | Agreement with Handwritten Notes | Undated | Piccus, Todd, Esq. | — | Legal advice regarding stock option plan. | Attorney Client Privilege Attorney Work Product |

53 of 76

Exhibit _B_,
P. _77_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|-----------|
| 253. | Email | March 18, 1999 | Meyer, Cynthia, Esq. | Geithner, Darlene Kelly, Karen | Legal advice regarding contract. | Attorney Client Privilege<br><br>Attorney Work Product |
| 254. | Product Sign-off Sheet | April 25, 2000 | Ewing, Karen | Vandenberg, Jane Alderete, Michele Mo, Ann Chan, S. Y. | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 255. | Letter with Attachment | September 21, 2000 | Penny, Theodore, Esq. (Clopton, Penny & Brenner) | Darcy, Debbie Melchionne, Bernie | Legal advice regarding worker's compensation case. | Attorney Client Privilege<br><br>Attorney Work Product |
| 256. | Excerpt of Letter with Handwritten Notes | September 21, 2000 | Penny, Theodore, Esq. | Darcy, Debbie Melchionne, Bernie | Legal advice regarding worker's compensation case. | Attorney Client Privilege<br><br>Attorney Work Product |
| 257. | Facsimile | February 20, 2002 | Franke, Joe | McShane, Michele, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege |
| 258. | Memorandum | June 20, 2002 | Jolicoeur, Sonia (Paralegal within Law Department) | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit _B_,
P. _78_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 259. | Memorandum | July 16, 2002 | Carollo, Sandra<br><br>(Assistant to O'Connor, Brian, Esq.) | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 260. | Email | September 13, 2002 | Pavlovics, Julie | Penny, Theodore, Esq.<br>cc: Melchionne, Bernie | Communication with counsel regarding worker's compensation case. | Attorney Client Privilege |
| 261. | Facsimile | September 30, 2002 | Jolicoeur, Sonia | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 262. | Memorandum | October 16, 2002 | Kersting, Anita | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 263. | Website Printout with Handwritten Notations | November 13, 2002 | Zeller, Michael, Esq. | -- | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 264. | Facsimile | November 14, 2002 | Clavel, Lucille<br><br>(Assistant to Zeller, Michael, Esq.) | CalExpress (Agent) | Counsel's communication with agent regarding assignment, related to legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 79

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 265. | Email | November 19, 2002 | Zeller, Michael, Esq. | McShane, Michele, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 266. | Email | November 20, 2002 | McShane, Michele, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 267. | Facsimile | April 9, 2003 | Zeller, Michael, Esq. | O'Connor, Brian, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 268. | Email with Attachments | May 9, 2003 | Zeller, Michael, Esq. | Normile, Robert, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 269. | Email with Attachments | June 9, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 270. | Email with Attachment | June 9, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit _B_ ,
P. _80_

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 271. | Email with Attachment | June 12, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 272. | Email | June 12, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 273. | Email | July 16, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 274. | Facsimile | July 17, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 275. | Email | July 24, 2003 | Zeller, Michael, Esq. | Normile, Robert, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 276. | Email | July 24, 2003 | Zeller, Michael, Esq. | Fournaux, Jeffrey, Esq. (Wachtell, Lipton, Rosen & Katz)<br>Quinn, John, Esq.<br>Moore, Michael, Esq.<br>Schwartz, Michael, Esq.<br>(Wachtell, Lipton, Rosen & Katz) | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 81

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| | | | | Normile, Robert, Esq. | | |
| 277. | Email | July 24, 2003 | Zeller, Michael, Esq. | Fourmaux, Jeffrey, Esq. Quinn, John, Esq. Moore, Michael, Esq. Schwartz, Michael, Esq. Normile, Robert, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 278. | Email | July 24, 2003 | Zeller, Michael, Esq. | Fourmaux, Jeffrey, Esq. Quinn, John, Esq. Moore, Michael, Esq. Schwartz, Michael, Esq. Normile, Robert, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 279. | Email with Attachment | July 25, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 280. | Email | July 30, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. cc: Thomas, Jill, Esq. Normile, Robert, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 281. | Email | July 30, 2003 | Zeller, Michael, Esq. | Thomas, Jill, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege  Attorney Work Product |

