KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**DISCOVERY MATTER**<br>**[To be heard by Discovery Master Hon. Edward Infante (Ret.)]**<br><br>**CARTER BRYANT'S AND MGA'S JOINT PRELIMINARY OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL ACCESS TO CERTAIN BRYANT ORIGINALS FOR NON-DESTRUCTIVE EXPERT EXAMINATION AND IMAGING; AND REQUEST FOR BRIEFING SCHEDULE**<br><br>Date:      TBD<br>Time:      TBD<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

BRYANT'S AND MGA'S JOINT PRELIMINARY OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION
TO COMPEL ACCESS TO CERTAIN BRYANT ORIGINALS
CASE NO. CV 04-09049 SGL (RNBx)

414798.01

## I.   PRELIMINARY STATEMENT

Carter Bryant and MGA Entertainment, Inc. ("MGA") respectfully submit that the Discovery Master does not have the authority to grant Mattel the relief that it is seeking through *Ex Parte* Application to Compel Access to Certain Bryant Originals for Non-Destructing Expert Examination and Imaging (Mattel's "Application"), filed on April 7, 2008.  Rather, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Central District of California Local Rule 16-14, that authority rests exclusively with the District Court.  Bryant and MGA submit this Preliminary Opposition to address this important threshold jurisdictional issue and to request—if the Discovery Master finds that he does in fact have the requisite authority—that the Discovery Master set an appropriate briefing schedule to address the merits of Mattel's Application.

## II.   ARGUMENT

In its Scheduling Order dated October 31, 2007, the District Court set January 28, 2008 as the cut off for all Phase 1 fact discovery, and March 31, 2008 as the cut off for all Phase 1 expert discovery.  *See* Oct. 31, 2007 Order [Docket No. 1104], at 2. Through its Application, Mattel seeks leave to reopen these now-closed discovery periods to conduct additional inspection and testing of certain of Carter Bryant's original documents, which Mattel claims is necessary to rebut the opinions of two of MGA's rebuttal experts, whose opinions were disclosed on March 17, 2008.  Absent such leave, Mattel's requested discovery, which was first made on April 2, 2008—three days after the close of expert discovery and more than two months after the close of fact discovery[1]—is plainly untimely.  *See* Order dated Feb. 4, 2008 [Docket No. 1931], at 2 (holding that "[a]ny phase 1 discovery not properly served on or before th[e discovery] deadline may not now be pursued."); *see also Braun v. Agri-Systems*, No. F-02-6482, 2006 WL 278592, at *

---

[1] Hutnyan Decl., Exh. 14 (Letter from Hutnyan to Sloan and Werdegar, dated Apr. 2, 2008).

1

414798.01

1   5 (E.D. Cal. Feb. 2, 2006) (finding that party waived right to inspect documents

2   because it did not seek to inspect them before the close of discovery); *Jenkins v.*

3   *Wholesale Alley, Inc.*, No. 1:05-CV-3266 JEC, 2006 WL 2716091, at *9 (N.D. Ga.

4   Sep. 22, 2006) (finding demand to inspect property made after discovery cut-off to

5   be untimely).[2]

6          However, the Discovery Master cannot grant Mattel the leave it requires to

7   engage in any additional discovery.  Only the *District Court* may grant leave to

8   reopen or extend discovery beyond the deadlines set in its Rule 16 Scheduling

9   Order.  Central District Local Rule 16-14 expressly provides that "[a]ny

10  application to modify an order entered pursuant to F.R.Civ.P. 16 *shall be made to*

11  *the judicial officer who entered the order.*" (Emphasis added); *see also* Fed. R.

12  Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the

13  judge's consent."); *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005);

14  ("A pretrial order controls the subsequent course of the action unless modified

15  upon a showing of good cause." (internal quotation omitted)).  Because Judge

16  Larson is "the judicial officer who entered the" Scheduling Order setting the

17  discovery cut offs in this case, only he can now modify that order.[3]  For the same

18  reason, Judge Larson must grant Mattel leave to file its proposed sur-rebuttal

19

20  [2] Mattel may seek to argue that its request for inspection and testing is timely because it was made pursuant to the parties' stipulation on June 20, 2006, whereby Bryant agreed to make his original documents available for inspection *during discovery* on 15 days notice.

