QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>[PUBLIC REDACTED] DECLARATION OF DIANE C. HUTNYAN IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION TO FILE SUPPLEMENTAL EXPERT REPORTS BY MESSRS. WILLIAM FLYNN AND LLOYD CUNNINGHAM REGARDING CERTAIN BRYANT ORIGINALS;<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

# DECLARATION OF DIANE C. HUTNYAN

I, Diane C. Hutnyan, declare as follows:

1.     I am a member of the bar of the State of California, am admitted to practice before this court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Ex Parte Application to Compel Access to Certain Bryant Originals for Non-Destructive Expert Examination and Imaging, dated April 7, 2008. In this application, we request two weeks examination of certain Bryant original documents.

3.     Previously, the Court permitted a total of 35 days for the documents to be shipped, in their original order and all together, to each of the four experts in their laboratories around the country. Attached hereto as Exhibit 2 is a true and correct copy of the Court's August 30, 2007 Order. At Bryant's counsel's urging, Judge Infante crossed out the last paragraph in paragraph 3 of the Proposed Order, which would have allowed reasonable access to other originals that were not then known to be relevant. Paragraph 4, however, allows for more than 35 days access and examination for Mattel's experts upon a showing of good cause.

4.     Before issuing the August 30, 2007 Order, Judge Infante requested that Mattel submit, *in camera,* as the identity of Mattel's experts was work product at that time, the C.V. of the four experts, and statements from them as to the location and nature of their laboratories, as to their practices with regard to the preservation of evidence, and as to their understanding that they are fully accountable for Bryant's original documents when they were in their custody. All four of Mattel's experts were reviewed by the Discovery Master and approved. *See* Exhibit 2, paragraph 2. True and correct copies of the four *in camera* declarations are attached hereto as Exhibits 3-6.

5. The first of Mattel's forensic experts to see the originals, Lloyd Cunningham, was allotted eight days to non-destructively examine and test the eight boxes of documents. The second, expert, William Flynn, had "just over three work days" for his examination and testing. Each expert was allowed to review the entire universe of documents without preconceived notions and was encouraged to highlight findings they individually considered significant based on the evidence in the originals themselves.

6. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the rough transcript of the deposition of Lloyd Cunningham, which was taken on March 31, 2008.

7. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the transcript of the deposition of William Flynn, which was taken on March 27, 2008.

8. Attached hereto as Exhibit 9 and Exhibit 10 respectively are the expert reports of Messrs. Flynn and Cunningham (without all their attachments).

9. Attached hereto as Exhibit 11 and Exhibit 12 respectively are the March 17, 2008 reports of MGA's (purported) experts, Mr. Kullman and Dr. Lyter. It is clear from the reports that these two gentlemen were given plenty of access to the Bryant originals for their examinations. Mr. Kullman's production of copies of ESDA (indentation materializer films) includes more than a thousand pages just for his indentation analysis. At no time until these two rebuttal reports were served on Mattel were we notified that the Bryant originals would be leaving Mr. Bryant's custody, or that they would be subjected to any kind of examination or testing, non-destructive or otherwise. At no time until these two rebuttal reports were served on Mattel were we notified that Mr. Kullman or Dr. Lyter would be handling the documents.

10. Page 3 of Exhibit 11 references "attachments" in the middle of the third paragraph on that page. Those attachments were never served on Mattel.

1    11.    At Mr. Flynn's and Mr. Cunningham's depositions, MGA's counsel quizzed them about the supposed obscured pencil findings that Mr. Kullman and Dr. Lyter purport to rely on. No documents were presented at the depositions that indicated the presence or location or, or supported the purported significance, of such lines. Since Mssrs. Cunningham and Flynn had not performed that analysis, and could not see the supposed lines in question, they were unable to comment on the specific pencil marks referred to or fully address the issue.

12.    Attached hereto as Exhibit 13 is a true and correct copy of my letter, dated April 2, 2008, to Bryant's counsel, Matthew Werdegar, and MGA's counsel, Matthew Sloan. In it, I gave notice that if we could not gain the requested access voluntarily, we would be filing this Application.

13.    Attached hereto as Exhibits 14 and 15 are true and correct copies of Mr. Werdegar's and Mr. Sloan's response letters, which were dated April 3, 2008 and April 4, 2008 respectively. After receiving these correspondences, I sent by email a letter to Messrs. Werdegar and Sloan inviting them to meet and confer with me and reiterating our notice of this Application. A true and correct copy of my emailed letter is attached hereto as Exhibit 16.

14.    Yesterday I had a telephonic conference with Matthew Werdegar about this application. We were unable to resolve the issues raised in it. Matthew Sloan and I are meeting and conferring telephonically later this evening, but as it is Bryant's originals that are at issue here, Bryant's refusal to provide access is definitive.

15.    On April 4, 2008, three days after I had requested Mr. Kullman's missing "attachments" cited in his report, Mr. Kullman submitted an amended expert report excluding any reference to those attachments. Attached hereto as Exhibit 17 is a true and correct copy of Matthew Sloan's April 3, 2008 email to me about the amendment. Attached hereto as Exhibit 18 is a true and correct copy of Matthew Sloan's April 4, 2008 email to me about the amendment which also attached the amended report.

16. On April 8, 2004, Matthew Werdegar informed me via email that he believes that Judge Infante lacks the authority to rule upon Mattel, Inc.'s Ex Parte Application to Compel Access to Certain Bryant Originals for Non-Destructive Expert Examination and Imaging. Attached hereto as Exhibit 19 is a true and correct copy of Matthew Werdegar's April 8, 2008 email.

17. Attached hereto as Exhibit 20 is a true and correct copy of MGA's Opposition to Mattel, Inc.'s *Ex Parte* Application For Protective Order Preventing MGA's Destructive Sampling of The Prince Notary Book, dated March 12, 2008.

18. Attached hereto as Exhibit 21 is a true and correct copy of the Court's Order dated March 19, 2008 extending the March 17, 2008 deadline for service of expert report by MGA concerning Jacqueline Prince notary book.

19. Attached hereto as Exhibit 22 is a true and correct copy of MGA's *Ex Parte* Application for an Order Extending the March 17 Deadline for MGA to Serve Its Rebuttal Expert Report Concerning Ms. Prince's Notary Book.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 8th day of April, 2008, in Los Angeles, California.

*/s/ Diane C. Hutnyan*
Diane C. Hutnyan