QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | REPLY OF MATTEL, INC. IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE |
| | [Declarations of Jon Corey and Heidi Frahm filed concurrently herewith] |
| | Hearing Date: TBA<br>Time:          TBA<br>Place:         Telephonic |
| | **Phase 1**<br>Discovery Cut-Off:       January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:                 May 27, 2008 |

**Preliminary Statement**

1

2        MGA concedes in its Opposition that the Discovery Master directed
3   that Mr. Bousquette's deposition should not occur until MGA's unfair competition
4   document production is substantially complete.  MGA represents that it has
5   produced a lot of documents, but nowhere in its Opposition does MGA declare that
6   its unfair competition document production is substantially complete.

7        Without such a representation, Mr. Bousquette's deposition need not
8   proceed.  And MGA cannot credibly make that representation (although it attempts
9   a backhanded representation).  MGA withdrew its unclean hands defense, which
10  incorporates by reference all of its unfair competition claims, because MGA's
11  counsel admitted that MGA owed Mattel "a bunch of discovery" regarding its
12  unclean hands defense.  MGA claims to be continuing to supplement its document
13  production pursuant to Rule 26(e), but has made repeated representations to counsel
14  and the Discovery Master, that it will not produce further Phase 2 documents until
15  the Phase 2 discovery stay is lifted.  Accordingly, the only conclusion that the
16  Discovery Master can draw is that MGA's unfair competition production remains
17  incomplete.  Mr. Bousquette's deposition is thus premature.  To address this
18  concern, Mattel suggested that Mr. Bousquette be deposed for two hours on Phase 1
19  issues.  MGA does not address that proposal.

20        MGA's request for sanctions should be denied.  Mattel's counsel
21  coordinated the scheduling of Mr. Bousquette's deposition with his counsel.  That
22  cooperation does not make Quinn Emanuel his counsel or endow Quinn Emanuel
23  with authority to accept service on his behalf.  Nor is it a ground for imposing
24  sanctions.  Mr. Caldwell's declaration could not be more clear that he, and not Quinn
25  Emanuel, represents Mr. Bousquette.  Mattel made no false representations to the
26  Court or the Discovery Master about Mr. Bousquette's residence.  He resides in
27  Illinois.  He has a vacation home in Palm Springs.  This does not make him a

28

1  resident, any more than registering cars here or owning business interests here make
2  him a resident here.  Mattel's actions do not warrant sanctions.

3                                      **Argument**

4  **I.    MGA HAS NOT YET SUBSTANTIALLY COMPLETED ITS UNFAIR**
5  **COMPETITION DOCUMENT PRODUCTION**

6            MGA's Opposition is notable for what it does not say.  MGA proclaims
7  that it has produced a lot of documents.  See Opp. at 4.  Nowhere does it say that its
8  document production related to its unfair competition claims (all Phase 2) is
9  substantially complete.    Yet, the Discovery Master has dictated that Mr.
10 Bousquette's deposition "should not take place until [MGA's] document discovery is
11 substantially completed" as to the issues on which he will be questioned.[1]  Mr.
12 Bousqette is a significant witness with respect to the Phase 2 claims and the
13 Discovery Master's instruction prevents Mr. Bousquette from being sandbagged at
14 deposition.  Until MGA can make that representation—and is has not and cannot—
15 Mr. Bousquette's deposition is premature and Mattel's motion should be granted.

16           MGA makes no attempt to rebut the fact that after it represented that its
17 unfair competition document production was substantially complete on
18 December 10, 2007 (a representation made for the sole purpose of inducing a
19 deposition date for Mr. Bousquette), it produced more than 600,000 pages of
20 documents.[2]  Indeed, the Opposition admits that there was a substantial production
21 after December, 2007.  Opp. at 16:21-23.  These documents relate to Phase 2 claims
22 and defenses, including MGA's claims that Mattel is copying MGA products and
23 Mattel's defense that MGA stole the allegedly copied designs from Mattel first.[3]

24

25

26      [1]  February 13, 2007 Hearing Tr., at 34:15 - 34:18, Proctor Dec., Ex. 4.
27      [2]  Proctor Dec. ¶ 4.
        [3]  Frahm Dec. ¶ 5.
28

