1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 90378)
  | (johnquinn@quinnemanuel.com)
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| | Consolidated with |
| Plaintiff, | Case Nos. CV 04-09059 & CV 05-2727 |
| | **DISCOVERY MATTER** |
| vs. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| MATTEL, INC., a Delaware corporation, | |
| | **[PUBLIC REDACTED]** DECLARATION OF JON D. COREY IN SUPPORT OF REPLY OF MATTEL, INC. IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Hearing Date: TBA |
| | Time:        TBA |
| | Place:       Telephonic |
| | **Phase 1** |
| | Discovery Cut-Off:    January 28, 2008 |
| | Pre-Trial Conference: May 5, 2008 |
| | Trial Date:          May 27, 2008 |

# DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1.    I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration in support of Mattel's Reply in support of its Motion for Protective Order Re: Matthew Bousquette. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of excerpts from the March 31, 2008 Hearing Transcript.

3.    Attached as Exhibit 2 is a true and correct copy of the Motion of MGA Parties for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated March 3, 2008.

4.    Attached as Exhibit 3 is a true and correct copy of excerpts from the March 10, 2008 Hearing Transcript.

5.    Attached as Exhibit 4 is a true and correct copy of excerpts from the Deposition of Robert Eckert, dated January 28, 2008.

6.    Attached as Exhibit 5 is a true and correct copy of the Expert Report of Paul K. Meyer, dated February 11, 2008.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-1-

7.    Attached as Exhibit 6 is a true and correct copy of a letter I sent to Michael H. Page, counsel for Carter Bryant, and Paul Eckles, counsel for the MGA Parties, dated March 4, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 8, 2008, at Los Angeles, California.

Jon D. Corey

DECLARATION OF JON D. COREY

# EXHIBIT 1

1

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3             EASTERN DIVISION

4              - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6              - - -

7   CARTER BRYANT, ET. AL.,              )
                                         )
8                   PLAINTIFFS,          )
                                         )
9            VS.                         )    NO. ED CV 04-09049
                                         )    (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,               )
                                         )
11                  DEFENDANTS.          )
    _____ )
12  AND CONSOLIDATED ACTIONS,            )
    _____ )
13

14

**CERTIFIED COPY**

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          RIVERSIDE, CALIFORNIA

17         MONDAY, MARCH 31, 2008

18             10:09 A.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
           FEDERAL OFFICIAL COURT REPORTER
24           3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25               951-274-0844
             WWW.THERESALANZA.COM

EXHIBIT 1
PAGE 3

1   OF THE PUBLIC RECORD, ANYTHING THAT'S USED AT TRIAL.   THIS IS

2   GOING TO BE A PUBLIC TRIAL.

3        **MR. NOLAN:**   GOOD.

