# EXHIBIT A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 9, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amy Park, Esq.
Skadden Arps Slate Meagher & Flom, LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:   <u>Mattel v. Bryant</u>

Dear Amy:

I write in response to your letter dated March 18, 2008, regarding Mattel's motion to compel MGA to produce documents in response to Mattel's third set of requests for production and for sanctions.

<u>Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That Other Dolls or Products Infringe Bratz (Request Nos. 1-30)</u>

Mattel's Request Nos. 1 through 30 seek categories of documents from the Bratz-related lawsuits that would not need to be reviewed for privilege, such as pleadings, transcripts and expert reports. Mattel seeks this information because MGA has taken the position in this case that three-dimensional dolls cannot infringe two-dimensional drawings. MGA has also taken the position that the production Bratz dolls are not substantially similar to Bryant's copyrighted drawings. In some proceedings, however, MGA has taken the exact opposite position and has argued, in some cases successfully, that dolls, that are less similar than the Bratz dolls, are substantially similar to Carter Bryant's drawings. Mattel is entitled to that type of information.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2440860.1

MGA's contention that Request Nos. 1-30 are overbroad and unduly burdensome is entirely without merit. To reach a compromise and to minimize any burden upon MGA, Mattel asked MGA to identify the locations of the non-privileged files (pleadings, discovery, etc.) and Mattel would have someone review them for responsive documents and copy them at Mattel's expense. MGA refused that offer. Under this proposal, MGA would have to do nothing more than identify the relevant counsel. It is thus clear that MGA's claims of undue burden are merely an attempt to evade its discovery obligations.

Nor does MGA's assertion that it has purportedly produced "thousands of documents pertaining to prior Bratz-related litigations and its right to Bratz," justify MGA's continued stonewalling. That MGA claims to have produced *some* unidentified documents does not relieve MGA of its obligation to produce other responsive documents in its possession, custody or control. For example, MGA stated at the February 21, 2008 conference that it had produced sworn statements in connection with Request Nos. 37 and 38 of Mattel's First Set of Requests for Production and Request Nos. 19 and 20 of Mattel's Requests for Production Regarding Unfair Competition. Here, however, Mattel is not limited to sworn statements, but rather is entitled to a broader set of responsive documents. Your letter makes perfectly clear that MGA has *not* produced the documents sought to Mattel's Request Nos. 1 through 30, even as limited by Mattel. MGA has not even identified the 25 suits that it claims may contain potentially responsive documents or the protective orders that you claim are in place in some of these cases. Please identify any such cases and provide Mattel with copies of the relevant protective orders.

Mattel's interest is not idle speculation. In both the CityWorld case and the Multitoy case, MGA accused competitors of producing dolls that infringed Carter Bryant's drawings. See Supplemental Declaration of Jon Corey in Support of Mattel, Incl's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. and for Award of Monetary Sanctions ¶¶ 4-7 and Exs. B and C. Mattel assumes that MGA has also made the same representation to courts in other proceedings. That is what these requests seek.

In light of MGA's indication that it will stand by its objections, Mattel's motion as to these requests will need to be submitted to Judge Infante for resolution.

Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

Mattel is not willing to limit Request No. 31 to seek documents through June 30, 2001, as a June 30 cut-off would exclude too many potentially relevant documents. Mattel proposed limitation -- to responsive documents through September 30, 2001 -- is reasonable. Unless MGA is willing to produce relevant documents through September 30, Mattel's motion as to Request No. 31 will have to be decided by the Discovery Master.

Documents Relating to Sandra Bilotto (Request Nos. 32-41)

Because Request Nos. 32, 33, 36 and 38 relate to Phase 2 discovery issues, Mattel will put off this aspect of the motion until such time as Phase 2 discovery commences.

