Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO OVERRULE RELEVANCE OBJECTION AND COMPEL DISCOVERY RELEVANT TO STATUTE OF LIMITATIONS AND LACHES DEFENSES; DENYING REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On January 17, 2008, MGA Entertainment, Inc. ("MGA") submitted a "Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statute of Limitations and Laches Defenses (RFP, RFA & Interrogatories)." On January 31, 2008, Mattel, Inc.

1  ("Mattel") submitted an opposition, and on February 5, 2008, MGA submitted a reply. The
2  matter was heard on April 11, 2008.

## II. BACKGROUND

MGA originally sought an order (1) overruling Mattel's relevance objection to discovery designed to ascertain when Mattel first had notice of its claims and counterclaims; (2) compelling Mattel to produce related discovery requested by MGA in its First Set of Requests for the Production of Documents and Things, Nos. 186-195; First Set of Interrogatories, Nos. 5, 9-11; and Second Set of Requests for Admissions, Nos. 241-246; and (3) awarding sanctions in the amount of $7500. After meeting and conferring further, the parties were able to narrow the scope of the Motion. See Joint Report to Discovery Master Regarding Pending Discovery Motions dated March 28, 2008. Specifically, during the meet and confer, Mattel represented that it has not withheld any documents based on its relevance objection. Therefore, MGA withdraws its Motion as to the document requests. Mattel also represented that its response to Interrogatory No. 5 is complete and that it will supplement its response if it receives additional information. Based upon Mattel's representation, MGA withdraws its motion as to Interrogatory No. 5. In the Joint Report, the parties specify that the following requests remain at issue: Interrogatory Nos. 9-11 and Requests for Admission Nos. 241, 243 and 245.[1]

MGA contends that Mattel should be compelled to supplement its responses to the discovery requests at issue because the responses are incomplete and are improperly "subject to" Mattel's relevancy objection. MGA contends that the discovery it seeks is clearly relevant to MGA's and Carter Bryant's statute of limitations and laches defenses. MGA further contends that the court has already considered and rejected Mattel's relevancy objection in the context of MGA's earlier motion to compel Rule 30(b)(6) testimony. See Mumford Decl., Ex. 8: Order

---

[1] Request for Admissions Nos. 242, 244 and 246 are not included in the parties' list of discovery requests that remain at issue. Therefore, the court presumes that MGA's motion has been resolved as to these three discovery requests as well.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

Regarding MGA and Carter Bryant's Joint Motion to Overrule Mattel's Relevance Objections and Compel Discovery Relevant to Statute of Limitations and Laches Defenses, dated January 9, 2008.

Mattel opposes the motion, contending that it has complied with and fully responded to many of the discovery requests. For example, Mattel explains that although it objected to Interrogatory Nos. 9-11 as seeking information that is not relevant to the claims and defenses in the case, Mattel did not limit its responses based on this objection. Mattel's Opposition at p.3. Mattel also contends that MGA's motion focuses exclusively on Mattel's relevancy objections and ignores Mattel's other objections to MGA's requests for admission. Mattel contends that MGA's requests for admission remain objectionable because they are compound, vague and ambiguous, and unduly burdensome, and that MGA has failed to refute these objections.

## III. DISCUSSION

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). All discovery, however, is subject to the limitations imposed by Rule 26(b)(2)(C). Id. Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

//

//

A. Interrogatories

Interrogatory No. 9 asks Mattel to state, with particularity, when and how Mattel first learned of Bratz. Although Mattel asserts several objections, Mattel responds that "[e]xcluding from this response defendant Carter Bryant and those former Mattel employees who worked with defendant Carter Bryant, a Mattel representative first saw the Bratz dolls at the time or after MGA released them on the market in Spain." Mattel also states that it is continuing its investigation and will supplement its response if it receives additional information.

Mattel's response to Interrogatory No. 9 contains sufficient information regarding when and how Mattel first learned of Bratz. Furthermore, in response to the instant motion, Mattel makes clear that it has not withheld any non-privileged information from its response based on its relevance objection. See Mattel's Separate Statement in Opposition to MGA's Motion. The burden and expense of requiring Mattel to respond further outweighs its likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. Therefore, MGA's motion is denied as to Interrogatory No. 9.

Interrogatory No. 10 asks Mattel to state, with particularity, when and how Mattel first learned that Carter Bryant performed work for MGA. Interrogatory No. 11 asks Mattel to state, with particularity, when and how Mattel first learned that Carter Bryant conceived of the BRATZ CONCEPT. Although Mattel's responses to these interrogatories include numerous objections, Mattel also provides a substantive response. Among other things, Mattel responds that to its knowledge, Carter Bryant was first publicly and definitively confirmed as the Bratz designer in the July 18, 2003 Wall Street Journal article, in which Isaac Larian also indicated that Carter Bryant had been involved with MGA in or about late 1999. Mattel also states that after Carter Bryant left Mattel, but prior to the July 18, 2003 article, there was "rumor and innuendo" that he may be working with MGA or Bratz. Mattel also outlines the investigations it conducted in 2002. Further, Mattel states that on November 24, 2003, Mattel obtained a copy of Carter Bryant's

contract with MGA, and that it was through this agreement that Mattel first determined that it was likely that he worked as a designer for MGA while being employed and paid by Mattel.

Mattel's responses to Interrogatory Nos. 10 and 11 contain sufficient information to satisfy Mattel's discovery obligations, as outlined above. MGA complains that Mattel may be concealing information behind responses that allude to "rumor and innuendo" and when "facts" concerning these matters were "confirmed." In response to the instant motion, however, Mattel represents that it has not withheld any non-privileged information from its response based on its relevance objection. See Mattel's Separate Statement in Opposition to MGA's Motion. In light of Mattel's representation, the burden and expense of requiring Mattel to provide any additional information outweighs its likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. Therefore, MGA's motion is denied as to Interrogatory Nos. 10 and 11.

B. Requests for Admission

The following three requests for admission are at issue:

No. 241: Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more MATTEL copyrights;

No. 243: Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more MATTEL patents;

No. 245: Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more Mattel trademarks.

Mattel's relevancy objections to these requests are overruled. These requests clearly seek information regarding the timing and scope of Mattel's investigation regarding Bratz, and are thus relevant to MGA's statute of limitations and laches defenses. Mattel's remaining objections to these requests are also without merit. These requests are plainly not vague, oppressive, overbroad or unduly burdensome. Furthermore, Mattel should have raised its concerns over the wording of the requests during the meet and confer process. See e.g. Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994), citing Milgram Food Stores, Inc. v. United States, 58 F.Supp. 629, 636

1  (W.D. Mo. 1983) (if party unable to agree with exact wording of request for admission, it should agree to an alternate wording or stipulation).

### IV. CONCLUSION

For the reasons set forth above, it is ordered as follows:

1. MGA's motion is granted as to Requests for Admission Nos. 241, 243 and 245. Mattel's objections to these requests are overruled. Mattel shall provide responses to these requests no later than April 25, 2008.

2. MGA's motion is denied as to Interrogatory Nos. 9-11.

3. MGA's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: April 11, 2008

*[signature]*

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)