KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>Hon. Stephen G. Larson<br><br>**BRYANT'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* (NUMBERS 13-15); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; NOTICE OF JOINDER IN MGA PARTIES' MOTIONS *IN LIMINE***<br><br>Date:      May 21, 2008<br>Time:      1:00 p.m.<br>Place:     Courtroom 1<br><br>**Phase I:**<br>Date Comp. Filed:  April 13, 2005<br>Discovery Cut-Off:  Jan. 28, 2008<br>Trial Date:  May 27, 2008 |

BRYANT'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE*; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF; NOTICE OF JOINDER IN MGA PARTIES' MOTIONS *IN LIMINE*
CASE NO. CV 04-09049 SGL (RNBx)

414857.03

## NOTICE OF MOTIONS AND MOTIONS

CARTER BRYANT HEREBY GIVES NOTICE to all parties and their attorneys of record that on May 21, 2008, at 1:00 p.m., or as soon thereafter as counsel may be heard in the above-captioned Court, located at 3470 Twelfth Street in Riverside, California, he will, and hereby does, move this Court *in limine* to exclude certain evidence and argument that Mattel may seek to introduce at trial.

Bryant presents the following motions *in limine*:

- Motion in Limine Number 13: To exclude evidence and argument regarding alleged spoliation by Bryant;

- Motion in Limine Number 14: To exclude evidence and argument regarding Bryant's alleged "borrowing" of ideas or concepts from preexisting Mattel projects, including Toon Teens, Diva Starz, the "Swan" line, and Skipper; and

- Motion in Limine Number 15: To exclude evidence and argument regarding any of defendants' affirmative defenses or claims that have been either dismissed or voluntarily withdrawn.

Bryant also joins in all of the MGA Parties' separately-filed motions *in limine* to the extent applicable to Bryant.[1]

These motions *in limine* are based upon the attached memorandum of points and authorities; the MGA Parties' separate submissions in support of their motions *in limine*; the pleadings, records, and papers on file in this action; and such argument and evidence as may be presented to the Court in further related filings or at the hearing on the Motions.

---

[1] For example, attempts by Mattel to cast aspersions on Bryant through irrelevant references to his wealth or assets would be improper, and hence Bryant joins in MGA's motion in limine number 2.

1

414857.03

1

**STATEMENT OF LOCAL RULE 7-3 COMPLIANCE**

2      This motion is made following the conference of counsel pursuant to Local

3 Rule 7-3, which took place on April 4, 2008.

4

5                                          Respectfully submitted,

6 Dated:  April 14, 2008                   KEKER & VAN NEST, LLP

7

8

                                    By:  /s/ Christa M. Anderson
9                                         CHRISTA M. ANDERSON
                                          Attorney for Plaintiff
10                                        CARTER BRYANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

414857.03

**TABLE OF CONTENTS**

I.      Introduction ...................................................................................................1

MOTION *IN LIMINE* NUMBER 13:  Motion to exclude references to
alleged spoliation.............................................................................................2

     A.      Preliminary Statement..................................................................2

     B.      Introduction at trial of evidence of spoliation is an "extreme"
           sanction that may be imposed by the Court only in limited
           circumstances after a determination by the Court that
           spoliation actually occurred. ......................................................5

     C.      Mattel has failed to meet its threshold burden of
           demonstrating any spoliation of evidence by Bryant...........................7

     D.      Conclusion.................................................................................12

MOTION *IN LIMINE* NUMBER 14:  Motion to exclude references to
"borrowing" from Mattel projects ..................................................................13

     A.      Mattel has made allegations that Bryant "borrowed" ideas
           from Mattel projects, despite repeatedly conceding that its
           legal claims here are not based on any such copying. ...................13

     B.      Mattel's allegations of "borrowing" must be excluded at trial
           because they are irrelevant and would cause severe prejudice
           to Bryant...................................................................................15

           1.      Mattel's "borrowing" allegations have no probative
                 value unless used to support an improper and
                 prejudicial inference of bad character.....................................15

           2.      Allowing mini-trials on Mattel's "borrowing"
                 allegations would hopelessly confuse the jury, distract
                 from the real issues in the case, and waste trial time—
                 further prejudicing Bryant. .....................................................16

     C.      Mattel's non-probative and prejudicial "borrowing"
           allegations must be excluded in their entirety.............................16

MOTION *IN LIMINE* NUMBER 15:  Motion to exclude references to
claims and defenses no longer at issue.............................................................17

II.     Conclusion................................................................................................20

i

414857.03

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A. Farber and Partners, Inc. v. Garber*
234 F.R.D. 186 (C.D. Cal. 2006) ................................................................. 6

*AmeriPride Services, Inc. v. Valley Industrial Serv., Inc.*
No. CIV S 00-113 LKK/JFM, 2006 WL 2308442 (E.D. Cal. Aug. 9, 2006).......... 6

*Campbell Industrial v. M/V Gemini*
619 F.2d 24 (9th Cir. 1980) ................................................................... 12

*Consolidated Aluminum Corp. v. Alcoa, Inc.*
244 F.R.D. 335, 340 (M.D. La.) 2006 ........................................................ 6

*Dillon v. Nissan Motor Co., Ltd.*
986 F.2d 263 (8th Cir. 1993) ................................................................... 6

*Elston v. UPMC-Presbyterian Shadyside*
No. 2:06-cv-329, 2008 WL 682494 (W.D. Pa. Mar. 7, 2008) ................................ 18

*Green v. Baca*
226 F.R.D. 624 (C.D. Cal. 2003) ...................................................... 5, 7, 12

*Hamilton v. Signature Flight Support Corp.*
No. C-05-0490 CW (MEJ), 2005 WL 3481423 (N.D. Cal. Dec. 20, 2005)........... 6

