QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 14 TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO CERTAIN DISCOVERY MATTERS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declarations of B. Dylan Proctor and Jon D. Corey filed concurrently]<br><br>Date: May 21, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 21, 2008, at 1:00 p.m. or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable Stephen G. Larson, located at Courtroom 1 of the above-entitled Court, 3470 Twelfth Street, Riverside CA 92501, plaintiff and counterclaimant Mattel, Inc. will, and hereby does, move the Court in limine for an order precluding MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian and Carter Bryant and their witnesses from asserting, relying on or referencing:

(a) the number of documents produced or the relative sizes of the parties' productions;

(b) the number of subpoenas served;

(c) the number of document requests, interrogatories and requests for admissions served;

(d) the number of discovery motions brought;

(e) the number of hearings on discovery disputes;

(f) the number of depositions taken or the number of days of deposition testimony that occurred;

(g) the number of discovery orders entered; or

(h) the imposition of any monetary sanctions.

This Motion is made pursuant to Federal Rules of Evidence 401, 402 and 403 on the grounds that such evidence and argument is irrelevant, that any minimal probative value of any such evidence is substantially outweighed by its undue prejudice to Mattel and the risk of confusion to the jury.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of B. Dylan Proctor and Jon D. Corey filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## Statement of Local Rule 7-3 Compliance

The parties met and conferred regarding the subject matter of this Motion on March 25, 2008 and thereafter.

DATED: April 14, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel respectfully requests that the Court exclude any argument or evidence or reference to certain matters occurring in during discovery in this matter, such as the number of document requests, the number of discovery motions and the relative sizes of the parties' productions. Mattel makes this Motion on the ground that trial before a jury is not the place to air, address or deal with issues such as the burdensomeness of discovery or the quantity of documents produced. Nor will such references tend to prove or disprove any claim or defense to be tried in Phase 1. Such references to discovery and evidence of such references to discovery should be precluded.

### Argument

### I. THE LOGISTICS OF DISCOVERY ARE IRRELEVANT TO ANY CLAIM OR DEFENSE TO BE TRIED IN PHASE 1

Evidence is relevant and admissible if it tends to prove or disprove any fact tethered to a claim or defense. Fed. R. Evid. 401, 402. While the documents produced, the testimony taken and the admissions obtained in discovery will frame the evidence adduced at trial, the logistics of discovery are irrelevant to any claim or defense to be tried in Phase 1 and should be excluded. For example, while a jury may be instructed on the substantive effect of a request for admission, it does not advance either side's case to point out the number of requests for admission served by each side. So, such matters should be excluded. These include the following:

    (a)    the number of documents produced or the relative sizes of the parties' productions;

    (b)    the number of subpoenas served;

1     (c)     the number of document requests, interrogatories and requests for admissions served;

(d)     the number of discovery motions brought;

(e)     the number of hearings on discovery disputes;

(f)     the number of depositions taken or the number of days of deposition testimony that occurred;

(g)     the number of discovery orders entered; or

(h)     the imposition of any monetary sanctions.

This is not an idle or speculative concern on Mattel's part. For example, MGA has repeatedly attempted to defend its actions by referencing the size of its document production vis-à-vis that of Mattel's.[1] During the January 7, 2008 hearing before the Court, counsel for MGA boasted:

> MGA has produced, your Honor, about 3.8 million (pages of documents). Interestingly, Quinn Emanuel, who's been in this case for four years, just recently, on January 2nd and January 4th, doubled their production, dropped on us about a half million pages of documents.[2]

Given defendants' persistence with such comments, MGA may attempt to argue or suggest at trial that Mattel was not forthcoming in discovery or that its document production was somehow deficient simply because it produced fewer documents than did MGA, or because MGA believed that Mattel should have produced more. However, MGA's rank speculation as to the number of documents that should have been produced is not competent evidence of any wrongdoing by Mattel.

---

[1] See, e.g., Hearing Transcript dated December 14, 2007 at 72:5-22, Proctor Dec., Exh. 38; Hearing Transcript dated January 7, 2008 at 18:20-19:12, Proctor Dec., Exh. 30; Hearing Transcript dated March 10, 2008 at 4:4-9, Proctor Dec., Exh. 39.

