QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | [PUBLIC REDACTED] MATTEL, INC.'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE INTRODUCTION TO JURY OF EVIDENCE AND TESTIMONY RELATING TO EQUITABLE DEFENSES TO BE TRIED BY COURT; AND |
| AND CONSOLIDATED ACTIONS | |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | [Declarations Jon D. Corey and B. Dylan Proctor filed concurrently herewith] |
| | Hearing Date: May 21, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 1 |
| | **Phase 1:**<br>Discovery Cut-Off January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2470528.1

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION IN LIMINE NO. 4

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 21, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the above-entitled Court to preclude the introduction of evidence or argument to the jury relating to each affirmative defense asserted by Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian (collectively "MGA"), and Carter Bryant ("Bryant") that is equitable in nature, in that such defenses are properly tried to the Court. Mattel respectfully requests that any evidence related to such defenses should be presented at the close of evidence in a separate evidentiary hearing before the Court that is conducted while the jury deliberates.

This motion is made pursuant to FED. R. EVID. 104, 402, 403 and federal decisional authority on the grounds that: (1) the equitable defenses of laches, estoppel, waiver, acquiescence, consent, and unclean hands should be tried to the Court out of the presence of the jury, and the Court has authority to conduct a separate evidentiary hearing concerning those defenses; and (2) evidence concerning the defense of abandonment of copyright should be deferred until after Phase 1a because this defense cannot be analyzed prior to a determination of ownership of the copyright at issue (Mattel's copyright in the original Bratz drawings) in the first instance.

This motion is made following the conference of counsel pursuant to C.D. Cal. Local Rule 7-3, which was held on March 25, 2008 and at times thereafter.

1  This Motion is based upon this Notice of Motion and Motion,
2  Memorandum of Points and Authorities in support thereof, the Declarations of Jon
3  B. Corey and B. Dylan Proctor, all pleadings and papers on file in this action, such
4  other evidence or arguments as may be presented to the Court, and such other
5  matters of which this Court may take judicial notice.

6  DATED: April 14, 2008          QUINN EMANUEL URQUHART OLIVER &
7                                 HEDGES, LLP

8
9                                 By _____
10                                   John B. Quinn
                                     Attorneys for Plaintiff
                                     Mattel, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINT AND AUTHORITIES ................................................. 1

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF RELEVANT FACTS .................................................................. 2

ARGUMENT .............................................................................................................. 3

I.   DEFENSES TO BE TRIED TO THE COURT SHOULD BE THE SUBJECT OF A SEPARATE EVIDENTIARY HEARING OUTSIDE THE PRESENCE OF THE JURY ............................................................... 3

II.  THE COURT SHOULD CONDUCT A SEPARATE EVIDENTIARY HEARING CONCERNING DEFENDANTS' AFFIRMATIVE DEFENSES OUTSIDE THE PRESENCE OF THE JURY ............................ 5

III. PRESENTATION OF ANY EVIDENCE CONCERNING MGA'S ABANDONMENT DEFENSE SHOULD BE DEFERRED UNTIL THE OWNERSHIP OF BRATZ IS DETERMINED ........................................ 7

CONCLUSION ........................................................................................................... 8

**TABLE OF AUTHORITIES**
Page

**Cases**

Aloe Vera v. United States,
  376 F.3d 960 (9th Cir. 2004) ................................................................. 3

Careau & Co. v. Security Pacific Business Credit, Inc.,
  222 Cal. App. 3d 1371 (1990) .............................................................. 4

Chambers v. NASCO, Inc.,
  501 U.S. 32 (1991) ................................................................................ 3

Danjaq LLC v. Sony Corp.,
  263 F.3d 942 (9th Cir. 2001) ............................................................. 3, 4

Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,
  890 F.2d 165 (9th Cir. 1989) ................................................................ 3

Granite State Ins. Co. v. Smart Modular Technologies, Inc.,
  76 F.3d 1023 (9th Cir. 1996) ................................................................ 3

Green v. General Food,
  517 F.2d 635 (5th Cir. 1975) ................................................................ 4

Javelin Corp., v. Uniroyal, Inc.,
  546 F.2d 276 (9th Cir. 1976) ................................................................ 4

Lopez v. Electrical Rebuilders, Inc.,
  416 F. Supp. 1133 (C.D. Cal. 1976) ..................................................... 7

McEuin v. Crown Equipment Corp.,
  328 F.3d 1028 (9th Cir. 2003) .............................................................. 7

McGinest v. GTE Service Corp.,
  360 F.3d 1103 (9th Cir. 2004) .............................................................. 4

Novell Inv. v. Weird Stuff, Inc.,
  No. C92-20467 JW/EAI, 1994 WL 16458729 (N.D. Cal. 1993) ......... 5

Old Chief v. United States,
  519 U.S. 172 (1997) .............................................................................. 6

Rohauer v. Killiam Shows, Inc.,
  379 F. Supp. 723 (S.D.N.Y. 1974) ....................................................... 7

Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc.,
  106 F.3d 894 (9th Cir. 1997) ................................................................ 4

**Statutes**

Fed. R. Evid. 104 .................................................................................................... 7

Fed. R. Evid. 402 .................................................................................................... 5

Fed. R. Evid. 403 ................................................................................................ 6, 7

**Other Authorities**

PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 11.3 (3d ed. 2007) ........................... 7

## MEMORANDUM OF POINT AND AUTHORITIES

### Preliminary Statement

Defendants have made clear that they intend to assert several affirmative defenses at trial that are equitable in nature and that are properly tried to the Court. By this motion, Mattel seeks an Order precluding presentation of evidence to the jury relating to those Court-decided affirmative defenses. Rather, such evidence should be presented in a separate proceeding before the Court held outside the presence of the jury, which can take place while the jury deliberates.

First, the affirmative defenses of laches, estoppel, waiver, acquiescence, consent, and unclean hands asserted by defendants are equitable in nature. Those equitable defenses fall within the province of the Court to decide. Evidence relating to those defenses, therefore, need not be presented to the jury. Nor should it be. This evidence is irrelevant to any issue the jury is called on to decide, and any limited probative value of its presentment to the jury is substantially outweighed by the risk it will confuse and mislead the jury on the issues actually before it, and waste time.

Second, with respect to defendants' abandonment defense, a determination of the ownership of Bratz is a precondition to performing any abandonment analysis. Any evidence in support of this defense is therefore irrelevant at this stage, and will remain so unless and until it is determined that Mattel owns the copyright in the original Bratz drawings at issue. Accordingly, such evidence should be considered in Phase 1b, if at all.

## Statement of Relevant Facts

In response to Mattel's counterclaims,[1] defendants have asserted several equitable affirmative defenses; these include laches, estoppel, waiver, acquiescence, consent, and unclean hands.[2] In addition, defendants have asserted the defense of abandonment of copyright.[3] Defendants have made clear they will seek to introduce evidence in support of those claims during the Phase 1 trial of this litigation.

Based on this Court's Order,[4] Phase 1 is to resolve the ownership of Bratz (Phase 1a), and then address Mattel's copyright infringement claims and resultant damages (Phase 1b). As the Court has explained, Phase 1 also will resolve further issues: whether Bryant breached his contractual and legal duties to Mattel; whether Bryant was unjustly enriched as a result; whether defendants are liable for conversion; whether MGA and Larian are liable for aiding and abetting Bryant's breaches of duties; whether MGA and Larian are liable for unfair competition; and whether Mattel is entitled to a declaration of ownership of the original Bratz drawings. None of these issues, however, requires resolution of defendants' equitable defenses.

---

[1] Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007, Declaration of B. Dylan Proctor ¶ 13, Exh. 12.

[2] See Amended Answer and Affirmative Defenses of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico, S.R.L., de C.V., dated September 19, 2007, Id. ¶ 30, Exh. 29; Isaac Larian's Amended Answer and Affirmative Defenses to Mattel's Second Amended Answer and Counterclaims, dated November 8, 2007, Id. ¶ 28, Exh. 27; Carter Bryant's Second Amended Reply to Mattel's Counterclaims, dated October 17, 2007, Id. ¶ 29, Exh. 28

[3] Id.

[4] Minute Order re Trial Structure, dated July 2, 2007, Id. ¶ 21, Exh. 20.

# Argument

## I. DEFENSES TO BE TRIED TO THE COURT SHOULD BE THE SUBJECT OF A SEPARATE EVIDENTIARY HEARING OUTSIDE THE PRESENCE OF THE JURY

Federal courts are vested with the inherent authority to govern and manage their cases and courtrooms effectively. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991); Aloe Vera v. United States, 376 F.3d 960 (9th Cir. 2004). As the Ninth Circuit has explained, this authority extends to permitting a trial court to determine the order of trying legal and equitable claims when these claims do not involve the same issues. See Granite State Ins. Co. v. Smart Modular Technologies, Inc., 76 F.3d 1023, 1027 (9th Cir. 1996) (equitable estoppel defense did not involve same issues as breach of contract and negligence claims).

In the Ninth Circuit, "a litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." Granite State, 76 F.3d at 1027; Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989) (equitable issues may be tried separately from legal issues without infringing the right to jury trial under the Seventh Amendment). A defense is "equitable in nature if it could have been asserted in a court of equity." Granite State, 76 F.3d at 1027.

Defendants have asserted a number of classically equitable defenses. In particular, the Ninth Circuit has recognized that the defenses of laches, estoppel, waiver, acquiescence, consent, and unclean hands are equitable in nature, and in some cases, has stated explicitly that these defenses may be presented to the Court outside the presence of the jury. For example, in Granite State, the Ninth Circuit held that the defense of equitable estoppel was properly heard by the trial court. See 736 F.3d at 1027. Similarly, in Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir.

2001), the Ninth Circuit held that a laches defense did not require jury consideration. Id. at 962-63. And the Ninth Circuit has recognized the remaining defenses at issue as equitable in nature. See Javelin Corp., v. Uniroyal, Inc., 546 F.2d 276, 279 (9th Cir. 1976) (*in pari delicto* and the closely related defenses of consent and unclean hands are equitable in nature (citing Green v. General Food, 517 F.2d 635, 645-47 (5th Cir. 1975)); (Westinghouse Elec. Corp. v. General Circuit Breaker & Elec. Supply Inc., 106 F.3d 894, 899 (9th Cir. 1997) (estoppel, laches, and acquiescence are equitable defenses); McGinest v. GTE Service Corp., 360 F.3d 1103, 1115 (9th Cir. 2004) (waiver is an equitable defense). Hence, they are properly tried to the Court as well.

   That defendants' equitable defenses lack issues common to the legal questions to be decided by the jury in Phase 1 (*i.e.*, Mattel's claims for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, conversion, intentional interference with contract, aiding and abetting, and unfair competition) further compels the result that they must be heard by the Court. Defendants' equitable defenses presuppose a right for Mattel to sit on, waive, or fail to assert while lulling defendants into complacency and causing injury as a result. The determination whether that right exists in the first instance is therefore not only a separate, but logically prior, inquiry.

   Indeed, an entirely different set of facts and circumstances is required to prove defendants' equitable defenses. By way of illustration, the elements Mattel is required to prove for its breach of contract claim are: (1) the existence of valid contract; (2) Mattel's performance or excuse of nonperformance; (3) defendants' breach; and (4) resulting damages. Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990). The contractual relationship--along with the legal duties Bryant owed Mattel--provide the basis for Mattel's entitlement to Bratz.

Taking one of defendants' equitable defenses, for example, for waiver to bar contractual relief, defendants must prove by clear and convincing evidence the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it. See Novell Inv. v. Weird Stuff, Inc., No. C92-20467 JW/EAI, 1994 WL 16458729 at *13 (N.D. Cal. 1993). Determining whether a right existed, and whether the entitled party (with specific knowledge thereof) waived that right, are unrelated inquiries that must be determined sequentially and independently. As each of Mattel's claims stem from the underlying contractual and legal duties Bryant owed Mattel, and further, as each of the equitable defenses interposed by defendants requires a showing of Mattel's knowledge of a right and specific behavior (depending on the defense) with respect thereto, it is apparent that all these claims raise wholly independent factual and legal issues vis-à-vis one another. As such, each of defendants' equitable defenses should be determined separately, and due to their intrinsic nature, should be determined by the Court.

## II. THE COURT SHOULD CONDUCT A SEPARATE EVIDENTIARY HEARING CONCERNING DEFENDANTS' AFFIRMATIVE DEFENSES OUTSIDE THE PRESENCE OF THE JURY

The Court should hold a separate evidentiary hearing concerning the laches, estoppel, waiver, acquiescence, consent, and unclean hands defenses, and should not permit evidence regarding those defenses to be presented to the jury. Good cause exists for this procedure for at least three reasons:

First, as set forth above, the subject equitable defenses should be tried by the Court outside the presence of the jury under Ninth Circuit case law.

Second, because the defenses should be tried to the Court, evidence relating to those defenses is not probative as to any issue the jury will decide. See FED. R. EVID. 402 (evidence that is "not relevant is not admissible"). Defendants

1  apparently intend to introduce in support of those defenses a slew of evidence
2  related to, for example, Mattel's supposed knowledge and inaction as to Bryant and
3  Mattel's supposed inaction ████████████████████████████████
4  ████████████████████████████████████████████████████████████████
5  ████████████████████████████████.[5] In addition, defendants seek to
6  proffer evidence of ████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ██████. None of this evidence is probative as to the Phase 1 legal issues the jury
10 will decide.[6]

11         Third, permitting defendants to introduce evidence relating to Court-
12 decided defenses will cause unfair prejudice to Mattel, will confuse the jury, and
13 will waste time. See FED. R. EVID. 403; Old Chief v. United States, 519 U.S. 172,
14 180 (1997) ("Unfair prejudice" means an "undue tendency to suggest decision on an
15 improper basis, commonly though not necessarily, an emotional one.") (citations
16 omitted). It is manifest that defendants' primary purpose in seeking to present such
17 improper evidence (and related pathos-based arguments) is to sling mud at Mattel
18 and confuse the jury. Further, defendants intend to introduce evidence of Mattel's
19 alleged motive for filing suit and a host of unsavory purported "facts" for purposes
20 of prejudicing the jury against Mattel. This is precisely the type of evidence that
21 should be excluded under FED. R. EVID. 403.

---

[5] See MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Affirmative Defenses ("MGA's Interrogatory Responses"), dated January 7, 2008, at C, I, J, M, and N, Proctor Decl. ¶ 26, Exh. 25; Carter Bryant's Responses to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Affirmative Defenses, dated January 7, 2008, at A-E; Id. ¶ 27, Exh. 26.

[6] See MGA's Interrogatory Responses, supra.

1    When evidence does not apply to the issues the jury will decide, and its
2 introduction will have the effect of confusing issues and wasting time, it is properly
3 excluded under FED. R. EVID. 403. See McEuin v. Crown Equipment Corp., 328
4 F.3d 1028, 1033-34 (9th Cir. 2003). The Court should exercise its discretion to
5 exclude evidence pertaining to defendants' equitable defenses from the jury trial
6 under FED. R. EVID. 403.
7
8 **III. PRESENTATION OF ANY EVIDENCE CONCERNING MGA'S**
9 **ABANDONMENT DEFENSE SHOULD BE DEFERRED UNTIL THE**
10 **OWNERSHIP OF BRATZ IS DETERMINED**
11
12    FED. R. EVID. 104 provides that "when the relevancy of evidence
13 depends upon the fulfillment of a condition of fact, the court shall admit it upon, or
14 subject to, the introduction of evidence sufficient to support a finding of the
15 fulfillment of the condition." Here, resolution of the ownership of the original Bratz
16 drawings is a precondition to any analysis of whether the owner abandoned its
17 rights. When a copyright is involved, such as here, abandonment can occur only
18 when the copyright owner commits "some overt act indicative of an intent to
19 surrender rights in the copyrighted work and to allow the public to copy it." See
20 Rohauer v. Killiam Shows, Inc., 379 F. Supp. 723, 730 (S.D.N.Y. 1974); Lopez v.
21 Electrical Rebuilders, Inc., 416 F. Supp. 1133, 1135 (C.D. Cal. 1976); PAUL
22 GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 11.3 (3d ed. 2007). Because evidence in
23 support of any alleged abandonment by Mattel will become relevant only after it is
24 determined that Mattel owns Bratz, presentation of any such evidence should be
25 deferred until Phase 1b. Further, presentation of evidence allegedly showing
26 abandonment will be more confusing than probative during Phase 1a, in which the
27 only issue is Mattel's ownership of Bryant's original Bratz drawings.
28

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court conduct a separate evidentiary hearing concerning defendants' laches, estoppel, waiver, acquiescence, consent, and unclean hands defenses after the close of evidence of Phase 1. Mattel further requests that the Court defer any presentation of evidence regarding the abandonment defense until Phase 1b.

DATED: April 14, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
John B. Quinn
Attorneys for Plaintiff
Mattel, Inc.