QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>[PUBLIC REDACTED]<br><br>NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 OF MATTEL, INC., TO EXCLUDE EVIDENCE OF OR ARGUMENT CONCERNING OTHER LAWSUITS AND OTHER PURPORTED BAD ACTS AND DISMISSED DEFENSES; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declarations of B. Dylan Proctor and Jon D. Corey and Notice of Lodging filed concurrently herewith]<br><br>Date: May 21, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, on May 21, 2008 at 1:00 p.m., or as

3  soon thereafter as the matter may be heard, in the Courtroom of the Honorable

4  Stephen G. Larson, located at Courtroom 1, 3470 Twelfth Street, Riverside, CA

5  92501, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court *in*

6  *limine* for an order directing defendants MGA Entertainment, Inc., MGA

7  Entertainment (HK) Limited, Carter Bryant and Isaac Larian, and their respective

8  counsel and witnesses, not to make any argument concerning, introduce or refer to

9  evidence relating to, or make any suggestions regarding any other claims, actions or

10  lawsuits brought by or against Mattel, or other purported bad acts allegedly

11  committed by Mattel, or defenses in this action that have been dismissed or

12  abandoned, including any suggestion, argument or evidence that:

13        • Mattel allegedly engages in "scorched earth" litigation or is litigious;

14        • Mattel allegedly mistreats its employees;

15        • any Mattel products allegedly contain lead;

16        • Mattel allegedly engaged in securities fraud or otherwise violated the

17          securities laws;

18        • Mattel allegedly conducted surveillance of MGA, Isaac Larian or his

19          family;

20        • Mattel allegedly "grilled" or "interrogated" any of its current or former

21          employees concerning MGA, Bratz and/or Larian;

22        • Mattel allegedly intimidated or threatened any of its current or former

23          employees not to disclose information concerning Mattel, or any

24          confidential or proprietary information or trade secrets belonging to

25          Mattel;

26        • Mattel allegedly coerced its employees to accept restrictive covenants

27          and non-compete clauses in order to prevent them from working at

28          MGA;

-2-

1         •   Mattel allegedly contacted potential witnesses under false pretenses in

2              order to interrogate them about Bratz and this lawsuit;

3         •   Mattel allegedly aggressively defends against new entrants into the

4              fashion doll business by suing them; and/or

5         •   Mattel engaged in any other alleged conduct relevant to defenses which

6              defendants have abandoned or which shall be dismissed by the Court.

7         This motion is made pursuant to <u>Federal Rules of Evidence</u> Rules 401,

8 402, 403, and 404, and on the grounds that: (1) such evidence is irrelevant and

9 immaterial to the issues, claims and/or defenses in this action; (2) such evidence

10 constitutes inadmissible character evidence; and (3) the probative value of such

11 evidence or argument, if any, is substantially outweighed by the probability that its

12 admission will cause undue prejudice, delay, and confusion of the issues to be tried.

13         This Motion is based upon this Notice of Motion and Motion,

14 Memorandum of Points and Authorities in support thereof, the Declarations of B.

15 Dylan Proctor and Jon D. Corey filed concurrently herewith, all pleadings and

16 papers on file in this action, such other evidence or arguments as may be presented

17 to the Court, and such other matters of which this Court may take judicial notice.

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S MOTION IN LIMINE NO. 5

1 | **Statement of Local Rule 7-3 Compliance**
2 | This motion is made following conferences of counsel pursuant to
3 | Local Rule 7.3, which took place on March 25, 2008 and times thereafter.
4 |
5 | DATED:  April 14, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6 |
7 | By _____
8 | John B. Quinn
   | Attorneys for Mattel, Inc.
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

07209/2470719.1

-4-

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT................................................................................................................... 1

I.     OTHER LITIGATION INVOLVING MATTEL IS NOT RELEVANT
       TO THE OWNERSHIP OF BRATZ ................................................................. 1

II.    EVIDENCE OR ARGUMENT CONCERNING OTHER
       PURPORTED BAD ACTS SHOULD BE EXCLUDED BECAUSE IT
       IS NOT RELEVANT, AND PURSUANT TO RULE 403 .............................. 3

       A.     MGA's Inflammatory Allegations Have Nothing To Do With
              The Ownership Of Bratz.......................................................................... 5

       B.     Any Probative Value Of Such Evidence Is Significantly
              Outweighed By The Risk Of Unfair Prejudice, Confusion and
              Delay ......................................................................................................... 6

       C.     Evidence of Other purported Bad Acts Constitutes Inadmissible
              Character Evidence ................................................................................... 8

III.   EVIDENCE RELATING TO DISMISSED OR ABANDONED
       AFFIRMATIVE DEFENSES SHOULD BE EXCLUDED ............................. 9

CONCLUSION............................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Bhaya v. Westinghouse Elec. Corp.,
  922 F.2d 184 (3d Cir. 1990) ................................................................................. 6

Coursen v. A.H. Robins Co., Inc.,
  764 F.2d 1329 (9th Cir. 1985) .............................................................................. 9

Harpring v. Continental Oil Co.,
  628 F.2d 406 (5th Cir. 1980) ................................................................................ 8

Haskell v. Kaman Corp.,
  743 F.2d 113 (2d Cir. 1984) ................................................................................. 8

Lataille v. Ponte,
  754 F.2d 33 (1st Cir. 1985) .................................................................................. 8

Lawyers Title Insurance v. United States Fidelity & Guaranty Co.,
  122 F.R.D. 567 (N.D. Cal. 1988) ......................................................................... 2

Mattel, Inc. v. Luce, Forward, Hamilton & Scripps,
  2001 WL 1589175, Proctor Dec., Exh. 54 ........................................................... 4

Moorhouse v. Boeing Co.,
  501 F. Supp. 390 (E.D. Pa. 1980) ........................................................................ 2

Prouty v. National R.R. Passenger Corp.,
  99 F.R.D. 545 (D.D.C. 1983) ............................................................................... 2

Rauh v. Coyne,
  744 F. Supp. 1181 (D.D.C. 1990) ........................................................................ 7

Wyvill v. United Cos. Life Ins. Co.,
  212 F.3d 296 (5th Cir. 2000) ............................................................................... 8

## Statutes

Federal Rules of Evidence

  Rule 401 ............................................................................................................... 5

  Rule 402 ............................................................................................................... 5

  Rule 403 ......................................................................................................... 2, 3, 6

  Rule 404(b) .................................................................................................... 2, 8, 9

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## Preliminary Statement

4      Mattel anticipates that defendants may attempt to introduce evidence of

5 unrelated claims or actions by or against Mattel.  For example, MGA may attempt to

6 introduce evidence of wrongful termination actions brought by former Mattel

7 employees who were laid off in 2006.  Such evidence is wholly irrelevant.

8 Moreover, if such evidence were admitted, Mattel would need to prove why each

9 such employee was laid off.  This case would become re-litigation of old

10 employment matters.

11      Defendants may also attempt to inflame the jury by introducing

12 evidence of other purported bad acts by Mattel, such as claims that Mattel allegedly

13 sold products that contain lead or violated securities laws.  Such acts have nothing to

14 do with this litigation, and their introduction at trial would require more trials within

15 the trial as Mattel would be forced to disprove each allegation.

16

17

## Argument

18

19 I.    **OTHER LITIGATION INVOLVING MATTEL IS NOT RELEVANT**

20      **TO THE OWNERSHIP OF BRATZ**

21

22      Mattel anticipates that MGA may attempt to insert other lawsuits

23 involving Mattel into the trial, such as evidence that after Mattel laid off employees

24 in 2006, Mattel was involved in employment litigation or that Mattel was party to

25 other copyright or trade dress actions involving other products and/or parties.

26      Past or pending lawsuits by or against Mattel having nothing

27 whatsoever to do with the ownership of Bratz and are not relevant to the present

28 case.  Whether Mattel was a good employer when it was reducing its labor force

07209/2470719.107209/24
70719.1

-1-

1  cannot help the jury decide whether Mattel owns the rights to Bratz, whether MGA
2  misappropriated Mattel's rights in Bratz or any of the other issues in this case. See,
3  e.g., Prouty v. National R.R. Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983)
4  (evidence of other lawsuits filed against a party are not reasonably calculated to lead
5  to the discovery of admissible evidence and are not even discoverable, let alone
6  admissible); Lawyers Title Insurance v. United States Fidelity & Guaranty Co.,
7  122 F.R.D. 567, 570 (N.D. Cal. 1988) (information about other claims made against
8  an insurance carrier in the last five years was "too marginal in utility to justify the
9  burden" of requiring defendant to respond to discovery request for this information).

10  MGA's only purpose for introducing lawsuits by or against Mattel
11  would be to insinuate that Mattel has a propensity towards litigiousness (and hence
12  this action lacks merit) or that it generally mistreats its employees (and hence is
13  undeserving of relief here).  Under Federal Rule of Evidence 404(b), however,
14  MGA cannot introduce evidence of other wrongs or acts for such purposes — it is
15  improper character evidence.

16  If there were probative value, it is substantially outweighed by the
17  prejudice.  The jury may mistakenly believe that Mattel's claims and counterclaims
18  are meritless merely because Mattel has brought other claims in the past.  Or the
19  jury may become prejudiced against Mattel for laying off former employees. Risks
20  of prejudice and confusion justify exclusion. Fed. R. Evid. 403.

21  Moreover, evidence of other actions will broaden the trial, as Mattel
22  will be forced to put on witnesses and evidence to rebut the allegations and claims
23  asserted in those other actions. This will have the undesirable effect of creating
24  several mini-trials within this trial and will consume an undue amount of time. See,
25  e.g., Moorhouse v. Boeing Co., 501 F. Supp. 390, 393 (E.D. Pa. 1980) (excluding
26  evidence of purported wrongdoing against others because "[d]efendants then would
27  have been placed in the position of either presenting the justification for each
28  witnesses' lay off, or of allowing the testimony to stand unrebutted. This latter

07209/2470719.107209/24
70719.1

-2-

1    alternative, of course, would have had an obvious prejudicial impact on the jury's

2    consideration of [plaintiff's] case.").

3

4    **II.    EVIDENCE OR ARGUMENT CONCERNING OTHER PURPORTED**

5    **BAD ACTS SHOULD BE EXCLUDED BECAUSE IT IS NOT**

6    **RELEVANT, AND PURSUANT TO RULE 403**

7

8            Mattel also expects that defendants will attempt to introduce evidence

9    or argument concerning a hodge podge of acts allegedly committed by Mattel, such

10   as allegations that:

11        • Mattel engages in "███████████" litigation or is litigious[1];

12        • Mattel products allegedly contain lead;

13        • Mattel allegedly engaged in securities or violations of the securities

14          laws[2];

15        • Mattel allegedly conducted surveillance concerning MGA and/or Isaac

16          Larian[3];

17

18   [1]   See, e.g., Hearing Re: Discovery Matters, dated January 7, 2008, at 36:4-12,
     Proctor Dec., Exh. 30; Scheduling Conference Transcript, dated February 12, 2007,
19   at 13:2-5, Proctor Dec., Exh. 31; MGA Entertainment, Inc.'s Motion for Terminating
     Sanctions Against Mattel, Inc. Due to Spoliation of Evidence, dated July 23, 2007,
20   at 3:1-2, Proctor Dec., Exh. 32; Joint Stipulation Re: Mattel, Inc.'s Motion to
     Compel Inspection of Original Documents and Tangible Things, dated February 17,
21   2005, at 6:26-7:3; 37:5-7, Proctor Dec., Exh. 33; MGA Defendants' and Carter
     Bryant's Joint Notice of Service of Exhibit List and Deposition Designations, dated
22   April 1, 2008, at Exhibit B, p. 1 (designating Brawer's deposition testimony stating
     that Mattel uses litigation as a business strategy), Proctor Dec., Exh. 34.
23   [2]   Hearing Transcript from March 31, 2008, at 41:25-42:19, Proctor Dec., Exh.
24   37.
     [3]   See, e.g., Amended Answer and Affirmative Defenses of MGA Entertainment
25   Inc., MGA Entertainment (HK) Limited and MGAE De Mexico S.R.L. De C.V. to
     Mattel, Inc.'s Second Amended Answer and Counterclaims ("MGA's Amended
26   Answer"), dated September 19, 2007, at 20:27-28, Proctor Dec., Exh. 29; Isaac
     Larian's Amended Answer and Affirmative Defenses to Mattel, Inc.'s Second
27   Amended Answer and Counterclaims ("Larian's Amended Answer), dated
     November 8, 2007, at 17:21-22, Proctor Dec., Exh. 27; MGA's Response to Mattel,
28   (footnote continued)

1   • Mattel allegedly "█████████" current or former employees

2      concerning MGA, Bratz and/or Larian[4];

3   • Mattel allegedly intimidated or threatened current or former employees

4      not to disclose information concerning Mattel, or any confidential or

5      proprietary information or trade secrets belonging to Mattel[5];

6   • Mattel allegedly coerced its employees to accept restrictive covenants

7      and non-compete clauses to prevent them from working at MGA[6];

8   • Mattel allegedly contacted potential witnesses under false pretenses[7];

9   • Mattel allegedly aggressively defends against new entrants into the

10      fashion doll business by suing them[8]; and

11   • Mattel engaged in any other alleged conduct relevant to defenses which

12      defendants have abandoned or which shall be dismissed by the Court.

13

14 _____

15 Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative
   Defenses ("MGA's Response to Interrogatory Regarding Affirmative Defenses"),

16 dated January 7, 2008, at 21:2-3, Proctor Dec., Exh. 25; Carter Bryant's Responses
   to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants'

17 Affirmative Defenses ("Bryant's Response to Interrogatory Regarding Affirmative
   Defenses"), dated January 7, 2008, at 28:8-9, Proctor Dec. Exh. 26.

18      [4]   See, e.g. Witness Tampering Motion, dated March 12, 2008, at 2-6, Proctor
   Dec., Exh. 35.

19      [5]   See, e.g., MGA's Response to Interrogatory Regarding Affirmative Defenses,
   at 9:26-14:8, Proctor Dec., Exh. 25; Bryant's Response to Interrogatory Regarding

20 Affirmative Defenses, at 16:13-21:4, Proctor Dec., Exh. 26.
        [6]   See, e.g., MGA's Amended Answer, at 21:1-4, Proctor Dec., Exh. 29; Larian's

21 Amended Answer, at 17:24-26, Proctor Dec., Exh. 27; MGA's Response to
   Interrogatory Regarding Affirmative Defenses, at 21:5-7, Proctor Dec., Exh. 25;

22 Bryant's Response to Interrogatory Regarding Affirmative Defenses, at 28:10-13,
   Proctor Dec., Exh. 26.

23      [7]   See, e.g., MGA's Amended Answer, at 20:28-21:1, Proctor Dec., Exh. 29;
   Larian's Amended Answer, at 17:22-23, Proctor Dec., Exh. 27; MGA's Response to

24 Interrogatory Regarding Affirmative Defenses, at 21:3-5, Proctor Dec., Exh. 25;
   Bryant's Response to Interrogatory Regarding Affirmative Defenses, at 28:9-10,

25 Proctor Dec., Exh. 26.
        [8]   MGA Parties' Notice of Motion for Partial Summary Judgment, Motion and

26 Memorandum of Points and Authorities in Support Thereof, dated March 7, 2008, at

27 1 (citing Mattel, Inc. v. Luce, Forward, Hamilton & Scripps, 2001 WL 1589175, at
   *9 (Cal. Ct. App. Dec. 14, 2001), Proctor Dec., Exh. 54.

28

07209/2470719.107209/2
70719.1

-4-

1   All such evidence and argument is improper and should be excluded. It

2   is not relevant and, even if it had some marginal relevance, any probative value is

3   substantially outweighed by the risk of undue prejudice to Mattel, needless delay,

4   misleading the jury and confusion of the issues to be tried.

5

6   **A.    MGA's Inflammatory Allegations Have Nothing To Do With The**

7   **Ownership Of Bratz, and Are Unduly Prejudicial**

8

9   Inflammatory allegations against Mattel, proven or not, that are

10  unrelated to the instant case have no tendency to prove or disprove any facts of

11  consequence to this action. Such irrelevant evidence should be excluded. Fed. R.

12  Evid. 401, 402.

13  Here, defendants miscellaneous bad acts allegations are wholly

14  irrelevant. Whether Mattel's toys contain lead paint or not is immaterial. Whether

15  Mattel engaged in securities fraud is immaterial.

16  Likewise, whether Mattel surveilled Larian's family in 2003 is

17  immaterial. In 2003, Mattel became aware of allegations that MGA may have

18  obtained copies of prototypes and other information concerning a new and as of yet

19  unreleased Mattel product line referred to as "Flavas."[9] Upon learning this, Mattel

20  conducted an investigation to determine if there had been a breach of security.[10]

21  Defendants claim that Mattel surveilled MGA and Larian and Larian's family.[11]

22

23

24  [9]   Email from Robert Eckert to Richard De Anda, dated June 6, 2003, Bates
       numbered M 0074408, Proctor Dec., Exh. 40.

25  [10]   Id.

26  [11]   MGA's Amended Answer, at 20:27-28, Proctor Dec., Exh. 29; Larian's
       Amended Answer, at 17:21-22, Proctor Dec., Exh. 27; MGA's Response to

27  Interrogatory Regarding Affirmative Defenses, at 21:2-3, Proctor Dec., Exh. 25;
       Bryant's Response to Interrogatory Regarding Affirmative Defenses, at 28:8-9,

28  Proctor Dec., Exh. 26._

1    Any such surveillance, and this investigation more generally, will not shed light on
2    any of the issues in this action.

3              Nor are MGA's contentions about Mattel's lawyers' conduct remotely
4    pertinent.  MGA claims Mattel acted improperly by purportedly "█████████
5    ████████████████████████████████████████████████████████████████████
6    ████████████████████████████████████████████████████████████
7    ████████████████████"[12]  MGA urges that Mattel allegedly
8    intimidated or threatened former employees when Mattel reminded them of their
9    obligation not to disclose or misappropriate Mattel's confidential or proprietary
10   information and its trade secrets..[13]  MGA asserts that Mattel wrongfully
11   "████████" its employees and "█████████" favorable testimony from two
12   seamstresses by telling them that it was in their "█████████" to speak to Mattel.[14]
13   None of these allegations, even if true, are relevant to the issues here.  Such
14   evidence should be excluded.

15

16        **B.**      **Any Probative Value Of Such Evidence Is Significantly**
17                    **Outweighed By The Risk Of Unfair Prejudice, Confusion and**
18                    **Delay**

19

20             To the extent such evidence has any probative value, it should be
21   excluded under Rule 403.

22             First, its prejudicial effect is obvious.  Defendants' sole purpose in
23   referring to such matters will be to inflame the jurors and prejudice them against

24

---

25   [12]  MGA's Response to Interrogatory Regarding Affirmative Defenses, at 21:5-7,
     Proctor Dec., Exh. 25.
26   [13]  MGA's Response to Interrogatory Regarding Affirmative Defenses, at 9:26-
     14:8, Proctor Dec., Exh. 25; Bryant's Response to Interrogatory Regarding
27   Affirmative Defenses, at 16:13-21:4, Proctor Dec., Exh. 26.
28   [14]  See Witness Tampering Motion, at 2-6, Proctor Dec., Exh. 35.

07209/2470719.107209/24
70719.1

MATTEL'S MOTION IN LIMINE NO. 5

1   Mattel.  The danger of undue prejudice to Mattel from the presentation of lead paint

2   and alleged violations of securities laws "bad acts" evidence is obviously great.

3   Therefore, it should be excluded.  See Bhaya v. Westinghouse Elec. Corp., 922 F.2d

4   184, 188 (3d Cir. 1990) ("Evidence that a party committed wrongs other than those

5   at issue in a case often creates a danger of 'unfair prejudice' because such evidence

6   may influence a jury to return a verdict based on a desire to punish for the other

7   wrongs."); Rauh v. Coyne, 744 F. Supp. 1181, 1183 (D.D.C. 1990) (granting

8   defendant's motion *in limine* to exclude evidence – offered by the plaintiff who

9   claimed sex discrimination – of defendant employer's racial animus toward African-

10  Americans; there was a "great potential for prejudice").

11          Similarly, introduction of evidence or argument that Mattel surveilled

12  MGA, Larian or his family would also cause unfair prejudice to Mattel.  MGA's

13  primary purpose in introducing such evidence would be to create the impression that

14  Mattel engages in shady practices or somehow violated Larian's right to privacy --

15  which, of course, it did not.  Such an attempt to sully Mattel's reputation is improper

16  and should not be permitted.

17          The same is true of the balance of defendants' allegations.  Contrary to

18  the sinister picture MGA attempts to create, Mattel simply sent letters to employees

19  who left Mattel to work for MGA, a competitor, reminding them of their continuing

20  obligations not to disclose Mattel's confidential proprietary or confidential

21  information, or its trade secrets.[15]  Such letters are common and routinely sent by

22  employers who are faced with employees leaving to work for direct competitors;

23  indeed, had Mattel not sent such letters, the MGA defendants would likely argue

24  that Mattel did not take reasonable steps to protect its confidential or proprietary

25  information or trade secrets.  Likewise, evidence that Mattel "tampered with" two

26  seamstresses who violated their duties to Mattel by working on Bratz while

27

28  [15]  Id.

07209/2470719.107209/2
70719.1

-7-

1   employed by Mattel, who Mattel has terminated, can only be intended to disparage
2   Mattel in front of the jury by suggesting that it mistreats its employees. This is not
3   permissible. Moreover, defendant's have sought sanctions from the Court for this
4   alleged misconduct. They cannot seek a second bite at the apple with the jury.

5           Moreover, not only is defendants' bad acts evidence irrelevant and
6   unfairly prejudicial, its admission also would needlessly waste time. For every
7   piece of unrelated "bad acts" evidence MGA references, Mattel will have to respond
8   with evidence of why it was not a "bad actor." As to lead paint — itself the subject
9   of separate unrelated actions — Mattel will have to show all the steps it has taken to
10  ensure its products are safe for children and the public. As to the alleged securities
11  laws violations, Mattel will have to educate the jury on federal and state securities
12  laws, showing how Mattel has complied with them. In effect, for every alleged "bad
13  act," there would have to be a trial-within-a-trial to discover whether Mattel had
14  been a bad actor — reason enough to exclude such evidence. See, e.g., Harpring v.
15  Continental Oil Co., 628 F.2d 406, 410 (5th Cir. 1980) (testimony of former
16  employee excluded to avoid "trying another lawsuit within the existing lawsuit");
17  Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984) (court should avoid trial
18  of "unnecessary collateral issues").

19

20          **C.**     **Evidence of Other purported Bad Acts Constitutes Inadmissible**
21                  **Character Evidence**

22

23          Last, any purported evidence of Mattel's alleged wrongdoing covered
24  by this Motion is inadmissible because it would constitute impermissible character
25  evidence. Rule 404(b) of the Federal Rules of Evidence specifically provides that
26  "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character
27  of a person in order to show action in conformity therewith." See also Lataille v.
28  Ponte, 754 F.2d 33, 35, 37 (1st Cir. 1985) (prior bad acts may not be admitted to

07209/2470719.107209/24
70719.1

-8-

1  prove that a person acted in similar fashion in the case at hand); <u>Wyvill v. United</u>
2  <u>Cos. Life Ins. Co.</u>, 212 F.3d 296, 304, 306 (5th Cir. 2000) (vacating judgment and
3  finding error in lower court's ruling allowing anecdotal evidence of unrelated age
4  claims).

5       That Rule directly applies here. The only reason the MGA defendants
6  would attempt to offer evidence of Mattel's unrelated alleged "bad acts" would be to
7  raise the inference that Mattel had a propensity toward improper or overbearing
8  conduct, and therefore must have acted improperly or overbearingly toward
9  defendants in the case at hand. Such a tactic is clearly impermissible under
10  Section 404(b). <u>See Coursen v. A.H. Robins Co., Inc.</u>, 764 F.2d 1329, 1335 (9th
11  Cir. 1985) (upholding exclusion of evidence of prior misconduct where plaintiffs
12  sought to establish a "pattern of neglect" because "[t]he overwhelming thrust of this
13  evidence was to have the jury believe that because defendant lied [before], it lied
14  [with respect to plaintiffs] as well").

15

16  **III.  <u>EVIDENCE RELATING TO DISMISSED OR ABANDONED</u>**
17       **<u>AFFIRMATIVE DEFENSES SHOULD BE EXCLUDED</u>**

18

19       Mattel has pending a motion for partial summary judgment regarding
20  many of defendants' affirmative defenses, including laches and statute of limitations.
21  To the extent the Court grants this motion and dismisses defendants' affirmative
22  defenses, the Court should exclude any evidence or argument that they may attempt
23  to introduce in support of these defenses.

24
25
26
27
28

07209/2470719.107209/24
70719.1

1

**Conclusion**

2          For the foregoing reasons, Mattel respectfully requests that the Court

3   exclude any evidence, argument, or suggestion relating to any other claims, actions

4   or lawsuits brought by or against Mattel, or other purported bad acts allegedly

5   committed by Mattel, or defenses in this action that have been dismissed or

6   abandoned.

7

8   DATED:  April 14, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
9

10                                  By John B. Quinn /RLF

11                                     John B. Quinn
                                       Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-