QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard by Hon. Edward Infante (Ret.)**<br>**Pursuant to Order of December 6, 2006]**<br><br>**[PUBLIC REDACTED] DECLARATION OF MELISSA GRANT IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Hearing Date: April 11, 2008<br>Time: 9:00 a.m.<br>Place: Telephonic<br><br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

1    I, Melissa Grant, declare as follows:

2        1.    I am a member of the bar of the State of California and an

3    associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for

4    Mattel, Inc. ("Mattel").  Except as set forth herein, I make this declaration of

5    personal, firsthand knowledge and, if called and sworn as a witness, I could and

6    would testify competently thereto.

7        2.    MGA and Isaac Larian have repeatedly represented to the

8    Discovery Master that they have already produced "ample" and "sufficient"

9    financial information, which they claim falls into broad categories, such as "audited

10   and unaudited quarterly and annual statements," "annual reports," "general ledgers,"

11   and "various other MGA financial reports."  They also claim Larian recently

12   produced documents purportedly "showing [his] net worth, gross income and its

13   sources, and pertinent banking information."  Opp. at 13.  As shown herein, MGA's

14   claim that the financial information it has produced renders Mattel's Fifth Set of

15   Requests for Production of Documents and Things ("Document Requests") (of

16   which a true and correct copy is attached as Exhibit 1) duplicative, cumulative,

17   unduly burdensome, and overbroad, is wrong.  Opp. at 10-13.  The financial and

18   corporate information that MGA and Larian have produced to date—along with the

19   deposition testimony of Larian and MGA's Vice President of Taxation and <u>Rule</u>

20   <u>30(b)(6)</u> designee, Lisa Tonnu—demonstrate that the financial and corporate

21   information responsive to Mattel's Document Requests is directly relevant to

22   Mattel's Phase 1 claims.  Mattel's review of MGA's and Larian's document

23   productions revealed that the information Mattel seeks has either not been produced

24   at all or is grossly insufficient.  MGA's repeated representations to the Discovery

25   Master to the contrary are unfounded.

26                 **Summary of Mattel's Review and Findings**

27       3.    To date, MGA has produced 4,060,962 pages of documents—

28   nearly 3 million of which were produced since October 2007 and 490,000 of which

1  of which were produced in 2008 alone.  When MGA produced documents, it did not
2  identify which documents related to MGA and which related to Isaac Larian.  Nor
3  did it indicate which productions contained financial information.  I, and others
4  working with me, have spent the last few months reviewing MGA's and Larian's
5  productions to determine what financial information they actually produced.  We
6  continue to go through those documents.
7          4.

8
9
10
11
12
13                              REDACTED
14
15
16
17
18
19          5.
20
21
22
23                          REDACTED
24
25
26
27
28

-3-
GRANT DECLARATION ISO MOTION TO COMPEL RE FIFTH SET OF REQUESTS FOR PRODUCTION

1    6.

2

3

4                              REDACTED

5    7.

6

7

8

9

10

11                             REDACTED

12

13

14

15

16

17

18

19

20

21

22

23                             REDACTED

24

25

26

27

28

-4-
GRANT DECLARATION ISO MOTION TO COMPEL RE FIFTH SET OF REQUESTS FOR PRODUCTION

REDACTED

1

2　　　　　MGA should be compelled to produce documents sufficient to show

3　any and all payments, gifts, loans, benefits given, compensation paid, dividends

4　issued, cash advanced to, or any other transfer of anything of value to Larian, or any

5　business affiliated with Larian, or any family member of Larian in response to

6　Document Requests Nos. 12-14, 27-29, 31-32, 34-36, 40, and 42-47.

7　　　　　8.　　　Document Request No. 6 seeks production of MGA's general

8　ledgers.  Despite its repeated claims to the contrary, MGA has not produced detailed

9　"general ledgers" for the crucial years of 1999 and 2000.  Nor has it produced any of

10　the underlying documentation used to create its general ledgers (such as invoices,

11　purchasing orders, work orders, payment receipts, bank statements, cancelled

12　checks, wire transfer receipts).  That information is essential to Mattel's Phase 1

13　claims, particularly development costs incurred and when they incurred for the

14　development of first generation Bratz.

15　　　　　9.

16

17

18

19

20　　　　　　　　　　　REDACTED

21

22

23

24

25

26

27

28

07209/2470191.2

1        10.    In addition, the ledgers that MGA produced are insufficient in

2   that they contain **no** Bratz-specific information and **no** specific information

3   regarding individual vendor cost incurred and product development.  Without this

4   information, Mattel's ability to present its Phase 1 claims will be prejudiced.

5

6

7

8                               REDACTED

9

10

11

12

13                                     Those molds may relate to the

14   development of Bratz.  But MGA has not produced the Historical Detailed Trial

15   Balances for 1999 and 2000, nor any of the underlying documentation.  MGA

16   should be compelled to produce those general ledgers and the underlying

17   documentation.

18        11.    The "bank information" produced by Larian and MGA, either by

19   agreement or pursuant to Orders compelling production of records reflecting

20   transactions between and among MGA and Larian or any of his affiliated

21   businesses, family members, and/or officers, directors, or shareholders in MGA (See

22   supra, Exh. 4) is insufficient.  The information produced does not include specific

23   bank information—including a statements of accounts, cancelled checks, wire

24   transfers, expense reports, receipts, dividend distribution records, payment vouchers,

25   documentation of salary; shareholder records, or any other the documentation

26   responsive to Document Request Nos. 8, 14, 29-30, 40-41, and 45-47.

27        12.    MGA produced dozens of copies of various named and unnamed

28   spreadsheets and "check" rosters, covering miscellaneous months—not an entire

1   year.  Those documents appear to have been created by MGA, but they do not

2   appear on pages with letterhead or otherwise indicate who created them or whether

3   they were created in the normal course of business.  The words "autodated,

4   autotimed, and autofiled" appears on most of those documents—so that it is

5   impossible to confirm the date the documents were created or where in MGA's

6   systems the file is stored—and were produced in disjointed segments that Mattel  has

7   been forced to assemble.

8

9

10

11

12                                    REDACTED

13

14

15

16                                    Document Request Nos. 13-39, and

17   42-47 seek bank statements and documents sufficient to show MGA's capitalization

18   since 1999, as well as any and all payments, gifts, loans, dividends, distributions, or

19   transfers of value of any kind to Larian or any of his business, his family members,

20   and the officers, directors, and shareholders in MGA and its subsidiaries.  MGA

21   should be compelled to produce those documents.

22          13.     The only actual MGA "bank records" that were produced were

23   produced by Union Bank (not MGA) pursuant to subpoena.

24

25

26

27

28                             REDACTED

1    (

2    REDACTED          But because MGA has not produced its

3    Historical Detailed Trial Balance for 2000 or any of the underlying documentation,

4    let alone wire transfer receipts, the source of these funds and their use cannot be

5    determined.  MGA signed its agreement with Bryant in September 2000 and was in

6    the midst of developing Bratz.  MGA should be compelled to produce those

7    documents in response to Document Requests Nos. 8, 14, 45-47.

8         14.    Mattel has also been able to learn from random information

9    contained in various documents produced to date that MGA banks with at least a

10   dozen financial institutions and appears to conduct Bratz business with them.

11

12

13

14

15                         REDACTED

16

17

18

19

20

21

22

23                       REDACTED

24

25

26

27

28

1 ;

2 REDACTED , Nevertheless,

3 MGA has produced none of the bank records pertaining to any of the banks listed on

4 the index.  Nor has it produced records reflecting US Bancorp's valuation of MGA

5 or the documentation that MGA submitted to US Bancorp for its use in arriving at

6 its evaluation.

7       15.    Thus, MGA should be compelled to produce the actual bank

8 records for the banks identified in Exhibit 22, as well as verifiable financial

9 information and the valuation information or presentations that MGA provided such

10 financial institutions as US Bancorp in response to Document Request Nos. 8, 14,

11 29-30, 40-41, and 45-47.

12       16.    MGA has produced audited consolidated financial statements,

13 unaudited statements of operations and miscellaneous unaudited profit and loss

14 statements.  But it has not produced comprehensive and verifiable unaudited

15 "profit & loss" statements for the crucial years of 1999 through 2001 and has only

16 produced summaries for 2002-2004.

17 :

18

19

20

21 REDACTED

22

23

24

25       And the "vast amounts of historical financial

26 information" on which MGA also relies consists in large part of duplicates or

27 grossly insufficient documents.  Again, most appear on paper without letterhead and

28 contain a note in the footer that reads "autodated" "autotimed" and "autofiled,"

1 | rendering it impossible to determine who created the document, when it was created,
2 | whether it was created in the regular course of business or for purposes of this
3 | litigation, and where the document exists in MGA's files.  Most of the financial
4 | information is contained in spreadsheets produced in disjointed segments that Mattel
5 | has been forced to assemble.  Accordingly, MGA should be compelled to produce
6 | its financial spreadsheets in their native format and the underlying source data and
7 | reports, particularly detailed general ledgers for the years 1999 and 2000.

8 |        17.

9

10

11

12

13

14

15

REDACTED

16

17

18

19

20

21 |        18.   MGA has not produced any of the information sought on
22 | corporate formation, governance, shareholder interests and distributions, or the
23 | rights and interests that its subsidiaries have in Bratz, including the wholly separate
24 | financial records and accounts that other documents and deposition testimony show
25 | they maintain.  Nor has it produced documents sufficient to determine MGA's
26 | subsidiaries' rights and ownership interests in Bratz and their Bratz development,
27 | licensing, and sales activities—which other documents and deposition testimony

28

-10-

GRANT DECLARATION ISO MOTION TO COMPEL RE FIFTH SET OF REQUESTS FOR PRODUCTION

1  deposition show exist.  Such information was specifically sought by Document
2  Request Nos. 1-3, 6, 8-11, 19-27, and 29-47 and should be compelled.

3          19.    Without the documents sought by the Document Request at
4  issue, Mattel's ability to prosecute its Phase 1 claims will be severely prejudiced.

6         I declare under penalty of perjury under the laws of the United States
7  that the foregoing is true and correct.

8         Executed this 10th day of April, 2008, at Los Angeles, California.

10
11  Melissa Grant

GRANT DECLARATION ISO MOTION TO COMPEL RE FIFTH SET OF REQUESTS FOR PRODUCTION

07209/2467513.1

# EXHIBIT 1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES | |

11-27

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017. MGA shall be obligated to supplement responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

## I.   DEFINITIONS

A.   "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc. and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest. Without limiting the foregoing, MGA Entertainment, Inc. includes ABC International Traders and ABC International Traders, Inc.

B.   "LARIAN" means Isaac Larian, any FAMILY MEMBER of Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any FAMILY MEMBER of Isaac Larian is a beneficiary including, without limitation, the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust.

B.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical

1   copies of such DOCUMENTS, in the possession, custody, or control of YOU,

2   YOUR counsel, or any other PERSON acting on YOUR behalf.

3         C.    "AFFILIATES" means any and all corporations, proprietorships,

4   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

5   indirectly, in whole or in part, own or control, are under common ownership or

6   control with, or are owned or controlled by a PERSON, party or entity, including

7   without limitation each parent, subsidiary and joint venture of such PERSON, party

8   or entity.

9         D.    "IDENTIFY" or "IDENTITY" means the following:

10        (a)    With reference to an individual, means such individual's name,

11  current or last known business title, current or last known business affiliation,

12  current or last known relationship to YOU, current or last known residential and

13  business address, and current or last known telephone number.

14        (b)    With reference to an account with a bank or financial institution,

15  means the name and address of the bank or financial institution, the account

16  number(s) for or otherwise associated with such account and the name of each

17  holder, including without limitation each beneficial holder, of each such account.

18        E.    "FAMILY MEMBER" means any PERSON who at any time is,

19  was or has been a parent, spouse, child or sibling of another PERSON.

20        F.    "RELATING," "RELATING TO," "REFERRING OR

21  RELATING TO," or "REFER OR RELATE TO" means any and all of the following

22  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

23  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

24  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

25  describe.

26        G.    "PERSON," in the plural as well as the singular, means any

27  natural person, association, partnership, corporation, joint venture, government

28

-3-

1  entity, organization, trust, institution, proprietorship, or any other entity recognized
2  as having an existence under the laws in the United States or any other nation.

3       H.     The singular form of a noun or pronoun includes within its
4  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
5  the masculine form of a pronoun also includes within its meaning the feminine form
6  of the pronoun so used, and vice versa; the use of any tense of any verb includes
7  also within its meaning all other tenses of the verb so used, whenever such
8  construction results in a broader request for information; and "and" includes "or"
9  and vice versa, whenever such construction results in a broader disclosure of
10  documents or information.

11

12  **II.    INSTRUCTIONS**

13       A.     YOU are to produce all requested DOCUMENTS in YOUR
14  possession, custody or control.

15       B.     If YOU contend that YOU are not required to produce certain
16  DOCUMENTS called for by these Requests on the grounds of a privilege or
17  protection that YOU are not prepared to waive, identify each such DOCUMENT
18  and provide the following information:

19            1.     the date and type of the DOCUMENT, the author(s) and all
20                   recipients;
21            2.     the privilege or protection that YOU claim permits YOU to
22                   withhold the DOCUMENT;
23            3.     the title and subject matter of the DOCUMENT;
24            4.     any additional facts on which YOU base YOUR claim of
25                   privilege or protection; and
26            5.     the identity of the current custodian of the original of the
27                   DOCUMENT.

28

1         C.     DOCUMENTS shall be produced in their original file folders, or

2  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3  taken shall be copied and appended to such DOCUMENT and the PERSON for

4  whom or department, division or office for which the DOCUMENT or the file

5  folder is maintained shall be identified.

6         D.     The DOCUMENTS should be produced in their complete and

7  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

8  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9  any reason, including alleged nonrelevance.  If emails are produced that had

10  attachments, the attachments shall be attached when produced.

11         E.     DOCUMENTS in electronic form shall be produced in that form.

12         F.     In the event that any DOCUMENT called for by these requests

13  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14         1.     the date and type of the DOCUMENT, the author(s) and all

15               recipients;

16         2.     the DOCUMENT's date, subject matter, number of pages, and

17               attachments or appendices;

18         3.     the date of destruction or discard, manner of destruction or

19               discard, and reason for destruction or discard;

20         4.     the PERSONS who were authorized to carry out such destruction

21               or discard;

22         5.     the PERSONS who have knowledge of the content, origins,

23               distribution and destruction of the DOCUMENT; and

24         6.     whether any copies of the document exist and, if so, the name of

25               the custodian of each copy.

26

27

28

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

YOUR Articles of Incorporation and any amendments thereto.

REQUEST FOR PRODUCTION NO. 2:

YOUR By-Laws and any amendments thereto.

REQUEST FOR PRODUCTION NO. 3:

YOUR Notice of Incorporation as it appeared when first published and any amendments thereto.

REQUEST FOR PRODUCTION NO. 4:

YOUR quarterly and annual profits and loss statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 5:

YOUR quarterly and annual financial statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 6:

YOUR general ledger from the date of YOUR incorporation to 1999.

REQUEST FOR PRODUCTION NO. 7:

YOUR federal and state tax returns for each year from the date of YOUR incorporation to the present.

1  REQUEST FOR PRODUCTION NO. 8:

2      DOCUMENTS sufficient to evidence any and all meetings of

3  shareholders of MGA, including the date, time and location of the meeting and the

4  IDENTITY of each PERSON in attendance.

5

6  REQUEST FOR PRODUCTION NO. 9:

7      The minutes of all meetings of shareholders of MGA.

8

9  REQUEST FOR PRODUCTION NO. 10:

10      DOCUMENTS sufficient to evidence any and all meetings of the board

11  of directors of MGA, including the date, time and location of the meeting and the

12  IDENTITY of each PERSON in attendance.

13

14  REQUEST FOR PRODUCTION NO. 11:

15      The minutes of all meetings of the board of directors of MGA.

16

17  REQUEST FOR PRODUCTION NO. 12:

18      DOCUMENTS sufficient to show any and all salary, benefits or any

19  other compensation paid to LARIAN or any business affiliated with LARIAN,

20  including to whom the payments were made, the amounts paid and the dates of

21  payment.

22

23  REQUEST FOR PRODUCTION NO. 13:

24      DOCUMENTS sufficient to show any and all payments or transfers of

25  anything of value to LARIAN or any business affiliated with LARIAN, including to

26  whom the payments or transfers were made, the amounts of the payments or the

27  value of the item transferred and the dates of the payments or transfers.

28

REQUEST FOR PRODUCTION NO. 14:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to LARIAN or any business affiliated with LARIAN.

REQUEST FOR PRODUCTION NO. 15:

DOCUMENTS sufficient to show any and all payments of dividends to LARIAN or any business affiliated with LARIAN, including to whom the dividends were paid, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 16:

DOCUMENTS sufficient to show any and all distributions to LARIAN or any business affiliated with LARIAN, including to whom the distributions were made, the amounts of the distributions and the dates the distributions were made.

REQUEST FOR PRODUCTION NO. 17:

DOCUMENTS sufficient to show any and all advances of funds to LARIAN or any business affiliated with LARIAN for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether the services were performed and, if so, when they were performed.

REQUEST FOR PRODUCTION NO. 18:

DOCUMENTS sufficient to show any and all gifts to LARIAN or any business affiliated with LARIAN, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reasons for making the gift.

1  REQUEST FOR PRODUCTION NO. 19:

2  DOCUMENTS sufficient to show any and all loans from MGA to

3  LARIAN or any business affiliated with LARIAN, including the date of the loan,

4  the amount of the loan, the interest rate, if any, whether the loan has been repaid or

5  forgiven in whole or in part and, if so, when and by whom.

6

7  REQUEST FOR PRODUCTION NO. 20:

8  DOCUMENTS sufficient to show any and all loans from LARIAN or

9  any business affiliated with LARIAN to MGA, including the date of the loan, the

10  amount of the loan, the interest rate, if any, whether the loan has been repaid or

11  forgiven in whole or in part and, if so, when and by whom.

12

13  REQUEST FOR PRODUCTION NO. 21:

14  DOCUMENTS sufficient to show any and all obligations of LARIAN

15  or any business affiliated with LARIAN guaranteed or cosigned by MGA, including

16  the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

17  identity of the creditor or lender, the nature and amount of the obligation, the date

18  the obligation was guaranteed or cosigned, whether the obligation has been satisfied

19  and, if so, when and by whom.

20

21  REQUEST FOR PRODUCTION NO. 22:

22  DOCUMENTS sufficient to show any and all obligations of MGA

23  guaranteed or cosigned by LARIAN or any business affiliated with LARIAN,

24  including the IDENTITY of the PERSON who guaranteed or cosigned the

25  obligation, the identity of the creditor or lender, the nature and amount of the

26  obligation, the date the obligation was guaranteed or cosigned, whether the

27  obligation has been satisfied and, if so, when and by whom.

28

1  REQUEST FOR PRODUCTION NO. 23:

2        DOCUMENTS sufficient to IDENTIFY each and every PERSON who

3  has owned stock in MGA at any time including, without limitation, DOCUMENTS

4  sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 24:

7        For each PERSON who has owned stock in MGA, DOCUMENTS

8  sufficient to show the number of shares of stock owned by such PERSON, the

9  percentage of shares owned as measured against the total outstanding shares, the

10  dates upon which the PERSON acquired the shares, the consideration paid or

11  promised for the shares and the dates on which such consideration was paid or

12  promised.

13

14  REQUEST FOR PRODUCTION NO. 25:

15        DOCUMENTS sufficient to show the total outstanding shares of MGA

16  stock at any time from the incorporation of MGA to the present.

17

18  REQUEST FOR PRODUCTION NO. 26:

19        All DOCUMENTS that REFER OR RELATE TO the issuance of

20  MGA stock certificates any time since the incorporation of MGA to the present,

21  including without limitation to whom they were issued and the dates of issuance.

22

23  REQUEST FOR PRODUCTION NO. 27:

24        All DOCUMENTS, including without limitation all

25  COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer,

26  alienation, pledge, hypothecation or alienation of MGA stock or any ownership

27  interest in MGA.

28

1  REQUEST FOR PRODUCTION NO. 28:

2        All DOCUMENTS, including without limitation all

3  COMMUNICATIONS, that REFER OR RELATE TO any instance in which any

4  shareholder, stockholder or other owner of any interest in MGA lost, misplaced or

5  was unable to locate original MGA stock certificates or in which any shareholder,

6  stockholder or other owner of any interest in MGA requested that any PERSON

·7  attest to or assert such loss, misplacement or inability to locate, including without

8  limitation the emails between Isaac Larian and Jahangir Makabi requesting that

9  Makabi sign an affidavit that he lost his original stock certificates despite Makabi's

10  protestation that he never had any such certificates.

11

12  REQUEST FOR PRODUCTION NO. 29:

13        All DOCUMENTS that REFER OR RELATE TO how MGA was

14  capitalized upon its incorporation including, without limitation, the IDENTITY of

15  each PERSON who purchased or subscribed to stock in MGA, the number of shares

16  purchased or subscribed by each such PERSON, the amount paid or promised for

17  the shares purchased or subscribed by each such PERSON and the dates such

18  amounts were paid or promised.

19

20  REQUEST FOR PRODUCTION NO. 30:

21        DOCUMENTS sufficient to show how MGA has been capitalized from

22  the date of its incorporation to the present.

23

24  REQUEST FOR PRODUCTION NO. 31:

25        DOCUMENTS sufficient to show any and all payments of dividends to

26  any shareholder of MGA, including to whom the dividends were paid, the amounts

27  paid and the dates of payment.

28

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to show any and all distributions to any shareholders of MGA, including to whom the distributions were made, the amounts of the distributions and the dates the distributions were made.

REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to IDENTIFY each PERSON who has served as an officer or director of MGA including, without limitation, the offices or positions held by each such PERSON and the dates such offices or positions were held.

REQUEST FOR PRODUCTION NO. 34:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

REQUEST FOR PRODUCTION NO. 40:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any officer, director or shareholder of MGA.

REQUEST FOR PRODUCTION NO. 41:

Statements for accounts maintained by YOU at any bank or other financial institution sufficient to show any and all payments to any FAMILY MEMBER of any officer, director or shareholder of MGA.

1 | REQUEST FOR PRODUCTION NO. 42:

2 |     DOCUMENTS sufficient to show any and all advances of funds to any

3 | officer, director or shareholder of MGA for services to be performed at a later date,

4 | including the amount of the advance, the date of the advance, the services to be

5 | performed, whether they were performed and when they were performed.

6 |

7 | REQUEST FOR PRODUCTION NO. 43:

8 |     DOCUMENTS sufficient to show any and all gifts to any officer,

9 | director or shareholder of MGA, including to whom the gift was made, when the gift

10 | was made, the nature, amount and value of the gift and the reason for making the

11 | gift.

12 |

13 | REQUEST FOR PRODUCTION NO. 44:

14 |     DOCUMENTS sufficient to show any and all gifts to any FAMILY

15 | MEMBER of any officer, director or shareholder of MGA, including to whom the

16 | gift was made, when the gift was made, the nature, amount and value of the gift and

17 | the reason for making the gift.

18 |

19 | REQUEST FOR PRODUCTION NO. 45:

20 |     DOCUMENTS sufficient to show any and all obligations of any

21 | officer, director or shareholder of MGA guaranteed or cosigned by MGA, including

22 | the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

23 | identity of the creditor or lender, the nature and amount of the obligation, the date

24 | the obligation was guaranteed or cosigned, whether the obligation has been satisfied

25 | and, if so, by whom.

26 |

27 |

28 |

1  REQUEST FOR PRODUCTION NO. 46:

2          DOCUMENTS sufficient to show any and all obligations of MGA

3  guaranteed or cosigned by any officer, director, shareholder or employee of MGA,

4  including the IDENTITY of the PERSON who guaranteed or cosigned the

5  obligation, the identity of the creditor or lender, the nature and amount of the

6  obligation, the date the obligation was guaranteed or cosigned, whether the

7  obligation has been satisfied and, if so, by whom.

8

9  REQUEST FOR PRODUCTION NO. 47:

10          For each account maintained in the name of MGA at any bank or other

11  financial institution, a copy of each and every monthly statement from the date of

12  YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

13  each PERSON authorized to sign checks on or access the account.

14

15  DATED:  November 27, 2007

16                              QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP

17

18                              By
                                     Scott B. Kidman
19                                   Attorneys for Mattel, Inc.

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5   **MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6

7      Thomas Nolan, Esq.
       **SKADDEN ARPS SLATE MEAGHER**
       **& FLOM, LLP**

8      300 South Grand Avenue, Suite 3400
       Los Angeles, CA 90071

9

10

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)

11   being served.

12      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14      Executed on November 27, 2007, at Los Angeles, California.

15

16                                        NOW LEGAL – Dave Quintana

17

18

19

20

21

22

23

24

25

26

27

28

07209/2305585.1                              -1-

**PROOF OF SERVICE**

1

2     I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4 On November 27, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5 **MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6     Mark E. Overland, Esq.           Michael H. Page, Esq.
    David C. Scheper, Esq.           **KEKER & VAN NEST, LLP**

7     Alexander H. Cote              710 Sansome Street
    **OVERLAND BORENSTEIN**      San Francisco, CA 94111

8     **SCHEPER & KIM LLP**
    300 South Grand Avenue, Suite 2750

9     Los Angeles, CA 90071-3144

10 **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with

11 postage thereon fully prepaid.

12     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

    Executed on November 27, 2007, at Los Angeles, California.

14

15

16                           Charlene Ho

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 3

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 4

THIS

PAGE

LEFT

INTENTIONALLY

BLANK

REDACTED

PURSUANT TO

PROTECTIVE ORDER

# EXHIBIT 5

THIS

PAGE

LEFT

INTENTIONALLY

BLANK

REDACTED

PURSUANT TO

PROTECTIVE ORDER

# EXHIBIT 6

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 7

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 8

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 9

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 10

THIS

PAGE

LEFT

INTENTIONALLY

BLANK

REDACTED

PURSUANT TO

PROTECTIVE ORDER

# EXHIBIT 11

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 12

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 13

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 14

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 15

THIS

PAGE

LEFT

INTENTIONALLY

BLANK

REDACTED

PURSUANT TO

PROTECTIVE ORDER

# EXHIBIT 16

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 17

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 18

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 19

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 20

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 21

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 22

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 23

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 24

THIS

PAGE

LEFT

INTENTIONALLY

BLANK

REDACTED

PURSUANT TO

PROTECTIVE ORDER

# EXHIBIT 25

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 26

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 27

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 28

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER

# EXHIBIT 29

# THIS

# PAGE

# LEFT

# INTENTIONALLY

# BLANK

# REDACTED

# PURSUANT TO

# PROTECTIVE ORDER