QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>DECLARATION OF CHRISTOPHER E. PRICE IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MOTION OBJECTING TO DISCOVERY MASTER'S MARCH 17, 2008 ORDER RE MOTION TO COMPEL<br><br>Hearing Date: April 28, 2008<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 1<br><br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

DECLARATION OF CHRISTOPHER E. PRICE

I, Christopher E. Price, declare as follows:

1. I am a member of the bar of the State of California and am Of Counsel with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. Attached as Exhibit A is a true and correct copy of the Court's August 27, 2007 Order Denying Motion for Terminating Sanctions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2008, at Los Angeles, California.

_____
Christopher E. Price

# Exhibit A

RightFax          8/30/2007 2:34     PAGE 002/006     Fax Server

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Priority ✓   Send ✓
Entered ✓   Closed
JS-5/JS-6 ___   JS-2/JS-3 ___
Scan Only ___   Docketed on CM ✓
___ THIS CONSTITUTES NOTICE OF
ENTRY AS REQUIRED BY FRCP 77(d)

8/29/07

EASTERN DIVISION
BY ___ DEPUTY

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL (RNBx)                                  Date: August 27, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
===========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Gina L. Guzman                              Theresa Lanza
           Courtroom Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR CARTER           ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker, Esq.                    John B. Quinn, Esq.
(morning session only)                 Michael T. Zeller, Esq.
                                       Jon D. Corey, Esq.

ATTORNEYS PRESENT FOR MGA:

Patricia Glaser, Esq.
Diana M. Torres, Esq.

PROCEEDINGS:    ORDER DENYING MOTION FOR TERMINATING SANCTIONS;
                ORDER DENYING REQUEST FOR INTERLOCUTORY
                APPEAL; ORDER REQUIRING FILING OF AFFIDAVITS RE
                EVIDENCE PRESERVATION

   This matter is before the Court on MGA's and Carter Bryant's Motion for Terminating
Sanctions, filed on July 24, 2007 (docket #689). This matter was heard on August 27, 2007, at
which time it was taken under submission. The Court has considered the moving, opposition, and
reply briefs, as well as the many declarations and other evidence presented by the parties. The

MINUTES FORM 90                                          Initials of Deputy Clerk __glg__
CIVIL -- GEN                                             Time: 02/52
                                   1                     Docket No. 895

Court has also considered the arguments presented at the August 27 hearing and the sworn testimony given by Michael C. Moore, in-house counsel for Mattel. Although at the hearing the Court indicated it would defer ruling on the present motion pending further filings by all parties regarding their efforts to preserve evidence, upon further reflection the Court sees no reason to delay ruling on the current motion.[1] As set forth below, the Court **DENIES** the motion.

Based on their inherent power to sanction for "abusive litigation practices," district courts may impose sanctions against a party who destroys evidence, including the ultimate sanction of dismissal. Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). Dismissal is a harsh sanction, which may nonetheless be imposed upon those parties who have "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995). However, before imposing the ultimate sanction of dismissal, district courts should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. Nevertheless, district courts need not make explicit findings regarding each of these factors and, in any event, "a finding of willfulness, fault, or bad faith is required for dismissal to be proper." Leon, 464 F.3d 951, 958 (9th Cir. 2006) (internal quotation marks and citation omitted).

"A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" Id. at 959 (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002) (finding no willful spoliation where documents were destroyed in the routine course of business)). Neither Leon nor Kitsap elaborate on when a party has the "notice" necessary to trigger the duty to preserve evidence. However, in In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1068 (N.D. Cal. 2006), the district court presented a persuasive discussion of the standard, first rejecting an argument that the duty to preserve evidence arises only when litigation is "imminent," and then setting forth a lesser standard. Specifically, the Napster court noted that the duty arose "when a party should have known that the evidence may be relevant to future litigation," and that any such "future litigation" must be "probable," and not merely "possibl[e]." (internal quotation marks and citation omitted).

Keeping in mind these standards, the Court turns to the categories of evidence MGA and Bryant allege that Mattel has despoiled. As articulated by the Court at the hearing on this matter, those categories are (1) Mattel employees' emails, (2) documents maintained on the Zeus document storage system, (3) the delay in producing certain Rule 30(b)(6) witnesses, (4) Carter

---

[1] By the same token, upon further reflection, the Court sees no reason to delay ruling on MGA's request for interlocutory appeal of the present order. See 28 U.S.C. § 1292(b) (stating that certifications for interlocutory appeal should be set forth in the order to be appealed). The Court's ruling on that matter appears infra.

MINUTES FORM 90                                              Initials of Deputy Clerk __glg__
CIVIL -- GEN                                                 Time: 02/52
                                       2                     Docket No. 895

Bryant's missing phone records, and (5) Carter Bryant's missing time records.

In considering the arguments of the parties regarding when Mattel's duty to begin to preserve evidence arose, the Court determines that November 24, 2003, marks the date when litigation between Mattel and Bryant became more than merely speculative and in fact became probable. On this date, in-house counsel for Mattel received in discovery in an unrelated action a copy of a contract between MGA and Bryant that pre-dated Bryant's resignation from Mattel. This contract appeared to Mattel to violate certain employment agreements executed by Bryant and Mattel, thus giving rise to one of the current consolidated actions. Although prior to this date an internal investigation may have raised a suspicion on Mattel's part that litigation might arise, there was no evidence presented to the Court that Mattel should have known it had a viable claim against Bryant before November 2003. Cf. Fed. R. Civ. P. 11(b)(3) ("By presenting to the court . . . a pleading . . . , an attorney
. . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .").

The Court heard testimony from Michael C. Moore, in-house counsel for Mattel, regarding the efforts to preserve email communications and other evidence. Counsel for MGA and Bryant cross-examined Mr. Moore at the hearing on this matter. The Court credits his testimony. The efforts Mr. Moore described regarding the preservation of emails is reasonable, and certainly does not amount to spoliation. Moore described communications with specific individuals identified by Mattel as those most likely to have information relevant to the litigation and efforts made to preserve any evidence those individuals had in their custody or control. Emails not otherwise archived from the relevant time period – mostly September and October, 2000 – had already been deleted from Mattel's email servers in accordance with its email retention policies. Mattel cannot be faulted for deleting these emails in the regular course of business before it had notice of its claims against Bryant.

In April, 2005, the current litigation took a dramatic turn, when MGA filed suit against Mattel. At that time, all Mattel employees were instructed to maintain any evidence potentially relevant to the litigation. When that suit was filed, Mattel took action to preserve all of its emails, capturing emails that date back to December, 2004. They retain these backup tapes to this day. MGA and Bryant make much of Mattel's failure to suspend its 90-day auto-delete policy regarding emails, but fail to address two key points: First, Mattel altered only the storage mechanism for its emails, it did not actually delete any emails; and second, Mattel, a number of years ago, informed MGA that it was not planning on suspending its 90-day auto-delete policy, and MGA did not at that time object.

As for the Zeus tapes, there is simply no evidence of spoliation. First and foremost, as the system has been described to the Court, the system is a cumulative file system that continues to accumulate. The system is still in operation, does not have an auto-delete function, and

MINUTES FORM 90
CIVIL -- GEN

Initials of Deputy Clerk __glg__
Time: 02/52

3

Docket No. 895

RightFAX                    8/30/2007 2:34    PAGE 005/006      Fax Server

information dating back to all relevant time period in this case may be accessed from it. Additionally, Mattel's in-house counsel testified as to the existence of several backup tapes that it can make available to MGA and Bryant. Finally, outside of pure speculation, there is no evidence that anyone has deleted anything from the Zeus system. Although production issues may still remain with respect to these data, preservation of this data, in the Court's view, is simply not an issue based on the record before the Court.

The delay in producing certain Rule 30(b)(6) witnesses is not a proper basis for terminating sanctions in this case. No motions to compel were brought to compel these witnesses's depositions at earlier times, and MGA and Bryant's accusations that the delay in producing them for deposition is part of a cover-up of the destruction of evidence is mere unfounded speculation. Moreover, the Court is mindful that MGA has been found by the discovery master to be guilty of the very same unexcused delay of which it accuses Mattel. See August 14, 2007, J. Infante Order, at 8 and 9 (attached to the Supplemental Proctor Decl. as Ex. 1).

Although Mattel is at a loss to explain the missing phone records from the critical month of October, 2000, there is no evidence that the records were destroyed. Moreover, other evidence presented by Mattel, especially phone records produced by Bryant that show he was in contact with MGA during that time period, suggest that the missing records would not assist Bryant.

The "missing" time records were either never created or were deleted. There is no evidence that the latter occurred. In fact, the only evidence on this point, from Mattel's Rule 30(b)(6) witness, is that although deletion of time records is possible, he was unaware of any instances of that occurring. Artavia Depo. 116, 170-71.

In sum, MGA and Bryant have failed to present any evidence regarding the "willfulness, fault, or bad faith" required to justify the imposition of terminating sanctions. Leon, 464 F.3d at 958. Many of MGA and Bryant's allegations, especially those raised in connection with Mattel's failure to suspend its auto-delete policy (portrayed as a wholesale failure to preserve emails less than 90-days old) and the availability of data from the Zeus system, are nothing more than rhetoric laced with hyperbole. Other allegations, such as Mattel's motive for delaying certain Rule 30(b)(6) depositions, and the destruction of Bryant's October, 2000, phone records and time records, are nothing more than sheer speculation, unsupported by evidence. Although counsel impressed upon the Court MGA's conviction of the righteousness of its cause, such overzealous conviction as witnessed by the Court at the hearing is no substitute for proof.

Accordingly, the Court **DENIES** MGA's and Bryant's Motion for Terminating Sanctions.

At the hearing, counsel for MGA and Bryant requested the Court certify the present order for interlocutory appeal. That request is **DENIED**. Permissive interlocutory appeals are governed by 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise

| MINUTES FORM 90<br>CIVIL -- GEN | | Initials of Deputy Clerk ___glg___<br>Time: 02/52 |
|---|---|---|
| | 4 | Docket No. 895 |

RightFAX                      8/30/2007 2:34      PAGE 006/006      Fax Server

appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. Here, there is no "controlling question of law" in controversy. The law is quite settled. Accordingly, certification for interlocutory appeal of the present order is unwarranted.

As stated at the hearing, the Court **ORDERS** all parties to set forth, in affidavit form, their preservation efforts and policies with respect to the present litigation on or before September 10, 2007.

**IT IS SO ORDERED.**

MINUTES FORM 90                                                  Initials of Deputy Clerk __gjg__
CIVIL -- GEN                                                     Time: 02/52
                                    5                            Docket No. 895

```
RightFAX                    8/30/2007 2:34    PAGE 001/006        Fax Server
```

**From:**  Name:      United States District Court
                      312 North Spring Street
                      Los Angeles, CA 90012
           Voice Phone: (213) 894-5474

**To:**    Name:      Michael Zeller
           Company:
                      865 S Figueroa St, 10th Fl,
           City/State: Los Angeles, CA 90017-2543
           Fax Number: 213-624-0643

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**



## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**Fax Notes:**

Case 2:04-CV-09049 : CARTER BRYANT V. MATTEL INC

Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:

Western Division: CrimIntakeCourtDocs-LA@cacd.uscourts.gov
Southern Division: CrimIntakeCourtDocs-SA@cacd.uscouts.gov
Eastern Division: CrimIntakeCourtDocs-RS@cacd.uscourts.gov

For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.

Switch to e-mail delivery and get these documents sooner!
To switch, complete and submit
Optical Scanning Enrollment / Update form G-76.
Call 213-894-5474 for help and free technical support.

If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.

Date and time of transmission:      Thursday, August 30, 2007 2:34:04 PM
Number of pages including this cover sheet: 06

8/29