1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,                 Consolidated with
                                           Case No. CV 04-09059 and
13         vs.                             Case No. CV 05-02727

14  MATTEL, INC., a Delaware corporation,  Hon. Stephen G. Larson

15              Defendant.                 [PUBLIC REDACTED] MATTEL,
                                           INC.'S NOTICE OF MOTION AND
16                                         MOTION IN LIMINE NO. 9 TO
                                           EXCLUDE ARGUMENT, EVIDENCE,
17  AND CONSOLIDATED ACTIONS               OR EXPERT TESTIMONY
                                           REGARDING BARBIE AND OTHER
18                                         MATTEL DOLLS

19                                         MEMORANDUM OF POINTS AND
                                           AUTHORITIES
20
                                           [Declarations of Jon D. Corey and B.
21                                         Dylan Proctor and Notice of Lodging
                                           filed concurrently]
22
                                           Date:      May 21, 2008
23                                         Time:      1:00 p.m.
                                           Place:     Courtroom 1
24
                                           **Phase 1**
25                                         Pre-Trial Conference:   May 5, 2008
                                           Trial Date:             May 27, 2008
26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on May 21, 2008, at 1:00 p.m. or as soon

3  thereafter as this matter may be heard, in the Courtroom of the Honorable Steven G.

4  Larson, located at Courtroom 1 of the above-entitled Court, 3470 Twelfth Street,

5  Riverside CA 92501, plaintiff and counterclaimant Mattel, Inc. ("Mattel") will, and

6  hereby does, move the Court in limine for an order precluding MGA

7  Entertainment, Inc., MGA Entertainment (HK) LTD., Isaac Larian and Carter Bryant

8  from asserting or relying on argument, evidence or expert testimony regarding

9  BARBIE and other Mattel dolls.

10          This Motion is made pursuant to <u>Federal Rules of Evidence</u> 401, 402,

11  403 and 702 on the grounds that such evidence and argument is irrelevant, that any

12  minimal probative value of any such evidence is substantially outweighed by its

13  undue prejudice to Mattel and the risk of confusion to the jury, and that the

14  anticipated testimony is not "scientific, technical, or other specialized knowledge,"

15  invades the unique province of the jury, lacks foundation and is without a satisfactory

16  basis, and contains legal conclusions.

17          This Motion is based on this Notice of Motion and Motion, the

18  accompanying Memorandum of Points and Authorities, the Declarations of Jon D.

19  Corey and B. Dylan Proctor and Notice of Lodging filed concurrently herewith, the

20  records and files of this Court, and all other matters of which the Court may take

21  judicial notice.

22

23

24

25

26

27

28

07209/2469302.3

MATTEL'S MOTION IN LIMINE NO. 9

1

<u>Statement of Local Rule 7-3 Compliance</u>

2

Before filing this motion, counsel met and conferred regarding the

3

subject matter of the motion on March 25, 2008, and thereafter.

4

5

DATED:  April 14, 2008

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

6

7

By _____

8

John B. Quinn
Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2469302.3

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.............................................. 1

PRELIMINARY STATEMENT ................................................................................. 1

LEGAL STANDARDS APPLICABLE TO THIS MOTION ..................................... 2

ARGUMENT...............................................................................................................4

I.     THE TRIAL HAS NOTHING TO DO WITH WHETHER BARBIE IS
       A CULTURAL ICON .......................................................................................4

       A.     The Success of BARBIE and Her Appearance Is Irrelevant to
              Issue of Who Owns Bratz ....................................................................... 4

       B.     The Court Should Exclude All Expert Testimony Regarding
              BARBIE's Race As Irrelevant and Unduly Prejudicial ........................... 6

       C.     The Court Should Exclude All Discussion and Argument
              Regarding BARBIE's Race At Trial By Any Witness............................... 9

       D.     The Court Should Exclude Bergstein's Undisclosed Opinions
              Regarding BARBIE ............................................................................... 9

II.    TONNER AND BERGSTEIN'S OPINIONS REGARDING MATTEL'S
       HISTORY, THE SUCCESS OF BARBIE, AND OTHER DOLLS
       CREATED BY MATTEL, ARE IRRELEVANT ........................................... 10

CONCLUSION.......................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

## Cases

Andrews v. Metro N. Commuter R.R. Co.,
    882 F.2d 705 (2d Cir. 1989) ..................................................................................... 3

City of Grass Valley v. Newmont Mining Corp., Slip Copy,
    2008 WL. 544388 (E.D.Cal.) (2d Cir. 1989) ........................................................... 3

DSU Medical Corp. v. JMS Co., Ltd.,
    296 F. Supp. 2d 1140 (N.D.Cal. 2003)..................................................................... 3

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
    509 U.S. 579 (1993) ............................................................................................ 2, 12

Edmonds v. Illinois Central Gulf Railroad Co.,
    910 F.2d 1284 (5th Cir. 1990) .................................................................................. 2

Gomez v. Ryan, Slip Copy,
    2007 WL. 2109168 (E.D.Cal.) .................................................................................. 3

Kumo Tire v. Carmichael,
    526 U.S. 137 (1999) .............................................................................................. 2, 3

McGlinchy v. Shell Chemical Co.,
    845 F.2d 802 (9th Cir. 1988) .................................................................................... 2

In re Rezulin Prods. Liab. Litig.,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004) ...................................................................... 3

Ruvalcaba v. City of Los Angeles,
    64 F.3d 1323 (9th Cir. 1995) .................................................................................... 3

Salem v. U.S. Lines Co.,
    370 U.S. 31 (1962) .................................................................................................... 4

United States v. Hicks,
    103 F.3d 837 (9th Cir. 1996) .................................................................................... 3

## Statutes

Fed. R. Civ. Pro. 26(a)(2)(B)............................................................................................ 9, 10

Fed. R. Civ. Pro. 37(c)(1) .................................................................................................... 10

Fed. R. Evid. 403 .................................................................................................................... 8

Fed. R. Evid. 702 ............................................................................................................... 2, 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Through their expert Mary Bergstein, MGA and Bryant intend to present the jury with the inflammatory view that Mattel's BARBIE represents white dominated and dated cultural institutions, and that MGA's Bratz represents a more enlightened, melting pot America.  Bergstein also intends to play on feminist sympathies by painting BARBIE as an antiquated, docile, sexist, traditional "Miss America" representation of women, as compared with the edgy, defiant Bratz.  Bergstein's views are irrelevant to the issue in Phase 1: who owns Bratz.

What BARBIE is or is not, or how she is perceived by scholars, is irrelevant.  Whether Bergstein or other academics and writers consider her "████" or sexist or racist has nothing to do with whether Carter Bryant designed Bratz while employed by Mattel, whether Bratz is owned by Mattel and whether MGA acted improperly.  Her opinions are unduly prejudicial because they inject into the trial controversial issues about race, gender and culture.  Bergstein contends that she is merely contrasting BARBIE with what she calls "████████" Bratz, but in so doing defendants are likely to inflame passion and prejudice.  Besides, the federal courthouse is not a forum for deciding whether there is any sociological advantage to have children play with a "██████," "██████" or bratty doll, as MGA contends.

Likewise, Bergstein should be prevented from testifying about the comparative success of Bratz and BARBIE - and the reasons therefor - because that too is irrelevant, and it also lacks factual support.

Another MGA expert, Robert Tonner has opinions about the "████████████," suggesting that Mattel has been able to crush its competitors, winning competitive "██████," until Bratz came along and conquered Mattel.  BARBIE'S popularity in the marketplace is irrelevant, and Tonner's views are offered to garner sympathy for Bratz, in its competition with BARBIE.  To respond to such testimony, Mattel would need to explain in detail its business activities and the roaring success

1  of BARBIE over the past half-century.  Each day, millions of children throughout the

2  world play happily with BARBIE dolls.  This would not only be irrelevant to the key

3  issues in the case, it would waste an enormous amount of time and could only serve

4  to confuse the jury.  Accordingly, such testimony should be excluded.

5  <u>Legal Standards Applicable To This Motion</u>

6  Expert testimony is admissible only if (1) the purported expert has

7  "scientific, technical, or other specialized knowledge;" (2) the testimony is based

8  upon sufficient facts or data; (3) the testimony is the product of reliable principles and

9  methods; and (4) the witness has applied the principles and methods reliably to the

10  facts of the case.  <u>See</u> <u>Fed. R. Evid.</u> 702; <u>see</u> <u>also</u> <u>Kumo Tire v. Carmichael</u>, 526 U.S.

11  137, 141 (1999); <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589-

12  92 (1993).

13  <u>Federal Rule of Evidence</u> 702 requires that an expert have "knowledge,

14  skill, experience, training or education" pertaining to the issues that go beyond

15  "subjective belief or unsupported speculation."  <u>Daubert</u>, 509 U.S. at 588-590.

16  "Without more than credentials and a subjective opinion, an expert's testimony that 'it

17  is so' is not admissible."  <u>Edmonds v. Illinois Central Gulf Railroad Co.</u>, 910

18  F.2d 1284, 1287 (5th Cir. 1990).  "[I]f an opinion is fundamentally unsupported, then

19  it offers no expert assistance to the jury."  <u>Id.</u> at 1287.  Courts in the Ninth Circuit do

20  not hesitate to exclude expert testimony that lacks proper foundation or is based on

21  speculation.  <u>See</u>, <u>e.g.</u>, <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 807 (9th Cir.

22  1988).

23  To be reliable and thus admissible, an expert's opinion must provide

24  more than "subjective belief or unsupported speculation."  Rather, the opinions must

25  rest upon "good grounds, based on what is known."  <u>Daubert</u>, 509 U.S. at 588-90.

26  "[T]rial judges are responsible for determining whether the knowledge of the expert,

27  whether scientific, technical, or specialized, is based upon the application of reliable

28

07209/2469302.3

MATTEL'S MOTION IN LIMINE NO. 9

1    theories or techniques." <u>DSU Medical Corp. v. JMS Co., Ltd.</u>, 296 F.Supp.2d 1140,

2    1146 (N.D.Cal. 2003).

3              The Court has broad discretion in determining whether to admit or

4    exclude evidence.  <u>Ruvalcaba v. City of Los Angeles</u>, 64 F.3d 1323, 1328 (9th Cir.

5    1995).  The trial courts act as gatekeepers to exclude expert testimony that is

6    irrelevant or does not result from the application of reliable methods to the facts of a

7    case.  <u>Kumho Tire Co.</u>, 526 U.S. at 147.  Expert testimony must rest on a reliable

8    foundation and must be relevant to the task at hand.  <u>Id.</u>, at 138.

9              The proponent of the testimony must establish admissibility by a

10   preponderance of the evidence."  <u>DSU Medical Corp.</u>, 296 F.Supp.2d at 1146.  Even

11   if a party is able to satisfy the thresholds of reliability and relevancy under Rule 702,

12   the district court may still "exercise its discretion to exclude expert testimony if it

13   finds that the testimony would waste time, confuse or not materially assist the trier of

14   fact."  <u>United States v. Hicks</u>, 103 F.3d 837, 847 (9th Cir. 1996).  For example, a

15   court should not allow an expert to provide factual narratives that are unnecessary to

16   support his or her opinions, or testify about matters that the jury is capable of

17   understanding without the assistance of expert opinion.  <u>See</u>, <u>e.g.</u>, <u>In re Rezulin</u>

18   <u>Prods. Liab. Litig.</u>, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (noting that examples

19   of "expert" testimony that courts have excluded under Rule 702 include "factual

20   narratives"); <u>City of Grass Valley v. Newmont Mining Corp.</u>, Slip Copy, 2008 WL

21   544388, *1 (E.D.Cal.) ("For an expert's testimony to be admissible under Rule 702, it

22   must be directed to matters within the witness' scientific, technical, or specialized

23   knowledge and not to lay matters which a jury is capable of understanding and

24   deciding without the expert's help.") (internal punctuation and citations omitted)

25   (quoting <u>Andrews v. Metro N. Commuter R.R. Co.</u>, 882 F.2d 705, 708 (2d Cir.

26   1989); <u>see</u> <u>also</u> <u>Gomez v. Ryan</u>, Slip Copy, 2007 WL 2109168, *10 (E.D.Cal.)

27   ("expert testimony not only is unnecessary but indeed may properly be excluded in

28   the discretion of the trial judge 'if all the primary facts can be accurately and

Case 2:04-cv-09049-DOC-RNB   Document 3083   Filed 04/14/08   Page 9 of 18   Page ID
#:51979

1 intelligibly described to the jury, and if they, as men of common understanding, are

2 as capable of comprehending the primary facts and of drawing correct conclusions

3 from them as are witnesses possessed of special or peculiar training, experience, or

4 observation in respect of the subject under investigation.'") (quoting Salem v. U.S.

5 Lines Co., 370 U.S. 31, 35 (1962)).

6 <div align="center">**Argument**</div>

7 I.    **THE TRIAL HAS NOTHING TO DO WITH WHETHER BARBIE IS A**

8      **CULTURAL ICON**

9      A.    **The Success of BARBIE and Her Appearance Is Irrelevant to Issue**

10          **of Who Owns Bratz**

11          This trial does not present the question, "How is Bratz different from

12 BARBIE?"  Nor will the jury be asked to determine why BARBIE has been so

13 successful or the cultural significance of BARBIE.  How academics – including a

14 professor who last purchased a BARBIE doll 16 years ago – perceive BARBIE is not

15 at issue.  Rather, the central issue in Phase 1 is whether Bryant designed Bratz while

16 employed by Mattel, whether Bratz belongs to Mattel and whether MGA infringes

17 Mattel's property.  Testimony comparing Bratz to BARBIE,[1] or discussing what

18 BARBIE represents to art critics and scholars – including such descriptions of

---

19    [1]    Counsel for MGA represented at Bergstein's deposition that Bergstein does not

20 intend to express opinions regarding BARBIE, "▮▮▮▮," (whatever that means) but
would "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22 ▮▮▮▮▮▮▮▮▮"  (Deposition of Mary Bergstein,

23 dated April 7, 2008 ("Bergstein Depo."), at 103:18-104:25, attached as Exhibit 10 to
the Declaration of Jon D. Corey, dated April 14, 2008 ("Corey Dec.") (Lauren E.

24 Aguiar, Esq., counsel for MGA and Isaac Larian.)  However, even if Bergstein

25 limited her commentary regarding BARBIE to this description – which she did not –
it would still be inappropriate, unnecessary, and unhelpful to the jury.  Even assuming

26 that it is appropriate at all, discussion of popular culture does not require any

27 (footnote continued)

28

                                              MATTEL'S MOTION IN LIMINE NO. 9

BARBIE as a "█████████████████████████," sexy "███████████," icon of the "█████████████" – is completely irrelevant.[2]

Defendants intend to tell the jury that the world has embraced Bratz as an alternative to the "███████████" image of women.  Bergstein speculates – without evidence – that Bratz was always intended to "███████████████████████████ ███████████"[3]  For example, Bergstein has opined that:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- ████████████████████████████████████████████████████████████

Bergstein compares BARBIE to a statue from 28,000 B.C., the "████████" of Willendorf, which she characterized as a "███████████."[7]  She also compares BARBIE to the Minoan Snake Goddess (in a pose created by MGA's counsel[8]).  Bergstein further suggests that BARBIE represents an undesirable, antiquated view of women, unable to stand on their own small feet.  In contrast, she opines that Bratz

---

reference to BARBIE – particularly since Bryant and MGA have gone out of their way to not include BARBIE or other Mattel dolls as being influential to Bryant.

[2]  Expert Report of Mary Bergstein, dated February 11, 2008 ("Bergstein Report"), at 5, 7, 9, attached as Exhibit 55 to the Declaration of Dylan Proctor, dated April 14, 2008 ("Proctor Dec.").

[3]  Bergstein Report, at 5, Proctor Dec., Exh. 55.

[4]  Id., at 5.

[5]  Id., at 9.

[6]  Id., at 23.

[7]  Id., at 5-6.

[8]  Id., at 5-6, figs. 1, 4; Bergstein Depo., 208:4-211:1, Corey Dec., Exh. 10.

MATTEL'S MOTION IN LIMINE NO. 9

1  represents a defiant, independent modern woman, able to stand on her own feet.[9]

2  Such views are wholly irrelevant to the issues in this case and are an attempt to play

3  on the jury's sympathies.  Comparison of Bratz to BARBIE and BARBIE to ancient

4  art, or cultural and gender deconstruction of BARBIE, in no way provides the

5  factfinder with assistance in determining the ultimate issues in the case – who owns

6  Bratz – and serves only to inflame jurors on hot-button issues such as sex,[10]

7  perceptions of beauty, and the role of women in society.

8       B.    **The Court Should Exclude All Expert Testimony Regarding**

9             **BARBIE's Race As Irrelevant and Unduly Prejudicial**

10            Defendants also intend to "play the race card" by characterizing Mattel's

11  BARBIE as an icon of "███████████" and racism that is harmful to children and

12  society.[11]  She refers to BARBIE as "█████," "████████████████," and "██████

13  ██████":



---

[9]  Id., at 5-6.

[10]  Amazingly, Bergstein holds the view that BARBIE is more "██████" than Bratz because BARBIE has breasts.  Bergstein Depo., 106:15-21, 276:1-6, Corey Dec., Exh. 10.

[11]  Bergstein Report, at 11, Proctor Dec., Exh. 55.

MATTEL'S MOTION IN LIMINE NO. 9



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[12] Bergstein acknowledges that she cannot say literally that BARBIE is an "[redacted]" (Bergstein Depo., 227:23-228:15, Corey Dec., Exh. 10), but she did not hesitate to quote from Levinthal to contrast what she thinks BARBIE stands for in American society with what she thinks Bratz represents (Id., 228:17-229:4). This can only be viewed as an expert endorsement of Levinthal's views.

███████████████████████████████████████████

At deposition, Bergstein refused to disavow the statements of Levinthal, Rogers, and Lord, which she chose to include in her report and which clearly informed her opinions.  Bergstein expressly endorsed some of them.[14]

Bergstein took pains at her deposition to emphasize that she is using the views of others comparatively, to describe Bratz as an "██████████"[15]  However, by citing these references and repeating their views in her report, there can be no doubt that Bergstein will be used by MGA and Bryant to attack BARBIE at trial.  Simply put, there is no need to define Bratz by comparing it to anything else.

The Court should preclude the foregoing opinion evidence from being admitted on the additional ground that <u>Fed. R. Evid.</u> 403 allows exclusion of evidence whose probative value is outweighed by the risk of confusing the issues or misleading the jury.  Here, Bergstein's testimony regarding BARBIE's race or ethnicity has <u>no</u> probative value and would mislead the jury to believe that race is relevant to the case.  To communicate to the jury what Bratz dolls look like and the extent to which they resemble Bryant's drawings, it is unnecessary to compare them to BARBIE or comment on BARBIE as a "██████████████" agent for "████████████," "███████

---

[13]   Bergstein Report, at 9-14, Proctor Dec., Exh. 55.
[14]   Bergstein Depo., 93:12-25, Corey Dec., Exh. 10 ("████████████████████████████████████████████████████████████"), 111:10-24 ███████████████████████████████████████████████"), 239:22-240:9 (colloquy between counsel in which counsel for MGA confirms that Bergstein will testify about the opinions and references to BARBIE in her report at trial), 263:9-264:19 (endorsing M.G. Lord's 1979 writings regarding Fiesta BARBIE).
[15]   Bergstein Depo., 105:3-16, 108:23-109:21, 241:21-242:11, Corey Dec., Exh. 10.

MATTEL'S MOTION IN LIMINE NO. 9

1    ██████████" and racial inequality.[16]  This type of commentary cannot fail to

2    prejudice Mattel and require it to spend significant time at trial in response.  Nothing

3    could be further from the truth or less relevant to this case.

4         C.    **The Court Should Exclude All Discussion and Argument Regarding**

5        **BARBIE's Race At Trial By Any Witness**

6        Bergstein's opinions regarding BARBIE provide insight into the types of

7    arguments defendants intend to make at trial.  Regardless of whether they come from

8    Bergstein or other witnesses, they are equally irrelevant, inappropriate, and intended

9    only to distract from the central issue in the case – the ownership of Bratz – and

10   unduly prejudice Mattel.  To respond to defendants' assertions that BARBIE does not

11   represent an antiquated stereotypical view of women or a "██████████" view,

12   Mattel would need to spend many hours describing the evolution of BARBIE,

13   showing its many multi-cultural iterations, BARBIE's dozens of professions

14   (including presidential candidate, doctor, astronaut, NASCAR driver, figure skater

15   and Army medic), and presenting testimony and evidence about BARBIE'S positive

16   impact on children and society.  This would waste considerable time and would not

17   be of any assistance in helping the trier of fact resolve the ultimate issue in this case.

18   Accordingly, all testimony regarding BARBIE's race should be excluded.

19        D.    **The Court Should Exclude Bergstein's Undisclosed Opinions**

20       **Regarding BARBIE**

21       At her deposition, Bergstein testified that she has not shared all of her

22   views regarding BARBIE, and may share other undisclosed opinions regarding

23   BARBIE at trial.[17]  Under Rule 26(a)(2)(B), an expert must provide a report that

24   contains "a complete statement of all opinions to be expressed and the basis and

25

---

26   [16]   Bergstein Report, at 11, Proctor Dec., Exh. 55.

27   [17]   Bergstein Depo, 94:16-25, 96:6-12, 103:5-104:25, 237:16-238:22, 240:23-241:19, 242:13-243:10, 263:14-264:19, Corey Dec., Exh. 10.

28

1    reasons therefor."  Fed. R. Civ. Pro. 26(a)(2)(B) (emphasis added).  Under Rule

2    37(c)(1), if a party's expert, "without substantial justification," fails to disclose all

3    opinions in his expert report, the party is not allowed to use such information at trial,

4    unless his failure to disclose such information is "harmless."  Fed. R. Civ. Pro.

5    37(c)(1) (emphasis added).  Mattel requested at deposition that Bergstein disclose all

6    opinions she intended to express regarding BARBIE at her deposition, and she

7    refused to do so.[18]  Accordingly, Bergstein should be prevented from testifying in any

8    respect about BARBIE at trial.

9    II.    **TONNER AND BERGSTEIN'S OPINIONS REGARDING MATTEL'S**

10          **HISTORY, THE SUCCESS OF BARBIE, AND OTHER DOLLS**

11          **CREATED BY MATTEL, ARE IRRELEVANT**

12          Tonner's expert report spends considerable time suggesting that Mattel

13   has always been able to crush its competitors, winning competitive "▮▮▮▮" using the

14   well-oiled "▮▮▮▮▮▮▮▮▮▮," until Bratz became the only David able to conquer

15   the BARBIE-Goliath since the 1970's.[19]  For example, Tonner states:



24   ———————————
     [18]   Id.
25   [19]   Expert Report of Robert Tonner, dated February 11, 2008 ("Tonner Report"),
     at 7, 9, attached as Exhibit 52 to the Proctor Dec.
26   [20]   Id., at 8.
27   [21]   Id., at 9.
     [22]   Id., at 17.
28

MATTEL'S MOTION IN LIMINE NO. 9

1  ███████████████████████████████████████

2

3         BARBIE's popularity in the face of competition is irrelevant to this case.

4  Such opinions are only offered to garner sympathy for MGA and Bratz as an

5  underdog, with MGA being the sole company "██████████████████████████"

6  Mattel.[24]  To respond to such testimony, Mattel would need to devote substantial time

7  explaining its business success over the past half-century and why particular

8  competing dolls were not as successful.  It is simply irrelevant if - or why - Hasbro

9  and Kenner "█████████████."  This would not only be irrelevant to the key issue

10 in the case, it would waste an enormous amount of time and could only serve to

11 confuse the jury.  Accordingly, such testimony should be excluded.

12        Likewise, Bergstein should be prevented from testifying about the

13 comparative success of Bratz and BARBIE.  Bergstein's report states that Bratz's

14 "█████████████" "█████████████████████████████████████████████."[25]

15 She stated in deposition that she believed Bratz was a "██████████████████" and

16 was outselling BARBIE.[26]  But commercial success has nothing to do with legal

17 ownership.  Furthermore, Bergstein's opinions are not based on facts.  At deposition,

18 Bergstein acknowledged that she has not seen any sales reports for MGA or Mattel

19 showing how may Bratz or BARBIE dolls have been sold.[27]  She has not done any

20 research regarding what skin tones are preferred for dolls by consumers and has not

21 seen any sales reports showing the sales of fashion dolls of different ethnicities.[28]

22 Accordingly, Bergstein has no evidentiary basis for commenting on the comparative

23 _____

24    [23]  Id.

25    [24]  Id., at 6-7, 17.
   [25]  Bergstein Report, at 9, Proctor Dec., Exh. 55.

26    [26]  Bergstein Depo., at 115:13-116:1, Corey Dec., Exh. 10.

27    [27]  Id., at 116:2-11.
   [28]  Id., at 223:10-224:2.

28

1  success of Bratz versus BARBIE, the extent to which Bratz has been successful, or

2  the reasons for its success, and such opinions should be excluded.  See Daubert, 509

3  U.S. at 588-90 (expert's opinion must provide more than "subjective belief or

4  unsupported speculation").

5          Similarly, Tonner's views regarding competition between MGA and

6  Mattel and the winner of that competition at any given time is irrelevant.  Tonner's

7  report states:



16          Tonner's report also compares Bratz to Mattel's Flavas and My Scene

17  dolls, suggesting that Mattel tried to imitate the Bratz attitude in these dolls by

18  making them similar to Bratz.  Tonner opines that "████████████████████████

19  ██████████████████████████████████████████████"[32]  This is a

20  Phase 2 issue that is improper at this trial.[33]  The jury will understand very early in

21  the trial that MGA and Mattel are competitors in the doll industry.  Mattel's response

22  to Bratz is not at issue in this trial, and testimony about it should be excluded.

---

[29]  Tonner Report, at 14, Proctor Dec., Exh. 52.
[30]  Id., at 14.
[31]  Id., at 17.
[32]  Id.

MATTEL'S MOTION IN LIMINE NO. 9

## Conclusion

For all the foregoing reasons, Mattel respectfully requests that the Court preclude Mary Bergstein and Robert Tonner from testifying at trial about the opinions expressed in their expert reports and at deposition regarding BARBIE and other Mattel dolls.  Mattel further requests that the Court preclude defendants from offering any testimony or argument regarding BARBIE or Mattel's other dolls because they are not relevant to any of the issues in this case and would only serve to waste time and confuse the jury.

DATED:  April 14, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  John BQuinn Jr

John B. Quinn
Attorneys for Mattel, Inc.

---

[33]   MGA's Complaint in Case No. 05-2727, dated April 13, 2005, Proctor Dec., Exh. 15; Court's Minute Order Granting Mattel's Motion Re Trial Structure, dated July 2, 2007, Proctor Dec., Exh. 19.

07209/2469302.3

-13-

MATTEL'S MOTION IN LIMINE NO. 9