1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11  | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx) |

12              Plaintiff,                   Consolidated with
                                            Case No. CV 04-09059
13        vs.                               Case No. CV 05-02727

14  MATTEL, INC., a Delaware                [PUBLIC REDACTED] DECLARATION
    corporation,                            OF B. DYLAN PROCTOR IN
15                                          OPPOSITION TO MOTION TO COMPEL
              Defendant.                    DISCOVERY ON ISSUES AS TO
16                                          WHICH MATTEL HAS WAIVED
                                            ATTORNEY-CLIENT AND WORK
17  AND CONSOLIDATED ACTIONS                PRODUCT PRIVILEGES BY CLAIMS
                                            ASSERTION
18
                                            Date:  April 11, 2008
19                                          Place: JAMS

20                                          **Phase 1**
                                            Discovery Cut-Off:      Jan. 28, 2008
21                                          Pre-Trial Conference:   May 5, 2008
                                            Trial Date:             May 27, 2008
22

23

24

25

26

27

28

07209/2468204.2

                                                      PROCTOR DECLARATION

1    **DECLARATION OF B. DYLAN PROCTOR**

2    I, B. Dylan Proctor, declare as follows:

3    1.    I am a member of the bar of the State of California and a partner

4    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

5    ("Mattel"). I make this declaration of personal, firsthand knowledge, except as

6    where otherwise indicated.

7    2.    On April 11, 2008, earlier today, the Court heard argument on

8    MGA's Motion to Compel Discovery on Issues As to Which Mattel Has Waived

9    Attorney-Client and Work-Product Privileges by Claims Assertion. At the hearing,

10   Mattel requested leave to submit a substantive response to MGA's 21 page

11   "Supplemental Submission" and accompanying declaration in support of this

12   motion, which was filed 4 days ago, on April 7, 2008. The Discovery Master denied

13   Mattel's request. Accordingly, Mattel is not providing a substantive response to

14   MGA's submission. However, for the sake of completeness of the record, Mattel

15   hereby respectfully submits the following key documents which Mattel believes

16   should be considered by the Court.

17   3.    Attached hereto as Exhibit A is a true and correct copy of

18   relevant portions of the transcript of the first hearing on MGA's motion, dated

19   February 11, 2008.

20   4.    Attached hereto as Exhibit B is a true and correct copy of Judge

21   Larson's Order governing the scope of the deposition of Ms. Simpson-Taylor,

22   Mattel's designee on Topics 15 and 21, as well as other topics. In this Order, Judge

23   Larson denied as moot Mattel's objection that its designee should not have to testify

24   to legal contentions. This was based on defendants' concessions that they were not

25   seeking such information. Attached hereto as Exhibit C is a true and correct copy of

26   MGA's and Bryant's Opposition to Mattel's Objection to the Discovery Master's

27   January 11, 2008 Order, dated February 6, 2008, which made such concessions.

28

1           5.     Attached hereto as Exhibit D is a true and correct copy of the

2 transcript of the deposition of Kathleen Simpson-Taylor.

3           6.     Attached hereto as Exhibit E are two documents which were

4 produced by Mattel and marked as exhibits to Ms. Simpson-Taylor's deposition,

5 which list the nearly 25 individuals with whom Ms. Simpson-Taylor spoke to

6 prepare for her deposition.

7           7.     Attached hereto as Exhibit F is another document which was

8 produced by Mattel and marked as an exhibit to Ms. Simpson-Taylor's deposition,

9 which provides a written chronology of events allegedly pertinent to defendants'

10 statute of limitations and laches defenses.

11           8.     Mattel respectfully submits that a review of (1) the Discovery

12 Master's statements at the February 11 hearing, (2) Judge Larson's Order governing

13 and MGA's concessions regarding the scope of the deposition, and (3) the transcript

14 of Ms. Simpson Taylor's deposition will show that Mattel complied entirely with

15 both the guidance of the Discovery Master at the last hearing and Judge Larson's

16 Order, and that a finding of waiver would therefore be inappropriate. In particular,

17 Mattel abided the Court's guidance that facts and knowledge should not be shielded

18 through privilege assertions at the deposition.

19         I declare under penalty of perjury under the laws of the United States of

20 America that the foregoing is true and correct.

21         Executed on April 11, 2008, at Los Angeles, California.

22

23

         B. Dylan Proctor

24

25

26

27

28

- 2 -

Exhibit A

**CERTIFIED COPY**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,  )
                        )
           PLAINTIFF,  )
                        )
           V.            )
                        )
MATTEL, INC., A DELAWARE  )
CORPORATION,  )
                        )
        DEFENDANTS.  )
_____)
                        )
AND CONSOLIDATED ACTION (S).  )
_____)

CASE NO.
CV 04-9040 SGL (RNBX)

CONSOLIDATED WITH
CASE NO. 04-9059

CASE NO.  05-2727

# TELEPHONIC TRANSCRIPT OF PROCEEDINGS

# FEBRUARY 11, 2008



COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 08AD008

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. |
| | ) | |
| MATTEL, INC., A DELAWARE | ) | CV 04-9049 SGL (RNBX) |
| CORPORATION, | ) | [CONSOLIDATED WITH |
| | ) | CASE NO. 04-9059 AND |
| DEFENDANT. | ) | CASE NO. 05-2727] |
| | ) | |
| _____ | ) | |
| | ) | |
| AND CONSOLIDATED ACTION(S). | ) | |
| _____ | ) | |

TELEPHONIC TRANSCRIPT OF
PROCEEDINGS, TAKEN BEFORE HON.
EDWARD A. INFANTE, AT 865 SOUTH
FIGUEROA STREET, THIRD FLOOR, LOS
ANGELES, CALIFORNIA, COMMENCING
AT 8:30 A.M., MONDAY, FEBRUARY 11,
2008, BEFORE ANGELA DUPRE, CSR 7804.

2

```
 1   APPEARANCES OF COUNSEL:
 2
     FOR CARTER BRYANT:
 3
         KEKER & VAN NEST, LLP
 4       BY:  MICHAEL PAGE, ESQ.
              MATTHEW WERDEGAR, ESQ.
 5       710 SANSOME STREET
         SAN FRANCISCO, CALIFORNIA 94111
 6       (415) 391-5400
         (TELEPHONICALLY)
 7
 8
     FOR MATTEL, INC.:
 9
         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10       BY:  TIMOTHY ALGER, ESQ.
              HARRY OLIVAR, ESQ.
11            CHRISTOPHER TAYBACK, ESQ.
              B. DYLAN PROCTOR, ESQ.
12       865 SOUTH FIGUEROA STREET
         TENTH FLOOR
13       LOS ANGELES, CALIFORNIA 90017-2543
         (213) 443-3000
14
15
     FOR MGA ENTERTAINMENT, INC.:
16
         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
17       BY:  RAOUL D. KENNEDY, ESQ.
         FOUR EMBARCADERO CENTER
18       SUITE 3800
         SAN FRANCISCO, CALIFORNIA 94111
19       (415) 984-6400
20
21   ALSO PRESENT:
22       HON. EDWARD A. INFANTE (TELEPHONICALLY)
23
24
25
```

3

```
 1              LOS ANGELES, CALIFORNIA; MONDAY
 2                    FEBRUARY 11, 2008
 3                       8:30 A.M.
 4
 5        MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.  THIS
 6   IS MATT WERDEGAR AND MIKE PAGE, OF KEKER &
 7   VAN NEST, ON BEHALF OF CARTER BRYANT.
 8        JUDGE INFANTE:  GOOD MORNING.
 9             I HAVE A LETTER DATED FEBRUARY 6TH IN
10   WHICH YOU INDICATE THE PRIORITY OF MOTIONS THAT YOU
11   WOULD LIKE TO BE HEARD FIRST, AND SO I AM PREPARED
12   TO HEAR THOSE MOTIONS.
13             THE FIRST ONE ON THE LIST IS MGA'S MOTION
14   TO COMPEL DISCOVERY AS TO ISSUES AS TO WHICH MATTEL
15   HAS WAIVED THE PRIVILEGE BY -- BY CLIENT ASSERTION.
16   THAT MOTION, I BELIEVE, WAS FILED JANUARY 18TH.
17   I'M PREPARED TO HEAR THAT MOTION.
18        MR. KENNEDY:  GOOD MORNING.  RAOUL KENNEDY, ON
19   BEHALF OF MGA.
20             I REALIZE WE HAVE LIMITED TIME THIS
21   MORNING.  IF THE COURT HAS QUESTIONS, I'D BE
22   PLEASED TO TRY TO ADDRESS THEM.  OTHERWISE, I THINK
23   THE MEMOS MAKE CLEAR THE ISSUE THAT HAS BEEN PLACED
24   IN ISSUE BY MATTEL, AND IT'S ONE OF THE CLASSIC
25   ISSUES THAT IN ORDER TO FULLY LITIGATE IT, WE NEED
```

4

1   TO KNOW WHAT ADVICE MATTEL WAS RECEIVING FROM ITS

2   LAWYERS ON THIS SUBJECT.

3       JUDGE INFANTE:  OKAY.  WELL, I'VE READ YOUR

4   MATERIALS.  YOU'VE BRIEFED IT TO -- YOU'VE CITED

5   THE RAMBUS CASE AND OTHER CASES, WHICH YOU FEEL

6   SUPPORT YOUR POSITION.

7           THE THREE-PART TEST THAT IS CITED IN THE

8   AUTHORITIES FROM HEARN, ET CETERA, I UNDERSTAND

9   YOUR POSITION.  I THINK IT'S A VERY DIFFICULT --

10  VERY DIFFICULT ISSUE.

11          I'LL BE GLAD TO HEAR FROM MATTEL.

12      MR. OLIVAR:  YES, YOUR HONOR.  HARRY OLIVAR

13  SPEAKING FOR MATTEL.

14          MR. KENNEDY, AS HE SAID, THE ISSUE HAS

15  BEEN PLACED AT ISSUE, WHAT IT SEEMS MGA IS

16  ADVOCATING IS THAT WHENEVER A PARTY RAISES

17  CONCEALMENT OF FACTS OR, FRANKLY, THE DISCOVERY

18  RULE, AS A BASIS FOR TOLLING THE STATUTE OF

19  LIMITATIONS, THE POSITION SEEMS TO BE THAT THAT

20  OPERATES AS A BLANKET PRIVILEGE WAIVER, AND THAT'S

21  NOT THE NINTH CIRCUIT TEST IN THE HEARN V. RAY; AND

22  THAT'S NOT EVEN WHAT HAPPENED IN THE RAMBUS CASE.

23          HERE, WE HAVE A SITUATION WHERE MATTEL

24  HAS SIMPLY SAID IT DID NOT LEARN CERTAIN FACTS

25  UNTIL NOVEMBER OF 2003, AND MATTEL HAS PROVIDED

5

1  DISCOVERY AS TO WHEN IT LEARNED THOSE FACTS.  YOU
2  KNOW, THE FACTS WE'RE TALKING ABOUT WERE WHEN
3  CARTER BRYANT -- THE FACT THAT CARTER BRYANT WAS
4  DOING WORK FOR MGA WHILE HE WAS STILL AT MATTEL.
5  AND MATTEL HAS BEEN FORTHCOMING IN ALL OF ITS
6  DISCOVERY RESPONSES AND DECLARATIONS AND
7  SUBMISSIONS BEFORE YOUR HONOR; SHOWED THOSE ANSWERS
8  AND THEIR AFFIRMATIONS THAT THERE WEREN'T
9  PRIVILEGES ASSERTED WITH CERTAIN OF THOSE ANSWERS
10  AS TO WHEN MATTEL LEARNED FACTS, BECAUSE FACTS ARE
11  NOT PRIVILEGED.
12      BUT THERE IS AN EFFORT NOW ON THIS MOTION
13  TO GO BEYOND THE FACTS, AND SAY, WELL, WE -- IN
14  ADDITION TO FINDING OUT WHEN MATTEL LEARNED FACTS,
15  WE GET TO KNOW WHAT THE LEGAL ADVICE WAS ABOUT
16  THOSE FACTS.  AND WE WOULD SUBMIT, YOUR HONOR,
17  THAT'S JUST SIMPLY NOT THE LAW.
18      UNDER THE HEARN V. RAY TEST, THEY HAVE TO
19  SHOW ON PRONG 2, THAT MATTEL PUT PRIVILEGED
20  INFORMATION AT ISSUE.  AND IN THE CASES THEY RELY
21  ON, THAT'S WHAT OCCURRED.  THAT'S WHAT OCCURRED IN
22  HEARN V. RAY.  THERE WAS A GOOD FAITH DEFENSE,
23  WHERE THE PRISON OFFICIAL SAID THAT WE HAD A GOOD
24  FAITH BELIEF, BASED ON WHAT WE WERE BEING TOLD AND
25  KNEW, THAT WE WEREN'T VIOLATING THE INMATES'

6

1    RIGHTS.   THE COURT FOUND PROPERLY THAT GOOD FAITH

2    BELIEF IMPLICATES WHAT YOU'RE BEING TOLD BY YOUR

3    LAWYERS.

4         AND THE SAME THING ON THE MATTEL MOTION

5    THAT CITED AGAINST MGA, THAT WAS ALSO A GOOD FAITH

6    BELIEF DEFENSE.

7         MGA SAID, IN 2000, WE HAD A GOOD FAITH

8    BELIEF THAT WE WOULD PROPERLY CONTACT BRYANT, AND

9    ADVICE OF COUNSEL WAS IMPLICATED THERE.   THAT'S NOT

10   WHAT WE'RE TALKING ABOUT WITH RESPECT TO MATTEL.

11   WE'RE TALKING ABOUT WHEN MATTEL LEARNED FACTS, AND

12   THAT DOES NOT PUT LEGAL ADVICE AT ISSUE.

13        THE SECOND POINT ABOUT HEARN V. RAY IS --

14   THE THIRD POINT IS THEY WOULD HAVE TO SHOW THAT

15   PRIVILEGED INFORMATION IS VITAL, AND NOTHING MGA

16   SUBMITTED SHOWS THAT THE LEGAL ADVICE THAT MATTEL

17   WAS RECEIVING IS VITAL TO MGA'S DEFENSE AGAINST THE

18   FRAUDULENT CONCEALMENT ALLEGATION.

19        I'M SURE MGA WOULD LIKE TO KNOW WHAT THE

20   LAWYERS WERE SAYING, BUT THE ONLY VITAL INFORMATION

21   IS WHEN MATTEL LEARNED FACTS, AND THAT'S AVAILABLE

22   FROM MULTIPLE OTHER SOURCES, INCLUDING THE WRITTEN

23   DISCOVERY RESPONSES THAT WE HAVE IDENTIFIED, AND

24   INCLUDING THE SIX DIFFERENT 30(B)(6) TOPICS THAT

25   ALL RELATE TO THESE ISSUES THAT YOUR HONOR ORDERED

7

1  ON JANUARY 11, AND, IN ONE FORM OR ANOTHER, MATTEL

2  WILL BE PRODUCING WITNESSES TO TESTIFY TO.

3      MR. KENNEDY:  YOUR HONOR, RAOUL KENNEDY.  IF I

4  MIGHT RESPOND BRIEFLY.

5          MATTEL TOOK THE POSITION BOTH IN

6  OBTAINING LEAVE TO AMEND ITS PLEADINGS, AND IN

7  RESISTING THE MOTION FOR TERMINATING SANCTIONS,

8  BASED ON SPOLIATION OF EVIDENCE, THAT IT WAS NOT

9  UNTIL NOVEMBER OF 2003 THAT IT FIRST HAD ANY REASON

10  TO SUSPECT BRYANT'S INVOLVEMENT WITH BRATZ.

11          IN DECEMBER OF 2007, AFTER BOTH OF THOSE

12  RULINGS HAD BEEN MADE, MATTEL DISCLOSES FOR THE

13  FIRST TIME THAT WELL, YEAH, BACK IN 2001 AND 2002,

14  THERE WAS RUMOR AND INNUENDO THAT THAT MIGHT BE

15  GOING ON.

16          AND ABOUT THAT SAME TIME, MR. NOLAN

17  DEPOSED MR. DIANDA, MATTEL'S CHIEF OF WORLDWIDE

18  SECURITY, AND WE FIND OUT THAT HE, BACK IN AUGUST

19  OF 2002, WAS TOLD THAT BRYANT WAS HELPING MGA.  AND

20  MR. DIANDA WROTE THAT HE WAS AWARE OF THIS

21  SITUATION AND HAD BEEN WORKING ON IT FOR SEVERAL

22  MONTHS.  THIS IS AS OF AUGUST OF 2002, BUT THAT IT

23  WAS IN THE HANDS OF MATTEL'S ATTORNEYS.

24          SO THIS IS NOT A CASE WHERE WE JUST

25  DECIDED TO GO OUT ON A FISHING EXPEDITION AND SEE

8

1    IF MAYBE THERE'S SOME INVOLVEMENT THERE.

2            THIS IS A CASE WHERE MATTEL HAS BELATEDLY

3    DISCLOSED THAT THERE WAS AT LEAST RUMOR AND

4    INNUENDO -- AND OF COURSE WE'RE TALKING HERE NOT

5    ABOUT ADMISSIBILITY, BUT JUST ABOUT

6    DISCOVERABILITY.

7            AND WHEN WE ATTEMPT TO LEARN MORE ABOUT

8    THAT INNUENDO, THE ATTORNEY-CLIENT PRIVILEGE GETS

9    DROPPED ON US.  BUT WE HAVE DOCUMENTARY EVIDENCE

10   THAT IN AUGUST OF 2002 THE HEAD OF SECURITY SAYS

11   THE LAWYERS ARE WORKING ON IT.

12           NOW, THAT'S ABOUT AS OVERWHELMING A

13   SUGGESTION OF INVOLVEMENT.  AND AS RAMBUS AND OTHER

14   CASES MAKE CLEAR THE OBVIOUS, PEOPLE DON'T DECIDE

15   WHEN TO FILE AND WHEN TO TRY TO GET AROUND THE

16   STATUTE OF LIMITATIONS WITHOUT HEAVY INVOLVEMENT ON

17   THE PART OF THEIR LAWYERS.

18           SO I -- I APOLOGIZE, YOUR HONOR, FOR

19   REPEATING WHAT'S IN THE PAPERS.  AGAIN, IF THE

20   COURT HAS QUESTIONS, I'M PREPARED TO TRY TO DEAL

21   WITH THEM.  OTHERWISE, I'M PREPARED TO SUBMIT.

22           JUDGE INFANTE:  WELL, ONE OF THE FACTORS OF THE

23   THREE-PART TEST UNDER HEARN IS WHETHER OR NOT THE

24   PRIVILEGED INFORMATION WOULD BE VITAL TO YOUR CASE.

25   AND THAT REALLY HAS WITHIN IT A QUESTION OF WHAT

9

1    OTHER EVIDENCE IS AVAILABLE TO YOU.

2          I NOTE THAT YOU ARE GOING TO BE TAKING

3    THE DEPOSITION, IF YOU HAVEN'T ALREADY, WITH

4    RESPECT TO TOPICS NUMBERS 15 THROUGH 21 OF THE

5    30(B)(6), WHICH PRECISELY ADDRESSES THE UNDERLYING

6    ISSUES AS TO WHEN MATTEL KNEW SUFFICIENT FACTS TO

7    BRING ITS CLAIMS.

8          HAS THAT DEPOSITION TAKEN PLACE YET?

9       MR. KENNEDY:  IT HAS NOT, YOUR HONOR.

10         WE HAVE BEEN ATTEMPTING TO MEET AND

11   CONFER CONCERNING GETTING OTHER FORMS OF DISCOVERY,

12   AS WELL AS THE 30(B)(6) DEPOS.

13         WE HAVE THE BENEFIT OF DOCUMENTS THAT IS

14   EXPLAINED IN OUR PENDING MOTION THAT OVERRULED THE

15   RELEVANCY OBJECTIONS REGARDING OTHER FORMS OF

16   DISCOVERY.  MATTEL HAS NEVER EVEN GOTTEN BACK TO US

17   ON THE MEET AND CONFER.

18         SO THE SHORT ANSWER IS NO, THOSE

19   DEPOSITIONS HAVE NOT YET BEEN TAKEN.

20      JUDGE INFANTE:  MY PROBLEM IS I CAN'T REALLY

21   FULLY ASSESS THAT MOST CRITICAL ELEMENT STATED IN

22   HEARN VERSUS RAY CASE; NAMELY, JUST HOW VITAL IS

23   THE PRIVILEGED INFORMATION IN THE CONTEXT OF ALL

24   THE EVIDENCE.

25         I'D LIKE TO QUOTE FROM MATTEL'S

1    OPPOSITION ON PAGE 17.  IF YOU WOULD FOLLOW ME,

2    THIS IS AT LINE 9, ON PAGE 17:

3          "PURSUANT TO THE DISCOVERY

4      MASTER'S JANUARY 9TH, 2008 ORDER,

5      MATTEL WILL BE PRODUCING A DEPONENT

6      ON TOPIC NUMBERS 15 THROUGH 21.

7      MATTEL HAS NOT AND WILL NOT TAKE THE

8      POSITION THAT ITS UNDERLYING

9      KNOWLEDGE OR ANY UNDERLYING FACTS ARE

10      PRIVILEGED.  MGA WILL THUS OBTAIN

11      TESTIMONY REGARDING MATTEL'S

12      KNOWLEDGE ON THE SUBJECTS OF THOSE

13      TOPICS," UNQUOTE.

14         I DON'T KNOW HOW THAT'S GOING TO PLAY

15    OUT.  IF MATTEL KEEPS THAT PROMISE AND ALLOWS YOU

16    TO CONDUCT THE DEPOSITIONS AS TO TOPICS 15 AND 21,

17    WITH THE SPIRIT OF THAT STATEMENT, IT MAY VERY WELL

18    BE THAT THE PRIVILEGED INFORMATION WHICH YOU ARE

19    SEEKING WAIVER OF IS NOT VITAL TO PROVE YOUR

20    CONTENTIONS WITH RESPECT TO MATTEL'S KNOWLEDGE IN

21    THE APPLICATION OF THE STATUTE OF LIMITATIONS OR

22    LACHES DEFENSES.

23         THAT'S MY QUESTION TO YOU, MY STATEMENT

24    TO YOU -- TO BOTH OF YOU, ACTUALLY -- WHICH I THINK

25    SORT OF GOES TO THE CRUX OF THIS MOTION.

11

1      IF ANYONE WISHES TO COMMENT, YOU MAY.

2      MR. KENNEDY:  YOUR HONOR, RAOUL KENNEDY.

3          UNDER THOSE CIRCUMSTANCES, I WOULD

4   SUGGEST THAT THE COURT DENY THE MOTION WITHOUT

5   PREJUDICE OR RENEWING IT -- OR TO PERHAPS SAVE

6   PAPER, TAKE IT UNDER SUBMISSION, AND NOT RULE ONE

7   WAY OR THE OTHER TODAY; THAT WE WILL CONTINUE TO

8   MEET AND CONFER ON TRYING TO GET DEPOSITION DATES

9   AND TAKE THOSE DEPOSITIONS.

10          AND ALSO IF THE COURT COULD PUT MGA'S

11  NOTICE OF MOTION TO OVERRULE RELEVANCY OBJECTIONS

12  CONCERNING OTHER FORMS OF DISCOVERY TOWARDS THE TOP

13  OF ITS STACK SO THAT WE HAVE A RULING ON THAT AS

14  WELL.

15      JUDGE INFANTE:  YES.

16      MR. KENNEDY:  WE CAN THEN PROCEED AND LET'S SEE

17  WHAT'S IN THE PAPER DISCOVERY INTERROGATORIES, AND

18  IN THOSE DEPOSITIONS, AND THEN WITHOUT EITHER

19  PARTIES' PREJUDICE COME BACK AND PURSUE THE MATTER.

20          THAT WOULD BE MY PROPOSAL.

21      JUDGE INFANTE:  THAT'S -- THAT'S PERHAPS A GOOD

22  PROPOSAL.

23          I WOULD LIKE TO ASK MATTEL'S COUNSEL.

24      MR. OLIVAR:  YOUR HONOR, I THINK A DENIAL

25  WITHOUT PREJUDICE WOULD BE APPROPRIATE.  IT'S BEEN

12

1    VERY CLEAR THAT IT IS NOT MATTEL'S INTENTION TO

2    DEPRIVE MGA OF THE UNDERLYING FACTS REGARDING ITS

3    KNOWLEDGE AS IT RELATES TO THE ALLEGATION IN THE

4    COMPLAINT, AND WE JUST DON'T GET THERE WITH RESPECT

5    TO LEGAL ADVICE, GIVEN THAT POSITION.

6            I THINK YOUR HONOR HIT THE NAIL ON THE

7    HEAD; WE HAVE PROVIDED UNDERLYING FACTS AND

8    CONTINUE TO DO SO IN RESPONSE TO THESE DEPOSITION

9    TOPICS.

10           IF MGA BELIEVES THERE IS ANY ISSUE ABOUT

11   UNDERLYING FACTS AFTER THESE DEPOSITIONS, COMING

12   BACK TO YOUR HONOR MIGHT BE APPROPRIATE.  BUT I

13   THINK DENIAL WITHOUT PREJUDICE IS THE APPROPRIATE

14   RESULT AT THIS TIME.

15       JUDGE INFANTE:  LET ME GIVE YOU A LITTLE BIT OF

16   GUIDANCE.

17           I THINK IT'S POSSIBLE TO WAIVE AN

18   ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT

19   PRIVILEGE BY CHEATING AROUND THE STATUTE OF

20   LIMITATIONS WHERE YOU BRING A CLAIM THAT ON ITS

21   FACE MAY BE UNTIMELY.  IT'S POSSIBLE.

22           THERE IS SOME CASE LAW THERE; IT'S

23   POSSIBLE.  THE RULE OF WAIVER, AS APPLIED TO THESE

24   SITUATIONS, IS TRULY A RULE OF FAIRNESS.  AND I

25   THINK YOU NEED TO MAKE SOME VERY CAREFUL DECISIONS

13

1  AS TO HOW YOU ALLOW THESE DEPOSITIONS TO BE

2  CONDUCTED, BECAUSE IT IS POSSIBLE THAT A COURT OR

3  SPECIAL MASTER COULD COME TO THE CONCLUSION THAT

4  THERE'S INADEQUATE INFORMATION TO YOUR ADVERSARY IN

5  A MATTER OF FAIRNESS, IN ORDER TO MEET WHAT YOU

6  HAVE PLED.  AND SO YOU NEED TO KEEP THAT IN MIND.

7        AND I THINK THAT THE QUESTIONS THAT ARE

8  FRAMED AND PUT TO THE DEPONENTS NEED TO BE PROPERLY

9  PHRASED SO THAT BY ANSWERING THE QUESTION, THE

10  DEPONENT AND THE ATTORNEY FOR THE DEPONENT IS NOT

11  PERMITTING A WAIVER OF THE ATTORNEY-CLIENT

12  PRIVILEGE OR WORK PRODUCT PRIVILEGE BY ANSWERING

13  THE QUESTION.

14        I DON'T KNOW IF I'M MAKING ANY SENSE TO

15  YOU, BUT I THINK THAT THE CONDUCT OF THIS

16  DEPOSITION IS CRITICAL TO A FINAL DETERMINATION OF

17  THIS MOTION OF WHETHER OR NOT PRIVILEGE IS

18  IMPLIEDLY WAIVED.

19        AND SO WITH THAT, I'M GOING TO SIMPLY

20  TAKE THE MOTION UNDER SUBMISSION AND NOT DECIDE IT

21  AT THIS TIME.

22        AND I THINK YOU BOTH HAVE TO WORK VERY

23  HARD IN HAVING AN EFFECTIVE DEPOSITION.  AND BOTH

24  OF YOU HAVE SOME RESPONSIBILITY IN THAT REGARD,

25  BOTH AS TO THE APPROPRIATE PHRASING OF THE

14

1  QUESTIONS, AND ALLOWING THE WITNESS TO ANSWER.

2  　　　ANY OTHER COMMENTS?

3  　MR. OLIVAR:  JUST THANK YOU, YOUR HONOR.  I

4  THINK THAT GUIDANCE IS HELPFUL.

5  　JUDGE INFANTE:  OKAY.  SO WE'LL PASS THIS

6  MOTION.

7  　　　WE COULD -- WHAT IS MOTION NUMBER 4?

8  THAT'S -- MGA HAS A MOTION, WHICH IS LISTED NUMBER

9  4 IN THE LETTER.

10  　　　DO YOU WANT TO HEAR THAT NEXT?

11  　MR. KENNEDY:  CERTAINLY, YOUR HONOR.

12  　JUDGE INFANTE:  OKAY.

13  　MR. KENNEDY:  RAOUL KENNEDY.

14  　　　WE BELIEVE THIS OVERLAPS, TO SOME EXTENT,

15  WITH MATTEL'S RENEWED MOTION FOR RECONSIDERATION

16  REGARDING SEARCHING OTHER EMPLOYEES' FILES,

17  VERIFICATIONS OF EFFORTS TO FORCED AND UNFORCED

18  COMPLIANCE WITH NONCONFIDENTIALITY AGREEMENTS.

19  　　　YOUR HONOR WILL RECALL THAT RELATED TO

20  THE TOPIC 25 AND TOPIC 52, MEASURES TAKEN TO

21  ENFORCE AND FORMS OF SUCH DOCUMENTS.

22  　　　AND THIS IS, AS I SAID, THE COROLLARY TO

23  THAT.  AGAIN, IT'S BEEN BRIEFED.  I DON'T WANT TO

24  WASTE VALUABLE TIME THIS MORNING REPEATING WHAT'S

25  IN THE -- THE PAPERS.  BUT IF WE'RE TALKING ABOUT

1   DISCOVERABILITY, NONADMISSIBILITY, IT'S ABUNDANTLY

2   CLEAR UNDER CALIFORNIA LAW HOW A PARTY HAS

3   INTERPRETED THE SAME OR EVEN SIMILAR LANGUAGE AS

4   THE MOVING CASE, JUDGE BURNS DEALT WITH THAT ISSUE.

5   HE'S PARTICULARLY INSTRUCTIVE ON THAT POINT.

6           AS FAR AS THE BURDEN ARGUMENT, IT SEEMS

7   TO BE A SELF-DEFEATING AGREEMENT FOR MATTEL, WHICH

8   ONE WOULD HOPE THAT THERE WOULD HAVE BEEN

9   COMPARATIVELY FEW INSTANCES OVER THE YEARS WHERE

10  MATTEL HAS ACTUALLY GOTTEN INTO A DISPUTE OVER WHAT

11  THE NONDISCLOSURE LANGUAGE MEANT.

12          HOWEVER, THOUGH, TO THE EXTENT THAT'S NOT

13  CORRECT, AND THE MORE OTHER DISPUTES AND EPISODES

14  THERE'S BEEN, SEEMS TO ME THE GREATER IT SUGGESTS

15  THAT THERE IS UNCERTAINTY IN THE LANGUAGE -- OR

16  MATTEL CERTAINLY CREATED UNCERTAINTY AMONG ITS

17  EMPLOYEES AS WE GET INTO HYPOTHETICALLY LARGER AND

18  LARGER NUMBERS OF THEM THAT CAN'T COMPLY.

19          SO I SUBMIT ON THE BURDEN SCALE, SHOW ME

20  ADDITIONAL BURDEN AND I'LL SHOW YOU ADDITIONAL

21  REASONS FOR RELEVANCY.   IT'S SIMPLY FOR INCREASED

22  DISCOVERABILITY.

23          AGAIN, IF THE COURT HAS QUESTIONS, I

24  WOULD BE PLEASED TO TRY TO ADDRESS THEM, BUT I

25  DON'T NEED TO REPEAT WHAT'S ALREADY EXHAUSTIVELY

16

1   BEEN BRIEFED.

2       JUDGE INFANTE:   THIS MOTION HAS A COUSIN TO IT;

3   NAMELY, MATTEL'S MOTION FOR RECONSIDERATION OF THE

4   SPECIAL MASTER'S SEPTEMBER ORDER WITH DOCUMENT

5   DISCOVERY ON THIS VERY TOPIC, AND THAT MOTION HAS

6   NOT BEEN FULLY RESOLVED.

7       MR. KENNEDY:   THAT'S CORRECT.   THERE IS A

8   MOTION FOR RECONSIDERATION, AND THE COURT -- I

9   BELIEVE IT WAS THE JANUARY 3 HEARING -- GRANTED

10  MATTEL PERMISSION TO FILE THE RENEWED MOTION FOR

11  RECONSIDERATION.   AND THAT'S AMONG THE MOTIONS

12  THAT'S NOW FULLY BRIEFED AND BEFORE THE COURT.

13      JUDGE INFANTE:   I THINK WE NEED TO DECIDE THAT

14  MOTION AS WELL AS THIS ONE TOGETHER.

15          I'LL HEAR FROM MATTEL NOW.

16      MR. ALGER:   GOOD MORNING, YOUR HONOR.   THIS IS

17  TIM ALGER, FOR MATTEL.

18          JUST TO CORRECT THE RECORD A LITTLE BIT,

19  THE COURT GRANTED MATTEL THE RIGHT TO RENEW THE

20  MOTION, AND TO -- TO RESULT IN A FULL BRIEFING ON

21  THE ISSUE OF WHETHER MGA AND BRYANT WERE ENTITLED

22  TO DISCOVERY ABOUT OTHER EMPLOYMENT AGREEMENTS,

23  BECAUSE THE UNCONSCIONABILITY DEFENSE HAD BEEN

24  WITHDRAWN.   AND THAT WAS A DECISION THAT THE -- THE

25  DISCOVERY MASTER MADE LATE LAST YEAR.

17

1          THEN IN JANUARY -- WE HAD A HEARING ON
2     JANUARY 3RD THAT WAS SET FOR BOTH OF THESE MOTIONS,
3     AND -- AND AT THE DATE -- AT THE HEARING, MATTEL
4     WAS SERVED WITH A REPLY BRIEF WITH NEW ARGUMENTS
5     AND NEW AUTHORITIES.  AND, AT THAT POINT, THE
6     DISCOVERY MASTER OPTED, WITH THE AGREEMENT OF THE
7     PARTIES, TO KICK IT OVER TO FEBRUARY.  THAT'S WHERE
8     WE ARE WITH THAT.
9          THE MOTION ON -- THE OTHER MOTION FOR
10    RECONSIDERATION HAS BEEN FULLY BRIEFED, AND I THINK
11    THE BRIEFING IS QUITE GOOD ON THAT, AND MATTEL
12    CERTAINLY CAN RELY -- IS WILLING TO RELY ON THAT
13    BRIEFING.
14          AS TO THE OTHER MOTION, MGA'S MOTION
15    WHICH IS ON THE CALENDAR FOR TODAY, I DID WANT TO
16    ADDRESS SOME THINGS THAT WERE RAISED IN THE REPLY,
17    SOME OF WHICH HAD CAME UP LATE.
18          WHAT'S HAPPENED HERE, I THINK THE
19    DISCOVERY MASTER HAS RECOGNIZED THIS, GIVEN THAT
20    MGA AND BRYANT DON'T HAVE THE UNCONSCIONABILITY
21    DEFENSE ANYMORE -- OR CLAIM ANYMORE, THEY'VE NOW
22    SHIFTED OVER TO AN AMBIGUITY ARGUMENT.  AND THEY'VE
23    TRUMPED UP THIS AMBIGUITY CONTENDING THAT THERE IS
24    AN EXCLUSION OR A LOOPHOLE FOR COPYRIGHTED SUBJECT
25    MATTER IN THE INVENTIONS AGREEMENT, AND THAT --

18

1    THAT AMBIGUITY, THEY CLAIM, ALLOWS BROAD DISCOVERY.

2           AND THE FACT OF THE MATTER IS THAT IF

3    THIS DISCOVERY WAS ALLOWED, IT WOULD BE A RADICAL

4    EXPANSION OF THE LAWSUIT, RESULTING IN MANY TRIALS

5    INVOLVING PERHAPS HUNDREDS OF EMPLOYEES.

6           BUT THE MOST IMPORTANT THING I WANT TO

7    EMPHASIZE TODAY IS THE AMBIGUITY THAT THEY CONTEND

8    EXISTS, DOES NOT EXIST.  IT DOESN'T EXIST AT ALL.

9           AND I DIRECT THE DISCOVERY MASTER TO

10   THE INVENTIONS AGREEMENT ITSELF, WHICH IS ATTACHED

11   TO MR. MUMFORD'S DECLARATION, EXHIBIT 8.  AND

12   THERE, IN PARAGRAPH -- IN SECTION 2(A), MR. BRYANT

13   DID THE FOLLOWING:

14          "I HEREBY ASSIGN TO THE COMPANY

15          AND/OR ITS NOMINEES ALL MY RIGHT,

16          TITLE, AND INTEREST IN SUCH

17          INVENTIONS, DEFINED BELOW, AND ALL MY

18          RIGHT, TITLE, AND INTEREST IN ANY

19          PATENTS, COPYRIGHTS, PATENT

20          APPLICATIONS, OR COPYRIGHT

21          APPLICATIONS BASED THEREON."

22          AND IT GOES ON TO DEFINE INVENTIONS AS

23   INCLUDING, BUT NOT LIMITED TO, DISCOVERIES,

24   IMPROVEMENTS, PROCESSES, DEVELOPMENTS, DESIGNS,

25   KNOW-HOW, DATA COMPUTER PROGRAMS, AND SO FORTH.

19

```
 1              AND THE FACT OF THE MATTER IS THERE'S NO
 2    AMBIGUITY HERE.  AND THE WARNERS BROS. CASE DOESN'T
 3    COME TO CLOSE TO THIS CASE, AND THEIRS WASN'T A
 4    DISCOVERY DISPUTE AT ALL.  IT WAS A BENCH TRIAL,
 5    AND OTHER AGREEMENTS THAT WERE SIMILAR AGREEMENTS
 6    WERE PRESENTED DURING THE BENCH TRIAL.  IT WASN'T
 7    AN ISSUE OF BURDEN ADDRESSED BY JUDGE BURNS IN THAT
 8    CASE AT ALL.  BUT THE AMBIGUITY WAS QUITE CLEAR IN
 9    THAT DISPUTE.
10              THEY WERE -- THEY WERE ARGUING IN THAT
11    CASE ABOUT A 1954 AGREEMENT THAT USED THE WORD --
12    OR THE PHRASE "OR OTHERWISE" AND WHETHER "OR
13    OTHERWISE," INCLUDED PUBLICITY RIGHTS.
14              WE DON'T HAVE ANYTHING LIKE THAT HERE.
15    WE'VE GOT A QUITE CLEAR AGREEMENT THAT COVERS
16    COPYRIGHTS.  SO TO GO OFF AND TRY TO FIND SOME --
17    DEAL WITH OTHER PEOPLE'S AGREEMENTS THAT DEAL WITH
18    MATTEL IS A WILD GOOSE CHASE.
19              SECOND, THE CASES THAT ARE CITED BY MGA
20    AND BRYANT IN THIS DISPUTE ARE ALL GAP FILLER
21    CASES, AND WE DON'T HAVE A GAP FILLING PROBLEM
22    HERE.  WE'VE GOT AN INTERPRETATION ISSUE.  AND TO
23    THE EXTENT MGA CAN ARGUE INTERPRETATION, THEY'VE
24    GOT WHAT THEY NEED ON INTERPRETATION.
25              WE HAVE -- MATTEL HAS PRODUCED TO MGA AND
```

20

1   BRYANT ALL FORM AGREEMENTS FOR THE INVENTORSHIP AND

2   FOR THE DISCLOSURES SINCE 1995.   THEY HAVE ALL

3   THOSE FORMS.

4           SO TO THE EXTENT THAT THEY WANT TO ARGUE

5   THAT THERE WAS SOME MATERIAL CHANGE OR SOME

6   LOOPHOLE THAT WAS CREATED BY THE CHANGE IN THE

7   AGREEMENT, REVISIONS OF THE AGREEMENTS OVER THE

8   COURSE OF YEARS, THEY HAVE THE EVIDENCE THAT THEY

9   NEED FOR THAT.

10          SO THEN WE MOVE ON TO THE QUESTION OF --

11  WHICH MR. KENNEDY KIND OF GLOSSED OVER -- AND THAT

12  IS BURDEN.   THE BURDEN HERE IS NOT THE DISCLOSURE

13  OF DOCUMENTS.   THE BURDEN IS THE SEARCH.   AND WE

14  POINTED THAT OUT, BOTH IN THIS OPPOSITION TO THIS

15  MOTION, AND ALSO IN OUR MOTION FOR RECONSIDERATION,

16  THE SEARCH ISSUE, THE THOUSANDS OF EMPLOYEES THAT

17  HAVE GONE THROUGH MATTEL'S EL SEGUNDO HEADQUARTERS

18  OVER THE YEARS.   MANY HAVE GONE, MANY ARE STILL

19  THERE, AND THE BREADTH OF THE REQUESTS THAT THEY'VE

20  MADE, INCLUDING ALL EFFORTS TO ENFORCE COMPLIANCE,

21  ALL FORMS THAT ALL THESE EMPLOYEES HAVE SIGNED.

22  THAT WOULD INCLUDE, OBVIOUSLY, VIRTUALLY EVERYTHING

23  IN THEIR EMPLOYMENT FILES, RANGING FROM MEDICAL

24  AGREEMENTS, TO 401(K)'S, PERFORMANCE RESULTS THAT

25  THEY HAVE TO SIGN, A WHOLE BROAD SWATH OF

21

1   AGREEMENTS THEY HAVE TO SIGN; COMMUNICATIONS WITH

2   EMPLOYEES DURING THE COURSE OF THEIR EMPLOYMENT, AS

.3  TO WHETHER THEY HAD -- IF THEIR ISSUE CAME UP

4   REGARDING MOONLIGHTING OR OTHER SPECIAL SITUATIONS

5   THAT THEY MADE REQUESTS ABOUT; COMMUNICATIONS WITH

6   THEIR SUPERVISORS.

7           THE THOUSANDS AND THOUSANDS OF HOURS THAT

8   IT WOULD TAKE TO TRACK THIS DOWN, ALL FOR

9   INFORMATION THAT HAS NO RELEVANCE, WHERE WE'VE GOT

10  NO AMBIGUITY IN THE CONTRACT, AND WE HAVE NO GAP

11  THAT NEEDS TO BE FILLED.  THAT WE SUBMIT, YOUR

12  HONOR.

13     JUDGE INFANTE:  ALL RIGHT.  LET ME DEAL WITH

14  THE MOTION, WITH RESPECT TO TOPICS 25 AND 52, THE

15  30(B)(6) DEPOSITION NOTICE WHICH ORIGINALLY WAS

16  SERVED ON DECEMBER '04.

17          THE MOTION TO OVERRULE MATTEL'S RELEVANCY

18  OBJECTIONS AND COMPEL DISCOVERY ON THOSE TOPICS IS

19  DENIED.  I FIND THAT BOTH TOPICS BETWEEN THE 25 AND

20  52 ARE GROSSLY OVERBROAD, SEEK IRRELEVANT

21  INFORMATION, AND CREATE UNDUE BURDEN.

22          TO THE EXTENT THAT PORTIONS OF WHAT IS

23  SOUGHT IN THOSE TOPICS IS RELEVANT, THAT RELEVANCY

24  IS SUBSTANTIALLY OUTWEIGHED BY THE ENORMOUS BURDEN

25  IT WOULD TAKE TO PREPARE WITNESSES TO DEAL WITH THE

22

1   SCOPE OF THESE TOPICS.  IN MY VIEW, ALSO, IT'S NOT
2   LIKELY TO LEAD TO ADMISSIBLE EVIDENCE.  AND FOR ALL
3   THOSE REASONS, I WOULD DENY THAT MOTION.
4           NOW, I'D LOOK LIKE TO GO BACK TO THE
5   UNDERLYING MOTION FOR RECONSIDERATION.  WITH
6   RESPECT TO THE DOCUMENT REQUESTS THAT WERE AT ISSUE
7   BACK IN SEPTEMBER, WHICH I ORDERED PRODUCED, WITH
8   RESPECT TO THOSE, MY JUDGMENT IS TO ONLY PARTIALLY
9   GRANT THE MOTION FOR RECONSIDERATION, BY LIMITING
10  MY ORDER TO THE FEW HUNDRED PEOPLE THAT WERE
11  EMPLOYED IN THE DESIGN CENTER -- THE DESIGN CENTER
12  WHERE BRYANT WORKED.
13          ESSENTIALLY, THAT'S THE ONLY CHANGE TO MY
14  ORDER.
15          ARE THERE ANY QUESTIONS WITH RESPECT TO
16  THAT?
17      MR. ALGER:  YOUR HONOR, I DO HAVE A QUESTION AS
18  TO THE LAST PART OF YOUR ORDER.  AND THAT IS:  THE
19  PEOPLE IN THE DESIGN CENTER, IS THAT LIMITED AS TO
20  TIME?  BECAUSE OVER THE COURSE OF YEARS IT WOULD BE
21  QUITE A LARGE NUMBER OF PEOPLE.
22      JUDGE INFANTE:  WELL, I DON'T HAVE THE REQUEST
23  DIRECTLY IN FRONT OF ME, BUT I BELIEVE THE
24  REQUEST -- I DON'T RECALL WHETHER THE REQUEST WAS
25  LIMITED IN TIME.

23

1           COULD YOU HELP ME ON THAT.

2           IF NOT, I WOULD ASK MR. KENNEDY:  WHAT'S

3    YOUR PROPOSAL WITH RESPECT TO SCOPE?

4           I THINK, ROUGHLY, WE WERE TALKING 1995 TO

5    EITHER THE PRESENT OR TO SOMETHING WITHIN A YEAR

6    AFTER THE LAWSUIT WAS FIRST FILED.  I DON'T RECALL

7    OUR DISCUSSION ON THAT PARTICULAR POINT.

8           DO YOU HAVE ANY COMMENTS?

9      MR. KENNEDY:  I DON'T RECALL OUR DISCUSSING

10   SPECIFIC TIME LIMITS IN THE PAST.  BUT WE WOULD

11   CERTAINLY LIVE WITH, SAY, 1998 TO A YEAR AFTER THE

12   FILING OF THE LAWSUIT.

13      JUDGE INFANTE:  ALL RIGHT.  THAT'S ACCEPTABLE.

14   I MEAN, YES, TO THE EXTENT YOU FEEL THESE DOCUMENTS

15   COULD LEAD TO ADMISSIBLE EVIDENCE, TO SHOW MATTEL'S

16   PRACTICES IN CONDUCT, WITH RESPECT TO EMPLOYEE

17   CONFIDENTIAL INFORMATION AND INVENTION AGREEMENTS

18   AND CONFLICT OF INTEREST QUESTIONNAIRES, I'M TRYING

19   TO GIVE YOU SOME OF THAT DOCUMENT DISCOVERY, AND SO

20   1998 TO ONE YEAR AFTER THE FIRST LAWSUIT WAS FILED.

21      MR. ALGER:  AND THAT WOULD -- YOUR HONOR, THAT

22   WOULD BE DESIGNERS; CORRECT?

23      JUDGE INFANTE:  THAT WOULD BE -- WELL, I THINK

24   IT'S DESIGNERS -- IT'S THE PEOPLE THAT WERE

25   EMPLOYED IN THE DESIGN CENTER WHERE BRYANT WORKED.

24

1      OBVIOUSLY, I DON'T KNOW HOW MANY PEOPLE

2   THAT IS.  BUT, AS I RECALL IN THE BRIEFING, IT WAS

3   SUGGESTED THAT THERE WERE APPROXIMATELY 700 PEOPLE,

4   AS OPPOSED TO WHAT WOULD HAVE BEEN THOUSANDS OF

5   PEOPLE, AS THE ORDER ORIGINALLY ADDRESSED.

6      MR. ALGER:  THE REASON WHY I'M ASKING ABOUT

7   DESIGNERS IS THAT I THINK THAT PEOPLE ARE

8   CATEGORIZED IN THE -- IN MATTEL BY THEIR JOB ROLES,

9   SUCH AS DESIGNER, RATHER THAN THEIR PHYSICAL

10  LOCATION.

11      AND, FOR EXAMPLE, RIGHT NOW, MANY OF THE

12  MARKETING PEOPLE AT MATTEL ARE NOW IN THE DESIGN

13  CENTER.  THERE IS A SIGNIFICANT NUMBER OF PEOPLE IN

14  THE DESIGN CENTER THAT ARE NOT DESIGNERS THAT HAVE

15  OTHER TASKS.

16      JUDGE INFANTE:  BUT THE RELEVANCE MAY APPLY,

17  BECAUSE MARKETING PEOPLE SIGNED THESE CRITICAL

18  DOCUMENTS.  THAT COULD BE THE SUBJECT

19  OF VIOLATIONS.  OBVIOUSLY, WE DON'T WANT TO SWEEP

20  IN JANITORS, BUT I DON'T THINK IT SHOULD BE LIMITED

21  TO DESIGNERS.

22      MR. ALGER:  OKAY.  YOUR HONOR.  OKAY.  WE'LL DO

23  OUR BEST ON THAT.  IT IS DIFFICULT TO -- GIVEN THE

24  THOUSANDS OF FILES THAT WE HAVE TO --

25      JUDGE INFANTE:  WELL, I THINK THE ESTIMATE WAS

25

1   700 PEOPLE OR -- WERE EMPLOYED IN THE DESIGN

2   CENTER, THAT'S WHAT THE PAPERS SAID.

3           IN FACT, IF YOU -- IF YOU GO TO PAGE 4 OF

4   YOUR REPLY BRIEF ON THE MOTION FOR RECONSIDERATION,

5   AT LINE 25, FOR EXAMPLE, DISCOVERY IN THE CASE

6   INDICATES THAT APPROXIMATELY 700 PEOPLE ARE

7   EMPLOYED IN THE DESIGN CENTER WHERE BRYANT WORKED.

8           MGA WOULD BE WILLING TO EXPLORE A PHASED

9   PRODUCTION, UNDER WHICH FILES FOR EMPLOYEES, WHILE

10  SIMILARLY SITUATED TO BRYANT, ARE TO BE PRODUCED,

11  AFTER WHICH THE PARTIES CAN EVALUATE ON THAT.

12          WHILE I'M NOT GIVING YOU EXACTLY WHAT YOU

13  ALLUDED TO THERE, I'D LIKE YOU TO PRODUCE THE

14  DOCUMENTS THAT ARE RESPONSIVE TO THOSE REQUESTS

15  THAT I ORDERED, BUT LIMITED TO EMPLOYEES IN THE

16  DESIGN CENTER THAT BASICALLY CAME IN CONTACT WITH

17  CONFIDENTIAL INFORMATION.

18      MR. ALGER:  OKAY, YOUR HONOR.

19      JUDGE INFANTE:  I WOULD LIKE YOU TO PREPARE AN

20  ORDER GRANTING THE MOTION FOR RECONSIDERATION TO

21  THAT EXTENT.  AND YOU CAN MEET AND CONFER REGARDING

22  THE EXACT LANGUAGE OF THAT ORDER.

23          YOU ARE BOTH POSITIONED BETTER THAN I

24  WITH RESPECT TO WHO WOULD FIT WITHIN THAT ORDER.

25      MR. ALGER:  THANK YOU, YOUR HONOR.

26

1    JUDGE INFANTE:  SO THE MOTION FOR

2    RECONSIDERATION IS GRANTED IN PART.  AND PLEASE

3    PREPARE AN ORDER, AND THAT WILL CLOSE THE DOOR ON

4    THAT.

5        YOU MAY ALSO PREPARE AN ORDER THAT IS

6    DENYING MGA'S MOTION TO OVERRULE MATTEL'S RELEVANCY

7    OBJECTIONS AND TO COMPEL DISCOVERY RELEVANT TO

8    MATTEL'S TOPIC 25 AND 52 OF THE 30(B)(6)

9    DEPOSITION.

10    MR. ALGER:  THANK YOU, YOUR HONOR.

11    JUDGE INFANTE:  OKAY.  ANY QUESTIONS?

12    MR. KENNEDY:  YOUR HONOR, I JUST WANT TO MAKE

13    SURE THAT WE HAVE CLOSURE.  IT'S PEOPLE IN THE

14    DESIGN CENTER.  BECAUSE WE HAVE SCULPTORS, FOR

15    EXAMPLE, THAT MIGHT BE DIFFERENT THAN DESIGNERS, SO

16    IT'S NOT BEING LIMITED JUST TO DESIGNERS.

17    JUDGE INFANTE:  NO, IT'S NOT.  IT'S BASICALLY

18    ANYONE WHO CAME IN CONTACT WITH CONFIDENTIAL

19    INFORMATION, THAT WAS REQUIRED TO -- BASICALLY

20    WOULD BE REQUIRED TO SIGN THE EMPLOYEE CONFIDENTIAL

21    INFORMATION AND INVENTIONS AGREEMENT OR VARIOUS

22    VERSES OF IT.

23    MR. KENNEDY:  I'M SORRY, YOUR HONOR.  IN

24    LOOKING AT MY NOTES, I REALIZE MR. BRYANT FIRST

25    WENT TO WORK BACK IN 1995.

27

1  JUDGE INFANTE:  THAT'S WHY I USED '95.

2  MR. KENNEDY:  I PICKED UP ON THAT SUGGESTION.

3  MAY I ASK IT BE -- A MODIFICATION BE MADE

4  FOR 1995 THROUGH A YEAR AFTER THE FILING?

5  JUDGE INFANTE:  THAT'S WHAT I WAS INCLINED TO

6  GIVE YOU UNTIL YOU INSERTED 1998.

7  MR. KENNEDY:  IF WE CAN GO BACK TO THAT

8  PROPOSAL, I WOULD SUGGEST '95.

9  JUDGE INFANTE:  '95 WOULD BE THE RELEVANT DATE.

10  MR. ALGER:  YOUR HONOR, I'M SORRY TO BELABOR

11  THIS.  I KNOW TIME IS WASTING HERE.

12  THE PROBLEM NOW IS THE ORDER KEEPS

13  EXPANDING OUT, AND NOT ONLY DO WE HAVE --

14  JUDGE INFANTE:  NO, IT'S NOT.  MY ORIGINAL

15  ORDER IN SEPTEMBER WAS A LOT WORSE THAN WHAT I JUST

16  ORDERED.

17  THE ARGUMENT IS CEASED ON THIS POINT.

18  THAT IS THE DECISION.

19  SHALL WE MOVE ON.

20  MR. ALGER:  THANK YOU, YOUR HONOR.

21  JUDGE INFANTE:  I WILL HEAR THE NEXT MOTION,

22  WHICH IS ON THE FEBRUARY 6TH LETTER.

23  MATTEL'S MOTION TO COMPEL RESPONSES TO

24  INTERROGATORIES NUMBERS 27 TO 44, 46 TO 50, BY MGA.

25  THIS WAS FILED DECEMBER 21 OF '07.  AND THERE IS A

28

1   RELATED MOTION, MATTEL'S MOTION TO COMPEL RESPONSES

2   TO INTERROGATORIES SERVED ON CARTER BRYANT.   THAT

3   MOTION, I BELIEVE, WAS FILED DECEMBER 13TH OF '07.

4          THOSE MOTIONS MAY BE HEARD.

5      MR. ALGER:   GOOD MORNING, YOUR HONOR.   TIM

6   ALGER AGAIN, STILL ON DECK HERE -- OR THE BATTER'S

7   PLATE.

8          THESE RESPONSES, I'D LIKE TO GO THROUGH

9   AND PROBABLY START OUT BY JUST DEALING WITH THEM IN

10  TOTAL.   AND THAT IS THAT THE FACT OF THE MATTER IS

11  THE RESPONSES ARE SO HEDGED AS TO BE USELESS.   THE

12  OTHER PARTIES -- MGA AND BRYANT, IN THEIR

13  RESPECTIVE RESPONSES, HAVE QUALIFIED THEIR

14  RESPONSES BY REFERENCE TO PATENT LAW, NONE OF WHICH

15  IS IN OUR REQUEST.

16         WE ASK -- WE GIVE VERY CLEAR DEFINITIONS

17  THAT ARE COMPREHENSIVE, AND WE ATTEMPT TO MAKE THEM

18  COMPREHENSIVE BY USING A VARIETY OF WORDS THAT MAKE

19  SURE THAT THEY CAN'T BE AVOIDED, TO AVOID WIGGLE

20  ROOM ON THE OTHER SIDE, SO THEY HAVE TO RESPOND AND

21  GIVE US THE INFORMATION WE SEEK.

22         WHAT THE OTHER SIDE HAS DONE IS AVOID

23  RESPONDING.   THEY TRIED TO PARSE THE -- THESE

24  DEFINITIONS UP, AND TRY TO MAKE OUT THAT WE'RE

25  ASKING A MULTITUDE OF QUESTIONS, WHEN, IN FACT,

29

1   WE'RE SIMPLY TRYING TO BE COMPREHENSIVE.

2   THIS IS NOT A PATENT CASE.  THE REQUESTS

3   ARE NOT GEARED FOR PATENT INFORMATION.  WE'RE

4   ASKING ABOUT THE INVENTION OF THE PRODUCTS, AND

5   IT'S QUITE CLEAR.

6   SECOND, WE HAVE -- AS SHOWN IN OUR PAPERS

7   AND IN THE PAPER TRAIL -- WE'RE SORRY THERE'S SO

8   MUCH PAPER, BECAUSE I SPENT ALL OF YESTERDAY GOING

9   THROUGH IT ALSO, I KNOW HOW VOLUMINOUS IT IS.

10  MGA AND BRYANT HAVE SAID THAT THEY'RE

11  ONLY GOING TO DISCLOSE PRINCIPAL FACTS.  AND THAT'S

12  CONTRARY TO THE LAW.  THE CONTENTION

13  INTERROGATORIES ARE ALLOWED TO ELICIT ALL THE

14  FACTS, AND PARTIES ARE -- CAN BE COMPELLED TO

15  DISCLOSE THEIR POSITIONS, BASED ON THOSE FACTS,

16  SUCH THAT THERE'S NO GUESSING GAME GOING INTO

17  TRIAL.  THEY HAVE TO COMMIT TO A POSITION AND GIVE

18  THE FACTUAL SUPPORT.

19  AT THE END OF THE DAY, WE NEED AN ORDER

20  THAT REQUIRES MGA AND BRYANT TO GIVE COMPLETE AND

21  FULL RESPONSES WITHOUT CONDITION, AND -- TO THESE

22  INTERROGATORIES, AND OVERRULING ANY OBJECTION SO WE

23  GET STRAIGHT ANSWERS TO THE REQUESTS.

24  THERE ARE SOME SPECIFIC CATEGORIES THAT

25  WE SHOULD ALSO TOUCH ON THAT -- MY ARGUMENT THUS

30

1   FAR HAS DEALT MOSTLY WITH THE CONTENTION-TYPE

2   INTERROGATORIES AND THE 'ROGS INVOLVING THE TIMING

3   OF INVENTIONS.  BUT ALSO JUST TO TOUCH ON THE OTHER

4   ISSUES, WE -- THE FORMER MATTEL EMPLOYEES REQUEST,

5   WHICH IS 'ROG 41 IN THE MGA REQUEST, AND I THINK

6   BRYANT HAS A SIMILAR -- HAVE SIMILAR NUMBERING --

7   THEY REFUSE TO GIVE US FIRST CONTACT INFORMATION

8   AND INTERVIEW INFORMATION FOR THESE PEOPLE, WHICH

9   IS RELEVANT TO OUR CLAIMS REGARDING THE FACT THAT

10  MGA INDUCED PEOPLE TO COME TO THEM, AND INDUCED

11  PEOPLE TO TAKE INFORMATION WITH THEM -- CONTINUE TO

12  WORK AT MATTEL AND TAKE INFORMATION WITH THEM AS

13  THEY DEPARTED.

14        WE ALSO -- WE'VE ALSO FOUND THAT THERE IS

15  A LACK OF INFORMATION ABOUT DOCUMENTS THROUGHOUT

16  ALL THESE INTERROGATORIES, AND I THINK THAT'S QUITE

17  CLEAR.  VIRTUALLY EVERY INTERROGATORY LACKS ANY

18  SPECIFICATION OF DOCUMENTS.

19        MATTEL IN ITS INTERROGATORY RESPONSES HAS

20  PROVIDED IDENTIFICATION OF DOCUMENTS BY BATES

21  NUMBER.  WE FULLY RESPONDED TO THE INTERROGATORY --

22  CONTENTION INTERROGATORIES.

23        WE ALSO -- THE INTERROGATORIES 48 AND 49,

24  ASKING ABOUT TRADE DRESS ARE GROSSLY INADEQUATE.

25  THERE'S VIRTUALLY NO INFORMATION ABOUT THE TRADE

31

1   DRESS CLAIMS IN 48 AND 49.

2            THERE'S VIRTUALLY NO INFORMATION ABOUT

3   THE COPYING OF PRODUCTS AND PACKAGING, 43 AND 44.

4   AND THEN ON 39, WHICH ASKED FOR BANK ACCOUNT

5   INFORMATION, THERE'S NO RESPONSE AT ALL.   AND THE

6   ARGUMENT MADE THERE, WHICH I'M SURE WE'LL HEAR, IS

7   THAT THIS IS GOING TO BURDEN OTHER PARTIES WITH

8   SUBPOENAS.   AND THAT'S -- THAT'S AN IMPROPER

9   OBJECTION.

10            THIS IS BASIC INFORMATION THAT'S READILY

11   AVAILABLE TO THE DEFENDANTS AND THEY SHOULD BE ABLE

12   TO PROVIDE IT TO US.   AND, AS TO THE BURDEN, THE

13   PROPRIETY AND THE BURDEN THAT'S IMPOSED BY ANY

14   SUBPOENAS THAT MIGHT OR MIGHT NOT COME, THAT SHOULD

15   BE ADDRESSED AT THE APPROPRIATE TIME.

16            FINALLY, SOURCES OF DOCUMENTS.   WE'RE

17   GOING TO HAVE A DISCUSSION ABOUT THAT IN A FEW

18   MOMENTS.   IT'S INTERESTING THAT THEY -- MGA IS

19   SEEKING INFORMATION ABOUT OUR SOURCES OF DOCUMENTS

20   IN 40 -- IN THEIR INTERROGATORIES AND IN THEIR

21   MOTION ON E-MAILS, BUT ON 40 AND 47, THEY REFUSE TO

22   GIVE US A RESPONSE.

23            AND THEN, FINALLY, 46, INVOLVING THE

24   DISPUTES BETWEEN MGA'S PRIOR COUNSEL AND MGA, WE'VE

25   EXPRESSLY EXCLUDED -- WE'VE EXPRESSLY EXCLUDED

32

1    PRIVILEGED DOCUMENTS AND INFORMATION FROM THAT

2    REQUEST, AND THEY SHOULD BE COMPELLED TO ANSWER

3    THAT QUESTION AS WELL.

4            WE'VE MADE QUITE CLEAR THAT -- THAT

5    THEY -- THEY MADE PUBLIC STATEMENTS ABOUT THE

6    DEPARTURE OF FORMER COUNSEL, AND THERE'S REASONS TO

7    BELIEVE THAT THERE MAY HAVE BEEN AN EFFORT TO

8    PURSUE AN ILLEGAL COURSE OF CONDUCT, WHICH IS NOT

9    PRIVILEGED, IN ANY EVENT.  SO WE -- THEY SHOULD BE

10   ABLE TO GIVE US AN ANSWER TO 46 WITHOUT A PROBLEM.

11           THANK YOU, YOUR HONOR.

12       JUDGE INFANTE:  THANK YOU, MR. ALGER.

13           I'LL HEAR FROM MGA.

14     MR. KENNEDY:  THANK YOU, YOUR HONOR.

15           FIRST, BEFORE THIS MOTION WAS FILED ON

16   DECEMBER 20, WE TOLD MATTEL THAT WE WERE GOING TO

17   BE FILING SUBSTANTIAL SUPPLEMENTAL RESPONSES, AND

18   WE WENT AHEAD AND DID SO ON JANUARY 7.

19           WE ALSO FILED FURTHER, NOT QUITE AS

20   SUBSTANTIAL, BUT CLARIFYING OUR SUPPLEMENTAL

21   RESPONSES ON JANUARY 28.  AND WE NEVER HEARD ONE

22   WORD OR COMPLAINT ABOUT THE ADEQUACY OF THOSE

23   SUPPLEMENTAL RESPONSES.

24           SO WE'RE REALLY HERE TODAY WORKING ON

25   YESTERDAY'S NEWS, BUT THIS IS WHAT'S BEFORE THE

33

1   COURT.

2           THE SITUATION IS THE SAME FOR MR. BRYANT.

3   HE ALSO FILED VERY SUBSTANTIAL ADDITIONAL

4   RESPONSES, SO I QUESTION WHETHER WE REALLY EVEN

5   HAVE A TIMELY MOTION BEFORE US.

6           ON A PROCEDURAL FRONT ALSO, ON

7   FEBRUARY 4, JUDGE LARSON CLARIFIED, AND THAT

8   CLARIFICATION WAS NEEDED, THAT PHASE II DISCOVERY

9   IS BIFURCATED.  AND I SUBMIT, AT LEAST AS TO

10  QUESTIONS 43, 44, 48, 49, 50, ARE CLEARLY ALL

11  PHASE II, AND THERE MAY BE PORTIONS OF SOME OF THE

12  OTHERS THAT ARE AS WELL.

13          TO THE EXTENT THE COURT WILL ADDRESS THE

14  SUBSTANTIVE COMPLAINTS, I THINK THEY CAN BE

15  GROUPED.  THE BIGGEST ONE IS THE CONTENTION

16  INTERROGATORIES, IF I CAN CALL THEM THAT, ASKED FOR

17  ALL FACTS, EVIDENCE, ET CETERA, THAT YOU'RE GOING

18  TO RELY UPON AT THE TIME OF TRIAL.

19          I THINK IF THE COURT LOOKS PARTICULARLY

20  AT THE SUPPLEMENTAL RESPONSES THAT HAVE BEEN FILED

21  SINCE THIS MOTION WAS FILED, THE NAMES OF ALL

22  WITNESSES, THE CATEGORIES OF DOCUMENTS, THEORIES,

23  THEMES, ET CETERA, ARE SET FORTH, FULLY COMPLYING

24  WITH THE CASE.

25          MATTEL KEEPS COMPLAINING THAT THEY'RE

34

1    GOING TO SOMEHOW BE SANDBAGGED.  WELL, I SUSPECT

2    THAT'S THE REASON WE'VE GOT RULE 16, AND WHY

3    PARTIES ARE REQUIRED TO MEET AND CONFER IN ADVANCE

4    OF THE FINAL C.M.C., WHICH IS COMING UP.

5            IN SOME WAYS MATTEL IS ASKING FOR EVEN

6    MORE THAN THE RULE 16 PROCEDURE FULFILLS, AND THERE

7    IS NEITHER CASE SUPPORT NOR LOGIC FOR THAT.  WE

8    WOULDN'T HAVE ALL OF THESE FINAL CASE MANAGEMENT

9    CONFERENCE PROCEDURES IF THEY WEREN'T INTENDED TO

10   SOMEHOW SUPPLEMENT WHAT'S COME BEFORE, RATHER THAN

11   BEING A LESSER INCLUDED WITHIN.

12           THE NEXT BIG CATEGORY IS THE BRATZ

13   INVENTION.  AND I WAS WORKING ON THIS MOTION OVER

14   THE WEEKEND.  AND THIS IS THE EQUIVALENT TO THE

15   KIND OF PERSONAL INJURY CASES I USED TO HANDLE.

16   SOMEBODY SENDS A REQUEST FOR ADMISSION SAYING, "I

17   WANT YOU TO ADMIT THAT YOUR CLIENT CAUSED THE

18   INTERSECTION ACCIDENT.  OH, BY THE WAY, WE DEFINE

19   'CAUSE' AS MEANING THAT YOU OPERATED YOUR CAR IN

20   SUCH A WAY THAT YOU HAPPENED TO ARRIVE AT THE

21   INTERSECTION AT THE SAME TIME MY CLIENT DID."  AND

22   THEN PLAY THAT SOUND BITE FOR THE JURY, THE

23   DEFENDANT ADMITS HE CAUSED THE ACCIDENT.  NO COURT

24   WOULD LET THAT KIND OF CONFUSION IN, THAT'S WHY 403

25   EXISTS.  THAT'S EXACTLY WHAT WE'VE GOT HERE.

35

1        WE'VE ADMITTED AND TOLD THEM WHAT

2    DOCUMENTS WE BELIEVE WERE GENERATED BACK AT THAT

3    PERIOD OF TIME, WHAT IDEAS WERE CONCEIVED.  BUT

4    THEY'VE GOT THIS CONVOLUTED DEFINITION, WHICH IS

5    THE HIGH TECH EQUIVALENT OF ADMITTING YOU CAUSED AN

6    ACCIDENT BECAUSE YOU HAPPENED TO BE THERE.

7        THE FORMER EMPLOYEE CATEGORY, WE'VE

8    PROVIDED THEM WITH NAMES, HIRING DATES, INCLUSIVE

9    DATES OF EMPLOYMENT FOR 188 PEOPLE, WHO AT ONE TIME

10   OR ANOTHER WORKED FOR MATTEL.

11       THEY NOW WANT THE DATE OF FIRST CONTACT,

12   WHEN CONCEIVABLY SOMEBODY FROM MGA RAN INTO ONE OF

13   THESE PEOPLE DOWN AT THE BOWLING ALLEY, AND THEY

14   SAID THEY WERE UNHAPPY AT MATTEL, AND WE SAID,

15   "GEE, YOU SHOULD REALLY CONSIDER COMING TO MGA, IF

16   YOU'RE THAT UNHAPPY," EVEN IF THAT OCCURRED A YEAR

17   BEFORE.  THAT IS MERELY A MAKE WORK FILLER.

18       IF THEY'VE GOT PARTICULAR PEOPLE ON THAT

19   LIST OF 188, THAT THERE'S REALLY A REASON TO HAVE

20   TO KNOW THE FIRST CONTACT, I CAN UNDERSTAND WHERE

21   THAT MIGHT BE A LEGITIMATE SOURCE.  BUT JUST MAKING

22   US SPIN OUR WHEELS TO TRY TO FIGURE OUT WHEN EACH

23   OF THE -- EACH OF THOSE 188 FIRST HAD CONTACT, IS

24   JUST INTENDED TO DIVERT US FROM TRIAL PREPARATION.

25       40 AND 47, EARLY WORK ON BRATZ, BOTH HAVE

36

1    BEEN SUBSTANTIALLY SUPPLEMENTED, BEYOND WHAT'S

2    BEING COMPLAINED ABOUT.

3         BANK ACCOUNTS, WE HAVE GIVEN THEM 37,000

4    PAGES OF FINANCIAL INFORMATION ALREADY.

5         AND FINALLY, ON NUMBER 46, THE DISPUTE

6    WITH FORMER COUNSEL, THE REASONS -- THE

7    NONPRIVILEGED REASONS HAVE BEEN SAID IN THE PRESS,

8    I'M NOT QUITE SURE WHERE THEY WANT TO GO.

9    MR. NOLAN EVEN MADE SOME OF THOSE COMMENTS IN HIS

10   DEPOSITION.

11        BEYOND THAT, THEY SAY WE MAY HAVE A

12   COVERUP OF A FRAUD, WHICH IS 100 PERCENT THE

13   PRODUCT OF MATTEL'S FERTILE IMAGINATION.  AND IF

14   THEY DID THINK THEY HAVE THAT, SEEMINGLY THEY COULD

15   INVOKE THE CRIME FRAUD EXCEPTION, AND THEY WOULDN'T

16   BE LIMITING IT TO NONPRIVILEGED MATERIALS.

17        IF THE COURT HAS QUESTIONS ON THAT ONE,

18   FINE.  I THINK THAT WAS PURELY A HAIL MARY TASK

19   THROWN UP TO SEE IF THEY MIGHT GET LUCKY.

20        BEYOND THAT, OBVIOUSLY, THERE ARE

21   NUMEROUS NUANCES THAT WE'VE TRIED TO COVER IN THE

22   PAPERS.  I DON'T WANT TO REPEAT ALL OF THOSE.  IT

23   IS BEFORE -- IF THE COURT HAS QUESTIONS, I WOULD BE

24   PLEASED TO TRY TO RESPOND.

25        JUDGE INFANTE:  I JUST WANT TO CLARIFY, THE

1    DATES OF YOUR SUPPLEMENTAL RESPONSES WERE DUE IN

2    JANUARY; CORRECT?

3        MR. KENNEDY:  JANUARY 7 AND JANUARY 28, YOUR

4    HONOR.

5        MR. ALGER:  YOUR HONOR, IT'S TIM ALGER.  MAY I

6    BE HEARD FOR JUST A MOMENT?

7        JUDGE INFANTE:  YES.

8        MR. ALGER:  ALL MY ARGUMENTS ARE RELATED TO THE

9    MOST RECENT SET OF INTERROGATORY RESPONSES.

10           THE REQUESTS THAT -- THE RESPONSES THAT

11   WERE PROVIDED TO US IN JANUARY ARE JUST AS

12   INADEQUATE AS THE PREVIOUS SET.  THEY'VE ADDED A

13   FEW THINGS.  THEY'VE ADDED AN ADDITIONAL CONTENTION

14   ABOUT THE -- THE INVENTORSHIP AGREEMENT NOT

15   REACHING COPYRIGHT.  THE SUBJECT MATTER WAS NOT IN

16   THEIR EARLIER ONES.  BUT OTHER THAN THAT, IT'S

17   PRETTY MUCH THE SAME STUFF.  AND I WENT THROUGH

18   THEM IN GREAT DETAIL YESTERDAY FOR HOURS.  AND IT'S

19   THE SAME INADEQUACIES AS THE EARLIER ONES.

20           SO I DON'T -- I DON'T WANT THERE TO BE

21   ANY CONFUSION THAT I'M ARGUING BASED ON EARLIER

22   RESPONSES.  THE SUPPLEMENTALS ARE STILL INADEQUATE.

23   AND AS MR. KENNEDY TOUCHED ON, YOU KNOW, THE

24   CONTENTION INTERROGATORIES THEY HAVE GIVEN US -- IN

25   MR. KENNEDY'S WORDS, I WROTE IT DOWN -- CATEGORIES

38

1    OF DOCUMENTS.   THAT'S NOT WHAT THE INTERROGATORIES

2    ASK FOR.   THEY ASK FOR THE ACTUAL -- THE DOCUMENTS

3    THAT SUPPORT THEIR CONTENTIONS.   AND THE --

4    MR. KENNEDY ALSO USED THE WORD "VARIOUS THEMES."

5    IF YOU LOOK AT THEIR RESPONSES -- AND THE SAME GOES

6    FOR THE BRYANT RESPONSE, THEY'RE CONCLUSORY IN

7    NATURE.   THEY'RE JUST CONTENTIONS, AND THEY DON'T

8    GIVE US ANY FACTS.

9            THE EXAMPLE IS THEY REPEATEDLY TALK ABOUT

10   OTHER EMPLOYEES MOONLIGHTING.   WELL, THEY DON'T

11   IDENTIFY OTHER EMPLOYEES THAT ARE MOONLIGHTING.

12   THEY DON'T GIVE US ANY FACTS TO SUPPORT THE IDEA

13   THAT THERE WAS PREVALENT MOONLIGHTING GOING ON AT

14   MATTEL.   IT'S JUST CONTENTIONS.

15            AND, AT THIS POINT, WITH DISCOVERY ON

16   PHASE I CLOSED, THERE'S NO REASON WHY THEY CAN'T

17   GIVE US THE ANSWERS TO THESE INTERROGATORIES.

18       JUDGE INFANTE:   DOES CARTER BRYANT'S COUNSEL

19   WISH TO ADDRESS THE ISSUES?

20       MR. PAGE:   YOUR HONOR, I'LL KEEP IT SHORT.

21   JUST SO THE RECORD IS CLEAR, A COUPLE OF THE

22   INTERROGATORIES MR. ALGER SPOKE ABOUT ARE NOT

23   ASSERTED AGAINST CARTER BRYANT:   THAT'S NUMBERS 41

24   AND 46.   THOSE ARE INCLUDED IN THE MOTION AGAINST

25   CARTER BRYANT.   SO I JUST WANT TO MAKE SURE THAT

39

1    WAS -- THAT'S CLEAR TO THE COURT.

2              I JUST WANT TO REITERATE WHAT MR. KENNEDY

3    SAID ABOUT THE RECEIPT OF THIS MOTION.  CARTER

4    BRYANT HAS -- CARTER BRYANT HAS SUPPLEMENTED HIS

5    RESPONSES TO THE INTERROGATORY AT ISSUE TWICE OVER

6    SINCE THIS MOTION WAS FILED.  MATTEL KNEW THE FIRST

7    ROUND WAS COMING; THEY NEVER MET AND CONFERRED

8    ABOUT THAT WITH REGARD TO THE SUPPLEMENTATION ON

9    DECEMBER 17.  NONETHELESS, WENT AHEAD AND SET THE

10   SECOND SUPPLEMENTATION ON JANUARY 28.  THEY NEVER

11   SOUGHT TO MEET AND CONFER ABOUT THAT.

12             SO MR. ALGER'S COMMENTS TODAY ABOUT THE

13   SUPPLEMENTAL RESPONSE IS THE FIRST WE EVER HEARD

14   FROM MATTEL THAT THEY HAVE SUBSTANTIVE ISSUES WITH

15   THOSE RESPONSES.

16             BRIEFLY ON THE CONTENTION 'ROGS -- THE

17   CONTENTION INTERROGATORIES, YOUR HONOR -- THESE

18   INTERROGATORIES ARE FRAMED -- IF YOU LOOK AT THEM,

19   YOU CAN SEE THAT THEY'RE FRAMED SO BROADLY THAT

20   THEY'RE BASICALLY ASKING FOR CARTER BRYANT'S ENTIRE

21   DEFENSE IN THE CASE.  THEY WANT ALL FACTS, ALL

22   DOCUMENTS, RELATED TO CARTER BRYANT'S ENTIRE

23   DEFENSE IN THE CASE.  THIS IS A CASE WITH MILLIONS

24   OF DOCUMENTS, HUNDREDS OF HOURS OF DEPOSITION

25   TESTIMONY, AND DECIDED CASE AFTER CASE MATTEL HAS

40

1    ARGUED THAT ALL FACTS, CONTENTION INTERROGATORIES,

2    IS ABUSIVE -- AND, YOU KNOW, WHAT IS APPROPRIATE TO

3    SEEK MATERIAL OR PRINCIPLE FACTS, NOT TO SUMMARIZE

4    THE ENTIRE CASE IN ONE INTERROGATORY RESPONSE.  AND

5    I BELIEVE CARTER BRYANT HAS DONE THAT.  HE PROVIDED

6    A DETAILED ROAD MAP OF WHAT HE BELIEVES SUPPORTS

7    HIS CONTENTIONS.  AND I THINK IF THE COURT TAKES A

8    CLOSER LOOK AT THE SUPPLEMENTAL RESPONSES,

9    HOPEFULLY IT WILL AGREE.

10           BRIEFLY, YOUR HONOR, ON INTERROGATORY

11   NUMBER 39, WHICH ASKS FOR THE IDENTITY OF ALL OF

12   CARTER BRYANT'S BANK ACCOUNTS AND OTHER FINANCIAL

13   ACCOUNTS, IT WOULD -- WITH THE EXPRESSED UNDERLYING

14   THOUGHT THAT MATTEL WOULD THEN SEEK TO GO AFTER ALL

15   THOSE OTHER RECORDS.

16           CARTER BRYANT HAS PRODUCED COPIOUS

17   AMOUNTS OF FINANCIAL DISCOVERY ALREADY, AND

18   INCLUDED IN ALL THE INFORMATION THAT MATTEL SHOULD

19   NEED, FOR THE REASONS WHY THEY CLAIM THEY NEED THIS

20   INTERROGATORY, AND CARTER BRYANT PRODUCED RECORDS

21   SHOWING ALL THE PAYMENTS HE RECEIVED FROM MGA OR

22   ISAAC LARIAN; HE PRODUCED DOCUMENTS SHOWING HIS NET

23   WORTH; HE PRODUCED ALL THE EXISTING PROFIT AND LOSS

24   STATEMENTS FOR CARTER BRYANT ENTERPRISES, WHICH IS

25   HIS COMPANY THROUGH WHICH HE WORKS.  AND LOTS AND

41

1    LOTS OF OTHER DOCUMENTS, WHICH IS ADDRESSED IN MY

2    SUPPLEMENTAL DECLARATION SERVED, THAT WE HAVE ALL

3    OF THE DISCOVERY ON THESE TOPICS THEY LEGITIMATELY

4    NEED.

5         IT'S WORTH NOTING WE HAVE A PARTICULAR

6    AGREEMENT WITH COUNSEL FOR MATTEL, AS TO THE

7    CATEGORY OF DOCUMENTS THAT WE WOULD -- THIS IS IN

8    CONNECTION WITH THE SUBPOENA SERVED ON CARTER

9    BRYANT'S ACCOUNTS.  WE'VE LIMITED THE SCOPE OF THE

10   SUBPOENA TO CATEGORIES THAT MATTEL'S SAID, OKAY,

11   THIS IS WHAT WE NEED, THIS IS FINE, AND WE PRODUCED

12   THOSE DOCUMENTS.

13        BUT NOW THEY'RE CONTINUING TO SEEK ABOVE

14   AND BEYOND WHAT THEY AGREED IS WHAT THEY NEEDED,

15   AND ALSO SECRETLY SUBPOENAED CARTER BRYANT'S BANK,

16   WHICH OBVIOUSLY THEY HAVE THE IDENTITY OF, AND

17   THAT'S SUBJECT TO A -- A SEPARATE PENDING MOTION TO

18   QUASH THAT SUBPOENA, YOUR HONOR.

19        UNLESS THE COURT HAS ANY QUESTIONS, I'M

20   OTHERWISE READY TO SUBMIT THE PAPERS.

21        JUDGE INFANTE:  THANK YOU.

22        I'LL TAKE BOTH OF THESE MOTIONS UNDER

23   SUBMISSION AND I'LL ISSUE AN ORDER WITHIN THE NEXT

24   FEW DAYS.

25        MR. ALGER:  THANK YOU, YOUR HONOR.

42

```
 1        MR. PAGE:  THANK YOU, YOUR HONOR.

 2        MR. KENNEDY:  THANK YOU.

 3        JUDGE INFANTE:  LET ME SEE.  I WANT TO CHECK

 4   ONE THING.  GIVE ME A MOMENT.

 5             OKAY.  MGA'S MOTION TO COMPEL MATTEL TO

 6   PRODUCE E-MAIL.

 7             YOU MAY PROCEED.

 8        MR. KENNEDY:  THANK YOU.  RAOUL KENNEDY AGAIN.

 9             AS I UNDERSTAND IT, MATTEL'S POSITION

10   COMES DOWN TO A REASONABLE SEARCH FOR ALL

11   POTENTIALLY RESPONSIVE DOCUMENTS, WHICH ALLOWS

12   MATTEL TO SIMPLY DECIDE BOTH LIVE E-MAIL AND E-MAIL

13   BACKUP TAPES NEED TO BE SAMPLED, EXAMINED, OR

14   CONSIDERED, BECAUSE IF YOU TRY TO CONSIDER THEM

15   COMPLETELY AND IN THEIR ENTIRETY, THAT WOULD BE

16   BURDENSOME.

17             AND MATTEL JUST GRANTED ITSELF LIMITED

18   DISPENSATION OR PROTECTIVE ORDER, WITHOUT BOTHERING

19   TO TELL US OR THE COURT ABOUT IT.  AND WE SUBMIT A

20   REASONABLE SEARCH INCLUDE SOME EFFORT TO LOCATE

21   RESPONSIVE DOCS FROM ALL SOURCES.

22             AND AGAIN WITH THAT BACKGROUND, I PROPOSE

23   THE FOLLOWING:  THAT, FIRST, MATTEL -- LET ME BACK

24   UP.

25             AS I UNDERSTAND IT, THE TAPES ONLY GO
```

43

1    BACK TO 2004 OR 2005. MATTEL CAN GIVE US THE EXACT

2    DATE.  BUT I WOULD PROPOSE MATTEL BE REQUIRED TO

3    SEARCH FOR THE KEY WITNESSES THAT ARE IDENTIFIED IN

4    EXHIBITS 14 AND 15 TO THE SUPPLEMENTAL DECLARATION

5    OF ROB HARRINGTON THAT WAS FILED IN SUPPORT OF THE

6    PRESENT MOTION.  THAT'S 68 PEOPLE WHO WERE EITHER

7    ON MGA'S, BRYANT'S, OR I BELIEVE IN SOME CASES

8    MATTEL'S INITIAL DISCLOSURE LISTS, AND FOR WHOM NO

9    CHECK OR INSPECTION APPARENTLY WHATSOEVER HAS BEEN

10   DONE.

11            IN ADDITION, THE KEYWORDS MGA HAD BEEN --

12   I'M SURE YOUR HONOR KNOWS BY NOW, IT'S MATTEL'S

13   CODE FOR MGA -- BRATZ, LARIAN, AND BRYANT, BE

14   CHECKED.  THEY TELL US THEY HAVE A 90-DAY DELETE

15   POLICY, SO THEY REALLY ONLY OUGHT TO HAVE TO REVIEW

16   TAPES, 60-, 75-, OR 80-DAY INTERVALS.  THEY

17   SHOULDN'T HAVE TO CHECK EVERY DAY FOR EACH OF THOSE

18   PARTICULAR CATEGORIES.

19            AS I SAID, WE WOULD BE TALKING FROM

20   FEBRUARY 2004, AT 90-DAY INTERVALS, FOR A VERY

21   LIMITED SEARCH.

22            IN ADDITION, MATTEL PUT IN A DECLARATION

23   SAYING IN CONNECTION WITH THE MY SCENE, M-Y

24   S-C-E-N-E, AND DIVA STARZ LITIGATION, BACK IN 2002

25   AND 2003, MATTEL PRESERVED SOME UNKNOWN NUMBER OF

44

1  E-MAILS AND TAPES, NO INDICATION EXACTLY WHAT THAT

2  WAS.

3      I URGE THAT THE SAME SEARCH OF LIMITED

4  NATURE THAT I JUST DESCRIBED BE ORDERED FOR THOSE

5  TAPES AS WELL.  AND, FINALLY, WE'RE TALKING ABOUT

6  4,000 TAPES.  I COULD SEE THERE WOULD BE A WHOLE

7  LOT OF THEM THAT COULD BE TOTALLY IRRELEVANT, BUT

8  WE NEED AN INDEX.  AND I WOULD URGE THAT MATTEL BE

9  GIVEN THE OPTION, NOT THE REQUIREMENT, BUT THE

10  OPTION TO, IF THEY WANT TO PROVIDE US AN INDEX BY

11  TAPE, SHOWING THE INDIVIDUALS WHOSE E-MAIL ACCOUNTS

12  WERE KEPT ON THAT TAPE, WE MIGHT VERY WELL BE ABLE

13  TO REACH A SIGNIFICANT LIMITATION, BUT THAT ISN'T

14  RELIEF WE SPECIFICALLY REQUESTED IN THE MOTION, SO

15  I DON'T THINK IT'S SOMETHING I COULD ASK FOR IN

16  THIS ORDER.

17      I SUBMIT, AGAIN, WITH THAT KIND OF

18  PROPOSAL, THAT PARES THIS DOWN TO STUFF THAT'S

19  REALLY ESSENTIAL, BUT TO THE CASE AND WOULD

20  CONSTITUTE A REASONABLE SEARCH THAT MATTEL HAS YET

21  TO UNDERTAKE.

22      ONCE AGAIN, UNLESS THERE ARE ANY

23  QUESTIONS, I DON'T WANT TO REPEAT WHAT'S IN THE

24  PAPERS.

25      JUDGE INFANTE:  THANK YOU, VERY MUCH.

45

1    MR. TAYBACK:  IT'S CHRISTOPHER TAYBACK

2    ADDRESSING THIS PARTICULAR MOTION.

3         GOOD MORNING, YOUR HONOR.

4    JUDGE INFANTE:  GOOD MORNING.

5    . MR. TAYBACK:  IT'S ACTUALLY MY FIRST APPEARANCE

6    IN THIS PARTICULAR CASE.

7         BUT I GUESS I WANT TO START WITH THE

8    PREMISE THAT, ACTUALLY, NONE OF THE THINGS THAT

9    MR. KENNEDY JUST ASKED FOR ARE ASKED FOR IN THE

10   MOTION.  THE MOTION SAYS MATTEL HAS TO GO OUT AND

11   SEARCH -- AND THIS IS FROM PAGE 2, LINE 1 AND 2 OF

12   ITS MOTION -- SEARCH ITS E-MAIL, INCLUDING ARCHIVED

13   E-MAIL AND E-MAIL BACKUP TAPES FOR RESPONSIVE

14   DOCUMENTS.

15        OUR POSITION HAS BEEN ALL ALONG, AS I

16   THINK WAS REPRESENTED TO THE COURT, YOUR HONOR,

17   WITH RESPECT TO THE -- IN THE COTTAGE (PHONETIC) OF

18   THE MAY HEARING ON VARIOUS MOTIONS, AND ALSO IN THE

19   SEPTEMBER HEARING OF VARIOUS MOTIONS, THAT THERE

20   ARE OODLES, TO USE A TECHNICAL TERM, OF ELECTRONIC

21   DATA COMPILATIONS, INCLUDING E-MAIL BACKUP TAPES.

22   AND IT WOULD COST -- TO DO A WHOLESALE RESTORATION

23   OF THESE WOULD COST TENS OF MILLIONS OF DOLLARS.

24        AND WE HAVE SAID THAT UP FRONT, IN

25   CONNECTION WITH THE EARLY HEARING, THE ONE THAT

46

1    RESULTED IN THE MAY ORDER BY YOUR HONOR.  YOUR

2    HONOR CONSTRUED THE REQUEST TO WHICH WE HAD

3    OBJECTED AS BEING UNDULY BURDENSOME IN A

4    SUFFICIENTLY NARROW MANNER AS TO SAY, LOOK, YOU

5    DON'T NEED TO SEARCH ALL YOUR TAPES.  LOOK, YOU

6    DON'T NEED TO SEARCH E-MAILS FOR EVERY EMPLOYEE.

7    YOU NEED TO SEARCH ONLY CERTAIN OF THESE SPECIFIC

8    PEOPLE THAT -- YOU NEED TO DO A REASONABLE SEARCH

9    TO FIND RESPONSIVE DOCUMENTS WITH RESPECT TO THESE

10   SPECIFIC PEOPLE ENGAGED IN THESE SPECIFIC KINDS OF

11   COMMUNICATIONS.

12       JUDGE INFANTE:  I DID NOT DEFINE A REASONABLE

13   SEARCH.

14       MR. TAYBACK:  NO, YOU DID NOT.

15           AND IT'S OUR CONTENTION WHAT WE HAVE

16   DONE -- AND WE RECITE IN SOME DETAIL IN OUR MOTION

17   AT PAGES -- IN OUR OPPOSITION, RATHER, AT PAGES 7

18   AND 8, ALL OF THE VAST, VERY SIGNIFICANT ELECTRONIC

19   DATA COMPILATIONS THAT WE HAVE SEARCHED, MANY OF

20   WHICH INCLUDE ARCHIVED E-MAILS OR E-MAILS CONTAINED

21   IN WHAT'S CALLED SHARED SPACE, TO GATHER RESPONSIVE

22   DOCUMENTS.

23           WHAT THIS MOTION IS THE RESULT OF IS

24   ESSENTIALLY AN -- A QUESTION BY MGA FOR US TO

25   DESCRIBE SPECIFICALLY, WHAT DID WE SEARCH, WHAT

47

1   HAVEN'T WE SEARCHED, WHOSE E-MAILS HAVE WE CHECKED,

2   HOW HAVE WE CHECKED THEM.  AND, ESSENTIALLY, THAT'S

3   A QUESTION THAT'S PENDING AS AN INTERROGATORY.

4            BOTH PARTIES HAVE PROPOUNDED AN

5   INTERROGATORY ALONG THOSE LINES.  THAT'S THE

6   SUBJECT OF ANOTHER MOTION, BECAUSE MGA

7   CATEGORICALLY REFUSED TO PROVIDE US WITH THAT

8   INFORMATION; INFORMATION AIMED AT FINDING OUT WHAT

9   DID YOU DO, HOW DID YOU SEARCH, WHAT DIDN'T YOU

10  SEARCH.

11           AT THE END OF THE DAY, THOUGH, AND A

12  POINT MR. KENNEDY MADE, I THINK THIS PARTICULAR

13  ISSUE IS MUCH ADO ABOUT NOTHING, FOR THE FOLLOWING

14  REASON, WHICH IS NOT ADDRESSED IN ANYBODY'S PAPERS

15  BECAUSE IT JUST HAPPENED, JUDGE LARSON STAYED

16  DISCOVERY, NOT JUST BIFURCATED IT, STAYED IT, WITH

17  RESPECT TO PHASE II.

18           AND AS MR. KENNEDY JUST ALLUDED TO, THE

19  E-MAIL BACKUP TAPES ONLY GO BACK TO APRIL OF 2005.

20  THERE IS, I SUBMIT, VIRTUALLY NOTHING THAT COULD BE

21  ON THE E-MAIL BACKUP TAPES FROM APRIL 2005 TO THE

22  PRESENT THAT RELATES TO PHASE I.  SIMILARLY, AND

23  EVEN MORE POINTEDLY, THE IDEA OF SEARCHING A LIVE

24  E-MAIL SERVER THAT ONLY HAS A 90-DAY WINDOW OF

25  TIME, IS NOT LIKELY AT ALL TO LEAD TO RESPONSIVE --

48

1    TO DISCOVERABLE OR ADMISSIBLE EVIDENCE.  AND I

2    THINK EITHER ONE IS JUST NOT A FRUITFUL WAY OF

3    CONDUCTING A REASONABLE SEARCH, ESPECIALLY GIVEN

4    THE COST CONCERNS.

5         NOW, I'VE HEARD FOR THE FIRST TIME A

6    PROPOSAL THAT TALKED ABOUT CERTAIN SPECIFIC PEOPLE;

7    ALTHOUGH, THEY HAVEN'T EXACTLY BEEN ITEMIZED ON A

8    NAME-BY-NAME BASIS, SO I CAN'T REALLY RESPOND TO

9    WHETHER THEY ARE REALLY GOING TO HAVE RESPONSIVE

10   EVIDENCE OR WHETHER THEY WERE AROUND AT MATTEL FOR

11   CERTAIN PERIODS OF TIME.  THIS IS REALLY THE FIRST

12   TIME I'M HEARING SOME OF THE SPECIFIC PROPOSALS

13   BEING OFFERED.

14        WHAT I WOULD SAY IS THAT, TO THE EXTENT

15   YOUR HONOR IS GOING TO ORDER ANY SEARCH OF ANY

16   BACKUP E-MAIL TAPE, THAT ESSENTIALLY THE PARTIES

17   WOULD NEED TO MEET AND CONFER, AS YOUR HONOR

18   ORDERED WITH RESPECT TO ZEUSS.

19        JUDGE INFANTE:  WOULD YOU STOP FOR A MOMENT.

20        MR. TAYBACK:  YES.

21        JUDGE INFANTE:  I AGREE WITH YOU, IN A SENSE

22   THAT I DON'T THINK THE PARTIES HAVE MET AND

23   CONFERRED.  I FIND MYSELF RIGHT NOW PRESIDING OVER

24   A MEET AND CONFER MEETING, RATHER THAN A MOTION

25   HEARING.  AND I'M NOT GOING TO DECIDE THIS MOTION,

49

1    BECAUSE I BELIEVE YOU SHOULD MEET AND CONFER.

2            MR. KENNEDY, YOU RAISED A PROPOSAL TODAY

3    FOR THE FIRST TIME.

4            I BELIEVE THAT AN ADEQUATE MEET AND

5    CONFER SESSION BETWEEN YOU, IN GOOD FAITH, AS

6    REQUIRED BY THE RULES, WOULD LEAD TO A RESOLUTION

7    OF THIS QUESTION.

8            RULE 34 AND RULE 26 HAVE BEEN AMENDED

9    SINCE THIS LAWSUIT WAS FIRST FILED, WHICH GIVE YOU

10   CLARITY AS TO THE STANDARDS THAT ARE TO BE

11   EMPLOYED.  AND, IN MY VIEW, THERE HASN'T BEEN AN

12   ADEQUATE MEET AND CONFER.  I'M NOT GOING TO DECIDE

13   THE MOTION UNTIL THERE IS.

14           SO AS FAR AS I'M CONCERNED, THERE'S NO

15   FURTHER HEARING ON THIS MATTER AND YOU ARE ORDERED

16   TO MEET AND CONFER.  AND I WOULD LIKE YOU TO

17   PREPARE A JOINT REPORT OR A STIPULATED ORDER, IF

18   YOU WILL, AS TO WHAT CONSTITUTES A REASONABLE

19   SEARCH FOR ELECTRONIC DISCOVERY.

20           WE CAN MOVE ON TO THE NEXT MOTION NOW.

21      MR. KENNEDY:  THANK YOU, YOUR HONOR.

22      MR. TAYBACK:  THANK YOU, YOUR HONOR.

23      JUDGE INFANTE:  THE MOTION TO COMPEL PRODUCTION

24   OF DOCUMENTS OF ISAAC LARIAN AND FOR SANCTIONS

25   REGARDING MATTEL'S FIRST SET OF REQUESTS FOR

50

1  PRODUCTION.  THAT IS LISTED NUMBER 6 ON THE

2  FEBRUARY 6 LETTER.

3            YOU MAY PROCEED IF YOU WISH.

4      MR. TAYBACK:  GOOD MORNING, AGAIN.  IT'S

5  CHRISTOPHER TAYBACK.  I'M NOW MAKING MY SECOND

6  APPEARANCE IN THIS CASE.

7            THE GIST OF OUR MOTION IS WE DON'T WANT

8  TO BE CAUGHT BETWIXT AND BETWEEN.  THERE ARE

9  DOCUMENTS THAT MAY BE MR. LARIAN'S, QUOTE, UNQUOTE,

10 PERSONAL FILES; THERE ARE DOCUMENTS THAT MAY BE IN

11 HIS POSSESSION AS C.E.O. OF MGA.

12           WE'RE NOT LOOKING -- AND I BELIEVE THEIR

13 SOLE REAL BASIS TO OPPOSE THIS MOTION IS THAT IT

14 WOULD REQUIRE THEM TO PRODUCE DUPLICATIVE

15 DOCUMENTS; THAT IS, DOCUMENTS PRODUCED BY MGA ARE

16 ARGUABLY ALSO IN THE POSSESSION OF MR. LARIAN.

17           THAT'S NOT WHAT WE'RE ASKING FOR.  AND TO

18 THE EXTENT -- WHAT WE REALLY WANT IS AN ORDER THAT

19 SAYS, AS THEY'VE ACKNOWLEDGED IN THE DECLARATION

20 THAT MR. MARSH SUBMITTED AT PARAGRAPHS 24 AND 25,

21 THEY HAVE DOCUMENTS THAT HAVE NOT BEEN PRODUCED

22 THAT ARE EITHER MR. LARIAN'S PERSONAL FILES OR

23 DOCUMENTS IN HIS POSSESSION, THAT ARE IN HIS

24 POSSESSION AS C.E.O. OF MGA, THAT ARE RESPONSIVE,

25 THAT HAVE NOT OTHERWISE BEEN PRODUCED.  AND THAT'S

51

1    WHAT WE ARE ESSENTIALLY LOOKING FOR, AND AN ORDER

2    ON THAT SUBJECT.

3         AND I ACTUALLY DON'T KNOW WHAT -- WHAT

4    MORE THERE IS TO SAY ON IT AT THIS POINT.  I THINK

5    WE'RE ENTITLED TO THAT.  THERE'S NO REAL OBJECTION,

6    OTHER THAN THEIR OBJECTION TO PRODUCING ARGUABLY

7    DUPLICATIVE FILES.

8         JUDGE INFANTE:  THANK YOU, VERY MUCH.

9         MR. KENNEDY?

10   MR. KENNEDY:  YES, YOUR HONOR.

11        I HAVE MR. MARSH ON THE PHONE THIS

12   MORNING, WHO CAN RESPOND IF THERE ARE SPECIFIC

13   QUESTIONS CONCERNING HIS WORKS IN THE CASE.

14        AS YOU POINT OUT IN OUR OPPOSITION, AT

15   THE TIME THIS MOTION WAS FILED, THERE WAS A MOTION

16   UNDER SUBMISSION BEFORE YOUR HONOR DEALING WITH

17   VERY MUCH THE SAME SUBJECT MATTER.  THAT MOTION WAS

18   RULED ON, AND SINCE WE FILED OUR REPLY, MR. LARIAN

19   HAS PRODUCED NOW A GRAND TOTAL OF 51,118 PAGES.

20   THOSE CAME IN ON A ROLLING BASIS IN JANUARY, ON THE

21   11TH, THE 15TH, THE 18TH, AND THE 25TH.  AND THOSE

22   ARE IN ADDITION TO ALL OF THE DOCUMENTS THAT

23   O'MELVENY PRODUCED BEFORE.

24        AND THEN MR. MARSH COMES IN; HE HAS

25   SPOKEN WITH O'MELVENY.  AND WE HAVE BEEN ADVISED

52

1    THAT O'MELVENY PRODUCED FOR MGA AND MR. LARIAN ON

2    AN UNDIFFERENTIATED BASIS, OF COURSE, CONSISTENT

3    WITH MATTEL'S EXPANSIVE DEFINITION THAT MGA,

4    MR. LARIAN, ESSENTIALLY, ARE COEXTENSIVE.  BUT, IN

5    ANY EVENT, O'MELVENY ASSURED US THEY PRODUCED ON AN

6    UNDIFFERENTIATED FORM, EVERY DOCUMENT THAT

7    MR. LARIAN HAD THAT WAS RESPONSIVE TO THE

8    CATEGORIES AS TO WHICH O'MELVENY AGREED TO MAKE

9    PRODUCTION.

10          IF YOUR HONOR MAY RECALL, AFTER WE GOT IN

11   THE CASE, WE AGREED TO MAKE A PRODUCTION AS TO AN

12   ADDITIONAL 55 CATEGORIES VOLUNTARILY.  AND THEN

13   YOUR HONOR TOLD US THERE WAS SOME OTHERS WE WERE

14   GOING TO BE RESPONDING TO INVOLUNTARILY; AND THAT'S

15   THE SOURCE OF THE ADDITIONAL 51,000 DOCUMENTS

16   THAT -- THAT'S RESPONSIVE TO CATEGORIES WHICH

17   O'MELVENY PRODUCED NOTHING.

18          ALSO, IN OUR DUE DILIGENCE, WE FOUND

19   ADDITIONAL DOCUMENTS PERTAINING TO EARLIER

20   PRODUCTIONS.  AND THOSE GOT INCLUDED AS WELL.  IT'S

21   A LONG WAY FROM SAYING EVERYTHING THAT WE'RE AWARE

22   OF THAT'S RESPONSIVE TO THESE REQUESTS HAS NOW BEEN

23   PRODUCED.

24          MR. TAYBACK:  THIS IS CHRISTOPHER TAYBACK.

25          I WOULD JUST ASK THAT -- IT SOUNDS LIKE

53

1    IF EVERYTHING RESPONSIVE HAS BEEN PRODUCED, THEY

2    SIMPLY MEMORIALIZE THAT AND SAY WE PRODUCED ALL

3    RESPONSIVE DOCUMENTS RESPONSIVE TO THIS REQUEST ON

4    BEHALF OF MR. LARIAN.

5            I WOULD ALSO ASK, THOUGH, THAT THEY DO,

6    AS IT SOUNDS LIKE THEY'RE PREPARED TO DO, BECAUSE

7    THEY JUST RATTLED IT OUT FAIRLY QUICKLY THERE, JUST

8    IDENTIFY FOR US BY DATES, THOSE PRODUCTIONS THAT

9    WERE FROM OR ON BEHALF OF MR. LARIAN, EITHER BY

10   MR. LARIAN, OR MR. LARIAN, YOU KNOW, IN CONJUNCTION

11   WITH MGA -- BY BATES NUMBERS, PREFERABLY.  IT

12   SOUNDS LIKE THEY'RE ABLE TO DO THAT.

13     MR. KENNEDY:  YOUR HONOR, WE CERTAINLY ARE ABLE

14   TO DO THAT FOR THE DOCUMENTS THAT WE'VE PRODUCED,

15   AND I CAN GET THE LIST RIGHT AWAY OF THE DATES AND

16   THE BATES NUMBERS.

17           HOWEVER, BEFORE WE GOT IN THE CASE, FOR

18   THIS PROTRACTED PERIOD OF TIME, O'MELVENY PRODUCED

19   ON THE BASIS THAT LARIAN WAS DEFINED TO BE ANYBODY

20   AFFILIATED WITH AND INCLUDING MGA; MGA WAS DEFINED

21   TO INCLUDE ALL OF ITS OFFICERS AND DIRECTORS,

22   INCLUDING LARIAN.  SO THE TWO ARE -- THEY'RE

23   SELF-CONSUMING, AND O'MELVENY PRODUCED BOTH.  AND I

24   DON'T KNOW ANY WAY AT THIS POINT TO GO BACK AND

25   UNTIE THAT KNOT.

54

1    JUDGE INFANTE:  YEAH, THAT'S FINE.  IF YOU

2    COULD SIMPLY PRODUCE THE PRODUCTION BATES THAT

3    DATED YOUR PRESENCE IN THE CASE AND SINCE YOUR

4    PRESENCE IN THE CASE, INDICATE THE PRODUCTION AND

5    DATES BY BATES NUMBERS, AND MAKE IT PERFECTLY CLEAR

6    THAT DOCUMENTS RESPONSIVE TO ALL THESE REQUESTS

7    HAVE BEEN PRODUCED -- IF YOU COULD DO THAT, I THINK

8    THAT WOULD BE APPROPRIATE, AND I WOULD DENY THE

9    MOTION ON THAT CONDITION.

10       MR. KENNEDY:  THANK YOU, YOUR HONOR.

11       JUDGE INFANTE:  MOTION IS DENIED ON THE

12   CONDITION THAT YOU -- YOU PREPARE THAT SUBMISSION

13   AND SERVE MATTEL WITH IT.  AND IF YOU WOULD PREPARE

14   THIS ORDER FOR ME, WHICH I JUST MEMORIALIZED, I

15   WOULD APPRECIATE IT.

16       MR. KENNEDY:  YES, YOUR HONOR.  WE'LL DO THAT.

17       MR. TAYBACK:  THANK YOU, YOUR HONOR.

18       JUDGE INFANTE:  LET'S SEE.  ON THE FEBRUARY 6

19   LETTER, ARE THERE ANY OTHER MOTIONS REMAINING THAT

20   I HAVE NOT HEARD?

21           I BELIEVE THAT'S IT.  I HAVE TO MOVE ON

22   TO ANOTHER PIECE OF BUSINESS IN A FEW MINUTES, SO

23   THAT'S ALL I HAVE TIME TO HEAR THIS MORNING.

24           I BELIEVE THERE ARE ABOUT 20 MOTIONS

25   PENDING.  IT MAY BE MORE THAN THAT.  WE'VE DECIDED

55

1    A FEW THIS MORNING.  I'VE TAKEN A COUPLE UNDER

2    SUBMISSION.

3          I REALLY THINK THAT THERE NEEDS TO BE A

4    BETTER EFFORT WITH RESPECT TO MEETING AND

5    CONFERRING.  I AM HEREBY ORDERING THE PARTIES, IN

6    PERSON, AN IN-PERSON MEETING, TO MEET AND CONFER

7    WITH RESPECT TO ALL PENDING MOTIONS.

8          A LOT OF THESE MOTIONS GOT FILED ON THE

9    VERY LAST DAY OF DISCOVERY IN JANUARY.  THERE ARE A

10   NUMBER OF THINGS THAT ARE MOVING TARGETS, BECAUSE

11   AS WE SAW THIS MORNING, JUDGE LARSON HAS STAYED THE

12   DISCOVERY AS TO PHASE II, AND I BELIEVE THAT I'M

13   HEREBY ORDERING YOU, PURSUANT TO RULE 37, FEDERAL

14   RULES OF CIVIL PROCEDURE AND LOCAL RULES OF THE

15   MUNICIPAL OF CALIFORNIA, TO CONDUCT AN IN-DEPTH

16   MEET AND CONFER SESSION, IN PERSON, REMAINING ALL

17   PENDING MOTIONS, AND REPORT BACK TO ME EITHER BY

18   JOINT LETTERS OR INDIVIDUAL LETTERS, THE

19   DISPOSITION OF ANY MOTION.

20         WHEN I RECEIVE THAT, I'LL BE GLAD TO GIVE

21   YOU A HEARING.  AND I'D LIKE TO KNOW CLEARLY WHAT

22   REMAINS IN ISSUE AT THAT POINT.

23         ARE THERE ANY QUESTIONS REGARDING THAT?

24   MR. KENNEDY:  NOT HERE, YOUR HONOR.

25   MR. ALGER:  YOUR HONOR, TIM ALGER, FOR MATTEL.

56

1          I JUST HAVE ONE LITTLE BOOKKEEPING

2     MATTER, THE MOTION BY MATTEL TO COMPEL THE

3     DEPOSITION OF CHRISTOPHER PALMERI, THE

4     "BUSINESSWEEK" REPORTER.  WE'VE HAD EXTENSIVE MEET

5     AND CONFERS ON THAT, THAT'S BEEN OUT THERE FOR

6     QUITE SOME TIME, AND I WOULD REQUEST THAT THAT BE

7     EXCEPTED FROM THE ORDER.

8        JUDGE INFANTE:  OKAY.  EXCEPTED FROM THE ORDER.

9        MR. ALGER:  THEN, YOUR HONOR, DO YOU HAVE A

10    DEADLINE FOR THE MEET AND CONFER PROCESS, AND THE

11    REPORT BY THE PARTIES?

12       JUDGE INFANTE:  WELL, I'D LIKE TO MAKE IT

13    WITHIN 10 DAYS.

14          OKAY.  WITHIN 10 DAYS OF TODAY.

15       MR. ALGER:  THANK YOU, YOUR HONOR.

16       JUDGE INFANTE:  OKAY.  THANK YOU.

17       MR. KENNEDY:  ONE QUICK -- IS THAT 10 FEDERAL

18    COURT DAYS OR 10 CALENDAR DAYS?

19       JUDGE INFANTE:  CALENDAR DAYS.

20       MR. TAYBACK:  THANK YOU, YOUR HONOR.

21       JUDGE INFANTE:  I'D LIKE A TRANSCRIPT OF

22    TODAY'S HEARING.  COULD YOU SEND IT TO ME IN THE

23    NEXT FEW DAYS.

24       MR. ALGER:  WE'LL SEND IT TO YOU.

25       MR. PAGE:  I WOULD LIKE TO REQUEST A TRANSCRIPT

57

1    AS WELL.   THANK YOU.

2

3              (WHEREUPON, AT THE HOUR OF

4          9:46 A.M., THE PROCEEDINGS

5              WERE CONCLUDED.)

6                  -O0O-

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

58

1    STATE OF CALIFORNIA        )
                                )    SS.
2    COUNTY OF LOS ANGELES      )

3

4            I,    ANGELA DUPRE   , CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7            THE PROCEEDINGS WERE RECORDED

8    STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9    BEST OF MY ABILITY;

10           THE FOREGOING TRANSCRIPT IS A TRUE AND

11   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12           I FURTHER CERTIFY THAT I AM NEITHER

13   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15           IN WITNESS WHEREOF, I HAVE HEREUNTO

16   SUBSCRIBED MY NAME THIS _14th_ DAY OF

17   _FEBRUARY_____, 2008.

18

19

20

21   _____

22

23

24

25

                                                    59

**A**

**ABILITY (1)**
59:9
**ABLE (5)**
32:11 33:10 45:12 54:12 54:13
**ABUNDANTLY (1)**
16:1
**ABUSIVE (1)**
41:2
**ACCEPTABLE (1)**
24:13
**ACCIDENT (3)**
35:18,23 36:6
**ACCOUNT (1)**
32:4
**ACCOUNTS (5)**
37:3 41:12,13 42:9 45:11
**ACKNOWLEDGED (1)**
51:19
**ACTION (1)**
59:13
**ACTION(S) (1)**
2:11
**ACTUAL (1)**
39:2
**ADDED (2)**
38:12,13
**ADDITION (4)**
6:14 44:11,22 52:22
**ADDITIONAL (7)**
16:20,20 34:3 38:13 53:12,15,19
**ADDRESS (5)**
4:22 16:24 18:16 34:13 39:19
**ADDRESSED (5)**
20:7 25:5 32:15 42:1 48:14
**ADDRESSES (1)**
10:5
**ADDRESSING (1)**
46:2
**ADEQUACY (1)**
33:22
**ADEQUATE (2)**
50:4,12
**ADMISSIBILITY (1)**
9:5
**ADMISSIBLE (3)**
23:2 24:15 49:1
**ADMISSION (1)**
35:16
**ADMIT (1)**
35:17
**ADMITS (1)**
35:23
**ADMITTED (1)**
36:1
**ADMITTING (1)**
36:5
**ADO (1)**
48:13
**ADVANCE (1)**
35:3
**ADVERSARY (1)**
14:4
**ADVICE (6)**
5:1 6:15 7:9,12,16 13:5
**ADVISED (1)**
52:25
**ADVOCATING (1)**
5:16
**AFFILIATED (1)**
54:20
**AFFIRMATIONS (1)**
6:8
**AGREE (2)**
41:9 49:21
**AGREED (3)**
42:14 53:8,11
**AGREEMENT (10)**
16:7 18:6,25 19:10 20:11 20:15 21:7 27:21 38:14 42:6
**AGREEMENTS (10)**
15:18 17:22 20:5,5,17 21:1,7,24 22:1 24:17
**AHEAD (2)**
33:18 40:9
**AIMED (1)**
48:8
**ALGER (25)**
3:10 17:16,17 23:17 24:21 25:6,22 26:18,25 27:10 28:10,20 29:5,6 33:12 38:5,5,8 39:22 42:25 56:25,25 57:9,15 57:24
**ALGER'S (1)**
40:12
**ALLEGATION (2)**
7:18 13:3
**ALLEY (1)**
36:13
**ALLOW (1)**
14:1
**ALLOWED (2)**
19:3 30:13
**ALLOWING (1)**
15:1
**ALLOWS (3)**
11:15 19:1 43:11
**ALLUDED (2)**
26:13 48:18
**AMBIGUITY (7)**
18:22,23 19:1,7 20:2,8 22:10
**AMEND (1)**
8:6
**AMENDED (1)**
50:8
**AMOUNTS (1)**
41:17
**AND/OR (1)**
19:15
**ANGELA (2)**
2:21 59:4
**ANGELES (4)**
2:19 3:13 4:1 59:2
**ANSWER (4)**
10:18 15:1 33:2,10
**ANSWERING (2)**
14:9,12
**ANSWERS (4)**
6:7,9 30:23 39:17
**ANYBODY (1)**
54:19
**ANYBODY'S (1)**
48:14
**ANYMORE (2)**
18:21,21
**APOLOGIZE (1)**
9:18
**APPARENTLY (1)**
44:9
**APPEARANCE (2)**
46:5 51:6
**APPEARANCES (1)**
3:1
**APPLICATION (1)**
11:21
**APPLICATIONS (2)**
19:20,21
**APPLIED (1)**
13:23
**APPLY (1)**
25:16
**APPRECIATE (1)**
55:15
**APPROPRIATE (7)**
12:25 13:12,13 14:25 32:15 41:2 55:8
**APPROXIMATELY (2)**
25:3 26:6
**APRIL (2)**
48:19,21
**ARCHIVED (2)**
46:12 47:20
**ARGUABLY (2)**
51:16 52:6
**ARGUE (2)**
20:23 21:4
**ARGUED (1)**
41:1
**ARGUING (2)**
20:10 38:21
**ARGUMENT (5)**
16:6 18:22 28:17 30:25 32:6
**ARGUMENTS (2)**
18:4 38:8
**ARPS (1)**
3:16
**ARRIVE (1)**
35:20
**ASKED (4)**
32:4 34:16 46:9,9
**ASKING (7)**
25:6 29:25 30:4 31:24 35:5 40:20 51:17
**ASKS (1)**
41:11
**ASSERTED (2)**
6:9 39:23
**ASSERTION (1)**
4:15
**ASSESS (1)**
10:21
**ASSIGN (1)**
19:14
**ASSURED (1)**
53:5
**ATTACHED (1)**
19:10
**ATTEMPT (2)**
9:7 29:17
**ATTEMPTING (1)**
10:10
**ATTORNEY (1)**
14:10
**ATTORNEYS (1)**
8:23
**ATTORNEY-CLIENT...**
9:8 13:18 14:11
**AUGUST (3)**
8:18,22 9:10
**AUTHORITIES (2)**
5:8 18:5
**AVAILABLE (3)**
7:21 10:1 32:11
**AVOID (2)**
29:19,22
**AVOIDED (1)**
29:19
**AWARE (2)**
8:20 53:21
**A.M (3)**
2:20 4:3 58:4

**B**

**B (1)**
3:11
**BACK (16)**
8:13,18 10:16 12:19

13:12 23:4,7 27:25 28:7 36:2 43:23 44:1,24 48:19 54:24 56:17
**BACKGROUND (1)** 43:22
**BACKUP (6)** 43:13 46:13,21 48:19,21 49:16
**BANK (4)** 32:4 37:3 41:12 42:15
**BASED (5)** 6:24 8:8 19:21 30:15 38:21
**BASIC (1)** 32:10
**BASICALLY (4)** 26:16 27:17,19 40:20
**BASIS (6)** 5:18 49:8 51:13 52:20 53:2 54:19
**BATES (5)** 31:20 54:11,16 55:2,5
**BATTER'S (1)** 29:6
**BEHALF (4)** 4:7,19 54:4,9
**BELABOR (1)** 28:10
**BELATEDLY (1)** 9:2
**BELIEF (4)** 6:24 7:2,6,8
**BELIEVE (15)** 4:16 15:14 17:9 23:23 29:3 33:7 36:2 41:5 44:7 50:1,4 51:12 55:21 55:24 56:12
**BELIEVES (2)** 13:10 41:6
**BENCH (2)** 20:4,6
**BENEFIT (1)** 10:13
**BEST (2)** 25:23 59:9
**BETTER (2)** 26:23 56:4
**BETWIXT (1)** 51:8
**BEYOND (5)** 6:13 37:1,11,20 42:14
**BIFURCATED (2)** 34:9 48:16
**BIG (1)** 35:12
**BIGGEST (1)** 34:15
**BIT (2)** 13:15 17:18
**BITE (1)** 35:22
**BLANKET (1)** 5:20
**BOOKKEEPING (1)** 57:1
**BOTHERING (1)** 43:18
**BOWLING (1)** 36:13
**BRATZ (4)** 8:10 35:12 36:25 44:13
**BREADTH (1)** 21:19
**BRIEF (2)** 18:4 26:4
**BRIEFED (5)** 5:4 15:23 17:1,12 18:10
**BRIEFING (4)** 17:20 18:11,13 25:2
**BRIEFLY (3)** 8:4 40:16 41:10
**BRING (2)** 10:7 13:20
**BROAD (2)** 19:1 21:25
**BROADLY (1)** 40:19
**BROS (1)** 20:2
**BRYANT (33)** 2:5 3:2 4:7 6:3,3 7:8 8:19 17:21 18:20 19:12 20:20 21:1 23:12 24:25 26:7,10 27:24 29:2,12 30:10,20 31:6 34:2 39:6 39:23,25 40:4,4 41:5,16 41:20,24 44:13
**BRYANT'S (8)** 8:10 39:18 40:20,22 41:12 42:9,15 44:7
**BURDEN (12)** 16:6,19,20 20:7 21:12,12 21:13 22:21,24 32:7,12 32:13
**BURDENSOME (2)** 43:16 47:3
**BURNS (2)** 16:4 20:7
**BUSINESS (1)** 55:22
**BUSINESSWEEK (1)** 57:4

C

**CALENDAR (3)** 18:15 57:18,19
**CALIFORNIA (10)** 2:2,19 3:5,13,18 4:1 16:2 56:15 59:1,6
**CALL (1)** 34:16
**CALLED (1)** 47:21
**CAR (1)** 35:19
**CAREFUL (1)** 13:25
**CARTER (20)** 2:5 3:2 4:7 6:3,3 29:2 39:18,23,25 40:3,4,20 40:22 41:5,12,16,20,24 42:8,15
**CASE (34)** 2:7,9,9 5:5,22 8:24 9:2 9:24 10:22 13:22 16:4 20:2,3,8,11 26:5 30:2 34:24 35:7,8 40:21,23 40:23,25,25 41:4 45:19 46:6 51:6 52:13 53:11 54:17 55:3,4
**CASES (7)** 5:5 6:20 9:14 20:19,21 35:15 44:7
**CATEGORICALLY (1)** 48:7
**CATEGORIES (8)** 30:24 34:22 38:25 42:10 44:18 53:8,12,16
**CATEGORIZED (1)** 25:8
**CATEGORY (3)** 35:12 36:7 42:7
**CAUGHT (1)** 51:8
**CAUSE (1)** 35:19
**CAUSED (3)** 35:17,23 36:5
**CEASED (1)** 28:17
**CENTER (11)** 3:17 23:11,11,19 24:25 25:13,14 26:2,7,16 27:14
**CENTRAL (1)** 2:2
**CERTAIN (5)** 5:24 6:9 47:7 49:6,11
**CERTAINLY (5)** 15:11 16:16 18:12 24:11 54:13
**CERTIFICATE (1)** 59:5
**CERTIFIED (1)** 59:4
**CERTIFY (2)** 59:6,12
**CETERA (3)** 5:8 34:17,23
**CHANGE (3)** 21:5,6 23:13
**CHASE (1)** 20:18
**CHEATING (1)** 13:19
**CHECK (3)** 43:3 44:9,17
**CHECKED (3)** 44:14 48:1,2
**CHIEF (1)** 8:17
**CHRISTOPHER (5)** 3:11 46:1 51:5 53:24 57:3
**CIRCUIT (1)** 5:21
**CIRCUMSTANCES (1)** 12:3
**CITED (4)** 5:4,7 7:5 20:19
**CIVIL (1)** 56:14
**CLAIM (4)** 13:20 18:21 19:1 41:19
**CLAIMS (3)** 10:7 31:9 32:1
**CLARIFICATION (1)** 34:8
**CLARIFIED (1)** 34:7
**CLARIFY (1)** 37:25
**CLARIFYING (1)** 33:20
**CLARITY (1)** 50:10
**CLASSIC (1)** 4:24
**CLEAR (13)** 4:23 9:14 13:1 16:2 20:8 20:15 29:16 30:5 31:17 33:4 39:21 40:1 55:5
**CLEARLY (2)** 34:10 56:21
**CLIENT (3)** 4:15 35:17,21
**CLOSE (2)** 20:3 27:3
**CLOSED (1)** 39:16
**CLOSER (1)** 41:8
**CLOSURE (1)** 27:13
**CODE (1)** 44:13

COEXTENSIVE (1)
53:4
COME (6)
12:19 14:3 20:3 31:10 32:14 35:10
COMES (2)
43:10 52:24
COMING (4)
13:11 35:4 36:15 40:7
COMMENCING (1)
2:19
COMMENT (1)
12:1
COMMENTS (4)
15:2 24:8 37:9 40:12
COMMIT (1)
30:17
COMMUNICATIONS...
22:1,5 47:11
COMPANY (2)
19:14 41:25
COMPARATIVELY (1)
16:9
COMPEL (8)
4:14 22:18 27:7 28:23 29:1 43:5 50:23 57:2
COMPELLED (2)
30:14 33:2
COMPILATIONS (2)
46:21 47:19
COMPLAINED (1)
37:2
COMPLAINING (1)
34:25
COMPLAINT (2)
13:4 33:22
COMPLAINTS (1)
34:14
COMPLETE (1)
30:20
COMPLETELY (1)
43:15
COMPLIANCE (2)
15:18 21:20
COMPLY (1)
16:18
COMPLYING (1)
34:23
COMPREHENSIVE (3)
29:17,18 30:1
COMPUTER (1)
19:25
CONCEALMENT (2)
5:17 7:18
CONCEIVABLY (1)
36:12
CONCEIVED (1)
36:3
CONCERNED (1)
50:14
CONCERNING (3)
10:11 12:12 52:13
CONCERNS (1)
49:4
CONCLUDED (1)
58:5
CONCLUSION (1)
14:3
CONCLUSORY (1)
39:6
CONDITION (3)
30:21 55:9,12
CONDUCT (5)
11:16 14:15 24:16 33:8 56:15
CONDUCTED (1)
14:2
CONDUCTING (1)
49:3
CONFER (15)
10:11,17 12:8 26:21 35:3 40:11 49:17,24 50:1,5 50:12,16 56:6,16 57:10
CONFERENCE (1)
35:9
CONFERRED (2)
40:7 49:23
CONFERRING (1)
56:5
CONFERS (1)
57:5
CONFIDENTIAL (4)
24:17 26:17 27:18,20
CONFLICT (1)
24:18
CONFUSION (2)
35:24 38:21
CONJUNCTION (1)
54:10
CONNECTION (3)
42:8 44:23 46:25
CONSIDER (2)
36:15 43:14
CONSIDERED (1)
43:14
CONSISTENT (1)
53:2
CONSOLIDATED (2)
2:8,11
CONSTITUTE (1)
45:20
CONSTITUTES (1)
50:18
CONSTRUED (1)
47:2
CONTACT (7)
7:8 26:16 27:18 31:7 36:11,20,23
CONTAINED (1)
47:20
CONTEND (1)
19:7
CONTENDING (1)
18:23
CONTENTION (9)
30:12 31:22 34:15 38:13 38:24 40:16,17 41:1 47:15
CONTENTIONS (5)
11:20 39:3,7,14 41:7
CONTENTION-TYPE...
31:1
CONTEXT (1)
10:23
CONTINUE (3)
12:7 13:8 31:11
CONTINUING (1)
42:13
CONTRACT (1)
22:10
CONTRARY (1)
30:12
CONVOLUTED (1)
36:4
COPIOUS (1)
41:16
COPYING (1)
32:3
COPYRIGHT (2)
19:20 38:15
COPYRIGHTED (1)
18:24
COPYRIGHTS (2)
19:19 20:16
COROLLARY (1)
15:22
CORPORATION (1)
2:8
CORRECT (6)
16:13 17:7,18 24:22 38:2 59:11
COST (3)
46:22,23 49:4
COTTAGE (1)
46:17
COUNSEL (9)
3:1 7:9 12:23 32:24 33:6 37:6 39:18 42:6 59:13
COUNTY (1)
59:2
COUPLE (2)
39:21 56:1
COURSE (6)
9:4 21:8 22:2 23:20 33:8 53:2
COURT (23)
2:1 4:21 7:1 9:20 12:4,10 14:2 16:23 17:8,12,19 34:1,13,19 35:23 37:17 37:23 40:1 41:7 42:19 43:19 46:16 57:18
COUSIN (1)
17:2
COVER (1)
37:21
COVERS (1)
20:15
COVERUP (1)
37:12
CREATE (1)
22:21
CREATED (2)
16:16 21:6
CRIME (1)
37:15
CRITICAL (3)
10:21 14:16 25:17
CRUX (1)
11:25
CSR (1)
2:21
CV (1)
2:8
C.E.O (2)
51:11,24
C.M.C (1)
35:4

D

D (1)
3:17
DATA (3)
19:25 46:21 47:19
DATE (4)
18:3 28:9 36:11 44:2
DATED (2)
4:9 55:3
DATES (7)
12:8 36:8,9 38:1 54:8,15 55:5
DAY (5)
30:19 44:17 48:11 56:9 59:16
DAYS (7)
42:24 57:13,14,18,18,19 57:23
DEADLINE (1)
57:10
DEAL (5)
9:20 20:17,17 22:13,25
DEALING (2)
29:9 52:16
DEALT (2)
16:4 31:1
DECEMBER (6)
8:11 22:16 28:25 29:3

33:16 40:9
DECIDE (6)
9:14 14:20 17:13 43:12 49:25 50:12
DECIDED (3)
8:25 40:25 55:25
DECISION (2)
17:24 28:18
DECISIONS (1)
13:25
DECK (1)
29:6
DECLARATION (5)
19:11 42:2 44:4,22 51:19
DECLARATIONS (1)
6:6
DEFENDANT (2)
2:9 35:23
DEFENDANTS (1)
32:11
DEFENSE (7)
6:22 7:6,17 17:23 18:21 40:21,23
DEFENSES (1)
11:22
DEFINE (3)
19:22 35:18 47:12
DEFINED (3)
19:17 54:19,20
DEFINITION (2)
36:4 53:3
DEFINITIONS (2)
29:16,24
DELAWARE (1)
2:8
DELETE (1)
44:14
DENIAL (2)
12:24 13:13
DENIED (2)
22:19 55:11
DENY (3)
12:4 23:3 55:8
DENYING (1)
27:6
DEPARTED (1)
31:13
DEPARTURE (1)
33:6
DEPONENT (3)
11:5 14:10,10
DEPONENTS (1)
14:8
DEPOS (1)
10:12
DEPOSED (1)
8:17
DEPOSITION (11)
10:3,8 12:8 13:8 14:16
14:23 22:15 27:9 37:10 40:24 57:3
DEPOSITIONS (6)
10:19 11:16 12:9,18 13:11 14:1
DEPRIVE (1)
13:2
DESCRIBE (1)
47:25
DESCRIBED (1)
45:4
DESIGN (10)
23:11,11,19 24:25 25:12 25:14 26:1,7,16 27:14
DESIGNER (1)
25:9
DESIGNERS (7)
24:22,24 25:7,14,21 27:15,16
DESIGNS (1)
19:24
DETAIL (2)
38:18 47:16
DETAILED (1)
41:6
DETERMINATION (1)
14:16
DEVELOPMENTS (1)
19:24
DIANDA (2)
8:17,20
DIFFERENT (2)
7:24 27:15
DIFFICULT (3)
5:9,10 25:23
DILIGENCE (1)
53:18
DIRECT (1)
19:9
DIRECTLY (1)
23:23
DIRECTORS (1)
54:21
DISCLOSE (2)
30:11,15
DISCLOSED (1)
9:3
DISCLOSES (1)
8:12
DISCLOSURE (2)
21:12 44:8
DISCLOSURES (1)
21:2
DISCOVERABILITY ...
9:6 16:1,22
DISCOVERABLE (1)
49:1
DISCOVERIES (1)
19:23
DISCOVERY (31)
4:14 5:17 6:1,6 7:23 10:11,16 11:3 12:12,17 17:5,22,25 18:6,19 19:1 19:3,9 20:4 22:18 24:19 26:5 27:7 34:8 39:15 41:17 42:3 48:16 50:19 56:9,12
DISCUSSING (1)
24:9
DISCUSSION (2)
24:7 32:17
DISPENSATION (1)
43:18
DISPOSITION (1)
56:19
DISPUTE (5)
16:10 20:4,9,20 37:5
DISPUTES (2)
16:13 32:24
DISTRICT (2)
2:1,2
DIVA (1)
44:24
DIVERT (1)
36:24
DIVISION (1)
2:3
DOCS (1)
43:21
DOCUMENT (4)
17:4 23:6 24:19 53:6
DOCUMENTARY (1)
9:9
DOCUMENTS (39)
10:13 15:21 21:13 24:14 25:18 26:14 31:15,18 31:20 32:16,19 33:1 34:22 36:2 39:1,2 40:22 40:24 41:22 42:1,7,12 43:11 46:14 47:9,22 50:24 51:9,10,15,15,21 51:23 52:22 53:15,19 54:3,14 55:6
DOING (1)
6:4
DOLLARS (1)
46:23
DOOR (1)
27:3
DRESS (2)
31:24 32:1
DROPPED (1)
9:9
DUE (2)
38:1 53:18
DUPLICATIVE (2)
51:14 52:7
DUPRE (2)
2:21 59:4
DYLAN (1)
3:11

E

EARLIER (4)
38:16,19,21 53:19
EARLY (2)
36:25 46:25
EASTERN (1)
2:3
EDWARD (2)
2:17 3:22
EFFECTIVE (1)
14:23
EFFORT (4)
6:12 33:7 43:20 56:4
EFFORTS (2)
15:17 21:20
EITHER (7)
12:18 24:5 44:6 49:2 51:22 54:9 56:17
EL (1)
21:17
ELECTRONIC (3)
46:20 47:18 50:19
ELEMENT (1)
10:21
ELICIT (1)
30:13
EMANUEL (1)
3:9
EMBARCADERO (1)
3:17
EMPHASIZE (1)
19:7
EMPLOYED (5)
23:11 24:25 26:1,7 50:11
EMPLOYEE (4)
24:16 27:20 36:7 47:6
EMPLOYEES (11)
15:16 16:17 19:5 21:16 21:21 22:2 26:9,15 31:4 39:10,11
EMPLOYMENT (4)
17:22 21:23 22:2 36:9
ENFORCE (2)
15:21 21:20
ENGAGED (1)
47:10
ENORMOUS (1)
22:24
ENTERPRISES (1)
41:24
ENTERTAINMENT (1)
3:15
ENTIRE (3)
40:20,22 41:4
ENTIRETY (1)

43:15
ENTITLED (2)
17:21 52:5
EPISODES (1)
16:13
EQUIVALENT (2)
35:14 36:5
ESPECIALLY (1)
49:3
ESQ (7)
3:4,4,10,10,11,11,17
ESSENTIAL (1)
45:19
ESSENTIALLY (6)
23:13 47:24 48:2 49:16 52:1 53:4
ESTIMATE (1)
25:25
ET (3)
5:8 34:17,23
EVALUATE (1)
26:11
EVENT (2)
33:9 53:5
EVIDENCE (10)
8:8 9:9 10:1,24 21:8 23:2 24:15 34:17 49:1,10
EXACT (2)
26:22 44:1
EXACTLY (4)
26:12 35:25 45:1 49:7
EXAMINED (1)
43:13
EXAMPLE (4)
25:11 26:5 27:15 39:9
EXCEPTED (2)
57:7,8
EXCEPTION (1)
37:15
EXCLUDED (2)
32:25,25
EXCLUSION (1)
18:24
EXHAUSTIVELY (1)
16:25
EXHIBIT (1)
19:11
EXHIBITS (1)
44:4
EXIST (2)
19:8,8
EXISTING (1)
41:23
EXISTS (2)
19:8 35:25
EXPANDING (1)
28:13
EXPANSION (1)
19:4
EXPANSIVE (1)
53:3
EXPEDITION (1)
8:25
EXPLAINED (1)
10:14
EXPLORE (1)
26:8
EXPRESSED (1)
41:13
EXPRESSLY (2)
32:25,25
EXTENSIVE (1)
57:4
EXTENT (10)
15:14 16:12 20:23 21:4 22:22 24:14 26:21 34:13 49:14 51:18
E-MAIL (12)
43:6,12,12 45:11 46:12 46:13,13,21 48:19,21 48:24 49:16
E-MAILS (6)
32:21 45:1 47:6,20,20 48:1

F

FACE (1)
13:21
FACT (7)
6:3 19:2 20:1 26:3 29:10 29:25 31:9
FACTORS (1)
9:22
FACTS (25)
5:17,24 6:1,2,10,10,13,14 6:16 7:11,21 10:6 11:9 13:2,7,11 30:11,14,15 34:17 39:8,12 40:21 41:1,3
FACTUAL (1)
30:18
FAIRLY (1)
54:7
FAIRNESS (2)
13:24 14:5
FAITH (6)
6:22,24 7:1,5,7 50:5
FAR (3)
16:6 31:1 50:14
FEBRUARY (9)
2:20 4:2,9 18:7 28:22 34:7 44:20 51:2 55:18
FEDERAL (2)
56:13 57:17
FEEL (2)
5:5 24:14
FERTILE (1)
37:13
FIGUEROA (2)
2:18 3:12
FIGURE (1)
36:22
FILE (2)
9:15 17:10
FILED (16)
4:16 24:6,20 28:25 29:3 33:15,19 34:3,20,21 40:6 44:5 50:9 52:15,18 56:8
FILES (7)
15:16 21:23 25:24 26:9 51:10,22 52:7
FILING (3)
24:12 28:4 33:17
FILLED (1)
22:11
FILLER (2)
20:20 36:17
FILLING (1)
20:21
FINAL (3)
14:16 35:4,8
FINALLY (4)
32:16,23 37:5 45:5
FINANCIAL (3)
37:4 41:12,17
FIND (5)
8:18 20:16 22:19 47:9 49:23
FINDING (2)
6:14 48:8
FINE (3)
37:18 42:11 55:1
FIRST (21)
4:11,13 8:9,13 24:6,20 27:24 31:7 33:15 36:11 36:20,23 40:6,13 43:23 46:5 49:5,11 50:3,9,25
FISHING (1)
8:25
FIT (1)
26:24
FLOM (1)
3:16
FLOOR (2)
2:18 3:12
FOLLOW (1)
11:1
FOLLOWING (3)
19:13 43:23 48:13
FORCED (1)
15:17
FOREGOING (1)
59:10
FORM (3)
8:1 21:1 53:6
FORMER (4)
31:4 33:6 36:7 37:6
FORMS (6)
10:11,15 12:12 15:21 21:3,21
FORTH (2)
19:25 34:23
FORTHCOMING (1)
6:5
FOUND (3)
7:1 31:14 53:18
FOUR (1)
3:17
FRAMED (3)
14:8 40:18,19
FRANCISCO (2)
3:5,18
FRANKLY (1)
5:17
FRAUD (2)
37:12,15
FRAUDULENT (1)
7:18
FRONT (3)
23:23 34:6 46:24
FRUITFUL (1)
49:2
FULFILLS (1)
35:6
FULL (2)
17:20 30:21
FULLY (7)
4:25 10:21 17:6,12 18:10 31:21 34:23
FURTHER (3)
33:19 50:15 59:12

G

GAME (1)
30:16
GAP (3)
20:20,21 22:10
GATHER (1)
47:21
GEARED (1)
30:3
GEE (1)
36:15
GENERATED (1)
36:2
GETTING (1)
10:11
GIST (1)
51:7
GIVE (17)
13:15 24:19 28:6 29:16 29:21 30:17,20 31:7 32:22 33:10 39:8,12,17 43:4 44:1 50:9 56:20
GIVEN (7)

13:5 18:19 25:23 37:3 38:24 45:9 49:3
GIVING (1)
26:12
GLAD (2)
5:11 56:20
GLOSSED (1)
21:11
GO (13)
6:13 8:25 20:16 23:4 26:3 28:7 29:8 37:8 41:14 43:25 46:10 48:19 54:24
GOES (3)
11:25 19:22 39:5
GOING (18)
8:15 10:2 11:14 14:19 30:8,11,16 32:7,17 33:16 34:17 35:1 39:13 49:9,15,25 50:12 53:14
GOOD (16)
4:5,8,18 6:22,23 7:1,5,7 12:21 17:16 18:11 29:5 46:3,4 50:5 51:4
GOOSE (1)
20:18
GOTTEN (2)
10:16 16:10
GRAND (1)
52:19
GRANT (1)
23:9
GRANTED (4)
17:9,19 27:2 43:17
GRANTING (1)
26:20
GREAT (1)
38:18
GREATER (1)
16:14
GROSSLY (2)
22:20 31:24
GROUPED (1)
34:15
GUESS (1)
46:7
GUESSING (1)
30:16
GUIDANCE (2)
13:16 15:4

H

HAIL (1)
37:18
HANDLE (1)
35:15
HANDS (1)
8:23
HAPPENED (5)
5:22 18:18 35:20 36:6 48:15
HARD (1)
14:23
HARRINGTON (1)
44:5
HARRY (2)
3:10 5:12
HEAD (2)
9:10 13:7
HEADQUARTERS (1)
21:17
HEAR (9)
4:12,17 5:11 15:10 17:15 28:21 32:6 33:13 55:23
HEARD (7)
4:11 29:4 33:21 38:6 40:13 49:5 55:20
HEARING (11)
17:9 18:1,3 46:18,19,25 49:12,25 50:15 56:21 57:22
HEARN (7)
5:8,21 6:18,22 7:13 9:23 10:22
HEAVY (1)
9:16
HEDGED (1)
29:11
HEDGES (1)
3:9
HELP (1)
24:1
HELPFUL (1)
15:4
HELPING (1)
8:19
HEREUNTO (1)
59:15
HIGH (1)
36:5
HIRING (1)
36:8
HIT (1)
13:6
HON (2)
2:16 3:22
HONOR (60)
4:5 5:12 6:7,16 7:25 8:3 9:18 10:9 12:2,24 13:6 13:12 15:3,11,19 17:16 22:12 23:17 24:21 25:22 26:18,25 27:10 27:12,23 28:10,20 29:5 33:11,14 38:4,5 39:20 40:17 41:10 42:18,25 43:1 44:12 46:3,16 47:1 47:2 49:15,17 50:21,22 52:10,16 53:10,13 54:13 55:10,16,17 56:24,25 57:9,15,20
HOPE (1)
16:8
HOPEFULLY (1)
41:9
HOUR (1)
58:3
HOURS (3)
22:7 38:18 40:24
HUNDRED (1)
23:10
HUNDREDS (2)
19:5 40:24
HYPOTHETICALLY ...
16:17

I

IDEA (2)
39:12 48:23
IDEAS (1)
36:3
IDENTIFICATION (1)
31:20
IDENTIFIED (2)
7:23 44:3
IDENTIFY (2)
39:11 54:8
IDENTITY (2)
41:11 42:16
II (4)
34:8,11 48:17 56:12
ILLEGAL (1)
33:8
IMAGINATION (1)
37:13
IMPLICATED (1)
7:9
IMPLICATES (1)
7:2
IMPLIEDLY (1)
14:18
IMPORTANT (1)
19:6
IMPOSED (1)
32:13
IMPROPER (1)
32:8
IMPROVEMENTS (1)
19:24
INADEQUACIES (1)
38:19
INADEQUATE (4)
14:4 31:24 38:12,22
INCLINED (1)
28:5
INCLUDE (4)
21:22 43:20 47:20 54:21
INCLUDED (5)
20:13 35:11 39:24 41:18 53:20
INCLUDING (8)
7:22,24 19:23 21:20 46:12,21 54:20,22
INCLUSIVE (1)
36:8
INCREASED (1)
16:21
INDEX (2)
45:8,10
INDICATE (2)
4:10 55:4
INDICATES (1)
26:6
INDICATION (1)
45:1
INDIVIDUAL (2)
2:5 56:18
INDIVIDUALS (1)
45:11
INDUCED (2)
31:10,10
INFANTE (49)
2:17 3:22 4:8 5:3 9:22 10:20 12:15,21 13:15 15:5,12 17:2,13 22:13 23:22 24:13,23 25:16 25:25 26:19 27:1,11,17 28:1,5,9,14,21 33:12 37:25 38:7 39:18 42:21 43:3 45:25 46:4 47:12 49:19,21 50:23 52:8 55:1,11,18 57:8,12,16 57:19,21
INFORMATION (30)
6:20 7:15,20 9:24 10:23 11:18 14:4 22:9,21 24:17 26:17 27:19,21 29:21 30:3 31:7,8,11,12 31:15,25 32:2,5,10,19 33:1 37:4 41:18 48:8,8
INITIAL (1)
44:8
INJURY (1)
35:15
INMATES (1)
6:25
INNUENDO (3)
8:14 9:4,8
INSERTED (1)
28:6
INSPECTION (1)
44:9
INSTANCES (1)
16:9
INSTRUCTIVE (1)
16:5
INTENDED (2)

35:9 36:24
INTENTION (1)
13:1
INTEREST (3)
19:16,18 24:18
INTERESTED (1)
59:14
INTERESTING (1)
32:18
INTERPRETATION (3)
20:22,23,24
INTERPRETED (1)
16:3
INTERROGATORIE...
12:17 28:24 29:2 30:13 30:22 31:2,16,22,23 32:20 34:16 38:24 39:1 39:17,22 40:17,18 41:1
INTERROGATORY (...
31:17,19,21 38:9 40:5 41:4,10,20 48:3,5
INTERSECTION (2)
35:18,21
INTERVALS (2)
44:16,20
INTERVIEW (1)
31:8
INVENTION (3)
24:17 30:4 35:13
INVENTIONS (6)
18:25 19:10,17,22 27:21 31:3
INVENTORSHIP (2)
21:1 38:14
INVOKE (1)
37:15
INVOLUNTARILY (1)
53:14
INVOLVEMENT (4)
8:10 9:1,13,16
INVOLVING (3)
19:5 31:2 32:23
IN-DEPTH (1)
56:15
IN-PERSON (1)
56:6
IRRELEVANT (2)
22:20 45:7
ISAAC (2)
41:22 50:24
ISSUE (19)
4:23,24 5:10,14,15 6:20 7:12 13:10 16:4 17:21 20:7,22 21:16 22:3 23:6 40:5 42:23 48:13 56:22
ISSUES (7)
4:14,25 7:25 10:6 31:4 39:19 40:14
ITEMIZED (1)
49:7

J

JANITORS (1)
25:20
JANUARY (15)
4:16 8:1 11:4 17:9 18:1,2 33:18,21 38:2,3,3,11 40:10 52:20 56:9
JOB (1)
25:8
JOINT (2)
50:17 56:18
JUDGE (52)
4:8 5:3 9:22 10:20 12:15 12:21 13:15 15:5,12 16:4 17:2,13 20:7 22:13 23:22 24:13,23 25:16 25:25 26:19 27:1,11,17 28:1,5,9,14,21 33:12 34:7 37:25 38:7 39:18 42:21 43:3 45:25 46:4 47:12 48:15 49:19,21 50:23 52:8 55:1,11,18 56:11 57:8,12,16,19,21
JUDGMENT (1)
23:8
JURY (1)
35:22

K

KEEP (2)
14:6 39:20
KEEPS (3)
11:15 28:12 34:25
KEKER (2)
3:3 4:6
KENNEDY (41)
3:17 4:18,18 5:14 8:3,3 10:9 12:2,2,16 15:11,13 15:13 17:7 21:11 24:2,9 27:12,23 28:2,7 33:14 38:3,23 39:4 40:2 43:2 43:8,8 46:9 48:12,18 50:2,21 52:9,10 54:13 55:10,16 56:24 57:17
KENNEDY'S (1)
38:25
KEPT (1)
45:12
KEY (1)
44:3
KEYWORDS (1)
44:11
KICK (1)
18:7
KIND (4)
21:11 35:15,24 45:17
KINDS (1)
47:10
KNEW (3)
6:25 10:6 40:6
KNOT (1)
54:25
KNOW (16)
5:1 6:2,15 7:19 11:14 14:14 25:1 28:11 30:9 36:20 38:23 41:2 52:3 54:10,24 56:21
KNOWLEDGE (4)
11:9,12,20 13:3
KNOWS (1)
44:12
KNOW-HOW (1)
19:25

L

LACHES (1)
11:22
LACK (1)
31:15
LACKS (1)
31:17
LANGUAGE (4)
16:3,11,15 26:22
LARGE (1)
23:21
LARGER (2)
16:17,18
LARIAN (14)
41:22 44:13 50:24 51:16 52:18 53:1,4,7 54:4,9 54:10,10,19,22
LARIAN'S (2)
51:9,22
LARSON (3)
34:7 48:15 56:11
LATE (2)
17:25 18:17
LAW (5)
6:17 13:22 16:2 29:14 30:12
LAWSUIT (5)
19:4 24:6,12,20 50:9
LAWYERS (5)
5:2 7:3,20 9:11,17
LEAD (4)
23:2 24:15 48:25 50:6
LEARN (2)
5:24 9:7
LEARNED (5)
6:1,10,14 7:11,21
LEAVE (1)
8:6
LEGAL (4)
6:15 7:12,16 13:5
LEGITIMATE (1)
36:21
LEGITIMATELY (1)
42:3
LESSER (1)
35:11
LETTER (5)
4:9 15:9 28:22 51:2 55:19
LETTERS (2)
56:18,18
LET'S (2)
12:16 55:18
LIMITATION (1)
45:13
LIMITATIONS (4)
5:19 9:16 11:21 13:20
LIMITED (11)
4:20 19:23 23:19,25 25:20 26:15 27:16 42:9 43:17 44:21 45:3
LIMITING (2)
23:9 37:16
LIMITS (1)
24:10
LINE (3)
11:2 26:5 46:11
LINES (1)
48:5
LIST (3)
4:13 36:19 54:15
LISTED (2)
15:8 51:1
LISTS (1)
44:8
LITIGATE (1)
4:25
LITIGATION (1)
44:24
LITTLE (3)
13:15 17:18 57:1
LIVE (3)
24:11 43:12 48:23
LLP (3)
3:3,9,16
LOCAL (1)
56:14
LOCATE (1)
43:20
LOCATION (1)
25:10
LOGIC (1)
35:7
LONG (1)
53:21
LOOK (6)
23:4 39:5 40:18 41:8 47:4,5
LOOKING (3)
27:24 51:12 52:1
LOOKS (1)

34:19
LOOPHOLE (2)
18:24 21:6
LOS (4)
2:18 3:13 4:1 59:2
LOSS (1)
41:23
LOT (3)
28:15 45:7 56:8
LOTS (2)
41:25 42:1
LUCKY (1)
37:19

M

MAKING (3)
14:14 36:21 51:5
MANAGEMENT (1)
35:8
MANNER (1)
47:4
MAP (1)
41:6
MARKETING (2)
25:12,17
MARSH (3)
51:20 52:11,24
MARY (1)
37:18
MASTER (5)
14:3 17:25 18:6,19 19:9
MASTER'S (2)
11:4 17:4
MATERIAL (2)
21:5 41:3
MATERIALS (2)
5:4 37:16
MATT (1)
4:6
MATTEL (71)
2:8 3:8 4:14,24 5:1,11,13 5:23,25 6:4,5,10,14,19 7:4,10,11,16,21 8:1,5 8:12 9:2 10:6,16 11:5,7 11:15 16:7,10,16 17:10 17:15,17,19 18:3,11 20:18,25 25:8,12 31:4 31:12,19 33:16 34:25 35:5 36:10,14 39:14 40:6,14,25 41:14,18 42:6 43:5,12,17,23 44:1 44:2,22,25 45:8,20 46:10 49:10 55:13 56:25 57:2
MATTEL'S (23)
8:17,23 10:25 11:11,20 12:23 13:1 15:15 17:3 21:17 22:17 24:15 27:6 27:8 28:23 29:1 37:13
42:10 43:9 44:8,12 50:25 53:3
MATTER (10)
12:19 14:5 18:25 19:2 20:1 29:10 38:15 50:15 52:17 57:2
MATTHEW (1)
3:4
MEAGHER (1)
3:16
MEAN (1)
24:14
MEANING (1)
35:19
MEANT (1)
16:11
MEASURES (1)
15:20
MEDICAL (1)
21:23
MEET (17)
10:10,17 12:8 14:5 26:21 35:3 40:11 49:17,24 50:1,4,12,16 56:6,16 57:4,10
MEETING (3)
49:24 56:4,6
MEMORIALIZE (1)
54:2
MEMORIALIZED (1)
55:14
MEMOS (1)
4:23
MERELY (1)
36:17
MET (2)
40:7 49:22
MGA (43)
3:15 4:19 5:15 6:4 7:5,7 7:15,19 8:19 11:10 13:2 13:10 15:8 17:21 18:20 20:19,23,25 26:8 28:24 29:12 30:10,20 31:5,10 32:18,24 33:13 36:12 36:15 41:21 44:11,13 47:24 48:6 51:11,15,24 53:1,3 54:11,20,20
MGA'S (8)
4:13 7:17 12:10 18:14 27:6 32:24 43:5 44:7
MICHAEL (1)
3:4
MIKE (1)
4:6
MILLIONS (2)
40:23 46:23
MIND (1)
14:6
MINUTES (1)
55:22
MODIFICATION (1)
28:3
MOMENT (3)
38:6 43:4 49:19
MOMENTS (1)
32:18
MONDAY (2)
2:20 4:1
MONTHS (1)
8:22
MOONLIGHTING (4)
22:4 39:10,11,13
MORNING (14)
4:5,8,18,21 15:24 17:16 29:5 46:3,4 51:4 52:12 55:23 56:1,11
MOTION (76)
4:13,16,17 6:12 7:4 8:7 10:14 11:25 12:4,11 14:17,20 15:6,7,8,15 17:2,3,5,8,10,14,20 18:9,9,14,14 21:15,15 22:14,17 23:3,5,9 26:4 26:20 27:1,6 28:21,23 29:1,1,3 32:21 33:15 34:5,21 35:13 39:24 40:3,6 42:17 43:5 44:6 45:14 46:2,10,10,12 47:16,23 48:6 49:24,25 50:13,20,23 51:7,13 52:15,15,17 55:9,11 56:19 57:2
MOTIONS (13)
4:10,12 17:11 18:2 29:4 42:22 46:18,19 55:19 55:24 56:7,8,17
MOVE (4)
21:10 28:19 50:20 55:21
MOVING (2)
16:4 56:10
MULTIPLE (1)
7:22
MULTITUDE (1)
29:25
MUMFORD'S (1)
19:11
MUNICIPAL (1)
56:15
M-Y (1)
44:23

N

NAIL (1)
13:6
NAME (1)
59:16
NAMES (2)
34:21 36:8
NAME-BY-NAME (1)
49:8
NARROW (1)
47:4
NATURE (2)
39:7 45:4
NEED (20)
4:25 13:25 14:6,8 16:25 17:13 20:24 21:9 30:19 41:19,19 42:4,11 43:13 45:8 47:5,6,7,8 49:17
NEEDED (2)
34:8 42:14
NEEDS (2)
22:11 56:3
NEITHER (2)
35:7 59:12
NEST (2)
3:3 4:7
NET (1)
41:22
NEVER (4)
10:16 33:21 40:7,10
NEW (2)
18:4,5
NEWS (1)
33:25
NINTH (1)
5:21
NOLAN (2)
8:16 37:9
NOMINEES (1)
19:15
NONADMISSIBILIT...
16:1
NONCONFIDENTIA...
15:18
NONDISCLOSURE (1)
16:11
NONPRIVILEGED (2)
37:7,16
NOTE (1)
10:2
NOTES (2)
27:24 59:11
NOTICE (2)
12:11 22:15
NOTING (1)
42:5
NOVEMBER (2)
5:25 8:9
NUANCES (1)
37:21
NUMBER (11)
15:7,8 23:21 25:13 31:21 37:5 41:11 44:25 51:1 56:10 59:5
NUMBERING (1)
31:6

NUMBERS (8)
10:4 11:6 16:18 28:24
39:23 54:11,16 55:5
NUMEROUS (1)
37:21

O

OBJECTED (1)
47:3
OBJECTION (4)
30:22 32:9 52:5,6
OBJECTIONS (4)
10:15 12:11 22:18 27:7
OBTAIN (1)
11:10
OBTAINING (1)
8:6
OBVIOUS (1)
9:14
OBVIOUSLY (5)
21:22 25:1,19 37:20
42:16
OCCURRED (3)
6:21,21 36:16
OFFERED (1)
49:13
OFFICERS (1)
54:21
OFFICIAL (1)
6:23
OH (1)
35:18
OKAY (12)
5:3 15:5,12 25:22,22
26:18 27:11 42:10 43:5
57:8,14,16
OLIVAR (5)
3:10 5:12,12 12:24 15:3
OLIVER (1)
3:9
ONCE (1)
45:22
ONES (2)
38:16,19
OODLES (1)
46:20
OPERATED (1)
35:19
OPERATES (1)
5:20
OPPOSE (1)
51:13
OPPOSED (1)
25:4
OPPOSITION (4)
11:1 21:14 47:17 52:14
OPTED (1)
18:6
OPTION (2)
45:9,10
ORDER (27)
4:25 11:4 14:5 17:4
23:10,14,18 25:5 26:20
26:22,24 27:3,5 28:12
28:15 30:19 42:23
43:18 45:16 47:1 49:15
50:17 51:18 52:1 55:14
57:7,8
ORDERED (7)
7:25 23:7 26:15 28:16
45:4 49:18 50:15
ORDERING (2)
56:5,13
ORIGINAL (1)
28:14
ORIGINALLY (2)
22:15 25:5
OUGHT (1)
44:15
OUTCOME (1)
59:14
OUTWEIGHED (1)
22:24
OVERBROAD (1)
22:20
OVERLAPS (1)
15:14
OVERRULE (3)
12:11 22:17 27:6
OVERRULED (1)
10:14
OVERRULING (1)
30:22
OVERWHELMING (1)
9:12
O'MELVENY (8)
52:23,25 53:1,5,8,17
54:18,23
OOO (1)
58:6

P

PACKAGING (1)
32:3
PAGE (9)
3:4 4:6 11:1,2 26:3 39:20
43:1 46:11 57:25
PAGES (4)
37:4 47:17,17 52:19
PALMERI (1)
57:3
PAPER (4)
12:6,17 30:7,8
PAPERS (8)
9:19 15:25 26:2 30:6
37:22 42:20 45:24
48:14
PARAGRAPH (1)
19:12
PARAGRAPHS (1)
51:20
PARES (1)
45:18
PARSE (1)
29:23
PART (3)
9:17 23:18 27:2
PARTIALLY (1)
23:8
PARTICULAR (7)
24:7 36:18 42:5 44:18
46:2,6 48:12
PARTICULARLY (2)
16:5 34:19
PARTIES (12)
12:19 18:7 26:11 29:12
30:14 32:7 35:3 48:4
49:16,22 56:5 57:11
PARTY (3)
5:16 16:2 59:13
PASS (1)
15:5
PATENT (4)
19:19 29:14 30:2,3
PATENTS (1)
19:19
PAYMENTS (1)
41:21
PENDING (6)
10:14 42:17 48:3 55:25
56:7,17
PEOPLE (25)
9:14 23:10,19,21 24:24
25:1,3,5,7,12,13,17
26:1,6 27:13 31:8,10,11
36:9,13,18 44:6 47:8,10
49:6
PEOPLE'S (1)
20:17
PERCENT (1)
37:12
PERFECTLY (1)
55:5
PERFORMANCE (1)
21:24
PERIOD (2)
36:3 54:18
PERIODS (1)
49:11
PERMISSION (1)
17:10
PERMITTING (1)
14:11
PERSON (2)
56:6,16
PERSONAL (3)
35:15 51:10,22
PERTAINING (1)
53:19
PHASE (6)
34:8,11 39:16 48:17,22
56:12
PHASED (1)
26:8
PHONE (1)
52:11
PHONETIC (1)
46:17
PHRASE (1)
20:12
PHRASED (1)
14:9
PHRASING (1)
14:25
PHYSICAL (1)
25:9
PICKED (1)
28:2
PIECE (1)
55:22
PLACE (1)
10:8
PLACED (2)
4:23 5:15
PLAINTIFF (1)
2:6
PLATE (1)
29:7
PLAY (2)
11:14 35:22
PLEADINGS (1)
8:6
PLEASE (1)
27:2
PLEASED (3)
4:22 16:24 37:24
PLED (1)
14:6
POINT (12)
7:13,14 16:5 18:5 24:7
28:17 39:15 48:12 52:4
52:14 54:24 56:22
POINTED (1)
21:14
POINTEDLY (1)
48:23
POLICY (1)
44:15
PORTIONS (2)
22:22 34:11
POSITION (9)
5:6,9,19 8:5 11:8 13:5
30:17 43:9 46:15
POSITIONED (1)
26:23
POSITIONS (1)

30:15
POSSESSION (4)
51:11,16,23,24
POSSIBLE (4)
13:17,21,23 14:2
POTENTIALLY (1)
43:11
PRACTICES (1)
24:16
PRECISELY (1)
10:5
PREFERABLY (1)
54:11
PREJUDICE (4)
12:5,19,25 13:13
PREMISE (1)
46:8
PREPARATION (1)
36:24
PREPARE (7)
22:25 26:19 27:3,5 50:17 55:12,13
PREPARED (5)
4:11,17 9:20,21 54:6
PRESENCE (2)
55:3,4
PRESENT (4)
3:21 24:5 44:6 48:22
PRESENTED (1)
20:6
PRESERVED (1)
44:25
PRESIDING (1)
49:23
PRESS (1)
37:7
PRETTY (1)
38:17
PREVALENT (1)
39:13
PREVIOUS (1)
38:12
PRINCIPAL (1)
30:11
PRINCIPLE (1)
41:3
PRIOR (1)
32:24
PRIORITY (1)
4:10
PRISON (1)
6:23
PRIVILEGE (8)
4:15 5:20 9:8 13:18,19 14:12,12,17
PRIVILEGED (9)
6:11,19 7:15 9:24 10:23 11:10,18 33:1,9
PRIVILEGES (1)

6:9
PROBABLY (1)
29:9
PROBLEM (4)
10:20 20:21 28:12 33:10
PROCEDURAL (1)
34:6
PROCEDURE (2)
35:6 56:14
PROCEDURES (1)
35:9
PROCEED (3)
12:16 43:7 51:3
PROCEEDINGS (3)
2:16 58:4 59:7
PROCESS (1)
57:10
PROCESSES (1)
19:24
PROCTOR (1)
3:11
PRODUCE (4)
26:13 43:6 51:14 55:2
PRODUCED (23)
20:25 23:7 26:10 41:16 41:20,22,23 42:11 51:15,21,25 52:19,23 53:1,5,17,23 54:1,2,14 54:18,23 55:7
PRODUCING (3)
8:2 11:5 52:6
PRODUCT (3)
13:18 14:12 37:13
PRODUCTION (7)
26:9 50:23 51:1 53:9,11 55:2,4
PRODUCTIONS (2)
53:20 54:8
PRODUCTS (2)
30:4 32:3
PROFIT (1)
41:23
PROGRAMS (1)
19:25
PROMISE (1)
11:15
PRONG (1)
6:19
PROPERLY (3)
7:1,8 14:8
PROPOSAL (7)
12:20,22 24:3 28:8 45:18 49:6 50:2
PROPOSALS (1)
49:12
PROPOSE (2)
43:22 44:2
PROPOUNDED (1)
48:4

PROPRIETY (1)
32:13
PROTECTIVE (1)
43:18
PROTRACTED (1)
54:18
PROVE (1)
11:19
PROVIDE (3)
32:12 45:10 48:7
PROVIDED (6)
5:25 13:7 31:20 36:8 38:11 41:5
PUBLIC (1)
33:5
PUBLICITY (1)
20:13
PURELY (1)
37:18
PURSUANT (2)
11:3 56:13
PURSUE (2)
12:19 33:8
PUT (5)
6:19 7:12 12:10 14:8 44:22

Q

QUALIFIED (1)
29:13
QUASH (1)
42:18
QUESTION (11)
9:25 11:23 14:9,13 21:10 23:17 33:3 34:4 47:24 48:3 50:7
QUESTIONNAIRES (1)
24:18
QUESTIONS (15)
4:21 9:20 14:7 15:1 16:23 23:15 27:11 29:25 34:10 37:17,23 42:19 45:23 52:13 56:23
QUICK (1)
57:17
QUICKLY (1)
54:7
QUINN (1)
3:9
QUITE (10)
18:11 20:8,15 23:21 30:5 31:16 33:4,19 37:8 57:6
QUOTE (2)
10:25 51:9

R

RADICAL (1)
19:3

RAISED (2)
18:16 50:2
RAISES (1)
5:16
RAMBUS (3)
5:5,22 9:13
RAN (1)
36:12
RANGING (1)
21:23
RAOUL (6)
3:17 4:18 8:3 12:2 15:13 43:8
RATTLED (1)
54:7
RAY (5)
5:21 6:18,22 7:13 10:22
REACH (1)
45:13
REACHING (1)
38:15
READ (1)
5:3
READILY (1)
32:10
READY (1)
42:20
REAL (2)
51:13 52:5
REALIZE (2)
4:20 27:24
REALLY (13)
9:25 10:20 33:24 34:4 36:15,19 44:15 45:19 49:8,9,11 51:18 56:3
REASON (6)
8:9 25:6 35:2 36:19 39:16 48:14
REASONABLE (7)
43:10,20 45:20 47:8,12 49:3 50:18
REASONS (6)
16:21 23:3 33:6 37:6,7 41:19
RECALL (6)
15:19 23:24 24:6,9 25:2 53:10
RECEIPT (1)
40:3
RECEIVE (1)
56:20
RECEIVED (1)
41:21
RECEIVING (2)
5:1 7:17
RECITE (1)
47:16
RECOGNIZED (1)
18:19

RECONSIDERATIO...
15:15 17:3,8,11 18:10 21:15 23:5,9 26:4,20 27:2
RECORD (2)
17:18 39:21
RECORDED (1)
59:7
RECORDS (2)
41:15,20
REFERENCE (1)
29:14
REFUSE (2)
31:7 32:21
REFUSED (1)
48:7
REGARD (2)
14:24 40:8
REGARDING (9)
10:15 11:11 13:2 15:16 22:4 26:21 31:9 50:25 56:23
REITERATE (1)
40:2
RELATE (1)
7:25
RELATED (5)
15:19 29:1 38:8 40:22 59:13
RELATES (2)
13:3 48:22
RELEVANCE (2)
22:9 25:16
RELEVANCY (6)
10:15 12:11 16:21 22:17 22:23 27:6
RELEVANT (4)
22:23 27:7 28:9 31:9
RELIEF (1)
45:14
RELY (4)
6:20 18:12,12 34:18
REMAINING (2)
55:19 56:16
REMAINS (1)
56:22
RENEW (1)
17:19
RENEWED (2)
15:15 17:10
RENEWING (1)
12:5
REPEAT (3)
16:25 37:22 45:23
REPEATEDLY (1)
39:9
REPEATING (2)
9:19 15:24
REPLY (4)
18:4,16 26:4 52:18
REPORT (3)
50:17 56:17 57:11
REPORTER (2)
57:4 59:5
REPRESENTED (1)
46:16
REQUEST (12)
23:22,24,24 29:15 31:4,5 33:2 35:16 47:2 54:3 57:6,25
REQUESTED (1)
45:14
REQUESTS (10)
21:19 22:5 23:6 26:14 30:2,23 38:10 50:25 53:22 55:6
REQUIRE (1)
51:14
REQUIRED (5)
27:19,20 35:3 44:2 50:6
REQUIREMENT (1)
45:9
REQUIRES (1)
30:20
RESISTING (1)
8:7
RESOLUTION (1)
50:6
RESOLVED (1)
17:6
RESPECT (17)
7:10 10:4 11:20 13:4 22:14 23:6,8,15 24:3,16 26:24 46:17 47:9 48:17 49:18 56:4,7
RESPECTIVE (1)
29:13
RESPOND (5)
8:4 29:20 37:24 49:8 52:12
RESPONDED (1)
31:21
RESPONDING (2)
29:23 53:14
RESPONSE (6)
13:8 32:5,22 39:6 40:13 41:4
RESPONSES (23)
6:6 7:23 28:23 29:1,8,11 29:13,14 30:21 31:19 33:17,21,23 34:4,20 38:1,9,10,22 39:5 40:5 40:15 41:8
RESPONSIBILITY (1)
14:24
RESPONSIVE (16)
26:14 43:11,21 46:13 47:9,21 48:25 49:9
51:24 53:7,16,22 54:1,3 54:3 55:6
RESTORATION (1)
46:22
RESULT (3)
13:14 17:20 47:23
RESULTED (1)
47:1
RESULTING (1)
19:4
RESULTS (1)
21:24
REVIEW (1)
44:15
REVISIONS (1)
21:7
RIGHT (8)
17:19 19:15,18 22:13 24:13 25:11 49:23 54:15
RIGHTS (2)
7:1 20:13
RNBX (1)
2:8
ROAD (1)
41:6
ROB (1)
44:5
ROG (1)
31:5
ROGS (2)
31:2 40:16
ROLES (1)
25:8
ROLLING (1)
52:20
ROOM (1)
29:20
ROUGHLY (1)
24:4
ROUND (1)
40:7
RULE (9)
5:18 12:6 13:23,24 35:2 35:6 50:8,8 56:13
RULED (1)
52:18
RULES (3)
50:6 56:14,14
RULING (1)
12:13
RULINGS (1)
8:12
RUMOR (2)
8:14 9:3

S

SAMPLED (1)
43:13
SAN (2)
3:5,18
SANCTIONS (2)
8:7 50:24
SANDBAGGED (1)
35:1
SANSOME (1)
3:5
SAVE (1)
12:5
SAW (1)
56:11
SAYING (4)
7:20 35:16 44:23 53:21
SAYS (3)
9:10 46:10 51:19
SCALE (1)
16:19
SCENE (1)
44:23
SCOPE (3)
23:1 24:3 42:9
SCULPTORS (1)
27:14
SEARCH (21)
21:13,16 43:10,20 44:3 44:21 45:3,20 46:11,12 47:5,6,7,8,13,25 48:9 48:10 49:3,15 50:19
SEARCHED (2)
47:19 48:1
SEARCHING (2)
15:16 48:23
SECOND (5)
7:13 20:19 30:6 40:10 51:5
SECRETLY (1)
42:15
SECTION (1)
19:12
SECURITY (2)
8:18 9:10
SEE (7)
8:25 12:16 37:19 40:19 43:3 45:6 55:18
SEEK (5)
22:20 29:21 41:3,14 42:13
SEEKING (2)
11:19 32:19
SEEMINGLY (1)
37:14
SEGUNDO (1)
21:17
SELF-CONSUMING (1)
54:23
SELF-DEFEATING (1)
16:7
SEND (2)

57:22,24
SENDS (1)
35:16
SENSE (2)
14:14 49:21
SEPARATE (1)
42:17
SEPTEMBER (4)
17:4 23:7 28:15 46:19
SERVE (1)
55:13
SERVED (5)
18:4 22:16 29:2 42:2,8
SERVER (1)
48:24
SESSION (2)
50:5 56:16
SET (6)
18:2 34:23 38:9,12 40:9
50:25
SGL (1)
2:8
SHARED (1)
47:21
SHIFTED (1)
18:22
SHORT (2)
10:18 39:20
SHORTHAND (2)
59:5,11
SHOW (5)
6:19 7:14 16:19,20 24:15
SHOWED (1)
6:7
SHOWING (3)
41:21,22 45:11
SHOWN (1)
30:6
SHOWS (1)
7:16
SIDE (2)
29:20,22
SIGN (3)
21:25 22:1 27:20
SIGNED (2)
21:21 25:17
SIGNIFICANT (3)
25:13 45:13 47:18
SIMILAR (4)
16:3 20:5 31:6,6
SIMILARLY (2)
26:10 48:22
SIMPLY (8)
5:24 6:17 14:19 16:21
30:1 43:12 54:2 55:2
SITUATED (1)
26:10
SITUATION (3)
5:23 8:21 34:2
SITUATIONS (2)
13:24 22:4
SIX (1)
7:24
SKADDEN (1)
3:16
SLATE (1)
3:16
SOLE (1)
51:13
SOMEBODY (2)
35:16 36:12
SORRY (3)
27:23 28:10 30:7
SORT (1)
11:25
SOUGHT (2)
22:23 40:11
SOUND (1)
35:22
SOUNDS (3)
53:25 54:6,12
SOURCE (2)
36:21 53:15
SOURCES (4)
7:22 32:16,19 43:21
SOUTH (2)
2:17 3:12
SPACE (1)
47:21
SPEAKING (1)
5:13
SPECIAL (3)
14:3 17:4 22:4
SPECIFIC (8)
24:10 30:24 47:7,10,10
49:6,12 52:12
SPECIFICALLY (2)
45:14 47:25
SPECIFICATION (1)
31:18
SPENT (1)
30:8
SPIN (1)
36:22
SPIRIT (1)
11:17
SPOKE (1)
39:22
SPOKEN (1)
52:25
SPOLIATION (1)
8:8
SS (1)
59:1
STACK (1)
12:13
STANDARDS (1)
50:10
START (2)
29:9 46:7
STARZ (1)
44:24
STATE (2)
59:1,6
STATED (1)
10:21
STATEMENT (2)
11:17,23
STATEMENTS (2)
33:5 41:24
STATES (1)
2:1
STATUTE (4)
5:18 9:16 11:21 13:19
STAYED (3)
48:15,16 56:11
STENOGRAPHICAL...
59:8
STIPULATED (1)
50:17
STOP (1)
49:19
STRAIGHT (1)
30:23
STREET (3)
2:18 3:5,12
STUFF (2)
38:17 45:18
SUBJECT (8)
5:2 18:24 25:18 38:15
42:17 48:6 52:2,17
SUBJECTS (1)
11:12
SUBMISSION (6)
12:6 14:20 42:23 52:16
55:12 56:2
SUBMISSIONS (1)
6:7
SUBMIT (9)
6:16 9:21 16:19 22:11
34:9 42:20 43:19 45:17
48:20
SUBMITTED (2)
7:16 51:20
SUBPOENA (3)
42:8,10,18
SUBPOENAED (1)
42:15
SUBPOENAS (2)
32:8,14
SUBSCRIBED (1)
59:16
SUBSTANTIAL (3)
33:17,20 34:3
SUBSTANTIALLY (2)
22:24 37:1
SUBSTANTIVE (2)
34:14 40:14
SUFFICIENT (1)
10:6
SUFFICIENTLY (1)
47:4
SUGGEST (2)
12:4 28:8
SUGGESTED (1)
25:3
SUGGESTION (2)
9:13 28:2
SUGGESTS (1)
16:14
SUITE (1)
3:18
SUMMARIZE (1)
41:3
SUPERVISORS (1)
22:6
SUPPLEMENT (1)
35:10
SUPPLEMENTAL (9)
33:17,20,23 34:20 38:1
40:13 41:8 42:2 44:4
SUPPLEMENTALS (1)
38:22
SUPPLEMENTATIO...
40:8,10
SUPPLEMENTED (2)
37:1 40:4
SUPPORT (6)
5:6 30:18 35:7 39:3,12
44:5
SUPPORTS (1)
41:6
SURE (7)
7:19 27:13 29:19 32:6
37:8 39:25 44:12
SUSPECT (2)
8:10 35:1
SWATH (1)
21:25
SWEEP (1)
25:19
S-C-E-N-E (1)
44:24

T

TAKE (9)
11:7 12:6,9 14:20 22:8
22:25 31:11,12 42:22
TAKEN (6)
2:16 10:8,19 15:20 56:1
59:11
TAKES (1)
41:7
TALK (1)
39:9
TALKED (1)

49:6
TALKING (8)
6:2 7:10,11 9:4 15:25
24:4 44:19 45:5
TAPE (3)
45:11,12 49:16
TAPES (11)
43:13,25 44:16 45:1,5,6
46:13,21 47:5 48:19,21
TARGETS (1)
56:10
TASK (1)
37:18
TASKS (1)
25:15
TAYBACK (13)
3:11 46:1,1,5 47:14
49:20 50:22 51:4,5
53:24,24 55:17 57:20
TECH (1)
36:5
TECHNICAL (1)
46:20
TELEPHONIC (1)
2:15
TELEPHONICALLY ...
3:6,22
TELL (2)
43:19 44:14
TENS (1)
46:23
TENTH (1)
3:12
TERM (1)
46:20
TERMINATING (1)
8:7
TEST (4)
5:7,21 6:18 9:23
TESTIFY (1)
8:2
TESTIMONY (2)
11:11 40:25
THANK (22)
15:3 26:25 27:10 28:20
33:11,12,14 42:21,25
43:1,2,8 45:25 50:21,22
52:8 55:10,17 57:15,16
57:20 58:1
THEIRS (1)
20:3
THEMES (2)
34:23 39:4
THEORIES (1)
34:22
THEREOF (1)
59:14
THEREON (1)
19:21

THING (3)
7:4 19:6 43:4
THINGS (4)
18:16 38:13 46:8 56:10
THINK (35)
4:22 5:9 11:24 12:24
13:6,13,17,25 14:7,15
14:22 15:4 17:13 18:10
18:18 24:4,23 25:7,20
25:25 31:5,16 34:14,19
37:14,18 41:7 45:15
46:16 48:12 49:2,22
52:4 55:7 56:3
THIRD (2)
2:18 7:14
THOUGHT (1)
41:14
THOUSANDS (5)
21:16 22:7,7 25:4,24
THREE-PART (2)
5:7 9:23
THROWN (1)
37:19
TIM (4)
17:17 29:5 38:5 56:25
TIME (24)
4:20 8:13,16 13:14 14:21
15:24 23:20,25 24:10
28:11 32:15 34:18
35:21 36:3,9 48:25 49:5
49:11,12 50:3 52:15
54:18 55:23 57:6
TIMELY (1)
34:5
TIMING (1)
31:2
TIMOTHY (1)
3:10
TITLE (2)
19:16,18
TODAY (7)
12:7 18:15 19:7 33:24
40:12 50:2 57:14
TODAY'S (1)
57:22
TOLD (6)
6:24 7:2 8:19 33:16 36:1
53:13
TOLLING (1)
5:18
TOP (1)
12:12
TOPIC (5)
11:6 15:20,20 17:5 27:8
TOPICS (11)
7:24 10:4 11:13,16 13:9
22:14,18,19,23 23:1
42:3
TOTAL (2)

29:10 52:19
TOTALLY (1)
45:7
TOUCH (2)
30:25 31:3
TOUCHED (1)
38:23
TRACK (1)
22:8
TRADE (2)
31:24,25
TRAIL (1)
30:7
TRANSCRIBED (1)
59:8
TRANSCRIPT (5)
2:15 57:21,25 59:10,11
TRIAL (5)
20:4,6 30:17 34:18 36:24
TRIALS (1)
19:4
TRIED (2)
29:23 37:21
TRUE (1)
59:10
TRULY (1)
13:24
TRUMPED (1)
18:23
TRY (9)
4:22 9:15,20 16:24 20:16
29:24 36:22 37:24
43:14
TRYING (3)
12:8 24:18 30:1
TWICE (1)
40:5
TWO (1)
54:22

U

UNCERTAINTY (2)
16:15,16
UNCONSCIONABILI...
17:23 18:20
UNDERLYING (8)
10:5 11:8,9 13:2,7,11
23:5 41:13
UNDERSTAND (4)
5:8 36:20 43:9,25
UNDERTAKE (1)
45:21
UNDIFFERENTIATE...
53:2,6
UNDUE (1)
22:21
UNDULY (1)
47:3
UNFORCED (1)

15:17
UNHAPPY (2)
36:14,16
UNITED (1)
2:1
UNKNOWN (1)
44:25
UNQUOTE (2)
11:13 51:9
UNTIE (1)
54:25
UNTIMELY (1)
13:21
URGE (2)
45:3,8
URQUHART (1)
3:9
USE (1)
46:20
USELESS (1)
29:11

V

V (4)
5:21 6:18,22 7:13
VALUABLE (1)
15:24
VAN (2)
3:3 4:7
VARIETY (1)
29:18
VARIOUS (4)
27:21 39:4 46:18,19
VAST (1)
47:18
VERIFICATIONS (1)
15:17
VERSES (1)
27:22
VERSUS (1)
10:22
VIEW (2)
23:1 50:11
VIOLATING (1)
6:25
VIOLATIONS (1)
25:19
VIRTUALLY (5)
21:22 31:17,25 32:2
48:20
VITAL (6)
7:15,17,20 9:24 10:22
11:19
VOLUMINOUS (1)
30:9
VOLUNTARILY (1)
53:12
VS (1)
2:7

W

WAIVE (1)
13:17
WAIVED (2)
4:15 14:18
WAIVER (4)
5:20 11:19 13:23 14:11
WANT (22)
15:10,23 18:15 19:6 21:4
25:19 27:12 35:17
36:11 37:8,22,25 38:20
39:25 40:2,21 43:3
45:10,23 46:7 51:7,18
WARNERS (1)
20:2
WASN'T (2)
20:3,6
WASTE (1)
15:24
WASTING (1)
28:11
WAY (7)
12:7 35:18,20 49:2 53:21
54:24 59:14
WAYS (1)
35:5
WEEKEND (1)
35:14
WENT (4)
27:25 33:18 38:17 40:9
WERDEGAR (3)
3:4 4:5,6
WEREN'T (3)
6:8,25 35:9
WE'LL (5)
15:5 25:22 32:6 55:16
57:24
WE'RE (16)
6:2 7:10,11 9:4 15:25
29:24 30:1,3,7 32:16
33:24 45:5 51:12,17
52:5 53:21
WE'VE (16)
20:15,22 22:9 31:14
32:24,25 33:4 35:2,25
36:1,7 37:21 42:9 54:14
55:25 57:4
WHATSOEVER (1)
44:9
WHEELS (1)
36:22
WHEREOF (1)
59:15
WHOLESALE (1)
46:22
WIGGLE (1)
29:19
WILD (1)
20:18
WILLING (2)
18:12 26:8
WINDOW (1)
48:24
WISH (2)
39:19 51:3
WISHES (1)
12:1
WITHDRAWN (1)
17:24
WITNESS (2)
15:1 59:15
WITNESSES (4)
8:2 22:25 34:22 44:3
WORD (3)
20:11 33:22 39:4
WORDS (2)
29:18 38:25
WORK (8)
6:4 13:18 14:12,22 27:25
31:12 36:17,25
WORKED (4)
23:12 24:25 26:7 36:10
WORKING (4)
8:21 9:11 33:24 35:13
WORKS (2)
41:25 52:13
WORLDWIDE (1)
8:17
WORSE (1)
28:15
WORTH (2)
41:23 42:5
WOULDN'T (2)
35:8 37:15
WRITTEN (1)
7:22
WROTE (2)
8:20 38:25

Y

YEAH (2)
8:13 55:1
YEAR (6)
17:25 24:5,11,20 28:4
36:16
YEARS (4)
16:9 21:8,18 23:20
YESTERDAY (2)
30:8 38:18
YESTERDAY'S (1)
33:25

Z

ZEUSS (1)
49:18

0

04 (1)
22:16
04-9049 (1)
2:8
04-9059 (1)
2:9
05-2727 (1)
2:9
07 (2)
28:25 29:3

1

1 (1)
46:11
10 (4)
57:13,14,17,18
100 (1)
37:12
11 (3)
2:20 4:2 8:1
11TH (1)
52:21
13TH (1)
29:3
14 (1)
44:4
15 (4)
10:4 11:6,16 44:4
15TH (1)
52:21
16 (2)
35:2,6
17 (3)
11:1,2 40:9
18TH (2)
4:16 52:21
188 (3)
36:9,19,23
1954 (1)
20:11
1995 (4)
21:2 24:4 27:25 28:4
1998 (3)
24:11,20 28:6

2

2 (3)
6:19 46:11,11
2(A) (1)
19:12
20 (2)
33:16 55:24
2000 (1)
7:7
2001 (1)
8:13
2002 (5)
8:13,19,22 9:10 44:24
2003 (3)
5:25 8:9 44:25
2004 (2)
44:1,20
2005 (3)
44:1 48:19,21
2007 (1)
8:11
2008 (4)
2:21 4:2 11:4 59:17
21 (4)
10:4 11:6,16 28:25
213 (1)
3:13
24 (1)
51:20
25 (6)
15:20 22:14,19 26:5 27:8
51:20
25TH (1)
52:21
26 (1)
50:8
27 (1)
28:24
28 (3)
33:21 38:3 40:10

3

3 (1)
17:9
3RD (1)
18:2
30(B)(6) (S)
7:24 10:5,12 22:15 27:8
34 (1)
50:8
37 (1)
56:13
37,000 (1)
37:3
3800 (1)
3:18
39 (2)
32:4 41:11
391-5400 (1)
3:6

4

4 (4)
15:7,9 26:3 34:7
4,000 (1)
45:6
40 (3)
32:20,21 36:25
401(K)'S (1)
21:24
403 (1)
35:24
41 (2)

15

```
  31:5 39:23
415 (2)
 3:6,19
43 (2)
 32:3 34:10
44 (3)
 28:24 32:3 34:10
443-3000 (1)
 3:13
46 (5)
 28:24 32:23 33:10 37:5
   39:24
47 (2)
 32:21 36:25
48 (3)
 31:23 32:1 34:10
49 (3)
 31:23 32:1 34:10
```

_____ 5 _____
```
50 (2)
 28:24 34:10
51,000 (1)
 53:15
51,118 (1)
 52:19
52 (4)
 15:20 22:14,20 27:8
55 (1)
 53:12
```

_____ 6 _____
```
6 (3)
 51:1,2 55:18
6TH (2)
 4:9 28:22
60 (1)
 44:16
68 (1)
 44:6
```

_____ 7 _____
```
7 (3)
 33:18 38:3 47:17
700 (3)
 25:3 26:1,6
710 (1)
 3:5
75 (1)
 44:16
7804 (2)
 2:21 59:5
```

_____ 8 _____
```
8 (2)
 19:11 47:18
8:30 (2)
 2:20 4:3
80-DAY (1)
```

```
44:16
865 (2)
 2:17 3:12
```

_____ 9 _____
```
9 (1)
 11:2
9TH (1)
 11:4
9:46 (1)
 58:4
90-DAY (3)
 44:14,20 48:24
90017-2543 (1)
 3:13
94111 (2)
 3:5,18
95 (3)
 28:1,8,9
984-6400 (1)
 3:19
```

Exhibit B

Case 2:04-cv-09049-SGL-RNB    Document 2113    Filed 02/11/2008    Page 1 of 3

UNITED STATES DISTRICT COURT
·CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 11, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=================================================================================
=
PRESENT:    HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Pamela Cotton
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT: Christa Martine Anderson        John B. Quinn

ATTORNEYS PRESENT FOR MGA:
Thomas J. Nolan
Marcus R. Mumford

PROCEEDINGS:

        ORDER VACATING STAY

        ORDER OVERRULING MATTEL'S OBJECTION TO THE DISCOVERY MASTER'S
JANUARY 11, 2008, ORDER

        This matter was heard on February 11, 2008.

        With the current motion, Mattel makes four requests for relief. At the hearing, it became
clear that the first three requests for relief are moot in light of counsel's representations, and only
the fourth request remains for the Court to resolve.

        First, Mattel sought clarification and/or modification of the January 11 Order on the issue of
whether it was required to give testimony, in the form of Rule 30(b)(6) witnesses, regarding
materials produced in discovery that are designated as "Attorney Eyes Only." Counsel for MGA
and Carter Bryant represented to the Court that, although they will seek testimony regarding
materials designated as "Confidential," they will not seek testimony regarding the more closely
guarded materials designated as "Attorney Eyes Only." Therefore, this request is **MOOT.**

MINUTES FORM 90                                     Initials of Deputy Clerk __jh_____
CIVIL -- GEN                        1               Time: 00/16

Second, Mattel sought clarification that the January 11 Order did not require that they provide testimony as to its legal contentions. As became evident at the hearing, this request is also **MOOT.**

Third, it is similarly not contended that Mattel has been compelled to give testimony that is not relevant to any claim or defense. Therefore, this request is **MOOT.**

The remaining request for relief remains a source of dispute among the parties. The Discovery Master ordered that Mattel be limited to only one Rule 30(b)(6) witness per topic. As provided for by the stipulation of the parties, entered as this Court's Order, the Discovery Master's Orders are subject to the same standard of review as are the rulings of a magistrate judge. As to decisions on non-dispositive issues, the Court will therefore leave them undisturbed unless they are "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Rule 30(b)(6) expressly provides that more than one witness may be designated. See id. ("The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.") (emphasis added). Here, however, the Discovery Master, after recognizing this express provision, conveyed his clear intent that the limitation to one witness per topic be imposed as a sanction on Mattel for past discovery abuses. See Corey Decl. at 83 (transcript of January 3, 2008, hearing before Judge Infante). At the hearing, the Discovery Master ruled:

> Mattel shall produce no more than one competent witness on any one topic. Normally, you have discretion on that point to produce one or more witnesses. But I believe there's been an abuse here, de-facto not necessarily intentional. And therefore, my order says you shall produce no more than one competent witness on any topic.

Id. Therefore, the Court considers whether this is a permissible sanction.

The Discovery Master made the factual finding that Mattel had not "adequately prepared [previously designated Rule 30(b)(6)] witnesses in the spirit of Rule 30(b)(6) on behalf of the corporation." That factual finding is not challenged as clearly erroneous, and the Court does not find clear error based on the record before it.

The Court therefore considers whether the ruling is contrary to law. The previously designated Rule 30(b)(6) depositions took place pursuant to an order to compel such testimony. See Opp. at 1. Therefore, the powers conferred on the Discovery Master to remedy the failure to comply with the prior order is broad. Pursuant to Fed. R. Civ. P. 37(b)(2), where "a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including ordering that certain facts be deemed established, precluding evidence, striking pleadings, and dismissing the action. Id. Given these very broad powers, the

Court cannot find that the Discovery Master's Order that merely limits Mattel to one Rule 30(b)(6) witness per topic is contrary to law.

Because the challenged portion of the Discovery Master's Order is neither clearly erroneous nor contrary to law, the Court **OVERRULES** Mattel's objection thereto.

The stay imposed by the Court's February 4, 2008, Order is **VACATED**. Mattel shall make its Rule 30(b)(6) witnesses available for depositions within two weeks of the entry of this order.

IT IS SO ORDERED.

Initials of Deputy Clerk __jh_____
Time: 00/16

Exhibit C

**[FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**EXHIBIT D**

# [FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

**EXHIBIT E**

# [FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

**EXHIBIT F**

# [FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]