RightFAX          2/22/2007 3:18   PAGE 002/017   Fax Server

**SEND**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., | Case No. CV 05-02727 SGL(RNBx) |
| Plaintiff, | SCHEDULING ORDER [FRCP 16(b)] |
| v. | 1.  Establishing a Discovery Cut-off Date of March 3, 2008 |
| MATTEL, INC., | 2.  Non-Discovery Motion Hearing Cutoff date of April 7, 2008, at 10:00 a.m. |
| Defendants. | 3.  Setting Final Pretrial Conference for June 2, 2008, at 11:00 a.m. |
| | 4.  Setting Jury Trial Date of July 1, 2008, at 9:30 a.m. |

FEB 22 2007

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside, California.

1.   <u>Discovery Cut-Off:</u> This is the last date to complete discovery, including

DOCKETED ON C.
FEB 22 2007

2-21

EXHIBIT ____
PAGE ____

**EXHIBIT 18
PAGE 571**

1   expert discovery, and the resolution of any discovery motions before this court. If expert

2   witnesses are to be called at trial, the parties shall designate experts to be called at trial and

3   provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the

4   discovery cutoff date. Rebuttal expert witnesses shall be designated and reports provided as

5   required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff

6   date. Failure to timely comply with this deadline may result in the expert being excluded at

7   trial as a witness. The Court requires compliance with Local Rule 37-1 and 37-2 in the

8   preparation and filing of discovery motions. Discovery motions may not be heard on an ex

9   parte basis.

10      2.      **Joinder of Parties and Amendment of Pleadings:**  Any motions to join other

11   parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of

12   this Order so that they can be heard and decided prior to the deadline. This deadline does

13   not apply if the deadline for joining parties or amending pleadings has already been

14   calendared or occurred by virtue of an order issued by another Judge.

15      In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to

16   amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to

17   differentiate the amendment from previous amendments and (c) state the page, line

18   number(s), and wording of any proposed change or addition of material.

19      3.      **Motion Filing Cut-Off:**  The Court hears motions on Mondays at 10:00 a.m.

20   The motion filing cut-off date is the last day motions may be heard (not filed). The Court will

21   not decide late motions. Issues left undetermined by the passage of the motion cut-off date

22   should be listed as issues for trial in the Final Pretrial Conference Order. As an exception to

23   the above, motions in limine dealing with evidentiary matters may be heard at or before trial;

24   however, summary judgment motions disguised as motions in limine will not be heard.

25   Parties need not wait until the discovery cut-off to bring motions for summary judgment or

26   partial summary judgment. However, in the usual case, the court expects that more than the

27   minimum notice will be provided to counsel opposing motions for summary judgment. In the

28

2

EXHIBIT _____

PAGE _          **EXHIBIT 18**
                **PAGE 572**

1   usual case, the parties should confer and agree on the date for setting such motions.

2          Ex parte applications are entertained solely for extraordinary relief.  See Mission Power

3   Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict adherence to

4   proper ex parte procedures is required for any ex parte application filed with the Court.

5          4.   Stipulations to Extend Time:  Stipulations to extend the time to file any required

6   document or to continue any pretrial or trial date must set forth (a) the existing due date or

7   hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons

8   supporting good cause for granting the extension or continuance; and (d) whether there have

9   been any prior requests for extensions or continuances, and whether these were granted or

10  denied by the Court.

11         5.   Summary Judgment Motions:  The Separate Statement of Undisputed Facts is to

12  be prepared in a two-column format.  The left-hand column should set forth the allegedly

13  undisputed fact.  The right-hand column should set forth the evidence that supports the

14  factual statement.  The fact statements should be set forth in sequentially numbered

15  paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each

16  numbered paragraph should address a single subject in as concise a manner as possible.

17         The opposing party's statement of genuine issues must be in two columns and

18  track the movant's separate statement exactly as prepared.  The document must be in two

19  columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand

20  column must indicate either undisputed, or disputed.  The opposing party may dispute all or

21  only a portion of the statement, but if disputing only a portion, must clearly indicate what part

22  is being disputed.  Where the opposing party is disputing the fact in whole or part, the

23  opposing party must, in the right-hand column, label and restate the moving party's evidence

24  in support of the fact, followed by the opposing party's evidence controverting the fact.

25  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

26  party must cite to the evidence alleged to be objectionable and state the ground of the

27

28

3

EXHIBIT _____

EXHIBIT 18

PAGE ____          PAGE 573

1    objection and nothing more.  **No argument should be set forth in this document.**

2    The opposing party may submit additional material facts that bear on or relate to the
3    issues raised by the movant, which shall follow the format described above for the moving
4    party's separate statement.  These additional facts shall follow the movant's facts, shall
5    continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set
6    forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set
7    forth in the right hand column the evidence that supports that statement.

8    The moving party, in its reply, shall respond to the additional facts in the same
9    manner and format that the opposition party is required to adhere to in responding to the
10   statement of undisputed facts, as described above.

11       (a) <u>Supporting Evidence:</u> No party should submit any evidence other than the
12   specific items of evidence or testimony necessary to support or controvert a proposed
13   statement of undisputed fact.  Thus, for example, the entire transcript of a deposition, entire
14   sets of interrogatory responses, and documents that do not specifically support or controvert
15   material in the separate statements, should not be submitted in support or opposition to a
16   motion for summary judgment.  Any such material will not be considered.

17       Evidence submitted in support of or in opposition to a motion should be submitted
18   either by way of stipulation or as exhibits to declarations sufficient to authenticate the
19   proffered evidence, and should not be attached to the Memorandum of Points and
20   Authorities.  The Court will accept counsel's authentication of deposition transcript, of written
21   discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the</u>
22   <u>document was in the opponent's possession is of independent significance.</u>  Documentary
23   evidence as to which there is no stipulation regarding foundation must be accompanied by
24   the testimony, either by declaration or properly authenticated deposition transcript, of a
25   witness who can establish its authenticity.

26   If evidence in support of or in opposition to a motion exceeds twenty pages, the

27

28

4

EXHIBIT __

PAGE ____

**EXHIBIT 18
PAGE 574**

●                              ●

1   evidence must be in a separate bound volume and include a Table of Contents.

2        (b) **Objections to Evidence:** If a party disputes a fact based in whole or in part

3   on an evidentiary objection, the ground of the objection, as indicated above, should be

4   stated in the separate statement but not argued in that document. Evidentiary objections

5   are to be addressed in a separate memorandum to be filed with the opposition or reply brief

6   of the party. This memorandum should be organized to track the paragraph numbers of

7   the separate statement in sequence. It should identify the specific item of evidence to

8   which objection is made, the ground of the objection, and a very brief argument with citation

9   to authority as to why the objection is well taken. The following is an example of the format

10  contemplated by the Court:

11        Separate Statement Paragraph 1: Objection to the supporting deposition transcript

12        of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible

13        hearsay and no exception is applicable. To the extent it is offered to prove her

14        state of mind, it is irrelevant since her state of mind is not in issue.

15        Fed. R. Evid. 801, 802.

16  Do not submit blanket or boilerplate objections to the opponent's statements of

17  undisputed fact: these will be disregarded and overruled.

18        (c) **The Memorandum of Points and Authorities:** The movant's memorandum of

19  points and authorities should be in the usual form required under Local Rule 7-5 and should

20  contain a narrative statement of facts as to those aspects of the case that are before the

21  Court. All facts should be supported with citations to the paragraph number in the Separate

22  Statement that supports the factual assertion and not to the underlying evidence.

23        Unless the case involves some unusual twist on Rule 56, the motion need only

24  contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and

25  with its interpretation under Celotex and its progeny. If at all possible, the argument should

26  be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

27

28

5

EXHIBIT __

PAGE ___

**EXHIBIT 18
PAGE 575**

1  Issue, with the purpose of showing the existence or non-existence of a genuine issue of

2  material fact for trial on that element of the claim or defense.

3        Likewise, the opposition memorandum of points and authorities should be in the

4  usual form required by Local Rule 7-5, and where the opposition memorandum sets forth

5  facts, the memorandum should cite to paragraphs in the separate statement if they are not in

6  dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is

7  contravened by an additional fact in the statement of genuine issues, the citation should be

8  to such fact by paragraph number.

9        (d) **Timing:** In virtually every case, the Court expects that the moving party will

10  provide more than the minimum twenty-one (21) day notice for such motions.  The moving

11  party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier

12  versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

13     6.  **Motions in Limine:**  The parties must file motions in limine addressing the

14  admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their

15  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

16     7.  **Pretrial Conference and Trial Setting:**  Compliance with the requirements of

17  Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of

18  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-

19  Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1

20  through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set

21  forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

22        The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists

23  shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial

24  Conference.  The Proposed Pre-Trial Conference Order shall be lodged fourteen (14)

25  calendar days before the Pre-Trial Conference.

26        The Proposed Pre-Trial Conference Order must contain a Table of Contents.  Place

27

28

<center>6</center>

EXHIBIT _

PAGE ___

EXHIBIT 18
PAGE 576

1   In all capital letters and in bold the separately numbered headings for each category in the
2   PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been
3   dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will
4   be prosecuted against all remaining parties on the other side, please specify to which party
5   each claim or counterclaim is directed. The factual issues in dispute should track the
6   elements of a claim or defense upon which the jury would be required to make findings.
7   Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the
8   defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;"
9   not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m.
10  on March 1"). Issues of law should state legal issues upon which the Court will be required
11  to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate
12  fact issues to be submitted to the trier of fact.
13          In drafting the PTCO, the court expects that counsel will attempt to agree on and
14  set forth as many non-contested facts as possible. The court will normally read the
15  uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively
16  stated stipulation of facts will reduce the length of trial and increase jury understanding of the
17  case.
18          If expert witnesses are to be called at trial, each party must list and identify its
19  respective expert witnesses, both retained and non-retained. Failure of a party to list and
20  identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party
21  from calling that expert witness at trial.
22          This case has been placed on calendar for a Final Pretrial Conference ("PTC")
23  pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, et seq., unless the PTC was expressly
24  waived at the Scheduling Conference by the court. Unless excused for good cause, each
25  party appearing in this action shall be represented at the PTC and all pretrial meetings of
26  counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial
27
28

7

EXHIBIT _____

EXHIBIT 18

PAGE ____     PAGE 577

1  documents may result in the dismissal of the action, striking the answer and entering a

2  default, and/or the imposition of sanctions.

3        A continuance of the Final Pretrial Conference at counsel's request or stipulation

4  will only be approved upon a showing of good cause.  Counsel should plan to do the

5  necessary pretrial work on a schedule which will insure its completion with time to spare

6  before the Final Pretrial Conference.  Specifically, failure to complete discovery work,

7  including expert discovery, is not a ground for a continuance.

8        Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the

9  court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the

10  trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance

11  with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference

12  Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

13        At the PTC, counsel should be prepared to discuss means of streamlining the trial,

14  including, but not limited to: bifurcation, presentation of non-critical testimony by  deposition

15  excerpts, stipulations as to the content of testimony, presentation of testimony on direct

16  examination by declaration subject to cross-examination, and qualification of experts by

17  admitted resumes.  In certain cases where the PTC is waived by the court, counsel must

18  follow Local Rule 16-11.

19        8.   **Witness List and Times Estimates:**  Counsel shall prepare a list of their witnesses,

20  an estimate of the length of time needed for direct examination for each witness, and whether

21  the witness will testify by deposition or in person.  Counsel shall exchange these lists with

22  opposing counsel.[1]  **Counsel shall jointly file a single witness list, including estimates for**

23  **direct examination of their own witnesses and estimates for cross-examination of**

24  **opposing witnesses.**  This list shall be filed at the time counsel lodge the Proposed Pre-Trial

25

26  _____

27  [1]  See "Joint Trial Witness Estimate Form" appended to this order.

28

                                     8

EXHIBIT .

PAGE ___

EXHIBIT 18
PAGE 578

1    Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

2        9.    **Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to

3    counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

4    (general and special) and special verdict forms (if applicable).  Seven (7) calendar days prior

5    to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and

6    special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and

7    confer with the goal of reaching agreement on one set of joint jury instructions and one special

8    verdict form.

9            The parties should make every attempt to agree upon the jury instructions before

10   submitting them to the Court.  The Court expects counsel to agree on the substantial majority

11   of jury instructions, particularly when pattern instructions provide a statement of applicable law.

12   When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an

13   applicable requested instruction, the parties should submit the most recent version of the

14   Model instruction.  Where language appears in brackets in the model instruction, counsel shall

15   select the appropriate text and eliminate the inapplicable bracketed text.  Where California law

16   applies, counsel should use Judicial Council of California Civil Jury Instructions (June 2006)

17   ("CACI").  If neither of the above sources is applicable, counsel are directed to use the

18   instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and

19   Instructions (latest edition).  Each requested jury instruction shall cover only one subject or

20   principle of law and shall be numbered and set forth in full on a separate page, citing the

21   authority or source of the requested instruction (except for the "clean" jury copy discussed

22   below).

23           When the parties disagree on an instruction, the party opposing the instruction must

24   attach a short statement (one to two paragraphs) supporting the objection, and the party

25   submitting the instruction must attach a short statement supporting the instruction.  Each

26   statement should be on a separate page and should follow directly after the disputed

27

28

9

EXHIBIT

PAGE ___

EXHIBIT 18
PAGE 579

1   Instruction.

2        The parties ultimately must submit one document or, if the parties disagree over any

3   proposed jury instructions, two documents. If the parties submit two documents, those

4   documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of

5   Disputed Jury Instructions, along with reasons supporting and opposing each disputed

6   instruction in the format set forth in the previous paragraph.

7        The parties must file proposed jury instructions fourteen (14) calendar days before

8   the Pre-Trial Conference. If the court is closed that day, counsel shall file the proposed

9   instructions the preceding Friday. No later than 4:00 p.m. on the date such instructions are

10   due, the parties must submit conformed courtesy copies to the Court's courtesy box located

11   outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd

12   Floor, Riverside, California. Counsel shall also provide the Court with a 3½ inch diskette

13   compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in

14   accordance with this paragraph and the previous paragraph.

15        The Court will send a copy of the instructions into the jury room for the jury's use

16   during deliberations. Accordingly, in addition to the file copies described above, the diskette

17   submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or

18   Disputed Jury Instructions, containing only the text of each instruction set forth in full on each

19   page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority,

20   indication of party proposing, etc.).

21        An index page shall accompany all jury instructions submitted to the Court. The

22   index page shall indicate the following:

23      (a) The number of the instruction;

24      (b) A brief title of the instruction;

25      (c) The source of the instruction and any relevant case citations; and

26      (d) The page number of the instruction.

27

28

<div align="center">10</div>

EXHIBIT __

PAGE ____

EXHIBIT 18
PAGE 580

EXAMPLE:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

10. **Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

11. **Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

12. **Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

11

EXHIBIT _

PAGE ____

EXHIBIT 18
PAGE 581

1    The Court requires the following to be submitted to the courtroom deputy clerk on the

2    first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with

3    a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of

4    exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in

5    the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of

6    Deposition Transcripts (original and 2 copies) and Lodge all anticipated trial deposition

7    transcripts directly with the deputy clerk in the courtroom.

8         All counsel are to meet no later than ten (10) calendar days before trial to discuss

9    and agree to the extent possible on issues including foundation and admissibility.

10   13. Pre-Trial Exhibit Stipulation:  The parties shall prepare a Pre-Trial Exhibit

11   Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if

12   any, to each exhibit including the basis of the objection and the offering party's response.  All

13   exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to

14   the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall

15   identify any exhibits whose authenticity has not been stipulated to and the specific reasons for

16   the party's failure to stipulate.

17        The Stipulation shall be substantially in the following form:

18                        Pre-Trial Exhibit Stipulation

19   Plaintiff's Exhibits

20   Number      Description      Objection      Response to Question

21

22   Defendant's Exhibits

23   Number      Description      Objection      Response to Question

24

25        The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the

26   Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph may constitute a

27

28

                                    12

EXHIBIT ___

PAGE ____

EXHIBIT 18
PAGE 582

1  waiver of all objections.

2  **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each
3  party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before
4  trial. The parties should deliver to chambers a copy of these findings and conclusions of law
5  on disk in WordPerfect format.

6        (a)  Underline in red the portions which it disputes;
7        (b)  Underline in blue the portions which it admits;  and
8        (c)  Underline in black the portions which it deems not disputed, but deems
9             irrelevant.

10      Counsel may agree with a part of a finding or conclusion, disagree with a part of it
11  and/or consider a part of irrelevant.

12      Two marked copies of opposing counsel's proposed findings of fact and conclusions of
13  law shall be lodged with the court seven (7) days before trial and one marked copy shall be
14  served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the
15  drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date
16  due.

17      **15. Settlement:** Local Rule 16-15.2 provides that the Settlement Conference shall be
18  conducted not later than 45 days before the Pretrial Conference. The Court believes that in
19  most cases completion of all discovery and dispositive motions will help the parties assess
20  their positions before they embark on the costly pre-trial process. However, in many cases,
21  the parties find it more difficult to settle after they have incurred the cost of all discovery and
22  motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue
23  settlement earlier.

24      The Court has a keen interest in helping the parties achieve settlement. If the parties
25  believe that it would be more likely that a settlement would be reached if they conduct
26  settlement conference at an earlier time than that specified by the Court, they should conduct

27
28

<div align="center">13</div>

EXHIBIT _____
PAGE __
**EXHIBIT 18
PAGE 583**

RightFAX          2/22/2007 3:18    PAGE 015/017    Fax Server

1  it at that time.  In any event, the parties must file a Status Report re Settlement at the time

2  they lodge the Proposed Pretrial Order.

3       The Court will not conduct settlement conferences in non-jury cases which the Court will

4  try.  In jury cases, the Court will conduct a settlement conference at the parties' request if

5  three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried

6  to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c)

7  the parties desire the Court to conduct the conference, understanding that if settlement fails,

8  the Court will preside over the trial of the case.

9       **If a settlement is reached, it shall be reported immediately to this Court as**

10  **required by Local Rule 16-15.7.**

11      16.  The failure to attend the pretrial conference or to submit timely in conformity

12  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint

13  statement of the case, voir dire questions, summary of witness testimony and times estimates,

14  proposed Pretrial Conference Order or the memorandum of contentions of fact and law may

15  result in the dismissal of the action, striking the answer and entering default and/or the

16  imposition of sanctions.

17      17. <u>**Telephonic Status Conference:**</u>

18      Telephonic status conferences are sometimes set by the court to discuss settlement

19  status and other pending issues.  If a telephonic status conference has been set, all counsel

20  are ordered to discuss the matter with their clients and opposing counsel before the telephonic

21  status conference.  Plaintiff's counsel must make the arrangements and place the conference

22  call.  Plaintiff's counsel shall include all counsel of record and the Court on the date and time

23  scheduled.  The conference operator is to place the final call to the Court at (951) 328-4410.

24  To assist the Court and staff, participants shall identify themselves each time they speak.  No

25  cellular telephones or speaker telephones will be allowed.

26                       <u>**Internet Site**</u>

27

28

                             14

EXHIBIT _____

PAGE ____          **EXHIBIT 18
                   PAGE 584**

1    Counsel are encouraged to review the Central District's website for additional information.

2    The address is "http: //www.cacd.uscourts.gov".

3

4    The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or

5    e-mail on counsel for all parties to this action.

6

7    IT IS SO ORDERED.

8    Dated: _____ FEB 2 1 2007

9

10

11

12    STEPHEN G. LARSON
       UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    15

EXHIBIT _____
                                    EXHIBIT 18
PAGE ___          PAGE 585

Joint Trial Witness Estimate Form

Case: _____                                          Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X. EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g. "eyewitness to accident." Or "expert on standard of care"; (3) Use estimates within (fractions of an hour, rounded off to the closest quarter of an hour, e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g. "Needs Interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

EXHIBIT _____

PAGE ___

EXHIBIT 18
PAGE 586

# Confirmation Report — Memory Send

Page       : 001
Date & Time: 02-22-2007   03:24pm
Line 1     : 2136240643
Line 2     :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 447 |
| Date | : | 02-22 03:19pm |
| To | : | ☎76039079430131027556897 |
| Number of pages | : | 003 |
| Start time | : | 02-22 03:22pm |
| End time | : | 02-22 03:24pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 447            *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   February 22, 2007

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Wayne S. Ball
Browne Woods & George LLP | 310.274.7100 | 310.275.5697 |

**FROM:**   Iris K. Woo

**RE:**   Sargon v. USC

**MESSAGE:**

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _____

PAGE ___

**EXHIBIT 18
PAGE 587**

## Confirmation Report — Memory Send

```
Page       : 001
Date & Time: 02-22-2007  03:22pm
Line 1     : 2136240643
Line 2     :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 446 |
| Date | : | 02-22 03:18pm |
| To | : | ☎76039820257#13104771699 |
| Number of pages | : | 016 |
| Start time | : | 02-22 03:16pm |
| End time | : | 02-22 03:22pm |
| Pages sent | : | 016 |
| Status | : | OK |

Job number    : 446              *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:  February 22, 2007                    NUMBER OF PAGES, INCLUDING COVER:  16

NAME/COMPANY                    PHONE NO.          FAX NO.
Rahul Ravipudi, Esq.            (310) 477-1700     (310) 477-1699

FROM:  Allison Burkholder, Esq.

RE:  Gulati v. IBM

MESSAGE:  PLEASE SEE ATTACHED

10237/2004443
CLIENT #    20257     ROUTE/RETURN TO:    Monica Arbuthusz    ☐ CONFIRM FAX / ☐ INCLUDE CONF. REPORT
OPERATOR: Rafael                          CONFIRMED?  ☐ NO  ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please notify us by telephone, and return the original message to us at the address shown via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _____

PAGE _____

**EXHIBIT 18**
**PAGE 588**

RightFAX          2/22/2007 3:18    PAGE 001/017    Fax Server

**From:**   Name:        United States District Court
                         312 North Spring Street
                         Los Angeles, CA 90012
            Voice Phone: (213) 894-5474

**To:**     Name:        Michael Zeller
            Company:

            City/State:  865 S Figueroa St, 10th Floor,
            Fax Number:  Los Angeles, CA 90017-2543
                         213-443-3100

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA



## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**Fax Notes:**

**Case 2:05-CV-02727 : MGA ENTERTAINMENT INC V. MATTEL INC ET AL**

*Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:*

Western Division:   CrimIntakeCourtDocs-LA@cacd.uscourts.gov
Southern Division:  CrimIntakeCourtDocs-SA@cacd.uscourts.gov
Eastern Division:   CrimIntakeCourtDocs-RS@cacd.uscourts.gov

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:       Thursday, February 22, 2007 3:14:36 PM
Number of pages including this cover sheet: 17

EXHIBIT _

PAGE ___

**EXHIBIT 18**
**PAGE 589**

EXHIBIT 19

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS

========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| Jim Holmes | Theresa Lanza |
|---|---|
| Courtroom Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR CARTER BRYANT: | ATTORNEYS PRESENT FOR MATTEL: |
|---|---|
| John W. Keker | John B. Quinn |
| | Brett Dylan Proctor |
| | Michael T. Zeller |

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

PROCEEDINGS:   MINUTE ORDER

As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90
CIVIL – GEN **EXHIBIT** _____ 1

Initials of Deputy Clerk _Jh_
Time: 01/15

PAGE ___    EXHIBIT 19
                PAGE 590

608

regarding date of production of documents (docket #545); and

(4)    The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)    The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)    Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)    MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)    MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

**EXHIBIT** _____    2

PAGE _____     **EXHIBIT 19
PAGE 591**

Initials of Deputy Clerk __jh_____
Time: 01/15

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN   EXHIBIT _____   3

Initials of Deputy Clerk __jh_____
Time: 01/15

PAGE _____   EXHIBIT 19
PAGE 592

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)   MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN        **EXHIBIT** _____    4

PAGE _____

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 19
PAGE 593

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court – does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)    Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 01/15

**EXHIBIT 19
PAGE 594**

EXHIBIT 20

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |   John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
3 |   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
4 |   Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
5 |   Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
6 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
7 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff
Mattel, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | MATTEL'S MEMORANDUM REGARDING TRIAL STRUCTURE |
| Defendant. | Date: TBA<br>Time: TBA<br>Place: TBA |
| AND CONSOLIDATED ACTIONS | |

**Phase 1**
Discovery Cut-Off:   October 22, 2007
Pre-Trial Conference: January 14, 2008
Trial Date:         February 12, 2008

**Phase 2**
Discovery Cut-Off:   March 3, 2008
Pre-Trial Conference: June 2, 2008
Trial Date:         July 1, 2008

EXHIBIT ____

EXHIBIT 20
PAGE 595

PAGE ____

C6 20 07

CONFORMED COPY

07209/2147647.5

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1    At the June 11, 2007, hearing, the Court was clear that it was not

2 inclined to change its existing order regarding the phasing of the trial. This would

3 leave the original <u>Mattel v. Carter Bryant</u> complaint as Phase One and MGA's unfair

4 competition claims, along with Mattel's amended claims, in Phase Two. Mattel has

5 previously apprised the Court of the reasons it believes this structure is not optimal,

6 including the following:

7

8    •    The Court has stated its intention to resolve "Bratz ownership" issues in

9        Phase One; however, Bratz ownership was not as squarely addressed in

10       the original complaint as it is in the claims now structured as

11       counterclaims (which were drafted with the benefit of discovery).

12       Indeed, while encompassed by the original complaint's allegations,

13       "Bratz" is nowhere explicitly named in the original complaint.

14   •    The present structure would have almost entirely overlapping claims

15       arising out of Bryant's conduct while employed by Mattel in both

16       phases of the trial: a claim for breach for fiduciary duty against Bryant

17       in both phases, a claim for breach of contract against Bryant in both

18       phases, etc. In addition, all the associated aiding and abetting claims

19       (e.g., aiding and abetting breach of fiduciary duty, etc.) would be in

20       Phase Two. This will require adducing the same evidence and

21       producing the same witnesses twice. Defendants agree with Mattel that

22       this would be inefficient.

23   •    MGA intervened in the action on the original complaint and

24       accordingly presumably expects to be permitted to fully participate in

25       opening statements, examination of witnesses and closing arguments in

26       Phase One, even though none of the claims against it will be explicitly

27       tried in Phase One. In other words, Mattel will be required to contend

28       with MGA in Phase One, but will not be able to assert <u>pending</u> claims

**EXHIBIT**

**EXHIBIT 20
PAGE 596**

-1-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1     it has against MGA arising from the very same Bryant/MGA conduct

2     that is the subject of Phase One.

3          If the Court is inclined to reconsider, Mattel respectfully submits that

4  the most satisfactory way to divide the claims is between (1) claims arising out of

5  Bryant's activities while employed by Mattel (in Phase One) and (2) all other claims

6  (in Phase Two). This is what Mattel had proposed in its motion, heard June 11,

7  2007, ruling on which was deferred because of the proposal that MGA and Bryant

8  put forward at the hearing.

9          If the Court is not disposed to the proposal set forth in Mattel's motion,

10  Mattel offers the following two alternatives. One is a modification of defendants'

11  proposal submitted to the Court on June 11. The other — Mattel respectfully

12  submits — is the minimum modification necessary to the existing order to

13  accomplish the Court's stated objective of resolving "Bratz ownership" issues in

14  Phase One.

15

16  Modification of Defendants' Proposal

17          Defendants' proposal is the same as what Mattel had proposed in its

18  motion, with two differences. Defendants' proposal, like Mattel's, recognizes that

19  Mattel's amended claims arising out of Bryant's activities while employed by Mattel

20  overlap substantially with—or indeed are merely restatements of—Mattel's claims in

21  the original complaint. Like Mattel, defendants propose that all these claims be

22  tried together in Phase One.[1]

23          The two differences between Mattel's proposal and defendants' is that

24  defendants propose to try the copyright infringement claims and damages issues in

25  Phase One. This represents a reversal in position on defendants' part. Defendants

26  had previously argued that it was not practical to try all copyright infringement

27  _____
   [1]  Defendants' proposal is set forth in the Powerpoint slide they presented at the

28  June 11 hearing.

07209/2147641.5

EXHIBIT _____

-2-  PAGE _____

EXHIBIT 20
PAGE 597

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1  claims in Phase One because doing so would require individually assessing
2  infringement issues with respect to over 200 products.  As MGA stated in its last
3  brief on the subject:

4          Mattel's Phase Two copyright infringement claims against
5          MGA, MGA Hong Kong, Isaac Larian and Bryant
6          (Counterclaim 1) relate to *hundreds* of products that MGA
7          created and released between 2001 and 2007, long *after*
8          Bryant left Mattel.  Trial of those claims will require a jury
9          to analyze each product to determine whether it is even a
10         derivative work of Bryant's original drawings.  Those
11         issues are entirely separate and distinct from the narrow
12         issue of whether Bryant or Mattel own [sic] Bryant's
13         original drawings.[2]

14 Mattel agrees that deferring resolution of copyright issues may avoid this
15 burdensome assessment of 200 products.  If the issue of ownership of Bratz works
16 created by Bryant while he was employed at Mattel is resolved against Mattel, then
17 it will likely never be necessary to get into the copyright infringement issues.
18         Defendants had likewise previously urged that damages issues should
19 not be tried in Phase One.  This is because, as MGA argued, "[t]here are countless
20 'Bratz' products, as well as dozens of different themes used to market the 'Bratz'
21 dolls, each of which would need to be individually analyzed in order to calculate the
22 profits attributable to each and to apportion damages appropriately."[3]  Mattel
23 submits that defendants' stated concern is legitimate, and applies both to Mattel's
24 copyright infringement claim and the state law claims that are already in Phase One.
25 That is because Mattel's claim for breach of fiduciary duty, for example, permits

26 _____
27  [2]  See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz
     Ownership in Phase One at 3:12-19 (italics in original). **EXHIBIT ___**
28  [3]  Id. at 8:8-11 (addressing copyright claim).

                                                **EXHIBIT 20**
                                                **PAGE 598**

                        **PAGE ____**

1   disgorgement of profits as a remedy.  See, e.g., Harris Trust and Sav. Bank v.

2   Salomon Smith Barney, Inc., 530 U.S. 238, 250-251 (2000) (when legal title to

3   property passes to another through breach of fiduciary duty, the victim may seek a

4   disgorgement of any profits derived therefrom); Parke v. First Reliance Standard

5   Life Ins. Co., 368 F.3d 999, 1008 (8th Cir. 2004) ("a defendant who owes a

6   fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching

7   that duty").  A state law disgorgement of profits analysis may substantially overlap

8   in proof with copyright infringement damages.  For both, proof of damages will

9   likely involve individual assessment of numerous derivative works.  Ownership can

10  be addressed and resolved without wading into this minutia.

11        Accordingly, Mattel proposes that defendants' current proposal be

12  adopted by the Court with the modification that copyright infringement and

13  damages issues be bifurcated within Phase One, consistent with defendants' original

14  position.  In other words, Phase One would address all claims arising out of Bryant's

15  conduct while he was employed by Mattel, but copyright infringement and damages

16  issues would be bifurcated and reached only if there were findings against

17  defendants in the first part of the Phase One trial.  Phase Two would address claims

18  arising from the acts of unfair competition asserted by MGA against Mattel and

19  trade secret theft asserted by Mattel against MGA, occurring after, and unrelated to,

20  Bryant's employment with Mattel.

21

22  Minimum Modification

23        In the alternative, Mattel respectfully submits that to resolve "Bratz

24  ownership" issues in Phase One the Court should, at a minimum, make two

25  modifications.  First, it should import into Phase One Mattel's declaratory relief

26  claim relating to Bratz ownership.  In the original complaint, there is no explicit

27  reference to Bratz and ownership of Bratz.  Although the facts alleged in the original

28  complaint encompass those relating to Bratz ownership, that issue is specifically

EXHIBIT _____   -4-

EXHIBIT 20
PAGE 599

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1  addressed only in the amended claims. Mattel has a declaratory relief claim

2  squarely addressing ownership of Bratz. That claim presently appears as a

3  counterclaim in Phase Two. It belongs in Phase One, insofar as it relates to

4  ownership of the Bratz works created by Bryant while employed by Mattel.

5          Second, damages should be moved to Phase Two. If Mattel introduces

6  evidence in Phase One of defendants' profits and obtains a damage award on its state

7  law claims against Bryant, defendants may argue that the first jury's award of

8  disgorgement precludes Mattel from seeking any separate award for copyright

9  infringement damages in Phase Two under some claim splitting theory because both

10  sets of claims permit awards of defendants' ill-gotten profits and gains. The parties

11  agree that state law and copyright damages issues substantially overlap. All

12  damages issues should be dealt with in one proceeding. If any of these damages

13  issues are to be tried in Phase Two, all should be tried in Phase Two.

14          At the June 11, 2007 hearing, Bryant argued that his right to trial by

15  jury precludes the Court from trying liability and damages to separate juries. That is

16  simply incorrect. See Arthur Young & Co. v. U. S. Dist. Court, 549 F.2d 686, 692-

17  693 (9th Cir. 1977) (holding that liability and damages may be tried to separate

18  juries); Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc., 2001 WL 501354,

19  at *3 (C.D. Cal. 2001) (holding that the plaintiff "is not entitled to a unitary jury,"

20  and that "even if a second jury were to be empaneled, [plaintiff's] Seventh

21  Amendment rights would not be implicated"); Butler v. Home Depot, Inc., 1996 WL

22  421436, at *6 (N.D. Cal. 1996) (rejecting defendant's argument "that bifurcation of

23  liability and damages would violate its Seventh Amendment right to a fair trial,

24  because different juries would be deciding essentially the same issues," and holding

25  that "[a]s evidenced by the numerous cases across the country that have addressed

26  this issue, the Seventh Amendment does not mandate that all phases of the litigation

27  be heard by the same jury"); see also 9 Fed. Practice & Procedure § 2391 ("Is there a

28

EXHIBIT 20
PAGE 600

EXHIBIT ____
PAGE ____

1  violation of the constitutional provision if issues are submitted independently to

2  separate juries? The answer rather clearly must be in the negative.").

3       The Seventh Amendment does not preclude the Court from trying

4  liability and damages issues to separate juries.[4]

5

6  DATED: June 20, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8       By _John Quinn_ O.S.

9         John B. Quinn
          Attorneys for Plaintiff

10        Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24       EXHIBIT _

25            EXHIBIT 20

26       PAGE ___  PAGE 601

27  [4] Charts of Mattel's proposals, listing the claims that would be tried in each

28 Phase, are included in the Appendix that follows.

1

## Appendix

2

## CURRENT STRUCTURE

3

4

| Phase 1 Trial | Phase 2 Trial |

5
- Breach of Contract against Bryant (MC 1)[5]
6
- Copyright Infringement (AC 1)
- Breach of Fiduciary Duty against Bryant (MC 2)
7
- RICO (AC 2)
- Conspiracy to Violate RICO (AC 3)
8
- Breach of Duty of Loyalty against Bryant (MC 3)
9
- Misappropriation of Trade Secrets (AC 4)
10
- Unjust Enrichment against Bryant (MC 4)
- Breach of Contract (AC 5)
11
- Conversion against Bryant (MC 5)
- Intentional Interference with Contract (AC 6)
12
- Breach of Fiduciary Duty (AC 7)
13
- Aiding and Abetting Breach of Fiduciary Duty (AC 8)
14
15
- Breach of Duty of Loyalty (AC 9)
16
- Aiding and Abetting Breach of Duty of Loyalty (AC 10)
17
- Conversion (AC 11)
18
- Unfair Competition (AC 12)
19
- Declaratory Relief (AC 13)
20
- False Designation of Origin (UC 1)
21
22
- Unfair Competition (UC 2)
23
- Dilution (UC 3)
24
- Unjust Enrichment (UC 4)
25
[5] MC = Mattel's Claims in *Mattel v. Bryant*
26
AC = Mattel's Counterclaims in *MGA v. Mattel*
27
UC = MGA's Claims in *MGA v. Mattel*
28

EXHIBIT _____

PAGE _____

EXHIBIT 20
PAGE 602

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

| | | |
|---|---|---|
| 1 | **MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL** | |

| 2 | **Phase 1(a) Trial** | **Phase 1(b) Trial** | **Phase 2 Trial** |
|---|---|---|---|
| 3<br>4<br>5 | • Breach of Contract against Bryant (MC 1, AC 5) (liability only) | • Copyright Infringement (AC 1) | • False Designation of Origin (UC 1) |
| 6<br>7 | • Breach of Fiduciary Duty against Bryant (MC 2, AC 7) (liability only) | • Damages (re: all Phase 1 claims) | • Unfair Competition (UC 2) |
| 8<br>9 | • Breach of Duty of Loyalty against Bryant (MC 3, AC 9) (liability only) | | • Dilution (UC 3)<br><br>• Unjust Enrichment (UC 4) |
| 10<br>11<br>12 | • Unjust Enrichment against Bryant (MC 4) (liability only) | | • RICO (AC 2)<br><br>• Conspiracy to Violate Rico (AC 3) |
| 13<br>14 | • Conversion against Bryant (MC 5, AC 11) (liability only) | | • Misappropriation of Trade Secrets (AC 4) |
| 15<br>16 | • Conversion against MGA and Larian (re: Bratz; AC 11) (liability only) | | • Intentional Interference with Contract (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 6) |
| 17<br>18<br>19 | • Intentional Interference with Contract (re: Bryant; AC 6) (liability only) | | |
| 20<br>21 | • Aiding and Abetting Breach of Fiduciary Duty (re: Bryant; AC 8) (liability only) | | • Breach of Fiduciary Duty (re: Machado; AC 7) |
| 22<br>23<br>24 | • Aiding and Abetting Breach of Duty of Loyalty (re: Bryant; AC 10) (liability only) | | • Aiding and Abetting Breach of Fiduciary Duty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 8) |
| 25 | | | • Breach of Duty of Loyalty (re: Machado; AC 9) |
| 26 | | | |
| 27 | EXHIBIT __ | EXHIBIT 20 | • Aiding and Abetting Breach of |
| 28 | PAGE __ | PAGE 603 | |

072092147647.5

-8-

| | Phase 1(a) Trial | Phase 1(b) Trial | Phase 2 Trial |
|---|---|---|---|
| 1 | | | |
| 2 | • Unfair Competition (re: bribery of Bryant; AC 12) (liability only)) | | Duty of Loyalty (re: Brawer, Machado, Trueba, Vargas, Brisbois, and other former Mattel employees; AC 10) |
| 3 | | | |
| 4 | | | |
| 5 | • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | | |
| 6 | | | • Conversion (non-Bratz; AC 11) |
| 7 | | | • Unfair Competition (except bribery of Bryant) (AC 12) |
| 8 | | | |
| 9 | | | • Damages (re: all Phase Two claims) |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | EXHIBIT _____ |
| 27 | | | PAGE _____     **EXHIBIT 20** |
| 28 | | | **PAGE 604** |

07209/2147647.5

-9-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

## MATTEL'S SUGGESTED MINIMUM MODIFICATION

| Phase 1 Trial | Phase 2 Trial |
|---|---|
| • Breach of Contract against Bryant (MC 1) (liability only) | • Copyright Infringement (AC 1) |
| • Breach of Fiduciary Duty against Bryant (MC 2) (liability only) | • RICO (AC 2) |
| • Breach of Duty of Loyalty against Bryant (MC 3) (liability only) | • Conspiracy to Violate RICO (AC 3) |
| • Unjust Enrichment against Bryant (MC 4) (liability only) | • Misappropriation of Trade Secrets (AC 4) |
| • Conversion against Bryant (MC 5) (liability only) | • Breach of Contract (AC 5) |
| • Declaratory Relief (re: ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) | • Intentional Interference with Contract (AC 6) |
| | • Breach of Fiduciary Duty (AC 7) |
| | • Aiding and Abetting Breach of Fiduciary Duty (AC 8) |
| | • Breach of Duty of Loyalty (AC 9) |
| | • Aiding and Abetting Breach of Duty of Loyalty (AC 10) |
| | • Conversion (AC 11) |
| | • Unfair Competition (AC 12) |
| | • Declaratory Relief (except ownership of original Bratz works allegedly created by Bryant while employed by Mattel; AC 13) |
| | • False Designation of Origin (UC 1) |
| | • Unfair Competition (UC 2) |
| | • Dilution (UC 3) |
| | • Unjust Enrichment (UC 4) |
| | • Damages (re: Phase One and Phase Two claims) |

EXHIBIT ____

PAGE ____   **EXHIBIT 20 PAGE 605**

07209/2147647.5

-10-

MATTEL'S MEMORANDUM RE: TRIAL STRUCTURE

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On June 20, 2007, I served true copies of the following document(s) described as
**MATTEL'S MEMORANDUM REGARDING TRIAL STRUCTURE** on the parties in this
5    action as follows:

6           Diana M. Torres                         Patricia Glaser, Esq.
           O'Melveny & Myers, LLP          Christensen, Glaser, Fink, Jacobs, Weil &
7           400 S Hope Street                           Shapiro, LLP
           Los Angeles, CA 90071            10250 Constellation Blvd., 19th Floor
8           Personal Service                       Los Angeles, CA 90067
                                                     Personal Service
9
           John W. Keker, Esq.
10          Michael H. Page, Esq.
           Christa M. Anderson, Esq.
11          KEKER & VAN NEST, LLP
           710 Sansome Street
12          San Francisco, CA 94111
                   FedEx
13
**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by
14   FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or
15   provided for, addressed to the person(s) being served.

16   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
being served.
17
     I declare that I am employed in the office of a member of the bar of this Court at whose
18   direction the service was made.

19   Executed on June 20, 2007, at Los Angeles, California.

20

21
                                                    Wanda Taylor
22

23

24                                                  Dave Quintana, Now Messenger

25

26

27

28                                           EXHIBIT _____

                                             PAGE _____          **EXHIBIT 20**
                                                                     **PAGE 606**

EXHIBIT 21

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### 3470 Twelfth Street, Riverside, CA  92501
### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: February 4, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

=================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR CARTER
BRYANT:

ATTORNEYS PRESENT FOR MATTEL:

Michael Page

John Quinn
Jon D. Corey

ATTORNEYS PRESENT FOR MGA:

ATTORNEY PRESENT FOR CARLOS
GUSTAVO MACHADO GOMEZ:

Thomas J.  Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90
CIVIL – GEN

1

Initials of Deputy Clerk __jh
Time: 1/45

EXHIBIT _____

PAGE ____        EXHIBIT 21
                 PAGE 607

PROCEEDINGS:

    HEARING ON EX PARTE APPLICATIONS:

        1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

        1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

        1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

        1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

        1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

        1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

    ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

    Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

        EX PARTE APPLICATIONS REGARDING DEPOSITIONS
        (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL – GEN                2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____

PAGE _____      EXHIBIT 21
              PAGE 608

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN                                    3

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT _____

PAGE ____     **EXHIBIT 21**
                **PAGE 609**

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

EXHIBIT _____

PAGE _____          EXHIBIT 21
                     PAGE 610

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT _____

PAGE _____        EXHIBIT 21
                  PAGE 611

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | |
| BAP (Bankruptcy Appellate Panel) | |
| Beck, Michael J (Clerk, MDL Panel) | |
| BOP (Bureau of Prisons) | |
| CA St Pub Defender (Calif. State PD) | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | |
| Case Asgmt Admin (Case Assignment Administrator) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | |
| Chief Deputy Admin | |
| Chief Deputy Ops | |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| | |
|---|---|
| US Attorneys Office - Civil Division -L.A. | |
| US Attorneys Office - Civil Division - S.A. | |
| US Attorneys Office - Criminal Division -L.A. | |
| US Attorneys Office - Criminal Division -S.A. | |
| US Bankruptcy Court | |
| US Marshal Service - Los Angeles (USMLA) | |
| US Marshal Service - Riverside (USMED) | |
| US Marshal Service -Santa Ana (USMSA) | |
| US Probation Office (USPO) | |
| US Trustee's Office | |
| Warden, San Quentin State Prison, CA | |

| ✓ | ***ADD NEW NOTICE PARTY*** (If sending by fax, mailing address must also be provided) |
|---|---|
| Name: Ambassador Pierre-Richard Prosper | |
| Firm: | |
| Address (include suite or floor): P.O. Box 581103 | |
| Salt Lake City,  UT   84158 | |
| *E-mail: Prosper.Pierre@Arentfox.com | |
| *Fax No.: | |

* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

EXHIBIT _____

PAGE _____

**EXHIBIT 21**
**PAGE 612**

Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 7 of 7

## NOTICE PARTY SERVICE LIST

**Case No.** ___CV 04-09049 SGL(RNBx)___   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service – Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (If sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero
Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:
* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |

Initials of Deputy Clerk jh

EXHIBIT _____

PAGE _____

**EXHIBIT 21
PAGE 613**

**Laura Kinsey**

| | |
|---|---|
| **From:** | Dylan Proctor |
| **Sent:** | Tuesday, February 05, 2008 10:20 AM |
| **To:** | Laura Kinsey |
| **Subject:** | Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion Hearing |

Pmt

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3112
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error and
that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received
this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Dylan Proctor
To: MGA / Bryant Team
Sent: Tue Feb 05 09:50:32 2008
Subject: Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion Hearing

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3112
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible

1

EXHIBIT _____

PAGE _____            **EXHIBIT 21**
                        **PAGE 614**

for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
To: ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
Sent: Tue Feb 05 09:34:11 2008
Subject: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion Hearing

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended. Direct all inquiries to ecf-helpdesk@cacd.uscourts.gov.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

Notice of Electronic Filing

The following transaction was entered on 2/5/2008 at 9:25 AM PST and filed on 2/4/2008

Case Name:   Carter Bryant v. Mattel Inc
Case Number: 2:04-cv-9049 <https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?167222>
Filer:
Document Number:    1931 <https://ecf.cacd.uscourts.gov/cgi-bin/show_case_doc?1931,167222,,85692124,,,5610>

Docket Text:
MINUTES OF Motion Hearing held before Judge Stephen G. Larson: HEARING ON EX PARTE APPLICATIONS: 1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods; 1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.; 1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing; 1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow; 1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items; 1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's Motion to Compel; ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND. See Minute Order for complete text. MATTELS EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628). This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Masters January 11, 2008, Order is stayed until the issuance of the Courts minute order regarding the February 11, 2008, hearing. IT IS SO ORDERED. [RE: Declaration (Motion related), Declaration (Motion related)[1850], Reply (Motion related), Reply (Motion related), Reply (Motion related)[1887], Reply (Motion related), Reply (Motion related)[1721], Declaration (Motion related)[1691], Response in Opposition to Motion, [1560], Reply (Motion related), Reply (Motion related)[1853], Amendment (Motion related), Amendment (Motion related)[1792], Declaration (Motion related)[1817], Response in Opposition to Motion, [1554], Declaration (Motion related), Declaration (Motion related), Declaration (Motion related)[1655], Response in Opposition to Motion,, [1652], Set/Reset Deadlines/Hearings: Motion set for hearing on 2/11/2008 at 10:00 AM before Judge Stephen G. Larson] Court Reporter: Theresa Lanza. (jh)

2

EXHIBIT _____

PAGE ____     EXHIBIT 21
              PAGE 615

2:04-cv-9049 Notice has been electronically mailed to:

Alan Neil Goldberg    agoldberg@sgattys.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com,feseroma@obsklaw.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Mark E Overland    moverland@obsklaw.com

Thomas J Nolan    tnolan@skadden.com,carl.roth@skadden.com,marcus.mumford@skadden.com

Emil W Herich    eherich@kmwlaw.com

Timothy L Alger    timalger@quinnemanuel.com

John W Keker    jkeker@kvn.com,droberts@kvn.com,efiling@kvn.com

Jon D Corey    joncorey@quinnemanuel.com

Michael H Page    mhp@kvn.com

Christa M Anderson    canderson@kvn.com

Kien C Tiet    ktiet@sgattys.com

Michael T Zeller    michaelzeller@quinnemanuel.com

Kenneth A Plevan    kenneth.plevan@skadden.com,drogosa@skadden.com,sumclaug@skadden.com

Melissa Grant    melissagrant@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Nathan Meyer    nmeyer@kayescholer.com,dclow@kayescholer.com

Matthew M Werdegar    mmw@kvn.com

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Leah Chava Gershon    leah@spertuslaw.com

3

EXHIBIT ___

PAGE ___    **EXHIBIT 21**
**PAGE 616**

John Elliot Trinidad     jtrinidad@kvn.com,yjayasuriya@kvn.com,efiling@kvn.com

Audrey Walton-Hadlock     awaltonhadlock@kvn.com

Michelle M Campana     michelle.campana@skadden.com

2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :

4

EXHIBIT _____

PAGE _____          **EXHIBIT 21**
                              **PAGE 617**

EXHIBIT 22

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 23

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 24

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 25

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 26

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 27

RECEIVED

NOV 1 3 2007

1 │ THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 │ 300 South Grand Avenue
Los Angeles, California 90071-3144
3 │ Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
4 │ E-mail:    tnolan@skadden.com

5 │ KENNETH A. PLEVAN
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 │ 4 Times Square
New York, NY 10036
7 │ Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
8 │ E-mail:    kplevan@skadden.com
(application for admission *pro hac vice* pending)

9 │

10 │ Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, MGA ENTERTAINMENT (HK)
11 │ LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

12 │

13 │ UNITED STATES DISTRICT COURT

14 │ CENTRAL DISTRICT OF CALIFORNIA

15 │ CARTER BRYANT, an individual

16 │                Plaintiff,

17 │        v.

18 │ MATTEL, INC., a Delaware
corporation
19 │
                Defendant.
20 │

21 │

22 │ Consolidated with MATTEL, INC. v.
BRYANT and MGA
23 │ ENTERTAINMENT, INC. v.
MATTEL, INC.
24 │

15 │ CASE NO. CV 04-9049 SGL (RNBx)

16 │ Consolidated with Case No. 04-9059
and Case No. 05-2727

**ISAAC LARIAN'S AMENDED
ANSWER AND AFFIRMATIVE
DEFENSES TO MATTEL, INC.'S
SECOND AMENDED ANSWER
AND COUNTERCLAIMS**

Honorable Stephen G. Larson
Courtroom 1

25 │

26 │

27 │

EXHIBIT 27
PAGE 973

28 │

*11-8*

1    Counter-defendant Isaac Larian hereby answers, for himself alone, the Second

2 Amended Counterclaim of Counter-claimant Mattel Inc., as follows:

3    As a preliminary matter, Mattel's use of headings throughout its counterclaims

4 is improper, and therefore no response to Mattel's headings is required.  If any

5 response is required, Larian denies all allegations contained in Mattel's headings.

6                          **RESPONSES**

7         1.    Larian denies the allegations set forth in paragraph 1.

8         2.    Larian denies the allegations set forth in paragraph 2.

9         3.    Larian admits that MGA decided to expand into Mexico in or

10 about 2004, and denies the remaining allegations set forth in paragraph 3.

11        4.    Larian denies the allegations set forth in paragraph 4.

12        5.    Larian denies the allegations set forth in paragraph 5.

13        6.    Larian admits that the Court has federal question jurisdiction over

14 this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18 U.S.C.

15 § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims, and

16 denies that Mattel is entitled to any relief on its Counterclaims.

17        7.    Larian admits that venue is proper in this District for Mattel's

18 claims based on conduct alleged to have occurred within this District and denies that

19 venue is proper in this District for acts alleged to have occurred in Mexico, Canada,

20 Hong Kong, or other places outside of this District.

21        8.    Larian admits the allegations set forth in paragraph 8.

22        9.    Larian admits the allegations set forth in the first and second

23 sentences of paragraph 9, and denies the remaining allegations set forth in paragraph

24 9.

25        10.    Larian admits the allegations set forth in paragraph 10.

26        11.    Larian admits the allegations set forth in the first sentence of

27 paragraph 11, and denies the remaining allegations set forth in paragraph 11.

28

                                    EXHIBIT ____

                                          1

1        12.    Larian admits the allegations set forth in paragraph 12.

2        13.    Larian admits the allegations set forth in the first sentence of

3   paragraph 13.  Larian denies the remaining allegations set forth in paragraph 13.

4        14.    Larian admits the allegations set forth in paragraph 14.

5        15.    Paragraph 15 is a statement of Mattel's legal position, to which

6   no response is necessary.  To the extent a response is required, Larian denies the

7   allegations set forth in paragraph 15.

8        16.    Larian admits the allegations set forth in the first sentence of

9   paragraph 16.  Larian is without sufficient knowledge to admit or deny the remaining

10  allegations set forth in paragraph 16, and on that basis, denies the remaining

11  allegations set forth in paragraph 16.

12       17.    Larian is without sufficient knowledge to admit or deny the

13  allegations set forth in paragraph 17, and on that basis, denies the allegations set

14  forth in paragraph 17.

15       18.    Larian is without sufficient knowledge to admit or deny the

16  allegations set forth in paragraph 18, and on that basis, denies the allegations set

17  forth in paragraph 18.

18       19.    Larian admits that MGA is a toy manufacturer, that MGA began

19  as a consumer electronics business and expanded into the toy business with licenses

20  to sell handheld electronic games, and later expanded its business by launching the

21  Bratz fashion doll line, and denies the remaining allegations set forth in paragraph

22  19.

23       20.    Larian denies the allegations set forth in paragraph 20.

24       21.    Larian admits that Carter Bryant is a former employee of Mattel,

25  and states he is without sufficient knowledge to admit or deny the remaining

26  allegations set forth in paragraph 21, and on that basis, denies the remaining

27  allegations set forth in paragraph 21.                    EXHIBIT _____

28                                                            **EXHIBIT 27**
                              2                             PAGE _____   **PAGE 975**

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

1        22.    Larian is without sufficient knowledge to admit or deny the

2    allegations set forth in paragraph 22, and on that basis, denies the allegations set

3    forth in paragraph 22.

4        23.    Larian is without sufficient knowledge to admit or deny the

5    allegations set forth in paragraph 23, and on that basis, denies the allegations set

6    forth in paragraph 23.

7        24.    Larian is without sufficient knowledge to admit or deny the

8    allegations set forth in paragraph 24, and on that basis, denies the allegations set

9    forth in paragraph 24.

10       25.    Larian is without sufficient knowledge to admit or deny the

11   allegations set forth in paragraph 25, and on that basis, denies the allegations set

12   forth in paragraph 25.

13       26.    Larian denies the allegations set forth in paragraph 26.

14       27.    Larian denies the allegations set forth in paragraph 27.

15       28.    Larian denies the allegations set forth in paragraph 28.

16       29.    Larian denies the allegations set forth in paragraph 29.

17       30.    Larian admits that after MGA made the decision to proceed with

18   the manufacture of the Bratz dolls, MGA employees communicated with employees

19   of MGA Entertainment (HK) Limited on subjects including the manufacturing of

20   Bratz, and denies the remaining allegations set forth in the first sentence of

21   paragraph 30.  Larian admits the second sentence of paragraph 30.

22       31.    Larian admits that samples of the four original Bratz dolls were

23   shown at the Hong Kong Toy Fair in January 2001, and denies the remaining

24   allegations set forth in paragraph 31.

25       32.    Larian admits that MGA and its subsidiaries have distributed and

26   sold Bratz and Bratz-related products in many countries throughout the world, that

27   MGA and its subsidiaries have licensed Bratz to third parties, that MGA has derived

28       **EXHIBIT 27**
         **PAGE 976**

3

1 │ annual revenues from its sales and licenses of Bratz in excess of $500 million, that

2 │ MGA and its subsidiaries continue to market, sell and license Bratz and intend to

3 │ continue to do so, and denies the remaining allegations set forth in paragraph 32.

4 │         33.    Larian denies the allegations set forth in paragraph 33.

5 │         34.    Larian denies the allegations set forth in paragraph 34.

6 │         35.    Larian denies the allegations set forth in paragraph 35.

7 │         36.    Larian admits that Bryant had an agreement with MGA, states

8 │ that the terms of the agreement speak for themselves, and denies the remaining

9 │ allegations set forth in paragraph 36.

10 │         37.    Larian admits that in or about late 2003 or early 2004, MGA

11 │ decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to conduct

12 │ business in Mexico, admits that MGAE de Mexico hired three employees of Mattel's

13 │ Mexican subsidiary, and denies the remaining allegations set forth in paragraph 37.

14 │         38.    Larian admits that Carlos Gustavo Machado Gomez was a

15 │ Marketing Manager, Boys Division, for Mattel Mexico, admits that Machado was

16 │ employed at Mattel Mexico from April 1997 until April 19, 2004, admits that

17 │ Machado had access to some nonpublic business information of Mattel Mexico, and

18 │ states that he is without sufficient knowledge to admit or deny the remaining

19 │ allegations set forth in paragraph 38, and on that basis, denies the remaining

20 │ allegations set forth in paragraph 38.

21 │         39.    Larian admits that Mariana Trueba Almada was a Marketing

22 │ Manager, Girls Division, for Mattel Mexico, admits that Trueba had access to some

23 │ nonpublic business information of Mattel Mexico, and states that he is without

24 │ sufficient knowledge to admit or deny the remaining allegations set forth in

25 │ paragraph 39, and on that basis, denies the remaining allegations set forth in

26 │ paragraph 39.

27 │

28 │

EXHIBIT _____

PAGE _____

**EXHIBIT 27**
**PAGE 977**

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

1          40.    Larian admits that Pablo Vargas San Jose was a Trade Marketing

2 Manager for Mattel Mexico, admits that Vargas was employed at Mattel Mexico

3 from March 2001 until April 19, 2004, admits that Vargas had access to some

4 nonpublic business information of Mattel Mexico, and states that he is without

5 sufficient knowledge to admit or deny the remaining allegations set forth in

6 paragraph 40, and on that basis, denies the remaining allegations set forth in

7 paragraph 40.

8          41.    Larian admits that in or about early 2004, Machado, Trueba and

9 Vargas discussed leaving Mattel Mexico, admits that Machado, Trueba and Vargas

10 resigned from Mattel Mexico on April 19, 2004, admits that they did not identify

11 their new employer to Mattel Mexico, admits that Machado, Trueba and Vargas were

12 offered and accepted employment with MGAE de Mexico, and denies the remaining

13 allegations set forth in paragraph 41.

14          42.    Larian admits that MGA personnel communicated by telephone

15 with Machado and Vargas prior to their Mattel resignations, admits that MGA

16 personnel, including Larian, communicated by e-mail with Machado and Vargas

17 concerning terms of employment through an America Online e-mail account with the

18 address <plot04@aol.com>, and denies the remaining allegations set forth in

19 paragraph 42.

20          43.    Larian admits that in or about March 2004, Machado, Trueba, and

21 Vargas made plans to travel from Mexico to Los Angeles in April 2004, admits that

22 in or about March 2004, Machado, Trueba and Vargas discussed with MGA

23 personnel, including Larian, employment at MGAE de Mexico, states that the quoted

24 <plot04@aol.com> e-mails speak for themselves, and denies the remaining

25 allegations set forth in paragraph 43.

26

27

28

EXHIBIT
PAGE

**EXHIBIT 27**
**PAGE 978**

5

1    44.    Larian is without sufficient knowledge to admit or deny the
2  allegations set forth in paragraph 44, and on that basis, denies the allegations set
3  forth in paragraph 44.

4    45.    Larian is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 45, and on that basis, denies the allegations set
6  forth in paragraph 45.

7    46.    Larian is without sufficient knowledge to admit or deny the
8  allegations set forth in paragraph 46, and on that basis, denies the allegations set
9  forth in paragraph 46.

10    47.    Larian is without sufficient knowledge to admit or deny the
11  allegation set forth in the third sentence of paragraph 47, and on that basis, denies
12  these allegations, and denies the remaining allegations set forth in paragraph 47.

13    48.    Larian denies the allegations set forth in paragraph 48.

14    49.    Larian denies the allegations set forth in paragraph 49.

15    50.    Larian is without sufficient knowledge to admit or deny the
16  allegation that MGA publicized a claim that, in 2005, it had increased its Mexican
17  market share by 90% over the prior year, and on that basis, denies this allegation,
18  and denies the remaining allegations set forth in paragraph 50.

19    51.    Larian denies the allegations set forth in paragraph 51.

20    52.    Larian denies the allegations set forth in paragraph 52.

21    53.    Larian admits that on October 27, 2005, Mexican authorities
22  searched MGAE de Mexico and seized certain documents, and states that he is
23  without sufficient knowledge to admit or deny the remaining allegations set forth in
24  paragraph 53, and on that basis, denies the remaining allegations set forth in
25  paragraph 53.

26    54.    Larian admits that Machado was transferred from MGAE de
27  Mexico to MGA's office in Van Nuys, California, admits that Machado resides in

28

**EXHIBIT 27**
**PAGE 979**

6

1 | the County of Los Angeles, and denies the remaining allegations set forth in
2 | paragraph 54.

3 |       55.    Larian admits the allegations set forth in the first sentence of
4 | paragraph 55. Larian admits that Tyco Toys hired Brawer on April 22, 1996, and
5 | states that he is without sufficient knowledge to admit or deny the remaining
6 | allegations set forth in the second sentence of paragraph 55, and on that basis, denies
7 | the remaining allegations set forth in the second sentence of paragraph 55. Larian
8 | admits the allegations set forth in third sentence of paragraph 55. Larian admits that
9 | on April 9, 1997, Brawer became a Marketing Director for Mattel in Mount Laurel,
10 | New Jersey, and states that the remaining allegations in the fourth sentence of
11 | paragraph 55 are a statement of Mattel's legal position, to which no response is
12 | necessary. To the extent a response is required, Larian denies the remaining
13 | allegations set forth in paragraph 55.

14 |       56.    Larian is without sufficient knowledge to admit or deny the
15 | allegations set forth in paragraph 56, and on that basis, denies the allegations set
16 | forth in paragraph 56. The last sentence of paragraph 56 is a statement of Mattel's
17 | legal position, to which no response is necessary. To the extent a response is
18 | required, Larian denies the remaining allegations set forth in paragraph 56.

19 |       57.    Larian admits that by 2003, Brawer had advanced within Mattel
20 | to a Senior Vice President position over customer marketing, and states that the
21 | remaining allegations in the first sentence of paragraph 57 are a statement of Mattel's
22 | legal position, to which no response is necessary. To the extent a response is
23 | required, Larian denies the remaining allegations set forth in the first sentence of
24 | paragraph 57. Larian admits that in his executive position, Brawer was provided
25 | access to certain nonpublic Mattel information.

26 |       58.    Larian admits the allegations set forth in the first sentence of
27 | paragraph 58. Larian denies the allegations set forth in the second sentence of

28 |

EXHIBIT 27
PAGE 980

1  paragraph 58. Larian is without sufficient knowledge to admit or deny the remaining
2  allegations set forth in paragraph 58, and on that basis, denies the remaining
3  allegations set forth in paragraph 58.

4         59.    Larian is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 59, and on that basis, denies the allegations set
6  forth in paragraph 59.

7         60.    Larian admits that in April 2004, Mattel made Brawer a Senior
8  Vice President/General Manager, and states that he is without sufficient knowledge
9  to admit or deny the remaining allegations set forth in paragraph 60, and on that
10  basis, denies the remaining allegations set forth in paragraph 60.

11         61.    Larian admits that in May 2004, Brawer began performing
12  General Manager duties, working with one of Mattel's major retail customer
13  accounts, and states that he is without sufficient knowledge to admit or deny the
14  remaining allegations set forth in paragraph 61, and on that basis, denies the
15  remaining allegations set forth in paragraph 61.

16         62.    Larian admits the allegations set forth in the first sentence of
17  paragraph 62. Larian admits that as Brawer left, he carried a large cardboard box,
18  and denies the remaining allegations set forth in the second sentence of paragraph
19  62. Larian states that he is without sufficient knowledge to admit or deny the
20  remaining allegations set forth in paragraph 62, and on that basis, denies the
21  remaining allegations set forth in paragraph 62.

22         63.    Larian admits the allegations set forth in paragraph 63.

23         64.    Larian admits that on September 20, 2004, Mattel hand-delivered
24  a letter to Brawer, states that the contents of the letter speak for themselves, and
25  denies the remaining allegations set forth in paragraph 64.

26         65.    Larian admits that at his exit interview on September 29, 2004,
27  Brawer was given a copy of an agreement with Tyco that he had signed on April 22,

28
                                         8

1  1996, and a copy of Mattel's Code of Conduct, admits that Brawer stated that he had

2  not signed the Code of Conduct, and denies the remaining allegations set forth in

3  paragraph 65.

4          66.    Larian admits that on October 1, 2004, Brawer's last day of

5  employment with Mattel, Mattel delivered a letter to Brawer, states that the contents

6  of the letter speak for themselves, and denies the remaining allegations set forth in

7  paragraph 66.

8          67.    Larian admits that Brawer became its Executive Vice President of

9  Sales and Marketing, admits that Brawer was responsible for sales worldwide,

10  admits that Brawer had and continues to have responsibility for MGA's accounts

11  with some of the same retailers that Brawer worked with while at Mattel, and denies

12  the remaining allegations set forth in paragraph 67.

13          68.    Larian admits that Brawer stated during his exit interview that he

14  had returned all confidential proprietary information to Mattel, states that he did not

15  provide copies of information from his personal contacts file, and denies the

16  remaining allegations set forth in paragraph 68.

17          69.    Larian admits that since leaving Mattel, Brawer has had contacts

18  with certain Mattel employees, both by telephone and electronic mail, and denies the

19  remaining allegations set forth in paragraph 69.

20          70.    Larian denies the allegations set forth in paragraph 70.

21          71.    Larian is without sufficient knowledge to admit or deny the

22  allegations set forth in paragraph 71, and on that basis, denies the allegations set

23  forth in paragraph 71.

24          72.    Larian is without sufficient knowledge to admit or deny the

25  allegations set forth in paragraph 72, and on that basis, denies the allegations set

26  forth in paragraph 72.

EXHIBIT

27

PAGE ____    **EXHIBIT 27**

28                                                                              **PAGE 982**

9

1          73.    Larian admits that on September 26, 2005, Brisbois resigned from

2   Mattel Canada, states that she took a position as Vice President of National Accounts

3   at MGAE Canada, and denies the remaining allegations set forth in the first sentence

4   of paragraph 73. Larian is without sufficient knowledge to admit or deny the

5   remaining allegations set forth in paragraph 73, and on that basis, denies the

6   remaining allegations set forth in paragraph 73.

7          74.    Larian admits that Brisbois spoke with him by telephone on or

8   about the evening of September 22, 2005, denies that Brisbois copied approximately

9   45 Mattel documents onto a USB or thumb drive on that same date, denies that

10  Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and

11  states that he is without sufficient knowledge to admit or deny the remaining

12  allegations set forth in paragraph 74, and on that basis, denies the remaining

13  allegations set forth in paragraph 74.

14         75.    Larian is without sufficient knowledge to admit or deny the

15  allegations set forth in paragraph 75, and on that basis, denies the allegations set

16  forth in paragraph 75.

17         76.    Larian admits that Brisbois traveled several times to MGA's

18  offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a

19  press release, states that the press release speaks for itself, and states that they are

20  without sufficient knowledge to admit or deny the remaining allegations set forth in

21  paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph

22  76.

23         77.    Larian admits that MGA has hired at least 25 employees directly

24  from Mattel's United States operations in the past few years, and denies the

25  remaining allegations set forth in paragraph 77.

**EXHIBIT 27
PAGE 983**

26         78.    Larian denies the allegations set forth in the first sentence of

27  paragraph 78. Larian admits that he has sent email messages to a "Bratz News"

28

1 | distribution list, admits that the recipients of e-mail messages sent to the "Bratz
2 | News" distribution list includes members of the media as well as representatives of
3 | customers of both MGA and Mattel, and denies the remaining allegations set forth in
4 | paragraph 78.

5 |        79.    Larian admits that on May 12, 2006, he sent an email message to
6 | the "Bratz News" distribution list that included a reference to the new My Scene
7 | product with real gems, and states that he is without sufficient knowledge to admit or
8 | deny the remaining allegations set forth in paragraph 79, and on that basis, denies the
9 | remaining allegations set forth in paragraph 79.

10 |        80.    Larian admits that Larian told one retailer that such retailer was
11 | the only retailer with plans to purchase MY SCENE BLING BLING with real gems,
12 | at a time when Larian had a good faith belief that such retailer was the only retailer
13 | with plans to purchase MY SCENE BLING BLING with real gems, and denies the
14 | remaining allegations set forth in paragraph 80.

15 |        81.    Larian denies the allegation set forth in paragraph 81.

16 |        82.    Larian repeats his responses contained in paragraphs 1 through 81
17 | of this Answer and incorporates them by reference as though fully and completely
18 | set forth herein.

19 |        83.    Larian denies the allegations set forth in paragraph 83.

20 |        84.    Larian denies the allegations set forth in paragraph 84.

21 |        85.    Larian denies the allegations set forth in paragraph 85.

22 |        86.    Larian denies the allegations set forth in paragraph 86.

23 |        87.    Larian denies the allegations set forth in paragraph 87.

24 |        88.    Larian repeats his responses contained in paragraphs 1 through 87
25 | of this Answer and incorporates them by reference as though fully and completely
26 | set forth herein.

27 |        89.    Larian denies the allegations set forth in paragraph 89.

28 |

**EXHIBIT 27**
**PAGE 984**

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

90.   Larian denies the allegations set forth in paragraph 90.

91.   Larian denies the allegations set forth in paragraph 91.

92.   Larian denies the allegations set forth in paragraph 92.

93.   Larian denies the allegations set forth in paragraph 93.

94.   Larian denies the allegations set forth in paragraph 94.

95.   Larian denies the allegations set forth in paragraph 95.

96.   Larian denies the allegations set forth in paragraph 96.

97.   Larian denies the allegations set forth in paragraph 97.

98.   Larian repeats his responses contained in paragraphs 1 through 97 of this Answer and incorporates them by reference as though fully and completely set forth herein.

99.   Larian denies the allegations set forth in paragraph 99.

100.   Larian denies the allegations set forth in paragraph 100.

101.   Larian denies the allegations set forth in paragraph 101.

102.   Larian denies the allegations set forth in paragraph 102.

103.   Larian denies the allegations set forth in paragraph 103.

104.   Larian denies the allegations set forth in paragraph 104.

105.   Larian denies the allegations set forth in paragraph 105.

106.   Larian repeats his responses contained in paragraphs 1 through 105 of this Answer and incorporates them by reference as though fully and completely set forth herein.

107.   Larian denies the allegations set forth in paragraph 107.

108.   Larian denies the allegations set forth in paragraph 108.

109.   Larian denies the allegations set forth in paragraph 109.

110.   Larian denies the allegations set forth in paragraph 110.

111.   Larian denies the allegations set forth in paragraph 111.

112.   Larian denies the allegations set forth in paragraph 112.

12

EXHIBIT 27
PAGE 985

1   113.  Larian denies the allegations set forth in paragraph 113.

2   114.  Larian denies the allegations set forth in paragraph 114.

3   115.  Larian denies the allegations set forth in paragraph 115.

4   116.  Larian repeats his responses contained in paragraphs 1 through

5   115 of this Answer and incorporates them by reference as though fully and

6   completely set forth herein.

7   117.  Larian denies the remaining allegations set forth in paragraph

8   117.

9   118.  Larian denies the allegations set forth in paragraph 118.

10  119.  Larian denies the allegations set forth in paragraph 119.

11  120.  Larian denies the allegations set forth in paragraph 120.

12  121.  Larian denies the allegations set forth in paragraph 121.

13  122.  Larian repeats his responses contained in paragraphs 1 through

14  121 of this Answer and incorporates them by reference as though fully and

15  completely set forth herein.

16  123.  Larian denies the allegations set forth in paragraph 123.

17  124.  Larian denies the allegations set forth in paragraph 124.

18  125.  Larian denies the allegations set forth in paragraph 125.

19  126.  Larian denies the allegations set forth in paragraph 126.

20  127.  Larian denies the allegations set forth in paragraph 127.

21  128.  Larian denies the allegations set forth in paragraph 128.

22  129.  Larian repeats his responses contained in paragraphs 1 through

23  128 of this Answer and incorporates them by reference as though fully and

24  completely set forth herein.

25  130.  The first and fifth sentences of paragraph 130 are statements of

26  Mattel's legal position, to which no response is necessary. To the extent a response

27  is required, Larian denies the allegations set forth in the first and fifth sentences of

28

13

1  paragraph 130.  Larian is without sufficient knowledge to admit or deny the
2  remaining allegations set forth in paragraph 130, and on that basis, denies the
3  remaining allegations set forth in  paragraph 130.

4      131.   Larian denies the allegations set forth in paragraph 131.

5      132.   Larian denies the allegations set forth in paragraph 132.

6      133.   Larian denies the allegations set forth in paragraph 133.

7      134.   Larian denies the allegations set forth in paragraph 134.

8      135.   Larian denies the allegations set forth in paragraph 135.

9      136.   Larian repeats his responses contained in paragraphs 1 through
10  135 of this Answer and incorporates them by reference as though fully and
11  completely set forth herein.

12      137.   Larian denies the allegations set forth in paragraph 137.

13      138.   Larian denies the allegations set forth in paragraph 138.

14      139.   Larian denies the allegations set forth in paragraph 139.

15      140.   Larian denies the allegations set forth in paragraph 140.

16      141.   Larian denies the allegations set forth in paragraph 141.

17      142.   Larian repeats his responses contained in paragraphs 1 through
18  141 of this Answer and incorporates them by reference as though fully and
19  completely set forth herein.

20      143.   Paragraph 143 is a statement of Mattel's legal position, to which
21  no response is necessary.  To the extent a response is required, Larian denies the
22  allegations set forth in the paragraph 143.

23      144.   Larian denies the allegations set forth in paragraph 144.

24      145.   Larian denies the allegations set forth in paragraph 145.

25      146.   Larian denies the allegations set forth in paragraph 146.

26      147.   Larian denies the allegations set forth in paragraph 147.

27      148.   Larian denies the allegations set forth in paragraph 148.

28

<div align="center">14</div>

EXHIBIT 27
PAGE 987

149.   Larian repeats his responses contained in paragraphs 1 through 148 of this Answer and incorporates them by reference as though fully and completely set forth herein.

150.   Larian denies the allegations set forth in paragraph 150.

151.   Larian denies the allegations set forth in paragraph 151.

152.   Larian denies the allegations set forth in paragraph 152.

153.   Larian denies the allegations set forth in paragraph 153.

154.   Larian denies the allegations set forth in paragraph 154.

155.   Larian repeats his responses contained in paragraphs 1 through 154 of this Answer and incorporates them by reference as though fully and completely set forth herein.

156.   Larian denies the allegations set forth in paragraph 156.

157.   Larian denies the allegations set forth in paragraph 157.

158.   Larian denies the allegations set forth in paragraph 158.

159.   Larian denies the allegations set forth in paragraph 159.

160.   Larian denies the allegations set forth in paragraph 160.

161.   Larian denies the allegations set forth in paragraph 161.

162.   Larian denies the allegations set forth in paragraph 162.

163.   Larian repeats his responses contained in paragraphs 1 through 162 of this Answer and incorporates them by reference as though fully and completely set forth herein.

164.   Larian denies the allegations set forth in paragraph 164.

165.   Larian denies the allegations set forth in paragraph 165.

166.   Larian denies the allegations set forth in paragraph 166.

167.   Larian repeats his responses contained in paragraphs 1 through 166 f this Answer and incorporates them by reference as though fully and completely set forth herein.

EXHIBIT 27
PAGE 988

15

1    168.   Larian denies the allegations set forth in paragraph 168.

2    169.   Paragraph 169 is a statement of Mattel's legal position, to which

3  no response is necessary.  To the extent a response is required, Larian denies the

4  allegations set forth in the paragraph 169.

5    170.   Paragraph 170 is a statement of Mattel's legal position, to which

6  no response is necessary.  To the extent a response is required, Larian denies the

7  allegations set forth in the paragraph 170.

8  ## AFFIRMATIVE DEFENSES

9    Without admitting any wrongful conduct on the part of Larian or any Counter-

10  Defendant, and without admitting that Mattel suffered any loss, damage, or injury,

11  Larian alleges the following affirmative defenses to the Counterclaims.  By

12  designating the following as affirmative defenses, Larian does not in any way waive

13  or limit any defenses which are or may be raised by his denials, allegations, and

14  averments set forth herein.  Larian also does not, by alleging any affirmative defense,

15  admit that Mattel does not have the burden of proof for any or all facts underlying

16  any of those defenses.  These defenses are pled in the alternative, and are raised to

17  preserve the rights of Larian to assert such defenses, and are without prejudice to his

18  ability to raise other and further defenses.

19  ## FIRST AFFIRMATIVE DEFENSE

20  ### (Failure to State a Claim)

21    Mattel's counterclaims fail to state a claim against Larian upon which relief

22  can be granted.

23  ## SECOND AFFIRMATIVE DEFENSE

24  ### (Unclean Hands/*in Pari Delicto*)

**EXHIBIT 27**
**PAGE 989**

25    Mattel's counterclaims are barred in whole or in part by Mattel's unclean

26  hands and wrongful acts.  This affirmative defense is based, in part, on Mattel's

27  efforts to undermine MGA's business and to "kill" Bratz at any cost which include,

28

16

1  but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy

2  MGA's products, packaging, themes, and advertising (including for Mattel products

3  My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little

4  Mommy products, to name a few), and engage in other acts of unfair competition

5  against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to

6  create negative publicity or press about MGA, MGA products, Bryant, Larian, or

7  MGA employees; Mattel's efforts to fund or commission market research or studies

8  that portray Bratz or MGA products negatively; Mattel's efforts to interfere with

9  MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include

10  negative references to MGA or Bratz on Mattel's "We Believe in Girls" website;

11  Mattel's efforts or intent to interfere with business dealings or contractual relations

12  between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA

13  advertisements or to limit time slots for advertisements; assisting parties in lawsuits

14  against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's

15  trade secrets, non-public information, non-public activities, unreleased products, and

16  product development; gaining access, or attempts to gain access, to MGA

17  showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false

18  pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through

19  Mattel-employed category managers at retailers; Mattel's inducing non-party

20  customers to breach confidentiality agreements with MGA and divulge non-public

21  information about MGA's unreleased products; Mattel's covertly investigating MGA,

22  its officers and employees, and their family members; Mattel's contacting persons

23  under false pretense in order to interrogate them about Bratz and this litigation;

24  Mattel's coercing its employees to accept restrictive covenants (right before a

25  massive layoff) and non-compete clauses and other efforts to prevent prospective

26  MGA employees from accepting offers of employment; Mattel's delay in suing

27  Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated

28

**EXHIBIT 27**
**PAGE 990**

1  Mattel case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead
2  the public and retailers; and Mattel's taking all measures to conceal its bad acts,
3  including the willful non-retention and destruction of documents.  Additionally,
4  Mattel believed from the time that Carter Bryant left Mattel's employ that he was
5  going to perform work for a Mattel competitor.  Mattel began investigating Bryant
6  and MGA, including Bryant's role in the creation and development of Bratz, at least
7  as early as March 2002.  Nonetheless, Mattel waited years to bring suit, all the while
8  allowing MGA to spend years developing its business and invest tens of millions of
9  dollars developing the Bratz products and building the Bratz brand.  These averments
10  are made on information and belief except where Larian has knowledge thereof.

11  ### THIRD AFFIRMATIVE DEFENSE

12  (Laches)

13      Mattel's counterclaims are barred by the equitable doctrine of laches because,
14  among other things, Mattel believed from the time that Carter Bryant left Mattel's
15  employ that he was going to perform work for a Mattel competitor.  Mattel began
16  investigating Bryant and MGA, including Bryant's role in the creation and
17  development of Bratz, at least as early as March 2002 and thereafter continued its
18  investigation into Bryant's role in the creation and development of Bratz, as well as
19  his work with MGA, in August 2002 after Mattel's CEO, Robert Eckert, received an
20  "anonymous letter" that claimed that Bryant stole the idea for Bratz from Mattel and
21  sold it to MGA.  Nonetheless, Mattel waited years to bring suit, all the while
22  allowing MGA to spend years developing its business and invest tens of millions of
23  dollars developing the Bratz products and building the Bratz brand.

24
25
26
27
28

EXHIBIT 27
PAGE 991

18

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

1 | **FOURTH AFFIRMATIVE DEFENSE**
2 | (Statute of Limitations)
3 | Mattel's counterclaims are barred by the applicable statutes of limitations,
4 | including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code
5 | of Civil Procedure §§ 337, 339, 343 and 338(c).
6 | **FIFTH AFFIRMATIVE DEFENSE**
7 | (*Bona Fide* Purchaser for Value)
8 | Mattel cannot maintain its counterclaims against Larian because MGA paid
9 | valuable consideration for Bryant's assignment of his rights in the original Bratz
10 | drawings to MGA, and Larian acted with a good faith belief that Bryant owned the
11 | rights to his original Bratz drawings and that his assignment of such rights to MGA
12 | was valid and permissible.
13 | **SIXTH AFFIRMATIVE DEFENSE**
14 | (17 U.S.C. § 205(d))
15 | Mattel cannot maintain its counterclaims against Larian because, among other
16 | things, Larian acted with a good faith belief that Bryant owned the rights to his
17 | original Bratz drawings and that his assignment of such rights to MGA was valid and
18 | permissible.
19 | **SEVENTH AFFIRMATIVE DEFENSE**
20 | (Information Readily Ascertainable)
21 | Larian cannot be liable, either on his own account or by association with other
22 | defendants, for misappropriation of information that was readily ascertainable by
23 | proper means at the time of the alleged acquisition or use. Such information
24 | includes, but is not limited to, the identity of suppliers, manufacturers, distributors
25 | and retailers; contact information for the same; and sales, marketing and media data.
26 |
27 |
28 |

EXHIBIT _____

PAGE ____  **EXHIBIT 27**
          **PAGE 992**

19

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by Larian and are not attributable to any acts or omissions of Larian.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Mattel's counterclaims are barred in whole or in part by the equitable doctrine of estoppel because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Mattel's counterclaims are barred in whole or in part by acquiescence because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.  Additionally, Mattel tolerated and condoned conduct by other employees similar to the alleged conduct by Bryant and others on which Mattel bases its claims.

EXHIBIT _____

PAGE _____

**EXHIBIT 27**
**PAGE 993**

20

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Larian denies that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

EXHIBIT 27
PAGE 994

21

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Joint Authorship)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the Larian were lawful competition or justified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Mattel's counterclaims are barred in whole or in part because Larian acted in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the Larian.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

EXHIBIT 27
PAGE 995

22

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Joinder in Defenses of Co-Defendants)

Larian hereby adopts and incorporates by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such affirmative defenses.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Undiscovered Defenses)

Larian has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Larian reserves the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

WHEREFORE, Larian prays for relief as follows:

a.    that the Counterclaims be dismissed with prejudice;

b.    that judgment be entered in favor of Larian and against counterclaimant;

c.    that Larian recover his costs and attorneys' fees; and

d.    that the Court award such other and further relief as is just and proper.

DATED: November 8, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

EXHIBIT 27
PAGE 996

23

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **November 8, 2007**, I served the foregoing documents described as:

**ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒  **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

☒  **(VIA FACSIMILE)** By transmitting the document listed above to the fax numbers on the attached service list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 8, 2007 at Los Angeles, California.

Nandi Berglund
PRINT NAME                          SIGNATURE

EXHIBIT

PAGE                    **EXHIBIT 27**
                        **PAGE 997**

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

*Attorneys for Mattel, Inc.*

OVERLAND BORENSTEIN
SCHEPER & KIM
MARK E. OVERLAND
ALEXANDER H. COTE
DAVID C. SCHEPER
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)
*Attorneys for Carlos Gustavo Machado Gomez*

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)391-5400
(415) 397-7188 (Fax)

*Attorneys for Carter Bryant*

2

EXHIBIT 27
PAGE 998

EXHIBIT 28

CALENDARED

RECEIVED

OCT 1 7 2007

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10         UNITED STATES DISTRICT COURT

11         CENTRAL DISTRICT OF CALIFORNIA

12                 EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
15                        Plaintiff,     2727

16       v.                              CARTER BRYANT'S SECOND
                                         AMENDED REPLY TO MATTEL'S
17  MATTEL, INC. a Delaware              COUNTERCLAIMS
    Corporation,
18                                       DEMAND FOR JURY TRIAL
                          Defendant.
19                                       Dept:     Courtroom 1
20  CONSOLIDATED WITH MATTEL,            Judge:    Hon. Stephen G. Larson
    INC., v. BRYANT and MGA
21  ENTERTAINMENT, INC. v.
    MATTEL, INC.                         Discovery Cut-Off: Jan. 14, 2008
22                                       Pre-Trial Conference: April 7, 2008
                                         Trial Date: April 29, 2008
23

24     Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:                                          EXHIBIT 28
                                                      PAGE 999
27     As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions.  Bryant's denial of any allegation

                          10-16          1

EXHIBIT

PAGE

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3      Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it.  Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo.  Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10      Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required.  If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14      Finally, Bryant notes that many of the allegations in Mattel's counterclaims

15  allege nothing relating Bryant.  Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations.  In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

23                          **Responses**

24      1.    Bryant denies the allegations of this paragraph.

25      2.    Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs.  Bryant denies

28  all remaining allegations of this paragraph.

**EXHIBIT 28**
**PAGE 1000**

2

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT

1    3.    Bryant denies that MGA engaged in illegal conduct in entering the

2  agreement with Bryant.  Bryant lacks knowledge or information sufficient to form

3  a belief as to the truth of the remaining allegations of this paragraph, and on that

4  basis denies them.

5    4.    Bryant lacks knowledge or information sufficient to form a belief as

6  to the truth of the allegations of this paragraph, and on that basis denies them.

7    5.    Bryant denies the allegations of this paragraph.

8    6.    Bryant admits that Mattel purports to seek relief under 17 U.S.C. § §

9  101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28

10  U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has

11  jurisdiction to hear claims against Bryant, based on those allegations, but denies

12  that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.

13  Bryant lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations of this paragraph regarding other defendants, and on that basis

15  denies them.

16    7.    Bryant admits that venue is proper in this District as to claims against

17  Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its

18  alleged claims.  Bryant lacks knowledge or information sufficient to form a belief

19  as to the truth of the allegations of this paragraph regarding other defendants, and

20  on that basis denies them.

**EXHIBIT 28**
**PAGE 1001**

21    8.    Bryant admits the allegation of this paragraph.

22    9.    Bryant admits the allegations of the first and second sentences of this

23  paragraph.  Bryant denies the remaining allegations of this paragraph.

24    10.    Bryant admits the allegations of this paragraph.

25    11.    Bryant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of this paragraph, and on that basis denies them.

27    12.    Bryant lacks knowledge or information sufficient to form a belief as

28  to the truth of the allegations of this paragraph, and on that basis denies them.

EXHIBIT ___

PAGE ___

3

1    13.   Bryant admits that Isaac Larian is the President and CEO of MGA and

2  an individual residing in the County of Los Angeles. Bryant denies the remaining

3  allegations of this paragraph.

4    14.   Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6    15.   Bryant denies the allegations of this paragraph.

7    16.   Bryant admits that Mattel manufactures and markets toys, games,

8  dolls and other consumer products. Bryant lacks knowledge or information

9  sufficient to form a belief as to the truth of the allegations of the second, third, and

10  fourth sentences of this paragraph, and on that basis denies them. Bryant admits

11  that Mattel is a well-known company, and denies all remaining allegations of this

12  paragraph.

13    17.   Bryant admits that Mattel maintains a large design center in El

14  Segundo, California at which many designers, sculptors, painters and other artists

15  work to create Mattel products. Bryant lacks knowledge or information sufficient

16  to form a belief as to the truth of all remaining allegations of this paragraph, and on

17  that basis denies them.

18    18.   Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20    19.   Bryant admits that MGA is a toy manufacturer that launched a fashion

21  doll line. Bryant lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of the second sentence of this paragraph, and on that

23  basis denies them. Bryant denies that MGA stole a fashion doll that was owned by

24  Mattel, and denies all remaining allegations of this paragraph.

**EXHIBIT 28**
**PAGE 1002**

25    20.   Bryant denies all allegations of this paragraph.

26    21.   Bryant admits that he is a former Mattel employee, that he began

27  working for Mattel in September 1995 and worked in Mattel's Design Center as a

28  Barbie product designer, and that he stopped working with Mattel in or about April

4

1998.  Bryant denies that he moved to Missouri to live with his parents in or about April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and that on or about January 4, 1999, he began working at Mattel in Mattel's Design Center as a product designer.  Bryant denies any remaining allegations of this paragraph.

22.    Bryant admits that, upon his return to Mattel in January 1999, he signed the document attached to Mattel's Counterclaims as Exhibit A, which is titled "Employee Confidential Information and Inventions Agreement."  Bryant denies all remaining allegations of this paragraph, explicit or implicit, including Mattel's allegations regarding the legal significance of this document.

23.    Bryant denies the allegations of this paragraph.

24.    Bryant admits that, upon his return to Mattel in January 1999, he signed the document attached to Mattel's Counterclaims as Exhibit B, which is titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this document freelance work he had performed while in Missouri for Ashton-Drake, which is unrelated to Mattel's allegations here.  Bryant denies all remaining allegations of this paragraph, explicit or implicit, including Mattel's allegations regarding the legal significance of this document.

25.    Bryant denies the allegations of this paragraph.

26.    Bryant denies the allegations of this paragraph, including all the allegations of each of its sub-paragraphs.

27.    Bryant denies the allegations of this paragraph.

28.    Bryant denies the allegations of this paragraph.

29.    Bryant denies the allegations of this paragraph.

30.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

31.    Bryant admits that samples of the four original Bratz dolls were shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

EXHIBIT 28
PAGE 1003

1   allegations of this paragraph.

2        32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3   products in many countries throughout the world.  Bryant lacks knowledge or

4   information sufficient to form a belief as to the truth of the allegations of the

5   second sentence of this paragraph, and on that basis denies them.  Bryant admits

6   the allegations of the third sentence of this paragraph.  Bryant admits that MGA

7   claims current ownership of Bratz, including the copyrights and copyright

8   registrations attendant thereto.  Bryant admits the allegations of the fifth sentence

9   of this paragraph.  Bryant denies all remaining allegations of this paragraph

10        33.    Bryant denies the allegations of this paragraph.

11        34.    Bryant denies the allegations of this paragraph.

12        35.    Bryant denies the allegations of this paragraph.

13        36.    Bryant admits that he had an agreement with MGA and the terms of

14   that agreement speak for themselves.  Bryant denies all remaining allegations of

15   this paragraph.

16        37.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18        38.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20        39.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22        40.    Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24        41.    Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26        42.    Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28        43.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT

PAGE

404479.01

**EXHIBIT 28**
**PAGE 1004**

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        44.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        45.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        46.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        47.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10       48.    Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12       49.    Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14       50.    Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16       51.    Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       52.    Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       53.    Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22       54.    Bryant lacks knowledge or information sufficient to form a belief as
23   to the truth of the allegations of this paragraph, and on that basis denies them.

24       55.    Bryant lacks knowledge or information sufficient to form a belief as
25   to the truth of the allegations of this paragraph, and on that basis denies them.

26       56.    Bryant lacks knowledge or information sufficient to form a belief as
27   to the truth of the allegations of this paragraph, and on that basis denies them.

28       57.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 28
PAGE 1005
7

EXHIBIT

PAGE

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1 | to the truth of the allegations of this paragraph, and on that basis denies them.

2 |     58.   Bryant lacks knowledge or information sufficient to form a belief as

3 | to the truth of the allegations of this paragraph, and on that basis denies them.

4 |     59.   Bryant lacks knowledge or information sufficient to form a belief as

5 | to the truth of the allegations of this paragraph, and on that basis denies them.

6 |     60.   Bryant lacks knowledge or information sufficient to form a belief as

7 | to the truth of the allegations of this paragraph, and on that basis denies them.

8 |     61.   Bryant lacks knowledge or information sufficient to form a belief as

9 | to the truth of the allegations of this paragraph, and on that basis denies them.

10 |     62.   Bryant lacks knowledge or information sufficient to form a belief as

11 | to the truth of the allegations of this paragraph, and on that basis denies them.

12 |     63.   Bryant lacks knowledge or information sufficient to form a belief as

13 | to the truth of the allegations of this paragraph, and on that basis denies them.

14 |     64.   Bryant lacks knowledge or information sufficient to form a belief as

15 | to the truth of the allegations of this paragraph, and on that basis denies them.

16 |     65.   Bryant lacks knowledge or information sufficient to form a belief as

17 | to the truth of the allegations of this paragraph, and on that basis denies them.

18 |     66.   Bryant lacks knowledge or information sufficient to form a belief as

19 | to the truth of the allegations of this paragraph, and on that basis denies them.

20 |     67.   Bryant lacks knowledge or information sufficient to form a belief as

21 | to the truth of the allegations of this paragraph, and on that basis denies them.

22 |     68.   Bryant lacks knowledge or information sufficient to form a belief as

23 | to the truth of the allegations of this paragraph, and on that basis denies them.

24 |     69.   Bryant lacks knowledge or information sufficient to form a belief as

25 | to the truth of the allegations of this paragraph, and on that basis denies them.

26 |     70.   Bryant lacks knowledge or information sufficient to form a belief as

27 | to the truth of the allegations of this paragraph, and on that basis denies them.

28 |     71.   Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 28
PAGE 1006

8

404479.01

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2       72.   Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4       73.   Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6       74.   Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8       75.   Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10       76.   Bryant lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations of this paragraph, and on that basis denies them.

12       77.   Bryant lacks knowledge or information sufficient to form a belief as

13   to the truth of the allegations of this paragraph, and on that basis denies them.

14       78.   Bryant lacks knowledge or information sufficient to form a belief as

15   to the truth of the allegations of this paragraph, and on that basis denies them.

16       79.   Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       80.   Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       81.   Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22               **Mattel's First Counterclaim**

23       82.   Bryant repeats and realleges his answers to paragraphs 1 through 81

24   above, as though fully set forth here at length. Bryant denies any allegations not

25   expressly admitted.

26       83.   Bryant denies the allegations of this paragraph.

27       84.   Bryant denies the allegations of this paragraph.

28       85.   Bryant denies the allegations of this paragraph.     **EXHIBIT 28**
                                                                                              **PAGE 1007**

EXHIBIT

PAGE

404479.01           CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
                              CASE NO. CV 04-09049 SGL (RNBx)

1    86.    Bryant denies the allegations of this paragraph.

2    87.    Bryant denies the allegations of this paragraph.

3    **Mattel's Second Counterclaim**

4    88.    Bryant repeats and realleges its answers to paragraphs 1 through 87

5    above, as though fully set forth here at length.  Bryant denies any allegations not

6    expressly admitted.

7    89.    Bryant denies the allegations of this paragraph.

8    90.    Bryant denies the allegations of this paragraph.

9    91.    Bryant denies the allegations of this paragraph.

10   92.    Bryant denies the allegations of this paragraph.

11   93.    Bryant denies the allegations of this paragraph, including the

12   allegations of all of its sub-paragraphs.

13   94.    Bryant denies the allegations of this paragraph.

14   95.    Bryant denies the allegations of this paragraph.

15   96.    Bryant denies the allegations of this paragraph.

16   97.    Bryant denies the allegations of this paragraph.

17   **Mattel's Third Counterclaim**

18   98.    Bryant repeats and realleges its answers to paragraphs 1 through 97

19   above, as though fully set forth here at length.  Bryant denies any allegations not

20   expressly admitted.

21   99.    Bryant denies the allegations of this paragraph.

22   100.   Bryant denies the allegations of this paragraph.

23   101.   Bryant denies the allegations of this paragraph.

24   102.   Bryant denies the allegations of this paragraph.

25   103.   Bryant denies the allegations of this paragraph.

26   104.   Bryant denies the allegations of this paragraph.

27   105.   Bryant denies the allegations of this paragraph.

28

EXHIBIT

PAGE

**EXHIBIT 28**
**PAGE 1008**

404479.01

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

**Mattel's Fourth Counterclaim**

106. Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

107. Bryant denies the allegations of this paragraph.

108. Bryant denies the allegations of this paragraph.

109. Bryant denies the allegations of this paragraph.

110. Bryant denies the allegations of this paragraph.

111. Bryant denies the allegations of this paragraph.

112. Bryant denies the allegations of this paragraph.

113. Bryant denies the allegations of this paragraph.

114. Bryant denies the allegations of this paragraph.

115. Bryant denies the allegations of this paragraph.

**Mattel's Fifth Counterclaim**

116. Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

117. Bryant denies the allegations of this paragraph.

118. Bryant denies the allegations of this paragraph.

119. Bryant denies the allegations of this paragraph.

120. Bryant denies the allegations of this paragraph.

121. Bryant denies the allegations of this paragraph.

**Mattel's Sixth Counterclaim**

122. Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

123. Bryant denies the allegations of this paragraph.

124. Bryant denies the allegations of this paragraph.

EXHIBIT 28
PAGE 1009

EXHIBIT

PAGE

404479.01

11

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1   125.   Bryant denies the allegations of this paragraph.

2   126.   Bryant denies the allegations of this paragraph.

3   127.   Bryant denies the allegations of this paragraph.

4   128.   Bryant denies the allegations of this paragraph.

5   **Mattel's Seventh Counterclaim**

6   129.   Bryant repeats and realleges its answers to paragraphs 1 through 128

7   above, as though fully set forth here at length.  Bryant denies any allegations not

8   expressly admitted.

9   130.   Bryant denies the allegations of this paragraph.

10   131.   Bryant denies the allegations of this paragraph.

11   132.   Bryant denies the allegations of this paragraph.

12   133.   Bryant denies the allegations of this paragraph.

13   134.   Bryant denies the allegations of this paragraph.

14   135.   Bryant denies the allegations of this paragraph.

15   **Mattel's Eighth Counterclaim**

16   136.   Bryant repeats and realleges its answers to paragraphs 1 through 135

17   above, as though fully set forth here at length.  Bryant denies any allegations not

18   expressly admitted.

19   137.   Bryant denies the allegations of this paragraph.

20   138.   Bryant denies the allegations of this paragraph.

21   139.   Bryant denies the allegations of this paragraph.

22   140.   Bryant denies the allegations of this paragraph.

23   141.   Bryant denies the allegations of this paragraph.

24   **Mattel's Ninth Counterclaim**

25   142.   Bryant repeats and realleges its answers to paragraphs 1 through 141

26   above, as though fully set forth here at length.  Bryant denies any allegations not

27   expressly admitted.

28   143.   Bryant denies the allegations of this paragraph.

EXHIBIT 28
PAGE 1010

EXHIBIT _____

PAGE _____

404479.01

12

1    144.   Bryant denies the allegations of this paragraph.

2    145.   Bryant denies the allegations of this paragraph.

3    146.   Bryant denies the allegations of this paragraph.

4    147.   Bryant denies the allegations of this paragraph.

5    148.   Bryant denies the allegations of this paragraph

6                    **Mattel's Tenth Counterclaim**

7        149.   Bryant repeats and realleges its answers to paragraphs 1 through 148

8    above, as though fully set forth here at length.  Bryant denies any allegations not

9    expressly admitted.

10       150.   Bryant denies the allegations of this paragraph.

11       151.   Bryant denies the allegations of this paragraph.

12       152.   Bryant denies the allegations of this paragraph.

13       153.   Bryant denies the allegations of this paragraph.

14       154.   Bryant denies the allegations of this paragraph.

15                  **Mattel's Eleventh Counterclaim**

16       155.   Bryant repeats and realleges its answers to paragraphs 1 through 154

17   above, as though fully set forth here at length.  Bryant denies any allegations not

18   expressly admitted.

19       156.   Bryant denies the allegations of this paragraph.

20       157.   Bryant denies the allegations of this paragraph.

21       158.   Bryant denies the allegations of this paragraph.

22       159.   Bryant denies the allegations of this paragraph.

23       160.   Bryant denies the allegations of this paragraph.

24       161.   Bryant denies the allegations of this paragraph.

25       162.   Bryant denies the allegations of this paragraph.       **EXHIBIT 28**
                                                                        **PAGE 1011**
26                  **Mattel's Twelfth Counterclaim**

27       163.   Bryant repeats and realleges its answers to paragraphs 1 through 162

28   above, as though fully set forth here at length.  Bryant denies any allegations not

1    expressly admitted.

2        164.   Bryant admits the allegation of this paragraph regarding the contents

3    of section 17200 of the California Business and Professions Code, but denies that

4    Mattel is entitled to any relief or recovery whatsoever on its claims.

5        165.   Bryant denies the allegations of this paragraph.

6        166.   Bryant denies the allegations of this paragraph.

7                    **Mattel's Thirteenth Counterclaim**

8        167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9    above, as though fully set forth here at length.  Bryant denies any allegations not

10   expressly admitted.

11       168.   Bryant admits that an actual controversy exists between the parties,

12   because of Mattel's campaign of harassing litigation, but denies all other

13   allegations of this paragraph, and denies that Mattel is entitled to any relief or

14   recovery whatsoever.

15       169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16   denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17   to any relief or recovery whatsoever.

18       170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19   denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20   to any relief or recovery whatsoever.

21                        **Prayer for Relief**

22       This section of Mattel's counterclaims contains no factual allegations, and

23   requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24   and respectfully requests judgment dismissing Mattel's counterclaims with

25   prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26   and whatever other relief to Bryant the Court deems appropriate.

27       Except as specifically admitted above, Bryant denies each and every

28   allegation in Mattel's counterclaims.

EXHIBIT

PAGE

404479.01

**EXHIBIT 28**
**PAGE 1012**

14

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting any rights over the Bratz dolls until years later. Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

**Third Affirmative Defense (Estoppel)**

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended. Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment. Accordingly, Mattel should be estopped from belatedly raising its claims.

**Fourth Affirmative Defense (Laches)**

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Mattel thus was apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

**Fifth Affirmative Defense (Consent)**

EXHIBIT 28
PAGE 1014

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

404479.01

1 Mattel shortly thereafter began investigating what it suspected to be wrongdoing in
2 connection with the Bratz dolls.   Mattel thus was apprised of the relevant facts.
3 Yet, Mattel waited and said nothing while the dolls were successfully (and at great
4 cost) developed, manufactured and sold, and only filed suit years later.  Mattel has
5 also tolerated conduct by other employees similar to the alleged conduct by Bryant
6 on which Mattel now bases its contract and related claims.

7 <center>**Sixth Affirmative Defense (Statute of Limitations)**</center>

8 Mattel's counterclaims, and each claim for relief, are barred by the
9 applicable statutes of limitations, including but not limited to Code of Civil
10 Procedure §§ 337, 339, 343, and 338(c).

11 <center>**Seventh Affirmative Defense (Failure to Mitigate Damages)**</center>

12 With respect to any alleged damages (the existence of which Bryant denies),
13 Mattel failed to mitigate its damages.  For example, Mattel believed from the time
14 that Bryant left Mattel's employ that he was going to perform work for a Mattel
15 competitor.  However, Mattel failed to take action to minimize any alleged
16 damages that arose from Bryant's work for said competitor.

17 <center>**Eighth Affirmative Defense (Lack of Causation)**</center>

18 Any losses or harms allegedly sustained by Mattel resulted from causes
19 other than any act or omission of Bryant, including but not limited to Mattel's own
20 acts or omissions.  For example, Mattel believed from the time that Bryant left
21 Mattel's employ that he was going to perform work for a Mattel competitor.
22 However, Mattel failed to take action to minimize any alleged damages that arose
23 from Bryant's work for said competitor.

24 <center>**Ninth Affirmative Defense (Lack of Standing)**</center>

**EXHIBIT 28
PAGE 1015**

25 Mattel's counterclaims are barred in whole or in part by its lack of standing,
26 in that Mattel does not own any valid copyright interests in the copyrights that it
27 seeks to assert against Bryant.  In particular, Mattel does not own any valid
28 copyright interest in the following copyrights it seeks to assert against Bryant:  VA

<center>17</center>

EXHIBIT

PAGE

404479.01

1  │ 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-
2  │ 378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-
3  │ 378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu
4  │ 715-273.

5  │ **Tenth Affirmative Defense (Information Readily Ascertainable)**

6  │ Bryant cannot be liable, either on his own account or by association with
7  │ MGA or other defendants, for alleged misappropriation of information that was
8  │ readily ascertainable by proper means at the time of the alleged acquisition or use.
9  │ Such information includes, but is not limited to, the identity of hair manufacturers.

10 │ **Eleventh Affirmative Defense (Lack of Ownership)**

11 │ Mattel is neither the legal nor beneficial owner in the copyrights purportedly
12 │ at issue, including the following copyrights which Mattel purports to own:  VA 1-
13 │ 378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-
14 │ 378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-
15 │ 378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu
16 │ 715-273.

17 │ **Twelfth Affirmative Defense (Copyright Invalidity)**

18 │ Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA
19 │ 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-
20 │ 378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-
21 │ 378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22 │ **Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

23 │ Mattel is barred from recovering statutory damages and/or attorneys' fees
24 │ because it failed to register the copyrights that are purportedly at issue within the
25 │ time required by 17 U.S.C. § 412.

**EXHIBIT 28**
**PAGE 1016**

26 │ **Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

27 │ Bryant hereby adopts and incorporates by this reference any and all other
28 │ affirmative defenses that have been or will be asserted by any other defendant

404479.01

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT

PAGE

1  (including MGA) in this litigation to the extent that defendants may share in such

2  affirmative defenses.

3

4       Bryant has not knowingly and intentionally waived any applicable

5  affirmative defense and reserves the right to raise additional affirmative defenses

6  as they become known to him through discovery in this litigation. In stating the

7  above affirmative defenses, Bryant also does not in any way waive or limit any

8  defenses raised by its denials of Mattel's allegations above. Bryant further

9  reserves the right to amend his answer and/or affirmative defenses accordingly

10 and/or to delete affirmative defenses that he determines during later discovery are

11 not applicable.

12                         **Prayer for Relief**

13      WHEREFORE, Bryant respectfully requests relief as follows:

14      1.    That Mattel's counterclaims be dismissed with prejudice;

15      2.    That Mattel take nothing by its counterclaims;

16      3.    That Mattel's request for injunctive and other equitable relief be

17 denied;

18      4.    That Bryant be awarded the cost of this litigation, including

19 reasonable attorneys' fees and interest; and

20      5.    That Bryant receive such other relief as the Court may deem proper.

21

22                              Respectfully submitted,

23 Dated: October 16, 2007        KEKER & VAN NEST, LLP

24

25

26                         By: _____
                               CHRISTA M. ANDERSON
27                             Attorneys for Plaintiff
                               CARTER BRYANT
28

EXHIBIT _____

PAGE _____

**EXHIBIT 28**
**PAGE 1017**

19

1

## DEMAND FOR JURY TRIAL

2

3       Bryant respectfully requests a trial by jury for all issues so triable.

4

5   Dated:  October 16, 2007                          KEKER & VAN NEST, LLP

6

7                                          By: _____

8                                             CHRISTA M. ANDERSON
                                              Attorneys for Plaintiff
9                                             CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26      EXHIBIT _____

27      PAGE _____

28

**EXHIBIT 28**
**PAGE 1018**

1

PROOF OF SERVICE

2

3     I am employed in the City and County of San Francisco, State of California
in the office of a member of the bar of this court at whose direction the following
4     service was made. I am over the age of eighteen years and not a party to the within
action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San
5     Francisco, California 94111.

6   On October 16, 2007, I served the following document(s):

7         **CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S**
8                         **COUNTERCLAIMS**

9                        **DEMAND FOR JURY TRIAL**

10

11   by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope
addressed as shown below. I am readily familiar with the practice of Keker & Van
12   Nest, LLP for correspondence for delivery by FedEx Corporation. According to
that practice, items are retrieved daily by a FedEx Corporation employee for
13   overnight delivery.

14

15   John B. Quinn                          Thomas J. Nolan
Michael T. Zeller                      Skadden Arps Slate Meagher & Flom
16   Quinn Emanuel Urquhart Oliver &        300 South Grand Avenue, Suite 3400
Hedges, LLP                            Los Angeles, CA 90071-3144
17   865 South Figueroa Street, 10th Floor  Tel:   213/687-5000
Los Angeles, CA 90017-2543             Fax:  213/687-5600
18   Tel:   213/443-3000                   tnolan@skadden.com
Fax:  213/443-3100
19
20   johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com
21

22
Executed on October 16, 2007, at San Francisco, California.
23
I declare under penalty of perjury under the laws of the State of California
24   that the above is true and correct.

25

26

27   _JULIE A. SELBY_

28

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 16, 2007, I served the following document(s):

**CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: 213/443-3000
Fax: 213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel: 213/687-5000
Fax: 213/687-5600
tnolan@skadden.com

Executed on October 16, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXHIBIT _____

PAGE _____

_Julie A. Selby_
JULIE A. SELBY

**EXHIBIT 28**
**PAGE 1020**

EXHIBIT 29

1   DALE M. CENDALI (*admitted pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   MARC F. FEINSTEIN (S.B. #158901)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   Email: dtorres@omm.com

6   PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, California 90067
    Telephone:  (310) 553-3000
9   Facsimile:  (310) 556-2920
    Email: pglaser@chrisglase.com

10
    Attorneys for Counter-defendants MGA
11  Entertainment, Inc., Isaac Larian, MGA
    Entertainment (HK) Limited, and MGAE de
12  Mexico S.R.L. de C.V.

13

14

15                  UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17                          EASTERN DIVISION

| | |
|---|---|
| 18  CARTER BRYANT, an individual, | Case No. CV 05-2727 SGL (RNBx) (Consolidated with CV 04-09049 and CV 04-9059) |
| 19              Plaintiff, | |
| 20        v. | **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC.,** |
| 21  MATTEL, INC., a Delaware Corporation, | **MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE** |
| 22            Defendant | **MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND** |
| 23 | **AMENDED ANSWER AND COUNTERCLAIMS** |
| 24 | |
| 25 | |
| 26  CONSOLIDATED WITH | Judge:      Hon. Stephen G. Larson Courtroom:  1 |
| 27  MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. | |
| 28  MATTEL, INC. | |

EXHIBIT _____

PAGE ____       **EXHIBIT 29**
                **PAGE 1021**

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA

2    Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively

3    the "MGA Defendants") hereby answer, for themselves alone, the Second

4    Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

5    As a preliminary matter, Mattel's use of headings throughout its

6    counterclaims is improper, and therefore no response to Mattel's headings is

7    required.  If any response is required, MGA Defendants deny all allegations

8    contained in Mattel's headings.

9                              **RESPONSES**

10    1.    MGA Defendants deny the allegations set forth in paragraph 1.

11    2.    MGA Defendants deny the allegations set forth in paragraph 2.

12    3.    MGA Defendants admit that MGA decided to expand into

13    Mexico in or about 2004, and deny the remaining allegations set forth in paragraph

14    3.

15    4.    MGA Defendants deny the allegations set forth in paragraph 4.

16    5.    MGA Defendants deny the allegations set forth in paragraph 5.

17    6.    MGA Defendants admit that the Court has federal question

18    jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§

19    101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the

20    Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

21    7.    MGA Defendants admit that venue is proper in this District for

22    Mattel's claims based on conduct alleged to have occurred within this District and

23    deny that venue is proper in this District for acts alleged to have occurred in

24    Mexico, Canada, Hong Kong, or other places outside of this District.

25    8.    MGA Defendants admit the allegations set forth in paragraph 8.

26    9.    MGA Defendants admit the allegations set forth in the first and

27    second sentences of paragraph 9, and deny the remaining allegations set forth in

28    paragraph 9.

EXHIBIT

PAGE ____

**EXHIBIT 29**
**PAGE 1022**

1    10.    MGA Defendants admit the allegations set forth in paragraph
2    10.

3    11.    MGA Defendants admit the allegations set forth in the first
4    sentence of paragraph 11, and deny the remaining allegations set forth in paragraph
5    11.

6    12.    MGA Defendants admit the allegations set forth in paragraph
7    12.

8    13.    MGA Defendants admit the allegations set forth in the first
9    sentence of paragraph 13, and deny the remaining allegations set forth in paragraph
10   13.

11   14.    MGA Defendants admit the allegations set forth in paragraph
12   14.

13   15.    Paragraph 15 is a statement of Mattel's legal position, to which
14   no response is necessary.  To the extent a response is required, MGA Defendants
15   deny the allegations set forth in paragraph 15.

16   16.    MGA Defendants admit the allegations set forth in the first
17   sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to
18   admit or deny the remaining allegations set forth in paragraph 16, and on that basis,
19   deny the remaining allegations set forth in paragraph 16.

20   17.    MGA Defendants are without sufficient knowledge to admit or
21   deny the allegations set forth in paragraph 17, and on that basis, deny the
22   allegations set forth in paragraph 17.

23   18.    MGA Defendants are without sufficient knowledge to admit or
24   deny the allegations set forth in paragraph 18, and on that basis, deny the
25   allegations set forth in paragraph 18.

26   19.    MGA Defendants admit that MGA is a toy manufacturer, that
27   MGA began as a consumer electronics business and expanded into the toy business
28   with licenses to sell handheld electronic games, and later expanded its business by

EXHIBIT _____

PAGE _____

**EXHIBIT 29**
**PAGE 1023**

1   launching the Bratz fashion doll line, and deny the remaining allegations set forth in
2   paragraph 19.

3          20.     MGA Defendants deny the allegations set forth in paragraph 20.

4          21.     MGA Defendants admit that Carter Bryant is a former employee
5   of Mattel, and state that they are without sufficient knowledge to admit or deny the
6   remaining allegations set forth in paragraph 21, and on that basis, deny the
7   remaining allegations set forth in paragraph 21.

8          22.     MGA Defendants are without sufficient knowledge to admit or
9   deny the allegations set forth in paragraph 22, and on that basis, deny the
10  allegations set forth in paragraph 22.

11         23.     MGA Defendants are without sufficient knowledge to admit or
12  deny the allegations set forth in paragraph 23, and on that basis, deny the
13  allegations set forth in paragraph 23.

14         24.     MGA Defendants are without sufficient knowledge to admit or
15  deny the allegations set forth in paragraph 24, and on that basis, deny the
16  allegations set forth in paragraph 24.

17         25.     MGA Defendants are without sufficient knowledge to admit or
18  deny the allegations set forth in paragraph 25, and on that basis, deny the
19  allegations set forth in paragraph 25.

20         26.     MGA Defendants deny the allegations set forth in paragraph 26.
21         27.     MGA Defendants deny the allegations set forth in paragraph 27.
22         28.     MGA Defendants deny the allegations set forth in paragraph 28.
23         29.     MGA Defendants deny the allegations set forth in paragraph 29.
24         30.     MGA Defendants admit that after MGA made the decision to
25  proceed with the manufacture of the Bratz dolls, MGA employees communicated
26  with employees of MGA Entertainment (HK) Limited on subjects including the
27  manufacturing of Bratz, and deny the remaining allegations set forth in the first
28

EXHIBIT _____
PAGE _____

**EXHIBIT 29**
**PAGE 1024**