# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### 3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS

=========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                          Theresa Lanza
            Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                           John Quinn
                                       Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:            GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                  Initials of Deputy Clerk ___jh
CIVIL -- GEN                      1               Time: 1/45

EXHIBIT 42
PAGE 1356

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS**
**(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL – GEN                                    2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT 42
PAGE 1357

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is ORDERED TO SHOW CAUSE why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

             Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL – GEN                              3

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT 42
PAGE 1358

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL -- GEN                              4

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT 42
PAGE 1359

arrangements for inspection in both Hong Kong and the PRC.  Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL – GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT 42
PAGE 1360

## NOTICE PARTY SERVICE LIST

Case No. __CV 04-09049 SGL(RNBx)__   Case Title __Carter Bryant v. Mattel, Inc.__

Title of Document __Minute Order of February 4, 2008__

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor):*  P.O. Box 581103

Salt Lake City,  UT   84158

\*E-mail: Prosper.Pierre@Arentfox.com

\*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk __jh__

EXHIBIT 42
PAGE 1361

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero

Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE** (list below):

Initials of Deputy Clerk  jh

**EXHIBIT 42**
**PAGE 1362**

EXHIBIT 43

# ORIGINAL

DIANA M. TORRES (S.B. #162284)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: jjenal@omm.com

DALE M. CENDALI (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

PATRICIA GLASER (S.B. #55668)
CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

Attorneys for MGA Entertainment, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>**MGA ENTERTAINMENT INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:   Mattel, Inc.

RESPONDING PARTY:   MGA Entertainment, Inc.

SET NO.:   Five

8/22

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT 43**
**PAGE 1363**

### INTRODUCTORY STATEMENT

MGA Entertainment, Inc.'s ("MGA") responses and objections are made solely for the purpose of this action, and are made based upon information presently known and available to MGA. MGA has not completed its investigation of facts relating to this case, has not fully completed its discovery in this action, and has not completed its preparation for trial. Accordingly, the following responses are based only upon such information and documents as are presently available and specifically known to MGA, and disclose only those facts and contentions that presently occur to MGA. Further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, any of which may lead to additions to, changes to, or variations from the responses set forth below.

The following responses are given without prejudice to MGA's right to produce evidence of any subsequently discovered facts that MGA may later recall or locate. MGA, accordingly, reserves the right to supplement and/or change any and all of the following responses as additional facts are ascertained, analyses are made, legal research is completed, and contentions are investigated, and reserves the right to rely upon and present at hearing or trial any information or documents that may be subsequently discovered as a result of this ongoing discovery and investigation. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of MGA in relation to further discovery, research or analysis.

A response to any of the Requests does not constitute an admission by MGA that it agrees with plaintiff's characterization or definition contained therein, that the information sought is relevant to a claim or defense, or that the information sought is likely to lead to admissible evidence. Except for explicit facts admitted herein, no admission of any nature whatsoever is to be implied by or inferred from

1

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

EXHIBIT 43
PAGE 1364

1   any response anywhere stated in this document. By responding to these Requests,

2   MGA does not concede the relevancy, materiality, or admissibility of any

3   information sought by the requests or any responses thereto.

4          This Introductory Statement applies to each and every response

5   contained herein.

6                              **GENERAL OBJECTIONS**

7          The following General Objections apply to the entirety of Mattel's

8   Fifth Set of Requests for Admission (the "Requests"). The assertion of same,

9   similar, or additional objections to the individual requests does not waive any of

10  MGA's General Objections as set forth below.

11         1.     To the extent these Requests request MGA to provide

12  information concerning the legal basis regarding its defense of this matter, MGA

13  objects on the grounds that the Requests impermissibly call for mental impressions,

14  conclusions, opinions and/or legal theories of MGA's attorneys.

15         2.     MGA also objects to the extent these Requests call for the

16  disclosure of information protected by the attorney-client privilege, the work-

17  product doctrine, the joint defense or common interest privilege or any other

18  applicable privilege.

19         3.     MGA further objects to the extent that these Requests seek

20  information comprising the trade secrets of MGA and/or third parties, and/or

21  otherwise constitute confidential information, protected from disclosure by

22  California and/or federal law.

23         4.     MGA objects to the Requests on the grounds that they attempt to

24  unfairly restrict the facts on which MGA may rely at trial. Discovery has not been

25  completed and MGA is not yet necessarily in possession of all the facts and

26  documents upon which MGA intends to rely. All of the responses submitted

27  herewith are tendered to Mattel with the reservation that the responses are

28  submitted without limiting the evidence on which MGA may rely to support the

                                          2

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT 43**
**PAGE 1365**

1   contentions that MGA may assert at the trial of this action.  Further, MGA reserves

2   the right to supplement or amend these responses at a future date if same is deemed

3   appropriate.

4        5.    MGA objects to the Requests on the grounds that they are

5   compound, vague, overbroad, unduly burdensome or oppressive, seek information

6   that is not within MGA's knowledge, or seek information that is neither relevant to

7   this litigation nor reasonably calculated to lead to the discovery of admissible

8   evidence.

9        6.    MGA objects to the defined terms "You," "MGA," "Affiliates,"

10   "Person," Design," "Bratz," "Bratz Works," "Mattel," "The Bratz Pitch Materials"

11   and "Create or Improve" on the grounds that these terms, as defined, are overbroad,

12   are vague and ambiguous, and call for legal conclusions.

13        These General Objections shall be deemed incorporated into each

14   specific response below as if they were fully set forth below.  Nevertheless, without

15   waiver of, without prejudice to, and expressly hereby reserving all of the foregoing

16   General Objections, MGA submits the following responses to the Requests.

17

18   **SPECIFIC SUPPLEMENTAL RESPONSES**

19   **REQUEST FOR ADMISSION NO. 1:**

20        Admit that YOU CONTEND YOU believed at the time YOU entered into

21   the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

22   BRATZ.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

24        In addition to the above General Objections, each of which is incorporated by

25   reference as though fully set forth herein, MGA also objects to this request on the

26   grounds that this request calls for a legal conclusion.  MGA also objects that this

27   request calls for the disclosure of information protected by the attorney-client

28   privilege, the work-product doctrine, the joint defense privilege and/or the common

3

1  interest privilege. MGA further objects that the term "BRATZ" is vague and

2  ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

3  then existed.

4      Subject to, and without waiving, the foregoing objections, MGA responds:

5  MGA admits that it contends it believed at the time it entered into its agreement

6  with Bryant and at all times thereafter that it had the right to market products

7  developed as a result of its agreement with Bryant.

8

9  **REQUEST FOR ADMISSION NO. 2:**

10      Admit that YOU do not CONTEND YOU believed at the time YOU entered

11  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

12  BRATZ.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

14      In addition to the above General Objections, each of which is incorporated by

15  reference as though fully set forth herein, MGA also objects to this request on the

16  grounds that this request calls for a legal conclusion. MGA also objects that this

17  request calls for the disclosure of information protected by the attorney-client

18  privilege, the work-product doctrine, the joint defense privilege and/or the common

19  interest privilege. MGA further objects that the term "BRATZ" is vague and

20  ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

21  then existed.

22      Subject to, and without waiving, the foregoing objections, MGA responds:

23  MGA denies the request and specifically denies that it does not contend it believed

24  at the time it entered into its agreement with Bryant or at any time thereafter that it

25  had the right to market products developed as a result of its agreement with Bryant.

26

27  **REQUEST FOR ADMISSION NO. 3:**

28      Admit that YOU CONTEND YOU believed at the time YOU entered into

4

**EXHIBIT 43**
**PAGE 1367**

1   the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy THE

2   BRATZ PITCH MATERIALS.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

4     In addition to the above General Objections, each of which is incorporated by

5   reference as though fully set forth herein, MGA also objects to this request on the

6   grounds that this request calls for a legal conclusion. MGA also objects that this

7   request calls for the disclosure of information protected by the attorney-client

8   privilege, the work-product doctrine, the joint defense privilege and/or the common

9   interest privilege. MGA further objects that the term "THE BRATZ PITCH

10  MATERIALS" is vague and ambiguous.

11    Subject to, and without waiving, the foregoing objections, MGA responds:

12  MGA admits that it contends it believed at the time it entered into its agreement

13  with Bryant and at all times thereafter that it would have the lawful right to fully

14  exploit the drawings drawn and presented by Bryant prior to the execution of

15  MGA's agreement with Bryant.

16

17  **REQUEST FOR ADMISSION NO. 4:**

18    Admit that YOU do not CONTEND YOU believed at the time YOU entered

19  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

20  THE BRATZ PITCH MATERIALS.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

22    In addition to the above General Objections, each of which is incorporated by

23  reference as though fully set forth herein, MGA also objects to this request on the

24  grounds that this request calls for a legal conclusion. MGA also objects that this

25  request calls for the disclosure of information protected by the attorney-client

26  privilege, the work-product doctrine, the joint defense privilege and/or the common

27  interest privilege. MGA further objects that the term "THE BRATZ PITCH

28  MATERIALS" is vague and ambiguous.

**EXHIBIT 43**
**PAGE 1368**

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

1    Subject to, and without waiving, the foregoing objections, MGA responds:

2  MGA denies the request and specifically denies that it does not contend it believed

3  at the time it entered into its agreement with Bryant or at any time thereafter that it

4  would have the lawful right to fully exploit the drawings drawn and presented by

5  Bryant prior to the execution of MGA's agreement with Bryant.

6

7  **REQUEST FOR ADMISSION NO. 5:**

8    Admit that YOU CONTEND YOU believed at the time YOU entered into

9  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to produce

10  BRATZ.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

12    In addition to the above General Objections, each of which is incorporated by

13  reference as though fully set forth herein, MGA also objects to this request on the

14  grounds that this request calls for a legal conclusion.  MGA also objects that this

15  request calls for the disclosure of information protected by the attorney-client

16  privilege, the work-product doctrine, the joint defense privilege and/or the common

17  interest privilege.  MGA further objects that the term "THE BRATZ PITCH

18  MATERIALS" is vague and ambiguous and, as defined by Mattel, renders the RFA

19  nonsensical as no BRATZ then existed.

20    Subject to, and without waiving, the foregoing objections, MGA responds:

21  MGA admits that it contends it believed at the time it entered into its agreement

22  with Bryant (and at all times thereafter) that it had the right to fully exploit products

23  developed as a result of its agreement with Bryant.

24

25  **REQUEST FOR ADMISSION NO. 6:**

26    Admit that YOU do not CONTEND YOU believed at the time YOU entered

27  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

28  produce BRATZ.

**EXHIBIT 43**
**PAGE 1369**

6

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

2    In addition to the above General Objections, each of which is incorporated by

3  reference as though fully set forth herein, MGA also objects to this request on the

4  grounds that this request calls for a legal conclusion. MGA also objects that this

5  request calls for the disclosure of information protected by the attorney-client

6  privilege, the work-product doctrine, the joint defense privilege and/or the common

7  interest privilege. MGA further objects that the term "BRATZ" is vague and

8  ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ

9  then existed.

10    Subject to, and without waiving, the foregoing objections, MGA responds:

11  MGA denies the request and specifically denies that it does not contend it believed

12  at the time it entered into its agreement with Bryant (and at all times thereafter) that

13  it had the right to fully exploit products developed as a result of its agreement with

14  Bryant.

15

16  **REQUEST FOR ADMISSION NO. 7:**

17    Admit that YOU CONTEND YOU believed at the time YOU entered into

18  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

19  derivative works from THE BRATZ PITCH MATERIALS.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21    In addition to the above General Objections, each of which is incorporated by

22  reference as though fully set forth herein, MGA also objects to this request on the

23  grounds that this request, in using the phrase "prepare derivative works," calls for a

24  legal conclusion. MGA also objects that this request calls for the disclosure of

25  information protected by the attorney-client privilege, the work-product doctrine,

26  the joint defense privilege and/or the common interest privilege. MGA further

27  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

28  ambiguous.

**EXHIBIT 43**
**PAGE 1370**

7

1    Subject to, and without waiving, the foregoing objections, MGA responds:

2    MGA admits that it contends it believed at the time it entered into its agreement

3    with Bryant (and at all times thereafter) that it had the lawful right to fully exploit

4    the drawings drawn and presented by Bryant prior to the execution of its agreement

5    with Bryant.

6    **REQUEST FOR ADMISSION NO. 8:**

7    Admit that YOU do not CONTEND YOU believed at the time YOU entered

8    into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

9    prepare derivative works from THE BRATZ PITCH MATERIALS.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

11   In addition to the above General Objections, each of which is incorporated by

12   reference as though fully set forth herein, MGA also objects to this request on the

13   grounds that this request, in using the phrase "prepare derivative works," calls for a

14   legal conclusion. MGA also objects that this request calls for the disclosure of

15   information protected by the attorney-client privilege, the work-product doctrine,

16   the joint defense privilege and/or the common interest privilege. MGA further

17   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

18   ambiguous.

19   Subject to, and without waiving, the foregoing objections, MGA responds:

20   MGA denies the request and specifically denies that it does not contend it believed

21   at the time it entered into its agreement with Bryant (and at all times thereafter) that

22   it had the lawful right to fully exploit the drawings drawn and presented by Bryant

23   prior to the execution of MGA's agreement with Bryant.

24

25   **REQUEST FOR ADMISSION NO. 9:**

26   Admit that BRYANT CREATED OR IMPROVED at least one of THE

27   BRATZ PITCH MATERIALS while employed by MATTEL.

28

**EXHIBIT 43**
**PAGE 1371**

8

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

2     In addition to the above General Objections, each of which is incorporated by

3 reference as though fully set forth herein, MGA also objects that the terms

4 "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are

5 vague and ambiguous. MGA further objects to this Request on the grounds that, in

6 using the phrase "created," it calls for a legal conclusion. MGA also objects to this

7 request on the grounds that it seeks MGA to admits facts not within its percipient

8 knowledge but based solely on the same information available to Mattel. MGA

9 further objects that this request is compound.

10     Subject to, and without waiving, the foregoing objections, MGA responds:

11 MGA denies that Bryant created "Bratz" while employed by Mattel. MGA admits

12 that Bryant testified at deposition that he applied color to some tracings of drawings

13 created in 1998 and drew outfits of formal wear (that were ultimately not used) in

14 2000 prior to his pitch.

15

16 **REQUEST FOR ADMISSION NO. 10:**

17     Admit that BRYANT CREATED OR IMPROVED more than one of THE

18 BRATZ PITCH MATERIALS while employed by MATTEL.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20     In addition to the above General Objections, each of which is incorporated by

21 reference as though fully set forth herein, MGA also objects that the terms

22 "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are

23 vague and ambiguous. MGA further objects to this Request on the grounds that, in

24 using the phrase "created," it calls for a legal conclusion. MGA also objects to this

25 request on the grounds that it seeks MGA to admits facts not within its percipient

26 knowledge but based solely on the same information available to Mattel. MGA

27 further objects that this request is compound.

28     Subject to, and without waiving, the foregoing objections, MGA responds:

9

**EXHIBIT 43**
**PAGE 1372**

1   MGA denies that Bryant created "Bratz" while employed by Mattel. MGA admits
2   that Bryant testified at deposition that he applied color to some tracings of drawings
3   created in 1998 and drew outfits of formal wear (that were ultimately not used) in
4   2000 prior to his pitch.

5

6   **REQUEST FOR ADMISSION NO. 11:**

7          Admit that YOU CONTEND that at the time YOU entered into the
8   BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT
9   CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while
10  employed by MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

12         In addition to the above General Objections, each of which is incorporated by
13  reference as though fully set forth herein, MGA also objects that the terms
14  "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" "no reason
15  to believe" are vague and ambiguous. MGA further objects on the grounds that the
16  Request's use of the phrase "no reason to believe" requires a statement of opinion
17  rather than an admission of fact. MGA further objects to this Request on the
18  grounds that, in using the phrase "created," it calls for a legal conclusion. MGA
19  further objects that the RFA is compound and cannot be answered by "admit" or
20  "deny."

21         Subject to, and without waiving, the foregoing objections, MGA responds:
22  MGA admits that it contends it did not believe or believe it had reason to believe
23  that BRYANT created or improved any of THE BRATZ PITCH MATERIALS
24  while employed by MATTEL.

25

26  **REQUEST FOR ADMISSION NO. 12:**

27         Admit that YOU do not CONTEND that at the time YOU entered into the
28  BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

EXHIBIT 43
PAGE 1373

1  CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

2  employed by MATTEL.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

4      In addition to the above General Objections, each of which is incorporated by

5  reference as though fully set forth herein, MGA also objects that the terms

6  "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" and "no

7  reason to believe" are vague and ambiguous.  MGA further objects on the grounds

8  that the Request's use of the phrase "no reason to believe" requires a statement of

9  opinion rather than an admission of fact.  MGA further objects to this Request on

10  the grounds that, in using the phrase "created," it calls for a legal conclusion.  MGA

11  further objects to this Request because, as phrased, it is nearly unintelligible.  MGA

12  further objects that the RFA is compound and cannot be answered by "admit" or

13  "deny."

14      Subject to, and without waiving, the foregoing objections, MGA responds:

15  MGA denies the request and specifically denies that it does not contend it did not

16  believe or believe it had reason to believe that BRYANT created or improved any

17  of THE BRATZ PITCH MATERIALS while employed by MATTEL.

18

19  **REQUEST FOR ADMISSION NO. 13:**

20      Admit that YOU did not suspect MATTEL owned any of THE BRATZ

21  PITCH MATERIALS when or before YOU executed the BRYANT/MGA

22  AGREEMENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24      In addition to the above General Objections, each of which is incorporated by

25  reference as though fully set forth herein, MGA also objects to this request on the

26  grounds that this request calls for a legal conclusion.  MGA also objects that this

27  request calls for the disclosure of information protected by the attorney-client

28  privilege, the work-product doctrine, the joint defense privilege and/or the common

11

EXHIBIT 43
PAGE 1374

1   interest privilege. MGA further objects that the terms "suspect" and "THE BRATZ

2   PITCH MATERIALS" are vague and ambiguous. MGA further objects that this

3   request is compound. MGA further objects that this request is compound.

4       Subject to, and without waiving, the foregoing objections, MGA responds:

5   Admitted. Based on the information provided to it, MGA did not believe that

6   Mattel owned any of the materials Carter Bryant presented to it, but nonetheless

7   took steps to confirm the timing of Mr. Bryant's work prior to executing the

8   agreement, as Mr. Larian testified to at his deposition. Indeed, to this day, MGA

9   does not "suspect" or believe that Mattel owns any rights to "Bratz."

10

11  **REQUEST FOR ADMISSION NO. 14:**

12      Admit that YOU CONTEND that, assuming BRYANT transferred rights in

13  any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are entitled to

14  priority over MATTEL as to such materials or YOUR rights are superior to those of

15  MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

17      In addition to the above General Objections, each of which is incorporated by

18  reference as though fully set forth herein, MGA also objects that the request calls

19  for a legal conclusion. MGA also objects that this request calls for the disclosure of

20  information protected by the attorney-client privilege, the work-product doctrine,

21  the joint defense privilege and/or the common interest privilege. MGA further

22  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

23  ambiguous. MGA also objects to this request on the grounds that it purports to ask

24  MGA to admit a fact based on an incomplete hypothetical.

25      Subject to, and without waiving, the foregoing objections, MGA responds:

26  MGA believes that it is the sole transferee of any rights to "Bratz" and anything

27  related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

28  superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

12

EXHIBIT 43
PAGE 1375

1   or otherwise.

2

3   **REQUEST FOR ADMISSION NO. 15:**

4        Admit that YOU do not CONTEND that, assuming BRYANT transferred

5   rights in any or all of THE BRATZ PITCH MATERIALS to MATTEL, YOU are

6   entitled to priority over MATTEL as to such materials or YOUR rights are superior

7   to those of MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9        In addition to the above General Objections, each of which is incorporated by

10  reference as though fully set forth herein, MGA also objects that the request calls

11  for a legal conclusion.  MGA also objects that this request calls for the disclosure of

12  information protected by the attorney-client privilege, the work-product doctrine,

13  the joint defense privilege and/or the common interest privilege.  MGA further

14  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

15  ambiguous.  MGA also objects to this request on the grounds that it purports to ask

16  MGA to admit a fact based on an incomplete hypothetical.

17        Subject to, and without waiving, the foregoing objections, MGA responds:

18  MGA believes that it is the sole transferee of any rights to "Bratz" and anything

19  related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

20  superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

21  or otherwise.

22

23  **REQUEST FOR ADMISSION NO. 16:**

24        Admit that, assuming BRYANT transferred rights in any or all of THE

25  BRATZ PITCH MATERIALS to MATTEL, YOU are not entitled to priority over

26  MATTEL as to such materials and YOUR rights are not superior to those of

27  MATTEL as to such materials under 17 U.S.C. § 205(d) or otherwise.

28

**EXHIBIT 43**
**PAGE 1376**

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2        In addition to the above General Objections, each of which is incorporated by

3    reference as though fully set forth herein, MGA also objects that the request calls

4    for a legal conclusion. MGA also objects that this request calls for the disclosure of

5    information protected by the attorney-client privilege, the work-product doctrine,

6    the joint defense privilege and/or the common interest privilege. MGA further

7    objects that the term "THE BRATZ PITCH MATERIALS" is vague and

8    ambiguous. MGA also objects to this request on the grounds that it purports to ask

9    MGA to admit a fact based on an incomplete hypothetical.

10        Subject to, and without waiving, the foregoing objections, MGA responds:

11    MGA believes that it is the sole transferee of any rights to "Bratz" and anything

12    related to "Bratz," and therefore admits that it contends that its rights to "Bratz" are

13    superior to any and all others who may claim such rights under 17 U.S.C. § 205(d)

14    or otherwise.

15

16    **REQUEST FOR ADMISSION NO. 17:**

17        Admit that YOU CONTEND that YOU are a transferee in good faith under

18    17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

19    MATERIALS.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

21        In addition to the above General Objections, each of which is incorporated by

22    reference as though fully set forth herein, MGA also objects that the request calls

23    for a legal conclusion. MGA also objects that this request calls for the disclosure of

24    information protected by the attorney-client privilege, the work-product doctrine,

25    the joint defense privilege and/or the common interest privilege. MGA further

26    objects that the term "THE BRATZ PITCH MATERIALS" is vague and

27    ambiguous.

28        Subject to, and without waiving, the foregoing objections, MGA responds:

14

EXHIBIT 43
PAGE 1377

1   to the extent 17 U.S.C. § 205 (d) applies, MGA admits that it contends that MGA is

2   a transferee of some materials that were created by Bryant prior to the execution of

3   his agreement with MGA and that MGA acted at all times in good faith.  MGA

4   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

5   anything related to "Bratz."

6

7   **REQUEST FOR ADMISSION NO. 18:**

8       Admit that YOU do not CONTEND that YOU are a transferee in good faith

9   under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

10  MATERIALS.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

12      In addition to the above General Objections, each of which is incorporated by

13  reference as though fully set forth herein, MGA also objects that the request calls

14  for a legal conclusion.  MGA also objects that this request calls for the disclosure of

15  information protected by the attorney-client privilege, the work-product doctrine,

16  the joint defense privilege and/or the common interest privilege.  MGA further

17  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

18  ambiguous.

19      Subject to, and without waiving, the foregoing objections, MGA responds:

20  to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

21  MGA is a transferee of some materials that were created by Bryant prior to the

22  execution of his agreement with MGA and denies that it does not contend that it

23  acted at all times in good faith.  MGA believes that it is the sole transferee from

24  Bryant of any rights to "Bratz" and anything related to "Bratz."

25

26  **REQUEST FOR ADMISSION NO. 19:**

27      Admit that YOU CONTEND that YOU may be a transferee in good faith

28  under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT 43**
**PAGE 1378**

1  MATERIALS.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

3       In addition to the above General Objections, each of which is incorporated by

4  reference as though fully set forth herein, MGA also objects that the request calls

5  for a legal conclusion.  MGA also objects that this request calls for the disclosure of

6  information protected by the attorney-client privilege, the work-product doctrine,

7  the joint defense privilege and/or the common interest privilege.  MGA further

8  objects that use of the phrase "may be" is vague and ambiguous.  MGA further

9  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

10 ambiguous.

11       Subject to, and without waiving, the foregoing objections, MGA responds:  to the

12 extent 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is a transferee

13 of some materials that were created by Bryant prior to the execution of his agreement with

14 MGA and that MGA acted at all times in good faith.  MGA believes that it is the sole

15 transferee from Bryant of any rights to "Bratz" and anything related to "Bratz."

16

17 **REQUEST FOR ADMISSION NO. 20:**

18       Admit that YOU do not CONTEND that YOU may be a transferee in good

19 faith under 17 U.S.C. § 205(d) with respect to at least one of THE BRATZ PITCH

20 MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

22       In addition to the above General Objections, each of which is incorporated by

23 reference as though fully set forth herein, MGA also objects that the request calls

24 for a legal conclusion.  MGA also objects that this request calls for the disclosure of

25 information protected by the attorney-client privilege, the work-product doctrine,

26 the joint defense privilege and/or the common interest privilege.  MGA further

27 objects that use of the phrase "may be" is vague and ambiguous.  MGA further

28 objects that the term "THE BRATZ PITCH MATERIALS" is vague and

16

**EXHIBIT 43**
**PAGE 1379**

1    ambiguous.

2        Subject to, and without waiving, the foregoing objections, MGA responds:

3    to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

4    MGA is a transferee of some materials that were created by Bryant prior to the

5    execution of his agreement with MGA and denies that it does not contend that it

6    acted at all times in good faith. MGA believes that it is the sole transferee from

7    Bryant of any rights to "Bratz" and anything related to "Bratz."

8

9    **REQUEST FOR ADMISSION NO. 21:**

10       Admit that YOU CONTEND that YOU are a transferee in good faith under

11   17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH MATERIALS.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

13       In addition to the above General Objections, each of which is incorporated by

14   reference as though fully set forth herein, MGA also objects that the request calls

15   for a legal conclusion. MGA also objects that this request calls for the disclosure of

16   information protected by the attorney-client privilege, the work-product doctrine,

17   the joint defense privilege and/or the common interest privilege. MGA further

18   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

19   ambiguous.

20       Subject to, and without waiving, the foregoing objections, MGA responds:

21   to the extend 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is

22   a transferee of some materials that were created by Bryant prior to the execution of

23   his agreement with MGA and that MGA acted at all times in good faith. MGA

24   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

25   anything related to "Bratz."

26

27   **REQUEST FOR ADMISSION NO. 22:**

28       Admit that YOU do not CONTEND that YOU are a transferee in good faith

17

**EXHIBIT 43**
**PAGE 1380**

1    under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

2    MATERIALS.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

4        In addition to the above General Objections, each of which is incorporated by

5    reference as though fully set forth herein, MGA also objects that the request calls

6    for a legal conclusion. MGA also objects that this request calls for the disclosure of

7    information protected by the attorney-client privilege, the work-product doctrine,

8    the joint defense privilege and/or the common interest privilege. MGA further

9    objects that the term "THE BRATZ PITCH MATERIALS" is vague and

10   ambiguous.

11       Subject to, and without waiving, the foregoing objections, MGA responds:

12   to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

13   MGA is a transferee of some materials that were created by Bryant prior to the

14   execution of his agreement with MGA and denies that it does not contend that it

15   acted at all times in good faith. MGA believes that it is the sole transferee from

16   Bryant of any rights to "Bratz" and anything related to "Bratz."

17

18   **REQUEST FOR ADMISSION NO. 23:**

19       Admit that YOU CONTEND that YOU may be a transferee in good faith

20   under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

21   MATERIALS.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23       In addition to the above General Objections, each of which is incorporated by

24   reference as though fully set forth herein, MGA also objects that the request calls

25   for a legal conclusion. MGA also objects that this request calls for the disclosure of

26   information protected by the attorney-client privilege, the work-product doctrine,

27   the joint defense privilege and/or the common interest privilege. MGA further

28   objects that use of the phrase "may be" is vague and ambiguous. MGA further

18

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT 43
PAGE 1381**

1   objects that the term "THE BRATZ PITCH MATERIALS" is vague and

2   ambiguous.

3        Subject to, and without waiving, the foregoing objections, MGA responds:

4   to the extent 17 U.S.C. § 105(d) applies, MGA admits that it contends that MGA is

5   a transferee of some materials that were created by Bryant prior to the execution of

6   his agreement with MGA and that MGA acted at all times in good faith.  MGA

7   believes that it is the sole transferee from Bryant of any rights to "Bratz" and

8   anything related to "Bratz."

9

10  **REQUEST FOR ADMISSION NO. 24:**

11       Admit that YOU do not CONTEND that YOU may be a transferee in good

12  faith under 17 U.S.C. § 205(d) with respect to all of THE BRATZ PITCH

13  MATERIALS.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

15       In addition to the above General Objections, each of which is incorporated by

16  reference as though fully set forth herein, MGA also objects that the request calls

17  for a legal conclusion.  MGA also objects that this request calls for the disclosure of

18  information protected by the attorney-client privilege, the work-product doctrine,

19  the joint defense privilege and/or the common interest privilege.  MGA further

20  objects that the term "THE BRATZ PITCH MATERIALS" is vague and

21  ambiguous.  MGA further objects that use of the phrase "may be" is vague and

22  ambiguous.

23       Subject to, and without waiving, the foregoing objections, MGA responds:

24  to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

25  MGA is a transferee of some materials that were created by Bryant prior to the

26  execution of his agreement with MGA and denies that it does not contend that it

27  acted at all times in good faith.  MGA believes that it is the sole transferee from

28  Bryant of any rights to "Bratz" and anything related to "Bratz."

19

**EXHIBIT 43
PAGE 1382**

1

2 **REQUEST FOR ADMISSION NO. 25:**

3     Admit that YOU are not a transferee in good faith under 17 U.S.C. § 205(d)

4 with respect to any of THE BRATZ PITCH MATERIALS.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

6     In addition to the above General Objections, each of which is incorporated by

7 reference as though fully set forth herein, MGA also objects that the request calls

8 for a legal conclusion.  MGA also objects that this request calls for the disclosure of

9 information protected by the attorney-client privilege, the work-product doctrine,

10 the joint defense privilege and/or the common interest privilege.  MGA further

11 objects that the term "THE BRATZ PITCH MATERIALS" is vague and

12 ambiguous.

13     Subject to, and without waiving, the foregoing objections, MGA responds:

14 to the extent 17 U.S.C. § 105(d) applies, MGA denies that it does not contend that

15 MGA is a transferee of any materials that were created by Bryant prior to the

16 execution of his agreement with MGA and denies that it does not contend that it

17 acted at all times in good faith.  MGA believes that it is the sole transferee from

18 Bryant of any rights to "Bratz" and anything related to "Bratz."

19

20 **REQUEST FOR ADMISSION NO. 26:**

21     Admit that the BRATZ dolls were first exhibited in the United States in

22 November 2000.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

24     In addition to the above General Objections, each of which is incorporated by

25 reference as though fully set forth herein, MGA also objects that the phrases

26 "BRATZ dolls" and "first exhibited" in this context are vague and ambiguous.

27     Subject to, and without waiving, the foregoing objections, MGA responds:

28 MGA denies the request, except insofar as MGA admits that boards showing

**EXHIBIT 43**
**PAGE 1383**

1    "Bratz" character art were shown to certain retailers in November 2000.

2

3    **REQUEST FOR ADMISSION NO. 27:**

4        Admit that the BRATZ dolls were not first exhibited in the United States in

5    November 2000.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

7        In addition to the above General Objections, each of which is incorporated by

8    reference as though fully set forth herein, MGA also objects that the phrases

9    "BRATZ dolls" and "first exhibited" in this context are vague and ambiguous.

10       Subject to, and without waiving, the foregoing objections, MGA responds:

11   MGA admits the request but, for purposes of clarification, states that boards

12   showing "Bratz" character art were shown to certain retailers in November 2000.

13   **REQUEST FOR ADMISSION NO. 28:**

14       Admit that, when YOU met with BRYANT on September 1, 2000, YOU

15   knew BRYANT was employed by MATTEL at the time.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

17       MGA incorporates by reference the above General Objections as though

18   fully set forth herein.

19       Subject to, and without foregoing the General Objections, MGA responds:

20   MGA admits that MGA employees Isaac Larian and Victoria O'Connor testified at

21   their depositions that Bryant told them on or about September 1, 2000, that he was

22   employed by Mattel at that time.

23

24   **REQUEST FOR ADMISSION NO. 29:**

25       Admit that, when YOU entered into the BRYANT/MGA AGREEMENT,

26   YOU knew BRYANT was employed by MATTEL at the time.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

28       MGA incorporates by reference the above General Objections as though

21

SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**EXHIBIT 43**
**PAGE 1384**

1   fully set forth herein.

2          Subject to, and without foregoing the General Objections, MGA responds:

3   MGA admits that certain MGA personnel knew at the time it entered into its

4   agreement with Bryant that Bryant was employed by Mattel, as MGA employees

5   Isaac Larian and Victoria O'Connor testified at their depositions that Bryant told

6   them on or about September 1, 2000, that he was employed by Mattel at that time.

7

8

9   Dated:        August 21, 2007        O'MELVENY & MYERS LLP

10

11  By: _____

12  William J. Charron
    Attorneys for MGA Entertainment, Inc.

13

14

15

    CCI:768553.3

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                          **EXHIBIT 43**
                                                          **PAGE 1385**
                              22

    SUPPLEMENTAL RESPONSES TO MATTEL'S FIFTH SET OF RFA'S PROPOUNDED TO MGA

**PROOF OF SERVICE**

I, Deborah L. Hodge, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035. On August 22, 2007, I served the within documents:

**MGA ENTERTAINMENT INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
mpage@kvn.com
    Attorneys for Carter Bryant

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
pglaser@chrisglase.com
    Attorneys for MGA

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Boulevard
Suite 620
Los Angeles, CA 90025
Jim@SpertusLaw.com
    Attorneys for Carlos Gustovo
    Machado Gomez

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 22, 2007, at Los Angeles, California.

_____
Deborah L. Hodge

EXHIBIT 43
PAGE 1386

PROOF OF SERVICE

1        ## PROOF OF PERSONAL SERVICE

2              I am a citizen of the United States and employed in the County of Los

3     Angeles, State of California, by First Legal Support Services, whose address is 1511 W.

4     Beverly Blvd., Los Angeles, CA 90026, and which has been employed by a member of

5     the bar of this Court at whose direction the service was made. I am over the age of

6     eighteen years and not a party to the within action. On August 22, 2007, I personally

7     served the following:

8              **MGA ENTERTAINMENT INC.'S SUPPLEMENTAL**
         **RESPONSES TO MATTEL, INC.'S FIFTH SET OF**
9              **REQUESTS FOR ADMISSION**

10    by delivering a copy thereof to the office of the following:

11              Michael T. Zeller, Esq.
               Timothy Alger, Esq.
12              Dylan Proctor, Esq.
               Scott Kidman, Esq.
13              Quinn Emanuel Urquhart Oliver & Hedges, LLP
14              865 South Figueroa Street, 19th Floor
               Los Angeles, CA 90017
15
               I declare under penalty of perjury under the laws of the United States that
16
       the above is true and correct. Executed on August 22, 2007, at Los Angeles, California.
17

18              SIGNATURE:              _____

19              PRINTED NAME:           _____

20

21

22

23

24

25

26

27                                                              **EXHIBIT 43**
                                                                **PAGE 1387**
28

                                                         PROOF OF PERSONAL SERVICE

EXHIBIT 44

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 45

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 46

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 47

Privilege Log of David Rosenbaum re: Mattel Inc.'s Subpoena Duces Tecum, Dated October 26, 2007
In the Action Captioned *Bryant v. Mattel Inc.*, Case No. CV 04-9049 SGL (RNBx) and Consolidated Cases

| No. | Primary Date | Item Type | From | To | Cc | Bcc | Privilege Type | Description |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 1. | 07/02/01 | Email | Isaac Larian | Patty Glaser, Esq. | David Rosenbaum, Esq. | | Attorney-Client | Email message requesting legal advice regarding lawsuit. |
| 2. | 02/22/01 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 3. | 02/22/01 | Email Chain | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 4. | 02/21/01 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 5. | 02/21/01 | Email | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client | Email message requesting legal advice regarding contract. |
| 6. | 02/10/01 | Email | Isaac Larian | David Rosenbaum, Esq. | | | Attorney-Client | Email message requesting legal advice regarding contract.<br><br>DR 00001-2 |
| 7. | 02/12/01 | Email | David Rosenbaum, Esq. | Isaac Larian | Victoria O'Connor | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract.<br><br>DR 00003-4 |

12 - 3

EXHIBIT 47
PAGE 1544

| No. | Primary Date | Item Type | From | To | Cc | Bcc | Privilege Type | Description |
|---|---|---|---|---|---|---|---|---|
| | 02/10/01 | Email | Isaac Larian | David Rosenbaum | | | Attorney-Client | Email message requesting legal advice regarding contract. |
| 8. | 02/10/01 | Email | Isaac Larian | David Rosenbaum, Esq. | | | Attorney-Client | Email message requesting legal advice regarding contract.  DR 00005 |
| 9. | 10/04/00 | Email Chain | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 10. | 10/05/00 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 11. | 10/05/00 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 12. | 10/05/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract.  DR 00006-7 |
| | 10/04/00 | Email | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client | Email message requesting legal advice regarding contract. |

2

EXHIBIT 47
PAGE 1545

| No. | Primary Date | Item Type | From | To | Cc | Bcc | Privilege Type | Description |
|---|---|---|---|---|---|---|---|---|
| | 10/04/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. |
| | 10/05/00 | Email | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client | Email message requesting legal advice regarding contract. |
| 13. | 10/04/00 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 14. | 09/28/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. DR 00008-9 |
| 15. | 09/28/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. |
| 16. | 09/25/00 | Email | Victoria O'Connor | David Rosenbaum, Esq.; Dennis Medici, Esq. | | | Attorney-Client | Email message requesting legal advice regarding contract. DR 00010-12 |
| | 09/25/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor; Dennis Medici, Esq. | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. |

3

EXHIBIT 47
PAGE 1546

| No. | Primary Date | Item Type | From | To | Cc | Bcc | Privilege Type | Description |
|---|---|---|---|---|---|---|---|---|
| | 09/25/00 | Email | Victoria O'Connor | Dennis Medici, Esq. | David Rosenbaum, Esq. | | Attorney-Client | Email message requesting legal advice regarding contract. |
| | 09/25/00 | Email | Dennis Medici, Esq. | Victoria O'Connor | David Rosenbaum, Esq. | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. |
| 17. | 09/25/00 | Email Chain | Victoria O'Connor | Dennis Medici, Esq. | David Rosenbaum, Esq. | | Attorney-Client | Email message requesting legal advice regarding contract.<br><br>DR 00013-14 |
| | 09/25/00 | Email Chain | Dennis Medici, Esq. | Victoria O'Connor | David Rosenbaum, Esq. | | Attorney-Client; Work Product | Email message reflecting a legal advice regarding contract. |
| 18. | 09/19/00 | Draft Contract | | | | | Work Product | Draft contract with attorney's handwritten comments. |
| 19. | 09/19/00 | Email | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client; Work Product | Email message requesting legal advice regarding contract.<br><br>DR 00015-16 |

4

**EXHIBIT 47**
**PAGE 1547**

| No. | Primary Date | Item Type | From | To | Cc | Bcc | Privilege Type | Description |
|---|---|---|---|---|---|---|---|---|
| | 09/19/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. |
| 20. | 09/19/00 | Email | David Rosenbaum, Esq. | Victoria O'Connor | | | Attorney-Client; Work Product | Email message reflecting legal advice regarding contract. DR 00017-18 |
| 21. | 09/14/00 | Email Chain | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 22. | 09/12/00 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | Dennis Medici, Esq. | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 23. | 09/14/00 | Email Chain | Victoria O'Connor | David Rosenbaum, Esq. | | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 24. | 09/12/00 | Email Chain | Victoria O'Connor | David Rosenbaum, Esq. | Dennis Medici, Esq. | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 25. | 09/12/00 | Email Chain | David Rosenbaum, Esq. | Victoria O'Connor | Dennis Medici, Esq. | | Attorney-Client; Work Product | Email chain requesting and reflecting legal advice regarding contract. |
| 26. | 07/02/01 | Email | Isaac Larian | Patty Glaser, Esq. | David Rosenbaum, Esq. | | Attorney-Client | Email message requesting legal advice regarding insurance. |

5

EXHIBIT 47
PAGE 1548

EXHIBIT 48

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 49

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

·EXHIBIT 50

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 51

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 52

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 53

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Plaintiff
   Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|----|-------------------------------|----------------------------------|
| 14 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 15 | v. | Hon. Stephen G. Larson |
| 16 | MATTEL, INC., a Delaware Corporation, | MATTEL, INC.'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION |
| 17 | | |
| 18 | Defendant, | |
| 19 | AND CONSOLIDATED ACTIONS. | |
| 20 | | |

21  PROPOUNDING PARTY:  MGA ENTERTAINMENT, INC.

22  RESPONDING PARTY:    MATTEL, INC.

23  SET NO.:                      TWO (2)

24

25

26

27                                                    **EXHIBIT 53**
                                                       **PAGE 1575**
28

/7209/2238755.6

_12 - 4_

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1          Mattel hereby provides amended and supplemental responses to certain

2   of MGA Entertainment Inc.'s Second Set of Requests for Admission to Mattel, Inc.

3   as follows:

4

5                        **Preliminary Statement**

6          Mattel has not yet completed its investigation of the facts relating to

7   this action, has not yet reviewed all documents relating to this action, has not yet

8   interviewed all witnesses in this action, has yet to propound or receive additional

9   discovery with regard to this action, and has not yet calculated its damages as

10  discovery is not yet complete.  Consequently, Mattel reserves the right to amend

11  and/or supplement its responses if and when additional facts or documents are

12  discovered.  Additionally, because Mattel's responses are based on facts and

13  documents that Mattel has identified to date, they do not preclude Mattel from later

14  relying on facts or documents discovered or generated pursuant to subsequent

15  investigation or discovery.  Mattel's partial response to any of the Second Set of

16  Requests for Admission (the "Requests") is not to be construed as a waiver of any of

17  its objections or its right to object to any other request.

18                       **General Objections**

19         Mattel objects to each of the Requests on each and every one of the

20  following grounds:

21           1.     Mattel objects to the Requests on the grounds that they call for

22  information that is not relevant to the claims or defenses of the pending action, nor

23  reasonably calculated to lead to the discovery of admissible evidence.

24           2.     Mattel objects to the Requests on the grounds that they are

25  unduly burdensome, premature and vague and ambiguous in that the type and

26  amount damages that Mattel may recover and has suffered as a result of the

27  misconduct alleged in Mattel's Complaint and the other facts necessary to answer

28  the Requests are uniquely known by defendants and by third parties within

EXHIBIT 53
PAGE 1576

7209/2238755.6

-1-

1 | defendants' control, but are not fully known by Mattel at this juncture because
2 | defendants have not disclosed information to Mattel.  Mattel further anticipates that
3 | defendants and/or additional persons associated with defendants, but who have not
4 | yet been deposed or who have not yet been identified, have knowledge pertinent to
5 | the topics that are the subject of the Requests.

6 |         3.    Mattel objects to the Requests as overbroad, unduly burdensome
7 | and oppressive on the grounds that they seek admissions relating to all "Bratz"
8 | products, which MGA does not identify, and only some of which Mattel may be
9 | aware, and are an attempt to harass Mattel.

10 |         4.    Mattel objects to the Requests on the grounds that they seek to
11 | impose obligations upon Mattel beyond those required by the Federal Rules of Civil
12 | Procedure.  In particular, Instruction No. 2 purports to demand that "Mattel shall
13 | answer these Requests for Admission with admissions or denials."  The Instruction
14 | is therefore contrary to Federal Rule of Civil Procedure 36(a), which states that an
15 | answer "shall specifically deny the matter or set forth in detail why the answering
16 | party cannot truthfully admit or deny the matter."  (Emphasis added.)  It further
17 | provides that a party may give lack of information as a reason for failure to admit or
18 | deny if the party "has made reasonable inquiry" and "the information known or
19 | readily available to the party is insufficient to enable the party to admit or deny."

20 |         5.    Mattel objects to the Requests on the grounds that they call for
21 | the disclosure of information subject to the attorney-client privilege, the attorney
22 | work-product doctrine, or any other applicable privileges, including the privilege
23 | against disclosure of the identities and work product of consulting experts.  Such
24 | information will not be disclosed.

EXHIBIT 53
PAGE 1577

25 |         6.    Mattel objects to the Requests on the grounds that the definitions
26 | of "Bratz" and "Mattel" are overbroad, vague, ambiguous, and non-specific.

27 |         7.    Mattel objects to the Requests on the grounds that such discovery
28 | from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

1   to the discovery of admissible evidence in that Mattel's actions in relation to the

2   "Bratz" line of products are not at issue in this action and are irrelevant to the claims

3   and defenses in this suit.  Rather, at issue are the actions of defendants and third

4   parties associated with defendants in connection with the projects that defendant

5   Bryant worked on with defendant MGA, which is information known to and within

6   the possession, custody and control of defendants and their associated third parties,

7   not Mattel, including because defendants refuse to disclose it.

8            8.      Mattel objects to the Requests on the grounds that they seek

9   confidential, proprietary and trade secret information.  Such information, to the

10  extent it is relevant to this action and either has been or will be produced, has been

11  and will be produced in reliance upon and pursuant to protective order.

12           9.      Mattel objects to the Requests on the grounds that they seek

13  confidential, proprietary and trade secret information that has no bearing on the

14  claims or defenses in this case.

15           10.     Mattel objects to the Requests on the grounds that they are

16  premature and seek to circumvent the expert disclosure provisions of the Federal

17  and Local Rules.  Mattel has not yet computed or calculated its damages and has not

18  yet engaged any testifying expert to compute or calculate its damages or on any

19  other matter contained within the Requests that may be the subject of expert

20  testimony.  Mattel will disclose such testimony in the manner, and at the time,

21  provided for by the Federal and Local Rules and the Court's Orders.

22           **Specific Objections And Responses To Requests For Admission**

23           Each of the following objections and responses to the Requests is

24  expressly made subject to the above Preliminary Statement and General Objections,

25  all of which are incorporated in each of the following objections and responses to

26  specific requests.

27

28

**EXHIBIT 53**
**PAGE 1578**

7209/2238755.6

-3-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous, including without limitation the term "Bratz." "Bratz" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress." For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are the subject of pending motions to compel. Mattel further objects on

7209/2238755.6

-4-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION.

EXHIBIT 53
PAGE 1579

1 the grounds that the phrases "due to lost sales" and "caused by BRATZ" are vague

2 and ambiguous in that lost sales of any product could potentially be at issue and the

3 manner in which "BRATZ" could potentially "cause" such lost sales is unspecified.

4        Subject to and without waiving the foregoing general and specific

5 objections, Mattel states that it is seeking revenues and profits (including without

6 limitation through disgorgement) that defendants and other parties have obtained

7 from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does

8 not intend to attempt to quantify as a measure of recoverable damages on its claims

9 in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has

10 marketed to date which Mattel has or may have lost because of "Bratz."  Mattel

11 further states that its investigation into, and discovery regarding, defendants' thefts

12 of Mattel's trade secrets and other claims asserted in, and the conduct at issue in, the

13 <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims

14 therein) is ongoing, and Mattel reserves the right to seek any and all damages

15 remedies (including without limitation lost profits) in connection with such

16 conduct.  Furthermore, Mattel states that its damages will be the subject of expert

17 opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>

18 and Court Orders.

19

20 **REQUEST FOR ADMISSION NO. 16:**

21        Admit that YOU are seeking to recover, by way of YOUR

22 COMPLAINT, damages for lost profits due to lost sales in the United States caused

23 by FIRST BRATZ DOLLS.

**EXHIBIT 53**
**PAGE 1580**

24

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

26        In addition to the foregoing general objections, which are incorporated

27 herein by reference, Mattel specifically objects to this Request on the grounds that it

28 is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

1 | and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

2 | including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

3 | potentially covers a range of products and matters, including matters that MGA has

4 | not specified. Mattel further objects to this Request as compound. Mattel further

5 | objects to this Request on the grounds that it is vague and ambiguous in that the

6 | term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on

7 | the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

8 | that it seeks an admission for each "image, character, logo, doll, toy, accessory,

9 | product, packaging, or other thing or matter that is or has ever been manufactured,

10 | marketed or sold by MGA, or others under license, as part of a line of goods or

11 | merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

12 | or trade dress" for eight different SKU numbers. For these same reasons, Mattel

13 | further objects to the Request on the grounds that it seeks information that is not

14 | relevant to this action nor likely to lead to the discovery of admissible evidence.

15 | Mattel further objects to this Request as unreasonably burdensome and premature in

16 | that the facts necessary to determine the full nature and extent of Mattel's relief and

17 | damages from defendants' acts or omissions are known by defendants and third

18 | parties associated with defendants, but the facts are not fully known by Mattel at this

19 | juncture because of defendants' refusals to produce basic discovery, including as to

20 | matters that are the subject of pending motions to compel. Mattel further objects on

21 | the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ

22 | DOLLS" are vague and ambiguous in that lost sales of any product could potentially

23 | be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially

24 | "cause" such lost sales is unspecified.

25 |      Subject to and without waiving the foregoing general and specific

26 | objections, Mattel states that it is seeking revenues and profits (including without

27 | limitation through disgorgement) that defendants and other parties have obtained

28 |

**EXHIBIT 53**
**PAGE 1581**

1  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

2  that it does not intend to attempt to quantify as a measure of recoverable damages on

3  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

4  Mattel has marketed to date which Mattel has or may have lost because of "First

5  Bratz Dolls."  Mattel further states that its investigation into, and discovery

6  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

7  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel</u> case (including

8  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

9  and all damages remedies (including without limitation lost profits) in connection

10 with such conduct.  Furthermore, Mattel states that its damages will be the subject of

11 expert opinion, which will be disclosed at the time and in the manner required by the

12 <u>Rules</u> and Court Orders.

13

14

15 **REQUEST FOR ADMISSION NO. 17:**

16      Admit that YOU are seeking to recover, by way of YOUR

17 COMPLAINT, damages for lost profits due to lost sales in the United States caused

18 by BRATZ DOLLS.                                    **EXHIBIT 53**
                                                     **PAGE 1582**
19

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

21      In addition to the foregoing general objections, which are incorporated

22 herein by reference, Mattel specifically objects to this Request on the grounds that it

23 is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

24 and <u>Local Rules</u>.  Mattel further objects to this Request as vague and ambiguous,

25 including without limitation as to the term "Bratz Dolls."  "Bratz Dolls" potentially

26 covers a range of products and matters, including matters that MGA has not

27 specified.  Mattel further objects to this Request as compound.  Mattel further

28 objects to this Request on the grounds that it is vague and ambiguous in that the

1  term "YOUR COMPLAINT" is undefined.  Mattel further objects to this Request on

2  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

3  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

4  product, packaging, or other thing or matter that is or has ever been manufactured,

5  marketed or sold by MGA, or others under license, as part of a line of goods or

6  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

7  or trade dress," with very few exceptions.  For these same reasons, Mattel further

8  objects to the Request on the grounds that it seeks information that is not relevant to

9  this action nor likely to lead to the discovery of admissible evidence.  Mattel further

10  objects to this Request as unreasonably burdensome and premature in that the facts

11  necessary to determine the full nature and extent of Mattel's relief and damages from

12  defendants' acts or omissions are known by defendants and third parties associated

13  with defendants, but the facts are not fully known by Mattel at this juncture because

14  of defendants' refusals to produce basic discovery, including as to matters that are

15  the subject of pending motions to compel.  Mattel further objects on the grounds that

16  the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and

17  ambiguous in that lost sales of any product could potentially be at issue and the

18  manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is

19  unspecified.                                    **EXHIBIT 53**
                                                 **PAGE 1583**

20              Subject to and without waiving the foregoing general and specific

21  objections, Mattel admits that it is seeking revenues and profits (including without

22  limitation through disgorgement) that defendants and other parties have obtained

23  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it

24  does not intend to attempt to quantify as a measure of recoverable damages on its

25  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

26  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

27  Dolls."  Mattel further states that its investigation into, and discovery regarding,

28  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

1   conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
2   Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
3   and all damages remedies (including without limitation lost profits) in connection
4   with such conduct.  Furthermore, Mattel states that its damages will be the subject of
5   expert opinion, which will be disclosed at the time and in the manner required by the
6   <u>Rules</u> and Court Orders.

7

8   **<u>REQUEST FOR ADMISSION NO. 18:</u>**

9            Admit that YOU are seeking to recover, by way of YOUR
10  COMPLAINT, damages for lost profits due to lost sales worldwide caused by
11  BRATZ.

12

13  **<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:</u>**

14           In addition to the foregoing general objections, which are incorporated
15  herein by reference, Mattel specifically objects to this Request on the grounds that it
16  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>
17  and <u>Local Rules</u>.  Mattel further objects to this Request as vague and ambiguous,
18  including without limitation as to the term "Bratz."  "Bratz" potentially covers a
19  range of products and matters, including matters that MGA has not specified.
20  Mattel further objects to this Request as compound.  Mattel further objects to this
21  Request on the grounds that it is vague and ambiguous in that the term "YOUR
22  COMPLAINT" is undefined.  Mattel further objects to this Request on the grounds
23  that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an
24  admission for each "image, character, logo, doll, toy, accessory, product, packaging,
25  or other thing or matter that is or has ever been manufactured, marketed or sold by
26  MGA, or others under license, as part of a line of goods or merchandise commonly
27  known as, or sold and marketed under the 'Bratz' trademark or trade dress."  For
28  these same reasons, Mattel further objects to the Request on the grounds that it seeks

EXHIBIT 53
PAGE 1584

7209/2238755.6

1   information that is not relevant to this action nor likely to lead to the discovery of
2   admissible evidence.  Mattel further objects to this Request as unreasonably
3   burdensome and premature in that the facts necessary to determine the full nature
4   and extent of Mattel's relief and damages from defendants' acts or omissions are
5   known by defendants and third parties associated with defendants, but the facts are
6   not fully known by Mattel at this juncture because of defendants' refusals to produce
7   basic discovery, including as to matters that are the subject of pending motions to
8   compel.  Mattel further objects on the grounds that the phrases "due to lost sales"
9   and "caused by BRATZ " are vague and ambiguous in that lost sales of any product
10  could potentially be at issue and the manner in which "BRATZ" could potentially
11  "cause" such lost sales is unspecified.

12          Subject to and without waiving the foregoing general and specific
13  objections, Mattel admits that it is seeking revenues and profits (including without
14  limitation through disgorgement) that defendants and other parties have obtained
15  from "Bratz" on its claims alleged in the Mattel, Inc. v. Bryant case and that it does
16  not intend to attempt to quantify as a measure of recoverable damages on its claims
17  in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products Mattel has
18  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel
19  further states that its investigation into, and discovery regarding, defendants' thefts
20  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
21  MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims
22  therein) is ongoing, and Mattel reserves the right to seek any and all damages
23  remedies (including without limitation lost profits) in connection with such
24  conduct.  Furthermore, Mattel states that its damages will be the subject of expert
25  opinion, which will be disclosed at the time and in the manner required by the Rules
26  and Court Orders.

27

28                          ·

**EXHIBIT 53**
**PAGE 1585**

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by FIRST BRATZ DOLLS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress" for eight different SKU numbers. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to

**EXHIBIT 53**
**PAGE 1586**

-11-

1  matters that are the subject of pending motions to compel.  Mattel further objects on

2  the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ

3  DOLLS" are vague and ambiguous in that lost sales of any product could potentially

4  be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially

5  "cause" such lost sales is unspecified.

6          Subject to and without waiving the foregoing general and specific

7  objections, Mattel admits that it is seeking revenues and profits (including without

8  limitation through disgorgement) that defendants and other parties have obtained

9  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

10  that it does not intend to attempt to quantify as a measure of recoverable damages on

11  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

12  Mattel has marketed to date which Mattel has or may have lost because of "First

13  Bratz Dolls."  Mattel further states that its investigation into, and discovery

14  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

15  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case

16  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

17  to seek any and all damages remedies (including without limitation lost profits) in

18  connection with such conduct.  Furthermore, Mattel states that its damages will be

19  the subject of expert opinion, which will be disclosed at the time and in the manner

20  required by the <u>Rules</u> and Court Orders.

21

22  **REQUEST FOR ADMISSION NO. 20:**

23          Admit that YOU are seeking to recover, by way of YOUR

24  COMPLAINT, damages for lost profits due to lost sales worldwide caused by

25  BRATZ DOLLS.

26

27

28

**EXHIBIT 53**
**PAGE 1587**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz Dolls." "Bratz Dolls" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress," with very few exceptions. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are the subject of pending motions to compel. Mattel further objects on the grounds that the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and ambiguous in that lost sales of any product could potentially be at issue and the manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is unspecified.

**EXHIBIT 53**
**PAGE 1588**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it is seeking revenues and profits (including without

3  limitation through disgorgement) that defendants and other parties have obtained

4  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it

5  does not intend to attempt to quantify as a measure of recoverable damages on its

6  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

7  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

8  Dolls." Mattel further states that its investigation into, and discovery regarding,

9  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

10  conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including

11  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

12  and all damages remedies (including without limitation lost profits) in connection

13  with such conduct. Furthermore, Mattel states that its damages will be the subject of

14  expert opinion, which will be disclosed at the time and in the manner required by the

15  <u>Rules</u> and Court Orders.

16

17  **REQUEST FOR ADMISSION NO. 21:**

18    Admit that YOU are not seeking to recover, by way of YOUR

19  COMPLAINT, damages for lost profits due to lost sales in the United States caused

20  by BRATZ.

**EXHIBIT 53**
**PAGE 1589**

21

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

23    In addition to the foregoing general objections, which are incorporated

24  herein by reference, Mattel specifically objects to this Request on the grounds that it

25  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

26  and <u>Local</u> <u>Rules</u>. Mattel further objects to this Request as vague and ambiguous,

27  including without limitation as to the term "Bratz." "Bratz" potentially covers a

28  range of products and matters, including matters that MGA has not specified.

1  Mattel further objects to this Request as compound.  Mattel further objects to this

2  Request on the grounds that it is vague and ambiguous in that the term "YOUR

3  COMPLAINT" is undefined.  Mattel further objects to this Request on the grounds

4  that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an

5  admission for each "image, character, logo, doll, toy, accessory, product, packaging,

6  or other thing or matter that is or has ever been manufactured, marketed or sold by

7  MGA, or others under license, as part of a line of goods or merchandise commonly

8  known as, or sold and marketed under the 'Bratz' trademark or trade dress."  For

9  these same reasons, Mattel further objects to the Request on the grounds that it seeks

10  information that is not relevant to this action nor likely to lead to the discovery of

11  admissible evidence.  Mattel further objects to this Request as unreasonably

12  burdensome and premature in that the facts necessary to determine the full nature

13  and extent of Mattel's relief and damages from defendants' acts or omissions are

14  known by defendants and third parties associated with defendants, but the facts are

15  not fully known by Mattel at this juncture because of defendants' refusals to produce

16  basic discovery, including as to matters that are the subject of pending motions to

17  compel.  Mattel further objects on the grounds that the phrases "due to lost sales"

18  and "caused by BRATZ" are vague and ambiguous in that lost sales of any product

19  could potentially be at issue and the manner in which "BRATZ " could potentially

20  "cause" such lost sales is unspecified.                        **EXHIBIT 53**
                                                                   **PAGE 1590**

21              Subject to and without waiving the foregoing general and specific

22  objections, Mattel admits that it is seeking revenues and profits (including without

23  limitation through disgorgement) that defendants and other parties have obtained

24  from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does

25  not intend to attempt to quantify as a measure of recoverable damages on its claims

26  in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has

27  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel

28  further states that its investigation into, and discovery regarding, defendants' thefts

1 | of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

2 | MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims

3 | therein) is ongoing, and Mattel reserves the right to seek any and all damages

4 | remedies (including without limitation lost profits) in connection with such

5 | conduct. Furthermore, Mattel states that its damages will be the subject of expert

6 | opinion, which will be disclosed at the time and in the manner required by the Rules

7 | and Court Orders.

8 |

9 | **REQUEST FOR ADMISSION NO. 22:**

10 | Admit that YOU are not seeking to recover, by way of YOUR

11 | COMPLAINT, damages for lost profits due to lost sales in the United States caused

12 | by FIRST BRATZ DOLLS.

13 |

14 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

15 | In addition to the foregoing general objections, which are incorporated

16 | herein by reference, Mattel specifically objects to this Request on the grounds that it

17 | is premature and seeks to circumvent the expert disclosure provisions of the Federal

18 | and Local Rules. Mattel further objects to this Request as vague and ambiguous,

19 | including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

20 | potentially covers a range of products and matters, including matters that MGA has

21 | not specified. Mattel further objects to this Request as compound. Mattel further

22 | objects to this Request on the grounds that it is vague and ambiguous in that the

23 | term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on

24 | the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

25 | that it seeks an admission for each "image, character, logo, doll, toy, accessory,

26 | product, packaging, or other thing or matter that is or has ever been manufactured,

27 | marketed or sold by MGA, or others under license, as part of a line of goods or

28 | merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

**EXHIBIT 53**
**PAGE 1591**
-16-

7209/2238755.6

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | or trade dress" for eight different SKU numbers.  For these same reasons, Mattel
2 | further objects to the Request on the grounds that it seeks information that is not
3 | relevant to this action nor likely to lead to the discovery of admissible evidence.
4 | Mattel further objects to this Request as unreasonably burdensome and premature in
5 | that the facts necessary to determine the full nature and extent of Mattel's relief and
6 | damages from defendants' acts or omissions are known by defendants and third
7 | parties associated with defendants, but the facts are not fully known by Mattel at this
8 | juncture because of defendants' refusals to produce basic discovery, including as to
9 | matters that are the subject of pending motions to compel.  Mattel further objects on
10 | the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ
11 | DOLLS" are vague and ambiguous in that lost sales of any product could potentially
12 | be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially
13 | "cause" such lost sales is unspecified.

14 |      Subject to and without waiving the foregoing general and specific
15 | objections, Mattel admits that it is seeking revenues and profits (including without
16 | limitation through disgorgement) that defendants and other parties have obtained
17 | from "First Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and
18 | that it does not intend to attempt to quantify as a measure of recoverable damages on
19 | its claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products
20 | Mattel has marketed to date which Mattel has or may have lost because of "First
21 | Bratz Dolls."  Mattel further states that its investigation into, and discovery
22 | regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
23 | and the conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case
24 | (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
25 | to seek any and all damages remedies (including without limitation lost profits) in
26 | connection with such conduct.  Furthermore, Mattel states that its damages will be
27 | the subject of expert opinion, which will be disclosed at the time and in the manner
28 | required by the Rules and Court Orders.

**EXHIBIT 53**
**PAGE 1592**

-17-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ DOLLS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz Dolls." "Bratz Dolls" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress," with very few exceptions. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are

**EXHIBIT 53**

**PAGE 1593**

-18-

1 | the subject of pending motions to compel. Mattel further objects on the grounds that
2 | the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and
3 | ambiguous in that lost sales of any product could potentially be at issue and the
4 | manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is
5 | unspecified.

6 |      Subject to and without waiving the foregoing general and specific
7 | objections, Mattel admits that it is seeking revenues and profits (including without
8 | limitation through disgorgement) that defendants and other parties have obtained
9 | from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it
10 | does not intend to attempt to quantify as a measure of recoverable damages on its
11 | claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
12 | Mattel has marketed to date which Mattel has or may have lost because of "Bratz
13 | Dolls." Mattel further states that its investigation into, and discovery regarding,
14 | defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
15 | conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
16 | Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
17 | and all damages remedies (including without limitation lost profits) in connection
18 | with such conduct. Furthermore, Mattel states that its damages will be the subject of
19 | expert opinion, which will be disclosed at the time and in the manner required by the
20 | <u>Rules</u> and Court Orders.

21 |

22 | **REQUEST FOR ADMISSION NO. 24:**

23 |      Admit that YOU are not seeking to recover, by way of YOUR
24 | COMPLAINT, damages for lost profits due to lost sales worldwide caused by
25 | BRATZ.

26 |

27 |

28 |

7209/2238755.6

**EXHIBIT 53**
**PAGE 1594**

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

2        In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that it

4  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

5  and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

6  including without limitation as to the term "Bratz." "Bratz" potentially covers a

7  range of products and matters, including matters that MGA has not specified.

8  Mattel further objects to this Request as compound. Mattel further objects to this

9  Request on the grounds that it is vague and ambiguous in that the term "YOUR

10 COMPLAINT" is undefined. Mattel further objects to this Request on the grounds

11 that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an

12 admission for each "image, character, logo, doll, toy, accessory, product, packaging,

13 or other thing or matter that is or has ever been manufactured, marketed or sold by

14 MGA, or others under license, as part of a line of goods or merchandise commonly

15 known as, or sold and marketed under the 'Bratz' trademark or trade dress." For

16 these same reasons, Mattel further objects to the Request on the grounds that it seeks

17 information that is not relevant to this action nor likely to lead to the discovery of

18 admissible evidence. Mattel further objects to this Request as unreasonably

19 burdensome and premature in that the facts necessary to determine the full nature

20 and extent of Mattel's relief and damages from defendants' acts or omissions are

21 known by defendants and third parties associated with defendants, but the facts are

22 not fully known by Mattel at this juncture because of defendants' refusals to produce

23 basic discovery, including as to matters that are the subject of pending motions to

24 compel. Mattel further objects on the grounds that the phrases "due to lost sales"

25 and "caused by BRATZ" are vague and ambiguous in that lost sales of any product

26 could potentially be at issue and the manner in which "BRATZ" could potentially

27 "cause" such lost sales is unspecified.

28

**EXHIBIT 53**
**PAGE 1595**

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it is seeking revenues and profits (including without

3  limitation through disgorgement) that defendants and other parties have obtained

4  from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does

5  not intend to attempt to quantify as a measure of recoverable damages on its claims

6  in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has

7  marketed to date which Mattel has or may have lost because of "Bratz." Mattel

8  further states that its investigation into, and discovery regarding, defendants' thefts

9  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

10  <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims

11  therein) is ongoing, and Mattel reserves the right to seek any and all damages

12  remedies (including without limitation lost profits) in connection with such

13  conduct. Furthermore, Mattel states that its damages will be the subject of expert

14  opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>

15  and Court Orders.

16

17  **REQUEST FOR ADMISSION NO. 25:**

18    Admit that YOU are not seeking to recover, by way of YOUR

19  COMPLAINT, damages for lost profits due to lost sales worldwide caused by

20  FIRST BRATZ DOLLS.

**EXHIBIT 53**
**PAGE 1596**

21

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

23    In addition to the foregoing general objections, which are incorporated

24  herein by reference, Mattel specifically objects to this Request on the grounds that it

25  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

26  and <u>Local</u> <u>Rules</u>. Mattel further objects to this Request as vague and ambiguous,

27  including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

28  potentially covers a range of products and matters, including matters that MGA has

1  not specified. Mattel further objects to this Request as compound. Mattel further

2  objects to this Request on the grounds that it is vague and ambiguous in that the

3  term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on

4  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

5  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

6  product, packaging, or other thing or matter that is or has ever been manufactured,

7  marketed or sold by MGA, or others under license, as part of a line of goods or

8  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

9  or trade dress" for eight different SKU numbers. For these same reasons, Mattel

10  further objects to the Request on the grounds that it seeks information that is not

11  relevant to this action nor likely to lead to the discovery of admissible evidence.

12  Mattel further objects to this Request as unreasonably burdensome and premature in

13  that the facts necessary to determine the full nature and extent of Mattel's relief and

14  damages from defendants' acts or omissions are known by defendants and third

15  parties associated with defendants, but the facts are not fully known by Mattel at this

16  juncture because of defendants' refusals to produce basic discovery, including as to

17  matters that are the subject of pending motions to compel. Mattel further objects on

18  the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ

19  DOLLS" are vague and ambiguous in that lost sales of any product could potentially

20  be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially

21  "cause" such lost sales is unspecified.      **EXHIBIT 53**
                                                 **PAGE 1597**

22           Subject to and without waiving the foregoing general and specific

23  objections, Mattel admits that it is seeking revenues and profits (including without

24  limitation through disgorgement) that defendants and other parties have obtained

25  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

26  that it does not intend to attempt to quantify as a measure of recoverable damages on

27  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

28  Mattel has marketed to date which Mattel has or may have lost because of "First

-22-

1   Bratz Dolls." Mattel further states that its investigation into, and discovery

2   regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

3   and the conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case

4   (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

5   to seek any and all damages remedies (including without limitation lost profits) in

6   connection with such conduct.  Furthermore, Mattel states that its damages will be

7   the subject of expert opinion, which will be disclosed at the time and in the manner

8   required by the Rules and Court Orders.

9

10  **REQUEST FOR ADMISSION NO. 26:**

11           Admit that YOU are not seeking to recover, by way of YOUR

12  COMPLAINT, damages for lost profits due to lost sales worldwide caused by

13  BRATZ DOLLS.

14

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

16           In addition to the foregoing general objections, which are incorporated

17  herein by reference, Mattel specifically objects to this Request on the grounds that it

18  is premature and seeks to circumvent the expert disclosure provisions of the Federal

19  and Local Rules.  Mattel further objects to this Request as vague and ambiguous,

20  including without limitation as to the term "Bratz Dolls."  Bratz Dolls" potentially

21  covers a range of products and matters, including matters that MGA has not

22  specified.  Mattel further objects to this Request as compound.  Mattel further

23  objects to this Request on the grounds that it is vague and ambiguous in that the

24  term "YOUR COMPLAINT" is undefined.  Mattel further objects to this Request on

25  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

26  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

27  product, packaging, or other thing or matter that is or has ever been manufactured,

28  marketed or sold by MGA, or others under license, as part of a line of goods or

EXHIBIT 53
PAGE 1598

1  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

2  or trade dress," with very few exceptions.  For these same reasons, Mattel further

3  objects to the Request on the grounds that it seeks information that is not relevant to

4  this action nor likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request as unreasonably burdensome and premature in that the facts

6  necessary to determine the full nature and extent of Mattel's relief and damages from

7  defendants' acts or omissions are known by defendants and third parties associated

8  with defendants, but the facts are not fully known by Mattel at this juncture because

9  of defendants' refusals to produce basic discovery, including as to matters that are

10  the subject of pending motions to compel.  Mattel further objects on the grounds that

11  the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and

12  ambiguous in that lost sales of any product could potentially be at issue and the

13  manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is

14  unspecified.

15        Subject to and without waiving the foregoing general and specific

16  objections, Mattel admits that it is seeking revenues and profits (including without

17  limitation through disgorgement) that defendants and other parties have obtained

18  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it

19  does not intend to attempt to quantify as a measure of recoverable damages on its

20  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

21  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

22  Dolls."  Mattel further states that its investigation into, and discovery regarding,

23  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

24  conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including

25  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

26  and all damages remedies (including without limitation lost profits) in connection

27  with such conduct.  Furthermore, Mattel states that its damages will be the subject of

28

**EXHIBIT 53**
**PAGE 1599**

-24-

1  expert opinion, which will be disclosed at the time and in the manner required by the

2  Rules and Court Orders.

3

4  **REQUEST FOR ADMISSION NO. 31:**

5  Admit that YOU are seeking to recover, by way of YOUR

6  COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

7  line of products caused by BRATZ.

8

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

10  In addition to the foregoing general objections, which are incorporated

11  herein by reference, Mattel specifically objects to this Request on the grounds that it

12  is premature and seeks to circumvent the expert disclosure provisions of the Federal

13  and Local Rules. Mattel further objects to this Request as vague and ambiguous,

14  including without limitation as to the terms "Bratz" and "'Barbie' line of products."

15  "'Barbie' line of products" covers a broad spectrum of different products, including

16  without limitation hundreds of licensed products as well as products which are sold

17  as "Barbie" and/or which are sold as part of the "Barbie" brand. For these same

18  reasons, Mattel further objects to the Request on the grounds that it seeks

19  information that is not relevant to this action nor likely to lead to the discovery of

20  admissible evidence. Mattel further objects to this Request in that it is vague and

21  ambiguous to the time frame of the information it purports to seek. Mattel further

22  objects to this Request as compound. Mattel further objects to this Request on the

23  grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is

24  undefined. Mattel further objects to this Request on the grounds that it is undefined,

25  oppressive, overbroad and unduly burdensome in that it seeks an admission for each

26  "image, character, logo, doll, toy, accessory, product, packaging, or other thing or

27  matter that is or has ever been manufactured, marketed or sold by MGA, or others

28  under license, as part of a line of goods or merchandise commonly known as, or sold

**EXHIBIT 53**
**PAGE 1600**

1  and marketed under the 'Bratz' trademark or trade dress."  For these same reasons,

2  Mattel further objects to the Request on the grounds that it seeks information that is

3  not relevant to this action nor likely to lead to the discovery of admissible evidence.

4  Mattel further objects to the Request on the grounds that it is unreasonably

5  burdensome and premature in that the facts necessary to determine the full nature

6  and extent of Mattel's relief and damages from defendants' acts or omissions are

7  known by defendants and third parties associated with defendants, but are not fully

8  known by Mattel at this juncture because of defendants' refusals to produce basic

9  discovery, including as to matters that are the subject of pending motions to compel.

10  Mattel further objects on the grounds that the phrases "due to lost sales" and "caused

11  by BRATZ" are vague and ambiguous in that lost sales of any product could

12  potentially be at issue and the manner in which "BRATZ" could potentially "cause"

13  such lost sales is unspecified.

14          Subject to and without waiving the foregoing general and specific

15  objections, Mattel admits that it is seeking revenues and profits (including without

16  limitation through disgorgement) that defendants and other parties have obtained

17  from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does

18  not intend to attempt to quantify as a measure of recoverable damages on its claims

19  in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has

20  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel

21  further states that its investigation into, and discovery regarding, defendants' thefts

22  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

23  <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims

24  therein) is ongoing, and Mattel reserves the right to seek any and all damages

25  remedies (including without limitation lost profits) in connection with such

26  conduct.  Furthermore, Mattel states that its damages will be the subject of expert

27  opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>

28  and Court Orders.

**EXHIBIT 53**
**PAGE 1601**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | **REQUEST FOR ADMISSION NO. 32:**

2           Admit that YOU are not seeking to recover, by way of YOUR

3 | COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4 | line of products caused by BRATZ.

5 |

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

7           In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel specifically objects to this Request on the grounds that it

9 | is premature and seeks to circumvent the expert disclosure provisions of the Federal

10 | and Local Rules.  Mattel further objects to this Request as vague and ambiguous,

11 | including without limitation as to the terms "Bratz" and "'Barbie' line of products."

12 | "'Barbie' line of products" covers a broad spectrum of different products, including

13 | without limitation hundreds of licensed products as well as products which are sold

14 | as "Barbie" and/or which are sold as part of the "Barbie" brand.  For these same

15 | reasons, Mattel further objects to the Request on the grounds that it seeks

16 | information that is not relevant to this action nor likely to lead to the discovery of

17 | admissible evidence.  Mattel further objects to this Request in that it is vague and

18 | ambiguous to the time frame of the information it purports to seek.  Mattel further

19 | objects to this Request as compound.  Mattel further objects to this Request on the

20 | grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is

21 | undefined.  Mattel further objects to this Request on the grounds that it is undefined,

22 | oppressive, overbroad and unduly burdensome in that it seeks an admission for each

23 | "image, character, logo, doll, toy, accessory, product, packaging, or other thing or

24 | matter that is or has ever been manufactured, marketed or sold by MGA, or others

25 | under license, as part of a line of goods or merchandise commonly known as, or sold

26 | and marketed under the 'Bratz' trademark or trade dress."  For these same reasons,

27 | Mattel further objects to the Request on the grounds that it seeks information that is

28 | not relevant to this action nor likely to lead to the discovery of admissible evidence.

**EXHIBIT 53**
**PAGE 1602**

1    Mattel further objects to the Request on the grounds that it is unreasonably
2    burdensome and premature in that the facts necessary to determine the full nature
3    and extent of Mattel's relief and damages from defendants' acts or omissions are
4    known by defendants and third parties associated with defendants, but are not fully
5    known by Mattel at this juncture because of defendants' refusals to produce basic
6    discovery, including as to matters that are the subject of pending motions to compel.
7    Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
8    by BRATZ" are vague and ambiguous in that lost sales of any product could
9    potentially be at issue and the manner in which "BRATZ" could potentially "cause"
10   such lost sales is unspecified.

11          Subject to and without waiving the foregoing general and specific
12   objections, Mattel admits that it is seeking revenues and profits (including without
13   limitation through disgorgement) that defendants and other parties have obtained
14   from "Bratz" on its claims alleged in the Mattel, Inc. v. Bryant case and that it does
15   not intend to attempt to quantify as a measure of recoverable damages on its claims
16   in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products Mattel has
17   marketed to date which Mattel has or may have lost because of "Bratz." Mattel
18   further states that its investigation into, and discovery regarding, defendants' thefts
19   of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
20   MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims
21   therein) is ongoing, and Mattel reserves the right to seek any and all damages
22   remedies (including without limitation lost profits) in connection with such
23   conduct. Furthermore, Mattel states that its damages will be the subject of expert
24   opinion, which will be disclosed at the time and in the manner required by the Rules
25   and Court Orders.

26
27
28

**EXHIBIT 53**
**PAGE 1603**

7209/2238755.6

-28-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by FIRST BRATZ DOLLS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request as vague and ambiguous, and overbroad and oppressive, including without limitation as to the terms "First Bratz Dolls" and "'Barbie' line of products." "'Barbie' line of products" covers a broad spectrum of different products, including without limitation hundreds of licensed products as well as products which are sold as "Barbie" and/or which are sold as part of the "Barbie" brand. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request in that it is vague and ambiguous to the time frame of the information it purports to seek. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress" for eight different SKU numbers. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is

**EXHIBIT 53**
**PAGE 1604**

1   not relevant to this action nor likely to lead to the discovery of admissible evidence.

2   Mattel further objects to the Request on the grounds that it is unreasonably

3   burdensome and premature in that the facts necessary to determine the full nature

4   and extent of Mattel's relief and damages from defendants' acts or omissions are

5   known by defendants and third parties associated with defendants, but are not fully

6   known by Mattel at this juncture because of defendants' refusals to produce basic

7   discovery, including as to matters that are the subject of pending motions to compel.

8   Mattel further objects on the grounds that the phrases "due to lost sales" and "caused

9   by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any

10  product could potentially be at issue and the manner in which "FIRST BRATZ

11  DOLLS" could potentially "cause" such lost sales is unspecified.

12          Subject to and without waiving the foregoing general and specific

13  objections, Mattel admits that it is seeking revenues and profits (including without

14  limitation through disgorgement) that defendants and other parties have obtained

15  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

16  that it does not intend to attempt to quantify as a measure of recoverable damages on

17  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

18  Mattel has marketed to date which Mattel has or may have lost because of "First

19  Bratz Dolls."  Mattel further states that its investigation into, and discovery

20  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

21  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case

22  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

23  to seek any and all damages remedies (including without limitation lost profits) in

24  connection with such conduct.  Furthermore, Mattel states that its damages will be

25  the subject of expert opinion, which will be disclosed at the time and in the manner

26  required by the <u>Rules</u> and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1605**

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by FIRST BRATZ DOLLS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request as vague and ambiguous, and overbroad and oppressive, including without limitation as to the terms "First Bratz Dolls" and "'Barbie' line of products." "'Barbie' line of products" covers a broad spectrum of different products, including without limitation hundreds of licensed products as well as products which are sold as "Barbie" and/or which are sold as part of the "Barbie" brand. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request in that it is vague and ambiguous to the time frame of the information it purports to seek. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress" for eight different SKU numbers. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is

**EXHIBIT 53**
**PAGE 1606**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1   not relevant to this action nor likely to lead to the discovery of admissible evidence.
2   Mattel further objects to the Request on the grounds that it is unreasonably
3   burdensome and premature in that the facts necessary to determine the full nature
4   and extent of Mattel's relief and damages from defendants' acts or omissions are
5   known by defendants and third parties associated with defendants, but are not fully
6   known by Mattel at this juncture because of defendants' refusals to produce basic
7   discovery, including as to matters that are the subject of pending motions to compel.
8   Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
9   by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any
10  product could potentially be at issue and the manner in which "FIRST BRATZ
11  DOLLS" could potentially "cause" such lost sales is unspecified.

12           Subject to and without waiving the foregoing general and specific
13  objections, Mattel admits that it is seeking revenues and profits (including without
14  limitation through disgorgement) that defendants and other parties have obtained
15  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and
16  that it does not intend to attempt to quantify as a measure of recoverable damages on
17  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
18  Mattel has marketed to date which Mattel has or may have lost because of "First
19  Bratz Dolls." Mattel further states that its investigation into, and discovery
20  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
21  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case
22  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
23  to seek any and all damages remedies (including without limitation lost profits) in
24  connection with such conduct. Furthermore, Mattel states that its damages will be
25  the subject of expert opinion, which will be disclosed at the time and in the manner
26  required by the <u>Rules</u> and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1607**

-32-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  **REQUEST FOR ADMISSION NO. 35:**

2      Admit that YOU are seeking to recover, by way of YOUR

3  COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4  line of products caused by BRATZ DOLLS.

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

7      In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that it

9  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

10  and <u>Local Rules</u>. Mattel further objects to this Request on the grounds that it is

11  vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel

12  further objects to this Request as vague and ambiguous, and overbroad and

13  oppressive, including without limitation as to the terms "Bratz Dolls" and "'Barbie'

14  line of products." "'Barbie' line of products" covers a broad spectrum of different

15  products, including without limitation hundreds of licensed products as well as

16  products which are sold as "Barbie" and/or which are sold as part of the "Barbie"

17  brand. For these same reasons, Mattel further objects to the Request on the grounds

18  that it seeks information that is not relevant to this action nor likely to lead to the

19  discovery of admissible evidence. Mattel further objects to this Request in that it is

20  vague and ambiguous to the time frame of the information it purports to seek.

21  Mattel further objects to this Request as compound. Mattel further objects to this

22  Request on the grounds that it is undefined, oppressive, overbroad and unduly

23  burdensome in that it seeks an admission for each "image, character, logo, doll, toy,

24  accessory, product, packaging, or other thing or matter that is or has ever been

25  manufactured, marketed or sold by MGA, or others under license, as part of a line of

26  goods or merchandise commonly known as, or sold and marketed under the 'Bratz'

27  trademark or trade dress," with very few exceptions. For these same reasons, Mattel

28  further objects to the Request on the grounds that it seeks information that is not

**EXHIBIT 53**
**PAGE 1608**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | relevant to this action nor likely to lead to the discovery of admissible evidence.
2 | Mattel further objects to the Request on the grounds that it is unreasonably
3 | burdensome and premature in that the facts necessary to determine the full nature
4 | and extent of Mattel's relief and damages from defendants' acts or omissions are
5 | known by defendants and third parties associated with defendants, but are not fully
6 | known by Mattel at this juncture because of defendants' refusals to produce basic
7 | discovery, including as to matters that are the subject of pending motions to compel.
8 | Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
9 | by BRATZ DOLLS" are vague and ambiguous in that lost sales of any product
10 | could potentially be at issue and the manner in which "BRATZ DOLLS" could
11 | potentially "cause" such lost sales is unspecified.

12 |      Subject to and without waiving the foregoing general and specific
13 | objections, Mattel admits that it is seeking revenues and profits (including without
14 | limitation through disgorgement) that defendants and other parties have obtained
15 | from "Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and that it
16 | does not intend to attempt to quantify as a measure of recoverable damages on its
17 | claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products
18 | Mattel has marketed to date which Mattel has or may have lost because of "Bratz
19 | Dolls." Mattel further states that its investigation into, and discovery regarding,
20 | defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
21 | conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case (including
22 | Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
23 | and all damages remedies (including without limitation lost profits) in connection
24 | with such conduct. Furthermore, Mattel states that its damages will be the subject of
25 | expert opinion, which will be disclosed at the time and in the manner required by the
26 | Rules and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1609**

7209/2238755.6

-34-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  **REQUEST FOR ADMISSION NO. 36:**

2          Admit that YOU are not seeking to recover, by way of YOUR

3  COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4  line of products caused by BRATZ DOLLS.

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

7          In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that it

9  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

10  and <u>Local Rules</u>.  Mattel further objects to this Request on the grounds that it is

11  vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.  Mattel

12  further objects to this Request as vague and ambiguous, and overbroad and

13  oppressive, including without limitation as to the terms "Bratz Dolls" and "'Barbie'

14  line of products."  "'Barbie' line of products" covers a broad spectrum of different

15  products, including without limitation hundreds of licensed products as well as

16  products which are sold as "Barbie" and/or which are sold as part of the "Barbie"

17  brand.  For these same reasons, Mattel further objects to the Request on the grounds

18  that it seeks information that is not relevant to this action nor likely to lead to the

19  discovery of admissible evidence.  Mattel further objects to this Request in that it is

20  vague and ambiguous to the time frame of the information it purports to seek.

21  Mattel further objects to this Request as compound.  Mattel further objects to this

22  Request on the grounds that it is undefined, oppressive, overbroad and unduly

23  burdensome in that it seeks an admission for each "image, character, logo, doll, toy,

24  accessory, product, packaging, or other thing or matter that is or has ever been

25  manufactured, marketed or sold by MGA, or others under license, as part of a line of

26  goods or merchandise commonly known as, or sold and marketed under the 'Bratz'

27  trademark or trade dress," with very few exceptions.  For these same reasons, Mattel

28  further objects to the Request on the grounds that it seeks information that is not

**EXHIBIT 53**
**PAGE 1610**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1   relevant to this action nor likely to lead to the discovery of admissible evidence.

2   Mattel further objects to the Request on the grounds that it is unreasonably

3   burdensome and premature in that the facts necessary to determine the full nature

4   and extent of Mattel's relief and damages from defendants' acts or omissions are

5   known by defendants and third parties associated with defendants, but are not fully

6   known by Mattel at this juncture because of defendants' refusals to produce basic

7   discovery, including as to matters that are the subject of pending motions to compel.

8   Mattel further objects on the grounds that the phrases "due to lost sales" and "caused

9   by BRATZ DOLLS" are vague and ambiguous in that lost sales of any product

10  could potentially be at issue and the manner in which "BRATZ DOLLS" could

11  potentially "cause" such lost sales is unspecified.

12          Subject to and without waiving the foregoing general and specific

13  objections, Mattel admits that it is seeking revenues and profits (including without

14  limitation through disgorgement) that defendants and other parties have obtained

15  from "Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and that it

16  does not intend to attempt to quantify as a measure of recoverable damages on its

17  claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products

18  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

19  Dolls."  Mattel further states that its investigation into, and discovery regarding,

20  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

21  conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case (including

22  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

23  and all damages remedies (including without limitation lost profits) in connection

24  with such conduct.  Furthermore, Mattel states that its damages will be the subject of

25  expert opinion, which will be disclosed at the time and in the manner required by the

26  Rules and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1611**

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by BRATZ.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz." Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress." For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are the subject of pending motions to compel. Mattel further objects on the grounds that the

1  phrases "due to lost sales" and "caused by BRATZ" are vague and ambiguous in that

2  lost sales of any product could potentially be at issue and the manner in which

3  "BRATZ" could potentially "cause" such lost sales is unspecified.

4       Subject to and without waiving the foregoing general and specific

5  objections, Mattel admits that it is seeking revenues and profits (including without

6  limitation through disgorgement) that defendants and other parties have obtained

7  from "Bratz" on its claims alleged in the Mattel, Inc. v. Bryant case and that it does

8  not intend to attempt to quantify as a measure of recoverable damages on its claims

9  in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products Mattel has

10  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel

11  further states that its investigation into, and discovery regarding, defendants' thefts

12  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

13  MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims

14  therein) is ongoing, and Mattel reserves the right to seek any and all damages

15  remedies (including without limitation lost profits) in connection with such

16  conduct.  Furthermore, Mattel states that its damages will be the subject of expert

17  opinion, which will be disclosed at the time and in the manner required by the Rules

18  and Court Orders.

19

20  **REQUEST FOR ADMISSION NO. 40:**

21       Admit that YOU are not seeking to recover, by way of YOUR

22  COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

23  BRATZ.

**EXHIBIT 53**
**PAGE 1613**

24

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

26       In addition to the foregoing general objections, which are incorporated

27  herein by reference, Mattel specifically objects to this Request on the grounds that it

28  is premature and seeks to circumvent the expert disclosure provisions of the Federal

1  and Local Rules. Mattel further objects to this Request as vague and ambiguous,

2  including without limitation as to the term "Bratz." Mattel further objects to this

3  Request as compound. Mattel further objects to this Request on the grounds that it

4  is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.

5  Mattel further objects to this Request on the grounds that it is incomprehensible,

6  oppressive, overbroad and unduly burdensome in that it seeks an admission as to

7  "fashion dolls" for each "image, character, logo, doll, toy, accessory, product,

8  packaging, or other thing or matter that is or has ever been manufactured, marketed

9  or sold by MGA, or others under license, as part of a line of goods or merchandise

10  commonly known as, or sold and marketed under the 'Bratz' trademark or trade

11  dress." For these same reasons, Mattel further objects to the Request on the grounds

12  that it seeks information that is not relevant to this action nor likely to lead to the

13  discovery of admissible evidence. Mattel further objects to the Request on the

14  grounds that it is unreasonably burdensome and premature in that the facts necessary

15  to determine the full nature and extent of Mattel's relief and damages from

16  defendants' acts or omissions are known by defendants and third parties associated

17  with defendants, but are not fully known by Mattel at this juncture because of

18  defendants' refusals to produce basic discovery, including as to matters that are the

19  subject of pending motions to compel. Mattel further objects on the grounds that the

20  phrases "due to lost sales" and "caused by BRATZ" are vague and ambiguous in that

21  lost sales of any product could potentially be at issue and the manner in which

22  "BRATZ" could potentially "cause" such lost sales is unspecified.

23          Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it is seeking revenues and profits (including without

25  limitation through disgorgement) that defendants and other parties have obtained

26  from "Bratz" on its claims alleged in the Mattel, Inc. v. Bryant case and that it does

27  not intend to attempt to quantify as a measure of recoverable damages on its claims

28  in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products Mattel has

**EXHIBIT 53**
**PAGE 1614**

1  marketed to date which Mattel has or may have lost because of "Bratz." Mattel

2  further states that its investigation into, and discovery regarding, defendants' thefts

3  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

4  MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims

5  therein) is ongoing, and Mattel reserves the right to seek any and all damages

6  remedies (including without limitation lost profits) in connection with such

7  conduct. Furthermore, Mattel states that its damages will be the subject of expert

8  opinion, which will be disclosed at the time and in the manner required by the Rules

9  and Court Orders.

10

11 **REQUEST FOR ADMISSION NO. 41:**

12          Admit that YOU are seeking to recover, by way of YOUR

13 COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

14 the FIRST BRATZ DOLLS.

15

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

17          In addition to the foregoing general objections, which are incorporated

18 herein by reference, Mattel specifically objects to this Request on the grounds that it

19 is premature and seeks to circumvent the expert disclosure provisions of the Federal

20 and Local Rules. Mattel further objects to this Request as vague and ambiguous,

21 including without limitation as to the term "First Bratz Dolls." Mattel further

22 objects to this Request as compound. Mattel further objects to this Request on the

23 grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is

24 undefined. Mattel further objects to this Request on the grounds that it is

25 incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an

26 admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory,

27 product, packaging, or other thing or matter that is or has ever been manufactured,

28 marketed or sold by MGA, or others under license, as part of a line of goods or

EXHIBIT 53
PAGE 1615

1  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark
2  or trade dress" for eight different SKU numbers.  For these same reasons, Mattel
3  further objects to the Request on the grounds that it seeks information that is not
4  relevant to this action nor likely to lead to the discovery of admissible evidence.
5  Mattel further objects to the Request on the grounds that it is unreasonably
6  burdensome and premature in that the facts necessary to determine the full nature
7  and extent of Mattel's relief and damages from defendants' acts or omissions are
8  known by defendants and third parties associated with defendants, but are not fully
9  known by Mattel at this juncture because of defendants' refusals to produce basic
10  discovery, including as to matters that are the subject of pending motions to compel.
11  Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
12  by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any
13  product could potentially be at issue and the manner in which "FIRST BRATZ
14  DOLLS" could potentially "cause" such lost sales is unspecified.

15          Subject to and without waiving the foregoing general and specific
16  objections, Mattel admits that it is seeking revenues and profits (including without
17  limitation through disgorgement) that defendants and other parties have obtained
18  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and
19  that it does not intend to attempt to quantify as a measure of recoverable damages on
20  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
21  Mattel has marketed to date which Mattel has or may have lost because of "First
22  Bratz Dolls."  Mattel further states that its investigation into, and discovery
23  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
24  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case
25  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
26  to seek any and all damages remedies (including without limitation lost profits) in
27  connection with such conduct.  Furthermore, Mattel states that its damages will be
28

**EXHIBIT 53**
**PAGE 1616**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | the subject of expert opinion, which will be disclosed at the time and in the manner
2 | required by the <u>Rules</u> and Court Orders.

3

4 | **REQUEST FOR ADMISSION NO. 42:**

5 |        Admit that YOU are not seeking to recover, by way of YOUR
6 | COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by
7 | the FIRST BRATZ DOLLS.

8

9 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

10 |        In addition to the foregoing general objections, which are incorporated
11 | herein by reference, Mattel specifically objects to this Request on the grounds that it
12 | is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>
13 | and <u>Local</u> <u>Rules</u>. Mattel further objects to this Request as vague and ambiguous,
14 | including without limitation as to the term "First Bratz Dolls." Mattel further
15 | objects to this Request as compound. Mattel further objects to this Request on the
16 | grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is
17 | undefined. Mattel further objects to this Request on the grounds that it is
18 | incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an
19 | admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory,
20 | product, packaging, or other thing or matter that is or has ever been manufactured,
21 | marketed or sold by MGA, or others under license, as part of a line of goods or
22 | merchandise commonly known as, or sold and marketed under the 'Bratz' trademark
23 | or trade dress" for eight different SKU numbers. For these same reasons, Mattel
24 | further objects to the Request on the grounds that it seeks information that is not
25 | relevant to this action nor likely to lead to the discovery of admissible evidence.
26 | Mattel further objects to the Request on the grounds that it is unreasonably
27 | burdensome and premature in that the facts necessary to determine the full nature
28 | and extent of Mattel's relief and damages from defendants' acts or omissions are

1 | known by defendants and third parties associated with defendants, but are not fully

2 | known by Mattel at this juncture because of defendants' refusals to produce basic

3 | discovery, including as to matters that are the subject of pending motions to compel.

4 | Mattel further objects on the grounds that the phrases "due to lost sales" and "caused

5 | by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any

6 | product could potentially be at issue and the manner in which "FIRST BRATZ

7 | DOLLS" could potentially "cause" such lost sales is unspecified.

8 |      Subject to and without waiving the foregoing general and specific

9 | objections, Mattel admits that it is seeking revenues and profits (including without

10 | limitation through disgorgement) that defendants and other parties have obtained

11 | from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

12 | that it does not intend to attempt to quantify as a measure of recoverable damages on

13 | its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

14 | Mattel has marketed to date which Mattel has or may have lost because of "First

15 | Bratz Dolls." Mattel further states that its investigation into, and discovery

16 | regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

17 | and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case

18 | (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

19 | to seek any and all damages remedies (including without limitation lost profits) in

20 | connection with such conduct. Furthermore, Mattel states that its damages will be

21 | the subject of expert opinion, which will be disclosed at the time and in the manner

22 | required by the <u>Rules</u> and Court Orders.

23 |

24 | **REQUEST FOR ADMISSION NO. 43:**

25 |      Admit that YOU are seeking to recover, by way of YOUR

26 | COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

27 | BRATZ DOLLS.

**EXHIBIT 53**
**PAGE 1618**

28 |

-43-

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

2          In addition to the foregoing general objections, which are incorporated

3 herein by reference, Mattel specifically objects to this Request on the grounds that it

4 is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

5 and <u>Local</u> <u>Rules</u>. Mattel further objects to this Request as vague and ambiguous,

6 including without limitation as to the term "Bratz Dolls." Mattel further objects to

7 this Request as compound. Mattel further objects to this Request on the grounds

8 that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.

9 Mattel further objects to this Request on the grounds that it is incomprehensible,

10 oppressive, overbroad and unduly burdensome in that it seeks an admission as to

11 "fashion dolls" for each "image, character, logo, doll, toy, accessory, product,

12 packaging, or other thing or matter that is or has ever been manufactured, marketed

13 or sold by MGA, or others under license, as part of a line of goods or merchandise

14 commonly known as, or sold and marketed under the 'Bratz' trademark or trade

15 dress," with very few exceptions. For these same reasons, Mattel further objects to

16 the Request on the grounds that it seeks information that is not relevant to this action

17 nor likely to lead to the discovery of admissible evidence. Mattel further objects to

18 the Request on the grounds that it is unreasonably burdensome and premature in that

19 the facts necessary to determine the full nature and extent of Mattel's relief and

20 damages from defendants' acts or omissions are known by defendants and third

21 parties associated with defendants, but are not fully known by Mattel at this juncture

22 because of defendants' refusals to produce basic discovery, including as to matters

23 that are the subject of pending motions to compel. Mattel further objects on the

24 grounds that the phrases "due to lost sales" and "caused by BRATZ DOLLS" are

25 vague and ambiguous in that lost sales of any product could potentially be at issue

26 and the manner in which "BRATZ DOLLS" could potentially "cause" such lost

27 sales is unspecified.

28

**EXHIBIT 53**
**PAGE 1619**

1          Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it is seeking revenues and profits (including without

3  limitation through disgorgement) that defendants and other parties have obtained

4  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it

5  does not intend to attempt to quantify as a measure of recoverable damages on its

6  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

7  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

8  Dolls." Mattel further states that its investigation into, and discovery regarding,

9  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

10  conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including

11  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

12  and all damages remedies (including without limitation lost profits) in connection

13  with such conduct. Furthermore, Mattel states that its damages will be the subject of

14  expert opinion, which will be disclosed at the time and in the manner required by the

15  <u>Rules</u> and Court Orders.

16

17  **REQUEST FOR ADMISSION NO. 44:**

18          Admit that YOU are not seeking to recover, by way of YOUR

19  COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

20  BRATZ DOLLS.

**EXHIBIT 53**
**PAGE 1620**

21

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

23          In addition to the foregoing general objections, which are incorporated

24  herein by reference, Mattel specifically objects to this Request on the grounds that it

25  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

26  and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

27  including without limitation as to the term "Bratz Dolls." Mattel further objects to

28  this Request as compound. Mattel further objects to this Request on the grounds

1   that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.

2   Mattel further objects to this Request on the grounds that it is incomprehensible,

3   oppressive, overbroad and unduly burdensome in that it seeks an admission as to

4   "fashion dolls" for each "image, character, logo, doll, toy, accessory, product,

5   packaging, or other thing or matter that is or has ever been manufactured, marketed

6   or sold by MGA, or others under license, as part of a line of goods or merchandise

7   commonly known as, or sold and marketed under the 'Bratz' trademark or trade

8   dress," with very few exceptions.  For these same reasons, Mattel further objects to

9   the Request on the grounds that it seeks information that is not relevant to this action

10  nor likely to lead to the discovery of admissible evidence.  Mattel further objects to

11  the Request on the grounds that it is unreasonably burdensome and premature in that

12  the facts necessary to determine the full nature and extent of Mattel's relief and

13  damages from defendants' acts or omissions are known by defendants and third

14  parties associated with defendants, but are not fully known by Mattel at this juncture

15  because of defendants' refusals to produce basic discovery, including as to matters

16  that are the subject of pending motions to compel.  Mattel further objects on the

17  grounds that the phrases "due to lost sales" and "caused by BRATZ DOLLS" are

18  vague and ambiguous in that lost sales of any product could potentially be at issue

19  and the manner in which "BRATZ DOLLS" could potentially "cause" such lost

20  sales is unspecified.                                    **EXHIBIT 53**
                                                              **PAGE 1621**

21           Subject to and without waiving the foregoing general and specific

22  objections, Mattel admits that it is seeking revenues and profits (including without

23  limitation through disgorgement) that defendants and other parties have obtained

24  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it

25  does not intend to attempt to quantify as a measure of recoverable damages on its

26  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

27  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

28  Dolls."  Mattel further states that its investigation into, and discovery regarding,

1 defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

2 conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including

3 Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

4 and all damages remedies (including without limitation lost profits) in connection

5 with such conduct. Furthermore, Mattel states that its damages will be the subject of

6 expert opinion, which will be disclosed at the time and in the manner required by the

7 <u>Rules</u> and Court Orders.

8

9 **REQUEST FOR ADMISSION NO. 67:**

10        Admit that the drawing produced by BRYANT bearing Bates serial

11 number Bryant 00175 is intellectual property whose conversion is one basis of

12 YOUR damage requests.

13

14 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

15        In addition to the foregoing general objections, which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it is vague

17 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

18 does not have sufficient information about the drawing produced by Bryant bearing

19 Bates number Bryant 00175 in order to frame a complete response. Mattel further

20 objects to this Request as unreasonably burdensome and premature in that the facts

21 necessary to determine the full nature and extent of Mattel's relief and damages from

22 defendants' acts or omissions are known by defendants and third parties associated

23 with defendants, but are not fully known by Mattel at this juncture because of

24 defendants' refusals to produce discovery.     **EXHIBIT 53**
                                         **PAGE 1622**

25        Subject to and without waiving the foregoing general and specific

26 objections, Mattel admits that it seeks damages for defendants' theft and conversion

27 of, among other things, the Bratz brand, including without limitation all inventions,

28 concepts, ideas, drawings and works, which were created, made, improved,

1 || conceived, reduced to practice or worked on by Bryant, in whole or in part, while

2 || employed by Mattel, from which defendants have profited and/or obtained ill-gotten

3 || gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

4 || including on the document produced by Bryant bearing Bates serial number Bryant

5 || 00175, while he was a Mattel employee and as a result of that work and Bryant's

6 || unlawful conduct, Mattel was damaged. However, the full extent of defendants'

7 || profits and ill-gotten gains from Bratz as well as other facts relating to this request

8 || for admission are unknown to Mattel at this time and is known only to defendants,

9 || because defendants have not provided necessary discovery and have concealed

10 || facts, in violation of Court Orders. Moreover, the subject of this request for

11 || admission and the damages suffered by Mattel may be the subject of expert opinion

12 || or testimony. Mattel therefore reserves the right to supplement or amend this

13 || response at the time and in the manner required by the <u>Rules</u> and Court Orders.

14

15 || **REQUEST FOR ADMISSION NO. 68:**

16 ||          Admit that the drawing produced by BRYANT bearing Bates serial

17 || number Bryant 00176 is intellectual property whose conversion is one basis of

18 || YOUR damage requests.                                          **EXHIBIT 53**

**PAGE 1623**

19

20 || **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

21 ||          In addition to the foregoing general objections, which are incorporated

22 || herein by reference, Mattel objects to this Request on the grounds that it is vague

23 || and ambiguous. Mattel further objects to this Request on the grounds that Mattel

24 || does not have sufficient information about the drawing produced by Bryant bearing

25 || Bates number Bryant 00176 in order to frame a complete response. Mattel further

26 || objects to this Request as unreasonably burdensome and premature in that the facts

27 || necessary to determine the full nature and extent of Mattel's relief and damages from

28 || defendants' acts or omissions are known by defendants and third parties associated

1  with defendants, but are not fully known by Mattel at this juncture because of

2  defendants' refusals to produce discovery.

3          Subject to and without waiving the foregoing general and specific

4  objections, Mattel admits that it seeks damages for defendants' theft and conversion

5  of, among other things, the Bratz brand, including without limitation all inventions,

6  concepts, ideas, drawings and works, which were created, made, improved,

7  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

8  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

9  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

10 including on the document produced by Bryant bearing Bates serial number Bryant

11 00176, while he was a Mattel employee and as a result of that work and Bryant's

12 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

13 profits and ill-gotten gains from Bratz as well as other facts relating to this request

14 for admission are unknown to Mattel at this time and is known only to defendants,

15 because defendants have not provided necessary discovery and have concealed

16 facts, in violation of Court Orders. Moreover, the subject of this request for

17 admission and the damages suffered by Mattel may be the subject of expert opinion

18 or testimony. Mattel therefore reserves the right to supplement or amend this

19 response at the time and in the manner required by the Rules and Court Orders.

20

21 **REQUEST FOR ADMISSION NO. 69:**

22          Admit that the drawing produced by BRYANT bearing Bates serial

23 number Bryant 00177 is intellectual property whose conversion is one basis of

24 YOUR damage requests.

**EXHIBIT 53**
**PAGE 1624**

25

26 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

27          In addition to the foregoing general objections, which are incorporated

28 herein by reference, Mattel objects to this Request on the grounds that it is vague

-49-

1  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

2  does not have sufficient information about the drawing produced by Bryant bearing

3  Bates number Bryant 00177 in order to frame a complete response.  Mattel further

4  objects to this Request as unreasonably burdensome and premature in that the facts

5  necessary to determine the full nature and extent of Mattel's relief and damages from

6  defendants' acts or omissions are known by defendants and third parties associated

7  with defendants, but are not fully known by Mattel at this juncture because of

8  defendants' refusals to produce discovery.

9          Subject to and without waiving the foregoing general and specific

10  objections, Mattel admits that it seeks damages for defendants' theft and conversion

11  of, among other things, the Bratz brand, including without limitation all inventions,

12  concepts, ideas, drawings and works, which were created, made, improved,

13  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

14  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

15  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

16  including on the document produced by Bryant bearing Bates serial number Bryant

17  00177, while he was a Mattel employee and as a result of that work and Bryant's

18  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

19  profits and ill-gotten gains from Bratz as well as other facts relating to this request

20  for admission are unknown to Mattel at this time and is known only to defendants,

21  because defendants have not provided necessary discovery and have concealed

22  facts, in violation of Court Orders.  Moreover, the subject of this request for

23  admission and the damages suffered by Mattel may be the subject of expert opinion

24  or testimony.  Mattel therefore reserves the right to supplement or amend this

25  response at the time and in the manner required by the Rules and Court Orders.

26

27

28

**EXHIBIT 53**
**PAGE 1625**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 70:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00179 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00179 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00179, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 71:**

8          Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00180 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

13          In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00180 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.          **EXHIBIT 53**
                                                        **PAGE 1627**

23          Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for theft and conversion of, among

25  other things, the Bratz brand, including without limitation all inventions, concepts,

26  ideas, drawings and works, which were created, made, improved, conceived,

27  reduced to practice or worked on by Bryant, in whole or in part, while employed by

28  Mattel, from which defendants have profited and/or obtained ill-gotten gains.

7209/2238755.6

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | Mattel further admits that the evidence shows that Bryant worked on Bratz,

2 | including on the document produced by Bryant bearing Bates serial number Bryant

3 | 00180, while he was a Mattel employee and as a result of that work and Bryant's

4 | unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

5 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

6 | for admission are unknown to Mattel at this time and is known only to defendants,

7 | because defendants have not provided necessary discovery and have concealed

8 | facts, in violation of Court Orders.  Moreover, the subject of this request for

9 | admission and the damages suffered by Mattel may be the subject of expert opinion

10 | or testimony.  Mattel therefore reserves the right to supplement or amend this

11 | response at the time and in the manner required by the <u>Rules</u> and Court Orders..

12

13 | **REQUEST FOR ADMISSION NO. 72:**

14 |    Admit that the drawing produced by BRYANT bearing Bates serial

15 | number Bryant 00181 is intellectual property whose conversion is one basis of

16 | YOUR damage requests.

17

18 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

19 |    In addition to the foregoing general objections, which are incorporated

20 | herein by reference, Mattel objects to this Request on the grounds that it is vague

21 | and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

22 | does not have sufficient information about the drawing produced by Bryant bearing

23 | Bates number Bryant 00181 in order to frame a complete response.  Mattel further

24 | objects to this Request as unreasonably burdensome and premature in that the facts

25 | necessary to determine the full nature and extent of Mattel's relief and damages from

26 | defendants' acts or omissions are known by defendants and third parties associated

27 | with defendants, but are not fully known by Mattel at this juncture because of

28 | defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1628**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1        Subject to and without waiving the foregoing general and specific

2 objections, Mattel admits that it seeks damages for defendants' theft and conversion

3 of, among other things, the Bratz brand, including without limitation all inventions,

4 concepts, ideas, drawings and works, which were created, made, improved,

5 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8 including on the document produced by Bryant bearing Bates serial number Bryant

9 00181, while he was a Mattel employee and as a result of that work and Bryant's

10 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11 profits and ill-gotten gains from Bratz as well as other facts relating to this request

12 for admission are unknown to Mattel at this time and is known only to defendants,

13 because defendants have not provided necessary discovery and have concealed

14 facts, in violation of Court Orders. Moreover, the subject of this request for

15 admission and the damages suffered by Mattel may be the subject of expert opinion

16 or testimony. Mattel therefore reserves the right to supplement or amend this

17 response at the time and in the manner required by the Rules and Court Orders..

18

19 **REQUEST FOR ADMISSION NO. 73:**

20        Admit that the drawing produced by BRYANT bearing Bates serial

21 number Bryant 00182 is intellectual property whose conversion is one basis of

22 YOUR damage requests.

                                    **EXHIBIT 53**

23                                      **PAGE 1629**

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

25        In addition to the foregoing general objections, which are incorporated

26 herein by reference, Mattel objects to this Request on the grounds that it is vague

27 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28 does not have sufficient information about the drawing produced by Bryant bearing

1   Bates number Bryant 00182 in order to frame a complete response.  Mattel further

2   objects to this Request as unreasonably burdensome and premature in that the facts

3   necessary to determine the full nature and extent of Mattel's relief and damages from

4   defendants' acts or omissions are known by defendants and third parties associated

5   with defendants, but are not fully known by Mattel at this juncture because of

6   defendants' refusals to produce discovery.

7            Subject to and without waiving the foregoing general and specific

8   objections, Mattel admits that it seeks damages for defendants' theft and conversion

9   of, among other things, the Bratz brand, including without limitation all inventions,

10   concepts, ideas, drawings and works, which were created, made, improved,

11   conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12   employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13   gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14   including on the document produced by Bryant bearing Bates serial number Bryant

15   00182, while he was a Mattel employee and as a result of that work and Bryant's

16   unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17   profits and ill-gotten gains from Bratz as well as other facts relating to this request

18   for admission are unknown to Mattel at this time and is known only to defendants,

19   because defendants have not provided necessary discovery and have concealed

20   facts, in violation of Court Orders.  Moreover, the subject of this request for

21   admission and the damages suffered by Mattel may be the subject of expert opinion

22   or testimony.  Mattel therefore reserves the right to supplement or amend this

23   response at the time and in the manner required by the <u>Rules</u> and Court Orders.

24

25   **REQUEST FOR ADMISSION NO. 74:**

26            Admit that the drawing produced by BRYANT bearing Bates serial

27   number Bryant 00189 is intellectual property whose conversion is one basis of

28   YOUR damage requests.

**EXHIBIT 53**
**PAGE 1630**

7209/2238755.6

-55-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous.  Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00189 in order to frame a complete response.  Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00189, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged.  However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders.  Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony.  Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the <u>Rules</u> and Court Orders.

**REQUEST FOR ADMISSION NO. 75:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00190 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00190 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00190, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

**EXHIBIT 53**
**PAGE 1632**

1 | because defendants have not provided necessary discovery and have concealed
2 | facts, in violation of Court Orders. Moreover, the subject of this request for
3 | admission and the damages suffered by Mattel may be the subject of expert opinion
4 | or testimony. Mattel therefore reserves the right to supplement or amend this
5 | response at the time and in the manner required by the Rules and Court Orders.

6 |

7 | **REQUEST FOR ADMISSION NO. 76:**

8 |      Admit that the drawing produced by BRYANT bearing Bates serial
9 | number Bryant 00192 is intellectual property whose conversion is one basis of
10 | YOUR damage requests.

11 |

12 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

13 |      In addition to the foregoing general objections, which are incorporated
14 | herein by reference, Mattel objects to this Request on the grounds that it is vague
15 | and ambiguous. Mattel further objects to this Request on the grounds that Mattel
16 | does not have sufficient information about the drawing produced by Bryant bearing
17 | Bates number Bryant 00192 in order to frame a complete response. Mattel further
18 | objects to this Request as unreasonably burdensome and premature in that the facts
19 | necessary to determine the full nature and extent of Mattel's relief and damages from
20 | defendants' acts or omissions are known by defendants and third parties associated
21 | with defendants, but are not fully known by Mattel at this juncture because of
22 | defendants' refusals to produce discovery.

**EXHIBIT 53
PAGE 1633**

23 |      Subject to and without waiving the foregoing general and specific
24 | objections, Mattel admits that it seeks damages for defendants' theft and conversion
25 | of, among other things, the Bratz brand, including without limitation all inventions,
26 | concepts, ideas, drawings and works, which were created, made, improved,
27 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while
28 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

-58-