1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00192, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 77:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00193 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00193 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1634**

1    Subject to and without waiving the foregoing general and specific
2  objections, Mattel admits that it seeks damages for defendants' theft and conversion
3  of, among other things, the Bratz brand, including without limitation all inventions,
4  concepts, ideas, drawings and works, which were created, made, improved,
5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
8  including on the document produced by Bryant bearing Bates serial number Bryant
9  00193, while he was a Mattel employee and as a result of that work and Bryant's
10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
11  profits and ill-gotten gains from Bratz as well as other facts relating to this request
12  for admission are unknown to Mattel at this time and is known only to defendants,
13  because defendants have not provided necessary discovery and have concealed
14  facts, in violation of Court Orders. Moreover, the subject of this request for
15  admission and the damages suffered by Mattel may be the subject of expert opinion
16  or testimony. Mattel therefore reserves the right to supplement or amend this
17  response at the time and in the manner required by the Rules and Court Orders.
18
19  **REQUEST FOR ADMISSION NO. 78:**
20    Admit that the drawing produced by BRYANT bearing Bates serial
21  number Bryant 00194 is intellectual property whose conversion is one basis of
22  YOUR damage requests.                                    **EXHIBIT 53**
                                                           **PAGE 1635**
23
24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 78:**
25    In addition to the foregoing general objections, which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is vague
27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00194 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00194, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 79:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00195 is intellectual property whose conversion is one basis of

28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1636**

7209/2238755.6

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

2 |     In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel objects to this Request on the grounds that it is vague

4 | and ambiguous. Mattel further objects to this Request on the grounds that Mattel

5 | does not have sufficient information about the drawing produced by Bryant bearing

6 | Bates number Bryant 00195 in order to frame a complete response. Mattel further

7 | objects to this Request as unreasonably burdensome and premature in that the facts

8 | necessary to determine the full nature and extent of Mattel's relief and damages from

9 | defendants' acts or omissions are known by defendants and third parties associated

10 | with defendants, but are not fully known by Mattel at this juncture because of

11 | defendants' refusals to produce discovery.

12 |     Subject to and without waiving the foregoing general and specific

13 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 | of, among other things, the Bratz brand, including without limitation all inventions,

15 | concepts, ideas, drawings and works, which were created, made, improved,

16 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 | including on the document produced by Bryant bearing Bates serial number Bryant

20 | 00195, while he was a Mattel employee and as a result of that work and Bryant's

21 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'

22 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 | for admission are unknown to Mattel at this time and is known only to defendants,

24 | because defendants have not provided necessary discovery and have concealed

25 | facts, in violation of Court Orders. Moreover, the subject of this request for

26 | admission and the damages suffered by Mattel may be the subject of expert opinion

27 | or testimony. Mattel therefore reserves the right to supplement or amend this

28 | response at the time and in the manner required by the Rules and Court Orders.

**EXHIBIT 53**
**PAGE 1637**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 80:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00196 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00196 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00196, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

7209/2238755.6

**EXHIBIT 53**
**PAGE 1638**

-63-

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 81:**

8          Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00198 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

13          In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00198 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.                    **EXHIBIT 53**
                                                                  **PAGE 1639**

23          Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00198, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders.  Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony.  Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 82:**

14        Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00199 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

19        In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00199 in order to frame a complete response.  Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1640**

1    Subject to and without waiving the foregoing general and specific
2  objections, Mattel admits that it seeks damages for defendants' theft and conversion
3  of, among other things, the Bratz brand, including without limitation all inventions,
4  concepts, ideas, drawings and works, which were created, made, improved,
5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
8  including on the document produced by Bryant bearing Bates serial number Bryant
9  00199, while he was a Mattel employee and as a result of that work and Bryant's
10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
11  profits and ill-gotten gains from Bratz as well as other facts relating to this request
12  for admission are unknown to Mattel at this time and is known only to defendants,
13  because defendants have not provided necessary discovery and have concealed
14  facts, in violation of Court Orders. Moreover, the subject of this request for
15  admission and the damages suffered by Mattel may be the subject of expert opinion
16  or testimony. Mattel therefore reserves the right to supplement or amend this
17  response at the time and in the manner required by the Rules and Court Orders.
18
19  **REQUEST FOR ADMISSION NO. 83:**
20    Admit that the drawing produced by BRYANT bearing Bates serial
21  number Bryant 00200 is intellectual property whose conversion is one basis of
22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1641**

23
24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 83:**
25    In addition to the foregoing general objections, which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is vague
27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
28  does not have sufficient information about the drawing produced by Bryant bearing

1   Bates number Bryant 00200 in order to frame a complete response.  Mattel further
2   objects to this Request as unreasonably burdensome and premature in that the facts
3   necessary to determine the full nature and extent of Mattel's relief and damages from
4   defendants' acts or omissions are known by defendants and third parties associated
5   with defendants, but are not fully known by Mattel at this juncture because of
6   defendants' refusals to produce discovery.

7           Subject to and without waiving the foregoing general and specific
8   objections, Mattel admits that it seeks damages for defendants' theft and conversion
9   of, among other things, the Bratz brand, including without limitation all inventions,
10  concepts, ideas, drawings and works, which were created, made, improved,
11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,
14  including on the document produced by Bryant bearing Bates serial number Bryant
15  00200, while he was a Mattel employee and as a result of that work and Bryant's
16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
17  profits and ill-gotten gains from Bratz as well as other facts relating to this request
18  for admission are unknown to Mattel at this time and is known only to defendants,
19  because defendants have not provided necessary discovery and have concealed
20  facts, in violation of Court Orders.  Moreover, the subject of this request for
21  admission and the damages suffered by Mattel may be the subject of expert opinion
22  or testimony.  Mattel therefore reserves the right to supplement or amend this
23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 84:**

26          Admit that the drawing produced by BRYANT bearing Bates serial
27  number Bryant 00201 is intellectual property whose conversion is one basis of
28  YOUR damage requests.                                      **EXHIBIT 53**
                                                               **PAGE 1642**

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 84:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00201 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00201, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

EXHIBIT 53
PAGE 1643

**REQUEST FOR ADMISSION NO. 85:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00202 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00202 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00202, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

EXHIBIT 53
PAGE 1644

7209/2238755.6

-69-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 86:**

8    Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00203 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

13    In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00203 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1645**

23    Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1   gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00203, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders.  Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony.  Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 87:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00204 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00204 in order to frame a complete response.  Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1646**

1    Subject to and without waiving the foregoing general and specific

2   objections, Mattel admits that it seeks damages for defendants' theft and conversion

3   of, among other things, the Bratz brand, including without limitation all inventions,

4   concepts, ideas, drawings and works, which were created, made, improved,

5   conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6   employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8   including on the document produced by Bryant bearing Bates serial number Bryant

9   00204, while he was a Mattel employee and as a result of that work and Bryant's

10   unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

11   profits and ill-gotten gains from Bratz as well as other facts relating to this request

12   for admission are unknown to Mattel at this time and is known only to defendants,

13   because defendants have not provided necessary discovery and have concealed

14   facts, in violation of Court Orders.  Moreover, the subject of this request for

15   admission and the damages suffered by Mattel may be the subject of expert opinion

16   or testimony.  Mattel therefore reserves the right to supplement or amend this

17   response at the time and in the manner required by the Rules and Court Orders.

18

19   **REQUEST FOR ADMISSION NO. 88:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21   number Bryant 00205 is intellectual property whose conversion is one basis of

22   YOUR damage requests.

**EXHIBIT 53**
**PAGE 1647**

23

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

25    In addition to the foregoing general objections, which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is vague

27   and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28   does not have sufficient information about the drawing produced by Bryant bearing

'209/2238755.6

1  Bates number Bryant 00205 in order to frame a complete response. Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00205, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders. Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony. Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 89:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00206 is intellectual property whose conversion is one basis of

28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1648**

EXHIBIT 53
PAGE 1649

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00206 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00206, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

1  **REQUEST FOR ADMISSION NO. 90:**

2        Admit that the drawing produced by BRYANT bearing Bates serial

3  number Bryant 00207 is intellectual property whose conversion is one basis of

4  YOUR damage requests.

                                        **EXHIBIT 53**

5                                          **PAGE 1650**

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

7        In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is vague

9  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

10  does not have sufficient information about the drawing produced by Bryant bearing

11  Bates number Bryant 00207 in order to frame a complete response.  Mattel further

12  objects to this Request as unreasonably burdensome and premature in that the facts

13  necessary to determine the full nature and extent of Mattel's relief and damages from

14  defendants' acts or omissions are known by defendants and third parties associated

15  with defendants, but are not fully known by Mattel at this juncture because of

16  defendants' refusals to produce discovery.

17        Subject to and without waiving the foregoing general and specific

18  objections, Mattel admits that it seeks damages for defendants' theft and conversion

19  of, among other things, the Bratz brand, including without limitation all inventions,

20  concepts, ideas, drawings and works, which were created, made, improved,

21  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

24  including on the document produced by Bryant bearing Bates serial number Bryant

25  00207, while he was a Mattel employee and as a result of that work and Bryant's

26  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

27  profits and ill-gotten gains from Bratz as well as other facts relating to this request

28  for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 91:**

8      Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00208 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1651**

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

13      In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00208 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

23      Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

209/2238755.6

-76-

1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00208, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 92:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00209 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1652**

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00209 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

1    Subject to and without waiving the foregoing general and specific

2    objections, Mattel admits that it seeks damages for defendants' theft and conversion

3    of, among other things, the Bratz brand, including without limitation all inventions,

4    concepts, ideas, drawings and works, which were created, made, improved,

5    conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6    employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7    gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8    including on the document produced by Bryant bearing Bates serial number Bryant

9    00209, while he was a Mattel employee and as a result of that work and Bryant's

10   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11   profits and ill-gotten gains from Bratz as well as other facts relating to this request

12   for admission are unknown to Mattel at this time and is known only to defendants,

13   because defendants have not provided necessary discovery and have concealed

14   facts, in violation of Court Orders. Moreover, the subject of this request for

15   admission and the damages suffered by Mattel may be the subject of expert opinion

16   or testimony. Mattel therefore reserves the right to supplement or amend this

17   response at the time and in the manner required by the Rules and Court Orders.

18

19   **REQUEST FOR ADMISSION NO. 93:**

20   Admit that the drawing produced by BRYANT bearing Bates serial

21   number Bryant 00210 is intellectual property whose conversion is one basis of

22   YOUR damage requests.

**EXHIBIT 53**
**PAGE 1653**

23

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

25   In addition to the foregoing general objections, which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is vague

27   and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28   does not have sufficient information about the drawing produced by Bryant bearing

r209/2238755.6

1   Bates number Bryant 00210 in order to frame a complete response.  Mattel further

2   objects to this Request as unreasonably burdensome and premature in that the facts

3   necessary to determine the full nature and extent of Mattel's relief and damages from

4   defendants' acts or omissions are known by defendants and third parties associated

5   with defendants, but are not fully known by Mattel at this juncture because of

6   defendants' refusals to produce discovery.

7           Subject to and without waiving the foregoing general and specific

8   objections, Mattel admits that it seeks damages for defendants' theft and conversion

9   of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00210, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 94:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00211 is intellectual property whose conversion is one basis of

28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1654**

-79-

EXHIBIT 53
PAGE 1655

1 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

2 |     In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel objects to this Request on the grounds that it is vague

4 | and ambiguous. Mattel further objects to this Request on the grounds that Mattel

5 | does not have sufficient information about the drawing produced by Bryant bearing

6 | Bates number Bryant 00211 in order to frame a complete response. Mattel further

7 | objects to this Request as unreasonably burdensome and premature in that the facts

8 | necessary to determine the full nature and extent of Mattel's relief and damages from

9 | defendants' acts or omissions are known by defendants and third parties associated

10 | with defendants, but are not fully known by Mattel at this juncture because of

11 | defendants' refusals to produce discovery.

12 |     Subject to and without waiving the foregoing general and specific

13 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 | of, among other things, the Bratz brand, including without limitation all inventions,

15 | concepts, ideas, drawings and works, which were created, made, improved,

16 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 | including on the document produced by Bryant bearing Bates serial number Bryant

20 | 00211, while he was a Mattel employee and as a result of that work and Bryant's

21 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'

22 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 | for admission are unknown to Mattel at this time and is known only to defendants,

24 | because defendants have not provided necessary discovery and have concealed

25 | facts, in violation of Court Orders. Moreover, the subject of this request for

26 | admission and the damages suffered by Mattel may be the subject of expert opinion

27 | or testimony. Mattel therefore reserves the right to supplement or amend this

28 | response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 95:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00212 is intellectual property whose conversion is one basis of YOUR damage requests.

**EXHIBIT 53**
**PAGE 1656**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00212 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00212, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1 | because defendants have not provided necessary discovery and have concealed
2 | facts, in violation of Court Orders.  Moreover, the subject of this request for
3 | admission and the damages suffered by Mattel may be the subject of expert opinion
4 | or testimony.  Mattel therefore reserves the right to supplement or amend this
5 | response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7 | **REQUEST FOR ADMISSION NO. 96:**

8 | Admit that the drawing produced by BRYANT bearing Bates serial
9 | number Bryant 00213 is intellectual property whose conversion is one basis of
10 | YOUR damage requests.

**EXHIBIT 53**
**PAGE 1657**

11

12 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

13 | In addition to the foregoing general objections, which are incorporated
14 | herein by reference, Mattel objects to this Request on the grounds that it is vague
15 | and ambiguous.  Mattel further objects to this Request on the grounds that Mattel
16 | does not have sufficient information about the drawing produced by Bryant bearing
17 | Bates number Bryant 00213 in order to frame a complete response.  Mattel further
18 | objects to this Request as unreasonably burdensome and premature in that the facts
19 | necessary to determine the full nature and extent of Mattel's relief and damages from
20 | defendants' acts or omissions are known by defendants and third parties associated
21 | with defendants, but are not fully known by Mattel at this juncture because of
22 | defendants' refusals to produce discovery.

23 | Subject to and without waiving the foregoing general and specific
24 | objections, Mattel admits that it seeks damages for defendants' theft and conversion
25 | of, among other things, the Bratz brand, including without limitation all inventions,
26 | concepts, ideas, drawings and works, which were created, made, improved,
27 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while
28 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2 including on the document produced by Bryant bearing Bates serial number Bryant

3 00213, while he was a Mattel employee and as a result of that work and Bryant's

4 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5 profits and ill-gotten gains from Bratz as well as other facts relating to this request

6 for admission are unknown to Mattel at this time and is known only to defendants,

7 because defendants have not provided necessary discovery and have concealed

8 facts, in violation of Court Orders. Moreover, the subject of this request for

9 admission and the damages suffered by Mattel may be the subject of expert opinion

10 or testimony. Mattel therefore reserves the right to supplement or amend this

11 response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13 **REQUEST FOR ADMISSION NO. 97:**

14       Admit that the drawing produced by BRYANT bearing Bates serial

15 number Bryant 00214 is intellectual property whose conversion is one basis of

16 YOUR damage requests.

**EXHIBIT 53**
**PAGE 1658**

17

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

19       In addition to the foregoing general objections, which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is vague

21 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22 does not have sufficient information about the drawing produced by Bryant bearing

23 Bates number Bryant 00214 in order to frame a complete response. Mattel further

24 objects to this Request as unreasonably burdensome and premature in that the facts

25 necessary to determine the full nature and extent of Mattel's relief and damages from

26 defendants' acts or omissions are known by defendants and third parties associated

27 with defendants, but are not fully known by Mattel at this juncture because of

28 defendants' refusals to produce discovery.

1         Subject to and without waiving the foregoing general and specific

2   objections, Mattel admits that it seeks damages for defendants' theft and conversion

3   of, among other things, the Bratz brand, including without limitation all inventions,

4   concepts, ideas, drawings and works, which were created, made, improved,

5   conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6   employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8   including on the document produced by Bryant bearing Bates serial number Bryant

9   00214, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 98:**

20        Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00215 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1659**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

25        In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

-84-

1  Bates number Bryant 00215 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10 concepts, ideas, drawings and works, which were created, made, improved,

11 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14 including on the document produced by Bryant bearing Bates serial number Bryant

15 00215, while he was a Mattel employee and as a result of that work and Bryant's

16 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17 profits and ill-gotten gains from Bratz as well as other facts relating to this request

18 for admission are unknown to Mattel at this time and is known only to defendants,

19 because defendants have not provided necessary discovery and have concealed

20 facts, in violation of Court Orders.  Moreover, the subject of this request for

21 admission and the damages suffered by Mattel may be the subject of expert opinion

22 or testimony.  Mattel therefore reserves the right to supplement or amend this

23 response at the time and in the manner required by the Rules and Court Orders.

24

25 **REQUEST FOR ADMISSION NO. 99:**

26         Admit that the drawing produced by BRYANT bearing Bates serial

27 number Bryant 00216 is intellectual property whose conversion is one basis of

28 YOUR damage requests.

**EXHIBIT 53**
**PAGE 1660**

EXHIBIT 53
PAGE 1661

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 99:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00216 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00216, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

1 | **REQUEST FOR ADMISSION NO. 100:**

2 |      Admit that the drawing produced by BRYANT bearing Bates serial

3 | number Bryant 00218 is intellectual property whose conversion is one basis of

4 | YOUR damage requests.

**EXHIBIT 53**
**PAGE 1662**

5 |

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

7 |      In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel objects to this Request on the grounds that it is vague

9 | and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

10 | does not have sufficient information about the drawing produced by Bryant bearing

11 | Bates number Bryant 00218 in order to frame a complete response.  Mattel further

12 | objects to this Request as unreasonably burdensome and premature in that the facts

13 | necessary to determine the full nature and extent of Mattel's relief and damages from

14 | defendants' acts or omissions are known by defendants and third parties associated

15 | with defendants, but are not fully known by Mattel at this juncture because of

16 | defendants' refusals to produce discovery.

17 |      Subject to and without waiving the foregoing general and specific

18 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 | of, among other things, the Bratz brand, including without limitation all inventions,

20 | concepts, ideas, drawings and works, which were created, made, improved,

21 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 | gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 | including on the document produced by Bryant bearing Bates serial number Bryant

25 | 00218, while he was a Mattel employee and as a result of that work and Bryant's

26 | unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

27 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 | for admission are unknown to Mattel at this time and is known only to defendants,

-87-

1   because defendants have not provided necessary discovery and have concealed

2   facts, in violation of Court Orders.  Moreover, the subject of this request for

3   admission and the damages suffered by Mattel may be the subject of expert opinion

4   or testimony.  Mattel therefore reserves the right to supplement or amend this

5   response at the time and in the manner required by the Rules and Court Orders.

6

7   **REQUEST FOR ADMISSION NO. 101:**

8            Admit that the drawing produced by BRYANT bearing Bates serial

9   number Bryant 00341 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

                                                    **EXHIBIT 53**
11                                                  **PAGE 1663**

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

13           In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00341 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

23           Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00341, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders. Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 102:**

14       Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00972 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

        **EXHIBIT 53**

17          **PAGE 1664**

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

19       In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00972 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

1          Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00972, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 103:**

20          Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 01014 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1665**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

25          In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1   Bates number Bryant 01014 in order to frame a complete response.  Mattel further
2   objects to this Request as unreasonably burdensome and premature in that the facts
3   necessary to determine the full nature and extent of Mattel's relief and damages from
4   defendants' acts or omissions are known by defendants and third parties associated
5   with defendants, but are not fully known by Mattel at this juncture because of
6   defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific
8   objections, Mattel admits that it seeks damages for defendants' theft and conversion
9   of, among other things, the Bratz brand, including without limitation all inventions,
10  concepts, ideas, drawings and works, which were created, made, improved,
11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,
14  including on the document produced by Bryant bearing Bates serial number Bryant
15  01014, while he was a Mattel employee and as a result of that work and Bryant's
16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
17  profits and ill-gotten gains from Bratz as well as other facts relating to this request
18  for admission are unknown to Mattel at this time and is known only to defendants,
19  because defendants have not provided necessary discovery and have concealed
20  facts, in violation of Court Orders.  Moreover, the subject of this request for
21  admission and the damages suffered by Mattel may be the subject of expert opinion
22  or testimony.  Mattel therefore reserves the right to supplement or amend this
23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 104:**

26          Admit that the drawing produced by BRYANT bearing Bates serial
27  number Bryant 01116 is intellectual property whose conversion is one basis of
28  YOUR damage requests.

**EXHIBIT 53
PAGE 1666**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 01116 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1667**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 01116, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 105:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 01117 is intellectual property whose conversion is one basis of YOUR damage requests.

**EXHIBIT 53**
**PAGE 1668**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 01117 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 01117, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 106:**

8      • Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 01118 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11                                           **EXHIBIT 53**
                                         **PAGE 1669**

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

13      In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 01118 in order to frame a response, complete response.

18  Mattel further objects to this Request as unreasonably burdensome and premature in

19  that the facts necessary to determine the full nature and extent of Mattel's relief and

20  damages from defendants' acts or omissions are known by defendants and third

21  parties associated with defendants, but are not fully known by Mattel at this juncture

22  because of defendants' refusals to produce discovery.

23      Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   01118, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 107:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00175 is not intellectual property for whose conversion YOU seek

16  damages.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00175 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1670**

7209/2238755.6

-95-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00175, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 108:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00176 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1671**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

7209/2238755.6

1  Bates number Bryant 00176 in order to frame a complete response. Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7       Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00176, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders. Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony. Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 109:**

26       Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00177 is not intellectual property for whose conversion YOU seek

28  damages.

**EXHIBIT 53**
**PAGE 1672**

7209/2238755.6

-97-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 109:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00177 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1673**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00177, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 110:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00179 is not intellectual property for whose conversion YOU seek damages.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00179 in order to frame complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1674**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00179, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 because defendants have not provided necessary discovery and have concealed

2 facts, in violation of Court Orders.  Moreover, the subject of this request for

3 admission and the damages suffered by Mattel may be the subject of expert opinion

4 or testimony.  Mattel therefore reserves the right to supplement or amend this

5 response at the time and in the manner required by the Rules and Court Orders.

6

7 **REQUEST FOR ADMISSION NO. 111:**

8       Admit that the drawing produced by BRYANT bearing Bates serial

9 number Bryant 00180 is not intellectual property for whose conversion YOU seek

10 damages.

**EXHIBIT 53**
**PAGE 1675**

11

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

13       In addition to the foregoing general objections, which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it is vague

15 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16 does not have sufficient information about the drawing produced by Bryant bearing

17 Bates number Bryant 00180 in order to frame complete response.  Mattel further

18 objects to this Request as unreasonably burdensome and premature in that the facts

19 necessary to determine the full nature and extent of Mattel's relief and damages from

20 defendants' acts or omissions are known by defendants and third parties associated

21 with defendants, but are not fully known by Mattel at this juncture because of

22 defendants' refusals to produce discovery.

23       Subject to and without waiving the foregoing general and specific

24 objections, Mattel admits that it seeks damages for defendants' theft and conversion

25 of, among other things, the Bratz brand, including without limitation all inventions,

26 concepts, ideas, drawings and works, which were created, made, improved,

27 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00180, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders.  Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony.  Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 112:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00181 is not intellectual property for whose conversion YOU seek

16  damages.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00181 in order to frame a complete response.  Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1676**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1       Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00181, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 113:**

20       Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00182 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1677**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

25       In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

7209/2238755.6

1  Bates number Bryant 00182 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00182, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 114:**

26         Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00189 is not intellectual property for whose conversion YOU seek

28  damages.

**EXHIBIT 53**
**PAGE 1678**

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 114:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00189 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53
PAGE 1679**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00189, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 115:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00190 is not intellectual property for whose conversion YOU seek damages.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00190 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1680**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00190, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders. Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony. Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 116:**

8         Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00192 is not intellectual property for whose conversion YOU seek

10  damages.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

13         In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00192 in order to frame a complete response. Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.          **EXHIBIT 53**
                                                        **PAGE 1681**

23         Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2  including on the document produced by Bryant bearing Bates serial number Bryant
3  00192, while he was a Mattel employee and as a result of that work and Bryant's
4  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
5  profits and ill-gotten gains from Bratz as well as other facts relating to this request
6  for admission are unknown to Mattel at this time and is known only to defendants,
7  because defendants have not provided necessary discovery and have concealed
8  facts, in violation of Court Orders.  Moreover, the subject of this request for
9  admission and the damages suffered by Mattel may be the subject of expert opinion
10  or testimony.  Mattel therefore reserves the right to supplement or amend this
11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.
12
13  **REQUEST FOR ADMISSION NO. 117:**
14        Admit that the drawing produced by BRYANT bearing Bates serial
15  number Bryant 00193 is not intellectual property for whose conversion YOU seek
16  damages.
17
18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 117:**
19        In addition to the foregoing general objections, which are incorporated
20  herein by reference, Mattel objects to this Request on the grounds that it is vague
21  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel
22  does not have sufficient information about the drawing produced by Bryant bearing
23  Bates number Bryant 00193 in order to frame a complete response.  Mattel further
24  objects to this Request as unreasonably burdensome and premature in that the facts
25  necessary to determine the full nature and extent of Mattel's relief and damages from
26  defendants' acts or omissions are known by defendants and third parties associated
27  with defendants, but are not fully known by Mattel at this juncture because of
28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1682**

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00193, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 118:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00194 is not intellectual property for whose conversion YOU seek

22  damages.

23

**EXHIBIT 53
PAGE 1683**

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00194 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10 concepts, ideas, drawings and works, which were created, made, improved,

11 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14 including on the document produced by Bryant bearing Bates serial number Bryant

15 00194, while he was a Mattel employee and as a result of that work and Bryant's

16 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17 profits and ill-gotten gains from Bratz as well as other facts relating to this request

18 for admission are unknown to Mattel at this time and is known only to defendants,

19 because defendants have not provided necessary discovery and have concealed

20 facts, in violation of Court Orders.  Moreover, the subject of this request for

21 admission and the damages suffered by Mattel may be the subject of expert opinion

22 or testimony.  Mattel therefore reserves the right to supplement or amend this

23 response at the time and in the manner required by the <u>Rules</u> and Court Orders.

24

25 **REQUEST FOR ADMISSION NO. 119:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27 number Bryant 00195 is not intellectual property for whose conversion YOU seek

28 damages.

**EXHIBIT 53**
**PAGE 1684**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

2         In addition to the foregoing general objections, which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is vague

4 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

5 does not have sufficient information about the drawing produced by Bryant bearing

6 Bates number Bryant 00195 in order to frame a complete response. Mattel further

7 objects to this Request as unreasonably burdensome and premature in that the facts

8 necessary to determine the full nature and extent of Mattel's relief and damages from

9 defendants' acts or omissions are known by defendants and third parties associated

10 with defendants, but are not fully known by Mattel at this juncture because of

11 defendants' refusals to produce discovery.              **EXHIBIT 53**
                                                      **PAGE 1685**

12         Subject to and without waiving the foregoing general and specific

13 objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 of, among other things, the Bratz brand, including without limitation all inventions,

15 concepts, ideas, drawings and works, which were created, made, improved,

16 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 including on the document produced by Bryant bearing Bates serial number Bryant

20 00195, while he was a Mattel employee and as a result of that work and Bryant's

21 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

22 profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 for admission are unknown to Mattel at this time and is known only to defendants,

24 because defendants have not provided necessary discovery and have concealed

25 facts, in violation of Court Orders. Moreover, the subject of this request for

26 admission and the damages suffered by Mattel may be the subject of expert opinion

27 or testimony. Mattel therefore reserves the right to supplement or amend this

28 response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 120:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00196 is not intellectual property for whose conversion YOU seek damages.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00196 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1686**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00196, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1    because defendants have not provided necessary discovery and have concealed

2    facts, in violation of Court Orders.  Moreover, the subject of this request for

3    admission and the damages suffered by Mattel may be the subject of expert opinion

4    or testimony.  Mattel therefore reserves the right to supplement or amend this

5    response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7    **REQUEST FOR ADMISSION NO. 121:**

8         Admit that the drawing produced by BRYANT bearing Bates serial

9    number Bryant 00198 is not intellectual property for whose conversion YOU seek

10   damages.

**EXHIBIT 53**
**PAGE 1687**

11

12   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

13        In addition to the foregoing general objections, which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is vague

15   and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16   does not have sufficient information about the drawing produced by Bryant bearing

17   Bates number Bryant 00198 in order to frame a complete response.  Mattel further

18   objects to this Request as unreasonably burdensome and premature in that the facts

19   necessary to determine the full nature and extent of Mattel's relief and damages from

20   defendants' acts or omissions are known by defendants and third parties associated

21   with defendants, but are not fully known by Mattel at this juncture because of

22   defendants' refusals to produce discovery.

23        Subject to and without waiving the foregoing general and specific

24   objections, Mattel admits that it seeks damages for defendants' theft and conversion

25   of, among other things, the Bratz brand, including without limitation all inventions,

26   concepts, ideas, drawings and works, which were created, made, improved,

27   conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28   employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1   gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00198, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders.  Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10   or testimony.  Mattel therefore reserves the right to supplement or amend this

11   response at the time and in the manner required by the Rules and Court Orders.

12

13   **REQUEST FOR ADMISSION NO. 122:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15   number Bryant 00199 is not intellectual property for whose conversion YOU seek

16   damages.

**EXHIBIT 53**
**PAGE 1688**

17

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

19          In addition to the foregoing general objections, which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is vague

21   and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

22   does not have sufficient information about the drawing produced by Bryant bearing

23   Bates number Bryant 00199 in order to frame a complete response.  Mattel further

24   objects to this Request as unreasonably burdensome and premature in that the facts

25   necessary to determine the full nature and extent of Mattel's relief and damages from

26   defendants' acts or omissions are known by defendants and third parties associated

27   with defendants, but are not fully known by Mattel at this juncture because of

28   defendants' refusals to produce discovery.

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00199, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 123:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00200 is not intellectual property for whose conversion YOU seek

22  damages.

23

**EXHIBIT 53**
**PAGE 1689**

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

7209/2238755.6

-114-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  Bates number Bryant 00200 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00200, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 124:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00201 is not intellectual property for whose conversion YOU seek

28  damages.

**EXHIBIT 53**
**PAGE 1690**

'209/2238755.6

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

2        In addition to the foregoing general objections, which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is vague

4 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

5 does not have sufficient information about the drawing produced by Bryant bearing

6 Bates number Bryant 00201 in order to frame a complete response.  Mattel further

7 objects to this Request as unreasonably burdensome and premature in that the facts

8 necessary to determine the full nature and extent of Mattel's relief and damages from

9 defendants' acts or omissions are known by defendants and third parties associated

10 with defendants, but are not fully known by Mattel at this juncture because of

11 defendants' refusals to produce discovery.                **EXHIBIT 53**
                                                          **PAGE 1691**

12        Subject to and without waiving the foregoing general and specific

13 objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 of, among other things, the Bratz brand, including without limitation all inventions,

15 concepts, ideas, drawings and works, which were created, made, improved,

16 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 including on the document produced by Bryant bearing Bates serial number Bryant

20 00201, while he was a Mattel employee and as a result of that work and Bryant's

21 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

22 profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 for admission are unknown to Mattel at this time and is known only to defendants,

24 because defendants have not provided necessary discovery and have concealed

25 facts, in violation of Court Orders.  Moreover, the subject of this request for

26 admission and the damages suffered by Mattel may be the subject of expert opinion

27 or testimony.  Mattel therefore reserves the right to supplement or amend this

28 response at the time and in the manner required by the Rules and Court Orders.

7209/2238755.6

-116-

**REQUEST FOR ADMISSION NO. 125:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00202 is not intellectual property for whose conversion YOU seek damages.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00202 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1692**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00202, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 126:**

8        Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00203 is not intellectual property for whose conversion YOU seek

10  damages.

**EXHIBIT 53**
**PAGE 1693**

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

13        In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00203 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

23        Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

-118-