1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00203, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 127:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00204 is not intellectual property for whose conversion YOU seek

16  damages.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00204 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1694**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00204, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 128:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00205 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1695**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00205 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00205, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 129:**

26         Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00206 is not intellectual property for whose conversion YOU seek

28  damages.

**EXHIBIT 53**
**PAGE 1696**

EXHIBIT 53
PAGE 1697

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00206 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00206, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

1 | **REQUEST FOR ADMISSION NO. 130:**

2 |         Admit that the drawing produced by BRYANT bearing Bates serial

3 | number Bryant 00207 is not intellectual property for whose conversion YOU seek

4 | damages.

**EXHIBIT 53**
**PAGE 1698**

5 |

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

7 |         In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel objects to this Request on the grounds that it is vague

9 | and ambiguous. Mattel further objects to this Request on the grounds that Mattel

10 | does not have sufficient information about the drawing produced by Bryant bearing

11 | Bates number Bryant 00207 in order to frame a complete response. Mattel further

12 | objects to this Request as unreasonably burdensome and premature in that the facts

13 | necessary to determine the full nature and extent of Mattel's relief and damages from

14 | defendants' acts or omissions are known by defendants and third parties associated

15 | with defendants, but are not fully known by Mattel at this juncture because of

16 | defendants' refusals to produce discovery.

17 |         Subject to and without waiving the foregoing general and specific

18 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 | of, among other things, the Bratz brand, including without limitation all inventions,

20 | concepts, ideas, drawings and works, which were created, made, improved,

21 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 | including on the document produced by Bryant bearing Bates serial number Bryant

25 | 00207, while he was a Mattel employee and as a result of that work and Bryant's

26 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'

27 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 | for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 131:**

8          Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00208 is not intellectual property for whose conversion YOU seek

10  damages.

**EXHIBIT 53**
**PAGE 1699**

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

13          In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00208 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

23          Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2  including on the document produced by Bryant bearing Bates serial number Bryant
3  00208, while he was a Mattel employee and as a result of that work and Bryant's
4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
5  profits and ill-gotten gains from Bratz as well as other facts relating to this request
6  for admission are unknown to Mattel at this time and is known only to defendants,
7  because defendants have not provided necessary discovery and have concealed
8  facts, in violation of Court Orders. Moreover, the subject of this request for
9  admission and the damages suffered by Mattel may be the subject of expert opinion
10 or testimony. Mattel therefore reserves the right to supplement or amend this
11 response at the time and in the manner required by the Rules and Court Orders.
12
13 **REQUEST FOR ADMISSION NO. 132:**
14          Admit that the drawing produced by BRYANT bearing Bates serial
15 number Bryant 00209 is not intellectual property for whose conversion YOU seek
16 damages.
17
18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 132:**
19          In addition to the foregoing general objections, which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is vague
21 and ambiguous. Mattel further objects to this Request on the grounds that Mattel
22 does not have sufficient information about the drawing produced by Bryant bearing
23 Bates number Bryant 00209 in order to frame a complete response. Mattel further
24 objects to this Request as unreasonably burdensome and premature in that the facts
25 necessary to determine the full nature and extent of Mattel's relief and damages from
26 defendants' acts or omissions are known by defendants and third parties associated
27 with defendants, but are not fully known by Mattel at this juncture because of
28 defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1700**

1        Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00209, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders.  Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony.  Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 133:**

20        Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00210 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1701**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

25        In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00210 in order to frame a complete response. Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7     Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00210, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders. Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony. Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 134:**

26     Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00211 is not intellectual property for whose conversion YOU seek

28  damages.

**EXHIBIT 53**
**PAGE 1702**

EXHIBIT 53
PAGE 1703

1 ## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 134:

2   In addition to the foregoing general objections, which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is vague

4 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

5 does not have sufficient information about the drawing produced by Bryant bearing

6 Bates number Bryant 00211 in order to frame a complete response. Mattel further

7 objects to this Request as unreasonably burdensome and premature in that the facts

8 necessary to determine the full nature and extent of Mattel's relief and damages from

9 defendants' acts or omissions are known by defendants and third parties associated

10 with defendants, but are not fully known by Mattel at this juncture because of

11 defendants' refusals to produce discovery.

12   Subject to and without waiving the foregoing general and specific

13 objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 of, among other things, the Bratz brand, including without limitation all inventions,

15 concepts, ideas, drawings and works, which were created, made, improved,

16 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 including on the document produced by Bryant bearing Bates serial number Bryant

20 00211, while he was a Mattel employee and as a result of that work and Bryant's

21 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

22 profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 for admission are unknown to Mattel at this time and is known only to defendants,

24 because defendants have not provided necessary discovery and have concealed

25 facts, in violation of Court Orders. Moreover, the subject of this request for

26 admission and the damages suffered by Mattel may be the subject of expert opinion

27 or testimony. Mattel therefore reserves the right to supplement or amend this

28 response at the time and in the manner required by the Rules and Court Orders.

1 **REQUEST FOR ADMISSION NO. 135:**

2       Admit that the drawing produced by BRYANT bearing Bates serial

3 number Bryant 00212 is not intellectual property for whose conversion YOU seek

4 damages.

                                                   **EXHIBIT 53**

5                                                   **PAGE 1704**

6 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

7       In addition to the foregoing general objections, which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is vague

9 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

10 does not have sufficient information about the drawing produced by Bryant bearing

11 Bates number Bryant 00212 in order to frame a complete response. Mattel further

12 objects to this Request as unreasonably burdensome and premature in that the facts

13 necessary to determine the full nature and extent of Mattel's relief and damages from

14 defendants' acts or omissions are known by defendants and third parties associated

15 with defendants, but are not fully known by Mattel at this juncture because of

16 defendants' refusals to produce discovery.

17       Subject to and without waiving the foregoing general and specific

18 objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 of, among other things, the Bratz brand, including without limitation all inventions,

20 concepts, ideas, drawings and works, which were created, made, improved,

21 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 including on the document produced by Bryant bearing Bates serial number Bryant

25 00212, while he was a Mattel employee and as a result of that work and Bryant's

26 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

27 profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 for admission are unknown to Mattel at this time and is known only to defendants,

'209/2238755.6

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 136:**

8        Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00213 is not intellectual property for whose conversion YOU seek

10  damages.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

13        In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00213 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.                    **EXHIBIT 53**
                                                                  **PAGE 1705**

23        Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

-130-

1 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2 | including on the document produced by Bryant bearing Bates serial number Bryant
3 | 00213, while he was a Mattel employee and as a result of that work and Bryant's
4 | unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
5 | profits and ill-gotten gains from Bratz as well as other facts relating to this request
6 | for admission are unknown to Mattel at this time and is known only to defendants,
7 | because defendants have not provided necessary discovery and have concealed
8 | facts, in violation of Court Orders.  Moreover, the subject of this request for
9 | admission and the damages suffered by Mattel may be the subject of expert opinion
10 | or testimony.  Mattel therefore reserves the right to supplement or amend this
11 | response at the time and in the manner required by the <u>Rules</u> and Court Orders.

13 | **REQUEST FOR ADMISSION NO. 137:**

14 | Admit that the drawing produced by BRYANT bearing Bates serial
15 | number Bryant 00214 is not intellectual property for whose conversion YOU seek
16 | damages.

18 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

19 | In addition to the foregoing general objections, which are incorporated
20 | herein by reference, Mattel objects to this Request on the grounds that it is vague
21 | and ambiguous.  Mattel further objects to this Request on the grounds that Mattel
22 | does not have sufficient information about the drawing produced by Bryant bearing
23 | Bates number Bryant 00214 in order to frame a complete response.  Mattel further
24 | objects to this Request as unreasonably burdensome and premature in that the facts
25 | necessary to determine the full nature and extent of Mattel's relief and damages from
26 | defendants' acts or omissions are known by defendants and third parties associated
27 | with defendants, but are not fully known by Mattel at this juncture because of
28 | defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1706**

-131-

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00214, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 138:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00215 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1707**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00215 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00215, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 139:**

26         Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00216 is not intellectual property for whose conversion YOU seek

28  damages.

**EXHIBIT 53**
**PAGE 1708**

EXHIBIT 53
PAGE 1709

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 139:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00216 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00216, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 140:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00218 is not intellectual property for whose conversion YOU seek damages.

**EXHIBIT 53**
**PAGE 1710**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00218 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00218, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 141:**

8      Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00341 is not intellectual property for whose conversion YOU seek

10  damages.

**EXHIBIT 53**
**PAGE 1711**

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

13      In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00341 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

23      Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00341, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders. Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 142:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00972 is not intellectual property for whose conversion YOU seek

16  damages.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00972 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1712**

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00972, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders.  Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony.  Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 143:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 01014 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1713**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 01014 in order to frame a complete response.  Mattel further
2  objects to this Request as unreasonably burdensome and premature in that the facts
3  necessary to determine the full nature and extent of Mattel's relief and damages from
4  defendants' acts or omissions are known by defendants and third parties associated
5  with defendants, but are not fully known by Mattel at this juncture because of
6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific
8  objections, Mattel admits that it seeks damages for defendants' theft and conversion
9  of, among other things, the Bratz brand, including without limitation all inventions,
10  concepts, ideas, drawings and works, which were created, made, improved,
11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,
14  including on the document produced by Bryant bearing Bates serial number Bryant
15  01014, while he was a Mattel employee and as a result of that work and Bryant's
16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
17  profits and ill-gotten gains from Bratz as well as other facts relating to this request
18  for admission are unknown to Mattel at this time and is known only to defendants,
19  because defendants have not provided necessary discovery and have concealed
20  facts, in violation of Court Orders.  Moreover, the subject of this request for
21  admission and the damages suffered by Mattel may be the subject of expert opinion
22  or testimony.  Mattel therefore reserves the right to supplement or amend this
23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 144:**

26          Admit that the drawing produced by BRYANT bearing Bates serial
27  number Bryant 01116 is not intellectual property for whose conversion YOU seek
28  damages.

**EXHIBIT 53**
**PAGE 1714**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

EXHIBIT 53
PAGE 1715

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is vague

4  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

5  does not have sufficient information about the drawing produced by Bryant bearing

6  Bates number Bryant 01116 in order to frame a complete response.  Mattel further

7  objects to this Request as unreasonably burdensome and premature in that the facts

8  necessary to determine the full nature and extent of Mattel's relief and damages from

9  defendants' acts or omissions are known by defendants and third parties associated

10  with defendants, but are not fully known by Mattel at this juncture because of

11  defendants' refusals to produce discovery.

12          Subject to and without waiving the foregoing general and specific

13  objections, Mattel admits that it seeks damages for defendants' theft and conversion

14  of, among other things, the Bratz brand, including without limitation all inventions,

15  concepts, ideas, drawings and works, which were created, made, improved,

16  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

19  including on the document produced by Bryant bearing Bates serial number Bryant

20  01116, while he was a Mattel employee and as a result of that work and Bryant's

21  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

22  profits and ill-gotten gains from Bratz as well as other facts relating to this request

23  for admission are unknown to Mattel at this time and is known only to defendants,

24  because defendants have not provided necessary discovery and have concealed

25  facts, in violation of Court Orders.  Moreover, the subject of this request for

26  admission and the damages suffered by Mattel may be the subject of expert opinion

27  or testimony.  Mattel therefore reserves the right to supplement or amend this

28  response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 145:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 01117 is not intellectual property for whose conversion YOU seek damages.

**EXHIBIT 53
PAGE 1716**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 01117 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 01117, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1   because defendants have not provided necessary discovery and have concealed

2   facts, in violation of Court Orders.  Moreover, the subject of this request for

3   admission and the damages suffered by Mattel may be the subject of expert opinion

4   or testimony.  Mattel therefore reserves the right to supplement or amend this

5   response at the time and in the manner required by the Rules and Court Orders.

6

7   **REQUEST FOR ADMISSION NO. 146:**

8          Admit that the drawing produced by BRYANT bearing Bates serial

9   number Bryant 01118 is not intellectual property for whose conversion YOU seek

10  damages.                                    **EXHIBIT 53**
                                                **PAGE 1717**
11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

13         In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 01118 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

23         Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2 | including on the document produced by Bryant bearing Bates serial number Bryant
3 | 01118, while he was a Mattel employee and as a result of that work and Bryant's
4 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'
5 | profits and ill-gotten gains from Bratz as well as other facts relating to this request
6 | for admission are unknown to Mattel at this time and is known only to defendants,
7 | because defendants have not provided necessary discovery and have concealed
8 | facts, in violation of Court Orders. Moreover, the subject of this request for
9 | admission and the damages suffered by Mattel may be the subject of expert opinion
10 | or testimony. Mattel therefore reserves the right to supplement or amend this
11 | response at the time and in the manner required by the Rules and Court Orders.

12 |

13 | **REQUEST FOR ADMISSION NO. 183:**

14 | Admit that MATTEL introduced "My Scene" to compete with BRATZ.

15 |

16 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

17 | In addition to the foregoing general objections, which are incorporated
18 | herein by reference, Mattel objects to this Request on the grounds that it calls for the
19 | disclosure of information subject to the attorney-client privilege, the attorney work-
20 | product doctrine, or any other applicable privileges. Mattel further objects to this
21 | Request as compound. Mattel further objects to this Request on the grounds that it
22 | is undefined, oppressive, overbroad and unduly burdensome in that it seeks an
23 | admission for each "image, character, logo, doll, toy, accessory, product, packaging,
24 | or other thing or matter that is or has ever been manufactured, marketed or sold by
25 | MGA, or others under license, as part of a line of goods or merchandise commonly
26 | known as, or sold and marketed under the 'Bratz' trademark or trade dress," and in
27 | that "My Scene" potentially includes drawings, prototypes, photographs, ideas,
28 |

**EXHIBIT 53**
**PAGE 1718**

1  dolls, concepts, packaging and other matters within the broad spectrum of the MY

2  SCENE line of products, and the intended aspects of the line is unspecified.

3          Subject to and without waiving the foregoing general and specific

4  objections, Mattel denies that it introduced "My Scene" solely to compete with

5  Bratz.  Mattel admits that one of the reasons that it introduced "My Scene" was to

6  compete with Bratz and other fashion doll products in the marketplace.

7

8  **REQUEST FOR ADMISSION NO. 184:**

9          Admit that MATTEL's decision to introduce "My Scene" was made

10  after July, 2001.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

13          In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it calls for the

15  disclosure of information subject to the attorney-client privilege, the attorney work-

16  product doctrine, or any other applicable privileges.  Mattel further objects to this

17  Request as compound.  Mattel further objects to this Request on the grounds that it

18  is undefined, oppressive, overbroad and unduly burdensome in that it seeks an

19  admission for each "image, character, logo, doll, toy, accessory, product, packaging,

20  or other thing or matter that is or has ever been manufactured, marketed or sold by

21  MGA, or others under license, as part of a line of goods or merchandise commonly

22  known as, or sold and marketed under the 'Bratz' trademark or trade dress," and in

23  that "My Scene" potentially includes drawings, prototypes, photographs, ideas,

24  dolls, concepts, packaging and other matters within the broad spectrum of the MY

25  SCENE line of products, and the intended aspects of the line is unspecified.

26          Subject to and without waiving the foregoing general and specific

27  objections, Mattel denies that its decision to introduce "My Scene" was only made

28

**EXHIBIT 53**
**PAGE 1719**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  after July, 2001. To the contrary, Mattel had sought to introduce dolls in the older

2  girls' segment years before MGA was involved with fashion dolls.

3

4  **REQUEST FOR ADMISSION NO. 185:**

5      Admit that "My Scene" is a line of fashion dolls.

6

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

8      In addition to the foregoing general objections, which are incorporated

9  herein by reference, Mattel objects to this Request as compound. Mattel further

10  objects to this Request on the grounds that it is undefined, oppressive, overbroad

11  and unduly burdensome in that "My Scene" potentially includes drawings,

12  prototypes, photographs, ideas, dolls, concepts, packaging and other matters within

13  the broad spectrum of the MY SCENE line of products, and the intended aspects of

14  the line is unspecified.

15      Subject to and without waiving the foregoing general and specific

16  objections, Mattel admits that the "My Scene" line includes fashion dolls.

17                                                      **EXHIBIT 53**

18  **REQUEST FOR ADMISSION NO. 186:**             **PAGE 1720**

19      Admit that "My Scene" is a derivation of "Toon Teens."

20

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

22      In addition to the foregoing general objections, Mattel objects to this

23  Request on the grounds that it calls for information that is not relevant to the subject

24  matter of the pending action, nor reasonably calculated to lead to the discovery of

25  admissible evidence. Mattel further objects to this Request on the grounds that the

26  Request is overbroad, unduly burdensome, and harassing. Mattel further objects to

27  this Request as compound. Mattel further objects to this Request on the grounds

28  that it is undefined, oppressive, overbroad and unduly burdensome in that "My

1  Scene" potentially includes drawings, prototypes, photographs, ideas, dolls,

2  concepts, packaging and other matters within the broad spectrum of the MY SCENE

3  line of products, and the intended aspects of the line is unspecified, as is the

4  intended aspects of TOON TEENS.

5          Subject to and without waiving the foregoing general and specific

6  objections, Mattel admits that the artist who created "Toon Teens" also created the

7  original designs and drawings for the MY SCENE dolls, among other aspects of the

8  MY SCENE line.  Mattel otherwise denies this request.

9

10  **REQUEST FOR ADMISSION NO. 187:**

11          Admit that "My Scene" is not a derivation of "Toon Teens."

12

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

14          In addition to the foregoing general objections, Mattel objects to this

15  Request on the grounds that it calls for information that is not relevant to the subject

16  matter of the pending action, nor reasonably calculated to lead to the discovery of

17  admissible evidence.  Mattel further objects to this Request on the grounds that the

18  Request is overbroad, unduly burdensome, and harassing.  Mattel further objects to

19  this Request as compound.  Mattel further objects to this Request on the grounds

20  that it is undefined, oppressive, overbroad and unduly burdensome in that "My

21  Scene" potentially includes drawings, prototypes, photographs, ideas, dolls,

22  concepts, packaging and other matters within the broad spectrum of the MY SCENE

23  line of products, and the intended aspects of the line is unspecified, as is the

24  intended aspects of TOON TEENS.

25          Subject to and without waiving the foregoing general and specific

26  objections, Mattel admits that the artist who created "Toon Teens" also created the

27  original designs and drawings for the MY SCENE dolls, among other aspects of the

28  MY SCENE line and otherwise denies this request.

**EXHIBIT 53**
**PAGE 1721**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

EXHIBIT 53
PAGE 1722

1   **REQUEST FOR ADMISSION NO. 194:**

2          Admit that YOU will seek to prove in this case that some element of

3   "My Scene" is substantially similar to the BRATZ INTELLECTUAL PROPERTY.

4

5   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

6          In addition to the foregoing general objections, which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it seeks

8   information that is not relevant to the claims or defenses in this action, and is not

9   reasonably calculated to lead to the discovery of admissible evidence.  Mattel

10  further objects to this Request on the grounds that the Request is overbroad, unduly

11  burdensome, and harassing.  Mattel further objects to this Request on the grounds

12  that it is vague and ambiguous, including, without limitation, the term "Bratz

13  Intellectual Property."  Mattel further objects to the Request as vague and

14  ambiguous in its use of "substantially similar" in this context, including in particular

15  because defendant fails to specify whether it is a reference to a copyright

16  infringement term of art or whether it is being given some other meaning, and its use

17  of "some element" in this context, including in particular because it is unclear

18  whether the Request intends to include matters that may be used as evidence.  The

19  Request is further vague and ambiguous, overbroad and unduly burdensome in its

20  use of "My Scene," including in particular whether it is referring to drawings,

21  prototypes, photographs, ideas, concepts or any other specified matter in connection

22  with the broad spectrum of MY SCENE line of products.  Mattel further objects to

23  this Request as compound.  Mattel further objects to this Request on the grounds

24  that it is undefined, oppressive, overbroad and unduly burdensome.

25          Subject to and without waiving the foregoing objections, Mattel denies

26  that it will seek to prove that "My Scene" is substantially similar to the original or

27  first generation Bratz dolls.  However, Mattel admits that it may seek to prove that

28  some elements of "My Scene" are similar to other aspects of the Bratz line as a

-147-

1    result of defendants' misconduct which gives rise to Mattel's claims and

2    counterclaims, including but not limited to, misappropriation of Mattel's trade

3    secrets.

4

5    **REQUEST FOR ADMISSION NO. 195:**

6         Admit that YOU will not seek to prove in this case that some element

7    of "My Scene" is substantially similar to the BRATZ INTELLECTUAL

8    PROPERTY.

9

10   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

11        In addition to the foregoing general objections, which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it seeks

13   information that is not relevant to the claims or defenses in this action, and is not

14   reasonably calculated to lead to the discovery of admissible evidence. Mattel

15   further objects to this Request on the grounds that the Request is overbroad, unduly

16   burdensome, and harassing. Mattel further objects to this Request on the grounds

17   that it is vague and ambiguous, including, without limitation, the term "Bratz

18   Intellectual Property." Mattel further objects to the Request as vague and

19   ambiguous in its use of "substantially similar" in this context, including in particular

20   because defendant fails to specify whether it is a reference to a copyright

21   infringement term of art or whether it is being given some other meaning, and its use

22   of "some element" in this context, including in particular because it is unclear

23   whether the Request intends to include matters that may be used as evidence. The

24   Request is further vague and ambiguous, overbroad and unduly burdensome in its

25   use of "My Scene," including in particular whether it is referring to drawings,

26   prototypes, photographs, ideas, concepts or any other specified matter in connection

27   with the broad spectrum of MY SCENE line of products. Mattel further objects to

28

**EXHIBIT 53**
**PAGE 1723**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | this Request as compound.  Mattel further objects to this Request on the grounds
2 | that it is undefined, oppressive, overbroad and unduly burdensome.

3 |        Subject to and without waiving the foregoing objections, Mattel admits
4 | that it will not seek to prove that "My Scene" is substantially similar to the original
5 | or first generation Bratz dolls.  However, Mattel further admits that it may seek to
6 | prove that some elements of "My Scene" are similar to other aspects of the Bratz
7 | line as a result of defendants' misconduct which gives rise to Mattel's claims and
8 | counterclaims, including but not limited to, misappropriation of Mattel's trade
9 | secrets.

10 |

11 | **REQUEST FOR ADMISSION NO. 200:**

12 |        Admit that elements of "roller-blading Barbie" is intellectual property
13 | whose conversion is one basis of YOUR damage requests.

**EXHIBIT 53**
**PAGE 1724**

14 |

15 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

16 |        In addition to the foregoing general objections, which are incorporated
17 | herein by reference, Mattel objects to this Request on the grounds that it is
18 | compound, and vague and ambiguous.  Among other things, the Request is vague
19 | and ambiguous in its use of "conversion" in this context, including in particular
20 | because defendant fails to specify whether it is a reference to Mattel's conversion
21 | claim in the Complaint or whether it is being given some other meaning, and its use
22 | of "basis of YOUR damages requests" in this context, including in particular
23 | because it is unclear whether the Request intends to include matters that may be
24 | used as evidence relevant to damages.  The Request is further vague and ambiguous,
25 | overbroad and unduly burdensome in its use of "roller-blading Barbie" and
26 | "elements," including in particular whether it is referring to drawings, prototypes,
27 | photographs, ideas, concepts or any other specified matter in connection with this
28 | undefined matter.  Mattel further objects to this Request as unreasonably

'209/2238755.6

-149-

1  burdensome and premature in that the facts necessary to determine the full nature

2  and extent of Mattel's relief and damages from defendants' acts or omissions are

3  known by defendants and third parties associated with defendants, but are not

4  known by Mattel at this juncture because of defendants' refusals to produce

5  discovery.  In particular, defendants continue to conceal the full nature, timing and

6  extent of Bryant's work on and the origins of the Bratz project and other MGA-

7  related projects relevant to this action.

8          Subject to and without waiving the foregoing objections, Mattel admits

9  that "roller-blading Barbie" is a precursor to "Toon Teens" designs and art work,

10  which Mattel understands this request to relate to.  As explained more fully in

11  Mattel's Response to Interrogatory No. 5, Mattel denies it is asserting claims for

12  infringement or conversion of Toon Teens copyrights in this action, but admits that

13  Bryant's and other individuals' exposure to Toon Teens designs (and the resulting

14  similarity of those Bryant's works to Toon Teens, as well as elements in Mattel's

15  DIVA STARZ project) while they were Mattel employees tends to establish that

16  Bryant created Bratz works while he was a Mattel employee, and improperly

17  converted those Bratz works.

18                                              **EXHIBIT 53**
                                                **PAGE 1725**
19  <u>**REQUEST FOR ADMISSION NO. 201:**</u>

20          Admit that elements of "roller-blading Barbie" is not intellectual

21  property whose conversion is one basis of YOUR damage requests.

22

23  <u>**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 201:**</u>

24          In addition to the foregoing general objections, which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it seeks

26  information that is not relevant to the claims or defenses in this action, and is not

27  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

28  further objects to this Request on the grounds that it is compound, and vague and

1  ambiguous.  Among other things, the Request is vague and ambiguous in its use of

2  "conversion" in this context, including in particular because defendant fails to

3  specify whether it is a reference to Mattel's conversion claim in the Complaint or

4  whether it is being given some other meaning, and its use of "basis of YOUR

5  damages requests" in this context, including in particular because it is unclear

6  whether the Request intends to include matters that may be used as evidence

7  relevant to damages.  The Request is further vague and ambiguous, overbroad and

8  unduly burdensome in its use of "roller-blading Barbie" and "elements," including

9  in particular whether it is referring to drawings, prototypes, photographs, ideas,

10  concepts or any other specified matter in connection with this undefined matter.

11  Mattel further objects to this Request as unreasonably burdensome and premature in

12  that the facts necessary to determine the full nature and extent of Mattel's relief and

13  damages from defendants' acts or omissions are known by defendants and third

14  parties associated with defendants, but are not known by Mattel at this juncture

15  because of defendants' refusals to produce discovery.  In particular, defendants

16  continue to conceal the full nature, timing and extent of Bryant's work on and the

17  origins of the Bratz project and other MGA-related projects relevant to this action.

18         Subject to and without waiving the foregoing objections, Mattel admits

19  that "roller-blading Barbie" is a precursor to "Toon Teens" designs and art work,

20  which Mattel understands this request to relate to.  As explained more fully in

21  Mattel's Responses to Interrogatory No. 5, Mattel states that it is not asserting claims

22  for infringement or conversion of Toon Teens copyrights in this action, but admits

23  that Bryant's and other individuals' exposure to Toon Teens designs (and the

24  resulting similarity of those Bryant's works to Toon Teens as well as elements in

25  Mattel's DIVA STARZ project) while they were Mattel employees tends to establish

26  that Bryant created Bratz works while he was a Mattel employee, and converted

27  those Bratz works.

28

**EXHIBIT 53**
**PAGE 1726**

**REQUEST FOR ADMISSION NO. 202:**

Admit that "Diva Starz" is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks information that is not relevant to the claims or defenses in this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is compound, and vague and ambiguous. Among other things, the Request is vague and ambiguous in its use of "conversion" in this context, including in particular because defendant fails to specify whether it is a reference to Mattel's conversion claim in the Complaint or whether it is being given some other meaning, and its use of "basis of YOUR damages requests" in this context, including in particular because it is unclear whether the Request intends to include matters that may be used as evidence relevant to damages. The Request is further vague and ambiguous, overbroad and unduly burdensome in its use of "Diva Starz" and "intellectual property," including in particular whether it is referring to drawings, prototypes, photographs, ideas, concepts or any other specified matter in connection with this undefined matter. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce discovery. In particular, defendants continue to conceal the full nature, timing and extent of Bryant's work on and the origins of the Bratz project and other MGA-related projects relevant to this action.

**EXHIBIT 53**
**PAGE 1727**

1        Subject to and without waiving the foregoing objections, and as

2  explained more fully in Mattel's Response to Interrogatory No. 5, Mattel denies it is

3  asserting claims for infringement or conversion of DIVA STARZ copyrights in this

4  action, but admits that Paula Garcia's, Bryant's and other individuals' exposure to

5  aspects of DIVA STARZ, including drawings, works, designs and names, while

6  they were Mattel employees tends to establish that Bryant created Bratz works

7  (including without limitation the name "Bratz") while he was a Mattel employee and

8  not in 1998 as he testified.

9

10  **REQUEST FOR ADMISSION NO. 203:**

11        Admit that "Diva Starz" is not intellectual property for whose

12  conversion YOU seek damages.

**EXHIBIT 53**
**PAGE 1728**

13

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

15        In addition to the foregoing general objections, which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it seeks

17  information that is not relevant to the claims or defenses in this action, and is not

18  reasonably calculated to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it is compound, and vague and

20  ambiguous. Among other things, the Request is vague and ambiguous in its use of

21  "conversion" in this context, including in particular because defendant fails to

22  specify whether it is a reference to Mattel's conversion claim in the Complaint or

23  whether it is being given some other meaning. The Request is further vague and

24  ambiguous, overbroad and unduly burdensome in its use of "Diva Starz" and

25  "intellectual property," including in particular whether it is referring to drawings,

26  prototypes, photographs, ideas, concepts or any other specified matter in connection

27  with this undefined matter. Mattel further objects to this Request as unreasonably

28  burdensome and premature in that the facts necessary to determine the full nature

1  and extent of Mattel's relief and damages from defendants' acts or omissions are

2  known by defendants and third parties associated with defendants, but are not

3  known by Mattel at this juncture because of defendants' refusals to produce

4  discovery.  In particular, defendants continue to conceal the full nature, timing and

5  extent of Bryant's work on and the origins of the Bratz project and other MGA-

6  related projects relevant to this action.

7         Subject to and without waiving the foregoing objections, and as

8  explained more fully in Mattel's Response to Interrogatory No. 5, Mattel denies it is

9  asserting claims for infringement or conversion of DIVA STARZ copyrights in this

10 action, but admits that Paula Garcia's, Bryant's and other individuals' exposure to

11 aspects of DIVA STARZ, including drawings, works, designs and names, while

12 they were Mattel employees tends to establish that Bryant created Bratz works

13 (including without limitation the name "Bratz") while he was a Mattel employee and

14 not in 1998 as he testified.

15

16 **REQUEST FOR ADMISSION NO. 204:**

17         Admit that YOU will seek to prove in this case that some element of

18 "Diva Starz" is substantially similar to BRATZ.

**EXHIBIT 53**
**PAGE 1729**

19

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

21         In addition to the foregoing general objections, which are incorporated

22 herein by reference, Mattel objects to this Request on the grounds that it seeks

23 information that is not relevant to the claims or defenses in this action, and is not

24 reasonably calculated to lead to the discovery of admissible evidence.  Mattel

25 further objects to this Request on the grounds that it is vague and ambiguous.

26 Mattel further objects to the Request as vague and ambiguous in its use of

27 "substantially similar" in this context, including in particular because defendant fails

28 to specify whether it is a reference to a copyright infringement term of art or

1  whether it is being given some other meaning, and its use of "some element" in this

2  context, including in particular because it is unclear whether the Request intends to

3  include matters that may be used as evidence. The Request is further vague and

4  ambiguous, overbroad and unduly burdensome in its use of "Bratz" and "Diva

5  Starz," including in particular whether it is referring to drawings, prototypes,

6  photographs, ideas, concepts or any other specified matter in connection with the

7  broad spectrum of products. Mattel further objects to this Request as compound.

8  Mattel further objects to this Request on the grounds that it is undefined, oppressive,

9  overbroad and unduly burdensome in that it seeks an admission for each "image,

10  character, logo, doll, toy, accessory, product, packaging, or other thing or matter that

11  is or has ever been manufactured, marketed or sold by MGA, or others under

12  license, as part of a line of goods or merchandise commonly known as, or sold and

13  marketed under the 'Bratz' trademark or trade dress," with very few exceptions.

14       Subject to and without waiving the foregoing objections, and as

15  explained more fully in Mattel's Response to Interrogatory No. 5, Mattel denies it is

16  asserting claims for infringement or conversion of DIVA STARZ copyrights in this

17  action, but admits that Bryant's, Paula Garcia's and other individuals' exposure to

18  aspects of DIVA STARZ, including drawings, works, designs and names, while

19  they were Mattel employees tends to establish that Bryant created Bratz works

20  (including without limitation the name "Bratz") while he was a Mattel employee and

21  not in 1998 as he testified.

22

23  **REQUEST FOR ADMISSION NO. 205:**

24       Admit that YOU will not seek to prove in this case that some element

25  of "Diva Starz" is substantially similar to BRATZ.

26

27

28
**EXHIBIT 53**
**PAGE 1730**

EXHIBIT 53
PAGE 1731

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

2        In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it seeks

4  information that is not relevant to the claims or defenses in this action, and is not

5  reasonably calculated to lead to the discovery of admissible evidence. Mattel

6  further objects to this Request on the grounds that it is vague and ambiguous.

7  Mattel further objects to the Request as vague and ambiguous in its use of

8  "substantially similar" in this context, including in particular because defendant fails

9  to specify whether it is a reference to a copyright infringement term of art or

10  whether it is being given some other meaning, and its use of "some element" in this

11  context, including in particular because it is unclear whether the Request intends to

12  include matters that may be used as evidence. The Request is further vague and

13  ambiguous, overbroad and unduly burdensome in its use of "Bratz" and "Diva

14  Starz," including in particular whether it is referring to drawings, prototypes,

15  photographs, ideas, concepts or any other specified matter in connection with the

16  broad spectrum of products. Mattel further objects to this Request as compound.

17  Mattel further objects to this Request on the grounds that it is undefined, oppressive,

18  overbroad and unduly burdensome in that it seeks an admission for each "image,

19  character, logo, doll, toy, accessory, product, packaging, or other thing or matter that

20  is or has ever been manufactured, marketed or sold by MGA, or others under

21  license, as part of a line of goods or merchandise commonly known as, or sold and

22  marketed under the 'Bratz' trademark or trade dress," with very few exceptions.

23        Subject to and without waiving the foregoing objections, and as

24  explained more fully in Mattel's Response to Interrogatory No. 5, Mattel denies it is

25  asserting claims for infringement or conversion of DIVA STARZ copyrights in this

26  action, but admits that Paula Garcia's, Bryant's and other individuals' exposure to

27  aspects of DIVA STARZ, including drawings, works, designs and names, while

28  they were Mattel employees tends to establish that Bryant created Bratz works

-156-

1   (including without limitation the name "Bratz") while he was a Mattel employee and

2   not in 1998 as he testified.

3

4   DATED:  December 3, 2007          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
5

6                                     By B. Dylan Proctor TB

7                                     B. Dylan Proctor
                                      Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              **EXHIBIT 53**
                                                **PAGE 1732**

209/2238755.6

-157-
MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

## **PROOF OF SERVICE**

1

2     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3     Street, 10th Floor, Los Angeles, California 90017.

4     On December 4, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO**

5     **MGA'S SECOND SET OF REQUESTS FOR ADMISSION** on the parties in this action as

6     follows:

7     Thomas J. Nolan, Esq.                          Mark E. Overland, Esq.
      **Skadden, Arps, Slate, Meagher &**            David C. Scheper, Esq.

8     **Flom LLP**                                   Alexander H. Cote, Esq.
      300 South Grand Avenue, Suite 3400             **Overland Borenstein Scheper &**

9     Los Angeles, CA  90071                         **Kim, LLP**
                                                     300 South Grand Avenue, Suite 2750

10                                                   Los Angeles, CA 90071

11

12    John W. Keker, Esq.
      Michael H. Page, Esq.

13    Christina M. Anderson, Esq.
      **Keker & Van Nest, LLP**

14    710 Sansome Street
      San Francisco, CA 94111

15

16

17    [√]     **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed

18    with postage thereon fully prepaid.

19    Executed on December 4, 2007, at Los Angeles, California.

20

21

22    Tamar Buchakjian

23

24

25

26

27

28

**EXHIBIT 53**
**PAGE 1733**

07209/2312830.1

EXHIBIT 54

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 55

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 56

Confidential – Attorneys' Eyes Only

# United States District Court

## Central District of California

## Case No. CV 04-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727

### CARTER BRYANT, an Individual, Plaintiff,

### v.

### MATTEL, INC., a Delaware corporation, Defendant

---

### Expert Report of
### Michael J. Wagner
### February 11, 2008

EXHIBIT.

PAGE

EXHIBIT 56
PAGE 1848

i

Confidential – Attorneys' Eyes Only

## I.     Introduction

I have been retained on behalf of Mattel, Inc. ("Mattel") to provide opinions regarding profits that may be recovered from MGA Entertainment, Inc. and MGA Entertainment (HK) Limited ("MGA"), Isaac Larian, and Carter Bryant (collectively referred to as "counter-defendants").

My opinions address the following matters:

- MGA's revenues, costs and profits relating to the sale, distribution and licensing of Bratz products.
- Isaac Larian's benefit from the use, sale, distribution and licensing of Bratz products.
- Carter Bryant's benefit from payments received in connection with the consulting agreement for Bratz between Mr. Bryant and MGA.
- The appropriate prejudgment interest rate and method to calculate prejudgment interest, if applicable.
- MGA's, Isaac Larian's, and Carter Bryant's net worth.

## II.    Background

### A.   MGA

As described in MGA's complaint against Mattel, "MGA is a privately held company in the San Fernando Valley that began in 1979 as a small consumer electronics business.  In 1987, the company made its first foray into the toy business when it secured rights to market handheld LCD games featuring licensed Nintendo® characters.  Building on that small success, the company began marketing products for popular licensed properties such as the 'Power Rangers'® and 'Hello Kitty'®."[1]  In June 2001, MGA released "BRATZ."[2]

#### 1.   BRATZ

Bratz dolls were introduced to the market in June of 2001.[3]    Today, the Bratz product line has grown to include a wide variety of products.  When one clicks on the Products link at Bratz.com website, the following product categories are displayed:  Bratz, Bratz Baby, Bratz Kidz, Activities, Home Décor, Electronics, Bratz Sports, Games, and Bratzlife.

[1] MGA complaint against Mattel, filed April 13, 2005 [Tab E87, page 2].
[2] MGA complaint against Mattel, filed April 13, 2005 [Tab E87, page 2].

EXHIBIT

PAGE

EXHIBIT 56
PAGE 1849

1

Confidential – Attorneys' Eyes Only

A June 2002 declaration of Lee Shiu Cheung, Managing Director of MGA HK, provides further description of the Bratz dolls and the success that MGA expected upon their release. Within the declaration, the Bratz dolls are described as "hip and cool young adolescent or teenage girls" and "4 best friends from high school who love to trade clothes, shoes and hairdos."[4] The declaration goes on to say, "there would be a lucrative business of supplying accessories to the owners of BRATZ dolls thus ensuring a steady stream of revenue."[5] In addition to the sale of dolls and accessories, license revenues are discussed as well. The declaration states, "another major source of revenue generated by the BRATZ dolls is income derived from merchandising rights by granting non-exclusive licenses to other companies worldwide."[6]

### 2.  Success of MGA's BRATZ

A March 8, 2005 report from CBS News quotes Jim Silver of Adventure Publishing Group as saying, "What Bratz has done is actually unbelievable. Barbie has owned the market. Nobody's ever done a doll over the last 20 years that's done over $100 million. And Bratz came out of nowhere and a little past four years built up to $600 million."[7]

One need only look to the MGA website (www.mgae.com) and their press releases posted there, to see the tremendous success MGA has enjoyed as a result of the BRATZ products. A February 11, 2004 MGA press release states, "Bratz, *The Girls with a Passion for Fashion,* were introduced in June 2001, and has since become one of the world's premiere toy lines and girls lifestyle brands."[8] Following is a summary of some of the headlines of MGA's many press releases regarding the success of BRATZ:[9]

- 1/7/2004 – MGA Entertainment announced today that it remains the fastest growing consumer entertainment company in the world.

- 5/12/2004 – BRATZ Fashion Dolls Become the #1 Best Selling Toy in the United Kingdom!

---

[3] February 11, 2004 MGA Press Release [Tab E88, page 3].
[4] Affirmation of Lee Shiu Cheung, June 18, 2002, page 3 [Tab E89].
[5] Affirmation of Lee Shiu Cheung, June 18, 2002, page 3 [Tab E89].
[6] Affirmation of Lee Shiu Cheung, June 18, 2002, page 5 [Tab E89].
[7] "Battles of Babes in Toyland", CBS News, March 8, 2005 [Tab E91, page 1].
[8] February 11, 2004, MGA Press Release [Tab E88, page 3].
[9] Variety of MGA Press Releases [Tab E92].

EXHIBIT ___
PAGE ___

EXHIBIT 56
PAGE 1850

Confidential – Attorneys' Eyes Only

- 1/28/2005 – MGA Entertainment and BRATZ Creating Non-Stop Excitement at Retail

- 3/10/2005 – MGA Entertainment's BRATZ becomes the Number One Fashion Doll Brand in Australia

- 5/4/2005 – BRATZ Nominated for Five International Licensing Excellence Awards…As well as seeing a Q1 Market Share Increase

- 5/24/2005 – BRATZ Fashion Dolls report remarkable market share growth in Canada.

- 5/15/2006 – MGA Entertainment, Avi Arad Productions and Crystal Sky Pictures Announce New Motion Picture Based on the Billion Dollar BRATZ™ Toy Franchise

- 2/5/2007 - BRATZ™ becomes No. 1 in Fashion Themed Dolls and Accessories in the USA

- 4/11/2007 - BRATZ™ Takes the Coveted #1 Fashion Doll Spot in Canada

BRATZ has experienced a great deal of success. A May 2, 2005 article written for Business Week describes Bratz as a "billion-dollar franchise."[10]

Not only did Bratz increase the profile of MGA, it also had a major impact on the financial success of the company. Sales of Bratz products grew substantially through 2006,[11] while sales of non-Bratz products grew more moderately as shown in the following chart:

---

[10] "Hair Pulling in the Dollhouse", Business Week, May 2, 2005 [Tab E93.page 1].
[11] There is an increase in sales of Non-Bratz products as a percentage of total sales in late 2006 and 2007 resulting from the MGA 2006 acquisition of Little Tykes.

EXHIBIT __

PAGE ____

EXHIBIT 56
PAGE 1851

3

Confidential – Attorneys' Eyes Only

**Figure 1: MGA Revenues Breakdown between Bratz and Non-Bratz Products**



*Source: Tab B1, Schedule 2.1*

Per review of the Income Statement of MGA from 1999 through 2006, the financial contribution of the BRATZ dolls helped turn a marginally profitable company into a company that earns more than $100 million in net income a year as shown in the following figure:

EXHIBIT ___

PAGE ___

EXHIBIT 56
PAGE 1852

4

Confidential – Attorneys' Eyes Only

**Figure 2:  MGA Net Income 1999 through 2006**



Source: Tab B2, Schedule 2.6

## B.  Isaac Larian, Founder, CEO and Majority Shareholder of MGA

Isaac Larian is the Founder, CEO and Majority Shareholder of MGA.  As such, he has been the subject of many news articles and TV interviews.  A Business Week article describes him as the, "father, so to speak, of the fabulously successful Bratz dolls."[12]  A profile provided by Business Week for the article mentioned above credits him with creating the "enormously successful Bratz dolls, whose edgy looks and clothing sent Barbie reeling."[13]  According to Lisa Tonnu, MGA VP of Taxation, the current holders of MGA stock are the "Larian Family Trust, Isaac Larian Grantor Annuity Trust, Angela Larian Grantor Annuity Trust, Makabi Family Trust, Jahangir Makabi Grantor Annuity Trusts, and Shirn Makabi Grantor Annuity Trusts."[14]  A subsection of these holders, The Larian Family Trust, The Isaac Larian Grantor Annuity Trust,

---

[12] "Hair-Pulling in the Dollhouse" Business Week, May 2, 2005 [Tab E93, page 1].
[13] Bio of Isaac Larian, Business Week, May 2, 2005 [Tab E94, pg.1].
[14] Lisa Tonnu Deposition on January 17, 2008 [Tab E16, pages 74-76].

EXHIBIT _

PAGE ___

EXHIBIT 56
PAGE 1853

Confidential – Attorneys' Eyes Only

and the Angela Larian Grantor Annuity Trusts, (hereafter referred to as "The Larian Trusts") and Isaac and Angela Larian together own 81.82% of MGA stock.[15]

### C.   Carter Bryant, Designer and Former Employee of Mattel

Carter Bryant began working for Mattel in September of 1995 as a Barbie product designer.  In approximately April of 1998, Mr. Bryant resigned from Mattel and then re-applied to Mattel in late 1998.  He began working for Mattel again in January 1999 as a product designer and then terminated his employment again with Mattel on October 20, 2000.[16]    Mattel's counter-claim states, "As a result of the efforts of Bryant and other Mattel employees working on Bratz (which were done without Mattel's knowledge), the Bratz dolls had been designed and were far along in development during the time that Bryant was employed by Mattel and prior to the time that Bryant left Mattel on October 20, 2000."[17]

MGA and Carter Bryant entered into a Consulting Services Agreements dated September 18, 2000.  The first section of the agreement states, "MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently know as 'Bratz' (the 'MGA Products')."[18]  Mr. Bryant's compensation under this agreement is, "a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services."[19]  As a result of this agreement and the subsequent sales of certain Bratz products, Carter Bryant has received more than $35 million dollars in royalty payments from MGA from 2001 as of December 31, 2007.[20]

### III.   Bases for Opinions

The following is a discussion of the bases supporting each of my opinions.

---

[15] Lisa Tonnu Deposition on January 17, 2008, [Tab E16, pages 75 and 76] and Isaac and Angela Larian List of Assets, 2007 [Tab E81.MGA3787279].  Note, there is a discrepancy between Angela and Isaac Larian's 2006 List of Assets [Tab E97] and what Lisa Tonnu states.  Contrary to what Lisa Tonnu says, the 2006 List of Assets shows that Isaac and Angela Larian individually own some share of MGA.

[16] Mattel Inc.'s Amended Answer in Case No. 05-2727 and Counterclaims, Dated January 12th 2007 [Tab E95, pages 32 and 34].

[17] Mattel Inc.'s Amended Answer in Case No. 05-2727 and Counterclaims, Dated January 12th 2007 [Tab E95, page 34].

[18] Carter Bryant Consulting Services Agreement Dated September 18, 2000 [Tab E90, page 1].

[19] Carter Bryant Consulting Services Agreement Dated September 18, 2000 [Tab E90, page 2].

[20] Tab B1, Schedule 7.2.

Confidential – Attorneys' Eyes Only

### A. MGA's Revenue, Costs and Profits Relating to the Sales, Distribution and Licensing of Bratz Products[21]

I calculated the revenue, costs and profits earned by MGA for the sales and licensing of Bratz products for the period of 2001 through October 2007, the last period of data provided by MGA. I have calculated actual Bratz revenues, costs, profits and distributions to shareholders for income taxes[22] attributable to Bratz. I have been asked to make these calculations irrespective of whether all of the items I have included as costs will, in fact, be deducted at trial. The following chart depicts net revenues, cost of good sold, direct costs and calculated costs for Bratz products from 2001 through October 2007.

**Figure 3: Bratz Net Revenue Divided Into Profits, COGS, Direct Costs and Calculated Costs**



Source: Tab B1, Schedule 1.1.

For further breakdown of revenues and costs between different product categories and identification of US sales see Schedules 1.1a through 1.1g at Tab B1.

---

[21] Summary of Damages, Tab B1 Schedule 1.0

EXHIBIT ___

PAGE ___

EXHIBIT 56
PAGE 1855

Confidential – Attorneys' Eyes Only

## 1. Revenues

The basis for my calculation of MGA revenues of Bratz product sales is a report produced by MGA titled "Bratz Sales, 2001-2006."[23]  According to Lisa Tonnu, MGA VP of Taxation[24], if she were asked to total Bratz revenues, she would use this document.[25]  Within the "Bratz Sales, 2001-2006" report, the sales are categorized by profit center and then broken down by year and SKU number.[26]  Included in this report are both gross sales as well as cost of sales at standard cost.  I have accumulated all of the gross sales for each Bratz profit center from this report in order to determine gross sales from Bratz products for 2001 through 2006.  For 2007, I used the October 2007 Sales by SKU report provided by MGA to determine gross sales for Bratz products through October 2007.  See gross sales for Bratz products by year in Tab B1, Schedule 2.1.

In addition to gross sales from product sales, MGA earned revenues for Bratz from licensing agreements, DVD and TV syndication, Distribution agreements, Music sales and Theatrical productions.  I used a variety of different MGA reports to find the portion of revenue for each of these sources linked to Bratz.  See Tab B1, Schedule 3.1 for a summary of revenue by category for each year.

In order to determine net sales, I deducted sales returns and sales discounts and allowances from gross revenues.  I used the Sales Returns by SKU reports provided by MGA for the period of 2001 through October 2007 in order to determine the sales returns for Bratz products.  MGA does not track sales discounts and allowances by profit center or product line.  Therefore, I allocated sales discounts and allowances to the profit centers based on the percentage of total sales discounts and allowances to total gross sales for each year.

## 2. Expenses

---

[22] MGA is a Subchapter S Corporation.  As such, taxes on MGA's income are paid by the shareholders.  However, since MGA makes distributions to shareholders to cover incomes taxes, those distributions are subtracted in my analysis.

[23] See [Tab E53] through [Tab E67]

[24] January 17, 2008 Deposition of Lisa Tonnu [Tab E16, page 33].

[25] January 17, 2008 Deposition of Lisa Tonnu [Tab E16, pages 28, 140 – 142].

[26] I have identified other MGA documents that list Bratz product categories consistent with the product categories in the document identified by Ms. Tonnu.  Following is a sample of those documents: [Tab F3.MGA3765749 - MGA Forecasts 6-1-07.xls]; [Tab F20.MGA3721053 - 2007 Carter Bryant Royalty Statements.xls]; [Tab F36.MGA3720119 – 2006-2007 Ad Production Expense.xls]; and [Tab F37.MGA3719906 – 2006 & 2007 YTD Ad Media Expense.xls].

EXHIBIT.

PAGE ___

EXHIBIT 56

PAGE 1856

8

Confidential – Attorneys' Eyes Only

### a)   Direct Expenses

For some expense categories, I was provided with adequate information to determine the direct expenses incurred by MGA for the production and sale of Bratz products.  For example, from the Report titled "Bratz Sales, 2001-2006", I accumulated the Cost of Sales at Standard cost for the Bratz products from 2001 through 2006 to deduct from the related Bratz revenue.  According to Lisa Tonnu, the standard costs provided in the sales report reflect the "agreed cost between MGA and the manufacturer."[27]  In addition to Cost of Sales, utilizing reports produced by MGA, I determined the direct costs for Production Costs (DVD, TV, and Music), Royalty Expense, Ad Production Expense, Ad Media Expense, Mold Depreciation and expenses for Tooling and Development that were incurred by MGA for Bratz.

For Ad Media and Ad Production Expense, I was provided with a report that identified direct cost by product line for 2006 and year to date (YTD) 2007.  According to Lisa Tonnu, this is the only period in which MGA tracked these expenses by product line.[28]  Therefore, for the years where detail was not provided, I used the average Ad Media and Ad Production Expense for Bratz as a percentage of total U.S. Ad Media (excluding Little Tykes) and Ad Production Expense for 2006 and 2007 and applied it to the related expenses for 2001 through 2005 to estimate Bratz Ad Media and production expense for those years.[29]

### b)   Calculated Expenses

For all expenses that are not tracked by product or product line by MGA, I calculated incremental costs based on a regression analysis of monthly costs for various cost categories to gross revenues provided by MGA to determine the incremental costs associated with sales.  Additional costs based on these regression analyses are equal to 9.22%[30] of gross revenues.  See summary of regression results at Tab B1, Schedules 5.1 and 5.2.

In addition, since regression analysis determines additional costs associated with a $1 increase in sales and the incremental sales to MGA for the Bratz products is a substantial percentage of their total revenue, I analyzed the remaining costs that were not incremental

---

[27] January 17, 2008 Deposition of Lisa Tonnu, [Tab E16, page 136].

[28] January 24, 2008 Deposition of Lisa Tonnu, [Tab E120, pages 134 to 138].

[29] See Tab B1, Schedules 3.2 and 3.3

[30] These cost categories are: Other Sales and Marketing Expense, Product Development Expenses, Travel and Entertainment Expense, Salaries and Related Expenses, Premises Related Expenses,

EXHIBIT ___

PAGE ___

**EXHIBIT 56**
**PAGE 1857**

9