Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC., a Delaware corporation,

Defendant.

CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
MGA ENTERTAINMENT, INC. v. MATTEL, INC.

CASE NO. CV 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION**

## I. INTRODUCTION

On February 4, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel MGA to Produce Communications Regarding this Action." On February 11, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted an opposition. On February 14, 2008, Mattel submitted a reply. On April 9, 2008, Mattel submitted the Second Supplemental Declaration of Dylan Proctor in

support of its motion. The matter was heard on April 11, 2008.

## II. BACKGROUND

In March of 2005, Mattel propounded its First Set of Requests for Production of Documents and Tangible Things. Request No. 48 in Mattel's First Set of Requests, the only request at issue in this motion, sought from MGA "[a]ll non-privileged COMMUNICATIONS between YOU and any PERSON that REFER or RELATE TO this action." MGA objected to the Request on several grounds, including relevancy, overbreadth and undue burden.

In January of 2008, Mattel wrote to MGA to request a meet and confer conference regarding Request No. 48. Mattel offered to narrow the Request to "communications that refer or relate to this action that (i) involve at least one MGA employee who holds or held a position of manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii) involve a former Mattel employee who communicated about this action while employed by MGA, regardless of title." Mattel's Motion at p.4. In response, MGA agreed to search for and produce management-level communications if Mattel would agree to pay the costs. The parties were unable to reach any agreement regarding Request No. 48, and consequently Mattel filed the instant motion.

Mattel seeks an order compelling MGA to produce documents responsive to Request No. 48, as narrowed during the meet and confer process. Mattel contends that the requested communications are likely to lead to impeachment evidence and information about witness biases. Mattel also contends that the requested communications are likely to lead to evidence to support its RICO claims, and in particular, its allegation that MGA has induced Mattel employees to steal Mattel's confidential information or other property and take it with them to MGA, and its allegation that MGA has engaged in spoliation of evidence.

Mattel contends that Request No. 48, as narrowed, is limited to MGA's core personnel, its authorized agents and attorneys who communicate about this action, and former Mattel employees at MGA. Mattel contends that these three groups represent a finite, reasonable list of individuals whose communications about this case are likely to be relevant. Mattel also contends that cost-shifting is not appropriate because the discovery it seeks is not unduly burdensome.

MGA objects to the narrowed version of the Request. In MGA's view, the Request remains a generalized catch-all request for communications that might be related in any conceivable way to the case. MGA also objects to the Request because of the sheer number of MGA employees who would fall within its scope (*i.e.*, 204 MGA employees who hold or held a position of manager or higher and approximately 70 former Mattel employees who have worked for MGA) and the cost associated with searching and reviewing employees' files. MGA further contends that Mattel's request for non-privileged communications from MGA's current or prior counsel that refer to this litigation is particularly burdensome for several reasons, including the length of time this case has been pending, the number of firms and attorneys involved, and the difficulty of sorting out privileged communications from non-privileged communications. MGA contends that MGA's motion should also be denied because Request No. 48 is cumulative and duplicative of other discovery Mattel has sought and obtained in this case. In the event the court grants Mattel's motion in any respect, MGA requests that the court shift costs and order Mattel to pay the cost associated with the collection, review and production of responsive documents.

Mattel's most recent submission indicates that during the meet and confer process, MGA agreed to search for and produce, at its own expense, communications relating to this action involving senior MGA personnel and former Mattel employees, if Mattel would limit its request to ten individuals. Mattel countered MGA's proposal with a list of twenty-three individuals. Mattel contends that, at the very least, MGA should be ordered to produce non-privileged communications relating to this action involving the following MGA personnel and former Mattel employees, as well as MGA's counsel: (1) Isaac Larian, (2) Paula Garcia, (3) Maria Elena Salazar, (4) Margaret Leahy, (5) Mercedeh Ward, (6) David Malacrida, (7) Ron Brawer, (8) Daphne Gronich, (9) Craig Holden, (10) Jeanine Posini, (11) Bryan Armstrong, (12) Samir Khare, (13) Janine Brisbois, (14) Carlos Gustavo Machado Gomez, (15) Mariana Trueba Almada, (16) Pablo Vargas San Jose, (17) Susanna Kuemmerle, (18) Schuyler Bacon, (19) Nanette Black, (20) Nick Contreras, (21) Dan Cooney, (22) Jorge Castilla and (23) Jill Hatch. Second Supp. Proctor Decl.

### III. STANDARDS

In general, parties may obtain discovery regarding any matter, not privileged, that is

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). All discovery, however, "is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

## IV. DISCUSSION

To the extent Mattel seeks full compliance with the narrowed version of Request No. 48, Mattel's motion is denied. Even as narrowed, Request No. 48 requires the production of communications concerning a very broad subject matter, namely communications "that REFER or RELATE to this action."[1]

The narrowed Request is also objectionable because it is not reasonably tailored to seek the information that Mattel claims it needs. With respect to Mattel's purported need for evidence relating to witness credibility and bias, the Request is not limited to any particular witness or groups of witnesses in the case. The Request is also not limited to pertinent subject matters, such as the preservation or spoliation of evidence, a witness' prospective testimony, or MGA's offers or agreements to pay the witness' fees. Furthermore, with respect to Mattel's purported need for evidence to support its RICO claims, the requested discovery is premature in light of the stay on Phase 2 discovery.

---

[1] In its reply brief, Mattel attempts to defend its Request as "well-defined in subject matter" by explaining that it is only seeking "communications relating to testimony in, or knowledge or information about, this action; or relating to gathering and collecting documents in this action; or destroying or altering evidence; or payments relating to this action." Mattel's Reply at p. 1. Mattel, however, did not propose any of these subject matter limitations previously. Even if it had, the breadth of the narrowed Request would still be unjustified under Rule 26(b)(2)(C), Fed.R.Civ.P.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

The narrowed Request is also unduly burdensome insofar as Mattel seeks non-privileged communications from MGA's current or prior counsel that refer to this litigation. This litigation has been ongoing for nearly four years, during which time discovery has been extensively and aggressively pursued by both sides. Furthermore, to comply with Mattel's narrowed Request, MGA would have to review a considerable number of attorneys' files from the three separate law firms that have represented MGA, and scrutinize every attorney communication for privilege. Under these circumstances, the burden and expense of culling and producing the requested communications involving MGA's attorneys substantially outweigh their likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

The narrowed Request also remains overbroad and unduly burdensome because of the number of MGA employees that would fall within its scope. By MGA's estimations, there are 204 MGA employees who hold or have held a position of manager or higher, and approximately 70 former Mattel employees who have worked for MGA. Requiring MGA to review the files of so many employees for potentially responsive communications is unwarranted taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.[2]

Request No. 48 is also cumulative and duplicative of discovery that Mattel has sought and obtained in this case. By MGA's calculations, it has produced more than 4.2 million pages of documents in response to over 2700 document requests, several of which call for documents that are also responsive to Request No. 48. See e.g. Mattel's First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Nos. 7-9, 12, 44; Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Nos. 31, 49, 50; Mattel's First Set of Requests for Documents and Things to Isaac Larian Nos. 118, 147, 153, 193; and Mattel's Subpoena to Farhad Larian, Request No. 25.

Nevertheless, the court has considered Mattel's eleventh hour request for production of communications involving the twenty-three individuals identified above. Based upon the

---

[2] In its reply brief, Mattel proposes that, at the least, its Request should be granted as to communications involving MGA's senior employees. Mattel's Reply at pp. 1, 10. Although Mattel's proposal reduces the total number of communications involving MGA employees, it is not enough to tip the balance of benefit and burden to justify the Request.

information provided in Mattel's supplemental submission, it is evident that communications involving more than half of the individuals identified above may be relevant, if at all, to Phase 2 issues. In view of the stay on Phase 2 discovery, Mattel's request is denied as to the following individuals: Ron Brawer, Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Susanna Kuemmerle, Schuyler Bacon, Nanette Black, Nick Contreras, Dan Cooney, Jorge Castilla and Jill Hatch.

Daphne Gronich, Craig Holden, Jeanine Posini, Bryan Armstrong and Samir Khare have been or currently are employed in MGA's legal department. As discussed previously, the burden and expense of culling and producing communications involving these five individuals outweigh the likely benefit of the discovery, taking into consideration the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. Therefore, Mattel's request is denied as to these five individuals.

Mattel's request is granted as to the remaining individuals, namely, Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward, and David Malacrida. Based upon the information provided in Mattel's supplemental submission, communications about this case involving these individuals are likely to be relevant.

## V. CONCLUSION

For the reasons set forth above, Mattel's Motion to Compel MGA to Produce Communications Regarding This Action is granted with respect to communications involving Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward and David Malacrida. Mattel's motion is denied in all other respects.

Nothing in this Order is intended to authorize or preclude Mattel from seeking additional documents responsive to Request No. 48 as part of Phase 2 discovery.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: April 14, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6