Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of Documents by MGA Entertainment, Inc. ("MGA") in Response to Mattel's Fifth Set of Requests for Documents and Things. Mattel's Fifth Set of Requests consists of 47 requests for documents

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

relating to MGA's corporate governance and structure and relating to the financial relationship between MGA and Isaac Larian ("Larian"). On February 7, 2008, MGA submitted an opposition, and on February 15, 2008, Mattel submitted a reply. On April 11, 2008, at 3:59 a.m., Mattel submitted the declaration of Melissa Grant in further support of its Motion, which attaches 28 exhibits and totals well over 800 pages. The motion was heard on April 11, 2008. A few hours after the hearing, MGA submitted the declaration of Bernard Shek in response to Mattel's declaration.

Mattel contends that the requested documents are relevant to issues of damages, joint and several liability and enforcement of judgments. Further, Mattel contends that MGA's and Larian's financial document productions are, in many respects, inadequate. See Grant Decl. submitted April 11, 2008. Among other things, Mattel contends that the following documents and information are missing from MGA's production: identity of the preparer or source of information for the lists of assets and liabilities of Larian and his wife for 2006 and 2007, and the underlying source information for the lists; the identity of the preparer or source of information for the list of banks (including the list of Bear Stearns and Merrill Lynch accounts), and the account numbers and addresses for the listed institutions; detailed "general ledgers" for 1999 and 2000; underlying documentation for MGA's general ledgers; underlying information for the entries listed on the 1999 and 2000 "Historical Trial Balance Summaries"; Bratz-specific information regarding individual vendor cost incurred and product development; specific bank information, including statements of accounts, cancelled checks, wire transfers, expense reports, receipts, dividend distribution records, payment vouchers, documentation of salary; shareholder records; the identity of the preparer or source of information for the various spreadsheets and "check" rosters, the underlying source data for these documents, the date they were created, and where they were stored; the source and use of the millions of dollars of wire transfers to and from MGA's Union Bank account that are reflected in the bank records produced by Union Bank; the bank records from other banks that appear to have conducted Bratz business with MGA; comprehensive and verifiable unaudited "profit & loss" statements for 1999 through 2004;

1  information regarding corporate formation, governance, shareholder interests and distributions;
2  and information regarding the rights and interests that MGA's subsidiaries have in Bratz. Grant
3  Decl.
4      MGA counters that Mattel has made only generalized assertions of relevancy, which
5  MGA contends are insufficient to justify each of the requests at issue. MGA also contends that
6  the requests at issue are objectionable because they are overbroad, unduly burdensome, and
7  duplicative or cumulative of other discovery Mattel has already sought and received.

## II. DISCUSSION

9      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
10 discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
11 party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of
12 the discovery methods if the court determines that (i) the discovery sought is unreasonably
13 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
14 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
15 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
16 proposed discovery outweighs its likely benefit, taking into account the needs of the case, the
17 amount in controversy, the parties' resources, the importance of the issues at stake in the
18 litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.
19 26(b)(2)(C).
20     Mattel's motion is denied as to Request Nos. 1-11 and 23-47. Although the requests may
21 encompass relevant documents, they are overbroad and unduly burdensome, taking into
22 consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. These requests are
23 overbroad because, among other things, Mattel defines "YOU," "YOUR" and "MGA" to mean
24 "all current or former subsidiaries, divisions, AFFILIATES [defined as 'any and all corporations,
25 proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly
26 or indirectly, in whole or in part, own or control, are under common ownership or control with, or
27 are owned or controlled by a PERSON, party, or entity, including without limitation each parent,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

subsidiary and joint venture of such PERSON, party, or entity'], predecessors-in-interest and successors-in-interest." Jih Decl., Ex. 1.

Many requests are also overbroad and unduly burdensome because they seek documents from before 1999. See Request Nos. 4-7. Mattel has made no attempt to place a reasonable temporal scope on its requests. Many requests are also cumulative, duplicative, and unduly burdensome because they seek documents previously requested and received by Mattel. See e.g. MGA's Objections and Responses to Mattel's Fifth Set, p. 13. Although Mattel has identified some purported deficiencies in MGA's production of financial documents, these purported deficiencies do not justify the substantial breadth and burden of the discovery Mattel now seeks.

Mattel's motion is also denied as to Request Nos. 12-22. Although these requests seek relevant financial documents relating to Larian, they are overbroad and unduly burdensome. Furthermore, Mattel has already propounded and received substantial discovery seeking the same or similar information. See MGA's Objections and Responses to Mattel's Fifth Set, p. 44. By MGA's estimation, MGA has produced tens of thousands of pages of documents, including documents showing Larian's net worth, gross income and its sources, and pertinent banking information. Although Mattel has identified some purported deficiencies in the production of Larian's financial documents, these purported deficiencies do not justify the broad discovery Mattel now seeks.

### III. CONCLUSION

For the reasons set forth above, Mattel's motion to compel is denied. MGA's request for sanctions is denied. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: April 14, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

_____
Sandra Chan