1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2       (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5       (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
     Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with |
| 14        vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16        Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR |
| 19 | PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS |
| 20 | PRIVILEGE LOG, OR, IN THE ALTERNATIVE, MOTION TO |
| 21 | COMPEL LOGGING OF PRIVILEGED DOCUMENTS BY |
| 22 | BRYANT AND THE MGA PARTIES; AND |
| 23 | |
| 24 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 25 | [Declarations of Michael T. Zeller and |
| 26 | Timothy L. Alger filed concurrently] |
| 27 | Hearing Date:  TBA<br>Time:              TBA |
| 28 | Place:             TBA |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  Please take notice that at a hearing before Discovery Master Hon.

3  Edward Infante (Ret.) that will occur on a date and at a time to be determined,

4  plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for a

5  protective order establishing the temporal scope of Mattel's privilege log.

6  This Motion is made pursuant to <u>Federal Rule of Civil Procedure</u>

7  26(c) on the grounds that logging privileged documents created between

8  November 24, 2003 and April 27, 2004 would impose an undue burden on Mattel

9  and serve no proper purpose.

10  Further, if the Court determines that Mattel must log privileged

11  documents between November 24, 2003 and April 27, 2004, Mattel moves in the

12  alternative for an Order (a) requiring Carter Bryant to log all documents withheld on

13  claims of privilege that were created up to November 2, 2004, when Bryant filed his

14  Complaint for Declaratory Relief of Copyright Non-Infringement, Case No. CV 04-

15  09049, and (b) requiring the MGA parties to log all documents withheld on claims

16  of privilege that were created up to April 13, 2005, when MGA filed its Complaint

17  for False Designation of Origin, Affiliation, Association or Sponsorship, Unfair

18  Competition, Dilution, and Unjust Enrichment, thereby commencing Case No. CV

19  05-02727.

20  This motion is based on this Notice of Motion and Motion, the

21  accompanying Memorandum of Points and Authorities, the Declarations of

22  Michael T. Zeller and Timothy L. Alger filed concurrently herewith, the records and

23  files of this Court, and all other matters of which the Court may take judicial notice,

24

25

26

27

28

1 | and such further argument and evidence which may be presented at or before the

2 | hearing.

3 | DATED:  April 14, 2008                    QUINN EMANUEL URQUHART OLIVER &
                                                HEDGES, LLP

4 |

5 |                                           By

6 |                                              Timothy L. Alger
                                                 Attorneys for Mattel, Inc.

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2446415.1

MATTEL'S MOTION FOR PROTECTIVE ORDER

1

2 **<u>Certificate Of Compliance With Local Rule 37-1</u>**

3            Mattel, MGA, and Bryant met and conferred regarding the scope of the

4 Mattel's privilege log on January 31, 2008 and at times thereafter, but were unable

5 to reach agreement regarding the issues raised in this motion.

6

7 DATED: April 14, 2008           QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP

8

9                          By_____

10                            Timothy L. Alger
                           Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND ................................................................................. 3

ARGUMENT.................................................................................................. 5

I.   THE DISCOVERY MASTER MAY SET REASONABLE LIMITS ON THE SCOPE OF MATTEL'S PRIVILEGE LOG ...................................... 5

II.  A PRIVILEGE LOG OF DOCUMENTS CREATED DURING THE DISPUTED PERIOD WOULD IMPOSE AN UNDUE BURDEN ON MATTEL............................................................................................. 6

    A.   Logging All Documents Prepared During the Disputed Period Would Be a Costly, Time-Consuming Exercise.................................... 6

    B.   Logging All Documents Prepared During the Disputed Period Risks Revealing Aspects of Mattel's Litigation Strategy ...................... 8

III. LIMITING THE TEMPORAL SCOPE OF THE PRIVILEGE LOG WILL NOT PREJUDICE THE DEFENDANTS ........................................... 9

IV.  ANY EXPANSION OF MATTEL'S LOGGING OBLIGATIONS SHOULD APPLY TO DEFENDANTS AS WELL ...................................... 11

CONCLUSION................................................................................................ 11

MATTEL'S MOTION FOR PROTECTIVE ORDER

# TABLE OF AUTHORITIES

**Page**

## Cases

*Del Campo v. American Corrective Counseling Services,*
2007 WL. 4287335 (N.D. Cal. Dec. 4, 2007) ...................................................... 5, 7

*In re Imperial Corp. of America,*
174 F.R.D. 475 (S.D. Cal. 1997) ................................................................ 5, 8, 10

*SEC v. Nacchio,*
2007 WL. 21966 (D. Colo. Jan. 25 2007) ........................................................ 9, 10

*SEC v. Thrasher,*
1996 WL. 125661 (S.D.N.Y. March 20, 1996) ................................ 5, 6, 7, 8, 9, 10

*Seebeck v. General Motors Corp.,*
1996 WL. 742914 (N.D. Ga. May 17, 1996) ........................................................ 10

*Sphere Drake Ins. Ltd. v. All American Life Ins. Co.,*
221 F. Supp. 2d 874 (N.D. Ill. 2002) ................................................................ 5, 8

*United States v. Gericare Medical Supply Inc.,*
2000 WL. 33156442 (S.D. Ala. Dec. 11 2000)...................................................... 8

## Statutes

Cal. Civ. Proc. Code § 128.7 ...................................................................................... 7

Fed. R. Civ. P. 11 (same).............................................................................................. 7

Fed. R. Civ. P. 26......................................................................................................... 10

Fed. R. Civ. P. 26(b)(6) ............................................................................................. 10

Fed. R. Civ. P. 26(c)   .............................................................................. 5, 8, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Defendants seek to impose on Mattel the undue burden of logging five months of indisputably irrelevant, privileged documents prepared by, and communications among, legal counsel in anticipation of this litigation. Defendants have offered no justification for such a task, nor is one apparent. The only purpose a document-by-document privilege log for that time period would serve is the disruption of Mattel's trial preparations and the disclosure of the research, strategy, and communications of Mattel's lawyers.

Mattel has provided and supplemented a privilege log over the past two years that did not include documents leading up to the filing of the lawsuit. Defendants were made aware of this practice during lengthy meet-and-confer discussions among counsel for the parties in the summer of 2006. There is no disagreement that Mattel became aware of its contract-based claims against Carter Bryant by November 24, 2003 and that Mattel then began preparing to file the state court complaint that commenced a portion of this litigation. For over two years, Defendants did not object to Mattel's logging practice. Instead, current counsel for MGA and Bryant – *who did not participate in the conferences in the summer of 2006* – now belatedly challenge Mattel's log and demand that all privileged documents created up to April 27, 2004, the date Mattel filed its complaint against Bryant, be included in Mattel's privilege log, apparently for the primary purpose of distracting Mattel just as the parties are preparing for trial.

Requiring the logging of all privileged documents during the period from November 24, 2003 to April 26, 2004 (the "disputed period") would impose an undue, unjustified burden on Mattel and serve only to give Defendants an unfair advantage in the litigation. The disputed period encompasses Mattel's substantial preparations before filing suit – when there were intense and continuing communications among counsel and the preparation of countless documents and

1

1 | drafts that led up to the Complaint filed in Superior Court, Mattel, Inc. v. Carter
2 | Bryant (which was later removed and given Case No. CV 04-09059).

3 | While Defendants might have arguments to support their demand for
4 | logging of documents up to the point when Mattel obtained on November 24, 2003 a
5 | copy of Bryant's contract with MGA – which was executed while Bryant was
6 | employed by Mattel – they have no rationale for logging after that point. While
7 | privileged materials created after November 2003 have no relevance to the parties'
8 | claims and defenses, the exercise of logging these materials imposes a substantial
9 | burden. There is a vast quantity of material that would have to be reviewed and
10 | logged, just as Mattel prepares for a trial that will begin in about six weeks. Mattel
11 | will suffer additional prejudice because the production of a detailed, document-by-
12 | document privilege log disclosing the activities of Mattel's Law Department, key
13 | employees, and litigation counsel just before filing its complaint risks the revelation
14 | of Mattel's litigation strategy.

15 | Moreover, Defendants have refused to swallow the same pill. They
16 | will not log *their* privileged documents leading up to the time when they filed their
17 | respective complaints against Mattel. Defendants want Mattel to disclose
18 | everything that it was doing as it prepared to sue Bryant in late 2003 and early 2004,
19 | but contend that they have no obligation to log the very same category of documents
20 | leading up to the filing of their own complaints. If Mattel must log privileged
21 | documents up to April 27, 2004, Bryant should be ordered to log all privileged
22 | documents up to November 2, 2004, when he filed his complaint against Mattel, and
23 | MGA should be ordered to log all privileged documents up to April 13, 2005, when
24 | it filed its complaint against Mattel.

25 | Accordingly, Mattel respectfully requests that the Discovery Master
26 | grant this Motion and issue a protective order that Mattel need not include in its
27 | privilege log documents protected by attorney-client privilege and/or the attorney
28 | work product doctrine that were created on or after November 24, 2003.

1 | Alternatively, the Discovery Master should order Bryant and MGA to include in
2 | their privilege logs all documents claimed to be privileged that were created up
3 | through the filing of their respective complaints, as well.

4 |
5 | **Factual Background**

6 |      In July and August 2006, counsel for the parties – including O'Melveny
7 | & Myers on behalf of MGA and Littler Mendelson on behalf of Bryant – met via
8 | teleconference to discuss a variety of discovery disputes related to MGA's First Set
9 | of Document Requests to Mattel.[1]  During the meetings, counsel for Mattel
10 | informed Defendants that Mattel did not intend to log documents protected by
11 | attorney-client privilege or the attorney work product doctrine that were created in
12 | the period leading up to the filing of Mattel's suit against Carter Bryant.[2]  During
13 | these discussions, Mattel's counsel also made clear that if MGA and Bryant took a
14 | contrary position and Mattel was required to log all of its documents up to the filing
15 | of Mattel's complaint, then Bryant and MGA would have to do the same for their
16 | privileged documents up to the time they filed their respective complaints.[3]  In light
17 | of these discussions, Mattel prepared and repeatedly supplemented its privilege log,
18 | and, except for some limited documents, did not log privileged documents created
19 | after November 23, 2003.[4]

20 | _____
21 | [1]  Declaration of Michael T. Zeller ("Zeller Dec."), ¶ 2.
21 | [2]  Id., ¶ 3.
22 | [3]  Id., ¶ 4.
23 | [4]  Declaration of Timothy L. Alger ("Alger Dec."), ¶ 2.  Mattel's present privilege log includes entries for certain documents created after November 24,
24 | 2003 and April 27, 2004.  These entries relate to circumstances unique to the
25 | pertinent document, including compliance with specific discovery orders or specific representations that Mattel would log certain documents, such as when inadvertently
26 | produced documents were clawed back pursuant to Section 13 of the Stipulated
27 | Protective Order.  By this Motion, Mattel does not seek an order relating to documents already entered on the privilege log.
28 |

1    And that is how things stood for well over a year.  During another meet

2  and confer on January 31, 2008, counsel for Mattel reminded counsel for MGA and

3  Bryant that it was not Mattel's practice to log all documents protected by the

4  attorney-client privilege or work product doctrine created on or after November 24,

5  2003.[5]  In response, Defendants, now represented by new counsel who had not

6  participated in the 2006 discussions, insisted for the first time that Mattel must log

7  all privileged documents created up to the day Mattel filed its complaint against

8  Bryant.[6]  Mattel informed Defendants that any expansion of logging obligations

9  would have to be reciprocal – if Mattel was to log all privileged documents leading

10  up to the filing of its complaint, Bryant and MGA would have to do the same for the

11  time periods leading up to their respective complaints against Mattel.[7]  This meant

12  that Bryant would have to log documents leading up to the filing of his Complaint

13  for Declaratory Relief of Copyright Non-Infringement on November 2, 2004, and

14  the MGA parties would have to log documents leading up to the filing of the

15  Complaint for False Designation of Origin, Affiliation, Association or Sponsorship,

16  Unfair Competition, Dilution, and Unjust Enrichment on April 13, 2005.[8]

17    Further discussions about the temporal scope of the privilege log failed

18  to resolve the issue, causing Mattel to file this motion.[9]

19

20  _____

21  [5]  Alger Dec., ¶ 2.  Counsel were conferring regarding Defendants' motion to compel production of documents using "NHB."  Id.

22  [6]  Alger Dec., ¶ 3.

23  [7]  Alger Dec., ¶ 4.
    [8]  Id.

24  [9]  March 10, 2008 letter from Timothy L. Alger to Marcus Mumford and

25  Michael H. Page, Exh. A to the Alger Dec.; March 14, 2008 letter from Marcus Mumford to Timothy L. Alger, Exh. B to the Alger Dec.; March 14, 2008 letter

26  from Timothy L. Alger to Matthew M. Werdegar, Exh. C to the Alger Dec.;

27  March 18, 2008 letter from Matthew Werdegar to Timothy L. Alger, Exh. D to the Alger Dec.

28

4

1

**Argument**

2   I.   **THE DISCOVERY MASTER MAY SET REASONABLE LIMITS ON**

3   **THE SCOPE OF MATTEL'S PRIVILEGE LOG**

4   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a

5   protective order limiting discovery should be granted when necessary to protect a

6   party from "annoyance, embarrassment, oppression or undue burden."  Courts have

7   recognized that protective orders should issue to set reasonable limits on the scope

8   of privilege logs.  See, e.g., Del Campo v. American Corrective Counseling

9   Services, 2007 WL 4287335, *4 (N.D. Cal. Dec. 4, 2007) (granting protective order

10   because it would be "an unfair and undue burden to force [a party] to create a

11   privilege log containing every letter between attorney and client"); Sphere Drake

12   Ins. Ltd. v. All American Life Ins. Co., 221 F. Supp. 2d 874, 886 (N.D. Ill. 2002)

13   (excluding "documents that were authored by litigation counsel" from privilege log);

14   In re Imperial Corp. of America, 174 F.R.D. 475, 478 (S.D. Cal. 1997) (granting

15   protective order against detailed logging of privileged documents created before and

16   during litigation); SEC v. Thrasher, 1996 WL 125661 (S.D.N.Y. March 20, 1996)

17   (granting protective order holding that party did not have to prepare detailed,

18   document-by-document privilege log).

19   The court in Thrasher explained why a judge should exercise control

20   over logging where the burden is substantial and there is little or no benefit to the

21   litigation:

22   [T]he court may permit the holder of withheld documents to provide

23   summaries of the documents by category or otherwise to limit the

24   extent of his disclosure.  This would certainly be the case if (a) a

25   document-by-document listing would be unduly burdensome and

26   (b) the additional information to be gleaned from a more detailed log

27   would be of not material benefit to the discovering party in assessing

28   whether the privilege claim is well grounded.

1 | Thrasher, 1996 WL 125661, *1.

2

3 | II.     **A PRIVILEGE LOG OF DOCUMENTS CREATED DURING THE**

4 |        **DISPUTED PERIOD WOULD IMPOSE AN UNDUE BURDEN ON**

5 |        **MATTEL**

6 |        A.     **Logging All Documents Prepared During the Disputed Period**

7 |            **Would Be a Costly, Time-Consuming Exercise**

8 |        The parties have already agreed that privileged documents created after

9 | April 27, 2004 – the date Mattel filed its complaint against Bryant – need not be

10 | placed on their respective privilege logs.[10] The rationale for this limitation is

11 | simple. With litigation ongoing, such documents are clearly privileged, are

12 | irrelevant to the underlying facts, and production of them would impose an undue

13 | burden on the parties.

14 |        The Court has not had occasion to address logging of documents for the

15 | period prior to April 27, 2004, but the same rationale applies – as discussed by

16 | counsel during the meet-and-confers in the summer of 2006. On November 24,

17 | 2003, Mattel obtained for the first time documents putting it on notice of its

18 | contract-related claims against Bryant.[11] Mattel obtained from counsel for a party in

19 | litigation with MGA in Hong Kong a copy of an agreement between Bryant and

20 | MGA that was executed while Bryant was a Mattel employee. Mattel also obtained

21 |     [10] Exh. D to the Alger Declaration. Defendants are likely to assert in opposition

22 | to this motion that discussions about logging prior to the conferences of counsel in

23 | the summer of 2006, when the parties discussed MGA's First Set of Document

     Requests, confirm that Mattel was obligated to log all privileged documents up to

24 | the filing of its complaint. Earlier discussions focused on the logging of privileged

25 | documents relating to Mattel's investigation of Bryant and MGA in 2002. Zeller

     Dec. ¶ 2. No agreement was reached in the earlier discussions. Id. Moreover, no

26 | agreement was reached as to general logging practices when the parties met-and-

27 | conferred about the document requests in the summer of 2006. Id. at ¶¶ 3-4.

     [11] Declaration of Michael Moore, ¶¶ 3-4, Exh. E to the Alger Declaration.

28

1   copies of 17 Bratz design drawings by Bryant.[12]  As Judge Larson put it,

2   November 24, 2003 "marks the date when litigation between Mattel and Bryant

3   became more than merely speculative and in fact became probable."[13]

4          Once Mattel discovered on November 24, 2003 that Bryant worked

5   with MGA while employed by Mattel, litigation became likely.  Fulfilling its

6   obligation to conduct a "reasonable inquiry" prior to filing a complaint, Mattel's

7   Law Department worked with outside counsel to investigate and prepare for the

8   filing and service of its complaint in California state court.  See Cal. Civ. Proc. Code

9   § 128.7 (requiring "inquiry reasonable under the circumstance" prior to filing

10  complaint); Fed. R. Civ. P. 11 (same).  As a result, Mattel's in-house and outside

11  lawyers generated a substantial quantity of privileged materials from November 24,

12  2003 until the filing of Mattel's complaint against Bryant on April 27, 2004.[14]

13         To prepare a detailed privilege log covering the disputed period, Mattel

14  would have to review a large quantity of paper and electronic documents in the files

15  of the Mattel Law Department and its outside litigation counsel, compare them with

16  prior productions and Mattel's privilege log, and add the appropriate documents to a

17  supplemental log.  Even under normal circumstances, such an effort would require

18  substantial attorney time and expense.  At this point, the impact would be even more

19  profound: it would distract and consume the time of Mattel's lawyers during the

20  time leading up to trial, and divert substantial attorney and paralegal resources from

21  trial preparation.[15]  See Thrasher, 1996 WL 125661, *1 (granting protective order

22  because preparation of a "document-by-document listing would be a long and fairly

23  expensive project for counsel to undertake"); Del Campo, 2007 WL 4287335, * 4

24  (finding it an "unfair and undue burden" to force a party to catalogue every letter

25  _____

26  [12]  Id.

27  [13]  Exh. F to the Alger Dec.

    [14]  Alger Dec., ¶ 5.

28  [15]  Id.

1 between attorney and client); Sphere Drake Ins. Ltd., 221 F. Supp. at 886 (finding it
2 "overly burdensome" to require inclusion of documents authored by litigation
3 counsel in log).

**B.  Logging All Documents Prepared During the Disputed Period Risks Revealing Aspects of Mattel's Litigation Strategy**

7 Preparation of a document-by-document privilege log covering the
8 disputed period is also prejudicial to Mattel because it risks exposing elements of its
9 litigation strategy on the eve of trial.  Rule 26(b)(5) provides that a party making a
10 claim of privilege is not required to reveal "information itself privileged or
11 protected."  As a result, courts are especially wary of requiring the preparation of
12 such detailed logs reflecting communications with and documents prepared by
13 litigation counsel.  United States v. Gericare Medical Supply Inc., 2000 WL
14 33156442 (S.D. Ala. Dec. 11 2000) (detailed privilege log "would have revealed the
15 identity of each person interviewed, information that itself would reveal plaintiffs'
16 strategy and mental processes"); In re Imperial Corp. of America, 174 F.R.D. at 478
17 (granting protective order in part because "disclosure of the pattern of their counsel's
18 consultants and communications might reveal aspects of their litigation strategy");
19 Thrasher, 1996 WL 125661, *1 (granting protective order because "disclosure of the
20 pattern of [] attorney's consultations with other counsel might reveal some aspects of
21 his litigation strategy").  Defendants' demand for a privilege log for the disputed
22 period is an obvious back-door maneuver to discern what Mattel did prior to filing
23 its complaint.

24 A document-by-document privilege log for the time leading up to the
25 filing of the complaint necessarily would provide Defendants with a detailed
26 chronology of the actions of Mattel's lawyers and disclose their numerous
27 communications with Mattel management and the identities of Mattel personnel
28 who were contacted as counsel and the client prepared for litigation.  A log may

1 | disclose the identity and specialty of experts and attorneys consulted, the identity of
2 | any investigators retained, the number of drafts of the complaint circulated and their
3 | recipients, and the time and nature of legal and factual research conducted prior to
4 | filing. As the cases cited above recognize, these facts are irrelevant to the dispute
5 | itself –and serve only to give one side an unfair insight into the litigation strategy of
6 | the other.

7 |

8 | III.   **LIMITING THE TEMPORAL SCOPE OF THE PRIVILEGE LOG**
9 | **WILL NOT PREJUDICE THE DEFENDANTS**

10 | Preparation of a document-by-document privilege log for the disputed
11 | period would provide no material benefit to Defendants. Thrasher, 1996 WL
12 | 125661, at *2 (lack of prejudice to the propounding party is grounds for granting a
13 | protective order); SEC v. Nacchio, 2007 WL 21966, at *11 (D. Colo. Jan. 25 2007)
14 | (granting protective order against detailed privilege log because opposing party
15 | failed to make a "particularized showing of need"). During the parties' meet and
16 | confer regarding this Motion, Defendants failed to explain their need for a detailed
17 | log for the disputed period – and, indeed, no need is apparent.

18 | Any argument by Defendants that a detailed privilege log is relevant to
19 | their statute of limitations defenses would be frivolous. It is without dispute that
20 | Mattel was on notice of its contract-related claims against Bryant by November 24,
21 | 2003. The activities and communications of Mattel's counsel after that date have no
22 | bearing on Defendants' overheated contention that Mattel delayed suing Bryant after
23 | learning of his disloyalty. Privileged documents created during the period which
24 | has been a focus of MGA and Bryant's arguments – the summer of 2003 – have
25 | been placed on the Mattel's privilege log. Counsel for Defendants understood that
26 | they would be getting a log of the documents that were pertinent to their defenses
27 | when they met-and-conferred with Mattel in the summer of 2006.

28 |

1    The only legitimate purpose served by the production of a privilege log
2    is to "enable other parties to assess the applicability of the privilege." Fed. R. Civ.
3    Proc. 26(b)(6). A privilege log covering the disputed period does not serve that
4    purpose because it is uncontested that the documents that would have to be logged
5    were prepared by or at the direction of counsel in anticipation of litigation.[16] As
6    discussed above, Mattel was on notice of its claim against Bryant by November 24,
7    2003 and began investigating the initiation of likely litigation from that date.
8    Clearly, therefore, the documents at issue are protected by the attorney-client
9    privilege and/or work product doctrine.

10    Moreover, even if Defendants have some question about the privileged
11    nature of these materials, a document-by-document privilege log is still
12    inappropriate and unnecessary. Nothing in Rule 26(b)(5) requires such detail in
13    these circumstances. As the Advisory Committee Notes state, the Rule "does not
14    attempt to define for each case what information must be provided when a party
15    asserts a claim or privilege." Fed. R. Civ. P. 26, 1993 Advisory Committee Notes.
16    Courts have confirmed that the producing party may fulfill Rule 26(b)(5)'s
17    requirements by providing a categorical description, rather than document-by-
18    document information. See, e.g., Thrasher, at *1-2; Nacchio, 2007 WL 219966, at
19    * 10; In re Imperial Corp. of America, 174 F.R.D. at 479; Seebeck v. General
20    Motors Corp., 1996 WL 742914, 3 (N.D. Ga. May 17, 1996).

21    Finally, Defendants' failure to object sooner to Mattel's practice of not
22    logging documents created on or after November 24, 2003 demonstrates that they
23    have not been prejudiced by this practice. Mattel first informed Defendants of its
24    practice in July 2006. They did not complain or raise any further issue until 2008,
25    when Mattel was becoming immersed in its pre-trial preparations.

26

27    [16]   Alger Dec., ¶ 6.

28

10

IV.   **ANY EXPANSION OF MATTEL'S LOGGING OBLIGATIONS SHOULD APPLY TO DEFENDANTS AS WELL**

Fairness dictates that if Mattel is required to prepare a log disclosing its privileged communications and work product leading up to the filing of its complaint on April 27, 2004, Defendants should prepare logs covering comparable periods. Bryant sued Mattel on November 2, 2004, and MGA sued Mattel on April 13, 2005. The burden of preparing a document-by-document log of privileged materials leading up to the filing of a party's complaint, and the disclosure of information that follows from the preparation of such a log, should be shared in equal measure by Defendants.

Accordingly, if Mattel is required to prepare a document-by-document log of privileged materials created while it prepared to file suit, Bryant and the MGA parties should be ordered to do the same, and be required to produce logs identifying all documents for which they claim privilege up to the date on which they filed their respective complaints against Mattel.

**Conclusion**

For all of the foregoing reasons, Mattel respectfully requests that the Court grant this Motion and enter an order limiting the temporal scope of Mattel's privilege log to documents created before November 24, 2003.

DATED:  April 14, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By
Timothy L. Alger
Attorneys for Mattel, Inc.

07209/2446415.1

11

MATTEL'S MOTION FOR PROTECTIVE ORDER