QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER LIMITING THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG, OR, IN THE ALTERNATIVE, MOTION TO COMPEL LOGGING OF PRIVILEGED DOCUMENTS BY BRYANT AND THE MGA PARTIES<br><br>Phase 1:<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008. |

07209/2454305.1

DECLARATION OF MICHAEL T. ZELLER

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bar of the States of California, New York and Illinois and a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. In June 2006, after the year-long stay in this case was lifted, the parties met and conferred on a number of issues under Judge Block's auspices. As reflected in the transcript, Defendants raised issues regarding the scope and timing of the privilege log as it related to the 2002 investigation. Mattel's counsel, John Quinn, stated that while there was no disagreement that some documents from the 2002 investigation would be appropriately logged, Mattel's counsel specifically expressed concern about logging outside counsel's files and both Mr. Quinn and MGA's counsel, Dale Cendali, noted that the scope of the log as it related to the investigation would have to be discussed further among the parties. The parties reached no resolution as to the scope of the 2002 documents to be included on the privilege log, and Judge Block stated his expectation that the parties would discuss the matter further.

3. In July and August 2006, counsel for the parties met via teleconference to discuss discovery disputes related to MGA's First Set of Document Requests to Mattel. Among others, Ms. Cendali and Diana Torres of O'Melveny and Myers attended on behalf of MGA, and Keith Jacoby and Doug Wickham of Littler Mendelson participated on behalf of Bryant. John Quinn and I participated for Mattel. During the initial meetings, Defendants raised the issue of the scope of the privilege log as it related to the 2002 investigation. Defendants also raised issues more generally about whether Mattel should log all pre-filing communications and work product that led up to the filing of suit. Mr. Quinn and I informed Defendants that Mattel did not intend to log documents protected by

1  attorney-client privilege or the attorney work product doctrine that were created in
2  the period leading up to the filing of Mattel's suit against Carter Bryant. Mr. Quinn
3  explained that the burden of logging all documents up to the date of filing would be
4  great, and there was no justification for such an endeavor. During these discussions,
5  Mr. Quinn and I stated that if MGA and Bryant took a contrary position and Mattel
6  was required to log all of its documents up to the filing of Mattel's complaint, then
7  Bryant and MGA would have to do the same for their privileged documents up to
8  the time they filed their respective complaints. MGA's and Bryant's counsel stated
9  they would consider the matter further.

10         4.     The issue of the time period for the logging of all privilege
11 documents leading up to suit was discussed further at conferences on July 27, 2006
12 and on August 2, 2006. Various proposals were discussed, but ultimately no
13 resolution was reached. Ultimately, Mr. Quinn and I stated that Mattel would
14 consider logging all privileged communications and work product leading up to
15 Mattel's suit if MGA and Bryant likewise agreed to log all privileged
16 communications and work product leading up to their respective suits. Defendants
17 declined any agreement that would apply reciprocally (i.e., to their logs as well), and
18 Mr. Quinn asked Defendants' counsel to let us know if they changed their minds.
19 That was the last communication I was aware of on the subject until approximately

February 2008, when I understand that the time periods covered by the parties privilege logs was discussed by my partner, Tim Alger, and counsel for MGA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 12, 2008, at New York, New York.

*Michael T. Zeller*
Michael T. Zeller