Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On December 21, 2007, MGA Entertainment, Inc. ("MGA") submitted a Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

1  in the Alternative, for Leave to Serve Such Notice." Mattel submitted an opposition on January
2  11, 2008, and MGA submitted a reply on January 17, 2008. The motion was heard on April 11,
3  2008.

## II. BACKGROUND

MGA originally sought an order (1) compelling Mattel to designate and produce witnesses to testify on topic nos. 8-9, 11-24, 26-32, 39, 42, 47, 48, 58, 60, 65, 69-85 of its Rule 30(b)(6) notice, or in the alternative granting leave to serve notice on Mattel of the above-listed topics, and (2) awarding sanctions. After meeting and conferring further, the parties were able to narrow the scope of the Motion. See Joint Report to Discovery Master Regarding Pending Discovery Motions dated March 28, 2008. Specifically, MGA withdraws its motion as to topic nos. 21-23, 60, 65, and 71-85, without prejudice to MGA's right to seek testimony on these topics in Phase 2. The parties also represent that topic nos. 8-9, 12-17, 19-20, 24, 27-32, 48[1], 58 and 69 remain at issue as drafted, and that topic nos. 18, 26, 39, 42, 47 and 70 remain at issue but have been narrowed.

MGA contends that it is entitled to notice a 30(b)(6) deposition to develop its claims and defenses, and that it has not previously served a single 30(b)(6) notice on Mattel. MGA also contends that contrary to Mattel's assertion, the 30(b)(6) notice Carter Bryant served on Mattel in 2004 should not be attributed to MGA because the two are different parties and represented by different counsel. Furthermore, MGA contends that Carter Bryant's 30(b)(6) notice was crafted to develop Carter Bryant's own claims and defenses, not MGA's claims and defenses. MGA also contends that the topics at issue do not materially overlap with those served by Carter Bryant. Furthermore, MGA contends that even if Carter Bryant's 30(b)(6) notice is attributed to MGA, MGA should be permitted to take a 30(b)(6) deposition of Mattel because of the three years of

---

[1] In the Joint Report, the parties list no. 48 both among the topics that MGA has withdrawn and the topics that remain at issue. Topic no. 11 is not included on either list. Because both topics are listed in MGA's motion and the Joint Report does not clearly specify that these topics have been withdrawn, the court assumes that the topics remain at issue.

(continued...)

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1  intervening litigation and the parties' amendments to the pleadings since Carter Bryant served
2  Mattel with his 30(b)(6) notice.
3      Mattel contends that MGA took most or all of the 30(b)(6) depositions noticed by Carter
4  Bryant and that MGA is not permitted to take Mattel's deposition for a second time absent a
5  showing of good cause. By Mattel's calculations, Carter Bryant and MGA deposed Mattel's
6  designees for 18 days, of which MGA took 13.5 days and Carter Bryant took only 4.5 days.
7  Mattel contends that MGA has failed to establish the requisite good cause for another 30(b)(6)
8  deposition, and further that MGA's deposition topics are objectionable for several reasons.
9  Among other things, Mattel contends that MGA's deposition topics are duplicative and
10 cumulative of the topics for which Mattel has already provided 30(b)(6) testimony, overbroad,
11 unduly burdensome, not reasonably particularized, vague and ambiguous, seek information that is
12 not available to Mattel, and seek information that is more appropriately obtained through
13 contention interrogatories. Lastly, Mattel contends that there are no changed circumstances to
14 warrant MGA's requested relief.

## III. DISCUSSION

16     Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery
17 regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed.R.Civ.P.
18 26(b)(1). Further, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."
19 Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the
20 frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure
21 or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative
22 or duplicative, or can be obtained from some other source that is more convenient, less
23 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to
24 obtain the information by discovery in the action; or (iii) the burden or expense of the proposed
25 discovery outweighs its likely benefit, considering the needs of the case, the amount in

_____

(...continued)

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

1 controversy, the parties' resources, the importance of the issues at stake in the action, and the
2 importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).
3     Applying the standards set forth above, and good cause appearing[2], MGA's motion is
4 granted as to topic nos. 8-9, 11-17, 18 (as narrowed during the meet and confer), 19-20, 24, 26 (as
5 narrowed during the meet and confer), 28-30, 32, 39 (as narrowed during the meet and confer),
6 48, 58, 69 and 70 (as narrowed during the meet and confer). These topics are relevant to the
7 claims and defenses in the case. Although some of the topics overlap with topics in Carter
8 Bryant's 30(b)(6) notice, the overlap is not so substantial as to render the topics duplicative or
9 cumulative of Carter Bryant's 30(b)(6) topics.
10     Nor are these topics unduly burdensome in the context of this litigation. Notably, Mattel
11 has served six separate 30(b)(6) notices on MGA (and its affiliates) that include 291 separate
12 topics. In light of the enormous breadth and burden of the deposition testimony Mattel has sought
13 from MGA, Mattel's objection based upon burden is unpersuasive. Mattel's remaining objections
14 are equally without merit.
15     MGA's motion is denied as to topic nos. 27, 31, 42 and 47. Although these topics are
16 relevant to the claims and defenses, the burden and expense of requiring Mattel to produce a
17 witness to testify on these topics outweigh its likely benefit, taking into consideration all of the
18 factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.
19 //
20 //
21 //

---

[2] The parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P. This issue was raised and addressed in the context of Mattel's earlier filed motion to compel MGA to produce 30(b)(6) designees. See Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, dated August 6, 2007. As before, it is unnecessary to resolve this conflict in the law because the debate is purely academic and inconsequential. As MGA requested, MGA's motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with additional topics. In evaluating the appropriateness of the topics, it is MGA's burden to demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2), Fed.R.Civ.P.

(continued...)

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

## IV. CONCLUSION

For the reasons set forth above, MGA's motion is granted as to all of the topics at issue except 27, 42, 47 and 31. Mattel shall produce corporate designees for deposition consistent with this order no later than May 5, 2008. MGA's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: April 11, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

---

(...continued)

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 11, 2008, I served the attached: (1) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND VERONICA MARLOW; (2) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS; (3) ORDER DENYING MATTEL'S APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; (4) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO OVERRULE RELEVANCE OBJECTION AND COMPEL DISCOVERY RELEVANT TO STATUE OF LIMITATIONS AND LACHES DEFENSES; DENYING REQUEST FOR SANCTIONS; AND (5) ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC. in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |

| | | |
|---|---|---|
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 11, 2008, at San Francisco, California.

_____
Sandra Chan