1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

12                                    | CASE NO. CV 04-09049 SGL (RNBx)
    CARTER BRYANT, an individual,     | JAMS Reference No. 1100049530
13
                Plaintiff,
14                                     | Consolidated with
         v.                           | Case No. CV 04-09059
15                                     | Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                     | **ORDER GRANTING IN PART AND
                Defendant.            | DENYING IN PART MATTEL'S
17                                     | MOTION TO COMPEL PRODUCTION
                                       | OF ELECTRONIC MEDIA FROM
18                                     | THIRD PARTIES ELISE CLOONAN,
                                       | MARGARET HATCH-LEAHY AND
19                                     | VERONICA MARLOW**

20  CONSOLIDATED WITH
21  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
22  INC.

23

24                        I. INTRODUCTION

25      On February 6, 2008, Mattel, Inc. ("Mattel") submitted its "Motion to Compel Production

26  of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica

27  Marlow" ("Motion").  Mattel previously sought identical relief, in addition to relief from the

28
    Bryant v. Mattel, Inc.,                                                      1
    CV-04-09049 SGL (RNBx)

1   expert witness cut-off date in an *ex parte* application presented to the district court.  On February

2   4, 2008, the court ordered this matter submitted to the Discovery Master for ruling.  The parties

3   have fully briefed the issue presented by Mattel's Motion – the production of the electronic media.

4   Mattel previously filed its Ex Parte Application to (1) Compel Production of Electronic Media

5   From Third-Parties Elise Cloonan, Margaret Hatch-Leahy, And Veronica Marlow Or (2) In The

6   Alternative, Modify the Scheduling Order on January 23, 2008.  Third parties Cloonan, Hatch-

7   Leahy and Marlow filed an opposition on January 27, 2008.  MGA Entertainment, Inc., MGA

8   Entertainment (HK) Limited, and MGAE de Mexico, S.R.L. de C.V. ("MGA") filed a joinder in

9   the third parties' opposition on January 28, 2008.  Mattel filed a reply on February 1, 2008.  The

10  motion was heard on April 11, 2008.

11  <div align="center">II. BACKGROUND</div>

12      Mattel served subpoenas for deposition and documents on the three witnesses in April

13  2005.  In the fall of 2007, the parties agreed on a protocol for an independent expert, Rick Albee

14  of DataChasers, Inc., to run certain "key word" search terms on the computer data in the

15  possession of Ms. Cloonan and Ms. Hatch-Leahy and to produce documents to the witnesses'

16  counsel, who would review the documents and produce responsive non-privileged documents.

17  The "key word" search terms included Bratz, MGA, Carter Bryant, Isaac Larian, Prayer Angels

18  and others.  The protocol to which the parties agreed did not "foreclose Mattel from seeking

19  production and inspection of any matter, including without limitation the original date, drives or

20  documents."  Tayback Decl., Ex. 14.  Ms. Cloonan's and Ms. Hatch-Leahy's counsel produced

21  documents to Mattel before their depositions.

22  <div align="center">Ms. Hatch-Leahy</div>

23      Ms. Hatch-Leahy was a Mattel employee until September 5, 2000.  Bryant solicited Ms.

24  Hatch-Leahy to sculpt Bratz dolls and introduced her to MGA.  According to the testimony of

25  MGA's Paula Garcia, Ms. Hatch-Leahy created the first Bratz sculpts and was the sole person to

26  work on the first Bratz sculpts in 2000.

27      Ms. Hatch-Leahy appeared for her deposition on December 12, 2007 and testified, in

28

1    pertinent part, that she worked for Mattel competitors while working for Mattel.  Although Ms.

2    Hatch-Leahy's computer was examined by an independent expert pursuant to the parties' agreed

3    upon protocol, Mattel seeks production of her computer to search for additional material that is

4    responsive to Mattel's discovery requests, including graphic files.  Mattel also intends to examine

5    Ms. Hatch-Leahy's computer to determine whether any data has been deleted.

6                                 Ms. Cloonan

7        Ms. Cloonan was Bryant's roommate while both worked at Mattel in 1999 and 2000.

8    Bryant testified that he used Ms. Cloonan's home computer to create Bratz materials he used to

9    pitch Bratz to MGA in September 2000.  Bryant also testified that Ms. Cloonan prepared a logo

10    used in the Bratz pitch materials that he presented to MGA.

11        Ms. Cloonan appeared for her deposition on December 14, 2007.  She testified that Bryant

12    used her computer and that she may have used her computer to prepare graphics for him.  She

13    also testified that she identified a Zip disk in her possession labeled "Bratz," which she gave to

14    her attorney in 2005.  Although Ms. Cloonan's computer and the Zip disk were examined

15    pursuant to the parties' agreed upon protocol, Mattel seeks production of these electronic media to

16    search for additional material that is responsive to Mattel's discovery requests, including graphic

17    files, and to determine whether any data has been deleted.

18                                 Ms. Marlow

19        Ms. Marlow allegedly introduced Carter Bryant ("Bryant") and MGA to one another and

20    worked on Bratz fashions.  Bryant has paid Ms. Marlow a substantial "finder's fee" for bringing

21    him and MGA together.  In addition, MGA has paid Ms. Marlow a substantial sum of money in

22    connection with Bratz.

23        Mattel deposed Ms. Marlow on December 28, 2007, and learned that three Mattel

24    employees – Maria Salazar, Ana Isabela Cabrera and Beatriz Morales – worked on Bratz while

25    they were employed at Mattel.  Mattel seeks production of Ms. Marlow's computer, which was

26    not subject to the independent expert review protocol outlined above, so that Mattel can search for

27    additional materials that are responsive to Mattel's discovery requests and determine whether any

28

1   data has been deleted.

2   III. STANDARDS

3       Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery

4   regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed.R.Civ.P.

5   26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See

6   Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District

7   courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v.

8   Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory

9   Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the

10  language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter

11  involved in the pending action," were intended to prevent discovery that swept far beyond the

12  claims and defenses of the parties and that seemed designed not to fairly litigate the issues

13  presented by the pleadings but to develop new claims or defenses.).

14      Furthermore, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

15  Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the

16  frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure

17  or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative

18  or duplicative, or can be obtained from some other source that is more convenient, less

19  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

20  obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

21  discovery outweighs its likely benefit, considering the needs of the case, the amount in

22  controversy, the parties' resources, the importance of the issues at stake in the action, and the

23  importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

24  IV. DISCUSSION

25  Ms. Hatch-Leahy

26      Mattel's motion is denied as to Ms. Hatch-Leahy's electronic media. As Mattel readily

27  acknowledges, Ms. Hatch-Leahy's computer was subject to the parties' negotiated protocol, and

28

1 | none of Mattel's proffered justifications for another search has merit. Mattel attempts to justify

2 | another search of Ms. Hatch-Leahy's electronic media based upon the identification of Pedro

3 | Salazar, Maria Salazar, Ana Isabela Cabrera and Beatriz Morales during Ms. Marlow's recent

4 | deposition. These individuals, however, assisted Ms. Marlow with sewing Bratz fashions. Ms.

5 | Hatch-Leahy sculpted Bratz dolls; she did not work on Bratz fashions.

6 | Mattel also attempts to justify another search because "the key word searches do not

7 | capture the evidence that arises from the absence of documents on the computer hard drives,

8 | specifically the absence of documents that these witnesses testified at the deposition should have

9 | been located on their respective hard drives but which were not, for some reason, produced."

10 | Mattel's Ex Parte App. at p.3. Mattel, however, has not provided any citation to Ms. Hatch-

11 | Leahy's deposition transcript to support this assertion, and moreover, Ms. Hatch-Leahy denies

12 | making such a statement. See Opposition at p. 21.

13 | Mattel's speculation about deleted or missing data also does not justify another search

14 | because the parties' agreed upon protocol included a provision to address this issue. Among other

15 | things, the parties' protocol provided the following:

16 | The expert will follow the same procedures as set forth above with respect to any
   | documents or data relating to any alteration of the hard drives or data on the hard
17 | drives by, for example, providing a listing of all application programs and when
   | they were installed, detailing whether there is any evidence of the presence or use
18 | of a data destruction program on the computer, evidence regarding the transfer of
   | relevant documents to or from the computer via media or e-mail, and/or user
19 | account information present on the system.

20 | Tayback Decl. in Support of Mattel's Motion, Ex. 14. Nor does the fact that Ms. Hatch-Leahy's

21 | document production did not include graphic files justify another search. There is no evidence to

22 | suggest that Ms. Hatch-Leahy's electronic media contained graphic files. Furthermore, there is no

23 | evidence to suggest that the independent expert failed to apply or was not able to apply the key

24 | word search to graphical computer files. In any event, given that Ms. Hatch-Leahy's electronic

25 | media has already been searched by an independent expert in accordance with the parties'

26 | negotiated protocol, the burden, expense, and intrusion into Ms. Hatch-Leahy's privacy interests

27 | associated with conducting yet another search substantially outweigh its likely benefit taking into

28 |

1  consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

2  <center>Ms. Cloonan</center>

3      Mattel's motion is granted with respect to Ms. Cloonan's computer and the Zip disk. Both

4  Bryant and Ms. Cloonan testified that Bryant used Ms. Cloonan's computer for Bratz. She also

5  testified that the Zip disk in her possession was labeled "Bratz." In light of this testimony, Ms.

6  Cloonan's computer and the Zip disk are likely to contain information relevant to the origin,

7  creation and development of Bratz. On balance, the potential relevance of the information on Ms.

8  Cloonan's computer and the Zip disk outweigh the burden and expense of another examination of

9  these items by Mattel. Further, although Rule 34, Fed.R.Civ.P., does not authorize the routine

10  production of electronic devices, the intrusion into Ms. Cloonan's privacy interests is warranted

11  because of the strong likelihood that there may be relevant information on the electronic devices

12  that is not available from any other source.

13  <center>Ms. Marlow</center>

14      Mattel's motion is denied with respect to Ms. Marlow's electronic media. Ms. Marlow

15  testified at her deposition that she searched for and turned over all of her Bratz-related documents

16  to her counsel, and that she has never thrown away, shredded or destroyed any documents related

17  to Bratz. In light of Ms. Marlow's unequivocal testimony and substantial document production,

18  Mattel's concerns over the completeness of the production and potential document destruction are

19  unfounded.

20      In addition, Ms. Marlow has produced over eight thousand pages of documents in

21  response to Mattel's subpoena, which included documents identifying Pedro Salazar, Maria

22  Salazar, Ana Isabela Cabrera and Beatriz Morales. Therefore, Mattel's attempt to justify

23  production of Ms. Marlow's computers based upon the identification of these individuals at her

24  deposition is without merit.

25      In sum, the record indicates that Ms. Marlow has substantially complied with her

26  discovery obligations and there is no evidence to the contrary. Therefore, the burden, expense,

27  and intrusion into Ms. Marlow's privacy interests associated with the production of her personal

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

1   computers is unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

2   Fed.R.Civ.P.

3   <u>V. CONCLUSION</u>

4       For the reasons set forth above, Mattel's motion is granted in part as to Ms. Cloonan's

5   computer and the Zip disk, and denied in all other respects.  Pursuant to Paragraph 6 of the

6   Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with

7   the Clerk of Court forthwith.

8

9   Dated: April _11_, 2008

10                  HON. EDWARD A. INFANTE (Ret.)

                    Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 11, 2008, I served the attached: (1) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND VERONICA MARLOW; (2) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS; (3) ORDER DENYING MATTEL'S APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; (4) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO OVERRULE RELEVANCE OBJECTION AND COMPEL DISCOVERY RELEVANT TO STATUE OF LIMITATIONS AND LACHES DEFENSES; DENYING REQUEST FOR SANCTIONS; AND (5) ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC. in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |

| | | |
|---|---|---|
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 11, 2008, at San Francisco, California.

_____
Sandra Chan