Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC.** |

## I. INTRODUCTION

On March 3, 2008, MGA Entertainment, Inc. ("MGA") submitted a Motion to Compel Production of Documents from Third Party Right Management Consultants, Inc. ("Right Management"). MGA seeks an "order compelling Right Management to produce documents responsive to MGA's subpoena relating to Phase I issues, specifically the computer printouts that

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

have been previously collected by Right Management's counsel." MGA's Motion at p.7. On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition and on March 19, 2008, Right Management submitted a separate opposition. On March 13, 2008, MGA submitted a reply to Mattel's opposition, and on March 25, 2008, MGA submitted a reply to Right Management's opposition. The motion was heard on April 11, 2008.

## II. BACKGROUND[1]

Right Management has provided outplacement services to laid-off Mattel employees. MGA served Right Management with a subpoena in December of 2007, seeking, among other things, "All COMMUNICATIONS with MATTEL REFERRING OR RELATING TO YOUR participation or involvement in MATTEL LAYOFFS and all DOCUMENTS REFERRING OR RELATING TO such communications." Right Management served objections.

During the meet and confer process, Right Management indicated that it had collected a one-and-a-half inch thick stack of hard copy documents that are responsive to MGA's requests – consisting primarily of computer printouts of all Mattel employees, by name and title, who used Right Management's services after having been laid off. By this motion, MGA seeks production of this one-and-a-half inch stack of documents.

MGA contends that the requested documents are relevant primarily to its statute of limitations and laches defenses. MGA reasons as follows:

> Here, MGA asserts that Mattel failed to assert its purported ownership interest relating to Bratz in a timely fashion, doing so long after it was aware of the facts underlying its claim, and then only when it had become clear that Bratz was a major threat to Barbie's share of the fashion doll market. Whether Mattel in fact sat on its claims until Bratz emerged as a formidable competitor and Mattel realized its "House [was] on Fire" before seeking to regain a competitive edge through litigation is thus directly relevant to MGA's statute of limitations and laches defenses. [citation omitted]. The requested documents, which by Mattel's own admission provide insight into one of the company's reactions to its market share crisis—*i.e.*, systemic cuts to its work force – are relevant to MGA's defenses in this action.

---

[1] Because the parties and Right Management are familiar with the procedural history of this motion, the "Background" section set forth herein includes only a brief summary of that history and a brief summary of each sides' main contentions.

MGA's Reply to Mattel's Opposition, pp. 1-2. MGA also contends that the documents are relevant to rebut Mattel's assertion that job stability at Mattel is one justification for what MGA describes as Mattel's "one-sided employment agreements regarding intellectual property." MGA's Reply at p.6. MGA further contends that the protective order entered in this case is sufficient to address any confidentiality concerns, and that MGA has agreed to production of the requested documents with the names of Mattel employees redacted.

Mattel and Right Management both oppose MGA's motion, contending that the documents MGA seeks are irrelevant to any Phase I issue and contain the confidential information of Mattel or Mattel's former employees. Right Management also contends that the burden of producing the requested documents, however great or small, is necessarily undue because the documents are irrelevant to the lawsuit. Further, Right Management contends that MGA's motion is untimely and was improperly served.

### III. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of the discovery methods if the court determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas and provides, in pertinent part, that a third party served with a subpoena for documents must produce

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

documents (and reasonably accessible electronically stored information) that are responsive to the subpoena. Fed.R.Civ.P. 45 (b), (d). If the subpoenaed documents are relevant and there is good cause for their production, the court will enforce the subpoena unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying or embarrassing. U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966).

Rule 45(c)(1), Fed.R.Civ.P., provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Furthermore, "[t]he issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Id.

In evaluating whether a subpoena imposes an undue burden, Rule 45(c)(3)(A), Fed.R.Civ.P., "'requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party,' . . . and in particular requires the court to consider: 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005), quoting Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005). Another important factor in evaluating burden is whether the subpoenaing party "can be more easily and inexpensively obtain the documents from [another party], rather than from [the] nonparty." Moon, 232 F.R.D. at 638. See also Lectrolarm Custom Sys. v. Pelco Sales, 212 F.R.D. 567, 573 (E.D. Cal. 2002) (protective order granted where plaintiff subpoenaed non-party for documents that plaintiff had sought from defendant because the "burden and harassing nature of the requests clearly outweigh[ed] the minimal need for the very limited amount of information that could be discovered under the subpoenas.").

In this case, the documents MGA seeks have no or such minimal relevance to the claims and defenses in the case that any burden associated with producing the documents outweighs its likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

4

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Fed.R.Civ.P. MGA has already pursued and obtained substantial discovery relating to its statute of limitations and laches defenses and relating to Mattel's form employment agreements. Furthermore, MGA could have, but apparently chose not to, seek documents concerning Mattel's lay-offs directly from Mattel, and therefore failed to take the requisite reasonable steps to avoid imposing undue burden and expense on Right Management.

## IV. CONCLUSION

For the reasons set forth above, MGA's motion to compel production of documents from Right Management is denied. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: April 11, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 11, 2008, I served the attached: (1) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES ELISE CLOONAN, MARGARET HATCH-LEAHY AND VERONICA MARLOW; (2) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS; (3) ORDER DENYING MATTEL'S APPLICATION TO ENFORCE COURT ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS; (4) ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO OVERRULE RELEVANCE OBJECTION AND COMPEL DISCOVERY RELEVANT TO STATUE OF LIMITATIONS AND LACHES DEFENSES; DENYING REQUEST FOR SANCTIONS; AND (5) ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY RIGHT MANAGEMENT CONSULTANTS, INC. in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |

| | | |
|---|---|---|
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 11, 2008, at San Francisco, California.

_____
Sandra Chan