Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

1  Sanctions. Specifically, Mattel seeks an order compelling MGA to produce documents and things
2  responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as
3  well as a complete privilege log identifying any documents responsive to these Requests that have
4  been withheld on privilege grounds. On February 7, 2008, MGA submitted an opposition, and on
5  February 14, 2008, Mattel submitted a reply. On April 9, 2008, Mattel submitted the
6  Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental
7  Declaration of Bernard Shek. The motion was heard on April 11, 2008.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of the discovery methods if the court determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

### A. Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ LAWSUITS." These requests are grossly overbroad and unduly burdensome. The mere fact that Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and various third parties does not render every pleading, discovery response, order, exhibit, transcript

or other document or thing relating to these twenty-five different litigations relevant to this litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any claim or contention by YOU (other than in this ACTION) that any doll, product or other matter, whether in whole or in part, that has been sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested documents could be relevant to the claims and defenses in this case.

Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the requests are unreasonably cumulative of other discovery Mattel has sought and received from MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of documents relating to more than a dozen other lawsuits, including numerous sworn statements and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely benefit of the discovery, particularly in light of the production of documents MGA has already made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

In Request No. 31, Mattel seeks documents related to the use or considered use of the term "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees to produce non-privileged documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with any MGA doll, product or other matter. The parties' most recent submissions indicate that Mattel is prepared to limit the time frame for its request through September 30, 2001, whereas MGA proposes through June 30, 2001.

Mattel's motion to compel production of documents responsive to Request No. 31 is granted with respect to the period through June 30, 2001. Bratz was released to the market sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include documents relevant to the creation and development of Bratz. To the extent Mattel seeks documents beyond what MGA agrees to produce, Mattel's motion is denied. The burden and expense of requiring MGA to conduct another search for responsive documents at this stage in the litigation far outweigh the likely benefit of the discovery, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls. In its supplemental responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the period prior to January 1, 2001. MGA objects to producing any additional documents responsive to this category of requests.

The parties' most recent submissions indicate that Mattel agrees to defer its motion to compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations regarding the completeness of its document production.[1] Further, Mattel agrees to limit Request

---

[1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that MGA update its supplemental responses to these requests to reflect what documents MGA has produced. Mattel's request is granted. MGA shall serve supplemental responses to these requests no later than April 30, 2008.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

Nos. 40 and 41 to documents through September 30, 2001. In contrast, MGA proposes limiting Request Nos. 40 and 41 to documents through June 30, 2001.

Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41 is granted consistent with MGA's proposal. To the extent Mattel seeks documents beyond what MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly broad and unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and Paula Garcia, and documents regarding MGA's payments to Ms. Garcia. Ms. Garcia was MGA's Bratz project manager. Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42 to communications through September 30, 2001. In contrast, MGA proposes limiting Request No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant or Bratz through June 30, 2001.

Mattel's motion to compel production of documents responsive to Request No. 42 is granted consistent with MGA's proposal. To the extent Mattel seeks additional communications beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously sought and received. See Temkin Decl., ¶3.

With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is willing to withdraw its motion if MGA represents that it has produced and can identify documents that show the total amount of payments made to Ms. Garcia. MGA provides the requested representation and identification of documents in its April 10, 2008 submission. During the April 11, 2008 hearing, however, it was apparent that these requests remained at issue.

1          Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced
2    documents sufficient to show what payments MGA has made to Ms. Garcia. See Supp. Shek
3    Decl., Ex. at p.6. Furthermore, although the requests encompass relevant documents, the requests
4    are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule
5    26(b)(2)(C), Fed.R.Civ.P.
6    E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)
7          In Request Nos. 43-55, Mattel seeks documents and things related to the conception,
8    design and development of MGA's Scooter Samantha products. Mattel's motion is denied as to
9    these requests because they relate primarily to Phase 2 of this case, and discovery relating to
10   Phase 2 has been stayed. Mattel's reasons for seeking such discovery in Phase 1 are twofold: to
11   develop evidence to challenge MGA's product development timeline for Bratz and to impeach
12   Ms. Garcia's credibility. Mattel's stated reasons do not justify the substantial breadth and burden
13   of the requested discovery, taking into consideration all of the factors set forth in Rule
14   26(b)(2)(C), Fed.R.Civ.P.
15   F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes
16   (Request Nos. 56-75)
17         In Request Nos. 56-75, Mattel seeks documents and things related to the conception,
18   design and development of Space Babes and to Scot Reyes, a former Mattel employee. Mattel's
19   most recent submission indicates that Mattel agrees to defer its motion to compel as to Request
20   Nos. 56-75 in light of the stay on Phase 2 discovery.
21   G. Personnel and Vendor Files (Request Nos. 78-88)
22         In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120
23   individuals. In its supplemental responses, MGA agrees to produce non-privileged documents
24   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the
25   extent such documents relate to work that the individuals performed relating to Bratz prior to

January 1, 2001. MGA objects to producing any documents responsive to Request Nos. 87 and 88.

The parties' most recent submissions indicate that MGA proposes to produce documents from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001. Mattel contends that it is entitled to all documents it has requested.

Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal. To the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel employees), because they relate primarily to Phase 2 issues. To the extent Request Nos. 87 and 88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

### III. CONCLUSION

For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos. 31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008. MGA shall produce documents and things in accordance with this order, as well as privilege log identifying responsive documents withheld on the basis of privilege, no later than April 30, 2008. Further, MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April 30, 2008.

Mattel's motion to compel is denied in all other respects. Mattel's request for sanctions is denied.

In view of the stay on Phase 2 discovery, this Order does not address the propriety of any of Mattel's requests for purposes of Phase 2 discovery. Nothing in this Order is intended to

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

1 authorize or preclude Mattel from seeking further production of documents in response to Request
2 Nos. 1-88 during Phase 2 discovery.
3    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
4 Master, Mattel shall file this Order with the Clerk of Court forthwith.

6 Dated: April /4, 2008

               _____
               HON. EDWARD A. INFANTE (Ret.)
                      Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| Name | Firm | Email |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

_____
Sandra Chan