QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO STRIKE THE EXPERT REPORT OF DOUGLAS KIDDER AND TO PRECLUDE HIS TESTIMONY AT TRIAL; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Jon D. Corey and Proposed Order filed concurrently]<br><br>Date: N/A<br>Time: N/A<br>Place: N/A<br><br>**Phase 1**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: April 21, 2008<br>Trial Date: May 27, 2008 |

07209/2473407.3

1  Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to
2  Local Rule 7-19 and Fed. R. Civ. P. 37, for an order striking the expert report of
3  Douglas Kidder, and preventing his testimony at trial.
4  This Motion is made on the grounds that Mr. Kidder is a rebuttal expert
5  witness for Carter Bryant, but Mr. Bryant has refused to produce him for deposition.
6  Permitting Mr. Kidder's testimony or any references to his report when Mattel has
7  not had an opportunity to depose him would prejudice Mattel in its ability to prepare
8  its case.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F.
9  Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted upon a showing of prejudice).
10  Pursuant to Local Rule 7-19, on April 15, 2008, Mattel's counsel gave
11  notice of this Application and the relief being sought to counsel for all other parties,
12  including counsel for Carter Bryant ("Bryant"), Michael H. Page (telephone: 415-
13  391-5400; address: 710 Sansome Street, San Francisco, CA 94111-1704), and
14  counsel for MGA Entertainment, Inc., MGAE de Mexico, S.A. de C.R.L., MGA
15  Entertainment (HK) Limited, and Isaac Larian (collectively "MGA"), Carl A. Roth
16  of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address:
17  300 South Grand Avenue, Suite 3400, Los Angeles, California 90071).  Counsel for
18  Bryant has stated that he opposes this motion.
19  This Motion is based on this Notice of Motion and Motion, the
20  accompanying Memorandum of Points and Authorities, the Declaration of Jon D.
21  Corey (and its exhibits) filed concurrently herewith, the records and files of this
22  Court, and all other matters of which the Court may take judicial notice.
23  DATED:  April 17, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Plaintiff
   Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel requests that the Court exclude the expert report and testimony of Douglas Kidder. Mr. Kidder is a rebuttal expert witness for Bryant, but Bryant is refusing to produce him for deposition. Mattel has been and will continue to be prejudiced as a result. Without the deposition of Mr. Kidder, Mattel cannot determine the foundations and methods for his opinions, and cannot appropriately prepare for cross-examination at trial.

As the basis for his refusal to produce Mr. Kidder for deposition, Bryant argued that Mattel did not ask for the deposition of Mr. Kidder until after the expert discovery cut-off on March 31, 2008. In making this claim, Bryant ignores two important points:

First, Mattel did ask for dates for rebuttal experts as early as March 6, 2008, even before rebuttal experts were disclosed. Second, given the compressed schedule of this case, the parties—including Bryant—had agreed to take depositions of expert witnesses after the discovery cut-off. His efforts now to deny Mattel the basic right to examine this expert are transparent gamesmanship.

Bryant has prevented necessary expert discovery in this case. This Court should exclude the testimony and expert report of Mr. Kidder, to prevent Bryant from an unfair advantage in this case and to avoid unfair prejudice to Mattel.

## Statement of Facts

As the Court knows, the parties are furiously attempting to complete outstanding pre-trial discovery and prepare for trial. Therefore, to expedite expert discovery in this case, the parties agreed that subpoenas and notices of deposition

would not be required for expert witnesses, and would instead be set through informal correspondence between counsel.[1] Mattel therefore sent a letter to counsel for both MGA and Carter Bryant on March 6, 2008, asking them to provide dates for deposition for rebuttal experts.[2] Douglas Kidder is a rebuttal expert witness who was retained by Carter Bryant to give his opinion on the damages in this case. On March 17, 2008, Mr. Kidder issued his report on behalf of Bryant.[3]

Having not received a date as previously requested by the March 6 letter, counsel for Mattel sent an e-mail on April 3, 2008 to counsel for MGA and Bryant setting dates for many expert depositions, and noting that counsel had not yet provided dates for the deposition of Mr. Kidder.[4] Having received no response from Bryant's counsel to that email, Mattel sent a follow-up email on April 10, 2008, again requesting dates for the deposition of Mr. Kidder.[5]

On April 11, 2008, counsel for Bryant responded. Counsel stated that Mattel had not requested a date for the deposition of Mr. Kidder before the expert discovery cut-off of March 31, 2008, and that Bryant would therefore not produce

---

[1] Corey Dec., ¶ 2; email from Jon Corey to Michael Paige, Carl Roth, and Michael Zeller, dated February 26, 2008, Cored Dec., Exh. 1. Bryant may argue that the letter's reference to MGA's experts somehow dismisses its obligation to produce rebuttal experts for deposition, but to that point the MGA defendants and Bryant had jointly proffered all experts, and Mattel anticipated that they would do so with rebuttal experts, which they did. See Carter Bryant's Notice Of Expert Disclosures Pursuant To Fed. R. Civ. P. 26, dated February 11, 2008, Corey Dec., Exh. 9; Carter Bryant's Supplemental Notice Of Expert Disclosures Pursuant To Fed. R. Civ. P. 26, dated March 17, 2008, Corey Dec., Exh. 10.
[2] Letter from Jon Corey to Michael Paige and Carl Roth, dated March 6, 2008, Corey Dec., Exh. 2.
[3] Expert Report of Douglas Kidder, dated March 17, 2008, Corey Dec., Exh. 3.
[4] Email from Jon Corey to Michael Paige, Matthew Werdegar, and Carl Roth, dated April 3, 2008, Corey Dec., Exh. 4.
[5] Email chain between Jon Corey, Michael Paige, Matthew Werdegar, Carl Roth, and Dylan Proctor, beginning on April 10, 2008, and ending on April 14, 2008, Corey Dec., Exh. 5.

him for deposition.[6]  In making this argument, he acknowledged that the parties had agreed to conduct depositions past that date, and indeed that Bryant had agreed to a date after the cut-off for another of his experts, Gary Funck.[7]  Bryant nevertheless stated that this agreement was merely made on a "case-by-case" basis, and that no agreement had been reached specifically as to Mr. Kidder.[8]

In response, Mattel noted that it had asked for dates for rebuttal experts as early as March 6, 2008, and notified counsel that, if dates were not provided, it intended to file the instant application.[9]  Mattel sent a follow-up letter to counsel on April 15, 2008 reiterating its intention to seek relief from this Court.[10]  Bryant replied on April 16, 2008, repeating that "Mattel's request to depose Mr. Kidder was untimely, having first been made after the close of expert discovery," and stating that it would oppose the application.[11]

## Argument

## THE COURT SHOULD EXCLUDE KIDDER

### A. Mattel Will Be Prejudiced by Bryant's Refusal to Provide Kidder for Deposition

To prepare for trial, Mattel must be permitted to depose the expert witnesses that intend to testify in this case.  Otherwise, Mattel will be unable to assess the foundation of their opinions or adequately cross-examine them.  Mr.

---

[6] Id.
[7] Id.
[8] Id.
[9] Id.
[10] Letter from Jon Corey to Michael Paige and Carl Roth, dated April 15, 2008, Corey Dec., Exh. 6.
[11] Email from Matthew Werdegar to Jon Corey, dated April 16, 2008, Corey Dec., Exh. 7.

Kidder intends to speak on the issue of damages, and claims that, at the most, Mattel is entitled to $945,615.61.[12] This testimony would conflict with Mattel's damages experts, who Mr. Kidder was retained to rebut. It would prejudice Mattel if Bryant were able to leave Mattel to discover the same information from Bryant's experts through blind questioning at trial. Cf. Barrett v. Atl. Richfield Co., 95 F.3d 375, 381 (5th Cir. 1996) ("There can be no question that each delay in producing and deposing expert witnesses resulted in additional expense and disrupted the Defendants' preparation of the case.").

### B. Bryant Refuses to Provide Kidder for Deposition in Bad Faith

Here, Bryant is preventing the deposition through the worst kind of gamesmanship. When Mattel sent a letter to both counsel for MGA and Bryant seeking dates for the deposition of rebuttal experts, Bryant did not say that this request was insufficient. He instead remained mute. When Mattel sent a follow-up email setting dates for other depositions, and seeking dates for Kidder, Bryant remained silent, presumably so that Mattel would continue to provide its own experts for deposition. Only when Mattel sent an e-mail explicitly noting Bryant's failure to provide deposition dates did he finally assert that the expert discovery cut-off had passed.

Moreover, Bryant asserted that Mattel had not asked for Mr. Kidder's deposition prior to the cut-off as his basis for denying the deposition. Yet when Mattel pointed to the March 6, 2008 letter, Bryant did not respond. In his correspondence on this issue, counsel for Bryant had implicitly conceded that a request for the deposition prior to March 31, 2008 is all that was required under the parties' agreement. Counsel wrote, "We are unaware of any request for a deposition of Mr. Kidder made before the discovery cutoff, much less any agreement to waive

---

[12] Expert Report of Douglas Kidder, dated March 17, 2008, at 8, Corey Dec., Exh. 3.

that cutoff.  **If we have overlooked one, we apologize, and will of course consider it if you can forward it to me.**"[13]  Nevertheless, when Mattel pointed to its prior request, Bryant still refused to produce Mr. Kidder.

### C. To Avoid Unfair Prejudice to Mattel, the Report and Testimony of Douglas Kidder Should Be Excluded

Given Bryant's refusal to provide Mr. Kidder for deposition, Mr. Kidder's testimony and expert report should be excluded in their entirety.  Indeed, many courts have excluded expert witnesses in similar circumstances.  See, e.g., Robinson v. Service America Corp., 2002 WL 449770, *1 (D.C. Cir. 2002) ("Finally, because appellant's expert failed to appear at a deposition, the district court did not abuse its discretion by precluding the expert's testimony."); Johnson v. J.B. Hunt Transport, Inc., 280 F.3d 1125, 1131-1132 (7th Cir. 2002) (affirming exclusion of expert testimony for refusal to appear for deposition); Barrett v. Atl. Richfield Co., 95 F.3d 375, 380-382 (5th Cir. 1996) (same); Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 377-378 (5th Cir. 2004) (same); Alimenta (U.S.A.), Inc. v. Anheuser-Busch Co., 803 F.2d 1160, 1163 (11th Cir. 1986) (excluding expert testimony based in part on delay in production of expert until day before trial); Leyva v. U.S., 2007 WL 1992095, *10 (D. Ariz. 2007) (excluding opinions in expert affidavit, where party refused to allow deposition to proceed).

---

[13]  Email chain between Jon Corey, Michael Paige, Matthew Werdegar, Carl Roth, and Dylan Proctor, beginning on April 10, 2008, and ending on April 14, 2008 (emphasis added), Corey Dec., Exh. 5.  Bryant's attempt to apply the expert discovery cut-off also does not comport with the parties' practice in this case.  Given the number of experts designated by the parties (thirty-three), completing them all after rebuttal reports were exchanged and before the March 31, 2008 cut-off was impossible.  So, the parties had already agreed to depose expert witnesses after the discovery cut-off.  To date, twelve experts have been deposed so far after the cut-off, and another seven are contemplated.  Indeed, Bryant produced another of its rebuttal expert witnesses, Gary Funck, after the discovery cut-off.

**Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court exclude the expert report of Douglas Kidder in its entirety, and preclude his testimony at trial.

DATED: April 17, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.