1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    MATTHEW M. WERDEGAR - #200470
5   mwerdegar@kvn.com
    710 Sansome Street
6   San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
7   Facsimile:  (415) 397-7188

8   Attorneys for Plaintiff
    CARTER BRYANT

9

10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                         EASTERN DIVISION

14

15  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
16                        Plaintiff,     2727)

17       v.                              [PUBLIC REDACTED] CARTER
                                         BRYANT'S EVIDENTIARY
18  MATTEL, INC. a Delaware              OBJECTIONS TO THE REPLY
    Corporation,                         EVIDENCE CITED IN MATTEL,
19                                       INC.'S CONSOLIDATED
                          Defendant.     SEPARATE STATEMENT OF
20                                       UNCONTESTED FACTS AND
                                         CONCLUSIONS OF LAW IN
21  CONSOLIDATED WITH MATTEL,            SUPPORT OF MATTEL'S
                                         MOTION FOR PARTIAL
22  INC., v. BRYANT and MGA              SUMMARY JUDGMENT

23  ENTERTAINMENT, INC. v.               VOLUME 1 of 2

24  MATTEL, INC.                         Date:      April 22, 2008
                                         Time:      10:00 a.m.
25                                       Dept:      Courtroom 1
                                         Judge:     Hon. Stephen G. Larson
26                                       Date Comp. Filed:  April 13, 2005
                                         Discovery Cut-Off:  Jan. 28, 2008
27                                       Pre-Trial Conference:  May 5, 2008
                                         Trial Date:  May 27, 2008
28            CONFIDENTIAL – FILED UNDER SEAL

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

1                    **PURSUANT TO PROTECTIVE ORDER**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

# CARTER BRYANT'S GENERAL OBJECTIONS

## I.   GENERAL OBJECTIONS TO MATTEL'S REPLY EVIDENCE

1.      Carter Bryant ("Bryant") objects to evidence that Mattel has proffered in support of its "Uncontroverted Facts" for the first time in its April 1, 2008 Consolidated Separate Statement of Uncontested Facts and Conclusions of Law in Support of Mattel's Motion for Partial Summary Judgment ("Mattel's reply evidence").  Such "new" evidence is improper and objectionable.  *See* Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (internal citation omitted); Daghlian v. DeVry University, Inc., 461 F. Supp. 2d 1121, 1144 (C.D. Cal. 2006) ("In general, '[i]t is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers.'").

2.      Bryant also objects to evidence that Mattel had previously cited in its opening and opposition briefs to support certain "Uncontested Facts", but which Mattel now asserts for the in support of different "Uncontested Facts."  Bryant hereby preserves and asserts all previous objections made by him or the MGA Parties in response to this evidence.

3.      Bryant objects to Mattel's proffered evidence that has not been properly attached to a declaration, in violation of Local Rule 7-6 and Federal Rule of Civil Procedure 56(e).

4.      Bryant incorporates by reference as though fully set forth herein his and MGA's evidentiary objections to the evidence submitted in Mattel's Separate Statement In Support of Mattel's Motion for Partial Summary Judgment and to the evidence submitted in Mattel's Statement of Genuine Issues In Support of Its Oppositions to the Bryant and MGA Motions for Partial Summary Judgment.

415667.01

1   Moreover, Bryant incorporates by reference as though fully set forth herein his

2   objections to the Reply Evidence Submitted in Support of Mattel's Consolidated

3   Separate Statement of Uncontested Facts and Conclusions of Law, Volume 1.

4       5.      Bryant has attempted to limit his objections to proffered evidence on

5   reply.  By so doing, Bryant does not intend to, nor does he, waive his objections to

6   Mattel's argument sand characterizations of Bryant and/or MGA's previous

7   objections.  For example, Mattel's reply often contains assertions that Defendant's

8   responses constitute impermissible argument, or that the defendants have not cited

9   "any contrary evidence disputing" the fact at issue.  While Bryant disagrees with

10   these assertions, Bryant does not attempt to rebut such arguments here.

11      6.      Lacks Foundation.  Bryant objects to Mattel's proffered evidence to

12   the extent it lacks proper foundation.  Evidence lacking proper foundation is not

13   admissible.  See SG Services v. God's Girls Inc, et al., CV 06-989 AHM (CTx),

14   2007 WL 2315437, at *11 (C.D. Cal. May 9, 2007) (refusing to admit evidence for

15   lack of foundation where there is no "factual basis for … [the] opinion"); Jarritos

16   v. Los Jarritos, No. C 05-02380 JSW, 2007 WL 1302506, at *10 (N.D. Cal. May 2,

17   2007) (striking evidence for lack of foundation where deposition excerpts "do not

18   clearly identify and authenticate documents or demonstrate that the exhibits

19   attached to the declaration of Plaintiff's counsel are true and correct copies of

20   documents described at the deposition"); see also Orr v. Bank of Amer., 285 F.3d

21   764, 774 (9th Cir. 2002) (upholding exclusion of evidence stating that the lack of

22   foundation for exhibits cannot be cured by stating that they are "true and correct

23   copies" of transcripts); Beyene v. Coleman Secur. Servs. Inc., 854 F.2d 1179, 1182

24   (9th Cir. 1998) ("We have repeatedly held that 'documents which have not had a

25   proper foundation laid to authenticate them cannot support a motion for summary

26   judgment.'"); Stephens v. Liberty Mutual, No. C 05-0213 PJH, 2008 WL 480287,

27   at *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he statement in

28

2

415667.01

1  [counsel]'s declaration that these are 'true and correct' copies does not lay an

2  adequate foundation for the admission of these exhibits into testimony").

3  Therefore, as shown below, certain of Mattel's proffered evidence lacks proper

4  foundation and is inadmissible.

5      7.    <u>Lacks Authentication</u> (Fed. R. Evid. 901).   Bryant also object to

6  Mattel's proffered evidence to the extent it lacks proper authentication.   Evidence

7  lacking proper authentication is not admissible.   "Federal Rule of Evidence 901(a)

8  requires 'authentication or identification as a condition precedent to admissibility.'

9  Thus, before evidence may be admitted, a foundation must be laid 'by evidence

10  sufficient to support a finding that the matter in question is what its proponent

11  claims.' Fed.R.Evid. 901(a)." <u>Beyene</u>, 854 F.2d at 1182 (upholding exclusion of

12  evidence that was not properly authenticated pursuant to Rule 901); <u>see also</u>

13  <u>United States v. Dibble</u>, 429 F.2d 598, 602 (9th Cir. 1970) (reversing judgment

14  where unauthenticated documents were admitted and noting: "[a] writing is not

15  authenticated simply by attaching it to an affidavit").   Therefore, to the extent that

16  Mattel's proffered evidence lacks proper authentication, it is inadmissible.

17      8.    <u>Lack of personal knowledge</u> (Fed. R. Evid. 602).   Bryant object to

18  Mattel's proffered evidence to the extent the declarant lacks personal knowledge.

19  A witness may not testify without personal knowledge. <u>See Latman v. Burdette</u>,

20  366 F.3d 774, 786-87 (9th Cir. 2004) (bankruptcy court abused its discretion in

21  admitting into evidence trustee's supplemental declaration attaching debtors' bank

22  account records where the declarant, trustee's attorney, had no personal knowledge

23  as to the authenticity of the account records); <u>United States ex rel. Conveyor</u>

24  <u>Rental & Sales Co. v. Aetna Cas. & Sur. Co.</u>, 981 F.2d 448, 455 (9th Cir. 1992)

25  (holding evidence inadmissible under Fed. R. Evid. 602 where witness did not

26  have personal knowledge); <u>Stephens v. Liberty Mutual</u>, No. C 05-0213 PJH, 2008

27  WL 480287, at *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he

28

3

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

1   statement in [counsel]'s declaration that these are 'true and correct' copies does not

2   lay an adequate foundation for the admission of these exhibits into testimony").

3   Therefore, Mattel's evidence in which declarant's lack personal knowledge is

4   inadmissible.

5       9.   Hearsay (Fed. R. Evid. 802).   Bryant object to Mattel's proffered

6   evidence to the extent it contains hearsay.   Hearsay is inadmissible. See

7   Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 983 n.28   (9th Cir. 2007)

8   (upholding summary judgment; "testimony regarding the purported statements of

9   the Union representative is inadmissible hearsay, as it is a statement by an out-of-

10  court declarant offered for the truth of the matter asserted"); see also Beyene, 854

11  F.2d at 1183 (upholding exclusion of evidence on grounds of hearsay, where

12  documents were offered to prove the truth of the matter asserted, and the proffering

13  witness "did not attempt to lay a foundation for any exception to the hearsay rule");

14  City of Long Beach v. Standard Oil. Co. of Cal., 46 F.3d 929, 937-38 (9th Cir.

15  1995) (upholding exclusion of hearsay).   Therefore, Mattel's proffered evidence

16  that contains hearsay is inadmissible.

17      10.   Vague and ambiguous.   Bryant objects to Mattel's proffered evidence

18  to the extent it is vague and ambiguous.   Evidence that is vague and ambiguous is

19  not admissible under Fed. R. Evid. 403 as it results in "confusion of the issues" and

20  "misleading the jury."   Therefore, Mattel's proffered evidence that is vague and

21  ambiguous is inadmissible.

22      11.   Mischaracterizes Testimony.   Bryant objects to Mattel's proffered

23  evidence to the extent it is mischaracterizes testimony.   Factual statements which

24  mischaracterize testimony are not admissible under Fed. R. Evid. 403 as they

25  results in "confusion of the issues" and "misleading the jury."   Therefore, Mattel's

26  proffered statements which mischaracterize testimony is inadmissible.

27

28

4

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

12.   <u>Mischaracterizes Evidence</u>.   Bryant objects to Mattel's proffered evidence to the extent it is mischaracterizes evidence.   Factual statements which mischaracterize evidence are not admissible under Fed. R. Evid. 403 as they results in "confusion of the issues" and "misleading the jury."   Therefore, Mattel's proffered statements which mischaracterize evidence are inadmissible.

13.   <u>Improper lay opinion</u> (Fed. R. Evid. 701).   Bryant objects to Mattel's proffered evidence to the extent it constitutes improper lay witness testimony. "Lay witnesses can permissibly base opinion testimony upon their experience, but the Federal Rules of Evidence require that lay opinion testimony be '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'"   <u>Jerden v. Amstutz</u>, 430 F.3d 1231, 1239 (9th Cir. 2006) (ruling that court improperly allowed testimony outside the scope of lay opinion), citing Fed. R. Evid. 701; <u>see also</u> <u>Sitrick v. Dreamworks, LLC</u>, CV 03-4265-SVW (AJWx), 2006 U.S. Dist. LEXIS 97312, at *67 (C.D. Cal. July 20, 2006) (upholding special master's exclusion of testimony, stating, "Bloom's testimony is not admissible under Federal Rule of Evidence 701.... this would allow Defendants to do an end-run around the expert witness requirements of Rule 26(a)"), <u>aff'd</u> 2008 U.S. App. LEXIS 2251 (Fed. Cir. Feb. 1, 2008).   Therefore, Mattel's proffered evidence, which constitutes improper lay opinion testimony, is inadmissible.

14.   <u>Improper expert testimony</u> (Fed. R. Evid. 702, 704). Bryant objects to Mattel's proffered evidence to the extent it constitutes improper expert witness testimony or offers legal conclusions.   Under Rule 702, expert testimony is admissible only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid.

702. Expert testimony that is unsubstantiated or subjective is inadmissible. See Diviero v. Uniroyal Goodrich Tire Co., 114 F.3d 851, 853 (9th Cir. 1997) (holding that district court correctly excluded testimony as it was, "unsubstantiated and subjective, and therefore unreliable and inadmissible"); see also Cabrera v. Cordis Corp., 134 F.3d 1418, 1423 (9th Cir. 1998) (upholding exclusion of testimony under Fed. R. Evid. 702 that was "based on unsubstantiated and undocumented evidence").

15.    Irrelevant (Fed. R. Evid. 401). Bryant objects to Mattel's proffered evidence to the extent it is irrelevant. Irrelevant evidence is not admissible. "The evidence did not have a tendency to show that a likelihood of expansion was more probable than not." M2 Software, Inc. v. Madacy Entm't et al., 421 F.3d 1073, 1088 (9th Cir. 2005) (upholding exclusion of evidence and noting that " 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"), citing Fed. R. Evid. 401.

16.    Speculation. Bryant objects to Mattel's proffered evidence to the extent it is speculative. Speculative evidence is not admissible under Fed. R. Evid. 403, as it results in "confusion of the issues" and "misleading the jury." United States v. Chung Lo, 231 F.3d 471, 482 (9th Cir. 2000) (upholding district court ruling that evidence was to speculative and excluding evidence under Fed. R. Evid. 403). Speculative testimony is also not an appropriate subject for lay opinion testimony. "It is necessary that a lay witness's opinions are based upon ... direct perception of the event, are not speculative, and are helpful to the determination of factual issues before the jury." U.S. v. Freeman, 498 F.3d 893, 905 (9th Cir. 2007) (internal quotations omitted). Therefore, Mattel's proffered evidence which is speculative is inadmissible.

415667.01

## II. SPECIFIC OBJECTIONS TO MATTEL'S REPLY EVIDENCE

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| 1. Mattel's business as of 2000 was to "desig[n], manufactur[e], and marke[t] a broad variety of toy products on a worldwide basis through both sales to retailers [i.e. "customers"] and direct to consumers...[and] to create new brands..." | Defendants' responses do not dispute that Mattel's business as of 2000 was to "design[n', manufacture[e], and marke[t] a broad variety of toy products on a worldwide basis through both sales to retailers [i.e. "customers"] and direct to consumers...[and] to create new brands..." <br><br> The undisputed facts establish that the Bratz doll designs "relate to" Mattel's business. Bratz is a fashion doll and it competes directly with Mattel products. ██████ ████████████████ ████████████████ ████████████████ ██████ See Bryant Tr. Vol. I at 242:16-243:10, Supp Corey Dec, Exh. 1. | Bryant incorporates by reference his general objection as though fully set forth herein. <br><br> Objections to Supp. Corey Dec., Exh. 1 (Bryant Tr. Vol. 1 at 242:16-243:10). Mattel cites an incomplete excerpt of Bryant's testimony and the stated proposition mischaracterizes that testimony. (Fed. R. Evid. 106, 402, 403, 1006.). Bryant testified that he ██████████████ ██████████████ ██████████████ (Supp. Corey Dec., Exh. 1 (Bryant Tr. at 243:18-21)). <br><br> Mattel's additional evidence is irrelevant to the UF. |
| 19. Bryant admitted creating drawings of the Bratz characters wearing evening fashion designs in or about July 2000. | Bryant admits that ██████ ████████████ ████████████ ████████████ ████████ <br><br> Contrary to Bryant's objection, Bryant testified that t███████ ████████████ ████████████ | Bryant incorporates by reference his general objection as though fully set forth herein. <br><br> Specifically, Mattel failed to include citations citation to this evidence (Bryant Tr. Vol. 2 at 302:1-19 and 302:16-19) to support this |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant Tr. Vol. 2 at 302:16-19, Supp. Corey Dec., Exh. 2. ████████████ ████████████ ████████████ Bryant Tr. Vol. 2 at 302:1-19, Supp. Corey Dec., Exh. 2. | particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |
| 24. Mattel has registered the same Bratz drawings with the U.S. Copyright Office that MGA has registered as well as other Bratz drawings created by Bryant during Bryant's Mattel employment. | Defendants do not dispute that Mattel registered Bratz drawings with the U.S. Copyright Office. Mattel registered the 17 design drawings that the former director of MGA Hong Kong ████████ ████████████ ████████████ ████████████ Cheung Affirmation at ¶ 7, Proctor Dec., Exh. 13; Exhibit LSC-3, Proctor Dec., Exh. 14. In addition, among the 17 drawings were true and correct copies of color drawings that Bryant admitted creating in 1999 and formal wear drawings that Bryant admitted creating in or about July 2000. See UF 19; see also collection of Bratz | Bryant incorporates by reference his general objection as though fully set forth herein. Objection to Proctor Decl., Exhs 13-14 (Cheung Affirmation and exhibits). Inadmissible hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not a party admission as to Bryant. Fed. R. Evid. 801(d)(2) Former testimony exception does not apply, as there has been no showing that Lee Shiu Cheung is unavailable as a witness in this case. Fed. R. Evid. 804(b)(1). Objection to Proctor Dec., Exh. 73. Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.). Bryant also incorporates by |

8

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | drawings marked as Exhibit 2 in this action, Proctor Dec., Exh. 73; Bryant Tr. Vol. 2 at 296:4-297:12 (█████████████████████████████████████████████████████████████████), Zeller Dec., Exh. 2. | reference the general objections made by Bryant and the MGA Parties to UF 19 as though fully set forth herein. |
| 27.  In a side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant, all the major anatomical landmarks -- including chins, shoulders, waists, crotch, knees, and ankles -- line up on a horizontal plane. The alignments are too numerous to be coincidental. | Defendants have not cited to any contrary evidence disputing that in a side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant, all the major anatomical landmarks – including chins, shoulders, waists, crotch, knees, and ankles – line up on a horizontal plane. Defendants' responses are, in fact, legal argument, regarding whether illustration analysis of visual works, which is shown in Mattel's Reply, is wrong. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1. | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996).<br><br>The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802).  It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | |
| 28.  A side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant from a three quarter view shows that the dolls and drawings are highly similar, and demonstrates that the doll closely followed the curves of the drawing. | Defendants have not cited to any contrary evidence disputing that in a side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant, the doll closely followed the curves of the drawing.  Defendants' responses are, in fact, legal argument, regarding whether illustration analysis of visual works, which is shown in Mattel's Reply is wrong.  See Court's February 23, 2007 Scheduling  order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.

Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Bryant incorporates by reference his general objection as though fully set forth herein.

The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply.  *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996).

The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802).  It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |

10

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| 29. In Bryant's drawings, the characters have an angular waist pose with knock-knees, pigeon toes, and hands upturned at the wrist. The final dolls match to a remarkable degree the poses in Carter Bryant's concept sketches. Similarly, the upturned hands at the wrists evident in Bryant's drawings were faithfully executed in the three dimensional Bratz dolls. | Defendants' responses are, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.<br><br>Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").<br><br>Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings. Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).<br><br>The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802). It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 30. The proportional placement of the eyes, hair and lips, which define the signature "sultry look" of the Bratz dolls, match nearly identically as between | Defendants' responses are, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>The Expert Rebuttal Report of Kenneth |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| the drawings and the dolls. From a three quarter view, the eyes are a similar distance apart, as are the eyebrows. The cheek color application is in the same place. The faces have a similar shape, from the brow down to indenture of the eye socket, to the outward curve of the cheek. Even the moles are in the same location on the face. | ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.<br><br>Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").<br><br>Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings. Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).<br><br>The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802). It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 31. Bryant's drawings include oversized almond shaped-eyes, with heavy lids, outlined with makeup lines. The Bratz dolls' eyes share this almond shape, which is angled upward at its outside edge. The pupils are also placed in a similar location on the horizontal as well as vertical plane. And the eyebrows share the same | To the extent Defendants' responses are, in fact, argument, this is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.<br><br>Additionally, MGA's | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).<br><br>The Expert Rebuttal |

12

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| distance from the eye, the same angular shape, and cover fifty percent of the pupils; Loetz deems this fact especially notable. | attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").

Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings. Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802). It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 32. The makeup on the eyes in Bryant's drawings was meticulously executed on the doll. In the dolls and in the drawings, the characters' eyes have three eyelashes. There are similarities in placement and design of the eye makeup. The eyeliner design is similar in its painterly thickness and sweeping upward curves. The eye makeup style and design is exceptional in correlation from drawing to doll. The various colors of | Defendant's have not cited to any contrary evidence disputing this fact.

Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").

Further, ninety-two | Bryant incorporates by reference his general objection as though fully set forth herein.

The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).

The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. |

13

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| makeup and the placement, size and shape of the makeup applications gives the look of a girl who has on too much eye makeup . | percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | (Fed. R. Evid. 602, 402, 403, 802).  It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 33.  The lips are essentially the same in Bryant's drawings and the dolls.  Both have large over-inflated lips with the widest portion being in the middle of the lips.  There is also a correlation in makeup style on the lips.  The glossy lips with a dark distinctive outline are apparent on both doll and drawing. | Defendant's have not cited to any contrary evidence disputing that both the dolls and the drawings have large over-inflated lips with the widest portion being in the middle of the lips; and that the glossy lips with a dark distinctive outline are apparent on both doll and drawing.  To the extent Defendants' responses are, in fact, argument, this is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth I this document."), Supp. Proctor Dec., Exh. 1.<br><br>Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>The Expert Rebuttal Report of Kenneth Hollander (Supp. Proctor Dec., Exh. 25) constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).<br><br>The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802).  It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| 34.  The dolls and the drawings share similar braided hairstyles on a dark-haired character, and pig-tailed hairstyles with the same length bangs on a dark haired character. | To the extent Defendants' responses are, in fact, argument, this is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.

Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").

Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Bryant incorporates by reference his general objection as though fully set forth herein.

The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).

The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802).  It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 35.  The dolls and drawings share similar urban fashions of short skirts, layered tops, and high heeled shoes. Where pants are worn, | To the extent Defendants' responses are, in fact, argument, this is specifically prohibited per the Court's Scheduling Order.  See Court's | Bryant incorporates by reference his general objection as though fully set forth herein.

The Expert Rebuttal |

15

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| both doll and drawing share the same flared style with wide cuffs and striped details. The denim skirts are also similar. The dolls and drawings feature a similar floral pattern shirt, with similar style and length denim skirt. The dolls and drawings also share a similar knit hat style, similar striped shirts, and similarly layered and cropped shirts. | February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.<br><br>Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate").<br><br>Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings. Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).<br><br>The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802). It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 36. The Bratz accessories are youthful and funky in style, especially in the use of colorful backpacks and bags. Both dolls and drawings share the same graphic motif, such as a kitten on a cropped t-shirt, and a bunny on a backpack. | To the extent Defendants' responses are, in fact, argument, this is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1. | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996). |

16

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. <u>See</u> <u>Sheldon v. Metro-</u> <u>Goldwyn Pictures Corp.</u>, 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate"). <br><br> Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802).  It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| 37.  There are extensive similarities in the shoe design, including in the execution of sneaker style and design, high heels, open toes, and belt straps.  Shoes in both the drawings and on the dolls are oversized. | To the extent Defendants' responses are, in fact, argument, this is specifically prohibited per the Court's Scheduling Order.  <u>See</u> Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1. <br><br> Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. | Bryant incorporates by reference his general objection as though fully set forth herein. <br><br> The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996) <br><br> The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, |

17

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate"). | and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802). It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |
| | Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings. Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | |
| 38. There is a visual consistency from Bryant's sketches, to the first wave of dolls, up through the later waves of Bratz dolls. | Defendants' responses are, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."), Supp. Proctor Dec., Exh. 1.

Additionally, MGA's attempt to show what it allegedly did **not** copy is not a basis to create a disputed issue of fact. See Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) ("no plagiarist can excuse the wrong by showing how much of his work he did not pirate"). | Bryant incorporates by reference his general objection as though fully set forth herein.

The Expert Rebuttal Report of Kenneth Hollander constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996).

The Expert Rebuttal Report of Kenneth Hollander also constitutes inadmissible hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802). It also constitutes improper expert testimony. (Fed. R. Evid. 701, 704). |

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Further, ninety-two percent of children surveyed stated that the dolls "looked like" the drawings.  Expert Rebuttal Report of Kenneth Hollander, Dated March 17, 2008, at 15. | |
| 45.  Bryant admitted that he failed to disclose his Bratz inventions to Mattel. | Defendants have not cited any contrary evidence disputing the fact that Bryant admitted that he failed to disclose his Bratz inventions to Mattel.  Defendant's response is, in fact, argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.")  the Court should strike defendants' response to this Undisputed Fact.<br><br>Bryant had a duty to disclose his inventions to Mattel.  See COI Questionnaire, Zeller Dec., Exh. 32.  On January 4, 1999, Bryant executed a Conflicts of Interest Questionnaire ("Conflict Questionnaire"), in which he certified that, other | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Zeller Dec., Exh. 32 (COI Questionnaire).  Mattel's statement mischaracterizes the questionnaire, and improperly asserts legal interpretation of that document.  (Fed. R. Evid. 402, 403, 1006).  The Questionnaire is also vague and ambiguous and cannot be construed without parol evidence and evidence of the parties' course of conduct.  Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.<br><br>Bryant also incorporates by reference the general objections made by Bryant |

19

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | than a s disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest. <u>See</u> UF 80. Bryant also agreed "to notify my supervisor immediately of any changes in my situation that would cause me to answer any of the above questions differently."<br><br>Bryant disclosed in the 1999 COI Questionnaire the design work that he did for Ashton Drake galleries while he was in Missouri. Notably, he did not disclose an work related to Bratz as having been done during that time.<br><br>Bryant testified inconsistently under oath as to ██████████ ████████████ | and the MGA Parties to UF 80 as though fully set forth herein.<br><br>Objection to Zeller Dec., Exh. 3 (Bryant Tr. Vol. 3 at 648:14-650:25), Zeller Dec. Exh. 4 (Bryant Tr. Vol. 4 at 858:11-859:24) and Mattel's interpretation thereof. Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mattel provides an incomplete excerpt and the cited proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.). A review of the transcript makes clear that in November 2004 (Vol. 3), Bryant testified that ████████ ██████████████ ████████ (Zeller Dec., Exh. 3 at 648:14-650:25). That statement is not inconsistent with Bryant's testimony (more than 3 years later) that ████ |

415667.01



| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|

Bryant Tr. Vol. 3 at 648:14-650:25, Zeller Dec., Exh. 3.  He later testified, however,

Bryant Tr. Vol. 4 at 858:11-859:24, Zeller Dec., Exh. 4.

21

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | | ███████████<br>██ ████<br>████ █████<br>███ ████<br>██ ███<br>██ ███<br>██ ████<br>█████ ██████<br>████ ██<br><br>(Zeller Dec., Exh. 4, 858:22-859:24) |
| 47. The Bryant-MGA Agreement obligated Bryant to provide his services to MGA on a "top priority basis" while Bryant was still a Mattel employee. | The evidence cited by defendants does not dispute the fact that the Bryant-MGA Agreement obligated Bryant to provide his services to MGA on a "top Priority basis" while Bryant was still a Mattel employee.<br><br>MGA knew that Bryant was working for MGA while he was employed by Mattel. In discussing MGA's first meeting with Bryant, which Rachel Harris testified ████ ██████<br><br>Harris said that ████ ███<br>████ ████ | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Zeller Dec., Exh. 52 (Harris Tr. at 167:6-168:8). Irrelevant to UF. (Fed. R. Evid. 602, 402, 403.). Hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Fed. R. Evid. 801(d)(1). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████ Rachel Harris Tr. at 167:6-168:8, Zeller Dec., Exh. 52.<br><br>In an e-mail dated March 12, 2002, from Isaac Larian to MGA personnel, regarding ████████ ████████ E-mail from Isaac Larian dated March 12, 2002 instructing MGA personnel, Bates-numbered MGA 3801819-22, Proctor Dec., Exh. 97.<br><br>In response to an e-mail from Larian proposing development of a collectible Bratz doll, Dee Dee Valencia ████████ ████████ E-mail from Isaac Larian to Dee Dee Valencia dated February 6, 2003, Bates -numbered MGA 3801558-9, Proctor | Objections to Proctor Dec., Exh. 97-98 (E-mails from Larian).  Irrelevant to UF. (Fed. R. Evid. 602, 402, 403.).  Hearsay as to Bryant.  (Fed. R. Evid. 105; 801(c), 802).  Not party admission(s) as to Bryant.  Fed. R. Evid. 801(d)(2).  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602).<br><br>Objections to Supp. Proctor Dec., Exhs. 4-5 (October 5 and 6, 2000 e-mails).  Constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996). Irrelevant to UF.  (Fed. R. Evid. 602, 402, 403). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.  Hearsay as to Bryant.  (Fed. R. Evid. 105; 801(c), 802).  Not party admission(s) as to Bryant.  (Fed. R. Evid. 801(d)(2).  Lacks foundation.  Mr. Proctor |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Dec., Exhibit. 98.<br><br>See also an internal e-mail chain dated October 10, 2000 stated ▮▮▮▮ Bates-numbered MGA004717, Zeller Dec., Exh. 88; Deposition transcript of Paul Gaica Vol. 3 (Garcia Tr. Vol. 3"), dated October 9, 2007, at 873:19-875:11, Zeller Dec., Exh. 78; October 5, 2000 e-mail from Larian to Bryant stating that ▮▮▮▮ Bates-numbered MGA 0064575, supp. Proctor Dec., Exh. 4; October 6, 2000 e-mail from Larian to Bryant telling him to ▮▮▮▮ Bates-numbered MGA 0046778, Supp. Proctor Dec., Exh. 5.<br><br>Bryant and others at MGA provided direction and feedback on at least two completed versions of the Bratz sculpt before he even left Mattel. Leahy Tr. Vol. 1 at 158:3-8 (regarding first sculpt), | lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.).<br><br>Objections to Zeller Dec., Exh. 88 (October 10, 2000 email chain). Hearsay as to Bryant. (Fed. R. Evid. 105; 801(c), 802). Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) Furthermore, the recitation of evidence is misleading as the email is not placed in context. (Fed. R. Evid. 402, 403, 1006). Additional, Paula Treantafellas email is improper lay opinion as she has no basis for her statement. (Fed. R. Evid. 701.)<br><br>Objections to Zeller Dec., Exh. 78 (Garcia Tr. Vol. 3 at 873:19-875:11) Irrelevant to UF. (Fed. R. Evid. 602, 402, 403.). Hearsay as to Bryant. (Fed. R. Evid. 105; 801(c), 802). Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Mischaracterizes testimony. (Fed. R. Evid. |

24

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Zeller Dec., Exh. 18; id. at 222:8-19 (noting that she received comments on her revised sculpt on October 6, 2000 from Bryant, Marlo and Treantefellas), Zeller Dec., Exh. 18.

Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses from 9/23-10/11/00, Bates-numbered MGA 3786749-60, Proctor Dec., Exh. 111. Marlow's invoices for 169 hours of work on Bratz for "9/29/00 to 10/20/00", Bates-numbered MGA 0072161-167, Zeller Dec., Exh. 79, Garcia Tr. Vol. 4 at 1276:16-21, Zeller Dec., Exh. 45. | 402, 403, 1006).

Objections to Zeller Dec., Exh. 18 (Leahy Tr. Vol 1 at 158:3-8 and 222:8-19). Irrelevant to UF. (Fed. R. Evid. 602, 402, 403.). Hearsay as to Bryant. (Fed. R. Evid. 105; 801(c), 802). Mattel's purported summary mischaracterizes testimony. (Fed. R. Evid. 402, 403, 1006). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.

Objections to Zeller Dec., Exh. 45 (Garcia Tr. Vol 4 at 1276:16-21). Irrelevant to UF. (Fed. R. Evid. 602, 402, 403.). Hearsay as to Bryant. (Fed. R. Evid. 105; 801(c), 802). Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.

Objection to Zeller Dec., |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | | Exh. 79 (Marlow's invoices).  Irrelevant to support UF.  Objections to Proctor Dec., Exh. 111 (Bryant expense reports, receipts).  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)  Irrelevant to support UF. |
| 51.  In the Inventions Agreement, Bryant specifically acknowledged: "The Company depends on me to maintain that confidentiality, and I accept that position of trust." | Defendants have not cited to any contrary evidence disputing this fact.  Defendant's response is also argument, which is specifically prohibited per the Court's Scheduling Order.  See court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").  Further, Bryant ██████████ ████████████ during his deposition.  See Bryant Tr. Vol. 1 at 17:5-6 (██████████ ████████████ ████████████ ), Corey Dec., Exh. 1; id. at 14:20-16:8 (██████████ | Bryant incorporates by reference his general objection as though fully set forth herein.  Objections to Corey Dec., Exh. 1 (Bryant Tr. Vol. 1 at 17:5-6 and Bryant Tr. Vol. 1 at 14:20-16:8).  The recitation of the evidence is inaccurate in that language is taken out of context, mischaracterized, and argumentative.  Furthermore, the line of questioning which elicited the testimony lacks foundation and calls for a legal conclusion.  Objections to Corey Dec., Exh. 4 (Bryant Tr. Vol. 4 at 822:1-826:20 and Bryant Tr. Vol. 4 at 828:11-830:15).  Objection.  The recitation of the evidence is inaccurate in that language is taken out of context, |

26

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ███████████████ ██████████████ ), Corey Dec., Exh. 1; Bryant Tr. Vol. 4 at 822:1-826:20 (███████████ ████████████████ ████████████████ ), Corey Dec., Exh. 7; id. at 828:11-830:15 (███████████████ ████████████████ ████████████████ ████████████████ ████████████████ ███████████████ ), Corey Dec., Exh. 4; Bryant Tr. Vol. 5 at 1095:15- 1097:4 (████████████ ███████████████ ), Corey Dec., Exh. 5. The Inventions Agreement further manifested an intent to create a confidential relationship, underscoring the "competitive environment" in which Mattel operates and requiring Bryant to "maintain the | mischaracterized, and argumentative. Mr. Bryant never testified that ████████ ███████████████ ████████████████. This characterization is pure argument. The line of questioning eliciting this testimony also lacks foundation, calls for speculation, and calls for legal conclusions by Mr. Bryant. Objections to Corey Dec., Exh. 5 (Bryant Tr. Vol. 5 at 1095:15-1097:4). The recitation of the evidence is inaccurate in that language is taken out of context, mischaracterized, and argumentative. The line of questioning is vague and ambiguous as to time. Objections to Zeller Dec. Exh. 31 (Inventions Agreement). Mattel inaccurately summarizes and mischaracterizes the agreement. (Fed. R. Evid. 106, 402, 403, 1006.). Mattel also improperly attaches a legal interpretation of the agreement. Mattel failed |

27

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | confidentiality of the Company's trade secrets," and to "use those trade secrets for the exclusive benefit of the Company.," See Inventions Agreement, Zeller Dec., Exh. 31.<br><br>Upon leaving the Company, Bryant was obligated by the Agreement to "deliver all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Propriety information>" See Inventions Agreement ¶ 1 (d), Zeller Dec., Exh. 31. | to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |
| 52.  The Inventions Agreement also required Bryant to maintain Mattel's proprietary information in strict confidence. | Defendants have not cited to any contrary evidence disputing this fact. Defendants' response is also argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").<br><br>The Inventions Agreement further | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Zeller Dec. Exh. 31 (Inventions Agreement).  Mattel inaccurately summarizes and mischaracterizes the agreement.  (Fed. R. Evid. 106, 402, 403, 1006.).  Mattel also improperly attaches a legal interpretation of the agreement. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | manifested an intent to create a confidential relationship, underscoring the "competitive environment' in which Mattel operates and requiring Bryant to "maintain the confidentiality of the Company's trade secrets," and to "use those trade secrets for the exclusive benefit of the Company." See Inventions Agreement, Zeller Dec., Exh. 31.

Upon leaving the Company, Bryant was obligated by the Agreement to "deliver all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control or disclosing Proprietary information." See Inventions Agreement ¶ 1(d), Zeller Dec., Exh. 31. | |
| 53. Bryant testified that, ████████████ | Defendants have not cited to any contrary evidence disputing this fact. Defendants' response is also argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 | Bryant incorporates by reference his general objections as though fully set forth herein.

The evidence cited in Mattel's Reply (Exhibits to Supp. Corey Dec. and Exhibits to Supp. Proctor |

29
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01



| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Scheduling Order at 4:1-2 ("No argument should be set forth in this document."). | Dec.). constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996) |
| | Deposition Transcript of Christine Tomiyama, Vol. 1 ("Tomiyama Tr. Vol. I"), dated February 27, 2008 at 34:13-22, Corey Decl., Exh. 7. | Objection to the excerpt of the deposition transcript of Christine Tomiyama, which Mattel claims is attached to the Corey Dec., Exh. 7. The cited pages are not in fact attached to the Corey Dec., Exh. 7. (L.R. 7-6.). |
| | As a preliminary designer in Barbie Collectibles, Bryant exercised discretion in design, supervised others and "provided the directions and instructions as to how the factions for the particular doll product were supposed to look." Bryant's role as Mattel included directing other employees. Tomiyama testified that | Bryant also objects to Supp. Corey Dec., Exh. 9. (excerpt of the deposition transcript of Robert Hudnut at 193:13-19) Mattel provides an incomplete excerpt and its factual statement mischaracterizes the testimony. (Fed. R. Evid. 106, 402, 403, 1006.). Hudnut did not testify— and had no way of knowing—as to whether Bryant had access to "highly confidential materials." Hudnut's testimony about Bryant's access to confidential information and the public display of different projects is speculative and lacks foundation. (Fed. R. |
| | Tomiyama Tr. at 34:19-36:20 ( | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ██████████████ ████████████ ████████████ ████████████ ████████████), Zeller Dec., Exh. 15.<br><br>Mattel Designer Renee Pasko stated that ███████ ████████████ ████████████ ████████████ ████████████ ████████████        Pasko Tr. at 50:21-52:21, Zeller Dec., Exh. 16<br><br>Preliminary designers like Bryant also instructed development designers. Tomiyama Tr. at 37:25-39:8 (████████████ ████████████ ████████████ ████████████), Zeller Dec., Exh. 15.<br><br>Pasko Tr. at 51:22-52:12 (████████████ ████████████ ████████████ ████████████ ████████████ | Evid. 602.).  (*See* Corey Dec., Exh. 9 (Hudnut Depo. Tr. at 195:3-4 ("I don't have personally a recollection of seeing them displayed . . . ").).<br><br>Bryant further objects to Supp. Corey Dec., Exh. 9 (excerpt of the deposition transcript of Robert Hudnut at 194:22-25). Mattel provides an incomplete excerpt and its factual statement mischaracterizes the testimony.  (Fed. R. Evid. 106, 402, 403, 1006.). Hudnut did not testify that the Design Center is closely guarded. Moreover, Hudnut's testimony that Mattel keeps the Design Center "very secret" lacks foundation.  (Fed. R. Evid. 602.).<br><br>Objections to Supp. Proctor Dec., Exh. 37 (The Designer Project List ) is inadmissible hearsay if offered to prove that Bryant worked on particular projects at Mattel.  (Fed. R. Evid. 802.).  The cited evidence also lacks proper authentication.  (Fed. R. Evid. 901). |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ███████, Zeller Dec., Exh. 16. ███████ Bryant Tr. Vol. 5 at 1093:14-1094:7 ███████"); Zeller Dec., Exh. 5; id. at 1094:8-1095:13 (confirming that he would give direction and see whether his directions were complied with). In his position as preliminary designer, Bryant was given access to highly confidential and proprietary materials. See Deposition Transcript of Robert Hudnut ("Hudnut Tr."), dated July 13, 2007, ( | Objection to Supp. Corey Dec., Exh. 15 (excerpt of the Deposition Transcript of Jill Nordquist at 69:6-71:20). The factual statement mischaracterizes Ms. Nordquist's testimony. (Fed. R. Evid. 402, 403, 1006.). Ms. Nordquist did not testify that s███ Bryant also objects to Supp. Proctor Dec., Exh. 27 (Garcia Declaration ) because that evidence is hearsay as to Bryant. Fed. R. Evid. 802.). It is not a party admission as to Bryant. (Fed. R. Evid. 801(d)(2).). Objections to Supp. Proctor Dec., Exh. 28 (The Stipulation to Modify Protective Order). Document speaks for itself and does not belong in Mattel's separate statement of undisputed facts. Furthermore, Mattel provides an incomplete excerpt and mischaracterizes the Stipulation. (Fed. R. Evid. |

32

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ), at 193:13-19, Supp. Corey Dec., Exh 9. <u>See also</u>, Designer Project List noting projects on which Carter Bryant worked on while at Mattel, dated July 6, 2000, Bates-numbered M 0014332-42 and marked as Exhibit 357 in these proceedings, Sup. Proctor Dec., Exh. 37.<br><br>Bryant worked with his counterpart in Mattel's marketing department and was given access to highly confidential and proprietary documents concerning the strategic direction Mattel envisioned for each of his projects, as well as the price points and margin information that Mattel management had developed for them. <u>See</u> Deposition Transcript of Jill Nordquist ("Nordquist Tr."), dated July 31, 2007 at 69:6-71:20, Supp. | 106, 402, 403, 1006.). |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Corey Decl, Exh. 15. Bryant was also exposed to highly confidential and proprietary materials at the Mattel Design center.<br><br>Bryant understood that every facet of the design and product development process to which he was privy in the Design Center-including the work of other designer's to which he also had access-was to be kept secret. <u>See</u> UF 53, CB AMF 120. Indeed, access to Mattel's Design Center is strictly limited, and security to the Design Center is closely guarded. <u>See</u> Deposition Transcript of Robert Hudnut Vol. I ("Hudnut Tr. Vol. I"), dated July 13, 2007, at 194:22-25 (███████), Supp. Corey decl., Exh. 9. <u>See also</u> Deposition Transcript of Richard De Anda Vol. I, December 19, 2007, ("De Anda Vol. I"), at 123:19-23 (███████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | █████████████ █████████████ ████████), Supp. Corey Dec., Exh. 10.<br><br>Defendants' own statement show that information like the type to which Bryant had access was highly confidential. See Declaration of Paula D. Garcia in Support of Carter Bryant and MGA's Request for Clarification, Reconsideration and/or Further Protection, dated February 23, 2007, at ¶ 4 (" ████████████ █████████████ █████████████ ████████), Supp. Proctor Dec., Exh. 27. See also Stipulation to Modify Protective Order; and Proposed Order Thereon, dated April 23, 2007, Supp. Proc. Dec., Exh. 28. | |
| 54. Bryant worked on his Bratz drawings while employed by Mattel. | Defendants have not cited to any contrary evidence disputing the fact that Bryant worked on his Bratz drawings while employed at Mattel. Defendant' response is | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>Bryant objects to the Flynn Expert Report, the |

35

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | also argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").

Mattel expert William ███████████████████ ███████████████████ ███████████████████ ███████████████████ ("Flynn Report"), dated February 11, 2008, at 8 (███████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████████████████ ███████"); see also Flynn Report at 7; with Bryant Vol. 2 at 334:9-10 (███████████ ███████████████████ ███████████████); and Bryant Vol. 2 at 339:14-340:1 | Cunningham Expert Report, and the Aginsky Expert Report.  These reports are inadmissible hearsay. (Fed. R. Evid. 802.).  Furthermore, the evidence is not attached to a declaration, as required by L.R. 7-6.

Bryant also objects to the Pen-Tab Spiral Notebok referenced in Cunningham's report (Zeller Dec., Exh. 40)  The cited evidence lacks foundation.  Mr. Zeller lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.).  The notebook is also inadmissible hearsay. (Fed. R. Evid. 802.). Furthermore, the evidence is not attached to a declaration, as required by L.R. 7-6. Bryant further objects to Zeller Dec., Exh. 2 (excerpts of the Deposition Transcript of Carter Bryant at 328:4-329:1; 394:25-395:13).  Mattel failed to include citations to the Bryant Depo Tr. at 328:4-329:1; 394:25-395:13 to support this particular UF in its initial Separate Statement, despite the availability of this |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | (regarding BRYANT 00220, "the color was added in '99 based on the '98 drawing").

Mattel expert Lloyd Cunningham determined that ███████████ ███████████ ███████████ ███████████ ███████. Expert Report of Lloyd Cunningham ("Cunningham Report"), dated February 11, 2008, at 2 (███████████ ███████████ ███████████ ███████████ ███████████ ███████████ ███) id. at 4 (███████████ ███████████ ███████████ ███████████). Cf. Bryant | evidence at the time of that filing. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Tr. Vol. 2 at 328:4-329:1 (█████████████████ █████████████████████ █████████████████████ ████); Zeller Dec., Exh. 2; id. at 394:25-395:13 (█████████████████ █████████████████████ █████████████████████ █████████████████████ █████████████████████ █████████████); Zeller Dec., Exh. 2; Pen-Tab Spiral Notebook referenced in Cunningham's Report, marked as Exhibit 1155 in these proceedings (███ █████████████████████), Zeller Dec., Exh. 40.<br><br>Mattel expert Valery Aginsky determined ████ █████████████████████ █████████████████████ █████████████████████ ███████████ Expert Report of Valery Aginsky ("Aginsky Report") dated February 8, 2008, at 8 (████████████████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ); id. at 7, Attachment 1 ( ); id. at 3-4 ( ). | |

Mattel's Reply (continued):

The only drawings that Bryant has produced with a handwritten date of "8/1998" are drawings that he admits are color drawings he created in 1999. See Collection of drawings that "8/1998" notations, Bates-numbered BRYANT 00222-34 and marked as Exhibit 3 in these proceedings, Zeller Dec., Exh. 41; Bryant Vol. 2 at 297:17-301:7, Zeller Dec., Exh. 2.  Bryant does not recall when "8/1998" was written on those drawings.  Bryant Vol. 2 at 297:17-301:7, Zeller Dec. Exh. 2.

Bryant admits that he colored his Bratz drawings in 1999, and that, to his best

39

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | recollection, he assembled them in a packet in 1999. Collection of drawings, Bates-numbered BRYANT 00310-19, marked as Exh. 2 in these proceedings, Proctor Dec., Exh. 73; Bryant Tr. Vol. 2 at 296:4-297:14, Zeller Dec. Exh. 2. Bryant testified to ▌▌▌▌▌ Bryant Tr. Vol. 1 at 149:16-20, Zeller Dec., Exh. 1. Bryant's mother testified to ▌▌▌▌▌. E.g., J. Bryant Vol. 1 at 160:14-161:1 (▌▌▌▌▌); Zeller Dec., Exh. 20.  Cf. Bryant Tr. Vol. 2 at 315:19-317:2 (▌▌▌▌▌), Zeller Dec. Exh. 2. | |

40

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | <u>See also</u> J. Bryant Tr. Vol. 1 at 198:3-12 (███████ ██████ ████████ █████████ ███), Zeller Dec., Exh. 20.  <u>Cf.</u> Bryant Tr. Vol. 2 at 328:4-6 (████████ ████████ ████████ ███████ ███), Zeller Dec., Exh. 2. | |
| 55.  Bryant showed his Bratz drawings to MGA while employed by Mattel. | Defendants have not cited to any contrary evidence disputing this fact that Bryant showed his Bratz drawings to MGA while employed by Mattel.. Defendants' response is also argument, which is specifically prohibited per the Court's Scheduling Order.  <u>See</u> Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").<br><br>Rosenbaum testified ████████ ██████████ ████████ ██████████ | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>Objection to the excerpt of the deposition transcript of David Rosenbaum at 88:19-90:24 (Corey Dec., Exh. 29.).  The testimony cited contains speculation by Mr. Rosenbaum as to Mattel's practices.  Also, the testimony contains an improper lay opinion. (Fed. R. Evid. 701.).  The quoted language also is also taken out of context and mischaracterized.  (Fed. R. Evid. 402, 403, 1006.).<br><br>Objection to the excerpt of the deposition transcript of David Rosenbaum at |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ██████████ MGA itself used Inventions Agreement substantially similar to Mattel's. Rosenbaum Tr. at 88:19-90:24, Corey Dec., Exh. 29.<br><br>Rosenbaum's inquires to Wang were not comprehensive; he only asked her "in a general way" about Bryant's development of Bratz. The total of MGA's attorney David Rosenbaum's investigation of Mattel's preexisting rights to Bratz was a brief telephone conversation with Bryant's attorney, Anne Wang. Wang purportedly said that Bryant created Bratz before commencing employment at Mattel. Rosenbaum asked no questions about what investigation Wang had done to reach that conclusion. He did not ask any specific questions about the time, manner or place Bryant allegedly developed the concept, whether it was expressed then in any tangible form, or whether Bryant could | 78:21-88:18 (Corey Dec., Exh. 29.). The factual statement is argumentative and mischaracterizes nature of Mr. Rosenbaum's conversations with Anne Wang. (Fed. R. Evid. 402, 403, 1006). The cited testimony also contains hearsay (Fed. R. Evid. 802) because Mr. Rosenbaum relates what he claims Ms. Wang told him about Bryant. |

42

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | otherwise document ownership. Deposition Transcript of David Rosenbaum ("Rosenbaum Tr."), dated January 25, 2008, at 78:21-88 and 218:18-220:3; Corey Decl., Exh. 29. | |
| 56. Bryant has admitted working for MGA on a "separate" doll called "Angel" while employed by Mattel and was paid by MGA for that work. | Defendants have not cited any contrary evidence disputing this fact. The evidence cited demonstrates that Bryant worked for MGA while employed by Mattel and was paid for that work.<br><br>▆▆▆▆▆▆▆▆▆ MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc. Supplemental Set of Interrogatories, Supplemental Interrogatory, Supp. Proctor Dec., Exh. 2. See also Mattel, Inc.'s Supplemental Interrogatory Pursuant to Order Dated September 25, 2007 ("'TEST PROJECT' means any DESIGN, project, assignment or other work of any kind created, | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories is inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.). Moreover, Mattel provides an incomplete excerpt and the cited proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.). Specifically, MGA objected to this interrogatory on several grounds and did *not* state that it had never asked Bryant to perform a TEST PROJECT. (Supp. Proctor Dec., Exh. 2 (MGA Entertainment Inc.'s Objections and responses to Mattel, Inc.'s Supplemental Set of Interrogatories at 9) ("MGA further objects to |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | developed, improved upon or performed by a candidate, interviewee, applicant or prospective or potential employee, or independent contractor in advance of, in consideration of, or otherwise as part of or in connection with any interview or interviewing process for, employment or contracting or potential employment or contracting of any kind."), Supp. Proctor Dec. Exh. 35.<br><br>Witnesses have testified that ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ See Deposition Transcript of Anna Rhee, dated February 3, 2005 at 23:13-24:8 (Rhee, the face painter of Bratz, testified that invoices dated as early as June 12, 2000 – far before MGA claims to have even met Bryant – were for work she performed on Bratz for MGA under the "code name" of "Angel."), Zeller Dec., Exh. 66; See also Ashong Tr. at 214:3-18 (Ashong confirmed that "Angel" was a nickname used internally | Mattel's Supplemental Interrogatory on the ground that it seeks information that is not relevant . . . , *even if* MGA does not contend that MGA caused, had, requested, asked or solicited Bryant to perform a TEST PROJECT.") (emphasis added).).<br><br>Objections to Supp. Proctor Dec., Exh. 35 (Mattel's Supplemental Interrogatory is inadmissible hearsay when offered by Mattel. (Fed. R. Evid. 802.). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.<br><br>Objection to Zeller Dec., Exhs. 66, 71 (excerpt of the Deposition Transcripts of Anna Rhee and Nana Ashong). Mattel failed to include citations to these excerpts to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Moreover, Mattel provides an incomplete |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | at MGA for one of the Bratz characters), Zeller Dec., Exh. 71.<br><br>See also Bryant's Prayer Angel sketches, Bates-numbered BRYANT 00173-174, Proctor Dec., Exh. 75; Garcia Tr. Vol. 2 at 321:22-322:6, Corey Dec., Exh. 20; Bryant's August 31, 2000 invoice for Prayer Angels, MGA's corresponding purchase order, and MGA's corresponding requisition, Bates-numbered MGA001294-96, Proctor Dec., Exh. 73; Deposition Transcript of Kerri Brode, Vol. 1 ("Brode Tr. Vol. 1"), dated August 18, 2007, at 117:18-24, Corey Dec., Exh. 21. | excerpt of Rhee's testimony and mischaracterizes that testimony.  (Fed. R. Evid. 106, 402, 403, 1006.).  Ms. Rhee testified that ███████ ███████████ ████ (Zeller Dec., Exh. 66 (Rhee Depo Tr. at 23:25-24:11).).  Ms. Rhee did not use the term "code name."<br><br>Bryant further objects to the evidence attached to the Zeller Dec., Exh. 73. The invoice and order (Bates numbers MGA 001294-95) attached to that declaration are not properly authenticated (Fed. R. Evid. 901.). |
| 57.  Bryant targeted Mattel vendors and engaged them to start their work on Bratz before he left Mattel. | Defendants have not cited any contrary evidence disputing this fact.  The evidence cited demonstrates that Bryant targeted Mattel vendors and engaged them to start their work on Bratz before he left Mattel.  MGA's effort to disclaim knowledge of Bryant's conduct neither proves nor disproves this admitted conduct.  Defendant's response is, | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>See also  MGA's Response to Mattel's SGI Regarding MGA's [Proposed] Statement of Uncontroverted Facts ¶¶ 24-26. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."). The Court should strike defendants' response to this Undisputed Fact.<br><br>Further, it is not "undisputed that: (i) MGA instructed and expected Bryant to leave Mattel immediately on signing the Contract with MGA; (ii) MGA did not know Bryant had not immediately stopped working at Mattel when he gave notice; (iii) MGA did not ask Bryant to undertake any activities at MGA's request or on its behalf. See Mattel, Inc.'s Statement of Genuine Issues Regarding MGA Parties' [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Their Motion for Partial Summary Judgment, Mattel's Response and Evidence of Dispute ¶ 24-26.<br><br>Bryant, Marlow and | The evidence cited in Mattel's Reply constitutes new evidence that is not admissible on reply. Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996)<br><br>Objection to the excerpt of the Deposition Transcript of Paula Garcia at 1276:16-21 (Zeller Dec., Exh. 45), the Deposition Transcript of Margaret Leahy at 221:22-222:19 (Zeller Dec., Exh. 18), the Deposition Transcript of Carter Bryant at 118:2-13, 680:13-21 (Zeller Dec. Exhs. 1, 3), the Deposition Transcript of Rachel Harris (Zeller Dec., Exh. 52) and the evidence attached as Exhs. 2, 25, 26, 27, 47, 76, 79, and 80 to the Zeller Dec.; Exh. 20 to the Corey Dec.; Exhs. 73, 111 to the Proctor Dec.; and Exh. 1 to the Palmer Dec. Mattel failed to include this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.<br><br>Zeller Dec., Exh. 59 (excerpt of the Arbitration |

46

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Leahy, continued to perform Bratz work for MGA after Bryant gave resignation notice to Mattel but before he left Mattel. An internal email chain dated October 10, 2000 stated ███████ ███████ ███ Bates-numbered MGA004717, Zeller Dec., Exh. 77; Deposition Transcript of Paula Garcia Vol. 3 ("Garcia Tr. Vol. 3"), dated October 9, 2007, at 873:19-875:11, Zeller Dec., Exh. 78; Marlow's invoices for 169 hours of work on Bratz for "9/29/00 to 10/20/00", Bates-numbered MGA 0072161-167, Zeller Dec., Exh. 79; Garcia Tr. Vol. 4 at 1276:16-21, Zeller Dec., Exh. 45; Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses from 9/23/00 to 10/11/00, Bates-numbered MGA 3786749-60, Zeller Dec., Exh. 80; Leahy testified that on October 6, 2000, Bryant, Marlow, and Garcia went to her home to give her feedback on the Bratz sculpt, Deposition Transcript of | Transcript at 227:10-288:5, 228:10-14) is hearsay as to Bryant. (Fed. R. Evid. 802.). The emails from Larian (Supp. Proctor Dec., Exhs. 4 and 5) are inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.). They are not party admissions as to Bryant. (Fed. R. Evid. 801(d)(2).). Bryant further objects to Zeller Dec., Exh. 79 (Marlow's invoices) as irrelevant to any issue before this Court as to any of the parties' motions for partial summary judgment. (Fed. R. Evid. 402, 403.). |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Margaret Leahy Vol. 1 ("Leahy Tr. Vol. 1"), dated December 12, 2007, at 221:22-222:19; Zeller Dec., Exh. 18; Gentle Giant Studios, Inc. invoice to Leahy regarding sculpting and molding dated October 11, 2000; Zeller Dec., Exh. 76; Leahy Tr. Vol. 1 at 193:14-194:5, Zeller Dec., Exh. 18; Bryant testified that Marlow created fashions before his last day at Mattel, Bryant Vol. 1 at 118:2-13, Zeller Dec., Exh. 1.<br><br>Former MGA Salesperson Jennifer Maurus testified ███████████████ ███████████████ ███████████<br><br>Larian v. Larian Arbitration Tr. Vol. 2 ("Larian v. Larian Tr."), dated November 17, 2005 at 227:10-228:5, Zeller Dec., Exh. 59; id. at 228:10-14 (███████ ███████████ ███████████ ███████████ ██████████).<br><br>While he was still employed by Mattel, | |

48

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant placed dozens of phone calls to MGA from his extension at Mattel. M0001820-24 (Mattel phone records showing that Bryant called MGA's main line on 9/11/00, 9/12/00, 9/13/00, 9/14/00, 9/15/00, 9/18/00, 9/19/00, 9/20/00, 9/21/00, 9/25/00, 9/26/00 and 9/27/00, and then he called Isaac Larian on 9/27/00), attached as Exhibit 1 to the Declaration of Rodney Palmer, Jr. ("Palmer Dec."), dated March 6, 2008.  Bryant admitted creating Bratz doll drawing with eveningwear fashion designs in or about July 2000.  See Drawing Bates-numbered BRYANT 00273 and a photograph of BRYANT 00273 marked as Exhibit 717 in this action, Zeller Dec., Exh. 24; Bryant Tr. Vol. 2 at 340:21-23, Corey Dec., Exh. 2; BRYANT 00229 and a photograph of BRYANT 00118 marked as Exhibit719 in this action, Zeller Dec., Exh. 25; Bryant Tr. Vol. 2 at 301:25-302:3, Corey Dec., Exh. 2; BRYANT 00221 and a photograph | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | of BRYANT 00221 marked as Exhibit 722 in this action, Zeller Dec., Exh. 26; Bryant Tr. Vol. 2 at 340:2-4, Corey Dec., Exh. 2; BRYANT 00297 and a photograph of BRYANT 00297 and a photograph of BRYANT 00297 marked as Exhibit 725 in this action, Zeller Dec., Exh. 27; Bryant Tr. Vol. 2 at 358:2-358:4, Corey Dec., Exh. 2; see also Bryant Tr. Vol. 1 at 229:14-230:5, Corey Dec., Exh. 1; Bryant Tr. Vol. 2 at 302:4-19, Corey Dec., Exh. 2; Bryant's Responses to Mattel, Inc.'s Third set of Requests for Admission Propounded to All Defendants at Response Nos. 9-12; Proctor Dec., Exh. 88.<br><br>Bryant testified that ███████ █████████ ████████ ██████████ ████████ ██████████ ████████ █████████ ████████ ██████ Bryant Tr. | |

50

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Vol. 2 at 350:16-25, Corey Dec., Exh. 2; sculptural drawing Bates-numbered BRYANT 00278, Zeller Dec., Exh. 28; Deposition Transcript of Paula Garcia Vol. 2 ("Garcia Tr. Vol. 2"), dated May 25, 2007, at 589:25-592:7 (█████ ███████████ █████████ █████), Cory Dec., Exh. 20.<br><br>Bryant does not dispute that he worked on his Bratz drawing while employed while employed by Mattel. See collection of Bratz drawings marked as Exhibit 2 in this action, Proctor Dec., Exh. 73; Bryant Tr. Vol. 2 at 296:4-297:12 (██████ ███████ █████ █████), Zeller Dec., Exh. 2; Werdegar letter to Proctor, dated February 27, 2008, Proctor Dec., Exh. 120. | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant represented to a third party vendor in Japan that he was working for MGA in September 2000, while he was still employed by Mattel. Facsimile form Bryant to Universal Commerce Corp., Bates-numbered BRYANT 01200-03, Zeller Dec., Exh. 47; Bryant Tr. (Vol. 3) at 680:13-21, Zeller Dec., Exh. 3; see also ¶ 54.<br><br>In discussing MGA's first meeting with Bryant, which Rachel Harris testified as occurring before October 2000, Harris said █████ ████████████ ████████████ ████████████ ████████████ █, Rachel Harris Tr. at 167:6-168:8, Zeller Dec. Exh. 52.<br><br>See also an internal e-mail chain dated October 10, 2000 ███████ ████████ Bates-numbered MGA004717, Zeller Dec., Exh. 77; Deposition Transcript of | |

52

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Paula Garcia Vol. 3 ("Garcia Tr. Vol. 3"), dated October 9, 2007, at 873:19-875:11, Zeller Dec., Exh. 78; October 5, 2000 e-mail from Larian to Bryant stating that ███████████████ ████████████████ Bates-numbered MGA 0064575, Supp. Proctor Dec., Exh. 4, October 6, 2000 e-mail from Larian to Bryant telling him to ██████████████ Bates-numbered MGA 0046778, Supp. Proctor Dec., Exh. 5. Bryant and others provided direction and feedback on at least two completed versions of the Bratz sculpt before he even left Mattel.  Leahy Tr. Vol. 1 at 158:3-8 (regarding first sculpt), Zeller Dec., Exh. 18; id. at 222:8-19 (noting that she received comments on her revised sculpt on October 6, 2000 from Bryant, Marlow and Treantefellas), Zeller Dec. Exh. 18.

Bryant's actual expense report, receipts, and | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | MGA's payment to Bryant for his Bratz expenses from 9/23-10/11/00, Bates-numbered MGA 3786749-60, Proctor Dec., Exh. 111.<br><br>Marlow's invoices for 169 hours of work on Bratz for" 9/29/00 to 10/20/00", Bates-numbered MGA 0072161-167, Zeller Dec., Exh. 79; Garcia Tr. Vol. 4 at 1276:16-21, Zeller Dec., Exh. 45. | |
| 58.  Bryant created Bratz designs that bore March and April 2000 fax header dates -- six to seven months before his last day at Mattel. | Defendants have not cited any contrary evidence disputing this fact. Defendants' response is, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").  The Court should strike defendants' response to this Undisputed Fact.<br><br>Farhad Larian, a former MGA executive and Isaac Larian's brother, has stated in court pleadings that ████████ | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>Bryant objects to the Flynn Expert Report, the Cunningham Expert Report, and the Aginsky Expert Report.  These reports are inadmissible hearsay. (Fed. R. Evid. 802.).  Furthermore, the evidence is not attached to a declaration, as required by  L.R. 7-6.<br><br>Bryant also objects to the Pen-Tab Spiral Notebok referenced in Cunningham's report (Zeller Dec., Exh. 40.).  The cited evidence lacks foundation.  Mr. Zeller |

54

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | [Proposed] First Amended Verified Complaint in <u>Larian v. Larian</u> at ¶ 16, Bates-numbered FL 10569-621, Proctor Dec., Exh. 109.<br><br>Larian v. Larian Arbitration Tr., Vol. 2 ("Larian v. Larian Tr."), dated November 17, 2005 at 227:10-228:5 (█████)<br><br>██████████████<br>██████████████<br>██████████████<br>██████████████<br>██████████████<br>██████████████, Zeller Dec., Exh. 59; <u>id.</u> at 228:10-14 (█████████<br>████████████<br>████████████<br>████████████<br>████████████<br>██████████.).<br><br>See Koch Tr. at 30:6-24 (██████████<br>████████████<br>█████████), Zeller Dec., Exh. 58; <u>id.</u> at 31:23-32:11, 32:19-48:6 (████<br>████████████<br>████████████<br>████████████<br>███████████ | lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.).  The notebook is also inadmissible hearsay. (Fed. R. Evid. 802.). Furthermore, the evidence is not attached to a declaration, as required by L.R. 7-6.<br><br>The FAC in *Larian v. Larian* and the excerpt of the Arbitration Transcript at 227:10-288:5, 228:10-14 (Zeller Dec., Exh. 59) is hearsay as to Bryant.  (Fed. R. Evid. 802.).<br><br>Bryant further objects to the excerpts of the Deposition Transcript of Andreas Koch at 31:23-32:11, 32:19-48:6 (Zeller Dec., Exh. 58), the Deposition Transcript of Carter Bryant at 297:17-301:7, 296:4-297:14, 315:19-317:2 (Zeller Dec., Exh. 2), the Deposition Tr. of Janet Bryant at 160:14-161:1 (Zeller Dec., Ex. 20), the Deposition Transcript of Anna Rhee at 107:4-108:10, 109:5-25, 113:24-114:15, 127:8-14, 132:25-133:2, 138:9-22, 202-204 (Zeller Dec., Exh. 66), and Exh. 72 to the Zeller Dec. Mattel failed to include |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮▮ ). Bryant had approached MGA and various people about working on Bratz before July 2000.  Anna Rhee testified that Bryant introduced Rhee to MGA in or about June 2000 and had her paint the faces of three-dimensional "Bratz" doll heads. She submitted an invoice to MGA dated June 12, 2000 for that work.   Rhee testified that w▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Deposition Transcript of Anna Rhee ("Rhee Tr."), dated February 3, 2005 at 107:4-108:10, 109:5-25, 113:24-114:15, 127:8-14, 132:25-133:2, 138:8-22, 202-204, Zeller Dec., Exh. 66; Collection of Invoices from Anna Rhee to MGA, Bates numbered AR 0001-AR0058, marked as Exhibit 201 in this action, Zeller Dec., Exh. 72. | citations to this evidence to support this particular UF to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Bryant further objects to Mattel's characterization of Ms. Rhee's deposition testimony.  Ms. Rhee did not testify t▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Zeller Dec., Exh. 66 (Rhee Depo Tr. at 23:25-24:11).). Bryant objects to the Zeller Dec., Exh. 72.  Ms. Rhee's invoices are irrelevant to any issue before this Court as to the parties' motions for partial summary judgment. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Mattel expert William Flynn determined ███████████ ████████████ | |
| | Expert Report of William Flynn ("Flynn Report"), dated February 11, 2008, at 8 (████████████ █████████████████ █████████████████ █████████████████ █████████████████ █████████████████ █████████████████ █████████); see also Flynn Report at 7; *with* Bryant Vol. 2 at 334:9-10 (████████████████ ██████); and Bryant Vol. 2 at 339-14-340:1 (███████████████ ██████"). | |
| | Mattel expert Lloyd Cunningham determined ████████████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ███████████████ ███████████████ ███████████████ ███████ Expert Report of Lloyd Cunningham ("Cunningham Report"), dated February 11, 2008, at 2 (███████████ █████████████ █████████ ████████ ██████████), where Q-4 has been marked as Exhibit 1155 in these proceedings; <u>id.</u> at 3-4 (████████████████ █████████████████ ████); <u>id.</u> at 4 (███████ ████████████████ ████████████████ ████████████████ █████). <u>Cf.</u> Bryant Tr. Vol. 2 at 328:4-329:1 (████████████████ ████████████████ ████); Zeller Dec., Exh. 2; <u>id.</u> at 394:25-395:13 (███████████) | |

58

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ███████████ ); Zeller Dec., Exh. 2; Pen-Tab Spiral Notebook referenced in Cunningham's Report, marked as Exhibit 1155 in these proceedings (and which, notably, includes BRYANT 00334), Zeller Dec., Exh. 40.<br><br>Mattel expert Valery Aginsky determined that ███████████ Expert Report of Valery Aginsky ("Aginsky Report") dated February 8, 2008, at 8 ( ███████████ ); id. at 7, Attachment 1 ( ███████████ ); id. at 3-4 ( ███████████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ██████████████ ████████ ). The only drawings that Bryant has produced with a handwritten date of "8/1998" are drawings that he admits are color drawing he created in 1999.  Collection of drawings that "8/1998" notations, Bates-numbered BRYANT 00222-34 and marked as Exhibit 3 in these proceedings, Zeller Dec., Exh. 41; Bryant Vol. 2 at 297:17-301:7, Zeller Dec., Exh. 2.  Bryant does not recall when "8/1998" was written on those drawings.  Bryant Vol. 2 at 297:17-301:7, Zeller Dec. Exh. 2. Bryant admits that ██ ██████████████ ██████████████ ████████ Collection of drawings, Bates-numbered BRYANT 00310-19, marked as Exh. 73; Bryant Tr. Vol. 2 at 296:4-297:14, Zeller Dec. Exh. 2. | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant's mother testified to ██████████████████████████████████████. _E.g._, J. Bryant Vol. 1 at 160:14-161:1 (testifying that she believes she saw BRYANT 00164, marked as Exhibit 713, in Missouri in 1998); Zeller Dec., Exh. 20. _Cf._ Bryant Tr. Vol. 2 at 315:19-317:2 (testifying that he did drew BRYANT 00164 "maybe in July 2000"), Zeller Dec. Exh. 2.<br><br>_See also_ J. Bryant Tr. Vol. 1 at 198:3-12 (s██████████████████████), Zeller Dec., Exh. 20. _Cf._ Bryant Tr. Vol. 2 at 328:4-6 (██████████████████), Zeller Dec., Exh. 2. | |
| 59.  Paula Treantafelles, | Defendant's have not | Bryant incorporates by |

61

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| the project manager on Bratz, stated in an e-mail dated October 10, 2000 that Bryant worked for MGA for at least 4 hours per day starting weeks before he left Mattel. | cited any contrary evidence disputing this fact. Defendant's response is, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."). The Court should strike defendants' response to this Undisputed Fact. Defendant's argue that this fact is disputed because MGA allegedly did not instruct Bryant to perform work on Bratz. Whether or not MGA instructed Bryant or not, it is undisputed that Paula Treantafelles stated in an e-mail dated October 10, 2000 that Bryant worked for MGA for at least 4 hours per day starting weeks before he left Mattel.

Moreover, whether in hindsight, Ms. Garcia believes that she "mistyped," it is undisputed that on October 10, 2000, she wrote an e-mail that Bryant worked for MGA | reference his general objections as though fully set forth herein.

The evidence cited in Mattel's Reply constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996)

Bryant further objects to Mattel's characterization of Ms. Rhee's deposition testimony.  Ms. Rhee did not testify that she was working on Bratz in 2000. On the contrary, she testified that there "was no way" she worked on the "Angel" project in 2000. (Zeller Dec., Exh. 66 (Rhee Depo Tr. at 23:25-24:11).).

Bryant objects to the Zeller Dec., Exh. 72.  Ms. Rhee's invoices are irrelevant to any issue before this Court as to the parties' motions for partial summary judgment.

The emails from Larian (Supp. Proctor Dec., Exhs. 4 and 5) are inadmissible hearsay as to Bryant.  (Fed. R. Evid. 105, 802.).  They are not party admissions as |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | for at least 4 hours per day starting weeks before he left Mattel.<br><br>Moreover, Bryant had already begun working on Bratz for MGA while he was still at Mattel. Specifically, on September 18, 2000, Bryant inquired as to hair for the Bratz dolls and represented to the third party vendor in Japan that he was working for MGA while he was still employed by Mattel; facsimile from Bryant to Universal Commerce Corp., Bates-numbered BRYANT 01200-03, Zeller Dec., Exh. 47.<br><br>See also Bryant's actual expense report, receipts, and MGA's payment to Bryant for his Bratz expenses from 9/23-10/11/00, Bates-numbered MGA 3786749-60, Proctor Dec., Exh. 111. Marlow's invoices for 169 hours of work on Bratz for "9/29/00 to 10/20/00", Bates-numbered MGA 0072161-167, Zeller Dec., Exh. 79; Garcia Tr. Vol. 4 at 1276:16-21, Zeller Dec., Exh. 45. | to Bryant.  (Fed. R. Evid. 801(d)(2).).<br><br>Bryant also objects to Zeller Dec., Exhs. 18, 45, 47, 52, 66, 72, and 79. Mattel failed to include citations to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant had approached MGA and various people about working on Bratz before July 2000.  Anna Rhee testified that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Deposition Transcript of Anna Rhee ("Rhee Tr."), dated February 3, 2005 at 107:4-108:10, 109:5-25, 113:24-114:15, 127:8-14, 132:25-133:2, 138:9-22, 202-204, Zeller Dec., Exh. 66; Collection of Invoices from Anna Rhee to MGA, Bates numbered AR 0001-AR0058, marked as Exhibit 201 in this action, Zeller Dec., Exh. 72. | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | In discussing MGA's first meeting with Bryant, which Rachel Harris testified as occurring before October 2000, Harris said that Bryant came into the MGA offices during his Mattel lunch hour, and that "if Mattel, you know, found out, that, you know, he could get into trouble. . . .", Rachel Harris Tr. at 167:6-168:8, Zeller Dec., Exh. 52. <u>See also</u> Deposition Transcript of Paula Garica Vol. 3 ("Garica Tr. Vol. 3"), dated October 9, 2007, at 873:19-875:11, Zeller Dec., Exh. 78; October 5, 2000 e-mail from Larian to Bryant stating that ██████ ███████████ Bates-numbered MGA 0064575, Supp. Proctor Dec., Exh. 4; October 6, 2000 e-mail from Larian to Bryant telling him to ████ ████████ Bates-numbered MGA 0046778, Supp. Proctor Dec., Exh. 5. Bryant and others | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | provided direction and feedback on at least two completed versions of the Bratz sculpt before he even left Mattel.  Leahy Tr. Vol. 1 at 158:3-8 (regarding first sculpt), Zeller Dec., Exh. 18; id. at 222:8-19 (███████ ███████ ), Zeller Dec., Exh. 18. | |
| 60.  MGA produced an internal MGA e-mail message stating that the first Bratz dolls were created in September 2000. | Defendant's have not cited to any contrary evidence disputing the fact that MGA producef an internal email which states that ███████. Further, Samir Khare acknowledged that ███████ Deposition of Samir Khare ("Khare Tr.") (Vol. 1) at 378:2-9, Supp. Corey Dec. Exh. 4 ███████ | Bryant incorporates by reference his general objections as though fully set forth herein.  Mattel provides an incomplete and misleading excerpt of the deposition transcript of Samir Khare (Supp. Corey Dec., Exh. 4).  Inadmissible hearsay as to Bryant.  Fed. R. Evid. 105; 801(c), 802.  Not party admission(s) as to Bryant.  Fed. R. Evid. 801(d)(2).  Mattel also mischaracterizes Ms Ashong's deposition testimony (Supp. Corey Dec., Exh. 5).  (Fed. R. Evid. 402, 403, 1006).  Ms. Ashong specifically stated that, ███████ |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████████████ (emphasis added). Moreover, the author of the email, Nana Ashong, affirmed the truth of the contents of the email. Ashong Tr. at 215:23-217:2, 218:20-219:19, 221:18-222:7, Supp. Corey Dec., Exh. 5 (" ████████████ | ██████████ (*Id.* (at 219:1-3).). Inadmissible hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not party admission(s) as to Bryant. |
| 61. Anna Rhee, the face painter of Bratz, testified that invoices dated as early as June 12, 2000 were for work she performed on Bratz for MGA under the "code name" of "Angel." | Defendant's have not cited any contrary evidence disputing this fact.<br><br>Bryant had approached MGA and various people about working on Bratz before July 2000. Anna Rhee testified that ████████ | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>Mattel provides an incomplete excerpt of Rhee's deposition transcript (Zeller Dec., Exh. 66) and mischaracterizes that testimony. (Fed. R. Evid. 106, 402, 403, 1006.). Ms. Rhee testified that t ████ |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ███████████ | ████████ (Zeller Dec., Exh. 66 (Rhee Depo Tr. at 23:25-24:11).).  Ms. Rhee did not use the term "code name."

Bryant also objects to the excerpt of the Deposition Transcript of Nana Ashong and the Rhee invoice. (Zeller Dec., Exhs. 71, 72).  Mattel failed to include this evidence in its initial Separate Statement, despite the availability of this evidence at the time of that filing.  Moreover, the Rhee invoices are irrelevant to any issue before this Court as to the parties' motion for partial summary judgment.  (Fed. R. Evid. 402, 403.). |
| | Deposition Transcript of Anna Rhee ("Rhee Tr."), dated February 3, 2005 at 107:4-108:10, 109:5-25, 113:24-114:15, 127:8-14, 132:25-133:2, 138:9-22, 202-204, Zeller Dec., Exh. 66; Collection of Invoices from Anna Rhee to MGA, Bates numbered AR 0001-AR0058, marked as Exhibit 201 in this action, Zeller Dec., Exh. 72.

Witnesses have testified that ████████████ ███████████ See Deposition Transcript of Anna Rhee, dated February 3, 2005 at 23:13-24:8 (████████ | |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ██████████████████ ), Zeller Dec., Exh. 66; See also Ashong Tr. at 214:3-18 (██████████████ ), Zeller Dec., Exh. 71. That some at MGA did not know the code name, does not mean that it was not used, as Mattel's evidence shows. | |
| 65. MGA specifically paid Bryant for work performed and expenses that he incurred on behalf of MGA while Bryant was still working for Mattel. | Defendant's have not cited any contrary evidence disputing this fact. See an internal email chain dated October 10, 2000 asks ██████████████ "Bates-numbered MGA004717, Zeller Dec., Exh. 77; Deposition Transcript of Paula Garcia Vol. 3 ("Garcia Tr. Vol. 3"), | Bryant incorporates by reference his general objections as though fully set forth herein. Objections to Zeller Dec., Exh. 77 (e-mail chain dated October 10, 2000, bates numbered MGA 004717). Inadmissible hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | dated October 9, 2007, at 873:19-875:11, Zeller Dec., Exh. 78; October 5, 2000 email from Larian to Bryant stating ███████ ████████████████ ████████████████ Bates-numbered MGA 0064575, Supp. Proctor Dec., Exh. 4; October 6, 2000 email form Larian to Bryant ████████ ████████████████ ███████ Bates-numbered MGA 0046778, Supp. Proctor Dec., Exh. 5 | R. Evid. 602.). Objections to Zeller Dec., Exh. 78 (Garcia Tr. Vol. 3 at 873:19-875:11). Inadmissible hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Objections to Supp. Proctor Dec., Exhs. 4-5 (October 5 and 6, 2000 e-mails ). Constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (C.A.9 (Cal.),1996). Irrelevant to UF. (Fed. R. Evid. 602, 402, 403.). Hearsay as to Bryant. Fed. R. Evid. 105; 801(c), 802. Not party admission(s) as to Bryant. Fed. R. Evid. 801(d)(2). Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.). |
| 79. Had Mattel been aware that Bryant was going to a competitor, it would have followed its policy of expelling that employee the same day of his announced resignation. | Defendant's have not cited any contrary evidence disputing this fact. Jill Nordquist testified that ██████████ | Bryant incorporates by reference his general objections as though fully set forth herein. Bryant objects to the Zeller Dec., Exhs. 17, 51 and 60 and to the Corey Dec., |

70

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| |  ("Nordquist Tr."), dated July 31, 2007, at 145:1-9 ( ).<br><br>Ivy Ross testified that<br><br>Deposition Transcript of Ivy Ross ("Ross Tr.") dated January 17, 2008, at 61:23-63:3, Zeller Dec., Exh. 60.<br><br>Deposition transcript of Ivy Ross ("Ross Tr."), dated January 17, 2008, at 87:5-23 ( | Exh. 31.  Mattel failed to include citations to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.<br><br>Bryant also objects to Mattel's description of the Exit Interview Report. Mattel's statementas to what Bryant wrote lacks foundation and are not supported by any factual evidence in the record. (Fed. R. Evid. 602.  L.R. 7-6.). |

71

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| |  ), Corey Dec., Exh. 31; <u>id.</u> at 88:17-19 ( | |
| | ); <u>id.</u> at 220:5-12 ( | |
| | Deposition transcript of Elise Cloonan ("Cloonan Tr."), dated December 14, 2007, at 163:24-164:9 ( | |
| | ), Zeller Dec., Exh. 17. | |
| | Nordquist Tr. at 125:20-126:6, Zeller Dec. Exh. 51. | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | In the Exit Interview report, ███████ | |
| 81. Bryant did not notify Mattel that he was working on Bratz. | Defendant's have not cited any contrary evidence disputing this fact. Defendant's response is, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document."). The Court should strike defendants' response to this Undisputed Fact.<br><br>Bryant had a duty to disclose his inventions to Mattel. See COI Questionnaire, Zeller Dec., Exh. 32. On January 4, 1999, Bryant executed a Conflict of Interest Questionnaire ("Conflict"), in which | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Zeller Dec., Exh. 32 (COI Questionnaire). Mattel's statement mischaracterizes the questionnaire, and improperly asserts legal interpretation of that document. (Fed. R. Evid. 402, 403, 1006). The Questionnaire is also vague and ambiguous and cannot be construed without parol evidence and evidence of the parties' course of conduct. Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | he certified that, other than as disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest. See UF 80. Bryant also agreed "to notify my supervisor immediately of any changes in my situation that would cause me to answer any of the above questions differently." Bryant disclosed in the 1999 COI Questionnaire the design work that he did for Ashton Drake galleries while he was in Missouri. Notably, he did not disclose any work related to Bratz as having been done during that time. Bryant testified ███████████ | Bryant also incorporates by reference the general objections made by Bryant and the MGA Parties to UF 80 as though fully set forth herein. Objection to Zeller Dec., Exh. 3 (Bryant Tr. Vol. 3 at 648:14-650:25), Zeller Dec. Exh. 4 (Bryant Tr. Vol. 4 at 858:11-859:24) and Mattel's interpretation thereof. Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mattel provides an incomplete excerpt and the cited proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.). A review of the transcript makes clear that in November 2004 (Vol. 3), Bryant testified that ██████████████ (Zeller Dec., Exh. 3 at 648:14-650:25). That statement is not inconsistent with Bryant's testimony (more than 3 |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | . Bryant Tr. Vol. 3 at 648:14-650:25, Zeller Dec., Exh. 3.  He later testified, however,  Bryant Tr. Vol. 4 at 858:11-859:24, Zeller Dec., Exh. 4. | years later) that on January 23, 2008 (Vol. 4) |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | | ███████████████<br>(Zeller Dec., Exh. 4, 858:22-859:24) |
| 82.  In an e-mail dated March 12, 2002, from Isaac Larian to MGA personnel, regarding inquiries about Bratz, Larian stated that:<br>███████████ | Defendant's have not cited any contrary evidence disputing this fact.  Defendant's response is, in fact, argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.")  The Court should strike defendants' response to this Undisputed Fact.<br><br>The e-mail, bates numbered MGA | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>Objections to Supp. Corey Dec., Exh. 6 (Larian's deposition testimony). Constitutes inadmissible hearsay as to Carter Bryant.  (Fed. R. Evid. 802.).  It is not a party admission as to Bryant. (Fed. R. Evid. 801(d)(2).).<br><br>Bryant further objects to the Harris Deposition transcript at 146:19-148:21, 149:7-151:1.  That evidence is not attached to |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | 3801819-3801822, does not fall within the scope of attorney-client privilege or the work product doctrine, and Mattel intends to challenge any such claim by MGA with the Discovery Master. Further, MGA 380189-3801822 was introduced as and exhibit at the deposition of Rachel Harris, without objection. MGA has taken the position in relation to Mattel's request for the return of a document inadvertently produced by Mattel that such use at deposition constitutes waiver. | any declaration and lacks foundation. (Fed. R. Evid. 602. L.R. 7-6.). |
| 85. In public statements, Larian identified himself, not Bryant, as the creator of Bratz. | Defendant's have not cited any contrary evidence disputing this fact. Defendant's response is, in fact, argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 21, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.") The Court should strike defendants' response to this Undisputed Fact. | Bryant incorporates by reference his general objections as though fully set forth herein.

Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

77

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Defendants have not cited to any evidence disputing that in public statements, Larian identified himself, not Bryant, as the creator of Bratz.  Further, defendants' attempt to suggest that Larian was in fact the "inventor" of Bratz is not supported by the evidence.  Larian has recently denied that he invested Bratz, or specifically the packaging or removable feet.  <u>See</u> Larian Tr. Vol. 2 at 464:20-464:25 (███████████████); ´ Supp. Corey Dec., Exh. 6; <u>id.</u>  at 466:21-467:6 (███████████████) | |

78

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ██████████ ██████████ █████ "), Supp. Corey Dec., Exh. 6; id. at 467:10-12 (Q. Did you invent the removable feet for Bratz?  A.  No, I did not."), Supp. Corey Dec., Exh. 6.  Further, Harris testified that s██████████ ██████ See Harris. Tr. at 146:19-148:21, 149:7-151:1. (█████ ██████████ ██████████ ██████████ ██████████ "). | |
| 89.  Assuming Mattel employees were moonlighting as defendants suggest, such work, based on defendants' own description, was completely unrelated to Mattel's core line of business. | Defendant's response is improper argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").  Carter Bryant was not aware of any Mattel employee who had performed work for a Mattel competitor. Deposition of Transcript of Carter Bryant Vol. 4 | Bryant incorporates by reference his general objection as though fully set forth herein.  Objections to Supp. Corey Dec., Exh. 3 (Bryant Tr. Vol. 4 at 833:4-14). Constitutes new evidence that is not admissible on reply.  Provenz v. Miller 102 F.3d 1478, 1483 (9th Cir. 1996)Mischaracterizes testimony, and testimony was vague as to time and vague as to competitors. |

79
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ("Bryant Tr. Vol. 4"), dated January 23, 2008, at 833:4-14 (███████████ ████████████████ ████████████████ ████████████████ ████████████████ ███████████████ █████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████ ██████████████ ██████████████ █████████ "), Supp. Corey Dec., Exh. 3.<br><br>Nor was Elise Cloonan aware of any Mattel employee doing work for its competitors. Deposition Transcript of Elise Cloonan Vol. 1 ("Cloonan Tr. Vol. 1"), dated December 14, 2007 at 100:12-18 ("███████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████ | (Fed. R. Evid. 106, 402, 403, 1006.).<br><br>Objections to Zeller Dec., Exh 17 (Cloonan Tr. Vol. 1 at 100:12-18 and 106:22-107:2). Excerpt is taken out of context and mischaracterizes the testimony. (Fed. R. Evid. 106, 402, 403, 1006.). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.<br><br>Objections to Zeller Dec., Exh. 18 (Leahy Tr at 186:23-187:21). Purported summary mischaracterizes the testimony. (Fed. R. Evid. 106, 402, 403, 1006.). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ███████████<br>██<br><br>"), Zeller Dec., Exh. 17.  See also id. at 106:22-107:2, Zeller Dec., Exh. 17.<br><br>While Margaret Hatch Leahy admitted to ████<br>███████<br>███████<br>███████<br><br>Deposition Transcript of Margaret Leahy ("Leahy Tr."), dated December 12, 2007, at 186:23-187:21, Zeller Dec., Exh. 18. | |
| 96.  Rosenbaum testified based on his knowledge of "customary practice" in the industry, ████████<br>███████<br>███████<br>MGA itself used Inventions Agreement substantially similar to Mattel's. | Defendants have not cited to any contrary evidence disputing this fact.  It is undisputed that Mattel accurately quoted Rosenbaum's testimony that based on his knowledge of "customary practice" in the industry, ████████<br>███████<br>███████<br><br>See Rosenbaum | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Proctor Decl., Exs. 5, 87 (Inventions agreements). The quoted language is taken out of context and mischaracterizes the evidence.  (Fed. R. Evid. 402, 403, 1006).  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Tr. at 88:19-90-24, Corey Dec., Exh. 29.<br><br>Defendants have not cited to any contrary evidence disputing that MGA itself used an Inventions Agreement substantially similar to Mattel's. Compare Proctor Dec., Ex. 87 (█████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ██████████ "), with Proctor Decl. Ex. 5 (█████████████ ████████████████ ████████████████ ████████████████ ████████████████ ███████████ | R. Evid. 602.).  Lastly, the factual statement is misleading as to the MGA and Mattel agreements. The MGA and Mattel inventions agreements contain numerous distinct terms and fall far short of being "substantially similar". |

82

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████████ ). Defendants' response is also argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.") | |
| 100. Bryant testified that he had seen only the Steve Madden and Paris Blues ads before creating the Bratz drawings. | Mattel acknowledges that Bryant testified that he had seen a Dixie Chicks advertisement and had observed Kickapoo High School students before creating the Bratz drawings.<br><br>It is undisputed that Bryant only testified that ████████████ ████████████ Bryant Tr. Vol. 1 at 140:21-141:6, Corey Dec., Exh. 1.<br><br>Until he filed his declaration on March 20, 2008, Bryant never identified any other inspirations or influences for the Bratz drawings. | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objection to Mattel's summary of Bryant's testimony (Corey Dec., Exh. 1, (Bryant Tr. Vol. 1 at 140:21-141:6). Purported summary mischaracterizes the testimony. (Fed. R. Evid. 106, 402, 403, 1006.). |

83
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Indeed, over 5 days of deposition testimony, Bryant never testified to any other inspirations or influences for the Bratz drawings, nor has Bryant identified such influences in any of his responses to Mattel's interrogatories. | |
| 101.  When Bryant left Mattel's employ in October 2000, he lied about where he was going, telling Mattel employees that he was not going to work for a freelancer. | Mattel inadvertently typed "freelancer," when it meant to type "competitor."  Mattel's Undisputed Fact No. 101 should properly read: "When Bryant left Mattel's employ in October 2000, he lied about where he was going, telling Mattel employees that he was not going to work for a competitor."<br><br>      Defendants have not cited to any contrary evidence disputing that when Bryant left Mattel's employ in October 2000, he misrepresented about where he was going, telling Mattel employees that he was not going to work for a competitor.  See Bryant Tr. Vol. 1, at 209:16-17 (███████████ | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Zeller Dec., Exh. 1 (Bryant Vol. 1 at 209:15-211:5). Mischaracterizes the testimony, incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.<br><br>Objections to Zeller Dec., Exh. 51 (Nordquist Tr. Vol. 1 at 125:20-126:6). Constitutes inadmissible hearsay (Fed. R. Evid. 802.).  Lacks foundation in violation of Fed. R. Evid 602, as Nordquist can not testify as to what |

84

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ██████████) Corey Dec., Exh. 1; Deposition Transcript of Jill Nordquist ("Nordquist Tr."), dated July 31, 2007, at 145:1-9 (████████ ███████████████), Corey Dec., Exh. 30; id. at 127:22-128:9 (██████ ███████████████ ███████) Corey Dec., Exh. 30; Deposition Transcript of Ivy Ross ("Ross Tr."), dated January 17, 2008 at 87:5-23 (███████████ ████████████████ ████████), Corey Dec., Exh. 31; id. at 88:17-19 (██████ | Mirkazemi did or did not know. For the court's convenience, below is the excerpt of the Nordquist transcript cited by Mattel on Reply. ███████████ ████████████ In addition, Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that |

85

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ), Corey Dec., Exh. 31; id. at 220:5-12 (█████) ████████████ ██████████████ ████████████ ████████████ ), Corey Dec., Exh. 31. Contrary to MGA's assertion, Bryant did not disclose to a Mattel employee that he was leaving to work for a competitor. Bryant testified that ██████████ ███████████████ ██████████ Bryant Vol. 1 at 209:15-211:5, Zeller Dec., Exh. 1. However, MGA has not offered confirming declarations from these two. Moreover, Jill Nordquist testified that ██████████████ ██████████ See Nordquist Tr. Vol. 1 at 125:20-126:6, Zeller Dec., Exh. 51. Furthermore, Bryant made a *different* | filing. Objections to Corey Dec., Exh. 1 (Bryant Tr. Vol. 1, at 208:22-24). Purported summary mischaracterizes the testimony, irrelevant, and is an incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.). Objections to Zeller Dec. Exh. 17 (Cloonan Tr. at 117:9-25 and 124:17-125:1 and 158:15-16). Mischaracterizes the testimony. (Fed. R. Evid. 402, 403, 1006). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | *statement* to Mattel employee Sandra Yonemoto at his exit interview. Specifically, Bryant told her that he was leaving to start his own freelancing business and to work for himself doing design and development. Bryant Tr. Vol. 1, at 208:22-24, Corey, Dec., Exh. 1.  MGA's claim that, in 2000, it was rumored within Mattel that Bryant was working for MGA, is also incorrect. Elise Cloonan, whose testimony MGA cites for this proposition, first appears to get her dates mixed up regarding when she heard Bryant was working for MGA. Although she states in 116:9-21 that in 2000 she heard a rumor that Bryant was working for MGA while he was working for Mattel, she goes on to clarify that she first heard about MGA "sometime in 2001", when she looked up the Bratz on the internet. (Cloonan Tr. at 117:9-25). Zeller Dec., Exh. 17.  Later she corrects her earlier testimony ███ | |

87

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████████████<br>████████████████<br>████████████████<br>████████████████<br>████████████████<br>████████████████<br>████████████████<br>████████████████<br>████████████████<br>Zeller Dec., Exh. 17."<br>Cloonan Tr. at 124:17-125:1.<br>    Cloonan continues to testify that "████<br>████████████████<br>████████████████<br>████ (Cloonan Tr. at 158:15-16).  Zeller Dec., Exh. 17. | |
| 106.  MGA itself requires strict confidentiality from its own employees in jobs such as Bryant's. | Defendants have not cited to any contrary evidence disputing this fact.  It is undisputed that MGA itself requires strict confidentiality from its own employees in jobs such as Bryant's.  See Mercedeh Ward's Inventions Agreement with MGA, Bates-number MGA 001470-2, Proctor Dec., Exh. 87.<br>    Defendants' response is also argument, | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Bryant also objects to Supp. Proctor Dec., Exh. 27 (Garcia Declaration ) because that evidence is hearsay as to Bryant.  Fed. R. Evid. 802.).  It is not a party admission as to Bryant.  (Fed. R. Evid. 801(d)(2).).  Mattel failed to include a citation to this |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | which is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").     Defendants' own statements show that information like the type to which Bryant had access was highly confidential. See Declaration of Paula D. Garcia in Support of Carter Bryant and MGA's Request for Clarification, Reconsideration and/or Further Protection, dated February 23, 2007, at ¶ 4 (███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ) Supp. Proctor Dec., Exh. 27. See also Stipulation to Modify Protective Order; and Proposed Order Thereon, dated April 23, 2007, Supp. Proctor Dec., Exh. 28. | evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Objections to Supp. Proctor Dec., Exh. 28 (The Stipulation to Modify Protective Order). Document speaks for itself and does not belong in Mattel's separate statement of undisputed facts. Furthermore, Mattel provides an incomplete excerpt and mischaracterizes the Stipulation. (Fed. R. Evid. 106, 402, 403, 1006.). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mattel provides no factual support for assertion that "Bryant had access" to "highly confidential" information. Furthermore, such an assertion is irrelevant to the UF it purports to support. |
| 109. Defendants have not and cannot present | Mattel inadvertently typed April 27, 2001," when it | Bryant incorporates by reference his general |

89
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| any evidence that Mattel had notice of its claims against Bryant before April 27, 2001. | meant to type November 24, 2003." Mattel's Undisputed Fact No. 109 should properly read: "Defendants have not and cannot present any evidence that Mattel had notice of its claims against Bryant before November 24, 2003."<br><br>Defendants have not cited to any contrary evidence disputing this fact. Defendant's response is also argument, which is specifically prohibited per the Court's Scheduling Order. See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.") (emphasis in original).<br><br>Defendants have not cited to any evidence showing that Mattel had notice of wrongdoing – specifically, Bryant's creation and sale of Bratz-related materials, and work for MGA, while employed by Mattel – prior to November 24, 2003. Mattel was on notice of this wrongdoing no earlier than November 24, 2003, when it received a copy of Bryant's employment agreement | objection as though fully set forth herein.<br><br>Objections to Moore Dec. dated March 24, 2008. Lacks foundation. Mr. Moore also lacks personal knowledge as to whether Mattel knew of the agreement in question prior to the cited date. The cited evidence is also vague and ambiguous as to "on notice" and "learned" (see MGA Parties' Opposition to Mattel, Inc.'s Separate Statement of Uncontroverted Facts and Conclusions of Law, at ¶ 126)<br><br>Objections to Corey Dec., Exh. 11 (Bryant Tr. Vol 1 at 209:16-17). Lacks foundation as to whether Bryant "lied". Furthermore, the factual statement mischaracterizes the testimony. (Fed. R. Evid. 402, 403, 1006). Indeed, Mr. Bryant disclosed that he was going to "be a freelance designer," which is what Bryant became after leaving Mattel.<br><br>Objections to Corey Dec. Exh. 30 (Nordquist Tr. at 145:1-9; 127:22-128:9). |

90

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
|  | with MGA.  See Declaration of Michael Moore, dated March 24, 2008 ("Moore Dec.") at ¶ 3-4. | Lacks foundation as to whether Bryant "lied". Furthermore, the factual statement mischaracterizes the testimony.  (Fed. R. Evid. 402, 403, 1006). Indeed, Mr. Bryant disclosed that he was going to "be a freelance designer." |
|  | That Mattel's phone records show that Bryant made calls to MGA in September 2000 in no way put Mattel on notice that Bryant had created and sold Bratz-related materials to MGA in violation of his employment agreement, as Mattel had no reason to review those records prior to November 24, 2003, when they received a copy of Bryant's employment agreement with MGA. | Objections to Corey Dec., Exh. 31 (Ross Tr. at 87:5-23 and 88:17-19 and 220:5-12).  Lacks foundation as to whether Bryant "lied". Furthermore, the factual statement mischaracterizes the testimony.  (Fed. R. Evid. 402, 403, 1006). Indeed, Mr. Bryant disclosed that he was going to "be a freelance designer." |
|  | Nor has MGA cited to any evidence to support its claims that Mattel was on inquiry notice of its claims as early as October 2000.  At that time, Mattel was not aware that Bryant had left to work for MGA.  Indeed, when Bryant left Mattel's employ in October 2000, he lied about where he was going, telling Mattel employees he was not going to work for a competitor.  See Bryant Tr. Vol. 1 at 209:16-17, Corey Dec., Exh. 1 (█) | Objection to Proctor Dec., Exh. 113 (MGA Entertainment, Inc.'s Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment Inc., Nos. 1183, 185). Inadmissible hearsay as to Bryant.  (Fed. R. Evid. 105, 802.).  Not party admissions as to Bryant. (Fed. R. Evid. 801(d)(2).). |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01



| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ); Deposition Transcript of Jill Nordquist ("Nordquist Tr."), dated July 31, 2007, at 145:1-9 ( ), Corey Dec., Exh. 30; id. at 127:22-128:9 ( ) Deposition Transcript of Ivy Ross ("Ross Tr."), dated January 17, 2008, at 87:5-23 ( "), Corey Dec., Exh. 31; id. at 88:17-19 ( | Purported summary mischaracterizes the Request and MGA's response.  (Fed. R. Evid. 106, 402, 403, 1006.).  Objections to Zeller Dec., Exh. 82 (Bryant's Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to Carter Bryant Nos 80-82).  Purported summary mischaracterizes the Request and Bryant's response.  (Fed. R. Evid. 106, 402, 403, 1006.).  Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. |

92

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ), id. at 220:5-12 ( ). | |
| | MGA relies on e-mail correspondence between Martin Hitch, MGA's Vice President of International Sales in 2001, and Mateo Romano, an employee of Mattel Latin America in 2001, to claim that Mattel, Inc., passed on the opportunity to carry Bratz in 2001. MGA never offered Bratz to Mattel, Inc. Rather, at that time, MGA did not have a Latin American subsidiary and, thus, discussed with other companies the distribution of its goods in Latin America. Mattel Latin America, a separate subsidiary, occasionally distributed MGA products during that timeframe. Mateo Romano saw Bratz prototypes in January | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | 2001 at Hong Kong Toy Fair, and MGA discussed with Mr. Romano about the possibility of Mattel Latin America distributing this product in Latin America.  Mr. Romano "did not share the information about Bratz beyond the product name and product number with anyone at Mattel, Inc. in El Segundo, California beyond submitting that information for inclusion in the system."  Further, at no time, did MGA or Larian inform Mr. Romano "that the designer or creator of Bratz was Carter Bryant, that Carter Bryant had any involvement with Bratz, that Carter Bryant worked with MGA while he was employed by Mattel, Inc. or that Carter Bryant had worked on Bratz while he was employed by Mattel." Declaration of Mateo Romano in support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motion for Partial Summary Judgment, dated March 20, 2008 at ¶¶ 2-7.         Although MGA and Isaac Larian received | |

94

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | much publicity in February 2001 regarding the launch of BRATZ, none of the articles cited make mention that Carter Bryant was the creator of the BRATZ.<br><br>MGA and Bryant admit that no public statement even recognizing Bryant as Bratz's creator was issued until July 18, 2003, when the Wall Street Journal published an article with that information. See e.g., MGA Entertainment, Inc.'s Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment, Inc., Nos. 183, 185, Proctor Dec., Exh. 113; see also Carter Bryant's Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission to Carter Bryant Nos. 80-82, Zeller Dec., Exh. 82. | |
| 110.  Defendants can proffer no evidence that Mattel consented to their employees' moonlighting activity. | Defendants have not cited to any contrary evidence disputing this fact.  It is undisputed that defendants can proffer no evidence that Mattel consented to their employees' moonlighting activity.  Further, | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Objections to Zeller Dec., Exh. 17 (Cloonan Tr. at 105:23-106:22; 100:12-18; 106:22-107:2).  Mattel |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | defendant's response is improper argument, which is specifically prohibited per the Court's Scheduling Order. <u>See</u> Court's February 23, 2007 Scheduling Order at 4:1-2 (▮▮▮). Elise Cloonan testified that i▮▮▮▮▮▮ ▮▮▮▮▮▮ Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17. However, Cloonan was ▮▮▮▮▮ Deposition Transcript of Elise Cloonan Vol. 1 ("Cloonan Tr. Vol. 1"), dated December 14, 2007 at 100:12-18 ("▮▮▮ ▮▮▮") Zeller Dec., Exh. 17. <u>See</u> | failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mischaracterizes the testimony, incomplete excerpt. (Fed. R. Evid. 106, 402, 403, 1006.). See MGA Parties response and Bryant UF ¶37. Objections to Zeller Dec., Exh. 12 (Myers Tr. at 62:10-23). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mischaracterizes testimony (Fed. R. Evid. 106, 402, 403, 1006.). The excerpt cited by Mattel does not support their summary of the testimony. Objection to Zeller Dec., Exh. 1 (Leahy Tr. Vol I at 186:23-187:21). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | also id. at 106-22-107:2, Zeller Dec., Exh. 17.        Myers, however, d ▮▮▮▮▮▮▮▮▮ ▮ ▮▮▮▮▮▮. Myers Tr. at 62:10-23, Zeller Dec., Exh. 12.        Margaret Hatch Leahy admitted to ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮. Leahy Tr. Vol. 1 at 186:23-187:21, Zeller Dec., Exh. 18.        Mattel did not learn of three Mattel employees who had performed Bratz work during their employment at Mattel until Veronica Marlow's deposition on December 28, 2007.  Mattel learned of the work performed on Bratz by Ana Isabel Cabrera, Beatrice Morales, and Maria | that filing. Mischaracterizes testimony (Fed. R. Evid. 106, 402, 403, 1006.).  The excerpt cited by Mattel does not support their summary of the testimony.  Objections to Zeller Dec., Exh 21 (Marlow Tr. at 286:23-290:13; 306:14-3-9:1; and 363:15-364:9.). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.  Mischaracterizes testimony (Fed. R. Evid. 106, 402, 403, 1006.).  The excerpt cited by Mattel does not support Mattel's summary of the testimony.  Objections to Zeller Dec., Exh. 2 (Bryant Tr. Vol. 2 at 286:25-287:5).  Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mischaracterizes the testimony, incomplete excerpt.  (Fed. R. Evid. 106, 402, 403, 1006.). |

97
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Salazar, while each was still employed by Mattel, at Veronica Marlow's deposition ("Marlow Tr."), on December 28, 2007, at 286:23-290:13 (regarding Cabrera), 306:14-308:1 (regarding Morales), 363:15-364:9 (regarding Salazar), Zeller Dec., Exh. 21.<br><br>    This was the first time Mattel learned of these individuals, despite having specifically sought the names of such individuals from Defendants years ago. See e.g., Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec., Exh. 2; Deposition Transcript of Lisa Tonnu Vol. 2 ("Tonnu Tr. Vol. 2"), dated, at 301:2-17, Zeller Dec., Exh. 22; MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23. In each instance, Defendants failed to disclose that any of these individuals worked on Bratz while employed by Mattel. Carter Bryant denied being aware of any other Mattel employee working for MGA while he or she was employed by Mattel. | Mattel's assertion that Bryant "failed to disclose" the names of these individuals is unsupported by the facts. Contrary to Mattel's unfounded suggestion, Bryant did not deliberately withhold information about Ms. Salazar, Ms. Morales, and/or Ms. Cabrera. During his January 2008 Deposition, Mattel questioned Bryant about these individuals, and Bryant testified that he has no personal knowledge that any of these three individuals worked on Bratz while also employed at Mattel. (Bryant Depo. Tr. at 831:11-833:2). Bryant's testimony is supported by Veronica Marlow, who made clear that she never told anyone at MGA about these individuals. (Marlow Depo. Tr. at 314:4-9; 296:11-17). Moreover, Bryant's lack of knowledge on that subject is unsurprising given Marlow's general unwillingness to provide information about who was working for her. (Marlow Depo. Tr. at 109:18-111:6). Despite over 15 hours of deposition testimony from |

98

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec., Exh. 2.     MGA's Rule 30(b)(6) designee on this topic, Lisa Tonnu, identified no one as having performed work or services for MGA while also employed by Mattel at any time since 1998. Tonnu. Tr. Vol. 2 at 301:2-17, Zeller Dec., Exh. 22.     MGA's interrogatory responses entirely failed to name either Ms. Cabrera or Ms. Morales as ever having worked on Bratz and claimed that Ms. Salazar, who subsequently became an MGA employee, did not work on Bratz until more than two years after she left Mattel.  MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23.     The remaining witnesses who testified that it was "common knowledge" that Mattel employees took on additional work outside of Mattel could not name any examples of employees actually | Mr. Bryant and Ms. Marlow, and its lengthy interrogation of Ms. Cabrera and Ms. Morales, Mattel has not uncovered a single fact that indicates that Mr. Bryant deliberately withheld information about the seamstresses who worked for Veronica Marlow.

Objections to Zeller Dec. Exh. 22 (Tonnu Tr. Vol. 2 at 301:2-17).  Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing.  Inadmissible hearsay as to Bryant.  (Fed. R. Evid. 105, 802.).  Not party admissions as to Bryant.  (Fed. R. Evid. 801(d)(2).).

Objections to Zeller Dec., Exh. 23 (MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70).  Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | working for competitors. See Marlow Tr. at 47:8-49:23, Anderson Dec., Exh. 23; and also Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17; Bryant Tr. Vol. 4 at 866:21-870:12.<br><br>Bryant himself knew that work outside of Mattel was owned by Mattel.<br>████████<br>████████<br>████████<br>████████<br>████████<br>████████<br>████████<br><br>Deposition Transcript of Janet Bryant, Vol. 1 ("J. Bryant Vol. 1"), dated September 25, 2007 at 83:20-86:22, Zeller Dec., Exh. 20.<br>Bryant acknowledged ████████<br>████████<br>See Bryant Tr. Vol. 4 at 788:14-23 (████████ | filing. Inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.). Not party admissions as to Bryant. (Fed. R. Evid. 801(d)(2).).<br><br>Objections to Anderson Dec., Exh. 23 (Marlow Tr. at 47:8-49:23). Mischaracterizes testimony (Fed. R. Evid. 106, 402, 403, 1006.). The excerpt cited by Mattel does not support Mattel's summary of the testimony.<br><br>Objections to Zeller Dec., Exh 4 (Bryant Tr. Vol. 4 at 866:21-870:12). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Mischaracterizes testimony, improper and inaccurate summary (Fed. R. Evid. 106, 402, 403, 1006.).<br><br>Objection s to Zeller Dec., Exh. 20 (J. Bryant Tr. Vol. 1 at 83:20-86:22). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | █████████████ ) Supp. Corey Dec., Exh. 3.     After a break in his deposition in which he talked with counsel, ████████████████ . Bryant Tr. Vol. 4 at 866:21-870:12, Zeller Dec., Exh. 4.     Assuming Mattel employees were moonlighting as defendants suggest, such work, based on defendants' own description, was completely unrelated to Mattel's core line of business. See e. g., Carter Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission | despite the availability of this evidence at the time of that filing. Mischaracterizes testimony, improper and inaccurate summary (Fed. R. Evid. 106, 402, 403, 1006.). The excerpt cited by Mattel does not support Mattel's summary of the testimony. Specifically, Mattels claim that Mrs. Bryant testified as to a time when this alleged conversation took place is unsupported. (86:10-14 (witness does not remember "when it was"). Nor does this testimony support the claimed assertion that "Bryant himself knew that work outside of Mattel was owned by Mattel. Thus, this testimony is irrelevant to the UF. <br><br> Objections to Supp. Corey Dec., Exh. 3 (Bryant Tr. Vol. 4 at 788:14-23). Mattel failed to include a citation to this evidence to support this particular UF in its initial Separate Statement, despite the availability of this evidence at the time of that filing. Constitutes new evidence that is not admissible on reply. |

101
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Propounded to All Defendants at 35 (Joni Pratte's volleyball and basketball books; Lori Sipos' puppets; Veronica Marlow's handbags; other employees' weekend nail and salon work), Proctor Dec., Exh. 88. | *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir. 1996). Mischaracterizes testimony, and testimony was vague and ambiguous. (Fed. R. Evid. 106, 402, 403, 1006.).<br><br>Objections to Proctor Dec., Exh. 88 (Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants). Cited evidence does not support Mattel's purported summary, and is therefore irrelevant. |
| 111.  Defendants cannot present any evidence that suggests Mattel intended or acted in a manner that would allow its employees to believe they could violate their legal obligations with impunity. | Defendants have not cited to any contrary evidence disputing this fact. It is undisputed that defendants cannot present any evidence that suggests Mattel intended or acted in a manner that would allow its employees to believe they could violate their legal obligations with impunity. Further, defendant's response is improper argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Mattel's reply in support of UF 111 cites to the same evidence in its reply in support of UF 110.  Bryant incorporates by reference his objections to UF 110 as though fully set forth herein. |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Scheduling Order at 4:1-2 ("No argument should be set forth in this document."). | |
| |    Elise Cloonan testified that ████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████ | |
| | Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17.  However, Cloonan was not aware of any Mattel employee doing work for its competitors. Deposition Transcript of Elise Cloonan Vol. 1 ("Cloonan Tr. Vol. 1"), dated December 14, 2007 at 100:12-18 (" ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████ ) | |
| | Zeller Dec., Exh. 17.  See also id. at 106:22-107:2, Zeller Dec., Exh. 17. | |
| |    Myers, however, ████████████████ ████████████████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████████ Myers Tr. at 62:10-23, Zeller Dec., Exh. 12. Margaret Hatch Leahy ████████████ Leahy Tr. Vol. 1 at 186:23-187:21, Zeller Dec., Exh. 18. Mattel did not learn of three Mattel employees who had performed Bratz work during their employment at Mattel until Veronica Marlow's deposition on December 28, 2007. Mattel learned of the work performed on Bratz by Ana Isabel Cabrera, Beatrice Morales, and Maria Salazar, while each was still employed by Mattel, at Veronica Marlow's deposition ("Marlow Tr."), on December 28, 2007, at 286:23-290:13 | |

104

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | (regarding Cabrera), 306:14-308:1 (regarding Morales), 363:15-364:9 (regarding Salazar), Zeller Dec., Exh. 21.<br><br>This was the first time Mattel learned of these individuals, despite having specifically sought the names of such individuals form Defendants years ago. See e.g., Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec., Exh. 2; Deposition Transcript of Lisa Tonnu Vol. 2 ("Tonnu Tr. Vol. 2"), dated, at 301:2-17, Zeller Dec., Exh. 22; MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23.  In each instance, Defendants failed to disclose that any of these individuals worked on Bratz while employed by Mattel. Carter Bryant denied being aware of any other Mattel employee working for MGA while he or she was employed by Mattel. Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec., Exh. 2.<br><br>MGA's Rule 30(b)(6) designee on this topic, Lisa Tonnu, | |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | identified no one as having performed work or services for MGA while also employed by Mattel at any time since 1998. Tonnu. Tr. Vol. 2 at 301:2-17, Zeller Dec., Exh. 22. | |
| |      MGA's interrogatory responses entirely failed to name either Ms. Cabrera or Ms. Morales as ever having worked on Bratz and claimed that Ms. Salazar, who subsequently became an MGA employee, did not work on Bratz until more than two years after she left Mattel.  MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23. | |
| |      The remaining witnesses who testified that it was "common knowledge" that Mattel employees took on additional work outside of Mattel could not name any examples of employees actually working for competitors. See Marlow Tr. at 47:8-49:23, Anderson Dec., Exh. 23; and also Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17; | |

106

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Bryant Tr. Vol. 4 at 866:21-870:12. Bryant himself knew that ██████████████████████████████████████████████████████ Deposition Transcript of Janet Bryant, Vol. 1 ("J. Bryant Vol. 1"), dated September 25, 2007 at 83:20-86:22, Zeller Dec., Exh. 20. Bryant ███████████████████████████████████████ See Bryant Tr. Vol. 4 at 788:14-23 (████████████████████████████████████████████████████████████████████████████████████████████████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ) Supp. Corey Dec., Exh. 3.<br><br>After a break in his deposition in which he talked with counsel, Bryant<br><br>Bryant Tr. Vol. 4 at 866:21-870:12, Zeller Dec., Exh. 4.<br><br>Assuming Mattel employees were moonlighting as defendants suggest, such work, based on defendants' own description, was completely unrelated to Mattel's core line of business. See e. g., Carter Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants at 35 (Joni Pratte's volleyball and basketball books; Lori Sipos' puppets; Veronica Marlow's handbags; other | |

108

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | employees' weekend nail and salon work), Proctor Dec., Exh. 88. | |
| 124.  As shown, Mattel did not "know the facts" regarding defendants' waiver and consent defenses. | Defendants have not cited to any contrary evidence disputing this fact.  It is undisputed that Mattel did not "know the facts" regarding defendants' waiver and consent defenses..<br><br>Defendant's response is also argument, which is specifically prohibited per the Court's Scheduling Order.  See Court's February 23, 2007 Scheduling Order at 4:1-2 ("No argument should be set forth in this document.").<br><br>Elise Cloonan testified that i██████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ██████  Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17.  However, Cloonan██████████ ███████████████ ███████  Deposition Transcript of Elise | Bryant incorporates by reference his general objection as though fully set forth herein.<br><br>Mattel's reply in support of UF 124 cites to the same evidence in its reply in support of UF 110.  Bryant incorporates by reference his objections to UF 110 as though fully set forth herein. |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Cloonan Vol. 1 ("Cloonan Tr. Vol. 1"). , dated December 14, 2007 at 100:12-18 (███████████ ████████████████ ████████████████ ████████████████ ████████████████ ███████████), Zeller Dec., Exh. 17, <u>See also id.</u> at 106:22-107:2, Zeller Dec., Exh. 17. | |
| | Myers, however, ████████████████ ████████████████ ████████████████ ███████████████ Myers Tr. at 62:10-23, Zeller Dec., Exh. 12. | |
| | Margaret Hatch Leahy ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████ Accordingly, Mattel did not learn of her actions until she was deposed in | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | this case in December 2007.  Leahy Tr. Vol. 1 at 186:23-187:21, Zeller Dec., Exh. 18.<br><br>Mattel did not learn of three Mattel employees who had performed Bratz work during their employment at Mattel until Veronica Marlow's deposition on December 28, 2007.  Mattel learned of the work performed on Bratz by Ana Isabel Cabrera, Beatrice Morales, and Maria Salazar, while each was still employed by Mattel, at Veronica Marlow's deposition ("Marlow Tr."), on December 28, 2007, at 286:23-290:13 (regarding Cabrera), 306:14-308:1 (regarding Morales), 363:15-364:9 (regarding Salazar), Zeller Dec., Exh. 21.<br><br>This is the first time Mattel learned of these individuals, despite having specifically sought the names of such individuals from Defendants years ago.  See e.g.,  Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec. Exh. 2; Deposition Transcript of | |

111
[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | Lisa Tonnu Vol. 2 ("Tonnu Tr. Vol. 2"), dated, at 301:2-17, Zeller Dec., Exh. 22; MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23. In each instance, Defendants failed to disclose that any of the these individuals worked on Bratz while employed by Mattel. Carter Bryant denied being aware of any other Mattel employee working for MGA while he or she was employed by Mattel. Bryant Tr. Vol. 2 at 286:25-287:5, Zeller Dec., Exh. 2.<br><br>MGA's Rule 30(b)(6) designee on this topic, Lisa Tonnu, identified no one as having performed work or services for MGA while also employed by Mattel at any time since 1998. Tonnu Tr. Vol. 2 at 301:2-17, Zeller Dec., Exh. 22.<br><br>MGA's interrogatory responses entirely failed to name either Ms. Cabrera or Ms. Morales as ever having worked on Bratz and claimed that Ms. Salazar, who | |

112

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | subsequently became an MGA employee, did not work on Bratz until more than two years after she left Mattel.  MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories at 64-70, Zeller Dec., Exh. 23.<br><br>The remaining witnesses who testified that it was "common knowledge" that Mattel employees took on additional work outside of Mattel could not name any examples of employees actually working for competitors. See Marlow Tr. at 47:8-49:23, Anderson Dec., Exh. 23; See also Cloonan Tr. at 105:23-106:22, Zeller Dec., Exh. 17; Bryant Tr. Vol. 4 at 866:21-870:12.<br><br>Bryant ▮▮▮▮▮▮▮▮▮▮<br><br>See Bryant Tr. Vol. 4 at 788:14-23 ("▮▮▮ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████ "), Supp. Corey Dec., Exh. 3. | |
| | Bryant himself ████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | Deposition Transcript of Janet Bryant, Vol. 1 ("J. Bryant Vol. 1"), dated September 25, 2007 at 83:20-86:22, Zeller Dec., Exh. 20. | |
| | After a break in his deposition in which he talked with counsel, Bryant " ████ | |
| | ████████████████ | |

415667.01

| Uncontroverted Facts: | Mattel's Reply | Evidentiary Objection |
|---|---|---|
| | ■■■■■■■■■<br><br>Bryant Tr. Vol. 4 at 866:21-870:12, Zeller Dec., Exh. 4.<br><br>Assuming Mattel employees were moonlighting as defendants suggest, such work, based on defendants' <u>own description</u>, was completely unrelated to Mattel's core line of business.  <u>See, e.g.</u>, Carter Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants at 35 (Joni Pratte's volleyball and basketball books; Lori Sipos' puppets; Veronica Marlow's handbags; other employees' weekend nail and hair salon work), Proctor Dec., Exh. 88. | |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01

1   Dated:  April 18, 2008                  KEKER & VAN NEST, LLP

2

3

4                        By:  /s/ Maathew Werdegar

5                          MATTHEW WERDEGAR

6                          Attorneys for Plaintiff
                           CARTER BRYANT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 1 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415667.01