QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:　April 22, 2008<br>Time:　10:00 a.m.<br>Place:　Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:　　Jan. 28, 2008<br>Pre-Trial Conference:　May 5, 2008<br>Trial Date:　　　　　　May 27, 2008 |

07209/2475183.1

NOTICE OF SUPPLEMENTAL AUTHORITY

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. hereby provides supplemental authorities in support of its Motion for Partial Summary Judgment.

After the briefing on the parties' motions for partial summary judgment was completed, the parties exchanged their proposed jury instructions.  Defendants' jury instructions demonstrate that defendants believe the jury should be required to perform "analytical dissection" of protectable / unprotectable material in Bryant's drawings and the Bratz dolls.  Mattel hereby submits the following supplemental authorities showing that such an analysis presents an issue of law to be addressed by the Court.  Mattel respectfully submits that the Court should rule on the protectability of Carter Bryant's drawings in connection with its ruling on Mattel's motion for partial summary judgment, which seeks a finding that the first generation Bratz dolls are substantially similar to Bryant's drawings, because it is a question of law.  There can be no factual dispute that justifies delaying this ruling.

1. <u>Newton v. Diamond</u>, 204 F. Supp. 1244, 1253 (C.D. Cal. 2002) ("The protectability of elements in a copyrighted work is a question of law.").

2. <u>Webloyalty.com, Inc. v. Consumer Innovations, LLC</u>, 2005 WL 468496 at *2 (D. Del. 2005) (holding that while a finding of copyright infringement may involve questions of fact, the protectability of copyrighted material is a question of law).

3. <u>Pivot Point Int'l, Inc. v. Charlene Prods., Inc</u>., 932 F. Supp. 220, 225 (N.D. Ill. 1996) (the issue of whether a work is "copyrightable is a question of law," and the "jury has nothing to do with this subject.").

4. <u>ADA v. Delta Dental Plans Ass'n</u>, 1996 U.S. Dist. LEXIS 5809 at *19 n. 15 (N.D. Ill. 1996) (although copyrightability analysis necessarily requires a court to consider some facts surrounding the works at issue, the inquiry "is far more heavily loaded with policy implications than most other standards," making it appropriate for

1  determination by a court instead of a jury) (reversed on other grounds, 126 F.3d 977
2  (7th Cir. 1997)).
3       5.    Coston v. Product Movers, 1990 WL 56516 at *3 (E.D. Pa., 1990) ("The
4  question of which aspects of plaintiffs' work are protectible expression as opposed to
5  unprotectible idea is an issue of law.").
6       6.    Stillman v. Leo Burnett Co., Inc., 720 F. Supp. 1353, 1360-61 (N.D. Ill.
7  1989) ("The extrinsic and intrinsic tests both involve findings of fact, but the issue of
8  protectibility/nonprotectibility is an issue of law.").

10  DATED: April 18, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12                         By  /s/
13                              Michael T. Zeller
                            Attorneys for Mattel, Inc.