1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com

6  Attorneys for Plaintiff
   CARTER BRYANT

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12

13  CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
14                        Plaintiff,    2727)

15      v.                             **[PUBLIC REDACTED] CARTER
                                       BRYANT'S EVIDENTIARY
16  MATTEL, INC. a Delaware            OBJECTIONS TO THE REPLY
    Corporation,                       EVIDENCE CITED IN  MATTEL,
17                                     INC.'S CONSOLIDATED
                          Defendant.   SEPARATE STATEMENT OF
18                                     UNCONTESTED FACTS AND
                                       CONCLUSIONS OF LAW IN
19  CONSOLIDATED WITH MATTEL,          SUPPORT OF MATTELS'
    INC., v. BRYANT and MGA            MOTION FOR PARTIAL
20  ENTERTAINMENT, INC. v.             SUMMARY JUDGMENT**
    MATTEL, INC.

21                                     **VOLUME 2 of 2**

22                                     Date:      April 22, 2008
                                       Time:      10:00 a.m.
23                                     Dept:      Courtroom 1
                                       Judge:     Hon. Stephen G. Larson
24                                     Date Comp. Filed:  April 13, 2005
                                       Discovery Cut-Off:  Jan. 28, 2008
25                                     Pre-Trial Conference:  May 5, 2008
                                       Trial Date:  May 27, 2008
26

27

28

                                1

415662.01

## III.   SPECIFIC OBJECTIONS TO MATTEL'S REPLY EVIDENCE

### (continued)[1]

| BRYANT/MGA ADDITIONAL FACT | MATTEL'S CONTRARY EVIDENCE | BRYANT'S EVIDENTIARY OBJECTION TO MATTEL'S NEW EVIDENCE |
|---|---|---|
| 141 [Bryant]. ███████ | ███████ See e.g. MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc. Supplemental Set of Interrogatories, Supplemental Interrogatory, Supp. Proctor Dec., Exh. 2; ███████ See also Mattel, Inc.'s Supplemental Interrogatory Pursuant to | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>The evidence cited in the Supp. Proctor Dec., Exhs. 2, 35 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (C.A.9 (Cal.), 1996).<br><br>MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories is inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.) Moreover, Mattel provides an incomplete excerpt and the cited proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.) Specifically,  (Supp. Proctor Dec., Exh. 2 (MGA Entertainment Inc.'s Objections and |

---

[1] All reference to "general objections" refer to the general objections listed in Volume 1 of Bryant's Evidentiary Objections to the Reply Evidence Cited in Mattel, Inc.'s Consolidated Separate Statement of Uncontested Facts and Conclusions of Law in Support of Mattel's Motion for Partial Summary Judgment.

2

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

Order Dated September 25, 2007 ████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ████████████ █████████████████████ █████████████████████ █████████████████████ █████████████████████ ████████████████████ █████████████████████ ████████████████████████ ██████████████████████, ████████████████████████,

Supp. Proctor Dec. Exh. 35.

Garcia testified that █████████████████████ █████████████████ ██████████████

Garcia Tr. Vol. 1 at 244:1-245:15 (stating she had █████████████████ █████████████████████ █████████████████████ █████████████████████ ██████████████ ████████████ ),

responses to Mattel, Inc.'s Supplemental Set of Interrogatories at 9) ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ ██████████████████ (emphasis added).)

Mattel's Supplemental Interrogatory (Supp. Proctor Dec., Exh. 35) is inadmissible hearsay when offered by Mattel. (Fed. R. Evid. 802.)

415662.01

1    Zeller Dec., Exh. 67.



16                          Rhee
17   Tr. at 107:4-108:10,
18   109:5-25, 113:24-114:15,
     127:8-14, 132:25-133:2,
19   138:9-22, 202-204, Zeller
20   Dec., Exh. 66;
21                     , Bates
22   numbered AR 0001- AR
     0058, marked as Exhibit
23   201 in this action, Zeller
24   Dec., Exh. 72.

25   See also Bryant's
26                     , Bates-
     numbered BRYANT
27   00173-174, Proctor Dec.,
28   Exh. 75; Garcia Tr. Vol. 2

4

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

at 321:22-322:6, Corey Dec., Exh. 20; Bryant's



Bates-numbered MGA001294-96, Proctor Dec., Exh. 73; Deposition Transcript of Kerri Brode, Vol. 1 ("Brode Tr. Vol. 1"), dated August 18, 2007, at 117:18-24, Corey Dec., Exh. 21.

Witnesses have testified that

See Rhee Tr. at 23:13-24:8

),
Zeller Dec., Exh. 66; see also Ashong Tr. at 214:3-18

), Zeller Dec., Exh. 71.

| 142 [Bryant]. | | Bryant incorporates by |

5

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



reference his general objections as though fully set forth herein.

The evidence cited in the Supp. Proctor Dec., Exhs. 2, 35 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories is inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.)  Moreover, Mattel provides an incomplete excerpt and the cited proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.)

See e.g. MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc. Supplemental Set of Interrogatories, Supplemental Interrogatory, Supp. Proctor Dec., Exh. 2;

See also Mattel, Inc.'s Supplemental Interrogatory Pursuant to Order Dated September 25, 2007 (

Mattel's Supplemental

Interrogatory (Supp. Proctor Dec., Exh. 35) is inadmissible hearsay when offered by Mattel. (Fed. R. Evid. 802.)

Supp. Proctor Dec. Exh. 35.

Garcia testified

Zeller Dec., Exh. 67.

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

1

2

3

4

5

6

7 ██████████████ Rhee

8 Tr. at 107:4-108:10,

9 109:5-25, 113:24-114:15,

127:8-14, 132:25-133:2,

10 138:9-22, 202-204, Zeller

11 Dec., Exh. 66;

12 ████████ Bates

13 numbered AR 0001- AR

0058, marked as Exhibit

14 201 in this action, Zeller

Dec., Exh. 72.

15

16 See also Bryant's ████

17 ████████, Bates-

numbered BRYANT

18 00173-174, Proctor Dec.,

Exh. 75; Garcia Tr. Vol. 2

19 at 321:22-322:6, Corey

20 Dec., Exh. 20;

21

22

23

24

25 Bates-numbered

26 MGA001294-96, Proctor

Dec., Exh. 73; Deposition

27 Transcript of Kerri Brode,

Vol. 1 ("Brode Tr. Vol.

28

415662.01



| | | |
|---|---|---|
| | 1"), dated August 18, 2007, at 117:18-24, Corey Dec., Exh. 21. ▮▮▮ Zeller Dec., Exh. 66; see also Ashong Tr. at 214:3-18 ▮▮▮, Zeller Dec., Exh. 71. | |
| 144 [Bryant]. ▮▮▮ | Mattel disputes ▮▮▮ | Bryant incorporates by reference his general objections as though fully set forth herein. The evidence cited in the Supp. Corey Dec., Exh. 1 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996). Mattel cites an incomplete excerpt of Bryant's |

415662.01



| | | |
|---|---|---|
| | | testimony and the stated proposition mischaracterizes that testimony. (Fed. R. Evid. 106, 402, 403, 1006.) |
| | | (Supp. Corey Dec., Exh. 1 (Bryant Vol. I at 167:8-11).) |
| 145 [Bryant]. | | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>The evidence cited in the Supp. Corey Dec., Exh. 1 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).<br><br>Mattel cites an incomplete |

10

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

excerpt of Bryant's testimony and the stated proposition mischaracterizes that testimony.  (Fed. R. Evid. 106, 402, 403, 1006.)

(Supp. Corey Dec., Exh. 1 (Bryant Vol. I at 167:8-11).)

11

415662.01



12

415662.01

13

415662.01



14

415662.01

15

415662.01



[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

17

415662.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



148 [Bryant].

Bryant incorporates by reference his general objections as though fully set forth herein.

The evidence cited in the Supp. Proctor Dec., Exhs. 4 and 5 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

The emails from Larian and Treantafelles (Supp. Proctor Dec., Exhs. 4 and 5) are inadmissible hearsay as to Bryant.

415662.01

(Fed. R. Evid. 105, 802.)
They are not party
admissions as to Bryant.
(Fed. R. Evid. 801(d)(2).)

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

| | | |
|---|---|---|
| 1 | ███████████████ | |
| 2 | ████████████████ | |
| 3 | ████████████████ | |
| 4 | ███████████████ | |
| 5 | ███████████████ | |
| 6 | ███████████████ | |
| 7 | ███████████████ | |
| 8 | ██████████████ | |
| 9 | ██████████████ | |
| 10 | ██████████████ | |
| 11 | ████████████ | |
| 12 | | |
| 13 | ██████████████ | |
| 14 | ███████████████ | |
| 15 | ██████████████ | |
| 16 | █████████████ | |
| 17 | █████████████ | |
| 18 | ████████████ | |
| 19 | ████████████ | |
| 20 | ████████████ | |
| 21 | 149 [Bryant]. ████████ | Bryant incorporates by reference his general objections as though fully set forth herein. |
| 22 | ██████████ | |
| 23 | ██████████ | |
| 24 | ████████████████ | The evidence cited in the Supp. Proctor Dec., Exhs. 4 and 5 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., |
| 25 | ██████████████ | |
| 26 | ██████████████ | |
| 27 | ████████████ | |
| 28 | | |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

| | | |
|---|---|---|
| 1 | ██████████, | 1996). |
| 2 | marked as Exhibit 350 at | |
| 3 | the Deposition of Arnold Artavia, at 6, Zeller Dec., | The emails from Larian (Supp. Proctor Dec., |
| 4 | Exh. 124; Deposition Transcript of Arnold | Exhs. 4 and 5) are inadmissible hearsay as to |
| 5 | Artavia at 95:6-96:9, 105:24-106:1, Zeller | Bryant. (Fed. R. Evid. 105, 802.) They are not |
| 6 | Dec., Exh. 125. | party admissions as to |
| 7 | | Bryant. (Fed. R. Evid. 801(d)(2).) |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

23

415662.01



150 [Bryant].

See MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc. Supplemental Interrogatory, Supp. Proctor Dec., Exh. 2;

Bryant incorporates by reference his general objections as though fully set forth herein.

The evidence cited in the Supp. Proctor Dec., Exhs. 4 and 5 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories is inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.) Moreover, Mattel provides an

415662.01

incomplete excerpt and the cited proposition mischaracterizes the evidence. (Fed. R. Evid. 106, 402, 403, 1006.) Specifically,

See also Mattel, Inc.'s Supplemental Interrogatory Pursuant to Order Dated September 25, 2007

Mattel's Supplemental Interrogatory (Supp. Proctor Dec., Exh. 35) is inadmissible hearsay when offered by Mattel. (Fed. R. Evid. 802.)

415662.01

[REDACTED]

See also Bryant's [REDACTED] [REDACTED], Bates-numbered BRYANT 00173-174, Proctor Dec., Exh. 75; Garcia Tr. Vol. 2 at 321:22-322:6, Corey Dec., Exh. 20; [REDACTED] [REDACTED], Bates-numbered MGA001294-96, Zeller Dec. Exh. 73; Brode Tr. at 117:18-24, Corey Dec., Exh. 21.

See [REDACTED] [REDACTED] Bates-numbered MGA 0072161-167, Zeller Dec., Exh. 79; Garcia Tr. Vol. 4 at 1276:16-21, Zeller Dec., Exh. 45.

[REDACTED]

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



Rhee Tr. at 107:4-108:10, 109:5-25, 113:24-114:15, 127:8-14, 132:25-133:2, 138:9-22, 202-204, Zeller Dec., Exh. 66; Bates numbered AR 0001- AR 0058, marked as Exhibit 201 in this action, Zeller Dec., Exh. 72.

| | | |
|---|---|---|
| 158 [Bryant].  California Labor Code § 2870 was intended to promote scientific and technological innovation by securing certain patent rights for engineers and scientists, and that concern for patent rights permeates the legislative history. | The evidence cited does not support the stated proposition.<br><br>In reality, the undisputed fact is a legal argument, which the Court's Scheduling Order specifically prohibits in the Separate Statement.  See Court's Scheduling Order, Supp. Proctor Dec., Exh. 1.<br><br>The Inventions Agreement expressly defines "invention" to include both patentable | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>The evidence cited in the Supp. Proctor Dec., Exh. 1 constitutes new evidence that is not admissible on reply.  *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).<br><br>References to prior orders of this or any other court speak for themselves and do not belong in a |

415662.01

| | | |
|---|---|---|
| | *and unpatentable* works. Inventions Agreement, at ¶2(b), Proctor Dec., Exh. 5 (emphasis added). The Inventions Agreement specifically assigns to Mattel "all[Bryant's] right, titled and interest" in "any" copyrights or copyright applications based on any of Bryant's inventions. Inventions Agreement, at ¶2(a), Proctor Dec., Exh. 5. | statement of facts. (Fed. R. Evid. 402, 403.) |
| 160 [Bryant]. ██████ | ██████ | Bryant incorporates by reference his general objections as though fully set forth herein.<br><br>The evidence cited in the Supp. Proctor Dec., Exh. 30 and the Supp. Corey Dec., Exh. 15 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).<br><br>██████ is irrelevant to Bryant's stated fact. (Fed. R. Evid. 602, 402, 403.)<br><br>Furthermore, Mattel |

28

415662.01



misstates Pasko's deposition testimony. (Fed. R. Evid. 402, 403, 1006.)  In the cited portion of the Pasko deposition transcript,

29

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



161 [Bryant].

Bryant incorporates by reference his general objections as though fully set forth herein.

The evidence cited in the Supp. Corey Dec., Exhs. 13, 14 and Supp. Proctor Dec., Exh. 30 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (C.A.9 (Cal.), 1996).

Mattel cites an incomplete excerpt of Fontanella's deposition testimony. (Fed. R. Evid. 106, 402, 403, 1006.)

415662.01

| | | |
|---|---|---|
| 1 | ██████████ | ████ |
| 2 | ███████████ | |
| 3 | ███████████ | (Supp. Corey Dec., Exh. 13 (Fontanella Depo. Tr. |
| 4 | ██████████ | at 70:7-16); *see also id.* |
| 5 | ██████████ | (at 71:7-72:12).) |
| 6 | ██████████ | ████████████ |
| 7 | ██████████ | ████████████ |
| 8 | ██████████ | ████████████ |
| 9 | ███████████ | ████████████ |
| 10 | ███████████ | ████████████ |
| 11 | ██████████ | is irrelevant to |
| 12 | ██████████ | Bryant's stated fact.  (Fed. |
| 13 | ██████████ | R. Evid. 602, 402, 403.) |
| 14 | ██████████ | |
| 15 | ██████████ | |
| 16 | 133 [MGA]. ████ | Bryant incorporates by |
| 17 | ███████████ | reference his general |
| 18 | ███████████ | objections as though fully |
| 19 | ██████████ | set forth herein and joins |
| 20 | ██████████ | in MGA's evidentiary |
| 21 | ██████████ | objections to the extent applicable to Bryant. |
| 22 | ██████████ | |
| 23 | ██████████ | Hearsay as to Bryant. (Fed. R. Evid. 105, 801.) |
| 24 | ██████████ | Not party admission(s) as |
| 25 | ██████████ | to Bryant.  (Fed. R. Evid. |
| 26 | ██████████ | 801(d)(2).) |
| 27 | ██████████ | |
| 28 | | |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

33

415662.01



134 [MGA].

Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

Hearsay as to Bryant. (Fed. R. Evid. 105, 801.)

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



Not party admission(s) as to Bryant. (Fed. R. Evid. 801(d)(2).) This evidence ██████████ is not relevant to any issue in Phase I and will confuse and distract the jury. (Fed. R. Evid. 402, 403.)

35

415662.01



135 [MGA].

Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

415662.01

The evidence cited in the Supp. Proctor Dec., Exh. 14 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (C.A.9 (Cal.), 1996).

(Supp. Proctor Dec., Exh. 14) are hearsay as to Bryant. (Fed. R. Evid. 105, 801.) They are not party admission(s) as to Bryant. (Fed. R. Evid. 801(d)(2).)

415662.01



38

415662.01



39

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

40

415662.01



41

415662.01



| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | 136 [MGA]. | | Bryant incorporates by reference his general objections as though fully |
| 27 | | | |
| 28 | | | |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

Mattel provides an incomplete excerpt of Galvano's deposition transcript and mischaracterizes that testimony. (Fed. R. Evid. 106, 402, 403, 1006.)

Bryant further objects to Exhibits 15, 16, 17, 18, 19 and 20 attached to the Supp. Proctor Dec. (BRYANT 00186, BRYANT 00200, BRYANT 00194, Exhibit 778 (no Bates number), and BRYANT 00222). Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited evidence. (Fed. R. Evid. 602.) Furthermore, the evidence is not properly authenticated. (Fed. R. Evid. 901.)

Cf. Bryant Tr. Vol. 2 at 328:4-6

, Zeller Dec., Exh. 2.

43

415662.01



44

415662.01



[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



140 [MGA].

Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

The evidence cited in the Supp. Proctor Dec., Exhs. 4 and 5 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

The emails from Larian (Supp. Proctor Dec., Exhs. 4 and 5) are inadmissible hearsay as to Bryant.  (Fed. R. Evid. 105, 802.)  They are not party admissions as to Bryant.  (Fed. R. Evid. 801(d)(2).)

46

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

47

415662.01

| | | |
|---|---|---|
| 143 [MGA]. | | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant. |
| | | The evidence cited in the Supp. Proctor Dec., Exhs. 4 and 5 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (C.A.9 (Cal.), 1996). |
| | | The emails from Larian (Supp. Proctor Dec., Exhs. 4 and 5) are inadmissible hearsay as to Bryant. (Fed. R. Evid. 105, 802.) They are not party admissions as to Bryant. (Fed. R. Evid. 801(d)(2).) |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



| | | |
|---|---|---|
| | ████████ | |
| 147 [MGA]. | MGA Parties' Responses OF ¶¶6, 19, and 65 do not support the fact stated. | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

The evidence cited in the Supp. Corey Dec., Exh. 8 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

Hearsay as to Bryant. (Fed. R. Evid. 105; 801.) Not party admission(s) as to Bryant. (Fed. R. Evid. 801(d)(2).) Not offered by Mattel as prior inconsistent statement(s) of Garcia. (Fed. R. Evid. 801(d)(1).) As for the testimony of Ms. Garcia in the *Art Attacks* case, the former testimony exception does not apply, as Ms. Garcia is an available witness, and has been deposed in this case. (Fed. R. Evid. 804(b)(1).)

Moreover, the cited evidence is irrelevant to the stated fact. (Fed. R. Evid. 402, 403.) |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01



| | | |
|---|---|---|
| 148 [MGA]. | MGA Parties' Responses of ¶¶ 141-42 do not support the fact stated. Moreover, | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant. |

415662.01



The evidence cited in the Supp. Proctor Dec., Exhs. 4 and 5 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

The emails from Larian (Supp. Proctor Dec., Exhs. 4 and 5) are inadmissible hearsay as to Bryant.  (Fed. R. Evid. 105, 802.)  They are not party admissions as to Bryant.  (Fed. R. Evid. 801(d)(2).)

415662.01

| | |
|---|---|
| 161 [MGA]. | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

The evidence cited in the |

415662.01



| | | |
|---|---|---|
| | | Supp. Proctor Dec., Exhs. 21 and 22 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).<br><br>The emails from Ms. Ward and Mr. Lee (Supp. Proctor Dec., Exh. 21) are hearsay as to Bryant. (Fed. R. Evid. 802.) |
| 163 [MGA]. | | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.<br><br>The Hollander Rebuttal Report constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).<br><br>The Hollander Rebuttal Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. |

54

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

| | |
|---|---|
| 1 | 602, 402, 403, 802.) |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant. |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | The Hollander Rebuttal Report constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996). |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | The Hollander Rebuttal Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6.  (Fed. R. Evid. 602, 402, 403, 802.) |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | 165 [MGA]. |
| 26 | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary |
| 27 | |
| 28 | |

415662.01

| | | |
|---|---|---|
| | | objections to the extent applicable to Bryant.

The Hollander Rebuttal Report constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996). |
| | | The Hollander Rebuttal Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6.  (Fed. R. Evid. 602, 402, 403, 802.) |
| 166 [MGA]. | | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.

The Hollander Rebuttal Report and Supp. Proctor Dec., Exh. 25 constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996).

is hearsay as to Bryant. (Fed. R. Evid. 802.) Moreover, the stated proposition mischaracterizes the |



415662.01

| | | |
|---|---|---|
| | | evidence.  (Fed. R. Evid. 402, 403, 1006.) |
| | | The Hollander Rebuttal Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6.  (Fed. R. Evid. 602, 402, 403, 802.) |
| 167 [MGA]. | | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant.<br><br>The Hollander Rebuttal Report constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 |

415662.01

| | |
|---|---|
| 1 | F.3d 1478, 1483 (9th Cir., 1996). |
| 2 | |
| 3 | The Hollander Rebuttal |
| 4 | Report (Supp. Proctor |
| 5 | Dec., Exh. 25) is hearsay, lacks foundation, is |
| 6 | irrelevant, and violates |
| 7 | L.R. 7-6.  (Fed. R. Evid. 602, 402, 403, 802.) |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |

168 [MGA]

| | |
|---|---|
| 17 | Bryant incorporates by |
| 18 | reference his general objections as though fully |
| 19 | set forth herein and joins |
| 20 | in MGA's evidentiary objections to the extent |
| 21 | applicable to Bryant. |
| 22 | |
| 23 | The Hollander Rebuttal Report constitutes new |
| 24 | evidence that is not admissible on reply. |
| 25 | *Provenz v. Miller* 102 |
| 26 | F.3d 1478, 1483 (9th Cir., 1996). |
| 27 | |
| 28 | The Hollander Rebuttal |

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01

| | | |
|---|---|---|
| | | Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802.) |
| 169 [MGA].  | | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant. The Hollander Rebuttal Report constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 F.3d 1478, 1483 (9th Cir., 1996). The Hollander Rebuttal Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802.) |
| 170 [MGA]. | | Bryant incorporates by reference his general objections as though fully set forth herein and joins in MGA's evidentiary objections to the extent applicable to Bryant. The Hollander Rebuttal Report constitutes new evidence that is not admissible on reply. *Provenz v. Miller* 102 |

415662.01

| | | F.3d 1478, 1483 (9th Cir., 1996). |
| | | The Hollander Rebuttal Report (Supp. Proctor Dec., Exh. 25) is hearsay, lacks foundation, is irrelevant, and violates L.R. 7-6. (Fed. R. Evid. 602, 402, 403, 802.) |

Dated:  April 18, 2008                              KEKER & VAN NEST, LLP


                                        By:   /s/ Matthew Werdegar
                                            MATTHEW W. WERDEGAR
                                            Attorneys for Plaintiff
                                            CARTER BRYANT

[PUBLIC REDACTED] BRYANT'S EVIDENTIARY OBJECTIONS TO THE REPLY
EVIDENCE CITED BY MATTEL
VOLUME 2 OF 2
CASE NO. CV 04-09049 SGL (RNBx)

415662.01