QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S RESPONSE TO CARTER BRYANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: April 22, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:     Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:            May 27, 2008 |

07209/2461561.1

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Mattel's Opposition to Carter Bryant's Motion for Partial Summary Judgment demonstrated that the company's Conflict of Interest Questionnaire ("Questionnaire) is a valid and binding contract.  In a last-ditch attempt to salvage his attack on the Questionnaire, on April 3, 2008, after the briefing on his motion was completed, Bryant filed a Notice of Supplemental Authority, which attached *Metters v. Ralphs Grocery Co.*, a recent California appellate decision.  As set forth below, *Metters* does not aid Bryant.

*Metters*, an employment case, concerns the enforceability of an arbitration clause.  The employer sent an employee, who had previously complained of harassment and discrimination, a form entitled "Notice of Dispute & Request for Resolution" (the "Dispute Form").  Slip. Op., at 2.  The Dispute Form contained a clause stating that employee grievances will be arbitrated pursuant to procedures set out in another document, which was not enclosed.  *Id*.  The employer claimed that by signing the Dispute Form, the employee forfeited his right to proceed with his discrimination claims in civil court, and was not required to arbitrate them.

The employer's cover letter did not reference an arbitration clause.  Nor did the employer inform the employee of the arbitration clause when the employee called the employer's telephone hotline.  "[The employee] understood he needed to complete, sign, and submit the Dispute Form before his claims would be investigated.  [No one] told [the employee] about arbitration, and he was unaware that he had signed an arbitration agreement."  Slip. Op. at 4.

The appellate court affirmed denial of the employer's motion to compel arbitration.  The court recognized that "a party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing,"[1] but explained that "the Dispute Form did not look like a contract and did not alert [the employee] that he

---

[1] Slip. Op. at 6 (citation omitted).

1  was agreeing to binding arbitration. . . . [The employer's statements] strongly
2  suggested the form was the only vehicle by which he could have his claims
3  reviewed, and no one told him if he did so, he would automatically agree to
4  arbitration." Slip Op., at 6-7.  The court also noted that the employee never received
5  the arbitration policy itself, which defined various material terms.  *Id*., at 7.  The
6  court concluded that the Dispute Form "did not alert [the employee] he was agreeing
7  to anything, let alone arbitration," and therefore refused to enforce it.  *Id*., at 8.

8        There are obvious differences *Metters* and this case.  <u>First</u>, in *Metters*,
9  the Dispute Form did not advise the employee that it imposed contractual
10 obligations.  The Questionnaire, however, contains express contractual obligations
11 above the employee's signature, *e.g*., "I agree not to divulge company information to
12 unauthorized recipients" and "I also agree to notify my superior immediately of any
13 changes in my situation that would cause me to answer any of the above questions
14 differently."  These are terms of contract, plain and simple.  <u>Second</u>, the one page
15 Questionnaire -- which is comprised of simple "yes or no" questions -- is not
16 "confusing and full of legalistic references" as the Dispute Form in *Metters*
17 apparently was.  <u>Third</u>, in *Metters*, the employer's responses to the employee's
18 inquiries "strongly suggested the form was the only vehicle by which he could have
19 his claims reviewed," which was not true.  Slip. Op., at 6-7.  Bryant does not
20 contend that Mattel made any affirmative misrepresentations to him about the legal
21 effect of the Questionnaire.  Indeed, unlike the employee in *Metters*, Bryant did not
22 even ask anyone at Mattel about the obligations imposed by the Questionnaire.
23 <u>Finally</u>, as noted above, in *Metters* the employer's statements "strongly suggested"
24 that the employee could not pursue his discrimination and harassment claims -- a
25 vested right of the employee -- unless he executed the Dispute Form.  By contrast,
26 assuming signing the Questionnaire was a condition of employment, there is nothing
27
28

1  improper about that -- employers are entitled to require promises of loyalty by
2  employees as a condition of employment.
3       For the foregoing reasons, Mattel respectfully requests the Court to
4  deny Bryant's motion for partial summary judgment in full.

5  DATED:  April 18, 2008        QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP
6
7                                By      /s/
8                                    Michael T. Zeller
                                     Attorneys for Mattel, Inc.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28