QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

ORIGINAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED CASES

Case No. CV 04-09049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

**[Assigned to Hon. Edward A. Infante, Discovery Master]**

STIPULATION AND [~~PROPOSED~~] ORDER REGARDING FINANCIAL RECORDS RELATED TO VERONICA MARLOW AND DOCUMENT SUBPOENAS ISSUED TO DOLL BAG, INC.; VERONICA MARLOW, INC.; AND MARLOW TECHNO-LOGIC, INC.

**Phase 1:**
Discovery Cut-off: January 28, 2008
Pre-trial Conference: May 5, 2008
Trial Date: May 27, 2008

**STIPULATION**

WHEREAS, Mattel, Inc. ("Mattel") served subpoenas *duces tecum* on certain third parties, including Washington Mutual Bank, Wells Fargo Bank, Union Bank of California, Bank of America, Capital Bank & Trust c/o American Funds, ING Direct, Charles Schwab, International Rectifier Federal Credit Union, Mattel Federal Credit Union, A. Mitch Bhatia, and Kenneth R. Bailey, seeking financial or bank records regarding Veronica Marlow ("Marlow"), a third party witness in the above-entitled action, (the "Financial/Bank Records Subpoenas");

WHEREAS, Mattel served subpoenas *duces tecum* on Marlow-related entities Doll Bag, Inc., Veronica Marlow, Inc., and Marlow Techno-Logic, Inc. ("The Marlow-Related Entities");

WHEREAS, on January 28, 2008, Mattel filed a Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-Off in Response to Subpoenas Serviced on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc., and Washington Mutual Bank, among others, and Marlow filed her Motion to Compel Mattel to Purge Itself of Private Bank Records (the "Motions");

WHEREAS, in accordance with the Discovery Master's instructions, the parties have met and conferred on the Motions and have reached an agreement resolving the issues raised by the Motions;

WHEREAS, Marlow has no objection to and will not oppose the production of documents by third parties directly to Mattel's counsel in response to The Financial/Bank Records Subpoenas, provided the documents are designated "Confidential – Attorneys' Eyes Only";

WHEREAS, Marlow's counsel agreed to accept service of the subpoenas Mattel issued to The Marlow-Related Entities, and such service was completed as of January 28, 2008;

WHEREAS, the parties have agreed to narrow the scope of document request numbers 1, 3, 4-21, 33, and 34 set forth in the subpoenas issued by Mattel to each of The Marlow-Related Entities;

WHEREAS, the parties have agreed to set the deposition of Peter Marlow for a mutually agreeable date during the week of April 14, 2008. If, however, Mattel has not received all documents responsive to the Financial/Bank Records Subpoenas and the subpoenas issued to The Marlow-Related Entities at least five calendar days before the date selected, the parties have agreed to promptly meet and confer to discuss the scheduling for such deposition.

NOW, THEREFORE, Mattel and Marlow hereby stipulate, by and through their counsel of record and subject to the Court's approval, that:

1. Marlow and her husband, Peter Marlow, will promptly deliver to Mattel's counsel any and all financial or banking records produced pursuant to the Financial/Bank Records Subpoenas in their possession, custody, or control;

2. Marlow's counsel will promptly deliver to Mattel's counsel any and all financial or banking records regarding Marlow in its possession, custody, or control;

3. Marlow's counsel will confirm in writing that Marlow has previously identified for Mattel all bank accounts that she and/or The Marlow-Related Entities have used from January 1, 1999 through December 31, 2007, including without limitation the names of the financial institution(s) and account number(s)(including those used in 1999 and 2000) and will promptly provide any such information not previously provided to Mattel;

4. The scope of document request numbers 1, 3, 4-21, 33, and 34 contained in the subpoenas issued by Mattel to each of The Marlow-Related Entities is narrowed as follows:

a. Document Request No. 1: The scope of this request is narrowed to "YOUR formation DOCUMENTS and drafts thereof."

b. Document Request No. 3: The scope of this request is narrowed to "YOUR accounting, payroll, budget, and work records RELATING TO work or services performed by YOU or for YOU, DESIGNS created by YOU or FOR YOU, and payments received by YOU or made by YOU RELATING to BRATZ, BRYANT, MGA, ISAAC LARIAN, or MATTEL, as well as YOUR profit and loss statements, financial statements (unaudited and audited, if any), and account information and statements, from January 1, 1999 to the present. To the extent that YOUR profit and loss statements, financial statements (unaudited and audited, if any), and account information and statements RELATE only to Peter Marlow's business activities that are wholly unrelated to BRATZ, BRYANT, MGA, ISAAC LARIAN, or MATTEL, they need not be produced."

c. Document Request Nos. 4 and 5: The scope of these requests is narrowed to "DOCUMENTS sufficient to show [the] corporate and/or financial relationship [between and among The Marlow-Related Entities] since January 1, 1999."

d. Document Request Nos. 6-15: The scope of these requests is narrowed to "DOCUMENTS sufficient to show all payments or transfers of value from [each of The Marlow-Related Entities] to [the person(s) identified in the respective requests] RELATING TO BRATZ, BRYANT, MGA, ISAAC LARIAN, OR MATTEL."

e. Document Request Nos. 16: The scope of this request is narrowed to "DOCUMENTS sufficient to show all payments or transfers of value from MGA to [each of The Marlow-Related Entities]."

f. Document Request Nos. 17-21: The scope of these requests are narrowed to "DOCUMENTS sufficient to show all payments or transfers of value between [each of The Marlow-Related Entities] and BRYANT, VERONICA MARLOW, ISAAC LARIAN, and [one of the other The Marlow-Related Entities].

g. Document Request Nos. 33: The scope of this request is narrowed to "DOCUMENTS sufficient to show all business expenses incurred by VERONICA MARLOW RELATED TO MGA, BRYANT, BRATZ, ISAAC LARIAN, or MATTEL since January 1, 1999, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers."

h. Document Request Nos. 34: The scope of this request is narrowed to "DOCUMENTS sufficient to show all business expenses incurred by [each of The Marlow-Related Entities] between January 1, 1999 and December 31, 2001 RELATED TO MGA, BRYANT, or ISAAC LARIAN RELATED TO any toy project, doll, DESIGN other than BRATZ, including without limitation receipts, invoices, correspondence, e-mails, credit card statements, cancelled checks, and wire transfers."

5. Subject to approval of this Stipulation by the Court, Mattel hereby withdraws its Motion for Leave to Obtain Discovery After the Phase 1 Discovery Cut-Off in Response to Subpoenas Serviced on Doll Bag, Inc., Veronica Marlow, Inc., Marlow Techno-Logic, Inc. and Washington Mutual Bank.

6. Subject to approval of this Stipulation by the Court, Marlow hereby withdraws her Motion to Compel Mattel to Purge Itself of Private Bank Records.

7. The deposition of Peter Marlow shall be set for a mutually agreeable date during the week of April 14, 2008. If, however, Mattel has not received all documents responsive to the Financial/Bank Records Subpoenas and the subpoenas

issued to The Marlow-Related Entities at least five calendar days before the date selected, the parties shall promptly meet and confer to discuss the scheduling for such deposition.

**IT IS SO STIPULATED.**

DATED: ~~March~~ April 8, 2008

KEATS McFARLAND & WILSON LLP

By [signature]
Larry McFarland
Attorneys for Veronica Marlow

DATED: ~~March~~ April 10, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By [signature]
B. Dylan Proctor
Attorneys for Mattel, Inc.

**ORDER**

**IT SO ORDERED.**

Date: April 14, 2008

[signature]
HON. EDWARD INFANTE

**PROOF OF SERVICE BY E-MAIL**

I, Sandra Chan, not a party to the within action, hereby declare that on April 16, 2008, I served the attached STIPULATION AND ORDER REGARDING FINANCIAL RECORDS RELATED TO VERONICA MARLOW AND DOCUMENT SUBPOENAS ISSUED TO DOLL BAG, INC.; VERONICA MARLOW, INC.; AND MARLOW TECHNOLOGIC, INC. in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 16, 2008, at San Francisco, California.

Sandra Chan