QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                Plaintiff,<br><br>         vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION TO STRIKE THE EXPERT REPORT OF DOUGLAS KIDDER AND TO PRECLUDE HIS TESTIMONY AT TRIAL<br><br>Date:  N/A<br>Time:  N/A<br>Place: N/A<br><br>**Phase 1**<br>Discovery Cut-off:       January 28, 2008<br>Pre-trial Conference:   April 21, 2008<br>Trial Date:                   May 27, 2008 |

07209/2477483.2

REPLY ISO MATTEL'S EX PARTE TO STRIKE REPORT AND TESTIMONY OF KIDDER

**Preliminary Statement**

The parties are now nearly a month away from trial.  Mattel is attempting to complete all discovery and pre-trial obligations before that time.  In the face of all the hurdles faced by the parties in completing everything on time, Bryant has thrown up one more:  he refuses to produce one of his expert witnesses for deposition.

Now that Mattel has brought Bryant's conduct to the attention of the Court, his response is blithely to ignore the circumstances that brought us here.  Rather than acknowledging the looming trial date, he argues that Mattel should have brought a regularly noticed motion, waited until trial to receive a ruling, and deposed Mr. Kidder while simultaneously presenting its case to the jury.  Mattel has brought the only motion it could have under the circumstances.

On the merits themselves, Bryant's argument is lacking.  He attempts to distinguish all the cases cited by Mattel supporting preclusion by stating that in those cases the experts were already ordered to appear in prior decisions of the court.  This claim is simply incorrect.  In only in *one* of the six cases that Mattel cited is this assertion true.  Otherwise, Bryant's sole argument is that his counsel honestly believed that Mattel did not intend to depose Mr. Kidder, an assertion that is irrelevant, lacking in credibility and ignores counsel's later conduct.  It is irrelevant because Bryant's error does not warrant depriving Mattel of discovery to which it is entitled.  It lacks credibility because (a) Mattel has sought to depose all of defendants' experts without exception and (b) specifically asked for deposition dates for their rebuttal experts, one of which was Mr. Kidder.  And, even if Bryant's counsel's alleged belief that Mattel did not intend to depose Mr. Kidder was either relevant or plausible, he had every opportunity to reverse course on April 3, 2008, when Mattel asked for dates for Mr. Kidder by name.  Instead, counsel chose to remain silent while Mattel allowed its own experts to appear for deposition, and only then offered a clear statement of its position when Mattel asked directly about

Mr. Kidder's status, and Bryant could delay no longer.  Bryant's obstruction has prejudiced, and will continue to prejudice, Mattel.  Mr. Kidder's report should be stricken, and his testimony excluded from trial.  If the Court does not believe Bryant is at fault for the circumstances, Mattel alternatively asks that it extend the expert discovery cut-off to permit Mattel to take Mr. Kidder's deposition in the short time remaining.

### Argument

### I. IT WAS APPROPRIATE FOR MATTEL TO SEEK EX PARTE RELIEF BEFORE THIS COURT

As a preliminary matter, Bryant attacks Mattel's application as procedurally deficient because the issue here is a "discovery matter" and the situation is not one meriting the extraordinary relief of an *ex parte*.  Bryant is wrong on both counts.  First, an *ex parte* application is the *only* appropriate means for Mattel to seek relief under the circumstances.  Trial is nearly a month away.  Under ordinary calendaring rules, Mattel's application would not be heard by this Court until June 2, 2008, which is the first available civil motion date before this Court, as noted by the Court's website.  Trial starts on May 27.  Mattel should have already completed all preparations for its presentations to the jury and to the Court.

Given the close trial date, there is simply no room for Bryant's gamesmanship left.  Mattel must know *before* trial what evidence it will be facing and what evidence it will have.  Having Mattel's counsel walk into trial blind as a result of Bryant's obstructionism is exactly the kind of circumstance *ex parte* applications were meant to address.  See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 493 (C.D. Cal. 1995) (noting that *ex parte* application is appropriate where "trial is fast approaching," and moving party

1  has "used the entire discovery period efficiently and could not have, with due
2  diligence, sought to obtain the discovery earlier in the discovery period.").
3  　　　　　Nor was it appropriate to bring this application before Judge Infante.
4  The relief Mattel seeks here is for the expert report of Douglas Kidder to be stricken,
5  and his testimony excluded at trial.  The Discovery Master does not have the
6  authority to grant that relief.  Though Bryant argues that Mattel *should have* merely
7  brought a motion to compel Kidder's deposition, Mattel is entitled to an
8  exclusionary remedy, not merely to a deposition weeks from now as Bryant's
9  opposition self-servingly posits.  Moreover, even if the issue were merely the
10 deposition alone, the Discovery Master would have only the power to compel the
11 deposition.  The Discovery Master would have no ability to consider other types of
12 relief such as, for example, extending the expert discovery cut-off to permit Mattel
13 to complete the deposition even if under ordinary circumstances it would not be
14 entitled to do so.  If the Discovery Master ruled this was the only option, Mattel
15 would need to appeal to this Court, creating yet another round of delays.  Put
16 simply, Mattel properly brought the kind of motion that could grant it the kind of
17 relief it seeks in the amount of time it has.

## II.     BRYANT'S BASIS FOR REFUSING TO PROVIDE KIDDER FOR DEPOSITION IS GAMESMANSHIP

20 　　　　　Bryant argues in his opposition that Mattel "should not profit from its
21 disregard for the Court's scheduling order." (Opp. at 4.)  Mattel submits that Bryant
22 should not profit from his decision to obstruct discovery and break the parties'
23 agreement under the flimsiest of pretexts.
24 　　　　　The sole basis Bryant presents for his refusal to provide dates for Mr.
25 Kidder are the fact that Mattel's letter asking for dates for rebuttal experts, though
26 sent to both parties, asked for only MGA's experts, not experts from both
27 defendants.  In support of this assertion, Bryant writes that he "could only conclude
28 that Mattel had chosen not to depose" the expert.  (Opp. at 6.)  This is a curious

07209/2477483.2

-3-
REPLY ISO MATTEL'S EX PARTE TO STRIKE REPORT AND TESTIMONY OF KIDDER

argument, given that Mattel has sought to depose every other expert in the case, and that defendants have previously asserted that Mattel was far *over*-inclusive in its attempts take discovery.[1]

Moreover, if this argument were true, if Bryant's counsel honestly believed that Mattel did not intend to seek dates for Mr. Kidder with its March 6, 2008 letter, it learned otherwise when Mattel followed up on April 3, 2008. It could have could have provided dates then. Instead, it chose to remain silent, presumably to ensure that defendants would be able to depose *Mattel's* experts without issue—a point which Bryant does not dispute in his opposition. Bryant's counsel only provided its position as to Kidder when directly questioned about dates for him and no one else—because at that point other experts had been scheduled for deposition for a full week—on April 10, 2008.

Mattel has been in good faith attempting to complete all discovery and expert discovery before trial, and has been working with opposing counsel to achieve that goal. Mattel should not be punished for its good faith, and Bryant should not be rewarded for his tactics.

## III.  THE COURT SHOULD STRIKE THE EXPERT REPORT AND TESTIMONY OF KIDDER

Bryant says it is improper to seek the sanction of exclusion here, because the Court can still order the deposition to proceed. In support of this statement, he seeks to distinguish all of Mattel's cases supporting exclusion by stating they "all involve[] egregious situations where a party or expert had refused to

---

[1] MGA Defendants' (1) Opposition To Mattel, Inc.'s Motion For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007, And (2) Joinder In Carter Bryant's Opposition To Mattel's Motion, dated December 24, 2007 at 2, excerpts of which are attached as Exhibit 8 to the Declaration of Jon D. Corey In Support Of Mattel, Inc.'s *Ex Parte* Application To Strike The Expert Report Of Douglas Kidder And Precluding His Testimony At Trial, dated April 17, 2008.

comply with prior court orders or warnings to appear for properly noticed or agreed-upon depositions." (Opp. at 9.)  As Bryant must know, however, that is incorrect.  In all but one of the cases cited by Mattel, there was no previous court order compelling the deposition of the expert witness.  See Robinson v. Service America Corp., 2002 WL 449770, *1 (D.C. Cir. 2002) (stating only that, "because appellant's expert failed to appear at a deposition, the district court did not abuse its discretion by precluding the expert's testimony."); Johnson v. J.B. Hunt Transport, Inc., 280 F.3d 1125, 1131-1132 (7th Cir. 2002) (earlier motion to compel expert deposition was *denied* for failure to meet and confer, before second motion resulted in exclusion); Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 376-378 (5th Cir. 2004) (motion to compel the deposition of expert witness was *denied*, and expert excluded because his deposition could not be taken); Alimenta (U.S.A.), Inc. v. Anheuser-Busch Co., 803 F.2d 1160, 1163 (11th Cir. 1986) (excluding expert testimony where no order compelling deposition was made, and where deposition was voluntarily provided on day before trial, leaving moving party with "little time to prepare to meet his testimony"); Leyva v. U.S., 2007 WL 1992095, *10 (D. Ariz. 2007) (excluding opinions in expert affidavit, where party refused to allow deposition to proceed, and no court order had compelled the deposition).

A party does not need to be ordered to have his experts appear for deposition in order know that he must do so.  Bryant's actions are, as termed by Johnson, a matter of "incivility."  Johnson, 280 F.3d at 1131.  He knew by March 6, 2008 that Mattel intended to depose rebuttal experts (if he did not already know as a matter of common sense before that point).  He was reminded of this fact specifically with respect to Mr. Kidder on April 3, 2008, and chose to remain silent then too.  His attempts at gamesmanship, designed to do nothing but deny Mattel obvious discovery, should be rejected.

## IV. IF THE COURT DOES NOT EXCLUDE KIDDER AND STRIKE HIS REPORT, THEN IT SHOULD EXTEND THE EXPERT DISCOVERY CUT-OFF TO PERMIT HIS DEPOSITION

Before Mattel brought this application, Bryant's position was that Mattel had missed the expert discovery cut-off, could not depose Mr. Kidder, and was without remedy. Now, faced with the fact that the consequences of his tactics are more severe, Bryant concedes that having the deposition of Mr. Kidder occur after the cut-off is a viable option. (Opp. at 9.) If the Court believes Bryant's counsel was not engaging in gamesmanship, and that Mattel would not be able to depose Mr. Kidder under the current cut-off dates, Mattel asks the Court to permit Mattel to depose Bryant's expert. Such a procedure would be appropriate if the Court believed this situation was one of Mattel's making, not of Bryant's, or if both parties were responsible. See Allen v. G.D. Searle & Co., 1988 WL 126040, *1-*2 (D. Or. 1988) (extending discovery to permit deposition of expert witness even though moving party "did not act promptly to schedule the depositions"); Salazar v. Basic, 2006 WL 3802094, *5 (D. Ariz. 2006) (finding that expert depositions had not occurred as a result of the "parties' confusion and disagreement," but holding that "expert depositions are necessary," and that it would be "unfair" for them not to proceed, and extending discovery cut-off on that basis).

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's motion in its entirety.

DATED: April 21, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.