QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>NOTICE OF ERRATA RE MATTEL, INC.'S CORRECTED OPPOSITION TO THE MGA PARTIES' AND CARTER BRYANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:    April 22, 2008<br>Time:    10:00 a.m.<br>Place:   Courtroom 1<br><br>**Phase 1:**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:            May 27, 2008 |

1 │ TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 │           PLEASE TAKE NOTICE that Mattel Inc.'s Corrected Opposition to

3 │ the MGA Parties' And Carter Bryant's Motions For Partial Summary Judgment

4 │ ("Mattel's Opposition"), served on March 26, 2008, inadvertently omitted the Table

5 │ of Contents and Table of Authorities.

6 │           Attached as Exhibit 1 is the inadvertently omitted Table of Contents

7 │ and Table of Authorities.

8

9 │ DATED: April 21, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10

11

                  By /s/ Jon D. Corey

12 │                     Jon D. Corey
                    Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2429151.1

-2-

**Exhibit 1**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT .................................................................................................... 11

I.  THE INVENTIONS AGREEMENT COVERS THE BRATZ WORKS ....... 11

    A.  The Agreement's Plain Text Precludes Bryant's Interpretation ............ 11

    B.  Rules of Construction For Contracts of Adhesion Do Not Apply ........ 15

    C.  Extrinsic Evidence Refutes Bryant's Interpretation ............................ 16

    D.  Bryant 's Unconscionability Defense Has Been Rejected ................... 19

    E.  The Conflict of Interest Questionnaire Imposes Enforceable Duties ... 19

II.  MATTEL'S STATE LAW CLAIMS ARE TIMELY ................................. 20

    A.  Defendants Do Not Prove By Undisputed Facts That Inquiry In 2001 Or 2002 Would Have Revealed Their Wrongdoing ................... 20

    B.  MGA Does Not Present Undisputed Evidence Of The Date Any Claim Accrued ............................................................................. 21

        1.  A Claim Does Not Accrue Until All Elements Are Complete and a Plaintiff Is On Inquiry Notice ......................... 21

        2.  Mattel Did Not Have Inquiry Notice of Bryant's Misconduct Prior to 2003. ................................................... 22

            (a)  Factual Disputes Surround The Purported 2000-2001 Triggering Events. ......................................... 22

                (i)  Bryant's Resignation from Mattel ..................... 23

                (ii)  Knowledge of Bryant's Supervisors/Co-Workers ....................................................... 23

                (iii)  Perceptions Among Mattel's Designers/Executives About Bratz ..................... 23

                (iv)  Doll Development Timeline ............................. 24

            (b)  Mattel's March 2002 Investigation Did Not Establish Notice ................................................ 24

EXHIBIT _____ 1

PAGE 3

(c)   Mattel Was Not on Inquiry Notice of MGA and Larian's Misconduct Until November 4, 2004...............26

3.   The Statute of Limitations Was Tolled Due to Defendants' Fraudulent Concealment...............27

4.   The Stay of Proceedings Tolled the Statute of Limitations. ......30

C.   As The Court Correctly Held, Mattel's Phase One Claims Added In 2006 Relate Back To The 2004 Complaint And Are Timely. .........31

1.   Mattel's Amended Claims Against Bryant Relate Back to the April 2004 Complaint...............34

2.   Mattel's Phase One Claims Against MGA Relate Back to the April 2004 Complaint...............35

3.   Mattel's Phase One Claims Against the Other Defendants Also Relate Back to the April 2004 Complaint...............37

4.   Defendants' Assertion That Mattel's Claims Relate Back to the '05 Action Misstates the Court's Order...............39

D.   Mattel's Claims Are Timely...............41

1.   The Intentional Interference Claim Is Timely...............41

2.   The Aiding and Abetting Claims Are Timely...............42

3.   The Conversion Claim Is Timely. ...............42

4.   The Unfair Competition Claim Is Timely. ...............43

III.   MATTEL'S FEDERAL COPYRIGHT CLAIM IS TIMELY...............44

A.   Mattel Asserted Its Copyright Claim Within Three Years of Accrual...............44

1.   The Standard for Accrual of Copyright Infringement Claims...............44

2.   Mattel's Copyright Claim Could Not Have Accrued Prior to November 24, 2003. ...............44

3.   The Stay In the Action Tolled the Statute of Limitations on the Copyright Claim. ...............46

B.   The Copyright Infringement Claim Against Bryant and MGA Relates Back to the '04 Complaint...............46

1.   Mattel's Copyright Infringement Claim Against Bryant and MGA is Timely...............46

2.   The Timing Of Mattel's Registration Of Its Copyrights Does Not Affect the Viability of Its Claims...............47

EXHIBIT ___/___
PAGE 4
07209/2445276.2
-ii-
CORRECTED JOINT OPPOSITION

C.    The Rolling Statute of Limitations Applies to Mattel's Copyright Claims Against All Defendants. ....................................................... 48

D.    Defendants' Fraudulent Concealment Tolls the Limitations Period. ............................................................................................. 51

IV.    BRYANT BREACHED HIS FIDUCIARY DUTY TO MATTEL, AND THE MGA DEFENDANTS HELPED HIM. .............................. 51

A.    Bryant Owed Mattel a Fiduciary Duty. ...................................... 51

B.    Bryant Breached His Fiduciary Duty. .......................................... 54

C.    The MGA Defendants Aided And Abetted Bryant's Breach of Fiduciary Duty ...................................................................... 56

V.    MATTEL WILL PREVAIL ON ITS TORTIOUS INTERFERENCE CLAIM ............................................................... 57

A.    Mattel Is Not Accusing Defendants of Interfering with Bryant's At-Will Employment Contract. ..................................................... 57

B.    Bryant Had a Valid, Binding Contract With Mattel ..................... 57

C.    MGA Defendants Knew of Bryant's Contractual Obligations ............. 58

D.    The MGA Defendants Engaged in Intentional Acts Designed to Breach or Disrupt Bryant's Contractual Relationship With Mattel ...... 59

E.    Bryant Breached His Contractual Obligations To Mattel ................... 64

VI.    MATTEL WILL PREVAIL ON ITS UNFAIR COMPETITION CLAIM ............................................................... 65

A.    MGA's Conduct Is Unlawful ...................................................... 65

B.    MGA's Conduct Is "Unfair" Under the UCL ............................... 68

C.    Mattel's Common Law Unfair Competition Claim is Supported by the Law and Facts ............................................................... 69

VII.    MATTEL'S STATE LAW CLAIMS ARE NOT PREEMPTED ................... 70

A.    Mattel's Conversion Claim Is Not Preempted. ........................... 71

    1.    Theft of Ideas or Concepts Falls Outside the Copyright Act. ................................................................................. 71

    2.    Mattel's Claims Regarding Defendants' Conversion of Tangible Materials Are Not Preempted. ................................. 73

    3.    Conversion Claims Based on Ownership Are Not Preempted. ................................................................... 75

EXHIBIT _____ 1

PAGE _____ 5

CORRECTED JOINT OPPOSITION

1    4.    The Damages Mattel Seeks Have No Bearing on the
            Court's Preemption Analysis ....................................................... 75

2    B.   The Copyright Act Does Not Preempt Mattel's Claim for
3         Intentional Interference with Contract ......................................... 76

4    C.   Mattel's Unfair Competition Claim Is Not Preempted. ................ 77

5    CONCLUSION ............................................................................................. 80

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT _____1_____

PAGE ____6____

07209/2445276.2

-iv-

# TABLE OF AUTHORITIES

**Page**

## Cases

1-800 Contacts, Inc. v. Steinberg,
107 Cal. App. 4th 568 (2003).........................................................................62

AIU Ins. Co. v. Superior Court,
51 Cal. 3d 807 (1990).................................................................................11

Altera Corp. v. Clear Logic,
424 F.3d 1079 (9th Cir. 2005)...................................................................76

AmerUS Life Ins. Co. v. Bank of Am., N.A.,
143 Cal. App. 4th 631 (2006).....................................................................42

April Enterprises, Inc. v. KTTV,
147 Cal. App. 3d 805 (1983)...........................................................27, 28, 29

Austin v. Mass. Bonding and Ins. Co.,
56 Cal. 2d 596 (1961)................................................................................37

Baker v. Aubry,
216 Cal. App. 3d 1259 (1989)....................................................................19

Balboa Ins. Co. v. Trans Global Equities,
218 Cal. App. 3d 1327 (1990)...............................................................69, 78

Bamery v. Greif Bd. Corp.,
949 F. Supp. 523 (N.D. Ohio 1996)...........................................................17

Bancroft-Whitney Co. v. Glen,
64 Cal. 2d 327 (1966)................................................................................54

Bank of New York v. Fremont General Corp.,
514 F.3d 1008 (9th Cir. 2008)...............................................................62, 64

Barksdale v. Robinson,
211 F.R.D. 240 (S.D.N.Y. 2002)...............................................................50

Berg & Berg Enters., LLC v. Sherwood Partners, Inc.,
131 Cal. App. 4th 802 (2005).....................................................................56

Bernson v. Browning-Ferris Indus.,
7 Cal. 4th 926 (1994).................................................................................29

Big East Entm't, Inc. v. Zomba Enters., Inc.,
453 F. Supp. 2d 788 (S.D.N.Y. 2006)........................................................50

Borges v. Home Ins. Co.,
239 Cal. App. 2d 275 (1966).......................................................................59

EXHIBIT ___/___

PAGE ___7___

CORRECTED JOINT OPPOSITION

07209/2445276.2

Breceda v. Gamsby,
     267 Cal. App. 2d 167 (1968)..................................................................39

Brown Bag Software v. Symantec,
     960 F.2d 1465 (9th Cir. 1992).............................................................74

Brown v. Demco Inc.,
     792 F.2d 478 (5th Cir. 1986)................................................................36

Brush Creek Media, Inc. v. Boujakian,
     2002 WL. 1906620 (N.D. Cal. 2002)..............................................74, 75

Burlesci v. Petersen,
     68 Cal. App. 4th 1062 (1998)..............................................................74

CRST Van Expedited, Inc. v. Werner Enterprises, Inc.,
     479 F.3d 1099 (9th Cir. 2007)..............................................................65

Carrell v. Shubert Org.,
     104 F. Supp. 2d 236 (S.D.N.Y. 2000)...........................................50, 51

Casey v. United States  Bank Nat. Assn.,
     127 Cal. App. 4th 1138 (2005)..............................................................57

Castle v. Wells Fargo Financial, Inc.,
     2007 WL. 1105118 (N.D. Cal. 2007)....................................................30

Cavalier v. Jim Henson Co., Inc.,
     2000 WL. 33968969 (C.D. Cal. 2000)..................................................73

Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co,
     20 Cal. 4th 163 (1999)..........................................................................68

Celestial Mechanix, Inc. v. Susquehannaa Radio Corp.,
     2005 WL. 4715213 (C.D. Cal. 2005)...............................................70, 77

Chow v. Levi Stauss & Co.,
     49 Cal. App. 3d 315 (1975)...................................................................15

City Solutions, Inc v. Clear Channel Commn's, Inc.,
     201 F. Supp. 2d 1048 (N.D. Cal. 2002) ................................................52

Co-Opportunities Inc. v. National Broad. Co.,
     510 F. Supp. 43 (N.D. Cal. 1981)..........................................................47

Colvig v. KSFO,
     224 Cal. App. 2d 357 (Cal. App. 1964) ................................................71

Committee on Children's Television v. General Food Corp.,
     35 Cal. 3d 197 (1983)............................................................................54

Crocker Nat. Bank v. Rockwell Int'l. Corp., ,
     555 F. Supp. 47 (N.D. Cal. 1982)..........................................................68

EXHIBIT _____ 1

PAGE _____ 8

07209/2445276.2

CORRECTED JOINT OPPOSITION

Daniel Orifice Fitting Co.,
    198 Cal. App. 2d 791 (1962)...........................................................................55

Dead Kennedys v. Biafra,
    37 F. Supp. 2d 1151 (S.D. Cal. 1999)..........................................................74

Desny v. Wilder,
    46 Cal. 2d 715, 299 P.2d 257 (Cal. 1956).....................................................71

Dielsi v. Falk,
    916 F. Supp. 985 (C.D. Cal 1996)............................................................73, 76

Dore v. Arnold Worldwide, Inc.,
    9 Cal. 4th 384 (2006)...................................................................................16

Dunlap v. G&L Holding Group, Inc.,
    381 F.3d 1285 (11th Cir. 2004)....................................................................72

Dyna Med, Inc. v. Fair Employment & Housing Comm'n,
    43 Cal. 3d 1379 (1987).................................................................................13

Educational Testing Service v. Simon,
    95 F. Supp. 2d 1081 (C.D. Cal. 1999)..........................................................79

Effects Assocs., Inc. v. Cohen,
    908 F.2d 555 (9th Cir. 1990)........................................................................18

Eldred v. Ashcroft,
    537 U.S. 186 (2003) .....................................................................................72

Eldred v. Ashcroft,
    537 U.S. 186 (2003) .....................................................................................14

Enreach Technology, Inc. v. Embedded Internet Solutions, Inc.,
    403 F. Supp. 2d 968 (N.D. Cal. 2005) .........................................................54

In re Envirodyne Indus., Inc.,
    29 F.3d 301 (7th Cir. 1994)..........................................................................14

FTC v. Henry Broch & Co.,
    363 U.S. 166 (1960) .....................................................................................68

Firoozye v. Earthlink Network,
    153 F. Supp. 2d 1115 (N.D. Cal. 2001) .......................................................79

Fitzgerald v. Seamans,
    553 F.2d 220 (D.C. Cir. 1977) .....................................................................27

Fox v. Ethicon Endo-Surgery, Inc.,.,
    35 Cal. 4th 797 (2005)..................................................................21, 22, 25, 26

Fuller v. Tucker,
    84 Cal. App. 4th 1163 (2000).......................................................................38

EXHIBIT ____ /

PAGE ____ 9

07209/2445276.2

CORRECTED JOINT OPPOSITION

GAB Bus. Svcs, Inc. v. Lindsey & Newsom Claim Servs., Inc.,
83 Cal. App. 4th 409 (2000)...........................................................51, 52, 53

Garamendi v. SDI Vendome S.A.,
276 F. Supp. 2d 1030 (C.D. Cal. 2003).........................................21, 28

Gemcraft Homes, Inc. v. Sumurdy,
688 F. Supp. 289 (E.D. Tex. 1988) ...........................................76

General Motors Corp. v. Superior Court,
48 Cal. App. 4th 580 (1996)...........................................................38, 39

Goldberg v. Cameron,
482 F. Supp. 2d 1136 (N.D. Cal. 2007) ...........................................75

Graham v. Scissor-Tail, Inc.,
28 Cal. 3d 807 (1981)...........................................................15

Grisham v. Philip Morris U.S.A., Inc.,
40 Cal. 4th 623 (2007)...........................................................27

Grosso v. Miramax Film Corp.,
383 F.3d 965 (9th Cir. 2004)...........................................................70

Grudt v. City of Los Angeles,
2 Cal. 3d 575 (1970)...........................................................35

Gryczman v. 4550 Pico Partners, Ltd.,
107 Cal. App. 4th 1 (2003)...........................................................41

Guaranty Trust Co. of N.Y. v. York,
326 U.S. 99 (1945)...........................................................41

Halstead v. Grinnan,
152 U.S. 412 (1894)...........................................................45

Harper & Row Publrs. v. Nation Enters.,
723 F.2d 195 (2d Cir. 1983)...........................................................76

Heckmann v. Ahmanson,
168 Cal. App. 3d 119 (1985)...........................................................57

Hobson v. Wilson,
737 F.2d 1 (D.C. Cir. 1984) ...........................................................27

Hoey v. Dexel Systems Corp.,
716 F. Supp 222 (E.D. Va. 1989)...........................................................48

Idema v. Dreamworks, Inc.,
162 F. Supp. 2d 1129 (C.D. Cal. 2001)...........................................................74, 76

Intermedics, Inc. v. Ventritex, Inc.,
775 F. Supp. 1258 (N.D. Cal. 1991)...........................................................21

EXHIBIT_____/_____

PAGE _____10_____

07209/2445276.2

-viii-

CORRECTED JOINT OPPOSITION

*Javier H. v. Garcia-Botello,*
    239 F.R.D. 342 (W.D.N.Y. 2006) ............................................................... 30

*Jolly v. Eli Lilly & Co.,*
    44 Cal. 3d 1103 (1988) ............................................................................... 30

*King v. Curtis,*
    133 Cal. App. 2d Supp. 806 (1955) ........................................................... 67

*Kling v. Hallmark Cards, Inc.,*
    225 F.3d 1030 (9th Cir. 2000) ............................................................. 44, 45

*Ko v. Lin,*
    2002 WL. 830863 (Cal. Ct. App. 2002) ................................................... 30

*Kodadek v. MTV Networks,*
    152 F.3d 1209 (9th Cir. 1998) ................................................................... 78

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ............................................................................ 65

*Lamont v. Wolfe,*
    142 Cal. App. 3d 375 (1983) ..................................................................... 35

*Lattie v. Murdach,*
    1997 WL. 33803, 42 U.S.P.Q. 2d 1240 (N.D. Cal. 1997) ................ 72, 74, 79

*Maglica v. Maglica,*
    66 Cal. App. 4th 442 (1998) ..................................................................... 53

*Martel v. Trilogy Ltd.,*
    872 F.2d 322 (9th Cir. 1989) ..................................................................... 35

*Mass. Mut. Life Ins. Co. v. Superior Court,*
    97 Cal. App. 4th 1282 (2002) ................................................................... 43

*Melchior v. New Line Productions, Inc.,*
    106 Cal. App. 4th 779 (2003) ................................................................... 71

*Meridian Project Systems, Inc. v. Hardin Const. Co., LLC,*
    2006 WL. 1062070 (E.D. Cal. 2006) .................................................. 73, 74

*Michelson v. Hamada,*
    29 Cal. App. 4th 1566 (1994) ................................................................... 52

*Miguel v. Country Funding Corp.,*
    309 F.3d 1161 (9th Cir. 2002) ................................................................... 48

*Minder Music Ltd., v. Mellow Smoke Music Co.,*
    1999 WL. 820575 (S.D.N.Y. 1999) .......................................................... 50

*Motley v. Parks,*
    198 F.R.D. 532 (C.D. Cal. 2000) .............................................................. 34

EXHIBIT ___/___

PAGE ___//___

CORRECTED JOINT OPPOSITION

Motown Record v. George A. Hormel & Co.,
657 F. Supp. 1236 (C.D. Cal. 1987)..................................................................76

Myers v. Phillip Morris, Inc.,
2003 WL. 21756086 (E.D. Cal. 2003) ..............................................................35

Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l,
991 F.2d 426 (8th Cir. 1993).............................................................................76

Neilson v. Union Bank of Calif.,
290 F. Supp. 2d 1101 (C.D. Cal. 2003)........................................................56, 57

Netzer v Continuity Graphic Assocs.,
963 F. Supp. 1308 (S.D.N.Y. 1997)..................................................................50

Norgart v. Upjohn Co.,
21 Cal. 4th 383 (1999)........................................................................21, 26, 34

Northeast Clackamas Co. Elec. Coop., Inc. v Continental Gas Co.,
221 F.2d 329 (9th Cir. 1955).............................................................................36

Oddo v. Ries,
743 F.2d 630 (9th Cir. 1984).............................................................................74

Orkin v. Taylor,
487 F.3d 734 (9th Cir. 2007).............................................................................42

PMC, Inc. v. Saban Entertainment, Inc.,
45 Cal. App. 4th 579 (1996)..............................................................................77

Pacific Gas & Electric Co. v. Bear Stearns & Co,
50 Cal. 3d 1118 (1990)......................................................................................60

Palo Alto Mut. Bldg. & Loan Ass'n v. First Nat'l Bank,
33 Cal. App. 214 (1917)....................................................................................54

Estate of Peterson,
28 Cal. App. 4th 1742 (1994).............................................................................17

Phil. & Trenton R. Co. v. Stimpson,
39 U.S. 448 (1840) ............................................................................................14

Plessinger v. Castleman and Haskell,
838 F. Supp. 448 (N.D. Cal. 1993)....................................................................60

Polar Bear Prods., Inc. v. Timex Corp.,
384 F.3d 700 (9th Cir. 2004)........................................................................44, 45

Radio Television Espanola S.A. v. New World Entm't, Ltd.,
183 F.3d 922 (9th Cir. 1999)..............................................................................18

Ramona Manor Conv. Hosp. v. Care Enterprises,
177 Cal. App. 3d 1120 (1986)............................................................................58

EXHIBIT _____1_____

PAGE _____12_____

07209/2445276.2

-x-

CORRECTED JOINT OPPOSITION

Reeves v. Hanlon,
      33 Cal. 4th 1140 (2004)............................................................57, 59, 60

Regents of University of California v. Superior Court,
      20 Cal. 4th 509 (1990)............................................................................28

Rita Medical Systems Inc v. Resect Medical, Inc.,
      2007 WL. 161049 (N.D. Cal. Jan 17, 2007) ...........................................54

Rokos v. Peck,
      182 Cal. App. 3d 604 (1986)............................................................71, 73

Roley v. New World Pictures, Ltd.,
      19 F.3d 479 (9th Cir. 1994)...............................................................44, 48

Roth v. Malson,
      67 Cal. App. 4th 552 (1998)...................................................................20

Ruskin v. Sunrise Mgmt., Inc.,
      506 F. Supp. 1284 (D. Colo. 1981) ........................................................47

San Jose Const., Inc. v. S.B.C.C., Inc.,
      155 Cal. App. 4th 1528 (2007)................................................................69

Savage v. Pacific Gas & Electric Company,
      21 Cal. App. 4th 434 (1994)............................................................60, 62

Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.,
      36 Cal. 3d 752 (1984)..............................................................................60

Sebastian International, Inc. v. Russolillo,
      162 F. Supp. 2d 1198 (C.D. Cal. 2001)...................................................58

Selby v. New Line Cinema Corp.,
      96 F. Supp. 2d 1053 (C.D. Cal. 2000).....................................................72

Selph v. Nelson, Reabe & Synder, Inc.,
      966 F.2d 411 (8th Cir. 1992)...................................................................30

Semiconductor Energy Lab. Co. Ltd. v. Chi Mei Optoelectronics Corp.,
      531 F. Supp. 2d 1084 (N.D. Cal. 2007) ............................................62, 64

Sequoia Vacuum Sys. v. Stransky,
      229 Cal. App. 2d 281 (1964)...................................................................55

Silicon Image, Inc. v. Analogix Semiconductor Inc.,
      2007 WL. 1455903 (N.D. Cal. 2007).................................................59, 77

Smeltzley v. Nicholson Mfg. Co.,
      18 Cal. 3d 932 (1977)..............................................................................37

Smith & Hawken, Ltd. v. Gardendance, Inc.,
      2004 WL. 2496163 (N.D. Cal. 2004)......................................................69

EXHIBIT ___/___

PAGE ___13___

07209/2445276.2

-xi-

Snapp & Assocs. Ins. Svcs. v. Robertson,
   96 Cal. App. 4th 884 (2002) .......................................................................... 43

Snow v. A.H. Robins Company,
   165 Cal. App. 3d 120, 211 Cal. Rptr. 271 (Cal. App. 1985) ......................... 27

Sobeck & Assocs., Inc. v. B & R Investments,
   215 Cal. App. 3d 861 (1989) ......................................................................... 37

Stacey v. Charles J. Rogers, Inc.,
   756 F.2d 440 (6th Cir. 1985) ......................................................................... 41

Stevens v. Marco,
   147 Cal. App. 2d 357 (1956) ......................................................................... 52

Summit Mach. Tools Mfg. Corp. v. Victor CNC Systems, Inc.,
   7 F.3d 1434 (9th Cir. 1993) ..................................................................... 70, 76

T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,
   809 F.2d 626 (9th Cir. 1987) .......................................................................... 2

Topolos v. Caldewey,
   698 F.2d 991 (9th Cir. 1983) ......................................................................... 70

Trandes Corp. v. Guy F. Atkinson Co.,
   996 F.2d 655 (4th Cir. 1993) ......................................................................... 79

U. S. v. Oregon,
   657 F.2d 1009 (9th Cir. 1981) ....................................................................... 36

Unisys Corp. v. Varilease Technology Group, Inc.,
   1999 WL. 34782848 (D. Ariz. 1999) ............................................................ 77

United States v. Tri-State Ins. Co.,
   946 F.2d 581 (8th Cir. 1991) .................................................................... 25, 26

Vigilante.com, Inc. v. Argus Test.com, Inc.,
   2005 WL 2218405 (D. Or. 2005) .................................................................. 79

Villeroy & Boch, S.a.r.l. v. THC Sys., Inc.,
   1989 WL. 8936 (S.D.N.Y. Jan. 30 1989) ...................................................... 47

Warrington Associates, Inc. v. Real-Time Engineering Systems, Inc.,
   522 F. Supp. 367 (N.D. Ill. 1981) ................................................................. 79

Watermark Publishers V. High Tech. Sys., Inc.,
   1997 WL. 717677, 44 U.S.P.Q. 2d 1578 (S.D. Cal. 1997) .......................... 46

Welles v. Turner Enter. Co.,
   503 F.3d 728 (9th Cir. 2007) ......................................................................... 49

Westlye v. Look Sports, Inc.,
   17 Cal. App. 4th 1715 (1993) ........................................................................ 19

EXHIBIT _____ 1 _____

Wolf v. Superior Court,
    107 Cal. App. 4th 25 (2003)..................................................................53

Wood v. Santa Barbara Chamber of Commerce, Inc.,
    705 F.2d 1515 (9th Cir. 1983)..............................................................51

Worldvision Enterprises, Inc. v. American Broadcasting Cos.,
    142 Cal. App. 3d 589 (2d Dist 1983)....................................................53

Worth v. Universal Pictures, Inc.,
    5 F. Supp. 2d 816 (C.D. Cal. 1997).......................................................76

Xerox Corp. v. Apple Computer, Inc.,
    734 F. Supp. 1542 (N.D. Cal. 1990)......................................................71

Zuill v. Shanahan,
    80 F.3d 1366 (9th Cir. 1996)...........................................................49, 50

## Statutes

15 U.S.C. § 13(c)....................................................................................68

17 U.S.C. § 102(b)..................................................................................72

17 U.S.C. § 205(d)..................................................................................48

17 U.S.C. § 411(a)..................................................................................48

17 U.S.C. § 507(b)..............................................................................44, 48

18 U.S.C. § 1832(a)............................................................................65, 79

28 U.S.C. § 2072(b)................................................................................41

Cal. Bus. & Prof. Code § 123..................................................................79

Cal. Civ. Code §§ 1638-39......................................................................11

Cal. Code Civ. Proc. § 583.210(a)...........................................................37

Cal. Lab. Code 2870.......................................................................4, 13, 14

Cal. Penal Code § 641.3.....................................................................65, 78

Fed. R. Civ. P. 11.............................................................................21, 26

Fed. R. Civ. P. 15(c).........................................................................33, 42

Fed. R. Civ. P. 15(c)(1)..........................................................................34

Fed. R. Civ. P. 15(c)(3)..........................................................................34

Fed. R. Civ. P. 15(c)(1)(B).................................................................35, 46

Fed. R. Civ. P. 16...................................................................................41

EXHIBIT ___/___

PAGE __15__

CORRECTED JOINT OPPOSITION

07209/2445276.2

1   <u>Fed. R. Civ. P.</u> 24(a)(2) ..................................................................................... 35, 36

2                                          **Miscellaneous**

3   <u>Copyright Act</u>, § 106     ................................................................................ 78

4   <u>Local Rule</u> 7-18 ............................................................................................... 34

5   Arthur L. Corbin, Corbin on Contracts § 542 (1960) ..................................... 15

6   C.A.C.I. Model Instruction No. 2202 .............................................................. 60

7   H. Rep. No. 9401476, 94th Con., 2d Sess. 132 (1976), reprinted in 5 U.S. Code
       Cong. & Admin. News at 5659, 5746-5747 (1976) ...................................... 79

8   Nimmer On Copyright, § 1.01[B][1][b] ............................................................. 77

9   Nimmer on Copyright, § 1.01[B][1][h] .............................................................. 77

10  Paul Goldstein, Goldstein on Copyright, § 15.2 ............................................... 48

11  4 Paul Goldstein, <u>Copyright</u>, § 15.9.1.2 .......................................................... 72

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____ 1 _____

PAGE _____ 16 _____

07209/2445276.2

CORRECTED JOINT OPPOSITION