1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   MATTHEW M. WERDEGAR - #200470
5  mwerdegar@kvn.com
   710 Sansome Street
6  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
7  Facsimile:  (415) 397-7188

8  Attorneys for Plaintiff
   CARTER BRYANT
9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
15                          Plaintiff,     2727

16       v.

17  MATTEL, INC. a Delaware                **CARTER BRYANT'S *EX PARTE*
    Corporation,                           APPLICATION TO STRIKE
18                                         MATTEL INC.'S (1) NOTICE OF
                            Defendant.     SUPPLEMENTAL AUTHORITY
19                                         [DOC. NO. 3193]; (2) RESPONSE
                                           TO BRYANT'S NOTICE OF
20  CONSOLIDATED WITH MATTEL,              SUPPLEMENTAL AUTHORITY
    INC., v. BRYANT and MGA                [DOC. NO. 3196]; AND (3) REPLY
21  ENTERTAINMENT, INC. v.                 IN SUPPORT OF MATTEL'S
    MATTEL, INC.                           REQUEST FOR RELIEF UNDER
22                                         RULE 56(F) [DOC. NO. 3197] AND
                                           MEMORANDUM OF POINTS AND
23                                         AUTHORITIES**

24                                         Date:      N/A
                                           Time:      N/A
25                                         Place:     N/A

26                                         Date Comp. Filed:  April 13, 2005
                                           Discovery Cut-Off:  Jan. 28, 2008
27                                         Pre-Trial Conference:  May 5, 2008
                                           Trial Date:  May 27, 2008
28

415765.04

# NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rule 7-19, Carter Bryant respectfully submits this *ex parte* application to strike and deny consideration of the following three items filed by Mattel Inc. on April 18, 2008:

(1) Mattel, Inc.'s Notice of Supplemental Authority In Support of Its Motion for Partial Summary Judgment [Document No. 3193];

(2) Mattel, Inc.'s Response to Carter Bryant's Notice of Supplemental Authority in Support of Defendants' Motions for Partial Summary Judgment [Document No. 3196];

(3) Mattel, Inc.'s Reply In Support of Its Request for Relief Under Rule 56(F) In connection with Its Opposition to Defendants' Motions for Partial Summary Judgment [Document No. 3197].

This Motion is made on the grounds that each of these three filings constitutes an impermissible surreply and an attempt by Mattel to inject additional legal arguments in support of Mattel's Motion for Partial Summary Judgment and/or its Opposition to Defendants' Motions for Partial Summary Judgment. Because Mattel failed to seek leave of this Court to file such a surreply, Mattel has violated Local Rule 7-10. Permitting such surreplies severely prejudices Bryant, who has not had the opportunity to properly respond to these eleventh hour supplemental arguments. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D. Ca. 1995). Moreover, Mattel filed these items after 3 p.m. on Friday, April 18 – less than two court days before the scheduled hearing on the parties' summary judgment motions, leaving Bryant no choice but to seek extraordinary relief through this *ex parte* application in order to prevent Mattel's new (and improperly submitted) legal arguments from being considered.

This Application and Motion is based on this Notice of Motion and Motion,

415765.04

1  the accompanying Memorandum of Points and Authorities filed concurrently

2  herewith, the record and files of this Court, all other matters of which the Court

3  may take judicial notice, and such further evidence and argument as may be

4  presented at or before the hearing on this matter.

5  ## CERTIFICATION OF LOCAL RULE 7-19 COMPLIANCE

6        Pursuant to Local Rule 7-19, counsel for Carter Bryant gave notice of this

7  application by electronic mail  dated April 20, 2008 sent to counsel for all other

8  parties, including counsel for Mattel, Inc.:  B. Dylan Proctor and Jon Corey of

9  Quinn Emanuel Urquhart Oliver & Hedges, LLP (telephone:  213-445-3000;

10 address 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017); and

11 counsel for the MGA parties:  Jason Russell of Skadden, Arps, Slate, Meagher &

12 Flop LLP (telephone:  213.687.5328; address: 300 South Grand Avenue, Suite

13 3400, Los Angeles, California 90071).  Counsel for Bryant and Mattel met and

14 conferred telephonically on the afternoon of April 21, 2008, and counsel for Mattel

15 indicated that Mattel would oppose Bryant's *ex parte* application.

16

17 Dated:  April 21, 2008                                  KEKER & VAN NEST, LLP

18

19

20                           By:  /s/ Matthew Werdegar
                              MATTHEW WERDEGAR

21                               Attorneys for Plaintiff
                              CARTER BRYANT

22

23

24

25

26

27

28

BRYANT'S *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF SUPP. AUTHORITY; (2) RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN SUPPORT OF MATTEL'S REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415765.04

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

While Bryant has come to expect Mattel to bend the rules when it sees fit, the feat of filing three briefs that violate the Local Rules in one day is truly remarkable.  Yet, Mattel managed to do just that on April 18, 2008 when it filed not one, but three improper briefs, all of which should be stricken from the record and should not be considered by the Court.  First, Mattel filed an unauthorized surreply disguised as a purported "Notice of Supplemental Authority," attempting to amend its Motion for Partial for Summary Judgment by injecting new legal arguments and citing additional cases (all decided between 1989 and 2005).  [Document No. 3193].  Shortly thereafter, Mattel again brazenly ignored the Local Rules by filing what amounts to yet another unauthorized surreply, this time in the guise of a "Response to Bryant's Notice of Supplemental Authority."  [Document No. 3196].  To round out its triple play, Mattel filed its "Reply in Support of its Request for Relief under Rule 56(f)" even though Mattel never filed a motion to which such a reply could be attached.  [Document No. 3197].   For the reasons discussed below, Bryant respectfully requests that the Court strike these three filings and exclude them from the Court's consideration of the parties' pending, and long-since fully briefed Motions for Partial Summary Judgment.

## II.    ARGUMENT

**A.    Mattel's Notice of Supplemental Authority in Support of its Motion for Partial Summary Judgment [Doc. No. 3193] is improper and should be stricken from the Court's record.**

Mattel filed its Motion for Partial Summary Judgment on March 7, 2008 and three days later, filed its "CORRECTED" Motion.  In that brief, Mattel cited to over 100 cases, dating as far back as 1907.  *See* Mattel's Corrected MSJ at iv-x [Document No. 2540] (listing 115 cases).  After the Defendants filed their oppositions, Mattel filed a reply brief on April 1.  Mattel's Reply MSJ at iv-viii

1

1  [Document No. 2888] (listing 87 cases).  Now – two court day before the summary

2  judgment hearing – Mattel asks the Court to take notice of six cases (all decided

3  between 3 and 19 years ago), which Mattel claims constitute "supplemental

4  authority."[1]  *See* Mattel's Notice of Supplemental Authority in Support of its

5  Motion for Partial Summary Judgment (hereinafter "Mattel's Notice") [Doc. No.

6  3193].

7        The Court should strike Mattel's Notice because it impermissibly raises new

8  legal arguments by asking the Court to now consider "the protectability of Carter

9  Bryant's drawings in connection with its ruling on Mattel's motion for partial

10  summary judgment . . . because it is a question of law."  Mattel's Notice at 1.

11  Local Rule 7-10 states plainly that "[a]bsent prior written order of the Court, the

12  opposing party shall not file a response to the reply."  Pursuant to this rule and

13  analogous rules in place in most Districts, courts routinely refuse to consider

14  arguments raised for the first time in an unsanctioned surreply.  *See, e.g., Moreno*

15  *v. Baca*, Case No. CV 00-7149, 2002 WL 338366 at *2 n.3 (C.D. Cal. 2002)

16  (chastising plaintiff for "engag[ing] in an unacceptable practice of filing additional

17  briefs in opposition to [a] motion for summary judgment without leave of Court.");

18  *DISC Intellectual Properties LLC v. Delman*, Case No. CV 07-5306, 2007 WL

19  4973849 (C.D. Cal. Sept. 17, 2007) (refusing to consider arguments raised in

20  response that violated Local Rule 7-10); *Sullivan v. Kelly Services*, Case No. C07-

21  2784, 2008 WL 618928 *1 (N.D. Cal. March 4, 2008); *Springer v. AARP*

22  *Investment Program Scudder Investment*, No. CIV 07-0650 PHX-RCB, 2008 WL

23  906452,  at *1 (D. Ariz. Mar. 31, 2008) ("Neither the Local Rules of Practice for

24

25  [1] The cases cited in Mattel's Notice are:  *Stillman v. Leo Burnett Co., Inc.*, 720 F.Supp. 1353, 1360-61 (N.D. Ill. **1989**); *Coston v. Product Movers*, 1990 WL 56516 at *3 (E.D.

26  Pa. **1990**); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F.Supp. 220, 225 (N.D. Ill. **1996**); *ADA v. Delta Dental Plans Ass'n*, 1996 U.S. Dist. LEXIS 5809 at *19 n.15 (N.D.

27  Ill. **1996**); *Newton v. Diamond*, 204 F.Supp. 1244, 1253 (C.D. Cal. **2002**); *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 2005 WL 468496 at *2 (D. Del.

28  **2005**).

2

415765.04

the District of Arizona, nor the Federal Rules of Civil Procedure allow for sur-replies."). Mattel has violated Local Rule 7-10 by raising this new line of legal argument long *after* reply briefs had been filed and *without* seeking permission from the Court.

While Mattel may argue that its notice is warranted in light of defendant's proposed jury instructions, it provides absolutely no case law which relieves it from the obligation of seeking leave of the Court. Mattel's conduct is at best Analogous to—and in reality, even more egregious than—that expressly disapproved in *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, Case No. 05-8493, 2006 WL 5097404 at *1 (C.D. Cal. June 15, 2006). In *Samsung*, defendants sought leave to file a supplemental submission in support of its Motion to Dismiss certain claims after it had submitted a reply brief. The Court denied defendant's application, finding that "Defendants are not justified in presenting new evidence and argument after the Motion was already scheduled to be heard and had been taken under submission by the Court." *Id.* In keeping with *Samsung*, and the many other cases from the Central District disapproving of unauthorized surreplies, the Court should reject Mattel's blatant attempt to interject a new summary judgment argument well after all briefs had been submitted and in violation of Local Rule 7-10.

In addition, Mattel's Notice is improper because it seeks consideration of cases that Mattel could have cited in its opening brief. Courts typically consider supplemental authority only when it involves a new or recent judicial opinions. *See generally Moreno v. Baca*, Case No. CV 00-7149 ABC (CWX), 2002 WL 338366 at *2 n.3 (C.D. Cal. 2002) (refusing to consider "supplemental opposition" to Defendants' Motion for Summary judgment in part because "filing cites additional cases of which Plaintiff should have been aware when he filed his opposition."); *see also Bauman v. Daimler Chrysler AG*, Case No. 06-469-JO,

1    2005 WL 3157472 (N.D. Cal. 2005) (basing decision on Northern District L.R. 7-

2    3(d) which permits filing of "Statement of Recent Decision" only when "a relevant

3    judicial opinion published after the date the opposition or reply was filed.");

4    *General Elec. Co. v. Latin American Imports, S.A.*, 187 F. Supp. 2d 749, 752

5    (W.D. Ky. 2001) (Notice of supplemental authority "should be used sparingly for

6    new, controlling case law--not for recently *discovered* case law, nor for arguments

7    which the parties did not think to make in their pleadings." (emphasis in original)).[2]

8    Mattel provides no excuse for failing to cite to its "supplemental" cases in its

9    opening or reply brief.  Given that all these "supplemental" cases were available at

10   the time Mattel drafted its Motion for Partial Summary Judgment, there are only

11   two logical conclusions:  either (a) Mattel overlooked these cases or (b) Mattel did

12   not believe that these cases were among the most important 200 cases to cite to in

13   its motion or reply.  If the former is true, then Mattel is simply asking the Court to

14   cover for counsel's error.[3]  If the latter, then Mattel is seeking to distract the Court

15   from the issues properly before it on summary judgment by raising a tangential and

16   new legal argument for the first time in its Notice.  In either case, as discussed

17   above, such gamesmanship is prohibited by Local Rule 7-10 and the Federal Rules

18   of Civil Procedure.

19

20   ────────────────

21   [2] *But cf., E.E.O.C. v. Kovacevich "5" Farms*, Case No. 1:06 CV 0165, 2006 WL 3060149 at *2 (E.D. Cal. 2006) (granting plaintiff's application to file supplemental authority of two year old Court Order and allowing supplemental response thereto by defendant).

22   Counsel for plaintiff in *EEOC* asserted that he had only recently become aware of a two-year old court order cited in plaintiff's notice of supplemental authority.  In contrast,

23   counsel for Mattel does not, nor can it, claim that it was unaware of the cases cited, especially in light of the fact that Mattel cited to the Appellate Court decision in one of

24   the District Court cases it now claims as "supplemental" authority.  *See infra*. n.3. Should the Court decide not to strike Mattel's Notice, Bryant requests leave to file a brief

25   in opposition to the new citations and legal arguments presented in Mattel's Notice.

26   [3] There is ample support that Mattel is merely trying to cover up its own mistake.  Mattel asks the court to take notice of the District Court's opinion of *Pivot Point Int'l, Inc. v.*

27   *Charlene Prods., Inc.*, even though Mattel cited to the Seventh Circuit's opinion *in this same case* in its Motion for Partial Summary Judgment.  *See* Mattel MSJ and Corrected

28   MSJ at viii.

4

BRYANT'S *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF SUPP. AUTHORITY; (2) RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN SUPPORT OF MATTEL'S REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

**B.      Mattel's Response to Carter Bryant's Notice of Supplemental Authority in Support of Defendants' Motions for Partial Summary Judgment is improper and should be stricken from the Court's record [Doc. No. 3196].**

The Court should also strike and refuse to consider Mattel's Response to Carter Bryant's Notice of Supplemental Authority (hereinafter "Mattel's Response"). Mattel's Response impermissibly raises new legal arguments in an untimely, eleventh hour effort to further support Mattel's opposition to Bryant's Motion for Partial Summary Judgment. In essence, Mattel has filed yet another unauthorized surreply in violation of Local Rule 7-10.

The Court of Appeals for the State of California certified for publication the decision in *Metters v. Ralphs Grocery Co.*, No. G038380, 2008 WL 542838 (Feb. 29, 2008) on April 1, 2008, the same day that Bryant filed his reply in support of his Motion for Partial Summary Judgment. Two days later, on April 3, 2008, Bryant filed a timely and proper Notice of Supplemental Authority attaching the decision in *Metters*. Bryant did not make any legal arguments in his Notice of Supplemental Authority, as reply briefs had already been submitted. The entirety of Bryant's notice reads:

> Bryant submits this Notice of Supplemental Authority to bring to the Court's attention newly-published California authority relevant to Bryant's pending Motion for Partial Summary Judgment (see pages 36-37, discussing Mattel's Conflict of Interest Questionnaire). On April 1, 2008, the Court of Appeal of the State of California certified for publication its decision in *Metters v. Ralphs Grocery Co.*, No. G038380, 2008 WL 542838 (Feb. 29, 2008). A copy of the decision including the order certifying it for publication is attached, as obtained from the court's website at http://www.courtinfo.ca.gov/opinions.

Bryant's Notice at 1 [Document No. 2929].

Bryant does not argue that Mattel is barred from objecting to Bryant's Notice of Supplemental Authority or consideration thereof, although any such

5

415765.04

1   argument would be without merit.  *Cf. Bauman*, 2005 WL 3157472 (N.D. Cal.

2   2005) ("Statement of Recent Decision" permissible when "a relevant judicial

3   opinion published after the date the opposition or reply was filed"); General Elec.

4   Co., 187 F. Supp. 2d at 752 (same).  But Mattel has chosen to do so in an improper

5   manner.  *See generally Moreno v. Baca*, Case No. CV 00-7149, 2002 WL 338366

6   at *2n.3 (C.D. Cal. 2002) (noting defendant's motions to strike surreply containing

7   supplemental authority); *Crown Paper Liquidating Trust v. American Intern.*

8   *Group, Inc.*, Case No. 07-2308, 2007 WL 4207943 *2 n.2 (N.D. Cal. 2007) (same).

9   Instead of simply filing a motion to strike, Mattel chose to combat Bryant's

10  additional case citation by launching into a multi-page legal argument.  Mattel cites

11  no authority that would allow for such a filing.

12         Any consideration of the additional legal arguments contained in Mattel's

13  Response would prejudice Bryant, who has had no opportunity to provide legal

14  arguments surrounding the *Metters* case.  Moreover, Mattel's Response amounts to

15  nothing more than a surreply without leave of Court, in violation of Local Rule 7-

16  10.  Allowing consideration of these arguments effectively grants Mattel leave to

17  break the 80-page limit imposed on Mattel's opposition to defendants' motions for

18  partial summary judgment.[4]  Court's March 20, 2008 Order on Stipulation

19  Regarding Oppositions to Motions for Partial Summary Judgment [Document No.

20  2791].  For all these reasons, the Court should strike Mattel's Response and not

21  consider the arguments contained therein.

22  **C.     Mattel's Reply in Support of Its Request for Relief Under Rule 56(f) in**
        **Connection with Its Opposition to Defendants' Motions for Partial**
23      **Summary Judgment is improper and should be stricken from the**
        **Court's record [Document No. 3197].**
24

25         Rounding out the trifecta of Mattel's improper filings is a brief bearing the

26  misleading title "Reply in Support of Its Request for Relief Under Rule 56(f) in

27

28  [4] Mattel's "corrected" opposition brief totaled 80 pages.  See Document No. 2823.

BRYANT'S *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF SUPP. AUTHORITY; (2)
RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN SUPPORT OF MATTEL'S
REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415765.04

1   Connection with its Opposition to Defendants' Motions for Partial Summary

2   Judgment" (hereinafter, "Mattel's Reply") [Document No. 3197].  The title is

3   confusing because there is no pending motion to which such a brief could "reply."

4   Again, Mattel can cite no authority to support such a filing.  Indeed, Mattel's Reply

5   is either (a) a reply in support of its opposition brief (thus a surreply requiring

6   leave of the court under Local Rule 7-10) or (b) a reply in support of a

7   *Declaration*, which was untethered to any motion (and is entirely inappropriate).

8        After the parties filed their motions for partial summary judgment, and in

9   connection with Mattel's opposition brief, Mattel filed a "Rule 56(f) Declaration of

10  B. Dylan Proctor" (hereinafter "Rule 56(f) Declaration") [Document No. 2769].

11  That declaration,  states, "To the extent the Court is inclined to rule in favor of

12  summary judgment, Mattel would benefit from a deferred ruling to allow

13  additional time to complete the outstanding discovery . . . ." Rule 56(f) Decl. at 8.

14  Mattel did not request Rule 56(f) relief "in the opposition brief itself."  Mattel's

15  Reply at 1.  Defendants, through MGA Parties' Reply in Further Support of Their

16  Motion for Partial Summary Judgment (which Bryant joined), argued that Mattel

17  was not entitled to Rule 56(f) relief.  Document No. 2892 at 30.

18       That should have been the end of the briefing on the matter.  But no —

19  Mattel insists on having the last word on its deficient 56(f) request, and has now

20  lobbed in an unsanctioned brief *almost three weeks after defendants' replies were*

21  *filed*.  Enough already.  At the risk of sounding like a broken record, Bryant

22  requests that the Court strike Mattel's Reply because it constitutes a surreply

23  without leave of Court, in violation of Local Rule 7-10.  Here again, Mattel

24  attempts to inject additional arguments after reply briefs have been filed without

25  first seeking leave.

26       Additionally, Mattel's Reply (and Mattel's 56(f) request) are inappropriate

27  because they are unattached to any motion.  "A request for a court order must be

28

BRYANT'S *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF SUPP. AUTHORITY; (2)
RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN SUPPORT OF MATTEL'S
REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415765.04

made by motion", Fed. R. Civ. P. 7(b), and "every motion shall be presented by written notice of motion." Local Rule 6-1. The Federal Rules require that a party bringing a noticed motion seeking Rule 56(f) relief file an affidavit showing that "it cannot present facts essential to justify its opposition" along with a proper motion. In other words, an affidavit is necessary to support a Rule 56(f) motion, but such an affidavit, by itself, is not sufficient for the granting of a deferral or continuance of a summary judgment hearing. *Caviness v. England,* No. CIV S-042388 GEB DAD PS, 2007 WL 1302522, at *9 (E.D. Cal. 2007) ("A party seeking denial or continuance of a summary judgment motion based on a need for discovery is required to file a motion under Rule 56"); *see also Shuman v. Greyhound Lines Inc.*, No. CV-97-05586-FDB, 2000 WL 285368 *2 (9th Cir. 2000) (unpublished decision) (district court properly proceeded to summary judgment where party attempting to seek 56(f) relief failed to file a formal motion requesting an extension or other appropriate discovery order); *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1467 (9th Cir. 1985) ("Under Rule 56(f), a party may apply for a continuance of the proceedings to permit further discovery. Appellant made no such ***motion***. Consequently, we find that the district court did not abuse its discretion in granting Arcata's motion for summary judgment." (emphasis added)), *overruled on other grounds by Kennedy v. Allied Mut. Ins. Co.*, 952 F. 2d 262 (9th Cir.1991). At the very least, a party seeking Rule 56(f) relief must expressly invoke such a request in its Opposition to Motion for Summary Judgment. *TMJ Inc. v. Nippon Trust Bank*, 16 Fed. Appx. 795,797 (9th Cir. 2001) (finding that party expressly invoked Rule 56(f) in its opposition to summary judgment and attached a 56(f) declaration from counsel).

There is no language in Rule 56(f) that relieves Mattel of its obligation to follow the basic rules of motion practice. And Mattel does not cite any authority that relieves it from following the Federal Rules and Local Rules in requesting

8

415765.04

1  relief under Rule 56(f).  Mattel failed to file a Motion for Continuance with a
2  proper Rule 56(f) affidavit attached, and (as Mattel concedes) nowhere in its 80-
3  page opposition brief does Mattel invoke Rule 56(f).[5]  As such, Mattel's Reply
4  (and its request for 56(f) relief) is defective, and should not be considered.

5        Finally, Mattel's 56(f) request is defective because the "outstanding
6  discovery" Mattel points to is irrelevant to the issues brought by Bryant in his
7  Motion for Partial Summary Judgment.  A proper Rule 56(f) application must: (a)
8  explain what facts are sought, (b) how they will create issue of fact precluding
9  summary judgment; (c) efforts made to obtain these facts and why efforts failed.
10 *Cramer v. Devon Group, Inc.*, 774 F. Supp. 176, 180 (S.D.N.Y. 1991); *see also*
11 *Metro Lights, LLC v. City of Los Angeles*, 488 F. Supp. 927, 938 (C.D. Cal. 2006)
12 (opposing party must explain with particularity why it is unable to oppose the
13 motion, state with specificity what facts it intends to seek through discovery, and
14 show how its discovery efforts are reasonably expected to create a triable issue.).
15 Relief under Rule 56(f) is properly denied if the discovery sought is irrelevant to
16 the issues to be adjudicated.  *DeGrassi v. City of Glendora*, 207 F.3d 636, 643 (9th.
17 Cir. 2000) (no continuance where additional evidence sought "would not affect the
18 resolution of the legal issue."); *Maljack Productions Inc. v. Good Times Home*
19 *Video Corp..*, 81 F.3d 881, 888 (9th Cir. 1996).  Mattel has failed to show that any
20 of the "outstanding discovery" is at all related to Bryant's Motion for Partial
21 Summary Judgment, providing additional, substantive grounds for the Court to
22 deny Mattel's procedurally defective 56(f) request.[6]

---

[5] As previously mentioned, Mattel concedes that it "the Rule 56(f) request was made in a declaration, not in the opposition brief itself."  Mattel's Reply at 1.

[6] For the same reasons, Matel's "Supplemetnal Rule 56(f) Declaration of B. Dylan Proctor In Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Judgment [Document No. 3221] is defective, invalid, and should not be considered.

9

BRYANT'S *EX PARTE* APPLICATION TO STRIKE MATTEL'S (1) NOTICE OF SUPP. AUTHORITY; (2) RESPONSE TO BRYANT'S NOTICE OF SUPP. AUTHORITY; AND (3) REPLY IN SUPPORT OF MATTEL'S REQUEST FOR RULE 56(F) RELIEF
CASE NO. CV 04-09049 SGL (RNBx)

415765.04

1

## III.   CONCLUSION

For the above stated reasons, Carter Bryant respectfully requests that the Court strike from the Court's record and decline to consider the following three pleadings filed by Mattel on April 18, 2008:

Mattel, Inc.'s Notice of Supplemental Authority In Support of Its Motion for Partial Summary Judgment [Document No. 3193];

Mattel, Inc.'s Response to Carter Bryant's Notice of Supplemental Authority in Support of Defendants' Motions for Partial Summary Judgment [Document No. 3196]; and

Mattel, Inc.'s Reply In Support of Its Request for Relief Under Rule 56(F) In connection with Its Opposition to Defendants' Motions for Partial Summary Judgment [Document No. 3197].

Respectfully submitted,

Dated:  April 21, 2008

KEKER & VAN NEST, LLP

By:   /s/ Matthew Werdegar
MATTHEW WERDEGAR
Attorneys for Plaintiff
CARTER BRYANT

415765.04