1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                 Consolidated with
                                           Case No. CV 04-09059
15        vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware              **DISCOVERY MATTER**
    corporation,
17                                        **[To Be Heard By Discovery Master
              Defendant.                  Hon. Edward Infante (Ret.)]**
18
                                          **[PUBLIC REDACTED]**
19  AND CONSOLIDATED ACTIONS              DECLARATION OF TIMOTHY L.
                                          ALGER IN SUPPORT OF MATTEL,
20                                        INC.'S MOTION TO COMPEL THE
                                          PRODUCTION OF DOCUMENT
21                                        BATES NUMBERED MGA 3801819-
                                          22
22

23
                                          **Phase 1:**
24                                        Discovery Cut-off:      January 28, 2008
                                          Pre-trial Conference:   May 5, 2008
25                                        Trial Date:             May 27, 2008.

26

27

28

07209/2477974.1

-1-

1

## DECLARATION OF TIMOTHY L. ALGER

2        I, Timothy L. Alger, declare as follows:

3        1.    I am a member of the bar of the State of California and a partner

4 with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.  I

5 make this declaration of personal, firsthand knowledge, and if called and sworn as a

6 witness, I could and would testify competently hereto.

7        2.    In December 2007, MGA produced a document bearing Bates

8 numbers MGA 3801819 - 22.  The document is a March 2002 e-mail from

9 defendant Isaac Larian to nine MGA employees that references, discusses, and

10 incorporates a non-privileged e-mail from Richard Dees (the "Larian E-mail").

11 Dees was a vendor who prepared artwork for MGA.  ██████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████

14 ████████████████████████ Attached as Exhibit A is a true and correct copy of

15 a redacted version of the e-mail.  This redacted version was produced by counsel for

16 MGA on March 24, 2008.

17        3.    Larian responded to the Dees e-mail by sending an e-mail (with

18 the Dees e-mail attached) to nine MGA employees.  Among the "cc's" of the e-mail

19 are two members of the in-house legal department.  The primary recipients of the

20 Larian E-mail are Victoria O'Connor, a licensing executive at MGA, and Dave

21 Malacrida, MGA's spokesman.

22        4.    Larian concludes the Larian E-mail by giving a business

23 instruction to Abe Mirza, the company's chief operating officer, and two members

24 of the MGA legal department, Julie Mote (an attorney) and Beth Cahill (a

25 paralegal), ████████████████████████████.  It is that

26 business instruction that MGA has redacted from the Larian E-mail on a claim of

27 attorney-client privilege.

28

1       5.     On February 26, 2008, Mattel introduced the Larian E-mail at the

2  deposition of Rachel Harris and examined Ms. Harris at length regarding the

3  document. Attached as Exhibit B is a true and correct copy of the relevant excerpts

4  of the Deposition Transcript of Rachel Harris, dated February 26, 2008.

5       6.     On March 7, 2008, Mattel submitted the Larian E-mail in support

6  of its Motion for Partial Summary Judgment as evidence that MGA and Larian

7  aided and abetted Bryant's breach of his duties, among other claims. Mattel's

8  summary judgment motion describes the Larian E-mail as perhaps the most

9  damning evidence of MGA's liability. Mattel also cited to the Larian E-mail in

10 opposition to the summary judgment motions of MGA and Bryant, in response to

11 defendants' contention that Mattel's claims are barred by the statute of limitations.

12 Although defendants filed objections to Mattel's summary judgment evidence, they

13 did not raise any objection to the Larian E-mail on grounds of privilege. Attached

14 as Exhibit C is a true and correct copy of MGA's Evidentiary Objections to Mattel,

15 Inc.'s Motion for Partial Summary Judgment.

16      7.     On March 24, 2008, MGA for the first time claimed that it had

17 inadvertently produced the Larian E-mail and that it was protected by attorney-client

18 privilege. Attached as Exhibit D is a true and correct copy of a March 24, 2008

19 letter from Amy Park to me. That same day, I sent Ms. Park a letter confirming

20 Mattel's compliance with the clawback provision of the Protective Order. Attached

21 as Exhibit E is a true and correct copy of that letter. In that letter, I informed Ms.

22 Park of Mattel's intention to challenge MGA's claim of privilege for the Larian E-

23 mail.

24      8.     I met and conferred with Amy Park and Marcus Mumford,

25 counsel for MGA, on April 1, 2008, by telephone. We did not reach agreement.

26 Ms. Park and Mr. Mumford took the position that a portion of the Larian E-mail was

27 privileged and there had been no waiver. Ms. Park and Mr. Mumford demanded

28 that Mattel "expunge" the Court record of any reference to the e-mail.  To require

-2-

DECLARATION OF TIMOTHY L. ALGER

1 || such abridgement of dispositive papers that were the result of many weeks of work
2 || and substantial legal fees would be grossly unfair and prejudicial to Mattel. I
3 || pointed out to Ms. Park and Mr. Mumford that MGA's clawback had come after
4 || Mattel filed its papers in support of its Motion for Summary Judgment and in
5 || Opposition to MGA and Bryant's motion for summary judgment, and there was
6 || nothing in the e-mail that suggested it was subject to attorney-client privilege.
7 || During our discussions, Ms. Park and Mr. Mumford also claimed that MGA did not
8 || waive the privilege at the deposition of Ms. Harris because Ms. Harris lacked
9 || authority to do so.

10 ||       9.    Ms. Park and I ultimately agreed that the Larian E-mail could
11 || remain in the Court file, in an unredacted state, so long as it was kept under seal. A
12 || true and correct copy of an April 9, 2008 confirming letter from Ms. Park to me is
13 || attached as Exhibit K.

14 ||       10.   Attached as Exhibit F is a true and correct copy of excerpts from
15 || the Deposition Transcript of Isaac Larian, dated March 26, 2008.

16 ||       11.   Attached as Exhibit G is a true and correct copy of a March 5,
17 || 2004 Chicago Sun-Times article.

18 ||       12.   Attached as Exhibit H is a true and correct copy of a March 29,
19 || 2004 San Fernando Valley Business Journal article.

20 ||       13.   Attached as Exhibit I is a true and correct copy of a July 28,
21 || 2003 BusinessWeek article.

22
23
24
25
26
27
28

DECLARATION OF TIMOTHY L. ALGER

1        14.    Attached as Exhibit J is a true and correct copy of a February 6,

2    2003 e-mail from Isaac Larian to Dee Dee Valencia, including Valencia's e-mail of

3    the same date to Larian, Bates-numbered MGA 3801558-59.

4        I declare under penalty of perjury under the laws of the United States of

5    America that the foregoing is true and correct.

6        Executed on April 18, 2008, at Los Angeles, California.

7

8                          Timothy L. Alger

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2469607.1

-4-

# EXHIBIT A REMOVED

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT B REMOVED

# PURSUANT TO PROTECTIVE ORDER

Exhibit C

RECEIVED

MAR 2 4 2008

1 | THOMAS J. NOLAN (Bar No. 66992)
  | (tnolan@skadden.com)
2 | JASON D. RUSSELL (Bar No. 169219)
  | (jrussell@skadden.com)
3 | MARINA V. BOGORAD (Bar No. 217524)
  | (mbogorad@skadden.com)
4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  | 300 South Grand Avenue
5 | Los Angeles, CA  90071-3144
  | Tel.: (213) 687-5000 / Fax: (213) 687-5600
6 |
  | KENNETH PLEVAN (admitted *pro hac vice*)
7 | (kplevan@skadden.com)
  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
8 | Four Times Square, New York, NY 10046
  | Tel.: (212) 735-3000 / Fax: (212) 735-2000
9 |
  | Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10| MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

11|                UNITED STATES DISTRICT COURT

12|               CENTRAL DISTRICT OF CALIFORNIA

13|                      EASTERN DIVISION

14| CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                      )  Consolidated with Case No. 04-9059
15|                    Plaintiff,      )  and Case No. 05-2727
                                      )
16|          v.                       )  Honorable Stephen G. Larson
                                      )
17| MATTEL,    INC.,    a    Delaware )  MGA PARTIES' EVIDENTIARY
    corporation,                      )  OBJECTIONS TO MATTEL, INC.'S
18|                                    )  MOTION FOR PARTIAL
                     Defendant.       )  SUMMARY JUDGMENT
19|                                    )
                                      )  Hearing Date: April 22, 2008
20| AND CONSOLIDATED ACTIONS          )  Time: 10:00 a.m.
                                      )
21|                                    )
                                      )
22|                                    )
                                      )
23| **FILED  UNDER  SEAL  PURSUANT**  )
    **TO PROTECTIVE ORDER**           )
24|                                    )
                                      )
25|
26|
27|                                              **Exhibit C**
                                                 **Page 41**
28|

1 || **MGA PARTIES' GENERAL OBJECTIONS**

2 ||     1.     <u>Lacks Foundation</u>. The MGA Parties object to Mattel's proffered

3 || evidence to the extent it lacks proper foundation. Evidence lacking proper

4 || foundation is not admissible. <u>See</u> <u>SG Services v. God's Girls Inc, et al.</u>, CV 06-989

5 || AHM (CTx), 2007 WL 2315437, at *11 (C.D. Cal. May 9, 2007) (refusing to admit

6 || evidence for lack of foundation where there is no "factual basis for … [the]

7 || opinion"); <u>Jarritos v. Los Jarritos</u>, No. C 05-02380 JSW, 2007 WL 1302506, at *10

8 || (N.D. Cal. May 2, 2007) (striking evidence for lack of foundation where deposition

9 || excerpts "do not clearly identify and authenticate documents or demonstrate that the

10 || exhibits attached to the declaration of Plaintiff's counsel are true and correct copies

11 || of documents described at the deposition"); <u>see also</u> <u>Orr v. Bank of Amer.</u>, 285 F.3d

12 || 764, 774 (9th Cir. 2002) (upholding exclusion of evidence stating that the lack of

13 || foundation for exhibits cannot be cured by stating that they are "true and correct

14 || copies" of transcripts); <u>Beyene v. Coleman Secur. Servs. Inc.</u>, 854 F.2d 1179, 1182

15 || (9th Cir. 1998) ("We have repeatedly held that 'documents which have not had a

16 || proper foundation laid to authenticate them cannot support a motion for summary

17 || judgment.'"); <u>Stephens v. Liberty Mutual</u>, No. C 05-0213 PJH, 2008 WL 480287, at

18 || *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he statement in [counsel]'s

19 || declaration that these are 'true and correct' copies does not lay an adequate

20 || foundation for the admission of these exhibits into testimony"). Therefore, as shown

21 || below, certain of Mattel's proffered evidence lacks proper foundation and is

22 || inadmissible.

23 ||     2.     <u>Lacks Authentication</u> (Fed. R. Evid. 901). The MGA Parties also object

24 || to Mattel's proffered evidence to the extent it lacks proper authentication. Evidence

25 || lacking proper authentication is not admissible. "Federal Rule of Evidence 901(a)

26 || requires 'authentication or identification as a condition precedent to admissibility.'

27 || Thus, before evidence may be admitted, a foundation must be laid 'by evidence

28 ||

1

Exhibit C
Page 42

1  sufficient to support a finding that the matter in question is what its proponent
2  claims.' Fed.R.Evid. 901(a)." Beyene, 854 F.2d at 1182 (upholding exclusion of
3  evidence that was not properly authenticated pursuant to Rule 901); see also United
4  States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1970) (reversing judgment where
5  unauthenticated documents were admitted and noting: "[a] writing is not
6  authenticated simply by attaching it to an affidavit"). Therefore, to the extent that
7  Mattel's proffered evidence lacks proper authentication, it is inadmissible.

8      3.   Lack of personal knowledge (Fed. R. Evid. 602). The MGA Parties
9  object to Mattel's proffered evidence to the extent the declarant lacks personal
10 knowledge. A witness may not testify without personal knowledge. See Latman v.
11 Burdette, 366 F.3d 774, 786-87 (9th Cir. 2004) (bankruptcy court abused its
12 discretion in admitting into evidence trustee's supplemental declaration attaching
13 debtors' bank account records where the declarant, trustee's attorney, had no personal
14 knowledge as to the authenticity of the account records); United States ex rel.
15 Conveyor Rental & Sales Co. v. Aetna Cas. & Sur. Co., 981 F.2d 448, 455 (9th Cir.
16 1992) (holding evidence inadmissible under Fed. R. Evid. 602 where witness did not
17 have personal knowledge); Stephens v. Liberty Mutual, No. C 05-0213 PJH, 2008
18 WL 480287, at *11 (N.D. Cal. Feb. 19, 2008) (excluding evidence; "[t]he statement
19 in [counsel]'s declaration that these are 'true and correct' copies does not lay an
20 adequate foundation for the admission of these exhibits into testimony"). Therefore,
21 Mattel's evidence in which declarant's lack personal knowledge is inadmissible.

22     4.   Hearsay (Fed. R. Evid. 802). The MGA Parties object to Mattel's
23 proffered evidence to the extent it contains hearsay. Hearsay is inadmissible. See
24 Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 983 n.28 (9th Cir. 2007)
25 (upholding summary judgment; "testimony regarding the purported statements of the
26 Union representative is inadmissible hearsay, as it is a statement by an out-of-court
27 declarant offered for the truth of the matter asserted"); see also Beyene, 854 F.2d at

28

2.

Exhibit C
Page 43

1   1183 (upholding exclusion of evidence on grounds of hearsay, where documents
2   were offered to prove the truth of the matter asserted, and the proffering witness "did
3   not attempt to lay a foundation for any exception to the hearsay rule"); City of Long
4   Beach v. Standard Oil. Co. of Cal., 46 F.3d 929, 937-38 (9th Cir. 1995) (upholding
5   exclusion of hearsay). Therefore, Mattel's proffered evidence that contains hearsay
6   is inadmissible.

7        5.   Vague and ambiguous. The MGA Parties object to Mattel's proffered
8   evidence to the extent it is vague and ambiguous. Evidence that is vague and
9   ambiguous is not admissible under Fed. R. Evid. 403 as it results in "confusion of the
10  issues" and "misleading the jury." Therefore, Mattel's proffered evidence that is
11  vague and ambiguous is inadmissible.

12       6.   Mischaracterizes Testimony. The MGA Parties object to Mattel's
13  proffered evidence to the extent it is mischaracterizes testimony. Factual statements
14  which mischaracterize testimony are not admissible under Fed. R. Evid. 403 as they
15  results in "confusion of the issues" and "misleading the jury." Therefore, Mattel's
16  proffered statements which mischaracterize testimony is inadmissible.

17       7.   Mischaracterizes Evidence. The MGA Parties object to Mattel's
18  proffered evidence to the extent it is mischaracterizes evidence. Factual statements
19  which mischaracterize evidence are not admissible under Fed. R. Evid. 403 as they
20  results in "confusion of the issues" and "misleading the jury." Therefore, Mattel's
21  proffered statements which mischaracterize evidence are inadmissible.

22       8.   Improper lay opinion (Fed. R. Evid. 701). The MGA Parties object to
23  Mattel's proffered evidence to the extent it constitutes improper lay witness
24  testimony. "Lay witnesses can permissibly base opinion testimony upon their
25  experience, but the Federal Rules of Evidence require that lay opinion testimony be
26  '(a) rationally based on the perception of the witness, (b) helpful to a clear
27  understanding of the witness' testimony or the determination of a fact in issue, and (c)
28

3

Exhibit C
Page 44

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

1  not based on scientific, technical, or other specialized knowledge within the scope of
2  Rule 702.'" Jerden v. Amstutz, 430 F.3d 1231, 1239 (9th Cir. 2006) (ruling that
3  court improperly allowed testimony outside the scope of lay opinion), citing Fed. R.
4  Evid. 701; see also Sitrick v. Dreamworks, LLC, CV 03-4265-SVW (AJWx), 2006
5  U.S. Dist. LEXIS 97312, at *67 (C.D. Cal. July 20, 2006) (upholding special
6  master's exclusion of testimony, stating, "Bloom's testimony is not admissible under
7  Federal Rule of Evidence 701.... this would allow Defendants to do an end-run
8  around the expert witness requirements of Rule 26(a)"), aff'd 2008 U.S. App. LEXIS
9  2251 (Fed. Cir. Feb. 1, 2008). Therefore, Mattel's proffered evidence, which
10 constitutes improper lay opinion testimony, is inadmissible.

11      9.    Improper expert testimony (Fed. R. Evid. 702, 704). MGA Parties
12 object to Mattel's proffered evidence to the extent it constitutes improper expert
13 witness testimony or offers legal conclusions. Under Rule 702, expert testimony is
14 admissible only "if (1) the testimony is based upon sufficient facts or data, (2) the
15 testimony is the product of reliable principles and methods, and (3) the witness has
16 applied the principles and methods reliably to the facts of the case." Fed. R. Evid.
17 702. Expert testimony that is unsubstantiated or subjective is inadmissible. See
18 Diviero v. Uniroyal Goodrich Tire Co., 114 F.3d 851, 853 (9th Cir. 1997) (holding
19 that district court correctly excluded testimony as it was, "unsubstantiated and
20 subjective, and therefore unreliable and inadmissible"); see also Cabrera v. Cordis
21 Corp., 134 F.3d 1418, 1423 (9th Cir. 1998) (upholding exclusion of testimony under
22 Fed. R. Evid. 702 that was "based on unsubstantiated and undocumented evidence").

23      10.   Irrelevant (Fed. R. Evid. 401). MGA Parties object to Mattel's proffered
24 evidence to the extent it is irrelevant. Irrelevant evidence is not admissible. "The
25 evidence did not have a tendency to show that a likelihood of expansion was more
26 probable than not." M2 Software, Inc. v. Madacy Entm't et al., 421 F.3d 1073, 1088
27 (9th Cir. 2005) (upholding exclusion of evidence and noting that " 'relevant

28

4

Exhibit C
Page 45

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

1 evidence' means evidence having any tendency to make the existence of any fact that
2 is of consequence to the determination of the action more probable or less probable
3 than it would be without the evidence"), citing Fed. R. Evid. 401.

4     11.  <u>Speculation</u>. MGA Parties object to Mattel's proffered evidence to the
5 extent it is speculative.  Speculative evidence is not admissible under Fed. R. Evid.
6 403, as it results in "confusion of the issues" and "misleading the jury."  <u>United</u>
7 <u>States v. Chung Lo</u>, 231 F.3d 471, 482 (9th Cir. 2000) (upholding district court
8 ruling that evidence was to speculative and excluding evidence under Fed. R. Evid.
9 403).   Speculative testimony is also not an appropriate subject for lay opinion
10 testimony.  "It is necessary that a lay witness's opinions are based upon ... direct
11 perception of the event, are not speculative, and are helpful to the determination of
12 factual issues before the jury."  <u>U.S. v. Freeman</u>, 498 F.3d 893, 905 (9th Cir. 2007)
13 (internal quotations omitted).   Therefore, Mattel's proffered evidence which is
14 speculative is inadmissible.

15

16          **MGA PARTIES' SPECIFIC EVIDENTIARY OBJECTIONS**

| **Mattel's Fact** | **Mattel's Evidentiary Support** | **MGA Parties' Objections** |
|---|---|---|
| 1.     Mattel's business as of 2000 was to "desig[n], manufactur[e], and marke[t] a broad variety of toy products on a worldwide basis through both sales to retailers [i.e. "customers"] and direct to consumers...[and] to create new brands..." | **Proctor Dec., Exh. 1** (Mattel Inc. 2000 Annual Report at 18.) | Objection.  The cited evidence contains hearsay. (Fed. R. Evid. 802.) |
| 2.     Bryant withdrew "his Ninth, Tenth, and | **Proctor Dec., Exh. 3** (Stipulation and Order | Objection to the supporting document in that insufficient |

5

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| Eleventh affirmative defenses of 'failure of contract,' 'duress/ unconscionability' and 'alleged duties contrary to law[.]'" | Regarding Carter Bryant's Amended Reply to Mattel's Counterclaims, dated October 5, 2007, at 1:18-22.) | foundation has been laid to establish its relevance. (Fed. R. Evid. 401.) |
| 3.    The Court has already ruled that that Mattel's Confidential Information and Inventions Agreement signed by Bryant (1) is not an unlawful restraint of trade in violation of Section 16600 of the Business and Professions Code (July 17, 2006 Order at 10-11), (2) does not violate Sections 96(k), 98.6 or 2699 of the Labor Code (id. at 11-12), (3) does not violate Section 2870 of the Labor Code (id. at 12-13), (4) is not substantively unconscionable (Order at 13-14), (5) does not violate Sections 232 or 232.5 of the Labor Code (id. at 14), (6) was not obtained through fraud or fraudulently concealed facts (id. at 14-15), and (7) was not obtained through duress (id. at | Proctor Dec., Exh. 2 (Court's Order Granting Motions to Dismiss, dated July 18, 2006, at 13, 14, 15-16.) | Objection.  References to prior orders of this or any other court speak for themselves and do not belong in Mattel's separate statement of undisputed facts.  Furthermore, Mattel mischaracterizes the Court's Order. |

Exhibit C
Page 47

6

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| 16-17.) | | |
| 4. "[T]he model maker would be the one who would kind of come up with the very preliminary mechanics of -- of the toy[.]" | Corey Dec., Exh. 3 (Deposition Transcript of Carter Bryant, Vol. 3, dated November 8, 2004, at 545:24-25.) | Objection. The quoted language is taken out of context and mischaracterizes the testimony. |
| 5. Toy design involves "[coming] up with concepts for dolls and toys[.]" | Corey Dec., Exh. 6 (Deposition Transcript of Ana Elise Cloonan, Vol. 1, dated December 14, 2007, at 98:23-24.) | Objection. The quoted language is taken out of context and mischaracterizes the testimony. The testimony is also vague and ambiguous as to "concepts." |
| | Corey Dec., Exh.7 (Deposition Transcript of Christina Tomiyama, Vol. 1, dated February 27, 2008, at 38:3-39:8 (noting that the role of a designer like Bryant was to design products).) | Objection. The quoted language is taken out of context and mischaracterizes the testimony. The testimony is also vague and ambiguous as to "products." |
| 6. Bryant admitted creating a Bratz "dummy" or model using Mattel resources and that he paid at least one Mattel employee for her work on Bratz. | Corey Dec., Exh. 3 (Bryant Tr. Vol. 3 at 666:5-667:9.) | Objection. The quoted language is taken out of context and mischaracterizes the testimony. The testimony is also vague and ambiguous as to "dummy." |
| | Corey Dec., Exh. 1 (Deposition Transcript of Carter Bryant, Vol. 1, dated November 4, 2004, at 166:10-170:15 (describing his recruitment of two Mattel employees to make his "dummy"); Id. at 165:6-8 ("there was a bin of heads or something that I had seen | Objection. The quoted language is taken out of context and mischaracterizes the testimony. The testimony is also vague and ambiguous as to "bin of heads." |

7

Exhibit C
Page 48

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | in the office and I just used one of those heads").) | |
| | Corey Dec., Exh. 4 (Deposition Transcript of Carter Bryant, Vol. 4, dated January 23, 2008, at 817:8-19 (where Bryant admits paying Sheila Kyaw for her work on the dummy).) | Objection. The fact mischaracterizes the testimony. The testimony is also vague and ambiguous as to whether Mr. Bryant actually paid Ms. Kyaw and what he allegedly paid her for. |
| | Corey Dec., Exh. 8 (Deposition Transcript of Sheila Kyaw, dated January 24, 2008, at 169:23-170:21, 173:24-176:8, 251:3-4, 251:24-252:1.) | Objection. The testimony cited is vague and ambiguous as to what Mr. Bryant allegedly paid Ms. Kyaw for because her information pertaining to ultimate use of her work on the "G-Job" was obtained solely from counsel. |
| 7. Bryant acknowledged that he "learned about the existence of [hair vendor] Universal in connection with [his] Mattel employment[.]" | Corey Dec., Exh. 1 (Bryant Tr. Vol. 1 at 133:9-15; see also id. at 135:25-136:1 ("I may have asked -- I may have asked the manager of the hair department, Jennifer Shaw [for the phone number]").) | Objection. The testimony cited contains speculation by Mr. Bryant as to whether he asked a Mattel employee for the Universal hair vendor. |
| 8. Bryant placed dozens of phone calls to MGA from his extension at Mattel. | Palmer Dec., Exh. 1 (M 0001820-24 (Mattel phone records showing that Bryant called MGA's main line on 9/11/00, 9/12/00, 9/13/00, 9/14/00, 9/15/00, 9/18/00, 9/19/00, 9/20/00, 9/21/00, 9/25/00, 9/26/00, and 9/27/00, and that he called Isaac Larian on 9/27/00).) | No objection. |

Exhibit C
Page 49

8

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| 9.    The Inventions Agreement reads, "the term 'inventions' includes, but is not limited to, all discoveries, improvements, processes, designs, know-how, data computer programs and formulae, whether patentable or unpatentable." | Proctor Dec., Exh. 5 (Mattel's Employee Confidential Information and Inventions Agreement ("Inventions Agreement") at ¶ 2(b).) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "inventions," "improvements," "designs," and the interplay of these terms in this provision. |
| 10.    The Inventions Agreement assigns to Mattel "all [Bryant's] right, title and interest" in Bryant's inventions to the extent they were "conceived or reduced to practice by [Bryant] (alone or jointly by others) at any time during [Bryant's] employment by the Company." and also his "right title and interest in any patents, copyrights, patent applications or copyright applications based thereon."<br><br>The Inventions Agreement further states that even if no copyright application has yet been filed, | Proctor Dec., Exh. 5 (Inventions Agreement at ¶ 2(a).) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "inventions," "conceived or reduced to practice," "at any time during [Bryant's] employment by the Company." |

Exhibit C
Page 50

9

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 | Bryant must assist Mattel "at any time" "to obtain for [Mattel's] own benefit, patents and <u>copyrights</u> for all such inventions anywhere in the world…" | | |
| 8 9 10 11 12 13 14 15 16 17 18 | 11.    Bryant admitted that "toy inventing" is equivalent to "designing toys." | **Corey Dec., Exh. 4** (Deposition Transcript of Carter Bryant, Vol. 4, dated January 23, 2008, at 861:4-13.) | Objection.  This evidence is irrelevant (Fed. R. Evid. 401). The quoted testimony is also taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "toy inventing" and "designing."  The language is also irrelevant in that Bryant's current understanding, if any, of the phrase is irrelevant to what his understanding, if any, was during his employment at Mattel. |
| 19 20 21 22 23 24 25 26 | 12.    "[I]mprovement" is "an alteration or addition to an existing subject of invention or discovery that does not destroy its identity or essential character but accomplishes greater efficiency or economy[.]" | **Proctor Dec., Exh. 6** (WEBSTER'S THIRD NEW INT'L DICTIONARY (1993) at 1138.) | Objection. This evidence is irrelevant. A 1993 dictionary definition of "improvement" is irrelevant to the meaning of that word in the context of the Inventions Agreement, in which the word is ambiguous and must be construed in light of parol evidence and the parties' course of conduct. |
| 27 28 | 13.    "[D]esign" is "a preliminary sketch or | **Proctor Dec., Exh. 6** (WEBSTER'S THIRD NEW | Objection. This evidence is irrelevant. A 1993 |

10

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| outline (as a drawing on paper or a modeling in clay) showing the main features of something to be executed[.]" | INT'L DICTIONARY (1993) at 611.) | dictionary definition of "design" is irrelevant to the meaning of that word in the context of the Inventions Agreement, in which the word is ambiguous and must be construed in light of parol evidence and the parties' course of conduct. |
| 14.   The Proprietary Information Check Out form that Bryant signed at the end of his Mattel tenure describes the Inventions Agreement as covering "any and all inventions, improvements and ideas (whether or not patentable) which I have made or conceived … during the period of my employment with the Company." The Check Out form also certified that "[a]ll documents … and other items including, but not limited to, … sketches … relating to the business of the Company, made or obtained by me while employed by the Company shall be the exclusive property of the Company and shall | Proctor Dec., Exh. 7 (Proprietary Information Checkout.) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "inventions" and "improvements."  Objection as to the Proprietary Information Form Check as lacking consideration and irrelevant, as it was procured by Mattel's fraud in deliberately misleading Bryant by misquoting the language of the Inventions Agreement. |

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| be delivered by me to the Company on termination of my employment or at any time as requested by the Company." | | |
| 15.    Bryant's counsel represented to the Court with respect to the Inventions Agreement that, "The nature of the assignment here is that it is a broad based assignment of all inventions during their employment; all things that were conceived and practiced." | Proctor Dec., Exh. 8 (Transcript of Hearing Regarding Mattel's Motion to Dismiss Bryant's Counter-claims, dated June 26, 2006, at 12:23-25.) | Objection.  This evidence is irrelevant (Fed. R. Evid. 401). The quoted representation by Bryant's counsel is also taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "broad based", "inventions", "conceived", and "practiced."<br><br>Furthermore, arguments made by counsel are not evidence.  See, e.g., In re Federal Mogul-Global, Inc., 348 F.3d 390, 406 (3rd Cir. 2003) ("[I]t is well settled that arguments by counsel cannot provide factual support for a trial court's findings."); In re Lang, 293 B.R. 501, 513 (10th Cir. BAP 2003) ("Counsel's statements in a brief or during a trial are not evidence.'); United States v. Rose, 104 F.3d 1408, 1416 (1st Cir. 1997) ("[A]rgument by counsel is not evidence."); Exeter Bancorporation, Inc. v. |

12

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | | Kemper Securities Group, Inc., 58 F.3d 1306, 1312 (8th Cir. 1995) ("[S]tatements of counsel are not evidence and do not create issues of fact.") (internal quotations omitted). |
| 16.   Defendants' expert D. Jan Duffy described Mattel's and other employers' "procedures and practices involving employer/employee rights to ideas and inventions." | Proctor Dec., Exh. 9 (Expert Report of D. Jan Duffy, dated February 11, 2008, at 7.) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence.  The language is also vague and ambiguous as to "procedures" and "practices." <br><br> The report is also inadmissible hearsay. (Fed. R. Evid. 802.) |
| 17.   Bryant has sharply restricted his defense of unclean hands. | Proctor Dec., Exh. 120 (Werdeger letter to Proctor, dated February 27, 2008.) | No objection. |
| 18.   MGA, MGA Entertainment (HK) Limited, and Isaac Larian have withdrawn entirely their defense of unclean hands to Mattel's Phase I claims. | Proctor Dec., Exh. 121 (MGA's Notice of Withdrawal of Unclean Hands Affirmative Defense as it Pertains to Phase 1, dated February 15, 2008.) | No objection. |
| 19.   Bryant admitted creating drawings of the Bratz characters wearing evening fashion designs in or about July 2000. | Proctor Dec., Exh. 12 (Drawing Bates-numbered BRYANT 00273 and a photograph of BRYANT 00273 marked as Exhibit 717 in this action, BRYANT 00228 and a photograph of BRYANT 00228 marked as | Objection.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited evidence.  (Fed. R. Evid. 602.)  Furthermore, the documents are not properly |

13

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | Exhibit 719 in this action, BRYANT 00221 and a photograph of BRYANT 00221 marked as Exhibit 722 in this action, BRYANT 00297 and a photograph of BRYANT 00297 marked as Exhibit 725 in this action.) | authenticated. (Fed. R. Evid. 901.) |
| | **Corey Dec., Exh. 2** (Bryant Tr. Vol. 2 at 301:25-302:3, 302:4-19, 340:2-4, 340:21-23, 358:2-4.) | No objection |
| | **Corey Dec., Exh. 1** (Bryant Tr. Vol. 1 at 229:14-230:5.) | No objection. |
| | **Proctor Dec., Exh. 88** (Bryant's Responses to Mattel, Inc.'s Third Set of Requests for Admission Propounded to All Defendants at Response Nos. 9-12.) | No objection. |
| 20.    When MGA and MGA Hong Kong sought to enforce MGA's copyrights in the courts of Hong Kong, the former director of MGA Hong Kong swore in an affirmation that Bryant created 17 drawings as the "initial concept and design drawings of the Bratz dolls" "in the year 2000 pursuant to the [Bryant-MGA] | **Proctor Dec., Exh. 13** (Affirmation of Lee Shiu Cheung, dated June 18, 2002, at ¶ 7.) | Objection.  This evidence is not properly authenticated. (Fed. R. Evid. 901(a).) Mr. Proctor lacks personal knowledge of the preparation and authenticity of the document.  (Fed. R. Evid. 602; 901(b)(1).)<br><br>Furthermore, the quoted language is taken out of context and mischaracterizes the evidence. |

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| Agreement." | | |
| | Proctor Dec., Exh. 14 (Exhibit LSC-3 to the Affirmation of Lee Shiu Cheung.) | Objection. This evidence is not properly authenticated. (Fed. R. Evid. 901(a).) Mr. Proctor lacks personal knowledge of the preparation and authenticity of the document. (Fed. R. Evid. 602; 901(b)(1).) |
| 21. Bryant testified that he drew a key sculptural drawing to give to the sculptor of Bratz to "restart" her sculpt. Bratz program manager Paula Garcia testified that the same drawing was completed between October 4, 2000 and October 19, 2000. | Corey Dec., Exh. 2 (Bryant Tr. Vol. 2 at 350:16-25.) | Objection. The quoted testimony is taken out of context and mischaracterizes the evidence. The language is also vague and ambiguous as to "restart" and "same drawing." |
| | Proctor Dec., Exh. 15 (Sculptural drawing Bates-numbered BRYANT 00278.) | Objection. Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited document. (Fed. R. Evid. 602.) |
| | Corey Dec., Exh. 20 (Deposition Transcript of Paula Garcia, Vol. 2, dated May 25, 2007, at 589:25-592:7 (Garcia testifies that she thinks the drawing was created in between October 4, 2000 and October 19, 2000, and that it was given to Margaret Leahy).) | No objection. |

15

Exhibit C
Page 56

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| | 22.    A third-party vendor testified that he received the same key sculptural drawing that Bryant created for the sculptor as part of a packet of materials from Bryant and MGA while Bryant was still employed by Mattel. The witness described the drawing as "an engineering drawing or a call-out of what the doll size is, the size of the doll, basically, and sort of like specs on what the body was going to be made of -- or not made of but how it was going to look." | **Proctor Dec., Exh. 16** (Collection of drawings marked as Exhibit 323 in this action at SL00044.) | Objection.  Mr. Proctor lacks personal knowledge of the preparation and authenticity of the cited document.  (Fed. R. Evid. 602.) |
| | | **Corey Dec., Exh. 9** (Deposition Transcript of Steven Linker, dated September 13, 2006 at 77:11-13 (describing Ex. 323, Bates-numbered SL00013-63, as "this was the package that was provided to me at the October 19th meeting at MGA, excluding SL 00015."), id. at 89:11-21 ("This is just I guess like...So it was the actual size reference, so it gave us an idea how to build around this size with all the | Objection.  The cited testimony constitutes improper lay opinion (Fed. R. Evid. 701.)  The witness also lacks foundation as to whether Bryant was "still employed by Mattel." |

16

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

Exhibit C
Page 57

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | fashions and everything and the packaging size. Again, we were doing packaging, so we needed to know the actual size of the doll, and this was a good call-out on that size reference.").) | |
| 23.   MGA has registered Bratz drawings created by Bryant with the U.S. Copyright Office. | **Proctor Dec., Exh. 17** (Copyright registration marked as Exhibit 505 in this action.) | No objection. |
| | **Proctor Dec., Exh. 18** (Copyright registration marked as Exhibit 507 in this action.) | No objection. |
| | **Proctor Dec., Exh. 19** (Copyright registration marked as Exhibit 509 in this action.) | No objection. |
| | **Proctor Dec., Exh. 20** (Copyright registration marked as Exhibit 511 in this action.) | No objection. |
| | **Proctor Dec., Exh. 21** (Copyright registration marked as Exhibit 513 in this action.) | No objection. |
| 24.   Mattel has registered the same Bratz drawings with the U.S. Copyright Office that MGA has registered as well as other Bratz drawings created by Bryant during Bryant's Mattel employment. | **Proctor Dec., Exh. 22** (Copyright registration Bates-numbered M 0059601-2.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |

17

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

Exhibit C
Page 58

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | **Proctor Dec., Exh. 23** (Copyright application Bates-numbered M 0059734-7.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 24** (Copyright registration Bates-numbered M 0059585-6.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 25** (Copyright application Bates-numbered M 0059702-5.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 26** (Copyright registration Bates-numbered M 0059589-90.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 27** (Copyright application Bates-numbered M 0059710-3.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 28** (Copyright registration Bates-numbered M 0059591-2.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 29** (Copyright application Bates-numbered M 0059714-7.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 30** (Copyright registration Bates-numbered M | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of |

18

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | 0059587-8.) | this registration (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 31** (Copyright application Bates-numbered M 0059706-9.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 32** (Copyright registration Bates-numbered M 0059609-10.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 33** (Copyright application Bates-numbered M 0059750-3. | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 34** (Copyright registration Bates-numbered M 0059583-4.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 35** (Copyright application Bates-numbered M 0059698-701.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 36** (Copyright registration Bates-numbered M 0059593-4.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 37** (Copyright application Bates-numbered M 0059718-21.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | **Proctor Dec., Exh. 38** | Objection. Lacks |

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | (Copyright registration Bates-numbered M 0059595-6.) | foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 39 (Copyright application Bates-numbered M 0059722-5.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 40 (Copyright registration Bates-numbered M 0059597-8.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 41 (Copyright application Bates-numbered M 0059726-9.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 42 (Copyright registration Bates-numbered M 0059599-600.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 43 (Copyright application Bates-numbered M 0059730-3.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 44 (Copyright registration Bates-numbered M 0059603-4.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 45 (Copyright application Bates-numbered M 0059738-41.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. |

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | | Evid. 602.) |
| | Proctor Dec., Exh. 46 (Copyright registration Bates-numbered M 0059605-6.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 47 (Copyright application Bates-numbered M 0059742-5.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 48 (Copyright registration Bates-numbered M 0059607-8.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 49 (Copyright application Bates-numbered M 0059746-9.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 50 (Copyright registration Bates-numbered M 0059581-2.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 51 (Copyright application Bates-numbered M 0059758-61.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 52 (Copyright registration Bates-numbered M 0059579-80.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| | Proctor Dec., Exh. 53 (Copyright application | Objection. Lacks foundation. Mr. Proctor |

21

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | Bates-numbered M 0059754-7.) | lacks personal knowledge of this registration. (Fed. R. Evid. 602.) |
| 25.    Bryant testified that he intended his Bratz drawings to serve as guides for creation of the Bratz dolls. | Corey Dec., Exh. 2 (Bryant Tr. Vol. 2 at 387:17-25.) | Objection.  This fact mischaracterizes the testimony in that Mr. Bryant never uses the word "guides." |
| | Corey Dec., Exh. 3 (Bryant Tr. Vol. 3 at 528:3-20.) | Objection.  The question lacks foundation (Fed. R. Evid. 401) and mischaracterized Mr. Bryant's previous testimony rendering it inadmissible. (Fed. R. Evid. 403.) |
| | Corey Dec., Exh. 5 (Bryant Tr. Vol. 5 at 901:7-902:3.) | Objection.  The question lacks foundation (Fed. R. Evid. 401) and mischaracterized Mr. Bryant's previous testimony.  (Fed. R. Evid. 403.)  Moreover, counsel's questions were impermissibly leading and repeated questions which had been asked and answered. |
| 26.    Defendant Larian testified in another matter that the first Bratz dolls were exhibited in November 2000. MGA Rule 30(b)(6) designee Rebecca Harris | Proctor Dec., Exh. 54 (Affidavit of Isaac Larian in Cityworld at ¶13, ("Larian's Cityworld Affidavit") Bates-numbered M 0883396-407 (Larian stating "The Bratz dolls were first exhibited in the USA in November | Objection.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |

Exhibit C Page 63

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| confirmed that Larian was referring to the exhibition of Bryant's drawings. | 2000.").) | |
| | Corey Dec., Exh. 17 (Deposition Transcript of Spencer Woodman, dated October 9, 2007, at 170:22).) | No objection. |
| | Corey Dec., Exh. 10 (Deposition Transcript of Rebecca Harris, Vol. 2, dated January 22, 2008, at 476:18-25 (when asked about Larian's statement at ¶13 in Larian's Cityworld Affidavit, Harris responds, "They were the boards. . . . the boards were sketches of the dolls."), 367:2-6, (confirming "MGA made presentations to retailers, in connection with Bratz, specifically to Wal-Mart, Kmart, Walgreens, and Target, in November 2000."); id. at 376:25-377:15 (noting that MGA presented character art boards to the retailers previously listed "because that's all that we had available to show them."); id. at 485:20-489:19 (describing pictures of boards attached to an e-mail as some of the boards | No objection. |

23

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 | | presented to the retailers), 497:23-500:3 (describing Bryant's sketches as some of the figures which were on the boards presented to the retailers).) | |
| 7 8 9 | | **Proctor Dec., Exh. 55** (Bryant sketches marked as Exhibits 1107-10 in this action.) | No objection. |
| 10 11 12 | | **Corey Dec., Exh. 18** (Deposition Transcript of Paula Garcia, Vol. 4, at 1021:14, 1024:21, 1025:19 & 1026:12.) | No objection. |
| 13 14 15 | | **Proctor Dec., Exh. 56** (E-mail and attachments Bates-numbered MGA 0050733-36.) | No objection. |
| 16 17 18 | | **Corey Dec., Exh. 19** (Deposition Transcript of Sarah Chui ("Chui Tr."), dated September 28, 2007, at 94:4.) | No objection. |
| 19 20 21 | | **Proctor Dec., Exh. 57** (Collection of drawings marked as Exhibit 302 in this action.) | No objection. |
| 22 23 | | **Corey Dec., Exh. 20** (Deposition Transcript of Paula Garcia, Vol. 2, dated May 25, 2007, at 622:9-11.) | No objection. |
| 24 25 26 27 28 | 27. In a side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant, all the major | **Loetz Dec., Exh. 37 & ¶ 12** | Objection. The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

24

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| anatomical landmarks -- including chins, shoulders, waists, crotch, knees, and ankles -- line up on a horizontal plane. The alignments are too numerous to be coincidental. | | |
| 28.   A side-by-side comparison of a picture of a first wave Bratz doll unclothed next to a sculpt drawing done by Bryant from a three quarter view shows that the dolls and drawings are highly similar, and demonstrates that the doll closely followed the curves of the drawing. | Loetz Dec., Exh. 2 & ¶ 13. | Objection.  The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 29.   In Bryant's drawings, the characters have an angular waist pose with knock-knees, pigeon toes, and hands upturned at the wrist. The final dolls match to a remarkable degree the poses in Carter Bryant's concept sketches. Similarly, the upturned hands at the wrists evident in Bryant's drawings were faithfully executed in the three dimensional | Loetz Dec., Exhs. 4, 5, 7, 9 & 16 & ¶ 15. | Objection.  The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| Bratz dolls. | | |
| 30.    The proportional placement of the eyes, hair and lips, which define the signature "sultry look" of the Bratz dolls, match nearly identically as between the drawings and the dolls.  From a three quarter view, the eyes are a similar distance apart, as are the eyebrows.  The cheek color application is in the same place. The faces have a similar shape, from the brow down to indenture of the eye socket, to the outward curve of the cheek.  Even the moles are in the same location on the face. | Loetz Dec., Exhs. 6, 17, 19, 21 & 24 & ¶¶ 16-18. | Objection.  The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 31.    Bryant's drawings include oversized almond shaped-eyes, with heavy lids, outlined with makeup lines.  The Bratz dolls' eyes share this almond shape, which is angled upward at its outside edge.  The pupils are also placed in a similar location on the horizontal as well as vertical plane.  And the | Loetz Dec., Exhs. 18, 20, 22 & ¶¶ 19-20. | Objection.  The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

26

MGA Parties' Evidentiary Objections To Mattel, Inc.'s Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

Exhibit C
Page 67

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | eyebrows share the same distance from the | | |
| 4 | eye, the same angular shape, and cover fifty | | |
| 5 | percent of the pupils; | | |
| 6 | Loetz deems this fact | | |
| 7 | especially notable. | | |
| 8 | 32.    The makeup on the eyes in Bryant's | **Loetz Dec., Exhs. 20, 22, 24 & ¶ 21.** | Objection.  The cited evidence lacks proper |
| 9 | drawings was meticulously executed | | authentication (Fed. R. Evid. 901) and constitutes |
| 10 | on the doll.  In the dolls | | improper expert testimony. |
| 11 | and in the drawings, the characters' eyes have | | (Fed. R. Evid. 701, 704.) |
| 12 | three eyelashes.  There | | |
| 13 | are similarities in placement and design | | |
| 14 | of the eye makeup. | | |
| 15 | The eyeliner design is similar in its painterly | | |
| 16 | thickness and sweeping | | |
| 17 | upward curves.  The eye makeup style and | | |
| 18 | design is exceptional in | | |
| 19 | correlation from drawing to doll.  The | | |
| 20 | various colors of | | |
| 21 | makeup and the placement, size and | | |
| 22 | shape of the makeup | | |
| 23 | applications gives the look of a girl who has | | |
| 24 | on too much eye | | |
| 25 | makeup. | | |
| 26 | 33.    The lips are essentially the same in | **Loetz Dec., Exhs. 8, 18, 20, 22, 24 & ¶ 22.** | Objection.  The cited evidence lacks proper |
| 27 | Bryant's drawings and the dolls.  Both have | | authentication (Fed. R. Evid. 901) and constitutes |
| 28 | | | |

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL

Exhibit C
Page 68

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| large over-inflated lips with the widest portion being in the middle of the lips. There is also a correlation in makeup style on the lips. The glossy lips with a dark distinctive outline are apparent on both doll and drawing. | | improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 34. The dolls and the drawings share similar braided hairstyles on a dark-haired character, and pig-tailed hairstyles with the same length bangs on a dark haired character. | Loetz Dec., Exhs. 17, 19, 23 & ¶ 23. | Objection. The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 35. The dolls and drawings share similar urban fashions of short skirts, layered tops, and high heeled shoes. Where pants are worn, both doll and drawing share the same flared style with wide cuffs and striped details. The denim skirts are also similar. The dolls and drawings feature a similar floral pattern shirt, with similar style and length denim skirt. The dolls and drawings also share a similar knit hat style, similar striped shirts, and similarly | Loetz Dec., Exhs. 4, 5, 10, 25, 26, 28, 29, 30 & ¶ 26. | Objection. The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNBx)

Exhibit C
Page 69

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 3 | layered and cropped shirts. | | |
| 4–11 | 36. The Bratz accessories are youthful and funky in style, especially in the use of colorful backpacks and bags. Both dolls and drawings share the same graphic motif, such as a kitten on a cropped t-shirt, and a bunny on a backpack. | Loetz Dec., Exhs. 7, 13, 16, 27 & ¶¶ 27-28. | Objection. The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 12–18 | 37. There are extensive similarities in the shoe design, including in the execution of sneaker style and design, high heels, open toes, and belt straps. Shoes in both the drawings and on the dolls are oversized. | Loetz Dec., Exhs. 3, 9-12, 14, 15 & ¶¶ 29-30. | Objection. The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 19–22 | 38. There is a visual consistency from Bryant's sketches, to the first wave of dolls, up through the later waves of Bratz dolls. | Loetz Dec., ¶ 31. | Objection. The cited evidence lacks proper authentication (Fed. R. Evid. 901) and constitutes improper expert testimony. (Fed. R. Evid. 701, 704.) |
| 23–28 | 39. MGA registered with the U.S. Copyright Office the original four Bratz dolls released to market in or about June 2001 and registered the Bratz sculpt in or about March 2002. MGA's | Proctor Dec., Exh. 58 (MGA copyright registration produced in this action and Bates-numbered M 0110155-9.) | No objection. |

29

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 | initial copyright registrations for those dolls and the Bratz sculpt list their dates of creation as 2000. | | |
| 6 7 8 9 | | Proctor Dec., Exh. 59 (MGA copyright registration produced in this action and Bates-numbered M 0110160-4.) | No objection. |
| 10 11 12 | | Proctor Dec., Exh. 60 (MGA copyright registration produced in this action and Bates-numbered M 0110165-9.) | No objection. |
| 13 14 15 | | Proctor Dec., Exh. 61 (MGA copyright registration produced in this action and Bates-numbered M 0110639-42.) | No objection. |
| 16 17 18 19 | | Proctor Dec., Exh. 62 (MGA copyright registration produced in this action and Bates-numbered M 0110174-8.) | No objection. |
| 20 21 22 23 24 | 40.    After Mattel filed this lawsuit, MGA "corrected" the registrations for the original dolls and the sculpt to state that the dolls were created in 2001. | Proctor Dec., Exh. 63 (Form CA produced in this action and Bates-numbered M 0110217-8); | No objection. |
| 25 26 27 | | Proctor Dec., Exh. 64 (Form CA produced in this action and Bates-numbered M 0110219-20.) | No objection. |
| 28 | | Proctor Dec., Exh. 65 | No objection. |

30

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 1 2 | | | |
| 3 4 | | (Form CA produced in this action and Bates-numbered M 0110221-2.) | |
| 5 6 7 | | **Proctor Dec., Exh. 66** (Form CA produced in this action and Bates-numbered M 0110223-4.) | No objection. |
| 8 9 | | **Proctor Dec., Exh. 67** (Form CA produced in this action and Bates-numbered M 0110225-6.) | No objection. |
| 10 11 12 13 14 15 16 17 | 41.    When defendant Isaac Larian sought to enforce MGA's copyrights in the courts of Hong Kong, he swore in an affidavit that the defendant's dolls "have infringed the two dimensional drawings which are artistic works in which copyright subsists." | **Proctor Dec., Exh. 54** (Larian CityWorld Affidavit at ¶ 12.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| 18 19 20 21 22 23 | 42.    Daphne Gronich, MGA's former general counsel, repeatedly identified fifteen Bryant drawings as the "artistic works" upon which the three dimensional Bratz dolls are modeled. | **Proctor Dec., Exh. 68** (Affidavit of Daphne Gronich at ¶¶ 5-6 in Hunglam Toys Company Limited et al..) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| 24 25 | | **Corey Dec., Exh. 17** (Woodman Tr. Vol. 1 at 235:6-7.) | No objection. |
| 26 27 28 | | **Proctor Dec., Exh. 122** (Affidavit of Daphne Gronich in MGA Entertainment, Inc. v. | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. |

31

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| 1 2 | | | |
| 3 | | Double Grand Corp. Ltd., at ¶¶ 6-7.) | Evid. 602.) |
| 4 5 6 7 8 9 10 11 12 13 | 43.  Both MGA Hong Kong's Lee Shiu Cheung and MGA Hong Kong's outside counsel have separately declared under oath that "[t]he designs of the Bratz dolls are all original drawings created by Mr. Bryant using his own independent labour, skill and judgement [sic]." | Proctor Dec., Exh. 69 (Affirmation of Lee Shiu Cheung in MGA Entertainment, Inc. v. Double Grand Corp. Ltd. at ¶ 8.) | Objection.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |
| 14 15 | | Corey Dec., Exh. 17 (Woodman Tr. Vol. 1 at 281:7-14.) | No objection. |
| 16 17 18 19 | | Proctor Dec., Exh. 123 (Affirmation of Wai Lim Fan at ¶ 5(2) in MGA Entertainment, Inc. v. Hunglam Toys Co. Ltd., dated July 24, 2003.) | Objection.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.) |
| 20 21 22 23 24 | 44.  Bryant admitted in this action that the drawings at issue are original works of authorship within the meaning of the Copyright Act. | Proctor Dec., Exh. 70 (Carter Bryant's Responses to Mattel's Sixth Set of Requests for Admission at Response Nos. 18, 19, 92, 93, 145, 146, 177, 178, 262, 263, 644, 645, 655, 656, 666, 667, 677, 678.) | No objection. |
| 25 26 27 | 45.  Bryant admitted that he failed to disclose his Bratz inventions to Mattel. | Corey Dec., Exh. 4 (Bryant Tr. Vol. 4 at 885:3-18.) | Objection.  The quoted language is taken out of context and mischaracterizes the testimony.  The testimony is also vague and |
| 28 | | | |

32

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (RNbx)

Exhibit C
Page 73

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| | | | ambiguous as to "inventions." The recitation of the evidence is argumentative in that the word "failed" was never used by Bryant.<br><br>This evidence is also irrelevant. Mattel implies, with its use of the word "failed" that Bryant was obligated to make such a disclosure, when no such duty exists under California law. |
| | 46.  Bryant signed a contract dated as of September 18, 2000 assigning to MGA all "Bryant Work Product," which included copyrights to "all results and proceeds of services provided during the term of this Agreement . . . ." | Proctor Dec., Exh. 71 (Agreement between Carter Bryant and MGA ("Bryant-MGA Agreement") at ¶3(a), Bates-numbered BRYANT 00794-799.) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence.  Furthermore, Bryant signed this agreement on October 4, 2000. |
| | 47.   The Bryant-MGA Agreement obligated Bryant to provide his services to MGA on a "top priority basis" while Bryant was still a Mattel employee. | Proctor Dec., Exh. 71 (Bryant-MGA Agreement at ¶ 1.) | Objection.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence.  (Fed. R. Evid. 602.)  The quoted language is taken out of context and mischaracterizes the evidence.  The testimony is also vague and ambiguous as to "top priority basis." |
| | 48.   In 2004, Bryant signed a "Modification | Proctor Dec., Exh. 72 (2004 Modification and | Objection.  Lacks foundation.  Mr. Proctor |

33

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| | and Clarification" of his MGA contract, which "confirms" that "it is the continuing intent, and has always been the intent of the parties from the beginning of their contractual relationship, that MGA shall own all Intellectual Property Rights subsisting in all Services and Materials created and worked on by Bryant." | Clarification of 2000 Agreement ("Modification of 2000 Agreement") at § 2, Bates-numbered MGA000429-434.) | lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| | 49.    The Modification of the 2000 Agreement defines "Services" to include "all creative and productions services and materials used to develop, create, design, render, produce or deliver the Projects," and defining "Projects" as "any and all projects worked on by Bryant with respect to the Bratz Property." | **Proctor Dec., Exh. 72** (Modification of 2000 Agreement at §§ 1.1, 1.4.) | Objection.  Lacks foundation.  Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| | 50.    The Inventions Agreement prohibits Bryant from "without the Company's express written consent, engag[ing] in any employment or business other than for | **Proctor Dec., Exh. 5** (Inventions Agreement at ¶ 3(a).) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence. |

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| the Company, or invest[ing] in or assist[ing] (in any manner) any business competitive with the business or future business plans of the Company." | | |
| 51.   In the Inventions Agreement, Bryant specifically acknowledged: "The Company depends on me to maintain that confidentiality, and I accept that position of trust." | Proctor Dec., Exh. 5 (Inventions Agreement at ¶ 1(a).) | Objection.  The quoted language is taken out of context and mischaracterizes the evidence.

Furthermore, the recitation of the evidence is misleading in that Mr. Bryant did not "specifically acknowledge" anything. |
| 52.   The Inventions Agreement also required Bryant to maintain Mattel's proprietary information in strict confidence. | **Proctor Dec., Exh. 5** (Inventions Agreement at ¶ 1(a)-(d).) | Objection.  The statement mischaracterizes the evidence. |
| 53.   Bryant testified that, while at Mattel, he had extensive access to and exposure to confidential and proprietary information, including not only the designs for the Barbie line, but other proposed lines of dolls and toys; that he had confidential knowledge relating to design, marketing, production, sales; that | **Corey Dec., Exh. 1** (Bryant Tr. Vol. 1 at 17:5-6, ("I suppose that my understanding was to keep the work that was being done at Mattel secret, yes."); id. at 14:20-16:8 (admitting that he had access to confidential information and stating "[b]asically we had access to knowledge of the products that we were working on.")); | Objection.  The recitation of the evidence is inaccurate in that language is taken out of context, mischaracterized, and argumentative.

Furthermore, the line of questioning which elicited the testimony lacks foundation and calls for a legal conclusion. |

MGA Parties' Evidentiary Objections To Mattel, Inc.'s
Motion For Partial Summary Judgment - Case No. CV 04-9049 SGL (

Exhibit C
Page 76

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| | his access to the creative resources and concepts at the core of Mattel's business put him in a position where he was clearly in a position of trust within the company. | | |
| | | Corey Dec., Exh. 4 (Bryant Tr. Vol. 4 at 822:1-826:20, (discussing his attendance at meetings regarding products and products in development); id: at 828:11-830:15 (acknowledging the openness of the Mattel design center and the possibility that "somebody could walk by and see what a doll designer sitting in the cubicle was doing").) | Objection.  The recitation of the evidence is inaccurate in that language is taken out of context, mischaracterized, and argumentative.  Mr. Bryant never testified that he had "extensive exposure" to "confidential and proprietary information" or "access to the creative resources at the core of Mattel's business."  This characterization is pure argument.<br><br>The line of questioning eliciting this testimony also lacks foundation, calls for speculation, and calls for legal conclusions by Mr. Bryant. |
| | | Corey Dec., Exh. 5 (Bryant Tr. Vol. 5 at 1095:15- 1097:4, (admitting that he attended brainstorming sessions and that he "[threw] in ideas.").) | Objection.  The recitation of the evidence is inaccurate in that language is taken out of context, mischaracterized, and argumentative.  The line of questioning is vague and ambiguous as to time. |
| 54. | Bryant worked | Proctor Dec., Exh. 73 | Objection.  Lacks |

36

Exhibit C
Page 77

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| on his Bratz drawings while employed by Mattel. | (Collection of Bratz drawings marked as Exhibit 2 in this action.) | foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| | Corey Dec., Exh. 2 (Bryant Tr. Vol. 2 at 296:4-297:12 (Bryant admits to coloring the drawings collectively marked as Exhibit 2 in this action in 1999, and that, to his best recollection, he put them together to form a packet in 1999).) | No objection. |
| 55.   Bryant showed his Bratz drawings to MGA while employed by Mattel. | Proctor Dec., Exh. 74 (E-mail reminder regarding meeting in Larian's office with attendees Paula Treantafelles & Victoria O'Connor re Carter Bryant on 9/1/00 ("E-mail Reminder"), Bates-numbered MGA001473); | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.)

Hearsay (Fed. R. Evid. 802) evidence used to prove that the meeting took place with no applicable exception. |
| | Proctor Dec., Exh. 57 (Collection of Bryant drawings marked as Exhibit 302 in this action.) | Objection. Lacks foundation. Mr. Proctor lacks personal knowledge of the cited evidence. (Fed. R. Evid. 602.) |
| | Corey Dec., Exh. 1 (Bryant Tr. Vol. 1 at 9:25-11:17, (Bryant discusses his first meeting with MGA that took place at the end of August 2000 and in which he showed his drawings).) | No objection. |
| | Corey Dec., Exh. 11 (Deposition Transcript of | No objection. |

Exhibit C
Page 78

| | Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|---|
| | | Veronica Marlow ("Marlow Tr. Vol. 1"), dated December 28, 2007, at 135:20-136:9 (Marlow testifies that Ex. 302 contains the drawings Bryant showed Garcia at the first meeting); id. at 206:18-211:17 (Marlow discusses the September 1, 2000 meeting and mentions the fact that Larian and his daughter commented on Bryant's drawings).) | |
| | | **Corey Dec., Exh. 12** (Deposition Transcript of Paula Garcia, Vol. 1 ("Garcia Tr. Vol. 1"), dated May 24, 2007, at 265:11-268:20 (Garcia testifies to the prototype and drawings that Bryant presented).) | No objection. |
| | | **Corey Dec., Exh. 14** (Deposition Transcript of Victoria O'Connor Confidential, dated December 6, 2004, at 55:12-56:2 (O'Connor states that Bryant presented a prototype and a drawing at the first meeting with MGA at which she was present); Id. at 56:20-59:12 (O'Connor describes in more detail the prototype and the drawings that Bryant brought with him).) | No objection. |
| | | **Corey Dec., Exh. 15** | No objection. |

38

| Mattel's Fact | Mattel's Evidentiary Support | MGA Parties' Objections |
|---|---|---|
| | (Deposition Transcript of Samir Khare, Vol. 3, dated January 25, 2008, at 752:24-753:12 (Khare discusses the first meeting where Bryant showed his sketches to Garcia and Marlow); id. at 766:17- 767:11 (Khare testifies about Bryant showing his drawings at the first meeting with MGA).) | |
| | Corey Dec., Exh. 13 (Deposition Transcript of Isaac Larian ("Larian Tr. Vol. 1"), dated July 18, 2006, at 198:19-198:24, 77:14-78:10 (Larian comments on his first encounter with Bryant and how Bryant showed him some drawings)); | No objection. |
| | Corey Dec., Exh. 16 (Deposition Transcript of Rachel Harris, dated February 26, 2008, at 17:11-19, 30:24-32:17 (Harris testified that MGA set up a meeting for Bryant to present his drawings to MGA in October of 2000).) | No objection. |
| 56.   Bryant has admitted working for MGA on a "separate" doll called "Angel" while employed by Mattel and was paid by MGA for that work. | Corey Dec., Exh. 1 (Bryant Tr. Vol. 1 at 178:3 - 178:18.) | Objection.  The quoted language is taken out of context and mischaracterizes the testimony because Bryant never admitted to "working for MGA", but rather that he did "a tryout kind of a project for them." |

Exhibit C
Page 80