# EXHIBIT 1

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1              UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                 EASTERN DIVISION

4                     - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                     - - -

7    CARTER BRYANT, ET. AL.,        )

                                    )

8            PLAINTIFFS, )

                                    )

9        ·VS.            ) NO. ED CV 04-09049

                         ) (LEAD LOW NUMBER)

10   MATTEL, INC., ET. AL.,        )

                                    )

11            DEFENDANTS. ) HEARING

     _____)

12   AND CONSOLIDATED ACTIONS,      )

                                    )

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17             MONDAY, APRIL 7TH, 2008

18                  11:34 A.M.

19

20

21

22

23        THERESA A. LANZA, RPR, CSR

          FEDERAL OFFICIAL COURT REPORTER

24        3470 12TH STREET, RM. 134

          RIVERSIDE, CALIFORNIA  92501

25             951-274-0844

          WWW.THERESALANZA.COM

EXHIBIT __1__

PAGE __4__

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008 7:54:00 AM

1    APPEARANCES:

2

     ON BEHALF OF CARTER BRYANT:

3              KEKER & VAN NEST

               BY:  CHRISTA ANDERSON

4              710 SANSOME STREET

               SAN FRANCISCO, CALIFORNIA  94111-1704

5              415-391-5400

6

7    ON BEHALF OF MATTEL:

8              QUINN EMANUEL

               BY:  JOHN QUINN

9              BY:  MICHAEL T. ZELLER

               865 S. FIGUEROA STREET,

10             10TH FLOOR

               LOS ANGELES, CALIFORNIA  90017

11             213-624-7707

12

13   ON BEHALF OF MGA ENTERTAINMENT AND ISAAC LARIAN:

14             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

               BY:  THOMAS J. NOLAN

15             BY:  CARL ALAN ROTH

               BY:  KENNETH PLEVAN

16             300 SOUTH GRAND AVENUE

               LOS ANGELES, CALIFORNIA  90071-3144

17             213-687-5000

18

19

20

21

22

23

24

25

Mattel v. MGA II                        Unsigned                              Page  2

EXHIBIT _____1_____

PAGE      6

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1                    I N D E X

2                              PAGE

3    HEARING........................................  4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008 7:54:00 AM

1    MR. PLEVAN'S AND MS. CAMPAGNA'S INVOLVEMENT IN OTHER ASPECTS OF

2    THE CASE BEYOND THEIR WORK WITH THE EXPERT WITNESS.

3         AND, PERHAPS, I DON'T EVEN NEED TO QUESTION THEM

4    ABOUT THAT.  PERHAPS, YOU COULD LET THE COURT KNOW WHAT THAT

5    INVOLVEMENT IS.

6         MR. NOLAN:  WHATEVER THE COURT WISHES, I'M HAPPY TO

7    ADDRESS THAT.

8         LIKE MOST COMPLICATED CASES AS COMPLEX AND AS BROAD

9    RANGING IN ISSUES, WE HAVE DIVIDED THE CASE IN TERMS OF TEAMS.

10   MR. PLEVAN, FROM THE OUTSET OF THE CASE, HAS BEEN ASSIGNED TO

11   WHAT I CALL THE IP PORTION OF THE CASE, THE COPYRIGHT ISSUES,

12   AND DEALING WITH AND PREPARING AND DEFENDING DEPOSITIONS WITH

13   RESPECT TO THE EXPERT WITNESSES THAT HE'S BEEN PARTICULARLY

14   ASSIGNED TO.  MICHELLE CAMPAGNA HAS BEEN SPECIFICALLY ASSIGNED

15   TO MR. PLEVAN; AND THEY GENERALLY WORK AS A TEAM.

16        WE DO NOT NECESSARILY INTEGRATE THE TEAMS WITH

17   RESPECT TO CROSSOVERS.  IN OTHER WORDS, MR. PLEVAN IS NOT

18   INVOLVED, NECESSARILY, TO THE GREATEST DEGREE IN THE FACTUAL

19   DEVELOPMENT OF, LET'S SAY, CARTER BRYANT'S DRAWINGS, ALTHOUGH

20   CERTAINLY WE WORK AS A TEAM.  I DON'T WANT TO, IN ANY WAY, DENY

21   THAT POINT, YOUR HONOR.  MR. PLEVAN HAS BEEN INVOLVED IN EVERY

22   SIGNIFICANT MEETING THAT WE'VE HAD DISCUSSING A WIDE-RANGING

23   NUMBER OF ISSUES IN THE CASE.

24        NOT SO TRUE WITH RESPECT TO MICHELLE CAMPAGNA.  HER

25   ROLE HAS BEEN FAIRLY DISCRETE.

Mattel v. MGA II                    Unsigned                         Page 6

EXHIBIT ___1___

PAGE___7___

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama 4/7/2008 7:54:00 AM

1    I ALSO SHOULD NOTE THAT I'VE KIND OF BROKEN THIS DOWN

2    INTO TWO MOTIONS. I'M CONSIDERING THE MOTION TO DISQUALIFY THE

3    EXPERT, AND THEN THE MOTION TO DISQUALIFY COUNSEL, IN KIND OF A

4    SEPARATE ANALYSIS ON BOTH.

5        LET ME BEGIN WITH THE FINDINGS OF FACT THAT THE COURT

6    IS TENTATIVELY MAKING. AND THIS IS TENTATIVE SUBJECT TO

7    ARGUMENTATION. WE'RE APPROACHING THE NOON LUNCH HOUR. I DO

8    INTEND TO TAKE A BREAK FOR LUNCH AND RESUME THIS IN THE

9    AFTERNOON. I DO NOT WANT THIS RUSHED. AS MR. NOLAN JUST

10   ALLUDED TO A MOMENT AGO, OBVIOUSLY THIS IS A SERIOUS MATTER

11   THAT THE COURT TAKES SERIOUSLY. I DON'T WANT ANYONE TO BE

12   RUSHED. I WANT EVERYONE TO HAVE AN OPPORTUNITY TO SAY WHAT

13   THEY NEED TO SAY. BUT PERHAPS I COULD BEGIN BY GIVING THIS

14   TENTATIVE, AND THEN WE CAN TAKE A BREAK AND RESUME WITH

15   ARGUMENT AT THAT TIME.

16       BASED ON THE EVIDENCE AVAILABLE TO ALL OF THE

17   PARTIES, THOUGH -- THIS IS NOT CONSIDERING AT ALL THE

18   IN-CAMERA -- THIS IS WHAT I THINK IS UNCONTROVERTED:

19       FIRST OF ALL, IT IS UNCONTROVERTED THAT MGA

20   UNDERSTOOD THAT MS. TOMIYAMA, A FORMER EMPLOYEE, WHO HAD BEEN

21   MATTEL'S EMPLOYEE FOR 15 YEARS, HAD BEEN CONSULTED, WHILE SO

22   EMPLOYED BY MATTEL'S LEGAL COUNSEL, TO COMPARE MATTEL'S DOLLS

23   WITH OTHER COMPANIES' DOLLS AND PROVIDE TO COUNSEL AN ANALYSIS

24   OF HER COMPARISON FOR THE PURPOSE OF ASSISTING COUNSEL TO

25   ADVISE MATTEL ON LEGAL ISSUES REGARDING THE DOLLS.

Mattel v. MGA II                           Unsigned                          Page 10

EXHIBIT ___1___

PAGE ___8___

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama 4/7/2008 7:54:00 AM

1       IT IS UNCONTROVERTED THAT SHE WAS ENGAGED BY

2    SKADDEN ARPS ON BEHALF OF MGA TO PERFORM THE SAME TYPE OF

3    ANALYSIS AND THAT SHE DID, IN FACT, PROVIDE SUCH AN ANALYSIS.

4    THIS IS THE ANALYSIS RELATED TO THE COMPARISONS OF THE FACE

5    PAINTINGS.

6       IT IS UNCONTROVERTED THAT SHE WAS EMPLOYED BY MATTEL

7    DURING THE TIME PERIOD THAT MGA FILED ITS COMPLAINT AGAINST

8    MATTEL IN THE CASE PENDING BEFORE THIS COURT; THAT'S

9    CV-05-2727.

10      IT IS NOT DISPUTED THAT SHE WAS SHOWN THE COMPLAINT

11   IN THAT CASE BY MATTEL ATTORNEYS AND DISCUSSED THE CONTENTS, AT

12   LEAST IN PASSING, ON THAT COMPLAINT.

13      IT IS NOT CONTROVERTED THAT MS. TOMIYAMA WAS SUBJECT

14   TO A SEPARATION AGREEMENT THAT REQUIRED HER TO GIVE NOTICE TO

15   MATTEL BEFORE PROVIDING SERVICES TO A COMPETITOR, AND THAT BY

16   THE TERMS OF THAT AGREEMENT, THAT REQUIREMENT CONTINUES TO THIS

17   DAY.

18      IT'S NOT DISPUTED THAT MS. TOMIYAMA DID NOT GIVE SUCH

19   NOTICE, NOR IS IT DISPUTED THAT MS. TOMIYAMA SHOWED A COPY OF

20   THE AGREEMENT TO AND WAS ADVISED BY A SKADDEN ARPS ATTORNEY

21   THAT SHE WAS UNDER NO OBLIGATION TO COMPLY WITH IT, DESPITE THE

22   LANGUAGE SET FORTH IN THE AGREEMENT.

23      IT IS NOT CONTROVERTED THAT MS. TOMIYAMA IS UNABLE TO

24   DISTINGUISH BETWEEN PRIVILEGED AND UNPRIVILEGED DOCUMENTS.

25   THIS WAS CLEAR TO THE COURT IN REVIEWING HER ANSWERS TO HER

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1    DEPOSITION.  SHE ADMITTED AS MUCH IN HER DEPOSITION, AND

2    THERE'S A NUMBER OF EXAMPLES IN HER DEPOSITION WHICH

3    DEMONSTRATE THAT INABILITY TO DISTINGUISH BETWEEN PRIVILEGED

4    AND UNPRIVILEGED COMMUNICATIONS.

5         IT IS NOT DISPUTED, AS SET FORTH IN HER EXPERT

6    REPORT, EXPRESSLY IN HER REPORT, THAT SHE'S UNABLE TO

7    DISTINGUISH BETWEEN FACT TESTIMONY AND EXPERT TESTIMONY.  SHE

8    STATES AS MUCH.

9         SO THOSE ARE KIND OF A LIST OF FACTS THAT I THINK ARE

10   NOT DISPUTED, JUST BASED ON MY READING OF THE DEPOSITIONS AND

11   TRANSCRIPTS AND DECLARATIONS THAT ARE SET FORTH ON THE RECORD.

12        I THEN HAVE THE IN-CAMERA FILING MADE BY MATTEL.  AND

13   AS I INDICATED, I NEED TO TEMPER MY OBSERVATIONS REGARDING THE

14   ENGAGEMENT OF MS. TOMIYAMA AS AN EXPERT, WITH THE UNDERSTANDING

15   THAT NEITHER MGA NOR THE ATTORNEYS OF SKADDEN ARPS HAVE BEEN

16   ABLE TO REVIEW THE IN-CAMERA MATERIAL THAT PURPORTEDLY REVEALS

17   THE EXTENT OF MS. TOMIYAMA'S INVOLVEMENT ON BEHALF OF MATTEL IN

18   THESE CONSOLIDATED CASES.

19        I HAVE NO REASON NOT TO ACCEPT THOSE REPRESENTATIONS,

20   BUT I AM MINDFUL OF THE FACT THAT THEY ARE BEING SUBMITTED

21   IN-CAMERA.

22        BUT WHEN I COMPARE THE IN-CAMERA DECLARATION TO

23   MS. TOMIYAMA'S DEPOSITION, SPECIFICALLY HERE, I HAVE IN MY

24   NOTES, PAGES 262 TO 263 -- WHEREIN SHE CANNOT MERELY NOT RECALL

25   BUT CANNOT DENY ANALYZING BRATZ DOLLS FOR MATTEL'S LAWYERS.  IT

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1    IS ALSO UNCONTROVERTED THAT MS. TOMIYAMA WAS EXTENSIVELY

2    INVOLVED IN ISSUES REGARDING THE CLAIMS AND DEFENSES IMPLICATED

3    BY MGA'S COMPLAINT AGAINST MATTEL IN CASE 05-2727 BEFORE THIS

4    COURT.  SHE WAS PRIVY TO COUNSEL'S ANALYSIS, THOUGHTS, AND

5    IMPRESSIONS RELATING TO COMPARISONS OF THE "MY SCENE" DOLLS AND

6    THE BRATZ DOLLS.

7         ALSO COMPARING THE IN-CAMERA DECLARATIONS TO

8    MS. TOMIYAMA'S DEPOSITION AT PAGES 266 TO 268, WHERE, AGAIN,

9    SHE MERELY CANNOT RECALL BUT DOES NOT DENY ASSISTING COUNSEL'S

10   INVESTIGATION OF CARTER BRYANT'S ACTIVITIES AT MATTEL.  IT IS

11   UNCONTROVERTED THAT MS. TOMIYAMA WAS DEEPLY INVOLVED IN

12   MATTEL'S INVESTIGATIONS OF CARTER BRYANT'S ACTIVITIES AND WAS

13   PRIVY TO COUNSEL'S ANALYSIS, THOUGHTS, AND IMPRESSIONS ABOUT

14   ISSUES DIRECTLY RELATED TO PHASE ONE OF THIS TRIAL.

15        IT'S SOMEWHAT DISTURBING, THE SERIES OF 'I DON'T

16   RECALLS,' 'I DON'T RECALLS' FROM MS. TOMIYAMA, BUT IT'S

17   SIGNIFICANT THAT SHE DOES NOT DENY THAT ANALYSIS; AND WHEN

18   COMBINED WITH THE INFORMATION SET FORTH IN THE IN-CAMERA

19   DECLARATION, THE COURT MAKES THE FINDINGS THAT IT DOES.

20        THE THIRD COMPARISON I WOULD DO IS MAKING THE

21   COMPARISON BETWEEN THE IN-CAMERA DECLARATIONS TO MS. TOMIYAMA'S

22   DEPOSITION AT PAGES 246 TO 248, WHERE SHE DISCUSSES THE

23   DOCUMENT ATTACHED AS EXHIBIT A TO HER EXPERT REPORT, THE SIMBA

24   VERSUS BARBIE PHOTO MONTAGE.  THE COURT CONCLUDES THAT THE

25   DOCUMENT IS BOTH ATTORNEY WORK-PRODUCT AND PROTECTED BY THE

Mattel v. MGA II                    Unsigned              1              Page 13

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama 4/7/2008 7:54:00 AM

1    ATTORNEY-CLIENT PRIVILEGE.

2    WITH THIS RECORD IN MIND, I'LL SET FORTH THE COURT'S

3    LEGAL ANALYSIS. I BEGIN BY LOOKING TO STENCEL V. FAIRCHILD

4    CORPORATION, 174 F. SUPP. 2D 1080, A CENTRAL DISTRICT CASE.

5    THE COURT MUST CONSIDER THREE FACTORS, AND DOES SO AS FOLLOWS,

6    AT LEAST TENTATIVELY:

7        THE FIRST IS THAT MATTEL MUST PROVE THAT IT WAS

8    OBJECTIVELY REASONABLE TO BELIEVE THAT A CONFIDENTIAL

9    RELATIONSHIP EXISTED BETWEEN MS. TOMIYAMA AND MATTEL. AT THIS

10   POINT, IT'S UNQUESTIONABLE THAT BASED ON THE IN-CAMERA

11   DECLARATIONS, AS WELL AS THE DEPOSITION TESTIMONY OF

12   MS. TOMIYAMA AND THE EXPERT REPORT, THAT MATTEL HAS ESTABLISHED

13   A CONFIDENTIAL RELATIONSHIP WITH MS. TOMIYAMA.

14       ACCORDING TO HER OWN TESTIMONY DURING THE LAST TWO

15   YEARS OF HER EMPLOYMENT, MATTEL'S LEGAL DEPARTMENT CONSULTED

16   WITH HER REGULARLY, ABOUT ONCE PER MONTH, REGARDING LITIGATION

17   ISSUES INVOLVING COMPARISONS OF MATTEL'S PRODUCTS WITH

18   COMPETITORS' PRODUCTS. THE IN-CAMERA DECLARATIONS GO ON TO

19   PROVIDE A MORE IN-DEPTH DETAILED ANALYSIS OF THESE

20   CONSULTATIONS; BUT, AGAIN, FROM HER OWN TESTIMONY ITSELF, IT'S

21   QUITE CLEAR THAT SHE HAD THOSE TYPES OF CONSULTATIONS AT LEAST

22   ONCE A MONTH.

23       THE SECOND FACTOR IS THAT MATTEL MUST ESTABLISH THAT

24   IT IN FACT DISCLOSED CONFIDENTIAL INFORMATION TO THE EXPERT.

25   THE COURT TENTATIVELY FINDS THIS HAS BEEN MET BY VIRTUE OF THE

Mattel v. MGA II                    Unsigned       EXHIBIT ___1___          Page 14

                                                   PAGE ___11___

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1    DELAY IN BRINGING THIS MOTION TO DISQUALIFY HER. NOR IS THERE

2    A QUESTION THAT DISQUALIFICATION WOULD IMPAIR MS. TOMIYAMA'S

3    ABILITY TO PURSUE HER TRADE. AS NOTED IN HER EXPERT REPORT, I

4    BELIEVE, THIS IS HER FIRST ATTEMPT AT BEING AN EXPERT, OR

5    PROVIDING EXPERT TESTIMONY.

6        MGA HAS NOTED IN ITS OPPOSITION THAT EXPERTS IN THE

7    FIELD OF FASHION DOLL FACE PAINTING ARE IN SHORT SUPPLY; AND

8    EVEN THOUGH IT HAS NOT SUBMITTED EVIDENCE IN SUPPORT OF THAT

9    STATEMENT, THE COURT HAS NO REASON NOT TO ACCEPT THAT

10   REPRESENTATION; THAT, ALONG WITH THE FACT THAT THE EXPERT

11   DESIGNATION DATE IN THIS ACTION HAS PASSED, IMPACTS GREATLY

12   UPON MGA'S ABILITY TO SELECT ITS OWN EXPERTS.

13       NONETHELESS, THE CONSIDERATION MUST BE WEIGHED

14   AGAINST THE POTENTIAL PREJUDICE TO MATTEL ABSENT

15   DISQUALIFICATION, WHICH THE COURT FINDS TENTATIVELY IS QUITE

16   SUBSTANTIAL. EVEN ABSENT ANY FINDING OF BAD FAITH ON THE PART

17   OF COUNSEL, MGA HAD THE BENEFIT OF CONSULTING WITH A LONG-TERM

18   EMPLOYEE OF MATTEL, WHOSE EXPERTISE IN APPLYING HER ANALYSIS TO

19   LEGAL CLAIMS AND DEFENSES WAS DEVELOPED UNDER THE DIRECTION OF

20   MATTEL'S ATTORNEYS, AND WHO WAS EXPOSED TO THE THOUGHTS,

21   THEORIES, ANALYSIS, AND IMPRESSIONS OF THOSE VARIOUS SAME

22   ATTORNEYS IN THE YEARS LEADING UP TO THIS CASE AND INVOLVING

23   THIS PARTICULAR CASE.

24       THIS SAME EXPERT HAS ADMITTED TO AND DEMONSTRATED

25   REPEATEDLY A WHOLESALE INABILITY TO DISTINGUISH BETWEEN

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama 4/7/2008 7:54:00 AM

1    PRIVILEGED AND NONPRIVILEGED INFORMATION OR COMMUNICATIONS,

2    WHICH FURTHER UNDERSCORES THE PROBLEM THAT WE HAVE BEFORE US.

3        IN ITS DECISION TO DISQUALIFY AN EXPERT, THE COURT

4    NEED NOT CONCLUDE WHETHER OR NOT COUNSEL FOR MGA ADMONISHED

5    MS. TOMIYAMA REGARDING THE DISCLOSURE OF PRIVILEGED

6    COMMUNICATIONS OR ATTORNEY WORK PRODUCT. INDEED, IT IS CLEAR

7    THAT WHETHER THEY DID OR DID NOT IS IRRELEVANT ON THIS ISSUE,

8    BECAUSE GIVEN HER INABILITY TO DISTINGUISH BETWEEN THE TWO, IT

9    WOULD HAVE HAD LITTLE OR NO EFFECT.

10        MOREOVER, THIS COURT IS STRUCK BY THE REASONING OF

11   THE CALIFORNIA COURT OF APPEAL IN SHADOW TRAFFIC, WHERE THE

12   COURT CONCLUDED THAT WHERE AN EXPERT WAS EXPOSED TO AN

13   ADVERSARY'S CONFIDENTIAL INFORMATION ON A GIVEN TOPIC, EVEN IN

14   THE ABSENCE OF DISCLOSURE OF THAT INFORMATION, THE ADVERSARY,

15   QUOTE, "COULD STILL OBTAIN THE BENEFIT OF THE INFORMATION,

16   BECAUSE THE DATA, CONSCIOUSLY OR UNCONSCIOUSLY, COULD SHAPE OR

17   AFFECT THE ANALYSIS AND ADVICE," CLOSED QUOTE, OFFERED BY THE

18   EXPERT.

19        SO TOO IS THE CASE HERE.

20        MS. TOMIYAMA'S INVOLVEMENT FOR MATTEL IN THE PRESENT

21   LITIGATION CANNOT BE UNDERSTATED, NOR HER ABILITY TO

22   COMPARTMENTALIZE INFORMATION UPON WHICH SHE MAY NOT RELY IN HER

23   COMMUNICATIONS WITH MGA AND IN THE PREPARATION OF HER EXPERT

24   REPORT. FOR THIS REASON, SHE CARRIES WITH HER A TAINT. AND

25   BASED ON EVERYTHING THAT I HAVE SET FORTH, IT IS THE COURT'S

EXHIBIT ___1___

PAGE ___14___

1    THE STATEMENTS OF COUNSEL THAT MS. TOMIYAMA DID NOT

2    DISCLOSE CONFIDENTIAL INFORMATION TO THEM PRESUPPOSES THAT SHE

3    WOULD RECOGNIZE WHAT IS CONFIDENTIAL INFORMATION.  AND AS BORNE

4    OUT IN THE DEPOSITIONS, SHE DOESN'T SEEM TO GET WHAT IS

5    CONFIDENTIAL AND WHAT IS NOT CONFIDENTIAL.  SO TO SAY IN A

6    DECLARATION THAT SHE HAS NOT SAID THAT SHE HAS DISCLOSED

7    ANYTHING THAT IS CONFIDENTIAL, THE COURT DOESN'T HAVE ANY BASIS

8    TO RELY UPON THAT -- AND I DON'T THINK COUNSEL HAS A BASIS TO

9    RELY UPON THAT -- AS ASSURING THAT CONFIDENTIAL INFORMATION HAS

10   NOT BEEN DISCLOSED.

11       ADDITIONALLY, COUNSEL STATES IN HIS DECLARATION THAT

12   MS. TOMIYAMA'S SEPARATION AGREEMENT EXPIRED ON APRIL 13TH OF

13   LAST YEAR, DESPITE EXPLICIT LANGUAGE TO THE CONTRARY IN A

14   CLAUSE REGARDING MS. TOMIYAMA'S RESPONSIBILITY TO NOTIFY MATTEL

15   IF SHE PROVIDED SERVICES TO A COMPETITOR, WHICH CERTAINLY GOES

16   BEYOND THAT DATE.

17       THERE IS A CONTINUING OBLIGATION HERE.

18       IN SUM, WE HAVE AN EXPERT RETAINED BY MGA WHO WAS

19   TAINTED BY HER EXPOSURE TO MATTEL'S ATTORNEY-CLIENT PRIVILEGED

20   COMMUNICATIONS AND ATTORNEY WORK PRODUCT.  SHE IS UNABLE TO

21   DISTINGUISH BETWEEN THESE AND INNOCUOUS COMMUNICATIONS AND

22   MATERIALS.  MGA'S COUNSEL HAS PROVEN SIMILARLY UNABLE TO

23   IDENTIFY MATTEL'S ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS AND

24   ATTORNEY WORK PRODUCT WHEN PRESENTED WITH IT, ALBEIT NOT FROM A

25   LACK OF ABILITY, BUT FROM A LACK OF INFORMATION.

1   IT APPEARS TO THE COURT, THEN, THAT ITS DUTIES NOW

2   REQUIRE IT TO ATTEND TO THE TASK OF DETERMINING THE EXTENT OF

3   MS. TOMIYAMA'S TAINT.

4       THAT IS WHAT PROMPTED THOSE INITIAL QUESTIONS TO THE

5   COURT, THAT THE COURT ASKED TO COUNSEL. AND THAT'S WHERE I'M

6   LEFT. I HAVE NOT REACHED EVEN A TENTATIVE CONCLUSION REGARDING

7   THE MOTION TO DISQUALIFY COUNSEL. THERE ARE SEVERAL LEVELS OF

8   THIS. THERE'S THE POSSIBILITY OF CABINING OFF THOSE COUNSEL

9   WHO HAVE WORKED DIRECTLY WITH MS. TOMIYAMA; THAT WOULD BE

10  MR. PLEVAN AND MS. CAMPAGNA BACK IN NEW YORK.

11      THE COSTS TO THE COURT, THE COSTS TO MGA, THE COSTS

12  TO THIS WHOLE PROCESS OF DISQUALIFYING THE ENTIRE FIRM OF

13  SKADDEN ARPS ARE ENORMOUS. THE BURDEN THAT PLACES ON THE

14  ENTIRE SYSTEM WOULD BE DRAMATIC. AND IT'S NOT AT ALL CLEAR TO

15  THE COURT THAT SUCH A DRASTIC REMEDY, AS BEING URGED BY

16  PLAINTIFF'S COUNSEL, IS NECESSARY. BUT CLEARLY, SOMETHING

17  NEEDS TO BE DONE.

18      AS I INDICATED, I'M FAIRLY COMFORTABLE, BASED ON THE

19  RECORD BEFORE ME -- AND I CERTAINLY WANT TO HEAR COUNSELS'

20  RESPONSES TO THE COURT'S FINDINGS -- BUT BASED ON THE FINDINGS

21  -- AND THE COURT HAS TRIED TO THOROUGHLY REVIEW EVERYTHING

22  THAT'S BEEN SUBMITTED IN THE LAST SEVERAL WEEKS ON THIS -- IT'S

23  PRETTY CLEAR THAT MS. TOMIYAMA HAS GOT TO BE DISQUALIFIED.

24      YOU KNOW, SOMETHING THAT JUST KEEPS COMING BACK TO ME

25  THIS PAST WEEK IS, WHY, WHEN THAT EXPERT REPORT CAME OUT AND

EXHIBIT ___1___

PAGE ___12___

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama 4/7/2008 7:54:00 AM

1 DON'T HAVE THE VERBATIM OF THE DISCUSSIONS THAT TOOK PLACE

2 BEFORE. WE HAVE THIS EXPERT REPORT, THOUGH. AND I PLACE A LOT

3 OF STOCK IN THAT BECAUSE IT'S IN HER OWN WORDS, AND THERE'S NO

4 GETTING AROUND THAT. AND YOU HAVE REFERRED SEVERAL TIMES TO

5 HER INVOLVEMENT WITH MATTEL LEGAL AS BEING A CREDENTIAL, BUT

6 THAT ALL SHE DID WAS FACE PAINT.

7 THE REPORT LEADS ME TO CONCLUDE THAT THERE WAS MORE

8 THAN THAT. I'LL READ ONE LINE, AND I WOULD LIKE TO HEAR YOUR

9 RESPONSE TO THAT. THIS IS ON PAGE 2 OF THE REPORT. IT'S UNDER

10 THE SECTION OF HER QUALIFICATIONS: SHE WRITES, "RESPONDING TO

11 A REQUEST FROM MATTEL'S PRODUCT LEGAL GROUP IN MID 2004, I

12 WORKED WITH MY STAFF TO PAINT AND PHOTOGRAPH FACE PAINT

13 VARIATIONS THAT ANOTHER DOLL COMPANY COULD USE WITHOUT

14 OBJECTION FROM MATTEL." THAT'S EXHIBIT A.

15 "FROM MID 2004" -- THIS IS GOING FORWARD -- "I WAS

16 REGULARLY CONSULTED BY MATTEL'S PRODUCT LEGAL GROUP, WHO

17 BROUGHT ME DOLLS FROM OTHER MANUFACTURERS AND ASKED IF I

18 BELIEVED THEY INFRINGED ON MATTEL'S TRADE DRESS, THE TERM

19 MATTEL LAWYERS USE."

20 PUTTING ASIDE ANYTHING I'VE LEARNED FROM THE

21 IN-CAMERA, IF LAWYERS ASK AN EXPERT TO SAY, 'I WANT YOUR

22 OPINION AS TO WHETHER THIS VIOLATES A TRADE DRESS,' TO A

23 NONLAWYER, OBVIOUSLY AN EXPLANATION AS TO WHAT A TRADE DRESS

24 VIOLATION IS, OR MORE IMPORTANTLY, WHAT THEY PERCEIVE TO BE A

25 TRADE DRESS VIOLATION -- THOSE ARE THE THOUGHTS AND IMPRESSIONS

EXHIBIT ___ 1

PAGE ___ 17

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1    THAT I WAS REFERRING TO IN MY FINDINGS. THOSE HAD TO HAVE BEEN

2    COMMUNICATED, BASED ON WHAT SHE TELLS ME HERE, BECAUSE GIVEN

3    WHAT SHE COMES ACROSS WITH IN HER DEPOSITION, SHE DOESN'T KNOW

4    TRADE DRESS FROM ANYTHING ELSE, RIGHT? SHE HAS NO

5    UNDERSTANDING OF THESE LEGAL CONCEPTS. BUT SHE STATES IN HER

6    REPORT THAT SHE WAS TOLD TO OFFER AN OPINION ABOUT TRADE DRESS

7    VIOLATIONS.

8        WELL, HOW ELSE COULD SHE HAVE DONE THAT REGULAR TASK

9    THAT SHE DESCRIBES WITHOUT HAVING RECEIVED MATTEL'S IMPRESSIONS

10   OF WHAT CONSTITUTES A TRADE DRESS VIOLATION?

11       MR. NOLAN: YOUR HONOR, IF I MIGHT, THERE'S A LOT

12   THAT I'VE DONE FOR PREPARATION OF THIS ARGUMENT. BUT THERE WAS

13   A DIFFICULT CHOICE TO MAKE AS TO WHO SHOULD MAKE THIS ARGUMENT.

14   AS I TOLD YOU LAST WEEK, I CAME INTO THIS CASE; I ACCEPTED THE

15   RESPONSIBILITY; AND I'M GOING TO STAND HERE AND I'M GOING TO

16   DEFEND SKADDEN ARPS.

17       HOWEVER, I DID NOT READ MS. TOMIYAMA'S FINAL REPORT,

18   AND I HAVE NOT YET. WHAT I WOULD ASK --

19       THE COURT: OKAY.

20       MR. NOLAN: AND I WILL JUST SAY THAT.

21       THE COURT: VERY WELL.

22       MR. NOLAN: EARLIER VARIATIONS MAYBE CROSSED MY WAY,

23   BUT SHE'S NOT ON MY RADAR SCREEN.

24       WHAT I WOULD ASK IN THIS SPECIFIC REGARD, WITHOUT IT

25   BEING PERCEIVED AS A PUNT FROM ME, IS TO HAVE MR. PLEVAN

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama 4/7/2008 7:54:00 AM

1    INCLUDE MR. NOLAN?

2        WELL, HE SAID HE READ A DRAFT; HE SAID HE HASN'T READ

3    THE FINAL ONE; THAT A DRAFT MAY HAVE CROSSED HIS DESK.

4        WHERE DO WE DRAW THAT LINE?

5        HOW ABOUT EVERYONE WHO MR. PLEVAN OR MS. CAMPAGNA

6    COMMUNICATED WITH OR REPORTED ON THE NATURE OF THEIR

7    CONVERSATIONS WITH THIS WITNESS? WOULD THEY BE EXCLUDED OR

8    NOT? HOW WOULD WE EVER KNOW --

9        THE COURT: LET ME TRY TO ANSWER SOME OF THESE

10   QUESTIONS, ASSUMING THAT THEY'RE MORE THAN RHETORICAL, AND GET

11   YOUR RESPONSE TO THEM.

12       THE REPORT ITSELF HAS, IN THE COURT'S VIEW, BASED ON

13   MY PRELIMINARY FINDINGS, INFORMATION OR CONCLUSIONS THAT

14   INESCAPABLY, I THINK, ARE PREDICATED UPON ATTORNEY WORK

15   PRODUCT. HOWEVER, PROVIDED THAT THE COURT EXCLUDES THIS

16   REPORT, EXCLUDES THE WITNESS, DISQUALIFIES THE EXPERT, IT IS

17   NOT CLEAR THAT SIMPLY HAVING READ THIS REPORT, PROVIDED THAT IT

18   COULD NOT BE USED IN ANY WAY, WOULD REALLY EMPOWER OPPOSING

19   COUNSEL WITH INFORMATION THAT WOULD BE TO YOUR DETRIMENT.

20       WHAT IS TO YOUR DETRIMENT, PERHAPS, IS CERTAINLY THE

21   INFORMATION THAT MS. TOMIYAMA RECEIVED FROM MR. MOORE, FROM

22   MR. ZELLER, FROM OTHER INDIVIDUALS. BUT I HAVE COUNSELS'

23   REPRESENTATIONS, DECLARED UNDER PENALTY OF PERJURY, THAT THEY

24   HAVE NOT RECEIVED ANY INFORMATION THAT THEY WOULD CONSIDER TO

25   BE ATTORNEY-CLIENT PRIVILEGE.

Mattel v. MGA II                    Unsigned       EXHIBIT ____ 1            Page 90

                                                   PAGE ____ 19

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008  7:54:00 AM

1     YOUR HONOR, IN TRUTH, SAM CHARE, A 30(B)(6) WITNESS

2     FOR MGA, ACTUALLY TESTIFIED, BEFORE MS. TOMIYAMA WAS IDENTIFIED

3     AND RETAINED AND CONSULTED WITH, THAT IT'S DIFFICULT TO COMPARE

4     2-D DRAWINGS TO 3-D.  THAT WAS MR. CHARE'S ORIGINAL TESTIMONY,

5     30(B)(6), NOT INFLUENCED BY MS. TOMIYAMA.

6          I'D ALSO POINT OUT, YOUR HONOR, THAT IT'S CURIOUS

7     THAT MR. QUINN ARGUES THAT CONTAMINATION APPLIES.  YOUR HONOR,

8     THEIR OWN EXPERT -- THIS GOES BACK TO THE RECEIPT OF THE

9     TOMIYAMA EXPERT REPORT AND THAT THEY KNEW IMMEDIATELY -- YOUR

10    HONOR, MR. GOMEZ, I BELIEVE IS HIS NAME, IS ONE OF THEIR

11    REBUTTAL EXPERTS.  MR. GOMEZ, IN A FOOTNOTE TO HIS OPINION, A

12    PROFESSOR AT SOUTHWESTERN LAW, CITES TO CHRISTINA TOMIYAMA'S

13    EXPERT REPORT.  THEIR OWN EXPERT CITES TO CHRISTINA TOMIYAMA.

14         WITH RESPECT TO THE REMEDY -- AND, YOUR HONOR, I

15    DON'T KNOW IF THAT'S IN THE RECORD, AND I WILL SUBMIT THAT TO

16    THE COURT.

17         YOUR HONOR, WITH RESPECT TO THE REMEDY, LET ME JUST

18    ADDRESS THIS:

19         I RESPECT MR. QUINN IMMENSELY; HE'S A VERY TALENTED

20    LAWYER.  FOR MR. QUINN TO SAY THAT THIS ISSUE OF WHETHER OR NOT

21    YOU CAN GO FROM A 2-D DRAWING TO A 3-DEGREE OBJECT IS THE SOLE

22    PURPOSE FOR HAVING MS. TOMIYAMA APPEAR AS AN EXPERT IN THIS

23    CASE.

24         THE COURT:  I DON'T THINK HE WAS SUGGESTING IT'S HIS

25    SOLE PURPOSE, COUNSEL.

EXHIBIT ____ (

PAGE ____ 20

Hearing re Motion to Disqualify Skadden Arps and Ms. Tomiyama  4/7/2008 7:54:00 AM

1    MGA, THE REMEDY OF NOT ALLOWING US TO TAKE THE CONCLUSIONS THAT

2    ARE CONTAINED IN THE REPORT, NOT USING HER AS A WITNESS, PUTS

3    US IN A POSITION WHERE MATTEL DOES NOT HAVE TO FEAR TAINT,

4    ESPECIALLY IF I'M NOT ALLOWED TO ARGUE -- WHICH I WOULDN'T

5    ANYWAY; I WOULDN'T ARGUE THAT MATTEL DOESN'T MAKE THIS

6    COMPARISON.

7         SHE TESTIFIES, YOUR HONOR, IN HER REPORT THAT THE

8    REASON WHY SHE PUT IT IN THERE WAS MORE OR LESS TO WEAKEN HER

9    OWN ANALYSIS, SAYING THAT WHAT MGA WAS ASKING HER TO DO IS

10   SOMETHING SHE NEVER DID FOR MATTEL.

11        I WOULD RESPECTFULLY SUBMIT, YOUR HONOR, AND I'LL END

12   ON THIS NOTE, THAT WEIGHING ALL OF THE WEIGHTY ISSUES THAT YOU

13   MUST IN THIS CASE, THAT TO THE EXTENT THAT MS. TOMIYAMA'S

14   REPORT CONTAINS LEGAL COMMUNICATIONS IN THE FORM OF

15   COMMUNICATIONS THAT SHE HAD WITH COUNSEL, BY NOT BEING ABLE TO

16   USE THAT REPORT, NOT BEING ABLE TO USE HER AS A WITNESS,

17   FORBIDDING US FROM MAKING ANY REFERENCE TO THE METHODOLOGY

18   EMPLOYED BY MATTEL IN OTHER CASES, COMPARING FACE PAINT TO FACE

19   PAINT ON INFRINGING PRODUCT, IS A SIGNIFICANT IMPEDIMENT TO OUR

20   PRESENTATION OF THE CASE.  IT ENSURES THE INTEGRITY OF THE

21   PROCESS GOING FORWARD.  AND I THINK IT PROPERLY PUTS INTO

22   BALANCE THE NEED FOR ASSURANCE THAT COUNSEL ARE TRYING A CASE

23   WITHOUT A BENEFIT.

24        FOR THE LIFE OF ME, AS I STAND BEFORE YOU, AS THE

25   TRIAL ATTORNEY IN THIS CASE THAT WILL BE PRESENTING THE MGA

1    GET THROUGH THIS THIS AFTERNOON. I WANTED TO MAKE SURE

2    EVERYONE HAD AN OPPORTUNITY TO ADDRESS THE COURT.

3            I WILL GET AN ORDER OUT ON THIS AS SOON AS POSSIBLE.

4    I'LL ALSO TAKE UP THAT DISCOVERY MATTER WITH THOSE DEPOSITIONS

5    WHICH SEEM TO BE GOING ON AND ON. I'VE SEEN THOSE NAMES

6    BEFORE. BUT I'LL TAKE A CLOSE LOOK AT THAT, AND WE'LL TRY TO

7    GET AN ORDER OUT.

8            THE CLERK: COURT IS IN RECESS.

9

10

11

12

13

14

15

16                    CERTIFICATE

17

18    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

      STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

19    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

      ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

20    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

      THE UNITED STATES.

21

22    _____        _____

      THERESA A. LANZA, CSR, RPR                    DATE

23    FEDERAL OFFICIAL COURT REPORTER

24

25

Mattel v. MGA II                    Unsigned    EXHIBIT _____    Page  105

                                               PAGE ____22____

# EXHIBIT 2

Case 2:04-cv-09049-⸌GL-RNB    Document 3003    Filed 0⸌/⸌8/2008    Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date:  April 8, 2008

Title:    **CARTER BRYANT -v- MATTEL, INC.**

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC.,  v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
=========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes
        Courtroom Deputy Clerk

PROCEEDINGS
(issued in chambers):        **ORDER GRANTING MOTION TO DISQUALIFY EXPERT**
                             **ORDER DENYING MOTION TO DISQUALIFY COUNSEL**

        Based on the findings of fact set forth on the record, and for the reasons stated therein, the
Court **GRANTS** the motion to disqualify the expert, Christina Tomiyama.

        Toward that end, the Court **ORDERS** the following:

                Counsel for MGA, including in-house counsel, shall have no
        further contact with Ms. Tomiyama regarding this litigation except as
        necessary to effectuate the Court's orders.

                 All counsel for MGA and Ms. Tomiyama, and any persons
        subject to their authority or control, or those acting in concert with them,
        are **ORDERED**  to refrain from using, disclosing, or otherwise
        disseminating any of Mattel's privileged communications or attorney
        work product for any purpose.

                All counsel for MGA and Ms. Tomiyama, and any persons

MINUTES FORM 90                                         Initials of Deputy Clerk:  jh
CIVIL -- GEN                        Page 1

                                        EXHIBIT____2____

                                        PAGE____23____

Case 2:04-cv-09049-DOC-RNB   Document 3230-3   Filed 04/21/08   Page 23 of 39   Page ID
#:54081
Case 2:04-cv-09049-SGL-RNB      Document 3003      Filed 04/08/2008      Page 2 of 3

subject to their authority or control or those acting in concert with them,
are **ORDERED** to return to Mattel and/or destroy all of Mattel's
privileged and work-product materials.

Counsel for MGA is **ORDERED** to file under seal the original
Tomiyama expert report, and to destroy all other copies thereof. If the
original report has been destroyed, a copy of the report shall be so
filed, along with a declaration of trial counsel regarding the original's
destruction.

Counsel for MGA are **ORDERED** to arrange for a copy of this
Order to be personally served on Ms. Tomiyama and shall file a proof
of service with an accompanying declaration of the process server.

Should Ms. Tomiyama wish to serve in the future as an expert
witness in any unrelated litigation, she is **ORDERED** to provide to
counsel for all parties in that litigation a copy of this Order before
entering into an agreement to provide expert witness opinions, reports,
or testimony.

The Court **DENIES** the motion to disqualify counsel. Given the nature of the attorney-client
privileged material and attorney work product possessed by Ms. Tomiyama and the particular
circumstances of this case, this Court finds that it was incumbent upon Mattel to seek a protective
order once she was no longer employed by Mattel. See Nalian Truck Lines, Inc. v. Nakano
Warehouse & Transportation Corp., 6 Cal.App.4th 1256, 1264 (1992) ("[I]t is incumbent upon a
party who knows that its former employees . . . possess privileged information to seek a protective
order."). Moreover, a careful consideration of the relative burdens and costs to each party and to
the Court does not warrant disqualification. See City of Santa Barbara v. Superior Court, 122
Cal.App.4th 17, 23 (2004) (noting that motions for disqualification should be "examined carefully"
because attorney disqualification "imposes heavy burdens on both the clients and courts [because]
clients are deprived of their chosen counsel, litigation costs inevitably increase and delays
inevitably occur.").

Nevertheless, in addition to the steps taken in the injunction set forth above, in order to
further limit any inadvertent disclosure of privilege, at the appropriate time, the Court will consider
both a motion in limine to preclude Ms. Tomiyama from testifying as a fact witness and a motion in
limine to preclude MGA from presenting its legal argument based on the ramifications of
comparing two-dimensional drawings of Bratz dolls with the three-dimensional products.

The Court **DENIES** Mattel's request for attorney fees.

**IT IS SO ORDERED.**

EXHIBIT ___2___

PAGE ___24___

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of April 8, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk jh

EXHIBIT 2
PAGE 25

# EXHIBIT 3

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 9

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                 EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware<br>corporation, | Hon. Stephen G. Larson |
| 16 | Defendant. | **DISPUTED JURY INSTRUCTIONS** |
| 17 | | |
| 18 | AND CONSOLIDATED ACTIONS | **Phase 1:** |
| 19 | | Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

20

21

22

23

24

25

26

27                                    EXHIBIT ___9___

28                                    PAGE ___166___

09/2476951.3

DISPUTED PROPOSED JURY INSTRUCTIONS

1    **MATTEL'S SPECIAL JURY INSTRUCTION NO.**

2    **COPYRIGHT INFRINGEMENT—THREE-DIMENSIONAL WORKS CAN**

3    **INFRINGE TWO-DIMENSIONAL WORKS**

4

5    A two-dimensional work, such as a drawing, can be infringed by a three-

6    dimensional work, such as a doll, when the works are substantially similar in their

7    appearance.

8

9    **Authority:** *King Features Syndicate v. Fleischer*, 299 F. 533, 534, 538 (2d Cir.
     1924) (copyright of a comic book infringed by three-dimensional dolls of a
10   character); *Fleischer Studios v. Ralph A. Freundlich, Inc.*, 73 F.2d 276, 278
     (2d Cir. 1934) (drawing of Betty Boop character infringed by substantially similar
11   doll: "a three-dimensional form of doll, is an infringement of the two-dimensional
     picture or drawing").

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____ 9

PAGE _____ 67

09/24769951.3

-137-

DISPUTED PROPOSED JURY INSTRUCTIONS