58 of 76

0720/2431915.1

Exhibit B,
P. 82

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 282. | Email | July 30, 2003 | Zeller, Michael, Esq. | Fourmaux, Jeffrey, Esq. Thomas, Jill, Esq. Quinn, John, Esq. Moore, Michael, Esq. Schwartz, Michael, Esq. Normile, Robert, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 283. | Facsimile | August 1, 2003 | Normile, Robert, Esq. | Zeller, Michael, Esq. Quinn, John, Esq. Brownstein, Andy, Esq. (Wachtell, Lipton, Rosen & Katz) Schwartz, Michael, Esq. Fourmaux, Jeffrey, Esq. Rooney, William, Esq. (Willkie Farr & Gallagher) | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 284. | Email | August 5, 2003 | Zeller, Michael, Esq. | Thomas, Jill, Esq. Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 285. | Memorandum | August 6, 2003 | Savage, Richelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege  Attorney Work Product |
| 286. | Email | August 18, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege  Attorney Work Product |

07209/2431915.1

Exhibit B ,
P. 83

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 287. | Email | August 19, 2003 | Zeller, Michael, Esq. | Ristuccia, Al | Counsel's communication with agent regarding assignment, related to legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 288. | Memorandum | August 19, 2003 | Savage, Richelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 289. | Email with Attachment | August 20, 2003 | Ristuccia, Al | Zeller, Michael, Esq. | Agent's communication with counsel regarding assignment, related to legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 290. | Email with Attachment | August 20, 2003 | Ristuccia, Al | Zeller, Michael, Esq. | Agent's communication with counsel regarding assignment, related to legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 291. | Email | September 12, 2003 | Savage, Richelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 292. | Email | September 19, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

07209/2431915.1

Exhibit B,
P. 84

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 293. | Email | September 22, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 294. | Email | September 23, 2003 | Zeller, Michael, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 295. | Email | September 26, 2003 | Zeller, Michael, Esq. | Thomas, Jill, Esq.<br>Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 296. | Email | October 1, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 297. | Email with Attachment | October 2, 2003 | Thomas, Jill, Esq. | Normlie, Robert, Esq.<br>Moore, Michael, Esq.<br>Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 298. | Email with Attachment | October 2, 2003 | Ristuccia, Al | Zeller, Michael, Esq. | Agent's communication with counsel regarding assignment, related to legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

072/09/2431915.1

Exhibit __B__ ,
P. __85__

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 299. | Memorandum | October 3, 2003 | Savage, Richelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 300. | Email | October 4, 2003 | Zeller, Michael, Esq. | Spencer, Mark | Counsel's communication with agent regarding assignment, related to legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 301. | Email | October 10, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 302. | Email with Attachments | October 21, 2003 | Fisher, Yvonne | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 303. | Email with Attachment | October 29, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 304. | Memorandum with Attachments | November 19, 2003 | Caplan, Mariann<br><br>(Paralegal within Law Department) | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

62 of 76

07209/2431915.1

Exhibit B,
P. 86

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 305. | Memorandum | December 4, 2003 | Clevenger, Karen, Esq. (Greenburg Glusker Fields Claman Machtinger & Kinsella) | Thomas, Jill, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 306. | Memorandum | December 4, 2003 | Jones, Adelle | Moore, Michael, Esq. | Communication with counsel regarding legal advice on intellectual property policies and procedures. | Attorney Client Privilege<br><br>Attorney Work Product |
| 307. | Memorandum with Attachment | December 8, 2003 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 308. | Memorandum | December 12, 2003 | Krebs, Tania, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 309. | Memorandum | December 15, 2003 | Caplan, Mariann | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 310. | Email | January 20, 2004 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

072209/2431915.1

63 of 76

Exhibit B,
P. 87

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|-----|---------------|------|-------------|-----------------|------------------------------------------|--------------|
| 311. | Email with Attachment | January 23, 2004 | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 312. | Email | February 16, 2004 | O'Connor, Brian, Esq. | Zeller, Michael, Esq. Moore, Michael, Esq. Clifford, Stephen, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 313. | Email | February 16, 2004 | Clifford, Stephen, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 314. | Email with Attachment | February 16, 2004 | Chan, May (Bird & Bird) | Zeller, Michael, Esq. Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 315. | PowerPoint Materials | March 22, 2004 | Aiken, Donald, Esq. | -- | Legal advice regarding intellectual property policies and procedures. | Attorney Client Privilege<br><br>Attorney Work Product |
| 316. | Memorandum | March 29, 2004 | Krebs, Tania, Esq. | Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |

64 of 76

07209/2431915.1

Exhibit B ,
P. 88

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 317. | Email with Attachment | March 31, 2004 | Fisher, Yvonne | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 318. | Memorandum | April 6, 2004 | Zeller, Michael, Esq. | File | Recording communication from Aiken, Donald, Esq., regarding legal advice on potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 319. | Facsimile | April 26, 2004 | Reichman, Jon, Esq. (Kenyon & Kenyon) | Quinn, John, Esq.<br>Zeller, Michael, Esq.<br>cc: Aiken, Don, Esq.<br>Moore, Michael, Esq. | Legal advice regarding potential litigation. | Attorney Client Privilege<br><br>Attorney Work Product |
| 320. | Email with Attachments (Redacted)<br><br>M 0103564-M 0103569 | July 2, 2002 | Garr, Izzy | Clayton, Larry<br>Martinez, Lilly | Communication reflecting legal advice regarding trademark. | Attorney Client Privilege |
| 321. | Email | July 16, 2002 | Kersting, Anita | Garr, Izzy | Legal advice regarding trademark. | Attorney Client Privilege<br><br>Attorney Work Product |
| 322. | Memorandum | September 26, 2002 | Tonche, Lila | Oesterheld, Richard<br>Lavelle, Monica | Legal advice regarding advertising and packaging. | Attorney Client Privilege<br><br>Attorney Work Product |

0720092431916.1

Exhibit B
P. 89

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 323. | Email (Redacted) M 0147283 | January 10, 2003 | Oesterheld, Richard | Kroskrity, Cassandra Luk, Isaac Tonche, Lila | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege |
| 324. | Email with Handwritten Notes | February 11, 2003 | Zee, Jean | Nakamura, Yami cc: Nakatsukasa, Gail Tonche, Lila Clayton, Larry | Communication with counsel regarding and reflecting legal advice on fabric art. | Attorney Client Privilege |
| 325. | Memorandum with Handwritten Notes (Redacted) M 0147278-M 0147280 | April 3, 2003 | Oesterheld, Richard | Lavelle, Monica Tonche, Lila | Communication with counsel regarding and reflecting legal advice on advertising. | Attorney Client Privilege |
| 326. | Email (Redacted) M 0147275 | April 11, 2003 | Oesterheld, Richard | Kroskrity, Cassandra Zee, Jean Luk, Isaac Tonche, Lila | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege |
| 327. | Email (Redacted) M 0147276-M 0147277 | April 22, 2003 | Oesterheld, Richard | Kroskrity, Cassandra Tonche, Lila Li, Fanny | Communication with counsel regarding legal advice on advertising. | Attorney Client Privilege |
| 328. | Product Sign-off Sheet with Attachment (Redacted) M 0104186- | May 9, 2003 | Tonche, Lila | Garr, Izzy | Legal advice regarding packaging. | Attorney Client Privilege Attorney Work Product |

072092/2431915.1

66 of 76

Exhibit B , P. 9D

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| | M 0104189 | | | | | Attorney Client Privilege<br><br>Attorney Work Product |
| 329. | Product Sign-off Sheet with Attachment (Redacted)<br><br>M 0105166-M 0105167 | February 27, 2004 | Tonche, Lila | Yoshida, Eri | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 330. | Email (Redacted)<br><br>M 0105391-M 0105392 | August 4, 2004 | Tonche, Lila | Yoshida, Eri<br>Chapman, Lucy | Legal advice regarding fabric art. | Attorney Client Privilege<br><br>Attorney Work Product |
| 331. | Email (Redacted)<br><br>M 0105385-M 0105386 | September 2, 2004 | Tonche, Lila | Chen, Patty<br>Kamarga, Lisa<br>Kuchem, Kara<br>Hwang, Linda | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 332. | Email (Redacted)<br><br>M 0105387-M 0105388 | September 2, 2004 | Kuchem, Kara | Chen, Patty<br>Kamarga, Lisa<br>Hwang, Linda<br>Tonche, Lila | Communication reflecting legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |
| 333. | Product Sign-off Sheet with Attachments (Redacted)<br><br>M 0102571-M 0102574 | December 8, 2004 | Tonche, Lila | Kamarga, Lisa<br>Kuchem, Kara<br>Sarinana, Ariana | Legal advice regarding packaging. | Attorney Client Privilege<br><br>Attorney Work Product |

072091243915.1

Exhibit B ,
P. 91

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege [1] |
|---|---|---|---|---|---|---|
| 334. | Product Sign-off Sheet with Attachment (Redacted) M 0105727-M 0105728 | January 24, 2005 | Tonche, Lila | Kamarga, Lisa Hwang, Linda | Legal advice regarding packaging. | Attorney Client Privilege Attorney Work Product |
| 335. | Typed Notes | Undated | Jones, Adelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege Attorney Work Product |
| 336. | Email | October 4, 2002 | O'Connor, Brian, Esq. | Kapantzos, Diane Tonche, Lila Fisher, Yvonne | Legal advice regarding advertising and procedures for review. | Attorney Client Privilege Attorney Work Product |
| 337. | Typed Notes | Undated | Jones, Adelle | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege |
| 338. | Typed Notes | Undated | Moore, Michael, Esq. | Zeller, Michael, Esq. | Communication with counsel regarding legal advice on potential litigation. | Attorney Client Privilege |
| 339. | Email (Redacted) M 0905899-M 0905900 | August 19, 2002 | Kersting, Anita (assistant to McShane, Michelle, Esq.) | Oesterheld, Richard cc: Rubalcava, Judy | Legal advice regarding trademark searches. | Attorney Client Privilege Attorney Work Product |

68 of 76

072092431915.1

Exhibit B ,
P. 92

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 340. | Email (Redacted) M 0905901- M 0905902 | August 19, 2002 | Kersting, Anita | Oesterheld, Richard cc: Rubalcava, Judy | Legal advice regarding trademark searches. | Attorney Client Privilege Attorney Work Product |
| 341. | Email | April 6, 2004 | Piccus, Todd, Esq. | Wesolowski, Dennis cc: Waters, Ingrid | Legal advice regarding employment matter. | Attorney Client Privilege Attorney Work Product |
| 342. | Email (Redacted) M 0902222 (Attachments produced) | April 7, 2004 | Waters, Ingrid | Piccus, Todd, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege Attorney Work Product |
| 343. | Email with Attachment | May 4, 2004 | Piccus, Todd, Esq. | Wesolowski, Dennis cc: Craig, Sarah | Legal advice regarding employment matter. | Attorney Client Privilege Attorney Work Product |
| 344. | Email | May 10, 2004 | Piccus, Todd, Esq. | Moore, Michael, Esq. Aiken, Donald, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege Attorney Work Product |
| 345. | Email | May 27, 2004 | Allen, Don | Piccus, Todd, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege Attorney Work Product |

072092/2431916.1

Exhibit B
P. 93

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 346. | Email | May 28, 2004 | Piccus, Todd, Esq. | Aiken, Donald, Esq. Normile, Robert, Esq. Thomas, Jill, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege / Attorney Work Product |
| 347. | Email | June 3, 2004 | Bellahcene, Tara | Piccus, Todd, Esq. | Communication related to legal advice regarding employment matter. | Attorney Client Privilege / Attorney Work Product |
| 348. | Email | August 7, 2004 | Piccus, Todd, Esq. | Allen, Don cc: Froelich, Debbie Lopez, Ana | Communication related to legal advice regarding employment matter. | Attorney Client Privilege / Attorney Work Product |
| 349. | Email | August 7, 2004 | Piccus, Todd, Esq. | Allen, Don cc: Froelich, Debbie Lopez, Ana | Communication related to legal advice regarding employment matter. | Attorney Client Privilege / Attorney Work Product |
| 350. | Draft Agreement with Notes | April 2005 | Piccus, Todd, Esq. | -- | Legal advice regarding employment matter. | Attorney Client Privilege / Attorney Work Product |
| 351. | Memorandum | July 20, 2000 | Schneider, Connie | Green, JoAnn, Jannone, Lisa | Collector BARBIE packaging draft copy with Law Department notes and revisions reflecting legal counsel's mental impressions. | Attorney - Client Privilege / Attorney Work Product |

70 of 76

0720912431915.1

Exhibit B,
P. 94

**MATTEL V. CARTER BRYANT**
**AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 352. | Email | July 19, 2000 | Nagele, Jan | Ewing, Karen, Esq. | Fairy product input document for legal advice. | Attorney – Client Privilege Attorney Work Product |
| 353. | Email with Attachment | May 1, 2000 | Tomiyama, Christina | Ewing, Karen, Esq. | Goddess of Spring revisions for purposes of legal advice. | Attorney – Client Privilege Attorney Work Product |
| 354. | Notes | August 9, 2003 | Moore, Michael Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions. | Attorney – Client Privilege Attorney Work Product |
| 355. | Typed Notes with Hand Written Notes | July 25, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communications. | Attorney – Client Privilege Attorney Work Product |
| 356. | Notes | August 11, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions. | Attorney – Client Privilege Attorney Work Product |
| 357. | Email | July 24, 2003 | Fourmaux, Jeff, Esq., Zeller, Michael T., Esq. | Moore, Michael, Esq., Normile, Robert, Esq., Quinn, John, Esq., Zeller, Michael T., Esq., Schwartz, Mike, Esq. | Legal counsel's communications of potential legal issues reflecting legal counsel's mental impressions. | Attorney – Client Privilege Attorney Work Product |

71 of 76

072092431915.1

Exhibit B,
P. 95

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege [1] |
|---|---|---|---|---|---|---|
| 358. | Email and Attachment | July 24, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq., Normile, Robert, Esq., Quinn, John, Esq., Schwartz, Mike, Esq., Fourmaux, Jeff, Esq. | Legal counsel's communications of potential legal issues reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 359. | Email with Attachments | July 24, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq., Normile, Robert, Esq., Quinn, John, Esq., Schwartz, Mike, Esq., Fourmaux, Jeff, Esq. | Legal counsel's communications and documents selected by legal counsel for phone call among legal counsel. | Attorney - Client Privilege Attorney Work Product |
| 360. | Notes | July 23, 2003 | Moore, Michael, Esq. | Zeller, Michael T., Esq., Quinn, John, Esq., Normile, Robert, Esq. (attendees) | Legal counsel's notes reflecting communications among legal counsel and reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 361. | Notes | July 23, 2003 | Moore, Michael, Esq. | Zeller, Michael T., Esq., Normile, Robert, Esq. (attendees) | Legal counsel's notes regarding mental impressions and attorney-client communications. | Attorney - Client Privilege Attorney Work Product |
| 362. | Memorandum | September 26, 2003 | Burtis, Jill, Esq. | Normile, Robert, Esq., Moore, Michael, Esq., Zeller, Michael T., Esq. | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communications. | Attorney - Client Privilege Attorney Work Product |

72 of 76

072092431915.1

Exhibit B,
P. 96

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 363. | Email with Attachments | October 7, 2003 | Krebs, Tania, Esq. | Moore, Michael, Esq., Zeller, Michael T., Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 364. | Notes | August 7, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communications. | Attorney - Client Privilege Attorney Work Product |
| 365. | Email | July 30, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq., Thomas, Jill, Esq., Normile, Robert, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 366. | Handwritten Notes | July 25, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communications. | Attorney - Client Privilege Attorney Work Product |
| 367. | Notes | August 22, 2003 | Adelle, Jones | | Paralegal's communications reflecting legal counsel's mental impressions and prepared at direction of legal counsel. | Attorney - Client Privilege Attorney Work Product |
| 368. | Powerpoint | August 12, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |

73 of 76

072092431915.1

MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 369. | Powerpoint | August 12, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 370. | Powerpoint | August 12, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 371. | Law Department Form | November 16, 2003 | Moore, Michael, Esq. | Normile, Robert, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 372. | Notes | November 21, 2003 | Thomas, Jill, Esq. | | Legal counsel's notes of attorney meeting reflecting mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 373. | Email | July 24, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq., Normile, Robert, Esq., Quinn, John, Esq., Fournaux, Jeff, Esq., Schwartz, Mike, Esq. | Resend of entry no. 358. | Attorney - Client Privilege Attorney Work Product |
| 374. | Email | August 22, 2003 | Jones, Adelle | Zeller, Michael T., Esq., Moore, Michael, Esq. | Paralegal's communications regarding workbook created at direction of legal counsel. | Attorney - Client Privilege Attorney Work Product |

07209/2431915.1

Exhibit  B,
P.  98

**MATTEL V. CARTER BRYANT
AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 375. | Handwritten Notes | August 12, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communication. | Attorney - Client Privilege Attorney Work Product |
| 376. | Email with Attachments | November 11, 2003 | Zeller, Michael T., Esq. | Thomas, Jill, Esq., Moore, Michael, Esq., Normile, Robert, Esq., Craig, Mary, Litvak, Sandy, Esq., Krebs, Tania, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 377. | Email | July 25, 2003 | Zeller, Michael T., Esq. | Moore, Michael, Esq. | Legal counsel's communications relating to legal counsel's comments. | Attorney - Client Privilege Attorney Work Product |
| 378. | Typed Notes with Handwriting | August 9, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communications. | Attorney - Client Privilege Attorney Work Product |
| 379. | Email | August 18, 2003 | Moore, Michael, Esq. | Normile, Robert, Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 380. | Email | August 18, 2003 | Thomas, Jill, Esq. | Moore, Michael, Esq., Zeller, Michael T., Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |

07209/2431915.1

75 of 76

Exhibit B ,
P. 99

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

March 20, 2008

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 381. | Email | August 5, 2003 | Moore, Michael, Esq. | Zeller, Michael T., Esq. | Legal counsel's communications reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 382. | Notes | August 18, 2003 | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions and attorney-client communications. | Attorney - Client Privilege Attorney Work Product |
| 383. | Typed Notes with Handwriting | Undated | Moore, Michael, Esq. | | Legal counsel's notes reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |
| 384. | Typed Notes with Handwriting | July 25, 2003 | Zeller, Michael, T, Esq. (typed notes) Moore; Michael, Esq. (handwritten notes) | Moore, Michael, Esq. | Legal counsel's notes reflecting legal counsel's mental impressions. | Attorney - Client Privilege Attorney Work Product |

07209/2431915.1

Exhibit _B_,
P. _/(17)_

<u>**CONFIDENTIAL – ATTORNEYS' EYES ONLY**</u>

# Exhibit C