21  The Discovery Master should reject any such argument.  The June 20, 2006 stipulation was made as part of the parties' meet and confer efforts to resolve a discovery motion

22  brought by Mattel.  As such, it was a *discovery* stipulation, and necessarily was confined to the fact discovery phase of this litigation.  Nothing in the transcript of the June 20,

23  2006 meet and confer session before Magistrate Judge Block suggests that Bryant was in any way waiving the discovery cut off as to Mattel's inspection demands and granting

24  Mattel opened-ended access to his original documents.  And even if the stipulation could be so interpreted, neither the parties nor Magistrate Judge Block had the power under

25  Local Rule 16-14 and Federal Rule of Civil Procedure 16 to alter the Court's scheduling orders in this manner.  The court's current Scheduling Order, which was entered more

26  than a year after the parties' discovery stipulation, supersedes any prior stipulation of the parties.

27  [3] Mattel knows, or should know, that it must seek leave directly from the District Court, as it has previously submitted all of its requests for additional discovery directly to the

28  District Court.

414798.01

1  expert reports, which Mattel claims necessitates the additional discovery it is now

2  seeking, as the current Scheduling Order only provides for opening and rebuttal

3  reports, and not any sur-rebuttal or reply reports. *See* Oct. 31, 2007 Order, at 2.

4  Without leave from the District Court to file these sur-rebuttal reports, there is no

5  justification for the requested discovery.

6      Accordingly, the Discovery Master should deny Mattel's Application

7  without prejudice, or stay consideration of the Application, until such time as the

8  District Court modifies its Scheduling Order to permit the additional discovery and

9  expert reports requested by Mattel.[4]  (Prior to filing this Preliminary Opposition,

10  Bryant requested that Mattel enter into a stipulation this effect, but Mattel has not

11  responded to that request.  Declaration of Matthew M. Werdegar, ¶ 2, Ex. A.)

12  Alternatively, if the Discovery Master concludes that he does have authority to

13  grant the relief sought by Mattel, Bryant and MGA respectfully request that the

14  Discovery Master set an appropriate schedule for the submission of their

15  opposition to the merits of Mattel's Application as well as any reply brief by

16  Mattel.  Mattel's Application misstates both the relevant facts and the law,[5] and

17  Bryant and MGA would be significantly prejudiced if they were not accorded a

18  reasonably opportunity to prepare a substantive response to the merits of Mattel's

19  Application.

20  / / /

21  / / /

22  / / /

23

24  [4] In its Application, Mattel states that it "simultaneously" filing an *ex parte* Application with Judge Larson for permission to file supplemental reports. However, as of the time

25  of the filing of this Preliminary Opposition, Mattel had not filed any such Application.

26  [5] For example, Mattel claims that its experts were not given an adequate opportunity to inspect and test Bryant's documents, even though Mattel never sought an extension of

27  time for testing—either from Bryant himself or from the Court—as expressly permitted under the Court's August 30, 2007 Order.  Mattel also fails to explain why it waited more

28  than two weeks after receiving MGA's rebuttal expert reports, until after the close of expert discovery, before raising this issue.

### III.   CONCLUSION

For all the foregoing reasons, Bryant and MGA respectfully request that the Court deny without prejudice or stay consideration of Mattel's Application pending a ruling by the District Court granting Mattel leave to file proposed sur-rebuttal expert reports and to conduct additional discovery beyond the current discovery cut-offs.

Respectfully submitted,

Dated:   April 8, 2008                              KEKER & VAN NEST, LLP


By: _____
MATTHEW M. WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT

Dated:   April 8, 2008                              SKADDEN, ARPS, SLATE,
MEAGHER & FLOM, LLP


By: _____
RAOUL D. KENNEDY
Attorneys for
MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT (HK)
LIMITED, MGAE de MEXICO,
S.R.L. DE C.V., AND ISAAC
LARIAN

414798.01

## DECLARATION OF MATTHEW M. WERDEGAR

I, Matthew M. Werdegar, declare and state that:

1.      I am an attorney licensed to practice law in the State of California and am a partner of the law firm of Keker & Van Nest LLP, located at 710 Sansome Street, San Francisco, California 94111, counsel for plaintiff Carter Bryant in the above-captioned action.  I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.      On April 8, 2008, at approximately 12:45 p.m., I sent an email message to Diane Hutnyan, counsel for Mattel, requesting that Mattel agree to dismiss its *Ex Parte* Application to Compel Access to Certain Bryant Originals for Non-Destructive Expert Examination and Imaging without prejudice, or to agree to stay consideration of the Application, pending a ruling by Judge Larson on a request by Mattel to modify the Court's Scheduling Order to permit Mattel to file supplemental expert reports and to conduct additional discovery beyond the discovery cut-offs.  Attached hereto as Exhibit A is a true and correct copy of my email message.  As of the filing of this Preliminary Opposition, Ms. Hutnyan had not responded to my request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 24, 2008, at San Francisco, California.

MATTHEW M. WERDEGAR

414798.01

**EXHIBIT A**

**Matthew Werdegar**

| | |
|---|---|
| **From:** | Matthew Werdegar |
| **Sent:** | Tuesday, April 08, 2008 12:46 PM |
| **To:** | 'Diane Hutnyan' |
| **Cc:** | 'Lanstra, Allen L'; Sloan, Matthew E (LAC) |
| **Subject:** | Mattel v. Bryant et al. -- ex parte application to Judge Infante |

**Attachments:** Picture (Metafile)

Dear Diane:

We are in receipt of your *ex parte* application to compel access to certain Bryant original documents for additional, non-destructive expert examination and imaging. Reviewing the application and the relevant case law, it is apparent to us that Judge Infante does not have the authority to grant the relief you are seeking. The Court's October 31, 2007 Rule 16 Scheduling Order set January 28, 2007 as the fact discovery cut off, and March 31, 2008 as the expert discovery cut off. Because your application is seeking additional discovery beyond these cut-off dates, which were ordered by Judge Larson, only Judge Larson, and not Judge Infante, may grant Mattel's request. Central District Local Rule 16-14 states that "[a]ny application to modify an order entered pursuant to F.R.Civ.P. 16 shall be made to the judicial officer who entered the order," *i.e.*, Judge Larson. Additionally, for the same reasons, Judge Larson must grant Mattel leave to file its contemplated supplemental expert reports, as the current scheduling order only provides for opening and rebuttal reports, and not any supplemental or reply reports.

In light of the foregoing, we are hereby requesting that you agree either (1) to dismiss your *ex parte* application without prejudice to renewing it if and when Judge Larson agrees to modify his scheduling order or (2) stay consideration of the motion until Judge Larson rules on the schedule issues. Please let me know by 5 p.m. today whether you are willing to agree to this request, in which case I will provide you with a proposed stipulation and order memorializing our agreement. If you do not agree, we will file a preliminary opposition with Judge Infante on grounds that he lacks authority to grant the requested relief and, in the unlikely event he disagrees with our analysis, requesting that he set an appropriate schedule for the submission of our opposition and Mattel's reply briefs on the merits of Mattel's request.

I have spoken with counsel for MGA, and they agree with the foregoing analysis and join in our request that you agree to dismiss or stay consideration of the *ex parte* application.

Regards,

Matthew M. Werdegar

KEKER & VAN NEST LLP

710 Sansome Street
San Francisco, CA  94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On April 8, 2008, I served the following document(s):

**CARTER BRYANT'S AND MGA'S JOINT PRELIMINARY OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL ACCESS TO CERTAIN BRYANT ORIGINALS FOR NON-DESTRUCTIVE EXPERT EXAMINATION AND IMAGING; AND REQUEST FOR BRIEFING SCHEDULE**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery and

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Hon. Edward A. Infante  (via Fed Ex) | John B. Quinn |
| JAMS | Michael T. Zeller |
| Two Embarcadero Center, Suite 1500 | Quinn Emanuel Urquhart Oliver & |
| San Francisco, CA 94111 | Hedges, LLP |
| Tel:  415/774-2649 | 865 South Figueroa Street, 10th Floor |
| Fax:  415/982-5287 | Los Angeles, CA  90017-2543 |
| Email:     schan@jamsadr.com | Tel:   213/443-3000 |
| | Fax:   213/443-3100 |
| | Email: |
| |      johnquinn@quinnemanuel.com |
| | Email: |
| |      michaelzeller@quinnemanuel.com |

1  Thomas J. Nolan                         Alexander H. Cote
2  Skadden Arps Slate Meagher &            Overland Borenstein Scheper & Kim LLP
   Flom                                    300 S. Grand Avenue, Suite 2750
3  300 South Grand Avenue, Suite           Los Angeles, California 90071
   3400                                    Tel:   213/613-4660
4  Los Angeles, CA 90071-3144              Fax:   213/613-4656
5  Tel:   213/687-5000                     Email :    acote@obsklaw.com
   Fax:   213/687-5600
6  Email: tnolan@skadden.com
7
8
        Executed on April 8, 2008, at San Francisco, California.
9
10      I declare under penalty of perjury under the laws of the State of California
    that the above is true and correct.
11
12
13                                    _____
                                      PATTY LEMOS
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

396176.01