1            MGA's counsel recently admitted that the representation of

2    completeness was wrong and, on February 15, 2008, conceded that if MGA were to

3    proceed in Phase 1 with its unclean hands defense, which incorporates all of MGA's

4    unfair competition claims, then MGA owed Mattel "a bunch of discovery."[4]  Rather

5    than cough up this "bunch of discovery" related to the unclean hands and unfair

6    competition claims, MGA withdrew unclean hands as a Phase 1 defense to Mattel's

7    Phase 1 claims (while purporting to maintain it as a Phase 2 defense).[5]  Despite

8    MGA's previous representation, it has not substantially completed its production of

9    documents relevant to Mr. Bousquette's deposition (or unfair competition or

10   unclean hands).  Until MGA can credibly represent that it has complied with the

11   Discovery Master's prior direction, it should not be permitted to proceed with Mr.

12   Bousquette's deposition.

13           MGA's cleverly-worded Opposition suggests that the burden is upon

14   Mattel to show that MGA has yet to produce documents related to the wide-ranging

15   topics about which Mr. Bousquette would be knowledgeable.  Opp. at 17.  Of

16   course, Mattel cannot prove what documents MGA is withholding on the grounds

17   that Phase 2 discovery has been stayed.  Since December 10, 2007, however, when

18   MGA said that its unfair competition production was substantially complete, MGA

19   has produced more than 20 documents that identify Mr. Bousquette by name[6] (and

20

21       [4]  Proctor Dec. ¶ 3.

22       [5]  MGA's Notice of Withdrawal of Unclean Hands Affirmative Defense as it
     Pertains to Phase 1, dated February 15, 2008, Proctor Dec., Ex. 1.  While Mr.

23   Russell denies making this statement in his declaration, nowhere does he deny the

24   truth of it.

25       [6]  Frahm Dec. ¶ 4.  See, e.g., MGA 3794015-MGA 3794017; MGA 3794072;
     MGA 3794081-MGA 3794084; MGA 3803092-MGA 3803098; MGA 3803099-

26   MGA 3803103; MGA 3803132-MGA 3803138; MGA 3803139-MGA 3803143;
     MGA 3803172-MGA 3803178; MGA 3803179-MGA 3803183; MGA 3816940-

27   MGA 3816947; MGA 3817322-MGA 3817326; MGA 3844982-MGA 3844988;

28       (footnote continued)

07209/2462989.2

1   many are related to Mattel's discussions with analysts which coincides with MGA's
2   recently revealed, but unpleaded, theory that Mattel has engaged in securities
3   violations[7]), and hundreds of documents related to Mattel's My Scene dolls, from
4   which Mattel alleges that MGA stole concepts and ideas.[8]  See Opp. at 16:21-17:3
5   (acknowledging production after December, 2007).  MGA has now stopped
6   producing Phase 2 documents,[9] so Mattel has no idea what MGA continues to
7   withhold, but its claim of substantial completion cannot be taken at face value in
8   light of its two prior identical claims—both of which were false.

9   **II.    MGA'S REQUEST FOR SANCTIONS IS IMPROPER, WITHOUT**
10  **BASIS AND SHOULD BE DENIED**

11              MGA asks the Discovery Master to impose sanctions upon Mattel
12  pursuant to Rule 37 and the Discovery Master's inherent authority.  MGA identifies
13  two purportedly false statements made by Mattel that it claims justify the imposition
14  of $25,000 in sanctions:  representing that Mr. Bousquette is not a resident of
15  California (he is not) and representing that Mr. Bousquette has no knowledge of
16  Phase 1 issues (he does not), but putting him on Mattel's Phase 1 witness list.  See
17  Opp. at 6.  For this, MGA seeks $25,000 in sanctions.  To impose sanctions under

18  _____

19  MGA 3844989-MGA 3844993; MGA 3845021-MGA 3845027; MGA 3845028-
20  MGA 3845032; MGA 3845060-MGA 3845066; MGA 3845067-MGA 3845071;
21  MGA 4048379-MGA 4048380; MGA 4048412-MGA 4048414; MGA 4048415-
     MGA 4048416; MGA 4049478-MGA 4049479.
22      [7]   March 31, 2008 Hearing Tr., at 42:8-23, Corey Dec. Ex. 1.
23      [8]   Frahm Dec. ¶ 4 .  See, e.g., See MGA 3767529-3767535; MGA 3766876-
     3766888; MGA 3797069-3797071; MGA 3848238-3848240; MGA 3862411-
24  3862415; MGA 3862502-3862506; MGA 4007651-4007655; MGA 4009491-
     4009493; MGA 4049905-4049908; MGA 4051245-4051246
25      [9]   See, e.g., MGA's Motion for Clarification Regarding Portions of February 15,
26  2008 Order Granting in Part and Denying in part Mattel's Motion to Compel
     Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, at 2-3, Corey
27  Dec. Ex. 2.

28

1  either Rule 37 or pursuant to the Discovery Master's inherent authority, MGA must

2  prove that these representations were without substantial justification, false and in

3  bad faith.  They were not.  In fact, they are true.

4      **A.**    **Mattel Did Not Misrepresent that Mr. Bousquette is a Resident of**

5          **Illinois**

6        As set forth in detail in Mr. Bousquette's moving and reply papers, and

7  specifically Mr. Bousquette's declaration, he is a resident of Illinois.  He is not a

8  resident of California.  <u>See</u> Bousquette Dec. ¶¶ 2-4.  Nor, contrary to MGA's

9  suggestion, did Mattel or MGA "fail[] to disclose all of the connections that Mr.

10  Bousquette has with California."  Opp. at 18:24-26.  Mr. Bousquette declared and

11  Mr. Bouquette's counsel identified that although he has moved to Chicago and

12  spends most of his time there, he (a) has not had time to transfer his voter

13  registration, and (b) owns "several properties in California"; and (c) visits California

14  regularly.  Such "disclosures" reflect candor with the Discovery Master, not an

15  alleged failure to disclose.  Mattel understood from conversations with Mr.

16  Bousquette's counsel that he is the Chairman of a business in Illinois and resides

17  there, which is what Mattel told the Discovery Master.[10]  That Mr. Bousquette owns

18  real estate in California does not make him a resident of California either.  Mattel

19  made no false representations and the sanctions request should be denied.

20      **B.**    **Mattel Did Not Misrepresent that Mr. Bousquette Lacks**

21          **Knowledge of Phase 1 Claims or Defenses**

22        MGA next claims that Mattel said falsely that Mr. Bousquette had no

23  Phase 1 information, but identified him on Mattel's Phase 1 witness list.  MGA

24

25  [10]  March 10, 2008 Hearing Tr. at 73:9-14, Corey Dec. Ex. 3 ("But you'll find

26  two things conspicuously absent from any of this.  Number one is a proof of service

27  for Mr. Basquet [sic] for Northern District of Illinois *where he now resides and where he has resided for quite a while . . . .*") (emphasis added).

28

1  knows full well that Mr. Bousquette is not on Mattel's witness list because he knows
2  anything about Phase 1 claims and defenses. Mr. Bousquette does not possess
3  Phase 1 information. He had nothing to do with Carter Bryant or Bratz. He worked
4  exclusively in Mattel's Boys division until years after Mr. Bryant left Mattel.[11]
5  Rather, MGA is trying to bring Phase 2 issues into Phase 1, and Mattel listed Mr.
6  Bousquette to defend against those Phase 2 issues *if* Judge Larson denies Mattel's
7  motion to strike or in limine.

8         MGA submitted an expert report suggesting that Mattel's Phase 1
9  damages should be reduced because Bratz profits are due to factors other than Carter
10  Bryant's drawings.[12] The themes of the Bratz dolls is one of these reductive
11  factors.[13] Mattel claims that no deduction is proper because Mattel used some of
12  these unique themes with its My Scene product line first, but MGA stole them. Mr.
13  Bousquette, among others, will have information about the doll themes and other
14  attributes that Mattel alleges MGA stole in connection with its Phase 2 claims for
15  trade secret theft, unfair competition, and RICO violations. Mattel will move to
16  strike or exclude on MGA's efforts to introduce these Phase 2 issues into Phase 1.
17  Until Judge Larson excludes MGA's effort to introduce Phase 2 issues into Phase 1,
18  however, Mattel must be prepared to present witnesses to defend against MGA's
19  introduction of Phase 2 issues in Phase 1. So, Mattel identified Mr. Bousquette as a
20  potential witness on its witness list. This is not a surprise to MGA, but has been an
21  issue that Mattel raised with MGA over a month ago and well before witness lists
22  were exchanged.[14]

23  _____

24  [11] See Eckert Deposition Tr., at 15:8-15, 23:2-24:2, Corey Dec., Ex. 4.
25  [12] See Expert Report of Paul K. Meyer ("Meyer Report"), at 5-7, 12, 55, Corey Dec., Ex. 5.
26  [13] See Meyer Report at 19-24, 35.
27  [14] Letter from J. Corey to P. Eckles et al., dated March 4, 2008, Corey Dec. Ex. 6.

1    Mattel has not admitted or conceded that Mr. Bousquette has Phase 1

2  information. He has no such information. There is no false statement by Mattel that

3  would justify the imposition of sanctions.

4    **C.  MGA's Authorities Do No Support The Imposition of Sanctions**

5        **Here**

6    The predicate of MGA's request for sanctions is a false statement or

7  statements to the Discovery Master by Mattel. Mattel made no such false

8  statements. In <u>Yeboah v. U.S.</u>, 2000 WL 1576886 at * 4 (S.D.N.Y. October 20,

9  2000), the court imposed sanctions because "plaintiff failed over many months to

10  comply with defendants' legitimate discovery requests and subsequent Court

11  Orders" without any legitimate justification. Mattel did not engage in such conduct.

12  In <u>Invision Media Comm'ns, Inc. v. Fed. Ins. Co.</u>, 2004 WL 396037 at *7-9

13  (S.D.N.Y. March 2, 2004), the court found that the plaintiff had engaged in a pattern

14  of misconduct, including lying about the existence of timesheets, lying about the

15  retention of responsive electronic mail, lying (including submission of a factually

16  incorrect affidavit) about the existence of bank statements, and lying about the

17  location of documents to induce opposing counsel to conduct an inspection. Mattel

18  has not engaged in, nor is it accused of engaging such a pattern of bad faith conduct.

19  <u>See</u> <u>id.</u> (citing DLC Mgmt. Corp. v. Hyde Park, 163 F.3d 124, 136 (2d. Cir. 1998)

20  (holding that a *pattern* of behavior could reasonably be construed as a bad faith

21  effort to thwart plaintiffs' discovery efforts) (emphasis added)). In <u>Morton v. D-Z</u>

22  <u>Invs., LLC</u>, 2004 WL 1662283 at *9 (S.D. Ind. July 22, 2004), the court imposed

23  sanctions when counsel failed to comply with a court order or to respond to

24  discovery responses, but to avoid any repercussions lied to the court that his client

25  was serving in the National Guard overseas and unreachable. Mattel has done no

26  such thing. Finally, in <u>Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel</u>

27  <u>Employees & Rest. Employees Int'l Union</u>, 212 F.R.D. 178, 221, 231 (S.D.N.Y.

28  2003), the court imposed sanctions of entry of judgment after "counsel continually

1  professed full compliance-falsely and, as confirmed by compliance discovery,

2  without making a reasonable inquire-constitutes such gross negligence as to rise to

3  intentional misconduct" and after cataloguing more than 20 pages for counsel's

4  discovery abuses and misrepresentations, including the "wholesale destruction of

5  documents, by omission or commission."  Again, Mattel has done nothing like

6  that.[15]

7  DATED:  April 8, 2008            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
8

9                                   By /s/ B. Dylan Proctor
10                                     B. Dylan Proctor
                                       Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26  [15]   The other cases that MGA cites are solely for the proposition that sanctions
27  may be imposed under Rule 37 or the Court's inherent authority, so Mattel does not
    discuss them.
28