4        **THE COURT:**   AND I FEEL VERY STRONGLY, ON FIRST

5   AMENDMENT GROUNDS, THIS HAS TO BE AS OPEN AS POSSIBLE.   I'VE     10:58

6   BEEN VERY LAX OR LENIENT, I SUPPOSE, WHEN IT COMES TO AFFORDING

7   PARTIES DISCRETION TO MAKE DOCUMENTS CONFIDENTIAL DURING THE

8   DISCOVERY PROCESS.   BUT WHEN WE MOVE TO THE TRIAL PROCESS AND

9   WE'RE DEALING WITH ADMISSIBLE EVIDENCE, OR POTENTIALLY

10   ADMISSIBLE EVIDENCE, AS OPPOSED TO DISCOVERY EVIDENCE, THEN THE     10:58

11   PRESUMPTION, THE VERY STRONG PRESUMPTION, IS THAT THIS IS AN

12   OPEN DOCUMENT.

13        WHAT I'M SUGGESTING -- AND I TRUST YOU HAVE NO

14   OBJECTION TO IT -- IS SAVE FOR THOSE CATEGORICAL RESTRICTIONS,

15   UNRELEASED PRODUCTS, FUTURE THEMES, PRODUCT LINE LISTS AND     10:59

16   SCHEDULES FOR A PERIOD AFTER JANUARY 1, 2008, MARKETING AND

17   ADVERTISING PLANS AFTER JANUARY 1, 2008, THOSE CATEGORIES THAT

18   ARE SET FORTH IN MATTEL'S PAPER, AS WELL AS THE CATEGORIES THAT

19   ARE SET FORTH IN YOURS, BUT FOR THOSE CATEGORIES, THAT IT'S

20   GOING TO BE THE DISCRETION OF THE AMBASSADOR TO USE, WITHIN THE     10:59

21   CONFINES OF A CONFIDENTIAL SETTLEMENT CONFERENCE, DOCUMENTS

22   THAT HE BELIEVES, IN HIS DISCRETION, ARE NEEDED TO ADVISE AND

23   FURTHER THE EFFORTS OF MEDIATION.

24        I TRUST YOU HAVE NO OBJECTION THAT.

25        **MR. NOLAN:**   ABSOLUTELY NOT, YOUR HONOR.     10:59

EXHIBIT 1
PAGE 4

42

1          -IN THREE WEEKS, WE'RE GOING TO BE BEFORE YOU ARGUING

2    THE MOTION FOR SUMMARY JUDGMENT.  SOMETIME IN THE NEXT THREE

3    WEEKS, WE'VE GOT TO WORK OUT, I ASSUME, WHAT YOU'VE BEEN ASKING

4    US TO DO.  MY ONLY CONCERN, YOUR HONOR, WAS THAT I THOUGHT NOW

5    WAS THE TIME -- YOU KNOW, IF WE'RE GOING TO HAVE THIS SESSION          11:00

6    WITH AMBASSADOR PROSPER, WE MIGHT AS WELL DEAL WITH IT IN THAT

7    CONTEXT.

8          WHAT I WOULD RATHER SAY, YOUR HONOR, IN YOUR ORDER,

9    IS, BUT FOR THOSE CATEGORIES, THE PARTIES SHOULD MEET AND

10   CONFER AND RELEASE THOSE DOCUMENTS FROM AEO PROTECTION.               11:00

11   BECAUSE WHAT IS ACTUALLY GOING ON HERE, YOUR HONOR, I

12   BELIEVE -- WHICH WILL BE SOLVED ONCE WE GET TO THIS OPEN AIR

13   VIEW OF THIS EVIDENCE -- IS THAT I BELIEVE THE PROTECTIVE ORDER

14   HAS BEEN MISUSED IN THIS CASE TO KEEP UNDER WRAPS A SITUATION

15   WITH RESPECT TO MATTEL AND ITS CONDITION, FINANCIAL CONDITION,       11:00

16   THAT WAS NOT KNOWN TO ITS ANALYST AND WAS -- I THINK THE

17   EVIDENCE -- THEY'VE GOT A LOT OF SECURITIES FRAUD MATTERS GOING

18   ON REGARDING REPRESENTATIONS THAT WERE MADE TO THEIR SECURITY

19   ANALYST.

20         THE COURT:  WELL, LET ME STOP YOU THERE, BECAUSE YOU          11:00

21   MADE CERTAIN -- YOU'RE UPSET WITH CERTAIN ALLEGATIONS THAT

22   THEY'RE MAKING ABOUT TRADE SECRETS.  LET'S TEMPER THE

23   ALLEGATIONS AT THIS POINT.

24         MR. NOLAN:  BUT, YOUR HONOR, THEY DON'T HAVE TO

25   TEMPER THEIR ALLEGATIONS.                                           11:01

EXHIBIT __1__
PAGE __5__

43

1       THE COURT:  I'M ASKING YOU --

2       MR. NOLAN:  SEE, THEY CAN DO IT AT ANYTIME, AND THEY

3  FILE IT WITH --

4       THEY CAN MAKE THESE SERIOUS ALLEGATIONS IN THE PUBLIC

5  RECORD, AND SOME OF THEM GET REPRODUCED IN NEWSPAPER ARTICLES,     11:01

6  YOUR HONOR; SO IT'S EASY FOR THEM TO DO IT IN PAPER.  BUT IN

7  THE COURTROOM, YOUR HONOR, WHEN WE ARE ADDRESSING IT, I THINK

8  IT'S ONLY FAIR THAT I CAN AT LEAST ALERT THE COURT'S ATTENTION

9  TO THE POTENTIAL FOR ABUSE.  AND THAT'S WHY I BELIEVE EVERY

10  AUTHORITY THAT'S EVER LOOKED AT THIS HAS SAID, 'BEWARE OF THE     11:01

11  PROTECTIVE ORDER PROCESS, BECAUSE IT CAN BE USED AS AN ABUSE.'

12  AND WE BELIEVE IT HAS BEEN USED AS AN ABUSE.

13       THE COURT:  I'M NOT SUGGESTING THAT IT HAS OR HAS NOT

14  BEEN USED AS AN ABUSE, BUT COME THE MOTION FOR SUMMARY

15  JUDGMENT, IN THREE WEEKS AS YOU INDICATE, IT'S GOING TO COME TO   11:01

16  AN END.

17       MR. NOLAN:  GREAT.  SO THAT I UNDERSTAND, YOUR HONOR,

18  WHEN WE MAKE THE ARGUMENT ON THE MOTION FOR SUMMARY JUDGMENT,

19  WE WILL BE ABLE TO, IN AN OPEN COURTROOM, BE ABLE TO REFER TO

20  THE EVIDENCE THAT'S BEEN PRODUCED IN THIS CASE WHICH SUPPORTS     11:02

21  OUR CONTENTION THAT SUMMARY JUDGMENT SHOULD BE GRANTED ON

22  BEHALF OF MGA.

23       THE COURT:  ABSOLUTELY, SUBJECT TO ANY GOOD CAUSE

24  SHOWING BY EITHER SIDE THAT A PARTICULAR DOCUMENT OR A

25  PARTICULAR PIECE OF EVIDENCE NEEDS TO BE MAINTAINED IN-CAMERA     11:02

MARCH 31, 2008          ED CV 04-09049-SGL

EXHIBIT __1__
PAGE __6__

1   GROUP THAT WAS NOT INVOLVED IN THE TRIAL PREPARATIONS OR WHO

2   HAD BEEN INVOLVED IN DEALING WITH MS. TOMIYAMA TO ACTUALLY

3   PREPARE AND WRITE THE BRIEF.

4           THE COURT:  SO THIS IS COMING FROM THE SKADDEN ARPS'

5   WASHINGTON, D.C. OFFICE.                                          11:10

6           MR. NOLAN:  RIGHT, YOUR HONOR.

7           BUT ONE OF THE MOST IMPORTANT DECISIONS IS WHO WILL

8   ARGUE THE MOTION.  I DID NOT HAVE ANY SUBSTANTIAL CONTACT,

9   OTHER THAN A CASUAL HELLO, WITH MS. TOMIYAMA.  MY INTENT IS TO

10  STAND BEFORE YOU AND ARGUE THAT MOTION.                           11:10

11          THE COURT:  VERY WELL.

12          MR. NOLAN:  THANK YOU.

13          THE COURT:  I'LL SEE YOU NEXT MONDAY.

14          MR. COREY:  THANK YOU, YOUR HONOR.

15          THE COURT:  WE'RE GOING TO TAKE A VERY SHORT BREAK        11:10

16  FOR THE COURT REPORTER, AND WE'LL RESUME WITH THE REST OF THE

17  CALENDAR.

18                          CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
23

24  _____        4-4-08
    THERESA A. LANZA, CSR, RPR             DATE
25  FEDERAL OFFICIAL COURT REPORTER


        MARCH 31, 2008              ED CV 04-09049-SGL

EXHIBIT 1
PAGE 7

# EXHIBIT 2

1 | THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10 | MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

14 | CARTER BRYANT, an individual

15 | Plaintiff,

16 | v.

17 | MATTEL, INC., a Delaware
corporation

18 |

19 | Defendant.

20 | Consolidated with MATTEL, INC. v.
BRYANT and MGA
21 | ENTERTAINMENT, INC. v.
MATTEL, INC.
22 |

| | |
|---|---|
| CASE NO. CV 04-9049 SGL (RNBx) | |
| Consolidated with Case No. 04-9059 | |
| and Case No. 05-2727 | |
| | |
| **DISCOVERY MATTER** | |
| **[To be heard by Discovery Master** | |
| **Hon. Edward A. Infante (Ret.)]** | |
| | |
| **NOTICE OF MOTION AND** | |
| **MOTION OF MGA PARTIES FOR** | |
| **CLARIFICATION REGARDING** | |
| **PORTIONS OF FEBRUARY 15,** | |
| **2008, ORDER GRANTING IN PART** | |
| **AND DENYING IN PART** | |
| **MATTEL'S MOTION TO COMPEL** | |
| **RESPONSES TO** | |
| **INTERROGATORY NOS. 27-44** | |
| **AND 46-50 BY THE MGA PARTIES** | |

Date: TBD
Time: TBD
Place: JAMS
Phase 1:
Discovery Cut-Off: January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date: May 27, 2008

23 |
24 |
25 |
26 |
27 |
28 |

EXHIBIT 2
PAGE 8

1

## NOTICE OF MOTION

2

3  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4           PLEASE TAKE NOTICE that MGA Entertainment, Inc. ("MGA"), MGA

5  Entertainment (HK) Limited ("MGA HK"), MGAE De Mexico, S.R.L. De C.V.

6  ("MGA Mexico") and Isaac Larian (collectively, the "MGA Parties") hereby move

7  the Court for an order clarifying it's February 15, 2008, Order Granting in Part and

8  Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44

9  and 46-50 by the MGA Parties (the "February 15, 2008, Order") to confirm that any

10  obligation under the Court's February 15, 2008, Order to provide supplemental

11  responses to interrogatories that seek discovery regarding Phase 2 issues is stayed by

12  operation of the February 4, 2008, Minute Order of the Honorable Stephen Larson in

13  this action staying Phase 2 discovery.  In particular, the MGA Parties seek an order

14  confirming that (i) any obligation of the MGA Parties under the February 15, 2008,

15  Order to respond to Interrogatories Nos. 41 (other than as to Carter Bryant), 43 and

16  44 is stayed by Judge Larson's February 4, 2008, Minute Order on the ground that

17  these interrogatories seek Phase 2 discovery, and (ii) any obligation of MGA Mexico

18  under the February 15, 2008, Order to provide supplemental interrogatory responses

19  is stayed by operation of Judge Larson's February 4, 2008, Minute Order on the

20  ground that discovery directed to MGA Mexcio, which was formed in April 2004,

21  constitutes Phase 2 discovery.

22           This Motion is based upon this Notice of Motion and accompanying

23  memorandum of points and authorities; the accompanying Declaration of Timothy A.

24  Miller filed concurrently herewith; the records and files of this Court; and any other

25  matter of which the Court may take judicial notice.  Discovery Master Hon. Edward

26  Infante (Ret.) will preside over the hearing on this Motion, which will occur on a

27  date and at a time and manner to be determined by the Discovery Master.

28

- i -

EXHIBIT ___2___
PAGE ___9___

1     <u>Statement of Rule 37-1 Compliance.</u>  Counsel for the MGA Parties met and

2   conferred with counsel for Mattel on February 25, 27 and 29, 2008, but were unable

3   to reach agreement on the issue addressed in this motion.  (Miller Decl. ¶¶ 11-13 and

4   Exs. J & K.)

5

6   DATED:  March 3, 2008              SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP
7

8                              By: _____
                                       RAOUL D. KENNEDY
9
                                   Attorneys for Cross-Defendants
10                                 MGA Entertainment, Inc., MGA
                                   Entertainment (HK) Limited,
11                                 MGAE De Mexico, S.R.L. De C.V.,
                                   and ISAAC LARIAN
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- ii -

EXHIBIT  2
PAGE  10

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On February 15, 2008, this Court issued its Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties[1] (the "February 15, 2008, Order").   In that order, the Court denied Mattel's motion to compel, in part, and compelled the MGA Parties to provide supplemental responses to Interrogatories Nos. 38, 40, 41 (as limited by the Court), 43-44, and 47.  (February 15, 2008, Order at 10-12, 18-20, Miller Decl. Ex. C.)  The MGA Parties respectfully request that the Court clarify its February 15, 2008, Order to make clear that (i) any obligation of the MGA Parties under the February 15, 2008, Order to respond to Interrogatories Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed by Judge Larson's February 4, 2008, Minute Order staying Phase 2 discovery, and (ii) any obligation of MGA Mexico under the February 15, 2008, Order to provide supplemental interrogatory responses is also stayed because discovery directed to MGA Mexcio, which was formed in April 2004, constitutes Phase 2 discovery.

### PERTINENT FACTUAL BACKGROUND

On December 20, 2007 Mattel filed its Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 By the MGA Parties (the "Motion to Compel"). The Motion to Compel was fully briefed by January 7, 2008.  (Miller Decl. ¶ 2.)

On February 4, 2008, Judge Larson issued a Minute Order which provided, in part, that: "All discovery related to Phase 2 . . . is STAYED until further order of the Court."  (Feb. 4, 2008, Minute Order at 3, ¶ 4, Miller Decl. Ex. A.)

At a February 25, 2008, hearing, Judge Larson reconfirmed his commitment to the stay of Phase 2 discovery:

---

[1]     The "MGA Parties" are MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian.

-1-

EXHIBIT 2
PAGE 11

1  MR. COREY, IF I LIFT THE STAY ON PHASE TWO
   DISCOVERY, I CAN'T IMAGINE WHAT THAT
2  WOULD DO. I MEAN, POOR JUDGE INFANTE. I
   JUST COULDN'T DO THAT TO HIM. I JUST
3  COULDN'T. THAT WOULD DERAIL THIS
   LITIGATION. BASED ON HOW -- AND I'M NOT
4  POINTING ANY FINGERS HERE, THIS IS JUST
   ACROSS THE BOARD -- HOW DISCOVERY HAS
5  BEEN CONDUCTED, THE MILLIONS OF
   DOCUMENTS; THE, I DON'T KNOW, UNTOLD
6  NUMBER OF DEPOSITIONS AND THE
   INTERROGATORIES AND RFA'S; TO LIFT STAY
7  TWO DISCOVERY DURING THIS CRITICAL PERIOD
   AS WE'RE TRYING TO DO THE MOTIONS, THE
8  PRETRIAL ORDERS, AND GET READY FOR THE
   FIRST TRIAL IN MAY, WHICH IS GOING FORWARD
9  IN MAY, TO START IN ON FULL SCALE PHASE
   TWO DISCOVERY, THAT'S UNFATHOMABLE.
10
   (Reporter's Tr. of Proceedings, Feb. 25, 2008, at 30:7-19, Miller Decl. Ex. D).
11
12       Meanwhile, on February 11, 2008, this Court held a hearing on the Motion to

13  Compel along with 10 other pending motions. (Miller Decl. ¶ 4.) At the February

14  11, 2008, hearing, counsel for the MGA Parties informed the Court of the stay of

15  Phase 2 discovery:

16       ON A PROCEDURAL FRONT ALSO, ON FEBRUARY
         4, JUDGE LARSON CLARIFIED, AND THAT
17       CLARIFICATION WAS NEEDED, THAT PHASE II
         DISCOVERY IS BIFURCATED. AND I SUBMIT, AT
18       LEAST AS TO QUESTIONS 43, 44, 48, 49, 50, ARE
         CLEARLY ALL PHASE II, AND THERE MAY BE
19       PORTIONS OF SOME OF THE OTHERS THAT ARE
         AS WELL.

20  (Telephonic Tr. of Proceedings, Feb. 11, 2008, at 34:6-12, Miller Decl. Ex. B.)

21       As mentioned above, on February 15, 2008, this Court issued its Order

22  Granting in Part and Denying in Part Mattel's Motion to Compel Responses to

23  Interrogatory Nos. 27-44 and 46-50 by the MGA Parties. That order does not

24  expressly address the effect of Judge Larson's stay of Phase 2 discovery.

25       As discussed in more detail below, Interrogatory Nos. 41 (except with respect

26  to Carter Bryant), 43 and 44 seek discovery related to Phase 2 and, therefore, any

27  further obligation to respond to those interrogatories has been stayed by Judge

28  Larson. Interrogatory No. 41 seeks information about former Mattel employees

-2-

EXHIBIT ___2___
PAGE ___12___

1  hired by MGA to support Mattel's claims of trade secret misappropriation, and

2  Interrogatories Nos. 43-44 relate to MGA's Phase 2 claims of copying and

3  infringement by Mattel.  The February 15, 2008, Order also compels additional

4  responses from MGA Mexico.  That entity did not come into existence until April

5  2004 and thus all claims against that entity relate to Phase 2.

6       As Mattel argued in a recent filing, Judge Larson "clarified what was in Phase

7  1 and Phase 2 in [his] July 2, 2007 Minute Order."  (Mattel Inc.'s Opp'n to MGA

8  Defendants' Ex Parte Application to Compel the Depositions of Matthew Bousquette

9  and Tina Patel at 9:7-8, Miller Decl. Ex. E.)  Mattel quoted the following passage

10  from Judge Larson's order:

11          Phase 1(a) would be limited to issues surrounding Carter
            Bryant's employment with Mattel, and how those issues
12          impact the ownership of certain original Bratz drawings,
            while Phase 1(b) would address approximately two-
13          hundred Bratz products that are potentially derivative of
            the original drawings.  This approach has the appeal of
14          limiting Phase 1(a) to discrete issue of the ownership of the
            original Bratz drawings.  A finding that Bryant owns these
15          original drawings in Phase 1(a) has the potential to
            eliminate the need for Phase 1(b).
16

17  (July 2, 2007 Minute Order at 2, Miller Decl. Ex. F.)

18       The information sought by Mattel in Interrogatory Nos. 41 (except with

19  respect to Carter Bryant), 43 and 44 has nothing to do with Carter Bryant's

20  employment with Mattel or the ownership of Carter Bryant's Bratz drawings.  Mattel

21  named MGA Mexico as a defendant in its counterclaims of trade secret

22  misappropriation, clearly a Phase 2 claim.  Accordingly, the MGA Parties

23  respectfully request an order clarifying the February 15, 2008, Order to make clear

24  that any obligation of the MGA Parties' under that order to supplement their

25  responses to Interrogatory Nos. 41 (except with respect to Carter Bryant) and 43-44,

26  and MGA Mexico's obligation to further respond to any of Mattel's interrogatories,

27  is stayed pursuant Judge Larson's February 4, 2008, Minute Order.

28

-3-

EXHIBIT __2__
PAGE __13__

1

## ARGUMENT

2  **I.    THE COURT SHOULD CLARIFY ITS FEBRUARY 15, 2008, ORDER
3        TO CONFIRM THAT ANY OBLIGATION IN THAT ORDER TO
         PROVIDE DISCOVERY RELATED TO PHASE 2 IS STAYED UNDER
4        JUDGE LARSON'S FEBRUARY 4, 2008, MINUTE ORDER**

5       The MGA Parties respectfully submit that Interrogatories Nos. 41 (except with

6   respect to Carter Bryant), 43 and 44, and all interrogatories to the extent they are

7   directed to MGA Mexico, relate to Phase 2 and, therefore, any further response to

8   those interrogatories has been stayed by Judge Larson.

9       **A.    Interrogatory No. 41**

10      Interrogatory No. 41 seeks information concerning MGA's hiring of former

11  Mattel employees, as follows:

12              IDENTIFY all PERSONS who at any time have been
                employed by or under contract with MATTEL who are
13              now or have been employed by or under contract with
                YOU since January 1, 1999, and, for each such PERSON,
14              state his or her name, date of hire or effective date of
                contract, the date on which YOU first had contact with
15              such PERSON regarding potential employment or
                contracting, the date(s) on which such PERSON was
16              interviewed for possible employment or contracting, each
                title (if any) such PERSON has held while employed by or
17              under contract with YOU, and the date of termination (if
                applicable).
18

19  Prior to the stay of Phase 2 discovery, the MGA Parties provided "a list of well over

20  a hundred individuals with their position title and employment dates." (Feb. 15,

21  2008, Order at 10:13-14, Miller Decl. Ex. C.)  The Court compelled supplemental

22  responses to this interrogatory, in part, ordering the MGA Parties to "provide the

23  interview dates for each of the individuals identified in their supplemental

24  responses." (*Id.* at 11:1-2, Miller Decl. Ex. C.)

25      The Court based it order compelling further response to Interrogatory No. 41

26  on its conclusion that "[t]he interview dates are potentially relevant to Mattel's claim

27  that the MGA parties induced former Mattel employees to abscond with Mattel's

28  trade secrets." (*Id.* at 11:2-3, Miller Decl. Ex. C.)  With the exception of Mattel's

-4-

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

EXHIBIT    2
PAGE    14

1 claims that MGA misappropriated Bratz when it acquired Bratz from Carter Bryant,

2 Mattel's claims of trade secret theft through the hiring of former Mattel employees

3 relate to Phase 2 in that they relate to Mattel's counterclaims against the MGA

4 Parties for trade secret misappropriation. (*See* July 2, 2007, Minute Order at 2

5 (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of

6 Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.)

7 Therefore, any further response to Interrogatory No. 41 (other than with respect to

8 Carter Bryant) is stayed under Judge Larson's February 4, 2008, Minute Order. (The

9 MGA Parties will provide the ordered supplemental response with respect to Carter

10 Bryant.)

11      **B.**    **Interrogatories 43 and 44.**

12      As the Court summarized in its February 15, 2008, Order, "Interrogatory Nos.

13 43 and 44 request dates on which each 'concept, design, product, product packaging

14 or other matter that [the MGA Parties] contend Mattel copied or infringed' was (1)

15 'conceived' and (2) 'first fixed in any tangible medium of expression' . . . ."

16 (Feb. 15, 2008, Order at 11:8-11, Miller Decl. Ex. C.)[2]  Thus, by definition,

17

    [2]    Interrogatories Nos. 43 and 44 read, in full, as follows:

18

19     For each concept, design, product, product packaging or
other matter that YOU contend MATTEL copied or

20     infringed, including but not limited to those identified in
MGA's Responses To Mattel, Inc.'s First Set Of

21     Interrogatories Re Claims Of Unfair Competition,
Response To Interrogatory No. 2 (and any Supplemental

22     Responses to such Interrogatory), state the date that each
such concept, design, product, product packaging or other

23     matter was conceived, and IDENTIFY all PERSONS with
knowledge of, and all DOCUMENTS that REFER OR

24     RELATE TO, the foregoing.

25     For each concept, design, product, product packaging or
other matter that YOU contend MATTEL copied or

26     infringed, including but not limited to those identified in
MGA's Responses To Mattel, Inc.'s First Set Of

27     Interrogatories Re Claims Of Unfair Competition,
Response To Interrogatory No. 2 (and any Supplemental

28     Responses to such Interrogatory), state the date that each
such concept, design, product, product packaging or other

                                                    (*cont'd*)

EXHIBIT 2

PAGE 15

1    Interrogatories Nos. 43 and 44 relate to Phase 2 because they relate to MGA's claims

2    of copying or infringement against Mattel. (*See* MGA's Complaint for False

3    Designation of Origin, Affiliation, Associate or Sponsorship (15 U.S.C. § 1125(a));

4    Unfair Competition (15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200 *et seq.*

5    and California Common Law); Dilution (15 U.S.C. § 1125(c), Cal. Bus. & Prof.

6    Code § 14330 and California Common Law); and Unjust Enrichment, at 10-26,

7    Miller Decl. Ex. H.) Judge Larson deferred all of MGA's affirmative claims against

8    Mattel to Phase 2. (July 2, 2007, Minute Order at 2 (adopting chart of Phase 1 and

9    Phase 2 claims proposed by Mattel at pages 8-9 of Mattel's Memorandum Regarding

10   Trial Structure), Miller Decl. Exs. F & G.) Therefore, any further response to

11   Interrogatory Nos. 43 and 44, which relate solely to MGA's claims against Mattel, is

12   stayed under Judge Larson's February 4, 2008, Minute Order.

13       **C.     Interrogatories to MGA Mexico**

14       Mattel does not contend that MGA Mexico was involved in the acquisition or

15   early development of Bratz, nor could it. MGA Mexico was not formed until April

16   2004, and thus was not in existence when MGA acquired Bratz in 2000 and launched

17   the first generation of Bratz in 2001. (Mattel's Counterclaim ¶ 37, Miller Decl. Ex.

18   I.) Mattel claims that MGA Mexico misappropriated Mattel trade secrets through the

19   hiring of former Mattel employees in Mexico. (*Id.*) Claims related to MGA Mexico

20   have nothing to do with the ownership of Carter Bryant's original Bratz drawings.

21   Mattel's claims of trade secret misappropriation with respect to the formation of

22   MGA Mexico have been deferred to Phase 2. (July 2, 2007, Minute Order at 2

23   (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of

24   _____

25   *(cont'd from previous page)*

26       matter was first fixed in any tangible medium of expression
         (if ever), and IDENTIFY all PERSONS with knowledge of,
27       and all DOCUMENTS that REFER OR RELATE TO, the
         foregoing.

28   (Mattel's Amended Fourth Set of Interrogatories, Miller Decl. Ex. L.)

-6-

EXHIBIT   2
PAGE   16

1 | Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.)   Thus,

2 | discovery directed to MGA Mexico is stayed.

3 | **CONCLUSION**

4 |       For the foregoing reasons, the MGA Parties respectfully request the Court to

5 | clarify its February 15, 2008, Order to make clear that the MGA Parties' obligation

6 | to supplement their responses to Interrogatory Nos. 41 (except with respect to Carter

7 | Bryant) and 43-44, and MGA Mexico's obligation to supplement any of the

8 | interrogatories directed to it, is stayed until further order of Judge Larson lifting his

9 | stay on Phase 2 discovery.

10 |

11 | DATED: March 3, 2008                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

12 |

13 |                                          By: _____

14 |                                                  RAOUL D. KENNEDY

15 |                                          Attorneys for Cross-Defendants
                                             MGA Entertainment, Inc., MGA
16 |                                          Entertainment (HK) Limited,
                                             MGAE De Mexico, S.R.L. De C.V.,
17 |                                          and ISAAC LARIAN

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-7-

EXHIBIT __2__

PAGE __17__

# EXHIBIT 3

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
　　　　　　PLAINTIFF, )
)
　　V. )  CASE NO. CV04-9049 SGL (RNBX)
)  [CONSOLIDATED WITH
)  CASE NO. 04-9059 AND
)  CASE NO. 05-2727]
)
MATTEL, INC., A DELAWARE, A )
CORPORATION, )
)
　　　　　　DEFENDANT. )
)

# TELEPHONIC TRANSCRIPT OF PROCEEDINGS

# MARCH 10, 2008



REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 08AD016

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 3
PAGE 18

```
 1          WE'D REQUEST THAT THE MOTION BE GRANTED;
 2   THAT HE BE ORDERED TO APPEAR FOR DEPOSITION.
 3   ALTERNATIVELY, AT MINIMUM, WE REQUEST THAT WE BE
 4   GIVEN DISPENSATION FROM THE JANUARY 28TH DISCOVERY
 5   CUTOFF DATE AND GIVEN A REASONABLE OPPORTUNITY TO
 6   GO INTO THE NORTHERN DISTRICT OF ILLINOIS AND
 7   APPARENTLY TO BATTLE WITH MR. CALDWELL OVER GETTING
 8   A SUBPOENA FOR HIM.
 9          AS FAR AS THE SUBSTITUTE RELEVANCY -- WE
10   HAVE TWO DEPOSITIONS HERE, BOTH OF MR. BOUSQUETTE
11   AND PATEL.  AND JUST SUMMARIZING VERY BRIEFLY, EVEN
12   THOUGH MR. BOUSQUETTE MAY NOT HAVE BEEN AROUND IN
13   2000 AND 2001, HE WAS THE CHAIR OR LEADER OF THE
14   MATTEL COMMITTEE, WHICH IN 2004 RADICALLY AMENDED
15   THE EMPLOYEE AGREEMENTS TO SUBSTANTIALLY INCREASE
16   WHAT THEY COVERED OVER WHAT THEY COVERED AT THE
17   TIME MR. BRYANT WAS THERE.  PLUS YOU HAVE YOUR
18   SUBSEQUENT REPAIRS CASE, WHY DID YOU CHANGE THOSE
19   WORDS, AND WHAT WAS THE PURPOSE FOR IT?
20          AND THEN MS. PATEL IS ACTUALLY A FORMER
21   MGA EMPLOYEE, WHO HAS ENORMOUS KNOWLEDGE CONCERNING
22   WHAT IT TAKES FOR A SUCCESSFUL PRODUCT AND HAS
23   WORKED AT BOTH MGA AND MATTEL, CLEARLY PHASE I
24   ISSUES.
25          THERE IS A LOT THERE AND A LOT HAS
```

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT  3
PAGE  19

1  HAPPENED RECENTLY.  IF YOUR HONOR HAS ANY

2  QUESTIONS, PLEASE LET ME KNOW.

3     JUDGE INFANTE:  GO AHEAD.  YES.

4     MR. COREY:  YOUR HONOR, THIS IS JON COREY.

5        THERE WAS SOME PAPER THAT WAS SUBMITTED

6  TO THE DISCOVERY MASTER ON -- ON FRIDAY.  AND I

7  DON'T KNOW IF THE DISCOVERY MASTER HAS HAD AN

8  OPPORTUNITY TO LOOK AT THAT OR NOT.

9        BUT YOU'LL FIND TWO THINGS CONSPICUOUSLY

10  ABSENT FROM ANY OF THIS:  NUMBER ONE IS A PROOF OF

11  SERVICE OF A DEPOSITION FOR MR. BOUSQUETTE FROM THE

12  NORTHERN DISTRICT OF ILLINOIS, WHERE HE NOW

13  RESIDES, AND WHERE HE HAS RESIDED FOR QUITE A

14  WHILE; AND NOR WILL YOU FIND ANY -- EITHER REQUESTS

15  OR RESPONSE, ON BEHALF OF QUINN EMANUEL, SUGGESTING

16  THAT WE WERE -- THAT MY FIRM WAS ENTITLED -- OR

17  AUTHORIZED TO ACCEPT SERVICE OF A SUBPOENA ON

18  BEHALF OF MR. BOUSQUETTE.

19        AND WE'VE PUT IN OUR PAPERS, AND WE'VE

20  MADE THIS VERY CLEAR REPEATEDLY TO COUNSEL FOR MGA,

21  BOTH CURRENT COUNSEL AND PRIOR COUNSEL, IF THEY

22  WANTED TO SERVE A DEPOSITION SUBPOENA ON A FORMER

23  EXECUTIVE, THEY WOULD ASK AND -- THEY WOULD ASK US

24  AND WE WOULD FIND OUT IF WE WERE ABLE TO DO THAT.

25        NO SUCH REQUEST WAS EVER MADE WITH

73

EXHIBIT 3
PAGE 20

1   RESPECT TO MR. BOUSQUETTE. AND I THINK THAT,

2   REALLY, WITH RESPECT TO MR. BOUSQUETTE IS AS FAR AS

3   THE DISCOVERY MASTER NEEDS TO GO ON THIS PARTICULAR

4   MOTION.

5          IF THERE IS AN ISSUE -- IF MGA CAN SHOW

6   THAT THE DEPOSITION SUBPOENA WAS PROPERLY SERVED,

7   THEY CAN TAKE THAT IN FRONT OF A MAGISTRATE JUDGE

8   IN THE NORTHERN DISTRICT OF ILLINOIS AND CAN COMPEL

9   IT THERE.

10         IT'S NOT AN ISSUE FOR -- IT'S NOT AN

11  ISSUE THAT EITHER JUDGE LARSON OR YOUR HONOR HAS

12  THE JURISDICTION TO RULE UPON.

13         WITH RESPECT TO THE SUBJECT MATTER -- OR

14  THE ISSUES REGARDING WHETHER MR. BOUSQUETTE AND

15  MS. PATEL FALL WITHIN THE SCOPE OF PHASE I OR

16  PHASE II, WE'VE IDENTIFIED IN -- ON PAGES 6 AND 7

17  OF OUR BRIEF, EXACTLY WHAT MGA THOUGHT, AS OF A

18  COUPLE MONTHS AGO, WHAT INFORMATION MS. PATEL AND

19  MR. BOUSQUETTE HAD.

20         IT'S EXCLUSIVELY RELATED TO PHASE II.  IT

21  RELATES SPECIFICALLY TO THE UNFAIR COMPETITION AND

22  UNCLEAN HANDS CLAIM -- UNCLEAN HANDS DEFENSE.  AND

23  THE UNCLEAN HANDS DEFENSE, I BELIEVE THE DISCOVERY

24  MASTER IS AWARE MGA HAS WITHDRAWN THAT, WITH

25  RESPECT TO ALL OF THE PHASE I CLAIMS THAT MATTEL IS

74

EXHIBIT 3
PAGE 21

1    STATE OF CALIFORNIA        )

                                )   SS.

2    COUNTY OF LOS ANGELES      )

3

4            I,    ANGELA DUPRE    , CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7            THE PROCEEDINGS WERE RECORDED

8    STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9    BEST OF MY ABILITY;

10           THE FOREGOING TRANSCRIPT IS A TRUE AND

11   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12           I FURTHER CERTIFY THAT I AM NEITHER

13   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15           IN WITNESS WHEREOF, I HAVE HEREUNTO

16   SUBSCRIBED MY NAME THIS _17th_ DAY OF

17   _March_ , 2008.

18

19

20

21

22

23

24

25

90

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT ___3___
PAGE ___22___

# EXHIBIT 4

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 4, 2008

**VIA FACSIMILE AND U.S. MAIL**

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Paul Eckles, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071

Re: Bryant v. Mattel, Inc.

Dear Counsel:

I write pursuant to Local Rule 7-3 to invite you to meet and confer regarding Mattel's
contemplated motion (a) to strike from MGA's Phase 1 expert reports, and (b) to preclude any
MGA Phase 1 expert from testifying regarding any facts, materials, opinions or subject matter
that, according to Judge Larson's phasing orders, belong in Phase 2. Please let me know when
you are available to discuss this

Best regards,

Jon D. Corey

07209/2423551.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT £
PAGE _9_

03/04/2008 14:15 FAX   121344   0          QE#080982                        ☑ 001

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3109 |
| RECIPIENT ADDRESS | 9414#007209#12136875800 |
| DESTINATION ID | |
| ST. TIME | 03/04 14:14 |
| TIME USE | 00'44 |
| PAGES SENT | 2 |
| RESULT | OK |

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5551-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   March 4, 2008                          **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest LLP | (415) 391-4500 | (415) 397-7188 |
| Paul Eckles, Esq.<br>Skadden Arps Slate Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**   Jon D. Corey

**RE:**   MGA Entertainment, Inc. v. Mattel, Inc.

**MESSAGE:**

EXHIBIT  6
PAGE   92

03/04/2008 14:13 FAX  121344   0          QE#050983                              ☑ 001

```
                          ******************************
                          ***   MULTI TX/RX REPORT   ***
                          ******************************

TX/RX NO            3107
PGS.                2
TX/RX INCOMPLETE
                    (2)    9414#007209#12136875600
TRANSACTION OK
                    (1)    9414#007209#14153977188
ERROR INFORMATION

                    - - - - -
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    March 4, 2008               **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest LLP | (415) 391-4500 | (415) 397-7188 |
| Paul Eckles, Esq.<br>Skadden Arps Slate Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**    Jon D. Corey

**RE:**    MGA Entertainment, Inc. v. Mattel, Inc.

**MESSAGE:**

EXHIBIT
PAGE  9