As to Request Nos. 35, 37 and 39, MGA represents that, contrary to what is stated in its Objections and Supplemental Responses to Mattel's Third Set of Requests for Production, MGA has not limited its search to documents concerning Prayer Angels. Rather, MGA states that it has "produced all non-privileged responsive documents in its possession, custody or control." With respect to Request No. 34, MGA states that although it objected to this request, "it did not withhold non-privileged documents on the basis of its objections, and documents responsive to this were produced in response to Request Nos. 35, 37 and 39."

Based on these representations, Mattel is willing to withdraw its motion as to Request Nos. 34, 35, 37 and 39. However, Mattel requests that MGA supplement its responses to reflect that it has produced all non-privileged documents responsive to these requests.

For Requests Nos. 40 and 41, Mattel has offered to limit these request to September 30, 2001. The June 30, 2001 cut-off would exclude potentially relevant documents. Because Mattel has agreed to the narrow time limitation, there is no need to limit the subject matter of Mattel's requests.

## MGA's Communications With and Payments To Paula Garcia (Request Nos. 42, 76 and 77)

As to Request No. 42, Mattel is not willing to accept MGA's proposed cut-off of June 30, 2001. Unless MGA is willing to produce documents responsive to this request through September 30, 2001, this aspect of the motion will have to be resolved by the Discovery Master. Contrary to your suggestion, this request is tied to a claim or defense. The creation and development of Bratz is the issue in Phase 1. As Mattel understands it, and MGA has not suggested otherwise, during this time period Bratz was the *only* thing that Ms. Garcia worked on. So, communications between Ms. Garcia and Mr. Larian need not be limited. If there are other products that she worked on at that time, then please identify them for me and we can proceed.

Mattel is willing to withdraw, without prejudice, its motion as to Request Nos. 76 and 77, if Mga is willing to represent that it has produced and can identify documents that show the total amount of payments made to Ms. Garcia in response to these requests.

## Documents Regarding the Conception And Development Of Scooter Samantha (Request Nos. 43-55)

MGA's contention that Request Nos. 43-55 are relevant just to Phase 2 discovery is incorrect. As I stated at the February 21 conference, and as set forth in Mattel's papers, The Scooter Samantha requests are relate to Phase 1, in that they are relevant to (1) challenge MGA's product development timeline regarding Bratz, and (2) to impeach Paula Garcia's credibility. Mattel is not willing to withdraw its motion as to these requests. Accordingly, this aspect of the motion will have to be resolved by Judge Infante.

### Documents Relating To Scott Reyes And Space Babes (Request Nos. 56-75)

As set forth in its papers, Mattel disagrees that Request Nos. 56-75 pertain exclusively to Phase 2 issues. Nonetheless, in an effort to minimize the burden on the Court, Mattel is willing to put its motion as to these requests on hold until the Phase 2 discovery stay is lifted.

### Personnel And Vendor Files For Individuals Involved In The Development Of Bratz And Individuals Previously Employed By Mattel (Request Nos. 78-88)

As to Request Nos. 78-86, MGA proposes that the requests be limited to "documents from the personnel and vendor files of these individuals, if any, that relate to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001." However, as you know, MGA previously agreed to produce without restriction -- and the Discovery Master previously ordered MGA to produce without restriction -- these personnel and vendor files. MGA's attempt to renege on its promise and to limit production is improper. Unless MGA agrees to produce the full personnel and vendor files for the individuals identified in these requests, this portion of Mattel's motion will need to be submitted to the Discovery Master.

MGA's refusal to produce documents responsive to Request Nos. 87 and 88, which seek the files for former Mattel employees, is also improper. As I stated at the February 21 conference, Mattel is entitled to the full personnel and vendor files for all MGA employees who were formerly employed by Mattel and who worked on Bratz. A preliminary list of employees who worked directly on Bratz includes: Carter Bryant, David Dees, Margaret Leahy, Jesse Ramirez, Sarah Halpern, Veronica Marlow, Anna Rhee, Steve Tarmichael, Mercedeh Ward, Paula Treantafelles Garcia, Maria Salazar.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*[signature: Jon D. Corey]*

Jon D. Corey