*Housing Rights Ctr. v. Sterling*
No. CV-03-859 DSF, 2005 WL 3320739 (C.D. Cal. Nov. 2, 2005) ...................... 6

*Ingham v. U.S.*
167 F.3d 1240 (9th Cir. 1999) ................................................................... 6

*Morris v. Union Pacific R.R.*
373 F.3d 896 (8th Cir. 2004) .......................................................... 5, 7, 12

*Parkinson v. Guidant Corp.*
315 F. Supp. 2d 760 (W.D. Pa. 2004) .......................................................... 7

*Regent Insurance Co. v. Candle Corp. of America*
No. Civ. 04-2593 RHK/AJB, 2004 WL 2713251
(D. Minn. Nov. 24, 2004) .............................................................. 5, 7, 8

*Residential Funding Corp. v. DeGeorge Finance Corp.*
306 F.3d 99 (2d Cir. 2002) ................................................................... 6

*Stevenson v. Union Pacific R.R. Co.*
354 F.3d 739 (8th Cir. 2004) ................................................................... 7

*Thompson v. U.S. Department of Housing & Urban Development*

ii

414857.03

219 F.R.D. 93 (D. Md. 2003)..................................................................................3, 5

*Unigard Sec. Insurance Co. v. Lakewood Eng. & Manufacturing Corp.*
982 F.2d 363 (9th Cir. 1992)..................................................................................5

*United States v. Adams*
343 F.3d 1024 (9th Cir. 2003)..............................................................................14

*United States v. Gonzalez-Flores*
418 F.3d 1093 (9th Cir. 2005)..............................................................................17

*William Hablinski Architecture v. Amir Construction, Inc.*
No. CV 03-6365 CAS (RNBx), 2005 WL 4658149 (C.D. Cal.
Feb. 27, 2005) .....................................................................................................18

*World Courier v. Barone*
No. C-06-3072 TEH, 2007 WL 1119196 (N.D. Cal. Apr. 16, 2007).....................6

*Zubulake v. UBS Warburg, LLC*
220 F.R.D. 212 (S.D.N.Y. 2003) ...................................................................3, 5, 12

*3Com Corp. v. Realtek Semiconductor Corp.*
No. C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) ...................18

## FEDERAL STATUTES

Fed. R. Evid. 401.............................................................................................15, 17

Fed. R. Evid. 402.........................................................................................13, 15, 17

Fed. R. Evid. 403.......................................................................................passim

Fed. R. Evid. 404.............................................................................................15, 16

iii

414857.03

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Bryant asks that the Court grant the following motions *in limine*, to preclude Mattel from offering irrelevant, improper, and prejudicial argument and evidence at trial.  First, Bryant seeks to exclude evidence and argument regarding alleged spoliation by Bryant.  Second, Bryant seeks to exclude evidence and argument regarding Bryant's alleged "borrowing" of ideas or concepts from preexisting Mattel projects, including Toon Teens, Diva Starz, the "Swan" line, and Skipper. Third, Bryant seeks to exclude evidence and argument regarding any of defendants' affirmative defenses or claims that have been either dismissed or voluntarily withdrawn.  Bryant also hereby joins in the MGA Parties' separately-filed motions *in limine*, to the extent they apply to Bryant, and asks that the Court grant the relief requested therein.

BRYANT'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; NOTICE OF JOINDER IN MGA PARTIES' MOTIONS *IN LIMINE* CASE NO. CV 04-09049 SGL (RNBx)

414857.03

# MOTION *IN LIMINE* NUMBER 13

## MOTION TO EXCLUDE REFERENCES TO ALLEGED SPOLIATION

**A.    Preliminary Statement**

Throughout this litigation, Mattel has repeatedly, and recklessly, hurled serious allegations of spoliation against Carter Bryant.  Mattel has done so for the same reasons a political candidate chooses to "go negative" in a campaign:  to deflect the Court's attention from the merits of Mattel's positions, to engender prejudice against Bryant and, ultimately, to gain an unfair tactical advantage in this litigation.  It is now clear that Mattel intends to continue this smear strategy at trial.  Specifically, based on Mattel's proposed jury instructions and the inclusion of a computer forensics "expert", Mark Menz, on Mattel's witness list, it is apparent that Mattel intends to focus its case-in-chief in significant part, not on the merits of its claims and the voluminous evidence that has been adduced in discovery relating to those claims, but rather on highly-inaccurate allegations that Bryant used a computer program known as "Evidence Eliminator" ("EE") to destroy evidence.[2]  While Mattel's strategy might arguably be acceptable in motion practice, such a strategy at trial—without a prior determination by the Court that Mattel's allegations of spoliation are meritorious and justify the extreme sanction of permitting Mattel to argue spoliation directly to the jury—would be unfair and highly prejudicial, and should not be condoned.

A party does not have an unfettered right at trial to present evidence of alleged spoliation to the jury.  Rather, presentation of spoliation evidence to the jury, and the issuance of an "adverse inference" jury instruction based on such evidence, is an "extreme" sanction that *may* be imposed by the Court only under

---

[2] Through this motion, Bryant seeks to exclude any evidence or argument of *any* alleged spoliation by Bryant.  Bryant focuses on Mattel's spurious EE allegations, because those are the allegations that Mattel has focused on in motion practice and, therefore, seem to be the ones that Mattel most likely intends to pursue.  However, any other spoliation allegations that Mattel may seek to raise should be precluded for all the same reasons.

1    certain limited circumstances. *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212,

2    216 (S.D.N.Y. 2003); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D.

3    93, 100 (D. Md. 2003). In order to obtain this extreme sanction, the party claiming

4    spoliation must *first* demonstrate to *the Court* that there has been a spoliation of

5    evidence or, at a bare minimum, that there is sufficiently credible and serious

6    evidence of spoliation such that the jury should be permitted to hear that evidence

7    and draw an adverse inference from it. Such a determination is properly made by

8    the court following an in-depth evidentiary hearing, not on the fly. Courts

9    routinely exclude evidence of alleged spoliation at trial where the party claiming

10   spoliation fails to make this required pre-trial threshold showing.

11       Here, Mattel has made no effort, much less a successful effort, to justify *any*

12   evidentiary sanction against Bryant based upon alleged spoliation, much less the

13   extreme sanction of permitting Mattel to argue spoliation directly to the jury.

14   Although Mattel has accused Bryant in passing of spoliation in virtually every one

15   of its pleadings over the course of the last several months, Mattel has never sought

16   to bring a sanctions motion based on this alleged spoliation. Mattel has not done

17   so, because its spoliation allegations would wither under the scrutiny that such a

18   motion would bring to bear. Indeed, Mattel's spoliation allegations are flatly and

19   demonstrably false. Mattel and its "expert" Mark Menz have no evidence that a

20   single file was ever deleted by Bryant after Bryant was on notice of this law suit.

21   Mattel's claims to the contrary are based on fundamental misunderstandings—and

22   inflammatory distortions—of the operation of the Evidence Eliminator program, a

23   program that is lawful to own and use, and is expressly marketed for the innocent

24   purposes of eliminating spyware on computers and speeding up internet

25   connections (which are the purposes for which Bryant purchased it).

26       Long before this case began, EE was installed on two of Bryant's computers:

27   a desktop that he purchased just after he left Mattel, and a laptop that he purchased

28   more than a year later. As noted, Mattel has claimed in various pleadings before

414857.03

1  this Court that Bryant deliberately erased relevant data from both of these

2  machines in July 2004, just before they were imaged for this litigation.  Mattel is

3  wrong.  With regards to Bryant's desktop computer, the forensic evidence shows

4  that *EE was not used in July 2004, or at any time after July 29, 2002*.  With regards

5  to the laptop computer—which did not even exist until more than a year after

6  Bryant left Mattel, and thus long after any of the key events in this litigation—

7  Mattel's claims are similarly inaccurate.  The forensic evidence does not show that

8  *any* files were deleted in July 2004, as Mattel has claimed.  Rather, it only shows

9  that *during the entire history of the computer—i.e.,* between the time it was

10  purchased in November 2001 and July 2004—a total of 9,400 files were deleted,

11  either by a user or, as is more commonly the case, by the normal actions of the

12  operating system or application programs, and that remnants of the *filenames* of

13  those files were automatically overwritten by EE in July 2004.  And there is no

14  evidence that any of the files deleted during the entire history of the computer were

15  substantive files, such as documents or email messages.

16      The technical details of these findings—which are set forth in full detail in

17  the report of Bryant's expert, Gary Funck, and are confirmed in large part by the

18  deposition testimony of Mattel's own expert, Mark Menz—are hard slogging for

19  non-technicians, and are susceptible to distortion and misinterpretation, which is

20  precisely why courts require a party claiming spoliation to first demonstrate *to the*

21  *Court* that its claims are meritorious.  Because Mattel has not met—and cannot

22  possibly meet—its required threshold burden, Mattel should not be permitted to

23  present any evidence or argument to the jury regarding any alleged spoliation by

24  Bryant, including, in particular, any opinion testimony from its expert Mark Menz

25  regarding Bryant's alleged use of EE.  Such evidence is irrelevant to any claim or

26  defense at issue.  And any probative value that Mattel may claim it has is

27  substantially outweighed by the well-recognized danger of unfair prejudice and

28  confusion that such evidence poses, as well as by the waste of time that a mini-trial

4

414857.03

1   on this peripheral issue would cause.  *See Green v. Baca*, 226 F.R.D. 624, 642-43

2   (C.D. Cal. 2003) (excluding evidence of alleged spoliation pursuant to Fed. R.

3   Evid. 403).  Indeed, under similar circumstances, courts have found it to be

4   *reversible error* to permit a party to argue spoliation at trial.  *See, e.g., Morris v.*

5   *Union Pacific R.R.*, 373 F.3d 896, 903 (8th Cir. 2004).

6   **B.     Introduction at trial of evidence of spoliation is an "extreme" sanction**
        **that may be imposed by the Court only in limited circumstances after a**
7       **determination by the Court that spoliation actually occurred.**

8           A party is not permitted, as a matter of right, to present evidence and

9   argument of alleged spoliation to the jury at trial.  To the contrary, the presentation

10  of spoliation allegations to the jury—and any instruction to the jury regarding the

11  potential significance of such allegations—is an "extreme" sanction that may be

12  imposed by the Court only under certain limited circumstances.  *Thompson*, 219

13  F.R.D. at 100; *see also Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216

14  (S.D.N.Y. 2003) (adverse inference instruction is an "extreme" sanction that

15  should "not be given lightly").  "[W]hether the destruction of evidence warrants

16  sanctions is based on factual findings made by the court" following an evidentiary

17  hearing or similar proceeding.  *Regent Ins. Co. v. Candle Corp. of Am.*, No. Civ.

18  04-2593 RHK/AJB, 2004 WL 2713251, at *2 n.4 (D. Minn. Nov. 24, 2004)

19  (collecting cases); *see also Hamilton v. Signature Flight Support Corp.*, No.  C-05-

20  0490 CW (MEJ), 2005 WL 3481423, at * 3 (N.D. Cal. Dec. 20, 2005) ("Courts

21  determine the proper sanction for destruction of relevant evidence on a case-by-

22  case basis." (citing *Unigard Sec. Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982

23  F.2d 363, 368 (9th Cir. 1992)).

24          Because of the serious danger of prejudice posed by inaccurate or

25  unsubstantiated allegations of spoliation, a party claiming spoliation must *first*

26  demonstrate *to the Court*:  "(1) the party with control over the evidence had an

27  obligation to preserve it at the time it was destroyed; (2) the party that destroyed

28  the evidence had a sufficiently culpable state of mind; and (3) some evidence

---

5

414857.03

1   suggests that a document or documents relevant to substantiating the claim of the

2   party seeking sanctions would have been included among the destroyed files."

3   *Housing Rights Ctr. v. Sterling*, No. CV-03-859 DSF, 2005 WL 3320739, at * 7

4   (C.D. Cal. Nov. 2, 2005) (quoting *Residential Funding Corp. v. DeGeorge Fin.*

5   *Corp.*, 306 F.3d 99, 105 (2d Cir. 2002)); *see also World Courier v. Barone*, No. C-

6   06-3072 TEH, 2007 WL 1119196, at *1 (N.D. Cal. Apr. 16, 2007) (noting that

7   federal courts "in California have adopted the Second Circuit's 3-part test" and

8   holding same); *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. CIV S 00-

9   113 LKK/JFM, 2006 WL 2308442, at *5 n.6. (E.D. Cal. Aug. 9, 2006) (same).

10          Moreover, even if spoliation is demonstrated to the Court, "a sanction for

11   destruction of evidence is appropriate only if the destruction prejudiced the

12   opposing party." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 193-94

13   (C.D. Cal. 2006); *see also Ingham v. U.S.*, 167 F.3d 1240, 1246 (9th Cir. 1999);

14   *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 267 (8th Cir. 1993) ("Before a

15   sanction for destruction of evidence is appropriate, however, there must also be a

16   finding that the destruction prejudiced the opposing party.").  And even then the

17   Court must determine what type of sanction is appropriate, based upon: "(1) the

18   degree of fault of the party who altered or destroyed the evidence; (2) the degree of

19   prejudice suffered by the opposing party; and (3) whether there is a lesser sanction

20   that will avoid substantial unfairness to the opposing party and, where the

21   offending party is seriously at fault, will serve to deter such conduct by others in

22   the future." *Hamilton*, 2005 WL 3481423, at *3 (quoting *Schmid v. Milwaukee*

23   *Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)); *see also Consolidated Aluminum*

24   *Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D. La.) 2006 (adverse inference

25   instruction is "considered drastic" and "courts generally try to avoid imposing

26   them when lesser sanctions are available.").

27          Until and unless a party satisfies its burden of demonstrating spoliation to

28   the Court, and the Court concludes that some sanction is warranted, evidence and

6

414857.03

1   argument of spoliation should not be presented to the jury, as such evidence is

2   irrelevant and prejudicial.  *See, e.g., Morris*, 373 F.3d at 903 (holding that

3   counsel's arguments of spoliation to jury were prejudicial and required a new trial

4   where required predicates for imposition of spoliation sanction were not satisfied);

5   *Parkinson v. Guidant Corp.*, 315 F. Supp. 2d 760, 764 (W.D. Pa. 2004) (granting

6   defendant's motion *in limine* to exclude spoliation evidence because plaintiff had

7   not sufficiently demonstrated to the court that spoliation had occurred); *Green*, 226

8   F.R.D. at 642-43 (excluding evidence of alleged spoliation under Federal Rule of

9   Evidence 403 because "[t]he court present has no evidence before it that …

10  defendant destroyed documents that were responsive to plaintiff's document

11  requests").  Bryant is unaware of any case, within or outside the Ninth Circuit,

12  where a party was permitted to argue spoliation to the jury absent a preliminary

13  evidentiary finding by the Court that the party's spoliation allegations had merit

14  and was an appropriate issue for the jury to consider.  *Cf. Regent Ins.*, 2004 WL

15  2713251, at *2 n.4 (whether to impose sanctions for spoliation usually determined

16  through a pre-trial evidentiary hearing); *see also Morris*, 373 F.3d at 901, 903

17  (noting that district court conducted four days of "sanctions hearings" concerning

18  the defendant's alleged destruction of documents); *Stevenson v. Union Pacific R.R.*

19  *Co.*, 354 F.3d 739, 743 (8th Cir. 2004) (noting that the district court granted

20  plaintiff's motion for sanctions after a three-day evidentiary hearing).

21  **C.   Mattel has failed to meet its threshold burden of demonstrating any spoliation of evidence by Bryant.**

22

23        As discussed above, before Mattel possibly could be entitled to argue its

24  spoliation claims to the jury, Mattel bears the burden of proving to the Court that

25  its allegations of spoliation have merit and, if so, that presenting the issue to the

26  jury is an appropriate sanction.  Mattel has failed to satisfy this burden.  Indeed,

27  Mattel has not even attempted to make this showing through a properly noticed

28  motion for sanctions or a motion *in limine* requesting an adverse inference

7

414857.03

1   instruction and permission to present evidence of spoliation at trial.  *Cf. Regent*

2   *Ins.*, 2004 WL 2713251, at *2 n.4.  Mattel has failed to do so even though it has

3   known of the purported factual bases for its spoliation claims—and has hurled

4   allegations of spoliation based upon these "facts" into its pleadings with

5   abandon—for months.  Specifically, Mattel has been on notice of the presence of

6   EE on one of Bryant's computers since April 2007, it has had complete forensic

7   images of the two computers containing the EE program—and thus the purported

8   evidentiary foundation for its claims—since last year, and it disclosed the report of

9   its computer "expert", Mark Menz, analyzing these images on February 11, 2008

10   (and likely knew of his purported findings long before that date).

11       There is thus no excuse for Mattel's failure to follow the law governing

12   spoliation claims and its apparent attempt to circumvent the required threshold

13   evidentiary burden the law imposes on Mattel.  The only explanation for Mattel's

14   surreptitious approach is that it knows that its claims of spoliation are without

15   merit and will not survive an evidentiary hearing.  And in fact, Mattel's spoliation

16   claims are flatly and demonstrably false.

17       Bryant already has submitted lengthy briefing and supporting evidence to

18   the Court explaining in detail why Mattel's EE-based spoliation claims are without

19   merit, in the form of (1) Bryant's Carter Bryant's Opposition to Mattel Inc.'s

20   Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant

21   to Produce Computer Hard Drives and For Sanctions [Docket  No. 1980], (2) the

22   Declaration of Michael H. Page in support of that Opposition [Docket No. 1981],

23   both filed on February 7, 2008, (3) Carter Bryant's Surreply Re: Mattel Inc.'s

24   Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant

25   to Produce Computer Hard Drives and For Sanctions [Docket No. 2662], and (4)

26   the Page Declaration in support of that Surreply [Docket No. 2683], both filed on

27   March 17, 2008.  Rather than repeating all of the information set forth in these

28   pleadings here, Bryant respectfully refers the Court to these pleadings, which he

1    incorporates herein by reference.[3]   However, a brief summary of the most pertinent

2    facts discussed in these pleadings is appropriate:

3        *First*, while the creators of Evidence Eliminator chose a strikingly

4    unfortunate name for their product, eliminating evidence of deleted files from a

5    computer is not the sole, or even primary, purpose of the program.   When used as

6    designed (*i.e.*, as it is set to function "out of the box") Evidence Eliminator

7    performs routine clean-up functions such as deleting cookies and spyware, clearing

8    internet browsing history files, and the like.   Thus Evidence Eliminator's

9    advertisements list those functions first:   "Speeds-Up your PC and makes it safer to

10   surf the Internet!"   "Stops your computer spying on you!"   Declaration of Michael

11   H. Page ISO Surreply ("Page Surreply Decl.") [Docket 2683], Ex. 1 (Expert

12   Report of Gary Funck ("Funck report")), at 10-12; Declaration of Michael H. Page

13   ISO Opposition ("Page Opp. Decl.") [Docket No. 1981], ¶ 12, Ex. K (Screenshot

14   of EE "splash page").   And Bryant has testified that this is why he installed the

15   program in the first place.   Page Opp. Decl., Ex. L (Bryant Depo. Tr., Vol. 4, dated

16   Jan. 23, 2008), at 739:8-741:4.

17       *Second*, Bryant never reset EE's default configuration (and would have had

18   no idea how to), instead using the program "out of the box."   *Id.*   In its default

19   configuration, as used by Bryant, EE is not set to delete any files.   Page Surreply

20   Decl., Ex. 1, at 10-14.   Mattel knows this perfectly well; it has the program and

21   configuration files from both computers, and Bryant has submitted them to the

22   Court in response to prior motions.   *See* Page Opp. Decl., ¶ 14, Ex. M.   Moreover,

23   its own expert, Mr. Menz, has confirmed this in deposition.   Page Surreply Decl.,

24   Ex. 2 (Depo Tr. of Mark Menz), at 16:16-18:6, 21:23-23:6.

25       *Third*, Bryant installed Evidence Eliminator in July 2002 (Desktop) and

26

27   [3]   Bryant has not resubmitted all of these pleadings at this time in an effort not to burden
     the Court with additional, redundant paper.   However, Bryant is of course prepared to
     provide courtesy copies of all of the other pleadings to the Court, if such copies would be
28   of use to the Court.

414857.03

1    September 2002 (Laptop).  Page Opp. Decl., ¶ 15, Ex. N (EE installation logs); *see*

2    *also id.*, ¶ 13, Ex. L (Bryant Depo.), at 741-6-17.  This lawsuit was not filed until

3    nearly two years later, in April 2004.  Thus, at the time Bryant installed Evidence

4    Eliminator, he was under no obligation to preserve any evidence.  Again, Mattel

5    knows these dates as well, both because it has possession of the installation logs

6    and because Bryant has already submitted them to the Court in previous pleadings.

7        *Fourth*, once EE is installed on a user's computer, it "runs," in a trivial

8    sense, every single time the computer is turned on and the user logs in.  But at that

9    time, it does not actually do anything.  EE only does anything if the user

10   subsequently invokes it, by (for example) clicking on the icon and selecting "Safe

11   Shutdown."  Which functions it performs is determined by EE's "config.dat" file,

12   which contains the settings the user has selected either at installation or later.

13   Again, the settings for both Bryant's computers are identical and are unchanged

14   from EE's default settings on installation (with one exception not relevant here).

15   In neither config.dat file is EE set to delete any files.  Page Surreply Decl., Ex. 1

16   (Funck Report), at 1, 10-14; Ex. 2 (Menz Depo.), at 11:25-12:9, 16:16-18:6, 21:23-

17   23:6, 76:15-77:13.

18       *Fifth*, EE was not used on Bryant's desktop computer after *July 29, 2002—*

19   *i.e.,* nearly two years before this litigation was commenced and Bryant's duty to

20   preserve documents arose.  Page Surreply Decl., Ex. 1 (Funck Report), at 24-27.

21       *Sixth*, while Mattel has asserted that Bryant "ran Evidence Eliminator on his

22   laptop computer two days before it was imaged and again the day it was imaged

23   for this litigation [July 12 and 14, 2004], with the result that 9,400+ files and/or

24   folders were forever deleted,"[4] this assertion is wrong in multiple ways.  Indeed,

25   EE was not used at all on July 14, 2004.  *See* Bryant's Surreply Re: Mattel Inc.'s

26

27   _____

     [4] Mattel's Reply ISO Motion for an Order Enforcing Court's January 25, 2007 Order
28   Compelling Bryant to Produce Computer Hard Drives and for Sanctions [Docket No.
     2311].

                                          10
     BRYANT'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE*; MEMORANDUM OF POINTS AND
     AUTHORITIES IN SUPPORT THEREOF; NOTICE OF JOINDER IN MGA PARTIES' MOTIONS *IN LIMINE*
                         CASE NO. CV 04-09049 SGL (RNBx)

414857.03

1    Motion for an Order Enforcing Court's January 25, 2007 Order Compelling Bryant

2    to Produce Computer Hard Drives and For Sanctions [Docket No. 2662], at 6-8

3    and evidence cited therein.  Mattel's expert's conclusion to the contrary is based on

4    fundamental mistakes concerning the operation of EE.  *See id.*  And EE did not

5    delete any files on July 12.  Again Mattel's claim is based on fundamental

6    misunderstandings of how EE works.  Instead, the most that can be said is that EE

7    automatically overwrote filenames on that date, and that those filenames

8    corresponded to unknown files that could have been deleted at any time, by either a

9    user or the operating system, between the time the computer was first used in 2001

10   and July 2004.  *See id.* at 8-10; Page Surreply Decl., Ex. 1 (Funck Report), at 16-

11   20; Ex. 2 (Menz Depo.), at 39:23-41:25.

12        And *finally*, there is no evidence that any file deleted from Bryant's

13   computer at any point in time was a substantive file that conceivably could be

14   relevant to this litigation.  Thousands of files are automatically created and deleted,

15   without the user's knowledge or intervention, during normal operation of a

16   personal computer.  Every website one visits creates multiple files on one's

17   computer (one for every separate graphic and element on every page), which are

18   later automatically deleted.  Every time one edits a Word file, a temporary file is

19   created, and then deleted.  Every internet "cookie," and every internet "favorite," is

20   its own file.  That 9,400 files were deleted during the entire lifetime of Bryant's

21   Laptop is evidence, if anything, only of the fact that the computer was only lightly

22   used.  Page Surreply Decl., Ex. 1 (Funck Report), at 19-20); Ex. 2 (Menz Depo.),

23   at 44:11-45:14, 54:9-16.

24        In short, there is no evidence that Bryant ever deleted a single file from

25   either of his computers, much less that he deleted any responsive documents after

26   the filing of this lawsuit, as Mattel's own expert has conceded.  Page Surreply

27   Decl., Ex. 2 (Menz Depo.), at 55:5-56:04.  Given this lack of evidence, together

28   with Mattel's conspicuous failure to make its spoliation case to the Court in the

11

414857.03

first instance, as required, it would be highly unfair and prejudicial to permit Mattel to present its claims of spoliation to the jury. Fed. R. Evid. 403; *Morris*, 373. F.3d 900-901; *Green*, 226 F.R.D. 624, 642-43 (holding that the "unfair prejudice that defendant would suffer form the admission of evidence [of defendant's purported discovery violations and spoliation] would clearly outweigh its probative value."); *Zubulake*, 220 F.R.D. at 219 (recognizing that permitting jury to consider issue of spoliation "often ends litigation—it is too difficult a hurdle for the spoliator to overcome"). The Court, therefore, should preclude any attempt by Mattel to circumvent its required evidentiary burden by barring *in limine* any evidence or argument at trial relating to any alleged spoliation by Bryant.

## D.     Conclusion

For all the foregoing reasons, Bryant respectfully requests that the Court enter an order *in limine*, pursuant to Federal Rule of Evidence 403 and this Court's exclusive authority "to make discovery and evidentiary rulings that are conducive to the conduct of a fair and orderly trial[,]" *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980), precluding Mattel from presenting any evidence or argument to the jury regarding any alleged spoliation of evidence by Bryant, including in particular any evidence or argument regarding "Evidence Eliminator."

414857.03

# MOTION *IN LIMINE* NUMBER 14

## MOTION TO EXCLUDE REFERENCES TO "BORROWING" FROM MATTEL PROJECTS

Bryant moves to exclude all evidence or argument regarding alleged "borrowing" of ideas for Bratz from preexisting Mattel projects, which Mattel has identified in interrogatory responses as part of Bryant's alleged wrongful use of Mattel property. Mattel's allegations of "borrowing" are irrelevant to its actual claims in this litigation, and Mattel has expressly disclaimed any intent to sue Bryant for copying any Mattel projects (aside from its claims based on alleged rights to Bratz). Any evidence or argument at trial related to this alleged non-Bratz "borrowing" would serve only to confuse the jury, waste time, or impermissibly attack Bryant's character—causing severe and improper prejudice to Bryant that would far outweigh this material's (nonexistent) probative value. The trial in this litigation will be complex and confusing enough without adding the extreme jury confusion that would result from allowing Mattel to introduce inflammatory argument and evidence about alleged "borrowing" that has nothing to do with the actual claims before the jury, but which would inevitably distract the jury's concentration from the true issues in the case. Even if the Court were to find some minimal probative value for any portion of Mattel's "borrowing" evidence and argument (which it should not), the risk of prejudice would substantially outweigh that value. Thus, all such evidence and argument must be excluded under Rules 402 and 403. Fed. R. Evid. 402, 403.

**A.    Mattel has made allegations that Bryant "borrowed" ideas from Mattel projects, despite repeatedly conceding that its legal claims here are not based on any such copying.**

Mattel's allegations of "borrowing" by Bryant were first set forth in clear detail in Mattel's March 4, 2008 supplemental responses to Bryant's second set of interrogatories, which asked Mattel to identify all Mattel property or resources that Mattel contends Bryant used or employed in connection with the design,

13

414857.03

1    development, sale or licensing of any Bratz products. March 7, 2008 Anderson

2    Decl. In Support Of Bryant's Motion for Partial Summary Judgment (Docket No.

3    2507), Ex. 17, at 11-12. In addition to identifying tangible Mattel property and

4    other resources that Mattel claims Bryant used in developing Bratz (claims whose

5    legal and factual merits Bryant also disputes), Mattel included in these

6    supplemental interrogatory responses a section contending that "Bryant Borrowed

7    from Mattel Intellectual Property to Develop Bratz." *Id.* at 11. Specifically, the

8    interrogatory responses claim that Bryant "borrowed" from Mattel's Skipper doll,

9    Toon Teens project, Diva Starz, and "Swan" doll line. *Id.* at 11-12.

10        Mattel's "borrowing" allegations have nothing to do with the claims to be

11   tried in this matter. Mattel's claims and counterclaims against Bryant do not allege

12   that Bryant "borrowed" from preexisting Mattel projects, nor would any such

13   "borrowing" be actionable conduct within the scope of any of Mattel's claims here.

14   Mattel has expressly disavowed any claims premised on the (false) notion that

15   "Bratz was copied from Mattel products," Mattel MSJ Opp. at 23, stating that "that

16   is not the claim on which Mattel has sued." *Id.* Even if Mattel's initial pleadings

17   could be read to allege use of Mattel projects to develop Bratz, Mattel's concession

18   of the limits of its claims (made in an effort to defeat defendants' statute of

19   limitations defense) is binding on Mattel and must limit the scope of its claims at

20   trial. *See United States v. Adams*, 343 F.3d 1024, 1030 n. 3 (9th Cir. 2003)

21   (recognizing judicial admission in motion papers as binding). Indeed, Mattel's

22   concession on summary judgment only confirms and expands Mattel's earlier

23   representations to the Court as to the scope of its potential claims against Bryant.

24   As the Court noted in dismissing Bryant's claim for declaratory copyright relief,

25   Mattel long ago represented to the Court that it would "not maintain that Bratz

26   infringes the copyright in Toon Teens." July 18, 2006 Order Granting Motions to

27   Dismiss at 2. The court found that "[a] claim by Mattel of copyright infringement

28   based on the Toon Teens product is barred by counsel's representation." Order at

14

414857.03

4.

**B.     Mattel's allegations of "borrowing" must be excluded at trial because
they are irrelevant and would cause severe prejudice to Bryant.**

Because Mattel's allegations of "borrowing" do not support any aspect of its

legal claims against Bryant, they are irrelevant and should be excluded from the

trial on that ground alone. Fed. R. Evid. 401, 402.  In addition, though (and even if

the Court were to find that these allegations have any probative value at all, which

it should not), allowing Mattel to present argument and evidence about Bryant's

alleged "borrowing" would prejudice Bryant, confuse the issues and the jury, and

waste time at trial.  The certainty (or even the risk) of this prejudice and distraction

far outweighs any probative value offered by Mattel's borrowing allegations (and

there is none), and requires the exclusion of all related evidence and argument.

Fed. R. Evid. 403.  If Mattel wanted to sue Bryant over alleged "borrowing" of

anything other than its alleged rights to Bratz, it should have done so.  It did not.

Allowing Mattel to parade its alleged "borrowing" horribles before the jury now,

when it has expressly and repeatedly disclaimed any intent to rely upon them in

this litigation (no doubt because they could not support any legal claim, even if

true), would be grossly unfair and prejudice Bryant.

**1.     Mattel's "borrowing" allegations have no probative value unless
used to support an improper and prejudicial inference of bad
character.**

First, the most powerful inference the jury could draw from Mattel's

"borrowing" allegations would be an improper attack on Bryant's character used to

prove actions in conformity with that alleged bad character.  Fed. R. Evid. 404.  By

presenting its "borrowing" claims to the jury, Mattel could implicitly seek to prove

its case by persuading the jury that Bryant is a bad actor (a perpetual taker of ideas

not his own), and that he was therefore more likely to have improperly taken the

ideas at issue in this litigation.  (Even if that is not Mattel's deliberate intent, the

risk of such improper use is clear, since a character inference is the only remotely

15

414857.03

1   probative use of Mattel's "borrowing" allegations.)  Rule 404 flatly prohibits this

2   sort of proof by ad hominem attack, Fed. R. Evid. 404, and Rule 403 requires the

3   Court to protect litigants against the risk of improper and prejudicial character

4   inferences.  Fed. R. Evid. 403.

5    **2.    Allowing mini-trials on Mattel's "borrowing" allegations would
         hopelessly confuse the jury, distract from the real issues in the**

6       **case, and waste trial time—further prejudicing Bryant.**

7       In addition, allowing Mattel to present its "borrowing" allegations would

8   inevitably result in a series of mini-trials as to the various projects from which

9   Mattel claims Bryant "borrowed," because Bryant would be forced to defend

10  himself against Mattel's untrue and irrelevant claims regarding each project.  Any

11  time and resources spent on these irrelevant issues would prejudice Bryant by

12  wasting time at trial, confusing the jury as to the nature of the issues to be decided,

13  and distracting the jury from the important and probative evidence presented on the

14  claims actually at issue.  Any one of these prejudicial effects would far outweigh

15  the value of Mattel's purely nonprobative allegations of "borrowing."  Fed. R.

16  Evid. 403.  The trial in this matter will be complex and confusing enough.  The

17  Court should not permit Mattel to interject lengthy and irrelevant distractions that

18  could serve only to prejudice Bryant.

19  **C.   Mattel's non-probative and prejudicial "borrowing" allegations must be
         excluded in their entirety.**

20
21      Because Mattel's allegations of "borrowing" can prove no part of Mattel's

22  actual legal claims against Bryant, and could only serve to impugn Bryant's

23  character or to waste time, distract the jury, and confuse the issues at trial, Bryant

24  asks that the Court prohibit Mattel from introducing any evidence or making any

25  argument that mentions or relates to those allegations.

26

27

28

414857.03

## MOTION *IN LIMINE* NUMBER 15

## MOTION TO EXCLUDE REFERENCES TO CLAIMS AND DEFENSES NO LONGER AT ISSUE

Bryant moves to exclude from trial all evidence or argument referring to claims and defenses no longer at issue in this litigation, including both affirmative defenses that Bryant or other defendants have voluntarily withdrawn, and claims that the Court has dismissed. Evidence or argument referring to the existence and history of such claims and defenses is not relevant to any matter now presented for trial, because it does not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Thus, it is inadmissible. Fed. R. Evid. 402. Moreover, even if it were relevant (which it is not), any such evidence or argument must be excluded under Rule 403 because it would prejudice Bryant by (1) confusing the jury and distracting from the issues actually presented at trial, (2) falsely suggesting to the jury that the status of the dismissed claims and withdrawn defenses reflects on the merits of Bryant's or other defendants' positions at trial, and (3) wasting time. That risk of prejudice substantially outweighs the (nonexistent) probative value of such evidence or argument, making its admission improper under Rule 403 as well. Fed. R. Evid. 403; *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005) ("'Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.'") (citing *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Accordingly, this motion seeks to preclude Mattel from referring in any way at trial to the history and existence of claims and defenses no longer at issue in this litigation.

Specifically, early on in this litigation, Bryant filed a declaratory claim seeking relief against potential claims by Mattel of copyright infringement. The

17

414857.03

1  Court dismissed that claim without prejudice in July 2006, because Mattel had

2  expressly disavowed any intention of filing a copyright claim based on alleged

3  infringement of Toon Teens.  July 18, 2006 Order Granting Motions to Dismiss at

4  4.  At the same time, the Court also dismissed without prejudice Bryant's

5  counterclaims against Mattel, which raised various challenges to Mattel's

6  Employee Confidential Information and Inventions Agreement.  *Id.*  The claims the

7  Court dismissed, and the fact that they were dismissed, have no bearing on the

8  merits of Bryant's position at trial, and any reference to that dismissal would

9  prejudice Bryant by suggesting otherwise.

10      More recently, Bryant twice chose to amend his reply to Mattel's

11  counterclaims to remove certain affirmative defenses.  *Compare* Bryant's Reply to

12  Counterclaims (Docket No. 819) *with* Amended Reply to Counterclaims (Docket

13  No. 986) *and* Second Amended Reply to Counterclaims (Docket No. 1099).  (The

14  MGA parties made one similar amendment.  *Compare* Docket No. 807 *with*

15  Docket No. 1005.)  Bryant's and MGA's choices to simplify and streamline the

16  issues for trial by removing from their pleadings certain matters originally stated as

17  affirmative defenses likewise have no bearing on the merits of any issue currently

18  before the Court for trial, and allowing Mattel to introduce related evidence or

19  argument before the jury, to insinuate that Bryant's position at trial lacks merit,

20  would prejudice Bryant.

21      Courts routinely prohibit references to the fact that certain claims have been

22  withdrawn or dismissed before trial, recognizing that such litigation history is

23  irrelevant, nonprobative, and prejudicial.  *See, e.g.*, *3Com Corp. v. Realtek*

24  *Semiconductor Corp.*, No. C 03-2177 VRW, 2008 WL 783383, *4-5 (N.D. Cal.

25  March 24, 2008) (granting motions to preclude reference and evidence relating to

26  withdrawn claims and portions of claims); *Elston v. UPMC-Presbyterian*

27  *Shadyside*, No. 2:06-cv-329, 2008 WL 682494 (W.D. Pa. Mar. 7, 2008); *William*

28  *Hablinski Architecture v. Amir Construction, Inc.*, No. CV 03-6365 CAS (RNBx),

18

414857.03

1    2005 WL 4658149, *8-9 (C.D. Cal. Feb. 27, 2005) (directing parties to refrain

2    from referring to its prior rulings or offering any evidence relevant solely to issues

3    disposed of by those rulings; denying broader motion without prejudice to its being

4    renewed by specific objections).  The same relief is necessary and proper here.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYANT'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE*; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF; NOTICE OF JOINDER IN MGA PARTIES' MOTIONS *IN LIMINE*
CASE NO. CV 04-09049 SGL (RNBx)

414857.03

1

2                                  **II.    Conclusion**

3              For all the foregoing reasons, Bryant respectfully requests that the Court

4   grant his motions *in limine* in their entirety, as set forth in the attached Proposed

5   Order.  Bryant also requests that the Court grant the motions *in limine* submitted by

6   the MGA parties, in which Bryant joins.

7                                               Respectfully submitted,

8   Dated:  April 14, 2008                      KEKER & VAN NEST, LLP

9

10                                      By:   /s/ Christa M. Anderson

11                                            CHRISTA M. ANDERSON
                                              Attorney for Plaintiff
12                                            CARTER BRYANT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

414857.03