[2] Hearing Transcript dated January 7, 2008 at 18:24-19:4, Proctor Dec., Exh. 30.

1         Any evidence or assertion that MGA produced more documents during
2    discovery, responded to more interrogatories, propounded more requests for admission,
3    lost more discovery motions than did Mattel is irrelevant to the claims and defenses at
4    issue in this action.  It will not assist the trier of fact in resolving any issue in dispute.
5    Aside from a blatant attempt to divert the jury's attention from the real issues in this
6    case, arguments about the logistics of discovery serve no legitimate purpose in this
7    action.  Following the example listed above, if MGA had a basis for believing that
8    Mattel's document production is lacking, the proper remedy was to bring a motion to
9    compel—and indeed MGA has brought dozens—not to make unsubstantiated allegations
10   in front of the jury.
11        Discovery logistics do not have any probative value in this case.  They are
12   irrelevant and should be excluded.  Fed. R. Evid. 402.

## II. ANY MINIMAL PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE RISK OF UNDUE DELAY, PREJUDICE AND CONFUSION

16        Even if MGA could somehow show that evidence or argument about
17   discovery logistics has some marginal relevance to the issues in this action, the Court
18   should still exclude this evidence because any marginal probative value is substantially
19   outweighed by the danger of unfair prejudice, confusion of the issues, misleading the
20   jury and needless delay.  Fed. R. Evid. 403.
21        The admission of evidence or argument that Mattel's document production
22   is inadequate, for example, would be prejudicial, confusing and a waste of time.  First, to
23   rebut MGA's implication that it was truthful or forthcoming because it produced a lot of
24   documents (or more truthful or forthcoming than Mattel because it produced more
25   documents), Mattel would have to put the sufficiency of MGA's production to the test.
26   Specifically, Mattel would be required to call witnesses -- including counsel -- and
27   introduce documentary and other evidence showing that of the 4 million or so pages of
28   documents produced by MGA, the overwhelming majority of them were non-responsive

spreadsheets -- in other words, useless filler. Mattel will be forced to explain to the jury how MGA sought to "bury" Mattel with paper -- in some cases producing over one hundred copies of the same document -- likely to conceal both its own discovery abuses and the damaging documents it has provided.

Mattel would then be required to put on additional witnesses and documents to analyze MGA's document demands to Mattel, Mattel's responses, the Court's orders and Mattel's production to demonstrate that it did in fact fulfill its discovery obligations. MGA has no competent evidence to prove that Mattel improperly withheld responsive documents; any suggestion that Mattel should have produced as many or more documents than MGA is based on unsupported speculation and conjecture. The exercise of responding would confuse the jury and needlessly waste time and resources on irrelevant issues.

Evidence of discovery logistics of the variety discussed in this motion should be excluded pursuant to Rule 403. Trial should not proceed with Mattel being forced to justify, as it can, that its conduct in discovery (e.g., serving numerous discovery requests) was a direct result of MGA's concealment of relevant documents and evidence, which is ongoing.

## III. GRANTING THIS MOTION WOULD NOT INTERFERE WITH THE PRESENTATION OF EVIDENCE AT TRIAL

The scope of this motion is limited to discovery logistics. Mattel does not intend that an order granting this motion would prevent a party from introducing, using or otherwise relying on:

(a) any written discovery response as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence or any other applicable statute, rule or case law;

(b) any discovery order;

(c) any report, recommendation or order that imposes issue or evidentiary preclusion sanctions; or

1  (d) any evidence, reference to or argument supporting any claim of
2      spoliation of evidence.
3  To the contrary, reference to such matters generally will be appropriate, and should not
4  be precluded.

## Conclusion

For all the foregoing reasons, Mattel respectfully requests that the Court enter an order precluding defendants from asserting, relying on or referencing:

(a) the number of documents produced or the relative sizes of the parties' productions;

(b) the number of subpoenas served;

(c) the number of document requests, interrogatories and requests for admissions served;

(d) the number of discovery motions brought;

(e) the number of hearings on discovery disputes;

(f) the number of depositions taken or the number of days of deposition testimony that occurred;

(g) the number of discovery orders entered; or

(h) the imposition of any monetary sanctions..

DATED: April 14, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  /s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc.